J. Patrick Carey (State Bar #253645)
LAW OFFICES OF J. PATRICK CAREY
1230 Rosecrans Avenue, Suite 300
Manhattan Beach, California 90266
Tel: (310) 526-2237
Fax: (424) 456-3131
Email: pat@patcareylaw.com

Attorney for Defendant
ALAN JOHNSTON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation;<br><br>　　　　　　　　Plaintiffs,<br>　　v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1 – 10,<br><br>　　　　　　　　Defendants. | Case No. 2:16-cv-02129-SJO-RAO<br><br>NOTICE OF MOTION AND MOTION BY DEFENDANT ALAN JOHNSTON TO DISMISS FOR LACK OF SUJBECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTORITIES<br><br>[Fed. Rules Civ. Proc. Rule 12(b)(1)]<br><br>Date:　　July 25, 2016<br>Time:　　10:00am<br>Place:　　Courtroom No. 1<br>　　　　　Second Floor<br>　　　　　312 North Spring Street<br>　　　　　Los Angeles, CA 90012<br><br>[Proposed Order Lodged Herewith]<br><br>Hon. S. James Otero<br>Courtroom No. 1 |

---

1
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 25, 2016, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Hon. S. James Otero, United States District Court Judge, in Courtroom No. 1 of the above-indicated United States District Court, located at 312 North Spring Street, Second Floor, Los Angeles, California 90012, Defendant ALAN JOHNSTON will and hereby does move the Court to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure due to lack of subject matter jurisdiction.

This Motion is made on the grounds that the Plaintiffs bear the burden of establishing federal subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-378 (1994); *In re Wilshire Courtyard*, 729 F.3d 1279, 1284 (9th Cir. 2013).

Plaintiffs assert "admiralty" jurisdiction over Defendant Alan Johnston and other Individual Defendants. The Complaint, however, does not allege activity that has a potentially disruptive impact on maritime commerce or a substantial relationship to traditional maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).

The Complaint also asserts supplemental jurisdiction over California statutory and tort claims against the Individual Defendants, including Defendant Johnston. The Court should not exercise supplemental jurisdiction over these claims, as they substantially predominate over the alleged federal claims. 28 U.S.C. § 1367(c)(2).

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on June 1, 2016.

This Motion is based upon and supported by this Notice, the attached Memorandum of Points and Authorities, the concurrently lodged proposed

order, the Complaint on file herein, and on such other evidence or argument as may be presented at or before the hearing.

Defendant Johnson also hereby serves notice that he joins in the motions to dismiss of other similarly situated individual Defendants. "It is permissible for a party to adopt the motion of another party when the facts between the parties are essentially the same and the adoption would promote judicial efficiency." *Vazquez v. Central States Joint Bd.*, 547 F.Supp.2d 833, 867. (N.D.Ill. 2008).

DATED: June 16, 2016          Law Offices of J. Patrick Carey

                                By:   *s/J. Patrick Carey*
                                    J. Patrick Carey
                                    Attorney for Defendant
                                    ALAN JOHNSTON

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is an action regarding alleged State beach "localism." Plaintiffs Cory Spencer, Diana Milena Reed, and Coastal Protection Rangers, Inc., allege that City officials and Police do not adequately enforce state laws. Further, Plaintiffs allege that the actions of the individual named defendants, including Defendant Johnston, constitute a public nuisance within the meaning of California *Civil Code* §§ 3479, 3480 such that the defendants and others make up a "criminal street gang" within the meaning of California *Penal Code* § 186.22.

Plaintiffs assert 42 U.S.C. § 1983 claims against the City and the Police, alleging the City and the Police have "engaged in unlawful municipal exclusion [.]" Plaintiffs seek declaratory relief and an "injunction requiring" the City and the Police to "investigate complaints … and prosecute these complaints as appropriate…." Complaint, pp. 30-31, ¶¶ 65, 69; p. 41, ¶¶ 7, 8.

The Complaint also names individual Defendants, including Defendant Alan Johnston. These individual Defendants allegedly make up a "criminal street gang" referred to as the "Lunada Bay Boys." As against these individual Defendants – including Defendant Johnston – the Complaint asserts "admiralty" jurisdiction and supplemental jurisdiction over state law claims, including claims for alleged assault, battery, and negligence.

