1

**VEATCH CARLSON, LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

2

3

4   **ROBERT T. MACKEY, State Bar No. 210810**
**rmackey@veatchfirm.com**

5   **PETER H. CROSSIN, State Bar No. 163189**
**pcrossin@veatchfirm.com**

6

7   Attorneys for Defendant, **BRANT BLAKEMAN**

8

9                    **UNITED STATES DISTRICT COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

11

12   CORY SPENCER, an individual;          ) **CASE NO.: 2:16-CV-2129-SJO-RAO**
     DIANA MILENA REED, an individual;     ) Assigned to Courtroom: 1
13   and COASTAL PROTECTION            ) The Hon. S. James Otero
     RANGERS, INC., a California non-profit )
14   public benefit corporation,           ) **NOTICE OF MOTION AND**
                                           ) **MOTION BY DEFENDANT BRANT**
15                    Plaintiffs,          ) **BLAKEMAN TO DISMISS FOR**
                                           ) **SUBJECT MATTER**
16            vs.                          ) **JURISDICTION; MEMORANDUM**
                                           ) **OF POINTS AND AUTHORITIES;**
17   LUNADA BAY BOYS; THE              ) **DECLARATION OF PETER H.**
     INDIVIDUAL MEMBERS OF THE        ) **CROSSIN IN SUPPORT**
18   LUNADA BAY BOYS, including but not)
     limited to SANG LEE, BRANT       ) **[Fed. Rules Civ. Proc., Rule 12(b)(1)]**
19   BLAKEMAN, ALAN JOHNSTON AKA )
     JALIAN JOHNSTON, MICHAEL RAE )
20   PAPAYANS, ANGELO FERRARA,        )
     FRANK FERRARA, CHARLIE           ) **[Filed concurrently with Declaration**
21   FERRARA, and N.F.; CITY OF PALOS ) **of Peter H. Crossin in Support of**
     VERDES ESTATES; CHIEF OF         ) **Motion to Dismiss Complaint; and**
22   POLICE JEFF KEPLEY, in his       ) **(Proposed) Order Lodged Herewith]**
     representative capacity; and DOES )
23   1-10,                            ) **Date:   August 1, 2016**
                                       ) **Time:   10:00 a.m.**
24                    Defendants.      ) **Place:  Courtroom No. 1**
                                       )         **Second Floor**
25   _____ )         **312 North Spring Street**
                                                 **Los Angeles, CA 90012**
26

27                                       **Action Commenced: March 29, 2016**

28

- 1 -

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2         PLEASE TAKE NOTICE that on August 1, 2016, at 10:00 a.m., or as soon

3    thereafter as the matter may be heard by the Hon. S. James Otero, United States

4    District Court Judge, in Courtroom No. 1 of the above-indicated United States District

5    Court, located at 312 North Spring Street, Second Floor, Los Angeles, California

6    90012, Defendant BRANT BLAKEMAN will and hereby does move the Court to

7    dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure

8    due to lack of subject matter jurisdiction.

9         This Motion is made on the grounds that the Plaintiffs bear the burden of

10   establishing federal subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of*

11   *America*, 511 U.S. 375, 376-378 (1994); *In re Wilshire Courtyard*, 729 F.3d 1279,

12   1284 (9th Cir. 2013).

13        Plaintiffs assert "admiralty" jurisdiction over Defendant Brant Blakeman and

14   other Individual Defendants. The Complaint, however, does not allege activity that

15   has a potentially disruptive impact on maritime commerce or a substantial relationship

16   to traditional maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge &*

17   *Dock Co.*, 513 U.S. 527, 534 (1995).

18        The Complaint also asserts supplemental jurisdiction over California statutory

19   and tort claims against the Individual Defendants, including Defendant Blakeman.

20   The Court should not exercise supplemental jurisdiction over these claims, as they

21   substantially predominate over the alleged federal claims. 28 U.S.C. § 1367©)(2).

22   This Motion is made following the conference of counsel pursuant to Local Rule 7-3

23   which took place on June 1, 2016.

24        This Motion is based upon and supported by this Notice, the attached

25   Memorandum of Points and Authorities, the Declaration of Peter Crossin, the

26   concurrently lodged [Proposed] Order, the Complaint on file herein, and on such other

27   evidence or argument as may be presented at or before the hearing.

