HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
clee@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT**<br><br>**Date:    July 11, 2016**<br>**Time:    10:00 a.m.**<br>**Judge:   Honorable S. James Otero**<br>**Ctrm.:   1 – 2nd Floor**<br>**Spring Street Courthouse** |

12443840.5

2:16-cv-02129-SJO (RAOx)

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF
POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

1 | LUNADA BAY BOYS, including but
2 | not limited to SANG LEE, BRANT
    BLAKEMAN, ALAN JOHNSTON
3 | AKA JALIAN JOHNSTON,
    MICHAEL RAE PAPAYANS,
4 | ANGELO FERRARA, FRANK
    FERRARA, CHARLIE FERRARA,
5 | and N.F.; CITY OF PALOS
    VERDES ESTATES; CHIEF OF
6 | POLICE JEFF KEPLEY, in his          Complaint Filed:    March 29, 2016
    representative capacity; and DOES   Trial Date:         None Set
7 | 1-10,

8 |                Defendants.

12443840.5

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................ 1

II. STANDARD OF REVIEW ................................................................. 2

III. STATEMENT OF FACTS ................................................................. 3

IV. LEGAL ARGUMENT ....................................................................... 6

    A.    Plaintiffs' 42 USC § 1983 Allegations Are Not Premised Upon a *Respondeat Superior* Theory of Liability. ....................... 6

    B.    Plaintiffs State a Valid Equal Protection Claim. ........................... 6

          1.    Plaintiffs' Allegations of Discriminatory Treatment Are Sufficient to State a Claim. ............................................ 7

          2.    Plaintiffs Need Not Allege That They Are Members Of A Protected Class To State A Viable Equal Protection Claim. ............................................................. 9

          3.    Plaintiffs Need Not Allege A Violation Of A Fundamental Right To State A Valid Equal Protection Claim. ....................................................................... 9

          4.    Plaintiffs Need Not Allege a "Class of One" Theory To State A Valid Equal Protection Claim. ...................... 10

    C.    Plaintiffs Are Entitled to the Protection of the Privileges and Immunities Clause of Article IV of the Constitution. ................. 11

          1.    Plaintiffs have Standing to Bring their Claim. ................. 11

          2.    Plaintiffs' Right to Enter Public Lands is a Protectable Interest. ......................................................................... 12

    D.    The City Defendants' Duty-to-Protect Argument is Misplaced. ................................................................................. 12

    E.    Plaintiffs' Equal Protection and Privileges and Immunities Claims Are Not Time-Barred, and Defendants Do Not Contend Otherwise. ..................................................................... 13

    F.    The Complaint Properly Alleges Plaintiffs' Injuries Caused By Defendants' Unlawful Conduct .......................................... 14

    G.    The Fifth Cause of Action for Violation of California's Coastal Act is Properly Pled. ..................................................... 16

          1.    Burford Abstention Does Not Apply. ............................... 16

          2.    The Fifth Cause of Action is Ripe. .................................. 17

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

12443840.5

1

3.    Plaintiffs Have Demonstrated a Basis for Injunctive
Relief. ............................................................................. 18

2

4.    Plaintiffs' Claims for Civil Fines. ....................................... 19

3

V.    CONCLUSION .................................................................... 20

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF
POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) ..................................................................... 8

*Balistreri v. Pacifica Police Dept.*
  901 F.2d 696 (9th Cir. 1990) ........................................................ 7

*Beck v. State of California*
  479 F. Supp. 392 (1979)............................................................... 17

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007) ..................................................................... 2

*Burford v. Sun Oil Co.*
  319 U.S. 315 (1943) ............................................................... 16, 17

*City of Cleburne, Tex. v. Cleburne Living Ctr.,*
  473 U.S. 432 (1985) ............................................................. 7, 8, 9

*City of Tucson v. U.S. West Communications Inc.*
  284 F.3d 1128 (9th Cir. 2005) ...................................................... 17

*DeShaney v. Winnebago Cnty. Dep't of Social Servs.*
  489 U.S. 189 (1989) ..................................................................... 13

*Estate of Macias v. Ihde*
  219 F.3d 1018 (9th Cir. 2000) ...................................................... 13

*Hawthorne Savings F.S.B v. Reliance Ins. Co. of Illinois*
  421 F.3d 835 (9th Cir. 2005) ........................................................ 17

*Johnson v. City of Shelby,*
  135 S. Ct. 346 (2014) (per curiam)......................................... 2, 3, 20

*Kennedy v. City of Ridgefield*
  439 F.3d 1055 (9th Cir. 2006) ...................................................... 13

*Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*
  507 U.S. 163 (1993) ................................................................ 3, 20

*Legal Aid Soc. of Alameda Cty. v. Brennan,*
  608 F.2d 1319 (9th Cir. 1979) ...................................................... 16

*Lujan v. Defs. of Wildlife*
  504 U.S. 555 (1992) ..................................................................... 14

*Monell v. Dep't of Soc. Servs.*
  436 U.S. 658 (1978) ..................................................................... 6

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

*Nat'l R.R. Passenger Corp. v. Morgan*
    536 U.S. 101 (2002). ........................................................................ 14

*Parratt v. Taylor*
    451 U.S. 527 (1981) ........................................................................... 6

*Plyler v. Doe*
    457 U.S. 202 (1982) ......................................................................... 10

*Pouncil v. Tilton*
    704 F.3d 568 (9th Cir. 2012) ........................................................... 14

*Quackenbush v. Allstate Insurance Co.*
    517 U.S. 706 (1996) ......................................................................... 16

*Sanchez v. City of Fresno*
    914 F. Supp. 2d 1079 (E.D. Cal. 2012) ................................... 7, 9, 10

*Swierkiewicz v. Sorema N.A.*
    534 U.S. 506 (2002) ..................................................................... 3, 20

*Telesaurus VPC, LLC v. Power*
    623 F.3d 998 (9th Cir. 2010) ........................................................... 11

*U.S. v. Morros*
    268 F.3d 695 (9th Cir. 2001) ........................................................... 16

*United Building and Construction Trades Council of Camden County*
    *and Vicinity v. Mayor and Council of the City of Camden*,
    465 U.S. 208 (1984) ......................................................................... 11

*Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ...................... 10

*Yniguez v. State of Ariz.*
    939 F.2d 727 (9th Cir. 1991) ........................................................... 15

*Zadrozny v. Bank of N.Y. Mellon*
    720 F.3d 1163 (9th Cir. 2013) ........................................................... 3

**STATE CASES**

*Gion v. Santa Cruz*, 2 Cal. 3d 29, 42 (1970) ........................................... 12

*Surfrider Foundation v. California Coastal Commission*
    26 Cal. App. 4th 151 (1994) ............................................................ 18

**FEDERAL STATUTES**

42 U.S.C. § 1983 ....................................................................... 2, 3, 6, 13

U.S. Const., art. IV, § 2 .............................................................................. 12

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

**STATE STATUTES**

Cal. Const., art. X § 4 ................................................................. 12

Cal. Gov. Code § 66478.3 .......................................................... 12

Cal. Pub. Res. Code § 30803 ................................................. 18, 19

Cal. Pub. Res. Code § 30804 ...................................................... 18

Cal. Pub. Res. Code § 30805 ................................................. 18, 19

Cal. Pub. Res. Code § 30823 ...................................................... 19

**RULES**

Fed. R. Civ. P. 8(a)(2) ................................................................... 2

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

I.     **INTRODUCTION**

Under California law, anyone may use a public beach like Lunada Bay. This is especially important in Los Angeles County because it has fewer acres of park per 1,000 residents compared to any other major urban area in the country.[1]   But for more than four decades, non-local beachgoers have been denied access to Lunada Bay. Plaintiffs Cory Spencer, Diana Milena Read and the Coastal Protection Rangers bring this lawsuit to return Lunada Bay to the public.

By longstanding custom, policy, and practice, Defendants Palos Verdes Estates and its police department[2] unlawfully treat non-resident beachgoers different than resident beachgoers.  The City has consciously and consistently overlooked more than 40 years' worth of crime by the Defendant Lunada Bay Boys ("Bay Boys") against non-residents.  In its effort to keep its beach free from flatland visitors, the City has encouraged the Bay Boys to block access to the beach by intimidation and threats against non-residents.  And, the City has allowed the Bay Boys to build and maintain an illegal fort on the beach, a symbol that the law does not apply to the Bay Boys and local residents.

The Lunada Bay Boys' actions, with the approval of the City, work to keep Lunada Bay an unlawful private residents-only beach and surf zone.

---

[1] Garcia, Baltodano, and Mazzarella, *Free the Beach! Public Access, Equal Justice, and the California Coast,* Center for Law in the Public Interest Policy Report (2005), pp. 9-11, 19.
http://www.cityprojectca.org/publications/documents/FreetheBeachII.pdf

[2] Defendant Jeff Kepley is Palos Verdes Estates' current Chief of Police, having been appointed by the City on June 1, 2014. Chief Kepley is named in his representative capacity.  (Compl., ¶ 9.) Private parties can sue state officials in their official capacity to enforce federal laws and regulations for prospective injunctive and declaratory relief.  *Ex Parte Young*, 209 U.S. 123 (1908) (official may be sued in official capacity for injunctive relief).

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

1  Because of the illegal activity, non-residents are too afraid to visit or return to

2  Lunada Bay.  By its more than 40 years' worth of actions and inaction

3  allowing the Bay Boys and its members to intimidate outsiders, the City has

4  placed an "unwelcome mat" at Lunada Bay.

5        Here is why the City's Motion to Dismiss should be denied.  First,

6  courts should not apply a heightened pleading standard to civil rights

7  complaints against municipalities. *Johnson v. City of Shelby*, 135 S. Ct. 346

8  (2014) (per curiam).  Second, while frequently citing to summary-judgment

9  cases, the City's motion ignores the many well-pled facts in the 113-page

10  complaint and instead refutes claims under 42 U.S.C. § 1983 that Plaintiffs

11  have not yet made.  At the same time, the motion fails to address Plaintiffs' §

12  1983 claims that are made: (1) a City policy, practice, or custom

13  distinguishes one group of persons (residents) from another (non-residents)

14  without any rational basis, and (2) this policy, practice, or custom of

15  prohibiting non-residents' access arbitrarily and unreasonably interferes with

16  Plaintiffs' right to enter public lands.  Third, the City's § 1983 time-bar

17  argument ignores the continuing violation doctrine, and that the named

18  Plaintiffs were aggrieved within the limitations period.  Fourth, the City's

19  motion to dismiss the Coastal Act Claim fails because (1) the Coastal Act

20  invites citizen's lawsuits like this one, (2) the City has failed to obtain coastal

21  development permits for structures in the coastal zone, and (3) the City's

22  response has encouraged the Bay Boys to block access to the beach.

23  ## II.   **STANDARD OF REVIEW**

24       The Federal Rules only require that a complaint contain "a short and

25  plain statement of the claim showing that the pleader is entitled to relief."

26  Fed. R. Civ. P. 8(a)(2).  Complaints must merely contain sufficient factual

27  content "to state a claim to relief that is plausible on its face. . . ." *Bell*

28  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   Under the plausibility

1  standard, a plaintiff must only plead enough facts "to raise a right to relief

2  above the speculative level." *Id.* at 555.  The Supreme Court has also held

3  that federal courts may not apply a "heightened pleading standard" in civil-

4  rights cases alleging municipal liability.  *Leatherman v. Tarrant Cty.*

5  *Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165 (1993) (42

6  U.S.C. § 1983 claim against municipality); *Swierkiewicz v. Sorema N.A.*, 534

7  U.S. 506, 515 (2002), *Johnson v. City of Shelby*, 135 S. Ct. 346 (2014) (per

8  curiam) (42 U.S.C. § 1983 claim against municipality, citing *Leatherman* and

9  *Swierkiewicz*.)  Moreover, post-*Twombly*, a court must still accept as true all

10  well-pled facts alleged in the complaint, which are construed in the light most

11  favorable to the plaintiff.  *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163,

12  1167 (9th Cir. 2013).

13  **III.    STATEMENT OF FACTS**

14        Lunada Bay is one of Southern California's most beautiful public

15  beaches.  It is owned by the City and enjoyed by local residents and their

16  guests, but outsiders are generally prohibited and cannot visit safely.  For

17  more than 40 years, the City has excluded outsiders with the help of the Bay

18  Boys.  (Compl., ¶¶ 15-17, 20, 27-29.)  While there is a dearth of open space

19  and parks in Los Angeles County, non-residents are prevented from using

20  Lunada Bay simply because they are not from the area.  In addition to the

21  lead Plaintiffs, this includes the poor, the working class, women, people who

22  look different than the local residents, people who live far from the beach,

23  and people who live near a different beach.[3]  Indeed, those who look

24  different than the Palos Verdes Estates' residents are among those most

25  likely to be targeted for exclusion. One recent non-resident peaceful protest

26  against the Bay Boys and the City took place on Martin Luther King Day.

27  _____

28  [3] See footnote 1.

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF
POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

The Bay Boys exclude nonresident beachgoers with threats, intimidation, and violence.  (Compl., ¶¶ 4-7, 15, 17-19.)  Here, when the lead Plaintiffs attempted to enjoy Lunada Bay, they experienced these same unlawful activities.  Off-duty El Segundo Police officer Cory Spencer had known about the locals-only claim to Lunada Bay for more than 30 years, but when he tried to use the beach this last winter for the first time he (1) had to pay $100 to keep vehicles from being vandalized by the Bay Boys, (2) was told by the Bay Boys he could not recreate in Lunada Bay, (3) was assaulted with a surfboard in the water by a Bay Boy, who feigned it was an accident, and (4) observed the Bay Boys threaten and taunt other non-resident beachgoers.  (Compl., ¶¶ 1, 21.)  Similarly, when lead Plaintiff Diana Milena Read attempted to visit Lunada Bay with a friend, the Bay Boys (5) threatened her and told her she could not recreate in Lunada Bay, (6) called her a "whore," "bitch," and "liar," (7)  said "fuck you," and "keep walking," (8)  told her that the Bay Boys were "mad" at her, (9) poured and sprayed beer on her and her camera, (10) said they thought she was "sexy," that she "excited them," and that one Bay Boy's penis was big enough to "get the job done" and she made him "hard" while rubbing his torso and belly and exposing himself to Milena Read.  (Compl., ¶¶ 2, 22-25.)

When the lead Plaintiffs complained to the City, like other non-resident beachgoers before who have complained, the City did little or nothing.  Indeed, one City official recently dismissed the 40-year Bay Boy problem as an "urban legend."  Defendant Chief of Police Kepley's response to Spencer was that he had talked to members of Bay Boys "to educate them" on "acceptable behavior."  (Compl., ¶ 21.)  Nothing more.  And in response to Milena Read's complaints, the City (a) refused her request for a police escort, (b) asked her if she wanted to make a citizen's arrest, (c) told her to carry a cell phone when visiting, even though cell phones do not work well

12443840.5

2:16-cv-02129-SJO (RAOx)

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

down on the beach at Lunada Bay, (d) suggested she should only visit with a large group, (e) questioned why a woman would be interested in visiting Lunada Bay, because it only has rocks, (f) refused to permit Milena Read to see their photos of the Bay Boys, so that she could identify who had harassed her, (g) told her there was little that City could do to keep her safe if she wanted to return to Lunada Bay, (h) acknowledged a problem existed, told her it was not safe and that even a non-resident man should not go down to visit the rock fort area.  (Compl., ¶¶ 25-27.)

In addition to having the Bay Boys illegally block beach access with threats and intimidation, the City has allowed the Bay Boys to build and maintain an illegal rock fort and other structures on the beach.  (Compl., ¶¶ 3, 18, 78-83, 94.)

The 113-page Complaint with exhibits, which contains the above-referenced allegations and others, is sufficient to state claims for civil rights violations under § 1983 and the California Coastal Act.  The City has a policy, custom, or practice of treating non-residents differently than residents and excluding non-residents from their right to enter public lands and enjoy Lunada Bay.  (Compl., ¶¶ 8,16, 29, 30, 34, 36.)  There is no rational basis for this distinction.

Moreover, since Spencer, Milena Read and the Coastal Protection Rangers filed their Complaint against the City and the Bay Boys, many additional witnesses have come forward with similar allegations and supporting evidence.  As this matter moves beyond the pleading stage, Plaintiffs will show that the City and the Bay Boys have implemented a plan to unlawfully discourage and exclude outside visitors to its beaches through its policies, customs, practices, and deliberate indifference.

/ / /

/ / /

12443840.5

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

1

## IV.   LEGAL ARGUMENT

2   **A.   Plaintiffs' 42 USC § 1983 Allegations Are Not Premised Upon a**
   ***Respondeat Superior* Theory of Liability.**

3

4         The City cites to law that it may not be held liable for the wrongful acts

5   of City employees (including police officers) unless it can be shown that they

6   acted under color of law to deprive Plaintiffs of their constitutional rights.

7   (*See* Mot. at 3:15-17.)  A municipality acts "under color of law" when the

8   deprivation occurs under a policy, custom, or practice.  *Parratt v. Taylor*, 451

9   U.S. 527, 535 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91

10  (1978).  But Plaintiffs do not premise liability upon a *respondeat superior*

11  theory of liability.  Instead, Plaintiffs specifically allege that the City, "as a

12  municipality acting under color of law, has created an unlawful and irrational

13  policy, custom, or practice of exclusion of others on the basis of their status

14  as non-residents," and similarly, that Chief Kepley himself acted under color

15  of law by enforcing this "fundamentally unfair policy, custom, or practice of

16  exclusion of non-residents by irrationally and arbitrarily discriminating

17  against Plaintiffs and in favor of" the City and the Bay Boys.  (Compl., ¶¶ 62-

18  63.)  In light of the 113-page Complaint detailing specific conduct by the

19  City, these allegations are sufficient to support causes of action against it.

20  **B.   Plaintiffs State a Valid Equal Protection Claim.**

21        Next, the City challenges the sufficiency of Plaintiffs' Fourteenth

22  Amendment equal protection claim by asserting that there are only three

23  possible means of asserting an equal protection claim – (1) discrimination

24  due to membership in a protected class, (2) violation of a fundamental right,

25  and (3) a "class of one" claim.  The City asserts that Plaintiffs' allegations fail

26  under all three straw-man theories. But equal protection claims are more

27  complex than this, and the City's arguments are why such attacks are not

28  appropriate at the pleading stage as they indicate a misunderstanding of

12443840.5                                                       2:16-cv-02129-SJO (RAOx)

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF
POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

1   Plaintiffs' allegations.  As currently pled, Plaintiffs' equal protection claim is

2   not borne out of their membership in a protected class, a fundamental right,

3   or a "class of one" theory.  Nor does the law require it to fit within the

4   confines of one of these three theories.  Instead, Plaintiffs' claim arises from

5   the well-established premise that "when a policy [practice, or custom]

6   distinguishes one group of persons from another, that distinction must be

7   rationally related to a legitimate governmental purpose."  *Sanchez v. City of*

8   *Fresno*, 914 F. Supp. 2d 1079, 1108 (E.D. Cal. 2012).  In contrast, the City

9   is challenging claims and theories that are not currently pled.

10          **1.    Plaintiffs' Allegations of Discriminatory Treatment Are**
            **Sufficient to State a Claim.**

11

12          "The Equal Protection Clause of the Fourteenth Amendment

13   commands that no State shall 'deny to any person within its jurisdiction the

14   equal protection of the laws,' which is essentially a direction that all persons

15   similarly situated should be treated alike."  *City of Cleburne, Tex. v.*

16   *Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  "[W]hen a policy

17   distinguishes one group of persons from another, that distinction must be

18   rationally related to a legitimate governmental purpose," regardless of

19   whether that person is part of a protected class. *Sanchez*, 914 F. Supp. 2d

20   at 1112, *citing City of Cleburne,* 473 U.S. at 439.  Even where the policy is

21   unwritten, the rational basis test applies.  *Sanchez*, 914 F. Supp. 2d at 1112.

22          Here, Plaintiffs' Third Cause of Action for equal protection states both

23   a cognizable legal theory and contains sufficient facts to state an equal

24   protection claim.  *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699

25   (9th Cir. 1990).  Plaintiffs allege that the City "has created an unlawful and

26   irrational policy, custom, or practice of exclusion of others on the basis of

27   their status as non-residents," and that Chief Kepley "enforces this

28   fundamentally unfair policy, custom, or practice of exclusion of non-residents

1  by irrationally and arbitrarily discriminating against Plaintiffs and in favor of

2  PALOS VERDES ESTATES and the LUNADA BAY BOYS in violation of

3  Plaintiffs' right to equal protection of the laws."  (Compl., ¶¶ 62-63.)  Next,

4  Plaintiffs assert that this disparate treatment "bears no rational connection to

5  public health, safety, or welfare."  (*Id.* ¶ 64.)  These allegations of disparate

6  treatment without any rational basis are sufficient to state a cognizable claim

7  under the Fourteenth Amendment Equal Protection Clause.  *See City of*

8  *Cleburne*, 473 U.S. at 440-441; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

9  ("a claim has facial plausibility when the plaintiff pleads factual content that

10 allows the court to draw the reasonable inference that the defendant is liable

11 for the misconduct alleged").

12        Further, the distinction between the classes at issue, *i.e.*, residents of

13 the City and non-residents, is not disputed. (*See* Defs.' Mot. at 5: 16-19

14 ("Plaintiffs are non-resident visiting beachgoers to Lunada Bay.").)  Plaintiffs

15 allege that it is the City's custom, policy, or practice of targeting non-

16 residents, as opposed to residents, which creates the classification subject

17 to equal protection.  For example, Plaintiffs allege that Defendants have a

18 "long history of deliberate indifference of not investigating or otherwise

19 policing acts of violence and vandalism against visiting  beachgoers."

20 (Compl., ¶ 15.)  Further, the City "tolerates the unlawful activity of the

21 LUNADA BAY BOYS against nonlocal beachgoers because the 40-member

22 police force is designed to keep PALOS VERDES ESTATES for locals

23 only."  (Compl., ¶ 15.)  The City's "complicit approval and deliberate

24 indifference to enforcing state, federal, and local laws in crimes committed

25 against non-residents and other visitors, Plaintiffs and similarly situated

26 beachgoers suffer exclusion . . ."  (Compl., ¶15.)  Such allegations are

27 sufficient to demonstrate that the City's policy targeting non-residents

28 warrants inquiry into whether the government actors have a rational basis for

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF
POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

1    this classification.  *Sanchez*, 914 F. Supp. 2d at 1112; *see* 1974 Op. Att'y

2    Gen. Fla. 79-279 (Sept. 18, 1974) (use of municipally owned beaches

3    cannot be restricted to municipal residents).

4        **2.    Plaintiffs Need Not Allege That They Are Members Of A Protected Class To State A Viable Equal Protection Claim.**

5

6          The City notes that Plaintiffs do not currently allege membership in a

7    protected class.  (Defs.' Mot. to Dismiss at 4.)  But Plaintiffs do not have to

8    belong to a protected class in order to state a valid Equal Protection Claim.

9    *See Sanchez*, 914 F. Supp. 2d at 1108 ("There are several general methods

10   by which a plaintiff may allege an equal protection violation.")  Thus, while

11   Plaintiffs do not currently state an equal protection claim based upon

12   membership in a protected class, this argument ultimately has no bearing on

13   the viability of Plaintiffs' equal protection claim that arises out of the City's

14   disparate treatment of similarly situated groups.  *See City of Cleburne,* 473

15   U.S. at 439 (all similarly situated people must be treated alike).

16       **3.    Plaintiffs Need Not Allege A Violation Of A Fundamental Right To State A Valid Equal Protection Claim.**

17

18         Again, the City misconstrues the nature of Plaintiffs' equal protection

19   claim and argues that Plaintiffs fail to state a claim which they have not pled.

20   The City claims that Plaintiffs fail to state a valid equal protection claim

21   because they do not allege that a fundamental right has been violated.

22   (Defs.' Mot. at 6:18-19.)  But not all equal protection claims must involve

23   violation of a fundamental right.  Indeed, a plaintiff need only demonstrate

24   violation of a fundamental right when he or she claims that the government

25   intrusion is subject to strict scrutiny.  *Sanchez*, 914 F. Supp. 2d at 1109 ("[a]

26   classification that impinges upon a fundamental right must be 'precisely

27   tailored to serve a compelling governmental interest'") (quoting *Plyler v. Doe*,

28   457 U.S. 202, 217 (1982).   Plaintiffs make no such claims yet; to the

12443840.5

2:16-cv-02129-SJO (RAOx)

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

1  contrary, as pled the Plaintiffs' claim are governed by the rational basis

2  standard of review.  (*See* Compl., ¶¶ 62-64.)

3  **4.  Plaintiffs Need Not Allege a "Class of One" Theory To State A Valid Equal Protection Claim.**

4

5  Next, the City argues that because Plaintiffs do not assert membership

6  in a protected class or claim that a fundamental right has been violated, the

7  only remaining basis for an equal protection claim must be based upon a

8  "class of one" theory.  (Defs.' Mot. at 6.)  Here, too, the City is mistaken.

9  Plaintiffs may allege, as they did here, that a governmental actor improperly

10  "distinguish[ed] one group of persons from another," and that the distinction

11  is not rationally related to a legitimate governmental purpose.  *Sanchez*, 914

12  F. Supp. 2d at 1108.

13  Although the "class of one" theory is *related* to the theory that similarly-

14  situated groups must be treated equally absent a rational basis to the

15  contrary, it does not *subsume* this theory.  *See id.* ("Relatedly, an equal

16  protection claim can lie where plaintiff can establish that he is a 'class of

17  one'"); *Squaw Valley Dev't Co.*, 375 F.3d at 944 ("[t]he equal protection

18  guarantee protects not only groups, but individuals who would constitute a

19  'class of one.'")  Indeed, the equal protection clause precluded the

20  government's disparate treatment of groups before the Supreme Court

21  extended its protection to individuals.  *Village of Willowbrook v. Olech*, 528

22  U.S. 562, 564 (2000) ("We granted certiorari to determine whether the Equal

23  Protection Clause gives rise to a cause of action on behalf of a 'class of one'

24  when the plaintiff did not allege membership in a class or group.").

25  Further, the City's argument that Plaintiffs do not allege that the City

26  treated Plaintiffs differently than the Bay Boys ignores the numerous

27  references of disparate treatment described throughout the Complaint.

28  (*See, e.g.,* Compl., ¶¶ 20 (City police officer advising non-resident victim of

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF
POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

1  the Bay Boys' harassment and states the police will not intervene to help),

2  22 (City police officers stood by as the Bay Boys verbally harassed and

3  assaulted a non-resident), 27 (Chief Kepley advised a non-resident that it's

4  not safe to visit Lunada Bay). These allegations and others adequately

5  support Plaintiffs' equal protection cause of action.  *Telesaurus VPC, LLC v.*

6  *Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

7  **C.    Plaintiffs Are Entitled to the Protection of the Privileges and**
      **Immunities Clause of Article IV of the Constitution.**

8

9       **1.    Plaintiffs have Standing to Bring their Claim.**

10           Contrary to the City's assertion, it may not discriminate against

11  Plaintiffs on the basis of residency, even if Plaintiffs are also in-state

12  residents.  The Privileges and Immunities Clause prohibits differential

13  treatment on the basis of residency, even within municipal boundaries.  The

14  Plaintiffs, who are California residents, are therefore entitled to the

15  protections afforded them under the Privileges and Immunities Clause of

16  Article IV of the U.S. Constitution.

17           The U.S. Supreme Court considered this very issue in *United Building*

18  *and Construction Trades Council of Camden County and Vicinity v. Mayor*

19  *and Council of the City of Camden*, 465 U.S. 208 (1984).  In *Camden*, the

20  New Jersey Supreme Court rejected a challenge to a municipal ordinance

21  that had the effect of discriminating on the basis of municipal, not state,

22  residency.  *Id.* at 210.  The New Jersey Supreme Court had reasoned, just

23  as the City does here, that the Privileges and Immunities Clause only

24  prohibited discrimination based on state residency.  The U.S. Supreme

25  Court disagreed, stating that "[w]e have never read the Clause so literally as

26  to apply it only to distinctions based on state citizenship."  *Id.* at 216.  The

27  Court explained that "what would be unconstitutional if done directly by the

28  State can no more readily be accomplished by a city deriving its authority

2:16-cv-02129-SJO (RAOx)

12443840.5

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF
POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

from the State."  *Id.* at 215.  Accordingly, the fact that Plaintiffs are in-state residents nonetheless entitles them to the protection of the Privileges and Immunities Clause of Article IV of the U.S. Constitution just the same as if they were out-of-state residents.  *See also*

**2.    Plaintiffs' Right to Enter Public Lands is a Protectable Interest.**

The City also challenges Plaintiffs' Fourth Cause of Action, claiming that Plaintiffs' "supposed right to recreate at Lunada Bay is not a protectable activity."  (Defs.' Mot. at 10:21-22.)  The Privileges and Immunities Clause ensures that California citizens are "entitled to all Privileges and Immunities of the Citizens in the several States."  U.S. Const., art. IV, § 2.  Plaintiffs allege that the City has interfered with their "right to enter public lands." (*See* Compl., ¶ 67.)  Contrary to Defendants' assertion, the right to enter public lands, including tidal lands, is a well-established protectable right in California.  Cal. Const., art. X § 4; Cal. Gov. Code § 66478.3 (public access to natural resources is essential to the health and well-being of California citizens); *Gion v. Santa Cruz*, 2 Cal. 3d 29, 42 (1970) ("we must observe the strong policy expressed in the Constitution and statutes of this state of encouraging public use of shoreline recreational areas").  Accordingly, Plaintiffs' Fourth Cause of Action states a viable claim.

**D.    The City Defendants' Duty-to-Protect Argument is Misplaced.**

The City claims that Plaintiffs "appear to allege" that the City has a constitutional duty to protect Plaintiffs from the Bay Boys" wrongdoing. (Defs.' Mot. at 10.)  Again, the City is mistaken, as Plaintiffs have not alleged that the City owes them a duty of protection from violence at the hands of the Bay Boys.  The duty to protect arises generally when a governmental actor has created the danger.  *DeShaney v. Winnebago Cnty. Dep't of Social Servs.,* 489 U.S. 189 (1989).  But this doctrine pertains to substantive

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

1   due process claims, which Plaintiffs have not alleged.  *Id.*; *see also, e.g.,*

2   *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062 (9th Cir. 2006).  Further,

3   this doctrine simply does not apply when the alleged wrong is unequal

4   treatment, as is the case here.  *See Deshaney*, 489 U.S. at 197 n.3 ("[t]he

5   State may not, of course, selectively deny its protective services to certain

6   disfavored minorities without violating the Equal Protection Clause"); *Estate*

7   *of Macias v. Ihde*, 219 F.3d 1018, 1028 (9th Cir. 2000) (while there was no

8   constitutional right to be protected by the state against private violence,

9   "[t]here is a constitutional right . . . to have public services administered in a

10  nondiscriminatory manner").

11  **E.    Plaintiffs' Equal Protection and Privileges and Immunities Claims
        Are Not Time-Barred, and Defendants Do Not Contend Otherwise.**
12

13       The City argues that Plaintiffs' Third and Fourth Causes of Action

14  under 42 U.S.C. § 1983 are "time-barred for any claimed violation occurring

15  two years before March 4, 2016 (the filing date of this Complaint)."  (Def."s

16  Mot. at 12:20-22.)  Defendants' basic recitation of the law concerning the

17  statute of limitations applicable to Plaintiffs' section 1983 claims is generally

18  accurate.   But the City's related analysis as applied to Plaintiffs' Complaint

19  is both incomplete and substantively meaningless.

20       The City's argument appears to be limited to asserting that "any

21  claimed violation" of § 1983 "occurring two years before" the Complaint was

22  filed is "time-barred." (Def.'s Mot. At 12:20-22.)  This argument is puzzling,

23  as Plaintiffs seek declaratory and injunctive relief on their Third and Fourth

24  Causes of Action under § 1983, and Plaintiffs' Complaint contains extensive

25  allegations of conduct in violation of § 1983 occurring within two years of the

26  date this action was filed.  (*See, e.g.,* Compl., ¶¶ 18-28.)  Defendants

27  apparently do not dispute that Plaintiffs can seek declaratory and injunctive

28  relief based upon this alleged conduct.

2:16-cv-02129-SJO (RAOx)

12443840.5

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF
POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

1   Moreover, the City's analysis fails to consider the "continuing violation"

2   doctrine, which allows plaintiffs to seek declaratory and injunctive relief

3   against an ongoing unlawful practice that began prior to the statutory

4   limitations period where, as here, discrete, independently wrongful acts

5   relating to that practice are alleged.  *See, e.g.*, *Pouncil v. Tilton*, 704 F.3d

6   568, 581-83 (9th Cir. 2012) (prisoner's § 1983 claim for denial of requested

7   conjugal visit within statutory limitation period not time-barred due to denial

8   of similar request six years prior).  Unlawful acts prior to the statutory

9   limitation period may not support a timely claim alone, but may serve "as

10  background evidence in support of a timely claim."  *Nat'l R.R. Passenger*

11  *Corp. v. Morgan*, 536 U.S. 101, 113 (2002).  Each wrongful, discrete act

12  alleged gives rise to a new potential claim, restarting the limitations period.

13  *Pouncil*, 704 F.3d at 579.

14  **F.    The Complaint Properly Alleges Plaintiffs' Injuries Caused By**
    **Defendants' Unlawful Conduct**

15

16  Next, the City contends that Plaintiffs did not allege an "injury in fact"

17  that is sufficiently "causally connected" to the City's conduct.  (Def.'s Mot. at

18  13:1-10.)  Even if this were true (which it is not), the City fails to explain why

19  it would be fatal to any of Plaintiffs' claims, but cites *Lujan v. Defs. of*

20  *Wildlife*, 504 U.S. 555, 560-61 (1992) for the proposition that Plaintiffs must

21  allege "injury in fact" that is "actual or imminent" and "causally connected

22  and traceable to the complained of conduct . . ."  (Def.'s Mot. at 13:1-5.)

23  *Lujan* recites these standards in the context of discussing Article III standing,

24  which is not a basis for dismissal mentioned anywhere in Defendants' Notice

25  of the instant motion.  (*See* Defs.' Mot. at 2:16-3:20.)

26  Regardless, Plaintiffs' Complaint plainly alleges, at length, actual injury

27  sustained by Plaintiffs caused by Defendants' alleged unlawful conduct.  The

28  Complaint alleges that each individual Plaintiff has been "unlawfully

1   excluded from recreational opportunities at Palos Verdes Estates parks,

2   beaches, and access to the ocean." (Compl., ¶¶ 1-2.) The Complaint

3   explains, in detail, how the individual Plaintiffs were harassed, abused, and

4   physically assaulted for attempting to access and use public property in a

5   location where the City knowingly permits the Bay Boys to harass,

6   intimidate, and assault non-residents, causing them to suffer harm at the

7   time they attempted to access the public property, as well as subsequent

8   pain and suffering, loss of sleep, emotional distress, and mental anguish.

9   (Compl., ¶¶ 18-28). And, the Complaint alleges that the individual Plaintiffs

10  suffered these injuries and harms because the City simply refuses to

11  perform its duties in a manner that would make Lunada Bay accessible to

12  non-residents under an ongoing and unlawful policy, custom, or practice of

13  exclusion of non-residents from Lunada Bay. (Compl., ¶¶ 61-69.)

14       Likewise, the Complaint alleges that Plaintiff Coastal Protection

15  Rangers, Inc. is an organization dedicated to enforcing the California

16  Coastal Act and protecting California's beaches for the safety and enjoyment

17  of all visitors. (Compl., ¶ 3.) The Complaint alleges that the City's

18  complicity, custom, policy, and deliberate indifference to the Bay Boys gang

19  activities on public property in Lunada Bay amounts to illegal municipal

20  exclusivity, which is supported and made possible by Defendants' unlawful

21  conduct. (Compl., ¶ 15.) Plaintiff Coastal Protection Rangers, Inc., as

22  proponents and defenders of the California Coastal Act, including on behalf

23  of the poor and persons from diverse neighborhoods, have a sufficiently

24  strong and direct interest in the issues raised in this case to confer standing.

25  *See Yniguez v. State of Ariz.*, 939 F.2d 727, 732 (9th Cir. 1991) (official

26  proponents of ballot initiative had sufficient interest to appeal declaratory

27  judgment striking down initiative as unconstitutional).

28       Finally, insofar as Defendants argue that Plaintiffs were not actually

-15-

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF
POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

1  injured, that question addresses the merits of the action, not the issue of

2  standing, and is thus inappropriate to raise on a motion to dismiss on the

3  pleadings.  *Legal Aid Soc. of Alameda Cty. v. Brennan*, 608 F.2d 1319, 1328

4  (9th Cir. 1979).

5  **G.    The Fifth Cause of Action for Violation of California's Coastal Act is Properly Pled.**

6

7         The City wrongly asserts that this Court should abstain from ruling on

8  Plaintiffs' Coastal Act claims based on *Burford*.  But such abstention is rarely

9  appropriate.  And here, Plaintiffs' have not invoked difficult questions of state

10 law or policy considerations.  Instead, Plaintiffs invoke a citizen suit under

11 the Coastal Act because (1) the City did not obtain coastal development

12 permits for structures, which have become a symbol that the law does not

13 apply to local residents and that outsiders are unwelcome, and (2) the City

14 both encourages and allows the Bay Boys to block access to the beach

15 through threats of violence and intimidation.

16        Next, the City attempts to argue that Plaintiffs' claims under the

17 Coastal Act are not ripe because (a) the permitting and hearing process

18 have not occurred, and (b) there are no facts alleged showing that the City

19 must demolish the beach structures.  Like the City's abstention theory, these

20 arguments fail.

21        **1.    Burford Abstention Does Not Apply.**

22        *Burford* abstention is "an extraordinary and narrow exception to a

23 district court's duty to adjudicate a controversy properly before it."

24 *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 707 (1996); *see*

25 *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).  Abstention is permissible only

26 in a few "carefully defined" situations with set requirements." *U.S. v. Morros*,

27 268 F.3d 695, 703 (9th Cir. 2001). The Ninth Circuit has identified the

28 following examples when *Burford* might apply: (1) the state has chosen to

-16-

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

concentrate suits involving the state-law topic in a particular court; (2) the state-law issues are unusually complex, and cover a topic where state courts have special competence; and (3) that federal review might disrupt state efforts to establish a coherent policy. *City of Tucson v. U.S. West Communications Inc.*, 284 F.3d 1128, 1133 (9th Cir. 2005).  Moreover, for *Burford* abstention to apply, the potential interference with a state's policy must be substantial.  *Hawthorne Savings F.S.B v. Reliance Ins. Co. of Illinois*, 421 F.3d 835, 845 (9th Cir. 2005).

The City cites the trial court opinion *Beck v. State of California*, 479 F. Supp. 392 (1979) for the proposition that *Burford* abstention is proper for all matters involving the Coastal Act.  Not so, as *Beck* differs from this matter. For example, in its ruling, the *Beck* court (a) considered a pending parallel state court action, (b) was dealing with a then-new California regulatory scheme, (c) was evaluating California land use issues, and (d) noted the dispute was primarily about money, and that an action seeking prospective injunctive relief if state proceedings were stalled would be appropriate.

Here, the Plaintiffs seek injunctive relief: Plaintiffs want access to Lunada Bay, which is blocked by the Bay Boys and the City.  Their claims are not challenging an administrative hearing and they bring suit as contemplated by the Coastal Act.  Moreover, *Burford* abstention is not appropriate because (1) neither the Coastal Act nor the State of California identifies a specialized court within which Coastal Act cases must be brought, (2) these Coastal Act claims are not complex or controversial, (the Coastal Commission has told the City that its and the Bay Boys' actions violate the Act) (Compl., ¶ 83 & Ex. 18), and (3) federal court review would not disrupt state efforts.  Accordingly, *Burford* abstention is not appropriate.

## 2.     The Fifth Cause of Action is Ripe.

Next, the City asserts that Plaintiffs' Coastal Act claims are not ripe

1  because (1) the permitting and hearing process has not occurred and (2)
2  Plaintiffs must demonstrate that the City must demolish the beach
3  structures. Not so.

4         The Coastal Act authorizes "any person" to "maintain an action for the
5  recovery of civil penalties" or "for declaratory and equitable relief to restrain
6  any violation of" its provisions.  Cal. Pub. Res. Code §§ 30803, 30805.
7  There is no requirement for a plaintiff to go through a permitting or public
8  hearing process to bring a private-citizen suit enforcing to enforce the
9  Coastal Act.  Indeed, the Coastal Act explicitly invites enforcement through
10 citizen suits.  Here, Plaintiffs are not challenging a decision already made by
11 the City related to a development permit, thus no administrative hearing
12 process is required.  Instead, the Plaintiffs seek the Court's help to require
13 the City to obtain from the Coastal Commission (a) a permit for the illegal
14 rock fort and other structures, along with any other improvements that the
15 Coastal Commission may be require, or (b) obtain a permit to have the
16 structure removed.

17        **3.     Plaintiffs Have Demonstrated a Basis for Injunctive Relief.**

18        The City argues that Plaintiffs are not entitled to injunctive relief under
19 the Coastal Act because they fail to allege that "they will suffer substantial
20 and immediate irreparable injury and have no adequate remedy at law."
21 (Defs.' Mot., p. 18:6-10.)  However, courts have already concluded that "the
22 public access and recreational policies of the [Coastal] Act should be
23 broadly construed to encompass all impediments to access, whether direct
24 or indirect, physical or nonphysical." *Surfrider Foundation v. California
25 Coastal Commission*, 26 Cal. App. 4th 151, 153 (1994).  Next, as noted
26 above, the Coastal Act invites any person to bring a claim for equitable relief
27 to restrain any violation of its provisions.  Cal. Pub. Res. Code §§ 30803,
28 30804, & 30805.  Here, the Plaintiffs allege that the City's actions cause

-18-

1  non-resident beachgoers to be illegally denied access to Lunada Bay.

2      Beyond the illegal fort and other structures, the City's motion ignores

3  the allegations in the Complaint related to the City's policy, custom, and

4  practice of taking no action when it involves crimes committed by the Bay

5  Boys against non-resident beachgoers (Compl., ¶¶ 8, 9, 15, 17, 20, 23, 28,

6  30, 62, 63, 64, 65, 67, 68, 69), which has the effect of excluding non-

7  residents from their right to recreational opportunities at Lunada Bay.

8  (Compl., ¶¶ 8,16, 29, 30, 34, 36.)

9      **4.    Plaintiffs' Claims for Civil Fines.**

10     The City argues that civil fines and penalties are unavailable because

11 such claims must be brought within three years of discovery.  (Defs.' Mot. at

12 18.)  But the lead Plaintiffs did not have actual notice of Coastal Act

13 violations until recently. (*See* Compl., ¶¶ 21-22.)  Because the stone fort is

14 not visible from any public road, the only way the lead Plaintiffs had

15 knowledge of it was by going to Lunada Bay.  (*Id.* at ¶ 18.)  Next, the City

16 again ignores that each time the Bay Boys threaten and intimidate non-

17 resident beachgoers or improve/maintain the fort, as allowed by the City, it is

18 a Coastal Act violation.  Moreover, under both theories, the City does not

19 address the fact that their wrongs are continuing violations – the

20 impermissible structures remain, and with the City's blessing the Bay Boys

21 continue to threaten and otherwise bully non-residents to keep them away

22 from Lunada Bay.

23     Finally, Plaintiffs agree that the civil fines awarded under the Coastal

24 Act do not go to Plaintiffs.  As provided under Cal. Pub. Res. Code § 30823,

25 these fines are deposited in the Violation Remediation Account of the

26 Coastal Conservancy Fund, for use by the Coastal Conservancy on

27 improving public access to California's coastline.  Plaintiffs do not allege to

28 the contrary.

-19-

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT

# V.    <u>CONCLUSION</u>

In this lawsuit, Plaintiffs seek the Court's help in returning Lunada Bay to the public.  Under the Supreme Court's unanimous decisions in *Leatherman, Swierkiewicz,* and *Johnson,* courts should give wide latitude to plaintiffs making civil rights allegations against municipalities.  Here, the City's policy, practice, or custom of distinguishing one group of persons (residents) from another (non-residents) is not rationally related to a legitimate governmental purpose.  As to the City's attack on the Coastal Act claims, Plaintiffs' claims are properly pled.  Plaintiffs bring a citizen lawsuit as specifically contemplated by the Coastal Act because the City (1) has failed to obtain coastal development permits for structures in the coastal zone, and (2) allows the Bay Boys to block access to the beach.  Both are violations of the Coastal Act, and federal courts have (and do) adjudicate these claims.

For all of the foregoing reasons, Plaintiffs request that the City's motion be denied in its entirety.  In the alternative, Plaintiffs request that they be provided the opportunity to amend their Complaint.

DATED: June 20. 2016                    HANSON BRIDGETT LLP


By:_____*/s/ Kurt A. Franklin*_____
          KURT A. FRANKLIN
          SAMANTHA D. WOLFF
          CAROLINE ELIZABETH LEE
          TYSON M. SHOWER
          Attorneys for Plaintiffs
          CORY SPENCER, DIANA MILENA
          REED, and COASTAL PROTECTION
          RANGERS. INC.

PLAINTIFFS' OPPOSITION TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF
POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT