EDWIN J. RICHARDS (SBN 43855)
Email: Ed.Richards@kutakrock.com
ANTOINETTE P. HEWITT (SBN 181099)
Email: Antoinette.hewitt@kutakrock.com
REBECCA L. WILSON (SBN 257613)
Email: Rebecca.Wilson@kutakrock.com
KUTAK ROCK LLP
Suite 1500
5 Park Plaza
Irvine, CA  92614-8595
Telephone:  (949) 417-0999
Facsimile:  (949) 417-5394

Attorneys for Defendants
CITY OF PALOS VERDES ESTATES and
CHIEF OF POLICE JEFF KEPLEY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>   Plaintiffs,<br><br>  v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>   Defendants. | Case No.  2:16-cv-02129-SJO-RAO<br><br>Assigned to<br>District Judge:  Hon. S. James Otero<br>Courtroom: 1<br><br>Assigned Discovery:<br>Magistrate Judge:  Hon. Rozella A. Oliver<br><br>**[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]**<br><br>**DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>**Hearing:**<br>**Date:** **July 11, 2016**<br>**Time:** **10:00 a.m.**<br>**Ctrm:** **1, 2nd Floor**<br>    **Spring Street Courthouse**<br><br>Complaint Filed:   March 29, 2016 |

1    Defendants City and Chief of Police Jeff Kepley (the "City") submit this
2    Reply in support of the Motion to Dismiss Complaint ("Motion").

3    **I.    PLAINTIFFS FAIL TO DEMONSTRATE UNEQUAL TREATMENT**
4    **OF RESIDENTS AND NON-RESIDENTS BY THE CITY**

5    While Plaintiffs' Complaint may set forth a history of problems with the
6    Lunada Bay Boys ("LBB") vis-à-vis the inflammatory allegations against LBB
7    (Complaint ("Complaint") ¶¶ 19-25; Plaintiffs' Opposition ("Opp.") 4:4-19),
8    Plaintiffs fail to allege facts sufficient to constitute a federal Equal Protection claim
9    against the City.  Plaintiffs allege that the City has not enforced state, federal, and
10   local laws for LBB crimes committed against non-residents, and that the City has
11   created a policy of exclusion of non-residents by discriminating against Plaintiffs in
12   favor of the LBB.  (See Complaint, ¶¶ 15, 62-63.)  However, Plaintiffs provide no
13   factual allegations to support this legal conclusion.  No facts are alleged to show
14   that (1) the City does not enforce unspecified laws against LBB and (2) that LBB's
15   conduct prevents non-residents from visiting the beach.  (Id.)  In short, Plaintiffs are
16   unable to point to any factual allegations showing that the City treated Plaintiffs
17   differently than residents.  Indeed, aside from the conclusions about what various
18   news articles say about the LBB, the Complaint contains no examples of the City
19   taking different actions with regard to these Plaintiffs as compared to residents.

20   Repeatedly pointing to a 113-page Complaint (a 44-page pleading and 69
21   pages of exhibits) does not suffice as Plaintiffs can only offer *legal conclusions*[1]
22   that the City engaged in a custom, practice, or policy of exclusion of non-residents.
23   (Complaint ¶¶ 28, 33n, 38, 62-65, 67-69.)  Each of those and related allegations fail
24   to allege facts showing that Plaintiffs were treated differently by the City than
25   residents of the City of Palos Verdes Estates.  "When the well-pleaded facts do not

26

27   [1] Plaintiffs' reliance on *Sanchez v. City of Fresno* (E.D. Cal. 2012) 914 F. Supp. 2d 1079 and *City of Cleburne, Tex. v. Cleburne Living Ctr.* (1985) 473 U.S. 432 is, thus, inapposite,

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

CITY'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." (*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 550.) Despite the volume of allegations, Plaintiffs fail to sufficiently allege facts to constitute an Equal Protection claim under 42 U.S.C. § 1983 against the City. For instance, the Opposition characterizes the City as stating that a "non-resident man" should not go to that area. (Opp. 5:6-8.) The Complaint actually alleged the City stated "I wouldn't even tell a man to go down there". (Complaint ¶ 27.) There is no factual allegation of treatment of residents that is more favorable than of similarly situated non-residents.

## A.    Plaintiffs Fail To Articulate Entitlement To Relief From The City

While Plaintiffs now claim that they do not assert any suspect classification or violation of a fundamental right, the factually ambiguous nature of Plaintiffs' Complaint and lack of a short, plain statement forced the City to address the allegations from various standpoints including suspect classifications and fundamental rights, since the Complaint conflated constitutional legal theories to purport to present a 42 U.S.C. § 1983 claim against the City. In reality, the Complaint discloses no such facts to support such a claim. (Complaint ¶¶ 15, 30, 33n, 62-63.) Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." No such statement exists in the Complaint, since Plaintiffs' statements all relate to alleged discriminatory conduct committed by the LBB, not by the City. Plaintiffs repeatedly use the phrasing "custom, policy, or practice" without providing a factual basis for such legal conclusion and, thus, such pleading fails to meet Rule 8(a)(2) standards.

## II.    THE THIRD, FOURTH, AND FIFTH CAUSES OF ACTION ARE NOT CONTINUING VIOLATIONS

Plaintiffs filed the Complaint on March 2, 2016. To establish a continuing violation, "… a plaintiff must show a series of related acts, one or more of which

1
2
3

falls within the limitations period, or the maintenance of a discriminatory system both before and during the [limitations] period." (*Green v. Los Angeles County Superintendent of Schools* (9th Cir. 1989) 883 F.2d 1472, 1480, citations omitted.)

4
5
6
7
8
9
10
11
12
13
14

The Complaint fails to allege a continuing violation that sufficiently sets forth either a series of related acts or a discriminatory system.  Vaguely asserting non-enforcement of state, federal, and local laws committed against non-residents by the LBB (not by the City) fails federal pleading standards that a claim to relief must be plausible on its face as supported by sufficient factual matters.  Plaintiffs have not alleged facts against the City as opposed to the LBB. (See Complaint, ¶¶ 15-17; see *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678; see also *Valadez-Lopez v. Chertoff* (9th Cir. 2011) 656 F.3d 851, 858-859.)   The lack of sufficient facts regarding any alleged "continuing violation" related to the City bars recovery for acts predating the filing of the Complaint by more than two years for the third and fourth causes of action and by more than three years for the fifth cause of action.

15
16

## III.   PLAINTIFFS' FOURTH CAUSE OF ACTION FAILS, AS IT IS NOT BASED ON A VIOLATION OF A FEDERAL RIGHT

17
18
19
20
21
22
23
24
25
26
27

Plaintiffs predicate their fourth cause of action for violation of the Privileges and Immunities Clause on the right to enter public lands.   (Complaint ¶ 67.) Plaintiffs can only articulate state rights under Cal. Const. Art. X § 4 and Gov. Code § 66478.3, which are legally insufficient to maintain a federal 42 U.S.C. § 1983 claim for violation of Privileges and Immunities. (Opp. 12:7-20.)  Any claim asserted under 42 U.S.C. § 1983 must be based on an alleged violation of a *federal right*, not merely a violation of a federal law.  (See e.g., *City of Rancho Palos Verdes v. Abrams* (2005) 544 U.S. 113, 120-121.)  The pertinent inquiry lies in whether the specific *federal* statutory provision at issue creates enforceable rights. (See *Blessing v. Freestone* (1997) 520 U.S. 329, 340.)  Because Plaintiffs' fourth cause of action is not based on a federal right, the City's Motion should be granted.

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

CITY'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

## IV.   PLAINTIFFS' FIFTH CAUSE OF ACTION BASED ON THE CALIFORNIA COASTAL ACT ("CCA") SHOULD BE DISMISSED

1.   *Burford* abstention principles warrant dismissal of this claim

*Burford* abstention may arise where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern. (See *New Orleans Public Service v. Council of New Orleans (NOPSI)* (1989) 491 U.S. 350, 361.)   Plaintiffs offer limited discussion of this important doctrine, and can only point to conclusory statements that the CCA is not complex, that there is no specialized venue for hearing CCA disputes, and that there will be no disruption of state governance and oversight of the CCA implementation.   (Opposition 16:22-17:26.)   None of those arguments are sufficient to avoid *Burford* abstention, or address deference to state efforts to establish policies of matters of public concern.

Here, the California Coastal Commission ("CCC") and the City are specially vested with authority to design, implement, and otherwise administer the local coastal program.   (See Pub. Resources Code § 30500, 30811.)   Federal review of Plaintiffs' CCA claim would be disruptive to state, local, and administrative efforts to establish a coherent policy with respect access to coastal zones.   The City/CCC are situated to best adjudicate CCA disputes, and will ensure a coherent environmental policy of review.   As such, principles of comity are best served by this Court's exercise of abstention under *Burford*.

2.   Plaintiffs' CCA claim should be dismissed under ripeness considerations

To obtain pre-enforcement judicial review of administrative rules, a plaintiff must show all of the following:   (1) the issues presented are purely legal; (2) the regulation is a final agency action and has the effect of law (i.e., violations carry civil or criminal sanctions); (3) any applicable administrative remedy has been exhausted; (4) the matter is not one committed by law to agency discretion; and (5)

the plaintiff must have suffered immediate harm resulting from the challenged regulation.  (See *Abbott Laboratories v. Gardner* (1967) 387 U.S. 136 153-154; see also *Nat'l Park Hospitality Ass'n v. Dept. of Interior* (2003) 538 U.S. 803, 808.)

The ripeness doctrine prevents premature adjudication of Plaintiffs' CCA claim.  First, Plaintiffs have failed to exhaust applicable administrative remedies regarding coastal access through proper City/CCC channels.  Second, adjudication of issues involving coastal access is committed by law to the discretion of the local entity (i.e., the City) or the CCC.  (See Pub. Resources Code §§ 30800-30812.) Third, since permit issuance and the ultimate decision to either maintain or remove the subject structure have not occurred, it is not possible for Plaintiffs to have suffered any immediate harm arising out of the CCA.

3.      Injunctive relief is improper, as adequate remedies at law exist

Plaintiffs' CCA grievances can be remedied by administrative procedure with the City/CCC as provided by the CCA.  Courts will deny requests for injunctive relief where a plaintiff has an alternative legal remedy that will provide the same relief.  (See *Weaver v. Florida Power & Light Co.* (11th Cir. 1999) 172 F.3d 771, 773.)  Statutory procedures provided by the CCA specifically enumerate a process whereby Plaintiffs may obtain an adequate remedy at law, which supports an order granting the City's Motion as to this claim for relief.

Dated:  June 27, 2016              KUTAK ROCK LLP


By:  /s/ *Edwin J. Richards*
Edwin J. Richards
Antoinette P. Hewitt
Attorneys for Defendants
CITY OF PALOS VERDES ESTATES
and CHIEF OF POLICE JEFF KEPLEY

CITY'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT