Peter T. Haven (SBN 175048)
HAVEN LAW
1230 Rosecrans Avenue, Suite 300
Manhattan Beach, California 90266
Tel: (213) 842-4617
Fax: (213) 477-2137
Email: peter@havenlaw.com

Attorney for Defendant
MICHAEL R. PAPAYANS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation;<br><br>Plaintiffs,<br>v.<br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1 – 10,<br><br>Defendants. | Case No. 2:16-cv-2129-SJO (RAOx)<br><br>**REPLY BY DEFENDANT MICHAEL R. PAPAYANS REGARDING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Fed. Rules Civ. Proc., Rule 12(b)(1)]<br><br>Date:   July 25, 2016<br>Time:  10:00 a.m.<br>Place:  Courtroom No. 1<br>           Second Floor<br>           312 North Spring Street<br>           Los Angeles, California 90012<br><br>Hon. S. James Otero |

Defendant MICHAEL R. PAPAYANS submits this Reply regarding his Motion to Dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure due to lack of subject matter jurisdiction.

**REPLY BY PAPAYANS RE MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. The Court's Discretion Regarding Supplemental Jurisdiction

The Court today ruled that Plaintiffs have stated a federal equal protection claim. In light of this ruling, Defendant defers to the Court as to the exercise of supplemental jurisdiction over the state law claims. If the Court exercises such supplemental jurisdiction, Defendant reserves the right to raise the issue again. "While the district court's power to exercise jurisdiction under the 'same case or controversy' requirement in 28 U.S.C. § 1367(a) is one ordinarily resolved on the pleadings, the court's decision to exercise that jurisdiction 'is one which remains open throughout the litigation.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1287 (8th Cir. 1998).

## II. Admiralty Jurisdiction May Not Be Based on Information and Belief

In regard to admiralty jurisdiction, the Complaint alleges one specific injury suffered in the water by a Plaintiff. In January 2016, an unidentified individual "intentionally ran [Plaintiff Cory] Spencer over with his surfboard and sliced open Spencer's hand." Complaint, ¶ 21. Spencer also alleges that, in February 2016, he apparently "observed" from a "bluff" unidentified individuals "threaten and taunt [other] surfers." *Id*. It is not clear what Spencer observed, how badly his hand was injured, or what he claims as damages.

By contrast, the entire lawsuit in the Florida district court decision "grew out of" the accident between the surfer and the swimmer. *Davis v. City of Jacksonville Beach, Florida*, 251 F.Supp. 327, 328 (M.D.Fla. 1965). Similarly, admiralty jurisdiction also existed over tort claims by two women who were seriously injured when thrown off a jet-ski in San Diego's Mission Bay. *In re Mission Bay Jet Sports, LLC*, 570 F.3d 1124, 1125 (9th Cir. 2009).

This lawsuit is not based on Spencer's hand injury. This lawsuit asserts admiralty jurisdiction based on allegations regarding access to the beach. The alleged maritime incidents, however, are all on "information and belief" and involved other surfers, swimmers, or visitors. Complaint, pp. 9-10, ¶ 18.

"Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Lyerla v. AMCO Ins. Co.*, 462 F. Supp. 2d 931, 931 (S.D.Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (in diversity action, "only the affidavit made on personal knowledge has any value ('to the best of my knowledge and belief' is insufficient), …because it says nothing about citizenship.")

Information-and-belief allegations are not sufficient for admiralty jurisdiction.

DATED: July 12, 2016              HAVEN LAW

                                  By:    s/ Peter T. Haven
                                         Peter T. Haven
                                         Attorney for Defendant
                                         MICHAEL R. PAPAYANS

3
REPLY BY PAPAYANS RE MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION