EDWIN J. RICHARDS (SBN 43855)
Email: Ed.Richards@kutakrock.com
ANTOINETTE P. HEWITT (SBN 181099)
Email: Antoinette.hewitt@kutakrock.com
CHRISTOPHER D. GLOS (SBN 210877)
Email: Christopher.Glos@kutakrock.com
REBECCA L. WILSON (SBN 257613)
Email: Rebecca.Wilson@kutakrock.com
KUTAK ROCK LLP
Suite 1500
5 Park Plaza
Irvine, CA  92614-8595
Telephone:   (949) 417-0999
Facsimile:   (949) 417-5394
Email:       Ed.Richards@kutakrock.com

Attorneys for Defendants
CITY OF PALOS VERDES ESTATES and
CHIEF OF POLICE JEFF KEPLEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA-

# WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>                    Plaintiffs,<br><br>          v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, | Case No.  2:16-cv-02129-SJO-RAO<br><br>Assigned to<br>District Judge:  Hon. S. James Otero<br>Courtroom: 1<br><br>Assigned Discovery:<br>Magistrate Judge:  Hon. Rozella A. Oliver<br><br>**[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]**<br><br>**DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>Complaint Filed:        March 29, 2016 |

Defendants.

Defendants PALOS VERDES ESTATES and CHIEF OF POLICE JEFF KEPLEY, (collectively, "Defendants"), by and through their attorneys of record, hereby file this Answer and Affirmative Defenses to the Complaint of Plaintiffs CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC. (collectively, "Plaintiffs"), and allege as follows:

## THE PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff Cory Spencer's age, occupation, and hobbies contained in Paragraph 1 of the Complaint, and on that basis deny those allegations. Defendants deny the remainder of the allegations in Paragraph 1 of the Complaint.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff Diana Milena Reed's age, occupations, and hobbies contained in Paragraph 2 of the Complaint, and on that basis deny those allegations. Defendants deny the remainder of the allegations in Paragraph 2 of the Complaint.

3. Defendants admit that the City of Palos Verdes Estates owns the "beach-park area" referenced in Paragraph 3 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff Coastal Protection Rangers' dedicated purpose contained in Paragraph 3 of the Complaint, and on that basis deny those allegations. Except as so admitted, Defendants deny the remainder of the allegations in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains, in part, legal conclusions to which no response is required. To the extent a response is deemed required,

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

1  Defendant denies the same.  Defendants admit that a group known by some as the
2  "Lunada Bay Boys" exists.   Except as so admitted in the foregoing sentence,
3  Defendants deny the remainder of the allegations in Paragraph 4 of the Complaint.

4       5.    Paragraph 5 of the Complaint contains, in part, legal conclusions to
5  which no response is required. To the extent a response is deemed required,
6  Defendant denies the same.  Defendants admit that a group known by some as the
7  "Lunada Bay Boys" allegedly uses a "Rock Fort" that is presently unpermitted.
8  Except as so admitted in the foregoing sentence, Defendants lack knowledge or
9  information sufficient to form a belief as to the truth of the allegations in Paragraph
10  5 of the Complaint, and on that basis deny those remaining allegations.

11       6.    Paragraph 6 of the Complaint contains legal conclusions to which no
12  response is required.  To the extent a response is deemed required, Defendants deny
13  the allegations in Paragraph 6 of the Complaint.

14       7.    Defendants lack knowledge or information sufficient to form a belief
15  as to the truth of the allegations in Paragraph 7 of the Complaint, and on that basis
16  deny those allegations.

17       8.    Defendants admit that the City of Palos Verdes is a general law city
18  subject to the laws of the State of California.    Except as so admitted in the
19  foregoing sentence, Defendants deny each and every allegation contained in
20  Paragraph 8 of the Complaint.

21       9.    Defendants admit that Jeff Kepley serves as the Chief of Police for the
22  City of Palos Verdes Estates.    Except as so admitted in the foregoing sentence,
23  Defendants deny each and every allegation contained in Paragraph 9 of the
24  Complaint.

25       10.    Defendants lack knowledge or information sufficient to form a belief
26  as to the truth of the allegations in Paragraph 10 of the Complaint, and on that basis
27  deny those allegations.

28      **JURISDICTION AND VENUE**

1       11.    Defendants admit that this Court has original jurisdiction under 42

2   U.S.C. § 1983 concerning Plaintiffs' claims against Defendants.

3       12.    Since Plaintiffs' sole remaining claim against Defendants arises under

4   federal law, no response is required to this allegation.

5       13.    Defendants admit that this Court is empowered to grant declaratory

6   and other relief under the statutes cited by Plaintiffs.  Except as so admitted in the

7   foregoing sentence, Defendants deny each and every allegation contained in

8   Paragraph 13 of the Complaint.

9       14.    Defendants admit the allegations in Paragraph 14 of the Complaint.

10   **STATEMENT OF FACTS**

11       15.    Defendants admit that the City of Palos Verdes Estates was

12   incorporated in 1939; that approximately 13,500 residents live in the City of Palos

13   Verdes Estates; that median household income of said residents is approximately

14   $170,000; that the City of Palos Verdes Estates is a unique, natural beauty; that the

15   City of Palos Verdes Estates employs approximately 40 police personnel; and that

16   the beaches, shoreline, and surfing areas in the City of Palos Verdes Estates are

17   open to the public.  Except as so admitted in the foregoing sentence, Defendants

18   deny each and every allegation contained in Paragraph 15 of the Complaint.

19       16.    Defendants admit that Plaintiffs reference written materials that

20   purportedly support their allegations.  Defendants further admit that the beach and

21   surrounding areas are owned by the City of Palos Verdes Estates.  Except as so

22   admitted the foregoing sentences, Defendants deny the remaining allegations in

23   Paragraph 16 of the Complaint.

24       17.    Defendants admit that Lunada Bay is a location of big-wave break.

25   Defendants further admit that Plaintiffs reference written materials that purportedly

26   support their allegations.  Except as so admitted in the foregoing sentence,

27   Defendants deny each and every allegation contained in Paragraph 17 of the

28   Complaint.

18.  Defendants admit that a fort structure exists in Lunada Bay. Defendants further admit that Plaintiffs reference purported police reports. Except as so admitted in the foregoing sentences, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint, and on that basis deny those allegations.

19.  Defendants admit that Plaintiffs reference an internet hyperlink. Except as so admitted in the foregoing sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint, and on that basis deny those allegations.

20.  Defendants admit that Plaintiffs reference an internet hyperlink. Except as so admitted in the foregoing sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint, and on that basis deny those allegations.

21.  Defendants admit that Plaintiffs reference written materials. Except as so admitted the foregoing sentence, Defendants deny the remaining allegations in Paragraph 21 of the Complaint.

22.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and on that basis deny those allegations.

23.  Defendants admit that Plaintiffs reference written materials. Except as so admitted in the foregoing sentence, Defendants deny each and every allegation contained in Paragraph 23 of the Complaint.

24.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint, and on that basis deny those allegations.

25.  Defendants deny that a request for a police escort was ever refused.

1  Except as so denied in the foregoing sentence, Defendants lack knowledge or
2  information sufficient to form a belief as to the truth of the allegations contained in
3  Paragraph 25 of the Complaint, and on that basis deny those allegations.

4      26.    Defendants admit that Plaintiff Reed complained to a police officer,
5  that a police officer went to the scene of Plaintiff Reed's Complaint, and that
6  Defendant Charlie Ferrara and other unidentified individuals were present at said
7  scene.  Except as so admitted in the foregoing sentence, Defendants lack knowledge
8  or information sufficient to form a belief as to the truth of the allegations contained
9  in Paragraph 26 of the Complaint, and on that basis deny those allegations.

10      27.    Defendants admit that an investigation occurred.  Defendants further
11  admit that a man was identified as Defendant Brant Blakeman.  Defendants further
12  admit that the City of Palos Verdes Estates offered to allow Plaintiff Reed to
13  identify Blakeman and Johnston.  Defendants deny that police showed no interest
14  or ability in following up on Plaintiff Reed's complaint, and further deny any
15  failure to commit to a date to identify other individuals.  Defendants further deny
16  the nature of the summarized statement attributed to Detective Venegas to the
17  extent Plaintiffs inaccurately and/or incompletely set forth such statement.
18  Defendants admit that Chief of Police Jeff Kepley and Captain Tony Best met with
19  Plaintiff Reed, and were friendly and respectful.  Defendants deny that Chief
20  Kepley and Captain Best knew little about Plaintiff Reed's complaint and incident,
21  and deny that anyone ever refused to permit Plaintiff Reed to review photographs.
22  Defendants deny Plaintiffs' other attributions of statements to Defendants to the
23  extent that such statements are inaccurately and/or incompletely set forth.
24  Defendants deny that any of their conduct has caused Plaintiff Reed pain and
25  suffering, loss of sleep, emotional distress, or mental anguish.   Except as so
26  expressly admitted or denied in the foregoing sentences, Defendants lack
27  knowledge or information sufficient to form a belief as to the truth of the remaining
28  allegations contained in Paragraph 27 of the Complaint, and on that basis deny

1  those allegations.

2      28.    Defendants admit that the City of Palos Verdes Estates owns a jail

3  facility.  Defendants deny that the City of Palos Verdes Estates employs more than

4  40 police personnel.  Except as so admitted in the foregoing sentences, Defendants

5  deny the remaining allegations contained in Paragraph 28 of the Complaint.

6      29.    Defendants lack knowledge or information sufficient to form a belief

7  as to the truth of the allegations contained in Paragraph 29 of the Complaint, and on

8  that basis deny those allegations.

9                          **CLASS ACTION ALLEGATIONS**

10     30.    Paragraph 30 contains legal conclusions to which no response is

11  required.  To the extent a response is deemed required, Defendants deny the same.

12     31.    Paragraph 31 contains legal conclusions to which no response is

13  required.  To the extent a response is deemed required, Defendants deny the same.

14     32.    Paragraph 32 contains legal conclusions to which no response is

15  required.  To the extent a response is deemed required, Defendants deny the same.

16     33.    Paragraph 33 contains legal conclusions to which no response is

17  required.  To the extent a response is deemed required, Defendants deny the same.

18         a.    Paragraph 33a contains legal questions and/or conclusions to

19  which no response is required.  To the extent a response is deemed required,

20  Defendants deny the same.

21         b.    Paragraph 33b contains legal questions and/or conclusions to

22  which no response is required.  To the extent a response is deemed required,

23  Defendants deny the same.

24         c.    Paragraph 33c contains legal questions and/or conclusions to

25  which no response is required.  To the extent a response is deemed required,

26  Defendants deny the same.

27         d.    Paragraph 33d contains legal questions and/or conclusions to

28  which no response is required.  To the extent a response is deemed required,

1   Defendants deny the same.

2         e.      Paragraph 33e contains legal questions and/or conclusions to
3   which no response is required.   To the extent a response is deemed required,
4   Defendants deny the same.

5         f.      Paragraph 33f contains legal questions and/or conclusions to
6   which no response is required.   To the extent a response is deemed required,
7   Defendants deny the same.

8         g.      Paragraph 33g contains legal questions and/or conclusions to
9   which no response is required.   To the extent a response is deemed required,
10  Defendants deny the same.

11        h.      Paragraph 33h contains legal questions and/or conclusions to
12  which no response is required.   To the extent a response is deemed required,
13  Defendants deny the same.

14        i.      Paragraph 33i contains legal questions and/or conclusions to
15  which no response is required.   To the extent a response is deemed required,
16  Defendants deny the same.

17        j.      Paragraph 33j contains legal questions and/or conclusions to
18  which no response is required.   To the extent a response is deemed required,
19  Defendants deny the same.

20        k.      Paragraph 33k contains legal questions and/or conclusions to
21  which no response is required.   To the extent a response is deemed required,
22  Defendants deny the same.

23        l.      Paragraph 33l contains legal questions and/or conclusions to
24  which no response is required.   To the extent a response is deemed required,
25  Defendants deny the same.

26        m.      Paragraph 33m contains legal questions and/or conclusions to
27  which no response is required.   To the extent a response is deemed required,
28  Defendants deny the same.

1    n.    Paragraph 33n contains legal questions and/or conclusions to which no response is required.   To the extent a response is deemed required, Defendants deny the same.

4    o.    Paragraph 33o contains legal questions and/or conclusions to which no response is required.   To the extent a response is deemed required, Defendants deny the same.

7    p.    Paragraph 33p contains legal questions and/or conclusions to which no response is required.   To the extent a response is deemed required, Defendants deny the same.

34.    Paragraph 34 contains legal questions and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the same.

35.    Paragraph 35 contains legal questions and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the same.

36.    Paragraph 36 contains legal questions and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the same.

37.    Paragraph 37 contains legal questions and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the same.

38.    Paragraph 38 contains legal questions and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the same.

39.    Paragraph 39 contains legal questions and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the same.

40.    Paragraph 40 contains legal questions and/or conclusions to which no

response is required.  To the extent a response is deemed required, Defendants deny the same.

41.     Paragraph 41 contains legal questions and/or conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the same.

42.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and on that basis deny those allegations.

## FIRST CAUSE OF ACTION

### (Bane Act—Against LUNADA BAY BOYS and the Individual Defendants)

43.     Defendants restate and incorporate by reference the responses to Paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44.     Plaintiffs' First Cause of Action is not asserted against Defendants.  To the extent a response is deemed required, Defendants deny the same.

45.     Plaintiffs' First Cause of Action is not asserted against Defendants.  To the extent a response is deemed required, Defendants deny the same.

46.     Plaintiffs' First Cause of Action is not asserted against Defendants.  To the extent a response is deemed required, Defendants deny the same.

47.     Plaintiffs' First Cause of Action is not asserted against Defendants.  To the extent a response is deemed required, Defendants deny the same.

48.     Plaintiffs' First Cause of Action is not asserted against Defendants.  To the extent a response is deemed required, Defendants deny the same.

49.     Plaintiffs' First Cause of Action is not asserted against Defendants.  To the extent a response is deemed required, Defendants deny the same.

50.     Plaintiffs' First Cause of Action is not asserted against Defendants.  To the extent a response is deemed required, Defendants deny the same.

**CIVIL CONSPIRACY ALLEGATIONS**

51.    Plaintiffs' First Cause of Action is not asserted against Defendants.  To the extent a response is deemed required, Defendants deny the same.

52.    Plaintiffs' First Cause of Action is not asserted against Defendants.  To the extent a response is deemed required, Defendants deny the same.

53.    Plaintiffs' First Cause of Action is not asserted against Defendants.  To the extent a response is deemed required, Defendants deny the same.

**SECOND CAUSE OF ACTION**

**(Public Nuisance—LUNADA BAY BOYS and the Individual Defendants)**

54.    Defendants restate and incorporate by reference the responses to Paragraphs 1 through 53 of the Complaint as though fully set forth herein.

55.    Plaintiffs' Second Cause of Action is not asserted against Defendants. To the extent a response is deemed required, Defendants deny the same.

56.    Plaintiffs' Second Cause of Action is not asserted against Defendants. To the extent a response is deemed required, Defendants deny the same.

57.    Plaintiffs' Second Cause of Action is not asserted against Defendants. To the extent a response is deemed required, Defendants deny the same.

58.    Plaintiffs' Second Cause of Action is not asserted against Defendants. To the extent a response is deemed required, Defendants deny the same.

59.    Plaintiffs' Second Cause of Action is not asserted against Defendants. To the extent a response is deemed required, Defendants deny the same.

60.    Plaintiffs' Second Cause of Action is not asserted against Defendants. To the extent a response is deemed required, Defendants deny the same.

**THIRD CAUSE OF ACTION**

**(42 U.S.C. § 1983—Equal Protection—PALOS VERDES ESTATES and Defendant Chief of Police Kepley)**

61.    Defendants restate and incorporate by reference the responses to

1   Paragraphs 1 through 60 of the Complaint as though fully set forth herein.

2       62.   Defendants deny the allegations contained in Paragraph 62 of the

3   Complaint.

4       63.   Defendants deny the allegations contained in Paragraph 63 of the

5   Complaint.

6       64.   Defendants deny the allegations contained in Paragraph 64 of the

7   Complaint.

8       65.   Defendants deny the allegations contained in Paragraph 65 of the

9   Complaint.

10  **FOURTH CAUSE OF ACTION**

11  **(42 U.S.C. § 1983—Privileges and Immunities—PALOS VERDES**

12  **ESTATES and Defendant Chief of Police Kepley)**

13      66.   Defendants restate and incorporate by reference the responses to

14  Paragraphs 1 through 66 of the Complaint as though fully set forth herein.

15      67.   Plaintiffs' Fourth Cause of Action is no longer at issue, since the Court

16  granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action

17  without leave to amend.  To the extent a response is deemed required, Defendants

18  deny the same.

19      68.   Plaintiffs' Fourth Cause of Action is no longer at issue, since the Court

20  granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action

21  without leave to amend.  To the extent a response is deemed required, Defendants

22  deny the same.

23      69.   Plaintiffs' Fourth Cause of Action is no longer at issue, since the Court

24  granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action

25  without leave to amend.  To the extent a response is deemed required, Defendants

26  deny the same.

27

28

## FIFTH CAUSE OF ACTION

### (Violation of California Coastal Act—All Defendants)

70.     Defendants restate and incorporate by reference the responses to Paragraphs 1 through 69 of the Complaint as though fully set forth herein.

71.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

72.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

73.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

74.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

75.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

76.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

77.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

78.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

79.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

80.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

81.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

82.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

83.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

84.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

85.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

86.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

87.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

88.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

89.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

90.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

91.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

92.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

93.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

94.     Plaintiffs' Fifth Cause of Action is no longer at issue, since the Court granted Defendants' Motion to Dismiss as to Plaintiff's Fourth Cause of Action without leave to amend.  To the extent a response is deemed required, Defendants deny the same.

## SIXTH CAUSE OF ACTION

### (Assault—LUNADA BAY BOYS and the Individual Defendants)

95.     Defendants restate and incorporate by reference the responses to Paragraphs 1 through 94 of the Complaint as though fully set forth herein.

96.     Plaintiffs' Sixth Cause of Action is not asserted against Defendants. To the extent a response is deemed required, Defendants deny the same.

97.     Plaintiffs' Sixth Cause of Action is not asserted against Defendants. To the extent a response is deemed required, Defendants deny the same.

98.     Plaintiffs' Sixth Cause of Action is not asserted against Defendants. To the extent a response is deemed required, Defendants deny the same.

## SEVENTH CAUSE OF ACTION

### (Battery—LUNADA BAY BOYS and the Individual Defendants)

99.   Defendants restate and incorporate by reference the responses to Paragraphs 1 through 98 of the Complaint as though fully set forth herein.

100.   Plaintiffs' Seventh Cause of Action is not asserted against Defendants. To the extent a response is deemed required, Defendants deny the same.

101.   Plaintiffs' Seventh Cause of Action is not asserted against Defendants. To the extent a response is deemed required, Defendants deny the same.

## EIGHTH CAUSE OF ACTION

### (Negligence—LUNADA BAY BOYS and the Individual

### Defendants)

102.   Defendants restate and incorporate by reference the responses to Paragraphs 1 through 101 of the Complaint as though fully set forth herein.

103.   Plaintiffs' Eighth Cause of Action is not asserted against Defendants. To the extent a response is deemed required, Defendants deny the same.

104.   Plaintiffs' Eighth Cause of Action is not asserted against Defendants. To the extent a response is deemed required, Defendants deny the same.

105.   Plaintiffs' Eighth Cause of Action is not asserted against Defendants. To the extent a response is deemed required, Defendants deny the same.

106.   Plaintiffs' Eighth Cause of Action is not asserted against Defendants. To the extent a response is deemed required, Defendants deny the same.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, for their affirmative defenses to the claims asserted herein, Defendants state and allege as follows:

### FIRST AFFIRMATIVE DEFENSE

1.   The Complaint does not state facts sufficient to constitute a cause of action against Defendants.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

SECOND AFFIRMATIVE DEFENSE

2.     Plaintiffs' federal civil rights claim is barred because the Complaint fails to allege facts that go beyond mere tortious conduct, and thus, fails to meet the threshold requirements of a civil rights violation.

THIRD AFFIRMATIVE DEFENSE

3.     Plaintiffs' claims are barred, in whole or in party, for failure to join necessary parties.

FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of estoppel.

FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable waiver.

SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiffs' damages, if any, are the result of actions of individuals or entities other than Defendants for whose conduct Defendants are not responsible.

NINTH AFFIRMATIVE DEFENSE

9.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

TENTH AFFIRMATIVE DEFENSE

10.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

11.   Plaintiffs lack standing to bring this action.

## TWELFTH AFFIRMATIVE DEFENSE

12.   Defendant Chief of Police Jeff Kepley is immune from Plaintiffs' 42 U.S.C. § 1983 claim because, as an agent of the City of Palos Verdes Estates, he is not subject to such a claim in his official or personal capacity.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.   Plaintiff lacks standing to bring this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.   Defendants acted in good faith and did not directly or indirectly perform any act or omission whatsoever which would constitute a violation of any state or federal rights possessed by Plaintiffs.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.   Plaintiffs' federal civil rights claim is barred due to the existence of adequate state remedies.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.   The Plaintiff's federal civil rights claim is barred due to the existence of adequate state remedies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.   At all times relevant to this litigation, the acts or omissions of Defendants—if any—occurred while exercising due care in the execution or enforcement of a law thereby precluding Plaintiffs from any recovery from Defendants. California Government Code § 820.4.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.   Defendants are immune from liability in that the injuries and damages, if any, sustained by Plaintiffs at the times and places alleged in the Complaint were a direct and proximate result of the acts, omissions or negligence of third parties not within the knowledge or control of the Defendants, and were sustained, if at all,

without any wrongful act or omission on the part of the Defendants.   California Government Code § 820.8.

### NINETEENTH AFFIRMATIVE DEFENSE

19.   Defendants are immune from liability in that the injuries and damages, if any, sustained by Plaintiff at the times and places alleged in the Complaint were a direct and proximate result of the acts, omissions or negligence of third parties not within the knowledge or control of the Defendants, and were sustained, if at all, without any negligence or wrongful act or omission on the part of the Defendants. California Government Code § 820.8.

### TWENTIETH AFFIRMATIVE DEFENSE

20.   At all times relevant to this litigation, Defendants or an employee of Defendants were exercising the discretion vested in Defendants or their employees, and Plaintiffs are precluded from recovering from Defendants, whether or not such discretion was abused.  California Government Code § 820.2.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.   At all times relevant to this litigation, Defendants acted in good faith, without malice, and under the apparent authority of an enactment thereby precluding Plaintiffs from recovering from Defendants.   California Government Code § 820.6.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.   Defendants are entitled to a qualified immunity for any state or federal civil rights claim.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.   Plaintiffs' federal civil rights claim is barred because there is no imputed liability for public employees.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.   Defendants are immune from liability under Plaintiffs' federal civil rights claim because their conduct did not violate clearly established rights.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Plaintiffs' federal civil rights claim is barred because Defendants were not deliberately indifferent to Plaintiffs' constitutional rights.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    At no time relevant to this litigation did Plaintiffs sustain any violation of their civil rights pursuant to a governmental habit or custom, which precludes Plaintiffs from maintaining their cause of action for violation of civil rights. (*Monell v. Dept. of Social Services* (1978) 436 U.S. 658.)

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    At all times relevant to this litigation, Defendants were performing discretionary functions and Defendants' conduct did not violate any established statutory or constitutional rights or which a reasonable person would have known, and Plaintiffs are thereby precluded from maintaining their causes of action for violation of her civil rights. (*Harlow v. Fitzgerald* (1981) 457 U.S. 800.)

TWENTY-EIGHT AFFIRMATIVE DEFENSE

28.    At all times relevant to this litigation, Defendants acted in good faith and with probable cause, and at no time did Defendants know or should Defendants have known that the actions taken within the sphere of Defendants' official responsibilities would violate the constitutional rights of Plaintiffs—Plaintiffs are thereby precluded from maintaining her causes of action for violation of her civil rights. (*Harlow v. Fitzgerald* (1981) 457 U.S. 800.)

TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    To the extent the Complaint is based on a theory of respondent superior against Defendants, Defendants are immune from liability.  (*Monell v. Dept. of Social Services* (1978) 436 U.S. 658.)

THIRTIETH AFFIRMATIVE DEFENSE

30.    Defendants assert that discovery may reveal the existence of other affirmative defenses pursuant to Rule 8 of the Federal Rules of Civil Procedure, and

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

1   Defendants reserve the right to amend this Answer to allege any and all of said

2   affirmative defenses as may be applicable.

3                          **DEMAND FOR A JURY TRIAL**

4          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants

5   demand that this matter be tried by and before a jury to the extent provided by law.

6                                  **PRAYER**

7          WHEREFORE, Defendants pray for judgment herein as follows:

8          1.      That Plaintiffs take nothing by way of the Complaint;

9          2.      That Defendants be dismissed, and that Defendants recover their

10  attorneys' fees incurred herein;

11         3.      That Defendants be dismissed, and that Defendants recover their costs

12  of suit incurred herein; and

13         4.      Such other and further relief as the Court deems just and proper.

14

15  Dated: July 25, 2016              KUTAK ROCK LLP

16

17                                    By: /s/ *Edwin J. Richards*
                                          Edwin J. Richards
18                                        Antoinette P. Hewitt
                                          Christopher D. Glos
19                                        Rebecca L. Wilson
                                          Attorneys for Defendants
20                                        CITY OF PALOS VERDES ESTATES
                                          and CHIEF OF POLICE JEFF KEPLEY
21

22

23

24

25

26

27

28