```
 1                UNITED STATES DISTRICT COURT

 2        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3         HONORABLE S. JAMES OTERO, U.S. DISTRICT JUDGE

 4


 5   CORY SPENCER, et al.,             )
                                       )
 6             Plaintiffs,             )
                                       )        Case No.
 7       vs.                           )      CV16-02129 SJO
                                       )
 8   LUNADA BAY BROTHERS, et al.,      )
                                       )
 9             Defendants.             )
     _____)

10

11

12               REPORTER'S TRANSCRIPT OF
               MANDATORY SCHEDULING CONFERENCE
13                MONDAY, AUGUST 29, 2016
                        8:43 A.M.
14                LOS ANGELES, CALIFORNIA

15

16

17

18

19

20

21
     _____
22
           CAROL JEAN ZURBORG, CSR NO. 7921, CCRR
23            FEDERAL OFFICIAL COURT REPORTER
             312 NORTH SPRING STREET, ROOM 414
24            LOS ANGELES, CALIFORNIA  90012
                    (213) 894-3539
25
```

```
 1                    APPEARANCES OF COUNSEL:

 2

 3   FOR THE PLAINTIFFS:

 4       HANSON BRIDGETT LLP
         BY:  KURT A. FRANKLIN
 5            Attorney at Law
         425 Market Street, 26th Floor
 6       San Francisco, California 94105
         (415) 777-3200
 7
         OTTEN LAW PC
 8       BY:  VICTOR OTTEN
              Attorney at Law
 9       3620 Pacific Coast Highway, Suite 100
         Torrance, California 90505
10       (310) 378-8533

11
     FOR THE DEFENDANT SANG LEE:
12
         LEWIS BRISBOIS BISGAARD & SMITH LLP
13       BY:  TERA A. LUTZ
              Attorney at Law
14       633 West 5th Street, Suite 4000
         Los Angeles, California 90071
15       (213) 250-1800

16
     FOR THE DEFENDANT MICHAEL RAE PAPAYANS:
17
         HAVEN LAW
18       BY:  PETER T. HAVEN
              Attorney at Law
19       1230 Rosecrans Avenue
         Manhattan Beach, California 90266
20       (213) 842-4617

21   FOR THE DEFENDANTS ANGELO FERRARA AND N.F.:

22       LAW OFFICES OF MARK C. FIELDS APC
         BY:  MARK FIELDS
23            Attorney at Law
         333 South Hope Street, Suite 3500
24       Los Angeles, California 90071
         (213) 617-5225

25
```

```
 1              APPEARANCES OF COUNSEL (Continued):

 2


 3   FOR THE DEFENDANTS CITY OF PALOS VERDES ESTATES AND
     JEFF KEPLEY:
 4
        KUTAK ROCK LLP
 5      BY:  EDWIN J. RICHARDS, JR.
             Attorney at Law
 6      5 Park Plaza, Suite 1500
        Irvine, California 92614
 7      (949) 417-0999

 8   FOR THE DEFENDANT BRANT BLAKEMAN:

 9      VEATCH CARLSON, LLP
        BY:  JOHN P. WORGUL
10      BY:  RICHARD P. DIEFFENBACH
             Attorneys at Law
11      1055 Wilshire Boulevard, 11th Floor
        Los Angeles, California 90017
12      (213) 381-2861

13   FOR THE DEFENDANTS FRANK FERRARA AND CHARLIE FERRARA:

14      BREMER WHYTE BROWN & O'MEARA LLP
        BY:  WILLIAM LOCKE
15           Attorney at Law
        21271 Burbank Boulevard, Suite 110
16      Woodland Hills, California 91367
        (818) 712-9800

17

18

19

20

21

22

23

24

25
```

```
 1            LOS ANGELES, CALIFORNIA; MONDAY, AUGUST 29, 2016

 2                              8:43 A.M.

 3                              --oOo--

 4            THE COURTROOM DEPUTY:  Calling Item No. 5:  Case

 5   number CV 16-02129 SJO; Cory Spencer, et al., versus Lunada Bay

 6   Boys, et al.

 7       Counsel, would you please come forward and state your

 8   appearance.

 9       Your Honor, the clerk has received an e-mail from an

10   attorney by the name of William Locke, L-o-c-k-e, who indicates

11   he is going to be representing two defendants, Frank Ferrara

12   and Charlie Ferrara, who are not currently represented by

13   counsel, formerly represented by counsel.  He is running late.

14   He is on the freeway also.

15            MR. FRANKLIN:  Your Honor, Kurt Franklin on behalf

16   of the plaintiffs.

17            MR. OTTEN:  Good morning, Your Honor.  Vic Otten on

18   behalf of the plaintiffs.

19            MS. LUTZ:  Good morning, Your Honor.  Tera Lutz on

20   behalf of defendant Sang Lee.

21            MR. FIELDS:  Good morning, Your Honor.  Mark Fields

22   for Angelo Ferrara and N.F.

23            MR. HAVEN:  Good morning, Your Honor.  Peter Haven

24   on behalf of Defendant Michael Papayans.

25            MR. RICHARDS:  Ed Richards, Your Honor, on behalf of
```

1   the City of Palos Verdes Estates and Chief Jeff Kepley.
2           MR. DIEFFENBACH:  Good morning, Your Honor.  I'm
3   Richard Dieffenbach on behalf of Brant Blakeman, defendant.
4           MR. WORGUL:  Good morning, Your Honor.  John Worgul
5   on behalf of Brant Blakeman.
6           THE COURT:  We will start with the plaintiffs again.
7   I have Mr. Victor Otten, yes?
8           MR. OTTEN:  Yes, Your Honor.
9           THE COURT:  Then I didn't get the appearance of the
10  first counsel.
11          MR. FRANKLIN:  It's Kurt, K-u-r-t, Franklin, Hanson
12  Bridgett law firm.
13          THE COURT:  Kurt Franklin?
14          MR. FRANKLIN:  Franklin.
15          THE COURT:  Sacramento?
16          MR. FRANKLIN:  San Francisco.
17          THE COURT:  And you are trial counsel?
18          MR. FRANKLIN:  Correct.
19          THE COURT:  And, Mr. Otten, you're trial counsel
20  also?
21          MR. OTTEN:  Yes, Your Honor.
22          THE COURT:  And then I assume, for the appearing
23  defendants today, I have all the trial lawyers who will try the
24  case.
25          MS. LUTZ:  Your Honor, that's not necessarily

1  correct.  I'm not trial counsel, but just for the record, I am
2  on the trial team, and I'm ready.
3             THE COURT:  Read the rules.  You're in federal
4  court.
5             MS. LUTZ:  Yes, Your Honor.
6             THE COURT:  Trial counsel needs to be here.
7             MS. LUTZ:  One is out of the country, Your Honor.
8  The other is currently in trial.
9             THE COURT:  Read the rules.
10        You can have a seat.
11        Okay.  The matter is here for a scheduling conference, and
12 the parties have filed, I think, a thorough proposed 26 -- or a
13 thorough report discussing several issues.  Counsel for
14 plaintiff has taken the position that this is a complex matter
15 and that the manual for complex litigation should be used.
16        Let's see.  Since I have been on the federal court, I have
17 handled 113 class action cases.  We handle -- I'm part of the
18 patent program, and I have handled patent cases involving 77
19 defendants, and I have never used the complex manual.
20            MR. FRANKLIN:  Understood, Your Honor.
21            THE COURT:  So this is not a complex case.  There's
22 certain complexities in the case, but it doesn't qualify as a
23 complex case, so I would agree with the defendants that the
24 manual should not be employed in this case.
25        The parties have requested the E-discovery procedures and

 1   rules in Northern California, the practices should be employed
 2   here.  And it appears that there's an agreement that those
 3   E-discovery practices would be appropriate for implementation
 4   in this case.  I see no reason not to do that in light of the
 5   agreement of counsel, with one exception.  The Northern rules
 6   reference that disputes should be resolved by the Court, and in
 7   the Central District, discovery disputes are resolved by the
 8   magistrate judge.  So any discovery disputes would be referred
 9   to the magistrate judge.
10        The parties have requested clarification of the Court's
11   July 11th, 2016 dismissal order.  In the dismissal order the
12   Court dismissed plaintiff's Coastal Act claim against the City
13   defendants, and the parties have requested clarification as to
14   whether the Court's order applies to all defendants.
15        In reviewing the order, the July 11th order, the motion
16   was brought only on behalf of the City defendants, City of
17   Palos Verdes Estates, and then the police chief.  There was no
18   motion by any of the other defendants to join in that motion.
19   And in the Court's order -- in the Court's July 11th order,
20   quoting from the order of the Court, accordingly dismisses
21   plaintiff's fifth cause of action for violation of California
22   Coastal Act as to the City defendants without leave to amend.
23        So I think the order clearly references that it only
24   applies to -- that it only applies to the City defendants.
25   That being said, I think that the rationale would also apply to

1  the other defendants.  So you can enter into an agreement or
2  stipulation, or if the parties choose, the defendants can --
3  the individual defendants can file a motion for judgment of the
4  pleadings if they have already answered.
5      How do you wish to proceed on that?  Do you really need
6  the defendants to formally move in light of the Court's ruling?
7          MR. FRANKLIN:  No, Your Honor.
8          THE COURT:  Then it would be stipulated that it
9  would apply to all defendants.
10     Is that agreed by all appearing counsel?
11     (Multiple defense attorneys said "Yes.")
12         THE COURT:  In reference to trial, I time-manage
13 cases.  The time estimate is 20 days.  It's not going to be a
14 20 days case.  In the most complex cases that we handle here, I
15 give 12 hours each side, 12-1/2 hours each side, which is a
16 long period of time.  And it's always subject to modification
17 if there are certain issues that require some -- the case --
18 the trial time to be modified, but we can discuss that more at
19 the pretrial conference.
20     What's the status of the state court action?
21         MR. FRANKLIN:  Filed but not served, Your Honor.
22         THE COURT:  And do you intend to serve it?
23         MR. FRANKLIN:  Well, we were waiting to learn more
24 today, so yes, we would plan to serve that at some point.
25         THE COURT:  So we are going to have companion -- we

```
 1  are going to have parallel litigation in state court and then
 2  one in federal court.
 3           MR. OTTEN:  Yes.  The state is just Coastal Act,
 4  Your Honor.
 5           THE COURT:  And has the coastal commission weighed
 6  in at all?  What's the status of their interests in the case?
 7           MR. FRANKLIN:  They are very interested in the case.
 8  I was on the phone with their lead inhouse attorney last week
 9  and their lead supervisor in terms of enforcement.  In terms of
10  participating in -- attempting to participate in the federal
11  case, which it sounds like that may not be an opportunity, but
12  in the state case, they have to go before their board in closed
13  session to take any action like that.  So I don't want to
14  misquote them.  They're interested in filing in this case, and
15  they're evaluating how they might participate.
16           THE COURT:  And then what is the status as to Frank
17  Ferrara and then Charlie Ferrara?  Have they been served?
18           MR. FRANKLIN:  We made effort to serve each of them,
19  both with personal service.  Mr. Otten has sent out process
20  servers to each location.  We have sent out mail and UPS notice
21  of this hearing, and we just recently last week -- we know we
22  would need the Court's permission for substitute service, but
23  we mailed a copy of the summons and complaint too.  They have
24  not been served in theory, but we served comments, we read
25  comments about the lawsuit in the paper, but --
```

1             THE COURT:  I would think you could locate them at
2    Lunada Bay.
3             MR. LOCKE:  Good morning, Your Honor.  William
4    Locke, specially appearing for Frank and Charlie Ferrara.
5             THE COURT:  You are on the wrong side.
6             MR. LOCKE:  There is no more seating over there.  I
7    apologize for my tardiness.
8             THE COURT:  You arrived at the right time.  I was
9    inquiring as to the status -- are they brothers?
10            MR. LOCKE:  Your Honor, to tell you the truth, we
11   got the case last week, so we haven't even made contact with
12   our clients.
13            THE COURT:  But is Frank and Charlie Ferrara, are
14   they brothers?
15            MR. LOCKE:  I believe they are father and son.
16            THE COURT:  And then, Counsel, you are here for what
17   purpose?
18            MR. LOCKE:  Specially appearing.
19            THE COURT:  There is no such type of appearance in
20   federal court.  So you are either representing them, or you are
21   not representing them.
22            MR. LOCKE:  Okay.  We are representing them.  And
23   the answer will be on file tomorrow.
24            THE COURT:  So you intend to answer the complaints?
25            MR. LOCKE:  Yes, Your Honor.

```
 1                THE COURT:  Then how much time do you need to
 2   answer?
 3                MR. LOCKE:  By the end of the week.
 4                THE COURT:  By the end of the week.  Okay.
 5        Then is Frank the father, do you know?
 6                MR. FRANKLIN:  Yes, he is.
 7                THE COURT:  Frank Ferara and Charlie Ferara are now
 8   represented.  Counsel has made an appearance.  And then the
 9   Ferraras will have until September 2nd -- I think that's
10   Friday -- to file and serve their answer.
11        Do you intend to answer?
12                MR. LOCKE:  Yes, Your Honor.
13                THE COURT:  To file and serve their answer.
14        And then in reference to -- we need a date for the filing
15   of the motion for class cert.  We have a 90-day rule here in
16   the federal court in the Central District, but the plaintiff
17   has filed a motion to appear on or before December 31st.
18                MR. FRANKLIN:  Yes, Your Honor.
19                THE COURT:  And that appears to be -- it's not
20   totally consistent with the local rule, but it's an ambitious,
21   I think, date.  Does any counsel wish to be heard on that?
22        I would impose that as an order.  The filing of the motion
23   for class cert, 12/31/2016; opposition 14 days thereafter; and
24   then plaintiff's reply 7 days thereafter; and then a hearing in
25   February of 2017.  So let's -- 12/31/2016.
```

```
 1              THE COURTROOM DEPUTY:  Your Honor, that's a
 2   Saturday.  They could still file it on a Saturday unless you
 3   want it on a Friday.
 4              THE COURT:  Let's do it on the Friday.
 5              THE COURTROOM DEPUTY:  Filing of the class cert will
 6   be Friday, December the 30th, 2016.
 7              THE COURT:  By -- let's make that by 4:00.
 8              THE COURTROOM DEPUTY:  And then opposition would be
 9   filed by Friday, January the 13th, 2017.
10        How much time for reply?
11              THE COURT:  Seven days to reply.
12              THE COURTROOM DEPUTY:  So that would be Friday,
13   January the 20th, 2017.
14        How much time do you want a hearing?
15              THE COURT:  They have requested a hearing in
16   February of 2017, so --
17              THE COURTROOM DEPUTY:  Right, but for the Court --
18              THE COURT:  At least two weeks after the reply.
19              THE COURTROOM DEPUTY:  I will set it for Tuesday,
20   February the 21st, 2017, at 9:00 a.m. -- 10:00 a.m.
21              THE COURT:  Does that work?
22              MR. FRANKLIN:  Works for us, Your Honor.
23              UNIDENTIFIED COUNSEL:  Yes, Your Honor.
24              THE COURT:  And then in terms of the trial date, the
25   plaintiffs have proposed a trial in, let's see, 2017.  Was it
```

```
 1  September 2017?
 2           MR. FRANKLIN:  Yes, Your Honor.
 3           THE COURT:  So that you would not lose the surfing
 4  season.  And with all due respect to the surfing season, the
 5  Court has to balance the plaintiffs' concerns here with the
 6  defendants' right to properly prepare the case.
 7           MR. FRANKLIN:  Understood, Your Honor.
 8           THE COURT:  So we are not going to be able to set it
 9  in September, but at the same time, we are not going to go into
10  2018.  So I'm looking at a date in -- probably first date in
11  November of 2017.
12           THE COURTROOM DEPUTY:  Okay.  Your Honor, we have
13  Tuesday, November the 7th, 2017, at 9:00 a.m.
14           THE COURT:  How does that work on your respective
15  calendars?  Work?
16           MR. FRANKLIN:  Works, Your Honor.
17           THE COURT:  And then let's go to the pretrial, and
18  let's get a pretrial two weeks prior to the trial date.
19           THE COURTROOM DEPUTY:  Yes, Your Honor.  That will
20  be Monday, October the 23rd, 2017, at 9:00 a.m.
21           THE COURT:  Motion hearing cutoff.  Let's get
22  that -- rather than calculating it from the trial date, let's
23  calculate from the pretrial.
24           THE COURTROOM DEPUTY:  Okay.  So that will be
25  Monday, August the 21st, 2017, at 10:00 a.m.
```

**UNITED STATES DISTRICT COURT**

```
 1                THE COURT:  Discovery cutoff.
 2                THE COURTROOM DEPUTY:  That will be Monday, August
 3    the 7th, 2017.
 4                THE COURT:  In terms of cooperation amongst the
 5    defendants, are there -- to the extent there's common issues
 6    that would apply to all or most of the defendants, I would
 7    expect that counsel should meet and confer on those issues and
 8    then bring one motion jointly filed by all concerned
 9    defendants.  And then to the extent you have separate issues,
10    then we can hear or handle motions involving issues that are
11    discrete to the respective defendants.
12         So has there been much coordination between the
13    defendants?
14         Yes?
15         And then in terms of settlement, what is your pleasure in
16    terms of settlement?  Look, I think you should probably think
17    about stipulating or agreeing to a private settlement officer,
18    and I would suggest a retired federal district court judge, and
19    you select.
20                MR. FRANKLIN:  We have selected magistrate --
21    retired magistrate James Larson, and I think defense suggested
22    someone else.
23                THE COURT:  From the Northern District?
24                MR. FRANKLIN:  Yes.
25                THE COURT:  That's fine.  Same thing, very skilled.
```

```
 1  And if everyone would agree -- will the defendants agree to
 2  Judge Larson?
 3          MR. RICHARDS:  If I may address the Court.
 4          THE COURT:  Do you need more time to consider?
 5          MR. RICHARDS:  We are in agreement.  We have met and
 6  conferred.  We have agreed to go to private ADR.  We are not in
 7  agreement with regard to who we will use.
 8          THE COURT:  Okay.  Anything further?
 9          MR. FRANKLIN:  With respect to -- can we assume that
10  the ordinary rules of civil procedure would apply in terms of
11  limits on numbers of depositions and that type of thing?  That
12  was in our pretrial, so --
13          THE COURT:  Yes.  The standard -- the federal rules
14  would apply in terms of numbers, and if there's stipulations to
15  extend that, and everyone agrees, you can do that.
16      I think that covers most of it.
17          MR. FRANKLIN:  Yeah.  Of particular --
18          THE COURT:  If you have discovery disputes and you
19  think you need more discovery or less discovery, that dispute
20  would be referred to the magistrate judge.
21          MR. FRANKLIN:  Understood.  So if we are using the
22  FRCP as a baseline, we are okay with that.  If the parties want
23  to go outside of that, we understand how to do that.
24          THE COURT:  Yes.  You can do that by stipulation.
25  And if you cannot stipulate, then it's resolved by the federal
```

```
 1  magistrate judge.
 2          MR. FRANKLIN:  Understood, Your Honor.
 3          THE COURT:  Okay.  And I think -- are there going to
 4  be other defendants that are going to be brought in?
 5          MR. FRANKLIN:  Two other defendants, Your Honor:
 6  Mr. David Mellow and Mr. Mark Griep, who we plan to substitute
 7  in for a Doe if we are permitted to do so.
 8          THE COURT:  That's David Mellow and then Mark
 9  G-r-i-e-p?
10          MR. FRANKLIN:  Yes.  I pronounced it Griep, but
11  that's the person.
12          THE COURT:  They have not been served?
13          MR. FRANKLIN:  They have not been served,
14  Your Honor.  We have been awaiting the Court's permission to do
15  so.
16          THE COURT:  What's the status of the structure that
17  was out in the bay?  Has that been removed?
18          MR. FRANKLIN:  I will let you know what I know, and
19  the city's attorney, I'm sure, has more on that.  The city
20  council in the early summer voted to refer to their planning
21  commission to take some type of action on it with respect to
22  removing it.  Mr. Richards has represented that it will be
23  taken out, I'm not sure when, but I will let him speak to that.
24          THE COURT:  Does the coastal commission have to
25  weigh in on how it's removed?
```

1        MR. RICHARDS:  Yes.  The removal has to be permitted
2   by the coastal commission.  Counsel has made the decision for
3   it to be removed, and that process -- administrative process is
4   in the works, which will include an upcoming hearing before the
5   planning commission I believe in September.  I believe
6   September.
7        THE COURT:  September?
8        MR. RICHARDS:  So what I would say, Your Honor, it's
9   moving forward, and it's going to be removed assuming the
10  coastal commission permits.
11       THE COURT:  Yes.  I understand the coastal
12  commission may have to weigh in on the date and how it's
13  removed and to make sure that it's consistent with the rules
14  and regulations of the coastal commission.
15       MR. FRANKLIN:  Yeah.  In terms of my communication
16  with coastal commission staff, if the rock ford is above the
17  mean high tide line, then they don't need the Coastal
18  Commission's permission to remove it.  They will have to work
19  that out directly.  If any part falls below the mean high tide
20  line, we will need coastal commission permission to remove it.
21      But with respect to the other actions like blocking access
22  to the bluff and those types of things, there's been no permit
23  by anybody, and certainly the coastal commission would be
24  unlikely to grant that.  That's the other piece of the Coastal
25  Act claim.

```
 1                THE COURT:  Okay.  Is there anything else that we
 2   need to discuss?  I think everything is covered.
 3                MR. FRANKLIN:  No, Your Honor.  Thank you very much.
 4                THE COURT:  Anything else?
 5         Yes, sir?  And would you state your appearance for the
 6   record.
 7                MR. FIELDS:  Yes.  Mark Fields for Angelo Ferrara
 8   and N.F.  I think the petition had guardian ad litem, and
 9   that's still under submission.
10                THE COURT:  Okay.  Let me just direct the clerk to
11   find that, and that should be -- we should sign that today and
12   approve it.
13         Anything else?
14         That's it.  Thank you.
15                MR. FRANKLIN:  Thank you, Your Honor.
16                UNIDENTIFIED COUNSEL:  Thank you.
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF OFFICIAL REPORTER**

COUNTY OF LOS ANGELES )
)
STATE OF CALIFORNIA )

     I, CAROL JEAN ZURBORG, Federal Official Realtime Court Reporter, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the judicial conference of the United States.

Date: October 4, 2016

/s/ CAROL JEAN ZURBORG
_____
CAROL JEAN ZURBORG, CSR NO. 7921, CCRR
Federal Official Court Reporter