HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
clee@hansonbridgett.com
JENNIFER ANIKO FOLDVARY, SBN 292216
jfoldvary@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:   (916) 442-3333
Facsimile:   (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone:   (310) 378-8533
Facsimile:   (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**OPPOSITION TO DEFENDANT BRANT BLAKEMAN'S EX PARTE APPLICATION FOR A PROTECTIVE ORDER** |

Plaintiffs,

v.

LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,

Defendants.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Cory Spencer, Diana Milena Reed, and Coastal Protection Rangers, Inc. ("Plaintiffs") oppose the ex parte application of Defendant Brant Blakeman ("Defendant") for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP"). Defendant failed to provide Plaintiffs with the required notice of this ex parte application; his request for a protective order is procedurally improper and substantively baseless; and Plaintiffs' discovery to date does not merit the granting of Defendant's requested relief.

## II. DEFENDANT DID NOT ORALLY ADVISE PLAINTIFFS' COUNSEL OF THE DATE OR SUBSTANCE OF THIS EX PARTE APPLICATION.

Defendant did not give Plaintiffs' counsel proper notice of the filing of the instant ex parte application. Rule 7-19.1 of the Central District's Civil Local Rules requires a party who applies for an ex parte order to "make ***reasonable, good faith efforts orally to advise*** counsel for all other parties, if known, of the ***date and substance of the proposed ex parte application***." L.R. 7-19.1 (emphases added). Defendant failed to make such reasonable, good faith efforts prior to filing the instant application.

Prior to filing this application, Defendant's counsel Peter Crossin left Plaintiffs' counsel Kurt Franklin a voicemail on November 8, 2016 at 11:02 AM with the following message:

> "Hey Kurt, it's Pete Crossin from Veatch Carlson calling you on Spencer v. Lunada Bay Boys regarding meet and confer letters that have gone back and forth between Richard Dieffenbach and Vic Otten. I called Otten a little while ago and he wasn't in. Didn't expect him in until later this afternoon, so I'm giving you a call. Can you give me a call? (213) 404-1101. Again, it's Pete Crossin at Veatch Carlson."

(Otten Dec. ¶11.) Notably, Mr. Crossin's voicemail did not mention that

1  Mr. Crossin intended to file an ex parte application later that day, nor did it refer to
2  the substance of his proposed ex parte application. Mr. Crossin could have easily
3  included that information – which is required by L.R. 7-19.1 – in his voicemail, but
4  he did not.

5       Mr. Crossin also called Mr. Otten's office at 10:57 AM on November 8, 2016,
6  and requested to speak with Mr. Otten. (Otten Dec. ¶11.) Mr. Otten's office
7  informed Mr. Crossin that Mr. Otten was in Court and would not be back in the
8  office until the afternoon. (Otten Dec. ¶11.) Mr. Crossin did not leave a message.
9  (Otten Dec. ¶11.)

10      At 3:28 PM, just four and a half hours after Mr. Crossin left Mr. Franklin the
11 above-referenced voicemail, Defendant filed the instant ex parte application.

12      Based on these facts, Defendant did not make reasonable, good faith efforts to
13 orally advise counsel of the date and substance of the proposed ex parte application,
14 as required by L.R. 7-19.1. Instead, he left one voicemail just a few hours before
15 filing the ex parte application, in which he did not refer to the fact that he intended
16 to file an ex parte application. He did not attempt to call Mr. Franklin or Mr. Otten
17 again to speak with them on the phone.

18      In fact, Defendant acknowledged in his ex parte application that the only
19 notice that he gave to Plaintiffs about filing an ex parte application was contained in
20 his November 7, 2016 meet and confer letter. This written letter, paired with Mr.
21 Crossin's vague voicemail to Mr. Franklin to call him back, does not constitute
22 "reasonable, good faith efforts orally to advise counsel" of Defendant's instant ex
23 parte application.

24      Therefore, Defendant has not provided Plaintiffs with sufficient notice of this
25 application. Plaintiffs ask the Court to not waive the notice requirement under L.R.
26 7-19.2 because the interests of justice do not require such action.

27
28

### III. DEFENDANT'S REQUEST FOR A PROTECTIVE ORDER IS PROCEDURALLY IMPROPER AND SUBSTANTIVELY BASELESS.

#### A. Defendant Should Have Sought a Protective Order With a Noticed Motion After Meeting and Conferring with Counsel.

Defendant improperly seeks a protective order under FRCP 26(c) through an ex parte application, not the required noticed motion, to forbid the deposition of his client scheduled for tomorrow, November 10, 2016. Pursuant to FRCP 26(c)(1), a party may move for a protective order regarding discovery matters only with a showing of "good cause" for the issuance of the protective order. FRCP 26(c)(1) allows the court to order relief when a moving party files a noticed motion.

Both the Federal Rules of Civil Procedure and the Central District's Local Rules set forth procedures for filing a noticed motion that Defendant did not follow. A moving party's noticed motion must "include a certification that the movant has in *good faith conferred* or attempted to confer with other affected parties in an effort to resolve the dispute without court action." FRCP 26(c)(1) (emphasis added). Additionally, per Central District L.R. 37-2, a moving party must file a stipulation along with its motion. The motion is heard on the Judge's regular Motion Day, not earlier than 21 days after the filing of the motion. L.R. 37-3.

Here, Defendant did not meet and confer with counsel in good faith before filing for a protective order (*see* discussion above regarding Defendant's counsel's one voicemail to Mr. Franklin less than 5 hours before filing for a protective order); he did not file a noticed motion to be heard on the Court's Motion Day; and he did not file a stipulation along with his motion.

#### B. Defendant's Circumstances Do Not Merit Ex Parte Relief.

Instead of filing a properly noticed motion, Defendant used the improper procedure of the ex parte application, a device only intended for extraordinary circumstances. *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp.2d 1203, 1205 (C.D. Cal. 2013) (holding that ex parte applications may be appropriate when (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other

party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought).  As this Court has held, "the opportunities for legitimate ex parte applications are extremely limited." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989);  *see also Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 489 (C.D. Cal. 1995) (to be proper, an ex parte application must demonstrate good cause to allow the moving party to "go to the head of the line in front of all other litigants and receive special treatment").

The Central District has promulgated rules that explicitly forbid the filing of discovery motions on an ex parte basis "absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party." L.R. 37-3.  As discussed below, Defendant has not demonstrated that extraordinary circumstances merit the filing of the instant ex parte application instead of a noticed motion.  Defendant has been aware of his deposition for the past month, yet has waited in bad faith for two days before his deposition to seek a baseless postponement of his deposition through a procedurally improper channel.

On October 10, 2016, Plaintiffs' counsel properly noticed Defendant's deposition, Richard Dieffenbach, for October 18, 2016.  (Otten Dec. ¶6.) Defendant's counsel insisted on rescheduling the deposition, and Plaintiffs' counsel agreed to continue Defendant's deposition to November 10, 2016.  (Otten Dec. ¶6.) Accordingly, on October 27, 2016, Plaintiffs' counsel served an amended deposition notice on Defendant – two full weeks before Defendant's deposition.  (Otten Dec. ¶7.)

Notwithstanding this advanced notice, Defendant's counsel sent a meet and confer letter at 4:30 PM on Friday, October 28, 2016, stating the following: "PLEASE NOTE THAT DUE TO THIS DISCOVERY DISPUTE MR. BLAKEMAN WILL NOT BE PRODUCED FOR DEPOSITION UNTIL THIS

DISPUTE HAS BEEN RESOLVED." (Otten Dec. ¶8.) The discovery dispute to which Defendant's counsel referred was Defendant's demand for Plaintiffs to provide amended responses and objections.

In response to Mr. Dieffenbach's letter, Mr. Otten sent Mr. Dieffenbach an email on November 1, 2016, informing Defendant that the Parties had not agreed to reschedule Defendant's deposition. Mr. Otten further noted that Defendant's attempt to unilaterally reschedule a reasonably noticed deposition pursuant to FRCP 30(b)(1) was improper. In this same email, Mr. Otten also informed Defendant's counsel that arrangements had been made for a court reporter, videographer, and travel and lodging accommodations for Plaintiff's counsel from San Francisco. (Otten Dec. ¶9.)

Despite Mr. Otten's prompt response to Defendant's counsel, Defendant's counsel did not contact Plaintiff's counsel about Defendant's deposition until Monday, November 7, 2016, six days after Mr. Otten's email that indicated that the deposition was going forward. Any purported prejudice was caused by Defendant's own delay.

Because Defendant used improper procedures and has no basis for extraordinary ex parte relief ok circumventing the appropriate channels for raising the instant request to stay his deposition, the Court should deny his request.

**IV. EVEN IF THE COURT ACCEPTS DEFENDANT'S PROCEDURE FOR REQUESTING A PROTECTIVE ORDER, SUCH RELIEF IS NOT MERITED.**

**A. Defendant's Obligation to Appear at His Deposition Is Not Impacted by His Objection to Unrelated Written Discovery.**

Defendant cannot correlate his obligation to appear for his deposition in a case in which he is a party with unrelated discovery disputes. Defendant's deposition was properly noticed pursuant to FRCP 30(b)(1). Defendant has cited no legal authority for his attempt to unilaterally reschedule his properly noticed deposition. Instead, he attempts to tie his obligation to appear for deposition with

what he perceives to be discovery deficiencies. Defendant must appear for his deposition despite his objections to Plaintiffs' discovery, which, as discussed *infra*, Plaintiffs maintain has been proper to date.

### B. Plaintiffs Have Fulfilled Their Discovery Obligations.

#### 1. Initial Disclosures

Plaintiffs' Initial Disclosures pursuant to FRCP 26(a)(1) were extremely detailed. They included 116 potential witnesses, 22 police reports, photographs, correspondence and videos. (Otten Dec. ¶2.) In contrast, the only witnesses disclosed in Defendant's Initial Disclosures, other than the Defendants and witnesses listed by the City of Palos Verdes, was counsel for Plaintiffs, Victor Otten. (Otten Dec. ¶2.)

In the instant ex parte application, Mr. Crossin's characterization of the meet and confer process regarding the Plaintiffs' Initial Disclosures pursuant to FRCP 26(a)(1) is noteworthy for what it fails to inform the Court. On September 17, 2016, Mr. Otten sent an email in response to the September 2, 2016 meet and confer letter of Defendant's counsel, Mr. Worgul, regarding Plaintiffs' Initial Disclosures stating:

Dear John,

This is in response to your September 2, 2016 letter regarding initial disclosures. The Kutak Rock law firm scheduled a meet-and-confer over initial disclosures last week. I've already had a long call with Jacob Song of this firm and we planned to follow up on Friday. It would be most efficient if you, and any other defendant coordinated on this effort. Participating in this phone call may answer some of your questions.

As to your letter and the topics you hope to discuss, while we disagree with your assertions, it would be helpful if you provided authority for certain of your requests: (1) asking that witnesses be removed based on (a) the statute of limitation (also, you may recall from your motion to dismiss and the Court's order on that motion, that Plaintiffs assert a continuing violation and that there is a long history of

the Lunada Bay Boys and individual defendants unlawfully excluding non-local beachgoers from Lunada Bay - your effort is best directed at a motion in limine before trial) and (b) the Coastal Act (understand that this claim, while now in State Court, goes beyond construction of the Rock Fort and improvement of the trails, and includes a theory that the Lunada Bay Boys efforts to dissuade beachgoers from using Lunada Bay is a Coastal Act violation); (2) the damage computation in initial disclosures at this early stage is deficient - especially when it is a class action and damages are likely to be formulaic and incidental to equitable relief in this matter. (Otten Dec. ¶3.)

Despite being advised that Mr. Otten was engaged in a jury trial, Defendant's counsel, Mr. Dieffenbach, insisted that the parties meet and confer in person or send someone from San Francisco to cover while Mr. Otten was in trial.

The parties met and conferred, and the Plaintiffs served Supplemental Disclosures pursuant to FRCP 26(a)(1). (Otten Dec. ¶5.) Plaintiffs' Supplemental Disclosures Responses, which were served on October 2, 2016, contained the names of 105 witnesses, contact information (where available), and information regarding their anticipated testimony. (Otten Dec. ¶5.)

### 2. Written Discovery

Defendant's ex parte application states that on September 16, 2016, his office personally served written discovery on Plaintiffs. His application also claims that the responses were one day late. Both statements are false. On September 17, 2016, attorney for Plaintiffs, Mr. Otten, sent the following email to Mr. Mackey:

Dear Mr. Mackey:

Today, the attorney down hall from me found the following documents sitting on the ground outside the back entrance to our building:

1. Request for Production of Documents Propounded by Defendant Brant Blakeman to Plaintiff Coastal Protection Rangers, Inc. (Set One).

2. Request for Production of Documents Propounded by Defendant Brant

1  Blakeman to Plaintiff Cory Spencer (Set One).

2      3. Request for Production of Documents Propounded by Defendant Brant

3  Blakeman to Plaintiff Diana Milena Reed (Set One).

4      4. Interrogatories to Diana Milena Reed (Set One).

5      5. Interrogatories to Cory Spencer (Set One).

6      6. Interrogatories to Coastal Protection Rangers (Set One).

    The Proof of Service on all of the documents states that Andreas Dona delivered the discovery on September 16, 2016. As there were people here from 9:00 AM until 8:20 PM last night, the delivery must have occurred sometime between 8:20 PM and 8:00 AM this morning when Mr. Benevento arrived at the office. I was the last person to leave the building and checked the back door to make sure that it was locked and did not see the documents.

    As the documents were not in an envelope, can you confirm that these were all the documents that you were intended to serve? In the future, please let your process server know that there is a mail slot in the front of the building where envelopes can safely be deposited after hours.

    Kind regards,

    Vic

(Otten Dec. ¶4.)

    Mr. Dieffenbach responded, never questioning the defective service, and eventually the Parties agreed that the service date would be by mail on September 16, 2016.

    Additionally, Plaintiff's discovery responses were, in fact, timely. FRCP 6(d) was amended on December 1, 2005, and again on December 1, 2007, and now reads as follows: "When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are *added after the period would otherwise expire* under Rule 6(a)." (emphasis added.)

Pursuant to the computation set forth in Fed. R. Civ. Proc. 6(a) and 6(d), Plaintiffs' responses and objections were due on October 20, 2016. Thirty days after September 16, 2016 was Sunday, October 16, 2016. FRCP 6(a) states that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." The next day following Sunday, October 16, 2016, was Monday, October 17, 2016. Per FRCP 6(d), Plaintiffs extend the October 17, 2016, deadline prescribed by FRCP 6(a) by three days to account for the service by mail: October 20, 2016. Plaintiffs' discovery responses and objections were timely served on October 20, 2016. Therefore, Plaintiffs' responses were timely and effective.

**V.   ANY DISPUTES DEFENDANT HAS REGARDING WRITTEN DISCOVERY SHOULD BE ADDRESSED THROUGH MOTIONS TO COMPEL.**

A motion to compel is the proper method to redress any issues Defendant has with Plaintiffs' responses to Defendant's written discovery. FRCP 26(b)(2).

Plaintiff had an opportunity to serve objections to his deposition notice, but failed to do so. FRCP 32(d)(1) (objections must be pursued or are waived). Thus, Defendant has not raised his instant objections to the deposition via the proper procedural method. Further, if Defendant's counsel identifies a portion of Defendant's deposition as objectionable, he can instruct Defendant not to answer during the deposition.

**VI.   CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's ex parte application and order that his November 10, 2016 deposition go forward as scheduled.

| | | |
|---|---|---|
| DATED: November 9, 2016 | | HANSON BRIDGETT LLP |

              By:  */s/ Jennifer A. Foldvary*
                 KURT A. FRANKLIN
                 SAMANTHA D. WOLFF
                 CAROLINE ELIZABETH LEE
                 JENNIFER ANIKO FOLDVARY
                 TYSON M. SHOWER
                 LANDON D. BAILEY
                 Attorneys for Plaintiffs
                 CORY SPENCER, DIANA MILENA
                 REED, and COASTAL PROTECTION
                 RANGERS, INC.

DATED: November 9, 2016        OTTEN LAW, PC

              By:  */s/ Victor Otten*
                 VICTOR OTTEN
                 KAVITA TEKCHANDANI
                 Attorneys for Plaintiffs
                 CORY SPENCER, DIANA MILENA
                 REED, and COASTAL PROTECTION
                 RANGERS, INC.

# DECLARATION OF VICTOR OTTEN

I, Victor Otten, declare as follows:

1. I am an attorney duly admitted to practice in California and before this Court. I am a senior partner at the law firm of Otten Law, PC, in Los Angeles, California, counsel for Plaintiffs Cory Spencer, Diana Milena Reed, and Coastal Protection Rangers in the *Spencer, et al. v. Lunada Bay Boys, et al.* (Case No. 2:16-cv-02129-SJO (RAOx)) case currently pending in this Court. The facts set forth in this declaration are personally known to me and I have first-hand knowledge thereof, except those stated upon information and belief. As to all such facts stated upon information and belief, I am informed and believe that the same are true. If called as a witness, I could and would testify competently to the facts set forth herein under oath.

2. On August 22, 2016, my office served Defendant with Initial Disclosures. A true and correct copy of the Initial Disclosures is attached as Exhibit A. In contrast, the only witnesses disclosed in Defendant's Initial Disclosures, other than the Defendants and witnesses listed by the City of Palos Verdes, was me.

3. On September 17, 2016, I sent an email in response to the September 2, 2016 meet and confer letter of Defendant's counsel, Mr. Worgul, regarding Plaintiffs' Initial Disclosures.

4. On September 17, 2016, I sent an email to Mr. Mackey regarding discovery. A true and correct copy of this email is attached as Exhibit B.

5. On October 2, 2016, my office served Defendant with Supplemental Disclosures. A true and correct copy of the Supplemental Disclosures is attached as Exhibit C.

6. On October 10, 2016, my office served Defendant with a deposition notice for his October 18, 2016 deposition. A true and correct copy of this deposition notice is attached as Exhibit D. Defendant's counsel insisted on rescheduling the deposition. I agreed to continue Defendant's deposition to

1  November 10, 2016.

2      7.    On October 27, 2016, my office served an amended deposition notice
3  on Defendant to continue the deposition until November 10, 2016.  A true and
4  correct copy of this deposition notice is attached as Exhibit E.

5      8.    On October 28, 2016, Defendant's counsel Richard Dieffenbach sent
6  me a meet and confer letter at 4:30 PM, stating the following: "PLEASE NOTE
7  THAT DUE TO THIS DISCOVERY DISPUTE MR. BLAKEMAN WILL NOT BE
8  PRODUCED FOR DEPOSITION UNTIL THIS DISPUTE HAS BEEN
9  RESOLVED."  A true and correct copy of this email is attached as Exhibit F.

10      9.    On November 1, 2016, I sent an email to Mr. Dieffenbach informing
11  Defendant that the Parties had not agreed to reschedule Defendant's deposition.  I
12  further noted that Defendant's attempt to unilaterally reschedule a reasonably
13  noticed deposition pursuant to FRCP 30(b)(1) was improper.  In the same email, I
14  also informed Defendant's counsel that arrangements had been made for a court
15  reporter, videographer, and travel and lodging accommodations for Plaintiff's
16  counsel from San Francisco.  A true and correct copy of this email is attached as
17  Exhibit G hereto.

18      10.    On November 7, 2016, I sent a letter to Mr. Dieffenbach regarding
19  discovery and reiterated that Defendant's deposition was going forward.  A true and
20  correct copy of this email is attached as Exhibit H.

21      11.    On November 8, 2016, Defendant's counsel Peter Crossin called my
22  office at 10:57 AM, and requested to speak with me.  My office informed Mr.
23  Crossin that I was in Court and would not be back in the office until the afternoon.
24  Mr. Crossin did not leave me a message.  Later that morning, at 11:09 AM, co-
25  counsel for Plaintiffs, Kurt Franklin, forwarded me a voicemail message that Mr.
26  Crossin left for him at 11:02 AM that morning.  A true and correct copy of the email
27  with the voicemail is attached as Exhibit I hereto.

28      I declare under penalty of perjury, under the laws of the State of California,

1  that the foregoing is true and correct.

2       Executed this 9th day of November, 2016, at Los Angeles, California.

3                          _____*/s/ Victor Otten*_____

4                          Victor Otten