# EXHIBIT A

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

[SPACE BELOW FOR FILING STAMP ONLY]

ROBERT T. MACKEY, State Bar No. 210810
rmackey@veatchfirm.com
PETER H. CROSSIN, State Bar No. 163189
perossin@veatchfirm.com
RICHARD P. DIEFFENBACH, State Bar No. 102663
rdieffenbach@veatchfirm.com

Attorneys for Defendant, BRANT BLAKEMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

CORY SPENCER, an individual;
DIANA MILENA REED, an individual;
and COASTAL PROTECTION
RANGERS, INC., a California non-profit
public benefit corporation,

　　　　　　Plaintiffs,

vs.

LUNADA BAY BOYS; THE
INDIVIDUAL MEMBERS OF THE
LUNADA BAY BOYS, including but not
limited to SANG LEE, BRANT
BLAKEMAN, ALAN JOHNSTON AKA
JALIAN JOHNSTON, MICHAEL RAE
PAPAYANS, ANGELO FERRARA,
FRANK FERRARA, CHARLIE
FERRARA, and N.F.; CITY OF PALOS
VERDES ESTATES; CHIEF OF
POLICE JEFF KEPLEY, in his
representative capacity; and DOES
1-10,

　　　　　　Defendants.

CASE NO.: 2:16-CV-2129-SJO-RAO
Assigned to Courtroom: 1
The Hon. S. James Otero

DEFENDANT BRANT
BLAKEMAN'S INITIAL
DISCLOSURES PURSUANT TO
RULE 26(a)(1)

///
///

- 1 -

## BRANT BLAKEMAN'S INITIAL DISCLOSURES

Now comes Defendant Brant Blakeman and pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure makes these initial disclosure

1.      The following persons are likely to have discoverable information that Defendant Brant Blakeman may use in support of his defenses:

(a)     **Brant Blakeman**

Brant Blakeman is a named defendant in this matter.  He resides in Palos Verdes Estates and can be contacted through counsel.  He is expected to testify regarding his relationship and interactions with the plaintiffs, his relationship and interactions with the defendants, and his experiences at Lunada Bay and Palos Verdes Estates.  He will further testify as to the events on February 13, 2016 and February 29, 2016 when plaintiff Diana Milena Reed and Defendant Alan Johnston were in his presence on the beach at Lunada Bay.

(b)     **Alan Johnston**

Alan Johnston is a named defendant in this matter.   He resides in Palos Verdes Estates.  It is believed Mr. Johnston can be contacted through his counsel.  He is expected to testify regarding his relationship and interactions with the plaintiffs, his relationship and interactions with the defendants, and his experiences at Lunada Bay and Palos Verdes Estates.  He is expected to testify as the events on February 13, 2016 when plaintiff Diana Milena Reed and Brant Blakeman were in his presence on the beach at Lunda Bay.

(c)     **Sang Lee**

Sang Lee is a named defendant.  It is believed he can be contacted through his counsel.  He is expected to testify regarding his relationship and interactions with the plaintiffs, his relationship and interactions with the defendants, and his experiences at Lunada Bay and Palos Verdes Estates.

(d)     **Michael Rae Papayans**

Michael Rae Papayans is a named defendant.  It is believed he can be

1  contacted through his counsel. He is expected to testify regarding his relationship and

2  interactions with the plaintiffs, his relationship and interactions with the defendants,

3  and his experiences at Lunada Bay and Palos Verdes Estates.

4      (e)  **Angelo Ferrara**

5      Angelo Ferrara is a named defendant. It is believed he can be contacted

6  through his counsel. He is expected to testify regarding his relationship and

7  interactions with the plaintiffs, his relationship and interactions with the defendants,

8  and his experiences at Lunada Bay and Palos Verdes Estates.

9      (f)  **N.F.**

10      N.F. is a minor and a named defendant. It is believed he can be

11  contacted through his counsel. He is expected to testify regarding his relationship and

12  interactions with the plaintiffs, his relationship and interactions with the defendants,

13  and his experiences at Lunada Bay and Palos Verdes Estates.

14      (f)  **Frank Ferrara**

15      Frank Ferrara is a named defendant. His residence and contact

16  information are unknown at this time or not available. He is expected to testify

17  regarding his relationship and interactions with the plaintiffs, his relationship and

18  interactions with the defendants, and his experiences at Lunada Bay and Palos Verdes

19  Estates.

20      (g)  **Charlie Ferrara**

21      Charlie Ferrara is a named defendant. His residence and contact

22  information are unknown at this time or not available. He is expected to testify

23  regarding his relationship and interactions with the plaintiffs, his relationship and

24  interactions with the defendants, and his experiences at Lunada Bay and Palos Verdes

25  Estates.

26      (h)  **The City of Palos Verdes Estates Rule 30(b)(6) witnesses**

27      The City of Palos Verdes is a named defendant in this matter. It is

28  believed it can be contacted through its counsel.  It is anticipated that a the City of

Palos Verdes will designate one or more persons to testify on its behalf regarding the City's relationship and interactions with the plaintiffs, the City's relationship and interactions with the defendants, and the City's knowledge of Lunada Bay and Palos Verdes Estates.

(i)   **Jeff Kepley**

Jeff Kepley is the Chief of Police of Palos Verdes Estates.   His residence is unknown and it is believed he can be contacted through his counsel.   He is expected to testify regarding his relationship and interactions with the plaintiffs, his relationship and interactions with the defendants, and his experiences at Lunada Bay and Palos Verdes Estates.   He is expected to testify regarding the City of Palos Verdes Estates Police Departments history, interactions and relationship with the plaintiffs, defendants, surfers, and beach goers.   He is expected to testify as to issues related to enforcement of the laws within his jurisdiction in the Lunada Bay and Palos Verdes area.

(j)   **Diana Milena Reed**

Diana Milena Reed is named plaintiff in this action. Her residence and contact information are unknown although it is believed he may be contacted through her counsel. She is expected to testify regarding her relationship and interactions with the named plaintiffs, her relationship and interactions with the named defendants, and her specific experience at Lunada Bay and Palos Verdes Estates.   She is expected to testify as the events on February 13, 2016 and her interactions with Alan Johnston and Brant Blakeman.   She is expected to testify as to events on February 29, 2016 and her interactions with Brant Blakeman.

(k)   **Cory Spencer**

Cory Spencer is a named plaintiff in this action. His residence and contact information are unknown although it is believed he may be contacted through his counsel.   He is expected to testify regarding his relationship and interactions with the plaintiffs, his relationship and interactions with the defendants, and his

- 4 -

1  experiences at Lunada Bay and Palos Verdes Estates.

2         (l)    **Coastal Protection Rangers Rule 30(b)(6) witnesses**

3         Costal Protection Rangers is a named plaintiff in this matter.  It is

4  believed it can be contacted through its counsel.  It is anticipated that a the Costal

5  Protection Rangers will designate one or more persons to testify on its behalf

6  regarding it's relationship and interactions with the plaintiffs, it's relationship and

7  interactions with the defendants, and the it's knowledge of  Lunada Bay and Palos

8  Verdes Estates.

9         (m)   **Victor Otten**

10         Victor Otten is an attorney who's legal practice is located in Torrance,

11  California. His residence information is unknown and his contact information can be

12  found on plaintiffs' pleadings.  He is expected to testify regarding his relationship and

13  interactions with the plaintiffs, his relationship and interactions with the defendants,

14  his relationship and interactions with witnesses, and his experiences at Lunada Bay

15  and Palos Verdes Estates.

16

17      2.    The following documents in the possession, custody, or control of Brant

18  Blakeman may be used in support of his defenses.

19         (a)    February 13, 2016 video camera footage files showing interactions

20                with plaintiff Diana Milena Reed.

21         (b)    February 29, 2016 video camera footage files showing interactions

22                with plaintiff Diana Milena Reed.

23

24      3.    Defendant Brant Blakeman currently does not seek any damages from

25  plaintiffs.  In so stating, Brant Blakeman does not waive the right to seek costs,

26  attorneys' fees, or other amounts to which he may be entitled or may become entitled

27  in the course of this litigation.

28  / / /

- 5 -

1     4.     Defendant Brant Blakeman identifies the following insurance agreements

2 that may satisfy all or part of a possible judgment or indemnify ir reimburse payment

3 for judgment:

    (a)     Farmers Insurance Next Generation Homeowners Policy, Policy

             Number 93998-80-99

    (b)     Farmers Insurance Personal Umbrella Policy, Policy Number

             60599-58-95.

    The insurance polices will be produced to all parties upon the issuance of an

appropriate protective order.

DATED: August 22, 2016                  **VEATCH CARLSON, LLP**

By:    /s/ Richard P. Dieffenbach
           **ROBERT T. MACKEY**
           **PETER H. CROSSIN**
           **RICHARD P. DIEFFENBACH**
           Attorneys for **Defendant BRANT BLAKEMAN**

I:\WP\01008018\DISC-Initial Disclosures BB.wpd

DEFENDANT'S BRANT BLAKEMAN'S INITIAL DISCLOSURES

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

On August 22, 2016, I served the foregoing document described as **DEFENDANT BRANT BLAKEMAN'S INITIAL DISCLOSURES** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Kurt A. Franklin
kfranklin@hansonbridgett.com

Samantha Wolff
SWolff@hansonbridgett.com

Victor Otten
vic@ottenlawpc.com

Mark C. Fields
fields@markfieldslaw.com

Thomas M. Phillips
tphillips@thephillipsfirm.com

Aaron Miller
amiller@thephillipsfirm.com

Edwin J. Richards,
Ed.Richards@kutakrock.com

Jacob Song
jacob.song@kutakrock.com

Edward Ward
Edward.Ward@lewisbrisbois.com

Peter Haven
peter@havenlaw.com

J. Patrick Carey
pat@patcareylaw.com

X   **ELECTRONIC MAIL SERVICE** I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP business practices for electronic service.

X   **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 22, 2016 at Los Angeles, California.

/s/ Andrea Dona

E:\WP\01008013\MISC-Initial Disclosures BB.wpd

- 7 -

DEFENDANT'S BRANT BLAKEMAN'S INITIAL DISCLOSURES

## Andrea Dona

| | |
|---|---|
| From: | Andrea Dona |
| Sent: | Monday, August 22, 2016 4:09 PM |
| To: | 'peter@havenlaw.com'; 'swolff@hansonbridgett.com'; 'jacob.song@kutakrock.com'; 'tphillips@thephillipsfirm.com'; 'Edward.Ward@lewisbrisbois.com'; 'kfranklin@hansonbridgett.com'; 'vlo@ottenlawpc.com' |
| Cc: | Richard P. Dieffenbach; John Worgul |
| Subject: | Spencer v. Lunada Bay Boys; Brant Blakeman's Initial Disclosures |
| Attachments: | DISC-B. Blakeman's Initial Disclosures.PDF |

Attached please find Defendant Brant Blakeman's Initial Disclosures Pursuant to Rule 26(a)(1).

*Andrea (Andi) Doña*
Legal Assistant to James E. Siepler
and Richard P. Dieffenbach
*Veatch Carlson, LLP*
1055 Wilshire Boulevard, 11th Floor
Los Angeles, California 90017
Telephone: (213) 381-2861 x1130
Facsimile: (213)383-6370
adona@veatchfirm.com

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

On 8/24/16, I served the foregoing document described as **DEFENDANT BRANT BLAKEMAN'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

X_____ **BY MAIL (C.C.P. §§ 1013a, et seq.):** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

X_____ **ELECTRONIC MAIL SERVICE** I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP business practices for electronic service. :

_____ **BY PERSONAL SERVICE (C.C.P. §§ 1011, et seq.):** I delivered such envelope(s) by hand to the offices of the addressee(s).

_____ **BY FACSIMILE TRANSMISSION** from Facsimile No. (213) 383-6370 to the fax numbers listed below. The facsimile machine I used complied with Court Rule 2.306. Pursuant to Rule 2.306, I caused the machine to print a transmission confirmation report that showed the document was transmitted complete and without error and a copy is attached.

_____ **BY EXPRESS MAIL (C.C.P. §§ 1013(c)(d), et seq.):** I caused said document(s) to be deposited with an express service carrier in a sealed envelope designed by the carrier as an express mail envelope, with fees and postage prepaid.

_____ **BY REGISTERED MAIL (C.C.P. §§ 1020, et seq.):** I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by the addressee that said documents were received.

_____ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X_____ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 24, 2016 at Los Angeles, California.

_____
ANDREA DONA

**SERVICE LIST**
*Cory Spencer, et al v. Lunada Bay Boys, et al.*
**USDC, Central District, Western Division Case No.: 2:16-cv-02129-SJO (RAOx)**

| | |
|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (415) 442-3200<br>Facsimile: (415) 541-9366<br><br>Email: kfranklin@hansonbridgett.com<br>Email: swolff@hansonbridgett.com<br>Email: clee@hansonbridgett.com |
| Tyson M. Shower, Esq.<br>Landon D. Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (916) 442-3333<br>Facsimile: (916) 442-2348<br><br>Email: tshower@hansonbridgett.com |
| Victor Otten, Esq.<br>Kavita Tekchandani, Esq.<br>OTTEN LAW PC<br>3620 Pacific Coast Highway, #100<br>Torrance, CA 90505 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (310) 378-8533<br>Facsimile: (310) 347-4225<br><br>Email: vic@ottenlawpc.com<br>Email: kavita@ottenlawpc.com |
| Edwin J. Richards, Esq.<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine, CA 992614-8595 | Attorneys for Defendants<br>**CITY OF PALOS VERDES ESTATES and CHIEF OF POLICE JEFF KEPLY**<br><br>Telephone: (949) 417-0999<br>Facsimile: (949) 417-5394<br><br>Email: ed.richards@kutakrock.com<br>Email: jacob.song@kutakrock.com |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**ALAN JOHNSTON aka JALIAN JOHNSTON**<br><br>Telephone: (310) 526-2237<br>Facsimile: (310) 526-2237<br><br>Email: pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |
| Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**MICHAEL RAY PAPAYANS**<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br><br>Email: peter@hblwfirm.us<br>Email: peter@havenlaw.com |

| | |
|---|---|
| Mark C. Fields<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants<br>**ANGELO FERRARA; N.F. appearing**<br>**through [Proposed] Guardian Ad Litem,**<br>**Leonora Ferrara Attorney for Petitioner**<br><br>Telephone: (213) 948-2349<br><br>Email: fields@markfieldslaw.com |
| Thomas M. Phillips, Esq.<br>Aaron G. Miller<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant<br>**ANGELO FERRARA**<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br><br>Email: tphillips@thephillipsfirm.com |
| Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH<br>LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Attorney for Defendant<br>**SANG LEE**<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900<br><br>Email: Dana.Fox@lewisbrisbois.com<br>Email: Edward.Ward@lewisbrisbois.com<br>Email: Eric.Kizirian@lewisbrisbois.com |

# EXHIBIT B

**Victor Otten**

| | |
|---|---|
| **From:** | Richard P. Dieffenbach <RDieffenbach@veatchfirm.com> |
| **Sent:** | Saturday, September 17, 2016 8:39 PM |
| **To:** | Victor Otten |
| **Cc:** | rmackey@veatchfirm.com; pcrossin@veatchfirm.com; Song, Jacob; Ed.Richards@kutakrock.com; Antoinette.Hewitt@KutakRock.com; Rebecca.Wilson@kutakrock.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; fields@Markfieldslaw.com; tphillips@thephillipsfirm.com; amiller@thephillipsfirm.com; peter@havenlaw.com; Pat Carey; pat@southbaydefenselawyer.com; Dana.Fox@lewisbrisbois.com; Edward.Ward@lewisbrisbois.com; Eric.Kizirian@lewisbrisbois.com; Tera.Lutz@lewisbrisbois.com; Kurt A. Franklin; Samantha Wolff; jworgul@veatchfirm.com; Kavita Tekchandan |
| **Subject:** | Re: Service of discovery |

Victor
Yes there were interrogatories and document requests to each plaintiff. I will follow up with the service. Thanks for letting us know.

Sent from my iPad

On Sep 17, 2016, at 6:52 PM, Victor Otten <vic@ottenlawpc.com> wrote:

> Dear Mr. Mackey:
> Today, the attorney down hall from me found the following documents sitting on the ground outside the back entrance to our building:
>    1. Request for Production of Documents Propounded by Defendant Brant Blakeman to Plaintiff Coastal Protection Rangers, Inc. (Set One).
>    2. Request for Production of Documents Propounded by Defendant Brant Blakeman to Plaintiff Cory Spencer (Set One).
>    3. Request for Production of Documents Propounded by Defendant Brant Blakeman to Plaintiff Diana Milena Reed (Set One).
>    4. Interrogatories to Diana Milena Reed (Set One).
>    5. Interrogatories to Cory Spencer (Set One).
>    6. Interrogatories to Coastal Protection Rangers (Set One).
>
> The Proof of Service on all of the documents states that Andreas Dona delievered the discovery on September 16, 2016. As there were people here from 9:00 AM until 8:20 PM last night, the delievery must have occurred sometime between 8:20 PM and 8:00 AM this morning when Mr. Benevento arrived at the office. I was the last person to leave the building and checked the back door to make sure that it was locked and did not see the documents.
>
> As the documents were not in an envelope, can you confirm that these were all the documents that you were intended to serve? In the future, please let your process server know that there is a mail slot in the front of the building where envelopes can safely be deposited after hours.
> Kind regards,
> Vic
>
> Victor Otten, Esq.

3620 Pacific Coast Hwy #100 | Torrance, California 90505
P (310) 378-8533 | F (310) 347-4225 | E vic@ottenlawpc.com | W www.ottenlawpc.com

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Rosa  at 310-378-8533 if you need assistance.

Please consider the environment before printing this e-mail message.

<IMG_0329.JPG>

# EXHIBIT C



HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
clee@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFFS' SUPPLEMENTAL DISCLOSURES** |

1
2          v.

3    LUNADA BAY BOYS; THE
     INDIVIDUAL MEMBERS OF THE
4    LUNADA BAY BOYS, including but
5    not limited to SANG LEE, BRANT
     BLAKEMAN, ALAN JOHNSTON
6    AKA JALIAN JOHNSTON,
7    MICHAEL RAE PAPAYANS,
     ANGELO FERRARA, FRANK
8    FERRARA, CHARLIE FERRARA,
9    and N.F.; CITY OF PALOS
     VERDES ESTATES; CHIEF OF
10   POLICE JEFF KEPLEY, in his
11   representative capacity; and DOES
     1-10,
12
13               Defendants.

14

15        Plaintiffs CORY SPENCER, DIANA MILENA REED, and COASTAL

16   PROTECTION RANGERS, INC. (collectively, "Plaintiffs") make the following

17   supplemental initial disclosures pursuant to F.R.C.P. 26(a)(1). As permitted

18   under Rule 26(e)(1), Plaintiffs reserve the right to clarify, amend, modify or

19   furthrt supplement the information contained in these Supplemental

20   Disclosures if and when they obtain additional supplemental information. In

21   addition, Plaintiffs may rely on any persons or documents identified by any

22   party as part of their disclosures or during discovery.

23        Plaintiffs' Initial Disclosures are made without waiver of, or prejudice

24   to, any objections Plaintiffs may assert or have previously asserted.

25   Plaintiffs expressly reserve all objections, including, but not limited to:

26   (a) attorney-client privilege; (b) work-product doctrine; and (c) any other

27   applicable privilege or protection under federal or state law. Plaintiffs

28   reserve the right to retract any inadvertent disclosures of information or

1  documents that are protected by the attorney-client privilege, the work

2  product doctrine, or any other applicable protection.

3      Without waiving any objections, Plaintiffs make the following

4  disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil

5  Procedure:

6  **A.    Witnesses**

7      Plaintiffs are in the process of identifying witnesses who are likely to

8  have discoverable information. However, at this early stage, Plaintiffs

9  identify the following person(s) they may use to support their claims:

10          1)    Plaintiff class representative, Cory Spencer, who may be

11                reached via counsel for Plaintiffs, on the subjects set forth in

12                the Complaint, to which he was a percipient witness.

13          2)    Plaintiff class representative, Diana Milena Reed, who may be

14                reached via counsel for Plaintiffs, on the subjects of set forth

15                in the Complaint, to which she was a percipient witness.

16          3)    Defendant, Sang Lee, on the allegations set forth in the

17                Complaint related to Defendant Lunada Bay Boys and the

18                Individual Members of the Lunada Bay Boys.

19          4)    Defendant, Brant Blakeman, on the allegations set forth in the

20                Complaint related to Defendant Lunada Bay Boys and the

21                Individual Members of the Lunada Bay Boys.

22          5)    Defendant, Michael Rae Papayans, on the allegations set

23                forth in the Complaint related to Defendant Lunada Bay Boys

24                and the Individual Members of the Lunada Bay Boys.

25          6)    Defendant, Angelo Ferrara, on the allegations set forth in the

26                Complaint related to Defendant Lunada Bay Boys and the

27                Individual Members of the Lunada Bay Boys.

28          7)    Defendant, Charlie Ferrara, on the allegations set forth in the

1    Complaint related to Defendant Lunada Bay Boys and

2    Individual Members of the Lunada Bay Boys.

3    8)   Defendant, N.F., on the allegations set forth in the Complaint

4    related to Defendant Lunada Bay Boys and Individual

5    Members of the Lunada Bay Boys.

6    9)   Defendant Frank Ferrara, on the allegations set forth in the

7    Complaint related to Defendant Lunada Bay Boys and

8    Individual Members of the Lunada Bay Boys.

9    10)  Defendant, Chief of Police, Jeff Kepley, on the allegations set

10   forth in the Complaint related to Defendant City of Palos

11   Verdes Estates, Defendant Lunada Bay Boys and Individual

12   Members of the Lunada Bay Boys.

13   11)  Tim Browne, address unknown, on the allegations set forth in

14   the Complaint related to Defendant City of Palos Verdes

15   Estates, Defendant Lunada Bay Boys and Individual

16   Members of the Lunada Bay Boys.

17   12)  Daniel Dreiling, contact information unknown, on the

18   allegations set forth in the Complaint related to Defendant

19   City of Palos Verdes Estates, Defendant Lunada Bay Boys

20   and Individual Members of the Lunada Bay Boys.

21   13)  Defendant in the state court action, Los Angeles Superior

22   Court Case No. BC629596, David Melo, on the allegations set

23   forth in the Complaint related to Defendant Lunada Bay Boys

24   and Individual Members of the Lunada Bay Boys.

25   14)  Defendant in the state court action, Los Angeles Superior

26   Court Case No. BC629596, Mark Griep, on the allegations set

27   forth in the Complaint related to Defendant Lunada Bay Boys

28   and Individual Members of the Lunada Bay Boys.

15) Peter Babros, 316 Via Pasqual, Redondo Beach, CA 90277, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and Individual Members of the Lunada Bay Boys. Plaintiffs are informed and believe that Mr. Babros is a former resident of the City of Palos Verdes Estates having graduated PV High School in 1988 and maintains strong connections to the community. Plaintiffs believe that Mr. Babros is a Lunada Bay Local and is being listed as a potential percipient witness.

16) Cassidy Beukema, 2817 Palos Verdes Drive West, Palos Verdes Estates, CA, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and Individual Members of the Lunada Bay Boys. Plaintiffs are informed and believe that Ms. Beukema is the step daughter to Defendant Angelo Ferraro and step sister to defendant N.F. Plaintiffs anticipate that this witness has information related to (a) the inner workings of the Lunada Bay Boys and the methods to keep non-locals from the beach, (b) illegal activities at Lunada Bay, (c) the January 20, 2014 incident, at a public surfing event at Lunada on Martin Luther King, Jr. Day, where a Lunada Bay Boy had his face painted in black makeup and wore a black Afro wig. Plaintiffs' list this witness as a percipient witness.

17) Ron Bornstein, contact information unknown. Plaintiffs are informed and believe that Mr. Bornstein is a longtime resident of the City of Palos Verdes Estates. Plaintiffs are informed and believe that Mr. Bornstein or "Borno" is a resident of the City of Palos Verdes Estates having graduated PV High

1    School and maintains strong connections to the community.
2    Plaintiffs believe that Mr. Bornstein is a Lunada Bay Local and
3    is being listed as a potential percipient witness and possible
4    defendant.

5    18)    Joel Milam, 30571 Rue De La Pzerre, Rancho Palos Verdes,
6    CA 90275, on the allegations set forth in the Complaint
7    related to Defendant Lunada Bay Boys and Individual
8    Members of the Lunada Bay Boys. Plaintiffs are informed and
9    believe that Mr. Milam was a former resident of the City of
10    Palos Verdes Estates having graduated PV High School and
11    maintains strong connections to the community. Plaintiffs
12    believe that Mr. Milam is a Lunada Bay Local and is being
13    listed as a potential percipient witness.

14    19)    Charles Thomas Mowatt, 2337 Via Rivera, Palos Verdes
15    Peninsula, CA 90274-2725; (310) 375-6600, on the
16    allegations set forth in the Complaint related to Defendant
17    Lunada Bay Boys, Individual Members of the Lunada Bay
18    Boys and communications with Defendant City of Palos
19    Verdes Estates. Plaintiffs believe that Mr. Mowatt is a Lunada
20    Bay Local and is being listed as a potential percipient witness
21    and possible defendant.

22    20)    James Reinhardt, contact information unknown. Plaintiffs are
23    informed and believe that Mr. Reinhardt is a longtime resident
24    of the City of Palos Verdes Estates having graduated from
25    Palos Verdes High School in 1978. Plaintiffs believe that Mr.
26    Reinhardt is a Lunada Bay Local and is being listed as a
27    potential percipient witness. Plaintiffs believe that Mr.
28    Reinhardt is a Lunada Bay Local and is being listed as a

1       potential percipient witness and possible defendant.

2  21)  Fred Strater, contact information unknown, on the allegations

3       set forth in the Complaint related to Defendant Lunada Bay

4       Boys and the Individual Members of the Lunada Bay Boys.

5       Mr. Strater is a former resident of the City of Palos Verdes

6       Estates and maintains strong connections to the community.

7       Plaintiffs believe that Mr. Strater is a Lunada Bay Local.

8       Specifically, it is anticipated that Mr. Strater's testimony will

9       include but not be limited to the following: (a) information

10      regarding his former roommate, Charles Mowatt, as an

11      enforcer and one of the worst Lunada Bay Locals, (b)

12      information regarding the relationship between Michael S.

13      Papayans, Charles Mowatt and the people "running the bay,"

14      (c) tactics used to keep non-locals from coming to Lunada

15      Bay, and (d) other illegal activities.

16  22)  Mark Bonney, contact information unknown, on the

17       allegations set forth in the Complaint related to Defendant

18       Lunada Bay Boys and the Individual Members of the Lunada

19       Bay Boys. Plaintiffs are informed and believe that Mr. Bonney

20       is a former resident of the City of Palos Verdes Estates and

21       graduate of PV High School and maintains strong

22       connections to the community. Plaintiffs are informed and

23       believe that Mr. Bonney has information regarding the

24       activities of the Lunada Bay Boys by comments made in

25       social media defending the actions of the Lunada Bay Locals.

26       Mr. Bonney is being listed as a potential percipient witness

27       and possible defendant.

28  23)  David Hilton, a longtime resident of Palos Verdes Estates, on

1      the allegations set forth in the Complaint related to Defendant

2      Lunada Bay Boys, the Individual Members of the Lunada Bay

3      Boys and communications with Defendant City of Palos

4      Verdes Estates. Plaintiffs are informed and believe that this

5      witness is a long time surfer of Lunada Bay. It is anticipated

6      that this percipient witness has information regarding: (a)

7      January 22, 1995 incident where a surfer from Brazil

8      (documented in Incident Report 95-0062) went to Lunada Bay

9      to surf and was confronted by David Hilton and several other

10      Bay Boys who made threats of violence against him causing

11      him to reasonably believe that if he exercised his right surf at

12      a public beach, Hilton and/or the Lunada Bay Boys would

13      commit violence against him or his car and that Hilton and/or

14      the Lunada Bay Boys with him had the apparent ability to

15      carry out the threats, (b) the inner workings of the Lunada Bay

16      Boys and the methods to keep non-locals from the beach, (c)

17      illegal activities at Lunada Bay. Mr. Hilton is being listed as a

18      potential percipient witness and possible defendant.

19    24)    Eric Hilton, a longtime resident of Palos Verdes Estates, on

20      the allegations set forth in the Complaint related to Defendant

21      Lunada Bay Boys, the Individual Members of the Lunada Bay

22      Boys and communications with Defendant City of Palos

23      Verdes Estates. Plaintiffs are informed and believe that this

24      witness is a long time surfer of Lunada Bay. It is anticipated

25      that this percipient witness has information regarding: (a) the

26      inner workings of the Lunada Bay Boys and the methods to

27      keep non-locals from the beach, (b) illegal activities at Lunada

28      Bay. Mr. Hilton is being listed as a potential percipient witness

| | | |
|---|---|---|
| 1 | | and possible defendant. |
| 2 | 25) | Kelly Logan, 714 Angelus Pl, Venus, CA 90291-4919, on the |
| 3 | | allegations set forth in the Complaint related to Defendant |
| 4 | | Lunada Bay Boys and the Individual Members of the Lunada |
| 5 | | Bay Boys. Plaintiffs are informed and believe that Mr. Logan |
| 6 | | is a former resident of the City of Palos Verdes Estates but |
| 7 | | maintains strong connections to the community. Plaintiffs are |
| 8 | | informed and believe that Mr. Logan was involved in the |
| 9 | | assault by Peter McCollum against Geoff Hagins and several |
| 10 | | others reflected in Incident Report 95-0381. Plaintiffs believe |
| 11 | | that Mr. Logan is a Lunada Bay Local and is being listed as a |
| 12 | | potential percipient witness and possible defendant. |
| 13 | 26) | John Rall, contact information unknown, on the allegations set |
| 14 | | forth in the Complaint related to Defendant Lunada Bay Boys |
| 15 | | and the Individual Members of the Lunada Bay Boys. |
| 16 | | Plaintiffs are informed and believe that Mr. Rall graduated PV |
| 17 | | High School 1991 and maintains strong connections to the |
| 18 | | community. Plaintiffs believe that Mr. Rall is a Lunada Bay |
| 19 | | Local and is being listed as a potential percipient witness and |
| 20 | | possible defendant. |
| 21 | 27) | Michael S. Papayans, aka "Paps," a longtime resident of |
| 22 | | Palos Verdes Estates, on the allegations set forth in the |
| 23 | | Complaint related to Defendant Lunada Bay Boys, the |
| 24 | | Individual Members of the Lunada Bay Boys and |
| 25 | | communications with Defendant City of Palos Verdes Estates. |
| 26 | | Plaintiffs are informed and believe that he is the uncle of |
| 27 | | Defendant Michael Rae Papayans. This witness surfs Lunada |
| 28 | | Bay on a regular basis. It is anticipated that this witness has |

1    information regarding: (a) a meeting that he had with Chris
2    Taloa in 2014, (b) the inner workings of the Lunada Bay Boys
3    and the methods to keep non-locals from the beach, (c) illegal
4    activities at Lunada Bay. Plaintiffs believe that Mr. Papayans
5    is a Lunada Bay Local and is being listed as a potential
6    percipient witness and possible defendant.

7    28)    Jim Russi, contact information unknown, on the allegations
8    set forth in the Complaint related to Defendant Lunada Bay
9    Boys and the Individual Members of the Lunada Bay Boys.
10    Plaintiffs are informed and believe that Mr. Russi is a former
11    resident of the City of Palos Verdes Estates and maintains
12    strong connections to the community – possibly still owning a
13    home on the cliff above the bay. Plaintiffs are informed and
14    believe and on that basis allege that this witness has
15    information regarding the illegal activities of the Lunada Bay
16    Boys including the Ferraras. While this witness claims to have
17    moved from the area years ago, he has publicly defended the
18    actions of the Lunada Bay Boys. Plaintiffs believe that Mr.
19    Russi is a Lunada Bay Local and is being listed as a potential
20    percipient witness.

21    29)    Carlos Anorga, 4040 Spencer St., Suite J, Torrance, CA
22    90503; (310) 371-7762, on the allegations set forth in the
23    Complaint related to Defendant Lunada Bay Boys and the
24    Individual Members of the Lunada Bay Boys. Plaintiffs
25    consider this person a longtime Lunda Bay local surfer and
26    potentially and is listed as a possible percipient witness.

27    30)    Zen Del Rio, contact information unknown, on the allegations
28    set forth in the Complaint related to Defendant Lunada Bay

1    Boys and the Individual Members of the Lunada Bay Boys.

2    Plaintiffs consider this person a longtime Lunda Bay local and

3    potentially and is listed as a possible percipient witness.

4    31)    Mark Koehler, address unknown, (808) 639-1668, on the

5    allegations set forth in the Complaint related to Defendant

6    Lunada Bay Boys and the Individual Members of the Lunada

7    Bay Boys. Plaintiffs believe that Mr. Koehler is a Lunada Bay

8    Local and is being listed as a potential percipient witness

9    32)    Chad Beatty, 1104 S. Juanita Ave., Redondo Beach, CA

10    90277, on the allegations set forth in the Complaint related to

11    Defendant Lunada Bay Boys and the Individual Members of

12    the Lunada Bay Boys. This person has been surfing Lunada

13    Bay for years and is listed as a possible percipient witness. At

14    this time, Plaintiffs do not have any specific information

15    regarding this witness.

16    33)    Joe Bark, address unknown; (310) 429-2463, on the

17    allegations set forth in the Complaint related to Defendant

18    Lunada Bay Boys and the Individual Members of the Lunada

19    Bay Boys. Plaintiffs believe that Mr. Bark is a Lunada Bay

20    Local and is being listed as a potential percipient witness.

21    Specifically, Plaintiffs believe and anticipate that Mr. Bark will

22    be able to testify to the following: (a) having surfed Lunada

23    Bay since at least 1980, the surfing ability of each named

24    Defendant, (b) as a world known waterman and surfboard and

25    paddleboard maker, the specific dangers related to surfing

26    Lunada Bay, (c) the types of equipment needed to safely surf

27    Lunada Bay during different types of surfing conditions, (d)

28    illegal activities of the Lunada Bay Boys.

34) Jason Buck, contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. This person has been surfing Lunada Bay for years and is listed as a possible percipient witness. At this time, Plaintiffs do not have any specific information regarding this witness. Plaintiffs believe that Mr. Buck is a Lunada Bay Local and is being listed as a potential percipient witness.

35) Tony Pazanowski, contact information unknown. Plaintiffs are informed and believe that Mr. Pazanowski was a former resident of the City of Palos Verdes Estates having graduated PV High School and maintains strong connections to the community. Several people have reported that this witness surfs the Bay and has posted comments in social media supporting Lunada Bay localism. Plaintiffs are listing Mr. Pazanowski as a potential percipient witness.

36) Derek Daigneault, contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. Plaintiffs are listing Mr. Daigneault as a potential percipient witness.

37) Daniel Dreiling Jr., contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. Plaintiffs are informed and believe that this witness is the son of the former Chief of Police for Palos Verdes Estates and because of his father's job was permitted to surf Lunada Bay. Plaintiffs are informed and believe that Mr.

1  Dreiling built at least one knee board for Defendant Brant

2  Blakeman. Mr. Dreiling is being listed as a potential percipient

3  witness.

4  38)  Danny Ecker, contact information unknown, on the allegations

5  set forth in the Complaint related to Defendant Lunada Bay

6  Boys and the Individual Members of the Lunada Bay Boys.

7  Plaintiffs are informed and believe that this person grew up in

8  Palos Verdes Estates and surfed Lunada Bay for years and is

9  listed as a possible percipient witness. At this time, Plaintiffs

10  do not have any specific information regarding this witness.

11  Plaintiffs believe that Mr. Ecker is being listed as a potential

12  percipient witness.

13  39)  Pat Ecker, contact information unknown, on the allegations

14  set forth in the Complaint related to Defendant Lunada Bay

15  Boys and the Individual Members of the Lunada Bay Boys.

16  This person has been surfing Lunada Bay for years and is

17  listed as a possible percipient witness. At this time, Plaintiffs

18  do not have any specific information regarding this witness.

19  Plaintiffs believe that Mr. Ecker is being listed as a potential

20  percipient witness.

21  40)  Greg Cahill, contact information unknown, on the allegations

22  set forth in the Complaint related to Defendant Lunada Bay

23  Boys and the Individual Members of the Lunada Bay Boys.

24  Plaintiffs were contacted by a witness that stated that Mr.

25  Cahill was one of a group of Bay Boys that approached him

26  on top of the bluff while he was attempting to surf Lunada Bay

27  and threatened him with violence and damage to his car when

28  if he went down the trail. Mr. Cahill is being listed as a

1    percipient witness and possible defendant.

2    41)    Alex Hooks, contact information unknown, on the allegations

3    set forth in the Complaint related to Defendant Lunada Bay

4    Boys and the Individual Members of the Lunada Bay Boys. At

5    this time, Plaintiffs do not have any specific information

6    regarding this witness. Plaintiffs believe that Mr. Hooks may

7    surf the bay and is being listed as a potential percipient

8    witness.

9    42)    Alex Gray, contact information unknown, on the allegations

10    set forth in the Complaint related to Defendant Lunada Bay

11    Boys and the Individual Members of the Lunada Bay Boys.

12    43)    Leonora Beukema, 2817 Palos Verdes Dr., Palos Verdes

13    Estates, CA 90274, on the allegations set forth in the

14    Complaint related to Defendant Lunada Bay Boys and the

15    Individual Members of the Lunada Bay Boys. Plaintiffs are

16    informed and believe that Ms. Beukema is married to

17    Defendant Angelo Ferrara and anticipate that she will testify

18    related to the following: (a) the inner workings of the Lunada

19    Bay Boys and the methods to keep non-locals from the

20    beach; (b) her son, Anthony Beukema's, activities in the

21    Lunada Bay Boys, (c) illegal activities at Lunada Bay, (d)

22    statements she made to the Daily Breeze regarding the

23    January 20, 2014 incident, at a public surfing event at Lunada

24    on Martin Luther King, Jr. Day, where a Lunada Bay Boy that

25    had his face painted in black makeup and wore a black Afro

26    wig left her house to go to the event.  Plaintiffs' list this

27    witness as a percipient witness.

28    44)    Jordan Wright, can be contacted through Plaintiffs' counsel,

1    on the subjects set forth in the Complaint, to which he was a

2    percipient witness. Specifically, Mr. Wright is expected to

3    testify regarding several incidents that he has had with

4    Individual members of the Lunada Bay Boys over the 2 – 3

5    years that he has attempted surf the break, including but not

6    limited to the following: (a) being assaulted on January 29,

7    2016 by David Melo, (b) February 13, 2016 incident with

8    Plaintiff Diana Reed, (c) other incidents when he attempted to

9    surf Lunada Bay.

10   45)    Gavin Heaney, can be contacted through Plaintiffs' counsel,

11    on the allegations set forth in the Complaint related to

12    Defendant Lunada Bay Boys and the Individual Members of

13    the Lunada Bay Boys. It is anticipated that Mr. Heaney will

14    testify that he was denied entrance to Lunada Bay on top of

15    the bluff while attempting to surf there by six or more Bay

16    Boys who threatened him with violence and damage to his

17    property if he went down the trail. Fearing for his safety, he

18    quickly left the area. It is further anticipated this witness will

19    testify that Greg Cahill was one of the people who threatened

20    him.

21   46)    Tyler Canali, can be contacted through Plaintiffs' counsel, on

22    the allegations set forth in the Complaint related to Defendant

23    Lunada Bay Boys and the Individual Members of the Lunada

24    Bay Boys. Canali will testify that he is not from Palos Verdes

25    Estates. It is anticipated that he will testify that was hassled

26    the whole way out by the Lunada Bay Boys. They kept telling

27    him "Don't bother going out, you're not going to get a wave.".

28    He will state that the Individual Bay Boys cut him off on every

1    wave. He will further testify that Individual Bay Boys

2    surrounded him in the water in an effort to intimidate him.

3    They were as close as they could be, no one saying a word,

4    just staring him down. Eventually Canali made his way to

5    shore, where more hecklers awaited. They called him a "kook"

6    told him to leave.

7    47)   Jimmy Conn, can be contacted through Plaintiffs' counsel, on

8    the allegations set forth in the Complaint related to Defendant

9    Lunada Bay Boys and the Individual Members of the Lunada

10   Bay Boys. Specifically, it is anticipated that this witness will

11   testify that he started surfing Lunada Bay around 1976 on

12   really big swells. Because most of the locals are not good

13   surfers, they would not be in the water when he surfed but

14   would still threaten, harass and throw rocks at him. On one

15   occasion, he was hit by a rock and needed 17 stiches in his

16   lip. He still has the scar.

17   48)   Daniel Dorn, can be contacted through Plaintiffs' counsel, on

18   the allegations set forth in the Complaint related to Defendant

19   Lunada Bay Boys and the Individual Members of the Lunada

20   Bay Boys. It is anticipated that Mr. Dorn will testify that he is a

21   semiprofessional body boarder from Redondo Beach and that

22   he had never surfed Lunada Bay for fear of violence. He

23   attended one of Taloa's surfing events at Lunada Bay

24   because he felt it would be safe. It is anticipated that he will

25   testify even though the police where present they would not

26   tell him if it was safe. Upon greeting the pack with a hello, he

27   was assailed by profanities and threats. He will testify that a

28   Bay Boy in a kayak told him to leave and threatened him. It is

1    anticipated that Dorn will testify that Individual Bay Boys
2    dropped in on him and tried to run him over with their
3    surfboards until he left.
4    49)    Derek Ellis, can be contacted through counsel, on the
5           allegations set forth in the Complaint related to Defendant
6           Lunada Bay Boys and the Individual Members of the Lunada
7           Bay Boys.
8    50)    Geoff Hagins, can be contacted through Plaintiffs' counsel, on
9           the allegations set forth in the Complaint related to Defendant
10          Lunada Bay Boys and the Individual Members of the Lunada
11          Bay Boys. Geoff Hagins, John Hagin, Mike Bernard, Mike
12          Bernard, Jr, Charlie Rigano and Doug Disanti were accosted
13          by Peter McCollum and several other Bay Boys as reflected in
14          Incident Report 95-0381.
15   51)    John Hagins, contact information unknown, on the allegations
16          set forth in the Complaint related to Defendant Lunada Bay
17          Boys and the Individual Members of the Lunada Bay Boys.
18          Geoff Hagins, John Hagin, Mike Bernard, Mike Bernard, Jr,
19          Charlie Rigano and Doug Disanti were accosted by Peter
20          McCollum and several other Bay Boys as reflected in Incident
21          Report 95-0381.
22   52)    Mike Bernard, contact information unknown, on the
23          allegations set forth in the Complaint related to Defendant
24          Lunada Bay Boys and the Individual Members of the Lunada
25          Bay Boys. Geoff Hagins, John Hagin, Mike Bernard, Mike
26          Bernard, Jr, Charlie Rigano and Doug Disanti were accosted
27          by Peter McCollum and several other Bay Boys as reflected in
28          Incident Report 95-0381.

53) Mike Bernard, Jr. contact information unknown, on the
allegations set forth in the Complaint related to Defendant
Lunada Bay Boys and the Individual Members of the Lunada
Bay Boys. Geoff Hagins, John Hagin, Mike Bernard, Mike
Bernard, Jr, Charlie Rigano and Doug Disanti were accosted
by Peter McCollum and several other Bay Boys as reflected in
Incident Report 95-0381.

54) Charlie Rigano, contact information unknown, on the
allegations set forth in the Complaint related to Defendant
Lunada Bay Boys and the Individual Members of the Lunada
Bay Boys. Geoff Hagins, John Hagin, Mike Bernard, Mike
Bernard, Jr, Charlie Rigano and Doug Disanti were accosted
by Peter McCollum and several other Bay Boys as reflected in
Incident Report 95-0381.

55) Doug Disanti, contact information unknown, on the allegations
set forth in the Complaint related to Defendant Lunada Bay
Boys and the Individual Members of the Lunada Bay Boys.
Geoff Hagins, John Hagin, Mike Bernard, Mike Bernard, Jr,
Charlie Rigano and Doug Disanti were accosted by Peter
McCollum and several other Bay Boys as reflected in Incident
Report 95-0381.

56) Kurt Stanphenhorst, contact information unknown, on the
allegations set forth in the Complaint related to Defendant
Lunada Bay Boys and the Individual Members of the Lunada
Bay Boys. It is anticipated that this witness will testify that Got
shot at with a pellet gun by an Individual Bay Boy.

57) Randy Clark, contact information unknown, on the allegations
set forth in the Complaint related to Defendant Lunada Bay

1 | Boys and the Individual Members of the Lunada Bay Boys.

2 | 58)   John Innis, can be contracted throught Plaintiffs' counsel, on
3 | the allegations set forth in the Complaint related to Defendant
4 | Lunada Bay Boys and the Individual Members of the Lunada
5 | Bay Boys. This witness will testify that he was while trying to
6 | take photographs. He made a police report but nothing came
7 | of it.

8 | 59)   Trish Laurie, contact information unknown, on the allegations
9 | set forth in the Complaint related to Defendant Lunada Bay
10 | Boys and the Individual Members of the Lunada Bay Boys. It
11 | is anticipated that Ms. Laurie will testify that she was sexually
12 | harassed/assaulted at Lunada Bay.  It is anticipated that she
13 | will say that certain individuals dropped "dropped their towels
14 | and jerked off to her."  Ms. Laurie is being listed as a possible
15 | percipient witness.

16 | 60)   Ken Claypool, can be contacted through Plaintiffs' counsel, on
17 | the allegations set forth in the Complaint related to Defendant
18 | Lunada Bay Boys and the Individual Members of the Lunada
19 | Bay Boys. This witness will testify about several incidents of
20 | harassment at Lunada Bay involving Individuals such as
21 | Brant Blakeman and possibly one or more of the Ferraras.

22 | 61)   Tom Wilson, contact information unknown, on the allegations
23 | set forth in the Complaint related to Defendant Lunada Bay
24 | Boys and the Individual Members of the Lunada Bay Boys.

25 | 62)   Martin Tueling, contact information unknown, on the
26 | allegations set forth in the Complaint related to Defendant
27 | Lunada Bay Boys and the Individual Members of the Lunada
28 | Bay Boys.

63)   Bernie Mann, contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys.

64)   Dr. Stephen Young, can be contacted through Plaintiffs' counsel, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. It is anticipated that Dr. Stephen Young will testify that while attending Medical school he tried many times to enjoy the break at Lunada Bay and on every occasion I was bullied to leave the area. He will tesify that his vehicle was damaged many times which included slashed tires, scratches on the painted surfaces and broken windows. He will testify that there was a few occasions that he feared for my life. He will state that he filed a police report but nothing was done.

65)   Hagan Kelly, contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys.

66)   Sef Krell, may be contacted through Plaintiffs' counsel, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. Specifically, related to the incident that occurred on or around November 15, 2014.

67)   Alan Haven, can be contacted through Plaintiffs' counsel, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. Mr. Haven is a resident of Palos Verdes Estates and will testify regarding the video of an assault that he took

1    on October 10, 2015.

2    68)   Daniel R. Jongeward, can be contacted through Plaintiffs'

3          counsel, on the allegations set forth in the Complaint related

4          to Defendant Lunada Bay Boys and the Individual Members

5          of the Lunada Bay Boys. Specifically, it is anticipated that Mr.

6          Jongeward will testify that: (a) he is not a resident of Palos

7          Verdes Estates, (b) he was a big surfer but rides longboards

8          and guns, (c) he has attempted to surf Lunada Bay on several

9          occasions. Because of the reputation, he went alone and

10         early in the morning. He has had dirt clogs and rocks thrown

11         at him. He has been physically threatened. People threatened

12         to vandalize his car. Because he believes that the Lunada

13         Bay Boys have the ability to physically harm him and his

14         property he made the decision not to return.

15   69)   Patrick Landon, contact information unknown, on the

16         allegations set forth in the Complaint related to Defendant

17         Lunada Bay Boys and the Individual Members of the Lunada

18         Bay Boys.

19   70)   Frank Netto, can be contacted through Plaintiffs' counsel, on

20         the allegations set forth in the Complaint related to Defendant

21         Lunada Bay Boys and the Individual Members of the Lunada

22         Bay Boys.

23   71)   Randy Miestrell, contact information unknown, on the

24         allegations set forth in the Complaint related to Defendant

25         Lunada Bay Boys and the Individual Members of the Lunada

26         Bay Boys. This witness has been quoted in numerus articles

27         over the years and is listed as a possible percipient witness.

28   72)   Sharlean Perez, can be contacted through Plaintiffs' counsel,

1   on the allegations set forth in the Complaint related to
2   Defendant Lunada Bay Boys and the Individual Members of
3   the Lunada Bay Boys. It is anticipated that this witness will
4   testify that she and her boyfriend tried to hike down the trail to
5   Lunada Bay and people started throwing glass bottles "near"
6   and "around" them.  She and her boyfriend at the time were
7   not from PVE.

8   73)   Charles Michael Pinkerton, can be contacted through
9   Plaintiffs' counsel, on the allegations set forth in the
10   Complaint related to Defendant Lunada Bay Boys and the
11   Individual Members of the Lunada Bay Boys. It is anticipated
12   that Mr. Pinkerton will testify that he is an aerospace engineer
13   with a Masters Degree that he has made several attempts to
14   surf Lunada Bay. He will state that he has been harassed
15   (verbal harassments, threats of violence, to throw things in the
16   water). He has had all four tires flattened, his windows waxed;
17   his backpack thrown in the water while he was out surfing.

18   74)   Mike Purpus, contact information unknown, on the allegations
19   set forth in the Complaint related to Defendant Lunada Bay
20   Boys and the Individual Members of The Lunada Bay Boys.
21   This witness is a former professional surfer who has written
22   articles about localism at Lunada Bay and is listed as a
23   possible percipient witness.

24   75)   Mike Stevens, Los Angeles County District Attorney's Office,
25   210 West Temple Street, Los Angeles, CA 90012, on the
26   allegations set forth in the Complaint related to Defendant
27   Lunada Bay Boys and the Individual Members of the Lunada
28   Bay Boys. Plaintiffs have been informed that Mr. Stevens is

1   an investigator with the Los Angeles District Attorney's Office
2   and that he was hassled by the Bay Boys when attempting to
3   surf Lunada Bay. Neither Plaintiffs nor their attorneys have
4   spoken directly with Mr. Stevens. He is listed as a possible
5   percipient witness.
6   76)   Christopher Taloa, can be contacted through Plaintiffs'
7   counsel, on the allegations set forth in the Complaint related
8   to Defendant Lunada Bay Boys and the Individual Members
9   of the Lunada Bay Boys. Specifically, it is anticipated that Mr.
10   Taloa will testify regarding several incidents.
11   77)   John MacHarg, can be contacted through Plaintiffs' counsel.
12   Plaintiffs anticipate that Mr. MacHard will testify that while
13   visiting Lunada Bay on Feburary 1, 2016 he was standing just
14   under the patio on the rocks and Defendant Sang Lee (local
15   surfer/enforcer) who was standing on top of the patio poured
16   out a portion of the beer he was holding on to his head.  This
17   happened right in front two officers that were standing 6 feet
18   to his right.
19   78)   Tim Tindall, can be contacted through Plaintiffs' counsel, on
20   the allegations set forth in the Complaint related to Defendant
21   Lunada Bay Boys and the Individual Members of the Lunada
22   Bay Boys. It is anticipated that Mr. Tindell will testify about
23   being harassed while attempting to body board Wally's.
24   79)   Rory Carroll, contact information unknown, on the allegations
25   set forth in the Complaint related to Defendant Lunada Bay
26   Boys and the Individual Members of the Lunada Bay Boys.
27   Specifically, Mr. Carroll is expected to testify regarding the
28   contents of the

1      video:https://www.theguardian.com/travel/video/2015/may/18/

2      california-surf-wars-lunada-bay-localism-video

3    80)    Noah Smith, contact information unknown, on the allegations

4      set forth in the Complaint related to Defendant Lunada Bay

5      Boys and the Individual Members of the Lunada Bay Boys.

6      Specifically, Mr. Carroll is expected to testify regarding the

7      contents of the video:

8      https://www.theguardian.com/travel/video/2015/may/18/califor

9      nia-surf-wars-lunada-bay-localism-video

10   81)    Josh Berstein, contact information unknown, on the subject of

11      the declaration submitted to the California Coastal

12      Commission regarding trail access.

13   82)    Karl R. Bingemann, contact information unknown, on the

14      subject of the declaration submitted to the California Coastal

15      Commission regarding trail access.

16   83)    William C. Brand, contact information unknown, on the subject

17      of the declaration submitted to the California Coastal

18      Commission regarding trail access.

19   84)    Kurt Buettgenbach, contact information unknown, on the

20      subject of the declaration submitted to the California Coastal

21      Commission regarding trail access.

22   85)    Sean Criss, contact information unknown, on the subject of

23      the declaration submitted to the California Coastal

24      Commission regarding trail access.

25   86)    Douglas Leach, contact information unknown, on the subject

26      of the declaration submitted to the California Coastal

27      Commission regarding trail access.

28   87)    Ian McDonald, contact information unknown, on the subject of

| 1 | | the declaration submitted to the California Coastal |
| 2 | | Commission regarding trail access. |
| 3 | 88) | John R. McGrath, Jr., contact information unknown, on the |
| 4 | | subject of the declaration submitted to the California Coastal |
| 5 | | Commission regarding trail access. |
| 6 | 89) | Colin McNany, contact information unknown, on the subject of |
| 7 | | the declaration submitted to the California Coastal |
| 8 | | Commission regarding trail access. |
| 9 | 90) | Bruce V. Rorty, contact information unknown, on the subject |
| 10 | | of the declaration submitted to the California Coastal |
| 11 | | Commission regarding trail access. |
| 12 | 91) | Officers R. Castro / C. Simon, presumably can be contacted |
| 13 | | through counsel for the City, on the subject regarding Officer |
| 14 | | Report for Incident 12-11606. |
| 15 | 92) | Officers Helinga / Wulf, presumably can be contacted through |
| 16 | | counsel for the City, on the subject regarding Officer Report |
| 17 | | for Incident 11-10919. |
| 18 | 93) | Officer Shinowsky, presumably can be contacted through |
| 19 | | counsel for the City, on the subject regarding Officer Report |
| 20 | | for Incident 95-0297. |
| 21 | 94) | Officer Belcher, presumably can be contacted through |
| 22 | | counsel for the City, on the subject regarding Officer Report |
| 23 | | for Incidents 95-0281, 95-0381. |
| 24 | 95) | Officers Velez / John C. Eberhard / Denise L. Allen, |
| 25 | | presumably can be contacted counsel for the City, on the |
| 26 | | subject regarding Officer Report(s) for Incidents 95-0418 and |
| 27 | | 97-0042. |
| 28 | 96) | Officers Denice L. Allen / John C. Eberhard / Steven N. |

1     Barber, presumably can be contacted through counsel for the

2     City, on the subject regarding Officer Report for Incident 97-

3     0047.

4    97)    Officers Richard J. Delmont / Patrick L. Hite, can presumably

5     be contacted through counsel for the City, on the subject

6     regarding Officer Report for Incident 98-0301.

7    98)    Officers Cecilia T. Nguyen / Mark A. Velez / Valerie S. Hite,

8     can presumably be contacted through counsel for the City, on

9     the subject regarding Officer Report for Incident 99-0042.

10    99)    Officers E. Gaunt / C. Reed, presumably can be contacted

11     through counsel for the City, on the subject regarding Officer

12     Report for Incident 09-00575.

13    100)    Officers E. Gaunt / C. Reed, presumably can be contacted

14     through counsel for the City, on the subject regarding Officer

15     Report for Incident 09-00562.

16    101)    Officers B. Hernandez / R. Venegas, presumably can be

17     contacted through counsel for the City, on the subject

18     regarding Officer Report for Incident 09-00693.

19    102)    Officer B. Hernandez, presumably can be contacted through

20     counsel for the City, on the subject regarding Officer

21     Report for Incident 09-10183.

22    103)    Officers L. Tejada / R. Delmont, presumably can be contacted

23     through counsel for the City, on the subject regarding Officer

24     Report for Incident 09-08872.

25    104)    Officers C. Eberhard / S. Tomlins, presumably can be

26     contacted through counsel for the City, on the subject

27     regarding Officer Report for Incident 10-00265.

28    105)    Officers B. Hernandez / C. Reed, presumably can be

1     contacted through counsel for the City, on the subject

2     regarding Officer Report for Incident 10-02408.

3 **B.**   **Documents**

4     In accordance with F.R.C.P. 26(a)(1)(A)(ii), Plaintiffs identify the

5 following categories of documents in their possession, custody or control:

6     <u>Police Reports:</u>

7     1.     Palos Verdes Estates Police Department, Officer Report for

8     Incident 16-01360, dated 1/22/95.

9     2.     Palos Verdes Estates Police Department, Officer Report for

10     Incident 95-0219/0381, dated 3/13/95.

11     3.     Palos Verdes Estates Police Department, Officer Report for

12     Incident 95-0297, dated 4/5/95.

13     4.     Palos Verdes Estates Police Department, Officer Report for

14     Incident 95-0381, dated 4/26/95.

15     5.     Palos Verdes Estates Police Department, Officer Report for

16     Incident 95-0381, dated 3/14/95.

17     6.     Palos Verdes Estates Police Department, Officer Report for

18     Incident 95-0418, dated 5/7/95.

19     7.     Palos Verdes Estates Police Department, Officer Report for

20     Incident 96-1037, dated 12/18/96.

21     8.     Palos Verdes Estates Police Department, Officer Report for

22     Incident 97-0002, dated 1/1/97.

23     9.     Palos Verdes Estates Police Department, Officer Report for

24     Incident 97-0042, dated 1/18/97.

25     10.     Palos Verdes Estates Police Department, Officer Report for

26     Incident 97-0047, dated 1/19/97.

27     11.     Palos Verdes Estates Police Department, Officer Report for

28     Incident 98-0301, dated 5/02/98.

1    12.   Palos Verdes Estates Police Department, Officer Report for
2          Incident 99-0042, dated 1/16/99.

3    13.   Palos Verdes Estates Police Department, Officer Report for
4          Incident 99-0077, dated 1/24/99.

5    14.   Palos Verdes Estates Police Department, Officer Report for
6          Incident 09-00562, dated 1/19/09.

7    15.   Palos Verdes Estates Police Department, Officer Report for
8          Incident 09-00693, dated 1/24/09.

9    16.   Palos Verdes Estates Police Department, Officer Report for
10       Incident 09-08872, dated 10/15/09.

11    17.   Palos Verdes Estates Police Department, Officer Report for
12       Incident 09-10183, dated 11/28/09. – Sang Lee

13    18.   Palos Verdes Estates Police Department, Officer Report for
14       Incident 10-00265, dated 1/10/10.

15    19.   Palos Verdes Estates Police Department, Officer Report for
16       Incident 10-02408, dated 3/23/10.

17    20.   Palos Verdes Estates Police Department, Officer Report for
18       Incident 11-10919, dated 12/25/11.

19    21.   Palos Verdes Estates Police Department, Officer Report for
20       Incident 12-11606, dated 11/03/12.

21    22.   Palos Verdes Estates Police Department, Officer Report for
22       Incident 16-0136, dated 1/29/16.

23    Photos:

24    23.   All photos attached as exhibits to the Complaint.
25    24.   All photos attached as exhibits to the State Action BC629596.
26    25.   Photographs of Lunada Bay taken in August 2015 and provided
27       to Plaintiffs by City of Palos Verdes Estates in response to Public
28       Records Act Request, Bates Nos. 1128-1151,1267-1300.

Correspondence:

26. Letter undated from Jim Russi to Ed Jaakola.

27. Letter dated January 21, 2016, from Jordan Sanchez of the California Coastal Commission to Jeff Kepley of the Palos Verdes Police Department.

28. Letter dated June 6, 2016, from Mr. Sanchez of the California Coastal Commission to City Manager Anton Dahlerbruch.

29. Letter dated June 7, 2016, from City Manager Dahlerbruch to Mr. Sanchez.

30. July 12, 2016 Sheri Repp-Loadsmann, Deputy City Manager/Planning and Building Director issued a Memorandum to the City's Mayor and City Council.

31. Email chain dated April 4, 2016 between John MacHarg and Mark Velez.

32. Memo dated 12/31/15 from Chief Jeff Kepley' re PVE Surfing Localism in The Media This Week.

33. Memorandum from Anton Dahlerbruch to Honorable Mayor and City Council dated January 22, 2016, Subject City Managers Report for January 18- January 22, 2016.

34. Memorandum from Anton Dahlerbruch to Honorable Mayor and City Council dated January 29, 2016, Subject City Managers Report for January 25- January 29, 2016.

35. Memorandum from Anton Dahlerbruch to Honorable Mayor and City Council dated March 25, 2016, Subject City Managers Report for March 21 - March 25, 2016.

36. Letter dated January 12, 2016 from Resident to Jeff Kepley.

37. Letter to Surfer Magazine from Frank Ferarra entitled "Today's Lesson Don't Be A Kook.

Videos:

38. Defendant Sang Lee and other Bay Boys caught on video. https://www.theguardian.com/travel/video/2015/may/18/california-surf-wars-lunada-bay-localism-video

39. Peter McCollum assaults Jeff Hagins, John Hagins, Vietnam combat vet Mike Bernard and his son for surfing the public beach telling them, among other things, "you won't come back here again boy". https://www.youtube.com/watch?v=J1Ms0ktOaZs

40. Defendant Michael Papayans - blocking access to the public beach: https://vimeo.com/88394493

41. MLK harassment - https://vimeo.com/85025465

42. Video of David Melo harassing Diana Milena Reed and Jordan Wright and attempting to block their access to public beach taken on 1/29/16.

43. Video of Hank Harper attempting to intimidate Diana Milena Reed and her attorney while being interviewed by the media.

44. The Swell Life, (2001), interview of former Chief of Police Tim Browne.

45. Video taken by Alan Haven on 10-10-16 of six males on the cliffs edge that overlooks Lunada Bay.

**C.   Damages**

A Computation of Damages Claimed by Plaintiff Under Fed. R. Civ. P. 26(a)(1)(A)(iii)

This case is primarily about broad, class-wide injunctive and declaratory relief necessary to redress group-wide injury to visiting beachgoers whom Defendants are denying access to Lunada Bay, whereby a single injunction or declaratory judgment will provide relief to each member

1  of the class.  In addition to equitable relief, on behalf of themselves and the

2  putative class, Plaintiffs Cory Spencer and Diana Milena Read seek uniform

3  and formulaic damages that are incidental to the requested equitable relief.

4  This includes damages under Civil Code section 52 and 52.1(b). Plaintiffs do

5  not have sufficient information at this time to provide an accurate estimate of

6  the incidental damages, however, such amount is to be determined at trial.

7       Plaintiffs also seek attorneys' fees, costs, and interest pursuant to Cal.

8  Civ. Code §§ 52.1 and 1021.5, 42 U.S.C. § 1983, and any other statute or

9  rule of law authorizing such an award.

10      At this early stage of discovery, however, Plaintiffs are unable to

11 provide a full computation of damages they will be seeking.

12 **D.    Insurance**

13      Not applicable.

14 **E.    Certification**

15      To the best of my knowledge, information, and belief, formed after an

16 inquiry that is reasonable under the circumstances, this disclosure is

17 complete and correct as of the time it is made.

18

19 DATED: October 2. 2016            HANSON BRIDGETT LLP

20

21                                   By:/s/ Kurt A. Franklin
                                        KURT A. FRANKLIN
22                                      SAMANTHA D. WOLFF
                                        CAROLINE ELIZABETH LEE
23                                      TYSON M. SHOWER
                                        LANDON D. BAILEY
24                                      Attorneys for Plaintiffs
                                        CORY SPENCER, DIANA MILENA
25                                      REED, and COASTAL PROTECTION
                                        RANGERS. INC.

26

27

28

OTTEN LAW, PC

1

2 DATED:  October 2, 2016

3

4

5 By: /s/Victor Otten
VICTOR OTTEN
KAVITA TEKCHANDANI
Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
clee@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:(415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:(916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone:(310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 1  CORY SPENCER, an individual; | CASE NO. 2:16-cv-02129-SJO (RAOx) |
| 2  DIANA MILENA REED, an individual; and COASTAL | **PLAINTIFFS' NOTICE OF DEPOSITION OF BRANT** |
| 3  PROTECTION RANGERS, INC., a | **BLAKEMAN** |
| 4  California non-profit public benefit corporation, | Date:  October 18, 2016 |
| 5 | Time:  9:00 a.m. |
| 6            Plaintiffs, | Place: Sousa Court Reporters |
| 7            v. | 736 4th Street |
| 8  LUNADA BAY BOYS; THE | Hermosa Beach, CA 90254 |
| 9  INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but | |
| 10 not limited to SANG LEE, BRANT | |
| 11 BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, | |
| 12 MICHAEL RAE PAPAYANS, | |
| 13 ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, | |
| 14 and N.F.; CITY OF PALOS | |
| 15 VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his | |
| 16 representative capacity; and DOES | |
| 17 1-10, | |
| 18            Defendants. | |
| 19 | |
| 20 | |

21   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

22        Please take notice that on Tuesday, <u>October 18, 2016 at 9:00 a.m.</u>,

23   Plaintiffs, Cory Spencer, Diana Milena Reed, and the Coastal Protection

24   Rangers, Inc. ("Plaintiffs") will take the <u>deposition of Brant Blakeman</u> at

25   Sousa Court Reporters, 736 4th Street, Hermosa Beach, CA 90254,

26   California. The deposition will be taken from day to day thereafter until

27   completed.

28        NOTICE IS FURTHER GIVEN that the deposing party intends to

1  cause the proceedings to be recorded stenographically through the instant
2  visual display of the testimony and will also be recorded by videotape and
3  audiotape.
4  Dated: October 10, 2016                        HANSON BRIDGETT LLP
5                                          BY: _____
6
7
8                                          KURT A. FRANKLIN
                                           TYSON M. SHOWER
                                           SAMANTHA D. WOLFF
9                                          LANDON D. BAILEY
                                           CAROLINE E. LEE
10                                         Attorneys for Plaintiffs
                                           CORY SPENCERDIANA MILENA
11                                         REED, and COASTAL PROTECT-
                                           ION RANGERS INC.
12
13 DATED:  October 10, 2016          BY:  OTTEN LAW, PC
14
15
16                                         /s/Victor Otten
                                           VICTOR OTTEN
17                                         KAVITA TEKCHANDANI
                                           Attorneys for Plaintiffs
18                                         CORY SPENCER, DIANA MILENA
                                           REED, and COASTAL
19                                         PROTECTION RANGERS, INC.
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

*Spencer, et al. v. Lunada Bay boys, et al.;*
**USDV, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)**

### STATE OF CALIFORNIA, COURNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party of this action. I am employed in the county of Los Angeles, State of California. My business Address is 3620 Pacific Coast Highway, Suite 100, Torrance CA 90505.

On October 10, 2016 I served true copies of the following document(s)
Described as **PLAINTIFFS' NOTICE OF DEPOSTION OF BRANT BLAKEMAN** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**X        BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is places for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**X        BY EMAIIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent form e-mail address _____ to the personas at the email addresses listed in the Service List. The document(s) were transmitted at approximately 3:20 p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Executed on October 10, 2016, at Torrance, California.

*/s/ Kavita Tekchandani*
Kavita Tekchandani

List of Counsel in *Spencer, et al. v. Lunada Bay Boys, et al.*
~~Federal Court Case~~
U.S.D.C. for the Central District of California, Western Division
Case #2:16-cv-02129-SJO (RAOx)

~~As of October 5, 2016~~

| | | |
|---|---|---|
| Plaintiffs CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC. | Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA  94105<br>Telephone:      (415) 777-3200<br>Facsimile:       (415) 541-9366 | kfranklin@hansonbridgett.com<br>swolff@hansonbridgett.com<br>clee@hansonbridgett.com |
| | Tyson M. Shower, Esq.<br>Landon Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA  95814<br>Telephone:      (916) 442-3333<br>Facsimile:       (916) 442-2348 | tshower@hansonbridgett.com<br>lbailey@hansonbridgett.com |
| | Victor Otten, Esq.<br>Kavita Tekchandani, Esq.<br>OTTEN LAW, PC<br>3620 Pacific Coast Highway, #100<br>Torrance, CA  90505<br>Telephone:      (310) 378-8533<br>Facsimile:       (310) 347-4225 | vic@ottenlawpc.com<br>kavita@ottenlawpc.com |

123914361

List of Counsel in *Spencer, et al. v. Lunada Bay Boys, et al.*

~~Federal Court Case~~

U.S.D.C. for the Central District of California, Western Division

Case #2:16-cv-02129-SJO (RAOx)

| Defendant LUNADA BAY BOYS | | |
|---|---|---|
| Defendant SANG LEE | Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tera Lutz, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071<br>Telephone:    (213) 580-3858<br>Facsimile:    (213) 250-7900 | dana.fox@lewisbrisbois.com<br>edward.ward@lewisbrisbois.com<br>eric.kizirian@lewisbrisbois.com<br>tera.lutz@lewisbrisbois.com |
| | Daniel M. Crowley, Esq.[1]<br>BOOTH, MITCHEL & STRANGE LLP<br>707 Wilshire Boulevard, Suite 4450<br>Los Angeles, CA 90017<br>Telephone:    (213) 738-0100<br>Facsimile:    (213) 380-3308 | dmcrowley@boothmitchel.com |

Page 2 of 5

---

[1] As of September 8, 2016, Daniel M. Crowley is not listed on the ECF notifications from the Court; however, he filed a Notice of Appearance on September 7, 2016.

123914361

List of Counsel in *Spencer, et al. v. Lunada Bay Boys, et al.*
[Federal Court Case]
U.S.D.C. for the Central District of California, Western Division
Case #2:16-cv-02129-SJO (RAOx)

| | Attorney Name(s) and Address | Email |
|---|---|---|
| Defendant BRANT BLAKEMAN | Robert T. Mackey, Esq.[2]<br>Peter H. Crossin, Esq.<br>Richard P. Dieffenbach, Esq.<br>John P. Worgul, Esq.<br>VEATCH CARLSON, LLP<br>1055 Wilshire Boulevard, 11th Floor<br>Los Angeles, CA 90017<br>Telephone:  (213) 381-2861<br>Facsimile:  (213) 383-6370<br><br>Robert S. Cooper, Esq.<br>BUCHALTER NEMER, APC<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA 90017<br>Telephone:  (213) 891-5230<br>Facsimile:  (213) 896-0400 | rmackey@veatchfirm.com<br>pcrossin@veatchfirm.com<br>rdieffenbach@veatchfirm.com<br>jworgul@veatchfirm.com<br><br><br>rcooper@buchalter.com |
| Defendant ALAN JOHNSTON a/k/a<br>JALIAN JOHNSTON | J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266<br>Telephone:  (310) 526-2237<br>Facsimile:  (424) 456-3131 | pat@patcareylaw.com |

---

[2] As of September 8, 2016, Robert T. Mackey is not listed on the ECF notifications from the Court; however, he is listed on the caption page.

12391436.1

List of Counsel in *Spencer, et al. v. Lunada Bay Boys, et al.*
~~Federal Court Case~~
U.S.D.C. for the Central District of California, Western Division
Case #:2:16-cv-02129-SJO-SJO (RAOx)

| ~~Party~~ | ~~Attorney, Firm Name, Address & Telephone~~ | |
|---|---|---|
| Defendant MICHAEL RAY PAPAYANS | Peter T. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266<br>Telephone:    (213) 842-4617<br>Facsimile:    (213) 477-2137 | peter@havenlaw.com |
| Defendant ANGELO FERRARA | Mark C. Fields, Esq.<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071<br>Telephone:    (213) 617-5225<br>Facsimile:    (213) 629-4520 | fields@markfieldslaw.com |
| | Thomas M. Phillips, Esq.<br>Aaron G. Miller, Esq.<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017<br>Telephone:    (213) 244-9913<br>Facsimile:    (213) 244-9915 | tphillips@thephillipsfirm.com<br>amiller@thephillipsfirm.com |
| Defendant N.F.<br>[Petitioner's Mother Leonora Ferrara As His<br>Guardian Ad Litem] | Mark C. Fields, Esq.[3]<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071<br>Telephone:    (213) 617-5225<br>Facsimile:    (213) 629-4520 | fields@markfieldslaw.com |

[3] Mark C. Fields is also counsel of record for Defendant Angelo Ferrara so his email address is listed twice in this document.

Page 4 of 5

123914361

List of Counsel in *Spencer, et al. v. Lunada Bay Boys, et al.*
~~Federal Court Cases~~
U.S.D.C. for the Central District of California, Western Division
Case #:2:16-cv-02129-SJO (RAOx)

| | | |
|---|---|---|
| Defendants CHARLIE FERRARA and FRANK FERRARA | Patrick Au, Esq.<br>Laura L. Bell, Esq.[4]<br>BREMER WHYTE BROWN & OMEARA, LLP<br>21271 Burbank Blvd. Suite 110<br>Woodland Hills, CA 91367<br>Telephone:      (818) 712-9800<br>Facsimile:      (818) 712-9900 | pau@bremerwhyte.com<br>lbell@bremerwhyte.com |
| Defendants CITY OF PALOS VERDES and CHIEF OF POLICE JEFF KEPLEY | Edwin J. Richards, Esq.<br>Antoinette P. Hewitt, Esq.<br>Rebecca L. Wilson, Esq.<br>Jacob Song, Esq.<br>Christopher D. Glos, Esq.[5]<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine, CA 92614-8595<br>Telephone:      (949) 417-0999<br>Facsimile:      (949) 417-5394 | ed.richards@kutakrock.com<br>antoinette.hewitt@kutakrock.com<br>rebecca.wilson@kutakrock.com<br>jacob.song@kutakrock.com<br>christopher.glos@kutakrock.com |

Page 5 of 5

---

[4] As of September 8, 2016, Laura L. Bell is not listed on the ECF notifications from the Court; however, she is listed on the caption page.

[5] While Christopher Glos advised Kurt Franklin that others in the firm would be handling this matter, Mr. Glos is still listed on the Court's ECF notification as of September 8, 2016.

123914361

# EXHIBIT E

1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   CAROLINE LEE, SBN 293297
4  clee@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone:(415) 777-3200
6  Facsimile:  (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone:(916) 442-3333
11 Facsimile:  (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone:(310) 378-8533
16 Facsimile:  (310) 347-4225

17 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
18 REED, and COASTAL PROTECTION
   RANGERS, INC.

19

20              UNITED STATES DISTRICT COURT

21     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

22

23 CORY SPENCER, an individual;        CASE NO. 2:16-cv-02129-SJO (RAOx)
24 DIANA MILENA REED, an               PLAINTIFFS' NOTICE OF
   individual; and COASTAL             DEPOSITION OF BRANT
25 PROTECTION RANGERS, INC., a         BLAKEMAN
   California non-profit public benefit
26 corporation,                        Date:  November 10, 2016
                                       Time:  9:00 a.m.
27                                     Place: Sousa Court Reporters
                                              736 4th Street
28              Plaintiffs,                    Hermosa Beach. CA 90254

                                       2:16-cv-02129-SJO (RAOx)
─────────────────────────────────────────────────────────
            PLS. NOT. OF DEPOSITION OF BRANT BLAKEMAN

1        v.

2

3 LUNADA BAY BOYS; THE
INDIVIDUAL MEMBERS OF THE
4 LUNADA BAY BOYS, including but
not limited to SANG LEE, BRANT
5 BLAKEMAN, ALAN JOHNSTON
AKA JALIAN JOHNSTON,
6 MICHAEL RAE PAPAYANS,
ANGELO FERRARA, FRANK
7 FERRARA, CHARLIE FERRARA,
and N.F.; CITY OF PALOS
8 VERDES ESTATES; CHIEF OF
POLICE JEFF KEPLEY, in his
9 representative capacity; and DOES
1-10,
10

11

12        Defendants.

13

14

15     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

16       Please take notice that on Thursday, November 10, 2016 at 9:00 a.m.,

17 Plaintiffs, Cory Spencer, Diana Milena Reed, and the Coastal Protection

18 Rangers, Inc. ("Plaintiffs") will take the deposition of Brant Blakeman at

19 Sousa Court Reporters, 736 4th Street, Hermosa Beach, CA 90254,

20 California. The deposition will be taken from day to day thereafter until

21 completed.

22       NOTICE IS FURTHER GIVEN that the deposing party intends to

23 cause the proceedings to be recorded stenographically through the instant

24 visual display of the testimony and will also be recorded by videotape and

25 audiotape.

26 //

27 //

28 //

DATED: October 27. 2016        HANSON BRIDGETT LLP


By:/s/ Kurt A. Franklin
   KURT A. FRANKLIN
   SAMANTHA D. WOLFF
   CAROLINE ELIZABETH LEE
   TYSON M. SHOWER
   LANDON D. BAILEY
   Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
   REED, and COASTAL PROTECTION
   RANGERS. INC.


DATED:  October 27, 2016        OTTEN LAW, PC


By:
   VICTOR OTTEN
   KAVITA TEKCHANDANI
   Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
   REED, and COASTAL PROTECTION
   RANGERS, INC.

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party of this action. I am employed in the county of Los Angeles, State of California. My business Address is 3620 Pacific Coast Highway, Suite 100, Torrance CA 90505.

On October 27, 2016, I served true copies of the following document(s)
Described as PLAINTIFFS' NOTICE OF DEPOSTION OF BRANT BLAKEMAN on the interested parties in this action as follows:

SEE ATTACHED SERVICE LIST

X        BY MAIL: I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is places for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.


X        BY EMAIIL OR ELECTRONIC TRANSMISSION: I caused a copy of the document(s) to be sent form e-mail address _____ to the personas at the email addresses listed in the Service List. The document(s) were transmitted at approximately 8:00 p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Executed on October 27, at Torrance, California.


_/s/Vanessa Marquez_
Vanessa Marquez

List of Counsel in *Spencer, et al. v. Lunada Bay Boys, et al.*
U.S.D.C. for the Central District of California, Western Division
Case #:2:16-cv-02129-SJO (RAOx)

| Plaintiffs CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC. | Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA  94105<br>Telephone:      (415) 777-3200<br>Facsimile:       (415) 541-9366 | kfranklin@hansonbridgett.com<br>swolff@hansonbridgett.com<br>clee@hansonbridgett.com |
| | Tyson M. Shower, Esq.<br>Landon Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA  95814<br>Telephone:      (916) 442-3333<br>Facsimile:       (916) 442-2348 | tshower@hansonbridgett.com<br>lbailey@hansonbridgett.com |
| | Victor Otten, Esq.<br>Kavita Tekchandani, Esq.<br>OTTEN LAW, PC<br>3620 Pacific Coast Highway, #100<br>Torrance, CA  90505<br>Telephone:      (310) 378-8533<br>Facsimile:       (310) 347-4225 | vic@ottenlawpc.com<br>kavita@ottenlawpc.com |
| Defendant LUNADA BAY BOYS | | |

Page 1 of 4

12991436.1

List of Counsel in *Spencer, et al. v. Lunada Bay Boys, et al.*
U.S.D.C. for the Central District of California, Western Division
Case #:2:16-cv-02129-SJO-SJO (RAOx)

| | |
|---|---|
| Defendant SANG LEE | Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tera Lutz, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071<br>Telephone:    (213) 580-3858<br>Facsimile:     (213) 250-7900<br><br>Daniel M. Crowley, Esq.[1]<br>BOOTH, MITCHEL & STRANGE LLP<br>707 Wilshire Boulevard, Suite 4450<br>Los Angeles, CA 90017<br>Telephone:    (213) 738-0100<br>Facsimile:     (213) 380-3308 | dana.fox@lewisbrisbois.com<br>edward.ward@lewisbrisbois.com<br>eric.kizirian@lewisbrisbois.com<br>tera.lutz@lewisbrisbois.com<br><br><br><br><br>dmcrowley@boothmitchel.com |
| Defendant BRANT BLAKEMAN | Robert T. Mackey, Esq.[2]<br>Peter H. Crossin, Esq.<br>Richard P. Dieffenbach, Esq.<br>John P. Worgul, Esq.<br>VEATCH CARLSON, LLP<br>1055 Wilshire Boulevard, 11th Floor<br>Los Angeles, CA 90017<br>Telephone:    (213) 381-2861<br>Facsimile:     (213) 383-6370 | rmackey@veatchfirm.com<br>pcrossin@veatchfirm.com<br>rdieffenbach@veatchfirm.com<br>jworgul@veatchfirm.com |

12391436.1

List of Counsel in *Spencer, et al. v. Lunada Bay Boys, et al.*
U.S.D.C. for the Central District of California, Western Division
Case #2:16-cv-02129-SJO (RAOx)

| | | |
|---|---|---|
| Defendant ALAN JOHNSTON a/k/a IALIAN JOHNSTON | J. Patrick Carey, Esq. LAW OFFICES OF J. PATRICK CAREY 1230 Rosecrans Avenue, Suite 300 Manhattan Beach, CA 90266 Telephone:   (310) 526-2237 Facsimile:    (424) 456-3131 | pat@patcareylaw.com |
| Defendant MICHAEL RAY PAPAYANS | Peter T. Haven, Esq. HAVEN LAW 1230 Rosecrans Avenue, Suite 300 Manhattan Beach, CA 90266 Telephone:   (213) 842-4617 Facsimile:    (213) 477-2137 | peter@havenlaw.com |
| Defendant ANGELO FERRARA | Mark C. Fields, Esq. LAW OFFICES OF MARK C. FIELDS, APC 333 South Hope Street, 35th Floor Los Angeles, CA 90071 Telephone:   (213) 617-5225 Facsimile:    (213) 629-4520  Thomas M. Phillips, Esq. Aaron G. Miller, Esq. THE PHILLIPS FIRM 800 Wilshire Boulevard, Suite 1550 Los Angeles, CA 90017 Telephone:   (213) 244-9913 Facsimile:    (213) 244-9915 | fields@markfieldslaw.com   tphillips@thephillipsfirm.com amiller@thephillipsfirm.com |

Page 3 of 4

12391436.1

List of Counsel in *Spencer, et al. v. Lunada Bay Boys, et al.*
U.S.D.C. for the Central District of California, Western Division
Case #2:16-cv-02129-SJO (RAOx)

| | | |
|---|---|---|
| Defendant N.F.<br>[Petitioner's Mother Leonora Ferrara As His Guardian Ad Litem] | Mark C. Fields, Esq.[3]<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071<br>Telephone:     (213) 617-5225<br>Facsimile:     (213) 629-4520 | fields@markfieldslaw.com |
| Defendants CHARLIE FERRARA and FRANK FERRARA | Patrick Au, Esq.<br>Laura L. Bell, Esq.[4]<br>BREMER WHYTE BROWN & O'MEARA, LLP<br>21271 Burbank Blvd. Suite 110<br>Woodland Hills, CA 91367<br>Telephone:     (818) 712-9800<br>Facsimile:     (818) 712-9900 | pau@bremerwhyte.com<br>lbell@bremerwhyte.com |
| Defendants CITY OF PALOS VERDES and CHIEF OF POLICE JEFF KEPLEY | Edwin J. Richards, Esq.<br>Antoinette P. Hewitt, Esq.<br>Rebecca L. Wilson, Esq.<br>Jacob Song, Esq.<br>Christopher D. Glos, Esq.[5]<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine, CA  92614-8595<br>Telephone:     (949) 417-0999<br>Facsimile:     (949) 417-5394 | ed.richards@kutakrock.com<br>antoinette.hewitt@kutakrock.com<br>rebecca.wilson@kutakrock.com<br>jacob.song@kutakrock.com<br>christopher.glos@kutakrock.com |

Page 4 of 4

12391436.1

# EXHIBIT F

# VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444
Telephone (213) 381-2861 Facsimile (213) 383-6370

October 28, 2016

**SENT VIA FACSIMILE AND EMAIL**

Kurt A. Franklin, Esq.
Tyson Shower, Esq.
Samantha Wolff, Esq.
Caroline Lee, Esq.
HANSON BRIDGETT, LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
Facsimile: (415) 541-9366
Facsimile: (916)442-2348

Victor Otten, Esq.
Kavita Tekchandani, Esq.
OTTEN LAW, PC
3620 Pacific Coast Hwy, #100
Torrance, CA 90505
Facsimile: (310) 347-4225

Re:   **SPENCER, CORY v. LUNADA BAY BOYS**
       Date of Loss        :      04/14/16
       Our File No.        :      010-08018.

Dear Mr. Franklin:

I am in receipt of Plaintiff Cory Spencer's responses to Interrogatories and Request for Production of Documents, Plaintiff Diana Milena Reed's response to Interrogatories and Request for Production of Documents, and Plaintiff Coastal Protection Rangers' response to Interrogatories and Request for Production of Documents.

I write to meet and confer regarding the responses we received, having plaintiffs provide further responses, having plaintiffs produce the records they state they will produce, and also seek a meeting with you within 10 days in accord with Local Rule 37-1.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

**PLEASE NOTE THAT DUE TO THIS DISPUTE MR. BLAKEMAN WILL NOT BE PRODUCED FOR DEPOSITION UNTIL THIS DISPUTE HAS BEEN RESOLVED.**

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Plaintiffs each allege causes of action against Mr. Blakeman in his personal capacity and specific to each plaintiff. Each plaintiff has alleged against Mr. Blakeman, not as a member of a group but as an individual, the following:

1.   That Mr. Blakeman committed enumerated predicate crimes under Penal Code 186.22

September 2, 2016
Page 2

2. That Mr. Blakeman violated the Bane Act and public nuisance laws;
3. That Mr. Blakeman sold, markets, and uses controlled substances;
4. That Mr. Blakeman impeded boat traffic in navigable waters;
5. That Mr. Blakeman dangerously disregarded surfing rules;
6. That Mr. Blakeman illegally extorted money from beach goers;
7. That Mr. Blakeman is part of a Civil Conspiracy
8. That Mr. Blakeman violated the Bane Act as to each plaintiff;
9. That Mr. Blakeman is a nuisance as to each plaintiff;
10. That Mr. Blakeman assaulted each plaintiff;
11. That Mr. Blakeman battered each plaintiff;
12. That Mr. Blakeman committed some negligent act causing injury to each plaintiff.

The discovery at issue merely seeks the *identification of witnesses*, the *identification of the facts* believed to be within the witness's knowledge and production of documents supporting plaintiffs' specific allegations against *Mr. Blakeman in his personal capacity*.

The discovery requests defined "BRANT BLAKEMAN" as follows:

BRANT BLAKEMAN means only Brant Blakeman in his individual capacity. This definition expressly excludes Brant Blakeman as an alleged member of what plaintiff alleges are the "Lunada Bay Boys." This definition expressly excludes the actions or omissions of any other PERSON other than Brant Blakeman in his individual capacity. This definition expressly excludes acts of PERSONS other than Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil Conspiracy.

Therefore, it should be rather clear that the discovery at issue is limited to the named plaintiff's claims against Mr. Blakeman and Mr. Blakeman's individual actions.

## The Discovery Responses Were Untimely

The discovery was served by personal service on Mr. Otten and on your office by mail on September 16, 2016. Per agreement the responses were due based on service by mail. Responses are generally due within 30 days. (See FRCP Rule 33(b)(2) and Rule 34(b)(2)(A).) Where written discovery is served by mail the time to respond is extended by 3 days. (See FRCP Rule 6(d).) 33 days from September 16, 2016 is October 19, 2016.

The responses were not served until October 20, 2016, as indicated on the proofs of service. The responses were therefore not timely. *The objections were also therefore waived regarding the interrogatories.* (See FRCP 33(b)(4).)

Notably at no time after the discovery was propounded did you or any other of the plaintiffs' counsels seek an extension. Neither was there any protest as to the nature of this discovery or it being objectionable. Instead plaintiffs choose the path of non-disclosure and delay again.

We have previously expressed our desire to avoid gamesmanship and delays in discovery. The Court set a very short time frame for discovery to occur and plaintiffs were unwilling to phase discovery. In the event an extension is needed for any future please inform

September 2, 2016
Page 3

us, but please do not continue to delay discovery as a tactic to avoid disclosure of information and prejudice Mr. Blakeman's defense.

## Plaintiffs' Responses to Interrogatories

As the objections to the interrogatories were waived we expect that further responses will be provided without delay.  Our experience with plaintiffs thus far unfortunately lead us to believe this will not occur and we anticipate you will not agree to provide further responses.  Therefore the substance of the objections will be addressed.

Defendant Brant Blakeman has propounded the same twelve interrogatories to each plaintiff.  The requests seek the identity of witness(es) that support(s) plaintiffs' contentions against Mr. Blakeman regarding the twelve areas of inquiries identified previously and also to identify the facts believed to be within each witness's knowledge.

Each plaintiff offers the same uniform boilerplate objections to every interrogatory seeking the disclosure of witnesses and identification of facts within that witnesses knowledge.[1] These objections were not timely made as noted above.  *Each plaintiff contends that based on the objections no answers to the requests will be provided.*  As no answers were provided a further response is necessitated.

Below I address each objection to the interrogatories, our position why the objection is not applicable.  Again, please note each and every objection was waived by the untimely responses of your clients.  The following substantive discussion merely amplifies the discovery abuse reflected in Plaintiffs' responses and demonstrates why full and complete responses are required.

### Plaintiffs' Objection: Undue Burden, Harassment, and Duplication

Each plaintiff contends that identifying the witnesses to the claims against Mr. Blakeman is unduly burdensome and harassing and the information can be found in the initial and supplemental disclosures.

Plaintiffs in their initial disclosure identify potentially one witness with knowledge of Mr. Blakeman.  This is Ken Claypool.  If this is the only witness that plaintiffs are aware of for the 12 areas of inquiry in the interrogatories then it surely is not very burdensome to identify him and the facts believed to be within his knowledge as they relate to the specific inquiry.  Surely if there are other witnesses that allege Mr. Blakeman did some act they can also be identified.

This objection by any plaintiff is not a justification to refuse to provide a response to the interrogatories, lacks merit, and should be removed.

---

[1] Plaintiff Cory Spencer includes in his responses that he additionally was deposed.

September 2, 2016
Page 4

Plaintiffs' Objection: The Interrogatory is Compound and has Subparts

Plaintiffs contend the interrogatories are designed to circumvent the numerical limitations provided in FRCP Rule 33(a)(1).   The objection wholly lacks merit.

The interrogatory seeks the identification of a witness and the facts within that witness's knowledge.  FRCP Rule 33 allows the interrogatories to include "discrete subparts."  Seeking the identification of witnesses and the facts within their knowledge are considered one interrogatory. (See *Chapman v. California Dept. of Educ.*, 2002 WL 32854376, at *1 (N.D.Cal.,2002).)

Furthermore, even was one to entertain plaintiffs' contention that the interrogatories did not contain discrete subparts *there are only two subparts*.  If you take 12 interrogatories and multiply them by 2 this comes out to 24 interrogatories.  This is within the limits of FRCP Rule 33 which allows for 25 interrogatories.

This objection by plaintiff is not a justification to refuse to provide a response to the interrogatories, lacks merit, and should be removed.

Plaintiffs' Objection: The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge

Each plaintiff alleges that the request seeks information outside of the plaintiffs' knowledge.  This objection either wholly lacks merit or there are very troubling issues related to the plaintiffs' and counsel's obligations under FRCP Rule 11's deemed verification requirements.

Viewing the untimely discovery non-responses objectively, each plaintiff makes specific and egregious allegations all without  any personal knowledge of witnesses who will support the allegations (including the plaintiffs' themselves).  This is tantamount to plaintiffs openly admitting this is a fishing expedition against Mr. Blakeman and they were in violation of Rule 11 since the complaint was filed.  As to the assault and battery allegations against Mr. Blakeman, were they made without probable cause or any factual basis?  If so please just state that and dismiss the action as to Mr. Blakeman.

If plaintiffs do not have knowledge the identity of witnesses that support their allegations they merely need to state there are none.  Otherwise the witnesses should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the interrogatories, lacks merit, and should be removed.

Plaintiffs' Objection: The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine.

Plaintiffs object that identifying witnesses and the facts within that witness's knowledge that support Plaintiffs' allegations that Mr. Blakeman acted in some manner invades the attorney client privilege.

September 2, 2016
Page 5

There is no legal support for withholding witnesses identities based on the attorney client privilege. Personal knowledge about facts is not privileged. "[T]he protection of the privilege extends only to *communications* and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. (*Upjohn Co. v. U.S.*, 101 S.Ct. 677, 685–86, 449 U.S. 383, 395–96 (U.S.Mich.,1981).)

If all responses to the discovery are privileged, and Plaintiffs' stand on the privilege, none of the facts, witnesses or documents supporting Plaintiffs' allegations will be admissible. If that is the Plaintiffs' position, please dismiss the action as to Mr. Blakeman now in the interest of judicial economy.

Otherwise, since the only facts sought are witness identity as to specific issues and the believed factual information the witness possess, please provide full answers. This objection by plaintiffs is not a justification to refuse to provide a response to the interrogatories, lacks merit, and should be removed.

<u>Plaintiffs' Objection: the Interrogatory is Premature as a Contention Interrogatory</u>

Each plaintiff alleges the interrogatories are contention interrogatories and due to the early state of litigation and pre-trial discovery the responding party is unable to provide a complete response, nor it is required to so. Plaintiffs' cite to *Kmeic v. Powerwave Techs. Inc.*, *Folz v. Union Pacific Company*, and FRCP Rule 33(a)(2).

While in some contexts contention interrogatories can be delayed, these interrogatories do not fit that context and therefore should be answered. This matter involved plaintiffs in their individual capacities, as well as representative capacities, alleging intentional torts, nuisances, and negligence against Mr. Blakeman, and the questions asked relate to the basis for Plaintiffs' allegations. Surely there were personally known bases for these specific allegations. If not, please dismiss the action as to Mr. Blakeman.

*Kmeic* was a securities litigation matter. *Kmeic* involved asking contention interrogatories to a shareholder plaintiff early in litigation is very different from in this case. *Folz* related to defendant's contentions related to defendant's affirmative defenses, something that clearly would involve significant discovery to develop and is much different than this case.

It should be noted that these interrogatories are specific type of contention interrogatory. They seek the identification of witnesses that support plaintiffs' contentions that Mr. Blakeman committed some specific act alleged act *stated in the complaint filed by Plaintiffs*. The factual answers will allow Mr. Blakeman to depose such persons and to have a "just, speedy, and inexpensive determination [in this ] action." (FRCP Rule 1.) If there are no facts, witnesses or documents, the complaint's allegations are baseless and the complaint should never have been filed. Please answer fully or dismiss the action as to Mr. Blakeman.

The identification of witnesses is important not only to Mr. Blakeman's defense but also because they would contribute meaningfully to narrow the scope of the issues in dispute, set up early settlement discussions, and expose the potential basses for a Rule 11 motion and Rule 56 motion. (*See  HTC Corp. v. Technology Properties Ltd.*, 2011 WL 97787, at *2 (N.D.Cal.,2011); *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338-339 (D.C.Cal.,1985).

September 2, 2016
Page 6

As you are aware we have continually informed you that Mr. Blakeman intends to pursue motions under Rule 56 related to plaintiffs baseless allegations made against him.

Furthermore, even in *In re Convergent Technologies Securities Litigation* the Court recognized the importance of the identification of witnesses. (See *In re Convergent Technologies Securities Litigation*, 108 F.R.D. at 332-333). Despite the case being a complex securities litigation matter the Court still compelled the plaintiffs to respond to "contention" interrogatories seeking the identifies of witness. (See *In re Convergent Technologies Securities Litigation*, 108 F.R.D. at 340-341.) The interrogatories in question here really are no different.

This objection by plaintiff is not a justification to refuse to provide a response to the interrogatories, lacks merit, and should be removed.

### Plaintiff's Response to Request for Production of Documents

The production requests seeks the documents that support plaintiffs contentions regarding the same 12 areas of inquiry identified previously. The requests specifically only relate to Mr. Blakeman just like the interrogatories.

<u>No Documents Have Been Produced Despite Plaintiffs Asserting They Will Produce Them</u>

Each plaintiff indicates after objections as to Requests Numbers 1, 2, 3, 4, 5, 7, 8, and 9 that documents will be produced. Documents were to be produced in 30 days as made in the request. (See FRCP Rule 34(b)(2)(B).) **NO DOCUMENTS WERE PRODUCED**.

There is no excuse for delaying producing this information other to prejudice Mr. Blakeman's defenses. This is particularly egregious in that you are aware that Mr. Blakeman has a scheduled deposition upcoming. Yet plaintiffs seek to sand bag him.

The objections plaintiffs have asserted are also largely without merit and it is unknown if any information is being withheld based on the objections. If responsive material is being withheld the objection must so state. (See FRCP Rule 34(b)(2)(C).) The response must also specify the part of the request being objected to. (See id.) No such indication is made by the plaintiffs.

Please confirm whether any responsive information is being withheld and if any objection is being made to only part of the request as opposed the entire request.

Additionally, the objections lack merit. Each of the boilerplate objections asserted in response to every request by each plaintiff is addressed below.

<u>Plaintiffs' Objection: The Production Request is Premature as Seeking Information Related to Contentions</u>

Plaintiff objects that producing the information supporting its contentions is premature on the same basis as it relates to contentions. They again cite to *Kmeic* and *Folz*. Neither case though addresses "contention" production requests.

September 2, 2016
Page 7

In fact the Court in *In re Convergent Technologies Securities Litigation* expressly noted that the analysis to be applied to when contention interrogatories needed be answered does not apply to production requests. (*In re Convergent Technologies Securities Litigation*, 108 F.R.D. at 333 "Nor do the generalizations articulated here apply to Rule 34 requests for documents that bear on material factual allegations.")

The requests at issue here bear on material factual allegations each plaintiff has made against Mr. Blakeman. Material facts are discoverable at the outset of litigation and these facts are not ones that would be in the exclusive control of any defendant.

Plaintiffs have had an opportunity through informal requests from the City of Palos Verdes and in discovery in this litigation to obtain thousands of police records. Plaintiffs have identified hundreds of witnesses that purportedly support their case. Plaintiffs have identified various documents in initial disclosures.

These requests only seek documents that pertain to the material allegations made against Mr. Blakeman. We are unable to identify or find a single document produced in discovery to date that indicates Mr. Blakeman ever did anything to support plaintiffs' claims against him. That is why the request for production asks for such documents. If (as is apparently the case) there are none your clients are required to so state.

During the deposition of Ms. Reed we learned that plaintiffs have withheld recordings made surreptitiously and not disclosed in its initial disclosures, despite being in existence and in plaintiffs' possession. We unfortunately anticipate that this sort of shirking of the plaintiffs' duty to disclose information will continue.

The objection wholly lacks merit and should be removed.

Plaintiffs ' Objection: the Request Fails to Identify with Reasonable Particularity the Item to be Inspected

The request is rather particular. It seeks documents and those that support a specific allegation. Who better to determine what these documents are than the plaintiffs as plaintiffs are the ones making the allegations.

This objection wholly lacks merit and should be removed.

The Request invades the Attorney Client Privilege and Attorney Work Product Doctrine.

These requests seek documents that support plaintiffs' material allegations made against Mr. Blakeman. They do not seek communication with plaintiffs' counsels. They do not seek information that is work product. If plaintiffs intend to use documents offensively against Mr. Blakeman they cannot withhold such under the cloak of a privilege.

If there is some concern that some document that would be privileged would be at issue for any of the requests related to the material allegations then please inform us why you have such a belief.

September 2, 2016
Page 8

\* \* \*

We anticipate that motions to compel further responses and the production of documents will be required. *As stated previously we will not be producing Mr. Blakeman for deposition until this dispute is resolved*. We will not entertain any delays nor allow plaintiffs to drag this process out as they did with amending their initial disclosures. Please do not delay in providing me your availability for a Rule 37-1 meeting to occur within 10 days of this letter as we will be promptly filling a motion on these issues if necessary and without delay.

Lastly, we desire to depose Mr. Claypool. It is our understanding that his information has been withheld on the basis that you represent him. Please inform us if you will produce him for deposition before Thanksgiving, 2016. If you do not represent Mr. Claypool then please amend the initial disclosures without delay and provide us his contact information.

Very truly yours,
VEATCH CARLSON

RICHARD P. DIEFFENBACH
JOHN P. WORGUL

JPW:
cc: RTM; Robert Cooper

# EXHIBIT G

## Office Services Center

| | |
|---|---|
| **From:** | Victor Otten <vic@ottenlawpc.com> |
| **Sent:** | Tuesday, November 8, 2016 9:23 PM |
| **To:** | Jennifer A. Foldvary |
| **Subject:** | FW: Spencer v Lunada--Meet and confer letter to Plaintiffs' counsel; |

**From:** Victor Otten
**Sent:** Tuesday, November 1, 2016 7:11 PM
**To:** 'Richard P. Dieffenbach' <RDieffenbach@veatchfirm.com>; kfranklin@hansonbridgett.com
**Cc:** Kavita Tekchandan <kavita@ottenlawpc.com>; kfranklin@hansonbridgett.com; SWolff@hansonbridgett.com; TShower@hansonbridgett.com; dana.fox@lewisbrisbois.com; edward.ward@lewisbrisbois.com; eric.kizirian@lewisbrisbois.com; tera.lutz@lewisbrisbois.com; dmcrowley@boothmitchel.com; Rob Mackey <RMackey@veatchfirm.com>; prossin@veatchfirm.com; John Worgul <JWorgul@veatchfirm.com>; pat@patcareylaw.com; peter@havenlaw.com; tphillips@phillipssteel.com; amiller@thephillipsfirm.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; ed.richards@kutakrock.com; antoinette.hewitt@kutakrock.com; rebecca.wilson@kutakrock.com; jacob.song@kutakrock.com; christopher.glos@kutakrock.com; fields@MARKFIELDSLAW.COM; Cooper, Robert S. <rcooper@buchalter.com>; Rob Mackey <RMackey@veatchfirm.com>
**Subject:** RE: Spencer v Lunada--Meet and confer letter to Plaintiffs' counsel;

Dear Mr. Dieffenbach:

Again, we've in receipt of another Friday meet-and-confer email from your office. This time, your letter was emailed to me during last Friday's deposition of co-defendant Angelo Ferrara -- a deposition that I was taking. In your letter, you stake out the position that because of an unrelated discovery dispute: "PLEASE NOTE THAT DUE TO THIS DISCOVERY DISPUTE MR. BLAKEMAN WILL NOT BE PRODUCED FOR DEPOSITION UNTIL THIS DISPUTE HAS BEEN RESOLVED." There is no agreement to reschedule Mr. Blakeman's deposition, and such unilateral rescheduling is not permitted under the federal rules and is otherwise improper.

We are accommodating to reasonable requests. A family, medical or other emergency might be a reason to accommodate rescheduling a deposition – but no such fact exist here. Instead, you attempt to unilaterally cancel a deposition because you're unhappy with well-founded (and entirely unrelated) objections to your client's inappropriate discovery. Indeed, as you well know, a lawyer has no authority unilaterally to cancel a deposition that is reasonably noticed in writing pursuant to Fed.R.Civ.P. 30(b)(1), which is a step only the Court is empowered to take. Where a party "fails, after being served with proper notice, to appear for that person's deposition," the Federal Rules of Civil Procedure provide that the Court must, at a minimum, require the cancelling party (and/or it's counsel) to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. Proc. 37(d)(1)(A).

In sum, after coordinating dates with the numerous co-defendants and both your office and Mr. Blakeman's Cumis-counsel law firm, this deposition has already be re-scheduled once at your office's insistence. Thus, because it has been properly notice and there is no legitimate reason for cancelling it, we expect Mr. Blakeman to attend his deposition next week as scheduled on November 10. Please be apprised that we have ordered a court reporter and videographer for next week's deposition, and are making appropriate travel arrangements. If Mr. Blakeman fails to appear without the necessary relief of the Court, we will seek all appropriate remedies.

Finally, because I'm in trial, I'm not available to meet on the ancillary meet-and-confer request on Plaintiffs' responses to Mr. Blakeman's deficient written discovery requests. I should be able to meet with you on this next week – perhaps we could meet after Mr. Blakeman's deposition. Before then, I'll provide you a written response.

Sincerely,

Vic Otten

**From:** Richard P. Dieffenbach [mailto:RDieffenbach@veatchfirm.com]
**Sent:** Friday, October 28, 2016 3:38 PM
**To:** Victor Otten <vic@ottenlawpc.com>; kfranklin@hansonbridgett.com
**Cc:** Kavita Tekchandan <kavita@ottenlawpc.com>; kfranklin@hansonbridgett.com; SWolff@hansonbridgett.com; TShower@hansonbridgett.com; dana.fox@lewisbrisbois.com; edward.ward@lewisbrisbois.com; eric.kizirian@lewisbrisbois.com; tera.lutz@lewisbrisbois.com; dmcrowley@boothmitchel.com; Rob Mackey <RMackey@veatchfirm.com>; prossin@veatchfirm.com; John Worgul <JWorgul@veatchfirm.com>; pat@patcareylaw.com; peter@havenlaw.com; tphillips@phillipssteel.com; amiller@thephillipsfirm.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; ed.richards@kutakrock.com; antoinette.hewitt@kutakrock.com; rebecca.wilson@kutakrock.com; jacob.song@kutakrock.com; christopher.glos@kutakrock.com; fields@MARKFIELDSLAW.COM; Cooper, Robert S. <rcooper@buchalter.com>; Rob Mackey <RMackey@veatchfirm.com>
**Subject:** Spencer v Lunada--Meet and confer letter to Plaintiffs' counsel;

Dear Counsel

Please see attached letter. We have availability in our office for the face to face meeting October 31, November 1 or 2 (afternoon), or November 3 or 4.


Richard P. Dieffenbach, Esq.

Veatch Carlson, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017
(213) 381-2861 Office
(213) 383-6370 Fax
rdieffenbach@veatchfirm.com

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act Title II (18 U.S.C. §§ 2701-12), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

# EXHIBIT H

# OTTEN LAW, PC

## ATTORNEYS

November 7, 2016

**VIA E-MAIL AND U.S. MAIL**

Richard P. Dieffenbach
John P. Worgul
Veatch Carlson, LLP
1055 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90017-2444

      Re:   Spencer, et al. v. Lunada Bay Boys, et al.

Dear Mr. Dieffenbach:

I write in response to the letter you sent on Friday, October 28, 2016, at 4:30 PM regarding Plaintiffs Cory Spencer, Diana Milena Reed, and the Coastal Protection Rangers' ("Plaintiffs") responses to Defendant Brant Blakeman's ("Blakeman") first set of Interrogatories and Requests for Production of Documents. As you are aware, I have been in trial and have not had an opportunity to respond substantively to your letter until now.

**November 10, 2016 Deposition of Blakeman.**

To reiterate my November 1, 2016 email to you, the deposition of Blakeman is going forward on Thursday, November 10, 2016. You have no basis to unilaterally cancel the reasonably noticed deposition of your client. Your refusal to produce Blakeman for deposition will result in sanctions, even absent a court order. Fed. R. Civ. Proc. 37(d)(1)(A)(i).

**Discovery Responses Were, In Fact, Timely.**

Blakeman served Plaintiffs with discovery requests on September 16, 2016, by mail and attempted personal service on that same date. As you know, Blakeman and Plaintiffs agreed that Plaintiffs' responses and objections would be due based on service by mail because of certain errors in the personal service.[1]

---

[1] If you recall, your office failed to personally serve the documents on 9-16-16 despite what is stated in the proof of service. The attorney down hall from my office found the discovery documents sitting on the ground outside the back entrance to our building on 9-17-16.

---

Richard P. Dieffenbach, Esq.
Veatch Carlson, LLP
November 7, 2016
P a g e | 2

As you may know, Fed. R. Civ. Proc. 6(d) was amended on December 1, 2005, and again on December 1, 2007, and now reads as follows: "When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)." (Emphasis added.)

Pursuant to the computation set forth in Fed. R. Civ. Proc. 6(a) and 6(d), Plaintiffs' responses and objections were due on October 20, 2016. Thirty days after September 16, 2016 was Sunday, October 16, 2016. Fed. R. Civ. Proc. 6(a) states that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." The next day following Sunday, October 16, 2016, was Monday, October 17, 2016. Per Fed. R. Civ. Proc. 6(d), we extend the October 17, 2016, deadline prescribed by Fed. R. Civ. Proc. 6(a) by three days to account for the service by mail: October 20, 2016. Plaintiffs' discovery responses and objections were timely served on October 20, 2016. Therefore, Plaintiffs did not waive their objections, and their responses were effective.

## Plaintiffs' Proper Objections and Responses to Interrogatories.

Plaintiffs' objections and responses to Blakeman's interrogatories were proper and therefore do not require supplementation.

As an initial matter, you repeatedly assert that Plaintiffs' objections should be removed. Your demand that Plaintiffs remove objections from their discovery responses is baseless and lacks legal authority. Plaintiffs will not amend their responses to remove objections unless you can supply legal authority for this obligation.

### Unduly Burdensome, Harassing, and Duplicative.

Plaintiffs objected to Blakeman's request to identify witnesses to the claims against Blakeman on the grounds that it already disclosed the names of potential witnesses in their initial and supplemental disclosures. Specifically, Plaintiffs listed 105 witnesses in its October 2, 2016 supplemental disclosures, a number of whom may have witnessed the claims against Blakeman. Your client already has this information in his possession. Therefore, it would be unduly burdensome, harassing, and duplicative for Plaintiffs to be compelled to identify these witnesses again.

### Compound.

Plaintiffs objected to Blakeman's requests to identify persons with knowledge of facts supporting their contentions *and* facts within each person's knowledge on the basis that they are compound. Fed. R. Civ. Proc. 33(a)(1) limits a party to 25 interrogatories propounded on any other party, including all discrete subparts.

Richard P. Dieffenbach, Esq.
Veatch Carlson, LLP
November 7, 2016
P a g e | 3

Courts have consistently concluded that an interrogatory that asks a party to identify facts, documents, and witnesses should count as separate interrogatories. See e.g., *Makaeff v. Trump Univ., LLC*, 2014 WL 3490356, at *7 (S.D. Cal. July 11, 2014) (concluding the interrogatory "contains 3 discrete subparts [for facts, documents, and witnesses,] and these subparts must be multiplied by the number of RFAs that were not unqualified admissions"); *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (request for facts, persons, and documents constitutes three distinct interrogatories); *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS 21578, 13-14 (E.D. Cal. Feb. 21, 2012) (same).

Here, each of Blakeman's interrogatories seeks witnesses and facts. Blakeman shall propound amended interrogatories that separate out the 2 subparts of each of the 12 interrogatories so that Blakeman propounds 24 total interrogatories on each Plaintiff. Until then, the interrogatories are compound and therefore improper.

<u>Information Outside Plaintiff's Knowledge.</u>

Plaintiffs adamantly deny your insinuation that they or their counsel have violated Fed. R. Civ. Proc. 11 regarding the identification of witnesses to support their allegations. To the contrary, Plaintiffs have identified in their October 2, 2016, supplemental disclosures 105 witnesses who may possess knowledge of the allegations.

Plaintiffs' objection that the interrogatories seek information outside their knowledge is an objection only to the extent that the information sought is outside Plaintiffs' knowledge. Although Plaintiffs neglected to include the words "to the extent that" preceding these written objections, that is the objection that Plaintiffs assert. We can amend our objections to include this wording, if you would like.

<u>Attorney-Client Privilege and Attorney Work Product Doctrine.</u>

Plaintiffs objected to the interrogatories to the extent that they invade the attorney-client privilege and/or the work product doctrine by compelling privileged communication and/or litigation strategy. These objections are worded such that either the attorney-client privilege or the attorney work product doctrine (or both) could protect the information from disclosure. The objections do not state that both privileges necessarily apply to each piece of information sought. Furthermore, Plaintiffs do not claim that all information sought is privileged, as evidenced by the inclusion of "to the extent that" preceding these objections. Rather, we have applied the work product doctrine to protect trial preparation materials that reveal attorney strategy, intended lines of proof, evaluations of strengths and weaknesses, and inferences drawn from interviews. Fed. R. Civ. Proc. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). We have applied the attorney-client privilege to protect our confidential communications with Plaintiffs. *United States v. Graf*, 610 F. 3d 1148, 1156 (9th Cir. 2010).

Moreover, we are well aware that evidence not exchanged in discovery is inadmissible at trial. Contrary to your contention that witness identities will be inadmissible, we have already

Richard P. Dieffenbach, Esq.
Veatch Carlson, LLP
November 7, 2016
P a g e | 4

disclosed the identities of potential witnesses in our initial and supplemental disclosures. Even at
this early stage of discovery, there are more than 100 witnesses whose identities are admissible at
trial.

<u>Premature Contention Interrogatories.</u>

Plaintiffs objected to Blakeman's interrogatories as premature because they seek or necessarily
rely upon a contention. Fed. R. Civ. P. 33(a)(2); *Kmiec v. Powerwave Techs. Inc.*, et al., 2014
WL 11512195 (C.D. Cal Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014
WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2. Plaintiffs stand by this objection.

Contention interrogatories need not be answered until discovery is "substantially complete." See
Fed. R. Civ. P. 33(a)(2). In *Kmiec*, the court held that discovery was not "substantially
complete" when the discovery cutoff was 4 months away and depositions of fact witnesses or
defendants had not yet occurred. The court opined that "[i]f Defendants had completed their
document production, depositions were under way, and the discovery cutoff date was just a
month or so away, Defendants might be entitled to the information they seek. But under the
circumstances here, Defendants' interrogatories are premature." *Kmiec*, at *1 (emphasis added).
Similarly, the *Folz* court found that discovery was not substantially complete and the responding
party had adequate time to supplement his answers when the discovery cutoff was 8 months
away. *Folz*, at *3. Even the case you cite, *HTC Corp. v. Tech. Properties Ltd.*, 2011 WL 97787
(N.D. Cal. Jan. 12, 2011), held that the responding party did not need to respond to contention
interrogatories because discovery was "still in full-swing." *HTC Corp*, at *3.

Here, the discovery cutoff is more than 9 months away, on August 7, 2017. None of the
individual Defendants -- your client included -- have produced any documents, and Plaintiff Cory
Spencer produced his first set of documents this past Friday, November 4, 2016. Additionally,
the parties have only taken 4 out of the 20 possible depositions -- Jeff Kepley, Cory Spencer,
Diana Milena Reed, and Angelo Ferrara -- all of which took place within the last month. Thus, it
is clear that we are in the early stages of discovery. Discovery is far from being "substantially
complete;" therefore, Plaintiffs need not respond to contention interrogatories. Regarding
Blakeman's desire to know the names of witnesses, Plaintiffs have provided over 100 potential
witnesses in its initial and supplemental disclosures. Blakeman is free to use that list of
witnesses to pursue his defense strategy.

Pursuant to Fed. R. Civ. P. 26(e)(1)(A), Plaintiffs will supplement their discovery responses as
additional facts become known.

**<u>Plaintiffs' Proper Objections and Responses to Requests for Production of Documents.</u>**

Since your October 28, 2016 meet and confer letter, Plaintiff Cory Spencer has produced over
2,000 pages of documents (see November 4, 2016 production, PLTF000001 – PLTF002029).
We assume that this production addresses the portion of your meet and confer letter regarding

Richard P. Dieffenbach, Esq.
Veatch Carlson, LLP
November 7, 2016
P a g e | 5

the Requests for Production of Documents but are willing to discuss any concerns you may have
after your review of Plaintiffs' production.

**Deposition of Ken Claypool**.

We represent Ken Claypool. We will contact Mr. Claypool regarding his availability for
deposition before Thanksgiving.

If you are still interested, I am available to meet with you in person this week to discuss
remaining discovery issues, if any.

Very truly yours,

OTTEN LAW, PC

Victor Otten, Esq.

CC:   Kavita Tekchandani
      Kurt Franklin
      Samantha Wolff

# EXHIBIT I

CONFIDENTIAL:
~~Attorney Work Product~~ ━━━━━━━━━━━━━━━━━━━━━━━━━━━

-----Original Message-----
From: Kurt A. Franklin [mailto:kfranklin@hansonbridgett.com]
Sent: Tuesday, November 8, 2016 11:09 AM
To: Victor Otten <vic@ottenlawpc.com>
Cc: Samantha Wolff <SWolff@hansonbridgett.com>; Ann D. Ghiorso <aghiorso@hansonbridgett.com>
Subject: FW: Message from Unknown sender (2133812861) Pete Crossin Blakeman/Lunada
CONFIDENTIAL: Attorney Work Product

━━━━━━━━━━━━━━━━━━━━━━━
From: Cisco Unity Connection Messaging System <unityconnection@hanson.com>
Sent: Tuesday, November 8, 2016 11:02:15 AM
To: Kurt A. Franklin
Subject: Message from Unknown sender (2133812861)