# VEATCH CARLSON, LLP

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

1055 Wilshire Boulevard, 11ᵗʰ Floor

LOS ANGELES, CALIFORNIA  90017

TELEPHONE (213) 381-2861

FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

**ROBERT T. MACKEY, State Bar No. 210810**
rmackey@veatchfirm.com
**RICHARD P. DIEFFENBACH, State Bar No. 102663**
rdieffenbach@veatchfirm.com
**JOHN P. WORGUL, State Bar No. 259150**
jworgul@veatchfirm.com
Peter H. Crossin, State Bar No. 163189
pcrossin@veatchfirm.com

Attorneys for Defendant, **BRANT BLAKEMAN**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, <br><br> Plaintiffs , <br><br> v. <br><br> LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and NICOLAS FERRARA; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, <br><br> Defendants. | **Case No.: 2:16-CV-2129-SJO-RAO** <br> Assigned to Courtroom: 10C <br> The Honorable S. James Otero <br><br> Magistrate Judge: <br> Hon. Rozella A. Oliver <br><br> **JOINT STIPULATION RE DISCOVERY PROPOUNDED BY DEFENDANT BRANT BLAKEMAN TO PLAINTIFFS [L.R.37-2.1]** <br><br> **Discovery Cut-Off Date:  8/7/17** <br> **Pretrial Conf. Date:  10/23/17** <br> **Trial Date: 11/7/17** |

**NB:** With identical discovery and virtually identical responses to and from each Plaintiff, a consolidated stipulation as to all discovery is agreed to by the parties.

1

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

# **TABLE OF CONTENTS**

PAGE(S)

1. DEFENDANT BLAKEMAN'S INTRODUCTORY STATEMENT ..............2

2. PLAINTIFFS' INTRODUCTORY STATEMENT ........................4

Improper Procedure and Insufficient Meet and Confer Attempt ........................6

Relief Requested ........................7

3. SPECIFICATION OF THE ISSUES IN DISPUTE, AND THE PARTIES' CONTENTIONS AND POINTS AND AUTHORITIES WITH RESPECT TO SUCH ISSUES INTERROGATORIES ......................8

　Plaintiffs' Response to Interrogatory #1 ........................8

　Defendant Brant Blakeman's Contention ........................9

　　1. Undue Burden, Harassment, and Duplication ..........................10

　　2. The Interrogatory is Compound and has Subparts ....................10

　　3. The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge ....................11

　　4. The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine..........................11

　　5. The Interrogatory is Premature as a Contention Interrogatory ....................12

　Plaintiffs' Contention..........................16

　　1. Unduly Burdensome, Harassing, and Duplicative ....................17

　　2. Compound..........................17

　　3. Information Outside Plaintiff's Knowledge................................18

　　4. Attorney-Client Privilege and Attorney Work Product Doctrine ..........................18

　　5. Premature Contention Interrogatories ........................19

　Plaintiffs' Response to Interrogatory #2 ........................20

　Defendant Brant Blakeman's Contention ........................21

　　1. Undue Burden, Harassment, and Duplication ..........................22

　　2. The Interrogatory is Compound and has Subparts ....................23

3.    The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge ..................................23

4.    The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine...........................24

5.    The Interrogatory is Premature as a Contention Interrogatory ..................................................24

Plaintiffs' Contention ..................................................29

1.    Unduly Burdensome, Harassing, and Duplicative ....................29

2.    Compound ..................................................29

3.    Information Outside Plaintiff's Knowledge................................30

4.    Attorney-Client Privilege and Attorney Work Product Doctrine ..................................................30

5.    Premature Contention Interrogatories ..........................31

Plaintiffs' Response to Interrogatory #3 ..................................................32

Defendant Brant Blakeman's Contention ..................................................33

1.    Undue Burden, Harassment, and Duplication ..........................34

2.    The Interrogatory is Compound and has Subparts ....................35

3.    The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge ..................................35

4.    The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine...........................36

5.    The Interrogatory is Premature as a Contention Interrogatory ..................................................36

Plaintiffs' Contention ..................................................41

1.    Unduly Burdensome, Harassing, and Duplicative ....................41

2.    Compound ..................................................41

3.    Information Outside Plaintiff's Knowledge................................42

4.    Attorney-Client Privilege and Attorney Work Product Doctrine ..................................................43

5.    Premature Contention Interrogatories ..........................43

Plaintiffs' Response to Interrogatory #4 ..................................................44

Defendant Brant Blakeman's Contention ..................................................45

ii

1.  Undue Burden, Harassment, and Duplication ........................... 46

2.  The Interrogatory is Compound and has Subparts ................... 47

3.  The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge ................................. 47

4.  The Interrogatory Invades the Attorney Client Privilege and    Attorney Work Product Doctrine ...................................... 48

5.  The Interrogatory is Premature as a Contention Interrogatory ................................................................. 48

Plaintiffs' Contention ............................................................. 53

1.  Unduly Burdensome, Harassing, and Duplicative ................... 53

2.  Compound ..................................................................... 54

3.  Information Outside Plaintiff's Knowledge ............................. 54

4.  Attorney-Client Privilege and Attorney Work Product Doctrine ........................................................................ 55

5.  Premature Contention Interrogatories ................................. 55

Plaintiffs' Response to Interrogatory #5 .................................. 57

Defendant Brant Blakeman's Contention .................................. 58

1.  Undue Burden, Harassment, and Duplication ........................... 59

2.  The Interrogatory is Compound and has Subparts ................... 59

3.  The Interrogatory Seeks Information that is Outside of Responding  Party's Knowledge ................................ 59

4.  The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine .......................... 60

5.  The Interrogatory is Premature as a Contention Interrogatory ................................................................. 60

Plaintiffs' Contention ............................................................. 65

1.  Unduly Burdensome, Harassing, and Duplicative ................... 65

2.  Compound ..................................................................... 66

3.  Information Outside Plaintiff's Knowledge ............................. 66

4.  Attorney Client Privilege and Attorney Work Product Doctrine ........................................................................ 67

5.  Premature Contention Interrogatories ................................. 67

Plaintiffs' Response to Interrogatory #6 ..................................................69

Defendant Brant Blakeman's Contention ..............................................70

    1.    Undue Burden, Harassment, and Duplication ............................71

    2.    The Interrogatory is Compound and has Subparts ....................71

    3.    The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge ..................................................72

    4.    The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine ........................................72

    5.    The Interrogatory is Premature as a Contention Interrogatory ..........................................................................73

Plaintiffs' Contention ............................................................................77

    1.    Unduly Burdensome, Harassing, and Duplicative ....................78

    2.    Compound ..................................................................................78

    3.    Information Outside Plaintiff's Knowledge ............................79

    4.    Attorney-Client Privilege and Attorney Work Product Doctrine ..................................................................................79

    5.    Premature Contention Interrogatories ......................................80

Plaintiffs' Response to Interrogatory #7 ..................................................81

Defendant Brant Blakeman's Contention ..............................................82

    1.    Undue Burden, Harassment, and Duplication ............................83

    2.    The Interrogatory is Compound and has Subparts ....................83

    3.    The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge ..................................................84

    4.    The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine ........................................84

    5.    The Interrogatory is Premature as a Contention Interrogatory ..........................................................................85

Plaintiffs' Contention ............................................................................89

    1.    Unduly Burdensome, Harassing, and Duplicative ....................90

    2.    Compound ..................................................................................90

    3.    Information Outside Plaintiff's Knowledge ..............................91

4.   Attorney-Client Privilege and Attorney Work Product
     Doctrine ...................................................................... 91

5.   Premature Contention Interrogatories ........................................ 92

Plaintiffs' Response to Interrogatory #8 ............................................ 93

Defendant Brant Blakeman's Contention ........................................... 94

1.   Undue Burden, Harassment, and Duplication ........................... 95

2.   The Interrogatory is Compound and has Subparts ................... 96

3.   The Interrogatory Seeks Information that is Outside of
     Responding Party's Knowledge ............................................... 96

4.   The Interrogatory Invades the Attorney Client Privilege
     and Attorney Work Product Doctrine........................................ 97

5.   The Interrogatory is Premature as a Contention
     Interrogatory ............................................................................ 97

Plaintiffs' Contention ................................................................... 102

1.   Unduly Burdensome, Harassing, and Duplicative .................. 102

2.   Compound.............................................................................. 102

3.   Information Outside Plaintiff's Knowledge ............................ 103

4.   Attorney-Client Privilege and Attorney Work Product
     Doctrine ................................................................................ 104

5.   Premature Contention Interrogatories ..................................... 104

Plaintiffs' Response to Interrogatory #9 .......................................... 105

Defendant Brant Blakeman's Contention ......................................... 106

1.   Undue Burden, Harassment, and Duplication ......................... 107

2.   The Interrogatory is Compound and has Subparts ................. 108

3.   The Interrogatory Seeks Information that is Outside of
     Responding Party's Knowledge ............................................. 108

4.   The Interrogatory Invades the Attorney Client Privilege
     and Attorney Work Product Doctrine........................................ 109

5.   The Interrogatory is Premature as a Contention
     Interrogatory .......................................................................... 109

Plaintiffs' Contention ................................................................... 114

1.   Unduly Burdensome, Harassing, and Duplicative .................. 114

| | 2. | Compound......................................................................115 |
| | 3. | Information Outside Plaintiff's Knowledge................115 |
| | 4. | Attorney-Client Privilege and Attorney Work Product Doctrine .................................................................116 |
| | 5. | Premature Contention Interrogatories .....................116 |
| Plaintiffs' Response to Interrogatory #10 ................................118 |
| Defendant Brant Blakeman's Contention ................................119 |
| | 1. | Undue Burden, Harassment, and Duplication ..........120 |
| | 2. | The Interrogatory is Compound and has Subparts ..................120 |
| | 3. | The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge ...............................121 |
| | 4. | The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine.......................121 |
| | 5. | The Interrogatory is Premature as a Contention Interrogatory ........................................................122 |
| Plaintiffs' Contention ................................................................126 |
| | 1. | Unduly Burdensome, Harassing, and Duplicative .................127 |
| | 2. | Compound......................................................................127 |
| | 3. | Information Outside Plaintiff's Knowledge................128 |
| | 4. | Attorney-Client Privilege and Attorney Work Product Doctrine .................................................................128 |
| | 5. | Premature Contention Interrogatories .....................129 |
| Plaintiffs' Response to Interrogatory #11 ................................130 |
| Defendant Brant Blakeman's Contention ................................131 |
| | 1. | Undue Burden, Harassment, and Duplication ..........132 |
| | 2. | The Interrogatory is Compound and has Subparts ..................132 |
| | 3. | The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge ...............................133 |
| | 4. | The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine .......................133 |
| | 5. | The Interrogatory is Premature as a Contention Interrogatory ........................................................134 |

Plaintiffs' Contention ..................................................................138

    1.    Unduly Burdensome, Harassing, and Duplicative ..................139

    2.    Compound.................................................................................139

    3.    Information Outside Plaintiff's Knowledge...............................140

    4.    Attorney-Client Privilege and Attorney Work Product Doctrine ...................................................................................140

    5.    Premature Contention Interrogatories ......................................141

Plaintiffs' Response to Interrogatory #12 .....................................142

Defendant Brant Blakeman's Contention ......................................143

    1.    Undue Burden, Harassment, and Duplication ..........................144

    2.    The Interrogatory is Compound and has Subparts ...................145

    3.    The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge .................................................145

    4.    The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine.......................................146

    5.    The Interrogatory is Premature as a Contention Interrogatory ...........................................................................146

Plaintiffs' Contention ..................................................................150

    1.    Unduly Burdensome, Harassing, and Duplicative ..................151

    2.    Compound.................................................................................151

    3.    Information Outside Plaintiff's Knowledge...............................152

    4.    Attorney-Client Privilege and Attorney Work Product Doctrine ...................................................................................152

    5.    Premature Contention Interrogatories ......................................153

DOCUMENT REQUESTS .................................................................154

Plaintiffs' Response to Document Request #1 ...............................154

Defendant Brant Blakeman's Contention ......................................155

    1.    The Production Request is Premature as Seeking information Related to "Contentions" ..................................156

    2.    The Request Fails to Identify with Reasonable Particularity the Item to be Inspected ......................................157

3.     The Request invades the Attorney Client Privilege and Attorney Work Product Doctrine ...............................................157

Plaintiffs' Contention...................................................................................157

Plaintiffs' Response to Document Request #2....................................................158

Defendant Brant Blakeman's Contention ..........................................................159

1.     The Production Request is Premature as Seeking information Related to "Contentions" .....................................160

2.     The Request Fails to Identify with Reasonable Particularity the Item to be Inspected ...................................161

3.     The Request invades the Attorney Client Privilege and Attorney Work Product Doctrine ...............................161

Plaintiffs' Contention...................................................................................161

Plaintiffs' Response to Document Request #3....................................................162

Defendant Brant Blakeman's Contention ..........................................................163

1.     The Production Request is Premature as Seeking information Related to "Contentions" .....................................164

2.     The Request Fails to Identify with Reasonable Particularity the Item to be Inspected ...................................165

3.     The Request invades the Attorney Client Privilege and Attorney Work Product Doctrine ...............................165

Plaintiffs' Contention...................................................................................165

Plaintiffs' Response to Document Request #4....................................................166

Defendant Brant Blakeman's Contention ..........................................................167

1.     The Production Request is Premature as Seeking information Related to "Contentions" .....................................168

2.     The Request Fails to Identify with Reasonable Particularity the Item to be Inspected ...................................169

3.     The Request invades the Attorney Client Privilege and Attorney Work Product Doctrine ...............................169

Plaintiffs' Contention...................................................................................169

Defendant Brant Blakeman's Contention ..........................................................171

1.     The Production Request is Premature as Seeking information Related to "Contentions" .....................................172

__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.: 2-16-CV-2129

2.      The Request Fails to Identify with Reasonable
        Particularity the Item to be Inspected ........................................ 173

3.      The Request invades the Attorney Client Privilege and
        Attorney Work Product Doctrine ............................................... 173

Plaintiffs' Contention .................................................................................... 173

Plaintiffs' Response ....................................................................................... 174

Defendant Brant Blakeman's Contention ...................................................... 175

1.      The Production Request is Premature as Seeking
        information Related to "Contentions" ....................................... 176

2.      The Request Fails to Identify with Reasonable
        Particularity the Item to be Inspected ....................................... 177

3.      The Request invades the Attorney Client Privilege and
        Attorney Work Product Doctrine ............................................... 177

Plaintiffs' Contention .................................................................................... 177

Plaintiffs' Response to Document Request #7 ............................................... 178

Defendant Brant Blakeman's Contention ...................................................... 179

1.      The Production Request is Premature as Seeking
        information Related to "Contentions" ....................................... 180

2.      The Request Fails to Identify with Reasonable
        Particularity the Item to be Inspected ....................................... 181

3.      The Request invades the Attorney Client Privilege and
        Attorney Work Product Doctrine ............................................... 181

Plaintiffs' Contention .................................................................................... 181

Plaintiffs' Response to Document Request #8 ............................................... 182

Defendant Brant Blakeman's Contention ...................................................... 183

1.      The Production Request is Premature as Seeking
        information Related to "Contentions" ....................................... 184

2.      The Request Fails to Identify with Reasonable
        Particularity the Item to be Inspected ....................................... 185

3.      The Request invades the Attorney Client Privilege and
        Attorney Work Product Doctrine ............................................... 185

Plaintiffs' Contention .................................................................................... 185

Plaintiffs' Response to Document Request #9 ............................................... 186

Defendant Brant Blakeman's Contention ....................................................187

    1.    The Production Request is Premature as Seeking
information Related to Contentions".........................................188

    2.    The Request Fails to Identify with Reasonable
Particularity the Item to be Inspected .......................................189

    3.    The Request invades the Attorney Client Privilege and
Attorney Work Product Doctrine ..............................................189

Plaintiffs' Contention .....................................................................................189

1.     **DEFENDANT BLAKEMAN'S INTRODUCTORY STATEMENT**

On March 29, 2016 Plaintiffs Cory Spencer, Diana Milena Reed, and Costal Protection Rangers, Inc., (collectively "Plaintiffs") filed a complaint against various defendants including Brant Blakeman ("Blakeman").  (See Doc. 1 [Complaint].)  The complaint alleges, *inter alia*, Blakeman is part of a gang called the Lunada Bay Boys, he is part of a Civil Conspiracy, and that a class should be certified against him and the Lunada Bay Boys under Fed. R. of Civ. P. 23.  (See Id.,¶¶ 4- 7 , ¶¶ 51- 53 ¶¶ 30-42 .)  Each Plaintiff alleges causes of action against Blakeman for Bane Act violations, Public Nuisance, Assault, Battery, and Negligence.  (See Id., ¶¶ 43- 50,  ¶¶ 54-60,¶¶ 95- 98, ¶¶ 99- 101, ¶¶ 102- 106.)

A Rule 26 meeting occurred on August 5, 2016.  (Doc. 106 [R. 26 Joint Report], pp. 2:23-4:3.)  Despite this case being a class action plaintiff's took the position that discovery should generally not be expanded beyond the standard confines in the Federal Rules, including not phasing discovery between class and merits discovery. (See Id., pp. 7:6- 9:18.)  The scheduling order does not modify rules regarding discovery and the parties were expressly reminded of their obligations under Fed. R. Civ. P.  26-1(a) to disclose information without a discovery request.  (See Doc. 120 [Minutes RE Scheduling Conference].)

Plaintiffs' initial disclosures were served as a collective response on August 19, 2016 and they disclosed 116 witnesses. (See Ex. 1 [Plaintiffs' Initial Disclosures]. pp. 3:6-17:28.) Plaintiffs refused to disclose the subject of the information discoverable from 77 non party witnesses. (See Ex. 1  pp. 3:6-17:28 [Witnesses Nos.  11, 12, 15-91] .)

On September 2, 2016 Blakeman sent a letter to Plaintiffs addressing their failure to adequately provide discoverable information and requesting a meeting under Local Rule 37-1.  (See Exhibit 2 [Sept. 2, 2016 Letter].)  Plaintiffs responded on September 7, 2016 and indicated they would not comply with the time requirements of Local Rule 37-1. (See Exhibit 3 [Sept. 7, 2016 Email].) This

was despite plaintiffs being represented by two law firms, and one which appears to have more than 150 attorneys. (https://www.hansonbridgett.com/Our-Attorneys.aspx.)

On September 9, 2016 Blakeman  responded to Plaintiffs.(See Ex. 4 [Sept. 9, 2016 Letter].)  Plaintiffs refused to have L.R. 37-1 conference until September 14, 2016 and refused to meet in person.  Plaintiffs agreed to supplement the disclosures by September 23, 2016.  They failed to do so.  They then acknowledged the failure and promised to send them by September 30th.  (See Ex 5, Sept. 28, 2016 email.)  They failed again.  Plaintiffs' supplemental disclosures were not sent until Sunday October 2, 2016.  (See Ex. 6, pp. 31:19-32:8 [Plaintiffs' Supplemental Disclosures].)  The supplemental disclosures indicate only one non-party witness who may have knowledge as to Blakeman.  (See Id., pp. 19:16-21 [Witness No. 60, Ken Claypool].)

During the dispute over the disclosure Blakeman propounded on each plaintiff the same 12 interrogatories and 12 production requests on September 16, 2016.  (See Ex. 7 [Interrogatories] and Ex. 8 [Request for Production].) The discovery requests seek the identity of witnesses, the facts believed to be within that witnesses knowledge, and the production of documents that support specific contentions in Plaintiffs' complaint against Blakeman.

While the discovery was pending Plaintiffs noticed and rescheduled Blakeman's deposition for November 10, 2016.  On October 20, 2016 Plaintiffs mailed their discovery responses from their counsel's San Francisco and Sacramento offices.  (See Ex. 9 [Plaintiffs' Responses to Interrogatories] and Ex. 10 [Plaintiffs' Responses to Production Requests].)  The interrogatory response contained only objections and the responses to the production requests did not include the production of any documents despite Plaintiffs' affirmation that documents would be produced.  (See Ex. 9 [All Interrogatories] and Ex. 10 [Request Nos. 1-5 and 7-9].)

On October 28, 2016 a meet confer letter was sent to Plaintiffs' counsel Kurt Franklin as his office had signed and served Plaintiffs' discovery responses. (Ex. 11 [Oct. 28, 2016 Letter].)  In the letter the merits of the objections were addressed, further responses were requested, documents were requested to be produced, the letter in no uncertain terms indicated Blakeman's deposition will not go forward until the dispute was resolved, *and a meeting was requested pursuant to Local Rule 37-1.* (Id.) Mr. Franklin has never responded directly to this correspondence nor have any of the 150 or more attorneys at his law firm.

Plaintiffs' counsel in Los Angeles, Mr. Otten, on November 1, 2016 indicated he was not willing to take Blakeman's deposition off calendar, was in trial, was willing to meet after Blakeman's deposition, and would respond to the contention in writing at a later time.  (Ex. 12., Nov. 1, 2016 email from Otten].)

On November 7, 2016, 10 days after Blakeman's meet and confer letter was sent, Blakeman again sent a letter detailing Plaintiffs' discovery abuses including withholding of discoverable information by Plaintiffs and the discovery delays caused by Plaintiffs.  (See Ex. 13 [Nov. 7, 2016 Email and Letter].)

Later that same day, and after Blakeman's correspondence was sent by email to Plaintiffs, Plaintiffs responded to Blakeman's October 28, 2016 letter refusing to identify witnesses or further respond to the interrogatories and referencing their having dumped 2000 pages of documents on Friday November 4, 2016 on the parties. (See Ex. 14 [November 7, 2016 Email and Letter].)  The dumped documents referenced are not identified as responsive to the discovery.

The dispute comes before the Court because by Plaintiffs' stalling non-compliance with Local Rule 37-1 and FRCP 37,  Blakeman is prejudiced in his defense, and he seeks an order compelling the discovery, and costs from this Court.

## 2.    **PLAINTIFFS' INTRODUCTORY STATEMENT**

The Plaintiffs brought this lawsuit to stop a gang known as the Lunada Bay Boys from excluding people from accessing and using a public beach called

__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.: 2-16-CV-2129

1   Lunada Bay located in Palos Verdes Estates.  The Complaint alleges that for 40

2   years, the Lunada Bay Boys – which includes the individually-named Defendants –

3   have used illegal means, such as assault, threats, vandalism, and intimidation, to

4   block non-local beachgoers from accessing the beach and Lunada Bay.

5       This discovery dispute involves individual Defendant Brant Blakeman's

6   improper and premature discovery requests.  Plaintiffs filed the Complaint on June

7   16, 2016.  The parties first met and conferred to discuss case management in this

8   matter pursuant to Fed. R. Civ. P. 26(f) on August 5, 2016, prior to the Scheduling

9   Conference on August 29, 2016.  Discovery first commenced on September 11,

10  2016, just two and a half months ago.  The discovery cut-off is more than eight

11  months away, on August 7, 2017.  Plaintiffs' last day to file a Motion for Class

12  Certification is December 30, 2016, and trial is set for November 7, 2017.

13      Discovery is in its early stages.  Defendants have over 8 months to propound

14  discovery, including requests about contentions.  Contention discovery is

15  appropriate when discovery is "substantially complete."  *See* Fed. R. Civ. P.

16  33(a)(2).  Thus, Defendants' discovery and the instant motion are premature.

17      Additionally, to date, none of the individual Defendants have produced a

18  single document in discovery – either pursuant to their initial disclosures or in

19  response to requests for production of documents.  In fact, Mr. Blakeman identified

20  in his initial disclosures that he is in possession of two videos but has failed to turn

21  them over to Plaintiffs.  One of these videos relates to an incident involving

22  Plaintiff Diana Reed and Defendants Alan Johnston and Blakeman, and is

23  described in the Complaint.  On November 21, 2016, Plaintiffs deposed Mr.

24  Blakeman (who had to be ordered by this court to appear for his deposition)

25  without the benefit of having viewed this video.  This is significant because Mr.

26  Blakeman is seeking to compel Plaintiffs' responses to contention interrogatories

27  but, as set forth above, he is in control of much of the evidence needed to respond.

28  ///

## **Improper Procedure and Insufficient Meet and Confer Attempt**

On September 16, 2016, Mr. Blakeman served identical Interrogatories and Requests of Production of Documents on Plaintiffs Cory Spencer, Diana Milena Reed, and the Coastal Protection Rangers.  While this discovery contained requests that were objectionable in many respects, most significantly, it was premature because they sought or necessarily relied upon a contention.  On October 20, 2016, Plaintiffs served timely objections and responses, and indicated that a production with non-privileged, responsive documents would be forthcoming.

On October 28, 2016, Mr. Blakeman's counsel, Richard Dieffenbach, sent a letter regarding Plaintiffs' discovery responses.  (Decl. Otten, **Exh. A**.)  In his letter, Mr. Dieffenbach improperly correlated the dispute over Plaintiffs' discovery responses with Mr. Blakeman's obligation to appear for his deposition and refused to produce Mr. Blakeman for his properly-noticed deposition on November 10, 2016.  Mr. Dieffenbach also requested a conference pursuant to L.R. 37-1.

On Tuesday, November 1, 2016, counsel for Plaintiffs, Victor Otten, replied to Mr. Dieffenbach via email to remind him of Mr. Blakeman's obligation to appear for his deposition.  Mr. Otten also stated, "because I'm in trial, I'm not available to meet on the ancillary meet-and-confer request on Plaintiffs' responses to Mr. Blakeman's deficient written discovery requests.  I should be able to meet with you on this next week – perhaps we could meet after Mr. Blakeman's deposition."  (Decl. Otten, **Exh. B**.)

Importantly, despite Mr. Otten's offer for an in-person meeting, Mr. Blakeman's counsel made no attempt to schedule the conference, per L.R. 37-1.  (Decl. Otten, ¶ 4.)  Defendant's counsel could have arranged an in-person or telephonic conference with Mr. Otten, or a telephonic conference with Plaintiffs' Bay Area counsel at Hanson Bridgett LLP, but requested neither.  (*Id.*, ¶ 4.)

On November 4th, Plaintiffs produced 2,029 pages of responsive documents and media files.  (*Id.*, ¶ 5.)  Mr. Blakeman refers to this production as a "document

1  dump."  The nature of his complaint is unclear, though ironic given his instant

2  motion to compel documents.  Of these files, 1,866 were documents previously

3  produced by the City pursuant to a Public Records Act request.  (*Id.*)

4        On November 7, 2016, Mr. Otten wrote to Mr. Dieffenbach and reminded Mr.

5  Blakeman of his obligation to appear at his deposition and articulated the legal basis

6  for Plaintiffs' objections to Mr. Blakeman's discovery.  (*Id.*, **Exh. D**.)  Still, Mr.

7  Blakeman's counsel made no effort to schedule a conference as required by L.R. 37-

8  1.  (*Id.,* ¶ 7.)  Instead, on November 14th at 1:08 PM, less than one hour before the

9  telephonic hearing for Mr. Blakeman's ex parte application for a protective order to

10  prevent his deposition, Mr. Blakeman's counsel's office sent an email with his

11  portion of this Joint Stipulation.  (*Id.*, **Exh. E**.)  To date, Mr. Blakeman's counsel has

12  still failed to schedule a conference about the issues underlying the instant motion,

13  and instead, is wasting the Court's resources with the instant motion.

14                              **<u>Relief Requested</u>**

15        Defendant Blakeman's requested relief is improper because contention

16  interrogatories are premature at the initial stages of discovery, particularly in the

17  context of class action litigation.  Further, much of the evidence necessary to

18  respond to his contention interrogatories is within the individual Defendants'

19  custody or control, and they have refused to produce any documents to date.

20  Additionally, Plaintiffs do not believe that any relief is necessary with respect to

21  Blakeman's requests for production given Plaintiffs' November 4th production.

22        In light of Blakeman's continued abuse of the discovery process, Plaintiffs

23  respectfully ask that this Court deny his requests for reimbursement of his

24  attorneys' fees, and instead order him to compensate Plaintiffs' counsel for their

25  fees and costs incurred in connection with this instant, needless dispute.  Plaintiffs

26  are entitled to recover their reasonable expenses.  Fed. R. Civ. P. 37(a)(5).

27  ///

28  ///

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

**3.**   **SPECIFICATION OF THE ISSUES IN DISPUTE, AND THE PARTIES' CONTENTIONS AND POINTS AND AUTHORITIES WITH RESPECT TO SUCH ISSUES INTERROGATORIES**

1.   IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention that BRANT BLAKEMAN participated in any way in the "commission of enumerated 'predicate crimes'" as alleged in paragraph 5 of the Complaint , and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

**Plaintiffs' Response to Interrogatory #1**

Responding party objects to this interrogatory as unduly burdensome, harassing, and duplicative of information disclosed in Responding Party's Rule 26(a) disclosures and supplemental disclosures.  Propounding Party may look to Responding Party's Rule 26(a) disclosures and supplemental disclosures for the information sought by this interrogatory.  Moreover, Responding Party had the opportunity to depose Mr. Spencer on this topic.

Responding party further objects to this interrogatory as compound.  This "interrogatory" contains multiple impermissible subparts, which Propounding Party has propounded in an effort to circumvent the numerical limitations on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

Responding Party further objects to this interrogatory on the grounds that it seeks information that is outside of Responding Party's knowledge.

Responding Party further objects to the extent that this interrogatory invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy. Responding Party will not provide any such information.

Responding Party further objects to this interrogatory as premature.  Because this interrogatory seeks or necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding

Party is unable to provide a complete response at this time, nor is it required to do so.  See *Kmiec v. Powerwave Techs. Inc.* et al., 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company,* 2014 WL357929 (S.D. Cal. Jan. 31 2014) at *1-2.; see also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").

Based on the foregoing objections, Responding Party will not respond to this interrogatory at this time.

### **Defendant Brant Blakeman's Contention**

The Interrogatory seeks witness information pertaining to any and all persons who plaintiffs claim support a specific contention made against Brant Blakeman in his personal capacity, not as a member of a group but as an individual.

The interrogatories at issue merely seek the identification of witnesses and the identification of the facts believed to be within those witnesses knowledge purportedly supporting plaintiffs' specific allegations against Mr. Blakeman in his personal capacity.

The discovery requests defined "BRANT BLAKEMAN" as follows:

> BRANT BLAKEMAN means only Brant Blakeman in his individual capacity. This definition expressly excludes Brant Blakeman as an alleged member of what plaintiff alleges are the "Lunada Bay Boys." This definition expressly excludes the actions or omissions of any other PERSON other than Brant Blakeman in his individual capacity.  This definition expressly excludes acts of PERSONS other than Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil Conspiracy.

Failure to produce the information sought by the Interrogatory is intended only to prejudice Mr. Blakeman's defenses; especially in light of the fact that Plaintiffs are pressing for Mr. Blakeman's deposition for which they are purposely hoping to take while he is unprepared in his defense to plaintiffs' contentions

1   against him.

2       The response offers only uniform boilerplate objections.  Based on those

3   objections, the response asserts that no answers to the requests will be provided.

4   Because the objections are unmeritorious, a further, substantive response must be

5   compelled.

6       **1.**     **Undue Burden, Harassment, and Duplication**

7       Plaintiff contends that identifying the witnesses to the claims against Mr.

8   Blakeman is unduly burdensome and harassing and the information can be found

9   in the initial and supplemental disclosures.  Plaintiffs in their initial disclosure

10  identify only one witness with potential knowledge concerning Mr. Blakeman,

11  Ken Claypool.  If this is the only witness that plaintiff is aware of for the inquiry

12  presented by this Interrogatory, then it certainly strains reason that answering it is

13  burdensome or harassing.  If there are other witnesses that allege Mr. Blakeman

14  did some act those witnesses likewise should be identified.

15      This objection by plaintiff is not a justification to refuse to provide a

16  response to the interrogatory.

17      **2.**     **The Interrogatory is Compound and has Subparts**

18      Plaintiff contends the Interrogatory is designed to circumvent the numerical

19  limitations provided in FRCP Rule 33(a)(1).   This objection wholly lacks merit.

20  The Interrogatory seeks the identification of a witness and the facts within that

21  witnesses knowledge.   FRCP Rule 33 allows the interrogatories to include

22  "discrete subparts."  Seeking the identification of witnesses and the facts within

23  their knowledge are considered one interrogatory. (See *Chapman v. California*

24  *Dept. of Educ.,* 2002 WL 32854376, at *1 (N.D.Cal.,2002)).   For sake of

25  mathematical exercise, even were one to entertain the contention that the

26  Interrogatory did not contain discrete subparts, there are only two: 12

27  interrogatories multiplied by two equals 24, which is within the limits of FRCP

28  Rule 33 which allows for 25 interrogatories.

1    This objection by plaintiff is not a justification to refuse to provide a

2    response to the Interrogatory.

3    **3.**    **The Interrogatory Seeks Information that is Outside of**

4    **Responding Party's Knowledge**

5    Plaintiff alleges that the Interrogatory seeks information outside of plaintiff's

6    knowledge.  This objection either wholly lacks merit or there are very troubling

7    issues related to the plaintiffs' and their counsels' obligations under FRCP Rule 11.

8    How is it that plaintiff can bring such egregious allegations without some

9    personal knowledge of witnesses who will support the allegations (including the

10    plaintiff's own knowledge)?  Are plaintiff's openly admitting this is a fishing

11    expedition against Mr. Blakeman and they were in violation of Rule 11 when the

12    complaint was filed?  If plaintiff does not have knowledge the identity of witnesses

13    that support allegations, the response should merely state there are none.

14    Otherwise the witnesses should be identified.

15    This objection by plaintiff is not a justification to refuse to provide a

16    response to the Interrogatories.

17    **4.**    **The Interrogatory Invades the Attorney Client Privilege and**

18    **Attorney Work Product Doctrine**

19    Plaintiff objects that identifying witnesses and the facts within a witnesses

20    knowledge that supports allegations that Mr. Blakeman acted in some manner

21    invades the attorney client privilege.  There is no legal support for withholding

22    witnesses identities based on the attorney client privilege.  Personal knowledge

23    about facts are not privileged.  "[T]he protection of the privilege extends only to

24    communications and not to facts. A fact is one thing and a communication

25    concerning that fact is an entirely different thing." (*Upjohn Co. v. U.S.*, 101 S.Ct.

26    677, 685-86, 449 U.S. 383, 395-96 (U.S.Mich.,1981)).

27    This objection by plaintiff is not a justification to refuse to provide a

28    response to the Interrogatory.

**5.**     **The Interrogatory is Premature as a Contention Interrogatory**

Plaintiff alleges the Interrogatory seeks a contention and due to the early state of litigation and pre-trial discovery, responding party is unable to provide a complete response and, in any event, it is required to so; citing to *Kmiec v. Powerwave Techs. Inc. et al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929 (S.D. Cal. Jan. 31 2014) at *1-2.; and FRCP Rule 33(a)(2).

While this is an argument that contention interrogatories can be delayed, the subject interrogatories do not fall into that context; the responding party is the party making the allegations, not the one responding to the allegations.

This action involves plaintiffs (bound by their own pleading) in their individual capacities, as well as representative capacities, alleging intentional torts, nuisance, and negligence against Mr. Blakeman.   The allegations against Mr. Blakeman which each of these plaintiffs make include accusation of involvement in "predicate crimes" which include, for example, murder, mayhem, counterfeiting, rape and similar egregious crimes.   Having made these allegations Plaintiffs must have some idea of the witnesses, documents or facts to support the allegations. Plaintiffs' counsel must also have some basis else they run afoul of Rule 11.

No substantive responses are provided.   It is likely that no basis exists for these allegations against Mr. Blakeman; he is entitled to know the basis before facing a deposition by ambush.

Plaintiffs' refusal is fatally flawed in any event.   The cases cited are inapposite.

///

///

///

///

///

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1   Case No.:** 2-16-CV-2129

1  *Kmeic* was a securities litigation matter.  In context, *Kmeic* reasoned that
2  asking contention interrogatories to a shareholder plaintiff early in litigation
3  required more time for the litigation to develop.  Such is not the case with the
4  issues involved in this litigation, where Plaintiffs each claim to represent a class of
5  people and make specific allegations against Mr. Blakeman for which (if pled
6  honestly) Plaintiffs alone have the supporting facts.

7  *Folz* related to contention interrogatories on defendant's affirmative
8  defenses; something that clearly would involve significantly more discovery to
9  develop than is the situation here where defendant is simply seeking information
10  regarding contention's made by plaintiffs in their initial pleadings; seeking only the
11  identification of witnesses that support plaintiffs' contentions that Mr. Blakeman
12  committed some act.  This information will allow Mr. Blakeman to depose such
13  persons and to have a "just, speedy, and inexpensive determination [in this ]
14  action." (FRCP Rule 1.)

15  The identification of witnesses is important not only to Mr. Blakeman's
16  defense but also because they would contribute meaningfully to narrow the scope
17  of the issues in dispute, set up early settlement discussions, and expose the
18  potential bases for a Rule 11 motion and Rule 56 motion. (See *HTC Corp. v.*
19  *Technology Properties Ltd.*, 2011 WL 97787, at *2 (N.D.Cal.,2011) These factors
20  are important in assessing whether it would be appropriate for the early use of
21  contention interrogatories(See *In re Convergent Technologies Securities Litigation*,
22  108 F.R.D. 328, 338-339 (N.D.Cal.,1985). Notably Blakeman intends to pursue
23  Rule 56 motions as there appears to be no evidence supporting the causes of action
24  against him.  It also appears that there is a lack of evidence to even support
25  probable cause to pursue an action against him and a Rule 11 motion is likewise
26  being considered.  The discovery is thus also intended to ferret out what appears to
27  be baseless character assassination.

28  *In re Convergent Technologies Securities Litigation* recognized the

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

1    importance of the identification of witnesses as a type of contention interrogatory
2    that is appropriate. (Id. 108 F.R.D. at 332-333).  This case, often cited for the
3    frame work it provides related to contention interrogatories, also noted that the
4    frame work does not apply to the identity of witnesses with knowledge of the facts
5    giving rise to the litigation or documents supporting material factual allegations.
6    (See Id.)  The Court compelled the disclosure of the identity of witnesses early in
7    litigation.  (Id. 108 F.R.D. at 332-333).

8        The *In re Convergent Technologies Securities Litigation* frame work to be
9    applied to contention interrogatories has been examined in the Central District of
10   *California in Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175
11   F.R.D. 646, 651 (C.D. Cal. 1997).  This Court, in Cable & Computer Tech., Inc.,
12   explicated the evolution of the analysis of when contention interrogatories were
13   appropriate.

14       Judge Chapman in *Cable & Computer Tech., Inc.* first noted the purpose of
15   the Federal Rules of Civil Procedure.

16       Rule 1 of the Federal Rules of Civil Procedure directs that the rules "shall be
17   construed to secure the just, speedy, and inexpensive determination of every
18   action." "There probably is no provision in the federal rules that is more important
19   than this mandate. It reflects the spirit in which the rules were conceived and
20   written, and in which they should be, and by and large have been, interpreted.....
21   The Supreme Court of the United States has stated that these rules 'are to be
22   accorded a broad and liberal treatment'." *Trevino v. Celanese Corp.*, 701 F.2d 397,
23   405 (5th Cir.1983) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385,
24   391, 91 L.Ed. 451 (1947) and *Schlagenhauf v. Holder*, 379 U.S. 104, 114–15, 85
25   S.Ct. 234, 240, 13 L.Ed.2d 152 (1964)).  (*Cable & Computer Tech., Inc. v.
26   Lockheed Saunders, Inc.,* 175 F.R.D. 646, 650 (C.D. Cal. 1997).)

27       Judge Chapman allayed concerns about early use of contention
28   interrogatories and recognized that contention interrogatories are allowed under the

Federal Rules of Civil Procedure.   Any concern about limiting proof based on limited answers to  interrogatories is not well-founded because such answers may be withdrawn or amended, and parties have an ongoing obligation to "seasonably amend" answers throughout the litigation. (See Id., 175 F.D.R. at 650-651.)

Judge Chapman then noted that Judge Brazil, the author of *In re Convergent Technologies Securities Litigation*, had recently even acknowledged the importance of early use of contention interrogatories in certain matters:

> *In Convergent Technologies*, Judge Wayne D. Brazil, in a very thoughtful opinion, held that the 1983 amendments to Fed.R.Civ.P. 26(b) compelled his conclusion that the "wisest course is not to preclude entirely the early use of contention interrogatories, but to place a burden of justification on the party who seeks answers to these kinds of questions before substantial documentary or testimonial discovery has been completed.... [T]he propounding party must present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." 108 F.R.D. at 338–39. More recently, however, Judge Brazil has modified his position, noting that contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded. See *McCormick–Morgan, Inc. v. Teledyne Industries, Inc.*, 134 F.R.D. 275, 287 (N.D.Cal.1991) (holding appropriately framed and timed contention interrogatories rather than depositions in patent infringement action was most appropriate vehicle for establishing infringers' contentions). *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 651–52 (C.D. Cal. 1997).

In fact Judge Chapman, instead of placing the burden on the party propounding the request in justifying the need for early discovery on such issues, found placing the burden on the party opposing responding to the request, as is

1  done normally, was more appropriate.  (See Id., 175 F.R.D. at 652.)

2      In this case, though, the requests made by Blakeman are appropriate no

3  matter what analysis is applied to his alleged "contention interrogatories."  The

4  requests seek to identify witnesses.  If Blakeman has the burden to show this is

5  necessary he easily meets it as there is no way he can potentially defend his case,

6  bring motions under Rule 56, or bring motions under Rule 11 without knowing the

7  witnesses who supposedly support the allegations he is in a gang, that he commits

8  intentional torts of criminal nature, or that he is engaged in some act of negligence.

9  Alternatively, plaintiffs cannot show that they could even meet  their burden in

10  resisting disclosure of this information.

11      How could plaintiffs' bring such egregious allegations (i.e. assault, battery,

12  violations of the Bane act) without having some witness to such acts by Mr.

13  Blakeman let alone a witness who is a victim of such acts.  This is compounded by

14  the Plaintiffs' initial disclosures that list only one witness who has some vague

15  unspecified knowledge about Blakeman.

16      Surely Mr. Blakeman, who is accused of such things, and has timely

17  requested supporting information for these very specific allegations, should have

18  the opportunity to know about and to depose the witnesses who allegedly support

19  such allegations.  Surely if no such persons exist then the lack of such evidence

20  must be exposed.  Failing to indicate whether such evidence exists or does not

21  exists only serves to thwart the truth and the spirit of the Federal Rules of Civil

22  Procedure.

23      Plaintiffs' objection is not a basis to avoid answering this interrogatory.

24  **Plaintiffs' Contention**

25      Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy

26  Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection.

27  Plaintiffs are entitled to – and fully intend to – supplement their discovery

28  responses when they "learn[] that in some material respect the disclosure or

response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  Additionally, Defendant Blakeman is in control of much of the information needed to respond to his contention interrogatories but, to date, has refused to produce any documents or videos in response to Plaintiffs' discovery requests and in violation of his obligations under Federal Rule 26(a).

### 1.   Unduly Burdensome, Harassing, and Duplicative

Plaintiffs objected to Mr. Blakeman's request to identify witnesses to the claims against Blakeman on the grounds that they already disclosed the names of potential witnesses in their initial and supplemental disclosures.  Specifically, Plaintiffs listed 105 witnesses in its October 2, 2016 supplemental disclosures, a number of whom likely witnessed the claims pertaining to Mr. Blakeman.

Mr. Blakeman already has the list of potential witnesses in his possession. Therefore, it would be unduly burdensome, harassing, and duplicative for Plaintiffs to be compelled to identify these witnesses again.

### 2.   Compound

Plaintiffs objected to Mr. Blakeman's requests to identify persons with knowledge of facts supporting their contentions and facts within each person's knowledge on the basis that they are compound.  Fed. R. Civ. Proc. 33(a)(1) limits a party to 25 interrogatories propounded on any other party, including all discrete subparts.

Courts have consistently concluded that an interrogatory that asks a party to identify facts, documents, and witnesses should count as separate interrogatories. See, e.g., *Makaeff v. Trump Univ.*, LLC, 2014 WL 3490356, at *7 (S.D. Cal. July 11, 2014) (concluding the interrogatory "contains 3 discrete subparts [for facts, documents, and witnesses,] and these subparts must be multiplied by the number of RFAs that were not unqualified admissions"); *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (request for facts, persons, and documents constitutes three distinct interrogatories); *Hasan v. Johnson*, 2012 U.S.

17

1  Dist. LEXIS 21578, 13-14 (E.D. Cal. Feb. 21, 2012) (same).

2      Mr. Blakeman's attempt to subvert the rules by asking interrogatories

3  containing multiple impermissible subparts is wholly improper and therefore

4  Plaintiffs' objection on this ground was appropriate.

5          3.   Information Outside Plaintiff's Knowledge

6      Plaintiffs adamantly deny Mr. Blakeman's insinuation that they or their

7  counsel have violated Fed. R. Civ. Proc. 11 regarding the identification of

8  witnesses to support their allegations.  To the contrary, Plaintiffs have identified in

9  their October 2, 2016, supplemental disclosures 105 witnesses who may possess

10  knowledge of the allegations.  Moreover, discovery in this matter is in its infancy.

11  To the extent Plaintiffs identify additional witnesses who support their claims

12  throughout the course of discovery in this matter, Plaintiffs are aware of their

13  obligation under the Federal Rules to timely supplement their discovery and

14  disclosures.

15      Plaintiffs' objection on the grounds that the interrogatories seek information

16  outside their knowledge is an objection *only to the extent* that the information

17  sought is outside the individually-responding Plaintiff's knowledge.  Although

18  Plaintiffs neglected to include the words "to the extent that" preceding these

19  written objections, that is the objection that Plaintiffs assert.  Plaintiffs can amend

20  their objections to include this wording, if the Court so orders.

21          4.   Attorney-Client Privilege and Attorney Work Product Doctrine

22      Plaintiffs objected to the interrogatories *to the extent that* they invade the

23  attorney-client privilege and/or the work product doctrine by compelling privileged

24  communication and/or litigation strategy.  These objections are worded such that

25  either the attorney-client privilege or the attorney work product doctrine (or both)

26  could protect the information from disclosure.  The objections do not state that

27  both privileges necessarily apply to each piece of information sought.

28      Furthermore, Plaintiffs do not claim that all information sought is privileged,

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

1   as evidenced by the inclusion of "to the extent that" preceding these objections.

2   Rather, Plaintiffs have applied the work product doctrine to protect trial

3   preparation materials that reveal attorney strategy, intended lines of proof,

4   evaluations of strengths and weaknesses, and inferences drawn from interviews.

5   Fed. R. Civ. Proc. 26(b)(3); *Hickman v. Taylor*, 329 U. S. 495, 511 (1947).

6   Plaintiffs have applied the attorney-client privilege to protect confidential

7   communications with their counsel.  *United States v. Graf*, 610 F. 3d 1148, 1156

8   (9th Cir. 2010).

9          5.      Premature Contention Interrogatories

10         Plaintiffs objected to Mr. Blakeman's interrogatories as premature because

11  they seek or necessarily rely upon a contention.  Fed. R. Civ. P. 33(a)(2); *Kmiec v.*

12  *Powerwave Techs. Inc.*, et al., 2014 WL 11512195 (C.D. Cal Dec. 2, 2014) at *1;

13  *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31,

14  2014) at *1-2.  This objection was proper.

15         Contention interrogatories need not be answered until discovery is

16  "substantially complete."  See Fed. R. Civ. P. 33(a)(2).  In *Kmiec*, the court held

17  that discovery was not "substantially complete" when the discovery cutoff was 4

18  months away and depositions of fact witnesses or defendants had not yet occurred.

19  The court opined that "[i]f Defendants had completed their document production,

20  depositions were under way, and the discovery cutoff date was just a month or so

21  away, Defendants ***might*** be entitled to the information they seek.  But under the

22  circumstances here, Defendants' interrogatories are premature."  *Kmiec*, at *1

23  (emphasis added).

24         Similarly, the *Folz* court found that discovery was not substantially complete

25  and the responding party had adequate time to supplement his answers when the

26  discovery cutoff was 8 months away.  *Folz*, at *3.  Even the case Mr. Blakeman

27  cited, *HTC Corp. v. Tech. Properties Ltd.*, 2011 WL 97787 (N.D. Cal. Jan. 12,

28  2011), held that the responding party did not need to respond to contention

interrogatories because discovery was "still in full-swing." *HTC Corp.*, at \*3.

In the instant lawsuit, the discovery cutoff is more than 9 months away, on August 7, 2017. None of the individual Defendants – including Mr. Blakeman – have produced any documents despite Plaintiffs' requests for production, and Plaintiff Cory Spencer only produced his first set of documents on November 4, 2016. Additionally, the parties have only taken 6 out of the 20 possible depositions – Jeff Kepley, Cory Spencer, Diana Milena Reed, Angelo Ferrara, Anton Dahlerbruch, and Mr. Blakeman – all of which took place within the last month. Thus, it is clear that the parties are in the early stages of discovery. Discovery is far from being "substantially complete"; therefore, Plaintiffs need not respond to Defendant Blakeman's premature contention interrogatories.

2.      IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention in paragraph 7 of the Complaint that BRANT BLAKEMAN "is responsible in some manner for the Bane Act violations and public nuisance described in the Complaint" and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

**Plaintiffs' Response to Interrogatory #2**

Responding party objects to this interrogatory as unduly burdensome, harassing, and duplicative of information disclosed in Responding Party's Rule 26(a) disclosures and supplemental disclosures. Propounding Party may look to Responding Party's Rule 26(a) disclosures and supplemental disclosures for the information sought by this interrogatory. Moreover, Responding Party had the opportunity to depose Mr. Spencer on this topic.

Responding party further objects to this interrogatory as compound. This "interrogatory" contains multiple impermissible subparts, which Propounding Party has propounded in an effort to circumvent the numerical limitations on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

Responding Party further objects to this interrogatory on the grounds that it

**___JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

1    seeks information that is outside of Responding Party's knowledge.

2         Responding Party further objects to the extent that this interrogatory invades

3    attorney-client privilege and/or violates the work product doctrine by compelling

4    Responding Party to disclose privileged communications and/or litigation strategy.

5    Responding Party will not provide any such information.

6         Responding Party further objects to this interrogatory as premature.  Because

7    this interrogatory seeks or necessarily relies upon a contention, and because this

8    matter is in its early stages and pretrial discovery has only just begun, Responding

9    Party is unable to provide a complete response at this time, nor is it required to do

10   so.  See *Kmiec v. Powerwave Techs. Inc. et al.*, 2014 WL 11512195 (C.D. Cal.

11   Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929

12   (S.D. Cal. Jan. 31 2014) at *1-2.; see also Fed. R. Civ. P. 33(a)(2) ("the court may

13   order that [a contention] interrogatory need not be answered until designated

14   discovery is complete, or until a pretrial conference or some other time.").

15        Based on the foregoing objections, Responding Party will not respond to this

16   interrogatory at this time.

17        **<u>Defendant Brant Blakeman's Contention</u>**

18        The Interrogatory seeks witness information pertaining to any and all

19   persons who plaintiffs claim support a specific contention made against Brant

20   Blakeman in his personal capacity, not as a member of a group but as an

21   individual.

22        The interrogatories at issue merely seek the identification of witnesses and

23   the identification of the facts believed to be within those witnesses knowledge

24   purportedly supporting plaintiffs' specific allegations against Mr. Blakeman in his

25   personal capacity.

26        The discovery requests defined "BRANT BLAKEMAN" as follows:

27             BRANT BLAKEMAN means only Brant Blakeman in his
               individual capacity. This definition expressly excludes
28

21

Brant Blakeman as an alleged member of what plaintiff alleges are the "Lunada Bay Boys." This definition expressly excludes the actions or omissions of any other PERSON other than Brant Blakeman in his individual capacity.   This definition expressly excludes acts of PERSONS other than Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil Conspiracy.

Failure to produce the information sought by the Interrogatory is intended only to prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are pressing for Mr. Blakeman's deposition for which they are purposely hoping to take while he is unprepared in his defense to plaintiffs' contentions against him.

The response offers only uniform boilerplate objections.  Based on those objections, the response asserts that no answers to the requests will be provided. Because the objections are unmeritorious, a further, substantive response must be compelled.

### 1.    Undue Burden, Harassment, and Duplication

Plaintiff contends that identifying the witnesses to the claims against Mr. Blakeman is unduly burdensome and harassing and the information can be found in the initial and supplemental disclosures.  Plaintiffs in their initial disclosure identify only one witness with potential knowledge concerning Mr. Blakeman, Ken Claypool.  If this is the only witness that plaintiff is aware of for the inquiry presented by this Interrogatory, then it certainly strains reason that answering it is burdensome or harassing.  If there are other witnesses that allege Mr. Blakeman did some act those witnesses likewise should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the interrogatory.

///

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

### 2.   The Interrogatory is Compound and has Subparts

Plaintiff contends the Interrogatory is designed to circumvent the numerical limitations provided in FRCP Rule 33(a)(1).   This objection wholly lacks merit. The Interrogatory seeks the identification of a witness and the facts within that witnesses knowledge.   FRCP Rule 33 allows the interrogatories to include "discrete subparts."   Seeking the identification of witnesses and the facts within their knowledge are considered one interrogatory. (See *Chapman v. California Dept. of Educ.*, 2002 WL 32854376, at *1 (N.D.Cal.,2002)).   For sake of mathematical exercise, even were one to entertain the contention that the Interrogatory did not contain discrete subparts, there are only two: 12 interrogatories multiplied by two equals 24, which is within the limits of FRCP Rule 33 which allows for 25 interrogatories.

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatory.

### 3.   The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge

Plaintiff alleges that the Interrogatory seeks information outside of plaintiff's knowledge.   This objection either wholly lacks merit or there are very troubling issues related to the plaintiffs' and their counsels' obligations under FRCP Rule 11.

How is it that plaintiff can bring such egregious allegations without some personal knowledge of witnesses who will support the allegations (including the plaintiff's own knowledge)?   Are plaintiff's openly admitting this is a fishing expedition against Mr. Blakeman and they were in violation of Rule 11 when the complaint was filed?  If plaintiff does not have knowledge the identity of witnesses that support allegations, the response should merely state there are none. Otherwise the witnesses should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatories.

**4.**    <u>The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine</u>

Plaintiff objects that identifying witnesses and the facts within a witnesses knowledge that supports allegations that Mr. Blakeman acted in some manner invades the attorney client privilege. There is no legal support for withholding witnesses identities based on the attorney client privilege. Personal knowledge about facts are not privileged. "[T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing." (*Upjohn Co. v. U.S.,* 101 S.Ct. 677, 685-86, 449 U.S. 383, 395-96 (U.S.Mich.,1981)).

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatory.

**5.**    <u>The Interrogatory is Premature as a Contention Interrogatory</u>

Plaintiff alleges the Interrogatory seeks a contention and due to the early state of litigation and pre-trial discovery, responding party is unable to provide a complete response and, in any event, it is required to so; citing to *Kmiec v. Powerwave Techs. Inc. et al*., 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929 (S.D. Cal. Jan. 31 2014) at *1-2.; and FRCP Rule 33(a)(2).

While this is an argument that contention interrogatories can be delayed, the subject interrogatories do not fall into that context; the responding party is the party making the allegations, not the one responding to the allegations.

This action involves plaintiffs (bound by their own pleading) in their individual capacities, as well as representative capacities, alleging intentional torts, nuisance, and negligence against Mr. Blakeman. The allegations against Mr. Blakeman which each of these plaintiffs make include accusation of involvement in "predicate crimes" which include, for example, murder, mayhem, counterfeiting, rape and similar egregious crimes. Having made these allegations Plaintiffs must

have some idea of the witnesses, documents or facts to support the allegations. Plaintiffs' counsel must also have some basis else they run afoul of Rule 11.

No substantive responses are provided.  It is likely that no basis exists for these allegations against Mr. Blakeman; he is entitled to know the basis before facing a deposition by ambush.

Plaintiffs' refusal is fatally flawed in any event.  The cases cited are inapposite.

*Kmeic* was a securities litigation matter.  In context, *Kmeic* reasoned that asking contention interrogatories to a shareholder plaintiff early in litigation required more time for the litigation to develop.  Such is not the case with the issues involved in this litigation, where Plaintiffs each claim to represent a class of people and make specific allegations against Mr. Blakeman for which (if pled honestly) Plaintiffs alone have the supporting facts.

*Folz* related to contention interrogatories on defendant's affirmative defenses; something that clearly would involve significantly more discovery to develop than is the situation here where defendant is simply seeking information regarding contention's made by plaintiffs in their initial pleadings; seeking only the identification of witnesses that support plaintiffs' contentions that Mr. Blakeman committed some act.  This information will allow Mr. Blakeman to depose such persons and to have a "just, speedy, and inexpensive determination [in this ] action." (FRCP Rule 1.)

The identification of witnesses is important not only to Mr. Blakeman's defense but also because they would contribute meaningfully to narrow the scope of the issues in dispute, set up early settlement discussions, and expose the potential bases for a Rule 11 motion and Rule 56 motion. (See *HTC Corp. v. Technology Properties Ltd.,* 2011 WL 97787, at *2 (N.D.Cal.,2011) These factors are important in assessing whether it would be appropriate for the early use of contention interrogatories(See *In re Convergent Technologies Securities Litigation,*

__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.: 2-16-CV-2129

108 F.R.D. 328, 338-339 (N.D.Cal.,1985). Notably Blakeman intends to pursue Rule 56 motions as there appears to be no evidence supporting the causes of action against him.  It also appears that there is a lack of evidence to even support probable cause to pursue an action against him and a Rule 11 motion is likewise being considered.  The discovery is thus also intended to ferret out what appears to be baseless character assassination.

In re Convergent Technologies Securities Litigation recognized the importance of the identification of witnesses as a type of contention interrogatory that is appropriate. (Id. 108 F.R.D. at 332-333).  This case, often cited for the frame work it provides related to contention interrogatories, also noted that the frame work does not apply to the identity of witnesses with knowledge of the facts giving rise to the litigation or documents supporting material factual allegations. (See Id.)  The Court compelled the disclosure of the identity of witnesses early in litigation.  (Id. 108 F.R.D. at 332-333).

The In re Convergent Technologies Securities Litigation frame work to be applied to contention interrogatories has been examined in the Central District of California in Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 651 (C.D. Cal. 1997).  This Court, in Cable & Computer Tech., Inc., explicated the evolution of the analysis of when contention interrogatories were appropriate.

Judge Chapman in Cable & Computer Tech., Inc. first noted the purpose of the Federal Rules of Civil Procedure.

Rule 1 of the Federal Rules of Civil Procedure directs that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." "There probably is no provision in the federal rules that is more important than this mandate. It reflects the spirit in which the rules were conceived and written, and in which they should be, and by and large have been, interpreted..... The Supreme Court of the United States has stated that these rules 'are to be

accorded a broad and liberal treatment'." *Trevino v. Celanese Corp.,* 701 F.2d 397, 405 (5th Cir.1983) (citing *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947) and *Schlagenhauf v. Holder,* 379 U.S. 104, 114–15, 85 S.Ct. 234, 240, 13 L.Ed.2d 152 (1964)).   (*Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 650 (C.D. Cal. 1997).)

Judge Chapman allayed concerns about early use of contention interrogatories and recognized that contention interrogatories are allowed under the Federal Rules of Civil Procedure.   Any concern about limiting proof based on limited answers to interrogatories is not well-founded because such answers may be withdrawn or amended, and parties have an ongoing obligation to "seasonably amend" answers throughout the litigation. (See Id., 175 F.D.R. at 650-651.)

Judge Chapman then noted that Judge Brazil, the author of *In re Convergent Technologies Securities Litigation,* had recently even acknowledged the importance of early use of contention interrogatories in certain matters:

*In Convergent Technologies,* Judge Wayne D. Brazil, in a very thoughtful opinion, held that the 1983 amendments to Fed.R.Civ.P. 26(b) compelled his conclusion that the "wisest course is not to preclude entirely the early use of contention interrogatories, but to place a burden of justification on the party who seeks answers to these kinds of questions before substantial documentary or testimonial discovery has been completed.... [T]he propounding party must present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." 108 F.R.D. at 338–39. More recently, however, Judge Brazil has modified his position, noting that contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded. See *McCormick–Morgan, Inc. v. Teledyne Industries, Inc.,* 134 F.R.D. 275, 287 (N.D.Cal.1991) (holding appropriately framed and timed contention interrogatories

rather than depositions in patent infringement action was most appropriate vehicle for establishing infringers' contentions). *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 651–52 (C.D. Cal. 1997).

In fact Judge Chapman, instead of placing the burden on the party propounding the request in justifying the need for early discovery on such issues, found placing the burden on the party opposing responding to the request, as is done normally, was more appropriate. (See Id., 175 F.R.D. at 652.)

In this case, though, the requests made by Blakeman are appropriate no matter what analysis is applied to his alleged "contention interrogatories." The requests seek to identify witnesses. If Blakeman has the burden to show this is necessary he easily meets it as there is no way he can potentially defend his case, bring motions under Rule 56, or bring motions under Rule 11 without knowing the witnesses who supposedly support the allegations he is in a gang, that he commits intentional torts of criminal nature, or that he is engaged in some act of negligence. Alternatively, plaintiffs cannot show that they could even meet their burden in resisting disclosure of this information.

How could plaintiffs' bring such egregious allegations (i.e. assault, battery, violations of the Bane act) without having some witness to such acts by Mr. Blakeman let alone a witness who is a victim of such acts. This is compounded by the Plaintiffs' initial disclosures that list only one witness who has some vague unspecified knowledge about Blakeman.

Surely Mr. Blakeman, who is accused of such things, and has timely requested supporting information for these very specific allegations, should have the opportunity to know about and to depose the witnesses who allegedly support such allegations. Surely if no such persons exist then the lack of such evidence must be exposed. Failing to indicate whether such evidence exists or does not exists only serves to thwart the truth and the spirit of the Federal Rules of Civil Procedure.

1    Plaintiffs' objection is not a basis to avoid answering this interrogatory.

2    **<u>Plaintiffs' Contention</u>**

3    Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy

4    Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection.

5    Plaintiffs are entitled to – and fully intend to – supplement their discovery

6    responses when they "learn[] that in some material respect the disclosure or

7    response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  Additionally,

8    Defendant Blakeman is in control of much of the information needed to respond to

9    his contention interrogatories but, to date, has refused to produce any documents or

10   videos in response to Plaintiffs' discovery requests and in violation of his

11   obligations under Federal Rule 26(a).

12        1.    <u>Unduly Burdensome, Harassing, and Duplicative</u>

13   Plaintiffs objected to Mr. Blakeman's request to identify witnesses to the

14   claims against Blakeman on the grounds that they already disclosed the names of

15   potential witnesses in their initial and supplemental disclosures.   Specifically,

16   Plaintiffs listed 105 witnesses in its October 2, 2016 supplemental disclosures, a

17   number of whom likely witnessed the claims pertaining to Mr. Blakeman.

18   Mr. Blakeman already has the list of potential witnesses in his possession.

19   Therefore, it would be unduly burdensome, harassing, and duplicative for Plaintiffs

20   to be compelled to identify these witnesses again.

21        2.    <u>Compound</u>

22   Plaintiffs objected to Mr. Blakeman's requests to identify persons with

23   knowledge of facts supporting their contentions and facts within each person's

24   knowledge on the basis that they are compound.  Fed. R. Civ. Proc. 33(a)(1) limits

25   a party to 25 interrogatories propounded on any other party, including all discrete

26   subparts.

27   Courts have consistently concluded that an interrogatory that asks a party to

28   identify facts, documents, and witnesses should count as separate interrogatories.

See, e.g., *Makaeff v. Trump Univ.*, LLC, 2014 WL 3490356, at *7 (S.D. Cal. July 11, 2014) (concluding the interrogatory "contains 3 discrete subparts [for facts, documents, and witnesses,] and these subparts must be multiplied by the number of RFAs that were not unqualified admissions"); *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (request for facts, persons, and documents constitutes three distinct interrogatories); *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS 21578, 13-14 (E.D. Cal. Feb. 21, 2012) (same).

Mr. Blakeman's attempt to subvert the rules by asking interrogatories containing multiple impermissible subparts is wholly improper and therefore Plaintiffs' objection on this ground was appropriate.

### 3. Information Outside Plaintiff's Knowledge

Plaintiffs adamantly deny Mr. Blakeman's insinuation that they or their counsel have violated Fed. R. Civ. Proc. 11 regarding the identification of witnesses to support their allegations.  To the contrary, Plaintiffs have identified in their October 2, 2016, supplemental disclosures 105 witnesses who may possess knowledge of the allegations.  Moreover, discovery in this matter is in its infancy. To the extent Plaintiffs identify additional witnesses who support their claims throughout the course of discovery in this matter, Plaintiffs are aware of their obligation under the Federal Rules to timely supplement their discovery and disclosures.

Plaintiffs' objection on the grounds that the interrogatories seek information outside their knowledge is an objection *only to the extent* that the information sought is outside the individually-responding Plaintiff's knowledge.  Although Plaintiffs neglected to include the words "to the extent that" preceding these written objections, that is the objection that Plaintiffs assert.  Plaintiffs can amend their objections to include this wording, if the Court so orders.

### 4. Attorney-Client Privilege and Attorney Work Product Doctrine

Plaintiffs objected to the interrogatories *to the extent that* they invade the

attorney-client privilege and/or the work product doctrine by compelling privileged communication and/or litigation strategy.  These objections are worded such that either the attorney-client privilege or the attorney work product doctrine (or both) could protect the information from disclosure.  The objections do not state that both privileges necessarily apply to each piece of information sought.

Furthermore, Plaintiffs do not claim that all information sought is privileged, as evidenced by the inclusion of "to the extent that" preceding these objections. Rather, Plaintiffs have applied the work product doctrine to protect trial preparation materials that reveal attorney strategy, intended lines of proof, evaluations of strengths and weaknesses, and inferences drawn from interviews. Fed. R. Civ. Proc. 26(b)(3); *Hickman v. Taylor*, 329 U. S. 495, 511 (1947). Plaintiffs have applied the attorney-client privilege to protect confidential communications with their counsel.  *United States v. Graf*, 610 F. 3d 1148, 1156 (9th Cir. 2010).

### 5.   Premature Contention Interrogatories

Plaintiffs objected to Mr. Blakeman's interrogatories as premature because they seek or necessarily rely upon a contention.  Fed. R. Civ. P. 33(a)(2); *Kmiec v. Powerwave Techs. Inc.*, et al., 2014 WL 11512195 (C.D. Cal Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.  This objection was proper.

Contention interrogatories need not be answered until discovery is "substantially complete."  See Fed. R. Civ. P. 33(a)(2).  In *Kmiec*, the court held that discovery was not "substantially complete" when the discovery cutoff was 4 months away and depositions of fact witnesses or defendants had not yet occurred. The court opined that "[i]f Defendants had completed their document production, depositions were under way, and the discovery cutoff date was just a month or so away, Defendants *might* be entitled to the information they seek.  But under the circumstances here, Defendants' interrogatories are premature."  *Kmiec*, at *1

31

1  (emphasis added).

2      Similarly, the *Folz* court found that discovery was not substantially complete

3  and the responding party had adequate time to supplement his answers when the

4  discovery cutoff was 8 months away. *Folz*, at \*3. Even the case Mr. Blakeman

5  cited, *HTC Corp. v. Tech. Properties Ltd*., 2011 WL 97787 (N.D. Cal. Jan. 12,

6  2011), held that the responding party did not need to respond to contention

7  interrogatories because discovery was "still in full-swing." *HTC Corp*., at \*3.

8      In the instant lawsuit, the discovery cutoff is more than 9 months away, on

9  August 7, 2017. None of the individual Defendants – including Mr. Blakeman –

10  have produced any documents despite Plaintiffs' requests for production, and

11  Plaintiff Cory Spencer only produced his first set of documents on November 4,

12  2016. Additionally, the parties have only taken 6 out of the 20 possible

13  depositions – Jeff Kepley, Cory Spencer, Diana Milena Reed, Angelo Ferrara,

14  Anton Dahlerbruch, and Mr. Blakeman – all of which took place within the last

15  month. Thus, it is clear that the parties are in the early stages of discovery.

16  Discovery is far from being "substantially complete"; therefore, Plaintiffs need not

17  respond to Defendant Blakeman's premature contention interrogatories.

18      3.     IDENTIFY ALL PERSONS that have knowledge of any facts that

19  support your contention in paragraph 18 of the Complaint that BRANT

20  BLAKEMAN "sell[s] market[s] and use[s] illegal controlled substances from the

21  Lunada Bay Bluffs and the Rock Fort" and  for each such PERSON identified state

22  all facts you contend are within that PERSON's knowledge.

23      **Plaintiffs' Response to Interrogatory #3**

24      Responding party objects to this interrogatory as unduly burdensome,

25  harassing, and duplicative of information disclosed in Responding Party's Rule

26  26(a) disclosures and supplemental disclosures. Propounding Party may look to

27  Responding Party's Rule 26(a) disclosures and supplemental disclosures for the

28  information sought by this interrogatory. Moreover, Responding Party had the

1    opportunity to depose Mr. Spencer on this topic.

2        Responding party further objects to this interrogatory as compound.  This
3    "interrogatory" contains multiple impermissible subparts, which Propounding
4    Party has propounded in an effort to circumvent the numerical limitations on
5    interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

6        Responding Party further objects to this interrogatory on the grounds that it
7    seeks information that is outside of Responding Party's knowledge.

8        Responding Party further objects to the extent that this interrogatory invades
9    attorney-client privilege and/or violates the work product doctrine by compelling
10   Responding Party to disclose privileged communications and/or litigation strategy.
11   Responding Party will not provide any such information.

12       Responding Party further objects to this interrogatory as premature.  Because
13   this interrogatory seeks or necessarily relies upon a contention, and because this
14   matter is in its early stages and pretrial discovery has only just begun, Responding
15   Party is unable to provide a complete response at this time, nor is it required to do
16   so.  See *Kmiec v. Powerwave Techs. Inc. et al.*, 2014 WL 11512195 (C.D. Cal.
17   Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929
18   (S.D. Cal. Jan. 31 2014) at *1-2.; see also Fed. R. Civ. P. 33(a)(2) ("the court may
19   order that [a contention] interrogatory need not be answered until designated
20   discovery is complete, or until a pretrial conference or some other time.").

21       Based on the foregoing objections, Responding Party will not respond to this
22   interrogatory at this time.

23   **<u>Defendant Brant Blakeman's Contention</u>**

24       The Interrogatory seeks witness information pertaining to any and all
25   persons who plaintiffs claim support a specific contention made against Brant
26   Blakeman in his personal capacity, not as a member of a group but as an
27   individual.

28       The interrogatories at issue merely seek the identification of witnesses and

the identification of the facts believed to be within those witnesses knowledge purportedly supporting plaintiffs' specific allegations against Mr. Blakeman in his personal capacity.

The discovery requests defined "BRANT BLAKEMAN" as follows:

> BRANT BLAKEMAN means only Brant Blakeman in his individual capacity. This definition expressly excludes Brant Blakeman as an alleged member of what plaintiff alleges are the "Lunada Bay Boys." This definition expressly excludes the actions or omissions of any other PERSON other than Brant Blakeman in his individual capacity. This definition expressly excludes acts of PERSONS other than Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil Conspiracy.

Failure to produce the information sought by the Interrogatory is intended only to prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are pressing for Mr. Blakeman's deposition for which they are purposely hoping to take while he is unprepared in his defense to plaintiffs' contentions against him.

The response offers only uniform boilerplate objections. Based on those objections, the response asserts that no answers to the requests will be provided. Because the objections are unmeritorious, a further, substantive response must be compelled.

## 1.    Undue Burden, Harassment, and Duplication

Plaintiff contends that identifying the witnesses to the claims against Mr. Blakeman is unduly burdensome and harassing and the information can be found in the initial and supplemental disclosures. Plaintiffs in their initial disclosure identify only one witness with potential knowledge concerning Mr. Blakeman, Ken Claypool. If this is the only witness that plaintiff is aware of for the inquiry presented by this Interrogatory, then it certainly strains reason that answering it is burdensome or harassing. If there are other witnesses that allege Mr. Blakeman

1    did some act those witnesses likewise should be identified.

2         This objection by plaintiff is not a justification to refuse to provide a

3    response to the interrogatory.

4         **2.     <u>The Interrogatory is Compound and has Subparts</u>**

5         Plaintiff contends the Interrogatory is designed to circumvent the numerical

6    limitations provided in FRCP Rule 33(a)(1).   This objection wholly lacks merit.

7    The Interrogatory seeks the identification of a witness and the facts within that

8    witnesses knowledge.   FRCP Rule 33 allows the interrogatories to include

9    "discrete subparts."   Seeking the identification of witnesses and the facts within

10   their knowledge are considered one interrogatory. (See *Chapman v. California*

11   *Dept. of Educ.*, 2002 WL 32854376, at *1 (N.D.Cal.,2002)).   For sake of

12   mathematical exercise, even were one to entertain the contention that the

13   Interrogatory did not contain discrete subparts, there are only two: 12

14   interrogatories multiplied by two equals 24, which is within the limits of FRCP

15   Rule 33 which allows for 25 interrogatories.

16        This objection by plaintiff is not a justification to refuse to provide a

17   response to the Interrogatory.

18        **3.     <u>The Interrogatory Seeks Information that is Outside of</u>**

19              **<u>Responding Party's Knowledge</u>**

20        Plaintiff alleges that the Interrogatory seeks information outside of plaintiff's

21   knowledge.   This objection either wholly lacks merit or there are very troubling

22   issues related to the plaintiffs' and their counsels' obligations under FRCP Rule 11.

23        How is it that plaintiff can bring such egregious allegations without some

24   personal knowledge of witnesses who will support the allegations (including the

25   plaintiff's own knowledge)?   Are plaintiff's openly admitting this is a fishing

26   expedition against Mr. Blakeman and they were in violation of Rule 11 when the

27   complaint was filed?  If plaintiff does not have knowledge the identity of witnesses

28   that support allegations, the response should merely state there are none.

1 Otherwise the witnesses should be identified.

2     This objection by plaintiff is not a justification to refuse to provide a

3 response to the Interrogatories.

4     **4.**     **The Interrogatory Invades the Attorney Client Privilege and**

5     **Attorney Work Product Doctrine**

6     Plaintiff objects that identifying witnesses and the facts within a witnesses

7 knowledge that supports allegations that Mr. Blakeman acted in some manner

8 invades the attorney client privilege. There is no legal support for withholding

9 witnesses identities based on the attorney client privilege. Personal knowledge

10 about facts are not privileged. "[T]he protection of the privilege extends only to

11 communications and not to facts. A fact is one thing and a communication

12 concerning that fact is an entirely different thing." (*Upjohn Co. v. U.S.,* 101 S.Ct.

13 677, 685-86, 449 U.S. 383, 395-96 (U.S.Mich.,1981)).

14     This objection by plaintiff is not a justification to refuse to provide a

15 response to the Interrogatory.

16     **5.**     **The Interrogatory is Premature as a Contention Interrogatory**

17     Plaintiff alleges the Interrogatory seeks a contention and due to the early

18 state of litigation and pre-trial discovery, responding party is unable to provide a

19 complete response and, in any event, it is required to so; citing to *Kmiec v.*

20 *Powerwave Techs. Inc. et al*., 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1;

21 *Folz v. Union Pacific Railroad Company*, 2014 WL357929 (S.D. Cal. Jan. 31

22 2014) at *1-2.; and FRCP Rule 33(a)(2).

23     While this is an argument that contention interrogatories can be delayed, the

24 subject interrogatories do not fall into that context; the responding party is the

25 party making the allegations, not the one responding to the allegations.

26     This action involves plaintiffs (bound by their own pleading) in their

27 individual capacities, as well as representative capacities, alleging intentional torts,

28 nuisance, and negligence against Mr. Blakeman. The allegations against Mr.

Blakeman which each of these plaintiffs make include accusation of involvement in "predicate crimes" which include, for example, murder, mayhem, counterfeiting, rape and similar egregious crimes.  Having made these allegations Plaintiffs must have some idea of the witnesses, documents or facts to support the allegations. Plaintiffs' counsel must also have some basis else they run afoul of Rule 11.

No substantive responses are provided.  It is likely that no basis exists for these allegations against Mr. Blakeman; he is entitled to know the basis before facing a deposition by ambush.

Plaintiffs' refusal is fatally flawed in any event.  The cases cited are inapposite.

*Kmeic* was a securities litigation matter.  In context, *Kmeic* reasoned that asking contention interrogatories to a shareholder plaintiff early in litigation required more time for the litigation to develop.  Such is not the case with the issues involved in this litigation, where Plaintiffs each claim to represent a class of people and make specific allegations against Mr. Blakeman for which (if pled honestly) Plaintiffs alone have the supporting facts.

Folz related to contention interrogatories on defendant's affirmative defenses; something that clearly would involve significantly more discovery to develop than is the situation here where defendant is simply seeking information regarding contention's made by plaintiffs in their initial pleadings; seeking only the identification of witnesses that support plaintiffs' contentions that Mr. Blakeman committed some act.  This information will allow Mr. Blakeman to depose such persons and to have a "just, speedy, and inexpensive determination [in this ] action." (FRCP Rule 1.)

The identification of witnesses is important not only to Mr. Blakeman's defense but also because they would contribute meaningfully to narrow the scope of the issues in dispute, set up early settlement discussions, and expose the potential bases for a Rule 11 motion and Rule 56 motion. (See *HTC Corp. v.*

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

1  *Technology Properties Ltd.*, 2011 WL 97787, at *2 (N.D.Cal.,2011) These factors

2  are important in assessing whether it would be appropriate for the early use of

3  contention interrogatories(See *In re Convergent Technologies Securities Litigation*,

4  108 F.R.D. 328, 338-339 (N.D.Cal.,1985). Notably Blakeman intends to pursue

5  Rule 56 motions as there appears to be no evidence supporting the causes of action

6  against him.  It also appears that there is a lack of evidence to even support

7  probable cause to pursue an action against him and a Rule 11 motion is likewise

8  being considered.  The discovery is thus also intended to ferret out what appears to

9  be baseless character assassination.

10      *In re Convergent Technologies Securities Litigation* recognized the

11  importance of the identification of witnesses as a type of contention interrogatory

12  that is appropriate. (Id. 108 F.R.D. at 332-333).  This case, often cited for the

13  frame work it provides related to contention interrogatories, also noted that the

14  frame work does not apply to the identity of witnesses with knowledge of the facts

15  giving rise to the litigation or documents supporting material factual allegations.

16  (See Id.)  The Court compelled the disclosure of the identity of witnesses early in

17  litigation.  (Id. 108 F.R.D. at 332-333).

18      The *In re Convergent Technologies Securities Litigation* frame work to be

19  applied to contention interrogatories has been examined in the Central District of

20  California in *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175

21  F.R.D. 646, 651 (C.D. Cal. 1997).  This Court, in *Cable & Computer Tech., Inc.*,

22  explicated the evolution of the analysis of when contention interrogatories were

23  appropriate.

24      Judge Chapman in *Cable & Computer Tech., Inc.* first noted the purpose of

25  the Federal Rules of Civil Procedure.

26      Rule 1 of the Federal Rules of Civil Procedure directs that the rules "shall be

27  construed to secure the just, speedy, and inexpensive determination of every

28  action." "There probably is no provision in the federal rules that is more important

38

than this mandate. It reflects the spirit in which the rules were conceived and written, and in which they should be, and by and large have been, interpreted..... The Supreme Court of the United States has stated that these rules 'are to be accorded a broad and liberal treatment'." *Trevino v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir.1983) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947) and *Schlagenhauf v. Holder*, 379 U.S. 104, 114–15, 85 S.Ct. 234, 240, 13 L.Ed.2d 152 (1964)).   (*Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).)

Judge Chapman allayed concerns about early use of contention interrogatories and recognized that contention interrogatories are allowed under the Federal Rules of Civil Procedure.  Any concern about limiting proof based on limited answers to  interrogatories is not well-founded because such answers may be withdrawn or amended, and parties have an ongoing obligation to "seasonably amend" answers throughout the litigation. (See Id., 175 F.D.R. at 650-651.)

Judge Chapman then noted that Judge Brazil, the author of *In re Convergent Technologies Securities Litigation*, had recently even acknowledged the importance of early use of contention interrogatories in certain matters:

> In *Convergent Technologies*, Judge Wayne D. Brazil, in a very thoughtful opinion, held that the 1983 amendments to Fed.R.Civ.P. 26(b) compelled his conclusion that the "wisest course is not to preclude entirely the early use of contention interrogatories, but to place a burden of justification on the party who seeks answers to these kinds of questions before substantial documentary or testimonial discovery has been completed.... [T]he propounding party must present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." 108 F.R.D. at 338–39. More recently, however, Judge Brazil has modified his position, noting that contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which

39

contention questions are propounded. See *McCormick–Morgan, Inc. v. Teledyne Industries, Inc.,* 134 F.R.D. 275, 287 (N.D.Cal.1991) (holding appropriately framed and timed contention interrogatories rather than depositions in patent infringement action was most appropriate vehicle for establishing infringers' contentions). *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 651–52 (C.D. Cal. 1997).

In fact Judge Chapman, instead of placing the burden on the party propounding the request in justifying the need for early discovery on such issues, found placing the burden on the party opposing responding to the request, as is done normally, was more appropriate. (See Id., 175 F.R.D. at 652.)

In this case, though, the requests made by Blakeman are appropriate no matter what analysis is applied to his alleged "contention interrogatories." The requests seek to identify witnesses. If Blakeman has the burden to show this is necessary he easily meets it as there is no way he can potentially defend his case, bring motions under Rule 56, or bring motions under Rule 11 without knowing the witnesses who supposedly support the allegations he is in a gang, that he commits intentional torts of criminal nature, or that he is engaged in some act of negligence. Alternatively, plaintiffs cannot show that they could even meet their burden in resisting disclosure of this information.

How could plaintiffs' bring such egregious allegations (i.e. assault, battery, violations of the Bane act) without having some witness to such acts by Mr. Blakeman let alone a witness who is a victim of such acts. This is compounded by the Plaintiffs' initial disclosures that list only one witness who has some vague unspecified knowledge about Blakeman.

Surely Mr. Blakeman, who is accused of such things, and has timely requested supporting information for these very specific allegations, should have the opportunity to know about and to depose the witnesses who allegedly support

1  such allegations.  Surely if no such persons exist then the lack of such evidence

2  must be exposed.  Failing to indicate whether such evidence exists or does not

3  exists only serves to thwart the truth and the spirit of the Federal Rules of Civil

4  Procedure.

5          Plaintiffs' objection is not a basis to avoid answering this interrogatory.

6  **Plaintiffs' Contention**

7          Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy

8  Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection.

9  Plaintiffs are entitled to – and fully intend to – supplement their discovery

10 responses when they "learn[] that in some material respect the disclosure or

11 response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  Additionally,

12 Defendant Blakeman is in control of much of the information needed to respond to

13 his contention interrogatories but, to date, has refused to produce any documents or

14 videos in response to Plaintiffs' discovery requests and in violation of his

15 obligations under Federal Rule 26(a).

16         1.    Unduly Burdensome, Harassing, and Duplicative

17         Plaintiffs objected to Mr. Blakeman's request to identify witnesses to the

18 claims against Blakeman on the grounds that they already disclosed the names of

19 potential witnesses in their initial and supplemental disclosures.   Specifically,

20 Plaintiffs listed 105 witnesses in its October 2, 2016 supplemental disclosures, a

21 number of whom likely witnessed the claims pertaining to Mr. Blakeman.

22         Mr. Blakeman already has the list of potential witnesses in his possession.

23 Therefore, it would be unduly burdensome, harassing, and duplicative for Plaintiffs

24 to be compelled to identify these witnesses again.

25         2.    Compound

26         Plaintiffs objected to Mr. Blakeman's requests to identify persons with

27 knowledge of facts supporting their contentions and facts within each person's

28 knowledge on the basis that they are compound.  Fed. R. Civ. Proc. 33(a)(1) limits

41

1 a party to 25 interrogatories propounded on any other party, including all discrete

2 subparts.

3      Courts have consistently concluded that an interrogatory that asks a party to

4 identify facts, documents, and witnesses should count as separate interrogatories.

5 See, e.g., *Makaeff v. Trump Univ*., LLC, 2014 WL 3490356, at *7 (S.D. Cal. July

6 11, 2014) (concluding the interrogatory "contains 3 discrete subparts [for facts,

7 documents, and witnesses,] and these subparts must be multiplied by the number of

8 RFAs that were not unqualified admissions"); *Superior Commc'ns v. Earhugger,

9 Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (request for facts, persons, and

10 documents constitutes three distinct interrogatories); *Hasan v. Johnson*, 2012 U.S.

11 Dist. LEXIS 21578, 13-14 (E.D. Cal. Feb. 21, 2012) (same).

12      Mr. Blakeman's attempt to subvert the rules by asking interrogatories

13 containing multiple impermissible subparts is wholly improper and therefore

14 Plaintiffs' objection on this ground was appropriate.

15      3.    <u>Information Outside Plaintiff's Knowledge</u>

16      Plaintiffs adamantly deny Mr. Blakeman's insinuation that they or their

17 counsel have violated Fed. R. Civ. Proc. 11 regarding the identification of

18 witnesses to support their allegations.  To the contrary, Plaintiffs have identified in

19 their October 2, 2016, supplemental disclosures 105 witnesses who may possess

20 knowledge of the allegations.  Moreover, discovery in this matter is in its infancy.

21 To the extent Plaintiffs identify additional witnesses who support their claims

22 throughout the course of discovery in this matter, Plaintiffs are aware of their

23 obligation under the Federal Rules to timely supplement their discovery and

24 disclosures.

25      Plaintiffs' objection on the grounds that the interrogatories seek information

26 outside their knowledge is an objection *only to the extent* that the information

27 sought is outside the individually-responding Plaintiff's knowledge.  Although

28 Plaintiffs neglected to include the words "to the extent that" preceding these

1   written objections, that is the objection that Plaintiffs assert.  Plaintiffs can amend

2   their objections to include this wording, if the Court so orders.

3        4.        Attorney-Client Privilege and Attorney Work Product Doctrine

4        Plaintiffs objected to the interrogatories *to the extent that* they invade the

5   attorney-client privilege and/or the work product doctrine by compelling privileged

6   communication and/or litigation strategy.  These objections are worded such that

7   either the attorney-client privilege or the attorney work product doctrine (or both)

8   could protect the information from disclosure.  The objections do not state that

9   both privileges necessarily apply to each piece of information sought.

10       Furthermore, Plaintiffs do not claim that all information sought is privileged,

11  as evidenced by the inclusion of "to the extent that" preceding these objections.

12  Rather, Plaintiffs have applied the work product doctrine to protect trial

13  preparation materials that reveal attorney strategy, intended lines of proof,

14  evaluations of strengths and weaknesses, and inferences drawn from interviews.

15  Fed. R. Civ. Proc. 26(b)(3); *Hickman v. Taylor*, 329 U. S. 495, 511 (1947).

16  Plaintiffs have applied the attorney-client privilege to protect confidential

17  communications with their counsel.  *United States v. Graf*, 610 F. 3d 1148, 1156

18  (9th Cir. 2010).

19       5.        Premature Contention Interrogatories

20       Plaintiffs objected to Mr. Blakeman's interrogatories as premature because

21  they seek or necessarily rely upon a contention. Fed. R. Civ. P. 33(a)(2); *Kmiec v.*

22  *Powerwave Techs. Inc.*, et al., 2014 WL 11512195 (C.D. Cal Dec. 2, 2014) at *1;

23  *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31,

24  2014) at *1-2.  This objection was proper.

25       Contention interrogatories need not be answered until discovery is

26  "substantially complete."  See Fed. R. Civ. P. 33(a)(2).  In *Kmiec*, the court held

27  that discovery was not "substantially complete" when the discovery cutoff was 4

28  months away and depositions of fact witnesses or defendants had not yet occurred.

43

The court opined that "[i]f Defendants had completed their document production, depositions were under way, and the discovery cutoff date was just a month or so away, Defendants *might* be entitled to the information they seek.  But under the circumstances here, Defendants' interrogatories are premature."  *Kmiec*, at *1 (emphasis added).

Similarly, the *Folz* court found that discovery was not substantially complete and the responding party had adequate time to supplement his answers when the discovery cutoff was 8 months away.  *Folz*, at *3.  Even the case Mr. Blakeman cited, *HTC Corp. v. Tech. Properties Ltd*., 2011 WL 97787 (N.D. Cal. Jan. 12, 2011), held that the responding party did not need to respond to contention interrogatories because discovery was "still in full-swing."  *HTC Corp*., at *3.

In the instant lawsuit, the discovery cutoff is more than 9 months away, on August 7, 2017.  None of the individual Defendants – including Mr. Blakeman – have produced any documents despite Plaintiffs' requests for production, and Plaintiff Cory Spencer only produced his first set of documents on November 4, 2016.   Additionally, the parties have only taken 6 out of the 20 possible depositions – Jeff Kepley, Cory Spencer, Diana Milena Reed, Angelo Ferrara, Anton Dahlerbruch, and Mr. Blakeman – all of which took place within the last month.   Thus, it is clear that the parties are in the early stages of discovery. Discovery is far from being "substantially complete"; therefore, Plaintiffs need not respond to Defendant Blakeman's premature contention interrogatories.

4.     IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention in paragraph 18 of the Complaint that BLAKE BRANTMAN  "impede[d] boat traffic" at any time,  and  for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

**Plaintiffs' Response to Interrogatory #4**

Responding party objects to this interrogatory as unduly burdensome, harassing, and duplicative of information disclosed in Responding Party's Rule

26(a) disclosures and supplemental disclosures.  Propounding Party may look to Responding Party's Rule 26(a) disclosures and supplemental disclosures for the information sought by this interrogatory.  Moreover, Responding Party had the opportunity to depose Mr. Spencer on this topic.

Responding party further objects to this interrogatory as compound.  This "interrogatory" contains multiple impermissible subparts, which Propounding Party has propounded in an effort to circumvent the numerical limitations on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

Responding Party further objects to this interrogatory on the grounds that it seeks information that is outside of Responding Party's knowledge.

Responding Party further objects to the extent that this interrogatory invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy. Responding Party will not provide any such information.

Responding Party further objects to this interrogatory as premature.  Because this interrogatory seeks or necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a complete response at this time, nor is it required to do so.  See *Kmiec v. Powerwave Techs. Inc. et al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929 (S.D. Cal. Jan. 31 2014) at *1-2.; see also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").

Based on the foregoing objections, Responding Party will not respond to this interrogatory at this time.

### **Defendant Brant Blakeman's Contention**

The Interrogatory seeks witness information pertaining to any and all persons who plaintiffs claim support a specific contention made against Brant

45

Blakeman in his personal capacity, not as a member of a group but as an individual.

The interrogatories at issue merely seek the identification of witnesses and the identification of the facts believed to be within those witnesses knowledge purportedly supporting plaintiffs' specific allegations against Mr. Blakeman in his personal capacity.

The discovery requests defined "BRANT BLAKEMAN" as follows:

> BRANT BLAKEMAN means only Brant Blakeman in his individual capacity. This definition expressly excludes Brant Blakeman as an alleged member of what plaintiff alleges are the "Lunada Bay Boys." This definition expressly excludes the actions or omissions of any other PERSON other than Brant Blakeman in his individual capacity. This definition expressly excludes acts of PERSONS other than Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil Conspiracy.

Failure to produce the information sought by the Interrogatory is intended only to prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are pressing for Mr. Blakeman's deposition for which they are purposely hoping to take while he is unprepared in his defense to plaintiffs' contentions against him.

The response offers only uniform boilerplate objections.  Based on those objections, the response asserts that no answers to the requests will be provided. Because the objections are unmeritorious, a further, substantive response must be compelled.

### 1.   <u>Undue Burden, Harassment, and Duplication</u>

Plaintiff contends that identifying the witnesses to the claims against Mr. Blakeman is unduly burdensome and harassing and the information can be found in the initial and supplemental disclosures.  Plaintiffs in their initial disclosure

1  identify only one witness with potential knowledge concerning Mr. Blakeman,

2  Ken Claypool.  If this is the only witness that plaintiff is aware of for the inquiry

3  presented by this Interrogatory, then it certainly strains reason that answering it is

4  burdensome or harassing.  If there are other witnesses that allege Mr. Blakeman

5  did some act those witnesses likewise should be identified.

6      This objection by plaintiff is not a justification to refuse to provide a

7  response to the interrogatory.

8           **2.      The Interrogatory is Compound and has Subparts**

9      Plaintiff contends the Interrogatory is designed to circumvent the numerical

10  limitations provided in FRCP Rule 33(a)(1).   This objection wholly lacks merit.

11  The Interrogatory seeks the identification of a witness and the facts within that

12  witnesses knowledge.   FRCP Rule 33 allows the interrogatories to include

13  "discrete subparts."  Seeking the identification of witnesses and the facts within

14  their knowledge are considered one interrogatory. (See *Chapman v. California*

15  *Dept. of Educ*., 2002 WL 32854376, at *1 (N.D.Cal.,2002)).   For sake of

16  mathematical exercise, even were one to entertain the contention that the

17  Interrogatory did not contain discrete subparts, there are only two: 12

18  interrogatories multiplied by two equals 24, which is within the limits of FRCP

19  Rule 33 which allows for 25 interrogatories.

20      This objection by plaintiff is not a justification to refuse to provide a

21  response to the Interrogatory.

22           **3.      The Interrogatory Seeks Information that is Outside of**

23               **Responding Party's Knowledge**

24      Plaintiff alleges that the Interrogatory seeks information outside of plaintiff's

25  knowledge.  This objection either wholly lacks merit or there are very troubling

26  issues related to the plaintiffs' and their counsels' obligations under FRCP Rule 11.

27      How is it that plaintiff can bring such egregious allegations without some

28  personal knowledge of witnesses who will support the allegations (including the

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

plaintiff's own knowledge)?   Are plaintiff's openly admitting this is a fishing expedition against Mr. Blakeman and they were in violation of Rule 11 when the complaint was filed?  If plaintiff does not have knowledge the identity of witnesses that support allegations, the response should merely state there are none. Otherwise the witnesses should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatories.

### 4.   The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine

Plaintiff objects that identifying witnesses and the facts within a witnesses knowledge that supports allegations that Mr. Blakeman acted in some manner invades the attorney client privilege.  There is no legal support for withholding witnesses identities based on the attorney client privilege.  Personal knowledge about facts are not privileged.  "[T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing." (*Upjohn Co. v. U.S.*, 101 S.Ct. 677, 685-86, 449 U.S. 383, 395-96 (U.S.Mich.,1981)).

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatory.

### 5.   The Interrogatory is Premature as a Contention Interrogatory

Plaintiff alleges the Interrogatory seeks a contention and due to the early state of litigation and pre-trial discovery, responding party is unable to provide a complete response and, in any event, it is required to so; citing to *Kmiec v. Powerwave Techs. Inc. et al.,* 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929 (S.D. Cal. Jan. 31 2014) at *1-2.; and FRCP Rule 33(a)(2).

While this is an argument that contention interrogatories can be delayed, the subject interrogatories do not fall into that context; the responding party is the

48

party making the allegations, not the one responding to the allegations.

This action involves plaintiffs (bound by their own pleading) in their individual capacities, as well as representative capacities, alleging intentional torts, nuisance, and negligence against Mr. Blakeman. The allegations against Mr. Blakeman which each of these plaintiffs make include accusation of involvement in "predicate crimes" which include, for example, murder, mayhem, counterfeiting, rape and similar egregious crimes. Having made these allegations Plaintiffs must have some idea of the witnesses, documents or facts to support the allegations. Plaintiffs' counsel must also have some basis else they run afoul of Rule 11.

No substantive responses are provided. It is likely that no basis exists for these allegations against Mr. Blakeman; he is entitled to know the basis before facing a deposition by ambush.

Plaintiffs' refusal is fatally flawed in any event. The cases cited are inapposite.

*Kmeic* was a securities litigation matter. In context, *Kmeic* reasoned that asking contention interrogatories to a shareholder plaintiff early in litigation required more time for the litigation to develop. Such is not the case with the issues involved in this litigation, where Plaintiffs each claim to represent a class of people and make specific allegations against Mr. Blakeman for which (if pled honestly) Plaintiffs alone have the supporting facts.

*Folz* related to contention interrogatories on defendant's affirmative defenses; something that clearly would involve significantly more discovery to develop than is the situation here where defendant is simply seeking information regarding contention's made by plaintiffs in their initial pleadings; seeking only the identification of witnesses that support plaintiffs' contentions that Mr. Blakeman committed some act. This information will allow Mr. Blakeman to depose such persons and to have a "just, speedy, and inexpensive determination [in this ] action." (FRCP Rule 1.)

1   The identification of witnesses is important not only to Mr. Blakeman's

2   defense but also because they would contribute meaningfully to narrow the scope

3   of the issues in dispute, set up early settlement discussions, and expose the

4   potential bases for a Rule 11 motion and Rule 56 motion. (See *HTC Corp. v.*

5   *Technology Properties Ltd.,* 2011 WL 97787, at *2 (N.D.Cal.,2011) These factors

6   are important in assessing whether it would be appropriate for the early use of

7   contention interrogatories(See *In re Convergent Technologies Securities Litigation*,

8   108 F.R.D. 328, 338-339 (N.D.Cal.,1985). Notably Blakeman intends to pursue

9   Rule 56 motions as there appears to be no evidence supporting the causes of action

10  against him.   It also appears that there is a lack of evidence to even support

11  probable cause to pursue an action against him and a Rule 11 motion is likewise

12  being considered.  The discovery is thus also intended to ferret out what appears to

13  be baseless character assassination.

14      *In re Convergent Technologies Securities Litigation* recognized the

15  importance of the identification of witnesses as a type of contention interrogatory

16  that is appropriate. (Id. 108 F.R.D. at 332-333).   This case, often cited for the

17  frame work it provides related to contention interrogatories, also noted that the

18  frame work does not apply to the identity of witnesses with knowledge of the facts

19  giving rise to the litigation or documents supporting material factual allegations.

20  (See Id.)  The Court compelled the disclosure of the identity of witnesses early in

21  litigation.  (Id. 108 F.R.D. at 332-333).

22      The *In re Convergent Technologies Securities Litigation* frame work to be

23  applied to contention interrogatories has been examined in the Central District of

24  California in *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175

25  F.R.D. 646, 651 (C.D. Cal. 1997).  This Court, in Cable & Computer Tech., Inc.,

26  explicated the evolution of the analysis of when contention interrogatories were

27  appropriate.

28      Judge Chapman in *Cable & Computer Tech., Inc.* first noted the purpose of

__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.: 2-16-CV-2129

1    the Federal Rules of Civil Procedure.

2          Rule 1 of the Federal Rules of Civil Procedure directs that the rules "shall be

3    construed to secure the just, speedy, and inexpensive determination of every

4    action." "There probably is no provision in the federal rules that is more important

5    than this mandate. It reflects the spirit in which the rules were conceived and

6    written, and in which they should be, and by and large have been, interpreted.....

7    The Supreme Court of the United States has stated that these rules 'are to be

8    accorded a broad and liberal treatment'." *Trevino v. Celanese Corp.,* 701 F.2d 397,

9    405 (5th Cir.1983) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385,

10   391, 91 L.Ed. 451 (1947) and *Schlagenhauf v. Holder,* 379 U.S. 104, 114–15, 85

11   S.Ct. 234, 240, 13 L.Ed.2d 152 (1964)).   (*Cable & Computer Tech., Inc. v.

12   Lockheed Saunders, Inc*., 175 F.R.D. 646, 650 (C.D. Cal. 1997).)

13         Judge Chapman allayed concerns about early use of contention

14   interrogatories and recognized that contention interrogatories are allowed under the

15   Federal Rules of Civil Procedure.   Any concern about limiting proof based on

16   limited answers to  interrogatories is not well-founded because such answers may

17   be withdrawn or amended, and parties have an ongoing obligation to "seasonably

18   amend" answers throughout the litigation. (See Id., 175 F.D.R. at 650-651.)

19         Judge Chapman then noted that Judge Brazil, the author of *In re Convergent

20   Technologies Securities Litigation*, had recently even acknowledged the

21   importance of early use of contention interrogatories in certain matters:

22              *In Convergent Technologies*, Judge Wayne D.
            Brazil, in a very thoughtful opinion, held that the 1983
23          amendments to Fed.R.Civ.P. 26(b) compelled his
            conclusion that the "wisest course is not to preclude
24          entirely the early use of contention interrogatories, but to
            place a burden of justification on the party who seeks
25          answers to these kinds of questions before substantial
            documentary or testimonial discovery has been
26          completed.... [T]he propounding party must present
            specific, plausible grounds for believing that securing
27

28

                                      51

early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." 108 F.R.D. at 338–39. More recently, however, Judge Brazil has modified his position, noting that contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded. See *McCormick–Morgan, Inc. v. Teledyne Industries, Inc.,* 134 F.R.D. 275, 287 (N.D.Cal.1991) (holding appropriately framed and timed contention interrogatories rather than depositions in patent infringement action was most appropriate vehicle for establishing infringers' contentions). Cable & *Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 651–52 (C.D. Cal. 1997).

In fact Judge Chapman, instead of placing the burden on the party propounding the request in justifying the need for early discovery on such issues, found placing the burden on the party opposing responding to the request, as is done normally, was more appropriate.  (See Id., 175 F.R.D. at 652.)

In this case, though, the requests made by Blakeman are appropriate no matter what analysis is applied to his alleged "contention interrogatories."  The requests seek to identify witnesses.  If Blakeman has the burden to show this is necessary he easily meets it as there is no way he can potentially defend his case, bring motions under Rule 56, or bring motions under Rule 11 without knowing the witnesses who supposedly support the allegations he is in a gang, that he commits intentional torts of criminal nature, or that he is engaged in some act of negligence.  Alternatively, plaintiffs cannot show that they could even meet  their burden in resisting disclosure of this information.

How could plaintiffs' bring such egregious allegations (i.e. assault, battery, violations of the Bane act) without having some witness to such acts by Mr. Blakeman let alone a witness who is a victim of such acts.  This is compounded by the Plaintiffs' initial disclosures that list only one witness who has some vague

1   unspecified knowledge about Blakeman.

2       Surely Mr. Blakeman, who is accused of such things, and has timely

3   requested supporting information for these very specific allegations, should have

4   the opportunity to know about and to depose the witnesses who allegedly support

5   such allegations.  Surely if no such persons exist then the lack of such evidence

6   must be exposed.  Failing to indicate whether such evidence exists or does not

7   exists only serves to thwart the truth and the spirit of the Federal Rules of Civil

8   Procedure.

9       Plaintiffs' objection is not a basis to avoid answering this interrogatory.

10   **Plaintiffs' Contention**

11       Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy

12   Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection.

13   Plaintiffs are entitled to – and fully intend to – supplement their discovery

14   responses when they "learn[] that in some material respect the disclosure or

15   response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  Additionally,

16   Defendant Blakeman is in control of much of the information needed to respond to

17   his contention interrogatories but, to date, has refused to produce any documents or

18   videos in response to Plaintiffs' discovery requests and in violation of his

19   obligations under Federal Rule 26(a).

20       1.   <u>Unduly Burdensome, Harassing, and Duplicative</u>

21       Plaintiffs objected to Mr. Blakeman's request to identify witnesses to the

22   claims against Blakeman on the grounds that they already disclosed the names of

23   potential witnesses in their initial and supplemental disclosures.  Specifically,

24   Plaintiffs listed 105 witnesses in its October 2, 2016 supplemental disclosures, a

25   number of whom likely witnessed the claims pertaining to Mr. Blakeman.

26       Mr. Blakeman already has the list of potential witnesses in his possession.

27   Therefore, it would be unduly burdensome, harassing, and duplicative for Plaintiffs

28   to be compelled to identify these witnesses again.

1      2.    <u>Compound</u>

2      Plaintiffs objected to Mr. Blakeman's requests to identify persons with

3 knowledge of facts supporting their contentions and facts within each person's

4 knowledge on the basis that they are compound. Fed. R. Civ. Proc. 33(a)(1) limits

5 a party to 25 interrogatories propounded on any other party, including all discrete

6 subparts.

7      Courts have consistently concluded that an interrogatory that asks a party to

8 identify facts, documents, and witnesses should count as separate interrogatories.

9 See, e.g., *Makaeff v. Trump Univ.*, LLC, 2014 WL 3490356, at *7 (S.D. Cal. July

10 11, 2014) (concluding the interrogatory "contains 3 discrete subparts [for facts,

11 documents, and witnesses,] and these subparts must be multiplied by the number of

12 RFAs that were not unqualified admissions"); *Superior Commc'ns v. Earhugger,

13 Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (request for facts, persons, and

14 documents constitutes three distinct interrogatories); *Hasan v. Johnson*, 2012 U.S.

15 Dist. LEXIS 21578, 13-14 (E.D. Cal. Feb. 21, 2012) (same).

16      Mr. Blakeman's attempt to subvert the rules by asking interrogatories

17 containing multiple impermissible subparts is wholly improper and therefore

18 Plaintiffs' objection on this ground was appropriate.

19      3.    <u>Information Outside Plaintiff's Knowledge</u>

20      Plaintiffs adamantly deny Mr. Blakeman's insinuation that they or their

21 counsel have violated Fed. R. Civ. Proc. 11 regarding the identification of

22 witnesses to support their allegations. To the contrary, Plaintiffs have identified in

23 their October 2, 2016, supplemental disclosures 105 witnesses who may possess

24 knowledge of the allegations. Moreover, discovery in this matter is in its infancy.

25 To the extent Plaintiffs identify additional witnesses who support their claims

26 throughout the course of discovery in this matter, Plaintiffs are aware of their

27 obligation under the Federal Rules to timely supplement their discovery and

28 disclosures.

1    Plaintiffs' objection on the grounds that the interrogatories seek information

2  outside their knowledge is an objection *only to the extent* that the information

3  sought is outside the individually-responding Plaintiff's knowledge.   Although

4  Plaintiffs neglected to include the words "to the extent that" preceding these

5  written objections, that is the objection that Plaintiffs assert.   Plaintiffs can amend

6  their objections to include this wording, if the Court so orders.

7    4.    <u>Attorney-Client Privilege and Attorney Work Product Doctrine</u>

8    Plaintiffs objected to the interrogatories *to the extent that* they invade the

9  attorney-client privilege and/or the work product doctrine by compelling privileged

10  communication and/or litigation strategy.   These objections are worded such that

11  either the attorney-client privilege or the attorney work product doctrine (or both)

12  could protect the information from disclosure.   The objections do not state that

13  both privileges necessarily apply to each piece of information sought.

14    Furthermore, Plaintiffs do not claim that all information sought is privileged,

15  as evidenced by the inclusion of "to the extent that" preceding these objections.

16  Rather, Plaintiffs have applied the work product doctrine to protect trial

17  preparation materials that reveal attorney strategy, intended lines of proof,

18  evaluations of strengths and weaknesses, and inferences drawn from interviews.

19  Fed. R. Civ. Proc. 26(b)(3); *Hickman v. Taylor*, 329 U. S. 495, 511 (1947).

20  Plaintiffs have applied the attorney-client privilege to protect confidential

21  communications with their counsel.   *United States v. Graf*, 610 F. 3d 1148, 1156

22  (9th Cir. 2010).

23    5.    <u>Premature Contention Interrogatories</u>

24    Plaintiffs objected to Mr. Blakeman's interrogatories as premature because

25  they seek or necessarily rely upon a contention.   Fed. R. Civ. P. 33(a)(2); *Kmiec v.*

26  *Powerwave Techs. Inc.*, et al., 2014 WL 11512195 (C.D. Cal Dec. 2, 2014) at *1;

27  *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31,

28  2014) at *1-2.   This objection was proper.

Contention interrogatories need not be answered until discovery is "substantially complete." See Fed. R. Civ. P. 33(a)(2). In *Kmiec*, the court held that discovery was not "substantially complete" when the discovery cutoff was 4 months away and depositions of fact witnesses or defendants had not yet occurred. The court opined that "[i]f Defendants had completed their document production, depositions were under way, and the discovery cutoff date was just a month or so away, Defendants *might* be entitled to the information they seek. But under the circumstances here, Defendants' interrogatories are premature." *Kmiec*, at *1 (emphasis added).

Similarly, the *Folz* court found that discovery was not substantially complete and the responding party had adequate time to supplement his answers when the discovery cutoff was 8 months away. *Folz*, at *3. Even the case Mr. Blakeman cited, *HTC Corp. v. Tech. Properties Ltd.*, 2011 WL 97787 (N.D. Cal. Jan. 12, 2011), held that the responding party did not need to respond to contention interrogatories because discovery was "still in full-swing." *HTC Corp.*, at *3.

In the instant lawsuit, the discovery cutoff is more than 9 months away, on August 7, 2017. None of the individual Defendants – including Mr. Blakeman – have produced any documents despite Plaintiffs' requests for production, and Plaintiff Cory Spencer only produced his first set of documents on November 4, 2016. Additionally, the parties have only taken 6 out of the 20 possible depositions – Jeff Kepley, Cory Spencer, Diana Milena Reed, Angelo Ferrara, Anton Dahlerbruch, and Mr. Blakeman – all of which took place within the last month. Thus, it is clear that the parties are in the early stages of discovery. Discovery is far from being "substantially complete"; therefore, Plaintiffs need not respond to Defendant Blakeman's premature contention interrogatories.

5.    IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention in paragraph 18 of the Complaint that BLAKE BRANTMAN "dangerously disregard[ed] surfing rules" at any time, and for each

1  such PERSON identified state all facts you contend are within that PERSON's

2  knowledge.

3  **Plaintiffs' Response to Interrogatory #5**

4     Responding party objects to this interrogatory as unduly burdensome,

5  harassing, and duplicative of information disclosed in Responding Party's Rule

6  26(a) disclosures and supplemental disclosures.  Propounding Party may look to

7  Responding Party's Rule 26(a) disclosures and supplemental disclosures for the

8  information sought by this interrogatory.  Moreover, Responding Party had the

9  opportunity to depose Mr. Spencer on this topic.

10     Responding party further objects to this interrogatory as compound.  This

11  "interrogatory" contains multiple impermissible subparts, which Propounding

12  Party has propounded in an effort to circumvent the numerical limitations on

13  interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

14     Responding Party further objects to this interrogatory on the grounds that it

15  seeks information that is outside of Responding Party's knowledge.

16     Responding Party further objects to the extent that this interrogatory invades

17  attorney-client privilege and/or violates the work product doctrine by compelling

18  Responding Party to disclose privileged communications and/or litigation strategy.

19  Responding Party will not provide any such information.

20     Responding Party further objects to this interrogatory as premature.  Because

21  this interrogatory seeks or necessarily relies upon a contention, and because this

22  matter is in its early stages and pretrial discovery has only just begun, Responding

23  Party is unable to provide a complete response at this time, nor is it required to do

24  so.  See *Kmiec v. Powerwave Techs. Inc. et al.,* 2014 WL 11512195 (C.D. Cal.

25  Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company,* 2014 WL357929

26  (S.D. Cal. Jan. 31 2014) at *1-2.; see also Fed. R. Civ. P. 33(a)(2) ("the court may

27  order that [a contention] interrogatory need not be answered until designated

28  discovery is complete, or until a pretrial conference or some other time.").

1    Based on the foregoing objections, Responding Party will not respond to this

2    interrogatory at this time.

3    **Defendant Brant Blakeman's Contention**

4    The Interrogatory seeks witness information pertaining to any and all

5    persons who plaintiffs claim support a specific contention made against Brant

6    Blakeman in his personal capacity, not as a member of a group but as an

7    individual.

8    The interrogatories at issue merely seek the identification of witnesses and

9    the identification of the facts believed to be within those witnesses knowledge

10   purportedly supporting plaintiffs' specific allegations against Mr. Blakeman in his

11   personal capacity.

12   The discovery requests defined "BRANT BLAKEMAN" as follows:

13   BRANT BLAKEMAN means only Brant Blakeman in his
     individual capacity. This definition expressly excludes
14   Brant Blakeman as an alleged member of what plaintiff
     alleges are the "Lunada Bay Boys." This definition
15   expressly excludes the actions or omissions of any other
     PERSON other than Brant Blakeman in his individual
16   capacity.   This definition expressly excludes acts of
17   PERSONS other than Brant Blakeman that plaintiff
     attributes to Brant Blakeman under a theory of Civil
18   Conspiracy.
19

20   Failure to produce the information sought by the Interrogatory is intended

21   only to prejudice Mr. Blakeman's defenses; especially in light of the fact that

22   plaintiffs are pressing for Mr. Blakeman's deposition for which they are purposely

23   hoping to take while he is unprepared in his defense to plaintiffs' contentions

24   against him.

25   The response offers only uniform boilerplate objections.  Based on those

26   objections, the response asserts that no answers to the requests will be provided.

27   Because the objections are unmeritorious, a further, substantive response must be

28

1  compelled.

2  ### 1.   **Undue Burden, Harassment, and Duplication**

3  Plaintiff contends that identifying the witnesses to the claims against Mr.

4  Blakeman is unduly burdensome and harassing and the information can be found

5  in the initial and supplemental disclosures.   Plaintiffs in their initial disclosure

6  identify only one witness with potential knowledge concerning Mr. Blakeman,

7  Ken Claypool.  If this is the only witness that plaintiff is aware of for the inquiry

8  presented by this Interrogatory, then it certainly strains reason that answering it is

9  burdensome or harassing.  If there are other witnesses that allege Mr. Blakeman

10 did some act those witnesses likewise should be identified.

11  This objection by plaintiff is not a justification to refuse to provide a

12 response to the interrogatory.

13  ### 2.   **The Interrogatory is Compound and has Subparts**

14  Plaintiff contends the Interrogatory is designed to circumvent the numerical

15 limitations provided in FRCP Rule 33(a)(1).   This objection wholly lacks merit.

16 The Interrogatory seeks the identification of a witness and the facts within that

17 witnesses knowledge.   FRCP Rule 33 allows the interrogatories to include

18 "discrete subparts."   Seeking the identification of witnesses and the facts within

19 their knowledge are considered one interrogatory. (See *Chapman v. California*

20 *Dept. of Educ.,* 2002 WL 32854376, at *1 (N.D.Cal.,2002)).   For sake of

21 mathematical exercise, even were one to entertain the contention that the

22 Interrogatory did not contain discrete subparts, there are only two: 12

23 interrogatories multiplied by two equals 24, which is within the limits of FRCP

24 Rule 33 which allows for 25 interrogatories.

25  This objection by plaintiff is not a justification to refuse to provide a

26 response to the Interrogatory.

27  ### 3.   **The Interrogatory Seeks Information that is Outside of**

28  **Responding  Party's Knowledge**

Plaintiff alleges that the Interrogatory seeks information outside of plaintiff's knowledge.  This objection either wholly lacks merit or there are very troubling issues related to the plaintiffs' and their counsels' obligations under FRCP Rule 11.

How is it that plaintiff can bring such egregious allegations without some personal knowledge of witnesses who will support the allegations (including the plaintiff's own knowledge)?  Are plaintiff's openly admitting this is a fishing expedition against Mr. Blakeman and they were in violation of Rule 11 when the complaint was filed?  If plaintiff does not have knowledge the identity of witnesses that support allegations, the response should merely state there are none. Otherwise the witnesses should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatories.

## 4.     The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine

Plaintiff objects that identifying witnesses and the facts within a witnesses knowledge that supports allegations that Mr. Blakeman acted in some manner invades the attorney client privilege.  There is no legal support for withholding witnesses identities based on the attorney client privilege.  Personal knowledge about facts are not privileged.  "[T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing." (*Upjohn Co. v. U.S*., 101 S.Ct. 677, 685-86, 449 U.S. 383, 395-96 (U.S.Mich.,1981)).

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatory.

## 5.     The Interrogatory is Premature as a Contention Interrogatory

Plaintiff alleges the Interrogatory seeks a contention and due to the early state of litigation and pre-trial discovery, responding party is unable to provide a complete response and, in any event, it is required to so; citing to *Kmiec* v.

1  *Powerwave Techs. Inc. et al.,* 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1;

2  *Folz v. Union Pacific Railroad Company*, 2014 WL357929 (S.D. Cal. Jan. 31

3  2014) at *1-2.; and FRCP Rule 33(a)(2).

4  While this is an argument that contention interrogatories can be delayed, the

5  subject interrogatories do not fall into that context; the responding party is the

6  party making the allegations, not the one responding to the allegations.

7  This action involves plaintiffs (bound by their own pleading) in their

8  individual capacities, as well as representative capacities, alleging intentional torts,

9  nuisance, and negligence against Mr. Blakeman.  The allegations against Mr.

10  Blakeman which each of these plaintiffs make include accusation of involvement

11  in "predicate crimes" which include, for example, murder, mayhem, counterfeiting,

12  rape and similar egregious crimes.  Having made these allegations Plaintiffs must

13  have some idea of the witnesses, documents or facts to support the allegations.

14  Plaintiffs' counsel must also have some basis else they run afoul of Rule 11.

15  No substantive responses are provided.  It is likely that no basis exists for

16  these allegations against Mr. Blakeman; he is entitled to know the basis before

17  facing a deposition by ambush.

18  Plaintiffs' refusal is fatally flawed in any event.   The cases cited are

19  inapposite.

20  *Kmeic* was a securities litigation matter.  In context, *Kmeic* reasoned that

21  asking contention interrogatories to a shareholder plaintiff early in litigation

22  required more time for the litigation to develop.  Such is not the case with the

23  issues involved in this litigation, where Plaintiffs each claim to represent a class of

24  people and make specific allegations against Mr. Blakeman for which (if pled

25  honestly) Plaintiffs alone have the supporting facts.

26  *Folz* related to contention interrogatories on defendant's affirmative

27  defenses; something that clearly would involve significantly more discovery to

28  develop than is the situation here where defendant is simply seeking information

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

1  regarding contention's made by plaintiffs in their initial pleadings; seeking only the

2  identification of witnesses that support plaintiffs' contentions that Mr. Blakeman

3  committed some act.  This information will allow Mr. Blakeman to depose such

4  persons and to have a "just, speedy, and inexpensive determination [in this ]

5  action." (FRCP Rule 1.)

6      The identification of witnesses is important not only to Mr. Blakeman's

7  defense but also because they would contribute meaningfully to narrow the scope

8  of the issues in dispute, set up early settlement discussions, and expose the

9  potential bases for a Rule 11 motion and Rule 56 motion. (See *HTC Corp. v.*

10 *Technology Properties Ltd.*, 2011 WL 97787, at *2 (N.D.Cal.,2011) These factors

11 are important in assessing whether it would be appropriate for the early use of

12 contention interrogatories(See *In re Convergent Technologies Securities Litigation*,

13 108 F.R.D. 328, 338-339 (N.D.Cal.,1985). Notably Blakeman intends to pursue

14 Rule 56 motions as there appears to be no evidence supporting the causes of action

15 against him.  It also appears that there is a lack of evidence to even support

16 probable cause to pursue an action against him and a Rule 11 motion is likewise

17 being considered.  The discovery is thus also intended to ferret out what appears to

18 be baseless character assassination.

19     *In re Convergent Technologies Securities Litigation* recognized the

20 importance of the identification of witnesses as a type of contention interrogatory

21 that is appropriate. (Id. 108 F.R.D. at 332-333).  This case, often cited for the

22 frame work it provides related to contention interrogatories, also noted that the

23 frame work does not apply to the identity of witnesses with knowledge of the facts

24 giving rise to the litigation or documents supporting material factual allegations.

25 (See Id.)  The Court compelled the disclosure of the identity of witnesses early in

26 litigation.  (Id. 108 F.R.D. at 332-333).

27     The *In re Convergent Technologies Securities Litigation* frame work to be

28 applied to contention interrogatories has been examined in the Central District of

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

California in Cable *& Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 651 (C.D. Cal. 1997). This Court, in *Cable & Computer Tech., Inc.,* explicated the evolution of the analysis of when contention interrogatories were appropriate.

Judge Chapman in *Cable & Computer Tech., Inc.* first noted the purpose of the Federal Rules of Civil Procedure.

Rule 1 of the Federal Rules of Civil Procedure directs that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." "There probably is no provision in the federal rules that is more important than this mandate. It reflects the spirit in which the rules were conceived and written, and in which they should be, and by and large have been, interpreted..... The Supreme Court of the United States has stated that these rules 'are to be accorded a broad and liberal treatment'." *Trevino v. Celanese Corp.,* 701 F.2d 397, 405 (5th Cir.1983) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947) and *Schlagenhauf v. Holder*, 379 U.S. 104, 114–15, 85 S.Ct. 234, 240, 13 L.Ed.2d 152 (1964)). (*Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 650 (C.D. Cal. 1997).)

Judge Chapman allayed concerns about early use of contention interrogatories and recognized that contention interrogatories are allowed under the Federal Rules of Civil Procedure. Any concern about limiting proof based on limited answers to interrogatories is not well-founded because such answers may be withdrawn or amended, and parties have an ongoing obligation to "seasonably amend" answers throughout the litigation. (See *Id.*, 175 F.D.R. at 650-651.)

Judge Chapman then noted that Judge Brazil, the author of *In re Convergent Technologies Securities Litigation*, had recently even acknowledged the importance of early use of contention interrogatories in certain matters:

> In *Convergent Technologies*, Judge Wayne D. Brazil, in a very thoughtful opinion, held that the 1983 amendments to Fed.R.Civ.P. 26(b) compelled his conclusion that the "wisest

course is not to preclude entirely the early use of contention interrogatories, but to place a burden of justification on the party who seeks answers to these kinds of questions before substantial documentary or testimonial discovery has been completed.... [T]he propounding party must present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." 108 F.R.D. at 338–39. More recently, however, Judge Brazil has modified his position, noting that contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded. See *McCormick–Morgan, Inc. v. Teledyne Industries, Inc.,* 134 F.R.D. 275, 287 (N.D.Cal.1991) (holding appropriately framed and timed contention interrogatories rather than depositions in patent infringement action was most appropriate vehicle for establishing infringers' contentions). *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 651–52 (C.D. Cal. 1997).

In fact Judge Chapman, instead of placing the burden on the party propounding the request in justifying the need for early discovery on such issues, found placing the burden on the party opposing responding to the request, as is done normally, was more appropriate.  (See Id., 175 F.R.D. at 652.)

In this case, though, the requests made by Blakeman are appropriate no matter what analysis is applied to his alleged "contention interrogatories."  The requests seek to identify witnesses.  If Blakeman has the burden to show this is necessary he easily meets it as there is no way he can potentially defend his case, bring motions under Rule 56, or bring motions under Rule 11 without knowing the witnesses who supposedly support the allegations he is in a gang, that he commits intentional torts of criminal nature, or that he is engaged in some act of negligence.  Alternatively, plaintiffs cannot show that they could even meet  their burden in resisting disclosure of this information.

How could plaintiffs' bring such egregious allegations (i.e. assault, battery, violations of the Bane act) without having some witness to such acts by Mr. Blakeman let alone a witness who is a victim of such acts.  This is compounded by the Plaintiffs' initial disclosures that list only one witness who has some vague

unspecified knowledge about Blakeman.

Surely Mr. Blakeman, who is accused of such things, and has timely requested supporting information for these very specific allegations, should have the opportunity to know about and to depose the witnesses who allegedly support such allegations.  Surely if no such persons exist then the lack of such evidence must be exposed.  Failing to indicate whether such evidence exists or does not exists only serves to thwart the truth and the spirit of the Federal Rules of Civil Procedure.

Plaintiffs' objection is not a basis to avoid answering this interrogatory.

**Plaintiffs' Contention**

Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection. Plaintiffs are entitled to – and fully intend to – supplement their discovery responses when they "learn[] that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  Additionally, Defendant Blakeman is in control of much of the information needed to respond to his contention interrogatories but, to date, has refused to produce any documents or videos in response to Plaintiffs' discovery requests and in violation of his obligations under Federal Rule 26(a).

1.   <u>Unduly Burdensome, Harassing, and Duplicative</u>

Plaintiffs objected to Mr. Blakeman's request to identify witnesses to the claims against Blakeman on the grounds that they already disclosed the names of potential witnesses in their initial and supplemental disclosures.  Specifically, Plaintiffs listed 105 witnesses in its October 2, 2016 supplemental disclosures, a number of whom likely witnessed the claims pertaining to Mr. Blakeman.

Mr. Blakeman already has the list of potential witnesses in his possession. Therefore, it would be unduly burdensome, harassing, and duplicative for Plaintiffs to be compelled to identify these witnesses again.

2.     Compound

Plaintiffs objected to Mr. Blakeman's requests to identify persons with knowledge of facts supporting their contentions and facts within each person's knowledge on the basis that they are compound.  Fed. R. Civ. Proc. 33(a)(1) limits a party to 25 interrogatories propounded on any other party, including all discrete subparts.

Courts have consistently concluded that an interrogatory that asks a party to identify facts, documents, and witnesses should count as separate interrogatories. See, e.g., *Makaeff v. Trump Univ.*, LLC, 2014 WL 3490356, at *7 (S.D. Cal. July 11, 2014) (concluding the interrogatory "contains 3 discrete subparts [for facts, documents, and witnesses,] and these subparts must be multiplied by the number of RFAs that were not unqualified admissions"); *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (request for facts, persons, and documents constitutes three distinct interrogatories); *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS 21578, 13-14 (E.D. Cal. Feb. 21, 2012) (same).

Mr. Blakeman's attempt to subvert the rules by asking interrogatories containing multiple impermissible subparts is wholly improper and therefore Plaintiffs' objection on this ground was appropriate.

3.     Information Outside Plaintiff's Knowledge

Plaintiffs adamantly deny Mr. Blakeman's insinuation that they or their counsel have violated Fed. R. Civ. Proc. 11 regarding the identification of witnesses to support their allegations.  To the contrary, Plaintiffs have identified in their October 2, 2016, supplemental disclosures 105 witnesses who may possess knowledge of the allegations.  Moreover, discovery in this matter is in its infancy. To the extent Plaintiffs identify additional witnesses who support their claims throughout the course of discovery in this matter, Plaintiffs are aware of their obligation under the Federal Rules to timely supplement their discovery and disclosures.

1    Plaintiffs' objection on the grounds that the interrogatories seek information
2    outside their knowledge is an objection *only to the extent* that the information
3    sought is outside the individually-responding Plaintiff's knowledge.   Although
4    Plaintiffs neglected to include the words "to the extent that" preceding these
5    written objections, that is the objection that Plaintiffs assert.   Plaintiffs can amend
6    their objections to include this wording, if the Court so orders.

7        4.    Attorney-Client Privilege and Attorney Work Product Doctrine

8    Plaintiffs objected to the interrogatories *to the extent that* they invade the
9    attorney-client privilege and/or the work product doctrine by compelling privileged
10   communication and/or litigation strategy.   These objections are worded such that
11   either the attorney-client privilege or the attorney work product doctrine (or both)
12   could protect the information from disclosure.   The objections do not state that
13   both privileges necessarily apply to each piece of information sought.

14   Furthermore, Plaintiffs do not claim that all information sought is privileged,
15   as evidenced by the inclusion of "to the extent that" preceding these objections.
16   Rather, Plaintiffs have applied the work product doctrine to protect trial
17   preparation materials that reveal attorney strategy, intended lines of proof,
18   evaluations of strengths and weaknesses, and inferences drawn from interviews.
19   Fed. R. Civ. Proc. 26(b)(3); *Hickman v. Taylor*, 329 U. S. 495, 511 (1947).
20   Plaintiffs have applied the attorney-client privilege to protect confidential
21   communications with their counsel.   *United States v. Graf*, 610 F. 3d 1148, 1156
22   (9th Cir. 2010).

23       5.    Premature Contention Interrogatories

24   Plaintiffs objected to Mr. Blakeman's interrogatories as premature because
25   they seek or necessarily rely upon a contention.   Fed. R. Civ. P. 33(a)(2); *Kmiec v.*
26   *Powerwave Techs. Inc.*, et al., 2014 WL 11512195 (C.D. Cal Dec. 2, 2014) at *1;
27   *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31,
28   2014) at *1-2.   This objection was proper.

67

1    Contention interrogatories need not be answered until discovery is

2    "substantially complete."  See Fed. R. Civ. P. 33(a)(2).  In *Kmiec*, the court held

3    that discovery was not "substantially complete" when the discovery cutoff was 4

4    months away and depositions of fact witnesses or defendants had not yet occurred.

5    The court opined that "[i]f Defendants had completed their document production,

6    depositions were under way, and the discovery cutoff date was just a month or so

7    away, Defendants ***might*** be entitled to the information they seek.  But under the

8    circumstances here, Defendants' interrogatories are premature."  *Kmiec*, at *1

9    (emphasis added).

10   Similarly, the *Folz* court found that discovery was not substantially complete

11   and the responding party had adequate time to supplement his answers when the

12   discovery cutoff was 8 months away.  *Folz*, at *3.  Even the case Mr. Blakeman

13   cited, *HTC Corp. v. Tech. Properties Ltd.*, 2011 WL 97787 (N.D. Cal. Jan. 12,

14   2011), held that the responding party did not need to respond to contention

15   interrogatories because discovery was "still in full-swing."  *HTC Corp.*, at *3.

16   In the instant lawsuit, the discovery cutoff is more than 9 months away, on

17   August 7, 2017.  None of the individual Defendants – including Mr. Blakeman –

18   have produced any documents despite Plaintiffs' requests for production, and

19   Plaintiff Cory Spencer only produced his first set of documents on November 4,

20   2016.  Additionally, the parties have only taken 6 out of the 20 possible

21   depositions – Jeff Kepley, Cory Spencer, Diana Milena Reed, Angelo Ferrara,

22   Anton Dahlerbruch, and Mr. Blakeman – all of which took place within the last

23   month.  Thus, it is clear that the parties are in the early stages of discovery.

24   Discovery is far from being "substantially complete"; therefore, Plaintiffs need not

25   respond to Defendant Blakeman's premature contention interrogatories.

26   6.    IDENTIFY ALL PERSONS that have knowledge of any facts that

27   support your contention that BLAKE BRANTMAN has illegally extorted money

28   from beachgoers who wish to use Lunada Bay for recreational purposes  (See

68

1  paragraph 33 j. of the Complaint) , and for each such PERSON identified state all
2  facts you contend are within that PERSON's knowledge.

3  **Plaintiffs' Response to Interrogatory #6**

4  Responding party objects to this interrogatory as unduly burdensome,
5  harassing, and duplicative of information disclosed in Responding Party's Rule
6  26(a) disclosures and supplemental disclosures. Propounding Party may look to
7  Responding Party's Rule 26(a) disclosures and supplemental disclosures for the
8  information sought by this interrogatory. Moreover, Responding Party had the
9  opportunity to depose Mr. Spencer on this topic.

10  Responding party further objects to this interrogatory as compound. This
11  "interrogatory" contains multiple impermissible subparts, which Propounding
12  Party has propounded in an effort to circumvent the numerical limitations on
13  interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

14  Responding Party further objects to this interrogatory on the grounds that it
15  seeks information that is outside of Responding Party's knowledge.

16  Responding Party further objects to the extent that this interrogatory invades
17  attorney-client privilege and/or violates the work product doctrine by compelling
18  Responding Party to disclose privileged communications and/or litigation strategy.
19  Responding Party will not provide any such information.

20  Responding Party further objects to this interrogatory as premature. Because
21  this interrogatory seeks or necessarily relies upon a contention, and because this
22  matter is in its early stages and pretrial discovery has only just begun, Responding
23  Party is unable to provide a complete response at this time, nor is it required to do
24  so. *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014 WL 11512195 (C.D. Cal.
25  Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929
26  (S.D. Cal. Jan. 31 2014) at *1-2.; see also Fed. R. Civ. P. 33(a)(2) ("the court may
27  order that [a contention] interrogatory need not be answered until designated
28  discovery is complete, or until a pretrial conference or some other time.").

1    Based on the foregoing objections, Responding Party will not respond to this

2    interrogatory at this time.

3    **Defendant Brant Blakeman's Contention**

4    The Interrogatory seeks witness information pertaining to any and all

5    persons who plaintiffs claim support a specific contention made against Brant

6    Blakeman in his personal capacity, not as a member of a group but as an

7    individual.

8    The interrogatories at issue merely seek the identification of witnesses and

9    the identification of the facts believed to be within those witnesses knowledge

10   purportedly supporting plaintiffs' specific allegations against Mr. Blakeman in his

11   personal capacity.

12   The discovery requests defined "BRANT BLAKEMAN" as follows:

13         BRANT BLAKEMAN means only Brant Blakeman in his
14         individual capacity. This definition expressly excludes
      Brant Blakeman as an alleged member of what plaintiff
15         alleges are the "Lunada Bay Boys." This definition
      expressly excludes the actions or omissions of any other
16         PERSON other than Brant Blakeman in his individual
17         capacity.  This definition expressly excludes acts of
      PERSONS other than Brant Blakeman that plaintiff
18         attributes to Brant Blakeman under a theory of Civil
19         Conspiracy.

20

21   Failure to produce the information sought by the Interrogatory is intended

22   only to prejudice Mr. Blakeman's defenses; especially in light of the fact that

23   plaintiffs are pressing for Mr. Blakeman's deposition for which they are purposely

24   hoping to take while he is unprepared in his defense to plaintiffs' contentions

25   against him.

26   ///

27   ///

28   ///

The response offers only uniform boilerplate objections.  Based on those objections, the response asserts that no answers to the requests will be provided.  Because the objections are unmeritorious, a further, substantive response must be compelled.

### 1.     Undue Burden, Harassment, and Duplication

Plaintiff contends that identifying the witnesses to the claims against Mr. Blakeman is unduly burdensome and harassing and the information can be found in the initial and supplemental disclosures.  Plaintiffs in their initial disclosure identify only one witness with potential knowledge concerning Mr. Blakeman, Ken Claypool.  If this is the only witness that plaintiff is aware of for the inquiry presented by this Interrogatory, then it certainly strains reason that answering it is burdensome or harassing.  If there are other witnesses that allege Mr. Blakeman did some act those witnesses likewise should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the interrogatory.

### 2.     The Interrogatory is Compound and has Subparts

Plaintiff contends the Interrogatory is designed to circumvent the numerical limitations provided in FRCP Rule 33(a)(1).   This objection wholly lacks merit.  The Interrogatory seeks the identification of a witness and the facts within that witnesses knowledge.   FRCP Rule 33 allows the interrogatories to include "discrete subparts."  Seeking the identification of witnesses and the facts within their knowledge are considered one interrogatory. (See *Chapman v. California Dept. of Educ.*, 2002 WL 32854376, at *1 (N.D.Cal.,2002)).   For sake of mathematical exercise, even were one to entertain the contention that the Interrogatory did not contain discrete subparts, there are only two: 12 interrogatories multiplied by two equals 24, which is within the limits of FRCP Rule 33 which allows for 25 interrogatories.

This objection by plaintiff is not a justification to refuse to provide a

__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.: 2-16-CV-2129

1 | response to the Interrogatory.

2 | **3.    The Interrogatory Seeks Information that is Outside of**

3 | **Responding Party's Knowledge**

4 | Plaintiff alleges that the Interrogatory seeks information outside of plaintiff's

5 | knowledge.  This objection either wholly lacks merit or there are very troubling

6 | issues related to the plaintiffs' and their counsels' obligations under FRCP Rule 11.

7 | How is it that plaintiff can bring such egregious allegations without some

8 | personal knowledge of witnesses who will support the allegations (including the

9 | plaintiff's own knowledge)?  Are plaintiff's openly admitting this is a fishing

10 | expedition against Mr. Blakeman and they were in violation of Rule 11 when the

11 | complaint was filed?  If plaintiff does not have knowledge the identity of witnesses

12 | that support allegations, the response should merely state there are none.

13 | Otherwise the witnesses should be identified.

14 | This objection by plaintiff is not a justification to refuse to provide a

15 | response to the Interrogatories.

16 | **4.    The Interrogatory Invades the Attorney Client Privilege**

17 | **and Attorney Work Product Doctrine**

18 | Plaintiff objects that identifying witnesses and the facts within a witnesses

19 | knowledge that supports allegations that Mr. Blakeman acted in some manner

20 | invades the attorney client privilege.  There is no legal support for withholding

21 | witnesses identities based on the attorney client privilege.  Personal knowledge

22 | about facts are not privileged.  "[T]he protection of the privilege extends only to

23 | communications and not to facts. A fact is one thing and a communication

24 | concerning that fact is an entirely different thing." (*Upjohn Co. v. U.S.,* 101 S.Ct.

25 | 677, 685-86, 449 U.S. 383, 395-96 (U.S.Mich.,1981)).

26 | This objection by plaintiff is not a justification to refuse to provide a

27 | response to the Interrogatory.

28 | ///

### 5.   The Interrogatory is Premature as a Contention Interrogatory

Plaintiff alleges the Interrogatory seeks a contention and due to the early state of litigation and pre-trial discovery, responding party is unable to provide a complete response and, in any event, it is required to so; citing to *Kmiec v. Powerwave Techs. Inc*. et al., 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929 (S.D. Cal. Jan. 31 2014) at *1-2.; and FRCP Rule 33(a)(2).

While this is an argument that contention interrogatories can be delayed, the subject interrogatories do not fall into that context; the responding party is the party making the allegations, not the one responding to the allegations.

This action involves plaintiffs (bound by their own pleading) in their individual capacities, as well as representative capacities, alleging intentional torts, nuisance, and negligence against Mr. Blakeman.   The allegations against Mr. Blakeman which each of these plaintiffs make include accusation of involvement in "predicate crimes" which include, for example, murder, mayhem, counterfeiting, rape and similar egregious crimes.   Having made these allegations Plaintiffs must have some idea of the witnesses, documents or facts to support the allegations. Plaintiffs' counsel must also have some basis else they run afoul of Rule 11.

No substantive responses are provided.   It is likely that no basis exists for these allegations against Mr. Blakeman; he is entitled to know the basis before facing a deposition by ambush.

Plaintiffs' refusal is fatally flawed in any event.   The cases cited are inapposite.

*Kmeic* was a securities litigation matter.   In context, *Kmeic* reasoned that asking contention interrogatories to a shareholder plaintiff early in litigation required more time for the litigation to develop.   Such is not the case with the issues involved in this litigation, where Plaintiffs each claim to represent a class of people and make specific allegations against Mr. Blakeman for which (if pled

1   honestly) Plaintiffs alone have the supporting facts.

2       *Folz* related to contention interrogatories on defendant's affirmative
3   defenses; something that clearly would involve significantly more discovery to
4   develop than is the situation here where defendant is simply seeking information
5   regarding contention's made by plaintiffs in their initial pleadings; seeking only the
6   identification of witnesses that support plaintiffs' contentions that Mr. Blakeman
7   committed some act.  This information will allow Mr. Blakeman to depose such
8   persons and to have a "just, speedy, and inexpensive determination [in this ]
9   action." (FRCP Rule 1.)

10      The identification of witnesses is important not only to Mr. Blakeman's
11  defense but also because they would contribute meaningfully to narrow the scope
12  of the issues in dispute, set up early settlement discussions, and expose the
13  potential bases for a Rule 11 motion and Rule 56 motion. (See *HTC Corp. v.*
14  *Technology Properties Ltd.*, 2011 WL 97787, at *2 (N.D.Cal.,2011) These factors
15  are important in assessing whether it would be appropriate for the early use of
16  contention interrogatories (See *In re Convergent Technologies Securities*
17  *Litigation*, 108 F.R.D. 328, 338-339 (N.D.Cal.,1985). Notably Blakeman intends to
18  pursue Rule 56 motions as there appears to be no evidence supporting the causes of
19  action against him.  It also appears that there is a lack of evidence to even support
20  probable cause to pursue an action against him and a Rule 11 motion is likewise
21  being considered.  The discovery is thus also intended to ferret out what appears to
22  be baseless character assassination.

23      *In re Convergent Technologies Securities Litigation* recognized the
24  importance of the identification of witnesses as a type of contention interrogatory
25  that is appropriate. (Id. 108 F.R.D. at 332-333).  This case, often cited for the
26  frame work it provides related to contention interrogatories, also noted that the
27  frame work does not apply to the identity of witnesses with knowledge of the facts
28  giving rise to the litigation or documents supporting material factual allegations.

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

1    (See Id.)  The Court compelled the disclosure of the identity of witnesses early in

2    litigation.  (Id. 108 F.R.D. at 332-333).

3           The *In re Convergent Technologies Securities Litigation* frame work to be

4    applied to contention interrogatories has been examined in the Central District of

5    California in *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc*., 175

6    F.R.D. 646, 651 (C.D. Cal. 1997).  This Court, in *Cable & Computer Tech., Inc.,*

7    explicated the evolution of the analysis of when contention interrogatories were

8    appropriate.

9           Judge Chapman in *Cable & Computer Tech., Inc.* first noted the purpose of

10   the Federal Rules of Civil Procedure. Rule 1 of the Federal Rules of Civil

11   Procedure directs that the rules "shall be construed to secure the just, speedy, and

12   inexpensive determination of every action." "There probably is no provision in the

13   federal rules that is more important than this mandate. It reflects the spirit in which

14   the rules were conceived and written, and in which they should be, and by and

15   large have been, interpreted..... The Supreme Court of the United States has stated

16   that these rules 'are to be accorded a broad and liberal treatment'." *Trevino v.*

17   *Celanese Corp.*, 701 F.2d 397, 405 (5th Cir.1983) (citing *Hickman v. Taylor*, 329

18   U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947) and *Schlagenhauf v. Holder*,

19   379 U.S. 104, 114–15, 85 S.Ct. 234, 240, 13 L.Ed.2d 152 (1964)).  (*Cable &*

20   *Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal.

21   1997).)

22          Judge Chapman allayed concerns about early use of contention

23   interrogatories and recognized that contention interrogatories are allowed under the

24   Federal Rules of Civil Procedure.  Any concern about limiting proof based on

25   limited answers to  interrogatories is not well-founded because such answers may

26   be withdrawn or amended, and parties have an ongoing obligation to "seasonably

27   amend" answers throughout the litigation. (See Id., 175 F.D.R. at 650-651.)

28          Judge Chapman then noted that Judge Brazil, the author of *In re Convergent*

*Technologies Securities Litigation*, had recently even acknowledged the importance of early use of contention interrogatories in certain matters:

> In *Convergent Technologies,* Judge Wayne D. Brazil, in a very thoughtful opinion, held that the 1983 amendments to Fed.R.Civ.P. 26(b) compelled his conclusion that the "wisest course is not to preclude entirely the early use of contention interrogatories, but to place a burden of justification on the party who seeks answers to these kinds of questions before substantial documentary or testimonial discovery has been completed.... [T]he propounding party must present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." 108 F.R.D. at 338–39. More recently, however, Judge Brazil has modified his position, noting that contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded. See *McCormick–Morgan, Inc. v. Teledyne Industries, Inc.,* 134 F.R.D. 275, 287 (N.D.Cal.1991) (holding appropriately framed and timed contention interrogatories rather than depositions in patent infringement action was most appropriate vehicle for establishing infringers' contentions). *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 651–52 (C.D. Cal. 1997).

In fact Judge Chapman, instead of placing the burden on the party propounding the request in justifying the need for early discovery on such issues, found placing the burden on the party opposing responding to the request, as is done normally, was more appropriate.  (See *Id.,* 175 F.R.D. at 652.)

///

///

///

///

1    In this case, though, the requests made by Blakeman are appropriate no
2  matter what analysis is applied to his alleged "contention interrogatories."  The
3  requests seek to identify witnesses.  If Blakeman has the burden to show this is
4  necessary he easily meets it as there is no way he can potentially defend his case,
5  bring motions under Rule 56, or bring motions under Rule 11 without knowing the
6  witnesses who supposedly support the allegations he is in a gang, that he commits
7  intentional torts of criminal nature, or that he is engaged in some act of negligence.
8  Alternatively, plaintiffs cannot show that they could even meet their burden in
9  resisting disclosure of this information.  How could plaintiffs bring such egregious
10 allegations (i.e. assault, battery, violations of the Bane Act) without having some
11 witness to such acts by Mr. Blakeman let alone a witness who is a victim of such
12 acts.  This is compounded by the Plaintiffs' initial disclosures that list only one
13 witness who has some vague unspecified knowledge about Blakeman.

14   Surely Mr. Blakeman, who is accused of such things, and has timely
15 requested supporting information for these very specific allegations, should have
16 the opportunity to know about and to depose the witnesses who allegedly support
17 such allegations.  Surely if no such persons exist then the lack of such evidence
18 must be exposed.  Failing to indicate whether such evidence exists or does not
19 exists only serves to thwart the truth and the spirit of the Federal Rules of Civil
20 Procedure.

21   This objection by plaintiff is not a justification to refuse to provide a
22 response to the Interrogatory.

23   **Plaintiffs' Contention**

24   Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy
25 Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection.
26 Plaintiffs are entitled to – and fully intend to – supplement their discovery
27 responses when they "learn[] that in some material respect the disclosure or
28 response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  Additionally,

77

Defendant Blakeman is in control of much of the information needed to respond to his contention interrogatories but, to date, has refused to produce any documents or videos in response to Plaintiffs' discovery requests and in violation of his obligations under Federal Rule 26(a).

### 1. Unduly Burdensome, Harassing, and Duplicative

Plaintiffs objected to Mr. Blakeman's request to identify witnesses to the claims against Blakeman on the grounds that they already disclosed the names of potential witnesses in their initial and supplemental disclosures.   Specifically, Plaintiffs listed 105 witnesses in its October 2, 2016 supplemental disclosures, a number of whom likely witnessed the claims pertaining to Mr. Blakeman.

Mr. Blakeman already has the list of potential witnesses in his possession. Therefore, it would be unduly burdensome, harassing, and duplicative for Plaintiffs to be compelled to identify these witnesses again.

### 2. Compound

Plaintiffs objected to Mr. Blakeman's requests to identify persons with knowledge of facts supporting their contentions and facts within each person's knowledge on the basis that they are compound.  Fed. R. Civ. Proc. 33(a)(1) limits a party to 25 interrogatories propounded on any other party, including all discrete subparts.

Courts have consistently concluded that an interrogatory that asks a party to identify facts, documents, and witnesses should count as separate interrogatories. See, e.g., *Makaeff v. Trump Univ.*, LLC, 2014 WL 3490356, at *7 (S.D. Cal. July 11, 2014) (concluding the interrogatory "contains 3 discrete subparts [for facts, documents, and witnesses,] and these subparts must be multiplied by the number of RFAs that were not unqualified admissions"); *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (request for facts, persons, and documents constitutes three distinct interrogatories); *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS 21578, 13-14 (E.D. Cal. Feb. 21, 2012) (same).

1   Mr. Blakeman's attempt to subvert the rules by asking interrogatories
2   containing multiple impermissible subparts is wholly improper and therefore
3   Plaintiffs' objection on this ground was appropriate.

4       3.   Information Outside Plaintiff's Knowledge

5   Plaintiffs adamantly deny Mr. Blakeman's insinuation that they or their
6   counsel have violated Fed. R. Civ. Proc. 11 regarding the identification of
7   witnesses to support their allegations.  To the contrary, Plaintiffs have identified in
8   their October 2, 2016, supplemental disclosures 105 witnesses who may possess
9   knowledge of the allegations.  Moreover, discovery in this matter is in its infancy.
10  To the extent Plaintiffs identify additional witnesses who support their claims
11  throughout the course of discovery in this matter, Plaintiffs are aware of their
12  obligation under the Federal Rules to timely supplement their discovery and
13  disclosures.

14  Plaintiffs' objection on the grounds that the interrogatories seek information
15  outside their knowledge is an objection *only to the extent* that the information
16  sought is outside the individually-responding Plaintiff's knowledge.  Although
17  Plaintiffs neglected to include the words "to the extent that" preceding these
18  written objections, that is the objection that Plaintiffs assert.  Plaintiffs can amend
19  their objections to include this wording, if the Court so orders.

20      4.   Attorney-Client Privilege and Attorney Work Product Doctrine

21  Plaintiffs objected to the interrogatories *to the extent that* they invade the
22  attorney-client privilege and/or the work product doctrine by compelling privileged
23  communication and/or litigation strategy.  These objections are worded such that
24  either the attorney-client privilege or the attorney work product doctrine (or both)
25  could protect the information from disclosure.  The objections do not state that
26  both privileges necessarily apply to each piece of information sought.

27  Furthermore, Plaintiffs do not claim that all information sought is privileged,
28  as evidenced by the inclusion of "to the extent that" preceding these objections.

79

1   Rather, Plaintiffs have applied the work product doctrine to protect trial
2   preparation materials that reveal attorney strategy, intended lines of proof,
3   evaluations of strengths and weaknesses, and inferences drawn from interviews.
4   Fed. R. Civ. Proc. 26(b)(3); *Hickman v. Taylor*, 329 U. S. 495, 511 (1947).
5   Plaintiffs have applied the attorney-client privilege to protect confidential
6   communications with their counsel.  *United States v. Graf*, 610 F. 3d 1148, 1156
7   (9th Cir. 2010).

8            5.     <u>Premature Contention Interrogatories</u>

9            Plaintiffs objected to Mr. Blakeman's interrogatories as premature because
10   they seek or necessarily rely upon a contention.  Fed. R. Civ. P. 33(a)(2); *Kmiec v.*
11   *Powerwave Techs. Inc.*, et al., 2014 WL 11512195 (C.D. Cal Dec. 2, 2014) at *1;
12   *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31,
13   2014) at *1-2.  This objection was proper.

14            Contention interrogatories need not be answered until discovery is
15   "substantially complete."  See Fed. R. Civ. P. 33(a)(2).  In *Kmiec*, the court held
16   that discovery was not "substantially complete" when the discovery cutoff was 4
17   months away and depositions of fact witnesses or defendants had not yet occurred.
18   The court opined that "[i]f Defendants had completed their document production,
19   depositions were under way, and the discovery cutoff date was just a month or so
20   away, Defendants ***might*** be entitled to the information they seek.  But under the
21   circumstances here, Defendants' interrogatories are premature."   *Kmiec*, at *1
22   (emphasis added).

23            Similarly, the *Folz* court found that discovery was not substantially complete
24   and the responding party had adequate time to supplement his answers when the
25   discovery cutoff was 8 months away.  *Folz*, at *3.  Even the case Mr. Blakeman
26   cited, *HTC Corp. v. Tech. Properties Ltd.*, 2011 WL 97787 (N.D. Cal. Jan. 12,
27   2011), held that the responding party did not need to respond to contention
28   interrogatories because discovery was "still in full-swing."  *HTC Corp.*, at *3.

In the instant lawsuit, the discovery cutoff is more than 9 months away, on August 7, 2017.  None of the individual Defendants – including Mr. Blakeman – have produced any documents despite Plaintiffs' requests for production, and Plaintiff Cory Spencer only produced his first set of documents on November 4, 2016.  Additionally, the parties have only taken 6 out of the 20 possible depositions – Jeff Kepley, Cory Spencer, Diana Milena Reed, Angelo Ferrara, Anton Dahlerbruch, and Mr. Blakeman – all of which took place within the last month.  Thus, it is clear that the parties are in the early stages of discovery.  Discovery is far from being "substantially complete"; therefore, Plaintiffs need not respond to Defendant Blakeman's premature contention interrogatories.

7.     IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention that BLAKE BRANTMAN was a part of a Civil Conspiracy as identified in your complaint in paragraphs 51 through 53,  and  for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

**Plaintiffs' Response to Interrogatory #7**

Responding party objects to this interrogatory as unduly burdensome, harassing, and duplicative of information disclosed in Responding Party's Rule 26(a) disclosures and supplemental disclosures.  Propounding Party may look to Responding Party's Rule 26(a) disclosures and supplemental disclosures for the information sought by this interrogatory.  Moreover, Responding Party had the opportunity to depose Mr. Spencer on this topic.

Responding party further objects to this interrogatory as compound.  This "interrogatory" contains multiple impermissible subparts, which Propounding Party has propounded in an effort to circumvent the numerical limitations on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

Responding Party further objects to this interrogatory on the grounds that it seeks information that is outside of Responding Party's knowledge.

81

Responding Party further objects to the extent that this interrogatory invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy. Responding Party will not provide any such information.

Responding Party further objects to this interrogatory as premature. Because this interrogatory seeks or necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a complete response at this time, nor is it required to do so. See *Kmiec v. Powerwave Techs. Inc. et al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929 (S.D. Cal. Jan. 31 2014) at *1-2.; see also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").

Based on the foregoing objections, Responding Party will not respond to this interrogatory at this time.

**Defendant Brant Blakeman's Contention**

The Interrogatory seeks witness information pertaining to any and all persons who plaintiffs claim support a specific contention made against Brant Blakeman in his personal capacity, not as a member of a group but as an individual.

The interrogatories at issue merely seek the identification of witnesses and the identification of the facts believed to be within those witnesses knowledge purportedly supporting plaintiffs' specific allegations against Mr. Blakeman in his personal capacity.

The discovery requests defined "BRANT BLAKEMAN" as follows:

> BRANT BLAKEMAN means only Brant Blakeman in his individual capacity. This definition expressly excludes Brant Blakeman as an alleged member of what plaintiff alleges are the "Lunada Bay Boys." This definition

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1   Case No.:** 2-16-CV-2129

expressly excludes the actions or omissions of any other PERSON other than Brant Blakeman in his individual capacity.   This definition expressly excludes acts of PERSONS other than Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil Conspiracy.

Failure to produce the information sought by the Interrogatory is intended only to prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are pressing for Mr. Blakeman's deposition for which they are purposely hoping to take while he is unprepared in his defense to plaintiffs' contentions against him.

The response offers only uniform boilerplate objections.   Based on those objections, the response asserts that no answers to the requests will be provided. Because the objections are unmeritorious, a further, substantive response must be compelled.

### 1.   Undue Burden, Harassment, and Duplication

Plaintiff contends that identifying the witnesses to the claims against Mr. Blakeman is unduly burdensome and harassing and the information can be found in the initial and supplemental disclosures.   Plaintiffs in their initial disclosure identify only one witness with potential knowledge concerning Mr. Blakeman, Ken Claypool.  If this is the only witness that plaintiff is aware of for the inquiry presented by this Interrogatory, then it certainly strains reason that answering it is burdensome or harassing.   If there are other witnesses that allege Mr. Blakeman did some act those witnesses likewise should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the interrogatory.

### 2.   The Interrogatory is Compound and has Subparts

Plaintiff contends the Interrogatory is designed to circumvent the numerical limitations provided in FRCP Rule 33(a)(1).   This objection wholly lacks merit.

The Interrogatory seeks the identification of a witness and the facts within that witnesses knowledge.   FRCP Rule 33 allows the interrogatories to include "discrete subparts."   Seeking the identification of witnesses and the facts within their knowledge are considered one interrogatory. (See *Chapman v. California Dept. of Educ.,* 2002 WL 32854376, at *1 (N.D.Cal.,2002)).   For sake of mathematical exercise, even were one to entertain the contention that the Interrogatory did not contain discrete subparts, there are only two: 12 interrogatories multiplied by two equals 24, which is within the limits of FRCP Rule 33 which allows for 25 interrogatories.

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatory.

### 3.        The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge

Plaintiff alleges that the Interrogatory seeks information outside of plaintiff's knowledge.   This objection either wholly lacks merit or there are very troubling issues related to the plaintiffs' and their counsels' obligations under FRCP Rule 11.

How is it that plaintiff can bring such egregious allegations without some personal knowledge of witnesses who will support the allegations (including the plaintiff's own knowledge)?   Are plaintiff's openly admitting this is a fishing expedition against Mr. Blakeman and they were in violation of Rule 11 when the complaint was filed?  If plaintiff does not have knowledge the identity of witnesses that support allegations, the response should merely state there are none. Otherwise the witnesses should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatories.

### 4.        The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine

Plaintiff objects that identifying witnesses and the facts within a witnesses

knowledge that supports allegations that Mr. Blakeman acted in some manner invades the attorney client privilege.  There is no legal support for withholding witnesses identities based on the attorney client privilege.  Personal knowledge about facts are not privileged.  "[T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing." (*Upjohn Co. v. U.S.,* 101 S.Ct. 677, 685-86, 449 U.S. 383, 395-96 (U.S.Mich.,1981)).

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatory.

### 5.        The Interrogatory is Premature as a Contention Interrogatory

Plaintiff alleges the Interrogatory seeks a contention and due to the early state of litigation and pre-trial discovery, responding party is unable to provide a complete response and, in any event, it is required to so; citing to *Kmiec v. Powerwave Techs. Inc. et al*., 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company,* 2014 WL357929 (S.D. Cal. Jan. 31 2014) at *1-2.; and FRCP Rule 33(a)(2).

While this is an argument that contention interrogatories can be delayed, the subject interrogatories do not fall into that context; the responding party is the party making the allegations, not the one responding to the allegations.

This action involves plaintiffs (bound by their own pleading) in their individual capacities, as well as representative capacities, alleging intentional torts, nuisance, and negligence against Mr. Blakeman.  The allegations against Mr. Blakeman which each of these plaintiffs make include accusation of involvement in "predicate crimes" which include, for example, murder, mayhem, counterfeiting, rape and similar egregious crimes.  Having made these allegations Plaintiffs must have some idea of the witnesses, documents or facts to support the allegations. Plaintiffs' counsel must also have some basis else they run afoul of Rule 11.

No substantive responses are provided.  It is likely that no basis exists for

85

these allegations against Mr. Blakeman; he is entitled to know the basis before facing a deposition by ambush.

Plaintiffs' refusal is fatally flawed in any event.   The cases cited are inapposite.

*Kmeic* was a securities litigation matter.   In context, *Kmeic* reasoned that asking contention interrogatories to a shareholder plaintiff early in litigation required more time for the litigation to develop.   Such is not the case with the issues involved in this litigation, where Plaintiffs each claim to represent a class of people and make specific allegations against Mr. Blakeman for which (if pled honestly) Plaintiffs alone have the supporting facts.

*Folz* related to contention interrogatories on defendant's affirmative defenses; something that clearly would involve significantly more discovery to develop than is the situation here where defendant is simply seeking information regarding contention's made by plaintiffs in their initial pleadings; seeking only the identification of witnesses that support plaintiffs' contentions that Mr. Blakeman committed some act.   This information will allow Mr. Blakeman to depose such persons and to have a "just, speedy, and inexpensive determination [in this ] action." (FRCP Rule 1.)

The identification of witnesses is important not only to Mr. Blakeman's defense but also because they would contribute meaningfully to narrow the scope of the issues in dispute, set up early settlement discussions, and expose the potential bases for a Rule 11 motion and Rule 56 motion. (See *HTC Corp. v. Technology Properties Ltd.*, 2011 WL 97787, at *2 (N.D.Cal.,2011) These factors are important in assessing whether it would be appropriate for the early use of contention interrogatories(See In *re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338-339 (N.D.Cal.,1985). Notably Blakeman intends to pursue Rule 56 motions as there appears to be no evidence supporting the causes of action against him.   It also appears that there is a lack of evidence to even support

1    probable cause to pursue an action against him and a Rule 11 motion is likewise

2    being considered.  The discovery is thus also intended to ferret out what appears to

3    be baseless character assassination.

4         *In re Convergent Technologies Securities Litigation* recognized the

5    importance of the identification of witnesses as a type of contention interrogatory

6    that is appropriate. (Id. 108 F.R.D. at 332-333).  This case, often cited for the

7    frame work it provides related to contention interrogatories, also noted that the

8    frame work does not apply to the identity of witnesses with knowledge of the facts

9    giving rise to the litigation or documents supporting material factual allegations.

10   (See Id.)  The Court compelled the disclosure of the identity of witnesses early in

11   litigation.  (Id. 108 F.R.D. at 332-333).

12        The *In re Convergent Technologies Securities Litigation* frame work to be

13   applied to contention interrogatories has been examined in the Central District of

14   California in *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175

15   F.R.D. 646, 651 (C.D. Cal. 1997).  This Court, in Cable & Computer Tech., Inc.,

16   explicated the evolution of the analysis of when contention interrogatories were

17   appropriate.

18        Judge Chapman in *Cable & Computer Tech., Inc.* first noted the purpose of

19   the Federal Rules of Civil Procedure.

20        Rule 1 of the Federal Rules of Civil Procedure directs that the rules "shall be

21   construed to secure the just, speedy, and inexpensive determination of every

22   action." "There probably is no provision in the federal rules that is more important

23   than this mandate. It reflects the spirit in which the rules were conceived and

24   written, and in which they should be, and by and large have been, interpreted.....

25   The Supreme Court of the United States has stated that these rules 'are to be

26   accorded a broad and liberal treatment'." *Trevino v. Celanese Corp.*, 701 F.2d 397,

27   405 (5th Cir.1983) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385,

28   391, 91 L.Ed. 451 (1947) and *Schlagenhauf v. Holder*, 379 U.S. 104, 114–15, 85

87

S.Ct. 234, 240, 13 L.Ed.2d 152 (1964)).  (*Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).)

Judge Chapman allayed concerns about early use of contention interrogatories and recognized that contention interrogatories are allowed under the Federal Rules of Civil Procedure.  Any concern about limiting proof based on limited answers to  interrogatories is not well-founded because such answers may be withdrawn or amended, and parties have an ongoing obligation to "seasonably amend" answers throughout the litigation. (See Id., 175 F.D.R. at 650-651.)

Judge Chapman then noted that Judge Brazil, the author of *In re Convergent Technologies Securities Litigation*, had recently even acknowledged the importance of early use of contention interrogatories in certain matters:

> *In Convergent Technologies*, Judge Wayne D. Brazil, in a very thoughtful opinion, held that the 1983 amendments to Fed.R.Civ.P. 26(b) compelled his conclusion that the "wisest course is not to preclude entirely the early use of contention interrogatories, but to place a burden of justification on the party who seeks answers to these kinds of questions before substantial documentary or testimonial discovery has been completed.... [T]he propounding party must present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." 108 F.R.D. at 338–39. More recently, however, Judge Brazil has modified his position, noting that contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded. See *McCormick–Morgan, Inc. v. Teledyne Industries, Inc.*, 134 F.R.D. 275, 287 (N.D.Cal.1991) (holding appropriately framed and timed contention interrogatories rather than depositions in patent infringement action was most appropriate vehicle for establishing infringers' contentions). *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 651–52 (C.D. Cal. 1997).

1    In fact Judge Chapman, instead of placing the burden on the party
2    propounding the request in justifying the need for early discovery on such issues,
3    found placing the burden on the party opposing responding to the request, as is
4    done normally, was more appropriate.  (See Id., 175 F.R.D. at 652.)

5    In this case, though, the requests made by Blakeman are appropriate no
6    matter what analysis is applied to his alleged "contention interrogatories."  The
7    requests seek to identify witnesses.  If Blakeman has the burden to show this is
8    necessary he easily meets it as there is no way he can potentially defend his case,
9    bring motions under Rule 56, or bring motions under Rule 11 without knowing the
10   witnesses who supposedly support the allegations he is in a gang, that he commits
11   intentional torts of criminal nature, or that he is engaged in some act of negligence.
12   Alternatively, plaintiffs cannot show that they could even meet  their burden in
13   resisting disclosure of this information.

14   How could plaintiffs' bring such egregious allegations (i.e. assault, battery,
15   violations of the Bane act) without having some witness to such acts by Mr.
16   Blakeman let alone a witness who is a victim of such acts.  This is compounded by
17   the Plaintiffs' initial disclosures that list only one witness who has some vague
18   unspecified knowledge about Blakeman.

19   Surely Mr. Blakeman, who is accused of such things, and has timely
20   requested supporting information for these very specific allegations, should have
21   the opportunity to know about and to depose the witnesses who allegedly support
22   such allegations.  Surely if no such persons exist then the lack of such evidence
23   must be exposed.  Failing to indicate whether such evidence exists or does not
24   exists only serves to thwart the truth and the spirit of the Federal Rules of Civil
25   Procedure.

26   Plaintiffs' objection is not a basis to avoid answering this interrogatory.

27   **Plaintiffs' Contention**

28   Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy

Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection. Plaintiffs are entitled to – and fully intend to – supplement their discovery responses when they "learn[] that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Additionally, Defendant Blakeman is in control of much of the information needed to respond to his contention interrogatories but, to date, has refused to produce any documents or videos in response to Plaintiffs' discovery requests and in violation of his obligations under Federal Rule 26(a).

1.      Unduly Burdensome, Harassing, and Duplicative

Plaintiffs objected to Mr. Blakeman's request to identify witnesses to the claims against Blakeman on the grounds that they already disclosed the names of potential witnesses in their initial and supplemental disclosures.  Specifically, Plaintiffs listed 105 witnesses in its October 2, 2016 supplemental disclosures, a number of whom likely witnessed the claims pertaining to Mr. Blakeman.

Mr. Blakeman already has the list of potential witnesses in his possession. Therefore, it would be unduly burdensome, harassing, and duplicative for Plaintiffs to be compelled to identify these witnesses again.

2.      Compound

Plaintiffs objected to Mr. Blakeman's requests to identify persons with knowledge of facts supporting their contentions and facts within each person's knowledge on the basis that they are compound. Fed. R. Civ. Proc. 33(a)(1) limits a party to 25 interrogatories propounded on any other party, including all discrete subparts.

Courts have consistently concluded that an interrogatory that asks a party to identify facts, documents, and witnesses should count as separate interrogatories. See, e.g., *Makaeff v. Trump Univ*., LLC, 2014 WL 3490356, at *7 (S.D. Cal. July 11, 2014) (concluding the interrogatory "contains 3 discrete subparts [for facts, documents, and witnesses,] and these subparts must be multiplied by the number of

90

RFAs that were not unqualified admissions"); *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (request for facts, persons, and documents constitutes three distinct interrogatories); *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS 21578, 13-14 (E.D. Cal. Feb. 21, 2012) (same).

Mr. Blakeman's attempt to subvert the rules by asking interrogatories containing multiple impermissible subparts is wholly improper and therefore Plaintiffs' objection on this ground was appropriate.

### 3.   Information Outside Plaintiff's Knowledge

Plaintiffs adamantly deny Mr. Blakeman's insinuation that they or their counsel have violated Fed. R. Civ. Proc. 11 regarding the identification of witnesses to support their allegations.  To the contrary, Plaintiffs have identified in their October 2, 2016, supplemental disclosures 105 witnesses who may possess knowledge of the allegations.  Moreover, discovery in this matter is in its infancy. To the extent Plaintiffs identify additional witnesses who support their claims throughout the course of discovery in this matter, Plaintiffs are aware of their obligation under the Federal Rules to timely supplement their discovery and disclosures.

Plaintiffs' objection on the grounds that the interrogatories seek information outside their knowledge is an objection *only to the extent* that the information sought is outside the individually-responding Plaintiff's knowledge.   Although Plaintiffs neglected to include the words "to the extent that" preceding these written objections, that is the objection that Plaintiffs assert.  Plaintiffs can amend their objections to include this wording, if the Court so orders.

### 4.   Attorney-Client Privilege and Attorney Work Product Doctrine

Plaintiffs objected to the interrogatories *to the extent that* they invade the attorney-client privilege and/or the work product doctrine by compelling privileged communication and/or litigation strategy.  These objections are worded such that either the attorney-client privilege or the attorney work product doctrine (or both)

91

1  could protect the information from disclosure.  The objections do not state that

2  both privileges necessarily apply to each piece of information sought.

3      Furthermore, Plaintiffs do not claim that all information sought is privileged,

4  as evidenced by the inclusion of "to the extent that" preceding these objections.

5  Rather, Plaintiffs have applied the work product doctrine to protect trial

6  preparation materials that reveal attorney strategy, intended lines of proof,

7  evaluations of strengths and weaknesses, and inferences drawn from interviews.

8  Fed. R. Civ. Proc. 26(b)(3); *Hickman v. Taylor*, 329 U. S. 495, 511 (1947).

9  Plaintiffs have applied the attorney-client privilege to protect confidential

10  communications with their counsel.  *United States v. Graf*, 610 F. 3d 1148, 1156

11  (9th Cir. 2010).

12      5.    <u>Premature Contention Interrogatories</u>

13      Plaintiffs objected to Mr. Blakeman's interrogatories as premature because

14  they seek or necessarily rely upon a contention.  Fed. R. Civ. P. 33(a)(2); *Kmiec v.*

15  *Powerwave Techs. Inc.*, et al., 2014 WL 11512195 (C.D. Cal Dec. 2, 2014) at *1;

16  *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31,

17  2014) at *1-2.  This objection was proper.

18      Contention interrogatories need not be answered until discovery is

19  "substantially complete."  See Fed. R. Civ. P. 33(a)(2).  In *Kmiec*, the court held

20  that discovery was not "substantially complete" when the discovery cutoff was 4

21  months away and depositions of fact witnesses or defendants had not yet occurred.

22  The court opined that "[i]f Defendants had completed their document production,

23  depositions were under way, and the discovery cutoff date was just a month or so

24  away, Defendants ***might*** be entitled to the information they seek.  But under the

25  circumstances here, Defendants' interrogatories are premature."  *Kmiec*, at *1

26  (emphasis added).

27      Similarly, the *Folz* court found that discovery was not substantially complete

28  and the responding party had adequate time to supplement his answers when the

discovery cutoff was 8 months away.  *Folz*, at *3.  Even the case Mr. Blakeman cited, *HTC Corp. v. Tech. Properties Ltd*., 2011 WL 97787 (N.D. Cal. Jan. 12, 2011), held that the responding party did not need to respond to contention interrogatories because discovery was "still in full-swing."  *HTC Corp*., at *3.

In the instant lawsuit, the discovery cutoff is more than 9 months away, on August 7, 2017.  None of the individual Defendants – including Mr. Blakeman – have produced any documents despite Plaintiffs' requests for production, and Plaintiff Cory Spencer only produced his first set of documents on November 4, 2016.  Additionally, the parties have only taken 6 out of the 20 possible depositions – Jeff Kepley, Cory Spencer, Diana Milena Reed, Angelo Ferrara, Anton Dahlerbruch, and Mr. Blakeman – all of which took place within the last month.  Thus, it is clear that the parties are in the early stages of discovery. Discovery is far from being "substantially complete"; therefore, Plaintiffs need not respond to Defendant Blakeman's premature contention interrogatories.

8.    IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' First Cause of Action in the Complaint (Bane Act Violations) against BRANT BLAKEMAN,  and  for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

### Plaintiffs' Response to Interrogatory #8

Responding party objects to this interrogatory as unduly burdensome, harassing, and duplicative of information disclosed in Responding Party's Rule 26(a) disclosures and supplemental disclosures.  Propounding Party may look to Responding Party's Rule 26(a) disclosures and supplemental disclosures for the information sought by this interrogatory.  Moreover, Responding Party had the opportunity to depose Mr. Spencer on this topic.

Responding party further objects to this interrogatory as compound.  This "interrogatory" contains multiple impermissible subparts, which Propounding Party has propounded in an effort to circumvent the numerical limitations on

1   interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

2       Responding Party further objects to this interrogatory on the grounds that it

3   seeks information that is outside of Responding Party's knowledge.

4       Responding Party further objects to the extent that this interrogatory invades

5   attorney-client privilege and/or violates the work product doctrine by compelling

6   Responding Party to disclose privileged communications and/or litigation strategy.

7   Responding Party will not provide any such information.

8       Responding Party further objects to this interrogatory as premature. Because

9   this interrogatory seeks or necessarily relies upon a contention, and because this

10  matter is in its early stages and pretrial discovery has only just begun, Responding

11  Party is unable to provide a complete response at this time, nor is it required to do

12  so. See *Kmiec v. Powerwave Techs. Inc. et al*., 2014 WL 11512195 (C.D. Cal.

13  Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929

14  (S.D. Cal. Jan. 31 2014) at *1-2.; see also Fed. R. Civ. P. 33(a)(2) ("the court may

15  order that [a contention] interrogatory need not be answered until designated

16  discovery is complete, or until a pretrial conference or some other time.").

17      Based on the foregoing objections, Responding Party will not respond to this

18  interrogatory at this time.

19  **Defendant Brant Blakeman's Contention**

20      The Interrogatory seeks witness information pertaining to any and all

21  persons who plaintiffs claim support a specific contention made against Brant

22  Blakeman in his personal capacity, not as a member of a group but as an

23  individual.

24      The interrogatories at issue merely seek the identification of witnesses and

25  the identification of the facts believed to be within those witnesses knowledge

26  purportedly supporting plaintiffs' specific allegations against Mr. Blakeman in his

27  personal capacity.

28      The discovery requests defined "BRANT BLAKEMAN" as follows:

94

BRANT BLAKEMAN means only Brant Blakeman in his individual capacity. This definition expressly excludes Brant Blakeman as an alleged member of what plaintiff alleges are the "Lunada Bay Boys." This definition expressly excludes the actions or omissions of any other PERSON other than Brant Blakeman in his individual capacity.   This definition expressly excludes acts of PERSONS other than Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil Conspiracy.

Failure to produce the information sought by the Interrogatory is intended only to prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are pressing for Mr. Blakeman's deposition for which they are purposely hoping to take while he is unprepared in his defense to plaintiffs' contentions against him.

The response offers only uniform boilerplate objections.  Based on those objections, the response asserts that no answers to the requests will be provided. Because the objections are unmeritorious, a further, substantive response must be compelled.

### 1.   Undue Burden, Harassment, and Duplication

Plaintiff contends that identifying the witnesses to the claims against Mr. Blakeman is unduly burdensome and harassing and the information can be found in the initial and supplemental disclosures.  Plaintiffs in their initial disclosure identify only one witness with potential knowledge concerning Mr. Blakeman, Ken Claypool.  If this is the only witness that plaintiff is aware of for the inquiry presented by this Interrogatory, then it certainly strains reason that answering it is burdensome or harassing.  If there are other witnesses that allege Mr. Blakeman did some act those witnesses likewise should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the interrogatory.

///

## 2.    The Interrogatory is Compound and has Subparts

Plaintiff contends the Interrogatory is designed to circumvent the numerical limitations provided in FRCP Rule 33(a)(1).  This objection wholly lacks merit. The Interrogatory seeks the identification of a witness and the facts within that witnesses knowledge.  FRCP Rule 33 allows the interrogatories to include "discrete subparts."  Seeking the identification of witnesses and the facts within their knowledge are considered one interrogatory. (See *Chapman v. California Dept. of Educ.,* 2002 WL 32854376, at *1 (N.D.Cal.,2002)).  For sake of mathematical exercise, even were one to entertain the contention that the Interrogatory did not contain discrete subparts, there are only two: 12 interrogatories multiplied by two equals 24, which is within the limits of FRCP Rule 33 which allows for 25 interrogatories.

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatory.

## 3.    The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge

Plaintiff alleges that the Interrogatory seeks information outside of plaintiff's knowledge.  This objection either wholly lacks merit or there are very troubling issues related to the plaintiffs' and their counsels' obligations under FRCP Rule 11.

How is it that plaintiff can bring such egregious allegations without some personal knowledge of witnesses who will support the allegations (including the plaintiff's own knowledge)?  Are plaintiff's openly admitting this is a fishing expedition against Mr. Blakeman and they were in violation of Rule 11 when the complaint was filed?  If plaintiff does not have knowledge the identity of witnesses that support allegations, the response should merely state there are none. Otherwise the witnesses should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatories.

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.: 2-16-CV-2129**

### 4.    The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine

Plaintiff objects that identifying witnesses and the facts within a witnesses knowledge that supports allegations that Mr. Blakeman acted in some manner invades the attorney client privilege.  There is no legal support for withholding witnesses identities based on the attorney client privilege.  Personal knowledge about facts are not privileged.  "[T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing." (*Upjohn Co. v. U.S*., 101 S.Ct. 677, 685-86, 449 U.S. 383, 395-96 (U.S.Mich.,1981)).

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatory.

### 5.    The Interrogatory is Premature as a Contention Interrogatory

Plaintiff alleges the Interrogatory seeks a contention and due to the early state of litigation and pre-trial discovery, responding party is unable to provide a complete response and, in any event, it is required to so; citing to *Kmiec v. Powerwave Techs. Inc. et al*., 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company,* 2014 WL357929 (S.D. Cal. Jan. 31 2014) at *1-2.; and FRCP Rule 33(a)(2).

While this is an argument that contention interrogatories can be delayed, the subject interrogatories do not fall into that context; the responding party is the party making the allegations, not the one responding to the allegations.

This action involves plaintiffs (bound by their own pleading) in their individual capacities, as well as representative capacities, alleging intentional torts, nuisance, and negligence against Mr. Blakeman.   The allegations against Mr. Blakeman which each of these plaintiffs make include accusation of involvement in "predicate crimes" which include, for example, murder, mayhem, counterfeiting, rape and similar egregious crimes.  Having made these allegations Plaintiffs must

1   have some idea of the witnesses, documents or facts to support the allegations.

2   Plaintiffs' counsel must also have some basis else they run afoul of Rule 11.

3       No substantive responses are provided.  It is likely that no basis exists for

4   these allegations against Mr. Blakeman; he is entitled to know the basis before

5   facing a deposition by ambush.

6       Plaintiffs' refusal is fatally flawed in any event.  The cases cited are

7   inapposite.

8       *Kmeic* was a securities litigation matter.  In context, *Kmeic* reasoned that

9   asking contention interrogatories to a shareholder plaintiff early in litigation

10  required more time for the litigation to develop.  Such is not the case with the

11  issues involved in this litigation, where Plaintiffs each claim to represent a class of

12  people and make specific allegations against Mr. Blakeman for which (if pled

13  honestly) Plaintiffs alone have the supporting facts.

14      *Folz* related to contention interrogatories on defendant's affirmative

15  defenses; something that clearly would involve significantly more discovery to

16  develop than is the situation here where defendant is simply seeking information

17  regarding contention's made by plaintiffs in their initial pleadings; seeking only the

18  identification of witnesses that support plaintiffs' contentions that Mr. Blakeman

19  committed some act.  This information will allow Mr. Blakeman to depose such

20  persons and to have a "just, speedy, and inexpensive determination [in this ]

21  action." (FRCP Rule 1.)

22      The identification of witnesses is important not only to Mr. Blakeman's

23  defense but also because they would contribute meaningfully to narrow the scope

24  of the issues in dispute, set up early settlement discussions, and expose the

25  potential bases for a Rule 11 motion and Rule 56 motion. (See *HTC Corp. v.*

26  *Technology Properties Ltd.,* 2011 WL 97787, at *2 (N.D.Cal.,2011) These factors

27  are important in assessing whether it would be appropriate for the early use of

28  contention interrogatories(See *In re Convergent Technologies Securities Litigation,*

108 F.R.D. 328, 338-339 (N.D.Cal.,1985). Notably Blakeman intends to pursue Rule 56 motions as there appears to be no evidence supporting the causes of action against him.  It also appears that there is a lack of evidence to even support probable cause to pursue an action against him and a Rule 11 motion is likewise being considered.  The discovery is thus also intended to ferret out what appears to be baseless character assassination.

*In re Convergent Technologies Securities Litigation* recognized the importance of the identification of witnesses as a type of contention interrogatory that is appropriate. (Id. 108 F.R.D. at 332-333).  This case, often cited for the frame work it provides related to contention interrogatories, also noted that the frame work does not apply to the identity of witnesses with knowledge of the facts giving rise to the litigation or documents supporting material factual allegations. (See Id.)  The Court compelled the disclosure of the identity of witnesses early in litigation.  (Id. 108 F.R.D. at 332-333).

The *In re Convergent Technologies Securities Litigation* frame work to be applied to contention interrogatories has been examined in the Central District of California in *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc*., 175 F.R.D. 646, 651 (C.D. Cal. 1997).  This Court, in Cable & Computer Tech., Inc., explicated the evolution of the analysis of when contention interrogatories were appropriate.

Judge Chapman in *Cable & Computer Tech., Inc.* first noted the purpose of the Federal Rules of Civil Procedure.

Rule 1 of the Federal Rules of Civil Procedure directs that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." "There probably is no provision in the federal rules that is more important than this mandate. It reflects the spirit in which the rules were conceived and written, and in which they should be, and by and large have been, interpreted..... The Supreme Court of the United States has stated that these rules 'are to be

1   accorded a broad and liberal treatment'." *Trevino v. Celanese Corp.,* 701 F.2d 397,

2   405 (5th Cir.1983) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385,

3   391, 91 L.Ed. 451 (1947) and *Schlagenhauf v. Holder*, 379 U.S. 104, 114–15, 85

4   S.Ct. 234, 240, 13 L.Ed.2d 152 (1964)).   (*Cable & Computer Tech., Inc. v.*

5   *Lockheed Saunders, Inc.,* 175 F.R.D. 646, 650 (C.D. Cal. 1997).)

6      Judge Chapman allayed concerns about early use of contention

7   interrogatories and recognized that contention interrogatories are allowed under the

8   Federal Rules of Civil Procedure.   Any concern about limiting proof based on

9   limited answers to  interrogatories is not well-founded because such answers may

10   be withdrawn or amended, and parties have an ongoing obligation to "seasonably

11   amend" answers throughout the litigation. (See Id., 175 F.D.R. at 650-651.)

12      Judge Chapman then noted that Judge Brazil, the author of *In re Convergent*

13   *Technologies Securities Litigation*, had recently even acknowledged the

14   importance of early use of contention interrogatories in certain matters:

15        In *Convergent Technologies*, Judge Wayne D. Brazil, in a

16        very thoughtful opinion, held that the 1983 amendments to

        Fed.R.Civ.P. 26(b) compelled his conclusion that the

17        "wisest course is not to preclude entirely the early use of

        contention interrogatories, but to place a burden of

18        justification on the party who seeks answers to these kinds

19        of questions before substantial documentary or testimonial

        discovery has been completed.... [T]he propounding party

20        must present specific, plausible grounds for believing that

21        securing early answers to its contention questions will

        materially advance the goals of the Federal Rules of Civil

22        Procedure." 108 F.R.D. at 338–39. More recently,

23        however, Judge Brazil has modified his position, noting

        that contention interrogatories may in certain cases be the

24        most reliable and cost-effective discovery device, which

25        would be less burdensome than depositions at which

        contention questions are propounded. *See McCormick–*

26        *Morgan, Inc. v. Teledyne Industries, Inc.,* 134 F.R.D. 275,

27        287 (N.D.Cal.1991) (holding appropriately framed and

28        timed contention interrogatories rather than depositions in

1    patent infringement action was most appropriate vehicle
2    for establishing infringers' contentions).  *Cable &*
3    *Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175
     F.R.D. 646, 651–52 (C.D. Cal. 1997).

4

5        In fact Judge Chapman, instead of placing the burden on the party
6    propounding the request in justifying the need for early discovery on such issues,
7    found placing the burden on the party opposing responding to the request, as is
8    done normally, was more appropriate.  (See Id., 175 F.R.D. at 652.)

9        In this case, though, the requests made by Blakeman are appropriate no
10   matter what analysis is applied to his alleged "contention interrogatories."  The
11   requests seek to identify witnesses.  If Blakeman has the burden to show this is
12   necessary he easily meets it as there is no way he can potentially defend his case,
13   bring motions under Rule 56, or bring motions under Rule 11 without knowing the
14   witnesses who supposedly support the allegations he is in a gang, that he commits
15   intentional torts of criminal nature, or that he is engaged in some act of negligence.
16   Alternatively, plaintiffs cannot show that they could even meet  their burden in
17   resisting disclosure of this information.

18       How could plaintiffs' bring such egregious allegations (i.e. assault, battery,
19   violations of the Bane act) without having some witness to such acts by Mr.
20   Blakeman let alone a witness who is a victim of such acts.  This is compounded by
21   the Plaintiffs' initial disclosures that list only one witness who has some vague
22   unspecified knowledge about Blakeman.

23       Surely Mr. Blakeman, who is accused of such things, and has timely
24   requested supporting information for these very specific allegations, should have
25   the opportunity to know about and to depose the witnesses who allegedly support
26   such allegations.  Surely if no such persons exist then the lack of such evidence
27   must be exposed.  Failing to indicate whether such evidence exists or does not
28   ///

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

1  exists only serves to thwart the truth and the spirit of the Federal Rules of Civil

2  Procedure.

3       Plaintiffs' objection is not a basis to avoid answering this interrogatory.

4       **Plaintiffs' Contention**

5       Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy

6  Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection.

7  Plaintiffs are entitled to – and fully intend to – supplement their discovery

8  responses when they "learn[] that in some material respect the disclosure or

9  response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  Additionally,

10  Defendant Blakeman is in control of much of the information needed to respond to

11  his contention interrogatories but, to date, has refused to produce any documents or

12  videos in response to Plaintiffs' discovery requests and in violation of his

13  obligations under Federal Rule 26(a).

14       1.   <u>Unduly Burdensome, Harassing, and Duplicative</u>

15       Plaintiffs objected to Mr. Blakeman's request to identify witnesses to the

16  claims against Blakeman on the grounds that they already disclosed the names of

17  potential witnesses in their initial and supplemental disclosures.   Specifically,

18  Plaintiffs listed 105 witnesses in its October 2, 2016 supplemental disclosures, a

19  number of whom likely witnessed the claims pertaining to Mr. Blakeman.

20       Mr. Blakeman already has the list of potential witnesses in his possession.

21  Therefore, it would be unduly burdensome, harassing, and duplicative for Plaintiffs

22  to be compelled to identify these witnesses again.

23       2.   <u>Compound</u>

24       Plaintiffs objected to Mr. Blakeman's requests to identify persons with

25  knowledge of facts supporting their contentions and facts within each person's

26  knowledge on the basis that they are compound.  Fed. R. Civ. Proc. 33(a)(1) limits

27  a party to 25 interrogatories propounded on any other party, including all discrete

28  subparts.

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

1    Courts have consistently concluded that an interrogatory that asks a party to

2    identify facts, documents, and witnesses should count as separate interrogatories.

3    See, e.g., *Makaeff v. Trump Univ.*, LLC, 2014 WL 3490356, at *7 (S.D. Cal. July

4    11, 2014) (concluding the interrogatory "contains 3 discrete subparts [for facts,

5    documents, and witnesses,] and these subparts must be multiplied by the number of

6    RFAs that were not unqualified admissions"); *Superior Commc'ns v. Earhugger,*

7    *Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (request for facts, persons, and

8    documents constitutes three distinct interrogatories); *Hasan v. Johnson*, 2012 U.S.

9    Dist. LEXIS 21578, 13-14 (E.D. Cal. Feb. 21, 2012) (same).

10    Mr. Blakeman's attempt to subvert the rules by asking interrogatories

11    containing multiple impermissible subparts is wholly improper and therefore

12    Plaintiffs' objection on this ground was appropriate.

13        3.   <u>Information Outside Plaintiff's Knowledge</u>

14    Plaintiffs adamantly deny Mr. Blakeman's insinuation that they or their

15    counsel have violated Fed. R. Civ. Proc. 11 regarding the identification of

16    witnesses to support their allegations.  To the contrary, Plaintiffs have identified in

17    their October 2, 2016, supplemental disclosures 105 witnesses who may possess

18    knowledge of the allegations.  Moreover, discovery in this matter is in its infancy.

19    To the extent Plaintiffs identify additional witnesses who support their claims

20    throughout the course of discovery in this matter, Plaintiffs are aware of their

21    obligation under the Federal Rules to timely supplement their discovery and

22    disclosures.

23    Plaintiffs' objection on the grounds that the interrogatories seek information

24    outside their knowledge is an objection *only to the extent* that the information

25    sought is outside the individually-responding Plaintiff's knowledge.  Although

26    Plaintiffs neglected to include the words "to the extent that" preceding these

27    written objections, that is the objection that Plaintiffs assert.  Plaintiffs can amend

28    their objections to include this wording, if the Court so orders.

1        4.      Attorney-Client Privilege and Attorney Work Product Doctrine

2        Plaintiffs objected to the interrogatories *to the extent that* they invade the

3   attorney-client privilege and/or the work product doctrine by compelling privileged

4   communication and/or litigation strategy.  These objections are worded such that

5   either the attorney-client privilege or the attorney work product doctrine (or both)

6   could protect the information from disclosure.  The objections do not state that

7   both privileges necessarily apply to each piece of information sought.

8        Furthermore, Plaintiffs do not claim that all information sought is privileged,

9   as evidenced by the inclusion of "to the extent that" preceding these objections.

10  Rather, Plaintiffs have applied the work product doctrine to protect trial

11  preparation materials that reveal attorney strategy, intended lines of proof,

12  evaluations of strengths and weaknesses, and inferences drawn from interviews.

13  Fed. R. Civ. Proc. 26(b)(3); *Hickman v. Taylor*, 329 U. S. 495, 511 (1947).

14  Plaintiffs have applied the attorney-client privilege to protect confidential

15  communications with their counsel.  *United States v. Graf*, 610 F. 3d 1148, 1156

16  (9th Cir. 2010).

17       5.      Premature Contention Interrogatories

18       Plaintiffs objected to Mr. Blakeman's interrogatories as premature because

19  they seek or necessarily rely upon a contention.  Fed. R. Civ. P. 33(a)(2); *Kmiec v.*

20  *Powerwave Techs. Inc.*, et al., 2014 WL 11512195 (C.D. Cal Dec. 2, 2014) at *1;

21  *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31,

22  2014) at *1-2.  This objection was proper.

23       Contention interrogatories need not be answered until discovery is

24  "substantially complete."  See Fed. R. Civ. P. 33(a)(2).  In *Kmiec*, the court held

25  that discovery was not "substantially complete" when the discovery cutoff was 4

26  months away and depositions of fact witnesses or defendants had not yet occurred.

27  The court opined that "[i]f Defendants had completed their document production,

28  depositions were under way, and the discovery cutoff date was just a month or so

104

away, Defendants *might* be entitled to the information they seek. But under the circumstances here, Defendants' interrogatories are premature." *Kmiec*, at *1 (emphasis added).

Similarly, the *Folz* court found that discovery was not substantially complete and the responding party had adequate time to supplement his answers when the discovery cutoff was 8 months away. *Folz*, at *3. Even the case Mr. Blakeman cited, *HTC Corp. v. Tech. Properties Ltd.*, 2011 WL 97787 (N.D. Cal. Jan. 12, 2011), held that the responding party did not need to respond to contention interrogatories because discovery was "still in full-swing." *HTC Corp.*, at *3.

In the instant lawsuit, the discovery cutoff is more than 9 months away, on August 7, 2017. None of the individual Defendants – including Mr. Blakeman – have produced any documents despite Plaintiffs' requests for production, and Plaintiff Cory Spencer only produced his first set of documents on November 4, 2016. Additionally, the parties have only taken 6 out of the 20 possible depositions – Jeff Kepley, Cory Spencer, Diana Milena Reed, Angelo Ferrara, Anton Dahlerbruch, and Mr. Blakeman – all of which took place within the last month. Thus, it is clear that the parties are in the early stages of discovery. Discovery is far from being "substantially complete"; therefore, Plaintiffs need not respond to Defendant Blakeman's premature contention interrogatories.

9. IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' Second Cause of Action in the Complaint (Public Nuisance) against BRANT BLAKEMAN, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

**Plaintiffs' Response to Interrogatory #9**

Responding party objects to this interrogatory as unduly burdensome, harassing, and duplicative of information disclosed in Responding Party's Rule 26(a) disclosures and supplemental disclosures. Propounding Party may look to

Responding Party's Rule 26(a) disclosures and supplemental disclosures for the information sought by this interrogatory.  Moreover, Responding Party had the opportunity to depose Mr. Spencer on this topic.

Responding party further objects to this interrogatory as compound.  This "interrogatory" contains multiple impermissible subparts, which Propounding Party has propounded in an effort to circumvent the numerical limitations on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

Responding Party further objects to this interrogatory on the grounds that it seeks information that is outside of Responding Party's knowledge.

Responding Party further objects to the extent that this interrogatory invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy. Responding Party will not provide any such information.

Responding Party further objects to this interrogatory as premature.  Because this interrogatory seeks or necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a complete response at this time, nor is it required to do so.  See *Kmiec v. Powerwave Techs. Inc. et al*., 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at \*1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929 (S.D. Cal. Jan. 31 2014) at \*1-2.; see also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").

Based on the foregoing objections, Responding Party will not respond to this interrogatory at this time.

**Defendant Brant Blakeman's Contention**

The Interrogatory seeks witness information pertaining to any and all persons who plaintiffs claim support a specific contention made against Brant Blakeman in his personal capacity, not as a member of a group but as an

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

individual.

The interrogatories at issue merely seek the identification of witnesses and the identification of the facts believed to be within those witnesses knowledge purportedly supporting plaintiffs' specific allegations against Mr. Blakeman in his personal capacity.

The discovery requests defined "BRANT BLAKEMAN" as follows:

> BRANT BLAKEMAN means only Brant Blakeman in his individual capacity. This definition expressly excludes Brant Blakeman as an alleged member of what plaintiff alleges are the "Lunada Bay Boys." This definition expressly excludes the actions or omissions of any other PERSON other than Brant Blakeman in his individual capacity. This definition expressly excludes acts of PERSONS other than Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil Conspiracy.

Failure to produce the information sought by the Interrogatory is intended only to prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are pressing for Mr. Blakeman's deposition for which they are purposely hoping to take while he is unprepared in his defense to plaintiffs' contentions against him.

The response offers only uniform boilerplate objections. Based on those objections, the response asserts that no answers to the requests will be provided. Because the objections are unmeritorious, a further, substantive response must be compelled.

### 1.    Undue Burden, Harassment, and Duplication

Plaintiff contends that identifying the witnesses to the claims against Mr. Blakeman is unduly burdensome and harassing and the information can be found in the initial and supplemental disclosures. Plaintiffs in their initial disclosure identify only one witness with potential knowledge concerning Mr. Blakeman,

1   Ken Claypool.  If this is the only witness that plaintiff is aware of for the inquiry
2   presented by this Interrogatory, then it certainly strains reason that answering it is
3   burdensome or harassing.  If there are other witnesses that allege Mr. Blakeman
4   did some act those witnesses likewise should be identified.

5       This objection by plaintiff is not a justification to refuse to provide a
6   response to the interrogatory.

7       ## 2.       The Interrogatory is Compound and has Subparts

8       Plaintiff contends the Interrogatory is designed to circumvent the numerical
9   limitations provided in FRCP Rule 33(a)(1).   This objection wholly lacks merit.
10  The Interrogatory seeks the identification of a witness and the facts within that
11  witnesses knowledge.   FRCP Rule 33 allows the interrogatories to include
12  "discrete subparts."   Seeking the identification of witnesses and the facts within
13  their knowledge are considered one interrogatory. (See *Chapman v. California*
14  *Dept. of Educ.,* 2002 WL 32854376, at *1 (N.D.Cal.,2002)).   For sake of
15  mathematical exercise, even were one to entertain the contention that the
16  Interrogatory did not contain discrete subparts, there are only two: 12
17  interrogatories multiplied by two equals 24, which is within the limits of FRCP
18  Rule 33 which allows for 25 interrogatories.

19      This objection by plaintiff is not a justification to refuse to provide a
20  response to the Interrogatory.

21      ## 3.       The Interrogatory Seeks Information that is Outside of
22                   Responding Party's Knowledge

23      Plaintiff alleges that the Interrogatory seeks information outside of plaintiff's
24  knowledge.   This objection either wholly lacks merit or there are very troubling
25  issues related to the plaintiffs' and their counsels' obligations under FRCP Rule 11.

26      How is it that plaintiff can bring such egregious allegations without some
27  personal knowledge of witnesses who will support the allegations (including the
28  plaintiff's own knowledge)?   Are plaintiff's openly admitting this is a fishing

1  expedition against Mr. Blakeman and they were in violation of Rule 11 when the

2  complaint was filed?  If plaintiff does not have knowledge the identity of witnesses

3  that support allegations, the response should merely state there are none.

4  Otherwise the witnesses should be identified.

5      This objection by plaintiff is not a justification to refuse to provide a

6  response to the Interrogatories.

7      **4.    The Interrogatory Invades the Attorney Client Privilege and**

8          **Attorney Work Product Doctrine**

9      Plaintiff objects that identifying witnesses and the facts within a witnesses

10 knowledge that supports allegations that Mr. Blakeman acted in some manner

11 invades the attorney client privilege.  There is no legal support for withholding

12 witnesses identities based on the attorney client privilege.  Personal knowledge

13 about facts are not privileged.  "[T]he protection of the privilege extends only to

14 communications and not to facts. A fact is one thing and a communication

15 concerning that fact is an entirely different thing." (*Upjohn Co. v. U.S.,* 101 S.Ct.

16 677, 685-86, 449 U.S. 383, 395-96 (U.S.Mich.,1981)).

17     This objection by plaintiff is not a justification to refuse to provide a

18 response to the Interrogatory.

19     **5.    The Interrogatory is Premature as a Contention Interrogatory**

20     Plaintiff alleges the Interrogatory seeks a contention and due to the early

21 state of litigation and pre-trial discovery, responding party is unable to provide a

22 complete response and, in any event, it is required to so; citing to *Kmiec v.*

23 *Powerwave Techs. Inc. et al*., 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1;

24 *Folz v. Union Pacific Railroad Company*, 2014 WL357929 (S.D. Cal. Jan. 31

25 2014) at *1-2.; and FRCP Rule 33(a)(2).

26     While this is an argument that contention interrogatories can be delayed, the

27 subject interrogatories do not fall into that context; the responding party is the

28 party making the allegations, not the one responding to the allegations.

1    This action involves plaintiffs (bound by their own pleading) in their

2  individual capacities, as well as representative capacities, alleging intentional torts,

3  nuisance, and negligence against Mr. Blakeman.   The allegations against Mr.

4  Blakeman which each of these plaintiffs make include accusation of involvement

5  in "predicate crimes" which include, for example, murder, mayhem, counterfeiting,

6  rape and similar egregious crimes.  Having made these allegations Plaintiffs must

7  have some idea of the witnesses, documents or facts to support the allegations.

8  Plaintiffs' counsel must also have some basis else they run afoul of Rule 11.

9    No substantive responses are provided.  It is likely that no basis exists for

10  these allegations against Mr. Blakeman; he is entitled to know the basis before

11  facing a deposition by ambush.

12    Plaintiffs' refusal is fatally flawed in any event.   The cases cited are

13  inapposite.

14    *Kmeic* was a securities litigation matter.  In context, *Kmeic* reasoned that

15  asking contention interrogatories to a shareholder plaintiff early in litigation

16  required more time for the litigation to develop.  Such is not the case with the

17  issues involved in this litigation, where Plaintiffs each claim to represent a class of

18  people and make specific allegations against Mr. Blakeman for which (if pled

19  honestly) Plaintiffs alone have the supporting facts.

20    *Folz* related to contention interrogatories on defendant's affirmative

21  defenses; something that clearly would involve significantly more discovery to

22  develop than is the situation here where defendant is simply seeking information

23  regarding contention's made by plaintiffs in their initial pleadings; seeking only the

24  identification of witnesses that support plaintiffs' contentions that Mr. Blakeman

25  committed some act.  This information will allow Mr. Blakeman to depose such

26  persons and to have a "just, speedy, and inexpensive determination [in this ]

27  action." (FRCP Rule 1.)

28  ///

__**JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

1    The identification of witnesses is important not only to Mr. Blakeman's
2    defense but also because they would contribute meaningfully to narrow the scope
3    of the issues in dispute, set up early settlement discussions, and expose the
4    potential bases for a Rule 11 motion and Rule 56 motion. (See *HTC Corp. v.*
5    *Technology Properties Ltd.*, 2011 WL 97787, at *2 (N.D.Cal.,2011) These factors
6    are important in assessing whether it would be appropriate for the early use of
7    contention interrogatories(See *In re Convergent Technologies Securities Litigation*,
8    108 F.R.D. 328, 338-339 (N.D.Cal.,1985). Notably Blakeman intends to pursue
9    Rule 56 motions as there appears to be no evidence supporting the causes of action
10   against him.   It also appears that there is a lack of evidence to even support
11   probable cause to pursue an action against him and a Rule 11 motion is likewise
12   being considered.  The discovery is thus also intended to ferret out what appears to
13   be baseless character assassination.

14       *In re Convergent Technologies Securities Litigation* recognized the
15   importance of the identification of witnesses as a type of contention interrogatory
16   that is appropriate. (Id. 108 F.R.D. at 332-333).  This case, often cited for the
17   frame work it provides related to contention interrogatories, also noted that the
18   frame work does not apply to the identity of witnesses with knowledge of the facts
19   giving rise to the litigation or documents supporting material factual allegations.
20   (See Id.)  The Court compelled the disclosure of the identity of witnesses early in
21   litigation.  (Id. 108 F.R.D. at 332-333).

22       The *In re Convergent Technologies Securities Litigation* frame work to be
23   applied to contention interrogatories has been examined in the Central District of
24   California in *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175
25   F.R.D. 646, 651 (C.D. Cal. 1997).  This Court, in *Cable & Computer Tech., Inc.,*
26   explicated the evolution of the analysis of when contention interrogatories were
27   appropriate.

28       Judge Chapman in *Cable & Computer Tech., Inc.* first noted the purpose of

__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.: 2-16-CV-2129

the Federal Rules of Civil Procedure.

Rule 1 of the Federal Rules of Civil Procedure directs that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." "There probably is no provision in the federal rules that is more important than this mandate. It reflects the spirit in which the rules were conceived and written, and in which they should be, and by and large have been, interpreted..... The Supreme Court of the United States has stated that these rules 'are to be accorded a broad and liberal treatment'." *Trevino v. Celanese Corp.*, 701 F.2d 397, 405 (5th Cir.1983) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947) and *Schlagenhauf v. Holder*, 379 U.S. 104, 114–15, 85 S.Ct. 234, 240, 13 L.Ed.2d 152 (1964)).   (*Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).)

Judge Chapman allayed concerns about early use of contention interrogatories and recognized that contention interrogatories are allowed under the Federal Rules of Civil Procedure.   Any concern about limiting proof based on limited answers to  interrogatories is not well-founded because such answers may be withdrawn or amended, and parties have an ongoing obligation to "seasonably amend" answers throughout the litigation. (See Id., 175 F.D.R. at 650-651.)

Judge Chapman then noted that Judge Brazil, the author of *In re Convergent Technologies Securities Litigation*, had recently even acknowledged the importance of early use of contention interrogatories in certain matters:

> In *Convergent Technologies*, Judge Wayne D. Brazil, in a very thoughtful opinion, held that the 1983 amendments to Fed.R.Civ.P. 26(b) compelled his conclusion that the "wisest course is not to preclude entirely the early use of contention interrogatories, but to place a burden of justification on the party who seeks answers to these kinds of questions before substantial documentary or testimonial discovery has been completed.... [T]he propounding party must present specific, plausible grounds for believing that securing early answers to its contention questions will

materially advance the goals of the Federal Rules of Civil Procedure." 108 F.R.D. at 338–39. More recently, however, Judge Brazil has modified his position, noting that contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded. See *McCormick–Morgan, Inc. v. Teledyne Industries, Inc.*, 134 F.R.D. 275, 287 (N.D.Cal.1991) (holding appropriately framed and timed contention interrogatories rather than depositions in patent infringement action was most appropriate vehicle for establishing infringers' contentions). *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 651–52 (C.D. Cal. 1997).

In fact Judge Chapman, instead of placing the burden on the party propounding the request in justifying the need for early discovery on such issues, found placing the burden on the party opposing responding to the request, as is done normally, was more appropriate. (See *Id.*, 175 F.R.D. at 652.)

In this case, though, the requests made by Blakeman are appropriate no matter what analysis is applied to his alleged "contention interrogatories." The requests seek to identify witnesses. If Blakeman has the burden to show this is necessary he easily meets it as there is no way he can potentially defend his case, bring motions under Rule 56, or bring motions under Rule 11 without knowing the witnesses who supposedly support the allegations he is in a gang, that he commits intentional torts of criminal nature, or that he is engaged in some act of negligence. Alternatively, plaintiffs cannot show that they could even meet their burden in resisting disclosure of this information.

How could plaintiffs' bring such egregious allegations (i.e. assault, battery, violations of the Bane act) without having some witness to such acts by Mr. Blakeman let alone a witness who is a victim of such acts. This is compounded by the Plaintiffs' initial disclosures that list only one witness who has some vague unspecified knowledge about Blakeman.

1   Surely Mr. Blakeman, who is accused of such things, and has timely
2   requested supporting information for these very specific allegations, should have
3   the opportunity to know about and to depose the witnesses who allegedly support
4   such allegations.  Surely if no such persons exist then the lack of such evidence
5   must be exposed.  Failing to indicate whether such evidence exists or does not
6   exists only serves to thwart the truth and the spirit of the Federal Rules of Civil
7   Procedure.

8   Plaintiffs' objection is not a basis to avoid answering this interrogatory.

9   **Plaintiffs' Contention**

10   Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy
11   Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection.
12   Plaintiffs are entitled to – and fully intend to – supplement their discovery
13   responses when they "learn[] that in some material respect the disclosure or
14   response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  Additionally,
15   Defendant Blakeman is in control of much of the information needed to respond to
16   his contention interrogatories but, to date, has refused to produce any documents or
17   videos in response to Plaintiffs' discovery requests and in violation of his
18   obligations under Federal Rule 26(a).

19   1.   Unduly Burdensome, Harassing, and Duplicative

20   Plaintiffs objected to Mr. Blakeman's request to identify witnesses to the
21   claims against Blakeman on the grounds that they already disclosed the names of
22   potential witnesses in their initial and supplemental disclosures.  Specifically,
23   Plaintiffs listed 105 witnesses in its October 2, 2016 supplemental disclosures, a
24   number of whom likely witnessed the claims pertaining to Mr. Blakeman.

25   Mr. Blakeman already has the list of potential witnesses in his possession.
26   Therefore, it would be unduly burdensome, harassing, and duplicative for Plaintiffs
27   to be compelled to identify these witnesses again.

28   ///

2.   <u>Compound</u>

Plaintiffs objected to Mr. Blakeman's requests to identify persons with knowledge of facts supporting their contentions and facts within each person's knowledge on the basis that they are compound.  Fed. R. Civ. Proc. 33(a)(1) limits a party to 25 interrogatories propounded on any other party, including all discrete subparts.

Courts have consistently concluded that an interrogatory that asks a party to identify facts, documents, and witnesses should count as separate interrogatories. See, e.g., *Makaeff v. Trump Univ.*, LLC, 2014 WL 3490356, at *7 (S.D. Cal. July 11, 2014) (concluding the interrogatory "contains 3 discrete subparts [for facts, documents, and witnesses,] and these subparts must be multiplied by the number of RFAs that were not unqualified admissions"); *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (request for facts, persons, and documents constitutes three distinct interrogatories); *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS 21578, 13-14 (E.D. Cal. Feb. 21, 2012) (same).

Mr. Blakeman's attempt to subvert the rules by asking interrogatories containing multiple impermissible subparts is wholly improper and therefore Plaintiffs' objection on this ground was appropriate.

3.   <u>Information Outside Plaintiff's Knowledge</u>

Plaintiffs adamantly deny Mr. Blakeman's insinuation that they or their counsel have violated Fed. R. Civ. Proc. 11 regarding the identification of witnesses to support their allegations.  To the contrary, Plaintiffs have identified in their October 2, 2016, supplemental disclosures 105 witnesses who may possess knowledge of the allegations.  Moreover, discovery in this matter is in its infancy. To the extent Plaintiffs identify additional witnesses who support their claims throughout the course of discovery in this matter, Plaintiffs are aware of their obligation under the Federal Rules to timely supplement their discovery and disclosures.

1   Plaintiffs' objection on the grounds that the interrogatories seek information

2   outside their knowledge is an objection *only to the extent* that the information

3   sought is outside the individually-responding Plaintiff's knowledge.   Although

4   Plaintiffs neglected to include the words "to the extent that" preceding these

5   written objections, that is the objection that Plaintiffs assert.   Plaintiffs can amend

6   their objections to include this wording, if the Court so orders.

7   4.   <u>Attorney-Client Privilege and Attorney Work Product Doctrine</u>

8   Plaintiffs objected to the interrogatories *to the extent that* they invade the

9   attorney-client privilege and/or the work product doctrine by compelling privileged

10  communication and/or litigation strategy.   These objections are worded such that

11  either the attorney-client privilege or the attorney work product doctrine (or both)

12  could protect the information from disclosure.   The objections do not state that

13  both privileges necessarily apply to each piece of information sought.

14  Furthermore, Plaintiffs do not claim that all information sought is privileged,

15  as evidenced by the inclusion of "to the extent that" preceding these objections.

16  Rather, Plaintiffs have applied the work product doctrine to protect trial

17  preparation materials that reveal attorney strategy, intended lines of proof,

18  evaluations of strengths and weaknesses, and inferences drawn from interviews.

19  Fed. R. Civ. Proc. 26(b)(3); *Hickman v. Taylor*, 329 U. S. 495, 511 (1947).

20  Plaintiffs have applied the attorney-client privilege to protect confidential

21  communications with their counsel.   *United States v. Graf*, 610 F. 3d 1148, 1156

22  (9th Cir. 2010).

23  5.   <u>Premature Contention Interrogatories</u>

24  Plaintiffs objected to Mr. Blakeman's interrogatories as premature because

25  they seek or necessarily rely upon a contention.   Fed. R. Civ. P. 33(a)(2); *Kmiec v.*

26  *Powerwave Techs. Inc.*, et al., 2014 WL 11512195 (C.D. Cal Dec. 2, 2014) at \*1;

27  *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31,

28  2014) at \*1-2.   This objection was proper.

1    Contention interrogatories need not be answered until discovery is
2  "substantially complete."  See Fed. R. Civ. P. 33(a)(2).  In *Kmiec*, the court held
3  that discovery was not "substantially complete" when the discovery cutoff was 4
4  months away and depositions of fact witnesses or defendants had not yet occurred.
5  The court opined that "[i]f Defendants had completed their document production,
6  depositions were under way, and the discovery cutoff date was just a month or so
7  away, Defendants *might* be entitled to the information they seek.  But under the
8  circumstances here, Defendants' interrogatories are premature."  *Kmiec*, at *1
9  (emphasis added).

10    Similarly, the *Folz* court found that discovery was not substantially complete
11  and the responding party had adequate time to supplement his answers when the
12  discovery cutoff was 8 months away.  *Folz*, at *3.  Even the case Mr. Blakeman
13  cited, *HTC Corp. v. Tech. Properties Ltd.*, 2011 WL 97787 (N.D. Cal. Jan. 12,
14  2011), held that the responding party did not need to respond to contention
15  interrogatories because discovery was "still in full-swing."  *HTC Corp.*, at *3.

16    In the instant lawsuit, the discovery cutoff is more than 9 months away, on
17  August 7, 2017.  None of the individual Defendants – including Mr. Blakeman –
18  have produced any documents despite Plaintiffs' requests for production, and
19  Plaintiff Cory Spencer only produced his first set of documents on November 4,
20  2016.  Additionally, the parties have only taken 6 out of the 20 possible
21  depositions – Jeff Kepley, Cory Spencer, Diana Milena Reed, Angelo Ferrara,
22  Anton Dahlerbruch, and Mr. Blakeman – all of which took place within the last
23  month.  Thus, it is clear that the parties are in the early stages of discovery.
24  Discovery is far from being "substantially complete"; therefore, Plaintiffs need not
25  respond to Defendant Blakeman's premature contention interrogatories.

26

27    10.    IDENTIFY ALL PERSONS that have knowledge of any facts that
28  support plaintiffs' Sixth Cause of Action in the Complaint (Assault) against

117

1  BRANT BLAKEMAN,  and  for each such PERSON identified state all facts you

2  contend are within that PERSON's knowledge.

3  **Plaintiffs' Response to Interrogatory #10**

4  Responding party objects to this interrogatory as unduly burdensome,

5  harassing, and duplicative of information disclosed in Responding Party's Rule

6  26(a) disclosures and supplemental disclosures.  Propounding Party may look to

7  Responding Party's Rule 26(a) disclosures and supplemental disclosures for the

8  information sought by this interrogatory.  Moreover, Responding Party had the

9  opportunity to depose Mr. Spencer on this topic.

10  Responding party further objects to this interrogatory as compound.  This

11  "interrogatory" contains multiple impermissible subparts, which Propounding

12  Party has propounded in an effort to circumvent the numerical limitations on

13  interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

14  Responding Party further objects to this interrogatory on the grounds that it

15  seeks information that is outside of Responding Party's knowledge.

16  Responding Party further objects to the extent that this interrogatory invades

17  attorney-client privilege and/or violates the work product doctrine by compelling

18  Responding Party to disclose privileged communications and/or litigation strategy.

19  Responding Party will not provide any such information.

20  Responding Party further objects to this interrogatory as premature.  Because

21  this interrogatory seeks or necessarily relies upon a contention, and because this

22  matter is in its early stages and pretrial discovery has only just begun, Responding

23  Party is unable to provide a complete response at this time, nor is it required to do

24  so.  See *Kmiec v. Powerwave Techs. Inc. et al*., 2014 WL 11512195 (C.D. Cal.

25  Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929

26  (S.D. Cal. Jan. 31 2014) at *1-2.; see also Fed. R. Civ. P. 33(a)(2) ("the court may

27  order that [a contention] interrogatory need not be answered until designated

28  discovery is complete, or until a pretrial conference or some other time.").

1  Based on the foregoing objections, Responding Party will not respond to this
2  interrogatory at this time.

3  **Defendant Brant Blakeman's Contention**

4  The Interrogatory seeks witness information pertaining to any and all
5  persons who plaintiffs claim support a specific contention made against Brant
6  Blakeman in his personal capacity, not as a member of a group but as an
7  individual.

8  The interrogatories at issue merely seek the identification of witnesses and
9  the identification of the facts believed to be within those witnesses knowledge
10  purportedly supporting plaintiffs' specific allegations against Mr. Blakeman in his
11  personal capacity.

12  The discovery requests defined "BRANT BLAKEMAN" as follows:

13  BRANT BLAKEMAN means only Brant Blakeman in his
    individual capacity. This definition expressly excludes
14  Brant Blakeman as an alleged member of what plaintiff
15  alleges are the "Lunada Bay Boys." This definition
    expressly excludes the actions or omissions of any other
16  PERSON other than Brant Blakeman in his individual
17  capacity.  This definition expressly excludes acts of
    PERSONS other than Brant Blakeman that plaintiff
18  attributes to Brant Blakeman under a theory of Civil
19  Conspiracy.

20

21  Failure to produce the information sought by the Interrogatory is intended
22  only to prejudice Mr. Blakeman's defenses; especially in light of the fact that
23  plaintiffs are pressing for Mr. Blakeman's deposition for which they are purposely
24  hoping to take while he is unprepared in his defense to plaintiffs' contentions
25  against him.

26  The response offers only uniform boilerplate objections.  Based on those
27  objections, the response asserts that no answers to the requests will be provided.
28  Because the objections are unmeritorious, a further, substantive response must be

compelled.

### 1.    **Undue Burden, Harassment, and Duplication**

Plaintiff contends that identifying the witnesses to the claims against Mr. Blakeman is unduly burdensome and harassing and the information can be found in the initial and supplemental disclosures.  Plaintiffs in their initial disclosure identify only one witness with potential knowledge concerning Mr. Blakeman, Ken Claypool.  If this is the only witness that plaintiff is aware of for the inquiry presented by this Interrogatory, then it certainly strains reason that answering it is burdensome or harassing.  If there are other witnesses that allege Mr. Blakeman did some act those witnesses likewise should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the interrogatory.

### 2.    **The Interrogatory is Compound and has Subparts**

Plaintiff contends the Interrogatory is designed to circumvent the numerical limitations provided in FRCP Rule 33(a)(1).   This objection wholly lacks merit. The Interrogatory seeks the identification of a witness and the facts within that witnesses knowledge.   FRCP Rule 33 allows the interrogatories to include "discrete subparts."  Seeking the identification of witnesses and the facts within their knowledge are considered one interrogatory. (See *Chapman v. California Dept. of Educ.*, 2002 WL 32854376, at *1 (N.D.Cal.,2002)).   For sake of mathematical exercise, even were one to entertain the contention that the Interrogatory did not contain discrete subparts, there are only two: 12 interrogatories multiplied by two equals 24, which is within the limits of FRCP Rule 33 which allows for 25 interrogatories.

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatory.

///

///

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

**3.      The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge**

Plaintiff alleges that the Interrogatory seeks information outside of plaintiff's knowledge.  This objection either wholly lacks merit or there are very troubling issues related to the plaintiffs' and their counsels' obligations under FRCP Rule 11.

How is it that plaintiff can bring such egregious allegations without some personal knowledge of witnesses who will support the allegations (including the plaintiff's own knowledge)?  Are plaintiff's openly admitting this is a fishing expedition against Mr. Blakeman and they were in violation of Rule 11 when the complaint was filed?  If plaintiff does not have knowledge the identity of witnesses that support allegations, the response should merely state there are none.  Otherwise the witnesses should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatories.

**4.      The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine**

Plaintiff objects that identifying witnesses and the facts within a witnesses knowledge that supports allegations that Mr. Blakeman acted in some manner invades the attorney client privilege.  There is no legal support for withholding witnesses identities based on the attorney client privilege.  Personal knowledge about facts are not privileged.  "[T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing." (*Upjohn Co. v. U.S.,* 101 S.Ct. 677, 685-86, 449 U.S. 383, 395-96 (U.S.Mich.,1981)).

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatory.

///

///

## 5.   The Interrogatory is Premature as a Contention Interrogatory

Plaintiff alleges the Interrogatory seeks a contention and due to the early state of litigation and pre-trial discovery, responding party is unable to provide a complete response and, in any event, it is required to so; citing to *Kmiec v. Powerwave Techs. Inc. et al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929 (S.D. Cal. Jan. 31 2014) at *1-2.; and FRCP Rule 33(a)(2).

While this is an argument that contention interrogatories can be delayed, the subject interrogatories do not fall into that context; the responding party is the party making the allegations, not the one responding to the allegations.

This action involves plaintiffs (bound by their own pleading) in their individual capacities, as well as representative capacities, alleging intentional torts, nuisance, and negligence against Mr. Blakeman.   The allegations against Mr. Blakeman which each of these plaintiffs make include accusation of involvement in "predicate crimes" which include, for example, murder, mayhem, counterfeiting, rape and similar egregious crimes.   Having made these allegations Plaintiffs must have some idea of the witnesses, documents or facts to support the allegations. Plaintiffs' counsel must also have some basis else they run afoul of Rule 11.

No substantive responses are provided.   It is likely that no basis exists for these allegations against Mr. Blakeman; he is entitled to know the basis before facing a deposition by ambush.

Plaintiffs' refusal is fatally flawed in any event.   The cases cited are inapposite.

*Kmeic* was a securities litigation matter.   In context, *Kmeic* reasoned that asking contention interrogatories to a shareholder plaintiff early in litigation required more time for the litigation to develop.   Such is not the case with the issues involved in this litigation, where Plaintiffs each claim to represent a class of people and make specific allegations against Mr. Blakeman for which (if pled

__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.: 2-16-CV-2129

1    honestly) Plaintiffs alone have the supporting facts.

2        *Folz* related to contention interrogatories on defendant's affirmative

3    defenses; something that clearly would involve significantly more discovery to

4    develop than is the situation here where defendant is simply seeking information

5    regarding contention's made by plaintiffs in their initial pleadings; seeking only the

6    identification of witnesses that support plaintiffs' contentions that Mr. Blakeman

7    committed some act.  This information will allow Mr. Blakeman to depose such

8    persons and to have a "just, speedy, and inexpensive determination [in this ]

9    action." (FRCP Rule 1.)

10        The identification of witnesses is important not only to Mr. Blakeman's

11   defense but also because they would contribute meaningfully to narrow the scope

12   of the issues in dispute, set up early settlement discussions, and expose the

13   potential bases for a Rule 11 motion and Rule 56 motion. (See *HTC Corp. v.*

14   *Technology Properties Ltd.*, 2011 WL 97787, at *2 (N.D.Cal.,2011) These factors

15   are important in assessing whether it would be appropriate for the early use of

16   contention interrogatories(See *In re Convergent Technologies Securities Litigation,*

17   108 F.R.D. 328, 338-339 (N.D.Cal.,1985). Notably Blakeman intends to pursue

18   Rule 56 motions as there appears to be no evidence supporting the causes of action

19   against him.   It also appears that there is a lack of evidence to even support

20   probable cause to pursue an action against him and a Rule 11 motion is likewise

21   being considered.  The discovery is thus also intended to ferret out what appears to

22   be baseless character assassination.

23        *In re Convergent Technologies Securities Litigation* recognized the

24   importance of the identification of witnesses as a type of contention interrogatory

25   that is appropriate. (Id. 108 F.R.D. at 332-333).  This case, often cited for the

26   frame work it provides related to contention interrogatories, also noted that the

27   frame work does not apply to the identity of witnesses with knowledge of the facts

28   giving rise to the litigation or documents supporting material factual allegations.

1    (See Id.)  The Court compelled the disclosure of the identity of witnesses early in

2    litigation.  (Id. 108 F.R.D. at 332-333).

3       The *In re Convergent Technologies Securities Litigation* frame work to be

4    applied to contention interrogatories has been examined in the Central District of

5    California in *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175

6    F.R.D. 646, 651 (C.D. Cal. 1997).  This Court, in Cable & Computer Tech., Inc.,

7    explicated the evolution of the analysis of when contention interrogatories were

8    appropriate.

9       Judge Chapman in *Cable & Computer Tech., Inc.* first noted the purpose of

10   the Federal Rules of Civil Procedure.

11      Rule 1 of the Federal Rules of Civil Procedure directs that the rules "shall be

12   construed to secure the just, speedy, and inexpensive determination of every

13   action." "There probably is no provision in the federal rules that is more important

14   than this mandate. It reflects the spirit in which the rules were conceived and

15   written, and in which they should be, and by and large have been, interpreted.....

16   The Supreme Court of the United States has stated that these rules 'are to be

17   accorded a broad and liberal treatment'." *Trevino v. Celanese Corp.*, 701 F.2d 397,

18   405 (5th Cir.1983) (citing *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385,

19   391, 91 L.Ed. 451 (1947) and *Schlagenhauf v. Holder*, 379 U.S. 104, 114–15, 85

20   S.Ct. 234, 240, 13 L.Ed.2d 152 (1964)).  (*Cable & Computer Tech., Inc. v.

21   Lockheed Saunders, Inc*., 175 F.R.D. 646, 650 (C.D. Cal. 1997).)

22      Judge Chapman allayed concerns about early use of contention

23   interrogatories and recognized that contention interrogatories are allowed under the

24   Federal Rules of Civil Procedure.  Any concern about limiting proof based on

25   limited answers to  interrogatories is not well-founded because such answers may

26   be withdrawn or amended, and parties have an ongoing obligation to "seasonably

27   amend" answers throughout the litigation. (See Id., 175 F.D.R. at 650-651.)

28      Judge Chapman then noted that Judge Brazil, the author of *In re Convergent*

*Technologies Securities Litigation*, had recently even acknowledged the importance of early use of contention interrogatories in certain matters:

> *In Convergent Technologies*, Judge Wayne D. Brazil, in a very thoughtful opinion, held that the 1983 amendments to Fed.R.Civ.P. 26(b) compelled his conclusion that the "wisest course is not to preclude entirely the early use of contention interrogatories, but to place a burden of justification on the party who seeks answers to these kinds of questions before substantial documentary or testimonial discovery has been completed.... [T]he propounding party must present specific, plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." 108 F.R.D. at 338–39. More recently, however, Judge Brazil has modified his position, noting that contention interrogatories may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded. See *McCormick–Morgan, Inc. v. Teledyne Industries, Inc.*, 134 F.R.D. 275, 287 (N.D.Cal.1991) (holding appropriately framed and timed contention interrogatories rather than depositions in patent infringement action was most appropriate vehicle for establishing infringers' contentions). *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 651–52 (C.D. Cal. 1997).

In fact Judge Chapman, instead of placing the burden on the party propounding the request in justifying the need for early discovery on such issues, found placing the burden on the party opposing responding to the request, as is done normally, was more appropriate. (See Id., 175 F.R.D. at 652.)

///

///

///

///

///

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1 Case No.:** 2-16-CV-2129

1    In this case, though, the requests made by Blakeman are appropriate no

2  matter what analysis is applied to his alleged "contention interrogatories."  The

3  requests seek to identify witnesses.  If Blakeman has the burden to show this is

4  necessary he easily meets it as there is no way he can potentially defend his case,

5  bring motions under Rule 56, or bring motions under Rule 11 without knowing the

6  witnesses who supposedly support the allegations he is in a gang, that he commits

7  intentional torts of criminal nature, or that he is engaged in some act of negligence.

8  Alternatively, plaintiffs cannot show that they could even meet  their burden in

9  resisting disclosure of this information.

10    How could plaintiffs' bring such egregious allegations (i.e. assault, battery,

11  violations of the Bane act) without having some witness to such acts by Mr.

12  Blakeman let alone a witness who is a victim of such acts.  This is compounded by

13  the Plaintiffs' initial disclosures that list only one witness who has some vague

14  unspecified knowledge about Blakeman.

15    Surely Mr. Blakeman, who is accused of such things, and has timely

16  requested supporting information for these very specific allegations, should have

17  the opportunity to know about and to depose the witnesses who allegedly support

18  such allegations.  Surely if no such persons exist then the lack of such evidence

19  must be exposed.  Failing to indicate whether such evidence exists or does not

20  exists only serves to thwart the truth and the spirit of the Federal Rules of Civil

21  Procedure.

22    Plaintiffs' objection is not a basis to avoid answering this interrogatory.

23  **Plaintiffs' Contention**

24    Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy

25  Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection.

26  Plaintiffs are entitled to – and fully intend to – supplement their discovery

27  responses when they "learn[] that in some material respect the disclosure or

28  response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  Additionally,

126

1    Defendant Blakeman is in control of much of the information needed to respond to

2    his contention interrogatories but, to date, has refused to produce any documents or

3    videos in response to Plaintiffs' discovery requests and in violation of his

4    obligations under Federal Rule 26(a).

5          1.    Unduly Burdensome, Harassing, and Duplicative

6          Plaintiffs objected to Mr. Blakeman's request to identify witnesses to the

7    claims against Blakeman on the grounds that they already disclosed the names of

8    potential witnesses in their initial and supplemental disclosures.   Specifically,

9    Plaintiffs listed 105 witnesses in its October 2, 2016 supplemental disclosures, a

10   number of whom likely witnessed the claims pertaining to Mr. Blakeman.

11         Mr. Blakeman already has the list of potential witnesses in his possession.

12   Therefore, it would be unduly burdensome, harassing, and duplicative for Plaintiffs

13   to be compelled to identify these witnesses again.

14         2.    Compound

15         Plaintiffs objected to Mr. Blakeman's requests to identify persons with

16   knowledge of facts supporting their contentions and facts within each person's

17   knowledge on the basis that they are compound.  Fed. R. Civ. Proc. 33(a)(1) limits

18   a party to 25 interrogatories propounded on any other party, including all discrete

19   subparts.

20         Courts have consistently concluded that an interrogatory that asks a party to

21   identify facts, documents, and witnesses should count as separate interrogatories.

22   See, e.g., *Makaeff v. Trump Univ.*, LLC, 2014 WL 3490356, at *7 (S.D. Cal. July

23   11, 2014) (concluding the interrogatory "contains 3 discrete subparts [for facts,

24   documents, and witnesses,] and these subparts must be multiplied by the number of

25   RFAs that were not unqualified admissions"); *Superior Commc'ns v. Earhugger,*

26   *Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (request for facts, persons, and

27   documents constitutes three distinct interrogatories); *Hasan v. Johnson*, 2012 U.S.

28   Dist. LEXIS 21578, 13-14 (E.D. Cal. Feb. 21, 2012) (same).

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.: 2-16-CV-2129**

1   Mr. Blakeman's attempt to subvert the rules by asking interrogatories
2   containing multiple impermissible subparts is wholly improper and therefore
3   Plaintiffs' objection on this ground was appropriate.

4       3.   <u>Information Outside Plaintiff's Knowledge</u>

5   Plaintiffs adamantly deny Mr. Blakeman's insinuation that they or their
6   counsel have violated Fed. R. Civ. Proc. 11 regarding the identification of
7   witnesses to support their allegations.  To the contrary, Plaintiffs have identified in
8   their October 2, 2016, supplemental disclosures 105 witnesses who may possess
9   knowledge of the allegations.  Moreover, discovery in this matter is in its infancy.
10  To the extent Plaintiffs identify additional witnesses who support their claims
11  throughout the course of discovery in this matter, Plaintiffs are aware of their
12  obligation under the Federal Rules to timely supplement their discovery and
13  disclosures.

14  Plaintiffs' objection on the grounds that the interrogatories seek information
15  outside their knowledge is an objection *only to the extent* that the information
16  sought is outside the individually-responding Plaintiff's knowledge.  Although
17  Plaintiffs neglected to include the words "to the extent that" preceding these
18  written objections, that is the objection that Plaintiffs assert.  Plaintiffs can amend
19  their objections to include this wording, if the Court so orders.

20      4.   <u>Attorney-Client Privilege and Attorney Work Product Doctrine</u>

21  Plaintiffs objected to the interrogatories *to the extent that* they invade the
22  attorney-client privilege and/or the work product doctrine by compelling privileged
23  communication and/or litigation strategy.  These objections are worded such that
24  either the attorney-client privilege or the attorney work product doctrine (or both)
25  could protect the information from disclosure.  The objections do not state that
26  both privileges necessarily apply to each piece of information sought.

27  Furthermore, Plaintiffs do not claim that all information sought is privileged,
28  as evidenced by the inclusion of "to the extent that" preceding these objections.

1  Rather, Plaintiffs have applied the work product doctrine to protect trial
2  preparation materials that reveal attorney strategy, intended lines of proof,
3  evaluations of strengths and weaknesses, and inferences drawn from interviews.
4  Fed. R. Civ. Proc. 26(b)(3); *Hickman v. Taylor*, 329 U. S. 495, 511 (1947).
5  Plaintiffs have applied the attorney-client privilege to protect confidential
6  communications with their counsel.  *United States v. Graf*, 610 F. 3d 1148, 1156
7  (9th Cir. 2010).

8        5.    <u>Premature Contention Interrogatories</u>

9        Plaintiffs objected to Mr. Blakeman's interrogatories as premature because
10  they seek or necessarily rely upon a contention.  Fed. R. Civ. P. 33(a)(2); *Kmiec v.*
11  *Powerwave Techs. Inc.*, et al., 2014 WL 11512195 (C.D. Cal Dec. 2, 2014) at *1;
12  *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31,
13  2014) at *1-2.  This objection was proper.

14        Contention interrogatories need not be answered until discovery is
15  "substantially complete."  See Fed. R. Civ. P. 33(a)(2).  In *Kmiec*, the court held
16  that discovery was not "substantially complete" when the discovery cutoff was 4
17  months away and depositions of fact witnesses or defendants had not yet occurred.
18  The court opined that "[i]f Defendants had completed their document production,
19  depositions were under way, and the discovery cutoff date was just a month or so
20  away, Defendants ***might*** be entitled to the information they seek.  But under the
21  circumstances here, Defendants' interrogatories are premature."  *Kmiec*, at *1
22  (emphasis added).

23        Similarly, the *Folz* court found that discovery was not substantially complete
24  and the responding party had adequate time to supplement his answers when the
25  discovery cutoff was 8 months away.  *Folz*, at *3.  Even the case Mr. Blakeman
26  cited, *HTC Corp. v. Tech. Properties Ltd.*, 2011 WL 97787 (N.D. Cal. Jan. 12,
27  2011), held that the responding party did not need to respond to contention
28  interrogatories because discovery was "still in full-swing."  *HTC Corp.*, at *3.

In the instant lawsuit, the discovery cutoff is more than 9 months away, on August 7, 2017.  None of the individual Defendants – including Mr. Blakeman – have produced any documents despite Plaintiffs' requests for production, and Plaintiff Cory Spencer only produced his first set of documents on November 4, 2016.   Additionally, the parties have only taken 6 out of the 20 possible depositions – Jeff Kepley, Cory Spencer, Diana Milena Reed, Angelo Ferrara, Anton Dahlerbruch, and Mr. Blakeman – all of which took place within the last month.   Thus, it is clear that the parties are in the early stages of discovery. Discovery is far from being "substantially complete"; therefore, Plaintiffs need not respond to Defendant Blakeman's premature contention interrogatories.

11.   IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' Seventh Cause of Action in the Complaint (Battery) against BRANT BLAKEMAN,  and  for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

**Plaintiffs' Response to Interrogatory #11**

Responding party objects to this interrogatory as unduly burdensome, harassing, and duplicative of information disclosed in Responding Party's Rule 26(a) disclosures and supplemental disclosures.  Propounding Party may look to Responding Party's Rule 26(a) disclosures and supplemental disclosures for the information sought by this interrogatory.  Moreover, Responding Party had the opportunity to depose Mr. Spencer on this topic.

Responding party further objects to this interrogatory as compound.  This "interrogatory" contains multiple impermissible subparts, which Propounding Party has propounded in an effort to circumvent the numerical limitations on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

Responding Party further objects to this interrogatory on the grounds that it seeks information that is outside of Responding Party's knowledge.

130

1   Responding Party further objects to the extent that this interrogatory invades
2   attorney-client privilege and/or violates the work product doctrine by compelling
3   Responding Party to disclose privileged communications and/or litigation strategy.
4   Responding Party will not provide any such information.

5   Responding Party further objects to this interrogatory as premature.  Because
6   this interrogatory seeks or necessarily relies upon a contention, and because this
7   matter is in its early stages and pretrial discovery has only just begun, Responding
8   Party is unable to provide a complete response at this time, nor is it required to do
9   so.  See *Kmiec v. Powerwave Techs. Inc. et al*., 2014 WL 11512195 (C.D. Cal.
10  Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929
11  (S.D. Cal. Jan. 31 2014) at *1-2.; see also Fed. R. Civ. P. 33(a)(2) ("the court may
12  order that [a contention] interrogatory need not be answered until designated
13  discovery is complete, or until a pretrial conference or some other time.").

14  Based on the foregoing objections, Responding Party will not respond to this
15  interrogatory at this time.

16  **Defendant Brant Blakeman's Contention**

17  The Interrogatory seeks witness information pertaining to any and all
18  persons who plaintiffs claim support a specific contention made against Brant
19  Blakeman in his personal capacity, not as a member of a group but as an
20  individual.

21  The interrogatories at issue merely seek the identification of witnesses and
22  the identification of the facts believed to be within those witnesses knowledge
23  purportedly supporting plaintiffs' specific allegations against Mr. Blakeman in his
24  personal capacity.

25  The discovery requests defined "BRANT BLAKEMAN" as follows:

26  BRANT BLAKEMAN means only Brant Blakeman in his
    individual capacity. This definition expressly excludes
27  Brant Blakeman as an alleged member of what plaintiff
    alleges are the "Lunada Bay Boys." This definition
28  expressly excludes the actions or omissions of any other

131

PERSON other than Brant Blakeman in his individual capacity.   This definition expressly excludes acts of PERSONS other than Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil Conspiracy.

Failure to produce the information sought by the Interrogatory is intended only to prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are pressing for Mr. Blakeman's deposition for which they are purposely hoping to take while he is unprepared in his defense to plaintiffs' contentions against him.

The response offers only uniform boilerplate objections.  Based on those objections, the response asserts that no answers to the requests will be provided.  Because the objections are unmeritorious, a further, substantive response must be compelled.

## 1.   Undue Burden, Harassment, and Duplication

Plaintiff contends that identifying the witnesses to the claims against Mr. Blakeman is unduly burdensome and harassing and the information can be found in the initial and supplemental disclosures.  Plaintiffs in their initial disclosure identify only one witness with potential knowledge concerning Mr. Blakeman, Ken Claypool.  If this is the only witness that plaintiff is aware of for the inquiry presented by this Interrogatory, then it certainly strains reason that answering it is burdensome or harassing.  If there are other witnesses that allege Mr. Blakeman did some act those witnesses likewise should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the interrogatory.

## 2.   The Interrogatory is Compound and has Subparts

Plaintiff contends the Interrogatory is designed to circumvent the numerical limitations provided in FRCP Rule 33(a)(1).   This objection wholly lacks merit. The Interrogatory seeks the identification of a witness and the facts within that

witnesses knowledge.  FRCP Rule 33 allows the interrogatories to include "discrete subparts."  Seeking the identification of witnesses and the facts within their knowledge are considered one interrogatory. (See *Chapman v. California Dept. of Educ.,* 2002 WL 32854376, at *1 (N.D.Cal.,2002)).  For sake of mathematical exercise, even were one to entertain the contention that the Interrogatory did not contain discrete subparts, there are only two: 12 interrogatories multiplied by two equals 24, which is within the limits of FRCP Rule 33 which allows for 25 interrogatories.

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatory.

### 3.     The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge

Plaintiff alleges that the Interrogatory seeks information outside of plaintiff's knowledge.  This objection either wholly lacks merit or there are very troubling issues related to the plaintiffs' and their counsels' obligations under FRCP Rule 11.

How is it that plaintiff can bring such egregious allegations without some personal knowledge of witnesses who will support the allegations (including the plaintiff's own knowledge)?  Are plaintiff's openly admitting this is a fishing expedition against Mr. Blakeman and they were in violation of Rule 11 when the complaint was filed?  If plaintiff does not have knowledge the identity of witnesses that support allegations, the response should merely state there are none. Otherwise the witnesses should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatories.

### 4.     The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine

Plaintiff objects that identifying witnesses and the facts within a witnesses knowledge that supports allegations that Mr. Blakeman acted in some manner

invades the attorney client privilege.  There is no legal support for withholding witnesses identities based on the attorney client privilege.  Personal knowledge about facts are not privileged.  "[T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing." (*Upjohn Co. v. U.S.,* 101 S.Ct. 677, 685-86, 449 U.S. 383, 395-96 (U.S.Mich.,1981)).

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatory.

## 5.     The Interrogatory is Premature as a Contention Interrogatory

Plaintiff alleges the Interrogatory seeks a contention and due to the early state of litigation and pre-trial discovery, responding party is unable to provide a complete response and, in any event, it is required to so; citing to *Kmiec v. Powerwave Techs. Inc.* et al., 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929 (S.D. Cal. Jan. 31 2014) at *1-2.; and FRCP Rule 33(a)(2).

While this is an argument that contention interrogatories can be delayed, the subject interrogatories do not fall into that context; the responding party is the party making the allegations, not the one responding to the allegations.

This action involves plaintiffs (bound by their own pleading) in their individual capacities, as well as representative capacities, alleging intentional torts, nuisance, and negligence against Mr. Blakeman.  The allegations against Mr. Blakeman which each of these plaintiffs make include accusation of involvement in "predicate crimes" which include, for example, murder, mayhem, counterfeiting, rape and similar egregious crimes.  Having made these allegations Plaintiffs must have some idea of the witnesses, documents or facts to support the allegations. Plaintiffs' counsel must also have some basis else they run afoul of Rule 11.

No substantive responses are provided.  It is likely that no basis exists for these allegations against Mr. Blakeman; he is entitled to know the basis before

__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.: 2-16-CV-2129

1   facing a deposition by ambush.

2       Plaintiffs' refusal is fatally flawed in any event.   The cases cited are

3   inapposite.

4       *Kmeic* was a securities litigation matter.   In context, *Kmeic* reasoned that

5   asking contention interrogatories to a shareholder plaintiff early in litigation

6   required more time for the litigation to develop.   Such is not the case with the

7   issues involved in this litigation, where Plaintiffs each claim to represent a class of

8   people and make specific allegations against Mr. Blakeman for which (if pled

9   honestly) Plaintiffs alone have the supporting facts.

10      *Folz* related to contention interrogatories on defendant's affirmative

11  defenses; something that clearly would involve significantly more discovery to

12  develop than is the situation here where defendant is simply seeking information

13  regarding contention's made by plaintiffs in their initial pleadings; seeking only the

14  identification of witnesses that support plaintiffs' contentions that Mr. Blakeman

15  committed some act.   This information will allow Mr. Blakeman to depose such

16  persons and to have a "just, speedy, and inexpensive determination [in this ]

17  action." (FRCP Rule 1.)

18      The identification of witnesses is important not only to Mr. Blakeman's

19  defense but also because they would contribute meaningfully to narrow the scope

20  of the issues in dispute, set up early settlement discussions, and expose the

21  potential bases for a Rule 11 motion and Rule 56 motion. (See *HTC Corp. v.*

22  *Technology Properties Ltd.*, 2011 WL 97787, at *2 (N.D.Cal.,2011) These factors

23  are important in assessing whether it would be appropriate for the early use of

24  contention interrogatories(See *In re Convergent Technologies Securities Litigation*,

25  108 F.R.D. 328, 338-339 (N.D.Cal.,1985). Notably Blakeman intends to pursue

26  Rule 56 motions as there appears to be no evidence supporting the causes of action

27  against him.   It also appears that there is a lack of evidence to even support

28  probable cause to pursue an action against him and a Rule 11 motion is likewise

__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.: 2-16-CV-2129

1    being considered.  The discovery is thus also intended to ferret out what appears to
2    be baseless character assassination.

3     *In re Convergent Technologies Securities Litigation* recognized the
4    importance of the identification of witnesses as a type of contention interrogatory
5    that is appropriate. (Id. 108 F.R.D. at 332-333).  This case, often cited for the
6    frame work it provides related to contention interrogatories, also noted that the
7    frame work does not apply to the identity of witnesses with knowledge of the facts
8    giving rise to the litigation or documents supporting material factual allegations.
9    (See Id.)  The Court compelled the disclosure of the identity of witnesses early in
10   litigation.  (Id. 108 F.R.D. at 332-333).

11    The *In re Convergent Technologies Securities Litigation* frame work to be
12   applied to contention interrogatories has been examined in the Central District of
13   California in *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175
14   F.R.D. 646, 651 (C.D. Cal. 1997).  This Court, in Cable & Computer Tech., Inc.,
15   explicated the evolution of the analysis of when contention interrogatories were
16   appropriate.

17    Judge Chapman in *Cable & Computer Tech., Inc.* first noted the purpose of
18   the Federal Rules of Civil Procedure.

19    Rule 1 of the Federal Rules of Civil Procedure directs that the rules "shall be
20   construed to secure the just, speedy, and inexpensive determination of every
21   action." "There probably is no provision in the federal rules that is more important
22   than this mandate. It reflects the spirit in which the rules were conceived and
23   written, and in which they should be, and by and large have been, interpreted.....
24   The Supreme Court of the United States has stated that these rules 'are to be
25   accorded a broad and liberal treatment'." *Trevino v. Celanese Corp.*, 701 F.2d 397,
26   405 (5th Cir.1983) (citing *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385,
27   391, 91 L.Ed. 451 (1947) and *Schlagenhauf v. Holder*, 379 U.S. 104, 114–15, 85
28   S.Ct. 234, 240, 13 L.Ed.2d 152 (1964)).  (*Cable & Computer Tech., Inc. v.*

1  *Lockheed Saunders, Inc.*, 175 F. R. D. 646, 650 (C.D. Cal. 1997).)

2      Judge Chapman allayed concerns about early use of contention

3  interrogatories and recognized that contention interrogatories are allowed under the

4  Federal Rules of Civil Procedure.  Any concern about limiting proof based on

5  limited answers to  interrogatories is not well-founded because such answers may

6  be withdrawn or amended, and parties have an ongoing obligation to "seasonably

7  amend" answers throughout the litigation. (See Id., 175 F.D.R. at 650-651.)

8      Judge Chapman then noted that Judge Brazil, the author of *In re Convergent*

9  *Technologies   Securities   Litigation*, had recently even acknowledged the

10  importance of early use of contention interrogatories in certain matters:

11          In *Convergent Technologies*, Judge Wayne D. Brazil, in a very
          thoughtful opinion, held that the 1983 amendments to Fed.R.Civ.P.
12          26(b) compelled his conclusion that the "wisest course is not to
          preclude entirely the early use of contention interrogatories, but to
13          place a burden of justification on the party who seeks answers to
          these kinds of questions before substantial documentary or
14          testimonial discovery has been completed.... [T]he propounding
          party must present specific, plausible grounds for believing that
15          securing early answers to its contention questions will materially
          advance the goals of the Federal Rules of Civil Procedure." 108
16          F.R.D. at 338–39. More recently, however, Judge Brazil has
          modified his position, noting that contention interrogatories may in
17          certain cases be the most reliable and cost-effective discovery
          device, which would be less burdensome than depositions at which
18          contention questions are propounded. *See McCormick–Morgan,
          Inc.   v.   Teledyne   Industries,   Inc.,*   134   F.R.D.   275,   287
19          (N.D.Cal.1991)   (holding   appropriately   framed   and   timed
          contention interrogatories rather than depositions in patent
20          infringement action was most appropriate vehicle for establishing
          infringers' contentions).   *Cable   &   Computer   Tech.,   Inc.   v.*
21          *Lockheed Saunders, Inc.*, 175 F.R.D. 646, 651–52 (C.D. Cal.
          1997).

22

23      In fact Judge Chapman, instead of placing the burden on the party

24  propounding the request in justifying the need for early discovery on such issues,

25  found placing the burden on the party opposing responding to the request, as is

26  done normally, was more appropriate.  (See Id., 175 F.R.D. at 652.)

27       In this case, though, the requests made by Blakeman are appropriate no

28  matter what analysis is applied to his alleged "contention interrogatories."  The

__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.: 2-16-CV-2129

requests seek to identify witnesses.  If Blakeman has the burden to show this is necessary he easily meets it as there is no way he can potentially defend his case, bring motions under Rule 56, or bring motions under Rule 11 without knowing the witnesses who supposedly support the allegations he is in a gang, that he commits intentional torts of criminal nature, or that he is engaged in some act of negligence. Alternatively, plaintiffs cannot show that they could even meet  their burden in resisting disclosure of this information.

How could plaintiffs bring such egregious allegations (i.e. assault, battery, violations of the Bane act) without having some witness to such acts by Mr. Blakeman let alone a witness who is a victim of such acts.  This is compounded by the Plaintiffs' initial disclosures that list only one witness who has some vague unspecified knowledge about Blakeman.

Surely Mr. Blakeman, who is accused of such things, and has timely requested supporting information for these very specific allegations, should have the opportunity to know about and to depose the witnesses who allegedly support such allegations.  Surely if no such persons exist then the lack of such evidence must be exposed.  Failing to indicate whether such evidence exists or does not exists only serves to thwart the truth and the spirit of the Federal Rules of Civil Procedure.

Plaintiffs' objection is not a basis to avoid answering this interrogatory.

**Plaintiffs' Contention**

Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection. Plaintiffs are entitled to – and fully intend to – supplement their discovery responses when they "learn[] that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A).  Additionally, Defendant Blakeman is in control of much of the information needed to respond to his contention interrogatories but, to date, has refused to produce any documents or

videos in response to Plaintiffs' discovery requests and in violation of his obligations under Federal Rule 26(a).

### 1.   Unduly Burdensome, Harassing, and Duplicative

Plaintiffs objected to Mr. Blakeman's request to identify witnesses to the claims against Blakeman on the grounds that they already disclosed the names of potential witnesses in their initial and supplemental disclosures.   Specifically, Plaintiffs listed 105 witnesses in its October 2, 2016 supplemental disclosures, a number of whom likely witnessed the claims pertaining to Mr. Blakeman.

Mr. Blakeman already has the list of potential witnesses in his possession. Therefore, it would be unduly burdensome, harassing, and duplicative for Plaintiffs to be compelled to identify these witnesses again.

### 2.   Compound

Plaintiffs objected to Mr. Blakeman's requests to identify persons with knowledge of facts supporting their contentions and facts within each person's knowledge on the basis that they are compound. Fed. R. Civ. Proc. 33(a)(1) limits a party to 25 interrogatories propounded on any other party, including all discrete subparts.

Courts have consistently concluded that an interrogatory that asks a party to identify facts, documents, and witnesses should count as separate interrogatories. See, e.g., *Makaeff v. Trump Univ.*, LLC, 2014 WL 3490356, at *7 (S.D. Cal. July 11, 2014) (concluding the interrogatory "contains 3 discrete subparts [for facts, documents, and witnesses,] and these subparts must be multiplied by the number of RFAs that were not unqualified admissions"); *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (request for facts, persons, and documents constitutes three distinct interrogatories); *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS 21578, 13-14 (E.D. Cal. Feb. 21, 2012) (same).

Mr. Blakeman's attempt to subvert the rules by asking interrogatories containing multiple impermissible subparts is wholly improper and therefore

1   Plaintiffs' objection on this ground was appropriate.

2           3.      Information Outside Plaintiff's Knowledge

3           Plaintiffs adamantly deny Mr. Blakeman's insinuation that they or their

4   counsel have violated Fed. R. Civ. Proc. 11 regarding the identification of

5   witnesses to support their allegations.  To the contrary, Plaintiffs have identified in

6   their October 2, 2016, supplemental disclosures 105 witnesses who may possess

7   knowledge of the allegations.  Moreover, discovery in this matter is in its infancy.

8   To the extent Plaintiffs identify additional witnesses who support their claims

9   throughout the course of discovery in this matter, Plaintiffs are aware of their

10  obligation under the Federal Rules to timely supplement their discovery and

11  disclosures.

12          Plaintiffs' objection on the grounds that the interrogatories seek information

13  outside their knowledge is an objection *only to the extent* that the information

14  sought is outside the individually-responding Plaintiff's knowledge.   Although

15  Plaintiffs neglected to include the words "to the extent that" preceding these

16  written objections, that is the objection that Plaintiffs assert.  Plaintiffs can amend

17  their objections to include this wording, if the Court so orders.

18          4.      Attorney-Client Privilege and Attorney Work Product Doctrine

19          Plaintiffs objected to the interrogatories *to the extent that* they invade the

20  attorney-client privilege and/or the work product doctrine by compelling privileged

21  communication and/or litigation strategy.  These objections are worded such that

22  either the attorney-client privilege or the attorney work product doctrine (or both)

23  could protect the information from disclosure.  The objections do not state that

24  both privileges necessarily apply to each piece of information sought.

25          Furthermore, Plaintiffs do not claim that all information sought is privileged,

26  as evidenced by the inclusion of "to the extent that" preceding these objections.

27  Rather, Plaintiffs have applied the work product doctrine to protect trial

28  preparation materials that reveal attorney strategy, intended lines of proof,

140

1  evaluations of strengths and weaknesses, and inferences drawn from interviews.

2  Fed. R. Civ. Proc. 26(b)(3); *Hickman v. Taylor*, 329 U. S. 495, 511 (1947).

3  Plaintiffs have applied the attorney-client privilege to protect confidential

4  communications with their counsel.  *United States v. Graf*, 610 F. 3d 1148, 1156

5  (9th Cir. 2010).

6        5.     Premature Contention Interrogatories

7       Plaintiffs objected to Mr. Blakeman's interrogatories as premature because

8  they seek or necessarily rely upon a contention.  Fed. R. Civ. P. 33(a)(2); *Kmiec v.*

9  *Powerwave Techs. Inc.*, et al., 2014 WL 11512195 (C.D. Cal Dec. 2, 2014) at \*1;

10  *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31,

11  2014) at \*1-2.  This objection was proper.

12       Contention interrogatories need not be answered until discovery is

13  "substantially complete."  See Fed. R. Civ. P. 33(a)(2).  In *Kmiec*, the court held

14  that discovery was not "substantially complete" when the discovery cutoff was 4

15  months away and depositions of fact witnesses or defendants had not yet occurred.

16  The court opined that "[i]f Defendants had completed their document production,

17  depositions were under way, and the discovery cutoff date was just a month or so

18  away, Defendants **might** be entitled to the information they seek.  But under the

19  circumstances here, Defendants' interrogatories are premature."  *Kmiec*, at \*1

20  (emphasis added).

21       Similarly, the *Folz* court found that discovery was not substantially complete

22  and the responding party had adequate time to supplement his answers when the

23  discovery cutoff was 8 months away.  *Folz*, at \*3.  Even the case Mr. Blakeman

24  cited, *HTC Corp. v. Tech. Properties Ltd*., 2011 WL 97787 (N.D. Cal. Jan. 12,

25  2011), held that the responding party did not need to respond to contention

26  interrogatories because discovery was "still in full-swing."  *HTC Corp*., at \*3.

27       In the instant lawsuit, the discovery cutoff is more than 9 months away, on

28  August 7, 2017.  None of the individual Defendants – including Mr. Blakeman –

have produced any documents despite Plaintiffs' requests for production, and Plaintiff Cory Spencer only produced his first set of documents on November 4, 2016.    Additionally, the parties have only taken 6 out of the 20 possible depositions – Jeff Kepley, Cory Spencer, Diana Milena Reed, Angelo Ferrara, Anton Dahlerbruch, and Mr. Blakeman – all of which took place within the last month.   Thus, it is clear that the parties are in the early stages of discovery. Discovery is far from being "substantially complete"; therefore, Plaintiffs need not respond to Defendant Blakeman's premature contention interrogatories.

12.    IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' Eighth Cause of Action in the Complaint (Negligence) against BRANT BLAKEMAN,  and  for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

### **Plaintiffs' Response to Interrogatory #12**

Responding party objects to this interrogatory as unduly burdensome, harassing, and duplicative of information disclosed in Responding Party's Rule 26(a) disclosures and supplemental disclosures.  Propounding Party may look to Responding Party's Rule 26(a) disclosures and supplemental disclosures for the information sought by this interrogatory.  Moreover, Responding Party had the opportunity to depose Mr. Spencer on this topic.

Responding party further objects to this interrogatory as compound.  This "interrogatory" contains multiple impermissible subparts, which Propounding Party has propounded in an effort to circumvent the numerical limitations on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

Responding Party further objects to this interrogatory on the grounds that it seeks information that is outside of Responding Party's knowledge.

Responding Party further objects to the extent that this interrogatory invades attorney-client privilege and/or violates the work product doctrine by compelling

1   Responding Party to disclose privileged communications and/or litigation strategy.
2   Responding Party will not provide any such information.

3          Responding Party further objects to this interrogatory as premature.  Because
4   this interrogatory seeks or necessarily relies upon a contention, and because this
5   matter is in its early stages and pretrial discovery has only just begun, Responding
6   Party is unable to provide a complete response at this time, nor is it required to do
7   so.  See *Kmiec v. Powerwave Techs. Inc. et al.*, 2014 WL 11512195 (C.D. Cal.
8   Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929
9   (S.D. Cal. Jan. 31 2014) at *1-2.; see also Fed. R. Civ. P. 33(a)(2) ("the court may
10  order that [a contention] interrogatory need not be answered until designated
11  discovery is complete, or until a pretrial conference or some other time.").

12         Based on the foregoing objections, Responding Party will not respond to this
13  interrogatory at this time.

14         **Defendant Brant Blakeman's Contention**

15         The Interrogatory seeks witness information pertaining to any and all
16  persons who plaintiffs claim support a specific contention made against Brant
17  Blakeman in his personal capacity, not as a member of a group but as an
18  individual.

19         The interrogatories at issue merely seek the identification of witnesses and
20  the identification of the facts believed to be within those witnesses knowledge
21  purportedly supporting plaintiffs' specific allegations against Mr. Blakeman in his
22  personal capacity.

23         The discovery requests defined "BRANT BLAKEMAN" as follows:

24         BRANT BLAKEMAN means only Brant Blakeman in his
           individual capacity. This definition expressly excludes
25         Brant Blakeman as an alleged member of what plaintiff
26         alleges are the "Lunada Bay Boys." This definition
           expressly excludes the actions or omissions of any other
27         PERSON other than Brant Blakeman in his individual
28         capacity.    This definition expressly excludes acts of

PERSONS other than Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil Conspiracy.

Failure to produce the information sought by the Interrogatory is intended only to prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are pressing for Mr. Blakeman's deposition for which they are purposely hoping to take while he is unprepared in his defense to plaintiffs' contentions against him.

The response offers only uniform boilerplate objections.  Based on those objections, the response asserts that no answers to the requests will be provided. Because the objections are unmeritorious, a further, substantive response must be compelled.

1.      **Undue Burden, Harassment, and Duplication**

Plaintiff contends that identifying the witnesses to the claims against Mr. Blakeman is unduly burdensome and harassing and the information can be found in the initial and supplemental disclosures.  Plaintiffs in their initial disclosure identify only one witness with potential knowledge concerning Mr. Blakeman, Ken Claypool.  If this is the only witness that plaintiff is aware of for the inquiry presented by this Interrogatory, then it certainly strains reason that answering it is burdensome or harassing.  If there are other witnesses that allege Mr. Blakeman did some act those witnesses likewise should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the interrogatory.

///

///

///

///

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

## 2.    The Interrogatory is Compound and has Subparts

Plaintiff contends the Interrogatory is designed to circumvent the numerical limitations provided in FRCP Rule 33(a)(1).   This objection wholly lacks merit. The Interrogatory seeks the identification of a witness and the facts within that witnesses knowledge.   FRCP Rule 33 allows the interrogatories to include "discrete subparts."   Seeking the identification of witnesses and the facts within their knowledge are considered one interrogatory. (See *Chapman v. California Dept. of Educ.*, 2002 WL 32854376, at *1 (N.D.Cal.,2002)).   For sake of mathematical exercise, even were one to entertain the contention that the Interrogatory did not contain discrete subparts, there are only two: 12 interrogatories multiplied by two equals 24, which is within the limits of FRCP Rule 33 which allows for 25 interrogatories.

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatory.

## 3.    The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge

Plaintiff alleges that the Interrogatory seeks information outside of plaintiff's knowledge.   This objection either wholly lacks merit or there are very troubling issues related to the plaintiffs' and their counsels' obligations under FRCP Rule 11.

How is it that plaintiff can bring such egregious allegations without some personal knowledge of witnesses who will support the allegations (including the plaintiff's own knowledge)?   Are plaintiff's openly admitting this is a fishing expedition against Mr. Blakeman and they were in violation of Rule 11 when the complaint was filed?  If plaintiff does not have knowledge the identity of witnesses that support allegations, the response should merely state there are none. Otherwise the witnesses should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatories.

**4.      The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine**

Plaintiff objects that identifying witnesses and the facts within a witnesses knowledge that supports allegations that Mr. Blakeman acted in some manner invades the attorney client privilege.  There is no legal support for withholding witnesses identities based on the attorney client privilege.  Personal knowledge about facts are not privileged.  "[T]he protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing." (*Upjohn Co. v. U.S.*, 101 S.Ct. 677, 685-86, 449 U.S. 383, 395-96 (U.S.Mich.,1981)).

This objection by plaintiff is not a justification to refuse to provide a response to the Interrogatory.

**5.      The Interrogatory is Premature as a Contention Interrogatory**

Plaintiff alleges the Interrogatory seeks a contention and due to the early state of litigation and pre-trial discovery, responding party is unable to provide a complete response and, in any event, it is required to so; citing to *Kmiec v. Powerwave Techs. Inc. et al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL357929 (S.D. Cal. Jan. 31 2014) at *1-2.; and FRCP Rule 33(a)(2).

While this is an argument that contention interrogatories can be delayed, the subject interrogatories do not fall into that context; the responding party is the party making the allegations, not the one responding to the allegations.

This action involves plaintiffs (bound by their own pleading) in their individual capacities, as well as representative capacities, alleging intentional torts, nuisance, and negligence against Mr. Blakeman.  The allegations against Mr. Blakeman which each of these plaintiffs make include accusation of involvement in "predicate crimes" which include, for example, murder, mayhem, counterfeiting, rape and similar egregious crimes.  Having made these allegations Plaintiffs must

have some idea of the witnesses, documents or facts to support the allegations. Plaintiffs' counsel must also have some basis else they run afoul of Rule 11.

No substantive responses are provided. It is likely that no basis exists for these allegations against Mr. Blakeman; he is entitled to know the basis before facing a deposition by ambush.

Plaintiffs' refusal is fatally flawed in any event. The cases cited are inapposite.

*Kmeic* was a securities litigation matter. In context, *Kmeic* reasoned that asking contention interrogatories to a shareholder plaintiff early in litigation required more time for the litigation to develop. Such is not the case with the issues involved in this litigation, where Plaintiffs each claim to represent a class of people and make specific allegations against Mr. Blakeman for which (if pled honestly) Plaintiffs alone have the supporting facts.

*Folz* related to contention interrogatories on defendant's affirmative defenses; something that clearly would involve significantly more discovery to develop than is the situation here where defendant is simply seeking information regarding contention's made by plaintiffs in their initial pleadings; seeking only the identification of witnesses that support plaintiffs' contentions that Mr. Blakeman committed some act. This information will allow Mr. Blakeman to depose such persons and to have a "just, speedy, and inexpensive determination [in this ] action." (FRCP Rule 1.)

The identification of witnesses is important not only to Mr. Blakeman's defense but also because they would contribute meaningfully to narrow the scope of the issues in dispute, set up early settlement discussions, and expose the potential bases for a Rule 11 motion and Rule 56 motion. (See *HTC Corp. v. Technology Properties Ltd.*, 2011 WL 97787, at *2 (N.D.Cal.,2011) These factors are important in assessing whether it would be appropriate for the early use of contention interrogatories(See *In re Convergent Technologies Securities Litigation*,

1  108 F.R.D. 328, 338-339 (N.D.Cal.,1985). Notably Blakeman intends to pursue

2  Rule 56 motions as there appears to be no evidence supporting the causes of action

3  against him.  It also appears that there is a lack of evidence to even support

4  probable cause to pursue an action against him and a Rule 11 motion is likewise

5  being considered.  The discovery is thus also intended to ferret out what appears to

6  be baseless character assassination.

7       *In re Convergent Technologies Securities Litigation* recognized the

8  importance of the identification of witnesses as a type of contention interrogatory

9  that is appropriate. (Id. 108 F.R.D. at 332-333).  This case, often cited for the

10 frame work it provides related to contention interrogatories, also noted that the

11 frame work does not apply to the identity of witnesses with knowledge of the facts

12 giving rise to the litigation or documents supporting material factual allegations.

13 (See Id.)  The Court compelled the disclosure of the identity of witnesses early in

14 litigation.  (Id. 108 F.R.D. at 332-333).

15      The *In re Convergent Technologies Securities Litigation* frame work to be

16 applied to contention interrogatories has been examined in the Central District of

17 California in *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175

18 F.R.D. 646, 651 (C.D. Cal. 1997).  This Court, in *Cable & Computer Tech., Inc.,*

19 explicated the evolution of the analysis of when contention interrogatories were

20 appropriate.

21      Judge Chapman in *Cable & Computer Tech., Inc.* first noted the purpose of

22 the Federal Rules of Civil Procedure.  Rule 1 of the Federal Rules of Civil

23 Procedure directs that the rules "shall be construed to secure the just, speedy, and

24 inexpensive determination of every action." "There probably is no provision in the

25 federal rules that is more important than this mandate. It reflects the spirit in which

26 the rules were conceived and written, and in which they should be, and by and

27 large have been, interpreted..... The Supreme Court of the United States has stated

28 that these rules 'are to be accorded a broad and liberal treatment'." *Trevino v.*

1  *Celanese Corp.*, 701 F.2d 397, 405 (5th Cir.1983) (citing *Hickman v. Taylor*, 329

2  U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947) and *Schlagenhauf v. Holder*,

3  379 U.S. 104, 114–15, 85 S.Ct. 234, 240, 13 L.Ed.2d 152 (1964)).  (Cable &

4  *Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 650 (C.D. Cal.

5  1997).)

6       Judge Chapman allayed concerns about early use of contention

7  interrogatories and recognized that contention interrogatories are allowed under the

8  Federal Rules of Civil Procedure.  Any concern about limiting proof based on

9  limited answers to  interrogatories is not well-founded because such answers may

10 be withdrawn or amended, and parties have an ongoing obligation to "seasonably

11 amend" answers throughout the litigation. (See Id., 175 F.D.R. at 650-651.)

12       Judge Chapman then noted that Judge Brazil, the author of *In re Convergent*

13 *Technologies Securities Litigation*, had recently even acknowledged the

14 importance of early use of contention interrogatories in certain matters:

>      In *Convergent Technologies*, Judge Wayne D. Brazil, in a
>      very thoughtful opinion, held that the 1983 amendments to
>      Fed.R.Civ.P. 26(b) compelled his conclusion that the
>      "wisest course is not to preclude entirely the early use of
>      contention interrogatories, but to place a burden of
>      justification on the party who seeks answers to these kinds
>      of questions before substantial documentary or testimonial
>      discovery has been completed.... [T]he propounding party
>      must present specific, plausible grounds for believing that
>      securing early answers to its contention questions will
>      materially advance the goals of the Federal Rules of Civil
>      Procedure." 108 F.R.D. at 338–39. More recently,
>      however, Judge Brazil has modified his position, noting
>      that contention interrogatories may in certain cases be the
>      most reliable and cost-effective discovery device, which
>      would be less burdensome than depositions at which
>      contention questions are propounded. See McCormick–
>      *Morgan, Inc. v. Teledyne Industries, Inc.,* 134 F.R.D. 275,
>      287 (N.D.Cal.1991) (holding appropriately framed and
>      timed contention interrogatories rather than depositions in
>      patent infringement action was most appropriate vehicle
>      for establishing infringers' contentions).  *Cable &
>      Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175
>      F.R.D. 646, 651–52 (C.D. Cal. 1997).

28

1    In fact   Judge Chapman, instead of placing the burden on the party

2    propounding the request in justifying the need for early discovery on such issues,

3    found placing the burden on the party opposing responding to the request, as is

4    done normally, was more appropriate.  (See Id., 175 F.R.D. at 652.)

5        In this case, though, the requests made by Blakeman are appropriate no

6    matter what analysis is applied to his alleged "contention interrogatories."   The

7    requests seek to identify witnesses.  If Blakeman has the burden to show this is

8    necessary he easily meets it as there is no way he can potentially defend his case,

9    bring motions under Rule 56, or bring motions under Rule 11 without knowing the

10   witnesses who supposedly support the allegations he is in a gang, that he commits

11   intentional torts of criminal nature, or that he is engaged in some act of negligence.

12   Alternatively, plaintiffs cannot show that they could even meet  their burden in

13   resisting disclosure of this information.

14       How could plaintiffs' bring such egregious allegations (i.e. assault, battery,

15   violations of the Bane act) without having some witness to such acts by Mr.

16   Blakeman let alone a witness who is a victim of such acts.  This is compounded by

17   the Plaintiffs' initial disclosures that list only one witness who has some vague

18   unspecified knowledge about Blakeman.

19       Surely Mr. Blakeman, who is accused of such things, and has timely

20   requested supporting information for these very specific allegations, should have

21   the opportunity to know about and to depose the witnesses who allegedly support

22   such allegations.  Surely if no such persons exist then the lack of such evidence

23   must be exposed.  Failing to indicate whether such evidence exists or does not

24   exists only serves to thwart the truth and the spirit of the Federal Rules of Civil

25   Procedure.

26       Plaintiffs' objection is not a basis to avoid answering this interrogatory.

27   **Plaintiffs' Contention**

28   Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy

150

Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection. Plaintiffs are entitled to – and fully intend to – supplement their discovery responses when they "learn[] that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  Additionally, Defendant Blakeman is in control of much of the information needed to respond to his contention interrogatories but, to date, has refused to produce any documents or videos in response to Plaintiffs' discovery requests and in violation of his obligations under Federal Rule 26(a).

1.    Unduly Burdensome, Harassing, and Duplicative

Plaintiffs objected to Mr. Blakeman's request to identify witnesses to the claims against Blakeman on the grounds that they already disclosed the names of potential witnesses in their initial and supplemental disclosures.  Specifically, Plaintiffs listed 105 witnesses in its October 2, 2016 supplemental disclosures, a number of whom likely witnessed the claims pertaining to Mr. Blakeman.

Mr. Blakeman already has the list of potential witnesses in his possession. Therefore, it would be unduly burdensome, harassing, and duplicative for Plaintiffs to be compelled to identify these witnesses again.

2.    Compound

Plaintiffs objected to Mr. Blakeman's requests to identify persons with knowledge of facts supporting their contentions and facts within each person's knowledge on the basis that they are compound. Fed. R. Civ. Proc. 33(a)(1) limits a party to 25 interrogatories propounded on any other party, including all discrete subparts.

Courts have consistently concluded that an interrogatory that asks a party to identify facts, documents, and witnesses should count as separate interrogatories. See, e.g., *Makaeff v. Trump Univ*., LLC, 2014 WL 3490356, at *7 (S.D. Cal. July 11, 2014) (concluding the interrogatory "contains 3 discrete subparts [for facts, documents, and witnesses,] and these subparts must be multiplied by the number of

RFAs that were not unqualified admissions"); *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (request for facts, persons, and documents constitutes three distinct interrogatories); *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS 21578, 13-14 (E.D. Cal. Feb. 21, 2012) (same).

Mr. Blakeman's attempt to subvert the rules by asking interrogatories containing multiple impermissible subparts is wholly improper and therefore Plaintiffs' objection on this ground was appropriate.

### 3. <u>Information Outside Plaintiff's Knowledge</u>

Plaintiffs adamantly deny Mr. Blakeman's insinuation that they or their counsel have violated Fed. R. Civ. Proc. 11 regarding the identification of witnesses to support their allegations.  To the contrary, Plaintiffs have identified in their October 2, 2016, supplemental disclosures 105 witnesses who may possess knowledge of the allegations.  Moreover, discovery in this matter is in its infancy. To the extent Plaintiffs identify additional witnesses who support their claims throughout the course of discovery in this matter, Plaintiffs are aware of their obligation under the Federal Rules to timely supplement their discovery and disclosures.

Plaintiffs' objection on the grounds that the interrogatories seek information outside their knowledge is an objection *only to the extent* that the information sought is outside the individually-responding Plaintiff's knowledge.   Although Plaintiffs neglected to include the words "to the extent that" preceding these written objections, that is the objection that Plaintiffs assert.  Plaintiffs can amend their objections to include this wording, if the Court so orders.

### 4. <u>Attorney-Client Privilege and Attorney Work Product Doctrine</u>

Plaintiffs objected to the interrogatories *to the extent that* they invade the attorney-client privilege and/or the work product doctrine by compelling privileged communication and/or litigation strategy.  These objections are worded such that either the attorney-client privilege or the attorney work product doctrine (or both)

1    could protect the information from disclosure.  The objections do not state that

2    both privileges necessarily apply to each piece of information sought.

3    Furthermore, Plaintiffs do not claim that all information sought is privileged,

4    as evidenced by the inclusion of "to the extent that" preceding these objections.

5    Rather, Plaintiffs have applied the work product doctrine to protect trial

6    preparation materials that reveal attorney strategy, intended lines of proof,

7    evaluations of strengths and weaknesses, and inferences drawn from interviews.

8    Fed. R. Civ. Proc. 26(b)(3); *Hickman v. Taylor*, 329 U. S. 495, 511 (1947).

9    Plaintiffs have applied the attorney-client privilege to protect confidential

10   communications with their counsel.  *United States v. Graf*, 610 F. 3d 1148, 1156

11   (9th Cir. 2010).

12   5.    Premature Contention Interrogatories

13   Plaintiffs objected to Mr. Blakeman's interrogatories as premature because

14   they seek or necessarily rely upon a contention.  Fed. R. Civ. P. 33(a)(2); *Kmiec v.*

15   *Powerwave Techs. Inc.*, et al., 2014 WL 11512195 (C.D. Cal Dec. 2, 2014) at *1;

16   *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31,

17   2014) at *1-2.  This objection was proper.

18   Contention interrogatories need not be answered until discovery is

19   "substantially complete."  See Fed. R. Civ. P. 33(a)(2).  In *Kmiec*, the court held

20   that discovery was not "substantially complete" when the discovery cutoff was 4

21   months away and depositions of fact witnesses or defendants had not yet occurred.

22   The court opined that "[i]f Defendants had completed their document production,

23   depositions were under way, and the discovery cutoff date was just a month or so

24   away, Defendants *might* be entitled to the information they seek.  But under the

25   circumstances here, Defendants' interrogatories are premature."  *Kmiec*, at *1

26   (emphasis added).

27   Similarly, the *Folz* court found that discovery was not substantially complete

28   and the responding party had adequate time to supplement his answers when the

discovery cutoff was 8 months away.  *Folz*, at *3.  Even the case Mr. Blakeman cited, *HTC Corp. v. Tech. Properties Ltd.*, 2011 WL 97787 (N.D. Cal. Jan. 12, 2011), held that the responding party did not need to respond to contention interrogatories because discovery was "still in full-swing." *HTC Corp.*, at *3.

In the instant lawsuit, the discovery cutoff is more than 9 months away, on August 7, 2017.  None of the individual Defendants – including Mr. Blakeman – have produced any documents despite Plaintiffs' requests for production, and Plaintiff Cory Spencer only produced his first set of documents on November 4, 2016.   Additionally, the parties have only taken 6 out of the 20 possible depositions – Jeff Kepley, Cory Spencer, Diana Milena Reed, Angelo Ferrara, Anton Dahlerbruch, and Mr. Blakeman – all of which took place within the last month.   Thus, it is clear that the parties are in the early stages of discovery. Discovery is far from being "substantially complete"; therefore, Plaintiffs need not respond to Defendant Blakeman's premature contention interrogatories.

**DOCUMENT REQUESTS**

Please identify and produce:

1.     Any and all DOCUMENTS that support your contention that any BRANT BLAKEMAN participated in any way in the "commission of enumerated 'predicate crimes'" as alleged in paragraph 5 of the Complaint.

**Plaintiffs' Response to Document Request #1**

Responding Party objects to this request for production as premature. Because this request for production necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a complete response at this time, nor is required to do so.  *See Kmiec v. Powerwave Techs. Inc et al.* 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; see also *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.

Responding Party further objects to this request on the grounds that it

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with reasonable particularity each item of category of items to be inspected." Propounding Party's request for production do not describe an item or category of items with reasonable particularity.

Responding Party further objects to the extent that this request for production invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy.  Responding Party will not provide any such information.

Subject to and without waiver of the foregoing objections, Responding party responds as follows:

Responding Party will produce all responsive documents within its possession, custody, or control.

### Defendant Brant Blakeman's Contention

The production request seeks documents that support plaintiff's specific contention made against Brant Blakeman in his personal capacity, not as a member of a group but as an individual.  No documents have been produced despite the response's assertion that responsive documents would be produced in response to Requests No. 1, 2, 3, 4, 5, 7, 8, and 9.

Failure to produce the information sought by the Request is intended only to prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are pressing for Mr. Blakeman's deposition for which they are purposely hoping to take while he is unprepared in his defense to plaintiffs' contentions against him.

The objections made in this response are largely without merit and it is unknown if any information is being withheld based on the objections.  If responsive material is being withheld based on any such objection, the response must so state. (See FRCP Rule 34(b)(2)(C)).  The response must also specify the part of the request being objected to. (Ibid.)  No such indication is made in the response.

1    Most importantly, the objections lack merit:

2    **1.    The Production Request is Premature as Seeking information**

3    **Related to "Contentions"**

4    Plaintiff objects that producing the information supporting its contentions is

5    premature on the same basis as it relates to contentions.  The response cites to the

6    *Kmeic* and *Folz* cases as authority.   In fact, neither of the cases address

7    "contention" production requests.  To the contrary, the Court in *In re Convergent*

8    *Technologies Securities Litigation* expressly noted that the analysis applied to

9    when contention interrogatories needed be answered does not apply to production

10   requests. (*In re Convergent Technologies Securities Litigation,* 108 F.R.D. at 333

11   ["Nor do the generalizations articulated here apply to Rule 34 requests for

12   documents that bear on material factual allegations."]).  The request at issue here

13   bears on material factual allegations plaintiff has made against Mr. Blakeman.

14   Material facts are discoverable at the outset of litigation and these facts are

15   certainly not ones that would be in the control of defendant.

16   Plaintiffs have had an opportunity through informal requests from the City of

17   Palos Verdes and in discovery in this litigation to obtain literally thousands of

18   police records related to the subject matter of this lawsuit.  In initial disclosures

19   Plaintiffs have identified hundreds of witnesses and copious documents that

20   purportedly support their case.  There is no basis in law for plaintiff to not now, at

21   this phase of discovery in the litigation, not identify those specific documents that

22   support any specific liability contentions as it applies to Mr. Blakeman as an

23   individual.  He is entitled to know precisely each liability contention - and any

24   documents that support such contention - that is being made against him so that he

25   may appropriately defend against them.

26   The objection wholly lacks merit and should be removed.

27   ///

28   ///

2.      **The Request Fails to Identify with Reasonable Particularity the Item to be Inspected**

To the contrary, the Request is quite particular.  It seeks documents that support a specific allegation made in the complaint against Mr. Blakemen.  Who better to determine what documents support this pled contention then the  plaintiffs making the allegations?

The objection wholly lacks merit and should be removed.

3.      **The Request invades the Attorney Client Privilege and Attorney Work Product Doctrine**

The Request seeks documents that support plaintiff's material allegations made against Mr. Blakeman.  It does not seek communication with plaintiffs' counsels, it does not seek information that is work product.  If plaintiffs intend to use documents offensively against Mr. Blakeman they cannot withhold such under the cloak of a privilege.

**Plaintiffs' Contention**

Contrary to Defendant's contention, Plaintiffs produced 2,029 files on November 4, 2016 (see Decl. Otten, **Exh. C**) and 22 files on November 17, 2016 (see *id.*, **Exhibit F**) containing information responsive to Mr. Blakeman's Request for Production of Documents.  Despite these productions, Mr. Blakeman has insisted on moving forward with this motion to compel, yet has altogether failed to identify any deficiencies or issues with these productions.

Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection. Plaintiffs are entitled to preserve their objections in their discovery responses under Fed. R. Civ. P. 34(b)(2)(B), as they did when they objected to Mr. Blakeman's document requests based on the premature nature of the requests, their lack of reasonable particularity, and the attorney-client privilege and/or attorney work product doctrine.

Plaintiffs are also entitled to – and fully intend to – supplement their discovery responses when they "learn[] that in some material respect the disclosure or response is incomplete or incorrect."   Fed. R. Civ. P. 26(e)(1)(A).   This is precisely what Plaintiffs did when they produced documents on November 17, 2016.   Plaintiffs intend to continue to supplement their document production as necessary, consistent with the Rules.

Further, Plaintiffs sought to depose Mr. Blakeman several months after they filed the June 16, 2016 Complaint.  Plaintiffs could have sought to depose Mr. Blakeman even earlier – prior to having produced any documents – so long as Plaintiffs gave reasonable notice to the parties per Fed. R. Civ. P. 30(b)(1). Therefore, Plaintiffs' desire to depose Mr. Blakeman on November 21, 2016, more than five months after Plaintiffs filed the Complaint, is without any prejudice to Mr. Blakeman.

2.       Any and all DOCUMENTS that support your contention in paragraph 7 of the Complaint that BRANT BLAKEMAN "is responsible in some manner for the Bane Act violations and public nuisance described in the Complaint."

**Plaintiffs' Response to Document Request #2**

Responding Party objects to this request for production as premature. Because this request for production necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a complete response at this time, nor is required to do so.   See *Kmiec v. Powerwave Techs. Inc et al.* 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; see also *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.

///

///

///

1  Responding Party further objects to this request on the grounds that it

2  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with

3  reasonable particularity each item of category of items to be inspected."

4  Propounding Party's request for production do not describe an item or category of

5  items with reasonable particularity.

6  Responding Party further objects to the extent that this request for

7  production invades attorney-client privilege and/or violates the work product

8  doctrine by compelling Responding Party to disclose privileged communications

9  and/or litigation strategy.  Responding Party will not provide any such information.

10  Subject to and without waiver of the foregoing objections, Responding party

11  responds as follows:

12  Responding Party will produce all responsive documents within its

13  possession, custody, or control.

14  **Defendant Brant Blakeman's Contention**

15  The production request seeks documents that support plaintiff's contentions

16  against Brant Blakeman in his personal capacity and specifically, not as a member

17  of a group but as an individual.  No documents have been produced despite the

18  response's assertion that responsive documents would be produced in response to

19  Requests No. 1, 2, 3, 4, 5, 7, 8, and 9.

20  Failure to produce the information sought by the Request is intended only to

21  prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are

22  pressing for Mr. Blakeman's deposition for which they are purposely hoping to

23  take while he is unprepared in his defense to plaintiffs' contentions against him.

24  The objections made in this response are largely without merit and it is

25  unknown if any information is being withheld based on the objections.   If

26  responsive material is being withheld based on any such objection, the response

27  must so state. (See FRCP Rule 34(b)(2)(C)).  The response must also specify the

28  ///

1  part of the request being objected to. (Ibid.)  No such indication is made in the

2  response.

3      Most importantly, the objections lack merit:

4      **1.      <u>The Production Request is Premature as Seeking information</u>**

5               **<u>Related to "Contentions"</u>**

6      Plaintiff objects that producing the information supporting its contentions is

7  premature on the same basis as it relates to contentions.  The response cites to the

8  *Kmeic* and *Folz* cases as authority.  In fact, neither of the cases address

9  "contention" production requests.  To the contrary, the Court in *In re Convergent*

10 *Technologies Securities Litigation* expressly noted that the analysis applied to

11 when contention interrogatories needed be answered does not apply to production

12 requests. (*In re Convergent Technologies Securities Litigation,* 108 F.R.D. at 333

13 ["Nor do the generalizations articulated here apply to Rule 34 requests for

14 documents that bear on material factual allegations."]).  The request at issue here

15 bears on material factual allegations plaintiff has made against Mr. Blakeman.

16 Material facts are discoverable at the outset of litigation and these facts are

17 certainly not ones that would be in the control of defendant.

18     Plaintiffs have had an opportunity through informal requests from the City of

19 Palos Verdes and in discovery in this litigation to obtain literally thousands of

20 police records related to the subject matter of this lawsuit.  In initial disclosures

21 Plaintiffs have identified hundreds of witnesses and copious documents that

22 purportedly support their case.  There is no basis in law for plaintiff to not now, at

23 this phase of discovery in the litigation, not identify those specific documents that

24 support any specific liability contentions as it applies to Mr. Blakeman as an

25 individual.  He is entitled to know precisely each liability contention - and any

26 documents that support such contention - that is being made against him so that he

27 may appropriately defend against them.

28     The objection wholly lacks merit and should be removed.

160

**2.**     <u>The Request Fails to Identify with Reasonable Particularity the Item to be Inspected</u>

To the contrary, the Request is quite particular.  It seeks documents that support a specific allegation made in the complaint against Mr. Blakemen.  Who better to determine what documents support this pled contention then the  plaintiffs making the allegations?

The objection wholly lacks merit and should be removed.

**3.**     <u>The Request invades the Attorney Client Privilege and Attorney Work Product Doctrine</u>

The Request seeks documents that support plaintiff's material allegations made against Mr. Blakeman.  It does not seek communication with plaintiffs' counsels, it does not seek information that is work product.  If plaintiffs intend to use documents offensively against Mr. Blakeman they cannot withhold such under the cloak of a privilege.

**<u>Plaintiffs' Contention</u>**

Contrary to Defendant's contention, Plaintiffs produced 2,029 files on November 4, 2016 (see Decl. Otten, **Exh. C**) and 22 files on November 17, 2016 (see *id.*, **Exhibit F**) containing information responsive to Mr. Blakeman's Request for Production of Documents.  Despite these productions, Mr. Blakeman has insisted on moving forward with this motion to compel, yet has altogether failed to identify any deficiencies or issues with these productions.

Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection. Plaintiffs are entitled to preserve their objections in their discovery responses under Fed. R. Civ. P. 34(b)(2)(B), as they did when they objected to Mr. Blakeman's document requests based on the premature nature of the requests, their lack of reasonable particularity, and the attorney-client privilege and/or attorney work product doctrine.

1    Plaintiffs are also entitled to – and fully intend to – supplement their

2    discovery responses when they "learn[] that in some material respect the disclosure

3    or response is incomplete or incorrect."   Fed. R. Civ. P. 26(e)(1)(A).   This is

4    precisely what Plaintiffs did when they produced documents on November 17,

5    2016.   Plaintiffs intend to continue to supplement their document production as

6    necessary, consistent with the Rules.

7    Further, Plaintiffs sought to depose Mr. Blakeman several months after they

8    filed the June 16, 2016 Complaint.   Plaintiffs could have sought to depose Mr.

9    Blakeman even earlier – prior to having produced any documents – so long as

10   Plaintiffs gave reasonable notice to the parties per Fed. R. Civ. P. 30(b)(1).

11   Therefore, Plaintiffs' desire to depose Mr. Blakeman on November 21, 2016, more

12   than five months after Plaintiffs filed the Complaint, is without any prejudice to

13   Mr. Blakeman.

14

15   3.    Any and all DOCUMENTS that support your contention in paragraph

16   18 of the Complaint that BRANT BLAKEMAN "sell[s] market[s] and use[s]

17   illegal controlled substances from the Lunada Bay Bluffs and the Rock Fort."

18   **Plaintiffs' Response to Document Request #3**

19   Responding Party objects to this request for production as premature.

20   Because this request for production necessarily relies upon a contention, and

21   because this matter is in its early stages and pretrial discovery has only just begun,

22   Responding Party is unable to provide a complete response at this time, nor is

23   required to do so.   See *Kmiec v. Powerwave Techs. Inc et al*. 2014 WL 11512195

24   (C.D. Cal. Dec. 2, 2014) at *1; see also *Folz v. Union Pacific Railroad Company,*

25   2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.

26   Responding Party further objects to this request on the grounds that it

27   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with

28   reasonable particularity each item of category of items to be inspected."

1  Propounding Party's request for production do not describe an item or category of

2  items with reasonable particularity.

3      Responding Party further objects to the extent that this request for

4  production invades attorney-client privilege and/or violates the work product

5  doctrine by compelling Responding Party to disclose privileged communications

6  and/or litigation strategy.  Responding Party will not provide any such information.

7      Subject to and without waiver of the foregoing objections, Responding party

8  responds as follows:

9      Responding Party will produce all responsive documents within its

10 possession, custody, or control.

11 **Defendant Brant Blakeman's Contention**

12     The production request seeks documents that support plaintiff's specific

13 contention made against Brant Blakeman in his personal capacity, not as a member

14 of a group but as an individual.  No documents have been produced despite the

15 response's assertion that responsive documents would be produced in response to

16 Requests No. 1, 2, 3, 4, 5, 7, 8, and 9.

17     Failure to produce the information sought by the Request is intended only to

18 prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are

19 pressing for Mr. Blakeman's deposition for which they are purposely hoping to

20 take while he is unprepared in his defense to plaintiffs' contentions against him.

21     The objections made in this response are largely without merit and it is

22 unknown if any information is being withheld based on the objections.   If

23 responsive material is being withheld based on any such objection, the response

24 must so state. (See FRCP Rule 34(b)(2)(C)).  The response must also specify the

25 part of the request being objected to. (Ibid.)  No such indication is made in the

26 response.

27 ///

28 ///

Most importantly, the objections lack merit:

### 1.      The Production Request is Premature as Seeking information Related to "Contentions"

Plaintiff objects that producing the information supporting its contentions is premature on the same basis as it relates to contentions.  The response cites to the *Kmeic* and *Folz* cases as authority.   In fact, neither of the cases address "contention" production requests.  To the contrary, the Court in *In re Convergent Technologies Securities Litigation* expressly noted that the analysis applied to when contention interrogatories needed be answered does not apply to production requests. (In *re Convergent Technologies Securities Litigation*, 108 F.R.D. at 333 ["Nor do the generalizations articulated here apply to Rule 34 requests for documents that bear on material factual allegations."]).  The request at issue here bears on material factual allegations plaintiff has made against Mr. Blakeman. Material facts are discoverable at the outset of litigation and these facts are certainly not ones that would be in the control of defendant.

Plaintiffs have had an opportunity through informal requests from the City of Palos Verdes and in discovery in this litigation to obtain literally thousands of police records related to the subject matter of this lawsuit.  In initial disclosures Plaintiffs have identified hundreds of witnesses and copious documents that purportedly support their case.  There is no basis in law for plaintiff to not now, at this phase of discovery in the litigation, not identify those specific documents that support any specific liability contentions as it applies to Mr. Blakeman as an individual.  He is entitled to know precisely each liability contention - and any documents that support such contention - that is being made against him so that he may appropriately defend against them.

The objection wholly lacks merit and should be removed.

///

///

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

2.      **The Request Fails to Identify with Reasonable Particularity the Item to be Inspected**

To the contrary, the Request is quite particular.  It seeks documents that support a specific allegation made in the complaint against Mr. Blakemen.  Who better to determine what documents support this pled contention then the  plaintiffs making the allegations?

The objection wholly lacks merit and should be removed.

3.      **The Request invades the Attorney Client Privilege and Attorney Work Product Doctrine**

The Request seeks documents that support plaintiff's material allegations made against Mr. Blakeman.  It does not seek communication with plaintiffs' counsels, it does not seek information that is work product.  If plaintiffs intend to use documents offensively against Mr. Blakeman they cannot withhold such under the cloak of a privilege.

**Plaintiffs' Contention**

Contrary to Defendant's contention, Plaintiffs produced 2,029 files on November 4, 2016 (see Decl. Otten, **Exh. C**) and 22 files on November 17, 2016 (see *id.*, **Exhibit F**) containing information responsive to Mr. Blakeman's Request for Production of Documents.  Despite these productions, Mr. Blakeman has insisted on moving forward with this motion to compel, yet has altogether failed to identify any deficiencies or issues with these productions.

Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection. Plaintiffs are entitled to preserve their objections in their discovery responses under Fed. R. Civ. P. 34(b)(2)(B), as they did when they objected to Mr. Blakeman's document requests based on the premature nature of the requests, their lack of reasonable particularity, and the attorney-client privilege and/or attorney work product doctrine.

1    Plaintiffs are also entitled to – and fully intend to – supplement their
2    discovery responses when they "learn[] that in some material respect the disclosure
3    or response is incomplete or incorrect."   Fed. R. Civ. P. 26(e)(1)(A).   This is
4    precisely what Plaintiffs did when they produced documents on November 17,
5    2016.   Plaintiffs intend to continue to supplement their document production as
6    necessary, consistent with the Rules.

7    Further, Plaintiffs sought to depose Mr. Blakeman several months after they
8    filed the June 16, 2016 Complaint.   Plaintiffs could have sought to depose Mr.
9    Blakeman even earlier – prior to having produced any documents – so long as
10   Plaintiffs gave reasonable notice to the parties per Fed. R. Civ. P. 30(b)(1).
11   Therefore, Plaintiffs' desire to depose Mr. Blakeman on November 21, 2016, more
12   than five months after Plaintiffs filed the Complaint, is without any prejudice to
13   Mr. Blakeman.

14

15   4.    Any and all DOCUMENTS that support your contention in paragraph
16   18 of the Complaint that BLAKE BRANTMAN  "impede[d] boat traffic" at any
17   time.

18   **Plaintiffs' Response to Document Request #4**

19   Responding Party objects to this request for production as premature.
20   Because this request for production necessarily relies upon a contention, and
21   because this matter is in its early stages and pretrial discovery has only just begun,
22   Responding Party is unable to provide a complete response at this time, nor is
23   required to do so.   See *Kmiec v. Powerwave Techs. Inc et al.* 2014 WL 11512195
24   (C.D. Cal. Dec. 2, 2014) at *1; see also *Folz v. Union Pacific Railroad Company*,
25   2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.

26   Responding Party further objects to this request on the grounds that it
27   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with
28   reasonable particularity each item of category of items to be inspected."

1  Propounding Party's request for production do not describe an item or category of
2  items with reasonable particularity.

3      Responding Party further objects to the extent that this request for
4  production invades attorney-client privilege and/or violates the work product
5  doctrine by compelling Responding Party to disclose privileged communications
6  and/or litigation strategy.  Responding Party will not provide any such information.

7      Subject to and without waiver of the foregoing objections, Responding party
8  responds as follows:

9      Responding Party will produce all responsive documents within its
10 possession, custody, or control.

11 **Defendant Brant Blakeman's Contention**

12     The production request seeks documents that support plaintiff's specific
13 contention made against Brant Blakeman in his personal capacity, not as a member
14 of a group but as an individual.  No documents have been produced despite the
15 response's assertion that responsive documents would be produced in response to
16 Requests No. 1, 2, 3, 4, 5, 7, 8, and 9.

17     Failure to produce the information sought by the Request is intended only to
18 prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are
19 pressing for Mr. Blakeman's deposition for which they are purposely hoping to
20 take while he is unprepared in his defense to plaintiffs' contentions against him.

21     The objections made in this response are largely without merit and it is
22 unknown if any information is being withheld based on the objections.  If
23 responsive material is being withheld based on any such objection, the response
24 must so state. (See FRCP Rule 34(b)(2)(C)).  The response must also specify the
25 part of the request being objected to. (Ibid.)  No such indication is made in the
26 response.

27 ///

28 ///

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

1    Most importantly, the objections lack merit:

2    **1.    The Production Request is Premature as Seeking information**

3    **Related to "Contentions"**

4    Plaintiff objects that producing the information supporting its contentions is

5    premature on the same basis as it relates to contentions.  The response cites to the

6    *Kmeic* and *Folz* cases as authority.   In fact, neither of the cases address

7    "contention" production requests.  To the contrary, the Court in *In re Convergent*

8    *Technologies Securities Litigation* expressly noted that the analysis applied to

9    when contention interrogatories needed be answered does not apply to production

10   requests. (*In re Convergent Technologies Securities Litigation*, 108 F.R.D. at 333

11   ["Nor do the generalizations articulated here apply to Rule 34 requests for

12   documents that bear on material factual allegations."]).  The request at issue here

13   bears on material factual allegations plaintiff has made against Mr. Blakeman.

14   Material facts are discoverable at the outset of litigation and these facts are

15   certainly not ones that would be in the control of defendant.

16   Plaintiffs have had an opportunity through informal requests from the City of

17   Palos Verdes and in discovery in this litigation to obtain literally thousands of

18   police records related to the subject matter of this lawsuit.  In initial disclosures

19   Plaintiffs have identified hundreds of witnesses and copious documents that

20   purportedly support their case.  There is no basis in law for plaintiff to not now, at

21   this phase of discovery in the litigation, not identify those specific documents that

22   support any specific liability contentions as it applies to Mr. Blakeman as an

23   individual.  He is entitled to know precisely each liability contention - and any

24   documents that support such contention - that is being made against him so that he

25   may appropriately defend against them.

26   The objection wholly lacks merit and should be removed.

27   ///

28   ///

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

2.     **The Request Fails to Identify with Reasonable Particularity the Item to be Inspected**

To the contrary, the Request is quite particular.  It seeks documents that support a specific allegation made in the complaint against Mr. Blakemen.  Who better to determine what documents support this pled contention then the  plaintiffs making the allegations?

The objection wholly lacks merit and should be removed.

3.     **The Request invades the Attorney Client Privilege and Attorney Work Product Doctrine**

The Request seeks documents that support plaintiff's material allegations made against Mr. Blakeman.  It does not seek communication with plaintiffs' counsels, it does not seek information that is work product.  If plaintiffs intend to use documents offensively against Mr. Blakeman they cannot withhold such under the cloak of a privilege.

**Plaintiffs' Contention**

Contrary to Defendant's contention, Plaintiffs produced 2,029 files on November 4, 2016 (see Decl. Otten, **Exh. C**) and 22 files on November 17, 2016 (see *id.*, **Exhibit F**) containing information responsive to Mr. Blakeman's Request for Production of Documents.  Despite these productions, Mr. Blakeman has insisted on moving forward with this motion to compel, yet has altogether failed to identify any deficiencies or issues with these productions.

Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection. Plaintiffs are entitled to preserve their objections in their discovery responses under Fed. R. Civ. P. 34(b)(2)(B), as they did when they objected to Mr. Blakeman's document requests based on the premature nature of the requests, their lack of reasonable particularity, and the attorney-client privilege and/or attorney work product doctrine.

1    Plaintiffs are also entitled to – and fully intend to – supplement their
2    discovery responses when they "learn[] that in some material respect the disclosure
3    or response is incomplete or incorrect."   Fed. R. Civ. P. 26(e)(1)(A).   This is
4    precisely what Plaintiffs did when they produced documents on November 17,
5    2016.   Plaintiffs intend to continue to supplement their document production as
6    necessary, consistent with the Rules.

7    Further, Plaintiffs sought to depose Mr. Blakeman several months after they
8    filed the June 16, 2016 Complaint.   Plaintiffs could have sought to depose Mr.
9    Blakeman even earlier – prior to having produced any documents – so long as
10   Plaintiffs gave reasonable notice to the parties per Fed. R. Civ. P. 30(b)(1).
11   Therefore, Plaintiffs' desire to depose Mr. Blakeman on November 21, 2016, more
12   than five months after Plaintiffs filed the Complaint, is without any prejudice to
13   Mr. Blakeman.

14

15   5.    Any and all DOCUMENTS that support your contention in paragraph
16   18 of the Complaint that BLAKE BRANTMAN "dangerously disregard[ed]"
17   surfing rules" at any time.

18   **Plaintiffs' Response to Document Request #5**

19   Responding Party objects to this request for production as premature.
20   Because this request for production necessarily relies upon a contention, and
21   because this matter is in its early stages and pretrial discovery has only just begun,
22   Responding Party is unable to provide a complete response at this time, nor is
23   required to do so.   See *Kmiec v. Powerwave Techs. Inc et al.* 2014 WL 11512195
24   (C.D. Cal. Dec. 2, 2014) at *1; see also *Folz v. Union Pacific Railroad Company*,
25   2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.

26   ///
27   ///
28   ///

Responding Party further objects to this request on the grounds that it violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with reasonable particularity each item of category of items to be inspected." Propounding Party's request for production do not describe an item or category of items with reasonable particularity.

Responding Party further objects to the extent that this request for production invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy. Responding Party will not provide any such information.

Subject to and without waiver of the foregoing objections, Responding party responds as follows:

Responding Party will produce all responsive documents within its possession, custody, or control.

**Defendant Brant Blakeman's Contention**

The production request seeks documents that support plaintiff's specific contention made against Brant Blakeman in his personal capacity, not as a member of a group but as an individual. No documents have been produced despite the response's assertion that responsive documents would be produced in response to Requests No. 1, 2, 3, 4, 5, 7, 8, and 9.

Failure to produce the information sought by the Request is intended only to prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are pressing for Mr. Blakeman's deposition for which they are purposely hoping to take while he is unprepared in his defense to plaintiffs' contentions against him.

The objections made in this response are largely without merit and it is unknown if any information is being withheld based on the objections. If responsive material is being withheld based on any such objection, the response must so state. (See FRCP Rule 34(b)(2)(C)). The response must also specify the ///

1  part of the request being objected to. (Ibid.)  No such indication is made in the

2  response.

3      Most importantly, the objections lack merit:

4      **1.    The Production Request is Premature as Seeking information**

5              **Related to "Contentions"**

6      Plaintiff objects that producing the information supporting its contentions is

7  premature on the same basis as it relates to contentions.  The response cites to the

8  *Kmeic* and *Folz* cases as authority.  In fact, neither of the cases address

9  "contention" production requests.  To the contrary, the Court in *In re Convergent*

10 *Technologies Securities Litigation* expressly noted that the analysis applied to

11 when contention interrogatories needed be answered does not apply to production

12 requests. (*In re Convergent Technologies Securities Litigation,* 108 F.R.D. at 333

13 ["Nor do the generalizations articulated here apply to Rule 34 requests for

14 documents that bear on material factual allegations."]).  The request at issue here

15 bears on material factual allegations plaintiff has made against Mr. Blakeman.

16 Material facts are discoverable at the outset of litigation and these facts are

17 certainly not ones that would be in the control of defendant.

18     Plaintiffs have had an opportunity through informal requests from the City of

19 Palos Verdes and in discovery in this litigation to obtain literally thousands of

20 police records related to the subject matter of this lawsuit.  In initial disclosures

21 Plaintiffs have identified hundreds of witnesses and copious documents that

22 purportedly support their case.  There is no basis in law for plaintiff to not now, at

23 this phase of discovery in the litigation, not identify those specific documents that

24 support any specific liability contentions as it applies to Mr. Blakeman as an

25 individual.  He is entitled to know precisely each liability contention - and any

26 documents that support such contention - that is being made against him so that he

27 may appropriately defend against them.

28 ///

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

1    The objection wholly lacks merit and should be removed.

2    **2.      The Request Fails to Identify with Reasonable Particularity the**

3            **Item to be Inspected**

4    To the contrary, the Request is quite particular.  It seeks documents that

5    support a specific allegation made in the complaint against Mr. Blakemen.  Who

6    better to determine what documents support this pled contention then the  plaintiffs

7    making the allegations?

8    The objection wholly lacks merit and should be removed.

9    **3.      The Request invades the Attorney Client Privilege and Attorney**

10           **Work Product Doctrine**

11   The Request seeks documents that support plaintiff's material allegations

12   made against Mr. Blakeman.  It does not seek communication with plaintiffs'

13   counsels, it does not seek information that is work product.  If plaintiffs intend to

14   use documents offensively against Mr. Blakeman they cannot withhold such under

15   the cloak of a privilege.

16   **Plaintiffs' Contention**

17   Contrary to Defendant's contention, Plaintiffs produced 2,029 files on

18   November 4, 2016 (see Decl. Otten, **Exh. C**) and 22 files on November 17, 2016

19   (see *id.*, **Exhibit F**) containing information responsive to Mr. Blakeman's Request

20   for Production of Documents.  Despite these productions, Mr. Blakeman has

21   insisted on moving forward with this motion to compel, yet has altogether failed to

22   identify any deficiencies or issues with these productions.

23   Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy

24   Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection.

25   Plaintiffs are entitled to preserve their objections in their discovery responses under

26   Fed. R. Civ. P. 34(b)(2)(B), as they did when they objected to Mr. Blakeman's

27   document requests based on the premature nature of the requests, their lack of

28   reasonable particularity, and the attorney-client privilege and/or attorney work

product doctrine.

Plaintiffs are also entitled to – and fully intend to – supplement their discovery responses when they "learn[] that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  This is precisely what Plaintiffs did when they produced documents on November 17, 2016.  Plaintiffs intend to continue to supplement their document production as necessary, consistent with the Rules.

Further, Plaintiffs sought to depose Mr. Blakeman several months after they filed the June 16, 2016 Complaint.  Plaintiffs could have sought to depose Mr. Blakeman even earlier – prior to having produced any documents – so long as Plaintiffs gave reasonable notice to the parties per Fed. R. Civ. P. 30(b)(1). Therefore, Plaintiffs' desire to depose Mr. Blakeman on November 21, 2016, more than five months after Plaintiffs filed the Complaint, is without any prejudice to Mr. Blakeman.

6.     Any and all DOCUMENTS that support your contention that BLAKE BRANTMAN has illegally extorted month from beachgoers who wish to use Lumada Bay for recreational purposes.  (See paragraph 33j. of the Complaint.)

**Plaintiffs' Response**

Responding Party objects to this request for production as premature. Because this request for production necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a complete response at this time, nor is required to do so.  See *Kmiec v. Powerwave Techs. Inc et al.* 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; see also *Folz v. Union Pacific Railroad Company,* 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.

Responding Party further objects to this request on the grounds that it violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with

reasonable particularity each item of category of items to be inspected." Propounding Party's request for production do not describe an item or category of items with reasonable particularity.

Responding Party further objects to the extent that this request for production invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy. Responding Party will not provide any such information.

Subject to and without waiver of the foregoing objections, Responding party responds as follows:

Responding Party will produce all responsive documents within its possession, custody, or control.

### Defendant Brant Blakeman's Contention

The production request seeks documents that support plaintiff's specific contention made against Brant Blakeman in his personal capacity, not as a member of a group but as an individual. No documents have been produced despite the response's assertion that responsive documents would be produced in response to Requests No. 1, 2, 3, 4, 5, 7, 8, and 9.

Failure to produce the information sought by the Request is intended only to prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are pressing for Mr. Blakeman's deposition for which they are purposely hoping to take while he is unprepared in his defense to plaintiffs' contentions against him.

The objections made in this response are largely without merit and it is unknown if any information is being withheld based on the objections. If responsive material is being withheld based on any such objection, the response must so state. (See FRCP Rule 34(b)(2)(C)). The response must also specify the part of the request being objected to. (Ibid.) No such indication is made in the response.

///

1    Most importantly, the objections lack merit:

2    **1.    The Production Request is Premature as Seeking information**

3    **Related to "Contentions"**

4    Plaintiff objects that producing the information supporting its contentions is

5    premature on the same basis as it relates to contentions.  The response cites to the

6    *Kmeic* and *Folz* cases as authority.   In fact, neither of the cases address

7    "contention" production requests.  To the contrary, the Court in *In re Convergent*

8    *Technologies Securities Litigation* expressly noted that the analysis applied to

9    when contention interrogatories needed be answered does not apply to production

10   requests. (*In re Convergent Technologies Securities Litigation*, 108 F.R.D. at 333

11   ["Nor do the generalizations articulated here apply to Rule 34 requests for

12   documents that bear on material factual allegations."]).  The request at issue here

13   bears on material factual allegations plaintiff has made against Mr. Blakeman.

14   Material facts are discoverable at the outset of litigation and these facts are

15   certainly not ones that would be in the control of defendant.

16   Plaintiffs have had an opportunity through informal requests from the City of

17   Palos Verdes and in discovery in this litigation to obtain literally thousands of

18   police records related to the subject matter of this lawsuit.  In initial disclosures

19   Plaintiffs have identified hundreds of witnesses and copious documents that

20   purportedly support their case.  There is no basis in law for plaintiff to not now, at

21   this phase of discovery in the litigation, not identify those specific documents that

22   support any specific liability contentions as it applies to Mr. Blakeman as an

23   individual.  He is entitled to know precisely each liability contention - and any

24   documents that support such contention - that is being made against him so that he

25   may appropriately defend against them.

26   The objection wholly lacks merit and should be removed.

27   ///

28   ///

### 2.   The Request Fails to Identify with Reasonable Particularity the Item to be Inspected

To the contrary, the Request is quite particular.  It seeks documents that support a specific allegation made in the complaint against Mr. Blakemen.  Who better to determine what documents support this pled contention then the plaintiffs making the allegations?

The objection wholly lacks merit and should be removed.

### 3.   The Request invades the Attorney Client Privilege and Attorney Work Product Doctrine

The Request seeks documents that support plaintiff's material allegations made against Mr. Blakeman.  It does not seek communication with plaintiffs' counsels, it does not seek information that is work product.  If plaintiffs intend to use documents offensively against Mr. Blakeman they cannot withhold such under the cloak of a privilege.

### Plaintiffs' Contention

Contrary to Defendant's contention, Plaintiffs produced 2,029 files on November 4, 2016 (see Decl. Otten, **Exh. C**) and 22 files on November 17, 2016 (see *id.*, **Exhibit F**) containing information responsive to Mr. Blakeman's Request for Production of Documents.  Despite these productions, Mr. Blakeman has insisted on moving forward with this motion to compel, yet has altogether failed to identify any deficiencies or issues with these productions.

Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection. Plaintiffs are entitled to preserve their objections in their discovery responses under Fed. R. Civ. P. 34(b)(2)(B), as they did when they objected to Mr. Blakeman's document requests based on the premature nature of the requests, their lack of reasonable particularity, and the attorney-client privilege and/or attorney work product doctrine.

Plaintiffs are also entitled to – and fully intend to – supplement their discovery responses when they "learn[] that in some material respect the disclosure or response is incomplete or incorrect."  Fed. R. Civ. P. 26(e)(1)(A).  This is precisely what Plaintiffs did when they produced documents on November 17, 2016.  Plaintiffs intend to continue to supplement their document production as necessary, consistent with the Rules.

Further, Plaintiffs sought to depose Mr. Blakeman several months after they filed the June 16, 2016 Complaint.  Plaintiffs could have sought to depose Mr. Blakeman even earlier – prior to having produced any documents – so long as Plaintiffs gave reasonable notice to the parties per Fed. R. Civ. P. 30(b)(1). Therefore, Plaintiffs' desire to depose Mr. Blakeman on November 21, 2016, more than five months after Plaintiffs filed the Complaint, is without any prejudice to Mr. Blakeman.

7.     Any and all DOCUMENTS that support your contention that BLAKE BRANTMAN was a part of a Civil Conspiracy as identified in your complaint in paragraphs 51 through 53.

**Plaintiffs' Response to Document Request #7**

Responding Party objects to this request for production as premature. Because this request for production necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a complete response at this time, nor is required to do so.  See *Kmiec v. Powerwave Techs. Inc et al.* 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; see also *Folz v. Union Pacific Railroad Company,* 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.

Responding Party further objects to this request on the grounds that it violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with reasonable particularity each item of category of items to be inspected."

1  Propounding Party's request for production do not describe an item or category of

2  items with reasonable particularity.

3       Responding Party further objects to the extent that this request for

4  production invades attorney-client privilege and/or violates the work product

5  doctrine by compelling Responding Party to disclose privileged communications

6  and/or litigation strategy.  Responding Party will not provide any such information.

7       Subject to and without waiver of the foregoing objections, Responding party

8  responds as follows:

9       Responding Party will produce all responsive documents within its

10  possession, custody, or control.

11  **Defendant Brant Blakeman's Contention**

12       The production request seeks documents that support plaintiff's specific

13  contention made against Brant Blakeman in his personal capacity, not as a member

14  of a group but as an individual.  No documents have been produced despite the

15  response's assertion that responsive documents would be produced in response to

16  Requests No. 1, 2, 3, 4, 5, 7, 8, and 9.

17       Failure to produce the information sought by the Request is intended only to

18  prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are

19  pressing for Mr. Blakeman's deposition for which they are purposely hoping to

20  take while he is unprepared in his defense to plaintiffs' contentions against him.

21       The objections made in this response are largely without merit and it is

22  unknown if any information is being withheld based on the objections.  If

23  responsive material is being withheld based on any such objection, the response

24  must so state. (See FRCP Rule 34(b)(2)(C)).  The response must also specify the

25  part of the request being objected to. (Ibid.)  No such indication is made in the

26  response.

27  ///

28  ///

1    Most importantly, the objections lack merit:

2    **1.    The Production Request is Premature as Seeking information**

3    **Related to "Contentions"**

4    Plaintiff objects that producing the information supporting its contentions is

5    premature on the same basis as it relates to contentions.  The response cites to the

6    *Kmeic* and *Folz* cases as authority.   In fact, neither of the cases address

7    "contention" production requests.  To the contrary, the Court in *In re Convergent*

8    *Technologies Securities Litigation* expressly noted that the analysis applied to

9    when contention interrogatories needed be answered does not apply to production

10    requests. (*In re Convergent Technologies Securities Litigation*, 108 F.R.D. at 333

11    ["Nor do the generalizations articulated here apply to Rule 34 requests for

12    documents that bear on material factual allegations."]).  The request at issue here

13    bears on material factual allegations plaintiff has made against Mr. Blakeman.

14    Material facts are discoverable at the outset of litigation and these facts are

15    certainly not ones that would be in the control of defendant.

16    Plaintiffs have had an opportunity through informal requests from the City of

17    Palos Verdes and in discovery in this litigation to obtain literally thousands of

18    police records related to the subject matter of this lawsuit.  In initial disclosures

19    Plaintiffs have identified hundreds of witnesses and copious documents that

20    purportedly support their case.  There is no basis in law for plaintiff to not now, at

21    this phase of discovery in the litigation, not identify those specific documents that

22    support any specific liability contentions as it applies to Mr. Blakeman as an

23    individual.  He is entitled to know precisely each liability contention - and any

24    documents that support such contention - that is being made against him so that he

25    may appropriately defend against them.

26    The objection wholly lacks merit and should be removed.

27    ///

28    ///

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

**2.      The Request Fails to Identify with Reasonable Particularity the Item to be Inspected**

To the contrary, the Request is quite particular.  It seeks documents that support a specific allegation made in the complaint against Mr. Blakemen.  Who better to determine what documents support this pled contention then the  plaintiffs making the allegations?

The objection wholly lacks merit and should be removed.

**3.      The Request invades the Attorney Client Privilege and Attorney Work Product Doctrine**

The Request seeks documents that support plaintiff's material allegations made against Mr. Blakeman.  It does not seek communication with plaintiffs' counsels, it does not seek information that is work product.  If plaintiffs intend to use documents offensively against Mr. Blakeman they cannot withhold such under the cloak of a privilege.

**Plaintiffs' Contention**

Contrary to Defendant's contention, Plaintiffs produced 2,029 files on November 4, 2016 (see Decl. Otten, **Exh. C**) and 22 files on November 17, 2016 (see *id.*, **Exhibit F**) containing information responsive to Mr. Blakeman's Request for Production of Documents.  Despite these productions, Mr. Blakeman has insisted on moving forward with this motion to compel, yet has altogether failed to identify any deficiencies or issues with these productions.

Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection. Plaintiffs are entitled to preserve their objections in their discovery responses under Fed. R. Civ. P. 34(b)(2)(B), as they did when they objected to Mr. Blakeman's document requests based on the premature nature of the requests, their lack of reasonable particularity, and the attorney-client privilege and/or attorney work product doctrine.

1   Plaintiffs are also entitled to – and fully intend to – supplement their
2   discovery responses when they "learn[] that in some material respect the disclosure
3   or response is incomplete or incorrect."   Fed. R. Civ. P. 26(e)(1)(A).   This is
4   precisely what Plaintiffs did when they produced documents on November 17,
5   2016.   Plaintiffs intend to continue to supplement their document production as
6   necessary, consistent with the Rules.

7   Further, Plaintiffs sought to depose Mr. Blakeman several months after they
8   filed the June 16, 2016 Complaint.   Plaintiffs could have sought to depose Mr.
9   Blakeman even earlier – prior to having produced any documents – so long as
10  Plaintiffs gave reasonable notice to the parties per Fed. R. Civ. P. 30(b)(1).
11  Therefore, Plaintiffs' desire to depose Mr. Blakeman on November 21, 2016, more
12  than five months after Plaintiffs filed the Complaint, is without any prejudice to
13  Mr. Blakeman.

14

15  8.   Any and all DOCUMENTS that support plaintiffs' First Cause of
16  Action in the Complaint (Bane Act Violations) against BRANT BLAKEMAN.

17  **Plaintiffs' Response to Document Request #8**
18  Responding Party objects to this request for production as premature.
19  Because this request for production necessarily relies upon a contention, and
20  because this matter is in its early stages and pretrial discovery has only just begun,
21  Responding Party is unable to provide a complete response at this time, nor is
22  required to do so.   See *Kmiec v. Powerwave Techs. Inc et al.* 2014 WL 11512195
23  (C.D. Cal. Dec. 2, 2014) at *1; see also *Folz v. Union Pacific Railroad Company*,
24  2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.
25  ///
26  ///
27  ///
28  ///

1    Responding Party further objects to this request on the grounds that it

2 violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with

3 reasonable particularity each item of category of items to be inspected."

4 Propounding Party's request for production do not describe an item or category of

5 items with reasonable particularity.

6    Responding Party further objects to the extent that this request for

7 production invades attorney-client privilege and/or violates the work product

8 doctrine by compelling Responding Party to disclose privileged communications

9 and/or litigation strategy.  Responding Party will not provide any such information.

10    Subject to and without waiver of the foregoing objections, Responding party

11 responds as follows:

12    Responding Party will produce all responsive documents within its

13 possession, custody, or control.

14    **<u>Defendant Brant Blakeman's Contention</u>**

15    The production request seeks documents that support plaintiff's specific

16 contention made against Brant Blakeman in his personal capacity, not as a member

17 of a group but as an individual.  No documents have been produced despite the

18 response's assertion that responsive documents would be produced in response to

19 Requests No. 1, 2, 3, 4, 5, 7, 8, and 9.

20    Failure to produce the information sought by the Request is intended only to

21 prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are

22 pressing for Mr. Blakeman's deposition for which they are purposely hoping to

23 take while he is unprepared in his defense to plaintiffs' contentions against him.

24    The objections made in this response are largely without merit and it is

25 unknown if any information is being withheld based on the objections.   If

26 responsive material is being withheld based on any such objection, the response

27 must so state. (See FRCP Rule 34(b)(2)(C)).  The response must also specify the

28 ///

1  part of the request being objected to. (Ibid.)  No such indication is made in the

2  response.

3      Most importantly, the objections lack merit:

4      **1.**   **The Production Request is Premature as Seeking information**

5         **Related to "Contentions"**

6      Plaintiff objects that producing the information supporting its contentions is

7  premature on the same basis as it relates to contentions.  The response cites to the

8  *Kmeic* and *Folz* cases as authority.   In fact, neither of the cases address

9  "contention" production requests.  To the contrary, the Court in *In re Convergent*

10  *Technologies Securities Litigation* expressly noted that the analysis applied to

11  when contention interrogatories needed be answered does not apply to production

12  requests. (*In re Convergent Technologies Securities Litigation*, 108 F.R.D. at 333

13  ["Nor do the generalizations articulated here apply to Rule 34 requests for

14  documents that bear on material factual allegations."]).  The request at issue here

15  bears on material factual allegations plaintiff has made against Mr. Blakeman.

16  Material facts are discoverable at the outset of litigation and these facts are

17  certainly not ones that would be in the control of defendant.

18      Plaintiffs have had an opportunity through informal requests from the City of

19  Palos Verdes and in discovery in this litigation to obtain literally thousands of

20  police records related to the subject matter of this lawsuit.  In initial disclosures

21  Plaintiffs have identified hundreds of witnesses and copious documents that

22  purportedly support their case.  There is no basis in law for plaintiff to not now, at

23  this phase of discovery in the litigation, not identify those specific documents that

24  support any specific liability contentions as it applies to Mr. Blakeman as an

25  individual.  He is entitled to know precisely each liability contention - and any

26  documents that support such contention - that is being made against him so that he

27  may appropriately defend against them.

28      The objection wholly lacks merit and should be removed.

**2.     The Request Fails to Identify with Reasonable Particularity the Item to be Inspected**

To the contrary, the Request is quite particular.  It seeks documents that support a specific allegation made in the complaint against Mr. Blakemen.  Who better to determine what documents support this pled contention then the  plaintiffs making the allegations?

The objection wholly lacks merit and should be removed.

**3.     The Request invades the Attorney Client Privilege and Attorney Work Product Doctrine**

The Request seeks documents that support plaintiff's material allegations made against Mr. Blakeman.  It does not seek communication with plaintiffs' counsels, it does not seek information that is work product.  If plaintiffs intend to use documents offensively against Mr. Blakeman they cannot withhold such under the cloak of a privilege.

**Plaintiffs' Contention**

Contrary to Defendant's contention, Plaintiffs produced 2,029 files on November 4, 2016 (see Decl. Otten, **Exh. C**) and 22 files on November 17, 2016 (see *id.*, **Exhibit F**) containing information responsive to Mr. Blakeman's Request for Production of Documents.  Despite these productions, Mr. Blakeman has insisted on moving forward with this motion to compel, yet has altogether failed to identify any deficiencies or issues with these productions.

Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection. Plaintiffs are entitled to preserve their objections in their discovery responses under Fed. R. Civ. P. 34(b)(2)(B), as they did when they objected to Mr. Blakeman's document requests based on the premature nature of the requests, their lack of reasonable particularity, and the attorney-client privilege and/or attorney work product doctrine.

Plaintiffs are also entitled to – and fully intend to – supplement their discovery responses when they "learn[] that in some material respect the disclosure or response is incomplete or incorrect."   Fed. R. Civ. P. 26(e)(1)(A).   This is precisely what Plaintiffs did when they produced documents on November 17, 2016.   Plaintiffs intend to continue to supplement their document production as necessary, consistent with the Rules.

Further, Plaintiffs sought to depose Mr. Blakeman several months after they filed the June 16, 2016 Complaint.   Plaintiffs could have sought to depose Mr. Blakeman even earlier – prior to having produced any documents – so long as Plaintiffs gave reasonable notice to the parties per Fed. R. Civ. P. 30(b)(1). Therefore, Plaintiffs' desire to depose Mr. Blakeman on November 21, 2016, more than five months after Plaintiffs filed the Complaint, is without any prejudice to Mr. Blakeman.

9.     Any and all DOCUMENTS that support plaintiffs' Second Cause of Action in the Complaint (Public Nuisance) against BRANT BLAKEMAN.

**Plaintiffs' Response to Document Request #9**

Responding Party objects to this request for production as premature. Because this request for production necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a complete response at this time, nor is required to do so.   See *Kmiec v. Powerwave Techs. Inc et al.* 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; see also *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.

///

///

///

///

1   Responding Party further objects to this request on the grounds that it
2   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with
3   reasonable particularity each item of category of items to be inspected."
4   Propounding Party's request for production do not describe an item or category of
5   items with reasonable particularity.

6   Responding Party further objects to the extent that this request for
7   production invades attorney-client privilege and/or violates the work product
8   doctrine by compelling Responding Party to disclose privileged communications
9   and/or litigation strategy.  Responding Party will not provide any such information.

10   Subject to and without waiver of the foregoing objections, Responding party
11   responds as follows:

12   Responding Party will produce all responsive documents within its
13   possession, custody, or control.

14   **<u>Defendant Brant Blakeman's Contention</u>**

15   The production request seeks documents that support plaintiff's specific
16   contention made against Brant Blakeman in his personal capacity, not as a member
17   of a group but as an individual.  No documents have been produced despite the
18   response's assertion that responsive documents would be produced in response to
19   Requests No. 1, 2, 3, 4, 5, 7, 8, and 9.

20   Failure to produce the information sought by the Request is intended only to
21   prejudice Mr. Blakeman's defenses; especially in light of the fact that plaintiffs are
22   pressing for Mr. Blakeman's deposition for which they are purposely hoping to
23   take while he is unprepared in his defense to plaintiffs' contentions against him.

24   The objections made in this response are largely without merit and it is
25   unknown if any information is being withheld based on the objections.   If
26   responsive material is being withheld based on any such objection, the response
27   must so state. (See FRCP Rule 34(b)(2)(C)).   The response must also specify the
28   part of the request being objected to. (Ibid.)   No such indication is made in the

1  response.

2  Most importantly, the objections lack merit:

3  **1.    <u>The Production Request is Premature as Seeking information</u>**

4  **<u>Related to "Contentions"</u>**

5  Plaintiff objects that producing the information supporting its contentions is

6  premature on the same basis as it relates to contentions.  The response cites to the

7  *Kmeic* and *Folz* cases as authority.   In fact, neither of the cases address

8  "contention" production requests.  To the contrary, the Court in *In re Convergent*

9  *Technologies Securities Litigation* expressly noted that the analysis applied to

10  when contention interrogatories needed be answered does not apply to production

11  requests. (*In re Convergent Technologies Securities Litigation*, 108 F.R.D. at 333

12  ["Nor do the generalizations articulated here apply to Rule 34 requests for

13  documents that bear on material factual allegations."]).  The request at issue here

14  bears on material factual allegations plaintiff has made against Mr. Blakeman.

15  Material facts are discoverable at the outset of litigation and these facts are

16  certainly not ones that would be in the control of defendant.

17  Plaintiffs have had an opportunity through informal requests from the City of

18  Palos Verdes and in discovery in this litigation to obtain literally thousands of

19  police records related to the subject matter of this lawsuit.  In initial disclosures

20  Plaintiffs have identified hundreds of witnesses and copious documents that

21  purportedly support their case.  There is no basis in law for plaintiff to not now, at

22  this phase of discovery in the litigation, not identify those specific documents that

23  support any specific liability contentions as it applies to Mr. Blakeman as an

24  individual.  He is entitled to know precisely each liability contention - and any

25  documents that support such contention - that is being made against him so that he

26  may appropriately defend against them.

27  The objection wholly lacks merit and should be removed.

28  ///

**__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.:** 2-16-CV-2129

2.   **The Request Fails to Identify with Reasonable Particularity the Item to be Inspected**

To the contrary, the Request is quite particular.  It seeks documents that support a specific allegation made in the complaint against Mr. Blakemen.  Who better to determine what documents support this pled contention then the  plaintiffs making the allegations?

The objection wholly lacks merit and should be removed.

3.   **The Request invades the Attorney Client Privilege and Attorney Work Product Doctrine**

The Request seeks documents that support plaintiff's material allegations made against Mr. Blakeman.  It does not seek communication with plaintiffs' counsels, it does not seek information that is work product.  If plaintiffs intend to use documents offensively against Mr. Blakeman they cannot withhold such under the cloak of a privilege.

**Plaintiffs' Contention**

Contrary to Defendant's contention, Plaintiffs produced 2,029 files on November 4, 2016 (see Decl. Otten, **Exh. C**) and 22 files on November 17, 2016 (see *id.*, **Exhibit F**) containing information responsive to Mr. Blakeman's Request for Production of Documents.   Despite these productions, Mr. Blakeman has insisted on moving forward with this motion to compel, yet has altogether failed to identify any deficiencies or issues with these productions.

Plaintiffs' objections to Mr. Blakeman's discovery are valid.  They satisfy Fed. R. Civ. P. 33(b)(3)'s requirement to state the reasons for each objection.  Plaintiffs are entitled to preserve their objections in their discovery responses under Fed. R. Civ. P. 34(b)(2)(B), as they did when they objected to Mr. Blakeman's document requests based on the premature nature of the requests, their lack of reasonable particularity, and the attorney-client privilege and/or attorney work product doctrine.

Plaintiffs are also entitled to – and fully intend to – supplement their discovery responses when they "learn[] that in some material respect the disclosure or response is incomplete or incorrect."   Fed. R. Civ. P. 26(e)(1)(A).   This is precisely what Plaintiffs did when they produced documents on November 17, 2016.   Plaintiffs intend to continue to supplement their document production as necessary, consistent with the Rules.

Further, Plaintiffs sought to depose Mr. Blakeman several months after they filed the June 16, 2016 Complaint.   Plaintiffs could have sought to depose Mr. Blakeman even earlier – prior to having produced any documents – so long as Plaintiffs gave reasonable notice to the parties per Fed. R. Civ. P. 30(b)(1). Therefore, Plaintiffs' desire to depose Mr. Blakeman on November 21, 2016, more than five months after Plaintiffs filed the Complaint, is without any prejudice to Mr. Blakeman.

Pursuant to L.R. 5-4.3.4 all signatories listed below concur with the filing's content and have authorized the filing of this Stipulation.

Dated: November 28, 2016          Respectfully Submitted


                                  /s/ Kurt A. Franklin
                                  KURT A. FRANKLIN
                                  Attorney for Plaintiffs

Dated: November 28, 2016          Respectfully Submitted


                                  /s/ Victor Otten
                                  VICTOR OTTEN
                                  Attorney for Plaintiffs

__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.: 2-16-CV-2129

1 | Dated: November 28, 2016          Respectfully Submitted

2

3

4 | /s/ Peter Crossin
    RICHARD DIEFFENBACH

5 | JOHN P. WORGUL
    PETER CROSSIN

6 | Attorney for Defendant Brant Blakeman

7 | Dated: November 28, 2016          Respectfully Submitted

8

9

10 | /s/ Robert S. Cooper
     ROBERT S. COOPER

11 | Attorney for Defendant Brant Blakeman

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

__JOINT STIPULATION RE DISCOVERY PURSUANT TO L.R. 37-2.1  Case No.: 2-16-CV-2129

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-02129 SJO (RAOx) | Date | August 29, 2016 |
|---|---|---|---|
| Title | Cory Spencer et al v. Lunada Bay Boys et al | | |

| Present: The Honorable | S. JAMES OTERO |
|---|---|

| Victor Paul Cruz | Carol Zurborg | |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Kurt A. Franklin | Tera A. Lutz |
| Victor J. Otten | John P. Worgul |
| | Richard P. Dieffenbach |
| | Peter T. Haven |
| | Mark Fields |
| | Edwin J. Richards, Jr. |
| | L. William Locke |

**Proceedings:** SCHEDULING CONFERENCE

Matter called.

Counsel for Defendant Alan Johnston is not present.

Attorney William Locke advises the Court that his firm will represent defendants Frank Ferrara and Charlie Ferrara. The Court Orders that two said defendants will file an answer to the complaint by Friday, September 2, 2016.

The parties stipulate that the Court's order of 7/11/16 shall apply to all defendants.

The Court sets the following schedule:

The filing of a Motion for Class Certification shall be Friday, December 30, 2016; Opposition shall be due by January 13, 2017; Reply due Friday, January 20, 2017; Hearing on motion shall be set for Tuesday, February 21, 2017 @ 10:00 a.m.

Jury Trial:               Tuesday, November 7, 2017  @ 9:00 a.m.

Pretrial Conference:      Monday, October 23, 2017 @ 9:00 a.m.

Case 2:16-cv-02129-SJO-RAO   Document 150-2   Filed 12/07/16   Page 203 of 203   Page ID
#2269
Case 2:16-cv-02129-SJO-RAO   Document 126   Filed 08/29/16   Page 2 of 2   Page ID #:1637

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

#### CIVIL MINUTES - GENERAL

| Case No. | CV 16-02129 SJO (RAOx) | Date | August 29, 2016 |
|---|---|---|---|
| Title | Cory Spencer et al v. Lunada Bay Boys et al | | |

Motion Cutoff:              Monday, August 21, 2017 @ 10:00 a.m.

Discovery Cutoff:          Monday, August 7, 2017

Last Date to Amend:     Not provided

Reference of the above case to the Alternative Dispute Resolution Program is vacated. Settlement is referred to Private Mediation for all further proceedings.

All discovery disputes are to be brought before the Magistrate Judge assigned to the case. The parties are reminded of their obligations under Fed. R. Civ. P. 26-1(a) to disclose information without a discovery request.

　　　Court advises counsel that all Pretrial documents must be filed in compliance with the Court's standing order, including but not limited to:
1.　　All Jury Instructions, agreed and opposed;
2.　　Verdict Forms;
3.　　Proposed Voir Dire Questions;
4.　　Agreed-To Statement of Case;
5.　　Witness List, listing each witness and time estimates to conduct direct, cross, redirect and recross;
6.　　Trial Brief and Memorandum of Contentions;
7.　　Joint Rule 26(f) Report;
8.　　If Court Trial, file Findings of Fact and Conclusions of Law and summaries of direct testimony at Pretrial Conference;
9.　　Motions in Limine are to be filed according to Local Rule 7 and will be heard at 9:00 a.m. the first day of trial;
10.　　Exhibits properly labeled, tagged, and in binders.

cc:　　ADR Coordinator

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　：　　0/23

　　　　　　　　　　　　　　　　　　Initials of Preparer　　　　vpc