1
2
3

**VEATCH CARLSON, LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

4   **ROBERT T. MACKEY, State Bar No. 210810**
    rmackey@veatchfirm.com
5   **RICHARD P. DIEFFENBACH, State Bar No. 102663**
    rdieffenbach@veatchfirm.com
6   **PETER H. CROSSIN, State Bar No. 163189**
    pcrossin@veatchfirm.com
7   **JOHN P. WORGUL, State Bar no. 259150**
    jworgul@veatchfirm.com
8
    Attorneys for Defendant, **BRANT BLAKEMAN**
9

10              **UNITED STATES DISTRICT COURT**

11     **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

12

13   CORY SPENCER, an  individual;           )   **CASE NO.: 2:16-CV-2129-SJO-RAO**
     DIANA MILENA REED, an individual;       )   Assigned to Courtroom: 10C
14   and COASTAL PROTECTION              )   The Hon. S. James Otero
     RANGERS, INC., a California non-profit )
15   public benefit corporation,            )   Magistrate Judge:
                                             )   Hon. Rozella A. Oliver
16                    Plaintiffs,            )
                                             )   **DECLARATIONS OF JOHN P.**
17          vs.                              )   **WORGUL, RICHARD P.**
                                             )   **DIEFFENBACH, AND PETER H.**
18   LUNADA BAY BOYS; THE                    )   **CROSSIN IN SUPPORT OF THE**
     INDIVIDUAL MEMBERS OF THE               )   **PARTIES JOINT STIPULATION**
19   LUNADA BAY BOYS, including but not      )   **RE DISCOVERY PROPOUNDED**
     limited to SANG LEE, BRANT              )   **BY DEFENDANT BRANT**
20   BLAKEMAN, ALAN JOHNSTON AKA             )   **BLAKEMAN TO PLAINTIFF**
     JALIAN JOHNSTON, MICHAEL RAE            )   **CORY SPENCER**
21    PAPAYANS, ANGELO FERRARA,              )
     FRANK FERRARA, CHARLIE                  )   **[L.R. 37-2.1]**
22   FERRARA, and NICOLAS FERRARA;           )
     CITY OF PALOS VERDES ESTATES;           )
23   CHIEF OF POLICE JEFF KEPLEY, in         )   **Discovery Cut-Off**
     his representative capacity; and DOES   )   **Date:**              **8/7/17**
24   1-10,                                   )   **Pretrial Conf. Date:  10/23/17**
                                             )   **Trial Date:          11/7/17**
25   _____           )
                     Defendants.             )
26                                           )
                                             )
27                                           )
                                             )
28

- 1 -
DECLARATIONS IN SUPPORT OF THE PARTIES JOINT STIPULATION RE DISCOVERY

## DECLARATION OF JOHN P. WORGUL

I, John P. Worgul, declare that:

1.     I am an attorney licensed to practice law in the State of California, admitted to the Central District of California, and am an Associate of Veatch Carlson, LLP, attorneys for Defendant Brant Blakeman (herein "Defendant").  I make this declaration in support of Defendant's Joint Stipulation seeking to compel further responses to Interrogatories and  Production Requests from Plaintiffs Cory Spencer, Diana Milena Reed, and Costal Protection Rangers, Inc., (collectively "Plaintiffs"). I have personal knowledge of the following facts and if called upon to testify, would and could do so competently as follows.  However, because this declaration is submitted for a limited purpose, it does not contain all information I know about the matter.

2.     Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs Initial Disclosures, which indicate they were served by Plaintiffs on or about August 19, 2016.

3.     Attached hereto as Exhibit 2 is a true and correct copy of a September 2, 2016 letter that I authored and was sent to Plaintiff's seeking a Rule 37-1 meeting regarding the adequacy of Plaintiffs' Initial Disclosures and seeking for the disclosures to be supplemented.

4.     Attached hereto as Exhibit 6 is a true and correct copy of an email from Mr.Otten on October 2, 2016 and the attachment to the email that is Plaintiffs Supplemental Initial Disclosures, are dated October 2, 2016.  The disclosures list 105 witnesses.  Of the witnesses listed who are not parties 2 appear to have some knowledge about Defendant, which are Daniel Dreiling Jr.(Witness No. 37), who allegedly made a knee board for Defendant, and Ken Claypool (Witness No. 60) who will "testify about several incidents of harassment at Lunada Bay involving Individuals such as Brant Blakeman."

5.     Attached hereto as Exhibit 7 is a true and correct copy of Defendant's Interrogatories, Sets One, propounded on the Plaintiffs on September 16, 2016. A separate

DECLARATIONS IN SUPPORT OF THE PARTIES JOINT STIPULATION RE DISCOVERY

set of Interrogatories was propounded on each Plaintiff.  The Interrogatories totals 12 identical interrogatories in each set that seek the identification of witnesses supporting Plaintiffs' specific contentions made in the complaint against Defendant and the facts the Plaintiffs contend are within the knowledge of such witnesses.

6.      Attached hereto as Exhibit 8 is a true and correct copy of Request for Production, Sets One, propounded on the Plaintiffs on September 16, 2016. A separate set of Production Requests was propounded on each Plaintiff.  The Request for Production totals 12 request in each set that seek the production of documents supporting Plaintiffs' specific contentions made in the complaint against Defendant.

7.      Attached hereto as Exhibit 9 is a true and correct copy of a Plaintiffs' Responses to Interrogatories, Sets One, served on October 20, 2016 by mail from plaintiffs' counsel at Hanson Bridget *located in San Francisco*. The responses by Plaintiffs to each set of interrogatories are nearly identical (Plaintiff Cory Spencer's responses include and indication in the objection that the responding party had an opportunity to depose Mr. Spencer but the responses are otherwise identical).  The response only contain objections.  The responses appear to be signed by Kurt Franklin of Hanson Bridget.  Mr. Otten's signature  notably is not present on the responses.

8.      Attached hereto as Exhibit 10 is a true and correct copy of Plaintiffs Responses to Request for Production, Sets One, served on October 20, 2016 by mail from plaintiffs' counsel at Hanson & Bridget *located in Sacramento*.  The responses by Plaintiffs to each set of production requests are identical.  It appears a counsel at Hanson Bridget signed the requests. Plaintiffs in their responses to Request for Production Numbers 1, 2, 3, 4, 5, 7, 8, and 9,  indicate after their objections that "Responding party will produce all responsive documents within its possession, custody, or control."  No documents were included in the responses.  To date Plaintiffs' have not produced any documents that are known to be responsive to Request for Production Numbers 1, 2, 3, 4, 5, 7, 8, and 9.

9.      Notably Request for Production, Set One, Numbers 10, 11, and 12 seek

DECLARATIONS IN SUPPORT OF THE PARTIES JOINT STIPULATION RE DISCOVERY

documents related to Plaintiffs individual claims of assault, battery and negligence. Each response by each Plaintiff indicates that it does not have any documents in their possession, custody, or control responsive to the respective request. The response then also indicate "Discovery is ongoing, and this contention-based interrogatory is poorly defined and premature." Notably the request are not interrogatories. This type of conduct indicates the responses provided by Plaintiffs' and their counsel were boilerplate responses and further verify that Plaintiffs' appear to have no basis for their causes of actions for Assault, Battery and Negligence against Defendant.

10.   I keep track of my hours worked in this matter. My hourly rate in this matter is $200 per hour, which is similar to or less than my rates in similar case. As of this November 14, 2016, I have incurred approximately $4,000 in fees in this matter, which is attributable to work on this joint stipulation and motion, or attributable to work intertwined with the joint stipulation and motion. In addition, I will spend a substantial amount of time on the matter after November 14, 2016.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 14, 2016, in Los Angeles, California.


/s/ John P. Worgul
JOHN P. WORGUL

DECLARATIONS IN SUPPORT OF THE PARTIES JOINT STIPULATION RE DISCOVERY

## <u>DECLARATION OF RICHARD P. DIEFFENBACH</u>

I, Richard P. Dieffenbach, declare that:

1.      I am an attorney licensed to practice law in the State of California, admitted to the Central District of California, am a member of American Board of Trial Attorneys, and am an Senior Trial Attorney of Veatch Carlson, LLP, attorneys for Defendant Brant Blakeman (herein "Defendant").  I make this declaration in support of Defendant's Joint Stipulation seeking to compel further responses to Interrogatories and  Production Requests from Plaintiffs Cory Spencer, Diana Milena Reed, and Costal Protection Rangers, Inc., (collectively "Plaintiffs"). I have personal knowledge of the following facts and if called upon to testify, would and could do so competently as follows.  However, because this declaration is submitted for a limited purpose, it does not contain all information I know about the matter.

2.      Attached hereto as Exhibit 3 is a true and correct copy of a September 7, 2016 email I received from Victor Otten, one of Plaintiffs' counsels, responding to Mr. Worgul's September 2, 2016 meet and confer correspondence.

3.      Attached hereto as Exhibit 4 is a true and correct copy of a September 9, 2016 letter I authored that responds to Mr. Otten's September 7, 2016 email.  It was noted in the letter that plaintiffs' counsel failed to provide times to comply with Local Rule 37-1 so that a timely meeting could occur.

4.      Attached hereto as Exhibit 5 is a true and correct copy of a September 28, 2016 email correspondence from Mr. Otten.  It is part of an email chain containing 11 emails between Mr. Otten, myself.  The email chain represents a significant portion of conferring with Mr. Otten to have a Local Rule 37-1 meeting, in which Mr. Otten refused to meet in our office, refused to meet within 10 days or have a co-counsel meet with my office, and which is noted in my September 12, 2016 email sent at 4:16 PM.    On September 14, 2016 we had a telephonic conference, which included other defendants' counsels. Mr. Otten, although not indicating what Plaintiffs would supplement regarding

DECLARATIONS IN SUPPORT OF THE PARTIES JOINT STIPULATION RE DISCOVERY

their initial disclosure, agreed that the disclosures would be supplemented by September 23, 2016. The disclosures were not supplemented by Plaintiffs on September 23, 2016 despite Mr. Otten's prior representation. As indicated in Exhibit 5 on September 28, 2016 at 1:07 PM Mr. Otten acknowledged there was a delay and that the supplemental disclosures would be emailed the next day at latest. Again Mr. Otten's representation proved to be false as supplemental disclosures were not sent on September 29, 2016.

5.     Attached hereto as Exhibit 11 is a true and correct copy of an October 28, 2016 email and letter to Plaintiffs Counsel that I authored. The letter is addressed to Kurt Franklin, Plaintiffs counsel at Hanson Bridget who signed Plaintiffs' responses to the Interrogatories and Production Requests at issue in this motion. The letter outlines issues related to the discovery requests, addresses each of Plaintiffs' objections to the discovery requests, seeks a further response, and seeks the production of documents. The letter requested a meeting pursuant to Local Rule 37-1. The letter noted that Defendant Blakeman would not be produced for deposition until this dispute was resolved.

6.     On November 1, 2016, Mr. Otten responded to my correspondence sent to Mr. Franklin. He indicated he would not take the deposition off calendar, he was in trial, and would be available to meet about the requests some time after Defendant's deposition. Mr. Franklin did not respond.

7.     Attached hereto as Exhibit 13 is a true and correct copy of a November 7, 2016 email and letter to Plaintiffs' Counsel that I authored. It was noted that no responses to my request to have a Local Rule 37-1 meeting were received from Plaintiffs' counsel. The letter detailed numerous instances of delays by the Plaintiffs in providing discoverable information and that Plaintiffs had been withholding information only to later produce it at the time of a deposition. The letter also noted that in their depositions both plaintiffs who desire to be class representatives provided no facts or testimony indicating any support for the complaints made against Defendant Blakeman in Plaintiffs' complaint. The letter noted that Defendant Blakeman would be forced to seek ex parte relief to stay his pending deposition, and may seek to stay all discovery except class

DECLARATIONS IN SUPPORT OF THE PARTIES JOINT STIPULATION RE DISCOVERY

discovery.  The letter again asked Plaintiffs' counsel to agree to confer with my office within the time required under Local Rule 37-1.

8.     10 days after October 28, 2016 is November 7, 2016.  This is the time frame that a meeting was required to be completed under Local Rule 37-1, which said meeting was requested in my October 28, 2016 letter.  No meeting has occurred as of the signing of this declaration.

9.     Attached hereto as Exhibit 14 is a true and correct copy of a November 7, 2016 email and letter from Plaintiffs' Counsel, Mr. Otten,  that I received and was sent after my November 7, 2016 email. The letter reiterates Plaintiffs desire to proceed with Defendant's deposition on November 10, 2016. The letter also addresses the objections and indicates that more than 2000 documents were sent on November 4, 2016 that Mr. Otten "assumes that this production addresses the portion of your meet and confer letter regarding the Request for Production of Documents."

10.    As Plaintiffs were unwilling to take Defendant's deposition off calendar this forced Defendant to File an Ex Parte Application for a Protective Order to stay the deposition.  The Ex Parte Application was filed on November 8, 2016, oppositions were filed, this Court stayed the deposition (See Doc. No. 139) and set a telephonic conference on November 14, 2016.

11.    I keep track of my hours worked in this matter.  My hourly rate in this matter is $200 per hour, which is similar to or less than my rates in similar cases.  As of this November 14, 2016, I have incurred approximately $1,800in fees in this matter, which is attributable to work on this joint stipulation and motion, or attributable to work intertwined with the joint stipulation and motion.  In addition, I will spend a substantial amount of time on the matter after November 14, 2016.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 14, 2016, in Los Angeles, California.

/s/ Richard P. Dieffenbach
RICHARD P. DIEFFENBACH

DECLARATIONS IN SUPPORT OF THE PARTIES JOINT STIPULATION RE DISCOVERY

## <u>DECLARATION OF PETER H. CROSSIN</u>

I, Peter H. Crossin, declare that:

1.      I am an attorney licensed to practice law in the State of California, admitted to the Central District of California, am a Partner of Veatch Carlson, LLP, attorneys for Defendant Brant Blakeman (herein "Defendant"), and the head of Veatch Carlson's Law and Motion and Appellate Department.  I make this declaration in support of Defendant's Joint Stipulation seeking to compel further responses to Interrogatories and  Production Requests from Plaintiffs Cory Spencer, Diana Milena Reed, and Costal Protection Rangers, Inc., (collectively "Plaintiffs"). I have personal knowledge of the following facts and if called upon to testify, would and could do so competently as follows.  However, because this declaration is submitted for a limited purpose, it does not contain all information I know about the matter.

2.      I keep track of my hours worked in this matter.  My hourly rate in this matter is $200 per hour, which is similar to or less than my rates in similar case.  As of this November 14, 2016, I have incurred approximately $1,000 in fees in this matter, which is attributable to work on this joint stipulation and motion, or attributable to work intertwined with the joint stipulation and motion.  In addition, I will spend a substantial amount of time on the matter after November 14, 2016.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on November 14, 2016, in Los Angeles, California.


<u>/s/ Peter H. Crossin</u>
PETER H. CROSSIN

DECLARATIONS IN SUPPORT OF THE PARTIES JOINT STIPULATION RE DISCOVERY

# EXHIBIT 1

1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   CAROLINE LEE, SBN 293297
4  clee@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone: (415) 777-3200
6  Facsimile:  (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone: (916) 442-3333
11 Facsimile:  (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone: (310) 378-8533
16 Facsimile:  (310) 347-4225

17 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
18 REED, and COASTAL PROTECTION
   RANGERS, INC.

19

20              UNITED STATES DISTRICT COURT

21      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

22

23 | CORY SPENCER, an individual; | CASE NO. 2:16-cv-02129-SJO (RAOx)
24 | DIANA MILENA REED, an | **PLAINTIFFS' INITIAL**
   | individual; and COASTAL | **DISCLOSURES**
25 | PROTECTION RANGERS, INC., a |
26 | California non-profit public benefit |
   | corporation, |
27 |
28 |               Plaintiffs,

v.

LUNADA BAY BOYS; THE
INDIVIDUAL MEMBERS OF THE
LUNADA BAY BOYS, including but
not limited to SANG LEE, BRANT
BLAKEMAN, ALAN JOHNSTON
AKA JALIAN JOHNSTON,
MICHAEL RAE PAPAYANS,
ANGELO FERRARA, FRANK
FERRARA, CHARLIE FERRARA,
and N.F.; CITY OF PALOS
VERDES ESTATES; CHIEF OF
POLICE JEFF KEPLEY, in his
representative capacity; and DOES
1-10,

            Defendants.

Plaintiffs CORY SPENCER, DIANA MILENA REED, and COASTAL

PROTECTION RANGERS, INC. (collectively, Plaintiffs) make the following

initial disclosures pursuant to F.R.C.P. 26(a)(1).  As permitted under

Rule 26(e)(1), Plaintiffs reserve the right to clarify, amend, modify or

supplement the information contained in these Initial Disclosures if and when

they obtain supplemental information.  In addition, Plaintiffs may rely on any

persons or documents identified by any party as part of their disclosures or

during discovery.

Plaintiffs' Initial Disclosures are made without waiver of, or prejudice

to, any objections Plaintiffs may assert or have previously asserted.

Plaintiffs expressly reserve all objections, including, but not limited to:

(a) attorney-client privilege; (b) work-product doctrine; and (c) any other

applicable privilege or protection under federal or state law.  Plaintiffs

reserve the right to retract any inadvertent disclosures of information or

1 | documents that are protected by the attorney-client privilege, the work

2 | product doctrine, or any other applicable protection.

3 | Without waiving any objections, Plaintiffs make the following

4 | disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil

5 | Procedure:

6 | **A.    Witnesses**

7 | Plaintiffs are in the process of identifying witnesses who are likely to

8 | have discoverable information. However, at this early stage, Plaintiffs

9 | identifying the following person(s) they may use to support their claims:

10 | 1)    Plaintiff class representative Cory Spencer, who may be

11 | reached via counsel for Plaintiffs, on the subjects set forth in

12 | the Complaint, to which he was a percipient witness.

13 | 2)    Plaintiff class representative Diana Milena Reed, who may be

14 | reached via counsel for Plaintiffs, on the subjects of set forth

15 | in the Complaint, to which she was a percipient witness.

16 | 3)    Defendant Sang Lee, on the allegations set forth in the

17 | Complaint related to Defendant Lunada Bay Boys and the

18 | Individual Members of the Lunada Bay Boys.

19 | 4)    Defendant Brant Blakeman, on the allegations set forth in the

20 | Complaint related to Defendant Lunada Bay Boys and the

21 | Individual Members of the Lunada Bay Boys.

22 | 5)    Defendant Michael Rae Papayans, on the allegations set forth

23 | in the Complaint related to Defendant Lunada Bay Boys and

24 | the Individual Members of the Lunada Bay Boys.

25 | 6)    Defendant Angelo Ferrara, on the allegations set forth in the

26 | Complaint related to Defendant Lunada Bay Boys and the

27 | Individual Members of the Lunada Bay Boys.

28 | 7)    Defendant Charlie Ferrara, on the allegations set forth in the

11

1    Complaint related to Defendant Lunada Bay Boys and

2    Individual Members of the Lunada Bay Boys.

3    8)    Defendant N.F., on the allegations set forth in the Complaint

4         related to Defendant Lunada Bay Boys and Individual

5         Members of the Lunada Bay Boys.

6    9)    Defendant Frank Ferrara, on the allegations set forth in the

7         Complaint related to Defendant Lunada Bay Boys and

8         Individual Members of the Lunada Bay Boys.

9    10)   Defendant Chief of Police Jeff Kepley, on the allegations set

10        forth in the Complaint related to Defendant City of Palos

11        Verdes Estates, Defendant Lunada Bay Boys and Individual

12        Members of the Lunada Bay Boys.

13   11)   Timm Browne, address unknown, on the allegations set forth

14        in the Complaint related to Defendant City of Palos Verdes

15        Estates, Defendant Lunada Bay Boys and Individual

16        Members of the Lunada Bay Boys.

17   12)   Daniel Dreiling, contact information unknown, on the

18        allegations set forth in the Complaint related to Defendant

19        City of Palos Verdes Estates, Defendant Lunada Bay Boys

20        and Individual Members of the Lunada Bay Boys.

21   13)   Defendant in the state court action BC629596 David Melo, on

22        the allegations set forth in the Complaint related to Defendant

23        Lunada Bay Boys and Individual Members of the Lunada Bay

24        Boys.

25   14)   Defendant in the state court action BC629596, Mark Griep, on

26        the allegations set forth in the Complaint related to Defendant

27        Lunada Bay Boys and Individual Members of the Lunada Bay

28        Boys.

1    15)   Peter Babros, 316 Via Pasqual, Redondo Beach, CA 90277,
2          on the allegations set forth in the Complaint related to
3          Defendant Lunada Bay Boys and Individual Members of the
4          Lunada Bay Boys.
5    16)   Cassidy Beukema, contact information unknown, on the
6          allegations set forth in the Complaint related to Defendant
7          Lunada Bay Boys and Individual Members of the Lunada Bay
8          Boys.
9    17)   Ron Bornstein, contact information unknown, on the
10         allegations set forth in the Complaint related to Defendant
11         Lunada Bay Boys and Individual Members of the Lunada Bay
12         Boys.
13   18)   Joel Milam, 30571 Rue De La Pzerre, Rancho Palos Verdes,
14         CA 90275, on the allegations set forth in the Complaint
15         related to Defendant Lunada Bay Boys and Individual
16         Members of the Lunada Bay Boys.
17   19)   Charles Thomas Mowatt, 2337 Via Rivera, Palos Verdes
18         Peninsula, CA 90274-2725; (310) 375-6600, on the
19         allegations set forth in the Complaint related to Defendant
20         Lunada Bay Boys, Individual Members of the Lunada Bay
21         Boys and communications with Defendant City of Palos
22         Verdes Estates.
23   20)   James Reinhardt, contact information unknown, on the
24         allegations set forth in the Complaint related to Defendant
25         Lunada Bay Boys and the Individual Members of The Lunada
26         Bay Boys.
27   21)   Fred Straeter, contact information unknown, on the
28         allegations set forth in the Complaint related to Defendant

13

1  Lunada Bay Boys and the Individual Members of the Lunada
2  Bay Boys.

3  22)  Paul Ruth, contact information unknown, on the allegations
4      set forth in the Complaint related to Defendant Lunada Bay
5      Boys and the Individual Members of the Lunada Bay Boys.

6  23)  Slade Fester, contact information unknown, on the allegations
7      set forth in the Complaint related to Defendant Lunada Bay
8      Boys and the Individual Members of the Lunada Bay Boys.

9  24)  Mark Bonney, contact information unknown, on the
10     allegations set forth in the Complaint related to Defendant
11     Lunada Bay Boys and the Individual Members of the Lunada
12     Bay Boys.

13 25)  Chris Tronolone, contact information unknown, on the
14     allegations set forth in the Complaint related to Defendant
15     Lunada Bay Boys and the Individual Members of the Lunada
16     Bay Boys.

17 26)  David Hilton, contact information unknown, on the allegations
18     set forth in the Complaint related to Defendant Lunada Bay
19     Boys and the Individual Members of the Lunada Bay Boys.

20 27)  Eric Hilton, contact information unknown, on the allegations
21     set forth in the Complaint related to Defendant Lunada Bay
22     Boys and the Individual Members of the Lunada Bay Boys.

23 28)  Kelly Logan, contact information unknown, on the allegations
24     set forth in the Complaint related to Defendant Lunada Bay
25     Boys and the Individual Members of the Lunada Bay Boys.

26 29)  John Rall, contact information unknown, on the allegations set
27     forth in the Complaint related to Defendant Lunada Bay Boys
28     and the Individual Members of the Lunada Bay Boys.

14

1    30)    Michael S. Papayans, contact information unknown, on the

2             allegations set forth in the Complaint related to Defendant

3             Lunada Bay Boys, the Individual Members of the Lunada Bay

4             Boys and communications with Defendant City of Palos

5             Verdes Estates.

6    31)    Jim Russi, contact information unknown, on the allegations

7             set forth in the Complaint related to Defendant Lunada Bay

8             Boys and the Individual Members of the Lunada Bay Boys.

9    32)    Carlos Anorga, 4040 Spencer St., Suite J, Torrance, CA

10            90503; (310) 371-7762, on the allegations set forth in the

11            Complaint related to Defendant Lunada Bay Boys and the

12            Individual Members of the Lunada Bay Boys.

13    33)    Zen Del Rio, contact information unknown, on the allegations

14            set forth in the Complaint related to Defendant Lunada Bay

15            Boys and the Individual Members of the Lunada Bay Boys.

16    34)    Mark Koehler, address unknown; (808) 639-1668, on the

17            allegations set forth in the Complaint related to Defendant

18            Lunada Bay Boys and the Individual Members of the Lunada

19            Bay Boys.

20    35)    Jay H. Duston, contact information unknown, on the

21            allegations set forth in the Complaint related to Defendant

22            Lunada Bay Boys and the Individual Members of the Lunada

23            Bay Boys.

24    36)    Chad Beatty, 1104 S. Juanita Ave., Redondo Beach, CA

25            90277, on the allegations set forth in the Complaint related to

26            Defendant Lunada Bay Boys and the Individual Members of

27            the Lunada Bay Boys.

28    37)    Joe Bark, address unknown; (310) 429-2463, on the

15

1  allegations set forth in the Complaint related to Defendant
2  Lunada Bay Boys and the Individual Members of the Lunada
3  Bay Boys.

4  38) Thomas Bennett, contact information unknown, on the
5  allegations set forth in the Complaint related to Defendant
6  Lunada Bay Boys and the Individual Members of the Lunada
7  Bay Boys.

8  39) Paul Hugoboom, contact information unknown, on the
9  allegations set forth in the Complaint related to Defendant
10  Lunada Bay Boys and the Individual Members of the Lunada
11  Bay Boys.

12  40) David M. Jessup, contact information unknown, on the
13  allegations set forth in the Complaint related to Defendant
14  Lunada Bay Boys and the Individual Members of the Lunada
15  Bay Boys.

16  41) Jason Buck, contact information unknown, on the allegations
17  set forth in the Complaint related to Defendant Lunada Bay
18  Boys and the Individual Members of the Lunada Bay Boys.

19  42) Robert Bacon, contact information unknown, on the
20  allegations set forth in the Complaint related to Defendant
21  Lunada Bay Boys and the Individual Members of the Lunada
22  Bay Boys.

23  43) Tony Pazanowski, contact information unknown, on the
24  allegations set forth in the Complaint related to Defendant
25  Lunada Bay Boys and the Individual Members of the Lunada
26  Bay Boys.

27  44) Bill Kaemerle, contact information unknown, on the
28  allegations set forth in the Complaint related to Defendant

16

1    Lunada Bay Boys and the Individual Members of the Lunada
2    Bay Boys.

3    45)  Derek Daigneault, contact information unknown, on the
4         allegations set forth in the Complaint related to Defendant
5         Lunada Bay Boys and the Individual Members of the Lunada
6         Bay Boys.

7    46)  Daniel Dreiling Jr., contact information unknown, on the
8         allegations set forth in the Complaint related to Defendant
9         Lunada Bay Boys and the Individual Members of the Lunada
10        Bay Boys.

11   47)  Teresa Gamboa, contact information unknown, on the
12        allegations set forth in the Complaint related to Defendant
13        Lunada Bay Boys and the Individual Members of the Lunada
14        Bay Boys.

15   48)  Danny Ecker, contact information unknown, on the allegations
16        set forth in the Complaint related to Defendant Lunada Bay
17        Boys and the Individual Members of the Lunada Bay Boys.

18   49)  Pat Ecker, contact information unknown, on the allegations
19        set forth in the Complaint related to Defendant Lunada Bay
20        Boys and the Individual Members of the Lunada Bay Boys.

21   50)  Greg Cahill, contact information unknown, on the allegations
22        set forth in the Complaint related to Defendant Lunada Bay
23        Boys and the Individual Members of the Lunada Bay Boys.

24   51)  Bill Burke, contact information unknown, on the allegations
25        set forth in the Complaint related to Defendant Lunada Bay
26        Boys and the Individual Members of the Lunada Bay Boys.

27   52)  Alex Hooks, contact information unknown, on the allegations
28        set forth in the Complaint related to Defendant Lunada Bay

17

1        Boys and the Individual Members of the Lunada Bay Boys.

2   53)   Alex Gray, contact information unknown, on the allegations

3        set forth in the Complaint related to Defendant Lunada Bay

4        Boys and the Individual Members of the Lunada Bay Boys.

5   54)   Leonora Beukema, 2817 Palos Verdes Dr., Palos Verdes

6        Estates, CA 90274, on the allegations set forth in the

7        Complaint related to Defendant Lunada Bay Boys and the

8        Individual Members of the Lunada Bay Boys.

9   55)   Jordan Wright, can be contacted through counsel, on the

10       subjects set forth in the Complaint, to which he was a

11       percipient witness.

12   56)   Gavin Heaney, can be contacted through counsel, on the

13       allegations set forth in the Complaint related to Defendant

14       Lunada Bay Boys and the Individual Members of the Lunada

15       Bay Boys.

16   57)   Tyler Canali, can be contacted through counsel, on the

17       allegations set forth in the Complaint related to Defendant

18       Lunada Bay Boys and the Individual Members of the Lunada

19       Bay Boys.

20   58)   Jimmy Conn, can be contacted through counsel, on the

21       allegations set forth in the Complaint related to Defendant

22       Lunada Bay Boys and the Individual Members of the Lunada

23       Bay Boys.

24   59)   Curt Cortum, can be contacted through counsel, on the

25       allegations set forth in the Complaint related to Defendant

26       Lunada Bay Boys and the Individual Members of the Lunada

27       Bay Boys.

28   60)   Daniel Dorn, can be contacted through counsel, on the

18

1    allegations set forth in the Complaint related to Defendant
2    Lunada Bay Boys and the Individual Members of the Lunada
3    Bay Boys.

4    61)   Derek Ellis, can be contacted through counsel, on the
5    allegations set forth in the Complaint related to Defendant
6    Lunada Bay Boys and the Individual Members of the Lunada
7    Bay Boys.

8    62)   Geoff Hagins, can be contacted through counsel, on the
9    allegations set forth in the Complaint related to Defendant
10   Lunada Bay Boys and the Individual Members of the Lunada
11   Bay Boys.

12   63)   John Hagins, can be contacted through counsel, on the
13   allegations set forth in the Complaint related to Defendant
14   Lunada Bay Boys and the Individual Members of the Lunada
15   Bay Boys.

16   64)   Mike Bernard, can be contacted through counsel, on the
17   allegations set forth in the Complaint related to Defendant
18   Lunada Bay Boys and the Individual Members of the Lunada
19   Bay Boys.

20   65)   Mike Bernard, Jr. can be contacted through counsel, on the
21   allegations set forth in the Complaint related to Defendant
22   Lunada Bay Boys and the Individual Members of the Lunada
23   Bay Boys.

24   66)   Charlie Rigano, can be contacted through counsel, on the
25   allegations set forth in the Complaint related to Defendant
26   Lunada Bay Boys and the Individual Members of the Lunada
27   Bay Boys.

28   67)   Doug Disanti, can be contacted through counsel, on the

1   allegations set forth in the Complaint related to Defendant
2   Lunada Bay Boys and the Individual Members of the Lunada
3   Bay Boys.

4   68)  Kurt Stanphenhorst, contact information unknown, on the
5   allegations set forth in the Complaint related to Defendant
6   Lunada Bay Boys and the Individual Members of the Lunada
7   Bay Boys.

8   69)  Randy Clark, contact information unknown, on the allegations
9   set forth in the Complaint related to Defendant Lunada Bay
10  Boys and the Individual Members of the Lunada Bay Boys.

11  70)  John Innis, contact information unknown, on the allegations
12  set forth in the Complaint related to Defendant Lunada Bay
13  Boys and the Individual Members of the Lunada Bay Boys.

14  71)  Trish Laurie, can be contacted through counsel, on the
15  allegations set forth in the Complaint related to Defendant
16  Lunada Bay Boys and the Individual Members of the Lunada
17  Bay Boys.

18  72)  Blake Will, can be contacted through counsel, on the
19  allegations set forth in the Complaint related to Defendant
20  Lunada Bay Boys and the Individual Members of the Lunada
21  Bay Boys.

22  73)  Ken Claypool, can be contacted through counsel, on the
23  allegations set forth in the Complaint related to Defendant
24  Lunada Bay Boys and the Individual Members of the Lunada
25  Bay Boys.

26  74)  Tom Wilson, contact information unknown, on the allegations
27  set forth in the Complaint related to Defendant Lunada Bay
28  Boys and the Individual Members of the Lunada Bay Boys.

1    75)   Martin Tueling, contact information unknown, on the
2          allegations set forth in the Complaint related to Defendant
3          Lunada Bay Boys and the Individual Members of the Lunada
4          Bay Boys.
5    76)   Bernie Mann, contact information unknown, on the allegations
6          set forth in the Complaint related to Defendant Lunada Bay
7          Boys and the Individual Members of the Lunada Bay Boys.
8    77)   Dr. Stephen Young, can be contacted through counsel, on the
9          allegations set forth in the Complaint related to Defendant
10         Lunada Bay Boys and the Individual Members of the Lunada
11         Bay Boys.
12   78)   Fred Hayek, contact information unknown, on the allegations
13         set forth in the Complaint related to Defendant Lunada Bay
14         Boys and the Individual Members of the Lunada Bay Boys.
15   79)   Hagan Kelly, contact information unknown, on the allegations
16         set forth in the Complaint related to Defendant Lunada Bay
17         Boys and the Individual Members of the Lunada Bay Boys.
18   80)   Sef Krell, 5115 Louise Ave., Encino, CA 91316; (818) 906-
19         3662, on the allegations set forth in the Complaint related to
20         Defendant Lunada Bay Boys and the Individual Members of
21         the Lunada Bay Boys.
22   81)   Patrick Landon, can be contacted through counsel, on the
23         allegations set forth in the Complaint related to Defendant
24         Lunada Bay Boys and the Individual Members of the Lunada
25         Bay Boys.
26   82)   Frank Netto, can be contacted through counsel, on the
27         allegations set forth in the Complaint related to Defendant
28         Lunada Bay Boys and the Individual Members of the Lunada

12644064.1                           -13-                    2:16-cv-02129-SJO (RAOx)

21

1     Bay Boys.

2     83)   Randy Miestrell, contact information unknown, on the

3            allegations set forth in the Complaint related to Defendant

4            Lunada Bay Boys and the Individual Members of the Lunada

5            Bay Boys.

6     84)   Sharlean Perez, can be contacted through counsel, on the

7            allegations set forth in the Complaint related to Defendant

8            Lunada Bay Boys and the Individual Members of the Lunada

9            Bay Boys.

10    85)   Charles Michael Pinkerton, can be contacted through

11          counsel, on the allegations set forth in the Complaint related

12          to Defendant Lunada Bay Boys and the Individual Members

13          of the Lunada Bay Boys.

14    86)   Mike Purpus, contact information unknown, on the allegations

15          set forth in the Complaint related to Defendant Lunada Bay

16          Boys and the Individual Members of The Lunada Bay Boys.

17    87)   Mike Stevens, Los Angeles County District Attorney's Office,

18          on the allegations set forth in the Complaint related to

19          Defendant Lunada Bay Boys and the Individual Members of

20          the Lunada Bay Boys.

21    88)   Christopher Taloa, can be contacted through counsel, on the

22          allegations set forth in the Complaint related to Defendant

23          Lunada Bay Boys and the Individual Members of the Lunada

24          Bay Boys.

25    89)   Tim Tindall, can be contacted through counsel, on the

26          allegations set forth in the Complaint related to Defendant

27          Lunada Bay Boys and the Individual Members of the Lunada

28          Bay Boys.

90) Rory Carroll, contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys.

91) Noah Smith, contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys.

92) Josh Berstein, contact information unknown, on the subject of the declaration submitted to the California Coastal Commission regarding trail access.

93) Karl R. Bingemann, contact information unknown, on the subject of the declaration submitted to the California Coastal Commission regarding trail access.

94) William C. Brand, contact information unknown, on the subject of the declaration submitted to the California Coastal Commission regarding trail access.

95) Kurt Buettgenbach, contact information unknown, on the subject of the declaration submitted to the California Coastal Commission regarding trail access.

96) Sean Criss, contact information unknown, on the subject of the declaration submitted to the California Coastal Commission regarding trail access.

97) Douglas Leach, contact information unknown, on the subject of the declaration submitted to the California Coastal Commission regarding trail access.

98) Ian McDonald, contact information unknown, on the subject of the declaration submitted to the California Coastal Commission regarding trail access.

99) John R. McGrath, Jr., contact information unknown, on the

| | |
|---|---|
| 1 | subject of the declaration submitted to the California Coastal |
| 2 | Commission regarding trail access. |
| 3 | 100) Colin McNany, contact information unknown, on the subject of |
| 4 | the declaration submitted to the California Coastal |
| 5 | Commission regarding trail access. |
| 6 | 101) Bruce V. Rorty, contact information unknown, on the subject |
| 7 | of the declaration submitted to the California Coastal |
| 8 | Commission regarding trail access. |
| 9 | 102) Officers R. Castro / C. Simon, presumably can be contacted |
| 10 | through counsel for the City, on the subject regarding Officer |
| 11 | Report for Incident 12-11606. |
| 12 | 103) Officers Helinga / Wulf, presumably can be contacted through |
| 13 | counsel for the City, on the subject regarding Officer Report |
| 14 | for Incident 11-10919. |
| 15 | 104) Officer Shinowsky, presumably can be contacted through |
| 16 | counsel for the City, on the subject regarding Officer Report |
| 17 | for Incident 95-0297. |
| 18 | 105) Officer Belcher, presumably can be contacted through |
| 19 | counsel for the City, on the subject regarding Officer Report |
| 20 | for Incidents 95-0281, 95-0381. |
| 21 | 106) Officers Velez / John C. Eberhard / Denise L. Allen, |
| 22 | presumably can be contacted counsel for the City, on the |
| 23 | subject regarding Officer Report(s) for Incidents 95-0418 and |
| 24 | 97-0042. |
| 25 | 107) Officers Denice L. Allen / John C. Eberhard / Steven N. |
| 26 | Barber, presumably can be contacted through counsel for the |
| 27 | City, on the subject regarding Officer Report for Incident 97- |
| 28 | 0047. |

108) Officers Richard J. Delmont / Patrick L. Hite, can presumably be contacted through counsel for the City, on the subject regarding Officer Report for Incident 98-0301.

109) Officers Cecilia T. Nguyen / Mark A. Velez / Valerie S. Hite, can presumably be contacted through counsel for the City, on the subject regarding Officer Report for Incident 99-0042.

110) Officers E. Gaunt / C. Reed, presumably can be contacted through counsel for the City, on the subject regarding Officer Report for Incident 09-00575.

111) Officers E. Gaunt / C. Reed, presumably can be contacted through counsel for the City, on the subject regarding Officer Report for Incident 09-00562.

112) Officers B. Hernandez / R. Venegas, presumably can be contacted through counsel for the City, on the subject regarding Officer Report for Incident 09-00693.

113) Officer B. Hernandez, presumably can be contacted through counsel for the City, on the subject regarding Officer Report for Incident 09-10183.

114) Officers L. Tejada / R. Delmont, presumably can be contacted through counsel for the City, on the subject regarding Officer Report for Incident 09-08872.

115) Officers C. Eberhard / S. Tomlins, presumably can be contacted through counsel for the City, on the subject regarding Officer Report for Incident 10-00265.

116) Officers B. Hernandez / C. Reed, presumably can be contacted through counsel for the City, on the subject regarding Officer Report for Incident 10-02408.

///

2:16-cv-02129-SJO (RAOx)

12644064.1

**B.   Documents**

In accordance with F.R.C.P. 26(a)(1)(A)(ii), Plaintiffs identify the following categories of documents in their possession, custody or control:

Police Reports:

1.   Palos Verdes Estates Police Department, Officer Report for Incident 16-01360, dated 1/22/95.

2.   Palos Verdes Estates Police Department, Officer Report for Incident 95-0219/0381, dated 3/13/95.

3.   Palos Verdes Estates Police Department, Officer Report for Incident 95-0297, dated 4/5/95.

4.   Palos Verdes Estates Police Department, Officer Report for Incident 95-0381, dated 4/26/95.

5.   Palos Verdes Estates Police Department, Officer Report for Incident 95-0381, dated 3/14/95.

6.   Palos Verdes Estates Police Department, Officer Report for Incident 95-0418, dated 5/7/95.

7.   Palos Verdes Estates Police Department, Officer Report for Incident 96-1037, dated 12/18/96.

8.   Palos Verdes Estates Police Department, Officer Report for Incident 97-0002, dated 1/1/97.

9.   Palos Verdes Estates Police Department, Officer Report for Incident 97-0042, dated 1/18/97.

10.   Palos Verdes Estates Police Department, Officer Report for Incident 97-0047, dated 1/19/97.

11.   Palos Verdes Estates Police Department, Officer Report for Incident 98-0301, dated 5/02/98.

12.   Palos Verdes Estates Police Department, Officer Report for Incident 99-0042, dated 1/16/99.

1    13.    Palos Verdes Estates Police Department, Officer Report for

2           Incident 99-0077, dated 1/24/99.

3    14.    Palos Verdes Estates Police Department, Officer Report for

4           Incident 09-00562, dated 1/19/09.

5    15.    Palos Verdes Estates Police Department, Officer Report for

6           Incident 09-00693, dated 1/24/09.

7    16.    Palos Verdes Estates Police Department, Officer Report for

8           Incident 09-08872, dated 10/15/09.

9    17.    Palos Verdes Estates Police Department, Officer Report for

10          Incident 09-10183, dated 11/28/09.

11   18.    Palos Verdes Estates Police Department, Officer Report for

12          Incident 10-00265, dated 1/10/10.

13   19.    Palos Verdes Estates Police Department, Officer Report for

14          Incident 10-02408, dated 3/23/10.

15   20.    Palos Verdes Estates Police Department, Officer Report for

16          Incident 11-10919, dated 12/25/11.

17   21.    Palos Verdes Estates Police Department, Officer Report for

18          Incident 12-11606, dated 11/03/12.

19   22.    Palos Verdes Estates Police Department, Officer Report for

20          Incident 16-0136, dated 1/29/16.

21   Photos:

22   23.    All photos attached as exhibits to the Complaint.

23   24.    All photos attached as exhibits to the State Action BC629596.

24   25.    Photographs of Lunada Bay taken in August 2015 and provided

25          to Plaintiffs by City of Palos Verdes Estates in response to Public

26          Records Act Request, Bates Nos. 1128-1151,1267-1300.

27   Correspondence:

28   26.    Letter undated from Jim Russi to Ed Jaakola.

12644064.1

27

27. Letter dated January 21, 2016, from Jordan Sanchez of the California Coastal Commission to Jeff Kepley of the Palos Verdes Police Department.

28. Letter dated June 6, 2016, from Mr. Sanchez of the California Coastal Commission to City Manager Anton Dahlerbruch.

29. Letter dated June 7, 2016, from City Manager Dahlerbruch to Mr. Sanchez.

30. July 12, 2016 Sheri Repp-Loadsmann, Deputy City Manager/Planning and Building Director issued a Memorandum to the City's Mayor and City Council.

31. Email chain dated April 4, 2016 between John MacHarg and Mark Velez.

32. Memo dated 12/31/15 from Chief Jeff Kepley' re PVE Surfing Localism in The Media This Week

33. Memorandum from Anton Dahlerbruch to Honorable Mayor and City Council dated January 22, 2016, Subject City Managers Report for January 18- January 22, 2016.

34. Memorandum from Anton Dahlerbruch to Honorable Mayor and City Council dated January 29, 2016, Subject City Managers Report for January 25- January 29, 2016.

35. Memorandum from Anton Dahlerbruch to Honorable Mayor and City Council dated March 25, 2016, Subject City Managers Report for March 21 - March 25, 2016.

36. Letter dated January 12, 2016 from Resident to Jeff Kepley.

37. Letter to Surfer Magazine from Frank Ferarra entitled "Today's Lesson Don't Be A Kook.

Videos:

38. Defendant Sang Lee and other Bay Boys caught on video.

1   https://www.theguardian.com/travel/video/2015/may/18/california
2   -surf-wars-lunada-bay-localism-video

3   39.  Peter McCollum assaults Jeff Hagins, John Hagins, Vietnam
4        combat vet Mike Bernard and his son for surfing the public beach
5        telling them, among other things, "you won't come back here
6        again boy".
7        https://www.youtube.com/watch?v=J1Ms0ktOaZs

8   40.  Defendant Michael Papayans - blocking access to the public
9        beach: https://vimeo.com/88394493

10  41.  MLK harassment - https://vimeo.com/85025465

11  42.  Video of David Melo harassing Diana Milena Reed and Jordan
12       Wright and attempting to block their access to public beach
13       taken on 1/29/16.

14  43.  Video of Hank Harper attempting to intimidate Diana Milena
15       Reed and her attorney while being interviewed by the media.

16  44.  The Swell Life, (2001), interview of former Chief of Police Timm
17       Browne.

18  **C.   Damages**

19       A Computation of Damages Claimed by Plaintiff Under Fed. R. Civ. P.
20  26(a)(1)(A)(iii)

21       This case is primarily about broad, class-wide injunctive and
22  declaratory relief necessary to redress group-wide injury to visiting
23  beachgoers whom Defendants are denying access to Lunada Bay, whereby
24  a single injunction or declaratory judgment will provide relief to each member
25  of the class.  In addition to equitable relief, on behalf of themselves and the
26  putative class, Plaintiffs Cory Spencer and Diana Milena Read seek uniform
27  and formulaic damages that are incidental to the requested equitable relief.
28  This includes damages under Civil Code section 52 and 52.1(b). Plaintiffs do

1  not have sufficient information at this time to provide an accurate estimate of

2  the incidental damages, however, such amount is to be determined at trial.

3      In addition, on behalf of the putative class, Plaintiffs seek (a) civil fines

4  for violation of the California Coastal Act of up to $30,000 against each

5  defendant for each act authorizing or engaging in or performing activities in

6  violation of the California Coastal Act, (b) a civil daily fine of up to $15,000

7  per day against each defendant for each day from the commencement of the

8  violation of the California Coastal Act to the date each defendant complies

9  with the requirements under the California Coastal Act,  and (c) exemplary

10  damages under Public Resources Code section 30822  in an amount

11  necessary to deter further violations.  Civil fines under the California Coastal

12  Act will be deposited in the State's Violation Remediation Account of the

13  Coastal Conservancy Fund for projects to improve access to Lunada Bay

14  and other California beaches.

15      Plaintiffs also seek attorneys' fees, costs, and interest pursuant to Cal.

16  Civ. Code §§ 52.1 and 1021.5, 42 U.S.C. § 1983, and any other statute or

17  rule of law authorizing such an award.

18      At this early stage of discovery, however, Plaintiffs are unable to

19  provide a full computation of damages they will be seeking.

20  **D.    Insurance**

21      Not applicable.

22  **E.    Certification**

23      To the best of my knowledge, information, and belief, formed after an

24  inquiry that is reasonable under the circumstances, this disclosure is

25  complete and correct as of the time it is made.

26  ///

27  ///

28  ///

1 | DATED: August 19, 2016                 HANSON BRIDGETT LLP

2

3 | By:/s/ Kurt A. Franklin
      KURT A. FRANKLIN
4     SAMANTHA D. WOLFF
      CAROLINE ELIZABETH LEE
5     TYSON M. SHOWER
      LANDON D. BAILEY
6     Attorneys for Plaintiffs
      CORY SPENCER, DIANA MILENA
7     REED, and COASTAL PROTECTION
      RANGERS, INC.

8

9 | DATED:  August 19, 2016                 OTTEN LAW, PC

10

11

12 | By:
       VICTOR OTTEN
13     KAVITA TEKCHANDANI
       Attorneys for Plaintiffs
14     CORY SPENCER, DIANA MILENA
       REED, and COASTAL PROTECTION
15     RANGERS, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

12644064.1

-23-

PLAINTIFFS' INITIAL DISCLOSURES

2:16-cv-02129-SJO (RAOx)

31

PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I, Vic Otten, am employed in Torrance, California. I am over the age eighteen (18) years and am not a party to the within action. My business address is 3620 Pacific Coast Highway, Suite 100, Torrance, California 90505.

On August 19, 2016, I served the foregoing document(s) described as:
on the interested parties in this action by placing
[] the original
[x] a true and correct copy
thereof enclosed in a sealed envelope(s) addressed as follows:

See attached service list.


X   (BY MAIL) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date is more than one day after date of deposit for mailing an affidavit.

     (PERSONAL SERVICE) I caused such envelope to delivered by hand to the offices of the addressee.

          (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  X   (FEDERAL) I declare that I am employed in the office of the member of the bar of this of this court at whose direction the service was made.

Executed on August 19, 2016, at Torrance, California

Vic Otten

| Attorney | Parties Represented |
|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA  94105 | Plaintiffs CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC. |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA  90266 | Defendant ALAN JOHNSTON a/k/a JALIAN JOHNSTON |
| Edward E. Ward, Jr.<br>LEWIS, BRISBOIS, BISGAARD, & SMITH<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Defendant SANG LEE |
| Edwin J. Richards, Esq.<br>Jacob Song, Esq.<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine, CA  92614-8595 | Defendants CITY OF PALOS VERDES and CHIEF OF POLICE JEFF KEPLEY |
| Richard Dieffenbach, Esq.<br>VEATCH CARLSON, LLP<br>1055 Wilshire Boulevard, 11th Floor<br>Los Angeles, CA  90017 | Defendant BRANT BLAKEMAN |
| Peter T. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA  90266 | Defendant MICHAEL RAY PAPAYANS |
| Mark C. Fields<br>Law Offices of Mark C. Fields, APC<br>333 South Hope Street, Thirty-Fifth Floor,<br>Los Angeles, CA 90071 | Angelo Ferrara and NF |
| | |
| | |

# EXHIBIT 2

**VEATCH CARLSON, LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

1055 Wilshire Boulevard, 11th Floor, Los Angeles, California, 90017-2444
Telephone (213) 381-2861 Facsimile (213) 383-6370

September 2, 2016

## SENT VIA FACSIMILE AND EMAIL

Kurt A. Franklin, Esq.
Tyson Shower, Esq.
Samantha Wolff, Esq.
Caroline Lee, Esq.
HANSON BRIDGETT, LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
Facsimile: (415) 541-9366
Facsimile: (916)442-2348

Victor Otten, Esq.
Kavita Tekchandani, Esq.
OTTEN LAW, PC
3620 Pacific Coast Hwy, #100
Torrance, CA 90505
Facsimile: (310) 347-4225

Re:     **SPENCER, CORY v. LUNADA BAY BOYS**
      Date of Loss    :    04/14/16
      Our File No.    :    010-08018.

Dear Counsel:

We received plaintiffs' initial disclosures on August 24, 2016. I write to meet and confer and ask that plaintiffs supplement their initial disclosure without delay. As identified below it appears plaintiffs have not properly disclosed witnesses, the information that such witnesses may testify to, or a computation of damages.

### Witnesses Disclosed Relating to Plaintiffs' Claims

Plaintiffs have alleged causes of action against the "Lunada Bay Boys" and individual defendants for violations of the Bane Act, for Public Nuisance, for Violations of the California Coastal Act, for Assault, for Battery and for Negligence. The claims under the California Costal Act have now been dismissed. Plaintiffs allege a single cause of action against the City of Palos Verdes and the Chief of Police for an Equal Protection violation under 42 U.S.C. § 1983.

34

September 2, 2016
Page 2

      Plaintiffs have identified 116 witnesses likely to have discoverable information that they
may use to support their claims.  Of these witnesses approximately 104 are non party witnesses.
Plaintiffs' witnesses 11-12 and 15-91 are all identified to relate the acts of the "Lunada Bay
Boys" and individual defendants with witnesses 11, 12, 19 and 30 also having some interaction
with the City of Palos Verdes.  Plaintiffs' witnesses 92-101 are all identified to relate to
declarations submitted to the Costal Commission.  Plaintiffs' witnesses 102-116 all appear to be
police officers that made a report regarding certain incidents, many which appear to predate the
applicable statute of limitations.

      In plaintiffs' complaint they allege acts that have been occurring since the 1970s that
allegedly give rise to the cause of actions asserted.  (Complaint at ¶ 18.)  There are various
statutes of limitations that apply to plaintiffs' claims of which the most senior is 3 years.
(California Code of Civil Procedure Sections 335.1, 338(a), 338(b), 343, 340 and California
Public Resources Code Section 30805.5)  The complaint was filed on March 29, 2016 thus the
only relevant information would be that relating to any acts or omissions from March 29, 2013
until present. Any witnesses that do not relate to information that is within the statute of
limitations applicable to plaintiffs' causes of action should be removed.

      As you are aware plaintiffs at the scheduling conference stipulated that the Costal Act
Claims are dismissed by stipulating that the Court's order of July 7, 2016 applied to all
defendants.  Any witnesses that only relate to violations of the Costal Act Claims should be
removed.

      We desire to depose only the pertinent relevant witnesses. In order to do so witnesses
who have information that only applies to causes of action that have been dismissed and that do
not have information relating to actionable claims within the statute of limitation should be
removed.

**Disclosure of Witness Contact Information**

      The parties are required to disclose certain information related to witnesses with their
initial disclosure.  Rule 26 provides the following should be disclosed:

> **(i)** the name and, if known, the address and telephone number of each individual likely to
> have discoverable information--along with the subjects of that information--that the
> disclosing party may use to support its claims or defenses, unless the use would be solely
> for impeachment;

(F.R.C.P., Rule 26(a)(1)(A)(i).)

      Plaintiffs have provided very limited information for witnesses to be contacted or
subpoenaed.  Witnesses listed numerically as 55-67, 71-73, 77, 81-82, 84-86, and 88-89 all have
their contact information disclosed as being "*can be contacted through counsel*."  While we
appreciate that non parties may be contacted through an unknown "counsel" we still desire to
have their contact information.

September 2, 2016
Page 3

Please supplement the disclosures and provide all contact information for witnesses listed
numerically as 55-67, 71-73, 77, 81-82, 84-86, and 88-89 including their addresses and telephone
numbers. For any person that is represented by counsel please inform us who the counsel is and
provide the counsel's contact information. If any of plaintiffs' counsel happens to represent such
persons then please forward us a letter of representation for any such persons without delay.

### Disclosure of the Subject Matter of Information Discoverable from Witnesses

Plaintiffs are required to not only disclose witness who may have information supporting
a party's case but also the subject matter of the discoverable information. (FRCP, Rule
26(a)(1)(A)(i).) Of the 104 non party witnesses listed by plaintiffs the disclosed subject matter
of the information the witnesses have that is discoverable is identified by plaintiffs in the
following manner:

- "on the allegations set forth in the complaint related to Defendant Lunada Bay Boys
  and Individual Members of the Lunada Bay Boys." (Witnesses 16-17, 20- 29, 31-54,
  56-91.)

- "on the allegations set forth in the Complaint related to Defendant City of Palos
  Verdes Estates, Defendant Lunada Bay Boys, and Individual Members of the Lunada
  Bay Boys." (Witnesses 11 and 12.)

- "on the allegations set forth in the Complaint related to Defendant City of Palos
  Verdes Estates, Defendant Lunada Bay Boys, and Individual Members of the Lunada
  Bay Boys and communications with the Defendant City of Palos Verdes Estates.
  (Witnesses 19 and 30.)

- "on the subjects set forth in the complaint, to which he was a percipient witness."
  (Witnesses 55.)

- "on the subject of the declaration submitted to the California Costal Commission
  regarding trail access." (Witnesses 92-101.)

- "on the subject regarding incident report number…" (Witnesses 102-116).

It is obvious that the identified persons support allegations in the complaint merely
through their identification. The subject matter of the discoverable information the specific
witnesses may have though is not disclosed in any way regarding Witnesses 11-12 and 15-91.
The only known limits on these Witnesses testimony are they will not testify regarding
allegations against the City (with the exception of Witnesses 11, 12, 19, and 30). Considering
there is only one cause of action against the City, that is primarily based on the acts of "Lunada
Bay Boys," this is really not much more than saying they support plaintiffs' claims.

[O]ne of the obvious purposes of the initial disclosure rule is to provide each party with
enough information to make an informed decision as to whether they want to incur the
substantial expense of deposing a disclosed witness or engaging in other types of
discovery to determine the specifics of that witness's knowledge about the case.

36

September 2, 2016
Page 4

(Moore v. Deer Valley Trucking, Inc. (D. Idaho, Oct. 2, 2014, No. 4:13-CV-00046-BLW) 2014
WL 4956170, at *2.) There is no way any individual party can distinguish between Witnesses
11-12 and 15-91 (77 total witnesses) who have information that relates to claims *made against a
particular party* versus the other parties, or who a particular party  may desire to depose based on
the allegations made against that particular party.

For example it is unknown what witnesses may support an assault or battery claim
against any particular defendant.  This information may be very relevant for one defendant in
addressing the actions of themselves *or others* in the defense of such claims.  It would seem
logical that not all 77 witnesses have information regarding all 10 defendants assaulting and
battering someone in the past two years.

The purpose of the initial disclosures rule is not fulfilled by plaintiffs' current disclosure
regarding the subject of the discoverable information the witnesses may have.  In light of the
volume of witnesses disclosed, the number of causes of action alleged, plaintiffs' contentions
that certain acts started in the 1970s and continue today, plaintiffs' contention that 12 defendants
be limited to 15 total depositions collectively, and the extreme nature of the relief plaintiffs seek
*it appears plaintiffs are directly refuting the purpose of the initial disclosure rule in order to
prejudice the defense of plaintiffs claims*.

Plaintiffs' current disclosures would cause defendants to have no idea how to prioritize
the depositions of the 77 people who may offer information related to any particular defendant.
The vagueness of the subject matter the witnesses may testify to coupled with the vagueness of
the complaint and plaintiffs' current position that defendants be limited to 15 depositions further
buttresses the need for a more substantive disclosure.

As you should be aware we will seek exclusion of any witnesses from testifying or
offering evidence related to subject matter that plaintiffs have not disclosed. (See
Commonwealth Capital Corp. v. City of Tempe (D. Ariz., Apr. 7, 2011, No. 2:09-CV-00274
JWS) 2011 WL 1325140, at *1 (Rule 37(c)(1) functions to preclude both witnesses and
information).)  Plaintiffs should be cognizant of this remedy in supplementing their disclosures.

At this time we ask plaintiffs to supplement all witness disclosures by minimally
providing information regarding the subject matter the witness may testify to that includes any
causes of action it relates to, the actual named defendants it relates to, and other information
related to the subject matter the witness will testify to as plaintiffs believe it pertains to their
claims.  We expect that plaintiffs will be willing to be bound by any further disclosure and the
exclusion of any information not affirmatively disclosed.

## **Computation of Damages**

The parties are required to disclose certain information related to the computation of
damages with their initial disclosure.  Rule 26 provides the following should be disclosed:

**(iii)** a computation of each category of damages claimed by the disclosing party--who
must also make available for inspection and copying as under Rule 34 the documents or
other evidentiary material, unless privileged or protected from disclosure, on which each

September 2, 2016
Page 5

> computation is based, including materials bearing on the nature and extent of injuries suffered;

(F.R.C.P., Rule 26(a)(1)(A)(iii).)

Plaintiffs' computation of damages is in substance no more than reflection of their prayer for relief in the complaint. Not one allegation of damages is made to any particular defendant. As indicated before plaintiffs have made many allegations that may apply to different defendants in this case.

> Plaintiff should provide its assessment of damages in light of the information currently available to it in sufficient detail so as to enable each of the multiple Defendants in this case to understand the contours of its potential exposure and make informed decisions as to settlement and discovery.

(Frontline Medical Associates, Inc. v. Coventry Health Care (C.D. Cal. 2009) 263 F.R.D. 567, 569.)

Plaintiff should be able to offer some computation of damages under each cause of action as to each separate defendant. Just like the disclosure of witnesses plaintiffs should only be addressing what relates the damages compensable within the statute of limitations for plaintiffs' claims that are still present in the case.

For example this should include those penalties for alleged violations of the Bane Act as to each named defendant. This should be relatively simple by taking the number of alleged violations and multiplying it by the statutory penalty. (See Complaint – Relief, ¶ 16.) Any known "special damages" should also be disclosed as they pertain to any particular defendant. (Id., ¶ 10.)

Additionally the disclosures should now eliminate any penalties or damages sought under the California Costal Act.

* * *

Please be advised I have discussed the substance of this correspondence with all defense counsel who represent the 10 individual defendants (those other than the City and Chief of Police) with the exception of Mr. Carey. We are all in agreement that plaintiffs should supplement their disclosures based on the issues presented in this correspondence

If this dispute cannot be resolved we will be forced to move the Court to compel plaintiffs to comply with Rule 26(a)(1). Resolution of this dispute will also further the respective parties position regarding discovery and proposing modifications to the discovery rules as it applies to this case, which where not modified by the scheduling order despite all parties desire for some modifications. It will also help all parties to efficiently prepare for trial, particularly in light of the Court indicating each side will only be provide 12 ½ hours to conduct the trial.

September 2, 2016
Page 6

      Please advise us if plaintiffs are willing to supplement their initial disclosures in accord
with the issues identified in this correspondence.  If so, please inform us the time frame you
propose for supplemental disclosures to be made within the next two weeks.  If plaintiffs are
unwilling to supplement their responses please provide me your availability in the next 10 days
in order to comply with Local Rule 37-1 for a telephonic or in office meeting.

                    Very truly yours,

                    VEATCH CARLSON

                    JOHN P. WORGUL

JPW:adb

cc: All Defense Counsel  [See Attached Service List]

39

SERVICE LIST
*Cory Spencer, et al v. Lunada Bay Boys, et al.*
USDC, Central District, Western Division Case No.: 2:16-cv-02129-SJO (RAOx)

| | |
|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (415) 442-3200<br>Facsimile: (415) 541-9366<br><br>Email: kfranklin@hansonbridgett.com<br>Email: swolff@hansonbridgett.com<br>Email: clee@hansonbridgett.com |
| Tyson M. Shower, Esq.<br>Landon D. Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (916) 442-3333<br>Facsimile: (916) 442-2348<br><br>Email: tshower@hansonbridgett.com |
| Victor Otten, Esq.<br>Kavita Tekchandani, Esq.<br>OTTEN LAW PC<br>3620 Pacific Coast Highway, #100<br>Torrance, CA 90505 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (310) 378-8533<br>Facsimile: (310) 347-4225<br><br>Email: vic@ottenlawpc.com<br>Email: kavita@ottenlawpc.com |
| Edwin J. Richards, Esq.<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine, CA 992614-8595 | Attorneys for Defendants<br>**CITY OF PALOS VERDES ESTATES and CHIEF OF POLICE JEFF KEPLY**<br><br>Telephone: (949) 417-0999<br>Facsimile: (949) 417-5394<br><br>Email: ed.richards@kutakrock.com<br>Email: jacob.song@kutakrock.com |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**ALAN JOHNSTON aka JALIAN JOHNSTON**<br><br>Telephone: (310) 526-2237<br>Facsimile: (310) 526-2237<br><br>Email: pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |
| Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**MICHAEL RAY PAPAYANS**<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br><br>Email: peter@hblwfirm.us<br>Email: peter@havenlaw.com |

| | |
|---|---|
| Mark C. Fields<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants<br>**ANGELO FERRARA; N.F. appearing**<br>**through [Proposed] Guardian Ad Litem,**<br>**Leonora Ferrara Attorney for Petitioner**<br><br>Telephone: (213) 948-2349<br><br>Email: fields@markfieldslaw.com |
| Thomas M. Phillips, Esq.<br>Aaron G. Miller<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant<br>**ANGELO FERRARA**<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br><br>Email: tphillips@thephillipsfirm.com |
| Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tara Lutz, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Attorney for Defendant<br>**SANG LEE**<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900<br><br>Email: Dana.Fox@lewisbrisbois.com<br>Email: Edward.Ward@lewisbrisbois.com<br>Email: Eric.Kizirian@lewisbrisbois.com<br>Email: Tera.Lutz@lewisbrisbois.com |
| Laura Bell, Esq.<br>William Lock, Esq.<br>BREMER WHYTE BROWN & O'MEARA, LLP<br>21271 Burbank Blvd., Suite 110<br>Woodland Hills, CA 91367 | Attorney for Defendants,<br>**FRANK FERRARA and CHARLIE**<br>**FERRARA**<br><br>Telephone: (818) 712-9800<br>Facsimile:  (818) 712-9900<br><br>Email: lbell@bremerwhyte.com<br>Email: wlocke@bremerwhyte.com |

41

# EXHIBIT 3

## Richard P. Dieffenbach

| | |
|---|---|
| **From:** | Victor Otten [vic@ottenlawpc.com] |
| **Sent:** | Wednesday, September 07, 2016 1:52 PM |
| **To:** | John Worgul; Rob Mackey; Peter Crossin; Richard P. Dieffenbach |
| **Cc:** | Song, Jacob; Ed.Richards@kutakrock.com; Antoinette.Hewitt@KutakRock.com; Rebecca.Wilson@kutakrock.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; fields@Markfieldslaw.com; tphillips@thephillipsfirm.com; amiller@thephillipsfirm.com; fields@Markfieldslaw.com; peter@havenlaw.com; Pat Carey; pat@southbaydefenselawyer.com; Dana.Fox@lewisbrisbois.com; Edward.Ward@lewisbrisbois.com; Eric.Kizirian@lewisbrisbois.com; Tera.Lutz@lewisbrisbois.com; Kurt A. Franklin; Samantha Wolff |

**Subject:** initial disclosures

Dear John,

This is in response to your September 2, 2016 letter regarding initial disclosures. The Kutak Rock law firm scheduled a meet-and-confer over initial disclosures last week. I've already had a long call with Jacob Song of this firm and we planned to follow up on Friday. It would be most efficient if you, and any other defendant coordinated on this effort. Participating in this phone call may answer some of your questions.

As to your letter and the topics you hope to discuss, while we disagree with your assertions, it would be helpful if you provided authority for certain of your requests: (1) asking that witnesses be removed based on (a) the statute of limitation (also, you may recall from your motion to dismiss and the Court's order on that motion, that Plaintiffs assert a continuing violation and that there is a long history of the Lunada Bay Boys and individual defendants unlawfully excluding non-local beachgoers from Lunada Bay - your effort is best directed at a motion in limine before trial) and (b) the Coastal Act (understand that this claim, while now in State Court, goes beyond construction of the Rock Fort and improvement of the trails, and includes a theory that the Lunada Bay Boys efforts to dissuade beachgoers from using Lunada Bay is a Coastal Act violation); (2) the damage computation in initial disclosures at this early stage is deficient - especially when it is a class action and damages are likely to be formulaic and incidental to equitable relief in this matter.

Of course, as Plaintiffs learn more they will supplement their initial disclosures as required by the FRCP. Indeed, we're already planning to supplement the Plaintiffs' initial disclosures.

Sincerely,

Victor Otten, Esq.

## OTTEN LAW, PC

### ATTORNEYS

3620 Pacific Coast Hwy #100 | Torrance, California 90505
P (310) 378-8533 | F (310) 347-4225 | E vic@ottenlawpc.com | W www.ottenlawpc.com

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Rosa at 310-378-8533 if you need assistance.

Please consider the environment before printing this e-mail message.

11/11/2016

# EXHIBIT 4

# VEATCH CARLSON, LLP

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

1055 Wilshire Boulevard, 11th Floor, Los Angeles, California  90017-2444
Telephone (213) 381-2861  Facsimile (213) 383-6370

September 9, 2016

**SENT VIA FACSIMILE AND EMAIL**

Kurt A. Franklin, Esq.
Tyson Shower, Esq.
Samantha Wolff, Esq.
Caroline Lee, Esq.
HANSON BRIDGETT, LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
Facsimile: (415) 541-9366
Facsimile: (916)442-2348

Victor Otten, Esq.
Kavita Tekchandani, Esq.
OTTEN LAW, PC
3620 Pacific Coast Hwy, #100
Torrance, CA 90505
Facsimile: (310) 347-4225

Re: **SPENCER, CORY v. LUNADA BAY BOYS**

| | | |
|---|---|---|
| Date of Loss | : | 04/14/16 |
| Our File No. | : | 010-08018. |

Dear Counsel:

We are in receipt of Mr. Otten's September 7, 2016 email.  This letter is sent in the hopes of resolving the issues in our September 2, 2016 correspondence related to plaintiff's initial disclosures. Please direct any response to the undersigned.

To be clear, we represent Mr. Blakeman, and our concerns relate to allegations, witnesses, documents, and evidence which Plaintiffs are required to disclose relating to Brent Blakeman.  The proposal that we coordinate with the City is welcomed, and we continue to work with all defense counsel to coordinate where possible. Indeed we had proposed use of common defense interrogatories as a means for making this litigation more efficient, but Plaintiffs have thus far rejected that proposal.

43

September 2, 2016
Page 2

The issues relating to Mr. Blakeman are the issues on which we are entitled to have full disclosure. Those issues are the ones addressed in Mr. Worgul's September 2, 2016 letter. Those are the issues for which we will meet and confer.

Mr. Otten has failed to provide us any times or dates to meet and confer in compliance Local Rule 37-1 despite our request in Mr. Worgul's September 2, 2016 correspondence. We have received no other communication from any of plaintiffs' other counsel regarding this request. Unless you inform me otherwise in writing I must assume none of plaintiffs' counsel intends to comply with the Local Rule.

Mr. Otten asks for authority for the contentions made in the September 2, 2016 letter. The authorities are set forth in the letter. Please review the citations in the letter to the Federal Rules and Federal Case Law. I attach a copy for your convenience.

Please also note that we have no position on "how" plaintiffs must disclose things in their initial disclosures, rather, our position is that "what" plaintiffs must disclose is clear, and is not met in the disclosures provided. Our position is that the current disclosures are wholly inadequate regarding the issues presented in the September 2, 2016 correspondence. The vague material provided does not meet the Plaintiffs' duties for initial disclosure of information. Failure to provide adequate disclosure prejudices Mr. Blakeman from providing a defense of the case, selecting witnesses to depose, and causes unnecessary burdens on Mr. Blakeman and his counsel, in derogation of the purpose of the initial disclosure requirements. Exclusion of known but undisclosed information is the remedy which we will ask the court to enforce absent substantial compliance with the disclosure requirements.

If plaintiffs do not comply with the Local Rules our nest option is to inform the Court and Magistrate upon the filling of a motion addressing this problem. Plaintiffs' dilatory tactics are greatly prejudicing Mr. Blakeman as the date for class certification is very quickly approaching, as are other events. We will seek the Magistrate's intervention with haste if plaintiffs do not resolve this dispute.

I ask that you comply with the Local Rule so that such a meeting may be held in order to avoid the need for motions. I have 1:30 p.m. on either Tuesday September 13 or Wednesday September 14 open. Please contact me if you believe this is possible.

Very truly yours,

VEATCH CARLSON

RICHARD P. DIEFFENBACH

RPD

cc: All Defense Counsel  [See Attached Service List]

44

# EXHIBIT 5

## John Worgul

| | |
|---|---|
| **From:** | Victor Otten [vic@ottenlawpc.com] |
| **Sent:** | Wednesday, September 28, 2016 1:07 PM |
| **To:** | Richard P. Dieffenbach |
| **Cc:** | Mark C. Fields; Kurt A. Franklin; Tyson M. Shower; Samantha Wolff; Caroline Lee; Thomas M. Phillips; Richards, Edwin J.; pat@southbaydefenselawyer.com; pat@patcareylaw.com; Edward.Ward@lewisbrisbois.com; John Worgul; peter@havenlaw.com; Aaron Miller; Song, Jacob; Dana.Fox@lewisbrisbois.com; lbell@bremerwhyte.com; Rob Mackey; Cooper, Robert S. |

**Subject:** RE: 3005978020-1-3-3 Spencer v Lunada further meet and confer efforts

Hi Richard,

Sorry for the delay. I will make sure you have the supplemental responses emailed and mailed to you by tomorrow at the latest. They actually contain new information that I received over the last couple of days.

**From:** Richard P. Dieffenbach [mailto:RDieffenbach@veatchfirm.com]
**Sent:** Wednesday, September 28, 2016 10:46 AM
**To:** Victor Otten <vic@ottenlawpc.com>
**Cc:** Mark C. Fields <fields@MARKFIELDSLAW.COM>; Kurt A. Franklin <kfranklin@hansonbridgett.com>; Tyson M. Shower <TShower@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Caroline Lee <CLee@hansonbridgett.com>; Thomas M. Phillips <tphillips@thephillipsfirm.com>; Richards, Edwin J. <Ed.Richards@kutakrock.com>; pat@southbaydefenselawyer.com; pat@patcareylaw.com; Edward.Ward@lewisbrisbois.com; John Worgul <JWorgul@veatchfirm.com>; peter@havenlaw.com; Aaron Miller <amiller@thephillipsfirm.com>; Song, Jacob <Jacob.Song@KutakRock.com>; Dana.Fox@lewisbrisbois.com; lbell@bremerwhyte.com; Rob Mackey <RMackey@veatchfirm.com>; Cooper, Robert S. <rcooper@buchalter.com>
**Subject:** RE: 3005978020-1-3-3 Spencer v Lunada further meet and confer efforts

Victor

In our meet and confer session I believe you said you would have further initial disclosures to us by last Friday, September 23.  We have not received anything and ask that you please advise as to status of those disclosures. Thanks.

Richard Dieffenbach
Veatch Carlson LLP
213-381-2861

**From:** Victor Otten [mailto:vic@ottenlawpc.com]
**Sent:** Monday, September 12, 2016 7:01 PM
**To:** Richard P. Dieffenbach
**Cc:** Mark C. Fields; Kurt A. Franklin; Tyson M. Shower; Samantha Wolff; Caroline Lee; Thomas M. Phillips; Richards, Edwin J.; pat@southbaydefenselawyer.com; pat@patcareylaw.com; Edward.Ward@lewisbrisbois.com; John Worgul; peter@havenlaw.com; Aaron Miller; Song, Jacob; Dana.Fox@lewisbrisbois.com; lbell@bremerwhyte.com; Rob Mackey
**Subject:** RE: 3005978020-1-3-3 Spencer v Lunada further meet and confer efforts

Richard,

As I am preparing for trial, I do not have time to respond in detail to you email except to state that I can be available any time after 5 on September 14 to participate in a meet and confer by telephone.

11/11/2016

**From:** Richard P. Dieffenbach [mailto:RDieffenbach@veatchfirm.com]
**Sent:** Monday, September 12, 2016 4:16 PM
**To:** Victor Otten <vic@ottenlawpc.com>
**Cc:** Mark C. Fields <fields@MARKFIELDSLAW.COM>; Kurt A. Franklin <kfranklin@hansonbridgett.com>; Tyson M. Shower <TShower@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Caroline Lee <CLee@hansonbridgett.com>; Thomas M. Phillips <tphillips@thephillipsfirm.com>; Richards, Edwin J. <Ed.Richards@kutakrock.com>; pat@southbaydefenselawyer.com; pat@patcareylaw.com; Edward.Ward@lewisbrisbois.com; John Worgul <JWorgul@veatchfirm.com>; peter@havenlaw.com; Aaron Miller <amiller@thephillipsfirm.com>; Song, Jacob <Jacob.Song@KutakRock.com>; Dana.Fox@lewisbrisbois.com; lbell@bremerwhyte.com; Rob Mackey <RMackey@veatchfirm.com>
**Subject:** RE: 3005978020-1-3-3 Spencer v Lunada further meet and confer efforts

Mr. Otten:

The governing local rule is 37-1.

### F.R.CIV.P. 37. FAILURE TO MAKE DISCLOSURE OR COOPERATE IN DISCOVERY; SANCTIONS

*L.R.37-1 Pre-Filing Conference of Counsel.*[1] Prior to the filing of any motion relating to discovery pursuant to F.R.Civ.P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. It shall be the responsibility of counsel for the moving party to arrange for this conference. If both counsel are located within the same county of the Central District, the conference shall take place in person at the office of the moving party's counsel, unless the parties agree to meet someplace else. If both counsel are not located within the same county of the Central District, the conference may take place telephonically. Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party shall confer with counsel for the moving party within ten (10) days after the moving party serves a letter requesting such conference. The moving party's letter shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.

+

A few points:

1. We (on behalf of Brent Blakeman) would be the moving party under Local Rule 37-1 relating to moving for further disclosures. Although we welcome participation by counsel for other defendants where the issues are aligned, whether there are issues for other defendants is not the point of our meet and confer or letter or our motion.
2. **Wednesday, not Tuesday**, is the date if we are meeting in the evening after your trial. Tuesday I can

11/11/2016

46

meet at 1:30 p.m. but not in the evening.

3. Despite being invited to do so, Plaintiffs counsel provided no proposed dates, times or locations for the requested meeting in response to the September 2 letter, resulting in our office making the proposals. We have been seeking your attendance for a Rule 37-1 conference since September 2, 2016. Despite the local rule requiring an in face meeting you have refused to provide us any dates for this to occur at our office. You have also insisted it occur at your office despite our offer to hold it after hours for your convenience. Notably none of your colleagues who represent plaintiff from Hanson Bridget have deigned to respond to our requests despite it also being directed to them as the plaintiffs' counsel. Their participation would allow for a telephonic conference under the local rule with them. Surely if you are in trial your co-counsel who are at a firm of more 150 attorneys could find someone to be available at least for a telephonic conference on these very simple issues.

4. By tomorrow ten days will have passed since a meeting was required under Rule 37-1. We have made overtures to have this meeting occur within or near this time frame and fulfilled our obligations under the local rule. We were willing to have a conference take place later than ten days. We have not received a written response related to the substance of our contentions in our letter or been informed when, if at all, plaintiffs will supplement their disclosures other than your contention they will be supplemented. We must now consider our efforts to comply with the local rule exhausted and will inform the magistrate and the Court in our motion and all of plaintiffs' counsels' failure to confer in good faith within the required time frame.

5. As we sincerely desired to avoid the filing of motions we are agreeable to scheduling a conference call but most note that this does not comply with the local rule despite our efforts to have this occur. Please let us know if a telephone conference can occur tomorrow at 1:30 p.m. or September 14 at a time after your trial day concludes. If a telephone conference cannot be done we will assume that a motion will be required to address the issues presented in our September 2, 2016.

Richard Dieffenbach
Veatch Carlson LLP

---

**From:** Victor Otten [mailto:vic@ottenlawpc.com]
**Sent:** Monday, September 12, 2016 2:35 PM
**To:** Richard P. Dieffenbach
**Cc:** Mark C. Fields; Kurt A. Franklin; Tyson M. Shower; Samantha Wolff; Caroline Lee; Thomas M. Phillips; Richards, Edwin J.; pat@southbaydefenselawyer.com; pat@patcareylaw.com; Edward.Ward@lewisbrisbois.com; John Worgul; peter@havenlaw.com; Aaron Miller; Song, Jacob; Dana.Fox@lewisbrisbois.com; lbell@bremerwhyte.com; Rob Mackey
**Subject:** Re: 3005978020-1-3-3 Spencer v Lunada further meet and confer efforts

As I mentioned, I am in trial so we can meet in my office. I will order pizza for everyone. See you tomorrow.

Sent from my iPhone

On Sep 12, 2016, at 2:30 PM, Richard P. Dieffenbach <RDieffenbach@veatchfirm.com> wrote:

> Mr. Otten
>
> Following up on our emails over the weekend, I think the better solution is to comply with the Local Rule and meet, face to face, in my office.
>
> So in accordance with the Local Rules we will meet in my office at 1055 Wilshire, 11th floor, Wednesday September 14 at 6 p.m. The purpose is to meet and confer as to Plaintiff's initial disclosure shortcomings relative to claims against Mr. Blakeman, and if any other defendants have issues as to their respective clients they are welcome to attend to discuss those as well.
>
> Any attendees please let me know so I can let security be aware. Thanks all.

11/11/2016

**From:** Victor Otten [mailto:vic@ottenlawpc.com]
**Sent:** Friday, September 09, 2016 9:17 PM
**To:** Richard P. Dieffenbach
**Cc:** Mark C. Fields; Kurt A. Franklin; Tyson M. Shower; Samantha Wolff; Caroline Lee; Thomas M.
Phillips; Richards, Edwin J.; pat@southbaydefenselawyer.com; pat@patcareylaw.com;
Edward.Ward@lewisbrisbois.com; John Worgul; peter@havenlaw.com; Aaron Miller; Song, Jacob;
Dana.Fox@lewisbrisbois.com; lbell@bremerwhyte.com
**Subject:** RE: 3005978020-1-3-3 Spencer v Lunada further meet and confer efforts

As my trial is in Torrance, lets meet at my office. I will order pizza.

**From:** Richard P. Dieffenbach [mailto:RDieffenbach@veatchfirm.com]
**Sent:** Friday, September 9, 2016 8:48 PM
**To:** Victor Otten <vic@ottenlawpc.com>
**Cc:** Mark C. Fields <fields@MARKFIELDSLAW.COM>; Kurt A. Franklin
<kfranklin@hansonbridgett.com>; Tyson M. Shower <TShower@hansonbridgett.com>; Samantha
Wolff <SWolff@hansonbridgett.com>; Caroline Lee <CLee@hansonbridgett.com>; Thomas M.
Phillips <tphillips@thephillipsfirm.com>; Richards, Edwin J. <Ed.Richards@kutakrock.com>;
pat@southbaydefenselawyer.com; pat@patcareylaw.com; Edward.Ward@lewisbrisbois.com; John
Worgul <JWorgul@veatchfirm.com>; peter@havenlaw.com; Aaron Miller
<amiller@thephillipsfirm.com>; Song, Jacob <Jacob.Song@KutakRock.com>;
Dana.Fox@lewisbrisbois.com; lbell@bremerwhyte.com
**Subject:** Re: 3005978020-1-3-3 Spencer v Lunada further meet and confer efforts

Working on the Depo date for my client but we will need the required disclosures to be
provided now. I can meet in my office Wednesday at 5 pm September 14 or you can just
provide the further disclosures by then. Thank you.

Sent from my iPhone

On Sep 9, 2016, at 8:40 PM, Victor Otten <vic@ottenlawpc.com> wrote:

> I do 2 to 3 jury trials a year. I am perfectly capable of getting on the phone
> with you and discussing this during my trial prep. In the alternative, perhaps
> we can pick a time next week after court?
>
> Also, can you provide the availability for the depositions? To date, no one has
> responded.
>
> > **From:** Richard P. Dieffenbach [mailto:RDieffenbach@veatchfirm.com]
> > **Sent:** Friday, September 09, 2016 8:35 PM
> > **To:** Victor Otten <vic@ottenlawpc.com>
> > **Cc:** Mark C. Fields <fields@MARKFIELDSLAW.COM>; Kurt A. Franklin
> > <kfranklin@hansonbridgett.com>; Tyson M. Shower
> > <TShower@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>;
> > Caroline Lee <CLee@hansonbridgett.com>; Thomas M. Phillips
> > <tphillips@thephillipsfirm.com>; Richards, Edwin J. <Ed.Richards@kutakrock.com>;
> > pat@southbaydefenselawyer.com; pat@patcareylaw.com;

Edward.Ward@lewisbrisbois.com; John Worgul <JWorgul@veatchfirm.com>;
peter@havenlaw.com; Aaron Miller <amiller@thephillipsfirm.com>; Song, Jacob
<Jacob.Song@KutakRock.com>; Dana.Fox@lewisbrisbois.com;
lbell@bremerwhyte.com
**Subject:** Re: 3005978020-1-3-3 Spencer v Lunada further meet and confer efforts

We do not want to disrupt your trial prep. Simply making the proper
disclosures will suffice. Your co-counsel can do that. Thank you.

Sent from my iPhone

On Sep 9, 2016, at 6:01 PM, Victor Otten <vic@ottenlawpc.com> wrote:

> I start a jury trial Tuesday which will go at least 5 days so the times
> proposed will not work.
>
>
> **From:** Mark C. Fields [mailto:fields@MARKFIELDSLAW.COM]
> **Sent:** Friday, September 9, 2016 4:30 PM
> **To:** Richard P. Dieffenbach <RDieffenbach@veatchfirm.com>; Victor
> Otten <vic@ottenlawpc.com>; Kurt A. Franklin
> <kfranklin@hansonbridgett.com>; Tyson M. Shower
> <TShower@hansonbridgett.com>; Samantha Wolff
> <SWolff@hansonbridgett.com>; Caroline Lee
> <CLee@hansonbridgett.com>
> **Cc:** Thomas M. Phillips <tphillips@thephillipsfirm.com>; Richards, Edwin
> J. <Ed.Richards@kutakrock.com>; pat@southbaydefenselawyer.com;
> pat@patcareylaw.com; Edward.Ward@lewisbrisbois.com; John Worgul
> <JWorgul@veatchfirm.com>; peter@havenlaw.com; Aaron Miller
> <amiller@thephillipsfirm.com>; Song, Jacob
> <Jacob.Song@KutakRock.com>; Dana.Fox@lewisbrisbois.com;
> lbell@bremerwhyte.com
> **Subject:** RE: 3005978020-1-3-3 Spencer v Lunada further meet and
> confer efforts
>
> Dear Plaintiffs' counsel and Mr. Blakeman's counsel
>
> The concerns expressed by the Veatch Carlson firm as to
> Individual Defendant Brant Blakeman are equally applicable
> to my clients: Angelo Ferrara and N.F.  Rather than engage
> in a separate meet and confer process, my suggestion is
> that I simply join in the process that the Veatch Carlson firm
> initiated with its September 2 letter and as supplemented by
> today's letter.
>
> I have a telephonic court appearance next Tuesday at 1:30,
> but my schedule is open on Wednesday, September 14.  I
> would like to participate in a telephonic meet and confer
> session on September 14 on behalf of my clients.

11/11/2016

49

I request that Plaintiffs' counsel and Mr. Blakeman's counsel
let me know if that is acceptable to them.

Regards, Mark Fields


Mark C. Fields
Law Offices of Mark C. Fields, APC
333 South Hope Street, Thirty-Fifth Floor, Los Angeles, CA
90071
Voice: 213.617.5225  Fax: 213.629.4520
E-Mail: fields@markfieldslaw.com
Skype: markfields777

Confidentiality Note:  The information contained in this
transmission is legally privileged and confidential information
intended only for the use of the individual or entity named
above.  If the reader of this transmission is not the intended
recipient, you are hereby notified that any use,
dissemination, distribution or copying of this transmission is
strictly prohibited.  If you have received this transmission in
error, please immediately return the original transmission to
us at the email address above.  Thank you.

**From:** Richard P. Dieffenbach [mailto:RDieffenbach@veatchfirm.com]
**Sent:** Friday, September 09, 2016 4:15 PM
**To:** vic@ottenlawpc.com; Kurt A. Franklin
<kfranklin@hansonbridgett.com>; Tyson M. Shower
<TShower@hansonbridgett.com>; Samantha Wolff
<SWolff@hansonbridgett.com>; Caroline Lee
<CLee@hansonbridgett.com>
**Cc:** Mark C. Fields <fields@MARKFIELDSLAW.COM>; Thomas M. Phillips
<tphillips@thephillipsfirm.com>; Richards, Edwin J.
<Ed.Richards@kutakrock.com>; pat@southbaydefenselawyer.com;
pat@patcareylaw.com; Edward.Ward@lewisbrisbois.com; Richard P.
Dieffenbach <RDieffenbach@veatchfirm.com>; John Worgul
<JWorgul@veatchfirm.com>; peter@havenlaw.com; Aaron Miller
<amiller@thephillipsfirm.com>; Song, Jacob
<Jacob.Song@KutakRock.com>; Dana.Fox@lewisbrisbois.com;
lbell@bremerwhyte.com
**Subject:** 3005978020-1-3-3 Spencer v Lunada further meet and confer
efforts

Dear counsel.  Please see attached letter.  Thank you.


Richard P. Dieffenbach, Esq.

Veatch Carlson, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017
(213) 381-2861 Office

11/11/2016

Page 7 of 7

(213) 383-6370 Fax
rdieffenbach@veatchfirm.com

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act Title II (18 U.S.C. §§ 2701-12), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

11/11/2016

# EXHIBIT 6

## John Worgul

| | |
|---|---|
| **From:** | Victor Otten [vic@ottenlawpc.com] |
| **Sent:** | Sunday, October 02, 2016 11:24 PM |
| **To:** | Richard P. Dieffenbach; Ed.Richards@kutakrock.com; Peter Crossin; Song, Jacob; Ed.Richards@kutakrock.com; Antoinette.Hewitt@KutakRock.com; Rebecca.Wilson@kutakrock.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; fields@Markfieldslaw.com; tphillips@thephillipsfirm.com; amiller@thephillipsfirm.com; fields@Markfieldslaw.com; peter@havenlaw.com; Pat Carey; pat@southbaydefenselawyer.com; Dana.Fox@lewisbrisbois.com; Edward.Ward@lewisbrisbois.com; Eric.Kizirian@lewisbrisbois.com; Tera.Lutz@lewisbrisbois.com; Kurt A. Franklin; Samantha Wolff; John Worgul; Kurt A. Franklin; Samantha Wolff; Kavita Tekchandan |
| **Subject:** | further disclosures |

**Attachments:** PLTF Supp Disclosure KT Edits (Final).pdf

Please see attached.

Victor Otten, Esq.

## OTTEN LAW, PC

### ATTORNEYS

3620 Pacific Coast Hwy #100 | Torrance, California 90505
P (310) 378-8533 | F (310) 347-4225 | E  vic@ottenlawpc.com | W  www.ottenlawpc.com

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Rosa  at 310-378-8533 if you need assistance.

Please consider the environment before printing this e-mail message.

HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
clee@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFFS' SUPPLEMENTAL DISCLOSURES** |

1 
2        v.

3  LUNADA BAY BOYS; THE
   INDIVIDUAL MEMBERS OF THE
4  LUNADA BAY BOYS, including but
5  not limited to SANG LEE, BRANT
   BLAKEMAN, ALAN JOHNSTON
6  AKA JALIAN JOHNSTON,
7  MICHAEL RAE PAPAYANS,
   ANGELO FERRARA, FRANK
8  FERRARA, CHARLIE FERRARA,
9  and N.F.; CITY OF PALOS
   VERDES ESTATES; CHIEF OF
10 POLICE JEFF KEPLEY, in his
11 representative capacity; and DOES
   1-10,
12
13            Defendants.

14

15        Plaintiffs CORY SPENCER, DIANA MILENA REED, and COASTAL

16 PROTECTION RANGERS, INC. (collectively, "Plaintiffs") make the following

17 supplemental initial disclosures pursuant to F.R.C.P. 26(a)(1).  As permitted

18 under Rule 26(e)(1), Plaintiffs reserve the right to clarify, amend, modify or

19 furthrt supplement the information contained in these Supplemental

20 Disclosures if and when they obtain additional supplemental information.  In

21 addition, Plaintiffs may rely on any persons or documents identified by any

22 party as part of their disclosures or during discovery.

23        Plaintiffs' Initial Disclosures are made without waiver of, or prejudice

24 to, any objections Plaintiffs may assert or have previously asserted.

25 Plaintiffs expressly reserve all objections, including, but not limited to:

26 (a) attorney-client privilege; (b) work-product doctrine; and (c) any other

27 applicable privilege or protection under federal or state law.  Plaintiffs

28 reserve the right to retract any inadvertent disclosures of information or

1 | documents that are protected by the attorney-client privilege, the work
2 | product doctrine, or any other applicable protection.

3 |     Without waiving any objections, Plaintiffs make the following
4 | disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil
5 | Procedure:

6 | **A.    Witnesses**

7 |     Plaintiffs are in the process of identifying witnesses who are likely to
8 | have discoverable information. However, at this early stage, Plaintiffs
9 | identify the following person(s) they may use to support their claims:

10 |       1)   Plaintiff class representative, Cory Spencer, who may be
11 | reached via counsel for Plaintiffs, on the subjects set forth in
12 | the Complaint, to which he was a percipient witness.

13 |       2)   Plaintiff class representative, Diana Milena Reed, who may be
14 | reached via counsel for Plaintiffs, on the subjects of set forth
15 | in the Complaint, to which she was a percipient witness.

16 |       3)   Defendant, Sang Lee, on the allegations set forth in the
17 | Complaint related to Defendant Lunada Bay Boys and the
18 | Individual Members of the Lunada Bay Boys.

19 |       4)   Defendant, Brant Blakeman, on the allegations set forth in the
20 | Complaint related to Defendant Lunada Bay Boys and the
21 | Individual Members of the Lunada Bay Boys.

22 |       5)   Defendant, Michael Rae Papayans, on the allegations set
23 | forth in the Complaint related to Defendant Lunada Bay Boys
24 | and the Individual Members of the Lunada Bay Boys.

25 |       6)   Defendant, Angelo Ferrara, on the allegations set forth in the
26 | Complaint related to Defendant Lunada Bay Boys and the
27 | Individual Members of the Lunada Bay Boys.

28 |       7)   Defendant, Charlie Ferrara, on the allegations set forth in the

1              Complaint related to Defendant Lunada Bay Boys and

2              Individual Members of the Lunada Bay Boys.

3     8)   Defendant, N.F., on the allegations set forth in the Complaint

4              related to Defendant Lunada Bay Boys and Individual

5              Members of the Lunada Bay Boys.

6     9)   Defendant Frank Ferrara, on the allegations set forth in the

7              Complaint related to Defendant Lunada Bay Boys and

8              Individual Members of the Lunada Bay Boys.

9    10)  Defendant, Chief of Police, Jeff Kepley, on the allegations set

10             forth in the Complaint related to Defendant City of Palos

11             Verdes Estates, Defendant Lunada Bay Boys and Individual

12             Members of the Lunada Bay Boys.

13    11)  Tim Browne, address unknown, on the allegations set forth in

14             the Complaint related to Defendant City of Palos Verdes

15             Estates, Defendant Lunada Bay Boys and Individual

16             Members of the Lunada Bay Boys.

17    12)  Daniel Dreiling, contact information unknown, on the

18             allegations set forth in the Complaint related to Defendant

19             City of Palos Verdes Estates, Defendant Lunada Bay Boys

20             and Individual Members of the Lunada Bay Boys.

21    13)  Defendant in the state court action, Los Angeles Superior

22             Court Case No. BC629596, David Melo, on the allegations set

23             forth in the Complaint related to Defendant Lunada Bay Boys

24             and Individual Members of the Lunada Bay Boys.

25    14)  Defendant in the state court action, Los Angeles Superior

26             Court Case No. BC629596, Mark Griep, on the allegations set

27             forth in the Complaint related to Defendant Lunada Bay Boys

28             and Individual Members of the Lunada Bay Boys.

15)   Peter Babros, 316 Via Pasqual, Redondo Beach, CA 90277, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and Individual Members of the Lunada Bay Boys. Plaintiffs are informed and believe that Mr. Babros is a former resident of the City of Palos Verdes Estates having graduated PV High School in 1988 and maintains strong connections to the community. Plaintiffs believe that Mr. Babros is a Lunada Bay Local and is being listed as a potential percipient witness.

16)   Cassidy Beukema, 2817 Palos Verdes Drive West, Palos Verdes Estates, CA, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and Individual Members of the Lunada Bay Boys. Plaintiffs are informed and believe that Ms. Beukema is the step daughter to Defendant Angelo Ferraro and step sister to defendant N.F. Plaintiffs anticipate that this witness has information related to (a) the inner workings of the Lunada Bay Boys and the methods to keep non-locals from the beach, (b) illegal activities at Lunada Bay, (c) the January 20, 2014 incident, at a public surfing event at Lunada on Martin Luther King, Jr. Day,  where a Lunada Bay Boy  had his face painted in black makeup and wore a black Afro wig.  Plaintiffs' list this witness as a percipient witness.

17)   Ron Bornstein, contact information unknown. Plaintiffs are informed and believe that Mr. Bornstein is a longtime resident of the City of Palos Verdes Estates. Plaintiffs are informed and believe that Mr. Bornstein or "Borno" is a resident of the City of Palos Verdes Estates having graduated PV High

1    School and maintains strong connections to the community.
2    Plaintiffs believe that Mr. Bornstein is a Lunada Bay Local and
3    is being listed as a potential percipient witness and possible
4    defendant.

5    18)   Joel Milam, 30571 Rue De La Pzerre, Rancho Palos Verdes,
6          CA 90275, on the allegations set forth in the Complaint
7          related to Defendant Lunada Bay Boys and Individual
8          Members of the Lunada Bay Boys. Plaintiffs are informed and
9          believe that Mr. Milam was a former resident of the City of
10         Palos Verdes Estates having graduated PV High School and
11         maintains strong connections to the community. Plaintiffs
12         believe that Mr. Milam is a Lunada Bay Local and is being
13         listed as a potential percipient witness.

14   19)   Charles Thomas Mowatt, 2337 Via Rivera, Palos Verdes
15         Peninsula, CA 90274-2725; (310) 375-6600, on the
16         allegations set forth in the Complaint related to Defendant
17         Lunada Bay Boys, Individual Members of the Lunada Bay
18         Boys and communications with Defendant City of Palos
19         Verdes Estates. Plaintiffs believe that Mr. Mowatt is a Lunada
20         Bay Local and is being listed as a potential percipient witness
21         and possible defendant.

22   20)   James Reinhardt, contact information unknown. Plaintiffs are
23         informed and believe that Mr. Reinhardt is a longtime resident
24         of the City of Palos Verdes Estates having graduated from
25         Palos Verdes High School in 1978. Plaintiffs believe that Mr.
26         Reinhardt is a Lunada Bay Local and is being listed as a
27         potential percipient witness. Plaintiffs believe that Mr.
28         Reinhardt is a Lunada Bay Local and is being listed as a

1        potential percipient witness and possible defendant.

2    21)   Fred Strater, contact information unknown, on the allegations

3        set forth in the Complaint related to Defendant Lunada Bay

4        Boys and the Individual Members of the Lunada Bay Boys.

5        Mr. Strater is a former resident of the City of Palos Verdes

6        Estates and maintains strong connections to the community.

7        Plaintiffs believe that Mr. Strater is a Lunada Bay Local.

8        Specifically, it is anticipated that Mr. Strater's testimony will

9        include but not be limited to the following: (a) information

10       regarding his former roommate, Charles Mowatt, as an

11       enforcer and one of the worst Lunada Bay Locals, (b)

12       information regarding the relationship between Michael S.

13       Papayans, Charles Mowatt and the people "running the bay,"

14       (c) tactics used to keep non-locals from coming to Lunada

15       Bay, and (d) other illegal activities.

16    22)   Mark Bonney, contact information unknown, on the

17       allegations set forth in the Complaint related to Defendant

18       Lunada Bay Boys and the Individual Members of the Lunada

19       Bay Boys. Plaintiffs are informed and believe that Mr. Bonney

20       is a former resident of the City of Palos Verdes Estates and

21       graduate of PV High School and maintains strong

22       connections to the community. Plaintiffs are informed and

23       believe that Mr. Bonney has information regarding the

24       activities of the Lunada Bay Boys by comments made in

25       social media defending the actions of the Lunada Bay Locals.

26       Mr. Bonney is being listed as a potential percipient witness

27       and possible defendant.

28    23)   David Hilton, a longtime resident of Palos Verdes Estates, on

1   the allegations set forth in the Complaint related to Defendant
2   Lunada Bay Boys, the Individual Members of the Lunada Bay
3   Boys and communications with Defendant City of Palos
4   Verdes Estates. Plaintiffs are informed and believe that this
5   witness is a long time surfer of Lunada Bay. It is anticipated
6   that this percipient witness has information regarding: (a)
7   January 22, 1995 incident where a surfer from Brazil
8   (documented in Incident Report 95-0062) went to Lunada Bay
9   to surf and was confronted by David Hilton and several other
10   Bay Boys who made threats of violence against him causing
11   him to reasonably believe that if he exercised his right surf at
12   a public beach, Hilton and/or the Lunada Bay Boys would
13   commit violence against him or his car and that Hilton and/or
14   the Lunada Bay Boys with him had the apparent ability to
15   carry out the threats, (b) the inner workings of the Lunada Bay
16   Boys and the methods to keep non-locals from the beach, (c)
17   illegal activities at Lunada Bay. Mr. Hilton is being listed as a
18   potential percipient witness and possible defendant.
19   24)   Eric Hilton, a longtime resident of Palos Verdes Estates, on
20   the allegations set forth in the Complaint related to Defendant
21   Lunada Bay Boys, the Individual Members of the Lunada Bay
22   Boys and communications with Defendant City of Palos
23   Verdes Estates. Plaintiffs are informed and believe that this
24   witness is a long time surfer of Lunada Bay. It is anticipated
25   that this percipient witness has information regarding: (a) the
26   inner workings of the Lunada Bay Boys and the methods to
27   keep non-locals from the beach, (b) illegal activities at Lunada
28   Bay. Mr. Hilton is being listed as a potential percipient witness

1    and possible defendant.

2    25)    Kelly Logan, 714 Angelus Pl, Venus, CA 90291-4919, on the

3           allegations set forth in the Complaint related to Defendant

4           Lunada Bay Boys and the Individual Members of the Lunada

5           Bay Boys. Plaintiffs are informed and believe that Mr. Logan

6           is a former resident of the City of Palos Verdes Estates but

7           maintains strong connections to the community. Plaintiffs are

8           informed and believe that Mr. Logan was involved in the

9           assault by Peter McCollum against Geoff Hagins and several

10          others reflected in Incident Report 95-0381. Plaintiffs believe

11          that Mr. Logan is a Lunada Bay Local and is being listed as a

12          potential percipient witness and possible defendant.

13   26)    John Rall, contact information unknown, on the allegations set

14          forth in the Complaint related to Defendant Lunada Bay Boys

15          and the Individual Members of the Lunada Bay Boys.

16          Plaintiffs are informed and believe that Mr. Rall graduated PV

17          High School 1991 and maintains strong connections to the

18          community. Plaintiffs believe that Mr. Rall is a Lunada Bay

19          Local and is being listed as a potential percipient witness and

20          possible defendant.

21   27)    Michael S. Papayans, aka "Paps," a longtime resident of

22          Palos Verdes Estates, on the allegations set forth in the

23          Complaint related to Defendant Lunada Bay Boys, the

24          Individual Members of the Lunada Bay Boys and

25          communications with Defendant City of Palos Verdes Estates.

26          Plaintiffs are informed and believe that he is the uncle of

27          Defendant Michael Rae Papayans. This witness surfs Lunada

28          Bay on a regular basis. It is anticipated that this witness has

1    information regarding: (a) a meeting that he had with Chris
2    Taloa in 2014, (b) the inner workings of the Lunada Bay Boys
3    and the methods to keep non-locals from the beach, (c) illegal
4    activities at Lunada Bay. Plaintiffs believe that Mr. Papayans
5    is a Lunada Bay Local and is being listed as a potential
6    percipient witness and possible defendant.

7    28)   Jim Russi, contact information unknown, on the allegations
8          set forth in the Complaint related to Defendant Lunada Bay
9          Boys and the Individual Members of the Lunada Bay Boys.
10         Plaintiffs are informed and believe that Mr. Russi is a former
11         resident of the City of Palos Verdes Estates and maintains
12         strong connections to the community – possibly still owning a
13         home on the cliff above the bay. Plaintiffs are informed and
14         believe and on that basis allege that this witness has
15         information regarding the illegal activities of the Lunada Bay
16         Boys including the Ferraras. While this witness claims to have
17         moved from the area years ago, he has publicly defended the
18         actions of the Lunada Bay Boys. Plaintiffs believe that Mr.
19         Russi is a Lunada Bay Local and is being listed as a potential
20         percipient witness.

21   29)   Carlos Anorga, 4040 Spencer St., Suite J, Torrance, CA
22         90503; (310) 371-7762, on the allegations set forth in the
23         Complaint related to Defendant Lunada Bay Boys and the
24         Individual Members of the Lunada Bay Boys. Plaintiffs
25         consider this person a longtime Lunda Bay local surfer and
26         potentially and is listed as a possible percipient witness.

27   30)   Zen Del Rio, contact information unknown, on the allegations
28         set forth in the Complaint related to Defendant Lunada Bay

12644064.1

-10-

2:16-cv-02129-SJO (RAOx)

PLAINTIFFS' SUPPLEMENTAL DISCLOSURES

1     Boys and the Individual Members of the Lunada Bay Boys.

2     Plaintiffs consider this person a longtime Lunda Bay local and

3     potentially and is listed as a possible percipient witness.

4     31)   Mark Koehler, address unknown, (808) 639-1668, on the

5           allegations set forth in the Complaint related to Defendant

6           Lunada Bay Boys and the Individual Members of the Lunada

7           Bay Boys. Plaintiffs believe that Mr. Koehler is a Lunada Bay

8           Local and is being listed as a potential percipient witness

9     32)   Chad Beatty, 1104 S. Juanita Ave., Redondo Beach, CA

10          90277, on the allegations set forth in the Complaint related to

11          Defendant Lunada Bay Boys and the Individual Members of

12          the Lunada Bay Boys. This person has been surfing Lunada

13          Bay for years and is listed as a possible percipient witness. At

14          this time, Plaintiffs do not have any specific information

15          regarding this witness.

16    33)   Joe Bark, address unknown; (310) 429-2463, on the

17          allegations set forth in the Complaint related to Defendant

18          Lunada Bay Boys and the Individual Members of the Lunada

19          Bay Boys. Plaintiffs believe that Mr. Bark is a Lunada Bay

20          Local and is being listed as a potential percipient witness.

21          Specifically, Plaintiffs believe and anticipate that Mr. Bark will

22          be able to testify to the following: (a) having surfed Lunada

23          Bay since at least 1980, the surfing ability of each named

24          Defendant, (b) as a world known waterman and surfboard and

25          paddleboard maker, the specific dangers related to surfing

26          Lunada Bay, (c) the types of equipment needed to safely surf

27          Lunada Bay during different types of surfing conditions, (d)

28          illegal activities of the Lunada Bay Boys.

34)   Jason Buck, contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. This person has been surfing Lunada Bay for years and is listed as a possible percipient witness. At this time, Plaintiffs do not have any specific information regarding this witness. Plaintiffs believe that Mr. Buck is a Lunada Bay Local and is being listed as a potential percipient witness.

35)   Tony Pazanowski, contact information unknown. Plaintiffs are informed and believe that Mr. Pazanowski was a former resident of the City of Palos Verdes Estates having graduated PV High School and maintains strong connections to the community. Several people have reported that this witness surfs the Bay and has posted comments in social media supporting Lunada Bay localism. Plaintiffs are listing Mr. Pazanowski as a potential percipient witness.

36)   Derek Daigneault, contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. Plaintiffs are listing Mr. Daigneault as a potential percipient witness.

37)   Daniel Dreiling Jr., contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. Plaintiffs are informed and believe that this witness is the son of the former Chief of Police for Palos Verdes Estates and because of his father's job was permitted to surf Lunada Bay. Plaintiffs are informed and believe that Mr.

1    Dreiling built at least one knee board for Defendant Brant

2    Blakeman. Mr. Dreiling is being listed as a potential percipient

3    witness.

4    38)    Danny Ecker, contact information unknown, on the allegations

5    set forth in the Complaint related to Defendant Lunada Bay

6    Boys and the Individual Members of the Lunada Bay Boys.

7    Plaintiffs are informed and believe that this person grew up in

8    Palos Verdes Estates and surfed Lunada Bay for years and is

9    listed as a possible percipient witness. At this time, Plaintiffs

10    do not have any specific information regarding this witness.

11    Plaintiffs believe that Mr. Ecker is being listed as a potential

12    percipient witness.

13    39)    Pat Ecker, contact information unknown, on the allegations

14    set forth in the Complaint related to Defendant Lunada Bay

15    Boys and the Individual Members of the Lunada Bay Boys.

16    This person has been surfing Lunada Bay for years and is

17    listed as a possible percipient witness. At this time, Plaintiffs

18    do not have any specific information regarding this witness.

19    Plaintiffs believe that Mr. Ecker is being listed as a potential

20    percipient witness.

21    40)    Greg Cahill, contact information unknown, on the allegations

22    set forth in the Complaint related to Defendant Lunada Bay

23    Boys and the Individual Members of the Lunada Bay Boys.

24    Plaintiffs were contacted by a witness that stated that Mr.

25    Cahill was one of a group of Bay Boys that approached him

26    on top of the bluff while he was attempting to surf Lunada Bay

27    and threatened him with violence and damage to his car when

28    if he went down the trail. Mr. Cahill is being listed as a

1    percipient witness and possible defendant.

2    41)   Alex Hooks, contact information unknown, on the allegations

3    set forth in the Complaint related to Defendant Lunada Bay

4    Boys and the Individual Members of the Lunada Bay Boys. At

5    this time, Plaintiffs do not have any specific information

6    regarding this witness. Plaintiffs believe that Mr. Hooks may

7    surf the bay and is being listed as a potential percipient

8    witness.

9    42)   Alex Gray, contact information unknown, on the allegations

10   set forth in the Complaint related to Defendant Lunada Bay

11   Boys and the Individual Members of the Lunada Bay Boys.

12   43)   Leonora Beukema, 2817 Palos Verdes Dr., Palos Verdes

13   Estates, CA 90274, on the allegations set forth in the

14   Complaint related to Defendant Lunada Bay Boys and the

15   Individual Members of the Lunada Bay Boys. Plaintiffs are

16   informed and believe that Ms. Beukema is married to

17   Defendant Angelo Ferrara and anticipate that she will testify

18   related to the following: (a) the inner workings of the Lunada

19   Bay Boys and the methods to keep non-locals from the

20   beach; (b) her son, Anthony Beukema's, activities in the

21   Lunada Bay Boys, (c) illegal activities at Lunada Bay, (d)

22   statements she made to the Daily Breeze regarding the

23   January 20, 2014 incident, at a public surfing event at Lunada

24   on Martin Luther King, Jr. Day, where a Lunada Bay Boy that

25   had his face painted in black makeup and wore a black Afro

26   wig left her house to go to the event.  Plaintiffs' list this

27   witness as a percipient witness.

28   44)   Jordan Wright, can be contacted through Plaintiffs' counsel,

on the subjects set forth in the Complaint, to which he was a percipient witness. Specifically, Mr. Wright is expected to testify regarding several incidents that he has had with Individual members of the Lunada Bay Boys over the 2 – 3 years that he has attempted surf the break, including but not limited to the following: (a) being assaulted on January 29, 2016 by David Melo, (b) February 13, 2016 incident with Plaintiff Diana Reed, (c) other incidents when he attempted to surf Lunada Bay.

45) Gavin Heaney, can be contacted through Plaintiffs' counsel, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. It is anticipated that Mr. Heaney will testify that he was denied entrance to Lunada Bay on top of the bluff while attempting to surf there by six or more Bay Boys who threatened him with violence and damage to his property if he went down the trail. Fearing for his safety, he quickly left the area. It is further anticipated this witness will testify that Greg Cahill was one of the people who threatened him.

46) Tyler Canali, can be contacted through Plaintiffs' counsel, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. Canali will testify that he is not from Palos Verdes Estates. It is anticipated that he will testify that was hassled the whole way out by the Lunada Bay Boys. They kept telling him "Don't bother going out, you're not going to get a wave." He will state that the Individual Bay Boys cut him off on every

1    wave. He will further testify that Individual Bay Boys

2    surrounded him in the water in an effort to intimidate him.

3    They were as close as they could be, no one saying a word,

4    just staring him down. Eventually Canali made his way to

5    shore, where more hecklers awaited. They called him a "kook"

6    told him to leave.

7    47)    Jimmy Conn, can be contacted through Plaintiffs' counsel, on

8    the allegations set forth in the Complaint related to Defendant

9    Lunada Bay Boys and the Individual Members of the Lunada

10    Bay Boys. Specifically, it is anticipated that this witness will

11    testify that he started surfing Lunada Bay around 1976 on

12    really big swells. Because most of the locals are not good

13    surfers, they would not be in the water when he surfed but

14    would still threaten, harass and throw rocks at him. On one

15    occasion, he was hit by a rock and needed 17 stiches in his

16    lip. He still has the scar.

17    48)    Daniel Dorn, can be contacted through Plaintiffs' counsel, on

18    the allegations set forth in the Complaint related to Defendant

19    Lunada Bay Boys and the Individual Members of the Lunada

20    Bay Boys. It is anticipated that Mr. Dorn will testify that he is a

21    semiprofessional body boarder from Redondo Beach and that

22    he had never surfed Lunada Bay for fear of violence. He

23    attended one of Taloa's surfing events at Lunada Bay

24    because he felt it would be safe. It is anticipated that he will

25    testify even though the police where present they would not

26    tell him if it was safe. Upon greeting the pack with a hello, he

27    was assailed by profanities and threats. He will testify that a

28    Bay Boy in a kayak told him to leave and threatened him. It is

1    anticipated that Dorn will testify that Individual Bay Boys

2    dropped in on him and tried to run him over with their

3    surfboards until he left.

4    49)    Derek Ellis, can be contacted through counsel, on the

5    allegations set forth in the Complaint related to Defendant

6    Lunada Bay Boys and the Individual Members of the Lunada

7    Bay Boys.

8    50)    Geoff Hagins, can be contacted through Plaintiffs' counsel, on

9    the allegations set forth in the Complaint related to Defendant

10    Lunada Bay Boys and the Individual Members of the Lunada

11    Bay Boys. Geoff Hagins, John Hagin, Mike Bernard, Mike

12    Bernard, Jr, Charlie Rigano and Doug Disanti were accosted

13    by Peter McCollum and several other Bay Boys as reflected in

14    Incident Report 95-0381.

15    51)    John Hagins, contact information unknown, on the allegations

16    set forth in the Complaint related to Defendant Lunada Bay

17    Boys and the Individual Members of the Lunada Bay Boys.

18    Geoff Hagins, John Hagin, Mike Bernard, Mike Bernard, Jr,

19    Charlie Rigano and Doug Disanti were accosted by Peter

20    McCollum and several other Bay Boys as reflected in Incident

21    Report 95-0381.

22    52)    Mike Bernard, contact information unknown, on the

23    allegations set forth in the Complaint related to Defendant

24    Lunada Bay Boys and the Individual Members of the Lunada

25    Bay Boys. Geoff Hagins, John Hagin, Mike Bernard, Mike

26    Bernard, Jr, Charlie Rigano and Doug Disanti were accosted

27    by Peter McCollum and several other Bay Boys as reflected in

28    Incident Report 95-0381.

12644064.1

-17-                    2:16-cv-02129-SJO (RAOx)

69

53) Mike Bernard, Jr. contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. Geoff Hagins, John Hagin, Mike Bernard, Mike Bernard, Jr, Charlie Rigano and Doug Disanti were accosted by Peter McCollum and several other Bay Boys as reflected in Incident Report 95-0381.

54) Charlie Rigano, contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. Geoff Hagins, John Hagin, Mike Bernard, Mike Bernard, Jr, Charlie Rigano and Doug Disanti were accosted by Peter McCollum and several other Bay Boys as reflected in Incident Report 95-0381.

55) Doug Disanti, contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. Geoff Hagins, John Hagin, Mike Bernard, Mike Bernard, Jr, Charlie Rigano and Doug Disanti were accosted by Peter McCollum and several other Bay Boys as reflected in Incident Report 95-0381.

56) Kurt Stanphenhorst, contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. It is anticipated that this witness will testify that Got shot at with a pellet gun by an Individual Bay Boy.

57) Randy Clark, contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay

70

1        Boys and the Individual Members of the Lunada Bay Boys.

2    58)    John Innis, can be contracted throught Plaintiffs' counsel, on

3        the allegations set forth in the Complaint related to Defendant

4        Lunada Bay Boys and the Individual Members of the Lunada

5        Bay Boys. This witness will testify that he was while trying to

6        take photographs. He made a police report but nothing came

7        of it.

8    59)    Trish Laurie, contact information unknown, on the allegations

9        set forth in the Complaint related to Defendant Lunada Bay

10        Boys and the Individual Members of the Lunada Bay Boys. It

11        is anticipated that Ms. Laurie will testify that she was sexually

12        harassed/assaulted at Lunada Bay.  It is anticipated that she

13        will say that certain individuals dropped "dropped their towels

14        and jerked off to her."  Ms. Laurie is being listed as a possible

15        percipient witness.

16    60)    Ken Claypool, can be contacted through Plaintiffs' counsel, on

17        the allegations set forth in the Complaint related to Defendant

18        Lunada Bay Boys and the Individual Members of the Lunada

19        Bay Boys. This witness will testify about several incidents of

20        harassment at Lunada Bay involving Individuals such as

21        Brant Blakeman and possibly one or more of the Ferraras.

22    61)    Tom Wilson, contact information unknown, on the allegations

23        set forth in the Complaint related to Defendant Lunada Bay

24        Boys and the Individual Members of the Lunada Bay Boys.

25    62)    Martin Tueling, contact information unknown, on the

26        allegations set forth in the Complaint related to Defendant

27        Lunada Bay Boys and the Individual Members of the Lunada

28        Bay Boys.

63) Bernie Mann, contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys.

64) Dr. Stephen Young, can be contacted through Plaintiffs' counsel, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. It is anticipated that Dr. Stephen Young will testify that while attending Medical school he tried many times to enjoy the break at Lunada Bay and on every occasion I was bullied to leave the area. He will tesify that his vehicle was damaged many times which included slashed tires, scratches on the painted surfaces and broken windows. He will testify that there was a few occasions that he feared for my life. He will state that he filed a police report but nothing was done.

65) Hagan Kelly, contact information unknown, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys.

66) Sef Krell, may be contacted through Plaintiffs' counsel, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. Specifically, related to the incident that occurred on or around November 15, 2014.

67) Alan Haven, can be contacted through Plaintiffs' counsel, on the allegations set forth in the Complaint related to Defendant Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. Mr. Haven is a resident of Palos Verdes Estates and will testify regarding the video of an assault that he took

1    on October 10, 2015.

2    68)   Daniel R. Jongeward, can be contacted through Plaintiffs'
3          counsel, on the allegations set forth in the Complaint related
4          to Defendant Lunada Bay Boys and the Individual Members
5          of the Lunada Bay Boys. Specifically, it is anticipated that Mr.
6          Jongeward will testify that: (a) he is not a resident of Palos
7          Verdes Estates, (b) he was a big surfer but rides longboards
8          and guns, (c) he has attempted to surf Lunada Bay on several
9          occasions. Because of the reputation, he went alone and
10         early in the morning. He has had dirt clogs and rocks thrown
11         at him. He has been physically threatened. People threatened
12         to vandalize his car. Because he believes that the Lunada
13         Bay Boys have the ability to physically harm him and his
14         property he made the decision not to return.

15   69)   Patrick Landon, contact information unknown, on the
16         allegations set forth in the Complaint related to Defendant
17         Lunada Bay Boys and the Individual Members of the Lunada
18         Bay Boys.

19   70)   Frank Netto, can be contacted through Plaintiffs' counsel, on
20         the allegations set forth in the Complaint related to Defendant
21         Lunada Bay Boys and the Individual Members of the Lunada
22         Bay Boys.

23   71)   Randy Miestrell, contact information unknown, on the
24         allegations set forth in the Complaint related to Defendant
25         Lunada Bay Boys and the Individual Members of the Lunada
26         Bay Boys. This witness has been quoted in numerus articles
27         over the years and is listed as a possible percipient witness.

28   72)   Sharlean Perez, can be contacted through Plaintiffs' counsel,

73

1    on the allegations set forth in the Complaint related to

2    Defendant Lunada Bay Boys and the Individual Members of

3    the Lunada Bay Boys. It is anticipated that this witness will

4    testify that she and her boyfriend tried to hike down the trail to

5    Lunada Bay and people started throwing glass bottles "near"

6    and "around" them.  She and her boyfriend at the time were

7    not from PVE.

8    73)    Charles Michael Pinkerton, can be contacted through

9    Plaintiffs' counsel, on the allegations set forth in the

10   Complaint related to Defendant Lunada Bay Boys and the

11   Individual Members of the Lunada Bay Boys. It is anticipated

12   that Mr. Pinkerton will testify that he is an aerospace engineer

13   with a Masters Degree that he has made several attempts to

14   surf Lunada Bay. He will state that he has been harassed

15   (verbal harassments, threats of violence, to throw things in the

16   water). He has had all four tires flattened, his windows waxed;

17   his backpack thrown in the water while he was out surfing.

18   74)    Mike Purpus, contact information unknown, on the allegations

19   set forth in the Complaint related to Defendant Lunada Bay

20   Boys and the Individual Members of The Lunada Bay Boys.

21   This witness is a former professional surfer who has written

22   articles about localism at Lunada Bay and is listed as a

23   possible percipient witness.

24   75)    Mike Stevens, Los Angeles County District Attorney's Office,

25   210 West Temple Street, Los Angeles, CA 90012, on the

26   allegations set forth in the Complaint related to Defendant

27   Lunada Bay Boys and the Individual Members of the Lunada

28   Bay Boys. Plaintiffs have been informed that Mr. Stevens is

1    an investigator with the Los Angeles District Attorney's Office
2    and that he was hassled by the Bay Boys when attempting to
3    surf Lunada Bay. Neither Plaintiffs nor their attorneys have
4    spoken directly with Mr. Stevens. He is listed as a possible
5    percipient witness.

6    76)    Christopher Taloa, can be contacted through Plaintiffs'
7            counsel, on the allegations set forth in the Complaint related
8            to Defendant Lunada Bay Boys and the Individual Members
9            of the Lunada Bay Boys. Specifically, it is anticipated that Mr.
10           Taloa will testify regarding several incidents.

11   77)    John MacHarg, can be contacted through Plaintiffs' counsel.
12           Plaintiffs anticipate that Mr. MacHard will testify that while
13           visiting Lunada Bay on Feburary 1, 2016 he was standing just
14           under the patio on the rocks and Defendant Sang Lee (local
15           surfer/enforcer) who was standing on top of the patio poured
16           out a portion of the beer he was holding on to his head.  This
17           happened right in front two officers that were standing 6 feet
18           to his right.

19   78)    Tim Tindall, can be contacted through Plaintiffs' counsel, on
20           the allegations set forth in the Complaint related to Defendant
21           Lunada Bay Boys and the Individual Members of the Lunada
22           Bay Boys. It is anticipated that Mr. Tindell will testify about
23           being harassed while attempting to body board Wally's.

24   79)    Rory Carroll, contact information unknown, on the allegations
25           set forth in the Complaint related to Defendant Lunada Bay
26           Boys and the Individual Members of the Lunada Bay Boys.
27           Specifically, Mr. Carroll is expected to testify regarding the
28           contents of the

| 1 | | video:https://www.theguardian.com/travel/video/2015/may/18/ |
| 2 | | california-surf-wars-lunada-bay-localism-video |
| 3 | 80) | Noah Smith, contact information unknown, on the allegations |
| 4 | | set forth in the Complaint related to Defendant Lunada Bay |
| 5 | | Boys and the Individual Members of the Lunada Bay Boys. |
| 6 | | Specifically, Mr. Carroll is expected to testify regarding the |
| 7 | | contents of the video: |
| 8 | | https://www.theguardian.com/travel/video/2015/may/18/califor |
| 9 | | nia-surf-wars-lunada-bay-localism-video |
| 10 | 81) | Josh Berstein, contact information unknown, on the subject of |
| 11 | | the declaration submitted to the California Coastal |
| 12 | | Commission regarding trail access. |
| 13 | 82) | Karl R. Bingemann, contact information unknown, on the |
| 14 | | subject of the declaration submitted to the California Coastal |
| 15 | | Commission regarding trail access. |
| 16 | 83) | William C. Brand, contact information unknown, on the subject |
| 17 | | of the declaration submitted to the California Coastal |
| 18 | | Commission regarding trail access. |
| 19 | 84) | Kurt Buettgenbach, contact information unknown, on the |
| 20 | | subject of the declaration submitted to the California Coastal |
| 21 | | Commission regarding trail access. |
| 22 | 85) | Sean Criss, contact information unknown, on the subject of |
| 23 | | the declaration submitted to the California Coastal |
| 24 | | Commission regarding trail access. |
| 25 | 86) | Douglas Leach, contact information unknown, on the subject |
| 26 | | of the declaration submitted to the California Coastal |
| 27 | | Commission regarding trail access. |
| 28 | 87) | Ian McDonald, contact information unknown, on the subject of |

-24-

2:16-cv-02129-SJO (RAOx)

PLAINTIFFS' SUPPLEMENTAL DISCLOSURES

1    the declaration submitted to the California Coastal
2    Commission regarding trail access.
3    88) John R. McGrath, Jr., contact information unknown, on the
4    subject of the declaration submitted to the California Coastal
5    Commission regarding trail access.
6    89) Colin McNany, contact information unknown, on the subject of
7    the declaration submitted to the California Coastal
8    Commission regarding trail access.
9    90) Bruce V. Rorty, contact information unknown, on the subject
10   of the declaration submitted to the California Coastal
11   Commission regarding trail access.
12   91) Officers R. Castro / C. Simon, presumably can be contacted
13   through counsel for the City, on the subject regarding Officer
14   Report for Incident 12-11606.
15   92) Officers Helinga / Wulf, presumably can be contacted through
16   counsel for the City, on the subject regarding Officer Report
17   for Incident 11-10919.
18   93) Officer Shinowsky, presumably can be contacted through
19   counsel for the City, on the subject regarding Officer Report
20   for Incident 95-0297.
21   94) Officer Belcher, presumably can be contacted through
22   counsel for the City, on the subject regarding Officer Report
23   for Incidents 95-0281, 95-0381.
24   95) Officers Velez / John C. Eberhard / Denise L. Allen,
25   presumably can be contacted counsel for the City, on the
26   subject regarding Officer Report(s) for Incidents 95-0418 and
27   97-0042.
28   96) Officers Denice L. Allen / John C. Eberhard / Steven N.

77

| | | |
|---|---|---|
| 1 | | Barber, presumably can be contacted through counsel for the |
| 2 | | City, on the subject regarding Officer Report for Incident 97- |
| 3 | | 0047. |
| 4 | 97) | Officers Richard J. Delmont / Patrick L. Hite, can presumably |
| 5 | | be contacted through counsel for the City, on the subject |
| 6 | | regarding Officer Report for Incident 98-0301. |
| 7 | 98) | Officers Cecilia T. Nguyen / Mark A. Velez / Valerie S. Hite, |
| 8 | | can presumably be contacted through counsel for the City, on |
| 9 | | the subject regarding Officer Report for Incident 99-0042. |
| 10 | 99) | Officers E. Gaunt / C. Reed, presumably can be contacted |
| 11 | | through counsel for the City, on the subject regarding Officer |
| 12 | | Report for Incident 09-00575. |
| 13 | 100) | Officers E. Gaunt / C. Reed, presumably can be contacted |
| 14 | | through counsel for the City, on the subject regarding Officer |
| 15 | | Report for Incident 09-00562. |
| 16 | 101) | Officers B. Hernandez / R. Venegas, presumably can be |
| 17 | | contacted through counsel for the City, on the subject |
| 18 | | regarding Officer Report for Incident 09-00693. |
| 19 | 102) | Officer B. Hernandez, presumably can be contacted through |
| 20 | | counsel for the City, on the subject regarding Officer |
| 21 | | Report for Incident 09-10183. |
| 22 | 103) | Officers L. Tejada / R. Delmont, presumably can be contacted |
| 23 | | through counsel for the City, on the subject regarding Officer |
| 24 | | Report for Incident 09-08872. |
| 25 | 104) | Officers C. Eberhard / S. Tomlins, presumably can be |
| 26 | | contacted through counsel for the City, on the subject |
| 27 | | regarding Officer Report for Incident 10-00265. |
| 28 | 105) | Officers B. Hernandez / C. Reed, presumably can be |

1                contacted through counsel for the City, on the subject

2                regarding Officer Report for Incident 10-02408.

3 **B.**     **Documents**

4       In accordance with F.R.C.P. 26(a)(1)(A)(ii), Plaintiffs identify the

5 following categories of documents in their possession, custody or control:

6       Police Reports:

7      1.     Palos Verdes Estates Police Department, Officer Report for

8            Incident 16-01360, dated 1/22/95.

9      2.     Palos Verdes Estates Police Department, Officer Report for

10           Incident 95-0219/0381, dated 3/13/95.

11      3.     Palos Verdes Estates Police Department, Officer Report for

12           Incident 95-0297, dated 4/5/95.

13      4.     Palos Verdes Estates Police Department, Officer Report for

14           Incident 95-0381, dated 4/26/95.

15      5.     Palos Verdes Estates Police Department, Officer Report for

16           Incident 95-0381, dated 3/14/95.

17      6.     Palos Verdes Estates Police Department, Officer Report for

18           Incident 95-0418, dated 5/7/95.

19      7.     Palos Verdes Estates Police Department, Officer Report for

20           Incident 96-1037, dated 12/18/96.

21      8.     Palos Verdes Estates Police Department, Officer Report for

22           Incident 97-0002, dated 1/1/97.

23      9.     Palos Verdes Estates Police Department, Officer Report for

24           Incident 97-0042, dated 1/18/97.

25     10.     Palos Verdes Estates Police Department, Officer Report for

26           Incident 97-0047, dated 1/19/97.

27     11.     Palos Verdes Estates Police Department, Officer Report for

28           Incident 98-0301, dated 5/02/98.

1    12.  Palos Verdes Estates Police Department, Officer Report for
2         Incident 99-0042, dated 1/16/99.
3    13.  Palos Verdes Estates Police Department, Officer Report for
4         Incident 99-0077, dated 1/24/99.
5    14.  Palos Verdes Estates Police Department, Officer Report for
6         Incident 09-00562, dated 1/19/09.
7    15.  Palos Verdes Estates Police Department, Officer Report for
8         Incident 09-00693, dated 1/24/09.
9    16.  Palos Verdes Estates Police Department, Officer Report for
10        Incident 09-08872, dated 10/15/09.
11   17.  Palos Verdes Estates Police Department, Officer Report for
12        Incident 09-10183, dated 11/28/09. – Sang Lee
13   18.  Palos Verdes Estates Police Department, Officer Report for
14        Incident 10-00265, dated 1/10/10.
15   19.  Palos Verdes Estates Police Department, Officer Report for
16        Incident 10-02408, dated 3/23/10.
17   20.  Palos Verdes Estates Police Department, Officer Report for
18        Incident 11-10919, dated 12/25/11.
19   21.  Palos Verdes Estates Police Department, Officer Report for
20        Incident 12-11606, dated 11/03/12.
21   22.  Palos Verdes Estates Police Department, Officer Report for
22        Incident 16-0136, dated 1/29/16.
23   Photos:
24   23.  All photos attached as exhibits to the Complaint.
25   24.  All photos attached as exhibits to the State Action BC629596.
26   25.  Photographs of Lunada Bay taken in August 2015 and provided
27        to Plaintiffs by City of Palos Verdes Estates in response to Public
28        Records Act Request, Bates Nos. 1128-1151,1267-1300.

12644064.1                              -28-                    2:16-cv-02129-SJO (RAOx)

Correspondence:

26. Letter undated from Jim Russi to Ed Jaakola.

27. Letter dated January 21, 2016, from Jordan Sanchez of the California Coastal Commission to Jeff Kepley of the Palos Verdes Police Department.

28. Letter dated June 6, 2016, from Mr. Sanchez of the California Coastal Commission to City Manager Anton Dahlerbruch.

29. Letter dated June 7, 2016, from City Manager Dahlerbruch to Mr. Sanchez.

30. July 12, 2016 Sheri Repp-Loadsmann, Deputy City Manager/Planning and Building Director issued a Memorandum to the City's Mayor and City Council.

31. Email chain dated April 4, 2016 between John MacHarg and Mark Velez.

32. Memo dated 12/31/15 from Chief Jeff Kepley' re PVE Surfing Localism in The Media This Week.

33. Memorandum from Anton Dahlerbruch to Honorable Mayor and City Council dated January 22, 2016, Subject City Managers Report for January 18- January 22, 2016.

34. Memorandum from Anton Dahlerbruch to Honorable Mayor and City Council dated January 29, 2016, Subject City Managers Report for January 25- January 29, 2016.

35. Memorandum from Anton Dahlerbruch to Honorable Mayor and City Council dated March 25, 2016, Subject City Managers Report for March 21 - March 25, 2016.

36. Letter dated January 12, 2016 from Resident to Jeff Kepley.

37. Letter to Surfer Magazine from Frank Ferarra entitled "Today's Lesson Don't Be A Kook.

Videos:

38. Defendant Sang Lee and other Bay Boys caught on video.
https://www.theguardian.com/travel/video/2015/may/18/california-surf-wars-lunada-bay-localism-video

39. Peter McCollum assaults Jeff Hagins, John Hagins, Vietnam combat vet Mike Bernard and his son for surfing the public beach telling them, among other things, "you won't come back here again boy".
https://www.youtube.com/watch?v=J1Ms0ktOaZs

40. Defendant Michael Papayans - blocking access to the public beach: https://vimeo.com/88394493

41. MLK harassment - https://vimeo.com/85025465

42. Video of David Melo harassing Diana Milena Reed and Jordan Wright and attempting to block their access to public beach taken on 1/29/16.

43. Video of Hank Harper attempting to intimidate Diana Milena Reed and her attorney while being interviewed by the media.

44. The Swell Life, (2001), interview of former Chief of Police Tim Browne.

45. Video taken by Alan Haven on 10-10-16 of six males on the cliffs edge that overlooks Lunada Bay.

**C.    Damages**

A Computation of Damages Claimed by Plaintiff Under Fed. R. Civ. P. 26(a)(1)(A)(iii)

This case is primarily about broad, class-wide injunctive and declaratory relief necessary to redress group-wide injury to visiting beachgoers whom Defendants are denying access to Lunada Bay, whereby a single injunction or declaratory judgment will provide relief to each member

1  of the class.  In addition to equitable relief, on behalf of themselves and the

2  putative class, Plaintiffs Cory Spencer and Diana Milena Read seek uniform

3  and formulaic damages that are incidental to the requested equitable relief.

4  This includes damages under Civil Code section 52 and 52.1(b). Plaintiffs do

5  not have sufficient information at this time to provide an accurate estimate of

6  the incidental damages, however, such amount is to be determined at trial.

7      Plaintiffs also seek attorneys' fees, costs, and interest pursuant to Cal.

8  Civ. Code §§ 52.1 and 1021.5, 42 U.S.C. § 1983, and any other statute or

9  rule of law authorizing such an award.

10     At this early stage of discovery, however, Plaintiffs are unable to

11  provide a full computation of damages they will be seeking.

12  **D.    Insurance**

13     Not applicable.

14  **E.    Certification**

15     To the best of my knowledge, information, and belief, formed after an

16  inquiry that is reasonable under the circumstances, this disclosure is

17  complete and correct as of the time it is made.

18

19  DATED: October 2. 2016              HANSON BRIDGETT LLP

20

21                                     By:*/s/ Kurt A. Franklin*
                                          KURT A. FRANKLIN
22                                        SAMANTHA D. WOLFF
                                          CAROLINE ELIZABETH LEE
23                                        TYSON M. SHOWER
                                          LANDON D. BAILEY
24                                        Attorneys for Plaintiffs
                                          CORY SPENCER, DIANA MILENA
25                                        REED, and COASTAL PROTECTION
                                          RANGERS. INC.
26

27

28

1              OTTEN LAW, PC

2  DATED:  October 2, 2016

3

4                              By:  /s/Victor Otten

5                                   VICTOR OTTEN
                                    KAVITA TEKCHANDANI
6                                   Attorneys for Plaintiffs
                                    CORY SPENCER, DIANA MILENA
7                                   REED, and COASTAL PROTECTION
                                    RANGERS, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 7

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

**ROBERT T. MACKEY, State Bar No. 210810**
rmackey@veatchfirm.com
**PETER H. CROSSIN, State Bar No. 163189**
pcrossin@veatchfirm.com
**RICHARD P. DIEFFENBACH, State Bar No. 102663**
rdieffenbach@veatchfirm.com

Attorneys for Defendant, **BRANT BLAKEMAN**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, <br><br> Defendants. | **CASE NO.: 2:16-CV-2129-SJO-RAO** <br> Assigned to Courtroom: 1 <br> The Hon. S. James Otero <br><br><br> **INTERROGATORIES TO PLAINTIFF CORY SPENCER (SET ONE)** |

/ / /

/ / /

- 1 -

1

2 | PROPOUNDING PARTY:      BRANT BLAKEMAN

3 | RESPONDING PARTY :      CORY SPENCER

4 | SET NO.                :      ONE

5

6      TO PLAINTIFF CORY SPENCER AND TO HIS ATTORNEYS OF

7 | RECORD:  Defendant BRANT BLAKEMAN requests that you answer the following

8 | interrogatories under oath, pursuant to Federal Rules of Civil Procedure Rule 33 et

9 | seq. within thirty (30) days.  Pursuant to Rule 33(1), the interrogatories must be

10 | answered by the party to whom they are directed; or if that party is a public or private

11 | corporation, a partnership, an association, or a governmental agency, by any officer or

12 | agent, who must furnish the information available to the party.  The responding party

13 | must serve its answers and any objections within 30 days after being served with the

14 | interrogatories. Each interrogatory must, to the extent it is not objected to, be

15 | answered separately and fully in writing under oath.  Objections. The grounds for

16 | objecting to an interrogatory must be stated with specificity. Any ground not stated in

17 | a timely objection is waived unless the court, for good cause, excuses the failure.  The

18 | person who makes the answers must sign them, and the attorney who objects must

19 | sign any objections.

20      Option to Produce Business Records. If the answer to an interrogatory may be

21 | determined by examining, auditing, compiling, abstracting, or summarizing a party's

22 | business records (including electronically stored information), and if the burden of

23 | deriving or ascertaining the answer will be substantially the same for either party, the

24 | responding party may answer by:

25      (1) specifying the records that must be reviewed, in sufficient detail to

26 | enable the interrogating party to locate and identify them as readily as the responding

27 | party could; and

28      (2) giving the interrogating party a reasonable opportunity to examine

- 2 -

1  and audit the records and to make copies, compilations, abstracts, or summaries.

2  Your answers to these interrogatories must be verified, dated, and signed.  You

3  may wish to use the following form at the end of your answers:

4  "I declare under penalty of perjury under the laws of the United

5  States and the State of California that the foregoing answers are true and correct.

6  Date                              Signature"

7

8  **DEFINITIONS**

9  YOU or YOUR means the responding party to these requests.

10  YOU OR ANYONE ACTING ON YOUR BEHALF includes you, your agents,

11  your employees, your insurance companies, their agents, their employees, your

12  attorneys, your accountants, your investigators, and anyone eles acting on your behalf.

13  BRANT BLAKEMAN means only Brant Blakeman in his individual capacity.

14  This definition expressly excludes Brant Blakeman as an alleged member of what

15  plaintiff alleges are the "Lunada Bay Boys." This definition expressly excludes the

16  actions or omissions of any other PERSON other than Brant Blakeman in his

17  individual capacity.  This definition expressly excludes acts of PERSONS other than

18  Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil

19  Conspiracy.

20  ADDRESS means the street address, including the city, state, and Zip code.

21  PERSON includes a natural person, firm, association, organization, partnership,

22  business, trust, limited liability company, corporation, or public entity.

23  DOCUMENT or WRITING is meant to includes the term "document" as used

24  in Federal Rule of Civil Procedure Rule 34, and "writing, recording, photograph,

25  original, and or duplicate" as such terms are defined in Federal Rules of Evidence

26  Rule 1001, and as the term "writing" as is defined in California Evidence Code

27  section 250, which states "'Writing' means handwriting, typewriting, printing,

28  photostating, photographing, photocopying, transmitting by electronic mail or

- 3 -

facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored."

IDENTIFY means to provide the name ADDRESS and telephone number or sufficient information so that a PERSON or things may be subpoenaed and/or located by a party.

IDENTIFY ALL DOCUMENTS means all documents known to the party responding to the interrogatory or to that person's representatives, and without limitation includes providing all ADDRESSES where the WRITING(S) are located so that they can be subpoenaed for production and IDENTIFYING ALL PERSONS in possession, custody, or control of the documents, or who has knowledge of the location of such documents.

IDENTIFY ALL PERSONS means all persons known to the party responding to the interrogatory or to that person's representatives, and without limitation includes providing the current or last known ADDRESS and telephone number, and electronic mail address in order to contact and subpoena such PERSON(S).

## INTERROGATORIES

1.     IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention that BRANT BLAKEMAN participated in any way in the "commission of enumerated 'predicate crimes'" as alleged in paragraph 5 of the Complaint , and  for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

2.     IDENTIFY ALL PERSONS that have knowledge of any facts that

support your contention in paragraph 7 of the Complaint that BRANT BLAKEMAN "is responsible in some manner for the Bane Act violations and public nuisance described in the Complaint" and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

3.    IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention in paragraph 18 of the Complaint that BRANT BLAKEMAN "sell[s] market[s] and use[s] illegal controlled substances from the Lunada Bay Bluffs and the Rock Fort" and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

4.    IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention in paragraph 18 of the Complaint that BLAKE BRANTMAN "impede[d] boat traffic" at any time, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

5.    IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention in paragraph 18 of the Complaint that BLAKE BRANTMAN "dangerously disregard[ed] surfing rules" at any time, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

6.    IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention that BLAKE BRANTMAN has illegally extorted money from beachgoers who wish to use Lunada Bay for recreational purposes (See paragraph 33 j. of the Complaint), and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

7.    IDENTIFY ALL PERSONS that have knowledge of any facts that

support your contention that BLAKE BRANTMAN was a part of a Civil Conspiracy as identified in your complaint in paragraphs 51 through 53, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

8.   IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' First Cause of Action in the Complaint (Bane Act Violations) against BRANT BLAKEMAN, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

9.   IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' Second Cause of Action in the Complaint (Public Nuisance) against BRANT BLAKEMAN, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

10.   IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' Sixth Cause of Action in the Complaint (Assault) against BRANT BLAKEMAN, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

11.   IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' Seventh Cause of Action in the Complaint (Battery) against BRANT BLAKEMAN, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

/ / /
/ / /
/ / /
/ / /
/ / /

1    12.    IDENTIFY ALL PERSONS that have knowledge of any facts that
2    support plaintiffs' Eighth Cause of Action in the Complaint (Negligence) against
3    BRANT BLAKEMAN,  and  for each such PERSON identified state all facts you
4    contend are within that PERSON's knowledge.

5

6    DATED:  September 16, 2016                    **VEATCH CARLSON, LLP**

7

8

9                                              By: _____
10                                              **ROBERT T. MACKEY**
                                               **PETER H. CROSSIN**
                                               **RICHARD P. DIEFFENBACH**
11                                             Attorneys for **Defendant BRANT**
                                               **BLAKEMAN**

12

13

14   I:\WP\01008018\DISC-special interrogs to plaintiffs.wpd

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -
INTERROGATORIES TO PLAINTIFFS (SET ONE)

91

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

On September 16, 2016 I served the foregoing document described as **INTERROGATORIES TO PLAINTIFF CORY SPENCER (SET ONE)** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Victor Otten, Esq.
Kavita Tekchandani, Esq.
OTTEN LAW PC
3620 Pacific Coast Highway, #100
Torrance, CA 90505
Telephone: (310) 378-8533
Facsimile: (310) 347-422
Attorneys for **Plaintiffs**

\_\_\_\_\_ **BY MAIL** (C.C.P. §§ 1013a, *et seq.*)**:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_\_ **ELECTRONIC MAIL SERVICE** I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service is in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP business practices for electronic service. :

 X \_\_\_\_\_ **BY PERSONAL SERVICE** (C.C.P. §§ 1011, *et seq.*)**:** I delivered such envelope(s) by hand to the offices of the addressee(s).

\_\_\_\_\_ **BY FACSIMILE TRANSMISSION** from Facsimile No. (213) 383-6370 to the fax numbers listed below. The facsimile machine I used complied with Court Rule 2.306. Pursuant to Rule 2.306, I caused the machine to print a transmission confirmation report that showed the document was transmitted complete and without error and a copy is attached.

\_\_\_\_\_ **BY EXPRESS MAIL** (C.C.P. §§ 1013(c)(d), *et seq.*)**:** I caused said document(s) to be deposited with an express service carrier in a sealed envelope designed by the carrier as an express mail service, with fees and postage prepaid.

\_\_\_\_\_ **BY REGISTERED MAIL** (C.C.P. §§ 1020, *et seq.*)**:** I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by the addressee that said documents were received.

\_\_\_\_\_ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

 X \_\_\_\_\_ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

92

Executed on September 16, 2016 at Los Angeles, California.

1

ANDREA DONA

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

On September 16, 2016 I served the foregoing document described as
**INTERROGATORIES TO PLAINTIFF CORY SPENCER (SET ONE)** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

X    **BY MAIL** (C.C.P. §§ 1013a, *et seq.*): I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____    **ELECTRONIC MAIL SERVICE** I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP business practices for electronic service. :

_____    **BY PERSONAL SERVICE** (C.C.P. §§ 1011, *et seq.*): I delivered such envelope(s) by hand to the offices of the addressee(s).

_____    **BY FACSIMILE TRANSMISSION** from Facsimile No. (213) 383-6370 to the fax numbers listed below. The facsimile machine I used complied with Court Rule 2.306. Pursuant to Rule 2.306, I caused the machine to print a transmission confirmation report that showed the document was transmitted complete and without error and a copy is attached.

_____    **BY EXPRESS MAIL** (C.C.P. §§ 1013(c)(d), *et seq.*): I caused said document(s) to be deposited with an express service carrier in a sealed envelope designed by the carrier as an express mail envelope, with fees and postage prepaid.

_____    **BY REGISTERED MAIL** (C.C.P. §§ 1020, *et seq.*): I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by the addressee that said documents were received.

_____    **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 16, 2016 at Los Angeles, California.

_____
ANDREA DONA

94

**SERVICE LIST**
*Cory Spencer, et al v. Lunada Bay Boys, et al.*
**USDC, Central District, Western Division Case No.: 2:16-cv-02129-SJO (RAOx)**

| | |
|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (415) 442-3200<br>Facsimile: (415) 541-9366<br><br>Email: kfranklin@hansonbridgett.com<br>Email: swolff@hansonbridgett.com<br>Email: clee@hansonbridgett.com |
| Tyson M. Shower, Esq.<br>Landon D. Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (916) 442-3333<br>Facsimile: (916) 442-2348<br><br>Email: tshower@hansonbridgett.com |
| Edwin J. Richards, Esq.<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine, CA 992614-8595 | Attorneys for Defendants<br>**CITY OF PALOS VERDES ESTATES and CHIEF OF POLICE JEFF KEPLY**<br><br>Telephone: (949) 417-0999<br>Facsimile: (949) 417-5394<br><br>Email: ed.richards@kutakrock.com<br>Email: jacob.song@kutakrock.com |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**ALAN JOHNSTON aka JALIAN JOHNSTON**<br><br>Telephone: (310) 526-2237<br>Facsimile: (310) 526-2237<br><br>Email: pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |
| Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**MICHAEL RAY PAPAYANS**<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br><br>Email: peter@hblwfirm.us<br>Email: peter@havenlaw.com |

| | |
|---|---|
| Mark C. Fields<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants<br>**ANGELO FERRARA; N.F. appearing through [Proposed] Guardian Ad Litem, Leonora Ferrara Attorney for Petitioner**<br><br>Telephone: (213) 948-2349<br>Facsimile:  (213) 629-4520<br><br>Email: fields@markfieldslaw.com |
| Thomas M. Phillips, Esq.<br>Aaron G. Miller<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant<br>**ANGELO FERRARA**<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br><br>Email: tphillips@thephillipsfirm.com |
| Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tara Lutz, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Attorney for Defendant<br>**SANG LEE**<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900<br><br>Email: Dana.Fox@lewisbrisbois.com<br>Email: Edward.Ward@lewisbrisbois.com<br>Email: Eric.Kizirian@lewisbrisbois.com<br>Email:  Tera.Lutz@lewisbrisbois.com |
| Laura Bell, Esq.<br>William Lock, Esq.<br>BREMER WHYTE BROWN & O'MEARA, LLP<br>21271 Burbank Blvd., Suite 110<br>Woodland Hills, CA 91367 | Attorney for Defendants,<br>**FRANK FERRARA and CHARLIE FERRARA**<br><br>Telephone: (818) 712-9800<br>Facsimile:  (818) 712-9900<br><br>Email: lbell@bremerwhyte.com<br>Email: wlocke@bremerwhyte.com |
| Daniel M. Crowley, Esq.<br>BOOTH, MITCHEL & STRANGE LLP<br>707 Wilshire Blvd., Suite 4450<br>Los Angeles, CA  90017 | Telephone:  (213) 738-0100<br>Facsimile:  (213) 380-3308<br><br>Email: |

96

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

**ROBERT T. MACKEY, State Bar No. 210810**
rmackey@veatchfirm.com
**PETER H. CROSSIN, State Bar No. 163189**
pcrossin@veatchfirm.com
**RICHARD P. DIEFFENBACH, State Bar No. 102663**
rdieffenbach@veatchfirm.com

Attorneys for Defendant, **BRANT BLAKEMAN**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, | **CASE NO.: 2:16-CV-2129-SJO-RAO** Assigned to Courtroom: 1 The Hon. S. James Otero |
| Plaintiffs, | |
| vs. | **INTERROGATORIES TO PLAINTIFF DIANA MILENA REED (SET ONE)** |
| LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, | |
| Defendants. | |

/ / /

/ / /

- 1 -

| | |
|---|---|
| 1 | |
| 2 | PROPOUNDING PARTY:    BRANT BLAKEMAN |
| 3 | RESPONDING PARTY :    DIANA MILENA REED |
| 4 | SET NO.             :    ONE |

TO PLAINTIFF DIANA MILENA REED AND TO HER ATTORNEYS OF RECORD: Defendant BRANT BLAKEMAN requests that you answer the following interrogatories under oath, pursuant to Federal Rules of Civil Procedure Rule 33 et seq. within thirty (30) days.  Pursuant to Rule 33(1), the interrogatories must be answered by the party to whom they are directed; or if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.  The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.  Objections. The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.  The person who makes the answers must sign them, and the attorney who objects must sign any objections.

Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

- 2 -

1  (2) giving the interrogating party a reasonable opportunity to examine and audit the

2  records and to make copies, compilations, abstracts, or summaries.

3       Your answers to these interrogatories must be verified, dated, and signed.  You

4  may wish to use the following form at the end of your answers:

5           "I declare under penalty of perjury under the laws of the United

6  States and the State of California that the foregoing answers are true and correct.

7       Date                   Signature"

8

9  **DEFINITIONS**

10       YOU or YOUR means the responding party to these requests.

11       YOU OR ANYONE ACTING ON YOUR BEHALF includes you, your agents,

12  your employees, your insurance companies, their agents, their employees, your

13  attorneys, your accountants, your investigators, and anyone eles acting on your behalf.

14       BRANT BLAKEMAN means only Brant Blakeman in his individual capacity.

15  This definition expressly excludes Brant Blakeman as an alleged member of what

16  plaintiff alleges are the "Lunada Bay Boys." This definition expressly excludes the

17  actions or omissions of any other PERSON other than Brant Blakeman in his

18  individual capacity.  This definition expressly excludes acts of PERSONS other than

19  Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil

20  Conspiracy.

21       ADDRESS means the street address, including the city, state, and Zip code.

22       PERSON includes a natural person, firm, association, organization, partnership,

23  business, trust, limited liability company, corporation, or public entity.

24       DOCUMENT or WRITING is meant to includes the term "document" as used

25  in Federal Rule of Civil Procedure Rule 34, and "writing, recording, photograph,

26  original, and or duplicate" as such terms are defined in Federal Rules of Evidence

27  Rule 1001, and as the term "writing" as is defined in California Evidence Code

28  section 250, which states "'Writing' means handwriting, typewriting, printing,

- 3 -

photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored."

IDENTIFY means to provide the name ADDRESS and telephone number or sufficient information so that a PERSON or things may be subpoenaed and/or located by a party.

IDENTIFY ALL DOCUMENTS means all documents known to the party responding to the interrogatory or to that person's representatives, and without limitation includes providing all ADDRESSES where the WRITING(S) are located so that they can be subpoenaed for production and IDENTIFYING ALL PERSONS in possession, custody, or control of the documents, or who has knowledge of the location of such documents.

IDENTIFY ALL PERSONS means all persons known to the party responding to the interrogatory or to that person's representatives, and without limitation includes providing the current or last known ADDRESS and telephone number, and electronic mail address in order to contact and subpoena such PERSON(S).

## INTERROGATORIES

1.    IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention that BRANT BLAKEMAN participated in any way in the "commission of enumerated 'predicate crimes'" as alleged in paragraph 5 of the Complaint , and  for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

INTERROGATORIES TO PLAINTIFF (SET ONE)

2.     IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention in paragraph 7 of the Complaint that BRANT BLAKEMAN "is responsible in some manner for the Bane Act violations and public nuisance described in the Complaint" and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

3.     IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention in paragraph 18 of the Complaint that BRANT BLAKEMAN "sell[s] market[s] and use[s] illegal controlled substances from the Lunada Bay Bluffs and the Rock Fort" and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

4.     IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention in paragraph 18 of the Complaint that BLAKE BRANTMAN "impede[d] boat traffic" at any time, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

5.     IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention in paragraph 18 of the Complaint that BLAKE BRANTMAN "dangerously disregard[ed] surfing rules" at any time, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

6.     IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention that BLAKE BRANTMAN has illegally extorted money from beachgoers who wish to use Lunada Bay for recreational purposes (See paragraph 33 j. of the Complaint), and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

- 5 -

7.     IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention that BLAKE BRANTMAN was a part of a Civil Conspiracy as identified in your complaint in paragraphs 51 through 53,  and  for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

8.     IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' First Cause of Action in the Complaint (Bane Act Violations) against BRANT BLAKEMAN,  and  for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

9.     IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' Second Cause of Action in the Complaint (Public Nuisance) against BRANT BLAKEMAN,  and  for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

10.     IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' Sixth Cause of Action in the Complaint (Assault) against BRANT BLAKEMAN,  and  for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

11.     IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' Seventh Cause of Action in the Complaint (Battery) against BRANT BLAKEMAN,  and  for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

12.     IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' Eighth Cause of Action in the Complaint (Negligence) against BRANT BLAKEMAN,  and  for each such PERSON identified state all facts you

INTERROGATORIES TO PLAINTIFF (SET ONE)

1  contend are within that PERSON's knowledge.

2

3  DATED:  September 16, 2016                    **VEATCH CARLSON, LLP**

4

5

6                                    By: _____
                                         **ROBERT T. MACKEY**
7                                        **PETER H. CROSSIN**
                                         **RICHARD P. DIEFFENBACH**
8                                        Attorneys for **Defendant BRANT**
                                         **BLAKEMAN**
9

10

11   I:\WP\01008018\DISC-SPECIAL INTERROGS TO DIANA REED SET ONE.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

On September 16, 2016 I served the foregoing document described as
**INTERROGATORIES TO PLAINTIFF DIANA MILENA REED (SET ONE)** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Victor Otten, Esq.
Kavita Tekchandani, Esq.
OTTEN LAW PC
3620 Pacific Coast Highway, #100
Torrance, CA 90505
Telephone: (310) 378-8533
Facsimile: (310) 347-422
Attorneys for **Plaintiffs**

\_\_\_\_\_  **BY MAIL** (C.C.P. §§ 1013a, *et seq.*):  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_\_  **ELECTRONIC MAIL SERVICE** I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of  record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP business practices for electronic service. :

_X_  **BY PERSONAL SERVICE** (C.C.P. §§ 1011, *et seq.*):  I delivered such envelope(s) by hand to the offices of the addressee(s).

\_\_\_\_\_  **BY FACSIMILE TRANSMISSION** from Facsimile No. (213) 383-6370 to the fax numbers listed below.  The facsimile machine I used complied with Court Rule 2.306.  Pursuant to Rule 2.306, I caused the machine to print a transmission confirmation report that showed the document was transmitted complete and without error and a copy is attached.

\_\_\_\_\_  **BY EXPRESS MAIL** (C.C.P. §§ 1013(c)(d), *et seq.*):  I caused said document(s) to be deposited with an express service carrier in a sealed envelope designed by the carrier as an express mail envelope, with fees and postage prepaid.

\_\_\_\_\_  **BY REGISTERED MAIL** (C.C.P. §§ 1020, *et seq.*):  I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by the addressee that said documents were received.

\_\_\_\_\_  **STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_  **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

104

Executed on September 16, 2016 at Los Angeles, California.

ANDREA DONA

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

      On September 16, 2016 I served the foregoing document described as **INTERROGATORIES TO PLAINTIFF DIANA MILENA REED (SET ONE)** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

X     **BY MAIL** (C.C.P. §§ 1013a, *et seq.*)**:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_\_     **ELECTRONIC MAIL SERVICE** I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP business practices for electronic service. :

\_\_\_\_\_     **BY PERSONAL SERVICE** (C.C.P. §§ 1011, *et seq.*)**:** I delivered such envelope(s) by hand to the offices of the addressee(s).

\_\_\_\_\_     **BY FACSIMILE TRANSMISSION** from Facsimile No. (213) 383-6370 to the fax numbers listed below. The facsimile machine I used complied with Court Rule 2.306. Pursuant to Rule 2.306, I caused the machine to print a transmission confirmation report that showed the document was transmitted complete and without error and a copy is attached.

\_\_\_\_\_     **BY EXPRESS MAIL** (C.C.P. §§ 1013(c)(d), *et seq.*): I caused said document(s) to be deposited with an express service carrier in a sealed envelope designed by the carrier as an express mail envelope, with fees and postage prepaid.

\_\_\_\_\_     **BY REGISTERED MAIL** (C.C.P. §§ 1020, *et seq.*): I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by the addressee that said documents were received.

\_\_\_\_\_     **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X     **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on September 16, 2016 at Los Angeles, California.

                    ANDREA DONA

**SERVICE LIST**
*Cory Spencer, et al v. Lunada Bay Boys, et al.*
**USDC, Central District, Western Division Case No.: 2:16-cv-02129-SJO (RAOx)**

| | |
|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (415) 442-3200<br>Facsimile: (415) 541-9366<br><br>Email: kfranklin@hansonbridgett.com<br>Email: swolff@hansonbridgett.com<br>Email: clee@hansonbridgett.com |
| Tyson M. Shower, Esq.<br>Landon D. Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (916) 442-3333<br>Facsimile: (916) 442-2348<br><br>Email: tshower@hansonbridgett.com |
| Edwin J. Richards, Esq.<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine, CA 992614-8595 | Attorneys for Defendants<br>**CITY OF PALOS VERDES ESTATES and CHIEF OF POLICE JEFF KEPLY**<br><br>Telephone: (949) 417-0999<br>Facsimile: (949) 417-5394<br><br>Email: ed.richards@kutakrock.com<br>Email: jacob.song@kutakrock.com |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**ALAN JOHNSTON aka JALIAN JOHNSTON**<br><br>Telephone: (310) 526-2237<br>Facsimile: (310) 526-2237<br><br>Email: pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |
| Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**MICHAEL RAY PAPAYANS**<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br><br>Email: peter@hblwfirm.us<br>Email: peter@havenlaw.com |

107

| | |
|---|---|
| Mark C. Fields<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants<br>**ANGELO FERRARA; N.F. appearing**<br>**through [Proposed] Guardian Ad Litem,**<br>**Leonora Ferrara Attorney for Petitioner**<br><br>Telephone: (213) 948-2349<br>Facsimile:  (213) 629-4520<br><br>Email: fields@markfieldslaw.com |
| Thomas M. Phillips, Esq.<br>Aaron G. Miller<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant<br>**ANGELO FERRARA**<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br><br>Email: tphillips@thephillipsfirm.com |
| Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tara Lutz, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Attorney for Defendant<br>**SANG LEE**<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900<br><br>Email: Dana.Fox@lewisbrisbois.com<br>Email: Edward.Ward@lewisbrisbois.com<br>Email: Eric.Kizirian@lewisbrisbois.com<br>Email:  Tera.Lutz@lewisbrisbois.com |
| Laura Bell, Esq.<br>William Lock, Esq.<br>BREMER WHYTE BROWN & O'MEARA, LLP<br>21271 Burbank Blvd., Suite 110<br>Woodland Hills, CA 91367 | Attorney for Defendants,<br>**FRANK FERRARA and CHARLIE**<br>**FERRARA**<br><br>Telephone: (818) 712-9800<br>Facsimile:  (818) 712-9900<br><br>Email: lbell@bremerwhyte.com<br>Email: wlocke@bremerwhyte.com |
| Daniel M. Crowley, Esq.<br>BOOTH, MITCHEL & STRANGE LLP<br>707 Wilshire Blvd., Suite 4450<br>Los Angeles, CA  90017 | Telephone:  (213) 738-0100<br>Facsimile:  (213) 380-3308<br><br>Email: |

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

**ROBERT T. MACKEY, State Bar No. 210810**
**rmackey@veatchfirm.com**
**PETER H. CROSSIN, State Bar No. 163189**
**pcrossin@veatchfirm.com**
**RICHARD P. DIEFFENBACH, State Bar No. 102663**
**rdieffenbach@veatchfirm.com**

Attorneys for Defendant, **BRANT BLAKEMAN**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an  individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, <br><br> Defendants. | **CASE NO.: 2:16-CV-2129-SJO-RAO** <br> Assigned to Courtroom: 1 <br> The Hon. S. James Otero <br><br><br> **INTERROGATORIES TO PLAINTIFF COASTAL PROTECTION RANGERS, INC. (SET ONE)** |

///

///

- 1 -

PROPOUNDING PARTY:        BRANT BLAKEMAN

RESPONDING PARTY :        COASTAL PROTECTION RANGERS, INC.

SET NO.                :        ONE


TO PLAINTIFF COASTAL PROTECTION RANGERS, INC. AND TO ITS
ATTORNEYS OF RECORD: Defendant BRANT BLAKEMAN requests that you
answer the following interrogatories under oath, pursuant to Federal Rules of Civil
Procedure Rule 33 et seq. within thirty (30) days.  Pursuant to Rule 33(1), the
interrogatories must be answered by the party to whom they are directed; or if that
party is a public or private corporation, a partnership, an association, or a
governmental agency, by any officer or agent, who must furnish the information
available to the party.  The responding party must serve its answers and any
objections within 30 days after being served with the interrogatories. Each
interrogatory must, to the extent it is not objected to, be answered separately and fully
in writing under oath.  Objections. The grounds for objecting to an interrogatory must
be stated with specificity. Any ground not stated in a timely objection is waived
unless the court, for good cause, excuses the failure.  The person who makes the
answers must sign them, and the attorney who objects must sign any objections.

Option to Produce Business Records. If the answer to an interrogatory may be
determined by examining, auditing, compiling, abstracting, or summarizing a party's
business records (including electronically stored information), and if the burden of
deriving or ascertaining the answer will be substantially the same for either party, the
responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the
interrogating party to locate and identify them as readily as the responding party
could; and

- 2 -

110

1   (2) giving the interrogating party a reasonable opportunity to examine and audit the

2   records and to make copies, compilations, abstracts, or summaries.

3        Your answers to these interrogatories must be verified, dated, and signed.  You

4   may wish to use the following form at the end of your answers:

5             "I declare under penalty of perjury under the laws of the United

6   States and the State of California that the foregoing answers are true and correct.

7             Date                                  Signature"

8

9                                    **DEFINITIONS**

10       YOU or YOUR means the responding party to these requests.

11       YOU OR ANYONE ACTING ON YOUR BEHALF includes you, your agents,

12   your employees, your insurance companies, their agents, their employees, your

13   attorneys, your accountants, your investigators, and anyone eles acting on your behalf.

14       BRANT BLAKEMAN means only Brant Blakeman in his individual capacity.

15   This definition expressly excludes Brant Blakeman as an alleged member of what

16   plaintiff alleges are the "Lunada Bay Boys." This definition expressly excludes the

17   actions or omissions of any other PERSON other than Brant Blakeman in his

18   individual capacity.  This definition expressly excludes acts of PERSONS other than

19   Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil

20   Conspiracy.

21       ADDRESS means the street address, including the city, state, and Zip code.

22       PERSON includes a natural person, firm, association, organization, partnership,

23   business, trust, limited liability company, corporation, or public entity.

24       DOCUMENT or WRITING is meant to includes the term "document" as used

25   in Federal Rule of Civil Procedure Rule 34, and "writing, recording, photograph,

26   original, and or duplicate" as such terms are defined in Federal Rules of Evidence

27   Rule 1001, and as the term "writing" as is defined in California Evidence Code

28   section 250, which states "'Writing' means handwriting, typewriting, printing,

photostating, photographing, photocopying, transmitting by electronic mail or
facsimile, and every other means of recording upon any tangible thing, any form of
communication or representation, including letters, words, pictures, sounds, or
symbols, or combinations thereof, and any record thereby created, regardless of the
manner in which the record has been stored."

IDENTIFY means to provide the name ADDRESS and telephone number or
sufficient information so that a PERSON or things may be subpoenaed and/or located
by a party.

IDENTIFY ALL DOCUMENTS means all documents known to the party
responding to the interrogatory or to that person's representatives, and without
limitation includes providing all ADDRESSES where the WRITING(S) are located so
that they can be subpoenaed for production and IDENTIFYING ALL PERSONS in
possession, custody, or control of the documents, or who has knowledge of the
location of such documents.

IDENTIFY ALL PERSONS means all persons known to the party responding
to the interrogatory or to that person's representatives, and without limitation includes
providing the current or last known ADDRESS and telephone number, and electronic
mail address in order to contact and subpoena such PERSON(S).

## **INTERROGATORIES**

1.    IDENTIFY ALL PERSONS that have knowledge of any facts that
support your contention that BRANT BLAKEMAN participated in any way in the
"commission of enumerated 'predicate crimes'" as alleged in paragraph 5 of the
Complaint , and  for each such PERSON identified state all facts you contend are
within that PERSON's knowledge.

2.    IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention in paragraph 7 of the Complaint that BRANT BLAKEMAN "is responsible in some manner for the Bane Act violations and public nuisance described in the Complaint" and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

3.    IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention in paragraph 18 of the Complaint that BRANT BLAKEMAN "sell[s] market[s] and use[s] illegal controlled substances from the Lunada Bay Bluffs and the Rock Fort" and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

4.    IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention in paragraph 18 of the Complaint that BLAKE BRANTMAN "impede[d] boat traffic" at any time, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

5.    IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention in paragraph 18 of the Complaint that BLAKE BRANTMAN "dangerously disregard[ed] surfing rules" at any time, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

6.    IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention that BLAKE BRANTMAN has illegally extorted money from beachgoers who wish to use Lunada Bay for recreational purposes (See paragraph 33 j. of the Complaint), and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

- 5 -

7.     IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention that BLAKE BRANTMAN was a part of a Civil Conspiracy as identified in your complaint in paragraphs 51 through 53, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

8.     IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' First Cause of Action in the Complaint (Bane Act Violations) against BRANT BLAKEMAN, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

9.     IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' Second Cause of Action in the Complaint (Public Nuisance) against BRANT BLAKEMAN, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

10.     IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' Sixth Cause of Action in the Complaint (Assault) against BRANT BLAKEMAN, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

11.     IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' Seventh Cause of Action in the Complaint (Battery) against BRANT BLAKEMAN, and for each such PERSON identified state all facts you contend are within that PERSON's knowledge.

12.     IDENTIFY ALL PERSONS that have knowledge of any facts that support plaintiffs' Eighth Cause of Action in the Complaint (Negligence) against BRANT BLAKEMAN, and for each such PERSON identified state all facts you

1    contend are within that PERSON's knowledge.

2

3    DATED: September 16, 2016                 **VEATCH CARLSON, LLP**

4

5

6                            By:                                   
**ROBERT T. MACKEY**

7                                         **PETER H. CROSSIN**
**RICHARD P. DIEFFENBACH**

8                                       Attorneys for **Defendant BRANT BLAKEMAN**

9

10

11    I:\WP\01008018\DISC-SPECIAL INTERROGS TO COASTAL RANGERS SET ONE.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTERROGATORIES TO PLAINTIFF (SET ONE)

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

On September 16, 2016 I served the foregoing document described as **INTERROGATORIES TO PLAINTIFF COASTAL PROTECTION RANGERS, INC. (SET ONE)** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Victor Otten, Esq.
Kavita Tekchandani, Esq.
OTTEN LAW PC
3620 Pacific Coast Highway, #100
Torrance, CA 90505
Telephone: (310) 378-8533
Facsimile: (310) 347-422
Attorneys for **Plaintiffs**

_____ **BY MAIL** (C.C.P. §§ 1013a, *et seq.*):  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ **ELECTRONIC MAIL SERVICE** I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP business practices for electronic service. :

__X___ **BY PERSONAL SERVICE** (C.C.P. §§ 1011, *et seq.*):  I delivered such envelope(s) by hand to the offices of the addressee(s).

_____ **BY FACSIMILE TRANSMISSION** from Facsimile No. (213) 383-6370 to the fax numbers listed below.  The facsimile machine I used complied with Court Rule 2.306.  Pursuant to Rule 2.306, I caused the machine to print a transmission confirmation report that showed the document was transmitted complete and without error and a copy is attached.

_____ **BY EXPRESS MAIL** (C.C.P. §§ 1013(c)(d), *et seq.*):  I caused said document(s) to be deposited with an express service carrier in a sealed envelope designed by the carrier as an express mail envelope, with fees and postage prepaid.

_____ **BY REGISTERED MAIL** (C.C.P. §§ 1020, *et seq.*):  I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by the addressee that said documents were received.

_____ **STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X___ **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

116

Executed on September 16, 2016 at Los Angeles, California.

ANDREA DONA

117

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11ᵗʰ Floor, Los Angeles, California 90017-2444.

On September 16, 2016 I served the foregoing document described as **INTERROGATORIES TO PLAINTIFF COASTAL PROTECTION RANGERS, INC. (SET ONE)** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

X_____ **BY MAIL** (C.C.P. §§ 1013a, *et seq.*): I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ **ELECTRONIC MAIL SERVICE** I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP business practices for electronic service. :

_____ **BY PERSONAL SERVICE** (C.C.P. §§ 1011, *et seq.*): I delivered such envelope(s) by hand to the offices of the addressee(s).

_____ **BY FACSIMILE TRANSMISSION** from Facsimile No. (213) 383-6370 to the fax numbers listed below. The facsimile machine I used complied with Court Rule 2.306. Pursuant to Rule 2.306, I caused the machine to print a transmission confirmation report that showed the document was transmitted complete and without error and a copy is attached.

_____ **BY EXPRESS MAIL** (C.C.P. §§ 1013(c)(d), *et seq.*): I caused said document(s) to be deposited with an express service carrier in a sealed envelope designed by the carrier as an express mail envelope, with fees and postage prepaid.

_____ **BY REGISTERED MAIL** (C.C.P. §§ 1020, *et seq.*): I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by the addressee that said documents were received.

_____ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X_____ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 16, 2016 at Los Angeles, California.

ANDREA DONA

118

**SERVICE LIST**
*Cory Spencer, et al v. Lunada Bay Boys, et al.*
**USDC, Central District, Western Division Case No.: 2:16-cv-02129-SJO (RAOx)**

| | |
|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (415) 442-3200<br>Facsimile: (415) 541-9366<br><br>Email: kfranklin@hansonbridgett.com<br>Email: swolff@hansonbridgett.com<br>Email: clee@hansonbridgett.com |
| Tyson M. Shower, Esq.<br>Landon D. Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (916) 442-3333<br>Facsimile: (916) 442-2348<br><br>Email: tshower@hansonbridgett.com |
| Edwin J. Richards, Esq.<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine, CA 992614-8595 | Attorneys for Defendants<br>**CITY OF PALOS VERDES ESTATES and CHIEF OF POLICE JEFF KEPLY**<br><br>Telephone: (949) 417-0999<br>Facsimile: (949) 417-5394<br><br>Email: ed.richards@kutakrock.com<br>Email: jacob.song@kutakrock.com |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**ALAN JOHNSTON aka JALIAN JOHNSTON**<br><br>Telephone: (310) 526-2237<br>Facsimile: (310) 526-2237<br><br>Email: pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |
| Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**MICHAEL RAY PAPAYANS**<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br><br>Email: peter@hblwfirm.us<br>Email: peter@havenlaw.com |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5 | Mark C. Fields<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants<br>**ANGELO FERRARA; N.F. appearing through [Proposed] Guardian Ad Litem, Leonora Ferrara Attorney for Petitioner**<br><br>Telephone: (213) 948-2349<br>Facsimile: (213) 629-4520<br><br>Email: fields@markfieldslaw.com |
| 6<br>7<br>8<br>9<br>10 | Thomas M. Phillips, Esq.<br>Aaron G. Miller<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant<br>**ANGELO FERRARA**<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br><br>Email: tphillips@thephillipsfirm.com |
| 11<br>12<br>13<br>14<br>15 | Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tara Lutz, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Attorney for Defendant<br>**SANG LEE**<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900<br><br>Email: Dana.Fox@lewisbrisbois.com<br>Email: Edward.Ward@lewisbrisbois.com<br>Email: Eric.Kizirian@lewisbrisbois.com<br>Email: Tera.Lutz@lewisbrisbois.com |
| 16<br>17<br>18<br>19<br>20<br>21 | Laura Bell, Esq.<br>William Lock, Esq.<br>BREMER WHYTE BROWN & O'MEARA, LLP<br>21271 Burbank Blvd., Suite 110<br>Woodland Hills, CA 91367 | Attorney for Defendants,<br>**FRANK FERRARA and CHARLIE FERRARA**<br><br>Telephone: (818) 712-9800<br>Facsimile: (818) 712-9900<br><br>Email: lbell@bremerwhyte.com<br>Email: wlocke@bremerwhyte.com |
| 22<br>23 | Daniel M. Crowley, Esq.<br>BOOTH, MITCHEL & STRANGE LLP<br>707 Wilshire Blvd., Suite 4450<br>Los Angeles, CA 90017 | Telephone:  (213) 738-0100<br>Facsimile:  (213) 380-3308<br><br>Email: |

24
25
26
27
28

120

# EXHIBIT 8

1 | **VEATCH CARLSON, LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
2 | 1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 381-2861
3 | FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

4 | **ROBERT T. MACKEY, State Bar No. 210810**
rmackey@veatchfirm.com
5 | **PETER H. CROSSIN, State Bar No. 163189**
pcrossin@veatchfirm.com
6 | **RICHARD P. DIEFFENBACH, State Bar No. 102663**
rdieffenbach@veatchfirm.com
7 |
8 | Attorneys for Defendant, **BRANT BLAKEMAN**

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

11 |

12 | CORY SPENCER, an individual;
DIANA MILENA REED, an individual;
13 | and COASTAL PROTECTION
RANGERS, INC., a California non-profit
14 | public benefit corporation,

    **CASE NO.: 2:16-CV-2129-SJO-RAO**
    Assigned to Courtroom: 1
    The Hon. S. James Otero

15 |         Plaintiffs,

    **REQUESTS FOR PRODUCTION
    OF DOCUMENTS TO PLAINTIFF
    CORY SPENCER (SET ONE)**

16 |     vs.

17 | LUNADA BAY BOYS; THE
INDIVIDUAL MEMBERS OF THE
18 | LUNADA BAY BOYS, including but not
limited to SANG LEE, BRANT
19 | BLAKEMAN, ALAN JOHNSTON AKA
JALIAN JOHNSTON, MICHAEL RAE
20 | PAPAYANS, ANGELO FERRARA,
FRANK FERRARA, CHARLIE
21 | FERRARA, and N.F.; CITY OF PALOS
VERDES ESTATES; CHIEF OF
22 | POLICE JEFF KEPLEY, in his
representative capacity; and DOES
23 | 1-10,

24 |         Defendants.

25 |
26 |
27 | / / /
28 | / / /

- 1 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

1

2  PROPOUNDING PARTY:        BRANT BLAKEMAN

3  RESPONDING PARTY :        CORY SPENCER

4  SET NO.              :    ONE

5

6          TO PLAINTIFF CORY SPENCER, AND TO HIS ATTORNEYS OF

7  RECORD:  Defendant BRANT BLAKEMAN requests that you respond to the

8  requests and produce the documents requested under oath, pursuant to Federal Rules

9  of Civil Procedure Rule 34 et seq. within thirty (30) days.  Pursuant to Rule 34, the

10  requests must be answered by the party to whom they are directed; or if that party is a

11  public or private corporation, a partnership, an association, or a governmental agency,

12  by any officer or agent, who must furnish the information available to the party.  The

13  responding party must serve its answers and any objections within 30 days after being

14  served with the requests.

15

16          (A) Time to Respond. The party to whom the request is directed must

17  respond in writing within 30 days after being served.

18

19          (B) Responding to Each Item. For each item or category, the response

20  must either state that inspection and related activities will be permitted as requested or

21  state with specificity the grounds for objecting to the request, including the reasons.

22  The responding party may state that it will produce copies of documents or of

23  electronically stored information instead of permitting inspection. The production

24  must then be completed no later than the time for inspection specified in the request or

25  another reasonable time specified in the response.

26

27          (C) Objections. An objection must state whether any responsive materials

28  are being withheld on the basis of that objection. An objection to part of a request

- 2 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

1  must specify the part and permit inspection of the rest.

2

3          (D) Responding to a Request for Production of Electronically Stored

4  Information. The response may state an objection to a requested form for producing

5  electronically stored information. If the responding party objects to a requested

6  form—or if no form was specified in the request—the party must state the form or

7  forms it intends to use.

8

9          (E) Producing the Documents or Electronically Stored Information.

10  Unless otherwise stipulated or ordered by the court, these procedures apply to

11  producing documents or electronically stored information:

12

13          (i) A party must produce documents as they are kept in the usual course

14  of business or must organize and label them to correspond to the categories in the

15  request;

16

17          (ii) If a request does not specify a form for producing electronically

18  stored information, a party must produce it in a form or forms in which it is ordinarily

19  maintained or in a reasonably usable form or forms; and

20

21          (iii) A party need not produce the same electronically stored information

22  in more than one form.

23      Your answers to these requests must be verified, dated, and signed.  You may

24  wish to use the following form at the end of your answers:

25      "I declare under penalty of perjury under the laws of the United States and the

26  State of California that the foregoing answers are true and correct.

27          Date                              Signature"

28

- 3 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

## **DEFINITIONS**

YOU or YOUR means the responding party to these requests.

YOU OR ANYONE ACTING ON YOUR BEHALF includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone eles acting on your behalf.

BRANT BLAKEMAN means only Brant Blakeman in his individual capacity. This definition expressly excludes Brant Blakeman as an alleged member of what plaintiff alleges are the "Lunada Bay Boys." This definition expressly excludes the actions or omissions of any other PERSON other than Brant Blakeman in his individual capacity.  This definition expressly excludes acts of PERSONS other than Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil Conspiracy.

ADDRESS means the street address, including the city, state, and Zip code.

PERSON includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

DOCUMENT or WRITING is meant to includes the term "document" as used in Federal Rule of Civil Procedure Rule 34, and "writing, recording, photograph, original, and or duplicate" as such terms are defined in Federal Rules of Evidence Rule 1001, and as the term "writing" as is defined in California Evidence Code section 250, which states "'Writing' means handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored."

IDENTIFY means to provide the name ADDRESS and telephone number or sufficient information so that a PERSON or things may be subpoenaed and/or located

- 4 -

1   by a party.

2       IDENTIFY ALL DOCUMENTS means all documents known to the party

3   responding to the interrogatory or to that person's representatives, and without

4   limitation includes providing all ADDRESSES where the WRITING(S) are located so

5   that they can be subpoenaed for production and IDENTIFYING ALL PERSONS in

6   possession, custody, or control of the documents, or who has knowledge of the

7   location of such documents.

8       IDENTIFY ALL PERSONS means all persons known to the party responding

9   to the interrogatory or to that person's representatives, and without limitation includes

10  providing the current or last known ADDRESS and telephone number, and electronic

11  mail address in order to contact and subpoena such PERSON(S).

12

13                          **DOCUMENT REQUESTS**

14  Please identify and produce:

15      1.      Any and all DOCUMENTS that support your contention that any

16  BRANT BLAKEMAN participated in any way in the "commission of enumerated

17  'predicate crimes'" as alleged in paragraph 5 of the Complaint.

18

19      2.      Any and all DOCUMENTS that support your contention in paragraph 7

20  of the Complaint that BRANT BLAKEMAN "is responsible in some manner for the

21  Bane Act violations and public nuisance described in the Complaint."

22

23      3.      Any and all DOCUMENTS that support your contention in paragraph 18

24  of the Complaint that BRANT BLAKEMAN "sell[s] market[s] and use[s] illegal

25  controlled substances from the Lunada Bay Bluffs and the Rock Fort."

26

27      4.      Any and all DOCUMENTS that support your contention in paragraph 18

28  of the Complaint that BLAKE BRANTMAN  "impede[d] boat traffic" at any time.

- 5 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

5.    Any and all DOCUMENTS that support your contention in paragraph 18 of the Complaint that BLAKE BRANTMAN "dangerously disregard[ed] surfing rules" at any time.

6.    Any and all DOCUMENTS that support your contention that BLAKE BRANTMAN has illegally extorted money from beachgoers who wish to use Lunada Bay for recreational purposes.  (See paragraph 33 j. of the Complaint.)

7.    Any and all DOCUMENTS that support your contention that BLAKE BRANTMAN was a part of a Civil Conspiracy as identified in your complaint in paragraphs 51 through 53.

8.    Any and all DOCUMENTS that support plaintiffs' First Cause of Action in the Complaint (Bane Act Violations) against BRANT BLAKEMAN.

9.    Any and all DOCUMENTS that support plaintiffs' Second Cause of Action in the Complaint (Public Nuisance) against BRANT BLAKEMAN.

10.    Any and all DOCUMENTS that support plaintiffs' Sixth Cause of Action in the Complaint (Assault) against BRANT BLAKEMAN.

11.    Any and all DOCUMENTS that support plaintiffs' Seventh Cause of Action in the Complaint (Battery) against BRANT BLAKEMAN.

/ / /
/ / /
/ / /
/ / /
/ / /

- 6 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

1    12.   Any and all DOCUMENTS that support plaintiffs' Eighth Cause of

2   Action in the Complaint (Negligence) against BRANT BLAKEMAN.

3

4

5   DATED:  September 16, 2016                    **VEATCH CARLSON, LLP**

6

7

8                                          By: _____

9                                               **ROBERT T. MACKEY**
                                                 **PETER H. CROSSIN**
                                                 **RICHARD P. DIEFFENBACH**
10                                               Attorneys for **Defendant BRANT**
                                                 **BLAKEMAN**
11

12

13   I:\WP\01008018\DISC-RFP TO CORY SPENCER SET ONE.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        - 7 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

127

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

      On September 16, 2016 I served the foregoing document described as **REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF CORY SPENCER (SET ONE)** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Victor Otten, Esq.
Kavita Tekchandani, Esq.
OTTEN LAW PC
3620 Pacific Coast Highway, #100
Torrance, CA 90505
Telephone: (310) 378-8533
Facsimile: (310) 347-422
Attorneys for **Plaintiffs**

\_\_\_\_\_   **BY MAIL** (C.C.P. §§ 1013a, *et seq.*): I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_\_   **ELECTRONIC MAIL SERVICE** I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP business practices for electronic service. :

<u>X</u>\_\_\_\_   **BY PERSONAL SERVICE** (C.C.P. §§ 1011, *et seq.*): I delivered such envelope(s) by hand to the offices of the addressee(s).

\_\_\_\_\_   **BY FACSIMILE TRANSMISSION** from Facsimile No. (213) 383-6370 to the fax numbers listed below. The facsimile machine I used complied with Court Rule 2.306. Pursuant to Rule 2.306, I caused the machine to print a transmission confirmation report that showed the document was transmitted complete and without error and a copy is attached.

\_\_\_\_\_   **BY EXPRESS MAIL** (C.C.P. §§ 1013(c)(d), *et seq.*): I caused said document(s) to be deposited with an express service carrier in a sealed envelope designed by the carrier as an express mail envelope, with fees and postage prepaid.

\_\_\_\_\_   **BY REGISTERED MAIL** (C.C.P. §§ 1020, *et seq.*): I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by the addressee that said documents were received.

\_\_\_\_\_   **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

<u>X</u>\_\_\_\_   **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 16, 2016 at Los Angeles, California.

ANDREA DONA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

On September 16, 2016 I served the foregoing document described as **REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF CORY SPENCER (SET ONE)** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

X____ **BY MAIL** (C.C.P. §§ 1013a, *et seq.*): I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ **ELECTRONIC MAIL SERVICE** I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP business practices for electronic service. :

_____ **BY PERSONAL SERVICE** (C.C.P. §§ 1011, *et seq.*): I delivered such envelope(s) by hand to the offices of the addressee(s).

_____ **BY FACSIMILE TRANSMISSION** from Facsimile No. (213) 383-6370 to the fax numbers listed below. The facsimile machine I used complied with Court Rule 2.306. Pursuant to Rule 2.306, I caused the machine to print a transmission confirmation report that showed the document was transmitted complete and without error and a copy is attached.

_____ **BY EXPRESS MAIL** (C.C.P. §§ 1013(c)(d), *et seq.*): I caused said document(s) to be deposited with an express service carrier in a sealed envelope designed by the carrier as an express mail envelope, with fees and postage prepaid.

_____ **BY REGISTERED MAIL** (C.C.P. §§ 1020, *et seq.*): I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by the addressee that said documents were received.

_____ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X____ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 16, 2016 at Los Angeles, California.

_____
ANDREA DONA

130

**SERVICE LIST**
*Cory Spencer, et al v. Lunada Bay Boys, et al.*
**USDC, Central District, Western Division Case No.: 2:16-cv-02129-SJO (RAOx)**

| | |
|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (415) 442-3200<br>Facsimile: (415) 541-9366<br><br>Email: kfranklin@hansonbridgett.com<br>Email: swolff@hansonbridgett.com<br>Email: clee@hansonbridgett.com |
| Tyson M. Shower, Esq.<br>Landon D. Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (916) 442-3333<br>Facsimile: (916) 442-2348<br><br>Email: tshower@hansonbridgett.com |
| Edwin J. Richards, Esq.<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine, CA 992614-8595 | Attorneys for Defendants<br>**CITY OF PALOS VERDES ESTATES and CHIEF OF POLICE JEFF KEPLY**<br><br>Telephone: (949) 417-0999<br>Facsimile: (949) 417-5394<br><br>Email: ed.richards@kutakrock.com<br>Email: jacob.song@kutakrock.com |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**ALAN JOHNSTON aka JALIAN JOHNSTON**<br><br>Telephone: (310) 526-2237<br>Facsimile: (310) 526-2237<br><br>Email: pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |
| Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**MICHAEL RAY PAPAYANS**<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br><br>Email: peter@hblwfirm.us<br>Email: peter@havenlaw.com |

131

| | | |
|---|---|---|
| 1 | Mark C. Fields<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants<br>**ANGELO FERRARA; N.F. appearing**<br>**through [Proposed] Guardian Ad Litem,**<br>**Leonora Ferrara Attorney for Petitioner**<br><br>Telephone: (213) 948-2349<br>Facsimile:  (213) 629-4520<br><br>Email: fields@markfieldslaw.com |
| 6 | Thomas M. Phillips, Esq.<br>Aaron G. Miller<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant<br>**ANGELO FERRARA**<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br><br>Email: tphillips@thephillipsfirm.com |
| 11 | Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tara Lutz, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Attorney for Defendant<br>**SANG LEE**<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900<br><br>Email: Dana.Fox@lewisbrisbois.com<br>Email: Edward.Ward@lewisbrisbois.com<br>Email: Eric.Kizirian@lewisbrisbois.com<br>Email:  Tera.Lutz@lewisbrisbois.com |
| 16 | Laura Bell, Esq.<br>William Lock, Esq.<br>BREMER WHYTE BROWN & O'MEARA, LLP<br>21271 Burbank Blvd., Suite 110<br>Woodland Hills, CA 91367 | Attorney for Defendants,<br>**FRANK FERRARA and CHARLIE**<br>**FERRARA**<br><br>Telephone: (818) 712-9800<br>Facsimile:  (818) 712-9900<br><br>Email: lbell@bremerwhyte.com<br>Email: wlocke@bremerwhyte.com |
| 22 | Daniel M. Crowley, Esq.<br>BOOTH, MITCHEL & STRANGE LLP<br>707 Wilshire Blvd., Suite 4450<br>Los Angeles, CA  90017 | Telephone:  (213) 738-0100<br>Facsimile:  (213) 380-3308<br><br>Email: |

132

1       V E A T C H  C A R L S O N, LLP

      A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
2       1055 WILSHIRE BOULEVARD, 11TH FLOOR
       LOS ANGELES, CALIFORNIA 90017
3       TELEPHONE (213) 381-2861
       FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

4  **ROBERT T. MACKEY, State Bar No. 210810**
    **rmackey@veatchfirm.com**
5  **PETER H. CROSSIN, State Bar No. 163189**
    **pcrossin@veatchfirm.com**
6  **RICHARD P. DIEFFENBACH, State Bar No. 102663**
    **rdieffenbach@veatchfirm.com**
7

8  Attorneys for Defendant, **BRANT BLAKEMAN**

9           **UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

11

| | |
|---|---|
| 12  CORY SPENCER, an individual; | **CASE NO.: 2:16-CV-2129-SJO-RAO** |
| 13  DIANA MILENA REED, an individual; and COASTAL PROTECTION | Assigned to Courtroom: 1 The Hon. S. James Otero |
| 14  RANGERS, INC., a California non-profit public benefit corporation, | |
| 15          Plaintiffs, | **REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DIANA MILENA REED (SET ONE)** |
| 16      vs. | |
| 17  LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE | |
| 18  LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT | |
| 19  BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE | |
| 20  PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE | |
| 21  FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF | |
| 22  POLICE JEFF KEPLEY, in his representative capacity; and DOES | |
| 23  1-10, | |
| 24          Defendants. | |

25

26                                                    .

27  / / /

28  / / /

- 1 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

133

PROPOUNDING PARTY:     BRANT BLAKEMAN

RESPONDING PARTY :     DIANA MILENA REED

SET NO.                :     ONE

TO PLAINTIFF DIANA MILENA REED, AND TO HER ATTORNEYS OF RECORD:  Defendant BRANT BLAKEMAN requests that you respond to the requests and produce the documents requested under oath, pursuant to Federal Rules of Civil Procedure Rule 34 et seq. within thirty (30) days.  Pursuant to Rule 34, the requests must be answered by the party to whom they are directed; or if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.  The responding party must serve its answers and any objections within 30 days after being served with the requests.

(A) Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served.

(B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

(C) Objections. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must

- 2 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

specify the part and permit inspection of the rest.

(D) Responding to a Request for Production of Electronically Stored Information. The response may state an objection to a requested form for producing electronically stored information. If the responding party objects to a requested form—or if no form was specified in the request—the party must state the form or forms it intends to use.

(E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

(i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

(ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

(iii) A party need not produce the same electronically stored information in more than one form.

Your answers to these requests must be verified, dated, and signed.  You may wish to use the following form at the end of your answers:

"I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing answers are true and correct.

Date                                        Signature"

- 3 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

## DEFINITIONS

YOU or YOUR means the responding party to these requests.

YOU OR ANYONE ACTING ON YOUR BEHALF includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone eles acting on your behalf.

BRANT BLAKEMAN means only Brant Blakeman in his individual capacity. This definition expressly excludes Brant Blakeman as an alleged member of what plaintiff alleges are the "Lunada Bay Boys." This definition expressly excludes the actions or omissions of any other PERSON other than Brant Blakeman in his individual capacity. This definition expressly excludes acts of PERSONS other than Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil Conspiracy.

ADDRESS means the street address, including the city, state, and Zip code.

PERSON includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

DOCUMENT or WRITING is meant to includes the term "document" as used in Federal Rule of Civil Procedure Rule 34, and "writing, recording, photograph, original, and or duplicate" as such terms are defined in Federal Rules of Evidence Rule 1001, and as the term "writing" as is defined in California Evidence Code section 250, which states "'Writing' means handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored."

IDENTIFY means to provide the name ADDRESS and telephone number or

- 4 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

1  sufficient information so that a PERSON or things may be subpoenaed and/or located
2  by a party.

3      IDENTIFY ALL DOCUMENTS means all documents known to the party
4  responding to the interrogatory or to that person's representatives, and without
5  limitation includes providing all ADDRESSES where the WRITING(S) are located so
6  that they can be subpoenaed for production and IDENTIFYING ALL PERSONS in
7  possession, custody, or control of the documents, or who has knowledge of the
8  location of such documents.

9      IDENTIFY ALL PERSONS means all persons known to the party responding
10  to the interrogatory or to that person's representatives, and without limitation includes
11  providing the current or last known ADDRESS and telephone number, and electronic
12  mail address in order to contact and subpoena such PERSON(S).

13

14              **DOCUMENT REQUESTS**

15  Please identify and produce:

16      1.    Any and all DOCUMENTS that support your contention that any
17  BRANT BLAKEMAN participated in any way in the "commission of enumerated
18  'predicate crimes'" as alleged in paragraph 5 of the Complaint.

19

20      2.    Any and all DOCUMENTS that support your contention in paragraph 7
21  of the Complaint that BRANT BLAKEMAN "is responsible in some manner for the
22  Bane Act violations and public nuisance described in the Complaint."

23

24      3.    Any and all DOCUMENTS that support your contention in paragraph 18
25  of the Complaint that BRANT BLAKEMAN "sell[s] market[s] and use[s] illegal
26  controlled substances from the Lunada Bay Bluffs and the Rock Fort."

27

28      4.    Any and all DOCUMENTS that support your contention in paragraph 18

- 5 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

1   of the Complaint that BLAKE BRANTMAN  "impede[d] boat traffic" at any time.

2

3       5.      Any and all DOCUMENTS that support your contention in paragraph 18

4   of the Complaint that BLAKE BRANTMAN "dangerously disregard[ed] surfing

5   rules" at any time.

6

7       6.      Any and all DOCUMENTS that support your contention that BLAKE

8   BRANTMAN has illegally extorted money from beachgoers who wish to use Lunada

9   Bay for recreational purposes.  (See paragraph 33 j. of the Complaint.)

10

11      7.      Any and all DOCUMENTS that support your contention that BLAKE

12  BRANTMAN was a part of a Civil Conspiracy as identified in your complaint in

13  paragraphs 51 through 53.

14

15      8.      Any and all DOCUMENTS that support plaintiffs' First Cause of Action

16  in the Complaint (Bane Act Violations) against BRANT BLAKEMAN.

17

18      9.      Any and all DOCUMENTS that support plaintiffs' Second Cause of

19  Action in the Complaint (Public Nuisance) against BRANT BLAKEMAN.

20

21      10.     Any and all DOCUMENTS that support plaintiffs' Sixth Cause of Action

22  in the Complaint (Assault) against BRANT BLAKEMAN.

23

24      11.     Any and all DOCUMENTS that support plaintiffs' Seventh Cause of

25  Action in the Complaint (Battery) against BRANT BLAKEMAN.

26  / / /

27  / / /

28  / / /

- 6 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

1     12.    Any and all DOCUMENTS that support plaintiffs' Eighth Cause of

2  Action in the Complaint (Negligence) against BRANT BLAKEMAN.

3

4  DATED:  September 16, 2016          **VEATCH CARLSON, LLP**

5

6

7                           By:     **ROBERT T. MACKEY**

8                                   **PETER H. CROSSIN**

9                                 **RICHARD P. DIEFFENBACH**
                             Attorneys for **Defendant BRANT**
                             **BLAKEMAN**

10

11

12  I:\WP\01008018\DISC-RFP TO DIANA REED SET ONE.wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

     On September 16, 2016 I served the foregoing document described as **REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DIANA MILENA REED (SET ONE)** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Victor Otten, Esq.
Kavita Tekchandani, Esq.
OTTEN LAW PC
3620 Pacific Coast Highway, #100
Torrance, CA 90505
Telephone: (310) 378-8533
Facsimile: (310) 347-422
Attorneys for **Plaintiffs**

_____ **BY MAIL** (C.C.P. §§ 1013a, *et seq.*):  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ **ELECTRONIC MAIL SERVICE** I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP business practices for electronic service. :

_X_ **BY PERSONAL SERVICE** (C.C.P. §§ 1011, *et seq.*):  I delivered such envelope(s) by hand to the offices of the addressee(s).

_____ **BY FACSIMILE TRANSMISSION** from Facsimile No. (213) 383-6370 to the fax numbers listed below.  The facsimile machine I used complied with Court Rule 2.306. Pursuant to Rule 2.306, I caused the machine to print a transmission confirmation report that showed the document was transmitted complete and without error and a copy is attached.

_____ **BY EXPRESS MAIL** (C.C.P. §§ 1013(c)(d), *et seq.*):  I caused said document(s) to be deposited with an express service carrier in a sealed envelope designed by the carrier as an express mail envelope, with fees and postage prepaid.

_____ **BY REGISTERED MAIL** (C.C.P. §§ 1020, *et seq.*):  I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by the addressee that said documents were received.

_____ **STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_ **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 16, 2016 at Los Angeles, California.

ANDREA DONA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

      On September 16, 2016 I served the foregoing document described as **REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF DIANA MILENA REED (SET ONE)** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

<u> X </u>     **BY MAIL** (C.C.P. §§ 1013a, *et seq.*):  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

           **ELECTRONIC MAIL SERVICE** I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP business practices for electronic service. :

           **BY PERSONAL SERVICE** (C.C.P. §§ 1011, *et seq.*):  I delivered such envelope(s) by hand to the offices of the addressee(s).

           **BY FACSIMILE TRANSMISSION** from Facsimile No. (213) 383-6370 to the fax numbers listed below.  The facsimile machine I used complied with Court Rule 2.306.  Pursuant to Rule 2.306, I caused the machine to print a transmission confirmation report that showed the document was transmitted complete and without error and a copy is attached.

           **BY EXPRESS MAIL** (C.C.P. §§ 1013(c)(d), *et seq.*):  I caused said document(s) to be deposited with an express service carrier in a sealed envelope designed by the carrier as an express mail envelope, with fees and postage prepaid.

           **BY REGISTERED MAIL** (C.C.P. §§ 1020, *et seq.*):  I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by the addressee that said documents were received.

           **STATE:**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

<u> X </u>     **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

      Executed on September 16, 2016 at Los Angeles, California.

*[signature]*

ANDREA DONA

142

**SERVICE LIST**
*Cory Spencer, et al v. Lunada Bay Boys, et al.*
**USDC, Central District, Western Division Case No.: 2:16-cv-02129-SJO (RAOx)**

| | |
|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (415) 442-3200<br>Facsimile: (415) 541-9366<br><br>Email: kfranklin@hansonbridgett.com<br>Email: swolff@hansonbridgett.com<br>Email: clee@hansonbridgett.com |
| Tyson M. Shower, Esq.<br>Landon D. Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (916) 442-3333<br>Facsimile: (916) 442-2348<br><br>Email: tshower@hansonbridgett.com |
| Edwin J. Richards, Esq.<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine, CA 992614-8595 | Attorneys for Defendants<br>**CITY OF PALOS VERDES ESTATES and<br>CHIEF OF POLICE JEFF KEPLY**<br><br>Telephone: (949) 417-0999<br>Facsimile: (949) 417-5394<br><br>Email: ed.richards@kutakrock.com<br>Email: jacob.song@kutakrock.com |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**ALAN JOHNSTON aka JALIAN<br>JOHNSTON**<br><br>Telephone: (310) 526-2237<br>Facsimile: (310) 526-2237<br><br>Email: pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |
| Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**MICHAEL RAY PAPAYANS**<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br><br>Email: peter@hblwfirm.us<br>Email: peter@havenlaw.com |

143

| | |
|---|---|
| Mark C. Fields<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants<br>**ANGELO FERRARA; N.F. appearing through [Proposed] Guardian Ad Litem, Leonora Ferrara Attorney for Petitioner**<br><br>Telephone: (213) 948-2349<br>Facsimile:  (213) 629-4520<br><br>Email: fields@markfieldslaw.com |
| Thomas M. Phillips, Esq.<br>Aaron G. Miller<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant<br>**ANGELO FERRARA**<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br><br>Email: tphillips@thephillipsfirm.com |
| Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tara Lutz, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Attorney for Defendant<br>**SANG LEE**<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900<br><br>Email: Dana.Fox@lewisbrisbois.com<br>Email: Edward.Ward@lewisbrisbois.com<br>Email: Eric.Kizirian@lewisbrisbois.com<br>Email:  Tera.Lutz@lewisbrisbois.com |
| Laura Bell, Esq.<br>William Lock, Esq.<br>BREMER WHYTE BROWN & O'MEARA, LLP<br>21271 Burbank Blvd., Suite 110<br>Woodland Hills, CA 91367 | Attorney for Defendants,<br>**FRANK FERRARA and CHARLIE FERRARA**<br><br>Telephone: (818) 712-9800<br>Facsimile:  (818) 712-9900<br><br>Email: lbell@bremerwhyte.com<br>Email: wlocke@bremerwhyte.com |
| Daniel M. Crowley, Esq.<br>BOOTH, MITCHEL & STRANGE LLP<br>707 Wilshire Blvd., Suite 4450<br>Los Angeles, CA  90017 | Telephone:  (213) 738-0100<br>Facsimile: (213) 380-3308<br><br>Email: |

144

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

**ROBERT T. MACKEY, State Bar No. 210810**
rmackey@veatchfirm.com
**PETER H. CROSSIN, State Bar No. 163189**
pcrossin@veatchfirm.com
**RICHARD P. DIEFFENBACH, State Bar No. 102663**
rdieffenbach@veatchfirm.com

Attorneys for Defendant, **BRANT BLAKEMAN**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>　　　　　　　Defendants. | **CASE NO.: 2:16-CV-2129-SJO-RAO**<br>Assigned to Courtroom: 1<br>The Hon. S. James Otero<br><br>**REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF COASTAL PROTECTION RANGERS, INC. (SET ONE)** |

/ / /

/ / /

- 1 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

145

PROPOUNDING PARTY:    BRANT BLAKEMAN

RESPONDING PARTY :    COASTAL PROTECTION RANGERS, INC.,

SET NO.            :    ONE

     TO PLAINTIFF COASTAL PROTECTION RANGERS, INC., AND TO ITS ATTORNEYS OF RECORD:  Defendant BRANT BLAKEMAN requests that you respond to the requests and produce the documents requested under oath, pursuant to Federal Rules of Civil Procedure Rule 34 et seq. within thirty (30) days.  Pursuant to Rule 34, the requests must be answered by the party to whom they are directed; or if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.  The responding party must serve its answers and any objections within 30 days after being served with the requests.

     (A) Time to Respond. The party to whom the request is directed must respond in writing within 30 days after being served.

     (B) Responding to Each Item. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

     (C) Objections. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must

- 2 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

1    specify the part and permit inspection of the rest.

2

3       (D) Responding to a Request for Production of Electronically Stored

4    Information. The response may state an objection to a requested form for producing

5    electronically stored information. If the responding party objects to a requested

6    form—or if no form was specified in the request—the party must state the form or

7    forms it intends to use.

8

9       (E) Producing the Documents or Electronically Stored Information. Unless

10   otherwise stipulated or ordered by the court, these procedures apply to producing

11   documents or electronically stored information:

12

13          (i) A party must produce documents as they are kept in the usual course

14   of business or must organize and label them to correspond to the categories in the

15   request;

16

17          (ii) If a request does not specify a form for producing electronically

18   stored information, a party must produce it in a form or forms in which it is ordinarily

19   maintained or in a reasonably usable form or forms; and

20

21          (iii) A party need not produce the same electronically stored information

22   in more than one form.

23       Your answers to these requests must be verified, dated, and signed.  You may

24   wish to use the following form at the end of your answers:

25       "I declare under penalty of perjury under the laws of the United States and the

26   State of California that the foregoing answers are true and correct.

27          Date                                    Signature"

28

- 3 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

## DEFINITIONS

YOU or YOUR means the responding party to these requests.

YOU OR ANYONE ACTING ON YOUR BEHALF includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone eles acting on your behalf.

BRANT BLAKEMAN means only Brant Blakeman in his individual capacity. This definition expressly excludes Brant Blakeman as an alleged member of what plaintiff alleges are the "Lunada Bay Boys." This definition expressly excludes the actions or omissions of any other PERSON other than Brant Blakeman in his individual capacity. This definition expressly excludes acts of PERSONS other than Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil Conspiracy.

ADDRESS means the street address, including the city, state, and Zip code.

PERSON includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

DOCUMENT or WRITING is meant to includes the term "document" as used in Federal Rule of Civil Procedure Rule 34, and "writing, recording, photograph, original, and or duplicate" as such terms are defined in Federal Rules of Evidence Rule 1001, and as the term "writing" as is defined in California Evidence Code section 250, which states "'Writing' means handwriting, typewriting, printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored."

IDENTIFY means to provide the name ADDRESS and telephone number or

- 4 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

1  sufficient information so that a PERSON or things may be subpoenaed and/or located
2  by a party.

3          IDENTIFY ALL DOCUMENTS means all documents known to the party
4  responding to the interrogatory or to that person's representatives, and without
5  limitation includes providing all ADDRESSES where the WRITING(S) are located so
6  that they can be subpoenaed for production and IDENTIFYING ALL PERSONS in
7  possession, custody, or control of the documents, or who has knowledge of the
8  location of such documents.

9          IDENTIFY ALL PERSONS means all persons known to the party responding
10  to the interrogatory or to that person's representatives, and without limitation includes
11  providing the current or last known ADDRESS and telephone number, and electronic
12  mail address in order to contact and subpoena such PERSON(S).

13

14                          **DOCUMENT REQUESTS**

15  Please identify and produce:

16          1.      Any and all DOCUMENTS that support your contention that any
17  BRANT BLAKEMAN participated in any way in the "commission of enumerated
18  'predicate crimes'" as alleged in paragraph 5 of the Complaint.

19

20          2.      Any and all DOCUMENTS that support your contention in paragraph 7
21  of the Complaint that BRANT BLAKEMAN "is responsible in some manner for the
22  Bane Act violations and public nuisance described in the Complaint."

23

24          3.      Any and all DOCUMENTS that support your contention in paragraph 18
25  of the Complaint that BRANT BLAKEMAN "sell[s] market[s] and use[s] illegal
26  controlled substances from the Lunada Bay Bluffs and the Rock Fort."

27

28          4.      Any and all DOCUMENTS that support your contention in paragraph 18

---

                          - 5 -

          **REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

1  of the Complaint that BLAKE BRANTMAN  "impede[d] boat traffic" at any time.

2

3      5.      Any and all DOCUMENTS that support your contention in paragraph 18

4  of the Complaint that BLAKE BRANTMAN "dangerously disregard[ed] surfing

5  rules" at any time.

6

7      6.      Any and all DOCUMENTS that support your contention that BLAKE

8  BRANTMAN has illegally extorted money from beachgoers who wish to use Lunada

9  Bay for recreational purposes.  (See paragraph 33 j. of the Complaint.)

10

11     7.      Any and all DOCUMENTS that support your contention that BLAKE

12  BRANTMAN was a part of a Civil Conspiracy as identified in your complaint in

13  paragraphs 51 through 53.

14

15     8.      Any and all DOCUMENTS that support plaintiffs' First Cause of Action

16  in the Complaint (Bane Act Violations) against BRANT BLAKEMAN.

17

18     9.      Any and all DOCUMENTS that support plaintiffs' Second Cause of

19  Action in the Complaint (Public Nuisance) against BRANT BLAKEMAN.

20

21     10.     Any and all DOCUMENTS that support plaintiffs' Sixth Cause of Action

22  in the Complaint (Assault) against BRANT BLAKEMAN.

23

24     11.     Any and all DOCUMENTS that support plaintiffs' Seventh Cause of

25  Action in the Complaint (Battery) against BRANT BLAKEMAN.

26  / / /

27  / / /

28  / / /

- 6 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

150

1     12.    Any and all DOCUMENTS that support plaintiffs' Eighth Cause of

2  Action in the Complaint (Negligence) against BRANT BLAKEMAN.

3

4

5  DATED:  September 16, 2016                    **VEATCH CARLSON, LLP**

6

7

8                                         By: _____
                                               **ROBERT T. MACKEY**
9                                              **PETER H. CROSSIN**
                                               **RICHARD P. DIEFFENBACH**
10                                             Attorneys for **Defendant BRANT**
                                               **BLAKEMAN**
11

12

13  I:\WP\01008018\DISC-request for production to coastal rangers set one.wpd

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -

**REQUESTS FOR PRODUCTION TO PLAINTIFF (SET ONE)**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

     On September 16, 2016 I served the foregoing document described as **REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF COASTAL PROTECTION RANGERS, INC. (SET ONE)** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Victor Otten, Esq.<br/>
Kavita Tekchandani, Esq.<br/>
OTTEN LAW PC<br/>
3620 Pacific Coast Highway, #100<br/>
Torrance, CA 90505<br/>
Telephone: (310) 378-8533<br/>
Facsimile: (310) 347-422<br/>
Attorneys for **Plaintiffs**

\_\_\_\_\_  **BY MAIL** (C.C.P. §§ 1013a, *et seq.*):  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

\_\_\_\_\_  **ELECTRONIC MAIL SERVICE** I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP business practices for electronic service. :

_X_\_\_\_  **BY PERSONAL SERVICE** (C.C.P. §§ 1011, *et seq.*):  I delivered such envelope(s) by hand to the offices of the addressee(s).

\_\_\_\_\_  **BY FACSIMILE TRANSMISSION** from Facsimile No. (213) 383-6370 to the fax numbers listed below.  The facsimile machine I used complied with Court Rule 2.306.  Pursuant to Rule 2.306, I caused the machine to print a transmission confirmation report that showed the document was transmitted complete and without error and a copy is attached.

\_\_\_\_\_  **BY EXPRESS MAIL** (C.C.P. §§ 1013(c)(d), *et seq.*):  I caused said document(s) to be deposited with an express service carrier in a sealed envelope designed by the carrier as an express mail envelope, with fees and postage prepaid.

\_\_\_\_\_  **BY REGISTERED MAIL** (C.C.P. §§ 1020, *et seq.*):  I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by the addressee that said documents were received.

\_\_\_\_\_  **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_X_\_\_\_  **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

:2430

Executed on September 16, 2016 at Los Angeles, California.



ANDREA DONA

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

On September 16, 2016 I served the foregoing document described as **REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF COASTAL PROTECTION RANGERS, INC. (SET ONE)** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

X  **BY MAIL** (C.C.P. §§ 1013a, *et seq.*)**:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ **ELECTRONIC MAIL SERVICE** I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP business practices for electronic service. :

_____ **BY PERSONAL SERVICE** (C.C.P. §§ 1011, *et seq.*)**:** I delivered such envelope(s) by hand to the offices of the addressee(s).

_____ **BY FACSIMILE TRANSMISSION** from Facsimile No. (213) 383-6370 to the fax numbers listed below. The facsimile machine I used complied with Court Rule 2.306. Pursuant to Rule 2.306, I caused the machine to print a transmission confirmation report that showed the document was transmitted complete and without error and a copy is attached.

_____ **BY EXPRESS MAIL** (C.C.P. §§ 1013(c)(d), *et seq.*)**:** I caused said document(s) to be deposited with an express service carrier in a sealed envelope designed by the carrier as an express mail envelope, with fees and postage prepaid.

_____ **BY REGISTERED MAIL** (C.C.P. §§ 1020, *et seq.*)**:** I caused said document(s) to be deposited with the United States Mail, postage prepaid, return receipt requested, signed by the addressee that said documents were received.

_____ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X  **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 16, 2016 at Los Angeles, California.

_____
ANDREA DONA

154

SERVICE LIST
*Cory Spencer, et al v. Lunada Bay Boys, et al.*
**USDC, Central District, Western Division Case No.: 2:16-cv-02129-SJO (RAOx)**

| | |
|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (415) 442-3200<br>Facsimile: (415) 541-9366<br><br>Email: kfranklin@hansonbridgett.com<br>Email: swolff@hansonbridgett.com<br>Email: clee@hansonbridgett.com |
| Tyson M. Shower, Esq.<br>Landon D. Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (916) 442-3333<br>Facsimile: (916) 442-2348<br><br>Email: tshower@hansonbridgett.com |
| Edwin J. Richards, Esq.<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine, CA 992614-8595 | Attorneys for Defendants<br>**CITY OF PALOS VERDES ESTATES and CHIEF OF POLICE JEFF KEPLY**<br><br>Telephone: (949) 417-0999<br>Facsimile: (949) 417-5394<br><br>Email: ed.richards@kutakrock.com<br>Email: jacob.song@kutakrock.com |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**ALAN JOHNSTON aka JALIAN JOHNSTON**<br><br>Telephone: (310) 526-2237<br>Facsimile: (310) 526-2237<br><br>Email: pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |
| Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**MICHAEL RAY PAPAYANS**<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br><br>Email: peter@hblwfirm.us<br>Email: peter@havenlaw.com |

155

| | |
|---|---|
| Mark C. Fields<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants<br>**ANGELO FERRARA; N.F. appearing**<br>**through [Proposed] Guardian Ad Litem,**<br>**Leonora Ferrara Attorney for Petitioner**<br><br>Telephone: (213) 948-2349<br>Facsimile: (213) 629-4520<br><br>Email: fields@markfieldslaw.com |
| Thomas M. Phillips, Esq.<br>Aaron G. Miller<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant<br>**ANGELO FERRARA**<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br><br>Email: tphillips@thephillipsfirm.com |
| Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tara Lutz, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Attorney for Defendant<br>**SANG LEE**<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900<br><br>Email: Dana.Fox@lewisbrisbois.com<br>Email: Edward.Ward@lewisbrisbois.com<br>Email: Eric.Kizirian@lewisbrisbois.com<br>Email: Tera.Lutz@lewisbrisbois.com |
| Laura Bell, Esq.<br>William Lock, Esq.<br>BREMER WHYTE BROWN & O'MEARA, LLP<br>21271 Burbank Blvd., Suite 110<br>Woodland Hills, CA 91367 | Attorney for Defendants,<br>**FRANK FERRARA and CHARLIE**<br>**FERRARA**<br><br>Telephone: (818) 712-9800<br>Facsimile: (818) 712-9900<br><br>Email: lbell@bremerwhyte.com<br>Email: wlocke@bremerwhyte.com |
| Daniel M. Crowley, Esq.<br>BOOTH, MITCHEL & STRANGE LLP<br>707 Wilshire Blvd., Suite 4450<br>Los Angeles, CA 90017 | Telephone: (213) 738-0100<br>Facsimile: (213) 380-3308<br><br>Email: |

156

# EXHIBIT 9

1 | HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
2 | kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
3 | swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
4 | clee@hansonbridgett.com
425 Market Street, 26th Floor
5 | San Francisco, California 94105
Telephone: (415) 777-3200
6 | Facsimile:  (415) 541-9366

7 | HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
8 | tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
9 | lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
10 | Sacramento, California 95814
Telephone: (916) 442-3333
11 | Facsimile:  (916) 442-2348

12 | OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
13 | vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
14 | kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
15 | Torrance, California 90505
Telephone: (310) 378-8533
16 | Facsimile:  (310) 347-4225

17 | Attorneys for Plaintiffs CORY
SPENCER, DIANA MILENA REED,
18 | and COASTAL PROTECTION
RANGERS, INC.

19 |

20 | **UNITED STATES DISTRICT COURT**

21 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

22 |

23 | CORY SPENCER, an individual;
DIANA MILENA REED, an
24 | individual; and COASTAL
PROTECTION RANGERS, INC., a
25 | California non-profit public benefit
corporation,
26 |

27 |
Plaintiffs,

28 |

12768940.1

**CASE NO. 2:16-cv-02129-SJO (RAOx)**

**PLAINTIFF CORY SPENCER'S RESPONSE TO INTERROGATORIES, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN**

1     v.

2

3  LUNADA BAY BOYS; THE
   INDIVIDUAL MEMBERS OF THE
4  LUNADA BAY BOYS, including,
   but not limited to, SANG LEE,
5  BRANT BLAKEMAN, ALAN
6  JOHNSTON AKA JALIAN
   JOHNSTON, MICHAEL RAE
7  PAPAYANS, ANGELO FERRARA,
   FRANK FERRARA, CHARLIE
8  FERRARA, and N. F.; CITY OF
9  PALOS VERDES ESTATES;
   CHIEF OF POLICE JEFF
10 KEPLEY, in his representative
11 capacity; and DOES 1-10,
12
13      Defendants.

14

15 **PROPOUNDING PARTY:Defendant BRANT BLAKEMAN**

16 **RESPONDING PARTY:   Plaintiff CORY SPENCER**

17 **SET NO.:            One**

18      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff

19 CORY SPENCER ("Responding Party") hereby submits these objections

20 and responses to Interrogatories, Set One, propounded by Defendant

21 BRANT BLAKEMAN ("Propounding Party").

22                **<u>PRELIMINARY STATEMENT</u>**

23      Nothing in this response should be construed as an admission by

24 Responding Party with respect to the admissibility or relevance of any fact,

25 or of the truth or accuracy of any characterization or statement of any kind

26 contained in Propounding Party's Interrogatories. Responding Party has not

27 completed its investigation of the facts relating to this case, its discovery or

28 its preparation for trial. All responses and objections contained herein are

12768940.1            -2-            2:16-cv-02129-SJO (RAOx)
PLAINTIFF CORY SPENCER'S RESPONSE TO INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

158

1   based only upon information that is presently available to and specifically

2   known by Responding Party. It is anticipated that further discovery,

3   independent investigation, legal research and analysis will supply additional

4   facts and add meaning to known facts, as well as establish entirely new

5   factual conclusions and legal contentions, all of which may lead to

6   substantial additions to, changes in and variations from the responses set

7   forth herein. The following objections and responses are made without

8   prejudice to Responding Party's right to produce at trial, or otherwise,

9   evidence regarding any subsequently discovered information. Responding

10   Party accordingly reserves the right to modify and amend any and all

11   responses herein as research is completed and contentions are made.

12                    **RESPONSES TO INTERROGATORIES**

13   **INTERROGATORY NO. 1:**

14           IDENTIFY ALL PERSONS that have knowledge of any facts that

15   support your contention that BRANT BLAKEMAN participated in any way in

16   the "commission of enumerated 'predicate crimes'" as alleged in paragraph

17   5 of the Complaint, and for each such PERSON identified state all facts you

18   contend are within that PERSON's knowledge.

19   **RESPONSE TO INTERROGATORY NO. 1:**

20           Responding Party objects to this interrogatory as unduly burdensome,

21   harassing, and duplicative of information disclosed in Responding Party's

22   Rule 26(a) disclosures and supplemental disclosures. Propounding Party

23   may look to Responding Party's Rule 26(a) disclosures and supplemental

24   disclosures for the information sought by this interrogatory.  Moreover,

25   Responding Party had the opportunity to depose Mr. Spencer on this topic.

26           Responding Party further objects to this interrogatory as compound.

27   This "interrogatory" contains multiple impermissible subparts, which

28   Propounding Party has propounded in an effort to circumvent the numerical

12768940.1                                    -3-                      2:16-cv-02129-SJO (RAOx)
PLAINTIFF CORY SPENCER'S RESPONSE TO INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

159

1   limitations on interrogatories provided by Federal Rule of Civil Procedure
2   33(a)(1).

3         Responding Party further objects to this interrogatory on the grounds
4   that it seeks information that is outside of Responding Party's knowledge.

5         Responding Party further objects to the extent that this interrogatory
6   invades attorney-client privilege and/or violates the work product doctrine by
7   compelling Responding Party to disclose privileged communications and/or
8   litigation strategy.  Responding Party will not provide any such information.

9         Responding Party further objects to this interrogatory as premature.
10  Because this interrogatory seeks or necessarily relies upon a contention,
11  and because this matter is in its early stages and pretrial discovery has only
12  just begun, Responding Party is unable to provide a complete response at
13  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
14  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
15  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
16  *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
17  interrogatory need not be answered until designated discovery is complete,
18  or until a pretrial conference or some other time.").

19        Based upon the foregoing objections, Responding Party will not
20  respond to this interrogatory at this time.

21  **INTERROGATORY NO. 2:**

22        IDENTIFY ALL PERSONS that have knowledge of any facts that
23  support your contention in paragraph 7 of the Complaint that BRANT
24  BLAKEMAN "is responsible in some manner for the Bane Act violations and
25  public nuisance described in the Complaint" and for each such PERSON
26  identified state all facts you contend are within that PERSON's knowledge.

27  **RESPONSE TO INTERROGATORY NO. 2:**

28        Responding Party objects to this interrogatory as unduly burdensome,

12768940.1
-4-
2:16-cv-02129-SJO (RAOx)
PLAINTIFF CORY SPENCER'S RESPONSE TO INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

160

1  harassing, and duplicative of information disclosed in Responding Party's
2  Rule 26(a) disclosures and supplemental disclosures. Propounding Party
3  may look to Responding Party's Rule 26(a) disclosures and supplemental
4  disclosures for the information sought by this interrogatory.  Moreover,
5  Responding Party had the opportunity to depose Mr. Spencer on this topic.
6      Responding Party further objects to this interrogatory as compound.
7  This "interrogatory" contains multiple impermissible subparts, which
8  Propounding Party has propounded in an effort to circumvent the numerical
9  limitations on interrogatories provided by Federal Rule of Civil Procedure
10 33(a)(1).
11     Responding Party further objects to this interrogatory on the grounds
12 that it seeks information that is outside of Responding Party's knowledge.
13     Responding Party further objects to the extent that this interrogatory
14 invades attorney-client privilege and/or violates the work product doctrine by
15 compelling Responding Party to disclose privileged communications and/or
16 litigation strategy.  Responding Party will not provide any such information.
17     Responding Party further objects to this interrogatory as premature.
18 Because this interrogatory seeks or necessarily relies upon a contention,
19 and because this matter is in its early stages and pretrial discovery has only
20 just begun, Responding Party is unable to provide a complete response at
21 this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
22 *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
23 *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
24 *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
25 interrogatory need not be answered until designated discovery is complete,
26 or until a pretrial conference or some other time.").
27     Based upon the foregoing objections, Responding Party will not
28 respond to this interrogatory at this time.

12768940.1                          -5-                  2:16-cv-02129-SJO (RAOx)

**INTERROGATORY NO. 3:**

IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention in paragraph 18 of the Complaint that BRANT BLAKEMAN "sell[s] market[s] and use[s] illegal controlled substances from the Lunada Bay Bluffs and the Rock Fort" and for each such PERSON identified state all facts you contend are within the PERSON's knowledge.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party objects to this interrogatory as unduly burdensome, harassing, and duplicative of information disclosed in Responding Party's Rule 26(a) disclosures and supplemental disclosures. Propounding Party may look to Responding Party's Rule 26(a) disclosures and supplemental disclosures for the information sought by this interrogatory. Moreover, Responding Party had the opportunity to depose Mr. Spencer on this topic.

Responding Party further objects to this interrogatory as compound. This "interrogatory" contains multiple impermissible subparts, which Propounding Party has propounded in an effort to circumvent the numerical limitations on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

Responding Party further objects to this interrogatory on the grounds that it seeks information that is outside of Responding Party's knowledge.

Responding Party further objects to the extent that this interrogatory invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy.  Responding Party will not provide any such information.

Responding Party further objects to this interrogatory as premature. Because this interrogatory seeks or necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a complete response at

1 | this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
2 | *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
3 | *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
4 | *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
5 | interrogatory need not be answered until designated discovery is complete,
6 | or until a pretrial conference or some other time.").

7 |      Based upon the foregoing objections, Responding Party will not
8 | respond to this interrogatory at this time.

9 | **INTERROGATORY NO. 4:**

10 |      IDENTIFY ALL PERSONS that have knowledge of any facts that
11 | support your contention in paragraph 18 of the Complaint that BRANT
12 | BLAKEMAN "impede[d] boat traffic" at any time, and for each such PERSON
13 | identified state all facts you contend are within that PERSON's knowledge.

14 | **RESPONSE TO INTERROGATORY NO. 4:**

15 |      Responding Party objects to this interrogatory as unduly burdensome,
16 | harassing, and duplicative of information disclosed in Responding Party's
17 | Rule 26(a) disclosures and supplemental disclosures. Propounding Party
18 | may look to Responding Party's Rule 26(a) disclosures and supplemental
19 | disclosures for the information sought by this interrogatory.  Moreover,
20 | Responding Party had the opportunity to depose Mr. Spencer on this topic.

21 |      Responding Party further objects to this interrogatory as compound.
22 | This "interrogatory" contains multiple impermissible subparts, which
23 | Propounding Party has propounded in an effort to circumvent the numerical
24 | limitations on interrogatories provided by Federal Rule of Civil Procedure
25 | 33(a)(1).

26 |      Responding Party further objects to this interrogatory on the grounds
27 | that it seeks information that is outside of Responding Party's knowledge.

28 |      Responding Party further objects to the extent that this interrogatory

1  invades attorney-client privilege and/or violates the work product doctrine by

2  compelling Responding Party to disclose privileged communications and/or

3  litigation strategy.  Responding Party will not provide any such information.

4      Responding Party further objects to this interrogatory as premature.

5  Because this interrogatory seeks or necessarily relies upon a contention,

6  and because this matter is in its early stages and pretrial discovery has only

7  just begun, Responding Party is unable to provide a complete response at

8  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

9  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

10  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*

11  *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

12  interrogatory need not be answered until designated discovery is complete,

13  or until a pretrial conference or some other time.").

14      Based upon the foregoing objections, Responding Party will not

15  respond to this interrogatory at this time.

16  **INTERROGATORY NO. 5:**

17      IDENTIFY ALL PERSONS that have knowledge of any facts that

18  support your contention in paragraph 18 of the Complaint that BRANT

19  BLAKEMAN "dangerously disregard[ed] surfing rules" at any time, and for

20  each such PERSON identified state all facts you contend are within that

21  PERSON's knowledge.

22  **RESPONSE TO INTERROGATORY NO. 5:**

23      Responding Party objects to this interrogatory as unduly burdensome,

24  harassing, and duplicative of information disclosed in Responding Party's

25  Rule 26(a) disclosures and supplemental disclosures. Propounding Party

26  may look to Responding Party's Rule 26(a) disclosures and supplemental

27  disclosures for the information sought by this interrogatory.  Moreover,

28  Responding Party had the opportunity to depose Mr. Spencer on this topic.

1   Responding Party further objects to this interrogatory as compound.
2   This "interrogatory" contains multiple impermissible subparts, which
3   Propounding Party has propounded in an effort to circumvent the numerical
4   limitations on interrogatories provided by Federal Rule of Civil Procedure
5   33(a)(1).
6   Responding Party further objects to this interrogatory on the grounds
7   that it seeks information that is outside of Responding Party's knowledge.
8   Responding Party further objects to the extent that this interrogatory
9   invades attorney-client privilege and/or violates the work product doctrine by
10   compelling Responding Party to disclose privileged communications and/or
11   litigation strategy.  Responding Party will not provide any such information.
12   Responding Party further objects to this interrogatory as premature.
13   Because this interrogatory seeks or necessarily relies upon a contention,
14   and because this matter is in its early stages and pretrial discovery has only
15   just begun, Responding Party is unable to provide a complete response at
16   this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
17   *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
18   *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
19   *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
20   interrogatory need not be answered until designated discovery is complete,
21   or until a pretrial conference or some other time.").
22   Based upon the foregoing objections, Responding Party will not
23   respond to this interrogatory at this time.
24   **INTERROGATORY NO. 6:**
25   IDENTIFY ALL PERSONS that have knowledge of any facts that
26   support your contention that BRANT BLAKEMAN has illegally extorted
27   money from beachgoers who wish to use Lunada Bay for recreational
28   purposes (See paragraph 33 j. of the Complaint), and for each such

12768940.1
-9-
2:16-cv-02129-SJO (RAOx)
PLAINTIFF CORY SPENCER'S RESPONSE TO INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

165

1  PERSON identified state all facts you contend are within that PERSON's

2  knowledge.

3  **RESPONSE TO INTERROGATORY NO. 6:**

4       Responding Party objects to this interrogatory as unduly burdensome,

5  harassing, and duplicative of information disclosed in Responding Party's

6  Rule 26(a) disclosures and supplemental disclosures. Propounding Party

7  may look to Responding Party's Rule 26(a) disclosures and supplemental

8  disclosures for the information sought by this interrogatory.  Moreover,

9  Responding Party had the opportunity to depose Mr. Spencer on this topic.

10       Responding Party further objects to this interrogatory as compound.

11  This "interrogatory" contains multiple impermissible subparts, which

12  Propounding Party has propounded in an effort to circumvent the numerical

13  limitations on interrogatories provided by Federal Rule of Civil Procedure

14  33(a)(1).

15       Responding Party further objects to this interrogatory on the grounds

16  that it seeks information that is outside of Responding Party's knowledge.

17       Responding Party further objects to the extent that this interrogatory

18  invades attorney-client privilege and/or violates the work product doctrine by

19  compelling Responding Party to disclose privileged communications and/or

20  litigation strategy.  Responding Party will not provide any such information.

21       Responding Party further objects to this interrogatory as premature.

22  Because this interrogatory seeks or necessarily relies upon a contention,

23  and because this matter is in its early stages and pretrial discovery has only

24  just begun, Responding Party is unable to provide a complete response at

25  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

26  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

27  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*

28  *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

PLAINTIFF CORY SPENCER'S RESPONSE TO INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

1   interrogatory need not be answered until designated discovery is complete,

2   or until a pretrial conference or some other time.").

3       Based upon the foregoing objections, Responding Party will not

4   respond to this interrogatory at this time.

5   **INTERROGATORY NO. 7:**

6       IDENTIFY ALL PERSONS that have knowledge of any facts that

7   support your contention that BRANT BLAKEMAN was a part of a Civil

8   Conspiracy as identified in your complaint in paragraphs 51 through 53, and

9   for each such PERSON identified state all facts you contend are within that

10   PERSON's knowledge.

11   **RESPONSE TO INTERROGATORY NO. 7:**

12       Responding Party objects to this interrogatory as unduly burdensome,

13   harassing, and duplicative of information disclosed in Responding Party's

14   Rule 26(a) disclosures and supplemental disclosures. Propounding Party

15   may look to Responding Party's Rule 26(a) disclosures and supplemental

16   disclosures for the information sought by this interrogatory.  Moreover,

17   Responding Party had the opportunity to depose Mr. Spencer on this topic.

18       Responding Party further objects to this interrogatory as compound.

19   This "interrogatory" contains multiple impermissible subparts, which

20   Propounding Party has propounded in an effort to circumvent the numerical

21   limitations on interrogatories provided by Federal Rule of Civil Procedure

22   33(a)(1).

23       Responding Party further objects to this interrogatory on the grounds

24   that it seeks information that is outside of Responding Party's knowledge.

25       Responding Party further objects to the extent that this interrogatory

26   invades attorney-client privilege and/or violates the work product doctrine by

27   compelling Responding Party to disclose privileged communications and/or

28   litigation strategy.  Responding Party will not provide any such information.

-11-

2:16-cv-02129-SJO (RAOx)

1   Responding Party further objects to this interrogatory as premature.
2   Because this interrogatory seeks or necessarily relies upon a contention,
3   and because this matter is in its early stages and pretrial discovery has only
4   just begun, Responding Party is unable to provide a complete response at
5   this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
6   *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
7   *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
8   *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
9   interrogatory need not be answered until designated discovery is complete,
10  or until a pretrial conference or some other time.").
11      Based upon the foregoing objections, Responding Party will not
12  respond to this interrogatory at this time.
13  **INTERROGATORY NO. 8:**
14      IDENTIFY ALL PERSONS that have knowledge of any facts that
15  support plaintiffs' First Cause of Action in the Complaint (Bane Act
16  Violations) against BRANT BLAKEMAN, and for each such PERSON
17  identified state all facts you contend are within that PERSON's knowledge.
18  **RESPONSE TO INTERROGATORY NO. 8:**
19      Responding Party objects to this interrogatory as unduly burdensome,
20  harassing, and duplicative of information disclosed in Responding Party's
21  Rule 26(a) disclosures and supplemental disclosures. Propounding Party
22  may look to Responding Party's Rule 26(a) disclosures and supplemental
23  disclosures for the information sought by this interrogatory.  Moreover,
24  Responding Party had the opportunity to depose Mr. Spencer on this topic.
25      Responding Party further objects to this interrogatory as compound.
26  This "interrogatory" contains multiple impermissible subparts, which
27  Propounding Party has propounded in an effort to circumvent the numerical
28  limitations on interrogatories provided by Federal Rule of Civil Procedure

12768940.1
-12-
2:16-cv-02129-SJO (RAOx)
PLAINTIFF CORY SPENCER'S RESPONSE TO INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

168

1  33(a)(1).

2    Responding Party further objects to this interrogatory on the grounds

3  that it seeks information that is outside of Responding Party's knowledge.

4    Responding Party further objects to the extent that this interrogatory

5  invades attorney-client privilege and/or violates the work product doctrine by

6  compelling Responding Party to disclose privileged communications and/or

7  litigation strategy.  Responding Party will not provide any such information.

8    Responding Party further objects to this interrogatory as premature.

9  Because this interrogatory seeks or necessarily relies upon a contention,

10  and because this matter is in its early stages and pretrial discovery has only

11  just begun, Responding Party is unable to provide a complete response at

12  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

13  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

14  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*

15  *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

16  interrogatory need not be answered until designated discovery is complete,

17  or until a pretrial conference or some other time.").

18    Based upon the foregoing objections, Responding Party will not

19  respond to this interrogatory at this time.

20  **INTERROGATORY NO. 9:**

21    IDENTIFY ALL PERSONS that have knowledge of any facts that

22  support plaintiffs' Second Cause of Action in the Complaint (Public

23  Nuisance) against BRANT BLAKEMAN, and for each such PERSON

24  identified state all facts you contend are within that PERSON's knowledge.

25  **RESPONSE TO INTERROGATORY NO. 9:**

26    Responding Party objects to this interrogatory as unduly burdensome,

27  harassing, and duplicative of information disclosed in Responding Party's

28  Rule 26(a) disclosures and supplemental disclosures. Propounding Party

12768940.1
-13-
2:16-cv-02129-SJO (RAOx)
PLAINTIFF CORY SPENCER'S RESPONSE TO INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

169

1   may look to Responding Party's Rule 26(a) disclosures and supplemental

2   disclosures for the information sought by this interrogatory.  Moreover,

3   Responding Party had the opportunity to depose Mr. Spencer on this topic.

4         Responding Party further objects to this interrogatory as compound.

5   This "interrogatory" contains multiple impermissible subparts, which

6   Propounding Party has propounded in an effort to circumvent the numerical

7   limitations on interrogatories provided by Federal Rule of Civil Procedure

8   33(a)(1).

9         Responding Party further objects to this interrogatory on the grounds

10  that it seeks information that is outside of Responding Party's knowledge.

11        Responding Party further objects to the extent that this interrogatory

12  invades attorney-client privilege and/or violates the work product doctrine by

13  compelling Responding Party to disclose privileged communications and/or

14  litigation strategy.  Responding Party will not provide any such information.

15        Responding Party further objects to this interrogatory as premature.

16  Because this interrogatory seeks or necessarily relies upon a contention,

17  and because this matter is in its early stages and pretrial discovery has only

18  just begun, Responding Party is unable to provide a complete response at

19  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

20  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

21  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*

22  *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

23  interrogatory need not be answered until designated discovery is complete,

24  or until a pretrial conference or some other time.").

25        Based upon the foregoing objections, Responding Party will not

26  respond to this interrogatory at this time.

27  **INTERROGATORY NO. 10:**

28        IDENTIFY ALL PERSONS that have knowledge of any facts that

12768940.1

-14-                              2:16-cv-02129-SJO (RAOx)

1 | support plaintiffs' Sixth Cause of Action in the Complaint (Assault) against

2 | BRANT BLAKEMAN, and for each such PERSON identified state all facts

3 | you contend are within that PERSON's knowledge.

4 | **RESPONSE TO INTERROGATORY NO. 10:**

5 | Responding Party objects to this interrogatory as unduly burdensome,

6 | harassing, and duplicative of information disclosed in Responding Party's

7 | Rule 26(a) disclosures and supplemental disclosures. Propounding Party

8 | may look to Responding Party's Rule 26(a) disclosures and supplemental

9 | disclosures for the information sought by this interrogatory.  Moreover,

10 | Responding Party had the opportunity to depose Mr. Spencer on this topic.

11 | Responding Party further objects to this interrogatory as compound.

12 | This "interrogatory" contains multiple impermissible subparts, which

13 | Propounding Party has propounded in an effort to circumvent the numerical

14 | limitations on interrogatories provided by Federal Rule of Civil Procedure

15 | 33(a)(1).

16 | Responding Party further objects to this interrogatory on the grounds

17 | that it seeks information that is outside of Responding Party's knowledge.

18 | Responding Party further objects to the extent that this interrogatory

19 | invades attorney-client privilege and/or violates the work product doctrine by

20 | compelling Responding Party to disclose privileged communications and/or

21 | litigation strategy.  Responding Party will not provide any such information.

22 | Responding Party further objects to this interrogatory as premature.

23 | Because this interrogatory seeks or necessarily relies upon a contention,

24 | and because this matter is in its early stages and pretrial discovery has only

25 | just begun, Responding Party is unable to provide a complete response at

26 | this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

27 | *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

28 | *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*

12768940.1                                          -15-                    2:16-cv-02129-SJO (RAOx)
PLAINTIFF CORY SPENCER'S RESPONSE TO INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

171

1    *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

2    interrogatory need not be answered until designated discovery is complete,

3    or until a pretrial conference or some other time.").

4        Based upon the foregoing objections, Responding Party will not

5    respond to this interrogatory at this time.

6    **INTERROGATORY NO. 11:**

7        IDENTIFY ALL PERSONS that have knowledge of any facts that

8    support plaintiffs' Seventh Cause of Action in the Complaint (Battery) against

9    BRANT BLAKEMAN, and for each such PERSON identified state all facts

10    you contend are within that PERSON's knowledge.

11    **RESPONSE TO INTERROGATORY NO. 11:**

12        Responding Party objects to this interrogatory as unduly burdensome,

13    harassing, and duplicative of information disclosed in Responding Party's

14    Rule 26(a) disclosures and supplemental disclosures. Propounding Party

15    may look to Responding Party's Rule 26(a) disclosures and supplemental

16    disclosures for the information sought by this interrogatory.  Moreover,

17    Responding Party had the opportunity to depose Mr. Spencer on this topic.

18        Responding Party further objects to this interrogatory as compound.

19    This "interrogatory" contains multiple impermissible subparts, which

20    Propounding Party has propounded in an effort to circumvent the numerical

21    limitations on interrogatories provided by Federal Rule of Civil Procedure

22    33(a)(1).

23        Responding Party further objects to this interrogatory on the grounds

24    that it seeks information that is outside of Responding Party's knowledge.

25        Responding Party further objects to the extent that this interrogatory

26    invades attorney-client privilege and/or violates the work product doctrine by

27    compelling Responding Party to disclose privileged communications and/or

28    litigation strategy.  Responding Party will not provide any such information.

-16-                                      2:16-cv-02129-SJO (RAOx)

1   Responding Party further objects to this interrogatory as premature.
2   Because this interrogatory seeks or necessarily relies upon a contention,
3   and because this matter is in its early stages and pretrial discovery has only
4   just begun, Responding Party is unable to provide a complete response at
5   this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
6   *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
7   *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
8   *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
9   interrogatory need not be answered until designated discovery is complete,
10  or until a pretrial conference or some other time.").
11  Based upon the foregoing objections, Responding Party will not
12  respond to this interrogatory at this time.
13  **INTERROGATORY NO. 12:**
14  IDENTIFY ALL PERSONS that have knowledge of any facts that
15  support plaintiffs' Eight Cause of Action in the Complaint (Negligence)
16  against BRANT BLAKEMAN, and for each such PERSON identified state all
17  facts you contend are within that PERSON's knowledge.
18  **RESPONSE TO INTERROGATORY NO. 12:**
19  Responding Party objects to this interrogatory as unduly burdensome,
20  harassing, and duplicative of information disclosed in Responding Party's
21  Rule 26(a) disclosures and supplemental disclosures. Propounding Party
22  may look to Responding Party's Rule 26(a) disclosures and supplemental
23  disclosures for the information sought by this interrogatory.  Moreover,
24  Responding Party had the opportunity to depose Mr. Spencer on this topic.
25  Responding Party further objects to this interrogatory as compound.
26  This "interrogatory" contains multiple impermissible subparts, which
27  Propounding Party has propounded in an effort to circumvent the numerical
28  limitations on interrogatories provided by Federal Rule of Civil Procedure

12768940.1

-17-                           2:16-cv-02129-SJO (RAOx)

1 | 33(a)(1).

2 | Responding Party further objects to this interrogatory on the grounds
3 | that it seeks information that is outside of Responding Party's knowledge.

4 | Responding Party further objects to the extent that this interrogatory
5 | invades attorney-client privilege and/or violates the work product doctrine by
6 | compelling Responding Party to disclose privileged communications and/or
7 | litigation strategy.  Responding Party will not provide any such information.

8 | Responding Party further objects to this interrogatory as premature.
9 | Because this interrogatory seeks or necessarily relies upon a contention,
10 | and because this matter is in its early stages and pretrial discovery has only
11 | just begun, Responding Party is unable to provide a complete response at
12 | this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
13 | *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
14 | *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
15 | *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
16 | interrogatory need not be answered until designated discovery is complete,
17 | or until a pretrial conference or some other time.").

18 | */ / /*
19 | */ / /*
20 | */ / /*
21 | */ / /*
22 | */ / /*
23 | */ / /*
24 | */ / /*
25 | */ / /*
26 | */ / /*
27 | */ / /*
28 | */ / /*

12768940.1

-18-

2:16-cv-02129-SJO (RAOx)

174

1     Based upon the foregoing objections, Responding Party will not

2  respond to this interrogatory at this time.

3

4  DATED: October 20, 2016              HANSON BRIDGETT LLP

5

6

7                                      By: _____

8                                          KURT A. FRANKLIN
                                           SAMANTHA D. WOLFF
9                                          CAROLINE ELIZABETH LEE
                                           TYSON M. SHOWER
10                                         LANDON D. BAILEY
                                           Attorneys for Plaintiffs CORY
11                                         SPENCER, DIANA MILENA REED, and
                                           COASTAL PROTECTION RANGERS,
12                                         INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF CORY SPENCER'S RESPONSE TO INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

175

1

## PROOF OF SERVICE
*Spencer, et al. v. Lunada Bay Boys, et al.*
2    U.S.D.C. for the Central District of California
<u>Case No. 2:16-cv-02129-SJO (RAOx)</u>

3

4    STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

5        At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of
6    California.  My business address is 425 Market Street, 26th Floor, San Francisco, CA  94105.

7
    On **October 20, 2016**, I served the original or a true copy of the
8    following document(s) described as:

9    **PLAINTIFF CORY SPENCER'S RESPONSE TO INTERROGATORIES, SET ONE, PROPOUNDED BY
10    DEFENDANT BRANT BLAKEMAN**

11    on the interested parties in this action as follows:

12    **SEE ATTACHED SERVICE LIST**

13        **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List
14    and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Hanson Bridgett LLP's practice
15    for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in
16    the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

17
    I declare under penalty of perjury under the laws of the United States
18    of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service
19    was made.

20        Executed on **October 20, 2016**, at San Francisco, California.

21

22    *Ann D. Ghiorso*
                          _____
23            Ann D. Ghiorso

24

25

26

27

28

Case No. 2:16-cv-02129-SJO (RAOx)

PROOF OF SERVICE

**SERVICE LIST**
*Spencer, et al. v. Lunada Bay Boys, et al.*
U.S.D.C. for the Central District of California
Case No. 2:16-cv-02129-SJO (RAOx)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Robert T. Mackey, Esq.
Peter H. Crossin, Esq.
Richard P. Dieffenbach, Esq.
John P. Worgul, Esq.
VEATCH CARLSON, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017

*(Attorneys for Defendant BRANT BLAKEMAN)*

(served original)

Robert S. Cooper, Esq.
BUCHALTER NEMER, APC
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

*(Attorneys for Defendant BRANT BLAKEMAN)*

(served true copy)

J. Patrick Carey, Esq.
LAW OFFICES OF
  J. PATRICK CAREY
1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA 90266

*(Attorney for Defendant ALAN JOHNSTON a/k/a JALIAN JOHNSTON)*

(served true copy)

Peter T. Haven, Esq.
HAVEN LAW
1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA 90266

*(Attorney for Defendant MICHAEL RAY PAPAYANS)*

(served true copy)

Dana Alden Fox, Esq.
Edward E. Ward, Jr., Esq.
Eric Y. Kizirian, Esq.
Tera Lutz, Esq.
LEWIS BRISBOIS
  BISGAARD & SMITH LLP
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071

*(Attorneys for Defendant SANG LEE)*

(served true copy)

Case No. 2:16-cv-02129-SJO (RAOx)

12755083.2

PROOF OF SERVICE

177

| | | |
|---|---|---|
| 1 | Daniel M. Crowley, Esq. | *(Attorneys for Defendant SANG LEE)* |
| 2 | BOOTH, MITCHEL & STRANGE LLP | (served true copy) |
| 3 | 707 Wilshire Blvd., Suite 4450 Los Angeles, CA  90017 | |
| 4 | | |
| 5 | Mark C. Fields, Esq. | *(Attorney for Defendant ANGELO FERRARA and Defendant N. F.* |
| 6 | LAW OFFICES OF   MARK C. FIELDS, APC | *appearing through Guardian Ad Litem, Leonora Ferrara)* |
| 7 | 333 South Hope Street, 35th Floor Los Angeles, CA  90071 | |
| 8 | | (served true copy) |
| 9 | | |
| 10 | Thomas M. Phillip, Esq. Aaron G. Miller, Esq. | *(Attorneys for Defendant ANGELO FERRARA)* |
| 11 | THE PHILLIPS FIRM 800 Wilshire Blvd., Suite 1550 | (served true copy) |
| 12 | Los Angeles, CA  90017 | |
| 13 | | |
| 14 | Patrick Au, Esq. Laura L. Bell, Esq. | *(Attorneys for Defendants FRANK FERRARA and CHARLIE FERRARA)* |
| 15 | BREMER WHYTE | |
| 16 |   BROWN & O'MEARA, LLP 21271 Burbank Blvd., Suite 110 | (served true copy) |
| 17 | Woodland Hills, CA  91367 | |
| 18 | | |
| 19 | Edwin J. Richards, Esq. Antoinette P. Hewitt, Esq. | *(Attorneys for Defendants CITY OF PALOS VERDES and CHIEF OF* |
| 20 | Rebecca L. Wilson, Esq. Jacob Song, Esq. | *POLICE JEFF KEPLEY)* |
| 21 | Christopher D. Glos, Esq. | (served true copy) |
| 22 | KUTAK ROCK LLP 5 Park Plaza, Suite 1500 | |
| 23 | Irvine, CA  92614-8595 | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Case No. 2:16-cv-02129-SJO (RAOx)

PROOF OF SERVICE

1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   CAROLINE LEE, SBN 293297
4  clee@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone: (415) 777-3200
6  Facsimile:  (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone: (916) 442-3333
11 Facsimile:  (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone: (310) 378-8533
16 Facsimile:  (310) 347-4225

17 Attorneys for Plaintiffs CORY
   SPENCER, DIANA MILENA REED,
18 and COASTAL PROTECTION
   RANGERS, INC.

19

20            UNITED STATES DISTRICT COURT

21     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

22

| 23 CORY SPENCER, an individual; | CASE NO. 2:16-cv-02129-SJO (RAOx) |
|---|---|
| 24 DIANA MILENA REED, an individual; and COASTAL | **PLAINTIFF DIANA MILENA REED'S RESPONSE TO INTERROGATORIES,** |
| 25 PROTECTION RANGERS, INC., a | **SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN** |
| 26 California non-profit public benefit corporation, | |
| 27 | |
| 28       Plaintiffs. | |

12755070.1

| | |
|---|---|
| 1 | v. |
| 2 | |
| 3 | LUNADA BAY BOYS; THE |
| 4 | INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including, |
| 5 | but not limited to, SANG LEE, |
| 6 | BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN |
| 7 | JOHNSTON, MICHAEL RAE |
| 8 | PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE |
| 9 | FERRARA, and N. F.; CITY OF |
| 10 | PALOS VERDES ESTATES; CHIEF OF POLICE JEFF |
| 11 | KEPLEY, in his representative |
| 12 | capacity; and DOES 1-10, |
| 13 | Defendants. |
| 14 | |

**PROPOUNDING PARTY:** Defendant BRANT BLAKEMAN

**RESPONDING PARTY:**   Plaintiff DIANA MILENA REED

**SET NO.:**                        One

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff DIANA MILENA REED ("Responding Party") hereby submits these objections and responses to Interrogatories, Set One, propounded by Defendant BRANT BLAKEMAN ("Propounding Party").

### PRELIMINARY STATEMENT

Nothing in this response should be construed as an admission by Responding Party with respect to the admissibility or relevance of any fact, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's Interrogatories. Responding Party has not completed its investigation of the facts relating to this case, its discovery or its preparation for trial. All responses and objections contained herein are

12755070.1

-2-                                       2:16-cv-02129-SJO (RAOx)

1  based only upon information that is presently available to and specifically

2  known by Responding Party. It is anticipated that further discovery,

3  independent investigation, legal research and analysis will supply additional

4  facts and add meaning to known facts, as well as establish entirely new

5  factual conclusions and legal contentions, all of which may lead to

6  substantial additions to, changes in and variations from the responses set

7  forth herein. The following objections and responses are made without

8  prejudice to Responding Party's right to produce at trial, or otherwise,

9  evidence regarding any subsequently discovered information. Responding

10  Party accordingly reserves the right to modify and amend any and all

11  responses herein as research is completed and contentions are made.

12  **RESPONSES TO INTERROGATORIES**

13  **INTERROGATORY NO. 1:**

14       IDENTIFY ALL PERSONS that have knowledge of any facts that

15  support your contention that BRANT BLAKEMAN participated in any way in

16  the "commission of enumerated 'predicate crimes'" as alleged in paragraph

17  5 of the Complaint, and for each such PERSON identified state all facts you

18  contend are within that PERSON's knowledge.

19  **RESPONSE TO INTERROGATORY NO. 1:**

20       Responding Party objects to this interrogatory as unduly burdensome,

21  harassing, and duplicative of information disclosed in Responding Party's

22  Rule 26(a) disclosures and supplemental disclosures. Propounding Party

23  may look to Responding Party's Rule 26(a) disclosures and supplemental

24  disclosures for the information sought by this interrogatory.

25       Responding Party further objects to this interrogatory as compound.

26  This "interrogatory" contains multiple impermissible subparts, which

27  Propounding Party has propounded in an effort to circumvent the numerical

28  limitations on interrogatories provided by Federal Rule of Civil Procedure

12755070.1                                          -3-                        2:16-cv-02129-SJO (RAOx)
PLAINTIFF DIANA MILENA REED'S RESPONSE TO INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

181

1 | 33(a)(1).

2 |      Responding Party further objects to this interrogatory on the grounds
3 | that it seeks information that is outside of Responding Party's knowledge.

4 |      Responding Party further objects to the extent that this interrogatory
5 | invades attorney-client privilege and/or violates the work product doctrine by
6 | compelling Responding Party to disclose privileged communications and/or
7 | litigation strategy.  Responding Party will not provide any such information.

8 |      Responding Party further objects to this interrogatory as premature.
9 | Because this interrogatory seeks or necessarily relies upon a contention,
10 | and because this matter is in its early stages and pretrial discovery has only
11 | just begun, Responding Party is unable to provide a response at this time,
12 | nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014
13 | WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad*
14 | *Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.
15 | R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory
16 | need not be answered until designated discovery is complete, or until a
17 | pretrial conference or some other time.").

18 |      Based upon the foregoing objections, Responding Party will not
19 | respond to this interrogatory at this time.

20 | **INTERROGATORY NO. 2:**

21 |      IDENTIFY ALL PERSONS that have knowledge of any facts that
22 | support your contention in paragraph 7 of the Complaint that BRANT
23 | BLAKEMAN "is responsible in some manner for the Bane Act violations and
24 | public nuisance described in the Complaint" and for each such PERSON
25 | identified state all facts you contend are within that PERSON's knowledge.

26 | **RESPONSE TO INTERROGATORY NO. 2:**

27 |      Responding Party objects to this interrogatory as unduly burdensome,
28 | harassing, and duplicative of information disclosed in Responding Party's

12755070.1          -4-          2:16-cv-02129-SJO (RAOx)
PLAINTIFF DIANA MILENA REED'S RESPONSE TO INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

182

1  Rule 26(a) disclosures and supplemental disclosures. Propounding Party
2  may look to Responding Party's Rule 26(a) disclosures and supplemental
3  disclosures for the information sought by this interrogatory.

4  Responding Party further objects to this interrogatory as compound.
5  This "interrogatory" contains multiple impermissible subparts, which
6  Propounding Party has propounded in an effort to circumvent the numerical
7  limitations on interrogatories provided by Federal Rule of Civil Procedure
8  33(a)(1).

9  Responding Party further objects to this interrogatory on the grounds
10 that it seeks information that is outside of Responding Party's knowledge.

11 Responding Party further objects to the extent that this interrogatory
12 invades attorney-client privilege and/or violates the work product doctrine by
13 compelling Responding Party to disclose privileged communications and/or
14 litigation strategy.  Responding Party will not provide any such information.

15 Responding Party further objects to this interrogatory as premature.
16 Because this interrogatory seeks or necessarily relies upon a contention,
17 and because this matter is in its early stages and pretrial discovery has only
18 just begun, Responding Party is unable to provide a response at this time,
19 nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014
20 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad
21 Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.
22 R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory
23 need not be answered until designated discovery is complete, or until a
24 pretrial conference or some other time.").

25 Based upon the foregoing objections, Responding Party will not
26 respond to this interrogatory at this time.

27 **INTERROGATORY NO. 3:**

28 IDENTIFY ALL PERSONS that have knowledge of any facts that

PLAINTIFF DIANA MILENA REED'S RESPONSE TO INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

183

1 | support your contention in paragraph 18 of the Complaint that BRANT

2 | BLAKEMAN "sell[s] market[s] and use[s] illegal controlled substances from

3 | the Lunada Bay Bluffs and the Rock Fort" and for each such PERSON

4 | identified state all facts you contend are within the PERSON's knowledge.

5 | **RESPONSE TO INTERROGATORY NO. 3:**

6 | Responding Party objects to this interrogatory as unduly burdensome,

7 | harassing, and duplicative of information disclosed in Responding Party's

8 | Rule 26(a) disclosures and supplemental disclosures. Propounding Party

9 | may look to Responding Party's Rule 26(a) disclosures and supplemental

10 | disclosures for the information sought by this interrogatory.

11 | Responding Party further objects to this interrogatory as compound.

12 | This "interrogatory" contains multiple impermissible subparts, which

13 | Propounding Party has propounded in an effort to circumvent the numerical

14 | limitations on interrogatories provided by Federal Rule of Civil Procedure

15 | 33(a)(1).

16 | Responding Party further objects to this interrogatory on the grounds

17 | that it seeks information that is outside of Responding Party's knowledge.

18 | Responding Party further objects to the extent that this interrogatory

19 | invades attorney-client privilege and/or violates the work product doctrine by

20 | compelling Responding Party to disclose privileged communications and/or

21 | litigation strategy.  Responding Party will not provide any such information.

22 | Responding Party further objects to this interrogatory as premature.

23 | Because this interrogatory seeks or necessarily relies upon a contention,

24 | and because this matter is in its early stages and pretrial discovery has only

25 | just begun, Responding Party is unable to provide a response at this time,

26 | nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014

27 | WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad*

28 | *Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.

-6-

1  R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory

2  need not be answered until designated discovery is complete, or until a

3  pretrial conference or some other time.").

4     Based upon the foregoing objections, Responding Party will not

5  respond to this interrogatory at this time.

6  **INTERROGATORY NO. 4:**

7     IDENTIFY ALL PERSONS that have knowledge of any facts that

8  support your contention in paragraph 18 of the Complaint that BRANT

9  BLAKEMAN "impede[d] boat traffic" at any time, and for each such PERSON

10 identified state all facts you contend are within that PERSON's knowledge.

11 **RESPONSE TO INTERROGATORY NO. 4:**

12    Responding Party objects to this interrogatory as unduly burdensome,

13 harassing, and duplicative of information disclosed in Responding Party's

14 Rule 26(a) disclosures and supplemental disclosures. Propounding Party

15 may look to Responding Party's Rule 26(a) disclosures and supplemental

16 disclosures for the information sought by this interrogatory.

17    Responding Party further objects to this interrogatory as compound.

18 This "interrogatory" contains multiple impermissible subparts, which

19 Propounding Party has propounded in an effort to circumvent the numerical

20 limitations on interrogatories provided by Federal Rule of Civil Procedure

21 33(a)(1).

22    Responding Party further objects to this interrogatory on the grounds

23 that it seeks information that is outside of Responding Party's knowledge.

24    Responding Party further objects to the extent that this interrogatory

25 invades attorney-client privilege and/or violates the work product doctrine by

26 compelling Responding Party to disclose privileged communications and/or

27 litigation strategy.  Responding Party will not provide any such information.

28    Responding Party further objects to this interrogatory as premature.

-7-                    2:16-cv-02129-SJO (RAOx)

1  Because this interrogatory seeks or necessarily relies upon a contention,
2  and because this matter is in its early stages and pretrial discovery has only
3  just begun, Responding Party is unable to provide a response at this time,
4  nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014
5  WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad
6  Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.
7  R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory
8  need not be answered until designated discovery is complete, or until a
9  pretrial conference or some other time.").
10      Based upon the foregoing objections, Responding Party will not
11  respond to this interrogatory at this time.
12  **INTERROGATORY NO. 5:**
13      IDENTIFY ALL PERSONS that have knowledge of any facts that
14  support your contention in paragraph 18 of the Complaint that BRANT
15  BLAKEMAN "dangerously disregard[ed] surfing rules" at any time, and for
16  each such PERSON identified state all facts you contend are within that
17  PERSON's knowledge.
18  **RESPONSE TO INTERROGATORY NO. 5:**
19      Responding Party objects to this interrogatory as unduly burdensome,
20  harassing, and duplicative of information disclosed in Responding Party's
21  Rule 26(a) disclosures and supplemental disclosures. Propounding Party
22  may look to Responding Party's Rule 26(a) disclosures and supplemental
23  disclosures for the information sought by this interrogatory.
24      Responding Party further objects to this interrogatory as compound.
25  This "interrogatory" contains multiple impermissible subparts, which
26  Propounding Party has propounded in an effort to circumvent the numerical
27  limitations on interrogatories provided by Federal Rule of Civil Procedure
28  33(a)(1).

12755070.1

-8-

2:16-cv-02129-SJO (RAOx)

1    Responding Party further objects to this interrogatory on the grounds
2    that it seeks information that is outside of Responding Party's knowledge.

3    Responding Party further objects to the extent that this interrogatory
4    invades attorney-client privilege and/or violates the work product doctrine by
5    compelling Responding Party to disclose privileged communications and/or
6    litigation strategy.  Responding Party will not provide any such information.

7    Responding Party further objects to this interrogatory as premature.
8    Because this interrogatory seeks or necessarily relies upon a contention,
9    and because this matter is in its early stages and pretrial discovery has only
10   just begun, Responding Party is unable to provide a response at this time,
11   nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014
12   WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad*
13   *Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.
14   R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory
15   need not be answered until designated discovery is complete, or until a
16   pretrial conference or some other time.").

17   Based upon the foregoing objections, Responding Party will not
18   respond to this interrogatory at this time.

19   **INTERROGATORY NO. 6:**

20   IDENTIFY ALL PERSONS that have knowledge of any facts that
21   support your contention that BRANT BLAKEMAN has illegally extorted
22   money from beachgoers who wish to use Lunada Bay for recreational
23   purposes (See paragraph 33 j. of the Complaint), and for each such
24   PERSON identified state all facts you contend are within that PERSON's
25   knowledge.

26   **RESPONSE TO INTERROGATORY NO. 6:**

27   Responding Party objects to this interrogatory as unduly burdensome,
28   harassing, and duplicative of information disclosed in Responding Party's

12755070.1

-9-

2:16-cv-02129-SJO (RAOx)

187

1 | Rule 26(a) disclosures and supplemental disclosures. Propounding Party
2 | may look to Responding Party's Rule 26(a) disclosures and supplemental
3 | disclosures for the information sought by this interrogatory.

4 | Responding Party further objects to this interrogatory as compound.
5 | This "interrogatory" contains multiple impermissible subparts, which
6 | Propounding Party has propounded in an effort to circumvent the numerical
7 | limitations on interrogatories provided by Federal Rule of Civil Procedure
8 | 33(a)(1).

9 | Responding Party further objects to this interrogatory on the grounds
10 | that it seeks information that is outside of Responding Party's knowledge.

11 | Responding Party further objects to the extent that this interrogatory
12 | invades attorney-client privilege and/or violates the work product doctrine by
13 | compelling Responding Party to disclose privileged communications and/or
14 | litigation strategy.  Responding Party will not provide any such information.

15 | Responding Party further objects to this interrogatory as premature.
16 | Because this interrogatory seeks or necessarily relies upon a contention,
17 | and because this matter is in its early stages and pretrial discovery has only
18 | just begun, Responding Party is unable to provide a response at this time,
19 | nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014
20 | WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad*
21 | *Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.
22 | R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory
23 | need not be answered until designated discovery is complete, or until a
24 | pretrial conference or some other time.").

25 | Based upon the foregoing objections, Responding Party will not
26 | respond to this interrogatory at this time.

27 | **INTERROGATORY NO. 7:**

28 | IDENTIFY ALL PERSONS that have knowledge of any facts that

-10-

2:16-cv-02129-SJO (RAOx)

188

1 | support your contention that BRANT BLAKEMAN was a part of a Civil
2 | Conspiracy as identified in your complaint in paragraphs 51 through 53, and
3 | for each such PERSON identified state all facts you contend are within that
4 | PERSON's knowledge.

5 | **RESPONSE TO INTERROGATORY NO. 7:**

6 |      Responding Party objects to this interrogatory as unduly burdensome,
7 | harassing, and duplicative of information disclosed in Responding Party's
8 | Rule 26(a) disclosures and supplemental disclosures. Propounding Party
9 | may look to Responding Party's Rule 26(a) disclosures and supplemental
10 | disclosures for the information sought by this interrogatory.

11 |      Responding Party further objects to this interrogatory as compound.
12 | This "interrogatory" contains multiple impermissible subparts, which
13 | Propounding Party has propounded in an effort to circumvent the numerical
14 | limitations on interrogatories provided by Federal Rule of Civil Procedure
15 | 33(a)(1).

16 |      Responding Party further objects to this interrogatory on the grounds
17 | that it seeks information that is outside of Responding Party's knowledge.

18 |      Responding Party further objects to the extent that this interrogatory
19 | invades attorney-client privilege and/or violates the work product doctrine by
20 | compelling Responding Party to disclose privileged communications and/or
21 | litigation strategy.  Responding Party will not provide any such information.

22 |      Responding Party further objects to this interrogatory as premature.
23 | Because this interrogatory seeks or necessarily relies upon a contention,
24 | and because this matter is in its early stages and pretrial discovery has only
25 | just begun, Responding Party is unable to provide a response at this time,
26 | nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014
27 | WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad*
28 | *Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.

PLAINTIFF DIANA MILENA REED'S RESPONSE TO INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

1 | R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory
2 | need not be answered until designated discovery is complete, or until a
3 | pretrial conference or some other time.").

4 |      Based upon the foregoing objections, Responding Party will not
5 | respond to this interrogatory at this time.

6 | **INTERROGATORY NO. 8:**

7 |      IDENTIFY ALL PERSONS that have knowledge of any facts that
8 | support plaintiffs' First Cause of Action in the Complaint (Bane Act
9 | Violations) against BRANT BLAKEMAN, and for each such PERSON
10 | identified state all facts you contend are within that PERSON's knowledge.

11 | **RESPONSE TO INTERROGATORY NO. 8:**

12 |      Responding Party objects to this interrogatory as unduly burdensome,
13 | harassing, and duplicative of information disclosed in Responding Party's
14 | Rule 26(a) disclosures and supplemental disclosures. Propounding Party
15 | may look to Responding Party's Rule 26(a) disclosures and supplemental
16 | disclosures for the information sought by this interrogatory.

17 |      Responding Party further objects to this interrogatory as compound.
18 | This "interrogatory" contains multiple impermissible subparts, which
19 | Propounding Party has propounded in an effort to circumvent the numerical
20 | limitations on interrogatories provided by Federal Rule of Civil Procedure
21 | 33(a)(1).

22 |      Responding Party further objects to this interrogatory on the grounds
23 | that it seeks information that is outside of Responding Party's knowledge.

24 |      Responding Party further objects to the extent that this interrogatory
25 | invades attorney-client privilege and/or violates the work product doctrine by
26 | compelling Responding Party to disclose privileged communications and/or
27 | litigation strategy.  Responding Party will not provide any such information.

28 |      Responding Party further objects to this interrogatory as premature.

-12-

2:16-cv-02129-SJO (RAOx)

1  Because this interrogatory seeks or necessarily relies upon a contention,
2  and because this matter is in its early stages and pretrial discovery has only
3  just begun, Responding Party is unable to provide a response at this time,
4  nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014
5  WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad
6  Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.
7  R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory
8  need not be answered until designated discovery is complete, or until a
9  pretrial conference or some other time.").
10       Based upon the foregoing objections, Responding Party will not
11  respond to this interrogatory at this time.
12  **INTERROGATORY NO. 9:**
13       IDENTIFY ALL PERSONS that have knowledge of any facts that
14  support plaintiffs' Second Cause of Action in the Complaint (Public
15  Nuisance) against BRANT BLAKEMAN, and for each such PERSON
16  identified state all facts you contend are within that PERSON's knowledge.
17  **RESPONSE TO INTERROGATORY NO. 9:**
18       Responding Party objects to this interrogatory as unduly burdensome,
19  harassing, and duplicative of information disclosed in Responding Party's
20  Rule 26(a) disclosures and supplemental disclosures. Propounding Party
21  may look to Responding Party's Rule 26(a) disclosures and supplemental
22  disclosures for the information sought by this interrogatory.
23       Responding Party further objects to this interrogatory as compound.
24  This "interrogatory" contains multiple impermissible subparts, which
25  Propounding Party has propounded in an effort to circumvent the numerical
26  limitations on interrogatories provided by Federal Rule of Civil Procedure
27  33(a)(1).
28       Responding Party further objects to this interrogatory on the grounds

12755070.1
-13-
2:16-cv-02129-SJO (RAOx)
PLAINTIFF DIANA MILENA REED'S RESPONSE TO INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

191

1 that it seeks information that is outside of Responding Party's knowledge.

2       Responding Party further objects to the extent that this interrogatory

3 invades attorney-client privilege and/or violates the work product doctrine by

4 compelling Responding Party to disclose privileged communications and/or

5 litigation strategy.  Responding Party will not provide any such information.

6       Responding Party further objects to this interrogatory as premature.

7 Because this interrogatory seeks or necessarily relies upon a contention,

8 and because this matter is in its early stages and pretrial discovery has only

9 just begun, Responding Party is unable to provide a response at this time,

10 nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014

11 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad*

12 *Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.

13 R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory

14 need not be answered until designated discovery is complete, or until a

15 pretrial conference or some other time.").

16       Based upon the foregoing objections, Responding Party will not

17 respond to this interrogatory at this time.

18 **INTERROGATORY NO. 10:**

19       IDENTIFY ALL PERSONS that have knowledge of any facts that

20 support plaintiffs' Sixth Cause of Action in the Complaint (Assault) against

21 BRANT BLAKEMAN, and for each such PERSON identified state all facts

22 you contend are within that PERSON's knowledge.

23 **RESPONSE TO INTERROGATORY NO. 10:**

24       Responding Party objects to this interrogatory as unduly burdensome,

25 harassing, and duplicative of information disclosed in Responding Party's

26 Rule 26(a) disclosures and supplemental disclosures. Propounding Party

27 may look to Responding Party's Rule 26(a) disclosures and supplemental

28 disclosures for the information sought by this interrogatory.

1  Responding Party further objects to this interrogatory as compound.
2  This "interrogatory" contains multiple impermissible subparts, which
3  Propounding Party has propounded in an effort to circumvent the numerical
4  limitations on interrogatories provided by Federal Rule of Civil Procedure
5  33(a)(1).
6  Responding Party further objects to this interrogatory on the grounds
7  that it seeks information that is outside of Responding Party's knowledge.
8  Responding Party further objects to the extent that this interrogatory
9  invades attorney-client privilege and/or violates the work product doctrine by
10 compelling Responding Party to disclose privileged communications and/or
11 litigation strategy.  Responding Party will not provide any such information.
12 Responding Party further objects to this interrogatory as premature.
13 Because this interrogatory seeks or necessarily relies upon a contention,
14 and because this matter is in its early stages and pretrial discovery has only
15 just begun, Responding Party is unable to provide a response at this time,
16 nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014
17 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad*
18 *Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.
19 R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory
20 need not be answered until designated discovery is complete, or until a
21 pretrial conference or some other time.").
22 Based upon the foregoing objections, Responding Party will not
23 respond to this interrogatory at this time.
24 **INTERROGATORY NO. 11:**
25 IDENTIFY ALL PERSONS that have knowledge of any facts that
26 support plaintiffs' Seventh Cause of Action in the Complaint (Battery) against
27 BRANT BLAKEMAN, and for each such PERSON identified state all facts
28 you contend are within that PERSON's knowledge.

12755070.1

-15-                                    2:16-cv-02129-SJO (RAOx)

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party objects to this interrogatory as unduly burdensome, harassing, and duplicative of information disclosed in Responding Party's Rule 26(a) disclosures and supplemental disclosures. Propounding Party may look to Responding Party's Rule 26(a) disclosures and supplemental disclosures for the information sought by this interrogatory.

Responding Party further objects to this interrogatory as compound. This "interrogatory" contains multiple impermissible subparts, which Propounding Party has propounded in an effort to circumvent the numerical limitations on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

Responding Party further objects to this interrogatory on the grounds that it seeks information that is outside of Responding Party's knowledge.

Responding Party further objects to the extent that this interrogatory invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy.  Responding Party will not provide any such information.

Responding Party further objects to this interrogatory as premature. Because this interrogatory seeks or necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a response at this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").

Based upon the foregoing objections, Responding Party will not

1 | respond to this interrogatory at this time.

2 | **INTERROGATORY NO. 12:**

3 |     IDENTIFY ALL PERSONS that have knowledge of any facts that

4 | support plaintiffs' Eight Cause of Action in the Complaint (Negligence)

5 | against BRANT BLAKEMAN, and for each such PERSON identified state all

6 | facts you contend are within that PERSON's knowledge.

7 | **RESPONSE TO INTERROGATORY NO. 12:**

8 |     Responding Party objects to this interrogatory as unduly burdensome,

9 | harassing, and duplicative of information disclosed in Responding Party's

10 | Rule 26(a) disclosures and supplemental disclosures. Propounding Party

11 | may look to Responding Party's Rule 26(a) disclosures and supplemental

12 | disclosures for the information sought by this interrogatory.

13 |     Responding Party further objects to this interrogatory as compound.

14 | This "interrogatory" contains multiple impermissible subparts, which

15 | Propounding Party has propounded in an effort to circumvent the numerical

16 | limitations on interrogatories provided by Federal Rule of Civil Procedure

17 | 33(a)(1).

18 |     Responding Party further objects to this interrogatory on the grounds

19 | that it seeks information that is outside of Responding Party's knowledge.

20 |     Responding Party further objects to the extent that this interrogatory

21 | invades attorney-client privilege and/or violates the work product doctrine by

22 | compelling Responding Party to disclose privileged communications and/or

23 | litigation strategy.  Responding Party will not provide any such information.

24 |     Responding Party further objects to this interrogatory as premature.

25 | Because this interrogatory seeks or necessarily relies upon a contention,

26 | and because this matter is in its early stages and pretrial discovery has only

27 | just begun, Responding Party is unable to provide a response at this time,

28 | nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014

PLAINTIFF DIANA MILENA REED'S RESPONSE TO INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

195

1  WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad*
2  *Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.
3  R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory
4  need not be answered until designated discovery is complete, or until a
5  pretrial conference or some other time.").

6      Based upon the foregoing objections, Responding Party will not
7  respond to this interrogatory at this time.

8

9  DATED:  October 20, 2016          HANSON BRIDGETT LLP

10

11

12                                   By: _____
13                                       KURT A. FRANKLIN
                                         SAMANTHA D. WOLFF
14                                       CAROLINE ELIZABETH LEE
                                         TYSON M. SHOWER
15                                       LANDON D. BAILEY
                                         Attorneys for Plaintiffs CORY
16                                       SPENCER, DIANA MILENA REED, and
17                                       COASTAL PROTECTION RANGERS,
                                         INC.
18

19

20

21

22

23

24

25

26

27

28

12755070.1                          -18-                    2:16-cv-02129-SJO (RAOx)
PLAINTIFF DIANA MILENA REED'S RESPONSE TO INTERROGATORIES, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

196

## PROOF OF SERVICE
*Spencer, et al. v. Lunada Bay Boys, et al.*
U.S.D.C. for the Central District of California
Case No. 2:16-cv-02129-SJO (RAOx)

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 425 Market Street, 26th Floor, San Francisco, CA 94105.

On **October 20, 2016**, I served the original or a true copy of the following document(s) described as:

**PLAINTIFF DIANA MILENA REED'S RESPONSE TO INTERROGATORIES, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **October 20, 2016**, at San Francisco, California.

Ann D. Ghiorso

12755070.1

PROOF OF SERVICE

Case No. 2:16-cv-02129-SJO (RAOx)

197

## SERVICE LIST
### *Spencer, et al. v. Lunada Bay Boys, et al.*
### U.S.D.C. for the Central District of California
### Case No. 2:16-cv-02129-SJO (RAOx)

Robert T. Mackey, Esq.
Peter H. Crossin, Esq.
Richard P. Dieffenbach, Esq.
John P. Worgul, Esq.
VEATCH CARLSON, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017

*(Attorneys for Defendant BRANT BLAKEMAN)*

(served original)

Robert S. Cooper, Esq.
BUCHALTER NEMER, APC
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

*(Attorneys for Defendant BRANT BLAKEMAN)*

(served true copy)

J. Patrick Carey, Esq.
LAW OFFICES OF
 J. PATRICK CAREY
1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA 90266

*(Attorney for Defendant ALAN JOHNSTON a/k/a JALIAN JOHNSTON)*

(served true copy)

Peter T. Haven, Esq.
HAVEN LAW
1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA 90266

*(Attorney for Defendant MICHAEL RAY PAPAYANS)*

(served true copy)

Dana Alden Fox, Esq.
Edward E. Ward, Jr., Esq.
Eric Y. Kizirian, Esq.
Tera Lutz, Esq.
LEWIS BRISBOIS
 BISGAARD & SMITH LLP
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071

*(Attorneys for Defendant SANG LEE)*

(served true copy)

| | | |
|---|---|---|
| 1 | Daniel M. Crowley, Esq. | *(Attorneys for Defendant SANG LEE)* |
| 2 | BOOTH, MITCHEL & STRANGE LLP | (served true copy) |
| 3 | 707 Wilshire Blvd., Suite 4450 | |
| 4 | Los Angeles, CA  90017 | |
| 5 | Mark C. Fields, Esq. | *(Attorney for Defendant ANGELO* |
| 6 | LAW OFFICES OF MARK C. FIELDS, APC | *FERRARA and Defendant N. F. appearing through Guardian Ad Litem,* |
| 7 | 333 South Hope Street, 35th Floor | *Leonora Ferrara)* |
| 8 | Los Angeles, CA  90071 | (served true copy) |
| 9 | | |
| 10 | Thomas M. Phillip, Esq. | *(Attorneys for Defendant ANGELO* |
| | Aaron G. Miller, Esq. | *FERRARA)* |
| 11 | THE PHILLIPS FIRM | |
| 12 | 800 Wilshire Blvd., Suite 1550 | (served true copy) |
| | Los Angeles, CA  90017 | |
| 13 | | |
| 14 | Patrick Au, Esq. | *(Attorneys for Defendants FRANK* |
| 15 | Laura L. Bell, Esq. | *FERRARA and CHARLIE FERRARA)* |
| | BREMER WHYTE BROWN & O'MEARA, LLP | |
| 16 | 21271 Burbank Blvd., Suite 110 | (served true copy) |
| 17 | Woodland Hills, CA  91367 | |
| 18 | | |
| 19 | Edwin J. Richards, Esq. | *(Attorneys for Defendants CITY OF* |
| | Antoinette P. Hewitt, Esq. | *PALOS VERDES and CHIEF OF* |
| 20 | Rebecca L. Wilson, Esq. | *POLICE JEFF KEPLEY)* |
| 21 | Jacob Song, Esq. | |
| | Christopher D. Glos, Esq. | (served true copy) |
| 22 | KUTAK ROCK LLP | |
| 23 | 5 Park Plaza, Suite 1500 | |
| | Irvine, CA  92614-8595 | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Case No. 2:16-cv-02129-SJO (RAOx)

PROOF OF SERVICE

1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   CAROLINE LEE, SBN 293297
4  clee@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone: (415) 777-3200
6  Facsimile:  (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone: (916) 442-3333
11 Facsimile:  (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone: (310) 378-8533
16 Facsimile:  (310) 347-4225

17 Attorneys for Plaintiffs CORY
   SPENCER, DIANA MILENA REED,
18 and COASTAL PROTECTION
   RANGERS, INC.

19

20          UNITED STATES DISTRICT COURT

21     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

22

23 CORY SPENCER, an individual;          CASE NO. 2:16-cv-02129-SJO (RAOx)
   DIANA MILENA REED, an
24 individual; and COASTAL             PLAINTIFF COASTAL PROTECTION
   PROTECTION RANGERS, INC., a         RANGERS, INC.'S RESPONSE TO
25 California non-profit public benefit  INTERROGATORIES, SET ONE,
   corporation,                         PROPOUNDED BY DEFENDANT
26                                        BRANT BLAKEMAN
27
                 Plaintiffs,
28

12768940.1

2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO INTERROGATORIES,
SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

200

1

2           v.

3   LUNADA BAY BOYS; THE
    INDIVIDUAL MEMBERS OF THE
4   LUNADA BAY BOYS, including,
5   but not limited to, SANG LEE,
    BRANT BLAKEMAN, ALAN
6   JOHNSTON AKA JALIAN
7   JOHNSTON, MICHAEL RAE
    PAPAYANS, ANGELO FERRARA,
8   FRANK FERRARA, CHARLIE
9   FERRARA, and N. F.; CITY OF
    PALOS VERDES ESTATES;
10  CHIEF OF POLICE JEFF
11  KEPLEY, in his representative
    capacity; and DOES 1-10,
12

13          Defendants.

14

15  **PROPOUNDING PARTY:Defendant BRANT BLAKEMAN**

16  **RESPONDING PARTY:   Plaintiff COASTAL PROTECTION RANGERS,**

17                        **INC.**

18  **SET NO.:            One**

19          Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff

20  COASTAL PROTECTION RANGERS, INC. ("Responding Party") hereby

21  submits these objections and responses to Interrogatories, Set One,

22  propounded by Defendant BRANT BLAKEMAN ("Propounding Party").

23                      **PRELIMINARY STATEMENT**

24          Nothing in this response should be construed as an admission by

25  Responding Party with respect to the admissibility or relevance of any fact,

26  or of the truth or accuracy of any characterization or statement of any kind

27  contained in Propounding Party's Interrogatories. Responding Party has not

28  completed its investigation of the facts relating to this case, its discovery or

12768940.1                                    -2-                    2:16-cv-02129-SJO (RAOx)
PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO INTERROGATORIES,
SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

201

1  its preparation for trial. All responses and objections contained herein are

2  based only upon information that is presently available to and specifically

3  known by Responding Party. It is anticipated that further discovery,

4  independent investigation, legal research and analysis will supply additional

5  facts and add meaning to known facts, as well as establish entirely new

6  factual conclusions and legal contentions, all of which may lead to

7  substantial additions to, changes in and variations from the responses set

8  forth herein. The following objections and responses are made without

9  prejudice to Responding Party's right to produce at trial, or otherwise,

10  evidence regarding any subsequently discovered information. Responding

11  Party accordingly reserves the right to modify and amend any and all

12  responses herein as research is completed and contentions are made.

13  **RESPONSES TO INTERROGATORIES**

14  **INTERROGATORY NO. 1:**

15       IDENTIFY ALL PERSONS that have knowledge of any facts that

16  support your contention that BRANT BLAKEMAN participated in any way in

17  the "commission of enumerated 'predicate crimes'" as alleged in paragraph

18  5 of the Complaint, and for each such PERSON identified state all facts you

19  contend are within that PERSON's knowledge.

20  **RESPONSE TO INTERROGATORY NO. 1:**

21       Responding Party objects to this interrogatory as unduly burdensome,

22  harassing, and duplicative of information disclosed in Responding Party's

23  Rule 26(a) disclosures and supplemental disclosures. Propounding Party

24  may look to Responding Party's Rule 26(a) disclosures and supplemental

25  disclosures for the information sought by this interrogatory.

26       Responding Party further objects to this interrogatory as compound.

27  This "interrogatory" contains multiple impermissible subparts, which

28  Propounding Party has propounded in an effort to circumvent the numerical

1 | limitations on interrogatories provided by Federal Rule of Civil Procedure
2 | 33(a)(1).
3 |       Responding Party further objects to this interrogatory on the grounds
4 | that it seeks information that is outside of Responding Party's knowledge.
5 |       Responding Party further objects to the extent that this interrogatory
6 | invades attorney-client privilege and/or violates the work product doctrine by
7 | compelling Responding Party to disclose privileged communications and/or
8 | litigation strategy.  Responding Party will not provide any such information.
9 |       Responding Party further objects to this interrogatory as premature.
10 | Because this interrogatory seeks or necessarily relies upon a contention,
11 | and because this matter is in its early stages and pretrial discovery has only
12 | just begun, Responding Party is unable to provide a response at this time,
13 | nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014
14 | WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad*
15 | *Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.
16 | R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory
17 | need not be answered until designated discovery is complete, or until a
18 | pretrial conference or some other time.").
19 |       Based upon the foregoing objections, Responding Party will not
20 | respond to this interrogatory at this time.
21 | **INTERROGATORY NO. 2:**
22 |       IDENTIFY ALL PERSONS that have knowledge of any facts that
23 | support your contention in paragraph 7 of the Complaint that BRANT
24 | BLAKEMAN "is responsible in some manner for the Bane Act violations and
25 | public nuisance described in the Complaint" and for each such PERSON
26 | identified state all facts you contend are within that PERSON's knowledge.
27 | **RESPONSE TO INTERROGATORY NO. 2:**
28 |       Responding Party objects to this interrogatory as unduly burdensome,

-4-
2:16-cv-02129-SJO (RAOx)

1  harassing, and duplicative of information disclosed in Responding Party's

2  Rule 26(a) disclosures and supplemental disclosures. Propounding Party

3  may look to Responding Party's Rule 26(a) disclosures and supplemental

4  disclosures for the information sought by this interrogatory.

5       Responding Party further objects to this interrogatory as compound.

6  This "interrogatory" contains multiple impermissible subparts, which

7  Propounding Party has propounded in an effort to circumvent the numerical

8  limitations on interrogatories provided by Federal Rule of Civil Procedure

9  33(a)(1).

10      Responding Party further objects to this interrogatory on the grounds

11  that it seeks information that is outside of Responding Party's knowledge.

12      Responding Party further objects to the extent that this interrogatory

13  invades attorney-client privilege and/or violates the work product doctrine by

14  compelling Responding Party to disclose privileged communications and/or

15  litigation strategy.  Responding Party will not provide any such information.

16      Responding Party further objects to this interrogatory as premature.

17  Because this interrogatory seeks or necessarily relies upon a contention,

18  and because this matter is in its early stages and pretrial discovery has only

19  just begun, Responding Party is unable to provide a response at this time,

20  nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014

21  WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad

22  Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.

23  R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory

24  need not be answered until designated discovery is complete, or until a

25  pretrial conference or some other time.").

26      Based upon the foregoing objections, Responding Party will not

27  respond to this interrogatory at this time.

28  / / /

**INTERROGATORY NO. 3:**

IDENTIFY ALL PERSONS that have knowledge of any facts that support your contention in paragraph 18 of the Complaint that BRANT BLAKEMAN "sell[s] market[s] and use[s] illegal controlled substances from the Lunada Bay Bluffs and the Rock Fort" and for each such PERSON identified state all facts you contend are within the PERSON's knowledge.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party objects to this interrogatory as unduly burdensome, harassing, and duplicative of information disclosed in Responding Party's Rule 26(a) disclosures and supplemental disclosures. Propounding Party may look to Responding Party's Rule 26(a) disclosures and supplemental disclosures for the information sought by this interrogatory.

Responding Party further objects to this interrogatory as compound. This "interrogatory" contains multiple impermissible subparts, which Propounding Party has propounded in an effort to circumvent the numerical limitations on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

Responding Party further objects to this interrogatory on the grounds that it seeks information that is outside of Responding Party's knowledge.

Responding Party further objects to the extent that this interrogatory invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy.  Responding Party will not provide any such information.

Responding Party further objects to this interrogatory as premature. Because this interrogatory seeks or necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a response at this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.,* 2014

1  WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad*

2  *Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.

3  R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory

4  need not be answered until designated discovery is complete, or until a

5  pretrial conference or some other time.").

6      Based upon the foregoing objections, Responding Party will not

7  respond to this interrogatory at this time.

8  **INTERROGATORY NO. 4:**

9      IDENTIFY ALL PERSONS that have knowledge of any facts that

10  support your contention in paragraph 18 of the Complaint that BRANT

11  BLAKEMAN "impede[d] boat traffic" at any time, and for each such PERSON

12  identified state all facts you contend are within that PERSON's knowledge.

13  **RESPONSE TO INTERROGATORY NO. 4:**

14      Responding Party objects to this interrogatory as unduly burdensome,

15  harassing, and duplicative of information disclosed in Responding Party's

16  Rule 26(a) disclosures and supplemental disclosures. Propounding Party

17  may look to Responding Party's Rule 26(a) disclosures and supplemental

18  disclosures for the information sought by this interrogatory.

19      Responding Party further objects to this interrogatory as compound.

20  This "interrogatory" contains multiple impermissible subparts, which

21  Propounding Party has propounded in an effort to circumvent the numerical

22  limitations on interrogatories provided by Federal Rule of Civil Procedure

23  33(a)(1).

24      Responding Party further objects to this interrogatory on the grounds

25  that it seeks information that is outside of Responding Party's knowledge.

26      Responding Party further objects to the extent that this interrogatory

27  invades attorney-client privilege and/or violates the work product doctrine by

28  compelling Responding Party to disclose privileged communications and/or

-7-

2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO INTERROGATORIES, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

1  litigation strategy.  Responding Party will not provide any such information.

2         Responding Party further objects to this interrogatory as premature.

3  Because this interrogatory seeks or necessarily relies upon a contention,

4  and because this matter is in its early stages and pretrial discovery has only

5  just begun, Responding Party is unable to provide a response at this time,

6  nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014

7  WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad

8  Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.

9  R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory

10  need not be answered until designated discovery is complete, or until a

11  pretrial conference or some other time.").

12         Based upon the foregoing objections, Responding Party will not

13  respond to this interrogatory at this time.

14  **INTERROGATORY NO. 5:**

15         IDENTIFY ALL PERSONS that have knowledge of any facts that

16  support your contention in paragraph 18 of the Complaint that BRANT

17  BLAKEMAN "dangerously disregard[ed] surfing rules" at any time, and for

18  each such PERSON identified state all facts you contend are within that

19  PERSON's knowledge.

20  **RESPONSE TO INTERROGATORY NO. 5:**

21         Responding Party objects to this interrogatory as unduly burdensome,

22  harassing, and duplicative of information disclosed in Responding Party's

23  Rule 26(a) disclosures and supplemental disclosures. Propounding Party

24  may look to Responding Party's Rule 26(a) disclosures and supplemental

25  disclosures for the information sought by this interrogatory.

26         Responding Party further objects to this interrogatory as compound.

27  This "interrogatory" contains multiple impermissible subparts, which

28  Propounding Party has propounded in an effort to circumvent the numerical

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO INTERROGATORIES,
SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

1    limitations on interrogatories provided by Federal Rule of Civil Procedure
2    33(a)(1).

3          Responding Party further objects to this interrogatory on the grounds
4    that it seeks information that is outside of Responding Party's knowledge.

5          Responding Party further objects to the extent that this interrogatory
6    invades attorney-client privilege and/or violates the work product doctrine by
7    compelling Responding Party to disclose privileged communications and/or
8    litigation strategy.  Responding Party will not provide any such information.

9          Responding Party further objects to this interrogatory as premature.
10   Because this interrogatory seeks or necessarily relies upon a contention,
11   and because this matter is in its early stages and pretrial discovery has only
12   just begun, Responding Party is unable to provide a response at this time,
13   nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014
14   WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad*
15   *Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.
16   R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory
17   need not be answered until designated discovery is complete, or until a
18   pretrial conference or some other time.").

19         Based upon the foregoing objections, Responding Party will not
20   respond to this interrogatory at this time.

21   **INTERROGATORY NO. 6:**

22         IDENTIFY ALL PERSONS that have knowledge of any facts that
23   support your contention that BRANT BLAKEMAN has illegally extorted
24   money from beachgoers who wish to use Lunada Bay for recreational
25   purposes (See paragraph 33j. of the Complaint), and for each such
26   PERSON identified state all facts you contend are within that PERSON's
27   knowledge.

28   / / /

12768940.1                                    -9-                    2:16-cv-02129-SJO (RAOx)
PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO INTERROGATORIES,
SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

208

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party objects to this interrogatory as unduly burdensome, harassing, and duplicative of information disclosed in Responding Party's Rule 26(a) disclosures and supplemental disclosures. Propounding Party may look to Responding Party's Rule 26(a) disclosures and supplemental disclosures for the information sought by this interrogatory.

Responding Party further objects to this interrogatory as compound. This "interrogatory" contains multiple impermissible subparts, which Propounding Party has propounded in an effort to circumvent the numerical limitations on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

Responding Party further objects to this interrogatory on the grounds that it seeks information that is outside of Responding Party's knowledge.

Responding Party further objects to the extent that this interrogatory invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy.  Responding Party will not provide any such information.

Responding Party further objects to this interrogatory as premature. Because this interrogatory seeks or necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a response at this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").

Based upon the foregoing objections, Responding Party will not

12768940.1
-10-                                    2:16-cv-02129-SJO (RAOx)
PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO INTERROGATORIES, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

209

1 | respond to this interrogatory at this time.

2 | **INTERROGATORY NO. 7:**

3 |      IDENTIFY ALL PERSONS that have knowledge of any facts that

4 | support your contention that BRANT BLAKEMAN was a part of a Civil

5 | Conspiracy as identified in your complaint in paragraphs 51 through 53, and

6 | for each such PERSON identified state all facts you contend are within that

7 | PERSON's knowledge.

8 | **RESPONSE TO INTERROGATORY NO. 7:**

9 |      Responding Party objects to this interrogatory as unduly burdensome,

10 | harassing, and duplicative of information disclosed in Responding Party's

11 | Rule 26(a) disclosures and supplemental disclosures. Propounding Party

12 | may look to Responding Party's Rule 26(a) disclosures and supplemental

13 | disclosures for the information sought by this interrogatory.

14 |      Responding Party further objects to this interrogatory as compound.

15 | This "interrogatory" contains multiple impermissible subparts, which

16 | Propounding Party has propounded in an effort to circumvent the numerical

17 | limitations on interrogatories provided by Federal Rule of Civil Procedure

18 | 33(a)(1).

19 |      Responding Party further objects to this interrogatory on the grounds

20 | that it seeks information that is outside of Responding Party's knowledge.

21 |      Responding Party further objects to the extent that this interrogatory

22 | invades attorney-client privilege and/or violates the work product doctrine by

23 | compelling Responding Party to disclose privileged communications and/or

24 | litigation strategy.  Responding Party will not provide any such information.

25 |      Responding Party further objects to this interrogatory as premature.

26 | Because this interrogatory seeks or necessarily relies upon a contention,

27 | and because this matter is in its early stages and pretrial discovery has only

28 | just begun, Responding Party is unable to provide a response at this time,

12768940.1

-11-

2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO INTERROGATORIES, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

210

1  nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014

2  WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad*

3  *Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.

4  R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory

5  need not be answered until designated discovery is complete, or until a

6  pretrial conference or some other time.").

7        Based upon the foregoing objections, Responding Party will not

8  respond to this interrogatory at this time.

9  **INTERROGATORY NO. 8:**

10        IDENTIFY ALL PERSONS that have knowledge of any facts that

11  support plaintiffs' First Cause of Action in the Complaint (Bane Act

12  Violations) against BRANT BLAKEMAN, and for each such PERON

13  identified state all facts you contend are within that PERSON's knowledge.

14  **RESPONSE TO INTERROGATORY NO. 8:**

15        Responding Party objects to this interrogatory as unduly burdensome,

16  harassing, and duplicative of information disclosed in Responding Party's

17  Rule 26(a) disclosures and supplemental disclosures. Propounding Party

18  may look to Responding Party's Rule 26(a) disclosures and supplemental

19  disclosures for the information sought by this interrogatory.

20        Responding Party further objects to this interrogatory as compound.

21  This "interrogatory" contains multiple impermissible subparts, which

22  Propounding Party has propounded in an effort to circumvent the numerical

23  limitations on interrogatories provided by Federal Rule of Civil Procedure

24  33(a)(1).

25        Responding Party further objects to this interrogatory on the grounds

26  that it seeks information that is outside of Responding Party's knowledge.

27        Responding Party further objects to the extent that this interrogatory

28  invades attorney-client privilege and/or violates the work product doctrine by

12768940.1
-12-
2:16-cv-02129-SJO (RAOx)

211

1 | compelling Responding Party to disclose privileged communications and/or

2 | litigation strategy.  Responding Party will not provide any such information.

3 |       Responding Party further objects to this interrogatory as premature.

4 | Because this interrogatory seeks or necessarily relies upon a contention,

5 | and because this matter is in its early stages and pretrial discovery has only

6 | just begun, Responding Party is unable to provide a response at this time,

7 | nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014

8 | WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad*

9 | *Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.

10 | R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory

11 | need not be answered until designated discovery is complete, or until a

12 | pretrial conference or some other time.").

13 |       Based upon the foregoing objections, Responding Party will not

14 | respond to this interrogatory at this time.

15 | **INTERROGATORY NO. 9:**

16 |       IDENTIFY ALL PERSONS that have knowledge of any facts that

17 | support plaintiffs' Second Cause of Action in the Complaint (Public

18 | Nuisance) against BRANT BLAKEMAN, and for each such PERSON

19 | identified state all facts you contend are within that PERSON's knowledge.

20 | **RESPONSE TO INTERROGATORY NO. 9:**

21 |       Responding Party objects to this interrogatory as unduly burdensome,

22 | harassing, and duplicative of information disclosed in Responding Party's

23 | Rule 26(a) disclosures and supplemental disclosures. Propounding Party

24 | may look to Responding Party's Rule 26(a) disclosures and supplemental

25 | disclosures for the information sought by this interrogatory.

26 |       Responding Party further objects to this interrogatory as compound.

27 | This "interrogatory" contains multiple impermissible subparts, which

28 | Propounding Party has propounded in an effort to circumvent the numerical

12768940.1
-13-
2:16-cv-02129-SJO (RAOx)
PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO INTERROGATORIES,
SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

212

1 | limitations on interrogatories provided by Federal Rule of Civil Procedure
2 | 33(a)(1).

3 |      Responding Party further objects to this interrogatory on the grounds
4 | that it seeks information that is outside of Responding Party's knowledge.

5 |      Responding Party further objects to the extent that this interrogatory
6 | invades attorney-client privilege and/or violates the work product doctrine by
7 | compelling Responding Party to disclose privileged communications and/or
8 | litigation strategy.  Responding Party will not provide any such information.

9 |      Responding Party further objects to this interrogatory as premature.
10 | Because this interrogatory seeks or necessarily relies upon a contention,
11 | and because this matter is in its early stages and pretrial discovery has only
12 | just begun, Responding Party is unable to provide a response at this time,
13 | nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014
14 | WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad*
15 | *Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.
16 | R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory
17 | need not be answered until designated discovery is complete, or until a
18 | pretrial conference or some other time.").

19 |      Based upon the foregoing objections, Responding Party will not
20 | respond to this interrogatory at this time.

21 | **INTERROGATORY NO. 10:**

22 |      IDENTIFY ALL PERSONS that have knowledge of any facts that
23 | support plaintiffs' Sixth Cause of Action in the Complaint (Assault) against
24 | BRANT BLAKEMAN, and for each such PERSON identified state all facts
25 | you contend are within that PERSON's knowledge.

26 | **RESPONSE TO INTERROGATORY NO. 10:**

27 |      Responding Party objects to this interrogatory as unduly burdensome,
28 | harassing, and duplicative of information disclosed in Responding Party's

-14-

1   Rule 26(a) disclosures and supplemental disclosures. Propounding Party

2   may look to Responding Party's Rule 26(a) disclosures and supplemental

3   disclosures for the information sought by this interrogatory.

4       Responding Party further objects to this interrogatory as compound.

5   This "interrogatory" contains multiple impermissible subparts, which

6   Propounding Party has propounded in an effort to circumvent the numerical

7   limitations on interrogatories provided by Federal Rule of Civil Procedure

8   33(a)(1).

9       Responding Party further objects to this interrogatory on the grounds

10   that it seeks information that is outside of Responding Party's knowledge.

11       Responding Party further objects to the extent that this interrogatory

12   invades attorney-client privilege and/or violates the work product doctrine by

13   compelling Responding Party to disclose privileged communications and/or

14   litigation strategy.  Responding Party will not provide any such information.

15       Responding Party further objects to this interrogatory as premature.

16   Because this interrogatory seeks or necessarily relies upon a contention,

17   and because this matter is in its early stages and pretrial discovery has only

18   just begun, Responding Party is unable to provide a response at this time,

19   nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014

20   WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad*

21   *Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.

22   R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory

23   need not be answered until designated discovery is complete, or until a

24   pretrial conference or some other time.").

25       Based upon the foregoing objections, Responding Party will not

26   respond to this interrogatory at this time.

27   **INTERROGATORY NO. 11:**

28       IDENTIFY ALL PERSONS that have knowledge of any facts that

-15-
PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO INTERROGATORIES,
SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

1 | support plaintiffs' Seventh Cause of Action in the Complaint (Battery) against
2 | BRANT BLAKEMAN, and for each such PERSON identified state all facts
3 | you contend are within that PERSON's knowledge.

4 | **RESPONSE TO INTERROGATORY NO. 11:**

5 | Responding Party objects to this interrogatory as unduly burdensome,
6 | harassing, and duplicative of information disclosed in Responding Party's
7 | Rule 26(a) disclosures and supplemental disclosures. Propounding Party
8 | may look to Responding Party's Rule 26(a) disclosures and supplemental
9 | disclosures for the information sought by this interrogatory.

10 | Responding Party further objects to this interrogatory as compound.
11 | This "interrogatory" contains multiple impermissible subparts, which
12 | Propounding Party has propounded in an effort to circumvent the numerical
13 | limitations on interrogatories provided by Federal Rule of Civil Procedure
14 | 33(a)(1).

15 | Responding Party further objects to this interrogatory on the grounds
16 | that it seeks information that is outside of Responding Party's knowledge.

17 | Responding Party further objects to the extent that this interrogatory
18 | invades attorney-client privilege and/or violates the work product doctrine by
19 | compelling Responding Party to disclose privileged communications and/or
20 | litigation strategy.  Responding Party will not provide any such information.

21 | Responding Party further objects to this interrogatory as premature.
22 | Because this interrogatory seeks or necessarily relies upon a contention,
23 | and because this matter is in its early stages and pretrial discovery has only
24 | just begun, Responding Party is unable to provide a response at this time,
25 | nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014
26 | WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad
27 | Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.
28 | R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory

1  need not be answered until designated discovery is complete, or until a

2  pretrial conference or some other time.").

3          Based upon the foregoing objections, Responding Party will not

4  respond to this interrogatory at this time.

5  **INTERROGATORY NO. 12:**

6          IDENTIFY ALL PERSONS that have knowledge of any facts that

7  support plaintiffs' Eight Cause of Action in the Complaint (Negligence)

8  against BRANT BLAKEMAN, and for each such PERSON identified state all

9  facts you contend are within that PERSON's knowledge.

10 **RESPONSE TO INTERROGATORY NO. 12:**

11         Responding Party objects to this interrogatory as unduly burdensome,

12 harassing, and duplicative of information disclosed in Responding Party's

13 Rule 26(a) disclosures and supplemental disclosures. Propounding Party

14 may look to Responding Party's Rule 26(a) disclosures and supplemental

15 disclosures for the information sought by this interrogatory.

16         Responding Party further objects to this interrogatory as compound.

17 This "interrogatory" contains multiple impermissible subparts, which

18 Propounding Party has propounded in an effort to circumvent the numerical

19 limitations on interrogatories provided by Federal Rule of Civil Procedure

20 33(a)(1).

21         Responding Party further objects to this interrogatory on the grounds

22 that it seeks information that is outside of Responding Party's knowledge.

23         Responding Party further objects to the extent that this interrogatory

24 invades attorney-client privilege and/or violates the work product doctrine by

25 compelling Responding Party to disclose privileged communications and/or

26 litigation strategy.  Responding Party will not provide any such information.

27         Responding Party further objects to this interrogatory as premature.

28 Because this interrogatory seeks or necessarily relies upon a contention,

1  and because this matter is in its early stages and pretrial discovery has only
2  just begun, Responding Party is unable to provide a response at this time,
3  nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014
4  WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad*
5  *Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see also* Fed.
6  R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory
7  need not be answered until designated discovery is complete, or until a
8  pretrial conference or some other time.").
9        Based upon the foregoing objections, Responding Party will not
10 respond to this interrogatory at this time.
11
12 DATED: October 20, 2016            HANSON BRIDGETT LLP
13
14
15 By: _____
16        KURT A. FRANKLIN
        SAMANTHA D. WOLFF
17      CAROLINE ELIZABETH LEE
        TYSON M. SHOWER
18      LANDON D. BAILEY
        Attorneys for Plaintiffs CORY
19      SPENCER, DIANA MILENA REED, and
20      COASTAL PROTECTION RANGERS,
        INC.
21
22
23
24
25
26
27
28

12768940.1                    -18-                    2:16-cv-02129-SJO (RAOx)
PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO INTERROGATORIES,
SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

217

**PROOF OF SERVICE**
*Spencer, et al. v. Lunada Bay Boys, et al.*
U.S.D.C. for the Central District of California
Case No. 2:16-cv-02129-SJO (RAOx)

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 425 Market Street, 26th Floor, San Francisco, CA 94105.

On **October 20, 2016**, I served the original or a true copy of the following document(s) described as:

**PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO INTERROGATORIES, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **October 20, 2016**, at San Francisco, California.

*Ann D. Ghiorso*
Ann D. Ghiorso

Case No. 2:16-cv-02129-SJO (RAOx)

12749598.1

218

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SERVICE LIST**
*Spencer, et al. v. Lunada Bay Boys, et al.*
U.S.D.C. for the Central District of California
Case No. 2:16-cv-02129-SJO (RAOx)

Robert T. Mackey, Esq.
Peter H. Crossin, Esq.
Richard P. Dieffenbach, Esq.
John P. Worgul, Esq.
VEATCH CARLSON, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA  90017

*(Attorneys for Defendant BRANT BLAKEMAN)*

(served original)

Robert S. Cooper, Esq.
BUCHALTER NEMER, APC
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA  90017

*(Attorneys for Defendant BRANT BLAKEMAN)*

(served true copy)

J. Patrick Carey, Esq.
LAW OFFICES OF
 J. PATRICK CAREY
1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA  90266

*(Attorney for Defendant ALAN JOHNSTON a/k/a JALIAN JOHNSTON)*

(served true copy)

Peter T. Haven, Esq.
HAVEN LAW
1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA  90266

*(Attorney for Defendant MICHAEL RAY PAPAYANS)*

(served true copy)

Dana Alden Fox, Esq.
Edward E. Ward, Jr., Esq.
Eric Y. Kizirian, Esq.
Tera Lutz, Esq.
LEWIS BRISBOIS
 BISGAARD & SMITH LLP
633 W. 5th Street, Suite 4000
Los Angeles, CA  90071

*(Attorneys for Defendant SANG LEE)*

(served true copy)

Case No. 2:16-cv-02129-SJO (RAOx)

PROOF OF SERVICE

| | | |
|---|---|---|
| 1 | Daniel M. Crowley, Esq. | *(Attorneys for Defendant SANG LEE)* |
| 2 | BOOTH, MITCHEL & STRANGE LLP | (served true copy) |
| 3 | 707 Wilshire Blvd., Suite 4450 | |
| 4 | Los Angeles, CA  90017 | |
| 5 | Mark C. Fields, Esq. | *(Attorney for Defendant ANGELO* |
| 6 | LAW OFFICES OF MARK C. FIELDS, APC | *FERRARA and Defendant N. F. appearing through Guardian Ad Litem,* |
| 7 | 333 South Hope Street, 35th Floor | *Leonora Ferrara)* |
| 8 | Los Angeles, CA  90071 | (served true copy) |
| 9 | | |
| 10 | Thomas M. Phillip, Esq. Aaron G. Miller, Esq. | *(Attorneys for Defendant ANGELO FERRARA)* |
| 11 | THE PHILLIPS FIRM | |
| 12 | 800 Wilshire Blvd., Suite 1550 Los Angeles, CA  90017 | (served true copy) |
| 13 | | |
| 14 | Patrick Au, Esq. | *(Attorneys for Defendants FRANK* |
| 15 | Laura L. Bell, Esq. BREMER WHYTE | *FERRARA and CHARLIE FERRARA)* |
| 16 | BROWN & O'MEARA, LLP | (served true copy) |
| 17 | 21271 Burbank Blvd., Suite 110 Woodland Hills, CA  91367 | |
| 18 | | |
| 19 | Edwin J. Richards, Esq. Antoinette P. Hewitt, Esq. | *(Attorneys for Defendants CITY OF PALOS VERDES and CHIEF OF* |
| 20 | Rebecca L. Wilson, Esq. | *POLICE JEFF KEPLEY)* |
| 21 | Jacob Song, Esq. Christopher D. Glos, Esq. | (served true copy) |
| 22 | KUTAK ROCK LLP | |
| 23 | 5 Park Plaza, Suite 1500 Irvine, CA  92614-8595 | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Case No. 2:16-cv-02129-SJO (RAOx)

PROOF OF SERVICE

# EXHIBIT 10

RTM-JPN-RPD

1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   CAROLINE LEE, SBN 293297
4  clee@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone: (415) 777-3200
6  Facsimile:  (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone: (916) 442-3333
11 Facsimile:  (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone: (310) 378-8533
16 Facsimile:  (310) 347-4225

17 Attorneys for Plaintiffs CORY
   SPENCER, DIANA MILENA REED,
18 and COASTAL PROTECTION
   RANGERS, INC.

19

20              UNITED STATES DISTRICT COURT

21        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

22

23 CORY SPENCER, an individual;      CASE NO. 2:16-cv-02129-SJO (RAOx)
   DIANA MILENA REED, an
24 individual; and COASTAL          PLAINTIFF CORY SPENCER'S
   PROTECTION RANGERS, INC., a      RESPONSE TO REQUEST FOR
25 California non-profit public benefit  PRODUCTION OF DOCUMENTS,
   corporation,                     SET ONE, PROPOUNDED BY
26                                  DEFENDANT BRANT BLAKEMAN
27
28              Plaintiffs.

                                    -1-        Case No. 2:16-cv-02129-SJO (RAOx)

12755168.1

v.

LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including, but not limited to, SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,

Defendants.

**PROPOUNDING PARTY:** Defendant BRANT BLAKEMAN

**RESPONDING PARTY:**   Plaintiff CORY SPENCER

**SET NO.:**                    One

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff CORY SPENCER ("Responding Party") submits these responses and objections to Request for Production, Set One, propounded by Defendant BRANT BLAKEMAN ("Propounding Party").

**PRELIMINARY STATEMENT**

Nothing in this response should be construed as an admission by Responding Party with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's Request for Production. Responding Party has not completed its investigation of the facts relating to this case, its discovery or its preparation for trial. All responses and

-2-                      Case No. 2:16-cv-02129-SJO (RAOx)

1  objections contained herein are based only upon such information and such

2  documents that are presently available to and specifically known by

3  Responding Party. It is anticipated that further discovery, independent

4  investigation, legal research and analysis will supply additional facts and add

5  meaning to known facts, as well as establish entirely new factual

6  conclusions and legal contentions, all of which may lead to substantial

7  additions to, changes in and variations from the responses set forth herein.

8  The following objections and responses are made without prejudice to

9  Responding Party's right to produce at trial, or otherwise, evidence

10  regarding any subsequently discovered documents. Responding Party

11  accordingly reserves the right to modify and amend any and all responses

12  herein as research is completed and contentions are made.

13  **RESPONSES TO REQUEST FOR PRODUCTION**

14  **REQUEST FOR PRODUCTION NO. 1:**

15  　　　　Any and all DOCUMENTS that support your contention that any [sic]

16  BRANT BLAKEMAN participated in any way in the "commission of

17  enumerated 'predicate crimes'" as alleged in paragraph 5 of the Complaint.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

19  　　　　Responding Party objects to this request for production as premature.

20  Because this request for production necessarily relies upon a contention,

21  and because this matter is in its early stages and pretrial discovery has only

22  just begun, Responding Party is unable to provide a complete response at

23  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

24  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

25  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

26  at *1-2.

27  　　　　Responding Party further objects to this request on the grounds that it

28  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

-3-　　　　　　　　　　　　　　　　　Case No. 2:16-cv-02129-SJO (RAOx)

12755168.1

1  with reasonable particularity each item or category of items to be inspected."
2  Propounding Party's request for production does not describe an item or
3  category of items with reasonable particularity.

4       Responding Party further objects to the extent that this request for
5  production invades attorney-client privilege and/or violates the work product
6  doctrine by compelling Responding Party to disclose privileged
7  communications and/or litigation strategy. Responding Party will not provide
8  any such information.

9       Subject to and without waiver of the foregoing objections, Responding
10 Party responds as follows:

11      Responding Party will produce all responsive documents within its
12 possession, custody, or control.

13 **REQUEST FOR PRODUCTION NO. 2:**

14      Any and all DOCUMENTS that support your contention in paragraph 7
15 of the Complaint that BRANT BLAKEMAN "is responsible in some manner
16 for the Bane Act violations and public nuisance described in the Complaint."

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

18      Responding Party objects to this request for production as premature.
19 Because this request for production necessarily relies upon a contention,
20 and because this matter is in its early stages and pretrial discovery has only
21 just begun, Responding Party is unable to provide a complete response at
22 this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
23 *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
24 *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
25 at *1-2.

26      Responding Party further objects to this request on the grounds that it
27 violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
28 with reasonable particularity each item or category of items to be inspected."

-4-                                    Case No. 2:16-cv-02129-SJO (RAOx)

12755168.1

224

1  Propounding Party's request for production does not describe an item or
2  category of items with reasonable particularity.

3      Responding Party further objects to the extent that this request for
4  production invades attorney-client privilege and/or violates the work product
5  doctrine by compelling Responding Party to disclose privileged
6  communications and/or litigation strategy. Responding Party will not provide
7  any such information.

8      Subject to and without waiver of the foregoing objections, Responding
9  Party responds as follows:

10     Responding Party will produce all responsive documents within its
11 possession, custody, or control.

12 **REQUEST FOR PRODUCTION NO. 3:**

13     Any and all DOCUMENTS that support your contention in paragraph
14 18 of the Complaint that BRANT BLAKEMAN "sell[s] market[s] and use[s]
15 illegal controlled substances from the Lunada Bay Bluffs and the Rock Fort."

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

17     Responding Party objects to this request for production as premature.
18 Because this request for production necessarily relies upon a contention,
19 and because this matter is in its early stages and pretrial discovery has only
20 just begun, Responding Party is unable to provide a complete response at
21 this time, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et
22 al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.
23 Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
24 at *1-2.

25     Responding Party further objects to this request on the grounds that it
26 violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
27 with reasonable particularity each item or category of items to be inspected."

28

-5-                    Case No. 2:16-cv-02129-SJO (RAOx)

1 | Propounding Party's request for production does not describe an item or
2 | category of items with reasonable particularity.

3 | Responding Party further objects to the extent that this request for
4 | production invades attorney-client privilege and/or violates the work product
5 | doctrine by compelling Responding Party to disclose privileged
6 | communications and/or litigation strategy. Responding Party will not provide
7 | any such information.

8 | Subject to and without waiver of the foregoing objections, Responding
9 | Party responds as follows:

10 | Responding Party will produce all responsive documents within its
11 | possession, custody, or control.

12 | **REQUEST FOR PRODUCTION NO. 4:**

13 | Any and all DOCUMENTS that support your contention in paragraph
14 | 18 of the Complaint that BRANT BLAKEMAN "impede[d] boat traffic" at any
15 | time.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

17 | Responding Party objects to this request for production as premature.
18 | Because this request for production necessarily relies upon a contention,
19 | and because this matter is in its early stages and pretrial discovery has only
20 | just begun, Responding Party is unable to provide a complete response at
21 | this time, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et*
22 | *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
23 | *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
24 | at *1-2.

25 | Responding Party further objects to this request on the grounds that it
26 | violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
27 | with reasonable particularity each item or category of items to be inspected."

28 |

-6-                Case No. 2:16-cv-02129-SJO (RAOx)

1 | Propounding Party's request for production does not describe an item or
2 | category of items with reasonable particularity.

3 |     Responding Party further objects to the extent that this request for
4 | production invades attorney-client privilege and/or violates the work product
5 | doctrine by compelling Responding Party to disclose privileged
6 | communications and/or litigation strategy. Responding Party will not provide
7 | any such information.

8 |     Subject to and without waiver of the foregoing objections, Responding
9 | Party responds as follows:

10 |     Responding Party will produce all responsive documents within its
11 | possession, custody, or control.

12 | **REQUEST FOR PRODUCTION NO. 5:**

13 |     Any and all DOCUMENTS that support your contention in paragraph
14 | 18 of the Complaint that BRANT BLAKEMAN "dangerously disregard[ed]
15 | surfing rules" at any time.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

17 |     Responding Party objects to this request for production as premature.
18 | Because this request for production necessarily relies upon a contention,
19 | and because this matter is in its early stages and pretrial discovery has only
20 | just begun, Responding Party is unable to provide a complete response at
21 | this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
22 | *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
23 | *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
24 | at *1-2.

25 |     Responding Party further objects to this request on the grounds that it
26 | violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
27 | with reasonable particularity each item or category of items to be inspected."

28 |

-7-      Case No. 2:16-cv-02129-SJO (RAOx)

1 | Propounding Party's request for production does not describe an item or
2 | category of items with reasonable particularity.

3 |      Responding Party further objects to the extent that this request for
4 | production invades attorney-client privilege and/or violates the work product
5 | doctrine by compelling Responding Party to disclose privileged
6 | communications and/or litigation strategy. Responding Party will not provide
7 | any such information.

8 |      Subject to and without waiver of the foregoing objections, Responding
9 | Party responds as follows:

10 |      Responding Party will produce all responsive documents within its
11 | possession, custody, or control.

12 | **REQUEST FOR PRODUCTION NO. 6:**

13 |      Any and all DOCUMENTS that support your contention that BRANT
14 | BLAKEMAN has illegally extorted money from beachgoers who wish to use
15 | Lunada Bay for recreational purposes. (See paragraph 33 j. of the
16 | Complaint.)

17 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

18 |      Responding Party objects to this request for production as premature.
19 | Because this request for production necessarily relies upon a contention,
20 | and because this matter is in its early stages and pretrial discovery has only
21 | just begun, Responding Party is unable to provide a complete response at
22 | this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
23 | *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
24 | *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
25 | at *1-2.

26 |      Responding Party further objects to this request on the grounds that it
27 | violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
28 | with reasonable particularity each item or category of items to be inspected."

Case No. 2:16-cv-02129-SJO (RAOx)

12755168.1

1 | Propounding Party's request for production does not describe an item or
2 | category of items with reasonable particularity.

3 | Responding Party further objects to the extent that this request for
4 | production invades attorney-client privilege and/or violates the work product
5 | doctrine by compelling Responding Party to disclose privileged
6 | communications and/or litigation strategy. Responding Party will not provide
7 | any such information.

8 | Subject to and without waiver of the foregoing objections, Responding
9 | Party responds as follows:

10 | Responding Party has conducted a diligent search and is not presently
11 | aware of any responsive documents within Responding Party's possession,
12 | custody, or control.  Discovery is ongoing, and this contention-based
13 | interrogatory is poorly defined and premature.  Thus, Responding Party
14 | reserves the right to amend this response at the appropriate time in the
15 | future if necessary.

16 | **REQUEST FOR PRODUCTION NO. 7:**

17 | Any and all DOCUMENTS that support your contention that BRANT
18 | BLAKEMAN was a part of Civil Conspiracy as identified in your complaint in
19 | paragraphs 51 through 53.

20 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

21 | Responding Party objects to this request for production as premature.
22 | Because this request for production necessarily relies upon a contention,
23 | and because this matter is in its early stages and pretrial discovery has only
24 | just begun, Responding Party is unable to provide a complete response at
25 | this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
26 | *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
27 | *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
28 | at *1-2.

12755168.1

229

1  Responding Party further objects to this request on the grounds that it
2  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
3  with reasonable particularity each item or category of items to be inspected."
4  Propounding Party's request for production does not describe an item or
5  category of items with reasonable particularity.

6  Responding Party further objects to the extent that this request for
7  production invades attorney-client privilege and/or violates the work product
8  doctrine by compelling Responding Party to disclose privileged
9  communications and/or litigation strategy. Responding Party will not provide
10 any such information.

11  Subject to and without waiver of the foregoing objections, Responding
12 Party responds as follows:

13  Responding Party will produce all responsive documents within its
14 possession, custody, or control.

15 **REQUEST FOR PRODUCTION NO. 8:**

16  Any and all DOCUMENTS that support plaintiffs' First Cause of Action
17 in the Complaint (Bane Act Violations) against BRANT BLAKEMAN.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

19  Responding Party objects to this request for production as premature.
20 Because this request for production necessarily relies upon a contention,
21 and because this matter is in its early stages and pretrial discovery has only
22 just begun, Responding Party is unable to provide a complete response at
23 this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
24 *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
25 *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
26 at *1-2.

27  Responding Party further objects to this request on the grounds that it
28 violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

-10-                         Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

230

1 | with reasonable particularity each item or category of items to be inspected."
2 | Propounding Party's request for production does not describe an item or
3 | category of items with reasonable particularity.

4 | Responding Party further objects to the extent that this request for
5 | production invades attorney-client privilege and/or violates the work product
6 | doctrine by compelling Responding Party to disclose privileged
7 | communications and/or litigation strategy. Responding Party will not provide
8 | any such information.

9 | Responding Party further objects to this request on the grounds that it
10 | is duplicative of Request No. 2.

11 | Subject to and without waiver of the foregoing objections, Responding
12 | Party responds as follows:

13 | Responding Party will produce all responsive documents within its
14 | possession, custody, or control.

15 | **REQUEST FOR PRODUCTION NO. 9:**

16 | Any and all DOCUMENTS that support plaintiffs' Second Cause of
17 | Action in the Complaint (Public Nuisance) against BRANT BLAKEMAN.

18 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19 | Responding Party objects to this request for production as premature.
20 | Because this request for production necessarily relies upon a contention,
21 | and because this matter is in its early stages and pretrial discovery has only
22 | just begun, Responding Party is unable to provide a complete response at
23 | this time, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et*
24 | *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
25 | *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
26 | at *1-2.

27 | Responding Party further objects to this request on the grounds that it
28 | violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

-11-                    Case No. 2:16-cv-02129-SJO (RAOx)

1 │ with reasonable particularity each item or category of items to be inspected."
2 │ Propounding Party's request for production does not describe an item or
3 │ category of items with reasonable particularity.

4 │      Responding Party further objects to the extent that this request for
5 │ production invades attorney-client privilege and/or violates the work product
6 │ doctrine by compelling Responding Party to disclose privileged
7 │ communications and/or litigation strategy. Responding Party will not provide
8 │ any such information.

9 │      Subject to and without waiver of the foregoing objections, Responding
10 │ Party responds as follows:

11 │      Responding Party will produce all responsive documents within its
12 │ possession, custody, or control.

13 │ **REQUEST FOR PRODUCTION NO. 10:**

14 │      Any and all DOCUMENTS that support plaintiffs' Sixth Cause of Action
15 │ in the Complaint (Assault) against BRANT BLAKEMAN.

16 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

17 │      Responding Party objects to this request for production as premature.
18 │ Because this request for production necessarily relies upon a contention,
19 │ and because this matter is in its early stages and pretrial discovery has only
20 │ just begun, Responding Party is unable to provide a complete response at
21 │ this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
22 │ *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
23 │ *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
24 │ at *1-2.

25 │      Responding Party further objects to this request on the grounds that it
26 │ violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
27 │ with reasonable particularity each item or category of items to be inspected."
28 │

-12-   Case No. 2:16-cv-02129-SJO (RAOx)

1   Propounding Party's request for production does not describe an item or

2   category of items with reasonable particularity.

3        Responding Party further objects to the extent that this request for

4   production invades attorney-client privilege and/or violates the work product

5   doctrine by compelling Responding Party to disclose privileged

6   communications and/or litigation strategy. Responding Party will not provide

7   any such information.

8        Subject to and without waiver of the foregoing objections, Responding

9   Party responds as follows:

10        Responding Party has conducted a diligent search and is not presently

11   aware of any responsive documents within Responding Party's possession,

12   custody, or control.  Discovery is ongoing, and this contention-based

13   interrogatory is poorly defined and premature.  Thus, Responding Party

14   reserves the right to amend this response at the appropriate time in the

15   future if necessary.

16   **REQUEST FOR PRODUCTION NO. 11:**

17        Any and all DOCUMENTS that support plaintiffs' Seventh Cause of

18   Action in the Complaint (Battery) against BRANT BLAKEMAN.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

20        Responding Party objects to this request for production as premature.

21   Because this request for production necessarily relies upon a contention,

22   and because this matter is in its early stages and pretrial discovery has only

23   just begun, Responding Party is unable to provide a complete response at

24   this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

25   *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

26   *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

27   at *1-2.

28

Case No. 2:16-cv-02129-SJO (RAOx)

12755168.1

1  Responding Party further objects to this request on the grounds that it
2  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
3  with reasonable particularity each item or category of items to be inspected."
4  Propounding Party's request for production does not describe an item or
5  category of items with reasonable particularity.

6  Responding Party further objects to the extent that this request for
7  production invades attorney-client privilege and/or violates the work product
8  doctrine by compelling Responding Party to disclose privileged
9  communications and/or litigation strategy. Responding Party will not provide
10  any such information.

11  Subject to and without waiver of the foregoing objections, Responding
12  Party responds as follows:

13  Responding Party has conducted a diligent search and is not presently
14  aware of any responsive documents within Responding Party's possession,
15  custody, or control.  Discovery is ongoing, and this contention-based
16  interrogatory is poorly defined and premature.  Thus, Responding Party
17  reserves the right to amend this response at the appropriate time in the
18  future if necessary.

19  **REQUEST FOR PRODUCTION NO. 12:**

20  Any and all DOCUMENTS that support plaintiffs' Eighth Cause of
21  Action in the Complaint (Negligence) against BRANT BLAKEMAN.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

23  Responding Party objects to this request for production as premature.
24  Because this request for production necessarily relies upon a contention,
25  and because this matter is in its early stages and pretrial discovery has only
26  just begun, Responding Party is unable to provide a complete response at
27  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
28  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

-14-                    Case No. 2:16-cv-02129-SJO (RAOx)

1 │ *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
2 │ at *1-2.

3 │     Responding Party further objects to this request on the grounds that it
4 │ violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
5 │ with reasonable particularity each item or category of items to be inspected."
6 │ Propounding Party's request for production does not describe an item or
7 │ category of items with reasonable particularity.

8 │     Responding Party further objects to the extent that this request for
9 │ production invades attorney-client privilege and/or violates the work product
10 │ doctrine by compelling Responding Party to disclose privileged
11 │ communications and/or litigation strategy. Responding Party will not provide
12 │ any such information.

13 │     Subject to and without waiver of the foregoing objections, Responding
14 │ Party responds as follows:

15 │     Responding Party has conducted a diligent search and is not presently
16 │ aware of any responsive documents within Responding Party's possession,
17 │ custody, or control.  Discovery is ongoing, and this contention-based
18 │ interrogatory is poorly defined and premature.  Thus, Responding Party
19 │ reserves the right to amend this response at the appropriate time in the
20 │ future if necessary.

21 │
22 │
23 │
24 │
25 │
26 │
27 │
28 │
     │                                          -15-          Case No. 2:16-cv-02129-SJO (RAOx)
     │ PLAINTIFF CORY SPENCER'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY
     │                          DEFENDANT BRANT BLAKEMAN

12755168.1

1 | DATED:   October 19, 2016

HANSON BRIDGETT LLP

By: _____

KURT A. FRANKLIN
SAMANTHA D. WOLFF
CAROLINE ELIZABETH LEE
TYSON M. SHOWER
LANDON D. BAILEY
Attorneys for Plaintiffs CORY
SPENCER, DIANA MILENA REED, and
COASTAL PROTECTION RANGERS,
INC.

-16-                    Case No. 2:16-cv-02129-SJO (RAOx)

## PROOF OF SERVICE

**Spencer, et al. v. Lunada Bay Boys, et al.; USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)**

## STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Sacramento, State of California. My business address is 500 Capitol Mall, Suite 1500, Sacramento, CA 95814.

On October 20, 2016, I served true copies of the following document(s) described as:

**PLAINTIFF CORY SPENCER'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN**

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 20, 2016, at Sacramento, California.

Marie M. Coleman

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

12755168.1

237

## SERVICE LIST

*Spencer, et al. v. Lunada Bay Boys, et al.;* **USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)**

| | |
|---|---|
| Robert T. Mackey<br>Peter H. Crossin<br>Richard P. Dieffenbach<br>John P. Worgul<br>VEATCH CARLSON, LLP<br>1055 Wilshire Blvd., 11th Floor<br>Los Angeles CA 90017 | *(Attorneys for Defendant BRANT BLAKEMAN)*<br><br>Tel:  213.381.2861<br>Fax:  213.383.6370<br>E-Mail: rmackey@veatchfirm.com<br>   pcrossin@veatchfirm.com<br>   rdieffenbach@veatchfirm.com<br>   iworgul@veatchfirm.com |
| Robert S. Cooper<br>BUCHALTER NEMER, APC<br>1000 Wilshire Blvd., Suite 1500<br>Los Angeles CA 90017 | *(Attorneys for Defendant BRANT BLAKEMAN)*<br><br>Tel:  213.891.0700<br>Fax:  213.896.0400<br>E-Mail: rcooper@buchalter.com |
| J. Patrick Carey<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Ave., Suite 300<br>Manhattan Beach CA 90266 | *(Attorney for Defendant ALAN JOHNSTON a/k/a JALIAN JOHNSTON)*<br><br>Tel:  310.526.2237<br>Fax:  424.456.3131<br>E-Mail: pat@patcareylaw.com |
| Peter T. Haven<br>HAVEN LAW<br>1230 Rosecrans Ave., Suite 300<br>Manhattan Beach, CA 90266 | *(Attorney for Defendant MICHAEL RAY PAPAYANS)*<br><br>Tel:  310.272.5353<br>Fax:  213.477.2137<br>E-Mail: peter@hblwfirm.us<br>   peter@havenlaw.com |
| Edwin J. Richards<br>Antoinette P. Hewitt<br>Rebecca L. Wilson<br>Jacob Song<br>Christopher D. Glos<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine CA 92614-8595 | *(Attorneys for Defendants CITY OF PALOS VERDES and CHIEF OF POLICE JEFF KEPLEY)*<br><br>Tel:  949.417.0999<br>Fax:  949.417.5394<br>E-Mail: ed.richards@kutakrock.com<br>   jacob.song@kutakrock.com<br>   antoinette.hewitt@kutakrock.com<br>   rebecca.wilson@kutakrock.com |

Case No. 2:16-cv-02129-SJO (RAOx)

1
Dana Alden Fox
Edward E. Ward, Jr.
2
Eric Y. Kizirian
Tera Lutz
3
LEWIS BRISBOIS BISGAARD &
SMITH LLP
4
633 W. 5th Street, Suite 4000
Los Angeles CA 90071
5

6
Daniel M. Crowley
BOOTH, MITCHEL & STRANGE
LLP
7
707 Wilshire Blvd., Suite 4450
Los Angeles CA 90017
8

9
Mark C. Fields
LAW OFFICES OF MARK C.
FIELDS, APC
10
333 South Hope Street, 35th Floor
Los Angeles CA 90071
11

12

13
Thomas M. Phillip
Aaron G. Miller
14
THE PHILLIPS FIRM
800 Wilshire Blvd., Suite 1550
15
Los Angeles CA 90017

16

17
Patrick Au
Laura L. Bell
BREMER WHYTE BROWN &
18
O'MEARA, LLP
21271 Burbank Blvd., Suite 110
19
Woodland Hills CA 91367

20

21

22

23

24

25

26

27

28

*(Attorneys for Defendant SANG LEE)*

Tel:   213.580.3858
Fax:  213.250.7900
E-Mail: dana.fox@lewisbrisbois.com
        edward.ward@lewisbrisbois.com
        eric.kizirian@lewisbrisbois.com
        tera.lutz@lewisbrisbois.com

*(Attorneys for Defendant SANG LEE)*

Tel:   213.738.0100
Fax:  213.380.3308
E-Mail: dmcrowley@boothmitchel.com

*(Attorney for Defendant ANGELO FERRARA and Defendant N. F. appearing through Guardian Ad Litem, Leonora Ferrara)*

Tel:   213.948.2349
Fax:  213.629.4520
E-Mail: fields@markfieldslaw.com

*(Attorneys for Defendant ANGELO FERRARA)*

Tel:   213.244.9913
Fax:  213.250.7900
E-Mail: tphillips@thephillipsfirm.com

*(Attorneys for Defendants FRANK FERRARA and CHARLIE FERRARA)*

Tel:   818.712.9800
Fax:  818.712.9900
E-Mail: pau@bremerwhyte.com
        lbell@bremerwhyte.com

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

1 | HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
2 | kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
3 | swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
4 | clee@hansonbridgett.com
425 Market Street, 26th Floor
5 | San Francisco, California 94105
Telephone: (415) 777-3200
6 | Facsimile:  (415) 541-9366

7 | HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
8 | tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
9 | lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
10 | Sacramento, California 95814
Telephone: (916) 442-3333
11 | Facsimile:  (916) 442-2348

12 | OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
13 | vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
14 | kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
15 | Torrance, California 90505
Telephone: (310) 378-8533
16 | Facsimile:  (310) 347-4225

17 | Attorneys for Plaintiffs CORY
SPENCER, DIANA MILENA REED
18 | and COASTAL PROTECTION
RANGERS, INC.

19 |

20 | **UNITED STATES DISTRICT COURT**

21 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

22 |

23 | CORY SPENCER, an individual; | **CASE NO. 2:16-cv-02129-SJO (RAOx)**

24 | DIANA MILENA REED, an individual; and COASTAL | **PLAINTIFF DIANA MILENA REED'S RESPONSE TO REQUEST FOR**

25 | PROTECTION RANGERS, INC., a | **PRODUCTION OF DOCUMENTS, SET**

26 | California non-profit public benefit corporation, | **ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN**

27 |

28 | Plaintiffs.

-1-    Case No. 2:16-cv-02129-SJO (RAOx)

1
2          v.
3   LUNADA BAY BOYS; THE
    INDIVIDUAL MEMBERS OF THE
4   LUNADA BAY BOYS, including,
5   but not limited to, SANG LEE,
    BRANT BLAKEMAN, ALAN
6   JOHNSTON AKA JALIAN
7   JOHNSTON, MICHAEL RAE
    PAPAYANS, ANGELO FERRARA,
8   FRANK FERRARA, CHARLIE
9   FERRARA, and N. F.; CITY OF
    PALOS VERDES ESTATES;
10  CHIEF OF POLICE JEFF
11  KEPLEY, in his representative
    capacity; and DOES 1-10,
12
13         Defendants.
14
15  **PROPOUNDING PARTY:Defendant BRANT BLAKEMAN**
16  **RESPONDING PARTY:   Plaintiff DIANA MILENA REED**
17  **SET NO.:            One**
18      Pursuant to Federal Rule of Civil Procedure 34, Plaintiff DIANA
19  MILENA REED ("Responding Party") submits these responses and
20  objections to Request for Production, Set One, propounded by Defendant
21  BRANT BLAKEMAN ("Propounding Party").
22              **PRELIMINARY STATEMENT**
23      Nothing in this response should be construed as an admission by
24  Responding Party with respect to the admissibility or relevance of any fact or
25  document, or of the truth or accuracy of any characterization or statement of
26  any kind contained in Propounding Party's Request for Production.
27  Responding Party has not completed its investigation of the facts relating to
28  this case, its discovery or its preparation for trial. All responses and

-2-     Case No. 2:16-cv-02129-SJO (RAOx)

1  objections contained herein are based only upon such information and such

2  documents that are presently available to and specifically known by

3  Responding Party. It is anticipated that further discovery, independent

4  investigation, legal research and analysis will supply additional facts and add

5  meaning to known facts, as well as establish entirely new factual

6  conclusions and legal contentions, all of which may lead to substantial

7  additions to, changes in and variations from the responses set forth herein.

8  The following objections and responses are made without prejudice to

9  Responding Party's right to produce at trial, or otherwise, evidence

10 regarding any subsequently discovered documents. Responding Party

11 accordingly reserves the right to modify and amend any and all responses

12 herein as research is completed and contentions are made.

13               **RESPONSES TO REQUEST FOR PRODUCTION**

14 **REQUEST FOR PRODUCTION NO. 1:**

15        Any and all DOCUMENTS that support your contention that any [sic]

16 BRANT BLAKEMAN participated in any way in the "commission of

17 enumerated 'predicate crimes'" as alleged in paragraph 5 of the Complaint.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

19        Responding Party objects to this request for production as premature.

20 Because this request for production necessarily relies upon a contention,

21 and because this matter is in its early stages and pretrial discovery has only

22 just begun, Responding Party is unable to provide a complete response at

23 this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

24 *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

25 *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

26 at *1-2.

27        Responding Party further objects to this request on the grounds that it

28 violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

1  with reasonable particularity each item or category of items to be inspected."

2  Propounding Party's request for production does not describe an item or

3  category of items with reasonable particularity.

4        Responding Party further objects to the extent that this request for

5  production invades attorney-client privilege and/or violates the work product

6  doctrine by compelling Responding Party to disclose privileged

7  communications and/or litigation strategy. Responding Party will not provide

8  any such information.

9        Subject to and without waiver of the foregoing objections, Responding

10 Party responds as follows:

11        Responding Party will produce all responsive documents within its

12 possession, custody, or control.

13 **REQUEST FOR PRODUCTION NO. 2:**

14        Any and all DOCUMENTS that support your contention in paragraph 7

15 of the Complaint that BRANT BLAKEMAN "is responsible in some manner

16 for the Bane Act violations and public nuisance described in the Complaint."

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

18        Responding Party objects to this request for production as premature.

19 Because this request for production necessarily relies upon a contention,

20 and because this matter is in its early stages and pretrial discovery has only

21 just begun, Responding Party is unable to provide a complete response at

22 this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

23 *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

24 *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

25 at *1-2.

26        Responding Party further objects to this request on the grounds that it

27 violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

28 with reasonable particularity each item or category of items to be inspected."

-4-                    Case No. 2:16-cv-02129-SJO (RAOx)

1  Propounding Party's request for production does not describe an item or
2  category of items with reasonable particularity.

3  Responding Party further objects to the extent that this request for
4  production invades attorney-client privilege and/or violates the work product
5  doctrine by compelling Responding Party to disclose privileged
6  communications and/or litigation strategy. Responding Party will not provide
7  any such information.

8  Subject to and without waiver of the foregoing objections, Responding
9  Party responds as follows:

10  Responding Party will produce all responsive documents within its
11  possession, custody, or control.

12  **REQUEST FOR PRODUCTION NO. 3:**

13  Any and all DOCUMENTS that support your contention in paragraph
14  18 of the Complaint that BRANT BLAKEMAN "sell[s] market[s] and use[s]
15  illegal controlled substances from the Lunada Bay Bluffs and the Rock Fort."

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

17  Responding Party objects to this request for production as premature.
18  Because this request for production necessarily relies upon a contention,
19  and because this matter is in its early stages and pretrial discovery has only
20  just begun, Responding Party is unable to provide a complete response at
21  this time, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et*
22  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
23  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
24  at *1-2.

25  Responding Party further objects to this request on the grounds that it
26  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
27  with reasonable particularity each item or category of items to be inspected."

28

12755098.1

244

1  Propounding Party's request for production does not describe an item or
2  category of items with reasonable particularity.

3      Responding Party further objects to the extent that this request for
4  production invades attorney-client privilege and/or violates the work product
5  doctrine by compelling Responding Party to disclose privileged
6  communications and/or litigation strategy. Responding Party will not provide
7  any such information.

8      Subject to and without waiver of the foregoing objections, Responding
9  Party responds as follows:

10     Responding Party will produce all responsive documents within its
11  possession, custody, or control.

12  **REQUEST FOR PRODUCTION NO. 4:**

13     Any and all DOCUMENTS that support your contention in paragraph
14  18 of the Complaint that BRANT BLAKEMAN "impede[d] boat traffic" at any
15  time.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

17     Responding Party objects to this request for production as premature.
18  Because this request for production necessarily relies upon a contention,
19  and because this matter is in its early stages and pretrial discovery has only
20  just begun, Responding Party is unable to provide a complete response at
21  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
22  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
23  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
24  at *1-2.

25     Responding Party further objects to this request on the grounds that it
26  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
27  with reasonable particularity each item or category of items to be inspected."

28

-6-      Case No. 2:16-cv-02129-SJO (RAOx)

12755098.1

245

1 | Propounding Party's request for production does not describe an item or
2 | category of items with reasonable particularity.

3 | Responding Party further objects to the extent that this request for
4 | production invades attorney-client privilege and/or violates the work product
5 | doctrine by compelling Responding Party to disclose privileged
6 | communications and/or litigation strategy. Responding Party will not provide
7 | any such information.

8 | Subject to and without waiver of the foregoing objections, Responding
9 | Party responds as follows:

10 | Responding Party will produce all responsive documents within its
11 | possession, custody, or control.

12 | **REQUEST FOR PRODUCTION NO. 5:**

13 | Any and all DOCUMENTS that support your contention in paragraph
14 | 18 of the Complaint that BRANT BLAKEMAN "dangerously disregard[ed]"
15 | surfing rules" at any time.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

17 | Responding Party objects to this request for production as premature.
18 | Because this request for production necessarily relies upon a contention,
19 | and because this matter is in its early stages and pretrial discovery has only
20 | just begun, Responding Party is unable to provide a complete response at
21 | this time, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et*
22 | *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
23 | *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
24 | at *1-2.

25 | Responding Party further objects to this request on the grounds that it
26 | violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
27 | with reasonable particularity each item or category of items to be inspected."

28 |

1  Propounding Party's request for production does not describe an item or

2  category of items with reasonable particularity.

3      Responding Party further objects to the extent that this request for

4  production invades attorney-client privilege and/or violates the work product

5  doctrine by compelling Responding Party to disclose privileged

6  communications and/or litigation strategy. Responding Party will not provide

7  any such information.

8      Subject to and without waiver of the foregoing objections, Responding

9  Party responds as follows:

10     Responding Party will produce all responsive documents within its

11 possession, custody, or control.

12 **REQUEST FOR PRODUCTION NO. 6:**

13     Any and all DOCUMENTS that support your contention that BRANT

14 BLAKEMAN has illegally extorted money from beachgoers who wish to use

15 Lunada Bay for recreational purposes. (See paragraph 33 j. of the

16 Complaint.)

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

18     Responding Party objects to this request for production as premature.

19 Because this request for production necessarily relies upon a contention,

20 and because this matter is in its early stages and pretrial discovery has only

21 just begun, Responding Party is unable to provide a complete response at

22 this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

23 *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

24 *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

25 at *1-2.

26     Responding Party further objects to this request on the grounds that it

27 violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

28 with reasonable particularity each item or category of items to be inspected."

1   Propounding Party's request for production does not describe an item or

2   category of items with reasonable particularity.

3        Responding Party further objects to the extent that this request for

4   production invades attorney-client privilege and/or violates the work product

5   doctrine by compelling Responding Party to disclose privileged

6   communications and/or litigation strategy. Responding Party will not provide

7   any such information.

8        Subject to and without waiver of the foregoing objections, Responding

9   Party responds as follows:

10       Responding Party has conducted a diligent search and is not presently

11  aware of any responsive documents within Responding Party's possession,

12  custody, or control.  Discovery is ongoing, and this contention-based

13  interrogatory is poorly defined and premature.  Thus, Responding Party

14  reserves the right to amend this response at the appropriate time in the

15  future if necessary.

16  **REQUEST FOR PRODUCTION NO. 7:**

17       Any and all DOCUMENTS that support your contention that BRANT

18  BLAKEMAN was a part of Civil Conspiracy as identified in your complaint in

19  paragraphs 51 through 53.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

21       Responding Party objects to this request for production as premature.

22  Because this request for production necessarily relies upon a contention,

23  and because this matter is in its early stages and pretrial discovery has only

24  just begun, Responding Party is unable to provide a complete response at

25  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

26  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

27  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

28  at *1-2.

-9-    Case No. 2:16-cv-02129-SJO (RAOx)

12755098.1

248

1   Responding Party further objects to this request on the grounds that it
2   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
3   with reasonable particularity each item or category of items to be inspected."
4   Propounding Party's request for production does not describe an item or
5   category of items with reasonable particularity.

6   Responding Party further objects to the extent that this request for
7   production invades attorney-client privilege and/or violates the work product
8   doctrine by compelling Responding Party to disclose privileged
9   communications and/or litigation strategy. Responding Party will not provide
10   any such information.

11   Subject to and without waiver of the foregoing objections, Responding
12   Party responds as follows:

13   Responding Party will produce all responsive documents within its
14   possession, custody, or control.

15   **REQUEST FOR PRODUCTION NO. 8:**

16   Any and all DOCUMENTS that support plaintiffs' First Cause of Action
17   in the Complaint (Bane Act Violations) against BRANT BLAKEMAN.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

19   Responding Party objects to this request for production as premature.
20   Because this request for production necessarily relies upon a contention,
21   and because this matter is in its early stages and pretrial discovery has only
22   just begun, Responding Party is unable to provide a complete response at
23   this time, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et*
24   *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
25   *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
26   at *1-2.

27   Responding Party further objects to this request on the grounds that it
28   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

-10-   Case No. 2:16-cv-02129-SJO (RAOx)

1  with reasonable particularity each item or category of items to be inspected."

2  Propounding Party's request for production does not describe an item or

3  category of items with reasonable particularity.

4       Responding Party further objects to the extent that this request for

5  production invades attorney-client privilege and/or violates the work product

6  doctrine by compelling Responding Party to disclose privileged

7  communications and/or litigation strategy. Responding Party will not provide

8  any such information.

9       Responding Party further objects to this request on the grounds that it

10  is duplicative of Request No. 2.

11       Subject to and without waiver of the foregoing objections, Responding

12  Party responds as follows:

13       Responding Party will produce all responsive documents within its

14  possession, custody, or control.

15  **REQUEST FOR PRODUCTION NO. 9:**

16       Any and all DOCUMENTS that support plaintiffs' Second Cause of

17  Action in the Complaint (Public Nuisance) against BRANT BLAKEMAN.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19       Responding Party objects to this request for production as premature.

20  Because this request for production necessarily relies upon a contention,

21  and because this matter is in its early stages and pretrial discovery has only

22  just begun, Responding Party is unable to provide a complete response at

23  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

24  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

25  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

26  at *1-2.

27       Responding Party further objects to this request on the grounds that it

28  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

-11-          Case No. 2:16-cv-02129-SJO (RAOx)

12755098.1

1 | with reasonable particularity each item or category of items to be inspected."
2 | Propounding Party's request for production does not describe an item or
3 | category of items with reasonable particularity.

4 | Responding Party further objects to the extent that this request for
5 | production invades attorney-client privilege and/or violates the work product
6 | doctrine by compelling Responding Party to disclose privileged
7 | communications and/or litigation strategy. Responding Party will not provide
8 | any such information.

9 | Subject to and without waiver of the foregoing objections, Responding
10 | Party responds as follows:

11 | Responding Party will produce all responsive documents within its
12 | possession, custody, or control.

13 | **REQUEST FOR PRODUCTION NO. 10:**

14 | Any and all DOCUMENTS that support plaintiffs' Sixth Cause of Action
15 | in the Complaint (Assault) against BRANT BLAKEMAN.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

17 | Responding Party objects to this request for production as premature.
18 | Because this request for production necessarily relies upon a contention,
19 | and because this matter is in its early stages and pretrial discovery has only
20 | just begun, Responding Party is unable to provide a complete response at
21 | this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
22 | *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
23 | *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
24 | at *1-2.

25 | Responding Party further objects to this request on the grounds that it
26 | violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
27 | with reasonable particularity each item or category of items to be inspected."
28 |

-12-   Case No. 2:16-cv-02129-SJO (RAOx)

12755098.1

251

1  Propounding Party's request for production does not describe an item or
2  category of items with reasonable particularity.

3  Responding Party further objects to the extent that this request for
4  production invades attorney-client privilege and/or violates the work product
5  doctrine by compelling Responding Party to disclose privileged
6  communications and/or litigation strategy. Responding Party will not provide
7  any such information.

8  Subject to and without waiver of the foregoing objections, Responding
9  Party responds as follows:

10  Responding Party has conducted a diligent search and is not presently
11  aware of any responsive documents within Responding Party's possession,
12  custody, or control.  Discovery is ongoing, and this contention-based
13  interrogatory is poorly defined and premature.  Thus, Responding Party
14  reserves the right to amend this response at the appropriate time in the
15  future if necessary.

16  **REQUEST FOR PRODUCTION NO. 11:**

17  Any and all DOCUMENTS that support plaintiffs' Seventh Cause of
18  Action in the Complaint (Battery) against BRANT BLAKEMAN.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

20  Responding Party objects to this request for production as premature.
21  Because this request for production necessarily relies upon a contention,
22  and because this matter is in its early stages and pretrial discovery has only
23  just begun, Responding Party is unable to provide a complete response at
24  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
25  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
26  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
27  at *1-2.

28

12755098.1

1  Responding Party further objects to this request on the grounds that it
2  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
3  with reasonable particularity each item or category of items to be inspected."
4  Propounding Party's request for production does not describe an item or
5  category of items with reasonable particularity.

6  Responding Party further objects to the extent that this request for
7  production invades attorney-client privilege and/or violates the work product
8  doctrine by compelling Responding Party to disclose privileged
9  communications and/or litigation strategy. Responding Party will not provide
10  any such information.

11  Subject to and without waiver of the foregoing objections, Responding
12  Party responds as follows:

13  Responding Party has conducted a diligent search and is not presently
14  aware of any responsive documents within Responding Party's possession,
15  custody, or control.  Discovery is ongoing, and this contention-based
16  interrogatory is poorly defined and premature.  Thus, Responding Party
17  reserves the right to amend this response at the appropriate time in the
18  future if necessary.

19  **REQUEST FOR PRODUCTION NO. 12:**

20  Any and all DOCUMENTS that support plaintiffs' Eighth Cause of
21  Action in the Complaint (Negligence) against BRANT BLAKEMAN.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

23  Responding Party objects to this request for production as premature.
24  Because this request for production necessarily relies upon a contention,
25  and because this matter is in its early stages and pretrial discovery has only
26  just begun, Responding Party is unable to provide a complete response at
27  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
28  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

-14-   Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

1 | *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
2 | at *1-2.

3 | Responding Party further objects to this request on the grounds that it
4 | violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
5 | with reasonable particularity each item or category of items to be inspected."
6 | Propounding Party's request for production does not describe an item or
7 | category of items with reasonable particularity.

8 | Responding Party further objects to the extent that this request for
9 | production invades attorney-client privilege and/or violates the work product
10 | doctrine by compelling Responding Party to disclose privileged
11 | communications and/or litigation strategy. Responding Party will not provide
12 | any such information.

13 | Subject to and without waiver of the foregoing objections, Responding
14 | Party responds as follows:

15 | Responding Party has conducted a diligent search and is not presently
16 | aware of any responsive documents within Responding Party's possession,
17 | custody, or control.  Discovery is ongoing, and this contention-based
18 | interrogatory is poorly defined and premature.  Thus, Responding Party
19 | reserves the right to amend this response at the appropriate time in the
20 | future if necessary.

21
22
23
24
25
26
27
28

PLAINTIFF DIANA MILENA REED'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

12755098.1

254

1  DATED:  October 19, 2016              HANSON BRIDGETT LLP

2

3

4  By: _____

5                                        KURT A. FRANKLIN
                                         SAMANTHA D. WOLFF
6                                        CAROLINE ELIZABETH LEE
                                         TYSON M. SHOWER
7                                        LANDON D. BAILEY
8                                        Attorneys for Plaintiffs CORY
                                         SPENCER, DIANA MILENA REED, and
9                                        COASTAL PROTECTION RANGERS,
                                         INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-                         Case No. 2:16-cv-02129-SJO (RAOx)

12755098.1

255

# PROOF OF SERVICE

**Spencer, et al. v. Lunada Bay Boys, et al.; USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)**

## STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Sacramento, State of California. My business address is 500 Capitol Mall, Suite 1500, Sacramento, CA 95814.

On October 20, 2016, I served true copies of the following document(s) described as:

**PLAINTIFF DIANA MILENA REED'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN**

on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 20, 2016, at Sacramento, California.

Marie M. Coleman

Case No. 2:16-cv-02129-SJO (RAOx)

12755098.1

256

## SERVICE LIST

*Spencer, et al. v. Lunada Bay Boys, et al.;* **USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)**

| | |
|---|---|
| Robert T. Mackey<br>Peter H. Crossin<br>Richard P. Dieffenbach<br>John P. Worgul<br>VEATCH CARLSON, LLP<br>1055 Wilshire Blvd., 11th Floor<br>Los Angeles CA 90017 | *(Attorneys for Defendant BRANT BLAKEMAN)*<br><br>Tel:   213.381.2861<br>Fax:  213.383.6370<br>E-Mail: rmackey@veatchfirm.com<br>          pcrossin@veatchfirm.com<br>          rdieffenbach@veatchfirm.com<br>          jworgul@veatchfirm.com |
| Robert S. Cooper<br>BUCHALTER NEMER, APC<br>1000 Wilshire Blvd., Suite 1500<br>Los Angeles CA 90017 | *(Attorneys for Defendant BRANT BLAKEMAN)*<br><br>Tel:   213.891.0700<br>Fax:  213.896.0400<br>E-Mail: rcooper@buchalter.com |
| J. Patrick Carey<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Ave., Suite 300<br>Manhattan Beach CA 90266 | *(Attorney for Defendant ALAN JOHNSTON a/k/a JALIAN JOHNSTON)*<br><br>Tel:   310.526.2237<br>Fax:  424.456.3131<br>E-Mail: pat@patcareylaw.com |
| Peter T. Haven<br>HAVEN LAW<br>1230 Rosecrans Ave., Suite 300<br>Manhattan Beach, CA 90266 | *(Attorney for Defendant MICHAEL RAY PAPAYANS)*<br><br>Tel:   310.272.5353<br>Fax:  213.477.2137<br>E-Mail: peter@hblwfirm.us<br>          peter@havenlaw.com |
| Edwin J. Richards<br>Antoinette P. Hewitt<br>Rebecca L. Wilson<br>Jacob Song<br>Christopher D. Glos<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine CA 92614-8595 | *(Attorneys for Defendants CITY OF PALOS VERDES and CHIEF OF POLICE JEFF KEPLEY)*<br><br>Tel:   949.417.0999<br>Fax:  949.417.5394<br>E-Mail: ed.richards@kutakrock.com<br>          jacob.song@kutakrock.com<br>          antoinette.hewitt@kutakrock.com<br>          rebecca.wilson@kutakrock.com |

Case No. 2:16-cv-02129-SJO (RAOx)

12755098.1

257

1   Dana Alden Fox
    Edward E. Ward, Jr.
2   Eric Y. Kizirian
    Tera Lutz
3   LEWIS BRISBOIS BISGAARD &
    SMITH LLP
4   633 W. 5th Street, Suite 4000
    Los Angeles CA 90071
5
    Daniel M. Crowley
6   BOOTH, MITCHEL & STRANGE
    LLP
7   707 Wilshire Blvd., Suite 4450
    Los Angeles CA 90017
8
    Mark C. Fields
9   LAW OFFICES OF MARK C.
    FIELDS, APC
10  333 South Hope Street, 35th Floor
    Los Angeles CA 90071
11
12
13  Thomas M. Phillip
    Aaron G. Miller
14  THE PHILLIPS FIRM
    800 Wilshire Blvd., Suite 1550
15  Los Angeles CA 90017
16
    Patrick Au
17  Laura L. Bell
    BREMER WHYTE BROWN &
18  O'MEARA, LLP
    21271 Burbank Blvd., Suite 110
19  Woodland Hills CA 91367
20
21
22
23
24
25
26
27
28

*(Attorneys for Defendant SANG LEE)*

Tel:  213.580.3858
Fax:  213.250.7900
E-Mail: dana.fox@lewisbrisbois.com
        edward.ward@lewisbrisbois.com
        eric.kizirian@lewisbrisbois.com
        tera.lutz@lewisbrisbois.com

*(Attorneys for Defendant SANG LEE)*

Tel:  213.738.0100
Fax:  213.380.3308
E-Mail: dmcrowley@boothmitchel.com

*(Attorney for Defendant ANGELO FERRARA and Defendant N. F. appearing through Guardian Ad Litem, Leonora Ferrara)*

Tel:  213.948.2349
Fax:  213.629.4520
E-Mail: fields@markfieldslaw.com

*(Attorneys for Defendant ANGELO FERRARA)*

Tel:  213.244.9913
Fax:  213.250.7900
E-Mail: tphillips@thephillipsfirm.com

*(Attorneys for Defendants FRANK FERRARA and CHARLIE FERRARA)*

Tel:  818.712.9800
Fax:  818.712.9900
E-Mail: pau@bremerwhyte.com
        lbell@bremerwhyte.com

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

12755098.1

258

HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
clee@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | **CASE NO. 2:16-cv-02129-SJO (RAOx)**<br><br>**PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN** |

-1-

v.

LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including, but not limited to, SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,

Defendants.

**PROPOUNDING PARTY:** Defendant BRANT BLAKEMAN

**RESPONDING PARTY:**   **Plaintiff COASTAL PROTECTION RANGERS, INC.**

**SET NO.:**                   **One**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff COASTAL PROTECTION RANGERS, INC. ("Responding Party") submits these responses and objections to Request for Production, Set One, propounded by Defendant BRANT BLAKEMAN ("Propounding Party").

**PRELIMINARY STATEMENT**

Nothing in this response should be construed as an admission by Responding Party with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's Request for Production. Responding Party has not completed its investigation of the facts relating to

-2-                    Case No. 2:16-cv-02129-SJO (RAOx)

12749690.1

260

1   this case, its discovery or its preparation for trial. All responses and

2   objections contained herein are based only upon such information and such

3   documents that are presently available to and specifically known by

4   Responding Party. It is anticipated that further discovery, independent

5   investigation, legal research and analysis will supply additional facts and add

6   meaning to known facts, as well as establish entirely new factual

7   conclusions and legal contentions, all of which may lead to substantial

8   additions to, changes in and variations from the responses set forth herein.

9   The following objections and responses are made without prejudice to

10   Responding Party's right to produce at trial, or otherwise, evidence

11   regarding any subsequently discovered documents. Responding Party

12   accordingly reserves the right to modify and amend any and all responses

13   herein as research is completed and contentions are made.

14                **RESPONSES TO REQUEST FOR PRODUCTION**

15   **REQUEST FOR PRODUCTION NO. 1:**

16        Any and all DOCUMENTS that support your contention that any [sic]

17   BRANT BLAKEMAN participated in any way in the "commission of

18   enumerated 'predicate crimes'" as alleged in paragraph 5 of the Complaint.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

20        Responding Party objects to this request for production as premature.

21   Because this request for production necessarily relies upon a contention,

22   and because this matter is in its early stages and pretrial discovery has only

23   just begun, Responding Party is unable to provide a complete response at

24   this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

25   *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

26   *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

27   at *1-2.

28

-3-                    Case No. 2:16-cv-02129-SJO (RAOx)

12749690.1

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO REQUEST FOR PRODUCTION,
SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

261

1   Responding Party further objects to this request on the grounds that it

2   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

3   with reasonable particularity each item or category of items to be inspected."

4   Propounding Party's request for production does not describe an item or

5   category of items with reasonable particularity.

6   Responding Party further objects to the extent that this request for

7   production invades attorney-client privilege and/or violates the work product

8   doctrine by compelling Responding Party to disclose privileged

9   communications and/or litigation strategy. Responding Party will not provide

10  any such information.

11  Subject to and without waiver of the foregoing objections, Responding

12  Party responds as follows:

13  Responding Party will produce all responsive documents within its

14  possession, custody, or control.

15  **REQUEST FOR PRODUCTION NO. 2:**

16  Any and all DOCUMENTS that support your contention in paragraph 7

17  of the Complaint that BRANT BLAKEMAN "is responsible in some manner

18  for the Bane Act violations and public nuisance described in the Complaint."

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20  Responding Party objects to this request for production as premature.

21  Because this request for production necessarily relies upon a contention,

22  and because this matter is in its early stages and pretrial discovery has only

23  just begun, Responding Party is unable to provide a complete response at

24  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

25  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

26  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

27  at *1-2.

28

12749690.1

1   Responding Party further objects to this request on the grounds that it

2   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

3   with reasonable particularity each item or category of items to be inspected."

4   Propounding Party's request for production does not describe an item or

5   category of items with reasonable particularity.

6   Responding Party further objects to the extent that this request for

7   production invades attorney-client privilege and/or violates the work product

8   doctrine by compelling Responding Party to disclose privileged

9   communications and/or litigation strategy. Responding Party will not provide

10   any such information.

11   Subject to and without waiver of the foregoing objections, Responding

12   Party responds as follows:

13   Responding Party will produce all responsive documents within its

14   possession, custody, or control.

15   **REQUEST FOR PRODUCTION NO. 3:**

16   Any and all DOCUMENTS that support your contention in paragraph

17   18 of the Complaint that BRANT BLAKEMAN "sell[s] market[s] and use[s]

18   illegal controlled substances from the Lunada Bay Bluffs and the Rock Fort."

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

20   Responding Party objects to this request for production as premature.

21   Because this request for production necessarily relies upon a contention,

22   and because this matter is in its early stages and pretrial discovery has only

23   just begun, Responding Party is unable to provide a complete response at

24   this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

25   *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

26   *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

27   at *1-2.

28

12749690.1

1    Responding Party further objects to this request on the grounds that it

2 violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

3 with reasonable particularity each item or category of items to be inspected."

4 Propounding Party's request for production does not describe an item or

5 category of items with reasonable particularity.

6    Responding Party further objects to the extent that this request for

7 production invades attorney-client privilege and/or violates the work product

8 doctrine by compelling Responding Party to disclose privileged

9 communications and/or litigation strategy. Responding Party will not provide

10 any such information.

11    Subject to and without waiver of the foregoing objections, Responding

12 Party responds as follows:

13    Responding Party will produce all responsive documents within its

14 possession, custody, or control.

15 **REQUEST FOR PRODUCTION NO. 4:**

16    Any and all DOCUMENTS that support your contention in paragraph

17 18 of the Complaint that BRANT BLAKEMAN "impede[d] boat traffic" at any

18 time.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

20    Responding Party objects to this request for production as premature.

21 Because this request for production necessarily relies upon a contention,

22 and because this matter is in its early stages and pretrial discovery has only

23 just begun, Responding Party is unable to provide a complete response at

24 this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

25 *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

26 *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

27 at *1-2.

28

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO REQUEST FOR PRODUCTION,
SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

1        Responding Party further objects to this request on the grounds that it

2   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

3   with reasonable particularity each item or category of items to be inspected."

4   Propounding Party's request for production does not describe an item or

5   category of items with reasonable particularity.

6        Responding Party further objects to the extent that this request for

7   production invades attorney-client privilege and/or violates the work product

8   doctrine by compelling Responding Party to disclose privileged

9   communications and/or litigation strategy. Responding Party will not provide

10  any such information.

11       Subject to and without waiver of the foregoing objections, Responding

12  Party responds as follows:

13       Responding Party will produce all responsive documents within its

14  possession, custody, or control.

15  **REQUEST FOR PRODUCTION NO. 5:**

16       Any and all DOCUMENTS that support your contention in paragraph

17  18 of the Complaint that BRANT BLAKEMAN "dangerously disregard[ed]

18  surfing rules" at any time.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

20       Responding Party objects to this request for production as premature.

21  Because this request for production necessarily relies upon a contention,

22  and because this matter is in its early stages and pretrial discovery has only

23  just begun, Responding Party is unable to provide a complete response at

24  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

25  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

26  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

27  at *1-2.

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

1    Responding Party further objects to this request on the grounds that it

2    violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

3    with reasonable particularity each item or category of items to be inspected."

4    Propounding Party's request for production does not describe an item or

5    category of items with reasonable particularity.

6    Responding Party further objects to the extent that this request for

7    production invades attorney-client privilege and/or violates the work product

8    doctrine by compelling Responding Party to disclose privileged

9    communications and/or litigation strategy. Responding Party will not provide

10    any such information.

11    Subject to and without waiver of the foregoing objections, Responding

12    Party responds as follows:

13    Responding Party will produce all responsive documents within its

14    possession, custody, or control.

15    **REQUEST FOR PRODUCTION NO. 6:**

16    Any and all DOCUMENTS that support your contention that BRANT

17    BLAKEMAN has illegally extorted money from beachgoers who wish to use

18    Lunada Bay for recreational purposes. (See paragraph 33 j. of the

19    Complaint.)

20    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

21    Responding Party objects to this request for production as premature.

22    Because this request for production necessarily relies upon a contention,

23    and because this matter is in its early stages and pretrial discovery has only

24    just begun, Responding Party is unable to provide a complete response at

25    this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

26    *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

27    *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

28    at *1-2.

-8-                        Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

12749690.1

266

1       Responding Party further objects to this request on the grounds that it

2 violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

3 with reasonable particularity each item or category of items to be inspected."

4 Propounding Party's request for production does not describe an item or

5 category of items with reasonable particularity.

6       Responding Party further objects to the extent that this request for

7 production invades attorney-client privilege and/or violates the work product

8 doctrine by compelling Responding Party to disclose privileged

9 communications and/or litigation strategy. Responding Party will not provide

10 any such information.

11       Subject to and without waiver of the foregoing objections, Responding

12 Party responds as follows:

13       Responding Party has conducted a diligent search and is not presently

14 aware of any responsive documents within Responding Party's possession,

15 custody, or control.  Discovery is ongoing, and this contention-based

16 interrogatory is poorly defined and premature.  Thus, Responding Party

17 reserves the right to amend this response at the appropriate time in the

18 future if necessary.

19 **REQUEST FOR PRODUCTION NO. 7:**

20       Any and all DOCUMENTS that support your contention that BRANT

21 BLAKEMAN was a part of Civil Conspiracy as identified in your complaint in

22 paragraphs 51 through 53.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

24       Responding Party objects to this request for production as premature.

25 Because this request for production necessarily relies upon a contention,

26 and because this matter is in its early stages and pretrial discovery has only

27 just begun, Responding Party is unable to provide a complete response at

28 this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO REQUEST FOR PRODUCTION,
SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

1 | *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
2 | *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
3 | at *1-2.

4 | Responding Party further objects to this request on the grounds that it
5 | violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
6 | with reasonable particularity each item or category of items to be inspected."
7 | Propounding Party's request for production does not describe an item or
8 | category of items with reasonable particularity.

9 | Responding Party further objects to the extent that this request for
10 | production invades attorney-client privilege and/or violates the work product
11 | doctrine by compelling Responding Party to disclose privileged
12 | communications and/or litigation strategy. Responding Party will not provide
13 | any such information.

14 | Subject to and without waiver of the foregoing objections, Responding
15 | Party responds as follows:

16 | Responding Party will produce all responsive documents within its
17 | possession, custody, or control.

18 | **REQUEST FOR PRODUCTION NO. 8:**

19 | Any and all DOCUMENTS that support plaintiffs' First Cause of Action
20 | in the Complaint (Bane Act Violations) against BRANT BLAKEMAN.

21 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

22 | Responding Party objects to this request for production as premature.
23 | Because this request for production necessarily relies upon a contention,
24 | and because this matter is in its early stages and pretrial discovery has only
25 | just begun, Responding Party is unable to provide a complete response at
26 | this time, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et*
27 | *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

28 |

-10-                    Case No. 2:16-cv-02129-SJO (RAOx)

12749690.1

268

1  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

2  at *1-2.

3      Responding Party further objects to this request on the grounds that it

4  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

5  with reasonable particularity each item or category of items to be inspected."

6  Propounding Party's request for production does not describe an item or

7  category of items with reasonable particularity.

8      Responding Party further objects to the extent that this request for

9  production invades attorney-client privilege and/or violates the work product

10  doctrine by compelling Responding Party to disclose privileged

11  communications and/or litigation strategy. Responding Party will not provide

12  any such information.

13      Responding Party further objects to this request on the grounds that it

14  is duplicative of Request No. 2.

15      Subject to and without waiver of the foregoing objections, Responding

16  Party responds as follows:

17      Responding Party will produce all responsive documents within its

18  possession, custody, or control.

19  **REQUEST FOR PRODUCTION NO. 9:**

20      Any and all DOCUMENTS that support plaintiffs' Second Cause of

21  Action in the Complaint (Public Nuisance) against BRANT BLAKEMAN.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

23      Responding Party objects to this request for production as premature.

24  Because this request for production necessarily relies upon a contention,

25  and because this matter is in its early stages and pretrial discovery has only

26  just begun, Responding Party is unable to provide a complete response at

27  this time, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et*

28  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

-11-      Case No. 2:16-cv-02129-SJO (RAOx)

12749690.1

269

1 | *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
2 | at *1-2.

3 |     Responding Party further objects to this request on the grounds that it
4 | violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
5 | with reasonable particularity each item or category of items to be inspected."
6 | Propounding Party's request for production does not describe an item or
7 | category of items with reasonable particularity.

8 |     Responding Party further objects to the extent that this request for
9 | production invades attorney-client privilege and/or violates the work product
10 | doctrine by compelling Responding Party to disclose privileged
11 | communications and/or litigation strategy. Responding Party will not provide
12 | any such information.

13 |     Subject to and without waiver of the foregoing objections, Responding
14 | Party responds as follows:

15 |     Responding Party will produce all responsive documents within its
16 | possession, custody, or control.

17 | **REQUEST FOR PRODUCTION NO. 10:**

18 |     Any and all DOCUMENTS that support plaintiffs' Sixth Cause of Action
19 | in the Complaint (Assault) against BRANT BLAKEMAN.

20 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

21 |     Responding Party objects to this request for production as premature.
22 | Because this request for production necessarily relies upon a contention,
23 | and because this matter is in its early stages and pretrial discovery has only
24 | just begun, Responding Party is unable to provide a complete response at
25 | this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
26 | *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
27 | *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
28 | at *1-2.

-12-       Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

12749690.1

270

1   Responding Party further objects to this request on the grounds that it
2   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
3   with reasonable particularity each item or category of items to be inspected."
4   Propounding Party's request for production does not describe an item or
5   category of items with reasonable particularity.

6   Responding Party further objects to the extent that this request for
7   production invades attorney-client privilege and/or violates the work product
8   doctrine by compelling Responding Party to disclose privileged
9   communications and/or litigation strategy. Responding Party will not provide
10  any such information.

11  Subject to and without waiver of the foregoing objections, Responding
12  Party responds as follows:

13  Responding Party has conducted a diligent search and is not presently
14  aware of any responsive documents within Responding Party's possession,
15  custody, or control.  Discovery is ongoing, and this contention-based
16  interrogatory is poorly defined and premature.  Thus, Responding Party
17  reserves the right to amend this response at the appropriate time in the
18  future if necessary.

19  **REQUEST FOR PRODUCTION NO. 11:**

20  Any and all DOCUMENTS that support plaintiffs' Seventh Cause of
21  Action in the Complaint (Battery) against BRANT BLAKEMAN.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

23  Responding Party objects to this request for production as premature.
24  Because this request for production necessarily relies upon a contention,
25  and because this matter is in its early stages and pretrial discovery has only
26  just begun, Responding Party is unable to provide a complete response at
27  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et
28  al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

-13-   Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO REQUEST FOR PRODUCTION,
SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

12749690.1

271

1 | *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

2 | at *1-2.

3 |     Responding Party further objects to this request on the grounds that it

4 | violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

5 | with reasonable particularity each item or category of items to be inspected."

6 | Propounding Party's request for production does not describe an item or

7 | category of items with reasonable particularity.

8 |     Responding Party further objects to the extent that this request for

9 | production invades attorney-client privilege and/or violates the work product

10 | doctrine by compelling Responding Party to disclose privileged

11 | communications and/or litigation strategy. Responding Party will not provide

12 | any such information.

13 |     Subject to and without waiver of the foregoing objections, Responding

14 | Party responds as follows:

15 |     Responding Party has conducted a diligent search and is not presently

16 | aware of any responsive documents within Responding Party's possession,

17 | custody, or control.  Discovery is ongoing, and this contention-based

18 | interrogatory is poorly defined and premature.  Thus, Responding Party

19 | reserves the right to amend this response at the appropriate time in the

20 | future if necessary.

21 | **REQUEST FOR PRODUCTION NO. 12:**

22 |     Any and all DOCUMENTS that support plaintiffs' Eighth Cause of

23 | Action in the Complaint (Negligence) against BRANT BLAKEMAN.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

25 |     Responding Party objects to this request for production as premature.

26 | Because this request for production necessarily relies upon a contention,

27 | and because this matter is in its early stages and pretrial discovery has only

28 | just begun, Responding Party is unable to provide a complete response at

-14-   Case No. 2:16-cv-02129-SJO (RAOx)

12749690.1

1  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et
2  al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.
3  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
4  at *1-2.

5       Responding Party further objects to this request on the grounds that it
6  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
7  with reasonable particularity each item or category of items to be inspected."
8  Propounding Party's request for production does not describe an item or
9  category of items with reasonable particularity.

10       Responding Party further objects to the extent that this request for
11  production invades attorney-client privilege and/or violates the work product
12  doctrine by compelling Responding Party to disclose privileged
13  communications and/or litigation strategy. Responding Party will not provide
14  any such information.

15       Subject to and without waiver of the foregoing objections, Responding
16  Party responds as follows:

17       Responding Party has conducted a diligent search and is not presently
18  aware of any responsive documents within Responding Party's possession,
19  custody, or control.  Discovery is ongoing, and this contention-based
20  interrogatory is poorly defined and premature.  Thus, Responding Party
21  reserves the right to amend this response at the appropriate time in the
22  future if necessary.

23
24
25
26
27
28

-15-   Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO REQUEST FOR PRODUCTION,
SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

12749690.1

273

DATED:  October 19, 2016

HANSON BRIDGETT LLP

By: _____

KURT A. FRANKLIN
SAMANTHA D. WOLFF
CAROLINE ELIZABETH LEE
TYSON M. SHOWER
LANDON D. BAILEY
Attorneys for Plaintiffs CORY
SPENCER, DIANA MILENA REED, and
COASTAL PROTECTION RANGERS,
INC.

-16-                 Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO REQUEST FOR PRODUCTION,
SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

12749690.1

274

## PROOF OF SERVICE

**Spencer, et al. v. Lunada Bay Boys, et al.; USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)**

## STATE OF CALIFORNIA, COUNTY OF SACRAMENTO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Sacramento, State of California. My business address is 500 Capitol Mall, Suite 1500, Sacramento, CA 95814.

On October 20, 2016, I served true copies of the following document(s) described as:

**PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN**

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 20, 2016, at Sacramento, California.

Marie M. Coleman

12749690.1

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

## SERVICE LIST

*Spencer, et al. v. Lunada Bay Boys, et al.;* USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)

| | |
|---|---|
| Robert T. Mackey<br>Peter H. Crossin<br>Richard P. Dieffenbach<br>John P. Worgul<br>VEATCH CARLSON, LLP<br>1055 Wilshire Blvd., 11th Floor<br>Los Angeles CA 90017 | *(Attorneys for Defendant BRANT BLAKEMAN)*<br><br>Tel:  213.381.2861<br>Fax:  213.383.6370<br>E-Mail: rmackey@veatchfirm.com<br>     pcrossin@veatchfirm.com<br>     rdieffenbach@veatchfirm.com<br>     jworgul@veatchfirm.com |
| Robert S. Cooper<br>BUCHALTER NEMER, APC<br>1000 Wilshire Blvd., Suite 1500<br>Los Angeles CA 90017 | *(Attorneys for Defendant BRANT BLAKEMAN)*<br><br>Tel:  213.891.0700<br>Fax:  213.896.0400<br>E-Mail: rcooper@buchalter.com |
| J. Patrick Carey<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Ave., Suite 300<br>Manhattan Beach CA 90266 | *(Attorney for Defendant ALAN JOHNSTON a/k/a JALIAN JOHNSTON)*<br><br>Tel:  310.526.2237<br>Fax:  424.456.3131<br>E-Mail: pat@patcareylaw.com |
| Peter T. Haven<br>HAVEN LAW<br>1230 Rosecrans Ave., Suite 300<br>Manhattan Beach, CA 90266 | *(Attorney for Defendant MICHAEL RAY PAPAYANS)*<br><br>Tel:  310.272.5353<br>Fax:  213.477.2137<br>E-Mail: peter@hblwfirm.us<br>     peter@havenlaw.com |
| Edwin J. Richards<br>Antoinette P. Hewitt<br>Rebecca L. Wilson<br>Jacob Song<br>Christopher D. Glos<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine CA 92614-8595 | *(Attorneys for Defendants CITY OF PALOS VERDES and CHIEF OF POLICE JEFF KEPLEY)*<br><br>Tel:  949.417.0999<br>Fax:  949.417.5394<br>E-Mail: ed.richards@kutakrock.com<br>     jacob.song@kutakrock.com<br>     antoinette.hewitt@kutakrock.com<br>     rebecca.wilson@kutakrock.com |

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

12749690.1

276

| | | |
|---|---|---|
| 1 | Dana Alden Fox<br>Edward E. Ward, Jr.<br>Eric Y. Kizirian<br>Tera Lutz<br>LEWIS BRISBOIS BISGAARD &<br>SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles CA 90071 | *(Attorneys for Defendant SANG LEE)*<br><br>Tel:  213.580.3858<br>Fax: 213.250.7900<br>E-Mail: dana.fox@lewisbrisbois.com<br>    edward.ward@lewisbrisbois.com<br>    eric.kizirian@lewisbrisbois.com<br>    tera.lutz@lewisbrisbois.com |
| 5 | Daniel M. Crowley<br>BOOTH, MITCHEL & STRANGE<br>LLP<br>707 Wilshire Blvd., Suite 4450<br>Los Angeles CA 90017 | *(Attorneys for Defendant SANG LEE)*<br><br>Tel:  213.738.0100<br>Fax: 213.380.3308<br>E-Mail: dmcrowley@boothmitchel.com |
| 8 | Mark C. Fields<br>LAW OFFICES OF MARK C.<br>FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles CA 90071 | *(Attorney for Defendant ANGELO<br>FERRARA and Defendant N. F.<br>appearing through Guardian Ad Litem,<br>Leonora Ferrara)*<br><br>Tel:  213.948.2349<br>Fax: 213.629.4520<br>E-Mail: fields@markfieldslaw.com |
| 13 | Thomas M. Phillip<br>Aaron G. Miller<br>THE PHILLIPS FIRM<br>800 Wilshire Blvd., Suite 1550<br>Los Angeles CA 90017 | *(Attorneys for Defendant ANGELO<br>FERRARA)*<br><br>Tel:  213.244.9913<br>Fax: 213.250.7900<br>E-Mail: tphillips@thephillipsfirm.com |
| 16 | Patrick Au<br>Laura L. Bell<br>BREMER WHYTE BROWN &<br>O'MEARA, LLP<br>21271 Burbank Blvd., Suite 110<br>Woodland Hills CA 91367 | *(Attorneys for Defendants FRANK<br>FERRARA and CHARLIE FERRARA)*<br><br>Tel:  818.712.9800<br>Fax: 818.712.9900<br>E-Mail: pau@bremerwhyte.com<br>    lbell@bremerwhyte.com |

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

12749690.1

277

# EXHIBIT 11

## John Worgul

| | |
|---|---|
| **From:** | Richard P. Dieffenbach |
| **Sent:** | Friday, October 28, 2016 3:38 PM |
| **To:** | Victor Otten; kfranklin@hansonbridgett.com |
| **Cc:** | Kavita Tekchandan; kfranklin@hansonbridgett.com; SWolff@hansonbridgett.com; TShower@hansonbridgett.com; dana.fox@lewisbrisbois.com; edward.ward@lewisbrisbois.com; eric.kizirian@lewisbrisbois.com; tera.lutz@lewisbrisbois.com; dmcrowley@boothmitchel.com; Rob Mackey; prossin@veatchfirm.com; John Worgul; pat@patcareylaw.com; peter@havenlaw.com; tphillips@phillipssteel.com; amiller@thephillipsfirm.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; ed.richards@kutakrock.com; antoinette.hew tt@kutakrock.com; rebecca.wilson@kutakrock.com; jacob.song@kutakrock.com; christopher.glos@kutakrock.com; fields@MARKFIELDSLAW.COM; Cooper, Robert S.; Rob Mackey |
| **Subject:** | Spencer v Lunada--Meet and confer letter to Plaintiffs' counsel; |

**Attachments:** Lunada Meet &confer Oct28.pdf

Dear Counsel

Please see attached letter. We have availability in our office for the face to face meeting October 31, November 1 or 2 (afternoon), or November 3 or 4.


Richard P. Dieffenbach, Esq.

Veatch Carlson, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017
(213) 381-2861 Office
(213) 383-6370 Fax
rdieffenbach@veatchfirm.com

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act Title II (18 U.S.C. §§ 2701-12), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

**VEATCH CARLSON, LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444
Telephone (213) 381-2861 Facsimile (213) 383-6370

October 28, 2016

### SENT VIA FACSIMILE AND EMAIL

Kurt A. Franklin, Esq.
Tyson Shower, Esq.
Samantha Wolff, Esq.
Caroline Lee, Esq.
HANSON BRIDGETT, LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
Facsimile: (415) 541-9366
Facsimile: (916)442-2348

Victor Otten, Esq.
Kavita Tekchandani, Esq.
OTTEN LAW, PC
3620 Pacific Coast Hwy, #100
Torrance, CA 90505
Facsimile: (310) 347-4225

| Re: | SPENCER, CORY v. LUNADA BAY BOYS | | |
|-----|-----|-----|-----|
| | Date of Loss | : | 04/14/16 |
| | Our File No. | : | 010-08018. |

Dear Mr. Franklin:

I am in receipt of Plaintiff Cory Spencer's responses to Interrogatories and Request for Production of Documents, Plaintiff Diana Milena Reed's response to Interrogatories and Request for Production of Documents, and Plaintiff Coastal Protection Rangers' response to Interrogatories and Request for Production of Documents.

I write to meet and confer regarding the responses we received, having plaintiffs provide further responses, having plaintiffs produce the records they state they will produce, and also seek a meeting with you within 10 days in accord with Local Rule 37-1.

**................................................................................**

### PLEASE NOTE THAT DUE TO THIS DISPUTE MR. BLAKEMAN WILL NOT BE PRODUCED FOR DEPOSITION UNTIL THIS DISPUTE HAS BEEN RESOLVED.

**................................................................................**

Plaintiffs each allege causes of action against Mr. Blakeman in his personal capacity and specific to each plaintiff. Each plaintiff has alleged against Mr. Blakeman, not as a member of a group but as an individual, the following:

1. That Mr. Blakeman committed enumerated predicate crimes under Penal Code 186.22

279

September 2, 2016
Page 2

    2. That Mr. Blakeman violated the Bane Act and public nuisance laws;

    3. That Mr. Blakeman sold, markets, and uses controlled substances;

    4. That Mr. Blakeman impeded boat traffic in navigable waters;

    5. That Mr. Blakeman dangerously disregarded surfing rules;

    6. That Mr. Blakeman illegally extorted money from beach goers;

    7. That Mr. Blakeman is part of a Civil Conspiracy

    8. That Mr. Blakeman violated the Bane Act as to each plaintiff;

    9. That Mr. Blakeman is a nuisance as to each plaintiff;

    10. That Mr. Blakeman assaulted each plaintiff;

    11. That Mr. Blakeman battered each plaintiff;

    12. That Mr. Blakeman committed some negligent act causing injury to each plaintiff.

The discovery at issue merely seeks the *identification of witnesses*, the *identification of the facts* believed to be within the witness's knowledge and production of documents supporting plaintiffs' specific allegations against *Mr. Blakeman in his personal capacity*.

The discovery requests defined "BRANT BLAKEMAN" as follows:

> BRANT BLAKEMAN means only Brant Blakeman in his individual capacity. This definition expressly excludes Brant Blakeman as an alleged member of what plaintiff alleges are the "Lunada Bay Boys." This definition expressly excludes the actions or omissions of any other PERSON other than Brant Blakeman in his individual capacity. This definition expressly excludes acts of PERSONS other than Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil Conspiracy.

Therefore, it should be rather clear that the discovery at issue is limited to the named plaintiff's claims against Mr. Blakeman and Mr. Blakeman's individual actions.

## The Discovery Responses Were Untimely

The discovery was served by personal service on Mr. Otten and on your office by mail on September 16, 2016. Per agreement the responses were due based on service by mail. Responses are generally due within 30 days. (See FRCP Rule 33(b)(2) and Rule 34(b)(2)(A).) Where written discovery is served by mail the time to respond is extended by 3 days. (See FRCP Rule 6(d).) 33 days from September 16, 2016 is October 19, 2016.

The responses were not served until October 20, 2016, as indicated on the proofs of service. The responses were therefore not timely. *The objections were also therefore waived regarding the interrogatories*. (See FRCP 33(b)(4).)

Notably at no time after the discovery was propounded did you or any other of the plaintiffs' counsels seek an extension. Neither was there any protest as to the nature of this discovery or it being objectionable. Instead plaintiffs choose the path of non-disclosure and delay again.

We have previously expressed our desire to avoid gamesmanship and delays in discovery. The Court set a very short time frame for discovery to occur and plaintiffs were unwilling to phase discovery. In the event an extension is needed for any future please inform

September 2, 2016
Page 3

us, but please do not continue to delay discovery as a tactic to avoid disclosure of information and prejudice Mr. Blakeman's defense.

## Plaintiffs' Responses to Interrogatories

As the objections to the interrogatories were waived we expect that further responses will be provided without delay. Our experience with plaintiffs thus far unfortunately lead us to believe this will not occur and we anticipate you will not agree to provide further responses. Therefore the substance of the objections will be addressed.

Defendant Brant Blakeman has propounded the same twelve interrogatories to each plaintiff. The requests seek the identity of witness(es) that support(s) plaintiffs' contentions against Mr. Blakeman regarding the twelve areas of inquiries identified previously and also to identify the facts believed to be within each witness's knowledge.

Each plaintiff offers the same uniform boilerplate objections to every interrogatory seeking the disclosure of witnesses and identification of facts within that witnesses knowledge.[1] These objections were not timely made as noted above. *Each plaintiff contends that based on the objections no answers to the requests will be provided.* As no answers were provided a further response is necessitated.

Below I address each objection to the interrogatories, our position why the objection is not applicable. Again, please note each and every objection was waived by the untimely responses of your clients. The following substantive discussion merely amplifies the discovery abuse reflected in Plaintiffs' responses and demonstrates why full and complete responses are required.

### Plaintiffs' Objection: Undue Burden, Harassment, and Duplication

Each plaintiff contends that identifying the witnesses to the claims against Mr. Blakeman is unduly burdensome and harassing and the information can be found in the initial and supplemental disclosures.

Plaintiffs in their initial disclosure identify potentially one witness with knowledge of Mr. Blakeman. This is Ken Claypool. If this is the only witness that plaintiffs are aware of for the 12 areas of inquiry in the interrogatories then it surely is not very burdensome to identify him and the facts believed to be within his knowledge as they relate to the specific inquiry. Surely if there are other witnesses that allege Mr. Blakeman did some act they can also be identified.

This objection by any plaintiff is not a justification to refuse to provide a response to the interrogatories, lacks merit, and should be removed.

---

[1] Plaintiff Cory Spencer includes in his responses that he additionally was deposed.

September 2, 2016
Page 4

### Plaintiffs' Objection: The Interrogatory is Compound and has Subparts

Plaintiffs contend the interrogatories are designed to circumvent the numerical limitations provided in FRCP Rule 33(a)(1). The objection wholly lacks merit.

The interrogatory seeks the identification of a witness and the facts within that witness's knowledge. FRCP Rule 33 allows the interrogatories to include "discrete subparts." Seeking the identification of witnesses and the facts within their knowledge are considered one interrogatory. (See *Chapman v. California Dept. of Educ.*, 2002 WL 32854376, at *1 (N.D.Cal.,2002).)

Furthermore, even was one to entertain plaintiffs' contention that the interrogatories did not contain discrete subparts *there are only two subparts*. If you take 12 interrogatories and multiply them by 2 this comes out to 24 interrogatories. This is within the limits of FRCP Rule 33 which allows for 25 interrogatories.

This objection by plaintiff is not a justification to refuse to provide a response to the interrogatories, lacks merit, and should be removed.

### Plaintiffs' Objection: The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge

Each plaintiff alleges that the request seeks information outside of the plaintiffs' knowledge. This objection either wholly lacks merit or there are very troubling issues related to the plaintiffs' and counsel's obligations under FRCP Rule 11's deemed verification requirements.

Viewing the untimely discovery non-responses objectively, each plaintiff makes specific and egregious allegations all without any personal knowledge of witnesses who will support the allegations (including the plaintiffs' themselves). This is tantamount to plaintiffs openly admitting this is a fishing expedition against Mr. Blakeman and they were in violation of Rule 11 since the complaint was filed. As to the assault and battery allegations against Mr. Blakeman, were they made without probable cause or any factual basis? If so please just state that and dismiss the action as to Mr. Blakeman.

If plaintiffs do not have knowledge the identity of witnesses that support their allegations they merely need to state there are none. Otherwise the witnesses should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the interrogatories, lacks merit, and should be removed.

### Plaintiffs' Objection: The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine.

Plaintiffs object that identifying witnesses and the facts within that witness's knowledge that support Plaintiffs' allegations that Mr. Blakeman acted in some manner invades the attorney client privilege.

September 2, 2016
Page 5

There is no legal support for withholding witnesses identities based on the attorney client privilege. Personal knowledge about facts is not privileged. "[T]he protection of the privilege extends only to *communications* and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. (*Upjohn Co. v. U.S.,* 101 S.Ct. 677, 685–86, 449 U.S. 383, 395–96 (U.S.Mich.,1981).)

If all responses to the discovery are privileged, and Plaintiffs' stand on the privilege, none of the facts, witnesses or documents supporting Plaintiffs' allegations will be admissible. If that is the Plaintiffs' position, please dismiss the action as to Mr. Blakeman now in the interest of judicial economy.

Otherwise, since the only facts sought are witness identity as to specific issues and the believed factual information the witness possess, please provide full answers. This objection by plaintiffs is not a justification to refuse to provide a response to the interrogatories, lacks merit, and should be removed.

### Plaintiffs' Objection: the Interrogatory is Premature as a Contention Interrogatory

Each plaintiff alleges the interrogatories are contention interrogatories and due to the early state of litigation and pre-trial discovery the responding party is unable to provide a complete response, nor it is required to so. Plaintiffs' cite to *Kmeic v. Powerwave Techs. Inc.*, *Folz v. Union Pacific Company*, and FRCP Rule 33(a)(2).

While in some contexts contention interrogatories can be delayed, these interrogatories do not fit that context and therefore should be answered. This matter involved plaintiffs in their individual capacities, as well as representative capacities, alleging intentional torts, nuisances, and negligence against Mr. Blakeman, and the questions asked relate to the basis for Plaintiffs' allegations. Surely there were personally known bases for these specific allegations. If not, please dismiss the action as to Mr. Blakeman.

*Kmeic* was a securities litigation matter. *Kmeic* involved asking contention interrogatories to a shareholder plaintiff early in litigation is very different from in this case. *Folz* related to defendant's contentions related to defendant's affirmative defenses, something that clearly would involve significant discovery to develop and is much different than this case.

It should be noted that these interrogatories are specific type of contention interrogatory. They seek the identification of witnesses that support plaintiffs' contentions that Mr. Blakeman committed some specific act alleged act *stated in the complaint filed by Plaintiffs*. The factual answers will allow Mr. Blakeman to depose such persons and to have a "just, speedy, and inexpensive determination [in this ] action." (FRCP Rule 1.) If there are no facts, witnesses or documents, the complaint's allegations are baseless and the complaint should never have been filed. Please answer fully or dismiss the action as to Mr. Blakeman.

The identification of witnesses is important not only to Mr. Blakeman's defense but also because they would contribute meaningfully to narrow the scope of the issues in dispute, set up early settlement discussions, and expose the potential basses for a Rule 11 motion and Rule 56 motion. (*See HTC Corp. v. Technology Properties Ltd.*, 2011 WL 97787, at *2 (N.D.Cal.,2011); *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338-339 (D.C.Cal.,1985).

September 2, 2016
Page 6

As you are aware we have continually informed you that Mr. Blakeman intends to pursue motions under Rule 56 related to plaintiffs baseless allegations made against him.

Furthermore, even in *In re Convergent Technologies Securities Litigation* the Court recognized the importance of the identification of witnesses. (See *In re Convergent Technologies Securities Litigation*, 108 F.R.D. at 332-333). Despite the case being a complex securities litigation matter the Court still compelled the plaintiffs to respond to "contention" interrogatories seeking the identifies of witness. (See *In re Convergent Technologies Securities Litigation*, 108 F.R.D. at 340-341.) The interrogatories in question here really are no different.

This objection by plaintiff is not a justification to refuse to provide a response to the interrogatories, lacks merit, and should be removed.

## Plaintiff's Response to Request for Production of Documents

The production requests seeks the documents that support plaintiffs contentions regarding the same 12 areas of inquiry identified previously. The requests specifically only relate to Mr. Blakeman just like the interrogatories.

### No Documents Have Been Produced Despite Plaintiffs Asserting They Will Produce Them

Each plaintiff indicates after objections as to Requests Numbers 1, 2, 3, 4, 5, 7, 8, and 9 that documents will be produced. Documents were to be produced in 30 days as made in the request. (See FRCP Rule 34(b)(2)(B).) **NO DOCUMENTS WERE PRODUCED**.

There is no excuse for delaying producing this information other to prejudice Mr. Blakeman's defenses. This is particularly egregious in that you are aware that Mr. Blakeman has a scheduled deposition upcoming. Yet plaintiffs seek to sand bag him.

The objections plaintiffs have asserted are also largely without merit and it is unknown if any information is being withheld based on the objections. If responsive material is being withheld the objection must so state. (See FRCP Rule 34(b)(2)(C).) The response must also specify the part of the request being objected to. (See id.) No such indication is made by the plaintiffs.

Please confirm whether any responsive information is being withheld and if any objection is being made to only part of the request as opposed the entire request.

Additionally, the objections lack merit. Each of the boilerplate objections asserted in response to every request by each plaintiff is addressed below.

### Plaintiffs' Objection: The Production Request is Premature as Seeking Information Related to Contentions

Plaintiff objects that producing the information supporting its contentions is premature on the same basis as it relates to contentions. They again cite to *Kmeic* and *Folz*. Neither case though addresses "contention" production requests.

September 2, 2016
Page 7

In fact the Court in *In re Convergent Technologies Securities Litigation* expressly noted that the analysis to be applied to when contention interrogatories needed be answered does not apply to production requests. (*In re Convergent Technologies Securities Litigation*, 108 F.R.D. at 333 "Nor do the generalizations articulated here apply to Rule 34 requests for documents that bear on material factual allegations.")

The requests at issue here bear on material factual allegations each plaintiff has made against Mr. Blakeman. Material facts are discoverable at the outset of litigation and these facts are not ones that would be in the exclusive control of any defendant.

Plaintiffs have had an opportunity through informal requests from the City of Palos Verdes and in discovery in this litigation to obtain thousands of police records. Plaintiffs have identified hundreds of witnesses that purportedly support their case. Plaintiffs have identified various documents in initial disclosures.

These requests only seek documents that pertain to the material allegations made against Mr. Blakeman. We are unable to identify or find a single document produced in discovery to date that indicates Mr. Blakeman ever did anything to support plaintiffs' claims against him. That is why the request for production asks for such documents. If (as is apparently the case) there are none your clients are required to so state.

During the deposition of Ms. Reed we learned that plaintiffs have withheld recordings made surreptitiously and not disclosed in its initial disclosures, despite being in existence and in plaintiffs' possession. We unfortunately anticipate that this sort of shirking of the plaintiffs' duty to disclose information will continue.

The objection wholly lacks merit and should be removed.

Plaintiffs ' Objection: the Request Fails to Identify with Reasonable Particularity the Item to be Inspected

The request is rather particular. It seeks documents and those that support a specific allegation. Who better to determine what these documents are than the plaintiffs as plaintiffs are the ones making the allegations.

This objection wholly lacks merit and should be removed.

The Request invades the Attorney Client Privilege and Attorney Work Product Doctrine.

These requests seek documents that support plaintiffs' material allegations made against Mr. Blakeman. They do not seek communication with plaintiffs' counsels. They do not seek information that is work product. If plaintiffs intend to use documents offensively against Mr. Blakeman they cannot withhold such under the cloak of a privilege.

If there is some concern that some document that would be privileged would be at issue for any of the requests related to the material allegations then please inform us why you have such a belief.

285

September 2, 2016
Page 8

\* \* \*

We anticipate that motions to compel further responses and the production of documents
will be required. *As stated previously we will not be producing Mr. Blakeman for deposition*
*until this dispute is resolved.*  We will not entertain any delays nor allow plaintiffs to drag this
process out as they did with amending their initial disclosures.  Please do not delay in providing
me your availability for a Rule 37-1 meeting to occur within 10 days of this letter as we will be
promptly filling a motion on these issues if necessary and without delay.

Lastly, we desire to depose Mr. Claypool.  It is our understanding that his information has
been withheld on the basis that you represent him.  Please inform us if you will produce him for
deposition before Thanksgiving, 2016.  If you do not represent Mr. Claypool then please amend
the initial disclosures without delay and provide us his contact information.

Very truly yours,
VEATCH CARLSON

RICHARD P. DIEFFENBACH
JOHN P. WORGUL

JPW:
cc: RTM; Robert Cooper

286

# EXHIBIT 12

# John Worgul

**From:** Victor Otten [vic@ottenlawpc.com]

**Sent:** Tuesday, November 01, 2016 7:11 PM

**To:** Richard P. Dieffenbach; kfranklin@hansonbridgett.com

**Cc:** Kavita Tekchandan; kfranklin@hansonbridgett.com; SWolff@hansonbridgett.com; TShower@hansonbridgett.com; dana.fox@lewisbrisbois.com; edward.ward@lewisbrisbois.com; eric.kizirian@lewisbrisbois.com; tera.lutz@lewisbrisbois.com; dmcrowley@boothmitchel.com; Rob Mackey; prossin@veatchfirm.com; John Worgul; pat@patcareylaw.com; peter@havenlaw.com; tphillips@phillipssteel.com; amiller@thephillipsfirm.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; ed.richards@kutakrock.com; antoinette.hewitt@kutakrock.com; rebecca.wilson@kutakrock.com; jacob.song@kutakrock.com; christopher.glos@kutakrock.com; fields@MARKFIELDSLAW.COM; Cooper, Robert S.; Rob Mackey

**Subject:** RE: Spencer v Lunada--Meet and confer letter to Plaintiffs' counsel;

Dear Mr. Dieffenbach:

Again, we've in receipt of another Friday meet-and-confer email from your office. This time, your letter was emailed to me during last Friday's deposition of co-defendant Angelo Ferrara -- a deposition that I was taking. In your letter, you stake out the position that because of an unrelated discovery dispute: "PLEASE NOTE THAT DUE TO THIS DISCOVERY DISPUTE MR. BLAKEMAN WILL NOT BE PRODUCED FOR DEPOSITION UNTIL THIS DISPUTE HAS BEEN RESOLVED." There is no agreement to reschedule Mr. Blakeman's deposition, and such unilateral rescheduling is not permitted under the federal rules and is otherwise improper.

We are accommodating to reasonable requests. A family, medical or other emergency might be a reason to accommodate rescheduling a deposition – but no such fact exist here. Instead, you attempt to unilaterally cancel a deposition because you're unhappy with well-founded (and entirely unrelated) objections to your client's inappropriate discovery. Indeed, as you well know, a lawyer has no authority unilaterally to cancel a deposition that is reasonably noticed in writing pursuant to Fed.R.Civ.P. 30(b)(1), which is a step only the Court is empowered to take. Where a party "fails, after being served with proper notice, to appear for that person's deposition," the Federal Rules of Civil Procedure provide that the Court must, at a minimum, require the cancelling party (and/or it's counsel) to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. Proc. 37(d)(1)(A).

In sum, after coordinating dates with the numerous co-defendants and both your office and Mr. Blakeman's Cumis-counsel law firm, this deposition has already be re-scheduled once at your office's insistence.   Thus, because it has been properly notice and there is no legitimate reason for cancelling it, we expect Mr. Blakeman to attend his deposition next week as scheduled on November 10. Please be apprised that we have ordered a court reporter and videographer for next week's deposition, and are making appropriate travel arrangements. If Mr. Blakeman fails to appear without the necessary relief of the Court, we will seek all appropriate remedies.

Finally, because I'm in trial, I'm not available to meet on the ancillary meet-and-confer request on Plaintiffs' responses to Mr. Blakeman's deficient written discovery requests. I should be able to meet with you on this next week – perhaps we could meet after Mr. Blakeman's deposition. Before then, I'll provide you a written response.

Sincerely,

Vic Otten

**From:** Richard P. Dieffenbach [mailto:RDieffenbach@veatchfirm.com]
**Sent:** Friday, October 28, 2016 3:38 PM
**To:** Victor Otten <vic@ottenlawpc.com>; kfranklin@hansonbridgett.com
**Cc:** Kavita Tekchandan <kavita@ottenlawpc.com>; kfranklin@hansonbridgett.com;
SWolff@hansonbridgett.com; TShower@hansonbridgett.com; dana.fox@lewisbrisbois.com;
edward.ward@lewisbrisbois.com; eric.kizirian@lewisbrisbois.com; tera.lutz@lewisbrisbois.com;
dmcrowley@boothmitchel.com; Rob Mackey <RMackey@veatchfirm.com>; prossin@veatchfirm.com; John
Worgul <JWorgul@veatchfirm.com>; pat@patcareylaw.com; peter@havenlaw.com; tphillips@phillipssteel.com;
amiller@thephillipsfirm.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; ed.richards@kutakrock.com;
antoinette.hewitt@kutakrock.com; rebecca.wilson@kutakrock.com; jacob.song@kutakrock.com;
christopher.glos@kutakrock.com; fields@MARKFIELDSLAW.COM; Cooper, Robert S. <rcooper@buchalter.com>;
Rob Mackey <RMackey@veatchfirm.com>
**Subject:** Spencer v Lunada--Meet and confer letter to Plaintiffs' counsel;

Dear Counsel

Please see attached letter.  We have availability in our office for the face to face meeting October 31, November 1
or 2 (afternoon), or November 3 or 4.


Richard P. Dieffenbach, Esq.

Veatch Carlson, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017
(213) 381-2861 Office
(213) 383-6370 Fax
rdieffenbach@veatchfirm.com

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic
Communications Privacy Act Title II (18 U.S.C. §§ 2701-12), (b) may contain confidential and/or legally privileged
information, and (c) are for the sole use of the intended recipient named above. If you have received this
electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying,
distribution, or use of the contents of the information received in error is strictly prohibited.

# EXHIBIT 13

## John Worgul

| From: | Richard P. Dieffenbach |
|---|---|
| Sent: | Monday, November 07, 2016 5:02 PM |
| To: | Victor Otten; kfranklin@hansonbridgett.com |
| Cc: | Kavita Tekchandan; kfranklin@hansonbridgett.com; SWolff@hansonbridgett.com; TShower@hansonbridgett.com; dana.fox@lewisbrisbois.com; edward.ward@lewisbrisbois.com; eric.kizirian@lewisbrisbois.com; tera.lutz@lewisbrisbois.com; dmcrowley@boothmitchel.com; Rob Mackey; prossin@veatchfirm.com; John Worgul; pat@patcareylaw.com; peter@havenlaw.com; tphillips@phillipssteel.com; amiller@thephillipsfirm.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; ed.richards@kutakrock.com; antoinette.hewitt@kutakrock.com; rebecca.wilson@kutakrock.com; jacob.song@kutakrock.com; christopher.glos@kutakrock.com; fields@MARKFIELDSLAW.COM; Cooper, Robert S.; Rob Mackey |

**Subject:** RE: Spencer v Lunada--Meet and confer letter to Plaintiffs' counsel;

**Attachments:** Spencer v2 .pdf

Messrs. Otten and Franklin

In the absence of your promised written response (or any other further communications) I am sending the attached letter. We did get an email late Friday with some documents although it looks like those were the documents which were supposed to be produced with the Plaintiff's initial disclosures, and they are not identified as responsive to the Document Requests of Mr. Blakeman served September 16.

The Blakeman deposition will not go forward November 10 because full and complete discovery responses were not provided, it is two days prior to the deposition, and there is no indication of when or if they will be provided. Once those responses are provided to us the deposition can be rescheduled. Thanks. Please see attached.

Richard P. Dieffenbach
Veatch Carlson LLP

**From:** Victor Otten [mailto:vic@ottenlawpc.com]
**Sent:** Tuesday, November 01, 2016 7:11 PM
**To:** Richard P. Dieffenbach; kfranklin@hansonbridgett.com
**Cc:** Kavita Tekchandan; kfranklin@hansonbridgett.com; SWolff@hansonbridgett.com; TShower@hansonbridgett.com; dana.fox@lewisbrisbois.com; edward.ward@lewisbrisbois.com; eric.kizirian@lewisbrisbois.com; tera.lutz@lewisbrisbois.com; dmcrowley@boothmitchel.com; Rob Mackey; prossin@veatchfirm.com; John Worgul; pat@patcareylaw.com; peter@havenlaw.com; tphillips@phillipssteel.com; amiller@thephillipsfirm.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; ed.richards@kutakrock.com; antoinette.hewitt@kutakrock.com; rebecca.wilson@kutakrock.com; jacob.song@kutakrock.com; christopher.glos@kutakrock.com; fields@MARKFIELDSLAW.COM; Cooper, Robert S.; Rob Mackey
**Subject:** RE: Spencer v Lunada--Meet and confer letter to Plaintiffs' counsel;

Dear Mr. Dieffenbach:

Again, we've in receipt of another Friday meet-and-confer email from your office. This time, your letter was emailed to me during last Friday's deposition of co-defendant Angelo Ferrara -- a deposition that I was taking. In your letter, you stake out the position that because of an unrelated discovery dispute: "PLEASE NOTE THAT DUE TO THIS DISCOVERY DISPUTE MR. BLAKEMAN WILL NOT BE PRODUCED FOR DEPOSITION UNTIL THIS DISPUTE HAS BEEN RESOLVED." There is no agreement to reschedule Mr. Blakeman's deposition, and such unilateral rescheduling is not permitted under the federal rules and is otherwise improper.

We are accommodating to reasonable requests. A family, medical or other emergency might be a reason to accommodate rescheduling a deposition – but no such fact exist here. Instead, you attempt to unilaterally

11/11/2016

cancel a deposition because you're unhappy with well-founded (and entirely unrelated) objections to your client's inappropriate discovery. Indeed, as you well know, a lawyer has no authority unilaterally to cancel a deposition that is reasonably noticed in writing pursuant to Fed.R.Civ.P. 30(b)(1), which is a step only the Court is empowered to take. Where a party "fails, after being served with proper notice, to appear for that person's deposition," the Federal Rules of Civil Procedure provide that the Court must, at a minimum, require the cancelling party (and/or it's counsel) to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. Proc. 37(d)(1)(A).

In sum, after coordinating dates with the numerous co-defendants and both your office and Mr. Blakeman's Cumis-counsel law firm, this deposition has already be re-scheduled once at your office's insistence.  Thus, because it has been properly notice and there is no legitimate reason for cancelling it, we expect Mr. Blakeman to attend his deposition next week as scheduled on November 10.  Please be apprised that we have ordered a court reporter and videographer for next week's deposition, and are making appropriate travel arrangements.  If Mr. Blakeman fails to appear without the necessary relief of the Court, we will seek all appropriate remedies.

Finally, because I'm in trial, I'm not available to meet on the ancillary meet-and-confer request on Plaintiffs' responses to Mr. Blakeman's deficient written discovery requests. I should be able to meet with you on this next week – perhaps we could meet after Mr. Blakeman's deposition. Before then, I'll provide you a written response.

Sincerely,

Vic Otten

**From:** Richard P. Dieffenbach [mailto:RDieffenbach@veatchfirm.com]
**Sent:** Friday, October 28, 2016 3:38 PM
**To:** Victor Otten <vic@ottenlawpc.com>; kfranklin@hansonbridgett.com
**Cc:** Kavita Tekchandan <kavita@ottenlawpc.com>; kfranklin@hansonbridgett.com;
SWolff@hansonbridgett.com; TShower@hansonbridgett.com; dana.fox@lewisbrisbois.com;
edward.ward@lewisbrisbois.com; eric.kizirian@lewisbrisbois.com; tera.lutz@lewisbrisbois.com;
dmcrowley@boothmitchel.com; Rob Mackey <RMackey@veatchfirm.com>; prossin@veatchfirm.com; John
Worgul <JWorgul@veatchfirm.com>; pat@patcareylaw.com; peter@havenlaw.com; tphillips@phillipssteel.com;
amiller@thephillipsfirm.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; ed.richards@kutakrock.com;
antoinette.hewitt@kutakrock.com; rebecca.wilson@kutakrock.com; jacob.song@kutakrock.com;
christopher.glos@kutakrock.com; fields@MARKFIELDSLAW.COM; Cooper, Robert S. <rcooper@buchalter.com>;
Rob Mackey <RMackey@veatchfirm.com>
**Subject:** Spencer v Lunada--Meet and confer letter to Plaintiffs' counsel;

Dear Counsel

Please see attached letter.  We have availability in our office for the face to face meeting October 31, November 1 or 2 (afternoon), or November 3 or 4.

Richard P. Dieffenbach, Esq.

Veatch Carlson, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017
(213) 381-2861 Office
(213) 383-6370 Fax

11/11/2016                                                                                                    290

rdieffenbach@veatchfirm.com

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act Title II (18 U.S.C. §§ 2701-12), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

# VEATCH CARLSON, LLP

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444
Telephone (213) 381-2861 Facsimile (213) 383-6370

November 7, 2016

## SENT VIA FACSIMILE AND EMAIL

Kurt A. Franklin, Esq.
Tyson Shower, Esq.
Samantha Wolff, Esq.
Caroline Lee, Esq.
HANSON BRIDGETT, LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
Facsimile: (415) 541-9366
Facsimile: (916)442-2348

Victor Otten, Esq.
Kavita Tekchandani, Esq.
OTTEN LAW, PC
3620 Pacific Coast Hwy, #100
Torrance, CA 90505
Facsimile: (310) 347-4225

Re: **SPENCER, CORY v. LUNADA BAY BOYS**

| | | |
|---|---|---|
| Date of Loss | : | 04/14/16 |
| Our File No. | : | 010-08018. |

Dear Mr. Franklin and Mr. Otten:

Please note this is the FOURTH meet and confer letter we have been forced to send to your offices in this matter since September 2, 2016.

We respond to Mr. Otten's email notifying us that Plaintiffs' counsel will not meet and confer within the time required by Local Rule 37-1 regarding the Plaintiffs' untimely and improper discovery responses. This refusal is coupled with the demand that Plaintiffs insist on using their sandbagging technique to frustrate preparation of Mr. Blakeman for his deposition noticed for November 10 by withholding substantive responses to specific questions relating to the allegations made against Mr. Blakeman.

The ongoing Plaintiff-induced delay of discovery in this case borders on vexatious conduct and we will seek court intervention to stay the deposition until Plaintiffs have provided their responses to Mr. Blakeman's discovery so that Mr. Blakeman can be made aware of any factual basis for Plaintiffs' allegations against, him as requested in the discovery.

There has been a significant history in this otherwise young case of Plaintiffs stalling to delay the disclosure of information and thereby shirking their obligations under Rule 26(a) and (e). When we first addressed Plaintiffs' discovery shortcomings in our discussion of the inadequate initial disclosures we hoped to avoid the type of discovery abuse we now encounter

September 2, 2016
Page 2

(See meet and confer letters of September 2 and September 9, 2016). We sent the written discovery to Plaintiffs' counsel September 16, 2016, timed to allow our receipt of responses before the Reed deposition of October 24 so that we would have the responses in time for that deposition. Mr. Otten advised there was an issue with the personal service on his office; the mail service on all other counsel including Hansen Bridgett was agreed to be the date from which responses should be calculated. That would have meant responses were due October 19; the responses, which were only objections, were instead served untimely and by mail from San Francisco on October 20. My office received them October 25 after Ms. Reed's deposition had ended (not that the untimely objections without factual response, and refusal to respond, would have been of any value anyway). We sent the third meet and confer letter outlining the problems with the discovery responses to you by email October 28, 2016. Mr. Otten's responsive email of November 1 amplifies the intentional non-compliance Plaintiffs persist in practicing.

Examples of the ongoing and improper tactical delays and "hide-the-ball" gamesmanship employed by Plaintiffs to date abound. They include:

- Initial disclosures which were inadequate and required an extensive meet and confer letter to obtain disclosures which should have been made, including witness identification and document;
- Plaintiffs' counsel's delay in providing the promised Supplemental Disclosures, promised by September 23, 2016 but not served until October 2, 2016;
- Supplemental disclosures which failed to identify documents in Plaintiffs' custody which were then sprung on Defense counsel only at Plaintiff Cory Spencer's or Plaintiff Diana Milena Reed's deposition (Cf. Plaintiffs' supplemental disclosures and see exhibits to depositions of Spencer and Reed;
- Untimely Responses to Mr. Blakeman's written discovery, served late and by mail from Plaintiffs' counsel's San Francisco attorneys' offices in order to frustrate their use at the deposition of Ms. Reed (See Blakeman's Interrogatories and Requests for Production to Plaintiffs served by Mail September 16, 2016, and Plaintiffs' untimely, objection-only responses served by mail from San Francisco October 20, 2016, and the Notice of Ms. Reed's deposition setting the deposition for October 24, 3016;
- Improper objections, which had been waived by the untimeliness of the responses, to Mr. Blakeman's written discovery, which discovery merely sought the specific facts, witnesses and documents Plaintiffs have to support the allegations made in the complaint (see interrogatories and Plaintiffs' untimely objection-only responses);
- Testimony at the depositions of the two named class representative individuals (Spencer and Reed) indicating neither has any factual basis for any of the allegations against Mr. Blakeman;
- A refusal to comply with the Central District's Local Rule 37-1 after receiving our October 28, 2016 meet and confer letter, despite five separate days being offered by my office as suitable for such a meeting (See email of November 1, 2016 from Plaintiffs' counsel Otten);
- Setting up the timing of this dispute to frustrate our ability to protect Mr. Blakeman and to try to game the local rules regarding discovery motions as a means of forcing the deposition before the matter can be heard by noticed motion (See notice of deposition of Brant Blakeman for November 10, 2016);

September 2, 2016
Page 3

• Failing to respond substantively to any of the substantive issues presented in the October 28 meet and confer letter (See email of November 1, 2016 from Plaintiffs' counsel Otten).

It has also become apparent during the parties' depositions that have been taken thus far that Plaintiffs' counsel is failing to supplement initial disclosures and is intentionally withholding pertinent information pertaining to the substance of alleged predicate acts which Plaintiffs intend to assert as part of their case-in-chief against the defendants' individually and as a purported "criminal gang." This alleged evidence of predicate acts includes conduct alleged against our client Mr. Blakeman, is clearly related to Plaintiffs' case in chief, and would not qualify as impeachment. Weak and irrelevant as the evidence is, such as a claim that Mr. Blakeman years ago got in a fight with Bill Kaemerle, another surfer from the area, you have a duty to disclose any and all witnesses and documents that you believe support your case. Thus far, it is clear you will attempt to sandbag every defendant by abusing the discovery and disclosure rules. We are seeking court intervention to prevent you from continuing to do so.

We had hoped that at some point Plaintiffs counsel would recognize that these claims require evidence, and the filing of this action requires honest and actual compliance with discovery. We note that Plaintiffs' intransigence leaves us no alternative but to seek court intervention to prevent any further effort to prejudice Mr. Blakeman or his defense in this case.

We will ask the Magistrate Judge *ex parte* to stay the deposition of Mr. Blakeman until such time as Plaintiffs provide the full and complete answers to the written discovery served by Mr. Blakeman October 16, 2016, and for an order that any documents not disclosed either in response to that discovery or in the initial or supplemental disclosures by Plaintiffs be excluded for the action and excluded specifically from any evidence presented as to Mr. Blakeman.

Alternatively we will ask the magistrate Judge to stay all non-class certification related discovery until such time as a class is certified, if ever, since if certification is denied your clients' claims will be individual in nature and (based on their deposition testimony) will have nothing to do with any actionable claims by your clients against Mr. Blakeman. We will request that the Magistrate order monetary sanctions against Plaintiffs and their counsel for the cost of these delays and the cost of bringing this motion for a protective order.

We provided thirteen days notice that Mr. Blakeman would not be produced pending resolution of this dispute. That is more than enough time to cancel any travel or reporter or videographer plans without incurring a penalty, so you should act to cancel those services or not at your own expense.

Lastly, please reconsider plaintiff's position that they will not comply with the meet and confer requirements of Local Rule 37-1. We can not file a motion until the ten day time

September 2, 2016
Page 4

     frame has expired to afford plaintiffs the opportunity to change their position and to comply with the local rule. We have limited availability; therefore if there is a change in plaintiffs' position, please notify us with out delay.

                                   Very truly yours,
                                   VEATCH CARLSON

                                   RICHARD P. DIEFFENBACH

:
cc: RTM; JPW; Robert Cooper

295

# EXHIBIT 14

## John Worgul

| From: | Victor Otten [vic@ottenlawpc.com] |
|---|---|
| Sent: | Monday, November 07, 2016 5:54 PM |
| To: | Richard P. Dieffenbach; John Worgul |
| Cc: | kfranklin@hansonbridgett.com; SWolff@hansonbridgett.com; Kavita Tekchandan |
| Subject: | RE: Spencer v Lunada--Meet and confer letter to Plaintiffs' counsel; |

**Attachments:** Dief.11.7.16.pdf

**From:** Richard P. Dieffenbach [mailto:RDieffenbach@veatchfirm.com]
**Sent:** Monday, November 7, 2016 5:02 PM
**To:** Victor Otten <vic@ottenlawpc.com>; kfranklin@hansonbridgett.com
**Cc:** Kavita Tekchandan <kavita@ottenlawpc.com>; kfranklin@hansonbridgett.com;
SWolff@hansonbridgett.com; TShower@hansonbridgett.com; dana.fox@lewisbrisbois.com;
edward.ward@lewisbrisbois.com; eric.kizirian@lewisbrisbois.com; tera.lutz@lewisbrisbois.com;
dmcrowley@boothmitchel.com; Rob Mackey <RMackey@veatchfirm.com>; prossin@veatchfirm.com; John
Worgul <JWorgul@veatchfirm.com>; pat@patcareylaw.com; peter@havenlaw.com; tphillips@phillipssteel.com;
amiller@thephillipsfirm.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; ed.richards@kutakrock.com;
antoinette.hewitt@kutakrock.com; rebecca.wilson@kutakrock.com; jacob.song@kutakrock.com;
christopher.glos@kutakrock.com; fields@MARKFIELDSLAW.COM; Cooper, Robert S. <rcooper@buchalter.com>;
Rob Mackey <RMackey@veatchfirm.com>
**Subject:** RE: Spencer v Lunada--Meet and confer letter to Plaintiffs' counsel;

Messrs. Otten and Franklin

In the absence of your promised written response (or any other further communications) I am sending the
attached letter. We did get an email late Friday with some documents although it looks like those were the
documents which were supposed to be produced with the Plaintiff's initial disclosures, and they are not identified
as responsive to the Document Requests of Mr. Blakeman served September 16.

The Blakeman deposition will not go forward November 10 because full and complete discovery responses were
not provided, it is two days prior to the deposition, and there is no indication of when or if they will be provided.
Once those responses are provided to us the deposition can be rescheduled. Thanks. Please see attached.

Richard P. Dieffenbach
Veatch Carlson LLP

**From:** Victor Otten [mailto:vic@ottenlawpc.com]
**Sent:** Tuesday, November 01, 2016 7:11 PM
**To:** Richard P. Dieffenbach; kfranklin@hansonbridgett.com
**Cc:** Kavita Tekchandan; kfranklin@hansonbridgett.com; SWolff@hansonbridgett.com;
TShower@hansonbridgett.com; dana.fox@lewisbrisbois.com; edward.ward@lewisbrisbois.com;
eric.kizirian@lewisbrisbois.com; tera.lutz@lewisbrisbois.com; dmcrowley@boothmitchel.com; Rob Mackey;
prossin@veatchfirm.com; John Worgul; pat@patcareylaw.com; peter@havenlaw.com; tphillips@phillipssteel.com;
amiller@thephillipsfirm.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; ed.richards@kutakrock.com;
antoinette.hewitt@kutakrock.com; rebecca.wilson@kutakrock.com; jacob.song@kutakrock.com;
christopher.glos@kutakrock.com; fields@MARKFIELDSLAW.COM; Cooper, Robert S.; Rob Mackey
**Subject:** RE: Spencer v Lunada--Meet and confer letter to Plaintiffs' counsel;

Dear Mr. Dieffenbach:

Again, we've in receipt of another Friday meet-and-confer email from your office. This time, your letter was emailed to me during last Friday's deposition of co-defendant Angelo Ferrara -- a deposition that I was taking. In your letter, you stake out the position that because of an unrelated discovery dispute: "PLEASE NOTE THAT DUE TO THIS DISCOVERY DISPUTE MR. BLAKEMAN WILL NOT BE PRODUCED FOR DEPOSITION UNTIL THIS DISPUTE HAS BEEN RESOLVED." There is no agreement to reschedule Mr. Blakeman's deposition, and such unilateral rescheduling is not permitted under the federal rules and is otherwise improper.

We are accommodating to reasonable requests. A family, medical or other emergency might be a reason to accommodate rescheduling a deposition – but no such fact exist here. Instead, you attempt to unilaterally cancel a deposition because you're unhappy with well-founded (and entirely unrelated) objections to your client's inappropriate discovery. Indeed, as you well know, a lawyer has no authority unilaterally to cancel a deposition that is reasonably noticed in writing pursuant to Fed.R.Civ.P. 30(b)(1), which is a step only the Court is empowered to take. Where a party "fails, after being served with proper notice, to appear for that person's deposition," the Federal Rules of Civil Procedure provide that the Court must, at a minimum, require the cancelling party (and/or it's counsel) to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. Proc. 37(d)(1)(A).

In sum, after coordinating dates with the numerous co-defendants and both your office and Mr. Blakeman's Cumis-counsel law firm, this deposition has already be re-scheduled once at your office's insistence.   Thus, because it has been properly notice and there is no legitimate reason for cancelling it, we expect Mr. Blakeman to attend his deposition next week as scheduled on November 10. Please be apprised that we have ordered a court reporter and videographer for next week's deposition, and are making appropriate travel arrangements. If Mr. Blakeman fails to appear without the necessary relief of the Court, we will seek all appropriate remedies.

Finally, because I'm in trial, I'm not available to meet on the ancillary meet-and-confer request on Plaintiffs' responses to Mr. Blakeman's deficient written discovery requests. I should be able to meet with you on this next week – perhaps we could meet after Mr. Blakeman's deposition. Before then, I'll provide you a written response.

Sincerely,

Vic Otten

**From:** Richard P. Dieffenbach [mailto:RDieffenbach@veatchfirm.com]
**Sent:** Friday, October 28, 2016 3:38 PM
**To:** Victor Otten <vic@ottenlawpc.com>; kfranklin@hansonbridgett.com
**Cc:** Kavita Tekchandan <kavita@ottenlawpc.com>; kfranklin@hansonbridgett.com;
SWolff@hansonbridgett.com; TShower@hansonbridgett.com; dana.fox@lewisbrisbois.com;
edward.ward@lewisbrisbois.com; eric.kizirian@lewisbrisbois.com; tera.lutz@lewisbrisbois.com;
dmcrowley@boothmitchel.com; Rob Mackey <RMackey@veatchfirm.com>; prossin@veatchfirm.com; John
Worgul <JWorgul@veatchfirm.com>; pat@patcareylaw.com; peter@havenlaw.com; tphillips@phillipssteel.com;
amiller@thephillipsfirm.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; ed.richards@kutakrock.com;
antoinette.hewitt@kutakrock.com; rebecca.wilson@kutakrock.com; jacob.song@kutakrock.com;
christopher.glos@kutakrock.com; fields@MARKFIELDSLAW.COM; Cooper, Robert S. <rcooper@buchalter.com>;
Rob Mackey <RMackey@veatchfirm.com>
**Subject:** Spencer v Lunada--Meet and confer letter to Plaintiffs' counsel;

Dear Counsel

Please see attached letter.   We have availability in our office for the face to face meeting October 31, November 1
or 2 (afternoon), or November 3 or 4.


Richard P. Dieffenbach, Esq.

Veatch Carlson, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017
(213) 381-2861 Office
(213) 383-6370 Fax
rdieffenbach@veatchfirm.com

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic
Communications Privacy Act Title II (18 U.S.C. §§ 2701-12), (b) may contain confidential and/or legally privileged
information, and (c) are for the sole use of the intended recipient named above. If you have received this
electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying,
distribution, or use of the contents of the information received in error is strictly prohibited.

# OTTEN LAW, PC

## ATTORNEYS

November 7, 2016

**VIA E-MAIL AND U.S. MAIL**

Richard P. Dieffenbach
John P. Worgul
Veatch Carlson, LLP
1055 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90017-2444

Re:     Spencer, et al. v. Lunada Bay Boys, et al.

Dear Mr. Dieffenbach:

I write in response to the letter you sent on Friday, October 28, 2016, at 4:30 PM regarding
Plaintiffs Cory Spencer, Diana Milena Reed, and the Coastal Protection Rangers' ("Plaintiffs")
responses to Defendant Brant Blakeman's ("Blakeman") first set of Interrogatories and Requests
for Production of Documents. As you are aware, I have been in trial and have not had an
opportunity to respond substantively to your letter until now.

**November 10, 2016 Deposition of Blakeman.**

To reiterate my November 1, 2016 email to you, the deposition of Blakeman is going forward on
Thursday, November 10, 2016. You have no basis to unilaterally cancel the reasonably noticed
deposition of your client. Your refusal to produce Blakeman for deposition will result in
sanctions, even absent a court order. Fed. R. Civ. Proc. 37(d)(1)(A)(i).

**Discovery Responses Were, In Fact, Timely.**

Blakeman served Plaintiffs with discovery requests on September 16, 2016, by mail and
attempted personal service on that same date. As you know, Blakeman and Plaintiffs agreed that
Plaintiffs' responses and objections would be due based on service by mail because of certain
errors in the personal service.[1]

---

[1] If you recall, your office failed to personally serve the documents on 9-16-16 despite what is stated in the proof of
service. The attorney down hall from my office found the discovery documents sitting on the ground outside the
back entrance to our building on 9-17-16.

3620 Pacific Coast Highway, Suite 100, Torrance CA 90505 Phone: (310) 378-8533 Fax: (310) 347-4225
www.ottenlawpc.com

Richard P. Dieffenbach, Esq.
Veatch Carlson, LLP
November 7, 2016
P a g e | **2**

As you may know, Fed. R. Civ. Proc. 6(d) was amended on December 1, 2005, and again on
December 1, 2007, and now reads as follows: "When a party may or must act within a specified
time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the
clerk), or (F) (other means consented to), 3 days are added after the period would otherwise
expire under Rule 6(a)." (Emphasis added.)

Pursuant to the computation set forth in Fed. R. Civ. Proc. 6(a) and 6(d), Plaintiffs' responses and
objections were due on October 20, 2016. Thirty days after September 16, 2016 was Sunday,
October 16, 2016. Fed. R. Civ. Proc. 6(a) states that "if the last day is a Saturday, Sunday, or
legal holiday, the period continues to run until the end of the next day that is not a Saturday,
Sunday, or legal holiday." The next day following Sunday, October 16, 2016, was Monday,
October 17, 2016. Per Fed. R. Civ. Proc. 6(d), we extend the October 17, 2016, deadline
prescribed by Fed. R. Civ. Proc. 6(a) by three days to account for the service by mail: October
20, 2016. Plaintiffs' discovery responses and objections were timely served on October 20,
2016. Therefore, Plaintiffs did not waive their objections, and their responses were effective.

**Plaintiffs' Proper Objections and Responses to Interrogatories**.

Plaintiffs' objections and responses to Blakeman's interrogatories were proper and therefore do
not require supplementation.

As an initial matter, you repeatedly assert that Plaintiffs' objections should be removed. Your
demand that Plaintiffs remove objections from their discovery responses is baseless and lacks
legal authority. Plaintiffs will not amend their responses to remove objections unless you can
supply legal authority for this obligation.

Unduly Burdensome, Harassing, and Duplicative.

Plaintiffs objected to Blakeman's request to identify witnesses to the claims against Blakeman on
the grounds that it already disclosed the names of potential witnesses in their initial and
supplemental disclosures. Specifically, Plaintiffs listed 105 witnesses in its October 2, 2016
supplemental disclosures, a number of whom may have witnessed the claims against Blakeman.
Your client already has this information in his possession. Therefore, it would be unduly
burdensome, harassing, and duplicative for Plaintiffs to be compelled to identify these witnesses
again.

Compound.

Plaintiffs objected to Blakeman's requests to identify persons with knowledge of facts supporting
their contentions **and** facts within each person's knowledge on the basis that they are compound.
Fed. R. Civ. Proc. 33(a)(1) limits a party to 25 interrogatories propounded on any other party,
including all discrete subparts.

Richard P. Dieffenbach, Esq.
Veatch Carlson, LLP
November 7, 2016
P a g e | **3**

Courts have consistently concluded that an interrogatory that asks a party to identify facts,
documents, and witnesses should count as separate interrogatories. See e.g., *Makaeff v. Trump
Univ.*, LLC, 2014 WL 3490356, at *7 (S.D. Cal. July 11, 2014) (concluding the interrogatory
"contains 3 discrete subparts [for facts, documents, and witnesses,] and these subparts must be
multiplied by the number of RFAs that were not unqualified admissions"); *Superior Commc'ns v.
Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (request for facts, persons, and
documents constitutes three distinct interrogatories); *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS
21578, 13-14 (E.D. Cal. Feb. 21, 2012) (same).

Here, each of Blakeman's interrogatories seeks witnesses and facts. Blakeman shall propound
amended interrogatories that separate out the 2 subparts of each of the 12 interrogatories so that
Blakeman propounds 24 total interrogatories on each Plaintiff. Until then, the interrogatories are
compound and therefore improper.

### Information Outside Plaintiff's Knowledge.

Plaintiffs adamantly deny your insinuation that they or their counsel have violated Fed. R. Civ.
Proc. 11 regarding the identification of witnesses to support their allegations. To the contrary,
Plaintiffs have identified in their October 2, 2016, supplemental disclosures 105 witnesses who
may possess knowledge of the allegations.

Plaintiffs' objection that the interrogatories seek information outside their knowledge is an
objection only to the extent that the information sought is outside Plaintiffs' knowledge.
Although Plaintiffs neglected to include the words "to the extent that" preceding these written
objections, that is the objection that Plaintiffs assert. We can amend our objections to include
this wording, if you would like.

### Attorney-Client Privilege and Attorney Work Product Doctrine.

Plaintiffs objected to the interrogatories to the extent that they invade the attorney-client
privilege and/or the work product doctrine by compelling privileged communication and/or
litigation strategy. These objections are worded such that either the attorney-client privilege or
the attorney work product doctrine (or both) could protect the information from disclosure. The
objections do not state that both privileges necessarily apply to each piece of information sought.
Furthermore, Plaintiffs do not claim that all information sought is privileged, as evidenced by the
inclusion of "to the extent that" preceding these objections. Rather, we have applied the work
product doctrine to protect trial preparation materials that reveal attorney strategy, intended lines
of proof, evaluations of strengths and weaknesses, and inferences drawn from interviews. Fed.
R. Civ. Proc. 26(b)(3); *Hickman v. Taylor*, 329 U. S. 495, 511 (1947). We have applied the
attorney-client privilege to protect our confidential communications with Plaintiffs. United
*States v. Graf*, 610 F. 3d 1148, 1156 (9th Cir. 2010).

Moreover, we are well aware that evidence not exchanged in discovery is inadmissible at trial.
Contrary to your contention that witness identities will be inadmissible, we have already

---

Richard P. Dieffenbach, Esq.
Veatch Carlson, LLP
November 7, 2016
P a g e | 4

disclosed the identities of potential witnesses in our initial and supplemental disclosures. Even at this early stage of discovery, there are more than 100 witnesses whose identities are admissible at trial.

    Premature Contention Interrogatories.

Plaintiffs objected to Blakeman's interrogatories as premature because they seek or necessarily rely upon a contention. Fed. R. Civ. P. 33(a)(2); *Kmiec v. Powerwave Techs. Inc.*, et al., 2014 WL 11512195 (C.D. Cal Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2. Plaintiffs stand by this objection.

Contention interrogatories need not be answered until discovery is "substantially complete." See Fed. R. Civ. P. 33(a)(2). In *Kmiec*, the court held that discovery was not "substantially complete" when the discovery cutoff was 4 months away and depositions of fact witnesses or defendants had not yet occurred. The court opined that "[i]f Defendants had completed their document production, depositions were under way, and the discovery cutoff date was just a month or so away, Defendants might be entitled to the information they seek. But under the circumstances here, Defendants' interrogatories are premature." *Kmiec*, at *1 (emphasis added). Similarly, the *Folz* court found that discovery was not substantially complete and the responding party had adequate time to supplement his answers when the discovery cutoff was 8 months away. *Folz*, at *3. Even the case you cite, *HTC Corp. v. Tech. Properties Ltd.*, 2011 WL 97787 (N.D. Cal. Jan. 12, 2011), held that the responding party did not need to respond to contention interrogatories because discovery was "still in full-swing." *HTC Corp*, at *3.

Here, the discovery cutoff is more than 9 months away, on August 7, 2017. None of the individual Defendants – your client included – have produced any documents, and Plaintiff Cory Spencer produced his first set of documents this past Friday, November 4, 2016. Additionally, the parties have only taken 4 out of the 20 possible depositions – Jeff Kepley, Cory Spencer, Diana Milena Reed, and Angelo Ferrara – all of which took place within the last month. Thus, it is clear that we are in the early stages of discovery. Discovery is far from being "substantially complete;" therefore, Plaintiffs need not respond to contention interrogatories. Regarding Blakeman's desire to know the names of witnesses, Plaintiffs have provided over 100 potential witnesses in its initial and supplemental disclosures. Blakeman is free to use that list of witnesses to pursue his defense strategy.

Pursuant to Fed. R. Civ. P. 26(e)(1)(A), Plaintiffs will supplement their discovery responses as additional facts become known.

**Plaintiffs' Proper Objections and Responses to Requests for Production of Documents**.

Since your October 28, 2016 meet and confer letter, Plaintiff Cory Spencer has produced over 2,000 pages of documents (see November 4, 2016 production, PLTF000001 – PLTF002029). We assume that this production addresses the portion of your meet and confer letter regarding

Richard P. Dieffenbach, Esq.
Veatch Carlson, LLP
November 7, 2016
Page | **5**

the Requests for Production of Documents but are willing to discuss any concerns you may have after your review of Plaintiffs' production.

**Deposition of Ken Claypool**.

We represent Ken Claypool. We will contact Mr. Claypool regarding his availability for deposition before Thanksgiving.

If you are still interested, I am available to meet with you in person this week to discuss remaining discovery issues, if any.

Very truly yours,

OTTEN LAW, PC

Victor Otten, Esq.

CC:     Kavita Tekchandani
        Kurt Franklin
        Samantha Wolff

303

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444.

On November 14, 2016, I served the foregoing document described as **DECLARATIONS OF JOHN P. WORGUL, RICHARD P. DIEFFENBACH, AND PETER H. CROSSIN IN SUPPORT OF THE PARTIES JOINT STIPULATION RE DISCOVERY PROPOUNDED BY DEFENDANT BRANT BLAKEMAN TO PLAINTIFF CORY SPENCER [L.R. 37-2.1]**on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

## SEE ATTACHED SERVICE LIST

\_\_\_\_\_    **BY MAIL** (C.C.P. §§ 1013a, *et seq.*)**:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

 X\_\_\_\_\_    **ELECTRONIC MAIL SERVICE** I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP business practices for electronic service. :

\_\_\_\_\_    **BY FACSIMILE TRANSMISSION** from Facsimile No. (213) 383-6370 to the fax numbers listed below. The facsimile machine I used complied with Court Rule 2.306. Pursuant to Rule 2.306, I caused the machine to print a transmission confirmation report that showed the document was transmitted complete and without error and a copy is attached.

 X\_\_\_\_\_    **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on November 14, 2016 at Los Angeles, California.


                             /s/Marianne Gadhia
                             Marianne Gadhia

**SERVICE LIST**
*Cory Spencer, et al v. Lunada Bay Boys, et al.*
**USDC, Central District, Western Division Case No.: 2:16-cv-02129-SJO (RAOx)**

| | |
|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>Jenniffer A. Foldvary, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (415) 442-3200<br>Facsimile: (415) 541-9366<br><br>Email: kfranklin@hansonbridgett.com<br>Email: swolff@hansonbridgett.com<br>Email: clee@hansonbridgett.com<br>Email: jfoldvary@hansonbridgett.com |
| Tyson M. Shower, Esq.<br>Landon D. Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (916) 442-3333<br>Facsimile: (916) 442-2348<br><br>Email: tshower@hansonbridgett.com |
| Victor Otten, Esq.<br>Kavita Tekchandani, Esq.<br>OTTEN LAW PC<br>3620 Pacific Coast Highway, #100<br>Torrance, CA 90505 | Attorneys for **PLAINTIFFS**<br><br>Telephone: (310) 378-8533<br>Facsimile: (310) 347-4225<br><br>Email: vic@ottenlawpc.com<br>Email: kavita@ottenlawpc.com |
| Edwin J. Richards, Esq.<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine, CA 992614-8595 | Attorneys for Defendants<br>**CITY OF PALOS VERDES ESTATES and CHIEF OF POLICE JEFF KEPLY**<br><br>Telephone: (949) 417-0999<br>Facsimile: (949) 417-5394<br><br>Email: ed.richards@kutakrock.com<br>Email: jacob.song@kutakrock.com |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**ALAN JOHNSTON aka JALIAN JOHNSTON**<br><br>Telephone: (310) 526-2237<br>Facsimile: (310) 526-2237<br><br>Email: pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |
| Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant<br>**MICHAEL RAY PAPAYANS**<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br><br>Email: peter@hblwfirm.us<br>Email: peter@havenlaw.com |

| | |
|---|---|
| Mark C. Fields<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants<br>**ANGELO FERRARA; N.F. appearing through [Proposed] Guardian Ad Litem, Leonora Ferrara Attorney for Petitioner**<br><br>Telephone: (213) 948-2349<br>Facsimile:  (213) 629-4520<br><br>Email: fields@markfieldslaw.com |
| Thomas M. Phillips, Esq.<br>Aaron G. Miller<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant<br>**ANGELO FERRARA**<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br><br>Email: tphillips@thephillipsfirm.com |
| Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tara Lutz, Esq.<br>LEWIS BRISBOIS BISGAARD<br>  & SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Attorney for Defendant<br>**SANG LEE**<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900<br><br>Email: Dana.Fox@lewisbrisbois.com<br>Email: Edward.Ward@lewisbrisbois.com<br>Email: Eric.Kizirian@lewisbrisbois.com<br>Email: Tera.Lutz@lewisbrisbois.com |
| Laura Bell, Esq.<br>William Lock, Esq.<br>BREMER WHYTE BROWN<br>  & O'MEARA, LLP<br>21271 Burbank Blvd., Suite 110<br>Woodland Hills, CA 91367 | Attorney for Defendants,<br>**FRANK FERRARA and CHARLIE FERRARA**<br><br>Telephone: (818) 712-9800<br>Facsimile:  (818) 712-9900<br><br>Email: lbell@bremerwhyte.com<br>Email: wlocke@bremerwhyte.com |
| Daniel M. Crowley, Esq.<br>BOOTH, MITCHEL & STRANGE LLP<br>707 Wilshire Blvd., Suite 4450<br>Los Angeles, CA  90017 | Telephone:  (213) 738-0100<br>Facsimile:  (213) 380-3308<br><br>Email: dmcrowley@boothmitchel.com |
| Robert S. Cooper, Esq.<br>Buchalter Nemer<br>1000 Wilshire Boulevard, Suite 1500<br>Los Angeles, CA 90017-1730 | Switchboard:         (213) 891-0700<br>Telephone (direct): (213) 891-5230<br>Facsimile:            (213) 630-5609<br><br>Email:  rcooper@buchalter.com |
| | |