HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
JENNIFER ANIKO FOLDVARY, SBN 292216
jfoldvary@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 777-3200
Facsimile:    (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:  (916) 442-3333
Facsimile:    (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone:  (310) 378-8533
Facsimile:    (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**DECLARATION OF VICTOR OTTEN IN SUPPORT OF JOINT STIPULATION REGARDING DISCOVERY PROPOUNDED BY DEFENDANT BRANT BLAKEMAN TO PLAINTIFFS**<br>**(C.D. L.R. 37-2)** |

12843818.1

2:16-cv-02129-SJO (RAOx)
DECLARATION OF VICTOR OTTEN IN SUPPORT OF JOINT STIPULATION REGARDING DISCOVERY
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN TO PLAINTIFFS [C.D. L.R. 37-2]

1

2        v.

3    LUNADA BAY BOYS; THE
     INDIVIDUAL MEMBERS OF THE
4    LUNADA BAY BOYS, including but
     not limited to SANG LEE, BRANT
5    BLAKEMAN, ALAN JOHNSTON
     AKA JALIAN JOHNSTON,
6    MICHAEL RAE PAPAYANS,
     ANGELO FERRARA, FRANK
7    FERRARA, CHARLIE FERRARA,
     and N. F.; CITY OF PALOS VERDES
8    ESTATES; CHIEF OF POLICE JEFF
     KEPLEY, in his representative
9    capacity; and DOES 1-10,

10

11              Defendants.

12

13

14        I, VICTOR OTTEN, declare as follows:

15        1.    I am an attorney licensed to practice under the laws of the State of

16   California and am duly admitted to practice before this court.  I am an attorney of

17   record for Plaintiffs Cory Spencer, Diana Milena Reed, and the Coastal Protection

18   Rangers, Inc.  I have personal knowledge of the facts set forth herein, and if called

19   as a witness, I could and would competently testify to the matters stated herein.

20        2.    On October 28, 2016, Mr. Blakeman's counsel, Richard Dieffenbach,

21   sent me a meet and confer letter regarding Plaintiffs' discovery responses.  A true

22   and correct copy of the October 28, 2016 letter is attached as **Exhibit A.**

23        3.    On November 1, 2016, I emailed Mr. Dieffenbach in response to his

24   October 28, 2016 letter to remind him of Mr. Blakeman's obligation to appear for

25   his deposition and to schedule a conference regarding discovery.  A true and correct

26   copy of my November 1, 2016 email is attached as **Exhibit B.**

27        4.    Despite my offer to attend an in-person meeting, Mr. Blakeman's

28   counsel made no attempt to schedule the conference, as required by L.R. 37-1.  Mr.

DECLARATION OF VICTOR OTTEN IN SUPPORT OF JOINT STIPULATION REGARDING DISCOVERY
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN TO PLAINTIFFS [C.D. L.R. 37-2]

1  Blakeman's counsel could have arranged an in-person or telephonic conference with

2  me, or a telephonic conference with my co-counsel at Hanson Bridgett LLP, but he

3  did none of the above.

4       5.     On November 4, 2016, my co-counsel produced documents responsive

5  to Mr. Blakeman's document requests.  A true and correct copy of the November 4,

6  2016 Proof of Service for the production of documents BATES stamped PLTF

7  000001 – PLTF 002029 is attached as **Exhibit C**.  Of these 2,029 files produced by

8  Plaintiffs, 1,866 were documents previously produced by the City pursuant to a

9  Public Records Act request.  These documents were also sent to counsel on a CD the

10  following day.

11       6.     On November 7, 2016, I sent Mr. Dieffenbach a written letter in

12  response to his October 28, 2016 letter.  A true and correct copy of my November 7,

13  2016 letter is attached as **Exhibit D**.  In my letter, I reminded Mr. Blakeman of his

14  obligation to appear at his November 10th deposition and articulated the legal basis

15  for Plaintiffs' objections to Mr. Blakeman's discovery requests.

16       7.     After I sent the November 7, 2016 letter to Mr. Dieffenbach, Mr.

17  Blakeman's counsel did not make any effort to schedule a conference as required by

18  L.R. 37-1.

19       8.     On November 14, 2016 at 1:08 PM, Marianne Gadhia from Mr.

20  Blakeman's counsel's office sent me an email with Mr. Blakeman's portion of the

21  Joint Stipulation Regarding Discovery Propounded by Defendant Blakeman to

22  Plaintiffs.  A true and correct copy of Ms. Gadhia's November 14, 2016 email is

23  attached as **Exhibit E**.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1       9.    On November 17, 2016, my co-counsel produced additional

2   documents.  A true and correct copy of the November 17, 2016 Proof of Service for

3   the production of documents BATES stamped PLTF002030 – PLTF002052 is

4   attached as **Exhibit F**.  These documents were also sent on a CD to counsel via

5   overnight mail the same day.

6

7       I declare under penalty of perjury under the laws of the State of California

8   that the foregoing is true and correct.  Executed November 21, 2016, in Hermosa

9   Beach, California.

10

11                             */s/ Victor Otten*

12                             Victor Otten

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**VEATCH CARLSON, LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

1055 Wilshire Boulevard, 11ᵗʰ Floor, Los Angeles, California 90017-2444
Telephone (213) 381-2861  Facsimile (213) 383-6370

October 28, 2016

**SENT VIA FACSIMILE AND EMAIL**

Kurt A. Franklin, Esq.
Tyson Shower, Esq.
Samantha Wolff, Esq.
Caroline Lee, Esq.
HANSON BRIDGETT, LLP
425 Market Street, 26ᵗʰ Floor
San Francisco, CA 94105
Facsimile: (415) 541-9366
Facsimile: (916)442-2348

Victor Otten, Esq.
Kavita Tekchandani, Esq.
OTTEN LAW, PC
3620 Pacific Coast Hwy, #100
Torrance, CA 90505
Facsimile: (310) 347-4225

Re:   **SPENCER, CORY v. LUNADA BAY BOYS**
      Date of Loss        :        04/14/16
      Our File No.        :        010-08018.

Dear Mr. Franklin:

I am in receipt of Plaintiff Cory Spencer's responses to Interrogatories and Request for Production of Documents, Plaintiff Diana Milena Reed's response to Interrogatories and Request for Production of Documents, and Plaintiff Coastal Protection Rangers' response to Interrogatories and Request for Production of Documents.

I write to meet and confer regarding the responses we received, having plaintiffs provide further responses, having plaintiffs produce the records they state they will produce, and also seek a meeting with you within 10 days in accord with Local Rule 37-1.

∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎

**PLEASE NOTE THAT DUE TO THIS DISPUTE MR. BLAKEMAN WILL NOT BE PRODUCED FOR DEPOSITION UNTIL THIS DISPUTE HAS BEEN RESOLVED.**

∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎∎

Plaintiffs each allege causes of action against Mr. Blakeman in his personal capacity and specific to each plaintiff. Each plaintiff has alleged against Mr. Blakeman, not as a member of a group but as an individual, the following:

1. That Mr. Blakeman committed enumerated predicate crimes under Penal Code 186.22

5

September 2, 2016
Page 2

2.  That Mr. Blakeman violated the Bane Act and public nuisance laws;
3.  That Mr. Blakeman sold, markets, and uses controlled substances;
4.  That Mr. Blakeman impeded boat traffic in navigable waters;
5.  That Mr. Blakeman dangerously disregarded surfing rules;
6.  That Mr. Blakeman illegally extorted money from beach goers;
7.  That Mr. Blakeman is part of a Civil Conspiracy
8.  That Mr. Blakeman violated the Bane Act as to each plaintiff;
9.  That Mr. Blakeman is a nuisance as to each plaintiff;
10. That Mr. Blakeman assaulted each plaintiff;
11. That Mr. Blakeman battered each plaintiff;
12. That Mr. Blakeman committed some negligent act causing injury to each plaintiff.

The discovery at issue merely seeks the *identification of witnesses*, the *identification of the facts* believed to be within the witness's knowledge and production of documents supporting plaintiffs' specific allegations against *Mr. Blakeman in his personal capacity*.

The discovery requests defined "BRANT BLAKEMAN" as follows:

BRANT BLAKEMAN means only Brant Blakeman in his individual capacity. This definition expressly excludes Brant Blakeman as an alleged member of what plaintiff alleges are the "Lunada Bay Boys." This definition expressly excludes the actions or omissions of any other PERSON other than Brant Blakeman in his individual capacity. This definition expressly excludes acts of PERSONS other than Brant Blakeman that plaintiff attributes to Brant Blakeman under a theory of Civil Conspiracy.

Therefore, it should be rather clear that the discovery at issue is limited to the named plaintiff's claims against Mr. Blakeman and Mr. Blakeman's individual actions.

## The Discovery Responses Were Untimely

The discovery was served by personal service on Mr. Otten and on your office by mail on September 16, 2016. Per agreement the responses were due based on service by mail. Responses are generally due within 30 days. (See FRCP Rule 33(b)(2) and Rule 34(b)(2)(A).) Where written discovery is served by mail the time to respond is extended by 3 days. (See FRCP Rule 6(d).) 33 days from September 16, 2016 is October 19, 2016.

The responses were not served until October 20, 2016, as indicated on the proofs of service. The responses were therefore not timely. *The objections were also therefore waived regarding the interrogatories.* (See FRCP 33(b)(4).)

Notably at no time after the discovery was propounded did you or any other of the plaintiffs' counsels seek an extension. Neither was there any protest as to the nature of this discovery or it being objectionable. Instead plaintiffs choose the path of non-disclosure and delay again.

We have previously expressed our desire to avoid gamesmanship and delays in discovery. The Court set a very short time frame for discovery to occur and plaintiffs were unwilling to phase discovery. In the event an extension is needed for any future please inform

September 2, 2016
Page 3

us, but please do not continue to delay discovery as a tactic to avoid disclosure of information
and prejudice Mr. Blakeman's defense.

## Plaintiffs' Responses to Interrogatories

As the objections to the interrogatories were waived we expect that further responses will
be provided without delay. Our experience with plaintiffs thus far unfortunately lead us to
believe this will not occur and we anticipate you will not agree to provide further responses.
Therefore the substance of the objections will be addressed.

Defendant Brant Blakeman has propounded the same twelve interrogatories to each
plaintiff. The requests seek the identity of witness(es) that support(s) plaintiffs' contentions
against Mr. Blakeman regarding the twelve areas of inquiries identified previously and also to
identify the facts believed to be within each witness's knowledge.

Each plaintiff offers the same uniform boilerplate objections to every interrogatory
seeking the disclosure of witnesses and identification of facts within that witnesses knowledge.[1]
These objections were not timely made as noted above. *Each plaintiff contends that based on
the objections no answers to the requests will be provided.* As no answers were provided a
further response is necessitated.

Below I address each objection to the interrogatories, our position why the objection is
not applicable. Again, please note each and every objection was waived by the untimely
responses of your clients. The following substantive discussion merely amplifies the discovery
abuse reflected in Plaintiffs' responses and demonstrates why full and complete responses are
required.

### Plaintiffs' Objection: Undue Burden, Harassment, and Duplication

Each plaintiff contends that identifying the witnesses to the claims against Mr. Blakeman
is unduly burdensome and harassing and the information can be found in the initial and
supplemental disclosures.

Plaintiffs in their initial disclosure identify potentially one witness with knowledge of
Mr. Blakeman. This is Ken Claypool. If this is the only witness that plaintiffs are aware of for
the 12 areas of inquiry in the interrogatories then it surely is not very burdensome to identify him
and the facts believed to be within his knowledge as they relate to the specific inquiry. Surely if
there are other witnesses that allege Mr. Blakeman did some act they can also be identified.

This objection by any plaintiff is not a justification to refuse to provide a response to the
interrogatories, lacks merit, and should be removed.

---

[1] Plaintiff Cory Spencer includes in his responses that he additionally was deposed.

September 2, 2016
Page 4

Plaintiffs' Objection: The Interrogatory is Compound and has Subparts

Plaintiffs contend the interrogatories are designed to circumvent the numerical limitations provided in FRCP Rule 33(a)(1). The objection wholly lacks merit.

The interrogatory seeks the identification of a witness and the facts within that witness's knowledge. FRCP Rule 33 allows the interrogatories to include "discrete subparts." Seeking the identification of witnesses and the facts within their knowledge are considered one interrogatory. (See *Chapman v. California Dept. of Educ.*, 2002 WL 32854376, at *1 (N.D.Cal.,2002).)

Furthermore, even was one to entertain plaintiffs' contention that the interrogatories did not contain discrete subparts *there are only two subparts*. If you take 12 interrogatories and multiply them by 2 this comes out to 24 interrogatories. This is within the limits of FRCP Rule 33 which allows for 25 interrogatories.

This objection by plaintiff is not a justification to refuse to provide a response to the interrogatories, lacks merit, and should be removed.

Plaintiffs' Objection: The Interrogatory Seeks Information that is Outside of Responding Party's Knowledge

Each plaintiff alleges that the request seeks information outside of the plaintiffs' knowledge. This objection either wholly lacks merit or there are very troubling issues related to the plaintiffs' and counsel's obligations under FRCP Rule 11's deemed verification requirements.

Viewing the untimely discovery non-responses objectively, each plaintiff makes specific and egregious allegations all without any personal knowledge of witnesses who will support the allegations (including the plaintiffs' themselves). This is tantamount to plaintiffs openly admitting this is a fishing expedition against Mr. Blakeman and they were in violation of Rule 11 since the complaint was filed. As to the assault and battery allegations against Mr. Blakeman, were they made without probable cause or any factual basis? If so please just state that and dismiss the action as to Mr. Blakeman.

If plaintiffs do not have knowledge the identity of witnesses that support their allegations they merely need to state there are none. Otherwise the witnesses should be identified.

This objection by plaintiff is not a justification to refuse to provide a response to the interrogatories, lacks merit, and should be removed.

Plaintiffs' Objection: The Interrogatory Invades the Attorney Client Privilege and Attorney Work Product Doctrine.

Plaintiffs object that identifying witnesses and the facts within that witness's knowledge that support Plaintiffs' allegations that Mr. Blakeman acted in some manner invades the attorney client privilege.

September 2, 2016
Page 5

There is no legal support for withholding witnesses identities based on the attorney client privilege.  Personal knowledge about facts is not privileged.  "[T]he protection of the privilege extends only to *communications* and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing.  (*Upjohn Co. v. U.S.,* 101 S.Ct. 677, 685–86, 449 U.S. 383, 395–96 (U.S.Mich.,1981).)

If all responses to the discovery are privileged, and Plaintiffs' stand on the privilege, none of the facts, witnesses or documents supporting Plaintiffs' allegations will be admissible.  If that is the Plaintiffs' position, please dismiss the action as to Mr. Blakeman now in the interest of judicial economy.

Otherwise, since the only facts sought are witness identity as to specific issues and the believed factual information the witness possess, please provide full answers.  This objection by plaintiffs is not a justification to refuse to provide a response to the interrogatories, lacks merit, and should be removed.

### Plaintiffs' Objection: the Interrogatory is Premature as a Contention Interrogatory

Each plaintiff alleges the interrogatories are contention interrogatories and due to the early state of litigation and pre-trial discovery the responding party is unable to provide a complete response, nor it is required to so.  Plaintiffs' cite to *Kmeic v. Powerwave Techs. Inc.*, *Folz v. Union Pacific Company*, and FRCP Rule 33(a)(2).

While in some contexts contention interrogatories can be delayed, these interrogatories do not fit that context and therefore should be answered.  This matter involved plaintiffs in their individual capacities, as well as representative plaintiffs, alleging intentional torts, nuisances, and negligence against Mr. Blakeman, and the questions asked relate to the basis for Plaintiffs' allegations.  Surely there were personally known bases for these specific allegations. If not, please dismiss the action as to Mr. Blakeman.

*Kmeic* was a securities litigation matter. *Kmeic* involved asking contention interrogatories to a shareholder plaintiff early in litigation is very different from in this case. *Folz* related to defendant's contentions related to defendant's affirmative defenses, something that clearly would involve significant discovery to develop and is much different than this case.

It should be noted that these interrogatories are specific type of contention interrogatory. They seek the identification of witnesses that support plaintiffs' contentions that Mr. Blakeman committed some specific act alleged act *stated in the complaint filed by Plaintiffs*.  The factual answers will allow Mr. Blakeman to depose such persons and to have a "just, speedy, and inexpensive determination [in this ] action." (FRCP Rule 1.)  If there are no facts, witnesses or documents, the complaint's allegations are baseless and the complaint should never have been filed.  Please answer fully or dismiss the action as to Mr. Blakeman.

The identification of witnesses is important not only to Mr. Blakeman's defense but also because they would contribute meaningfully to narrow the scope of the issues in dispute, set up early settlement discussions, and expose the potential basses for a Rule 11 motion and Rule 56 motion. (*See  HTC Corp. v. Technology Properties Ltd.*, 2011 WL 97787, at *2 (N.D.Cal.,2011); *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338-339 (D.C.Cal.,1985).

September 2, 2016
Page 6

As you are aware we have continually informed you that Mr. Blakeman intends to pursue
motions under Rule 56 related to plaintiffs baseless allegations made against him.

Furthermore, even in *In re Convergent Technologies Securities Litigation* the Court
recognized the importance of the identification of witnesses. (See *In re Convergent Technologies
Securities Litigation*, 108 F.R.D. at 332-333). Despite the case being a complex securities
litigation matter the Court still compelled the plaintiffs to respond to "contention" interrogatories
seeking the identifies of witness. (See *In re Convergent Technologies Securities Litigation*, 108
F.R.D. at 340-341.) The interrogatories in question here really are no different.

This objection by plaintiff is not a justification to refuse to provide a response to the
interrogatories, lacks merit, and should be removed.

### Plaintiff's Response to Request for Production of Documents

The production requests seeks the documents that support plaintiffs contentions regarding
the same 12 areas of inquiry identified previously. The requests specifically only relate to Mr.
Blakeman just like the interrogatories.

No Documents Have Been Produced Despite Plaintiffs Asserting They Will Produce
Them

Each plaintiff indicates after objections as to Requests Numbers 1, 2, 3, 4, 5, 7, 8, and 9
that documents will be produced. Documents were to be produced in 30 days as made in the
request. (See FRCP Rule 34(b)(2)(B).) **NO DOCUMENTS WERE PRODUCED**.

There is no excuse for delaying producing this information other to prejudice Mr.
Blakeman's defenses. This is particularly egregious in that you are aware that Mr. Blakeman has
a scheduled deposition upcoming. Yet plaintiffs seek to sand bag him.

The objections plaintiffs have asserted are also largely without merit and it is unknown if
any information is being withheld based on the objections. If responsive material is being
withheld the objection must so state. (See FRCP Rule 34(b)(2)(C).) The response must also
specify the part of the request being objected to. (See id.) No such indication is made by the
plaintiffs.

Please confirm whether any responsive information is being withheld and if any objection
is being made to only part of the request as opposed the entire request.

Additionally, the objections lack merit. Each of the boilerplate objections asserted in
response to every request by each plaintiff is addressed below.

Plaintiffs' Objection: The Production Request is Premature as Seeking Information
Related to Contentions

Plaintiff objects that producing the information supporting its contentions is premature on
the same basis as it relates to contentions. They again cite to *Kmeic* and *Folz*. Neither case
though addresses "contention" production requests.

September 2, 2016
Page 7

In fact the Court in *In re Convergent Technologies Securities Litigation* expressly noted that the analysis to be applied to when contention interrogatories needed be answered does not apply to production requests. (*In re Convergent Technologies Securities Litigation*, 108 F.R.D. at 333 "Nor do the generalizations articulated here apply to Rule 34 requests for documents that bear on material factual allegations.")

The requests at issue here bear on material factual allegations each plaintiff has made against Mr. Blakeman. Material facts are discoverable at the outset of litigation and these facts are not ones that would be in the exclusive control of any defendant.

Plaintiffs have had an opportunity through informal requests from the City of Palos Verdes and in discovery in this litigation to obtain thousands of police records. Plaintiffs have identified hundreds of witnesses that purportedly support their case. Plaintiffs have identified various documents in initial disclosures.

These requests only seek documents that pertain to the material allegations made against Mr. Blakeman. We are unable to identify or find a single document produced in discovery to date that indicates Mr. Blakeman ever did anything to support plaintiffs' claims against him. That is why the request for production asks for such documents. If (as is apparently the case) there are none your clients are required to so state.

During the deposition of Ms. Reed we learned that plaintiffs have withheld recordings made surreptitiously and not disclosed in its initial disclosures, despite being in existence and in plaintiffs' possession. We unfortunately anticipate that this sort of shirking of the plaintiffs' duty to disclose information will continue.

The objection wholly lacks merit and should be removed.

Plaintiffs ' Objection: the Request Fails to Identify with Reasonable Particularity the Item to be Inspected

The request is rather particular. It seeks documents and those that support a specific allegation. Who better to determine what these documents are than the plaintiffs as plaintiffs are the ones making the allegations.

This objection wholly lacks merit and should be removed.

The Request invades the Attorney Client Privilege and Attorney Work Product Doctrine.

These requests seek documents that support plaintiffs' material allegations made against Mr. Blakeman. They do not seek communication with plaintiffs' counsels. They do not seek information that is work product. If plaintiffs intend to use documents offensively against Mr. Blakeman they cannot withhold such under the cloak of a privilege.

If there is some concern that some document that would be privileged would be at issue for any of the requests related to the material allegations then please inform us why you have such a belief.

September 2, 2016
Page  8

* * *

We anticipate that motions to compel further responses and the production of documents will be required. ***As stated previously we will not be producing Mr. Blakeman for deposition until this dispute is resolved***.  We will not entertain any delays nor allow plaintiffs to drag this process out as they did with amending their initial disclosures.  Please do not delay in providing me your availability for a Rule 37-1 meeting to occur within 10 days of this letter as we will be promptly filling a motion on these issues if necessary and without delay.

Lastly, we desire to depose Mr. Claypool.  It is our understanding that his information has been withheld on the basis that you represent him.  Please inform us if you will produce him for deposition before Thanksgiving, 2016.  If you do not represent Mr. Claypool then please amend the initial disclosures without delay and provide us his contact information.

Very truly yours,
VEATCH CARLSON

RICHARD P. DIEFFENBACH
JOHN P. WORGUL

JPW:
cc: RTM; Robert Cooper

# EXHIBIT B

| From: | Victor Otten <vic@ottenlawpc.com> |
|---|---|
| Sent: | Tuesday, November 1, 2016 7:11 PM |
| To: | Richard P. Dieffenbach; Kurt A. Franklin |
| Cc: | Kavita Tekchandan; Kurt A. Franklin; Samantha Wolff; Tyson M. Shower; |
| | dana.fox@lewisbrisbois.com; edward.ward@lewisbrisbois.com; |
| | eric.kizirian@lewisbrisbois.com; tera.lutz@lewisbrisbois.com; |
| | dmcrowley@boothmitchel.com; Rob Mackey; prossin@veatchfirm.com; John Worgul; |
| | pat@patcareylaw.com; peter@havenlaw.com; tphillips@phillipssteel.com; |
| | amiller@thephillipsfirm.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; |
| | ed.richards@kutakrock.com; antoinette.hewitt@kutakrock.com; |
| | rebecca.wilson@kutakrock.com; jacob.song@kutakrock.com; |
| | christopher.glos@kutakrock.com; fields@MARKFIELDSLAW.COM; Cooper, Robert  S.; |
| | Rob Mackey |
| Subject: | RE: Spencer v Lunada--Meet and confer letter to Plaintiffs' counsel; |

Dear Mr. Dieffenbach:

Again, we've in receipt of another Friday meet-and-confer email from your office. This time, your letter was emailed to me during last Friday's deposition of co-defendant Angelo Ferrara -- a deposition that I was taking. In your letter, you stake out the position that because of an unrelated discovery dispute: "PLEASE NOTE THAT DUE TO THIS DISCOVERY DISPUTE MR. BLAKEMAN WILL NOT BE PRODUCED FOR DEPOSITION UNTIL THIS DISPUTE HAS BEEN RESOLVED." There is no agreement to reschedule Mr. Blakeman's deposition, and such unilateral rescheduling is not permitted under the federal rules and is otherwise improper.

We are accommodating to reasonable requests. A family, medical or other emergency might be a reason to accommodate rescheduling a deposition – but no such fact exist here. Instead, you attempt to unilaterally cancel a deposition because you're unhappy with well-founded (and entirely unrelated) objections to your client's inappropriate discovery. Indeed, as you well know, a lawyer has no authority unilaterally to cancel a deposition that is reasonably noticed in writing pursuant to Fed.R.Civ.P. 30(b)(1), which is a step only the Court is empowered to take. Where a party "fails, after being served with proper notice, to appear for that person's deposition," the Federal Rules of Civil Procedure provide that the Court must, at a minimum, require the cancelling party (and/or it's counsel) to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. Proc. 37(d)(1)(A).

In sum, after coordinating dates with the numerous co-defendants and both your office and Mr. Blakeman's Cumis-counsel law firm, this deposition has already be re-scheduled once at your office's insistence. Thus, because it has been properly notice and there is no legitimate reason for cancelling it, we expect Mr. Blakeman to attend his deposition next week as scheduled on November 10. Please be apprised that we have ordered a court reporter and videographer for next week's deposition, and are making appropriate travel arrangements. If Mr. Blakeman fails to appear without the necessary relief of the Court, we will seek all appropriate remedies.

Finally, because I'm in trial, I'm not available to meet on the ancillary meet-and-confer request on Plaintiffs' responses to Mr. Blakeman's deficient written discovery requests. I should be able to meet with you on this next week – perhaps we could meet after Mr. Blakeman's deposition. Before then, I'll provide you a written response.

Sincerely,

Vic Otten

**From:** Richard P. Dieffenbach [mailto:RDieffenbach@veatchfirm.com]
**Sent:** Friday, October 28, 2016 3:38 PM
**To:** Victor Otten ; kfranklin@hansonbridgett.com
**Cc:** Kavita Tekchandan ; kfranklin@hansonbridgett.com; SWolff@hansonbridgett.com; TShower@hansonbridgett.com; dana.fox@lewisbrisbois.com; edward.ward@lewisbrisbois.com; eric.kizirian@lewisbrisbois.com; tera.lutz@lewisbrisbois.com; dmcrowley@boothmitchel.com; Rob Mackey ; prossin@veatchfirm.com; John Worgul ; pat@patcareylaw.com; peter@havenlaw.com; tphillips@phillipssteel.com; amiller@thephillipsfirm.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; ed.richards@kutakrock.com; antoinette.hewitt@kutakrock.com; rebecca.wilson@kutakrock.com; jacob.song@kutakrock.com; christopher.glos@kutakrock.com; fields@MARKFIELDSLAW.COM; Cooper, Robert S. ; Rob Mackey
**Subject:** Spencer v Lunada--Meet and confer letter to Plaintiffs' counsel;

Dear Counsel

Please see attached letter. We have availability in our office for the face to face meeting October 31, November 1 or 2 (afternoon), or November 3 or 4.

Richard P. Dieffenbach, Esq.

Veatch Carlson, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017
(213) 381-2861 Office
(213) 383-6370 Fax
rdieffenbach@veatchfirm.com

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act Title II (18 U.S.C. §§ 2701-12), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

EXHIBIT C

HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
clee@hansonbridgett.com
JENNIFER ANIKO FOLDVARY, SBN 292216
jfoldvary@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, | CASE NO. 2:16-cv-02129-SJO (RAOx) **PROOF OF SERVICE** |

Case No. 2:16-cv-02129-SJO (RAOx)

1            Plaintiffs,

2       v.

3 LUNADA BAY BOYS; THE
4 INDIVIDUAL MEMBERS OF THE
5 LUNADA BAY BOYS, including but
   not limited to SANG LEE, BRANT
6 BLAKEMAN, ALAN JOHNSTON
7 AKA JALIAN JOHNSTON,
   MICHAEL RAE PAPAYANS,
8 ANGELO FERRARA, FRANK
9 FERRARA, CHARLIE FERRARA,
   and N. F.; CITY OF PALOS
10 VERDES ESTATES; CHIEF OF
11 POLICE JEFF KEPLEY, in his
   representative capacity; and DOES
12 1-10,

13           Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
PROOF OF SERVICE

Case No. 2:16-cv-02129-SJO (RAOx)
16

## PROOF OF SERVICE

*Spencer, et al. v. Lunada Bay Boys, et al.; USDC, Central District of California,*
*Case No. 2:16-cv-02129-SJO (RAOx)*

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 425 Market Street, 26th Floor, San Francisco, CA 94105.

On November 4, 2016, I served true copies of the following document(s) described as **PLAINTIFF CORY SPENCER'S DOCUMENT PRODUCTION BATES RANGE: PLTF000001-PLTF002029**

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused an electronic link to be sent from e-mail address swolff@hansonbridgett.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 11, 2016, at San Francisco, California.

Samantha D. Wolff

1

## SERVICE LIST

2  *Spencer, et al. v. Lunada Bay Boys, et al.; Case No.* USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)

3

4  Robert T. Mackey
Peter H. Crossin
Richard P. Dieffenbach

5  John P. Worgul
VEATCH CARLSON, LLP

6  1055 Wilshire Blvd., 11th Floor
Los Angeles CA 90017

7

*(Attorneys for Defendant BRANT BLAKEMAN)*

Tel:   213.381.2861
Fax:   213.383.6370
E-Mail: rmackey@veatchfirm.com
        pcrossin@veatchfirm.com
        rdieffenbach@veatchfirm.com
        jworgul@veatchfirm.com

8

9  Robert S. Cooper
BUCHALTER NEMER, APC

10  1000 Wilshire Blvd., Suite 1500
Los Angeles CA 90017

11

*(Attorneys for Defendant BRANT BLAKEMAN)*

Tel:   213.891.0700
Fax:   213.896.0400
E-Mail: rcooper@buchalter.com

12  J. Patrick Carey
LAW OFFICES OF J. PATRICK CAREY

13  1230 Rosecrans Ave., Suite 300
Manhattan Beach CA 90266

14

*(Attorney for Defendant ALAN JOHNSTON a/k/a JALIAN JOHNSTON)*

Tel:   310.526.2237
Fax:   424.456.3131
E-Mail: pat@patcareylaw.com

15

16  Peter T. Haven
HAVEN LAW

17  1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA 90266

18

*(Attorney for Defendant MICHAEL RAY PAPAYANS)*

Tel:   310.272.5353
Fax:   213.477.2137
E-Mail: peter@hblwfirm.us
        peter@havenlaw.com

19

20  Edwin J. Richards
Antoinette P. Hewitt
Rebecca L. Wilson

21  Jacob Song
Christopher D. Glos

22  KUTAK ROCK LLP
5 Park Plaza, Suite 1500

23  Irvine CA 92614-8595

24

*(Attorneys for Defendants CITY OF PALOS VERDES and CHIEF OF POLICE JEFF KEPLEY)*

Tel:   949.417.0999
Fax:   949.417.5394
E-Mail: ed.richards@kutakrock.com
        jacob.song@kutakrock.com
        antoinette.hewitt@kutakrock.com
        rebecca.wilson@kutakrock.com

25

26

27

28

Case No.

18

12815294.1

| | | |
|---|---|---|
| 1 | Dana Alden Fox | *(Attorneys for Defendant SANG LEE)* |
| 2 | Edward E. Ward, Jr. | |
| | Eric Y. Kizirian | Tel:    213.580.3858 |
| 3 | Tera Lutz | Fax:   213.250.7900 |
| | LEWIS BRISBOIS BISGAARD & SMITH | E-Mail: dana.fox@lewisbrisbois.com |
| 4 | LLP | edward.ward@lewisbrisbois.com |
| | 633 W. 5th Street, Suite 4000 | eric.kizirian@lewisbrisbois.com |
| 5 | Los Angeles CA 90071 | tera.lutz@lewisbrisbois.com |

1 Dana Alden Fox
  Edward E. Ward, Jr.
2 Eric Y. Kizirian
  Tera Lutz
3 LEWIS BRISBOIS BISGAARD & SMITH
  LLP
4 633 W. 5th Street, Suite 4000
  Los Angeles CA 90071
5

*(Attorneys for Defendant SANG LEE)*

Tel:    213.580.3858
Fax:   213.250.7900
E-Mail: dana.fox@lewisbrisbois.com
        edward.ward@lewisbrisbois.com
        eric.kizirian@lewisbrisbois.com
        tera.lutz@lewisbrisbois.com

6 Daniel M. Crowley
  BOOTH, MITCHEL & STRANGE LLP
7 707 Wilshire Blvd., Suite 4450
  Los Angeles CA 90017

*(Attorneys for Defendant SANG LEE)*

Tel:    213.738.0100
Fax:   213.380.3308
E-Mail: dmcrowley@boothmitchel.com

8 Mark C. Fields
9 LAW OFFICES OF MARK C. FIELDS, APC
  333 South Hope Street, 35th Floor
10 Los Angeles CA 90071

*(Attorney for Defendant ANGELO
FERRARA and Defendant N. F.
appearing through Guardian Ad Litem,
Leonora Ferrara)*

11
12 Tel:    213.948.2349
   Fax:   213.629.4520
   E-Mail: fields@markfieldslaw.com

13 Thomas M. Phillip
   Aaron G. Miller
14 THE PHILLIPS FIRM
   800 Wilshire Blvd., Suite 1550
15 Los Angeles CA 90017
16

*(Attorneys for Defendant ANGELO
FERRARA)*

Tel:    213.244.9913
Fax:   213.250.7900
E-Mail: tphillips@thephillipsfirm.com

17 Patrick Au
   Laura L. Bell
18 BREMER WHYTE BROWN & O'MEARA,
   LLP
19 21271 Burbank Blvd., Suite 110
   Woodland Hills CA 91367

*(Attorneys for Defendants FRANK
FERRARA and CHARLIE FERRARA)*

Tel:    818.712.9800
Fax:   818.712.9900
E-Mail: pau@bremerwhyte.com
        lbell@bremerwhyte.com

20
21
22
23
24
25
26
27
28

-3-

EXHIBIT D

# OTTEN LAW, PC

## ATTORNEYS

November 7, 2016

**VIA E-MAIL AND U.S. MAIL**

Richard P. Dieffenbach
John P. Worgul
Veatch Carlson, LLP
1055 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90017-2444

      Re:    Spencer, et al. v. Lunada Bay Boys, et al.

Dear Mr. Dieffenbach:

I write in response to the letter you sent on Friday, October 28, 2016, at 4:30 PM regarding Plaintiffs Cory Spencer, Diana Milena Reed, and the Coastal Protection Rangers' ("Plaintiffs") responses to Defendant Brant Blakeman's ("Blakeman") first set of Interrogatories and Requests for Production of Documents. As you are aware, I have been in trial and have not had an opportunity to respond substantively to your letter until now.

**November 10, 2016 Deposition of Blakeman**.

To reiterate my November 1, 2016 email to you, the deposition of Blakeman is going forward on Thursday, November 10, 2016. You have no basis to unilaterally cancel the reasonably noticed deposition of your client. Your refusal to produce Blakeman for deposition will result in sanctions, even absent a court order. Fed. R. Civ. Proc. 37(d)(1)(A)(i).

**Discovery Responses Were, In Fact, Timely**.

Blakeman served Plaintiffs with discovery requests on September 16, 2016, by mail and attempted personal service on that same date. As you know, Blakeman and Plaintiffs agreed that Plaintiffs' responses and objections would be due based on service by mail because of certain errors in the personal service.[1]

---

[1] If you recall, your office failed to personally serve the documents on 9-16-16 despite what is stated in the proof of service. The attorney down hall from my office found the discovery documents sitting on the ground outside the back entrance to our building on 9-17-16.

3620 Pacific Coast Highway, Suite 100, Torrance CA 90505 Phone: (310) 378-8533 Fax: (310) 347-4225
www.ottenlawpc.com

Richard P. Dieffenbach, Esq.
Veatch Carlson, LLP
November 7, 2016
P a g e | **2**

As you may know, Fed. R. Civ. Proc. 6(d) was amended on December 1, 2005, and again on December 1, 2007, and now reads as follows: "When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)." (Emphasis added.)

Pursuant to the computation set forth in Fed. R. Civ. Proc. 6(a) and 6(d), Plaintiffs' responses and objections were due on October 20, 2016. Thirty days after September 16, 2016 was Sunday, October 16, 2016. Fed. R. Civ. Proc. 6(a) states that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." The next day following Sunday, October 16, 2016, was Monday, October 17, 2016. Per Fed. R. Civ. Proc. 6(d), we extend the October 17, 2016, deadline prescribed by Fed. R. Civ. Proc. 6(a) by three days to account for the service by mail: October 20, 2016. Plaintiffs' discovery responses and objections were timely served on October 20, 2016. Therefore, Plaintiffs did not waive their objections, and their responses were effective.

**Plaintiffs' Proper Objections and Responses to Interrogatories**.

Plaintiffs' objections and responses to Blakeman's interrogatories were proper and therefore do not require supplementation.

As an initial matter, you repeatedly assert that Plaintiffs' objections should be removed. Your demand that Plaintiffs remove objections from their discovery responses is baseless and lacks legal authority. Plaintiffs will not amend their responses to remove objections unless you can supply legal authority for this obligation.

> Unduly Burdensome, Harassing, and Duplicative.

Plaintiffs objected to Blakeman's request to identify witnesses to the claims against Blakeman on the grounds that it already disclosed the names of potential witnesses in their initial and supplemental disclosures. Specifically, Plaintiffs listed 105 witnesses in its October 2, 2016 supplemental disclosures, a number of whom may have witnessed the claims against Blakeman. Your client already has this information in his possession. Therefore, it would be unduly burdensome, harassing, and duplicative for Plaintiffs to be compelled to identify these witnesses again.

> Compound.

Plaintiffs objected to Blakeman's requests to identify persons with knowledge of facts supporting their contentions **and** facts within each person's knowledge on the basis that they are compound. Fed. R. Civ. Proc. 33(a)(1) limits a party to 25 interrogatories propounded on any other party, including all discrete subparts.

Richard P. Dieffenbach, Esq.
Veatch Carlson, LLP
November 7, 2016
P a g e | **3**

Courts have consistently concluded that an interrogatory that asks a party to identify facts,
documents, and witnesses should count as separate interrogatories. See e.g., *Makaeff v. Trump
Univ.*, LLC, 2014 WL 3490356, at \*7 (S.D. Cal. July 11, 2014) (concluding the interrogatory
"contains 3 discrete subparts [for facts, documents, and witnesses,] and these subparts must be
multiplied by the number of RFAs that were not unqualified admissions"); *Superior Commc'ns v.
Earhugger, Inc.*, 257 F.R.D. 215, 218 (C.D. Cal. 2009) (request for facts, persons, and
documents constitutes three distinct interrogatories); *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS
21578, 13-14 (E.D. Cal. Feb. 21, 2012) (same).

Here, each of Blakeman's interrogatories seeks witnesses and facts. Blakeman shall propound
amended interrogatories that separate out the 2 subparts of each of the 12 interrogatories so that
Blakeman propounds 24 total interrogatories on each Plaintiff. Until then, the interrogatories are
compound and therefore improper.

<u>Information Outside Plaintiff's Knowledge</u>.

Plaintiffs adamantly deny your insinuation that they or their counsel have violated Fed. R. Civ.
Proc. 11 regarding the identification of witnesses to support their allegations. To the contrary,
Plaintiffs have identified in their October 2, 2016, supplemental disclosures 105 witnesses who
may possess knowledge of the allegations.

Plaintiffs' objection that the interrogatories seek information outside their knowledge is an
objection only to the extent that the information sought is outside Plaintiffs' knowledge.
Although Plaintiffs neglected to include the words "to the extent that" preceding these written
objections, that is the objection that Plaintiffs assert. We can amend our objections to include
this wording, if you would like.

<u>Attorney-Client Privilege and Attorney Work Product Doctrine</u>.

Plaintiffs objected to the interrogatories to the extent that they invade the attorney-client
privilege and/or the work product doctrine by compelling privileged communication and/or
litigation strategy. These objections are worded such that either the attorney-client privilege or
the attorney work product doctrine (or both) could protect the information from disclosure. The
objections do not state that both privileges necessarily apply to each piece of information sought.
Furthermore, Plaintiffs do not claim that all information sought is privileged, as evidenced by the
inclusion of "to the extent that" preceding these objections. Rather, we have applied the work
product doctrine to protect trial preparation materials that reveal attorney strategy, intended lines
of proof, evaluations of strengths and weaknesses, and inferences drawn from interviews. Fed.
R. Civ. Proc. 26(b)(3); *Hickman v. Taylor*, 329 U. S. 495, 511 (1947). We have applied the
attorney-client privilege to protect our confidential communications with Plaintiffs. United
*States v. Graf*, 610 F. 3d 1148, 1156 (9th Cir. 2010).

Moreover, we are well aware that evidence not exchanged in discovery is inadmissible at trial.
Contrary to your contention that witness identities will be inadmissible, we have already

Richard P. Dieffenbach, Esq.
Veatch Carlson, LLP
November 7, 2016
P a g e | 4

disclosed the identities of potential witnesses in our initial and supplemental disclosures. Even at this early stage of discovery, there are more than 100 witnesses whose identities are admissible at trial.

      Premature Contention Interrogatories.

Plaintiffs objected to Blakeman's interrogatories as premature because they seek or necessarily rely upon a contention. Fed. R. Civ. P. 33(a)(2); *Kmiec v. Powerwave Techs. Inc.*, et al., 2014 WL 11512195 (C.D. Cal Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2. Plaintiffs stand by this objection.

Contention interrogatories need not be answered until discovery is "substantially complete." See Fed. R. Civ. P. 33(a)(2). In *Kmiec*, the court held that discovery was not "substantially complete" when the discovery cutoff was 4 months away and depositions of fact witnesses or defendants had not yet occurred. The court opined that "[i]f Defendants had completed their document production, depositions were under way, and the discovery cutoff date was just a month or so away, Defendants might be entitled to the information they seek. But under the circumstances here, Defendants' interrogatories are premature." *Kmiec*, at *1 (emphasis added). Similarly, the *Folz* court found that discovery was not substantially complete and the responding party had adequate time to supplement his answers when the discovery cutoff was 8 months away. *Folz*, at *3. Even the case you cite, *HTC Corp. v. Tech. Properties Ltd.*, 2011 WL 97787 (N.D. Cal. Jan. 12, 2011), held that the responding party did not need to respond to contention interrogatories because discovery was "still in full-swing." *HTC Corp*, at *3.

Here, the discovery cutoff is more than 9 months away, on August 7, 2017. None of the individual Defendants – your client included – have produced any documents, and Plaintiff Cory Spencer produced his first set of documents this past Friday, November 4, 2016. Additionally, the parties have only taken 4 out of the 20 possible depositions – Jeff Kepley, Cory Spencer, Diana Milena Reed, and Angelo Ferrara – all of which took place within the last month. Thus, it is clear that we are in the early stages of discovery. Discovery is far from being "substantially complete;" therefore, Plaintiffs need not respond to contention interrogatories. Regarding Blakeman's desire to know the names of witnesses, Plaintiffs have provided over 100 potential witnesses in its initial and supplemental disclosures. Blakeman is free to use that list of witnesses to pursue his defense strategy.

Pursuant to Fed. R. Civ. P. 26(e)(1)(A), Plaintiffs will supplement their discovery responses as additional facts become known.

**Plaintiffs' Proper Objections and Responses to Requests for Production of Documents**.

Since your October 28, 2016 meet and confer letter, Plaintiff Cory Spencer has produced over 2,000 pages of documents (see November 4, 2016 production, PLTF000001 – PLTF002029). We assume that this production addresses the portion of your meet and confer letter regarding

Richard P. Dieffenbach, Esq.
Veatch Carlson, LLP
November 7, 2016
P a g e | 5

the Requests for Production of Documents but are willing to discuss any concerns you may have after your review of Plaintiffs' production.

**Deposition of Ken Claypool.**

We represent Ken Claypool. We will contact Mr. Claypool regarding his availability for deposition before Thanksgiving.

If you are still interested, I am available to meet with you in person this week to discuss remaining discovery issues, if any.

Very truly yours,

OTTEN LAW, PC

Victor Otten, Esq.


CC:    Kavita Tekchandani
       Kurt Franklin
       Samantha Wolff

EXHIBIT E

| | |
|---|---|
| **From:** | Marianne Gadhia <MGadhia@veatchfirm.com> |
| **Sent:** | Monday, November 14, 2016 1:08 PM |
| **To:** | Richard P. Dieffenbach; Victor Otten; John Worgul; Cooper, Robert S.; Mark C. Fields; Kavita Tekchandan; Kurt A. Franklin; Samantha Wolff; Tyson M. Shower; dana.fox@lewisbrisbois.com; edward.ward@lewisbrisbois.com; eric.kizirian@lewisbrisbois.com; tera.lutz@lewisbrisbois.com; dmcrowley@boothmitchel.com; Rob Mackey; Peter Crossin; pat@patcareylaw.com; peter@havenlaw.com; tphillips@phillipssteel.com; amiller@thephillipsfirm.com; pau@bremerwhyte.com; lbell@bremerwhyte.com; ed.richards@kutakrock.com; antoinette.hewitt@kutakrock.com; rebecca.wilson@kutakrock.com |
| **Subject:** | Spencer v. Lunada Bay Boys - Joint Stipulation re Discovery |
| **Attachments:** | PLD-Joint Stipulation re Discovery - Blakeman to Coastal Protection Rangers.PDF; PLD-Declarations in Support of Joint Stipulation re Discovery.PDF; PLD-Joint Stipulation re Discovery - Blakeman to Cory Spencer.PDF; PLD-Joint Stipulation re Discovery - Blakeman to Diana Milena Reed.PDF |

Dear Counsel,

Please find attached Joint Stipulations re Discovery between Defendant Brant Blakeman and Plaintiffs, and Declarations in support thereof.  Thank you,

Marianne Gadhia
Secretary to Peter H. Crossin and John E. Stobart
Veatch Carlson, LLP
1055 Wilshire Boulevard, 11th Floor
Los Angeles, CA  90017-2444
Tel:  (213) 381-2861, ext. 1129
Fax:  (213) 383-6370
Email:  mgadhia@veatchfirm.com

EXHIBIT F

1 | HANSON BRIDGETT LLP
   | KURT A. FRANKLIN, SBN 172715
2 | kfranklin@hansonbridgett.com
   | SAMANTHA WOLFF, SBN 240280
3 | swolff@hansonbridgett.com
   | CAROLINE LEE, SBN 293297
4 | clee@hansonbridgett.com
   | JENNIFER ANIKO FOLDVARY, SBN 292216
5 | jfoldvary@hansonbridgett.com
   | 425 Market Street, 26th Floor
6 | San Francisco, California 94105
   | Telephone: (415) 777-3200
7 | Facsimile:  (415) 541-9366

8 | HANSON BRIDGETT LLP
   | TYSON M. SHOWER, SBN 190375
9 | tshower@hansonbridgett.com
   | LANDON D. BAILEY, SBN 240236
10 | lbailey@hansonbridgett.com
   | 500 Capitol Mall, Suite 1500
11 | Sacramento, California 95814
   | Telephone: (916) 442-3333
12 | Facsimile:  (916) 442-2348

13 | OTTEN LAW, PC
   | VICTOR OTTEN, SBN 165800
14 | vic@ottenlawpc.com
   | KAVITA TEKCHANDANI, SBN 234873
15 | kavita@ottenlawpc.com
   | 3620 Pacific Coast Highway, #100
16 | Torrance, California 90505
   | Telephone: (310) 378-8533
17 | Facsimile:  (310) 347-4225

18 | Attorneys for Plaintiffs
   | CORY SPENCER, DIANA MILENA
19 | REED, and COASTAL PROTECTION
   | RANGERS, INC.

20

21 | **UNITED STATES DISTRICT COURT**

22 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

23

24 | CORY SPENCER, an individual; | CASE NO. 2:16-cv-02129-SJO (RAOx)

25 | DIANA MILENA REED, an individual; and COASTAL | **PROOF OF SERVICE**

26 | PROTECTION RANGERS, INC., a

27 | California non-profit public benefit corporation,

28

1 | Plaintiffs,

2 | v.

3 | LUNADA BAY BOYS; THE
4 | INDIVIDUAL MEMBERS OF THE
5 | LUNADA BAY BOYS, including but
   | not limited to SANG LEE, BRANT
6 | BLAKEMAN, ALAN JOHNSTON
7 | AKA JALIAN JOHNSTON,
   | MICHAEL RAE PAPAYANS,
8 | ANGELO FERRARA, FRANK
9 | FERRARA, CHARLIE FERRARA,
   | and N. F.; CITY OF PALOS
10 | VERDES ESTATES; CHIEF OF
11 | POLICE JEFF KEPLEY, in his
   | representative capacity; and DOES
12 | 1-10,

13 | Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

**Spencer, et al. v. Lunada Bay Boys, et al.; USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)**

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 425 Market Street, 26th Floor, San Francisco, CA 94105.

On November 17, 2016, I served true copies of the following document(s) described as **PLAINTIFF CORY SPENCER'S DOCUMENT PRODUCTION BATES RANGE: PLTF002030-PLFT002052 AND PRIVLEDGE LOG** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused an electronic link to be sent from email address swolff@hansonbridgett.com to the persons at the email addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 17, 2016, at San Francisco, California.

Samantha D. Wolff

1

## SERVICE LIST

2   *Spencer, et al. v. Lunada Bay Boys, et al.;* USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)

3

4   Robert T. Mackey
Peter H. Crossin
Richard P. Dieffenbach
5   John P. Worgul
VEATCH CARLSON, LLP
6   1055 Wilshire Blvd., 11th Floor
Los Angeles, CA  90017
7

*(Attorneys for Defendant BRANT BLAKEMAN)*

Tel:   213.381.2861
Fax:  213.383.6370
E-Mail: rmackey@veatchfirm.com
          pcrossin@veatchfirm.com
          rdieffenbach@veatchfirm.com
          jworgul@veatchfirm.com

8

9   Robert S. Cooper
BUCHALTER NEMER, APC
1000 Wilshire Blvd., Suite 1500
10   Los Angeles, CA  90017

11

*(Attorneys for Defendant BRANT BLAKEMAN)*

Tel:   213.891.0700
Fax:  213.896.0400
E-Mail: rcooper@buchalter.com

12   J. Patrick Carey
LAW OFFICES OF J. PATRICK
13   CAREY
1230 Rosecrans Ave., Suite 300
14   Manhattan Beach, CA  90266

15

*(Attorney for Defendant ALAN JOHNSTON a/k/a JALIAN JOHNSTON)*

Tel:   310.526.2237
Fax:  424.456.3131
E-Mail: pat@patcareylaw.com

16   Peter T. Haven
HAVEN LAW
17   1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA  90266

18

19

*(Attorney for Defendant MICHAEL RAY PAPAYANS)*

Tel:   310.272.5353
Fax:  213.477.2137
E-Mail: peter@hblwfirm.us
          peter@havenlaw.com

20   Edwin J. Richards
Antoinette P. Hewitt
21   Rebecca L. Wilson
Jacob Song
22   Christopher D. Glos
KUTAK ROCK LLP
23   5 Park Plaza, Suite 1500
Irvine, CA  92614-8595
24

*(Attorneys for Defendants CITY OF PALOS VERDES and CHIEF OF POLICE JEFF KEPLEY)*

Tel:   949.417.0999
Fax:  949.417.5394
E-Mail: ed.richards@kutakrock.com
          jacob.song@kutakrock.com
          antoinette.hewitt@kutakrock.com
          rebecca.wilson@kutakrock.com

25

26

27

28

| | | |
|---|---|---|
| 1 | Dana Alden Fox<br>Edward E. Ward, Jr. | *(Attorneys for Defendant SANG LEE)* |
| 2 | Eric Y. Kizirian<br>Tera Lutz | Tel: 213.580.3858<br>Fax: 213.250.7900 |
| 3 | LEWIS BRISBOIS BISGAARD &<br>SMITH LLP | E-Mail: dana.fox@lewisbrisbois.com<br>edward.ward@lewisbrisbois.com |
| 4 | 633 W. 5th Street, Suite 4000<br>Los Angeles. CA 90071 | eric.kizirian@lewisbrisbois.com<br>tera.lutz@lewisbrisbois.com |
| 5 | | |
| 6 | Daniel M. Crowley<br>BOOTH, MITCHEL & STRANGE<br>LLP | *(Attorneys for Defendant SANG LEE)*<br><br>Tel: 213.738.0100 |
| 7 | 707 Wilshire Blvd., Suite 4450<br>Los Angeles. CA 90017 | Fax: 213.380.3308<br>E-Mail: dmcrowlev@boothmitchel.com |
| 8 | | |
| 9 | Mark C. Fields<br>LAW OFFICES OF MARK C.<br>FIELDS, APC | *(Attorney for Defendant ANGELO*<br>*FERRARA and Defendant N. F.*<br>*appearing through Guardian Ad Litem,* |
| 10 | 333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | *Leonora Ferrara)* |
| 11 | | Tel: 213.948.2349<br>Fax: 213.629.4520 |
| 12 | | E-Mail: fields@markfieldslaw.com |
| 13 | Thomas M. Phillip<br>Aaron G. Miller | *(Attorneys for Defendant ANGELO*<br>*FERRARA)* |
| 14 | THE PHILLIPS FIRM<br>800 Wilshire Blvd., Suite 1550 | Tel: 213.244.9913<br>Fax: 213.250.7900 |
| 15 | Los Angeles, CA 90017 | E-Mail: tphillips@thephillipsfirm.com |
| 16 | | |
| 17 | Patrick Au<br>Laura L. Bell | *(Attorneys for Defendants FRANK*<br>*FERRARA and CHARLIE FERRARA)* |
| 18 | BREMER WHYTE BROWN &<br>O'MEARA, LLP | Tel: 818.712.9800<br>Fax: 818.712.9900 |
| 19 | 21271 Burbank Blvd., Suite 110<br>Woodland Hills, CA 91367 | E-Mail: pau@bremerwhyte.com<br>lbell@bremerwhyte.com |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

12840884.1

PROOF OF SERVICE