HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
clee@hansonbridgett.com
JENNIFER ANIKO FOLDVARY, SBN 292216
jfoldvary@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**DECLARATION OF JOHN CARPENTER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. S. James Otero<br>Date:  February 21, 2017<br>Time:  10:00 a.m.<br>Crtrm.: 10C. |

-1-   2:16-cv-02129-SJO (RAOx)
DECLARATION OF JOHN CARPENTER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

First Street Courthouse

v.

LUNADA BAY BOYS; THE
INDIVIDUAL MEMBERS OF THE
LUNADA BAY BOYS, including but
not limited to SANG LEE, BRANT
BLAKEMAN, ALAN JOHNSTON
AKA JALIAN JOHNSTON,
MICHAEL RAE PAPAYANS,
ANGELO FERRARA, FRANK
FERRARA, CHARLIE FERRARA,
and N. F.; CITY OF PALOS
VERDES ESTATES; CHIEF OF
POLICE JEFF KEPLEY, in his
representative capacity; and DOES
1-10,

          Defendants.

I, John Carpenter, declare as follows:

1.     I currently reside in Murrieta, California.  In May 2015, I retired from my position as the Police Captain of the City of Riverside, where I had held various law enforcement roles for 31 years.  As the Police Captain, I was in charge of a number of units, including the gang, robbery, homicide, SWAT, and narcotics units.  In 2007, I oversaw an injunction of a 500-member criminal gang in Riverside called the East Side Riva (ESR).  I have personal knowledge of the matters stated in this declaration and, if called as a witness, I could and would testify competently as to its contents.

2.     I grew up in the city of Riverside.  In 1979, I graduated from Ramona High School in Riverside.  After studying at the University of Wyoming for one year, I returned home to attend Riverside City College from 1980 until 1981.  From 1982 until 1984, I attended California State University Fullerton.  When school was in session, I lived in Fullerton.

DECLARATION OF JOHN CARPENTER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

During the summers, I lived with my family in Riverside.  In 1984, I graduated from Cal State Fullerton with a degree in Criminal Justice.

3.     When I was a student at Cal State Fullerton, I had a girlfriend named Sue Dell.  Sue was from Rolling Hills Estates.

4.     Sue and I loved to surf and scuba dive.  For the two years we dated, we would typically surf at least two weekends each month.  We surfed most frequently at Haggerty's, Malaga Cove, Indicator, Rat Beach, and the Manhattan Beach Pier.

5.     Back in the early 1980s when Sue and I dated, it was common knowledge that non-locals were not allowed to surf at Lunada Bay.  I knew that Lunada Bay was highly localized and that the Lunada Bay Boys, a local group of male surfers that acted like a gang, made it their mission to exclude non-locals.  Because of Lunada Bay's well-known reputation in the beach community as being dangerous for outsiders, I was afraid to visit it.  The layout of Lunada Bay made it particularly intimidating – once you walk down a steep and precarious trail from the bluffs alongside the street to the beach below, the Bay Boys have the high ground and can (and do) throw rocks at people below them.  The Bay is almost like a garrison in this way because the Bay Boys can easily assault others while protecting themselves.  I have friends who had rocks thrown at them when they visited Lunada Bay.

6.     Even though Sue was from nearby Rolling Hills Estates, we knew that she would be considered a non-local at Lunada Bay and would therefore be harassed if we visited.  This intimidated Sue and me, and deterred us from attempting to surf Lunada Bay, even though we knew we were missing out on great surfing.

7.     One day in 1983 or 1984, Sue and I grew tired of avoiding Lunada Bay, and decided to try to surf there.  Sue thought that because she was practically a local, the Lunada Bay Boys would not hassle her.  We

DECLARATION OF JOHN CARPENTER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

drove Sue's car to the Lunada Bay neighborhood.  We parked the car several blocks away from the coast because we were scared that the Lunada Bay Boys would vandalize the car.  We also removed the surf racks so the Bay Boys would not be able to identify our car as easily.

8.    During our walk down to the beach at Lunada Bay, we did not encounter many people.  However, once we paddled out, we experienced Lunada Bay's localized culture firsthand.  There were about 6 surfers in the water, all of whom were male.  Almost immediately after we paddled out, the other surfers started yelling at us, saying "you guys don't belong here" and "get out of here."  They also called us names and cursed at us.  These surfers also aggressively violated surf etiquette – they would drop in on my waves and cut me off.  This behavior was dangerous because it required me to pull off a wave, which could have resulted in the waves pummeling me or could have caused me to crash into the nearby shallow rock reef.  The experience was frustrating and dangerous because I risked getting injured by a Bay Boy each time I tried to surf a wave.

9.    After about 45 minutes of suffering from the Lunada Bay Boys' harassment, Sue and I felt too uncomfortable so we decided to leave.  When we got back to the car, we discovered that Sue's car antenna had been mangled and that someone had vandalized the car by smearing surf wax on it.  They wrote derogatory words about Sue being a woman.  Based on my friends' experiences and my 45 minutes of trying to surf at Lunada Bay, I was almost positive that the Lunada Bay Boys were responsible for this vandalism.

10.    Due to this negative experience, I have not returned to surf Lunada Bay.

11.    I still love surfing.  I find it to be a peaceful, solemn experience.  It is spiritual to be propelled by nature when I surf.  I also enjoy surfing as a

DECLARATION OF JOHN CARPENTER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

form of exercise.  I am athletic, so I look for ways to stay in shape and give purpose to my workouts.  Many of my friends surf, so surfing has also become a way for me to connect with friends and develop fellowship over common interests.

12.     Despite living near Palos Verdes Estates and having a passion for surfing, I have not returned to surf Lunada Bay since that one occasion with Sue in the early 1980's.  The one time I tested whether the rumors about Lunada Bay were true, my experience lived up to everything I had heard from friends and other surfers.  The harassment and intimidation I experienced has deterred me from returning to Lunada Bay.

13.     These days, I usually surf at San Elijo State Beach in San Diego County.  I enjoy surfing there because it is welcoming to surfers from all over, and the surfers treat each other with respect.  If I felt safe to return to Lunada Bay, I would probably surf there at least a few times each year.

14.     When I recently heard that the intimidation and exclusionary behavior at Lunada Bay is still occurring – more than 30 years after I experienced it firsthand – I was shocked.  As a law enforcement professional, I know that the conduct taking place at Lunada Bay is no different than criminal gang activity.  Like a criminal gang, the Lunada Bay Boys have taken over a public place and use intimidation tactics to scare others to stay off their turf.

15.     In response to this conduct, the City of Palos Verdes Estates' police should have taken action to address the issues and treat the situation like a gang injunction.  For example, they should have set up cameras, conducted surveillance, and prosecuted wrongdoers based on the complaints they received.  Instead, the City and the police ignore the complaints or take down reports of aggression but then fail to follow up and investigate and prosecute the wrongdoers.  The City and police also

-5-

DECLARATION OF JOHN CARPENTER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

complaints they received.  Instead, the City and the police ignore the complaints or take down reports of aggression but then fail to follow up and investigate and prosecute the wrongdoers.  The City and police also respond by warning surfers to go elsewhere or surf at their own risk.  The City and police department's failure to take these actions reflect their deliberate indifference.  Their actions serve to obstruct justice, not enforce it.

16.    Lunada Bay is a public beach, and I hope to be able to visit it to surf without fear of verbal threats, harassment, assault, and vandalism.  I want the aggressive Bay Boys to be barred from using this beach for a sufficient time to change attitudes and assure the public that it is theirs to enjoy.  In short, I want to be able to visit Lunada Bay without being harassed and to be safe in my person and property.  And if I am harassed, I want the City of Palos Verdes Estates police to take my complaints seriously and follow up accordingly.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in _MURRIETA_, California on December _28_, 2016.

_John Carpenter_

JOHN CARPENTER

DECLARATION OF JOHN CARPENTER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION