1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   JENNIFER ANIKO FOLDVARY, SBN 292216
4  jfoldvary@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone: (415) 777-3200
6  Facsimile:  (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone: (916) 442-3333
11 Facsimile:  (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone: (310) 378-8533
16 Facsimile:  (310) 347-4225

17 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
18 REED, and COASTAL PROTECTION
   RANGERS, INC.
19

20              **UNITED STATES DISTRICT COURT**

21      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

22

23 | CORY SPENCER, an individual; | CASE NO. 2:16-cv-02129-SJO (RAOx) |
24 | DIANA MILENA REED, an | **DECLARATION OF SHARLEAN** |
   | individual; and COASTAL | **PEREZ IN SUPPORT OF** |
25 | PROTECTION RANGERS, INC., a | **PLAINTIFFS' MOTION FOR CLASS** |
   | | **CERTIFICATION** |
26 | California non-profit public benefit | |
   | corporation, | Judge: Hon. S. James Otero |
27 | | Date:  February 21, 2017 |
   |              Plaintiffs, | Time:  10:00 a.m. |
28 | | Crtrm.: 10C. 1st Street Courthouse |

v.

LUNADA BAY BOYS; THE
INDIVIDUAL MEMBERS OF THE
LUNADA BAY BOYS, including but
not limited to SANG LEE, BRANT
BLAKEMAN, ALAN JOHNSTON
AKA JALIAN JOHNSTON,
MICHAEL RAE PAPAYANS,
ANGELO FERRARA, FRANK
FERRARA, CHARLIE FERRARA,
and N. F.; CITY OF PALOS
VERDES ESTATES; CHIEF OF
POLICE JEFF KEPLEY, in his
representative capacity; and DOES
1-10,

        Defendants.

Complaint Filed:   March 29, 2016
Trial Date:        November 7, 2017

     I, Sharlean Perez, declare as follows:

     1.    I am a long-time resident of Southern California.  I have lived in and around Gardena, California, which is about 13 miles from Lunada Bay in the City of Palos Verdes Estates, my entire life.  I attended the University of California, Los Angeles (UCLA) for my undergraduate studies.  I have been a paralegal for nearly 20 years, and I currently work as a paralegal for the law firm of Manatt, Phelps & Phillips.  I have personal knowledge of the matters stated in this declaration and, if called as a witness, could and would testify competently as to its contents.

     2.    I have always been very athletic and enjoy being outdoors. Currently, I sail, scuba dive, and hike for my recreational and physical activities.  Growing up, I participated in soccer, track, and cross country.  As a member of my high school's cross-country team, we used to follow a course that led us to Lunada Bay Cove.  The path down to the cove is

DECLARATION OF SHARLEAN PEREZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

somewhat treacherous and the entrance can be hard to find, so it is not the type of location where a lot of visitors would inadvertently stumble upon it.  I only knew about Lunada Bay because of training in that area with my cross-country team.

3.      In 1986, my boyfriend and I decided to stop by Lunada Bay for a nature walk.  We planned to walk down the trail, past the bluff that led down to the ocean.  We entered Lunada Bay and began heading down the trail, not knowing that it was treated by some as an "exclusive" surf spot.

4.      As we made our way down the trailhead, I heard the crash of a bottle breaking.  I thought that something had either fallen from the bluff above, or perhaps someone had knocked something down onto the trail on accident.  However, I looked up to see 2-3 young men assembled at the top of the hill and realized that someone had deliberately thrown the glass bottle down onto our path.  The bottle had shattered on the trail.  I was surprised, but I ignored the attack and continued following the trail down to the beach so my boyfriend and I could look at the ocean.

5.      As we made our way back up the hill later that afternoon, there were 2-3 young men gathered at the top of the trail who glared at us as we ascended.  I believed these to be the same young men who threw the bottle at us as we descended the hill.  It was clear from the young men's hostile behavior that we were not welcome at Lunada Bay.

6.      I did not realize at the time that the young men's behavior was a form of harassment.  It was only once I got older that I understood the young men's behavior was a form of intimidation, and an attempt to keep us out of Lunada Bay.  Before this incident, I had heard about the local surfers who "protected" Lunada Bay from visitors, even though it is a public beach. However, I never imagined that they would also bother someone who was simply walking down the trail to look at the ocean at Lunada Bay.

DECLARATION OF SHARLEAN PEREZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

7.     I am a woman of Latin descent, and I do not know if racism played a role in the men's actions.  I am informed and believe, however, that the young men's attitude was motivated, in part, by economics.  The Lunada Bay Boys did not want people to use the beach if they were not from Palos Verdes Estates, and they behaved as if the entire beach belonged to them. Even though I attended the same private Catholic high school in Torrance as some of the Bay Boys from Palos Verdes Estates, I was still considered an "outsider" because I did not live in the city of Palos Verdes Estates.

8.     After the bottle-throwing incident, I never returned to Lunada Bay.  I would have liked to visit Lunada Bay more often, but I did not feel safe doing so after how my boyfriend and I were treated.  I would have loved to bring my friends from UCLA to Lunada Bay so they could see how beautiful it was—especially since I knew the area—but I was afraid to do so because Lunada Bay had such a bad reputation for localism.  I believed and often heard from others that the men at Lunada Bay would harass visitors, throw things at them, or vandalize their cars if they attempted to visit. Therefore, my friends and I avoided Lunada Bay altogether.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

12837833.3

2:16-cv-02129-SJO (RAOx)

DECLARATION OF SHARLEAN PEREZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

9.      I would love to visit Lunada Bay again.  I feel passionately about the beach, the environment, and our coast.  Our shores are public, and I believe that public access should be guaranteed.  However, I will not visit Lunada Bay again until I feel that it is safe to do so.  Even though I only live 12 miles from Lunada Bay Cove, I have been effectively prevented from visiting Lunada Bay because of the harassing and intimidating behavior of the locals.  I will not feel comfortable going back to visit until I can be assured that it is safe to do so without being verbally or physically harassed by the locals at Lunada Bay.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Gardena, California on December 22, 2016.

SHARLEAN PEREZ

2:16-cv-02129-SJO (RAOx)
DECLARATION OF SHARLEAN PEREZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

12837833.3