HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
JENNIFER ANIKO FOLDVARY, SBN 292216
jfoldvary@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 442-3333
Facsimile: (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile: (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**DECLARATION OF MICHAEL SISSON IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. S. James Otero<br>Date:  February 21, 2017<br>Time:  10:00 a.m.<br>Crtrm.: 10C |

v.

LUNADA BAY BOYS; THE
INDIVIDUAL MEMBERS OF THE
LUNADA BAY BOYS, including but
not limited to SANG LEE, BRANT
BLAKEMAN, ALAN JOHNSTON
AKA JALIAN JOHNSTON,
MICHAEL RAE PAPAYANS,
ANGELO FERRARA, FRANK
FERRARA, CHARLIE FERRARA,
and N. F.; CITY OF PALOS
VERDES ESTATES; CHIEF OF
POLICE JEFF KEPLEY, in his
representative capacity; and DOES
1-10,

          Defendants.

I, MICHAEL SISSON, declare as follows:

1.    Since 1955, I have resided the South Bay area in Southern California. I have lived in various places during that time, including Hermosa Beach, Torrance, and Redondo Beach, all in California. I currently live in Redondo Beach, California. I am licensed to practice law in the State of California and in the United States District Court for the Districts of Central and Southern California. My practice areas include civil litigation, civil rights, and personal injury. My office address is 3655 Torrance Blvd, 3rd Floor, Torrance, California 90503. I have personal knowledge of the matters stated in this declaration and, if called as a witness, could and would testify competently as to its contents.

2.    I attended Bishop Montgomery High School in Torrance, California. I received my undergraduate degree from the University of California, Los Angeles (UCLA). I attended law school at the University of

-2-
2:16-cv-02129-SJO (RAOx)

1   West Los Angeles.

2       3.      When I'm not working, my family and I enjoy exploring the

3   beach, coastal areas, and other ocean-oriented destinations.  I like going to

4   these beach locations because I like being physically active and I love

5   spending time outdoors.  Though I do not surf regularly anymore, I visit the

6   beach weekly and I am very active in the water.

7       4.      I have been aware of the localism at Lunada Bay for decades.

8   There is a group of local surfers from Palos Verdes Estates, nicknamed the

9   "Bay Boys," who harass, threaten, and inflict violence on non-resident

10  beachgoers.  In the surfing community, the Bay Boys are well known.

11      5.      I grew up surfing the Los Angeles area beaches but I never tried

12  to surf at Lunada Bay.  I avoided Lunada Bay because it was well

13  understood in the surfing community that the localism was extreme there,

14  and that it was a dangerous place where I could be attacked for being a non-

15  local.  In fact, when I was 14 years old, a friend of mine was beaten up by

16  the Bay Boys.

17      6.      As an adult, I encountered the Lunada Bay localism problems in

18  my professional capacity as an attorney.  First, in the early 1990s, one of my

19  clients, Geoff Hagins, was attacked by the Bay Boys when he tried to surf

20  Lunada Bay.  A news crew filmed the incident.  Mr. Hagins and four teenage

21  boys with him, one of whom was his nephew, were pushed, shoved, and

22  threatened for attempting to surf at Lunada Bay.  On July 20, 1995, I brought

23  suit on behalf of Mr. Hagins and the others seeking a gang injunction against

24  the Bay Boys, and sued the City of Palos Verdes Estates for civil rights

25  violations, in the Los Angeles Superior Court, Case No. BC131830.

26  Attached hereto as Exhibit "1" is a true and correct copy of the face sheet of

27  said lawsuit. This matter settled with both the individual Bay Boys and the

28  City, and with the City making a public proclamation that localism would not

DECLARATION OF MICHAEL SISSON IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

1 | be tolerated.  Attached hereto as Exhibit "2" is a true and correct copy of an
2 | article I obtained from the December 1996 Edition of the Easy Reader
3 | discussing the case.

4 |        7.     Then, in the early 2000s, my client, Tim Banas went to surf at
5 | Indicator, a beach located in Palos Verdes Estates north of Lunada Bay.
6 | He was a local painter and brought his 16-year-old son with him.  Mr. Banas
7 | was attacked by several of the locals and thrown off of the stone patio the
8 | locals had built on the shoreline.   When Mr. Banas hit the rocks, he injured
9 | his knee, requiring surgery to repair it.  On or about February 25, 2002, on
10 | behalf of Mr. Banas, I sued Palos Verdes Estates and five local surfers
11 | seeking to enjoin these individuals from engaging in gang-like activity and
12 | from surfing Palos Verdes Estates surf breaks, including Haggerty's, the
13 | Cove, Indicator and Lunada Bay, in the Los Angeles Superior Court Case
14 | No. BC268737. A true and correct copy of said lawsuit is attached hereto as
15 | Exhibit "3".  Like the lawsuit involving Mr. Hagins, this matter settled.

16 |        8.     As a plaintiff's lawyer, I have observed several different people
17 | serve as Police Chief in the City of Palos Verdes Estates.  In my role as a
18 | lawyer, I have had personal communications with several of them.  They all
19 | essentially say the same thing: that they do not tolerate the Bay Boys'
20 | behavior and all claim to have the background and experience to remedy the
21 | Bay Boys harassment problem.  However, their actions are different and it is
22 | my experience that there is never any follow-through by Palos Verdes
23 | Estates police to resolve this issue.  In fact, I am aware that the Palos
24 | Verdes Estates' Police have a history of blaming the victim – this happened
25 | to more than one of my clients.  Ultimately, it has been my experience that
26 | for decades the Palos Verdes Estates Police have a history of complicity in
27 | illegal exclusion of outsiders at Lunada bay and other Palos Verdes Estates'
28 | beaches.

12838827.5

2:16-cv-02129-SJO (RAOx)

DECLARATION OF MICHAEL SISSON IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION

9.     Lunada Bay is one of the most beautiful surf spots in Southern California.  And for Los Angeles County, the Palos Verdes Estates shoreline with rock reef formations, coves, bays, and bluffs that rise from the ocean seem quite rare.  I have explored these public bluffs, shoreline, tide pools and water.  I would like to spend more time at Lunada Bay and share experiences there with my family and friends, but I fear physical and verbal attack by the Bay Boys.  These attacks are designed to intimidate me and others who don't live in Palos Verdes Estates.

10.     I want the Bay Boys to be banned from visiting Lunada Bay until their attitudes toward non-resident beachgoers change and non-residents feel comfortable enough visiting the area.  I want the City of Palos Verdes Estates to return this beach to the public by enforcing its ordinances and providing signage that clearly designates Lunada Bay as a public beach.  And as I become older and less ambulatory, I hope at least a few Palos Verdes Estates beaches will be accessible to persons with disabilities.  And importantly, I want the Palos Verdes Estates police to be available to help anyone who is unlawfully excluded at Lunada Bay and to take harassment complaints seriously by thoroughly investigating complaints and holding wrongdoers accountable.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in _Redondo Beach_, California on December _31_, 2016.

_MICHAEL SISSON_

MICHAEL SISSON

12838827.5

DECLARATION OF MICHAEL SISSON IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

# EXHIBIT 1

1  MICHAEL F. SISSON - State Bar #108855
   18411 Crenshaw Blvd., Suite 100
2  Torrance, CA  90504                    **ORIGINAL FILED**
   (310)719-8894
3
                                          JUN 2 0 1995
4
                                          LOS ANGELES
5  Attorney for plaintiffs                SUPERIOR COURT

6

7

8               SUPERIOR COURT OF CALIFORNIA

9          COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10

11 MICHAEL C. BERNARD, SR.;        )  CASE NO. BC131830
   MICHAEL C. BERNARD, SR., on     )
12 behalf OF MICHAEL C. BERNARD,   )  COMPLAINT FOR DAMAGES
   JR., a minor; JOHN G. HAGINS, SR.; )  FOR:
13 JOHN G. HAGINS, SR., on behalf of )
   JOHN G. HAGINS, JR., a minor;   )  1.   CIVIL RIGHTS
14 TAMARA S. RIGANO, on behalf of  )       VIOLATIONS;
   CHARLIE F. RIGANO, a minor;     )  2.   ASSAULT;
15 DAN DISANTI, on behalf of DOUGLAS )  3.   CONSPIRACY;
   DISANTI; a minor;               )  4.   NEGLIGENCE; and
16                                 )  5.   PERMANENT INJUNCTION
                                   )
17            Plaintiffs,          )
                                   )
18     vs.                         )
                                   )
19 THE BAY BOYS; PETER MCCULLOM;   )
   KELLY LOGAN; DAVID HILTON;      )
20 CHANG LEE; CITY OF PALOS VERDES )
   ESTATES;  DOES 1 THROUGH 200,   )
21 INCLUSIVE,                      )
                                   )
22            Defendants.          )
                                   )
23 _____ )

24

25      **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

26     1.   For the purposes of this action, John G. Hagins, Sr., was

27 appointed by the above-entitled court, and now is, guardian ad litem

28 of plaintiff, John G. Hagins, Jr., a minor.

# EXHIBIT 2

# PVE promises open beaches, Bay Boy pays surfers $15,000

by Daniel Blackburn

A $15,000 cash settlement will be paid to five surfers by one of the so-called Lunada Bay Boys in what may prove to be the conclusion of an enduring surfing territory war on the Palos Verdes Peninsula.

Geoff Hagins of Torrance also won a permanent restraining order preventing alleged Bay Boy Peter McCollum from "annoying, harassing or intimidating" others trying to surf at the beach.

Hagins said after the settlement commission that McCollum "was the only one who owned up to what he had done."

Other surfers had been accused of participating in the harassment, but the settlement specified only McCollum.

Out-of-area surfers long have maintained that they are regularly harassed by local surfers when they try to recreate at Laduna Bay. Incidents of fights and slashed automobile tires have been reported.

As part of last week's settlement agreement, city officials of Palos Verdes Estates agreed to issue a public statement "denouncing localism" at all city beaches.

The settlement calls for the city council to review the statement, though Palos Verdes Estates Deputy City Clerk Robin Ford said Tuesday that she is "not aware of a city council agenda item relating to the settlement. The next PVE city council meeting is Dec. 10.

Hagins and his four fellow surfers originally sued the city for $7 million, claiming police were negligent in enforcement of sanctions against the Bay Boys even after numerous complaints.

Palos Verdes Estates city officials were not commenting on the settlement this

Wednesday adamently denying laxity in the department's equal enforcement of the law.

"Our police department feels we have always enforced all applicable laws without regard for where people live, and we have gone out of our way to promote that image of equal enforcement."

The statement said it is "important that if anyone is a victim of crime of any activity up to person to bring it to out attention."

Hagins said in the settlement aftermath that "money was never the issue."

"What we wanted was a commitment from the city that they will make all Palos Verdes beaches available for everyone. Any incidents of localism at Lunada will be acted on immediately. That's a change, as far as I'm concerned, from their previous position," Hagins said.

He noted the city "has always denied the problem existed, but now they are saying that if there is a problem they will act on it. I'm satisfied they will."

Hagins promised he "will be back in court if this doesn't change," but suggested "people will be encouraged by the city to use its beaches."

Hagins said the city "fought the issue like they've never fought before, like they had something to lose."

The successful surfer said he thinks the message has been delivered, that the beaches at Palos Verdes Estates cannot be dominated by locals.

"McCollum's demeanor has been an act of contrition," Hagins said.

McCollum's lawyer, Dan Dunbar, was quoted following the settlement hearing as saying, "The bottom line is my guy feels bad about what he did. I don't think

# EXHIBIT 3

1  Michael F. Sisson, State Bar #108855
   Law Office of Michael F. Sisson
2  18411 Crenshaw Blvd., Suite 220
   Torrance, California 90504
3  (310) 719-8894

4

5  Attorney for plaintiff, Timothy Banas

6

7

8              SUPERIOR COURT OF CALIFORNIA

9                COUNTY OF LOS ANGELES

10

11  TIMOTHY BANAS,                    )   CASE NO. BC268737
                                      )
12             Plaintiff,             )   COMPLAINT FOR:
                                      )
13        vs.                         )   1.  ASSAULT AND BATTERY;
                                      )   2.  CONSPIRACY;
14  CITY OF PALOS VERDES ESTATES;     )   3.  VIOLATION OF CIVIL RIGHTS;
    CHRISTOPHER   L.   MILLICAN;      )   4.  INJUNCTIVE RELIEF.
15  AARON  K.  ROURKE;  DAVID  A.     )
    DICKEY;  ROBERT  C.  JOHNSTON;    )
16  PAUL J. HAMILTON; NICHOLAS M.     )
    SINCLAIR;    NICHOLAS    J.       )
17  MODISETTE;  DIRTY  UNDERWEAR      )
    GANG;  DOES  1  THROUGH  300,     )
18  INCLUSIVE,                        )
                                      )
19             Defendants.            )
                                      )

20

21        Plaintiff alleges:

22        1.   The plaintiff, Timothy Banas, is, and at all times herein

23  mentioned was, an individual and a resident of the County of Los

24  Angeles, State of California.

25        2.   The defendant, City of Palos Verdes Estates, is, and at all

26  times herein mentioned was, a public entity.

27        3.   Plaintiff is informed and believes and based upon such

28  information and belief alleges that defendant, Christopher L.

1

Complaint

Millican, is an individual and a resident of the City of Palos Verdes Estates, County of Los Angeles, State of California.

4. Plaintiff is informed and believes and based upon such information and belief alleges that defendant, Aaron K. Rourke, is an individual and a resident of the City of Palos Verdes Estates, County of Los Angeles, State of California.

5. Plaintiff is informed and believes and based upon such information and belief alleges that defendant, David A. Dickey, is an individual and a resident of the City of Palos Verdes Estates, County of Los Angeles, State of California.

6. Plaintiff is informed and believes and based upon such information and belief alleges that defendant, Robert C. Johnston, is an individual and a resident of the City of Palos Verdes Estates, County of Los Angeles, State of California.

7. Plaintiff is informed and believes and based upon such information and belief alleges that defendant, Paul J. Hamilton, is an individual and a resident of the City of Rancho Palos Verdes, County of Los Angeles, State of California.

8. Plaintiff is informed and believes and based upon such information and belief alleges that defendant, Nicholas M. Sinclair, is an individual and a resident of the City of Palos Verdes Estates, County of Los Angeles, State of California.

9. Plaintiff is informed and believes and based upon such information and belief alleges that defendant, Nicholas J. Modisette, is an individual and a resident of the City of Palos Verdes Estates, County of Los Angeles, State of California.

10. Plaintiff does not know the true names or capacities, whether individual, corporate, associate or otherwise, of DOES 1

Complaint

1   THROUGH 300, INCLUSIVE, and therefore sues them pursuant to Code of

2   Civil Procedure § 474.  Plaintiff is informed and believes and based

3   upon   such   information   and   belief   alleges   that   each   defendant

4   designated herein as a DOE is legally responsible or liable for the

5   acts   and   occurrences   alleged   herein,   and   is   responsible   for

6   plaintiff's damages and injuries.

7        11.   Plaintiff is informed and believes and based upon such

8   information and belief alleges that, at all times mentioned in this

9   complaint, each defendant was the agent, servant, and/or employee of

10  each of the other co-defendants and was acting with each defendants'

11  authorization,   knowledge   and/or   consent.    Plaintiffs   are   further

12  informed that each defendant ratified the conduct of each of the

13  remaining defendants (including any corporate defendants who ratified

14  its/their agent(s) conduct through an officer or managing agent).

15            **FIRST CAUSE OF ACTION FOR ASSAULT AND BATTERY**

16  (Against defendants, Christopher L. Millican, Aaron K. Rourke, David

17  A. Dickey, Robert C. Johnston, Paul J. Hamilton, Nicholas M. Sinclair,

18  Nicholas J. Modisette, and DOES 1 THROUGH 50, INCLUSIVE, only)

19       12.  Plaintiff realleges paragraphs 1 through 11 and incorporates

20  the same herein by reference as though set forth herein at length.

21       13.   On or about January 4, 2002, plaintiff went to surf at a

22  popular place commonly known as "Indicator" which is located below the

23  approximately 1400-1800 block of Paseo Del Mar in the City of Palos

24  Verdes Estates.

25       14.  To get down to the water from Paseo Del Mar, it is necessary

26  to go down a steep trail.  Plaintiff, while at the top of the trail

27  was confronted by defendant Robert C. Johnston, among other members of

28  the Dirty Underwear Gang (described hereinbelow) who told him to

leave.   Plaintiff ignored Robert C. Johnston and continued down the
trail towards the water.   Mr. Johnston then yelled down to cohorts at
the bottom of the trail something to the effect, "Kook coming down"
and threw rocks at plaintiff.

15.   At the bottom of the trail, plaintiff was confronted by
defendant Christopher L. Millican who told plaintiff he did not belong
there.   Defendants, and each of them, abruptly began to kick and punch
plaintiff his face, head, middle and extremities.

16.   By reason of the acts of defendants, and each of them,
plaintiff was placed in great fear for his life and physical well
being.

17.   As a result of the acts of defendants, and each of them,
plaintiff has suffered extreme and severe mental anguish and physical
pain and has been injured in mind and body all to plaintiff's damage
in an amount according to proof.

18.   As a result of the acts of defendants, and each of them,
plaintiff was required to, and did, incur obligations for medical and
related services reasonably required in the treatment and relief of
the injuries suffered by plaintiff all to plaintiff's damage in an
amount according to proof.

19.   Defendants' conduct was willful, malicious, oppressive
and/or fraudulent thereby justifying an award of punitive damages.

20.   As a result of the acts of defendants, and each of them,
plaintiff suffered loss of earnings and loss of earning capacity in an
amount according to proof.

### SECOND CAUSE OF ACTION FOR CONSPIRACY

(Against defendants, Christopher L. Millican, Aaron K. Rourke, David
A. Dickey, Robert C. Johnston, Paul J. Hamilton, Nicholas M. Sinclair,
Nicholas J. Modisette, and DOES 1 THROUGH 100, INCLUSIVE, only)

1     21.  Plaintiff realleges paragraphs 1 through 20 and incorporates

2  the same herein by reference as though set forth herein at length.

3     22.  Sometime prior to January 4, 2002, defendants, and DOES 1

4  THROUGH 100, knowingly and willfully conspired and agreed among

5  themselves to intimidate, harass, threaten and assault and batter

6  anybody who was not in the defendants' gang (known as, among other

7  names, "The Dirty Underwear Gang") who attempted to surf at locations

8  known as "Haggerty's", "The Cove", "Indicator" and "Lunada Bay"; to

9  claim the above locations as their own, as if the defendants' owned

10  public lands; and to disallow members of the general public to access

11  beaches, trails and surfing locations around Palos Verdes Estates.

12     23.  Plaintiff is informed and believes and thereupon alleges

13  that the last overt act in pursuance of the above-described conspiracy

14  occurred on January 4, 2002, and on other various dates between

15  January 4, 2002, and continuing to the present, by virtue of the

16  following acts:

17     A.  The defendants, and DOES 1 THROUGH 50, threw rocks at

18  plaintiff, made terrorist threats to plaintiff, and assaulted and

19  battered plaintiff; and

20     B.  DOES 85 to 100, INCLUSIVE, members of the Palos Verdes

21  Estates Police Department, attempted to intimidate plaintiff into not

22  pressing charges against their co-defendants, filled out police or

23  investigative reports in a way which favored the co-defendants, and

24  initiated false criminal charges against plaintiff's son, Thomas

25  Banas, for coming to the defense of his father when plaintiff was

26  being assaulted and battered by the defendants as alleged in

27  paragraphs 13-15 above.

28     24.  Prior to January 4, 2002, defendants, and DOES 1 THROUGH 100

(hereinafter referred to in this paragraph as "gang"), vandalized

Complaint

1   cars belonging to anyone who dared to park at one of the gang's
2   surfing spots, threatened and threw rocks at non-gang affiliated
3   surfers if they did not leave the gang's surfing spots, and assaulted
4   and battered non-gang affiliated surfers.

5       25.  As a result of the above-described conspiracy, plaintiff has
6   suffered the damages as alleged in paragraphs 17 through 20 above and
7   as more fully set forth in plaintiff's prayer below.

8   **THIRD CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATION**

9   (Against City of Palos Verdes Estates, and DOES 75 THROUGH 100,
10  INCLUSIVE)

11      26.  This cause of action is an action brought under 42 U.S.C. §
12  1983 to recover damages against defendants for violation of
13  plaintiff's constitutional rights, (1) to peaceably assemble and
14  transport himself to and from and on public property, (2) to liberty,
15  (3) to equal protection of the laws, (4) to speak freely and to use
16  that speech to seek legal redress, and (5) to surf.

17      27.  Plaintiff realleges paragraphs 1 through 20 and incorporates
18  the same herein by reference as thought set forth herein at length.

19      28.  Defendants, DOES 75 THROUGH 100, INCLUSIVE, were at all
20  times mentioned in this cause of action, agents for the City of Palos
21  Verdes Estates and employed as police officers.

22      29.  Defendants, DOES 75 THROUGH 100, INCLUSIVE, were at all
23  times mentioned in this cause of action, acting in the course and
24  scope of his/her employment with the City of Palos Verdes Estates.

25      30.  Defendants, DOES 85 THROUGH 100, INCLUSIVE, are sued in
26  their individual capacities.

27      31.  For literally decades, generations of a surfer gang in
28  Palos Verdes Estates have engaged in terrorist like activities which
    included making terrorist threats, throwing rocks, assaults, beating

Complaint

people up, and vandalizing automobiles and other personal property. The terrorist activities were directed towards any person who attempted to surf at popular surf locations in Palos Verdes Estates known as "Indicator", Lunada Bay, "The Cove" and "Haggerty's" and who were not members of the gang (known by many names but which the plaintiff is presently informed is "The Dirty Underwear Gang"). Plaintiff is informed that the gang is comprised of financially well to do residents of Palos Verdes Estates and Rancho Palos Verdes, and/or their children.

32.   The activities of The Dirty Underwear Gang culminated in the assault and battery of plaintiff as described in paragraphs 13-15 above.  But for the Palos Verdes Police Department's aid to the gang, and a custom, practice and policy of either "looking the other way" or intimidating victims not to press charges against members of the surf gang, the assault and battery on plaintiff would not have occurred.

33.   At all times mentioned in this cause of action, defendants were acting under color of state law.

34.   As mentioned above, the Palos Verdes Estates Police Department has a custom and practice of ignoring complaints made to it by victims of crime perpetrated by the Dirty Underwear Gang.  In many cases, instead of its usual policy of callously disregarding crimes committed by the Dirty Underwear Gang, the Palos Verdes Estates Police Department threatened and intimidated victims not to press charges against members of the Dirty Underwear Gang.  Indeed, many of the members of the Dirty Underwear Gang are friends with members of the police department.  The Palos Verdes Police Department allows the Dirty Underwear Gang to use and claim the surfing locations described herein as their own property and allows the building of non-permitted buildings, shacks, concrete changing areas and barbecue pits on public

Complaint

1   land by the Dirty Underwear Gang for their sole use. The Palos Verdes

2   Police Department, or at least a substantial number of its officers,

3   view the Dirty Underwear Gang's activities as helpful to them in

4   being "proactive" and keeping "undesirables" out of their city.

5         35. The custom and habit of members of the Palos Verdes Estates'

6   Police Department to disregard complaints or to intimidate or coerce

7   victims from making complaints, is so entrenched after so many years

8   that it has become an official, albeit unwritten, policy of the Police

9   Department, despite whatever good sounding written policies the police

10   department has to the contrary.

11         36. In plaintiff's case, plaintiff attempted to lodge a criminal

12   complaint against the defendants referred to in paragraphs 13-20 above

13   but DOES 75 through 100 threatened him that he would be arrested, as

14   would his son. In fact, plaintiff's son was thereafter charged with

15   a crime in connection with defending his father from harm.

16         37. As a result of defendants' conduct, plaintiff has suffered

17   the damages as alleged in paragraphs 17-20 above and as more fully set

18   forth in plaintiff's prayer below.

19         38. The conduct of Defendants, DOES 85 THROUGH 100, was willful,

20   malicious, and done with a reckless and callous disregard for

21   plaintiff's federally protected rights.

22         39. Plaintiff is entitled to an award of attorney's fees

23   pursuant to 42 U.S.C. § 1988.

24         **FOURTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF**

25   (Against defendants, Christopher L. Millican, Aaron K. Rourke, David

26   A. Dickey, Robert C. Johnston, Paul J. Hamilton, Nicholas M. Sinclair,

27   Nicholas J. Modisette, Dirty Underwear Gang, and DOES 1 THROUGH 300,

28   INCLUSIVE)

        40. Plaintiff realleges paragraphs 1 through 11 above and

incorporates the same herein by reference as though set forth herein at length.

41. The defendant DIRTY UNDERWEAR GANG is, and at all times herein mentioned, was, a partnership or association, form unknown, that fits the description of "criminal street gang" as referred to in the California Street Terrorism Enforcement and Prevention Act starting at Penal Code § 186.21.

42. Defendants, and DOES 1 THROUGH 300, INCLUSIVE, are members of the DIRTY UNDERWEAR GANG.

43. The defendants, and each of them, are engaged in a "pattern of criminal gang activity" as that phrase is defined in Penal Code § 186.22 (e).

44. Penal Code § 186.22a provides that every building or place used by members of a criminal street gang for the purpose of the commission of the offenses which comprise a "pattern of criminal gang activity" is a nuisance which shall be enjoined, abated and prevented.

45. The surf locations known as "Haggerty's", "The Cove","Indicator" and Lunada Bay are places used by defendants for the purpose of committing their pattern of criminal gang activity.

46. Plaintiff requests that Christopher L. Millican, Aaron K. Rourke, David A. Dickey, Robert C. Johnston, Paul J. Hamilton, Nicholas M. Sinclair, Nicholas J. Modisette, Dirty Underwear Gang, and DOES 1 THROUGH 300, INCLUSIVE, be permanently enjoined from using the surf locations known as "Haggerty's", "The Cove","Indicator" and Lunada Bay.

47. Plaintiff's action benefits the public at large and plaintiff is entitled to an award of attorney's fees pursuant to statute.

WHEREFORE, plaintiff prays for judgment as follows:

Complaint

ON THE FIRST AND SECOND CAUSES OF ACTION

1.   For general damages according to proof;

2.   For damages for medical and related expenses in an amount according to proof;

3.   For damages representing loss of earnings and loss of earning capacity in an amount according to proof;

4.   For punitive damages in an amount according to proof;

ON THE THIRD CAUSE OF ACTION

5.   For general damages according to proof;

6.   For damages for medical and related expenses in an amount according to proof;

7.   For damages representing loss of earnings and loss of earning capacity in an amount according to proof;

8.   As to DOES 85 THROUGH 100 only, punitive damages in an amount according to proof;

9.   For attorney's fees pursuant to statute in an amount according to proof;

ON THE FOURTH CAUSE OF ACTION

10.   For a permanent injunction enjoining Christopher L. Millican, Aaron K. Rourke, David A. Dickey, Robert C. Johnston, Paul J. Hamilton, Nicholas M. Sinclair, Nicholas J. Modisette, Dirty Underwear Gang, and DOES 1 THROUGH 300, INCLUSIVE, from using the surf locations known as "Haggerty's", "The Cove", "Indicator" and Lunada Bay and from continuing their pattern of criminal gang activity;

11.   For attorney's fees pursuant to the Attorney General statute;

ALL CAUSES OF ACTION

12.   For costs of suit herein incurred; and

13.   For such other and further relief as the Court may deem just

10

1 | and proper.

2

3 | Dated: February 25, 2002

/S/
_____
Michael F. Sisson, Attorney for
Plaintiff, Timothy Banas

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11