HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
JENNIFER ANIKO FOLDVARY, SBN 292216
jfoldvary@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**DECLARATION OF AMIN AKHAVAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. S. James Otero<br>Date:  February 21, 2017<br>Time:  10:00 a.m.<br>Crtrm.: 10C |

|  |  |
|---|---|
| | v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>            Defendants. |

I, Amin Akhavan, declare as follows:

1.     Since 2001, I have resided in Palos Verdes Estates.  I have lived in Palos Verdes Estates for 15 years.  Prior to living in Palos Verdes Estates, I lived in Rancho Palos Verdes for 17 years.  Currently, I am self-employed and support myself by buying and selling stocks and equities from my home.  I use the name Alan Haven for business purposes.  I have personal knowledge of the matters stated in this declaration and, if called as a witness, could and would testify competently as to its contents.

2.     I am originally from the country of Iran.  While I have an advanced degree and speak English fluently, I have a slight accent.  I moved to the United States in 1976 and attended high school in Mount Pleasant, Utah.  I received my bachelor's degree in electrical engineering from Texas Tech University and my master's degree in electrical engineering from University of Texas at Austin.  I moved to Rancho Palos

Verdes after receiving my master's degree.

3. I go to Lunada Bay to walk my dog, a German Shepherd-golden retriever mix, about two or three times a week. I usually go in the afternoon, after 1 p.m., when I am done working. I enjoy the bluff top views from Lunada Bay, and like looking out at the ocean. On my afternoon walks, I often see other neighbors, usually women, walking. Typically, I stay on the streets and bluff top and do not venture down the narrow trails to the shoreline.

4. I am not a surfer, and I understand surfers usually visit Lunada Bay early in the morning or when the conditions for surfing are good.

5. I went to walk my dog at Lunada Bay on October 10, 2015 around 10:52 a.m. On this day I drove to Lunada Bay to enjoy the peaceful ocean views. But my view on this day was interrupted when I observed two men having an animated argument on the bluff, with one man being the aggressor and throwing punches at the other. I parked my car and decided to stay in the car. I recorded their interaction on video from about 40 to 50 feet away using my iPhone 6.

6. After learning of the beachgoer lawsuit seeking open access to Lunada Bay, I made an unedited true-and-correct copy of this iPhone video available to the attorneys for Cory Spencer, Diana Milena Reed, and the Coastal Protection Rangers. I provided this video to the lawyers for the beachgoer class because I do not like seeing people intimidated and beat up for no reason.

7. The man who was the aggressor and who was hitting the other man was wearing white pants and was not wearing a shirt. He was about 30 to 40 years old, about six feet tall, and fit. He had short hair – almost appearing to have a shaved head. The other man, who appeared to be a victim, was wearing a T-shirt and shorts and carrying a backpack. He was

larger than the first man and about six feet two inches tall.  He had a surfboard with him.

8.	When I first began video-recording, my car windows were rolled up and I couldn't hear what was being said.  However, I saw the aggressive man punch the victim on the head.  The victim did not hit him back.  Attached as **Exhibit 1** hereto is a true and correct copy of an image from the video when the aggressive man punched the victim.

9.	I then rolled my window down.  I heard the aggressive man tell the victim, "Get the fuck out of here.  This is my fucking house and my fucking yard."  The aggressive man punched the victim on the head a second time.  The victim responded, "One more of those and I'll call the cops."  The aggressive man said, "Go ahead and call the fucking cops."

10.	Later in the argument, the two men got close to the edge of the bluff – which is steep and drops more than 100 feet to the shoreline below.  I heard the victim state to the aggressive man, "Are you going to throw me off the cliff, you fucker?  Are you that dumb?  What good does this do?"

11.	Soon after, the victim left, while saying, "I heard you.  I got it."

12.	During this entire interaction, about five men were standing nearby.  These men were large, sun tanned, and physically fit, too.  They didn't approach the pair, and they were very quiet.  It appeared to me that they were friends associated with, and backing up the man that was the aggressor.

13.	Seeing me record the incident with my window rolled down, one of the aggressor's associates approached me in my car and told me the incident was not my concern.  I felt this associate's comment was intended to intimidate me.  At that point, the larger man who appeared to be a victim was leaving the scene and I left, too.

14.	I had not seen the victim before, and have not seen him since.

But I believe the aggressive man lives near Lunada Bay. While walking my dog, I've seen the aggressive man hanging out at the bluff before, too. While I recognize him from walking my dog in the neighborhood, I do not know his name. I have not seen him since the incident. I did not inform the police of this incident.

15. In my experience as a longtime Palos Verdes Estates resident, many of my neighbors enjoy the exclusive nature of our neighborhood and like it segregated. I believe that many residents do not want people coming to our neighborhood.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in _Tuesday_, California on December _12_, 2016.

_____
AMIN AKHAVAN

# EXHIBIT 1

