1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   JENNIFER ANIKO FOLDVARY, SBN 292216
4  jfoldvary@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone: (415) 777-3200
6  Facsimile:  (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone: (916) 442-3333
11 Facsimile:  (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone: (310) 378-8533
16 Facsimile:  (310) 347-4225

17 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
18 REED, and COASTAL PROTECTION
   RANGERS, INC.
19

20          **UNITED STATES DISTRICT COURT**

21   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

22

| | |
|---|---|
| 23  CORY SPENCER, an individual; | CASE NO. 2:16-cv-02129-SJO (RAOx) |
| 24  DIANA MILENA REED, an | **JOINT STIPULATION OF PARTIES** |
|     individual; and COASTAL | **RE: PLAINTIFFS' MOTION TO** |
| 25  PROTECTION RANGERS, INC., a | **COMPEL PRODUCTION OF** |
|                                  | **DOCUMENTS BY DEFENDANT** |
| 26  California non-profit public benefit | **BLAKEMAN** |
|     corporation, | |
| 27  | |
|                   Plaintiffs, | Hearing Date:  January 25, 2017 |
| 28  | Hearing Time:  10:00 AM |

1
2

        v.

3    LUNADA BAY BOYS; THE
4    INDIVIDUAL MEMBERS OF THE
     LUNADA BAY BOYS, including but
5    not limited to SANG LEE, BRANT
     BLAKEMAN, ALAN JOHNSTON
6    AKA JALIAN JOHNSTON,
7    MICHAEL RAE PAPAYANS,
     ANGELO FERRARA, FRANK
8    FERRARA, CHARLIE FERRARA,
9    and N. F.; CITY OF PALOS
     VERDES ESTATES; CHIEF OF
10   POLICE JEFF KEPLEY, in his
11   representative capacity; and DOES
     1-10,
12
13            Defendants.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Location:  Courtroom F, 9th Floor
312 N. Spring Street
Los Angeles, CA 90012

Discovery Cutoff: August 7, 2017
Pretrial Conference: October 23, 2017
Trial: November 7, 2017

Complaint Filed:      March 29, 2016

Case No. 2:16-cv-02129-SJO (RAOx)

12910117.5

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................ 1

    A.    Plaintiffs' Introductory Statement ................................................ 1

            Attempts to Meet and Confer ................................................ 2

    B.    Defendant Brant Blakeman's Introductory Statement ................ 4

II. DISPUTED DISCOVERY ................................................................ 7

III. REQUESTED RELIEF .................................................................. 35

    A.    Plaintiffs' Statement ................................................................ 35

    B.    Defendant's Statement ........................................................... 35

# I.   INTRODUCTION

## A.   Plaintiffs' Introductory Statement

Plaintiffs brought this lawsuit to stop the Lunada Bay Boys gang and the City of Palos Verdes Estates from illegally excluding "outsiders" who wish to access Lunada Bay.  The specifics of their activities are alleged in the complaint and are not repeated here.  But, Plaintiffs allege this unlawful exclusion has been ongoing since the 1970s.  This discovery dispute involves Defendant Blakeman's refusal to produce videos and photographs – which he acknowledged existed during his deposition – in response to Plaintiff Diana Milena Reed's discovery requests.[1]

As is relevant here, Plaintiffs allege that Defendants conspire to "intimidate visiting beachgoers with threats and taunts, by taking photos and video of beachgoers."  (**Exh. 1-b**, Compl. ¶ 18.)   On February 13, 2016, Defendants Blakeman and Johnston were involved in the assault of Plaintiff Reed, which Blakeman filmed.  (*Id.* at ¶ 25.)  Ms. Reed testified at her deposition that Mr. Blakeman "was always with a video camera . . . always filming me and – in ways that were intimidating to me."  (**Exh. 1-e,** at 298:3-5.)  Blakeman testified that the "majority" of his photos and videos are of Lunada Bay, including surfing and people.  (**Exh. 1-f,** at 25:6-10, 24.)

---

[1] Mr. Blakeman has not complied with his obligation to produce other documents in response to Plaintiff Reed's Requests for Production of Documents, including emails, phone records, or text messages; however this motion focuses only on the videos and photographs identified during his deposition.  Astonishingly, while he stores many memory cards full of video, Mr. Blakeman said he does not have a computer, iPad or similar device.  He claimed not to move the video onto a computer or other device.  And he said that he does not use email.  He also had difficulty remembering his cell phone number because the City of Palos Verdes Estates issued him his cell phone.  At deposition, his attorney instructed him not to provide his wife's email address based on "privacy."  Plaintiffs will seek further court intervention if necessary and appropriate as to these other materials at a later date.

12910117.5

1   Ms. Reed's first set of requests for documents to Blakeman sought

2   videos and photographs of Lunada Bay, among other things.  (**Exh. 1-c**.)

3   Blakeman's response stated a production would be forthcoming.  (**Exh. 1-d**.)

4   Mr. Blakeman was subsequently deposed on November 21, 2016.  (**Exh. 1-**

5   **f**.)  He testified that he has approximately 10 memory cards containing video

6   footage from the last 4 years.  (*Id.*, 17:12-24; 18:7-23; 26:10-11.)  The

7   majority of footage is of Lunada Bay.  (*Id.*, 25:3-10, 25; 26:1-2.)  He gave

8   these memory cards to his lawyer, John Worgul.  (*Id.*, 78:6.)

9   To date, Plaintiffs have not received any videos or photos in response

10  to their discovery requests.  (*See* **Exh. 1-i**.)

11  <u>Attempts to Meet and Confer</u>

12  Plaintiffs' counsel initiated a meet and confer on November 22, 2016,

13  identifying the deficiencies of Mr. Blakeman's responses and requesting

14  production of responsive materials.  (**Exh. 1-g**.)  Mr. Blakeman's counsel

15  responded that he would "produce responsive videos previously identified on

16  Monday, Nov. 28."  (**Exh. 1-h**.)  Blakeman later served a small production –

17  insurance policies and 4 short videos – all of which had been identified in his

18  August 22, 2016 initial disclosures but not previously produced.  (**Exh. 1-i**.)

19  On December 8, 2016, Plaintiffs' counsel emailed Mr. Blakeman's

20  attorneys to demand production of the responsive information.  (**Exh. 1-j**.)

21  Instead of producing documents, on December 12, 2016, Mr. Cooper

22  requested an extension until close of business the following day to provide a

23  detailed response.  (**Exh. 1-k**.)  Mr. Cooper also requested an extension

24  until the end of the week to "produce any additional items, if in fact we

25  indicate we are inclined to do so."  (*Id.*)  Plaintiffs' counsel agreed to await

26  Mr. Cooper's detailed response but requested production of the memory

27  cards no later than noon on December 16, 2016.  (**Exh. 1-m**.)

28  On December 13, 2016, Mr. Cooper responded by objecting to the

1   requests as overbroad and proposed producing videos of "the bluff, cliffs,

2   and surf area of Lunada Bay adjacent to Paseo Del Mar" going back 3 years

3   from the date the complaint was filed.  (**Exh. 1-n**.)  Mr. Cooper agreed to

4   produce copies of video clips but not the memory cards, and further stated

5   that this production would occur *only if* Plaintiffs agreed that this limited

6   production resolved all issues.  If not, "*then no such production will be made*

7   *. . .* "  (*Id.*, emphasis added.)

8       Plaintiffs' counsel rejected Mr. Cooper's proposal and reiterated the

9   relevance of the photos and videos, explaining that because Defendants'

10  unlawful conduct has been ongoing since the 1970s, limiting a production to

11  the past 3 years was unacceptable.  (**Exh. 1-o**.)  Notably, Blakeman's co-

12  defendant, Sang Lee, has admitted that the Bay Boys' exclusionary tactics

13  date to the 1970s and that he was "brought up this way by u [sic] guys (the

14  older boys[)]."  (**Exh. 1-l.**)  Plaintiffs' counsel did agree to narrow the

15  geographic scope of the requests to include "footage of Paseo Del Mar, the

16  bluffs above Lunada Bay, the trails from the bluffs to the beach, the beach,

17  the rock fort, and/or the water at Luanda Bay," and proposed other limiting

18  parameters for photos and video that include Mr. Blakeman's family and/or

19  friends.  (**Exh. 1-o**.)

20      On December 14, 2016, Mr. Cooper restated his position and indicated

21  that he did not believe that Plaintiffs' extensive meet and confer efforts

22  complied with Local Rule 37-1.  (**Exh. 1-p**.)  Plaintiffs' counsel replied that

23  she was available for a telephonic conference if he believed one would be

24  helpful and reminded Mr. Cooper that on November 22, 2016, Plaintiffs had

25  requested Blakeman's counsel's availability for a phone call to no avail.

26  (**Exh. 1-q**.)  Mr. Cooper never followed up to request a phone call.

27      Mr. Blakeman did not produce any materials on December 16, 2016,

28  despite his counsel's initial offer to do so.  (**Decl. Otten, ¶ 20**.)

## B.   Defendant Brant Blakeman's Introductory Statement

Defendant Brant Blakeman is a local resident of Palos Verdes Estates who has surfed the bay near his residence, Lunada Bay,  for much of his life. Those are the only allegations made against him in this case that are true. Mr. Blakeman is a well-respected member of the community, who has been a neighborhood watch captain and is a volunteer first responder for the city who has a cell phone provided by the city for that purpose.  He is not a "criminal gang member" as alleged in this fallacious lawsuit and has no criminal record, nor any history of assault, battery nor any of the "misconduct dating back to the 1970's" that  is continuously mouthed by plaintiffs but never supported with evidence as to this defendant.

Plaintiffs in this discovery dispute relating to their production requests make the strange and knowingly untrue statement that Blakeman has not produced any videos or documents in response to their claims. Defendant in fact produced the very videos and documents that it identified in its responses on October 14, 2016.  Plaintiff additionally seeks further responses to certain vastly overbroad requests, and the attempts by defense counsel to narrow the requests at issue have been to no avail.  Plaintiffs' counsel is simply unwilling to compromise, even though plaintiffs meet-and-confer communications (See Exhibits 2 and 3 and Dieffenbach declaration paragraphs 2 and 3)  tacitly admit during the meet-and-confer process that a request for "all videos of Lunada Bay" is, at a minimum,  geographically overbroad, and also temporally overbroad given the maximum three-year statute of limitations. Plaintiffs' counsel also seeks repeatedly to compel documents that Mr. Blakeman has already identified and produced (e.g., the videos responsive to request numbers 1 and 2)—just what further response is being sought  is difficult to understand and remains unspecified by Plaintiffs' counsel. Plaintiffs also seek  to compel documents that Blakeman

4

1  has stated he does not possess nor has he ever possessed--"all documents

2  showing efforts to keep people from surfing the bay." (Request No. 9).

3       The time frames for Requests 12, 13, 39 and 40 (those that seek

4  photographs and videos of Lunada Bay and people surfing Lunada Bay) are

5  overbroad.  The most senior of the various statutes of limitations that appear

6  to apply to the causes of actions alleged are three years. (See *California*

7  *Code of Civil Procedure* Sections 335.1 and 338.)  Notably the only events

8  alleged against Mr. Blakeman relate to events that occurred in 2016.  Over

9  breadth objections to discovery have been sustained where they are beyond

10  the relevant range of events related to the issues in the lawsuit.  (See

11  *Rogers v. Giurbino*, 288 F.R.D. 469, 481 (S.D. Cal. 2012); *Perez v. Cate*,

12  No. C 10–3730 JSW (PR), 2012 U.S. Dist. LEXIS 49706, at *2 (N.D.Cal.

13  Apr. 9, 2012); *Manriquez v. Huchins*, No. 1:09–cv–00456–OWW–SMS PC,

14  2011 WL 3290165, at *4–6, (E.D.Cal. July 27, 2011).)

15       The geographic locations for Request 12, 13, 39, 40 that the use term

16  Lunada Bay are overbroad. The location of Lunada Bay is also overbroad as

17  to the location.  Lunada Bay is both a neighborhood and geographical

18  location. This is undeniably so, but Plaintiffs' refusal to delimit the scope of

19  "Lunada Bay"  emphasizes their intention to waste time and resources in a

20  quest for irrelevant information.   Mr. Blakeman has lived in Lunada Bay

21  area for nearly his entire life.  To ask for photographs and videos from him

22  that would encompass his neighborhood would require seeking a lifetime's

23  worth of photographs and videos.  It would arguably encompass family

24  events, private events, and invade his right to privacy, his first amendment

25  rights and other third parties' rights.  This is an essential problem with

26  plaintiff's failing to articulate a time frame and location that is "Lunada Bay."

27       As stated, defendant offered to compromise on the overbroad request

28  for all videos of Lunada Bay, footage taken at Mr. Blakeman's leisure over

several years—by limiting the response to a specified geographical area and to the relevant three year time frame. (See Exhibit 2, emails from Robert Cooper to Samantha Wolfe dated through December 14, 2016).  Plaintiffs refused this compromise.

Furthermore, Plaintiffs' counsel failed to comply with Rule 37 by not articulating any legal basis for the further responses they seek.  Plaintiffs are required to have a meeting within 10 days of a request.  No such meeting has been expressly requested under the rule (Counsel needed to merely cite to the rule and ask for the conference pursuant to that rule) nor have they provided any legal authority to address their position so that the rule can be applied properly or the scope of the discovery order to be sought can be determined.  The only legal authority Plaintiffs have provided for their position is one case (*In re Legato Systems* 204 FRD 167 ) for the proposition that a cell phone carrier is within the control of person to produce records.  This clearly does not address the objections that have been made. The correspondence from Hanson Bridget on 11/22 (letter-See Exhibit 3) 12/8 (email –part of Exhibit 2)  and 12/13 (2 emails-also part of Exhibit 2) (Declaration of Dieffenbach, paragraphs 2 and 3) do not contain any legal authority, a direct contradiction of Rule 37-1's requirement that the "moving party's letter shall identify each issue and/or discovery request in dispute, shall state  briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought."

Plaintiffs' failure to meet the prerequisite requirements for such a motion render the entire motion unfounded.  The motion should be denied as both procedurally and substantively deficient.

/ / /

## II.   DISPUTED DISCOVERY

Plaintiffs' document requests defined the term "DOCUMENTS" as follows: "any writing of any kind, including originals and all no[n] identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation correspondence, text messages, electronic mail (e-mail), Facebook messages, posts or comments on Facebook or other social media (e.g., Nextdoor, Patch, Instagram, Snapchat, Vine, and YouTube), photographs, videos, memoranda, notes, calendars, diaries, logs, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications, offers, notations of any sort of conversation, telephone calls, meetings or other communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, telefaxes, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recordings, transcripts, graphic or aural records of representations of any kind, and electronic, mechanical or electric records or representations of any kind, or which you have knowledge or which are now or were formally in your actual or constructive possession, custody or control.  Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term.  DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents.  DOCUMENTS expressly include all ELECTRONICALLY STORED INFORMATION."  (**Exh. 1-c**.)

/ / /

**DEMAND NO. 1:**

Any and all DOCUMENTS REFERRING or RELATED TO any PLAINTIFF.

Defendant's Response:

Objection: This request is overly broad and calls for production of information which is neither relevant nor reasonably calculated to lead to discoverable evidence. Without waiving these objections, after a reasonable search and diligent inquiry, Defendant is not in possession of any documents responsive to this request other than videos referred to in response to Demand No. 3.

Plaintiffs' Argument:

The rules of discovery are to be broadly and liberally construed so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(2); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  Rule 26 has been broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (citing *Hickman*, 329 U.S. at 501).

Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure requires a request for production to describe an item "with reasonable particularity," which this request does.  Plaintiffs' counsel has also agreed to narrow the geographic scope of this request.  (*See* **Exh. 1-o**.)  Moreover, there are only two individual named plaintiffs in this matter.  Certainly, footage of either plaintiff would be relevant to their allegations that, among other things, Defendants photograph and video "outsiders" in an effort to intimidate and harass them.  Further, footage of the plaintiffs will help identify witnesses, victims, and potential aggressors who have been involved with or affected

1  by the illegal conduct that has taken place at Lunada Bay.

2      Mr. Blakeman has in his possession many years' worth of valuable

3  footage of Lunada Bay, as he testified at his deposition.  Indeed, as recently

4  as November 10, 2016, Plaintiffs' counsel witnessed Mr. Blakeman

5  recording video footage at the bluff above Lunada Bay.  **(Decl. Otten, ¶ 7.)**

6      To date, Mr. Blakeman has only produced four short video clips which

7  were identified in his August 22, 2016 initial disclosures.  This production

8  represents a small fraction of the footage of Lunada Bay that Mr. Blakeman

9  admitted to recording over the years.  The production of this video footage

10  and related photos is relevant to the allegations of the instant lawsuit and is

11  critical to Plaintiffs' impending motion for class certification.

12      Finally, to the extent Mr. Blakeman seeks to limit any production of

13  responsive materials to the past 3 years, any such limitation would be

14  improper.  The continuing violation doctrine allows courts to consider

15  allegations that occurred before the limitations period if such conduct is

16  "sufficiently related" to the conduct occurring within the limitations period, so

17  long as the incidents are not "isolated, sporadic, or discrete."  *White v.*

18  *California Community Colleges*, 2008 WL 4793670 at *9 (C.D. Cal. Nov. 3,

19  2008).  Indeed, a "'continuing violation is occasioned by continual unlawful

20  acts, not by continual ill effects from an original violation.'"  *Lopez v. City of*

21  *Santa Ana*, 2015 WL 5923539 at *1 (C.D. Cal. Oct. 8, 2015) (*quoting Ward*

22  *v.* Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981)).

23      Here, Defendants' unlawful misconduct began in the 1970s and the

24  Defendants have been engaged in an ongoing criminal conspiracy since that

25  time.  A 2011 email from Sang Lee to a number of individuals confirms as

26  much:

27

28

> i [sic] might not have surfed here when u [sic] guys
> were ruling the place in the 70's but my feelings n

9

1  [sic] love for our home runs DEEP INSIDE MY
   HEART . . . i [sic] just want to keep our home the way
2  it should be kept ( nice n [sic] clean with no takers )."

3  (**Exh. 1-I**, emphasis in original.)  Further, during deposition, Mr. Blakeman

4  indicated that he has known many of the older police officers for a long time

5  because he went to school with both them and the persons Plaintiffs have

6  identified as Bay Boys – indeed, he has known some of the officers since at

7  least high school.  Given Defendants' ongoing unlawful conspiracy, Plaintiffs'

8  claims and allegations that predate any applicable statute of limitations are

9  therefore not time-barred.  Indeed, the cumulative violations and

10 conspiratorial acts by the Lunada Bay Boys, including the individual

11 Defendants, over the past 40 years is the precise conduct that precipitated

12 this lawsuit.  In the alternative, even if certain incidents involving Defendants'

13 criminal conduct is time-barred, evidence of such incidents would

14 nonetheless be relevant "to establish motive and to put [Plaintiffs'] timely-

15 filed claims in context."  *Carpinteria Valley Farms, Ltd. v. County of Santa*

16 *Barbara*, 344 F.3d 822, 829 (9th Cir. 2003).  Video footage and photographs

17 of Lunada Bay dating back to the 1970s is therefore relevant to Plaintiffs'

18 claims in this suit and is similarly discoverable.

19 Defendant's Argument:

20      Plaintiffs' references to unauthenticated hearsay documents and

21 misconstrued case law do not support their position here.  The *Lopez* case

22 stands for the rule that there is no continuing violation, only separate

23 discrete violations with their own separate limitations periods.  Plaintiffs have

24 referenced ONE event, a videotaping at the bluff, in 2016, as the SOLE

25 instance of anything involving Mr. Blakeman.  There is no other specific

26 discrete act or event Plaintiffs reference involving Mr. Blakeman; there is no

27 "continuing violation" as to Mr. Blakeman justifying any extension of the

28 limitation period to more than three years prior to 2016, and no basis for

10

1    extending discovery back decades.  The *Carpenteria* case relates to

2    government action in an eminent domain case where the Plaintiffs had to

3    show an intent by the Government to deprive them of rights; here, again that

4    involved a series of discrete events by the same Defendant, and here again

5    a single discrete 2016 event of simply videotaping the beach by Mr.

6    Blakeman is not evidence of any other event as to Mr. Blakeman.  Plaintiffs

7    would have the court ignore the fact that there is no entity they conjure up as

8    the "Bay Boys" and no evidence that one ever existed other than in Plaintiffs'

9    unsupported pleadings.

10          References to Plaintiffs' counsel's "astonishment", to an

11    unauthenticated reference to a statement purportedly by "Mr. Blakeman's

12    Co-defendant" Sang Lee, and to assertions that events have been "ongoing"

13    "since the 1970's" without any evidentiary support to either specify the

14    events or to connect them to Mr. Blakeman except through innuendo are the

15    broad brush transparent mere allegations which Plaintiffs' entire claim has

16    been based upon.  They are not support for this case or for Plaintiffs' motion.

17          Mr. Blakeman objects to the unauthenticated hearsay assertions of

18    purported fact made in the Otten declaration as without foundation and

19    irrelevant and submits the declaration should be stricken as meaningless

20    surplussage.

21          Generally, if the responding party objects to a discovery request, the

22    party moving to compel bears the burden of demonstrating why the

23    objections are not justified. *E.g., Grabek v. Dickinson,* 2012 U.S. Dist. LEXIS

24    4449, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Mitchell v. Felker,*

25    2010 U.S. Dist. LEXIS 107776, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29,

26    2010); *Ellis v. Cambra,* 2008 U.S. Dist. LEXIS 109050, 2008 WL 860523, at

27    *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the

28    court which discovery requests are the subject of the motion to compel, and,

for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. *Grabek,* 2012 U.S. Dist. LEXIS 4449, 2012 WL 113799, at *1; *Womack v. Virga*, 2011 U.S. Dist. LEXIS 146716, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. *Fed. R. Civ. P. 26(b)(2)(C)(iii).* "In each instance [of discovery], the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

Moreover, request for production of documents "must describe with reasonable particularity each item or category of items to be inspected." (See Fed. R. Civ. P. 34(b)(1)(A).)  . "All encompassing" production requests do not meet Rule 34(b)(1)(A)'s reasonably particularity requirement." (See *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 572 (C.D. Cal. 2012).) Notably the definitions of the terms "REFERRING" or "RELATED TO" cause any request with such terms to be all encompassing, hopelessly overbroad, and not reasonably particularized.

Failure to provide proper temporal or geographic locations can cause a request to be overbroad as well.  (See *Jackson v. Montgomery Ward & Co.,* 173 F.R.D. 524, 528 (D. Nev. 1997) (citing *McClain v. Mack Trucks, Inc.,* 85 F.R.D. 53, 62 (E.D.Pa.1979)).)  This problem is present in many of the requests made by plaintiffs.

Plaintiffs' broad recitation of supposed "facts" of this case have zero to do with Mr. Blakeman, let alone the fact that no criminal conspiracy will ever be supported by evidence here.  To wit, plaintiffs cite an unintelligible and ambiguous statement attributed to Mr. Lee—what exactly does this have to do with Mr. Blakeman ?  This is the same broad strokes mentality that

Plaintiffs' counsel brings to discovery in this case.  Contrary to Plaintiffs' asserted position in their meet and confer communications, the standard is *not* whether production would result in *harm* to Mr. Blakeman, but whether good cause exists for discovery and whether requests are overly broad and burdensome, or proportional to the needs of the case.

Request No. 1 asked for all documents relating to "any plaintiff", i.e., Mr. Spencer or Ms. Reed.  No other individual Plaintiffs have been named. Defendant Blakeman identified four responsive videos and produced them to plaintiffs.  The fact that Mr. Blakeman has various videos taken at his leisure of the surf at Lunada Bay does not "relate to any Plaintiff," as none are depicted except in the videos already produced.    Moreover, plaintiff cites unpublished employment law and one published 42 U.S.C. 1983 case pertaining to the "continuing violation doctrine" (which can extend the statutes of limitation in employment cases) to argue that plaintiffs' discovery in this case is not bound by any time parameters or by the three-year statute that applies to Plaintiffs' claims.  However, the present case is not an employment discrimination or an eminent domain case and this argument is wholly without merit.  The "continuing violation doctrine" is solely a creature of employment law statutes of limitation, and cannot be *ad hoc* applied where no prior case law has ever done so, to a discovery dispute in the novel class action theory being attempted in this action.

**DEMAND NO. 2:**

Any and all DOCUMENTS REFERRING or RELATED TO the incident that occurred at Lunada Bay involving Defendant Alan Johnston and Plaintiff Diana Milena Reed on February 13, 2016.

Defendant's Response:

Objection: This request is overly broad and calls for production of information which is neither relevant nor reasonably calculated to lead to

1  discoverable evidence. Without waiving these objections, Defendant is in

2  possession of two videos responsive to this request which will be produced.

3  <u>Plaintiffs' Argument</u>:

4       The rules of discovery are to be broadly and liberally construed so as

5  to permit the discovery of any information which is relevant and is

6  reasonably calculated to lead to the discovery of admissible evidence.  Fed.

7  R. Civ. P. 26(b)(2); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  Rule 26

8  has been broadly construed to "encompass any matter that bears on, or that

9  reasonably could lead to other matter that could bear on, any issue that is or

10  may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340,

11  351 (citing *Hickman*, 329 U.S. at 501).

12       Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure requires a

13  request for production to describe an item "with reasonable particularity,"

14  which this request does.  Plaintiffs' counsel has also agreed to narrow the

15  geographic scope of this request.  (*See* **Exh. 1-o**.)  Moreover, there are only

16  two individual named plaintiffs in this matter.  Certainly, footage of either

17  plaintiff would be relevant to their allegations that, among other things,

18  Defendants photograph and video "outsiders" in an effort to intimidate and

19  harass them.  Further, footage of the plaintiffs will help identify witnesses,

20  victims, and potential aggressors who have been involved with or affected

21  by the illegal conduct that has taken place at Lunada Bay.

22       Mr. Blakeman has in his possession many years' worth of valuable

23  footage of Lunada Bay, as he testified at his deposition.  Indeed, as recently

24  as November 10, 2016, Plaintiffs' counsel witnessed Mr. Blakeman

25  recording video footage at the bluff above Lunada Bay.  **(Decl. Otten, ¶ 7.)**

26       To date, Mr. Blakeman has only produced four short video clips which

27  were identified in his August 22, 2016 initial disclosures.  Each of these clips

28  is less than 45 seconds long.  This production represents a small fraction of

12910117.5

the footage of Lunada Bay that Mr. Blakeman admitted to recording over the years.  In fact, by Mr. Blakeman's own account, he was in the Rock Fort with Ms. Reed for approximately 5 to 10 minutes on February 13, 2016, and admits to filing much of that time.  (*See* **Exh. 1-f**.)  Thus, Mr. Blakeman has likely failed to produce all responsive materials in his possession.  The production of this video footage and related photos is relevant to the allegations of the instant lawsuit and is critical to Plaintiffs' impending motion for class certification.

Finally, to the extent Mr. Blakeman seeks to limit any production of responsive materials to the past 3 years, any such limitation would be improper.  The continuing violation doctrine allows courts to consider allegations that occurred before the limitations period if such conduct is "sufficiently related" to the conduct occurring within the limitations period, so long as the incidents are not "isolated, sporadic, or discrete."  *White v. California Community Colleges*, 2008 WL 4793670 at *9 (C.D. Cal. Nov. 3, 2008).  Indeed, a "'continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation.'"  *Lopez v. City of Santa Ana*, 2015 WL 5923539 at *1 (C.D. Cal. Oct. 8, 2015) (*quoting Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)).

Here, Defendants' unlawful misconduct began in the 1970s and the Defendants have been engaged in an ongoing criminal conspiracy since that time.  A 2011 email from Sang Lee to a number of individuals confirms as much:

> i [sic] might not have surfed here when u [sic] guys were ruling the place in the 70's but my feelings n [sic] love for our home runs DEEP INSIDE MY HEART . . . i [sic] just want to keep our home the way it should be kept ( nice n [sic] clean with no takers )."

(**Exh. 1-I**, emphasis in original.)  Given Defendants' ongoing unlawful conspiracy, Plaintiffs' claims and allegations that predate any applicable

statute of limitations are therefore not time-barred.  Indeed, the cumulative violations and conspiratorial acts by the Lunada Bay Boys, including the individual Defendants, over the past 40 years is the precise conduct that precipitated this lawsuit.

Finally, even if certain incidents involving Defendants' criminal conduct is time-barred, evidence of such incidents would nonetheless be relevant "to establish motive and to put [Plaintiffs'] timely-filed claims in context." *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 829 (9th Cir. 2003).  Video footage and photographs of Lunada Bay dating back to the 1970s is therefore relevant to Plaintiffs' claims in this suit and is similarly discoverable.

Defendant's Argument:

Defendant Blakeman has previously identified and produced the videos responsive to this very specific request, which related *solely* to the date of February 13, 2016.  Yet Plaintiffs argue that this request somehow calls for Mr. Blakeman to produce videos dating back 40 years.  (Apparently, plaintiff's counsel failed to review their own request before re-pasting their identical argument).

**DEMAND NO.8:**

Any and all DOCUMENTS REFERRING or RELATED TO the ROCK FORT.

Defendant's Response:

Objection: This request is overly broad and calls for production of information which is neither relevant nor reasonably calculated to lead to discoverable evidence. Without waiving these objections, after a reasonable search and diligent inquiry, Defendant is not in possession of any documents responsive to this request.

Plaintiffs' Argument:

The rules of discovery are to be broadly and liberally construed so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(2); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  Rule 26 has been broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (citing *Hickman*, 329 U.S. at 501).

Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure requires a request for production to describe an item "with reasonable particularity," which this request does.  Plaintiffs' counsel has also agreed to narrow the geographic scope of this request.  (*See* **Exh. 1-o**.)

Further, this request seeks documents, including videos and photograms, that are both relevant and reasonably calculated to lead to discoverable evidence.  Photos and video footage of the Rock Fort (defined in Plaintiff's Requests for Production as "the unpermitted masonry-rock-and-wood structure and seating area on the northern end of Lunada Bay", (*see* **Exh. 1-c**) will help identify witnesses, victims, and potential aggressors who have been involved with or affected by the illegal conduct that has taken place at Lunada Bay.  Additionally, Mr. Blakeman has been accused of using his camera to intimidate visitors at Lunada Bay near the Rock Fort, including Plaintiff Reed, by filming them.  Thus, such photos and video footage is highly relevant to establish these allegations.

Additionally, Mr. Blakeman's response that he is not in possession of any responsive documents is inconsistent with his deposition testimony.  He testified that he has at least four years' worth of valuable footage of Lunada Bay.  (**Exh. 1-f**.)  Indeed, as recently as November 10, 2016, Plaintiffs'

counsel witnessed Mr. Blakeman recording video footage at the bluff above Lunada Bay.  **(Decl. Otten, ¶ 7.)**  It is difficult to believe that none of his estimated 10 memory cards filled with Lunada Bay footage contains any images of the Rock Fort, which is located on the beach at Lunada Bay.  This is particularly true since, following his responses to this request, he produced 4 short videos containing footage of the Rock Fort.  (**Exh. 1-i**.)

Further, to the extent Mr. Blakeman seeks to limit any production of responsive materials to the past 3 years, any such limitation would be improper.  The continuing violation doctrine allows courts to consider allegations that occurred before the limitations period if such conduct is "sufficiently related" to the conduct occurring within the limitations period, so long as the incidents are not "isolated, sporadic, or discrete."  *White v. California Community Colleges*, 2008 WL 4793670 at *9 (C.D. Cal. Nov. 3, 2008).  Indeed, a "'continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation.'"  *Lopez v. City of Santa Ana*, 2015 WL 5923539 at *1 (C.D. Cal. Oct. 8, 2015) (*quoting Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)).

Here, Defendants' unlawful misconduct began in the 1970s and the Defendants have been engaged in an ongoing criminal conspiracy since that time.  A 2011 email from Sang Lee to a number of individuals confirms as much:

> i [sic] might not have surfed here when u [sic] guys were ruling the place in the 70's but my feelings n [sic] love for our home runs DEEP INSIDE MY HEART . . . i [sic] just want to keep our home the way it should be kept ( nice n [sic] clean with no takers )."

(**Exh. 1-l**, emphasis in original.)  Given Defendants' ongoing unlawful cumulative violations and conspiratorial acts by the Lunada Bay Boys, including the individual Defendants, over the past 40 years is the precise conduct that precipitated this lawsuit.

18

1    Finally, even if certain incidents involving Defendants' criminal conduct

2  is time-barred, evidence of such incidents would nonetheless be relevant "to

3  establish motive and to put [Plaintiffs'] timely-filed claims in context."

4  *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822,

5  829 (9th Cir. 2003).  Video footage and photographs of Lunada Bay dating

6  back to the 1970s is therefore relevant to Plaintiffs' claims in this suit and is

7  similarly discoverable.

8  Defendant's Argument:

9    Defendant Blakeman responded in a code-compliant fashion—he has

10 no responsive documents or videos not previously identified and produced.

11 Apparently Plaintiff's counsel simply does not believe this response. Again,

12 Plaintiffs' counsel simply re-pastes the identical, non-specific argument to

13 this request, which requested documents relating to the "rock fort."

14 Moreover, the so-called  "rock fort" is no longer relevant to this lawsuit, since

15 the Court previously dismissed Plaintiffs' claim for violation of the Coastal

16 Act, which was the only claim relating to the "rock fort".

17

18 **DEMAND NO. 9:**

19    Any and all DOCUMENTS REFERRING or RELATED TO efforts to

20 keep people from surfing Lunada Bay.

21 Defendant's Response:

22    Objection: This request is overly broad. Without waiving these

23 objections, after a reasonable search and diligent inquiry, Defendant is not in

24 possession of any documents responsive to this request.

25 Plaintiffs' Argument:

26    The rules of discovery are to be broadly and liberally construed so as

27 to permit the discovery of any information which is relevant and is

28 reasonably calculated to lead to the discovery of admissible evidence.  Fed.

R. Civ. P. 26(b)(2); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  Rule 26 has been broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (citing *Hickman*, 329 U.S. at 501).

Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure requires a request for production to describe an item "with reasonable particularity," which this request does.  Plaintiffs' counsel has also agreed to narrow the geographic scope of this request.  (*See* **Exh. 1-o**.)

Further, this request seeks documents, including videos and photograms, that are both relevant and reasonably calculated to lead to discoverable evidence.  Photos and video footage of excluding others from surfing at Lunada Bay will help identify witnesses, victims, and potential aggressors who have been involved with or affected by the illegal conduct that has taken place at Lunada Bay.  Additionally, Mr. Blakeman has been accused of using his camera to intimidate visitors at Lunada Bay in an effort to prevent them from surfing.  Thus, such photos and video footage is highly relevant to establish these allegations.

Additionally, Mr. Blakeman's response that he is not in possession of any responsive documents is inconsistent with his deposition testimony.  He testified that he has at least four years' worth of valuable footage of Lunada Bay.  (**Exh. 1-f**.)  Indeed, as recently as November 10, 2016, Plaintiffs' counsel witnessed Mr. Blakeman recording video footage at the bluff above Lunada Bay.  (**Decl. Otten, ¶ 7.**)  It is difficult to believe that none of his estimated 10 memory cards filled with Lunada Bay footage contains any images of his efforts to exclude outsiders from surfing at Lunada Bay, particularly because his act of filming people is intended to intimidate them and make them uncomfortable so that they leave.  Indeed, his filming of

1  Plaintiff Reed had that same intended effect.  (**Exh. 1-e.**)

2    Further, to the extent Mr. Blakeman seeks to limit any production of

3  responsive materials to the past 3 years, any such limitation would be

4  improper.  The continuing violation doctrine allows courts to consider

5  allegations that occurred before the limitations period if such conduct is

6  "sufficiently related" to the conduct occurring within the limitations period, so

7  long as the incidents are not "isolated, sporadic, or discrete."  *White v.*

8  *California Community Colleges*, 2008 WL 4793670 at *9 (C.D. Cal. Nov. 3,

9  2008).  Indeed, a "'continuing violation is occasioned by continual unlawful

10  acts, not by continual ill effects from an original violation.'"  *Lopez v. City of*

11  *Santa Ana*, 2015 WL 5923539 at *1 (C.D. Cal. Oct. 8, 2015) (*quoting Ward*

12  *v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)).

13    Here, Defendants' unlawful misconduct began in the 1970s and the

14  Defendants have been engaged in an ongoing criminal conspiracy since that

15  time.  A 2011 email from Sang Lee to a number of individuals confirms as

16  much:

17     i [sic] might not have surfed here when u [sic] guys
were ruling the place in the 70's but my feelings n

18     [sic] love for our home runs DEEP INSIDE MY
HEART . . . i [sic] just want to keep our home the way

19     it should be kept ( nice n [sic] clean with no takers )."

20  (**Exh. 1-l**, emphasis in original.)  Given Defendants' ongoing unlawful

21  conspiracy, Plaintiffs' claims and allegations that predate any applicable

22  statute of limitations are therefore not time-barred.  Indeed, the cumulative

23  violations and conspiratorial acts by the Lunada Bay Boys, including the

24  individual Defendants, over the past 40 years is the precise conduct that

25  precipitated this lawsuit.

26    Finally, even if certain incidents involving Defendants' criminal conduct

27  is time-barred, evidence of such incidents would nonetheless be relevant "to

28  establish motive and to put [Plaintiffs'] timely-filed claims in context."

*Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 829 (9th Cir. 2003).  Video footage and photographs of Lunada Bay dating back to the 1970s is therefore relevant to Plaintiffs' claims in this suit and is similarly discoverable.

Defendant's Argument:

This request sought any documents that reference efforts to keep people from surfing at Lunada Bay. Defendant Blakeman responded in a code-compliant fashion—he has no responsive documents or videos to this request.  Apparently Plaintiff's counsel simply does not believe this response.  Again, Plaintiffs' counsel simply re-pastes the identical, non-specific argument to this request.  Contrary to plaintiffs' repeated argument, any surf videos ever taken of the bay by Mr. Blakeman over the years are not responsive to this specific request—only those which purport to show someone or some thing making an effort to prevent people from surfing at Lunada Bay—no amount of motions to compel can create a document that has never existed—at least in Mr. Blakeman's possession.


**DEMAND NO. 12:**

Any and all photos of Lunada Bay.

Defendant's Response:

Objection: This request is overly broad and calls for production of information which is neither relevant nor reasonably calculated to lead to discoverable evidence.

Plaintiffs' Argument:

The rules of discovery are to be broadly and liberally construed so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(2); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  Rule 26

22

has been broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (citing *Hickman*, 329 U.S. at 501).

Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure requires a request for production to describe an item "with reasonable particularity," which this request does.  Plaintiffs' counsel has also agreed to narrow the geographic scope of this request.  (*See* **Exh. 1-o**.)

Further, this request seeks documents that are both relevant and reasonably calculated to lead to discoverable evidence.  Photos of Lunada Bay will help identify witnesses, victims, and potential aggressors who have been involved with or affected by the illegal conduct that has taken place at Lunada Bay.  Additionally, Mr. Blakeman has been accused of using his camera to intimidate visitors at Lunada Bay, including Plaintiff Reed, by filming them.  It is possible that he has taken photographs with this or other cameras as part of his intimidation tactics.  Even photos of the surf, beach, and/or bluffs is relevant insofar as it may show the Rock Fort, changes thereto, and/or storage of personal items and/or items in the water or on the beach.  These images may implicate one of the Defendants or corroborate the claims of a victim or witness of the illegal conduct at Lunada Bay. Finally, photos of the waves at Lunada Bay without surfers also supports Plaintiffs' claims that the Lunada Bay Boys' intimidation tactics have successfully excluded non-locals from surfing there, despite its excellent surfing conditions.  Thus, such photos are highly relevant to establish the allegations in Plaintiffs' Complaint.

Mr. Blakeman has in his possession many years' worth of valuable footage (as he testified at his deposition), and likely also has photographs of Lunada Bay.  Indeed, as recently as November 10, 2016, Plaintiffs' counsel

1  witnessed Mr. Blakeman recording video footage at the bluff above Lunada

2  Bay.  **(Decl. Otten, ¶ 7.)**

3      Further, to the extent Mr. Blakeman seeks to limit any production of

4  responsive materials to the past 3 years, any such limitation would be

5  improper.  The continuing violation doctrine allows courts to consider

6  allegations that occurred before the limitations period if such conduct is

7  "sufficiently related" to the conduct occurring within the limitations period, so

8  long as the incidents are not "isolated, sporadic, or discrete."  *White v.*

9  *California Community Colleges*, 2008 WL 4793670 at *9 (C.D. Cal. Nov. 3,

10  2008).  Indeed, a "'continuing violation is occasioned by continual unlawful

11  acts, not by continual ill effects from an original violation.'"  *Lopez v. City of*

12  *Santa Ana*, 2015 WL 5923539 at *1 (C.D. Cal. Oct. 8, 2015) (*quoting Ward*

13  *v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)).

14      Here, Defendants' unlawful misconduct began in the 1970s and the

15  Defendants have been engaged in an ongoing criminal conspiracy since that

16  time.  A 2011 email from Sang Lee to a number of individuals confirms as

17  much:

18          i [sic] might not have surfed here when u [sic] guys
            were ruling the place in the 70's but my feelings n
19          [sic] love for our home runs DEEP INSIDE MY
            HEART . . . i [sic] just want to keep our home the way
20          it should be kept ( nice n [sic] clean with no takers )."

21  (**Exh. 1-I**, emphasis in original.)  Given Defendants' ongoing unlawful

22  conspiracy, Plaintiffs' claims and allegations that predate any applicable

23  statute of limitations are therefore not time-barred.  Indeed, the cumulative

24  violations and conspiratorial acts by the Lunada Bay Boys, including the

25  individual Defendants, over the past 40 years is the precise conduct that

26  precipitated this lawsuit.

27      Finally, even if certain incidents involving Defendants' criminal conduct

28  is time-barred, evidence of such incidents would nonetheless be relevant "to

24

Case No. 2:16-cv-02129-SJO (RAOx)

1  establish motive and to put [Plaintiffs'] timely-filed claims in context."

2  *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822,

3  829 (9th Cir. 2003).  Video footage and photographs of Lunada Bay dating

4  back to the 1970s is therefore relevant to Plaintiffs' claims in this suit and is

5  similarly discoverable.

6  Defendant's Argument:

7  As set forth in defense counsel's extensive meet-and-confer emails to

8  plaintiffs' counsel, this request is vastly overbroad, unlimited as to subject

9  matter, time or geography.  (See Exhibit 2, emails from Robert Cooper to

10  Samantha Wolfe dated through December 14, 2016)  Mr. Blakeman's

11  personal photos and videos  should be produced only to the extent they are

12  germane to issues, people and time-frames relating to plaintiffs' allegations

13  in this case—not solely because they depict "Lunada Bay."  Defendant is not

14  under any legal obligation to re-write plaintiff's overbroad requests to narrow

15  them so that they are not objectionable, but counsel essentially did so by

16  offering  on behalf of Blakeman to produce videos of the bay itself, (the

17  shoreline ocean and bluffs area of Lunada Bay), not the neighborhood itself,

18  dating back three years.  Plaintiffs' counsel flatly refused this request.

19

20  **DEMAND NO. 13:**

21  Any and all videos of Lunada Bay.

22  Defendant's Response:

23  Objection: This request is overly broad and calls for production of

24  information which is neither relevant nor reasonably calculated to lead to

25  discoverable evidence.

26  Plaintiffs' Argument:

27  The rules of discovery are to be broadly and liberally construed so as

28  to permit the discovery of any information which is relevant and is

1  reasonably calculated to lead to the discovery of admissible evidence.  Fed.

2  R. Civ. P. 26(b)(2); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  Rule 26

3  has been broadly construed to "encompass any matter that bears on, or that

4  reasonably could lead to other matter that could bear on, any issue that is or

5  may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340,

6  351 (citing *Hickman*, 329 U.S. at 501).

7       Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure requires a

8  request for production to describe an item "with reasonable particularity,"

9  which this request does.  Plaintiffs' counsel has also agreed to narrow the

10  geographic scope of this request.  (*See* **Exh. 1-o**.)

11       Further, this request seeks documents that are both relevant and

12  reasonably calculated to lead to discoverable evidence.  Video footage of

13  Lunada Bay will help identify witnesses, victims, and potential aggressors

14  who have been involved with or affected by the illegal conduct that has

15  taken place at Lunada Bay.  Additionally, Mr. Blakeman has been accused

16  of using his camera to intimidate visitors at Lunada Bay, including Plaintiff

17  Reed, by filming them.  Even video footage of the surf, beach, and/or bluffs

18  is relevant insofar as it may show the Rock Fort, changes thereto, and/or

19  storage of personal items and/or items in the water or on the beach.  This

20  video footage may implicate one of the Defendants or corroborate the claims

21  of a victim or witness of illegal conduct at Lunada Bay.  Finally, videos of the

22  waves at Lunada Bay without surfers also supports Plaintiffs' claims that the

23  Lunada Bay Boys' intimidation tactics have successfully excluded non-locals

24  from surfing there, despite its excellent surfing conditions.  Thus, such video

25  footage is highly relevant to establish the allegations in Plaintiffs' Complaint.

26       Mr. Blakeman has in his possession many years' worth of valuable

27  video footage of Lunada Bay, as he testified in his deposition.  Indeed, as

28  recently as November 10, 2016, Plaintiffs' counsel witnessed Mr. Blakeman

1  recording video footage at the bluff above Lunada Bay.  **(Decl. Otten, ¶ 7.)**

2  Further, to the extent Mr. Blakeman seeks to limit any production of

3  responsive materials to the past 3 years, any such limitation would be

4  improper.  The continuing violation doctrine allows courts to consider

5  allegations that occurred before the limitations period if such conduct is

6  "sufficiently related" to the conduct occurring within the limitations period, so

7  long as the incidents are not "isolated, sporadic, or discrete."  *White v.*

8  *California Community Colleges*, 2008 WL 4793670 at *9 (C.D. Cal. Nov. 3,

9  2008).  Indeed, a "'continuing violation is occasioned by continual unlawful

10  acts, not by continual ill effects from an original violation.'"  *Lopez v. City of*

11  *Santa Ana*, 2015 WL 5923539 at *1 (C.D. Cal. Oct. 8, 2015) (*quoting Ward*

12  *v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)).

13  Here, Defendants' unlawful misconduct began in the 1970s and the

14  Defendants have been engaged in an ongoing criminal conspiracy since that

15  time.  A 2011 email from Sang Lee to a number of individuals confirms as

16  much:

17  i [sic] might not have surfed here when u [sic] guys
were ruling the place in the 70's but my feelings n
18  [sic] love for our home runs DEEP INSIDE MY
HEART . . . i [sic] just want to keep our home the way
19  it should be kept ( nice n [sic] clean with no takers )."

20  (**Exh. 1-I**, emphasis in original.)  Given Defendants' ongoing unlawful

21  conspiracy, Plaintiffs' claims and allegations that predate any applicable

22  statute of limitations are therefore not time-barred.  Indeed, the cumulative

23  violations and conspiratorial acts by the Lunada Bay Boys, including the

24  individual Defendants, over the past 40 years is the precise conduct that

25  precipitated this lawsuit.

26  Finally, even if certain incidents involving Defendants' criminal conduct

27  is time-barred, evidence of such incidents would nonetheless be relevant "to

28  establish motive and to put [Plaintiffs'] timely-filed claims in context."

1   *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822,

2   829 (9th Cir. 2003).  Video footage and photographs of Lunada Bay dating

3   back to the 1970s is therefore relevant to Plaintiffs' claims in this suit and is

4   similarly discoverable.

5   <u>Defendant's Argument</u>:

6        As set forth in defense counsel's extensive meet-and-confer emails to

7   plaintiffs' counsel, this request is vastly overbroad, unlimited as to subject

8   matter, time or geography.  (See Exhibit 2, emails from Robert Cooper to

9   Samantha Wolfe dated through December 14, 2016)  Mr. Blakeman's

10   personal videos should be produced only to the extent they are germane to

11   issues, people and time-frames relating to plaintiffs' allegations in this

12   case—not solely because they depict "Lunada Bay."  Defendant is not under

13   any legal obligation to re-write plaintiff's overbroad requests to narrow them

14   so that they are not objectionable.  To avoid burdening the court with this

15   meritless motion, Defendant's counsel essentially offered, on behalf of

16   Blakeman, to produce videos of the bay itself, (the shoreline ocean and

17   bluffs area of Lunada Bay), not the neighborhood itself, dating back three

18   years.  Of course, true to their apparent practice of permanent non-

19   cooperation, Plaintiffs' counsel flatly refused this request,

20        Plaintiffs argue that videos of criminal acts would be relevant—a broad

21   truism-- but that is not what is requested.  Nor is the act of filming the surf

22   itself a tortious act as plaintiffs argue—Mr. Blakeman has never intimidated

23   anyone contrary to the slanderous claim casually repeated by plaintiffs'

24   counsel.  Conversely, plaintiffs have admittedly sent photographers in a

25   sting operation with the local police in an unsuccessful attempt to entrap

26   anyone they could into responding to  Plaintiffs' *agents provocateur*

27   purposely belligerent and provocative conduct.

28

**DEMAND NO. 39:**

Any and all photos of people surfing Lunada Bay.

Defendant's Response:

Objection: This request is overly broad and calls for production of information which is neither relevant nor reasonably calculated to lead to discoverable evidence.

Plaintiffs' Argument:

The rules of discovery are to be broadly and liberally construed so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. 26(b)(2); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  Rule 26 has been broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (citing *Hickman*, 329 U.S. at 501).

Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure requires a request for production to describe an item "with reasonable particularity," which this request does.  Plaintiffs' counsel has also agreed to narrow the geographic scope of this request.  (*See* **Exh. 1-o**.)

Further, this request seeks documents that are both relevant and reasonably calculated to lead to discoverable evidence.  Photos of people surfing Lunada Bay will help identify witnesses, victims, and potential aggressors who have been involved with or affected by the illegal conduct that has taken place at Lunada Bay.  Additionally, Mr. Blakeman has been accused of using his camera to intimidate visitors at Lunada Bay, including Plaintiff Reed, by filming them.  It is possible that he has taken photographs with this or other cameras as part of his intimidation.  Thus, such photos are highly relevant to establish the allegations in Plaintiffs' Complaint.

1   Mr. Blakeman has in his possession many years' worth of valuable
2   footage (as he testified at his deposition), and likely also has photographs of
3   Lunada Bay.  Indeed, as recently as November 10, 2016, Plaintiffs' counsel
4   witnessed Mr. Blakeman recording video footage at the bluff above Lunada
5   Bay.  **(Decl. Otten, ¶ 7.)**
6   Further, to the extent Mr. Blakeman seeks to limit any production of
7   responsive materials to the past 3 years, any such limitation would be
8   improper.  The continuing violation doctrine allows courts to consider
9   allegations that occurred before the limitations period if such conduct is
10  "sufficiently related" to the conduct occurring within the limitations period, so
11  long as the incidents are not "isolated, sporadic, or discrete."  *White v.*
12  *California Community Colleges*, 2008 WL 4793670 at *9 (C.D. Cal. Nov. 3,
13  2008).  Indeed, a "'continuing violation is occasioned by continual unlawful
14  acts, not by continual ill effects from an original violation.'"  *Lopez v. City of*
15  *Santa Ana*, 2015 WL 5923539 at *1 (C.D. Cal. Oct. 8, 2015) (*quoting Ward*
16  *v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)).
17  Here, Defendants' unlawful misconduct began in the 1970s and the
18  Defendants have been engaged in an ongoing criminal conspiracy since that
19  time.  A 2011 email from Sang Lee to a number of individuals confirms as
20  much:

> i [sic] might not have surfed here when u [sic] guys
> were ruling the place in the 70's but my feelings n
> [sic] love for our home runs DEEP INSIDE MY
> HEART . . . i [sic] just want to keep our home the way
> it should be kept ( nice n [sic] clean with no takers )."

24  (**Exh. 1-I**, emphasis in original.)  Given Defendants' ongoing unlawful
25  conspiracy, Plaintiffs' claims and allegations that predate any applicable
26  statute of limitations are therefore not time-barred.  Indeed, the cumulative
27  violations and conspiratorial acts by the Lunada Bay Boys, including the
28  individual Defendants, over the past 40 years is the precise conduct that

1   precipitated this lawsuit.

2        Finally, even if certain incidents involving Defendants' criminal conduct

3   is time-barred, evidence of such incidents would nonetheless be relevant "to

4   establish motive and to put [Plaintiffs'] timely-filed claims in context."

5   *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822,

6   829 (9th Cir. 2003).  Video footage and photographs of Lunada Bay dating

7   back to the 1970s is therefore relevant to Plaintiffs' claims in this suit and is

8   similarly discoverable.

9   Defendant's Argument:

10       As set forth in defense counsel's extensive meet-and-confer emails to

11  plaintiffs' counsel, this request is vastly overbroad, unlimited as to time or

12  geography(See Exhibit 2, emails from Robert Cooper to Samantha Wolfe

13  dated through December 14, 2016)  Mr. Blakeman's personal videos should

14  be produced only to the extent they are germane to issues, people and time-

15  frames relating to plaintiffs' allegations in this case—not solely because they

16  depict "people surfing Lunada Bay."  Defendant is not under any legal

17  obligation to re-write plaintiff's overbroad requests to narrow them so that

18  they are not objectionable--, but counsel essentially did so by offering  on

19  behalf of Blakeman to produce videos of the bay itself, (the shoreline ocean

20  and bluffs area of Lunada Bay), not the neighborhood itself, dating back

21  three years---plaintiffs' counsel flatly refused this request,

22       Plaintiff argues that videos of criminal acts would be relevant—yes, but

23  that is not what is requested.  Nor is the act of filming the surf itself a tortious

24  act as plaintiffs argue—Mr. Blakeman has never intimidated anyone contrary

25  to the slanderous claim casually repeated by plaintiffs' counsel.  Conversely,

26  plaintiffs have admittedly sent photographers in a sting operation with the

27  local police in an attempt to entrap anyone they could into responding to

28  purposely belligerent conduct.

1   **<u>DEMAND NO. 40:</u>**

2   Any and all videos of people surfing Lunada Bay.

3   <u>Defendant's Response:</u>

4   Objection: This request is overly broad and calls for production of

5   information which is neither relevant nor reasonably calculated to lead to

6   discoverable evidence.

7   <u>Plaintiffs' Argument:</u>

8   The rules of discovery are to be broadly and liberally construed so as

9   to permit the discovery of any information which is relevant and is

10   reasonably calculated to lead to the discovery of admissible evidence.  Fed.

11   R. Civ. P. 26(b)(2); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  Rule 26

12   has been broadly construed to "encompass any matter that bears on, or that

13   reasonably could lead to other matter that could bear on, any issue that is or

14   may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340,

15   351 (citing *Hickman*, 329 U.S. at 501).

16   Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure requires a

17   request for production to describe an item "with reasonable particularity,"

18   which this request does.  Plaintiffs' counsel has also agreed to narrow the

19   geographic scope of this request.  (*See* **Exh. 1-o**.)

20   Further, this request seeks documents that are both relevant and

21   reasonably calculated to lead to discoverable evidence.  Video footage of

22   people surfing Lunada Bay will help identify witnesses, victims, and potential

23   aggressors who have been involved with or affected by the illegal conduct

24   that has taken place at Lunada Bay.  Additionally, Mr. Blakeman has been

25   accused of using his camera to intimidate visitors at Lunada Bay, including

26   Plaintiff Reed, by filming them.  Finally, videos of surfers at Lunada Bay that

27   depict a lack of non-local surfers further supports Plaintiffs' claims that the

28   Lunada Bay Boys' intimidation tactics have successfully excluded non-locals

32

from surfing there, despite its excellent surfing conditions.  Thus, such video footage is highly relevant to establish the allegations in Plaintiffs' Complaint.

Mr. Blakeman has in his possession many years' worth of valuable footage of Lunada Bay, as he testified in his deposition.  Indeed, as recently as November 10, 2016, Plaintiffs' counsel witnessed Mr. Blakeman recording video footage at the bluff above Lunada Bay.  **(Decl. Otten, ¶ 7.)**

Further, to the extent Mr. Blakeman seeks to limit any production of responsive materials to the past 3 years, any such limitation would be improper.  The continuing violation doctrine allows courts to consider allegations that occurred before the limitations period if such conduct is "sufficiently related" to the conduct occurring within the limitations period, so long as the incidents are not "isolated, sporadic, or discrete."  *White v. California Community Colleges*, 2008 WL 4793670 at *9 (C.D. Cal. Nov. 3, 2008).  Indeed, a "'continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation.'"  *Lopez v. City of Santa Ana*, 2015 WL 5923539 at *1 (C.D. Cal. Oct. 8, 2015) (*quoting Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981)).

Here, Defendants' unlawful misconduct began in the 1970s and the Defendants have been engaged in an ongoing criminal conspiracy since that time.  A 2011 email from Sang Lee to a number of individuals confirms as much:

> i [sic] might not have surfed here when u [sic] guys were ruling the place in the 70's but my feelings n [sic] love for our home runs DEEP INSIDE MY HEART . . . i [sic] just want to keep our home the way it should be kept ( nice n [sic] clean with no takers )."

(**Exh. 1-I**, emphasis in original.)  Given Defendants' ongoing unlawful conspiracy, Plaintiffs' claims and allegations that predate any applicable statute of limitations are therefore not time-barred.  Indeed, the cumulative violations and conspiratorial acts by the Lunada Bay Boys, including the

1   individual Defendants, over the past 40 years is the precise conduct that

2   precipitated this lawsuit.

3        Finally, even if certain incidents involving Defendants' criminal conduct

4   is time-barred, evidence of such incidents would nonetheless be relevant "to

5   establish motive and to put [Plaintiffs'] timely-filed claims in context."

6   *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822,

7   829 (9th Cir. 2003).  Video footage and photographs of Lunada Bay dating

8   back to the 1970s is therefore relevant to Plaintiffs' claims in this suit and is

9   similarly discoverable.

10  Defendant's Argument:

11       As set forth in defense counsel's extensive meet-and-confer emails to

12  plaintiffs' counsel, this request is vastly overbroad, unlimited as to time or

13  geography.  (See Exhibit 2, emails from Robert Cooper to Samantha Wolfe

14  dated through December 14, 2016)   Mr. Blakeman's personal videos should

15  be produced only to the extent they are germane to issues, people and time-

16  frames relating to plaintiffs' allegations in this case—not solely because they

17  depict "people surfing Lunada Bay."  Defendant is not under any legal

18  obligation to re-write plaintiff's overbroad requests to narrow them so that

19  they are not objectionable--, but counsel essentially did so by offering  on

20  behalf of Blakeman to produce videos of the bay itself, (the shoreline ocean

21  and bluffs area of Lunada Bay), not the neighborhood itself, dating back

22  three years---plaintiffs' counsel flatly refused this request.

23       Plaintiff argues that videos of criminal acts would be relevant—yes, but

24  that is not what is requested.  Nor is the act of filming the surf itself a tortious

25  act as plaintiffs argue—Mr. Blakeman has never intimidated anyone contrary

26  to the slanderous claim casually repeated by plaintiffs' counsel.  Conversely,

27  plaintiffs have admittedly sent photographers in a sting operation with the

28  local police in an attempt to entrap anyone they could into responding to

1  purposely belligerent conduct.

2

3  **III.   REQUESTED RELIEF**

4  **A.   Plaintiffs' Statement**

5  Plaintiffs requests that Defendant Blakeman be ordered to produce all

6  memory cards within his (or his counsel's) possession that may contain

7  videos or photos responsive to these requests within three (3) days following

8  this Court's decision.  Any further delay in the production of this information

9  will detrimentally prejudice Plaintiffs' class certification motion.

10  Plaintiffs further request that this Court order Mr. Blakeman to pay

11  Plaintiffs' counsel's fees and costs incurred because of his refusal to

12  respond to Plaintiffs' document requests.  There is no justification for his

13  failure to produce any documents in response to Plaintiff's requests,

14  particularly after acknowledging responsive information exists and even

15  offering to produce such information subject to certain conditions.  Plaintiffs

16  also request that this Court order Mr. Blakeman to pay any costs incurred by

17  their IT vendor, Setec, in processing the memory cards.

18  **B.   Defendant's Statement**

19  Plaintiffs' requested relief should be denied.  Defendant in good faith

20  attempted to resolve this dispute despite the poorly drafted, over broad

21  requests, and requests to which defendant Blakeman has already fully

22  responded and produced what responsive videos he has, or indicated that

23  he does not possess responsive documents.

24  / / /

25

26

27

28

12910117.5

1  DATED:  January 4, 2017                    HANSON BRIDGETT LLP

2

3

4                                            By:      /s/ Kurt A. Franklin
                                                  KURT A. FRANKLIN
5                                                 SAMANTHA D. WOLFF
                                                  JENNIFER ANIKO FOLDVARY
6                                                 TYSON M. SHOWER
                                                  LANDON D. BAILEY
7                                                 Attorneys for Plaintiffs
8                                                 CORY SPENCER, DIANA MILENA
                                                  REED, and COASTAL PROTECTION
9                                                 RANGERS, INC.
10

11

12  DATED:  January 4, 2017                    OTTEN LAW, PC

13

14

15                                           By:      /s/ Victor Otten
                                                  VICTOR OTTEN
16                                                KAVITA TEKCHANDANI
                                                  Attorneys for Plaintiffs
17                                                CORY SPENCER, DIANA MILENA
18                                                REED, and COASTAL PROTECTION
                                                  RANGERS, INC.
19

20  DATED:  January 4, 2017                    VEATCH CARLSON, LLP
21

22

23                                           By:      /s/ Richard P. Dieffenbach
24                                                ROBERT T. MACKEY
                                                  PETER H. CROSSIN
25                                                RICHARD P. DIEFFENBACH
26                                                JOHN P. WORGUL
                                                  Attorneys for Defendant
27                                                BRANT BLAKEMAN
28

Case No. 2:16-cv-02129-SJO (RAOx)

12910117.5

JOINT STIPULATION OF PARTIES RE: PLAINTIFFS' MOTION TO COMPEL DEMAND FOR PRODUCTION