Peter T. Haven (SBN 175048)
HAVEN LAW
1230 Rosecrans Avenue, Suite 300
Manhattan Beach, California 90266
Tel: (213) 842-4617
Fax: (213) 477-2137
Email: peter@havenlaw.com

Attorney for Defendant
MICHAEL R. PAPAYANS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation;<br><br>　　　　　　　　Plaintiffs,<br>　v.<br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1 – 10,<br><br>　　　　　　　　Defendants. | Case No. 2:16-cv-02129-SJO (RAOx)<br><br>**OPPOSITION AND JOINDER IN OPPOSITIONS BY DEFENDANT MICHAEL R. PAPAYANS TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　February 21, 2017<br>Time:　10:00 a.m.<br>Place:　Courtroom 10C<br>　　　　1st Street Courthouse<br><br>Hon. S. James Otero |

Defendant MICHAEL R. PAPAYANS submits this Opposition and Joinder in Oppositions to Plaintiffs' Motion for Class Certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**OPPOSITION BY DEFENDANT PAPAYANS TO MOTION FOR CLASS CERTIFICATION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Joinder in All Other Defense Class-Certification Oppositions

Defendant Papayans joins in the class-certification oppositions, statements, objections, and papers filed by all other Defendants.  *See Vazquez v. Central States Joint Bd.*, 547 F.Supp.2d 833, 867. (N.D.Ill. 2008) ("It is permissible for a party to adopt the motion of another party when the facts between the parties are essentially the same and the adoption would promote judicial efficiency.").

## II. The Class Is Not Ascertainable, Especially as to Alleged Money Damages

In addition to the explicit Rule 23 class-certification requirements, courts have also held that a proposed class must be objectively ascertainable:

> Courts have held that "apart from the explicit requirements of Rule 23(a), the party seeking class certification must demonstrate that an identifiable and ascertainable class exists."  Under this line of cases, a class is ascertainable if the class is defined with "objective criteria" and if it is "administratively feasible to determine whether a particular individual is a member of the class."

*In re Yahoo Mail Litig.*, 308 F.R.D. 577, 596–97 (N.D. Cal. 2015); *Sethavanish v. ZonePerfect Nut. Co.*, No. 12–2907, 2014 WL 580696 (N.D.Cal. Feb. 13, 2014).

This alleged class action "is primarily about equitable relief."  Motion, p. 12, l. 10.   Plaintiffs seek declaratory relief and an "injunction requiring" the City of Palos Verdes Estates and its Police to "investigate complaints … and prosecute these complaints as appropriate …." Complaint, pp. 30-31, ¶¶ 65, 69; p. 41, ¶¶ 7, 8.

Plaintiffs, however, also ask the Court to certify the class of alleged "visiting beachgoers" for a determination as to claimed "incidental" monetary damages:

> All visiting beachgoers to Lunada Bay who do not live in Palos Verdes Estates, as well as those who have been **deterred** from visiting Lunada

> Bay because of the Bay Boys' actions, the Individual Defendants' actions, the City of PVE' actions and inaction, and Defendant Chief of Police Kepley's action and inaction, and subsequently denied during the Liability Period, and/or are currently being denied, on the basis of them living outside of the City of PVE, full and equal enjoyment of rights under the state and federal constitution, to services, facilities, privileges, advantages, and/or recreational opportunities at Lunada Bay. **For purposes of this class, "visiting beachgoers" includes all persons who** do not reside in the City of PVE, and who are not members of the Bay Boys, but **want lawful, safe, and secure access to Lunada Bay to engage in recreational activities, including, but not limited to, surfers, boaters, sunbathers, fisherman, picnickers, kneeboarders, stand-up paddle boarders, boogie boarders, bodysurfers, windsurfers, kite surfers, kayakers, walkers, dog walkers, hikers, beachcombers, photographers, and sightseers.**

Motion, p. 12, ll. 13-21 (emphases added).

Plaintiffs' economist expresses the following opinion regarding damages:

> I have preliminarily concluded that a reasonable, likely conservative, estimate of the recreational value of the surfing at Lunada Bay is between $50 and $80 per person per visit during the high season (November to March) and approximately half of that during the rest of the year.

Declaration of Philip King, p. 8, ¶ 19, ll.  The bases for these estimates are unclear.

Regardless, this opinion only applies to "surfing." Plaintiffs proposed class includes **anyone** who allegedly was "deterred" from "visiting" the beach. This proposed class is unascertainable and unlimited. Anyone could claim that they were deterred from visiting the beach, and there would be no way to verify any such claim for purposes of monetary damages. The unlimited class size compounds the individualized recreational-value damage calculations, which render the entire class administratively unfeasible, if not impossible. Separate recreational-value estimates would be needed for an unlimited number of recreational categories, "including, but not limited to, … sunbathers, fisherman, picnickers, … walkers, dog walkers, hikers, beachcombers, photographers, and sightseers."

### III. Conclusion

For all of the factual, legal, and evidentiary arguments set forth in all of the class-certification oppositions, objections, statements, and papers filed by all other Defendants, the Court should deny the Plaintiffs' request for class certification. In addition, the Court should not certify the proposed class, or any class, as to any claimed monetary damages, because such a class is unlimited, unascertainable, and administratively unfeasible.

DATED: January 13, 2017        HAVEN LAW

                                  By:    s/ Peter T. Haven
                                        Peter T. Haven
                                        Attorney for Defendant
                                        MICHAEL R. PAPAYANS