EDWIN J. RICHARDS (SBN 43855)
Email: Ed.Richards@kutakrock.com
ANTOINETTE P. HEWITT (SBN 181099)
Email: Antoinette.hewitt@kutakrock.com
JACOB SONG (SBN 265371)
Email: Jacob.Song@kutakrock.com
REBECCA L. WILSON (SBN 257613)
Email: Rebecca.Wilson@kutakrock.com
KUTAK ROCK LLP
Suite 1500
5 Park Plaza
Irvine, CA 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394

**[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]**

Attorneys for Defendants
CITY OF PALOS VERDES ESTATES and
CHIEF OF POLICE JEFF KEPLEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA; WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Case No. 2:16-cv-02129-SJO-RAO<br><br>Assigned to<br>District Judge: Hon. S. James Otero<br>Courtroom: 10C @ 350 W. First Street, Los Angeles, CA 90012<br><br>Assigned Discovery:<br>Magistrate Judge: Hon. Rozella A. Oliver<br><br>**DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: February 21, 2017<br><br>Complaint Filed: March 29, 2016<br>Trial: November 7, 2017 |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4815-4463-7760.2
11317-242

2:16-cv-02129-SJO-RAO

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

## TABLE OF CONTENTS

Page

1. INTRODUCTION ......................................................................................... 1

2. LEGAL STANDARD ................................................................................... 1

3. PLAINTIFFS' PROPOSED CLASS DOES NOT SATISFY THE REQUIREMENTS OF RULE 23(a) ....................................................... 3

   A. Plaintiffs' first class is an impermissible "fail safe" class ................... 4

   B. Plaintiffs' second class is subjective and relies on each potential class member's individual knowledge and state of mind .................... 5

   C. Plaintiffs Fail to Prove Joinder is Impracticable ............................... 6

   D. Plaintiffs Lack A Common Issue That Is Capable of Classwide Resolution ......................................................................................... 8

   E. Plaintiffs' Claims Against the PVE Defendants Are Not Typical of the Other Putative Class Members' Claims .................................. 10

4. PLAINTIFFS' DEMAND FOR SIGNIFICANT INDIVIDUAL DAMAGES IS INCONSISTENT WITH CERTIFICATION OF A RULE 23(B)(2) CLASS ............................................................................. 13

5. PLAINTIFFS CANNOT SATISFY THE requirements OF RULE 23(b)(3) .................................................................................................... 15

   A. The Predominance Requirement Of Rule 23(b)(3) Is Even More Stringent Than The Commonality Requirement Of Rule 23(a)(2) ..... 16

   B. Common Questions Do Not Exist With Respect To Liability ........... 17

   C. Common Questions Do Not Exist With Respect To Causation ......... 18

   D. Prior History Demonstrates That Class Members Do Have An Interest in Controlling the Prosecution of Separate Actions ............. 18

   E. Plaintiffs' Proposed Damage Calculation Is Legally Deficient ......... 19

6. Conclusion ................................................................................................. 20

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1

2

3

**TABLE OF AUTHORITIES**

Cases

4

Page(s)

5

Arnold V. United Artists Theatre Circuit, Inc.,
    158 F.R.D. 439, 448 (N.D. Cal. 1994) ......................................................... 7

6

Debremaecker V. Short,
    433 F.2d 733, 734 (5th Cir. 1970)................................................................ 4

7

Ellis v. Coscto Wholesale Corp.,
    657 F.3d 970, 974, 979-88 (9th Cir. 2011) ................................................ 2

8

9

Heffelfinger v. Elec. Data Sys. Corp.,
    No. CV 07-00101 MMM EX, 2008 WL 8128621, at *10 (C.D. Cal.
    Jan. 7, 2008) ................................................................................................ 4

10

Hum v. Dericks,
    162 F.R.D. 628, 634 (D. Haw. 1995) ........................................................ 8

11

Jaynes v. United States,
    69 Fed. Cl. 450, 454-455 (2006) ................................................................ 8

12

Kamar v. Radioshack Corp.,
    375 F. App'x. 734, 736 (9th Cir. 2010) ..................................................... 4

13

14

Noble v. 93 Univ. Place Corp.,
    224 F.R.D. 330, 338 (S.D.N.Y 2004)........................................................ 5

15

Parkinson v. Hyundai Motor Am.,
    258 F.R.D. 580, 593 (C.D. Cal. 2008) ...................................................... 3

16

Schwartz v. Upper Deck Co.,
    183 F.R.D. 672, 679 (S.D. Cal. 1999)........................................................ 5

17

Stewart v. Cheek & Zeehandelar, LLP,
    252 F.R.D. 387, 391 (S.D. Ohio 2008) ..................................................... 6

18

19

Universal Calvary Church V. City Of New York,
    177 F.R.D. 181, 183 (S.D. N.Y. 1998) ..................................................... 8

20

Zeidman v. J. Ray Mcdermott & Co., Inc.,
    651 F.2d 1030, 1038 (5th Cir. 1981).......................................................... 6

21

Zinser v. Accufix Research Inst., Inc.,
    *253 F.3d 1180, 1186 (9th Cir. 2001)* ........................................................ *3*

22

Wal-Mart Stores, Inc. v. Dukes ("Wal-Mart"),
    564 U.S. 338 (2011) ................................................................................... 2

23

24

25

Manual for Complex Litigation (Fourth), § 21.222 (2004)..................................... 4

26

27

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

## 1.     **INTRODUCTION**

Plaintiffs bring this lawsuit against the City of Palos Verdes Estates ("PVE") and Chief of Police Jeff Kepley (collectively "PVE Defendants"), the Lunada Bay Boys, numerous alleged individual members of the Lunada Bay Boys, seeking to certify a damage and injunctive relief class arising out of an alleged policy of the PVE Defendants to exclude non-residents of PVE from Lunada Bay.

Plaintiffs' attempt to certify a class suffers from a host of problems.  First, the proposed class definition comprises two separate classes – those who have visited Lunada Bay and those who have allegedly been deterred from visiting Lunada Bay, yet there is no representative for the second class and those class members can only be determined after a mini trial as to why they did not visit Lunada Bay.  Second, Plaintiffs fail to prove the putative class is sufficiently numerous that joinder is impracticable.  Plaintiffs' sole "evidence" for the numerosity of the class consists of an expert opinion which fails to satisfy the *Daubert* standard.[1]  Third, Plaintiffs' claims against the PVE Defendants are not capable of a classwide resolution.  The declarations submitted by Plaintiffs demonstrate the wide variety of factual and legal issues for each putative class member, which cannot be resolved by a single determination.  Fourth, Plaintiffs' claims are not typical of the claims they purport to represent.  Finally, Plaintiffs have failed to demonstrate that the proposed class meets the requirements of Rule 23(b)(2) or 23(b)(3).  Plaintiffs are unable to meet the requirements for class certification and their motion must be denied.

## 2.     **LEGAL STANDARD**

Certification of a class is proper only if the Court determines after a "rigorous analysis" of the pleadings and the evidence that the party seeking class

---

[1] The PVE Defendants have concurrently submitted their Evidentiary Objections to Plaintiffs' Evidence.  The PVE Defendants also intend to file a Motion to Strike the Declaration of Philip King based on the failure to satisfy the *Daubert* standard for admissibility of expert testimony.

Kutak Rock LLP
Attorneys At Law
Irvine

4815-4463-7760.2
11317-242

- 1 -

2:16-cv-02129-SJO-RAO

1    certification has met his burden of proving the requirements of Fed. R. Civ. P. 23(a)

2    (numerosity, commonality, typicality and adequacy of representation), and has met

3    the requirements of Rule 23(b)(2) defendants' actions toward the class justifies

4    injunctive or declaratory relief, or 23(b)(3) common questions of fact or law

5    predominate over individual claims.

6        The Court in its "rigorous analysis" does not presume the truth of Plaintiffs'

7    allegations, but instead evaluates the evidence presented by the parties to determine

8    whether the requirements for class certification have been met.  The Court must

9    consider the merits of the action to the extent they overlap with the certification

10   issues.  *Wal-Mart Stores, Inc. v. Dukes* ("*Wal-Mart*"), 564 U.S. 338 (2011) (class

11   certification reversed in suit alleging gender discrimination in employee pay and

12   promotions under Title VII because action did not satisfy commonality requirement

13   of Rule 23(a)(2) due to insufficient evidence that employer used biased testing

14   procedure or had policy of discrimination); *Ellis v. Coscto Wholesale Corp.*, 657

15   F.3d 970, 974, 979-88 (9th Cir. 2011) (class certification vacated and case

16   remanded because district court failed to conduct "rigorous analysis" under Rule

17   23(a)(2), failed to consider effect of defenses unique to class representatives under

18   Rule 23(a)(3), and failed to consider whether claims for monetary relief will require

19   individual determinations under Rule 23(b)(2)).

20       The party seeking class certification has the burden of proving the

21   requirements under Rule 23(a) and (b) have been met and the case should be

22   certified as a class action.  *Wal-Mart*, 564 U.S. at 350; *Zinser v. Accufix Research

23   Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).  Meeting this burden requires more

24   than mere pleading; it requires Plaintiffs to present evidence bridging the analytical

25   gap between an individual's claim of legal harm and the otherwise unsupported

26   allegations that the defendant has a policy of inflicting that type of harm and the

27   existence of a class of persons who have also suffered that type of harm.  *Wal-Mart*,

28   564 U.S. at 350 ("Rule 23 does not set forth a mere pleading standard.  A party

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4815-4463-7760.2
11317-242

- 2 -

2:16-cv-02129-SJO-RAO

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1  seeking class certification ... must be prepared to prove that there are in fact

2  sufficiently numerous parties, common questions of law or fact, etc."); *Gen. Tel.*

3  *Co. v. Falcon*, 457 U.S. 147, 160 (1982) ("[A]ctual, not presumed, conformance

4  with Rule 23(a) remains . . . indispensable."); *see also Doninger v. Pac. Nw. Bell,*

5  *Inc.*, 564 F.2d 1304, 1309 (9th Cir. 1977) (party seeking certification must provide

6  facts to satisfy the Rule 23 requirements; simply repeating the language of the rules

7  is insufficient.)

8  **3.     PLAINTIFFS' PROPOSED CLASS DOES NOT SATISFY THE REQUIREMENTS OF RULE 23(A)**

9      Plaintiffs seek to certify the following class:

10

11     All visiting beachgoers to Lunada Bay who do not live in Palos Verdes
       Estates, as well as those who have been deterred from visiting Lunada

12     Bay because of the Bay Boys' actions, the Individual Defendants'
       actions, the City of PVE's actions and inaction, and Defendant Chief

13     of Police Kepley's action and inaction, and subsequently denied during
       the Liability Period, and/or are currently being denied, on the basis of

14     them living outside of the City of PVE, full and equal enjoyment of
       rights under the state and federal constitution, to services, facilities,

15     privileges, advantages, and/or recreational opportunities at Lunada
       Bay.  For purposes of this class, "visiting beachgoers" includes all

16     persons who do not reside in the City of PVE, and who are not
       members of the Bay Boys, but want lawful, safe, and secure access to

17     Lunada Bay to engage in recreational activities, including, but not
       limited to, surfers, boaters, sunbathers, fisherman, picnickers,

18     kneeboarders, stand-up paddle boarders, boogie boarders, bodysurfers,
       windsurfers, kite surfers, kayakers, walkers, dog walkers, hikers,

19     beachcombers,        photographers,        and        sightseers.

20

21

22

23     As this Court has previously held, a class definition must be "objective," and

24  "must describe a set of common characteristics sufficient to allow a prospective

25  plaintiff to identify himself or herself as having a right to recover based on the

26  description." *Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 593 (C.D. Cal.

27

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4815-4463-7760.2
11317-242

- 3 -

2:16-cv-02129-SJO-RAO

2008)(internal quotations omitted)[2]; *Manual for Complex Litigation (Fourth)*, § 21.222 (2004) ("An identifiable class exists if its members can be ascertained by reference to objective criteria.  The order defining the class should avoid subjective standards (e.g., a plaintiff's state of mind) or terms that depend on resolution of the merits (e.g., persons who were discriminated against).")

### A.   Plaintiffs' first class is an impermissible "fail safe" class

There are really two classes in Plaintiffs' class definition.  The first includes "[a]ll visiting beachgoers to Lunada Bay who do not live in Palos Verdes Estates, . . . and subsequently denied during the Liability Period, and/or are currently being denied, on the basis of them living outside of the City of PVE, full and equal enjoyment of rights under the state and federal constitution, to services, facilities, privileges, advantages, and/or recreational opportunities at Lunada Bay."  This proposed class is a textbook example of a "fail safe" class.  As the Ninth Circuit has explained, "[t]he fail-safe appellation is simply a way of labeling the obvious problems that exist when the class itself is defined in a way that precludes membership unless the liability of the defendant is established." *Kamar v. RadioShack Corp*., 375 F. App'x. 734, 736 (9th Cir. 2010)  The problem with such a class is that "once it is determined that a person, who is a possible class member, cannot prevail against the defendant, that member drops out of the class." *Id*.  That is not only "palpably unfair to the defendant," but it is also unmanageable because it is unclear in such cases to whom class notice should be sent. *Id*.; *see also Heffelfinger v. Elec. Data Sys. Corp*., No. CV 07-00101 MMM EX, 2008 WL

---

[2] The Ninth Circuit recently held Rule 23 does not contain a separate "ascertainability" element requiring movants to proffer an administratively feasible way to identify putative class members at the motion for class certification stage.  *Briseno v. ConAgra Foods, Inc.*, No. 15-55727, 2017 WL 24618, (9th Cir. Jan. 3, 2017).  However, the Court recognized other objections to class certification sometimes referred to under the rubric of "ascertainability" were still valid.  "[W]e have addressed the types of alleged definitional deficiencies other courts have referred to as 'ascertainability' issues . . ., through analysis of Rule 23's enumerated requirements."  *Id*. at *3, n.4.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4815-4463-7760.2
11317-242

- 4 -

2:16-cv-02129-SJO-RAO

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

8128621, at *10 (C.D. Cal. Jan. 7, 2008) ("[P]laintiffs now seek to define the class in terms of workers who were denied overtime in violation of the law.  A class defined in this fashion constitutes an impermissible 'fail-safe' class, whose members would be bound only by a judgment favorable to plaintiffs but not by an adverse judgment.") (internal quotations omitted).

It is impossible to identify any member of Plaintiffs' first class unless and until there has been a judicial determination that the PVE Defendants have deprived that individual of his or her right to equal protection, taking into account each and every defense asserted by the PVE Defendants.  Not only is Plaintiffs' proposed class "palpably unfair" to the PVE Defendants, Plaintiffs cannot satisfy their burden of proof that the class complies with the Rule 23 requirements when the class members cannot be determined until after a trial on the merits.

**B.      Plaintiffs' second class is subjective and relies on each potential class member's individual knowledge and state of mind**

While the identity of the class members need not be known at the time of certification, class membership must be objectively ascertainable, such that persons would be able to identify themselves as members of the class without additional description, definition or interpretation.  *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970).  "An identifiable class exists if its members can be ascertained by reference to objective criteria.  A class description is insufficient, however, if membership is contingent on the prospective member's state of mind." *Schwartz v. Upper Deck Co*., 183 F.R.D. 672, 679 (S.D. Cal. 1999) (denying class certification because class members claims turned on individual subjective intent regarding the purchase of trading cards) (internal quotation omitted).  "A class's definition will be rejected when it 'requires addressing the central issue of liability in a case' and therefore inquiry into whether a person is a class member 'essentially require[s] a mini-hearing on the merits of each [plaintiff's] case." *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 338 (S.D.N.Y 2004).  An objectively defined class is one

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

that "does not implicate the merits of the case or call for individualized assessments to determine class membership." *Stewart v. Cheek & Zeehandelar, LLP*, 252 F.R.D. 387, 391 (S.D. Ohio 2008).

In *Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981), the Seventh Circuit upheld the denial of class certification in an action which involved allegations that an invalid state welfare regulation improperly chilled recipients from applying for aid. The Court recognized that because the putative class member's claims relied on their state of mind, the class definition was unworkable. Specifically, the *Simer* court stated: "To prove that each individual was discouraged from applying for assistance would initially require proof that the individual knew of the regulation. This would require a long series of mini-trials and would be an arduous task for the parties as well as the district court." *Id*. at 673.

Like the cases described above, Plaintiffs' second proposed class is not properly defined and not based on objective criteria. Plaintiffs' second proposed class includes "those who have been deterred from visiting Lunada Bay because of . . . the City of PVE's actions and inaction, and Defendant Chief of Police Kepley's action and inaction." Accordingly, those class members must have (1) had knowledge of the alleged actions or inaction of the City of PVE Defendants and then must have (2) decided to not visit Lunada Bay because of that knowledge. The only way to determine whether a class member had such knowledge would be through a "series of mini-trials" for each class member, which is contrary to the requirements of Rule 23. Plaintiffs' failure to provide a workable class definition is fatal to their motion for class certification.

### C.   Plaintiffs Fail to Prove Joinder is Impracticable

In order to satisfy Rule 23(a)(1), the class must be so large that joinder of all members is impracticable. A conclusory statement that joinder is impracticable is not sufficient. *Zeidman v. J. Ray McDermott & Co., Inc*., 651 F.2d 1030, 1038 (5th Cir. 1981). "A party seeking class certification must affirmatively demonstrate his

1   compliance with the Rule – that is, he must be prepared to prove that there are in

2   fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-*

3   *Mart*, 564 U.S. at 350.  *See also Arnold v. United Artists Theatre Circuit, Inc.*, 158

4   F.R.D. 439, 448 (N.D. Cal. 1994) ("The party moving for class certification bears

5   the burden of showing that the subpart (a) requirements are satisfied.  To satisfy

6   these requirements, plaintiffs must provide *facts*" (emphasis added)).  "In contrast

7   to a Rule 12(b)(6) analysis, the Court will not rely on the cursory allegations of

8   Plaintiffs.  Plaintiffs must show some evidence of or reasonably estimate the

9   number of class members.  Mere speculation as to satisfaction of this numerosity

10  requirement does not satisfy Rule 23(a)(1)." *Schwartz*,  183 F.R.D. at 681.

11  Plaintiffs have failed to provide the Court with anything beyond mere

12  speculation as to the size of the proposed class.  Plaintiffs' sole support for the

13  numerosity requirement is the declaration of Philip King.  Mr. King states

14  "[b]ecause Lunada Bay is a premier surf spot, based upon my initial research, if it

15  were not for localism I would conservatively anticipate a range of 20 to 25 surfers

16  to be in the water . . . when good surfing conditions are present and even more on

17  the weekends." (Decl. King, ¶17).  "But based upon my preliminary research, I

18  understand the current number of surfers in the water is typically far fewer at 4 to 8

19  surfers. . ." *Id*.  Mr. King does not describe what research he did which led to his

20  conclusion of how many surfers would be in the water "if it were not for localism"

21  or the basis for his "understand[ing]" of the current number of surfers.  Without any

22  explanation as to how he derived his numbers of surfers, Mr. King's declaration is

23  mere speculation of the exact kind that is insufficient to establish numerosity.[3]

24  Plaintiffs also fail to identify any facts which demonstrate that individuals

25  who visited Lunada Bay and allegedly suffered a violation of their right to equal

26  protection cannot be joined in this action.  Plaintiffs have submitted 24 declarations

---

[3]  The PVE Defendants incorporate their evidentiary objections to the King Declaration.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4815-4463-7760.2
11317-242

- 7 -

2:16-cv-02129-SJO-RAO

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

in support of their motion from putative class members alleging various incidents with members of the Lunada Bay Boys.  Only thirteen of those declarations discuss any interactions with the PVE police department, some of which are barred by the statute of limitations.  Plaintiffs do not address, much less provide the Court with any facts or explanation as to why the declarants cannot be joined in this action.

The Rule 23(a)(1) numerosity requirement was not satisfied in many cases where the number of proposed class members was greater than the 24 potential class members identified by Plaintiffs.  *See*, e.g., *Jaynes v. United States*, 69 Fed. Cl. 450, 454-455 (2006) (258 plaintiffs failed to satisfy the numerosity requirement because joinder was not impractical); *Universal Calvary Church v. City of New York*, 177 F.R.D. 181, 183 (S.D. N.Y. 1998) (denying class certification to 217 putative class members where a class action would be as burdensome for the court as joinder); *Hum v. Dericks*, 162 F.R.D. 628, 634 (D. Haw. 1995) ("[a]lthough the proposed class numbers 200, Hum has not demonstrated that joinder would be impracticable"); *Saunooke v. United States*, 8 Cl. Ct. 327, 333 (1985) (50 potential members was not sufficient); *Rasmuson v. United States*, 91 Fed. Cl. 204, 212 (2010) (50 potential members was not sufficient).

Plaintiffs' failure to even address the issue of impracticability of joinder, the only issue to be considered for compliance with Rule 23(a)(1), establishes that Plaintiffs' proposed class does not meet the requirements of Rule 23, and therefore cannot be certified.

### D.     Plaintiffs Lack A Common Issue That Is Capable of Classwide Resolution

The Supreme Court has noted that the language of Rule 23(a)(2) is "easy to misread, since any competently crafted class complaint literally raises common questions." *Wal–Mart*, 564 U.S. at 350.  The *Wal–Mart* decision explains:

> Commonality requires the plaintiff to demonstrate that the class
>
> members have suffered the same injury.  This does not mean merely

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

1   that they have all suffered a violation of the same provision of law....

2   Their claims must depend upon a common contention . . . that . . . is

3   capable of classwide resolution.

4   *Id*. at 349-50 (citation and internal quotation marks omitted).  The decision

5   continues, "[w]hat matters to class certification . . . is not the raising of common

6   'questions' even in droves - but, rather the capacity of a classwide proceeding to

7   generate common answers apt to drive resolution of the litigation.  *Id*.

8        In order to prevail on a Section 1983 Equal Protection claim, a plaintiff must

9   prove that (1) a state actor intentionally discriminated against him (2) because of

10  membership in a protected class, (3) pursuant to a custom, policy, or practice of the

11  entity.  *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001)(first and

12  second elements); *Monell v. Dep't of Soc. Sers. Of N.Y.C.*, 436 U.S. 658, 690

13  (1978) (third element).  Plaintiffs allege that the PVE Defendants' have "unlawfully

14  excluded Plaintiffs, and persons like them, from their right to recreational

15  opportunities at Palos Verdes Estates . . ." (Pltfs' Memo at 14).  Yet Plaintiffs offer

16  the Court no explanation as to how this contention can be resolved on a classwide

17  basis.  The declarations submitted by Plaintiffs include a wide variety of assertions

18  regarding the conduct of the City of PVE.

19       Numerous of the declarants failed to contact the PVE police to report, even

20  informally, their interactions with the Lunada Bay Boys.  *See Gero Decl.*, ¶12 ("I

21  didn't inform the police of this incident because I had heard the police weren't

22  effective, were part of the problem, and did not meaningfully look into complaints

23  about the locals. . . .  I also didn't want to involve the police because I was 16 years

24  old and just getting my professional career started.  I didn't want to get a reputation

25  as a snitch because I knew I would then get blocked from other surf spots and it

26  would hurt my career.") *Akhavan Decl.*, ¶14 ("I did not inform the police of this

27  incident."); *Stephen Neushul Decl.*, ¶13 ("I did not file a complaint with the Palos

28  Verdes Estates Police Department because the experience was so unpleasant that I

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4815-4463-7760.2
11317-242

-9-

2:16-cv-02129-SJO-RAO

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1   wanted to forget about it.  Unfortunately, I have been unable to do so.").  *See also,*

2   *Decls. C. Claypool, K. Claypool, Gersch, Marsch, and Will*, each of whom do not

3   identify any contact or report to the police of the alleged harassment they received

4   from the Bay Boys.  The other declarants describe a variety of interactions with the

5   PVE police department, each one unique and non-determinative as to whether any

6   other putative class member did or did not receive the equal protection of the law.

7         Christopher Taloa testified at deposition that the PVE police department

8   "ha[s] been nothing but good to me.  They have been there for us and I am so

9   thankful and grateful on that aspect in that manner."  (Exhibit A, *Decl. Richards*,

10   ¶2).  Similarly, he testified that he felt secure after contacting the PVE police, but

11   also that he tried to keep the police out of it as much as possible.  *Id.*

12         Plaintiffs have not identified any contention in their claim against the PVE

13   Defendants that could be determined for one of the putative class members which

14   would also resolve any issue in another putative class member's claim.

### E.    Plaintiffs' Claims Against the PVE Defendants Are Not Typical of the Other Putative Class Members' Claims

16         The proposed class representatives must have claims or defenses that are

17   typical of the class.  Fed. R. Civ. P. 23(A)(3).  The test for typicality "is whether

18   other members have the same or similar injury, whether the action is based on

19   conduct which is not unique to the named plaintiffs, and whether other class

20   members have been injured by the same course of conduct."  *Hanon v.*

21   *Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "The premise of the

22   typicality requirement is simply stated: *as goes the claim of the named plaintiff, so*

23   *go the claims of the class.  Where the premise does not hold true, class treatment is*

24   *inappropriate.*"  *O'Connor v. Boeing N. Am., Inc.*, 197 F.R.D. 404, 412 (C.D. Cal.

25   2000) (emphasis added) (internal citations omitted).

26         This requirement is not satisfied where evidence needed to prove the named

27   plaintiffs' claims is not probative of other class members' claims.  *See Wiener v.*

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4815-4463-7760.2
11317-242

- 10 -

2:16-cv-02129-SJO-RAO

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1   *Dannon Co.*, 255 F.R.D. 658, 665 (C.D. Cal. 2009); *see also Allied Orthopedic*

2   *Appliances, Inc. v. Tyco Healthcare Group L.P.*, 247 F.R.D. 156, 178 (C.D. Cal.

3   2007). That is precisely the case here. As explained in connection with the

4   commonality element, any evidence arguably sufficient to prove the Plaintiffs'

5   claims against the PVE Defendants does not establish any liability for the claims of

6   any other class member.

7        For example, Plaintiffs assert that the residency of the class members outside

8   of PVE caused the PVE Defendants to treat them differently. But the declarations

9   submitted by Plaintiffs demonstrate the exact opposite. Numerous declarants were

10   residents of PVE at the time of the alleged tortious conduct by the Defendants. *See*

11   *Decl. Will*, ¶3 ("Despite growing up in Palos Verdes, I was not allowed to surf

12   Lunada Bay."); *Decl. S. Neushul*, ¶6 ("About eight years ago, in 2008, I purchased

13   a home in Palos Verdes Estates near the public library. I knew that Lunada Bay had

14   a 'locals only' reputation but I wanted to surf there and my house was right around

15   the corner from the ocean."); *Decl. Akhavan*, ¶1 ("Since 2001, I have resided in

16   Palos Verdes Estates."); *Decl. Gero*, ¶¶5-6 ("I have spent a lot of time in the Palos

17   Verdes Estates area because my maternal grandparents lived there. . . . Even

18   though my grandparents lived nearby, because I was with my grandparents and

19   interested in the water, the men yelled at my grandparents that they shouldn't come

20   to Lunada Bay and to leave the area.") *See also* Taloa Depo. 317:7-18

21        Q: So I mean do you feel like you were treated poorly because you

22        were from North Hollywood or you weren't from Palos Verdes by the

23        police department?

24        A. No. In fact if I ever saw these guys in Hawaii, I would make sure

25        they got the red carpet for the way they treated me.

26        Q. Is it fair to say that you were treated as good as any residents?

27        A. As a normal human being would treat another human being, I was

28        amazed. They put my fears to rest. I was really scared about police

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4815-4463-7760.2
11317-242

-11-

2:16-cv-02129-SJO-RAO

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1    and they changed my mindset in a lot of ways.

2    The declarations demonstrate a significant distinction between some

3    members of the putative class and Plaintiffs – whether or not they were residents of

4    PVE at the time of any alleged harassment by the Lunada Bay Boys.  This issue is

5    at the heart of Plaintiffs' claim – did the PVE Defendants treat nonresidents

6    differently than residents in violation of the nonresidents' equal protection rights?

7    In addition to being demonstrably false in light of the declarations showing that

8    residents also were subject to the alleged harassment and Mr. Taloa's testimony that

9    he was treated well by the PVE police department despite his non-resident status,

10   this issue demonstrates the lack of typicality between Plaintiffs who are both

11   nonresidents of PVE and those members of the putative class who were residents.

12   Similarly, the class definition includes individuals who visited Lunada Bay

13   and those who "have been deterred" from visiting.  Yet the Plaintiffs both visited

14   Lunada Bay and allege they suffered injuries as a result of those visits.  They

15   clearly have very different claims from those class members who have never been

16   to Lunada Bay due to the PVE Defendants' alleged actions.  Ultimately, because of

17   the named Plaintiffs' unique factual backgrounds, their interests do not "align[]

18   with the interests of the class," and the typicality requirement is not satisfied.

19   *Wolin v. Jaguar Land Rover North Am.*, 617 F.3d 1168, 1175 (9th Cir. 2010).

20   Finally, numerous declarations detail incidents which occurred well outside

21   of the applicable two-year statute of limitations.  *See Decls. of Bacon, Carpenter,*

22   *Conn, Gero, Gersch, Marsch, S. Neushul, Pastor, Will* and *Young* (describing

23   alleged incidents outside the statute of limitations for claims against the PVE

24   Defendants); *see also*, *Decls. of K. Claypool, Hagins, Taloa, and J. Wright*

25   (describing alleged incidents some of which are outside the statute of limitations for

26   claims against the PVE Defendants).  Accordingly, the majority of the individuals

27   making declarations in support of Plaintiffs' motion for class certification are

28   subject to a defense that some or all of their claims against the PVE Defendants are

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4815-4463-7760.2
11317-242

- 12 -                                    2:16-cv-02129-SJO-RAO

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1   barred by the statute of limitations.  Plaintiffs' claims are not subject to such a

2   defense, and are not typical of the majority of the putative class members identified

3   by Plaintiffs.

4   **4.     PLAINTIFFS' DEMAND FOR SIGNIFICANT INDIVIDUAL**

    **DAMAGES IS INCONSISTENT WITH CERTIFICATION OF A**

5   **RULE 23(B)(2) CLASS**

6       Plaintiffs state they are seeking class certification under Rule 23(b)(2) but

7   provide the Court with no analysis as to how the proposed class meets the

8   requirements, simply stating "[t]his action is primarily about equitable relief. . . .

9   Damages are incidental and do not require individualized determination" (Pltfs'

10  Memo at 12).  Respectfully, Plaintiffs are mistaken.  Plaintiffs' proposed $50

11  million damage claim is not "incidental" nor can damages be determined classwide.

12      In *Wal-Mart*, the Supreme Court clarified the interplay between Rule

13  23(b)(2) and 23(b)(3).  564 U.S. at 360–61  "The key to the (b)(2) class is the

14  indivisible nature of the injunctive or declaratory remedy warranted—the notion

15  that the conduct is such that it can be enjoined or declared unlawful only as to all of

16  the class members or as to none of them." *Id*.  (quotation marks and citation

17  removed).  In other words, Rule 23(b)(2) applies only when a single injunction or

18  declaratory judgment would provide relief to each member of the class.  It does not

19  authorize class certification when each individual class member would be entitled

20  to a *different* injunction or declaratory judgment against the defendant.  *Id*.

21      Plaintiffs have provided the Court with no explanation of the type of

22  injunctive or declaratory relief they intend to seek against the PVE Defendants.

23  Accordingly, they have not met their burden of proof that the equitable relief they

24  intend to seek against the PVE Defendants will provide relief to each member of

25  the putative class.  Moreover, injunctive relief is designed to deter future misdeeds,

26  not to punish for past conduct.  *Rondeau v. Mosinee Paper Corp.,* 422 U.S. 49, 62

27  (1975).  As a matter of law, Plaintiffs cannot obtain an injunction as to alleged past

28  violations of their rights. *Loya v. INS,* 583 F.2d 1110, 1114 (9th Cir. 1978).

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4815-4463-7760.2
11317-242

-13-

2:16-cv-02129-SJO-RAO

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs have provided the Court with no evidence that the PVE Defendants have adopted any policy or practice that violates the equal protection rights of the proposed class, or that there is any credible threat that the PVE Defendants are likely to violate their equal protection rights in the future.  Plaintiffs must establish that they possess standing to seek injunctive relief before a court may certify a class pursuant to Rule 23(b)(2).  *Griffin* v. *Dugger,* 823 F.2d 1476,1482 (11th Cir. 1987).  A party cannot be a proper class representative if such a party lacks standing individually to pursue the claims of the class.  *Doe v. Unocal Corp.,* 67 F. Supp. 2d 1140, 1142 (C.D. Cal. 1999) (citing *Nelsen v. King County,* 895 F.2d 1248, 1249-50 (9th Cir. 1990) ("If the litigant fails to establish standing, he may not seek relief on behalf of himself or any other member of the class.")

In order to satisfy the standing requirement for injunctive relief under Article III of the U.S. Constitution, Plaintiffs must not only "show [they] ha[ve] personally . . . suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant . . . , [but they] . . . must also adduce a credible threat of recurrent injury."  *City of Los Angeles v. Lyons ("Lyons")*, 461 U.S. 95, 102 (1983); *LaDuke v. Nelson,* 762 F.2d 1318, 1323 (9th Cir. 1985).  The Ninth Circuit has "repeatedly recognized that claims predicated upon . . . speculative contingencies afford no basis for finding the existence of a continuing controversy as required by article III."  *Nelsen*, 895 F.2d at 1253 (internal quotations omitted).  The burden of showing a likelihood of recurrence is firmly on the Plaintiffs.  *Id.* at 1251; *Lyons*, 461 U.S. at 107.

Finally, because Plaintiffs seek to enjoin a governmental agency, "[their] case must contend with the well-established rule that the Government has traditionally been granted the widest latitude in the dispatch of its own internal affairs [which] . . . bars federal courts from interfering with non-federal government operations in the absence of facts showing an immediate threat of substantial injury."  *Midgett v. Tri-County Metro. Transp. District of Oregon,* 254 F.3d 846,

850 (9th Cir. 2001).  Public officials enjoy a well-established judicial presumption that they will in good faith adhere to the law.  "In the absence of clear evidence to the contrary, courts presume that public officers properly discharge their duties...." *Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007); s*ee also United States v. Chem. Found., Inc.,* 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers, and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.") (internal citations omitted).

Plaintiffs have produced no evidence that there is any "credible threat of recurrent injury" to Plaintiffs that the PVE Defendants will not provide them with their right to equal protection.  Plaintiffs' failure to meet their burden of proof is sufficient to deny their motion for certification of a class under Rule 23(b)(2).

Plaintiffs' proposed Rule 23(b)(2) class should also be denied because Rule 23(b)(2) does not authorize class certification when, as here, each class member might be entitled to an individualized award of monetary damages if they prevailed on the merits of their claims against the PVE Defendants.  *Wal-Mart*, 564 U.S. at 360-61.  Plaintiffs' demand for at least $50 million in monetary damages indicates that Plaintiffs' primary goal is not injunctive relief as is required for a Rule 23(b)(2) class.  *Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003) ("[T]he claim for monetary damages must be secondary to the primary claim for injunctive or declaratory relief"); *King Decl*, ¶19.  A demand for $50 million dollars is not "incidental" or "secondary" to an unspecified claim for equitable relief.  Because Plaintiffs primarily seek monetary relief in the form of significant compensatory damages, Plaintiffs' request for Rule 23(b)(2) certification should be denied.

## 5.   PLAINTIFFS CANNOT SATISFY THE REQUIREMENTS OF RULE 23(B)(3).

Even if Plaintiffs had satisfied Rule 23(a), the Motion should be denied because Plaintiffs cannot satisfy the requirements of Rule 23(b)(3).  Rule 23 (b)(3)

provides that an action may be maintained as a class action only if "the court finds that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Without satisfying this requirement, no damages class can be certified.

### A.    The Predominance Requirement Of Rule 23(b)(3) Is Even More Stringent Than The Commonality Requirement Of Rule 23(a)(2).

The "predominance criterion [of Rule 23(b)(3)] is far more demanding" than the commonality prerequisite of Rule 23(a)(2). *Amchem Prod. Inc. v. Windsor*, 521 U.S. 591, 624 (1997).  It is not sufficient that the common questions merely exist.  Instead, under Rule 23 (b)(3), the court must "decide whether there are so many questions common to all of the plaintiffs that having class action treatment would be far more efficient than having a number of separate trials." *Haley v. Medtronic Inc.*, 169 F.R.D. 643, 650 (C.D. Cal. 1996).

Predominance wholly depends on the theories of liability, facts and circumstances of a given case.  *See, e.g. Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1558 (11th Cir. 1989) (certification denied because reasonableness of force used by officer must be considered in light of the particular factual circumstances, a determination which "cannot be made *en masse*"); *Falcon.*, 457 U.S. at 157-59 (certification denied, even where across-the-board discrimination alleged, because findings of liability required separate determinations).

The predominance inquiry "trains on legal or factual questions that qualify each class member's case as a genuine controversy." *Amchem*, 521 U.S. at 594.  Unlike Rule 23 (a)(2), the "predominance analysis under Rule 23 (b)(3) focuses on the relationship between the common and individual issues in the case and tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Wang v. Chinese Daily News, Inc.*, 709 F.3d 829, 835 (9th Cir. 2013) (internal quotations omitted).  Therefore, "the office of a Rule 23(b)(3)

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4815-4463-7760.2
11317-242

- 16 -

2:16-cv-02129-SJO-RAO

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1   certification ruling is not to adjudicate the case; rather, it is to select the method

2   best suited to adjudication of the controversy fairly and efficiently." *Amgen Inc. v.*

3   *Connecticut Ret. Plans & Trust Funds*, 133 S.Ct. 1184, 1191 (2013) (internal

4   quotations omitted).  This requires the district court to "formulate some prediction

5   as to how specific issues will play out in order to determine whether common or

6   individual issues predominate in a given case."  *In re New Motor Vehicles*

7   *Canadian Exp. Antitrust Litig*., 522 F.3d 6, 20 (1st Cir. 2008)*; see also*, *Hanlon*,

8   150 F.3d at 1022 (a showing of Rule 23(a) commonality is not alone sufficient to

9   satisfy Rule 23 (b)(3) - the requirements of Rule 23(b)(3) are also more rigorous.)

10   Specifically, "[i]f proof of the essential elements of the cause of action requires

11   individual treatment, then class certification is unsuitable."  *Newton v. Merrill*

12   *Lynch, Pierce, Fenner, & Smith, Inc*., 259 F.3d 154, 172 (3d Cir.2001).   Here,

13   certification should be denied due to Plaintiffs' failure to demonstrate the

14   predominance required under Rule 23 (b)(3).

### B.   Common Questions Do Not Exist With Respect To Liability.

15

16   In *Cruz v. Dollar Tree Stores, Inc.*, No. 07-2050 SC, 2011 WL 2682967

17   (N.D. Cal. July 8, 2011), the court explained the significance of *Wal-Mart v. Dukes*

18   as it relates to the liability context: "*Dukes* provides a forceful affirmation of a class

19   action plaintiff's obligation to produce common proof of class-wide liability in

20   order to justify class certification."  *Id*. at *5.  The *Cruz* Court further held that the

21   plaintiffs had "failed to provide common proof to serve as the 'glue' that would

22   allow a class-wide determination of how class members spent their time on a

23   weekly basis.  In the absence of such proof, the commonality threshold, let alone

24   the predominance inquiry of Rule 23 (b)(3), has not been met." *Id.*

25   As discussed throughout this Opposition, common questions with respect to

26   liability do not predominate.  An individual inquiry must be made with respect to

27   each putative class member to determine whether the PVE Defendants had a

28   custom, policy, or practice that caused a violation of that individual's Constitutional

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4815-4463-7760.2
11317-242

- 17 -

2:16-cv-02129-SJO-RAO

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

rights.  The fact-specific nature of this inquiry must be conducted on an individual basis, which precludes a finding that common questions of liability predominate.

### C.     Common Questions Do Not Exist With Respect To Causation.

To recover against a public entity defendant under Section 1983, the plaintiff must not only prove a constitutional violation, but also: (1) identify a specific PVE policy, practice or custom; (2) establish that the policy, practice or custom actually existed; and (3) establish a causal nexus between the constitutional violation and the city's policy, practice or custom.  *Monell*, 436 U.S. at 694.  Here, Defendants' right to equal protection requires a determination, as to each putative class member, that a custom, policy, or practice of PVE *actually caused* a violation of each putative class member's constitutional rights.  With respect to the *Monell* claims, each class member must prove that the violation of their constitutional rights was proximately caused by an actionable PVE policy or custom.  Plaintiffs have failed to provide any basis for the Court to find such causation for a Section 1983 claim that can be proven classwide for the class proposed by the Plaintiffs.

### D.     Prior History Demonstrates That Class Members Do Have An Interest in Controlling the Prosecution of Separate Actions.

Plaintiffs note that the Court is to consider "the class members' interest in individually controlling the prosecution or defense of separate actions" and "the extent and nature of any litigation concerning the controversy already begun by or against class members."  Rule 23(b)(3)(A-B).  Plaintiffs state "no class member has shown any interest in maintaining an individual action arising from the Bay Boys' ongoing conduct" (Pltfs. Brief at 19).  Yet, Plaintiffs include the declarations of John Hagins and Michael Sisson who did just that.  Hagins and his attorney, Sisson, filed a lawsuit against the Lunada Bay Boys and PVE in 1995.  *See Hagins Decl.*, ¶11.  The case settled and one of the Lunada Bay Boys was ordered to pay $15,000 to the plaintiffs and PVE made a statement that it did not support localism.  *See Sisson Decl.*, ¶6, Ex. 2.  Mr. Sisson filed another lawsuit in 2002 against several

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4815-4463-7760.2
11317-242

- 18 -

2:16-cv-02129-SJO-RAO

1  Bay Boys and PVE.  *Id.* at ¶7.  That case also settled.  Plaintiffs' own declarations

2  demonstrate that some of the proposed class members do in fact have an interest in

3  maintaining their own action against the Defendants, and have done so in the past.

4       **E.**    **Plaintiffs' Proposed Damage Calculation Is Legally Deficient**

5       In *Comcast Corp. v. Behrend*, the Supreme Court explained that to satisfy the

6  Rule 23(b)(3) predominance requirement, damages must be "capable of

7  measurement on a classwide basis." 133 S. Ct. 1426, 1433 (2013).  In interpreting

8  *Comcast*, the Ninth Circuit has stated, "[A] methodology for calculation of

9  damages that could not produce a class-wide result was not sufficient to support

10 certification."  *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1167 (9th Cir. 2014)

11 (citing *Comcast*, 133 S. Ct. at 1434–35).  The proposed damages model must

12 measure only the damages that are attributable to the theory of liability.  *Leyva v.*

13 *Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013).  As this Court has

14 recognized, "While . . .the Court need not decide the precise method for calculating

15 damages at this stage, plaintiffs must still offer a method that tethers their theory of

16 liability to a methodology for determining the damages suffered by the class.

17 Without such a theory, the Court cannot certify plaintiffs' proposed class as to

18 damages, even if such a class could be appropriately certified as to liability only."

19 *Vaccarino v. Midland Nat. Life Ins. Co.*, No. CV 11-5858 CAS MANX, 2013 WL

20 3200500, at *14 (C.D. Cal. June 17, 2013).

21      Plaintiffs' proposed damage methodology is simply an "estimate of the

22 recreational value of the surfing at Lunada Bay is between $50 and $80 per person

23 per visit during the high season (November to March) and approximately half of

24 that during the rest of the year" *King Decl.*, ¶19.  Not only do Plaintiffs fail to

25 provide any explanation or support as to why $50–$80 is the correct amount for

26 compensation, they provide no mechanism as to how this would be applied to the

27 proposed class members.  First, the amount applies only for the recreational value

28 of surfing, yet Plaintiffs' proposed class includes a wide variety of activities other

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4815-4463-7760.2
11317-242
- 19 -
2:16-cv-02129-SJO-RAO

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

than surfing.  Plaintiffs' motion is silent as to how they propose to determine damages for any class members other than surfers.  *See Lanning Decl.* ("I have driven by Lunada Bay, and it's a beautiful place where I would like to walk my dogs.")  Second, Plaintiffs and the declarants have alleged a wide variety of injuries due to the alleged harassment by the Lunada Bay Boys, including significant assault and property damage.  Yet Plaintiffs' methodology ignores any such injuries or damage, nor have Plaintiffs articulated how the PVE Defendants can be held liable for the independent action of unrelated third parties.  Under Plaintiffs' damage mechanism, regardless of any actual injury or damage suffered, each class member would only be entitled to the $50-80 per surf session or "approximately half of that" amount depending on the time of year when the injury or damage occurred.  Plaintiffs' proposed damage mechanism is not tethered to any theory of liability against the PVE Defendants, as it is void of any reference to the elements necessary to prevail on the claim alleged against the PVE Defendants.

Plaintiffs' proposed damage mechanism does not cover a significant portion of the putative class members' claims, does not provide relief for a significant portion of the injuries alleged by the putative class members, and has is not linked in any way to the alleged claim asserted against the PVE Defendants.  Accordingly, Plaintiffs' proposed class should not be certified under Rule 23(b)(3).

## 6.   **CONCLUSION**

For the reasons listed above, the PVE Defendants respectfully request the Court deny Plaintiffs' Motion for Class Certification.

Dated:  January 13, 2017          KUTAK ROCK LLP


By:  /s/ *Edwin J. Richards*
Edwin J. Richards
Antoinette P. Hewitt
Attorneys for Defendants
CITY OF PALOS VERDES ESTATES
and CHIEF OF POLICE JEFF KEPLEY

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4815-4463-7760.2
11317-242
- 20 -                    2:16-cv-02129-SJO-RAO
CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION