EDWIN J. RICHARDS (SBN 43855)
Email: Ed.Richards@kutakrock.com
ANTOINETTE P. HEWITT (SBN 181099)
Email: Antoinette.hewitt@kutakrock.com
JACOB SONG (SBN 265371)
Email: Jacob.Song@kutakrock.com
REBECCA L. WILSON (SBN 257613)
Email: Rebecca.Wilson@kutakrock.com
KUTAK ROCK LLP
Suite 1500
5 Park Plaza
Irvine, CA  92614-8595
Telephone:   (949) 417-0999
Facsimile:    (949) 417-5394

**[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]**

Attorneys for Defendants
CITY OF PALOS VERDES ESTATES and
CHIEF OF POLICE JEFF KEPLEY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA; WESTERN DIVISION**

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>           Plaintiffs,<br><br>     v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>           Defendants. | Case No.  2:16-cv-02129-SJO-RAO<br><br>Assigned to<br>District Judge:  Hon. S. James Otero<br>Courtroom: 10C @ 350 W. First Street, Los Angeles, CA  90012<br><br>Assigned Discovery:<br>Magistrate Judge:  Hon. Rozella A. Oliver<br><br>**CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>[Filed concurrently with Opposition to Plaintiffs' Motion; Declaration of Edwin J. Richards and Opposition to Separate Statement]<br><br>Complaint Filed:   March 29, 2016<br>Trial:                   November 7, 2017 |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 1 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants City of Palos Verdes Estates and Chief of Police Jeff Kepley ("City") hereby submit the following evidentiary objections to Plaintiffs' Evidence filed in support of Plaintiffs' Motion for Class Certification.

**OBJECTIONS TO DECLARATIONS FILED BY PLAINTIFFS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**A.    Declaration of Philip King submitted In support of Plaintiffs' Motion for Class Certification dated December 28, 2016.**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1. <u>Paragraph 2, p. 2:22-28</u> "I received a bachelor of arts degree from Washington University, and a PhD in economics from Cornell University. I am currently an Associate Professor of economics at SFSU, a position I have held since 1993. I was Chair of SFSU's Department of Economics from 2002 to 2005. I was an Assistance Professor of economics at SFSU from 1987 to 1993, and prior to that, I was an Assistant | Objection.  The City objects to this statement on the grounds that the declarant's credentials do not sufficiently qualify the declarant to provide the specific expert opinions stated elsewhere in this Declaration.  (Fed. Rules Evid. 104(a), 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579-591; *Ellis v. Costco Wholesale Corp.* (9th Cir. 2011) 657 F.3d 970, 982.)  Mr. King possesses a generalized economic | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 2 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| Professor of economics at The State University of New York at Cortland from 1983 to 1985." | background, but nothing in his attached CV or his stated qualifications demonstrates he is truly qualified as expert on the economic value of beach recreation. (See *Jinro America, Inc. v. Secure Inv., Inc.* (9th Cir. 2001) 266 F.3d 993, 1004.) | |
| 2.  Paragraph 3, p. 3:1-7 "I have edited five books on the subject of International Economics and International Economic Policy, prepared scores of policy papers for governmental and non-profit organizations, and authored or coauthored a number of refereed papers performing economic analyses regarding the impact of climate change, erosion, and beach attendance on Southern California beaches. A true and correct copy of my current *curriculum vitae* is attached as **Exhibit 1.**" | Objection.  The City objects to this statement on the grounds that the declarant's credentials do not sufficiently qualify the declarant to provide the specific expert opinions stated elsewhere in this Declaration.  (Fed. Rules Evid. 104(a), 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579-591; *Ellis v. Costco Wholesale Corp.* (9th Cir. 2011) 657 F.3d 970, 982.)  Mr. King possesses a generalized economic background, but nothing in his attached CV or his stated | __SUSTAINED<br><br>__OVERRULED |

Kutak Rock LLP
Attorneys At Law
Irvine

4833-3701-6128.1
11317-242

- 3 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | qualifications demonstrates he is truly qualified as expert on the economic value of of the matters contained in his declaration.  (See *Jinro America, Inc. v. Secure Inv., Inc.* (9th Cir. 2001) 266 F.3d 993, 1004.)  The City further objects to this statement as vague and ambiguous as to the phrase "economic analyses regarding the impact of…beach attendance on Southern California beaches," insofar as this statement fails to specify the beach at issue in the matter or specify the specific type of economic impact referenced. | |
| 3.  Paragraph 4, p. 3:8-13  "I have served as an expert witness in the field of economics in approximately 40 different matters, for both the plaintiff-side and defense-side. I have also presented evidence for the California | Objection.  The City objects to this statement on the grounds that the declarant's credentials do not sufficiently qualify the declarant to provide the specific expert opinions stated elsewhere in this Declaration.  (Fed. Rules | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 4 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| Coastal Commission pertaining to the economic recreation value of beaches. Further, for more than 20 years, using various models, including economic recreation value, I have specifically studied the economic value of California beaches." | Evid. 104(a), 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579-591; *Ellis v. Costco Wholesale Corp.* (9th Cir. 2011) 657 F.3d 970, 982.)  Mr. King possesses a generalized economic background, but nothing in his attached CV or his stated qualifications demonstrates he is truly qualified as expert on the economic value of of the matters contained in his declaration.  (See *Jinro America, Inc. v. Secure Inv., Inc.* (9th Cir. 2001) 266 F.3d 993, 1004.)  The City further objects to this statement as vague and ambiguous as to the phrase "economic value of California beaches," insofar as the statement fails to specify the beach at issue in this litigation or the specific type of economic value allegedly at issue. | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 5 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| 4. <u>Paragraph 5, p. 3:14-17</u><br><br>"My fee for providing testimony at trial or deposition is $350 per hour. My fee for consulting is $200 per hour. Because of the importance of this matter to beach access, I have provided my initial services and this declaration to Plaintiffs without charge." | Objection. The City objects to this statement on the grounds that it lacks relevance to any determination of whether Plaintiffs can satisfy a rigorous analysis of Fed. R. Civ. P. 23 factors for class certification. | __SUSTAINED<br><br>__OVERRULED |
| 5. <u>Paragraph 6, p. 3:18-27</u><br><br>"Recently, Plaintiffs in the above-referenced matter retained me to provide expert consulting and testimony concerning the valuation of group-based and class wide damages with respect to the proposed beachgoer class' exclusion from Lunada Bay. My review covers the period from 1970 to present. Having been recently retained, my research is preliminary and conservative in terms of ascertaining group-based | Objection. The City objects to this statement on the grounds that the declarant's credentials do not sufficiently qualify the declarant to provide the specific expert opinions stated elsewhere in this Declaration. (Fed. Rules Evid. 104(a), 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579-591; *Ellis v. Costco Wholesale Corp.* (9th Cir. 2011) 657 F.3d 970, 982.) Mr. King possesses a generalized economic | __SUSTAINED<br><br>__OVERRULED |

| | | |
|---|---|---|
| 1 | damages to the beachgoer | background, but nothing in |
| 2 | class, I am able to express an | his attached CV or his stated |
| 3 | opinion related to recreational | qualifications demonstrates |
| 4 | beach/surfing economic | he is truly qualified as expert |
| 5 | valuation by examining | on the economic value of of |
| 6 | studies at similar sites. This | the matters contained in his |
| 7 | method (benefits transfer) is | declaration.  (See *Jinro* |
| 8 | an accepted method used by | *America, Inc. v. Secure Inv.,* |
| 9 | economists and public | *Inc.* (9th Cir. 2001) 266 F.3d |
| 10 | agencies to value recreational | 993, 1004.)  The City further |
| 11 | beach resources." | objects to this statement as |
| 12 | | vague and ambiguous as to |
| 13 | | the phrase "beach goer class," |
| 14 | | since the declarant fails to |
| 15 | | define that terms with any |
| 16 | | specificity.  The City further |
| 17 | | objects to the phrase "beach |
| 18 | | goer class" as constituting an |
| 19 | | impermissible legal |
| 20 | | conclusion regarding the |
| 21 | | existence of a cognizable |
| 22 | | class, which remains to be |
| 23 | | determined by the Court.  The |
| 24 | | City further objects to the |
| 25 | | phrase "examining studies at |
| 26 | | similar sites," to the extent |
| 27 | | that the declarant fails to |
| 28 | | |

Kutak Rock LLP
Attorneys At Law
Irvine

4833-3701-6128.1
11317-242
- 7 -
2:16-cv-02129-SJO-RAO
EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | specify the "studies" referenced and also fails to specify what qualitative or quantitative factors impact a determination of a "similar site."  The City further objects to this statement as conclusory and lacking foundation regarding the acceptance of any methodologies stated in this declaration. | |
| 6.  Paragraph 7, p. 4:2-4  "I have reviewed the Class Action Complaint filed in this matter, with specific attention to remedies sought and the class definition in the Complaint." | Objection.  The City objects to this statement on the grounds that it lacks relevance to any determination of whether Plaintiffs can satisfy a rigorous analysis of Fed. R. Civ. P. 23 factors for class certification. | __SUSTAINED  __OVERRULED |
| 7.  Paragraph 8, p. 4:5-7 "California has more than 1,100 miles of coastline. In the United States, it is estimated that there are more than 3 million surfers. And in | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 8 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| California, it is estimated that there are more than 1 million surfers." | well-reasoned, and not speculative. (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.) To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law. (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.) | |
| 8. Paragraph 9, p. 4:8-16 "Using census data, information provided by the California Coastal Commission, and information available to me from my more than 20 years of studying California beaches, there are approximately 30,000,000 residents in Southern California[1] and approximately 238,000,000 | Objection. The City objects to this statement as speculative and lacking foundation. Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative. (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.) To the extent the declarant fails to substantiate the factual foundation for this statement, | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 9 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"visitor-days"[2] to California's beaches each year. While they are very different from Lunada Bay, as a comparator to other Southern California beaches, the annual attendance at Venice Beach is more than 8 million visitor-days, and the annual attendance at Huntington Beach is more than 10 million visitor-days."

such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.) Mere generalities about "data" and "information" the declarant purportedly relies upon fails to establish a factual basis for the statement offered.  It is mandatory that "an expert must back up his opinion with *specific* facts." (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not helpful if it consists merely of conclusory or unsupported assertions.  (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; see also *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.*

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 10 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The City further objects to the statement as irrelevant, insofar as the beaches referenced are not part of the subject matter of this litigation. | |
| 9.  Paragraph 10, p. 4:17-19 "Palos Verdes Estates has about 4.5 miles of coastline, and I understand that Lunada Bay is less than 1/2 mile of coastline. Today, I understand that fewer than 100 surfers regularly surf Lunada Bay." | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See General Elec. Co. v. Joiner (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; Brown v. Southeastern Pa. Transp. Auth. (3rd Cir. 1994) 35 F.3d 717, 743.) | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242
- 11 -
2:16-cv-02129-SJO-RAO
EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| 10. <u>Paragraph 11, p. 4:20-21, p. 5:1-8</u> "Beyond my more than 20 years of experience in valuating beaches, I have conducted initial research by reading about Lunada Bay generally and about its localism problem, including reports and articles printed in *The Los Angeles Times, The Daily Breeze, Surfer Magazine*, SURF-forecast, The Encyclopedia of Surfing, and Surfline. I have reviewed many photographs of Lunada Bay and have spoken to a number of surfing and California beach-access experts. Further, I have reviewed census data, information available from the California Coastal Commission, and my notes and related information from other beach access matters where I have served as an | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (<u>See</u> *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (<u>See</u> Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.)  Mere generalities about "many photographs, " "reports and articles," "a number of…experts," "census data," and "my notes and related information" the declarant purportedly relies | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 12 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| 1 | expert." | upon fails to establish a |
| 2 | | factual basis for the statement |
| 3 | | offered.  It is mandatory that |
| 4 | | "an expert must back up his |
| 5 | | opinion with *specific* facts." |
| 6 | | (See *Guidroz-Brault v.* |
| 7 | | *Missouri Pac. R R Co.* (9th |
| 8 | | Cir. 2001) 254 F.3d 825, |
| 9 | | 831.)  Expert testimony is not |
| 10 | | helpful if it consists merely of |
| 11 | | conclusory or unsupported |
| 12 | | assertions.  (See *In re Circuit* |
| 13 | | *Breaker Litigation* (C.D. Cal. |
| 14 | | 1997) 984 F.Supp. 1267, |
| 15 | | 1282; see also *Intelligent* |
| 16 | | *Computer Solutions, Inc., v.* |
| 17 | | *Voom Technologies, Inc.* |
| 18 | | (C.D. Cal. 2006) 509 F.Supp. |
| 19 | | 2d 847, 861.) The City further |
| 20 | | objects to the statement ". I |
| 21 | | have reviewed many |
| 22 | | photographs of Lunada Bay |
| 23 | | and have spoken to a number |
| 24 | | of surfing and California |
| 25 | | beach-access experts," as |
| 26 | | irrelevant, to the extent the |
| 27 | | declarant fails to specify |
| 28 | | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 13 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | whether he spoke to other purported experts regarding the specific geographic area at issue in this litigation. | |
|---|---|---|
| 11. <u>Paragraph 12, p. 5:9-15</u> "In addition, I have coordinated my work involving my investigation of the economic valuation of Plaintiffs' exclusion from Lunada Bay with that of other experts, including my review of the declaration of surfing historian and expert Peter Neushul filed in support of Plaintiffs' class certification motion. I understand that Lunada Bay has a longstanding reputation for localism that deters surfers and other beachgoers from attempting recreate there." | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (<u>See</u> *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (<u>See</u> Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.)  Mere generalities about "my investigation" and coordinating with "other | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 14 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

experts" fails to establish a factual basis for the statement offered.  It is mandatory that "an expert must back up his opinion with *specific* facts." (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not helpful if it consists merely of conclusory or unsupported assertions.  (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; see also *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The City further objects to the statement "I understand that Lunada Bay has a longstanding reputation for localism that deters surfers and other beachgoers from attempting to recreate there," on the grounds that it lacks foundation, is vague

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 15 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | and ambiguous, and is unduly speculative. | |
|---|---|---|
| 12.  <u>Paragraph 13, p. 5:16-18</u> "Also, I have firsthand experience visiting many California beaches, and before this assignment I had visited and hiked the bluffs of the Palos Verdes Peninsula." | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (<u>See</u> *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (<u>See</u> Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.)  Mere generalities that the declarant "visited and hiked the bluffs of the Palos Verdes Peninsula fails to establish a factual basis for the statement | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 16 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | |
|---|---|
| 1 | offered.  It is mandatory that |
| 2 | "an expert must back up his |
| 3 | opinion with *specific* facts." |
| 4 | (See *Guidroz-Brault v.* |
| 5 | *Missouri Pac. R R Co.* (9th |
| 6 | Cir. 2001) 254 F.3d 825, |
| 7 | 831.)  Expert testimony is not |
| 8 | helpful if it consists merely of |
| 9 | conclusory or unsupported |
| 10 | assertions.  (See *In re Circuit* |
| 11 | *Breaker Litigation* (C.D. Cal. |
| 12 | 1997) 984 F.Supp. 1267, |
| 13 | 1282; see also *Intelligent* |
| 14 | *Computer Solutions, Inc., v.* |
| 15 | *Voom Technologies, Inc.* |
| 16 | (C.D. Cal. 2006) 509 F.Supp. |
| 17 | 2d 847, 861.) The City further |
| 18 | objects to this statement as |
| 19 | vague and ambiguous as to |
| 20 | the timeframe of any alleged |
| 21 | visit to the "Palos Verdes |
| 22 | Peninsula" as well as what |
| 23 | specific geographic area the |
| 24 | declarant refers to as the |
| 25 | "bluffs of the Palos Verdes |
| 26 | Peninsula."  It is likely that |
| 27 | the declarant has never |
| 28 | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 17 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | visited the specific geographic area concerning this litigation based on the ambiguity in this statement. | |
| 13.  Paragraph 14, p. 5:20-28, p. 6:1 "The literature on the economics of coastal recreation indicates that surfing typically has among the highest recreational economic value of any beach related activities. Based upon my initial research, I have concluded that Lunada Bay is an elite, world-class surfing location. I understand that Lunada Bay's unique features can create ideal surfing conditions, including big wave conditions – and while the primary season for big waves at Lunada Bay is from November to March, I understand that Lunada Bay offers surfing and other beach-related activities year round. Further, the | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.) Mere generalities about "literature" and "my initial research" fails to establish a | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 18 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| opportunity to surf Lunada Bay, even if only once, is important to many surfers, both expert and novice." | factual basis for the statement offered.  It is mandatory that "an expert must back up his opinion with *specific* facts." (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not helpful if it consists merely of conclusory or unsupported assertions.  (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; see also *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The City further objects to the each statement with the preamble "I understand on the grounds that those statements lack foundation, is vague and ambiguous, and is unduly speculative, insofar as the declarant fails to set forth any basis for these | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 19 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | unsubstantiated and inadmissible bald assertions. The City further objects to the phrase "…the opportunity to surf Lunada Bay, even if only once, is important to many surfers…" as vague, ambiguous, speculative, and irrelevant. | |
| 14. <u>Paragraph 15, p. 6:2-28, p. 7:1-6</u> "Applying standard tools used by economists it is clear that Lunada Bay has value significantly greater than less desirable surfing locations. Based on my initial research, I understand that Lunada Bay has unique features, including its location in proximity to densely-populated Los Angeles County, free nearby off-street parking, easy visibility of surfing conditions from the bluffs above the shoreline, a bay with deeper water where both small boats can anchor | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern* | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 20 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

and surfers can paddle to the waves using the deeper-water channel, kelp beds that help protect waves from onshore winds, a shallow rock reef, tide pools, nearby hiking trails, and the adjacent sheer cliffs that enhance the undeveloped shoreline in terms of providing a scenic escape for surfers in densely-populated Southern California. For people that live in Los Angeles, finding a similar beach and conditions would require substantial travel. Further, I understand that Lunada Bay is unique because it is one of the very few Southern California deep-water surf spots that can produce a powerful wave ideal for big-wave surfing. In terms of being a world-class surf site, while it is world class for its own unique reasons, my initial research

*Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.) Mere generalities about "standard tools," "economists," "initial research," and "substantial travel" fail to establish a factual basis for the statement offered.  It is mandatory that "an expert must back up his opinion with *specific* facts." (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not helpful if it consists merely of conclusory or unsupported assertions.  (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; see also *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The City further objects to the each statement with the preamble "I

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 21 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | |
|---|---|
| indicates Lunada Bay is on the same world-class level as Trestles Beach, which is located in North San Diego County and part of the San Onofre State Beach. Trestles Beach (consisting of the waves from Lower Trestles, Upper Trestles, and Cotton's) averages about 330,000 surf trips per year. While no beach offers Lunada Bay's exact conditions, other comparator beaches might include Todos Santos (Baja California, Mexico), Black's Beach (San Diego County), Swami's (San Diego County), Malibu (north Los Angeles County), Rincon (Santa Barbara County), Pleasure Point (Santa Cruz County), Steamer Lane (Santa Cruz County) and Mavericks (San Mateo County). None of these beaches are located in densely-populated south Los Angeles County, and I | understand" on the grounds that those statements lack foundation, is vague and ambiguous, and is unduly speculative, insofar as the declarant fails to set forth any basis for these unsubstantiated and inadmissible bald assertions. The City further objects to the reference to "comparator beaches," to the extent that the declarant fails to identify any specific criteria that would constitute a "comparator" beach.  The City further objects to the phrases "high value" and "significantly different" on as vague, ambiguous, lacking foundation, and constituting impermissible speculation. | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 22 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| understand that none otherwise have the same features as Lunada Bay. In other words, Lunada Bay's unique surf experience has few, if any, good substitutes. Moreover, many surfers place a high value on the unique experience of different surf spots, and, as outlined above, Lunada Bay's experience is significantly different from other sites on the North American west coast." | | |
| 15.  <u>Paragraph 16, p. 7:7-16</u> "In addition to surfing, because of its scenic beauty and unspoiled protected shoreline next to nearby hiking trails, I understand Lunada Bay can be used for other outdoor and beach-related activities such as hiking, photography, viewing the ocean and general sightseeing, tide pooling, snorkeling, scuba diving, | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (<u>See</u> *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 23 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| 1 | sailing, fishing, birding, | such testimony is unreliable, |
| 2 | beach combing, dog walking, | and should be excluded as a |
| 3 | and picnicking. These | matter of law.  (See Fed. R. |
| 4 | activities add to the | Evid. 702, Adv. Comm. Note |
| 5 | recreational economic value | 2000; *Brown v. Southeastern* |
| 6 | of Lunada Bay. It is also my | *Pa. Transp. Auth.* (3rd Cir. |
| 7 | understanding that many | 1994) 35 F.3d 717, 743.) |
| 8 | coastal trails go nearby | Mere generalities about |
| 9 | Lunada Bay and thus any | "beach-related activities," |
| 10 | impingement on the ability of | "recreational economic |
| 11 | visitors to hike by Lunada | value," "impingement on the |
| 12 | Bay may also impact the | ability of visitors to hike," |
| 13 | entire coastal trail system in | and "impact [on] the entire |
| 14 | that area." | coastal trail system" fail to |
| 15 | | establish a factual basis for |
| 16 | | the statement offered.  It is |
| 17 | | mandatory that "an expert |
| 18 | | must back up his opinion with |
| 19 | | *specific* facts."  (See *Guidroz-* |
| 20 | | *Brault v. Missouri Pac. R R* |
| 21 | | *Co.* (9th Cir. 2001) 254 F.3d |
| 22 | | 825, 831.)  Expert testimony |
| 23 | | is not helpful if it consists |
| 24 | | merely of conclusory or |
| 25 | | unsupported assertions.  (See |
| 26 | | *In re Circuit Breaker* |
| 27 | | *Litigation* (C.D. Cal. 1997) |
| 28 | | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 24 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

984 F.Supp. 1267, 1282; see also *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The City further objects to the each statement with the preamble "I understand" and/or "my understanding" on the grounds that those statements lack foundation, is vague and ambiguous, and is unduly speculative, insofar as the declarant fails to set forth any basis for these unsubstantiated and inadmissible bald assertions. The City further objects to the reference to "comparator beaches," to the extent that the declarant fails to identify any specific criteria that would constitute a "comparator" beach.  The City further objects to the phrases "high value" and "significantly different" on as

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 25 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | vague, ambiguous, lacking foundation, and constituting impermissible speculation. | |
| 16.  Paragraph 17, p. 7:17-28 "Because Lunada Bay is a premier surf spot, based upon my initial research, if it were not for localism I would conservatively anticipate a range of 20 to 25 surfers to be in the water on the main point when good surfing conditions are present and even more on the weekends. Making the assumption of two morning sessions per day and one evening session per day, during good conditions, this should equate to between 60 and 75 surfers per day using Lunada Bay plus some additional surfers surfing at non-peak hours. In addition to surfers, I would also expect there to be out-of-area sightseers and other daytrip visitors. But based upon my | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See General Elec. Co. v. Joiner (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; Brown v. Southeastern Pa. Transp. Auth. (3rd Cir. 1994) 35 F.3d 717, 743.) Mere generalities about "initial research," the declarant's "assumption," and "preliminary research," fail to | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 26 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | |
|---|---|
| 1 | preliminary research, I understand that the current number of surfers in the water is typically far fewer at 4 to 8 surfers during a regular morning or evening session, and that non-surfing day-trip visitors are significantly fewer as well." | establish a factual basis for the statement offered.  It is mandatory that "an expert must back up his opinion with *specific* facts."  (<u>See</u> *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not helpful if it consists merely of conclusory or unsupported assertions.  (<u>See</u> *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; <u>see also</u> *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The City further objects to the each statement with the preamble "I understand" and/or "my understanding" on the grounds that those statements lack foundation, is vague and ambiguous, and is unduly speculative, insofar as the declarant fails to set forth |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 27 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | any basis for these unsubstantiated and inadmissible bald assertions. The City further objects to the entire unsubstantiated calculation as lacking foundation, lacking any specification of methodology or acceptance of such unspecified methodology, and accordingly, constitutes inadmissible speculation and unsupported conclusions. The City further objects to the declarant's unsubstantiated calcuations, insofar as he fails to indicate any personal knowledge forming the basis of such calculations, and further fails to specify any other basis for such calculations. | |
| 17.  Paragraph 18, p. 8:1-2 "On an annual basis, I was able to preliminarily estimate the number of surfers and beachgoers at Lunada Bay by | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 28 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| basic arithmetic." | sufficiently based in fact, well-reasoned, and not speculative.  (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.)  Mere generalities about "preliminary estimate[s]," and "basic arithmetic," fail to establish a factual basis for the statement offered.  It is mandatory that "an expert must back up his opinion with *specific* facts."  (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not helpful if it consists | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 29 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| 1 | merely of conclusory or | |
| 2 | unsupported assertions.  (See | |
| 3 | *In re Circuit Breaker* | |
| 4 | *Litigation* (C.D. Cal. 1997) | |
| 5 | 984 F.Supp. 1267, 1282; <u>see</u> | |
| 6 | <u>also</u> *Intelligent Computer* | |
| 7 | *Solutions, Inc., v. Voom* | |
| 8 | *Technologies, Inc.* (C.D. Cal. | |
| 9 | 2006) 509 F.Supp. 2d 847, | |
| 10 | 861.) The City further objects | |
| 11 | to the entire statement as | |
| 12 | lacking foundation, lacking | |
| 13 | any specification of | |
| 14 | methodology or acceptance of | |
| 15 | such unspecified | |
| 16 | methodology, and | |
| 17 | accordingly, constitutes | |
| 18 | inadmissible speculation and | |
| 19 | unsupported conclusions. | |
| 20 | The City further objects to the | |
| 21 | declarant's unsubstantiated | |
| 22 | calcuations, insofar as he fails | |
| 23 | to indicate any personal | |
| 24 | knowledge forming the basis | |
| 25 | of such calculations, and | |
| 26 | further fails to specify any | |
| 27 | other basis for such | |
| 28 | | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 30 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | calculations. | |
| 18.  Paragraph 19, p. 8:3-21 "Based on my experience, data, and information I have reviewed to date, I have preliminarily concluded that a reasonable, likely conservative, estimate of the recreational value of the surfing at Lunada Bay is between $50 and $80 per person per visit during the high season (November to March) and approximately half of that during the rest of the year. Using that figure and data showing a beach like Lunada Bay should conservatively have at least 20,000 to 25,000 annual surfers plus other hikers and visitors, I have estimated the lost surfing recreational value caused by localism since 1970 to be at least $50,000,000 including modest interest. And over | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.) Mere generalities about "experience, data, and information," the declarant's "conservative estimate of…recreational value," "figure and data," and | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 31 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

1  each of the last five years, I estimate the lost surfing recreational value caused by localism to be at least $1 million per year. Further, while Lunada Bay's scenic beauty and unique recreational opportunities within Los Angeles County make it irreplaceable, I have preliminarily concluded that a reasonable, if not extremely conservative, overall economic value of Lunada Bay using the recreational value method would exceed $50,000,000 if it did not suffer under localism. Indeed, I believe my early annual loss, aggregate loss since 1970, and total value estimates could significantly undervalue the actual loss and a more detailed analysis could determine that the actual economic value is much higher."

"recreational value method" fail to establish a factual basis for the statement offered.  It is mandatory that "an expert must back up his opinion with *specific* facts."  (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not helpful if it consists merely of conclusory or unsupported assertions.  (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; see also *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The City further objects to the statements regarding a recreational value of "$50 to $80 per person per visit during the high season," "20,000 to 25,000 annual surfers plus other hikers and visitors," "lost surfing

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 32 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

recreational value caused by localism…to be at least $50,000,000," "lost surfing recreational value caused by localism to be at least $1 million per year," and "a reasonable, if not extremely conservative, overall economic value of Lunada Bay using the recreational value method would exceed $50,000,000 if it did not suffer under localism," on the grounds that those statements lack foundation, are vague and ambiguous, and are unduly speculative, insofar as the declarant fails to set forth any basis for these unsubstantiated and inadmissible bald assertions. The City further objects to the entire unsubstantiated calculation of visitors and economic value as lacking foundation, lacking any specification of methodology

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 33 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | or acceptance of such unspecified methodology, and accordingly, constitutes inadmissible speculation and unsupported conclusions. The City further objects to the declarant's unsubstantiated calcuations, insofar as he fails to indicate any personal knowledge forming the basis of such calculations, and further fails to specify any other basis for such calculations. | |
| 19.  Paragraph 20, p. 8:22-28, p. 9:1-4 "Because I have just started my research and have only conducted a preliminary analysis, the conclusions I have reached in my initial valuations are intentionally conservative. My final recreational economic valuation may be higher. For example, as I study and add in recreational value for the non-surfing beach-related activities | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See General Elec. Co. v. Joiner (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 34 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

such as hiking, photography, viewing the ocean and general sightseeing, tide pooling, snorkeling, scuba diving, sailing, fishing, birding, beach combing, dog walking, and picnicking, I anticipate these values to be higher.  My estimates also assume only three cycles of surfing per day.  However, it is very possible that this estimate is conservative, particularly during peak season and on weekends."

such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.)  Mere generalities about "preliminary analysis," the declarant's "initial valuations," " recreational economic valuation," "recreational value," and "estimates," fail to establish a factual basis for the statement offered.  It is mandatory that "an expert must back up his opinion with *specific* facts." (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not helpful if it consists merely of conclusory or unsupported assertions.  (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267,

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 35 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

1282; see also *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The City further objects to this statement on the grounds that it lacks foundation, is vague and ambiguous, and is unduly speculative, insofar as the declarant fails to set forth any basis for these unsubstantiated and inadmissible bald assertions. The City further objects to this statement as lacking any specification of methodology or acceptance of such unspecified methodology, and accordingly, constitutes inadmissible speculation and unsupported conclusions. The City further objects to the declarant's unsubstantiated "estimates" and "valuations," insofar as he fails to indicate any personal knowledge

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 36 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | forming the basis of such calculations, and further fails to specify any other basis for such calculations.  The declarant's intentionally noncommittal position demonstrates the inadmissibility of such statements. | |

**B.**    **Declaration of Christopher Taloa submitted In support of Plaintiffs' Motion for Class Certification dated November 28, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| **1.  Entire Declaration** | (1) Relevance. FRE 401, 402. Declarant cannot qualify as a putative member of a class against the City as it relates to the sole cause of action against the City.  Taloa has testified that he approves of the actions of the Palos Verdes Estates police, the police have made him feel safe and secure, and they "were on it like hawks." | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 37 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | They've provided extra patrols when asked. "It seems that they had been there every time we called." "What they've done is above and beyond what I was expecting…" See Taloa Deposition, p. 302: 19-15, 303:1-6, 307:12-25, 308:1-4, 310:7-25,  312:12-25, 316:24-25, 317:1-9, Ex. A to Richards Declaration. | |

**C.     Declaration of John Carpenter submitted In support of Plaintiffs' Motion for Class Certification dated December 28, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1. Paragraphs 5-9, p. 4:25-26 Beginning with "5. Back in the early 1980's" and ending with "Based on my friends' experiences…" | (1) Relevance (FRE 401, 402).  This event took place over 35 years prior to the filing of this Complaint.  As the Declarant has no other testimony regarding later events and, given the two year statute of limitations for the sole claim against the City, | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 38 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | the Declarant cannot be part of the putative class as against the City. | |
| 2. <u>Paragraph 15, p. 5:22-24</u> "In response to this conduct, the City of Palos Verdes Estates' police should have taken action to address the issues and treat the situation like a gang injunction." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  The Declarant has no personal knowledge of what the "conduct" at Lunada Bay has been or what actions the City did take since he has not been there since the early 1980's. Therefore, he has no foundation for his "opinion" of what the City should have done. | __SUSTAINED<br><br>__OVERRULED |
| 3. <u>Paragraph 15, p. 5:26-28</u> <u>(repeated at p. 6:1-3)</u> "Instead, the City and the police ignore the complaints or take down reports of aggression but then fail to follow up and investigate and prosecute the | (1) Hearsay.  FRE 801, 802, 803.  This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available.<br>(2) This statement lacks | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 39 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| wrongdoers." | foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.<br><br>The Declarant has no personal knowledge of what the "complaints" have been or what actions the City did take as he did not state he made any complaints. Therefore, he has no foundation for his statement. | |
| 4. <u>Paragraph 15, p. 6:3-4</u><br>"The City and the police also respond by warning surfers to go elsewhere or surf at their own risk." | (1) Hearsay.  FRE 801, 802, 803.  This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available.<br><br>(2) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 40 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | knowledge of the matter." FRE 602. The Declarant has no personal knowledge of how the City and police have responded to any surfers. | |
| 5. <u>Paragraph 15, p. 6:4-6</u> "The City and police department's failure to take these actions reflect their deliberate indifference.  Their actions served to obstruct justice, not enforce it." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. | __SUSTAINED  __OVERRULED |

**D.    Declaration of Michael Sisson submitted In support of Plaintiffs' Motion for Class Certification dated December 21, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1. <u>Paragraph 8, p. 4:21-23</u> "However, their actions are different and it is my experience that there is never any follow-through by Palos Verdes Estates police to resolve this issue." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 41 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | FRE 602.  Declarant has no personal knowledge of all actions that the City has undertaken. | |
| 2. Paragraph 8, p. 4:23-25 "In fact, I am aware that the Palos Verdes Estates' police have a history of blaming the victim-this happened to more than one of my clients." | (1) Hearsay. FRE 801, 802, 803.  This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. (2) This statement in this paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  .  He cannot have personal knowledge of what happened to his clients. | __SUSTAINED __OVERRULED |
| 3. Paragraph 8, p. 4:25-28 "Ultimately, it has been my experience that for decades the Palos Verdes Police have a | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 42 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| history of complicity in illegal exclusion of outsiders at Lunada Bay and other Palos Verdes beaches. | sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of any "complicity" as such has not been set forth in the Declaration. | |
| 4.  <u>Paragraph 10, p.5:4-10, 11-13</u><br>"I want the City of Palos Verdes Estates and to return this beach to the public by enforcing its ordinances and providing signage that clearly designates Lunada Bay as a public beach." "And importantly, I want the Palos Verdes Estates police to be available to help anyone who is unlawfully excluded at Lunada Bay and to take harassment complaints seriously by thoroughly investigating complaints and holding wrongdoers accountable." | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status.<br>(2) These statements lack foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of whether the police have failed to help or failed to take complaints seriously or | __SUSTAINED<br><br>__OVERRULED |

| investigated them seriously. | |

**E.     Declaration of Stephen Neushul submitted In support of Plaintiffs' Motion for Class Certification dated December 13, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
| --- | --- | --- |
| 1. <u>Paragraphs 7-12</u><br>Beginning with "7. I remember a large swell on a clear day in January or February of 2008 or 2009…" ending with "I was furious and found his explanation of this process to be abhorrent." | (1) Relevance (FRE 401, 402). This event took place over 7 years prior to the filing of this Complaint. As the Declarant has no other testimony regarding later events and given the two year statute of limitations for the sole claim against the City, the Declarant cannot be part of the putative class as against the City. Furthermore, he cannot be part of the putative class because he states he lived in Palos Verdes Estates at the time and the class definition pertain to non-residents. Finally, he admits he made no complaint to the police. | __SUSTAINED<br><br>__OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

**F.      Declaration of John Macharg submitted In support of Plaintiffs' Motion for Class Certification dated December 28, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1.  Paragraph 3, p. 2:26-27 "…because it involved a lot of heaving drinking, and to a lesser extent the use of drugs and other illegal activities." | (1) These statements lack foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  The Declarant does not state he observed such activities. | \_\_SUSTAINED<br><br>\_\_OVERRULED |
| 2. Paragraph 7, p. 4:6-7 "Until recently, City officials have publicly stated that the Bay Boys and localism were an 'urban legend'". | **(1)** Hearsay.  Fed. R. Evid. §801, 802.  This is offered for the truth of the statement and there is no exception to the hearsay rule that would apply. | \_\_SUSTAINED<br><br>\_\_OVERRULED |
| 3. Paragraph 8, p. 4:15-20 "I want the City of Palos Verdes Estates to enforce its ordinances fairly and for it to provide signage so people will know Lunada Bay is a public | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non- | \_\_SUSTAINED<br><br>\_\_OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 45 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| beach.  I want the City of Palos Verdes Estates to improve amenities in a fashion that makes it safer, provides improved access to all beachgoers, and is both consistent with this rural spot, the California Coastal Act, and state and federal law." | resident status.  Furthermore, the Coastal Act claim is no longer at issue in this lawsuit, having been dismissed. (2) These statements lack foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of the City's and police's actions with regard to its ordinances and whether people know Lunada Bay is a public beach. | |
| 4.  Paragraph 8, p. 4:23-27 "I want Palos Verdes Estates police to be available to help when people are being unlawfully excluded…And if I am harassed, I want the City of Palos Verdes Estates police to take my complaints seriously." | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status. (2) These statements lack foundation. "A witness may testify to a matter only if | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 46 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of whether the police have failed to help or failed to take complaints seriously. Declarant does not state he ever made any complaint to the police nor does he have any person knowledge of anyone being "unlawfully excluded". | |

**G.      Declaration of Blake Will submitted In support of Plaintiffs' Motion for Class Certification dated December 27, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1. <u>Paragraph 9, p. 4:25-26</u> "The police officer asked my son if he was lost and if he knew where he was going." | (1) Hearsay.  FRE 801, 802, 803.  Every single statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 47 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | exception is available. | |
| 2. <u>Paragraph 9, p. 4:26-27</u><br>"It was clear to me that the police only pulled over my son because he looked like a hardcore biker who did not belong in Palos Verdes Estates." | (1) This statement paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  The Declarant has no personal knowledge of any else' state of mind. | __SUSTAINED<br><br>__OVERRULED |
| 3. <u>Paragraph 9, p. 5:1-3</u><br>"…the police officer…asked me what business I had being Palos Verdes." | (1) Hearsay.  FRE 801, 802, 803.  This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |
| 4. <u>Paragraph 9, p. 5:3-6</u><br>"This was just one of the many examples I have heard about in which the Palos Verdes police participate in the intimidation of the Bay Boys.  The Palos Verdes police officers help the Bay Boys kick out the 'riff raff'…" | (1) Hearsay.  FRE 801, 802, 803.  This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available.<br>(2) This statement paragraph lacks foundation. "A witness | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 48 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  The Declarant has no personal knowledge of any else' state of mind. | |
| 1.  <u>Paragraph 9</u> | (1) This paragraph in the Declaration relates to events that took place nearly ten years prior to the filing of this action.  California's statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. [*Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir.1993).] California's statute of limitations for personal injury actions is **two years**. [*California Code of Civil Procedure*, section 335.1.] Thus, a two-year limitations period applies to all claims under 42 U.S.C. § 1983. | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 49 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | [*Action Apartment Association v. Santa Monica Rent Control Board,* 509 F.3d 1020, 1027 (2007)] Therefore, this Declarant would not be part of the putative class as it relates to the City because the claims are not within the limitations period and, thus, these portions of the Declaration are not relevant. | |

**H.     Declaration of Mark Slatten Submitted In Support of Plaintiffs' Motion for Class Certification dated December 28, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1. Paragraph 7 "In addition, several of CPR's board members and/or volunteers of the organization are surfers and/or enjoy the beach and grew up in areas near Palos Verdes Estates such as Redondo Beach, Rancho Palos Verdes, Hermosa Beach, | This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of what | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 50 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | |
|---|---|
| and Torrance.  They would have liked to have surfed, dived, taken photographs, hiked, or even just enjoyed nature and the beach at Lunada Bay but were afraid because of the reputation that it had for localism.  For example, board member Dave Leuck grew up in Redondo Beach. Having surfed since the age of 8, lived in Hawaii for two years, and having spent six months surfing Mainland Mexico, he has the skill to surf Lunada Bay on good days.  Yet, he has never been able to surf there because of the problems with localism. The same is true for Ian Stenehjem who grew up in Rancho Palos Verdes just 2 miles from Lunada Bay and has surfed his entire life.  Ian is a pilot for a major airline and has surfed the best breaks in the world for the last 20 years but has never been able to surf the | these people have done or would have liked to have done with regard to Lunada Bay. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 51 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| break closest to where he grew up because of the locals**."** | | |
| 2. Paragraph 8, p. 5:6-7 "What was immediately apparent to me was the fact that the City seemed to be challenging the authority of the Coastal Commission." | (1) Hearsay.  FRE 801, 802, 803.  This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. (2) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of what the City was or what not doing based upon a news article. | __SUSTAINED __OVERRULED |
| 3. Paragraph 9 Beginning on page 5, lines 16 with "As part of the investigation in this matter, I have learned how the City of Palos Verdes Estates…" all the | (1) Hearsay.  FRE 801, 802, 803.  Every single statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 52 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| way until page 7, line 3 ending with "….are entitled to coastal access." | exception is available.<br><br>(2) Every single statement in this paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant admits he "learned" these things stated in the paragraph through investigation, thus, he has no personal knowledge of the matters stated therein. | |
| 4.  Paragraph 13, p. 8:15-20 "CRP and I want the City of Palos Verdes to enforce its ordinances fairly and for it provide signage so people will know Lunada Bay is a public beach.  CPR and I want the City of Palos Verdes Estates to improve amenities in a fashion that makes it safer, provides improved access to all | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status.  Furthermore, his discussion of the Coastal Act has no bearing as the Coastal Act claim is no longer at issue in this matter. | __SUSTAINED<br><br>__OVERRULED |

| | | |
|---|---|---|
| beachgoers, and is both consistent with this rural spot, the California Coastal Act, and state and federal law." | | |
| 5. <u>Paragraph 13, p. 8:24-25 and 26-28</u><br><br>"CPR and I want the Palos Verdes Estates police to be available to help when people are unlawfully excluded."<br><br>"And, if someone is harassed, we want the City of Palos Verdes Estates police to take complaints seriously." | (1) This statement paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of whether the police have failed to help or failed to take complaints seriously. Declarant admits he "learned" the  things stated through investigation, thus, he has no personal knowledge of the matters stated therein. | __SUSTAINED<br><br>__OVERRULED |

**I.      Declaration of John W. Innis submitted In support of Plaintiffs' Motion for Class Certification dated December 21, 2016:**

| **MATERIAL OBJECTED TO** | **GROUNDS FOR OBJECTION(S)** | **RULING** |
|---|---|---|

| 1. Paragraphs 4-5 | (1) Relevance (FRE 401, 402).  The cited portions of the Declaration relate to events that took place in 1998, eight years prior to the filing of this action.  California's statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. [*Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir.1993).]  California's statute of limitations for personal injury actions is **two years**. [*California Code of Civil Procedure*, section 335.1.] Thus, a two-year limitations period applies to all claims under 42 U.S.C. § 1983.  [*Action Apartment Association v. Santa Monica Rent Control Board,* 509 F.3d 1020, 1027 (2007)] Therefore, this Declarant would not be part of the putative class as it relates to | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 55 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | the sole cause of action against City because the claims are not within the limitations period and, thus, these portions of the Declaration are not relevant. | |
| 2. <u>Paragraph 6, p. 3:25</u> "The police acted indifferent to my story" | (1) Hearsay.  FRE 801, 802, 803.  This statement is offered to prove the truth of the matter asserted and constitutes inadmissible hearsay for which no exception is available.<br><br>(2) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has not testified to any personal interaction with the police nor having read such a statement. The Declarant has no personal knowledge of whether the police were "indifferent" nor | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 56 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | did the Declarant state what actions he observed.  It is also contrary to later portions of the Declaration in which he states that the police did follow up. | |
| 3. Paragraph 6, p. 3:25-27 "They said they were not going to send someone out to the beach for that type of behavior, but I could fill out a complaint." | **3.** Hearsay.  FRE 801, 802, 803. This is offered for the truth of the matter asserted and there is no exception to the hearsay rule that would apply. | __SUSTAINED  __OVERRULED |

**J.** **Declaration of Stephen Young submitted In support of Plaintiffs' Motion for Class Certification dated December 22, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1.  Paragraphs 1-12 | (1) Relevance FRE 401, 402 The cited portions of the Declaration relate to events that took place over forty years ago.  The statute of limitations for the sole claim against the City is two years. Therefore, the cited | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE
4833-3701-6128.1
11317-242
- 57 -
2:16-cv-02129-SJO-RAO
EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | paragraphs show that this Declarant would not be part of the putative class as it relates to the City and, thus, these portions of the Declaration are not relevant. | |
| 2. <u>Paragraph 12, p. 4:6-7</u><br>"…and I would tell him about the harassment." | (1) Hearsay.  FRE 801, 802, 803.  This statement is offered to prove the truth of the matter asserted and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |
| 3. <u>Paragraph 12, p. 4:8-12</u><br>"The police officer would ask, 'Which one harassed you' but it was clear the police officer was not interested in hearing the answer because all the likely people were too far away to identify." | (1) Hearsay.  FRE 801, 802, 803.  This statement is offered to prove the truth of the matter asserted and constitutes inadmissible hearsay for which no exception is available.<br>(2) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 58 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | knowledge of the matter." FRE 602. The Declarant has no personal knowledge of what the officer "was interested in hearing". | |
| 4.  Paragraph 12, p. 4:14-16 "After getting no meaningful response from the police and police indifference, my efforts to complaint to the police seemed useless and I stopped telling the police about the harassment." | (1) Hearsay.  FRE 801, 802, 803.  This statement is offered to prove the truth of the matter asserted and constitutes inadmissible hearsay for which no exception is available. (2) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has not testified to any personal interaction with the police nor having read such a statement. The Declarant has no personal knowledge of whether the police were "indifferent" or whether their responses were | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 59 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | "meaningful". | |
| 5. <u>Paragraph 13, p. 5:3-18</u><br>"I want the City of Palos Verdes Estates to enforce its ordinances fairly, for it to provide signage so people will know Lunada Bay is a public beach, for it to provide signage marking the safest trails to the shoreline, and for the police to take complaints by visiting beachgoers seriously and be available to help in case non-local beachgoers are assaulted or otherwise unlawfully excluded from Lunada Bay." | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status.<br>(2) These statements lack foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of whether the police have failed to help or failed to take complaints or given citations seriously. | __SUSTAINED<br><br>__OVERRULED |
| 6.  <u>Paragraph 13, p. 5:12-16</u><br>"And if I am harassed, I want the City of Palos Verdes Estates police to take my complaints seriously, to take steps to identify and people that | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non- | __SUSTAINED<br><br>__OVERRULED |

| | | |
|---|---|---|
| harass me, and to give citations or arrest people who have broken the law instead of simply telling me to 'get along' with the locals." | resident status.<br><br>(2) These statements lack foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of whether the police have failed to help or failed to take complaints seriously.  Declarant did not state that he was ever told to "get along" with the locals. | |

**K.**   **Declaration of Ricardo Pastor submitted In support of Plaintiffs' Motion for Class Certification dated December 16, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1.  Paragraphs 4-7 | (1) Relevance. FRE 401, 402. All of these paragraphs refer to events that took place over thirty years ago.  California's statute of limitations for | __SUSTAINED<br><br>__OVERRULED |

Kutak Rock LLP
Attorneys At Law
Irvine

4833-3701-6128.1
11317-242

- 61 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

personal injury actions governs claims brought under 42 U.S.C. § 1983. [*Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir.1993).]  California's statute of limitations for personal injury actions is **two years**. [*California Code of Civil Procedure*, section 335.1.] Thus, a two-year limitations period applies to all claims under 42 U.S.C. § 1983.  [*Action Apartment Association v. Santa Monica Rent Control Board,* 509 F.3d 1020, 1027 (2007)] Therefore, this Declarant would not be part of the putative class as it relates to the City because the claims are not within the limitations period for the sole cause of action against City and, thus, these portions of the Declaration are not relevant.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 62 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| 2. <u>Paragraph 6, p. 3:22-23</u><br>"I saw him pull something off his chest and put it into his pocket; I believe he was removing his name tag." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant does not testify that he saw the officer pull his name tag off. | \_\_SUSTAINED<br><br>\_\_OVERRULED |
| 3. <u>Paragraph 6, p. 3:24</u><br>"…he asked me where I was from." | (1) Hearsay. FRE 801, 802, 803.  This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | \_\_SUSTAINED<br><br>\_\_OVERRULED |
| 4. <u>Paragraph 6, p. 3:26-28</u><br>"The police officer responded, 'Maybe you shouldn't be surfing here.'  He then said he did not want to help me make a report because 'We're not required to carry stationary." | (1) Hearsay. FRE 801, 802, 803.  This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | \_\_SUSTAINED<br><br>\_\_OVERRULED |
| 5. Paragraph 8, p. 4:6-10<br>"I am informed and believe that visitor to Lunada Bay also have | (1) Hearsay. FRE 801, 802, 803.  This statement is offered to prove the truth of | \_\_SUSTAINED<br><br>\_\_OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 63 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| their vehicles vandalized.  I have heard that they returned to their parked vehicles to find their tires flattened, dog feces smeared on their vehicles, door panels kicked in, windshields scored, paint damaged by keys, rocks, or a board with a nail in it, and mirrors broken." | the matter and constitutes inadmissible hearsay for which no exception is available. | |
| 6.  <u>Paragraph 10, p. 4:13-14</u> "Because of the actions by the ….City of Palos Verdes Estates, I am denied access to Lunada Bay." | (1) This statement in this paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant does not state that any action of the City prevented him from accessing Luanda Bay.  He states that he was able to access Lunada Bay. | __SUSTAINED<br><br>__OVERRULED |

**L.     Declaration of Bruce Bacon submitted In support of Plaintiffs' Motion for Class Certification dated December 24, 2016:**

| **MATERIAL OBJECTED** | **GROUNDS FOR** | **RULING** |
|---|---|---|

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 64 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| TO | OBJECTION(S) | |
|---|---|---|
| 1.  Paragraphs 1-11 | (1) Relevance. FRE 401, 402. The cited portions of the Declaration relate to events that took place no later than five years prior to this action and as early as 50 years ago. California's statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. [*Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir.1993).] California's statute of limitations for personal injury actions is **two years**. [*California Code of Civil Procedure*, section 335.1.] Thus, a two-year limitations period applies to all claims under 42 U.S.C. § 1983. [*Action Apartment Association v. Santa Monica Rent Control Board,* 509 F.3d 1020, 1027 (2007)] Therefore, this Declarant | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 65 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | would not be part of the putative class as it relates to the City because the claims are not within the limitations period for the sole cause of action against City and, thus, these portions of the Declaration are not relevant. | |

**M.** **Declaration of Sef Krell submitted In support of Plaintiffs' Motion for Class Certification dated December 29, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1. Paragraph 6, p. 4:9-10 "No one at the station followed up on my complaint." | (1) These statements lack foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of what actions the police undertook to investigate his complaint. | __SUSTAINED  __OVERRULED |
| 2. Paragraph 6, p. 4:10-11 "I was told that detective Velda was the handling detective and | (1) Hearsay.  FRE 801, 802, 803.  This statement in this paragraph is offered to prove | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 66 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| closed it, without as far as I know any further investigation." | the truth of the matter and constitutes inadmissible hearsay for which no exception is available. (2) This statement in this paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  The Declarant has no personal knowledge of what actions the police undertook to investigate his complaint. | |
| 3. Paragraph 7, p. 4:16-18 "I was interviewed about my experiences at Lunada Bay and related the fact that the police never followed through with their investigation." | (1) Hearsay.  FRE 801, 802, 803.  This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. (2) This statement in this paragraph lacks foundation. "A witness may testify to a | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 67 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  The Declarant has no personal knowledge of what investigation the police took. | |
| 4. <u>Paragraph 9, p. 4:26-27</u> "With my situation, it took an article in the Los Angeles Time to get the police to investigate my case." | (1) This statement in this paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. The Declarant has no personal knowledge of when and what the City police may have done to investigate the case. | __SUSTAINED<br><br>__OVERRULED |

**N.    Declaration of Jason Gersch submitted In support of Plaintiffs' Motion for Class Certification dated December 28, 2016:**

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242
- 68 -
2:16-cv-02129-SJO-RAO
EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1. <u>Paragraphs 1-11</u> | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status.  The cited portions of the Declaration relate to events that took place no earlier than five years prior to the filing of this action and as early as almost 50 years ago. California's statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. [*Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir.1993).]  California's statute of limitations for personal injury actions is **two years**. [*California Code of Civil Procedure*, section 335.1.] Thus, a two-year limitations period applies to all claims | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 69 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | under 42 U.S.C. § 1983. [*Action Apartment Association v. Santa Monica Rent Control Board,* 509 F.3d 1020, 1027 (2007)] Therefore, this Declarant would not be part of the putative class as it relates to the City because the claims are not within the limitations period and, thus, these portions of the Declaration are not relevant. | |
| 2. <u>Paragraph 6, p. 4:1</u> "He felt the police were corrupt." | (1) Hearsay.  FRE 801, 802, 803.  This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. (2) This statement in this paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  FRE 602.  Declarant has no personal | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 70 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | knowledge of what another person felt. | |
| 4. <u>Paragraph 7, p. 4:14</u> "…the officer demanded to see our drivers' licenses." | (1) Hearsay.  FRE 801, 802, 803.  This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |
| 5. <u>Paragraph 7, p. 4:14-15</u> "The officer then stated 'you are a long way from home' and 'it's getting late so you need to leave.'" | (1) Hearsay.  FRE 801, 802, 803.  This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |
| 6. <u>Paragraph 8, p. 4:17-18</u> "…I was detained by PVE police while attending a house party in Lunada Bay." | (1) Relevance. FRE 401, 402. This is not relevant to the subject matter and the sole claim of the Plaintiffs as against the City as it has nothing to do with Declarant's access to Lunada Bay as a non-resident beachgoer. | __SUSTAINED<br><br>__OVERRULED |
| 7. <u>Paragraph 8, p. 4:19-20</u> ". . . and told him (sic) to | (1) Hearsay.  FRE 801, 802, 803.  This statement in this | __SUSTAINED<br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 71 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| 'walk towards Torrance.'" | paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | |
| 8. Paragraph 9, p. 4:24-25 "Until just recently, City officials have publicly stated that the Bay Boys and localism were an 'urban legend'." | (1) Hearsay.  FRE 801, 802, 803.  This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |
| 9. Paragraph 10, p. 10:4-9 "I want the City of Palos Verdes Estates to enforce its ordinances fairly and for it to provide signage so people will know Lunada Bay is a public beach.  I want the City of Palos Verdes Estates to improve amenities in a fashion that makes it safer, provides improved access to all beachgoers, and is both consistent with this rural spot, the California Coastal Act, and state and federal | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status.  Furthermore, the Coastal Act claim is no longer at issue in this lawsuit, having been dismissed.<br>(2) These statements lack foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the | __SUSTAINED<br><br>__OVERRULED |

4833-3701-6128.1
11317-242

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

| | | |
|---|---|---|
| law." | witness has personal knowledge of the matter." FRE 602. Declarant has no personal knowledge of the City's and police's actions with regard to its ordinances and whether people know Lunada Bay is a public beach. | |
| 10. Paragraph 10, p. 5:12-14, 15-16<br><br>"I want Palos Verdes Estates police to be available to help when people are unlawfully excluded…..And if am harassed, I want the City of Palos Verdes Estates police to take my complaints seriously." | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status.<br>(2) These statements lack foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. Declarant has no personal knowledge of whether the police have failed to help or failed to take complaints seriously. Declarant does not | __SUSTAINED<br><br>__OVERRULED |

| | | |
|---|---|---|
| | state he ever made any complaint to the police nor does he have any person knowledge of anyone being "unlawfully excluded". | |

**O.     Declaration of Jordon Wright submitted In support of Plaintiffs' Motion for Class Certification dated December 23, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1. Paragraph 16, p. 10:8-10 "Further, people are afraid because they believe the police are 'in on it' when it comes to the Bay Boys and keeping Palos Verdes Estates for locals only." | (1) These statements lack foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  The Declarant does not have personal knowledge of other people's state of mind. | __SUSTAINED<br><br>__OVERRULED |
| 2. Paragraph 19, p. 11:11-14 "I could see people were drinking beer and carrying beer at Lunada Bay.  It was also common for me to smell | (1) These statements lack foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 74 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| marijuana." | that the witness has personal knowledge of the matter." FRE 602.  The Declarant does not have personal knowledge of what these other people were doing absent testimony about what containers were being used or whether he saw marijuana. | |
| 3. <u>Paragraph 19, p. 11:22-23</u> "They said words to the effect of 'We cannot guarantee your safety if you stay here.'" | (1) Hearsay.  FRE 801, 802, 803.  This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |
| 4. <u>Paragraph 19, p. 11:26-28</u> "This didn't make sense to me because they two policemen below had seen how David Melo was acting, saw what he was doing, and  had just convinced me not to surf- saying they couldn't guarantee my safety." | (1) Hearsay.  FRE 801, 802, 803.  This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. (2) This statement in this paragraph lacks foundation. "A witness may testify to a matter only if evidence is | __SUSTAINED<br><br>__OVERRULED |

| | | |
|---|---|---|
| | introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  The Declarant does not have personal knowledge of other people's state of mind. | |
| 5. Paragraph 19, p. 12:1-6 "[t]he older policeman asked Diana if she wanted to make a citizen's arrest.  But in doing so, he warned her about the civil liability and risk she might incur from making a citizen's arrest.  He said something like, 'These people area all from the community, they're wealthy, and they can hire good lawyers.'  The older policeman then convinced me that it was not worth making a citizen's arrest, too.  Eventually, he convinced Diana of this same outcome." | (1) Hearsay.  FRE 801, 802, 803.  This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. (2) This statement in this paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  The Declarant does not have personal knowledge of other people's state of mind. | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 76 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| 6. <u>Paragraph 22, p. 13:2-6</u> "For example, I understand my dad who is a sergeant in the Los Angeles County Sheriff's Department wrote Palos Verdes Estates Police Chief Jeff Kepley regarding his first hand experience of harassment at Lunada Bay and possible solutions, and my dad was ignored." | (1) Hearsay. FRE 801, 802, 803. This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. (2) This statement in this paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. The Declarant does not have personal knowledge of whether Chief Kepley took action with regard to Declarant's father. | __SUSTAINED __OVERRULED |
| 7. <u>Paragraph 22, p. 13:8-10</u> "I was told by the dispatcher that they could not because they were too busy doing traffic control in the rain." | (1) Hearsay. FRE 801, 802, 803. This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE
4833-3701-6128.1
11317-242
- 77 -
2:16-cv-02129-SJO-RAO
EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| 8.  <u>Paragraph 22, p. 13:14-16</u> "Instead, because I complained, I understand someone within the City suggested they investigate me for wrongdoing rather than investigate my concerns." | (1) Hearsay.  FRE 801, 802, 803.  This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available.<br>(2) This statement in this paragraph lacks foundation.  "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  FRE 602.  Declarant does not have personal knowledge of the city's state of mind. | __SUSTAINED<br><br>__OVERRULED |
| 9.  <u>Paragraph 22, p. 16-17</u> "Further, I understand the police have called the problem of the Bay Boys an 'urban legend'." | (1) Hearsay.  FRE 801, 802, 803.  This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |

P.   Declaration of Chris Claypool submitted In support of Plaintiffs' Motion for Class Certification dated December 29, 2016:

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1. <u>Paragraph 13, p. 5:12-14</u> "Having watched the localism issue over the years, I am extremely disappointed in the way the Palos Verdes Estates and the Police have handled it." | (1) Relevance FRE 401, 402. The Declarant provides no instances of having witnessed "the way" the City or the police have handled anything. Therefore, his disappointment is not relevant. (2) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  There is no foundation for his disappointment. | __SUSTAINED<br><br>__OVERRULED |
| 2. <u>Paragraph 13, p. 5:14-15</u> "Until just recently, City officials have publicly stated that the Bay Boys and localism were urban legend." | (1) Hearsay.  FRE 801, 802, 803.  This statement is offered to prove the truth of the matter asserted and constitutes inadmissible | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 79 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | hearsay for which no exception is available.<br><br>(2) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has not testified to any personal interaction with the police nor having read such a statement. | |
| 3. <u>Paragraph 13, p. 6:1-2</u><br>"I want Palos Verdes Estates police to be available to help when people are unlawfully excluded." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has not testified to any personal interaction with the police nor having read such a statement. Declarant has no personal knowledge that anyone has been unlawfully excluded. | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 80 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

Q.      **Declaration of James Conn submitted In support of Plaintiffs' Motion for Class Certification dated December 16, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1. <u>Paragraphs 7-8, p. 3-4</u> Beginning on page 3 at line 20 with "On one visit to Lunada Bay in the early-to-mid 1980s, after surfing..." and ending with "I drove to the nearest pay phone which was about a mile away and reported the incident to the Palos Verdes police but they never came out to help me" at page 4, lines 1-2. | (1) Relevance. FRE 401, 402. These paragraphs refer to events that took place no later than the 1980's. California's statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. [*Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir.1993).] California's statute of limitations for personal injury actions is **two years**. [*California Code of Civil Procedure*, section 335.1.] Thus, a two-year limitations period applies to all claims under 42 U.S.C. § 1983. [*Action Apartment Association v. Santa Monica Rent Control Board*, 509 F.3d 1020, 1027 (2007)] | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | Therefore, this Declarant would not be part of the putative class as it relates to the City because the claims are not within the limitations period for the sole cause of action against City and, thus, these portions of the Declaration are not relevant. | |
| Paragraph 8, p. 4:2-3 "They seemed completely uninterested in investigating the incident." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of the state of mind of the police. | __SUSTAINED  __OVERRULED |
| Paragraph 8, p. 4:3-6 "Unfortunately, the Palos Verdes Estates police's disinterest in helping me as an outsider did not surprise me because they had a reputation for being 'in on it' and not helping non-resident | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 82 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| beachgoers who were harassed by the Bay Boys." | personal knowledge of the state of mind of the police. (2) Hearsay. FRE 801, 802, 803.  This statement in this paragraph is offered to prove the truth of the matter that the City made such a statement and constitutes inadmissible hearsay for which no exception is available. | |
| Paragraph 8, p. 4:8-9 "Without the police monitoring or responding to complaints, the Bay Boys' bad behavior seemed to go completely unchecked." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of what police monitoring has taken place nor how they have responded to other complaints. | __SUSTAINED<br><br>__OVERRULED |
| Paragraph 10, p. 4:17-19 I want the City of Palos Verdes Estates to enforce its ordinances fairly and for it | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 83 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| provide signage so people will know Lunada Bay is a public beach." | the putative class therein, which is based upon resident/non-resident status. Declarant has stated no personal knowledge regarding the enforcement of City's ordinances.<br><br>(2) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has stated no personal knowledge regarding the enforcement of City's ordinances. | |
| Paragraph 10, p. 4:19-22<br>"I want the City of Palos Verdes Estates to improve amenities in a fashion that makes it safer, provides improved access to all beachgoers, and is both consistent with this rural spot, the California Coastal Act and | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status. His discussion of the Coastal Act has no bearing as the | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 84 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| state and federal law." | Coastal Act claim is no longer at issue in this matter. | |
| <u>Paragraph 10, p. 4:23-25, 26-27</u> "I want the Palos Verdes Estates police to be available to help when people are unlawfully excluded." "And, if am harassed, I want the City of Palos Verdes police to take my complaints seriously." | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status. (2) This statement paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of whether the police have been available to help others or whether people have been unlawfully excluded. | __SUSTAINED __OVERRULED |

**R.**     **Declaration of Joseph Lanning submitted In support of Plaintiffs' Motion for Class Certification dated December 20, 2016:**

| **MATERIAL OBJECTED** | **GROUNDS FOR** | **RULING** |
|---|---|---|

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 85 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| TO | OBJECTION(S) | |
|---|---|---|
| 1.  Paragraphs 1-7 | (1) Relevance. FRE 401, 402. The cited portions of the Declaration show that the Declarant has had no experience in attempting to visit Lunada Bay.  Therefore, he would not be part of the putative class as it relates to the City and the sole cause of action against the City which is based upon resident/non-resident status, thus, these portions of the Declaration are not relevant.  Furthermore, he has had no interaction with the City. | __SUSTAINED<br><br>__OVERRULED |
| 2. Paragraph 4, p. 3:2-4 "…I have heard that Lunada Bay is off-limits to outsiders and that people will be bullied and assaulted and their cars will be vandalized if they go there." | (1) Hearsay.  FRE 801, 802, 803.  This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |
| 3. Paragraph 4, p. 3:6-8 "I am informed and believe that the locals at Lunada Bay will | (1) Hearsay.  FRE 801, 802, 803.  This statement in this paragraph is offered to prove | __SUSTAINED<br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 86 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| harass not just surfers but anyone who might be perceived as encroaching on their territory." | the truth of the matter and constitutes inadmissible hearsay for which no exception is available. (2) This statement in this paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of what action will take place and what the beliefs of the "locals" are. | |
| 4. Paragraph 6, p. 3:18-20 "…because of the actions by the ….City of Palos Verdes Estates, I am denied access to Lunada Bay." | (1) This statement in this paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has not set forth any actions by the | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 87 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | City that have denied him access to Lunada Bay. | |
| 5. Paragraph 7, p. 4:23-28 "I want the City of Palos Verdes Estates to enforce its ordinances fairly, for it to provide signage so people will know Lunada Bay is a public beach, for it to provide signage marking the safest trails to the shoreline, and for the police to take complaints by visiting beachgoers seriously and be available to help in case non-local beachgoers are assaulted or otherwise unlawfully excluded from Lunada Bay." | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status. (2) These statements lack foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of the City's and police's actions with regard to its ordinances and whether people know Lunada Bay is a public beach. | __SUSTAINED __OVERRULED |
| 6. Paragraph 7, p. 4: "And if am harassed, I want the City of Palos Verdes Estates police to take my complaints seriously, instead of telling me | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 88 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| to get along with the locals." | which is based upon resident/non-resident status. (2) These statements lack foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of whether the police have failed to help or failed to take complaints seriously. Declarant does not state he was ever told to get along with the locals. | |

**S.      Declaration of John Geoffrey Hagins submitted In support of Plaintiffs' Motion for Class Certification dated December 29, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1.  Paragraphs 2-14, pp. 2-6 | (1) Relevance. FRE 401, 402. The cited portions of the Declaration relate to events that took place no earlier than | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP<br>ATTORNEYS AT LAW<br>IRVINE

4833-3701-6128.1<br>11317-242
- 89 -
2:16-cv-02129-SJO-RAO<br>EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

twenty-one years prior to the filing of this action and as early as forty-eight years ago. California's statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. [*Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir.1993).] California's statute of limitations for personal injury actions is **two years**. [*California Code of Civil Procedure*, section 335.1.] Thus, a two-year limitations period applies to all claims under 42 U.S.C. § 1983. [*Action Apartment Association v. Santa Monica Rent Control Board,* 509 F.3d 1020, 1027 (2007)]

Declarant would not be part of the putative class as it relates to the City because the claims are not within the limitations period and, thus,

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 90 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | these portions of the Declaration are not relevant. | |
| 2.  Paragraph 3, p. 3:11-12 "…but to my knowledge the police did not follow up aside from sending a formal letter response." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. The Declarant does not have personal knowledge of what the police department did to "follow up". | __SUSTAINED __OVERRULED |
| 3. Paragraph 4, p. 3:18-20 "…but the police did not seem to take our complaint seriously, and no discernable action was taken nor was a police report filed." | (1) Hearsay. FRE 801, 802, 803.  This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. (2) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 91 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | knowledge of the matter." FRE 602.  Declarant does not have personal knowledge of what action the police department took out of his presence nor of what the police's state of mind was. | |
| 4. <u>Paragraph 4, p. 3:24.</u> "…but they never did anything." | (1) Hearsay. FRE 801, 802, 803.  This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. <br><br> (2) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  The Declarant does not have personal knowledge of what action the police department took out of his presence nor of what the police's state of mind was. | __SUSTAINED <br><br> __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 92 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| 5. <u>Paragraph 9, p. 5:7-9</u> "Sergeant Blee told me 'every letter (I wrote) ends up on his desk,' and that the police could not help me on this case if I did not stop writing letters." | (1) Hearsay. FRE 801, 802, 803. This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |
| 6. <u>Paragraph 11, p. 5: 23-25</u> "We eventually reached a settlement agreement with the city, in which Palos Verdes Estates agreed to take action against the localism problem and make the beach accessible to the public." | (1) Hearsay. FRE 801, 802, 803. This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |
| 7. <u>Paragraph 11, p. 5: 25</u> "…the city did not follow up on its end of the deal." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. Declarant has no personal knowledge of what the City did. | __SUSTAINED<br><br>__OVERRULED |
| 8. <u>Paragraph 13, p. 6:5-7</u> "My son told me that the police | (1) Hearsay. FRE 801, 802, 803. This statement is | __SUSTAINED<br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 93 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| watched as he put on his wetsuit and went into the water before towing the car." | offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | |
| 9. <u>Paragraph 14, p. 14-23</u><br>"In the video, Tim Brown says about Lunada Bay, 'People here do not like outsiders in general…I mean, they pay a price to live here.  They have beautiful views of the ocean from most of the homes in the city…so they are protective of their community as a whole, surfers, or non-surfers.  The people that live in and around that area that surf there do not want pictures taken because it is a gem.  They don't want people to know specifically where it is.  If everyone knows where it is, they have all 8 million surfers from Los Angeles there in that tiny little cove…there is a sense of ownership that's really | (1) Hearsay. FRE 801, 802, 803.  This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 94 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| connected to their feelings about it.' | | |
| 10. Paragraph 18, p. 8:5-7 "The city of Palos Verdes Estates and its police department have been fully aware of the Bay Boys illegal conduct but have blatantly ignored it." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of what the City was aware of and its actions. | __SUSTAINED<br><br>__OVERRULED |
| 11. Paragraph 18, p. 8:10-14 "I believe that they city should be forced to comply with the Coastal Act and at a minimum, put signs up that show the public how to get to the beach area, improve the trails to the beach and make them safe, have video cameras monitor the activity and ban the Bay Boys from accessing the beach for a period of 3 to 5 years." | (1) Relevance. FRE 401, 402. Declarant's beliefs have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status. Furthermore, the Coastal Act claim is no longer at issue in this lawsuit, having been dismissed. | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 95 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

T.    Declaration of Michael Alexander Gero submitted In support of Plaintiffs' Motion for Class Certification dated December 28, 2016:

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1. Paragraphs 6 to 11 | (1) Relevance. FRE 401, 402. All of these paragraphs refer to events that took place no later than 1999.  Given that the statute of limitations for the sole cause of action against the City  California's statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. [*Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir.1993).]  California's statute of limitations for personal injury actions is **two years**. [*California Code of Civil Procedure*, section 335.1.] Thus, a two-year limitations period applies to all claims under 42 U.S.C. § 1983.  [*Action Apartment* | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 96 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | *Association v. Santa Monica Rent Control Board,* 509 F.3d 1020, 1027 (2007)] Therefore, this Declarant would not be part of the putative class as it relates to the City because the claims are not within the limitations period for the sole cause of action against City and, thus, these portions of the Declaration are not relevant. | |
| 2. Paragraph 12, p. 6:2-6 "…I had heard the police weren't effective, were part of the problem, and did not meaningfully look into complaints made about the locals.  I understood they would show up to the scene an hour or two later, and if they made a report, nothing would ever come of it." | (1) Hearsay. FRE 801, 802, 803.  This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. <br> (2) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no | __SUSTAINED <br><br> __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | personal knowledge of what the City police had done as he had no interaction with him and states that he did not inform the police of the incident. | |
| 3. Paragraph 14, p. 6:20-22 "…the police and City have not done nothing to stop them…" | (1) Hearsay.  FRE 801, 802, 803.  This statement in this paragraph is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. (2) This statement in this paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant admits he did not report his incident to the police.  He cannot have personal knowledge of what the police and City have done with regard to Lunada Bay. | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 98 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| 4.  Paragraph 16, p. 7:4-10, 12-15<br><br>"I want the City of Palos Verdes Estates and its police department, including Chief Kepley, to enforce its ordinances fairly and for it provide signage so people will know Lunada Bay is a public beach, for it to provide signage marking the safest trails to the shoreline, and for the police to take complaints by visiting beachgoers seriously and be available to help in case non-local beachgoers are assaulted or unlawfully excluded from Lunada Bay. "<br><br>"And if I am harassed, I want the City of Palos Verdes Estates police to take my complaints seriously, to take steps to identify any people who harass me, and to give citations or arrest people who have broken the law." | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status.<br>(2) These statements lack foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of whether the police have failed to help or failed to take complaints or given citations seriously.  Declarant admits he never reported anything to the police or City. | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 99 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

U.     Declaration of Kenneth Claypool submitted In support of Plaintiffs' Motion for Class Certification dated December 27, 2016:

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1. Paragraph 32, p. 13:9-11 "Having watched the localism issue over the years, I am extremely disappointed in the way the Palos Verdes Estates and the Police have handled it." | (1) Relevance (FRE 401, 402). Declarant provides no instances of having witnessed "the way" the City or the police have handled anything. Therefore, his disappointment is not relevant. (2) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. Declarant has no personal knowledge of how the City may have "handled it" as he testified to no personal interactions with the City and police. | __SUSTAINED __OVERRULED |
| 2. Paragraph 32, p. 13:14-15 "Until just recently, City | (1) Hearsay. FRE 801, 802, 803. This statement in this | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 100 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| officials have publicly stated that the Bay Boys and localism were urban legend." | paragraph is offered to prove the truth of the matter that the City made such a statement and constitutes inadmissible hearsay for which no exception is available. | |
| 3. <u>Paragraph 33, p. 13:19-21</u> "I want the City of Palos Verdes Estates to enforce its ordinances fairly and for it provide signage so people will know Lunada Bay is a public beach." | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status. Declarant has stated no personal knowledge regarding the enforcement of City's ordinances. <br><br>(2) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has stated no personal knowledge regarding the enforcement of | __SUSTAINED <br><br> __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 101 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | City's ordinances. | |
|---|---|---|
| 4. <u>Paragraph 33, p. 13:21-24</u> "I want the City of Palos Verdes Estates to improve amenities in a fashion that makes it safer, provides improved access to all beachgoers, and is both consistent with this rural spot, the California Coastal Act, and state and federal law." | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status. Furthermore, his discussion of the Coastal Act has no bearing as the Coastal Act claim is no longer at issue in this matter. | __SUSTAINED<br><br>__OVERRULED |
| 4. <u>Paragraph 33, p. 13:27-28, 14:1</u> "I want Palos Verdes Estates police to be available to help when people are unlawfully excluded." | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status. (2) This statement paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 102 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | FRE 602. Declarant has no personal knowledge of whether the police have been available to help or whether people have been unlawfully excluded. | |
| 5. Paragraph 33, p. 14:2-3 "And, if I am harassed, we want the City of Palos Verdes Estates police to take my complaints seriously | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status. (2) This statement paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. Declarant has no personal knowledge of whether the police have failed to help or failed to take complaints seriously | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 103 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

**V.     Declaration of Diana Milena Reed submitted In support of Plaintiffs' Motion for Class Certification dated December 28, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1. <u>Paragraph 12, p. 5: 28 – 6:1-2</u><br>"They did not do anything to help me while I was being verbally assaulted, though they witnessed and overheard the incident." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  The Declarant has no personal knowledge of what the police witnessed and overheard. | __SUSTAINED<br><br>__OVERRULED |
| 2. <u>Paragraph 14, p. 6:9-13</u><br>"The policeman told me I could make a citizen's arrest but that if I did, I would be at risk of getting sued because people at Lunada Bay are wealthy and can afford to hire good lawyers. The policeman discouraged me from making a citizen's arrest, told me it wasn't a good idea, and said I risked subjecting | (1) Hearsay.  FRE 801, 802, 803.  This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |

| | | |
|---|---|---|
| myself to liability." | | |
| 3. <u>Paragraph 14, p. 6:18-22</u> "But the two police officers who were on the shoreline had heard what Mello was saying, and also could observe that Mello was behaving erratically and harassing us." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of what police heard or observed. | __SUSTAINED<br><br>__OVERRULED |
| 3. <u>Paragraph 14, p. 6:24</u> "Nonetheless, the older police officer refused to arrest Mello." | (1) Hearsay.  FRE 801, 802, 803.  This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available.<br>(2) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.<br>Declarant has no personal | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP<br>
ATTORNEYS AT LAW<br>
IRVINE

4833-3701-6128.1<br>
11317-242

- 105 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | knowledge of what the officer did or did not do outside of her presence.  She provides no foundation for this statement regarding a "refusal". | |
| 4. <u>Paragraph 14, p. 6:24-27</u> "These same officers who had observed Mello were also in the position to notice that the locals in the Rock Fort had beer and were illegally drinking and breaking other laws on the shoreline." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. The Declarant has no personal knowledge of what the officers noticed and whether they noticed any illegal actions or laws being broken. | __SUSTAINED<br><br>__OVERRULED |
| 5. <u>Paragraph 15, p. 7:1</u> "…that the police did nothing." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE
4833-3701-6128.1
11317-242
- 106 -
2:16-cv-02129-SJO-RAO
EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | FRE 602. Declarant testified that the police did undertake action. | |
| 6. <u>Paragraph 18, p. 8:4</u><br>"I was told the police were unavailable…" | (1) Hearsay. FRE 801, 802, 803. This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available.<br>(2) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. Declarant testified that she could not recall the specific wording of the person she spoke to. "The memory is extremely vague so I'm assuming that's what they said but it's very hard for me to remember. I don't know." See Reed Deposition, Ex. B to Richards Decl. | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 107 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | 214:6-12. | |
| 7. <u>Paragraph 27, p. 11:3-4</u> "They told me he was a local resident and owns a home in Palos Verdes Estates." | (1) Hearsay.  FRE 801, 802, 803.  This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. <br> (2) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant testified in deposition that she could not specifically describe the conversation with the policeman.  "…so I've blocked a lot of that out…But I can't specifically describe the conversation I had with the policeman other than I remember telling him what happened to me and why I was upset." | __SUSTAINED <br><br> __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 108 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | See Reed Deposition, 217:9-24, Ex. B to Richards Decl. | |
| 8. <u>Paragraph 28, p. 11:7-9</u> "The police clearly knew him because as they approached him, they greeted him by saying, 'Hi Charlie'. Also they told me that they knew him." | (1) Hearsay. FRE 801, 802, 803. This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |
| 9. <u>Paragraph 29, p. 11:16-21</u> "The officer also told me that they have a 'book containing driver's license photographs of all Lunada Bay Boys' gang members and that I could look through this book to identify the other men who were involved. He said it wouldn't be a problem to identify the individuals because they all know all the people who frequent the area." | (1) Hearsay. FRE 801, 802, 803. These statements are offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |
| 10. <u>Paragraph 30, p. 12:1-3</u> "It seemed to me that they were completely disinterested in investigating the incident." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 109 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of another's state of mind. | |
|---|---|---|
| 11. <u>Paragraph 30, p. 12:4-6</u> "…he said words to the effect of 'Why would a woman want to go to that beach and Rock Fort anyways?  There are only rocks down there.'" | (1) Hearsay.  FRE 801, 802, 803.  These statements are offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |
| 12. <u>Paragraph 31, p. 12:12-17</u> "Chief Kepley and Captain Best said although they had photographs of the Lunada Bay Boys members, they would not allow me to review the photos- they claimed doing so might impede the investigation or somehow violate the law." | (1) Hearsay.  FRE 801, 802, 803.  These statements are offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |
| 13. <u>Paragraph 31, p. 15-16</u> "They seemed unfamiliar with the incident…." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 110 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | knowledge of the matter." FRE 602.  Declarant has no personal knowledge of another's state of mind. | |
|---|---|---|
| 14.  <u>Paragraph 31, p. 12:19-23</u> "…Captain Best said that there are judges and lawyers who surf down there, implying that it was a difficult situation to remedy.  I asked Chief Kepley if it was safe for me to go down there and he replied along the lines that he wished it was safe but it's not. He said that he wouldn't even tell a man to go down there and that he viewed it as a long term problem." | (1) Hearsay.  FRE 801, 802, 803.  These statements are offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED __OVERRULED |
| 15. <u>Paragraph 39, p. 14:25-28, p. 15:1-2</u> "I believe that the City of Palos Verdes Estates and Chief Kepley have failed to create safe and public access to Lunada Bay.  My experiences at Lunada Bay have shown me that the City  and the Chief have allowed the Bay Boys, | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant states that she continues to visit Lunada Bay and is | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 111 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| including Brant Blakeman, Alan Johnston, Charlie Ferrara, and others to intimidate, sexually assault, threaten, harass, and batter people whom they believe are 'outsiders'." | undeterred.  She has no personal knowledge of the totality of the actions taken by the City and Chief Kepley. She also is not an expert on police practices.<br><br>(2) Relevance (FRE 401, 402).  These statements have no relevance to the sole cause of action against the City which pertains to the distinction between residents and non-residents.  The term "outsiders" can apply to nearly anyone. | |
| 16.  Paragraph 39, p. 15:3<br>"…police simply do not enforce the no-drinking laws. The police also demonstrate no interest in actually enforcing the law to maintain a safe and secure public beach- and discourage complaints. Instead, if a visitor insists on complaining, they may write a police report to make it appear as if they are taking the | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of the totality of the actions taken by the City and Chief Kepley or of the state of mind of the | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 112 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| complaint seriously, but they fail to follow-up or investigate the incident." | police. She has no personal knowledge of any complaints filed by others. She also is not an expert on police practices.<br><br>(2) Relevance (FRE 401, 402). These statements have no relevance to the sole cause of action against the City which pertains to the distinction between residents and non-residents. | |
| 17. Paragraph 39, p. 15:8-10 "These actions by the police allow the Bay Boys to illegally keep visitors away from Lunada Bay with acts of intimidation, and violence." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. Declarant has no personal knowledge of the totality of the actions taken by the City and Chief Kepley or of the state of mind of the police. She has no personal knowledge of any complaints filed by others. She also is | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 113 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | not an expert on police practices.  She also makes a legal conclusion. | |
| 18.  Paragraph 41, p. 15:15-22 "The City should take steps to make it clear to everyone that Lunada Bay is a public beach accessible to all who seek to enjoy it.  I believe that the City should also create a safe pathway down to the beach, a path down the cliff where you can go without fear of falling down.  They City should install signs that clearly indicate that it is a public beach and where access trails are located.  Adding seating, trash cans, and other similar improvements to the shoreline and bluff will also make it clear that it is a public beach open to visitors." | (1) This statement paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  FRE 602.  Declarant has no personal knowledge of other's perception of whether the beach is public and open to visitors.<br>(2) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status rather than the category of "visitors" or "everyone". | __SUSTAINED<br><br>__OVERRULED |
| 19.  Paragraph 41, p. 15:22-24 "The police should also take all complaints pertaining to beach | (1) Relevance. FRE 401, 402. Declarant's opinions have no relevance to the sole cause of | __SUSTAINED<br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 114 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| access and violence seriously, including conducting follow-up investigations and holding the perpetrators accountable." | action against the City and the putative class therein, which is based upon resident/non-resident status. (2) This statement paragraph lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. Declarant has no personal knowledge of whether the police have failed to help or failed to take complaints seriously. She testified that the police investigated both of the complaints she made. She has no personal knowledge of the actions of the City regarding "perpetrators". | |

**W.    Declaration of Amin Akhavan submitted In support of Plaintiffs' Motion for Class Certification dated December 12, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 115 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| 1. <u>Paragraphs 1-15</u> | (1)  Relevance. FRE 401, 402.<br><br>These portions of the Declaration have no bearing on the sole cause of action as against the City namely that the City treated non-resident beachgoers differently the resident beachgoers.  This Declarant has had no interaction with the City and he lives in Palos Verdes Estates, thus, the Declaration has no relevance to the claims against the City. | __SUSTAINED<br><br>__OVERRULED |
|---|---|---|
| 2. <u>Paragraph 15, p. 5:8-9</u><br>"I believe that many residents do not want people coming to our neighborhood." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  The Declarant has no personal knowledge of the desires and beliefs of other residents of Palos Verdes Estates. | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 116 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

**X.    Declaration of Peter Neushul submitted In support of Plaintiffs' Motion for Class Certification dated December 23, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1.  Paragraph 2, p. 3:2-6 "I am an expert on surf history generally, surf culture generally, surfing rules, and both California surf history and culture. I have studied surfing's explosion in popularity and the increased number of people who seek to surf. Related, I've studied localism and beaches known to be 'for locals only.'" | Objection.  The City objects to this statement on the grounds that the declarant's credentials do not sufficiently qualify the declarant to provide the specific expert opinions stated elsewhere in this Declaration.  (Fed. Rules Evid. 104(a), 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579-591; *Ellis v. Costco Wholesale Corp.* (9th Cir. 2011) 657 F.3d 970, 982.)  Mr. Neushul allegedly possesses a generalized background in "surf culture," but nothing in his attached CV or his stated qualifications demonstrates he is qualified as expert on such "surf culture" and any | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 117 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | substantive nexus with local governments. (See *Jinro America, Inc. v. Secure Inv., Inc.* (9th Cir. 2001) 266 F.3d 993, 1004.) | |
| 2. <u>Paragraph 3, p. 3:7-10</u> "I earned my bachelor's degree in history from UCSB in 1983, my master's degree in history from UCSB in 1986, and my doctorate degree in history from UCSB in 1993. A true and correct copy of my curriculum vitae is attached hereto as **Exhibit 1**." | Objection. The City objects to this statement on the grounds that the declarant's credentials do not sufficiently qualify the declarant to provide the specific expert opinions stated elsewhere in this Declaration. (Fed. Rules Evid. 104(a), 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579-591; *Ellis v. Costco Wholesale Corp.* (9th Cir. 2011) 657 F.3d 970, 982.) Mr. Neushul allegedly possesses a generalized background in "surf culture," but nothing in his attached CV or his stated qualifications demonstrates he is qualified as expert on such "surf culture" and any | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 118 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | substantive nexus with local governments.  (See *Jinro America, Inc. v. Secure Inv., Inc.* (9th Cir. 2001) 266 F.3d 993, 1004.) | |
| 3.  <u>Paragraph 4, p. 3:11-22</u> "Modern surfing originated in Hawaii, and it was brought to the mainland by Hawaiians. George Freeth, who was one-quarter Hawaiian, visited California beginning in 1907 to promote surfing and Hawaiian tourism. He gave surfing demonstrations as the "Hawaiian Wonder" and the "Man Who Walks On Water." Duke Kahanamoku, a native Hawaiian who grew up surfing, later brought more attention to surfing to the mainland. Kahanamoku first gained notice as a swimmer, and he won medals at the 1912, 1920, and 1924 Olympics, including gold in the 100-meter freestyle in | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.)  The declarant fails to establish a factual basis for the statement | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 119 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| 1912 and 1920. With his new fame, Kahanamoku toured the United States, giving surfing demonstrations and appearing in Hollywood movies. During this period, swimming was increasingly promoted as a form of exercise for desk-bound middle-class workers." | offered.  It is mandatory that "an expert must back up his opinion with *specific* facts." (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not helpful if it consists merely of conclusory or unsupported assertions.  (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; see also *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The statement lacks foundation, lacking any specification of methodology or acceptance of such unspecified methodology, and accordingly, constitutes inadmissible speculation and unsupported conclusions. | |
| 4.  Paragraph 5, p. 3:23-28, p. 6:1-6 "The evolution of the surfboard itself has roots in | Objection.  The City objects to this statement as speculative and lacking | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 120 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | |
|---|---|
| 1 | |
| 2 | |

Southern California. The surfboards used in the early 20th century were made of redwood and could weigh over a hundred pounds, making them difficult to use. Surfers began experimenting using lighter balsa wood and drilling hollow boards. An even lighter surfboard featuring internal ribs topped by a plywood sheath is credited to Tom Blake, a surfer who moved from the Midwest to Los Angeles and his connections with an engineer at the California Institute of Technology ("Caltech"). A Caltech student, Robert Simmons, later created a hybrid board using Styrofoam, balsa rails, and a plywood veneer sealed with fiberglass and resin. With the advent of cheaper, lighter polyurethane foam boards in the 1950s, surfing became more accessible to the masses."

foundation. Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative. (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.) To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law. (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.) The declarant fails to establish a factual basis for the statement offered. It is mandatory that "an expert must back up his opinion with *specific* facts." (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.) Expert testimony is not helpful if it consists merely of

4833-3701-6128.1 11317-242    2:16-cv-02129-SJO-RAO
EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

| | | |
|---|---|---|
| | conclusory or unsupported assertions.  (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; see also *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The City further objects to the entire statement as lacking foundation, lacking any specification of methodology or acceptance of such unspecified methodology, and accordingly, constitutes inadmissible speculation and unsupported conclusions. | |
| 5.  Paragraph 6, p. 4:7-11 "During the 1950s and 1960s, Hollywood contributed to the growing interest in surfing and featured surfing in movies such as "Gidget" and its sequels, the "Beach Party" series with Frankie Avalon and Annette Funicello, and | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See *General Elec. Co. v. Joiner* (1997) | __SUSTAINED<br><br>__OVERRULED |

Kutak Rock LLP<br>Attorneys At Law<br>Irvine

4833-3701-6128.1<br>11317-242

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | |
|---|---|
| "The Endless Summer." Bands including the Beach Boys also promoted the fun lifestyle associated with surfing." | 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.)  The declarant fails to establish a factual basis for the statement offered.  It is mandatory that "an expert must back up his opinion with *specific* facts." (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not helpful if it consists merely of conclusory or unsupported assertions.  (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; see also *Intelligent Computer Solutions, Inc., v.* |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 123 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | *Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The City further objects to the entire statement as lacking foundation, lacking any specification of methodology or acceptance of such unspecified methodology, and accordingly, constitutes inadmissible speculation and unsupported conclusions. | |
| 6.  Paragraph 7, p. 4:12-28  "However, surfing wasn't encouraged for everyone, and exclusionary practices towards African-Americans extended to the beach. In Southern California, for example, cities took measures to keep African-Americans from the beach. For example, I know that the City of Palos Verdes Estates had a covenant that forbade home owners to sell or rent a house to anyone who was not white or | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 124 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

Caucasian or to allow African-Americans on their property, with the exception of chauffeurs, gardeners, and domestic servants. Just north of Palos Verdes Estates, the City of Manhattan Beach used eminent domain to evict African-Americans from a beachfront neighborhood known as Bruce's Beach. Given the hostility displayed towards them elsewhere, African-Americans began surfing at a polluted beach in Santa Monica, which later became known as the Ink Well. Back in the 1970s, as today, few African-Americans surf. In fact, 58 percent of African-American children do not know how to swim, compared to 31 percent of white children and 56 percent of Hispanic children, according to a 2008 study conducted by USA

matter of law. (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.) The declarant fails to establish a factual basis for the statement offered. It is mandatory that "an expert must back up his opinion with *specific* facts." (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.) Expert testimony is not helpful if it consists merely of conclusory or unsupported assertions. (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; see also *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The City further objects to the entire statement as lacking foundation, lacking any specification of

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 125 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| Swimming." | methodology or acceptance of such unspecified methodology, and accordingly, constitutes inadmissible speculation and unsupported conclusions. | |
| 7.  Paragraph 8, p. 5:1-7 "As surfing grew in overall popularity and accessibility, surfing competitions made it possible to become a professional surfer. The U.S. Open of Surfing, which is held in Huntington Beach, California every year, was first held in 1959 and continues to this day. Hawaii and Australia also host surfing competitions that draw the best international surfers. Surfing will be included for the first time as a medal sport in the Olympic Games in 2020 in Tokyo, Japan." | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.)  The declarant fails to establish a | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 126 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | |
|---|---|
| 1 | factual basis for the statement |
| 2 | offered.  It is mandatory that |
| 3 | "an expert must back up his |
| 4 | opinion with *specific* facts." |
| 5 | (See *Guidroz-Brault v.* |
| 6 | *Missouri Pac. R R Co.* (9th |
| 7 | Cir. 2001) 254 F.3d 825, |
| 8 | 831.)  Expert testimony is not |
| 9 | helpful if it consists merely of |
| 10 | conclusory or unsupported |
| 11 | assertions.  (See *In re Circuit* |
| 12 | *Breaker Litigation* (C.D. Cal. |
| 13 | 1997) 984 F.Supp. 1267, |
| 14 | 1282; see also *Intelligent* |
| 15 | *Computer Solutions, Inc., v.* |
| 16 | *Voom Technologies, Inc.* |
| 17 | (C.D. Cal. 2006) 509 F.Supp. |
| 18 | 2d 847, 861.) The City further |
| 19 | objects to the entire statement |
| 20 | as lacking foundation, lacking |
| 21 | any specification of |
| 22 | methodology or acceptance of |
| 23 | such unspecified |
| 24 | methodology, and |
| 25 | accordingly, constitutes |
| 26 | inadmissible speculation and |
| 27 | unsupported conclusions. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 127 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| 8. <u>Paragraph 9, p. 5:8-18</u> | Objection.  The City objects | __SUSTAINED |
| "Surfing has informal rules and | to this statement as | |
| protocol, which are intended to | speculative and lacking | __OVERRULED |
| enhance safety and ensure | foundation.  Admissible | |
| predictability. For example, | expert opinions must be | |
| surfers waiting their turn to | sufficiently based in fact, | |
| take a wave are formed in a | well-reasoned, and not | |
| "lineup," a line of surfers | speculative.  (<u>See</u> *General* | |
| parallel to the waves. | *Elec. Co. v. Joiner* (1997) | |
| Generally, the first surfer | 522 U.S. 136, 146.)  To the | |
| closest to the curl of the wave | extent the declarant fails to | |
| has the right of way. No surfer | substantiate the factual | |
| should "drop in on" another | foundation for this statement, | |
| surfer taking a wave or, in | such testimony is unreliable, | |
| other words, try to take their | and should be excluded as a | |
| wave by paddling into a wave | matter of law.  (<u>See</u> Fed. R. | |
| where the other surfer has the | Evid. 702, Adv. Comm. Note | |
| right-of-way and is already up | 2000; *Brown v. Southeastern* | |
| surfing because it would be | *Pa. Transp. Auth.* (3rd Cir. | |
| potentially dangerous for both | 1994) 35 F.3d 717, 743.)  The | |
| surfers if they collide. In | declarant fails to establish a | |
| addition, surfers are expected | factual basis for the statement | |
| to paddle around, not through, | offered.  It is mandatory that | |
| the lineup to get to and from | "an expert must back up his | |
| the shore. Further, surfers | opinion with *specific* facts." | |
| paddling out should avoid | (<u>See</u> *Guidroz-Brault v.* | |
| getting in the way of someone | *Missouri Pac. R R Co.* (9th | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 128 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| already riding a wave." | Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not helpful if it consists merely of conclusory or unsupported assertions.  (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; see also *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The City further objects to the entire statement as lacking foundation, lacking any specification of methodology or acceptance of such unspecified methodology, and accordingly, constitutes inadmissible speculation and unsupported conclusions. | |
| 9.  Paragraph 10, p. 5:19-23 "Surfing etiquette dictates that surfers refrain from hogging waves and that they take turns. In particular, surfers are admonished not to "snake" or | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, | __SUSTAINED<br><br>__OVERRULED |

Kutak Rock LLP
Attorneys At Law
Irvine

4833-3701-6128.1
11317-242

- 129 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | |
|---|---|
| make an "S" around a surfer in the lineup in order to cut to the front of the line. Surfers are expected to show general respect for each other and to the beach." | well-reasoned, and not speculative. (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.) To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law. (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.) The declarant fails to establish a factual basis for the statement offered. It is mandatory that "an expert must back up his opinion with *specific* facts." (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.) Expert testimony is not helpful if it consists merely of conclusory or unsupported assertions. (See *In re Circuit Breaker Litigation* (C.D. Cal. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 130 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | 1997) 984 F.Supp. 1267, 1282; see also *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The statement as lacks foundation, lacking any specification of methodology or acceptance of such unspecified methodology, and accordingly, constitutes inadmissible speculation and unsupported conclusions. | |
| 10. Paragraph 11, p. 5:24-25 "Safety in the water is paramount. Surfers should not put other surfers in danger." | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 131 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | |
|---|---|
| 1 | such testimony is unreliable, |
| 2 | and should be excluded as a |
| 3 | matter of law.  (See Fed. R. |
| 4 | Evid. 702, Adv. Comm. Note |
| 5 | 2000; *Brown v. Southeastern* |
| 6 | *Pa. Transp. Auth.* (3rd Cir. |
| 7 | 1994) 35 F.3d 717, 743.)  The |
| 8 | declarant fails to establish a |
| 9 | factual basis for the statement |
| 10 | offered.  It is mandatory that |
| 11 | "an expert must back up his |
| 12 | opinion with *specific* facts." |
| 13 | (See *Guidroz-Brault v.* |
| 14 | *Missouri Pac. R R Co.* (9th |
| 15 | Cir. 2001) 254 F.3d 825, |
| 16 | 831.)  Expert testimony is not |
| 17 | helpful if it consists merely of |
| 18 | conclusory or unsupported |
| 19 | assertions.  (See *In re Circuit* |
| 20 | *Breaker Litigation* (C.D. Cal. |
| 21 | 1997) 984 F.Supp. 1267, |
| 22 | 1282; see also *Intelligent* |
| 23 | *Computer Solutions, Inc., v.* |
| 24 | *Voom Technologies, Inc.* |
| 25 | (C.D. Cal. 2006) 509 F.Supp. |
| 26 | 2d 847, 861.) The statement |
| 27 | lacks foundation, lacking any |
| 28 | |

Kutak Rock LLP
Attorneys At Law
Irvine

4833-3701-6128.1
11317-242

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | specification of methodology or acceptance of such unspecified methodology, and accordingly, constitutes inadmissible speculation and unsupported conclusions. | |
| 11.  Paragraph 12, p. 5:26-28, p. 6:1-10 "I am familiar with many of the surfing beaches in Palos Verdes Estates throughout the City's 4.5 miles of public coastline. For Los Angeles County, many of the City's beaches are unique in that many are rock-reef point breaks. From north of Palos Verdes Estates, moving south, the better known surfing breaks on the City's shoreline are: (a) Lower Haggerty, (b) Exiles, (c) Upper Haggerty, (d) Palos Verdes Cove, (e) Ski Jump, (f) Little Reef, (g) Little Queens, (h) Middles, (i) Bone Yards, (j) Indicator, (k) Charlie's, (l) Turbos, (m) Charlie's Point, (n) Pipes, (o) | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.)  The declarant fails to establish a | \_\_SUSTAINED <br><br> \_\_OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 133 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| TA's, (p) Ganja's, (q) Dominators, (r) Truck Drivers, (s) Lunada Bay, also known as Palos Verdes Point, or the Point, (t) Avalanche, and (u) Wally's. These beaches may be accessed by trail, by shoreline during low tides, and by boat. However, the signage to these beaches is poor or non-existent. Similarly, the pathways and trails to the beaches are not well marked." | factual basis for the statement offered.  It is mandatory that "an expert must back up his opinion with *specific* facts." (<u>See</u> *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not helpful if it consists merely of conclusory or unsupported assertions.  (<u>See</u> *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; <u>see also</u> *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The statement lacks foundation, lacking any specification of methodology or acceptance of such unspecified methodology, and accordingly, constitutes inadmissible speculation and unsupported conclusions. | |
| 12.  <u>Paragraph 13, p. 6:11-18</u> "Of these waves, Lunada Bay | Objection.  The City objects to this statement as | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242
- 134 -
2:16-cv-02129-SJO-RAO
EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

is one of the best known big-swell waves. It has outstanding right-breaking rock-reef point-break type waves that (a) can handle a large swell and (b) can break with a hollow tube. These make for prime surfing conditions. In addition, the sheer cliffs, pristine shoreline, and tidepool areas are known for their beauty. To access Lunada Bay, there are two main trails down cliffs that descend more than 100 feet. While on City property, both are steep, but like the other beach trails in Palos Verdes Estates, they're not marked."

speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.)  The declarant fails to establish a factual basis for the statement offered.  It is mandatory that "an expert must back up his opinion with *specific* facts." (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 135 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | helpful if it consists merely of conclusory or unsupported assertions.  (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; see also *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The statement lackS foundation, lacking any specification of methodology or acceptance of such unspecified methodology, and accordingly, constitutes inadmissible speculation and unsupported conclusions. | |
| 13.  Paragraph 14, p. 6:19-28, p. 7:1-7 "Localism can be a problem at certain surf spots. The issue is that surfers ideally like to ride each wave by themselves to the exclusion of visitors whom they do not know. When there are a limited number of waves, but large crowds of surfers want to ride | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the | __SUSTAINED<br><br>__OVERRULED |

them, some will be left frustrated. Even though a complicated set of informal rules and hierarchies govern the order in which surfers can take a wave, some surfers get impatient and greedy. These local surfers might act out by giving hard-and-threatening looks intended to encourage people to leave and/or verbally harass non-locals. But localism can escalate to include illegal activity like blocking trail access, vandalizing non-locals' vehicles, or, on certain occasions, throwingrocks at non-locals or getting into physical alterations. Further, locals may act out in the water by dropping in on visiting surfers putting them in danger, attempting to run over visiting surfers, blocking visiting surfers from catching waves, pulling the leg ropes (leashes) of visiting surfers so they will

extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.)  The declarant fails to establish a factual basis for the statement offered.  It is mandatory that "an expert must back up his opinion with *specific* facts." (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not helpful if it consists merely of conclusory or unsupported assertions.  (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; see also *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.*

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 137 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| miss waves, shooting surfboards at visiting surfers, fighting visiting surfers, provoking visiting surfers to engage in a fight, and threatening visiting surfers' safety." | (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The statement lackS foundation, lacking any specification of methodology or acceptance of such unspecified methodology, and accordingly, constitutes inadmissible speculation and unsupported conclusions. | |
| 14.  Paragraph 15, p. 7:8-11 "Localism and surf gangs are known to exist throughout the world, including Maroubra, near Sydney, Australia where the Bra Boys are known to harass visitors and the North Shore of Oahu, Hawaii, the historical home of Da Hui, the "North Shore mafia" or "Black Shorts."" | Objection.  The City objects to this statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern* | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 138 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | |
|---|---|
| 1 | *Pa. Transp. Auth.* (3rd Cir. |
| 2 | 1994) 35 F.3d 717, 743.)  The |
| 3 | declarant fails to establish a |
| 4 | factual basis for the statement |
| 5 | offered.  It is mandatory that |
| 6 | "an expert must back up his |
| 7 | opinion with *specific* facts." |
| 8 | (See *Guidroz-Brault v.* |
| 9 | *Missouri Pac. R R Co.* (9th |
| 10 | Cir. 2001) 254 F.3d 825, |
| 11 | 831.)  Expert testimony is not |
| 12 | helpful if it consists merely of |
| 13 | conclusory or unsupported |
| 14 | assertions.  (See *In re Circuit* |
| 15 | *Breaker Litigation* (C.D. Cal. |
| 16 | 1997) 984 F.Supp. 1267, |
| 17 | 1282; see also *Intelligent* |
| 18 | *Computer Solutions, Inc., v.* |
| 19 | *Voom Technologies, Inc.* |
| 20 | (C.D. Cal. 2006) 509 F.Supp. |
| 21 | 2d 847, 861.) The statement |
| 22 | lackS foundation, lacking any |
| 23 | specification of methodology |
| 24 | or acceptance of such |
| 25 | unspecified methodology, and |
| 26 | accordingly, constitutes |
| 27 | inadmissible speculation and |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | unsupported conclusions. | |
| 15.  Paragraph 16, p. 7:12-16 "Throughout the surf community, the City of Palos Verdes Estates has the reputation of not taking complaints against the Bay Boys seriously and allowing its beaches to become too exclusive for locals' use only. By reputation, the City of Palos Verdes Estates allows illegal exclusivity and has done nothing to stop the Bay Boys for decades." | Objection.  The statement as speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.)  The declarant fails to establish a factual basis for the statement offered.  It is mandatory that "an expert must back up his opinion with *specific* facts." (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 140 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not helpful if it consists merely of conclusory or unsupported assertions.  (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; *see also Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The statement lacks foundation, lacking any specification of methodology or acceptance of such unspecified methodology, and accordingly, constitutes inadmissible speculation and unsupported conclusions. The declarant's vague reference to "reputation" constitutes inadmissible hearsay,  (Fed. R. Evid. 801, 802.), lacks foundation, and is unduly speculative. | |
| 16.  Paragraph 17, p. 7:17-25 "Today, Lunada Bay in Palos | Objection.  The City objects to this statement as | __SUSTAINED __OVERRULED |

4833-3701-6128.1
11317-242
- 141 -
2:16-cv-02129-SJO-RAO
KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE
EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

Verdes Estates is known as one of the most localized surf spots in the world. Lunada Bay is home to one of the few big-wave spots in Southern California and can have waves of up to 20-feet-high. Particularly when the swells get big, which is generally from November to March, the locals known as Bay Boys threaten visiting beachgoers who try to go to Lunada Bay. A 1995 lawsuit against a Bay Boy resulted in a restraining order and City promises to police the area and protect it for visitors. But, several years later, the Bay Boys were back to assaulting non-local surfers."

speculative and lacking foundation.  Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative.  (See *General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.)  The declarant fails to establish a factual basis for the statement offered.  It is mandatory that "an expert must back up his opinion with *specific* facts." (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 142 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | helpful if it consists merely of conclusory or unsupported assertions. (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; see also *Intelligent Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The City further objects to the entire statement as lacking foundation, lacking any specification of methodology or acceptance of such unspecified methodology, and accordingly, constitutes inadmissible speculation and unsupported conclusions. | |
| 17. Paragraph 18, p. 7:26-28, p. 8:1 "Because of its reputation, most non-City-residents and visiting surfers avoid Lunada Bay. This is because the Bay Boys' efforts to discourage visitors from coming to Lunada Bay is a | Objection. The City objects to this statement as speculative and lacking foundation. Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative. (See *General* | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 143 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| deterrent. Indeed, while it's a prized wave, Lunada Bay is known to only have a few surfers using it." | *Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.)  To the extent the declarant fails to substantiate the factual foundation for this statement, such testimony is unreliable, and should be excluded as a matter of law.  (See Fed. R. Evid. 702, Adv. Comm. Note 2000; *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.)  The declarant fails to establish a factual basis for the statement offered.  It is mandatory that "an expert must back up his opinion with *specific* facts." (See *Guidroz-Brault v. Missouri Pac. R R Co.* (9th Cir. 2001) 254 F.3d 825, 831.)  Expert testimony is not helpful if it consists merely of conclusory or unsupported assertions.  (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F.Supp. 1267, 1282; see also *Intelligent* | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 144 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | *Computer Solutions, Inc., v. Voom Technologies, Inc.* (C.D. Cal. 2006) 509 F.Supp. 2d 847, 861.) The City further objects to the entire statement as lacking foundation, lacking any specification of methodology or acceptance of such unspecified methodology, and accordingly, constitutes inadmissible speculation and unsupported conclusions. | |

**Y.     Declaration of Victor Otten submitted In support of Plaintiffs' Motion for Class Certification dated December 28, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1.  <u>Paragraph 3, p. 3:8-10</u> "Attached as Exhibit 2 is a true and correct copy of a map of Palos Verdes Estates, which is available on the City of Palos Verdes | Objection.  The City objects to this statement and the referenced document due to the declarant's failure to authenticate the offered document.  (Fed. R. Evid. 901—"To  satisfy the requirement of authenticating | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 145 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | |
|---|---|
| Estates' website at http://www.pvestates.org/home/showdocument?id=19." | or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.")  "The party offering the evidence must make a prima facie showing of authenticity 'so that a reasonable juror could find in favor of authenticity or identification.'"  (*U.S. v. Gadson* (9th Cir. 2014) 763 F.3d 1189, 1203 (quoting *United States v. Yin* (9th Cir.1991) 935 F.2d 990, 996).)  Authentication thus promotes accuracy in factfinding by excluding documents that might be false or otherwise unreliable. (See *United States v. Perlmuter* (9th Cir. 1982) 693 F.2d 1290, 1292-1293.)  "A writing is not authenticated simply by attaching it to an affidavit… The foundation is laid for |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 146 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery." (*United States v. Dibble* (9th Cir. 1970) 429 F.2d 598, 602.) | |
| 2. <u>Paragraph 13, p. 4:15-17</u> "Attached as Exhibit 12 is a true and correct copy of a video filmed by The Guardian newspaper and produced during discovery by Plaintiffs. This video is Bates stamped PLTF002054.mp4." | Objection.  The City objects to this statement and the referenced document due to the declarant's failure to authenticate the offered document.  (Fed. R. Evid. 901—"To  satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.")  "The party offering the evidence must make a prima facie showing of authenticity 'so that a | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 147 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

reasonable juror could find in favor of authenticity or identification.'" (*U.S. v. Gadson* (9th Cir. 2014) 763 F.3d 1189, 1203 (quoting *United States v. Yin* (9th Cir.1991) 935 F.2d 990, 996).) Authentication thus promotes accuracy in factfinding by excluding documents that might be false or otherwise unreliable. (See *United States v. Perlmuter* (9th Cir. 1982) 693 F.2d 1290, 1292-1293.) "A writing is not authenticated simply by attaching it to an affidavit… The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery." (*United States v. Dibble* (9th Cir. 1970) 429

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 148 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | F.2d 598, 602.)  A writing or document is not authenticated by a party simply by virtue of producing it during the course of discovery. | |
| 3.  Paragraph 19, p. 5:10-12 "Attached as Exhibit 18 is a true and correct copy of an email exchange between Michael Thiel and Anton Dahlerbruch, dated February 8, 2016." | Objection.  The City objects to this statement and the referenced document due to the declarant's failure to authenticate the offered document.  (Fed. R. Evid. 901—"To  satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.")  "The party offering the evidence must make a prima facie showing of authenticity 'so that a reasonable juror could find in favor of authenticity or identification.'"  (*U.S. v. Gadson* (9th Cir. 2014) 763 F.3d 1189, 1203 (quoting | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 149 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | *United States v. Yin* (9th Cir.1991) 935 F.2d 990, 996.)  Authentication thus promotes accuracy in factfinding by excluding documents that might be false or otherwise unreliable. (See *United States v. Perlmuter* (9th Cir. 1982) 693 F.2d 1290, 1292-1293.)  "A writing is not authenticated simply by attaching it to an affidavit… The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery." (*United States v. Dibble* (9th Cir. 1970) 429 F.2d 598, 602.) | |
| 4.  Paragraph 23, p. 6:17-23<br><br>"I would estimate that 6 witnesses who were listed on | Objection.  The City objects to this statement on the grounds that it constitutes inadmissible hearsay.  (Fed. | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP<br>
ATTORNEYS AT LAW<br>
IRVINE

4833-3701-6128.1<br>
11317-242

- 150 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| Plaintiffs' initial and supplemental disclosures in addition to several other witnesses are being intimidated and discouraged from participating in this lawsuit. I have been told that although they would like to assist in this case, and they support its goals, they are too worried about what the Bay Boys (including the individually-named defendants) might to do them if their name is made public." | R. Evid. 801, 802.)   The City further objects to this statement as vague and ambiguous as to the terms "intimidated" and "discouraged."  The City further objects to this statement on the grounds that Plaintiffs could have submitted a declaration under seal, elected not do so , and have therefore deprived the Court of the ability to properly consider this information—accordingly, the statement should be excluded as irrelevant and no probative value as it relates to the City. | |
| 5. <u>Paragraph 24, p. 6:24-26</u> "Attached as Exhibit 22 is a true and correct copy of the homepage for | Objection.  The City objects to this statement and the referenced document due to the declarant's failure to authenticate the offered document.  (Fed. R. Evid. 901—"To  satisfy the | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 151 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| Palos Verde Homes Association, available at http://pvha.org/." | requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.")  "The party offering the evidence must make a prima facie showing of authenticity 'so that a reasonable juror could find in favor of authenticity or identification.'" (*U.S. v. Gadson* (9th Cir. 2014) 763 F.3d 1189, 1203 (quoting *United States v. Yin* (9th Cir.1991) 935 F.2d 990, 996).)  Authentication thus promotes accuracy in factfinding by excluding documents that might be false or otherwise unreliable. (See *United States v. Perlmuter* (9th Cir. 1982) 693 F.2d 1290, 1292-1293.)  "A writing is not authenticated simply by attaching it to an affidavit… | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 152 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery."  (*United States v. Dibble* (9th Cir. 1970) 429 F.2d 598, 602.) | |

**Z.**    **Declaration of Cory Spencer submitted In support of Plaintiffs' Motion for Class Certification dated December 26, 2016:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1. Paragraph 17, p. 8:6-8 "Given my advance warning that a group of visitors intended to surf there that morning, the police should have been present where the conflicts were likely to arise- in and around the water." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  The Declarant has no personal knowledge of where "conflicts were likely | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 153 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| 1 | to arise" prior to any such | |
| 2 | conflicts occurring.  He is | |
| 3 | also not qualified as a beach | |
| 4 | policing expert. | |
| 5 | Furthermore, Declarant | |
| 6 | testified that every time he | |
| 7 | emailed the City police to ask | |
| 8 | for extra patrols, they were | |
| 9 | provided. | |
| 10 | Q All right. And was it | |
| 11 | correct that you had been E- | |
| 12 | mailing Captain Velez every | |
| 13 | time you were | |
| 14 | venturing out on a big swell | |
| 15 | day? | |
| 16 | A On those two days, yes. | |
| 17 | Q Okay. So, you were | |
| 18 | referring to those two days, | |
| 19 | January and | |
| 20 | February of 2016? | |
| 21 | A Correct. | |
| 22 | Q All right. So, each time you | |
| 23 | E-mailed them, is it correct | |
| 24 | that you witnessed extra | |
| 25 | patrols being provided? | |
| 26 | A Yes. In my opinion, that's | |
| 27 | what they were. The officers | |
| 28 | | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 154 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | were there because, hopefully, in response to my E-mail. See Spencer Deposition, p. 159:25, 160:1-12. | |
| 2. <u>Paragraph 25, p. 10:17-18</u> "…since it seemed he had been unable to effectively do so up to that point." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  The Declarant has no personal knowledge of the extent of Chief Kepley's actions. | __SUSTAINED<br><br>__OVERRULED |
| 3. <u>Paragraph 25, p. 11:1-4</u> "I received an email in reply, stating that he had been to the Rock Fort on several occasions and talked with surfers 'in an effort to educate them on the position we are all in and what needs to change in terms of acceptable behavior on their part." | (1) Hearsay.  FRE 801, 802, 803.  This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 155 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| 3. <u>Paragraph 27, p. 11:18-21</u> "I have been similarly disappointed and upset that the City of Palos Verdes Estates and Chief Kepley have not taken the problem the Bay Boys have created seriously, and have done nothing to remedy this problem." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. Declarant has no personal knowledge of any problems the City may not have taken "seriously". As noted above, every time Declarant asked for extra patrols, they were provided. He saw 5 or 6 police officers at Lunada Bay as well as police cars and motorcycles. See Spencer Depo. 130:23-25, 131:1-12 | __SUSTAINED __OVERRULED |
| 4. <u>Paragraph 27, p. 11:21-25</u> "I believe that the City of Palos Verdes Estates and Chief Kepley have turned a blind eye to the violence, intimidation, vandalism and harassment that goes on at Lunada Bay, both on the bluff top and below on the | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| beach and in the water." | The Declarant has no personal knowledge of any action or inaction of the City or Chief Kepley.  Declarant testified that the police responded to all his requests for extra patrols. | |
| 5. <u>Paragraph 27, p. 11:24-25</u> "The City allowed an unpermitted Rock Fort to exist along the shore knowing that it is only accessible to a select few." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of City's state of mind. | __SUSTAINED<br><br>__OVERRULED |
| 6. <u>Paragraph 27, p. 11;28, 12:1-2</u> "The City and Police Chief Kepley have done little, if anything, to prevent this unlawful conduct from occurring and the Rock Fort's very existence evidences the City's complicity in the Bay Boys' conduct. | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of City's state of mind and of the | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 157 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | totality of the City's action. Declarant testified that the police responded to all his requests for extra patrols. | |
| 7. Paragraph 28:p. 3-5 "The City's complicity in the Bay Boys' exclusion of visitors is further evidenced by their failure to make the area of Lunada Bay visible and accessible to non-residents." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of whether Lunada Bay is "visible and accessible to non-residents".  He has not provided any information that he was unaware of Lunada Bay. | __SUSTAINED<br><br>__OVERRULED |
| 8. Paragraph 28, p. 12:12-14 "Each of these factors serves to further intentionally exclude non-residents from accessing Lunada Bay. | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 158 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | personal knowledge of whether "these factors" have "excluded any non-residents" from visiting Lunada Bay. He has not testified that they served to exclude him. | |
|---|---|---|
| 9. Paragraph 29, p. 12:15-18, 21-23<br>"Further, I believe that Chief Kepley is similarly complicit in the Bay Boys' unlawful exclusion of visitors.  He is the chief law enforcement officers in Palos Verdes Estates but has failed to remedy or even acknowledge and address a serious gang problem within his jurisdiction."<br>"But Chief Kepley fails to enforce law, including City ordinances that are designed specifically to prevent this problem." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of whether visitors have been excluded from Lunada Bay. He has not testified that they served to exclude him. Declarant has no personal knowledge of Chief Kepley's actions and his enforcement of City ordinances. | __SUSTAINED<br><br>__OVERRULED |
| 10. Paragraph 30, p. 13:3-5<br>"But I also understand that Chief Kepley and the Palos Verdes Estates Police | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 159 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| Department have not engaged in this type of proactive policing." | sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of the City's and Chief Kepley's action or state of mind. | |
| 11. <u>Paragraph 30, p. 13:9-10</u> "I understand that Chief Kepley met with members of the Bay Boys and essentially asked them to behave better." | (1) Hearsay.  FRE 801, 802, 803.  This statement is offered to prove the truth of the matter and constitutes inadmissible hearsay for which no exception is available. | \_\_SUSTAINED<br><br>\_\_OVERRULED |
| 12. <u>Paragraph 30, p. 13:16-18</u> "It is baffling to me that a seasoned law enforcement professional such as Chief Kepley would conduct himself this way." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602.  Declarant has no personal knowledge of Chief Kepley's actions on than with regard to the email exchange he set forth in this Declaration.  Furthermore, | \_\_SUSTAINED<br><br>\_\_OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 160 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | the Declarant testified that he was pleased with the extra patrols provided to him whenever he asked for them. | |
| 13. <u>Paragraph 31, p. 14:7-24</u> Beginning with "Consistent with the California Coastal Act…" and ending with "…and information on the location of public restrooms." | (1) Relevance. FRE 401, 402. Declarant's wishes have no relevance to the sole cause of action against the City and the putative class therein, which is based upon resident/non-resident status. Furthermore, the Coastal Act cause of action is no longer at issues as it was dismissed against the City. | __SUSTAINED  __OVERRULED |
| 13. <u>Paragraph 32, p. 15:8-10</u> "…and the City of Palos Verdes Estates and Chief Kepley's complicity in the Bay Boys' tactics." | (1) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." FRE 602. Declarant has no personal knowledge of Chief Kepley's actions on than with regard to the email exchange he set forth in this | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242

- 161 -

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION

| | | |
|---|---|---|
| | Declaration.  Furthermore, the Declarant testified that he was pleased with the extra patrols provided to him whenever he asked the City for them. | |

**IT IS SO ORDERED:**

Dated: _____          UNITED STATES DISTRICT COURT JUDGE


_____

Honorable S. James Otero



RESPECTFULLY SUBMITTED,


Dated:  January 13, 2017          KUTAK ROCK LLP


By: /s/ Edwin J. Richards _____
    Edwin J. Richards
    Antoinette P. Hewitt
    Jacob Song
    Rebecca L. Wilson
    Attorneys for Defendants
    CITY OF PALOS VERDES ESTATES
    and CHIEF OF POLICE JEFF KEPLEY

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3701-6128.1
11317-242
- 162 -
2:16-cv-02129-SJO-RAO
EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR CLASS CERTIFICATION