EDWIN J. RICHARDS (SBN 43855)
Email: Ed.Richards@kutakrock.com
ANTOINETTE P. HEWITT (SBN 181099)
Email: Antoinette.hewitt@kutakrock.com
JACOB SONG (SBN 265371)
Email: Jacob.Song@kutakrock.com
REBECCA L. WILSON (SBN 257613)
Email: Rebecca.Wilson@kutakrock.com
KUTAK ROCK LLP
Suite 1500
5 Park Plaza
Irvine, CA  92614-8595
Telephone:   (949) 417-0999
Facsimile:    (949) 417-5394

Attorneys for Defendants
CITY OF PALOS VERDES ESTATES and
CHIEF OF POLICE JEFF KEPLEY

[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA; WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>              Plaintiffs,<br><br>      v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>              Defendants. | Case No.  2:16-cv-02129-SJO-RAO<br><br>Assigned to<br>District Judge:  Hon. S. James Otero<br>Courtroom: 10C @ 350 W. First Street, Los Angeles, CA  90012<br><br>Assigned Discovery:<br>Magistrate Judge:  Hon. Rozella A. Oliver<br><br>**CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S RESPONSES IN OPPOSITION TO THE SEPARATE STATEMENT OF UNDISUPTED FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>[Filed concurrently with Opposition to Plaintiffs' Motion; Declaration of Edwin J. Richards and Objections to Evidence]<br><br>Complaint Filed:    March 29, 2016<br>Trial:                      November 7, 2017 |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-5702-5088.1
11317-242

- 1 -

2:16-cv-02129-SJO-RAO

RESPONSES TO SEPARATE STATEMENT OF UNDISPUTED FACTS

Defendants CITY OF PALOS VERDES ESTATES and CHIEF OF POLICE JEFF KEPLEY (collectively the "City") respectfully submit the following Responses to Plaintiffs' Separate Statement of Undisputed Material Facts. At the outset, the City notes that a Separate Statement is generally reserved for dispositive motions on the merits under Fed. R. Civ. P. 56, and that such a mechanism is generally not recognized in determining whether to deny class certification under Fed. R. Civ. P. 23. While Courts frequently *inquire* into the merits of the underlying claims in determining whether to deny class certification, an *adjudication* of the merits the underlying claims does not occur in making such a determination. (See *Wal-Mart Stores, Inc. v. Dukes* (2011) 564 U.S. 338, 351—"Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped.") Moreover, Plaintiffs fail to cite to their improper document in their motion for class certification; therefore, it is unclear how Plaintiffs intended for this improper document to be incorporated or considered in conjunction with their motion, if at all. Due to that uncertainty and the lack of authority for presenting such an improper document to the Court in determining whether to deny class certification, the City respectfully requests that the Court disregard Plaintiffs' Separate Statement. Notwithstanding the foregoing, the City addresses Plaintiffs' various statements below.

| | Undisputed Material Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| 1. | Lunada Bay is owned by the City of Palos Verdes Estates and is a public beach.<br><br>Decl. Otten, Exs. 16 at 106:22-107:5 & at 21:18-24. | Undisputed. |
| 2. | The City of Palos Verdes Estates was designed as a | Disputed. The City refers to and incorporates by reference the Evidentiary |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-5702-5088.1
11317-242

- 2 -

2:16-cv-02129-SJO-RAO

RESPONSES TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| | **Undisputed Material Facts and Supporting Evidence** | **Defendants' Response and Supporting Evidence** |
|---|---|---|
| | master planned community in 1923, with covenants intended to maintain property values and to keep it exclusive and this remains true today.<br><br>Decls. P. Neushal, ¶ 7; Akhavan, ¶ 15;<br>Otten, Ex. 22; Slatten, ¶ 9. | Objections to Plaintiffs' Evidence as though set forth fully herein. The Neushul Declaration contains assertions that have no factual basis and lack foundation. The Akhavan Declaration contains the declarant's generalized personal opinions, but has no specific reference to support this statement. The Otten Declaration cites solely to the City's website, which does not support this statement. The Slatten Declaration contains assertions that have no factual basis and lack foundation. |
| 3. | The City of Palos Verdes Estates is home to about 14,000 people.<br><br>2010 U.S. Census data, available at: http://www.census.gov/2010census/popmap/ipmtext.php?fl=06:0655380 | Undisputed. |
| 4. | The City of Palos Verdes Estates has its own police department.<br><br>Decl. Otten, Ex. 1 at 121:5-6. | Undisputed. |
| 5. | Lunada Bay is a unique, worldclass surfing site, and offers many recreational opportunities.<br><br>Decls. P. Neushul, ¶¶ 13, 17; King, ¶¶ 15-17. | Undisputed. |
| 6. | For more than 40 years, Lunada Bay has had a reputation for being localized, meaning visitors faced | Disputed. The City refers to and incorporates by reference the Evidentiary Objections to Plaintiffs' Evidence as |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-5702-5088.1
11317-242

- 3 -

2:16-cv-02129-SJO-RAO

RESPONSES TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Undisputed Material Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| harassment by the Lunada Bay Boys if they attempted to surf or recreate in Lunada Bay.<br><br>Decls. P. Neushul, ¶¶ 14, 17; Sisson, 4; Will, ¶ 4; Claypool, ¶ 3; Carpenter, ¶ 5. | though set forth fully herein. The alleged existence of a legally cognizable entity called the "Lunada Bay Boys" is the subject of one of Plaintiffs' claims, and has not yet been adjudicated. Therefore, Plaintiffs can only describe specific incidents of alleged harassment by *individuals* specifically identified. Plaintiffs' generalized statement is therefore not fully supported by the cited evidence.<br><br>Christopher Taloa provided extensive testimony praising the City's law enforcement efforts, and indicated that in every interaction with City police, he felt safe and secure. Taloa has testified that he approves of the actions of the Palos Verdes Estates police, the police have made him feel safe and secure, and they "were on it like hawks." They've provided extra patrols when asked. "It seems that they had been there every time we called."<br>"What they've done is above and beyond what I was expecting…"<br><u>See</u> Taloa Deposition, p. 302: 19-15, 303:1-6, 307:12-25, 308:1-4, 310:7-25, 312:12-25, 316:24-25, 317:1-9, Exhibit A to Richards Declaration.<br><br>The Neushul declaration in paragraph 14 only sets forth generalized, unsubstantiated statements about "localism" generally. In paragraph 17, Neushul fails to provide any factual basis for the unsubstantiated assertions regarding "localism." |

4852-5702-5088.1
11317-242                                    - 4 -                              2:16-cv-02129-SJO-RAO
RESPONSES TO SEPARATE STATEMENT OF UNDISPUTED FACTS

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

| Undisputed Material Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| | The Sisson, Claypool, and Carpenter declarations similarly can only offer vague, unsupported assertions of "localism" without any factual basis. |
| 7. Fewer than 100 surfers regularly recreate at Lunada Bay.<br><br>Decl. King, ¶ 10. | Disputed. The City refers to and incorporates by reference the Evidentiary Objections to Plaintiffs' Evidence as though set forth fully herein. The King Declaration contains assertions that have no factual basis and lack foundation. Furthermore, the King Declaration fails to meet the *Daubert* standard for admissible expert testimony, and should be stricken and disregarded in its entirety. |
| 8. Individual Defendants are members of the Lunada Bay Boys and recreate at Lunada Bay.<br><br>Decls. Reed, Exs. 5, 6; Otten, Exs. 3-9; Spencer, ¶¶ 12-14; Taloa, ¶¶ 18, 20; S. Neushul, ¶¶ 9, 11; Pastor, ¶ 5; Jongeward, ¶ 8; Wright, ¶¶ 9, 11, 12, 18; Young, ¶¶ 7-8; K. Claypool, ¶¶ 5, 9, 13, 23-24; MacHarg, ¶¶ 6-7; Will, ¶ 8; Carpenter, ¶ 8; Slatten, ¶ 9; Hagins, ¶15 & Ex. 6. | Disputed. The City refers to and incorporates by reference the Evidentiary Objections to Plaintiffs' Evidence as though set forth fully herein. The alleged existence of a legally cognizable entity called the "Lunada Bay Boys" is the subject of one of Plaintiffs' claims, and has not yet been adjudicated. To that end, the affiliation of Individual Defendants with the alleged entity has also not yet been adjudicated. |
| 9. The Lunada Bay Boys, including the Individual Defendants, conspire to exclude visitors through harassment, intimidation, violence, vandalism, and threats.<br><br>Decls. Otten, Exs. 3-7, 9, 17, 18, | Disputed. The City refers to and incorporates by reference the Evidentiary Objections to Plaintiffs' Evidence as though set forth fully herein. The alleged existence of a legally cognizable entity called the "Lunada Bay Boys" is the subject of one of Plaintiffs' claims, and has not yet been adjudicated. Therefore, |

4852-5702-5088.1
11317-242
- 5 -
2:16-cv-02129-SJO-RAO
RESPONSES TO SEPARATE STATEMENT OF UNDISPUTED FACTS

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

| | Undisputed Material Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|---|
| | 19, 1 at 70-74, 77-79, 194:13-195:13; Hagins Ex. 6; Reed, ¶¶ 8-9, 19-21 & Exs. 5, 6; Spencer, ¶¶ 10-11, 21-22; K. Claypool, ¶¶ 6, 18, 25, 28; Taloa, ¶¶ 19-20; Reed ¶ 8; Bacon, ¶¶ 4-5, 7; Gero, ¶¶ 6, 9-11; Innis, ¶ 4; Jongeward, ¶¶ 4, 6; Carpenter, ¶ 9; Young, ¶¶ 6, 11; Pastor ¶¶ 4, 8; Wright, ¶¶ 8, 18; Will, ¶ 7; Akhavan, ¶¶ 9, 12; C. Claypool, ¶ 12; Conn, ¶ 7; S. Neushul, ¶ 8; Gersch, ¶ 5 Krell ¶¶ 2-4. | Plaintiffs can only describe specific incidents of alleged harassment by *individuals* specifically identified. Plaintiffs' generalized statement is therefore not fully supported by the cited evidence. Additionally, Plaintiffs' statement is irrelevant and unrelated to their claims against the City, as the statement solely implicates the conduct of the Individual Defendants.<br><br>Christopher Taloa provided extensive testimony praising the City's law enforcement efforts, and indicated that in every interaction with City police, he felt safe and secure. Taloa has testified that he approves of the actions of the Palos Verdes Estates police, the police have made him feel safe and secure, and they "were on it like hawks." They've provided extra patrols when asked. "It seems that they had been there every time we called."<br>"What they've done is above and beyond what I was expecting…"<br>See Taloa Deposition, p. 302: 19-15, 303:1-6, 307:12-25, 308:1-4, 310:7-25, 312:12-25, 316:24-25, 317:1-9, Exhibit A to Richards Declaration. |
| 10. | Because of the Bay Boys' unlawful behavior, visitors have been excluded from enjoying Lunada Bay since the 1970s.<br><br>Decls. P. Neushul, ¶¶ 18-19; Jongeward, ¶ 10; Perez, ¶ 8; Wright, ¶ 16.; Innis, ¶ 7; Sisson, ¶ | Disputed. The City refers to and incorporates by reference the Evidentiary Objections to Plaintiffs' Evidence as though set forth fully herein. The King Declaration contains assertions that have no factual basis and lack foundation. Furthermore, the King Declaration fails to meet the *Daubert* standard for admissible |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-5702-5088.1
11317-242

- 6 -

2:16-cv-02129-SJO-RAO

RESPONSES TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Undisputed Material Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| 9; Lanning, ¶ 4; Conn, ¶ 5; S. Neushul, ¶ 15; King, ¶¶ 11, 17; Gersch, ¶ 9. | expert testimony, and should be stricken and disregarded in its entirety.<br><br>Christopher Taloa provided extensive testimony praising the City's law enforcement efforts, and indicated that in every interaction with City police, he felt safe and secure. Taloa has testified that he approves of the actions of the Palos Verdes Estates police, the police have made him feel safe and secure, and they "were on it like hawks." They've provided extra patrols when asked. "It seems that they had been there every time we called."<br>"What they've done is above and beyond what I was expecting…"<br>See Taloa Deposition, p. 302: 19-15, 303:1-6, 307:12-25, 308:1-4, 310:7-25, 312:12-25, 316:24-25, 317:1-9, Exhibit A to Richards Declaration. |
| 11. There are more than 1,000,000 surfers in Southern California.<br><br>Decl. King, ¶ 8. | Disputed. The City refers to and incorporates by reference the Evidentiary Objections to Plaintiffs' Evidence as though set forth fully herein. The King Declaration contains assertions that have no factual basis and lack foundation. Furthermore, the King Declaration fails to meet the *Daubert* standard for admissible expert testimony, and should be stricken and disregarded in its entirety. |
| 12. If it were not for the Lunada Bay Boys and their conspiracy to exclude visitors, it is expected that thousands of surfers and other beachgoers could recreate in Lunada Bay. | Disputed. The City refers to and incorporates by reference the Evidentiary Objections to Plaintiffs' Evidence as though set forth fully herein. The King Declaration contains assertions that have no factual basis and lack foundation. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-5702-5088.1
11317-242

- 7 -

2:16-cv-02129-SJO-RAO

RESPONSES TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Undisputed Material Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| Decl. King, ¶ 17-19. | Furthermore, the King Declaration fails to meet the *Daubert* standard for admissible expert testimony, and should be stricken and disregarded in its entirety.<br><br>Christopher Taloa provided extensive testimony praising the City's law enforcement efforts, and indicated that in every interaction with City police, he felt safe and secure. Taloa has testified that he approves of the actions of the Palos Verdes Estates police, the police have made him feel safe and secure, and they "were on it like hawks." They've provided extra patrols when asked. "It seems that they had been there every time we called."<br>"What they've done is above and beyond what I was expecting…"<br>See Taloa Deposition, p. 302: 19-15, 303:1-6, 307:12-25, 308:1-4, 310:7-25, 312:12-25, 316:24-25, 317:1-9, Exhibit A to Richards Declaration. |
| 13. Plaintiffs Cory Spencer, Diana Milena Reed, and members of the Coastal Protection Rangers have been harassed at Lunada Bay by the Lunada Bay Boys.<br><br>Reed, ¶¶ 7-9, 11-14, 18-19, 21, 22, 24 | Disputed. The City refers to and incorporates by reference the Evidentiary Objections to Plaintiffs' Evidence as though set forth fully herein. The alleged existence of a legally cognizable entity called the "Lunada Bay Boys" is the subject of one of Plaintiffs' claims, and has not yet been adjudicated. Therefore, Plaintiffs can only describe specific incidents of alleged harassment by *individuals* specifically identified. Plaintiffs' generalized statement is therefore not fully supported by the cited evidence. Additionally, third-party |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-5702-5088.1
11317-242

- 8 -

2:16-cv-02129-SJO-RAO

RESPONSES TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Undisputed Material Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| | actions cannot be imputed to the City, and the City is not implicated in any manner by this statement. |
| 14. The Coastal Protection Rangers, Inc. is a nonprofit dedicated to ensuring beach access for the public and environmental justice. CPR believes all visitors should be able to visit Lunada Bay without fear of attack or vandalism.<br><br>Decl. Slatten, ¶¶ 6, 10, 12. | Undisputed. |
| 15. The City and Chief Kepley are complicit in the Bay Boys' unlawful exclusion.<br><br>Decls. Reed, ¶¶ 11-14, 13, 27-31; Otten, Exs. 1 at 42-43, 61:16-19, 62- 65, 86:4-87:1, 10, 12, 13, 14, 15 at 15:9-13, 243-244, 16 at 139-141, 17& 20; Sisson, ¶ 8; Young, ¶ 12; Conn, ¶ 8; Innis, ¶ 6; Bacon, ¶ 10; Carpenter, ¶ 15; Gero, ¶ 12; Wright, ¶ 22; Pastor, ¶ 6; Spencer, ¶ 24; MacHarg, Ex. 1; Gersch, ¶¶ 7-8; Carpenter, ¶ 15; Will, ¶ 9; Krell, ¶ 5-6, 8. | Disputed. The City refers to and incorporates by reference the Evidentiary Objections to Plaintiffs' Evidence as though set forth fully herein. The declarations cited do not support the statement offered by Plaintiffs. The alleged existence of a legally cognizable entity called the "Lunada Bay Boys" is the subject of one of Plaintiffs' claims, and has not yet been adjudicated.<br><br>Christopher Taloa provided extensive testimony praising the City's law enforcement efforts, and indicated that in every interaction with City police, he felt safe and secure. Taloa has testified that he approves of the actions of the Palos Verdes Estates police, the police have made him feel safe and secure, and they "were on it like hawks." They've provided extra patrols when asked. "It seems that they had been there every time we called."<br>"What they've done is above and beyond what I was expecting…"<br>See Taloa Deposition, p. 302: 19-15, |

4852-5702-5088.1
11317-242
- 9 -
2:16-cv-02129-SJO-RAO
RESPONSES TO SEPARATE STATEMENT OF UNDISPUTED FACTS

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

| Undisputed Material Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| | 303:1-6, 307:12-25, 308:1-4, 310:7-25, 312:12-25, 316:24-25, 317:1-9, Exhibit A to Richards Declaration.<br><br>The MacHarg declaration includes a reference to its Exhibit 1, which is an email communication with the City. That email chain sets forth MacHarg reporting an incident of beer pouring on him by a third-party to the police. The City asks if MacHarg would like to file a crime report to allow the police to prosecute the incident as a battery. This demonstrates that the City is actively engaging in law enforcement efforts when incidents are reported, and directly contradicts Plaintiffs' statement.<br><br>The Reed declaration describes two independent events that occurred at or near Lunada Bay. Nothing in those statements demonstrate any "complicity" between the City and alleged Lunada Bay Boys, nor do those statements set forth any "unlawful" conduct by anyone associated with the City.<br><br>The Otten declaration cites Exhibit 1 as the deposition of Chief Jeff Kepley. Nothing in the cited testimony indicates any sort of "complicity" or relationship between the City any any alleged Lunada Bay Boys, nor does that testimony set forth any "unlawful" conduct. The Otten declaration also cites to Exhibit 10, which again fails to demonstrate any "complicity" by the City or any "unlawful" conduct by the City. The |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-5702-5088.1
11317-242

- 10 -

2:16-cv-02129-SJO-RAO

RESPONSES TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Undisputed Material Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
|  | Otten declaration further cites to Exhibit 12, which is an unauthenticated video. Again, no "complicity" by the City or "unlawful" conduct is shown by this inadmissible evidence. The Otten declaration also cites to Exhibit 13, which include City emails demonstrating the City's law enforcement efforts in Lunada Bay—not any "complicity" or "unlawful" conduct. The Otten declaration also cites to Exhibit 14, which is a City memorandum discussing the City's attempt to obtain additional funding for police efforts, which does not support Plaintiffs' statement. The Otten declaration also cites to Exhibit 15, the deposition of Brant Blakeman, which simply shows the deponent's familiarity with some City police officers, and does not support Plaintiffs' statement. The Otten declaration also cites to Exhibit 16, the deposition of Anton Dahlerbruch, which discusses an attempted undercover operation at Lunada Bay that was discussed with the chiefs of police of numerous cities, and does not support Plaintiffs' statement. The Otten declaration also cites to Exhibit 17, which is an email exchange between the City and a member of the public. This communication likewise does not support Plaintiffs' statement, as the mayor discusses City efforts regarding beach access and law enforcement. No "complicity" or "unlawful" conduct is shown is this exhibit. The Otten declaration also cites to Exhibit 20, which is a social media post by the City, |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-5702-5088.1
11317-242

- 11 -

2:16-cv-02129-SJO-RAO

RESPONSES TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Undisputed Material Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| | reaching out to the community in a civic engagement effort. Law enforcement efforts are detailed, and suggestions from the community are welcomed by the City. As with other cited exhibits in the Otten declaration, nothing in this exhibit supports Plaintiffs' statement.<br><br>The Sisson declaration offers unsupported, generalized opinions of an attorney in the capacity of an expert offering legal conclusions, which improperly "…usurps the duty of the trial court…" and is generally improper. (See *Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1598-1599.)<br><br>The Young declaration offers an alleged incident without reference to the date of the event or the persons involved. As stated, this citation does not support Plaintiffs' statement—no "complicity" or "unlawful" conduct is described or even implied.<br><br>The Conn declaration offers only a generalized account of a single alleged phone call to the City police, and relies entirely on Conn's subjective *impressions* rather than any affirmative statements or conduct by the City. He improperly relies on vague assertions of reputation, and the citation to his declaration does not support Plaintiffs' statement.<br><br>The Bacon declaration offers a generalized account of a single alleged incident involving an officer taking the |

4852-5702-5088.1
11317-242
- 12 -
2:16-cv-02129-SJO-RAO
RESPONSES TO SEPARATE STATEMENT OF UNDISPUTED FACTS

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

| Undisputed Material Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| | statement of a person of interest. Nothing in this cited statement indicates any "complicity" or "unlawful" conduct, and it does not support Plaintiffs' statement.<br><br>The Innis declaration offers the declarant's subjective interpretation of an alleged interaction with a police officer, and details an offer to take down a complaint by Innis. These statements do not support Plaintiffs' offered statement regarding "complicity" and "unlawful" conduct.<br><br>The Carpenter declaration speaks solely in generalities, and fails to identify any specific conduct attributable an identifiable, City affiliated person. These vague assertions are unsupported by any factual detail, and does not support Plaintiffs' statement.<br><br>The Gero declaration relies entirely on rumor and hearsay, and does not support Plaintiffs' statement in a substantive manner.<br><br>The Wright declaration also relies heavily on rumor and hearsay, and does not support Plaintiffs' statement in a substantive manner. Wright offers only his subjective beliefs, and actions he believes *should* be taken, yet offers no specific factual basis, which demonstrates that Plaintiffs' statement lacks merit or factual support.<br><br>The Pastor declaration fails to identify |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-5702-5088.1
11317-242

- 13 -

2:16-cv-02129-SJO-RAO

RESPONSES TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Undisputed Material Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| | any connection or relationship to any of the Individual Defendants or the alleged group the Lunada Boys, nor does the declaration set forth any "unlawful" conduct by the City.<br><br>The Spencer declaration describes City police officers interacting with unidentified individuals, which neither implicates any "complicity" nor any "unlawful" conduct; accordingly, this declaration does not support Plaintiffs' statement.<br><br>The Gersch declaration sets forth one incident where an officer asks for identification and another where Gersch was detained after attending a house party. Neither event demonstrates any "complicity" or "unlawful" conduct, and does not support Plaintiffs' statement.<br><br>The Will declaration describes a single traffic stop, where his son was pulled over while riding a motorcycle. Will provides his subjective assumptions about the reasons for the stop without any factual substantiation for the assumption. Will also admits that he exited his car during the traffic stop of another motor vehicle (his son's motorcycle), which would put any reasonable police officer on alert—the conduct describes constitutes the reasonable, cautious actions of an officer during a traffic stop, and does not support Plaintiffs' statement.<br><br>The Krell declaration also fails to support |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-5702-5088.1
11317-242

- 14 -

2:16-cv-02129-SJO-RAO

RESPONSES TO SEPARATE STATEMENT OF UNDISPUTED FACTS

| Undisputed Material Facts and Supporting Evidence | Defendants' Response and Supporting Evidence |
|---|---|
| | Plaintiffs' statement.  Krell describes the intake of an incident report in response to an incident reported by him to the police.  The police later followed upon and further investigated the incident based on Krell's report.  Nothing in Krell's declaration sets forth any "complicity" or "unlawful" conduct by the City, and it does not support Plaintiffs' statement. |
| 16. Plaintiffs suffer the same incidental monetary damages as the class, which can be calculated on a nonindividualized basis.<br><br>Decl. King, ¶ 19. | Disputed.  The City refers to and incorporates by reference the Evidentiary Objections to Plaintiffs' Evidence as though set forth fully herein.  The King Declaration contains assertions that have no factual basis and lack foundation.  Furthermore, the King Declaration fails to meet the *Daubert* standard for admissible expert testimony, and should be stricken and disregarded in its entirety. |
| 17. Plaintiffs' counsel have substantial experience litigating complex class actions, subject matter expertise, and have the resources necessary to pursue this case.<br><br>Decls. Franklin, ¶¶ 2-5, 7; Otten, ¶ 1. | Undisputed. |

Dated:  January 13, 2017         KUTAK ROCK LLP


By:  /s/ *Edwin J. Richards*
Edwin J. Richards
Antoinette P. Hewitt
Jacob Song
Rebecca L. Wilson
Attorneys for Defendants
CITY OF PALOS VERDES ESTATES
and CHIEF OF POLICE JEFF KEPLEY

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4852-5702-5088.1
11317-242

- 15 -

2:16-cv-02129-SJO-RAO

RESPONSES TO SEPARATE STATEMENT OF UNDISPUTED FACTS