**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
EDWARD EARL WARD JR. SB#249006
  E-Mail: Edward.Ward@lewisbrisbois.com
ERIC Y. KIZIRIAN, SB# 210584
  E-Mail: Eric.Kizirian@lewisbrisbois.com
TERA A. LUTZ, SB# 305304
  E-Mail: Tera.Lutz@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant SANG LEE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, <br><br>        Plaintiffs, <br><br>        vs. <br><br> LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA; and ___N.F.___; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, <br><br>        Defendants. | CASE NO. 2:16-cv-02129-SJO (RAOx) <br><br> Assigned District Judge Hon. S. James Otero, Courtroom 10C <br><br> Discovery Assigned to Magistrate Judge Hon. Rozella A. Oliver <br><br> **DEFENDANT SANG LEE'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** <br><br> Judge:  Hon. S. James Otero <br> Date:   February 21, 2017 <br> Time:   10:00a.m. <br> Crtrm.: 10C <br>         1st Street Courthouse <br><br> Complaint filed:    March 29, 2016 <br> Trial Date:        November 7, 2017 |

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

3

## I.     INTRODUCTION

4

The motion for class certification (the "Motion) filed by plaintiffs Cory

5

Spencer, Diana Milena Reed, and Coastal Protection Rangers, Inc. ("Plaintiffs")

6

fails for the simple reason that the putative class members lack standing. None of

7

the Plaintiff Class Representatives have suffered violence, intimidation, harassment,

8

or exclusion by Sang Lee. This is reason alone to deny Plaintiffs' Motion.

9

Further, plaintiffs have failed to identify named defendant, the Lunada Bay

10

Boys, as an unincorporated association pursuant to Rule 23.2, and therefore it is

11

impossible for Sang Lee to be sued in his capacity as a member of the Lunada Bay

12

Boys.

13

14

Beyond these dispositive hurdles, there are numerous other obstacles to

15

certification. While Plaintiffs list all the necessary requirements under Rule 23, they

16

fail to successfully carry their significant burden of proving all the requirements of

17

Rule 23(a) and Rule 23(b). Specifically,

18

19

- *Numerosity:* Only one putative class representative and one member of the class have interacted with Sang Lee. None of the putative class members have been threatened or physically harmed by Lee.

20

21

22

- *Typicality is lacking*: Plaintiffs were harmed in very different ways *by very different people.* It is entirely unclear whether the same individuals who harmed Plaintiffs were the same individuals who harmed members of the class. The majority of the declarations supporting the Motion fail to identify any of the aggressors .[1]

23

24

25

26

27

---

[1] (Decl. Taloa ¶7, 9, 10, 11,18); (Decl. Conn ¶¶6, 7); (Decl. Claypool ¶¶9, 12); (Decl. Pastor ¶¶4, (footnote continued)

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT SANG LEE'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

- ***Plaintiffs are inadequate class representatives:*** Plaintiffs lack of standing highlights why they are not "typical" or "adequate" class representatives.
- ***The Requirements for a Rule 23(b)(3) class are not met:*** Because plaintiffs do not have a common issue, no common issues predominate over the class. Further, class action is not superior and an individual suit against Sang Lee would be more cost effective, efficient, and allow due process.

## II.   SUMMARY OF RELEVANT FACTS:

There is no dispute that Lunada Bay is a beautiful stretch of land off the coast of Southern California. Sang Lee is an individual who enjoys surfing at Lunada Bay. That fact alone does not make him a member of the "Lunada Bay Boys." On January 29, 2016 plaintiff Cory Spencer was surfing at Lunada Bay with his friend Chris Taloa. (Depo. Spencer, p. 309, ln. 10-22). This was the first and only time Spencer ever saw or has seen Lee. (Depo. Spencer, p.307, ln. 11-22). Spencer saw Lee approach Taloa, Taloa and Spencer had a conversation, but Lee never spoke to Spencer. (Depo. Spencer, p.308, 11-12).

Plaintiff Diana Reed has never had any interaction with defendant Sang Lee. (Depo. Reed, p.367, ln. 16-18).

## III.   PLAINTIFFS HAVE NOT SHOWN THAT THE LUNADA BAY BOYS IS AN ENTITY THAT CAN BE SUED BY THE CLASS AS AN UNINCORPORATED ASSOCIATION.

*Federal Rule of Civil Procedure* 23.2 permits an unincorporated association to be sued by naming certain representative parties or members to represent the

---

5); (Decl. Jongeward ¶¶4, 6, 8); (Decl. Geoffrey ¶¶2; 16); (Decl. Marsh ¶30); (Decl. Krell ¶¶2, 3, 4); (Decl. Claypool ¶¶5, 6, 9, 11, 13, 16, 18, 19, 20, 21, 25, 30); (Decl. Innis ¶4); (Decl. Young ¶¶6, 7, 8, 9, 10, 11); (Decl. Bacon ¶¶3, 4, 5, 6, 7, 9, 11); (Decl. Gero ¶¶6, 8, 9, 10, 11); (Decl. Akhavan ¶¶5,14); (Decl. Lanning ¶4); (Decl. Neushul ¶9); (Decl. Carpenter ¶8); (Decl. Gersh ¶5); (Decl. Will ¶¶4, 7); (Decl. Perez ¶5).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT SANG LEE'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

association and members of the association. (*Fed. R. Civ. P. 23.2*.) The purpose of Rule 23.2 is to allow a non-entity to be sued through its members.

### a. Lunada Bay Boys Is Not An Unincorporated Association and Cannot Be Sued As Such

Plaintiffs have identified Defendant the Lunada Bay Boys as an unincorporated association, acting by and through its members and associates. (Complaint, ¶4). An association is an organized, but unchartered, body analogous to, but distinguished from, a corporation. *Hecht v. Malley*, 265 U.S. 144 (1954); see also *United Mine Workers v. Coronado Co.,* 259 U.S. 344, 392 (unincorporated labor unions held to be "associations" within the meaning of the Anti-Trust Law). "Unincorporated association" denotes a voluntary group of persons that are subject to certain rules or by-laws and members are customarily subject to discipline for violations or non-compliance with the rules of the association. *Yonce v. Miners Memorial Hospital Ass'm,* 161 F.Supp. 178, 186 (1958). "The word 'association'…refers to associations such as trade unions, fraternal organizations, business organizations, and the like." *Id.*

Here, Plaintiffs cannot establish that the Lunada Bay Boys are an association because Plaintiffs cannot establish that the alleged association has any structure, by-laws, or violation for non-compliance. Aside from the named defendants, and despite Plaintiffs having no evidence of their membership, it is entirely unclear who Plaintiffs consider to be members of the Lunada Bay Boys. Plaintiffs assume that the named individual defendants are members simply because they have been seen surfing at Lunada Bay. However, many of the proposed class representatives and class members have also surfed at Lunada Bay. Regardless, Plaintiffs have not established that the Lunada Bay Boys have meetings, are comprised of a group of unidentifiable members, have by-laws, or pay dues. Plaintiffs have failed to prove the Lunada Bay Boys are an unincorporated association and pursuant to Rule 23.2,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  cannot be sued by the class.

2  **b.  Even If Plaintiff Could Establish That The Lunada Bay Boys**

3  **Was a Unincorporated Association, Sang Lee Does Not**

4  **Adequately Represent The Interests Of The Association**

5  A Rule 23.2 action is allowed only if representatives of the association fairly

6  and adequately protect the interests of the association and its members. (*Fed. R. Civ.*

7  *P. 23.2.*) Similarly, in applying Rule 23.2 to members of unincorporated

8  associations, common sense is used to determine who qualifies as a "member" of the

9  association. For example, limited partners have been held to be members of an

10  unincorporated association. *Curley v. Brignolu, Curly & Roberts Assoc.,* 915 F.2d

11  81, 87 (1990). Dues-paying members of labor organizations have also been held to

12  be members of an unincorporated association. *Stoltz v. United Bhd. Of Carpenters &*

13  *Joiners, Local Union No. 971,* 620 F.Supp. 396 (1985). Plaintiffs have failed to

14  present any evidence that Sang Lee is a member of the Lunada Bay Boys.[2]

15  Further, because the Lunada Bay Boys have not been established as an

16  unincorporated association, Sang Lee would fail to protect the interests of the

17  association or its members.

18  **c.  Sang Lee is Not a Member of the Lunada Bay Boys**

19  Because the Lunada Bay Boys cannot be established as an unincorporated

20  association under Federal Rules of Civil Procedure Rule 23.2, Sang Lee cannot be

21  sued as a member. Therefore, any class certification must be examined as a suit

22  brought against Sang Lee, as an individual.

23  **IV.   PLAINTIFFS' LACK OF STANDING**

24  "Before determining whether a proposed class satisfies the requirements of

25

26  [2] While Spencer alleges in his Declaration that Sang Lee "described how he became a Bay Boy,
how things work within their gang, [and] how you work your way into their gang." (Decl. Spencer

27  ¶19). Spencer admitted at his deposition that Lee never used the term "Bay Boy" and never called
himself a "Bay Boy." (Depo. Spencer, p.320, ln 2-7).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1599-3408.1                        5                        2:16-cv-2129
DEFENDANT SANG LEE'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1  Rule 23, the court must be satisfied that the named plaintiffs have standing to assert
2  their claims, since the court cannot certify a proposed class if the proposed
3  representatives lack standing to sue . . . Indeed, standing is the threshold issue in any
4  suit. If the individual plaintiff lacks standing, the court need never reach the class
5  action issue." *In re Admin. Comm. ERISA Litig.*, 2005 U.S. Dist. LEXIS 40403,
6  *11-12, 36 (N.D. Cal. Dec. 15, 2005) (denying certification because class
7  representative lacked standing at the time of filing of the action). In order to have
8  standing, the plaintiff must have (1) suffered an injury in fact, (2) that is fairly
9  traceable to the challenged conduct of the defendant; and (3) the injury is likely to
10 be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540,
11 1547 (2016).

12     **A. Even accepting all of their allegations as true, Plaintiffs Suffered No**
13         **Injury by Sang Lee**

14     Cory Spencer testified at his deposition that he has only seen Sang Lee on one
15 occasion and Lee did not speak to him or threaten him. (Spencer Depo, p.307, 308).
16 Spencer agreed that Lee never made any physical threats to him or harmed him, he
17 has never seen Lee injure anyone, slash anyone's tires, or engage in the destruction
18 of property. (Spencer Depo, p.313).

19     Diana Reed has never had any interaction with Sang Lee and has never seen
20 him at Lunada Bay. (Reed Depo, p. 367).

21     Plaintiffs have no standing to bring a class action suit against Sang Lee
22 because neither of them have suffered any injury as a result of his actions. Diana
23 Reed has never even seen or interacted with Sang Lee. Even if we assume plaintiffs
24 allegations are true, they clearly are not traceable to defendant Sang Lee. Plaintiffs
25 have failed to present any evidence that Sang Lee's conduct has harmed Cory
26 Spencer or Diana Reed. Because there was no injury, even a favorable judicial
27 decision will not remedy plaintiffs' allegations.
28

**B.  Class Members Have Suffered No Injury by Sang Lee**

While the class is defined as "beachgoers" who *want* to visit Lunada Bay, it appears this class is open to anyone who wants to visit Lunada Bay even if they have never been prevented from doing so in the past. Plaintiffs' supporting declarations include testimony from beachgoers who were never deterred or prevented from visiting and surfing at Lunada Bay. (Dec. Taloa); (Dec. MacHarg); (Dec. Will); (Dec. Innis); (Dec. K. Claypool); (Dec. Young); (Dec. Bacon); (Dec. Gero); (Dec. Jongeward).

**C. Class Members' Claims Are Not Ripe**

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998). "That is so because, if the contingent events do not occur, the plaintiff likely will not have suffered an injury that is concrete and particularized enough to establish the first element of standing." *Id.* In this way, ripeness and standing are interwined. *Id.*

"As with standing, ripeness is determined on a claim-by-claim basis." *Burdick v. Union Sec., supra,* at *2-3. "Class members lacking justiciable claims under Article III should be excised from the case." *Id.*  at *4. For example, in *Reno v. Catholic Servs., Inc.,* 509 U.S. 43, 66, 113 S.Ct. 2485, 125 L.Ed.2d 38 (1993), the Supreme Court found that "only class members (if any) who were [actually harmed] have ripe claims over which the District Courts should exercise jurisdiction."

Here, any class members who have not visited Lunada Bay could not have claims for assault, battery, or violations for the *Bane Act*. Just like Cory Spencer and Diana Reed, members of the class do not have claims that they have been harmed or threatened, particularly if they have never visited Lunada Bay.

**D. Class Members Include Claims Outside the Statute of Limitations**

Under *Cal. Code Civ. Proc.* §335.1, a plaintiff has two years from the date of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1599-3408.1                                  7                          2:16-cv-2129
DEFENDANT SANG LEE'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1  the intentional act, such as assault or battery, or negligent act to file a lawsuit. As for

2  the Bane Act, for liability arising out of common law neglect or personal injury, a

3  two- year statute of limitations applies, but for statutory actions, a three- year

4  limitation applies. *See K.S. ex rel. P.S. v. Fremont Unified Sch. Dist.,* No. C 06-

5  07218, 2007 WL 915399, at *3 (N.D. Cal. Mar. 23, 2007).

6       Many of plaintiffs' supporting declarations include beachgoers who have not

7  been to Lunada Bay or even surfed in almost thirty years, well outside the two year

8  statute of limitations. (Decl. Carpenter ¶12, who has not surfed since early 1980s);

9  (Decl. Blake ¶10, 10 years ago); (Decl. Perez ¶13- has not been back since 1986);

10  (Decl. Alexander ¶13- last visited in 1999); (Decl. Pastor ¶7- never went back after

11  1983/1984); (Decl. Jongeward ¶10- has not surfed since 1980); (Decl. Marsch ¶5-

12  last visited in 1995). In this way, class members are impermissibly being allowed to

13  prosecute claims that are stale and would not otherwise be able to adjudicate.

14      **V.**    **STANDARD FOR CLASS CERTIFICATION**

15       Pursuant to well-establishedfederal law,   to establish a class, proponents must

16  affirmatively d proffer evidence of every fundamental class action prerequisite. *Wal-*

17  *Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011); *Comcast Corporation v.*

18  *Behrend*, 133 S.Ct. 1426, 1432 (2013).  Class certification rules are not mere

19  pleading standards that class proponents can satisfy with allegations or unsupported

20  assumptions. *Wal-Mart,* 131 S.Ct. at 2551 ("Rule 23 does not set forth a mere

21  pleading standard"); *Cruz v. Sun World International, LLC*, 215 Daily Journal

22  D.A.R. 13634, 13636  (5th Dist. Cal. App., Dec. 24, 2015) ("Pleadings are not

23  evidence and cannot satisfy the plaintiff's evidentiary burden.")  Rather, courts must

24  conduct a "***rigorous analysis***" to determine whether class proponents have satisfied

25  every prerequisite of Rule 23 ***with admissible evidence***. *Id*. at 2250; see also

26  *Comcast,* 133 S.Ct. at 1432.  This "rigorous analysis" will often require a

27  preliminary inquiry into the merits of the plaintiff's claims.  *Wal-Mart*, 131 S.Ct at

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2551-2552. As the Ninth Circuit recently explained:

> [T]he merits of the class members' substantive claims are often highly relevant when determining class certification. More importantly, it is not correct to say a district court *may* consider the merits to the extent that they overlap with class certification issues; rather, a district court *must* consider the merits if they overlap with the Rule 23(a) requirements.

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981(emphasis in original), citing *Wal-Mart*, 131 S.Ct. at 2551-2552, and *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 509 (9th Cir. 1992).

Under Rule 23, class action applicants must prove ***all*** of the following:

**Numerosity**, meaning that the class is so numerous that joinder of all members is impractical *[Fed. R. Civ. P. 23(a)(1)]*;

**Commonality**, meaning that "there are questions of law or fact common to the class" *[Fed. R. Civ. P. 23(a)(2)]*;

**Typicality**, meaning that the proponents' claims are "typical" of the claims of the class *[Fed. R. Civ. P. 23(a)(3)]*;

**Adequacy**, meaning that the named proponents "will fairly and adequately protect the interests of the class" *[Fed. R. Civ. P. 23(a)(4)]*;

**Predominance**, meaning that the questions of law or fact common to the class "predominate over any questions affecting only individual members" *[Fed. R. Civ. P. 23(b)(3)]*; and

**Superiority**, meaning that a class action "is superior to other available methods for fairly and efficiently adjudicating the controversy." *(Fed. R. Civ. P. 23(b)(3).)* Superiority, in turn encompasses several considerations, including, among others:

(i)      **Other Litigation**: Whether potential class members have already begun litigating their claims separately *[Fed. R. Civ. P. 23(b)(3)(B)]*; and

(ii)     **Manageability**: "the likely difficulties in managing a class

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1599-3408.1                                  9                                    2:16-cv-2129
DEFENDANT SANG LEE'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1 | action." *[Fed. R. Civ. P. 23(b)(3)(D).]*

2 | Plaintiffs cannot establish these prerequisites.

3 |

4 | **VI.   PLAINTIFFS HAVE NOT CARRIED THEIR BURDEN TO**

5 | **SHOW THE REQUIREMENTS OF RULE 23(A) ARE MET.**

6 | **a.  Plaintiffs Cannot Establish Numerosity**

7 | The requirement that a class be "numerous" under Rule 23(a)(1) "is met if the

8 | class is so large that joinder of all members is impracticable." *Evon v. Law Offices*

9 | *of Sidney Mickell,* 688 F.3d 1015, 1029 (9th Cir. 2012). None of the putative class

10 | members have been harmed or threatened by Sang Lee. Plaintiffs cite only one

11 | allegation against Sang Lee.  John MacHarg's Declaration outlines an incident

12 | where Sang Lee allegedly poured beer on him. (Decl. MacHarg ¶5) This is an

13 | isolated incident that is better suited to be litigated separate and apart from a class

14 | action.

15 | Further, plaintiffs arbitrarily conclude that 20,000 beachgoers actually want to

16 | visit Lunada Bay but have been deterred. There is no real way to quantify how many

17 | people have *wanted* to visit Lunada Bay but chose to stay at home and never contact

18 | or tell anyone about their wants and feelings. It is difficult enough to attempt to

19 | calculate the number of people who *have in fact* visited Lunada Bay, much less

20 | those who have thought about visiting but never actually did. There is also no

21 | evidence that the one half mile stretch of land would be able to support 20,000

22 | beachgoers.

23 | **b.  Plaintiffs Cannot Established Typicality**

24 | Rule 23(a)(3) provides that class certification is appropriate where "the claims

25 | or defenses of the representative parties are typical of the claims or defenses of the

26 | class." *(Fed. R. Civ. P. 23(a)(3)).* Typicality is shown where "other members have

27 | the same or similar injury, whether the action is based on conduct which is not

28 |

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

DEFENDANT SANG LEE'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1    unique to the named plaintiffs, and whether other class members have been injured

2    by the same course of conduct." *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508

3    (9th Cir. 1992). "[T]he commonality and typicality requirements of Rule 23(a) tend

4    to merge. Both serve as guideposts for determining whether under the particular

5    circumstances maintenance of a class action is economical and whether the named

6    plaintiff's claim and the class claims are so interrelated that the interests of the class

7    members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of*

8    *Sw. v. Falcon,* 457 U.S. 147, 178 n.13 (1982).

9           Plaintiffs' injuries are not typical of the class because it is unclear who

10   harmed members of the class. Plaintiffs alleged the Lunada Bay Boys have

11   threatened and deterred beachgoers from enjoying the beach at Lunada Bay.

12   (Motion, p.14). However, plaintiffs claim there are additional Bay Boys besides the

13   named individual defendants to this case. (Decl. Claypool ¶3; Decl. MacHarg ¶5).

14   Plaintiffs' motion also attributes harm to unknown and unidentified individuals.[3]

15   There is no commonality among the class because the harm suffered was caused by

16   individuals who have not been identified or named in the suit. While Spencer and

17   Reed have identified their aggressors, members of the class suffered harm as a result

18   of entirely separate and distinct individuals who have not been identified.[4]

19          **c.   Plaintiffs Cannot Establish That They Are Adequate Class**

20                **Representatives Because They Were Never Members Of The**

21                **Class They Purport To Represent.**

22          Plaintiffs must demonstrate that "the representative parties will fairly and

23   _____

24   [3] (Decl. Taloa ¶7, 9, 10, 11,18); (Decl. Conn ¶¶6, 7); (Decl. Claypool ¶¶9, 12); (Decl. Pastor ¶¶4,
     5); (Decl. Jongeward ¶¶4, 6, 8); (Decl. Geoffrey ¶¶2; 16); (Decl. Marsh ¶30); (Decl. Krell ¶¶2, 3,

25   4); (Decl. Claypool ¶¶5, 6, 9, 11, 13, 16, 18, 19, 20, 21, 25, 30); (Decl. Innis ¶4); (Decl. Young
     ¶¶6, 7, 8, 9, 10, 11); (Decl. Bacon ¶¶3, 4, 5, 6, 7, 9, 11); (Decl. Gero ¶¶6, 8, 9, 10, 11); (Decl.

26   Akhavan ¶¶5,14); (Decl. Lanning ¶4); (Decl. Neushul ¶9); (Decl. Carpenter ¶8); (Decl. Gersh ¶5);
     (Decl. Will ¶¶4, 7); (Decl. Perez ¶5).

27   [4] (Decl. Spencer ¶12); (Decl. Reed ¶¶11, 21, 24, 27)

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1599-3408.1                                11                              2:16-cv-2129
DEFENDANT SANG LEE'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1   adequately protect the interests of the class." *(Fed. R. Civ. P. 23(a)(4).)* "Adequacy

2   of representation is necessary to provide due process of law to unnamed class

3   members that will be bound by the judgment in the representative's action." *Perez-*

4   *Olano v. Gonzalez*, 248 F.R.D. 248, 258 (C.D. Cal. 2008) (*citing Crawford v.*

5   *Honig*, 37 F.3d 485, 487 (9th Cir. 1994)). Because Plaintiffs cannot establish that

6   they were injured by Sang Lee, Plaintiffs lack standing to sue him.Accordingly,

7   Plaintiffs have no vested interest in seeing that issues of Sang Lee's liability are

8   fully and adequately litigated for the rest of the class members. They are not

9   adequate class representatives.

10                    **d.  Plaintiffs Cannot Establish Predominance**

11          Even if Applicants could demonstrate a "common issue,", they have no

12   support for their contention that any common issue *predominates*.  First,

13   "predominance" cannot be presumed from the mere demonstration that a common

14   issue exists. *Abdullah v. U.S. Sec. Assoc.*, 731 F.3d 952, 963-64 (9th Cir. 2013).

15   Second, class certification is not appropriate when, as here, a defendant's liability to

16   every single class member must be individually litigated, claim-by-claim and

17   payment-by-payment. *Mazza v. American Honda Motor Co.*, 666 F.3d 581, 596 (9th

18   Cir. 2012); *Duran*, 59 Cal.4[th] at 28. Plaintiffs fail to present a common issue that

19   predominates the class because each of class representatives and the class members

20   have had unique confrontations with very different individuals at Lunada Bay. Only

21   one individual claims to have  had a confrontation with Sang Lee. (Decl. MacHarg,

22   ¶5). Each Defendant has a due process right to challenge his alleged *liability,* to

23   litigate his affirmative defenses, and to contest each Plaintiff's claimed damages.

24   Because each of the incidents alleged by plaintiffs are so particularized and are

25   alleged to have occurred to different people by different people over a period of

26   thirty years, class certification would deny each defendant their right to due process.

27   Further, these payment-by-payment mini-trials overwhelm any possible "common"

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-1599-3408.1                                    12                                    2:16-cv-2129
DEFENDANT SANG LEE'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1 | issue.

2

3         **e.  Plaintiffs Cannot Establish Superiority**

4       A class action is not superior where the penalty claims could and *should* be

5 asserted in every putative class member's separate case. This overlay class action is

6 superfluous to, and would interfere with, those separate, individual cases. Each of

7 the allegations against the named individual Defendants in this case can easily and

8 more efficiently be brought in separate actions.

9       Further, this class is unmanageable because the class includes any

10 "beachgoers" who may have ever wanted to surf Lunada Bay. There is no way for

11 this class to be identified because *anyone* in the United States can claim they *wanted*

12 to surf Lunada Bay, even if they never actually have or will want to do so. This will

13 allow virtually anyone to claim damages at the unreasonable detriment of Sang Lee.

14     **VII.  <u>CONCLUSION</u>**

15       For all of the foregoing reasons, Defendants respectfully request this Court

16 deny Plaintiffs' Motion for Class Certification in its entirety.

17

18 DATED: Janurary 13, 2017      Respectfully submitted,

19                  DANA ALDEN FOX

20                  EDWARD EARL WARD JR.
                   ERIC Y. KIZIRIAN

21                  TERA A. LUTZ
                   LEWIS BRISBOIS BISGAARD & SMITH LLP

22

23

24              By:      /s/ Edward E. Ward, Jr.

25                 Edward E. Ward, Jr.

26                 Attorneys for Defendant SANG LEE

27

28

# EXHIBIT A

1            UNITED STATES DISTRICT COURT

2            CENTRAL DISTRICT OF CALIFORNIA

3                 WESTERN DIVISION

4

5   CORY SPENCER, an individual; DIANA  )
    MILENA REED, an individual; and      )
6   COASTAL PROTECTION RANGERS, INC., a )
    California non-profit public benefit)
7   corporation,                        ) Case No.
                                         ) 2:16-cv-02129-SJO-RAO
8                 Plaintiffs,            )
                                         )
9            vs.                         )
                                         )
10  LUNADA BAY BOYS, et al.,             )
                                         )
11                Defendants.            )
    _____   )

12

13

14

15

16

17

18       VIDEOTAPED DEPOSITION OF DIANA MILENA REED

19                  VOLUME II

20             Santa Monica, California

21             Tuesday, October 25, 2016

22

23

24   REPORTED BY:
     Jimmy S. Rodriguez
25   CSR No. 13464

                                          Page 187

```
 1                 UNITED STATES DISTRICT COURT
 2               CENTRAL DISTRICT OF CALIFORNIA
 3                      WESTERN DIVISION
 4
 5   CORY SPENCER, an individual; DIANA  )
     MILENA REED, an individual; and     )
 6   COASTAL PROTECTION RANGERS, INC., a )
     California non-profit public benefit)
 7   corporation,                        ) Case No.
                                         ) 2:16-cv-02129-SJO-RAO
 8                     Plaintiffs,       )
                                         )
 9           vs.                         )
                                         )
10   LUNADA BAY BOYS, et al.,            )
                                         )
11                     Defendants.       )
     _____)
12
13
14
15
16
17
18       Videotaped deposition of DIANA MILENA REED, Volume II,
19   taken before Jimmy Rodriguez, a Certified Shorthand
20   Reporter for the State of California, with principal
21   office in the County of Orange, commencing at 9:24 a.m.,
22   Tuesday, October 25, 2016 at Premier Business Centers -
23   The Water Garden, 2425 Olympic Boulevard, Suite 4000,
24   Santa Monica, California.
25
```

                                                    Page 188

| | | |
|---|---|---|
| 1 | Q   Did you see Sang Lee in Lunada Bay on, I | 13:57 |
| 2 | think, February 5th or 6th 2016? | 13:58 |
| 3 | A   No, I did not. | 13:58 |
| 4 | Q   Did you see Sang Lee in Lunada Bay on | 13:58 |
| 5 | February 13, 2016? | 13:58 |
| 6 | A   No, I did not. | 13:58 |
| 7 | Q   Has Sang Lee ever approached you? | 13:58 |
| 8 | A   I don't think so. | 13:58 |
| 9 | Q   Has Sang Lee ever made physical contact | 13:58 |
| 10 | with you? | 13:58 |
| 11 | A   I don't think so, no.                . | 13:58 |
| 12 | Q   Have you ever personally felt physically | 13:58 |
| 13 | threatened by Sang Lee? | 13:58 |
| 14 | MR. FRANKLIN:  Objection, vague and | 13:58 |
| 15 | ambiguous. | 13:58 |
| 16 | THE WITNESS:  I haven't personally had any | 13:58 |
| 17 | interaction with him that I know of, that I can | 13:58 |
| 18 | remember. | 13:58 |
| 19 | THE VIDEOGRAPHER:  Five minutes. | 13:58 |
| 20 | BY MS. LUTZ: | 13:58 |
| 21 | Q   Has Sang Lee caused you to lose any sleep? | 13:58 |
| 22 | A   Not Sang Lee specifically. | 13:58 |
| 23 | Q   You mentioned earlier that you knew Rory | 13:58 |
| 24 | Carroll and Noah Smith; is that correct? | 13:58 |
| 25 | A   I know who they are and I have spoken to | 13:58 |

Page 367

# EXHIBIT B

1                UNITED STATES DISTRICT COURT
2             CENTRAL DISTRICT OF CALIFORNIA
3                  WESTERN DIVISION

4

5  CORY SPENCER, an individual;  ) Case No.
    DIANA MILENA REED, an       ) 2:16-cv-02129-SJO-RAO
6  individual; and COASTAL     )
    PROTECTION RANGERS, INC., a  )
7  California non-profit public  )
    benefit corporation,        )

**CERTIFIED TRANSCRIPT**

8                        )
              Plaintiffs,  )
9                        )
           v.             )
10                        )
    LUNADA BAY BOYS; THE        )
11  INDIVIDUAL MEMBERS OF THE    )
    LUNADA BAY BOYS, including   )
12  but not limited to SANG LEE,  )
    BRANT BLAKEMAN, ALAN JOHNSTON )
13  aka JALIAN JOHNSTON, MICHAEL  )
    RAE PAPAYANS, ANGELO FERRARA, )
14  FRANK FERRARA, CHARLIE     )
    FERRARA and N.F.; CITY OF   )
15  PALOS VERDES ESTATES;      )
    CHIEF OF POLICE JEFF KEPLEY,  )
16  in his representative      )
    capacity; and DOES 1-10,    )
17                        )
              Defendants.  )
18  _____)
19        DEPOSITION OF CORY ELDON SPENCER
20          Los Angeles, California
21        Tuesday, October 11, 2016
22

23  Reported by:
24  Carmen R. Sanchez
25  CSR No. 5060

                                Page 1

```
 1              A         I just -- professional medical
 2      treatment?
 3              Q         Correct.
 4              A         No.
 5              Q         None after the incident?
 6              A         No.
 7              Q         Can you describe to me Sang Lee, his
 8      physical characteristics?
 9              A         Male; Asian; dark hair; kind of a raspy
10      voice.
11              Q         How many times have you seen Sang Lee?
12              A         In person?
13              Q         In person.
14              A         I believe just -- just the once.
15              Q         And you're referencing the February
16      incident?
17              A         That would be the January incident.
18              Q         January 29th?
19              A         Correct.
20              Q         And was that the first time you saw
21      Sang Lee?
22              A         Yes.
23              Q         Would you be able to identify Mr. Lee if
24      you saw him here today?
25              A         Possibly.
```

                                                    Page 307

1   Q  Why do you say, "possibly"?

2   A  It's been a while.

3   Q  You mentioned earlier this morning that

4 at the time you didn't know that the individual you now

5 know to be Sang Lee was Sang Lee; is that correct?

6   A  That's correct.

7   Q  At what point did you become aware that

8 that was Sang Lee?

9   A  After I talked to Chris after he got

10 done talking with Sang.

11   Q  Have you ever spoken with Sang Lee?

12   A  No, we did not speak.

13   Q  Has Sang Lee ever threatened you?

14   A  Again, I don't know.

15   Q  Why do you say, "I don't know"?

16   A  Well, it seems to be a coordinated

17 effort up there between members of the Bay Boys; and if

18 they coordinate and one gets assaulted, such as I have

19 -- going back, and I like to clarify something too.  If

20 there's a coordinated effort, such as I believe goes on

21 there, with cell phones, others in the past have

22 reported walkie-talkies.  I already stated on the

23 record I didn't see the walkie-talkies.  Others have

24 reported that.  When there's a concerted effort in that

25 regards, when I was assaulted and battered in the

Page 308

```
 1    water, if they were talking to each other, that's an

 2    assault and battery charge on all of them, as far as

 3    I'm concerned.

 4          Q      Has Sang Lee ever physically made

 5    physical contact with you?

 6          A      With me?  Physically?  With his body to

 7    my body?

 8          Q      Yes, his body to your body.

 9          A      No.

10          Q      Has he ever threatened -- strike that.

11                 Going to the January 29th, 2016

12    incident, when was it that Mr. Lee approached

13    Chris Taloa?

14          A      Are you looking for a specific hour?

15    Because I don't remember the hour, but it was after we

16    got out of the water.

17          Q      How long after?

18          A      I can't give you a specific minutes or

19    numbers, but we were out of the water and not surfing;

20    so, from the time it takes you to walk up from the

21    water to the time you get to your car, it was within,

22    you know, within a half an hour, an hour.

23          Q      Was it near your car?

24          A      It was right at, like, the rear of

25    Chris' car -- Chris Taloa's car.
```

Page 309

```
 1    in concert with that, then, I would say it's possible.
 2    BY MS. LUTZ:
 3            Q       Have you seen Mr. Lee ever be on the
 4    phone at Lunada Bay?
 5            A       I have not.
 6            Q       Have you ever seen Mr. Lee injure anyone
 7    at Lunada Bay?
 8            A       No.
 9            Q       Have you ever seen Mr. Lee slash
10    anyone's tires?
11            A       No.
12            Q       Have you ever seen Mr. Lee engage in the
13    destruction of property at Lunada Bay?
14            A       No.
15            Q       Do you contend that Mr. Lee is involved
16    in drug use?
17            A       I don't know his involvement in any drug
18    use.
19            Q       Is that a "No"?
20            A       I don't know if he's involved in any
21    drug use.
22            Q       Do you believe that Mr. Lee is involved
23    in any drug trafficking?
24            A       I don't know if he is.
25            Q       You have no facts to believe that?
```

Page 313

```
 1          A       I don't.

 2          Q       When Sang was describing to you how he

 3  became what you allege a Bay Boy, did he use the term

 4  "Bay Boy"?

 5          A       Not that I recall.

 6          Q       Did he call himself a "Bay Boy"?

 7          A       Not that I recall.

 8          Q       In the time before when you visited

 9  Lunada Bay before you were 20, where were the swells,

10  if you remember?

11          A       What type of swells were they?

12          Q       Where were they?

13          A       What type of season was it?  So, you

14  know, I don't mean to question you.

15          Q       That's fine.  I don't know anything

16  about surfing so --

17          A       Okay.  So, being a young surfer -- that

18  might help you.

19          Q       What was the angle of the swells?

20          A       I don't recall.

21                  Being a young surfer, I wasn't fully as

22  verse as I am now on swell direction; season; the way

23  it was breaking; and I don't even recall when I was

24  younger at what time I visited Lunada Bay.

25          Q       Were there swells that you remember?
```

Page 320