**VEATCH CARLSON, LLP**
A Partnership Including Professional Corporations
1055 Wilshire Blvd., 11th Floor
Los Angeles, California 90017
Telephone (213) 381-2861
Facsimile (213) 383-6370

ROBERT T. MACKEY, State Bar No. 210810
*rmackey@veatchfirm.com*
RICHARD P. DIEFFENBACH, State Bar No. 102663
*rdieffenbach@veatchfirm.com*
JOHN E. STOBART, State Bar No. 248741
*jstobart@veatchfirm.com*
JOHN P. WORGUL, State Bar No. 259150
*jworgul@veatchfirm.com*

Attorneys for Defendant,
BRANT BLAKEMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>                    Defendants. | **CASE NO.: 2:16-CV-2129-SJO-RAO**<br>**Hon. S. James Otero, Ctrm. 10C**<br><br>**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>DATE:  February 21, 2017<br>TIME:   10:00 a.m.<br>CTRM:  10C<br>          1st Street Courthouse<br><br>**Action Commenced:      3/29/2016**<br>**Discovery Cutoff:        8/17/17**<br>**Pretrial Conf.:           10/23/17**<br>**Trial Date:              11/7/2017** |

# TABLE OF CONTENTS

Page

1. INTRODUCTION ..................................................................................2

2. THIS COURT SHOULD DECLINE TO CONSIDER PLAINTIFFS' EVIDENCE THAT

   A. THE COURT SHOULD DISREGARD EVIDENCE THAT IMPROPERLY
   CLASSIFIES OR ASSOCIATES INDIVIDUALS WITH TORTIOUS CONDUCT ...........3

   B. EVIDENCE THAT VIOLATES OTHER BASIC RULES OF EVIDENCE SHOULD
   BE EXCLUDED ..................................................................................4

3. THIS COURT SHOULD DECLINE TO CONSIDER THE EXPERT
   DECLARATION OF PHILIP KING .........................................................6

   A. THE COURT SHOULD DETERMINE THE RELIABILITY OF EXPERT
   OPINIONS PRIOR TO CONSIDERATION AT THE CLASS CERTIFICATION
   STAGE ..........................................................................................6

   B. THE OPINIONS OF EXPERT PHILIP KING ARE UNRELIABLE AND
   IRRELEVANT TO THE ISSUES FOR CLASS CERTIFICATION. ................................7

4. OBJECTIONS TO EVIDENCE........................................................11

   A. DECLARATION OF KURT A. FRANKLIN, DOCKET NO. 159-2 (FRANKLIN DECL.)11

   B. DECLARATION OF VICTOR OTTEN, DOCKET NO. 159-3 (OTTEN DECL.).........14

   C. DECLARATION OF CORY SPENCER, DOCKET NO. 159-4, (SPENCER
   DECL.).........................................................................................35

   D. DECLARATION OF DIANA MILENA REED, DOCKET NO. 159-5, (REED
   DECL.).........................................................................................52

   E. DECLARATION OF MARK SLATTEN, DOCKET NO. 159-6, (SLATTEN
   DECL.).........................................................................................64

   F. DECLARATION OF JORDAN WRIGHT SPENCER, DOCKET NO. 159-9,
   (WRIGHT DECL.) .........................................................................66

   G. DECLARATION OF CHRISTOPHER TALOA, DOCKET NO. 159-10, (TALOA
   DECL.).........................................................................................70

   H. DECLARATION OF JOHN MACHARG, DOCKET NO. 160, (MACHARG
   DECL.).........................................................................................73

   I. DECLARATION OF JOHN CARPENTER, DOCKET NO. 161, (CARPENTER
   DECL.).........................................................................................75

   J. DECLARATION OF JASON GERSCH, DOCKET NO. 162, (GERSCH DECL.) .........77

   K. DECLARATION OF BLAKE WILL, DOCKET NO. 163, (WILL DECL.) ...............79

   L. DECLARATION OF SHARLEAN PEREZ, DOCKET NO. 164, (PEREZ DECL.) .......82

i

OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION

M.  DECLARATION OF JOHN W. INNIS, DOCKET NO. 165, (INNIS DECL.) ........... 83

N.  DECLARATION OF KENNETH CLAYPOOL, DOCKET NO. 166, (K. CLAYPOOL DECL.) ...................................................................... 85

O.  DECLARATION OF STEPHEN W. YOUNG, DOCKET NO. 167, (YOUNG DECL.) ........................................................................ 92

P.  DECLARATION OF BRUCE BACON, DOCKET NO. 168, (BACON DECL.) .......... 93

Q.  DECLARATION OF MICHAEL SISSON, DOCKET NO. 169, (SISSON DECL.) ....... 95

R.  DECLARATION OF MICHAEL ALEXANDER GERO, DOCKET NO. 170, (GERO DECL.) ..................................................................... 98

S.  DECLARATION OF AMIN AKHAVAN, DOCKET NO. 171, (AKHAVAN DECL.) ........................................................................ 99

T.  DECLARATION OF STEPHEN NEUSHUL, DOCKET NO. 173, (S. NEUSHUL DECL.) ...................................................................... 100

U.  DECLARATION OF JAMES CONN, DOCKET NO. 174, (CONN DECL.) ............ 102

V.  DECLARATION OF RICARDO G. PASTOR, DOCKET NO. 175, (PASTOR DECL.) ...................................................................... 104

W.  DECLARATION OF CHRIS CLAYPOOL, DOCKET NO. 176, (C. CLAYPOOL DECL.) 104

X.  DECLARATION OF DANIEL JOHNGEWARD, DOCKET NO. 177, (JONGEWARD DECL.) ................................................................ 105

Y.  DECLARATION OF JOHN GEOFFREY HAGIN, DOCKET NO. 178, (HAGIN DECL.) ...................................................................... 107

Z.  DECLARATION OF SEF KRELL, DOCKET NO. 180, (KRELL DECL.) .............. 108

5.    CONCLUSION ........................................................................ 109

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

# TABLE OF AUTHORITIES

Page

## CASES

American Honda Motor Co. v. Allen,    7
    600 F.3d 813, 815-16 (7th Cir. 2010)

Andrews Farms v. Calcot, Ltd.,    2
    258 F.R.D. 640, 651 (E.D. Cal. 2009)

Daubert v. Merrell Dow Pharmaceuticals Inc,    7, 10
    509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)

Ellis v. Costco Wholesale Corp.,    7
    657 F.3d 970 (9th Cir. 2011)

Estremera v. United States,    passim
    442 F3d 580, 584-585 (7th Cir. 2006)

General Telephone Co. of the Southwest v. Falcon,    2
    457 U.S. 147, 161 (1982)

Hawkins v. Compare-Cassani,    2
    251 F.3d 1230, 1238 (9th Cir. 2001)

Krzesniak  v. Cendant Corp.,    2
    2007 U.S. Dist. LEXIS 47518,14-15 (N.D. Cal., 2007)

SDS Korea Co., Ltd. v. SDS USA, Inc.,    passim
    732 F. Supp. 2d 1062 (S.D. Cal. 2010)

Wal-Mart Stores, Inc. v. Dukes,    7
    131 S. Ct. 2541 (2011)

Wang v. Chinese Daily News, Inc.,    2
    236 F.R.D. 485, 491 (C.D. Cal., 2006)

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

# 1.  INTRODUCTION

Plaintiffs Diana Milena Reed and Cory Spencer allege that they were individually harassed by some, but not all, defendants while recreating at Lunada Bay. Rather than pursuing individual claims against the offending persons, they are now seeking to certify a class to pursue an action against individually named defendants, two public entities, and a phantom association Plaintiffs called "Lunada Bay Boys." Defendant Brant Blakeman ("Defendant") now opposes Plaintiffs request.

Concurrent with their Motion for Class Certification Plaintiffs submit 25 witness declarations, two attorney declarations, two expert declarations, and nearly 30 exhibits to support their 17 "undisputed" facts critical to class certification. Upon inspection of these materials it is clear that nearly every item's admissibility is questionable. The evidence frequently suffers from foundational deficiencies, authentication challenges, and general hearsay and relevance problems. Accordingly, Defendant objects.

Initially, the moving party bears the burden of proving that class certification is appropriate. *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001). The court must rigorously analyze whether the class allegations meet the requirements of Fed. R. Civ. P. 23. *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982). The burden is met by producing evidence by affidavits, documents or testimony establishing each Rule 23 requirement. *Andrews Farms v. Calcot*, Ltd., 258 F.R.D. 640, 651 (E.D. Cal. 2009).

When declarations are filed, the declarations must meet admissibility standards. *See Krzesniak  v. Cendant Corp.*, 2007 U.S. Dist. LEXIS 47518,14-15 (N.D. Cal., 2007) (hearsay); *Wang v. Chinese Daily News, Inc.*, 236 F.R.D. 485, 491 (C.D. Cal., 2006) (various objections ruled upon). In other words, if declarations contain hearsay or the proper foundation is not laid, then objections are properly sustained. *Id*.

Defendants therefore request that the Court (1) decline to consider evidence that improperly associates individuals with the actions of others; (2) strike the Expert Declarations of Philip King and Peter Neushul; and (2) exclude statements and exhibits that are inadmissible under the Federal Rules of Evidence. *See* Parts I-III, *infra*.

## 2.     THIS COURT SHOULD DECLINE TO CONSIDER PLAINTIFFS' EVIDENCE THAT IMPROPERLY CLASSIFIES  INDIVIDUALS WITH TORTIOUS CONDUCT WITHOUT FOUNDATION OR OTHERWISE VIOLATES THE RULES OF EVIDENCE

### A) THE COURT SHOULD DISREGARD EVIDENCE THAT IMPROPERLY CLASSIFIES OR ASSOCIATES INDIVIDUALS WITH TORTIOUS CONDUCT

Plaintiffs have named as a defendant an association they call the "Lunada Bay Boys." However, Plaintiffs have yet to offer a concrete definition of this association such that this Court or any other person can define its members or properly ascribe liability for actions taken by its purported members. Plaintiffs give no evidence of self-identification by any members past or present. They provide no evidence of logos, language, codes, symbols, traditions, customs, practices, or any other item of significance to identify this association or its members. They rely, instead, on legends, rumors, and culture to breathe life into this, otherwise, fantastical entity. That such an entity exists in the myths of the surfer community or the minds of local culture is not helpful in an action where the behaviors of individuals are in question.

This does not impede, however, Plaintiffs' attempts to ascribe the behaviors of individuals to this phantom organization and vice versa without any foundations in personal knowledge of their witnesses. No fewer than 23 of the 29 declarations allege incidents of harassment at Lunada Bay by random unidentified individuals acting alone or in small groups. Yet nowhere do Plaintiffs or any declarant offer evidence that the perpetrators belong to the group they call the "Bay Boys." The declarants give no evidence that any person identified themselves as such throughout the thirty years of incidents they allege, nor does any declarant provide foundation to demonstrate an ability to identify the perpetrators as members of this organization.

Harassment, aggressive surfing, and delinquent behavior in surf culture is not unique Lunada Bay. Furthermore, many do surf the location who are not members of this purported group, as the various declarations indicate. Nevertheless, Plaintiffs give no guidance to this

Court as to how the actions and behaviors by anonymous individuals, as reported by the declarants, could be ascribed to the phantom entity known as the "Lunada Bay Boys" rather than random surfers at the location. Moreover, Plaintiffs fail to provide evidence to support claims that the named individuals in their complaint are members of the "Lunada Bay Boys." There is no single example.

In addition, many declarants use the term 'locals' interchangeably with "Bay Boys" to imply that the offenders are local surfers only. Yet, again, they provide no guidelines as to how a 'local' should be defined. The declarations are riddled with first-time visitors who assert with confidence and without foundation that a person they encountered is a 'local' rather than a visiting surfer acting like a jerk. Notwithstanding the obvious due process implications of holding individuals or groups accountable for the actions of random unidentified individuals, the Plaintiffs cannot assert a common harm to the class by a group that they cannot define.

Admittedly there is some probative value to the fact that some individuals have encountered delinquency while surfing at Lunada Bay. But this is far from the sweeping decades-long problem they assert. Without any concrete evidence to link these actions to a broader defined group of individuals that Plaintiffs name as Defendant "Lunada Bay Boys," the probative value is substantially outweighed by the risk of unfairly ascribing the actions of an anonymous few to the identified defendants. *See* Fed. R. Evid. 403. Without more foundation, this Court should decline to consider evidence of random incidents by random unnamed individuals as it is irrelevant pursuant to Federal Rules of Evidence 401 and 402 and risks sweeping into its net accusations and incidents that are not at issue in this action. It is Plaintiffs' burden to prove otherwise.

**B)** **U**NDERLINED: **E**VIDENCE **T**HAT **V**IOLATES **O**THER **B**ASIC **R**ULES **O**F **E**VIDENCE **S**HOULD **B**E **E**XCLUDED

The Court should also decline to consider Plaintiffs' declarations and exhibits insofar as they are riddled with unsupported claims, speculative assertions, inadmissible hearsay, and gross mischaracterizations. As set forth below nearly every declarant offers opinions for

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

which no foundation or personal knowledge is provided. The non-attorney declarants –
including an assortment of individuals who have surfed Lunada Bay over the past thirty
years – repeatedly assert without evidence or citation that there is a general reputation of
extreme localism present at Lunada Bay. Citizens offer opinions as to the adequacy of police
procedure and unfounded claims of police neglect despite having little to no experience with
police at Lunada Bay. Declarants opine widely about changes they *want* to make, actions
they *hope* Defendants take, and remedies they *hope* will work. The end result is a collection
of unreliable declarations of little to no value to the Court.

Defendant's objections (though lengthy) are clear and uncomplicated. First, Plaintiffs'
declarations time and again violate the dictates of Federal Rule of Evidence 602, which
permits a lay witness to testify "*only if* evidence is introduced sufficient to support a finding
that the witness has personal knowledge of the matter"(emphasis added). Plaintiffs'
declarations demonstrate no regard for this Rule, as individuals assert sweeping conclusions
about persistent harassment, personal intentions, and police neglect without a scintilla of
foundation in personal knowledge. No fewer than 27 of the 29 declarations include assertions
that are inadmissible on accounts of being unsupported by personal knowledge.

The declarants also repeatedly proffer expert testimony despite not being qualified as
experts in any manner. These statements contravene the requirements of Fed. R. Evid. 701,
which provides that non-expert "testimony in the form of an opinion is limited to one that is:
(a) rationally based on the witness's perception, (b) helpful to . . . determining a fact in issue,
and (c) not based on scientific, technical, or other specialized knowledge." Declarants offer
opinions about complex issues relating, for example, to the behaviors of criminal gangs, the
adequacy of policing methods, and the ability to provide beach access without disturbing the
natural ecology of the relevant area. Such statements are also in direct violation of Federal
Rule of Evidence 702 which sets forth the specific bases for who may provide expert
testimony. At least 19 of the declarations involve conclusions and assessments that are
properly the province of expert witnesses, not lay declarants.

Nearly all declarants base their declarations on mere hearsay, such as assertions about

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

purported statements made by other surfers, police officers, or printed materials. The declarants offer these statements made by third parties for the truth of the matters asserted, and no hearsay exceptions apply. *See* fed. R. Evid. 801, 802. No fewer than 24 contain critical assertions that rely on hearsay statements that render them inadmissible.

Moreover, many declarations make assertions that are inadmissible on account of their total irrelevance. As noted above, such statements include speculations about future actions, projects, and reforms that have no bearing on the Court's inquiry into current and ongoing conditions. Other declarations include statements that are irrelevant because they simply do not respond to any matter at issue in this case or do not establish sufficient detail to demonstrate their relevance. Such irrelevant statements are present in at least 24 of the declarations.

Finally, no fewer than 10 exhibits submitted concurrently with the declarations violate Federal Rule of Evidence 901, which provides that "…the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it to be." Plaintiffs offer emails, articles, text messages, memoranda, letters, and an audio recording transcript all without providing necessary foundation for authenticity.

## 3.   THIS COURT SHOULD DECLINE TO CONSIDER THE EXPERT DECLARATION OF PHILIP KING

### A)   THE COURT SHOULD DETERMINE THE RELIABILITY OF EXPERT OPINIONS PRIOR TO CONSIDERATION AT THE CLASS CERTIFICATION STAGE

The requirements for class certification in Federal Rule of Civil Procedure 26 are more than just a pleading standard, they are elements that the class proponent must prove. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). In *Dukes* the court held that "[a] party seeking class certification must *affirmatively demonstrate his compliance* with the Rule—that is, he *must be prepared to prove*" that the requirements are satisfied. 131 S. Ct. at 2551 (emphasis added). Moreover, "certification is proper only if 'the trial court is satisfied, *after a rigorous analysis*, that the prerequisites of Rule 23(a) have been satisfied.'" *Id.* (emphasis added). When an expert's opinion is necessary to prove facts

OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION

critical to class certification, the Court, as part of its rigorous analysis, must hold the expert's testimony to the evidentiary standards set forth in Federal Rules of Evidence 701-705. *See, American Honda Motor Co. v. Allen*, 600 F.3d 813, 815-16 (7th Cir. 2010)(holding that *Daubert* analysis required at the class certification stage when expert testimony is critical to class certification). Accordingly, the Ninth Circuit has approved the use of challenges against experts at class certification. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011).

Under Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals Inc*, expert testimony is admissible only if (1) the expert testifies to valid technical, scientific, or other specialized knowledge; and (2) that testimony will assist the trier of fact. 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). *Daubert* confirmed the trial judge's role as a "gatekeeper" in regard to the admissibility of expert testimony. *Id.* at 592. "this entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in the case. *Id.* at 592-593.

Defendant now requests that this Court apply the standards set forth in *Daubert* and its progeny to assess the reliability of the testimony offered by Dr. Phillip King in support of Plaintiff's Motion for Class Certification.

B) **THE OPINIONS OF EXPERT PHILIP KING ARE UNRELIABLE AND IRRELEVANT TO THE ISSUES FOR CLASS CERTIFICATION.**

Plaintiffs offer the expert declaration of Philip King, an Associate Professor of Economics who has studied and written about the value of beach recreation, to support 5 of their undisputed facts critical to their class certification. Defendant does not challenge the qualifications of Dr. King through this motion as it is not necessary at this point. However, even a simple scrutiny of Dr. King's methods and data should easily lead this Court to the conclusion that Dr. King's opinions relevant to class certification are not reliable.

Initially, Dr. King begins his declaration clearly taking a side in this matter when he declares that, "[b]ecause of the importance of this matter to beach access, I have provided my initial services and this declaration to Plaintiffs without charge." King Decl. ¶5, 3:15-17.

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

This is hardly an disinterested and objective witness giving an well considered expert opinion. Bias aside, the reliability of Dr. King's findings should be questioned, if for no other reason, because demonstrates to this Court that his opinion is only "preliminary." King Decl. ¶20, 8:23. Dr. King states that he is being intentionally conservative but gives no further explanation as to how he is being conservative or as to how his findings may change. He asserts that the numbers may increase but gives no reason why this Court should find that estimation credible.

**1.      Dr. King Provides No Support For His Claim That There Are Only 100 Unique Surfers At Lunada Bay.**

Plaintiffs claim that there are fewer than 100 unique surfers who surf at Lunada Bay. Plaintiffs' Separate Statement of Undisputed Facts, Docket No. 181, ("Pltf. UMF") ¶7. To support this claim they refer to Paragraph 10 of Dr. King's Declaration. However Dr. King states, "Today I understand that fewer than 100 surfers regularly surf Lunada Bay." King Decl. ¶10, 4:18-19. Dr. King does not explain the source of this information and does not give any basis to his knowledge that it is a fact. Indeed, that he plainly states that he "understands" this to be true indicates that he has neither personal knowledge nor a reliable scientific source to substantiate that claim. Plaintiffs create an echo chamber of reliability by informing Dr. King of this fact and then using his recitation to substantiate it under the guise of expert validity. Without further foundation, Dr. King's statement is unreliable.

**2.      Dr. King Provides No Support For His Claim That There Are 1,000,000  Surfers In California.**

It is true that experts need not disclose all of the data they use in formulating their opinions so long as they use data that experts in their field would "reasonably rely on." Fed. R. Evid. 703. However, an expert cannot cite data they use as a fact without laying foundation for its source. Fed. R. Evid. 705. Plaintiffs claim that there are nearly 1,000,000 surfers in California and they offer only Dr. King's opinion to support this assertion. Pltf. UMF ¶11. Similar to the above claim, Dr. King asserts a fact as true without giving any reliable basis for its veracity. As such, he cannot reliably attest to the veracity of this fact. He

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

1  did not personally conduct the survey and does not here point to  a study that this Court

2  could consider to know that the fact is true.

3  **3.      Dr. King Cannot Reliably Attest To His Assertion That Thousands**

4  **Would Surf At Lunada Bay Absent The Alleged Harassment.**

5  Plaintiffs further rely on Dr. King's opinions to establish their claim that "but-for" the

6  "Bay Boys" alleged exclusionary tactics, "thousands of surfers and beachgoiers could

7  recreate at Lunada Bay." Pltf. UMF ¶12. In support Dr. King makes a wildly unsubstantiated

8  claim when he "estimates the lost surfing recreational value *caused by localism* since 1970 to

9  be at least $50,000,000 including modest interest. And over each of the last five years, [he]

10  estimate[s] the lost surfing recreational value *caused by localism* to be at least $10 million

11  per year." King Decl. ¶19, 8:9-13. Dr. King asserts causation where the remainder of the

12  report (questionably) demonstrates only a correlation. Indeed Dr. King does not assert that he

13  conducted any scientific investigation regarding the causes of economic loss at Lunada Bay.

14  In fact he gives no claim that there is tangible economic loss at all. He simply runs through a

15  procedure of "basic arithmetic" (King Decl. ¶18, 8:2) to calculate what he thinks the value

16  *should be* and what he thinks that the value of surfing at Lunada Bay *is*. He finds a disparity

17  and then leapfrogs to an unfounded conclusion that the disparity is a result of "localism."

18  This is hardly scientific.

19  Dr. King does not conduct any scientific experiment to come to this causal

20  conclusion. Neither does he assess any other variables that may inflate or depress the surfing

21  value at Lunada Bay. Dr. King has written numerous articles regarding the recreational value

22  of beaches and reports these in the *Curriculum Vitae* he attaches to his declaration. In no

23  article does he consider local harassment as a variable in assessing the value of a beachgoing

24  location. Yet, conversely, in this "preliminary" study he ignores the other variables he has

25  used throughout his career and determines that the sole cause for the lost economic value at

26  Lunada Bay must be "localism." Without more foundation regarding his conclusions in this

27  matter, this Court should decline to consider Dr. King's opinion establishing this fact.

28  **4. Dr. King's Estimated Damages Are Without Support**

9

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

Finally, Plaintiffs rely on Dr. King to establish their contention that "Plaintiffs suffer the same incidental monetary damages as the class, which can be calculated on a non-individualized basis." Pltff. UMF ¶16. The latter claim is easily dispelled. Dr. King's methodology calculates an *average* value that beachgoers place on surfing. In no part of his declaration does Dr. King assert that these damages are calculated the same for individuals when disaggregated from the average.

Furthermore. Dr. King estimates the damages from the localism at Lunada Bay to be approximately $50,000,000.  King Decl. ¶19, 8:11. However he offers little in his declaration to provide support for these claims. Dr. King's claims are betrayed by simple logic and his flawed or unfounded assumptions. First, Dr. King estimates the number of surfers that Lunada Bay could handle at any given time is approximately 25. King Decl. ¶17, 7:17-20. Of course, he gives absolutely no foundation for this number. He cites locations that are similar to Lunada Bay as comparative samples, but does not draw any correlations between studies from those sites to Lunada Bay. He simply makes an arbitrary assumption that they are similar and then makes another arbitrary assumption about Lunada Bay's capacity without foundation.

Next, Dr. King claims that, in actuality, he "understands" that there are far fewer than 4 to 8 surfers at a time at Lunada Bay. Notwithstanding the fact that the voluminous declarations filed with this motion indicate that there are far more surfers at a given time than 4 to 8, Dr. King gives no foundation for this claim. He has not conducted a survey or study of the surfer counts at Lunada bay. Nor does her reference any other such study. He simply "understands" that this is the number. This is far form the scientific reliability that *Daubert* requires.

Dr. King then takes these numbers and applies them to an arbitrary value that he places on surfing at Lunada Bay. This value, based on his of "benefits transfer" (King Decl. ¶6, 3:26) is the reasonable value that a person would spend to surf at Lunada Bay if they were required to pay. The idea behind Dr. King's damage assessment is that individuals would be willing to pay $50 to $80 to surf there but, since it is free, they realize an economic

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

benefit. It is similar to being willing to pay $100 for a sweater, but since it was free, the would-be buyer has now obtained a benefit of $100. Mr. King's opinion is that the "Bay Boys'" discouraging conduct has prevented individuals who want to surf Lunada Bay from receiving the recreational value of $50 to $80 to which they are otherwise entitled. King Decl. ¶19. He does not, however, give any foundation substantiate how this is so.

Finally, what is lacking from this "preliminary analysis" is any notion of mitigating or countervailing variable to give this method any semblance of scientific rigor. Dr. King assumes that surfers have a binary choice: surf Lunada Bay or nowhere at all. He does not account for the possibility that surfers will simply go elsewhere and, instead of receiving the arbitrary $50 benefit at Lunada Bay, receive a similarly arbitrary benefit of $45 elsewhere. Nor does Dr. King account for the diminished value in the experience from adding each additional surfer to Lunada Bay. Certainly logic tells that at some point there would be too many surfers in the water for individuals to reap the entire value that Dr. King ascribes to the experience. Of course these are simply speculations on the findings of Dr. King's opinion. What they demonstrate, however, is the primary issue of consideration for this Court: Dr. King's findings that he reports in this declaration lack foundation, lack scientific rigor and most importantly, lack the requisite reliability to support the facts necessary for class certification.

**4.      OBJECTIONS TO EVIDENCE**

**A)  D**ECLARATION OF **K**URT **A. F**RANKLIN**, D**OCKET **N**O**. 159-2 ("F**RANKLIN **D**ECL**.")**

**1.      Franklin Decl. ¶9, 6:7-11**

"The document was a screen-shot of a text-message chain between Johnston and other Bay Boys, traded amongst each other on March 30, 2016 – the day after we filed the Complaint in this matter.  (*See* Decl. Otten, Ex. 9.)  Because it was only a screen-shot, we could not identify all of the recipients."

**Objection 1**

**Lack of Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Notwithstanding the general objections to the exhibit, the assertion that this exhibit represents a "text-message chain between Johnston and *other* Bay Boys" is without foundation or support. First, by saying "other" Bay Boys, Mr. Franklin presumes that Johnston is a purported "Bay Boy" yet offers no evidence in support of this assertion. Secondly, Franklin offers no foundation to support the fact that the other members of this text message chain are members of a purported group called the "Bay Boys." Finally, and most importantly, Mr. Franklin does not offer here, and Plaintiffs do not offer anywhere else in the evidentiary support for their Motion, any evidence to support their assertion that there is a cohesive and identifiable group of individuals called the "Bay Boys."

| Sustained: _____ | Overruled: _____ |
|---|---|

### 2.      Franklin Decl. ¶10, 6:12-23

"However, I asked the Hanson Bridgett library team run reverse phone number look up on visible numbers.  From this reverse lookup, we were able to identify (310) 480-3207 as belonging to Michael Thiel, a New Cingular Wireless PCS LLC (AT&T) cellular account. Attached hereto as **Exhibit 1** is a true and correct copy of the reverse lookup run by the Hanson Bridgett library on cell phone number (310) 480-3207.  In addition, we were able to identify (310) 291-5891 as a telephone number being associated with David Hilton, also a New Cingular Wireless PCS LLC (AT&T Mobility) account.  Attached hereto as **Exhibit 2** is a true and correct copy of the reverse lookup run by the Hanson Bridgett library on cell phone number (310) 291-5891."

**Objection 1**

**Hearsay [Fed. R. Evid 801, 802]:** Mr. Franklin offers the information in these exhibits for their truth that the phone numbers listed, obtained from the text conversation listed in ¶9 belong to the named individuals. Being that the statements in the exhibits were made out of court, they are inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Objection 2**

**Relevance [Fed. R. Evid. 401, 402]:** The identity of the persons who own the listed numbers is not relevant if the named individuals are not parties to this action or otherwise material to any part of this action. At this time, the named individuals are not parties and Mr. Franklin offers no evidence to support an assertion that these individuals are members of the purported "Bay Boys." Secondly, the ownership of the phone number does not independently prove the identity of the speaker. A single individual can own several phone numbers for phones used by their children, spouse, or employees, for example. As such, this fact does not have any tendency to make any fact of consequence in this action more or less probable and is, therefore, irrelevant.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 3.   Franklin Decl. ¶11, 7:5-7

"And, as to the Bay Boys whom the defendants are members, we explained that we had asserted a civil conspiracy."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Franklin stacks into one sentence three wild and unfounded assertions. First, he has no personal knowledge as to the membership of the purported "Bay Boys" and gives no support for how he could have personal knowledge. Second, Mr. Franklin provides no foundation for the existence of a cohesive and definable group called the "Bay Boys." Third, even if Mr. Franklin could establish that the "Bay Boys" exist, he gives no foundation to support that he has personal knowledge of their existence.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 4.   Franklin Decl. Exhibits 1 and 2

**Objection 1 – Request to Strike**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of Authentication and Foundation [Fed. R. Evid. 901]:** Mr. Franklin provides no testimony that he, himself, has personal knowledge of these documents or their source such that he is able to authenticate

them as required by the Federal Rules of Evidence. *See, e.g., Estremera v. United States*, 442
F3d 580, 584-585 (7th Cir. 2006)(declaration of attorney insufficient to authenticate
documents where knowledge was based only upon interviews and review of documents)

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

  **Hearsay [Fed. R. Evid. 801, 802]:** Mr. Franklin offers these exhibits to demonstrate
the ownership of a particular phone number found in a text-message chain. Thus, the
statements in the documents are being offered for their truth. Mr. Franklin offers no further
evidence to authenticate the documents or the statements therein in order to meet any
exception under FRE §803. They are, therefore, inadmissible hearsay.


  **B) <u>Declaration of Victor Otten, Docket No. 159-3 ("Otten Decl.")</u>**

    **1.  Otten Decl. ¶4, 3:11-3,**

  "Attached as Exhibit 3 is a true and correct copy of an email produced by Defendant
Sang Lee in this matter and its Bates Stamped Lee 0000001 - Lee 00000003."

**Objection 1**

  **Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of
Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten provides no testimony that he
has personal knowledge of these email documents or their sources such that he is able to
authenticate them as required by the Federal Rules of Evidence. *See, e.g., Estremera, supra*.

| Sustained: _____ | Overruled: _____ |
|---|---|

  **2. Otten Decl. Exhibit 3**

**Objection 1 – Request to Strike**

  **Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten fails to offer any
evidence sufficient to determine that these e-mails are what he purports them to be. His
singular statement that they are "true and correct" cannot properly authenticate the
document. *Id*. Secondly, Mr. Otten must authenticate each email in this "chain" of emails.

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

Simply authenticating the "top" message is insufficient to authenticate the messages from earlier in the chain of communication. *SDS Korea Co., Ltd. v. SDS USA, Inc.*, 732 F. Supp. 2d 1062 (S.D. Cal. 2010).

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** Assuming that Mr. Otten could properly authenticate these emails, they would nevertheless represent inadmissible hearsay due to statements made throughout the mails by non-parties that Mr. Otten is offering for their truth and without qualifying for any hearsay exceptions allowed under FRE 803.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 3.   Otten Decl. ¶5, 3:14-16

"Attached as Exhibit 4 is a true and correct copy of an email produced by Defendant Sang Lee in this matter and its Bates Stamped Lee 00000591."

**Objection 1**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten provides no testimony that he has personal knowledge of these email documents or their sources such that he is able to authenticate them as required by the Federal Rules of Evidence. *See, e.g., Estremera, supra*.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 4.   Otten Decl. Exhibit 4

**Objection 1 – Request to Strike**

**Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten fails to offer any evidence sufficient to determine that these e-mails are what he purports them to be. His singular statement that they are "true and correct" cannot properly authenticate the document. *Id*. Secondly, Mr. Otten must authenticate each email in this "chain" of emails. Simply authenticating the "top" message is insufficient to authenticate the messages from earlier in the chain of communication. *SDS Korea*, 732 F. Supp. 2d 1062.

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

| Sustained: _____ | Overruled: _____ |

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** Assuming that Mr. Otten could properly authenticate these emails, they would nevertheless represent inadmissible hearsay due to statements made throughout the emails by non-parties that Mr. Otten is offering for their truth and without qualifying for any hearsay exceptions allowed under FRE 803.

| Sustained: _____ | Overruled: _____ |

### 5.  Otten Decl. ¶6, 3:17-19

"Attached as Exhibit 5 is a true and correct copy of an email produced by Defendant Sang Lee in this matter and its Bates Stamped Lee 00000015.'

**Objection 1**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of Authentication and Foundation [Fed. R. Evid. 901]:** Mr. Otten provides no testimony that he has personal knowledge of these email documents or their sources such that he is able to authenticate them as required by the Federal Rules of Evidence. *See, e.g., Estremera, supra.*

| Sustained: _____ | Overruled: _____ |

### 6.  Otten Decl. Exhibit 5

**Objection 1 – Request to Strike**

**Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten fails to offer any evidence sufficient to determine that these e-mails are what he purports them to be. His singular statement that they are "true and correct" cannot properly authenticate the document. *Id.* Secondly, Mr. Otten must authenticate each email in this "chain" of emails. Simply authenticating the "top" message is insufficient to authenticate the earlier messages. *SDS Korea Co., Ltd. v. SDS USA, Inc.*, 732 F. Supp. 2d 1062 (S.D. Cal. 2010)

| Sustained: _____ | Overruled: _____ |

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** Assuming that Mr. Otten could properly

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

authenticate these emails, they would nevertheless represent inadmissible hearsay due to statements made throughout the emails by non-parties that Mr. Otten is offering for their truth and without qualifying for any hearsay exceptions allowed under FRE 803.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 7.     Otten Decl. ¶7, 3:20-22

"Attached as Exhibit 6 is a true and correct copy of an email produced by Defendant Sang Lee in this matter and its Bates Stamped Lee 00000596."

**Objection 1**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten provides no testimony that he has personal knowledge of this email or its source such that he is able to authenticate it as required by the Federal Rules of Evidence. *See, e.g., Estremera, supra.*

| Sustained: _____ | Overruled: _____ |
|---|---|

### 8.     Otten Decl. Exhibit 6

**Objection 1 – Request to Strike**

**Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten fails to offer any evidence sufficient to determine that this e-mail is what he purports it to be. His singular statement that it is "true and correct" cannot properly authenticate the document. *See, e.g., Estremera, supra.*

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** Assuming that Mr. Otten could properly authenticate this email, it would nevertheless represent inadmissible hearsay due to statements made by non-parties that Mr. Otten is offering for their truth and without qualifying for any hearsay exceptions allowed under FRE 803.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Objection 3**

**Relevance [Fed. R. Evid. 401, 402]:** This email has no tendency to make any fact of consequence in this matter more or less probable.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 9. Otten Decl. ¶7, 3:20-22

"Attached as Exhibit 7 is a true and correct copy of an email produced by Defendant Sang Lee in this matter and its Bates Stamped Lee 00000014."

**Objection 1**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten provides no testimony that he has personal knowledge of this email or its source such that he is able to authenticate it as required by the Federal Rules of Evidence. *See, e.g., Estremera, supra.*

| Sustained: _____ | Overruled: _____ |
|---|---|

### 10. Otten Decl. Exhibit 7

**Objection 1 – Request to Strike**

**Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten fails to offer any evidence sufficient to determine that this e-mail is what he purports it to be. His singular statement that it is "true and correct" cannot properly authenticate the document. *Id.*

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** Assuming that Mr. Otten could properly authenticate this email, it would nevertheless represent inadmissible hearsay due to statements made out of court that Mr. Otten is offering for their truth and without qualifying for any hearsay exceptions allowed under FRE 803.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Objection 3**

**Relevance [Fed. R. Evid. 401, 402]:** This email has no tendency to make any fact of consequence in this matter more or less probable.

## 11.   Otten Decl. Exhibit 8, Deposition of Angelo Ferrara 164:25 – 165:24

Q. Angelo, did you have a chance to take a look at that article?

A. Yeah. Little bit

Q. This article is referring to a statement your wife made to the Daily Breeze. Are you aware that that's referring to a statement she made rather than you?

A. yeah. Yeah

Q. Okay. Where originally, somebody told us Anthony had painted his face black and put on an afro and paddled out?

A. Got her attention right there.

Q. Right.

A. Yeah. That's when she - -

Q. So she apparently told Megan Barned that it wasn't Anthony, and the reason that she knew that was that the person who it was was at your house that morning?

A. Corrent.

Q. Do you know who it was?

A. Yeah. Bill - -

Mr. Fields: Hold on. Let me - - there's a spousal privilege that may come into play. Let me talk to him and see if we'll still waive that

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** Mr. Otten offers this excerpt as proof that "Individual Defendants are members of the Lunada Bay Boy and recreate at Lunada Bay." *See*, Plaintiff's Separate Statement of Undisputed Facts, Docket No. 181, ¶8. Yet the truth offered here, that the boy in blackface and an afro was not the declarant's son because the declarant's wife told him

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

that she saw another boy in the outfit at their house that day. First, the deponent does not assert that he has any personal knowledge that any person was wearing blackface and an afro. Second, the deponent does not have personal knowledge, based on this statement, of who was at his house on that day. Third, the truth asserted in the testimony comes through the deponent's wife and is, therefore, inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Relevance {Fed. R. Evid. 401, 402]:** The statements make obvious that neither the deponent, nor the hearsay declarant (the deponent's wife) had personal knowledge of any surfing activities on the day in question. The only fact that this deponent can attest to is that his wife made a statement to him. Furthermore, the only fact of which the hearsay declarant could have personal knowledge is that some boy may have been at her house with an afro and face paint. Neither the deponent nor the hearsay declarant has personal knowledge of the facts asserted in this testimony that Mr. Otten offers for their truth to prove a fact of consequence in this matter.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 12.   Otten Decl. ¶10, 4:1-4

"Attached as Exhibit 9 is a true and correct copy of a document produced during discovery by Defendant Alan Johnston depicting several screen shots of a group text. This document was not bates stamped by Defendant Johnston prior to production."

**Objection 1**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten provides no testimony that he has personal knowledge of this group text or its source such that he is able to authenticate it as required by the Federal Rules of Evidence. *See, e.g., Estremera, supra.*

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

### 13.    Otten Decl. Exhibit 9

**Objection 1 – Request to Strike**

**Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten fails to offer any evidence sufficient to determine that this group text is what he purports it to be. His singular statement that it is "true and correct" cannot properly authenticate the document. *Id.* Secondly, Mr. Otten must authenticate each text in this "chain" of texts. Simply authenticating the "top" message is insufficient to authenticate the messages from earlier in the chain of communication. *SDS Korea Co., Ltd. v. SDS USA, Inc.*, 732 F. Supp. 2d 1062 (S.D. Cal. 2010).

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** Assuming that Mr. Otten could properly authenticate these texts, they would nevertheless represent inadmissible hearsay due to statements made out of court by non-parties that Mr. Otten is offering for their truth and without qualifying for any hearsay exceptions allowed under FRE 803.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 3**

**Relevance [Fed. R. Evid. 401, 402]:** These texts have no tendency to make any fact of consequence in this matter more or less probable.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 14.    Otten Decl. ¶, 4:5-10

"Attached as Exhibit 10 is a true and correct copy of a February 12, 1995 Memorandum from Palos Verdes Estates Police Chief Gary E. Johansen to Palos Verdes Estates City Manager James B. Hendrickson. This document was produced by the City of Palos Verdes Estates pursuant to a Public Records Act request and is Bates stamped CITY1938 –CITY1940."

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Objection 1**

    **Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten provides no testimony that he has personal knowledge of this memorandum such that he is able to authenticate it as required by the Federal Rules of Evidence. *See, e.g., Estremera, supra*.

| Sustained: _____ | Overruled: _____ |
|---|---|

    **15.**    **Otten Decl. Exhibit 10**

**Objection 1 – Request to Strike**

    **Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten fails to offer any evidence sufficient to determine that this memorandum is what he purports it to be. His singular statement that it is "true and correct" cannot properly authenticate the document. *Id*.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

    **Hearsay [Fed. R. Evid. 801, 802]:** Assuming that Mr. Otten could properly authenticate this memorandum, it would nevertheless represent inadmissible hearsay due to statements made out of court by non-parties that Mr. Otten is offering for their truth. Assuming Mr. Otten purports that this qualifies under the Business Records or Public Records exceptions pursuant to FRE 803(6) or 803(8), he still does not provide the necessary records to authenticate the documents and qualify them as such.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 3**

    **Hearsay [Fed. R. Evid. 801, 802, 805], Lacks Authenticity/Foundation [Fed. R. Evid. 901]:** Notwithstanding the previous objections to authenticity and hearsay, the Memorandum offered attaches to it and references a letter from another source referenced in the exhibit by Bates Numbers CITY1939 and CITY1940. This referenced letter must be separately authenticated and Mr. Otten fails to provide support sufficient evidence to authenticate this letter as well. Furthermore, that the author of the letter is anonymous and the statements in the letter are unsworn and made out of court makes them inadmissible

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

hearsay within inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |

### 16.    Otten Decl. ¶12, 4:11-14

"Attached as Exhibit 11 is a true and correct copy of a January 3-4, 2016 email string authored by Police Chief Kepley and produced by the City of Palos Verdes Estates pursuant to a Public Records Act request. Bates stamped CITY1786 – CITY1787."

**Objection 1**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten provides no testimony that he has personal knowledge of these email documents or their sources such that he is able to authenticate them as required by the Federal Rules of Evidence. *See, e.g., Estremera, supra.*

| Sustained: _____ | Overruled: _____ |

### 17.    Otten Decl. Exhibit 11

**Objection 1 – Request to Strike**

**Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten fails to offer any evidence sufficient to determine that these e-mails are what he purports them to be. His singular statement that they are "true and correct" cannot properly authenticate the document. *Id*. Secondly, Mr. Otten must authenticate each email in this "chain" of emails. Simply authenticating the "top" message is insufficient to authenticate the messages from earlier in the chain of communication. *SDS Korea,* 732 F. Supp. 2d 1062.

| Sustained: _____ | Overruled: _____ |

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** Assuming that Mr. Otten could properly authenticate these emails, they would nevertheless represent inadmissible hearsay due to statements made throughout the emails by non-parties that Mr. Otten is offering for their truth and without qualifying for any hearsay exceptions allowed under FRE 803.

| Sustained: _____ | Overruled: _____ |

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

### 18.    Otten Decl. ¶13, 4:15-17

"Attached as Exhibit 12 is a true and correct copy of a video filmed by The Guardian
newspaper and produced during discovery by Plaintiffs. This video is Bates stamped
PLTF002054.mp4."

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 1**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of
Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten provides no testimony that he
has personal knowledge of this video or its source such that he is able to authenticate them as
required by the Federal Rules of Evidence. *See, e.g., Estremera, supra*.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 19.    Otten Decl. Exhibit 12

**Objection 1 – Request to Strike**

**Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten fails to offer any
evidence sufficient to determine that this video is what he purports it to be. His singular
statement that it is "true and correct" cannot properly authenticate the document. *Id.*

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** Assuming that Mr. Otten could properly
authenticate this video, it would nevertheless represent inadmissible hearsay due to
statements made throughout the video by non-parties that Mr. Otten is offering for their truth
and without qualifying for any hearsay exceptions allowed under FRE 803.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 3**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Not only does Mr.
Otten lack personal knowledge of the video itself, he also lacks any personal knowledge as to
any of its contents. Moreover, the video contains inadmissible hearsay and yet, Mr. Otten

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

does not properly identify the parties speaking in the video in order to give foundation as to how any of the parties represented would have personal knowledge of the facts they state. Thus, the hearsay declarants in the video lack personal knowledge of the truths for which Mr. Otten offers the video.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 4**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Relevance [Fed. R. Evid. 401, 402]:** Mr. Otten gives no foundation for the context of this video. Moreover, even if he could establish that the video was, indeed, recorded in a location relevant to the matters in this case, that Mr. Otten cannot identify the subjects in the video sufficiently enough to determine that they are relevant parties to this action, the contents of the video have no tendency to prove or disprove a facts of consequence in this motion.

### 20. Otten Decl. ¶14, 4:18-22

"Attached as Exhibit 13 is a true and correct copy of an email string between Chief Kepley and PVE City Manager Anton Dahlerbruch dated May 20, 2015. This document was produced by the City of Palos Verdes Estates pursuant to a Public Records Act request. These documents are Bates stamped CITY1111 – CITY1112."

**Objection 1**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten provides no testimony that he has personal knowledge of these email documents or their sources such that he is able to authenticate them as required by the Federal Rules of Evidence. *See, e.g., Estremera, supra.*

| Sustained: _____ | Overruled: _____ |
|---|---|

### 21.    Otten Decl. Exhibit 13

**Objection 1 – Request to Strike**

**Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten fails to offer any evidence sufficient to determine that these e-mails are what he purports them to be. His singular statement that they are "true and correct" cannot properly authenticate the

document. *Id*. Secondly, Mr. Otten must authenticate each email in this string of emails. Simply authenticating the "top" message is insufficient to authenticate the messages from earlier in the chain of communication. *SDS Korea*, 732 F. Supp. 2d 1062.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** Assuming that Mr. Otten could properly authenticate these emails, they would nevertheless represent inadmissible hearsay due to statements made throughout the emails that Mr. Otten is offering for their truth and without qualifying for any hearsay exceptions allowed under FRE 803.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 22.    Otten Decl. ¶15, 4:23-27

"Attached as Exhibit 14 is a true and correct copy of a March 11, 2016 Memorandum from City Manager Anton Dahlerbruch to the City of PVE's Mayor and City Councilmembers. This document was produced by the City of Palos Verdes Estates pursuant to a Public Records Act request. Bates stamped CITY1102 – CITY1103."

**Objection 1**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of Authentication and Foundation [Fed. R. Evid. 901]:** Mr. Otten provides no testimony that he has personal knowledge of this memorandum such that he is able to authenticate it as required by the Federal Rules of Evidence. *See, e.g., Estremera, supra*.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 23.    Otten Decl. Exhibit 14

**Objection 1 – Request to Strike**

**Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten fails to offer any evidence sufficient to determine that this memorandum is what he purports it to be. His singular statement that it is "true and correct" cannot properly authenticate the document. *Id*.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Objection 2**

    **Hearsay [Fed. R. Evid. 801, 802]:** Assuming that Mr. Otten could properly authenticate this memorandum, it would nevertheless represent inadmissible hearsay due to statements made out of court by non-parties that Mr. Otten is offering for their truth. Assuming Mr. Otten purports that this qualifies under the Business Records or Public Records exceptions pursuant to FRE 803(6) or 803(8), he still does not provide the necessary records to authenticate the documents and qualify them as such.

| Sustained: _____ | Overruled: _____ |
|---|---|

        **24.**    **Otten Decl Exhibit 16, Deposition of Anton Dahlerbach, 139:14-16**

    Q. Did you receive an in-person visit from anybody relating to an undercover operation planned for Lunada Bay

    A. One of the folks that had reached out to the City shared an in-person meeting that he was aware that there might be something planned.

**Objection 1**

    **Hearsay [Fed. R. Evid. 801, 802]:** Mr. Otten offers this excerpt in support of his uncontested fact that "[t]he City and Chief Kepley are complicit in that Bay Boys exclusion." As such, he offers this statement for its truth, but the statement is not the deponent's but one that the deponent heard. Therefore it is unsworn, made out of court, and offered for its truth and, therefore, inadmissible.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

    **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Otten offers this excerpt in support of his uncontested fact that "[t]he City and Chief Kepley are complicit in that Bay Boys exclusion." Yet, Mr. Otten provides no evidence to support his assertion herein that the hearsay declarant is a member of the purported "Bay Boys." Moreover, the statement, as related by the deponent, indicates that the hearsay declarant does not know ("might be something planned") the City's plans and, therefore, cannot have personal

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

knowledge of the truth Mr. Otten offers this statement to support.

| Sustained: _____ | Overruled: _____ |

### 25. Otten Decl Exhibit 16, Depo of Anton Dahlerbach, 140:9-16

Q. And do you remember any specific detail in terms of expressive concern or is

that all that you remember today?

A. He was concerned that there has been a lot of attention. And in terms of, he was

not satisfied with how the city was responding to the publicity and all the

information that was being circulated in relationship.

**Objection 1**

**Hearsay [Fed. R. Evid. 801, 802]:** Mr. Otten offers for its truth the statement told to

the deponent by a third party. The statement is unsworn and was made out of court. As such,

it is inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |

### 26. Otten Decl Exhibit 16, Depo of Anton Dahlerbach, 141:9-17

Q. And that's all he expressed, I don't think that the City is handling it well; you

had an in-person office visit with him and that's it?

A. You know, we listen to everybody and we take everybody seriously and we

want to hear everybody out. If someone wants to meet with me, my doors are

open. And he made an appointment and we talked about it. And he was not happy

with how the City was responding.

**Objection 1**

**Hearsay [Fed. R. Evid. 801, 802]:** Mr. Otten offers this statement for its truth in

order to show some complicitness between the City and the purported "Lunada Bay

Boys." Yet the statement is secondhand; recalled by the deponent of a statement made to him. Thus

this unsworn, out of court statement by the declarant to the witness is inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |

**Objection 2**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** There is no evidence

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

to support how the witness could have personal knowledge of the thoughts or beliefs of the hearsay declarant. Moreover, Mr. Otten offers this statement to show collusion between the city and the purported "Lunada Bay Boys," yet fails to establish that the person referred to by the deponent is affiliated with either they City or the purported "Bay Boys."

| Sustained: _____ | Overruled: _____ |
|---|---|

### 27. Otten Decl. ¶18, 5:6-9

"Attached as Exhibit 17 is a true and correct copy of an email exchange between Charles Mowat and Anton Dahlerbruch, dated February 5, 2016. This document was produced by the City of Palos Verdes Estates pursuant to a Public Records Act request and is Bates stamped CITY1016."

**Objection 1**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of Authentication and Foundation [Fed. R. Evid. 901]:** Mr. Otten provides no testimony that he has personal knowledge of these email documents or their sources such that he is able to authenticate them as required by the Federal Rules of Evidence. *See, e.g., Estremera, supra*.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 28. Otten Decl. Exhibit 17

**Objection 1 – Request to Strike**

**Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten fails to offer any evidence sufficient to determine that these e-mails are what he purports them to be. His singular statement that they are "true and correct" cannot properly authenticate the document. *Id*. Secondly, Mr. Otten must authenticate each email in this string of emails. Simply authenticating the "top" message is insufficient to authenticate the messages from earlier in the chain of communication. *SDS Korea*, 732 F. Supp. 2d 1062.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** Assuming that Mr. Otten could properly authenticate these emails, they would nevertheless represent inadmissible hearsay due to

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

statements made throughout the emails that Mr. Otten is offering for their truth and without qualifying for any hearsay exceptions allowed under FRE 803.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 3**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], [Relevance 401, 402]:** Mr. Otten offers these e-mails to support his "undisputed fact" that the City and the police are complicit in the activities of the purported "Bay Boys." Yes Mr. Otten offers no evidence to support his assertion or his implication that the parties to this email exchange represent the City and the purported "Bay Boys." Without such foundation these documents have no tendency to prove or disprove a fact of consequence in this matter.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 29. Otten Decl. ¶19, 5:10-12

"Attached as Exhibit 18 is a true and correct copy of an email exchange between Michael Thiel and Anton Dahlerbruch, dated February 8, 2016."

**Objection 1**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten provides no testimony that he has personal knowledge of these email documents or their sources such that he is able to authenticate them as required by the Federal Rules of Evidence. *See, e.g., Estremera, supra*.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 30.   Otten Decl. Exhibit 18

**Objection 1 – Request to Strike**

**Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten fails to offer any evidence sufficient to determine that these e-mails are what he purports them to be. His singular statement that they are "true and correct" cannot properly authenticate the document. *Id*. Secondly, Mr. Otten must authenticate each email in this string of emails. Simply authenticating the "top" message is insufficient to authenticate the messages from

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

earlier in the chain of communication. *SDS Korea*, 732 F. Supp. 2d 1062.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** Assuming that Mr. Otten could properly authenticate these emails, they would nevertheless represent inadmissible hearsay due to statements made throughout the emails that Mr. Otten is offering for their truth and without qualifying for any hearsay exceptions allowed under FRE 803.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 3**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], [Relevance 401, 402]:** Mr. Otten offers these e-mails to support his "undisputed fact" that the City and the police are complicit in the activities of the purported "Bay Boys." Yes Mr. Otten offers no evidence to support his assertion or his implication that Mr. Thiel is a member of the purported "Bay Boys." Without such foundation these documents have no tendency to prove or disprove a fact of consequence in this matter.

| Sustained: _____ | Overruled: _____ |
|---|---|

**31. Otten Decl. ¶20, 5:13-17**

"Attached as Exhibit 19 is a true and correct copy of an email exchange between Michael S. Papayans and Anton Dahlerbruch, dated February 8, 2016. This document was produced by the City of Palos Verdes Estates pursuant to a Public Records Act request and is Bates stamped CITY1016."

**Objection 1**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of Authentication and Foundation [Fed. R. Evid. 901]:** Mr. Otten provides no testimony that he has personal knowledge of these email documents or their sources such that he is able to authenticate them as required by the Federal Rules of Evidence. *See, e.g., Estremera, supra*.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

### 32.      Otten Decl. Exhibit 19

**Objection 1 – Request to Strike**

**Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten fails to offer any evidence sufficient to determine that these e-mails are what he purports them to be. His singular statement that they are "true and correct" cannot properly authenticate the document. *Id*. Secondly, Mr. Otten must authenticate each email in this string of emails. Simply authenticating the "top" message is insufficient to authenticate the messages from earlier in the chain of communication. *SDS Korea*, 732 F. Supp. 2d 1062.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** Assuming that Mr. Otten could properly authenticate these emails, they would nevertheless represent inadmissible hearsay due to statements made throughout the emails that Mr. Otten is offering for their truth and without qualifying for any hearsay exceptions allowed under FRE 803.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 3**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], [Relevance 401, 402]:** Mr. Otten offers these e-mails to support his "undisputed fact" that the City and the police are complicit in the activities of the purported "Bay Boys." Yes Mr. Otten offers no evidence to support his assertion or his implication that Mr. Papayans is a member of the purported "Bay Boys." Without such foundation these documents have no tendency to prove or disprove a fact of consequence in this matter.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 33.      Otten Decl. ¶21, 5:18-22

"Attached as Exhibit 20 is a true and correct copy of an online posting to Nextdoor Malaga Cove on December 31, 2015 by Palos Verdes Estates Police Chief Jeff Kepley. This document was produced by the City of Palos Verdes Estates pursuant to a Public Records Act request and is Bates stamped CITY1082 - CITY1084."

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Objection 1**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of Authentication and Foundation [Fed. R. Evid. 901]:** Mr. Otten provides no testimony that he has personal knowledge of these email documents or their sources such that he is able to authenticate them as required by the Federal Rules of Evidence. *See, e.g., Estremera, supra.*

| Sustained: _____ | Overruled: _____ |
|---|---|

### 34.    Otten Decl. Exhibit 20

**Objection 1 – Request to Strike**

**Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten fails to offer any evidence sufficient to determine that this "post" is what he purports is to be. His singular statement that they are "true and correct" cannot properly authenticate the document. *Id.* Secondly, Mr. Otten's challenge to authenticate this document is toughened since he must not only authenticate the document itself (i.e. that it did appear on the website and that the image accurately represented how it appeared), but must also provide authentication of the source of the statement made therein.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 35.    Otten Decl. ¶22, 5:23-25

"Attached as Exhibit 21 is a true and correct copy of letter that my client, Christopher Taloa, received on December 5, 2016 from John Houghan, an investigator hired by the defense in this case."

**Objection 1**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of Authentication and Foundation [Fed. R. Evid. 901]:** Mr. Otten provides no testimony that he has personal knowledge of these email documents or their sources such that he is able to authenticate them as required by the Federal Rules of Evidence. *See, e.g., Estremera, supra.*

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:**

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

Mr. Otten lacks personal knowledge of who hired the investigator and only relays the

contents of the letter in the exhibit. As such, his statement here is inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 36.   Otten Decl. ¶22, 5:23-25

"I am informed and believe that Mr. Houghan was hired by Defendant Blakeman's

attorneys at Veatch Carlson, LLP."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R.**

**Evid. 801, 802]:** Mr. Otten cannot state in a declaration of sworn facts items based only on

information and belief. *See also,* L.R. 7-7 "Form and Content of Declarations". To the extent

that Mr. Otten is "informed" of this fact, that knowledge would necessarily come as an

unsworn out of court statement and would, therefore, be inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 37:   Otten Decl. Exhibit 21

**Objection 1 – Request to Strike**

**Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Otten fails to offer any

evidence sufficient to determine that this "post" is what he purports is to be. His singular

statement that they are "true and correct" cannot properly authenticate the document. *See,*

*e.g., Estremera, supra.*

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** To the extent that Mr. Otten's Declaration ¶22 is a

recitation of the events in this letter, he is offering the contents of the letter for their truth.

Including the statement by the author that he was hired by defense counsel. This is obviously

unsworn and made out of court. Therefore, the statements of fact in the letter itself are

inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

### 38.  Otten Decl. ¶23, 6:17-23

"I would estimate that 6 witnesses who were listed on Plaintiffs' initial and supplemental disclosures in addition to several other witnesses are being intimidated and discouraged from participating in this lawsuit. I have been told that although they would like to assist in this case, and they support its goals, they are too worried about what the Bay Boys (including the individually-named defendants) might to do them if their name is made public."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801,802]:** Sneakily inserted into the declaration of unfounded exhibits is Mr. Otten's egregious claim that anonymous witnesses are being intimidated in this lawsuit. For an attorney the experience he claims in Paragraph 1 of his declaration, Mr. Otten should certainly know the implications of these claims without any foundation to support them. And yet, he still inserts this into a sworn declaration of facts without any support to substantiate the claim. Moreover, his admit that he "has been told" that these anonymous individuals would like to participate. This is a blatant display of hearsay and yet, he includes it anyway. The statement is inadmissible and has no weight in this action.

| Sustained: _____ | Overruled: _____ |
|---|---|

### C) DECLARATION OF CORY SPENCER, DOCKET NO. 159-4, ("SPENCER DECL.")

### 1.  Spencer Decl. ¶3, 3:13-18

"The article also made reference to the fact that localism – a practice where local beachgoers exclude nonresident, nonlocal beachgoers through threats, violence, and intimidation – was prevalent at Lunada Bay. It said something to the effect that Lunada Bay has one of the most perfect waves in California in the wintertime but that few were able to enjoy it."

**Objection 1**

**Requires Original/Lacks Foundation [Fed. R. Evid. 1002]:** Mr. Spencer asserts as

facts the contents he saw in a writing but fails to provide the original writing without justification to permit the admissibility of the facts contained therein.

| Sustained: _____ | Overruled: _____ |

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802], Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602],** Mr. Spencer offers no evidence to support the claims in the article or to demonstrate how he has personal knowledge of such facts. As the facts asserted come from an article, they are out of court and asserted for their truth. Consequently this statement is inadmissible hearsay

| Sustained: _____ | Overruled: _____ |

**2.      Spencer Decl. ¶3, 3:22-25**

"As an adult, Lunada Bay is unique beyond it being one of Southern California's best big waves that breaks over a rock reef. Lunada Bay is also a public treasure because it is in an unspoiled coastal area of Los Angeles County that offers coastal bluff views, tide pooling and other outdoor activities in the otherwise urbanized Southern California coast."

**Objection 1**

**Improper Lay Opinion [Fed. R. Evid. 701-703], Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Spencer makes claims about general public opinion regarding Lunada Bay. This is wholly improper for a statement of evidentiary facts. *See also* L.R. 7-7 "Form and Content of Declarations." Furthermore, Mr. Spencer offers no evidence to support how he could know the ecological or geographic facts that he asserts. Finally, to the extent that his assertions represent facts or evaluations, Mr. Spencer does not present evidence of his qualifications to render such an opinion as an expert.

| Sustained: _____ | Overruled: _____ |

**3.      Spencer Decl. ¶4, 3:26-4:5**

"Shortly after seeing the photo and reading the article about Lunada Bay, while I was a teenager, I started asking around in the surfing community about localism there. I heard stories from other surfers about incidents of localism dating back decades. I had heard about

36

surfers getting their tires slashed, windows egged, and property thrown into the ocean while surfing. I was told by other surfers, "oh, you can't go there." Localism at Lunada Bay was (and is) a widely known fact within the surfing community. I was afraid to go to Lunada Bay."

**Objection 1**

  **Hearsay [Fed. R. Evid. 801, 802]:** From the point at which Mr. Spencer declares, "I heard stories…" the entire statement that followed became a recitation of out of court statements that Mr. Spencer now offers for their truth. As such, they are inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

  **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Improper Opinion [Fed. R. Evid. 701-703]:** Mr. Spencer gives no evidence to support his claim that localism "was (and is) a widely known fact within the surfing community." He gives no statement of how he is aware of the general attitudes of the surfing community. If this is his opinion, it is improper in a declaration of sworn facts. If he asserts this as a qualified expert opinion, Mr. Spencer has not sufficiently qualified himself to opinion as to the general attitudes and knowledge of the surfing community.

| Sustained: _____ | Overruled: _____ |
|---|---|

    **4. Spencer Decl. ¶5, 4:6**

"But it also bothered me that only a select few could enjoy it."

**Objection 1**

  **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** There is no evidence in the record offered by Mr. Spencer or anyone else to support his ability to know who could or could not enjoy Lunada Bay. Moreover, there is no foundation that this assertion is true even though Mr. Spencer presumes it to be so.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**5.     Spencer Decl. ¶6, 4:19-23**

"I knew it would be meaningful and satisfying to be part of the effort that would finally hold the group of men accountable who had made this beach off-limits to me and so many others for decades."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evidence 602]:** Mr. Spencer, by his own admission, had still only heard about alleged issues at Lunada Bay when the incident described here occured. Yet he asserts it to be true based on his personal knowledge. Mr. Spencer offers no evidence to support his claim that he had personal knowledge of supposed harassment at Lunada Bay at the time this undercover operation was contemplated. Finally, Mr. Spencer provides no evidence to support his assertion that some men made this beach off-limits.

| Sustained: _____ | Overruled: _____ |
|---|---|

**6.     Spencer Decl. ¶6, 4:21-22**

"Unfortunately, the operation was called off and nothing ever happened."

**Objection 1**

**Relevance [Fed. R. Evid. 401]:** This assertion has no tendency to prove or disprove a fact of consequence in this matter.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Spencer gives no evidence to support his claim that nothing ever happened, nor does he provide evidence of his ability to have personal knowledge of the decisions regarding this undercover operation. This is simply speculation on the part of the witness.

| Sustained: _____ | Overruled: _____ |
|---|---|

**7.     Spencer Decl. ¶7, 4:24-5:2**

"In or around 2014, I learned about a movement started by Chris Taloa, a professional bodyboarder and actor. He wanted to create a peaceful movement to encourage visitors to

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

surf Lunada Bay in large numbers so that it would be safe. On information and belief, I understand that his movement started as a Facebook page named "Aloha Point," a term Mr. Taloa coined in reference to the "Aloha spirit" of welcoming peacefulness."

**Objection 1**

      **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** The witness gives no evidence of personal knowledge of Mr. Taloa's intentions on starting this organization. Furthermore, he only knows of the history of said organization based on information and belief, improper for a declaration of evidentiary facts. Finally, to the extent that Mr. Spencer is aware of the facts he asserts here, they only come from secondary sources of statements made out of court and now offered for their truth. Consequently this entire assertion is inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

      **Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Spencer has no personal knowledge of incidents and the safety of surfers at Lunada Bay. He simply speculates that he would not be safe unless he went with a large group of individuals.

| Sustained: _____ | Overruled: _____ |
|---|---|

      **8.**    **Spencer Decl. ¶10, 5:26-6:1**

      "I had been told by many surfers that the Bay Boys will vandalize your car while you surf, and I would not have felt comfortable leaving my car that morning without someone present to stand"

**Objection 1**

      **Hearsay [Fed. R. Evid. 801, 802], Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** The witness has no experience with Lunada Bay at the time of the incident he describes and makes assertions of fact based on accounts of others. By their nature, these assertions are out of court statements that Mr. Spencer offers for their truth and are, therefore, inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

### 9.      Spencer Decl. ¶10, 6:1-6

"Before our arrival at Lunada Bay, Mr. Taloa and I recommitted ourselves to creating change through peace: we discussed that we would ignore any comments or glares from the Bay Boys – including taunts and threats – and instead would go about our business in order to safely surf. We knew the Bay Boys would try to provoke us into a fight and decided the best way to handle it was to simply ignore it."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** Mr. Spencer has personal knowledge of his own commitments, but cannot attest to how he would know Mr. Taloa's intentions. Furthermore, he provides no foundation to support the statements he makes regarding Mr. Taloa.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Spencer has no prior experience, at the time of this incident, with surfers at Lunada Bay. He gives no evidence of his own personal knowledge of a cohesive and defined group he refers to as the "Bay Boys." Furthermore, he offers no evidence to support a claim that he would be able to identify members of this purported group if he encountered them on his visit.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 3**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602], Unduly Prejudicial [Fed. R. Evid. 403(b)]:** Mr. Spencer offers no evidence to support his claim that this purported group would "provoke [them] into a fight" as he contends in this sworn statement of evidentiary facts. This is simply a guess on Mr. Spencer's part but, even worse, since he has no personal knowledge, it is an uneducated guess. The only relevance this statement has is to cast an unfair aspersion on a phantom group of random surfers. It has little to no tendency to prove or disprove a fact in this case, but its prejudicial value, is significant. It is thus unduly prejudicial against the Defendants.

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

| Sustained: _____ | Overruled: _____ |

### 10.    Spencer Decl. ¶11, 6:7-14

"Almost instantly after we arrived at Lunada Bay the morning of January 29, 2016, we started getting harassed by Bay Boys. We were told that we couldn't surf there and I was called a "kook," which is a derogatory surfing term. I was also told: "why don't you fucking go home, you fucking kook" and asked "how many other good places did you pass to come here?" These taunts started while I was on the bluffs getting ready to surf. One individual in particular continued to heckle Mr. Taloa and I on our way down to the beach and into the water."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Spencer gives no evidence to support his assertions that there even is a cohesive and defined group of individuals called "Bay Boys." Moreover, he does not describe how he could know that the individuals "harassing" him were "Bay Boys."

| Sustained: _____ | Overruled: _____ |

**Objection 2**

**Relevance [Fed. R. Evid. 401], Unduly Prejudicial/Confuses Issues [Fed. R. Evid. 403]:** Without any foundation to identify the individuals who allegedly harassed Mr. Spencer, he cannot assert that they were "Bay Boys" or any other named defendants in this action. As such, this statement has no tendency to prove or disprove any fact of consequence in this matter. Moreover, that Mr. Spencer attributes the actions of anonymous individuals to a group that is a defendant in this action, and with which individual defendants are alleged to be affiliated risks unfairly associating random bad acts with the defendants. This makes his statements unduly prejudicial and confusing to a trier of fact.

| Sustained: _____ | Overruled: _____ |

### 11.    Spencer Decl. ¶12, 6:17-24

"He impeded our movement in any direction and I believe that he was intentionally

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

blocking us from catching any waves. It was clear to me that he was not there to surf that morning. Instead, his mission was to prevent us from surfing, and it felt like he had designated himself to keep us from enjoying our time in the water, the open space, the waves, and nature. Indeed, in the approximately 90 minutes I was in the water that day, I never saw him attempt to catch a single wave. Instead, he was focused on Mr. Taloa and me."

**Objection 1**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Spencer offers no evidence to support how he could know the intentions of Mr. Blakeman during the incident he describes. Yet this does not stop him from asserting as sworn fact that Mr. Blakeman singled out Mr. Spencer with the intention of impeding him from surfing. This is clearly speculation. Moreover, that Mr. Spencer, in his 90-minute day at the beach, "never saw" Mr. Blakeman attempt to catch a wave does not mean Mr. Blakeman did not.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 12.  Spencer Decl. ¶12, 6:28-7:3

"It appeared to me that Mr. Blakeman was coordinating with a group of guys who were standing in the Rock Fort, along with others in the water. They were all talking to each other and it was clear they all knew each other."

**Objection 1**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** That something appeared to the witness to be the case is not sufficient to support Mr. Spencer's personal knowledge that Mr. Blakeman was coordinating with a group of guys. Mr. Spencer gives no further evidence to support his sworn assertion that Mr. Blakeman was coordinating with others. Finally, Mr. Spencer could not know, does not know, and gives no further foundation to support his claim that all of the persons on the shore knew each other.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Relevance [Fed. R. Evid. 602]:** Even if Mr. Spencer could support his claim that Mr.

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

Blakeman was coordinating with individuals, he makes no claims as to what Mr. Blakeman was coordinating. Therefore, absent additional facts, this fact alone is irrelevant. Additionally, the fact that persons on the shore of the ocean know each other is not a fact that, by itself, has any tendency to prove any fact of consequence in this matter.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 13.    Spencer Decl. ¶¶13-14, 7:4-22

"13. At one point while I was in the water, I was paddling west out to the ocean and I saw a man surfing, coming in east towards the shore. We locked eyes and I watched as he maneuvered his surfboard directly toward me, intending to run me over. I rolled off the left side of my surfboard and my right hand and wrist held onto the right side of my surfboard. He ran over my hand/wrist that was holding my surfboard and one of the fins on his surfboard sliced open my right wrist. I now have about a half-inch scar from where this man ran me over."

"14. As soon as he ran me over, he started berating me, saying things like "what are you fucking doing out here? I told you to go home. I should have ran you over. Why are you paddling in the sun glare where I can't see you?" He was pretending that he didn't see me but it was obvious that he saw me and intentionally ran me over. I responded that he did run me over and showed him my wrist. He said that I shouldn't paddle in the sunlight. With over 30 years of surfing experience, I knew that this collision was intentional on his part."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Spencer claims that this anonymous assailant intended to run him over but offers no evidence of his personal knowledge of this individual's intentions.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Relevance [Fed. R. Evid. 402, 402], Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Spencer cannot identify his assailant. In fact, he declares that he 1) knew that he would likely be assaulted, 2) called the police to have additional protection at the

beach, and 3) is a sworn police officer himself. Yet Mr. Spencer did not avail himself of the extra police protection and file a report or effectuate a citizen's arrest as he knows perfectly well how to do. Here, however, he asserts this fact to support his overall contention that a "Bay Boy" intentionally harmed him but gives no evidence of how he could know this anonymous individual was a Bay Boy. In fact, knowing that he wanted to hold these individuals accountable (Spencer Decl. ¶6) he does not provide more foundation or evidence of efforts to do so to the individual who allegedly committed battery against him. Aside from having a bad day at the beach, Mr. Spencer offers proof of nothing else that has a tendency to prove or disprove a fact of consequence in this action.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 14.    Spencer Decl. ¶16, 7:27-8:3

"I believe that the man who ran me over with his surfboard was a Bay Boy, like Mr. Blakeman and the other men in the Rock Fort that morning. It was clear to me that they were all communicating with each other and that they all knew each other. They were the only surfers who were not getting harassed (and who were doing all of the harassing)"

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Spencer's statements here are far beyond the scope of his personal knowledge. He offers no support for his suggestion that a cohesive and definable group called the "Bay Boys" exists and, if they did exist, how he could identify them on his first trip to Lunada Bay. Accordingly, he gives no foundation for his "belief" that the person who collided with him in the ocean was a member of this purported group. Furthermore, because something was clear to Mr. Spencer, does not make it a fact. Mr. Spencer offers nothing more the support his contention that "all" of the persons on the shore were communicating with each other. In fact, other declarations in support of Mr. Spencer's motion suggest that there were several people present that day who were not members of this purported group. Yet, Mr. Spencer offers nothing to suggest that he knows how to distinguish between the "Bay Boys" and other random surfers. Finally, Mr. Spencer establishes no personal knowledge of any other incidents of harassment in

44

Lunada Bay on that day such that he can assert which surfers committed acts of harassment and which surfers were harassed, if any such other incidents occurred at all.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 15.   Spencer Decl. ¶17, 8:4-10

"Although I had asked for extra police patrols prior to arriving at Lunada Bay, I did not see any police present along the shoreline, at the Rock Fort, or in the water. Given my advance warning that a group of visitors intended to surf there that morning, the police should have been present where the conflicts were likely to arise – in and around the water. And because there were no police present near the water, no one was there to witness the battery I had suffered."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Spencer does not establish any evidentiary support for his broad and conclusory assertion that, on the day in question, there were no police in the areas were "conflicts were likely to arise." In fact Mr. Spencer gives no evidentiary support to establish that he would know, in a location that he has never been and had only spent 90 minutes at the point in his narrative, where conflicts would arise. Finally, he provides no evidence of his personal knowledge of the police procedures generally, and the police activity during his 90-minute surf session.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Improper "Expert" Opinion of a Lay Witness [Fed. R. Evid. 701-703]:** Mr. Spencer has not been designated as an expert in police tactics or procedure in this case. Despite being a police officer, he does not establish qualifications sufficient to opine on what the Palos Verdes Police should have done in the situation he describes.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 16.   Spencer Decl. ¶21, 9:9-11

"Despite my fear in returning, I felt that I had to stand up to bullies like Brant Blakeman who were unlawfully keeping beachgoers away from Lunada Bay."

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Objection 1**

**Improper Legal Conclusion from a Lay Witness [Fed. R. Evid. 701-703]:** Mr. Spencer's claim that any actions by Brant Blakeman are unlawful is a legal conclusion that Mr. Spencer is not qualified to make.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Spencer gives no evidence to support his claim that Mr. Blakeman keeps beachgoers away from Lunada Bay either lawfully or unlawfully. Further, he gives no support to his own personal knowledge of such a fact.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 3**

**Improper Character Evidence [Fed. R. Evid. 404], Unduly Prejudicial [Fed. R. Evid. 403]:** Mr. Spencer, once again, draws from a single incident, the truth of which is speculative at best (*See* Spencer Decl. ¶¶10-11), to make a general claim against Mr. Blakeman's character. Not only does this claim lack foundation, but the *de minimus* probative value it could have is substantially outweighed by the undue prejudice it places against Mr. Blakeman. Finally, Mr. Spencer contends that since Mr. Blakeman may have behaved a certain way on one or more occasions, that he certainly did so with the same intentions on the day he encountered Mr. Spencer. This speculation and overgeneralization is inadmissible.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 17.    Spencer Decl. ¶22, 9:16-18

"Again, immediately upon my arrival on Paseo Del Mar – the street parking in front of Lunada Bay – I began getting harassed by Bay Boys."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Spencer establishes no evidentiary support for his assertion that a cohesive and defined group known

46

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

as the "Bay Boys" exists. Furthermore, he gives no foundation for how one could distinguish a member of the "Bay Boys" from other random surfers. Nonetheless, he purports hre to know that he was approached and harassed by "Bay Boys." Mr. Spencer offers no evidence to support his personal knowledge that this alleged harassment came from unidentified and anonymous members of an alleged group.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 18.    Spencer Decl. ¶22, 9:19-27

"Some men who I believe to be Bay Boys drove by very slowly in their trucks and cars while others stood watch on the bluffs. I noticed that as they passed by in their vehicles, they would get on their cell phones and then more and more men started to show up. It appeared to be a coordinated effort among members of a gang. I was concerned that the situation would escalate as more Bay Boys began showing up and I grew increasingly fearful for my safety. There were approximately two groups of 15 to 20 men each, stationed on either end of the bluffs – near the two trailheads to the shoreline below."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Spencer does not establish his personal knowledge of the existence of a cohesive and identifiable group called the "Bay Boys." Furthermore, he gives no foundation for how he, or anyone else, would distinguish members of this phantom group from random individuals on the bluffs of Palos Verdes. He provides no support to his claim to know that it was "Bay Boys" driving very slowly rather than ocean lovers rubbernecking the view, or any other random visitor for that matter. In other words, Mr. Spencer lays no foundation and no support for his personal knowledge of the overbroad and generalized claims he makes in this sworn statement of facts.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Improper "Expert" Opinion From a Lay Witness [Fed. R. Evid. 701-703], Lacks Personal Knolwedge/Foundation [Fed. R. Evid. 602]:** Mr. Spencer is not designated in

47

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

this action as an expert in gangs. Yet he improperly opines that the individuals at Lunada Bay on a particular day were engaging in a "coordinated effort among members of a gang." He gives no support to his personal knowledge that the individuals on the bluff were acting in concert or in a coordinated effort. Finally, that something "appeared" to be the case, as Mr. Spencer states, does not make it a fact of personal knowledge.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 19.   Spencer Decl. ¶23, 10:5-7

"I assume he was filming all of us to intimidate us, and so that he could show it to other Bay Boys to identify us."

**Objection 1**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Spencer does not sufficiently establish foundation to assert that he knows why Mr. Blakeman was filming on the day in question. His "assumption" is not proper for a sworn statement of fact.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 20.   Spencer Decl. ¶24, 10:10-14

"I noticed several officers talked with a few members of the Bay Boys but I don't know what was said, or if any type of enforcement action was taken. I did notice that even though officers were present, Brant Blakeman continued to film throughout the morning."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Spencer doesn't not establish any evidence for his contention that the "Bay Boys" exist or that the individuals references here were indeed "Bay Boys."

| Sustained: _____ | Overruled: _____ |
|---|---|

### 21.   Spencer Decl. ¶26, 11:7-10

"I am deeply disturbed and saddened by the Bay Boys' acts of exclusion in that I am not able to enjoy a place that I have a right to enjoy without being harassed and attacked."

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Spencer does not provide evidence to support his contention that a cohesive and identifiable group called the "Bay Boys" exists. Nor does he provide evidence to support his claim that this phantom groups acts to exclude others.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 22.   Spencer Decl. ¶26, 11:13-17

"I have been distressed by my feelings of anger and resentment toward the Bay Boys, including Brant Blakeman, who have denied me access to a public place. They have no right to claim a public beach as their turf and enjoy it to their exclusive benefit while denying others the same enjoyment."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]**: The witness does not provide evidentiary support to his claim that Mr. Blakeman is part of any group called the "Bay Boys." Nor does he provide any support for his contention that such a group even exists and is identifiable.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Lacks personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Spencer offers no evidence to support his claim that this phantom group denies others the benefit of the beach or claims the beach "as their turf."

| Sustained: _____ | Overruled: _____ |
|---|---|

### 23.   Spencer Decl. ¶27, 11:18-21

"I have been similarly disappointed and upset that the City of Palos Verdes Estates and Chief Kepley have not taken the problem the Bay Boys have created seriously, and have done nothing to remedy this problem."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]**: The witness does not

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

provide evidentiary support to his claim that a cohesive and identifiable group called the "Bay Boys" exists.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Spencer offers no evidence to support his general and overbroad claim that the City ahd Police have "done nothing to remedy the problem."

| Sustained: _____ | Overruled: _____ |
|---|---|

### 24.   Spencer Decl. ¶27, 11:21-24

"I believe that the City of Palos Verdes Estates and Chief Kepley have turned a blind eye to the violence, intimidation, vandalism and harassment that goes on at Lunada Bay, both on the bluff top and below on the beach and in the water."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Relevance [Fed. R. Evid. 401, 402]:**     Mr. Spencer's beliefs have no tendency to prove or disprove a fact of consequence in this matter. Furthermore, Mr. Sepncer does not establish evidence to support his claim that the police have "turned a blind eye" to the issues at Lunada Bay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 25.   Spencer Decl. ¶27, 11:24-28

"The City allowed an unpermitted Rock Fort to exist along the shore knowing that is only accessible to a select few. The Lunada Bay Boys use this Rock Fort as a base of operations where they congregate to drink, possibly use drugs, and coordinate their attacks on nonlocals."

**Objection 1**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602], Unduly Prejudicial [Fed. R. Evid. 403]:** Mr Spencer gives no support to his claims that the "Bay Boys" use a rock fort as their base of operations. Moreover, he offers no evidence of personal knowledge to his baseless claims that individuals use the rock fort to "possibly use

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

drugs." Without support for these assertions, this entire passage is nothing more than a series of defamatory statements against a phantom entity that are substantially more prejudicial than any probative value they may have.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** Mr. Spencer does not establish evidence to support his claim that the city allowed a rock fort to exists or that they knew it was accessible to only a few. If he learned this from a secondary source, the truth he asserts came from an out of court statement and is, therefore, inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 26.    Spencer Decl. ¶¶28-29

**Objection 1 - Request to Strike**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602], Improper Lay Opinion [Fed. R. Evid. 701-703]:** Mr. Spencer gives no evidentiary support for the claims he makes against the City of Palos Verdes Estates or the Palos Verdes Estates Police Department. He further offers no support to his claims that the measures he suggests would fix any alleged problems that may exist. He offers opinions as to what these agencies could do without establishing himself as a person qualified to make such opinions. Both paragraphs are unfounded recitations of baseless and speculative claims that are not based in any way on Mr. Spencer's personal knowledge. As such, they are wholly improper for a sworn statement of evidentiary facts.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 27.    Spencer Decl. ¶30

**Objection 1 – Request to Strike**

**Improper "Expert" Opinion from a Lay Witness [Fed. R. Evid 701-703]:** Mr. Spencer is not designated as an expert in police tactics, strategies, or procedures in this matter. As such he is unqualified to give opinion as to the adequacy of the Palos Verdes

Estates Police Departments activities and is further unqualified to offer suggestions to deal with any alleged problems.

| Sustained: _____ | Overruled: _____ |
|---|---|

**D) <span>Declaration Of Diana Milena Reed, Docket No. 159-5, ("Reed Decl.")</span>**

    **1.**      **Reed Decl. ¶9, 4:21-22; ¶10, 5:5; ¶11, 5:20; ¶20, 8:27; ¶31, 12:13; ¶32, 12:26, 27; ¶32, 13:3; ¶35, 13:14, 21; ¶37, 14:4-5, 6; ¶39, 14:28; ¶39, 15:8;**

Any and all references to "Bay Boys" as an entity.

**Objection 1**

    **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Ms. Reed offers no evidence to support her claim that a cohesive and identifiable group called the "Bay Boys" exists. Furthermore, even if such a group did exist, she offers no evidence to support her repeated claims that the individuals she encountered during her alleged incidents at Lunada Bay were members of such group. Throughout her entire declaration she contends that identified, as well as anonymous, individuals are members of this phantom group without ever establishing evidence to support her knowledge of these individuals' affiliation.

| Sustained: _____ | Overruled: _____ |
|---|---|

    **2.**      **Reed Decl. ¶6, 4:1-7**

    "I had heard that localism was prevalent at Lunada Bay, meaning that locals tried to deter nonlocal surfers from accessing the beach through various means, including threats, intimidation, and violence. If I hadn't heard that localism was such a problem at Lunada Bay, I would have surfed there frequently, and gone to train every day by myself. But because I was new to surfing and I had never experienced localism, I wasn't sure what to expect."

**Objection 1**

    **Hearsay [Fed. R. Evid. 801, 802], Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Ms. Reed offers for their truth statements that she heard from anonymous others and that were made out of court. Thus, her statements are inadmissible hearsay. To the extent that these statement persuaded her to stay away from

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

Lunada Bay, her actions in the face of the unknown, that she would have gone but/for the
localism, is entirely speculative.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 3. Reed Decl. ¶8, 4:17-19

**Objection 1**

**Relevance [Fed. R. Evid. 401, 402], Lacks Personal Knowledge/Foundation [Fed.
R. Evid. 602]:** This statement is offered in support of Plaintiff's contention that Plaintiffs
"…have been harassed at Lunada Bay by the Lunada Bay Boys. Plaintiff's Statement of
Undisputed Facts, Dock. Number 181. However, Ms. Reed offers no evidence to suppor the
contention that the men in this incident were members of a group called the "Lunada Bay
Boys." In that context, this statement has no tendency to prove or disprove the fact of
consequence in this matter.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 4. Reed Decl. ¶9, 4:21-24

"There was also a group of men, who I now believe to be Bay Boys, standing along
the bluffs. These men told us that we couldn't surf there and constantly harassed us. One man
who I believe to be Brant Blakeman was recording us on land with his camera."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Ms. Reed offers no
evidence to substantiate her knowledge that these men belonged to a purported group called
the "Bay Boys."

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** The statements of the anonymous men are made
out of court and offered for their truth. They are therefore inadmissible. Furthermore, Ms.
Reed cannot lay proper foundation that these anonymous declarants are any of the
individuals named in this action or are members of the purported group the "Bay Boys." As
such these statements would not be admissible as admissions pursuant to FRE 801(d)(2).

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

| Sustained: _____ | Overruled: _____ |

### 4.    Reed Decl. ¶10, 4:27-5:4

"I recall meeting Cory Spencer. I remember hearing – either directly from Cory or indirectly from another surfer present along the bluffs that morning – that Cory is a police officer and that he had been run over in the water earlier that morning by another surfer who cut Cory's hand. Hearing that a police officer from outside of the area was not safe in the water surprised me."

**Objection 1**

**Hearsay [Fed. R. Evid. 801, 802], Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** The incident Ms. Reed attests to in this passage is known only to her through a secondary source. It was told to her out of court and she now offers it for its truth. It is therefore inadmissible as hearsay.

| Sustained: _____ | Overruled: _____ |

### 5.    Reed Decl. ¶11, 5:20-22

"Other Bay Boys watched along the coast, and one younger man told me to "watch out" and "be careful" and "don't smash your pretty little face on the rocks.""

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** In context, Ms. Reed's use of "Other" to modify "Bay Boys" implies that the previous subject of the passage, David Mello, is a member of this purported group. Ms. Reed fails to establish any evidence to support this contention.

| Sustained: _____ | Overruled: _____ |

**Objection 2**

**Relevance [Fed. R. Evid. 401, 402], Unduly Prejudicial/Confusing Issues [Fed. R. Evid. 403]:** Ms. Reed offers this statement to support Plaintiff's claim that Ms. Reed was "harassed at Lunada Bay by Lunada Bay Boys." Since she cannot establish evidence that the individuals referenced in her passage here are members of the purported "Bay Boys" this

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

statement has little tendency to prove or disprove the fact of consequence referenced in this matter. Moreover, that her passage baselessly ascribes harassing behavior by anonymous individuals to Defendants without evidentiary support, the risk of this statement unduly prejudicing the trier of fact substantially outweighs what little probative value it may have.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 6.    Reed Decl. ¶12, 5:27-6:2

"I could see Palos Verdes Estates Police officers present in the nearby Rock Fort at the north end of the beach. They did not do anything to help me while I was being verbally assaulted, though they witnessed and overheard the incident."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Ms. Reed fails to establish evident sufficient to support her claim that the police near her "witnessed and overheard the incident."

| Sustained: _____ | Overruled: _____ |
|---|---|

### 7.    Reed Decl. ¶14, 6:8-15

"At the top of the bluff, a different, older policeman spoke to me. The policeman told me I could make a citizen's arrest but that if I did, I would be at risk of getting sued because people at Lunada Bay are wealthy and can afford to hire good lawyers. This policeman discouraged me from making a citizen's arrest, told me it wasn't a good idea, and said I risked subjecting myself to liability. He said that he could just write a report (without me pursuing a citizen's arrest) and that it would have the same effect without the personal liability to me."

**Objection 1**

**Hearsay [Fed. R. Evid. 801, 802]:** The statements of the unidentified declarant police officer were made out of court and Ms. Reed is here offering them for their truth. To that extent they are inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 8.    Reed Decl. ¶14, 6:18-22

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

"Because the police officer on top of the bluff who took the report had not heard what Mello was saying, he said that he could not arrest Mello. But the two police officers who were on the shoreline had heard what Mello was saying, and also could observe that Mello was behaving erratically and harassing us."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:**Ms. Reed offers no evidence to support her claim that the police hear what David Mello said or that they could observe what was happening to her.

| | |
|---|---|
| Sustained: _____ | Overruled: _____ |

### 9. Reed Decl. ¶14, 6:20-22

"These same officers who had observed Mello were also in the position to notice that the locals in the Rock Fort had beer and were illegally drinking and breaking other laws on the shoreline."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Ms. Reed does not establish sufficient evidence to support her claim that the police were in a position top witness illegal activity.

| | |
|---|---|
| Sustained: _____ | Overruled: _____ |

**Objection 2**

**Improper "Expert" Opinion From a Lay Witness [Fed. R. Evid. 701-703]:** Ms. Reed is not designated as a legal expert in this case and does not provide evidence of her qualifications to opine on the legality of the alleged activities at the rock structure at Lunada Bay.

| | |
|---|---|
| Sustained: _____ | Overruled: _____ |

### 10. Reed Decl. ¶15, 6:28-7:1

"I was frustrated that as a visitor, I was talked out of surfing and that the police did nothing."

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Objection 1**

      **Lacks Personal Knowledge/Foundation, Contradicts Prior Testimony [Fed. R. Evid. 602]:** Ms. Reed's claim that the police did nothing is contradicted by her previous statement in ¶¶13-14 of her declaration. Notably ¶14, 6:15-16 when she reports that the police detained David Mello. Beyond this, Ms. Reed does not establish sufficient evidence to support her overly broad and general claim that the police did nothing.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 11.    Reed Decl. ¶15, 7:3-4

      "I was completely shaken up by this incident – both by the activity of the locals and police complicity – and felt unsafe to go into the water."

**Objection 1**

      **Lacks Personal Knowledge/Foundation, Argumentative [Fed. R. Evid. 602]:** Ms. Reed offers no evidence to support her claim that the police were complicit in the behavior of the surfers she encountered. Furthermore, she draws an improper argumentative conclusion that that the police behavior indicates some collusion with other surfers against her.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

      **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Ms. Reed characterizes the individuals who allegedly harassed her as "locals" without providing any evidentiary support for this claim.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 12.    Reed Decl. ¶18, 8:4-5

      "I was told that the police were unavailable and no officers were present when we arrived."

**Objection 1**

      **Hearsay [Fed. R. Evid. 801, 802]:** Ms. Reed offers this statement for its truth. Since this was made out of court it is inadmissible as hearsay.

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

| Sustained: _____ | Overruled: _____ |
|---|---|

### 13.   Reed Decl. ¶20, 8:11-13

"We walked past them and continued down the trail. When we reached the beach, we encountered additional angry locals who were yelling at us."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Ms. Reed does not offer any evidence to support her claim that the angry individuals were "locals." Ms. Reed uses this term interchangeably with "Bay Boys," but it suffers the same foundational flaw: she never provides foundation to support how she is able to identify these surfers as locals as opposed to non-locals similar to herself.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 14.   Reed Decl. ¶20, 8:18-20

"He wanted to know what my "mission objective" was and why I was at the beach and what I wanted. He told me that no other outsiders ever come to Lunada Bay."

**Objection 1**

**Hearsay [Fed. R. Evid. 801, 802]:** The statements of the anonymous dark-haired man are made out of court and offered for their truth. They are therefore inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 15.   Reed Decl. ¶20, 8:25-9:3

"She was visibly shaken and told us that she had been harassed on her way down here. She told me that she had been sitting on the beach and was asked to leave by the bay boys that were changing into their wetsuits. They told her that her sitting there was like sitting in a men's locker room. They yelled at her and she replied that it was a public beach and she had a right to sit wherever she wanted. They appeared surprised that she had the bravery to stand up to their threats."

**Objection 1**

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Hearsay [Fed. R. Evid. 801, 802]:** This entire passage is composed of statements told to Ms. Reed at the beach that Ms. Reed now offers for their truth. As such, they are inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Ms. Reed has no personal knowledge of the individuals' reactions to the "bravery" of the other woman. That they "appeared" surprised is not a sworn fact that they were, indeed, surprised.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 16.     Reed Decl. ¶23, 9:26-10:3

"In retrospect, I believe he was referencing the L.A. Times article, but at the time I had not seen the article and didn't even know that it would be published or that I would be featured prominently in the photos. It appeared to me that Blakeman and Johnston were pretending to celebrate the L.A. Times article in a sarcastic manner and seemed upset about it."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Ms. Reed offers no evidence to support her claim that Mr. Johnston was referring to an LA Times article. Statements on belief are not appropriate for a statement of evidentiary facts. Additionally, her characterizations of Mr. Blakeman and Mr. Johnston as upset about the article similarly lack foundation.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 17.     Reed Decl. ¶24, 10:10-13

"He began changing into his wetsuit in front of me and although he had a towel wrapped around his waist, I believe that he intentionally removed his towel in order to expose his penis to me."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Ms. Reed offers no

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

evidence to support her knowledge of Mr. Johnston's intentions. That she only states as such based on her belief is improper as an evidentiary fact in a declaration.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 18.    Reed Decl. ¶26, 10:18-20

"Defendant Charlie Ferrara was also present during this incident. He was sitting on the roof of the Rock Fort and observed the entire incident and appeared to be complicit in Blakeman and Johnston's behavior."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Ms. Reed does not establish evidence sufficient to support her claim that Charlie Ferrara was complicit in the incident she describes. Nor can she support her claim that Mr. Ferrara observed the incident.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 19.    Reed Decl. ¶26, 10:22-23

"The police were parked on the bluffs above the beach but they were unaware of what was going on right below them."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Ms. Reed offers no evidence to support her assertion that the police were unaware of any incident.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 20.    Reed Decl. ¶27, 11:2-4

"The police were able to identify the man who was filming me as Brant Blakeman simply by my description. They told me he was a local resident and owns a home in Palos Verdes Estates."

**Objection 1**

**Hearsay [Fed. R. Evid. 801, 802]:** The statements of the police were made out of court. Since Ms. Reed is offering them for their truth, they are inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 21.     Reed Decl. ¶28, 11:7-15

"The police clearly knew him because as they approached, they greeting him by saying, "Hi Charlie." Also, they told me that they knew him. Charlie Ferrara refused to cooperate and told the police that he didn't see anything, although he did apologize to me. As the police stepped away, Charlie told me that he was "sorry" for what happened to me. The police overheard Charlie and thought that it was strange that he was apologizing to me, and acknowledging what had occured, yet refusing to tell them anything about the incident."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** The statements indicating that they knew Mr. Ferrara made by the police at the beach are being offered for their truth and are, therefore, inadmissible hearsay. Ms. Reed offers no other evidence to support her claim that the police knew Mr. Ferrara.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Ms. Reed presumes to know what Mr. Ferrara di or did not see. Thus, she makes a claim with no other foundation that Mr. Ferrara refused to cooperate with the police. She gives no other evidence to support this assertion.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 3**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Ms. Reed fails to establish any facts to support her claim that the police "thought it was strange" that Mr. Ferrara apologized to her.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 22.     Reed Decl. ¶29, 11:16-22

"The officer also told me that they have "book containing driver's license photographs of all Lunada Bay Boys" gang members and that I could look through this book to identify the other men who were involved. He said it wouldn't be a problem to identify the

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

individuals because they know all the people who frequent the area."

**Objection 1**

    **Hearsay [Fed. R. Evid. 602]:** This entire passage is composed of an officer's statements to Ms. Reed made at the beach that she now offers for their truth. As such, they are inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 23.    Reed Decl. ¶30, 12:1-3

    "It seemed to me that they were completely disinterested in investigating this incident."

**Objection 1**

    **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** How something seemed to Ms. Reed is not the truth of how it actually was. Ms. Reed gives no other evidence to support her claim that the police were disinterested. However, Exhibit 4 attached to her declaration (Bates Stamp CITY2061 – CITY2069) describe in detail how the police department investigated her report.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 24.    Reed Decl. ¶31, 12:12-15

    "Chief Kepley and Captain Best said that although they had photographs of the Lunada Bay Boys members, they would not allow me to review the photos – they claimed doing so might impede the investigation or somehow violate the law."

**Objection 1**

    **Hearsay [Fed. R. Evid. 801, 802]:** Ms. Reed offers unsworn statements by police officers outside fo court for their truth. They are, therefore, inadmissible hearsay. Assuming, Plaintiffs purport that these are admissions pursuant to FRE 802(d)(2), Ms. Reed does not establish the identity of the declarant to determine which part of "they" made the statement in order to establish that they were a party. Nor does she provide any additional facts in her description to substantiate a claim that a party adopted the admission of another party.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

### 25.     Reed Decl. ¶38, 14:17-24

"I recorded our conversation on my cell phone, which was sitting face-up and in plain view on a table in the Rock Fort. I believe Charlie knew I was recording him and that he was simultaneously recording me. I saw him holding an audio recording device. At one point during our conversation, he pointed to my Canon camera and asked if I was recording him using that camera. I was not, and I told him as much. A true and correct recording of our conversation is attached as Exhibit 5. Also attached as Exhibit 6 is a transcript of our conversation."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Ms. Reed. Offers no evidence to support her claim that Mr. Ferrara was aware that she was recording him.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Offers a Statement Inconsistent with a Prior Statement [Fed. R. Evid. 603]:** Ms. Reed herein declares under penalty of perjury the following: "I recorded our conversation on my cell phone…I believe Charlie knew I was recording." She also adds, "At one point in our conversation, he pointed to my Canon camera and asked if I was recording him using that camera. I was not, and I told him as much." She finally states that the transcript attached as Exhibit 6 is a "true and correct" transcript of the conversation.

The transcript she offers tells a different story. On page 4 of Exhibit 6 the following statements occurred in the conversation:

Ferrara: "You know I don't even know that you see, like are you recording? I don't know."

Reed: "No, I'm not recording."

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 3**

**Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Ms. Reed does not establish evidence sufficient to authenticate the transcript as a true and correct representation of the

recorded conversation. She does not detail who transcribed the conversation such that she could have personal knowledge of its accuracy and authenticity.

### 26.   Reed Decl. Exhibit 1

**Objection 1**

**Hearsay [Fed. R. Evid. 801, 802, 805], Relevance [Fed. R. Evid. 401, 402]:** The statements in this article are all made out of court and offered here for their truth. Thus they are inadmissible as hearsay. Moreover, the article reports statements made to the author that are, themselves, hearsay within hearsay. Without the inadmissible statements this article has no tendency to propve or disprove a fact of consequence in this action.

| Sustained: _____ | Overruled: _____ |

### 27.   Reed Decl. Exhibit 4, Documents CITY2071 – 2082 "Text Conversation"

**Objection 1**

**Hearsay [Fed. R. Evid. 801, 802], Lacks Authentication/Foundation [Fed. R. Evid. 901]:** While Ms. Reed can authenticate that she had a conversation with an individual who she believed to be named Jen and that this is an accurate representation of that conversation, she cannot lay foundation that the person sending the texts was, indeed, Jen. Moreover, assuming Ms. Reed can authenticate the other party, the statements made by that party incorporated into this text conversation are made out of court. Ms. Reed is offering them for their truth. Thus they are inadmissible as hearsay.

| Sustained: _____ | Overruled: _____ |

### E)   DECLARATION OF MARK SLATTEN, DOCKET NO. 159-6, ("SLATTEN DECL.")

### 1.   Slatten Decl. ¶9

**Objection 1 – Request to Strike**

**Hearsay [Fed. R. Evid. 801, 802], Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Improper "Expert" Opinion From a Lay Witness [Fed. R. Evid. 701-703]:** The entirety of ¶9 is hearsay. In the opening passage of the paragraph Mr. Slatten begins "As part of the investigation in this matter, I have learned…" He then recounts

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

everything he allegedly learned about the City of Palos Verdes Estates. However, he offers no evidence to support the claims he makes throughout the passage. If these facts come from some particular expertise, Mr. Slatten has not been designated as an expert in the History of Palos Verdes Estates and the facts he gives outside his personal knowledge are improper opinion.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 2.    Slatten Decl. ¶10

**Objection 1 – Request to Strike**

**Hearsay [Fed. R. Evid. 801, 802], Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Improper "Expert" Opinion From a Lay Witness [Fed. R. Evid. 701-703]:** Mr. Slatten is not designated as an expert in any field for the purposes of giving opinion testimony in this matter. Moreover, he has not established a foundation for the legal conclusions and statutory opinons he provides in this paragraph. Additionally, Mr. Slatten establishes no evidentiary foundation for his own personal knowledge of these facts. To the extent that he learned these facts from a secondary source, the statements, since they are offered for their truth, are inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 3.    Slatten Decl. ¶12, 8:8-14

"CPR and I would like the public to be able to visit Lunada Bay to surf without fear of physical and verbal attack or the hassle of dealing with the Bay Boy bullies. CPR and I would like the public to be able to visit the Lunada Bay bluff, shoreline, and water to explore and surf without fear of having their car vandalized. CPR and I want the Bay Boys and other locals to be barred from using this beach for sufficient time to change attitudes and to give access to the beach back to the public."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Slatten offers no evidence to support his claim that a cohesive and identifiable group called the "Bay Boys" exists. Furthermore, he fails to provide evidence to support his claims that this phantom

group engages in the activities he alleges.

| Sustained: _____ | Overruled: _____ |

**Objection 2**

     **Improper "Expert" Opinion From a Lay Witness [Fed. R. Evid. 701-703]:** Mr. Slatten asserts that barring "Bay Boys and other locals" from the beach would change attitudes and bring public access back to the beach. Yet he does not establish himself with sufficient qualifications to claim that that is an effective goal. Beyond this improper opinion his statement is merely speculation.

| Sustained: _____ | Overruled: _____ |

**Objection 3**

     **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Slatten does not establish sufficient evidence to support his presumption that the public does not already have reasonable access to Lunada Bay. Furthermore, he offers no evidence for his claim that the fears of harassment and vandalism are the reasons behind his alleged lack of public access.

| Sustained: _____ | Overruled: _____ |

  **F) Declaration Of Jordan Wright Spencer, Docket No. 159-9, ("Wright Decl.")**

      **1.**     **Wright Decl. ¶4, 4:5; ¶8, 5:16, 19, 6:2, 8-9, 19, 27; ¶9, 7:6, 11; ¶11, 8:1; ¶13, 8:21; ¶15, 9:17; ¶16, 10:9; ¶17, 10:16; ¶18, 10:18, 22, 23, 26; ¶19, 11:8, 12-13, ¶22, 13:17, 25**

Each of these passages references the "Bay Boys," identifies individuals as members of the "Bay Boys," or alleges that anonymous individuals whose actions are described are "Bay Boys."

**Objection 1**

     **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Wright offers no evidence to establish his claim that a cohesive and identifiable group called the "Bay Boys" exists. Furthermore, he does not establish an evidentiary foundation for how members of this purported group are identified in order to support his claims that certain individuals are "Bay

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

Boys."

| Sustained: _____ | Overruled: _____ |

**Objection 2**

    **Hearsay [Fed. R. Evid. 801, 802]:** To the extent that Mr. Wright was told that any members or any anonymous persons were members of the "Bay Boys," these statements made to him out of court are being offered for their truth and are, therefore, inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |

**Objection 3**

    **Relevance [Fed. R. Evid. 401, 402], Unduly Prejudicial/Confuses the Issues [Fed. R. Evid. 403]:** Mr. Wright alleges anonymous individuals who he "believes to be", or who he "understands to be" "Bay Boys" without establishing his foundation for such claims. As such, the incidents involving these anonymous persons have no tendency make any fact of consequence in this matter more or less probable. Moreover, since Mr. Wright is alleging harassment and potential illegal behavior on the part of these anonymous individuals, his unfounded associations of random persons with a phantom entity called the "Bay Boys" risks undue prejudice against the defendants that substantial outweighs any probative value of his purported facts.

| Sustained: _____ | Overruled: _____ |

    **2.    Wright Decl. ¶8, 5:14-17**

    "We talked to a woman leaving with a longboard, who had asked where we were headed. When we told her we planned to surf Lunada Bay, she said words to the effect of "I grew up in Palos Verdes. Don't go there. The Bay Boys protect that place and you can't surf there."

**Objection 1**

    **Hearsay [Fed. R. Evid. 801, 802]:** Mr. Wright offers the statements told to him by a woman at a beach for their truth. Thus, they are inadmissible as hearsay.

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

| Sustained: _____ | Overruled: _____ |

### 3.      Wright Decl. ¶8, 6:12-13

"This leads me to believe the men on the bluff and the men on the shoreline were coordinating their efforts."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Improper "Expert" Opinion From A Lay Witness [Fed. R. Evid. 701-701]:** Mr. Wright's beliefs about the intentions of activities of anonymous individuals are improper for a sworn statement of fact. The facts surrounding this statement are admissible, but Mr. Wright goes a step to far by drawing an improper conclusion from these facts.

| Sustained: _____ | Overruled: _____ |

### 4.      Wright Decl. ¶8, 6:20-7:2

"This person had shoulder length brown hair, and said the following: "I will probably get hassled and in trouble just for talking to you. I'm just out of prison and don't like the drama of the other guys. But those guys may attack you. They will drop in on you. They will harass you, and you won't get any waves. It's the way it is." I explained that I'd surfed many different spots all over the world considered localized, and asked, "If we paddle out and sit on the inside, won't that be okay? Isn't that good enough?" The Bay Boy with the shoulder-length brown hair responded by saying, "No. Just being here is too much. But if you insist on going out, stay on the inside or there will be a fight.""

**Objection 1**

**Hearsay [Fed. R. Evid. 801, 802]:** Mr. Wright offers several statements for their truth. All of these statements were spoken by an anonymous individual at the beach. That they were made out of court, they are inadmissible hearsay. Assuming that Plaintiffs purport that this is an admission pursuant to FRE 801(d)(2), Mr. Wright has not established evidence to support his claim that this individual was a member of the "Bay Boys" such that he could be considered a party.

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

| Sustained: _____ | Overruled: _____ |

### 5.      Wright Decl. ¶12, 8:17-20

"I had to swim in over rocks to get my board and cut my hands on the rocks doing so. In my more than 20 years of surfing, I'm confident that Johnston was attempted to purposefully injure me."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Improper Lay Opinion [Fed. R. Evid. 701-703]:** Mr. Wright does not establish sufficient evidence to support his claim that Johnston was attempt[ing] to "purposefully" injure him. There is no foundation for Mr. Johnston's intent. Moreover, that Mr. Wright asserts his experience as a surfer as support for his knowledge is still insufficient to support his claim. Thus, the statement is an improper opinion.

| Sustained: _____ | Overruled: _____ |

### 6.      Wright Decl. ¶16, 10:4-10

"While many of my friends are skilled surfers who would be able to safely surf Lunada Bay, most are afraid to do so because of the confrontations that occur. And it has been difficult for me to find people to surf with at Lunada Bay because most people don't want to suffer the hassle, confrontation, and humiliation. Further, people are afraid because they believe the police are "in on it" when it comes to the Bay Boys and keeping Palos Verdes Estates and its beaches for locals only."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** Mr. Wright offers no evidence to support his claims regarding his friends', or random people's, feelings or intentions regarding Lunada Bay. To the extent that they reported these to him, their statements are inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |

### 7.      Wright Decl. ¶18, 10:21-23

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

"I believe his filming is an effort to intimidate visitors. In the water, he seems to direct other Bay Boys to sit close to visiting surfers. I've observed Bay Boys who seem to be assigned to visiting surfers."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Wright offers no evidence to support his claims about Mr. Blakeman's intentions while filming at Lunada Bay. Additionally, he offers no evidence to support the claim that Mr. Blakeman is coordinating and directing other surfers to engage in particular acts. Finally, Mr. Wright does not establish evidence sufficient to support his claim that certina individuals are "assigned to visiting surfers."

| Sustained: _____ | Overruled: _____ |
|---|---|

### 8.    Wright Decl. ¶22

**Objection 1 – Request to Strike**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802], Improper "Expert" Opinion From a Lay Witness:** That the first three sentences of this paragraph begin with "I believe" and "I understand" sets the tone for an entire passage of claims for which Mr. Wright offers no evidentiary support. When he doesn't make unsubstantiated claims, Mr. Wright recites statements made by others that he now asserts as truth. Based on lack of personal knowledge or hearsay, these statements are all inadmissible.

| Sustained: _____ | Overruled: _____ |
|---|---|

### G) DECLARATION OF CHRISTOPHER TALOA, DOCKET NO. 159-10, ("TALOA DECL.")

### 1.    Taloa Decl. ¶10, 5:5; ¶11, 5:15, 17, 20, 22; ¶12, 5:12, 6:10; ¶15, 7:9; ¶16, 7:12; ¶18, 8:12

Each of these passages references the "Bay Boys," identifies individuals as members of the "Bay Boys," or alleges that anonymous individuals whose actions are described are "Bay Boys."

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Objection 1**

　　**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Taloa offers no evidence to establish his claim that a cohesive and identifiable group called the "Bay Boys" exists. Furthermore, he does not establish an evidentiary foundation for how members of this purported group are identified in order to support his claims that certain individuals are "Bay Boys."

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

　　**Hearsay [Fed. R. Evid. 801, 802]:** To the extent that Mr. Taloa was told that any members or any anonymous persons were members of the "Bay Boys," these statements made to him out of court are being offered for their truth and are, therefore, inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

　　　　**2.　　Taloa Decl. ¶18, 8:6-9**

　　"Locals were surfing on the same waves as me in what I believed was an attempt to collide with me. One of the locals told me, "That's assault. I'm going to have you arrested and have you fucked in the ass by a black or Mexican in the holding cell.""

**Objection 1**

　　**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Taloa offers no evidence to support his knowledge that any individual, much less the particular personas he witnessed surfing, were 'locals.' He does not give any foundation for how one would identify a 'local' apart from any other random surfer.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

　　**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Taloa gives no support for his claim that surfers were surfing the same waves in an attempt to collide with him.

71

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

| Sustained: _____ | Overruled: _____ |

**Objection 3**

    **Hearsay [Fed. R. Evid. 801, 802]:** Mr. Taloa recites statements from anonymous individuals who he claims, without foundation are locals. Since these statements, such as "We own the cops," are made out of court and offered for their truth, they are inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |

    3.    **Taloa Decl. ¶18, 8:10-13**

    "The locals claimed to own the police and judges. Regarding the latter, I believe the fact that Alex Gray's father is a retired judge is used by some of the Bay Boys as a threat that they have some kind of influence in the judicial system."

**Objection 1**

    **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Taloa provides no support for his knowledge that any individuals were "locals."

| Sustained: _____ | Overruled: _____ |

**Objection 2**

    **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Taloa claims, without any supporting evidence, that members of the purported group the "Bay Boys" threaten others with the fact that a purported member's father is a judge. Moreover, Mr. Taloa never establishes evidence to support his claim that "Alex Gray's father is a retired judge."

| Sustained: _____ | Overruled: _____ |

    4.    **Taloa Decl. ¶20, 8:26; 9:1**

Statements that refer to "locals" generally.

**Objection 1**

    **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Taloa provides no support for his knowledge that any individuals were "locals." Nor does he provide any

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

foundation regarding a method to distinguish "locals" from other random surfers like himself.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 5. Taloa Decl. ¶20, 9:1-3

"It became obvious that Blakeman was not there to surf and wanted to make sure that we did not have a good time surfing."

**Objection 1**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Taloa offers no evidence to support his claim to know that Mr. Blakeman intended to ruin his good time surfing.

| Sustained: _____ | Overruled: _____ |
|---|---|

### H) DECLARATION OF JOHN MACHARG, DOCKET NO. 160, ("MACHARG DECL.")

### 1. Macharg Decl. ¶7, 4:6-7

"Until just recently, City Officials have publicly stated that the Bay Boys and localism were an "urban legend.""

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Macharg offers no evidence to support his claim that the attitude he describes only came about "just recently." Secondly, He offers no evidence to support his claim that a cohesive and identifiable group known as the "Bay Boys." Nor does he establish any evidence give foundation to how Mr. Macharg can identify a "Bay Boy" from a random surfer.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** Mr. Macharg gives establishes no evidence to support his claim to know the police department's attitudes toward the purported "localism" problem. Furthermore, to the extent that he does know that there was a belief that this was an "urban legend" he could only have heard it from a secondary source. Since he offers this statement for its truth, it is

73

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

inadmissible as hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 2.   Macharg Decl. ¶7, 4:7-9

"I believe if they enforced the ban on alcohol most of those guys would not show up

to go surfing."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Macharg does not

establish evidence to support his 'belief' that banning alcohol would deter the offending

surfers. His claim is merely speculation.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Improper "Expert" Opinion [Fed. R. Evid. 701-703]:** Mr. Macharg is not

designated as an expert in this matter and offers no proof of qualifications sufficient enough

for him to render an opinion about the motivations of surfers and effective means to deter

misbehavior. Thus his statement is an improper opinion for a declaration of sworn facts.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 3.   Macharg Decl. ¶7, 4:9-10

"I would like to be able to visit Lunada Bay to surf without the fear of physical and

verbal attack or the hassle of dealing with the Bay Boy bullies."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Macharg offers

no evidence to support his claim that a cohesive and identifiable group called the "Bay

Boys" exists. Additionally, he fails to provide foundation for how he could identify "Bay

Boy" bullies from other random bullies.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

I) **DECLARATION OF JOHN CARPENTER, DOCKET NO. 161, ("CARPENTER DECL.")**

    1.      **Carpenter Decl. ¶5, 3:11, 17, 19; ¶7, 3:28, 4:3; ¶9, 4:17, 23; ¶14, 5:19-20**

Each of these passages references the "Bay Boys," identifies individuals as members of the "Bay Boys," or alleges that anonymous individuals whose actions are described are "Bay Boys."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Carpenter offers no evidence to establish his claim that a cohesive and identifiable group called the "Bay Boys" exists. Furthermore, he does not establish an evidentiary foundation for how members of this purported group are identified in order to support his claims that certain individuals are "Bay Boys."

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** To the extent that Mr. Carpenter was told that any members or any anonymous persons were members of the "Bay Boys," these statements made to him out of court are being offered for their truth and are, therefore, inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

    2.    **Carpenter Decl. ¶5, 3:9-13**

"…it was common knowledge that non-locals were not allowed to surf at Lunada Bay. I knew that Lunada Bay was highly localized and that the Lunada Bay Boys, a local group of male surfers that acted like a gang, made it their mission to exclude non-locals."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** Mr. Carpenter offers no evidence to support his claim that "it was common knowledge." Moreover, he does not provide support for his claim that Lunada Bay was 'localized.' To the extent that he heard these facts from a secondary source, he is now

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

offering them for their truth and such out of court statements would therefore, be inadmissible as hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 3.    Carpenter Decl. ¶5, 3:18-20

"The Bay is almost like a garrison in this way because the Bay Boys can easily assault others while protecting themselves. I have friends who had rocks thrown at them when they visited Lunada Bay."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** Mr. Carpenter fails to establish an evidentiary basis for the claims that the purported group, the "Bay Boys" assault others from this "garrison." He further provides no evidence to support his implication that the rocks allegedly thrown at his friends were thrown by these purported Bay Boys. Moreover, unless he witnessed his friends being hit with rocks, his only knowledge of the facts comes from reports of others. He is now offering these out of court statements for their truth and they are, therefore, inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 4.    Carpenter Decl. ¶9, 4:22-24

"I was almost positive that the Lunada Bay Boys were responsible for this vandalism."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Being "almost positive" is hardly having personal knowledge of a fact. Mr. Carpenter makes this baseless accusation with no evidence to support his claim.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 5.    Carpenter Decl. ¶15

**Objection – Request to Strike**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** Mr. Carpenter lays out allegations against the Palos Verdes Estates Police

76

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

Department but never establishes any evidentiary support for the claims he makes. Furthermore, his statements presume the status quo in Lunada Bay, but Mr. Carpenter, by his own admission has not returned to the Bay since the early-1980s. Carpenter Decl. ¶12. He does not establish how he could have any personal knowledge regarding the policing activities there. To the extent that he has heard about these claims from others, the statements are inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Improper "Expert" Opinion From a Lay Witness [Fed. R. Evid. 701-703]:** Mr. Carpenter opines about what the police "should" do to stop the purported localism problem. However, Mr. Carpenter is not a designated expert in this matter and offers no evidence to support his qualifications to render an opinion about what the Palos Verdes Estates Police Department should do.

| Sustained: _____ | Overruled: _____ |
|---|---|

**J) DECLARATION OF JASON GERSCH, DOCKET NO. 162, ("GERSCH DECL.")**

**1.      Gersch Decl. ¶4, 3:11-12; ¶5, 3:19; ¶6, 4:8; ¶9, 4:27**

Each of these passages references the "Bay Boys," or "locals" as perpetrators of offending acts. They also identify individuals as members of the "Bay Boys," or allege that anonymous individuals, whose actions are described therein, are "Bay Boys."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Gersch offers no evidence to establish his claim that a cohesive and identifiable group called the "Bay Boys" exists. Furthermore, he does not establish an evidentiary foundation for how members of this purported group are identified in order to support his claims that certain individuals are "Bay Boys."

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

77

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Hearsay [Fed. R. Evid. 801, 802]:** To the extent that Mr. Gersch was told that any members or any anonymous persons were members of the "Bay Boys," these statements made to him out of court are being offered for their truth and are, therefore, inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 2.    Gersch Decl, ¶9, 4:24-25

"Until just recently, City Officials have publicly stated that the Bay Boys and localism were an "urban legend.""

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Gersch offers no evidence to support his claim that the attitude he describes only came about "just recently." Secondly, He offers no evidence to support his claim that a cohesive and identifiable group known as the "Bay Boys." Nor does he establish any evidence give foundation to how Mr. Gersch can identify a "Bay Boy" from a random surfer.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** Mr. Gersch gives establishes no evidence to support his claim to know the police department's attitudes toward the purported "localism" problem. Furthermore, to the extent that he does know that there was a belief that this was an "urban legend" he could only have heard it from a secondary source. Since he offers this statement for its truth, it is inadmissible as hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 3.    Gersch Decl. ¶9, 4:25-5:3

"I would like to be able to visit Lunada Bay to surf without fear of physical and verbal attack or the hassle of dealing with the Bay Boy bullies. I would like to be able to visit the Lunada Bay bluff, shoreline, and water to explore and surf without fear of having their car vandalized. I want the Bay Boys and other locals to be barred from using this beach for

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

sufficient time to change attitudes and to give access to the beach back to the public."

**Objection 1**

    **Improper "Expert" Opinion From a Lay Witness [Fed. R. Evid. 701-703]:** Mr. Gersch asserts that barring "Bay Boys and other locals" from the beach would change attitudes and bring public access back to the beach. Yet he does not establish himself with sufficient qualifications to claim that that is an effective goal. Beyond this improper opinion his statement is merely speculation.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

    **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Gersch does not establish sufficient evidence to support his presumption that the public does not already have reasonable access to Lunada Bay. Furthermore, he offers no evidence for his claim that the fears of harassment and vandalism are the reasons behind his alleged lack of public access.

| Sustained: _____ | Overruled: _____ |
|---|---|

**K) DECLARATION OF BLAKE WILL, DOCKET NO. 163, ("WILL DECL.")**

    **1.**     **Will Decl. ¶4, 3:8, 12; ¶5, 3:16, 19, 20; ¶7, 4:7-8; ¶8, 4:13; ¶19, 5:16**

    Each of these passages references the "Bay Boys," identifies individuals as members of the "Bay Boys," or alleges that anonymous individuals whose actions are described are "Bay Boys."

**Objection 1**

    **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Will offers no evidence to establish his claim that a cohesive and identifiable group called the "Bay Boys" exists. Furthermore, he does not establish an evidentiary foundation for how members of this purported group are identified in order to support his claims that certain individuals are "Bay Boys."

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** To the extent that Mr. Will was told that any members or any anonymous persons were members of the "Bay Boys," these statements made to him out of court are being offered for their truth and are, therefore, inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 2. Will Decl. ¶4, 3:7-12

"When I was growing up, it was known that Lunada Bay was ruled by the Lunada Bay Boys. The Bay Boys would threaten, harass, and beat up all outsiders, and would vandalize their cars. They ruled with an iron fist. To my knowledge, there is no place in the world where the local surfers display the kind of hostility, aggression, or exclusionary attitude that the Lunada Bay Boys display."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** Mr. Will offers no evidence to substantiate his claim that the purported "Bay Boys" engaged in the behaviors he describes. To the extent that this was "well known," Mr. Will is relaying information he received from unidentified sources. He is now offering these statements for their truth. Thus they are inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 3. Will Decl. ¶7, 4:3-5

"I did this because my friends' cars had been vandalized when they tried to surf at Lunada Bay."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** Mr. Will provides no evidence to support his claim that his friends' cars were vandalized. If he learned these facts from his friends, then the statements are inadmissible hearsay as Mr. Will is here offering them for their truth.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

### 4.   Will Decl. ¶8, 4:12-15

"On one of the times I tried to surf Lunada Bay, I was harassed by one of the Bay Boys named Kelly Logan and his buddies. Logan was known as one of the "enforcers" who ruled Lunada Bay through fear, intimidation, and violence."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** Mr. Will provides no evidence to support his claim that Kelly Logan, or any of his friends, are "Bay Boys." Nor can Mr. Will offer foundation for how he knows Mr. Logan was an "enforcer." If Mr. Will heard these allegations from others, then those statements are inadmissible hearsay since he is offering them here for their truth.

### 5.   Will Decl. ¶9, 4:25-28

"The police asked my son if he was lost and if he knew where he was going. It was clear to me that the police only pulled over my son because he looked like a hardcore biker who did not belong in Palos Verdes Estates."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** Mr. Will does not establish any evidence to support how he knows what the police officer asked his son. By his own admission he was still in the car. If this was reported to him by his son, then this statement is inadmissible hearsay since Mr. Will is offering it here for its truth.

**Objection 2**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Will asserts that the police pulled over his son because he looked like a hardcore biker, yet Mr. Will does not offer any evidence to support his claim to know the motivations behind the officer's actions. He merely speculates on the officer's intentions.

### 6.   Will Decl. ¶9, 5:3-6

"This was just one of the many examples I have heard about in which the Palos Verdes police participate in the intimidation of the Bay Boys. The Palos Verdes police

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

officers help the Bay Boys kick out the "riff raff.," which in this instance, included my

harmless son."

**Objection 1**

  **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R.
Evid. 801, 802]:** Mr. Will does not establish any evidence to support how he knows what the

intentions of the police are. The other examples he has heard about are not admissible

because the statements to which he refers in this passage are hearsay since Mr. Will is

offering them for their truth.

| Sustained: _____ | Overruled: _____ |
|---|---|

  **L)** **D**ECLARATION **O**F **S**HARLEAN **P**EREZ, **D**OCKET **N**O. 164, ("**P**EREZ **D**ECL.")

    **1.**  **Perez Decl. ¶6, 3:22-25**

  "I did not realize at the time that the young men's behavior was a form of harassment.

It was only once I got older that I understood the young men's behavior was a form of

intimidation, and an attempt to keep us out of Lunada Bay."

**Objection 1**

  **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Improper "Expert"
Opinion From a Lay Witness [Fed. R. Evid. 701-703]:** Ms. Perez offers no evidence to

support her claim that the men who threw a bottle in her direction had the intention to keep

her out of Lunada Bay. Moreover, Ms. Perez is not a designated expert in this matter is not

qualified to give opinions as to the nature of the anonymous assailants alleged behavior.

| Sustained: _____ | Overruled: _____ |
|---|---|

    **2.**  **Perez Decl. ¶6, 3:25-27**

  "Before this incident, I had heard about the local surfers who "protected" Lunada Bay

from visitors, even though it is a public beach."

**Objection 1**

  **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R.
Evid. 801, 802]:** Ms. Perez testifies to facts she "heard about" but offers these facts for their

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

truth. That these facts are statement made by other declarants out of court, they are inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### M) DECLARATION OF JOHN W. INNIS, DOCKET NO. 165, ("INNIS DECL.")

**1.     Innis Decl. ¶4**

**Objection 1 – Request to Strike**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Relevance [Fed. R. Evid. 401, 402]:** Mr. Innis describes an altercation with a random man on the bluffs at Lunada Bay. He does not describe the man, nor does he presume, as all other witnesses do, that this man is a 'local' or a "Bay Boy." Absent foundation for the identity of the man, the incident Mr. Innis describes has no tendency to prove or disprove any fact of consequence in this matter.

| Sustained: _____ | Overruled: _____ |
|---|---|

**2.     Innis Decl, ¶4, 3:4-6**

"There was a man standing right in front of my lens, deliberately blocking my view, even though there was no once around on either side of us."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Innis offers no evidence to support his claim that the man "deliberately" blocked his camera.

| Sustained: _____ | Overruled: _____ |
|---|---|

**3.     Innis Decl. ¶4, 3:12-13**

"Even though the man did not attack me physically, I believe it was clear that he was trying to intimidate me."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** It is not clear whether Mr. Innis describes his perception of the situation or is asserting as a fact that the man was trying to intimidate him. In the latter case, Mr. Innis does not offer any evidence to support that claim. In the former case, Mr. Innis's beliefs are not relevant in a declaration of sworn

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

evidentiary facts.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 4.      Innis Decl. ¶6, 3:25-27

"The police acted indifferent to my story. They said they were not going to send someone out to the beach for that type of behavior…It was not until years later when I personally requested a copy of the police report that I learned that the police followed up with the aggressor from the bluff."

**Objection 1**

**Relevance [Fed. R. Evid. 401, 402], Hearsay [Fed. R. Evid. 801, 802]:** That Mr. Innis perceived the police departments attitude to be "indifferent" has no tendency to prove or disprove a fact of consequence in this matter. Neither does Mr. Innis's assertion that the police never called him back to let him know the status of his complaint. What is relevant, however, is that the police did take action after Mr. Innis filed the complaint. The witness's perceptions are not relevant to any disputed matters in this action.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 5.      Innis Decl. ¶7, 4:7-11

"It is my belief that I have not been harassed because I limit my visits to the bluffs, rather than going down to the beach to surf. The men I believe are known as Bay Boys seem to hang out near the trailhead entrance, so whenever I visit I try to avoid the trailhead altogether.**"**

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Innis offers no evidence to support his belief that the men at the trail head are "Bay Boys." Nor does he establish any evident to suggest how he could identify a "Bay Boy" if he encountered one. In fact, Mr. Innis provides no evidence to support his assertion that a cohesive identifiable group known as the "Bay Boys" exists.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Innis only speculates as to why he isn't harassed when he goes to Lunada Bay. He offers no evidence to suggest that his claim about not being harassed on the bluff is true.

| Sustained: _____ | Overruled: _____ |
|---|---|

**N) DECLARATION OF KENNETH CLAYPOOL, DOCKET NO. 166, ("K. CLAYPOOL DECL.")**

        **1.**    **K. Claypool Decl. ¶2, 2:25; ¶11, 5:26; ¶25, 10:28; ¶30, 12:21; ¶32, 13:12, 14, 16**

Each of these passages references the "Bay Boys," identifies individuals as members of the "Bay Boys," or alleges that anonymous individuals whose actions are described are "Bay Boys."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Claypool offers no evidence to establish his claim that a cohesive and identifiable group called the "Bay Boys" exists. Furthermore, he does not establish an evidentiary foundation for how members of this purported group are identified in order to support his claims that certain individuals are "Bay Boys."

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** To the extent that Mr. Claypool was told that any members or any anonymous persons were members of the "Bay Boys," these statements made to him out of court are being offered for their truth and are, therefore, inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

2.      **K. Claypool Decl. ¶3, 3:14; ¶5, 3:26, 27, 4:1, 5; ¶6, 4:9; ¶9, 5:4, 5; ¶10, 5:20; ¶11, 5:25, 27; ¶13, 6:13; ¶16, 7:17, 21; ¶20, 8:22, 28, 9:1, 5;  ¶21, 9:8, 18; ¶23, 10:4; ¶24, 10:17, 20, 23; ¶25, 10:28; ¶26, 11:11; ¶32, 13:17**

Each listed passage includes a classification of an unidentified, and unidentifiable, group of surfers that are referred to here as 'locals.' The witness uses this term interchangeably with "Bay Boys."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Claypool offers no evidence to establish his claim that the incidents he describes are perpetrated by a class of individuals that are "locals". Furthermore, he does not establish an evidentiary foundation for how he is able to identify a "local" or a "local surfer," as apart from any other random surfer or visitor to Lunada Bay.

| Sustained: _____ | Overruled: _____ |
| --- | --- |

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** To the extent that Mr. Claypool was told that any named individuals or any anonymous persons were "locals," these statements made to him out of court are being offered for their truth and are, therefore, inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
| --- | --- |

3.      **K. Claypool Decl. ¶3, 3:7-10**

"But it was well known in the surfing community that the spots in Palos Verdes Estates were extremely localized. I remember first hearing this from the older guys where I surfed. Lunada Bay was known as an incredible big wave spot but a place where outsiders could not venture. There were articles in the local papers and surfing publications that confirmed the reports that I had heard from other surfers about Palos Verdes Estates and Lunada Bay specifically."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R.**

**Evid 801, 802]:** Mr. Claypool asserts a fact based on reputations and reports of others. He does not establish how he has personal knowledge of such facts beyond these secondhand reports. Yet he still offers these statements for their truth. As such, they are inadmissible hearsay. This is clearest in the case of the purported newspaper and magazine articles that Mr. Claypool references.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 4.      K. Claypool Decl. ¶5, 3:21-23

"While I still understood Lunada Bay and Palos Verdes Estates' localism to be a problem, my desire to surf the waves in Palos Verdes Estates got the better of me in the mid-to-late 1990s."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid 801, 802]:** Mr. Claypool does not establish evidence sufficient to support his claim that localism is a problem. He has no personal knowledge beyond what he understands, which is insufficient for a sworn statement of evidentiary facts. To the extent that he learned this from secondary declarants, he is offering the statements for their truth and, as such they are inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 5.      K. Claypool Decl. ¶6, 4:9-12

"While we were surfing, other locals had flattened all the tires on both cars and someone had written the word "cooks" on the windshields with surf wax. Whoever vandalized our cars did not know the correct spelling of the word "kook.""

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Claypool offers no evidence to support his claim that it was 'local' surfers who flattened his car. In fact, Mr. Claypool can't seem to make up his mind whether he knows who did it or not since his second sentence begins with "Whoever vandalized…" Mr. Claypool offers the same speculation as all other witnesses Plaintffs present in support of their motion. They do not

know anything about the people who are allegedly harassing and intimidating them except they are certain they are "locals" or "Bay Boys."

| Sustained: _____ | Overruled: _____ |
| --- | --- |

### 6.   K. Claypool Decl. ¶13, 6:19-22

"Even though it was not crowded, this person purposefully and dangerously proceeded to drop in on me on about five waves. I am confident he was attempting to discourage me from returning by trying to make my experience that day completely miserable."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Claypool does not establish any evidence to support his claim to know that the anonymous surfer was purposefully trying to impede his surfing or to make his day miserable.

| Sustained: _____ | Overruled: _____ |
| --- | --- |

### 7.   K. Claypool Decl. ¶18, 8:1-6

"Suddenly two guys walked up to me - one on each side. They stood unusually close to me, particularly since I did not know them, and stared at me trying to intimidate me. I was so frightened that I walked back to my truck but the two men followed me. The guy on my left was large with sandy blond hair and looked middle aged. The guy on my right and had brown or black hair and was thinner and younger. I did not feel safe so I got in my car and left."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Claypool offers no evidence to support his claim that these two anonymous individuals were "trying to intimidate him."

| Sustained: _____ | Overruled: _____ |
| --- | --- |

**Objection 2**

**Relevance [Fed. R. Evid. 401, 402], Undue Prejudice/Confuses the Issues [Fed. R. Evid. 403]:** Mr. Claypool cannot assert that these two individuals were any of the named

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

defendants, nor does he give any foundation to claim that these individuals were members of the purported "Bay Boys" or that they were "local" surfers. Without words exchanged, Mr. Claypool has no foundation to assert any purpose behind the actions he describes. As such, this incident has no tendency to prove or disprove a fact of consequence in this action. More importantly, plaintiffs assert this evidence as proof of the "Bay Boys" alleged harassment. Yet without foundation to establish that these individuals were members of this purported group, Mr. Claypool's statement risks imputing on defendants the improper behavior of others. This risk of undue prejudice substantially outweighs the *de minimus* probative value of the statement.

| Sustained: _____ | Overruled: _____ |
| --- | --- |

### 8.   K. Claypool Decl. ¶24, 10:13-17

"My brother just put his fingers in his ears and tried to ignore him. At one point, Blakeman caught a wave and intentionally aimed his board straight at my brother Chris, just barely missing him by a few feet. I watched as Blakeman intentionally dropped in on Jordan Wright at least twice. This was extremely dangerous; Other Lunada Bay locals also purposefully dropped in on Jordan. I later learned that Jordan broke his board on one of the waves that he was dropped in on. It was clear that Brant Blakeman and the other Lunada Bay locals were threatening me, Jordan Wright, and my brother to discourage our use of Lunada Bay and to prevent us from enjoying the beauty of the shoreline and ocean. Another local, dropped into a wave and tried to run over my brother Chris."

**Objection 1**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Claypool provides no evidence in support of his claim to know the intentions of Mr. Blakeman or any other surfer. Mr. Claypool is merely speculating as to the motivations of the other surfers in the ocean.

| Sustained: _____ | Overruled: _____ |
| --- | --- |

### 9.   K. Claypool Decl. ¶25, 10:27-11:4

"I believe the people on top of the bluff were locals and part of the Bay Boys and their

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

videotaping of us on the bluff was an effort to intimidate my brother and me. I believe the activities by Blakeman and the others on that day were designed to discourage my brother and me and to intimidate us so we would not return."

**Objection 1**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Claypool provides no evidence in support of his claim to know the intentions of Mr. Blakeman or any other individual on the shore or on the bluffs. Mr. Claypool is merely speculating as to the motivations of the other random individuals as well as speculating on the intentions and motivations of Mr. Blakeman.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 10.    K. Claypool Decl. ¶28, 12:2-4

**Objection 1**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Claypool provides no evidence in support of his claim to know the intentions of Mr. Blakeman. Mr. Claypool is merely speculating on the intentions and motivations of Mr. Blakeman.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 11.    K. Claypool Decl. ¶32, 13:9-12

"Having watched the localism issue over the years, I am frustrated and discouraged by the way the City of Palos Verdes Estates and the police have handled it. Until just recently, City officials have publicly stated that the Bay Boys and localism were an "urban legend.""

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Claypool offers no evidence to support his claim that the attitude he describes only came about "just recently." Secondly, He offers no evidence to support his claim that a cohesive and identifiable group known as the "Bay Boys." Nor does he establish any evidence give foundation to how Mr. Claypool can identify a "Bay Boy" from a random surfer.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Objection 2**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** Mr. Claypool gives establishes no evidence to support his claim to know the police department's attitudes toward the purported "localism" problem. Furthermore, to the extent that he does know that there was a belief that this was an "urban legend" he could only have heard it from a secondary source. Since he offers this statement for its truth, it is inadmissible as hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 12.    K. Claypool Decl. ¶32, 12:12-18

"I would like to be able to visit Lunada Bay to surf without fear of physical and verbal attack or the hassle of dealing with the Bay Boy bullies. I would like to be able to visit the Lunada Bay bluff, shoreline, and water to explore and surf without fear of having their car vandalized. I want the Bay Boys and other locals to be barred from using this beach for sufficient time to change attitudes and to give access to the beach back to the public."

**Objection 1**

**Improper "Expert" Opinion From a Lay Witness [Fed. R. Evid. 701-703]:** Mr. Claypool asserts that barring "Bay Boys and other locals" from the beach would change attitudes and bring public access back to the beach. Yet he does not establish himself with sufficient qualifications to claim that that is an effective goal. Beyond this improper opinion his statement is merely speculation.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Claypool does not establish sufficient evidence to support his presumption that the public does not already have reasonable access to Lunada Bay. Furthermore, he offers no evidence for his claim that the fears of harassment and vandalism are the reasons behind his alleged lack of public access.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

## O) Declaration of Stephen W. Young, Docket No. 167, ("Young Decl.")

### 1. Young Decl. ¶6, 3:7; ¶7, 3:11, 14; ¶13, 5:16

Each listed passage includes a classification of an unidentified, and unidentifiable, group of surfers that are referred to here as 'locals.' The witness uses this term interchangeably with "Bay Boys."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Young offers no evidence to establish his claim that the incidents he describes are perpetrated by a class of individuals that are "locals.". Furthermore, he does not establish an evidentiary foundation for how he is able to identify a "local" or a "local surfer," as apart from any other random surfer or visitor to Lunada Bay.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** To the extent that Mr. Young was told that any named individuals or any anonymous persons were "locals," these statements made to him out of court are being offered for their truth and are, therefore, inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 2. Young Decl. ¶8, 3:16-19

"On at least one occasion, I tried to take a wave when I had the right of way, and one of the men who was harassing me intentionally dropped in front of me and disrupted my ability to take the wave. Then he yelled at me for taking his wave."

**Objection 1**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Young provides no evidence in support of his claim to know the intentions of this anonymous individual. Mr. Young  is merely speculating on the surfer's intentions.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 3. Young Decl. ¶12, 4:8-10

"The police officer would ask, "Which one harassed you?" but it was clear the police

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

officer was not interested in hearing the answer because all the likely people were too far away to identify."

**Objection 1**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Young provides no evidence in support of his claim to know the intentions or interests of this anonymous police officer. Mr. Young is merely speculating on the surfer's intentions from over thirty years ago.

| Sustained: _____ | Overruled: _____ |
|---|---|

**4.     Young Decl. ¶13, 5:1-3**

"I want the aggressive Bay Boys that engage in unlawful activity to be barred from using this beach for sufficient time to change attitudes and for this beach to be returned to the public."

**Objection 1**

**Improper "Expert" Opinion From a Lay Witness [Fed. R. Evid. 701-703]:** Mr. Young asserts that barring "Bay Boys and other locals" from the beach would change attitudes and bring public access back to the beach. Yet he does not establish himself with sufficient qualifications to claim that that is an effective goal. Beyond this improper opinion his statement is merely speculation.

| Sustained: _____ | Overruled: _____ |
|---|---|

**P) DECLARATION OF BRUCE BACON, DOCKET NO. 168, ("BACON DECL.")**

**1.     Bacon Decl. ¶3, 3:1, 9; ¶4, 3:11, 15; ¶5, 3:19, 21, 22, 25, 28; ¶6, 4:3, 6; ¶7, 4:16, 21; ¶8, 4:24, 25; ¶9, 5:4, 6, 9; ¶10, 5:20; ¶11, 6:3, 5; ¶13, 7:6, 9**

Each listed passage includes a classification of an unidentified, and unidentifiable, group of surfers that are referred to here as 'locals.' The witness uses this term interchangeably with "Bay Boys."

**Objection 1**

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Bacon offers no evidence to establish his claim that the incidents he describes are perpetrated by a class of individuals that are "locals." Furthermore, he does not establish an evidentiary foundation for how he is able to identify a "local" or a "local surfer," as apart from any other random surfer or visitor to Lunada Bay.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** To the extent that Mr. Bacon was told that any named individuals or any anonymous persons were "locals," these statements made to him out of court are being offered for their truth and are, therefore, inadmissible hearsay

| Sustained: _____ | Overruled: _____ |
|---|---|

### 2.    Bacon Decl. ¶4, 3:15-17

**Objection 1**

**Hearsay [Fed. R. Evid. 801, 802]:** It is unclear whether Mr. Bacon is offering this statement for its truth to prove that the purported "locals" will cause problems or if he is using this statement to describe his state of mind as a listener. To the extent that he offers these statement for their truth, they are inadmissible as hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 3.    Bacon Decl. ¶5, 4:1-2

"I believe this was to keep visitors out of the water and to take the good waves all for themselves."

**Objection 1**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Bacon provides no evidence in support of his claim to know the intentions of these anonymous individuals. Mr. Bacon is merely speculating on the individuals' motivations for crowding on the shore.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

### 4. Bacon Decl. ¶7, 4:15-19

"As I was offloading my tools from my truck, three or four local men came up to me and surrounded my truck. They said, "We do damage here." I said, "Excuse me, what is that supposed to mean?" They said, "We break windows; we let the air out of tires. You know, we do damage.""

**Objection 1**

**Hearsay [Fed. R. Evid. 801, 802]:** The statements that Mr. bacon recounts here are made by other individuals out of court. Since Mr. Bacon is offering these statement for their truth they are inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

## Q) DECLARATION OF MICHAEL SISSON, DOCKET NO. 169, ("SISSON DECL.")

### 1. Sisson Decl. ¶4, 3:7-10

"I have been aware of the localism at Lunada Bay for decades. There is a group of local surfers from palos Verdes Estates, nicknamed the "Bay Boys," who harass, threaten, and inflict violence on non-resident beachgoers. In the surfing community, the Bay Boys are well known."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Sisson offers no evidence to establish his claim that a cohesive and identifiable group called the "Bay Boys" exists. Furthermore, he does not establish an evidentiary foundation for how members of this purported group are identified in order to support his claims that certain individuals are "Bay Boys."

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** To the extent that Mr. Sisson was told that any members or any anonymous persons were members of the "Bay Boys," these statements made to him out of court are being offered for their truth and are, therefore, inadmissible

hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 3**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Sisson offers no evidence to support his claim that a purported identifiable group called the "Bay Boys" harass, threaten, and inflict violence on beachgoers.

### 2.      Sisson Decl. ¶5, 3:11-16

I grew up surfing the Los Angeles area beaches but I never tried to surf at Lunada bay. I avoided Lunada Bay because it was well understood in the surfing community that the localism was extreme there, and that it was a dangerous place where I could be attacked for being a non-local. In fact, when I was 14 years old, a friend of mine was beaten up by the Bay Boys.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:** Mr. Sisson does not establish facts sufficient to support his claim that he has personal knowledge of the extreme localism in Lunada Bay. At best, his knowledge comes from secondary sources. That he is offering these statement for their truth hear renders them inadmissible as hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Sisson offers no evidence to establish his claim that a cohesive and identifiable group called the "Bay Boys" exists. Furthermore, he does not establish an evidentiary foundation for how members of this purported group are identified in order to support his claims that certain individuals are "Bay Boys."

### 3.      Sisson Decl. ¶¶6-7

**Objection 1 – Request to Strike**

96

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 803]:** Mr. Sisson's personal knowledge of the events he recounts in these paragraphs is that he litigated a lawsuit on behalf of his clients where the facts as he tells them were alleged. However, Mr. Sisson does not have personal knowledge of the facts from those cases. Accordingly, everything he recounts in these passages is hearsay and is therefore inadmissible.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 4.    Sisson Decl. ¶8

**Objection 1 – Request to Strike**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Sisson makes overbroad generalizations regarding the Palos Verdes Estates Police Department's attitudes and actions toward the purported surfer problem. He claims that they "never follow-through," that they "blame the victim," and that they have historically been complicit with the exclusion of outsiders." These are conclusions, not appropriate facts for a declaration of evidentiary facts. Mr. Sisson offers no evidence to support any of the claims he asserts. And although he may have some personal experience dealing with the police in relation to his two lawsuits, he establishes no evidence to support that this experience is sufficient to substantiate his generalized claims.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 5.    Sisson Decl. ¶9, 5:7-8

"These attacks are designed to intimidate me and others who don't live in Palos Verdes Estates."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Sisson provides no support for his claims that there are regular "attacks" on non-residents in Palos Verdes Estates. He makes no claim that he has ever experienced or witnessed such an incident. At best, his knowledge comes in the form of inadmissible hearsay. Moreover, Mr. Sisson purports to have personal knowledge of the intentions and motivations behind the alleged

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

attacks but establishes no evidence to support this claim.

| | |
|---|---|
| Sustained: _____ | Overruled: _____ |

R) **DECLARATION OF MICHAEL ALEXANDER GERO, DOCKET NO. 170, ("GERO DECL.")**

    1.    **Gero Decl. ¶7, 4:14; ¶12, 6:4; ¶14, 6:5, 17, 20; ¶16, 7:2**

Each listed passage includes a classification of an unidentified, and unidentifiable, group of surfers that are referred to here as 'locals' or "Bay Boys." The witness uses these terms interchangeably.

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Gero offers no evidence to establish his claim that the incidents he describes are perpetrated by a class of individuals that are "locals," or members of a cohesive and identifiable group known as the "Bay Boys." Furthermore, he does not establish an evidentiary foundation for how he is able to identify a "local," a "local surfer," or a "Bay Boy," as apart from any other random surfer or visitor to Lunada Bay.

| | |
|---|---|
| Sustained: _____ | Overruled: _____ |

**Objection 2**

**Hearsay [Fed. R. Evid. 801, 802]:** To the extent that Mr. Gero was told that any named individuals or any anonymous persons were "locals" or "Bay Boys," these statements made to him out of court are being offered for their truth and are, therefore, inadmissible hearsay.

| | |
|---|---|
| Sustained: _____ | Overruled: _____ |

    2.    **Gero Decl. ¶6, 4:1-5**

"Even though my grandparents lived nearby, because I was with my grandparents and interested in the water, the men yelled at my grandparents that they shouldn't come to Lunada Bay and to leave the area. They also told me not to get any ideas about telling anyone that there were good waves at Lunada Bay."

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Objection 1**

**Hearsay [Fed. R. Evid. 801, 802]:** The statements made by the surfers to Mr. Gero were made out of court. Since Mr. Gero is offering these statements for their truth they are inadmissible as hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 3.     Gero Decl. ¶¶9-11

**Objection – Request to Strike**

**Relevance [Fed. R. Evid. 401, 402], Undue Prejudice [Fed. R. Evid. 403]:** Mr. Gero alleges by an anonymous group of men. Yet he does not identify them as "locals," or "Bay Boys," assuming such identification is possible in the first place. As such, the incidents involving these anonymous persons have no tendency make any fact of consequence in this matter more or less probable. Moreover, since Mr. Gero is alleging harassment and potential illegal behavior on the part of these anonymous individuals, his unfounded associations of random persons with a phantom entity called the "Bay Boys" risks undue prejudice against the defendants that substantially outweighs any probative value of his purported facts.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 4.     Gero Decl. ¶12, 6:2-6

"I didn't inform the police of this incident because I had heard the police weren't effective, were part of the problem, and did not meaningfully look into complaints made about the locals I understood they would show up to the scene an hour or two later, and if they made a report, nothing would ever come of it."

**Objection 1**

**Hearsay [Fed. R. Evid. 801, 802]:** Mr. Gero asserts facts about the Palos Verdes Estates Police that he heard from others. Because these other statements were made out of court and are being offered for their truth, they are inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### S)   DECLARATION OF AMIN AKHAVAN, DOCKET NO. 171, ("AKHAVAN DECL.")

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

### 1.   Akhavan Decl. ¶¶5-13

**Objection 1 – Request to Strike**

**Relevance [Fed. R. Evid. 401, 402], Undue Prejudice [Fed. R. Evid. 403]:** Mr. Akhavan witnesses a physical altercation between two men and videos the incident. He turns the video over to Plaintiff's counsel but they do not submit it with evidence for their class action motion. Mr. Akhavan is not able to identify any of the men in the video and is certainly unable to identify whether they are "locals," "Bay Boys," or any other named party in this action. Furthermore, without volume and details the statements overheard lack the context to properly assert facts beyond what is visually present in the absent video. Because the critical details of the alleged altercation are not established, it has no tendency to prove or disprove a fact of consequence in this matter. Furthermore, this risks undue prejudice against the defendants if the actions of an unidentified assailant are ascribed to any of the defendants. This risk substantially outweighs any probative value of the facts that Mr. Akhavan's statements present.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 2.   Akhavan Decl. ¶15, 5:6-9

"In my experience as a longtime Palos Verdes Estates resident, many of my neighbors enjoy the exclusive nature of our neighborhood and like it segregated. I believe that many residents do not want people coming to our neighborhood."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 803]:** Mr. Akhavan does not establish evidence sufficient to support his claims regarding his neighbors' reputed desire for exclusivity. If such knowledge comes from conversations with his neighbors, then it is inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### T) Declaration Of Stephen Neushul, Docket No. 173, ("S. Neushul Decl.")

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

1

### 1.    S. Neushul Decl. ¶9, 4:26-27

"With his threats and gestures, he was attempting to provoke and intimidate me in an effort to get me to leave."

**Objection 1**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Neushul provides no evidence in support of his claim to know the intentions of this anonymous individual. Mr. Neushul is merely speculating on the individual's motivations.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 2.    S. Neushul Decl. ¶9, 5:4-6

"Their efforts appeared coordinated and others in the water then joined in. I believed they were picking on me because I was new."

**Objection 1**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Neushul provides no evidence in support of his claim to know the intentions of these anonymous individuals. Mr. Neushul is merely speculating on the individuals' motivations.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 3.    S. Neushul Decl. ¶11, 5:17-24

"But one of the local surfers purposefully dropped in on that wave right in front of me, dangerously causing me to fall over a shallow rock reef. The fall substantially damaged my surfboard and I cut my hand. In my experience as a lifelong surfer, combined with the harassment I had just suffered, I am confident the other surfer dropped in on me purposefully to ruin my experience at Lunada Bay, to discourage me from coming back, and to put me in harm's way. I believed this surfer's acts and those of the others who had been harassing me were coordinated."

**Objection 1**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Neushul provides no evidence in support of his claim to know the intentions of this anonymous individual to say that he did anything purposefully or why he would do it

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

purposefully if he did. Mr. Neushul is merely speculating on the individual's motivations.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

      **Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Neushul does not establish support for his claim that this individual was a local surfer.

| Sustained: _____ | Overruled: _____ |
|---|---|

 

### U)  DECLARATION OF JAMES CONN, DOCKET NO. 174, ("CONN DECL.")

      **1.**    **Conn Decl. ¶5, 3:8-13**

      "During my lifetime, exclusion at Lunada Bay has always been a problem. I understood that many other surfers avoided Lunada Bay because of the reputation of threats, harassment, and violence against nonresident beachgoers carried out by the local surfers (nicknamed the "Bay Boys"). I felt comfortable surfing there because I did not mind standing up to Bay Boys and did not let them push me around."

**Objection 1**

      **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Conn offers no evidence to establish his claim that the incidents he describes are perpetrated a cohesive and identifiable group known as the "Bay Boys." Furthermore, he does not establish an evidentiary foundation for how he is able to identify a "Bay Boy," as apart from any other random surfer or visitor to Lunada Bay.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

      **Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid 801, 802]:** Mr. Conn does not provide evidence to support his claim that this purported group called the "Bay Boys" harass and threaten beachgoers at Lunada Bay. To the extent that his knowledge comes from the accounts of others, his assertion here is inadmissible hearsay.

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

| Sustained: _____ | Overruled: _____ |
|---|---|

### 2.      Conn Decl. ¶7, 3:22-23

"One of the Bay Boys standing on the cliff above threw a large rock at my face and it split open my lip."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Conn does not offer evidence to support his claim that the anonymous individual who allegedly threw a rock at him was a member of the purported group called the "Bay Boys." Additionally, Mr. Conn does not establish foundation for how he could identify a member of such group.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 3.      Conn Decl. ¶8, 4:2-9

"They seemed completely uninterested in investigating the incident. Unfortunately, the Palos Verdes Estates police's disinterest in helping me as an outsider did not surprise me because they had a reputation for being "in on it" and not helping non-resident beachgoers who were harassed by the Bay Boys. Despite the well-known bullying, I never saw Palos Verdes Estates police officers at or near the beach when I surfed at Lunada Bay. Without the police monitoring or responding to complaints, the Bay Boys' bad behavior seemed to go completely unchecked."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid 801, 802]:** Mr. Conn does not provide evidence to support his claim that the police were disinterested in helping him. Additionally, he does not establish evidence to support his claim that the police had a longstanding practice of facilitating the behavior of the "Bay Boys." To the extent that his knowledge comes from the accounts of others, his assertion here is inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Objection 2**

**Relevance [Fed. R. Evid. 401, 402], Undue Prejudice [Fed. R. Evid. 403]:** The account Mr. Conn gives here, as well as his statements regarding his experiences of an absent police force at Lunada bay's surf area occurred over thirty years ago. This is too attenuated to support a claim that the police are behaving the same currently. Therefore, this statement has no tendency to prove or disprove a fact of consequence in this matter. What probative value it may have is substantially outweighed by the undue prejudice to the defendants of holding them accountable for a reputation held 30 years ago.

| Sustained: _____ | Overruled: _____ |
|---|---|

## V) DECLARATION OF RICARDO G. PASTOR, DOCKET NO. 175, ("PASTOR DECL.")

### 1. Pastor Decl. ¶8

**Objection 1 – Request to Strike**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602], Hearsay [Fed. R. Evid. 801, 802]:**Mr. Pastor begins this paragraph stating that he is informed and believes what follows. He then offers no evidence to support the claims he states. Without such personal knowledge, Mr. Pastor's knowledge could only come from secondary sources and would, therefore, be inadmissible hearsay.

## W) DECLARATION OF CHRIS CLAYPOOL, DOCKET NO. 176, ("C. CLAYPOOL DECL.")

### 1. C. Claypool Decl. ¶12, 5:8-10

"One person was videotaping us from the top of the cliff; it was clear to me that he was doing this to try and intimidate us."

**Objection 1**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Claypool provides no evidence in support of his claim to know the intentions of this anonymous individual. Mr. Neushul is merely speculating on the individual's motivations.

| Sustained: _____ | Overruled: _____ |
|---|---|

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**X) DECLARATION OF DANIEL JOHNGEWARD, DOCKET NO. 177, ("JONGEWARD DECL.")**

### 1. Jongeward Decl. ¶4, 3:8-10

"I was familiar with the concept of localism and had heard from members of the surfing community that the locals at Lunada Bay could be pretty hostile."

**Objection 1**

**Hearsay [Fed. R. Evid. 801, 802]:** The statements Mr. Jongeward offer here were made by others in the surf community. Since he is offering them for the truth that Lunada Bay local are hostile, it is inadmissible hearsay.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 2. Jongeward Decl. ¶6, 3:24-4:2

"During those four years, every time I went to Lunada Bay, I was hassled. Men I believed to be locals threw rocks and dirt clods at me. I would purposely carry my surfboard over my head to try to avoid getting hit by the rocks. One time I returned to my car after surfing and found the locals had used surfboard wax all over my car windows and windshield so I could not see out of my windows. Fortunately, it wiped off easily and did not cause any permanent damage."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Jongeward does not offer evidence to support his claim that the anonymous individuals who allegedly threw rocks at him were "locals." Additionally, Mr. Jongeward does not establish foundation for how he could identify a member of such group.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid. 602]:** Mr. Jongeward provides no evidence to substantiate his claim that it was "locals" who waxed his

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

car window. Additionally, Mr. Jongeward does not establish foundation for how he could identify a the suspect as a "local" if he had witnessed the vandalism.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 3.    Jongeward Decl. ¶8, 4:9-16

"The local men at Lunada Bay were just as hostile in the water as they were on the trail. The men would scream and yell, "Get out of the water!" to threaten me and make my experience uncomfortable. The men would give non-resident beachgoers dirty looks any time they tried to come in or out of the water. If a non-resident came through the inside of a big wave, the local men would try to "snake" or drop in on him which means to take off in front of the surfer who is already riding the wave and is closest to the curl. This can be really dangerous for a surfer."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Jongeward does not offer evidence to support his claim that the anonymous individuals who allegedly harassed him in the water were "locals." Additionally, Mr. Jongeward does not establish foundation for how he could identify a "local" from a "non-local."

| Sustained: _____ | Overruled: _____ |
|---|---|

### 4.    Jongeward Decl. ¶10, 5:8-11

"There were other places to surf that were further away and not nearly as beautiful as Lunada Bay, but it was too much trouble to go to Lunada Bay and contend with the hostility of the locals."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Jongeward does not offer evidence to support his claim that the anonymous individuals who allegedly harassed him were "locals." Additionally, Mr. Jongeward does not establish foundation for how he could identify a "local" from a "non-local" in order to substantiate his claim.

| Sustained: _____ | Overruled: _____ |
|---|---|

106

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

**Y) D<span>ECLARATION</span> O<span>F</span> J<span>OHN</span> G<span>EOFFREY</span> H<span>AGIN</span>, D<span>OCKET</span> N<span>O</span>. 178, ("H<span>AGIN</span> D<span>ECL</span>.")**

### 1.      Hagin Decl. ¶15, 6:26-7:7

"Several of the Bay Boys have actually defend the localism practiced at Lunada Bay in the surfing publications and other media. Attached as Exhibit 6 is an interview Bay Boy Frank Ferrara gave to Surfer Magazine in 1991 with writer Ben Marcus. In the interview Ferrara talks about localism at Lunada Bay. Page two of this exhibit is a letter a reader, Don Boller, sent into the magazine the following month in response to the interview; Mr. Ferrara's response is on page three and he refers to himself as a "Protector of Palos Verdes" and states that "It is protected by the Pirates that live here. That's why there are no kooks like you.""

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid 602]:** Mr. Hagin does not provide evidence to support his claim that a cohesive and identifiable group known as the "Bay Boys" exists. Moreover, Mr. Hagin does not establish sufficient to back his claim that Angelo Ferraro is a member of the purported group.

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 2**

**Lacks Personal Knowledge [Fed. R. Evid. 602], Lack of Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Hagin provides no testimony that he has personal knowledge of the content of this magazine article or such that he is able to authenticate it as required by the Federal Rules of Evidence. Additionally, Mr. Hagin does not provide sufficient evidence to authenticate the letters contained within the magazine article.

| Sustained: _____ | Overruled: _____ |
|---|---|

### 2.      Hagin Decl. Exhibit 6

**Objection 1 – Request to Strike**

**Lacks Authentication/Foundation [Fed. R. Evid. 901]:** Mr. Hagin fails to offer any evidence sufficient to determine that this magazine article is what he purports it to be.

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

Secondly, it is not sufficient for Mr. Hagin to simply authenticate the article, but he must also authenticate the letters contained within the article if he intends to offer their contents as evidentiary facts.

| Sustained: _____ | Overruled: _____ |
|---|---|

### Z) DECLARATION OF SEF KRELL, DOCKET NO. 180, ("KRELL DECL.")

#### 1.    Krell Decl. ¶2, 2:24-26

"On my way down, I came across two local surfers- white males, between 25 to 35 years of age, who verbally assaulted me."

**Objection 1**

**Lacks Personal Knowledge/Foundation [Fed. R. Evid 602]:** Mr. Krell does not provide evidence to support his claim that the anonymous individuals he encountered were "local surfers." Additionally, Mr. Krell does not establish evidence that he is able to identify a local surfer from a non-local surfer."

| Sustained: _____ | Overruled: _____ |
|---|---|

#### 2.    Krell Decl. ¶2, 3:1-3

"I passed them and headed down the trail; when I was in the narrow part of the trail, most exposed, to the two criminals from above, threw dirt clods and rocks at me."

**Objection 1**

**Improper Lay Opinion [Fed. R. Evid. 701-703], Unduly Prejudicial [Fed. R. Evid. 403], Lacks Personal Knowledge/Foundation [Fed. R. Evid. 602]:** Mr. Krell offers an improper conclusion that the individuals he encountered were criminals. However, Mr. Krell does not establish that he is qualified to make such an assessment in a sworn statement of evidentiary facts. This is unduly prejudicial since the statement itself has no probative value and is outweighed by the prejudice the label creates.

| Sustained: _____ | Overruled: _____ |
|---|---|

#### 3.    Krell Decl. ¶3, 3:6-13

"I was then and there confronted by a local Bay Boy. To describe this Bay Boy, I believe he was blond haired, blue eyes, was wearing a straw hat, Caucasian, fairly white to

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**

reddish skin probably 5'7 to 5' 10, and weight145 to 160 pounds. I could have identified at the time him if I was shown a picture of him. (He may have been one of the guys in the video with the straw hat. He wore a straw hat). Anyhow, this Bay Boy told me that I should not be surfing there and if I do surf out there I'd be hassled and I should go home."

| Sustained: _____ | Overruled: _____ |
|---|---|

**Objection 1**

**Lacks Personal Knowledge/Foundation, Speculation [Fed. R. Evid 602]:** Mr. Krell does not provide evidence to support his claim that the anonymous individual he encountered at the shore was a "Bay Boy" Additionally, Mr. Krell does not establish evidence that he is able to identify a "Bay Boy" from a random surfer." He further speculates that the man was on a video because he wore a straw hat.

| Sustained: _____ | Overruled: _____ |
|---|---|

**5.   CONCLUSION**

For the reasons stated above, Defendant requests that this Court strike the relevant portions of Philip King's Expert Declaration. Defendant also requests that this Court decline to consider evidence that improperly associates individual defendants with the fictitious "Lunada Bay Boys" without foundation and all other evidence that otherwise violates the Federal Rules of Evidence.

Dated:  January 13, 2017            **VEATCH CARLSON, LLP**


By:  /s/ John E. Stobart_____
      JOHN E. STOBART
      Attorneys for Defendant,
      BRANT BLAKEMAN

**OBJECTION TO PLAINTIFFS' EVIDENCE IN SUPPORT OF CLASS CERTIFICATION**