**VEATCH CARLSON, LLP**
A Partnership Including Professional Corporations
1055 Wilshire Blvd., 11th Floor
Los Angeles, California  90017
Telephone (213) 381-2861
Facsimile (213) 383-6370

**ROBERT T. MACKEY, State Bar No. 210810**
*rmackey@veatchfirm.com*
**RICHARD P. DIEFFENBACH, State Bar No. 102663**
*rdieffenbach@veatchfirm.com*
**JOHN P. WORGUL, State Bar No. 259150**
*jworgul@veatchfirm.com*
**JOHN E. STOBART, State Bar No. 248741**
*jstobart@veatchfirm.com*

**Attorneys for Defendant,**
**BRANT BLAKEMAN**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| CORY SPENCER, an  individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>　　　　　Defendants. | **CASE NO.: 2:16-CV-2129-SJO-RAO**<br>**The Hon. S. James Otero, Ctrm. 10C**<br><br>**Magistrate Judge:**<br>**Hon. Rozella A. Oliver**<br><br>**JOINT STATUS UPDATE PURSUANT TO MAGISTRATE JUDGE'S ORDER OF DECEMBER 28, 2016, RE: MEET AND CONFER EFFORTS FOR DEFENDANT BRANT BLAKEMAN'S MOTION TO COMPEL ANSWERS TO DISCOVERY; DECLARATION OF RICHARD P. DIEFFENBACH**<br><br>**[L.R. 37-2.1]**<br><br>**Discovery Cut-Off**<br>**Date:**　　　　　**8/7/17**<br>**Pretrial Conf. Date:**　　**10/23/17**<br>**Trial Date:**　　　　　**11/7/17** |

1

**JOINT STATUS UPDATE PURSUANT TO MAGISTRATE'S MINUTE ORDER OF 12/28/16**

The Court issued a minute order December 28, 2016, that the parties meet and confer further as to the Defendant Blakeman's Motion to Compel Discovery from Plaintiffs.  Pursuant to the Court's order Counsel met and conferred on January 4, 2017 and an agreement was reached that Plaintiffs would supplement their discovery responses by January 10, 2017 in an effort to avoid further Court intervention.

Despite Plaintiffs' counsel agreement to have the response supplemented no further responses were received by January 10, 2017.  Therefore an initial draft of the proposed Joint Status Update was prepared and sent to Plaintiffs' counsel January 12, 2017.  No response to that draft Joint Status Update was received from Plaintiffs' counsel.  Plaintiffs have now refused or failed to provide discovery, refused or failed to comply with their agreement after meeting and conferring, and refused or failed to comply with the Magistrate Judge's directive of December 28, 2016.

**Relief Requested**:  Defendant Blakeman submits his Statement (prepared as Defendant's portion of the failed Joint Statement and since revised) and requests the Court to order a hearing on Defendant's motion to compel, and to impose monetary, evidentiary and/or terminating sanctions against Plaintiffs and their counsel and in favor of Defendant Blakeman for Plaintiffs' willful failure to provide discovery.

## DEFENDANT AND MOVING PARTY'S STATEMENT OF COMPLIANCE

In this matter Magistrate Judge Oliver ordered the parties to met and confer further as to the issues raised in Mr. Blakeman's motion, namely, that Plaintiffs had refused to substantively answer any interrogatory propounded to plaintiffs by Mr. Blakeman.  (A copy of the December 28, 2016 Order is attached as Exhibit A).

While (as set forth in detail in the initial Joint Statement for the Motion) Blakeman's counsel had attempted to meet and confer with Plaintiffs' counsel on four separate occasions in person but were rebuffed each time, and ultimately were forced to engage in a letter writing meet and confer process, in compliance with the magistrate's order an in person meeting was held January 4, 2017, in Blakeman's

**JOINT STATUS UPDATE PURSUANT TO MAGISTRATE'S MINUTE ORDER OF 12/28/16**

counsel's office.  The issues to be discussed and presented to the Magistrate were:

1.     Any developments or progress regarding the discovery disputes since the filing of the motion;

2.     Which disputes, if any, were resolved at the conference; and

3.     For any remaining disputes, how each party proposed to resolve the dispute at the conference.

The meet and confer session was attended by Blakeman's attorneys Robert Cooper, Richard Dieffenbach and John Worgul; Plaintiffs' attorney Victor Otten attended in person.  Each of the foregoing topics was discussed in turn.

After Counsel discussed the issues involved, and came to what appeared to be an agreement, a memorandum was sent via e-mail  to Plaintiffs' counsel outlining the result of the meet and confer session the afternoon of January 4, and stated as follows:

"Mr. Otten

"This email is sent following our meeting this morning relating to Mr. Blakeman's discovery to plaintiffs and our motion to compel further responses.

"We discussed the three issues raised by the order:

1.     Any developments or progress regarding the discovery disputes since the filing of the motion;

2.     Which disputes, if any, were resolved at the conference; and

3.     For any remaining disputes, how each party proposed to resolve the dispute at the conference.

"Taking these in order, it was agreed between counsel for plaintiffs and for Mr. Blakeman:

1.     Since the motion was filed we met and conferred January 4 in my office. Plaintiffs' Motion for Class certification was filed December 29, and a motion by Plaintiffs to compel discovery from Mr. Blakeman was in the process of being filed January 4.  These events resulted in an agreement by Plaintiffs to provide, within

**JOINT STATUS UPDATE PURSUANT TO MAGISTRATE'S MINUTE ORDER OF 12/28/16**

seven days (i.e., received in our office by close of business January 10, 2017) further answers to the pending discovery from Blakeman, not waiving their objections, but providing factual information in response to the discovery "in conformance" with the declarations and other information contained in Plaintiff's recent filings and declarations.

"2.    The main dispute which was at least potentially resolved at the meeting today was that Plaintiffs agreed to provide factual information in response to the discovery.   Defendant's counsel agreed to review the updated responses and then decide after consideration of the updated responses whether further hearing is needed.

"3.    Plaintiffs did not agree the interrogatories were proper and still contend that the interrogatories were premature contention interrogatories; Mr. Blakeman's counsel did not agree that the interrogatories are premature or improper in form.  Nevertheless, to try to resolve the dispute the parties agreed that once Plaintiffs' responses are revised they will be reviewed and Mr. Blakeman's counsel will then notify Plaintiffs' counsel and the court whether further hearing is required.

"Per the Magistrate Judge's order a joint report setting for the above will be prepared.  The foregoing is suggested without prejudice to amendment or revision. Should you wish to revise the above or add to it or state it differently please provide a proposed response/replacement/plaintiffs' version and we can either incorporate the two as a single statement or present a Plaintiffs' and a defendant's version for the court if necessary.

"Thank you for meeting us this morning. If there are any questions please call or email."

(See Declaration of Richard P. Dieffenbach, Par. 1-4, and Exhibit B).

This (Defendant Blakeman's) portion of the joint statement is written the afternoon of January 12, 2016.  As of this writing no objection to the email has been received, no contradiction of its contents has been provided, and no further response to

4

Blakeman's discovery has been received, from Plaintiffs' counsel. To prevent Plaintiffs from further delaying the discovery and further prejudicing Mr. Blakeman's rights, this report is sent in advance of the January 18 deadline proposed by the Magistrate Judge's order.

True to past practice, Plaintiffs' counsel has stonewalled the discovery process once again. Now, having met and conferred and promised factual responses to the discovery raised in the Motion to Compel, Plaintiffs' silence speaks to the disregard Plaintiffs have for the discovery process and for the directives of this Court.

The parties in an effort to compromise and resolve the dispute actually agreed that Plaintiffs' objections would not be waived and that factual responses without waiving the objections would be provided in supplemental responses to be received on January 10, 2017. This would allow Defendant's counsels to review the adequacy of the responses to determine if any dispute still remained before the filing of this joint status update. Even with this condition Plaintiff' counsel has refused to meet its obligations and to date has still not even submitted any material or comment regarding the filing of what was to be a *joint* status update.

Defendant Blakeman requests that the Court enforce the requirements for discovery in this matter and order Blakeman's Motion back on calendar for immediate hearing or, recognizing Plaintiffs' stonewalling for what it is, impose an issue sanction on Plaintiffs and order that Plaintiffs are precluded from presenting any evidence in this action referable to any of the interrogatories at issue in the Motion.

DATED: January 16, 2017          **VEATCH CARLSON, LLP**

By: /s/ Richard P. Dieffenbach
   ROBERT T. MACKEY
   RICHARD P. DIEFFENBACH
   JOHN P. WORGUL
   Attorneys for BRANT BLAKEMAN

**PLAINTIFFS' JOINT STATEMENT**

### **NO RESPONSE WAS PROVIDED AS OF JANUARY 16, 2017.**

**JOINT STATUS UPDATE PURSUANT TO MAGISTRATE'S MINUTE ORDER OF 12/28/16**

## DEFENDANT BLAKEMAN'S SUPPLEMENTAL MEMORANDUM OF LAW

### Introductory Statement

The Magistrate Judge ordered the parties to meet and confer despite the extensive meet and confer efforts made by Defendant's counsel which were frustrated at each turn by Plaintiffs' refusals.  A meeting was held January 4, 2016, in person.  An agreement was made by Plaintiffs' counsel to provide supplemental answers by January 10, 2017.  No responses were provided; Plaintiffs just ignored it.  See declaration of Richard P. Dieffenbach.  The agreement is set forth in Exhibit B to that declaration.

Plaintiffs' conduct in this matter has been exemplary for its delay and stonewalling tactics.  Despite a motion, several meet and confers, and agreeing to provide responses, Plaintiffs refused to do anything they agreed to do.  Defendant's  position as to the discovery is set forth in the original motion as filed.  The discovery requests facts, documents and witnesses supporting the specific allegations the Complaint makes against Defendant Brant Blakeman, specifically information that Blakeman:

–committed predicate crimes as alleged in Paragraph 5 of the complaint;

–is responsible for Bane Act violations or public nuisance claims as alleged;

–sells and markets illegal controlled substances from the rock fort and its area;

–impeded boat traffic in the area;

–dangerously disregarded surfing rules;

–illegally [sic] extorted money from beachgoers;

–is part of a civil conspiracy as alleged in pars. 51 through 53 of the complaint;

–is liable under the First Cause of Action (Bane Act Violations) as alleged;

–is liable under the Second Cause of Action (Public Nuisance);

–is liable under the Sixth Cause of Action (Assault);

–is liable under the Seventh Cause of Action (Battery);

–is liable under the Eighth Cause of Action (Negligence).

**JOINT STATUS UPDATE PURSUANT TO MAGISTRATE'S MINUTE ORDER OF 12/28/16**

The motion also specifically requests documents to support each of the allegations.

**1.  FRCP 37 Authorizes a Motion to Compel Discovery Where a Party Fails or Refuses to Provide Discovery.**

Under FRCP 37(a)(3) a party seeking discovery may file a motion to compel discovery where the responding party has failed or refused to provide discovery. Under FRCP 37(a)(4) providing evasive or incomplete responses "must be treated as a failure" to provide discovery.

As set forth in the original moving papers and here, Plaintiffs refused to provide any answers of substance to Blakeman's discovery.  Defendant's counsel requested a meeting pursuant to Local Rule 37-1 on October 28, 2016.  (See Dkt. No. 150-2 p.4 ln. 1-3.)   Defendants' counsel offered the dates of October 31, November 1, November 2, November 3, and November 4 for a Local Rule 37-1 meeting.  (See Dkt. 150-3, p. 278.)  Defendants' counsel also asked Plaintiffs' counsels' availability for a meeting.  (See Dkt. 150-3, p. 286.).  None of Plaintiffs' Counsel made themselves available within the 10 day limit of L. R. 37-1. (See Dkt. No. 150-2, p.4 ln 1- 25.)

Plaintiffs' counsels' complain that Defendants' counsel did not meet and confer in good faith.  Under Local Rule 37-2.4 no joint stipulation is needed where (as here) a party (i.e. Plaintiffs) has "failed to confer in a timely manner in accordance with L.R. 37-1."  Plaintiffs' counsel disputes and ignores this point now and in their past practice.  (See Dkt. 150-2 p. 2 ln 24 to p. 3 ln. 13.)

After being directed to meet and confer by the Magistrate Judge, and after agreeing to provide factual discovery responses, Plaintiffs failed to provide the answers by January 10, 2016.  This repeats Plaintiffs' earlier stalling as shown in the original motion.  (See Dkt. 150-2 p. 3 ln. 6-11.)

Substantive information that goes the merits of case may be addressed in opposition to a motion for class certification.  (See *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 351, (2011); *In re Unioil Sec. Litig.*, 107 F.R.D. 615, 618 (C.D.

8

Cal.1985).) The failure of Plaintiffs to produce the information as agreed by January 10 prejudiced Defendant Blakeman in that his opposition to class certification motion was due to be filed by January 13, 2017.

As of January 16, 2016, Plaintiffs' counsel has done nothing more to address this situation, despite a draft joint status update sent to Plaintiffs' Counsel on January 12, 2017 and despite notice that Defendants' counsel intended to proceed with filing the report detailing Plaintiffs' failure to keep their word in supplementing the responses.

## **2. Local Rule 37-4 and FRCP 37 Authorize the Award of Sanctions for Failure to Provide Discovery**

Local Rule 37-4 requires Cooperation of Counsel, and imposes a penalty in simple terms: "37-4: Sanctions.    The failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions."

An order for monetary sanctions is appropriate under FRCP 37(a)(5)(A). As shown in the original motion Blakeman's counsel made strenuous efforts to meet and confer before filing the initial motion, made further efforts before filing this Joint report, and was rebuffed at every turn by Plaintiffs' initial delay and later by Plaintiffs actually ignoring the agreed upon process for providing factual responses.  Monetary sanctions are appropriate against Plaintiffs and their counsel for the costs incurred.

Awards for attorneys' fees may be made based on affidavits of counsel.  *Williams v. Alioto*, 625 F.2d 845, 849 (9th Cir.1980) (per curiam), cert. denied, 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1981); accord *Sablan v. Department of Fin. of N. Mariana Islands*, 856 F.2d 1317, 1322 (9th Cir.1988) ("sufficiently detailed to provide an adequate basis for calculating the award"); *Shakey's Inc. v. Covalt*, 704 F.2d 426, 435 (9th Cir.1983) ("ample evidence to support the attorney's fee award"); *Manhart v. City of Los Angeles*, 652 F.2d 904, 908 (9th Cir.1981) ("sufficiently detailed to provide a basis for the award"), vacated on other grounds, 461 U.S. 951, 103 S.Ct. 2420, 77 L.Ed.2d 1310 (1983). The declarations of counsel set forth the

**JOINT STATUS UPDATE PURSUANT TO MAGISTRATE'S MINUTE ORDER OF 12/28/16**

basis for the attorney's fees requested here and in the initial motion.

**3.  FRCP 37 Authorizes Further Sanctions for Refusal to Comply with a Court's Order Regarding Discovery**.

Under FRCP 37(d), a party's failure to provide discovery in the form of answers to Interrogatories or Inspection Demands are also subject to the sanctions set forth in FRCP 37(b).   Under FRCP 37(b)(2) the District Court is authorized to impose additional sanctions for a refusal to provide discovery after a court order.

The range of available sanctions to be imposed under such circumstances include, as set forth in FRCP 37(b)(2):

(i) Directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) Striking pleadings in whole or in part;

(iv) Staying further proceedings until the order is obeyed;

(v) Dismissing the action or proceeding in whole or in part;

(vi) Rendering a default judgment against the disobedient party; or

(vii) Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Here, Plaintiffs' counsel agreed to provide factual responses by January 10.  No objection was raised and no response of any kind was provided.

The Plaintiffs' willful disregard for the discovery process and this court's directive regarding that discovery justify any or all of the foregoing additional sanctions. "Where the drastic sanctions of dismissal or default are imposed ...the losing party's non-compliance must be due to willfulness, fault, or bad faith." *Fjelstad v. American Honda Motor Co*., 762 F.2d 1334, 1337 (9th Cir.1985).  It is beyond argument that Plaintiffs' failure is has been intentional and willful and in bad faith.

**JOINT STATUS UPDATE PURSUANT TO MAGISTRATE'S MINUTE ORDER OF 12/28/16**

Plaintiffs' counsel may attempt to "purge" its failures by submitting late responses. There can be no relief based on tardy responses. "Belated compliance with discovery orders does not preclude the imposition of sanctions." *G–K Properties v. Redevelopment Agency of San Jose*, 577 F.2d 645, 647–48 (9th Cir.1978) (dismissal affirmed: "last minute tender" of discovery does not cure discovery misconduct).

Plaintiffs brought this action and refuse to provide simple discovery to support their claim.   Despite an order and despite Plaintiffs agreeing to provide factual responses by January 10, NO RESPONSES WERE PROVIDED.

**4. Relief Requested: Set a Hearing of Defendant's Motion to Compel, and Impose Such Additional Sanctions, as May be Deemed Appropriate**.

For the reasons stated, ample grounds exist to order the discovery answered. Plaintiffs' delay caused great prejudice to Blakeman's ability to address the issues in the case.   The court should order issue or evidentiary sanctions prohibiting Plaintiffs from supporting the claims against Blakeman, from opposing the defenses to those claims, under FRCP 37(b)(2)(ii), or dismiss the Complaint as to Blakeman under FRCP 37(b)(2)(iii) and (v), and impose contempt sanctions under FRCP 37(b)(2)(vi).

**Conclusion**

Having willfully failed and refused to provide the discovery it must be presumed there is no evidence; monetary, issue and evidence sanctions are necessary.   The only solution is to order the discovery to be provided and to impose sanctions for failing to provide the information.   As a consequence, restoration of this motion to the Court's Calendar for hearing, and imposition of issue or terminating sanctions, is appropriate.

DATED: January 16, 2017          **VEATCH CARLSON, LLP**

By:  /s/ Richard P. Dieffenbach
ROBERT T. MACKEY
RICHARD P. DIEFFENBACH
Attorneys for BRANT BLAKEMAN

11

**JOINT STATUS UPDATE PURSUANT TO MAGISTRATE'S MINUTE ORDER OF 12/28/16**

## DECLARATION OF RICHARD P. DIEFFENBACH

I, Richard P. Dieffenbach, declare and say:

1.  I am an attorney sat law duly licensed by the State of California and I am a member of the Bar of this Court.  I am a Senior Trial Attorney with Veatch Carlson, LLP, and counsel for Defendant Brant Blakeman in this action.

2.  On December 28, 2016, Magistrate Judge Rozella A. Oliver issued an order, a copy of which is attached as Exhibit A, taking off-calendar my client's motion to compel discovery from Plaintiffs, which had been calendared for January 4, 2017 for hearing.  The order directed the parties to meet and confer by January 4, 2017, to resolve their discovery dispute, to address certain issues, resolve what could be resolved, and report back to the court.

3.  On January 4, 2017, at my invitation, Victor Otten, Plaintiffs' counsel, met with me, Robert Cooper and John Worgul in my office to address the Magistrate Judge's order.

4.  We discussed in turn each point raised in the Order.  We reached an agreement that Plaintiffs would provide factual responses, without waiving their objections, to the pending discovery, that they would do so by having the responses to us by the close of business January 10, and that we would then review the responses and determine whether further court intervention was needed.  A true and correct copy of the memorandum setting forth the terms of the agreement, as emailed to Mr. Otten on January 4, 2017, is attached as Exhibit B.

5.  January 10 came and went, as did January 11 and 12.  Today is January 16, 2017.  No responses were given, no request for clarification was made, no objection to the terms set forth in the email, and in fact no communication of any kind was had relative to this order, the meet and confer, or the discovery, from Plaintiffs' counsel.

6.  Notwithstanding the Magistrate's Order, the original motion as filed detailed four separate efforts my office made to meet and confer with Plaintiffs' counsel and

**JOINT STATUS UPDATE PURSUANT TO MAGISTRATE'S MINUTE ORDER OF 12/28/16**

detailed their refusal to do so.  The initial motion also set forth the bases for overcoming each of Plaintiffs' objections to our discovery; the fact that Mr. Otten agreed to provide factual answers suggests at least that Plaintiffs' counsel knew what the questions were asking.

7.  Mr. Otten completely ignored his agreement.  He did not object, he did not offer a counter proposal, and he did in fact agree at the meeting to the terms set froth in Exhibit B.  He did not respond in any fashion to the proposed Joint Statement I sent to him.  Based on that conduct I am informed and believe that he had no intention of ever providing any meaningful response, and had no intention of providing any response at all.

8.  My client is alleged to have done very specific things in the complaint.  The discovery we served asked for the evidentiary support for those very specific things he is alleged to have done.  My client's opposition to Plaintiffs' Class Certification Motion was filed January 13, 2017.  Had Plaintiffs' counsel complied with the agreed time frame and provided factual responses to the discovery, that information would have been of possible use in opposing the Certification motion.  Plaintiffs' counsel's refusal or failure to provide the information imposed actual prejudice on my client.

9.  As reflected in the exhibits to the initial Motion and in the developments since December 28, 2016, Plaintiffs have engaged in a stalling, stonewalling delay program designed to prevent Mr. Blakeman from obtaining necessary discovery in time for it to be made use of in Mr. Blakeman's defense.  There is no excuse for such delay, and I am informed and believe that the delay was willful and done intentionally for the purpose of prejudicing my client's defense.  For these reasons I request the court to order the motion to be heard, and further request that in addition to an order that the discovery be answered, that other sanctions be imposed as requested in the Defendant's supplemental memorandum filed herewith.

10. My time on this case is billed at $200 per hour.  I will have spent

**JOINT STATUS UPDATE PURSUANT TO MAGISTRATE'S MINUTE ORDER OF 12/28/16**

approximately ten hours preparing this Joint report, and another three hours will be spent finalizing the report and attending the hearing of the motion, a hearing necessitated by Mr. Otten's failure to cooperate as agreed and as ordered by the magistrate Judge.  I therefore estimate that my billed time in preparing this Joint report and supplement totals $2600, and request the Court to impose that amount of additional monetary sanctions against Plaintiffs and their counsel in addition to the sanctions requested in the initial motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and personally know to me, and that the portion set forth on information and belief I believe to be true, and that if called as a witness I could and would competently so testify.

Executed at Los Angeles, California.

Dated: January 16, 2017                     By:  /s/ Richard P. Dieffenbach
                                                 Richard P. Dieffenbach, declarant

**JOINT STATUS UPDATE PURSUANT TO MAGISTRATE'S MINUTE ORDER OF
12/28/16**

## <u>PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW</u>

NO RESPONSE WAS PROVIDED BY PLAINTIFFS OR THEIR COUNSEL.

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 16-02129-SJO (RAO) | Date: | December 28, 2016 |
| Title: | Cory Spencer, et al. v. Lunada Bay Boys, et al. | | |

Present:　　The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff(s):　　　Attorneys Present for Defendant(s):

　　　　　N/A　　　　　　　　　　　　　　　　N/A

**Proceedings:**　　(In Chambers) **ORDER VACATING JANUARY 4, 2017 HEARING
AND DIRECTING COUNSEL TO MEET AND CONFER RE
MOTION TO COMPEL [150]**

On December 7, 2016, Defendant Brant Blakeman ("Defendant") filed a motion to compel discovery responses ("Motion"). (Dkt. No. 150.) The Motion and concurrently filed joint stipulation request an order compelling Plaintiffs Cory Spencer, Diana Milena Reed, and Coastal Protection Rangers ("Plaintiffs") to respond to interrogatories and requests for production propounded by Defendant. (*Id.*) A hearing on the Motion was noticed for January 4, 2017, at 10:00 a.m. in Courtroom F.

Although the Notice of Motion includes a certification signed by Defendant's counsel that counsel for Defendant has met and conferred with Plaintiffs' counsel in a good-faith effort to resolve the discovery matters that are the subject of the Motion, Plaintiffs contend that as of the date of the Motion, Defendant's counsel has failed to schedule a conference about the issues underlying the Motion. (*See* Motion at 3, Joint Stip. at 7.) In the contentions sections of the joint stipulation, the parties do not state how they "proposed to resolve the dispute over that issue at the conference of counsel," as required by Local Rule 37-2.1, further suggesting that a conference did not occur. Neither party filed an optional supplemental memorandum by the December 21, 2016 deadline.

Because it appears that counsel for Plaintiffs and counsel for Defendant have not conferred or attempted to confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible, as required by Local Rule 37-1 and Federal Rule of Civil Procedure 37, counsel for Plaintiffs and counsel for Defendant are hereby

---

16

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:   CV 16-02129-SJO (RAO)                    Date:   December 28, 2016
Title:      Cory Spencer, et al. v. Lunada Bay Boys, et al.

**ORDERED** to meet and confer regarding the disputes at issue in Defendant's motion to compel by **January 4, 2017**. If both counsel are located within the same county of the Central District, the conference shall take place in person at the office of Defendant's counsel, unless the parties agree to meet someplace else. If both counsel are not located within the same county of the Central District, the conference may take place telephonically.

Within two weeks of the meet and confer, and, at the latest, by **January 18, 2017**, the parties shall file a joint status update, not to exceed ten pages, signed by counsel for Defendant and counsel for Plaintiffs. The status update should indicate: (1) any developments or progress regarding the discovery disputes since the filing of the motion; (2) which disputes, if any, were resolved at the conference; and (3) for any remaining disputes, how each party proposed to resolve the dispute at the conference. Concurrently with the status update, each party may file a supplemental memorandum of law, not exceeding five pages in length.

The January 4, 2017 hearing is hereby **VACATED**. If there are disputes remaining after the meet and confer, counsel shall contact the Court's Courtroom Deputy Clerk to reschedule the hearing.

     **IT IS SO ORDERED.**

 

                                                  : 
Initials of Preparer        gr

# EXHIBIT B

**Marianne Gadhia**

| | |
|---|---|
| **From:** | Richard P. Dieffenbach |
| **Sent:** | Thursday, January 12, 2017 6:51 PM |
| **To:** | 'Victor Otten' |
| **Cc:** | Robert Cooper; Rob Mackey; John Worgul; John E. Stobart |
| **Subject:** | Joint Statement for Discovery motion |

**Attachments:** PLD-joint report re magistrates minute order re Blakeman's mtc.doc

Mr. Otten

Attached is the Defendant's portion of the Joint Statement relating to Mr. Blakeman's Motion to Compel. Please provide Plaintiffs' portion and any supplemental memorandum and return it to me tomorrow so we can file it with the court in keeping with the time requirements. Thank you.


Richard P. Dieffenbach, Esq.

Veatch Carlson, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017
(213) 381-2861 Office
(213) 383-6370 Fax
rdieffenbach@veatchfirm.com

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act Title II (18 U.S.C. §§ 2701-12), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.