EDWIN J. RICHARDS (SBN 43855)
Email: Ed.Richards@kutakrock.com
ANTOINETTE P. HEWITT (SBN 181099)
Email: Antoinette.hewitt@kutakrock.com
JACOB SONG (SBN 265371)
Email: Jacob.Song@kutakrock.com
REBECCA L. WILSON (SBN 257613)
Email: Rebecca.Wilson@kutakrock.com
KUTAK ROCK LLP
Suite 1500
5 Park Plaza
Irvine, CA 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394

Attorneys for Defendants
CITY OF PALOS VERDES ESTATES and
CHIEF OF POLICE JEFF KEPLEY

**[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA; WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Case No. 2:16-cv-02129-SJO-RAO<br><br>Assigned to<br>District Judge: Hon. S. James Otero<br>Courtroom: 10C @ 350 W. First Street, Los Angeles, CA 90012<br><br>Assigned Discovery:<br>Magistrate Judge: Hon. Rozella A. Oliver<br><br>**[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]**<br><br>**DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S NOTICE OF MOTION AND MOTION TO STRIKE THE DECLARATION OF PHILIP KING; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed: March 29, 2016<br>Trial: November 7, 2017<br>Date: February 21, 2017<br>Time: 10:00 a.m. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3996-4992.2

- 1 -

2:16-cv-02129-SJO-RAO

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO STRIKE THE DECLARATION OF PHILIP KING

PLEASE TAKE NOTICE that on February 21, 2017 at 10:00 a.m., Defendants City of Palos Verdes Estates and Chief of Police Jeff Kepley (collectively the "City") will move to strike the Declaration of Philip King ("King Decl.") filed by Plaintiffs in support of their motion for class certification. The City makes this motion on the following grounds:

First, Plaintiffs failed to disclose Mr. King or the substance of his testimony in their responses to the City's interrogatories. The City's first set of interrogatories specifically requested the identification of all witnesses Plaintiffs contend support each of the Fed. R. Civ. P. 23 factors for class certification—Plaintiffs failed to disclose Mr. King in those interrogatories, and failed to modify or supplement those responses in advance of filing their motion for class certification as required by Fed. R. Civ. P. 26(e). Plaintiffs' failure to disclose constitutes a violation of their discovery obligations, which resulted in substantial prejudice to the City's preparation of its opposition papers. Therefore, the City requests that the Court strike the entirety of the King Decl., and disregard said declaration in determining whether to deny class certification.

Second, Mr. King's statements fail to meet the threshold requirements for the admission of expert opinions under *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579 and Fed. R. Evid. 702. A *Daubert* analysis of whether to exclude offered expert opinions is part of the "rigorous analysis" required for class certification determination under Fed. R. Civ. P. 23. (See *Ellis v. Costco Wholesale Corp.* (9th Cir. 2011) 657 F.3d 970, 982.) The City seeks an order striking the King Decl. in its entirety on the following grounds:

1. Mr. King's credentials do not sufficiently qualify him to provide the stated expert opinions in his declaration. Mr. King possesses a general economics background, but nothing in his attached CV or his statements sufficiently demonstrate his qualifications as an expert on the economic recreational value of a beach visit from the perspective of a visitor to said beach.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3996-4992.2                            - 2 -                    2:16-cv-02129-SJO-RAO
CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO STRIKE THE
DECLARATION OF PHILIP KING

2.      Mr. King's opinions lack factual support, lack sufficient articulation of the reasoning behind those opinions, and constitute speculation.  Mr. King offers only generalities without *specific* factual support, reducing his opinions to inadmissible, conclusory generalizations.

In the event the Court declines to strike the entirety of Mr. King's declaration, the City requests that the following portions of Mr. King's declaration be stricken from consideration on Plaintiffs' related motion for class certification:

1.      Paragraph 6 of the Declaration of Philip King.

2.      Paragraph 7 of the Declaration of Philip King.

3.      Paragraph 8 of the Declaration of Philip King.

4.      Paragraph 9 of the Declaration of Philip King.

5.      Paragraph 10 of the Declaration of Philip King.

6.      Paragraph 11 of the Declaration of Philip King.

7.      Paragraph 12 of the Declaration of Philip King.

8.      Paragraph 13 of the Declaration of Philip King.

9.      Paragraph 14 of the Declaration of Philip King.

10.     Paragraph 15 of the Declaration of Philip King.

11.     Paragraph 16 of the Declaration of Philip King.

12.     Paragraph 17 of the Declaration of Philip King.

13.     Paragraph 18 of the Declaration of Philip King.

14.     Paragraph 19 of the Declaration of Philip King.

15.     Paragraph 20 of the Declaration of Philip King.

To the extent the Court grants the City's motion, the City further requests that the Court strike all arguments and citations in Plaintiffs' motion for class certification referring to or based upon the King Decl., which include the following portions of Plaintiffs' motion: 3:16-17; 3:21-26; 13:16-23; 18:17-22; 19:14-19. (See Dkt. No. 159.)

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3996-4992.2                    - 3 -                    2:16-cv-02129-SJO-RAO
CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO STRIKE THE
DECLARATION OF PHILIP KING

1        This motion is made following the conference of counsel pursuant to L.R. 7-
2  3, which occurred on January 12, 2017 at approximately 3:00 p.m.   (See
3  Declaration of Jacob Song ("Song Decl.") ¶ 9.)   After conferring with Plaintiffs'
4  counsel on the subject matter of this motion, they indicated that they would not
5  withdraw the identified subject matter of this motion, and that Plaintiffs would
6  oppose this motion.   Notably, Plaintiffs' counsel offered to "supplement" the King
7  Decl. less than 24-hours from the filing deadline for the City's opposition; however,
8  Plaintiffs' motion for class certification and all supporting papers were due to be
9  filed by December 30, 2016 pursuant to the Court's Minute Order following the
10 Scheduling Conference in this matter.   The City and all other parties prepared their
11 opposition papers based upon Plaintiffs' moving papers, and any material alteration
12 to those arguments and evidence would substantially prejudice the City's
13 opposition efforts.   Therefore, the City declined the proposal of Plaintiffs' counsel,
14 and now submits this motion to strike.

15

16 Dated:  January 20, 2017        KUTAK ROCK LLP

17

18                    By: /s/ *Jacob Song*
                    Edwin J. Richards
19                     Antoinette P. Hewitt
                    Jacob Song
20                     Attorneys for Defendants
                    CITY OF PALOS VERDES ESTATES
21                     and CHIEF OF POLICE JEFF KEPLEY

22

23

24

25

26

27

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3996-4992.2          - 4 -          2:16-cv-02129-SJO-RAO
CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO STRIKE THE
DECLARATION OF PHILIP KING

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendants City of Palos Verdes Estates and Chief of Police Jeff Kepley (collectively the "City") hereby submit this Memorandum of Points and Authorities in support of their Motion to Strike the Declaration of Philip King ("King Decl."), which Plaintiffs filed in support of their motion for class certification.  The City requests that the Court strike the entire King Decl. in view of (1) Plaintiffs' failure to comply with mandatory disclosure requirements under Fed. R. Civ. P. 26(e) based on their responses to interrogatories and (2) Plaintiffs' failure to satisfy the *Daubert* standard governing the admissibility of expert opinions.  The King Decl. fails to set forth sufficient qualifications for the declarant to opine as an expert on the subject matter of the opinions now at issue.  The King Decl. also constitutes inadmissible speculation, as none of the offered opinions are based on specific facts or methodologies.

### II.    RELEVANT FACTUAL BACKGROUND

The City propounded its first set of interrogatories to Plaintiffs, requesting all facts and contentions relating to each of the Fed. R. Civ. P. 23 factors for class certification, including the identification of all witnesses in support of such facts and contentions.  (See Exhibits 1-3, Declaration of Jacob Song ("Song Decl.") ¶¶ 2-4.)  On November 30, 2016, Plaintiffs provided their responses to the City's first set of interrogatories.  (See Exhibits 4-6, Song Decl. ¶¶ 5-7.)  Plaintiffs failed to identify Philip King in said responses, and Plaintiffs did not supplement those responses prior to the filing of their motion for class certification.  (*Id.*)  Therefore, the filing of Plaintiffs' motion for class certification represents the first time the Plaintiffs disclosed their reliance on Mr. King's statements in support of their motion.  (See Exhibit 7, Song Decl. ¶ 8.)

During the preparation of the City's opposition papers, the City determined that Mr. King failed to satisfy the *Daubert* standard applicable to expert testimony

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO STRIKE THE
DECLARATION OF PHILIP KING

in terms of both his lack of qualifications and his failure to specify the factual basis or methodologies for his deficient opinions.  (See Exhibit 7, Song Decl. ¶ 8.) Accordingly, the City met and conferred with Plaintiffs' counsel in compliance with L.R. 7-3.  (See Song Decl. ¶ 9.)  After conferring with Plaintiffs' counsel on this motion, they refused to withdraw the Declaration and stated they would oppose the motion.  (Id.)   Later, Plaintiffs' counsel offered to "supplement" Mr. King's declaration.  However, given that City's opposition papers were due the next day and that Plaintiffs did not agree to withdraw the Declaration, City had no choice but to decline the proposal, as agreeing to it would have resulted in extreme prejudice to all the defendants.  (See Exhibit 8, Song Decl. ¶ 10.)

## III.   FED R. CIV. P. 12(F) AUTHORIZES THE COURT TO STRIKE THE EXPERT DECLARATION IDENTIFIED IN THE CITY'S MOTION

Fed. R. Civ. P. 12(f) empowers the Court to strike "any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike may be granted if "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  (See *LeDuc v. Kentucky Central Life Ins. Co.* (N.D. Cal. 1992) 814 F.Supp. 820, 830.)  "[T]he function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." (See *Sidney-Vinstein v. A.H. Robins Co.* (9th Cir. 1993) 697 F.2d 880, 885.)  An order granting a motion to strike is warranted where such an order will make the resolution of issues "…less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues.  (See *Sliger v. Prospect Mortg., LLC* (E.D. Cal. 2011) 789 F. Supp. 2d 1212, 1216.)

The Ninth Circuit specifically recognizes the propriety in filing a motion to strike an expert declaration at the class certification stage.  (See *Ellis v. Costco Wholesale Corp.* (9th Cir. 2011) 657 F.3d 970.)

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3996-4992.2                                - 2 -                        2:16-cv-02129-SJO-RAO
CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO STRIKE THE
DECLARATION OF PHILIP KING

## A.   THE COURT'S GATEKEEPING FUNCTION EMPOWERS IT TO DETERMINE THE ADMISSIBILITY OF EXPERT TESTIMONY

In *Kumho Tire Co., Ltd. v. Carmichael* (1999) 526 U.S. 137, the Supreme Court held that the court's gatekeeping function articulated in *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579 applies to all expert testimony under Fed. R. Evid. 702.  Rule 702 sets forth the threshold requirements governing the admissibility of expert testimony, and requires that  "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."  Expert testimony is only reliable when it is based upon sufficient facts and data, and is a product of reliable principles and methods and the witness has applied them reliably to the facts. (Fed. R. Evid. 702, Adv. Comm. Note 2000.)  Anything short of this standard demands exclusion of the expert testimony.

Fed. R. Evid. 104(a) empowers the Court to determine preliminary questions concerning the qualifications of witnesses and the admissibility of evidence.

It is the burden of the proponent of the expert testimony to demonstrate by a preponderance of the evidence that an expert has the requisite expertise, is reliable, and is helpful to the trier of fact. (See *Lust by & Through Lust v. Merrell Dow Pharmaceuticals, Inc.* (9th Cir. 1996) 89 F.3d 594, 598.)  As part of its gatekeeping function, the district court must exercise care "to assure that a proffered witness truly qualifies as an expert." (*Jinro America, Inc. v. Secure Inv., Inc.* (9th Cir. 2001) 266 F.3d 993, 1004.)  An expert witness can offer opinions only if the "opinion has a reliable basis in the knowledge and experience of his discipline." (*Id*.)  The "word 'knowledge' connotes more than subjective belief or unsupported speculation." (*Daubert*, *supra*, 509 U.S. at 590.)  For non-scientific expert testimony, the knowledge and experience of the expert are key factors in determining the

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3996-4992.2                          - 3 -                          2:16-cv-02129-SJO-RAO
CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO STRIKE THE
DECLARATION OF PHILIP KING

reliability of such testimony. (See *Living Designs, Inc. v. E.I. Dupont DE Nemours & Co.* (9th Cir. 2005) 431 F.3d 353, 368 n.14.)

The core inquiry is whether the expert's testimony is relevant and reliable. An expert may not offer opinions based on sheer *ipse dixit*. (*General Elec. Co. v. Joiner* (1997) 522 U.S. 136, 146.) Admissible expert opinions must be sufficiently based in fact, well-reasoned, and not speculative. (*Id.*) It is mandatory that "an expert must back up his opinion with specific facts." (*Guidroz-Brault v. Missouri Pac. R.R Co.* (9th Cir. 2001) 254 F.3d 825, 831.) If an expert's testimony is not based on sufficient facts, it should be excluded. (*Id.*)

Unreliable expert testimony is inadmissible as a matter of law. (See Fed. R. Evid. 702, Adv. Comm. Note 2000; see also *Brown v. Southeastern Pa. Transp. Auth.* (3rd Cir. 1994) 35 F.3d 717, 743.)

## IV. ABSENT AN ORDER GRANTING THE CITY'S MOTION, THE CITY WILL SUFFER SUBSTANTIAL PREJUDICE AND HARM ARISING OUT OF PLAINTIFFS' FAILURE TO COMPLY WITH FED. R. CIV. P. 26(E)

A party has a duty to supplement or correct earlier interrogatory answers upon learning that earlier answers were "in some material respect…incomplete or incorrect" when made or are no longer true. (Fed. R. Civ. P. 26(e).) A party may simply serve updated answers, and need not obtain leave of court to comply with this requirement. "A party who wishes to avoid being bound by an unfavorable [or incomplete] answer must file a supplemental answer in a timely fashion." (See Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, Calif. & 9th Cir. Editions (The Rutter Group 2016) Ch. 11(IV)-B, ¶ 11:1775, citing *Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC* (1st Cir. 2013) 730 F.3d 67, 76—supplemental responses timely where no showing of prejudice; *Royalty Petroleum Co. v. Arkla, Inc.* (W.D. OK 1990) 129 F.R.D. 674, 678—supplemental responses on eve of trial would amount to "trial by ambush.")

Here, the City's first set of interrogatories requested that Plaintiffs identify all

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3996-4992.2                                    - 4 -                        2:16-cv-02129-SJO-RAO
CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO STRIKE THE
DECLARATION OF PHILIP KING

witnesses they contend support their allegations regarding class certification.  (See Exhibits 1-3, Song Decl. ¶¶ 2-4.)  Plaintiffs failed to identify Mr. King in their responses to interrogatories, and failed to supplement those responses prior to the filing of their motion for class certification.  (See Exhibits 4-6, Song Decl. ¶¶ 5-7.) A party that fails to amend discovery responses under Rule 26(e) may be barred from using such evidence.  (See Fed. R. Civ. P. 37(c)(1); *Carmody v. Kansas City Bd. Of Police Commrs.* (8ᵗʰ Cir. 2013) 713 F.3d 401, 405—striking affidavits of offending party a proper sanction.)  The purpose of Rule 26(e) is to prevent unfair and prejudicial surprise.  (See *ATD Corp. v. Lydall* (Fed. Cir. 1998) 159 F.3d 534, 550-551.)  The court possesses broad discretion to exclude or strike such evidence. (See *Benson v. Tocco, Inc.* 911ᵗʰ Cir. 1997) 113 F.3d 1203, 1209.)

Plaintiffs' failure to disclose Mr. King or the substance of his testimony has substantially harmed the City, insofar as it has been precluded from conducting discovery with respect to Mr. King in preparing its opposition to the motion for class certification.   Plaintiffs had *months* to prepare their motion for class certification, and could have disclosed Mr. King and the general substance of his testimony at any point *prior* to the filing of their motion for class certification. They failed to do so, resulting in significant prejudice to the City, which contrastingly had two *weeks* to prepare its opposition.  Plaintiffs' failure to disclose Mr. King and the related harm inflicted upon the City provide sufficient grounds to strike the entirety of his declaration.  Therefore, the City respectfully requests that the Court strike the King Decl. and al arguments and citations based on the King Decl. in Plaintiffs' motion for class certification.

## V.   THE KING DECL. FAILS TO MEET THE *DAUBERT* STANDARD GOVERNING THE ADMISSIBILITY OF EXPERT OPINIONS, JUSTIFYING AN ORDER GRANTING THE CITY'S MOTION

### A.   Plaintiffs Fail To Demonstrate That Mr. King Possesses Specialized Knowledge Required By Fed. R. Evid. 702 And *Daubert*

Plaintiffs purportedly present Mr. King as an economic expert to opine on the

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3996-4992.2                    - 5 -                    2:16-cv-02129-SJO-RAO
CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO STRIKE THE
DECLARATION OF PHILIP KING

1   recreational value of visiting Lunada Bay.  (See Exhibit 7 ¶¶ 1-4, Song Decl. ¶ 8.)

2   The Court must exercise care "…to assure that a proffered witness truly qualifies as

3   an expert."  (*Jinro America, Inc.*, *supra*, 266 F.3d at 1004.)  An expert witness can

4   offer opinions only if the "opinion has a reliable basis in the knowledge and

5   experience of his discipline."  (*Id*.)  Courts must examine "not the qualifications of

6   a witness in the abstract, but whether those qualifications provide a foundation for a

7   witness to answer a specific question."  (See *Berry v. City of Detroit* (6th Cir. 1994)

8   25 F.3d 1342, 1350.)   Here, Plaintiffs and Mr. King fail to demonstrate sufficient

9   qualifications for him to opine on the subject matter of the King Decl.

10         Mr. King does possess a generalized background in economics, and

11   purportedly possesses experience relating to the general economic value of

12   recreation at California beaches.  However, Mr. King fails to demonstrate that he

13   has evaluated or possesses experience providing economic valuation of beach

14   recreation from the standpoint of a *visitor*.   The gravamen of his testimony

15   regarding the economic value of beach recreation concerns the value to a beach

16   visitor; nothing in his statements set forth any qualifications that would allow him

17   to opine on such subject matter.  The City respectfully requests that the Court grant

18   its motion based on Mr. King's lack of qualifications as an expert regarding the

19   specific opinions offered in his declaration.

20   **B.   The King Decl. Fails To Specify Sufficient Factual Foundation And Methodologies, Warranting An Order In Favor Of The City**

21         The opinions in the King Decl. constitute unsupported, unproven speculation

22   of the type routinely excluded by courts in making *Daubert* admissibility

23   determinations.  (See *General Elec. Co.*, *supra*, 522 U.S. at 146.)  Mr. King offers

24   no facts, no reasoning, and no methodologies for how he arrives at his

25   conclusions—such failures to provide specific facts and methodologies require

26   exclusion under *Daubert*.   (See *Guidroz-Brault*, *supra*, 254 F.3d at 83.)

27   Conclusory, unsupported assertions are not helpful to the trier of fact under Fed. R.

Evid. 702, and must be correspondingly precluded from consideration in ruling on the underlying relief sought.  (See *In re Circuit Breaker Litigation* (C.D. Cal. 1997) 984 F. Supp. 1267, 1282.)

The King Decl. fails to provide *specific* factual support for his conclusory assertions, providing good cause for an order striking the entirety of his declaration. The King Decl. constitutes *unreliable* testimony under Fed. R. Evid. 702, since Mr. King fails to demonstrate how his opinion is the product of recognized principles and methods as applied reliably to the underlying facts.  Mr. King's opinions are flawed with respect to the City, because those opinions do not help the trier of fact to understand the evidence or determine any factual issues regarding the effect of the City's alleged equal protection violation.  Even if Mr. King's opinions are accepted by the Court, Plaintiffs have not provided any evidence as to the number of visitors deterred by their purported knowledge of the City's alleged actions or inaction.  "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."  (*Daubert*, *supra*, 509 U.S. at 591.)  The King Decl. is not relevant as to how many purported class members were deterred by their knowledge of the City's alleged constitutional violations; therefore, it is "non-helpful," and should be stricken.

In the event that the Court declines to strike the entirety of the King Decl., the City requests that the Court strike the two core opinions of Mr. King that are contained in Paragraphs 6-20 of the King Decl.—namely, his unfounded opinions on the value of a visit to Lunada Bay, and his unfounded opinions on the number of visitors to Lunada Bay.

> 1.   Mr. King's opinions on damages constitute pure speculation, and should be stricken

One of the core opinions in the King Decl. concerns unsupported assumptions regarding monetary damages sought by Plaintiffs.  These opinions on damages constitute unproven and speculative calculations that lack any factual

1  support—precisely the type of inadmissible opinions that must be stricken under

2  application of *Daubert* principles.  Mr. King's failure to articulate any factual basis

3  or methodologies for his calculations supports an order in favor of the City.

4          For example, Mr. King offers the calculation that a "…reasonable, likely

5  conservative estimate of the recreational value of surfing at Lunada Bay is between

6  $50 to $80 per person per visit during the high season (November to March) and

7  approximately half of that during the rest of the year." (Underline See Paragraph 19, p. 8:4-7,

8  Exhibit 7, Song Decl. ¶ 8.)  Mr. King offers no basis for such a calculation, instead

9  basing these numbers on his unspecified, vague "…experience, data, and

10  information…reviewed to date…"  (*Id.*, at p. 8:3-4.)  Mr. King fails to specify,

11  expand upon, or otherwise meaningfully discuss what constitute his experience,

12  data, and information purportedly relied upon.  Admissible expert testimony must

13  be sufficiently based in fact, well-reasoned, and not speculative.  (See *General

14  Elec. Co.*, *supra*, 522 U.S. at 146.)  Mr. King's calculation runs afoul of all such

15  principles concerning expert testimony, and this testimony on recreational value

16  should be excluded.

17          Relatedly, Mr. King also references his "recreational value method" in

18  coming to his damage calculations; like his statement above, Mr. King fails to

19  provide any explanation or methodology for what the "recreational value method"

20  even constitutes.  (See Paragraph 19, p. 8:17, Exhibit 7, Song Decl. ¶ 8.) Such

21  empty statements are "non-helpful" and irrelevant under *Daubert*.

22          All opinions on damages flowing from Mr. King's deficient reasoning should

23  relatedly be stricken, as he fails to offer any factual support, reasoning, analysis, or

24  explanation for how he arrives at his speculative calculations.  To the extent the

25  Court declines to strike the King Decl. in its entirety, the City respectfully requests

26  that the Court strike Paragraphs 19 and 20 of the King Decl.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3996-4992.2                         - 8 -                    2:16-cv-02129-SJO-RAO
CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO STRIKE THE
DECLARATION OF PHILIP KING

2.   Mr. King's speculative opinions on the estimated number of visitors to Lunada Bay should also be stricken

Similar to Mr. King's comments on purported damages, Mr. King's calculations concerning the number of visitors to Lunada Bay should also be stricken as lacking factual support, methodological explanation, or any reasoning required under *Daubert*.   Throughout the King Decl., Mr. King fails to provide factual support or reasoning for how he arrives at his population calculations, which renders his testimony inadmissible and subject to the City's motion.

Mr. King's speculative calculations are quite numerous, and representative examples are set forth in bullet-point fashion for ease of reference.   Notably, he fails to even allege that he specifically visited Lunada Bay, stating only that he visited the general area of the "Palos Verdes Peninsula," which includes the cities of Palos Verdes Estates, Rancho Palos Verdes, Rolling Hills, and Rolling Hills Estates—no specificity is given for which city Mr. King allegedly visited, or even if he specifically visited the City of Palos Verdes Estates.   (See Paragraph 13, p. 5:16-18, Exhibit 7, Song Decl. ¶ 8.).   All references that follow are to the King Decl., wherein Mr. King fails to explain any methodology or provide factual support for each of the following examples:

- Speculative estimate of 1 million surfers in California (Paragraph 8, p. 4:5-7.)
- Unfounded conclusion that fewer than 100 people currently surf in Lunada Bay.  (Paragraph 10, p. 4:17-19.)
- Baseless speculation regarding localism in Lunada Bay.  (Paragraph 12, p. 5:13-15.)

Once Mr. King delves into his unsupported calculations, the speculative nature of his purported opinions rapidly becomes apparent:

- Unsupported speculation of up to 60 to 75 surfers per day that allegedly *should* be surfing in Lunada Bay; similar unsupported conclusion that 4 to 8 surfers per day currently surf in Lunada Bay.  (Paragraph 17, p. 7:17-28.)

- Use of "basic arithmetic" in arriving at the purported number of visitors to

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3996-4992.2          - 9 -          2:16-cv-02129-SJO-RAO
CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO STRIKE THE DECLARATION OF PHILIP KING

Lunada Bay without any factual basis or reasoning.  (Paragraph 18, p. 8:1-2.)

- Further factually deficient conclusion that Lunada Bay should have at least 20,000 to 25,000 annual surfers plus other hikers and visitors. (Paragraph 19, p. 8:8-9.)

The citations to the King Decl. are illustrative of the overt failure of Plaintiffs and Mr. King to substantiate his conclusions with meaningful facts or reasonable methodologies.  These deficiencies plague the entirety of the King Decl., and demonstrate that Mr. King's statements must be stricken in view of the standards governing the admissibility of expert opinions.  If Court declines to strike the entirety of the King Decl., the City respectfully requests that the Court strike Paragraphs 6-20 of the King Decl. in view of the deficiencies discussed above.

## VI.   THE CITY REQUESTS THAT THE COURT STRIKE ALL ARGUMENTS AND CITATIONS TO THE KING DECL. IN PLAINTIFFS' MOTION

To the extent the Court grants the City's motion, the City further requests that the Court also strike all arguments and citations to the King Decl. contained in Plaintiffs' motion for class certification for the reasons set forth herein.   The following portions of Plaintiffs' motion should be stricken:   3:16-17; 3:21-26; 13:16-23; 18:17-22; 19:14-19.  (See Dkt. No. 159.)

## VII.  CONCLUSION

Based on the foregoing, the City respectfully requests that the Court grant its motion, and strike the King Decl. in its entirety.  In the alternative, the City requests that the Court grant its motion and strike Paragraph 6-20 of the King Decl.

Dated:  January 20, 2017          KUTAK ROCK LLP


By: /s/ Jacob Song
Edwin J. Richards
Antoinette P. Hewitt
Jacob Song
Attorneys for Defendants
CITY OF PALOS VERDES ESTATES
and CHIEF OF POLICE JEFF KEPLEY

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4833-3996-4992.2                      - 10 -                   2:16-cv-02129-SJO-RAO
CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO STRIKE THE DECLARATION OF PHILIP KING