EDWIN J. RICHARDS (SBN 43855)
Email: Ed.Richards@kutakrock.com
ANTOINETTE P. HEWITT (SBN 181099)
Email: Antoinette.hewitt@kutakrock.com
JACOB SONG (SBN 265371)
Email: Jacob.Song@kutakrock.com
REBECCA L. WILSON (SBN 257613)
Email: Rebecca.Wilson@kutakrock.com
KUTAK ROCK LLP
Suite 1500
5 Park Plaza
Irvine, CA  92614-8595
Telephone:  (949) 417-0999
Facsimile:   (949) 417-5394

**[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]**

Attorneys for Defendants
CITY OF PALOS VERDES ESTATES and
CHIEF OF POLICE JEFF KEPLEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA; WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Case No.  2:16-cv-02129-SJO-RAO<br><br>Assigned to<br>District Judge:  Hon. S. James Otero<br>Courtroom: 10C @ 350 W. First Street, Los Angeles, CA  90012<br><br>Assigned Discovery:<br>Magistrate Judge:  Hon. Rozella A. Oliver<br><br>**DECLARATION OF JACOB SONG IN SUPPORT OF THE CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO STRIKE THE DECLARATION OF PHILIP KING**<br><br>Complaint Filed:  March 29, 2016<br>Trial: November 7, 2017<br>Date: February 21, 2017<br>Time: 10:00 a.m. |

# DECLARATION OF JACOB SONG

I, JACOB SONG, hereby declare as follows:

1.      I am an attorney duly admitted to practice before the United States District Court, Central District of California.  I am an attorney with the law firm of Kutak Rock LLP, counsel of record for Defendants City of Palos Verdes Estates and Chief of Police Jeff Kepley (collectively the "City") in the above-entitled matter.  The facts set forth herein are within my personal knowledge, and if called upon to testify, I could and would competently testify thereto.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the City's Interrogatories Set One to Plaintiff Cory Spencer.

3.      Attached hereto as Exhibit 2 is a true and correct copy of the City's Interrogatories Set One to Plaintiff Diana Milena Reed.

4.      Attached hereto as Exhibit 3 is a true and correct copy of the City's Interrogatories Set One to Plaintiff Coastal Protection Rangers.

5.      Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff Cory Spencer's Responses to the City's Interrogatories Set One.

6.      Attached hereto as Exhibit 5 is a true and correct copy of Plaintiff Diana Milena Reed's Responses to the City's Interrogatories Set One.

7.      Attached hereto as Exhibit 6 is a true and correct copy of Plaintiff Coastal Protection Rangers' Responses to the City's Interrogatories Set One.

8.      Attached hereto as Exhibit 7 is a true and correct copy of the Declaration of Philip King filed by Plaintiffs in support of their motion for class certification, which was filed by Plaintiffs as Dkt. No. 159-7.

9.      On January 12, 2017, I participated in the L.R. 7-3 conference of counsel with Plaintiffs' counsel Mr. Kurt Franklin and Ms. Samantha Wolff.  During that conference of counsel, discussed the scope and substance of the City's motion to strike, and inquired whether they would stipulate to withdraw the Declaration of Philip King.    Plaintiffs' counsel declined to withdraw the

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-6395-7568.1
11317-242

- 2 -

2:16-cv-02129-SJO-RAO

DECLARATION OF JACOB SONG

1 | Declaration of Philip King, and indicated that they would oppose the City's motion
2 | to strike.

3 |     10.     Later, Plaintiffs' counsel offered to "supplement" Mr. King's
4 | declaration. However, given that the City's opposition was due less than 24 hours
5 | from Plaintiffs' offer to "supplement," and the City had no choice but to decline the
6 | proposal, as agreeing to it would have resulted in substantial prejudice to the City
7 | and all defendants. Attached hereto as Exhibit 8 is a true and correct copy of the
8 | correspondence referenced.

9 |     I declare under penalty of perjury under the laws of the United States of
10 | America that the foregoing is true and correct. Executed on January 20, 2017 at
11 | Irvine, California.

13 | /s/ *Jacob Song*
14 | JACOB SONG

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-6395-7568.1
11317-242

- 3 -

2:16-cv-02129-SJO-RAO

DECLARATION OF JACOB SONG

# Exhibit "1"

Exhibit 1 Page 1 of 192

1   EDWIN J. RICHARDS (SBN 43855)
    Email: Ed.Richards@kutakrock.com
2   ANTOINETTE P. HEWITT (SBN 181099)
    Email: Antoinette.hewitt@kutakrock.com
3   CHRISTOPHER D. GLOS (SBN 210877)
    Email: Christopher.Glos@kutakrock.com
4   JACOB SONG (SBN 265371)
    Email: Jacob.Song@kutakrock.com
5   KUTAK ROCK LLP
    Suite 1500
6   5 Park Plaza
    Irvine, CA  92614-8595
7   Telephone:  (949) 417-0999
    Facsimile:   (949) 417-5394
8
9   Attorneys for Defendants
10  CITY OF PALOS VERDES ESTATES and
    CHIEF OF POLICE JEFF KEPLEY
11

12              **UNITED STATES DISTRICT COURT**

13              **CENTRAL DISTRICT OF CALIFORNIA**

14                    **WESTERN DIVISION**

| | |
|---|---|
| 15  CORY SPENCER, an individual; DIANA MILENA REED, an 16  individual; and COASTAL PROTECTION RANGERS, INC., a 17  California non-profit public benefit corporation, 18 | Case No. 2:16-cv-02129-SJO-RAO Assigned to District Judge: Hon. S. James Otero Courtroom: 1 Assigned Discovery: Magistrate Judge: Hon. Rozella A. Oliver |
| 18          Plaintiffs, 19 | |
| 20       v. 21  LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF 22  THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, 23  ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE 24  PAPAYANS, ANGELO FERRARA, FRANK FERRARA, 25  CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES 26  ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his 27  representative capacity; and DOES 1-10, | **[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]** **DEFENDANTS CITY OF PALOS VERDES AND CHIEF OF POLICE JEFF KEPLEY'S INTERROGATORIES SET ONE TO PLAINTIFFS** Complaint Filed:    March 29, 2016 Trial Date:         November 7, 2017 |

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 1 -                    2:16-cv-02129-SJO-RAO

DEFENDANTS CITY OF PALOS VERDES AND CHIEF OF POLICE JEFF KEPLEY'S INTERROGATORIES
SET ONE TO PLAINTIFFS

Exhibit __1__  Page __5__  of 192

1

2          Defendants.

3    **PROPOUNDING PARTY:**    **DEFENDANTS CITY OF PALOS**

4                             **VERDES ESTATES AND CHIEF OF**

5                             **POLICE JEFF KEPLEY ("CITY")**

6    **RESPONDING PARTY:**     **PLAINTIFFS CORY SPENCER, DIANA**

7                             **MILENA REED, COASTAL**

8                             **PROTECTION RANGERS, AND ALL**

9                             **PUTATIVE CLASS MEMBERS**

10                            **("PLAINTIFFS")**

11   **SET:**                  **ONE**

12         Pursuant to Fed. R. Civ. P. 33, the City propounds the following

13   Interrogatories Set One to Plaintiffs. The City directs the following Interrogatories

14   to Plaintiffs, and Fed. R. Civ. P. 33 proscribes the required manner and form of

15   Plaintiffs' responses. In answering the following Interrogatories, Plaintiffs must

16   furnish all information known or available to them, including all information

17   known or available to Plaintiffs' agents, representatives, investigators, and/or

18   attorneys.

19                              **DEFINITIONS**

20         The terms "YOU" or "YOUR" refers to and shall mean Plaintiffs Cory

21   Spencer, Diana Milena Reed, and Coastal Protection Rangers, including all agents,

22   representatives, investigators, and/or attorneys.

23         The term "ACTION" shall refer to the lawsuit pending in the United States

24   District Court, Central District of California, assigned Case No. 2:16-cv-02129–

25   SJO—RAO, entitled *Cory Spencer, et al. v. Lunada Bay Boys, et al.*

26         The term "COMPLAINT" shall refer to the operative complaint in ACTION

27   at the time the Responses are served.

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

                              - 2 -              2:16-cv-02129-SJO-RAO
─────────────────────────────────────────────────────────────────
DEFENDANTS CITY OF PALOS VERDES AND CHIEF OF POLICE JEFF KEPLEY'S INTERROGATORIES
                         SET ONE TO PLAINTIFFS

1      The term "CLASS REPRESENTATIVES" shall refer to named Plaintiffs

2  Cory Spencer and Diana Milena Reed as set forth in Paragraph 3 under the section

3  titled "Relief" in the COMPLAINT.

4      The terms "COMMUNICATIONS" and "COMMUNICATE" shall mean any

5  verbal, written or electronic communication or correspondence.

6      The terms "DESCRIBE" when used in reference to facts, shall mean to state

7  those relevant facts to the extent of YOUR present knowledge and those which

8  YOU can ascertain by a reasonable search and to IDENTIFY all PERSONS with

9  knowledge of such facts and all DOCUMENTS relating to such facts.

10      The terms "RELATING TO," "RELATED," "RELATION TO," "RELATE

11  TO," "WHICH RELATE TO," "PERTAINING TO," "PERTAINS," or "WHICH

12  PERTAINS TO" mean, evidences, constitutes, refers to, contains, embodies,

13  evidences, reflects, contradicts, refutes, identifies, states, deals with, bears upon, or

14  is in any way logically or factually connected with any matter described.

15      The terms "DOCUMENT" or "DOCUMENTS" mean any kind of written,

16  typewritten, printed, recorded, computer produced or graphic material, however

17  produced or reproduced, including without limitation, agreements, affidavits,

18  statements, applications, brochures, drawings, graphs, photographs, microfilms,

19  notes, summaries, memoranda, letters, telegrams, mailgrams, calendars,

20  appointment books, newspaper or periodical articles and/or advertisements,

21  pamphlets, reports, bulletins, prospectuses, summaries or recordings of telephone or

22  other conversations, summaries or recordings of personal conversations, statements,

23  enclosures, diaries, notebooks, minutes, summaries and/or reports of negotiations or

24  investigations, analyses, projects, books, ledger sheets, accounts, journals, checks,

25  receipts, publications, contracts, records, tapes, e-mail or electronic mail (whether

26  in hard copy form or as stored on disk or computer hard drive), transcripts of

27  records, video or audio recordings, computer tapes or disks, computer printouts and

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 3 -                    2:16-cv-02129-SJO-RAO

DEFENDANTS CITY OF PALOS VERDES AND CHIEF OF POLICE JEFF KEPLEY'S INTERROGATORIES
SET ONE TO PLAINTIFFS

Exhibit __1__ Page __7__ of 192

1  business records and further includes without limitation originals, copies, drafts
2  and/or any other writings or magnetic media such as tape or computer disk.

3      The term "IDENTIFY," when used in reference to a PERSON, shall mean to
4  provide a full name, ADDRESS, telephone number, and email address.

5      The term "IDENTIFY," when used in reference to a DOCUMENT, means to
6  state the type of documents, e.g., letter, memoranda, telegram, chart, etc., and some
7  means of identifying it, its present location and custodian.  If any such document
8  was but is no longer in your possession or subject to your control, state what
9  disposition was made of it.  Whenever an interrogatory asks for the description or
10  identification of a DOCUMENT, a copy of such document may be attached to the
11  answer to the interrogatory rather than describing it in accordance with the
12  foregoing definition.

13      The term "IDENTIFY," when used in reference to a communication, means
14  to state the parties to such communication, the medium of such communication,
15  i.e., telephonic, letter, etc., the date of such communication, and the subject matter
16  and substance of such communication.

17      The term "ANY" includes and encompasses "all".

18                          **INTERROGATORIES**

19  **INTERROGATORY NO. 1:**

20      DESCRIBE with specificity all facts and contentions regarding all objective
21  criteria necessary to ascertain/define the number and identities of putative class
22  members as it specifically relates to YOUR claims against the City, including your
23  allegation in Paragraph 30 of the COMPLAINT that the putative class is no
24  numerous that joinder of all members is impracticable, and provide the following
25  information:

26      a.      IDENTIFY all putative class members YOU have identified
27  specifically related to YOUR claims against the City, including all known contact
28  information;

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

1       b.     DESCRIBE with specificity whether YOU have communicated with

2  ANY putative class members identified in subpart (a), the date(s) of all such

3  communications, if any, and the subject matter of any such communications;

4       b.     For each putative class member identified in subpart (a), DESCRIBE

5  with specificity the nature of ANY harm/injury/wrongful conduct that forms the

6  basis for the inclusion of each putative class member in this ACTION, including all

7  persons involved, the dates on which ANY harm/injury/wrongful conduct occurred,

8  the location where ANY harm/injury/wrongful conduct occurred, and whether said

9  harm/injury/wrongful conduct was reported to ANY law enforcement agency;

10      c.     IDENTIFY all DOCUMENTS relating to any harm/injury/wrongful

11  conduct set forth in subpart (b);

12      d.     DESCRIBE with specificity the geographic location/domicile of all

13  putative class members;

14      e.     IDENTIFY each putative class member whose declaration/affidavit

15  YOU intend to file in support of any motion for class certification, DESCRIBE

16  with specificity the specific subject matter of any such declaration/affidavit, and

17  indicate whether each putative class member identified by YOU is currently

18  represented by the law firm of Otten Law PC or Hanson Bridgett LLP.

19      f.     State whether each putative class member and the specific subject of

20  information known described in subparts (a) and (b) and/or the DOCUMENTS

21  identified in subpart (c) were provided in YOUR Initial Disclosures originally

22  served on August 19, 2016.

23  **INTERROGATORY NO. 2:**

24      DESCRIBE and explain with specificity all facts and contentions YOU assert

25  regarding all questions of law or fact—if any—that YOU contend are common to

26  the putative class (as that term is defined by Fed. R. Civ. P. 23 (a)(2)) as

27  specifically related to YOUR claims against the City, and provide the following

28  information:

- 5 -            2:16-cv-02129-SJO-RAO

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

DEFENDANTS CITY OF PALOS VERDES AND CHIEF OF POLICE JEFF KEPLEY'S INTERROGATORIES
SET ONE TO PLAINTIFFS

Exhibit 1   Page 9 of 192

1      a.    IDENTIFY all DOCUMENTS that YOU contend support YOUR

2  response to this Interrogatory;

3      b.    IDENTIFY all witnesses that YOU contend support YOUR response

4  to this Interrogatory, and DESCRIBE all information known by each identified

5  witness.

6      c.    State whether the DOCUMENTS identified in subpart (a) and/or the

7  witnesses identified in subpart (b) were provided in YOUR Initial Disclosures

8  originally served on August 19, 2016.

9  **INTERROGATORY NO. 3:**

10      DESCRIBE and explain with specificity all facts and contentions YOU assert

11  regarding why the CLASS REPRESENTATIVES' Third Cause of Action—42

12  U.S.C. § 1983—Equal Protection asserted against the City is "typical" (as that term

13  is defined by Fed. R. Civ. P. (a)(3)) of each member of the putative class as

14  specifically related to YOUR claims against the City, and provide the following

15  information:

16      a.    IDENTIFY all DOCUMENTS that YOU contend support YOUR

17  response to this Interrogatory.

18      b.    IDENTIFY all witnesses that YOU contend support YOUR response

19  to this Interrogatory, and DESCRIBE all information known by each identified

20  witness.

21      c.    DESCRIBE with specificity the constitutional deprivation alleged by

22  each of the CLASS REPRESENTATIVES.

23      d.    DESCRIBE with specificity the constitutional deprivation alleged by

24  each putative class member with whom YOU, or ANY of YOUR representatives,

25  attorneys, or agents have communications.

26      d.    State whether the DOCUMENTS identified in subpart (a) and/or the

27  witnesses identified in subpart (b) were provided in YOUR Initial Disclosures

28  originally served on August 19, 2016.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

DEFENDANTS CITY OF PALOS VERDES AND CHIEF OF POLICE JEFF KEPLEY'S INTERROGATORIES
SET ONE TO PLAINTIFFS

Exhibit 1 Page 10 of 192

1  **INTERROGATORY NO. 4:**

2  DESCRIBE and explain with specificity all facts and contentions YOU assert

3  regarding why the CLASS REPRESENTATIVES can "fairly and adequately" (as

4  that term is defined by Fed. R. Civ. P. 23(a)(4)) protect the interests of the putative

5  class as specifically related to YOUR claims against the City, and provide the

6  following information:

7  a.  IDENTIFY all DOCUMENTS that YOU contend support YOUR

8  response to this Interrogatory.

9  b.  IDENTIFY all witnesses that YOU contend support YOUR response

10  to this Interrogatory, and DESCRIBE all information known by each identified

11  witness.

12  c.  State whether the DOCUMENTS identified in subpart (a) and/or the

13  witnesses identified in subpart (b) were provided in YOUR Initial Disclosures

14  originally served on August 19, 2016.

15  **INTERROGATORY NO. 5:**

16  DESCRIBE and explain with specificity all facts and contentions YOU assert

17  under Fed. R. Civ. P. 23(b)(2) that the City has acted or refused to act in a manner

18  applicable to the putative class generally, thereby making injunctive or declaratory

19  relief appropriate with respect to the class as a whole as specifically related to

20  YOUR claims against the City, and provide the following information:

21  a.  IDENTIFY all DOCUMENTS that YOU contend support YOUR

22  response to this Interrogatory.

23  b.  IDENTIFY all witnesses that YOU contend support YOUR response

24  to this Interrogatory, and DESCRIBE all information known by each identified

25  witness.

26  c.  State whether the DOCUMENTS identified in subpart (a) and/or the

27  witnesses identified in subpart (b) were provided in YOUR Initial Disclosures

28  originally served on August 19, 2016.

- 7 -                                    2:16-cv-02129-SJO-RAO

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

DEFENDANTS CITY OF PALOS VERDES AND CHIEF OF POLICE JEFF KEPLEY'S INTERROGATORIES
SET ONE TO PLAINTIFFS

Exhibit __|__ Page __||__ of 192

**INTERROGATORY NO. 6:**

DESCRIBE and explain with specificity all facts and contentions YOU assert under Fed. R. Civ. P. 23(b)(3) that questions of law and/or fact common to putative class members predominate over any questions affecting individual putative class members, and provide the following information:

a. IDENTIFY all DOCUMENTS that YOU contend support YOUR response to this Interrogatory.

b. IDENTIFY all witnesses that YOU contend support YOUR response to this Interrogatory, and DESCRIBE all information known by each identified witness.

c. State whether the DOCUMENTS identified in subpart (a) and/or the witnesses identified in subpart (b) were provided in YOUR Initial Disclosures originally served on August 19, 2016.

Dated: September 30, 2016          KUTAK ROCK LLP


By: /s/ *Jacob Song*
    Edwin J. Richards
    Antoinette P. Hewitt
    Christopher D. Glos
    Jacob Song
    Attorneys for Defendants
    CITY OF PALOS VERDES ESTATES
    and CHIEF OF POLICE JEFF KEPLEY

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 8 -                           2:16-cv-02129-SJO-RAO
DEFENDANTS CITY OF PALOS VERDES AND CHIEF OF POLICE JEFF KEPLEY'S INTERROGATORIES
SET ONE TO PLAINTIFFS
Exhibit __1__ Page __12__ of 192

# PROOF OF SERVICE

*Cory Spencer, et al v. Lunada Bay Boys, et al.*

USDC, Central District, Western Division Case No.: 2:16-cv-02129-SJO (RAOx)

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the City of Irvine in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1500, Irvine, California 92614.

    On **September 30, 2016**, I served on all interested parties as identified on the below mailing list the following document(s) described as:

## DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S INTERROGATORIES SET ONE TO PLAINTIFFS

[X]   **(BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this(these) document(s) will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]   **(BY ELECTRONIC MAIL)** The above document was served electronically on the parties appearing on the service list associated with this case. A copy of the electronic mail transmission[s] will be maintained with the proof of service document. .

### SEE ATTACHED SERVICE LIST

[X]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 30, 2016**, at Irvine, California.

Danielle Weber

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

| 1 | **SERVICE LIST** | |
|---|---|---|
| 2 | Kurt A. Franklin, Esq. | Attorneys for Plaintiffs |
| 3 | Samantha Wolff, Esq.<br>Caroline Lee, Esq. | Telephone: (415) 442-3200 |
| 4 | HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor | Facsimile: (415) 541-9366 |
| 5 | San Francisco, CA 94105 | kfranklin@hansonbridgett.com |
| 6 | | swolff@hansonbridgett.com<br>clee@hansonbridgett.com |
| 7 | | |
| 8 | Tyson M. Shower, Esq. | Attorneys for Plaintiffs |
| 9 | Landon D. Bailey, Esq.<br>HANSON BRIDGETT LLP | Telephone: (916) 442-3333 |
| 10 | 500 Capitol Mall, Suite 1500 | Facsimile: (916) 442-2348 |
| 11 | Sacramento, CA 95814 | tshower@hansonbridgett.com |
| 12 | | lbailey@hansonbridgett.com |
| 13 | Victor Otten, Esq. | Attorneys for Plaintiffs |
| 14 | Kavita Tekchandani, Esq.<br>OTTEN LAW PC | Telephone: (310) 378-8533 |
| 15 | 3620 Pacific Coast Highway, #100 | Facsimile: (310) 347-4225 |
| 16 | Torrance, CA 90505 | vic@ottenlawpc.com |
| 17 | | kavita@ottenlawpc.com |
| 18 | | |
| 19 | Robert T. Mackey, Esq.<br>Peter H. Crossin, Esq. | Attorneys for Defendant BRANT<br>BLAKEMAN |
| 20 | Richard P. Dieffenbach, Esq.<br>John P. Worgul, Esq. | Telephone: (213) 381-2861 |
| 21 | VEATCH CARLSON, LLP | Facsimile: (213) 383-6370 |
| 22 | 1055 Wilshire Boulevard, 11th Floor<br>Los Angeles, CA 90017 | rmackey@veatchfirm.com |
| 23 | | pcrossin@veatchfirm.com |
| 24 | | rdieffenbach@veatchfirm.com<br>jworgul@veatchfirm.com |
| 25 | Robert S. Cooper, Esq. | Attorney for Defendant BRANT |
| 26 | BUCHALTER NEMER, APC | BLAKEMAN |
| 27 | 1000 Wilshire Blvd., Ste. 1500<br>Los Angeles, CA 90017 | Telephone: (213) 891-5230 |
| 28 | | Facsimile: (213) 896-0400 |

| | |
|---|---|
| | rcooper@buchalter.com |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant ALAN JOHNSTON aka JALIAN JOHNSTON<br><br>Telephone: (310) 526-2237<br>Facsimile: (310) 526-2237<br><br>pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |
| Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant MICHAEL RAY PAPAYANS<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br><br>peter@hblwfirm.us<br>peter@havenlaw.com |
| Mark C. Fields<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants ANGELO FERRARA; N.F. appearing through [Proposed] Guardian Ad Litem, Leonora Ferrara Attorney for Petitioner<br><br>Telephone: (213) 948-2349<br><br>fields@markfieldslaw.com |
| Thomas M. Phillips, Esq.<br>Aaron G. Miller<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant ANGELO FERRARA<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br>tphillips@thephillipsfirm.com |
| Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tera Lutz, Esq. | Attorney for Defendant SANG LEE<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900 |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1                    - 2 -                    2:16-cv-02129-SJO-RAO
PROOF OF SERVICE
Exhibit 1  Page 15 of 192

| | |
|---|---|
| 1 LEWIS BRISBOIS BISGAARD & SMITH LLP 633 W. 5th Street, Suite 4000 Los Angeles, CA 90071 | Dana.Fox@lewisbrisbois.com Edward.Ward@lewisbrisbois.com Eric.Kizirian@lewisbrisbois.com Tera.Lutz@lewisbrisbois.com |
| 5 Daniel M. Crowley, Esq. BOOTH, MITCHEL & STRANGE 707 Wilshire Boulevard, Suite 4450 Los Angeles, CA 90017 | Co-Counsel for Defendant SANG LEE Telephone: (213) 738-0100 Facsimile: (213) 380-3308 dmcrowley@boothmitchel.com |
| 10 Patrick Au, Esq. Laura L. Bell, Esq. BREMER WHYTE BROWN & O'MEARA 21271 Burbank Boulevard, Suite 110 Woodland Hills, CA 91367 | Attorneys for Defendants FRANK FERRARA and CHARLIE FERRARA Telephone: (818) 712-9800 Facsimile: (818) 712-9900 pau@bremerwhyte.com lbell@bremerwhyte.com |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1                    - 3 -                    2:16-cv-02129-SJO-RAO
PROOF OF SERVICE

Exhibit __1__ Page _16_ of 192

# Exhibit "2"

Exhibit 2 Page 17 of 192

1   EDWIN J. RICHARDS (SBN 43855)
    Email: Ed.Richards@kutakrock.com
2   ANTOINETTE P. HEWITT (SBN 181099)
    Email: Antoinette.hewitt@kutakrock.com
3   CHRISTOPHER D. GLOS (SBN 210877)
    Email: Christopher.Glos@kutakrock.com
4   JACOB SONG (SBN 265371)
    Email: Jacob.Song@kutakrock.com
5   KUTAK ROCK LLP
    Suite 1500
6   5 Park Plaza
7   Irvine, CA 92614-8595
    Telephone:  (949) 417-0999
8   Facsimile:   (949) 417-5394

9   Attorneys for Defendants
10  CITY OF PALOS VERDES ESTATES and
    CHIEF OF POLICE JEFF KEPLEY
11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                    WESTERN DIVISION

15  CORY SPENCER, an individual;          Case No.  2:16-cv-02129-SJO-RAO
    DIANA MILENA REED, an
16  individual; and COASTAL              Assigned to
    PROTECTION RANGERS, INC., a          District Judge:  Hon. S. James Otero
17  California non-profit public benefit  Courtroom: 1
    corporation,
18                                        Assigned Discovery:
                    Plaintiffs,          Magistrate Judge:  Hon. Rozella A. Oliver
19
            v.                           [EXEMPT FROM FILING FEES
20                                       PURSUANT TO GOVERNMENT CODE
    LUNADA BAY BOYS; THE                 § 6103]
21  INDIVIDUAL MEMBERS OF
    THE LUNADA BAY BOYS,                 DEFENDANT CITY OF PALOS
22  including but not limited to SANG     VERDES INTERROGATORIES SET
    LEE, BRANT BLAKEMAN,                 ONE TO PLAINTIFF DIANA
23  ALAN JOHNSTON aka JALIAN             MILENA REED
    JOHNSTON, MICHAEL RAE
24  PAPAYANS, ANGELO
    FERRARA, FRANK FERRARA,
25  CHARLIE FERRARA and N.F.;            Complaint Filed:      March 29, 2016
    CITY OF PALOS VERDES                 Trial Date:           November 7, 2017
26  ESTATES; CHIEF OF POLICE
    JEFF KEPLEY, in his
27  representative capacity; and DOES
    1-10,
28
                                         - 1 -                  2:16-cv-02129-SJO-RAO
KUTAK ROCK LLP
ATTORNEYS AT LAW    DEFENDANT CITY OF PALOS VERDES' INTERROGATORIES SET ONE TO PLAINTIFF DIANA MILENA
IRVINE                                          REED

Exhibit 2  Page 18 of 192

1
2

Defendants.

3    **PROPOUNDING PARTY:    DEFENDANT CITY OF PALOS**
4                                            **VERDES ESTATES ("CITY")**
5    **RESPONDING PARTY:    PLAINTIFF DIANA MILENA REED**
6                                            **("PLAINTIFF")**
7    **SET:**                        **ONE**

8        Pursuant to Fed. R. Civ. P. 33, the City propounds the following

9    Interrogatories Set One to Plaintiff. The City directs the following Interrogatories

10   to Plaintiff, and Fed. R. Civ. P. 33 proscribes the required manner and form of

11   Plaintiff's responses. In answering the following Interrogatories, Plaintiff must

12   furnish all information known or available, including all information known or

13   available to Plaintiff's agents, representatives, investigators, and/or attorneys.

14                              **DEFINITIONS**

15       The terms "YOU" or "YOUR" refers to and shall mean Plaintiff Diana

16   Milena Reed, including all agents, representatives, investigators, and/or attorneys.

17       The term "ACTION" shall refer to the lawsuit pending in the United States

18   District Court, Central District of California, assigned Case No. 2:16-cv-02129–

19   SJO—RAO, entitled *Cory Spencer, et al. v. Lunada Bay Boys, et al.*

20       The term "COMPLAINT" shall refer to the operative complaint in ACTION

21   at the time the Responses are served.

22       The term "CLASS REPRESENTATIVES" shall refer to named Plaintiffs

23   Cory Spencer and Diana Milena Reed as set forth in Paragraph 3 under the section

24   titled "Relief" in the COMPLAINT.

25       The terms "COMMUNICATIONS" and "COMMUNICATE" shall mean any

26   verbal, written or electronic communication or correspondence.

27       The terms "DESCRIBE" when used in reference to facts, shall mean to state

28   those relevant facts to the extent of YOUR present knowledge and those which

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 2 -                    2:16-cv-02129-SJO-RAO

Exhibit 2  Page 19 of 192

1   YOU can ascertain by a reasonable search and to IDENTIFY all PERSONS with
2   knowledge of such facts and all DOCUMENTS relating to such facts. .

3       The terms "RELATING TO," "RELATED," "RELATION TO," "RELATE
4   TO," "WHICH RELATE TO," "PERTAINING TO," "PERTAINS," or "WHICH
5   PERTAINS TO" mean, evidences, constitutes, refers to, contains, embodies,
6   evidences, reflects, contradicts, refutes, identifies, states, deals with, bears upon, or
7   is in any way logically or factually connected with any matter described.

8       The terms "DOCUMENT" or "DOCUMENTS" mean any kind of written,
9   typewritten, printed, recorded, computer produced or graphic material, however
10  produced or reproduced, including without limitation, agreements, affidavits,
11  statements, applications, brochures, drawings, graphs, photographs, microfilms,
12  notes, summaries, memoranda, letters, telegrams, mailgrams, calendars,
13  appointment books, newspaper or periodical articles and/or advertisements,
14  pamphlets, reports, bulletins, prospectuses, summaries or recordings of telephone or
15  other conversations, summaries or recordings of personal conversations, statements,
16  enclosures, diaries, notebooks, minutes, summaries and/or reports of negotiations or
17  investigations, analyses, projects, books, ledger sheets, accounts, journals, checks,
18  receipts, publications, contracts, records, tapes, e-mail or electronic mail (whether
19  in hard copy form or as stored on disk or computer hard drive), transcripts of
20  records, video or audio recordings, computer tapes or disks, computer printouts and
21  business records and further includes without limitation originals, copies, drafts
22  and/or any other writings or magnetic media such as tape or computer disk.

23      The term "IDENTIFY," when used in reference to a PERSON, shall mean to
24  provide a full name, ADDRESS, telephone number, and email address.

25      The term "IDENTIFY," when used in reference to a DOCUMENT, means to
26  state the type of documents, e.g., letter, memoranda, telegram, chart, etc., and some
27  means of identifying it, its present location and custodian. If any such document
28  was but is no longer in your possession or subject to your control, state what

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

-3-                                    2:16-cv-02129-SJO-RAO

DEFENDANT CITY OF PALOS VERDES' INTERROGATORIES SET ONE TO PLAINTIFF DIANA MILENA
REED

Exhibit _2_ Page _20_ of 192

1   disposition was made of it. Whenever an interrogatory asks for the description or

2   identification of a DOCUMENT, a copy of such document may be attached to the

3   answer to the interrogatory rather than describing it in accordance with the

4   foregoing definition.

5       The term "IDENTIFY," when used in reference to a communication, means

6   to state the parties to such communication, the medium of such communication,

7   i.e., telephonic, letter, etc., the date of such communication, and the subject matter

8   and substance of such communication.

9       The term "ANY" includes and encompasses "all".

10                          **INTERROGATORIES**

11  **INTERROGATORY NO. 1:**

12      DESCRIBE with specificity all facts and contentions regarding all objective

13  criteria necessary to ascertain/define the number and identities of putative class

14  members as it specifically relates to YOUR claims against the City, including your

15  allegation in Paragraph 30 of the COMPLAINT that the putative class is no

16  numerous that joinder of all members is impracticable, and provide the following

17  information:

18      a.      IDENTIFY all witnesses that YOU contend support YOUR response

19  to this Interrogatory, and DESCRIBE all information known by each identified

20  witness.

21  **INTERROGATORY NO. 2:**

22      DESCRIBE and explain with specificity all facts and contentions YOU assert

23  regarding all questions of law or fact—if any—that YOU contend are common to

24  the putative class (as that term is defined by Fed. R. Civ. P. 23 (a)(2)) as

25  specifically related to YOUR claims against the City, and provide the following

26  information:

27      a.      IDENTIFY all witnesses that YOU contend support YOUR response

28  to this Interrogatory, and DESCRIBE all information known by each identified

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 4 -        2:16-cv-02129-SJO-RAO
DEFENDANT CITY OF PALOS VERDES' INTERROGATORIES SET ONE TO PLAINTIFF DIANA MILENA REED

Exhibit _2_ Page _21_ of 192

1  witness.

2  **INTERROGATORY NO. 3:**

3  DESCRIBE and explain with specificity all facts and contentions YOU assert

4  regarding why the CLASS REPRESENTATIVES' Third Cause of Action—42

5  U.S.C. § 1983—Equal Protection asserted against the City is "typical" (as that term

6  is defined by Fed. R. Civ. P. (a)(3)) of each member of the putative class as

7  specifically related to YOUR claims against the City, and provide the following

8  information:

9  a.  IDENTIFY all witnesses that YOU contend support YOUR response

10  to this Interrogatory, and DESCRIBE all information known by each identified

11  witness.

12  **INTERROGATORY NO. 4:**

13  DESCRIBE and explain with specificity all facts and contentions YOU assert

14  regarding why the CLASS REPRESENTATIVES can "fairly and adequately" (as

15  that term is defined by Fed. R. Civ. P. 23(a)(4)) protect the interests of the putative

16  class as specifically related to YOUR claims against the City, and provide the

17  following information:

18  a.  IDENTIFY all witnesses that YOU contend support YOUR response

19  to this Interrogatory, and DESCRIBE all information known by each identified

20  witness.

21  **INTERROGATORY NO. 5:**

22  DESCRIBE and explain with specificity all facts and contentions YOU assert

23  under Fed. R. Civ. P. 23(b)(2) that the City has acted or refused to act in a manner

24  applicable to the putative class generally, thereby making injunctive or declaratory

25  relief appropriate with respect to the class as a whole as specifically related to

26  YOUR claims against the City, and provide the following information:

27  a.  IDENTIFY all witnesses that YOU contend support YOUR response

28  to this Interrogatory, and DESCRIBE all information known by each identified

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

DEFENDANT CITY OF PALOS VERDES' INTERROGATORIES SET ONE TO PLAINTIFF DIANA MILENA REED

Exhibit 2  Page 22 of 192

1  witness.

2  **INTERROGATORY NO. 6:**

3      DESCRIBE and explain with specificity all facts and contentions YOU assert

4  under Fed. R. Civ. P. 23(b)(3) that questions of law and/or fact common to putative

5  class members predominate over any questions affecting individual putative class

6  members, and provide the following information:

7      a.    IDENTIFY all witnesses that YOU contend support YOUR response

8  to this Interrogatory, and DESCRIBE all information known by each identified

9  witness.

10  **INTERROGATORY NO. 7:**

11      For each putative class member of whom YOU are aware, DESCRIBE with

12  specificity the nature of ANY harm/injury/wrongful conduct that forms the basis for

13  the inclusion of each putative class member in this ACTION, including the

14  residence of each putative class member, all persons involved, the dates on which

15  ANY harm/injury/wrongful conduct occurred, the location where ANY

16  harm/injury/wrongful conduct occurred, whether said harm/injury/wrongful

17  conduct was reported to ANY law enforcement agency, and if any such law

18  enforcement report was made, the identity of each such law enforcement agency.

19

20  Dated:  October 31, 2016          KUTAK ROCK LLP

21

22                              By: /s/ *Jacob Song*
                                   Edwin J. Richards
23                                 Antoinette P. Hewitt
                                   Christopher D. Glos
24                                 Jacob Song
                                   Attorneys for Defendants
25                                 CITY OF PALOS VERDES ESTATES
                                   and CHIEF OF POLICE JEFF KEPLEY
26

27

28                          - 6 -                2:16-cv-02129-SJO-RAO
KUTAK ROCK LLP
ATTORNEYS AT LAW    DEFENDANT CITY OF PALOS VERDES' INTERROGATORIES SET ONE TO PLAINTIFF DIANA MILENA
    IRVINE                                    REED

Exhibit __2__ Page __23__ of 192

## PROOF OF SERVICE

*Cory Spencer, et al v. Lunada Bay Boys, et al.*

USDC, Central District, Western Division Case No.: 2:16-cv-02129-SJO (RAOx)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 5 Park Plaza, Suite 1500, Irvine, California 92614.

On **October 31, 2016**, I served on all interested parties as identified on the below mailing list the following document(s) described as:

## DEFENDANTS CITY OF PALOS VERDES ESTATES INTERROGATORIES SET ONE TO PLAINTIFF DIANA MILENA REED

[X]    (BY **PERSONAL SERVICE**) I delivered the foregoing document(s) by hand to the office(s) of the addressee below.

| | |
|---|---|
| Victor Otten, Esq.<br>Kavita Tekchandani, Esq.<br>OTTEN LAW PC<br>3620 Pacific Coast Highway, #100<br>Torrance, CA 90505 | Attorneys for Plaintiffs<br><br>Telephone: (310) 378-8533<br>Facsimile: (310) 347-4225<br><br>vic@ottenlawpc.com<br>kavita@ottenlawpc.com |

[X]    (**BY MAIL, 1013a, 2015.5 C.C.P.**)  I deposited such envelope in the mail at Irvine, California.  The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, this(these) document(s) will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

### SEE ATTACHED SERVICE LIST

[ ]    (**BY ELECTRONIC MAIL**) The above document was served electronically on the parties appearing on the service list associated with this case.  A copy of the electronic mail transmission[s] will be maintained with the proof of service document.

Exhibit 2  Page 24 of 192

1    [ X ]  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

2

3         Executed on **October 31, 2016,** at Irvine, California.

4

5                                Danielle Weber

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1            - 2 -              2:16-cv-02129-SJO-RAO

PROOF OF SERVICE

Exhibit 2 Page 25 of 192

**SERVICE LIST**

| | |
|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Attorneys for Plaintiffs<br><br>Telephone: (415) 442-3200<br>Facsimile: (415) 541-9366<br><br>kfranklin@hansonbridgett.com<br>swolff@hansonbridgett.com<br>clee@hansonbridgett.com |
| Tyson M. Shower, Esq.<br>Landon D. Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | Attorneys for Plaintiffs<br><br>Telephone: (916) 442-3333<br>Facsimile: (916) 442-2348<br><br>tshower@hansonbridgett.com<br>lbailey@hansonbridgett.com |
| Robert T. Mackey, Esq.<br>Peter H. Crossin, Esq.<br>Richard P. Dieffenbach, Esq.<br>John P. Worgul, Esq.<br>VEATCH CARLSON, LLP<br>1055 Wilshire Boulevard, 11th Floor<br>Los Angeles, CA 90017 | Attorneys for Defendant BRANT<br>BLAKEMAN<br><br>Telephone: (213) 381-2861<br>Facsimile: (213) 383-6370<br><br>rmackey@veatchfirm.com<br>pcrossin@veatchfirm.com<br>rdieffenbach@veatchfirm.com<br>jworgul@veatchfirm.com |
| Robert S. Cooper, Esq.<br>BUCHALTER NEMER, APC<br>1000 Wilshire Blvd., Ste. 1500<br>Los Angeles, CA 90017 | Attorney for Defendant BRANT<br>BLAKEMAN<br><br>Telephone: (213) 891-5230<br>Facsimile: (213) 896-0400<br><br>rcooper@buchalter.com |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK<br>CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant ALAN<br>JOHNSTON aka JALIAN JOHNSTON<br><br>Telephone: (310) 526-2237<br>Facsimile: (310) 526-2237 |

Exhibit _2_ Page _26_ of 192

| | |
|---|---|
| | pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |
| Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant MICHAEL RAY PAPAYANS<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br><br>peter@hblwfirm.us<br>peter@havenlaw.com |
| Mark C. Fields<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants ANGELO FERRARA; N.F. appearing through [Proposed] Guardian Ad Litem, Leonora Ferrara Attorney for Petitioner<br><br>Telephone: (213) 948-2349<br><br>fields@markfieldslaw.com |
| Thomas M. Phillips, Esq.<br>Aaron G. Miller<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant ANGELO FERRARA<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br>tphillips@thephillipsfirm.com |
| Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tera Lutz, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Attorney for Defendant SANG LEE<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900<br><br>Dana.Fox@lewisbrisbois.com<br>Edward.Ward@lewisbrisbois.com<br>Eric.Kizirian@lewisbrisbois.com<br>Tera.Lutz@lewisbrisbois.com |
| Daniel M. Crowley, Esq.<br>BOOTH, MITCHEL & STRANGE | Co-Counsel for Defendant SANG LEE |

Exhibit 2  Page 21  of 192

| | |
|---|---|
| 707 Wilshire Boulevard, Suite 4450<br>Los Angeles, CA 90017 | Telephone: (213) 738-0100<br>Facsimile: (213) 380-3308<br><br>dmcrowley@boothmitchel.com |
| Patrick Au, Esq.<br>Laura L. Bell, Esq.<br>BREMER WHYTE BROWN &<br>O'MEARA<br>21271 Burbank Boulevard, Suite 110<br>Woodland Hills, CA 91367 | Attorneys for Defendants FRANK<br>FERRARA and CHARLIE FERRARA<br><br>Telephone: (818) 712-9800<br>Facsimile: (818) 712-9900<br><br>pau@bremerwhyte.com<br>lbell@bremerwhyte.com |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 2 Page 28 of 192

# Exhibit "3"

Exhibit 3 Page 29 of 192

1  EDWIN J. RICHARDS (SBN 43855)
   Email: Ed.Richards@kutakrock.com
2  ANTOINETTE P. HEWITT (SBN 181099)
   Email: Antoinette.hewitt@kutakrock.com
3  CHRISTOPHER D. GLOS (SBN 210877)
   Email: Christopher.Glos@kutakrock.com
4  JACOB SONG (SBN 265371)
   Email: Jacob.Song@kutakrock.com
5  KUTAK ROCK LLP
   Suite 1500
6  5 Park Plaza
   Irvine, CA  92614-8595
7  Telephone:  (949) 417-0999
   Facsimile:   (949) 417-5394
8

9  Attorneys for Defendants
10 CITY OF PALOS VERDES ESTATES and
   CHIEF OF POLICE JEFF KEPLEY
11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14                    WESTERN DIVISION

15 CORY SPENCER, an individual;        Case No.  2:16-cv-02129-SJO-RAO
   DIANA MILENA REED, an
16 individual; and COASTAL            Assigned to
   PROTECTION RANGERS, INC., a        District Judge:  Hon. S. James Otero
17 California non-profit public benefit Courtroom: 1
   corporation,
18                                     Assigned Discovery:
                Plaintiffs,            Magistrate Judge: Hon. Rozella A. Oliver
19
        v.                            [EXEMPT FROM FILING FEES
20                                     PURSUANT TO GOVERNMENT CODE
   LUNADA BAY BOYS; THE               § 6103]
21 INDIVIDUAL MEMBERS OF
   THE LUNADA BAY BOYS,               DEFENDANT CITY OF PALOS
22 including but not limited to SANG   VERDES INTERROGATORIES SET
   LEE, BRANT BLAKEMAN,               ONE TO PLAINTIFF COASTAL
23 ALAN JOHNSTON aka JALIAN           PROTECTION RANGERS
   JOHNSTON, MICHAEL RAE
24 PAPAYANS, ANGELO
   FERRARA, FRANK FERRARA,
25 CHARLIE FERRARA and N.F.;          Complaint Filed:    March 29, 2016
   CITY OF PALOS VERDES              Trial Date:         November 7, 2017
26 ESTATES; CHIEF OF POLICE
   JEFF KEPLEY, in his
27 representative capacity; and DOES
   1-10,
28
                                          - 1 -              2:16-cv-02129-SJO-RAO

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE
      DEFENDANT CITY OF PALOS VERDES' INTERROGATORIES SET ONE TO PLAINTIFF COASTAL
                              PROTECTION RANGERS

Exhibit 4   Page 30 of 192

1
2

Defendants.

3  PROPOUNDING PARTY:   DEFENDANT CITY OF PALOS

4                       VERDES ESTATES ("CITY")

5  RESPONDING PARTY:    PLAINTIFF COASTAL PROTECTION

6                       RANGERS ("PLAINTIFF")

7  SET:                 ONE

8       Pursuant to Fed. R. Civ. P. 33, the City propounds the following

9  Interrogatories Set One to Plaintiff. The City directs the following Interrogatories

10 to Plaintiff, and Fed. R. Civ. P. 33 proscribes the required manner and form of

11 Plaintiff's responses.  In answering the following Interrogatories, Plaintiff must

12 furnish all information known or available, including all information known or

13 available to Plaintiff's agents, representatives, investigators, and/or attorneys.

14                          **DEFINITIONS**

15      The terms "YOU" or "YOUR" refers to and shall mean Plaintiff Coastal

16 Protection Rangers, including all agents, representatives, investigators, and/or

17 attorneys.

18      The term "ACTION" shall refer to the lawsuit pending in the United States

19 District Court, Central District of California, assigned Case No. 2:16-cv-02129–

20 SJO—RAO, entitled *Cory Spencer, et al. v. Lunada Bay Boys, et al.*

21      The term "COMPLAINT" shall refer to the operative complaint in ACTION

22 at the time the Responses are served.

23      The term "CLASS REPRESENTATIVES" shall refer to named Plaintiffs

24 Cory Spencer and Diana Milena Reed as set forth in Paragraph 3 under the section

25 titled "Relief" in the COMPLAINT.

26      The terms "COMMUNICATIONS" and "COMMUNICATE" shall mean any

27 verbal, written or electronic communication or correspondence.

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

-2-                2:16-cv-02129-SJO-RAO

1      The terms "DESCRIBE" when used in reference to facts, shall mean to state
2 those relevant facts to the extent of YOUR present knowledge and those which
3 YOU can ascertain by a reasonable search and to IDENTIFY all PERSONS with
4 knowledge of such facts and all DOCUMENTS relating to such facts.

5      The terms "RELATING TO," "RELATED," "RELATION TO," "RELATE
6 TO," "WHICH RELATE TO," "PERTAINING TO," "PERTAINS," or "WHICH
7 PERTAINS TO" mean, evidences, constitutes, refers to, contains, embodies,
8 evidences, reflects, contradicts, refutes, identifies, states, deals with, bears upon, or
9 is in any way logically or factually connected with any matter described.

10      The terms "DOCUMENT" or "DOCUMENTS" mean any kind of written,
11 typewritten, printed, recorded, computer produced or graphic material, however
12 produced or reproduced, including without limitation, agreements, affidavits,
13 statements, applications, brochures, drawings, graphs, photographs, microfilms,
14 notes, summaries, memoranda, letters, telegrams, mailgrams, calendars,
15 appointment books, newspaper or periodical articles and/or advertisements,
16 pamphlets, reports, bulletins, prospectuses, summaries or recordings of telephone or
17 other conversations, summaries or recordings of personal conversations, statements,
18 enclosures, diaries, notebooks, minutes, summaries and/or reports of negotiations or
19 investigations, analyses, projects, books, ledger sheets, accounts, journals, checks,
20 receipts, publications, contracts, records, tapes, e-mail or electronic mail (whether
21 in hard copy form or as stored on disk or computer hard drive), transcripts of
22 records, video or audio recordings, computer tapes or disks, computer printouts and
23 business records and further includes without limitation originals, copies, drafts
24 and/or any other writings or magnetic media such as tape or computer disk.

25      The term "IDENTIFY," when used in reference to a PERSON, shall mean to
26 provide a full name, ADDRESS, telephone number, and email address.

27      The term "IDENTIFY," when used in reference to a DOCUMENT, means to
28 state the type of documents, e.g., letter, memoranda, telegram, chart, etc., and some

2:16-cv-02129-SJO-RAO

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

DEFENDANT CITY OF PALOS VERDES' INTERROGATORIES SET ONE TO PLAINTIFF COASTAL
PROTECTION RANGERS

Exhibit 3   Page 32 of 192

1   means of identifying it, its present location and custodian. If any such document
2   was but is no longer in your possession or subject to your control, state what
3   disposition was made of it. Whenever an interrogatory asks for the description or
4   identification of a DOCUMENT, a copy of such document may be attached to the
5   answer to the interrogatory rather than describing it in accordance with the
6   foregoing definition.

7       The term "IDENTIFY," when used in reference to a communication, means
8   to state the parties to such communication, the medium of such communication,
9   i.e., telephonic, letter, etc., the date of such communication, and the subject matter
10  and substance of such communication.

11      The term "ANY" includes and encompasses "all".

12                          **INTERROGATORIES**

13  **INTERROGATORY NO. 1:**

14      DESCRIBE with specificity all facts and contentions regarding all objective
15  criteria necessary to ascertain/define the number and identities of putative class
16  members as it specifically relates to YOUR claims against the City, including your
17  allegation in Paragraph 30 of the COMPLAINT that the putative class is no
18  numerous that joinder of all members is impracticable, and provide the following
19  information:

20      a.  IDENTIFY all witnesses that YOU contend support YOUR response
21  to this Interrogatory, and DESCRIBE all information known by each identified
22  witness.

23  **INTERROGATORY NO. 2:**

24      DESCRIBE and explain with specificity all facts and contentions YOU assert
25  regarding all questions of law or fact—if any—that YOU contend are common to
26  the putative class (as that term is defined by Fed. R. Civ. P. 23 (a)(2)) as
27  specifically related to YOUR claims against the City, and provide the following
28  information:

                                                -4-              2:16-cv-02129-SJO-RAO

DEFENDANT CITY OF PALOS VERDES' INTERROGATORIES SET ONE TO PLAINTIFF COASTAL
PROTECTION RANGERS

Exhibit  5   Page  33   of 192

1    a.    IDENTIFY all witnesses that YOU contend support YOUR response

2    to this Interrogatory, and DESCRIBE all information known by each identified

3    witness.

4    **INTERROGATORY NO. 3:**

5    DESCRIBE and explain with specificity all facts and contentions YOU assert

6    regarding why the CLASS REPRESENTATIVES' Third Cause of Action—42

7    U.S.C. § 1983—Equal Protection asserted against the City is "typical" (as that term

8    is defined by Fed. R. Civ. P. (a)(3)) of each member of the putative class as

9    specifically related to YOUR claims against the City, and provide the following

10   information:

11   a.    IDENTIFY all witnesses that YOU contend support YOUR response

12   to this Interrogatory, and DESCRIBE all information known by each identified

13   witness.

14   **INTERROGATORY NO. 4:**

15   DESCRIBE and explain with specificity all facts and contentions YOU assert

16   regarding why the CLASS REPRESENTATIVES can "fairly and adequately" (as

17   that term is defined by Fed. R. Civ. P. 23(a)(4)) protect the interests of the putative

18   class as specifically related to YOUR claims against the City, and provide the

19   following information:

20   a.    IDENTIFY all witnesses that YOU contend support YOUR response

21   to this Interrogatory, and DESCRIBE all information known by each identified

22   witness.

23   **INTERROGATORY NO. 5:**

24   DESCRIBE and explain with specificity all facts and contentions YOU assert

25   under Fed. R. Civ. P. 23(b)(2) that the City has acted or refused to act in a manner

26   applicable to the putative class generally, thereby making injunctive or declaratory

27   relief appropriate with respect to the class as a whole as specifically related to

28   YOUR claims against the City, and provide the following information:

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 5 -                                    2:16-cv-02129-SJO-RAO

DEFENDANT CITY OF PALOS VERDES' INTERROGATORIES SET ONE TO PLAINTIFF COASTAL
PROTECTION RANGERS

Exhibit 5   Page 34   of 192

1       a.    IDENTIFY all witnesses that YOU contend support YOUR response

2    to this Interrogatory, and DESCRIBE all information known by each identified

3    witness.

4    **INTERROGATORY NO. 6:**

5        DESCRIBE and explain with specificity all facts and contentions YOU assert

6    under Fed. R. Civ. P. 23(b)(3) that questions of law and/or fact common to putative

7    class members predominate over any questions affecting individual putative class

8    members, and provide the following information:

9       a.    IDENTIFY all witnesses that YOU contend support YOUR response

10   to this Interrogatory, and DESCRIBE all information known by each identified

11   witness.

12   **INTERROGATORY NO. 7:**

13       For each putative class member of whom YOU are aware, DESCRIBE with

14   specificity the nature of ANY harm/injury/wrongful conduct that forms the basis for

15   the inclusion of each putative class member in this ACTION, including the

16   residence of each putative class member, all persons involved, the dates on which

17   ANY harm/injury/wrongful conduct occurred, the location where ANY

18   harm/injury/wrongful conduct occurred, whether said harm/injury/wrongful

19   conduct was reported to ANY law enforcement agency, and if any such law

20   enforcement report was made, the identity of each such law enforcement agency.

21

22   Dated: October 31, 2016       KUTAK ROCK LLP

23

24                    By: */s/ Jacob Song*
                          Edwin J. Richards

25                       Antoinette P. Hewitt
                          Christopher D. Glos

26                       Jacob Song
                          Attorneys for Defendants

27                       CITY OF PALOS VERDES ESTATES
                          and CHIEF OF POLICE JEFF KEPLEY

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 6 -        2:16-cv-02129-SJO-RAO

Exhibit ___ Page ___ of 192

## PROOF OF SERVICE

*Cory Spencer, et al v. Lunada Bay Boys, et al.*

USDC, Central District, Western Division Case No.: 2:16-cv-02129-SJO (RAOx)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1500, Irvine, California 92614.

On **October 31, 2016,** I served on all interested parties as identified on the below mailing list the following document(s) described as:

### DEFENDANTS CITY OF PALOS VERDES ESTATES INTERROGATORIES SET ONE TO PLAINTIFF COASTAL PROTECTION RANGERS

[X]   (BY **PERSONAL SERVICE**) I delivered the foregoing document(s) by hand to the office(s) of the addressee below.

| | |
|---|---|
| Victor Otten, Esq.<br>Kavita Tekchandani, Esq.<br>OTTEN LAW PC<br>3620 Pacific Coast Highway, #100<br>Torrance, CA 90505 | Attorneys for Plaintiffs<br><br>Telephone: (310) 378-8533<br>Facsimile: (310) 347-4225<br><br>vic@ottenlawpc.com<br>kavita@ottenlawpc.com |

[X]   (BY MAIL, 1013a, 2015.5 C.C.P.)  I deposited such envelope in the mail at Irvine, California.  The envelope was mailed with postage thereon fully prepaid.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this(these) document(s) will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

### SEE ATTACHED SERVICE LIST

[ ]   (BY ELECTRONIC MAIL) The above document was served electronically on the parties appearing on the service list associated with this case.  A copy of the electronic mail transmission[s] will be maintained with the proof of service document.

[ X ]   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **October 31, 2016,** at Irvine, California.

_____
Danielle Weber

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1                          - 2 -                          2:16-cv-02129-SJO-RAO
PROOF OF SERVICE
Exhibit 3  Page 31  of 192

## SERVICE LIST

| | |
|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Attorneys for Plaintiffs<br><br>Telephone: (415) 442-3200<br>Facsimile: (415) 541-9366<br><br>kfranklin@hansonbridgett.com<br>swolff@hansonbridgett.com<br>clee@hansonbridgett.com |
| Tyson M. Shower, Esq.<br>Landon D. Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | Attorneys for Plaintiffs<br><br>Telephone: (916) 442-3333<br>Facsimile: (916) 442-2348<br><br>tshower@hansonbridgett.com<br>lbailey@hansonbridgett.com |
| Robert T. Mackey, Esq.<br>Peter H. Crossin, Esq.<br>Richard P. Dieffenbach, Esq.<br>John P. Worgul, Esq.<br>VEATCH CARLSON, LLP<br>1055 Wilshire Boulevard, 11th Floor<br>Los Angeles, CA 90017 | Attorneys for Defendant BRANT BLAKEMAN<br><br>Telephone: (213) 381-2861<br>Facsimile: (213) 383-6370<br><br>rmackey@veatchfirm.com<br>pcrossin@veatchfirm.com<br>rdieffenbach@veatchfirm.com<br>jworgul@veatchfirm.com |
| Robert S. Cooper, Esq.<br>BUCHALTER NEMER, APC<br>1000 Wilshire Blvd., Ste. 1500<br>Los Angeles, CA 90017 | Attorney for Defendant BRANT BLAKEMAN<br><br>Telephone: (213) 891-5230<br>Facsimile: (213) 896-0400<br><br>rcooper@buchalter.com |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant ALAN JOHNSTON aka JALIAN JOHNSTON<br><br>Telephone: (310) 526-2237<br>Facsimile: (310) 526-2237 |

| | |
|---|---|
| | pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |
| Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant MICHAEL RAY PAPAYANS<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br><br>peter@hblwfirm.us<br>peter@havenlaw.com |
| Mark C. Fields<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants ANGELO FERRARA; N.F. appearing through [Proposed] Guardian Ad Litem, Leonora Ferrara Attorney for Petitioner<br><br>Telephone: (213) 948-2349<br><br>fields@markfieldslaw.com |
| Thomas M. Phillips, Esq.<br>Aaron G. Miller<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant ANGELO FERRARA<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br>tphillips@thephillipsfirm.com |
| Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tera Lutz, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Attorney for Defendant SANG LEE<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900<br><br>Dana.Fox@lewisbrisbois.com<br>Edward.Ward@lewisbrisbois.com<br>Eric.Kizirian@lewisbrisbois.com<br>Tera.Lutz@lewisbrisbois.com |
| Daniel M. Crowley, Esq.<br>BOOTH, MITCHEL & STRANGE | Co-Counsel for Defendant SANG LEE |

KUTAK ROCK LLP<br>ATTORNEYS AT LAW<br>IRVINE

4824-3200-0052.1

- 2 -

2:16-cv-02129-SJO-RAO

PROOF OF SERVICE

Exhibit 3   Page 34 of 192

| 707 Wilshire Boulevard, Suite 4450<br>Los Angeles, CA 90017 | Telephone: (213) 738-0100<br>Facsimile: (213) 380-3308<br><br>dmcrowley@boothmitchel.com |
| Patrick Au, Esq.<br>Laura L. Bell, Esq.<br>BREMER WHYTE BROWN &<br>O'MEARA<br>21271 Burbank Boulevard, Suite 110<br>Woodland Hills, CA 91367 | Attorneys for Defendants FRANK<br>FERRARA and CHARLIE FERRARA<br><br>Telephone: (818) 712-9800<br>Facsimile: (818) 712-9900<br><br>pau@bremerwhyte.com<br>lbell@bremerwhyte.com |

# Exhibit "4"

Exhibit 4  Page 41  of 192

1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   CAROLINE LEE, SBN 293297
4  clee@hansonbridgett.com
   JENNIFER ANIKO FOLDVARY, SBN 292216
5  jfoldvary@hansonbridgett.com
   425 Market Street, 26th Floor
6  San Francisco, California 94105
   Telephone: (415) 777-3200
7  Facsimile:  (415) 541-9366

8  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
9  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
10 lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
11 Sacramento, California 95814
   Telephone: (916) 442-3333
12 Facsimile:  (916) 442-2348

13 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
14 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
15 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
16 Torrance, California 90505
   Telephone: (310) 378-8533
17 Facsimile:  (310) 347-4225

18 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
19 REED, and COASTAL PROTECTION
   RANGERS, INC.

20

21        UNITED STATES DISTRICT COURT

22 CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

23

24 CORY SPENCER, an individual;          CASE NO. 2:16-cv-02129-SJO (RAOx)
   DIANA MILENA REED, an
25 individual; and COASTAL               **PLAINTIFF CORY SPENCER'S**
   PROTECTION RANGERS, INC., a           **RESPONSES TO FIRST SET OF**
26                                        **INTERROGATORIES PROPOUNDED**
   California non-profit public benefit   **BY DEFENDANT CITY OF PALOS**
27 corporation,                          **VERDES ESTATES**

28

1           Plaintiffs,

2       v.

3   LUNADA BAY BOYS; THE
4   INDIVIDUAL MEMBERS OF THE
    LUNADA BAY BOYS, including but
5   not limited to SANG LEE, BRANT
6   BLAKEMAN, ALAN JOHNSTON
7   AKA JALIAN JOHNSTON,
    MICHAEL RAE PAPAYANS,
8   ANGELO FERRARA, FRANK
9   FERRARA, CHARLIE FERRARA,
    and N. F.; CITY OF PALOS
10  VERDES ESTATES; CHIEF OF
11  POLICE JEFF KEPLEY, in his
    representative capacity; and DOES
12  1-10,

13          Defendants.

14  _____

15  PROPOUNDING PARTY: Defendant CITY OF PALOS VERDES ESTATES

16  RESPONDING PARTY:    Plaintiff CORY SPENCER

17  SET NO.:                One

18       Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff

19  CORY SPENCER ("Responding Party") hereby submits these objections

20  and responses to the First Set of Interrogatories propounded by Defendant

21  CITY OF PALOS VERDES ESTATES ("Propounding Party").

22                   **PRELIMINARY STATEMENT**

23       Nothing in this response should be construed as an admission by

24  Responding Party with respect to the admissibility or relevance of any fact,

25  or of the truth or accuracy of any characterization or statement of any kind

26  contained in Propounding Party's Interrogatories.  Responding Party has not

27  completed his investigation of the facts relating to this case, his discovery or

28

1 | his preparation for trial. All responses and objections contained herein are
2 | based only upon information that is presently available to and specifically
3 | known by Responding Party. It is anticipated that further discovery,
4 | independent investigation, legal research and analysis will supply additional
5 | facts and add meaning to known facts, as well as establish entirely new
6 | factual conclusions and legal contentions, all of which may lead to
7 | substantial additions to, changes in and variations from the responses set
8 | forth herein. The following objections and responses are made without
9 | prejudice to Responding Party's right to produce at trial, or otherwise,
10 | evidence regarding any subsequently discovered information. Responding
11 | Party accordingly reserves the right to modify and amend any and all
12 | responses herein as research is completed and contentions are made.
13 |
14 | ### RESPONSES TO INTERROGATORIES
15 | **INTERROGATORY NO. 1:**
16 | DESCRIBE with specificity all facts and contentions regarding all
17 | objective criteria necessary to ascertain/define the number and identities of
18 | putative class members as it specifically relates to YOUR claims against the
19 | City, including your allegation in Paragraph 30 of the COMPLAINT that the
20 | putative class is so numerous that joinder of all members is impracticable,
21 | and provide the following information:
22 | a. IDENTIFY all witnesses that YOU contend support YOUR
23 | response to this Interrogatory, and DESCRIBE all information known by
24 | each identified witness.
25 | **RESPONSE TO INTERROGATORY NO. 1:**
26 | Responding Party objects to this interrogatory as harassing and
27 | duplicative of information disclosed in Responding Party's Rule 26(a)
28 | disclosures and supplemental disclosures. Propounding Party may look to

1  Responding Party's Rule 26(a) disclosures and supplemental disclosures for
2  the information sought by this interrogatory.  Moreover, Responding Party
3  had the opportunity to depose Mr. Spencer on this topic.
4       Responding Party further objects to this interrogatory in that it is
5  unduly burdensome to the extent it asks Plaintiff to identify all witnesses with
6  information pertaining to the identity of the class.  The putative class
7  consists of thousands, likely millions, of beachgoers.  It would be unduly
8  burdensome to require Plaintiffs to identify thousands of people and
9  describe all information known to each witness.
10      Responding Party further objects to this interrogatory as compound.
11 This interrogatory contains multiple impermissible subparts in violation of
12 Federal Rule of Civil Procedure 33(a)(1).
13      Responding Party further objects to this interrogatory on the grounds it
14 is vague and ambiguous as to the meaning of the term "objective criteria
15 necessary to ascertain/define the number and identities."
16      Responding Party further objects to this interrogatory to the extent that
17 it seeks information that is outside of Responding Party's knowledge.
18      Responding Party further objects to the extent that this interrogatory
19 invades attorney-client privilege and/or violates the work product doctrine by
20 compelling Responding Party to disclose privileged communications and/or
21 litigation strategy.  Responding Party will not provide any such information.
22      Responding Party further objects to this interrogatory as premature.
23 Because this interrogatory seeks or necessarily relies upon a contention,
24 and because this matter is in its early stages and pretrial discovery has only
25 just begun, Responding Party is unable to provide a complete response at
26 this time, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et*
27 *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
28 *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*

1   *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
2   interrogatory need not be answered until designated discovery is complete,
3   or until a pretrial conference or some other time.").

4        Subject to the foregoing objections, Responding Party responds as
5   follows:

6        The putative equitable-relief class consists of thousands, and
7   potentially millions, of would-be out-of area beachgoers who have the right
8   to visit Lunada Bay under state and federal law but who are deterred due to
9   the Individual Defendants' and Bay Boys' actions and/or the Palos Verdes
10  Estates Police Department's complicity. This putative class includes people
11  who have wanted to visit Lunada Bay but have never done so out of fear of
12  the beach's localized reputation and the City's complicity in unlawful
13  exclusivity. The putative class also includes those who have visited the
14  beach only to be harassed, assaulted, threatened, battered, and/or had their
15  personal items vandalized. Many class members have filed police reports,
16  only to have no action taken by the police to identify or arrest the
17  aggressor(s). Others have been dissuaded by the police from filing a report.
18  This conduct has endured for decades. The class out-of-area beachgoers is
19  a diverse group, all who seek safe beach access to Palos Verdes Estates
20  beaches and Lunada Bay regardless of where they live, and regardless of
21  their race, national origin, ethnic group identification, religion, age, sex,
22  sexual orientation, color, genetic information, disability, or income.

23       Next, damages associated with Plaintiff's civil rights claim against the
24  City are incidental, as Plaintiff primarily seeks equitable relief under Federal
25  Rule of Civil Procedure 23(b)(2). *Parsons v. Ryan*, 754 F.3d 657, 686 (9th
26  Cir. 2014) (FRCP 23(b)(2) is particularly appropriate for civil rights class
27  actions). Rule 23(b)(2) does not have an "ascertainability" requirement.
28  *See, e.g., Shelton v. Biedsoe*, 775 F.3d 554, 559 (3d Cir. 2015); *Bee,*

1 | *Denning, Inc. v. Capital Alliance Group*, 2016 WL 3952153 at *4 (S.D. Cal.
2 | July 21, 2016); *In re Yahoo Mail Litigation*, 308 F.R.D. 577, 597-598 (N.D.
3 | Cal. 2015); *see also P.P. v. Compton Unified School District*, 2015 WL
4 | 5752770 at *23-24 (C.D. Cal. Sept. 29, 2015).  Similarly, with respect to
5 | numerosity, "it is well settled that a plaintiff need not allege the exact number
6 | or specific identity of proposed class members." *Newberg on Class Actions*,
7 | § 3:13 (5th ed.).

8 | Plaintiff notes that the City is in possession of information needed to
9 | identify those putative class members who have filed police reports
10 | pertaining to acts of aggression, intimidation, harassment, assault,
11 | vandalism and battery occurring at Lunada Bay.  Similarly, the City should
12 | maintain records of complaints received from members of the public
13 | pertaining to such conduct, but who were dissuaded from filing a police
14 | report.

15 | Finally, in terms of persons that stand to benefit from the equitable
16 | relief Plaintiff seeks, Plaintiff currently estimates that a class of out-of area
17 | "non-local" beachgoers may include more than 23,754,141 Southern
18 | California residents, which equates to the populations of Los Angeles,
19 | Orange, Ventura, San Diego, Santa Barbara, San Luis Obispo, Kern, San
20 | Bernardino, Riverside, and Imperial Counties combined, less the number of
21 | residents of Palos Verdes Estates.

22 | With respect to subpart (a) of this Interrogatory, Plaintiff identified 105
23 | witnesses in its Supplemental Disclosures and described the information
24 | within the witnesses' knowledge.  Plaintiff is in the process of gathering
25 | additional information and will supplement this response as necessary and
26 | appropriate in compliance with the Federal Rules.  Plaintiff also identifies the
27 | following individuals who may have information in support of Plaintiff's
28 | claims:

1    1.    Jim Light and Craig W. Cadwallader who Plaintiffs understand
2  were members of the Executive Committee, South Bay Chapter, Surfrider
3  Foundation, on or about 2002. Contact information for these witnesses can
4  be obtained through the general counsel of the Surfrider Foundation, Angela
5  Howe. It is anticipated that these witnesses can offer testimony regarding
6  the Surfrider Foundation's involvement and/or interaction with the City of
7  PVE and the Localism issue.

8    2.    Geoff Hagins, can be contacted through Plaintiffs' counsel. It is
9  anticipated that Mr. Hagins will offer testimony on the allegations set forth in
10  the Complaint related to Defendant Lunada Bay Boys, the Individual
11  Members of the Lunada Bay Boys and the allegations related to the City and
12  Police Department. Mr. Hagins was accosted by Peter McCollum and
13  several other Bay Boys as reflected in Incident Report 95-0381. Mr. Hagins
14  will offer testimony that he informed the police that he was bringing a Ch 13
15  news crew on the day of the incident and was told "call me if you have any
16  problems." Mr. Hagins will offer testimony that he believes that Officer Blee
17  got in trouble for helping him identify the people involed in the incident. It is
18  also anticipated that Mr. Hagins will offer testimony that he made numerous
19  complaints to the City over the years regarding the treatment of outsiders by
20  the police department. As an activist, it is anticipated that Mr. Hagins will
21  offer testimony regarding surfers from outside of PVE who have reached out
22  to him regarding the allegations set forth in the Complaint.

23    3.    Jason Gersch, can be contacted through Plaintiffs' counsel. It is
24  anticipated that Mr. Gersch, a resident of Lomita, will offer testimony that
25  several years ago, he and three were checking the surf at the top of Bluff
26  Cove in Palos Verdes Estates and were approached by a PVE police officer.
27  The officer asked what they were doing. Mr. Gersch responded by stating
28  "checking the surf," and the officer illegally demanded to see their driver's

-7-    Case No. 2:16-cv-02129-SJO (RAOx)
128134462    SPENCER'S RESP. TO CITY'S FIRST SET OF INTERROGATORIES
Exhibit 4 Page 48 of 192

1  licenses. The officer then stated "you are a long way from home" and "it's
2  getting late so you need to leave." It is anticipated that Mr. Gersch will also
3  offer testimony that after he appeared on television at a Lunada Bay protest
4  organized by Geoff Hagins in 1996, he was detained by PVE police while
5  attending a house party in Lunada Bay. He was illegally held at the police
6  station but not charged. He was released after a couple hours and told him
7  to "walk towards Torrance." He was not permitted to use a phone. Mr.
8  Gersch will also offer testimony regarding several incidents at Lunada Bay
9  involving individual members of the Lunada Bay Boys. This witness will offer
10 testimony that these events made him fearful from surfing Lunada Bay.

11      4.      Ken Claypool, can be contacted through Plaintiffs' counsel. It is
12 anticipated that Mr. Claypool will testify that regarding the allegations set
13 forth in the Complaint related to Defendant Lunada Bay Boys and the
14 Individual Members of the Lunada Bay Boys. This witness will testify about
15 several incidents of harassment at Lunada Bay involving Individuals such as
16 Brant Blakeman, Joshua Berstein and possibly one or more of the Ferraras.
17 It is anticipated that Mr. Claypool will also testify regarding the allegations
18 set forth in the Complaint related to the City including but not limited to
19 events that took place at Take Back Our Public Beaches Day -- Surf Lunada
20 Bay Peaceful Protest. This witness will offer testimony that these events
21 made him fearful from surfing Lunada Bay.

22      5.      Chris Claypool, can be contacted through Plaintiffs' counsel. It is
23 anticipated that Mr. Claypool will testify regarding the allegations set forth in
24 the Complaint related to Defendant Lunada Bay Boys and the Individual
25 Members of the Lunada Bay Boys. This witness will testify about several
26 incidents of harassment at Lunada Bay involving Individuals such as Brant
27 Blakeman, Joshua Berstein and possibly one or more of the Ferraras. It is
28 anticipated that this witness will offer testimony that these events made him

12813446.2

1  fearful from surfing Lunada Bay.

2      6.     Jordan Wright, can be contacted through Plaintiffs' counsel. Mr.

3  Wright is expected to testify regarding several incidents that he has had with

4  Individual members of the Lunada Bay Boys over the 2 – 3 years that he has

5  attempted surf the break, including but not limited to the following: (a) being

6  assaulted on January 29, 2016 by David Melo, (b) February 13, 2016

7  incident with Plaintiff Diana Reed, (c) other incidents when he attempted to

8  surf Lunada Bay. It is anticipated that Mr. Wright will also testify regarding

9  his interactions with the City. It is anticipated that this witness will offer

10  testimony that these events made him fearful from surfing Lunada Bay.

11      7.     Christopher Taloa, can be contacted through Plaintiffs' counsel.

12  Mr. Taloa is expected to testify regarding the allegations set forth in the

13  Complaint related to Defendant Lunada Bay Boys and the Individual

14  Members of the Lunada Bay Boys. In addition, it is anticipated that Mr. Taloa

15  will testify regarding the allegations set forth in the Complaint related to the

16  City. Mr. Taloa was actively involved in the MLK Peaceful Paddle Out at

17  Lunada Bay, and is anticipated to offer testimony regarding PVE's reputation

18  for localism.

19      8.     Daniel Dorn, can be contacted through Plaintiffs' counsel. Mr.

20  Dorn will testify that he is a semiprofessional body boarder from Redondo

21  Beach.  Mr. Dorn never surfed Lunada Bay because of it's reputation for

22  localism. Mr. Dorn will testify that he attended one of Mr. Taloa's surfing

23  events at Lunada Bay because he felt it would be safe. Even though police

24  where present, the police would not tell him if it was safe to surf. Upon

25  entering the water, Mr. Dorn was assailed by profanities and threats.  It is

26  anticipated that Mr. Dorn will testify that a Bay Boy in a kayak told him to

27  leave and threatened him. It is anticipated that Dorn will testify that Individual

28  Bay Boys dropped in on him and tried to run him over with their surfboards

1    until he left. It is anticipated that his witness will offer testimony that these
2    events made him fearful from surfing Lunada Bay.
3         9.    John MacHarg, can be contacted through Plaintiffs' counsel. It is
4    anticipated that Mr. MacHarg will offer testimony on the allegations set forth
5    in the Complaint related to Defendant Lunada Bay Boys and the Individual
6    Members of the Lunada Bay Boys and the allegations related to the City and
7    Police Department. It is anticipated that Mr. MacHard will testify that while
8    visiting Lunada Bay on January 29, 2016, he was standing just under the
9    patio on the rocks and Defendant Sang Lee (local surfer/enforcer) who was
10   standing on top of the patio poured out a portion of the beer he was holding
11   on to his head. This happened right in front two officers that were standing 6
12   feet to his right. It is anticipated that Mr. MacHard will testify that he sent
13   emails to Chief Kepley and/or Mark Valez on 1-29-16 and 2-1-16 re the
14   incident with Sang Lee and the alcohol consumption problem at Lunada
15   Bay. It is anticipated that Mr. MacHard will testify regarding several incidents
16   involving individual Bay Boys and that it appears that the City is still
17   permitting the locals to drink alcohol at the bluff and on the beach.
18        10.   Andy MacHarg, can be contacted through Plaintiffs' counsel. It is
19   anticipated that this witness will offer testimony on the allegations set forth in
20   the Complaint related to Defendant Lunada Bay Boys and the Individual
21   Members of the Lunada Bay Boys. It is further anticipated that this witness
22   will offer testimony that the conduct of the Bay Boys as alleged in the
23   Complaint caused him to stop visiting and/or surfing Lunada Bay. The
24   constant harassment made this witnesses stop surfing Lunada Bay.
25        11.   Tom Wolley, can be contacted through Plaintiffs' counsel. It is
26   anticipated that Mr. Wolley will testify that on the allegations set forth in the
27   Complaint related to Defendant Lunada Bay Boys and the Individual
28   Members of the Lunada Bay Boys. This witness will testify about several

1  incidents of harassment at Lunada Bay involving Individuals such as Brant
2  Blakeman and Joshua Berstein. It is anticipated that Mr. Wolley will also
3  testify that on the allegations set forth in the Complaint related to the City. It
4  is anticipated that his witness will offer testimony that these events made
5  him fearful from surfing Lunada Bay.

6       12.   Tim Tindall, can be contacted through Plaintiffs' counsel, on the
7  allegations set forth in the Complaint related to Defendant Lunada Bay Boys
8  and the Individual Members of the Lunada Bay Boys. It is anticipated that
9  Mr. Tindell will testify about being harassed while attempting to body board
10  Wally's. It is anticipated that his witness will offer testimony that these events
11  made him fearful from surfing Lunada Bay.

12       13.   John Innis, can be contracted through Plaintiffs' counsel. It is
13  anticipated that this witness will offer testimony regarding the allegations set
14  forth in the Complaint related to Defendant Lunada Bay Boys, the Individual
15  Members of the Lunada Bay Boys and the allegations related to the City.
16  This witness will testify that while trying to take photographs at Lunada Bay,
17  he was harassed by several individuals. He made a police report but nothing
18  came of it.

19       14.   Gavin Heaney, can be contacted through Plaintiffs' counsel. It is
20  anticipated that Mr. Heaney will testify that he was denied entrance to
21  Lunada Bay on top of the bluff while attempting to surf there by six or more
22  Bay Boys who threatened him with violence and damage to his property if he
23  went down the trail. Fearing for his safety, he quickly left the area.

24       15.   Tyler Canali, can be contacted through Plaintiffs' counsel. It is
25  anticipated that Mr. Canali will testify that he is not from Palos Verdes
26  Estates. He will testify that was seriously hassled when he surfed Lunada
27  Bay. It is anticipated that he will testify that the Individual Bay Boys
28  surrounded him in the water to intimidate him, dropped in on his waves,

12813446.2

1 | harassed and intimidated him until he left.

2 |     16.   Jimmy Conn, can be contacted through Plaintiffs' counsel. It is
3 | anticipated that Mr. will testify that he started surfing Lunada Bay around
4 | 1976. Mr. Conn will testify that even when the surf was too big for the locals
5 | to be in the water, they would still threaten, harass and throw rocks at him.
6 | On one occasion, he was hit by a rock and needed 17 stiches in his lip. He
7 | still has the scar.

8 |     17.   Mike Bernard, contact information unknown, on the allegations
9 | set forth in the Complaint related to Defendant Lunada Bay Boys and the
10 | Individual Members of the Lunada Bay Boys. Geoff Hagins, John Hagin,
11 | Mike Bernard, Mike Bernard, Jr, Charlie Rigano and Doug Disanti were
12 | accosted by Peter McCollum and several other Bay Boys as reflected in
13 | Incident Report 95-0381. It is anticipated that this witness will offer testimony
14 | on the way the City handled the circumstances before and after the incident
15 | described in Report 95-0381.

16 |     18.   Mike Bernard, Jr. contact information unknown, on the
17 | allegations set forth in the Complaint related to Defendant Lunada Bay Boys
18 | and the Individual Members of the Lunada Bay Boys. Geoff Hagins, John
19 | Hagin, Mike Bernard, Mike Bernard, Jr., Charlie Rigano and Doug Disanti
20 | were accosted by Peter McCollum and several other Bay Boys as reflected
21 | in Incident Report 95-0381.

22 |     19.   Charlie Rigano, contact information unknown, on the allegations
23 | set forth in the Complaint related to Defendant Lunada Bay Boys and the
24 | Individual Members of the Lunada Bay Boys. Geoff Hagins, John Hagin,
25 | Mike Bernard, Mike Bernard, Jr, Charlie Rigano and Doug Disanti were
26 | accosted by Peter McCollum and several other Bay Boys as reflected in
27 | Incident Report 95-0381.

28 |     20.   Doug Disanti, contact information unknown, on the allegations

1 set forth in the Complaint related to Defendant Lunada Bay Boys and the
2 Individual Members of the Lunada Bay Boys. Geoff Hagins, John Hagin,
3 Mike Bernard, Mike Bernard, Jr, Charlie Rigano and Doug Disanti were
4 accosted by Peter McCollum and several other Bay Boys as reflected in
5 Incident Report 95-0381.

6     21.  Jen L. Belcastro, Propounding party has this witnesses contact
7 information.  It is anticipated that Ms. Belcastro will offer testimony regarding
8 the events she witnessed and are recorded by the officers  in Report for
9 Incident 16-02164 and the City's handling of investigation. It is anticipated
10 that this witness will offer the following testimony: 1) confirm that other than
11 being called the day of the incident and refusing to make a statement to the
12 police on that day, she was not contacted by the police again until on or
13 about April 13, 2016 – approximately three months after the incident; 2) the
14 report does not accurately reflect what happened at the patio structure.

15     22.  Kurt Stanphenhorst, contact information unknown, on the
16 allegations set forth in the Complaint related to Defendant Lunada Bay Boys
17 and the Individual Members of the Lunada Bay Boys. It is anticipated that
18 this witness will testify that got shot at with a pellet gun by an Individual Bay
19 Boy.

20     23.  Randy Clark, contact information unknown, on the allegations set
21 forth in the Complaint related to Defendant Lunada Bay Boys and the
22 Individual Members of the Lunada Bay Boys.

23     24.  Trish Laurie, contact information unknown.  It is anticipated that
24 Ms. Laurie will testify that she was sexually harassed/assaulted at Lunada
25 Bay.  It is anticipated that she will say that certain individuals dropped
26 "dropped their towels and jerked off to her."  Ms. Laurie is being listed as a
27 possible percipient witness.

28     25.  Tom Wilson, contact information unknown, on the allegations set

1  forth in the Complaint related to Defendant Lunada Bay Boys and the
2  Individual Members of the Lunada Bay Boys.
3      26.    Martin Tueling, contact information unknown, on the allegations
4  set forth in the Complaint related to Defendant Lunada Bay Boys and the
5  Individual Members of the Lunada Bay Boys.
6      27.    Bernie Mann, contact information unknown, on the allegations
7  set forth in the Complaint related to Defendant Lunada Bay Boys and the
8  Individual Members of the Lunada Bay Boys.
9      28.    Dr. Stephen Young, can be contacted through Plaintiffs' counsel.
10  It is anticipated that Dr. Stephen Young will testify that while attending
11  Medical school he tried many times to enjoy the break at Lunada Bay and on
12  every occasion, he was bullied to the point he would have to leave the area.
13  It is anticipated that he will tesify that his vehicle was damaged many times
14  which included slashed tires, scratches on the painted surfaces and broken
15  windows. He will testify that there was a few occasions that he feared for my
16  life. He will state that he filed a police report but nothing was done.
17      29.    Hagan Kelly, contact information unknown, on the allegations set
18  forth in the Complaint related to Defendant Lunada Bay Boys and the
19  Individual Members of the Lunada Bay Boys.
20      30.    Sef Krell, may be contacted through Plaintiffs' counsel. It is
21  anticipated that Mr. Kress will testify on the allegations set forth in the
22  Complaint related to Defendant Lunada Bay Boys and the Individual
23  Members of the Lunada Bay Boys and the allegations related to the City of
24  Palos Verdes Estates. Specifically, related to the incident that occurred on or
25  around November 15, 2014.
26      31.    Alan Haven, can be contacted through Plaintiffs' counsel, on the
27  allegations set forth in the Complaint related to Defendant Lunada Bay Boys
28  and the Individual Members of the Lunada Bay Boys. Mr. Haven is a

1  resident of Palos Verdes Estates and will testify regarding the video of an

2  assault that he took on October 10, 2015.

3      32.    Daniel R. Jongeward, can be contacted through Plaintiffs'

4  counsel. It anticipated this witness will offer testimony related to Defendant

5  Lunada Bay Boys and the Individual Members of the Lunada Bay Boys.

6  Specifically, it is anticipated that Mr. Jongeward will testify that: (a) he is not

7  a resident of Palos Verdes Estates, (b) he was a big surfer but rides

8  longboards and guns, (c) he has attempted to surf Lunada Bay on several

9  occasions. Because of the reputation, he went alone and early in the

10 morning. He has had dirt clogs and rocks thrown at him. He has been

11 physically threatened. People threatened to vandalize his car. Because he

12 believes that the Lunada Bay Boys have the ability to physically harm him

13 and his property he made the decision not to return.

14     33.    Patrick Landon, contact information unknown, on the allegations

15 set forth in the Complaint related to Defendant Lunada Bay Boys and the

16 Individual Members of the Lunada Bay Boys.

17     34.    Frank Netto, can be contacted through Plaintiffs' counsel, on the

18 allegations set forth in the Complaint related to Defendant Lunada Bay Boys

19 and the Individual Members of the Lunada Bay Boys.

20     35.    Sharlean Perez, can be contacted through Plaintiffs' counsel, on

21 the allegations set forth in the Complaint related to Defendant Lunada Bay

22 Boys and the Individual Members of the Lunada Bay Boys. It is anticipated

23 that this witness will testify that she and her boyfriend tried to hike down the

24 trail to Lunada Bay and people started throwing glass bottles "near" and

25 "around" them.  She and her boyfriend at the time were not from PVE.

26     36.    Charles Michael Pinkerton, can be contacted through Plaintiffs'

27 counsel, on the allegations set forth in the Complaint related to Defendant

28 Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. It is

1   anticipated that Mr. Pinkerton will testify that he is an aerospace engineer

2   with a Masters Degree that he has made several attempts to surf Lunada

3   Bay. He will state that he has been harassed (verbal harassments, threats of

4   violence, to throw things in the water). He has had all four tires flattened, his

5   windows waxed; his backpack thrown in the water while he was out surfing.

6        37.   Mike Purpus, contact information unknown, on the allegations

7   set forth in the Complaint related to Defendant Lunada Bay Boys and the

8   Individual Members of The Lunada Bay Boys. This witness is a former

9   professional surfer who has written articles about localism at Lunada Bay

10   and is listed as a possible percipient witness.

11        38.   Mike Stevens, Los Angeles County District Attorney's Office, 210

12   West Temple Street, Los Angeles, CA 90012, on the allegations set forth in

13   the Complaint related to Defendant Lunada Bay Boys and the Individual

14   Members of the Lunada Bay Boys. Plaintiffs have been informed that Mr.

15   Stevens is an investigator with the Los Angeles District Attorney's Office and

16   that he was hassled by the Bay Boys when attempting to surf Lunada Bay.

17   Neither Plaintiffs nor their attorneys have spoken directly with Mr. Stevens.

18   He is listed as a possible percipient witness.

19        39.   Rory Carroll, contact information unknown, on the allegations set

20   forth in the Complaint related to Defendant Lunada Bay Boys and the

21   Individual Members of the Lunada Bay Boys. Specifically, Mr. Carroll is

22   expected to testify regarding the contents of the

23   video:https://www.theguardian.com/travel/video/2015/may/18/california-surf-

24   wars-lunada-bay-localism-video.

25        40.   Noah Smith, contact information unknown, on the allegations set

26   forth in the Complaint related to Defendant Lunada Bay Boys and the

27   Individual Members of the Lunada Bay Boys. Specifically, Mr. Carroll is

28   expected to testify regarding the contents of the video:

1  https://www.theguardian.com/travel/video/2015/may/18/california-surf-wars-
2  lunada-bay-localism-video.

3       41.   Karl Willert, can be contacted through Plaintiffs' counsel. It is
4  anticipated that this witness will offer testimony on the allegations set forth in
5  the Complaint related to Defendant Lunada Bay Boys and the Individual
6  Members of the Lunada Bay Boys and the City.

7       42.   Jose Barahona, can be contacted through Plaintiffs' counsel. It is
8  anticipated that this witness will offer testimony on the allegations set forth in
9  the Complaint related to Defendant Lunada Bay Boys and the Individual
10  Members of the Lunada Bay Boys and the City.

11  **INTERROGATORY NO. 2:**

12       DESCRIBE and explain with specificity all facts and contentions YOU
13  assert regarding all questions of law or fact—if any that YOU contend are
14  common to the putative class (as that term is defined by Fed. R. Civ. P. 23
15  (a)(2)) as specifically related to YOUR claims against the City, and provide
16  the following information:

17       a.    IDENTIFY all witnesses that YOU contend support YOUR
18             response to this Interrogatory, and DESCRIBE all information
19             known by each identified witness.

20       See response to interrogatory no.1.

21  **RESPONSE TO INTERROGATORY NO. 2:**

22       Responding Party objects to this interrogatory as harassing and
23  duplicative of information disclosed in Responding Party's Rule 26(a)
24  disclosures and supplemental disclosures.  Propounding Party may look to
25  Responding Party's Rule 26(a) disclosures and supplemental disclosures for
26  the information sought by this interrogatory.  Moreover, Responding Party
27  had the opportunity to depose Mr. Spencer on this topic.

28       Responding Party further objects to this interrogatory in that it is

1  unduly burdensome to the extent it asks Plaintiff to identify all witnesses with
2  information pertaining to issues of law or fact common to the class.  The
3  putative class consists of thousands, likely millions, of beachgoers.  It would
4  be unduly burdensome to require Plaintiffs to identify thousands of people
5  and describe all information known to each witness.
6      Responding Party further objects to this interrogatory as compound.
7  This interrogatory contains multiple impermissible subparts in violation of
8  Federal Rule of Civil Procedure 33(a)(1).
9      Responding Party further objects to this interrogatory on the grounds it
10  is vague and ambiguous as to the meaning of the term "regarding all
11  questions of law or fact."
12      Responding Party further objects to this interrogatory to the extent that
13  it seeks information that is outside of Responding Party's knowledge.
14      Responding Party further objects to the extent that this interrogatory
15  invades attorney-client privilege and/or violates the work product doctrine by
16  compelling Responding Party to disclose privileged communications and/or
17  litigation strategy.  Responding Party will not provide any such information.
18      Responding Party further objects to this interrogatory as premature.
19  Because this interrogatory seeks or necessarily relies upon a contention,
20  and because this matter is in its early stages and pretrial discovery has only
21  just begun, Responding Party is unable to provide a complete response at
22  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
23  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
24  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
25  *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
26  interrogatory need not be answered until designated discovery is complete,
27  or until a pretrial conference or some other time.").
28      Subject to the foregoing objections, Responding Party responds as

1  follows:

2      The putative equitable-relief class consists of thousands, and

3  potentially millions, of would-be out-of area beachgoers who have the right

4  to visit Lunada Bay under state and federal law but who are deterred due to

5  the Individual Defendants' and Bay Boys' actions and/or the Palos Verdes

6  Estates Police Department's complicity.  This putative class includes people

7  who have wanted to visit Lunada Bay but have never done so out of fear of

8  the beach's localized reputation and the City's complicity in unlawful

9  exclusivity.  The putative class also includes those who have visited the

10  beach only to be harassed, assaulted, threatened, battered, and/or had their

11  personal items vandalized.  Many class members have filed police reports,

12  only to have no action taken by the police to identify or arrest the

13  aggressor(s).  Others have been dissuaded by the police from filing a report.

14  This conduct has endured for decades.  The class out-of-area beachgoers is

15  a diverse group, all who seek safe beach access to Palos Verdes Estates

16  beaches and Lunada Bay regardless of where they live, and regardless of

17  their race, national origin, ethnic group identification, religion, age, sex,

18  sexual orientation, color, genetic information, disability, or income.

19      Mr. Spencer's experiences with respect to Lunada Bay exemplify

20  those experienced by the putative class, described above.  As set forth in

21  the Complaint and described by Mr. Spencer during his deposition, he

22  wanted to surf at Lunada Bay since he was in his mid-teens.  He was

23  prevented from doing so out of fear of the Bay Boys' aggressive,

24  exclusionary and criminal tactics, including intimidation, vandalism, and

25  Lunada Bay's well-known reputation for violence and beach localism.  He

26  finally worked up the courage to surf at Lunada Bay in January 2016 with a

27  group of outsiders, but was threatened, intimidated and harassed upon his

28  arrival at Lunada Bay.  He was told to leave and was almost immediately

1 | placed in fear.  While in the water, he was blocked from getting any waves
2 | by Defendant Blakeman, who was circling around him like a shark.  Mr.
3 | Spencer was then assaulted and battered in the water by an individual who
4 | intentionally ran him over with his surfboard, slicing Mr. Spencer's right wrist.
5 | He was fearful of being further injured and was in pain, and decided to
6 | leave.

7 |      Although Mr. Spencer had contacted the Palos Verdes Estates Police
8 | Department prior to visiting Lunada Bay in January 2016, the police were not
9 | present at the beach, in the water, or on the fort and therefore did not
10 | witness the harassment, assault, and battery that Mr. Spencer endured.  Mr.
11 | Spencer's experiences are not unique in that the City has done little, if
12 | anything, to address the Bay Boys' actions of exclusion.

13 |      Plaintiff notes that the City is in possession of information needed to
14 | identify those putative class members who have filed police reports
15 | pertaining to acts of aggression, intimidation, harassment, assault,
16 | vandalism and battery occurring at Lunada Bay.  Similarly, the City should
17 | maintain records of complaints received from members of the public
18 | pertaining to such conduct, but who were dissuaded from filing a police
19 | report.

20 |      With respect to subpart (a) of this Interrogatory, Plaintiff identified 105
21 | witnesses in its Supplemental Disclosures and described the information
22 | within the witnesses' knowledge.  Plaintiff is in the process of gathering
23 | additional information and will supplement this response as necessary and
24 | appropriate in compliance with the Federal Rules.  Plaintiff also identifies the
25 | following individuals who may have information in support of Plaintiff's
26 | claims:

27 |      See response to interrogatory no.1.

28 | **INTERROGATORY NO. 3**:

-20-    Case No. 2:16-cv-02129-SJO (RAOx)
12813446.2    SPENCER'S RESP. TO CITY'S FIRST SET OF INTERROGATORIES
Exhibit 4   Page 61   of 192

1 | DESCRIBE and explain with specificity all facts and contentions YOU
2 | assert regarding why the CLASS REPRESENTATIVES' Third Cause of
3 | Action—42 U.S.C. § 1983—Equal Protection asserted against the City is
4 | "typical" (as that term is defined by Fed. R. Civ. P. (a)(3)) of each member of
5 | the putative class as specifically related to YOUR claims against the City,
6 | and provide the following information:

7 |     a.    IDENTIFY all witnesses that YOU contend support YOUR
8 | response to this Interrogatory, and DESCRIBE all information known by
9 | each identified witness.

10 | **RESPONSE TO INTERROGATORY NO. 3:**

11 |     Responding Party objects to this interrogatory as harassing and
12 | duplicative of information disclosed in Responding Party's Rule 26(a)
13 | disclosures and supplemental disclosures.  Propounding Party may look to
14 | Responding Party's Rule 26(a) disclosures and supplemental disclosures for
15 | the information sought by this interrogatory.  Moreover, Responding Party
16 | had the opportunity to depose Mr. Spencer on this topic.

17 |     Responding Party further objects to this interrogatory in that it is
18 | unduly burdensome to the extent it asks Plaintiff to identify all witnesses with
19 | information pertaining to issues of law or fact common to the class.  The
20 | putative class consists of thousands, likely millions, of beachgoers.  It would
21 | be unduly burdensome to require Plaintiffs to identify thousands of people
22 | and describe all information known to each witness.

23 |     Responding Party further objects to this interrogatory as compound.
24 | This interrogatory contains multiple impermissible subparts in violation of
25 | Federal Rule of Civil Procedure 33(a)(1).

26 |     Responding Party further objects to this interrogatory to the extent that
27 | it seeks information that is outside of Responding Party's knowledge.

28 |     Responding Party further objects to the extent that this interrogatory

1  invades attorney-client privilege and/or violates the work product doctrine by
2  compelling Responding Party to disclose privileged communications and/or
3  litigation strategy.  Responding Party will not provide any such information.
4       Responding Party further objects to this interrogatory as premature.
5  Because this interrogatory seeks or necessarily relies upon a contention,
6  and because this matter is in its early stages and pretrial discovery has only
7  just begun, Responding Party is unable to provide a complete response at
8  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
9  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
10 *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
11 *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
12 interrogatory need not be answered until designated discovery is complete,
13 or until a pretrial conference or some other time.").
14      Subject to the foregoing objections, Responding Party responds as
15 follows:
16      The putative equitable-relief class consists of thousands, and
17 potentially millions, of would-be out-of area beachgoers who have the right
18 to visit Lunada Bay under state and federal law but who are deterred due to
19 the  Individual Defendants' and Bay Boys' actions and/or the Palos Verdes
20 Estates Police Department's complicity.  This putative class includes people
21 who have wanted to visit Lunada Bay but have never done so out of fear of
22 the beach's localized reputation and the City's complicity in unlawful
23 exclusivity.  The putative class also includes those who have visited the
24 beach only to be harassed, assaulted, threatened, battered, and/or had their
25 personal items vandalized.  Many class members have filed police reports,
26 only to have no action taken by the police to identify or arrest the
27 aggressor(s).  Others have been dissuaded by the police from filing a report.
28 This conduct has endured for decades.  The class out-of-area beachgoers is

1  a diverse group, all who seek safe beach access to Palos Verdes Estates
2  beaches and Lunada Bay regardless of where they live, and regardless of
3  their race, national origin, ethnic group identification, religion, age, sex,
4  sexual orientation, color, genetic information, disability, or income.
5     Mr. Spencer's experiences with respect to Lunada Bay exemplify
6  those experienced by the putative class, described above. As set forth in
7  the Complaint and described by Mr. Spencer during his deposition, he
8  wanted to surf at Lunada Bay since he was in his mid-teens. He was
9  prevented from doing so out of fear of the Bay Boys' aggressive,
10 exclusionary and criminal tactics, including intimidation, vandalism, and
11 Lunada Bay's well-known reputation for violence and beach localism. He
12 finally worked up the courage to surf at Lunada Bay in January 2016 with a
13 group of outsiders, but was threatened, intimidated and harassed upon his
14 arrival at Lunada Bay. He was told to leave and was almost immediately
15 placed in fear. While in the water, he was blocked from getting any waves
16 by Defendant Blakeman, who was circling around him like a shark. Mr.
17 Spencer was then assaulted and battered in the water by an individual who
18 intentionally ran him over with his surfboard, slicing Mr. Spencer's right wrist.
19 He was fearful of being further injured and was in pain, and decided to
20 leave.
21    Although Mr. Spencer had contacted the Palos Verdes Estates Police
22 Department prior to visiting Lunada Bay in January 2016, the police were not
23 present at the beach, in the water, or on the fort and therefore did not
24 witness the harassment, assault, and battery that Mr. Spencer endured. Mr.
25 Spencer's experiences are not unique in that the City has done little, if
26 anything, to address the Bay Boys' actions of exclusion.
27    Plaintiff notes that the City is in possession of information needed to
28 identify those putative class members who have filed police reports

12813446.2

1   pertaining to acts of aggression, intimidation, harassment, assault,
2   vandalism and battery occurring at Lunada Bay.  Similarly, the City should
3   maintain records of complaints received from members of the public
4   pertaining to such conduct, but who were dissuaded from filing a police
5   report.
6        With respect to subpart (a) of this Interrogatory, Plaintiff identified 105
7   witnesses in its Supplemental Disclosures and described the information
8   within the witnesses' knowledge.  Plaintiff is in the process of gathering
9   additional information and will supplement this response as necessary and
10  appropriate in compliance with the Federal Rules.  Plaintiff also identifies the
11  following individuals who may have information in support of Plaintiff's
12  claims:
13       See response to interrogatory no.1.
14  **INTERROGATORY NO. 4:**
15       DESCRIBE and explain with specificity all facts and contentions YOU
16  assert regarding why the CLASS REPRESENTATIVES can "fairly and
17  adequately" (as that term is defined by Fed. R. Civ. P. 23(a)(4)) protect the
18  interests of the putative class as specifically related to YOUR claims against
19  the City, and provide the following information:
20       a.    IDENTIFY all witnesses that YOU contend support YOUR
21  response to this Interrogatory, and DESCRIBE all information known by
22  each identified witness.
23  **RESPONSE TO INTERROGATORY NO. 4:**
24       Responding Party objects to this interrogatory as harassing and
25  duplicative of information disclosed in Responding Party's Rule 26(a)
26  disclosures and supplemental disclosures.  Propounding Party may look to
27  Responding Party's Rule 26(a) disclosures and supplemental disclosures for
28  the information sought by this interrogatory.  Moreover, Responding Party

1  had the opportunity to depose Mr. Spencer on this topic.

2      Responding Party further objects to this interrogatory in that it is

3  unduly burdensome to the extent it asks Plaintiff to identify all witnesses with

4  information pertaining to issues of law or fact common to the class.  The

5  putative class consists of thousands, likely millions, of beachgoers.  It would

6  be unduly burdensome to require Plaintiffs to identify thousands of people

7  and describe all information known to each witness.

8      Responding Party further objects to this interrogatory as compound.

9  This interrogatory contains multiple impermissible subparts in violation of

10  Federal Rule of Civil Procedure 33(a)(1).

11      Responding Party further objects to this interrogatory to the extent that

12  it seeks information that is outside of Responding Party's knowledge.

13      Responding Party further objects to the extent that this interrogatory

14  invades attorney-client privilege and/or violates the work product doctrine by

15  compelling Responding Party to disclose privileged communications and/or

16  litigation strategy.  Responding Party will not provide any such information.

17      Responding Party further objects to this interrogatory as premature.

18  Because this interrogatory seeks or necessarily relies upon a contention,

19  and because this matter is in its early stages and pretrial discovery has only

20  just begun, Responding Party is unable to provide a complete response at

21  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

22  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

23  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*

24  *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

25  interrogatory need not be answered until designated discovery is complete,

26  or until a pretrial conference or some other time.").

27      Subject to the foregoing objections, Responding Party responds as

28  follows:

1    The putative equitable-relief class consists of thousands, and
2  potentially millions, of would-be out-of area beachgoers who have the right
3  to visit Lunada Bay under state and federal law but who are deterred due to
4  the  Individual Defendants' and Bay Boys' actions and/or the Palos Verdes
5  Estates Police Department's complicity.  This putative class includes people
6  who have wanted to visit Lunada Bay but have never done so out of fear of
7  the beach's localized reputation and the City's complicity in unlawful
8  exclusivity.  The putative class also includes those who have visited the
9  beach only to be harassed, assaulted, threatened, battered, and/or had their
10  personal items vandalized.  Many class members have filed police reports,
11  only to have no action taken by the police to identify or arrest the
12  aggressor(s).  Others have been dissuaded by the police from filing a report.
13  This conduct has endured for decades.  The class out-of-area beachgoers is
14  a diverse group, all who seek safe beach access to Palos Verdes Estates
15  beaches and Lunada Bay regardless of where they live, and regardless of
16  their race, national origin, ethnic group identification, religion, age, sex,
17  sexual orientation, color, genetic information, disability, or income.
18    Plaintiff is unaware of any conflicts of interest that either he or his
19  counsel may have with other class members and intends to (and has)
20  vigorously prosecute this case on behalf of other putative class members.
21  Additionally, Plaintiff's experiences with respect to Lunada Bay exemplify
22  those of many – if not most – putative class members and demonstrate a
23  sharing of interest.
24    As set forth in the Complaint and described by Mr. Spencer during his
25  deposition, he wanted to surf at Lunada Bay since he was in his mid-teens.
26  He was prevented from doing so out of fear of the Bay Boys' aggressive,
27  exclusionary and criminal tactics, including intimidation, vandalism, and
28  Lunada Bay's well-known reputation for violence and beach localism.  He

1  finally worked up the courage to surf at Lunada Bay in January 2016 with a
2  group of outsiders, but was threatened, intimidated and harassed upon his
3  arrival at Lunada Bay.  He was told to leave and was almost immediately
4  placed in fear.  While in the water, he was blocked from getting any waves
5  by Defendant Blakeman, who was circling around him like a shark.  Mr.
6  Spencer was then assaulted and battered in the water by an individual who
7  intentionally ran him over with his surfboard, slicing Mr. Spencer's right wrist.
8  He was fearful of being further injured and was in pain, and decided to
9  leave.

10       Although Mr. Spencer had contacted the Palos Verdes Estates Police
11  Department prior to visiting Lunada Bay in January 2016, the police were not
12  present at the beach, in the water, or on the fort and therefore did not
13  witness the harassment, assault, and battery that Mr. Spencer endured.  Mr.
14  Spencer's experiences are not unique in that the City has done little, if
15  anything, to address the Bay Boys' actions of exclusion.

16       Plaintiff notes that the City is in possession of information needed to
17  identify those putative class members who have filed police reports
18  pertaining to acts of aggression, intimidation, harassment, assault,
19  vandalism and battery occurring at Lunada Bay.  Similarly, the City should
20  maintain records of complaints received from members of the public
21  pertaining to such conduct, but who were dissuaded from filing a police
22  report.

23       With respect to subpart (a) of this Interrogatory, Plaintiff identified 105
24  witnesses in its Supplemental Disclosures and described the information
25  within the witnesses' knowledge.  Plaintiff is in the process of gathering
26  additional information and will supplement this response as necessary and
27  appropriate in compliance with the Federal Rules.  Plaintiff also identifies the
28  following individuals who may have information in support of Plaintiff's

1 | claims:

2 |     See response to interrogatory no.1.

3 | **INTERROGATORY NO. 5:**

4 |     DESCRIBE and explain with specificity all facts and contentions YOU

5 | assert under Fed. R. Civ. P. 23 (b)(2) that the City has acted or refused to

6 | act in a manner applicable to the putative class generally, thereby making

7 | injunctive or declaratory relief appropriate with respect to the class as a

8 | whole as specifically related to YOUR claims against the City, and provide

9 | the following information:

10 |     a.   IDENTIFY all witnesses that YOU contend support YOUR

11 | response to this Interrogatory, and DESCRIBE all information known by

12 | each identified witness.

13 | **RESPONSE TO INTERROGATORY NO. 5:**

14 |     Responding Party objects to this interrogatory as harassing and

15 | duplicative of information disclosed in Responding Party's Rule 26(a)

16 | disclosures and supplemental disclosures.  Propounding Party may look to

17 | Responding Party's Rule 26(a) disclosures and supplemental disclosures for

18 | the information sought by this interrogatory.  Moreover, Responding Party

19 | had the opportunity to depose Mr. Spencer on this topic.

20 |     Responding Party further objects to this interrogatory in that it is

21 | unduly burdensome to the extent it asks Plaintiff to identify all witnesses with

22 | information pertaining to issues of law or fact common to the class.  The

23 | putative class consists of thousands, likely millions, of beachgoers.  It would

24 | be unduly burdensome to require Plaintiffs to identify thousands of people

25 | and describe all information known to each witness.

26 |     Responding Party further objects to this interrogatory as compound.

27 | This interrogatory contains multiple impermissible subparts in violation of

28 | Federal Rule of Civil Procedure 33(a)(1).

1    Responding Party further objects to this interrogatory to the extent that
2  it seeks information that is outside of Responding Party's knowledge.
3    Responding Party further objects to the extent that this interrogatory
4  invades attorney-client privilege and/or violates the work product doctrine by
5  compelling Responding Party to disclose privileged communications and/or
6  litigation strategy.  Responding Party will not provide any such information.
7    Responding Party further objects to this interrogatory as premature.
8  Because this interrogatory seeks or necessarily relies upon a contention,
9  and because this matter is in its early stages and pretrial discovery has only
10  just begun, Responding Party is unable to provide a complete response at
11  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
12  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
13  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
14  *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
15  interrogatory need not be answered until designated discovery is complete,
16  or until a pretrial conference or some other time.").
17    Subject to the foregoing objections, Responding Party responds as
18  follows:
19    The putative equitable-relief class consists of thousands, and
20  potentially millions, of would-be out-of-area beachgoers who have the right
21  to visit Lunada Bay under state and federal law but who are deterred due to
22  the  Individual Defendants' and Bay Boys' actions and/or the Palos Verdes
23  Estates Police Department's complicity.  This putative class includes people
24  who have wanted to visit Lunada Bay but have never done so out of fear of
25  the beach's localized reputation and the City's complicity in unlawful
26  exclusivity.  The putative class also includes those who have visited the
27  beach only to be harassed, assaulted, threatened, battered, and/or had their
28  personal items vandalized.  Many class members have filed police reports,

1  only to have no action taken by the police to identify or arrest the

2  aggressor(s).  Others have been dissuaded by the police from filing a report.

3  This conduct has endured for decades.  The class out-of-area beachgoers is

4  a diverse group, all who seek safe beach access to Palos Verdes Estates

5  beaches and Lunada Bay regardless of where they live, and regardless of

6  their race, national origin, ethnic group identification, religion, age, sex,

7  sexual orientation, color, genetic information, disability, or income.

8        Plaintiff is unaware of any conflicts of interest that either he or his

9  counsel may have with other class members and intends to (and has)

10 vigorously prosecute this case on behalf of other putative class members.

11 Additionally, Plaintiff's experiences with respect to Lunada Bay exemplify

12 those of many – if not most – putative class members and demonstrate a

13 sharing of interest.

14       As set forth in the Complaint and described by Mr. Spencer during his

15 deposition, he wanted to surf at Lunada Bay since he was in his mid-teens.

16 He was prevented from doing so out of fear of the Bay Boys' aggressive,

17 exclusionary and criminal tactics, including intimidation, vandalism, and

18 Lunada Bay's well-known reputation for violence and beach localism.  He

19 finally worked up the courage to surf at Lunada Bay in January 2016 with a

20 group of outsiders, but was threatened, intimidated and harassed upon his

21 arrival at Lunada Bay.  He was told to leave and was almost immediately

22 placed in fear.  While in the water, he was blocked from getting any waves

23 by Defendant Blakeman, who was circling around him like a shark.  Mr.

24 Spencer was then assaulted and battered in the water by an individual who

25 intentionally ran him over with his surfboard, slicing Mr. Spencer's right wrist.

26 He was fearful of being further injured and was in pain, and decided to

27 leave.

28       Although Mr. Spencer had contacted the Palos Verdes Estates Police

-30-

1 | Department prior to visiting Lunada Bay in January 2016, the police were not
2 | present at the beach, in the water, or on the fort and therefore did not
3 | witness the harassment, assault, and battery that Mr. Spencer endured.  Mr.
4 | Spencer's experiences are not unique in that the City has done little, if
5 | anything, to address the Bay Boys' actions of exclusion.  Mr. Spencer
6 | believes that injunctive relief is appropriate and necessary in order to finally
7 | permit public access at Lunada Bay.

8 |   Plaintiff notes that the City is in possession of information needed to
9 | identify those putative class members who have filed police reports
10 | pertaining to acts of aggression, intimidation, harassment, assault,
11 | vandalism and battery occurring at Lunada Bay.  Similarly, the City should
12 | maintain records of complaints received from members of the public
13 | pertaining to such conduct, but who were dissuaded from filing a police
14 | report.

15 |   With respect to subpart (a) of this Interrogatory, Plaintiff identified 105
16 | witnesses in its Supplemental Disclosures and described the information
17 | within the witnesses' knowledge.  Plaintiff is in the process of gathering
18 | additional information and will supplement this response as necessary and
19 | appropriate in compliance with the Federal Rules.  Plaintiff also identifies the
20 | following individuals who may have information in support of Plaintiff's
21 | claims:

22 |   See response to interrogatory no.1.

23 | **INTERROGATORY NO. 6:**

24 |   DESCRIBE and explain with specificity all facts and contentions YOU
25 | assert under Fed. R. Civ. P. 23(b)(3) that questions of law and/or fact
26 | common to putative class members predominate over any questions
27 | affecting individual putative class members, and provide the following
28 | information:

1       a.      IDENTIFY all witnesses that YOU contend support YOUR

2    response to this Interrogatory, and DESCRIBE all information known by

3    each identified witness.

4    **RESPONSE TO INTERROGATORY NO. 6:**

5          Responding Party objects to this interrogatory as harassing and

6    duplicative of information disclosed in Responding Party's Rule 26(a)

7    disclosures and supplemental disclosures.  Propounding Party may look to

8    Responding Party's Rule 26(a) disclosures and supplemental disclosures for

9    the information sought by this interrogatory.  Moreover, Responding Party

10   had the opportunity to depose Mr. Spencer on this topic.

11         Responding Party further objects to this interrogatory in that it is

12   unduly burdensome to the extent it asks Plaintiff to identify all witnesses with

13   information pertaining to issues of law or fact common to the class.  The

14   putative class consists of thousands, likely millions, of beachgoers.  It would

15   be unduly burdensome to require Plaintiffs to identify thousands of people

16   and describe all information known to each witness.

17         Responding Party further objects to this interrogatory as compound.

18   This interrogatory contains multiple impermissible subparts in violation of

19   Federal Rule of Civil Procedure 33(a)(1).

20         Responding Party further objects to this interrogatory on the grounds it

21   is vague and ambiguous as to the meaning of the term "regarding all

22   questions of law or fact."

23         Responding Party further objects to this interrogatory to the extent that

24   it seeks information that is outside of Responding Party's knowledge.

25         Responding Party further objects to the extent that this interrogatory

26   invades attorney-client privilege and/or violates the work product doctrine by

27   compelling Responding Party to disclose privileged communications and/or

28   litigation strategy.  Responding Party will not provide any such information.

1      Responding Party further objects to this interrogatory as premature.

2  Because this interrogatory seeks or necessarily relies upon a contention,

3  and because this matter is in its early stages and pretrial discovery has only

4  just begun, Responding Party is unable to provide a complete response at

5  this time, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et*

6  *al.,* 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

7  *Railroad Company,* 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*

8  *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

9  interrogatory need not be answered until designated discovery is complete,

10  or until a pretrial conference or some other time.").

11      Subject to the foregoing objections, Responding Party responds as

12  follows:

13      The putative equitable-relief class consists of thousands, and

14  potentially millions, of would-be out-of area beachgoers who have the right

15  to visit Lunada Bay under state and federal law but who are deterred due to

16  the Individual Defendants' and Bay Boys' actions and/or the Palos Verdes

17  Estates Police Department's complicity. This putative class includes people

18  who have wanted to visit Lunada Bay but have never done so out of fear of

19  the beach's localized reputation and the City's complicity in unlawful

20  exclusivity. The putative class also includes those who have visited the

21  beach only to be harassed, assaulted, threatened, battered, and/or had their

22  personal items vandalized. Many class members have filed police reports,

23  only to have no action taken by the police to identify or arrest the

24  aggressor(s). Others have been dissuaded by the police from filing a report.

25  This conduct has endured for decades. The class out-of-area beachgoers is

26  a diverse group, all who seek safe beach access to Palos Verdes Estates

27  beaches and Lunada Bay regardless of where they live, and regardless of

28  their race, national origin, ethnic group identification, religion, age, sex,

-33-    Case No. 2:16-cv-02129-SJO (RAOx)
SPENCER'S RESP. TO CITY'S FIRST SET OF INTERROGATORIES
Exhibit 4  Page 74 of 192

12813446.2

1 | sexual orientation, color, genetic information, disability, or income.

2 |     Mr. Spencer's experiences with respect to Lunada Bay exemplify
3 | those experienced by the putative class, described above.  As set forth in
4 | the Complaint and described by Mr. Spencer during his deposition, he
5 | wanted to surf at Lunada Bay since he was in his mid-teens.  He was
6 | prevented from doing so out of fear of the Bay Boys' aggressive,
7 | exclusionary and criminal tactics, including intimidation, vandalism, and
8 | Lunada Bay's well-known reputation for violence and beach localism.  He
9 | finally worked up the courage to surf at Lunada Bay in January 2016 with a
10 | group of outsiders, but was threatened, intimidated and harassed upon his
11 | arrival at Lunada Bay.  He was told to leave and was almost immediately
12 | placed in fear.  While in the water, he was blocked from getting any waves
13 | by Defendant Blakeman, who was circling around him like a shark.  Mr.
14 | Spencer was then assaulted and battered in the water by an individual who
15 | intentionally ran him over with his surfboard, slicing Mr. Spencer's right wrist.
16 | He was fearful of being further injured and was in pain, and decided to
17 | leave.

18 |     Although Mr. Spencer had contacted the Palos Verdes Estates Police
19 | Department prior to visiting Lunada Bay in January 2016, the police were not
20 | present at the beach, in the water, or on the fort and therefore did not
21 | witness the harassment, assault, and battery that Mr. Spencer endured.  Mr.
22 | Spencer's experiences are not unique in that the City has done little, if
23 | anything, to address the Bay Boys' actions of exclusion.

24 |     Plaintiff notes that the City is in possession of information needed to
25 | identify those putative class members who have filed police reports
26 | pertaining to acts of aggression, intimidation, harassment, assault,
27 | vandalism and battery occurring at Lunada Bay.  Similarly, the City should
28 | maintain records of complaints received from members of the public

1  pertaining to such conduct, but who were dissuaded from filing a police
2  report.
3      With respect to subpart (a) of this Interrogatory, Plaintiff identified 105
4  witnesses in its Supplemental Disclosures and described the information
5  within the witnesses' knowledge.  Plaintiff is in the process of gathering
6  additional information and will supplement this response as necessary and
7  appropriate in compliance with the Federal Rules.  Plaintiff also identifies the
8  following individuals who may have information in support of Plaintiff's
9  claims:
10     See response to interrogatory no.1.
11  **INTERROGATORY NO. 7:**
12     For each putative class member of whom YOU are aware, DESCRIBE
13  with specificity the nature of ANY harm injury/wrongful conduct that forms
14  the basis for the inclusion of each putative class member in this ACTION,
15  including the residence of each putative class member, all persons involved,
16  the dates on which ANY harm injury/wrongful conduct occurred, the location
17  where ANY harm/injury/wrongful conduct occurred, whether said
18  harm/injury/wrongful conduct was reported to ANY law enforcement agency,
19  and if any such law enforcement report was made, the identity of each such
20  law enforcement agency.
21  **RESPONSE TO INTERROGATORY NO. 7:**
22     Responding Party objects to this interrogatory as harassing and
23  duplicative of information disclosed in Responding Party's Rule 26(a)
24  disclosures and supplemental disclosures.  Propounding Party may look to
25  Responding Party's Rule 26(a) disclosures and supplemental disclosures for
26  the information sought by this interrogatory.  Moreover, Responding Party
27  had the opportunity to depose Mr. Spencer on this topic.
28     Responding Party further objects to this interrogatory in that it is

1   unduly burdensome to the extent it asks Plaintiff to identify the names of all
2   putative class member, the nature of any harm or injury sustained by each
3   putative class member, the residence of each putative class member,
4   names of any other additional witnesses, dates of any harm, location of
5   where the harm was sustained, whether the harm was reported to law
6   enforcement and if so, the identity of the law enforcement agency.  The
7   putative class consists of thousands, likely millions, of beachgoers.  It would
8   be unduly burdensome and likely impossible for Plaintiff to provide this
9   information.

10       Responding Party further objects to this interrogatory as compound.
11   This interrogatory contains multiple impermissible subparts in violation of
12   Federal Rule of Civil Procedure 33(a)(1).

13       Responding Party further objects to this interrogatory to the extent that
14   it seeks information that is outside of Responding Party's knowledge.

15       Responding Party further objects to the extent that this interrogatory
16   invades attorney-client privilege and/or violates the work product doctrine by
17   compelling Responding Party to disclose privileged communications and/or
18   litigation strategy.  Responding Party will not provide any such information.

19       Responding Party further objects to this interrogatory as premature.
20   Because this interrogatory seeks or necessarily relies upon a contention,
21   and because this matter is in its early stages and pretrial discovery has only
22   just begun, Responding Party is unable to provide a complete response at
23   this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
24   *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
25   *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
26   *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
27   interrogatory need not be answered until designated discovery is complete,
28   or until a pretrial conference or some other time.").

1      Subject to and without waiving the foregoing objections, Plaintiff

2  responds as follows:

3      Plaintiff identified 105 witnesses in its Supplemental Disclosures and

4  described the information within the witnesses' knowledge.  Plaintiff is in the

5  process of gathering additional information and will supplement this

6  response as necessary and appropriate in compliance with the Federal

7  Rules.  Plaintiff also identifies the following individuals who may have

8  information in support of Plaintiff's claims:

9      See response to interrogatory no.1.

10

11

12  DATED: November 29, 2016        OTTEN LAW, PC

13

14

15                 By: _____

16                     VICTOR OTTEN

                   Attorneys for Plaintiffs

17                     CORY SPENCER, DIANA MILENA

                   REED, and COASTAL PROTECTION

18                     RANGERS, INC.

19

20

21

22

23

24

25

26

27

28

Fax:3103225724          Nov 29 2016 19:28     P.01

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION
[Fed. R. Civ. P. 33(b)]

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I, CORY SPENCER, state:

    I am a Plaintiff in the above-titled action. I have read the foregoing PLAINTIFF CORY SPENCER'S RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CITY OF PALOS VERDES ESTATES and know its contents.

    The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on November 29, 2016, at 348 MAIN ST. EL SEGUNDO CA 90245, California.

CORY SPENCER

Case No. 2:16-cv-02129-SJO (RAOx)

1   HANSON BRIDGETT LLP
    KURT A. FRANKLIN, SBN 172715
2   kfranklin@hansonbridgett.com
    SAMANTHA WOLFF, SBN 240280
3   swolff@hansonbridgett.com
    CAROLINE LEE, SBN 293297
4   clee@hansonbridgett.com
    JENNIFER ANIKO FOLDVARY, SBN 292216
5   jfoldvary@hansonbridgett.com
    425 Market Street, 26th Floor
6   San Francisco, California 94105
    Telephone: (415) 777-3200
7   Facsimile:  (415) 541-9366

8   HANSON BRIDGETT LLP
    TYSON M. SHOWER, SBN 190375
9   tshower@hansonbridgett.com
    LANDON D. BAILEY, SBN 240236
10  lbailey@hansonbridgett.com
    500 Capitol Mall, Suite 1500
11  Sacramento, California 95814
    Telephone: (916) 442-3333
12  Facsimile:  (916) 442-2348

13  OTTEN LAW, PC
    VICTOR OTTEN, SBN 165800
14  vic@ottenlawpc.com
    KAVITA TEKCHANDANI, SBN 234873
15  kavita@ottenlawpc.com
    3620 Pacific Coast Highway, #100
16  Torrance, California 90505
    Telephone: (310) 378-8533
17  Facsimile:  (310) 347-4225

18  Attorneys for Plaintiffs
    CORY SPENCER, DIANA MILENA
19  REED, and COASTAL PROTECTION
    RANGERS, INC.

20

21              UNITED STATES DISTRICT COURT

22      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

23

24  CORY SPENCER, an individual;          CASE NO. 2:16-cv-02129-SJO (RAOx)
    DIANA MILENA REED, an
25  individual; and COASTAL              **PROOF OF SERVICE**
    PROTECTION RANGERS, INC., a
26  California non-profit public benefit
27  corporation,

28

-1-

12858854.1

Exhibit 4   Page 80 of 192

1        Plaintiffs,

2        v.

3   LUNADA BAY BOYS; THE
4   INDIVIDUAL MEMBERS OF THE
    LUNADA BAY BOYS, including but
5   not limited to SANG LEE, BRANT
6   BLAKEMAN, ALAN JOHNSTON
    AKA JALIAN JOHNSTON,
7   MICHAEL RAE PAPAYANS,
8   ANGELO FERRARA, FRANK
    FERRARA, CHARLIE FERRARA,
9   and N. F.; CITY OF PALOS
10  VERDES ESTATES; CHIEF OF
    POLICE JEFF KEPLEY, in his
11  representative capacity; and DOES
12  1-10,

13        Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12858864.1

Exhibit 4 Page 81 of 192

1

## PROOF OF SERVICE

2

**Spencer, et al. v. Lunada Bay Boys, et al.; USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)**

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

5    At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 3620 Pacific Coast Hwy, Suite 100, Torrance, CA 90505.

6

7    On November 30, 2016, I served the original of the following document(s) described as

8

**1.    PLAINTIFF CORY SPENCER'S RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES ESTATES AND**

9    **CHIEF OF POLICE JEFF KEPLEY;**

10   **2.    PLAINTIFF CORY SPENCER 'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES ESTATES AND**

11   **CHIEF OF POLICE JEFF KEPLEY;**

12   **3.    PLAINTIFF CORY SPENCER'S RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CITY OF PALOS VERDES ESTATES;**

13

14   **4.    PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES ESTATES AND**

15   **CHIEF OF POLICE JEFF KEPLEY;**

16   **5.    PLAINTIFF DIANA MILENA REED'S RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CITY OF PALOS VERDES ESTATES;**

17

18   **6.    PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY;**

19

20   **7.    PLAINTIFF COASTAL PROTECTION RANGERS' RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CITY OF PALOS VERDES ESTATES;**

21   **8.    PLAINTIFF COASTAL PROTECTION RANGERS' RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES**

22   **ESTATES AND CHIEF OF POLICE JEFF KEPLEY; and**

23   **9.    PLAINTIFF COASTAL PROTECTION RANGERS' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANTS CITY OF PALOS**

24   **VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY.**

25   on the interested parties in this action as follows:

26

27

28

12858864.1

Exhibit 4  Page 82 of 192

1

### SEE ATTACHED SERVICE LIST

2     **BY MAIL:** I enclosed the document(s) in a sealed envelope or package
addressed to the persons at the addresses listed in the Service List and placed the
3  envelope for collection and mailing, following our ordinary business practices. I am
readily familiar with Otten Law PC practice for collecting and processing correspondence
4  for mailing. On the same day that correspondence is placed for collection and mailing, it
is deposited in the ordinary course of business with the United States Postal Service, in a
5  sealed envelope with postage fully prepaid.

6     I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct and that I am employed in the office of a member of
7  the bar of this Court at whose direction the service was made.

8     Executed on November 30, 2016, Torrance, California.

9

10                    _____

11                       Vanessa Marquez

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12858864.1

## SERVICE LIST

*Spencer, et al. v. Lunada Bay Boys, et al.;* USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)

Robert T. Mackey
Peter H. Crossin
Richard P. Dieffenbach
John P. Worgul
VEATCH CARLSON, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017

*(Attorneys for Defendant BRANT BLAKEMAN)*

Tel:    213.381.2861
Fax:    213.383.6370
E-Mail: rmackey@veatchfirm.com
        pcrossin@veatchfirm.com
        rdieffenbach@veatchfirm.com
        lworgul@veatchfirm.com

*(Attorneys for Defendant BRANT BLAKEMAN)*

Tel:    213.891.0700
Fax:    213.896.0400
E-Mail: rcooper@buchalter.com

J. Patrick Carey
LAW OFFICES OF J. PATRICK CAREY
1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA 90266

*(Attorney for Defendant ALAN JOHNSTON a/k/a JALIAN JOHNSTON)*

Tel:    310.526.2237
Fax:    424.456.3131
E-Mail: pat@patcareylaw.com

Peter T. Haven
HAVEN LAW
1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA 90266

*(Attorney for Defendant MICHAEL RAY PAPAYANS)*

Tel:    310.272.5353
Fax:    213.477.2137
E-Mail: peter@hblwfirm.us
        peter@havenlaw.com

Edwin J. Richards
Antoinette P. Hewitt
Rebecca L. Wilson
Jacob Song
Christopher D. Glos
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595

*(Attorneys for Defendants CITY OF PALOS VERDES and CHIEF OF POLICE JEFF KEPLEY)*

Tel:    949.417.0999
Fax:    949.417.5394
E-Mail: ed.richards@kutakrock.com
        jacob.song@kutakrock.com
        antoinette.hewitt@kutakrock.com
        rebecca.wilson@kutakrock.com

PROOF OF SERVICE

Exhibit 4  Page 84 of 192

12858864.1

1    Dana Alden Fox               *(Attorneys for Defendant SANG LEE)*
      Edward E. Ward, Jr.
2    Eric Y. Kizirian              Tel:    213.580.3858
      Tera Lutz                Fax:    213.250.7900
3    LEWIS BRISBOIS BISGAARD & SMITH    E-Mail: dana.fox@lewisbrisbois.com
      LLP                         edward.ward@lewisbrisbois.com
4    633 W. 5th Street, Suite 4000         eric.kizirian@lewisbrisbois.com
      Los Angeles, CA 90071            tera.lutz@lewisbrisbois.com
5

6    Daniel M. Crowley             *(Attorneys for Defendant SANG LEE)*
      BOOTH, MITCHEL & STRANGE LLP
7    707 Wilshire Blvd., Suite 4450       Tel:    213.738.0100
      Los Angeles, CA 90017            Fax:    213.380.3308
8                                   E-Mail: dmcrowley@boothmitchel.com

9    Mark C. Fields                *(Attorney for Defendant ANGELO*
      LAW OFFICES OF MARK C. FIELDS, APC    *FERRARA and Defendant N. F.*
      333 South Hope Street, 35th Floor      *appearing through Guardian Ad Litem,*
10   Los Angeles, CA 90071           *Leonora Ferrara)*

11                                Tel:    213.948.2349
                               Fax:    213.629.4520
12                                E-Mail: fields@markfieldslaw.com

13    Thomas M. Phillip            *(Attorneys for Defendant ANGELO*
      Aaron G. Miller              *FERRARA)*
14   THE PHILLIPS FIRM
      800 Wilshire Blvd., Suite 1550      Tel:    213.244.9913
15   Los Angeles, CA 90017           Fax:    213.250.7900
                               E-Mail: tphillips@thephillipsfirm.com
16

17    Patrick Au                  *(Attorneys for Defendants FRANK*
      Laura L. Bell               *FERRARA and CHARLIE FERRARA)*
      BREMER WHYTE BROWN & O'MEARA,
18   LLP                         Tel:    818.712.9800
      21271 Burbank Blvd., Suite 110      Fax:    818.712.9900
19   Woodland Hills, CA 91367        E-Mail: pau@bremerwhyte.com
                               lbell@bremerwhyte.com

20

21

22

23

24

25

26

27

28

-6-

12858864.1

# Exhibit "5"

Exhibit 5  Page 86 of 192

1
HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
2
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
3
swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
4
clee@hansonbridgett.com
JENNIFER ANIKO FOLDVARY, SBN 292216
5
jfoldvary@hansonbridgett.com
425 Market Street, 26th Floor
6
San Francisco, California 94105
Telephone: (415) 777-3200
7
Facsimile:  (415) 541-9366

8
HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
9
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
10
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
11
Sacramento, California 95814
Telephone: (916) 442-3333
12
Facsimile:  (916) 442-2348

13
OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
14
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
15
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
16
Torrance, California 90505
Telephone: (310) 378-8533
17
Facsimile:  (310) 347-4225

18
Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
19
REED, and COASTAL PROTECTION
RANGERS, INC.
20

21
**UNITED STATES DISTRICT COURT**

22
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

23

24
CORY SPENCER, an individual;

25
DIANA MILENA REED, an individual; and COASTAL

26
PROTECTION RANGERS, INC., a

27
California non-profit public benefit corporation,

28

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, | CASE NO. 2:16-cv-02129-SJO (RAOx) **PLAINTIFF DIANA MILENA REED'S RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CITY OF PALOS VERDES ESTATES** |

12854888.1

1            Plaintiffs,

2       v.

3 LUNADA BAY BOYS; THE

4 INDIVIDUAL MEMBERS OF THE

5 LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT

6 BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON,

7 MICHAEL RAE PAPAYANS,

8 ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA,

9 and N. F.; CITY OF PALOS

10 VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his

11 representative capacity; and DOES

12 1-10,

13          Defendants.

14

15

16 PROPOUNDING PARTY: Defendant CITY OF PALOS VERDES ESTATES

17 RESPONDING PARTY:   Plaintiff DIANA MILENA REED

18 SET NO.:             One

19      Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff

20 DIANA MILENA REED("Responding Party") hereby submits these

21 objections and responses to the First Set of Interrogatories propounded by

22 Defendant CITY OF PALOS VERDES ESTATES ("Propounding Party").

23 **PRELIMINARY STATEMENT**

24      Nothing in this response should be construed as an admission by

25 Responding Party with respect to the admissibility or relevance of any fact,

26 or of the truth or accuracy of any characterization or statement of any kind

27 contained in Propounding Party's Interrogatories.  Responding Party has not

28 completed her investigation of the facts relating to this case, her discovery or

12854888.1

1  her preparation for trial.  All responses and objections contained herein are

2  based only upon information that is presently available to and specifically

3  known by Responding Party.  It is anticipated that further discovery,

4  independent investigation, legal research and analysis will supply additional

5  facts and add meaning to known facts, as well as establish entirely new

6  factual conclusions and legal contentions, all of which may lead to

7  substantial additions to, changes in and variations from the responses set

8  forth herein.  The following objections and responses are made without

9  prejudice to Responding Party's right to produce at trial, or otherwise,

10  evidence regarding any subsequently discovered information.  Responding

11  Party accordingly reserves the right to modify and amend any and all

12  responses herein as research is completed and contentions are made.

13  **RESPONSES TO INTERROGATORIES**

14  **INTERROGATORY NO. 1:**

15      DESCRIBE with specificity all facts and contentions regarding all

16  objective criteria necessary to ascertain/define the number and identities of

17  putative class members as it specifically relates to YOUR claims against the

18  City, including your allegation in Paragraph 30 of the COMPLAINT that the

19  putative class is so numerous that joinder of all members is impracticable,

20  and provide the following information:

21      a.    IDENTIFY all witnesses that YOU contend support YOUR

22  response to this Interrogatory, and DESCRIBE all information known by

23  each identified witness.

24  **RESPONSE TO INTERROGATORY NO. 1:**

25      Responding Party objects to this interrogatory as harassing and

26  duplicative of information disclosed in Responding Party's Rule 26(a)

27  disclosures and supplemental disclosures.  Propounding Party may look to

28  Responding Party's Rule 26(a) disclosures and supplemental disclosures for

1 the information sought by this interrogatory. Moreover, Responding Party
2 had the opportunity to depose Ms. Reed on this topic.

3       Responding Party further objects to this interrogatory in that it is
4 unduly burdensome to the extent it asks Plaintiff to identify all witnesses with
5 information pertaining to the identity of the class. The putative class
6 consists of thousands, likely millions, of beachgoers. It would be unduly
7 burdensome to require Plaintiffs to identify thousands of people and
8 describe all information known to each witness.

9       Responding Party further objects to this interrogatory as compound.
10 This interrogatory contains multiple impermissible subparts in violation of
11 Federal Rule of Civil Procedure 33(a)(1).

12       Responding Party further objects to this interrogatory on the grounds it
13 is vague and ambiguous as to the meaning of the term "objective criteria
14 necessary to ascertain/define the number and identities."

15       Responding Party further objects to this interrogatory to the extent that
16 it seeks information that is outside of Responding Party's knowledge.

17       Responding Party further objects to the extent that this interrogatory
18 invades attorney-client privilege and/or violates the work product doctrine by
19 compelling Responding Party to disclose privileged communications and/or
20 litigation strategy. Responding Party will not provide any such information.

21       Responding Party further objects to this interrogatory as premature.
22 Because this interrogatory seeks or necessarily relies upon a contention,
23 and because this matter is in its early stages and pretrial discovery has only
24 just begun, Responding Party is unable to provide a complete response at
25 this, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et al.*,
26 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
27 *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
28 *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

-4-      Case No. 2:16-cv-02129-SJO (RAOx)
12864888.1      REED'S RESP. TO CITY'S FIRST SET OF INTERROGATORIES
Exhibit 3 Page 40 of 192

1   interrogatory need not be answered until designated discovery is complete,

2   or until a pretrial conference or some other time.").

3        Subject to the foregoing objections, Responding Party responds as

4   follows:

5        The putative equitable-relief class consists of thousands, and

6   potentially millions, of would-be out-of area beachgoers who have the right

7   to visit Lunada Bay under state and federal law but who are deterred due to

8   the Individual Defendants' and Bay Boys' actions and/or the Palos Verdes

9   Estates Police Department's complicity.  This putative class includes people

10  who have wanted to visit Lunada Bay but have never done so out of fear of

11  the beach's localized reputation and the City's complicity in unlawful

12  exclusivity.  The putative class also includes those who have visited the

13  beach only to be harassed, assaulted, threatened, battered, and/or had their

14  personal items vandalized.  Many class members have filed police reports,

15  only to have no action taken by the police to identify or arrest the

16  aggressor(s).  Others have been dissuaded by the police from filing a report.

17  This conduct has endured for decades.  The class out-of-area beachgoers is

18  a diverse group, all who seek safe beach access to Palos Verdes Estates

19  beaches and Lunada Bay regardless of where they live, and regardless of

20  their race, national origin, ethnic group identification, religion, age, sex,

21  sexual orientation, color, genetic information, disability, or income.

22       Next, damages associated with Plaintiff's civil rights claim against the

23  City are incidental, as Plaintiff primarily seeks equitable relief under Federal

24  Rule of Civil Procedure 23(b)(2).  *Parsons v. Ryan*, 754 F.3d 657, 686 (9th

25  Cir. 2014) (FRCP 23(b)(2) is particularly appropriate for civil rights class

26  actions).  Rule 23(b)(2) does not have an "ascertainability" requirement.

27  *See, e.g., Shelton v. Biedsoe*, 775 F.3d 554, 559 (3d Cir. 2015); *Bee,*

28  *Denning, Inc. v. Capital Alliance Group*, 2016 WL 3952153 at *4 (S.D. Cal.

1   July 21, 2016); *In re Yahoo Mail Litigation*, 308 F.R.D. 577, 597-598 (N.D.

2   Cal. 2015); *see also P.P. v. Compton Unified School District*, 2015 WL

3   5752770 at *23-24 (C.D. Cal. Sept. 29, 2015). Similarly, with respect to

4   numerosity, "it is well settled that a plaintiff need not allege the exact number

5   or specific identity of proposed class members." *Newberg on Class Actions*,

6   § 3:13 (5th ed.).

7         Plaintiff notes that the City is in possession of information needed to

8   identify those putative class members who have filed police reports

9   pertaining to acts of aggression, intimidation, harassment, assault,

10   vandalism and battery occurring at Lunada Bay. Similarly, the City should

11   maintain records of complaints received from members of the public

12   pertaining to such conduct, but who were dissuaded from filing a police

13   report.

14         Finally, in terms of persons that stand to benefit from the equitable

15   relief Plaintiff seeks, Plaintiff currently estimates that a class of out-of area

16   "non-local" beachgoers may include more than 23,754,141 Southern

17   California residents, which equates to the populations of Los Angeles,

18   Orange, Ventura, San Diego, Santa Barbara, San Luis Obispo, Kern, San

19   Bernardino, Riverside, and Imperial Counties combined, less the number of

20   residents of Palos Verdes Estates.

21         With respect to subpart (a) of this Interrogatory, Plaintiff identified 105

22   witnesses in its Supplemental Disclosures and described the information

23   within the witnesses' knowledge. Plaintiff is in the process of gathering

24   additional information and will supplement this response as necessary and

25   appropriate in compliance with the Federal Rules. Plaintiff also identifies the

26   following individuals who may have information in support of Plaintiff's

27   claims:

28         1.    Jim Light and Craig W. Cadwallader who Plaintiffs understand

1 │ were members of the Executive Committee, South Bay Chapter, Surfrider
2 │ Foundation, on or about 2002. Contact information for these witnesses can
3 │ be obtained through the general counsel of the Surfrider Foundation, Angela
4 │ Howe. It is anticipated that these witnesses can offer testimony regarding
5 │ the Surfrider Foundation's involvement and/or interaction with the City of
6 │ PVE and the Localism issue.

7 │     2.    Geoff Hagins, can be contacted through Plaintiffs' counsel. It is
8 │ anticipated that Mr. Hagins will offer testimony on the allegations set forth in
9 │ the Complaint related to Defendant Lunada Bay Boys, the Individual
10 │ Members of the Lunada Bay Boys and the allegations related to the City and
11 │ Police Department. Mr. Hagins was accosted by Peter McCollum and
12 │ several other Bay Boys as reflected in Incident Report 95-0381. Mr. Hagins
13 │ will offer testimony that he informed the police that he was bringing a Ch 13
14 │ news crew on the day of the incident and was told "call me if you have any
15 │ problems." Mr. Hagins will offer testimony that he believes that Officer Blee
16 │ got in trouble for helping him identify the people involed in the incident. It is
17 │ also anticipated that Mr. Hagins will offer testimony that he made numerous
18 │ complaints to the City over the years regarding the treatment of outsiders by
19 │ the police department. As an activist, it is anticipated that Mr. Hagins will
20 │ offer testimony regarding surfers from outside of PVE who have reached out
21 │ to him regarding the allegations set forth in the Complaint.

22 │     3.    Jason Gersch, can be contacted through Plaintiffs' counsel. It is
23 │ anticipated that Mr. Gersch, a resident of Lomita, will offer testimony that
24 │ several years ago, he and three were checking the surf at the top of Bluff
25 │ Cove in Palos Verdes Estates and were approached by a PVE police officer.
26 │ The officer asked what they were doing. Mr. Gersch responded by stating
27 │ "checking the surf," and the officer illegally demanded to see their driver's
28 │ licenses. The officer then stated "you are a long way from home" and "it's

-7-    Case No. 2:16-cv-02129-SJO (RAOx)
12854888.1    REED'S RESP. TO CITY'S FIRST SET OF INTERROGATORIES
Exhibit 5 Page 93 of 192

1 getting late so you need to leave." It is anticipated that Mr. Gersch will also
2 offer testimony that after he appeared on television at a Lunada Bay protest
3 organized by Geoff Hagins in 1996, he was detained by PVE police while
4 attending a house party in Lunada Bay. He was illegally held at the police
5 station but not charged. He was released after a couple hours and told him
6 to "walk towards Torrance." He was not permitted to use a phone. Mr.
7 Gersch will also offer testimony regarding several incidents at Lunada Bay
8 involving individual members of the Lunada Bay Boys. This witness will offer
9 testimony that these events made him fearful from surfing Lunada Bay.

10     4.   Ken Claypool, can be contacted through Plaintiffs' counsel. It is
11 anticipated that Mr. Claypool will testify that regarding the allegations set
12 forth in the Complaint related to Defendant Lunada Bay Boys and the
13 Individual Members of the Lunada Bay Boys. This witness will testify about
14 several incidents of harassment at Lunada Bay involving Individuals such as
15 Brant Blakeman, Joshua Berstein and possibly one or more of the Ferraras.
16 It is anticipated that Mr. Claypool will also testify regarding the allegations
17 set forth in the Complaint related to the City including but not limited to
18 events that took place at Take Back Our Public Beaches Day -- Surf Lunada
19 Bay Peaceful Protest. This witness will offer testimony that these events
20 made him fearful from surfing Lunada Bay.

21     5.   Chris Claypool, can be contacted through Plaintiffs' counsel. It is
22 anticipated that Mr. Claypool will testify regarding the allegations set forth in
23 the Complaint related to Defendant Lunada Bay Boys and the Individual
24 Members of the Lunada Bay Boys. This witness will testify about several
25 incidents of harassment at Lunada Bay involving Individuals such as Brant
26 Blakeman, Joshua Berstein and possibly one or more of the Ferraras. It is
27 anticipated that this witness will offer testimony that these events made him
28 fearful from surfing Lunada Bay.

1      6.      Jordan Wright, can be contacted through Plaintiffs' counsel. Mr.
2  Wright is expected to testify regarding several incidents that he has had with
3  Individual members of the Lunada Bay Boys over the 2 – 3 years that he has
4  attempted surf the break, including but not limited to the following: (a) being
5  assaulted on January 29, 2016 by David Melo, (b) February 13, 2016
6  incident with Plaintiff Diana Reed, (c) other incidents when he attempted to
7  surf Lunada Bay. It is anticipated that Mr. Wright will also testify regarding
8  his interactions with the City. It is anticipated that this witness will offer
9  testimony that these events made him fearful from surfing Lunada Bay.

10     7.      Christopher Taloa, can be contacted through Plaintiffs' counsel.
11  Mr. Taloa is expected to testify regarding the allegations set forth in the
12  Complaint related to Defendant Lunada Bay Boys and the Individual
13  Members of the Lunada Bay Boys. In addition, it is anticipated that Mr. Taloa
14  will testify regarding the allegations set forth in the Complaint related to the
15  City. Mr. Taloa was actively involved in the MLK Peaceful Paddle Out at
16  Lunada Bay, and is anticipated to offer testimony regarding PVE's reputation
17  for localism.

18     8.      Daniel Dorn, can be contacted through Plaintiffs' counsel. Mr.
19  Dorn will testify that he is a semiprofessional body boarder from Redondo
20  Beach.  Mr. Dorn never surfed Lunada Bay because of it's reputation for
21  localism. Mr. Dorn will testify that he attended one of Mr. Taloa's surfing
22  events at Lunada Bay because he felt it would be safe. Even though police
23  where present, the police would not tell him if it was safe to surf. Upon
24  entering the water, Mr. Dorn was assailed by profanities and threats.  It is
25  anticipated that Mr. Dorn will testify that a Bay Boy in a kayak told him to
26  leave and threatened him. It is anticipated that Dorn will testify that Individual
27  Bay Boys dropped in on him and tried to run him over with their surfboards
28  until he left. It is anticipated that his witness will offer testimony that these

1 | events made him fearful from surfing Lunada Bay.

2 | 9. John MacHarg, can be contacted through Plaintiffs' counsel. It is
3 | anticipated that Mr. MacHarg will offer testimony on the allegations set forth
4 | in the Complaint related to Defendant Lunada Bay Boys and the Individual
5 | Members of the Lunada Bay Boys and the allegations related to the City and
6 | Police Department. It is anticipated that Mr. MacHard will testify that while
7 | visiting Lunada Bay on January 29, 2016, he was standing just under the
8 | patio on the rocks and Defendant Sang Lee (local surfer/enforcer) who was
9 | standing on top of the patio poured out a portion of the beer he was holding
10 | on to his head. This happened right in front two officers that were standing 6
11 | feet to his right. It is anticipated that Mr. MacHard will testify that he sent
12 | emails to Chief Kepley and/or Mark Valez on 1-29-16 and 2-1-16 re the
13 | incident with Sang Lee and the alcohol consumption problem at Lunada
14 | Bay. It is anticipated that Mr. MacHard will testify regarding several incidents
15 | involving individual Bay Boys and that it appears that the City is still
16 | permitting the locals to drink alcohol at the bluff and on the beach.

17 | 10. Andy MacHarg, can be contacted through Plaintiffs' counsel. It is
18 | anticipated that this witness will offer testimony on the allegations set forth in
19 | the Complaint related to Defendant Lunada Bay Boys and the Individual
20 | Members of the Lunada Bay Boys. It is further anticipated that this witness
21 | will offer testimony that the conduct of the Bay Boys as alleged in the
22 | Complaint caused him to stop visiting and/or surfing Lunada Bay. The
23 | constant harassment made this witnesses stop surfing Lunada Bay.

24 | 11. Tom Wolley, can be contacted through Plaintiffs' counsel. It is
25 | anticipated that Mr. Wolley will testify that on the allegations set forth in the
26 | Complaint related to Defendant Lunada Bay Boys and the Individual
27 | Members of the Lunada Bay Boys. This witness will testify about several
28 | incidents of harassment at Lunada Bay involving Individuals such as Brant

Case No. 2:16-cv-02129-SJO (RAOx)

REED'S RESP. TO CITY'S FIRST SET OF INTERROGATORIES
Exhibit 5 Page 96 of 192

1  Blakeman and Joshua Berstein. It is anticipated that Mr. Wolley will also
2  testify that on the allegations set forth in the Complaint related to the City. It
3  is anticipated that his witness will offer testimony that these events made
4  him fearful from surfing Lunada Bay.

5       12.   Tim Tindall, can be contacted through Plaintiffs' counsel, on the
6  allegations set forth in the Complaint related to Defendant Lunada Bay Boys
7  and the Individual Members of the Lunada Bay Boys. It is anticipated that
8  Mr. Tindell will testify about being harassed while attempting to body board
9  Wally's. It is anticipated that his witness will offer testimony that these events
10  made him fearful from surfing Lunada Bay.

11       13.   John Innis, can be contracted through Plaintiffs' counsel. It is
12  anticipated that this witness will offer testimony regarding the allegations set
13  forth in the Complaint related to Defendant Lunada Bay Boys, the Individual
14  Members of the Lunada Bay Boys and the allegations related to the City.
15  This witness will testify that while trying to take photographs at Lunada Bay,
16  he was harassed by several individuals. He made a police report but nothing
17  came of it.

18       14.   Gavin Heaney, can be contacted through Plaintiffs' counsel. It is
19  anticipated that Mr. Heaney will testify that he was denied entrance to
20  Lunada Bay on top of the bluff while attempting to surf there by six or more
21  Bay Boys who threatened him with violence and damage to his property if he
22  went down the trail. Fearing for his safety, he quickly left the area.

23       15.   Tyler Canali, can be contacted through Plaintiffs' counsel. It is
24  anticipated that Mr. Canali will testify that he is not from Palos Verdes
25  Estates. He will testify that was seriously hassled when he surfed Lunada
26  Bay. It is anticipated that he will testify that the Individual Bay Boys
27  surrounded him in the water to intimidate him, dropped in on his waves,
28  harassed and intimidated him until he left.

1      16.   Jimmy Conn, can be contacted through Plaintiffs' counsel. It is

2  anticipated that Mr. will testify that he started surfing Lunada Bay around

3  1976. Mr. Conn will testify that even when the surf was too big for the locals

4  to be in the water, they would still threaten, harass and throw rocks at him.

5  On one occasion, he was hit by a rock and needed 17 stiches in his lip. He

6  still has the scar.

7      17.   Mike Bernard, contact information unknown, on the allegations

8  set forth in the Complaint related to Defendant Lunada Bay Boys and the

9  Individual Members of the Lunada Bay Boys. Geoff Hagins, John Hagin,

10  Mike Bernard, Mike Bernard, Jr, Charlie Rigano and Doug Disanti were

11  accosted by Peter McCollum and several other Bay Boys as reflected in

12  Incident Report 95-0381. It is anticipated that this witness will offer testimony

13  on the way the City handled the circumstances before and after the incident

14  described in Report 95-0381.

15      18.   Mike Bernard, Jr. contact information unknown, on the

16  allegations set forth in the Complaint related to Defendant Lunada Bay Boys

17  and the Individual Members of the Lunada Bay Boys. Geoff Hagins, John

18  Hagin, Mike Bernard, Mike Bernard, Jr., Charlie Rigano and Doug Disanti

19  were accosted by Peter McCollum and several other Bay Boys as reflected

20  in Incident Report 95-0381.

21      19.   Charlie Rigano, contact information unknown, on the allegations

22  set forth in the Complaint related to Defendant Lunada Bay Boys and the

23  Individual Members of the Lunada Bay Boys. Geoff Hagins, John Hagin,

24  Mike Bernard, Mike Bernard, Jr, Charlie Rigano and Doug Disanti were

25  accosted by Peter McCollum and several other Bay Boys as reflected in

26  Incident Report 95-0381.

27      20.   Doug Disanti, contact information unknown, on the allegations

28  set forth in the Complaint related to Defendant Lunada Bay Boys and the

REED'S RESP. TO CITY'S FIRST SET OF INTERROGATORIES
Exhibit _5_ Page _98_ of 192

1   Individual Members of the Lunada Bay Boys. Geoff Hagins, John Hagin,
2   Mike Bernard, Mike Bernard, Jr, Charlie Rigano and Doug Disanti were
3   accosted by Peter McCollum and several other Bay Boys as reflected in
4   Incident Report 95-0381.

5       21.   Jen L. Belcastro, Propounding party has this witnesses contact
6   information. It is anticipated that Ms. Belcastro will offer testimony regarding
7   the events she witnessed and are recorded by the officers in Report for
8   Incident 16-02164 and the City's handling of investigation. It is anticipated
9   that this witness will offer the following testimony: 1) confirm that other than
10  being called the day of the incident and refusing to make a statement to the
11  police on that day, she was not contacted by the police again until on or
12  about April 13, 2016 – approximately three months after the incident; 2) the
13  report does not accurately reflect what happened at the patio structure.

14      22.   Kurt Stanphenhorst, contact information unknown, on the
15  allegations set forth in the Complaint related to Defendant Lunada Bay Boys
16  and the Individual Members of the Lunada Bay Boys. It is anticipated that
17  this witness will testify that got shot at with a pellet gun by an Individual Bay
18  Boy.

19      23.   Randy Clark, contact information unknown, on the allegations set
20  forth in the Complaint related to Defendant Lunada Bay Boys and the
21  Individual Members of the Lunada Bay Boys.

22      24.   Trish Laurie, contact information unknown. It is anticipated that
23  Ms. Laurie will testify that she was sexually harassed/assaulted at Lunada
24  Bay. It is anticipated that she will say that certain individuals dropped
25  "dropped their towels and jerked off to her." Ms. Laurie is being listed as a
26  possible percipient witness.

27      25.   Tom Wilson, contact information unknown, on the allegations set
28  forth in the Complaint related to Defendant Lunada Bay Boys and the

1 | Individual Members of the Lunada Bay Boys.

2 |     26.    Martin Tueling, contact information unknown, on the allegations
3 | set forth in the Complaint related to Defendant Lunada Bay Boys and the
4 | Individual Members of the Lunada Bay Boys.

5 |     27.    Bernie Mann, contact information unknown, on the allegations
6 | set forth in the Complaint related to Defendant Lunada Bay Boys and the
7 | Individual Members of the Lunada Bay Boys.

8 |     28.    Dr. Stephen Young, can be contacted through Plaintiffs' counsel.
9 | It is anticipated that Dr. Stephen Young will testify that while attending
10 | Medical school he tried many times to enjoy the break at Lunada Bay and on
11 | every occasion, he was bullied to the point he would have to leave the area.
12 | It is anticipated that he will tesify that his vehicle was damaged many times
13 | which included slashed tires, scratches on the painted surfaces and broken
14 | windows. He will testify that there was a few occasions that he feared for my
15 | life. He will state that he filed a police report but nothing was done.

16 |     29.    Hagan Kelly, contact information unknown, on the allegations set
17 | forth in the Complaint related to Defendant Lunada Bay Boys and the
18 | Individual Members of the Lunada Bay Boys.

19 |     30.    Sef Krell, may be contacted through Plaintiffs' counsel. It is
20 | anticipated that Mr. Kress will testify on the allegations set forth in the
21 | Complaint related to Defendant Lunada Bay Boys and the Individual
22 | Members of the Lunada Bay Boys and the allegations related to the City of
23 | Palos Verdes Estates. Specifically, related to the incident that occurred on or
24 | around November 15, 2014.

25 |     31.    Alan Haven, can be contacted through Plaintiffs' counsel, on the
26 | allegations set forth in the Complaint related to Defendant Lunada Bay Boys
27 | and the Individual Members of the Lunada Bay Boys. Mr. Haven is a
28 | resident of Palos Verdes Estates and will testify regarding the video of an

1  assault that he took on October 10, 2015.

2      32.   Daniel R. Jongeward, can be contacted through Plaintiffs'
3  counsel. It anticipated this witness will offer testimony related to Defendant
4  Lunada Bay Boys and the Individual Members of the Lunada Bay Boys.
5  Specifically, it is anticipated that Mr. Jongeward will testify that: (a) he is not
6  a resident of Palos Verdes Estates, (b) he was a big surfer but rides
7  longboards and guns, (c) he has attempted to surf Lunada Bay on several
8  occasions. Because of the reputation, he went alone and early in the
9  morning. He has had dirt clogs and rocks thrown at him. He has been
10 physically threatened. People threatened to vandalize his car. Because he
11 believes that the Lunada Bay Boys have the ability to physically harm him
12 and his property he made the decision not to return.

13     33.   Patrick Landon, contact information unknown, on the allegations
14 set forth in the Complaint related to Defendant Lunada Bay Boys and the
15 Individual Members of the Lunada Bay Boys.

16     34.   Frank Netto, can be contacted through Plaintiffs' counsel, on the
17 allegations set forth in the Complaint related to Defendant Lunada Bay Boys
18 and the Individual Members of the Lunada Bay Boys.

19     35.   Sharlean Perez, can be contacted through Plaintiffs' counsel, on
20 the allegations set forth in the Complaint related to Defendant Lunada Bay
21 Boys and the Individual Members of the Lunada Bay Boys. It is anticipated
22 that this witness will testify that she and her boyfriend tried to hike down the
23 trail to Lunada Bay and people started throwing glass bottles "near" and
24 "around" them.  She and her boyfriend at the time were not from PVE.

25     36.   Charles Michael Pinkerton, can be contacted through Plaintiffs'
26 counsel, on the allegations set forth in the Complaint related to Defendant
27 Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. It is
28 anticipated that Mr. Pinkerton will testify that he is an aerospace engineer

1  with a Masters Degree that he has made several attempts to surf Lunada

2  Bay. He will state that he has been harassed (verbal harassments, threats of

3  violence, to throw things in the water). He has had all four tires flattened, his

4  windows waxed; his backpack thrown in the water while he was out surfing.

5      37.    Mike Purpus, contact information unknown, on the allegations

6  set forth in the Complaint related to Defendant Lunada Bay Boys and the

7  Individual Members of The Lunada Bay Boys. This witness is a former

8  professional surfer who has written articles about localism at Lunada Bay

9  and is listed as a possible percipient witness.

10     38.    Mike Stevens, Los Angeles County District Attorney's Office, 210

11  West Temple Street, Los Angeles, CA 90012, on the allegations set forth in

12  the Complaint related to Defendant Lunada Bay Boys and the Individual

13  Members of the Lunada Bay Boys. Plaintiffs have been informed that Mr.

14  Stevens is an investigator with the Los Angeles District Attorney's Office and

15  that he was hassled by the Bay Boys when attempting to surf Lunada Bay.

16  Neither Plaintiffs nor their attorneys have spoken directly with Mr. Stevens.

17  He is listed as a possible percipient witness.

18     39.    Rory Carroll, contact information unknown, on the allegations set

19  forth in the Complaint related to Defendant Lunada Bay Boys and the

20  Individual Members of the Lunada Bay Boys. Specifically, Mr. Carroll is

21  expected to testify regarding the contents of the

22  video:https://www.theguardian.com/travel/video/2015/may/18/california-surf-

23  wars-lunada-bay-localism-video.

24     40.    Noah Smith, contact information unknown, on the allegations set

25  forth in the Complaint related to Defendant Lunada Bay Boys and the

26  Individual Members of the Lunada Bay Boys. Specifically, Mr. Carroll is

27  expected to testify regarding the contents of the video:

28  https://www.theguardian.com/travel/video/2015/may/18/california-surf-wars-

1  lunada-bay-localism-video.

2      41.   Karl Willert, can be contacted through Plaintiffs' counsel. It is

3  anticipated that this witness will offer testimony on the allegations set forth in

4  the Complaint related to Defendant Lunada Bay Boys and the Individual

5  Members of the Lunada Bay Boys and the City.

6      42.   Jose Barahona, can be contacted through Plaintiffs' counsel. It is

7  anticipated that this witness will offer testimony on the allegations set forth in

8  the Complaint related to Defendant Lunada Bay Boys and the Individual

9  Members of the Lunada Bay Boys and the City.

10  **INTERROGATORY NO. 2:**

11      DESCRIBE and explain with specificity all facts and contentions YOU

12  assert regarding all questions of law or fact—if any that YOU contend are

13  common to the putative class (as that term is defined by Fed. R. Civ. P. 23

14  (a)(2)) as specifically related to YOUR claims against the City, and provide

15  the following information:

16      a.    IDENTIFY all witnesses that YOU contend support YOUR

17  response to this Interrogatory, and DESCRIBE all information known by

18  each identified witness.

19  **RESPONSE TO INTERROGATORY NO. 2:**

20      Responding Party objects to this interrogatory as harassing and

21  duplicative of information disclosed in Responding Party's Rule 26(a)

22  disclosures and supplemental disclosures.  Propounding Party may look to

23  Responding Party's Rule 26(a) disclosures and supplemental disclosures for

24  the information sought by this interrogatory.  Moreover, Responding Party

25  had the opportunity to depose Ms. Reed on this topic.

26      Responding Party further objects to this interrogatory in that it is

27  unduly burdensome to the extent it asks Plaintiff to identify all witnesses with

28  information pertaining to issues of law or fact common to the class.  The

1  putative class consists of thousands, likely millions, of beachgoers.  It would
2  be unduly burdensome to require Plaintiffs to identify thousands of people
3  and describe all information known to each witness.

4    Responding Party further objects to this interrogatory as compound.
5  This interrogatory contains multiple impermissible subparts in violation of
6  Federal Rule of Civil Procedure 33(a)(1).

7    Responding Party further objects to this interrogatory on the grounds it
8  is vague and ambiguous as to the meaning of the term "regarding all
9  questions of law or fact."

10    Responding Party further objects to this interrogatory to the extent that
11  it seeks information that is outside of Responding Party's knowledge.

12    Responding Party further objects to the extent that this interrogatory
13  invades attorney-client privilege and/or violates the work product doctrine by
14  compelling Responding Party to disclose privileged communications and/or
15  litigation strategy.  Responding Party will not provide any such information.

16    Responding Party further objects to this interrogatory as premature.
17  Because this interrogatory seeks or necessarily relies upon a contention,
18  and because this matter is in its early stages and pretrial discovery has only
19  just begun, Responding Party is unable to provide a complete response at
20  this time, nor is it required to do so.  See Kmiec v. Powerwave Techs. Inc. et
21  al., 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; Folz v. Union Pacific
22  Railroad Company, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see
23  also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
24  interrogatory need not be answered until designated discovery is complete,
25  or until a pretrial conference or some other time.").

26    Subject to the foregoing objections, Responding Party responds as
27  follows:

28    The putative equitable-relief class consists of thousands, and

1  potentially millions, of would-be out-of area beachgoers who have the right
2  to visit Lunada Bay under state and federal law but who are deterred due to
3  the  Individual Defendants' and Bay Boys' actions and/or the Palos Verdes
4  Estates Police Department's complicity.  This putative class includes people
5  who have wanted to visit Lunada Bay but have never done so out of fear of
6  the beach's localized reputation and the City's complicity in unlawful
7  exclusivity.  The putative class also includes those who have visited the
8  beach only to be harassed, assaulted, threatened, battered, and/or had their
9  personal items vandalized.  Many class members have filed police reports,
10  only to have no action taken by the police to identify or arrest the
11  aggressor(s).  Others have been dissuaded by the police from filing a report.
12  This conduct has endured for decades.  The class out-of-area beachgoers is
13  a diverse group, all who seek safe beach access to Palos Verdes Estates
14  beaches and Lunada Bay regardless of where they live, and regardless of
15  their race, national origin, ethnic group identification, religion, age, sex,
16  sexual orientation, color, genetic information, disability, or income.
17      Ms. Reed's experiences with respect to Lunada Bay exemplify those
18  experienced by the putative class, described above.  As set forth in the
19  Complaint and described by Ms. Reed during her deposition, she wanted to
20  surf at Lunada Bay since approximately December 2014 but was dissuaded
21  from surfing there having heard of incidents of localism.  On or about
22  January 29, 2016, she decided to surf at Lunada Bay with a group of
23  outsiders despite her concerns of experiencing localism.  As soon as she
24  arrived on the bluffs at Lunada Bay on or about January 29, 2016, she
25  began experiencing harassment.  Bay Boys drove past her after she and her
26  friend, Jordan Wright, had parked their car, and yelled at them, told them
27  they couldn't surf there, and called them "kooks."   Other Bay Boys were
28  recording Plaintiff and Mr. Wright while they were on the bluff.

1    Once she made her way down from the bluffs to the beach, a Bay Boy
2  screamed at Plaintiff, calling her a "whore." Plaintiff was very frightened and
3  had never before been yelled at in that manner. The man walked away
4  briefly and returned to continue yelling at Plaintiff. Palos Verdes Estates
5  Police officers were present nearby and witnessed this incident. The police
6  finally approached Plaintiff, who indicated that she wanted to file a police
7  report. The police detained the suspect but ultimately released him without
8  arresting him because they claimed they did not hear what he had yelled at
9  Plaintiff. The police told Plaintiff she could make a citizen's arrest but
10  dissuaded her from doing so by telling her that she would be at risk of being
11  sued because people at Lunada Bay are wealthy and can hire good lawyers
12  to sue Plaintiff.

13    On or about February 13, 2016, Ms. Reed returned to Lunada Bay with
14  Mr. Wright to photograph Mr. Wright as he surfed. She had asked for a
15  police escort down to the beach that day but the police did not fulfill her
16  request. As Plaintiff and Mr. Wright walked down from the bluff to the
17  beach, they were confronted by two individuals who attempted to block the
18  pathway and told Plaintiff and Wright that "they were done." After making
19  their way down to the beach, Plaintiff and Wright were again confronted with
20  hostile individuals yelling at them. Plaintiff made her way to the rock fort and
21  was approached by Defendants Brant Blakeman and Alan Johnston who
22  were carrying a case of beer and video recording Plaintiff. Plaintiff was very
23  intimidated and felt harassed as Defendant Blakeman held a camera very
24  close to her face. Defendant Johnston deliberately sprayed a can of beer on
25  Plaintiff's arm and camera. Defendant Johnston acted in a very aggressive,
26  intimidating, and sexually lewd and suggestive manner. Plaintiff was initially
27  unable to exit the fort as she was frozen with fear. Plaintiff attempted to call
28  the police but did not have cell reception.

1   Plaintiff eventually made her way out of the rock fort, up the hill and
2   back to the top of the bluff.  She was in tears.  She saw a police car parked
3   at the top of the bluff and approached the car.  She spoke with an officer and
4   explained what happened.  Thereafter she was escorted back down the hill
5   to attempt to identify the aggressors.  When she approached the fort, the
6   police greeted one of the Bay Boys who was present in the fort at the time,
7   Charlie Ferrara.

8   Immediately following the incident on February 13, 2016, Plaintiff was
9   also told by the police that it would not be difficult to identify the aggressors
10  because the police keep a photo book of the Bay Boys and they know who
11  frequent the area.  But after the incident, the police did not follow up to
12  permit Plaintiff to identify the perpetrators.  Instead, Plaintiff called the police
13  numerous times to set up a time to identify the perpetrators.  After engaging
14  counsel, Plaintiff was finally permitted to identify Defendant Johnston in a
15  photo lineup.

16  A police officer with the Palos Verdes Estates Police Department also
17  asked Plaintiff why she would want to go back to Lunada Bay because it is
18  not safe.  This same officer also asked Plaintiff why a woman would want to
19  go to a rocky beach.

20  Ms. Reed's experiences are not unique in that the City has done little,
21  if anything, to address the Bay Boys' actions of exclusion, and has actually
22  discouraged her attempts to access the beach.

23  Plaintiff notes that the City is in possession of information needed to
24  identify those putative class members who have filed police reports
25  pertaining to acts of aggression, intimidation, harassment, assault,
26  vandalism and battery occurring at Lunada Bay.  Similarly, the City should
27  maintain records of complaints received from members of the public
28  pertaining to such conduct, but who were dissuaded from filing a police

1 | report.

2 |     With respect to subpart (a) of this Interrogatory, Plaintiff identified 105

3 | witnesses in its Supplemental Disclosures and described the information

4 | within the witnesses' knowledge.  Plaintiff is in the process of gathering

5 | additional information and will supplement this response as necessary and

6 | appropriate in compliance with the Federal Rules.  Plaintiff also identifies the

7 | following individuals who may have information in support of Plaintiff's

8 | claims:

9 |     See response to interrogatory no. 1.

10 | **INTERROGATORY NO. 3:**

11 |     DESCRIBE and explain with specificity all facts and contentions YOU

12 | assert regarding why the CLASS REPRESENTATIVES' Third Cause of

13 | Action—42 U.S.C. § 1983—Equal Protection asserted against the City is

14 | "typical" (as that term is defined by Fed. R. Civ. P. (a)(3)) of each member of

15 | the putative class as specifically related to YOUR claims against the City,

16 | and provide the following information:

17 |     a.   IDENTIFY all witnesses that YOU contend support YOUR

18 | response to this Interrogatory, and DESCRIBE all information known by

19 | each identified witness.

20 | **RESPONSE TO INTERROGATORY NO. 3:**

21 |     Responding Party objects to this interrogatory as harassing and

22 | duplicative of information disclosed in Responding Party's Rule 26(a)

23 | disclosures and supplemental disclosures.  Propounding Party may look to

24 | Responding Party's Rule 26(a) disclosures and supplemental disclosures for

25 | the information sought by this interrogatory.  Moreover, Responding Party

26 | had the opportunity to depose Ms. Reed on this topic.

27 |     Responding Party further objects to this interrogatory in that it is

28 | unduly burdensome to the extent it asks Plaintiff to identify all witnesses with

12854888.1

1  information pertaining to issues of law or fact common to the class.  The
2  putative class consists of thousands, likely millions, of beachgoers.  It would
3  be unduly burdensome to require Plaintiffs to identify thousands of people
4  and describe all information known to each witness.

5      Responding Party further objects to this interrogatory as compound.
6  This interrogatory contains multiple impermissible subparts in violation of
7  Federal Rule of Civil Procedure 33(a)(1).

8      Responding Party further objects to this interrogatory to the extent that
9  it seeks information that is outside of Responding Party's knowledge.

10     Responding Party further objects to the extent that this interrogatory
11 invades attorney-client privilege and/or violates the work product doctrine by
12 compelling Responding Party to disclose privileged communications and/or
13 litigation strategy.  Responding Party will not provide any such information.

14     Responding Party further objects to this interrogatory as premature.
15 Because this interrogatory seeks or necessarily relies upon a contention,
16 and because this matter is in its early stages and pretrial discovery has only
17 just begun, Responding Party is unable to provide a complete response at
18 this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et
19 al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific
20 Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see
21 also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
22 interrogatory need not be answered until designated discovery is complete,
23 or until a pretrial conference or some other time.").

24     Subject to the foregoing objections, Responding Party responds as
25 follows:

26     The putative equitable-relief class consists of thousands, and
27 potentially millions, of would-be out-of-area beachgoers who have the right
28 to visit Lunada Bay under state and federal law but who are deterred due to

1  the Individual Defendants' and Bay Boys' actions and/or the Palos Verdes

2  Estates Police Department's complicity. This putative class includes people

3  who have wanted to visit Lunada Bay but have never done so out of fear of

4  the beach's localized reputation and the City's complicity in unlawful

5  exclusivity. The putative class also includes those who have visited the

6  beach only to be harassed, assaulted, threatened, battered, and/or had their

7  personal items vandalized. Many class members have filed police reports,

8  only to have no action taken by the police to identify or arrest the

9  aggressor(s). Others have been dissuaded by the police from filing a report.

10  This conduct has endured for decades. The class out-of-area beachgoers is

11  a diverse group, all who seek safe beach access to Palos Verdes Estates

12  beaches and Lunada Bay regardless of where they live, and regardless of

13  their race, national origin, ethnic group identification, religion, age, sex,

14  sexual orientation, color, genetic information, disability, or income.

15      Ms. Reed's experiences with respect to Lunada Bay exemplify those

16  experienced by the putative class, described above. As set forth in the

17  Complaint and described by Ms. Reed during her deposition, she wanted to

18  surf at Lunada Bay since approximately December 2014 but was dissuaded

19  from surfing there having heard of incidents of localism. On or about

20  January 29, 2016, she decided to surf at Lunada Bay with a group of

21  outsiders despite her concerns of experiencing localism. As soon as she

22  arrived on the bluffs at Lunada Bay on or about January 29, 2016, she

23  began experiencing harassment. Bay Boys drove past her after she and her

24  friend, Jordan Wright, had parked their car, and yelled at them, told them

25  they couldn't surf there, and called them "kooks." Other Bay Boys were

26  recording Plaintiff and Mr. Wright while they were on the bluff.

27      Once she made her way down from the bluffs to the beach, a Bay Boy

28  screamed at Plaintiff, calling her a "whore." Plaintiff was very frightened and

1 | had never before been yelled at in that manner. The man walked away
2 | briefly and returned to continue yelling at Plaintiff. Palos Verdes Estates
3 | Police officers were present nearby and witnessed this incident. The police
4 | finally approached Plaintiff, who indicated that she wanted to file a police
5 | report. The police detained the suspect but ultimately released him without
6 | arresting him because they claimed they did not hear what he had yelled at
7 | Plaintiff. The police told Plaintiff she could make a citizen's arrest but
8 | dissuaded her from doing so by telling her that she would be at risk of being
9 | sued because people at Lunada Bay are wealthy and can hire good lawyers
10 | to sue Plaintiff.

11 | On or about February 13, 2016, Ms. Reed returned to Lunada Bay with
12 | Mr. Wright to photograph Mr. Wright as he surfed. She had asked for a
13 | police escort down to the beach that day but the police did not fulfill her
14 | request. As Plaintiff and Mr. Wright walked down from the bluff to the
15 | beach, they were confronted by two individuals who attempted to block the
16 | pathway and told Plaintiff and Wright that "they were done." After making
17 | their way down to the beach, Plaintiff and Wright were again confronted with
18 | hostile individuals yelling at them. Plaintiff made her way to the rock fort and
19 | was approached by Defendants Brant Blakeman and Alan Johnston who
20 | were carrying a case of beer and video recording Plaintiff. Plaintiff was very
21 | intimidated and felt harassed as Defendant Blakeman held a camera very
22 | close to her face. Defendant Johnston deliberately sprayed a can of beer on
23 | Plaintiff's arm and camera. Defendant Johnston acted in a very aggressive,
24 | intimidating, and sexually lewd and suggestive manner. Plaintiff was initially
25 | unable to exit the fort as she was frozen with fear. Plaintiff attempted to call
26 | the police but did not have cell reception.

27 | Plaintiff eventually made her way out of the rock fort, up the hill and
28 | back to the top of the bluff. She was in tears. She saw a police car parked

1  at the top of the bluff and approached the car.  She spoke with an officer and
2  explained what happened.  Thereafter she was escorted back down the hill
3  to attempt to identify the aggressors.  When she approached the fort, the
4  police greeted one of the Bay Boys who was present in the fort at the time,
5  Charlie Ferrara.

6         Immediately following the incident on February 13, 2016, Plaintiff was
7  also told by the police that it would not be difficult to identify the aggressors
8  because the police keep a photo book of the Bay Boys and they know who
9  frequent the area.  But after the incident, the police did not follow up to
10  permit Plaintiff to identify the perpetrators.  Instead, Plaintiff called the police
11  numerous times to set up a time to identify the perpetrators.  After engaging
12  counsel, Plaintiff was finally permitted to identify Defendant Johnston in a
13  photo lineup.

14         A police officer with the Palos Verdes Estates Police Department also
15  asked Plaintiff why she would want to go back to Lunada Bay because it is
16  not safe.  This same officer also asked Plaintiff why a woman would want to
17  go to a rocky beach.

18         Ms. Reed's experiences are not unique in that the City has done little,
19  if anything, to address the Bay Boys' actions of exclusion.

20         Plaintiff notes that the City is in possession of information needed to
21  identify those putative class members who have filed police reports
22  pertaining to acts of aggression, intimidation, harassment, assault,
23  vandalism and battery occurring at Lunada Bay.  Similarly, the City should
24  maintain records of complaints received from members of the public
25  pertaining to such conduct, but who were dissuaded from filing a police
26  report.

27         With respect to subpart (a) of this Interrogatory, Plaintiff identified 105
28  witnesses in its Supplemental Disclosures and described the information

1    within the witnesses' knowledge.  Plaintiff is in the process of gathering

2    additional information and will supplement this response as necessary and

3    appropriate in compliance with the Federal Rules.  Plaintiff also identifies the

4    following individuals who may have information in support of Plaintiff's

5    claims:

6        See response to interrogatory no. 1

7    **INTERROGATORY NO. 4:**

8        DESCRIBE and explain with specificity all facts and contentions YOU

9    assert regarding why the CLASS REPRESENTATIVES can "fairly and

10   adequately" (as that term is defined by Fed. R. Civ. P. 23(a)(4)) protect the

11   interests of the putative class as specifically related to YOUR claims against

12   the City, and provide the following information:

13       a.    IDENTIFY all witnesses that YOU contend support YOUR

14   response to this Interrogatory, and DESCRIBE all information known by

15   each identified witness.

16   **RESPONSE TO INTERROGATORY NO. 4:**

17       Responding Party objects to this interrogatory as harassing and

18   duplicative of information disclosed in Responding Party's Rule 26(a)

19   disclosures and supplemental disclosures.  Propounding Party may look to

20   Responding Party's Rule 26(a) disclosures and supplemental disclosures for

21   the information sought by this interrogatory.  Moreover, Responding Party

22   had the opportunity to depose Ms. Reed on this topic.

23       Responding Party further objects to this interrogatory in that it is

24   unduly burdensome to the extent it asks Plaintiff to identify all witnesses with

25   information pertaining to issues of law or fact common to the class.  The

26   putative class consists of thousands, likely millions, of beachgoers.  It would

27   be unduly burdensome to require Plaintiffs to identify thousands of people

28   and describe all information known to each witness.

1    Responding Party further objects to this interrogatory as compound.
2  This interrogatory contains multiple impermissible subparts in violation of
3  Federal Rule of Civil Procedure 33(a)(1).
4    Responding Party further objects to this interrogatory to the extent that
5  it seeks information that is outside of Responding Party's knowledge.
6    Responding Party further objects to the extent that this interrogatory
7  invades attorney-client privilege and/or violates the work product doctrine by
8  compelling Responding Party to disclose privileged communications and/or
9  litigation strategy.  Responding Party will not provide any such information.
10    Responding Party further objects to this interrogatory as premature.
11  Because this interrogatory seeks or necessarily relies upon a contention,
12  and because this matter is in its early stages and pretrial discovery has only
13  just begun, Responding Party is unable to provide a complete response at
14  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
15  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
16  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
17  *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
18  interrogatory need not be answered until designated discovery is complete,
19  or until a pretrial conference or some other time.").
20    Subject to the foregoing objections, Responding Party responds as
21  follows:
22    The putative equitable-relief class consists of thousands, and
23  potentially millions, of would-be out-of-area beachgoers who have the right
24  to visit Lunada Bay under state and federal law but who are deterred due to
25  the  Individual Defendants' and Bay Boys' actions and/or the Palos Verdes
26  Estates Police Department's complicity.  This putative class includes people
27  who have wanted to visit Lunada Bay but have never done so out of fear of
28  the beach's localized reputation and the City's complicity in unlawful

1  exclusivity.  The putative class also includes those who have visited the
2  beach only to be harassed, assaulted, threatened, battered, and/or had their
3  personal items vandalized.  Many class members have filed police reports,
4  only to have no action taken by the police to identify or arrest the
5  aggressor(s).  Others have been dissuaded by the police from filing a report.
6  This conduct has endured for decades.  The class out-of-area beachgoers is
7  a diverse group, all who seek safe beach access to Palos Verdes Estates
8  beaches and Lunada Bay regardless of where they live, and regardless of
9  their race, national origin, ethnic group identification, religion, age, sex,
10  sexual orientation, color, genetic information, disability, or income.

11      Plaintiff is unaware of any conflicts of interest that either she or her
12  counsel may have with other class members and intends to (and has)
13  vigorously prosecute this case on behalf of other putative class members.
14  Additionally, Plaintiff's experiences with respect to Lunada Bay exemplify
15  those of many – if not most – putative class members and demonstrate a
16  sharing of interest.

17      As set forth in the Complaint and described by Ms. Reed during her
18  deposition, she wanted to surf at Lunada Bay since approximately
19  December 2014 but was dissuaded from surfing there having heard of
20  incidents of localism.  On or about January 29, 2016, she decided to surf at
21  Lunada Bay with a group of outsiders despite her concerns of experiencing
22  localism.  As soon as she arrived on the bluffs at Lunada Bay on or about
23  January 29, 2016, she began experiencing harassment.  Bay Boys drove
24  past her after she and her friend, Jordan Wright, had parked their car, and
25  yelled at them, told them they couldn't surf there, and called them "kooks."
26  Other Bay Boys were recording Plaintiff and Mr. Wright while they were on
27  the bluff.

28      Once she made her way down from the bluffs to the beach, a Bay Boy

1 | screamed at Plaintiff, calling her a "whore."  Plaintiff was very frightened and
2 | had never before been yelled at in that manner.  The man walked away
3 | briefly and returned to continue yelling at Plaintiff.  Palos Verdes Estates
4 | Police officers were present nearby and witnessed this incident.  The police
5 | finally approached Plaintiff, who indicated that she wanted to file a police
6 | report.  The police detained the suspect but ultimately released him without
7 | arresting him because they claimed they did not hear what he had yelled at
8 | Plaintiff.  The police told Plaintiff she could make a citizen's arrest but
9 | dissuaded her from doing so by telling her that she would be at risk of being
10 | sued because people at Lunada Bay are wealthy and can hire good lawyers
11 | to sue Plaintiff.

12 |     On or about February 13, 2016, Ms. Reed returned to Lunada Bay with
13 | Mr. Wright to photograph Mr. Wright as he surfed.  She had asked for a
14 | police escort down to the beach that day but the police did not fulfill her
15 | request.  As Plaintiff and Mr. Wright walked down from the bluff to the
16 | beach, they were confronted by two individuals who attempted to block the
17 | pathway and told Plaintiff and Wright that "they were done."  After making
18 | their way down to the beach, Plaintiff and Wright were again confronted with
19 | hostile individuals yelling at them.  Plaintiff made her way to the rock fort and
20 | was approached by Defendants Brant Blakeman and Alan Johnston who
21 | were carrying a case of beer and video recording Plaintiff.  Plaintiff was very
22 | intimidated and felt harassed as Defendant Blakeman held a camera very
23 | close to her face.  Defendant Johnston deliberately sprayed a can of beer on
24 | Plaintiff's arm and camera.  Defendant Johnston acted in a very aggressive,
25 | intimidating, and sexually lewd and suggestive manner.  Plaintiff was initially
26 | unable to exit the fort as she was frozen with fear.  Plaintiff attempted to call
27 | the police but did not have cell reception.
28 |     Plaintiff eventually made her way out of the rock fort, up the hill and

-30-   Case No. 2:16-cv-02129-SJO (RAOx)
12854888.1
REED'S RESP. TO CITY'S FIRST SET OF INTERROGATORIES
Exhibit   Page 116 of 192

1  back to the top of the bluff.  She was in tears.  She saw a police car parked

2  at the top of the bluff and approached the car.  She spoke with an officer and

3  explained what happened.  Thereafter she was escorted back down the hill

4  to attempt to identify the aggressors.  When she approached the fort, the

5  police greeted one of the Bay Boys who was present in the fort at the time,

6  Charlie Ferrara.

7        Immediately following the incident on February 13, 2016, Plaintiff was

8  also told by the police that it would not be difficult to identify the aggressors

9  because the police keep a photo book of the Bay Boys and they know who

10  frequent the area.  But after the incident, the police did not follow up to

11  permit Plaintiff to identify the perpetrators.  Instead, Plaintiff called the police

12  numerous times to set up a time to identify the perpetrators.  After engaging

13  counsel, Plaintiff was finally permitted to identify Defendant Johnston in a

14  photo lineup.

15        A police officer with the Palos Verdes Estates Police Department also

16  asked Plaintiff why she would want to go back to Lunada Bay because it is

17  not safe.  This same officer also asked Plaintiff why a woman would want to

18  go to a rocky beach.

19        Ms. Reed's experiences are not unique in that the City has done little,

20  if anything, to address the Bay Boys' actions of exclusion.

21        Plaintiff notes that the City is in possession of information needed to

22  identify those putative class members who have filed police reports

23  pertaining to acts of aggression, intimidation, harassment, assault,

24  vandalism and battery occurring at Lunada Bay.  Similarly, the City should

25  maintain records of complaints received from members of the public

26  pertaining to such conduct, but who were dissuaded from filing a police

27  report.

28        With respect to subpart (a) of this Interrogatory, Plaintiff identified 105

1  witnesses in its Supplemental Disclosures and described the information
2  within the witnesses' knowledge.  Plaintiff is in the process of gathering
3  additional information and will supplement this response as necessary and
4  appropriate in compliance with the Federal Rules.  Plaintiff also identifies the
5  following individuals who may have information in support of Plaintiff's
6  claims:

7       See response to interrogatory no. 1

8  **INTERROGATORY NO. 5:**

9       DESCRIBE and explain with specificity all facts and contentions YOU
10  assert under Fed. R. Civ. P. 23 (b)(2) that the City has acted or refused to
11  act in a manner applicable to the putative class generally, thereby making
12  injunctive or declaratory relief appropriate with respect to the class as a
13  whole as specifically related to YOUR claims against the City, and provide
14  the following information:

15       a.    IDENTIFY all witnesses that YOU contend support YOUR
16  response to this Interrogatory, and DESCRIBE all information known by
17  each identified witness.

18  **RESPONSE TO INTERROGATORY NO. 5:**

19       Responding Party objects to this interrogatory as harassing and
20  duplicative of information disclosed in Responding Party's Rule 26(a)
21  disclosures and supplemental disclosures.  Propounding Party may look to
22  Responding Party's Rule 26(a) disclosures and supplemental disclosures for
23  the information sought by this interrogatory.  Moreover, Responding Party
24  had the opportunity to depose Ms. Reed on this topic.

25       Responding Party further objects to this interrogatory in that it is
26  unduly burdensome to the extent it asks Plaintiff to identify all witnesses with
27  information pertaining to issues of law or fact common to the class.  The
28  putative class consists of thousands, likely millions, of beachgoers.  It would

1  be unduly burdensome to require Plaintiffs to identify thousands of people

2  and describe all information known to each witness.

3      Responding Party further objects to this interrogatory as compound.

4  This interrogatory contains multiple impermissible subparts in violation of

5  Federal Rule of Civil Procedure 33(a)(1).

6      Responding Party further objects to this interrogatory to the extent that

7  it seeks information that is outside of Responding Party's knowledge.

8      Responding Party further objects to the extent that this interrogatory

9  invades attorney-client privilege and/or violates the work product doctrine by

10 compelling Responding Party to disclose privileged communications and/or

11 litigation strategy.  Responding Party will not provide any such information.

12     Responding Party further objects to this interrogatory as premature.

13 Because this interrogatory seeks or necessarily relies upon a contention,

14 and because this matter is in its early stages and pretrial discovery has only

15 just begun, Responding Party is unable to provide a complete response at

16 this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

17 *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

18 *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*

19 *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

20 interrogatory need not be answered until designated discovery is complete,

21 or until a pretrial conference or some other time.").

22     Subject to the foregoing objections, Responding Party responds as

23 follows:

24     The putative equitable-relief class consists of thousands, and

25 potentially millions, of would-be out-of-area beachgoers who have the right

26 to visit Lunada Bay under state and federal law but who are deterred due to

27 the  Individual Defendants' and Bay Boys' actions and/or the Palos Verdes

28 Estates Police Department's complicity.  This putative class includes people

1  who have wanted to visit Lunada Bay but have never done so out of fear of

2  the beach's localized reputation and the City's complicity in unlawful

3  exclusivity.  The putative class also includes those who have visited the

4  beach only to be harassed, assaulted, threatened, battered, and/or had their

5  personal items vandalized.  Many class members have filed police reports,

6  only to have no action taken by the police to identify or arrest the

7  aggressor(s).  Others have been dissuaded by the police from filing a report.

8  This conduct has endured for decades.  The class out-of-area beachgoers is

9  a diverse group, all who seek safe beach access to Palos Verdes Estates

10  beaches and Lunada Bay regardless of where they live, and regardless of

11  their race, national origin, ethnic group identification, religion, age, sex,

12  sexual orientation, color, genetic information, disability, or income.

13       Plaintiff is unaware of any conflicts of interest that either she or her

14  counsel may have with other class members and intends to (and has)

15  vigorously prosecute this case on behalf of other putative class members.

16  Additionally, Plaintiff's experiences with respect to Lunada Bay exemplify

17  those of many – if not most – putative class members and demonstrate a

18  sharing of interest.

19       As set forth in the Complaint and described by Ms. Reed during her

20  deposition, she wanted to surf at Lunada Bay since approximately

21  December 2014 but was dissuaded from surfing there having heard of

22  incidents of localism.  On or about January 29, 2016, she decided to surf at

23  Lunada Bay with a group of outsiders despite her concerns of experiencing

24  localism.  As soon as she arrived on the bluffs at Lunada Bay on or about

25  January 29, 2016, she began experiencing harassment.  Bay Boys drove

26  past her after she and her friend, Jordan Wright, had parked their car, and

27  yelled at them, told them they couldn't surf there, and called them "kooks."

28  Other Bay Boys were recording Plaintiff and Mr. Wright while they were on

1  the bluff.

2  Once she made her way down from the bluffs to the beach, a Bay Boy

3  screamed at Plaintiff, calling her a "whore." Plaintiff was very frightened and

4  had never before been yelled at in that manner. The man walked away

5  briefly and returned to continue yelling at Plaintiff. Palos Verdes Estates

6  Police officers were present nearby and witnessed this incident. The police

7  finally approached Plaintiff, who indicated that she wanted to file a police

8  report. The police detained the suspect but ultimately released him without

9  arresting him because they claimed they did not hear what he had yelled at

10  Plaintiff. The police told Plaintiff she could make a citizen's arrest but

11  dissuaded her from doing so by telling her that she would be at risk of being

12  sued because people at Lunada Bay are wealthy and can hire good lawyers

13  to sue Plaintiff.

14  On or about February 13, 2016, Ms. Reed returned to Lunada Bay with

15  Mr. Wright to photograph Mr. Wright as he surfed. She had asked for a

16  police escort down to the beach that day but the police did not fulfill her

17  request. As Plaintiff and Mr. Wright walked down from the bluff to the

18  beach, they were confronted by two individuals who attempted to block the

19  pathway and told Plaintiff and Wright that "they were done." After making

20  their way down to the beach, Plaintiff and Wright were again confronted with

21  hostile individuals yelling at them. Plaintiff made her way to the rock fort and

22  was approached by Defendants Brant Blakeman and Alan Johnston who

23  were carrying a case of beer and video recording Plaintiff. Plaintiff was very

24  intimidated and felt harassed as Defendant Blakeman held a camera very

25  close to her face. Defendant Johnston deliberately sprayed a can of beer on

26  Plaintiff's arm and camera. Defendant Johnston acted in a very aggressive,

27  intimidating, and sexually lewd and suggestive manner. Plaintiff was initially

28  unable to exit the fort as she was frozen with fear. Plaintiff attempted to call

1   the police but did not have cell reception.

2       Plaintiff eventually made her way out of the rock fort, up the hill and
3   back to the top of the bluff.  She was in tears.  She saw a police car parked
4   at the top of the bluff and approached the car.  She spoke with an officer and
5   explained what happened.  Thereafter she was escorted back down the hill
6   to attempt to identify the aggressors.  When she approached the fort, the
7   police greeted one of the Bay Boys who was present in the fort at the time,
8   Charlie Ferrara.

9       Immediately following the incident on February 13, 2016, Plaintiff was
10  also told by the police that it would not be difficult to identify the aggressors
11  because the police keep a photo book of the Bay Boys and they know who
12  frequent the area.  But after the incident, the police did not follow up to
13  permit Plaintiff to identify the perpetrators.  Instead, Plaintiff called the police
14  numerous times to set up a time to identify the perpetrators.  After engaging
15  counsel, Plaintiff was finally permitted to identify Defendant Johnston in a
16  photo lineup.

17      A police officer with the Palos Verdes Estates Police Department also
18  asked Plaintiff why she would want to go back to Lunada Bay because it is
19  not safe.  This same officer also asked Plaintiff why a woman would want to
20  go to a rocky beach.

21      Ms. Reed's experiences are not unique in that the City has done little,
22  if anything, to address the Bay Boys' actions of exclusion.  Ms. Reed
23  believes that injunctive relief is appropriate and necessary in order to finally
24  permit public access at Lunada Bay.

25      Plaintiff notes that the City is in possession of information needed to
26  identify those putative class members who have filed police reports
27  pertaining to acts of aggression, intimidation, harassment, assault,
28  vandalism and battery occurring at Lunada Bay.  Similarly, the City should

1 | maintain records of complaints received from members of the public
2 | pertaining to such conduct, but who were dissuaded from filing a police
3 | report.

4 | With respect to subpart (a) of this Interrogatory, Plaintiff identified 105
5 | witnesses in its Supplemental Disclosures and described the information
6 | within the witnesses' knowledge.  Plaintiff is in the process of gathering
7 | additional information and will supplement this response as necessary and
8 | appropriate in compliance with the Federal Rules.  Plaintiff also identifies the
9 | following individuals who may have information in support of Plaintiff's
10 | claims:

11 | See response to interrogatory no. 1.

12 | **INTERROGATORY NO. 6:**

13 | DESCRIBE and explain with specificity all facts and contentions YOU
14 | assert under Fed. R. Civ. P. 23(b)(3) that questions of law and/or fact
15 | common to putative class members predominate over any questions
16 | affecting individual putative class members, and provide the following
17 | information:

18 | a.    IDENTIFY all witnesses that YOU contend support YOUR
19 | response to this Interrogatory, and DESCRIBE all information known by
20 | each identified witness.

21 | **RESPONSE TO INTERROGATORY NO. 6:**

22 | Responding Party objects to this interrogatory as harassing and
23 | duplicative of information disclosed in Responding Party's Rule 26(a)
24 | disclosures and supplemental disclosures.  Propounding Party may look to
25 | Responding Party's Rule 26(a) disclosures and supplemental disclosures for
26 | the information sought by this interrogatory.  Moreover, Responding Party
27 | had the opportunity to depose Ms. Reed on this topic.

28 | Responding Party further objects to this interrogatory in that it is

1 | unduly burdensome to the extent it asks Plaintiff to identify all witnesses with
2 | information pertaining to issues of law or fact common to the class. The
3 | putative class consists of thousands, likely millions, of beachgoers. It would
4 | be unduly burdensome to require Plaintiffs to identify thousands of people
5 | and describe all information known to each witness.

6 |      Responding Party further objects to this interrogatory as compound.
7 | This interrogatory contains multiple impermissible subparts in violation of
8 | Federal Rule of Civil Procedure 33(a)(1).

9 |      Responding Party further objects to this interrogatory on the grounds it
10 | is vague and ambiguous as to the meaning of the term "regarding all
11 | questions of law or fact."

12 |      Responding Party further objects to this interrogatory to the extent that
13 | it seeks information that is outside of Responding Party's knowledge.

14 |      Responding Party further objects to the extent that this interrogatory
15 | invades attorney-client privilege and/or violates the work product doctrine by
16 | compelling Responding Party to disclose privileged communications and/or
17 | litigation strategy. Responding Party will not provide any such information.

18 |      Responding Party further objects to this interrogatory as premature.
19 | Because this interrogatory seeks or necessarily relies upon a contention,
20 | and because this matter is in its early stages and pretrial discovery has only
21 | just begun, Responding Party is unable to provide a complete response at
22 | this time, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et*
23 | *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
24 | *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
25 | *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
26 | interrogatory need not be answered until designated discovery is complete,
27 | or until a pretrial conference or some other time.").

28 |      Subject to the foregoing objections, Responding Party responds as

1 | follows:

2 | The putative equitable-relief class consists of thousands, and
3 | potentially millions, of would-be out-of-area beachgoers who have the right
4 | to visit Lunada Bay under state and federal law but who are deterred due to
5 | the  Individual Defendants' and Bay Boys' actions and/or the Palos Verdes
6 | Estates Police Department's complicity.  This putative class includes people
7 | who have wanted to visit Lunada Bay but have never done so out of fear of
8 | the beach's localized reputation and the City's complicity in unlawful
9 | exclusivity.  The putative class also includes those who have visited the
10 | beach only to be harassed, assaulted, threatened, battered, and/or had their
11 | personal items vandalized.  Many class members have filed police reports,
12 | only to have no action taken by the police to identify or arrest the
13 | aggressor(s).  Others have been dissuaded by the police from filing a report.
14 | This conduct has endured for decades.  The class out-of-area beachgoers is
15 | a diverse group, all who seek safe beach access to Palos Verdes Estates
16 | beaches and Lunada Bay regardless of where they live, and regardless of
17 | their race, national origin, ethnic group identification, religion, age, sex,
18 | sexual orientation, color, genetic information, disability, or income.

19 | Ms. Reed's experiences with respect to Lunada Bay exemplify those
20 | experienced by the putative class, described above. As set forth in the
21 | Complaint and described by Ms. Reed during her deposition, she wanted to
22 | surf at Lunada Bay since approximately December 2014 but was dissuaded
23 | from surfing there having heard of incidents of localism.  On or about
24 | January 29, 2016, she decided to surf at Lunada Bay with a group of
25 | outsiders despite her concerns of experiencing localism.  As soon as she
26 | arrived on the bluffs at Lunada Bay on or about January 29, 2016, she
27 | began experiencing harassment.  Bay Boys drove past her after she and her
28 | friend, Jordan Wright, had parked their car, and yelled at them, told them

1  they couldn't surf there, and called them "kooks."  Other Bay Boys were

2  recording Plaintiff and Mr. Wright while they were on the bluff.

3  　　　　Once she made her way down from the bluffs to the beach, a Bay Boy

4  screamed at Plaintiff, calling her a "whore."  Plaintiff was very frightened and

5  had never before been yelled at in that manner.  The man walked away

6  briefly and returned to continue yelling at Plaintiff.  Palos Verdes Estates

7  Police officers were present nearby and witnessed this incident.  The police

8  finally approached Plaintiff, who indicated that she wanted to file a police

9  report.  The police detained the suspect but ultimately released him without

10 arresting him because they claimed they did not hear what he had yelled at

11 Plaintiff.  The police told Plaintiff she could make a citizen's arrest but

12 dissuaded her from doing so by telling her that she would be at risk of being

13 sued because people at Lunada Bay are wealthy and can hire good lawyers

14 to sue Plaintiff.

15 　　　　On or about February 13, 2016, Ms. Reed returned to Lunada Bay with

16 Mr. Wright to photograph Mr. Wright as he surfed.  She had asked for a

17 police escort down to the beach that day but the police did not fulfill her

18 request.  As Plaintiff and Mr. Wright walked down from the bluff to the

19 beach, they were confronted by two individuals who attempted to block the

20 pathway and told Plaintiff and Wright that "they were done."  After making

21 their way down to the beach, Plaintiff and Wright were again confronted with

22 hostile individuals yelling at them.  Plaintiff made her way to the rock fort and

23 was approached by Defendants Brant Blakeman and Alan Johnston who

24 were carrying a case of beer and video recording Plaintiff.  Plaintiff was very

25 intimidated and felt harassed as Defendant Blakeman held a camera very

26 close to her face.  Defendant Johnston deliberately sprayed a can of beer on

27 Plaintiff's arm and camera.  Defendant Johnston acted in a very aggressive,

28 intimidating, and sexually lewd and suggestive manner.  Plaintiff was initially

1   unable to exit the fort as she was frozen with fear.  Plaintiff attempted to call

2   the police but did not have cell reception.

3       Plaintiff eventually made her way out of the rock fort, up the hill and

4   back to the top of the bluff.  She was in tears.  She saw a police car parked

5   at the top of the bluff and approached the car.  She spoke with an officer and

6   explained what happened.  Thereafter she was escorted back down the hill

7   to attempt to identify the aggressors.  When she approached the fort, the

8   police greeted one of the Bay Boys who was present in the fort at the time,

9   Charlie Ferrara.

10      Immediately following the incident on February 13, 2016, Plaintiff was

11  also told by the police that it would not be difficult to identify the aggressors

12  because the police keep a photo book of the Bay Boys and they know who

13  frequent the area.  But after the incident, the police did not follow up to

14  permit Plaintiff to identify the perpetrators.  Instead, Plaintiff called the police

15  numerous times to set up a time to identify the perpetrators.  After engaging

16  counsel, Plaintiff was finally permitted to identify Defendant Johnston in a

17  photo lineup.

18      A police officer with the Palos Verdes Estates Police Department also

19  asked Plaintiff why she would want to go back to Lunada Bay because it is

20  not safe.  This same officer also asked Plaintiff why a woman would want to

21  go to a rocky beach.

22      Ms. Reed's experiences are not unique in that the City has done little,

23  if anything, to address the Bay Boys' actions of exclusion.

24      Plaintiff notes that the City is in possession of information needed to

25  identify those putative class members who have filed police reports

26  pertaining to acts of aggression, intimidation, harassment, assault,

27  vandalism and battery occurring at Lunada Bay.  Similarly, the City should

28  maintain records of complaints received from members of the public

-41-

1  pertaining to such conduct, but who were dissuaded from filing a police

2  report.

3      With respect to subpart (a) of this Interrogatory, Plaintiff identified 105

4  witnesses in its Supplemental Disclosures and described the information

5  within the witnesses' knowledge.  Plaintiff is in the process of gathering

6  additional information and will supplement this response as necessary and

7  appropriate in compliance with the Federal Rules.  Plaintiff also identifies the

8  following individuals who may have information in support of Plaintiff's

9  claims:

10      See response to interrogatory no. 1.

11  **INTERROGATORY NO. 7:**

12      For each putative class member of whom YOU are aware, DESCRIBE

13  with specificity the nature of ANY harm injury/wrongful conduct that forms

14  the basis for the inclusion of each putative class member in this ACTION,

15  including the residence of each putative class member, all persons involved,

16  the dates on which ANY harm injury/wrongful conduct occurred, the location

17  where ANY harm/injury/wrongful conduct occurred, whether said

18  harm/injury/wrongful conduct was reported to ANY law enforcement agency,

19  and if any such law enforcement report was made, the identity of each such

20  law enforcement agency.

21  **RESPONSE TO INTERROGATORY NO. 7:**

22      Responding Party objects to this interrogatory as harassing and

23  duplicative of information disclosed in Responding Party's Rule 26(a)

24  disclosures and supplemental disclosures.  Propounding Party may look to

25  Responding Party's Rule 26(a) disclosures and supplemental disclosures for

26  the information sought by this interrogatory.  Moreover, Responding Party

27  had the opportunity to depose Ms. Reed on this topic.

28      Responding Party further objects to this interrogatory in that it is

1   unduly burdensome to the extent it asks Plaintiff to identify the names of all
2   putative class member, the nature of any harm or injury sustained by each
3   putative class member, the residence of each putative class member,
4   names of any other additional witnesses, dates of any harm, location of
5   where the harm was sustained, whether the harm was reported to law
6   enforcement and if so, the identity of the law enforcement agency.  The
7   putative class consists of thousands, likely millions, of beachgoers.  It would
8   be unduly burdensome and likely impossible for Plaintiff to provide this
9   information.

10      Responding Party further objects to this interrogatory as compound.
11   This interrogatory contains multiple impermissible subparts in violation of
12   Federal Rule of Civil Procedure 33(a)(1).

13      Responding Party further objects to this interrogatory to the extent that
14   it seeks information that is outside of Responding Party's knowledge.

15      Responding Party further objects to the extent that this interrogatory
16   invades attorney-client privilege and/or violates the work product doctrine by
17   compelling Responding Party to disclose privileged communications and/or
18   litigation strategy.  Responding Party will not provide any such information.

19      Responding Party further objects to this interrogatory as premature.
20   Because this interrogatory seeks or necessarily relies upon a contention,
21   and because this matter is in its early stages and pretrial discovery has only
22   just begun, Responding Party is unable to provide a complete response at
23   this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
24   *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
25   *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
26   *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
27   interrogatory need not be answered until designated discovery is complete,
28   or until a pretrial conference or some other time.").

1    Subject to and without waiving the foregoing objections, Plaintiff

2  responds as follows:

3    Plaintiff identified 105 witnesses in its Supplemental Disclosures and

4  described the information within the witnesses' knowledge.  Plaintiff is in the

5  process of gathering additional information and will supplement this

6  response as necessary and appropriate in compliance with the Federal

7  Rules.  Plaintiff also identifies the following individuals who may have

8  information in support of Plaintiff's claims:

9    See response to interrogatory no. 1.

10

11

12  DATED:  November 29, 2016          OTTEN LAW, PC

13

14

15                        By: _____

16                        VICTOR OTTEN
                          Attorneys for Plaintiffs
17                        CORY SPENCER, DIANA MILENA
                          REED, and COASTAL PROTECTION
18                        RANGERS, INC.

19

20

21

22

23

24

25

26

27

28

12854888.1        REED'S RESP. TO CITY'S FIRST SET OF INTERROGATORIES
                          Exhibit 5  Page 130 of 192

1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   CAROLINE LEE, SBN 293297
4  clee@hansonbridgett.com
   JENNIFER ANIKO FOLDVARY, SBN 292216
5  jfoldvary@hansonbridgett.com
   425 Market Street, 26th Floor
6  San Francisco, California 94105
   Telephone: (415) 777-3200
7  Facsimile:  (415) 541-9366

8  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
9  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
10 lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
11 Sacramento, California 95814
   Telephone: (916) 442-3333
12 Facsimile:  (916) 442-2348

13 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
14 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
15 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
16 Torrance, California 90505
   Telephone: (310) 378-8533
17 Facsimile:  (310) 347-4225

18 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
19 REED, and COASTAL PROTECTION
   RANGERS, INC.

20

21           UNITED STATES DISTRICT COURT

22    CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

23

| | |
|---|---|
| 24  CORY SPENCER, an individual; | CASE NO. 2:16-cv-02129-SJO (RAOx) |
| 25  DIANA MILENA REED, an individual; and COASTAL | **PROOF OF SERVICE** |
| 26  PROTECTION RANGERS, INC., a | |
| 27  California non-profit public benefit corporation, | |
| 28 | |

-1-

1           Plaintiffs,

2         v.

3   LUNADA BAY BOYS; THE

4   INDIVIDUAL MEMBERS OF THE

5   LUNADA BAY BOYS, including but
    not limited to SANG LEE, BRANT

6   BLAKEMAN, ALAN JOHNSTON

7   AKA JALIAN JOHNSTON,
    MICHAEL RAE PAPAYANS,

8   ANGELO FERRARA, FRANK

9   FERRARA, CHARLIE FERRARA,
    and N. F.; CITY OF PALOS

10  VERDES ESTATES; CHIEF OF

11  POLICE JEFF KEPLEY, in his
    representative capacity; and DOES

12  1-10,

13         Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

12858864.1

Exhibit ⟨ Page 132 of 192

1

## PROOF OF SERVICE

2 **Spencer, et al. v. Lunada Bay Boys, et al.; USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)**

3

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

5          At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 3620 Pacific Coast Hwy, Suite 100, Torrance, CA 90505.

6

7          On November 30, 2016, I served the original of the following document(s) described as

8 **1.     PLAINTIFF CORY SPENCER'S RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES ESTATES AND**

9 **CHIEF OF POLICE JEFF KEPLEY;**

10 **2.     PLAINTIFF CORY SPENCER 'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES ESTATES AND**

11 **CHIEF OF POLICE JEFF KEPLEY;**

12 **3.     PLAINTIFF CORY SPENCER'S RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CITY OF PALOS VERDES ESTATES;**

13

14 **4.     PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES ESTATES AND**

15 **CHIEF OF POLICE JEFF KEPLEY;**

16 **5.     PLAINTIFF DIANA MILENA REED'S RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CITY OF PALOS VERDES ESTATES;**

17

18 **6.     PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY;**

19

20 **7.     PLAINTIFF COASTAL PROTECTION RANGERS' RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CITY OF PALOS VERDES ESTATES;**

21 **8.     PLAINTIFF COASTAL PROTECTION RANGERS' RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES**

22 **ESTATES AND CHIEF OF POLICE JEFF KEPLEY; and**

23 **9.     PLAINTIFF COASTAL PROTECTION RANGERS' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANTS CITY OF PALOS**

24 **VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY.**

25 on the interested parties in this action as follows:

26

27

28

12858864.1

SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Otten Law PC practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 30, 2016, Torrance, California.

Vanessa Marquez

-4-

12858864.1

1

## SERVICE LIST

2  *Spencer, et al. v. Lunada Bay Boys, et al.;* USDC, Central District of California,
   Case No. 2:16-cv-02129-SJO (RAOx)

3

4  Robert T. Mackey                *(Attorneys for Defendant BRANT*
   Peter H. Crossin                *BLAKEMAN)*
   Richard P. Dieffenbach
5  John P. Worgul                  Tel:    213.381.2861
   VEATCH CARLSON, LLP             Fax:    213.383.6370
6  1055 Wilshire Blvd., 11th Floor  E-Mail: rmackey@veatchfirm.com
   Los Angeles, CA  90017                  pcrossin@veatchfirm.com
7                                          rdieffenbach@veatchfirm.com
                                           jworgul@veatchfirm.com
8
                                   *(Attorneys for Defendant BRANT*
9                                  *BLAKEMAN)*

10                                 Tel:    213.891.0700
                                   Fax:    213.896.0400
11                                 E-Mail: rcooper@buchalter.com

12 J. Patrick Carey                *(Attorney for Defendant ALAN*
   LAW OFFICES OF J. PATRICK CAREY *JOHNSTON a/k/a JALIAN JOHNSTON)*
13 1230 Rosecrans Ave., Suite 300
   Manhattan Beach, CA  90266      Tel:    310.526.2237
14                                 Fax:    424.456.3131
                                   E-Mail: pat@patcareylaw.com
15
   Peter T. Haven                  *(Attorney for Defendant MICHAEL RAY*
16 HAVEN LAW                       *PAPAYANS)*
   1230 Rosecrans Ave., Suite 300
17 Manhattan Beach, CA  90266      Tel:    310.272.5353
                                   Fax:    213.477.2137
18                                 E-Mail: peter@hblwfirm.us
                                           peter@havenlaw.com
19
   Edwin J. Richards               *(Attorneys for Defendants CITY OF*
20 Antoinette P. Hewitt            *PALOS VERDES and CHIEF OF*
   Rebecca L. Wilson               *POLICE JEFF KEPLEY)*
21 Jacob Song
   Christopher D. Glos             Tel:    949.417.0999
22 KUTAK ROCK LLP                  Fax:    949.417.5394
   5 Park Plaza, Suite 1500        E-Mail: ed.richards@kutakrock.com
23 Irvine, CA  92614-8595                  jacob.song@kutakrock.com
                                           antoinette.hewitt@kutakrock.com
24                                         rebecca.wilson@kutakrock.com

25

26

27

28

-5-

| | | |
|---|---|---|
| 1 | Dana Alden Fox | *(Attorneys for Defendant SANG LEE)* |
| | Edward E. Ward, Jr. | |
| 2 | Eric Y. Kizirian | Tel:  213.580.3858 |
| | Tera Lutz | Fax:  213.250.7900 |
| 3 | LEWIS BRISBOIS BISGAARD & SMITH | E-Mail: dana.fox@lewisbrisbois.com |
| | LLP | edward.ward@lewisbrisbois.com |
| 4 | 633 W. 5th Street, Suite 4000 | eric.kizirian@lewisbrisbois.com |
| | Los Angeles, CA 90071 | tera.lutz@lewisbrisbois.com |
| 5 | | |
| | Daniel M. Crowley | *(Attorneys for Defendant SANG LEE)* |
| 6 | BOOTH, MITCHEL & STRANGE LLP | |
| | 707 Wilshire Blvd., Suite 4450 | Tel:  213.738.0100 |
| 7 | Los Angeles, CA 90017 | Fax:  213.380.3308 |
| | | E-Mail: dmcrowley@boothmitchel.com |
| 8 | | |
| | Mark C. Fields | *(Attorney for Defendant ANGELO* |
| 9 | LAW OFFICES OF MARK C. FIELDS, APC | *FERRARA and Defendant N. F.* |
| | 333 South Hope Street, 35th Floor | *appearing through Guardian Ad Litem,* |
| 10 | Los Angeles, CA 90071 | *Leonora Ferrara)* |
| 11 | | Tel:  213.948.2349 |
| | | Fax:  213.629.4520 |
| 12 | | E-Mail: fields@markfieldslaw.com |
| 13 | Thomas M. Phillip | *(Attorneys for Defendant ANGELO* |
| | Aaron G. Miller | *FERRARA)* |
| 14 | THE PHILLIPS FIRM | |
| | 800 Wilshire Blvd., Suite 1550 | Tel:  213.244.9913 |
| 15 | Los Angeles, CA 90017 | Fax:  213.250.7900 |
| | | E-Mail: tphillips@thephillipsfirm.com |
| 16 | | |
| | Patrick Au | *(Attorneys for Defendants FRANK* |
| 17 | Laura L. Bell | *FERRARA and CHARLIE FERRARA)* |
| | BREMER WHYTE BROWN & O'MEARA, | |
| 18 | LLP | Tel:  818.712.9800 |
| | 21271 Burbank Blvd., Suite 110 | Fax:  818.712.9900 |
| 19 | Woodland Hills, CA 91367 | E-Mail: pau@bremerwhyte.com |
| | | lbell@bremerwhyte.com |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

-6-

PROOF OF SERVICE Exhibit 5 Page 132 of 192

# Exhibit "6"

Exhibit 6 Page 137 of 192

1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   CAROLINE LEE, SBN 293297
4  clee@hansonbridgett.com
   JENNIFER ANIKO FOLDVARY, SBN 292216
5  jfoldvary@hansonbridgett.com
   425 Market Street, 26th Floor
6  San Francisco, California 94105
   Telephone: (415) 777-3200
7  Facsimile:  (415) 541-9366

8  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
9  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
10 lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
11 Sacramento, California 95814
   Telephone: (916) 442-3333
12 Facsimile:  (916) 442-2348

13 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
14 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
15 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
16 Torrance, California 90505
   Telephone: (310) 378-8533
17 Facsimile:  (310) 347-4225

18 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
19 REED, and COASTAL PROTECTION
   RANGERS, INC.

20

21          UNITED STATES DISTRICT COURT

22     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

23

24

25

26

27

28

| | |
|---|---|
| 1 | CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, | CASE NO. 2:16-cv-02129-SJO (RAOx) |

1  CORY SPENCER, an individual;
2  DIANA MILENA REED, an
   individual; and COASTAL
3  PROTECTION RANGERS, INC., a
   California non-profit public benefit
4  corporation,

5

6          Plaintiffs,

7     v.

8  LUNADA BAY BOYS; THE
   INDIVIDUAL MEMBERS OF THE
9  LUNADA BAY BOYS, including but
10 not limited to SANG LEE, BRANT
   BLAKEMAN, ALAN JOHNSTON
11 AKA JALIAN JOHNSTON,
12 MICHAEL RAE PAPAYANS,
   ANGELO FERRARA, FRANK
13 FERRARA, CHARLIE FERRARA,
14 and N. F.; CITY OF PALOS
   VERDES ESTATES; CHIEF OF
15 POLICE JEFF KEPLEY, in his
16 representative capacity; and DOES
   1-10,
17

18          Defendants.

19

CASE NO. 2:16-cv-02129-SJO (RAOx)

**PLAINTIFF COASTAL PROTECTION RANGERS' RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CITY OF PALOS VERDES ESTATES**

20  PROPOUNDING PARTY: Defendant CITY OF PALOS VERDES ESTATES

21  RESPONDING PARTY:    Plaintiff COASTAL PROTECTION RANGERS

22  SET NO.:             One

23       Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff

24  COASTAL PROTECTION RANGERS ("Responding Party") hereby submits

25  these objections and responses to the First Set of Interrogatories

26  propounded by Defendant CITY OF PALOS VERDES ESTATES

27  ("Propounding Party").

28

## PRELIMINARY STATEMENT

1
2          Nothing in this response should be construed as an admission by
3    Responding Party with respect to the admissibility or relevance of any fact,
4    or of the truth or accuracy of any characterization or statement of any kind
5    contained in Propounding Party's Interrogatories.  Responding Party has not
6    completed its investigation of the facts relating to this case, its discovery or
7    its preparation for trial.  All responses and objections contained herein are
8    based only upon information that is presently available to and specifically
9    known by Responding Party.  It is anticipated that further discovery,
10   independent investigation, legal research and analysis will supply additional
11   facts and add meaning to known facts, as well as establish entirely new
12   factual conclusions and legal contentions, all of which may lead to
13   substantial additions to, changes in and variations from the responses set
14   forth herein.  The following objections and responses are made without
15   prejudice to Responding Party's right to produce at trial, or otherwise,
16   evidence regarding any subsequently discovered information.  Responding
17   Party accordingly reserves the right to modify and amend any and all
18   responses herein as research is completed and contentions are made.
19

20   ## RESPONSES TO INTERROGATORIES

21   **INTERROGATORY NO. 1:**

22          DESCRIBE with specificity all facts and contentions regarding all
23   objective criteria necessary to ascertain/define the number and identities of
24   putative class members as it specifically relates to YOUR claims against the
25   City, including your allegation in Paragraph 30 of the COMPLAINT that the
26   putative class is so numerous that joinder of all members is impracticable,
27   and provide the following information:
28          a.     IDENTIFY all witnesses that YOU contend support YOUR

1  response to this Interrogatory, and DESCRIBE all information known by

2  each identified witness.

3  **RESPONSE TO INTERROGATORY NO. 1:**

4      Responding Party objects to this interrogatory as harassing and

5  duplicative of information disclosed in Responding Party's Rule 26(a)

6  disclosures and supplemental disclosures.  Propounding Party may look to

7  Responding Party's Rule 26(a) disclosures and supplemental disclosures for

8  the information sought by this interrogatory.

9      Responding Party further objects to this interrogatory in that it is

10  unduly burdensome to the extent it asks Plaintiff to identify all witnesses with

11  information pertaining to the identity of the class.  The putative class

12  consists of thousands, likely millions, of beachgoers.  It would be unduly

13  burdensome to require Plaintiffs to identify thousands of people and

14  describe all information known to each witness.

15      Responding Party further objects to this interrogatory as compound.

16  This interrogatory contains multiple impermissible subparts in violation of

17  Federal Rule of Civil Procedure 33(a)(1).

18      Responding Party further objects to this interrogatory on the grounds it

19  is vague and ambiguous as to the meaning of the term "objective criteria

20  necessary to ascertain/define the number and identities."

21      Responding Party further objects to this interrogatory to the extent that

22  it seeks information that is outside of Responding Party's knowledge.

23      Responding Party further objects to the extent that this interrogatory

24  invades attorney-client privilege and/or violates the work product doctrine by

25  compelling Responding Party to disclose privileged communications and/or

26  litigation strategy.  Responding Party will not provide any such information.

27      Responding Party further objects to this interrogatory as premature.

28  Because this interrogatory seeks or necessarily relies upon a contention,

-4-
Case No. 2:16-cv-02129-SJO (RAOx)

1   and because this matter is in its early stages and pretrial discovery has only
2   just begun, Responding Party is unable to provide a complete response at
3   this time, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et*
4   *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
5   *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
6   *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
7   interrogatory need not be answered until designated discovery is complete,
8   or until a pretrial conference or some other time.").

9   .      Subject to the foregoing objections, Responding Party responds as
10  follows:

11          The putative equitable-relief class consists of thousands, and
12  potentially millions, of would-be out-of area beachgoers who have the right
13  to visit Lunada Bay under state and federal law but who are deterred due to
14  the  Individual Defendants' and Bay Boys' actions and/or the Palos Verdes
15  Estates Police Department's complicity.  This putative class includes people
16  who have wanted to visit Lunada Bay but have never done so out of fear of
17  the beach's localized reputation and the City's complicity in unlawful
18  exclusivity.  The putative class also includes those who have visited the
19  beach only to be harassed, assaulted, threatened, battered, and/or had their
20  personal items vandalized.  Many class members have filed police reports,
21  only to have no action taken by the police to identify or arrest the
22  aggressor(s).  Others have been dissuaded by the police from filing a report.
23  This conduct has endured for decades.  The class out-of-area beachgoers is
24  a diverse group, all who seek safe beach access to Palos Verdes Estates
25  beaches and Lunada Bay regardless of where they live, and regardless of
26  their race, national origin, ethnic group identification, religion, age, sex,
27  sexual orientation, color, genetic information, disability, or income.
28          Next, damages associated with Plaintiff's civil rights claim against the

1   City are incidental, as Plaintiff primarily seeks equitable relief under Federal

2   Rule of Civil Procedure 23(b)(2).  *Parsons v. Ryan*, 754 F.3d 657, 686 (9th.

3   Cir. 2014) (FRCP 23(b)(2) is particularly appropriate for civil rights class

4   actions).  Rule 23(b)(2) does not have an "ascertainability" requirement.

5   *See, e.g., Shelton v. Biedsoe*, 775 F.3d 554, 559 (3d Cir. 2015); *Bee,*

6   *Denning, Inc. v. Capital Alliance Group*, 2016 WL 3952153 at *4 (S.D. Cal.

7   July 21, 2016); *In re Yahoo Mail Litigation*, 308 F.R.D. 577, 597-598 (N.D.

8   Cal. 2015); *see also P.P. v. Compton Unified School District*, 2015 WL

9   5752770 at *23-24 (C.D. Cal. Sept. 29, 2015).  Similarly, with respect to

10   numerosity, "it is well settled that a plaintiff need not allege the exact number

11   or specific identity of proposed class members."  *Newberg on Class Actions*,

12   § 3:13 (5th ed.).

13       Plaintiff notes that the City is in possession of information needed to

14   identify those putative class members who have filed police reports

15   pertaining to acts of aggression, intimidation, harassment, assault,

16   vandalism and battery occurring at Lunada Bay.  Similarly, the City should

17   maintain records of complaints received from members of the public

18   pertaining to such conduct, but who were dissuaded from filing a police

19   report.

20       Finally, in terms of persons that stand to benefit from the equitable

21   relief Plaintiff seeks, Plaintiff currently estimates that a class of out-of-area

22   "non-local" beachgoers may include more than 23,754,141 Southern

23   California residents, which equates to the populations of Los Angeles,

24   Orange, Ventura, San Diego, Santa Barbara, San Luis Obispo, Kern, San

25   Bernardino, Riverside, and Imperial Counties combined, less the number of

26   residents of Palos Verdes Estates.

27       With respect to subpart (a) of this Interrogatory, Plaintiff identified 105

28   witnesses in its Supplemental Disclosures and described the information

1  within the witnesses' knowledge.  Plaintiff is in the process of gathering

2  additional information and will supplement this response as necessary and

3  appropriate in compliance with the Federal Rules.  Plaintiff also identifies the

4  following individuals who may have information in support of Plaintiff's

5  claims:

6      1.    Jim Light and Craig W. Cadwallader who Plaintiffs understand

7  were members of the Executive Committee, South Bay Chapter, Surfrider

8  Foundation, on or about 2002. Contact information for these witnesses can

9  be obtained through the general counsel of the Surfrider Foundation, Angela

10  Howe. It is anticipated that these witnesses can offer testimony regarding

11  the Surfrider Foundation's involvement and/or interaction with the City of

12  PVE and the Localism issue.

13      2.    Geoff Hagins, can be contacted through Plaintiffs' counsel. It is

14  anticipated that Mr. Hagins will offer testimony on the allegations set forth in

15  the Complaint related to Defendant Lunada Bay Boys, the Individual

16  Members of the Lunada Bay Boys and the allegations related to the City and

17  Police Department. Mr. Hagins was accosted by Peter McCollum and

18  several other Bay Boys as reflected in Incident Report 95-0381. Mr. Hagins

19  will offer testimony that he informed the police that he was bringing a Ch 13

20  news crew on the day of the incident and was told "call me if you have any

21  problems." Mr. Hagins will offer testimony that he believes that Officer Blee

22  got in trouble for helping him identify the people involed in the incident. It is

23  also anticipated that Mr. Hagins will offer testimony that he made numerous

24  complaints to the City over the years regarding the treatment of outsiders by

25  the police department. As an activist, it is anticipated that Mr. Hagins will

26  offer testimony regarding surfers from outside of PVE who have reached out

27  to him regarding the allegations set forth in the Complaint.

28      3.    Jason Gersch, can be contacted through Plaintiffs' counsel. It is

1 │ anticipated that Mr. Gersch, a resident of Lomita, will offer testimony that
2 │ several years ago, he and three were checking the surf at the top of Bluff
3 │ Cove in Palos Verdes Estates and were approached by a PVE police officer.
4 │ The officer asked what they were doing. Mr. Gersch responded by stating
5 │ "checking the surf," and the officer illegally demanded to see their driver's
6 │ licenses. The officer then stated "you are a long way from home" and "it's
7 │ getting late so you need to leave." It is anticipated that Mr. Gersch will also
8 │ offer testimony that after he appeared on television at a Lunada Bay protest
9 │ organized by Geoff Hagins in 1996, he was detained by PVE police while
10 │ attending a house party in Lunada Bay. He was illegally held at the police
11 │ station but not charged. He was released after a couple hours and told him
12 │ to "walk towards Torrance." He was not permitted to use a phone. Mr.
13 │ Gersch will also offer testimony regarding several incidents at Lunada Bay
14 │ involving individual members of the Lunada Bay Boys. This witness will offer
15 │ testimony that these events made him fearful from surfing Lunada Bay.

16 │     4.     Ken Claypool, can be contacted through Plaintiffs' counsel. It is
17 │ anticipated that Mr. Claypool will testify that regarding the allegations set
18 │ forth in the Complaint related to Defendant Lunada Bay Boys and the
19 │ Individual Members of the Lunada Bay Boys. This witness will testify about
20 │ several incidents of harassment at Lunada Bay involving Individuals such as
21 │ Brant Blakeman, Joshua Berstein and possibly one or more of the Ferraras.
22 │ It is anticipated that Mr. Claypool will also testify regarding the allegations
23 │ set forth in the Complaint related to the City including but not limited to
24 │ events that took place at Take Back Our Public Beaches Day -- Surf Lunada
25 │ Bay Peaceful Protest. This witness will offer testimony that these events
26 │ made him fearful from surfing Lunada Bay.

27 │     5.     Chris Claypool, can be contacted through Plaintiffs' counsel. It is
28 │ anticipated that Mr. Claypool will testify regarding the allegations set forth in

1  the Complaint related to Defendant Lunada Bay Boys and the Individual
2  Members of the Lunada Bay Boys. This witness will testify about several
3  incidents of harassment at Lunada Bay involving individuals such as Brant
4  Blakeman, Joshua Berstein and possibly one or more of the Ferraras. It is
5  anticipated that this witness will offer testimony that these events made him
6  fearful from surfing Lunada Bay.

7      6.    Jordan Wright, can be contacted through Plaintiffs' counsel. Mr.
8  Wright is expected to testify regarding several incidents that he has had with
9  Individual members of the Lunada Bay Boys over the 2 – 3 years that he has
10  attempted surf the break, including but not limited to the following: (a) being
11  assaulted on January 29, 2016 by David Melo, (b) February 13, 2016
12  incident with Plaintiff Diana Reed, (c) other incidents when he attempted to
13  surf Lunada Bay. It is anticipated that Mr. Wright will also testify regarding
14  his interactions with the City. It is anticipated that this witness will offer
15  testimony that these events made him fearful from surfing Lunada Bay.

16      7.    Christopher Taloa, can be contacted through Plaintiffs' counsel.
17  Mr. Taloa is expected to testify regarding the allegations set forth in the
18  Complaint related to Defendant Lunada Bay Boys and the Individual
19  Members of the Lunada Bay Boys. In addition, it is anticipated that Mr. Taloa
20  will testify regarding the allegations set forth in the Complaint related to the
21  City. Mr. Taloa was actively involved in the MLK Peaceful Paddle Out at
22  Lunada Bay, and is anticipated to offer testimony regarding PVE's reputation
23  for localism.

24      8.    Daniel Dorn, can be contacted through Plaintiffs' counsel. Mr.
25  Dorn will testify that he is a semiprofessional body boarder from Redondo
26  Beach.  Mr. Dorn never surfed Lunada Bay because of it's reputation for
27  localism. Mr. Dorn will testify that he attended one of Mr. Taloa's surfing
28  events at Lunada Bay because he felt it would be safe. Even though police

1    where present, the police would not tell him if it was safe to surf. Upon
2    entering the water, Mr. Dorn was assailed by profanities and threats.  It is
3    anticipated that Mr. Dorn will testify that a Bay Boy in a kayak told him to
4    leave and threatened him. It is anticipated that Dorn will testify that Individual
5    Bay Boys dropped in on him and tried to run him over with their surfboards
6    until he left. It is anticipated that his witness will offer testimony that these
7    events made him fearful from surfing Lunada Bay.

8        9.     John MacHarg, can be contacted through Plaintiffs' counsel. It is
9    anticipated that Mr. MacHarg will offer testimony on the allegations set forth
10   in the Complaint related to Defendant Lunada Bay Boys and the Individual
11   Members of the Lunada Bay Boys and the allegations related to the City and
12   Police Department. It is anticipated that Mr. MacHard will testify that while
13   visiting Lunada Bay on January 29, 2016, he was standing just under the
14   patio on the rocks and Defendant Sang Lee (local surfer/enforcer) who was
15   standing on top of the patio poured out a portion of the beer he was holding
16   on to his head. This happened right in front two officers that were standing 6
17   feet to his right. It is anticipated that Mr. MacHard will testify that he sent
18   emails to Chief Kepley and/or Mark Valez on 1-29-16 and 2-1-16 re the
19   incident with Sang Lee and the alcohol consumption problem at Lunada
20   Bay. It is anticipated that Mr. MacHard will testify regarding several incidents
21   involving individual Bay Boys and that it appears that the City is still
22   permitting the locals to drink alcohol at the bluff and on the beach.

23       10.    Andy MacHarg, can be contacted through Plaintiffs' counsel. It is
24   anticipated that this witness will offer testimony on the allegations set forth in
25   the Complaint related to Defendant Lunada Bay Boys and the Individual
26   Members of the Lunada Bay Boys. It is further anticipated that this witness
27   will offer testimony that the conduct of the Bay Boys as alleged in the
28   Complaint caused him to stop visiting and/or surfing Lunada Bay. The

-10-     Case No. 2:16-cv-02129-SJO (RAOx)
12856691.1      COASTAL PROTECTION RANGERS' RESP. TO CITY'S FIRST SET OF INTERROGATORIES
Exhibit _U_ Page_47_ of 192

1  constant harassment made this witnesses stop surfing Lunada Bay.

2       11.   Tom Wolley, can be contacted through Plaintiffs' counsel. It is

3  anticipated that Mr. Wolley will testify that on the allegations set forth in the

4  Complaint related to Defendant Lunada Bay Boys and the Individual

5  Members of the Lunada Bay Boys. This witness will testify about several

6  incidents of harassment at Lunada Bay involving Individuals such as Brant

7  Blakeman and Joshua Berstein. It is anticipated that Mr. Wolley will also

8  testify that on the allegations set forth in the Complaint related to the City. It

9  is anticipated that his witness will offer testimony that these events made

10  him fearful from surfing Lunada Bay.

11       12.   Tim Tindall, can be contacted through Plaintiffs' counsel, on the

12  allegations set forth in the Complaint related to Defendant Lunada Bay Boys

13  and the Individual Members of the Lunada Bay Boys. It is anticipated that

14  Mr. Tindell will testify about being harassed while attempting to body board

15  Wally's. It is anticipated that his witness will offer testimony that these events

16  made him fearful from surfing Lunada Bay.

17       13.   John Innis, can be contracted through Plaintiffs' counsel. It is

18  anticipated that this witness will offer testimony regarding the allegations set

19  forth in the Complaint related to Defendant Lunada Bay Boys, the Individual

20  Members of the Lunada Bay Boys and the allegations related to the City.

21  This witness will testify that while trying to take photographs at Lunada Bay,

22  he was harassed by several individuals. He made a police report but nothing

23  came of it.

24       14.   Gavin Heaney, can be contacted through Plaintiffs' counsel. It is

25  anticipated that Mr. Heaney will testify that he was denied entrance to

26  Lunada Bay on top of the bluff while attempting to surf there by six or more

27  Bay Boys who threatened him with violence and damage to his property if he

28  went down the trail. Fearing for his safety, he quickly left the area.

1     15.    Tyler Canali, can be contacted through Plaintiffs' counsel. It is
2  anticipated that Mr. Canali will testify that he is not from Palos Verdes
3  Estates. He will testify that was seriously hassled when he surfed Lunada
4  Bay. It is anticipated that he will testify that the Individual Bay Boys
5  surrounded him in the water to intimidate him, dropped in on his waves,
6  harassed and intimidated him until he left.

7     16.    Jimmy Conn, can be contacted through Plaintiffs' counsel. It is
8  anticipated that Mr. will testify that he started surfing Lunada Bay around
9  1976. Mr. Conn will testify that even when the surf was too big for the locals
10  to be in the water, they would  still threaten, harass and throw rocks at him.
11  On one occasion, he was hit by a rock and needed 17 stiches in his lip. He
12  still has the scar.

13     17.    Mike Bernard, contact information unknown, on the allegations
14  set forth in the Complaint related to Defendant Lunada Bay Boys and the
15  Individual Members of the Lunada Bay Boys. Geoff Hagins, John Hagin,
16  Mike Bernard, Mike Bernard, Jr, Charlie Rigano and Doug Disanti were
17  accosted by Peter McCollum and several other Bay Boys as reflected in
18  Incident Report 95-0381. It is anticipated that this witness will offer testimony
19  on the way the City handled the circumstances before and after the incident
20  described in Report 95-0381.

21     18.    Mike Bernard, Jr. contact information unknown, on the
22  allegations set forth in the Complaint related to Defendant Lunada Bay Boys
23  and the Individual Members of the Lunada Bay Boys. Geoff Hagins, John
24  Hagin, Mike Bernard, Mike Bernard, Jr., Charlie Rigano and Doug Disanti
25  were accosted by Peter McCollum and several other Bay Boys as reflected
26  in Incident Report 95-0381.

27     19.    Charlie Rigano, contact information unknown, on the allegations
28  set forth in the Complaint related to Defendant Lunada Bay Boys and the

**-12-**    Case No. 2:16-cv-02129-SJO (RAOx)
12856691.1    COASTAL PROTECTION RANGERS' RESP. TO CITY'S FIRST SET OF INTERROGATORIES
Exhibit _U_ Page _149_ of 192

1    Individual Members of the Lunada Bay Boys. Geoff Hagins, John Hagin,
2    Mike Bernard, Mike Bernard, Jr, Charlie Rigano and Doug Disanti were
3    accosted by Peter McCollum and several other Bay Boys as reflected in
4    Incident Report 95-0381.

5         20.    Doug Disanti, contact information unknown, on the allegations
6    set forth in the Complaint related to Defendant Lunada Bay Boys and the
7    Individual Members of the Lunada Bay Boys. Geoff Hagins, John Hagin,
8    Mike Bernard, Mike Bernard, Jr, Charlie Rigano and Doug Disanti were
9    accosted by Peter McCollum and several other Bay Boys as reflected in
10   Incident Report 95-0381.

11        21.    Jen L. Belcastro, Propounding party has this witnesses contact
12   information. It is anticipated that Ms. Belcastro will offer testimony regarding
13   the events she witnessed and are recorded by the officers  in Report for
14   Incident 16-02164 and the City's handling of investigation. It is anticipated
15   that this witness will offer the following testimony: 1) confirm that other than
16   being called the day of the incident and refusing to make a statement to the
17   police on that day, she was not contacted by the police again until on or
18   about April 13, 2016 – approximately three months after the incident; 2) the
19   report does not accurately reflect what happened at the patio structure.

20        22.    Kurt Stanphenhorst, contact information unknown, on the
21   allegations set forth in the Complaint related to Defendant Lunada Bay Boys
22   and the Individual Members of the Lunada Bay Boys. It is anticipated that
23   this witness will testify that got shot at with a pellet gun by an Individual Bay
24   Boy.

25        23.    Randy Clark, contact information unknown, on the allegations set
26   forth in the Complaint related to Defendant Lunada Bay Boys and the
27   Individual Members of the Lunada Bay Boys.

28        24.    Trish Laurie, contact information unknown. It is anticipated that

1    Ms. Laurie will testify that she was sexually harassed/assaulted at Lunada
2    Bay.  It is anticipated that she will say that certain individuals dropped
3    "dropped their towels and jerked off to her."  Ms. Laurie is being listed as a
4    possible percipient witness.
5          25.    Tom Wilson, contact information unknown, on the allegations set
6    forth in the Complaint related to Defendant Lunada Bay Boys and the
7    Individual Members of the Lunada Bay Boys.
8          26.    Martin Tueling, contact information unknown, on the allegations
9    set forth in the Complaint related to Defendant Lunada Bay Boys and the
10   Individual Members of the Lunada Bay Boys.
11         27.    Bernie Mann, contact information unknown, on the allegations
12   set forth in the Complaint related to Defendant Lunada Bay Boys and the
13   Individual Members of the Lunada Bay Boys.
14         28.    Dr. Stephen Young, can be contacted through Plaintiffs' counsel.
15   It is anticipated that Dr. Stephen Young will testify that while attending
16   Medical school he tried many times to enjoy the break at Lunada Bay and on
17   every occasion, he was bullied to the point he would have to leave the area.
18   It is anticipated that he will tesify that his vehicle was damaged many times
19   which included slashed tires, scratches on the painted surfaces and broken
20   windows. He will testify that there was a few occasions that he feared for my
21   life. He will state that he filed a police report but nothing was done.
22         29.    Hagan Kelly, contact information unknown, on the allegations set
23   forth in the Complaint related to Defendant Lunada Bay Boys and the
24   Individual Members of the Lunada Bay Boys.
25         30.    Sef Krell, may be contacted through Plaintiffs' counsel. It is
26   anticipated that Mr. Kress will testify on the allegations set forth in the
27   Complaint related to Defendant Lunada Bay Boys and the Individual
28   Members of the Lunada Bay Boys and the allegations related to the City of

1  Palos Verdes Estates. Specifically, related to the incident that occurred on or
2  around November 15, 2014.

3      31.    Alan Haven, can be contacted through Plaintiffs' counsel, on the
4  allegations set forth in the Complaint related to Defendant Lunada Bay Boys
5  and the Individual Members of the Lunada Bay Boys. Mr. Haven is a
6  resident of Palos Verdes Estates and will testify regarding the video of an
7  assault that he took on October 10, 2015.

8      32.    Daniel R. Jongeward, can be contacted through Plaintiffs'
9  counsel. It anticipated this witness will offer testimony related to Defendant
10  Lunada Bay Boys and the Individual Members of the Lunada Bay Boys.
11  Specifically, it is anticipated that Mr. Jongeward will testify that: (a) he is not
12  a resident of Palos Verdes Estates, (b) he was a big surfer but rides
13  longboards and guns, (c) he has attempted to surf Lunada Bay on several
14  occasions. Because of the reputation, he went alone and early in the
15  morning. He has had dirt clogs and rocks thrown at him. He has been
16  physically threatened. People threatened to vandalize his car. Because he
17  believes that the Lunada Bay Boys have the ability to physically harm him
18  and his property he made the decision not to return.

19      33.    Patrick Landon, contact information unknown, on the allegations
20  set forth in the Complaint related to Defendant Lunada Bay Boys and the
21  Individual Members of the Lunada Bay Boys.

22      34.    Frank Netto, can be contacted through Plaintiffs' counsel, on the
23  allegations set forth in the Complaint related to Defendant Lunada Bay Boys
24  and the Individual Members of the Lunada Bay Boys.

25      35.    Sharlean Perez, can be contacted through Plaintiffs' counsel, on
26  the allegations set forth in the Complaint related to Defendant Lunada Bay
27  Boys and the Individual Members of the Lunada Bay Boys. It is anticipated
28  that this witness will testify that she and her boyfriend tried to hike down the

-15-    Case No. 2:16-cv-02129-SJO (RAOx)
12856691.1    COASTAL PROTECTION RANGERS' RESP. TO CITY'S FIRST SET OF INTERROGATORIES
Exhibit ⨆ Page ⌐5⌐ of 192

1 │ trail to Lunada Bay and people started throwing glass bottles "near" and
2 │ "around" them. She and her boyfriend at the time were not from PVE.

3 │     36.    Charles Michael Pinkerton, can be contacted through Plaintiffs'
4 │ counsel, on the allegations set forth in the Complaint related to Defendant
5 │ Lunada Bay Boys and the Individual Members of the Lunada Bay Boys. It is
6 │ anticipated that Mr. Pinkerton will testify that he is an aerospace engineer
7 │ with a Masters Degree that he has made several attempts to surf Lunada
8 │ Bay. He will state that he has been harassed (verbal harassments, threats of
9 │ violence, to throw things in the water). He has had all four tires flattened, his
10 │ windows waxed; his backpack thrown in the water while he was out surfing.

11 │     37.    Mike Purpus, contact information unknown, on the allegations
12 │ set forth in the Complaint related to Defendant Lunada Bay Boys and the
13 │ Individual Members of The Lunada Bay Boys. This witness is a former
14 │ professional surfer who has written articles about localism at Lunada Bay
15 │ and is listed as a possible percipient witness.

16 │     38.    Mike Stevens, Los Angeles County District Attorney's Office, 210
17 │ West Temple Street, Los Angeles, CA 90012, on the allegations set forth in
18 │ the Complaint related to Defendant Lunada Bay Boys and the Individual
19 │ Members of the Lunada Bay Boys. Plaintiffs have been informed that Mr.
20 │ Stevens is an investigator with the Los Angeles District Attorney's Office and
21 │ that he was hassled by the Bay Boys when attempting to surf Lunada Bay.
22 │ Neither Plaintiffs nor their attorneys have spoken directly with Mr. Stevens.
23 │ He is listed as a possible percipient witness.

24 │     39.    Rory Carroll, contact information unknown, on the allegations set
25 │ forth in the Complaint related to Defendant Lunada Bay Boys and the
26 │ Individual Members of the Lunada Bay Boys. Specifically, Mr. Carroll is
27 │ expected to testify regarding the contents of the
28 │ video:https://www.theguardian.com/travel/video/2015/may/18/california-surf-

12856691.1

1  wars-lunada-bay-localism-video.

2      40.      Noah Smith, contact information unknown, on the allegations set

3  forth in the Complaint related to Defendant Lunada Bay Boys and the

4  Individual Members of the Lunada Bay Boys. Specifically, Mr. Carroll is

5  expected to testify regarding the contents of the video:

6  https://www.theguardian.com/travel/video/2015/may/18/california-surf-wars-

7  lunada-bay-localism-video.

8      41.      Karl Willert, can be contacted through Plaintiffs' counsel. It is

9  anticipated that this witness will offer testimony on the allegations set forth in

10  the Complaint related to Defendant Lunada Bay Boys and the Individual

11  Members of the Lunada Bay Boys and the City.

12      42.      Jose Barahona, can be contacted through Plaintiffs' counsel. It is

13  anticipated that this witness will offer testimony on the allegations set forth in

14  the Complaint related to Defendant Lunada Bay Boys and the Individual

15  Members of the Lunada Bay Boys and the City.

16  **INTERROGATORY NO. 2:**

17      DESCRIBE and explain with specificity all facts and contentions YOU

18  assert regarding all questions of law or fact—if any -- that YOU contend are

19  common to the putative class (as that term is defined by Fed. R. Civ. P. 23

20  (a)(2)) as specifically related to YOUR claims against the City, and provide

21  the following information:

22      a.      IDENTIFY all witnesses that YOU contend support YOUR

23  response to this Interrogatory, and DESCRIBE all information known by

24  each identified witness.

25  **RESPONSE TO INTERROGATORY NO. 2:**

26      Responding Party objects to this interrogatory as harassing and

27  duplicative of information disclosed in Responding Party's Rule 26(a)

28  disclosures and supplemental disclosures.  Propounding Party may look to

1  Responding Party's Rule 26(a) disclosures and supplemental disclosures for
2  the information sought by this interrogatory.

3      Responding Party further objects to this interrogatory in that it is
4  unduly burdensome to the extent it asks Plaintiff to identify all witnesses with
5  information pertaining to issues of law or fact common to the class.  The
6  putative class consists of thousands, likely millions, of beachgoers.  It would
7  be unduly burdensome to require Plaintiffs to identify thousands of people
8  and describe all information known to each witness.

9      Responding Party further objects to this interrogatory as compound.
10 This interrogatory contains multiple impermissible subparts in violation of
11 Federal Rule of Civil Procedure 33(a)(1).

12     Responding Party further objects to this interrogatory on the grounds it
13 is vague and ambiguous as to the meaning of the term "regarding all
14 questions of law or fact."

15     Responding Party further objects to this interrogatory to the extent that
16 it seeks information that is outside of Responding Party's knowledge.

17     Responding Party further objects to the extent that this interrogatory
18 invades attorney-client privilege and/or violates the work product doctrine by
19 compelling Responding Party to disclose privileged communications and/or
20 litigation strategy.  Responding Party will not provide any such information.

21     Responding Party further objects to this interrogatory as premature.
22 Because this interrogatory seeks or necessarily relies upon a contention,
23 and because this matter is in its early stages and pretrial discovery has only
24 just begun, Responding Party is unable to provide a complete response at
25 this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
26 *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
27 *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
28 *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

1   interrogatory need not be answered until designated discovery is complete,

2   or until a pretrial conference or some other time.").

3        Subject to the foregoing objections, Responding Party responds as

4   follows:

5        The putative equitable-relief class consists of thousands, and

6   potentially millions, of would-be out-of area beachgoers who have the right

7   to visit Lunada Bay under state and federal law but who are deterred due to

8   the Individual Defendants' and Bay Boys' actions and/or the Palos Verdes

9   Estates Police Department's complicity. This putative class includes people

10  who have wanted to visit Lunada Bay but have never done so out of fear of

11  the beach's localized reputation and the City's complicity in unlawful

12  exclusivity. The putative class also includes those who have visited the

13  beach only to be harassed, assaulted, threatened, battered, and/or had their

14  personal items vandalized. Many class members have filed police reports,

15  only to have no action taken by the police to identify or arrest the

16  aggressor(s). Others have been dissuaded by the police from filing a report.

17  This conduct has endured for decades. The class out-of-area beachgoers is

18  a diverse group, all who seek safe beach access to Palos Verdes Estates

19  beaches and Lunada Bay regardless of where they live, and regardless of

20  their race, national origin, ethnic group identification, religion, age, sex,

21  sexual orientation, color, genetic information, disability, or income.

22       The Coastal Protection Rangers' experiences with respect to Lunada

23  Bay exemplify those experienced by the putative class, described above.

24  Several of CPR's board members and/or volunteers of the organization  are

25  surfers and/or enjoy the beach and grew up in areas near Palos Verdes

26  Estates such as Redondo Beach, Rancho Palos Verdes, Hermosa Beach

27  and Torrance. They would have liked to have surfed, dived or even just

28  enjoyed the beach at Lunada Bay but were afraid to because of the

Exhibit _6_ Page _161_ of 192

12856691.1

1  reputation that it had for localism.

2      Plaintiff notes that the City is in possession of information needed to
3  identify those putative class members who have filed police reports
4  pertaining to acts of aggression, intimidation, harassment, assault,
5  vandalism and battery occurring at Lunada Bay.  Similarly, the City should
6  maintain records of complaints received from members of the public
7  pertaining to such conduct, but who were dissuaded from filing a police
8  report.

9      With respect to subpart (a) of this Interrogatory, Plaintiff identified 105
10 witnesses in its Supplemental Disclosures and described the information
11 within the witnesses' knowledge.  Plaintiff is in the process of gathering
12 additional information and will supplement this response as necessary and
13 appropriate in compliance with the Federal Rules.  Plaintiff also identifies the
14 following individuals who may have information in support of Plaintiff's
15 claims:

16      See response to interrogatory no. 1.

17 **INTERROGATORY NO. 3:**

18      DESCRIBE and explain with specificity all facts and contentions YOU
19 assert regarding why the CLASS REPRESENTATIVES' Third Cause of
20 Action—42 U.S.C. § 1983—Equal Protection asserted against the City is
21 "typical" (as that term is defined by Fed. R. Civ. P. (a)(3)) of each member of
22 the putative class as specifically related to YOUR claims against the City,
23 and provide the following information:

24      a.   IDENTIFY all witnesses that YOU contend support YOUR
25 response to this Interrogatory, and DESCRIBE all information known by
26 each identified witness.

27 **RESPONSE TO INTERROGATORY NO. 3:**

28      Responding Party objects to this interrogatory as harassing and

Exhibit _6_ Page _157_ of 192

1  duplicative of information disclosed in Responding Party's Rule 26(a)

2  disclosures and supplemental disclosures.  Propounding Party may look to

3  Responding Party's Rule 26(a) disclosures and supplemental disclosures for

4  the information sought by this interrogatory.

5       Responding Party further objects to this interrogatory in that it is

6  unduly burdensome to the extent it asks Plaintiff to identify all witnesses with

7  information pertaining to issues of law or fact common to the class.  The

8  putative class consists of thousands, likely millions, of beachgoers.  It would

9  be unduly burdensome to require Plaintiffs to identify thousands of people

10  and describe all information known to each witness.

11       Responding Party further objects to this interrogatory as compound.

12  This interrogatory contains multiple impermissible subparts in violation of

13  Federal Rule of Civil Procedure 33(a)(1).

14       Responding Party further objects to this interrogatory to the extent that

15  it seeks information that is outside of Responding Party's knowledge.

16       Responding Party further objects to the extent that this interrogatory

17  invades attorney-client privilege and/or violates the work product doctrine by

18  compelling Responding Party to disclose privileged communications and/or

19  litigation strategy.  Responding Party will not provide any such information.

20       Responding Party further objects to this interrogatory as premature.

21  Because this interrogatory seeks or necessarily relies upon a contention,

22  and because this matter is in its early stages and pretrial discovery has only

23  just begun, Responding Party is unable to provide a complete response at

24  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

25  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

26  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*

27  *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

28  interrogatory need not be answered until designated discovery is complete,

1 || or until a pretrial conference or some other time.").

2 ||      Subject to the foregoing objections, Responding Party responds as

3 || follows:

4 ||      The putative equitable-relief class consists of thousands, and

5 || potentially millions, of would-be out-of area beachgoers who have the right

6 || to visit Lunada Bay under state and federal law but who are deterred due to

7 || the Individual Defendants' and Bay Boys' actions and/or the Palos Verdes

8 || Estates Police Department's complicity. This putative class includes people

9 || who have wanted to visit Lunada Bay but have never done so out of fear of

10 || the beach's localized reputation and the City's complicity in unlawful

11 || exclusivity. The putative class also includes those who have visited the

12 || beach only to be harassed, assaulted, threatened, battered, and/or had their

13 || personal items vandalized. Many class members have filed police reports,

14 || only to have no action taken by the police to identify or arrest the

15 || aggressor(s). Others have been dissuaded by the police from filing a report.

16 || This conduct has endured for decades. The class out-of-area beachgoers is

17 || a diverse group, all who seek safe beach access to Palos Verdes Estates

18 || beaches and Lunada Bay regardless of where they live, and regardless of

19 || their race, national origin, ethnic group identification, religion, age, sex,

20 || sexual orientation, color, genetic information, disability, or income.

21 ||      The Coastal Protection Rangers' experiences with respect to Lunada

22 || Bay exemplify those experienced by the putative class, described above.

23 ||      Plaintiff notes that the City is in possession of information needed to

24 || identify those putative class members who have filed police reports

25 || pertaining to acts of aggression, intimidation, harassment, assault,

26 || vandalism and battery occurring at Lunada Bay. Similarly, the City should

27 || maintain records of complaints received from members of the public

28 || pertaining to such conduct, but who were dissuaded from filing a police

-22-

Case No. 2:16-cv-02129-SJO (RAOx)
COASTAL PROTECTION RANGERS' RESP. TO CITY'S FIRST SET OF INTERROGATORIES
Exhibit _/_ Page 154 of 192

12856691.1

1   report.

2       With respect to subpart (a) of this Interrogatory, Plaintiff identified 105

3   witnesses in its Supplemental Disclosures and described the information

4   within the witnesses' knowledge.  Plaintiff is in the process of gathering

5   additional information and will supplement this response as necessary and

6   appropriate in compliance with the Federal Rules.  Plaintiff also identifies the

7   following individuals who may have information in support of Plaintiff's

8   claims:

9       See response to interrogatory no. 1.

10   **INTERROGATORY NO. 4:**

11       DESCRIBE and explain with specificity all facts and contentions YOU

12   assert regarding why the CLASS REPRESENTATIVES can "fairly and

13   adequately" (as that term is defined by Fed. R. Civ. P. 23(a)(4)) protect the

14   interests of the putative class as specifically related to YOUR claims against

15   the City, and provide the following information:

16       a.    IDENTIFY all witnesses that YOU contend support YOUR

17   response to this Interrogatory, and DESCRIBE all information known by

18   each identified witness.

19   **RESPONSE TO INTERROGATORY NO. 4:**

20       Responding Party objects to this interrogatory as harassing and

21   duplicative of information disclosed in Responding Party's Rule 26(a)

22   disclosures and supplemental disclosures.  Propounding Party may look to

23   Responding Party's Rule 26(a) disclosures and supplemental disclosures for

24   the information sought by this interrogatory.

25       Responding Party further objects to this interrogatory in that it is

26   unduly burdensome to the extent it asks Plaintiff to identify all witnesses with

27   information pertaining to issues of law or fact common to the class.  The

28   putative class consists of thousands, likely millions, of beachgoers.  It would

1  be unduly burdensome to require Plaintiffs to identify thousands of people
2  and describe all information known to each witness.

3       Responding Party further objects to this interrogatory as compound.
4  This interrogatory contains multiple impermissible subparts in violation of
5  Federal Rule of Civil Procedure 33(a)(1).

6       Responding Party further objects to this interrogatory to the extent that
7  it seeks information that is outside of Responding Party's knowledge.

8       Responding Party further objects to the extent that this interrogatory
9  invades attorney-client privilege and/or violates the work product doctrine by
10  compelling Responding Party to disclose privileged communications and/or
11  litigation strategy.  Responding Party will not provide any such information.

12       Responding Party further objects to this interrogatory as premature.
13  Because this interrogatory seeks or necessarily relies upon a contention,
14  and because this matter is in its early stages and pretrial discovery has only
15  just begun, Responding Party is unable to provide a complete response at
16  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
17  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
18  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
19  *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
20  interrogatory need not be answered until designated discovery is complete,
21  or until a pretrial conference or some other time.").

22       Subject to the foregoing objections, Responding Party responds as
23  follows:

24       The putative equitable-relief class consists of thousands, and
25  potentially millions, of would-be out-of-area beachgoers who have the right
26  to visit Lunada Bay under state and federal law but who are deterred due to
27  the  Individual Defendants' and Bay Boys' actions and/or the Palos Verdes
28  Estates Police Department's complicity.  This putative class includes people

1  who have wanted to visit Lunada Bay but have never done so out of fear of
2  the beach's localized reputation and the City's complicity in unlawful
3  exclusivity.  The putative class also includes those who have visited the
4  beach only to be harassed, assaulted, threatened, battered, and/or had their
5  personal items vandalized.  Many class members have filed police reports,
6  only to have no action taken by the police to identify or arrest the
7  aggressor(s).  Others have been dissuaded by the police from filing a report.
8  This conduct has endured for decades.  The class out-of-area beachgoers is
9  a diverse group, all who seek safe beach access to Palos Verdes Estates
10  beaches and Lunada Bay regardless of where they live, and regardless of
11  their race, national origin, ethnic group identification, religion, age, sex,
12  sexual orientation, color, genetic information, disability, or income.

13      Plaintiff is unaware of any conflicts of interest that either it or its
14  counsel may have with other class members and intends to (and has)
15  vigorously prosecute this case on behalf of other putative class members.
16  Additionally, Plaintiff's experiences with respect to Lunada Bay exemplify
17  those of many – if not most – putative class members and demonstrate a
18  sharing of interest.

19      The Coastal Protection Rangers' experiences with respect to Lunada
20  Bay exemplify those experienced by the putative class, described above.
21  Several of CPR's board members and/or volunteers of the organization are
22  surfers and/or enjoy the beach and grew up in areas near Palos Verdes
23  Estates such as Redondo Beach, Rancho Palos Verdes, Hermosa Beach
24  and Torrance. They would have liked to have surfed, dived or even just
25  enjoyed the beach at Lunada Bay but were afraid to because of the
26  reputation that it had for localism.

27      Plaintiff notes that the City is in possession of information needed to
28  identify those putative class members who have filed police reports

1  pertaining to acts of aggression, intimidation, harassment, assault,

2  vandalism and battery occurring at Lunada Bay. Similarly, the City should

3  maintain records of complaints received from members of the public

4  pertaining to such conduct, but who were dissuaded from filing a police

5  report.

6       With respect to subpart (a) of this Interrogatory, Plaintiff identified 105

7  witnesses in its Supplemental Disclosures and described the information

8  within the witnesses' knowledge. Plaintiff is in the process of gathering

9  additional information and will supplement this response as necessary and

10  appropriate in compliance with the Federal Rules. Plaintiff also identifies the

11  following individuals who may have information in support of Plaintiff's

12  claims:

13       See response to interrogatory no. 1.

14  **INTERROGATORY NO. 5:**

15       DESCRIBE and explain with specificity all facts and contentions YOU

16  assert under Fed. R. Civ. P. 23 (b)(2) that the City has acted or refused to

17  act in a manner applicable to the putative class generally, thereby making

18  injunctive or declaratory relief appropriate with respect to the class as a

19  whole as specifically related to YOUR claims against the City, and provide

20  the following information:

21       a.    IDENTIFY all witnesses that YOU contend support YOUR

22  response to this Interrogatory, and DESCRIBE all information known by

23  each identified witness.

24  **RESPONSE TO INTERROGATORY NO. 5:**

25       Responding Party objects to this interrogatory as harassing and

26  duplicative of information disclosed in Responding Party's Rule 26(a)

27  disclosures and supplemental disclosures. Propounding Party may look to

28  Responding Party's Rule 26(a) disclosures and supplemental disclosures for

1 | the information sought by this interrogatory.

2 |      Responding Party further objects to this interrogatory in that it is
3 | unduly burdensome to the extent it asks Plaintiff to identify all witnesses with
4 | information pertaining to issues of law or fact common to the class.  The
5 | putative class consists of thousands, likely millions, of beachgoers.  It would
6 | be unduly burdensome to require Plaintiffs to identify thousands of people
7 | and describe all information known to each witness.

8 |      Responding Party further objects to this interrogatory as compound.
9 | This interrogatory contains multiple impermissible subparts in violation of
10 | Federal Rule of Civil Procedure 33(a)(1).

11 |      Responding Party further objects to this interrogatory to the extent that
12 | it seeks information that is outside of Responding Party's knowledge.

13 |      Responding Party further objects to the extent that this interrogatory
14 | invades attorney-client privilege and/or violates the work product doctrine by
15 | compelling Responding Party to disclose privileged communications and/or
16 | litigation strategy.  Responding Party will not provide any such information.

17 |      Responding Party further objects to this interrogatory as premature.
18 | Because this interrogatory seeks or necessarily relies upon a contention,
19 | and because this matter is in its early stages and pretrial discovery has only
20 | just begun, Responding Party is unable to provide a complete response at
21 | this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
22 | *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
23 | *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*
24 | *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
25 | interrogatory need not be answered until designated discovery is complete,
26 | or until a pretrial conference or some other time.").

27 |      Subject to the foregoing objections, Responding Party responds as
28 | follows:

-27-    Case No. 2:16-cv-02129-SJO (RAOx)
12856691.1    COASTAL PROTECTION RANGERS' RESP. TO CITY'S FIRST SET OF INTERROGATORIES
Exhibit ___ Page 164 of 192

1    The putative equitable-relief class consists of thousands, and
2  potentially millions, of would-be out-of area beachgoers who have the right
3  to visit Lunada Bay under state and federal law but who are deterred due to
4  the Individual Defendants' and Bay Boys' actions and/or the Palos Verdes
5  Estates Police Department's complicity. This putative class includes people
6  who have wanted to visit Lunada Bay but have never done so out of fear of
7  the beach's localized reputation and the City's complicity in unlawful
8  exclusivity. The putative class also includes those who have visited the
9  beach only to be harassed, assaulted, threatened, battered, and/or had their
10  personal items vandalized. Many class members have filed police reports,
11  only to have no action taken by the police to identify or arrest the
12  aggressor(s). Others have been dissuaded by the police from filing a report.
13  This conduct has endured for decades. The class out-of-area beachgoers is
14  a diverse group, all who seek safe beach access to Palos Verdes Estates
15  beaches and Lunada Bay regardless of where they live, and regardless of
16  their race, national origin, ethnic group identification, religion, age, sex,
17  sexual orientation, color, genetic information, disability, or income.

18    Plaintiff is unaware of any conflicts of interest that either it or its
19  counsel may have with other class members and intends to (and has)
20  vigorously prosecute this case on behalf of other putative class members.
21  Additionally, Plaintiff's experiences with respect to Lunada Bay exemplify
22  those of many – if not most – putative class members and demonstrate a
23  sharing of interest.

24    The Coastal Protection Rangers' experiences with respect to Lunada
25  Bay exemplify those experienced by the putative class, described above.
26  The Coastal Protection Rangers' experiences with respect to Lunada Bay
27  exemplify those experienced by the putative class, described above.
28  Several of CPR's board members and/or volunteers of the organization are

1   surfers and/or enjoy the beach and grew up in areas near Palos Verdes

2   Estates such as Redondo Beach, Rancho Palos Verdes, Hermosa Beach

3   and Torrance. They would have liked to have surfed, dived or even just

4   enjoyed the beach at Lunada Bay but were afraid to because of the

5   reputation that it had for localism.

6        Plaintiff notes that the City is in possession of information needed to

7   identify those putative class members who have filed police reports

8   pertaining to acts of aggression, intimidation, harassment, assault,

9   vandalism and battery occurring at Lunada Bay.  Similarly, the City should

10  maintain records of complaints received from members of the public

11  pertaining to such conduct, but who were dissuaded from filing a police

12  report.

13       With respect to subpart (a) of this Interrogatory, Plaintiff identified 105

14  witnesses in its Supplemental Disclosures and described the information

15  within the witnesses' knowledge.  Plaintiff is in the process of gathering

16  additional information and will supplement this response as necessary and

17  appropriate in compliance with the Federal Rules.  Plaintiff also identifies the

18  following individuals who may have information in support of Plaintiff's

19  claims:

20       See response to interrogatory no. 1.

21  **INTERROGATORY NO. 6:**

22       DESCRIBE and explain with specificity all facts and contentions YOU

23  assert under Fed. R. Civ. P. 23(b)(3) that questions of law and/or fact

24  common to putative class members predominate over any questions

25  affecting individual putative class members, and provide the following

26  information:

27       a.    IDENTIFY all witnesses that YOU contend support YOUR

28  response to this Interrogatory, and DESCRIBE all information known by

1  each identified witness.

2  **RESPONSE TO INTERROGATORY NO. 6:**

3      Responding Party objects to this interrogatory as harassing and

4  duplicative of information disclosed in Responding Party's Rule 26(a)

5  disclosures and supplemental disclosures.  Propounding Party may look to

6  Responding Party's Rule 26(a) disclosures and supplemental disclosures for

7  the information sought by this interrogatory.

8      Responding Party further objects to this interrogatory in that it is

9  unduly burdensome to the extent it asks Plaintiff to identify all witnesses with

10  information pertaining to issues of law or fact common to the class.  The

11  putative class consists of thousands, likely millions, of beachgoers.  It would

12  be unduly burdensome to require Plaintiffs to identify thousands of people

13  and describe all information known to each witness.

14      Responding Party further objects to this interrogatory as compound.

15  This interrogatory contains multiple impermissible subparts in violation of

16  Federal Rule of Civil Procedure 33(a)(1).

17      Responding Party further objects to this interrogatory on the grounds it

18  is vague and ambiguous as to the meaning of the term "regarding all

19  questions of law or fact."

20      Responding Party further objects to this interrogatory to the extent that

21  it seeks information that is outside of Responding Party's knowledge.

22      Responding Party further objects to the extent that this interrogatory

23  invades attorney-client privilege and/or violates the work product doctrine by

24  compelling Responding Party to disclose privileged communications and/or

25  litigation strategy.  Responding Party will not provide any such information.

26      Responding Party further objects to this interrogatory as premature.

27  Because this interrogatory seeks or necessarily relies upon a contention,

28  and because this matter is in its early stages and pretrial discovery has only

1  just begun, Responding Party is unable to provide a complete response at

2  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

3  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

4  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*

5  *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

6  interrogatory need not be answered until designated discovery is complete,

7  or until a pretrial conference or some other time.").

8        Subject to the foregoing objections, Responding Party responds as

9  follows:

10        The putative equitable-relief class consists of thousands, and

11  potentially millions, of would-be out-of-area beachgoers who have the right

12  to visit Lunada Bay under state and federal law but who are deterred due to

13  the Individual Defendants' and Bay Boys' actions and/or the Palos Verdes

14  Estates Police Department's complicity.  This putative class includes people

15  who have wanted to visit Lunada Bay but have never done so out of fear of

16  the beach's localized reputation and the City's complicity in unlawful

17  exclusivity.  The putative class also includes those who have visited the

18  beach only to be harassed, assaulted, threatened, battered, and/or had their

19  personal items vandalized.  Many class members have filed police reports,

20  only to have no action taken by the police to identify or arrest the

21  aggressor(s).  Others have been dissuaded by the police from filing a report.

22  This conduct has endured for decades.  The class out-of-area beachgoers is

23  a diverse group, all who seek safe beach access to Palos Verdes Estates

24  beaches and Lunada Bay regardless of where they live, and regardless of

25  their race, national origin, ethnic group identification, religion, age, sex,

26  sexual orientation, color, genetic information, disability, or income.

27        The Coastal Protection Rangers' experiences with respect to Lunada

28  Bay exemplify those experienced by the putative class, described above.

1  Several of CPR's board members and/or volunteers of the organization  are
2  surfers and/or enjoy the beach and grew up in areas near Palos Verdes
3  Estates such as Redondo Beach, Rancho Palos Verdes, Hermosa Beach
4  and Torrance. They would have liked to have surfed, dived or even just
5  enjoyed the beach at Lunada Bay but were afraid to because of the
6  reputation that it had for localism.

7  Plaintiff notes that the City is in possession of information needed to
8  identify those putative class members who have filed police reports
9  pertaining to acts of aggression, intimidation, harassment, assault,
10  vandalism and battery occurring at Lunada Bay.  Similarly, the City should
11  maintain records of complaints received from members of the public
12  pertaining to such conduct, but who were dissuaded from filing a police
13  report.

14  With respect to subpart (a) of this Interrogatory, Plaintiff identified 105
15  witnesses in its Supplemental Disclosures and described the information
16  within the witnesses' knowledge.  Plaintiff is in the process of gathering
17  additional information and will supplement this response as necessary and
18  appropriate in compliance with the Federal Rules.  Plaintiff also identifies the
19  following individuals who may have information in support of Plaintiff's
20  claims:

21  See response to interrogatory no. 1.

22  **INTERROGATORY NO. 7:**

23  For each putative class member of whom YOU are aware, DESCRIBE
24  with specificity the nature of ANY harm injury/wrongful conduct that forms
25  the basis for the inclusion of each putative class member in this ACTION,
26  including the residence of each putative class member, all persons involved,
27  the dates on which ANY harm injury/wrongful conduct occurred, the location
28  where ANY harm/injury/wrongful conduct occurred, whether said

1   harm/injury/wrongful conduct was reported to ANY law enforcement agency,

2   and if any such law enforcement report was made, the identity of each such

3   law enforcement agency.

4   **RESPONSE TO INTERROGATORY NO. 7:**

5        Responding Party objects to this interrogatory as harassing and

6   duplicative of information disclosed in Responding Party's Rule 26(a)

7   disclosures and supplemental disclosures.  Propounding Party may look to

8   Responding Party's Rule 26(a) disclosures and supplemental disclosures for

9   the information sought by this interrogatory.

10        Responding Party further objects to this interrogatory in that it is

11   unduly burdensome to the extent it asks Plaintiff to identify the names of all

12   putative class members, the nature of any harm or injury sustained by each

13   putative class member, the residence of each putative class member,

14   names of any other additional witnesses, dates of any harm, location of

15   where the harm was sustained, whether the harm was reported to law

16   enforcement and if so, the identity of the law enforcement agency.  The

17   putative class consists of thousands, likely millions, of beachgoers.  It would

18   be unduly burdensome and likely impossible for Plaintiff to provide this

19   information.

20        Responding Party further objects to this interrogatory as compound.

21   This interrogatory contains multiple impermissible subparts in violation of

22   Federal Rule of Civil Procedure 33(a)(1).

23        Responding Party further objects to this interrogatory to the extent that

24   it seeks information that is outside of Responding Party's knowledge.

25        Responding Party further objects to the extent that this interrogatory

26   invades attorney-client privilege and/or violates the work product doctrine by

27   compelling Responding Party to disclose privileged communications and/or

28   litigation strategy.  Responding Party will not provide any such information.

1    Responding Party further objects to this interrogatory as premature.

2  Because this interrogatory seeks or necessarily relies upon a contention,

3  and because this matter is in its early stages and pretrial discovery has only

4  just begun, Responding Party is unable to provide a complete response at

5  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

6  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

7  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; *see*

8  *also* Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

9  interrogatory need not be answered until designated discovery is complete,

10  or until a pretrial conference or some other time.").

11

12

13  DATED:  November 29, 2016            OTTEN LAW, PC

14

15

16                              By: _____

17                                   VICTOR OTTEN
                                     Attorneys for Plaintiffs
18                                   CORY SPENCER, DIANA MILENA
                                     REED, and COASTAL PROTECTION
19                                   RANGERS, INC.

20

21

22

23

24

25

26

27

28

1                                    **PROOF OF SERVICE**

2         **Spencer, et al. v. Lunada Bay Boys, et al.; USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)**

3

4     **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

              At the time of service, I was over 18 years of age and not a party to this action. I

5 am employed in the County of Los Angeles, State of California. My business address is 3620 Pacific Coast Hwy, Suite 100, Torrance, CA 90505.

6

              On November 30, 2016, I served the original of the following document(s)

7 described as

8 **1.     PLAINTIFF CORY SPENCER'S RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES ESTATES AND**

9 **CHIEF OF POLICE JEFF KEPLEY;**

10 **2.     PLAINTIFF CORY SPENCER 'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES ESTATES AND**

11 **CHIEF OF POLICE JEFF KEPLEY;**

12 **3.     PLAINTIFF CORY SPENCER'S RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CITY OF PALOS VERDES ESTATES;**

13

14 **4.     PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES ESTATES AND**

15 **CHIEF OF POLICE JEFF KEPLEY;**

16 **5.     PLAINTIFF DIANA MILENA REED'S RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CITY OF PALOS VERDES ESTATES;**

17

18 **6.     PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES ESTATES AND**

19 **CHIEF OF POLICE JEFF KEPLEY;**

20 **7.     PLAINTIFF COASTAL PROTECTION RANGERS' RESPONSES TO FIRST SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CITY OF PALOS VERDES ESTATES;**

21 **8.     PLAINTIFF COASTAL PROTECTION RANGERS' RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES**

22 **ESTATES AND CHIEF OF POLICE JEFF KEPLEY; and**

23 **9.     PLAINTIFF COASTAL PROTECTION RANGERS' RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANTS CITY OF PALOS**

24 **VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY.**

25 on the interested parties in this action as follows:

26

27

28

                                   -3-

1    **SEE ATTACHED SERVICE LIST**

2        **BY MAIL:** I enclosed the document(s) in a sealed envelope or package
     addressed to the persons at the addresses listed in the Service List and placed the
3    envelope for collection and mailing, following our ordinary business practices. I am
     readily familiar with Otten Law PC practice for collecting and processing correspondence
4    for mailing. On the same day that correspondence is placed for collection and mailing, it
     is deposited in the ordinary course of business with the United States Postal Service, in a
5    sealed envelope with postage fully prepaid.

6        I declare under penalty of perjury under the laws of the United States of America
     that the foregoing is true and correct and that I am employed in the office of a member of
7    the bar of this Court at whose direction the service was made.

8        Executed on November 30, 2016, Torrance, California.

9

10                                    _____
                                           Vanessa Marquez
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

12858864.1

1                                <u>VERIFICATION</u>

2                              [Fed. R. Civ. P. 33(b)]

3

4  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

5      I, Mark Slatten, state:

6      I am the President for Plaintiff Coastal Protection Rangers, and am

7  authorized to make this Verification on its behalf.  I have read the foregoing

8  PLAINTIFF COASTAL PROTECTION RANGERS' RESPONSES TO FIRST

9  SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CITY OF

10  PALOS VERDES ESTATES and know its contents.  I am informed and

11  believe that the matters stated herein are true and correct.

12      I declare under penalty of perjury under the laws of the State of

13  California that the foregoing is true and correct.

14      Executed on November _30_, 2016, at _Murrieta_, California.

15

16

17                                  Mark Slatten, President

18                                  COASTAL PROTECTION
                                   RANGERS

19

20

21

22

23

24

25

26

27

28

Exhibit _L_  Page _174_  of 192

1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   CAROLINE LEE, SBN 293297
4  clee@hansonbridgett.com
   JENNIFER ANIKO FOLDVARY, SBN 292216
5  jfoldvary@hansonbridgett.com
   425 Market Street, 26th Floor
6  San Francisco, California 94105
   Telephone:(415) 777-3200
7  Facsimile:  (415) 541-9366

8  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
9  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
10 lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
11 Sacramento, California 95814
   Telephone:(916) 442-3333
12 Facsimile:  (916) 442-2348

13 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
14 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
15 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
16 Torrance, California 90505
   Telephone:(310) 378-8533
17 Facsimile:  (310) 347-4225

18 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
19 REED, and COASTAL PROTECTION
   RANGERS, INC.

20

21              UNITED STATES DISTRICT COURT

22      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

23

24 CORY SPENCER, an individual;          CASE NO. 2:16-cv-02129-SJO (RAOx)
   DIANA MILENA REED, an
25 individual; and COASTAL              **PROOF OF SERVICE**
   PROTECTION RANGERS, INC., a
26 California non-profit public benefit
   corporation,
27

28

                              -1-

1      Plaintiffs,

2      v.

3   LUNADA BAY BOYS; THE
4   INDIVIDUAL MEMBERS OF THE
    LUNADA BAY BOYS, including but
5   not limited to SANG LEE, BRANT
6   BLAKEMAN, ALAN JOHNSTON
    AKA JALIAN JOHNSTON,
7   MICHAEL RAE PAPAYANS,
8   ANGELO FERRARA, FRANK
    FERRARA, CHARLIE FERRARA,
9   and N. F.; CITY OF PALOS
10  VERDES ESTATES; CHIEF OF
    POLICE JEFF KEPLEY, in his
11  representative capacity; and DOES
12  1-10,

13      Defendants.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
PROOF OF SERVICE  Exhibit _ℓ_ Page _nℓ_ of 192

1

## PROOF OF SERVICE

2

**Spencer, et al. v. Lunada Bay Boys, et al.; USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)**

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

At the time of service, I was over 18 years of age and not a party to this action. I
5  am employed in the County of Los Angeles, State of California. My business address is
3620 Pacific Coast Hwy, Suite 100, Torrance, CA 90505.

6

On November 30, 2016, I served the original of the following document(s)
7  described as

8  1.      PLAINTIFF CORY SPENCER'S RESPONSE TO FIRST SET OF REQUESTS FOR
PRODUCTION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES ESTATES AND
9  CHIEF OF POLICE JEFF KEPLEY;

10  2.      PLAINTIFF CORY SPENCER 'S RESPONSE TO FIRST SET OF REQUESTS FOR
ADMISSION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES ESTATES AND
11  CHIEF OF POLICE JEFF KEPLEY;

12  3.      PLAINTIFF CORY SPENCER'S RESPONSES TO FIRST SET OF INTERROGATORIES
PROPOUNDED BY DEFENDANT CITY OF PALOS VERDES ESTATES;
13

14  4.      PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR
PRODUCTION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES ESTATES AND
15  CHIEF OF POLICE JEFF KEPLEY;

16  5.      PLAINTIFF DIANA MILENA REED'S RESPONSES TO FIRST SET OF
INTERROGATORIES PROPOUNDED BY DEFENDANT CITY OF PALOS VERDES ESTATES;
17

6.      PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR
18  ADMISSION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES ESTATES AND
CHIEF OF POLICE JEFF KEPLEY;

19

7.      PLAINTIFF COASTAL PROTECTION RANGERS' RESPONSES TO FIRST SET OF
20  INTERROGATORIES PROPOUNDED BY DEFENDANT CITY OF PALOS VERDES ESTATES;

21  8.      PLAINTIFF COASTAL PROTECTION RANGERS' RESPONSE TO FIRST SET OF
REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANTS CITY OF PALOS VERDES
22  ESTATES AND CHIEF OF POLICE JEFF KEPLEY; and

23  9.      PLAINTIFF COASTAL PROTECTION RANGERS' RESPONSE TO FIRST SET OF
REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANTS CITY OF PALOS
24  VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY.

25  on the interested parties in this action as follows:

26

27

28

-3-

12858864.1

1                  **SEE ATTACHED SERVICE LIST**

2          **BY MAIL:** I enclosed the document(s) in a sealed envelope or package
addressed to the persons at the addresses listed in the Service List and placed the
3 envelope for collection and mailing, following our ordinary business practices. I am
readily familiar with Otten Law PC practice for collecting and processing correspondence
4 for mailing. On the same day that correspondence is placed for collection and mailing, it
is deposited in the ordinary course of business with the United States Postal Service, in a
5 sealed envelope with postage fully prepaid.

6          I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct and that I am employed in the office of a member of
7 the bar of this Court at whose direction the service was made.

8          Executed on November 30, 2016, Torrance, California.

9

10                              _____

11                                   Vanessa Marquez

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

Exhibit _L_ Page _78_ of 192

12858864.1

## SERVICE LIST

*Spencer, et al. v. Lunada Bay Boys, et al.;* USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)

Robert T. Mackey
Peter H. Crossin
Richard P. Dieffenbach
John P. Worgul
VEATCH CARLSON, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA 90017

*(Attorneys for Defendant BRANT BLAKEMAN)*

Tel: 213.381.2861
Fax: 213.383.6370
E-Mail: rmackey@veatchfirm.com
pcrossin@veatchfirm.com
rdieffenbach@veatchfirm.com
jworgul@veatchfirm.com

*(Attorneys for Defendant BRANT BLAKEMAN)*

Tel: 213.891.0700
Fax: 213.896.0400
E-Mail: rcooper@buchalter.com

J. Patrick Carey
LAW OFFICES OF J. PATRICK CAREY
1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA 90266

*(Attorney for Defendant ALAN JOHNSTON a/k/a JALIAN JOHNSTON)*

Tel: 310.526.2237
Fax: 424.456.3131
E-Mail: pat@patcareylaw.com

Peter T. Haven
HAVEN LAW
1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA 90266

*(Attorney for Defendant MICHAEL RAY PAPAYANS)*

Tel: 310.272.5353
Fax: 213.477.2137
E-Mail: peter@hblwfirm.us
peter@havenlaw.com

Edwin J. Richards
Antoinette P. Hewitt
Rebecca L. Wilson
Jacob Song
Christopher D. Glos
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595

*(Attorneys for Defendants CITY OF PALOS VERDES and CHIEF OF POLICE JEFF KEPLEY)*

Tel: 949.417.0999
Fax: 949.417.5394
E-Mail: ed.richards@kutakrock.com
jacob.song@kutakrock.com
antoinette.hewitt@kutakrock.com
rebecca.wilson@kutakrock.com

-5-

12858864.1

| | |
|---|---|
| 1 | Dana Alden Fox |
| | Edward E. Ward, Jr. |
| 2 | Eric Y. Kizirian |
| | Tera Lutz |
| 3 | LEWIS BRISBOIS BISGAARD & SMITH |
| | LLP |
| 4 | 633 W. 5th Street, Suite 4000 |
| | Los Angeles, CA 90071 |
| 5 | |

1  Dana Alden Fox
   Edward E. Ward, Jr.
2  Eric Y. Kizirian
   Tera Lutz
3  LEWIS BRISBOIS BISGAARD & SMITH
   LLP
4  633 W. 5th Street, Suite 4000
   Los Angeles, CA 90071
5

*(Attorneys for Defendant SANG LEE)*

Tel:    213.580.3858
Fax:   213.250.7900
E-Mail: dana.fox@lewisbrisbois.com
          edward.ward@lewisbrisbois.com
          eric.kizirian@lewisbrisbois.com
          tera.lutz@lewisbrisbois.com

6  Daniel M. Crowley
   BOOTH, MITCHEL & STRANGE LLP
7  707 Wilshire Blvd., Suite 4450
   Los Angeles, CA 90017
8

*(Attorneys for Defendant SANG LEE)*

Tel:    213.738.0100
Fax:   213.380.3308
E-Mail: dmcrowley@boothmitchel.com

9   Mark C. Fields
    LAW OFFICES OF MARK C. FIELDS, APC
10  333 South Hope Street, 35th Floor
    Los Angeles, CA 90071

*(Attorney for Defendant ANGELO
FERRARA and Defendant N. F.
appearing through Guardian Ad Litem,
Leonora Ferrara)*

11
12
Tel:    213.948.2349
Fax:   213.629.4520
E-Mail: fields@markfieldslaw.com

13  Thomas M. Phillip
    Aaron G. Miller
14  THE PHILLIPS FIRM
    800 Wilshire Blvd., Suite 1550
15  Los Angeles, CA 90017
16

*(Attorneys for Defendant ANGELO
FERRARA)*

Tel:    213.244.9913
Fax:   213.250.7900
E-Mail: tphillips@thephillipsfirm.com

17  Patrick Au
    Laura L. Bell
    BREMER WHYTE BROWN & O'MEARA,
18  LLP
    21271 Burbank Blvd., Suite 110
19  Woodland Hills, CA 91367

*(Attorneys for Defendants FRANK
FERRARA and CHARLIE FERRARA)*

Tel:    818.712.9800
Fax:   818.712.9900
E-Mail: pau@bremerwhyte.com
          lbell@bremerwhyte.com

20
21
22
23
24
25
26
27
28

-6-

PROOF OF SERVICE

Exhibit _ℓ_ Page _KD_ of 192

# Exhibit "7"

Exhibit 7 Page 181 of 192

1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   JENNIFER ANIKO FOLDVARY, SBN 292216
4  jfoldvary@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone: (415) 777-3200
6  Facsimile: (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone: (916) 442-3333
11 Facsimile: (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone: (310) 378-8533
16 Facsimile: (310) 347-4225

17 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
18 REED, and COASTAL PROTECTION
   RANGERS, INC.

19

20                **UNITED STATES DISTRICT COURT**

21        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

22

23 CORY SPENCER, an individual;          CASE NO. 2:16-cv-02129-SJO (RAOx)

24 DIANA MILENA REED, an                 **DECLARATION OF PHILIP KING IN**
   individual; and COASTAL              **SUPPORT OF PLAINTIFFS' MOTION**
25 PROTECTION RANGERS, INC., a           **FOR CLASS CERTIFICATION**
   California non-profit public benefit
26 corporation,                          Judge: Hon. S. James Otero
                                         Date: February 21, 2017
27                                       Time: 10:00 a.m.
            Plaintiffs,                  Crtrm.:10C
28

                                    -1-          Case No. 2:16-cv-02129-SJO (RAOx)
12973920.3      DECL. PHILIP KING SUPP. PLFS.' MOT. FOR CLASS CERT.
                                          Exhibit 7  Page 182 of 192

1
2        v.
3    LUNADA BAY BOYS; THE
     INDIVIDUAL MEMBERS OF THE
4    LUNADA BAY BOYS, including but
5    not limited to SANG LEE, BRANT
     BLAKEMAN, ALAN JOHNSTON
6    AKA JALIAN JOHNSTON,
7    MICHAEL RAE PAPAYANS,
     ANGELO FERRARA, FRANK
8    FERRARA, CHARLIE FERRARA,
9    and N. F.; CITY OF PALOS
     VERDES ESTATES; CHIEF OF
10   POLICE JEFF KEPLEY, in his
11   representative capacity; and DOES
     1-10,
12
13           Defendants.

14
15       I, Philip King, declare as follows:

16       1.      I am a professor of economics at San Francisco State University

17   (SFSU) and have been recently retained as an expert in this matter on

18   behalf of Plaintiffs Cory Spencer, Diana Milena Reed, and the Coastal

19   Protection Rangers, Inc. concerning their class action damage claims

20   alleged in this matter.

21       Qualifications

22       2.      I received a bachelor of arts degree from Washington University,

23   and a PhD in economics from Cornell University. I am currently an

24   Associate Professor of economics at SFSU, a position I have held since

25   1993. I was Chair of SFSU's Department of Economics from 2002 to 2005.

26   I was an Assistance Professor of economics at SFSU from 1987 to 1993,

27   and prior to that, I was an Assistant Professor of economics at The State

28   University of New York at Cortland from 1983 to 1985.

1      3.    I have edited five books on the subject of International
2  Economics and International Economic Policy, prepared scores of policy
3  papers for governmental and non-profit organizations, and authored or co-
4  authored a number of refereed papers performing economic analyses
5  regarding the impact of climate change, erosion, and beach attendance on
6  Southern California beaches. A true and correct copy of my current
7  *curriculum vitae* is attached as **Exhibit 1.**

8      4.    I have served as an expert witness in the field of economics in
9  approximately 40 different matters, for both the plaintiff-side and defense-
10  side. I have also presented evidence for the California Coastal Commission
11  pertaining to the economic recreation value of beaches. Further, for more
12  than 20 years, using various models, including economic recreation value, I
13  have specifically studied the economic value of California beaches.

14      5.    My fee for providing testimony at trial or deposition is $350 per
15  hour. My fee for consulting is $200 per hour. Because of the importance of
16  this matter to beach access, I have provided my initial services and this
17  declaration to Plaintiffs without charge.

18      6.    Recently, Plaintiffs in the above-referenced matter retained me
19  to provide expert consulting and testimony concerning the valuation of
20  group-based and class wide damages with respect to the proposed
21  beachgoer class' exclusion from Lunada Bay. My review covers the period
22  from 1970 to present. Having been recently retained, my research is
23  preliminary and conservative in terms of ascertaining group-based damages
24  to the beachgoer class, I am able to express an opinion related to
25  recreational beach/surfing economic valuation by examining studies at
26  similar sites. This method (benefits transfer) is an accepted method used by
27  economists and public agencies to value recreational beach resources.
28  / / /

-3-

DECL. PHILIP KING SUPP. PLFS.' MOT. FOR CLASS CERT.

Exhibit 7 Page 184 of 192

Research Pertaining to Lunada Bay

7.    I have reviewed the Class Action Complaint filed in this matter, with specific attention to remedies sought and the class definition in the Complaint.

8.    California has more than 1,100 miles of coastline. In the United States, it is estimated that there are more than 3 million surfers. And in California, it is estimated that there are more than 1 million surfers.

9.    Using census data, information provided by the California Coastal Commission, and information available to me from my more than 20 years of studying California beaches, there are approximately 30,000,000 residents in Southern California[1] and approximately 238,000,000 "visitor-days"[2] to California's beaches each year. While they are very different from Lunada Bay, as a comparator to other Southern California beaches, the annual attendance at Venice Beach is more than 8 million visitor-days, and the annual attendance at Huntington Beach is more than 10 million visitor-days.

10.    Palos Verdes Estates has about 4.5 miles of coastline, and I understand that Lunada Bay is less than 1/2 mile of coastline. Today, I understand that fewer than 100 surfers regularly surf Lunada Bay.

11.    Beyond my more than 20 years of experience in valuating beaches, I have conducted initial research by reading about Lunada Bay

---

[1] For purposes of this paragraph, I count the following as Southern California counties: San Luis Obispo, Kern, San Bernardino, Santa Barbara, Ventura, Los Angles, San Bernardino, Orange, Riverside, San Diego and Imperial.

[2] The number of "visitors" to a beach is the number of unique individuals who visit the beach in a given year. A visitor-day, in contrast, is the total number of all day-visits by everyone. For beach count studies, attendance is typically kept in visitor-days as opposed identifying unique individual visitors.

-4-                     Case No. 2:16-cv-02129-SJO (RAOx)

12973920.3          DECL. PHILIP KING SUPP. PLFS.' MOT. FOR CLASS CERT.

Exhibit ___ Page 185 of 192

1 | generally and about its localism problem, including reports and articles
2 | printed in *The Los Angeles Times, The Daily Breeze, Surfer Magazine,*
3 | SURF-forecast, The Encyclopedia of Surfing, and Surfline. I have reviewed
4 | many photographs of Lunada Bay and have spoken to a number of surfing
5 | and California beach-access experts. Further, I have reviewed census data,
6 | information available from the California Coastal Commission, and my notes
7 | and related information from other beach access matters where I have
8 | served as an expert.

9 |      12.    In addition, I have coordinated my work involving my
10 | investigation of the economic valuation of Plaintiffs' exclusion from Lunada
11 | Bay with that of other experts, including my review of the declaration of
12 | surfing historian and expert Peter Neushul filed in support of Plaintiffs' class
13 | certification motion. I understand that Lunada Bay has a longstanding
14 | reputation for localism that deters surfers and other beachgoers from
15 | attempting recreate there.

16 |      13.    Also, I have firsthand experience visiting many California
17 | beaches, and before this assignment I had visited and hiked the bluffs of the
18 | Palos Verdes Peninsula.

19 |      Preliminary Analysis

20 |      14.    The literature on the economics of coastal recreation indicates
21 | that surfing typically has among the highest recreational economic value of
22 | any beach related activities. Based upon my initial research, I have
23 | concluded that Lunada Bay is an elite, world-class surfing location. I
24 | understand that Lunada Bay's unique features can create ideal surfing
25 | conditions, including big wave conditions – and while the primary season for
26 | big waves at Lunada Bay is from November to March, I understand that
27 | Lunada Bay offers surfing and other beach-related activities year round.
28 | Further, the opportunity to surf Lunada Bay, even if only once, is important

1  to many surfers, both expert and novice.

2      15.    Applying standard tools used by economists it is clear that

3  Lunada Bay has value significantly greater than less desirable surfing

4  locations. Based on my initial research, I understand that Lunada Bay has

5  unique features, including its location in proximity to densely-populated Los

6  Angeles County, free nearby off-street parking, easy visibility of surfing

7  conditions from the bluffs above the shoreline, a bay with deeper water

8  where both small boats can anchor and surfers can paddle to the waves

9  using the deeper-water channel, kelp beds that help protect waves from

10 onshore winds, a shallow rock reef, tide pools, nearby hiking trails, and the

11 adjacent sheer cliffs that enhance the undeveloped shoreline in terms of

12 providing a scenic escape for surfers in densely-populated Southern

13 California. For people that live in Los Angeles, finding a similar beach and

14 conditions would require substantial travel. Further, I understand that

15 Lunada Bay is unique because it is one of the very few Southern California

16 deep-water surf spots that can produce a powerful wave ideal for big-wave

17 surfing. In terms of being a world-class surf site, while it is world class for its

18 own unique reasons, my initial research indicates Lunada Bay is on the

19 same world-class level as Trestles Beach, which is located in North San

20 Diego County and part of the San Onofre State Beach. Trestles Beach

21 (consisting of the waves from Lower Trestles, Upper Trestles, and Cotton's)

22 averages about 330,000 surf trips per year. While no beach offers Lunada

23 Bay's exact conditions, other comparator beaches might include Todos

24 Santos (Baja California, Mexico), Black's Beach (San Diego County),

25 Swami's (San Diego County), Malibu (north Los Angeles County), Rincon

26 (Santa Barbara County), Pleasure Point (Santa Cruz County), Steamer Lane

27 (Santa Cruz County) and Mavericks (San Mateo County). None of these

28 beaches are located in densely-populated south Los Angeles County, and I

-6-                    Case No. 2:16-cv-02129-SJO (RAOx)

12973920.3          DECL. PHILIP KING SUPP. PLFS.' MOT. FOR CLASS CERT.

Exhibit  7  Page 187 of 192

1  understand that none otherwise have the same features as Lunada Bay.  In
2  other words, Lunada Bay's unique surf experience has few, if any, good
3  substitutes.  Moreover, many surfers place a high value on the unique
4  experience of different surf spots, and, as outlined above, Lunada Bay's
5  experience is significantly different from other sites on the North American
6  west coast.

7      16.    In addition to surfing, because of its scenic beauty and unspoiled
8  protected shoreline next to nearby hiking trails, I understand Lunada Bay
9  can be used for other outdoor and beach-related activities such as hiking,
10  photography, viewing the ocean and general sightseeing, tide pooling,
11  snorkeling, scuba diving, sailing, fishing, birding, beach combing, dog
12  walking, and picnicking.  These activities add to the recreational economic
13  value of Lunada Bay.  It is also my understanding that many coastal trails go
14  nearby Lunada Bay and thus any impingement on the ability of visitors to
15  hike by Lunada Bay may also impact the entire coastal trail system in that
16  area.

17      17.    Because Lunada Bay is a premier surf spot, based upon my
18  initial research, if it were not for localism I would conservatively anticipate a
19  range of 20 to 25 surfers to be in the water on the main point when good
20  surfing conditions are present and even more on the weekends.  Making the
21  assumption of two morning sessions per day and one evening session per
22  day, during good conditions, this should equate to between 60 and 75
23  surfers per day using Lunada Bay plus some additional surfers surfing at
24  non-peak hours.  In addition to surfers, I would also expect there to be out-
25  of-area sightseers and other daytrip visitors.  But based upon my preliminary
26  research, I understand that the current number of surfers in the water is
27  typically far fewer at 4 to 8 surfers during a regular morning or evening
28  session, and that non-surfing day-trip visitors are significantly fewer as well.

1    18.    On an annual basis, I was able to preliminarily estimate the
2  number of surfers and beachgoers at Lunada Bay by basic arithmetic.

3    19.    Based on my experience, data, and information I have reviewed
4  to date, I have preliminarily concluded that a reasonable, likely conservative,
5  estimate of the recreational value of the surfing at Lunada Bay is between
6  $50 and $80 per person per visit during the high season (November to
7  March) and approximately half of that during the rest of the year. Using that
8  figure and data showing a beach like Lunada Bay should conservatively
9  have at least 20,000 to 25,000 annual surfers plus other hikers and visitors, I
10  have estimated the lost surfing recreational value caused by localism since
11  1970 to be at least $50,000,000 including modest interest.  And over each of
12  the last five years, I estimate the lost surfing recreational value caused by
13  localism to be at least $1 million per year.  Further, while Lunada Bay's
14  scenic beauty and unique recreational opportunities within Los Angeles
15  County make it irreplaceable, I have preliminarily concluded that a
16  reasonable, if not extremely conservative, overall economic value of Lunada
17  Bay using the recreational value method would exceed $50,000,000 if it did
18  not suffer under localism.  Indeed, I believe my early annual loss, aggregate
19  loss since 1970, and total value estimates could significantly undervalue the
20  actual loss and a more detailed analysis could determine that the actual
21  economic value is much higher.

22    20.    Because I have just started my research and have only
23  conducted a preliminary analysis, the conclusions I have reached in my
24  initial valuations are intentionally conservative.  My final recreational
25  economic valuation may be higher.  For example, as I study and add in
26  recreational value for the non-surfing beach-related activities such as hiking,
27  photography, viewing the ocean and general sightseeing, tide pooling,
28  snorkeling, scuba diving, sailing, fishing, birding, beach combing, dog

-8-    Case No. 2:16-cv-02129-SJO (RAOx)

12973920.3    DECL. PHILIP KING SUPP. PLFS.' MOT. FOR CLASS CERT.

Exhibit ___7___ Page _184_ of 192

1 | walking, and picnicking, I anticipate these values to be higher. My estimates
2 | also assume only three cycles of surfing per day. However, it is very
3 | possible that this estimate is conservative, particularly during peak season
4 | and on weekends.

5 | I declare under penalty of perjury under the laws of the United States
6 | of America that the foregoing is true and correct.

7 |

8 | Executed in _Davis_____, California on December 28, 2016.

9 |

10 |

11 | PHILIP KING

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

12973920.3 | DECL. PHILIP KING SUPP. PLFS.' MOT. FOR CLASS CERT. Exhibit 7 Page 190 of 192

# Exhibit "8"

Exhibit 8 Page 191 of 192

## Song, Jacob

| | |
|---|---|
| **From:** | Song, Jacob |
| **Sent:** | Thursday, January 12, 2017 5:06 PM |
| **To:** | 'Samantha Wolff' |
| **Cc:** | Kurt A. Franklin; Hewitt, Antoinette P.; Richards, Edwin J. |
| **Subject:** | RE: Lunada - Declaration of Philip King |

Samantha,

Thank you for the continued meet and confer efforts. The City's opposition is due in less than 24 hours, and we have and continue to prepare that opposition based upon the state of Plaintiffs' class certification papers as of the December 29, 2016 filing date. Therefore, we are not in a position to agree to your proposal.

Sincerely,

Jacob

**From:** Samantha Wolff [mailto:SWolff@hansonbridgett.com]
**Sent:** Thursday, January 12, 2017 4:09 PM
**To:** Song, Jacob
**Cc:** Kurt A. Franklin
**Subject:** Lunada - Declaration of Philip King

Jacob,

Following up on our call today, while we disagree that Philip King's declaration fails to adequately specify his methodology, in the interest of meeting and conferring under Local Rule 7-3 and avoiding an unnecessary motion, we would agree to provide a supplemental declaration. If there is a particular paragraph or lines in Dr. King's declaration that causes the City pause, we could explore it specifically. Please let me know if the City would like to explore this as a way to address its concerns.

Sincerely,
Samantha

**Samantha Wolff**
**Partner**
Hanson Bridgett LLP
(415) 995-5020 Direct 
(415) 995-3547 Fax
swolff@hansonbridgett.com



This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

Exhibit 8 Page 142 of 192