1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   JENNIFER ANIKO FOLDVARY, SBN 292216
4  jfoldvary@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone: (415) 777-3200
6  Facsimile: (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone: (916) 442-3333
11 Facsimile: (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone: (310) 378-8533
16 Facsimile: (310) 347-4225

17 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
18 REED, and COASTAL PROTECTION
   RANGERS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO MOTION FOR CLASS CERTIFICATION**<br><br>Date: February 21, 2017<br>Time: 10:00 a.m. |

| | | |
|---|---|---|
| 1 | v. | Judge: Hon. S. James Otero<br>Ctrm.: 10C |
| 2 | | |
| 3 | LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Complaint Filed: March 29, 2016<br>Trial Date: November 7, 2017 |

## I. INTRODUCTION

The City of Palos Verdes Estates and Chief Jeff Kepley ("City") present no facts to contradict Plaintiffs' evidence of exclusion of non-residents from Lunada Bay. Instead, like the Individual Defendants, the City attempts to compensate with a mountain of objections and legal argument. These efforts fall short, and the class must be certified.

## II. ARGUMENT

### A. Plaintiffs' Uncontroverted Evidence Satisfies Rule 23(a).

The City argues the class is not ascertainable, and that typicality, commonality, and numerosity are not satisfied. In so doing, the City mischaracterizes Plaintiffs' evidence and cites to inapposite legal authority.

Notably absent from the City's opposition (in addition to any evidence) is discussion of the Ninth Circuit's recent decision in *Briseno v. ConAgra Foods, Inc.*, 2017 WL 24618 (9th Cir. Jan. 3, 2017). This is because *ConAgra* undermines much of the City's argument by declining to recognize an "'ascertainability" requirement. 2017 WL 24618, *3, fn. 4. Ignoring *ConAgra*, the City attempts to rebrand ascertainability as a "subjective state of mind" test.

Next, the City challenges typicality by arguing that the putative class actually consists of two classes – those harassed at the beach and those deterred from visiting – and that because Spencer and Reed were not deterred, their claims are not typical. (City Opp'n at 4-5, 12.) Here, the City ignores Plaintiff CPR, which consists of individuals who "would have liked to have surfed . . . or even just enjoyed nature and the beach at Lunada Bay but were afraid to because of the reputation that it had for localism." (Decl. Slatten, ¶ 7.) Further, Spencer and Reed both testified that they are deterred, thus all class members and representatives have suffered the same harm. (*See* Decls. Spencer, ¶ 5; Reed, ¶ 6.)

The City also argues that typicality does not exist because City residents, like nonresidents, are "also subject to the alleged harassment." (City Opp'n at 12:8.)

13022120.4
-1-
2:16-cv-02129-SJO (RAOx)
PLTFS.' REPLY TO DEFTS. CITY AND KEPLEY'S OPP. TO MOTION FOR CLASS CERTIFICATION

The City presents no evidence and instead relies upon the declarations of Messrs. Will, Akhavan, Gero, and Neushul, submitted by Plaintiffs. (*Id.* at 11:9-10.) But, these declarants do not support the City's theory:

- Mr. Will resided in Palos Verdes, not Palos Verdes Estates, and believes he was harassed because he did not attend the same high school as the Bay Boys. (Decl. Will, ¶¶ 1, 3.)
- Mr. Gero, who is not a City resident, could not access Lunada Bay although his grandparents lived nearby. (Decl. Gero, ¶ 6.)
- Mr. Neushul was harassed because he was perceived as "new" and an outsider. (Decl. Neushul, ¶ 9.)
- Mr. Akhavan, a City resident, regularly walks his dog along the bluffs without incident. (Decl. Akhavan, ¶¶ 1, 3.)

Just like the named Plaintiffs, these declarants were harassed because they were perceived as outsiders. Typicality is satisfied because "other members have [suffered] the same or similar injury . . . based on conduct which is not unique to the named plaintiff." *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985).

The City also argues that Plaintiffs' claims are not typical of the class because their claims are *not* time-barred whereas some declarants describe older events. (City Opp'n at 12-13.) This misses. These declarants' claims are ripe because they have not returned for fear of harassment, though they would like to do so. (*See* Decls. Bacon, ¶ 13; Carpenter, ¶¶ 12-13; Conn, ¶ 10; Gero, ¶ 15; Gersch, ¶ 9; Marsch, ¶ 6; S. Neushul, ¶ 17; Pastor, ¶ 9; Will, ¶ 19; Young, ¶ 13.)

The City also claims that one class member's acceptable experience with City police negates typicality and commonality. (City Opp'n at 10:7-11, 11:20-12:1.) Not so. One outlier does not dispel commonality. *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2009) ("[t]he fact that some class members may have suffered no injury or different injuries . . . does not prevent the class from meeting the requirements of Rule 23(b)(2)"); *In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1094 (C.D. Cal. 2015) ("inclusion of uninjured class members does not necessarily render a class unascertainable").

1    Similarly, the City challenges commonality because some declarants did not
2 report harassment or violence to the police. (City Opp'n at 9-10.) Commonality is
3 "permissively construed" and "the existence of shared legal issues with divergent
4 factual predicates is sufficient." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019
5 (9th Cir. 1998). Here, scores of declarants stated that the City's inaction, consistent
6 with its policy of exclusion, prevented them from accessing Lunada Bay and, in
7 some instances, dissuaded them from making complaints. (*See, e.g.*, Decl. Krell, ¶¶
8 6-9; Decl. Young, ¶ 12.) A City police department employee even suggested that
9 those who "feel uncomfortable" should go elsewhere. (Decl. Otten, Ex. 12.) That
10 some declarants did not seek help after the City failed to respond is consistent with
11 the "shared legal issue" of unlawful exclusion. *Hanlon*, 150 F.3d at 1019.

12   Finally, the City's arguments pertaining to numerosity and a "fail safe"[1] class
13 miss. The City claims Plaintiffs rely on "mere speculation as to the size of the
14 proposed class." (City Opp'n at 7:11-12.) Not so. Dr. King relied upon his
15 "experience, data, and information [he] reviewed" to estimate class size. (Decl.
16 King, ¶ 19.) Moreover, general knowledge as to class size can be sufficient to
17 establish numerosity. *See Rivera v. Bio Engineered Supplements & Nutrition, Inc.*,
18 2008 WL 4906433 at *6; *Californians for Disability Rights, Inc. v. California
19 Department of Transportation*, 249 F.R.D. 334 (N.D. Cal. 2008) (22 identified class
20 members, when combined with common sense or statistical data suggesting more,
21 satisfies numerosity).

22 **B.   Injunctive Relief Under Rule 23(b)(2) Is Appropriate.**

23   The City argues that Plaintiffs do not describe the injunction sought, are not
24 entitled to injunctive relief and damages, and lack standing to pursue an injunction.
25 These arguments ignore precedent, including this Court's own ruling.

---

27 [1] For reply to Defendants' "fail safe" argument, *see* Plaintiffs' Reply to Individual
28 Defendants' Oppositions at § II.A.2, which is incorporated herein but not repeated.

The focus of this litigation remains equitable relief, and the nature of the injunction is no secret. (*See, e.g.*, Compl. at 40-42; Decls. Spencer, ¶ 31 & Reed, ¶ 41.) Further, Plaintiffs may pursue monetary relief so long as it is "incidental" to the injunctive relief sought. *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001); *Shields v. Walt Disney Parks and Resorts US, Inc.*, 279 F.R.D. 529, 557 (C.D. Cal. June 29, 2011). "Civil rights actions against parties charged with unlawful, class-based discrimination claims are 'prime examples' of Rule 23(b)(2) cases." *Shields*, 279 F.R.D. at 557; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1998). Such is the case here, where Plaintiffs allege civil rights violations and seeking injunctive relief in the form of access to a public beach.[2]

The City also claims an injunction and certification under 23(b)(2) are inappropriate because there is no evidence the City is "likely to violate [Plaintiffs'] equal protection rights in the future." (City Opp'n at 14:3-4.) This Court already addressed and rejected this standing argument. (Civil Minutes, July 11, 2016, at p. 8, fn. 4, Dkt. No. 84.) And Plaintiffs have since presented undisputed evidence of the City's complicit and unwritten policy and/or practice of excluding outsiders.

### C. Plaintiffs Are Entitled To Certification Under Rule 23(b)(3).

The City challenges certification under Rule 23(b)(3) by claiming common questions of law or fact do not predominate and the damages calculation is deficient. This argument merely recites the law without analysis or fact support. Further, Plaintiffs' moving papers provided ample evidence of common issues of law and fact proving over 40 years of exclusion. The City attempts to negate this evidence by arguing that each class member must prove a violation of his or her constitutional rights. But the inquiry isn't whether, individually, Plaintiffs were impacted by a

---

[2] Here, the monetary damage claim is secondary and incidental. Even so, incidental damages need not be insubstantial in the aggregate. *See Probe v. State Teachers' Retirement System*, 780 F.2d 776, 780 n. 3 (9th Cir.1986) (incidental damages not a bar to 23(b)(2)).

1  City policy, but instead, whether "common questions present a significant aspect of
2  the case and they can be resolved for all members of the class in a single
3  adjudication," which they can. *Baghdasarian v. Amazon.com, Inc.*, 258 F.R.D. 383,
4  390 (C.D. Cal. July 7, 2009).
5        Finally, the challenges to Dr. King's calculation miss. As the City recognizes,
6  Plaintiffs need only "offer a method [for calculating damages] that tethers their
7  theory of liability to a methodology for determining the damages suffered by the
8  class." *Vaccarino v. Midland Nat. Life Ins. Co.*, 2013 WL 3200500, at *14 (C.D.
9  Cal. June 17, 2013). Dr. King does just that, by "[a]pplying standard tools used by
10 economists" to establish the recreational value of surfing at Lunada Bay. (Decl.
11 King, ¶¶ 15, 19.) Dr. King has only "just started [his] research" and it is only a
12 "preliminary analysis," but he will continue to "study and add in recreational value
13 for the non-surfing beach-related activities." (*Id.* ¶ 20.) The fact that Dr. King has
14 offered a methodology for calculating damages for the entire class is all that is
15 required at this stage. *Vaccarino*, 2013 WL 3200500, *14. Further, the State
16 accepts the economic recreational value method of calculating damages. *See Ocean
17 Harbor House Homeowners Ass'n v. California Coastal Comm'n*, 163 Cal. App. 4th
18 215, 222, 233-238 (2008) (upholding a mitigation fee of $5.3 million based upon an
19 economic recreational value method of calculation).

### III. CONCLUSION

Given no individual defendant or City employee presented a single declaration in opposition, a rigorous analysis of the record before the Court requires class certification. Plaintiffs respectfully ask the Court to grant their motion.

DATED: January 20, 2017        HANSON BRIDGETT LLP

By:   */s/ Kurt A. Franklin*
KURT A. FRANKLIN
Attorneys for Plaintiffs