1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   JENNIFER ANIKO FOLDVARY, SBN 292216
4  jfoldvary@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone:  (415) 777-3200
6  Facsimile:   (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone:  (916) 442-3333
11 Facsimile:   (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone:  (310) 378-8533
16 Facsimile:   (310) 347-4225

17 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
18 REED, and COASTAL PROTECTION
   RANGERS, INC.

19

20            UNITED STATES DISTRICT COURT

21     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

22

| | |
|---|---|
| 23 CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, | CASE NO. 2:16-cv-02129-SJO (RAOx) |
| | **PLAINTIFFS' REPLY TO INDIVIDUAL DEFENDANTS' OPPOSITIONS TO MOTION FOR CLASS CERTIFICATION** |
| | Date:    February 21, 2017 |
| | Time:    10:00 a.m. |
| 27        Plaintiffs, | Judge:   Honorable S. James Otero |
| 28 | Ctrm.:   10C |

Case No. 2:16-cv-02129-SJO (RAOx)

1

2
    v.

3
LUNADA BAY BOYS; THE
INDIVIDUAL MEMBERS OF THE
4
LUNADA BAY BOYS, including but
5
not limited to SANG LEE, BRANT
BLAKEMAN, ALAN JOHNSTON
6
AKA JALIAN JOHNSTON,
7
MICHAEL RAE PAPAYANS,
ANGELO FERRARA, FRANK
8
FERRARA, CHARLIE FERRARA,
9
and N. F.; CITY OF PALOS VERDES
ESTATES; CHIEF OF POLICE JEFF
10
KEPLEY, in his representative
11
capacity; and DOES 1-10,

12
        Defendants.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1st Street Courthouse

Complaint Filed:   March 29, 2016
Trial Date:       November 7, 2017

Case No. 2:16-cv-02129-SJO (RAOx)

## I.   INTRODUCTION

Eight members of the Lunada Bay Boys ("Individual Defendants") collectively filed over 220 pages in opposition to Plaintiffs' motion for class certification, along with 225 more pages filed by the City of Palos Verdes Estates and Chief Kepley.  Conspicuously absent from this glut of paper is a single declaration from any Defendant, or any other material witness, refuting any of the conduct described in declarations submitted by Plaintiffs.  Yet, despite failing to provide sworn statements or other meaningful evidence, the Individual Defendants improperly focus most of their arguments on the merits.

Plaintiffs' Motion is not refuted with evidence to challenge numerosity, commonality, typicality, or adequacy, and the Individual Defendants' legal arguments otherwise fail.  Thus, Plaintiffs' Motion must be granted.

## II.   ARGUMENT

**A.    Class Certification Is The Best Means Of Adjudicating This Matter.**

Rule 23(b)(3) (*but not Rule 23(b)(2)*) calls for inquiry into whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  Here, it is.

As the Supreme Court has recognized, class action lawsuits exist to provide a means for "vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.'" *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 617 (1997).

This dispute presents the very situation the class action mechanism exists to resolve.  In reality, individuals denied access to a beach (a) go somewhere else, and (b) will not endure the inconvenience and expense inherent in pursuing relief in court.  This litigation is brought on behalf of the beach-going public to reclaim public property taken long ago by a gang of co-conspirators.  As public rights are at stake, class action is the best and most appropriate mechanism.  Only collectively do those harmed by Defendants have the courage to come forward.

**1.      The Class Is Manageable.**

Some Individual Defendants contend the class is "unmanageable" and should not be certified.[1] However, these Individual Defendants rely on imagined concerns regarding administrative feasibility under the guise of "manageability" arguments, disregarding recent guidance from the Ninth Circuit that such matters do not determine class certification. *Briseno v. ConAgra Foods, Inc.*, No. 15-55727, 2017 WL 24618, at *10 (9th Cir. Jan. 3, 2017) ("*ConAgra*") ("the language of Rule 23 neither provides nor implies that demonstrating an administratively feasible way to identify class members is a prerequisite to class certification").[2] "[R]equiring class proponents to satisfy an administrative feasibility prerequisite 'conflicts with the well-settled presumption that courts should not refuse to certify a class merely on the basis of manageability concerns.'" *Id.* at *6 (quoting *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 663 (7th Cir. 2015). In any event, Defendants offer no evidence that the class is beyond this Court's competence or capacity to manage.

**2.      The Class Is Not "Fail-Safe."**

"The fail-safe appellation" applies only "when the class itself is defined in a way that precludes membership unless the liability of the defendant is established." *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010). "A fail-safe class 'include[s] only those who are entitled to relief . . . and cannot be defined until 'the liability of the defendant is established.'" *Gustafson v. Goodman Mfg. Co. LP*,

---

[1] Blakeman reaches this conclusion "[a]t face value and without any legal analysis whatsoever" based on so-called "common sense." Dkt. No. 190, p. 3:3-5.

[2] Blakeman cites *ConAgra* for the basic principle that courts consider manageability in Rule 23(b)(3) analysis (Dkt. No. 190, p. 8:27-28), but then presents numerous arguments dispatched in *ConAgra* itself. See, *e.g.*, Dkt. No. 190, p. 9:12-16 (arguing class definition invites fraud); but see *ConAgra* at *7-8 (consideration of potential "illegitimate claims" unnecessary); see also Dkt. No. 190, p. 11:3-12:13 (arguing class members are not identifiable); but see *ConAgra* at *7 (rejecting "notion that an inability to identify all class members precludes class certification").

No. CV-13-08274-PCT-JAT, 2016 WL 1029333, at *7 (D. Ariz. Mar. 14, 2016) (citing *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012); *Kamar*, 375 F. App'x at 736). The class here is not defined in a manner that presumes liability. It is defined to include those who wish to visit Lunada Bay but have been deterred by Defendants' actions and/or inaction. Whether the means Defendants employed to deter the class members violated the Bane Act, or otherwise violated the law, are issues of fact and law.[3] The class does not require an "impermissible preliminary determination of liability" and thus is not a "fail-safe" class. *See Pena v. Taylor Farms Pac., Inc.*, 305 F.R.D. 197, 213 (E.D. Cal. 2015).

### 3.   Plaintiffs Need Not Show Class Members Are Readily Identifiable At The Class Certification Stage; Nonetheless, They Are.

Defendants' contentions regarding perceived difficulty in identifying class members also do not relate to any element of Rule 23(b)(2) or (b)(3) and are not an appropriate inquiry at the class certification stage. See Fed. R. Civ. P. 23(b); *ConAgra* (Rule 23 "recognizes it might be *impossible* to identify some class members") (quoting *Mullins*, 795 F.3d 665) (emphasis in original)).

Blakeman cites *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679 (S.D. Cal. 1999) to argue that the class cannot be certified because it is purportedly "based . . . on subjective criteria." *See* Dkt. No. 190 at 11:2-12:13. *Schwartz* dealt only with a proposed Rule 23(b)(3) class; it has no application to Rule 23(b)(2) classes, and Defendants cite no authority suggesting Rule 23(b)(2) classes must be based only on "objective" criteria. But, even as to Rule 23(b)(3) classes, the Ninth Circuit's recent pronouncement that Rule 23 imposes no "administrative feasibility prerequisite to

---

[3] Even if this were a "fail-safe class," it would be inappropriate to deny class certification if the defect could be cured by striking "extraneous language." *See, e.g., Dodd-Owens v. Kyphon, Inc.*, No. C 06-3988 JF (HRL), 2007 WL 420191, at *3 (N.D. Cal. Feb. 5, 2007). Courts have discretion to define the class.

13022466.3

1  class certification" casts doubt on *Schwartz*'s applicability.[4]  In any event, Plaintiffs'

2  proposed class does not depend solely on subjective criteria.  The facts are that few

3  can go to Lunada Bay because Bay Boys, with the City's complicity, deny them

4  access.  The putative class is comprised of people who are denied access.

5         **4.**     **"Manageability" Considerations Are Not Dispositive.**

6       Even if Individual Defendants' "manageability" contentions had merit, they

7  are inapplicable to Plaintiffs' Rule 23(b)(2) class, and at most a non-dispositive

8  factor considered for Plaintiffs' Rule 23(b)(3) class.  *See ConAgra*, at *6 ("The

9  authors of Rule 23 opted not to make the potential administrative burdens of a class

10  action dispositive and instead directed courts to balance the benefits of class

11  adjudication against its costs.")  The benefits of class adjudication—which will

12  finally address this problem after decades—outweigh any administrative concerns.

13  **B.**    **The Class Has Standing.**

14       Some Individual Defendants contend that the class lacks standing because

15  some class members may not have suffered injury in fact or have unripe or stale

16  claims.  These contentions are also wrong.  "In a class action, standing is satisfied if

17  at least one named plaintiff meets the requirements." *Bates v. United Parcel Serv.,*

18  *Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citing *Armstrong v. Davis*, 275 F.3d 849,

19  860 (9th Cir.2001)).  Regardless, all of the class members have been injured in fact

20  by virtue of their exclusion from Lunada Bay, and all have ripe, timely claims by

21  virtue of their *present* desire to safely visit Lunada Bay free from harassment.

22

23     [4]  Both the conclusion and reasoning of *Schwartz* are at odds with *ConAgra*.  Citing

24  Seventh Circuit case law, *Schwartz* reasons that a matter "focused substantially on

25  'state of mind'" should not be certified because it raises "issues of credibility" and
   "possible mischief" that would "necessitate[] an individualized determination" of

26  the subjective motives of class members.  *Schwartz*, 183 F.R.D. at 680.  Yet,

27  *ConAgra* dismisses such concerns as unrealistic in practice, and notes that courts
   have numerous ways of avoiding fraudulent claims.  *ConAgra*, at *7-8.

28

**C.      Defendant Lee Is A Bay Boy And A Co-Conspirator.**

Lee's entire argument relies on the fiction that there are no "Bay Boys" or, if there are, he is not among them.  Lee himself knows this is wrong; he wrote multiple emails describing how the Bay Boys conspire against "outsiders" and so-called "TAKERS" to "MAKE THEIR TIME IN OUR HOME A BUMMER" and prevent them from accessing, or returning to, Lunada Bay.  *See* Dkt. No. 159-3 (Otten Decl.) at p. 46-57.  In fact, "gangs [like the Bay Boys] have been found to qualify as 'unincorporated associations' capable of being sued." *AngioScore, Inc. v. TriReme Med., Inc.*, No. 12-CV-03393-YGR, 2015 WL 4040388, at *22 (N.D. Cal. July 1, 2015).[5]  Lee is properly sued not only as a Bay Boy, but as a co-conspirator with the other Individual Defendants.  Given that discovery in this matter is only beginning, and considering the Individual Defendants' emerging pattern of obstruction, the evidence of the Bay Boys' conspiracy already gathered is considerable.[6]

### III.   CONCLUSION

Plaintiffs respectfully ask this Court to grant the motion for class certification.

DATED:  January 20, 2017                 HANSON BRIDGETT LLP


                                   By:    */s/ Kurt A. Franklin*
                                          KURT A. FRANKLIN
                                          Attorneys for Plaintiffs
                                          CORY SPENCER, DIANA MILENA
                                          REED, and COASTAL PROTECTION
                                          RANGERS, INC.

---

[5] *See also Banks.com, Inc. v. Keery*, No. C09-06039 WHA, 2010 WL 727973, at *7 (N.D. Cal. Mar. 1, 2010) ("gangs" are a "type[] of unincorporated association[]").
[6] Some Individual Defendants also argue this Motion fails based on numerosity, typicality, and commonality.  Plaintiff addresses those points, along with the City's similar arguments, in their Reply to the City's opposition.

13022466.3