1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   JENNIFER ANIKO FOLDVARY, SBN 292216
4  jfoldvary@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone: (415) 777-3200
6  Facsimile: (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone: (916) 442-3333
11 Facsimile: (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone: (310) 378-8533
16 Facsimile: (310) 347-4225

17 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
18 REED, and COASTAL PROTECTION
   RANGERS, INC.

19

20                **UNITED STATES DISTRICT COURT**

21           **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

22

| | |
|---|---|
| 23  CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>27                Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFFS' RESPONSES TO CITY OF PALOS VERDES ESTATES, CHIEF OF POLICE JEFF KEPLEY, BRANT BLAKEMAN, AND SANG LEE'S OBJECTIONS TO EVIDENCE**<br><br>Date:  February 21, 2017<br>Time:  10:00 a.m.<br>Judge: Honorable S. James Otero |

Case No. 2:16-cv-02129-SJO (RAOx)

| | |
|---|---|
| v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Ctrm.: 10C<br>1st Street Courthouse<br><br>Complaint Filed: March 29, 2016<br>Trial Date: November 7, 2017 |

13023289.1

Case No. 2:16-cv-02129-SJO (RAOx)
PLTFS.' RESPONSES TO DEFTS.' OBJECTIONS TO EVIDENCE

Plaintiffs respond to the Objections to Evidence filed in support of Plaintiffs' Motion for Class Certification made by Defendants City of Palos Verdes Estates, Chief of Police Jeff Kepley, Brant Blakeman and Sang Lee ("Objecting Defendants") as follows:

## I. DEFENDANTS' OBJECTIONS ARE MISPLACED

Objecting Defendants assert more than 270 pages of objections to Plaintiffs' evidence.[1] The Court should not be expected to rule on each of these objections because, unlike evidence in support of a motion for summary judgment, evidence presented in support of class certification need not be admissible at trial. *Alonzo v. Maximus, Inc.*, 275 F.R.D. 513, 519 (C.D. Cal. 2011). Indeed, "[t]he court need not address the ultimate admissibility of the parties' proffered exhibits, documents and testimony at this stage, and may consider them where necessary for resolution of the [Motion for Class Certification]." *Id.* (internal citations omitted); *In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1083 (C.D. Cal. 2015) (overruling evidentiary objections because the court "need not adhere strictly to the Federal Rules of Evidence in deciding whether to certify a class").[2]

Defendants' objections – which blanket nearly every declaration – are irrelevant, boilerplate objections, many of which contain no analysis. *See, e.g.*, City's Evidentiary Objections, Dkt. No. 3593 at 58 ("Hearsay. FRE 801, 802, 803.

---

[1] Plaintiffs are available to submit specific responses to any objection in more detail if the Court would find it helpful.

[2] Defendant Blakeman cites two cases for the proposition that declarations must meet admissibility standards. (Dkt. No. 196 at 2:20-24.) In the first, *Krzesniak v. Cendant Corp.*, No. C 05-05156 MEJ, 2007 WL 1795703 (N.D. Cal. June 20, 2007), the court allowed consideration of the declarations at issue for a limited purpose. The judgment in the second case, *Wang v. Chinese Daily News, Inc.*, 236 F.R.D. 485 (C.D. Cal. 2006), was vacated. *Chinese Daily News, Inc. v. Wang*, 132 S. Ct. 74 (2011).

This statement is offered to prove the truth of the matter asserted and constitutes inadmissible hearsay for which no exception is available."). "The summary, vague nature of these objections is grounds alone for the court to deny them." *Californians for Disability Rights, Inc. v. California Dept. of Transp.*, 249 F.R.D. 334, 349-350 (N.D. Cal. 2008). Further, "[i]t is not the Court's responsibility to attempt to discern the City's grounds for objecting to evidence submitted by Plaintiffs where the City merely repeats the same categorical objections but provides little to no explanation as to why the subject evidence is objectionable." *Communities Actively Living Independent and Free v. City of Los Angeles*, 2011 WL 4595993, *8 (C.D. Cal. Feb. 10, 2011.)

Accordingly, the Court need not rule on Objecting Defendants' specific evidentiary objections. To the extent the Court is nevertheless inclined to do so, Plaintiffs provide generalized responses below.

## II. EXPERT WITNESS DECLARATIONS

### A. Declaration Of Philip King

The City of Palos Verdes Estates and Chief of Police Jeff Kepley (collectively, the "City") object to Dr. King's credentials and argue that he is not qualified as an expert on the economic value of beach recreation. Dr. King's declaration states that he has specifically studied the economic value of California beaches for more than 20 years and that he has presented evidence to the California Coastal Commission pertaining to the economic recreation value of beaches. (King Decl., ¶ 4.) Dr. King developed his expertise through census data, information provided by the California Coastal Commission, information available to him from more than 20 years of studying California beaches, reports and news articles about Lunada Bay and its localism problem, other expert reports, and firsthand experience visiting the bluffs of the Palos Verdes Peninsula. (*Id.*, ¶¶ 6, 9, 11-13.)

Dr. King's economic valuation methods are well established and accepted. In *Ocean Harbor House Homeowners Ass'n v. California Coastal Com'n*, 163 Cal.

1 App. 4th 215, 234 (2008), the California Court of Appeal analyzed various methods used to calculate a mitigation fee related to the loss of recreational use of a beach in Monterey County. In so doing, the court cited two articles by Dr. King about the economic impact of a beach in its analysis. *Id.*, *citing* Philip King and Michael Potepan, *The Economic Value of California's Beaches*, Public Research Institute Report Commissioned by the California Department of Boating and Waterways, May 1997; Philip King, *The Fiscal Impact of Beaches in California*, Public Research Institute Report Commissioned by the California Department of Boating and Waterways, September 1999. Dr. King was qualified to present evidence to the California Coastal Commission pertaining to the economic recreation value of beaches, a California court has relied on his expertise, and he is likewise qualified here.

Defendants City and Blakeman also object to certain statements in Dr. King's declaration on the grounds that they are speculative and lack foundation. However, Dr. King has expressly stated the sources upon which he derives his expertise, including those described above. At issue in particular is Dr. King's method of deriving the estimated recreational value lost as a result of localism at Lunada Bay since 1970. Dr. King states that in coming to this opinion, he relied on the "benefits transfer" method, an accepted method used by economists and public agencies to value recreational beach resources; determined Lunada Bay is a world-class surfing destination because of its unique geographical features; determined the number of annual visits to other world-class surfing destinations; and took into account the number of residents and the number of surfers in California. Dr. King has therefore stated specific facts that formed the basis his opinion, and Plaintiffs fail to see how Dr. King's opinion on the lost recreational value of Lunada Bay is speculative or lacks foundation.

Both the City and Blakeman also challenge Dr. King's analysis under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), arguing that a

thorough analysis of expert testimony under the *Daubert* standard is appropriate at class certification. (Blakeman Obj. to Evid., Dkt. No. 196 at 6:21-7:17; City Obj. to Evid., Dkt. No. 188 at 117.) But both the City and Blakeman fail to note that, while *Daubert* sets forth the correct evidentiary standard for admission of expert testimony, "at the class certification stage, district courts are not required to conduct a full *Daubert* analysis. Rather, district courts must conduct an analysis tailored to whether an expert's opinion was sufficiently reliable to admit for the purpose of proving or disproving Rule 23 criteria, such as commonality and predominance." *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 495 (C.D. Cal. Dec. 20, 2012). Indeed, at the class certification stage "it is not necessary that expert testimony resolve factual disputes going to the merits of plaintiff's claims; instead, the testimony must be relevant in assessing 'whether there was a common pattern and practice that could affect the class as a whole." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 (9th Cir. 2011).

      Dr. King's declaration utilizes an economic recreation valuation model that is widely accepted. *See, e.g., Ocean Harbor House Homeowners Ass'n*, 163 Cal. App. 4th at 234. Dr. King further explains his opinion with respect to exclusion of outsiders at Lunada Bay, and in so doing, supports Plaintiffs' claims of commonality and predominance. (Decl. King, ¶ 17.) In this sense, his declaration may be considered sufficiently reliable and relevant to establishing a common pattern and practice that has affected the entire Plaintiff class. *See Ellis*, 657 F.3d at 983. The City's and Blakeman's challenges, which pertain mostly to the merits of Plaintiffs' claims and the "scientific rigor" of Dr. King's analysis, are premature and belie the evidence presented by Dr. King. *Ellis*, 657 F.3d at 983. Nor do the City or Blakeman present any evidence to contradict Dr. King's analysis. Thus, their objections must be disregarded.

///
///

B.  **Declaration Of Peter Neushul[3]**

The City likewise objects to Dr. Neushul's credentials and argues that he is not qualified as an expert on subjects of surf history and surf culture. Dr. Neushul's declaration states that he taught a course at the University of Santa Barbara entitled "History of Surfing" from 2008 to 2012. P. Neushul Decl., ¶ 1. He co-wrote a book on the history of surfing entitled "The World in the Curl: An Unconventional History of Surfing," and he has published several articles on the history of surfing. *Id.* Dr. Neushul is therefore qualified to opine on matters of surf history and surf culture.

The City also argues that certain statements in Dr. Neushul's declarations are speculative and lack foundation. In fact, many of these disputed statements appear in Dr. Neushul's book, "The World in the Curl: An Unconventional History of Surfing," which includes 317 endnotes and 18 pages of a selected bibliography. Dr. Neushul may rely on secondhand sources to form his opinion, and he is not required to provide each one of these sources here. *See* Fed. R. Evid. 703, Adv. Comm. Notes.

### III. PERCIPIENT WITNESS DECLARATIONS

A.  **Hearsay**

Defendants City and Blakeman object to a number of the percipient witness declarations on the basis of hearsay. They argue that the statements at issue are being proffered for the truth of the matter asserted and are therefore inadmissible under FRE 801-803. *See, e.g.*, City's Objections to the Declarations of John Carpenter, Michael Sisson, John MacHarg, Blake Will, Mark Slatten, Stephen Young, Ricardo Pastor, Sef Krell, Jason Gersch, Jordan Wright, Chris Claypool,

---

[3] Defendant Blakeman requested the Court strike Dr. Neushul's declaration but provides no reasoning as to why. Blakeman's Objections, 2:25-28.

1  James Conn, Joseph Lanning, John Geoffrey Hagins, Michael Alexander Gero,
2  Kenneth Claypool, Diana Milena Reed, and Cory Spencer. However, the statements
3  in dispute are not being offered for the truth of the matter asserted and/or do not
4  otherwise constitute hearsay.
5      For example, Plaintiff Diana Milena Reed declared that a Palos Verdes
6  Estates policeman told her she could make a citizen's arrest but that if she did, she
7  would be at risk of being sued by someone from the Lunada Bay area. (Reed Decl.,
8  ¶ 14.) Although the City objected to this statement as inadmissible hearsay, the
9  statement isn't being offered for the truth of the matter asserted—that if Ms. Reed
10 made a citizen's arrest, she would be at risk of being sued—but rather its effect on
11 the hearer. In this case, the evidence is being used to show why Ms. Reed believed
12 the police did not act on behalf of her safety. Likewise, the statements of declarants
13 who stated that they had heard localism was particularly bad at Lunada Bay or that
14 the Bay Boys were aggressive in their methods of excluding outsiders were also
15 used to show the effect on the hearer. *See, e.g.,* Blakeman's Objections to the
16 Declarations of Spencer, Reed, Wright, Christopher Taloa, MacHarg, Carpenter,
17 Gersch, Will, Perez, K. Claypool, Bruce Bacon, Sisson, Gero, Amin Akhavan,
18 Conn, and Daniel Jongeward. The effect, generally, was to show why declarants
19 were apprehensive about visiting Lunada Bay, why they took certain precautions if
20 they did go there, or why they didn't trust the police to help them if they got into
21 trouble there.
22     Moreover, many of the statements objected to as hearsay were spoken by a
23 party opponent and therefore do not constitute hearsay. FRE 801(d)(2); *see, e.g.,*
24 City's Objections to the Declarations of Will, Innis, Young, Pastor, Krell, Gersch,
25 Wright, Conn, Hagins, Reed, and Spencer.

26 **B.  Lack Of Foundation And Personal Knowledge**
27     Defendants City and Blakeman also object to a number of the percipient
28 witness declarations on the basis of lack of foundation and lack of personal

knowledge in relation to Federal Rule of Evidence 602. In many instances, they object to the same statement on the grounds of both hearsay and a lack of personal knowledge. *See, e.g.*, City's Objections to the Declarations of Carpenter, Sisson, Will, Slatten, Innis, Young, Krell, Gersch, Wright, C. Claypool, Conn, Lanning, Hagins, Gero, and Reed. However, where the declarant made or personally heard the out-of-court statement himself, he indeed has personal knowledge that such statement was made. The correct objection would be hearsay if such statement was being offered for the truth of the matter asserted, yet these objections should also be overruled. *See* Section III.A, *supra*.

Defendant Lee objects on the basis of lack of foundation to declarants Cory Spencer, John MacHarg, and Christopher Taloa's identity of Mr. Lee on separate occasions. Each of these declarants described how he came to know who Mr. Lee was. *See, e.g.*, MacHarg Decl., ¶¶ 2-3 (declarant was born and raised in Palos Verdes Estates and surfed Lunada Bay regularly).

**C.    Relevance**

The City objects to several percipient witness declarations on the grounds that the events declared to are irrelevant because they took place more than two years ago and the statute of limitations for personal injury suits is two years. *See* City's Objections to the Declarations of Will, Innis, Pastor, Bacon, Gersch, Conn, Hagins, and Gero. These individuals' descriptions of injuries caused by the Bay Boys more than two years ago are relevant to show the long history of exclusionary activities by the Bay Boys and the City's long-standing policy, custom, or practice of tacitly approving the exclusion of non-residents.

The City further objects to several declarations on the basis that the declarants' wishes to have the City support public access to Lunada Bay through concrete actions are not relevant to the allegations against the City. *See* City's Objections to the Declarations of Sisson, MacHarg, Slatten, Young, Gersch, Conn, Lanning, Hagins, Gero, K. Claypool, and Reed. In fact, such statements are highly

relevant because Plaintiffs have explicitly alleged the City has permitted or facilitated the exclusion of certain beachgoers, including non-residents, at Lunada Bay. Such statements are also relevant to establishing commonality and typicality under Federal Rule of Civil Procedure 23(a). The City's relevance objections on this basis are also somewhat disingenuous in light of its argument in opposition to class certification that "Plaintiffs have provided the Court with no explanation of the type of injunctive or declaratory relief they intend to seek against the PVE Defendants." (City Opp'n, Dkt. No. 187, at 13:21-22.)

### D.  Other Objections To Percipient Witness Declarations

The City objects that declarants Christopher Taloa and Joseph Lanning are not class members. First, neither must be a class member in order to submit a percipient witness declaration in support of Plaintiffs' motion for class certification. Second, Mr. Taloa is not excluded from the class solely because the City has allegedly been helpful to him in the past, nor is that grounds for denying certification. *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2009) ("[t]he fact that some class members may have suffered no injury or different injuries . . . does not prevent the class from meeting the requirements of Rule 23(b)(2)"); *In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1094 (C.D. Cal. 2015) ("inclusion of uninjured class members does not necessarily render a class unascertainable"). He still wants lawful, safe, and secure access to Lunada Bay to recreate. Likewise, Mr. Lanning does not have to have visited Lunada Bay in the past to be a class member now.

Defendant Blakeman objects that percipient witnesses opined on subjects requiring expert testimony. However, the subjects on which these witnesses opined do not require expert testimony. *See, e.g.*, Spencer Decl., ¶ 17 (declaring that he asked for extra police patrols and there were none visible, particularly in the water); Reed Decl., ¶ 14 (declaring that drinking beer on the beach is illegal); and Wright Decl., ¶ 8 (declaring that he believed two group of people who were saying the same

thing to him, where the first group was calling and texting someone, were coordinated).

## IV. ATTORNEY DECLARATIONS

Defendants City and Blakeman object to exhibits attached to the declarations of Plaintiffs' attorneys Victor Otten and Kurt Franklin on the grounds that the documents are not authenticated. The burden of proof for authenticating a document merely requires a "reasonable probability" that the evidence is what the proponent claims. *W. Emulsions, Inc. v. BASF Corp.*, No. CV05-5246CBMSSX, 2007 WL 4405003, at *1 (C.D. Cal. Jan. 25, 2007). The proponent need only show that the evidence is sufficient to allow a reasonable person to believe the evidence is what it purports to be. *Asociación De Periodistas De Puerto Rico v. Mueller*, 680 F3d 70, 79-80 (1st Cir. 2012).

For example, authentication may be based on the appearance of the document itself. Fed. R. Evid. 901(b)(4); *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533-534 n.6 (9th Cir. 2011). Therefore, several exhibits attached to the Otten declaration, including the map of Palo Verdes Estates (Ex. 2), the video filmed by the Guardian newspaper (Ex. 12), the e-mails exchanged between Michael Thiel and Anton Dahlerbruch (Ex. 18), and the homepage for the Palos Verdes Homes Association (Ex. 22), are admissible because it is clear from the exhibit itself what the document actually is.

Next, a document may be authenticated by the very act of production. *Martinez v. England*, 221 F. App'x 575, 577 (9th Cir. 2007); *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889, n.12 (9th Cir. 1996). Therefore, the objections to Exhibits 3-7, 9-11, 13, 14, 17, 19, and 20 to the Otten declaration, which are all documents produced by Defendants, should be overruled.

Additionally, the authentication of Exhibit 21 to the Otten declaration (a letter received by Mr. Otten's client Christopher Taloa from an investigator hired by the defense in this matter) and Exhibits 1 and 2 to the Franklin declaration (research

|   |   |
|---|---|
| 1 | documents Mr. Franklin's office acquired) are sufficiently supported by the |
| 2 | respective declarants' personal knowledge, and these exhibits should be admitted as |
| 3 | evidence. |

## V. CONCLUSION

For the foregoing reasons, Plaintiffs ask the Court to overrule Objecting Defendants' Objections to Evidence filed in support of Plaintiffs' Motion for Class Certification.

DATED: January 20, 2017                    HANSON BRIDGETT LLP

By:  */s/ Kurt A. Franklin*
KURT A. FRANKLIN
Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.