1 | HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
2 | kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
3 | swolff@hansonbridgett.com
JENNIFER ANIKO FOLDVARY, SBN 292216
4 | jfoldvary@hansonbridgett.com
425 Market Street, 26th Floor
5 | San Francisco, California 94105
Telephone: (415) 777-3200
6 | Facsimile:  (415) 541-9366

7 | HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
8 | tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
9 | lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
10 | Sacramento, California 95814
Telephone: (916) 442-3333
11 | Facsimile:  (916) 442-2348

12 | OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
13 | vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
14 | kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
15 | Torrance, California 90505
Telephone: (310) 378-8533
16 | Facsimile:  (310) 347-4225

17 | Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
18 | REED, and COASTAL PROTECTION
RANGERS, INC.
19 |

20 | **UNITED STATES DISTRICT COURT**

21 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

22 |

23 | CORY SPENCER, an individual;          CASE NO. 2:16-cv-02129-SJO (RAOx)
24 | DIANA MILENA REED, an                 **DECLARATION OF VICTOR OTTEN**
individual; and COASTAL               **RE: DEFENDANT BRANT**
25 | PROTECTION RANGERS, INC., a           **BLAKEMAN'S MOTION TO COMPEL**
**ANSWERS TO INTERROGATORIES**
California non-profit public benefit
26 | corporation,
27 |
                  Plaintiffs,
28 |

1

2          v.

3     LUNADA BAY BOYS; THE
      INDIVIDUAL MEMBERS OF THE
4     LUNADA BAY BOYS, including but
      not limited to SANG LEE, BRANT
5     BLAKEMAN, ALAN JOHNSTON
      AKA JALIAN JOHNSTON,
6     MICHAEL RAE PAPAYANS,
      ANGELO FERRARA, FRANK
7     FERRARA, CHARLIE FERRARA,
      and N. F.; CITY OF PALOS
8     VERDES ESTATES; CHIEF OF
      POLICE JEFF KEPLEY, in his
9     representative capacity; and DOES
10    1-10,

11

12                    Defendants.

13

14

15         I, Victor Otten, declare as follows:

16         1.     I am attorney licensed to practice under the laws of the State of

17    California and am duly admitted to practice before this court.  I am an

18    attorney of record for Plaintiffs Cory Spencer, Diana Milena Reed, and the

19    Coastal Protection Rangers, Inc.  I have personal knowledge of the facts set

20    forth herein, and if called as a witness, I could and would competently testify

21    to the matters stated herein.

22         2.     Defendant Blakeman served Plaintiffs with interrogatories on

23    September 16, 2016 by mail, propounded on Plaintiffs Cory Spencer, Diana

24    Milena Reed, and Coastal Protection Rangers, Inc.

25         3.     Plaintiffs timely responded and objected to the discovery on

26    October 20, 2016. Among other raised objections, Plaintiffs objected to

27    Blakeman's interrogatories as premature because they seek or necessarily

28    rely upon a contention, and contention interrogatories need not be answered

1   until discovery is "substantially complete." Fed. R. Civ. P. 33(a)(2).

2       4.      On December 7, 2016, Defendant Blakeman filed a motion to

3   compel discovery responses. (Dkt. No. 150.)

4       5.      On December 28, 2016, the Court issued a minute order that the

5   parties meet and confer further as to Defendant Blakeman's motion to

6   compel discovery.

7       6.      Pursuant to the Court's order, counsel for Brant Blakeman

8   Richard P. Dieffenbach, Robert Cooper and John Worgul and I met and

9   conferred on January 4, 2017.  While we disagreed on the law related to the

10  objections asserted by the plaintiffs, I agreed to supplement the

11  interrogatories with the information we learned via the class certification

12  motion without waving our objections.  I told the attorneys that I would try to

13  supplement the responses by January 11, 2017.

14      7.      Apparently at 6:19 p.m. on January 12, 2017, Defendant's

15  counsel, Richard P. Dieffenbach, emailed the Defendant's portion a Joint

16  Statement relating to Mr. Blakeman's Motion to Compel *only* to myself.[1] Mr.

17  Dieffenbach failed to include the associate from my office working on the

18  case or any of the attorneys from my co-counsel's office, Hansen Bridggett

19  LLP. As Mr. Dieffenbach had always included these people in email

20  correspondence in the past, this clearly was not an accidental oversight.[2]

21  Until Mr. Dieffenbach's office filed the motion to compel, I had never seen

22  this email. There is no legitimate explanation for this; especially considering

23  

_____

24  [1] A copy of Mr. Dieffenbach's email is attached as **Exhibit "1"**.

25  [2] Attached as **Exhibit "2"** is an email from Mr. Dieffenbach dated December

26  29, 2016 re Motion to Compel (Brant Blakeman) that he sent to various
    people including my associate Kavita Tekchandan and my co-counsel Kurt

27  Franklin, Samantha Wolff and Jennifer Aniko Foldvary indicating that he

28  knew their email addresses.

DECL. OTTEN RE BLAKEMAN'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES

1   Mr. Dieffenbach knows that I am a small law firm (two attorneys working pro

2   bono compared to the six attorneys billing for Blakemans defense) and was

3   preparing for a jury trial that was set to start on January 18, 2017.

4          8.    On Thursday, January 13, 2017, Plaintiffs Cory Spencer and

5   Coastal Protection Rangers served supplemental responses to Defendant

6   Blakeman's interrogatories by mail. Monday, January 15, 2017, was a

7   federal holiday with no mail service.[3] The responses are detailed and greatly

8   exceed anything any defendant has provided to the plaintiffs in this case.[4]

9          9.    On January 17, 2017, following the long holiday weekend,

10   Defendant's counsel filed a Joint Stipulation to Motion to Compel Plaintiffs'

11   Responses to Discovery. They did this without ever calling to check the

12   status of the discovery- which had already been served. Moreover, they

13   knew that I was starting a jury trial the next day.

14   <u>CLAIMS OF STONEWALLING</u>

15          10.    The claims of stonewalling by Mr. Blakeman's attorneys are

16   disappointing and untrue. The supplemental interrogatories have been

17   provided even though the interrogatories are improper. In addition, plaintiffs

18   provided thirty declarations from witness in support of their motion for class

19   certification.  Importantly, the defendants are in the sole possession of much

20   of the information related to plaintiff's case which they refuse to produce.[5]

21   The plaintiffs have willingly turned over information as they have obtained it;

22   _____

23   [3] Because of the holiday, I was having difficulty connecting with plaintiff

24   Diana Reed to review her responses. Accordingly, they were served by mail

25   on January 18, 2017.

26   [4] A copy of Mr. Spencer's response to Blakeman's interrogatories are
     attached as **Exhibit "3."** Because the response for Coastal Protection

27   Rangers and Diana Reed are duplicative, they are not being included.

28   [5] Defendant Alan Johnston's cellphone is a good example.

1  usually in response to witnesses that learn about the lawsuit in the media

2  and come forward. The plaintiffs have supplemented their Fed. R. Civ. P.

3  26(a)(1) disclosures twice listing: 105 witnesses, numerous documents,

4  photographs and videos. In contrast, with the exception of the City of Palos

5  Verdes Estates, I do not believe that any defendant has disclosed any non-

6  party witnesses in their Fed. R. Civ. P. 26(a)(1) Initial Disclosures other

7  than the plaintiff's attorney Victor Otten. Mr. Blakeman listed two videos in

8  his disclosures, yet we have discovered that there are more.[6]

9       11.   Brant Blakeman's Initial Disclosures signed by Richard P.

10  Dieffenbach on August 22, 2016, disclose the video that his client took of

11  Defendant Alan Johnston aka Jalian Johnston sexually harassing plaintiff

12  Diana Reed.[7]  Mr. Blakeman's attorneys, however, refused to turn the video

13  over until <u>after</u> the deposition of their client which took place on November

14  21, 2016.[8]  This was more than three months after the disclosures. In

15  addition, it appears the video was altered. Plaintiff will bring this video to the

16  hearing on this discovery motion should the Court wish to view it.

17                    Defendant Alan Johnston's cellphone

18       12.   On December 16, 2016, the Court issued an Order re Plaintiff

19  Cory Spencer's Motion to Compel Defendant Alan Johnston to Produce

20

21  _____

22  [6] While this is the subject of a separate motion, attached as **Exhibit "4"** is a
   photograph taken by a photographer for the Los Angeles Times showing

23  Defendant Blakeman videotaping Chris Taloa and several other people.

24  [7] A copy of Mr. Blakeman's Rule 26(A)(1) Initial Disclosures is attached as

25  **Exhibit "5."**

26  [8] Mr. Blakeman's attorneys improperly attempted to stop the deposition of
   their client on the basis that they were entitled to discovery responses first

27  and brought a protective order which was denied. See **Exhibit "6"**.

28  (footnote continued)

DECL. OTTEN RE BLAKEMAN'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES

Documents.[9] Mr. Johnston and his attorney Pat Carey have failed to comply with several aspects of that Order. First, the Order states: "Mr. Johnston is ordered to cooperate as necessary with Mr. Stefan with respect to passwords." That did not happen. Mr. Carey never provided a working password.

13.    On January 11, 2017, my co-counsel, Kurt Franklin, and I each received messages from Todd at Setec Investigations regarding the status of the investigation of Defendant Johnston's cellphone. First, we were informed that the phone had "enhanced security" turned on, which makes it encrypted and harder to access.  We were told that over a period of time, Mr. Carey provided four passwords none of which worked.  Eventually, Setec Investigations had to crack the phone using a crunching program. This took 5 or 6 hours running a computer program to get the password. Second, the phone was not water damaged as claimed by Defendant Johnston. Third,  on January 10, 2017, Setec Investigations provided Mr. Carey a multi tab spreadsheet of the recovered information: (1) iChat (4,250 messages going back to at least 3/12/15); (2)  MMS text messages with photos or movies (133 texts with movies of photos going back as far as 10/14); (3)  SMS regular texts (2,516 regular texts going back to 12/14  of these 1,381 are deleted; about 1,384 are not blank – some contain gibberish, etc.); (4) no emails on the phone without iCloud access (but Setec can tell there have been 456 emails w/dates – the oldest went back 10/12); (5) call log [1,921 ]; (6) audio recordings (19); (7) videos and photos; contacts (2,445); (8) web history. The Order states that after Mr. Carey receives the information, he "shall designate the information formally copied

---

[9] A copy of that Order is attached as **Exhibit "7"**.

1  and produced that is responsive to the Request for Production of
2  Documents.  Then, Mr. Johnston may review the production and designate
3  information "CONFIDENTIAL" pursuant to the Court's Protective Order.  This
4  designation shall take place within one (1) day of receipt of the designated
5  production. This has not happened. Fourth, Setec Investigations determined
6  that there is an icloud account associated with the phone and that it might
7  have back up data. Mr. Carey represented to the plaintiffs that there was not
8  an icould account.

9      14.    There are numerous other examples of the defendants
10  withholding information from plaintiffs which need not be addressed here.
11  What is obvious is that plaintiffs have acted appropriately in all discovery
12  matters. What is also evident from the discovery proceedings to date is that
13  there is a clear pattern emerging that the individual defendants are
14  withholding and/or destroying evidence and misusing the discovery process.
15  Like the motion for protective order regarding Mr. Blakemans deposition that
16  came before, this was an unnecessary motion.

17      I declare under penalty of perjury under the laws of the State of
18  California that the foregoing is true and correct.  Executed January 21, 2016,
19  in Torrance, California.

20
21                            _/s/ Victor Otten_____
                              Victor Otten
22
23
24
25
26
27
28

DECL. OTTEN RE BLAKEMAN'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES