HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
clee@hansonbridgett.com
JENNIFER ANIKO FOLDVARY, SBN 292216
jfoldvary@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFFS CORY SPENCER, DIANA MILENA REED, AND THE COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO DEFENDANT BLAKEMAN'S REQUEST FOR JUDICIAL NOTICE** |

13080874.1

-1-
Case No. 2:16-cv-02129-SJO (RAOx)
PLS.' RESPONSE TO DEF. BLAKEMAN'S REQ. J. NOT.

|   |   |   |
|---|---|---|
| Plaintiffs, | | Judge: Hon. Otero |
| | | Date: February 21, 2017 |
| v. | | Time: 10:00 a.m. |
| | | Crtrm.: 10C |
| LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, | | Complaint Filed: March 29, 2016 |
| | | Trial Date: November 7, 2017 |
| Defendants. | | |

## I. INTRODUCTION

Plaintiffs Cory Spencer, Diana Milena Reed, and the Coastal Protection Rangers, Inc. (Plaintiffs) submit this response to Defendant Blakeman's Request for Judicial Notice (RJN) filed in support of his opposition to Plaintiffs' motion for class certification. Defendant Blakeman's untimely, improper, and inappropriate RJN should be denied for three reasons. First, Blakeman's RJN was filed late, without any request for leave from this Court nor explanation of excusable neglect warranting the late filing. Second, Blakeman's RJN is a clear attempt to circumvent this Court's 20-page limit for opposition briefs. Indeed, Blakeman even stated in his opposition brief that he "ran out of room" on the very topic that is now the subject of his RJN. Third, Blakeman's RJN is not a simple request for judicial notice of certain documents; rather, it includes approximately one-and-one-half pages of legal argument concerning issues that are irrelevant

to class certification.  For these reasons, Plaintiffs respectfully request that this Court deny Blakeman's RJN.

## II.     RESPONSE

### A.     This Court Need Not Consider Blakeman's Late-Filed RJN.

Blakeman's opposition to Plaintiffs' class certification motion was due on January 13, 2017.  (Minute Order, Aug. 29, 2016.)  Blakeman's RJN, which is filed in support of his opposition, was filed on January 24, 2017 – eleven days later, and four days after Plaintiffs' reply brief was filed.  (*See* Dkt. No. 210.)  Blakeman did not request leave to submit his post-deadline RJN by motion, nor did he specify the "excusable neglect" which prevented him from timely filing the RJN.  Fed. R. Civ. P. 6(b)(1)(B).  Blakeman's "failure to buttress [his] position" in his opposition was done at his own peril and he may not now attempt to support his brief after the deadline to do so has passed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990).

### B.     Blakeman's RJN Is An Improper Attempt To Circumvent This Court's Page Limits For Opposition Briefs.

This Court's Standing Order provides that memoranda of points and authorities in support of an opposition brief may not exceed 20 pages.  In his opposition to Plaintiffs' class certification motion, Blakeman stated (on page 20 of his 21-page brief) that "[a]lthough Mr. Blakeman disputes the adequacy of the class representatives and class counsel, *he has run out of room to do so*." (Blakeman Opp'n, Dkt. No. 190, at 20:22-23, emphasis added.)  Not surprisingly, the entire focus of Blakeman's RJN pertains to Diana Milena Reed's adequacy as class representative.  Blakeman's late-filed RJN is a transparent attempt to circumvent the page limit set forth in this Court's Standing Order.  Further, Blakeman makes no effort to comply with the Local Rules and seek permission from this Court to exceed the permissible page limit.  See C.D. Local R. 11-6.

### C. Blakeman's Assertion That Diana Reed Is An Inadequate Class Representative Is Misplaced And Improper.

Blakeman's RJN is as irrelevant as it is improper. Blakeman asks this Court to take judicial notice of a civil complaint and default judgment issued in a superior court case several years ago because he believes these documents somehow demonstrate that Ms. Reed is an inadequate class representative. (RJN at 2-3.) Blakeman acknowledges the "'general rule . . . that unrelated unethical or even criminal conduct'" is insufficient to find inadequacy, but asserts that a criminal conviction for fraud may be relevant. *Id., quoting Stanich v. Travelers Indem. Co.*, 259 F.R.D. 294, 314-315 (N.D. Ohio 2009). Blakeman then asks this Court to take judicial notice of a purported default judgment for *civil* fraud. (RJN at 2.) Blakeman's request falls short, however, because a civil default judgment cannot be equated with a criminal conviction, and in any event, he fails to establish relevance.

Whereas a criminal conviction for fraud necessarily requires evidence proving guilt beyond a reasonable doubt, a civil default judgment for fraud simply means that no appearance was ever made by or on behalf of the defendant. *See* 5 Cal. Crim. Practice: Motions, Jury Instr. & Sent. § 61:4 (4th ed.) In this sense, the complaint and default judgment obtained by Mr. Rubin do not tend to prove anything about Ms. Reed, other than the fact that she did not appear in that action. Ms. Reed's deposition testimony is consistent with this; indeed, she stated that she had no knowledge of the lawsuit or judgment. (Decl. Wolff, Ex. A (Reed Depo., Vol. II, at 198-200).)

Further, "[g]enerally unsavory character or credibility problems will not justify a finding of inadequacy unless related to the issues in the litigation." *Walters v.* Reno, 145 F.3d 1032, 1046 (9th Cir. 1998). Blakeman fails to demonstrate relevance here, where the default judgment in no way relates to the issues in the pending litigation. Though Blakeman implies that Ms.

Reed is an inadequate class representative because she failed to appear in another matter, such an argument is wholly without merit.  Ms. Reed has actively participated in this lawsuit since its inception.  Ms. Reed's declaration in support of Plaintiffs' motion for class certification states that she understands her duties as class representative and is actively involved in the prosecution of this matter.  Decl. Reed Supp. Mot. for Class Cert., Dkt. No. 159-5, ¶ 43.  Ms. Reed's actions support this assertion.  To date, Ms. Reed has reviewed and revised the draft complaint, reviewed deposition transcripts, responded to 10 separate sets of discovery requests, and appeared for two days of deposition while in her third trimester of pregnancy.  *Id.* at ¶¶ 44-46.  Blakeman's suggestion that Ms. Reed is somehow inadequate, despite all evidence to the contrary, must be disregarded.

### III.   CONCLUSION

Having failed to timely file his RJN or seek leave based upon "excusable neglect" to do so, this Court should deny Blakeman's RJN.  Further, the matters which are the subject of Blakeman's request are not relevant to Ms. Reed's suitability as class representative, and therefore should not be considered by this Court.  Accordingly, Plaintiffs respectfully request that this Court deny Blakeman's RJN.

DATED:  January 31, 2017                    HANSON BRIDGETT LLP

By: ___/s/ Samantha D. Wolff___
KURT A. FRANKLIN
SAMANTHA D. WOLFF
Attorneys for Plaintiffs
Cory Spencer, Diana Milena Reed, and Coastal Protection Rangers, Inc.

13080874.1

-5-                                Case No. 2:16-cv-02129-SJO (RAOx)
PLS.' RESPONSE TO DEF. BLAKEMAN'S REQ. J. NOT.