EDWIN J. RICHARDS (SBN 43855)
Email: Ed.Richards@kutakrock.com
ANTOINETTE P. HEWITT (SBN 181099)
Email: Antoinette.hewitt@kutakrock.com
JACOB SONG (SBN 265371)
Email: Jacob.Song@kutakrock.com
REBECCA L. WILSON (SBN 257613)
Email: Rebecca.Wilson@kutakrock.com
KUTAK ROCK LLP
Suite 1500
5 Park Plaza
Irvine, CA  92614-8595
Telephone:   (949) 417-0999
Facsimile:    (949) 417-5394

**[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]**

Attorneys for Defendants
CITY OF PALOS VERDES ESTATES and
CHIEF OF POLICE JEFF KEPLEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA; WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>                Plaintiffs,<br><br>        v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>                Defendants. | Case No.  2:16-cv-02129-SJO-RAO<br><br>Assigned to<br>District Judge:  Hon. S. James Otero<br>Courtroom: 10C @ 350 W. First Street, Los Angeles, CA  90012<br><br>Assigned Discovery:<br>Magistrate Judge:  Hon. Rozella A. Oliver<br><br>**[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]**<br><br>**DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S REPLY IN SUPPORT OF MOTION TO STRIKE THE DECLARATION OF PHILIP KING**<br><br>Complaint Filed:       March 29, 2016<br>Trial:                          November 7, 2017<br>Date:                         February 21, 2017<br>Time:                         10:00 a.m. |

- 0 -                    2:16-cv-02129-SJO-RAO
CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S REPLY IN SUPPORT OF
MOTION TO STRIKE THE DECLARATION OF PHILIP KING

## I.   PLAINTIFFS FAIL TO COMPREHEND L.R. 7-3

Defendants City of Palos Verdes Estates and Chief of Police Jeff Kepley (collectively the "City") satisfied the L.R. 7-3 requirements prior to filing the Motion to Strike ("Motion").  The City specifically presented its position regarding the Declaration of Philip King ("King Decl."), and Plaintiffs' counsel expressed their disagreement with the City's position, forcing the City to file the Motion. Plaintiffs' flawed contention misses, as the mere fact of disagreement cannot be held tantamount to a lack of good faith in conferring under L.R. 7-3.  Importantly, Plaintiffs' "proposal" to supplement the King Decl. demonstrates their implicit acknowledgement that the original King Decl. failed to meet admissibility standards under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579.  Plaintiffs' "proposal" amounts to an impermissible request to substantively alter their class certification motion *after* the filing deadline set by this Court.  Such prohibited post-filing modifications would have prejudiced preparation of the City's opposition, and likely required a significant alteration to the Court's original Scheduling Order regarding the class certification issue.  The City's Motion evidences strict compliance with L.R. 7-3, and the statements and "proposal" by Plaintiffs' counsel belie their own failures to satisfy Rule 702 and *Daubert*.

## II.   COURTS ROUTINELY RECOGNIZE THE USE OF RULE 12(F) TO CHALLENGE DEFICIENT EXPERT OPINIONS AT THE CLASS CERTIFICATION STAGE

By challenging the King Decl., the City's Motion allows the Court to engage in its gatekeeping function under *Daubert*.  (See *Cholakyan v. Mercedes-Benz, USA, LLC* (C.D. Cal. 2012) 281 F.R.D. 534, 54—noting correct application of *Daubert* in the context of a motion to strike.)  Engaging in a *Daubert* analysis to decide whether to deny class certification commonly occurs in the framework of a

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S REPLY IN SUPPORT OF
MOTION TO STRIKE THE DECLARATION OF PHILIP KING

motion to strike.  (See *In re ConAgra Foods, Inc.* (C.D. Cal. 2015) 90 F. Supp. 3d 919, 942—no mention of Rule 12(f) motions as "disfavored.")

Plaintiffs cite case law regarding the erroneous contention that all motions to strike under Rule 12(f) are "disfavored"; however, such disfavor—if any—is generally found at the pleading stage.  *Ellis v. Costco Wholesale Corp.* (9th Cir. 2011) 657 F.3d 970 and subsequent case law specifically citing to *Ellis* establishes the propriety of a Rule 12(f) motion to challenge expert testimony under the *Daubert* standard and Fed. R. Evid. 702 as part of the rigorous analysis courts undertake in ruling on whether to deny class certification.  Plaintiffs apparently disagree with the City availing itself of both evidentiary objections[1] and this Motion in challenging the deficient King Decl.  Tellingly, that position is neither legally cognizable nor supported by legal authority, and the relief sought by the City should be granted.  If the City's Motion is granted, such a ruling obviates the need to rule on the City's evidentiary objections.

## III.   THE MODIFIED KING DECL. CONSTITUTES IMPROPER NEW MATTER WITH RESPECT TO THE ISSUE OF CLASS CERTIFICATION, AND SHOULD BE DISREGARDED

The class certification motion and *all* supporting papers were due on or before December 30, 2016.  (Dkt. No. 120.)  Troublingly, Plaintiffs file a brand new, voluminous declaration by Mr. King (Dkt. No. 216-1) not in support of their class certification motion or even with their reply brief, but rather in opposition to the City's Motion.   The modified King Decl. (Dkt. No 216-1) constitutes impermissible new matter that should have been included in Plaintiffs' original motion; they failed to do so.

---

[1] It is noteworthy that Plaintiffs ignore the Standing Order effective January 7, 2017, stating that "If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in a separate statement but not argued in that document."  (Standing Order, A-13:1-3.)  The City presented its objections as a filing separate from its opposition brief.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S REPLY IN SUPPORT OF
MOTION TO STRIKE THE DECLARATION OF PHILIP KING

The City's opposition papers and this Motion were based on the originally filed King Decl. (Dkt. No. 159-7), and determination of the City's Motion and class certification should be limited to considering the *originally* filed declaration only, not a dilatory filing by Plaintiffs in an effort to prejudice the City's Motion.  The new King Decl. constitutes impermissible "new matter" with respect to the issue of class certification.  (See *Lujan v. Nat'l Wildlife Fed.* (1990) 497 U.S. 871, 894-895—court has discretion to disregard late-filed factual matters; *Ojo v. Farmers Group, Inc.* (9th Cir. 2009) 565 F.3d 1173, 1186, fn.12.)  Plaintiffs create a "moving target" with respect to Mr. King's statements and qualifications: Plaintiffs purported to set forth *all* of his opinions, analysis, and foundation in the original 9-page King Decl., and the City prepared its opposition papers and this Motion based on that original declaration.  Then, only when challenged, Plaintiffs suddenly provide an additional 7-page declaration along with *117 pages* of newly disclosed exhibits.  Plaintiffs failed to provide the Court or the City with this information by the deadline for their motion for class certification.  Under *Lujan*, the Court should disregard this impermissible new matter in ruling on this Motion and in determining whether to deny class certification.

## IV.   MR. KING FAILS TO SATISFY FED. R. EVID. 702 AND *DAUBERT* STANDARDS FOR ADMISSIBILITY OF EXPERT TESTIMONY

A full *Daubert* analysis stands as a mandatory prerequisite to a finding of admissibility for expert testimony.  A lesser standard does not exist.  Plaintiffs' failures under *Daubert* require exclusion of Mr. King's statements.  (See *American Honda Motor Co., Inc. v. Allen* (7th Cir. 2010) 600 F.3d 831, 815-816—full *Daubert* analysis necessary when expert testimony is "critical to class certification"; *In re Blood Reagents Antitrust Litig.* (3rd Cir. 2015) 783 F.3d 183, 187—expert testimony in support of class certification must meet *Daubert* requirements; *Messner v. Northshore University HealthSystem* (7th Cir. 2012) 669

1   F.3d 802, 812-813—"unworkable" to require court to determine class certification

2   without first determining admissibility of expert testimony under *Daubert*.)  A

3   rigorous analysis of class certification by definition includes a full *Daubert* inquiry

4   as a key component to such a ruling.

5          Both versions of the King Decl. are unhelpful to the trier of fact, are

6   unreliable, and are irrelevant to issues of class certification.  The entirety of both

7   versions of the King Decl. purport to provide "expert" opinions on the value of a

8   putative class members enjoyment of a visit to the beach at Lunada Bay, or

9   "hedonic damages."  Triers of fact are able to decide for themselves the value to

10  place on hedonic damages, so courts *exclude* such expert testimony, since there is

11  no objective method of evaluating a particular individuals' life enjoyment; hence,

12  there is nothing on which an expert can base his/her opinion.  (See *Mercado v.*

13  *Ahmed* (7th Cir. 1992) 974 F.2d 863, 868, 871.)  Even if hedonic damages are

14  recoverable, courts exclude expert opinions under Fed. R. Evid. 702 as per se

15  *unreliable* or not helpful to a valuation of damages.  (See *Smith v. Jenkins* (1st Cir.

16  2013) 732 F.3d 51, 66.)    The fact that economists other than Mr. King have

17  purportedly evaluated valuation of a visit to the beach fails to overcome overriding

18  exclusionary principles regarding expert testimony on hedonic damages.  Where the

19  trier of fact is capable of drawing inferences from available evidence, expert

20  opinion testimony is per se unhelpful to the trier of fact, risks unfair prejudice to the

21  opposing party, and is misleading.  (See Fed. R. Evid. 702; *Nichols v. American*

22  *Nat'l Ins. Co.* (8th Cir. 1998) 154 F.3d 875, 883.)  For the same reasons, Mr. King

23  lacks "specialized knowledge" of the value of enjoyment derived from a visit to the

24  beach.

25          Additionally, the case and article cited by Plaintiffs is inapplicable to the

26  specific assertions Plaintiffs themselves make.  In *Ocean Harbor Homeowners*

27  *Ass'n v. California Coastal Com'n* (2008) 163 Cal.App.4th 215, the court cites to

28  Mr. King's article in the context of the economic value of beaches to business and

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 4 -                                    2:16-cv-02129-SJO-RAO
CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S REPLY IN SUPPORT OF
MOTION TO STRIKE THE DECLARATION OF PHILIP KING

the government, not to individual visitors.  Plaintiffs make no claim of impact to businesses or tax revenue, but rather make a claim based solely on each putative class members' lost enjoyment in visiting the beach.  Expert qualifications require a demonstration of specialized knowledge to assist the trier of fact in deciding particular and specific issues in case.  (See *Belk, Inc. v. Meyer Corp., U.S.* (4th Cir. 2012) 679 F.3d 146, 149.)  No such specialized knowledge exists here, and no such specialized analysis is presented, justifying an order in favor of the City.  "[A]n ultimate conclusion with no analysis is meaningless," and thus is not helpful to the factfinder.  (*Winters v. Fru-Con, Inc.* (7th Cir. 2007) 498 F.3d 734, 743.)  Again, Mr. King simply leaps to his unsupported, conclusory statements without any meaningful qualifications or substantiation.  Plaintiffs' rote restatement of Mr. King's deficient opinions fails to address critical failures in Mr. King's statements. Mr. King describes Lunada Bay as "unique" throughout his original declaration (See Dkt. No. 157-7, p. 5:23-27; p. 6:4-5, 14-16, 17-18; p. 7:1-6; p. 8:13-15), yet dubiously extrapolates population from beaches that he admits are completely different from Lunada Bay.

In sum, Plaintiffs fail to provide sufficient qualification or substantiation for the opinions set forth in both versions of the King Decl; moreover, such statements on hedonic damages are inadmissible, warranting the relief sought by the City.

## V.     CONCLUSION

The City respectfully requests that the Court grant its motion, and strike the King Decl. in its entirety.

Dated:  February 7, 2017                    KUTAK ROCK LLP


By: /s/ *Jacob Song*
Edwin J. Richards
Antoinette P. Hewitt
Jacob Song
Attorneys for Defendants

CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S REPLY IN SUPPORT OF
MOTION TO STRIKE THE DECLARATION OF PHILIP KING