1
2
3

**VEATCH CARLSON, LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

4   **ROBERT T. MACKEY, State Bar No. 210810**
    *rmackey@veatchfirm.com*
5   **RICHARD P. DIEFFENBACH, State Bar No. 102663**
    *rdieffenbach@veatchfirm.com*
6
    Attorneys for Defendant,
7   **BRANT BLAKEMAN**

8

9              **UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

11

12  CORY SPENCER, an individual;          )  **CASE NO.: 2:16-CV-02129-SJO-**
    DIANA MILENA REED, an individual;     )  **RAO**
13  and COASTAL PROTECTION             )  Assigned to Courtroom: 10C
    RANGERS, INC., a California non-profit )  The Hon. S. James Otero
14  public benefit corporation,            )
                                           )  Magistrate Judge:
15              Plaintiffs,                )  Hon. Rozella A. Oliver
                                           )
16        vs.                              )
                                           )
17  LUNADA BAY BOYS; THE                  )  **DEFENDANT BRANT**
    INDIVIDUAL MEMBERS OF THE             )  **BLAKEMAN'S PROPOSED**
18  LUNADA BAY BOYS, including but not    )  **PROTOCOL AND STIPULATION**
    limited to SANG LEE, BRANT            )  **FOR PROTECTIVE ORDER IN**
19  BLAKEMAN, ALAN JOHNSTON AKA           )  **COMPLIANCE WITH THE**
    JALIAN JOHNSTON, MICHAEL RAE          )  **COURT'S JANUARY 25, 2017**
20  PAPAYANS, ANGELO FERRARA,             )  **RULING**
    FRANK FERRARA, CHARLIE                )
21  FERRARA, and N.F.; CITY OF PALOS      )
    VERDES ESTATES; CHIEF OF              )
22  POLICE JEFF KEPLEY, in his            )  **Action Commenced:    3/29/2016**
    representative capacity; and DOES     )  **Trial Date:          11/7/2017**
23  1-10,                                 )
                                           )
24              Defendants.               )
                                           )
25  _____      )

26        TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF

27  RECORD: Defendant Brant Blakeman hereby submits his proposed protocol for

28  production of the Photographs and Videos as requested in Categories 12, 13, 39, and 40

of Plaintiffs' First Request for Production.

PRELIMINARY STATEMENT:

On January 25, 2017, Defendant Brant Blakeman's Motions to compel further interrogatory answers and to compel production of documents, and Plaintiffs' Motion to compel production, were heard by Magistrate Judge Hon. Rozella A Oliver. A transcript of the hearing is attached as Exhibit A. This filing addresses Blakeman's production of Photos and Videos as requested by Plaintiffs' Motion. The court directed Mr. Blakeman's counsel to review the memory cards to determine the appropriate materials requested which were within the time frame and subject matter of the Plaintiffs' requests and to devise a means of producing the requested materials, preserving all other information on the memory cards.

The parties were directed to meet and confer as to a protocol for production of photos and videos in Blakeman's possession. (See transcript, Exhibit A, page 47, line 7 through page 48, line 10). A series of telephone and email conferences resulted in each side proposing a protocol. Agreement as to the third party vendor was reached, but no agreement as to the scope of the assignment for the third Party vendor could be reached. A fundamental difference exists in the partes' view of what is or is not to be produced pursuant to the request for "all photos" and "all videos" of Lunada Bay or surfers at the Bay. Attached hereto as Exhibits A and B are Mr. Blakeman's Proposed protocol and Proposed Protective Order and Stipulation.

DATED: February 24, 2017                        **VEATCH CARLSON, LLP**

                                                       /S/
                               By: _____
                                         **ROBERT T. MACKEY**
                                         **RICHARD P. DIEFFENBACH**
                                         **JOHN P. WORGUL**
                                         Attorneys for **BRANT BLAKEMAN**

DATED: February 24, 2017                        **BUCHALTER**

                                                       /S/
                               By: _____
                                         **ROBERT S. COOPER**
                                         Attorneys for Defendant
                                         **BRANT BLAKEMAN**

# EXHIBIT A

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA  90017
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

ROBERT T. MACKEY, State Bar No. 210810
rmackey@veatchfirm.com
PETER H. CROSSIN, State Bar No. 163189
pcrossin@veatchfirm.com
RICHARD P. DIEFFENBACH, State Bar No. 102663
rdieffenbach@veatchfirm.com
JOHN P. WORGUL .  State Bar No. 259150
jworgul@veatchfirm.com

BUCHALTER
1000 WILSHIRE BOULEVARD
15TH FLOOR
LOS ANGELES 90017
TELEPHONE (213)-891 0700

ROBERT S. COOPER, State Bar No. 158878
RCOOPER@BUCHALTER.COM

Attorneys for Defendant, BRANT BLAKEMAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>        Plaintiffs,<br><br>        v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**[PROPOSED]**<br>**ORDER REGARDING PLAINTIFFS'**<br>**MOTION TO COMPEL**<br>**PRODUCTION BY DEFENDANT**<br>**BRANT BLAKEMAN**<br><br>Hon. Rozella A. Oliver<br><br>Complaint Filed:   March 29, 2016<br>Trial Date:        November 7, 2017 |

BLAKEMAN, ALAN JOHNSTON
AKA JALIAN JOHNSTON,
MICHAEL RAE PAPAYANS,
ANGELO FERRARA, FRANK
FERRARA, CHARLIE FERRARA,
and N. F.; CITY OF PALOS
VERDES ESTATES; CHIEF OF
POLICE JEFF KEPLEY, in his
representative capacity; and DOES
1-10,

Defendants.

On January 25, 2017, in conjunction with Plaintiffs' motion to compel production by Defendant Brant Blakeman, this Court ordered the parties to submit a joint proposed order identifying the third-party forensic expert and setting forth a review protocol pertaining to the review and production of Defendant Blakeman's videos that are responsive to Document Request Nos. 12, 13, 39 and 40.  Accordingly, the Parties stipulate and the Court orders as follows:

1.    Defendant Blakeman has selected San Diego Digital Forensics as the third-party forensic expert.  Plaintiffs do not oppose Defendant's selection.  The parties agree that San Diego Digital Forensics  shall execute Exhibit A to the Court's Protective Order.

2.    The review protocol will proceed as follows:

a)    Defendant Blakeman or his counsel will provide all memory cards that may contain responsive data to San Diego Digital Forensics within  (10) business days of the date this order is signed.  Blakeman will identify the files consisting of photographs and videos within the date range of December of 2013 until present to the San Diego Digital Forensics .  San Diego Digital Forensics  shall create at least two (2) forensically-sound copies of the photographs and videos and return the original memory cards

1 | to counsel for Defendant Blakeman.

2 |     b)    Defendant Blakeman agrees to cooperate as necessary
3 | with San Diego Digital Forensics to the extent reasonably necessary to
4 | retrieve the relevant data.

5 |     c)    After all videos and photographs are recovered from the
6 | memory cards and two (2) forensically-sound copies are created by San
7 | Diego Digital Forensics , San Diego Digital Forensics  will provide all
8 | extracted photographs and videos to Defendant Blakeman's counsel in a
9 | reviewable format consistent with Fed. R. Civ. P. 34(a)(1)(A) and Fed. R.
10 | Civ. P. 34(b)(2)(E)(ii) so that the photographs and videos are produced in a
11 | "reasonably useable form."

12 |     d)    Defendant Blakeman's counsel will have ten (10) business
13 | days to review the information and designate information as responsive to
14 | Request for Production Nos. 12, 13, 39 and 40 according to the date and
15 | location restrictions indicated in this Court's January 25, 2017 Order.

16 |     e)    Defendant Blakeman's counsel will then inform San Diego
17 | Digital Forensics  of his responsive designations and San Diego Digital
18 | Forensics  will have five (5) business days to return a forensically sound
19 | copy of the designated information which shall only include photographs and
20 | videos and no other data, to counsel for Defendant Blakeman, who will then
21 | review the production and designate information "CONFIDENTIAL" pursuant
22 | to the Court's Protective Order.  This designation shall take place within one
23 | (5) business day of receipt of the designated production.  Defendant
24 | Blakeman's counsel will conduct this review and designation in a forensically
25 | sound manner that preserves the evidentiary integrity of the photographs
26 | and videos to be produced.

27 |     f)    Defendant Blakeman's counsel will then produce the
28 | responsive photographs and videos to Plaintiffs' counsel in reasonably

1  useable form the following business day.

2          g)      Plaintiff's counsel, or anyone acting on their behalf of

3  Plaintiff's counsel, will have no interaction  or communication with the vendor

4  at any time without the express written consent of Defendant's counsel or

5  the Court.

6          h)      Plaintiff's counsel will bear the cost of the third party

7  vendor.

8          IT IS SO STIPULATED.

9  DATED: February ___, 2017          HANSON BRIDGETT LLP

10

11                                       By:_____

12                                          KURT A. FRANKLIN
                                            SAMANTHA D. WOLFF
13                                          Attorneys for Plaintiffs
                                            CORY SPENCER, DIANA MILENA
14                                          REED, and COASTAL PROTECTION
                                            RANGERS, INC.

15  DATED: February ___, 2017          VEATCH CARLSON, LLP

16

17                                       By:_____

18                                          RICHARD P. DIEFFENBACH
                                            JOHN P. WORGUL
19                                          Attorneys for Defendant
                                            BRANT BLAKEMAN

20  DATED: February ___, 2017          BUCHALTER

21

22                                       By:_____

23                                          ROBERT S. COOPER
                                            Attorneys for Defendant
24                                          BRANT BLAKEMAN

25  IT IS SO ORDERED.

26
    DATED:
27
                                            HON. ROZELLA A. OLIVER
28                                          United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  VEATCH CARLSON, LLP
   A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
2  1055 WILSHIRE BOULEVARD, 11TH FLOOR
   LOS ANGELES, CALIFORNIA  90017
3  TELEPHONE (213) 381-2861
   FACSIMILE (213) 383-6370
4
5  ROBERT T. MACKEY, State Bar No. 210810
   rmackey@veatchfirm.com
6  PETER H. CROSSIN, State Bar No. 163189
   pcrossin@veatchfirm.com
7  RICHARD P. DIEFFENBACH, State Bar No. 102663
   rdieffenbach@veatchfirm.com
8  JOHN P. WORGUL .  State Bar No. 259150
   jworgul@veatchfirm.com
9
   BUCHALTER
10 1000 WILSHIRE BOULEVARD
   15TH FLOOR
11 LOS ANGELES 90017
   TELEPHONE (213)-891 0700
12
13 ROBERT S. COOPER, State Bar No. 158878
   RCOOPER@BUCHALTER.COM
14
15 Attorneys for Defendant, BRANT BLAKEMAN

16             UNITED STATES DISTRICT COURT

17      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

18
19 CORY SPENCER, an individual;        CASE NO. 2:16-cv-02129-SJO (RAOx)
   DIANA MILENA REED, an
20 individual; and COASTAL            **[PROPOSED]**
   PROTECTION RANGERS, INC., a       **ORDER REGARDING PLAINTIFFS'**
21 California non-profit public benefit **MOTION TO COMPEL**
   corporation,                       **PRODUCTION BY DEFENDANT**
22                                     **BRANT BLAKEMAN**
23            Plaintiffs,
                                       Hon. Rozella A. Oliver
24      v.
                                       Complaint Filed:   March 29, 2016
25                                     Trial Date:        November 7, 2017
   LUNADA BAY BOYS; THE
26 INDIVIDUAL MEMBERS OF THE
   LUNADA BAY BOYS, including but
27 not limited to SANG LEE, BRANT
28

13165246.1
                                   -1-              2:16-cv-02129-SJO (RAOx)
   [PROPOSED] ORDER RE: PLTFS.' MOT. TO COMPEL PRODUCTION BY DEF. BLAKEMAN

# EXHIBIT B

1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 10 CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, | CASE NO. 2:16-cv-02129-SJO (RAOx) |

CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,

CASE NO. 2:16-cv-02129-SJO (RAOx)

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Hon. Rozella A. Oliver

Plaintiffs,

v.

LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,

Defendants.

Complaint Filed:    March 29, 2016
Trial Date:        November 7, 2017

1. A.    <u>PURPOSE AND LIMITATIONS</u>.

On January 25, 2017, the Court granted-in part and denied in part Plaintiff Cory Spencer's Motion to Compel Production of Documents. Document Request 12, 13, 39, and 40 were at issue.  Document Request 12 seeks "[a]ny and all photos of Lunda Bay.  Document Request 13 seeks "[a]ny and all videos of Lunada Bay.  Document Request 39 seeks "[a]ny and all photos of people surfing Lunda Bay.  Document Request 40 seeks "[a]ny and all videos of people surfing Lunada Bay."

The order provided:

> Defendant is ordered to produce all responsive documents from December 2013 to the present with respect to these four requests pursuant to the following procedure.[3] By **February 3, 2017**, the parties are ordered to meet and confer regarding: (1) selection of a third-party forensic examiner or expert; (2) a review protocol that includes the procedure that the third-party forensic expert will follow in conducting its work, the procedure and timeline for Defendant to review the videos for responsiveness and privilege, and the procedure and timeline for responsive videos to be produced to Plaintiffs; and (3) a protective order.

(Dkt. No. 212.)  Foot note 3 of the Order provided "[p]laintiffs have agreed to limit the geographic scope of these requests, as stated in Plaintiffs' counsel's December 13, 2016 email. (*See* Joint Stip. at 23, Ex. 1-o.)

B.    <u>GOOD CAUSE STATEMENT</u>.

The photographs and videos may contain information implicating privacy rights of third parties or information otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  The photographs and videos may also be intellectual property of Mr. Blakeman and afforded protections under state and federal intellectual property laws. Accordingly, to expedite the flow of information, to facilitate

13166043.1

-2-                      2:16-cv-02129-SJO (RAOx)

[PROPOSED] PROTECTIVE ORDER

1  the prompt resolution of disputes over confidentiality of discovery materials,

2  to adequately protect information the parties are entitled to keep confidential,

3  to ensure that the parties are permitted reasonable necessary uses of such

4  material in preparation for and in the conduct of trial, to address their

5  handling at the end of the litigation, and serve the ends of justice, a

6  protective order for such information is justified in this matter.  It is the intent

7  of the parties that information will not be designated as confidential for

8  tactical reasons and that nothing be so designated without a good faith belief

9  that it has been maintained in a confidential, non-public manner, and there is

10  good cause why it should not be part of the public record of this case.

11      C.    ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER

12            SEAL.

13      The parties further acknowledge, as set forth in Section 12.3, below,

14  that this Stipulated Protective Order does not entitle them to file confidential

15  information under seal; Local Civil Rule 79-5 sets forth the procedures that

16  must be followed and the standards that will be applied when a party seeks

17  permission from the court to file material under seal.

18      There is a strong presumption that the public has a right of access to

19  judicial proceedings and records in civil cases.  In connection with non-

20  dispositive motions, good cause must be shown to support a filing under

21  seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176

22  (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th

23  Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D.

24  Wis. 1999) (even stipulated protective orders require good cause showing),

25  and a specific showing of good cause or compelling reasons with proper

26  evidentiary support and legal justification, must be made with respect to

27  Protected Material that a party seeks to file under seal.  The parties' mere

28  designation of Disclosure or Discovery Material as CONFIDENTIAL does

1  not—without the submission of competent evidence by declaration,
2  establishing that the material sought to be filed under seal qualifies as
3  confidential, privileged, or otherwise protectable—constitute good cause.
4      Further, if a party requests sealing related to a dispositive motion or
5  trial, then compelling reasons, not only good cause, for the sealing must be
6  shown, and the relief sought shall be narrowly tailored to serve the specific
7  interest to be protected.  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d
8  665, 677-79 (9th Cir. 2010).  For each item or type of information, document,
9  or thing sought to be filed or introduced under seal in connection with a
10  dispositive motion or trial, the party seeking protection must articulate
11  compelling reasons, supported by specific facts and legal justification, for the
12  requested sealing order.  Again, competent evidence supporting the
13  application to file documents under seal must be provided by declaration.
14  2. <u>DEFINITIONS</u>.
15      2.1 Action: *Cory Spencer, et al. vs. Lunada Bay Boys, et al.*, Case No.
16  2:16-cv-02129-SJO (RAOx).
17      2.2 Challenging Party:  a Party or Non-Party that challenges the
18  designation of information or items under this Order.
19      2.3 "CONFIDENTIAL" Information or Items:  information (regardless of
20  how it is generated, stored or maintained) or tangible things that qualify for
21  protection under Federal Rule of Civil Procedure 26(c), and as specified
22  above in the Good Cause Statement.
23      2.4 Counsel:  Outside Counsel of Record and House Counsel (as well as
24  their support staff).
25      2.5 Designating Party:  a Party or Non-Party that designates information
26  or items that it produces in disclosures or in responses to discovery as
27  "CONFIDENTIAL."
28      2.6 Disclosure or Discovery Material:  all items or information,

1  regardless of the medium or manner in which it is generated, stored, or
2  maintained (including, among other things, testimony, transcripts, and
3  tangible things), that are produced or generated in disclosures or responses
4  to discovery in this matter.

5      2.7 Expert:  a person with specialized knowledge or experience in a
6  matter pertinent to the litigation who has been retained by a Party or its
7  counsel to serve as an expert witness or as a consultant in this Action.  This
8  definition shall include any "third party vendors" who's expertise in data
9  extraction from electronic media is used by any party for purposes of
10  compliance with this Court's January 25, 2017 Order.

11      2.8 House Counsel:  attorneys who are employees of a party to this
12  Action.  House Counsel does not include Outside Counsel of Record or any
13  other outside counsel.

14      2.9 Non-Party:  any natural person, partnership, corporation,
15  association or other legal entity not named as a Party to this action.

16      2.10 Outside Counsel of Record:  attorneys who are not employees of
17  a party to this Action but are retained to represent or advise a party to this
18  Action and have appeared in this Action on behalf of that party or are
19  affiliated with a law firm that has appeared on behalf of that party, and
20  includes support staff.

21      2.11 Party:  any party to this Action, including all of its officers,
22  directors, employees, consultants, retained experts, and Outside Counsel of
23  Record (and their support staffs).

24      2.12 Producing Party:  a Party or Non-Party that produces Disclosure
25  or Discovery Material in this Action.

26      2.13 Professional Vendors:  persons or entities that provide litigation
27  support services (e.g., photocopying, videotaping, translating, preparing
28  exhibits or demonstrations, and organizing, storing, or retrieving data in any

1 form or medium) and their employees and subcontractors.

2     2.14 Protected Material: any Disclosure or Discovery Material that is
3 designated as "CONFIDENTIAL."

4     2.15 Receiving Party: a Party that receives Disclosure or Discovery
5 Material from a Producing Party.

6 3.    SCOPE.

7     The protections conferred by this Stipulation and Order cover not only
8 Protected Material (as defined above), but also (1) any information copied or
9 extracted from Protected Material; (2) all copies, excerpts, summaries, or
10 compilations of Protected Material; and (3) any testimony, conversations, or
11 presentations by Parties or their Counsel that might reveal Protected
12 Material.

13     Any use of Protected Material at trial shall be governed by the orders
14 of the trial judge. This Order does not govern the use of Protected Material
15 at trial.

16 4.    DURATION.

17     Once a case proceeds to trial, information that was designated as
18 CONFIDENTIAL or maintained pursuant to this protective order used or
19 introduced as an exhibit at trial becomes public and will be presumptively
20 available to all members of the public, including the press, unless compelling
21 reasons supported by specific factual findings to proceed otherwise are
22 made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at
23 1180-81 (distinguishing "good cause" showing for sealing documents
24 produced in discovery from "compelling reasons" standard when merits-
25 related documents are part of court record). Accordingly, the terms of this
26 protective order do not extend beyond the commencement of the trial

27 5.    DESIGNATING PROTECTED MATERIAL.

28     5.1 Exercise of Restraint and Care in Designating Material for

13166043.1

2:16-cv-02129-SJO (RAOx)

[PROPOSED] PROTECTIVE ORDER

1  Protection. Each Party or Non-Party that designates information or items for
2  protection under this Order must take care to limit any such designation to
3  specific material that qualifies under the appropriate standards.  The
4  Designating Party must designate for protection only those parts of material,
5  documents, items or oral or written communications that qualify so that other
6  portions of the material, documents, items or communications for which
7  protection is not warranted are not swept unjustifiably within the ambit of this
8  Order.

9       Mass, indiscriminate or routinized designations are prohibited.
10  Designations that are shown to be clearly unjustified or that have been made
11  for an improper purpose (e.g., to unnecessarily encumber the case
12  development process or to impose unnecessary expenses and burdens on
13  other parties) may expose the Designating Party to sanctions.

14       If it comes to a Designating Party's attention that information or items
15  that it designated for protection do not qualify for protection, that Designating
16  Party must promptly notify all other Parties that it is withdrawing the
17  inapplicable designation.

18       5.2 Manner and Timing of Designations.  Except as otherwise provided
19  in this Order (see, e.g., second paragraph of section 5.2(a) below), or as
20  otherwise stipulated or ordered, Disclosure or Discovery Material that
21  qualifies for protection under this Order must be clearly so designated before
22  the material is disclosed or produced.

23       Designation in conformity with this Order requires:

24       (a) for information in documentary form (e.g., paper or electronic
25  documents, but excluding transcripts of depositions or other pretrial or trial
26  proceedings), that the Producing Party affix at a minimum, the legend
27  "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that
28  contains protected material.  If only a portion of the material on a page

1 | qualifies for protection, the Producing Party also must clearly identify the
2 | protected portion(s) (e.g., by making appropriate markings in the margins).
3 |      A Party or Non-Party that makes original documents available for
4 | inspection need not designate them for protection until after the inspecting
5 | Party has indicated which documents it would like copied and produced.
6 | During the inspection and before the designation, all of the material made
7 | available for inspection shall be deemed "CONFIDENTIAL."  After the
8 | inspecting Party has identified the documents it wants copied and produced,
9 | the Producing Party must determine which documents, or portions thereof,
10 | qualify for protection under this Order.  Then, before producing the specified
11 | documents, the Producing Party must affix the "CONFIDENTIAL legend" to
12 | each page that contains Protected Material.  If only a portion of the material
13 | on a page qualifies for protection, the Producing Party also must clearly
14 | identify the protected portion(s) (e.g., by making appropriate markings in the
15 | margins).
16 |      (b) for testimony given in depositions that the Designating Party
17 | identifies the Disclosure or Discovery Material on the record, before the
18 | close of the deposition all protected testimony.
19 |      (c) for information produced in some form other than documentary and
20 | for any other tangible items, that the Producing Party affix in a prominent
21 | place on the exterior of the container or containers in which the information
22 | is stored the legend "CONFIDENTIAL."  If only a portion or portions of the
23 | information warrants protection, the Producing Party, to the extent
24 | practicable, shall identify the protected portion(s).
25 |      5.3 Inadvertent Failures to Designate.  If timely corrected, an
26 | inadvertent failure to designate qualified information or items does not,
27 | standing alone, waive the Designating Party's right to secure protection
28 | under this Order for such material.  Upon timely correction of a designation,

-8-                    2:16-cv-02129-SJO (RAOx)

1  the Receiving Party must make reasonable efforts to assure that the

2  material is treated in accordance with the provisions of this Order.

3  6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS.

4       6.1 Timing of Challenges.  Any Party or Non-Party may challenge a

5  designation of confidentiality at any time that is consistent with the Court's

6  Scheduling Order.

7       6.2 Meet and Confer.  The Challenging Party shall initiate the dispute

8  resolution process under Local Rule 37.1 et seq.

9       6.3 The burden of persuasion in any such challenge proceeding shall be

10 on the Designating Party.  Frivolous challenges, and those made for an

11 improper purpose (e.g., to harass or impose unnecessary expenses and

12 burdens on other parties) may expose the Challenging Party to sanctions.

13 Unless the Designating Party has waived or withdrawn the confidentiality

14 designation, all parties shall continue to afford the material in question the

15 level of protection to which it is entitled under the Producing Party's

16 designation until the Court rules on the challenge.

17 7.   ACCESS TO AND USE OF PROTECTED MATERIAL.

18      7.1 Basic Principles.  A Receiving Party may use Protected Material that

19 is disclosed or produced by another Party or by a Non-Party in connection

20 with this Action only for prosecuting, defending or attempting to settle this

21 Action.  Such Protected Material may be disclosed only to the categories of

22 persons and under the conditions described in this Order.  When the Action

23 has been terminated, a Receiving Party must comply with the provisions of

24 section 13 below (FINAL DISPOSITION).

25      Protected Material must be stored and maintained by a Receiving Party

26 at a location and in a secure manner that ensures that access is limited to

27 the persons authorized under this Order.

28      7.2 Disclosure of "CONFIDENTIAL" Information or Items.  Unless

1  otherwise ordered by the court or permitted in writing by the Designating

2  Party, a Receiving Party may disclose any information or item designated

3  "CONFIDENTIAL" only to:

4      (a) the Receiving Party's Outside Counsel of Record in this Action, as

5  well as employees of said Outside Counsel of Record to whom it is

6  reasonably necessary to disclose the information for this Action;

7      (b) the officers, directors, and employees (including House Counsel) of

8  the Receiving Party to whom disclosure is reasonably necessary for this

9  Action;

10     (c) Experts (as defined in this Order) of the Receiving Party to whom

11 disclosure is reasonably necessary for this Action and who have signed the

12 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13     (d)    the court and its personnel;

14     (e)    court reporters and their staff;

15     (f)    professional jury or trial consultants, mock jurors, and

16 Professional Vendors to whom disclosure is reasonably necessary for this

17 Action and who have signed the "Acknowledgment and Agreement to Be

18 Bound" (Exhibit A);

19     (g) the author or recipient of a document containing the information or

20 a custodian or other person who otherwise possessed or knew the

21 information;

22     (h) during their depositions, witnesses, and attorneys for witnesses, in

23 the Action to whom disclosure is reasonably necessary provided: (1) the

24 deposing party requests that the witness sign the form attached as Exhibit 1

25 hereto; and (2) they will not be permitted to keep any confidential information

26 unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit

27 A), unless otherwise agreed by the Designating Party or ordered by the

28 court.  Pages of transcribed deposition testimony or exhibits to depositions

1   that reveal Protected Material may be separately bound by the court reporter

2   and may not be disclosed to anyone except as permitted under this

3   Stipulated Protective Order; and

4        (i) any mediator or settlement officer, and their supporting personnel,

5   mutually agreed upon by any of the parties engaged in settlement

6   discussions.

7   8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

8        IN OTHER LITIGATION.

9        If a Party is served with a subpoena or a court order issued in other

10  litigation that compels disclosure of any information or items designated in

11  this Action as "CONFIDENTIAL," that Party must:

12       (a) promptly notify in writing the Designating Party.  Such notification

13  shall include a copy of the subpoena or court order;

14       (b) promptly notify in writing the party who caused the subpoena or

15  order to issue in the other litigation that some or all of the material covered

16  by the subpoena or order is subject to this Protective Order.  Such

17  notification shall include a copy of this Stipulated Protective Order; and

18       (c) cooperate with respect to all reasonable procedures sought to be

19  pursued by the Designating Party whose Protected Material may be

20  affected.

21       If the Designating Party timely seeks a protective order, the Party

22  served with the subpoena or court order shall not produce any information

23  designated in this action as "CONFIDENTIAL" before a determination by the

24  court from which the subpoena or order issued, unless the Party has

25  obtained the Designating Party's permission.  The Designating Party shall

26  bear the burden and expense of seeking protection in that court of its

27  confidential material and nothing in these provisions should be construed as

28  authorizing or encouraging a Receiving Party in this Action to disobey a

1  lawful directive from another court.

2  9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

3       PRODUCED IN THIS LITIGATION.

4       The terms of this Order are applicable to information produced by a

5  Non-Party in this Action and designated as "CONFIDENTIAL." Such

6  information produced by Non-Parties in connection with this litigation is

7  protected by the remedies and relief provided by this Order.  Nothing in

8  these provisions should be construed as prohibiting a Non-Party from

9  seeking additional protections.

10      In the event that a Party is required, by a valid discovery request, to

11  produce a Non-Party's confidential information in its possession, and the

12  Party is subject to an agreement with the Non-Party not to produce the Non-

13  Party's confidential information, then the Party shall:

14      (1) promptly notify in writing the Requesting Party and the Non-Party

15  that some or all of the information requested is subject to a confidentiality

16  agreement with a Non-Party;

17      (2) promptly provide the Non-Party with a copy of the Stipulated

18  Protective Order in this Action, the relevant discovery request(s), and a

19  reasonably specific description of the information requested; and

20      (3) make the information requested available for inspection by the

21  Non-Party, if requested.

22      If the Non-Party fails to seek a protective order from this court within 14

23  days of receiving the notice and accompanying information, the Receiving

24  Party may produce the Non-Party's confidential information responsive to

25  the discovery request.  If the Non-Party timely seeks a protective order, the

26  Receiving Party shall not produce any information in its possession or

27  control that is subject to the confidentiality agreement with the Non-Party

28  before a determination by the court.  Absent a court order to the contrary,

1  the Non-Party shall bear the burden and expense of seeking protection in
2  this court of its Protected Material.

3  10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

4      If a Receiving Party learns that, by inadvertence or otherwise, it has
5  disclosed Protected Material to any person or in any circumstance not
6  authorized under this Stipulated Protective Order, the Receiving Party must
7  immediately (a) notify in writing the Designating Party of the unauthorized
8  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the
9  Protected Material, (c) inform the person or persons to whom unauthorized
10 disclosures were made of all the terms of this Order, and (d) request such
11 person or persons to execute the "Acknowledgment and Agreement to Be
12 Bound" that is attached hereto as Exhibit A.

13 11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
14      PROTECTED MATERIAL.

15     When a Producing Party gives notice to Receiving Parties that certain
16 inadvertently produced material is subject to a claim of privilege or other
17 protection, the obligations of the Receiving Parties are those set forth in
18 Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended
19 to modify whatever procedure may be established in an e-discovery order
20 that provides for production without prior privilege review.  Pursuant to
21 Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an
22 agreement on the effect of disclosure of a communication or information
23 covered by the attorney-client privilege or work product protection, the
24 parties may incorporate their agreement in the stipulated protective order
25 submitted to the court.

26 12.  MISCELLANEOUS.

27     12.1 Right to Further Relief.  Nothing in this Order abridges the right of
28 any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>.

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

1   papers, trial, deposition, and hearing transcripts, legal memoranda,

2   correspondence, deposition and trial exhibits, expert reports, attorney work

3   product, and consultant and expert work product, even if such materials

4   contain Protected Material.  Any such archival copies that contain or

5   constitute Protected Material remain subject to this Protective Order as set

6   forth in Section 4 (DURATION).

7   14.  VIOLATION.

8        Any violation of this Order may be punished by appropriate measures

9   including, without limitation, contempt proceedings and/or monetary

10  sanctions.

11

12  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13

14  DATED:  February 24, 2017          HANSON BRIDGETT LLP

15

16

17                                     By: /s/ Samantha Wolff
                                           KURT A. FRANKLIN
18                                         SAMANTHA D. WOLFF
                                           Attorneys for Plaintiffs
19                                         CORY SPENCER, DIANA MILENA
20                                         REED, and COASTAL PROTECTION
                                           RANGERS, INC.
21

22

23  DATED:  February ___, 2017         VEATCH CARLSON, LLC

24

25

26                                     By: _____
                                           RICHARD DIEFFENBACH
27                                         JOHN WORGUL
                                           Attorneys for Defendant
28                                         BRANT BLAKEMAN

[PROPOSED] PROTECTIVE ORDER

1

2  DATED: February ___, 2017          BUCHALTER

3

4                                     By:_____

5                                        ROBERT S. COOPER
                                         Attorneys for Defendant
6                                        BRANT BLAKEMAN

7

8  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

9  DATED:_____  _____

10                                      HON. ROZELLA A. OLIVER
                                        United States Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of
perjury that I have read in its entirety and understand the Stipulated
Protective Order that was issued by the United States District Court for the
Central District of California on [date] in the case of _____ [insert
formal name of the case and the number and initials assigned to it by the
court]. I agree to comply with and to be bound by all the terms of this
Stipulated Protective Order and I understand and acknowledge that failure to
so comply could expose me to sanctions and punishment in the nature of
contempt. I solemnly promise that I will not disclose in any manner any
information or item that is subject to this Stipulated Protective Order to any
person or entity except in strict compliance with the provisions of this Order.
I further agree to submit to the jurisdiction of the United States District Court
for theCentral District of California for enforcing the terms of this Stipulated
Protective Order, even if such enforcement proceedings occur after
termination of this action. I hereby appoint _____
[print or type full name] of
_____ [print or type full address
and telephone number] as my California agent for service of process in
connection with this action or any proceedings related to enforcement of this
Stipulated Protective Order.
Date: _____
City and State where sworn and signed:
_____
Printed name: _____
Signature: _____