**VEATCH CARLSON, LLP**
A Partnership Including Professional Corporations
1055 Wilshire Blvd., 11th Floor
Los Angeles, California 90017
Telephone (213) 381-2861
Facsimile (213) 383-6370

ROBERT T. MACKEY, State Bar No. 210810
*rmackey@veatchfirm.com*
RICHARD P. DIEFFENBACH, State Bar No. 102663
*rdieffenbach@veatchfirm.com*
JOHN P. WORGUL, State Bar No. 259150
*jworgul@veatchfirm.com*

Attorneys for Defendant,
BRANT BLAKEMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs,<br>vs.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | **CASE NO.: 2:16-CV-02129-SJO-RAO**<br>**Hon. S. James Otero, Ctrm. 10C**<br><br>**Magistrate Judge:**<br>**Hon. Rozella A. Oliver**<br><br>**DECLARATION OF JOHN P. WORGUL**<br><br>DATE: MARCH 3, 2017<br>TIME: 11:00 A.M.<br>CTRM: 10C (Telephonic)<br><br>**Action Commenced:** 3/29/2016<br>**Discovery Cutoff:** 8/17/17<br>**Pretrial Conf.:** 10/23/17<br>**Trial Date:** 11/7/2017 |

**DECLARATION OF JOHN P. WORGUL**

# DECLATION OF JOHN P. WORGUL

I, John P. Worgul, declare that:

1. I am an attorney admitted in all State Courts of California, admitted in the United States District Court of the Central District of California, admitted in the United States District Court of the Southern District of California, registered to practice in front of the United States Patent and Trade Mark Office and an associate attorney at Veatch Carlson LLP, attorneys for Defendant Brant Blakeman (herein "Defendant"). I make this declaration relating to Plaintiffs failure to comply with this Court's January 25, 2017 Order. (See Dkt. No. 212.) I have personal knowledge of the following facts and if called upon to testify, would and could do so competently as follows. However, because this declaration is submitted for a limited purpose, it does not contain all information I know about the matter

2. On January 26, 2017 Defendant Brant Blakeman moved this Court to compel Plaintiffs to provide further information to contention interrogatories and production requests.

3. Attached hereto as Exhibit 1 is a true and correct copy of this Court's January 25, 2017 Order.

   a. The Order required Plaintiffs to identify in interrogatory responses witnesses by name, informing Defendant if the witness was represented by counsel and identify the counsel, and providing the witnesses contact information or stating unambiguously that the

      b. The Order required Plaintiffs to identify in responses to Request for Production of documents the by Bates Stamp Number or otherwise identify the documents particularly.

      c. The Order required Plaintiffs to serve the responses electronically on February 24, 2017, or to contact Defendant's counsel in the event there was some issue with this.

4. Plaintiffs' counsel did not contact my office or colleagues at any time before February 27, 2017 regarding the discovery responses required by the Court's Order.

5. Plaintiffs' counsel did not serve the discovery responses electronically on February 24, 2017.

6. On February 27, 2017 I sent a correspondence sent by facsimile to Plaintiffs' counsels' offices notifying them we had not received electronic service of the responses, providing them the Court's Order and portions of the transcript from the hearing where Plaintiffs' counsel indicated they would send the information electronically.  Attached hereto as Exhibit 2 is a true and correct copy of my February 27, 2017 correspondence.  The facsimile transmission sheet indicate all of Plaintiffs' counsels' offices had received the letter by approximately 9:06 AM on February 27, 2017.

7. At about 9:38 I received an email from Ann D. Ghiorso, secretary to Plaintiffs' counsel Kurt Franklin, indicating that his co-counsel had mailed the

discovery responses. Ms. Ghioriso sent "courtesy" copies of the Plaintiffs Supplemental Interrogatory Responses with the email.

8. Attached hereto as Exhibit 3 is a true and correct copy of this Plaintiff Cory Spencer's Supplemental Responses to Interrogatories, Set One, sent by email on February 27, 2017.

9. Attached hereto as Exhibit 4 is a true and correct copy of this Plaintiff Diana Milena Reed's Supplemental Response to Interrogatories, Set One, sent by email on February 27, 2017.

10. Attached hereto as Exhibit 5 is a true and correct copy of this Plaintiff Coastal Protection Ranger's Supplemental Response to Interrogatories, Set One, sent by email on February 27, 2017.

11. At about 11:22 AM I received an email from Plaintiffs' counsel Victor Otten with a hightail link to Plaintiff Cory Spencer's Supplemental Responses to Request for Production, Set One.

12. Attached hereto as Exhibit 6 is a true and correct copy of this Plaintiff Cory Spencer's Supplemental Response to Request for Production of Documents, Set One, sent by email on February 27, 2017.

13. Supplemental Responses to Request for Production, Set One, by Plaintiffs Diana Milena Reed and the Costal Protection Rangers were not received by our office electronically, nor by mail as of the signing of this declaration.

14. Attached hereto as Exhibit 7 is a true and correct copy of an email

chain between my offices and Plaintiff's counsels offices. It is in reverse chronological order. The email chain indicates the following:

    a. Plaintiffs' supplemental responses were sent by email on February 27, 2017 at 9:38 AM after I was required to inquire as to why they were not sent three days earlier.

    b. Mr. Dieffenbach, my colleague and co-counsel, inquired if Plaintiff's would agree to a telephonic conference as the Interrogatory responses did not contain contact information for the witnesses.

    c. Plaintiff's counsel Victor Otten was confused as to the statements made by Mr. Dieffenbach.

    d. I informed Mr. Otten that Plaintiffs did not comply with the Court's order regarding service of the responses but also more specifically the responses did not comply with providing contact information of the witnesses, identify if a witnesses was represented, and did not identify the documents responsive to Request for Production Numbers 3, 4, and 5 for Mr. Spencer's responses.

    e. Mr. Otten responded that he agreed the responses had deficiencies. He indicated more information would be provided.

    f. I responded that should Plaintiffs send further information we

would of course review it but did not understand why Plaintiffs were not complying with the Court's orders.   I requested that we have a telephonic hearing with the Court to address these issues.   This response in the email chain was made on February 28, 2017 at 4:25 PM.

 g. The email chain further indicates Counsel's agreement to the telephonic hearing set by this Court.

15. In a  separate email chain by Mr. Otten later created a new email chain.

16. Attached hereto as Exhibit 8 is a true and correct copy of an email chain between my offices and Plaintiff's counsels offices.   It is similar to Exhibit 7 accept regarding emails after 4:25 PM on February 28, 2017.  It contains two additional emails apart from the chain in Exhibit 7.  These additional emails were also sent on February 28, 2017.

 a. Mr. Otten started a new email chain and indicated Defendant would be receiving supplemental responses urging that the lack of compliance with the Court's Order not be the subject of hearing.   Mr. Otten appears to contend the reason for not providing witness information is allegedly due to Defendant being friends with such witnesses but that further information would be provided.

 b. In response I noted the difficulties we have had in obtaining information, the extensive time period Plaintiffs' counsel had to

6
**DECLARATION OF JOHN P. WORGUL**

comply with the Court's orders, and that there was a past history of promises from Mr. Otten to provide information that were not kept by him.

17. Plaintiffs recently had their motions for class certification denied. This is not a class action law suit. This law suit is a direct action by each named plaintiff against Defendant Blakeman

18. Defendant Blakeman has expressed his desire to pursue Rule 56 motions regarding the allegations made against him and to test Plaintiffs' alleged evidence supporting their allegations that he is a involved in gangs, drugs, assaults, batteries, intimidation, coercion, conspiracies, acts consisting of public nuisances, and acts of negligence.

19. Neither Plaintiffs Cory Spencer nor Diana Milena Reed, who have been deposed, appear to have any personal knowledge sufficient to support such claims and appear to hedge their claims now on a conspiracy based on other witnesses' personal knowledge.

20. Plaintiffs have been withholding witness information since October. Even after violating this Court's order, in light of hearing being set for tomorrow, and Mr. Otten indicating further information would be provided, no such information is provided to date.

21. Currently, the responses to interrogatories provided incorporate unnamed persons, which would appear to violate the Court's order.

22. Currently, the response to the interrogatories that include named persons do not include such persons contact information or an indication that such information is not in Plaintiffs' possession.

23. The interrogatory responses provided by the Plaintiffs are nearly identical to the ones that were at issue at the time of this Court's January 25, 2017 hearing.

24. Currently, the responses to the Request for Production for Plaintiff Cory Spencer do not identify documents related to Request Numbers 3, 4, and 5.

25. No Supplemental Response to the Request for Production of Documents have been provided by Plaintffs Diana Milena Reed or Coastal Protection Rangers.

26. Defendant has become accustomed to the false promises by Mr. Otten and Plaintiffs to provide information. Defendants only resort for relief from this conduct has been to seek Court intervention.

27. Mr. Otten and Plaintiffs previously violated this Court's orders in complying with timely briefing. They now appear to violate this Court's orders with timely producing information in discovery.

28. Failing to provide information is greatly prejudicing Defendant Blakeman. There is a looming discovery cut off and motion cut off. At this time we expected to be able to issue subpoenas for documents and to depose persons. We are denied that ability.

29. At this time we ask that the Court provide an appropriate remedy for this conduct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on March 2, 2017, in Los Angeles, California.

<u>/s/ John P. Worgul</u>

JOHN P. WORGUL