EXHIBIT "2"

**V**EATCH **C**ARLSON, LLP

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

1055 Wilshire Boulevard, 11ᵗʰ Floor, Los Angeles, California 90017-2444
Telephone (213) 381-2861 Facsimile (213) 383-6370

February 27, 2017

**SENT VIA FACSIMILE AND EMAIL**

Kurt A. Franklin, Esq.
Tyson Shower, Esq.
Samantha Wolff, Esq.
Caroline Lee, Esq.
HANSON BRIDGETT, LLP
425 Market Street, 26ᵗʰ Floor
San Francisco, CA 94105
Facsimile: (415) 541-9366
Facsimile: (916)442-2348

Victor Otten, Esq.
Kavita Tekchandani, Esq.
OTTEN LAW, PC
3620 Pacific Coast Hwy, #100
Torrance, CA 90505
Facsimile: (310) 347-4225

Re:   **SPENCER, CORY v. LUNADA BAY BOYS**

| | | |
|---|---|---|
| Date of Loss | : | 04/14/16 |
| Our File No. | : | 010-08018. |

Dear Counsel:

I write regarding the interrogatories and production demand that Plaintiffs were ordered to further respond to by February 24, 2017.  As discussed at the hearing on January 25, 2017 we desired to have the responses sent in the most expeditious manner, which would be electronically.  (See Exhibit A.)  The Court's Order required the further response to be sent electronically and at foot note 2 also stated "[t]o the extent there are issues with producing responses or documents electronically by February 24, 2017, Plaintiffs shall timely inform Defendant's counsel. "  (Exhibit B.)

This past Friday I did not receive any documentation related to the further responses. I have not received any correspondence indicating there were any issues with Plaintiffs producing the responses or documents electronically.

As you are likely aware Plaintiffs' class certification motion was denied.  This matter remains only a direct action by the three Plaintiffs against Mr. Blakeman and the various other defendants.  There appears to be little to no merit in such claims against Mr. Blakeman and the claims made against him greatly distress him.

Notably, the evidence provided to date in discovery does not support the claims made by the three plaintiffs against Mr. Blakeman.  Mr. Spencer's testimony reveals he was not touched or talked to by Mr. Blakeman. The most he can claim is that Mr. Blakeman encroached on his ability to catch waves when he and Mr. Blakeman were competing for the same waves to ride.  Ms. Reed's

Exhibit 2 - Page 00013

February 27, 2017
Page  2

testimony reveals no more than she was video taped in public by Mr. Blakeman.  One can only wonder how Costal Protection Rangers can support its claims that it was assaulted, battered, suffered violations of the Bane Act, or suffered some harm from alleged negligence.   There appears to be little to no probable cause to continue to prosecute this action against Mr. Blakeman.

The discovery sent to the Plaintiffs was done to determine what people and documents support the Plaintiffs specious claims. Plaintiffs should have provided candid response in October of 2016 but minimally should be complying with the Court's orders and have produced such information this past Friday.   We have continually informed you that we desire to pursue Rule 56 motions as well as investigate whether Rule 11 motions are appropriate regarding the claims against Mr. Blakeman.

Delay is again serving to prejudice Mr. Blakeman and benefiting Plaintiffs.  We desire to have the information to subpoena documents and witnesses.  We desire to know what documents allegedly support the specious claims against Mr. Blakeman. We desire to vindicate Mr. Blakeman as soon as possible by way of dispositive motions.  This can only be done by testing Plaintiffs claims against the evidence they allege supports them.  Plaintiffs again are thwarting the discovery process to avoid the exposure of the lack of evidence supporting their claims.

Please inform us of the status of the discovery response by the close of business today and what is occurring that they were not sent electronically this past Friday.  If we do not hear from you by the close of business we will assume Plaintiffs do not intend to comply with the Court's order, and will seek Court intervention.  If Court intervention is necessary we will seek all available remedies for Plaintiffs violating the Court's order.

Very truly yours,
VEATCH CARLSON

JOHN P. WORGUL

JPW;sg
cc: RTM; JPW; Robert Cooper

Exhibit 2 - Page 00014

# EXHIBIT A

Exhibit 2 - Page 00015

1

1                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
2                    WESTERN DIVISION - LOS ANGELES

3

4    CORY SPENCER, et al.,      )   Case No. CV 16-2129-SJO (RAOx)
                                )
5         Plaintiffs,           )   Los Angeles, California
                                )   Wednesday, January 25, 2017
6              v.               )   10:05 A.M. to 11:11 A.M.
                                )
7    LUNADA BAY BOYS, et al.,   )
                                )
8         Defendants.           )
     _____)

9

10

11

                         TRANSCRIPT OF PROCEEDINGS
12           BEFORE THE HONORABLE ROZELLA A. OLIVER,
                  UNITED STATES MAGISTRATE JUDGE.
13

14

15   Appearances:                See Page 2

16   Deputy Clerk:               Gay Roberson

17   Court Reporter:             Recorded; CourtSmart

18   Transcription Service:      JAMS Certified Transcription
                                 16000 Ventura Boulevard #1010
19                               Encino, California  91436
                                 (661) 609-4528
20

21

22

23

24
     Proceedings recorded by electronic sound recording;
25   transcript produced by transcription service.

Exhibit 2 - Page 00016

41

1   think?

2           MR. OTTEN:  I'm fine with 30 days.  I don't know

3   about the protective order one way or the other.

4           THE COURT:  Okay.  So 30 days will bring us to,

5   more or less, the 24th?

6           MR. OTTEN:  That's fine.

7           THE COURT:  Okay.

8           MR. WORGUL:  Your Honor, if I may?

9           THE COURT:  Yes.

10          MR. WORGUL:  And I do understand that Mr. Otten

11  alleges he has some lack of resources, although he has also

12  alleged that he's an appropriate class counsel on this case,

13  and he also has the backing of Hanson Bridgett, which is his

14  co-counsel, which has more than 150 attorneys.

15          So we've had issues where we are told we're getting

16  something on a certain date and it's coming from Mr. Otten,

17  and then it gets mailed from Sacramento, or it gets mailed

18  from San Francisco from Hanson Bridgett, and we just really

19  would like to avoid those delays.  We very much intend to

20  bring Rule 56 motions and want this evidence, ultimately, to

21  do that and to do that expeditiously.

22          So for this compliance, amazingly we're able to

23  e-mail ourselves a lot of things, but when it comes to

24  getting discovery, it gets popped in the mail, gets sent on a

25  Friday and doesn't get stamped until a Saturday on a holiday

Exhibit 2 - Page 00017

```
 1    weekend, or something like that.  We'd really like to avoid
 2    those delays in having information produced.  So maybe the
 3    best thing would be that all the parties are ordered to make
 4    an effort that the information is actually produced and made
 5    available to the party on that day.
 6              THE COURT:  Mr. Otten, and I did notice that there
 7    was -- the supplemental responses were mailed.  Any -- is
 8    there a reason why they can't also be electronically sent?
 9              MR. OTTEN:  The only concern I would be is if the
10    files are too big, but I don't have a problem doing
11    electronically if they want me to do that on the 24th.
12              THE COURT:  I think -- I mean, I think it is -- I
13    think it's helpful to receive it electronically.  I know that
14    sometimes the files might need to be scanned in smaller sizes
15    or compartments --
16              MR. OTTEN:  Yeah --
17              THE COURT:  -- to enable the transmission, but I do
18    think that that is -- I think it's an appropriate courtesy to
19    extend in this day and age when we all, I think, communicate
20    and rely so heavily on electronic communication.
21              MR. OTTEN:  And likewise, I would request that when
22    you have more than one lawyer working on something that
23    communications are sent to every lawyer, especially lawyers
24    in your own office who are counsel of record.
25              THE COURT:  All right.  So with respect to the
```

Exhibit 2 - Page 00018

```
 1   production by mail, but additionally for Mr. Cooper, for
 2   Mr. Worgul, to make sure that that also simultaneously or
 3   contemporaneously occurs electronically or if there's some
 4   difficulty technical error to at least --
 5          MR. WORGUL:  To do messenger or something.
 6   Something to make sure it's timely provided.
 7          THE COURT:  Right.  Well, I mean, messengers can be
 8   expensive, but at least to let the other party know "We're
 9   attempting" -- "We've mailed it.  We're attempting to" --
10   "There's been some difficulties.  Do you want to send your
11   own messenger over?" -- et cetera, et cetera.
12          MR. COOPER:  That's fine, Your Honor, and
13   agreeable, and I routinely enter into stipulations that
14   everything can be electronically served in cases.  So I have
15   no problem with it.
16          THE COURT:  Okay.
17          All right.  Anything else, then, in terms of what
18   needs to be in the order?  It sounds like a new date that we
19   have is going to be February 24.
20          The -- just to help keep everybody on track, I
21   think that I will include in the order that the parties meet
22   and confer with respect to the details that need to be worked
23   out concerning the forensics, the search protocol, how to --
24   the process to follow with respect to anything that's
25   privileged or alleged to be nonresponsive.  So I'll just look
```

Exhibit 2 - Page 00019

# EXHIBIT B

Exhibit 2 - Page 00020

Case 2:16-cv-02129-SJO-RAO   Document 233-2   Filed 03/02/17   Page 10 of 16   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 212   Filed 01/25/17   Page 1 of 3   Page ID #:4365
#:4763

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 16-02129-SJO (RAOx)                    Date:  January 25, 2017
Title:     Cory Spencer, et al. v. Lunada Bay Boys, et al.

Present:      The Honorable  **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Gay Roberson | CS- 01/26/2017 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Victor J. Otten                              John Peter Worgul
                                             Robert Scott Cooper
                                             Tera A. Lutz
                                             Mark Fields

**Proceedings:**      (In Chambers) **ORDER RE: DEFENDANT BLAKEMAN'S MOTION
                     TO COMPEL DISCOVERY RESPONSES [150] AND PLAINTIFFS'
                     MOTION TO COMPEL PRODUCTION BY DEFENDANT
                     BLAKEMAN [183]**

        Before the Court are Defendant Brant Blakeman's ("Defendant's") Motion to Compel
Discovery Responses (Dkt. No. 150) and Plaintiffs Cory Spencer, Diana Milena Reed and
Coastal Protection Rangers, Inc.'s ("Plaintiffs'") Motion to Compel Production by Defendant
Blakeman (Dkt. No. 183).  The Court held a hearing for both motions on January 25, 2017.

**I.      Defendant Blakeman's Motion to Compel Discovery Responses**

        For the reasons stated on the record, Defendant's Motion to Compel Discovery
Responses is GRANTED-IN-PART and DENIED-IN-PART.

        A.  Interrogatory Nos. 1 through 12

        Plaintiffs are ordered to identify witnesses in response to Interrogatory Numbers 1
through 12.  For each interrogatory, Plaintiffs shall identify the responsive witnesses by name.
For each witness, Plaintiffs shall specify whether that witness is represented by Plaintiffs'
counsel, or, if Plaintiffs know, by other counsel.  For each witness, Plaintiffs shall provide
contact information for that witness or state unambiguously that Plaintiffs do not have contact
information for that witness.

---

Exhibit 2 - Page 00021

Case 2:16-cv-02129-SJO-RAO   Document 233-2   Filed 03/02/17   Page 11 of 16   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 212   Filed 01/25/17   Page 2 of 3   Page ID #:4366
#:4764

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 16-02129-SJO (RAOx)                    Date:   January 25, 2017
Title:       Cory Spencer, et al. v. Lunada Bay Boys, et al.

Defendant's motion is denied at this time to the extent it requests further responses to the interrogatories beyond what the Court has provided in this order.

    B.   Document Request Nos. 1 through 9[1]

Plaintiffs are ordered to produce all responsive documents in their possession, custody or control to Document Requests Nos. 1 through 9 by **February 24, 2017**. Also by February 24, 2017, for each request, Plaintiffs shall provide bates number ranges or otherwise identify with particularity the documents that are responsive to that request, including any documents that may have already been produced to Defendant. For each request, if Plaintiffs are withholding any responsive documents, Plaintiffs shall assert the objections pursuant to which Plaintiffs are withholding those documents. Plaintiffs shall provide a privilege log for any documents they are withholding based on privilege. Plaintiffs shall serve their supplemental responses to the interrogatories and document requests electronically.[2]

**II.   Plaintiffs' Motion to Compel Production by Defendant Blakeman**

For the reasons stated on the record, Plaintiffs' Motion to Compel Production by Defendant Blakeman is GRANTED-IN-PART and DENIED-IN-PART.

    A.   Document Request Nos. 1, 2, 8 and 9

Counsel for Defendant stated at the hearing that all responsive documents, if any, have been produced with respect to these four requests. The Court therefore DENIES as MOOT Plaintiffs' motion as to these four requests.

---

[1] Defendant did not move to compel further responses to Document Request Nos. 10 through 12. The Court notes that Plaintiffs responded that they are not presently aware of any responsive documents in their possession, custody or control with respect to these three requests.

[2] To the extent there are issues with producing responses or documents electronically by February 24, 2017, Plaintiffs shall timely inform Defendant's counsel.

Exhibit 2 - Page 00022

Case 2:16-cv-02129-SJO-RAO   Document 233-2   Filed 03/02/17   Page 12 of 16   Page ID
#:4765
Case 2:16-cv-02129-SJO-RAO   Document 212   Filed 01/25/17   Page 3 of 3   Page ID #:4367

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No.: | CV 16-02129-SJO (RAOx) | Date: | January 25, 2017 |
|---|---|---|---|
| Title: | Cory Spencer, et al. v. Lunada Bay Boys, et al. | | |

    B.  Document Request Nos. 12, 13, 39 and 40

Defendant is ordered to produce all responsive documents from December 2013 to the present with respect to these four requests pursuant to the following procedure.[3]  By **February 3, 2017**, the parties are ordered to meet and confer regarding: (1) selection of a third-party forensic examiner or expert; (2) a review protocol that includes the procedure that the third-party forensic expert will follow in conducting its work, the procedure and timeline for Defendant to review the videos for responsiveness and privilege, and the procedure and timeline for responsive videos to be produced to Plaintiffs; and (3) a protective order.

By **February 24, 2017**, the parties are ordered to submit a joint proposed order that includes the identity of the third-party forensic expert that the parties agreed upon and the review protocol.  Also by February 24, 2017, the parties are ordered to submit a joint proposed protective order.  If the parties cannot agree on either the proposed order or the protective order, each party shall submit their own proposed version of each for the Court to review.

Plaintiffs' motion is denied at this time to the extent it requests responsive documents prior to December 2013.

All parties' requests for sanctions for both motions are denied.

**The parties are directed to meet and confer in good faith to attempt to resolve any further discovery disputes.  If the parties are unable to reach a resolution about any disputes, they are directed to contact the Court's Courtroom Deputy Clerk to schedule a telephonic conference.**

    **IT IS SO ORDERED.**

|  | 1 | : | 07 |
|---|---|---|---|
| Initials of Preparer | | gr | |

---

[3] Plaintiffs have agreed to limit the geographic scope of these requests, as stated in Plaintiffs' counsel's December 13, 2016 email.  (*See* Joint Stip. at 23, Ex. 1-o.)

P 1

## TX Result Report

02.27.2017 08:56
Serial No. A121011014615

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 9P19164422348 | 02-27 08:53 | 00:03:11 | 011/011 | OK | |

Result   OK : Communication OK   S-OK : Stop Communication   Busy : Busy   No Ans : No Answer
         Cont : Continue   LOVR : Receiving Length Over   SOVR : Exceed Broadcast No.   M-Full : Memory Full
         NG : Other Error   IL-PJL : PJL Error   LGN-ER : Login Error

Note     TMR : Timer TX   PC : PC-Fax   POL : Polling   Call : Manual TX
         FWD : Forward   Fcode : F-Code   BUL : Bulletin   I-Fax : Internet Fax

---

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444
Telephone (213) 381-2861  Facsimile (213) 383-6370

February 27, 2017

**SENT VIA FACSIMILE AND EMAIL**

Kurt A. Franklin, Esq.
Tyson Shower, Esq.
Samantha Wolff, Esq.
Caroline Lee, Esq.
HANSON BRIDGETT, LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
Facsimile: (415) 541-9366
Facsimile: (916)442-2348

Victor Otten, Esq.
Kavita Tekchandani, Esq.
OTTEN LAW, PC
3620 Pacific Coast Hwy, #100
Torrance, CA 90505
Facsimile: (310) 347-4225

Re:   **SPENCER, CORY v. LUNADA BAY BOYS**
      Date of Loss        :    04/14/16
      Our File No.        :    010-08018.

Dear Counsel:

      I write regarding the interrogatories and production demand that Plaintiffs were ordered to further respond to by February 24, 2017.  As discussed at the hearing on January 25, 2017 we desired to have the responses sent in the most expeditious manner, which would be electronically.  (See Exhibit A.)  The Court's Order required the further response to be sent electronically and at foot note 2 also stated "[t]o the extent there are issues with producing responses or documents electronically by February 24, 2017, Plaintiffs shall timely inform Defendant's counsel. " (Exhibit B.)

      This past Friday I did not receive any documentation related to the further responses. I have not received any correspondence indicating there were any issues with Plaintiffs producing the responses or documents electronically.

      As you are likely aware Plaintiffs' class certification motion was denied.  This matter remains only a direct action by the three Plaintiffs against Mr. Blakeman and the various other defendants.  There appears to be little to no merit in such claims against Mr. Blakeman and the claims made against him greatly distress him.

      Notably, the evidence provided to date in discovery does not support the claims made by the three plaintiffs against Mr. Blakeman.  Mr. Spencer's testimony reveals he was not touched or talked to by Mr. Blakeman. The most he can claim is that Mr. Blakeman encroached on his ability to catch waves when he and Mr. Blakeman were competing for the same waves to ride.  Ms. Reed's

Exhibit 2 - Page 00024

P 1
02.27.2017 09:10
Serial No. A121011014615

## TX Result Report

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 9P14155419366 | 02-27 09:06 | 00:03:08 | 011/011 | OK | |

Result   OK : Communication OK  S-OK : Stop Communication  Busy : Busy  No Ans : No Answer
Cont : Continue  LOVR : Receiving Length Over  SOVR : Exceed Broadcast No.  M-Full : Memory Full
NG : Other Error  IL-PJL : PJL Error  LGN-ER : Login Error

Note   TMR : Timer TX  PC : PC-Fax  POL : Polling  Call : Manual TX
FWD : Forward  Fcode : F-Code  BUL : Bulletin  I-Fax : Internet Fax

## VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444
Telephone (213) 381-2861 Facsimile (213) 383-6370

February 27, 2017

**SENT VIA FACSIMILE AND EMAIL**

Kurt A. Franklin, Esq.
Tyson Shower, Esq.
Samantha Wolff, Esq.
Caroline Lee, Esq.
HANSON BRIDGETT, LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
Facsimile: (415) 541-9366
Facsimile: (916)442-2348

Victor Otten, Esq.
Kavita Tekchandani, Esq.
OTTEN LAW, PC
3620 Pacific Coast Hwy, #100
Torrance, CA 90505
Facsimile: (310) 347-4225

Re:  **SPENCER, CORY v. LUNADA BAY BOYS**
Date of Loss   :   04/14/16
Our File No.   :   010-08018.

Dear Counsel:

I write regarding the interrogatories and production demand that Plaintiffs were ordered to further respond to by February 24, 2017. As discussed at the hearing on January 25, 2017 we desired to have the responses sent in the most expeditious manner, which would be electronically. (See Exhibit A.) The Court's Order required the further response to be sent electronically and at foot note 2 also stated "[t]o the extent there are issues with producing responses or documents electronically by February 24, 2017, Plaintiffs shall timely inform Defendant's counsel. " (Exhibit B.)

This past Friday I did not receive any documentation related to the further responses. I have not received any correspondence indicating there were any issues with Plaintiffs producing responses or documents electronically.

As you are likely aware Plaintiffs' class certification motion was denied. This matter remains only a direct action by the three Plaintiffs against Mr. Blakeman and the various other defendants. There appears to be little to no merit in such claims against Mr. Blakeman and the claims made against him greatly distress him.

Notably, the evidence provided to date in discovery does not support the claims made by the three plaintiffs against Mr. Blakeman. Mr. Spencer's testimony reveals he was not touched or talked to by Mr. Blakeman. The most he can claim is that Mr. Blakeman encroached on his ability to catch waves when he and Mr. Blakeman were competing for the same waves to ride. Ms. Reed's

Exhibit 2 - Page 00025

## TX Result Report

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 9P13103474225 | 02-27 09:10 | 00:03:10 | 011/011 | OK | |

Result   OK : Communication OK   S-OK : Stop Communication   Busy : Busy   No Ans : No Answer
Cont : Continue   LOVR : Receiving Length Over   SOVR : Exceed Broadcast No.   M-Full : Memory Full
NG : Other Error   IL-PJL : PJL Error   LGN-ER : Login Error

Note   TMR : Timer TX   PC : PC-Fax   POL : Polling   Call : Manual TX
FWD : Forward   Fcode : F-Code   BUL : Bulletin   I-Fax : Internet Fax

VEATCH CARLSON, LLP   1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017-2444
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS   Telephone (213) 381-2861   Facsimile (213) 383-6370

February 27, 2017

**SENT VIA FACSIMILE AND EMAIL**

Kurt A. Franklin, Esq.                     Victor Otten, Esq.
Tyson Shower, Esq.                         Kavita Tekchandani, Esq.
Samantha Wolff, Esq.                       OTTEN LAW, PC
Caroline Lee, Esq.                         3620 Pacific Coast Hwy, #100
HANSON BRIDGETT, LLP                       Torrance, CA 90505
425 Market Street, 26th Floor              Facsimile: (310) 347-4225
San Francisco, CA 94105
Facsimile: (415) 541-9366
Facsimile: (916)442-2348

Re:   **SPENCER, CORY v. LUNADA BAY BOYS**
      Date of Loss        :   04/14/16
      Our File No.        :   010-08018.

Dear Counsel:

I write regarding the interrogatories and production demand that Plaintiffs were ordered to further respond to by February 24, 2017. As discussed at the hearing on January 25, 2017 we desired to have the responses sent in the most expeditious manner, which would be electronically. (See Exhibit A.) The Court's Order required the further response to be sent electronically and at foot note 2 also stated "[t]o the extent there are issues with producing responses or documents electronically by February 24, 2017, Plaintiffs shall timely inform Defendant's counsel. " (Exhibit B.)

This past Friday I did not receive any documentation related to the further responses. I have not received any correspondence indicating there were any issues with Plaintiffs producing the responses or documents electronically.

As you are likely aware Plaintiffs' class certification motion was denied. This matter remains only a direct action by the three Plaintiffs against Mr. Blakeman and the various other defendants. There appears to be little to no merit in such claims against Mr. Blakeman and the claims made against him greatly distress him.

Notably, the evidence provided to date in discovery does not support the claims made by the three plaintiffs against Mr. Blakeman. Mr. Spencer's testimony reveals he was not touched or talked to by Mr. Blakeman. The most he can claim is that Mr. Blakeman encroached on his ability to catch waves when he and Mr. Blakeman were competing for the same waves to ride. Ms. Reed's

Exhibit 2 - Page 00026

## TX Result Report

02.27.2017 09:21
Serial No.  A121011014615

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 9P12138960400 | 02-27 09:20 | 00:01:15 | 012/012 | OK | |

Result   OK : Communication OK   S-OK : Stop Communication   Busy : Busy   No Ans : No Answer
Cont : Continue   LOVR : Receiving Length Over   SOVR : Exceed Broadcast No.   M-Full : Memory Full
NG : Other Error   IL-PJL : PJL Error   LGN-ER : Login Error

Note   TMR : Timer TX   PC : PC-Fax   POL : Polling   Call : Manual TX
FWD : Forward   Fcode : F-Code   BUL : Bulletin   I-Fax : Internet Fax

*[handwritten]* TO CC: FAX w/HR pg. and ltr = 12 pgs

---

VEATCH CARLSON, LLP
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

1055 Wilshire Boulevard, 11th Floor, Los Angeles, California  90017-2444
Telephone (213) 381-2861  Facsimile (213) 383-6370

February 27, 2017

**SENT VIA FACSIMILE AND EMAIL**

Kurt A. Franklin, Esq.
Tyson Shower, Esq.
Samantha Wolff, Esq.
Caroline Lee, Esq.
HANSON BRIDGETT, LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
Facsimile: (415) 541-9366
Facsimile: (916) 442-2348

Victor Otten, Esq.
Kavita Tekchandani, Esq.
OTTEN LAW, PC
3620 Pacific Coast Hwy, #100
Torrance, CA 90505
Facsimile: (310) 347-4225

Re:   **SPENCER, CORY v. LUNADA BAY BOYS**
Date of Loss      :      04/14/16
Our File No.      :      010-08018.

Dear Counsel:

I write regarding the interrogatories and production demand that Plaintiffs were ordered to further respond to by February 24, 2017. As discussed at the hearing on January 25, 2017 we desired to have the responses sent in the most expeditious manner, which would be electronically. (See Exhibit A.) The Court's Order required the further response to be sent electronically and at foot note 2 also stated "[t]o the extent there are issues with producing responses or documents electronically by February 24, 2017, Plaintiffs shall timely inform Defendant's counsel. " (Exhibit B.)

This past Friday I did not receive any documentation related to the further responses. I have not received any correspondence indicating there were any issues with Plaintiffs producing the responses or documents electronically.

As you are likely aware Plaintiffs' class certification motion was denied. This matter remains only a direct action by the three Plaintiffs against Mr. Blakeman and the various other defendants. There appears to be little to no merit in such claims against Mr. Blakeman and the claims made against him greatly distress him.

Notably, the evidence provided to date in discovery does not support the claims made by the three plaintiffs against Mr. Blakeman. Mr. Spencer's testimony reveals he was not touched or talked to by Mr. Blakeman. The most he can claim is that Mr. Blakeman encroached on his ability to catch waves when he and Mr. Blakeman were competing for the same waves to ride. Ms. Reed's

Exhibit 2 - Page 00027