EXHIBIT "6"

HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
clee@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs CORY
SPENCER, DIANA MILENA REED,
and COASTAL PROTECTION
RANGERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, <br><br> Plaintiffs, | **CASE NO. 2:16-cv-02129-SJO (RAOx)** <br><br> **PLAINTIFF CORY SPENCER'S FURTHER SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN** |

12755168.1

1

2       v.

3    LUNADA BAY BOYS; THE
     INDIVIDUAL MEMBERS OF THE
4    LUNADA BAY BOYS, including,
     but not limited to, SANG LEE,
5    BRANT BLAKEMAN, ALAN
     JOHNSTON AKA JALIAN
6    JOHNSTON, MICHAEL RAE
7    PAPAYANS, ANGELO FERRARA,
     FRANK FERRARA, CHARLIE
8    FERRARA, and N. F.; CITY OF
     PALOS VERDES ESTATES;
9    CHIEF OF POLICE JEFF
10   KEPLEY, in his representative
     capacity; and DOES 1-10,
11

12

13              Defendants.

14

15   **PROPOUNDING PARTY:**      **Defendant BRANT BLAKEMAN**

16   **RESPONDING PARTY:**       **Plaintiff CORY SPENCER**

17   **SET NO.:**                **One**

18          Pursuant to Federal Rule of Civil Procedure 34, Plaintiff CORY

19   SPENCER ("Responding Party") submits these supplemental responses and

20   objections to Request for Production, Set One, propounded by Defendant

21   BRANT BLAKEMAN ("Propounding Party").

22                        **PRELIMINARY STATEMENT**

23          Nothing in this response should be construed as an admission by

24   Responding Party with respect to the admissibility or relevance of any fact or

25   document, or of the truth or accuracy of any characterization or statement of

26   any kind contained in Propounding Party's Request for Production.

27   Responding Party has not completed its investigation of the facts relating to

28   this case, its discovery or its preparation for trial. All responses and

                                              -2-        Case No. 2:16-cv-02129-SJO (RAOx)

1   objections contained herein are based only upon such information and such

2   documents that are presently available to and specifically known by

3   Responding Party. It is anticipated that further discovery, independent

4   investigation, legal research and analysis will supply additional facts and add

5   meaning to known facts, as well as establish entirely new factual

6   conclusions and legal contentions, all of which may lead to substantial

7   additions to, changes in and variations from the responses set forth herein.

8   The following objections and responses are made without prejudice to

9   Responding Party's right to produce at trial, or otherwise, evidence

10  regarding any subsequently discovered documents. Responding Party

11  accordingly reserves the right to modify and amend any and all responses

12  herein as research is completed and contentions are made.

13  **RESPONSES TO REQUEST FOR PRODUCTION**

14  **REQUEST FOR PRODUCTION NO. 1:**

15      Any and all DOCUMENTS that support your contention that any [sic]

16  BRANT BLAKEMAN participated in any way in the "commission of

17  enumerated 'predicate crimes'" as alleged in paragraph 5 of the Complaint.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

19      Responding Party objects to this request for production as premature.

20  Because this request for production necessarily relies upon a contention,

21  and because this matter is in its early stages and pretrial discovery has only

22  just begun, Responding Party is unable to provide a complete response at

23  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

24  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

25  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

26  at *1-2.

27      Responding Party further objects to this request on the grounds that it

28  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

-3-

1  with reasonable particularity each item or category of items to be inspected."

2  Propounding Party's request for production does not describe an item or

3  category of items with reasonable particularity.

4       Responding Party further objects to the extent that this request for

5  production invades attorney-client privilege and/or violates the work product

6  doctrine by compelling Responding Party to disclose privileged

7  communications and/or litigation strategy. Responding Party will not provide

8  any such information.

9       Responding Party believes that the information requested is

10  documented in photos, videos, text messages and emails some of which

11  have been destroyed or are being withheld by the Defendants in this case.

12       Subject to and without waiver of the foregoing objections, Responding

13  Party responds as follows:

14       Responding Party will produce all responsive documents within its

15  possession, custody, or control.

16  Phone Records:

17       Phone records produced by defendant Alan Johnston.

18  Email:

19       Records produced by defendant Sang Lee.

20  Police Reports:

21       PLTF0001-000316. (previously produced)

22       Palos Verdes Estates Police Department, Officer Report for Incident

23  16-0136, dated 1/29/16. CITY216-232. (previously produced)

24       Palos Verdes Estates Police Department, Officer Report for Incident

25  16-02164, dated 2/13/16. CITY 276-284; CITY2061-2086. (previously

26  produced)

27       Palos Verdes Estates Police Department, Officer Report for Incident

28  DR # 17-00587. (Plaintiffs are not in possession, custody or control)

-4-

Videos:

Video of Defendants Blakeman and Johnston harassing Dianna Reed. DFT.BB.00081-84.

Defendant Sang Lee and other Bay Boys caught on video.

https://www.theguardian.com/travel/video/2015/may/18/california-surf-wars-lunada-bay-localism-video. PLTF2054

Video of David Melo harassing Diana Milena Reed and Jordan Wright and attempting to block their access to public beach taken on 1/29/16. PLT001867.

Video of Lunada Bay locals harassing suffers at the 2014 MLK event. PLTF00210.

Video of Cassidy Beukema and Devon Demaria harassing suffers at the 2017 MLK event. PLTF00213.

Video of Cassidy Beukema and Devon Demaria harassing suffers at the 2017 MLK event. PLTF00214.

Peter McCollum assaults Jeff Hagins, John Hagins, Vietnam combat vet Mike Bernard and his son for surfing the public beach telling them, among other things, "you won't come back here again boy".

https://www.youtube.com/watch?v=J1Ms0ktOaZs

Defendant Michael Papayans - blocking access to the public beach: https://vimeo.com/88394493

Camplin Memorial Video parts 1-3 believed to be filmed by Mark Griep. PLT002030-32.

Video of Hank Harper. PLTF00226

Video of Joshua Berstein harassing Ken Claypool. PLTF2010.

Video of Zach Stafford intimidating Ken Claypool. PLTF00228.

Video of Lunada Locals. PLTF00211.

Photos:

12755168.1

Exhibit 6 - Page 00342

1  PLTF00230, PLTF00235, PLTF00235, PLTF00242, PLTF00249,

2  PLTF00250.

3  **REQUEST FOR PRODUCTION NO. 2:**

4      Any and all DOCUMENTS that support your contention in paragraph 7

5  of the Complaint that BRANT BLAKEMAN "is responsible in some manner

6  for the Bane Act violations and public nuisance described in the Complaint."

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

8      Responding Party objects to this request for production as premature.

9  Because this request for production necessarily relies upon a contention,

10  and because this matter is in its early stages and pretrial discovery has only

11  just begun, Responding Party is unable to provide a complete response at

12  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

13  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

14  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

15  at *1-2.

16      Responding Party further objects to this request on the grounds that it

17  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

18  with reasonable particularity each item or category of items to be inspected."

19  Propounding Party's request for production does not describe an item or

20  category of items with reasonable particularity.

21      Responding Party further objects to the extent that this request for

22  production invades attorney-client privilege and/or violates the work product

23  doctrine by compelling Responding Party to disclose privileged

24  communications and/or litigation strategy. Responding Party will not provide

25  any such information.

26      Responding Party believes that the information requested is

27  documented in photos, videos, text messages and emails some of which

28  have been destroyed or are being withheld by the Defendants in this case.

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

12755168.1

Exhibit 6 - Page 00343

1    Subject to and without waiver of the foregoing objections, Responding

2 Party responds as follows:

3    Responding Party will produce all responsive documents within its

4 possession, custody, or control.

5 Phone Records:

6    Phone records produced by defendant Alan Johnston.

7 Email:

8    Records produced by defendant Sang Lee.

9 Police Reports:

10    PLTF0001-000316. (previously produced)

11    Palos Verdes Estates Police Department, Officer Report for Incident

12 16-0136, dated 1/29/16. CITY216-232. (previously produced)

13    Palos Verdes Estates Police Department, Officer Report for Incident

14 16-02164, dated 2/13/16. CITY 276-284; CITY2061-2086. (previously

15 produced)

16    Palos Verdes Estates Police Department, Officer Report for Incident

17 DR # 17-00587. (Plaintiffs are not in possession, custody or control)

18    Videos:

19        Video of Defendants Blakeman and Johnston harassing Dianna

20 Reed. DFT.BB.00081-84.

21    Defendant Sang Lee and other Bay Boys caught on video.

22    https://www.theguardian.com/travel/video/2015/may/18/california-surf-

23 wars-lunada-bay-localism-video. PLTF2054

24    Video of David Melo harassing Diana Milena Reed and Jordan Wright

25 and attempting to block their access to public beach taken on 1/29/16.

26 PLT001867.

27    Video of Lunada Bay locals harassing suffers at the 2014 MLK event.

28 PLTF00210.

PLAINTIFF CORY SPENCER'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

Exhibit 6 - Page 00344

1    Video of Cassidy Beukema and Devon Demaria harassing suffers at

2    the 2017 MLK event. PLTF00213.

3    Video of Cassidy Beukema and Devon Demaria harassing suffers at

4    the 2017 MLK event. PLTF00214.

5    Peter McCollum assaults Jeff Hagins, John Hagins, Vietnam combat

6    vet Mike Bernard and his son for surfing the public beach telling them,

7    among other things, "you won't come back here again boy".

8    https://www.youtube.com/watch?v=J1Ms0ktOaZs

9    Defendant Michael Papayans - blocking access to the public beach:

10    https://vimeo.com/88394493

11    Camplin Memorial Video parts 1-3 believed to be filmed by Mark

12    Griep. PLT002030-32.

13    Video of Hank Harper. PLTF00226.

14    Video of Joshua Berstein harassing Ken Claypool. PLTF2010.

15    Video of Zach Stafford intimidating Ken Claypool. PLTF00228.

16    Video of Lunada Locals. PLTF00211.

17    Photos:

18    PLTF00230, PLTF00235, PLTF00235, PLTF00242, PLTF00249,

19    PLTF00250, PLTF 1868.

20    **REQUEST FOR PRODUCTION NO. 3:**

21    Any and all DOCUMENTS that support your contention in paragraph

22    18 of the Complaint that BRANT BLAKEMAN "sell[s] market[s] and use[s]

23    illegal controlled substances from the Lunada Bay Bluffs and the Rock Fort."

24    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

25    Responding Party objects to this request for production as premature.

26    Because this request for production necessarily relies upon a contention,

27    and because this matter is in its early stages and pretrial discovery has only

28    just begun, Responding Party is unable to provide a complete response at

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

Exhibit 6 - Page 00345

1   this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

2   *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

3   *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

4   at *1-2.

5       Responding Party further objects to this request on the grounds that it

6   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

7   with reasonable particularity each item or category of items to be inspected."

8   Propounding Party's request for production does not describe an item or

9   category of items with reasonable particularity.

10      Responding Party further objects to the extent that this request for

11  production invades attorney-client privilege and/or violates the work product

12  doctrine by compelling Responding Party to disclose privileged

13  communications and/or litigation strategy. Responding Party will not provide

14  any such information.

15      Responding Party believes that the information requested is

16  documented in photos, videos, text messages and emails some of which

17  have been destroyed or are being withheld by the Defendants in this case.

18      Subject to and without waiver of the foregoing objections, Responding

19  Party responds as follows:

20      Responding Party will produce all responsive documents within its

21  possession, custody, or control.

22  **REQUEST FOR PRODUCTION NO. 4:**

23      Any and all DOCUMENTS that support your contention in paragraph

24  18 of the Complaint that BRANT BLAKEMAN "impede[d] boat traffic" at any

25  time.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

27      Responding Party objects to this request for production as premature.

28  Because this request for production necessarily relies upon a contention,

-9-

Exhibit 6 - Page 00346

1   and because this matter is in its early stages and pretrial discovery has only

2   just begun, Responding Party is unable to provide a complete response at

3   this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

4   *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

5   *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

6   at *1-2.

7        Responding Party further objects to this request on the grounds that it

8   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

9   with reasonable particularity each item or category of items to be inspected."

10  Propounding Party's request for production does not describe an item or

11  category of items with reasonable particularity.

12       Responding Party further objects to the extent that this request for

13  production invades attorney-client privilege and/or violates the work product

14  doctrine by compelling Responding Party to disclose privileged

15  communications and/or litigation strategy. Responding Party will not provide

16  any such information.

17       Responding Party believes that the information requested is

18  documented in photos, videos, text messages and emails some of which

19  have been destroyed or are being withheld by the Defendants in this case.

20       Subject to and without waiver of the foregoing objections, Responding

21  Party responds as follows:

22       Responding Party will produce all responsive documents within its

23  possession, custody, or control.

24  **REQUEST FOR PRODUCTION NO. 5:**

25       Any and all DOCUMENTS that support your contention in paragraph

26  18 of the Complaint that BRANT BLAKEMAN "dangerously disregard[ed]

27  surfing rules" at any time.

28

PLAINTIFF CORY SPENCER'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

Exhibit 6 - Page 00347

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Responding Party objects to this request for production as premature. Because this request for production necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a complete response at this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.

Responding Party further objects to this request on the grounds that it violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with reasonable particularity each item or category of items to be inspected." Propounding Party's request for production does not describe an item or category of items with reasonable particularity.

Responding Party further objects to the extent that this request for production invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy. Responding Party will not provide any such information.

Responding Party believes that the information requested is documented in photos, videos, text messages and emails some of which have been destroyed or are being withheld by the Defendants in this case.

Subject to and without waiver of the foregoing objections, Responding Party responds as follows:

Responding Party will produce all responsive documents within its possession, custody, or control.

Phone Records:

Phone records produced by defendant Alan Johnston.

-11-

Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFF CORY SPENCER'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

Exhibit 6 - Page 00348

12755168.1

Email:

    Records produced by defendant Sang Lee.

Police Reports:

    PLTF0001-000316. (previously produced)

    Palos Verdes Estates Police Department, Officer Report for Incident 16-0136, dated 1/29/16. CITY216-232. (previously produced)

    Palos Verdes Estates Police Department, Officer Report for Incident 16-02164, dated 2/13/16. CITY 276-284; CITY2061-2086. (previously produced)

    Palos Verdes Estates Police Department, Officer Report for Incident DR # 17-00587. (Plaintiffs are not in possession, custody or control)

Videos:

    Video of Defendants Blakeman and Johnston harassing Dianna Reed. DFT.BB.00081-84.

    Defendant Sang Lee and other Bay Boys caught on video.

    https://www.theguardian.com/travel/video/2015/may/18/california-surf-wars-lunada-bay-localism-video. PLTF2054

    Video of David Melo harassing Diana Milena Reed and Jordan Wright and attempting to block their access to public beach taken on 1/29/16. PLT001867.

    Video of Lunada Bay locals harassing suffers at the 2014 MLK event. PLTF00210.

    Video of Cassidy Beukema and Devon Demaria harassing suffers at the 2017 MLK event. PLTF00213.

    Video of Cassidy Beukema and Devon Demaria harassing suffers at the 2017 MLK event. PLTF00214.

    Peter McCollum assaults Jeff Hagins, John Hagins, Vietnam combat vet Mike Bernard and his son for surfing the public beach telling them,

12755168.1

Exhibit 6 - Page 00349

1   among other things, "you won't come back here again boy".

2   https://www.youtube.com/watch?v=J1Ms0ktOaZs

3   Defendant Michael Papayans - blocking access to the public beach:

4   https://vimeo.com/88394493

5   Camplin Memorial Video parts 1-3 believed to be filmed by Mark

6   Griep. PLT002030-32.

7   Video of Hank Harper. PLTF00226

8   Video of Joshua Berstein harassing Ken Claypool. PLTF2010.

9   Video of Zach Stafford intimidating Ken Claypool. PLTF00228.

10  Video of Lunada Locals. PLTF00211.

11  Photos:

12  PLTF00230, PLTF00235, PLTF00235, PLTF00242, PLTF00249,

13  PLTF00250.

14  **REQUEST FOR PRODUCTION NO. 6:**

15  Any and all DOCUMENTS that support your contention that BRANT

16  BLAKEMAN has illegally extorted money from beachgoers who wish to use

17  Lunada Bay for recreational purposes. (See paragraph 33 j. of the

18  Complaint.)

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

20  Responding Party objects to this request for production as premature.

21  Because this request for production necessarily relies upon a contention,

22  and because this matter is in its early stages and pretrial discovery has only

23  just begun, Responding Party is unable to provide a complete response at

24  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

25  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

26  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

27  at *1-2.

28  Responding Party further objects to this request on the grounds that it

-13-

12755168.1   PLAINTIFF CORY SPENCER'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

Exhibit 6 - Page 00350

1  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

2  with reasonable particularity each item or category of items to be inspected."

3  Propounding Party's request for production does not describe an item or

4  category of items with reasonable particularity.

5  Responding Party further objects to the extent that this request for

6  production invades attorney-client privilege and/or violates the work product

7  doctrine by compelling Responding Party to disclose privileged

8  communications and/or litigation strategy. Responding Party will not provide

9  any such information.

10  Responding Party believes that the information requested is

11  documented in photos, videos, text messages and emails some of which

12  have been destroyed or are being withheld by the Defendants in this case.

13  Subject to and without waiver of the foregoing objections, Responding

14  Party responds as follows:

15  Responding Party has conducted a diligent search and is not presently

16  aware of any responsive documents within Responding Party's possession,

17  custody, or control.  Discovery is ongoing, and this contention-based

18  interrogatory is poorly defined and premature.  Thus, Responding Party

19  reserves the right to amend this response at the appropriate time in the

20  future if necessary.

21  **REQUEST FOR PRODUCTION NO. 7:**

22  Any and all DOCUMENTS that support your contention that BRANT

23  BLAKEMAN was a part of Civil Conspiracy as identified in your complaint in

24  paragraphs 51 through 53.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

26  Responding Party objects to this request for production as premature.

27  Because this request for production necessarily relies upon a contention,

28  and because this matter is in its early stages and pretrial discovery has only

-14-

Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFF CORY SPENCER'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

12755168.1

Exhibit 6 - Page 00351

1  just begun, Responding Party is unable to provide a complete response at

2  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

3  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

4  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

5  at *1-2.

6           Responding Party further objects to this request on the grounds that it

7  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

8  with reasonable particularity each item or category of items to be inspected."

9  Propounding Party's request for production does not describe an item or

10  category of items with reasonable particularity.

11          Responding Party further objects to the extent that this request for

12  production invades attorney-client privilege and/or violates the work product

13  doctrine by compelling Responding Party to disclose privileged

14  communications and/or litigation strategy. Responding Party will not provide

15  any such information.

16          Responding Party believes that the information requested is

17  documented in photos, videos, text messages and emails some of which

18  have been destroyed or are being withheld by the Defendants in this case.

19          Subject to and without waiver of the foregoing objections, Responding

20  Party responds as follows:

21          Responding Party will produce all responsive documents within its

22  possession, custody, or control.

23          See response to Request For Production No. 1.

24  **REQUEST FOR PRODUCTION NO. 8:**

25          Any and all DOCUMENTS that support plaintiffs' First Cause of Action

26  in the Complaint (Bane Act Violations) against BRANT BLAKEMAN.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

28          Responding Party objects to this request for production as premature.

Case No. 2:16-cv-02129-SJO (RAOx)

12755168.1

Exhibit 6 - Page 00352

1  Because this request for production necessarily relies upon a contention,
2  and because this matter is in its early stages and pretrial discovery has only
3  just begun, Responding Party is unable to provide a complete response at
4  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
5  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
6  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
7  at *1-2.

8      Responding Party further objects to this request on the grounds that it
9  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
10  with reasonable particularity each item or category of items to be inspected."
11  Propounding Party's request for production does not describe an item or
12  category of items with reasonable particularity.

13      Responding Party further objects to the extent that this request for
14  production invades attorney-client privilege and/or violates the work product
15  doctrine by compelling Responding Party to disclose privileged
16  communications and/or litigation strategy. Responding Party will not provide
17  any such information.

18      Responding Party believes that the information requested is
19  documented in photos, videos, text messages and emails some of which
20  have been destroyed or are being withheld by the Defendants in this case.

21      Responding Party further objects to this request on the grounds that it
22  is duplicative of Request No. 2.

23      Subject to and without waiver of the foregoing objections, Responding
24  Party responds as follows:

25      Responding Party will produce all responsive documents within its
26  possession, custody, or control.

27      See response to Request For Production No. 2.

28

-16-                    Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

12755168.1

Exhibit 6 - Page 00353

**REQUEST FOR PRODUCTION NO. 9:**

Any and all DOCUMENTS that support plaintiffs' Second Cause of Action in the Complaint (Public Nuisance) against BRANT BLAKEMAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party objects to this request for production as premature. Because this request for production necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a complete response at this time, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.

Responding Party further objects to this request on the grounds that it violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with reasonable particularity each item or category of items to be inspected." Propounding Party's request for production does not describe an item or category of items with reasonable particularity.

Responding Party further objects to the extent that this request for production invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy. Responding Party will not provide any such information.

Responding Party believes that the information requested is documented in photos, videos, text messages and emails some of which have been destroyed or are being withheld by the Defendants in this case.

Subject to and without waiver of the foregoing objections, Responding Party responds as follows:

Responding Party will produce all responsive documents within its

-17-

Exhibit 6 - Page 00354

1  possession, custody, or control.

2      See response to Request For Production No. 1.

3  **REQUEST FOR PRODUCTION NO. 10:**

4      Any and all DOCUMENTS that support plaintiffs' Sixth Cause of Action

5  in the Complaint (Assault) against BRANT BLAKEMAN.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

7      Responding Party objects to this request for production as premature.

8  Because this request for production necessarily relies upon a contention,

9  and because this matter is in its early stages and pretrial discovery has only

10  just begun, Responding Party is unable to provide a complete response at

11  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

12  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

13  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

14  at *1-2.

15      Responding Party further objects to this request on the grounds that it

16  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

17  with reasonable particularity each item or category of items to be inspected."

18  Propounding Party's request for production does not describe an item or

19  category of items with reasonable particularity.

20      Responding Party further objects to the extent that this request for

21  production invades attorney-client privilege and/or violates the work product

22  doctrine by compelling Responding Party to disclose privileged

23  communications and/or litigation strategy. Responding Party will not provide

24  any such information.

25      Responding Party believes that the information requested is

26  documented in photos, videos, text messages and emails some of which

27  have been destroyed or are being withheld by the Defendants in this case.

28      Subject to and without waiver of the foregoing objections, Responding

-18-

PLAINTIFF CORY SPENCER'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

Exhibit 6 - Page 00355

1   Party responds as follows:

2     Responding Party has conducted a diligent search and is not presently

3   aware of any responsive documents within Responding Party's possession,

4   custody, or control.  Discovery is ongoing, and this contention-based

5   interrogatory is poorly defined and premature.  Thus, Responding Party

6   reserves the right to amend this response at the appropriate time in the

7   future if necessary.

8     See response to Request For Production No. 1.

9   **REQUEST FOR PRODUCTION NO. 11:**

10     Any and all DOCUMENTS that support plaintiffs' Seventh Cause of

11   Action in the Complaint (Battery) against BRANT BLAKEMAN.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

13     Responding Party objects to this request for production as premature.

14   Because this request for production necessarily relies upon a contention,

15   and because this matter is in its early stages and pretrial discovery has only

16   just begun, Responding Party is unable to provide a complete response at

17   this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

18   *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

19   *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

20   at *1-2.

21     Responding Party further objects to this request on the grounds that it

22   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

23   with reasonable particularity each item or category of items to be inspected."

24   Propounding Party's request for production does not describe an item or

25   category of items with reasonable particularity.

26     Responding Party further objects to the extent that this request for

27   production invades attorney-client privilege and/or violates the work product

28   doctrine by compelling Responding Party to disclose privileged

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

12755168.1

Exhibit 6 - Page 00356

1   communications and/or litigation strategy. Responding Party will not provide

2   any such information.

3         Responding Party believes that the information requested is

4   documented in photos, videos, text messages and emails some of which

5   have been destroyed or are being withheld by the Defendants in this case.

6         Subject to and without waiver of the foregoing objections, Responding

7   Party responds as follows:

8         Responding Party has conducted a diligent search and is not presently

9   aware of any responsive documents within Responding Party's possession,

10   custody, or control.  Discovery is ongoing, and this contention-based

11   interrogatory is poorly defined and premature.  Thus, Responding Party

12   reserves the right to amend this response at the appropriate time in the

13   future if necessary.

14         See response to Request For Production No. 1.

15   **REQUEST FOR PRODUCTION NO. 12:**

16         Any and all DOCUMENTS that support plaintiffs' Eighth Cause of

17   Action in the Complaint (Negligence) against BRANT BLAKEMAN.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

19         Responding Party objects to this request for production as premature.

20   Because this request for production necessarily relies upon a contention,

21   and because this matter is in its early stages and pretrial discovery has only

22   just begun, Responding Party is unable to provide a complete response at

23   this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

24   *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

25   *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

26   at *1-2.

27         Responding Party further objects to this request on the grounds that it

28   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

12755168.1

Exhibit 6 - Page 00357

1   with reasonable particularity each item or category of items to be inspected."

2   Propounding Party's request for production does not describe an item or

3   category of items with reasonable particularity.

4        Responding Party further objects to the extent that this request for

5   production invades attorney-client privilege and/or violates the work product

6   doctrine by compelling Responding Party to disclose privileged

7   communications and/or litigation strategy. Responding Party will not provide

8   any such information.

9        Responding Party believes that the information requested is

10  documented in photos, videos, text messages and emails some of which

11  have been destroyed or are being withheld by the Defendants in this case.

12       Subject to and without waiver of the foregoing objections, Responding

13  Party responds as follows:

14       Responding Party has conducted a diligent search and is not presently

15  aware of any responsive documents within Responding Party's possession,

16  custody, or control.  Discovery is ongoing, and this contention-based

17  interrogatory is poorly defined and premature.  Thus, Responding Party

18  reserves the right to amend this response at the appropriate time in the

19  future if necessary.

20       See response to Request For Production No. 1.

21

22

23

24

25

26

27

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE,
PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

12755168.1

Exhibit 6 - Page 00358

1   DATED:                              OTTEN LAW PC

2

3

4                                       By:    /s/

5                                              Victor Otten
                                               Attorneys for Plaintiffs CORY
6                                              SPENCER, DIANA MILENA REED, and
                                               COASTAL PROTECTION RANGERS,
7                                              INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12755168.1

Exhibit 6 - Page 00359

1  PROOF OF SERVICE

2  Spencer, et al. v. Lunada Bay Boys, et al.; USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)

3

4  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

5  At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Sacramento, State of California.  My business address is 3620 Pacific Coast Highway, Suite 100, Torrance, CA 90505.

6

7  On February 24, 2017, I served true copies of the following document(s) described as:

8

9  PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

10

11  on the interested parties in this action as follows:

12  SEE ATTACHED SERVICE LIST

13  BY MAIL:  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

14

15

16

17  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

18

19  Executed on February 24, 2017, at Torrance, California.

20

21       Victor Otten

22

23

24

25

26

27

28

PLAINTIFF CORY SPENCER'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

12755168.1

Exhibit 6 - Page 00360

## SERVICE LIST

*Spencer, et al. v. Lunada Bay Boys, et al.;* **USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)**

Robert T. Mackey
Peter H. Crossin
Richard P. Dieffenbach
John P. Worgul
VEATCH CARLSON, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles CA 90017

*(Attorneys for Defendant BRANT BLAKEMAN)*

Tel:   213.381.2861
Fax:  213.383.6370
E-Mail: rmackey@veatchfirm.com
        pcrossin@veatchfirm.com
        rdieffenbach@veatchfirm.com
        jworgul@veatchfirm.com

Robert S. Cooper
BUCHALTER NEMER, APC
1000 Wilshire Blvd., Suite 1500
Los Angeles CA 90017

*(Attorneys for Defendant BRANT BLAKEMAN)*

Tel:   213.891.0700
Fax:  213.896.0400
E-Mail: rcooper@buchalter.com

J. Patrick Carey
LAW OFFICES OF J. PATRICK CAREY
1230 Rosecrans Ave., Suite 300
Manhattan Beach CA 90266

*(Attorney for Defendant ALAN JOHNSTON a/k/a JALIAN JOHNSTON)*

Tel:   310.526.2237
Fax:  424.456.3131
E-Mail: pat@patcareylaw.com

Peter T. Haven
HAVEN LAW
1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA 90266

*(Attorney for Defendant MICHAEL RAY PAPAYANS)*

Tel:   310.272.5353
Fax:  213.477.2137
E-Mail: peter@hblwfirm.us
        peter@havenlaw.com

Edwin J. Richards
Antoinette P. Hewitt
Rebecca L. Wilson
Jacob Song
Christopher D. Glos
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine CA 92614-8595

*(Attorneys for Defendants CITY OF PALOS VERDES and CHIEF OF POLICE JEFF KEPLEY)*

Tel:   949.417.0999
Fax:  949.417.5394
E-Mail: ed.richards@kutakrock.com
        jacob.song@kutakrock.com
        antoinette.hewitt@kutakrock.com
        rebecca.wilson@kutakrock.com

Case No. 2:16-cv-02129-SJO (RAOx)

12755168.1

PLAINTIFF CORY SPENCER'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

Exhibit 6 - Page 00361

| | | |
|---|---|---|
| 1 | Dana Alden Fox<br>Edward E. Ward, Jr.<br>Eric Y. Kizirian<br>Tera Lutz<br>LEWIS BRISBOIS BISGAARD &<br>SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles CA 90071 | *(Attorneys for Defendant SANG LEE)*<br><br>Tel:   213.580.3858<br>Fax:  213.250.7900<br>E-Mail: dana.fox@lewisbrisbois.com<br>   edward.ward@lewisbrisbois.com<br>   eric.kizirian@lewisbrisbois.com<br>   tera.lutz@lewisbrisbois.com |
| 5 | Daniel M. Crowley<br>BOOTH, MITCHEL & STRANGE<br>LLP<br>707 Wilshire Blvd., Suite 4450<br>Los Angeles CA 90017 | *(Attorneys for Defendant SANG LEE)*<br><br>Tel:   213.738.0100<br>Fax:  213.380.3308<br>E-Mail: dmcrowley@boothmitchel.com |
| 8 | Mark C. Fields<br>LAW OFFICES OF MARK C.<br>FIELDS, APC<br>333 South Hope Street, 35th<br>Floor<br>Los Angeles CA 90071 | *(Attorney for Defendant ANGELO<br>FERRARA and Defendant N. F.<br>appearing through Guardian Ad Litem,<br>Leonora Ferrara)*<br><br>Tel:   213.948.2349<br>Fax:  213.629.4520<br>E-Mail: fields@markfieldslaw.com |
| 13 | Thomas M. Phillip<br>Aaron G. Miller<br>THE PHILLIPS FIRM<br>800 Wilshire Blvd., Suite 1550<br>Los Angeles CA 90017 | *(Attorneys for Defendant ANGELO<br>FERRARA)*<br><br>Tel:   213.244.9913<br>Fax:  213.250.7900<br>E-Mail: tphillips@thephillipsfirm.com |
| 16 | Patrick Au<br>Laura L. Bell<br>BREMER WHYTE BROWN &<br>O'MEARA, LLP<br>21271 Burbank Blvd., Suite 110<br>Woodland Hills CA 91367 | *(Attorneys for Defendants FRANK<br>FERRARA and CHARLIE FERRARA)*<br><br>Tel:   818.712.9800<br>Fax:  818.712.9900<br>E-Mail: pau@bremerwhyte.com<br>   lbell@bremerwhyte.com |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 2:16-cv-02129-SJO (RAOx)

1

## __VERIFICATION__

2      I, Cory Spencer, have read PLAINTIFF CORY SPENCER'S

3  RESPONSE TO REQUEST FOR PRODUCTION, SET ONE,

4  PROPOUNDED BY DEFENDANT BRANT BLAKEMAN and know its

5  contents.

6      I am a party to this action and I make this verification for that reason.  I

7  am informed and believe and on that ground allege that the matters stated in

8  the foregoing document are true.

9      I declare under penalty of perjury under the laws of the State of

10  California that the foregoing is true and correct.

11      Executed on February 24, 2016, in ___TORRANCE_____,

12  California.

13

14

15               _____

16                   CORY SPENCER

17

18

19

20

21

22

23

24

25

26

27

28

12755241.1

Exhibit 6 - Page 00363