EXHIBIT "8"

# John Worgul

| | |
|---|---|
| **From:** | John Worgul |
| **Sent:** | Tuesday, February 28, 2017 7:22 PM |
| **To:** | Victor Otten; Richard P. Dieffenbach; Ann D. Ghiorso; Kurt A. Franklin; Samantha Wolff |
| **Cc:** | Cooper, Robert S.; Rob Mackey; John E. Stobart; Sabrina Gridley |
| **Subject:** | RE: Spencer, et al. v. Lunada Bay Boys, et al. |

Mr. Otten and Co-counsel:

I am unclear on what you desire for me to reconsider. We have had a Court order issued. The order was related to information that should have been provided in October. Motions were required to force Plaintiffs to provide discoverable information. The Court ordered further information to be produced. You asked the Court to provide a month to produce that information and we agreed to the time frame.

We essentially received identical responses to the interrogatories to those at issue at the time of the hearing. The information was not provided timely as agreed to at the hearing and as required by the Court order. This it not he first time the Plaintiffs failed to comply with time requirements. In fact on multiple occasions you affirmed that some information would be provided on a date certain for it not to happen. To disregard these past circumstances would be foolish

We have informed Plaintiffs on many occasions of our intention to pursue Rule 56 motions. There are pending discovery cut off and motion dates. Delaying providing information serves to delay and prejudice Mr. Blakeman from pursuing these motions and preparing for trial.

We decline your invitation to allow further delay, to prejudice the Mr. Blackman's defense, and to disregard full compliance with the Court's orders.

I can not force any counsel to appear on Friday. The Court will only schedule telephonic hearings with the agreement of the counsel involved in the dispute and upon their mutual consent to have a hearing. The Plaintiffs will either agree to a telephonic hearing on Friday or not.

Any of Plaintiffs counsel are welcome to respond to our request. Please let us know without delay whether we can schedule the hearing or not so we may act appropriately to address this issue. If we do not have a concrete answer to this request by 4:00 PM tomorrow we will assume Plaintiffs are unwilling to engage in a telephonic conference on this issue and will act accordingly.

Sincerely,

John P. Worgul, Esq.
Associate Attorney
Veatch Carlson, LLP
1055 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90017
(213) 381-2861 Office
(213) 383-6370 Fax

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act Title II (18 U.S.C. §§ 2701-12), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

**From:** Victor Otten [mailto:vic@ottenlawpc.com]
**Sent:** Tuesday, February 28, 2017 4:55 PM
**To:** John Worgul; Richard P. Dieffenbach; Ann D. Ghiorso; Kurt A. Franklin; Samantha Wolff
**Cc:** Cooper, Robert S.; Rob Mackey; John E. Stobart; Sabrina Gridley
**Subject:** RE: Spencer, et al. v. Lunada Bay Boys, et al.

Mr. Worgul,

Just like you appear the person most knowledgeable about your discovery requests, I'm the attorney most knowledgeable about the discovery responses, initial disclosures, etc., in this matter – especially as they relate to Mr. Blakeman.  It will be difficult – and likely unhelpful for you and the Court -- for my co-counsel to respond to questions that you or the Court might have as I'm most knowledgeable on these details.   I ask that your reconsider your position, and suggest that you might work with me collegially in coming to a solution on these issues.

Again,  as I've noted, you'll be receiving the revised discovery shortly.  It seems like you should evaluate these before pressing forward on Friday.

It should also be noted that with respect to identity of witnesses, the interrogatories clearly state which witnesses are represented by the plaintiffs. In going back and looking at the further responses, we did provide some additional names without addresses. Mr. Blakeman has been friends with those people for years and surely has their contact information; nonetheless we will provide you will all contact information in our possession in the supplemental responses.

But if you decide to move forward anyways, even though I'm telling you it may be impossible for me to attend and my co-counsel will be far less helpful than me, I'll check on their availability.

Vic

Victor Otten, Esq.



OTTEN LAW, PC
ATTORNEYS

3620 Pacific Coast Hwy #100 | Torrance, California 90505
P (310) 378-8533 | F (310) 347-4225 | E  vic@ottenlawpc.com | W  www.ottenlawpc.com

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Rosa  at 310-378-8533 if you need assistance.

Please consider the environment before printing this e-mail message.

**From:** John Worgul [mailto:JWorgul@veatchfirm.com]
**Sent:** Tuesday, February 28, 2017 4:25 PM
**To:** Victor Otten <vic@ottenlawpc.com>; Richard P. Dieffenbach <RDieffenbach@veatchfirm.com>; Ann D. Ghiorso <aghiorso@hansonbridgett.com>; Kurt A. Franklin <kfranklin@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>
**Cc:** Cooper, Robert S. <rcooper@buchalter.com>; Rob Mackey <RMackey@veatchfirm.com>; John E. Stobart <JStobart@veatchfirm.com>; Sabrina Gridley <SGridley@veatchfirm.com>
**Subject:** RE: Spencer, et al. v. Lunada Bay Boys, et al.

Mr. Otten and Co-counsel:

If we receive any revised responses we will review them to determine if a dispute still exists but to avoid Court intervention this process should not be delayed. We were entitled to this information last Friday and this information was the subject of a heated debate at the hearing on January 25, 2017. I do not understand the reason the Court's orders are not being followed and this is not the first occasions where the Plaintiffs have not followed the Court's orders.

I would like to set the 2:00 PM Friday hearing date with the Court. Based on the below email it is unclear if I can set the hearing That is the only time the Court provided this week as being available. There are no times available during the lunch hour or otherwise. I would prefer to have this time set but the Court requires first that I affirm that counsel from each side are available for the telephonic hearing.

I understand that there are three lead counsel and likely associates that could handle such appearances for the Plaintiffs. Will there be a representative available for the Plaintiffs at 2:00 PM this Friday for a hearing if Mr. Otten is engaged?

Please let me know if I can reserve this time with the Court on Friday. If not we will proceed accordingly.

Sincerely,


John P. Worgul, Esq.
Associate Attorney
Veatch Carlson, LLP
1055 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90017
(213) 381-2861 Office
(213) 383-6370 Fax

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act Title II (18 U.S.C. §§ 2701-12), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

---

**From:** Victor Otten [mailto:vic@ottenlawpc.com]
**Sent:** Tuesday, February 28, 2017 4:10 PM
**To:** John Worgul; Richard P. Dieffenbach; Ann D. Ghiorso; Kurt A. Franklin; Samantha Wolff
**Cc:** Cooper, Robert S.; Rob Mackey; John E. Stobart; Sabrina Gridley
**Subject:** RE: Spencer, et al. v. Lunada Bay Boys, et al.

Mr. Worgul,

I have reviewed the order and agree Plaintiffs agree to address the deficiencies in the responses. We will serve the revised discovery responses before Friday. You can certainly set a date/time with the Magistrate so that it is available in the event that you have any problems with our revised responses, and also because we would like to address Mr. Blakeman's response to Plaintiffs' interrogatory requesting his telephone number (Samantha emailed you about this yesterday). I am starting a jury trial tomorrow in Torrance so my availability for a for a telephonic hearing on Friday at 2:00 PM is questionable. Should my case not proceed to trial, that time will work but I am told that it is starting. In that case, anytime next week during the lunch hours of 12:00-1:30.

Thanks,
Vic

Victor Otten, Esq.

# OTTEN LAW, PC
## ATTORNEYS

3620 Pacific Coast Hwy #100 | Torrance, California 90505
P (310) 378-8533 | F (310) 347-4225 | E vic@ottenlawpc.com | W www.ottenlawpc.com

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Rosa at 310-378-8533 if you need assistance.

Please consider the environment before printing this e-mail message.

**From:** John Worgul [mailto:JWorgul@veatchfirm.com]
**Sent:** Tuesday, February 28, 2017 2:21 PM
**To:** Victor Otten <vic@ottenlawpc.com>; Richard P. Dieffenbach <RDieffenbach@veatchfirm.com>; Ann D. Ghiorso <aghiorso@hansonbridgett.com>; Kurt A. Franklin <kfranklin@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>
**Cc:** Cooper, Robert S. <rcooper@buchalter.com>; Rob Mackey <RMackey@veatchfirm.com>; John E. Stobart <JStobart@veatchfirm.com>; Sabrina Gridley <SGridley@veatchfirm.com>
**Subject:** RE: Spencer, et al. v. Lunada Bay Boys, et al.

Mr. Otten:

As you are aware Mr. Dieffenbach and I work on this case together. I also issued a letter to you and your co-counsel yesterday morning. As you are likely aware, you already violated the Order by not providing information electronically on February 24, 2017.

As you should be aware the Court's order, among other things, also required the following:

> A. Interrogatory Nos. 1 through 12
>
> Plaintiffs are ordered to identify witnesses in response to Interrogatory Numbers 1 through 12. For each interrogatory, Plaintiffs shall identify the responsive witnesses by name. For each witness, Plaintiffs shall specify whether that witness is represented by Plaintiffs' counsel, or, if Plaintiffs know, by other counsel. For each witness, Plaintiffs shall provide contact information for that witness or state unambiguously that Plaintiffs do not have contact information for that witness.
>
> Defendant's motion is denied at this time to the extent it requests further responses to the interrogatories beyond what the Court has provided in this order.

Plaintiffs appear to not comply with nearly every directive of the Court's order.

First each witness is not identified by name. Plaintiffs' maintain the statements after the objections that:

> Subject to and without waiver of the foregoing objections, Responding Party responds as follows:
> **In addition to each defendant named in his individual capacity and other persons identified in Plaintiffs' initial and Supplemental Disclosures**, and the evidence submitted in support of Plaintiffs motion for class certification, Responding Party

3/2/2017

Exhibit 8 - Page 00375

identifies the following individuals:

Identifying "Defendants" and "persons identified in Plaintiffs' initial and Supplemental disclosures" is not providing names.

Second, of the names identified in the responses not one person's contact information is provided in the response.

Third, there is no statement related to any witness, even those not indicated to be represented by counsel, if Plaintiffs do not have contact information.

There appears to be no excuse for failing to comply with the Court's order . While we appreciate Hanson Bridget's representation of such witnesses and will work with them to avoid serving subpoenas on represented persons the representation of such witnesses does not excuse compliance with the Court order or providing contact information that can be use to subpoena persons, documents and things for deposition and trial.

Therefore we desire to redress with the Court regarding the Interrogatory response.

Additionally the response to the Document Production appears deficient. Specifically the responses to Production Requests Numbers 3, 4, and 5 are deficient. Each response has statement that "[r]esponding party will produce responsive documents in within its possession, custody, and control. " The Court order provided the following though:

> Plaintiffs are ordered to produce all responsive documents in their possession, custody or control to Document Requests Nos. 1 through 9 by **February 24, 2017**. Also by February 24, 2017, for each request, **Plaintiffs shall provide bates number ranges or otherwise identify with particularity the documents that are responsive to that request, including any documents that may have already been produced to Defendant.** For each request, if Plaintiffs are withholding any responsive documents, Plaintiffs shall assert the objections pursuant to which Plaintiffs are withholding those documents. Plaintiffs shall provide a privilege log for any documents they are withholding based on privilege. Plaintiffs shall serve their supplemental responses to the interrogatories and document requests electronically

There is no identification of documents related to the responses to Request 3, 4, and 5. If there are documents they should be identified. If there are no documents than there should be statement indicating there are no documents responsive to the request.

As to the other responses certain documents are not identified. The Phone records by Alan Johnston are paginated and each entry contains a number, yet Plaintiffs merely state to see the phone records. The records produced by Sang Lee are apparently voluminous and Bates Stamped, yet no there is no indication of the Bates Stamped Numbers that are responsive to the request.

As to every request there are objections that state privileges. We are unaware if there are any documents being withheld. If there are any then a privilege log is required. I am unaware of a privilege log being provided by plaintiffs.

Therefore we desire to redress with the Court regarding the Request for Production responses.

Please advise today if any of Plaintiffs' counsels are available for a telephonic hearing on Friday at 2:00 PM so we may reserve it with the Court. If Plaintiffs are unwilling to voluntarily appear for a telephonic conference please also advise us so we can act appropriately to enforce the Court's order.

Sincerely,

John P. Worgul, Esq.

Associate Attorney
Veatch Carlson, LLP
1055 Wilshire Boulevard, 11th Floor
Los Angeles, CA 90017
(213) 381-2861 Office
(213) 383-6370 Fax

This electronic transmission, and any documents attached hereto, (a) are protected by the Electronic Communications Privacy Act Title II (18 U.S.C. §§ 2701-12), (b) may contain confidential and/or legally privileged information, and (c) are for the sole use of the intended recipient named above. If you have received this electronic message in error, please notify the sender and delete the electronic message. Any disclosure, copying, distribution, or use of the contents of the information received in error is strictly prohibited.

**From:** Victor Otten [mailto:vic@ottenlawpc.com]
**Sent:** Monday, February 27, 2017 2:38 PM
**To:** Richard P. Dieffenbach; Ann D. Ghiorso; Kurt A. Franklin; Samantha Wolff
**Cc:** Cooper, Robert S.; John Worgul; Rob Mackey; John E. Stobart; Sabrina Gridley
**Subject:** RE: Spencer, et al. v. Lunada Bay Boys, et al.

Richard,
We are confused regarding your statements regarding witness contact information. We informed you previously and the discovery responses state that we represent C. Taloa, C. Claypool, K. Claypool, G. Hagins, J. Wright, Jason Gersch and J. McHarg. Regarding any other witnesses, I believe we have provided you any contact information that we have. What witnesses are you referring to?

We served a supplemental response to your document request. I am setting up a Hightail account so that you will be able to download documents today.
Vic

Victor Otten, Esq.

**OTTEN LAW, PC**
ATTORNEYS

3620 Pacific Coast Hwy #100 | Torrance, California 90505
P (310) 378-8533 | F (310) 347-4225 | E vic@ottenlawpc.com | W www.ottenlawpc.com

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Rosa at 310-378-8533 if you need assistance.

Please consider the environment before printing this e-mail message.

**From:** Richard P. Dieffenbach [mailto:RDieffenbach@veatchfirm.com]
**Sent:** Monday, February 27, 2017 1:53 PM
**To:** Ann D. Ghiorso <aghiorso@hansonbridgett.com>; Kurt A. Franklin <kfranklin@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Victor Otten <vic@ottenlawpc.com>
**Cc:** Cooper, Robert S. <rcooper@buchalter.com>; John Worgul <JWorgul@veatchfirm.com>; Rob Mackey <RMackey@veatchfirm.com>; John E. Stobart <JStobart@veatchfirm.com>; Sabrina Gridley <SGridley@veatchfirm.com>
**Subject:** RE: Spencer, et al. v. Lunada Bay Boys, et al.

In reviewing the responses to discovery we see that no contact information has been provided and no response to the requests for production are provided, and the Reed interrogatories responses are not verified. In other words the responses are non-compliant with the court's order. We have asked the court for availability for a telephonic conference with the Magistrate Judge on this issue and the court has offered:

Tuesday, Feb 28, 2017 @ 2:00 p.m.
Friday, March 3, 2017 @ 2:00 p.m.

Please let us know which date fits your schedule and we will set up the conference with the court. Thank you.

Please coordinate with Mr. Worgul and his secretary Sabrina Gridley.

Richard Dieffenbach
Veatch Carlson LLP
213-38102861

---

**From:** Ann D. Ghiorso [mailto:aghiorso@hansonbridgett.com]
**Sent:** Monday, February 27, 2017 9:38 AM
**To:** Rob Mackey; Peter Crossin; Richard P. Dieffenbach; John Worgul; John E. Stobart
**Cc:** Kurt A. Franklin; Samantha Wolff; Victor Otten (vic@ottenlawpc.com)
**Subject:** Spencer, et al. v. Lunada Bay Boys, et al.

Pursuant to Kurt Franklin's request, we are providing a courtesy copy of the discovery responses which were mailed by our co-counsel. Thank you.

~~Ann D. Ghiorso
*Legal Secretary to Kurt A. Franklin*

---

**Ann D. Ghiorso**
**Legal Secretary**
Hanson Bridgett LLP
(415) 995-5129 Direct
(415) 541-9366 Fax
aghiorso@hansonbridgett.com




---

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.