# EXHIBIT 4

HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
clee@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs CORY
SPENCER, DIANA MILENA REED,
and COASTAL PROTECTION
RANGERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | **CASE NO. 2:16-cv-02129-SJO (RAOx)**<br><br>**PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN** |

-1-

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13325296.1

v.

LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including, but not limited to, SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,

Defendants.

**PROPOUNDING PARTY: Defendant BRANT BLAKEMAN**

**RESPONDING PARTY:   Plaintiff COASTAL PROTECTION RANGERS, INC.**

**SET NO.:                One**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff COASTAL PROTECTION RANGERS, INC. ("Responding Party") submits these supplemental responses and objections to Request for Production, Set One, propounded by Defendant BRANT BLAKEMAN ("Propounding Party").

**PRELIMINARY STATEMENT**

Nothing in this response should be construed as an admission by Responding Party with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's Request for Production. Responding Party has not completed its investigation of the facts relating to

-2-

13325296.1

1  this case, its discovery or its preparation for trial. All responses and

2  objections contained herein are based only upon such information and such

3  documents that are presently available to and specifically known by

4  Responding Party. It is anticipated that further discovery, independent

5  investigation, legal research and analysis will supply additional facts and add

6  meaning to known facts, as well as establish entirely new factual

7  conclusions and legal contentions, all of which may lead to substantial

8  additions to, changes in and variations from the responses set forth herein.

9  The following objections and responses are made without prejudice to

10  Responding Party's right to produce at trial, or otherwise, evidence

11  regarding any subsequently discovered documents. Responding Party

12  accordingly reserves the right to modify and amend any and all responses

13  herein as research is completed and contentions are made.

14  **RESPONSES TO REQUEST FOR PRODUCTION**

15  **REQUEST FOR PRODUCTION NO. 1:**

16      Any and all DOCUMENTS that support your contention that any [sic]

17  BRANT BLAKEMAN participated in any way in the "commission of

18  enumerated 'predicate crimes'" as alleged in paragraph 5 of the Complaint.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

20      Responding Party objects to this request for production as premature.

21  Because this request for production necessarily relies upon a contention,

22  and because this matter is in its early stages and pretrial discovery has only

23  just begun, Responding Party is unable to provide a complete response at

24  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

25  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

26  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

27  at *1-2.

28

13325296.1

1     Responding Party further objects to this request on the grounds that it

2 violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

3 with reasonable particularity each item or category of items to be inspected."

4 Propounding Party's request for production does not describe an item or

5 category of items with reasonable particularity.

6     Responding Party further objects to the extent that this request for

7 production invades attorney-client privilege and/or violates the work product

8 doctrine by compelling Responding Party to disclose privileged

9 communications and/or litigation strategy. Responding Party will not provide

10 any such information.

11     Responding Party believes that the information requested is

12 documented in photos, videos, text messages and emails some of which

13 have been destroyed or are being withheld by the Defendants in this case.

14     Subject to and without waiver of the foregoing objections, Responding

15 Party responds as follows:

16     Responding Party will produce all responsive documents within its

17 possession, custody, or control.

18 Phone Records:

19     Phone records produced by defendant Alan Johnston.

20     Phone records produced by defendant Sang Lee. LEE 00000038; LEE

21 00000040-41; LEE 00000047; LEE 00000054; LEE 00000061; LEE

22 00000063; LEE 00000069; LEE 00000105-106; LEE 00000108-110; LEE

23 00000123; LEE 00000125; LEE 00000217; LEE 00000220-221; LEE

24 00000230-231; LEE 00000239; LEE 00000240-241; LEE 00000245-246;

25 LEE 00000500; LEE 00000503; LEE 00000508; LEE 00000518

26 Email:

27     Records produced by defendant Sang Lee. LEE 00000008; LEE

28 00000010-27; LEE 00000591

-4-

Case No. 2:16-cv-02129-SJO (RAOx)

13325296.1

<u>Police Reports</u>:

PLTF0001-000316. (previously produced)

Palos Verdes Estates Police Department, Officer Report for Incident 16-0136, dated 1/29/16. CITY216-232. (previously produced)

Palos Verdes Estates Police Department, Officer Report for Incident 16-02164, dated 2/13/16. CITY 276-284; CITY2061-2086. (previously produced)

Palos Verdes Estates Police Department, Officer Report for Incident DR # 17-00587. (Plaintiffs are not in possession, custody or control)

<u>Videos</u>:

Video of Defendants Blakeman and Johnston harassing Dianna Reed. DFT.BB.00081-84.

Defendant Sang Lee and other Bay Boys caught on video.

https://www.theguardian.com/travel/video/2015/may/18/california-surf-wars-lunada-bay-localism-video. PLTF2054

Video of David Melo harassing Diana Milena Reed and Jordan Wright and attempting to block their access to public beach taken on 1/29/16. PLTF001867.

Video of Lunada Bay locals harassing suffers at the 2014 MLK event. PLTF002057.

Video of Cassidy Beukema and Devon Demaria harassing suffers at the 2017 MLK event. PLTF002059.

Peter McCollum assaults Jeff Hagins, John Hagins, Vietnam combat vet Mike Bernard and his son for surfing the public beach telling them, among other things, "you won't come back here again boy".

https://www.youtube.com/watch?v=J1Ms0ktOaZs

Defendant Michael Papayans - blocking access to the public beach: https://vimeo.com/88394493

-5-   Case No. 2:16-cv-02129-SJO (RAOx)

Camplin Memorial Video parts 1-3 believed to be filmed by Mark Griep. PLT002030-32.

Video of Hank Harper. PLTF002062

Video of Joshua Berstein harassing Ken Claypool. PLTF002010.

Video of Zach Stafford intimidating Ken Claypool. PLTF002063.

Video of Lunada Locals. PLTF002058.

Photos:

PLTF002064, PLTF002066, PLTF002067.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS that support your contention in paragraph 7 of the Complaint that BRANT BLAKEMAN "is responsible in some manner for the Bane Act violations and public nuisance described in the Complaint."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Responding Party objects to this request for production as premature. Because this request for production necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a complete response at this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.

Responding Party further objects to this request on the grounds that it violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with reasonable particularity each item or category of items to be inspected." Propounding Party's request for production does not describe an item or category of items with reasonable particularity.

Responding Party further objects to the extent that this request for production invades attorney-client privilege and/or violates the work product

-6-

13325296.1

1  doctrine by compelling Responding Party to disclose privileged

2  communications and/or litigation strategy. Responding Party will not provide

3  any such information.

4       Responding Party believes that the information requested is

5  documented in photos, videos, text messages and emails some of which

6  have been destroyed or are being withheld by the Defendants in this case.

7       Subject to and without waiver of the foregoing objections, Responding

8  Party responds as follows:

9       Responding Party will produce all responsive documents within its

10  possession, custody, or control.

11  Phone Records:

12       Phone records produced by defendant Alan Johnston.

13       Phone records produced by defendant Sang Lee. LEE 00000038; LEE

14  00000040-41; LEE 00000047; LEE 00000054; LEE 00000061; LEE

15  00000063; LEE 00000069; LEE 00000105-106; LEE 00000108-110; LEE

16  00000123; LEE 00000125; LEE 00000217; LEE 00000220-221; LEE

17  00000230-231; LEE 00000239; LEE 00000240-241; LEE 00000245-246;

18  LEE 00000500; LEE 00000503; LEE 00000508; LEE 00000518

19  Email:

20       Records produced by defendant Sang Lee. LEE 00000008; LEE

21  00000010-27; LEE 00000591

22  Police Reports:

23       PLTF0001-000316. (previously produced)

24       Palos Verdes Estates Police Department, Officer Report for Incident

25  16-0136, dated 1/29/16. CITY216-232. (previously produced)

26       Palos Verdes Estates Police Department, Officer Report for Incident

27  16-02164, dated 2/13/16. CITY 276-284; CITY2061-2086. (previously

28  produced)

1  Palos Verdes Estates Police Department, Officer Report for Incident

2  DR # 17-00587. (Plaintiffs are not in possession, custody or control)

3  Videos:

4  Video of Defendants Blakeman and Johnston harassing Dianna Reed.

5  DFT.BB.00081-84.

6  Defendant Sang Lee and other Bay Boys caught on video.

7  https://www.theguardian.com/travel/video/2015/may/18/california-surf-

8  wars-lunada-bay-localism-video. PLTF002054

9  Video of David Melo harassing Diana Milena Reed and Jordan Wright

10  and attempting to block their access to public beach taken on 1/29/16.

11  PLTF001867.

12  Video of Lunada Bay locals harassing suffers at the 2014 MLK event.

13  PLTF002057.

14  Video of Cassidy Beukema and Devon Demaria harassing suffers at

15  the 2017 MLK event. PLTF002059.

16  Peter McCollum assaults Jeff Hagins, John Hagins, Vietnam combat

17  vet Mike Bernard and his son for surfing the public beach telling them,

18  among other things, "you won't come back here again boy".

19  https://www.youtube.com/watch?v=J1Ms0ktOaZs

20  Defendant Michael Papayans - blocking access to the public beach:

21  https://vimeo.com/88394493

22  Camplin Memorial Video parts 1-3 believed to be filmed by Mark

23  Griep. PLT002030-32.

24  Video of Hank Harper. PLTF002062.

25  Video of Joshua Berstein harassing Ken Claypool. PLTF002010.

26  Video of Zach Stafford intimidating Ken Claypool. PLTF002063.

27  Video of Lunada Locals. PLTF002058.

28  Photos:

-8-

Case No. 2:16-cv-02129-SJO (RAOx)

13325296.1

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

1 | PLTF002064, PLTF002066, PLTF002067, PLTF001868.

2 | **REQUEST FOR PRODUCTION NO. 3:**

3 | Any and all DOCUMENTS that support your contention in paragraph

4 | 18 of the Complaint that BRANT BLAKEMAN "sell[s] market[s] and use[s]

5 | illegal controlled substances from the Lunada Bay Bluffs and the Rock Fort."

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

7 | Responding Party objects to this request for production as premature.

8 | Because this request for production necessarily relies upon a contention,

9 | and because this matter is in its early stages and pretrial discovery has only

10 | just begun, Responding Party is unable to provide a complete response at

11 | this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

12 | *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

13 | *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

14 | at *1-2.

15 | Responding Party further objects to this request on the grounds that it

16 | violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

17 | with reasonable particularity each item or category of items to be inspected."

18 | Propounding Party's request for production does not describe an item or

19 | category of items with reasonable particularity.

20 | Responding Party further objects to the extent that this request for

21 | production invades attorney-client privilege and/or violates the work product

22 | doctrine by compelling Responding Party to disclose privileged

23 | communications and/or litigation strategy. Responding Party will not provide

24 | any such information.

25 | Responding Party believes that the information requested is

26 | documented in photos, videos, text messages and emails some of which

27 | have been destroyed or are being withheld by the Defendants in this case.

28 | Subject to and without waiver of the foregoing objections, Responding

Case No. 2:16-cv-02129-SJO (RAOx)

13325296.1

1 │ Party responds as follows:

2 │   Responding Party will produce all responsive documents within its

3 │ possession, custody, or control.

4 │ <u>Videos:</u>

5 │   Camplin Memorial Video parts 1-3 believed to be filmed by Mark

6 │ Griep. PLT002030-32.

7 │ **REQUEST FOR PRODUCTION NO. 4:**

8 │   Any and all DOCUMENTS that support your contention in paragraph

9 │ 18 of the Complaint that BRANT BLAKEMAN "impede[d] boat traffic" at any

10 │ time.

11 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

12 │   Responding Party objects to this request for production as premature.

13 │ Because this request for production necessarily relies upon a contention,

14 │ and because this matter is in its early stages and pretrial discovery has only

15 │ just begun, Responding Party is unable to provide a complete response at

16 │ this time, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et*

17 │ *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

18 │ *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

19 │ at *1-2.

20 │   Responding Party further objects to this request on the grounds that it

21 │ violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

22 │ with reasonable particularity each item or category of items to be inspected."

23 │ Propounding Party's request for production does not describe an item or

24 │ category of items with reasonable particularity.

25 │   Responding Party further objects to the extent that this request for

26 │ production invades attorney-client privilege and/or violates the work product

27 │ doctrine by compelling Responding Party to disclose privileged

28 │ communications and/or litigation strategy. Responding Party will not provide

13325296.1

1  any such information.

2      Responding Party believes that the information requested is

3  documented in photos, videos, text messages and emails some of which

4  have been destroyed or are being withheld by the Defendants in this case.

5      Subject to and without waiver of the foregoing objections, Responding

6  Party responds as follows:

7      Responding Party will produce all responsive documents within its

8  possession, custody, or control.

9  Photos:

10      PLTF001966, PLTF001970-78, PLTF 002069-70.

11  **REQUEST FOR PRODUCTION NO. 5:**

12      Any and all DOCUMENTS that support your contention in paragraph

13  18 of the Complaint that BRANT BLAKEMAN "dangerously disregard[ed]

14  surfing rules" at any time.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16      Responding Party objects to this request for production as premature.

17  Because this request for production necessarily relies upon a contention,

18  and because this matter is in its early stages and pretrial discovery has only

19  just begun, Responding Party is unable to provide a complete response at

20  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

21  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

22  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

23  at *1-2.

24      Responding Party further objects to this request on the grounds that it

25  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

26  with reasonable particularity each item or category of items to be inspected."

27  Propounding Party's request for production does not describe an item or

28  category of items with reasonable particularity.

13325296.1

1    Responding Party further objects to the extent that this request for

2 production invades attorney-client privilege and/or violates the work product

3 doctrine by compelling Responding Party to disclose privileged

4 communications and/or litigation strategy. Responding Party will not provide

5 any such information.

6    Responding Party believes that the information requested is

7 documented in photos, videos, text messages and emails some of which

8 have been destroyed or are being withheld by the Defendants in this case.

9    Subject to and without waiver of the foregoing objections, Responding

10 Party responds as follows:

11    Responding Party will produce all responsive documents within its

12 possession, custody, or control.

13 Phone Records:

14    Phone records produced by defendant Alan Johnston.

15    Phone records produced by defendant Sang Lee. LEE 00000038; LEE

16 00000040-41; LEE 00000047; LEE 00000054; LEE 00000061; LEE

17 00000063; LEE 00000069; LEE 00000105-106; LEE 00000108-110; LEE

18 00000123; LEE 00000125; LEE 00000217; LEE 00000220-221; LEE

19 00000230-231; LEE 00000239; LEE 00000240-241; LEE 00000245-246;

20 LEE 00000500; LEE 00000503; LEE 00000508; LEE 00000518

21 Email:

22    Records produced by defendant Sang Lee. LEE 00000008; LEE

23 00000010-27; LEE 00000591

24 Police Reports:

25    PLTF0001-000316. (previously produced)

26    Palos Verdes Estates Police Department, Officer Report for Incident

27 16-0136, dated 1/29/16. CITY216-232. (previously produced)

28

13325296.1

1   Palos Verdes Estates Police Department, Officer Report for Incident

2   16-02164, dated 2/13/16. CITY 276-284; CITY2061-2086. (previously

3   produced)

4   Palos Verdes Estates Police Department, Officer Report for Incident

5   DR # 17-00587. (Plaintiffs are not in possession, custody or control)

6   Videos:

7   Video of Defendants Blakeman and Johnston harassing Dianna Reed.

8   DFT.BB.00081-84.

9   Defendant Sang Lee and other Bay Boys caught on video.

10   https://www.theguardian.com/travel/video/2015/may/18/california-surf-

11   wars-lunada-bay-localism-video. PLTF002054

12   Video of David Melo harassing Diana Milena Reed and Jordan Wright

13   and attempting to block their access to public beach taken on 1/29/16.

14   PLTF001867.

15   Video of Lunada Bay locals harassing suffers at the 2014 MLK event.

16   PLTF002057.

17   Video of Cassidy Beukema and Devon Demaria harassing suffers at

18   the 2017 MLK event. PLTF002059.

19   Peter McCollum assaults Jeff Hagins, John Hagins, Vietnam combat

20   vet Mike Bernard and his son for surfing the public beach telling them,

21   among other things, "you won't come back here again boy".

22   https://www.youtube.com/watch?v=J1Ms0ktOaZs

23   Defendant Michael Papayans - blocking access to the public beach:

24   https://vimeo.com/88394493

25   Camplin Memorial Video parts 1-3 believed to be filmed by Mark

26   Griep. PLTF002030-32.

27   Video of Hank Harper. PLTF002062.

28   Video of Joshua Berstein harassing Ken Claypool. PLTF002010.

Case No. 2:16-cv-02129-SJO (RAOx)

13325296.1

1    Video of Zach Stafford intimidating Ken Claypool. PLTF002063.

2    Video of Lunada Locals. PLTF002058.

3  Photos:

4  PLTF002064, PLTF002066, PLTF002067.

5  **REQUEST FOR PRODUCTION NO. 6:**

6    Any and all DOCUMENTS that support your contention that BRANT

7  BLAKEMAN has illegally extorted money from beachgoers who wish to use

8  Lunada Bay for recreational purposes. (See paragraph 33 j. of the

9  Complaint.)

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

11    Responding Party objects to this request for production as premature.

12  Because this request for production necessarily relies upon a contention,

13  and because this matter is in its early stages and pretrial discovery has only

14  just begun, Responding Party is unable to provide a complete response at

15  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

16  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

17  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

18  at *1-2.

19    Responding Party further objects to this request on the grounds that it

20  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

21  with reasonable particularity each item or category of items to be inspected."

22  Propounding Party's request for production does not describe an item or

23  category of items with reasonable particularity.

24    Responding Party further objects to the extent that this request for

25  production invades attorney-client privilege and/or violates the work product

26  doctrine by compelling Responding Party to disclose privileged

27  communications and/or litigation strategy. Responding Party will not provide

28  any such information.

-14-                          Case No. 2:16-cv-02129-SJO (RAOx)

13325296.1

1    Responding Party believes that the information requested is

2   documented in photos, videos, text messages and emails some of which

3   have been destroyed or are being withheld by the Defendants in this case.

4    Subject to and without waiver of the foregoing objections, Responding

5   Party responds as follows:

6    Responding Party has conducted a diligent search and is not presently

7   aware of any responsive documents within Responding Party's possession,

8   custody, or control.  Discovery is ongoing, and this contention-based

9   interrogatory is poorly defined and premature.  Thus, Responding Party

10  reserves the right to amend this response at the appropriate time in the

11  future if necessary.

12  **REQUEST FOR PRODUCTION NO. 7:**

13    Any and all DOCUMENTS that support your contention that BRANT

14  BLAKEMAN was a part of Civil Conspiracy as identified in your complaint in

15  paragraphs 51 through 53.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

17    Responding Party objects to this request for production as premature.

18  Because this request for production necessarily relies upon a contention,

19  and because this matter is in its early stages and pretrial discovery has only

20  just begun, Responding Party is unable to provide a complete response at

21  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

22  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

23  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

24  at *1-2.

25    Responding Party further objects to this request on the grounds that it

26  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

27  with reasonable particularity each item or category of items to be inspected."

28  Propounding Party's request for production does not describe an item or

-15-

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13325296.1

1  category of items with reasonable particularity.

2      Responding Party further objects to the extent that this request for

3  production invades attorney-client privilege and/or violates the work product

4  doctrine by compelling Responding Party to disclose privileged

5  communications and/or litigation strategy. Responding Party will not provide

6  any such information.

7      Responding Party believes that the information requested is

8  documented in photos, videos, text messages and emails some of which

9  have been destroyed or are being withheld by the Defendants in this case.

10     Subject to and without waiver of the foregoing objections, Responding

11 Party responds as follows:

12     Responding Party will produce all responsive documents within its

13 possession, custody, or control.

14     See response to Request for Production No. 1.

15 **REQUEST FOR PRODUCTION NO. 8:**

16     Any and all DOCUMENTS that support plaintiffs' First Cause of Action

17 in the Complaint (Bane Act Violations) against BRANT BLAKEMAN.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

19     Responding Party objects to this request for production as premature.

20 Because this request for production necessarily relies upon a contention,

21 and because this matter is in its early stages and pretrial discovery has only

22 just begun, Responding Party is unable to provide a complete response at

23 this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

24 *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

25 *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

26 at *1-2.

27     Responding Party further objects to this request on the grounds that it

28 violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13325296.1

1 with reasonable particularity each item or category of items to be inspected."

2 Propounding Party's request for production does not describe an item or

3 category of items with reasonable particularity.

4        Responding Party further objects to the extent that this request for

5 production invades attorney-client privilege and/or violates the work product

6 doctrine by compelling Responding Party to disclose privileged

7 communications and/or litigation strategy. Responding Party will not provide

8 any such information.

9        Responding Party believes that the information requested is

10 documented in photos, videos, text messages and emails some of which

11 have been destroyed or are being withheld by the Defendants in this case.

12        Responding Party further objects to this request on the grounds that it

13 is duplicative of Request No. 2.

14        Subject to and without waiver of the foregoing objections, Responding

15 Party responds as follows:

16        Responding Party will produce all responsive documents within its

17 possession, custody, or control.

18        See response to Request for Production No. 2.

19 **REQUEST FOR PRODUCTION NO. 9:**

20        Any and all DOCUMENTS that support plaintiffs' Second Cause of

21 Action in the Complaint (Public Nuisance) against BRANT BLAKEMAN.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

23        Responding Party objects to this request for production as premature.

24 Because this request for production necessarily relies upon a contention,

25 and because this matter is in its early stages and pretrial discovery has only

26 just begun, Responding Party is unable to provide a complete response at

27 this time, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et*

28 *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

1  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

2  at *1-2.

3      Responding Party further objects to this request on the grounds that it

4  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

5  with reasonable particularity each item or category of items to be inspected."

6  Propounding Party's request for production does not describe an item or

7  category of items with reasonable particularity.

8      Responding Party further objects to the extent that this request for

9  production invades attorney-client privilege and/or violates the work product

10  doctrine by compelling Responding Party to disclose privileged

11  communications and/or litigation strategy. Responding Party will not provide

12  any such information.

13      Responding Party believes that the information requested is

14  documented in photos, videos, text messages and emails some of which

15  have been destroyed or are being withheld by the Defendants in this case.

16      Subject to and without waiver of the foregoing objections, Responding

17  Party responds as follows:

18      Responding Party will produce all responsive documents within its

19  possession, custody, or control.

20      See response to Request for Production No. 1.

21  **REQUEST FOR PRODUCTION NO. 10:**

22      Any and all DOCUMENTS that support plaintiffs' Sixth Cause of Action

23  in the Complaint (Assault) against BRANT BLAKEMAN.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

25      Responding Party objects to this request for production as premature.

26  Because this request for production necessarily relies upon a contention,

27  and because this matter is in its early stages and pretrial discovery has only

28  just begun, Responding Party is unable to provide a complete response at

13325296.1

1 this time, nor is it required to do so. *See Kmiec v. Powerwave Techs. Inc. et*

2 *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

3 *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

4 at *1-2.

5     Responding Party further objects to this request on the grounds that it

6 violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

7 with reasonable particularity each item or category of items to be inspected."

8 Propounding Party's request for production does not describe an item or

9 category of items with reasonable particularity.

10     Responding Party further objects to the extent that this request for

11 production invades attorney-client privilege and/or violates the work product

12 doctrine by compelling Responding Party to disclose privileged

13 communications and/or litigation strategy. Responding Party will not provide

14 any such information.

15     Responding Party believes that the information requested is

16 documented in photos, videos, text messages and emails some of which

17 have been destroyed or are being withheld by the Defendants in this case.

18     Subject to and without waiver of the foregoing objections, Responding

19 Party responds as follows:

20     Responding Party has conducted a diligent search and is not presently

21 aware of any responsive documents within Responding Party's possession,

22 custody, or control.  Discovery is ongoing, and this contention-based

23 interrogatory is poorly defined and premature.  Thus, Responding Party

24 reserves the right to amend this response at the appropriate time in the

25 future if necessary.

26     See response to Request for Production No. 1.

27 **REQUEST FOR PRODUCTION NO. 11:**

28     Any and all DOCUMENTS that support plaintiffs' Seventh Cause of

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13325296.1

1  Action in the Complaint (Battery) against BRANT BLAKEMAN.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

3      Responding Party objects to this request for production as premature.

4  Because this request for production necessarily relies upon a contention,

5  and because this matter is in its early stages and pretrial discovery has only

6  just begun, Responding Party is unable to provide a complete response at

7  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*

8  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*

9  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)

10  at *1-2.

11      Responding Party further objects to this request on the grounds that it

12  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

13  with reasonable particularity each item or category of items to be inspected."

14  Propounding Party's request for production does not describe an item or

15  category of items with reasonable particularity.

16      Responding Party further objects to the extent that this request for

17  production invades attorney-client privilege and/or violates the work product

18  doctrine by compelling Responding Party to disclose privileged

19  communications and/or litigation strategy. Responding Party will not provide

20  any such information.

21      Responding Party believes that the information requested is

22  documented in photos, videos, text messages and emails some of which

23  have been destroyed or are being withheld by the Defendants in this case.

24      Subject to and without waiver of the foregoing objections, Responding

25  Party responds as follows:

26      Responding Party has conducted a diligent search and is not presently

27  aware of any responsive documents within Responding Party's possession,

28  custody, or control.  Discovery is ongoing, and this contention-based

Case No. 2:16-cv-02129-SJO (RAOx)

13325296.1

1   interrogatory is poorly defined and premature.  Thus, Responding Party
2   reserves the right to amend this response at the appropriate time in the
3   future if necessary.
4       See response to Request for Production No. 1.
5   **REQUEST FOR PRODUCTION NO. 12:**
6       Any and all DOCUMENTS that support plaintiffs' Eighth Cause of
7   Action in the Complaint (Negligence) against BRANT BLAKEMAN.
8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**
9       Responding Party objects to this request for production as premature.
10  Because this request for production necessarily relies upon a contention,
11  and because this matter is in its early stages and pretrial discovery has only
12  just begun, Responding Party is unable to provide a complete response at
13  this time, nor is it required to do so.  *See Kmiec v. Powerwave Techs. Inc. et*
14  *al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *see also Folz v.*
15  *Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014)
16  at *1-2.
17      Responding Party further objects to this request on the grounds that it
18  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
19  with reasonable particularity each item or category of items to be inspected."
20  Propounding Party's request for production does not describe an item or
21  category of items with reasonable particularity.
22      Responding Party further objects to the extent that this request for
23  production invades attorney-client privilege and/or violates the work product
24  doctrine by compelling Responding Party to disclose privileged
25  communications and/or litigation strategy. Responding Party will not provide
26  any such information.
27      Responding Party believes that the information requested is
28  documented in photos, videos, text messages and emails some of which

-21-

Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13325296.1

1   have been destroyed or are being withheld by the Defendants in this case.

2         Subject to and without waiver of the foregoing objections, Responding

3   Party responds as follows:

4         Responding Party has conducted a diligent search and is not presently

5   aware of any responsive documents within Responding Party's possession,

6   custody, or control.  Discovery is ongoing, and this contention-based

7   interrogatory is poorly defined and premature.  Thus, Responding Party

8   reserves the right to amend this response at the appropriate time in the

9   future if necessary.

10         See response to Request for Production No. 1.

11

12   DATED:  March 2, 2017                OTTEN LAW PC

13

14

15                                 By:      /s/ Victor Otten
                                          Victor Otten
16                                        Attorneys for Plaintiffs CORY
                                          SPENCER, DIANA MILENA REED, and
17                                        COASTAL PROTECTION RANGERS,
                                          INC.
18

19

20

21

22

23

24

25

26

27

28

-22-                              Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13325296.1

# PROOF OF SERVICE

## Spencer, et al. v. Lunada Bay Boys, et al.; USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Sacramento, State of California. My business address is 3620 Pacific Coast Highway, Suite 100, Torrance, CA 90505.

On March 2, 2017, I served true copies of the following document(s) described as:

**PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN**

on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 2, 2017, at Torrance, California.

_/s/ Victor Otten_
Victor Otten

13325296.1

1

## SERVICE LIST

2   *Spencer, et al. v. Lunada Bay Boys, et al.;* **USDC, Central District of**
**California, Case No. 2:16-cv-02129-SJO (RAOx)**
3

4   Robert T. Mackey           *(Attorneys for Defendant BRANT*
  Peter H. Crossin           *BLAKEMAN)*
  Richard P. Dieffenbach
5   John P. Worgul           Tel:  213.381.2861
  VEATCH CARLSON, LLP      Fax:  213.383.6370
6   1055 Wilshire Blvd., 11th Floor   E-Mail: rmackey@veatchfirm.com
  Los Angeles CA 90017                pcrossin@veatchfirm.com
7                                   rdieffenbach@veatchfirm.com
                                  jworgul@veatchfirm.com
8

9   Robert S. Cooper          *(Attorneys for Defendant BRANT*
  BUCHALTER NEMER, APC    *BLAKEMAN)*
  1000 Wilshire Blvd., Suite 1500
10   Los Angeles CA 90017        Tel:  213.891.0700
                               Fax:  213.896.0400
11                                E-Mail: rcooper@buchalter.com

12   J. Patrick Carey          *(Attorney for Defendant ALAN*
  LAW OFFICES OF J. PATRICK  *JOHNSTON a/k/a JALIAN*
13   CAREY                    *JOHNSTON)*
  1230 Rosecrans Ave., Suite 300
14   Manhattan Beach CA 90266   Tel:  310.526.2237
                               Fax:  424.456.3131
15                                E-Mail: pat@patcareylaw.com

16   Peter T. Haven           *(Attorney for Defendant MICHAEL*
  HAVEN LAW             *RAY PAPAYANS)*
17   1230 Rosecrans Ave., Suite 300
  Manhattan Beach, CA 90266   Tel:  310.272.5353
18                                Fax:  213.477.2137
                               E-Mail: peter@hblwfirm.us
19                                    peter@havenlaw.com

20   Edwin J. Richards         *(Attorneys for Defendants CITY OF*
  Antoinette P. Hewitt       *PALOS VERDES and CHIEF OF*
21   Rebecca L. Wilson        *POLICE JEFF KEPLEY)*
  Jacob Song
22   Christopher D. Glos      Tel:  949.417.0999
  KUTAK ROCK LLP        Fax:  949.417.5394
23   5 Park Plaza, Suite 1500    E-Mail: ed.richards@kutakrock.com
  Irvine CA 92614-8595           jacob.song@kutakrock.com
24                                 antoinette.hewitt@kutakrock.com
                                rebecca.wilson@kutakrock.com
25

26

27

28

13325296.1

| | | |
|---|---|---|
| 1 | Dana Alden Fox | *(Attorneys for Defendant SANG LEE)* |
| | Edward E. Ward, Jr. | |
| 2 | Eric Y. Kizirian | Tel:  213.580.3858 |
| | Tera Lutz | Fax:  213.250.7900 |
| 3 | LEWIS BRISBOIS BISGAARD & | E-Mail: dana.fox@lewisbrisbois.com |
| | SMITH LLP | edward.ward@lewisbrisbois.com |
| 4 | 633 W. 5th Street, Suite 4000 | eric.kizirian@lewisbrisbois.com |
| | Los Angeles CA 90071 | tera.lutz@lewisbrisbois.com |
| 5 | | |
| 6 | Daniel M. Crowley | *(Attorneys for Defendant SANG LEE)* |
| | BOOTH, MITCHEL & STRANGE | |
| 7 | LLP | Tel:  213.738.0100 |
| | 707 Wilshire Blvd., Suite 4450 | Fax:  213.380.3308 |
| 8 | Los Angeles CA 90017 | E-Mail: dmcrowley@boothmitchel.com |
| 9 | Mark C. Fields | *(Attorney for Defendant ANGELO* |
| | LAW OFFICES OF MARK C. | *FERRARA and Defendant N. F.* |
| 10 | FIELDS, APC | *appearing through Guardian Ad Litem,* |
| | 333 South Hope Street, 35th | *Leonora Ferrara)* |
| 11 | Floor | |
| | Los Angeles CA 90071 | Tel:  213.948.2349 |
| 12 | | Fax:  213.629.4520 |
| | | E-Mail: fields@markfieldslaw.com |
| 13 | Thomas M. Phillip | *(Attorneys for Defendant ANGELO* |
| | Aaron G. Miller | *FERRARA)* |
| 14 | THE PHILLIPS FIRM | |
| | 800 Wilshire Blvd., Suite 1550 | Tel:  213.244.9913 |
| 15 | Los Angeles CA 90017 | Fax:  213.250.7900 |
| | | E-Mail: tphillips@thephillipsfirm.com |
| 16 | | |
| 17 | Patrick Au | *(Attorneys for Defendants FRANK* |
| | Laura L. Bell | *FERRARA and CHARLIE FERRARA)* |
| 18 | BREMER WHYTE BROWN & | |
| | O'MEARA, LLP | Tel:  818.712.9800 |
| 19 | 21271 Burbank Blvd., Suite 110 | Fax:  818.712.9900 |
| | Woodland Hills CA 91367 | E-Mail: pau@bremerwhyte.com |
| 20 | | lbell@bremerwhyte.com |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COASTAL PROTECTION RANGERS, INC.'S RESPONSE TO REQUEST FOR PRODUCTION,
SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13325296.1