1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11  CORY SPENCER, an individual;
DIANA MILENA REED, an
12  individual; and COASTAL
PROTECTION RANGERS, INC., a
13  California non-profit public benefit
corporation,
14

15          Plaintiffs,

16      v.

17
LUNADA BAY BOYS; THE
18  INDIVIDUAL MEMBERS OF THE
LUNADA BAY BOYS, including but
19  not limited to SANG LEE, BRANT
BLAKEMAN, ALAN JOHNSTON
20  AKA JALIAN JOHNSTON,
MICHAEL RAE PAPAYANS,
21  ANGELO FERRARA, FRANK
FERRARA, CHARLIE FERRARA,
22  and N. F.; CITY OF PALOS
VERDES ESTATES; CHIEF OF
23  POLICE JEFF KEPLEY, in his
representative capacity; and DOES
24  1-10,

25

26          Defendants.

27

28

CASE NO. 2:16-cv-02129-SJO (RAOx)

**[PROPOSED] STIPULATED
PROTECTIVE ORDER**

Hon. Rozella A. Oliver

Complaint Filed:   March 29, 2016
Trial Date:        November 7, 2017

13327315.1

-1-

2:16-cv-02129-SJO (RAOx)

[Proposed] Protective Order – All Parties

1.   A.   <u>PURPOSE AND LIMITATIONS</u>.

Discovery in this action involves the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, Plaintiffs Cory Spencer, Diana Milena Reed, and Coastal Protection Rangers, Inc. ("Plaintiffs") and Individual Defendants Sang Lee, Michael Ray Papayans, Brant Blakeman, Alan Johnston, Charlie Ferrara, Frank Ferrara, Angelo Ferrara, and N.F. ("Defendants") (collectively, "the parties") hereby stipulate and petition the Court to enter the following Stipulated Protective Order.  The parties agree that this Order does not apply to documents that were filed with the Court before the date of this Order (*see, e.g.*, Dock. Nos. 233 & 234), nor does it require redaction of documents previously filed with this Court, or a related application for leave to re-file such documents under seal.  The parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.   <u>GOOD CAUSE STATEMENT</u>.

This action is likely to involve information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential information is limited to the private contact information of victims, witnesses, and/or parties, including home addresses, phone numbers, and/or email addresses.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the

1  parties are permitted reasonable necessary uses of such material in

2  preparation for and in the conduct of trial, to address their handling at the

3  end of the litigation, and serve the ends of justice, a protective order for such

4  information is justified in this matter.  It is the intent of the parties that

5  information will not be designated as confidential for tactical reasons and

6  that nothing be so designated without a good faith belief that it has been

7  maintained in a confidential, non-public manner, and there is good cause

8  why it should not be part of the public record of this case.

9        C.      <u>ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER</u>

10              <u>SEAL</u>.

11        The parties further acknowledge, as set forth in Section 12.3, below,

12  that this Stipulated Protective Order does not entitle them to file confidential

13  information under seal; Local Civil Rule 79-5 sets forth the procedures that

14  must be followed and the standards that will be applied when a party seeks

15  permission from the court to file material under seal.

16        There is a strong presumption that the public has a right of access to

17  judicial proceedings and records in civil cases.  In connection with non-

18  dispositive motions, good cause must be shown to support a filing under

19  seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176

20  (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th

21  Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D.

22  Wis. 1999) (even stipulated protective orders require good cause showing),

23  and a specific showing of good cause or compelling reasons with proper

24  evidentiary support and legal justification, must be made with respect to

25  Protected Material that a party seeks to file under seal.  The parties' mere

26  designation of Disclosure or Discovery Material as "CONFIDENTIAL" or

27  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not—without

28  the submission of competent evidence by declaration, establishing that the

[Proposed] Protective Order – All Parties

1  material sought to be filed under seal qualifies as confidential, privileged, or

2  otherwise protectable—constitute good cause.

3      Further, if a party requests sealing related to a dispositive motion or

4  trial, then compelling reasons, not only good cause, for the sealing must be

5  shown, and the relief sought shall be narrowly tailored to serve the specific

6  interest to be protected.  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d

7  665, 677-79 (9th Cir. 2010).  For each item or type of information, document,

8  or thing sought to be filed or introduced under seal in connection with a

9  dispositive motion or trial, the party seeking protection must articulate

10 compelling reasons, supported by specific facts and legal justification, for the

11 requested sealing order.  Again, competent evidence supporting the

12 application to file documents under seal must be provided by declaration.

13 2. <u>DEFINITIONS</u>.

14     2.1 Action: *Cory Spencer, et al. vs. Lunada Bay Boys, et al.*, Case No.

15 2:16-cv-02129-SJO (RAOx).

16     2.2 Challenging Party:  a Party or Non-Party that challenges the

17 designation of information or items under this Order.

18     2.3 "CONFIDENTIAL" Information or Items:  information (regardless of

19 how it is generated, stored or maintained) or tangible things that qualify for

20 protection under Federal Rule of Civil Procedure 26(c), and as specified

21 above in the Good Cause Statement.

22     2.4 Counsel:  Outside Counsel of Record and House Counsel (as well as

23 their support staff).

24     2.5 Designating Party: a Party or Non-Party that designates information

25 or items that it produces in disclosures or in responses to discovery as

26 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27 ONLY."

28     2.6 Disclosure or Discovery Material:  all items or information,

regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  By agreement of the parties, this designation is limited to the phone number(s) of parties and witnesses to this action.

2.9 House Counsel:  attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12 Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1    2.14 Professional Vendors:  persons or entities that provide litigation

2  support services (e.g., photocopying, videotaping, translating, preparing

3  exhibits or demonstrations, and organizing, storing, or retrieving data in any

4  form or medium) and their employees and subcontractors.

5    2.15 Protected Material:  any Disclosure or Discovery Material that is

6  designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL –

7  ATTORNEYS' EYES ONLY."

8    2.16 Receiving Party:  a Party that receives Disclosure or Discovery

9  Material from a Producing Party.

10  3.    SCOPE.

11    The protections conferred by this Stipulation and Order cover not only

12  Protected Material (as defined above), but also (1) any information copied or

13  extracted from Protected Material; (2) all copies, excerpts, summaries, or

14  compilations of Protected Material; and (3) any testimony, conversations, or

15  presentations by Parties or their Counsel that might reveal Protected

16  Material.

17    Any use of Protected Material at trial shall be governed by the orders

18  of the trial judge.  This Order does not govern the use of Protected Material

19  at trial.

20  4.    DURATION.

21    Once a case proceeds to trial, information that was designated as

22  CONFIDENTIAL or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23  ONLY" or maintained pursuant to this protective order is used or introduced

24  as an exhibit at trial becomes public and will be presumptively available to all

25  members of the public, including the press, unless compelling reasons

26  supported by specific factual findings to proceed otherwise are made to the

27  trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81

28  (distinguishing "good cause" showing for sealing documents produced in

1 | discovery from "compelling reasons" standard when merits-related
2 | documents are part of court record).  Accordingly, the terms of this
3 | protective order do not extend beyond the commencement of the trial.
4 | 5.    DESIGNATING PROTECTED MATERIAL.
5 |      5.1 Exercise of Restraint and Care in Designating Material for
6 | Protection. Each Party or Non-Party that designates information or items for
7 | protection under this Order must take care to limit any such designation to
8 | specific material that qualifies under the appropriate standards.  The
9 | Designating Party must designate for protection only those parts of material,
10 | documents, items or oral or written communications that qualify so that other
11 | portions of the material, documents, items or communications for which
12 | protection is not warranted are not swept unjustifiably within the ambit of this
13 | Order.
14 |      Mass, indiscriminate or routinized designations are prohibited.
15 | Designations that are shown to be clearly unjustified or that have been made
16 | for an improper purpose (e.g., to unnecessarily encumber the case
17 | development process or to impose unnecessary expenses and burdens on
18 | other parties) may expose the Designating Party to sanctions.
19 |      If it comes to a Designating Party's attention that information or items
20 | that it designated for protection do not qualify for protection, that Designating
21 | Party must promptly notify all other Parties that it is withdrawing the
22 | inapplicable designation.
23 |      5.2 Manner and Timing of Designations.  Except as otherwise provided
24 | in this Order (see, e.g., second paragraph of section 5.2(a) below), or as
25 | otherwise stipulated or ordered, Disclosure or Discovery Material that
26 | qualifies for protection under this Order must be clearly so designated before
27 | the material is disclosed or produced.
28 |      Designation in conformity with this Order requires:

13327315.1

-7-                                2:16-cv-02129-SJO (RAOx)
[Proposed] Protective Order – All Parties

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "AEO legend"), to each page that contains protected material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "AEO legend" to each page that contains Protected Material.  If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information

1  is stored the legend "CONFIDENTIAL" or "HIGHLY-CONFIDENTIAL

2  ATTORNEYS' EYES ONLY."  If only a portion or portions of the information

3  warrants protection, the Producing Party, to the extent practicable, shall

4  identify the protected portion(s).

5        5.3 Inadvertent Failures to Designate.  If timely corrected, an

6  inadvertent failure to designate qualified information or items does not,

7  standing alone, waive the Designating Party's right to secure protection

8  under this Order for such material.  Upon timely correction of a designation,

9  the Receiving Party must make reasonable efforts to assure that the

10  material is treated in accordance with the provisions of this Order.

11  6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS.

12        6.1 Timing of Challenges.  Any Party or Non-Party may challenge a

13  designation of confidentiality at any time that is consistent with the Court's

14  Scheduling Order.

15        6.2 Meet and Confer.  The Challenging Party shall initiate the dispute

16  resolution process under Local Rule 37.1 et seq.

17        6.3 The burden of persuasion in any such challenge proceeding shall be

18  on the Designating Party.  Frivolous challenges, and those made for an

19  improper purpose (e.g., to harass or impose unnecessary expenses and

20  burdens on other parties) may expose the Challenging Party to sanctions.

21  Unless the Designating Party has waived or withdrawn the confidentiality

22  designation, all parties shall continue to afford the material in question the

23  level of protection to which it is entitled under the Producing Party's

24  designation until the Court rules on the challenge.

25  7.    ACCESS TO AND USE OF PROTECTED MATERIAL.

26        7.1 Basic Principles.  A Receiving Party may use Protected Material that

27  is disclosed or produced by another Party or by a Non-Party in connection

28  with this Action only for prosecuting, defending or attempting to settle this

13327315.1

[Proposed] Protective Order – All Parties

1    Action.  Such Protected Material may be disclosed only to the categories of

2    persons and under the conditions described in this Order.  When the Action

3    has been terminated, a Receiving Party must comply with the provisions of

4    section 13 below (FINAL DISPOSITION).

5         Protected Material must be stored and maintained by a Receiving Party

6    at a location and in a secure manner that ensures that access is limited to

7    the persons authorized under this Order.

8         7.2 Disclosure of "CONFIDENTIAL" Information or Items.  Unless

9    otherwise ordered by the court or permitted in writing by the Designating

10   Party, a Receiving Party may disclose any information or item designated

11   "CONFIDENTIAL" only to:

12        (a) the Receiving Party's Outside Counsel of Record in this Action, as

13   well as employees of said Outside Counsel of Record to whom it is

14   reasonably necessary to disclose the information for this Action;

15        (b) the officers, directors, and employees (including House Counsel) of

16   the Receiving Party to whom disclosure is reasonably necessary for this

17   Action;

18        (c) Experts (as defined in this Order) of the Receiving Party to whom

19   disclosure is reasonably necessary for this Action and who have signed the

20   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

21        (d)    the court and its personnel;

22        (e)    court reporters and their staff;

23        (f)    professional jury or trial consultants, mock jurors, and

24   Professional Vendors to whom disclosure is reasonably necessary for this

25   Action and who have signed the "Acknowledgment and Agreement to Be

26   Bound" (Exhibit A);

27        (g) the author or recipient of a document containing the information or

28   a custodian or other person who otherwise possessed or knew the

1  information;

2      (h) during their depositions, witnesses, and attorneys for witnesses, in

3  the Action to whom disclosure is reasonably necessary provided: (1) the

4  deposing party requests that the witness sign the form attached as Exhibit 1

5  hereto; and (2) they will not be permitted to keep any confidential information

6  unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit

7  A), unless otherwise agreed by the Designating Party or ordered by the

8  court.  Pages of transcribed deposition testimony or exhibits to depositions

9  that reveal Protected Material may be separately bound by the court reporter

10  and may not be disclosed to anyone except as permitted under this

11  Stipulated Protective Order; and

12      (i) any mediator or settlement officer, and their supporting personnel,

13  mutually agreed upon by any of the parties engaged in settlement

14  discussions.

15      7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

16  ONLY" Information or Items.  Unless otherwise ordered by the court or

17  permitted in writing by the Designating Party, a Receiving Party may

18  disclose any information or item designated "HIGHLY CONFIDENTIAL –

19  ATTORNEYS' EYES ONLY" only to:

20      (a) the Receiving Party's Outside Counsel of Record in this Action, as

21  well as employees of said Outside Counsel of Record to whom it is

22  reasonably necessary to disclose the information for this Action;

23      (b) Experts (as defined in this Order) of the Receiving Party to whom

24  disclosure is reasonably necessary for this Action and who have signed the

25  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26      (c)    the court and its personnel;

27      (d)    court reporters and their staff;

28      (e)    professional jury or trial consultants, mock jurors, and

1   Professional Vendors to whom disclosure is reasonably necessary for this

2   Action and who have signed the "Acknowledgment and Agreement to Be

3   Bound" (Exhibit A);

4        (f) the author or recipient of a document containing the information or a

5   custodian or other person who otherwise possessed or knew the

6   information;

7        (g) during their depositions, witnesses, and attorneys for witnesses, in

8   the Action to whom disclosure is reasonably necessary provided: (1) the

9   deposing party requests that the witness sign the form attached as Exhibit 1

10  hereto; and (2) they will not be permitted to keep any confidential information

11  unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit

12  A), unless otherwise agreed by the Designating Party or ordered by the

13  court.  Pages of transcribed deposition testimony or exhibits to depositions

14  that reveal Protected Material may be separately bound by the court reporter

15  and may not be disclosed to anyone except as permitted under this

16  Stipulated Protective Order; and

17       (h) any mediator or settlement officer, and their supporting personnel,

18  mutually agreed upon by any of the parties engaged in settlement

19  discussions.

20  8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

21       IN OTHER LITIGATION.

22       If a Party is served with a subpoena or a court order issued in other

23  litigation that compels disclosure of any information or items designated in

24  this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

25  ATTORNEYS' EYES ONLY" that Party must:

26       (a) promptly notify in writing the Designating Party.  Such notification

27  shall include a copy of the subpoena or court order;

28       (b) promptly notify in writing the party who caused the subpoena or

1  order to issue in the other litigation that some or all of the material covered

2  by the subpoena or order is subject to this Protective Order.  Such

3  notification shall include a copy of this Stipulated Protective Order; and

4       (c) cooperate with respect to all reasonable procedures sought to be

5  pursued by the Designating Party whose Protected Material may be

6  affected.

7       If the Designating Party timely seeks a protective order, the Party

8  served with the subpoena or court order shall not produce any information

9  designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

10  – ATTORNEYS' EYES ONLY" before a determination by the court from

11  which the subpoena or order issued, unless the Party has obtained the

12  Designating Party's permission.  The Designating Party shall bear the

13  burden and expense of seeking protection in that court of its confidential

14  material and nothing in these provisions should be construed as authorizing

15  or encouraging a Receiving Party in this Action to disobey a lawful directive

16  from another court.

17  9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>

18         <u>PRODUCED IN THIS LITIGATION</u>.

19       The terms of this Order are applicable to information produced by a

20  Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced

22  by Non-Parties in connection with this litigation is protected by the remedies

23  and relief provided by this Order.  Nothing in these provisions should be

24  construed as prohibiting a Non-Party from seeking additional protections.

25       In the event that a Party is required, by a valid discovery request, to

26  produce a Non-Party's confidential information in its possession, and the

27  Party is subject to an agreement with the Non-Party not to produce the Non-

28  Party's confidential information, then the Party shall:

13327315.1

2:16-cv-02129-SJO (RAOx)

[Proposed] Protective Order – All Parties

1    (1) promptly notify in writing the Requesting Party and the Non-Party

2  that some or all of the information requested is subject to a confidentiality

3  agreement with a Non-Party;

4    (2) promptly provide the Non-Party with a copy of the Stipulated

5  Protective Order in this Action, the relevant discovery request(s), and a

6  reasonably specific description of the information requested; and

7    (3) make the information requested available for inspection by the

8  Non-Party, if requested.

9    If the Non-Party fails to seek a protective order from this court within 14

10  days of receiving the notice and accompanying information, the Receiving

11  Party may produce the Non-Party's confidential information responsive to

12  the discovery request.  If the Non-Party timely seeks a protective order, the

13  Receiving Party shall not produce any information in its possession or

14  control that is subject to the confidentiality agreement with the Non-Party

15  before a determination by the court.  Absent a court order to the contrary,

16  the Non-Party shall bear the burden and expense of seeking protection in

17  this court of its Protected Material.

18  10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

19    If a Receiving Party learns that, by inadvertence or otherwise, it has

20  disclosed Protected Material to any person or in any circumstance not

21  authorized under this Stipulated Protective Order, the Receiving Party must

22  immediately (a) notify in writing the Designating Party of the unauthorized

23  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

24  Protected Material, (c) inform the person or persons to whom unauthorized

25  disclosures were made of all the terms of this Order, and (d) request such

26  person or persons to execute the "Acknowledgment and Agreement to Be

27  Bound" that is attached hereto as Exhibit A.

28  / / /

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. <u>MISCELLANEOUS</u>.

12.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise

1  instructed by the court.

2      A Party who wishes to file documents or information which includes

3  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

4  ONLY" information – specifically, a witness's or Party's telephone number –

5  must redact all but the last four digits of the telephone number, rather than

6  file the document under seal.  For example, a redacted telephone number

7  shall appear as follows: ████████-1234.

8  13.  <u>FINAL DISPOSITION</u>.

9      After the final disposition of this Action, as defined in paragraph 4, within

10  60 days of a written request by the Designating Party, each Receiving Party

11  must return all Protected Material to the Producing Party or destroy such

12  material.  As used in this subdivision, "all Protected Material" includes all

13  copies, abstracts, compilations, summaries, and any other format

14  reproducing or capturing any of the Protected Material.  Whether the

15  Protected Material is returned or destroyed, the Receiving Party must submit

16  a written certification to the Producing Party (and, if not the same person or

17  entity, to the Designating Party) by the 60 day deadline that (1) identifies (by

18  category, where appropriate) all the Protected Material that was returned or

19  destroyed and (2) affirms that the Receiving Party has not retained any

20  copies, abstracts, compilations, summaries or any other format reproducing

21  or capturing any of the Protected Material. Notwithstanding this provision,

22  Counsel are entitled to retain an archival copy of all pleadings, motion

23  papers, trial, deposition, and hearing transcripts, legal memoranda,

24  correspondence, deposition and trial exhibits, expert reports, attorney work

25  product, and consultant and expert work product, even if such materials

26  contain Protected Material.  Any such archival copies that contain or

27  constitute Protected Material remain subject to this Protective Order as set

28  forth in Section 4 (DURATION).

14. <u>VIOLATION</u>.

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  May 2, 2017                    HANSON BRIDGETT LLP


By: */s/ Samantha Wolff*
KURT A. FRANKLIN
SAMANTHA D. WOLFF
Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.


DATED:  May 2, 2017                    OTTEN LAW, PC


Bv: */s/ Victor Otten*\*
VICTOR OTTEN
KAVITA TEKCHANDANI
Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.


DATED:  May 2, 2017                    LEWIS BRISBOIS BISGAARD &
SMITH LLP


Bv: */s/ Tera Lutz*\*
DANA ALDEN FOX
EDWARD E. WARD, JR.
TERA LUTZ
Attorneys for Defendant
SANG LEE

| | |
|---|---|
| 1 | DATED:  May 2, 2017 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |

DATED:  May 2, 2017                 LAW OFFICES OF J. PATRICK
CAREY


By: */s/ J. Patrick Carey**
J. PATRICK CAREY
Attorneys for Defendant
ALAN JOHNSTON

DATED:  May 2, 2017                 HAVEN LAW


By: */s/ Peter T. Haven**
PETER T. HAVEN
Attorneys for Defendant
MICHAEL RAY PAPAYANS

DATED:  May 2, 2017                 LAW OFFICES OF MARK C. FIELDS,
APC


By: */s/ Mark C. Fields**
MARK C. FIELDS
Attorneys for Defendants
ANGELO FERRARA and N.F.

DATED:  May 2, 2017                 THE PHILLIPS FIRM


By: */s/ Matthew E. Voss**
THOMAS M. PHILLIPS
MATTHEW VOSS
Attorneys for Defendants
ANGELO FERRARA and N.F.

/ / /

/ / /

/ / /

/ / /

13327315.1

-18-           2:16-cv-02129-SJO (RAOx)

[Proposed] Protective Order – All Parties

1  DATED:  May 2, 2017                        BUCHALTER NEMER

2

3
                                          By: /s/ Robert S. Cooper*
4                                             ROBERT S. COOPER
                                              Attorney for Defendant
5                                             BRANT BLAKEMAN

6
    DATED:  May 2, 2017                        VEATCH CARLSON, LLC
7

8
                                          By: /s/ Richard Dieffenbach*
9                                             RICHARD DIEFFENBACH
                                              JOHN WORGUL
10                                            Attorneys for Defendant
                                              BRANT BLAKEMAN
11

12
    DATED:  May 2, 2017                        BREMER WHYTE BROWN &
13                                             O'MEARA LLP

14

15
                                          By: /s/ Tiffany Bacon*
16                                            ALISON HURLEY
                                              TIFFANY BACON
17                                            Attorneys for Defendants
                                              FRANK FERRARA and CHARLIE
18                                            FERRARA

19

20  *I, Samantha Wolff, attest that counsel concur in the content of this filing and
    have authorized this filing on their behalves.
21

22

23  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

24

25
    DATED:_____  _____
26
                                   HON. ROZELLA A. OLIVER
27                                 United States Magistrate Judge

28

13327315.1

-19-                                2:16-cv-02129-SJO (RAOx)
[Proposed] Protective Order – All Parties

**EXHIBIT A**
ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____