HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
JENNIFER ANIKO FOLDVARY, SBN 292216
jfoldvary@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 777-3200
Facsimile:   (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:  (916) 442-3333
Facsimile:   (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone:  (310) 378-8533
Facsimile:   (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFFS' LETTER BRIEF TO THE HONORABLE ROZELLA A. OLIVER (DISCOVERY DISPUTE)** |

|   |   |   |
|---|---|---|
| Plaintiffs, | | |
| v. | | |
| LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, | | |
| Defendants. | Complaint Filed:<br>Trial Date: | March 29, 2016<br>November 7, 2017 |

Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFFS' LETTER BRIEF TO THE HONORABLE ROZELLA A. OLIVER
(DISCOVERY DISPUTE)

13596451.1



**LISA M. POOLEY**
PARTNER
DIRECT DIAL (415) 995-5051
DIRECT FAX (415) 995-3405
E-MAIL lpooley@hansonbridgett.com

June 28, 2017

*Via E-Filing*

The Honorable Rozella A. Oliver
Magistrate Judge
United States District Court
 for the Central District of California
Courtroom F, 9th Floor
312 N. Spring Street
Los Angeles, CA  90012

Re:  ***Spencer, et al. v. Lunada Bay Boys, et al.***
 **(U.S.D.C. for the Central District of California Case #2:16-cv-02129-SJO (RAOx))**

Dear Judge Oliver,

Pursuant to the Court's June 26, 2017 Order, Plaintiffs submit this letter brief concerning the dispute over the taking of Defendant Alan Johnston's deposition.

Initial Meet And Confer Efforts

On June 7, 2017, counsel for Plaintiffs' counsel contacted Mr. Johnston's attorney and advised him that Plaintiffs wanted to take Mr. Johnston's deposition and asked for dates that Mr. Johnston and his attorney were available in June.  In response, Mr. Johnston's attorney advised that Mr. Johnston was out of the country, but he had contacted Mr. Johnston and asked him to schedule a time as soon as possible to come back for his deposition.

Later on June 7, 2017, Mr. Johnston's attorney advised Plaintiff's counsel that Mr. Johnston was "booked for work through July" and "has a flight scheduled for August 17th."  Defense counsel stated that Plaintiffs could choose any date that week for his deposition.

On June 8, 2017, Plaintiffs' counsel explained to Mr. Johnston's attorney that waiting over two months to take Mr. Johnston's deposition was not feasible for

The Honorable Rozella A. Oliver
June 28, 2017
Page 2

Plaintiffs. Plaintiffs' counsel inquired if Mr. Johnston was working remotely until August 17, where he was flying in from, and whether he could not make himself available on some date in June. Defense counsel explained that Mr. Johnston "spends most of his time traveling internationally for VAST," that he currently was in Taiwan "working for VAST Life Taiwan," and that he was advised that Mr. Johnston could not make it back until August 17. Defense counsel proposed a video deposition. In response, Plaintiffs' counsel reminded defense counsel that discovery closes on August 7. Plaintiff's counsel also advised that Plaintiffs preferred to take Mr. Johnston's deposition in person, as they are entitled to do. Plaintiffs' counsel stated that she was unsure of Mr. Johnston's employment position, but as a party to this lawsuit, he needed to appear for his deposition upon reasonable notice. Plaintiff's counsel advised that if Mr. Johnston did not agree to appear for his deposition in June, then a conference with Magistrate Oliver would be necessary to resolve the issue. Plaintiff did not agree.

June 15, 2017 Court Hearing

On June 15, 2017, the Court held a telephonic hearing. After hearing from each party, the Court indicated that if Mr. Johnston was saying he had no date available for his deposition before the close of discovery, then Plaintiffs should proceed with noticing his deposition and, if Mr. Johnston did not appear as noticed, then Plaintiffs would need to follow procedures to compel his attendance. During the hearing, Mr. Johnston's attorney clarified that Mr. Johnston is *not* an employee of VAST, but he is "sponsored" by this surf company.

After the hearing, the Court issued an Order directing the parties to meet and confer in good faith and, if unable to reach a resolution, to schedule a telephonic conference with the Court.

Continued Meet And Confer Efforts

Later on June 15, 2017, Mr. Johnston's attorney advised Plaintiffs' counsel that he had left a message for Mr. Johnston telling him that he must choose a date to come home as soon as possible or Plaintiffs simply would notice his deposition. Plaintiffs' counsel advised that Plaintiffs intended to notice Mr. Johnston's deposition, given the delay in scheduling thus far, the impending discovery deadline, and counsel's calendar. But Plaintiffs' counsel also stated that Plaintiffs would consider a proposed alternative date on which Mr. Johnston agreed to

The Honorable Rozella A. Oliver
June 28, 2017
Page 3

appear, should he do so. Plaintiffs noticed Mr. Johnston's deposition for June 30, 2017.

On June 19, 2017, Plaintiffs' counsel contacted Mr. Johnston's attorney to inquire if he had communicated further with Mr. Johnston about his return. Defense counsel stated that Mr. Johnston "could not make it back for 6/30/17" and he was "still working on it."

On June 20, 2017, Mr. Johnston's attorney informed Plaintiff's counsel again that Mr. Johnston could not make it back for his deposition on June 30. Defense counsel stated that the "only break" in Mr. Johnston's schedule is on July 11. Defense counsel stated that he was trying to arrange something around that date and urging Mr. Johnston to arrange a break and book travel home.

On June 21, 2017, Plaintiffs' counsel informed Mr. Johnston's attorney that because Mr. Johnston had not agreed to appear for his deposition on a mutually-agreeable date, Plaintiffs were not taking the June 30 deposition off calendar. Plaintiffs' counsel advised that if Mr. Johnston did not appear for his deposition as noticed, then Plaintiffs would move to compel his deposition and seek sanctions for his failure to appear.

After Plaintiffs Requested A Second Hearing With The Court, The Parties Continued To Meet And Confer As Ordered

On June 26, 2017, Plaintiff's counsel contacted the Court to request a telephonic hearing concerning Mr. Johnston's deposition. The Court issued an Order directing the parties to meet and confer one more time regarding this dispute and, if not resolved, to submit letter briefs to the Court.

Later that day, Mr. Johnston's attorney advised Plaintiffs' counsel that he "may have Mr. Johnston secured for 7/28/27 deposition," but he could not "100% confirm." He said he hoped to hear from Mr. Johnston shortly. (Defense counsel made no further mention of Mr. Johnson's "break in his schedule" on July 11.)

Final Meet and Confer Proposals

On June 27, 2017, the parties met and conferred again as ordered by the Court, but did not resolve the matter.

13592773.1

The Honorable Rozella A. Oliver
June 28, 2017
Page 4

Defense counsel proposed that Mr. Johnston's deposition proceed on July 28, although he had not received confirmation from Mr. Johnston yet that he would return to the country for his deposition on that date.

Plaintiffs' counsel explained that waiting until July 28, even assuming that Mr. Johnston agreed to appear on that date, would put Plaintiffs at an unfair disadvantage given that: (1) Mr. Johnston's testimony may be relevant and necessary to oppose the two defense summary judgment motions, which Plaintiffs have been advised will be filed against them (and which must be filed by July 24, but could be filed sooner) and (2) Plaintiffs likely would have insufficient time before the close of discovery on August 7, 2017 to compel testimony from Mr. Johnston, should they need to do so based on his responses at his deposition.

Plaintiffs' counsel proposed that Mr. Johnston appear at his deposition on June 30, as noticed, and, if he would not, then he appear for his deposition the following week, the week of July 3.

Conclusion And Request For Sanctions

Since June 7, 2017, Plaintiffs have been attempting to schedule and take Defendant Johnston's deposition. Mr. Johnston, however, has not agreed to have his deposition taken on any set date and has refused to attend his properly noticed deposition on June 30, 2017. Accordingly, Plaintiffs seek sanctions against Defendant Johnston under Rule 37(d) of the Federal Rules of Civil Procedure.

Sincerely,

HANSON BRIDGETT LLP

*Lisa M Pooley*

Lisa M. Pooley
Counsel for Plaintiffs
CORY SPENCER, DIANA MILENA REED,
AND COASTAL PROTECTION RANGERS, INC.

13592773.1