1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   JENNIFER ANIKO FOLDVARY, SBN 292216
4  jfoldvary@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone:       (415) 777-3200
6  Facsimile:       (415) 541-9366

7  OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
8  vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
9  kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
10 Torrance, California 90505
   Telephone:       (310) 378-8533
11 Facsimile:       (310) 347-4225

12 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA REED,
13 and COASTAL PROTECTION RANGERS, INC.

14

15                    UNITED STATES DISTRICT COURT

16         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

17

18 CORY SPENCER, et al.,                ) Case No.: 2:16-cv-02129-SJO (RAOx)
                                        )
19                    Plaintiff,        ) STIPULATED ORDER TO RELEASE CELL
                                        ) PHONE
20                                      )
   vs.                                  ) Hon. Rozella A. Oliver
21                                      )
   LUNADA BAY BOYS, et al.              ) Complaint Filed: March 29, 2016
22                                      ) Trial Date: November 7, 2017
                      Defendants        )
23 _____)

24

25

26

27

28                                    1

                 STIPULATED ORDER TO RELEASE CELL PHONE

1.  <u>RECITALS</u>.

    In February 2017, Plaintiff Cory Spencer served a First Request for Production of Documents on Defendant Michael Papayans. Mr. Papayans responded on March 20, 2017. On April 7, 2017, Plaintiffs requested to meet with Mr. Papayan's attorney, Peter Haven, in a good faith effort to eliminate or narrow the issues raised in the responses. (See, L.R. 37-1 and Fed. R. Civ. P. 37(a)(2)(A),(B)).

    On April 17, 2017, Mr. Otten met with Mr. Haven at Otten Law, PC. During the meet and confer, Mr. Haven informed Mr. Otten that his client could not provide certain information because his client's cell phone had been seized by the Los Angeles Police Department pursuant to a search warrant in an unrelated matter. Mr. Haven agreed to produce paper copies of available relevant cell phone bills. On May 15, 2017, Mr. Haven produced redacted copies of paper invoices marked "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" for the

billing period from approximately October 2015 until May 2016. It is the Plaintiffs' position that they are entitled to electronic copies of information on the phone, and not just paper bills.

On April 27, 2017, Mr. Otten met with Michele Hanisee, the attorney handling the Papayans case for the Los Angeles District Attorney's Office. Mr. Otten explained to Ms. Hanisee that the Plaintiffs needed the contents of Mr. Papayans' cell phone for a civil case and inquired how that could be arranged. Ms. Hanisee said that the phone was in the possession of the Los Angeles Police Department but can be released to a vendor for examination pursuant to a court order. The cell phone is part of the investigation file DR #15-1100891. The phone is evidence item 16.

Mr. Otten subsequently informed Mr. Haven what he learned from his meeting with Ms. Hanisee.

2.   <u>STIPULATION</u>.

IT IS HEREBY STIPULATED THAT that:

3

1.      Mr. Papayans' cell phone can be released by the Los Angeles Police Department to Meridian Discovery, care of Arman Gungor (hereafter "Meridian").[1]

2.      Within 2 business days of execution of this Stipulation, Mr. Papayans will retain Meridian located at 611 Wilshire Blvd, Ste 315, Los Angeles, CA 90017 to conduct a forensic investigation of the data on the phone. Mr. Papayans agrees to cooperate as necessary with Meridian with respect to passwords. Defendant Papayans will pay the cost of the forensic examination and subsequent production.

3.      Meridian is to forensically extract all available data from Mr. Papayans' phone including, without limitation:

-       Call History (including voice mail)

-       Text Message History

-       Email history

-       Photos & Videos

-       Contacts & Calendar

_____

[1] www.meridiandiscovery.com

4

STIPULATED ORDER TO RELEASE CELL PHONE

–       Maps

–       Notes

–       Web history

–       Geolocation (GPS/Cell Tower) data.

The information extracted should include date and time stamps, to the extent available, as well as any other forensic information that can be attributed to each item.

4.      Text Message history should include both SMS and MMS text as well as any other messaging applications found on the phone. Data should include active content as well as deleted but recoverable content.   In addition to call activity, server and other connection logs including backup logs should be extracted to the extent available.

5.      Once preservation is complete, using parameters and instructions agreed upon by the parties and provided to Meridian by Mr. Haven, Meridian will perform search and filtering to locate potentially

documents will be provided to Mr. Haven for review.

6.  Upon receipt of the information from Meridian, Mr. Haven and his client shall have 5 days to review the information, assert any appropriate objections and/or any appropriate "CONFIDENTIAL" designation under the Protective Order, and produce non-objectionable data or documents that are responsive to the Request for Production of Documents.

7.  Upon completion, Meridian shall return the phone to the Los Angeles Police Department.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: July 3, 2017                  OTTEN LAW, PC



                                     By: /s/ Victor Otten
                                     VICTOR OTTEN
                                     KAVITA TEKCHANDANI
                                     Attorneys for Plaintiffs
                                     CORY SPENCER, DIAN MILENA
                                     REED, and COASTAL
                                     PROTECTION RANGERS, INC.

6

STIPULATED ORDER TO RELEASE CELL PHONE

DATED: July 3, 2017                    HAVEN LAW


                                       By: /s/ Peter T. Haven
                                       PETER T. HAVEN
                                       Attorneys for Defendant
                                       MICHAEL RAY PAPAYANS

7

STIPULATED ORDER TO RELEASE CELL PHONE

FOR GOOD CAUSE SHOWN, IT IS ORDERED THAT:

The Los Angeles Police Department Release the cell phone of Michael Papayans, which is part of the investigation file DR #15-1100891, evidence item 16, to Meridian Discovery, care of Arman Gungor (hereafter "Meridian"), located at 611 Wilshire Blvd, Ste 315, Los Angeles, CA 90017.

Mr. Papayans shall cooperate as necessary with Meridian with respect to passwords, and shall pay Meridian's costs as well as the costs of production.

Meridian is to forensically extract all available data from Mr. Papayans' phone including, without limitation:

- Call History (including voice mail)

- Text Message History

- Email history

- Photos & Videos

- Contacts & Calendar

- Maps

8

STIPULATED ORDER TO RELEASE CELL PHONE

–    Notes

–    Web history

–    Geolocation (GPS/Cell Tower) data.

The information extracted should include date and time stamps, to the extent available, as well as any other forensic information that can be attributed to each item.

Text Message history should include both SMS and MMS text as well as any other messaging applications found on the phone. Data should include active content as well as deleted but recoverable content.  In addition to call activity, server and other connection logs including backup logs should be extracted to the extent available.

Once preservation is complete, using parameters and instructions agreed upon by the parties and provided to Meridian by Papayans' counsel, Peter Haven, Meridian will perform search and filtering to locate potentially

STIPULATED ORDER TO RELEASE CELL PHONE

responsive documents in the extracted data. These
documents will be provided to Mr. Haven for review.

Upon receipt of the information from Meridian, Mr.
Haven and his client shall have 5 days to review the
information, assert any appropriate objections and/or
any appropriate "CONFIDENTIAL" designation under the
Protective Order, and produce non-objectionable data or
documents that are responsive to the Request for
Production of Documents.

Upon completion, Meridian shall return the phone to
the Los Angeles Police Department.

Date:

_____
HON. ROZELLA A. OLIVER
United States Magistrate Judge

STIPULATED ORDER TO RELEASE CELL PHONE