EDWIN J. RICHARDS (SBN 43855)
Email: Ed.Richards@kutakrock.com
ANTOINETTE P. HEWITT (SBN 181099)
Email: Antoinette.hewitt@kutakrock.com
CHRISTOPHER D. GLOS (SBN 210877)
Email: Christopher.Glos@kutakrock.com
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, CA  92614-8595
Telephone:  (949) 417-0999
Facsimile:   (949) 417-5394

**[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]**

Attorneys for Defendants
CITY OF PALOS VERDES ESTATES and
CHIEF OF POLICE JEFF KEPLEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA; WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>                    Plaintiffs,<br><br>          v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>                    Defendants. | Case No.  2:16-cv-02129-SJO-RAO<br><br>Assigned to District Judge:<br>Hon. S. James Otero; Courtroom: 10C<br>@ 350 W. First Street, L.A., CA  90012<br><br>Assigned Discovery:<br>Magistrate Judge:  Hon. Rozella A. Oliver<br><br>**[Exempt From Filing Fees Pursuant To Government Code § 6103]**<br><br>**CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>[Filed concurrently with Notice, Motion and Points and Authorities for Summary Judgment/Adjudication; Declarations of Christopher D. Glos and Vickie Kroneberger][Proposed Order lodged herewith]<br><br>[FRCP Rule 56]<br><br>Date:        August 21, 2017<br>Time:        10:00 a.m.<br>Ctrm.:       10C; Hon. S. JAMES OTERO<br><br>Complaint Filed: March 29, 2016<br>Trial:           November 7, 2017 |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4848-1665-5946.1

- 1 -

2:16-cv-02129-SJO-RAO

SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

**TO THE PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendants City of Palos Verdes Estates ("City") and Chief of Police Jeff Kepley ("Kepley") (collectively, "City Defendants") hereby respectfully submit the following Separate Statement of Uncontroverted Facts in support of their Motion for Summary Judgment or, in the Alternative, Summary Adjudication.

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| 1. Before the age of 20, Spencer visited Lunada Bay on four or five occasions. He never experienced intimidation, vandalism, or any other harmful act. | 1. October 11, 2016 Deposition of Plaintiff Cory Eldon Spencer ("Spencer Deposition"), 60:10-61.14. |
| 2. After age 20, but before January 2016, Spencer visited Lunada Bay another four or five times. No individual approached him or spoke to him, but he "believes" he experienced localism on one of the visits because there was "a group of guys at their local spot being locals". | 2. Spencer Deposition, 82:19-84:3. |
| 3. On January 29, 2016, Spencer decided to surf at Lunada Bay with a group of other surfers. | 3. Spencer Deposition, 75:17-76:5. |
| 4. Prior to the January 29, 2016 visit, Spencer emailed Chief Kepley and a Police Captain to request extra | 4. Spencer Deposition, 78:3-79:8. |

SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| police patrols during his visit to Lunada Bay. | |
| 5.    Extra    police    patrols    were provided. | 5.    Spencer    Deposition,    125:22-127:15, 193:20-194:17. |
| 6.    On January 29, 2016, Spencer recalls an unidentified individual telling him "You can't surf here kook." | 6.    Spencer Deposition, 98:5-100:6. |
| 7.    Spencer also recalled statements like "How many other places did you pass to get here to surf?" and "Why don't you fucking go home, you fucking kook." | 7.    Spencer    Deposition,    102:12-103:3. |
| 8.    Another unidentified individual made similar comments. | 8.    Spencer    Deposition,    103:21-104:24. |
| 9.    In the water, Spencer testified that an unidentified LBB Defendant crossed surf boards with him and left a half-inch cut on his right wrist. | 9.    Spencer    Deposition,    106:17-107:6. |
| 10.    Spencer believed the incident was intentional, but the purported LBB Defendant claimed that Spencer was paddling in the sun glare and that he had not seen Spencer. | 10.    Spencer Deposition, 109:10-22. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4848-1665-5946.1    - 3 -    2:16-cv-02129-SJO-RAO
SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| 11.   Spencer claimed to be fearful, but continued to surf at least one more wave before leaving the water because he was "getting a little hypothermic" and his wrist was bleeding. | 11.   Spencer Deposition, 110:9-24; 114:24-115:14. |
| 12.   Spencer's companion continued to surf. | 12.   Spencer Deposition, 115:2-5. |
| 13.   Upon returning to the top of the Lunada Bay bluff, Spencer encountered five or six police officers, three police vehicles, and a motorcycle. | 13.   Spencer Deposition, 130:23-132:15. |
| 14.   Spencer approached the police officers to thank them for showing up and to express his appreciation.   He also told a police officer about his incident, including stating "[t]he guy is going to claim sun glare and whatnot" caused the collision | 14.   Spencer Deposition, 125:22-127:15. |
| 15.   Spencer, a police officer himself, did not tell the police officer that what happened was a crime. | 15.   Spencer Deposition, 111:5-112:1; 279:2-280:14; 128:4-17. |
| 16.   Spencer did not ask for a police investigation or follow up on the matter. | 16.   Spencer Deposition, 125:22-127:15. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4848-1665-5946.1

2:16-cv-02129-SJO-RAO

SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| 17.     After January 29, 2016, Spencer never communicated to anyone at the City about the incident. | 17.   Spencer   Deposition,   132:25-134:11. |
| 18.     Christopher Taloa testified that the City police "ha[s] been nothing but good to me.  They have been there for us and I am so thankful and grateful on that aspect in that matter." | 18.   January 5, 2017 Deposition of Christopher Taloa, 303:19-25 |
| 19.     Spencer returned to Lunada Bay in February not to surf, but to observe for incidents, as well as to watch the other surfers' property. | 19.   Spencer   Deposition,   137:16-138:5. |
| 20.     Spencer again contacted the Police Department about his planned trip and remembers seeing two or three police vehicles and two patrolmen and a sergeant on this date. | 20.   Spencer   Deposition,   139:2-140:2; 184:13-185:6. |
| 21.     Spencer remembers unidentified individuals (some driving by and some standing on the bluffs) calling him "kook" and asking "what are you doing?" | 21.   Spencer   Deposition,   142:24-144:19. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4848-1665-5946.1                                    - 5 -                        2:16-cv-02129-SJO-RAO
SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
| --- | --- |
| 22.    Spencer recognized Defendant Blakeman, who stood between 5 and 50 feet away filming him and the other surfers. | 22.   Spencer   Deposition,   143:13-144:16. |
| 23.    Spencer encountered no other action that he viewed as harassment or violence. | 23.   Spencer Deposition, 146:18-19. |
| 24.    On March 4, 2016, Spencer emailed Chief Kepley to thank him and the Police Department for providing the extra police patrols. | 24.   Spencer   Deposition,   158:9-159:14; 160:7-12; Spencer Deposition, Exhibit 42. |
| 25.    In subsequent months, Spencer visited Lunada Bay between three to five times. | 25.   Spencer Deposition, 170:9-24. |
| 26.    Spencer observed unidentified individuals slowly drive by while using cell phones and then later observed more unidentified individuals showing up.  However, Spencer confirmed that nothing happened on these subsequent visits. | 26.   Spencer   Deposition,   173:5-174:14. |
| 27.    Spencer does not recall any City police officer ever asking him where he lived. | 27.   Spencer Deposition, 305:17-23. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4848-1665-5946.1                          - 6 -                     2:16-cv-02129-SJO-RAO
SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| 28.      Reed's first visit to Lunada Bay was on January 6, 2016. | 28.   October 24, 2016 Deposition of Diana Milena Reed ("10/24/16 Reed Deposition"), 104:7-105:6. |
| 29.      Reed was there for two hours and no one harassed, intimidated or otherwise caused her or her property harm. | 29.   10/24/16    Reed    Deposition, 108:22-109:19. |
| 30.     On January 29, 2016, Reed returned to Lunada Bay to surf with her boyfriend. | 30.   10/24/16    Reed    Deposition, 101:22-103:18. |
| 31.     Unidentified    individuals    in automobiles   drove   around   Reed's vehicle and yelled "kooks", "you can't surf here" and profanities at her.  Other unidentified individuals videotaped her. | 31.   10/24/16    Reed    Deposition, 119:25-121:1; 129:18-23; 130:8-14. |
| 32.      After a descending to the beach, an unidentified individual purportedly called her a "whore" and then returned to yell profanities at them. A police officer walked over and asked her what was going on. Reed described the incident and he inquired whether she wanted to file a police report, which she did. | 32.   10/24/16    Reed    Deposition, 130:17-25; 134:5-24. |

SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| 33.    The police detained a suspect but informed Reed that because they did not overhear the words yelled, they could not arrest the individual. | 33.   10/24/16   Reed   Deposition, 135:14-25. |
| 34.    The police counseled Reed on filing a citizen's arrest, including the possible civil ramifications if she were found wrong in making the arrest. | 34.   10/24/16   Reed   Deposition, 135:14-136:17; 141:3-11. |
| 35.    The police told Reed that the outcome would be the same whether she filed a police report or undertook a citizen's arrest (absent the civil liability exposure). | 35.   10/24/16   Reed   Deposition, 135:14-136:17. |
| 36.    Reed did not know whether the police officer asked where she was from. | 36.   10/24/16   Reed   Deposition, 138:19-139:3. |
| 37.    On February 5, 2016, Reed returned to Lunada Bay. | 37.   10/24/16   Reed   Deposition, 146:11-20. |
| 38.    Reed could not recall whether police were present, but did remember her boyfriend surfed without incident. | 38.   10/24/16   Reed   Deposition, 154:24-155:18; 156:16-17. |
| 39.    On February 13, 2016, Reed returned to Lunada Bay. | 39.   10/24/16   Reed   Deposition, 156:23-157:5. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4848-1665-5946.1                                                          2:16-cv-02129-SJO-RAO

SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| 40. Reed could not recall the specific chain of events, but remembers "various profanities of various instances". | 40. 10/24/16 Reed Deposition, 167:10-168:2. |
| 41. Reed also recalled a middle-aged male and teenage boy filming her and her boyfriend, attempting to block their path, and telling them they were "done". | 41. 10/24/16 Reed Deposition, 167:10-168:2. |
| 42. At the base of the Lunada Bay bluff, Reed was approached by Defendants Blakeman and Johnston. Reed testified they "rushed" her in a hostile manner and asked whether she wanted a beer. Defendant Blakeman got close to her face and filmed her. Defendant Johnston "opened a can of beer in a way that sprayed on [her] arm and camera." | 42. 10/24/16 Reed Deposition, 170:5-173:17. |
| 43. Defendant Johnston also acted in a sexual manner toward her and another woman by "grunting and making – making moans and noises resembling [ ] an orgasm. He was | 43. 10/24/16 Reed Deposition, 177:14-178:2. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4848-1665-5946.1                                        2:16-cv-02129-SJO-RAO

SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| thrusting and rubbing his torso in a sexual manner."   Reed asked why she was being filmed and the alleged response was because she was sexy. Defendant Johnston allegedly told her he's "big enough to get the job done" while grunting and moaning. | |
| 44.    Reed attempted to call the police, but was unable to receive cell reception. | 44.   10/24/16   Reed   Deposition, 175:8-15;   October   25,   2016 Deposition of Diana Milena Reed ("10/25/16 Reed Deposition") 203:7-12. |
| 45.    Reed   believes   Defendant Johnston, while changing out of his wetsuit,   intentionally   permitted   the towel   wrapped   around   him   to open such that he exposed his penis. | 45.   10/25/16   Reed   Deposition, 358:18-360:23. |
| 46.    Reed returned to the top of the bluff and approached a police officer to explain what had occurred. | 46.   10/24/16   Reed   Deposition, 181:16-183:12;   10/25/16   Reed Deposition, 216:20-25; 218:15-220:4. |
| 47.    The police officer listened and then escorted Reed back down the bluff to identify the men.  They were gone. | 47.   10/24/16   Reed   Deposition, 181:16-183:12. |

SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| 48.    The police officer purportedly told Reed that the Police Department kept LBB Defendants' photos and offered her an opportunity to review them. | 48.    10/25/16    Reed    Deposition, 221:7-225:24. |
| 49.    Reed became upset when she had difficulty scheduling an appointment to review the photos, which she was allegedly made to believe existed. | 49.    10/25/16    Reed    Deposition, 237:16-22; 239:11-19. |
| 50.    The City does not maintain a LBB Defendants' photobook. | 50.    October 10, 2016 Deposition of Jeff Kepley ("Kepley Deposition"), 153:10-13; 183:12-17. |
| 51.    The "delay" in showing Reed photos was because a police officer had to create a "six pack" photo lineup from prior known arrest photos during a time the City was combatting a major residential burglary crime wave. | 51.    Kepley Deposition, 71:14-72:23; 188:14-189:13; 200:19-24. |
| 52.    Reed ultimately identified Defendant Johnston from the police six-pack and an arrest was made. | 52.    Kepley Deposition, 55:9-22. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4848-1665-5946.1                                    - 11 -                    2:16-cv-02129-SJO-RAO
SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| 53.     The Police Department sent a police report to the District Attorney, who declined to press criminal charges. | 53.   Kepley Deposition, 55:9-56:11; 201:11-24. |
| 54.     Reed returned to Lunada Bay at least twice since February 13, 2016. | 54.   10/25/16 Reed Deposition, 247:22-248:4. |
| 55.     Reed claims to have been harassed on each visit, but does not recall particulars beyond being called a "bitch", being photographed and recorded, and told she should not be there and to leave.  She did not recall whether she reported any of these incidents. | 55.   10/25/16 Reed Deposition, 248:5-8; 251:2-252:7; 259:7-18. |
| 56.     Reed recalls that on at least one other subsequent visit she encountered no harassment. | 56.   10/25/16 Reed Deposition, 259:19-260:11. |
| 57.     A representative of CPR submitted a declaration in support of Plaintiffs' motion for class certification; however, that declaration did not allege any harm specific to the declarant or CPR. | 57.   Declaration of Christopher D. Glos ("Glos Decl."), ⁋ 9; Glos Decl., Exhibit H. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4848-1665-5946.1                                    - 12 -                              2:16-cv-02129-SJO-RAO
SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| 58.    City Municipal Code section 9.16.030 prohibits blocking the access to any City beach.  It provides:<br><br>    A. No person shall stand, sit, lie, or congregate on any path, trail, or other way providing access to or from any beach in such a manner as to interfere with or impede the free flow of travel along such accessway.<br><br>    B. Unless the prior consent of the city is first received, no person shall place, throw, leave, keep or maintain any object of any type upon any path, trail, or other way which provides access to or from any beach. | 58.    Declaration    of    Vickie Kroneberger ("Kroneberger Decl."), ¶¶ 1-4; Kroneberger Decl., Exhibit A. |
| 59.    City Municipal Code section 9.16.010 also requires surfers (and others) to engage in surfing with due regard to others, including but not limited to "accommodating other persons utilizing the beach and/or water to the extent feasible." | 59.    Kroneberger   Decl.,   ¶¶   1-4; Kroneberger Decl., Exhibit A. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4848-1665-5946.1

- 13 -

2:16-cv-02129-SJO-RAO

SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| 60.    City police officers are directed to enforce the municipal code. | 60.    Kepley Deposition, 143:13-18. |
| 61.    The City has an anti-harassment policy. | 61.    November 18, 2016 Deposition of Anton Dahlerbruch ("Dahlerbruch Deposition"), 45:11-16. |
| 62.    The City takes allegations of intimidation very seriously and responds to it. | 62.    Dahlerbruch Deposition, 155:25-156:3. |
| 63.    Chief Kepley joined the Police Department in June 2014. | 63.    Kepley Deposition, 33:18-20. |
| 64.    Prior to employment Chief Kepley did not know anyone at the City or in the Police Department other than a former lieutenant, who had been deceased for a number of years, and he had never lived in the City. | 64.    Kepley Deposition, 19:8-20:1. |
| 65.    In or around May 2015, Chief Kepley became aware of a website published video that showed several reporters being harassed at Lunada Bay. He initiated a criminal investigation and assigned extra police patrols to patrol Lunada Bay. | 65.    Kepley Deposition, 29:22-32:14. |

SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| 66.   Extra police patrols continued from approximately May 2015 and remained in place at the time of Plaintiffs Spencer and Reed alleged personal incidents at Lunada Bay. | 66.   Kepley Deposition, 32:4-14. |
| 67.   There have been more than 400 or 500 police patrols of Lunada Bay, whereby a police officer parks at the top of the bluff, exits a police vehicle and observes the surf below for any criminal activity, as well as to show a police presence and provide a deterrent. | 67.   Kepley Deposition, 97:14-24; 98:20-99:7;   109:21-110:12;   111:10-12. |
| 68.   In   addition,   police   officers descended the bluff and patrolled the beach. | 68.   Kepley Deposition, 99:8-16. |
| 69.   Chief Kepley educated himself on the rumors and claims that localism at Lunada Bay had existed for as many as 50 years. | 69.   Kepley Deposition, 51:6-52:5. |
| 70.   The City spent a significant amount of time before, during and after the   video   posting   to   understand localism,   including   collecting information from various sources and | 70.   Dahlerbruch Deposition, 69:22-70:7. |

Kutak Rock LLP
Attorneys At Law
Irvine

4848-1665-5946.1                                    - 15 -                          2:16-cv-02129-SJO-RAO
SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| holding meetings. | |
| 71. Chief Kepley learned that although the Police Department had worked for years to address and combat localism, the public perception was that it was tolerated. | 71. Kepley Deposition, 52:6-53:21. |
| 72. On May 15, 2015, Chief Kepley sent a memorandum to the City Mayor and Council regarding localism in Lunada Bay. | 72. Kepley Deposition, 210:2-17. |
| 73. Chief Kepley identified measures taken by the PVE Police Department in the preceding past several years, including: (1) extra patrols with uniformed officers on high surf days; (2) utilizing ATVs to patrol the cliff's edge; (3) having officers dress in plain clothes and drive unmarked vehicles to observe and interact with people along the cliffs and bluffs; (4) undercover operations; and (5) boat patrols in Lunada Bay. | 73. Kepley Deposition, 210:2-212:3; Kepley Deposition, Exhibit 25. |

SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| 74.    Chief Kepley spoke about creating a police presence on the water by replacing the City's old ocean patrol boat and establishing Parkland Rangers as another resource to patrol and maintain a visible presence. | 74.    Kepley Deposition, 210:2-212:3; Kepley Deposition, Exhibit 25. |
| 75.    Although Chief Kepley had not been employed at the City until June 2014, he was in 2015 and intended to change the perception, address localism, protect the public and ensure access to Lunada Bay remained open and free of harassment. | 75.    Kepley Deposition, 51:6-53:21. |
| 76.    Prior to Plaintiffs' incidents, Chief Kepley directed the police captains to actively engage the surfers to express the City's position that Lunada Bay was a public beach, everyone was expected to be civil, and the City would not tolerate the type of harassment seen in the published video. | 76.    Kepley Deposition, 33:25-34:13. |
| 77.    Prior to Plaintiffs' incidents, the Police Department began to make a number of regular contacts with surfers | 77.    Kepley Deposition, 35:10-37:13. |

4848-1665-5946.1                                                    2:16-cv-02129-SJO-RAO

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| at Lunada Bay. | |
| 78.   Prior to Plaintiffs' incidents, Chief Kepley made a public announcement that he hoped to make an arrest of one of the harassing individuals in the video. | 78.   Kepley Deposition, 54:8-55:2. |
| 79.   Chief Kepley wanted the publicity from an arrest to change perceptions and show the public that improper behavior at Lunada Bay would not be tolerated. | 79.   Kepley Deposition, 58:22-60:1. |
| 80.   From May 2015 until at least the date of Chief Kepley's October 10, 2016 Deposition, he believes he has communicated in "101 conversations" with Police Department personnel that the City did not tolerate localism. | 80.   Kepley Deposition, 48:16-49:8. |
| 81.   Chief Kepley reached out to other law enforcement agencies in other beach cities to discuss best practices and to collaborate on surf localism challenges. | 81.   Kepley Deposition, 203:3-12. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4848-1665-5946.1

- 18 -

2:16-cv-02129-SJO-RAO

SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| 82.   Chief Kepley put together an undercover operation with assistance from a different law enforcement agency, but it was compromised when surfers found out about it. | 82.   Kepley Deposition, 40:3-43:7. |
| 83.   The City Manager reached out to other city managers on how they deal with issues of public access to beaches. | 83.   Dahlerbruch Deposition, 260:7-11. |
| 84.   The City conducted a "listening tour" to understand the localism issues and to address them.   One of the meetings requested by the City was with the Surf Rider Foundation to understand their perspective on the localism issues and to determine how to work to address the issue. | 84.   Dahlerbruch Deposition, 70:8-73:7; 85:9-15; 91:19-22. |
| 85.   The City requested and met with the Coastal Commission regarding the structures at the foot of the Lunada Bay bluff. | 85.   Dahlerbruch Deposition, 74:16-19; 94:19-95:5; 96:10-13. |
| 86.   The Coastal Commission informed the City that it could permit or remove the structures. | 86.   Dahlerbruch Deposition, 97:2-7; 106:7-10. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4848-1665-5946.1                                              - 19 -                              2:16-cv-02129-SJO-RAO
SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
| --- | --- |
| 87.     The City followed up with both the Surf Rider Foundation and the Coastal Commission. | 87.   Dahlerbruch Deposition, 85:9-15; 96:10-13. |
| 88.     The City Manager visited Lunada Bay on a number of occasions and met with surfers there to understand the issues. | 88.   Dahlerbruch Deposition, 72:4-23. |
| 89.     The City met with the Lunada Bay Homeowner's Association. | 89.   Dahlerbruch Deposition, 70:8-17; 124:14-22. |
| 90.     The City initiated contact with Heal the Bay as part of its "listening tour" to understand perspectives, perceptions, and history on the issues. | 90.   Dahlerbruch Deposition, 112:24-114:11. |
| 91.     Chief Kepley attended many, if not all these meetings. | 91.   Dahlerbruch Deposition, 93:18-94:13; 97:23-98:8; 113:22-25. |
| 92.     Prior to Plaintiffs' incidents, the City had started an educational campaign about localism. | 92.   Dahlerbruch Deposition, 61:25-70:7; 260:22-261:10. |
| 93.     Hundreds of cardboard fliers encouraging surfers or others to feel comfortable and to report crimes or incidents that may have occurred in surfing areas were distributed by police officers at Lunada Bay and around the | 93.   Dahlerbruch Deposition, 99:10-17; Kepley Deposition, 97:24-98:2; 99:17-100:15. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4848-1665-5946.1                               - 20 -                               2:16-cv-02129-SJO-RAO
SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| City. | |
| 94.    The City parked a patrol car in Lunada Bay with a LED display message in the rear window requesting anyone with information, or anyone victimized, or otherwise encountering an incident, to report it. | 94.    Kepley Deposition, 98:3-13. |
| 95.    The City posted content on its website stating the City does not tolerate localism. | 95.    Dahlerbruch Deposition, 61:25-70:7. |
| 96.    The City website includes a directory and permits individuals to send e-mails to anyone at the City that that individual believes should receive their message or complaint. | 96.    Dahlerbruch Deposition, 260:22-261:10. |
| 97.    If individuals call the City with complaints, the City receptionist will help in determining where to direct a complaint. | 97.    Dahlerbruch Deposition, 260:22-261:10. |
| 98.    On or about December 31, 2015, Chief Kepley posted a message on the social media website Next Door about the City's efforts to address localism. | 98.    Kepley Deposition, 62:2-21; Kepley Deposition, Exhibit 4. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4848-1665-5946.1                              - 21 -                    2:16-cv-02129-SJO-RAO
SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| 99.  On or about February 8, 2016, the City developed and later posted a statement on its website about localism, the Police Department's investigation and evaluation of the situation and the potential for increased police patrols at the beach areas. | 99.  Kepley Deposition, 95:23-97:13; 112:14-113:13; Kepley Deposition, Exhibits 11 and 13. |
| 100.  Plaintiff Spencer and Reed's alleged incidents discussed under the factual background above took place during a time the City was experiencing a substantial increase in residential burglaries by organized gangs or gang-affiliated criminal group from south Los Angeles. | 100.  Kepley Deposition, 71:14-72:23; 188:14-189:13. |
| 101.  It is typical for the City to have zero to three burglaries per month, but in December 2015 the City experienced 20 to 25 burglaries. | 101.  Kepley Deposition, 71:14-72:23. |
| 102.  A number of residents complained about the amount of law enforcement resources allocated toward patrolling Lunada Bay, as well as the tough stance Chief Kepley took against | 102.  Kepley Deposition, 76:17-84:16. |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4848-1665-5946.1

- 22 -

2:16-cv-02129-SJO-RAO

SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
| --- | --- |
| local surfers harassing or intimidating other surfers. | |
| 103.    Chief Kepley opined that given so few incidents at Lunada Bay and the burglary spree in the City that the Police Department efforts were appropriate and reasonable in scope and size. | 103.  Kepley Deposition, 114:21-115:9; 187:13-189:13. |
| 104.    The Police Department has 25 full-time sworn police officers. | 104.  Kepley Deposition, 121:5-7. |
| 105.    In October 2016 the City had six reserve police officers. | 105.  Kepley Deposition, 121:8-13. |
| 106.    There are 12 non-sworn officers (or police service officers). | 106.  Kepley Deposition, 121:14-22. |

Dated:  July 14, 2017            KUTAK ROCK LLP


By: /s/ *Christopher D. Glos*
       Edwin J. Richards
       Antoinette P. Hewitt
       Christopher D. Glos
       Attorneys for Defendants
       CITY OF PALOS VERDES ESTATES
       and CHIEF OF POLICE JEFF KEPLEY

SEPARATE STATEMENT OF UNCONTROVERTED FACTS & EVIDENCE ISO CITY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT/ADJUDICATION