# EXHIBIT 1



**JENNIFER ANIKO FOLDVARY**
ASSOCIATE
DIRECT DIAL (415) 995-5814
DIRECT FAX (415) 995-3413
E-MAIL jfoldvary@hansonbridgett.com

December 20, 2016

VIA E-MAIL AND U.S. MAIL

Tera Lutz
Lewis Brisbois Bisgaard & Smith LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071
tera.lutz@lewisbrisbois.com

Re: *Spencer, et al. v. Lunada Bay Boys, et al.*

Dear Ms. Lutz:

Plaintiff Cory Spencer ("Plaintiff") is in receipt of Defendant Sang Lee's Responses to Plaintiff's Requests for Production of Documents, Set One, and the accompanying production bearing Bates labels Lee 00000001 through 000000596, served on December 12, 2016. I write to meet and confer regarding the deficiency of the responses and production, and to demand supplemental responses and production of responsive documents.

**Deficient Responses**

### Failure to State Whether Mr. Lee Is In Possession of Documents

Mr. Lee's responses to Request Nos. 10, 11, 28, 30, and 31 fail to state whether inspection of responsive documents will be permitted, as required by Fed. R. Civ. P. 34(b)(2)(B). Please supplement Mr. Lee's responses to these Requests to reflect whether he is in possession of responsive documents.

### "Surfers Who Regularly" Surf Lunada Bay

Mr. Lee objects to Request Nos. 10, 11, 28, and 30 on the grounds that the phrase "surfers who regularly surf" at Lunada Bay is unintelligible. Taken in context, and with a basic understanding of grammar conventions, it is clear that these requests seek documents regarding surfers who surf *at Lunada Bay* on a regular basis, not merely surfers who surf anywhere on a regular basis. Please supplement Mr. Lee's responses and production to reflect this understanding.

### Calls for Legal Conclusion

In response to Request Nos. 10, 11, 28, and 30, Mr. Lee further objects on the grounds that these Requests "call for a legal conclusion." Plaintiff is unclear which portions of these requests seek a legal conclusion, and refuses to speculate as to the basis of Mr. Lee's objection. Please

Tera Lutz
December 20, 2016
Page 2

supplement Mr. Lee's responses to identify the legal conclusion he believes is contained within these Requests.

### Premature

Mr. Lee further objects to Request Nos. 10, 11, 28, and 30 on the grounds that these Requests are "premature as to [*sic*] facts of the case have yet to be presented." This objection is baseless. Parties may seek any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(2); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Rule 26 has been broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (citing *Hickman*, 329 U.S. at 501). These requests seek documents that are relevant to Plaintiff's claims and are reasonably calculated to lead to the discovery of admissible evidence because they relate to Lunada Bay surfers. Thus, Mr. Lee cannot withhold responsive documents based on this improper objection.

### Privacy and Privilege

In response to Request No. 31, Mr. Lee improperly objected to Plaintiff's request for Mr. Lee's cell phone bills since January 1, 2013, on the grounds that the Request "seeks information protected by fundamental federal and state privacy principals, privileges, and laws." Mr. Lee cannot claim a generalized privacy interest in his phone records. He is a named Defendant in this lawsuit and his correspondence with other Defendants is germane to Plaintiff's claims of their unlawful exclusion and intimidation at Lunada Bay. Further, any attorney-client privileged communications Mr. Lee had with his counsel would not be reflected on his cell phone bills, since the bills would, at most, reflect that calls occurred and would not reveal the content of such calls. Please cite legal authority for these privacy objections or produce the records.

### Vague, Ambiguous, Overbroad

Mr. Lee further objects to Request Nos. 4, 8, 9, 10, 11, 12, 13, 18, 19, 21, 28, 29, 30, 39, 40, 45, and 46 on the grounds that these Requests are "vague, ambiguous, and overbroad." However, Mr. Lee did not specify the basis for such objections. Please identify which terms you believe are vague and ambiguous and how these Requests are overbroad so that we may consider amending these Requests.

## Deficient Production

### Improper Format

The format of Mr. Lee's production violates Fed. R. Civ. P. 34(b)(2)(E). Mr. Lee's production was comprised of only PDFs despite the fact that it contained electronic records. Parties must produce documents in the format that the requesting party specifies. *Id.*; *see also U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 244 (S.D. Cal. 2015) ("[i]t is only if the requesting party declines to specify a form that the producing party is offered a choice between

Tera Lutz
December 20, 2016
Page 3

producing in the form in which it is ordinary maintained—native format—or in a reasonably useful form or form").

Here, the instructions to the Requests specify that "[e]lectronic mail ("email" and text messages) shall be produced in TIFF format embedded with Bates numbers along with load files for Concordance Software containing the email text and metadata." Accordingly, please produce Lee 00000001 through 000000596 in TIFF format with Concordance load files containing both text and metadata.

### Missing Documents

Plaintiff has reason to believe that Mr. Lee has in his possession text messages, email exchanges, and voicemails with and from several of the Lunada Bay Boys and other named Defendants that would be responsive to Plaintiff's Requests. Mr. Lee must produce all documents – including but not limited to text messages, emails, and voicemails – that are responsive to Plaintiff's Requests. If Mr. Lee does not provide all such documents, Plaintiff is entitled to search his phone for this data.

### **Privilege Log**

The production contains several redactions throughout the Extraction Report of Mr. Lee's iPhone (Lee 00000029 – 590), as well as in emails Bates labeled Lee 0000005 and 0000007. However, Mr. Lee did not provide a privilege log. As you are aware, parties withholding documents as privileged should identify and describe the documents in sufficient detail to enable the demanding party to assess the applicability of the privilege or protection. Fed. R. Civ. P. 26(b)(5). Please provide a privilege log or produce non-redacted versions of the above-referenced documents.

\* \* \* \* \*

The Federal Rules impose an obligation to supplement or correct prior disclosures or discovery "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). We anticipate that additional documents and responses will be forthcoming in light of the issues raised in this letter.

We also expect that Mr. Lee was informed of his obligation to preserve evidence at the outset of this litigation and therefore is in possession of the above-referenced responsive information. To the extent he was not informed of his preservation obligations, or he has failed to preserve relevant evidence, we will seek redress from the court in the form of sanctions, including but not limited to adverse inferences, the exclusion of evidence, and costs.

We demand that Mr. Lee produce responsive documents and provide supplemental responses on or before **Friday, December 30, 2016**. If he fails to produce any further responsive documents

12909426.1

Tera Lutz
December 20, 2016
Page 4

by this date, please be available to meet and confer the week of January 5, 2017, in advance of Plaintiff's anticipated motion to compel.

Very truly yours,

Jennifer A. Foldvary

cc: Kurt Franklin
Victor Otten
Samantha Wolff

12909426.1