# EXHIBIT 2

# OTTEN LAW, PC

## ATTORNEYS

January 24, 2017

<u>Via Regular Mail and Electronic Mail</u>
Dana Alden Fox, Dana.Fox@lewisbrisbois.com
Edward Earl Ward Jr., Edward.Ward@lewisbrisbois.com
Eric Y. Kizirian, Eric.Kizirian@lewisbrisbois.com
Tera A. Lutz, Tera.Lutz@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071

     Re: <u>Cory Spencer, et al. vs. Lunada Bay Boys, et al.</u>
       Case No. 2:16-cv-02129-SJO-RAO

Dear Counsel:

This is in follow-up to the letter dated December 20, 2016 from Jennifer A. Foldvary regarding Defendant Sang Lee's Responses to Plaintiff's Requests for Production of Documents, Set One.[1] This letter is our request pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Central District of California to meet and confer within the next 10 days in a good faith effort to eliminate or narrow the issues raised in this letter. *See*, L.R. 37-1 and Fed. R. Civ. P. 37(a)(2)(A),(B).

Mr. Lee's responses withheld 114 documents based upon a privacy privilege. Because Mr. Lee's Responses failed to include a privilege log, my co-counsel wrote to you requesting that your office provide the basis for not producing the documents.

On December 29, 2016, your office served a privilege log by mail which lists the following fields of information:

| BATES NUMBER | DOCUMENT DESCRIPTION | FROM | TO | PRIVILEGE CLAIMED |
|---|---|---|---|---|
|  |  |  |  |  |

<u>General Comments</u>:

1. Call logs and text logs

---

[1] A copy of the letter is included as Exhibit 1.

Dana Alden Fox
Edward Earl Ward, Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BIGAARD & SMITH LLP
January 24, 2017
P a g e | 2

The Call and Text logs describe incoming and outgoing communications that cover various date ranges rather than specific dates. At the same time, the privilege log is not specific regarding the people involved in the communications. Many of the responses simply state they are from "Individuals unrelated to this lawsuit" to Sang Lee. The purpose of a privilege log is to provide enough information so the propounding party can determine if the information being sought is related, which means that you must provide the names of the people calling/texting/emailing unless there is some other basis to withhold that persons name. There is no right to withhold the name of a person simply because that person is unrelated to the lawsuit. "The requisite detail for inclusion in a privilege log consist of [1] a description of responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the material's present location, [6] and specific reasons for its being withheld, including the privilege invoked and the grounds thereof." (*Friends of Hope Valley v. Frederick Co.* (ED CA 2010) 268 FRD 643, 650-651).

2. Privacy.

Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. (*Johnson by Johnson v. Thompson* (10th Cir. 1992) 971 F2d 1487, 1497; *DeMasi v. Weiss* (3rd Cir. 1982) 669 F2d 114, 119-120). Unlike a privilege, the right of privacy is not an absolute bar to discovery. Rather, courts balance the need for the information against the claimed privacy right. (*Stallworth v. Brollini* (ND CA 2012) 288 FRD 439, 444 (federal right of privacy); *West Bay One, Inc. v. Does* 1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v. Experian Information Solutions, Inc.* (SD CA 2015) 306 FRD 293, 301). Courts consider various factors in performing the balancing analysis, including "(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access." (See *Seaton v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn. 47).

The information set forth in your privilege log is so lacking that it cannot be determined if the information that is being withheld even qualifies for some type of privacy protection. For example, every response states: "Privacy. Information non-responsive to the request was redacted" with no further description. Documents withheld as privileged should be identified and described with enough detail to enable the demanding party "to assess the applicability of the privilege or protection." Fed. R. Civ. P. 26(b)(5). Lee 0000031 – 0000035 were redacted as "information non-responsive to the request" but it is unclear how personal dates on Sang Lee's iPhone calendar are unresponsive to the request for "Sang Lee's iPhone calendar – personal dates."

Dana Alden Fox
Edward Earl Ward, Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BIGAARD & SMITH LLP
January 24, 2017
P a g e | 3

In addition, where there are multiple people involved in the communications, it is hard to imagine a reasonable expectation of privacy exists. For example, Lee 0000109 is a log with incoming and outgoing text messages between Brant Blakeman, Franky Ferrara, Sang Lee and "Individuals unrelated to this lawsuit." To the extent there are multiple parties to these text messages, there is no reasonable expectation of privacy.

As set forth above, this is our request to meet and confer in good faith within 10 days to resolve these issues prior to filing a motion to compel. I am available to discuss these matters in person at my office. I look forward to hearing from you soon.

>Very truly yours,
>
>OTTEN LAW, PC
>
>Victor Otten, Esq.

Cc: Kurt Franklin, Esq. (kfranklin@hansonbridgett.com)
Samantha Wolff (SWolff@hansonbridgett.com)
Jennifer A. Foldvary (JFoldvary@hansonbridgett.com)