# EXHIBIT 3

# OTTEN LAW, PC
## ATTORNEYS

_____

May 25, 2017

<u>Via Regular Mail and Electronic Mail</u>
Dana Alden Fox, Dana.Fox@lewisbrisbois.com
Edward Earl Ward Jr., Edward.Ward@lewisbrisbois.com
Tera A. Lutz, Tera.Lutz@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071

Daniel M. Crowley, dmcrowley@boothmitchel.com
BOOTH MITCHEL & STRANGE
707 Wilshire Boulevard, Suite 4450
Los Angeles, CA 90017


Re:   <u>Cory Spencer, et al. vs. Lunada Bay Boys, et al.</u>
      Case No. 2:16-cv-02129-SJO-RAO

Dear Counsel:

This is in follow-up to the meeting on Wednesday, February 1, 2017 at the offices of Otten Law, PC between myself on behalf of the Plaintiffs, and Tera Lutz of Lewis Brisbois Bisgaard & Smith and Daniel Crowley of Booth Mitchel & Strange on behalf of Defendant Sang Lee. While originally, I believed that our meet and confer was conducted in good faith, my belief has been challenged by what appears to be efforts on the part of Mr. Lee to withhold relevant evidence. As Mr. Lee's deposition is scheduled for May 31, 2017, this is extremely troubling and problematic.

On December 12, 2016, Defendant Sang Lee served responses to Plaintiff's first set of document requests and the accompanying production bearing Bates labels Lee 00000001 through 00000596. On December 20, 2016, co-counsel for Plaintiffs sent a meet and confer letter demanding supplemental responses and production of responsive documents, as well as a privilege log. On December 29, 2016, defense counsel provided a privilege log. On January 24, 2017, I followed up with a letter detailing the deficiencies of Mr. Lee's responses and requested that we meet and confer in person.

_____
3620 Pacific Coast Highway, Suite 100, Torrance CA 90505 Phone: (310) 378-8533 Fax: (310) 347-4225
www.ottenlawpc.com

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
May 25, 2017
P a g e | **2**


At the February 1, 2017 meeting, I conveyed our concerns with Mr. Lee's discovery responses. Specifically, we reviewed and discussed the Extraction Report created by Precision Discovery (Lee 00000029) This report shows the redactions for documents bearing Bates labels Lee 000001 – Lee 00000590. Information from the Extraction Report reveals:

1. Calendar Entries found in documents Lee 00000030 to Lee 00000033 are redacted with no explanation.
2. Regarding the Call Logs:
   a. Lee 0000036 to Lee 0000039 – are almost entirely redacted.
   b. Lee 0000041 to Lee 0000131 – are almost entirely redacted.
3. Regarding the User Directory:
   a. Lee 00000132 to Lee 00000216 are completely redacted.
   b. Lee 00000217 to Lee 00000239 contain only one entry.
4. Regarding SMS Data:
   a. Lee 0000245 items 2212 to2215 indicate SMS messages to Alan Johnston and Charlie Ferrara on June 30, 2016 but the text messages have not been provided.
   b. Lee 00000246 items 2252 to 2252 indicted SMS messages to Charlie Ferrara on July 20, 2016 but the text messages have not been provided.
   c. Lee 00000246 to Lee 00000499 are totally redacted.
   d. Lee 0000500 to Lee 0000590 contain virtually nothing usable.

We objected to the privilege log primarily on two grounds. First, there was not enough information available to determine if there was a legal basis to withhold or redact the documents. Second, the privacy rights claimed on redacted documents are not recognizable grounds for claiming a privilege.  You asserted that calls made to and received from individuals <u>unrelated</u> to this lawsuit are not required to be produced in the discovery process, but agreed to provide Defendant Sang Lee's phone bills for the last three years. You also agreed to update the privilege log.

While the Plaintiffs were eventually provided with copies of Me. Lee's phone bills, they were never provided an updated privilege log or revised Extraction Report. The phone records, however, reveal enough information to confirm what we always suspected- that Mr. Lee's objections, claims of privilege and withholding of documents are without merit.

The Call and Text logs describe incoming and outgoing communications that cover various date ranges rather than specific dates. At the same time, the privilege log is not specific regarding the people involved or the nature of the communications. Many of the log entries simply state they

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
May 25, 2017
P a g e | **3**

are from "Individuals unrelated to this lawsuit" to Sang Lee. The following chart contains a small sample of the log entries and a brief response as to why they are improper:

| BATES NO. | DOCUMENT DESCRIPTION | FROM | TO | PRIVILEGE CLAIMED | RESPONSE |
|---|---|---|---|---|---|
| Lee 0000005 & Lee 0000007 | 02/24/2014- Personal Communication with Friend | Bruce Turner | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | Bruce Turner has surfed Lunada Bay for many years. He is seen in the Danny Day videos turned over by Plaintiffs. |
| Lee 0000031- Lee 0000035 | Sang Lee's iPhone calendar- personal dates including birthdays and religious holidays | N/A | N/A | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. |
| Lee 0000036, Lee 0000038 | Call Log-incoming and outgoing calls on 8/18/16 and 8/17/16 4/27/16; 4/15/16; 3/24/16; 2/22/16; | Unidentified Caller | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. |
| Lee 0000039 | Call Log-incoming and outgoing calls on 2/21/16; 2/20/26; 2/12/16; 1/29/16 | Unidentified Caller | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. The fact that 1/29/16 is the day that Mr. Lee was involved in an altercation with John McHarg and Ms. Reed was accosted by David Melo and several others, the objections are highly questionable. |
| Lee 0000040 | Call Log-incoming and outgoing calls on 1/29/16. | Brant B. Individuals unrelated to this suit. | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | To claim calls are from individuals unrelated to this lawsuit is outrageous. We |

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
May 25, 2017
P a g e | 4

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  | know there were calls with Joe Bark, Charlie Beukema, Charlie Mowat, Sean Van Dine, Evan Levy, David Melo, Paul Hugoboom, and Brad Ring. These are all Lunada Bay locals. |
| Lee 0000109 | Text Message Log- incoming and outgoing text messages from 3/30/16-26 4/12/16 | Brant B. Franky Ferrara Individuals unrelated to this suit. | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. We know there were texts with Douglas Kinion, Michael Erik Lamers, Carlos Anora. These are all Lunada Bay locals. |
| Lee 0000114 | Text Message Log- incoming and outgoing text messages from 1/28/16-2/10/16 | Peter Babros. Individuals unrelated to this suit. | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. On 1/29/16- the day Sang Lee poured a beer on John McHarg and the day Ms. Reed was accosted by David Melo, there were over 50 text messages which |

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
May 25, 2017
P a g e | **5**

| | | | | | you have redacted. We know there were texts with Charlie Beukema, David Melo, Brad Ring. |
|---|---|---|---|---|---|

The purpose of a privilege log is to provide enough information to make a determination if the information being sought is related, which means you have to provide the names of the people calling/texting/emailing. "The requisite detail for inclusion in a privilege log consist of [1] a description of responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the material's present location, [6] and specific reasons for its being withheld, including the privilege invoked and the grounds thereof." (*Friends of Hope Valley v. Frederick Co*. (ED CA 2010) 268 FRD 643, 650-651). In short, Mr. Lee's privilege log fails to comply with the Federal Rules.

2.     Privacy.

Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. (*Johnson by Johnson v. Thompson* (10th Cir. 1992) 971 F2d 1487, 1497; *DeMasi v. Weiss* (3rd Cir. 1982) 669 F2d 114, 119-120). Unlike a privilege, the right of privacy is not an absolute bar to discovery. Rather, courts balance the need for the information against the claimed privacy right. (*Stallworth v. Brollini* (ND CA 2012) 288 FRD 439, 444 (federal right of privacy); West Bay One, Inc. v. Does 1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v. Experian Information Solutions, Inc*. (SD CA 2015) 306 FRD 293, 301). Courts consider various factors in performing the balancing analysis, including "(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access." (See *Seaton v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn. 47).

Any purported concerns with respect to infringing an individual's right to privacy in this matter are particularly diminished by the Court's issuance of a protective order.  Any information that Mr. Lee contends would implicate an individual's privacy right could be appropriately identified and protected pursuant to the terms of the protective order, to which all parties to this lawsuit agreed to be bound.  (*See* Dkt. No. 241.)

Thomas J. Polis, Esq.
POLIS & ASSOCIATES, APLC
April 14, 2017
| 6

declarations and redacted bills submitted as part of the default prove-up papers in the other federal cost recovery action brought by DuBy will soon be part of a Fed. R. Civ. P. 11 motion.

B.   The Plaintiff-Debtor currently has no contractual claim to attorney's fees.

As set forth previously, there is no contractual basis for attorney's fees. Even if the court were to find that the 2004 Lease Agreement was somehow applicable, any fees are minimal. Under the contract, the only fees that arguably would be recoverable would be those related to the Notice of Default and the Eviction which would include drafting the April 22, 2014 Notice of Default and the Unlawful Detainer proceedings.

As set forth above, this is our request to meet and confer in good faith within 10 days to resolve these issues prior to filing a motion for summary judgement. I look forward to hearing from you soon.

Very truly yours,

OTTEN LAW, PC

Victor Otten, Esq.

Cc: Vanessa M. Haberbush, Esq. (vhaberbush@lbinsolvency.com)
    Jennifer Novak, Esq. (novak@jfnovaklaw.com)