# EXHIBIT 5

# OTTEN LAW, PC

## ATTORNEYS

July 4, 2017

<u>Via Regular Mail and Electronic Mail</u>
Dana Alden Fox, Dana.Fox@lewisbrisbois.com
Edward Earl Ward Jr., Edward.Ward@lewisbrisbois.com
Tera A. Lutz, Tera.Lutz@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071

Daniel M. Crowley, dmcrowley@boothmitchel.com
BOOTH MITCHEL & STRANGE
707 Wilshire Boulevard, Suite 4450
Los Angeles, CA 90017

       Re:    <u>Cory Spencer, et al. vs. Lunada Bay Boys, et al.</u>
              Case No. 2:16-cv-02129-SJO-RAO

Dear Counsel:

This is in follow-up to the letter dated May 26, 2017 from Tara Lutz regarding our continuing discovery dispute. As you have stated an intention to file a motion for summary judgement, this will be our last attempt to resolve this matter informally. Moreover, should you file a motion for summary judgement without providing adequate discovery responses, that will be a basis to oppose the motion.

Your letter states:

> Plaintiffs allege Lee0000245 items 2212 to 2215 indicate SMS messages to Alan Johnston and Charlie Ferrara on June 30, 2016 "but the text messages have not been provided." Plaintiffs also allege that Lee 00000246 items 2252 to 2252 indicate SMS messages to Charlie Ferrara on July 20, 2016 "but the text messages have not been provided." As discussed during our in person meet and confer on February 1, 2017, nearly four months ago, none of the very limited number of text messages from or to the named defendants were recoverable from Mr. Lee's cell phone. Our forensic team was only able to determine whether a text message was sent or received from these individuals and could not recover the substance of the message

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
July 4, 2017
P a g e | 2

itself because the texts were either too old and/or the data on the phone was outdated.

If the text messages do not exist, why are they included on a privilege log? Your privilege log states:

| BATES NO. | DOCUMENT DESCRIPTION | FROM | TO | PRIVILEGE CLAIMED | EXTRACTION REPORT |
|---|---|---|---|---|---|
| Lee 0000245 | Call Log- incoming and outgoing phone calls and text messages 6/20/16- 7/6/16 | Sang Lee<br><br>Individuals unrelated to this suit | Alan Johnston<br><br>Charley Ferrara<br><br>Individuals unrelated to this suit | Privacy. Information nonresponsive | Shows that these were not deleted. |
| Lee 0000246 | Call Log- incoming and outgoing phone calls and text messages 7/6/16 – 7/20/16 | Sang Lee<br><br>Individuals unrelated to this suit | Charley Ferrara<br><br>Individuals unrelated to this suit | Privacy. Information nonresponsive | Show that these were not deleted. |
|  |  |  |  |  |  |

Your privilege fails in the document description. You cannot lump text messages spanning time (6/20/16- 7/6/16), you need to set forth which date each communication took place. You also fail to describe the nature of the communication.

Your correspondence also states:

> Plaintiffs also seek to be provided a copy of text messages on bates Lee 0000102 to Lee 0000132. Again, substantive text messages from named defendants and named parties requested by plaintiffs were unable to be recovered by the forensic team because the texts were either too old and/or the data on the phone was outdated. A significant portion of the documents are redacted because there are very limited text messages exchanged

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
July 4, 2017
P a g e | 3

  between Mr. Lee and named defendants. Redacted messages are between
  Mr. Lee and family members and friends unrelated to this mater.

  Further, the privilege log cannot be more specific without identifying the
  names and phone numbers of family members and friends of Sang Lee that
  are irrelevant to this action.

Again, if the text messages do not exist, why are they included on a privilege log? Moreover, it is not clear what you mean by "substantive text messages." Finally, relevancy is not a privilege or a basis to withhold a document. Also, the names of family members and friends is not privileged.

<u>We stand by the positions set forth in previous meet and confers</u>:

On December 12, 2016, Defendant Sang Lee served responses to Plaintiff's first set of document requests and the accompanying production bearing Bates labels Lee 00000001 through 00000596. On December 20, 2016, co-counsel for Plaintiffs sent a meet and confer letter demanding supplemental responses and production of responsive documents, as well as a privilege log. On December 29, 2016, defense counsel provided a privilege log. On January 24, 2017, I followed up with a letter detailing the deficiencies of Mr. Lee's responses and requested that we meet and confer in person.

At the February 1, 2017 meeting, I conveyed our concerns with Mr. Lee's discovery responses. Specifically, we reviewed and discussed the Extraction Report created by Precision Discovery (Lee 00000029) This report shows the redactions for documents bearing Bates labels Lee 000001 – Lee 00000590. Information from the Extraction Report reveals:

1.    Calendar Entries found in documents Lee 00000030 to Lee 00000033 are redacted with no explanation.
2.    Regarding the Call Logs:
    a.    Lee 0000036 to Lee 0000039 – are almost entirely redacted.
    b.    Lee 0000041 to Lee 0000131 – are almost entirely redacted.
3.    Regarding the User Directory:
    a.    Lee 00000132 to Lee 00000216 are completely redacted.
    b.    Lee 00000217 to Lee 00000239 contain only one entry.
4.    Regarding SMS Data:
    a.    Lee 0000245 items 2212 to2215 indicate SMS messages to Alan Johnston and Charlie Ferrara on June 30, 2016 but the text messages have not been provided.

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
July 4, 2017
P a g e | 4

  b.    Lee 00000246 items 2252 to 2252 indicted SMS messages to Charlie
        Ferrara on July 20, 2016 but the text messages have not been provided.
  c.    Lee 00000246 to Lee 00000499 are totally redacted.
  d.    Lee 0000500 to Lee 0000590 contain virtually nothing usable.

We objected to the privilege log primarily on two grounds. First, there was not enough information
available to determine if there was a legal basis to withhold or redact the documents. Second, the
privacy rights claimed on redacted documents are not recognizable grounds for claiming a
privilege.  You asserted that calls made to and received from individuals unrelated to this lawsuit
are not required to be produced in the discovery process, but agreed to provide Defendant Sang
Lee's phone bills for the last three years. You also agreed to update the privilege log.

While the Plaintiffs were eventually provided with copies of Me. Lee's phone bills, they were
never provided an updated privilege log or revised Extraction Report. The phone records, however,
reveal enough information to confirm what we always suspected- that Mr. Lee's objections, claims
of privilege and withholding of documents are without merit.

The Call and Text logs describe incoming and outgoing communications that cover various date
ranges rather than specific dates. At the same time, the privilege log is not specific regarding the
people involved or the nature of the communications. Many of the log entries simply state they are
from "Individuals unrelated to this lawsuit" to Sang Lee. The following chart contains a small
sample of the log entries and a brief response as to why they are improper:

| BATES NO. | DOCUMENT DESCRIPTION | FROM | TO | PRIVILEGE CLAIMED | RESPONSE |
|---|---|---|---|---|---|
| Lee 0000005 & Lee 0000007 | 02/24/2014- Personal Communication with Friend | Bruce Turner | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | Bruce Turner has surfed Lunada Bay for many years. He is seen in the Danny Day videos turned over by Plaintiffs. |
| Lee 0000031- Lee 0000035 | Sang Lee's iPhone calendar- personal dates including birthdays and religious holidays | N/A | N/A | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. |
| Lee 0000036, Lee 0000038 | Call Log-incoming and outgoing calls on 8/18/16 and 8/17/16 4/27/16; | Unidentified Caller | Sang Lee | Privacy. Information nonresponsive | You have not provided enough information to substantiate a |

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
July 4, 2017
P a g e | 5

| | | | | | |
|---|---|---|---|---|---|
| | 4/15/16; 3/24/16; 2/22/16; | | | to the request was redacted. | privacy objection or determine responsiveness. |
| Lee 0000039 | Call Log-incoming and outgoing calls on 2/21/16; 2/20/26; 2/12/16; 1/29/16 | Unidentified Caller | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. The fact that 1/29/16 is the day that Mr. Lee was involved in an altercation with John McHarg and Ms. Reed was accosted by David Melo and several others, the objections are highly questionable. |
| Lee 0000040 | Call Log-incoming and outgoing calls on 1/29/16. | Brant B.\n\nIndividuals unrelated to this suit. | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | To claim calls are from individuals unrelated to this lawsuit is outrageous. We know there were calls with Joe Bark, Charlie Beukema, Charlie Mowat, Sean Van Dine, Evan Levy, David Melo, Paul Hugoboom, and Brad Ring. These are all Lunada Bay locals. |
| Lee 0000109 | Text Message Log- incoming and outgoing text messages from 3/30/16- 26 4/12/16 | Brant B.\n\nFranky Ferrara\n\nIndividuals unrelated to this suit. | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. We know there were texts with |

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
July 4, 2017
P a g e | 6

| | | | | | Douglas Kinion, Michael Erik Lamers, Carlos Anora. These are all Lunada Bay locals. |
|---|---|---|---|---|---|
| Lee 0000114 | Text Message Log- incoming and outgoing text messages from 1/28/16- 2/10/16 | Peter Babros.<br><br>Individuals unrelated to this suit. | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. On 1/29/16- the day Sang Lee poured a beer on John McHarg and the day Ms. Reed was accosted by David Melo, there were over 50 text messages which you have redacted. We know there were texts with Charlie Beukema, David Melo, Brad Ring. |

The purpose of a privilege log is to provide enough information to make a determination if the information being sought is related, which means you have to provide the names of the people calling/texting/emailing. "The requisite detail for inclusion in a privilege log consist of [1] a description of responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the material's present location, [6] and specific reasons for its being withheld, including the privilege invoked and the grounds thereof." (*Friends of Hope Valley v. Frederick Co*. (ED CA 2010) 268 FRD 643, 650-651). In short, Mr. Lee's privilege log fails to comply with the Federal Rules.

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
July 4, 2017
P a g e | **7**

2.      Privacy.

Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. (*Johnson by Johnson v. Thompson* (10th Cir. 1992) 971 F2d 1487, 1497; *DeMasi v. Weiss* (3rd Cir. 1982) 669 F2d 114, 119-120). Unlike a privilege, the right of privacy is not an absolute bar to discovery. Rather, courts balance the need for the information against the claimed privacy right. (*Stallworth v. Brollini* (ND CA 2012) 288 FRD 439, 444 (federal right of privacy); West Bay One, Inc. v. Does 1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v. Experian Information Solutions, Inc*. (SD CA 2015) 306 FRD 293, 301). Courts consider various factors in performing the balancing analysis, including "(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access." (See *Seaton v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn. 47).

Any purported concerns with respect to infringing an individual's right to privacy in this matter are particularly diminished by the Court's issuance of a protective order.  Any information that Mr. Lee contends would implicate an individual's privacy right could be appropriately identified and protected pursuant to the terms of the protective order, to which all parties to this lawsuit agreed to be bound.  (*See* Dkt. No. 241.)

As you have stated that Mr. Lee will be filing a summary judgment in the coming weeks, we are entitled to complete responses immediately. To that extent, unless we receive supplemental responses consistant with this letter by close of business on Friday July 7, 2017, we will proceed with a motion to compel.

I look forward to hearing from you soon.


                          Very truly yours,

                          OTTEN LAW, PC



                          Victor Otten, Esq.

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
July 4, 2017
P a g e | **8**

Cc:    Kurt Franklin, Esq. (kfranklin@hansonbridgett.com)
       Samantha Wolff (SWolff@hansonbridgett.com)
       Lisa Pooley (lpooley@hansonbridgett.com)