**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
 E-Mail: Dana.Fox@lewisbrisbois.com
EDWARD EARL WARD JR. SB#249006
 E-Mail: Edward.Ward@lewisbrisbois.com
ERIC Y. KIZIRIAN, SB# 210584
 E-Mail: Eric.Kizirian@lewisbrisbois.com
TERA A. LUTZ, SB# 305304
 E-Mail: Tera.Lutz@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant, SANG LEE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA; and      N.F.     ; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>Assigned District Judge Hon. S. James Otero, Courtroom 10C<br><br>Discovery Assigned to Magistrate Judge Hon. Rozella A. Oliver<br><br>**DEFENDANT SANG LEE'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Memorandum of Points and Authorities; Separate Statement of Uncontroverted Facts/Evidence; Declaration of Tera A. Lutz; Notices of Lodging; [Proposed] Statement of Uncontroverted Facts/Evidence; and [Proposed] Order lodged herewith]*<br><br>Date:  August 21, 2017<br>Time:  10:00 a.m.<br>Ctrm:  10C<br><br>Complaint filed: March 29, 2016<br>Trial Date: November 7, 2017 |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 21, 2017, at 10:00 a.m., in Department 10C of the United States District Court, located at 312 North Spring Street, Los Angeles, California 90012, Defendant SANG LEE ("Defendant"), pursuant to Federal Rule of Civil Procedure 56, will request the Court grant Defendant's Motion for Partial Summary Judgment on the Complaint of Plaintiffs CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC. (collectively "Plaintiffs") as follows:

Summary Judgment as to the First Cause of Action for violation of the Bane Act (California Civil Code §52.1(b)) on the basis that plaintiffs were not prohibited from exercising their right to recreate in Lunada Bay.

Summary Judgment as to the Second Cause of Action for Public Nuisance based on a failure of evidence.

Summary Judgment as to the conspiracy claims alleged in the First and Second Causes of Action based on a failure of evidence.

Summary Judgment on the Sixth Cause of Action for Assault on the basis that it is undisputed that Sang Lee did not do anything to put plaintiffs in apprehension of immediate injury.

Summary Judgment on the Seventh Cause of Action for Battery on the basis that it is undisputed that Sang Lee did not touch plaintiffs.

This would leave only the Eighth Cause of Action for negligence against Sang Lee.

This Motion is based on this Notice, the Memorandum of Points and Authorities, all exhibits, the Declaration of Tera A. Lutz, the proposed Statement of Uncontroverted Facts, the Court's file in this action, all matters of which this Court must or may take judicial notice and on such further evidence and argument which may be presented at the hearing on this matter.

This Motion is made following the conference of counsel pursuant to U.S.D.C. Local Rule 7-3 which took place on June 19, 2017. [Declaration of Tera A. Lutz, ¶ 6].

DATED: July  21 , 2017          LEWIS BRISBOIS BISGAARD & SMITH LLP


By:      /s/ Tera A. Lutz
    Dana Alden Fox
    Eric Y. Kizirian
    Edward E. Ward
    Tera A. Lutz
    Attorneys for Defendant SANG LEE

# TABLE OF CONTENTS

| | Page |
|---|---|
| I. INTRODUCTION | 8 |
| II. FACTUAL SUMMARY | 8 |
|    A. Factual Events Specific to Plaintiff Cory Spencer | 8 |
|    B. Factual Events Specific to Plaintiff Diana Reed | 8 |
|    C. Factual Events Specific to Plaintiff Coastal Protection Rangers | 9 |
| III. PROCEDURAL HISTORY | 9 |
| IV. STANDARD FOR A MOTION FOR SUMMARY JUDGMENT | 9 |
| V. THERE IS NO GENUINE, MATERIAL FACTUAL DISPUTE AS TO THE FIRST CAUSE OF ACTION FOR VIOLATION OF THE BANE ACT | 10 |
|    A. Sang Lee Did Not Interfere with Plaintiffs' Constitutional or Statutory Right | 11 |
|       1. Plaintiff Cory Spencer | 11 |
|       2. Plaintiff Diana Reed | 11 |
|       3. Plaintiff Coastal Protection Rangers | 11 |
|    B. Sang Lee Did Not Threaten, Intimidate, or Coerce Plaintiffs | 12 |
|       1. Plaintiff Cory Spencer | 12 |
|       2. Plaintiff Diana Reed | 12 |
|       3. Plaintiff Coastal Protection Rangers | 12 |
| VI. THERE IS NO GENUINE, MATERIAL FACTUAL DISPUTE AS TO THE SECOND CAUSE OF ACTION FOR PUBLIC NUISANCE | 12 |
|    A. Public Nuisance under California Civil Code §§3479 and 3480 | 12 |
|    B. Public Nuisance under PVE Code §8.48.015 | 13 |
| VII. THERE IS NO GENUINE, MATERIAL FACTUAL DISPUTE AS TO CONSPIRACY CLAIM | 14 |
| VIII. THERE IS NO GENUINE, MATERIAL FACTUAL DISPUTE AS TO THE SIXTH CAUSE OF ACTION FOR ASSAULT | 15 |
|    A. Plaintiff Cory Spencer | 15 |
|    B. Plaintiff Diana Reed | 15 |

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

|  |  |  |
|---|---|---|
|  | C. | Plaintiff CPR .................................................................................. 16 |
| IX. | THERE IS NO GENUINE, MATERIAL FACTUAL DISPUTE AS TO THE SEVENTH CAUSE OF ACTION FOR BATTERY ............................. 16 | |
|  | A. | Plaintiff Cory Spencer ................................................................... 16 |
|  | B. | Plaintiff Diana Reed ...................................................................... 16 |
|  | C. | Plaintiff CPR .................................................................................. 16 |
| X. | THERE IS NO LEGITIMATE CLAIM FOR INJUNCTIVE RELIEF ......... 16 | |
| XI. | CONCLUSION ............................................................................................ 17 | |

# TABLE OF AUTHORITIES

Page

Cases

*Anderson v. Liberty Lobby*
   477 U.S. 242 (1986)..................................................................9

*British Airways Board v. Boeing Co.*
   585 F.2d 946 (9th Cir. 1978)....................................................8

*Campbell v. Feld Entm't, Inc.*
   (N.D. Cal. 2014) 75 F. Supp. 3d 1193.....................................9

*Castaic Lake Water Agency v. Whittaker Corp.*
   (C.D. Cal. 2003) 272 F.Supp.2d 1053 ............................... 13, 14

*Celotex Corp. v. Catrett*
   477 U.S. 317 (1986)..................................................................8

*Coppola v. Smith*
   (E.D.Cal. 2013) 935 F.Supp.2d 993 ....................................... 13

*Gant v. County of L.A.*
   (9th Cir. 2014) 772 F.3d 608 .................................................. 10

*Idema v. Dreamworks, Inc.*
   (C.D.Cal. 2001) 162 F.Supp.2d 1129 ..................................... 15

*Ileto v. Glock In.*
   (9th Cir. 2003) 349 F.3d 1191 ................................................ 14

*O'Shea v. Littleton*
   (1974) 414 U.S. 488................................................................ 18

*Poppell v. City of San Diego*
   149 F. 3d 951 (9th Cit. 1998)....................................................9

*Sebastian International, Inc. v. Russolillo*
   (C.D.Cal 2001) 162 F.Supp.2d 1198 ...................................... 15

*Tekle v. United States*
   (9th Cir. 2007) 511 F.3d 839 ............................................. 16, 17

*United States v. Fernandez*
   (9th Cir. 2004) 388 F.3d 1199 ................................................ 15

Statutory Authorities

Fed. R. Civ P. 56(c)..........................................................................18

Civ. Code, §§3479............................................................................ 13

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

6

2:16-cv-2129

DEFENDANT SANG LEE'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

Civ. Code, §3493 .................................................................................................. 14

Civ. Code, §52.1(b) ............................................................................................... 2

Civ. Code, §52.1 .................................................................................................. 17

Palos Verdes Estates Municipal Code §8.48.015 ............................................... 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs allege they have been prohibited from enjoying a small stretch of beach in Southern California known as Lunada Bay. In their complaint plaintiffs allege Defendant Sang Lee ("Lee") has engaged in threats, intimidation, assault, and battery to prevent them from enjoying the surf and sand at Lunada Bay. However, plaintiffs have admitted that Lee has never threatened or physically harmed them. In fact, none of the plaintiffs have interacted with Lee. Therefore, plaintiffs' claims for violation of the Bane Act, public nuisance, civil conspiracy, assault, and battery should be dismissed.

## II. FACTUAL SUMMARY

### A. Factual Events Specific to Plaintiff Cory Spencer

Before January 2016, Cory Spencer ("Spencer") visited Lunada Bay on at least eight to ten occasions. [Separate Statement of Uncontroverted Facts ("SSUF") 1]. Since January 29, 2016, Spencer has visited Lunada Bay on at least three to five occasions. [SSUF 2].

Spencer has only seen Lee on one occasion. [SSUF 3]. During a visit to Lunada Bay on January 29, 2016, Spencer saw Lee communicating with Christopher Taloa. [SSUF 4]. Lee has never spoken to Spencer. [SSUF 5]. Lee has never threatened Spencer. [SSUF 6]. Lee has never made any physical contact with Spencer [SSUF 7].

Spencer has never seen Lee injure anyone at Luanda Bay or engage in the destruction of anyone's property. [SSUF 8].

### B. Factual Events Specific to Plaintiff Diana Reed

Plaintiff Diana Milena Reed ("Reed") has visited Lunada Bay on at least four occasions- January 6, 2016; January 29, 2016; February 5, 2016; and February 13, 2016. [SSUF 9]. Reed has never had any interaction with Lee and did not see him during any of her visits to Lunada Bay. [SSUF 10].

DEFENDANT SANG LEE'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT

## C. Factual Events Specific to Plaintiff Coastal Protection Rangers

California Coastal Protection Rangers, Inc. ("CPR") makes no specific allegations nor does it provide any facts to support a claim for violation of the Bane Act, public nuisance, conspiracy, battery, or assault.

## III. PROCEDURAL HISTORY

Plaintiffs' class action complaint was filed on March 29, 2016. [Docket Number 1]. The complaint alleges six causes of action against Defendant Lee, including violation of the Bane Act, Public Nuisance, violations of various provisions of the California Coastal Act, assault, battery, and negligence. [Docket Number 1]. On July 11, 2016, this Court issued an Order granting a Motion to Dismiss the California Coastal Act claims. [Docket Number 84].

On February 21, 2017, this Court issued an Order denying Plaintiffs' Motion for Class Action Certification. [Docket No. 225]. On or about March 7, 2017, plaintiffs filed a Petition for Permission to Appeal with the United States Court of Appeals for the Ninth Circuit under Federal Rule 23(f). The Petition was denied. [Lutz Decl., ¶ 5]. Trial in this matter is set for November 7, 2017.

## IV. STANDARD FOR A MOTION FOR SUMMARY JUDGMENT

A party moving for summary judgment has the initial burden to establish there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *F.R.Civ.P.*, Rule 56(c); *British Airways Board v. Boeing Co.*, 585 F.2d 946, 951 (9th Cir. 1978). The moving party is not required to disprove matters upon which the non- moving party will have the burden of proof at trial; indeed, the moving party need not produce any evidence at all on those issues. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The moving party's burden is met simply by "'showing' – that is, pointing out to the District Court – that there is an absence of evidence to support the non-moving party's case." *Id.* at 325.

The opposing party's burden is to show a triable issue of fact as to matters upon which he will bear the burden of proof at trial. "A complete failure of proof

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Summary judgment requires facts, not simply unsupported denials or rank speculation. *Poppell v. City of San Diego* 149 F.3d 951, 954 (9th Cir. 1998). "Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). The mere existence of a scintilla of evidence does not satisfy this standard; rather, the plaintiff can meet it only with such admissible evidence that a reasonable trier of fact could return a verdict in his or her favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986).

## V. THERE IS NO GENUINE, MATERIAL FACTUAL DISPUTE AS TO THE FIRST CAUSE OF ACTION FOR VIOLATION OF THE BANE ACT

"California's Bane Act creates a cause of action when a defendant interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of California." (*Gant v. County of L.A.* (9th Cir. 2014) 772 F.3d 608, 623).

To prevail on a Bane Act claim plaintiffs must make two showings: "(1) defendants interfered with the plaintiffs' constitutional or statutory rights; and (2) that interference was accompanied by actual or attempted threats, intimidation, or coercion. Only if Plaintiffs can first establish that Defendants violated a constitutional or statutory right can the Court consider whether such interference was the product of threats, intimidation, or coercion." (*Campbell v. Feld Entm't, Inc.*(N.D. Cal. 2014) 75 F. Supp. 3d 1193, 1211)

///

### A. Sang Lee Did Not Interfere with Plaintiffs' Constitutional or Statutory Right

Plaintiffs allege that Defendant has interfered with plaintiffs' "state and federal rights to recreate in Lunada Bay." (Docket No. 1, ¶50). Plaintiffs, however, cite no actual statutory or constitutional provision in support of this claim. Nor do plaintiffs cite any authority to suggest that Bane Act liability may be premised on a violation of a person's right to use the public beaches.

Nevertheless, plaintiffs right to recreate at Lunada Bay was not been interfered with because both Cory Spencer and Diana Reed have recreated at Lunada Bay on several occasions. There is no evidence to suggest that CPR, as an entity, has the ability to recreate at Lunada Bay.

#### 1. Plaintiff Cory Spencer

Spencer's constitutional right to recreate at Lunada Bay has not been violated because Spencer has visited Lunada Bay at least thirteen times. [SSUF 1] [SSUF 2]. Spencer has also surfed and recreated at Lunada Bay in January and February 2016, as alleged in his complaint. (Docket Number 1, ¶21). Clearly Spencer's right to recreate at Luanda Bay has not been impeded because he has successfully done so on over a dozen occasions. There is no evidence to suggest that Spencer was refused access to Lunada Bay on any of these visits.

#### 2. Plaintiff Diana Reed

Reed visited Lunada Bay on January 6, 2016; January 29, 2016; February 5, 2016; and February 13, 2016. [SSUF 9].

Similar to Spencer, Reed's right to recreate at Lunada Bay has not been interfered with because she has clearly been to Lunada Bay on numerous occasions.

#### 3. Plaintiff Coastal Protection Rangers

CPR makes no specific allegations nor does it provide any facts to support a claim for violation of the Bane Act. [Docket Number 1]. Because CPR is an entity it is unclear how CPR could have been deprived of its constitutional right to recreate.

1 | There are also no facts to suggest that CPR has attempted to recreate at Lunada Bay,
2 | therefore no interference has occurred.

### B. Sang Lee Did Not Threaten, Intimidate, or Coerce Plaintiffs

Even if the court determines that plaintiffs' right to recreate was interfered with, even though evidence suggests it was not, it is undisputed that Lee did not threaten, intimidate, or coerce plaintiffs.

#### 1. Plaintiff Cory Spencer

Spencer has seen Lee on one occasion at Lunada Bay. [SSUF 3]. Spencer admits that Lee did not speak to him, did not threaten him, and did not make any physical contact with him. [SSUF 5] [SSUF 6] [SSUF 7].

#### 2. Plaintiff Diana Reed

Reed admits that she has never seen Lee at Lunada Bay and has never had any interaction with Lee. [SSUF 10]. If Reed has never seen Lee at Lunada Bay and has never had any interactions with him, it is impossible for him to have threatened, intimidated, or coerced her from being at Lunada Bay.

#### 3. Plaintiff Coastal Protection Rangers

Again, CPR makes no specific allegations against Lee and it does not provide any facts to support the claim that Lee has threatened, intimidated, or coerced the entity. There is no evidence to suggest that Lee has had any interaction with CPR.

## VI. THERE IS NO GENUINE, MATERIAL FACTUAL DISPUTE AS TO THE SECOND CAUSE OF ACTION FOR PUBLIC NUISANCE

Plaintiff brings a cause of action for public nuisance under California Civil Code §§3479 and 3480, as well as public nuisance per se pursuant to the City of Palos Verdes Estates Municipal Code ("PVE Code") §8.48.015.

### A. Public Nuisance under California Civil Code §§3479 and 3480

"A nuisance affecting an entire community or neighborhood, or any considerable number of persons is a public nuisance." (*Castaic Lake Water Agency v. Whittaker Corp.* (C.D. Cal. 2003) 272 F.Supp.2d 1053, 1070). "California law

defines a nuisance, in part, as anything which is injurious to health or is indecent or offensive to the senses, or an obstruction of the free use of property, so as to interfere with the comfortable enjoyment of life or property." (*Coppola v. Smith* (E.D.Cal. 2013) 935 F.Supp.2d 993, 1017).

"Actions to abate a public nuisance may be maintained either by a public body authorized by law or by a private party who has been specially injured by the nuisance." (*Castaic Lake Water Agency v. Whittaker Corp.* (C.D. Cal. 2003) 272 F.Supp.2d 1053, 1070). California Civil Code §3493 provides that "a private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise. "California courts generally have limited the group of plaintiffs with standing to sue on a public nuisance theory to plaintiffs who can show special injury to himself of a character different in kind-not merely in degree- from that suffered by the general public. (*Ileto v. Glock In.* (9th Cir. 2003) 349 F.3d 1191, 1211).

Since neither Reed nor CPR have interacted with or observed Lee at Lunada Bay, there are no facts to prove either plaintiffs were caused a substantial harm rising to the level of a public nuisance.

In addition, while Spencer has observed Lee at Lunada Bay on one occasion, he has never interacted with Lee. [SSUF 3]. Lee did not speak to Spencer and did not make any physical contact with Spencer. [SSUF 5] [SSUF 7]. Further, Spencer did not observe Lee cause any injury to anyone else. [SSUF 8].

None of the plaintiffs have facts to support a public nuisance claim because none of the plaintiffs were substantially harmed by Lee.

**B.     Public Nuisance under PVE Code §8.48.015**

Plaintiffs allege the following violations constitute a public nuisance under the PVE Code §8.48.015: Smoking in undeveloped public places (§8.56.020); erecting, placing, constructing, establishing, or maintaining any structure or object on public property without a permit (§12.04.020); making or causing to be made any

excavation, cut, or fill in any public place in the city without a permit (§12.12.020); violating city rules governing use and enjoyment by the public of any park or grounds (§12.24.020); disorderly conduct (§12.24.100); violating building codes (§15.08.130); failure to obtain a coastal development permit (§19.020.030).

There is no evidence to suggest that Lee has violated any of the aforementioned code sections or engaged in the unlawful behavior outlined therein.

## VII. THERE IS NO GENUINE, MATERIAL FACTUAL DISPUTE AS TO CONSPIRACY CLAIM

Civil conspiracy is not an independent tort, rather it is a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration. (*Idema v. Dreamworks, Inc.* (C.D.Cal. 2001) 162 F.Supp.2d 1129, 1196-1197).

"Under California law, a conspiracy is an agreement entered into between two or more persons with the specific intent to agree to commit a specified crime, with the further specific intent to commit that crime, followed by an overt act committed in the state by one (or more) of the parties for the purpose of accomplishing the object of the agreement." (*United States v. Fernandez* (9th Cir. 2004) 388 F.3d 1199, 1225).

California law makes clear, however, that knowledge alone of tortious conduct is insufficient to prove a conspiracy agreement. Actual knowledge of the planned tort, without more, is insufficient to serve as the basis for a conspiracy claim. Knowledge of the planned tort must be combined with intent to aid in its commission. (*Sebastian Int'l, Inc. v. Russolillo* (C.D.Cal 2001) 162 F.Supp.2d 1198, 1207).

Plaintiffs have failed to provide any evidence suggesting that Lee agreed to commit a crime. Plaintiffs are likely to argue that Lee engaged in communication with co-defendants via email, text, and phone calls, however, communication alone

does not prove Lee's intent to aid in the commission of a crime. There is no evidence to suggest these communications were in furtherance of an overt act. Just because one person emails another or calls another does not establish an intent to commit a crime. None of the communication between Lee and the other co-defendants establishes an agreement or actual knowledge to commit a planned tort. These communications are simply emails, text messages, and phone calls exchanged between friends.

## VIII. THERE IS NO GENUINE, MATERIAL FACTUAL DISPUTE AS TO THE SIXTH CAUSE OF ACTION FOR ASSAULT

Assault is the unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another. (*Tekle v. United States* (9th Cir. 2007) 511 F.3d 839, 855). "Harmful or offensive contact, intentionally done, is the essence of battery, while apprehension of that contact is the basis of assault." *Id.* "To establish civil assault, a plaintiff would need to establish that (1) defendants threatened to touch him in a harmful or offensive manner; (2) it reasonably appeared to him that they were about to carry out the threat; (3) he did not consent to the conduct; (4) he was harmed; and (5) the defendants' conduct was a substantial factor in causing the harm." *Id.*

### A.     Plaintiff Cory Spencer

Spencer has only seen Lee on one occasion at Lunada Bay. [SSUF 3]. Spencer admits that he never spoken to Lee and that Lee has never threatened him. [SSUF 5] [SSUF 6]. Spencer admits that Lee did not make any physical contact with him. [SSUF 7].

Because Spencer himself admits that Lee never threatened to physically touch him, there are no facts to suggest that Lee committed assault against Spencer.

### B.     Plaintiff Diana Reed

Reed has never had any interaction with Lee. [SSUF 10]. Reed has never seen Lee at Lunada Bay. [SSUF 10]

Since Reed has never interacted with Lee and has never even seen Lee at Lunada Bay, there are no facts to suggest that Lee committed assault against Reed.

### C. Plaintiff CPR

As an entity, it is entirely unclear how CPR intends to support its claim for assault. There are no facts to suggest that Lee touched CPR in a harmful or offensive manner or that CPR is even capable of being apprehensive of contact. It is physically impossible for Lee to have touched or put fear into an entity.

## IX. THERE IS NO GENUINE, MATERIAL FACTUAL DISPUTE AS TO THE SEVENTH CAUSE OF ACTION FOR BATTERY

"A battery is any willful and unlawful use of force or violence upon the person of another." (*Tekle v. United States* (9th Cir. 2007) 511 F.3d 839, 855). The elements of a battery claim in California are that (1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, (2) the plaintiff did not consent to that contact, and (3) the contact caused injury, damage, loss or harm to the plaintiff. *Id.*

### A. Plaintiff Cory Spencer

Spencer admits that Lee has never made physical contact with him. [SSUF 7]. Because Lee has never made physical contact with Spencer, there are no facts to suggest that Lee committed battery.

### B. Plaintiff Diana Reed

Reed also admits that Lee has never made physical contact with her. [SSUF 10]. Because Lee has never made physical contact with Reed, there are no facts to suggest that Lee committed battery.

### C. Plaintiff CPR

As an entity, it is entirely unclear how CPR intends to support its claim for battery. There are no facts to suggest that Lee ever physically touched CPR.

## X. THERE IS NO LEGITIMATE CLAIM FOR INJUNCTIVE RELIEF

Plaintiffs allege that they are entitled to injunctive relief under California

Civil Code §52.1. An injunction is only available when there is a real or immediate threat that plaintiffs will be harmed again, which is not present in this case. To obtain an injunction, plaintiffs must show they are in immediate danger of sustaining some direct injury as the result of the challenged official conduct, and that the injury must be real and immediate, not conjectural or hypothetical. In fact, "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief…if unaccompanied by any continuing present adverse effects." *O'Shea v. Littleton* (1974) 414 U.S. 488, 496.

Because plaintiffs have not been restricted from recreating at Lunada Bay, there is no immediate threat that an injunction would be able to protect. Further, because both Spencer and Reed admit they have not been physically harmed or threatened by Lee, it is unclear what an injunction would seek to relieve.

## XI. CONCLUSION

Based on the foregoing, Defendant respectfully requests the Court grant this Motion in its entirety.

DATED: July 21, 2017         LEWIS BRISBOIS BISGAARD & SMITH LLP


By:     /s/ Tera A. Lutz
        Dana Alden Fox
        Eric Y. Kizirian
        Edward E. Ward
        Tera A. Lutz
        Attorneys for Defendant SANG LEE