1  Peter T. Haven (SBN 175048)
2  HAVEN LAW
   1230 Rosecrans Avenue, Suite 300
3  Manhattan Beach, California 90266
   Tel: (213) 842-4617
4  Fax: (213) 477-2137
   Email: peter@havenlaw.com
5
   Attorney for Defendant
6  MICHAEL R. PAPAYANS

7

8              **UNITED STATES DISTRICT COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  CORY SPENCER, an individual;              Case No. 2:16-cv-02129-SJO-RAO
    DIANA MILENA REED, an
12  individual; and COASTAL                   **NOTICE OF MOTION AND**
    PROTECTION RANGERS, INC., a               **MOTION BY DEFENDANT**
13  California non-profit public benefit      **MICHAEL R. PAPAYANS FOR**
    corporation;                              **SUMMARY JUDGMENT, OR IN THE**
14                          Plaintiffs,       **ALTERNATIVE FOR SUMMARY**
                                              **ADJUDICATION OF CLAIMS;**
15         v.                                 **MEMORANDUM OF POINTS AND**
                                              **AUTHORITIES IN SUPPORT**
16  LUNADA BAY BOYS; THE
    INDIVIDUAL MEMBERS OF THE                 [Fed. Rules Civ. Proc., Rule 56]
17  LUNADA BAY BOYS, including but
    not limited to SANG LEE, BRANT            [*Concurrently Filed*: Decl. of Peter Haven
18  BLAKEMAN, ALAN JOHNSTON aka               w/ Exhibits; Statement of Facts and Law]
    JALIAN JOHNSTON, MICHAEL
19  RAE PAPAYANS, ANGELO                      Date:     August 21, 2017
    FERRARA, FRANK FERRARA,                   Time:     10:00 a.m.
20  CHARLIE FERRARA, and N.F.; CITY           Place:    Courtroom 10C
    OF PALOS VERDES ESTATES;                            350 W. 1st Street
21  CHIEF OF POLICE JEFF KEPLEY, in                     Los Angeles, California 90012
    his representative capacity; and DOES 1
22  – 10,                                     Hon. S. James Otero

23                          Defendants.

24  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

25         PLEASE TAKE NOTICE that on August 21, 2017, at 10:00 a.m., or as soon

26  thereafter as the matter may be heard by the Hon. S. James Otero, United States

27  District Court Judge, in Courtroom 10C of the above-indicated United States

28

_____
                    **DEFENDANT PAPAYANS' MOTION FOR SUMMARY JUDGMENT**

1  District Court, located at 350 W. 1st Street, Los Angeles, California 90012,

2  Defendant MICHAEL R. PAPAYANS ("Papayans") will and hereby does move the

3  Court for summary judgment, or in the alternative summary adjudication of claims.

4       This motion is made on the grounds that there is no genuine issue as to any

5  material fact and that Papayans is entitled to judgment as a matter of law.  Plaintiffs

6  Cory Spencer, Diana Reed, and Coastal Protection Rangers, Inc. ("Plaintiffs") have

7  never met or interacted with Papayans.  Plaintiffs lack sufficient evidence to

8  maintain their causes of action against Papayans for alleged: (1) interference with

9  Plaintiffs' constitutional rights under California's Bane Act, (2) public nuisance,

10  (3) assault, (4) battery, and (5) negligence.  *See Federal Rules of Civil Procedure*,

11  Rule 56(c)(1)(B) ("showing that the materials cited do not establish the ... presence

12  of a genuine dispute, or that an adverse party cannot produce admissible evidence to

13  support the fact."); *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 325 ("the burden

14  on the moving party may be discharged by 'showing' – that is, pointing out to the

15  district court – that there is an absence of evidence to support the nonmoving party's

16  case."); *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.* (9th Cir. 2000) 210

17  F.3d 1099, 1102 ("the moving party must either produce evidence negating an

18  essential element … or show that the nonmoving party does not have enough

19  evidence of an essential element to carry its ultimate burden of persuasion at trial.").

20       If for any reason the Court does not entirely grant Papayans summary

21  judgment, the Court is requested to grant Papayans partial summary judgment

22  and/or summary adjudication as follows:

23       1.    Plaintiffs do not have evidence sufficient to prove that Papayans

24  committed a battery upon Plaintiffs;

25       2.    Plaintiffs do not have evidence sufficient to prove that Papayans

26  committed an assault upon Plaintiffs;

27

28

2

**DEFENDANT PAPAYANS' MOTION FOR SUMMARY JUDGMENT**

3.      Plaintiffs do not have evidence sufficient to prove that Papayans was negligent toward Plaintiffs;

4.      Plaintiffs do not have evidence sufficient to prove that Papayans committed acts of public nuisance against Plaintiffs; and/or

5.      Plaintiffs do not have evidence sufficient to prove that Papayans interfered with or attempted to interfere with Plaintiffs' exercise or enjoyment of constitutional rights in violation of the Bane Act, Cal. *Civil Code* §52.1(b).

This motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the concurrently filed Statement of Uncontroverted Facts and Conclusions of Law and Declaration of Peter T. Haven with Exhibits, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at or before the hearing.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on July 14, 2017.

Defendant Papayans also joins in the summary judgment motions of all other Defendants.  "It is permissible for a party to adopt the motion of another party when the facts between the parties are essentially the same and the adoption would promote judicial efficiency."  *Vazquez v. Central States Joint Bd.*, 547 F.Supp.2d 833, 867. (N.D.Ill. 2008).

DATED: July 24, 2017                    HAVEN LAW


                                        By:     /s/ Peter T. Haven
                                        Peter T. Haven
                                        Attorney for Defendant
                                        MICHAEL R. PAPAYANS

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION AND SUMMARY OF MOTION

Plaintiffs Cory Spencer, Diana Milena Reed, and Coastal Protection Rangers, Inc., a California corporation ("Plaintiffs"), assert claims of alleged harassment and "localism" at a State beach.  In addition to claims against the City of Palos Verdes Estates and the City's Police for alleged failure to stop the claimed localism, the Plaintiffs also bring causes of action against individual Defendants for alleged acts of localism.  One of these individual Defendants is Michael Papayans ("Papayans").

The Plaintiffs, however, have never met Papayans or interacted with him, and they have no evidence sufficient to show that he is involved in a civil conspiracy, association, or gang.  There is no genuine issue as to any material fact and Papayans is entitled to judgment as a matter of law.

## II.    BRIEF FACTS

### A.    <u>Plaintiffs Assert Tort Claims and Civil Conspiracy Allegations</u>

Plaintiffs allege they lack complete access to Lunada Bay, a state beach in Palos Verdes Estates, due to alleged localism.  "Localism is a territorial practice whereby resident surfers attempt to exclude nonresident beachgoers and surfers through threats, intimidation, and violence." Complaint, p. 7, ¶ 17.   Plaintiffs allege that Papayans and the other individual Defendants are engaged in a "Civil Conspiracy" to act as a gang or association known as the "Lunada Bay Boys": "Defendant LUNADA BAY BOYS is a criminal gang whose members are primarily engaged in criminal and nuisance activities which constitute Bane Act violations and a public nuisance."  Complaint, Civil Conspiracy Allegations, p. 26, ¶ 52. Based on these Civil Conspiracy Allegations, the Plaintiffs allege that the Lunada Bay Boys are an unincorporated association under California *Code of Civil*

**DEFENDANT PAPAYANS' MOTION FOR SUMMARY JUDGMENT**

*Procedure* § 369.5 or *Corporations Code* § 18035(a), and/or a "criminal street gang" under California *Penal Code* § 186.22(f).  Complaint, ¶¶ 16, 17.

Plaintiffs assert the following causes of action against the individual Defendants, including Papayans: (1st) Bane Act, California *Civil Code* § 52.1(b), alleged interference or attempted interference with the Plaintiffs' exercise or enjoyment of their federal and state constitutional rights; (2nd) public nuisance, California *Civil Code* §§ 3479, 3480; (6th) assault, (7th) battery, (8th) negligence.

### B.   Plaintiffs Did Not Meet or Interact with Papayans

The Plaintiffs have "heard" of Papayans, but they have never met or interacted with him.   In their depositions, the Plaintiffs testified as follows:

Deposition of Plaintiff Corey Spencer

Q    Do you know who Michael Papayans is?

A    I know that's a name that's popped up a lot in Lunada Bay.

I know he's allegedly a Bay Boy, and I've heard it but ...

Q    I'm sorry. Go ahead. Are you finished?

A    I'm finished.

Q    Thank you.

To your knowledge, have you ever seen Michael Papayans?

A    Not that I can recall.     * * *

Q    To your knowledge, do you know if Michael Papayans had any involvement in these Lunada Bay incidents that you've described here today That you were personally involved with?

A    I don't know if he was there when I was there.  I couldn't answer that.

Declaration of Peter T. Haven ("Haven Decl."), ¶ 3, Exhibit 1, Deposition of Plaintiff Cory Spencer ("Spencer Depo."), 323:7-16, 324:18-23.

1    Deposition of Plaintiff Diana Reed

2    Q    Okay. Now, so you do – you are able to sort of put a face to the

3         name of Michael Papayans, it's your understanding of what he

4         looks like based on these videos; is that correct?

5    A    That's correct, yes.

6    Q    Do you know if you have ever personally seen Michael Papayans

7         at Lunada Bay when you were there?

8    A    I don't remember personally seeing him myself.   * * *

9    Q    This is what you've heard, but you personally have never had any

10        encounter with him to your knowledge?

11   A    I personally haven't had anything like person to person with him.

12   Haven Decl., ¶ 4, Exhibit 2, Deposition of Plaintiff Diana Reed ("Reed Depo."),

13   370:18 – 371:2, 372:1-5.

14        The Plaintiffs' deposition testimony establishes that they have not seen, met

15   or interacted with Papayans, and they have not had any incidents with him.

16        Similarly, there is no evidence of any interaction between Papayans and

17   Plaintiff Coastal Protection Rangers, Inc., a California corporation.

18

19   **C.    Papayans Was Involved in One Argument with a Non-Party**

20        Plaintiffs may rely on the fact that, in or about March 2014, Papayans got into

21   a shouting match with a non-party, Christopher Taloa, who had started a social

22   media campaign "game" against the local surfers to provoke them: "The game is to

23   draw them out like a salve." Exhibit 3, Deposition of Chris Taloa ("Taloa Depo."),

24   265:8-12; 284:22-25; 320:25 – 323:4.

25        After starting this campaign, Taloa and Papayans got into a heated shouting

26   argument one day at Lunada Bay. The argument was not physical, and Taloa did not

27   press any charges:

28
                                        6
                     **DEFENDANT PAPAYANS' MOTION FOR SUMMARY JUDGMENT**

1     Q.   And you indicated to them [the Police] that you didn't want to press

2           charges?

3     A.   I didn't want to press charges.  * * *

4     Q.   And you said he [Papayans] didn't do anything to me?

5     A.   He didn't get physical with me.

6     Q.   Okay.  That's what you meant?  He didn't get physical with you?

7     A.   He didn't get physical with me.

8  Exhibit 4, Taloa Depo., 345:1-3: 365:17-21.

9     This incident does not evidence anything, and it did not involve the Plaintiffs.

10

11  **III.   ARGUMENT**

12     **A.   <u>A Defendant Is Entitled to Summary Judgment if the Plaintiff Lacks</u>**

13         **<u>Sufficient Evidence to Raise a Genuine Issue of Material Fact</u>**

14     Rule 56(a) of the Federal Rules of Civil Procedure ("FRCP"), provides for a

15  motion for summary judgment or partial summary judgment:  "The court shall grant

16  summary judgment if the movant shows that there is no genuine dispute as to any

17  material fact and the movant is entitled to judgment as a matter of law."

18     A moving party may show there is no genuine dispute of material fact by

19  "showing that the materials cited do not establish the … presence of a genuine

20  dispute, or that an adverse party cannot produce admissible evidence to support the

21  fact."  FRCP Rule 56(c)(1)(B).

22     "[T]he burden on the moving party may be discharged by 'showing' – that is,

23  pointing out to the district court – that there is an absence of evidence to support the

24  nonmoving party's case."  *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 325.

25  "[T]he moving party must either produce evidence negating an essential element …

26  or show that the nonmoving party does not have enough evidence of an essential

27

28

1  element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine*
2  *Ins. Co., Ltd. v. Fritz Cos., Inc.* (9th Cir. 2000) 210 F.3d 1099, 1102.

3  "One of the principal purposes of the summary judgment rule is to isolate and
4  dispose of factually unsupported claims ...." *Celotex*, 477 U.S. at 324-325.  "Rule
5  56(e) therefore requires the nonmoving party to go beyond the pleadings and by her
6  own affidavits, or by the "'depositions, answers to interrogatories, and admissions
7  on file,' designate 'specific facts showing that there is a genuine issue for trial.'"
8  *Celotex* at 324.

9  Plaintiffs have not met or interacted with Papayans, and they have no
10  evidence sufficient to show that Papayans was involved in an alleged conspiracy.

11

12  **B.     Papayans Did Not Meet, Touch, Batter, or Assault the Plaintiffs**

13  To prove an assault, the Plaintiffs must prove, among other things, that the
14  "defendant acted with intent to cause harmful or offensive contact, or threatened to
15  touch plaintiff in a harmful or offensive manner[.]"  To prove a battery, the
16  Plaintiffs must prove, among other things, that the "defendant touched plaintiff, or
17  caused plaintiff to be touched, with the intent to harm or offend plaintiff[.]" *Yun Hee*
18  *So v. Sook Ja Shin*, 212 Cal.App.4th 652, 668–69 (2013) (citations omitted).

19  Papayans did not meet or interact with the Plaintiffs, much less touch them.
20  There is no genuine issue of material fact.   Plaintiffs cannot prove these claims.

21

22  **C.     Papayans Did Not Breach any Duty Owed to Plaintiffs**

23  "The elements of a negligence cause of action are the existence of a legal duty
24  of care, breach of that duty, and proximate cause resulting in injury." *McIntyre v.*
25  *Colonies-Pac., LLC*, 228 Cal.App.4th 664, 671 (2014).  Papayans did not meet or
26  interact with the Plaintiffs, so he did not owe, nor did he breach, any duty of care.
27  There is no genuine issue of material fact.   Plaintiffs cannot prove this claim.

28

**DEFENDANT PAPAYANS' MOTION FOR SUMMARY JUDGMENT**

### D.    Plaintiffs Did Not Suffer any Acts of Nuisance by Papayans

To prove their public nuisance claim against Papayans, the Plaintiffs must show that Papayans substantially and unreasonably interfered with the Plaintiffs' exercise of common public rights.  "[P]ublic nuisances … are 'offenses against, or interferences with, the exercise of rights common to the public,' such as public health, safety, peace, comfort, or convenience.  To qualify as a public nuisance, the interference must be both substantial and objectively unreasonable."  *Citizens for Odor Nuisance Abatement v. City of San Diego*, 8 Cal.App.5th 350, 358 (2017).

The Plaintiffs must also show that Papayans caused the Plaintiffs harm.  "Causation is an essential element of a public nuisance claim. A plaintiff must establish a 'connecting element' or a 'causative link' between the defendant's conduct and the threatened harm. * * * A plaintiff must show the defendant's conduct was a 'substantial factor' in causing the alleged harm. *Citizens for Odor Nuisance Abatement v. City of San Diego*, 8 Cal.App.5th 350, 359 (2017).

Papayans did not meet or interact with the Plaintiffs, so he did not subject them to any acts of public nuisance.  There is no genuine issue of material fact. Plaintiffs cannot prove this claim.


### E.    Papayans Did Not Interfere with Plaintiffs' Constitutional Rights

California's Bane Act provides legal or equitable relief for an "individual whose exercise or enjoyment of [federal or state constitutional] rights … has been interfered with, or attempted to be interfered with …."  California Civil Code §52.1(b).  Thus, Plaintiffs must prove that Papayans interfered with, or attempted to interfere with, the Plaintiffs' exercise or enjoyment of their constitutional rights.

Papayans did not meet or interact with the Plaintiffs, and he did not interfere with their constitutional rights.  There is no genuine issue of material fact. Plaintiffs cannot prove this claim.

9

**DEFENDANT PAPAYANS' MOTION FOR SUMMARY JUDGMENT**

**F.     Plaintiffs Have No Evidence that Papayans Is a Co-Conspirator**

The Plaintiffs do not have evidence sufficient to prove that Papayans is an alleged co-conspirator, and therefore an alleged gang or association member:

> Because civil conspiracy is so easy to allege, plaintiffs have a weighty burden to prove it. They must show that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it. It is not enough that the [alleged conspirators] knew of an intended wrongful act, they had to agree – expressly or tacitly – to achieve it.  Unless there is such a meeting of the minds, 'the independent acts of two or more wrongdoers do not amount to a conspiracy.'

*Choate v. County of Orange*, 86 Cal.App.4th 312, 333 (2000) (citations omitted).

Papayans did not meet or interact with Plaintiffs, and they have no evidence sufficient to show that he is a co-conspirator, gang member, or associaiton member. There is no genuine issue of material fact.  Plaintiffs cannot prove their claims.

**IV.   CONCLUSION**

The Plaintiffs have not met or interacted with Papayans, and they have no evidence sufficient to show that he is a co-conspirator, gang, or associaiton member. There is no issue of material fact, and Papayans is entitled to judgment.  Papayans also joins in the summary judgment motions of all other Defendants.  *Vazquez v. Central States Joint Bd.*, 547 F.Supp.2d 833, 867. (N.D.Ill. 2008).

DATED: July 24, 2017                    HAVEN LAW


                                        By:     /s/ Peter T. Haven
                                                Peter T. Haven
                                                Attorney for Defendant
                                                MICHAEL R. PAPAYANS