J. Patrick Carey (State Bar #253645)
LAW OFFICES OF J. PATRICK CAREY
1230 Rosecrans Avenue, Suite 270
Manhattan Beach, California 90266
Tel:  (310) 526-2237
Fax: (310) 356-3671
Email: pat@patcareylaw.com

Attorney for Defendant
ALAN JOHNSTON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation;<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1 – 10,<br><br>　　　　　　　　　Defendants. | Case No. 2:16-cv-02129-SJO (RAOx)<br><br>**DEFENDANT JOHNSTON'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES (F.R.C.P. 56)**<br><br>Hearing Date: August 21, 2017<br>Hearing Time: 10:00 A.M.<br>Judge: Hon. James Otero<br>Courtroom: 10C |

1
DEFENDANT JOHNSTON MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE COURT AND TO ALL PARTIES:**

PLEASE TAKE NOTICE that on August 21, 2017, at 10:00 a.m., in Department 10C of the United States District Court, located at 350 West First Street, Los Angeles, California 90012, Defendant Alan Johnston ("Defendant") will request the Court to grant his Motion for Summary Judgment, or in the alternative for summary adjudication of claims, on the Complaint of Plaintiffs Corey Spencer, Diana Milena Reed, and Coastal Protection Rangers, Inc. (collectively "Plaintiffs") pursuant to Federal Rule of Civil Procedure 56.  If for any reason the court does not entirely grant Defendant Johnston's summary judgment, the Court is requested to grant Defendant Johnston's partial summary judgment and/or summary adjudication as follows:

Summary Judgment for the First Cause of Action for violation of the Bane Act (California Civil Code § 52.1(b)) on the basis that Plaintiffs were not prohibited from exercising their right to recreate in Lunada Bay.

Summary Judgment as to the Second Cause of Action for Public Nuisance based on lack of standing.

Summary Judgment as to the conspiracy claims alleged in the First and Second Causes of Action based on a failure of evidence.

Summary Judgment as to the Sixth Cause of Action for Assault on the basis that Defendant did not do anything to put Plaintiffs in apprehension of immediate injury.

Summary Judgment on the Seventh Cause of Action for Battery on the basis that Defendant Johnston did not touch the Plaintiffs with the intent to harm.

Summary Judgment as to the Eighth Cause of Action for negligence on the basis that Defendant Johnston did not breach any duty of care.

This motion is based on this Notice, the Memorandum of Points and Authorities, all exhibits, the Declaration of J. Patrick Carey, the proposed Statement of Uncontroverted Facts, the Court's file in this action, all matters of which this Court must or may take judicial notice and on such further evidence and argument which may be presented at the hearing on this matter.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on July 14, 2017.

DATED: July 24, 2017      LAW OFFICES OF J. PATRICK CAREY

By: */s/ J. Patrick Carey*
J. Patrick Carey
Attorney for Defendant
ALAN JOHNSTON

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Plaintiffs allege they have been prohibited from enjoying Lunada Bay, a unique surf break along the cliffs of Palos Verdes in Southern California. In their complaint, Plaintiffs allege that Defendant has engaged in intimidation, assault, and battery to prevent them from surfing at Lunada Bay. Plaintiffs further allege that the Defendants are a criminal street gang within the meaning of California Penal Code § 186.22(f).

Plaintiffs Spencer and Coastal Protection Rangers, Inc. ("Coastal") have never interacted with Defendant Johnston, so their claims against him should be dismissed. The one incident in which Plaintiff Reed interacted with Defendant Johnston was captured on video. The video does not support any of the claims Plaintiff Reed has alleged against Defendant Johnston.

Finally, the Plaintiffs lack standing to ask this court for to declare a public nuisance and issue a gang injunction pursuant to Penal Code Section 186.22.

## II. FACTUAL BACKGROUND

Plaintiff Spencer has never seen Defendant Johnston. Declaration of J. Patrick Carey ("Carey Decl."), ¶ 3, Exhibit 1, Deposition of Plaintiff Cory Spencer ("Spencer Depo."), 323:17-20.

On February 13, 2016, Defendant Johnston approached Plaintiff Reed at the patio structure at Lunada Bay. Defendant Johnston reached into his backpack and grabbed a can of beer. He asked Plaintiff Reed and her friend if they were drinking and if they wanted a beer. Defendant Johnston then opened his can of beer. A small amount of foam of the beer sprayed

onto Plaintiff Reed's sweater sleeve and her camera as Defendant Johnston opened the beer. Declaration of J. Patrick Carey ("Carey Decl."), ¶ 5, Exhibit 3, Screenshots from Video of February 13, 2016 incident ("Feb 13 Video"). Plaintiff Reed's camera was not damaged. Declaration of J. Patrick Carey ("Carey Decl."), ¶ 4, Exhibit 2, Deposition of Plaintiff Diana Reed ("Reed Depo."), 176:5-6.

Plaintiff Coastal makes no specific allegations against Defendant Johnston and has not provided any evidence to support the causes of action against Defendant Johnston.

### III. ARGUMENT

#### A. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party must demonstrate that there is no dispute as to the material facts of the case. Courts will focus on the facts that might affect the outcome and will disregard all "facts that are irrelevant and unnecessary." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

#### B. THERE IS NO EVIDENCE THAT DEFENDANT JOHNSTON VIOLATED THE BANE ACT AS ALLEGED IN THE FIRST CAUSE OF ACTION

California's Bane Act provides legal or equitable relief for an "individual whose exercise or enjoyment of [federal or state constitutional] rights … has been interfered with, or attempted to be interfered with …." California Civil Code §52.1(b). Thus, Plaintiffs must prove that Defendant Johnston interfered with, or attempted to interfere with, the Plaintiffs' exercise or enjoyment of their constitutional rights.

Defendant Johnston did not meet or interact with Plaintiff Spencer. His one interaction with Plaintiff Reed on February 13, 2016 was brief, and he never interfered with her constitutional rights. There is no genuine issue of material fact. Plaintiffs cannot prove this claim.

### C. PLAINTIFF'S DO NOT HAVE STANDING FOR THE SECOND CAUSE OF ACTION FOR PUBLIC NUISANCE

Standing to bring a public nuisance action is limited to either (1) individuals who have suffered injuries different in kind or in degree from those suffered by other members of the public, or (2) to the State. *Cal. Civ. Code Sec. 3493*. Otherwise, California Code of Civil Procedure section 731 explicitly authorizes <u>prosecutors</u> to bring public nuisance actions in the name of the People:

> "A civil action may be brought in the name of the People of the State of California to abate a public nuisance, as the same is defined in Civ. Code. Sec. 3479, <u>by the district attorney</u> of any county in which the nuisance exists, <u>or by the city attorney</u> of any town or city in which such nuisance exists." *C.C.P. § 731*.

A public nuisance cannot be abated by a private person. *County of Yolo v. Sacramento,* (1868) 36 Cal. 193; *Hasbrouck v. Cavill,* (1921) 54 CA 1, 200 P 979; *San Joaquin & Kings River Canal & Irrigation Co. v. Egenhoff* (1943, Cal App) 61 Cal App 2d 82, 141 P2d 939. Plaintiff, in an action for nuisance, cannot recover damages for injuries which affect the public generally, but if he has suffered damages peculiar to himself, it becomes, to that extent, private nuisance for which he may recover. *Grigsby v. Clear Lake Water Works, Co.* (1870) 40 Cal. 396.

Plaintiffs are private parties. There is no genuine issue of material fact. The Plaintiffs do not have standing to bring this claim.

### D. THERE IS NO GENUINE, MATERIAL FACTUAL DISPUTE AS TO THE CONSPIRACY CLAIM

The Plaintiffs do not have evidence sufficient to prove that Defendant Johnston is an alleged co-conspirator, and therefore an alleged criminal street gang member.

"Because civil conspiracy is so easy to allege, plaintiffs have a weighty burden to prove it. They must show that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it. It is not enough that the [alleged conspirators] knew of an intended wrongful act, they had to agree – expressly or tacitly – to achieve it. Unless there is such a meeting of the minds, 'the independent acts of two or more wrongdoers do not amount to a conspiracy.' *Choate v. County of Orange*, 86 Cal.App.4th 312, 333 (2000) (citations omitted).

Plaintiffs have presented no evidence that Defendant Johnston is a co-conspirator or criminal street gang member. There is no genuine issue of material fact. Plaintiffs cannot prove this claim.

### E. DEFENDANT JOHNSTON DID NOT ASSAULT THE PLAINTIFFS

Assault is the unlawful attempt, couple with a present ability, to commit a violent injury upon the person of another. *Tekle v. United States* (9th Cir. 2007) 511 F. 3d 839, 855. To establish civil assault, a plaintiff would need to establish that a defendant threatened a harmful and offensive touching causing a harm. *Id.*

Defendant Johnston did not meet or interact with Plaintiff Spencer or Plaintiff Coastal. His one interaction with Defendant Reed does not amount to an assault as he did not touch her nor did he intend to injure her.

### F. DEFENDANT JOHNSTON DID NOT COMMIT A BATTERY

Battery is the willful and unlawful use of force or violence upon another person. *Tekle v. United States* (9th Cir. 2007) 511 F. 3d 839, 855. Defendant must have done an action that causes injury, damage, loss, or harm to the plaintiff. *Id.*

Defendant Johnston did not meet or interact with Plaintiff Spencer or Plaintiff Coastal. His one interaction with Defendant Reed does not amount to an assault. The act alleged here, the opening of a bear can, did not cause injury, damage, loss, or harm to the plaintiff. There is no genuine material factual dispute.

### G. THERE IS NO GENUINE, MATERIAL FACTUAL DISPUTE THAT CAN SUPPORT A CLAIM FOR NEGLIGENCE

"The elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and proximate cause resulting in injury." *McIntyre v. Colonies-Pac., LLC*, 228 Cal.App.4th 664, 671 (2014).

Defendant Johnston did not owe, nor did he breach, any duty of care. The Plaintiff's did not suffer an injury. There is no genuine issue of material fact. Plaintiffs cannot prove this claim.

///
///
///
///
///
///
///

### IV. CONCLUSION

Based on the foregoing, Defendant Johnston respectfully requests this

honorable Court to grant this motion in its entirety.

DATED: July 24, 2017        LAW OFFICES OF J. PATRICK CAREY

                            By: */s/ J. Patrick Carey*
                                J. Patrick Carey
                                Attorney for Defendant
                                ALAN JOHNSTON