**VEATCH CARLSON, LLP**
A Partnership Including Professional Corporations
1055 Wilshire Boulevard, 11th Floor
Los Angeles, California 90017
Telephone (213) 381-2861
Facsimile (213) 383-6370

ROBERT T. MACKEY, State Bar No. 210810
*rmackey@veatchfirm.com*
RICHARD P. DIEFFENBACH, State Bar No. 102663
*rdieffenbach@veatchfirm.com*
JOHN E. STOBART, State Bar No. 248741
*jstobart@veatchfirm.com*

**BUCHALTER, APC**
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017
(213) 891-0700

ROBERT S. COOPER, State Bar No. 158878
rcooper@buchalter.com

Attorneys for Defendant,
BRANT BLAKEMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | **CASE NO.: 2:16-CV-2129-SJO-RAO**<br>**Hon. S. James Otero, Ctrm. 10C**<br><br>**DEFENDANT BRANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**<br><br>DATE:    August 21, 2017<br>TIME:    10:00 a.m.<br>CTRM:    10C<br>         1st Street Courthouse<br><br>[Filed Concurrently with Defendant Brant Blakeman's Separate Statement in Support of Motion for Summary Judgment, Declaration of Richard P. Dieffenbach and Notice of Lodging A Video In Support of Motion for Summary Judgment]<br><br>**Action Commenced:  03/29/2016**<br>**Discovery Cutoff:    08/17/2017**<br>**Pretrial Conf.:      10/23/2017**<br>**Trial Date:          11/07/2017** |

1

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

**TO PLAINTIFFS BY AND THROUGH THEIR ATTORNIES OF RECORD:**

**PELASE TAKE NOTICE** that on August 21, 2017, at 10:00 a.m. in Courtroom 10C of the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, defendant, BRANT BLAKEMAN, will make the following Motion:

## MOTION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the defendant, BRANT BLAKEMAN ("Blakeman"), moves the Court to enter summary judgment against plaintiffs CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC. on all of their claims. The grounds for this Motion are: (1) plaintiffs lack sufficient evidence to support any cause of action against defendant Blakeman; and, (2) that based on the undisputed facts as set forth in the accompanying Statement of Uncontroverted Facts and Conclusions of Law, and for the reasons explained in the accompanying Memorandum of Points and Authorities, defendant Blakeman is entitled to judgment as a matter of law.

Alternatively, should summary judgment of the entire Complaint be denied, defendant BRANT BLAKEMAN seeks partial summary judgment of the following causes of action ONLY:

1.     First Cause of Action for Violations of the Bane Act (California Civil Code section 52.1);

2.     Second Cause of Action for Public Nuisance (California Civil Code sections 3479 and 3480);

3.     Sixth Cause of Action for Assault; and,

4.     Seventh Cause of Action for Battery.

Defendant Blakeman does not seek partial summary judgment on the Eighth Cause of Action for Negligence.

///

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on July 14, 2017.  Defendant Blakeman also joins in the summary judgment motions of all other Defendants. "It is permissible for a party to adopt the motion of another party when the facts between the parties are essentially the same and the adoption would promote judicial efficiency." *Vazquez v. Central States Joint Bd.*, 547 F.Supp.2d 833, 867 (N.D. Ill. 2008).

This Motion is based on this Notice and Motion, the accompanying Memorandum of Points and Authorities, Statement of Uncontroverted Facts and Conclusions of Law, the accompanying Declarations in Support of this Motion and the exhibits attached thereto, the pleadings, papers, and other documents comprising the record in this action, the argument of counsel at the hearing, and such other evidence as may be presented at the hearing on this motion, and such other matters of which the Court may take judicial notice.

Dated: July 24, 2017                          **VEATCH CARLSON, LLP**

 

                                      By: /s/ John E. Stobart
                                      _____
                                      JOHN E. STOBART
                                      Attorneys for Defendant,
                                      BRANT BLAKEMAN

Dated: July 24, 2017                          **BUCHALTER NEMER**

 

                                      By: /s/ Robert S. Cooper
                                      _____
                                      ROBERT S. COOPER
                                      Attorneys for Defendant,
                                      BRANT BLAKEMAN

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORTIES .................................................4

MEMORANDUM OF POINTS AND AUTHORTIES .................................................4

I.     INTRODUCTION .................................................................................................4

II.    PLAINTIFFS' COMPLAINT .............................................................................7

III.   FACTUAL ALLEGATIONS AND EVIDENTIARY SUPPORT ..................7

       A.    Spencer's Allegations and Evidence Against Blakeman ....................8

       B.    Reed's Allegations and Evidence Against Blakeman ........................8

IV.    STANDARD ON SUMMARY JUDGMENT ....................................................10

V.     THERE IS NO UNLAWFUL UNITY BETWEEN DEFENDANTS .........11

       A.    The Unincorporated Association Allegations are Misplaced ...........11

       B.    The Criminal Street Gang Allegations are Fruitless .......................12

       C.    Plaintiffs Lack Evidence Required to Establish a Conspiracy .........13

             1.    Evidence Needed to Prove Civil Conspiracy ...........................13

             2.    Plaintiffs' Allegations and Evidence of Conspiracy .................13

             3.    There is Insufficient Evidence to Support a Civil
                   Conspiracy ......................................................................................15

VI.    THERE IS NO EVIDENCE BLAKEMAN VIOLATED THE BANE
       ACT .......................................................................................................................15

VII.   THERE IS NO EVIDENCE THAT BLAKEMAN WAS A
       NUISANCE ...........................................................................................................17

VIII.  THERE IS NO EVIDENCE BLAKEMAN ASSAULTED
       PLAINTIFFS ........................................................................................................19

IX.    THERE IS NO EVIDENCE BLAKEMAN BATTERED
       PLAINTIFFS ........................................................................................................20

X.     PLAINTIFF COASTAL PROTECTION RANGERS HAS NO
       STANDING ...........................................................................................................20

XI.    THE BURDEN HAS SHIFTED .........................................................................21

XII.   CONCLUSION .....................................................................................................21

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-49 (1986) ...................................10

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd*., 7 Cal.4th 503, 510-11, 869 P.2d 454 (1994)....................................................................................................................13

*Ashcraft v. King*, 228 Cal.App.3d 604, 611, 278 Cal.Rptr. 900 (1991) .................5, 20

Austin B. v. Escondido Union School Dist. 149 Cal.App.4th 860, 883, 57 Cal.Rptr.3d 454, 472 (2007) ...................................................................................................15

*Avina v. U.S*., 681 F.3d 1127, 1130 (9th Cir. 2012) ..........................................5, 19, 20

Barsamian v. City of Kingsburg, 597 F.Supp.2d 1054, 1064 (E.D.Cal.2009).............15

*Beck Development Co. v. Southern Pacific Transportation Co*., 44 Cal.App.4th 1160, 1206, 52 Cal.Rptr.2d 518 (1996)...................................................................5, 18

*Campbell v. Feld Entertainment, Inc.* 75 F.Supp.3d 1193, 1211(N.D. Cal. 2014)......16

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ........................................10, 21

*Coppola v. Smith*, 935 F.Supp.2d 993 (E.D. Cal. 2013) ......................................18, 19

*Doleman v. Meiji Mut. Life Ins. Co*., 727 F.2d 1480, 1482 n. 3 (9th Cir. 1984).........13

*Gant v. County of Los Angeles*, 765 F.Supp.2d 1238, 1253-1254 (C.D. Cal. 2011) ...16

*Gonzalez v. City of McFarland,* 2014 U.S. Dist. LEXIS 111767 at 67 (E.D. Cal. 2014) ............................................................................................................................16

*In re Firearm Cases*, 126 Cal.App.4th 959, 987, 24 Cal.Rptr.3d 659, 678-79 (2005) .5, 17

*Jones v. Kmart Corp.*, 17 Cal.4th 329, 334, 949 P.2d 941 (1998) ..............................16

*Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) .................................................21

*Kincaid v. City of Fresno*, U.S. Dist. LEXIS 28532 at 40 (N.D. Cal. 2008.......4, 16, 17

*Lopez v. County of L.A.* 2015 U.S. Dist. LEXIS 82918 (C.D. Cal 2015) ...............7, 21

*Lowry v. Standard Oil Co. of California* 63 Cal.App.2d 1, 6-7, 229 P.2d 97 (1944)..19

*Lu v. Deng* (C.D. Cal., June 5, 2017, No. 216CV07283CASRAOX) 2017 WL 2469137 ......................................................................................................13

*Medina v. Hillshore Partners,* 40 Cal.App.4th 477, 485, 46 Cal.Rptr.2d 871 (1995)..6, 12

*Nissan Fire & Marine Ins. Co. v. Fritz Cos*., 210 F.3d 1099, 1102 (9th Cir. 2000)....11

*Orser v. Vierra*, 252 Cal.App.2d 660, 670–71, 60 Cal.Rptr. 708 (1967).................6, 11

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

*People ex rel. Totten v. Colonia Chiques,* 156 Cal.App.4th 31, 67 Cal.Rptr.3d 70, 75 (2007)..................................................................................................6, 11

*Quechan Indian Tribe v. U.S.* 535 F.Supp.2d 1072, 1123 (S.D. Cal. 2008)...............18

*Richards v. Combined Ins. Co*., 55 F.3d 247, 251 (7th Cir. 1995)..............................21

*Richardson v. City of Antioch* 722, F.Supp.2d 1133, 1147 (N.D. Cal. 2010) .............16

*Schaeffer v. Gregory Village Partners, L.P.*, 105 F. Supp.3d 951, 965 (N.D. Cal. 2015 ..............................................................................................................4, 17

*The People ex rel. Gallo Jeff W. Reisig v. Acuna,* 14 Cal.4th 1090, 1115, 1120-1122, 929 P.2d 596 (1997)........................................................................................6

*Tomblinson v. Nobile* 103 Cal.App.2d 266, 269, 229 P.2d 97(1951) ........................20

*Vasquez v. Rackauckas*, 734 F.3d 1025, 1030 (9th Cir. 2013)..............................6, 12

*Vieux v. East Bay Regional Park Dist*., 906 F.2d 1330, 1343 (9th Cir. 1990).........6, 13

## **STATUTES**

*Cal. Civ. Code* § 52.1(j) ........................................................................................16

*Cal. Civ. Code* §3493...................................................................................passim

Cal. Civil code section 3480...........................................................................7, 13, 19

*Cal. Civil Code* sections 3479 ..............................................................................7, 13

*Cal. Code Civ. Proc.* §731...................................................................................7, 21

*Cal. Code of Civil Procedure* section 369.5 ...............................................................11

*Cal. Corporation Code* section 18035.......................................................................11

*Cal. Penal Code* § 186.22a.....................................................................................12

*Cal. Penal Code* §186.21.......................................................................................12

*Cal. Penal Code* section 186.20 ...........................................................................6, 12

Fed. R. Civ. P. 56(a) .............................................................................................10

*Penal Code* section 186.22 ....................................................................................12

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

## MEMORANDUM OF POINTS AND AUTHORTIES

## I. INTRODUCTION

Stripped of its class action allegations by the Court's previous denial of plaintiffs' motion for class certification, this lawsuit has been reduced to the nominal and disjointed claims of the remaining plaintiffs Cory Spencer and Diana Reed. Plaintiffs' case against moving party Brant Blakeman consist solely of Spencer's claim that Blakeman surfed too close to him on one occasion at Lunada Bay and Reed's claim that Blakeman videotaped her at the patio structure at the Bay when defendant Alan Johnston opened a can of beer that sprayed some drops on her arm.

These factual claims fall far short of establishing a violation of the Bane Act by Blakeman, which requires violent acts, physical threats, coercion, or intimidation resulting in fear of injury or harm and, thereby, prevents them from exercising a constitutional right. *Cal. Civ. Code* §52.1; *Kincaid v. City of Fresno*, U.S. Dist. LEXIS 28532 at 40 (N.D. Cal. 2008). With respect to the incident in which Blakeman did nothing more than videotape Reed, who, by the way, was photographing Blakeman and others with her own camera and invited a photographer from the *LA Times,* Reed can be seen throughout the video smiling, smirking, and in no apparent distress. See *Dieffenbach Decl.*, Exhibit A, ["Video"]. Indeed, she spent over 60 minutes at the bay and made no attempt to leave the patio structure. Similarly, Spencer, a police officer from El Segundo, described his allegation of Blakeman paddling near him and another surfer in the water as "weird" and continued, by his own account, to surf for another two hours. These allegations are legally insufficient to implicate the extreme conduct and harm contemplated by the Bane Act.

Plaintiffs' public nuisance claims are similarly without merit, as private individuals have no standing to bring public nuisance claims unless they can show that they suffered individualized harm of a type that is *different* than that of the general public. *Cal. Civ. Code* §3493; *Schaeffer v. Gregory Village Partners, L.P.*, 105 F. Supp.3d 951, 965 (N.D. Cal. 2015); *In re Firearm Cases*, 126 Cal.App.4th 959, 987,

24 Cal.Rptr.3d 659, 678-79 (2005). Plaintiffs do not allege any specialized injury. They assert the same harm as that of the general public: an alleged obstruction from using Lunada Bay. [1] Indeed, one struggles to ascertain any harm to Plaintiffs from Blakeman's limited conduct. Moreover, Plaintiffs are unable to establish the existence of any public nuisance in the first place, which would require establishing generalized harm to an entire community or neighborhood. *Beck Development Co. v. Southern Pacific Transportation Co.*, 44 Cal.App.4th 1160, 1206, 52 Cal.Rptr.2d 518 (1996). Plaintiffs could find only nine declarants who alleged conduct within the period of the applicable statutes of limitations, many of which did not involve Blakeman. Plaintiffs' feeble showing led, in large part, to the Court denying class certification. (See, Order and decision denying class certification.) Perhaps most significantly of all, plaintiffs have never provided a single statement or declaration from any of the 13,500 citizens who live in Palos Verdes Estates to support their premise that a public nuisance exists in their town.

Plaintiffs are also unable to establish that Blakeman assaulted or committed battery against them, as the testimony and evidence of the two incidents indisputably shows that none occurred. *Avina v. U.S.*, 681 F.3d 1127, 1130 (9th Cir. 2012). *Ashcraft v. King*, 228 Cal.App.3d 604, 611, 278 Cal.Rptr. 900 (1991).

Plaintiffs' allegations of concerted activity do nothing to rescue their claims against Blakeman. As a preliminary matter, the only alleged conduct attempting to link Blakeman to others is a single text message sent by a non-party to various surfers including Blakeman in 2015, to which Blakeman did not respond; a text message to Defendant Papyans to a "Bay Boy" about surfer Chris Taloa, to which Blakeman did not receive or respond; group emails from defendant Sang Lee discussing the concerted effort of locals to stop the public from accessing the beach; and a Los

---

[1] Plaintiffs' own "expert" witness declaration submitted with its failed motion for class certification asserted that the harm to members of the public was fungible, and could be quantified at identical amounts based upon applying a static value to each plaintiffs' loss of enjoyment of Lunada Bay. (See expert declaration of Philip King, plaintiffs moving papers for class certification)

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

Angeles Times photograph of Blakeman at Lunada Bay filming the plaintiffs.

Plaintiffs' allegation that Blakeman and other defendants are part of an unincorporated association, civil conspiracy or criminal street gang are all equally without merit. It has been held that mere membership of an unincorporated association does not make its members liable for unlawful acts of other members without their participation, knowledge or approval. See *Orser v. Vierra*, 252 Cal.App.2d 660, 670–71, 60 Cal.Rptr. 708 (1967). See also *People ex rel. Totten v. Colonia Chiques,* 156 Cal.App.4th 31, 67 Cal.Rptr.3d 70, 75 (2007). Likewise, plaintiffs' assertion that Blakeman and others comprise a "criminal street gang" pursuant to *Cal. Penal Code* section 186.20, et. seq. ("STEP Act") does nothing to enhance their cause. That statute, whose application to a group of local surfers would be unprecedented, is only applicable to a "building or place used by members of a criminal street gang for the purpose of the commission of various criminal offenses." *Vasquez v. Rackauckas*, 734 F.3d 1025, 1030 (9th Cir. 2013). Indeed, "STEP merely provides that a civil action may be brought to abate gang-related nuisances occurring on the landowner's property." *Medina v. Hillshore Partners,* 40 Cal.App.4th 477, 485, 46 Cal.Rptr.2d 871 (1995). Similarly, the minimal evidence of any concerted action between Blakeman and other defendants would not support their allegations of conspiracy. "In order to prove a civil conspiracy, the parties to have conspired must have reached 'a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement.'" *Vieux v. East Bay Regional Park Dist*., 906 F.2d 1330, 1343 (9th Cir. 1990). There is simply no evidence linking Blakeman's conduct relating to Spencer or Reed to a conspiracy, or other defendants' alleged conduct to Blakeman.

The apparent attempt to hold Blakeman accountable for whatever the conduct of others may be at Lunada Bay under these theories of concerted activity, and on this scant evidence, is fraught with constitutional and due process implications that should preclude any finding of guilt by association. *The People ex rel. Gallo Jeff W. Reisig v. Acuna,* 14 Cal.4th 1090, 1115, 1120-1122, 929 P.2d 596 (1997).

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

Finally, the third named Plaintiff, Coastal Protection Rangers, which purports to be a non-profit organization connected to plaintiffs' counsel, has no standing to assert claims for violation of the Bane Act, nuisance, assault or battery, because whomever this group is comprised of cannot claim to be an injured party under these claims. See *Cal. Code Civ. Proc.* §731, *Civ. Code* §3493; *Civ. Code* §52.1; *Lopez v. County of L.A.* 2015 U.S. Dist. LEXIS 82918 (C.D. Cal 2015).

## II.   PLAINTIFFS' COMPLAINT

Plaintiffs bring this action for equitable remedies and monetary damages they allegedly suffered from being "unlawfully excluded from recreational opportunities at Palos Verdes Estates." *Id.* at ¶¶ 1-2. *Complaint*, Doc. 1, at ¶¶ 21, 22. The causes of action alleged against defendant Blakeman include violations of *Cal. Civil Code* section 52.1, *i.e.* the Bane Act (first cause of action), *Cal. Civil Code* sections 3479 and Cal. Civil code section 3480, *i.e.* public nuisance (second cause of action), assault (sixth cause of action), battery (seventh cause of action), and negligence per se (eighth cause of action).

The complaint is styled as a class action. *Complaint*, Doc. 1, at ¶¶ 30-42. The allegations alleged by the class are necessary to support their cause of action under the Bane Act. *Complaint*, Doc. 1, at ¶¶ 30-42. Class action treatment was denied by the court on February 21, 2017. *Civil Minutes*, Doc. 225. Specifically and relevant to this motion, plaintiffs failed show numerosity, having only nine declarants step forward with allegations of actionable claims. Plaintiffs petitioned the Ninth Circuit for interlocutory review of the order, which was also denied.

## III.   FACTUAL ALLEGATIONS AND EVIDENTIARY SUPPORT

Plaintiffs' factual allegations begin with two non-parties, Rory Carroll and Noah Smith, who visited Lunada Bay in May 2015 with a "hidden video" camera and were allegedly harassed. *Complaint*, Doc. 1, at ¶ 19. The alleged conduct was limited to verbal harassment. The conduct was allegedly reported to the police.[2] Although

---

[2] This allegations and evidence is limited to that against Blakeman. Allegations against the City and its officials are excluded from this motion.

7

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

included in the compliant, their story is completely irrelevant to this action.

**A.     Spencer's Allegations and Evidence Against Blakeman**

The story as alleged in the complaint picks up in January 2016 when plaintiff Spencer "worked up the courage" to surf Lunada Bay for the first time in his 30-year surfing career. *Complaint*, Doc. 1, at ¶ 21. During his surf session, he was allegedly injured by another surfer's surfboard. *Id.* He further alleges that he returned in February and March to "observe and watch the outsiders' cars parked on the bluff." *Id.*

Spencer's interrogatory responses tell a slightly different story. Spencer alleges that he and Chris Taloa went to surf at Lunada Bay on an unspecified day. Separate Statement of Uncontroverted Facts (filed concurrently herewith) ["UF"] No. 1. He claims they were harassed by unknown individuals when they arrived. UF No. 2. Then, while they were surfing, Spencer claims, "Blakeman was already in the water and began paddling around Spencer and Taloa in a tight circle – staying just a few feet away from them." UF No. 3. During the 90-minute surf session, he claims "Blakeman was focused on Spencer and Taloa and continued to shadow their movements, and sit uncomfortably close to them." *Id.* Thereafter, Spencer alleges that an unidentified surfer ran him over and sliced open his right wrist. UF No. 4.

According to their depositions, Spencer and Taloa visited Lunada Bay on January 29, 2016. UF No. 1. Spencer described Blakeman as paddling in a "very tight circle" and blocking Taloa from getting any waves. UF No. 3. Taloa referred to it as "severe shadowing." UF No. 5. Taloa did not see Blakeman do anything to Spencer. UF No. 6. Spencer and Taloa admit Blakeman did not say any words to Spencer. UF No. 7. Spencer described the interaction as "weird – just weird." UF No. 8.

The above allegations and evidence constitute the entire case Spencer has against Blakeman as an individual.

**B.     Reed's Allegations and Evidence Against Blakeman**

Plaintiff Reed's story as alleged in the complaint began on January 29, 2016.

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

*Complaint*, Doc. 1, ¶ 22. According to the complaint, Reed was an aspiring big wave surfer who "wanted to paddle out to experience the large waves found off Lunada Bay." *Id.* UF No. 9. She went to Lunada Bay with her friend Jordan Wright. *Id.* She was encountered by an unidentified 40 to 50-year-old man who yelled at her and she left. *Id.* She reported this incident to the police. *Id.* She returned on February 5, 2015, with a photographer from the Los Angeles Times, but there were no surfers there and they left. *Id.* The LA Times subsequently reported a story regarding Lunada Bay. *Id.*

On February 13, 2016, Reed and Wright returned to Lunada Bay and were allegedly hassled by an unidentified man. *Complaint*, Doc. 1, ¶ 24; UF No. 10. Two hours later, she was approached by defendants Jalian Johnston and Brant Blakeman. She alleges that Johnston "shook up a can of beer and sprayed Reed and her camera with it, and poured beer on Reed's arm." *Id*. She further alleges that Johnston exposed himself to her. She reported the incident to the police. *Id.*

Reed's interrogatory response tells a slightly watered down version, admitting that Johnson simply "opened a can of beer in a purposeful way so that it sprayed Reed's arm and her camera" instead of the shaking, spraying and pouring alleged in the complaint. UF No. 11.

According to her deposition testimony, Reed had only been surfing for two years and being a big wave surfer was just a goal – she was not a big wave surfer yet. UF No. 12. She admits that she has never actually surfed at Lunada Bay or even paddled out there. *Id.* She testified that although she remembers the events that occurred, it was very traumatic so she has "blocked out certain small details" and, due to her pregnancy at the time of the deposition, certain things were hard to remember. UF No. 13. However, she remembered Blakeman filming her and Johnson "opening a can of beer in a way that sprayed my arm and my camera." UF No. 14. During this encounter, she testified she was "frozen in fear." *Id.*

The video tells an even different story. UF No. 15. The rock patio next to the surf where Reed was standing was very small. *Id.* When Johnson opened the beer,

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

only a few drops of landed on her arm. *Id.* During the entire encounter, Reed is in no apparent distress. *Id.* She is either smiling or smirking the entire time. *Id.* Her voice is strong and unaffected by the actions around her. *Id.* She never asks to leave nor does she attempt to remove herself from the patio. *Id.*

The above constitutes the totality of allegations and evidence Reed has against Blakeman as an individual.

## IV.    STANDARD ON SUMMARY JUDGMENT

"A party may move for summary judgment, identifying each claim or defense ... on which summary judgment is sought." Fed. R. Civ. P. 56(a). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims" and it "should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action.'" *Id.*

"Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, *supra,* 477 U.S. at 323; see Fed. R. Civ. P. 56(c). An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248.

If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

## V.    THERE IS NO UNLAWFUL UNITY BETWEEN DEFENDANTS

Because plaintiffs do not have enough evidence to prosecute this action against Blakeman as an individual, they seek to unify Blakeman, the other individual codefendants and non-parties to create the illusion of concerted efforts to support vicarious tort liability. To do so, plaintiffs rely on legal theories such as alleging an unincorporated association, criminal street gang, and civil conspiracy. However, none of these theories are applicable and these allegations completely lack merit.

### A.    The Unincorporated Association Allegations are Misplaced

Plaintiffs allege a group called the Lunada Bay Boys exist as an unincorporated association. *Complaint*, Doc. 1, ¶ 4. However, *Cal. Code of Civil Procedure* section 369.5 is procedural in nature, allowing a plaintiff to name an unincorporated association as a defendant in a civil action. Because this case is in Federal Court, the California Rules of Civil Procedure do not dictate procedure, the Federal Rules of Evidence do.

Plaintiffs also use *Cal. Corporation Code* section 18035 to group the individual defendants together as an unincorporated association. *Complaint*, Doc. 1, ¶ 6. However, calling a defendant a member of an unincorporated association does not extend liability as suggested by plaintiffs, there still must be "participation, knowledge or approval" in the unlawful act by the individual defendant. See *Orser, supra,* 252 Cal.App.2d at 670–71. It has been held that an unincorporated association is bound to use the same care as a natural person; but that mere membership does not make all members liable for unlawful acts of other members without their participation, knowledge or approval.; see also *People ex rel. Totten, supra,* 156 Cal.App.4th at 38. Accordingly, the allegation is surplusage and does nothing to advance plaintiffs' claims.

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

Moreover, even though an unincorporated association is not named in the complaint, the main purpose of both statutes is to allow a plaintiff to name an entity that is not otherwise definable. The unincorporated association allegations have no application to this case and should be ignored.

**B.      The Criminal Street Gang Allegations are Fruitless**

Plaintiffs allege the Blakeman is a member of a criminal street gang pursuant to the California's Street Terrorism Enforcement and Prevention (STEP) Act, codified as Penal Code section 186.20, *et seq. Complaint*, Doc. 1, ¶ 4. Plaintiffs seek declaratory relief in that the Court finds the defendants satisfy the conditions set forth in *Penal Code* section 186.22. *Id.*, Prayer, ¶ 4. That is all. There is no other remedy sought via the STEP Act. Thus, the question is, "Why did the plaintiffs include criminal gang allegations in their complaint?"

The California Legislature in enacting the STEP Act recognized "that the State of California is in a state of crisis which has been caused by violent street gangs whose members threaten, terrorize, and commit a multitude of crimes against the peaceful citizens of their neighborhoods." *Cal. Penal Code* §186.21. Although section 186.22a "creates both a private and a public cause of action" to enjoin, abate or prevent a nuisance, the provision is only applicable to a "building or place used by members of a criminal street gang for the purpose of the commission of various criminal offenses." *Vasquez, supra,* 734 F.3d at 1030. Indeed, "STEP merely provides that a civil action may be brought to abate gang-related nuisances occurring on the landowner's property." *Medina, supra,* 40 Cal.App.4th at 485.

None of the plaintiffs own property in Palos Verdes Estates affected by the alleged criminal street gang. *Complaint*, Doc. 1, ¶¶ 1 and 2. The allegations are fruitless; they add nothing to their complaint and should be disregarded by the Court.

Moreover, it would be an unprecedented and a grossly inappropriate misapplication of the statute to apply it to surfers in Palos Verdes, with no evidence of conduct that even remotely rises to the level of the murder, mayhem, robbery, drug

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

offenses and other severe criminal activity of self-associated members of violent inner
city gangs. This statute is uniformly utilized in criminal cases brought by District
Attorneys or other public law enforcement agencies, and never in a civil case such as
this one. *See, e.g., Gallo Jeff W. Reisig, supra,* 14 Cal.4th 1090. Moreover, it does not
in any way relieve Plaintiffs burden to establish a public nuisance. *Civil Code* §3479,
Cal. Civil code section 3480.

### C.     Plaintiffs Lack Evidence Required to Establish a Conspiracy

Civil conspiracy is not a cause of action, it is a "legal doctrine that imposes
liability on persons who, although not actually committing a tort themselves, share
with the immediate tortfeasors a common plan or design in its perpetration." *Lu v.
Deng* (C.D. Cal., June 5, 2017, No. 216CV07283CASRAOX) 2017 WL 2469137, at
\*17; citing *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510-11,
869 P.2d 454 (1994). "By participation in a civil conspiracy, a coconspirator
effectively adopts as his or her own the torts of other coconspirators within the ambit
of the conspiracy." *Applied Eauip. Corp.*, *supra*, 7 Cal.4th at 511. In this way, a co-
conspirator incurs tort liability co-equal with the immediate tortfeasors. *Id.*

### 1.     Evidence Needed to Prove Civil Conspiracy

"In order to prove a civil conspiracy, the parties to have conspired must have
reached 'a unity of purpose or a common design and understanding, or a meeting of
the minds in an unlawful arrangement.'" *Vieux, supra,* 906 F.2d at 1343 (citations
omitted). A civil conspiracy is a combination "of two or more persons who, by some
concerted action, intend to accomplish some unlawful objective for the purpose of
harming another which results in damage." *Doleman v. Meiji Mut. Life Ins. Co.*, 727
F.2d 1480, 1482 n. 3 (9th Cir. 1984) (citations omitted).

### 2.     Plaintiffs' Allegations and Evidence of Conspiracy

Plaintiffs allege a group called the Lunada Bay Boys exists as an
unincorporated association or criminal street gang. *Complaint*, Doc. 1, at ¶¶ 4-6.
According to the complaint, the alleged Lunada Bay Boys are comprised of the eight

---

13

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

individually named defendants and Does 1-10. *Id.* ¶¶ 7, 10. According to plaintiffs, this common, illegal goal of the defendants is accomplished by "criminal and other gang-related activities." *Id.* ¶ 52. Mr. Blakeman is both a named defendant and an alleged member of the group. *Id.*

Plaintiffs rely on the conspiracy and gang allegations to create the illusion of Bane Act violations and a public nuisance. See, *Complaint*, Doc. 1, ¶52 (describing the Bay Boys as "a criminal gang whose members are primarily engaged in criminal and nuisance activities which constitute *Bane Act* violations and a public nuisance.". Plaintiffs further allege the defendants "infringe upon their rights [sic] constitutional right to recreate on California's public beaches." *Id.*

Spencer and Reed *believe* that Blakeman and the alleged Bay Boys were involved in a conspiracy, as provided in Uncontroverted Fact No. 15:

> Blakeman engaged in a concerted effort with other Bay Boys to obstruct the plaintiffs' and the publics' free passage and use in the customary manner of a public space. Reed also believes that Blakeman coordinated with other Bay Boys to harass and assault the plaintiffs and the public when they were visiting Lunada Bay. Reed believes that the conduct directed at the plaintiffs and others trying to surf Lunada Bay is part of an agreement among Blakeman and the other Bay Boys, which at a minimum, may be implied by the conduct of the parties and other members of the Bay Boys.

When asked to list their evidence of a conspiracy, the plaintiffs had only the following to speculate about, as provided in Uncontroverted Fact No. 15:

- "On February 5, 2015, Charles Mowat [a non-party] sent a text message to Defendant Brant Blakeman, Tom Sullivan [a non-party], David Yoakley [a non-party], Andy Patch [a non-party], Defendant Michael Papayans and several others that said 'There are 5 kooks standing on the bluff taking pictures … I think that same Taloa guy. Things could get ugly.'"
- "[A] text message was sent to Defendant Papayans on February 7, 2016, by a Bay Boy inquiring "How was all that Taloa shit? Charley called me and my dad said why weren't you down there?"
- "[T]here are emails from Sang Lee discussing the Bay Boys concerted efforts to stop the public from accessing the beach."
- "A Los Angeles Times photographer captured a picture of Defendant Blakeman of [sic] the bluff filming plaintiffs."

This is the totality of evidence that plaintiffs have linking Blakeman to a conspiracy. Indeed, fully recognizing that the foregoing is not sufficient evidence, "Reed believes that the Bay Boys concerted efforts to stop the public from accessing

14

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

the beach are documented in text messages and emails some of which have been destroyed or are being withheld by the Defendants in this case."

### 3.    There is Insufficient Evidence to Support a Civil Conspiracy

Plaintiffs have virtually no evidence that Blakeman ever conspired with anybody else to do anything illegal. There is no evidence that Blakeman conspired with anybody to injure Spencer or Reed. There was no meeting of the minds and, more importantly, no illegal activity was carried out. Spencer's alleged hand injury during his January 29, 2016, surfing incident was caused by an unidentified person. Blakeman was just there, there is no evidence of a "meeting of the mind" to cut Spencer's hand.

As for Reed's February 13, 2016, visit to Lunada Bay, she suffered some beer suds landing on her arm and nothing more. UF Nos. 11 and 14. Reed believes that Blakeman "planned the event out in an attempt to try to ruin my camera and in an attempt to try to intimidate me." UF No. 18. She believes this because it "seemed like all of their actions were orchestrated, they immediately rushed towards me. Johnson immediately opened the can of beer and, you know, sprayed it on my arm and on my camera in what I believe they intended to appear as an accident but to me it felt very intentional." *Id.* Obviously, Reed's beliefs are purely speculation. Again, Blakeman was just there, there is no evidence of a "meeting of the mind" to spray Reed with beer. There is no evidence of conspiracy.

## VI.    <u>THERE IS NO EVIDENCE BLAKEMAN VIOLATED THE BANE ACT</u>

The Bane Act provides a civil cause of action for relief when an "individual whose exercise or enjoyment of rights … has been interfered with, or attempted to be interfered with" through actual or attempted "threats, intimidation, or coercion." *Cal. Civ. Code* §52.1. In this context, the terms "interfered with" means to "violate." *Barsamian v. City of Kingsburg,* 597 F.Supp.2d 1054, 1064 (E.D.Cal.2009), quoting *Austin B. v. Escondido Union School Dist.* 149 Cal.App.4th 860, 883, 57 Cal.Rptr.3d 454, 472 (2007). Plaintiffs must show: (1) defendants violated their rights and (2) that

interference was accompanied by actual or attempted threats, intimidation, or coercion. *Campbell v. Feld Entertainment, Inc.*, 75 F.Supp.3d 1193, 1211 (N.D. Cal. 2014).

A claim under *Cal. Civil Code* section 52.1, i.e. the Bane Act, "requires a showing of an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Jones v. Kmart Corp.*, 17 Cal.4th 329, 334, 949 P.2d 941 (1998). "Thus, unless there were threats, coercion or intimidation, the Bane Act has no application." There must be a physical act; mere speech alone is insufficient. *Gant v. County of Los Angeles*, 765 F.Supp.2d 1238, 1253-1254 (C.D. Cal. 2011); *Cal. Civ. Code* § 52.1(j). The Eastern District in *Kincaid, supra,* U.S. Dist. LEXIS 28532 at 40 construed "threats, coercion or intimidation" standard as follows:

> A 'threat' consists of the intentional exertion of pressure to make another fearful or apprehensive of injury or harm. 'Intimidation' involves putting in fear for the purpose of compelling or deterring conduct. 'Coercion' is the application to another of such force, either physical or moral, as to constrain him to do against his will something he would not otherwise have done.

The relevant inquiry "is whether a reasonable person, standing in the shoes of the plaintiff, [would] have been intimidated by the actions of the defendants and have perceived a threat of violence." *Richardson v. City of Antioch* 722, F.Supp.2d 1133, 1147 (N.D. Cal. 2010); *Gonzalez v. City of McFarland,* 2014 U.S. Dist. LEXIS 111767 at 67 (E.D. Cal. 2014) [summary adjudication granted because plaintiff did not present evidence that she was physically intimidated by her manager when threatened to terminate her employment, and there was no evidence that a reasonable person would construe the statements as a threat of violence].)

For the first element, plaintiffs claim a "constitutional right to recreate on California's public beaches." *Complaint*, Doc. 1, ¶44. For the second element, plaintiffs allege the defendants created a "threatening and intimidating atmosphere for visiting beachgoers" via threats to "kill, assault, vandalize property, extort, and bring harm to other persons who… and therefore, infringe upon their rights." *Id.* It is further

16

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

alleged they "vandalize public and private property, sell and use narcotics, loiter, and drink alcohol on the beach and bluff." *Complaint*, Doc. 1, ¶46.

Here, the only factual allegations against Blakeman are that he surfed too close to Spencer and filmed Reed being sprayed by beer. There is no evidence that Mr. Blakeman: (a) exerted pressure to make either plaintiff "fearful or apprehensive of injury or harm" ("threat"); (b) put plaintiff "in fear for the purpose of compelling or deterring conduct" ("intimidation"); or (c) applied "force, either physical or moral, as to constrain [Plaintiffs] against [their] will something [they] would not otherwise have done" ("coercion"). *Kincaid, supra*, U.S. Dist. LEXIS 28532 at 40. In addition, no reasonable person in either of plaintiff's positions would have construed the alleged harassment by as a "threat of violence." In fact, neither did they. Spencer called it "weird" that Blakeman paddled around him and Reed can be readily seen was smirking the entire time. Plaintiffs cannot maintain a cause of action under the Bane Act against Blakeman.

## VII.   THERE IS NO EVIDENCE THAT BLAKEMAN WAS A NUISANCE

"Under California law, a nuisance is 'anything that is injurious to health or is indecent or offensive to the senses, or an obstruction to the free use of property, that interferes with the comfortable enjoyment of life or property....'" *Schaeffer, supra* 105 F. Supp.3d at 965-66*, citing *In re Firearm Cases*, supra,* 126 Cal.App.4th at 987 (internal alterations omitted). "Only a person who is specially injured by a nuisance may bring an action for public (as opposed to private) nuisance." *Id*.; citing *Cal. Civ. Code* §3493 ("A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise."). "In other words, the plaintiff's harm must be different from the type of harm suffered by the general public." *Id.*

Plaintiffs claim that defendants obstruct the "free passage and use of the public park and ocean access" by threats to "kill, assault, vandalize public and private property, extort, loiter, drink alcohol in public areas and bring harm to other persons who work in, visit or pass through the Lunada Bay area." *Complaint,* Doc. 1, ¶55.

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Spencer and Reed do not plead any special injury. Indeed, their alleged injury is the same as any others, obstruction to Lunada Bay.[3] Without specific injury, neither plaintiff can maintain an action for public nuisance. *Cal. Civ. Code* §3493.

Even more interesting is that it is arguable that plaintiffs did not suffer any injury at all. Spencer surfed at Lunada Bay for 90 minutes before he was allegedly injured by a non-party to this action. His access was not restricted. Likewise, Reed was at Lunada Bay for over two hours on February 13, 2016, and her access was not restricted in any way. A public nuisance requires a plaintiff to suffer "substantial actual damage." *Quechan Indian Tribe v. U.S.* 535 F.Supp.2d 1072, 1123 (S.D. Cal. 2008). Plaintiffs have failed to meet that standard.

Furthermore, the plaintiffs cannot establish that Blakeman's conduct was a nuisance. Under California law, a defendant may be liable for a nuisance under one of three theories: first, the defendant creates or assists in the creation of the nuisance; second, the defendant unreasonably fails to abate a nuisance when he is in possession of land; or third, the defendant has a right of possession in land and consents or unreasonably permits a third party to create a nuisance on the land. *Coppola v. Smith*, 935 F.Supp.2d 993 (E.D. Cal. 2013). Here, the only potentially applicable theory is the first one, i.e. that Blakeman created or assisted in the creation of a nuisance.

Here, plaintiffs allege nuisance per se. *Complaint*, Doc. 1, ¶ 56. "The concept of a nuisance per se arises when a legislative body with appropriate jurisdiction, in the exercise of the police power, expressly declares a particular object or substance, activity, or circumstance, to be a nuisance. *Beck, supra,* 44 Cal.App.4th at 1206. Plaintiff alleges violations of the City of Palos Verdes Estates Municipal Code as grounds for nuisance per se. *Complaint*, Doc. 1, ¶56. Specifically, smoking in undeveloped areas, erecting a structure on public property, excavating a public place,

---

[3] Plaintiffs' "expert" declaration submitted in support of its failed motion for class certification opined that the value for loss of use of Lunada Bay was fungible, and that "the recreational value of the surfing at Lunada Bay is between $50 and $80 per person per visit during the high season (November to March) and approximately half of that during the rest of the year." Decl. of Philip King, Plaintiffs' motion for class certification, pg. 8, para. 19

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

and disorderly conduct. *Id.* (citations to code sections omitted.) There is no evidence Blakeman created or assisted in the creation of a nuisance by violating any of these regulations. As such, plaintiffs cannot maintain a public nuisance cause of action against Blakeman.

Moreover, "nuisance claims require a showing of substantial and unreasonable interference, either with a public right or with the enjoyment of a plaintiff's property." *Coppola, supra*, 935 F.Supp.2d at 1018. A public nuisance is one which "affects at the same time an entire community or neighborhood, or any considerable number of persons." *Cal. Civ. Code* §3480. And as noted above, Plaintiffs' have provided not a single declaration from any of the approximately 13,500 citizens who live in the city of Palos Verdes Estates to support their claim that there is a public nuisance in their town. Thus, according to Plaintiffs' theory of the case as set forth in their failed motion for class certification, the public nuisance that allegedly exists in Palos Verdes Estates only constitutes a nuisance for some 20,000 unnamed people that don't actually live there, but is not a nuisance for the citizens that live in the town. Even taking plaintiffs' allegations as true, the conduct alleged is simply not a public nuisance.

## VIII.  THERE IS NO EVIDENCE BLAKEMAN ASSAULTED PLAINTIFFS

"Generally speaking, an assault is a demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present." *Lowry v. Standard Oil Co. of California*, 63 Cal.App.2d 1, 6-7, 229 P.2d 97 (1944). (emphasis added.) Under California law, to prevail on the tort of assault, the plaintiff must establish that: (1) the defendant threatened to touch the plaintiff in a harmful or offensive manner; (2) it reasonably appeared to the plaintiff that the defendant was about to carry out the threat; (3) the plaintiff did not consent to the defendant's conduct; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the plaintiff's harm. *Avina, supra,* 681 F.3d at 1130. Words alone do not amount to an assault. *Tomblinson v. Nobile,* 103 Cal.App.2d 266,

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

269 (1951).

To support their assault cause of action, plaintiffs allege they "reasonably believed that they were about to be touched in a harmful offensive manner" and the defendants "were about to carry out the threat." *Complaint*, Doc. 1, ¶97. However, the Uncontroverted Facts show that neither Spencer nor Reed were threatened by Blakeman. UF Nos. 9-11. Indeed, there is no evidence Blakeman said anything to either plaintiff. UF Nos. 7, 10-11.

## IX.   THERE IS NO EVIDENCE BLAKEMAN BATTERED PLAINTIFFS

"A battery is any intentional, unlawful and harmful contact by one person with the person of another." *Ashcraft, supra,* 228 Cal.App.3d at 611. Plaintiffs claim the defendants "at various different times touched Plaintiffs and various class members with the intent to harm or offend." *Complaint*, Doc. 1, ¶ 100.

"To prevail on a claim of battery under California law, a plaintiff must establish that: (1) the defendant touched the plaintiff or caused the plaintiff to be touched with the intent to harm or offend the plaintiff; (2) the plaintiff did not consent to the touching; (3) the plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's situation would have been offended by the touching." *Avina, supra,* 681 F.3d at 1130–31, citing *Ashcraft, supra*, 228 Cal.App.3d 604.

Here, it is undisputed that Blakeman did not touch either plaintiff. UF Nos. 6, 11, 14.[4] As such, there is no merit to the battery claim against Blakeman.

## X.   PLAINTIFF COASTAL PROTECTION RANGERS HAS NO STANDING

The third named plaintiff, Coastal Protection Rangers, Inc., which purports to be a non-profit organization connected to plaintiffs' counsel, has no standing to assert claims for violation of the Bane Act, nuisance, assault or battery since whomever this

---

[4] Although it has no bearing on the present motion, with respect to his video-taping of Reed, Blakeman stated that he did so because she was photographing him and others, along with an LA Times photographer Reed had arranged to be present. (Blakeman Depo 86:10-16; 88:2-89:23, 92:14-24, 95:2-96:10.)

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

group is comprised of cannot claim to be an injured party under these claims. See *Cal. Code Civ. Proc.* §731, *Civ. Code* §3493; *Civ. Code* §52.1; *Lopez, supra,* 2015 U.S. Dist. LEXIS 82918. The only allegation in the complaint is that the group is "dedicated to enforcing the California Coastal Act." While it is not clear whether this group has standing regarding the Coastal Act, this cause of action has already been dismissed from this lawsuit.

## XI.   THE BURDEN HAS SHIFTED

Once the moving party meets its initial burden, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995). It is not the Court's task "to scour the record in search of a genuine issue of triable fact." *Id.*; see also Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). If the non-moving party fails to present evidence sufficient to support a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

## XII.  CONCLUSION

For all the foregoing reasons, defendant Brant Blakeman respectfully requests this Court to enter summary judgment against plaintiffs CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC. on all of their claims on the grounds that plaintiffs lack sufficient evidence to support any cause of action against defendant Blakeman, and, therefore, defendant Blakeman is entitled to judgment as a matter of law.

Alternatively, should summary judgment of the entire Complaint be denied, defendant BRANT BLAKEMAN seeks partial summary judgment of the following causes of action ONLY:

1.     First Cause of Action for Violations of the Bane Act (California Civil Code section 52.1);

DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT

2.      Second Cause of Action for Public Nuisance (California Civil Code sections 3479 and 3480);

3.      Sixth Cause of Action for Assault; and,

4.      Seventh Cause of Action for Battery.

Defendant Blakeman does not seek partial summary judgment on the Eighth Cause of Action for Negligence.


Dated: July 24, 2017                  **VEATCH CARLSON, LLP**


                                      By: /s/ John E. Stobart
                                      JOHN E. STOBART
                                      Attorneys for Defendant,
                                      BRANT BLAKEMAN
Dated: July 24, 2017                  **BUCHALTER NEMER**


                                      By: /s/ Robert S. Cooper
                                      ROBERT S. COOPER
                                      Attorneys for Defendant,
                                      BRANT BLAKEMAN

**DEFENDANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**