**VEATCH CARLSON, LLP**
A Partnership Including Professional Corporations
1055 Wilshire Boulevard, 11th Floor
Los Angeles, California 90017
Telephone (213) 381-2861
Facsimile (213) 383-6370

ROBERT T. MACKEY, State Bar No. 210810
*rmackey@veatchfirm.com*
RICHARD P. DIEFFENBACH, State Bar No. 102663
*rdieffenbach@veatchfirm.com*
JOHN E. STOBART, State Bar No. 248741
*jstobart@veatchfirm.com*

Attorneys for Defendant, BRANT BLAKEMAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, <br><br> Defendants. | **CASE NO.: 2:16-CV-2129-SJO-RAO** <br> **Hon. S. James Otero, Ctrm. 10C** <br><br> **DECLARATION OF RICHARD P. DIEFFENBACH IN SUPPORT OF DEFENDANT BRANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT** <br><br> DATE:  August 21, 2017 <br> TIME:  10:00 a.m. <br> CTRM:  10C <br> 1st Street Courthouse <br><br> [Filed Concurrently with Defendant Brant Blakeman's Motion for Summary Judgment, Separate Statement in Support of Motion For Summary Judgment, Notice of Lodging A Video In Support of Motion for Summary Judgment, <br><br> **Action Commenced:**  03/29/2016 <br> **Discovery Cutoff:**  08/17/2017 <br> **Pretrial Conf.:**  10/23/2017 <br> **Trial Date:**  11/07/2017 |

///

///

///

1

**DECLARATION OF RICHARD P. DIEFFENBACH IN SUPPORT OF DEFENDANT BRANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

## DECLARATION OF RICHARD P. DIEFFENBACH

I, Richard P. Dieffenbach, declare as follows:

1.     I am an attorney licensed to practice under the laws of the State of California and am duly admitted to practice before this court. I am an associate with the law firm of Veatch Carlson, LLP, attorneys of record for defendant BRANT BLAKEMAN in this matter. As such, I am fully familiar with the facts and circumstances in this case and, if called as a witness, would and could competently testify to the facts set forth below.

2.     Attached hereto as Exhibit "A" is a true and correct copy of video footage taken by Brant Blakeman on February 13, 2016. The same video was previously lodged with this Court as a Exhibits to the Declaration of Diana Milena Reed in Support of Plaintiff's Motion for Class Certification.

3.     Attached hereto as Exhibit "B" are true and correct copies of the relevant portions of plaintiff Corey Spencer's Supplemental Responses to Special Interrogatories, Set One, served to Blakeman on February 24, 2017.

4.     Attached hereto as Exhibit "C" are true and correct copies of the relevant portions of plaintiff Diana Milena Reed's Supplemental Responses to Special Interrogatories, Set One, served to Blakeman on February 24, 2017.

5.     Attached hereto as Exhibit "D" are true and correct copies of the relevant pages from the transcript of the Deposition of Diana Milena Reed, taken on October 24 and 25, 2016.

6.     Attached hereto as Exhibit "E" are true and correct copies of the relevant pages from the transcript of the Deposition of Corey Spencer, taken on October 11, 2016.

///

///

///

///

DECLARATION OF RICHARD P. DIEFFENBACH IN SUPPORT OF DEFENDANT
BRANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT

7. Attached hereto as Exhibit "F" are true and correct copies of the relevant pages from the transcript of the Deposition of Christopher Taloa, taken on January 5, 2017.

I attest under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 24th day of July, 2017, at Los Angeles, California.


/s/ Richard P. Dieffenbach
Richard P. Dieffenbach, Declarant

**DECLARATION OF RICHARD P. DIEFFENBACH IN SUPPORT OF DEFENDANT
BRANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT**

# EXHIBIT "A"

**Exhibit A:** Video footage taken on February 13, 2016 by Defendant Brant Blakeman, page number 4 to the Declaration of Richard P. Dieffenbach, Lodged with the Court pursuant to Local Rule 11-5.1. *See* Notice of Lodging filed concurrently herewith.

# EXHIBIT "B"

1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   CAROLINE LEE, SBN 293297
4  clee@hansonbridgett.com
   JENNIFER ANIKO FOLDVARY, SBN 292216
5  jfoldvary@hansonbridgett.com
   425 Market Street, 26th Floor
6  San Francisco, California 94105
   Telephone:(415) 777-3200
7  Facsimile:  (415) 541-9366

8  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
9  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
10 lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
11 Sacramento, California 95814
   Telephone:(916) 442-3333
12 Facsimile:  (916) 442-2348

13 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
14 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
15 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
16 Torrance, California 90505
   Telephone:(310) 378-8533
17 Facsimile:  (310) 347-4225

18 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
19 REED, and COASTAL PROTECTION
   RANGERS, INC.

20

21 **UNITED STATES DISTRICT COURT**

22 **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

23

24 CORY SPENCER, an individual; | CASE NO. 2:16-cv-02129-SJO (RAOx)
25 DIANA MILENA REED, an individual; and COASTAL | **PLAINTIFF COREY SPENCER SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE PROPOUNDED BY DEFENDANT BLAKE BLAKEMAN**
26 PROTECTION RANGERS, INC., a
27 California non-profit public benefit
28 corporation,

| | | | |
|---|---|---|---|
| 1 | | | |
| 2 | Plaintiffs, | Complaint Filed: | March 29, 2016 |
| 3 | v. | Trial Date: | November 7, 2017 |

4  LUNADA BAY BOYS; THE
5  INDIVIDUAL MEMBERS OF THE
   LUNADA BAY BOYS, including but
6  not limited to SANG LEE, BRANT
   BLAKEMAN, ALAN JOHNSTON
7  AKA JALIAN JOHNSTON,
8  MICHAEL RAE PAPAYANS,
9  ANGELO FERRARA, FRANK
   FERRARA, CHARLIE FERRARA,
10 and N. F.; CITY OF PALOS
   VERDES ESTATES; CHIEF OF
11 POLICE JEFF KEPLEY, in his
12 representative capacity; and DOES
   1-10,
13

14        Defendants.

15

16        PROPOUNDING PARTY:   Defendant BRANT BLAKEMAN

17        RESPONDING PARTY:    Plaintiff CORY SPENCER

18        SET NO.:             SUPPLEMENTAL (FURTHER)

19        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff

20 CORY SPENCER ("Responding Party") hereby submits these objections

21 and responses to Interrogatories, Set One, propounded by Defendant

22 BRANT BLAKEMAN ("Propounding Party").

23                      **PRELIMINARY STATEMENT**

24        Nothing in this response should be construed as an admission by

25 Responding Party with respect to the admissibility or relevance of any fact,

26 or of the truth or accuracy of any characterization or statement of any kind

27 contained in Propounding Party's Interrogatories. Responding Party has not

28 completed its investigation of the facts relating to this case, its discovery or

PLAINTIFF COREY SPENCER (FURTHER) SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE PROPOUNDED BY DEFENDANT BLAKE BLAKEMAN

G

1  its preparation for trial. All responses and objections contained herein are
2  based only upon information that is presently available to and specifically
3  known by Responding Party. It is anticipated that further discovery,
4  independent investigation, legal research and analysis will supply additional
5  facts and add meaning to known facts, as well as establish entirely new
6  factual conclusions and legal contentions, all of which may lead to
7  substantial additions to, changes in and variations from the responses set
8  forth herein. The following objections and responses are made without
9  prejudice to Responding Party's right to produce at trial, or otherwise,
10  evidence regarding any subsequently discovered information. Responding
11  Party accordingly reserves the right to modify and amend any and all
12  responses herein as research is completed and contentions are made.

13  **SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

14  **INTERROGATORY NO. 1:**

15  IDENTIFY ALL PERSONS that have knowledge of any facts that
16  support your contention that BRANT BLAKEMAN participated in any way in
17  the "commission of enumerated 'predicate crimes'" as alleged in paragraph
18  5 of the Complaint, and for each such PERSON identified state all facts you
19  contend are within that PERSON's knowledge.

20  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

21  Responding Party objects to this interrogatory as premature. Because
22  this interrogatory seeks or necessarily relies upon a contention, and
23  because this matter is in its early stages and pretrial discovery has only just
24  begun, Responding Party is unable to provide a complete response at this
25  time, nor is it required to do so.  See *Kmiec v. Powerwave Techs. Inc. et al.*,
26  2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
27  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see
28  also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

-3-                     Case No. 2:16-cv-02129-SJO (RAOx)

1  interrogatory need not be answered until designated discovery is complete,
2  or until a pretrial conference or some other time.").

3  Responding Party further objects to this interrogatory as unduly
4  burdensome, harassing, and duplicative of information disclosed in
5  Responding Party's Rule 26(a) disclosures and supplemental disclosures.
6  Propounding Party may look to Responding Party's Rule 26(a) disclosures
7  and supplemental disclosures for the information sought by this
8  interrogatory.  Moreover, Responding Party had the opportunity to depose
9  Mr. Spencer on this topic.

10  Responding Party further objects to this interrogatory as compound.
11  This "interrogatory" contains multiple impermissible subparts, which
12  Propounding Party has propounded to circumvent the numerical limitations
13  on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

14  Responding Party further objects to this interrogatory on the grounds
15  that it seeks information that is outside of Responding Party's knowledge.

16  Responding Party further objects to the extent that this interrogatory
17  invades attorney-client privilege and/or violates the work product doctrine by
18  compelling Responding Party to disclose privileged communications and/or
19  litigation strategy.

20  Subject to and without waiver of the foregoing objections, Responding
21  Party responds as follows:

22  In addition to each defendant named in his individual capacity and
23  other persons identified in Plaintiffs' Initial and Supplemental Disclosures,
24  and the evidence submitted in support of Plaintiffs motion for class
25  certification, Responding Party identifies the following individuals:

26  Cory Spencer: Spencer believes that Blakeman engaged in a
27  concerted effort with other Bay Boys to obstruct his free passage and use in
28  the customary manner of a public space.  Spencer also believes that

-4-                                   Case No. 2:16-cv-02129-SJO (RAOx)

1 Blakeman coordinated with other Bay Boys to assault him while he was
2 surfing. Spencer believes that the conduct directed at him and others trying
3 to surf Lunada Bay is part of an agreement among Blakeman and the other
4 Bay Boys, which at a minimum, may be implied by the conduct of the parties
5 and other members of the Bay Boys. Spencer believes that the Bay Boys
6 concerted efforts to stop the public from accessing the beach are
7 documented in text messages and emails some of which have been
8 destroyed or are being withheld by the Defendants in this case. For
9 example, on February 5, 2016, plaintiffs are informed and believe that
10 Charles Mowat sent a text message to Defendant Brant Blakeman, Tom
11 Sullivan, David Yoakley, Andy Patch, Defendant Michael Papayans and
12 several others that said "There are 5 kooks standing on the bluff taking
13 pictures...I think that same Taloa guy. Things could get ugly." A Los
14 Angeles Times photographer captured a pictured of Defendant Blakeman of
15 the bluff filming plaintiffs. Plaintiffs believe that the Bay Boys take photos
16 and/or video tape people as a form of harassment and intimidation. For
17 example, plaintiffs are also informed and believe that a Lunada Bay local
18 named Joshua Berstein was taking pictures at the MLK 2014 paddle out.
19 Plaintiffs are also informed and believe that Berstein told several people
20 after he photographed them "know we know who you are."

21    The specific acts directed against Spencer include but are not limited
22 to the following:

23    Spencer and Chris Taloa went to surf Lunada Bay. Almost instantly
24 after they arrived at Lunada Bay, they started getting harassed by Bay Boys.
25 They were told that they couldn't surf there, and Spencer was called a
26 "kook," which is a derogatory surfing term. Spencer was also told: "why don't
27 you fucking go home, you fucking kook" and asked "how many other good
28 places did you pass to come here?" These are the same types of statements

13002697.1

9

1 | made by Defendant Sang Lee and others that can be observed on the video
2 | published by the Guardian.[1] These taunts started while Spencer and Taloa
3 | were on the bluffs getting ready to surf. One individual continued to heckle
4 | Spencer and Taloa on their way down to the beach and into the water.

5 |     Blakeman was already in the water and began paddling around
6 | Spencer and Taloa in a tight circle – staying just a few feet away from them.
7 | There was no legitimate reason for this conduct. Spencer believes that this
8 | is a tactic used by the Bay Boys to harass people.[2] Blakeman impeded
9 | Spencer's movement in any direction and was intentionally blocking him
10 | from catching any waves. It was clear to Spencer that Blakeman was not
11 | there to surf that morning. Instead, his mission was to prevent Spencer and
12 | Taloa from surfing and to keep them from enjoying their time in the water,
13 | the open space, the waves, and nature. This the type of concerted effort was
14 | described by Charlie Ferrara to Reed as the way the Bay Boys act to keep
15 | people from surfing at Lunada Bay. In the approximately 90 minutes that
16 | Spencer was in the water that day, Blakeman was focused on Spencer and
17 | Taloa and continued to shadow their movements, and sit uncomfortably
18 | close to them. Spencer had never experienced anything like that before in
19 | his life. It was bizarre but also incredibly frightening and disturbing. It
20 | appeared to Spencer that Blakeman was coordinating his actions with a
21 | group of guys who were standing in the Rock Fort, along with others in the
22 | water. They were all talking to each other and it was clear they all knew

---

25 | [1] https://www.theguardian.com/travel/video/2015/may/18/california-surf-
26 | wars-lunada-bay-localism-video.
27 | [2] Plaintiffs are informed and believe that Defendant Papayans sent a text message describing similar conduct: "We just had a kook out in the water
28 | and me and Jack just sat on his ass."

1 | each other.

2 | At one point while Spencer was in the water and was paddling west
3 | out to the ocean, he saw a man surfing, coming in east towards the shore.
4 | The Bay Boy ran over his hand/wrist that was holding his surfboard and one
5 | of the fins on his surfboard sliced open his right wrist. Spencer has about a
6 | half-inch scar from where this man ran him over. As soon as the Bay Boy
7 | ran him over, he started berating Spencer, saying things like "what are you
8 | fucking doing out here? I told you to go home. I should have run you over.
9 | Why are you paddling in the sun glare where I can't see you?" The Bay Boy
10 | was pretending that he didn't see Spencer but it was obvious that he did and
11 | intentionally ran him over. With over 30 years of surfing experience, Spencer
12 | knew that this collision was intentional on his part. Fearful of being further
13 | injured at that point, and not wanting to get into an argument with him,
14 | Spencer just paddled away. Spencer and Taloa caught one more wave after
15 | that and then decided it was getting too dangerous to surf. More men started
16 | showing up at the Rock Fort and Spencer and Taloa were growing
17 | increasingly fearful for their safety. Spencer was also bleeding and in pain.
18 | These incidents are described in the declarations filed with Plaintiffs motion
19 | for class certification and the deposition of Spencer.

20 | Spencer further identifies the following individuals as having
21 | knowledge of concerted efforts by the Bay Boys, including Blakeman:

22 | Christopher Taloa.[3] As set forth above, Taloa and Spencer went
23 | surfing at Lunada Bay and were harassed by Blakeman. Taloa witnessed
24 | Blakeman shadowing Spencer's movement in the water. Blakeman was in
25 | the water with four or five other Lunada Bay Locals.  At one point, Blakeman

26 |
27 |

28 | [3] Mr. Talo is represented by Hanson Bridgett LLP and Otten Law PC.

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COREY SPENCER (FURTHER) SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE PROPOUNDED BY
DEFENDANT BLAKE BLAKEMAN

13002697.1

1       When Claypool and his brother got out of water, they saw people
2 gathering on top of the cliff. One person was videotaping them from the top
3 of the cliff; it was clear to Claypool that he was doing this to try and
4 intimidate them. The people were watching them from the cliff. It was
5 obvious that Blakeman engaged in a concerted effort with other Bay Boys to
6 obstruct his free passage and use in the customary manner of a public
7 space. It also seemed clear that Blakeman engaged in a concerted effort
8 with other Bay Boys to try and injure him. These incidents are described in
9 the declarations filed with Plaintiffs motion for class certification.

10       Plaintiffs are informed and believe and on that basis allege that
11 Defendant Blakeman and his attorneys are attempting to intimidate
12 witnesses in this case. On at least two occasions, an investigator hired by
13 Blakeman's attorneys contacted witnesses represented by Plaintiffs'
14 attorneys. The investigator also showed up at the home of a reporter that
15 has not been listed as a witness.

16       The request is premature. Because Blakeman and the other
17 defendants are refusing to comply with their obligations to produce
18 documents under the federal rules and are impermissibly withholding
19 evidence and/or possibly spoliating evidence, we are not able to fully
20 respond to discovery requests which necessarily rely on our ability to fully
21 investigate the facts. As discovery is continuing, Spencer reserves the right
22 to update this response.

23 **INTERROGATORY NO. 6:**

24       IDENTIFY ALL PERSONS that have knowledge of any facts that
25 support your contention that BRANT BLAKEMAN has illegally extorted
26 money from beachgoers who wish to use Lunada Bay for recreational
27 purposes (See paragraph 33 j. of the Complaint), and for each such
28 PERSON identified state all facts you contend are within that PERSON's

1 knowledge.

2 ## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:

3 Responding Party objects to this interrogatory as premature. Because
4 this interrogatory seeks or necessarily relies upon a contention, and
5 because this matter is in its early stages and pretrial discovery has only just
6 begun, Responding Party is unable to provide a complete response at this
7 time, nor is it required to do so. See *Kmiec v. Powerwave Techs. Inc. et a*l.,
8 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*
9 *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see
10 also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]
11 interrogatory need not be answered until designated discovery is complete,
12 or until a pretrial conference or some other time.").

13 Responding Party further objects to this interrogatory as unduly
14 burdensome, harassing, and duplicative of information disclosed in
15 Responding Party's Rule 26(a) disclosures and supplemental disclosures.
16 Propounding Party may look to Responding Party's Rule 26(a) disclosures
17 and supplemental disclosures for the information sought by this
18 interrogatory. Moreover, Responding Party had the opportunity to depose
19 Mr. Spencer on this topic.

20 Responding Party further objects to this interrogatory as compound.
21 This "interrogatory" contains multiple impermissible subparts, which
22 Propounding Party has propounded to circumvent the numerical limitations
23 on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

24 Responding Party further objects to this interrogatory on the grounds
25 that it seeks information that is outside of Responding Party's knowledge.

26 Responding Party further objects to the extent that this interrogatory
27 invades attorney-client privilege and/or violates the work product doctrine by
28 compelling Responding Party to disclose privileged communications and/or

PLAINTIFF COREY SPENCER (FURTHER) SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE PROPOUNDED BY DEFENDANT BLAKE BLAKEMAN

13002697.1

*13*

1 | litigation strategy.  Responding Party will not provide any such information.

2 |     The request is premature. Because Blakeman and the other

3 | defendants are refusing to comply with their obligations to produce

4 | documents under the federal rules and are impermissibly withholding

5 | evidence and/or possibly spoliating evidence, we are not able to fully

6 | respond to discovery requests which necessarily rely on our ability to fully

7 | investigate the facts. As discovery is continuing, Spencer reserves the right

8 | to update this response.

9 | **INTERROGATORY NO. 7:**

10 |     IDENTIFY ALL PERSONS that have knowledge of any facts that

11 | support your contention that BRANT BLAKEMAN was a part of a Civil

12 | Conspiracy as identified in your complaint in paragraphs 51 through 53, and

13 | for each such PERSON identified state all facts you contend are within that

14 | PERSON's knowledge.

15 | **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

16 |     Responding Party objects to this interrogatory as premature. Because

17 | this interrogatory seeks or necessarily relies upon a contention, and

18 | because this matter is in its early stages and pretrial discovery has only just

19 | begun, Responding Party is unable to provide a complete response at this

20 | time, nor is it required to do so.  See *Kmiec v. Powerwave Techs. Inc. et al.*,

21 | 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific

22 | Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see

23 | also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

24 | interrogatory need not be answered until designated discovery is complete,

25 | or until a pretrial conference or some other time.").

26 |     Responding Party further objects to this interrogatory as unduly

27 | burdensome, harassing, and duplicative of information disclosed in

28 | Responding Party's Rule 26(a) disclosures and supplemental disclosures.

13002697.1    PLAINTIFF COREY SPENCER (FURTHER) SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE PROPOUNDED BY
DEFENDANT BLAKE BLAKEMAN

1  DATED: February 24, 2017          OTTEN LAW, PC

2

3

4                                    By: /s/ Victor Otten

5                                        VICTOR OTTEN
                                         KAVITA TEKCHANDANI
6                                        Attorneys for Plaintiffs
                                         CORY SPENCER, DIANA MILENA
7                                        REED, and COASTAL PROTECTION
8                                        RANGERS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-96-          Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COREY SPENCER (FURTHER) SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE PROPOUNDED BY DEFENDANT BLAKE BLAKEMAN

13002697.1

15

**PROOF OF SERVICE**
*Spencer, et al. v. Lunada Bay Boys, et al.*
U.S.D.C. for the Central District of California
**Case No. 2:16-cv-02129-SJO (RAOx)**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is: 3620 Pacific Coast Highway, Suite 100, Torrance, CA 90505.

On February 24, 2017, I served the original or a true copy of the following document(s) described as:

**PLAINTIFF COREY SPENCER (FURTHER) SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE PROPOUNDED BY DEFENDANT BLAKE BLAKEMAN**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **February 24, 2017**, at Torrance, California.

/s/Victor Otten
Victor Otten

-97-                                   Case No. 2:16-cv-02129-SJO (RAOx)

13002697.1

1 | **SERVICE LIST**
*Spencer, et al. v. Lunada Bay Boys, et al.*
2 | U.S.D.C. for the Central District of California
**Case No. 2:16-cv-02129-SJO (RAOx)**

3

4 | Robert T. Mackey, Esq.
Peter H. Crossin, Esq.
Richard P. Dieffenbach, Esq.
5 | John P. Worgul, Esq.
VEATCH CARLSON, LLP
6 | 1055 Wilshire Blvd., 11th Floor
Los Angeles. CA  90017

*(Attorneys for Defendant BRANT
BLAKEMAN)*
*(served original)*

7

8 | Robert S. Cooper, Esq.
BUCHALTER NEMER, APC
1000 Wilshire Blvd., Suite 1500
9 | Los Angeles. CA  90017

*(Attorneys for Defendant BRANT
BLAKEMAN)*
*(served true copy)*

10 | J. Patrick Carey, Esq.
LAW OFFICES OF
11 |  J. PATRICK CAREY
1230 Rosecrans Ave., Suite 300
12 | Manhattan Beach. CA  90266

*(Attorney for Defendant ALAN
JOHNSTON a/k/a JALIAN
JOHNSTON)*
*(served true copy)*

13 | Peter T. Haven, Esq.
HAVEN LAW
14 | 1230 Rosecrans Ave., Suite 300
Manhattan Beach. CA  90266

*(Attorney for Defendant MICHAEL
RAY PAPAYANS)*
*(served true copy)*

15

16 | Dana Alden Fox, Esq.
Edward E. Ward, Jr., Esq.
Eric Y. Kizirian, Esq.
17 | Tera Lutz, Esq.
LEWIS BRISBOIS
18 |  BISGAARD & SMITH LLP
633 W. 5th Street, Suite 4000
19 | Los Angeles. CA  90071

*(Attorneys for Defendant SANG LEE)*
*(served true copy)*

20 | Daniel M. Crowley, Esq.
BOOTH, MITCHEL &
21 |  STRANGE LLP
707 Wilshire Blvd., Suite 4450
22 | Los Angeles. CA  90017

*(Attorneys for Defendant SANG LEE)*
*(served true copy)*

23 | Mark C. Fields, Esq.
LAW OFFICES OF
24 |  MARK C. FIELDS, APC
333 South Hope Street, 35th Floor
25 | Los Angeles. CA  90071

*(Attorney for Defendant ANGELO
FERRARA and Defendant N. F.
appearing through Guardian Ad
Litem, Leonora Ferrara)*
*(served true copy)*

26

27

28

-98-   Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFF COREY SPENCER (FURTHER) SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE PROPOUNDED BY
DEFENDANT BLAKE BLAKEMAN

13002697.1

| 1 | Thomas M. Phillip, Esq. | *(Attorneys for Defendant ANGELO* |
| 2 | Aaron G. Miller, Esq.<br>THE PHILLIPS FIRM | *FERRARA)*<br>(served true copy) |
| 3 | 800 Wilshire Blvd., Suite 1550<br>Los Angeles. CA  90017 | |
| 4 | Patrick Au, Esq. | *(Attorneys for Defendants FRANK* |
| 5 | Laura L. Bell, Esq.<br>BREMER WHYTE | *FERRARA and CHARLIE FERRARA)*<br>(served true copy) |
| 6 |  BROWN & O'MEARA, LLP<br>21271 Burbank Blvd., Suite 110 | |
| 7 | Woodland Hills. CA  91367 | |
| 8 | Edwin J. Richards, Esq.<br>Antoinette P. Hewitt, Esq. | *(Attorneys for Defendants CITY OF*<br>*PALOS VERDES and CHIEF OF* |
| 9 | Rebecca L. Wilson, Esq.<br>Jacob Song, Esq. | *POLICE JEFF KEPLEY)*<br>(served true copy) |
| 10 | Christopher D. Glos, Esq.<br>KUTAK ROCK LLP | |
| 11 | 5 Park Plaza, Suite 1500<br>Irvine. CA 92614-8595 | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

PLAINTIFF COREY SPENCER (FURTHER) SUPPLEMENTAL RESPONSES TO INTERROGATORIES. SET ONE PROPOUNDED BY DEFENDANT BLAKE BLAKEMAN

13002697.1

1 **VERIFICATION**

2          I, Cory Spencer, have read PLAINTIFF CORY SPENCER'S

3    RESPONSE TO INTERROGATORIES, SET ONE, PROPOUNDED BY

4    DEFENDANT BRANT BLAKEMAN and know its contents.

5          I am a party to this action and I make this verification for that reason. I

6    am informed and believe and on that ground allege that the matters stated in

7    the foregoing document are true.

8          I declare under penalty of perjury under the laws of the State of

9    California that the foregoing is true and correct.

10         Executed on February 24, 2016, in _____ *TORRANCE* _____,

11    California.

12

13

14                              _____

15                                        CORY SPENCER

16

17

18

19

20

21

22

23

24

25

26

27

28

12755241.1

VERIFICATION

19

# EXHIBIT "C"

1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   CAROLINE LEE, SBN 293297
4  clee@hansonbridgett.com
   JENNIFER ANIKO FOLDVARY, SBN 292216
5  jfoldvary@hansonbridgett.com
   425 Market Street, 26th Floor
6  San Francisco, California 94105
   Telephone: (415) 777-3200
7  Facsimile:  (415) 541-9366

8  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
9  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
10 lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
11 Sacramento, California 95814
   Telephone: (916) 442-3333
12 Facsimile:  (916) 442-2348

13 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
14 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
15 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
16 Torrance, California 90505
   Telephone: (310) 378-8533
17 Facsimile:  (310) 347-4225

18 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
19 REED, and COASTAL PROTECTION
   RANGERS, INC.
20

21              **UNITED STATES DISTRICT COURT**

22     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

23

24  CORY SPENCER, an individual;          CASE NO. 2:16-cv-02129-SJO (RAOx)
25  DIANA MILENA REED, an                 **PLAINTIFF DIANA MILENA REED'S**
    individual; and COASTAL               **SUPPLEMENTAL RESPONSE TO**
26  PROTECTION RANGERS, INC., a           **INTERROGATORIES, SET ONE**
                                          **PROPOUNDED BY DEFENDANT**
27  California non-profit public benefit  **BRANT BLAKEMAN**
    corporation,
28

                                          Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S SUPPLEMENTAL RESPONSE TO INTERROGATORIES, SET ONE
                     PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

1

2          Plaintiffs,

3          v.

4  LUNADA BAY BOYS; THE
5  INDIVIDUAL MEMBERS OF THE
   LUNADA BAY BOYS, including but
6  not limited to SANG LEE, BRANT
7  BLAKEMAN, ALAN JOHNSTON
   AKA JALIAN JOHNSTON,
8  MICHAEL RAE PAPAYANS,
9  ANGELO FERRARA, FRANK
   FERRARA, CHARLIE FERRARA,
10 and N. F.; CITY OF PALOS
11 VERDES ESTATES; CHIEF OF
   POLICE JEFF KEPLEY, in his
12 representative capacity; and DOES
13 1-10,

14         Defendants.

15

Complaint Filed:   March 29, 2016
Trial Date:        November 7, 2017

16    PROPOUNDING PARTY:    Defendant BRANT BLAKEMAN

17    RESPONDING PARTY:     Plaintiff DIANA MILENA REED

18    SET NO.:              SUPPLEMENTAL

19    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff

20  DIANA MILENA REED ("Responding Party") hereby submits these

21  supplemental objections and responses to Interrogatories, Set One,

22  propounded by Defendant BRANT BLAKEMAN ("Propounding Party").

23                    **PRELIMINARY STATEMENT**

24    Nothing in this response should be construed as an admission by

25  Responding Party with respect to the admissibility or relevance of any fact,

26  or of the truth or accuracy of any characterization or statement of any kind

27  contained in Propounding Party's Interrogatories. Responding Party has not

28
                                    -2-        Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL RESPONSE TO INTERROGATORIES, SET ONE PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13002592.1

1  completed its investigation of the facts relating to this case, its discovery or
2  its preparation for trial. All responses and objections contained herein are
3  based only upon information that is presently available to and specifically
4  known by Responding Party. It is anticipated that further discovery,
5  independent investigation, legal research and analysis will supply additional
6  facts and add meaning to known facts, as well as establish entirely new
7  factual conclusions and legal contentions, all of which may lead to
8  substantial additions to, changes in and variations from the responses set
9  forth herein. The following objections and responses are made without
10 prejudice to Responding Party's right to produce at trial, or otherwise,
11 evidence regarding any subsequently discovered information. Responding
12 Party accordingly reserves the right to modify and amend any and all
13 responses herein as research is completed and contentions are made.

14 **SUPPLEMENTAL RESPONSES TO INTERROGATORIES**
15 **INTERROGATORY NO. 1:**

16     IDENTIFY ALL PERSONS that have knowledge of any facts that
17 support your contention that BRANT BLAKEMAN participated in any way in
18 the "commission of enumerated 'predicate crimes'" as alleged in paragraph
19 5 of the Complaint, and for each such PERSON identified state all facts you
20 contend are within that PERSON's knowledge.

21 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

22     Responding Party objects to this interrogatory as premature. Because
23 this interrogatory seeks or necessarily relies upon a contention, and
24 because this matter is in its early stages and pretrial discovery has only just
25 begun, Responding Party is unable to provide a complete response at this
26 time, nor is it required to do so. See *Kmiec v. Powerwave Techs. Inc. et al.*,
27 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

28

-3-                    Case No. 2:16-cv-02129-SJO (RAOx)

1        The specific acts directed against Reed include but are not limited to
2 the following:

3      i)      Reed went to Lunada Bay on January 29, 2016 with Jordan
4 Wright.[1]  Reed had intended to surf at Lunada Bay that day because the
5 conditions were such that she felt comfortable surfing. Immediately after
6 they parked their car along the bluffs, the harassment began. Several men
7 drove by and circled around their car. This was the day that she and Wright
8 were harassed and intimidated by David Melo. Blakeman was recording
9 them on land with his camera. It was very disturbing to Reed and made her
10 feel very uncomfortable. Plaintiffs are informed and believe that this was
11 witnessed by John MacHarg.[2]

12      ii)      On or about February 12, 2016, The Los Angeles Times
13 published an article called "Bay Boys surfer gang cannot block access to
14 upscale beach, Coastal Commission says." Jordan Wright and Cory
15 Spencer are quoted in the article. Mr. Wright and a few others had planned
16 to surf Lunada Bay the following morning. Plaintiffs are informed and believe
17 that Defendants Johnston and Blakeman learned that Jordan Wright and
18 Diana Reed were going to Lunada Bay and planned to be there to harass
19 them. On February 12, 2016, Defendant Alan Johnston sent the following
20 text messages to an unknown recipient: "No fucking way Taloa is back this
21 year" and "If u really wanna be a bay boy we might meet help tomm."

22      iii)      On February 13, 2016, Reed returned to Lunada Bay with
23 Jordan Wright to watch him surf and take photographs. Prior to her arrival,
24 she contacted the Palos Verdes Estates Police and requested an escort
25
26

27 [1] Jordan Wright is represented by Hanson Bridgett LLP and Otten Law PC.
28 [2] John McHarg is represented by Hanson Bridgett LLP and Otten Law PC.

PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL RESPONSE TO INTERROGATORIES,
SET ONE PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13002592.1

1 │ from the bluffs to the beach. She was concerned about her safety given the
2 │ January 29, 2016 incident. She was told that the police were unavailable
3 │ and no officers were present when they arrived.

4 │ When Reed and Wright reached the beach, they encountered angry
5 │ locals who were yelling at them. Reed and Wright ignored the harassment
6 │ and Wright got into the water to surf and Reed made her way to the Rock
7 │ Fort where she planned to watch Wright and photograph him.

8 │ Approximately two hours after Reed had arrived at Lunada Bay, while
9 │ she was standing in the Rock Fort taking photos, Blakeman and defendant
10 │ Alan Johnston rushed into the fort and ran towards her in a hostile and
11 │ aggressive manner. It seemed that they had coordinated and orchestrated
12 │ the attack which completely caught Reed off guard. Blakeman was filming
13 │ Reed again, and at times, held his camera right in her face. It was
14 │ intimidating and harassing to Reed, and she feared for her safety.

15 │ Reed asked Blakeman and Johnston why they were filming her,
16 │ because it made her uncomfortable. Blakeman responded, "because I feel
17 │ like it." Johnston responded, "Because you're hot. Because you're fucking
18 │ sexy baby, woooh!" Johnston then opened a can of beer in a purposeful
19 │ way so that it sprayed Reed's arm and her camera. Reed, paralyzed with
20 │ fear, was unable to leave the Rock Fort as Blakeman and Johnston were
21 │ standing closest to the exit.

22 │ iv) Plaintiffs are informed and believe that after the incident
23 │ Defendant Johnston started calling and/or texting other Lunada Bay locals to
24 │ check for police to plan a getaway. At around 1:00 pm Brad Travers (Travers
25 │ Tree Service) texted Johnston: "Don't see any cops at the top." Plaintiffs are
26 │ informed and believe that later that day Johnston received a text from his
27 │
28 │

-7- Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL RESPONSE TO INTERROGATORIES, SET ONE PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13002592.1

24

1  mother asking him "What happened at the bay?" Johnston replied "Nothing
2  happened really just couple of trolls they got nothing."

3       Reed further identifies the following individuals as having knowledge of
4  concerted efforts by the Bay Boys, including Blakeman:

5       Cory Spencer: Cory Spencer and Chris Taloa went to surf Lunada
6  Bay. Almost instantly after they arrived at Lunada Bay, they started getting
7  harassed by Bay Boys. They were told that they couldn't surf there, and
8  Spencer was called a "kook," which is a derogatory surfing term. Spencer
9  was also told: "why don't you fucking go home, you fucking kook;" and was
10 asked, "how many other good places did you pass to come here?" These
11 are the same types of statements made by Defendant Sang Lee and others
12 that can be observed on the video published by the Guardian.[3]  These
13 taunts started while Spencer and Taloa were on the bluffs getting ready to
14 surf. One individual continued to heckle Spencer and Taloa on their way
15 down to the beach and into the water.

16      Blakeman was already in the water and began paddling around
17 Spencer and Taloa in a tight circle – staying just a few feet away from them.
18 There was no legitimate reason for this conduct. Reed believes that this is a
19 tactic used by the Bay Boys to harass people.[4]  Blakeman impeded
20 Spencer's movement in any direction and was intentionally blocking him
21 from catching any waves. It was clear to Spencer that Blakeman was not
22 there to surf that morning. Instead, his mission was to prevent Spencer and

23

24

25 [3] https://www.theguardian.com/travel/video/2015/may/18/california-surf-
   wars-lunada-bay-localism-video.

26 [4] Plaintiffs are informed and believe that Defendant Papayans sent a text
27 message describing similar conduct: "We just had a kook out in the water
28 and me and Jack just sat on his ass."

PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL RESPONSE TO INTERROGATORIES,
SET ONE PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13002592.1

1  evidence and/or possibly spoliating evidence, we are not able to fully

2  respond to discovery requests which necessarily rely on our ability to fully

3  investigate the facts. As discovery is continuing, Reed reserves the right to

4  update this response.

5  **INTERROGATORY NO. 7:**

6  IDENTIFY ALL PERSONS that have knowledge of any facts that

7  support your contention that BRANT BLAKEMAN was a part of a Civil

8  Conspiracy as identified in your complaint in paragraphs 51 through 53, and

9  for each such PERSON identified state all facts you contend are within that

10  PERSON's knowledge.

11  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

12  Responding Party objects to this interrogatory as premature. Because

13  this interrogatory seeks or necessarily relies upon a contention, and

14  because this matter is in its early stages and pretrial discovery has only just

15  begun, Responding Party is unable to provide a complete response at this

16  time, nor is it required to do so.  See *Kmiec v. Powerwave Techs. Inc. et al.*,

17  2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

18  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see

19  also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

20  interrogatory need not be answered until designated discovery is complete,

21  or until a pretrial conference or some other time.").

22  Responding Party further objects to this interrogatory as unduly

23  burdensome, harassing, and duplicative of information disclosed in

24  Responding Party's Rule 26(a) disclosures and supplemental disclosures.

25  Propounding Party may look to Responding Party's Rule 26(a) disclosures

26  and supplemental disclosures for the information sought by this

27

28

-42-          Case No. 2:16-cv-02129-SJO (RAOx)

1 | interrogatory. Moreover, Responding Party had the opportunity to depose
2 | Ms. Reed on this topic.

3 | Responding Party further objects to this interrogatory as compound.
4 | This "interrogatory" contains multiple impermissible subparts, which
5 | Propounding Party has propounded to circumvent the numerical limitations
6 | on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

7 | Responding Party further objects to this interrogatory on the grounds
8 | that it seeks information that is outside of Responding Party's knowledge.

9 | Responding Party further objects to the extent that this interrogatory
10 | invades attorney-client privilege and/or violates the work product doctrine by
11 | compelling Responding Party to disclose privileged communications and/or
12 | litigation strategy.

13 | Subject to and without waiver of the foregoing objections, Responding
14 | Party responds as follows:

15 | In addition to each defendant named in his individual capacity and
16 | other persons identified in Plaintiffs' initial and Supplemental Disclosures,
17 | and the evidence submitted in support of Plaintiffs motion for class
18 | certification, Responding Party identifies the following individuals:

19 | Diana Reed: believes that Blakeman engaged in a concerted effort
20 | with other Bay Boys to obstruct the plaintiffs' and the publics' free passage
21 | and use in the customary manner of a public space. Reed also believes that
22 | Blakeman coordinated with other Bay Boys to harass and assault the
23 | plaintiffs and the public when they were visiting Lunada Bay. Reed believes
24 | that the conduct directed at the plaintiffs and others trying to surf Lunada
25 | Bay is part of an agreement among Blakeman and the other Bay Boys,
26 | which at a minimum, may be implied by the conduct of the parties and other
27 | members of the Bay Boys. Reed believes that the Bay Boys concerted
28 |

-43-    Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL RESPONSE TO INTERROGATORIES, SET ONE PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

1 | efforts to stop the public from accessing the beach are documented in text
2 | messages and emails some of which have been destroyed or are being
3 | withheld by the Defendants in this case. For example, on February 5, 2016,
4 | Charles Mowat sent a text message to Defendant Brant Blakeman, Tom
5 | Sullivan, David Yoakley, Andy Patch, Defendant Michael Papayans and
6 | several others that said "There are 5 kooks standing on the bluff taking
7 | pictures...I think that same Taloa guy. Things could get ugly. " A Los
8 | Angeles Times photographer captured a pictured of Defendant Blakeman of
9 | the bluff filming plaintiffs. Plaintiffs believe that the Bay Boys take photos
10 | and/or video tape people as a form of harassment and intimidation. For
11 | example, plaintiffs are also informed and believe that a Lunada Bay local
12 | named Joshua Berstein was taking pictures at the MLK 2014 paddle out.
13 | Plaintiffs are also informed and believe that Berstein told several people
14 | after he photographed them, "Now we know who you are." Plaintiffs believe
15 | that the conducted directed at Reed by Blakeman and the individual Bay
16 | Boys is because she is a woman. Plaintiff is informed and believes that there
17 | are numerous text messages where the Bay Boys refer to Reed as a "bitch"
18 | and make sexual comments about her.
19 |   The specific acts directed against Reed include but are not limited to
20 | the following:
21 |   i)  Reed went to Lunada Bay on January 29, 2016 with Jordan
22 | Wright. Reed had intended to surf at Lunada Bay that day because the
23 | conditions were such that she felt comfortable surfing.[13] Immediately after
24 |
25 |
26 | [13] Plaintiffs are informed and believe that there were text message sent on January 29, 2016 asking Defendant Papayans "Where are you? Kooks
27 | trying to get to the Bay." Plaintiffs are informed and believe that Papayans responded with a "LOL" and said he would be there.
28 |

13002592.1

28

1 | they parked their car along the bluffs, the harassment began. Several men
2 | drove by and circled around their car. This was the day that she and Wright
3 | were harassed and intimidated by David Melo. Blakeman was recording
4 | them on land with his camera. It was very disturbing to Reed and made her
5 | feel very uncomfortable. Plaintiffs are informed and believe that this was
6 | witnessed by John MacHarg.

7 |        ii)     On or about February 12, 2016, The Los Angeles Times
8 | published an article called "Bay Boys surfer gang cannot block access to
9 | upscale beach, Coastal Commission says." Jordan Wright and Cory
10 | Spencer are quoted in the article. Mr. Wright and a few others had planned
11 | to surf Lunada Bay the following morning. Plaintiffs are informed and believe
12 | that Defendants Johnston and Blakeman learned that Jordan Wright and
13 | Diana Reed were going to Lunada Bay and planned to be there to harass
14 | them. On February 12, 2016, Defendant Alan Johnston sent the following
15 | text messages to an unknown recipient: "No fucking way Taloa is back this
16 | year" and "If u really wanna be a bay boy we might meet help tomm."

17 |        iii)    On February 13, 2016, Reed returned to Lunada Bay with
18 | Jordan Wright to watch him surf and take photographs. Prior to her arrival,
19 | she contacted the Palos Verdes Estates Police and requested an escort
20 | from the bluffs to the beach. She was concerned about her safety given the
21 | January 29, 2016 incident. She was told that the police were unavailable
22 | and no officers were present when they arrived. When Reed and Wright
23 | reached the beach, they encountered angry locals who were yelling at them.
24 | Reed and Wright ignored the harassment and Wright got into the water to
25 | surf and Reed made her way to the Rock Fort where she planned to watch
26 | Wright and photograph him.

27 |
28 |

13002592.1

29

1 | investigate the facts. As discovery is continuing, Reed reserves the right to
2 | update this response.
3 |
4 |
5 | DATED:  Febuaryd 24, 2017          OTTEN LAW, PC
6 |
7 |
8 |
9 |
10 |                              By:_____/s/Victor Otten_____
11 |                              VICTOR OTTEN
                                 KAVITA TEKCHANDANI
12 |                              Attorneys for Plaintiffs
                                 CORY SPENCER, DIANA MILENA
13 |                              REED, and COASTAL PROTECTION
                                 RANGERS, INC.
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL RESPONSE TO INTERROGATORIES,
SET ONE PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13002592.1

1  PROOF OF SERVICE

2  *Spencer, et al. v. Lunada Bay Boys, et al.*
   U.S.D.C. for the Central District of California

3  Case No. 2:16-cv-02129-SJO (RAOx)

   **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**
4

5      At the time of service, I was over 18 years of age and not a party to
   this action.  I am employed in the County of Los Angeles, State of California.
6  My business address is: 3620 Pacific Coast Highway, Suite 100, Torrance,
   CA  90505.

7      On February 24, 2017, I served the original or a true copy of the
   following document(s) described as:
8

   **PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL
9  RESPONSE TO INTERROGATORIES, SET ONE PROPOUNDED BY
   DEFENDANT BRANT BLAKEMAN**
10

11  on the interested parties in this action as follows:

12                **SEE ATTACHED SERVICE LIST**

13      **BY MAIL:** I enclosed the document(s) in a sealed envelope or
   package addressed to the persons at the addresses listed in the Service List
14  and placed the envelope for collection and mailing, following our ordinary
   business practices.  I am readily familiar with Hanson Bridgett LLP's practice
15  for collecting and processing correspondence for mailing.  On the same day
   that correspondence is placed for collection and mailing, it is deposited in
16  the ordinary course of business with the United States Postal Service, in a
   sealed envelope with postage fully prepaid.
17

18      I declare under penalty of perjury under the laws of the United States
   of America that the foregoing is true and correct and that I am employed in
19  the office of a member of the bar of this Court at whose direction the service
   was made.

20      Executed on **February 24, 2017**, at Torrance, California.

21

22                              /s/ *Victor Otten*

23                              Victor Otten

24

25

26

27

28
                              -109-        Case No. 2:16-cv-02129-SJO (RAOx)

13002592.1

31

1

<u>SERVICE LIST</u>
*Spencer, et al. v. Lunada Bay Boys, et al.*
U.S.D.C. for the Central District of California
<u>Case No. 2:16-cv-02129-SJO (RAOx)</u>

2

3

4

5   Robert T. Mackey, Esq.              *(Attorneys for Defendant BRANT*
    Peter H. Crossin, Esq.              *BLAKEMAN)*

6   Richard P. Dieffenbach, Esq.
    John P. Worgul, Esq.                (served original)

7   VEATCH CARLSON, LLP
    1055 Wilshire Blvd., 11th Floor

8   Los Angeles, CA  90017

9

10  Robert S. Cooper, Esq.             *(Attorneys for Defendant BRANT*
    BUCHALTER NEMER, APC               *BLAKEMAN)*

11  1000 Wilshire Blvd., Suite 1500
    Los Angeles, CA  90017             (served true copy)

12

13  J. Patrick Carey, Esq.            *(Attorney for Defendant ALAN*
    LAW OFFICES OF                    *JOHNSTON a/k/a JALIAN*

14   J. PATRICK CAREY                 *JOHNSTON)*

15  1230 Rosecrans Ave., Suite 300
    Manhattan Beach, CA  90266        (served true copy)

16

17  Peter T. Haven, Esq.              *(Attorney for Defendant MICHAEL*
    HAVEN LAW                         *RAY PAPAYANS)*

18  1230 Rosecrans Ave., Suite 300

19  Manhattan Beach, CA  90266        (served true copy)

20

21  Dana Alden Fox, Esq.              *(Attorneys for Defendant SANG LEE)*
    Edward E. Ward, Jr., Esq.

22  Eric Y. Kizirian, Esq.            (served true copy)
    Tera Lutz, Esq.

23  LEWIS BRISBOIS
     BISGAARD & SMITH LLP

24  633 W. 5th Street, Suite 4000

25  Los Angeles, CA  90071

26

27

28

PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL RESPONSE TO INTERROGATORIES,
SET ONE PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13002592.1

32

1    Daniel M. Crowley, Esq.                    *(Attorneys for Defendant SANG LEE)*
     BOOTH, MITCHEL &
2       STRANGE LLP                             (served true copy)
3    707 Wilshire Blvd., Suite 4450
     Los Angeles, CA 90017
4

5    Mark C. Fields, Esq.                       *(Attorney for Defendant ANGELO*
     LAW OFFICES OF                             *FERRARA and Defendant N. F.*
6       MARK C. FIELDS, APC                     *appearing through Guardian Ad*
7    333 South Hope Street, 35th Floor          *Litem, Leonora Ferrara)*
     Los Angeles, CA 90071
8                                               (served true copy)

9
     Thomas M. Phillip, Esq.                    *(Attorneys for Defendant ANGELO*
10   Aaron G. Miller, Esq.                      *FERRARA)*
     THE PHILLIPS FIRM
11   800 Wilshire Blvd., Suite 1550             (served true copy)
12   Los Angeles, CA 90017

13

14   Patrick Au, Esq.                           *(Attorneys for Defendants FRANK*
15   Laura L. Bell, Esq.                        *FERRARA and CHARLIE FERRARA)*
     BREMER WHYTE
16      BROWN & O'MEARA, LLP                    (served true copy)
     21271 Burbank Blvd., Suite 110
17   Woodland Hills, CA 91367

18

19   Edwin J. Richards, Esq.                    *(Attorneys for Defendants CITY OF*
     Antoinette P. Hewitt, Esq.                 *PALOS VERDES and CHIEF OF*
20   Rebecca L. Wilson, Esq.                    *POLICE JEFF KEPLEY)*
     Jacob Song, Esq.
21   Christopher D. Glos, Esq.                  (served true copy)
     KUTAK ROCK LLP
22   5 Park Plaza, Suite 1500
23   Irvine, CA 92614-8595

24

25

26

27

28

13002592.1

33

# EXHIBIT "D"

```
 1                 UNITED STATES DISTRICT COURT
 2               CENTRAL DISTRICT OF CALIFORNIA
 3                       WESTERN DIVISION
 4
 5    CORY SPENCER, an individual; DIANA  )
      MILENA REED, an individual; and     )
 6    COASTAL PROTECTION RANGERS, INC., a )
      California non-profit public benefit)
 7    corporation,                        ) Case No.
                                          ) 2:16-cv-02129-SJO-RAO
 8                      Plaintiffs,        )
                                          )
 9                 vs.                     )
                                          )
10    LUNADA BAY BOYS, et al.,            )
                                          )
11                     Defendants.        )
      _____)
12
13
14
15
16
17       VIDEOTAPED DEPOSITION OF DIANA MILENA REED
18                Santa Monica, California
19                Monday, October 24, 2016
20
21
22
23
24    REPORTED BY:
      Jimmy S. Rodriguez
25    CSR No. 13464

                                             Page 1
```

| | | |
|---|---|---|
| 1 | THE WITNESS:  I don't know if I knew that | 13:41 |
| 2 | at the time, I think that's when I first met him. | 13:41 |
| 3 | BY MS. HEWITT: | 13:41 |
| 4 | Q    Okay.  Do you know that Cory Spencer was | 13:41 |
| 5 | communicating with Police Chief Kepley around the | 13:41 |
| 6 | time of the visits? | 13:41 |
| 7 | A    I know that I found out that he had asked | 13:41 |
| 8 | for the police at a later date.  Whether or not I | 13:41 |
| 9 | knew that on February 13th or January 29th, I don't | 13:41 |
| 10 | remember if I knew that.  I don't think I knew that | 13:41 |
| 11 | on January 29th because I didn't know him. | 13:41 |
| 12 | Q    Okay.  Fair enough. | 13:41 |
| 13 | The complaint indicates at some point you | 13:41 |
| 14 | were -- let's see -- you had spent about two hours | 13:41 |
| 15 | at Lunada Bay and then certain individual defendants | 13:41 |
| 16 | approached you with a case of beer. | 13:41 |
| 17 | Do you recall that? | 13:42 |
| 18 | A    I do, but again, that event was very | 13:42 |
| 19 | traumatic to me so I do remember what happened but I | 13:42 |
| 20 | have blocked out certain small details of it and, | 13:42 |
| 21 | you know, with my pregnancy, my memory right now, | 13:42 |
| 22 | certain things are hard to remember but I'm doing my | 13:42 |
| 23 | best to remember. | 13:42 |
| 24 | Q    Tell me what you remember -- and I | 13:42 |
| 25 | appreciate that. | 13:42 |

Page 169

35

```
 1              MR. FRANKLIN:  Vague and ambiguous.        13:42
 2              THE WITNESS:  Specifically, what would you  13:42
 3    like to know?                                        13:42
 4    BY MS. HEWITT:                                       13:42
 5         Q    Specifically, my question is about:  Do   13:42
 6    you remember being approached by individual          13:42
 7    defendants with a case of beer?                      13:42
 8         A    Yes.                                       13:42
 9         Q    What do you remember about being           13:42
10    approached by individual defendants with a case of   13:42
11    beer?                                                13:42
12         A    I remember that they approached me very    13:42
13    rapidly and I was caught by surprise.  I remember    13:42
14    that they rushed towards me in a hostile manner.  I  13:42
15    remember, you know, declining that I wanted to drink  13:43
16    beer.  I remember being videotaped by                13:43
17    Brant Blakeman.  I remember there were times when I  13:43
18    was being videotaped very close to my face and it    13:43
19    felt very intimidating and definitely felt like I    13:43
20    was being harassed.  And I think that I asked them,  13:43
21    you know, why they're videotaping me because it made  13:43
22    me very uncomfortable.                               13:43
23              I remember Mr. Johnston opening the can of  13:43
24    beer in a way that sprayed my arm and my camera.  I  13:43
25    remember him chucking beer and throwing beer cans on  13:44
```

Page 170

36

| | | |
|---|---|---|
| 1 | the floor.  I remember him being very loud and very | 13:44 |
| 2 | scary, very intimidating, and acting in a sexual | 13:44 |
| 3 | manner. | 13:44 |
| 4 | Q    Where did this take place? | 13:44 |
| 5 | A    These events took place in the fort. | 13:44 |
| 6 | Q    Okay.  When -- why did you go to the fort | 13:44 |
| 7 | initially? | 13:44 |
| 8 | A    I initially went to the fort to take | 13:44 |
| 9 | photographs of Jordan, as he was surfing. | 13:44 |
| 10 | Q    Okay.  When you went to the fort, were | 13:44 |
| 11 | there already people in the fort? | 13:44 |
| 12 | A    I don't remember if there was already | 13:44 |
| 13 | someone in the fort or not when I first went into | 13:44 |
| 14 | the fort. | 13:44 |
| 15 | Q    Do you have any recollection of there | 13:44 |
| 16 | being anybody in the -- in the fort area when you | 13:45 |
| 17 | went to the fort? | 13:45 |
| 18 | MR. FRANKLIN:  Vague, ambiguous. | 13:45 |
| 19 | THE WITNESS:  I don't remember if there | 13:45 |
| 20 | was someone as I was walking into the fort.  I do | 13:45 |
| 21 | remember having conversations with a certain man in | 13:45 |
| 22 | the fort prior to these two individuals, but whether | 13:45 |
| 23 | he was there as I was walking up the steps I don't | 13:45 |
| 24 | remember that detail. | 13:45 |
| 25 | /// | |

Page 171

| | | |
|---|---|---|
| 1 | filming me with his camera. | 13:52 |
| 2 | Q    Okay.  Okay.  At any point, did you walk | 13:52 |
| 3 | away when they were making the, I think you said, | 13:52 |
| 4 | sexual references to you; were you able to walk away | 13:52 |
| 5 | at that point and exit the fort? | 13:52 |
| 6 | MR. FRANKLIN:  Vague and ambiguous. | 13:52 |
| 7 | THE WITNESS:  I was not able to exit the | 13:52 |
| 8 | fort, I was frozen in fear. | 13:52 |
| 9 | BY MS. HEWITT: | 13:52 |
| 10 | Q    All right.  At some point, were you able | 13:52 |
| 11 | to leave the fort? | 13:53 |
| 12 | A    I was able to leave the fort at some | 13:53 |
| 13 | point, yes. | 13:53 |
| 14 | Q    Can you tell me what the sexual comments | 13:53 |
| 15 | were that were made to you that you referenced | 13:53 |
| 16 | earlier? | 13:53 |
| 17 | A    I don't remember all of them. | 13:53 |
| 18 | Q    I understand. | 13:53 |
| 19 | A    I do remember asking, you know, why I was | 13:53 |
| 20 | being filmed and, you know, being told that they're | 13:53 |
| 21 | filming me because I'm sexy.  I remember | 13:53 |
| 22 | Mr. Johnston saying that he's big enough to get the | 13:53 |
| 23 | job done while, you know, also, you know, he was | 13:53 |
| 24 | also grunting and making -- making moans and noises | 13:53 |
| 25 | resembling, you know, an orgasm.  He was, you know, | 13:54 |

Page 177

38

```
 1                   UNITED STATES DISTRICT COURT
 2                 CENTRAL DISTRICT OF CALIFORNIA
 3                        WESTERN DIVISION
 4
 5    CORY SPENCER, an individual; DIANA  )
      MILENA REED, an individual; and     )
 6    COASTAL PROTECTION RANGERS, INC., a )
      California non-profit public benefit)
 7    corporation,                        ) Case No.
                                          ) 2:16-cv-02129-SJO-RAO
 8                    Plaintiffs,          )
                                          )
 9             vs.                        )
                                          )
10    LUNADA BAY BOYS, et al.,            )
                                          )
11                    Defendants.         )
      _____)
12
13
14
15
16
17
18         VIDEOTAPED DEPOSITION OF DIANA MILENA REED
19                        VOLUME II
20                  Santa Monica, California
21                 Tuesday, October 25, 2016
22
23
24    REPORTED BY:
      Jimmy S. Rodriguez
25    CSR No. 13464
```

Page 187

39

| | | |
|---|---|---|
| 1 | after the complaint was filed, so I take that back. | 12:32 |
| 2 | Q    Okay.  How did you know that was his name? | 12:32 |
| 3 | A    I knew his name from Jen, was the first | 12:32 |
| 4 | person that knew his name.  And then I knew it based | 12:32 |
| 5 | on the investigation and my attorneys. | 12:32 |
| 6 | Q    This was -- | 12:32 |
| 7 | A    And I believe the police identified him to | 12:33 |
| 8 | me as well at that point.  But yes, this was before | 12:33 |
| 9 | the complaint was filed. | 12:33 |
| 10 | Q    And Jen knew him? | 12:33 |
| 11 | A    She never told me that she knew him.  All | 12:33 |
| 12 | she told me is what is in those text messages that | 12:33 |
| 13 | were attached to the police report, that's all that | 12:33 |
| 14 | I knew. | 12:33 |
| 15 | Q    Did you ever see Brant Blakeman do | 12:33 |
| 16 | anything besides filming or speaking to you as you | 12:33 |
| 17 | told us at the bay area? | 12:33 |
| 18 | A    Well, during the incident that occurred on | 12:33 |
| 19 | February 13th, it appeared as though he had | 12:33 |
| 20 | orchestrated that event with Mr. Jalian Johnston. | 12:33 |
| 21 | Q    What specifically did he do that made you | 12:33 |
| 22 | think that he had orchestrated that? | 12:33 |
| 23 | A    It appeared as though they had planned the | 12:33 |
| 24 | event out in an attempt to try to ruin my camera and | 12:34 |
| 25 | in an attempt to try to intimidate me. | 12:34 |

Page 300

40

| | | |
|---|---|---|
| 1 | Q      What specifically was done or did you see | 12:34 |
| 2 | that caused you to believe that? | 12:34 |
| 3 | A      The fact that when they entered the fort | 12:34 |
| 4 | it seemed like all of their actions were | 12:34 |
| 5 | orchestrated, they immediately rushed towards me. | 12:34 |
| 6 | Johnston immediately opened the can of beer and, you | 12:34 |
| 7 | know, sprayed it on me and on my camera in what I | 12:34 |
| 8 | believe they intended to appear as an accident but | 12:34 |
| 9 | to me it felt very intentional. | 12:34 |
| 10 | The way that, you know, he was -- he was | 12:34 |
| 11 | filming Johnston as though it was like a planned | 12:34 |
| 12 | performance it seemed like, you know.  The fact that | 12:34 |
| 13 | he was holding the camera just right, right next to | 12:35 |
| 14 | my face in a way that made me feel threatened or | 12:35 |
| 15 | intimidated. | 12:35 |
| 16 | Q      Go ahead. | 12:35 |
| 17 | A      A lot of the actions at Lunada Bay between | 12:35 |
| 18 | the locals all appeared to be orchestrated based on | 12:35 |
| 19 | what I've seen and what I've heard in the surf | 12:35 |
| 20 | community. | 12:35 |
| 21 | Q      Can you give me any specifics as to why | 12:35 |
| 22 | you thought the February 13th episode was | 12:35 |
| 23 | orchestrated or scripted or somehow created by | 12:35 |
| 24 | Mr. Blakeman or with his direction? | 12:35 |
| 25 | A      I don't know who planned it.  I don't know | 12:35 |

Page 301

41

# EXHIBIT "E"

```
 1                    UNITED STATES DISTRICT COURT
 2                  CENTRAL DISTRICT OF CALIFORNIA
 3                        WESTERN DIVISION
 4
 5    CORY SPENCER, an individual; ) Case No.
      DIANA MILENA REED, an       ) 2:16-cv-02129-SJO-RAO
 6    individual; and COASTAL     )
      PROTECTION RANGERS, INC., a  )
 7    California non-profit public )
      benefit corporation,        )
 8                                 )
                      Plaintiffs,  )
 9                                 )
                  v.               )
10                                 )
      LUNADA BAY BOYS; THE         )
11    INDIVIDUAL MEMBERS OF THE    )
      LUNADA BAY BOYS, including   )
12    but not limited to SANG LEE, )
      BRANT BLAKEMAN, ALAN JOHNSTON )
13    aka JALIAN JOHNSTON, MICHAEL )
      RAE PAPAYANS, ANGELO FERRARA, )
14    FRANK FERRARA, CHARLIE       )
      FERRARA and N.F.; CITY OF    )
15    PALOS VERDES ESTATES;        )
      CHIEF OF POLICE JEFF KEPLEY, )
16    in his representative        )
      capacity; and DOES 1-10,     )
17                                 )
                      Defendants.  )
18    _____ )
19              DEPOSITION OF CORY ELDON SPENCER
20                   Los Angeles, California
21                 Tuesday, October 11, 2016
22
23    Reported by:
24    Carmen R. Sanchez
25    CSR No. 5060


                                                      Page 1
```

42

```
 1              A       Correct.

 2              Q       You did not experience any vandalism; is

 3      that correct?

 4              A       Correct.

 5              Q       All right.  And you did not experience

 6      anything that caused you to later to be fearful of

 7      later coming back to Lunada Bay; is that correct?

 8              A       Not on those times; correct.

 9              Q       Okay.

10                      All right.  If we go to the next

11      sentence, it starts at line 13, sir (as read):

12                      "But in January 2016, Spencer

13              worked up his courage to surf Lunada Bay

14              during a large winter swell."

15                      Going to a time period before

16      January 2016, is it true that you had never surfed

17      Lunada Bay before that time?

18              A       That's true.

19              Q       Okay.  So when you visited Lunada Bay

20      before you turned 20, you went to Lunada Bay but did

21      not surf; correct?

22              A       That's correct.

23              Q       All right.

24                      When you went during those four to five

25      times, did you go on the beach?

                                                    Page 62
```

43

```
 1       sure; but, as far as on the phone, I don't recall.
 2    BY MS. HEWITT:
 3            Q      All right.  And I think you said that
 4    you requested extra patrols; correct?
 5            A      Yes.
 6            Q      All right.
 7                   Did any -- were any extra patrols
 8    provided?
 9            MR. FRANKLIN:  Vague and ambiguous; lacks
10    foundation.
11    BY MS. HEWITT:
12            Q      Well, let me ask you this.  Okay.  So,
13    you requested extra patrols for your visit in January
14    of 2016; is that correct?
15            A      Correct.
16            Q      Okay.
17                   Do you know if your request was granted?
18            MR. FRANKLIN:  Lacks foundation.
19            THE WITNESS:  I can only tell you what I
20    experienced, that there was a group of officers that
21    was there after I was out of the water.
22    BY MS. HEWITT:
23            Q      On January 2016?
24            A      January 29th, 2016.
25            Q      I'm sorry.  Thank you.
```

Page 85

44

```
 1                      Anything else occur in those first 20
 2     minutes that caused you fear?
 3              A     No.    That was -- that was it.    The name
 4     calling and the telling us to get out of there, and
 5     that was all that I can recall now.
 6              Q     Okay.
 7                      Between the end of that first 20 minutes
 8     and the time when you were on your second wave of
 9     Lunada Bay, did anything else occur to cause you fear?
10              A     Yes.
11              Q     Okay.    What was that?
12              A     A very uncomfortable feeling when the --
13     who I now know -- did not know at the time -- was
14     Defendant Blakeman paddling around myself and Chris
15     and, more specifically, Chris in a very tight circle;
16     blocking Chris from getting any waves; never saying a
17     word; just looking -- staring at both he and I.    That
18     was a little weird; fearful.    I've never experienced
19     that before in my life in the water like -- kind of
20     like a circling you like a shark.    You know, it was
21     weird -- just weird.
22              Q     Okay.    And was that during while you're
23     getting ready to catch a first wave?
24              A     Yeah -- yes, from --
25              Q     Okay.
```

                                                    Page 105

45

# EXHIBIT "F"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION


Cory Spencer, et al.,

      Plaintiffs,

    vs.                          Case No.
                            2:16-CV-02129-SJO
Lunada Bay Boys, et al.,        (RAOx)

      Defendants.
_____


VIDEOTAPED DEPOSITION OF CHRISTOPHER TALOA

January 5, 2017

10:03 a.m.

1055 Wilshire Boulevard, 11th Floor

Los Angeles, California


REPORTED BY:

Angela M. Schubert

CSR No. 12027, CSR

46

 1 | this paper sent in.  I read it the best that I could.

 2 | I was just doing my thing and I signed the thing.

 3 |     Q.   Do you understand what perjury is?

 4 |     A.   Perjury is lying.

 5 |     Q.   Okay.

 6 |     A.   Yeah.

 7 |     Q.   Do you understand that?

 8 |         MR. OTTEN:  Objection.  It's argumentative.

 9 | I'm going to instruct him not to answer that kind of

10 | question.  Just did you sign it.

11 |         MR. WORGUL:  On what basis?  Please let me

12 | know what your legal basis is.

13 |         MR. OTTEN:  That it's argumentative.  I don't

14 | care if he answers whether he signed it under penalty

15 | of perjury but you don't get to sit here and badger him

16 | over nonsense like this.

17 |         MR. WORGUL:  I'm just asking if he knows what

18 | perjury is?

19 |         MR. OTTEN:  Fine but not in this context.  You

20 | could have asked him that earlier.

21 |         MR. WORGUL:  He signed a document.

22 |         MR. OTTEN:  Just ask him.  He signed it under

23 | penalty of perjury.

24 |         MR. WORGUL:  I already asked him that

25 | question.

```
 1              MR. OTTEN:   And that's what he can answer.

 2              MR. WORGUL:   Okay.  So you're refusing to

 3   allow the witness to answer whether he understands what

 4   perjury is?

 5              MR. OTTEN:   You're badgering him.

 6              MR. WORGUL:   Are you refusing to allow the

 7   witness to answer my question of whether he understands

 8   what perjury is or not?

 9              MR. OTTEN:   Under this context, I am.

10              MR. WORGUL:   Okay.

11              MR. OTTEN:   You could have asked him in the

12   beginning.

13   BY MR. WORGUL:

14        Q.   Mr. Taloa, are you going to follow your

15   attorney's instruction and not answer my question?

16        A.   I'm going to do everything he tells me to do.

17        Q.   And as you sit here today, that statement that

18   you made under penalty of perjury, you're telling me it

19   may not be true; correct?

20        A.   Yeah.

21        Q.   Okay.  And is the gist of what you're telling

22   me here today while you're under oath again is that you

23   just believed that there was a possibility of a

24   confrontation and so you told your friend to go to some

25   other area to avoid a confrontation?
```

48

```
 1        A.   At that moment in time?  During that time?

 2        Q.   Yes.

 3        A.   I didn't know people.  I don't know people

 4   over there.

 5        Q.   How about today?

 6        A.   Today, right now?

 7        Q.   Is there anyone from Palos Verdes that you

 8   understand surfs Hawaii, anywhere in Hawaii, and you

 9   think it's hypocritical that they're allowed to go surf

10   in Hawaii?

11        A.   Not anymore.

12        Q.   Are you saying not anymore?

13        A.   Because I can surf there too.

14        Q.   So surf where?

15        A.   Lunada Bay now.

16        Q.   So as long as you can surf in Lunada Bay,

17   you're okay with people from Lunada Bay surfing in

18   Hawaii?

19        A.   I believe everybody should be able to surf

20   wherever they want.

21        Q.   At some point in 2012 or 2013, you made

22   contact with a man named Jim.  I think it's Russi.  Am

23   I pronouncing that correctly?

24        A.   Yeah.

25        Q.   Do you know who he is?
```

49

```
 1   yelling obscenities at you?
 2        A.   Not on the beach.  We try not to look at them
 3   in the face.  We don't want to create the eye contact
 4   and create the challenge.
 5        Q.   Then were you able to get in the water?
 6        A.   We were able to get in the water.
 7        Q.   How was the surf that day?
 8        A.   We had some good ones that day.  Not too big.
 9   Maybe four foot on the sets Hawaiian style so eight
10   foot faces.
11        Q.   Eight foot faces?
12        A.   Yes, sir.
13        Q.   Okay.  And did you have any problems paddling
14   out?
15        A.   Nope.
16        Q.   Did you have any problems while you were in
17   the water?
18        A.   Oh, yeah.
19        Q.   What problems did you have?
20        A.   Severe shadowing.
21        Q.   By who?
22        A.   Mr. Blakeman.
23        Q.   How do you know it was Mr. Blakeman?
24        A.   Because I know the face and I videotaped him
25   in my face as he was doing it.
```

```
 1   green knee board.

 2        Q.   Okay.

 3        A.   Other than that, it's a speculation.

 4        Q.   Okay.  Was Mr. Blakeman wearing a hood?

 5        A.   The day of the protest he was.

 6        Q.   What's the day of the protest?

 7        A.   The first one in 2014, MLK Day.

 8        Q.   Well, you told me previously you didn't know

 9   whether he was there or not?

10        A.   Right.  My bad.  My bad.  My bad.  I don't

11   want -- like I said, I don't want to make that -- I

12   don't want to confuse.  Maybe it wasn't him.  It was a

13   guy with a green knee board and I don't want -- you're

14   definitely right there and I don't want to do that.

15        Q.   Okay.  So on January 29th, 2016, when you go

16   there with Cory Spencer --

17        A.   Yeah.  That's a guarantee that I know of.

18        Q.   -- was Mr. Blakeman wearing a hood?

19        A.   No.  He wasn't.  He wasn't.  They weren't

20   expecting us.

21        Q.   Okay.  So he was not wearing a hood.  Other

22   than what you've told me so far, was there anything

23   else that he did to bother you?

24        A.   I got it out of the way like a smart man

25   would.
```

| | |
|---|---|
| 1 | Q. Did you see him do anything to Mr. Spencer? |
| 2 | A. I saw him paddle over towards Spencer. We |
| 3 | were sitting deep. It was Cory our police officer man. |
| 4 | I saw him paddle over next to him and I saw Cory look |
| 5 | at him and keep himself calm through the position. And |
| 6 | instead of like -- Cory didn't have my water expertise |
| 7 | moving around with the current, just stuff like that, |
| 8 | as I do, and you know, he works a lot. He doesn't get |
| 9 | to surf as much as he would want to. Being a police |
| 10 | officer, you don't get the skill sets so he wasn't as |
| 11 | strong as I was to get away from this guy so he just |
| 12 | kind of sat right there with him. |
| 13 | Q. Okay. Did you see Mr. Blakeman do anything in |
| 14 | particular to Mr. Spencer? |
| 15 | A. I know what you're asking, and no, I did not. |
| 16 | Q. You didn't see him actually touch Mr. Spencer |
| 17 | at all? |
| 18 | A. Noway. Too close but that's about it that I |
| 19 | can say. |
| 20 | Q. You didn't hear him speak to Mr. Spencer? |
| 21 | A. None of that. |
| 22 | Q. Are you aware of anybody else that was part of |
| 23 | the Aloha Point group that came that day? |
| 24 | A. No. Who was on -- I'm trying to think if |
| 25 | there was any -- oh, I brought -- I paid a guy who does |

52