**VEATCH CARLSON, LLP**
A Partnership Including Professional Corporations
1055 Wilshire Blvd., 11th Floor
Los Angeles, California 90017
Telephone (213) 381-2861
Facsimile (213) 383-6370

ROBERT T. MACKEY, State Bar No. 210810
rmackey@veatchfirm.com
RICHARD P. DIEFFENBACH, State Bar No. 102663
rdieffenbach@veatchfirm.com
JOHN E. STOBART, State Bar No. 248741
jstobart@veatchfirm.com

**BUCHALTER, APC**
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017
(213) 891-0700
ROBERT S. COOPER, State Bar No. 158878
rcooper@buchalter.com
Attorneys for Defendant, BRANT BLAKEMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>　　　　　　　Plaintiffs,<br>　vs.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>　　　　　　　Defendants. | **CASE NO.: 2:16-CV-2129-SJO-RAO**<br>**Hon. S. James Otero, Ctrm. 10C**<br><br>**DEFENDANT BRANT BLAKEMAN'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>DATE:　　August 21, 2017<br>TIME:　　10:00 a.m.<br>CTRM:　　10C<br>　　　　　1st Street Courthouse<br><br>[Filed Concurrently with Defendant Brant Blakeman's Motion for Summary Judgment, Declaration of Richard P. Dieffenbach and Notice of Lodging A Video In Support of Motion for Summary Judgment]<br><br>**Action Commenced:**　3/29/2016<br>**Discovery Cutoff:**　　8/17/17<br>**Pretrial Conf.:**　　　10/23/17<br>**Trial Date:**　　　　　11/7/2017 |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

Defendant BRANT BLAKEMAN ("Blakeman") hereby respectfully submits the following Separate Statement of Uncontroverted Facts in support of his Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment.

| **Defendant's Statement of Uncontroverted Facts** | **Evidence in Support of Statement of Uncontroverted Facts** |
|---|---|
| 1. Cory Spencer alleges that he and Chris Taloa went to surf at Lunada Bay on January 29, 2016. | **a.** Declaration of Richard P. Dieffenbach ("Dieffenbach Decl.") (filed concurrently herewith), Ex. B, Corey Spencer's Supplemental Responses to Special Interrogatories, Set One ("Spencer Sup. Resp."), p. 5:19-21.<br><br>**b.** Dieffenbach Decl., Ex. E, Deposition of Corey Spencer ("Spencer Depo."), taken on October 11, 2016, pp. 62:15-18, 85:23-24.<br><br>**c.** Dieffenbach Decl., Ex. F., Deposition of Christopher Taloa ("Taloa Depo."), taken on January 5, 2017, p. 204:15-17. |
| 2. Corey Spencer claims that he and Chris Taloa were harassed by unknown individuals when they arrived at Lunada Bay on January 29, 2016. | **a.** Dieffenbach Decl., Ex. B, Spencer Sup. Resp., p. 5:19-21. |

| **Defendant's Statement of Uncontroverted Facts** | **Evidence in Support of Statement of Uncontroverted Facts** |
|---|---|
| 3. While Spencer and Taloa were surfing, Spencer claims, "Blakeman was already in the water and began paddling around Spencer and Taloa in a tight circle – staying just a few feet away from them." During the 90-minute surf session, he claims "Blakeman was focused on Spencer and Taloa and continued to shadow their movements, and sit uncomfortably close to them." Spencer described Blakeman as paddling in a "very tight circle" and blocking Taloa from getting any waves. | **a.** Dieffenbach Decl., Ex. B, Spencer Sup. Resp., p. 6:4-5, 6:15-17.<br><br>**b.** Dieffenbach Decl., Ex. E, Spencer Depo., p. 105:11-21. |
| 4. Spencer alleges that an unidentified surfer ran him over and sliced open his right wrist. | **a.** Dieffenbach Decl., Ex. B, Spencer Sup. Resp., p. 7:1-4. |
| 5. Taloa referred to Blakeman's conduct as "severe shadowing." | **a.** Dieffenbach Decl., Ex. F, Taloa Depo., p. 198:16-22. |
| 6. Taloa did not see Blakeman do anything to Spencer. | **a.** Dieffenbach Decl., Ex. F, Taloa Depo., p. 205:1-21. |
| 7. Spencer and Taloa admit Blakeman did | **a.** Dieffenbach Decl., Ex. E, Spencer Depo., |

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| not say any words to Spencer. | p. 105:11-21<br>**b.** Dieffenbach Decl., Ex. F, Taloa Depo., p. 205:1-21. |
| 8. Spencer described the interaction as "weird – just weird." | **a.** Dieffenbach Decl., Ex. E, Spencer Depo., p. 105:11-21.<br>**b.** Dieffenbach Decl., Ex. F, Taloa Depo., p. 205:1-21. |
| 9. Reed alleges that she was an aspiring big wave surfer who "wanted to paddle out to experience the large waves found off Lunada Bay." She went to Lunada Bay with her friend Jordan Wright. She was encountered by an unidentified 40 to 50-year-old man who yelled at her and she left. She reported this incident to the police. She returned on February 5, 2015, with a photographer from the Los Angeles Times, but there were no surfers there so they left. The LA Times subsequently reported a story regarding Lunada Bay. There was no interaction with Blakeman on either of these days. | **a.** Complaint, Doc. 1, ¶22-23 |

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| 10. On February 13, 2016, Reed and Wright returned to Lunada Bay and were allegedly hassled by an unidentified man. Two hours later, she was approached by defendants Jalian Johnston and Brant Blakeman. She alleges that Johnston "shook up a can of beer and sprayed Reed and her camera with it, and poured beer on Reed's arm." She further alleges that Johnston exposed himself to her. She reported the incident to the police. | a. Complaint, Doc. 1, ¶24, 26 |
| 11. According to Reed's interrogatory response, Johnson simply "opened a can of beer in a purposeful way so that it sprayed Reed's arm and her camera" instead of the shaking, spraying and pouring alleged in the complaint. | a. Dieffenbach Decl., Ex. C, Diana Milena Reed's Supplemental Responses to Special Interrogatories, Set One ("Reed Sup. Resp."), p. 7:18-21 |
| 12. According to her deposition testimony, Reed had only been surfing for two years and being a big wave surfer was just a goal – she was not a big wave surfer yet. She further admits that she has never actually surfed at Lunada Bay or even | a. Dieffenbach Decl., Ex. F, Taloa Depo., pp. 100:1-3; 101:9-20; 104:16-105:6 |

DEFENDANT BRANT BLAKEMAN'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| paddled out there. | |
| 13. Reed testified that although she remembers the events that occurred, it was very traumatic so she has "blocked out certain small details" and, due to her pregnancy at the time of the deposition, certain things were hard to remember. | **a.** Dieffenbach Decl., Ex. D, Deposition of Diana Milena Reed ("Reed Depo."), taken on October 24 and 25, 2016, p. 169:13-23 |
| 14. Reed testified Blakeman filmed her and Johnson "opening a can of beer in a way that sprayed my arm and my camera." During this encounter, she testified she was "frozen in fear." | **a.** Dieffenbach Decl., Ex. D, Reed Depo., pp.170:9-171:3; 177:2-8. |
| 15. Summary of Video: The rock patio next to the surf where Reed was standing was very small. When Johnson opened the beer, only a few drops of landed on her arm.  During the entire encounter, Reed is in no apparent distress. She is either smiling or smirking the entire time. Her voice is strong and unaffected by the actions around her. She never asks to leave nor does she attempt to remove herself | **a.** Dieffenbach Decl., Ex. A. |

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| from the patio. | |
| 16. Plaintiffs allege the following conspiracy: "Blakeman engaged in a concerted effort with other Bay Boys to obstruct the plaintiffs' and the publics' free passage and use in the customary manner of a public space. Reed also believes that Blakeman coordinated with other Bay Boys to harass and assault the plaintiffs and the public when they were visiting Lunada Bay. Reed believes that the conduct directed at the plaintiffs and others trying to surf Lunada Bay is part of an agreement among Blakeman and the other Bay Boys, which at a minimum, may be implied by the conduct of the parties and other members of the Bay Boys." | **a.** Dieffenbach Decl., Ex. B, Spencer Sup. Resp., pp. 35:26-36:1<br>**b.** Dieffenbach Decl., Ex. C, Reed Sup. Resp., p. 43:19-27 |
| 17. Plaintiffs' evidence of conspiracy is limited to the following:<br><br>"On February 5, 2015, Charles Mowat [a non-party] sent a text message to Defendant Brant Blakeman, Tom Sullivan [a non-party], David Yoakley [a non-party], Andy Patch [a non-party], Defendant Michael Papayans and several others that said 'There are 5 kooks | **a.** Dieffenbach Decl., Ex. C, Reed Sup. Resp., pp. 44:3-7; 44:7-9<br><br>**b.** Dieffenbach Decl., Ex. B, Spencer Sup. Resp., pp. 35:26-36:1, 36:7-8 |

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| standing on the bluff taking pictures … I think that same Taloa guy. Things could get ugly.'"<br><br>Dieffenbach Decl., Ex. C, Reed Sup. Resp., p 44:3-7<br><br>"[A] text message was sent to Defendant Papayans on February 7, 2016, by a Bay Boy inquiring "How was all that Taloa shit? Charley called me and my dad said why weren't you down there?"<br><br>Dieffenbach Decl., Ex. B, Spencer Sup. Resp., pp. 35:26-36:1<br><br>"[T]here are emails from Sang Lee discussing the Bay Boys concerted efforts to stop the public from accessing the beach."<br><br>Dieffenbach Decl., Ex. B, Spencer Sup. Resp., p. 36:7-8<br><br>"A Los Angeles Times photographer captured a picture of Defendant Blakeman of [sic] the bluff filming plaintiffs."<br><br>Dieffenbach Decl., Ex. C, Reed Sup. Resp., p. 44:7-9 | |
| 18. Reed believes that Blakeman "planned the event out of an attempt to try to ruin my camera and in an attempt to try to intimidate me." She believes this because it "seemed like all of their actions were orchestrated, they immediately rushed towards me. Johnson immediately opened the can of beer and, you know, sprayed t on my arm and on my camera in what I | **a.** Dieffenbach Decl., Ex. D, Reed Depo., p. 300:21-25.)<br>**b.** Dieffenbach Decl., Ex. D, Reed Depo., p. 301:1-2.) |

| Defendant's Statement of Uncontroverted Facts | Evidence in Support of Statement of Uncontroverted Facts |
|---|---|
| believe they intended to appear as an accident but to me it felt very intentional." | |

DEFENDANT BRANT BLAKEMAN'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

Dated: January 13, 2017

**VEATCH CARLSON, LLP**

By: /s/ John E. Stobart
JOHN E. STOBART
Attorneys for Defendant,
BRANT BLAKEMAN

Dated: January 13, 2017

**BUCHALTER NEMER**

By: /s/ Robert S. Cooper
ROBERT S. COOPER
Attorneys for Defendant,
BRANT BLAKEMAN

1

**DEFENDANT BRANT BLAKEMAN'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**