Plaintiffs bear the burden of establishing federal subject matter jurisdiction. The Complaint does not allege activity that has a disruptive impact on maritime commerce or a substantial relationship to traditional maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).

The Complaint also asserts supplemental jurisdiction over California statutory and tort claims against the Individual Defendants, including Defendant Johnston. The Court should not exercise supplemental jurisdiction over these claims, as they substantially predominate over the alleged federal claims. 28 U.S.C. § 1367(c)(2).

## II.  BRIEF FACTS

### A. Plaintiffs Assert State Law Claims Regarding State Beach Access

The Complaint alleges "localism" at Lunada Bay, a California State beach in the City of Palos Verdes Estates. "Localism is a territorial practice whereby resident surfers attempt to exclude nonresident beachgoers and surfers through threats, intimidation, and violence." Plaintiffs assert that a group of individuals, sued herein as the "Lunada Bay Boys," are an unincorporated association or a "criminal street gang" under California *Penal Code* § 186.22(f). Complaint, ¶¶ 16, 17.

Plaintiffs allege that the City of Palos Verdes Estates and the City's Police Department do not prevent the alleged unlawful activity. As against Defendants Palos Verdes Estates and Police Chief Kepley, the Complaint asserts jurisdiction pursuant to 42 U.S.C. § 1983, and the Complaint asserts causes of action for equal protection and privileges and immunities under 42 U.S.C. § 1983. The Complaint asks the Court to "declare" that the City and the Police have "engaged in unlawful municipal exclusion," and the Plaintiffs ask the Court to issue an "injunction requiring" the City and the Police to "investigate complaints … and prosecute these complaints as appropriate …." Complaint, pp. 30-31, ¶¶ 65, 69; p. 41, ¶¶ 7, 8.

Plaintiffs assert the following State law causes of action against the Individual Defendants, including Defendant Johnston:

- State law claim against the "Lunada Bay Boys" and Individual Defendants under California's Bane Act, California *Civil Code* § 52.1(b).
- State law "Public Nuisance" claim against the "Lunada Bay Boys" and Individual Defendants under California *Civil Code* §§ 3479, 3480.
- State law claim against all Defendants under the California Coastal Act, California *Public Resources Code* §§ 30000 *et seq.*, and the Municipal Code for Palos Verdes Estates. In addition to the allegations regarding blocked access, the Complaint alleges the improper construction of "unpermitted developments" and/or a "structure." Complaint, ¶¶ 76-81.
- State law "Assault" claim against the "Lunada Bay Boys" and the Individual Defendants.
- State law "Battery" claim against the "Lunada Bay Boys" and the Individual Defendants.
- State law "Negligence" claim against "Lunada Bay Boys" and the Individual Defendants.

### B.  Plaintiffs Assert Admiralty and Supplemental Jurisdiction

As to the "Lunada Bay Boys" and the Individual Defendants, including Defendant Johnston, the Complaint asserts "admiralty" jurisdiction under 28 U.S.C. § 1333 and Article III, Section 2 of the U.S. Constitution. The Complaint also asserts 28 U.S.C. § 1367 supplemental jurisdiction over the California statutory and tort claims. Complaint, ¶¶ 11, 12.

///

///

## III. ARGUMENT

### A. Plaintiffs Have the Burden to Prove Subject Matter Jurisdiction

A party may move to dismiss based on a lack of subject-matter jurisdiction. *Federal Rules of Civil Procedure,* Rule 12(b)(1). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions …." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

Plaintiffs bear the burden of establishing federal subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-378 (1994); *In re Wilshire Courtyard*, 729 F.3d 1279, 1284 (9th Cir. 2013).

### B. The Complaint Does Not Allege Traditional Maritime Activity

In regard to admiralty jurisdiction, the Supreme Court has stated:

[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity. A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water. The connection test raises two issues. A court, first, must "assess the general features of the type of incident involved," to determine whether the incident has "a potentially disruptive impact on maritime commerce," …. Second, a court must determine whether "the general character" of the "activity giving rise to the incident" shows a 'substantial relationship to traditional maritime activity." [Citations omitted.] *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*,

513 U.S. 527, 534 (1995) (quoting *Sisson v. Ruby*, 497 U.S. 358, 364-365 (1990).

The Complaint here does not allege traditional maritime activity.

### C. The Court Should Not Exercise Supplemental Jurisdiction

The Court may decline to exercise supplemental jurisdiction if the State law "claim substantially predominates" over the alleged federal claims or if there are other "compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(2), (c)(4). As the Supreme Court has stated:

> [I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals.
> * * * [¶] … recognition of a federal court's wide latitude to decide ancillary questions of state law does not imply that it must tolerate a litigant's effort to impose upon it what is in effect only a state law case. Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966).

The asserted federal claims here are causes of action against the City and the Police for alleged equal protection and privileges and immunities violations under 42 U.S.C. § 1983. The Complaint asks the Court to "declare" that the City and the Police have "engaged in unlawful municipal exclusion," and the Plaintiffs ask the Court to issue an "injunction requiring" the City and the Police to "investigate complaints … and prosecute these complaints as appropriate …." Complaint, pp. 30-31, ¶¶ 65, 69; p. 41, ¶¶ 7, 8.

These federal claims are only appendages to the State law causes of action:

- Bane Act claim under California *Civil Code* § 52.1(b).
- Public Nuisance claim under California *Civil Code* §§ 3479, 3480.
- Coastal Act claims under California *Public Resources Code* §§30000 *et seq.*, and the Municipal Code for Palos Verdes Estates. In addition to the allegations regarding blocked access, the Complaint alleges the building of "unpermitted developments" and/or a "structure." Complaint, ¶¶ 76-81.
- State law claims for alleged Assault, Battery, and Negligence.

Plaintiffs will have to prove these claims to support or establish the federal claims.

Moreover, questions of fact will predominate as to each and every Individual Defendant, thus suggesting mini-trials of each alleged count against each Defendant.

### D. The Public Nuisance and Street Gang Statutes Provide Law Enforcement with State Court Relief

California *Civil Code* §§ 3479, 3480 and California *Penal Code* § 186.22 provide a further reason to decline supplemental jurisdiction. These sections provide relief for law enforcement at the state and city level seeking injunctive relief against declared "criminal street gangs" and specific targeted individuals within those gangs. These injunctions are brought by either the District Attorney's Office or the City Attorney's Office in state court working in conjunction with state and city law enforcement agencies.

In order to begin the process for providing injunctive relief, the District Attorney or City Attorney must first establish that a "criminal street gang" exists within the meaning of California *Penal Code* § 186.22(f) such that the

group has a common identifying name or symbol and whose primary activities are the commission of state crimes listed in Penal Code § 186.22(e), including but not limited to robbery, shooting at an inhabited dwelling from a vehicle, arson, burglary, rape, carjacking, kidnapping, torture, and murder.

The California public nuisance and criminal street gang statutes are law enforcement tools. They are not intended to be enforced by private citizens in federal civil litigation. Questions regarding proof of the elements of alleged membership in an alleged "criminal street gang" call for specialized inquiry by state law enforcement and prosecutorial personnel, not federal civil court determination.

### E. Defendant Johnston Joins other Defendants' Motions to Dismiss

Defendant Johnston joins in the motions to dismiss of other Individual Defendants. "It is permissible for a party to adopt the motion of another party when the facts between the parties are essentially the same and the adoption would promote judicial efficiency." *Vazquez v. Central States Joint Bd.*, 547 F.Supp.2d 833, 867. (N.D.Ill. 2008).

### IV. CONCLUSION

Plaintiffs bear the burden of establishing federal subject matter jurisdiction over the Individual Defendants, including Defendant Johnston.

There is no admiralty jurisdiction. The Complaint does not allege activity that has a disruptive impact on maritime commerce or a substantial relationship to traditional maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).

The Court should not exercise supplemental jurisdiction over the State law causes of action against the Individual Defendants, including Defendant

Johnston. The State law causes of action substantially predominate over the alleged federal claims, and will require mini-trials on State law issues as to each alleged count against each alleged Defendant.

DATED: June 16, 2016          Law Offices of J. Patrick Carey

                                       By:  *s/J. Patrick Carey*
                                           J. Patrick Carey
                                           Attorney for Defendant
                                           ALAN JOHNSTON