28

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

1   Defendant Blakeman also hereby serves notice that he joins in the motions to

2   dismiss of other similarly situated individual Defendants. "It is permissible for a party

3   to adopt the motion of another party when the facts between the parties are essentially

4   the same and the adoption would promote judicial efficiency." *Vazquez v. Central*

5   *States Joint Bd.*, 547 F.Supp.2d 833, 867. (N.D.Ill. 2008).

6   DATED: June 17, 2016                    **VEATCH CARLSON, LLP**

7

8                               By:    /s/ Peter H. Crossin
                                       **ROBERT T. MACKEY**
9                                      **PETER H. CROSSIN**
                                       Attorneys for **BRANT BLAKEMAN**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I. INTRODUCTION

3      This is an action regarding alleged State beach "localism." Plaintiffs Cory

4 Spencer, Diana Milena Reed, and Coastal Protection Rangers, Inc., allege that City

5 officials and Police do not adequately enforce state laws. Further, Plaintiffs allege that

6 the actions of the individual named defendants, including Defendant Blakeman,

7 constitute a public nuisance within the meaning of California Civil Code §§ 3479,

8 3480 such that the defendants and others make up a "criminal street gang" within the

9 meaning of California Penal Code § 186.22.

10      Plaintiffs assert 42 U.S.C. § 1983 claims against the City and the Police,

11 alleging the City and the Police have "engaged in unlawful municipal exclusion [.]"

12 Plaintiffs seek declaratory relief and an "injunction requiring" the City and the Police

13 to "investigate complaints … and prosecute these complaints as appropriate…."

14 Complaint, pp. 30-31, ¶¶ 65, 69; p. 41, ¶¶ 7, 8.

15      The Complaint also names individual Defendants, including Defendant Brant

16 Blakeman. These individual Defendants allegedly make up a "criminal street gang"

17 referred to as the "Lunada Bay Boys." As against these individual Defendants –

18 including Defendant Blakeman – the Complaint asserts "admiralty" jurisdiction and

19 supplemental jurisdiction over state law claims, including claims for alleged assault,

20 battery, and negligence.

21      Plaintiffs bear the burden of establishing federal subject matter jurisdiction. The

22 Complaint does not allege activity that has a disruptive impact on maritime commerce

23 or a substantial relationship to traditional maritime activity. *Jerome B. Grubart, Inc. v.*

24 *Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).

25      The Complaint also asserts supplemental jurisdiction over California statutory

26 and tort claims against the Individual Defendants, including Defendant Blakeman.

27 The Court should not exercise supplemental jurisdiction over these claims, as they

28 substantially predominate over the alleged federal claims. 28 U.S.C. § 1367©)(2).

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

## II. BRIEF FACTS

### A. Plaintiffs Assert State Law Claims Regarding State Beach Access

The Complaint alleges "localism" at Lunada Bay, a California State beach in the City of Palos Verdes Estates. "Localism is a territorial practice whereby resident surfers attempt to exclude nonresident beachgoers and surfers through threats, intimidation, and violence." Plaintiffs assert that a group of individuals, sued herein as the "Lunada Bay Boys," are an unincorporated association or a "criminal street gang" under California Penal Code § 186.22(f). Complaint, ¶¶ 16, 17.

Plaintiffs allege that the City of Palos Verdes Estates and the City's Police Department do not prevent the alleged unlawful activity. As against Defendants Palos Verdes Estates and Police Chief Kepley, the Complaint asserts jurisdiction pursuant to 42 U.S.C. § 1983, and the Complaint asserts causes of action for equal protection and privileges and immunities under 42 U.S.C. § 1983. The Complaint asks the Court to "declare" that the City and the Police have "engaged in unlawful municipal exclusion," and the Plaintiffs ask the Court to issue an "injunction requiring" the City and the Police to "investigate complaints … and prosecute these complaints as appropriate …." Complaint, pp. 30-31, ¶¶ 65, 69; p. 41, ¶¶ 7, 8.

Plaintiffs assert the following State law causes of action against the Individual Defendants, including Defendant Blakeman:

   • State law claim against the "Lunada Bay Boys" and Individual Defendants under California's Bane Act, California Civil Code § 52.1(b).
   • State law "Public Nuisance" claim against the "Lunada Bay Boys" and Individual Defendants under California Civil Code §§ 3479, 3480.
   • State law claim against all Defendants under the California Coastal Act, California Public Resources Code §§ 30000 et seq., and the Municipal Code for Palos Verdes Estates. In addition to the allegations regarding blocked access, the Complaint alleges the improper construction of "unpermitted

- 5 -

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

1  developments" and/or a "structure." Complaint, ¶¶ 76-81.

2  • State law "Assault" claim against the "Lunada Bay Boys" and the Individual

3  Defendants.

4  • State law "Battery" claim against the "Lunada Bay Boys" and the Individual

5  Defendants.

6  • State law "Negligence" claim against "Lunada Bay Boys" and the Individual

7  Defendants.

8  **B. Plaintiffs Assert Admiralty and Supplemental Jurisdiction**

9  As to the "Lunada Bay Boys" and the Individual Defendants, including

10  Defendant Blakeman, the Complaint asserts "admiralty" jurisdiction under 28 U.S.C.

11  § 1333 and Article III, Section 2 of the U.S. Constitution. The Complaint also asserts

12  28 U.S.C. § 1367 supplemental jurisdiction over the California statutory and tort

13  claims. Complaint, ¶¶ 11, 12.

14

15  **III. ARGUMENT**

16  **A. Plaintiffs Have the Burden to Prove Subject Matter Jurisdiction.**

17  A party may move to dismiss based on a lack of subject-matter jurisdiction.

18  *Federal Rules of Civil Procedure*, Rule 12(b)(1). "[F]ederal courts have an

19  independent obligation to ensure that they do not exceed the scope of their

20  jurisdiction, and therefore they must raise and decide jurisdictional questions …."

21  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  Plaintiffs bear

22  the burden of establishing federal subject matter jurisdiction. *Kokkonen v. Guardian*

23  *Life Ins. Co. of America*, 511 U.S. 375, 376-378 (1994); *In re Wilshire Courtyard*,

24  729 F.3d 1279, 1284 (9th Cir. 2013).

25  **B. The Complaint Does Not Allege Traditional Maritime Activity**

26  In regard to admiralty jurisdiction, the Supreme Court has stated:

27  [A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C.

28  § 1333(1) over a tort claim must satisfy conditions both of location and of connection

1 with maritime activity. A court applying the location test must determine whether the

2 tort occurred on navigable water or whether injury suffered on land was caused by a

3 vessel on navigable water. The connection test raises two issues. A court, first, must

4 "assess the general features of the type of incident involved," to determine whether

5 the incident has "a potentially disruptive impact on maritime commerce," .... Second,

6 a court must determine whether "the general character" of the "activity giving rise to

7 the incident" shows a 'substantial relationship to traditional maritime activity."

8 [Citations omitted.] *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*,

9 513 U.S. 527, 534 (1995) (quoting *Sisson v. Ruby*, 497 U.S. 358, 364-365 (1990).

10 The Complaint here does not allege traditional maritime activity.

11               **C. <u>The Court Should Not Exercise Supplemental Jurisdiction.</u>**

12        The Court may decline to exercise supplemental jurisdiction if the State law

13 "claim substantially predominates" over the alleged federal claims or if there are other

14 "compelling reasons for declining jurisdiction." 28 U.S.C. § 1367©)(2), ©)(4). As the

15 Supreme Court has stated:

16       [I]f it appears that the state issues substantially predominate, whether

17       in terms of proof, of the scope of the issues raised, or of the

18       comprehensiveness of the remedy sought, the state claims may be

19       dismissed without prejudice and left for resolution to state tribunals.

20       * * * [¶] … recognition of a federal court's wide latitude to decide

21       ancillary questions of state law does not imply that it must tolerate a

22       litigant's effort to impose upon it what is in effect only a state law case.

23       Once it appears that a state claim constitutes the real body of a case, to

24       which the federal claim is only an appendage, the state claim may fairly

25       be dismissed. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715,

26       726-27 (1966).

27        The asserted federal claims here are causes of action against the City and the

28 Police for alleged equal protection and privileges and immunities violations under 42

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

1  U.S.C. § 1983. The Complaint asks the Court to "declare" that the City and the Police

2  have "engaged in unlawful municipal exclusion," and the Plaintiffs ask the Court to

3  issue an "injunction requiring" the City and the Police to "investigate complaints …

4  and prosecute these complaints as appropriate …." Complaint, pp. 30-31, ¶¶ 65, 69; p.

5  41, ¶¶ 7, 8.

6  These federal claims are only appendages to the State law causes of action:

7      • Bane Act claim under California Civil Code § 52.1(b).

8      • Public Nuisance claim under California Civil Code §§ 3479, 3480.

9      • Coastal Act claims under California Public Resources Code §§30000 et seq.,

10      and the Municipal Code for Palos Verdes Estates. In addition to the allegations

11      regarding blocked access, the Complaint alleges the building of "unpermitted

12      developments" and/or a "structure." Complaint, ¶¶ 76-81.

13      • State law claims for alleged Assault, Battery, and Negligence.

14      Plaintiffs will have to prove these claims to support or establish the federal

15  claims. Moreover, questions of fact will predominate as to each and every Individual

16  Defendant, thus suggesting mini-trials of each alleged count against each Defendant.

17      **D.      The Public Nuisance and Street Gang Statutes Provide Law**

18              **Enforcement with State Court Relief.**

19      California Civil Code §§ 3479, 3480 and California Penal Code § 186.22

20  provide a further reason to decline supplemental jurisdiction. These sections provide

21  relief for law enforcement at the state and city level seeking injunctive relief against

22  declared "criminal street gangs" and specific targeted individuals within those gangs.

23  These injunctions are brought by either the District Attorney's Office or the City

24  Attorney's Office in state court working in conjunction with state and city law

25  enforcement agencies.

26      In order to begin the process for providing injunctive relief, the District

27  Attorney or City Attorney must first establish that a "criminal street gang" exists

28  within the meaning of California Penal Code § 186.22(f) such that the

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

1    group has a common identifying name or symbol and whose primary activities are the

2    commission of state crimes listed in Penal Code § 186.22(e), including but not limited

3    to robbery, shooting at an inhabited dwelling from a vehicle, arson, burglary, rape,

4    carjacking, kidnapping, torture, and murder.

5          The California public nuisance and criminal street gang statutes are law

6    enforcement tools. They are not intended to be enforced by private citizens in federal

7    civil litigation. Questions regarding proof of the elements of alleged membership in

8    an alleged "criminal street gang" call for specialized inquiry by state law enforcement

9    and prosecutorial personnel, not federal civil court determination.

10         **E. Defendant Blakeman Joins other Defendants' Motions to Dismiss**.

11         Defendant Blakeman joins in the motions to dismiss of other Individual

12   Defendants. "It is permissible for a party to adopt the motion of another party when

13   the facts between the parties are essentially the same and the adoption would promote

14   judicial efficiency." *Vazquez v. Central States Joint Bd.*, 547 F.Supp.2d 833, 867.

15   (N.D.Ill. 2008).

16

17   **IV. CONCLUSION**

18         Plaintiffs bear the burden of establishing federal subject matter jurisdiction over

19   the Individual Defendants, including Defendant Blakeman.

20         There is no admiralty jurisdiction. The Complaint does not allege activity that

21   has a disruptive impact on maritime commerce or a substantial relationship to

22   traditional maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock*

23   *Co.*, 513 U.S. 527, 534 (1995).

24         The Court should not exercise supplemental jurisdiction over the State law

25   causes of action against the Individual Defendants, including Defendant

26   Blakeman. The State law causes of action substantially predominate over the alleged

27   ///

28   ///

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

1  federal claims, and will require mini-trials on State law issues as to each alleged count

2  against each alleged Defendant.

3

4  DATED: June 17, 2016 **VEATCH CARLSON, LLP**

5

6  By: /s/ Peter H. Crossin
   **ROBERT T. MACKEY**

7  **PETER H. CROSSIN**
   Attorneys for **BRANT BLAKEMAN**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION