1   Alison K. Hurley, State Bar No. 234042
    ahurley@bremerwhyte.com
2   Tiffany L. Bacon, State Bar No. 292426
    tbacon@bremerwhyte.com
3   BREMER WHYTE BROWN & O'MEARA LLP
    20320 S.W. Birch Street
4   Second Floor
    Newport Beach, California 92660
5   Telephone: (949) 221-1000
    Facsimile: (949) 221-1001
6
7   Attorneys for Defendants,
    FRANK FERRARA and CHARLIE FERRARA

8                **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  CORY SPENCER, an individual; DIANA     ) Case No. 2:16-cv-2129
    MILENA REED, an individual; and        )
12  COASTAL PROTECTION RANGERS,            ) Judge:   Hon. S. James Otero
    INC., a California non-profit public   ) Dept:    Courtroom 10C
13  benefit corporation,                   )
                                           ) Magistrate Judge:
14              Plaintiff,                  ) Hon. Rozella A. Oliver
                                           )
15       vs.                               ) **REQUEST FOR JUDICIAL**
                                           ) **NOTICE OF ADJUDICATIVE**
16  LUNADA BAY BOYS; THE                   ) **FACTS IN SUPPORT OF**
    INDIVIDUAL MEMBERS OF THE              ) **DEFENDANT CHARLIE**
17  LUNADA BAY BOYS, including but not     ) **FERRARA'S MOTION FOR**
    limited to SANG LEE, BRANT             ) **SUMMARY JUDGMENT OR, IN**
18  BLAKEMAN, ALAN JOHNSTON AKA            ) **THE ALTERNATIVE, PARTIAL**
    JALIAN JOHNSTON, MICHAEL RAE           ) **SUMMARY JUDGMENT**
19  PAPAYANS, ANGELO FERRARA,              )
    FRANK FERRARA, CHARLIE                 ) [*Filed concurrently with Notice of*
20  FERRARA; CITY OF PALOS VERDES          ) *Motion; Memorandum of Points and*
    ESTATES; CHIEF OF POLICE JEFF          ) *Authorities; Declaration of Tiffany*
21  KEPLEY, in his representative capacity; ) *Bacon; Notices of Lodging; proposed*
    and DOES 1-10,                         ) *Statement of Uncontroverted Facts*
22                                         ) *and Conclusions of Law and*
                Defendants.                ) *[Proposed] Judgment lodged*
23  _____) *herewith*]

24                                         Date: August 21, 2017
                                           Time: 10:00 a.m.
25                                         Dept: Courtroom 10C

26                                         Complaint Filed:   March 29, 2016
                                           Trial Date:        November 7. 2017
27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

1      **TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR**

2 **RESPECTIVE ATTORNEYS OF RECORD:**

3      Defendant CHARLIE FERRARA ("Defendant" or "Charlie Ferrara")

4 respectfully requests this Court take judicial notice, pursuant to *Federal Rules of*

5 *Evidence*, Rule 201, of the following Court records and facts in support of Charlie

6 Ferrara's Motion for Summary Judgment against Plaintiffs CORY SPENCER

7 ("Spencer"), DIANA MILENA REED ("Reed") and COASTAL PROTECTION

8 RANGERS, INC. ("CPR") (collectively, "Plaintiffs") or, in the alternative partial

9 summary judgment.

10      1.      Class Action Complaint ("Complaint") filed on March 29, 2016 in

11 United States District Court for the Central District of California, Case No. 2:16-cv-

12 02129-SJO (RAOx). A true and correct copy of the Complaint is attached hereto as

13 **Exhibit A** and incorporated herein by this reference.

14      2.      Charlie Ferrara's Answer to Complaint ("Answer") filed on September

15 2, 2016 in United States District Court for the Central District of California, Case

16 No. 2:16-cv-02129-SJO (RAOx). A true and correct copy of the Answer is attached

17 hereto as **Exhibit B** and incorporated herein by this reference.

18      3.      Order Granting in Part and Denying in Part Defendants City of Palos

19 Verdes Estates and Chief of Police Jeff Kepley's Motion to Dismiss Complaint

20 entered on July 11, 2016, Document 84, in United States District Court for the

21 Central District of California, Case No. 2:16-cv-02129-SJO (RAOx). A true and

22 correct copy of the Court's Order is attached hereto as **Exhibit C** and incorporated

23 herein by this reference.

24      4.      Scheduling Conference Order entered on August 29, 2016, Document

25 120, in United States District Court for the Central District of California, Case No.

26 2:16-cv-02129-SJO (RAOx). A true and correct copy of the Scheduling Conference

27 Order is attached hereto as **Exhibit D** and incorporated herein by this reference.

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

2

5. Plaintiffs' Supplemental Disclosures filed on November 9, 2016, Document 138-1, in United States District Court for the Central District of California, Case No. 2:16-cv-02129-SJO (RAOx). A true and correct copy of Plaintiffs' Supplemental Disclosures is attached hereto as **Exhibit E** and incorporated herein by this reference.

6. Order Denying Motion for Class Certification entered on February 21, 2017, Document 225, in United States District Court for the Central District of California, Case No. 2:16-cv-02129-SJO (RAOx). A true and correct copy of the Court's Order is attached hereto as **Exhibit F** and incorporated herein by this reference.

7. Order denying petition for permission to appeal the district court's February 21, 2017 order denying class action certification, entered on May 18, 2017 in the United States Court of Appeals for the Ninth Circuit, No. 17-80033. A true and correct copy of the Order is attached hereto as **Exhibit G** and incorporated herein by this reference.

8. Plaintiff Spencer's Declaration in support of Plaintiffs' Motion for Class Certification, filed on December 29, 2016, Document 159-4, in United States District Court for the Central District of California, Case No. 2:16-cv-02129-SJO (RAOx). A true and correct copy of Plaintiff Spencer's Declaration is attached hereto as **Exhibit H** and incorporated herein by this reference.

9. Plaintiff Reed's Declaration in support of Plaintiffs' Motion for Class Certification, filed on December 29, 2016, Document 159-5, in United States District Court for the Central District of California, Case No. 2:16-cv-02129-SJO (RAOx). A true and correct copy of Plaintiff Reed's Declaration is attached hereto as **Exhibit I** and incorporated herein by this reference.

///

///

///

1        11.    Declaration of Mark Slatten, President of Plaintiff CPR, in support of

2  Plaintiffs' Motion for Class Certification, filed on December 29, 2016, Document

3  159-6, in United States District Court for the Central District of California, Case No.

4  2:16-cv-02129-SJO (RAOx).  A true and correct copy of the Court's Order is

5  attached hereto as **Exhibit J**.

6  Dated: July 24, 2017          BREMER WHYTE BROWN & O'MEARA LLP

7

8                         By:

9                         Alison K. Hurley

10                       Tiffany L. Bacon
                          Attorneys for Defendants

11                       FRANK FERRARA and CHARLIE FERRARA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

# Exhibit A

HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
TYSON SHOWER, SBN 190375
tshower@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
clee@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile: (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, | CASE NO. 2:16-cv-2129 |
| Plaintiffs, | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| vs. | |
| LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK | |

12074575.1

FERRARA, CHARLIE FERRARA,
and NICOLAS FERRARA; CITY OF
PALOS VERDES ESTATES; CHIEF
OF POLICE JEFF KEPLEY, in his
representative capacity; and DOES
1-10,

    Defendants.

   Plaintiffs Cory Spencer, Diana Milena Reed, and Coastal Protection
Rangers, Inc. (collectively referred to as "Plaintiffs"), by and through their
attorneys, allege based upon their own personal knowledge as to their own
acts, upon information and belief, and upon their attorneys' investigation as
to all other facts.

THE PARTIES

Plaintiffs

  (1) Plaintiff Cory Spencer is a 45-year old resident of Norco,
California, an El Segundo police officer, experienced surfer, and avid
beachgoer.  On behalf of himself and on behalf of a class of visiting
beachgoers to the City of Palos Verdes Estates, Spencer alleges that he has
been unlawfully excluded from recreational opportunities at Palos Verdes
Estates parks, beaches, and access to the ocean.

  (2) Plaintiff Diana Milena Reed is a 29-year old resident of Malibu,
filmmaker, photographer, aspiring big wave surfer, and avid beachgoer.  She
surfs and trains extensively with the goal of becoming a competitive big
wave surfer.  On behalf of herself and on behalf of a class of visiting
beachgoers to the City of Palos Verdes Estates, Reed alleges that she has
been unlawfully excluded from recreational opportunities at Palos Verdes
Estates parks, beaches, and access to the ocean.

  (3) Plaintiff Coastal Protection Rangers, is dedicated to enforcing
the California Coastal Act and protecting California's beaches and ensuring

1  that they are safe and accessible to all visitors.  The Coastal Protection
2  Rangers alleges that non-resident, non-local visiting beachgoers to Palos
3  Verdes Estates have been unlawfully excluded from recreational
4  opportunities at Palos Verdes Estates parks, beaches, and access to the
5  ocean.  Plaintiff Coastal Protection Rangers also alleges that Defendant
6  LUNADA BAY BOYS, with the okay of Defendant PALOS VERDES
7  ESTATES which owns the beach-park area, knowingly built and maintains
8  an unpermitted masonry-rock-and-wood fort and seating area ("Rock Fort")
9  in violation of the California Coastal Act.

10      Defendants

11      (4)    Defendant LUNADA BAY BOYS was, and at all times mentioned
12  herein is, an unincorporated association within the meaning of Code of Civil
13  Procedure § 369.5 acting by and through its respective members and
14  associates.  Defendant LUNADA BAY BOYS acts by and through its
15  respective members, individually, collectively, and in concert, and conducts
16  its affairs and activities in the City of Palos Verdes Estates, County of Los
17  Angeles, State of California.  Defendant LUNADA BAY BOYS claims gang
18  territory, or "turf" within the City of Palos Verdes Estates' Lunada Bay
19  neighborhood (Lunada Bay) depicted in Exhibit 1, which is attached and
20  incorporated herein.

21      (5)    Defendant LUNADA BAY BOYS is, and at all times mentioned
22  herein was, a criminal street gang as defined in California Penal Code
23  § 186.22, subdivision (f), in as much as it is a group of three or more
24  individuals with a common name or common symbol and whose members,
25  individually or collectively, engage in or have engaged in a pattern of
26  criminal gang activity, and has as one of its primary activities the
27  commission of enumerated "predicate crimes," including but not limited to
28  assault, battery, vandalism, intimidation, harassment, extortion, and, upon

1 || information and belief, the sale and use of illegal controlled substances.
2 || Upon information and belief, Defendant LUNADA BAY BOYS uses the
3 || unpermitted Rock Fort to conduct criminal activity.

4 ||     (6)    Defendant LUNADA BAY BOYS is, and at all times mentioned
5 || herein is, also an unincorporated association within the meaning of
6 || Corporations Code § 18035, subdivision (a), inasmuch it consists of two or
7 || more individuals joined by mutual consent for some common lawful
8 || purposes, such a attending social gatherings, and recreational events.
9 || However, notwithstanding any common lawful purpose, Defendant LUNADA
10 || BAY BOYS is a criminal gang whose members are primarily engaged in
11 || criminal and nuisance activities which constitute Bane Act violations and a
12 || public nuisance.

13 ||     (7)    Defendant LUNADA BAY BOYS is comprised of members
14 || including, but not limited to Sang Lee, Brant Blakeman, Angelo Ferrara,
15 || Frank Ferrara, Nicholas Ferrara, Charlie Ferrara, Michael Rae Papayans,
16 || Alan Johnston aka Jalian Johnston (collectively hereinafter known as
17 || "Designated Lunada Bay Boys Gang Members" or "the Individual
18 || Defendants"), each of whom has been within the Lunada Bay and is
19 || responsible in some manner for the Bane Act violations and public nuisance
20 || described in this Complaint.

21 ||     (8)    Defendant PALOS VERDES ESTATES is a general law city
22 || bound by the State's general law. By its policies, customs, and practices,
23 || and in deliberate indifference to Plaintiffs' rights under state and federal law,
24 || PALOS VERDES ESTATES has excluded Plaintiffs, and persons like them,
25 || from their right to recreational opportunities at Palos Verdes Estates' parks,
26 || beaches, and access to the ocean.

27 ||     (9)    Defendant Jeff Kepley, named in his representative capacity,
28 || serves as the Chief of Police of Defendant PALOS VERDES ESTATES.

1  Defendant Kepley has failed to enforce the State's laws when it comes to
2  crimes committed by Defendant LUNADA BAY BOYS against visiting
3  beachgoers like Plaintiffs.

4      (10)   Defendants Does 1 through 10 are individuals, the true identities
5  of whom are presently unknown to Plaintiffs, who therefore sue these
6  defendants by such fictitious names.  The Plaintiffs will amend this complaint
7  to allege their true names when such information is ascertained.  The
8  Plaintiffs are informed and believes that each of the defendants designated
9  as Does 1 through 10, inclusive, as well as others to be named, is a member
10  of Defendant Lunada Bay Boys and is responsible in some manner for the
11  Bane Act violations and public nuisance described in this Complaint.

12                  **JURISDICTION AND VENUE**

13      (11)   Against Defendant PALOS VERDES ESTATES and Defendant
14  Kepley, this Court has original jurisdiction under 42 U.S.C. § 1983.  Against
15  Defendants LUNADA BAY BOYS and certain Individual Defendants, this
16  Court has original jurisdiction under 28 U.S.C. § 1333, and Article III, § 2 of
17  the U.S. Constitution.  *See Davis v. City of Jacksonville Beach*, 251 F.Supp.
18  327 (MD Fla. 1965) (surfboard hitting swimmer in ocean falls under
19  admiralty jurisdiction).

20      (12)   This Court has supplemental jurisdiction for claims brought under
21  California law that arise from the same nucleus of operative facts predicated
22  upon 28 U.S.C. § 1367.

23      (13)   The Court may grant declaratory and other relief pursuant to 28
24  U.S.C. §§ 2201 and 2202.  Money damages alone are inadequate, and
25  Plaintiffs and class members suffer and will continue to suffer irreparable
26  injury.

27      (14)   All action complained of herein takes place within the jurisdiction
28  of the United States District Court, Central District of California and venue is

1 invoked under 28 U.S.C. § 1391(b), (c).

2 **STATEMENT OF FACTS**

3     (15)  Incorporated in 1939, Defendant PALOS VERDES ESTATES is
4 a city of approximately 13,500 residents. Its median household income is
5 more than $170,000. The City's natural beauty is a unique respite from
6 nearby Long Beach, Los Angeles, and the other Los Angeles industrialized
7 and flatland communities. Protected by more than 40 police personnel,[1]
8 residents enjoy the rugged ocean-cliff views, parklands, pathways,
9 magnificent views of the Los Angeles Basin and Pacific Ocean, low density,
10 rural character, and preserved open space. The beaches, shoreline, and
11 surfing areas along the Palos Verdes Estates coastline are open to the
12 public. But the police department of PALOS VERDES ESTATES has a long
13 history of deliberate indifference in not investigating or otherwise policing
14 acts of violence and vandalism against visiting beachgoers. For many
15 decades, victims of the LUNADA BAY BOYS have complained to Defendant
16 PALOS VERDES ESTATES police and city officials. The response is
17 always the same: City leaders acknowledge the problem, promise to do
18 something, and then do little or nothing. DEFENDANT PALOS VERDES
19 ESTATES' complicity, custom, policy, and deliberate indifference amounts to
20 illegal municipal exclusivity. Defendant PALOS VERDES ESTATES' police
21 force tolerates the unlawful activity of the LUNADA BAY BOYS against non-
22 local beachgoers because the 40-member police force is designed to keep
23 PALOS VERDES ESTATES for locals only. Along with the DEFENDANT
24 LUNADA BAY BOYS and the Individual Defendants, Defendant PALOS

25

26 [1] In 2014, Palos Verdes Estates employed 3 different chiefs, 4 sergeants,
27 2 captains, 3 corporals, 12 officers, 9 reserve officers, 1 traffic control officer, 9 service officers, 1 police intern, and 1 police cadet.

28

VERDES ESTATES considers non-residents "riffraff." Moreover, because of
Defendant PALOS VERDES ESTATES' complicit approval and deliberate
indifference to enforcing state, federal, and local laws in crimes committed
against non-residents and other visitors, Plaintiffs and similarly situated
beachgoers suffer exclusion from the city's public parks, beaches, and
waters, and do not enjoy equal access to the city's public parks, beaches,
waters, and surf in the area.

(16)  Lunada Bay is a rugged bay located on the northwest tip of the
Palos Verdes Peninsula in the City of Palos Verdes Estates – between
Resort Point on the south, and Palos Verdes Point on the north.  It has been
described as "a gleaming stretch of polished pewter spotlighted by large
areas of sparkling silver," its beach stones tumbled smooth by the sea
nestled against its 100 foot cliffs.[2]  The beach, surrounding bluffs, and
access points are public and owned by Defendant PALOS VERDES
ESTATES.  By law, Lunada Bay is open to all.  In reality, it is open to few.

(17)  Beyond its beauty, Lunada Bay is Southern California's premier
big-wave break.  It is also the State's, and perhaps the surfing world's, best-
known area for localism.[3]  Localism is a territorial practice whereby resident
surfers attempt to exclude nonresident beachgoers and surfers through
threats, intimidation, and violence.[4]  "Lunada Bay in Southern California is
generally recognized as the surfing world's most localized break."[5]  In

---

[2]  *See*, Michael Goodman, Los Angeles Magazine, Palos Verdes Surf Wars
(June 1996, Vol. 41, No. 6).  *See also*, Exhibits 2, 3, & 4.

[3]  *See*, Warshaw, Matt, *The Encyclopedia of Surfing*, p. 445 (2003);
Warshaw, Matt, *The History of Surfing*, p. 263 (2010).

[4]  *See*, Warshaw, Matt, *The Encyclopedia of Surfing*, p. 340 (2003).

[5]  *See*, Warshaw, Matt, *The Encyclopedia of Surfing*, p. 341 (2003).

essence, severe localism initiated by Defendant LUNADA BAY BOYS and the Individual Defendants, combined with PALOS VERDES ESTATES' historic disinterest in investigating and prosecuting crimes against visiting beachgoers, has created a private beach on public property that denies Plaintiffs and the members of the class their state and federal constitutional rights.

(18)   On the north side of Lunada Bay nearest Palos Verdes Point, the LUNADA BAY BOYS, its members, and the Individual Defendants have built and maintain an illegal rock-masonry-and-wood fort structure at the base of the 100 foot bluff.[6]  LUNADA BAY BOYS and the Individual Defendants congregate here to recreate, drink beer, eat, store food, and both plan and conduct illegal activity.  In the middle of Lunada Bay, LUNADA BAY BOYS and the Individual Defendants have built and maintain a steep trail down the 100 foot bluff called the Goat Trail.[7]  Next, Defendant LUNADA BAY BOYS and Individual Defendants have built a campfire ring with seating in the middle of Lunada Bay, near the base of the Goat Trail.[8]  Further, Defendant LUNADA BAY BOYS and Individual Defendants store sea kayaks, crab pots, lobster traps, coolers, and other recreational items near the base of the Goat Trail.[9]  On the south side of Lunada Bay, there is another trail down to Lunada Bay ("South Trail"),[10] and additional sea kayaks and items stored in / / /

---

[6]  *See*, Exhibits 5, 6, 7, & 8.
[7]  *See*, Exhibit 9.
[8]  *See*, Exhibit 10.
[9]  *See*, Exhibits 11, 12, 13, & 14.
[10]   *See*, Exhibit 15.

1 │ this area.[11]  DEFENDANT LUNADA BAY BOYS and its members frequently
2 │ invoke the gang name "Bay Boys," and upon information and belief wear
3 │ inscribed clothing with the gang name "Bay Boys," as they commit their
4 │ criminal and nuisance activities.  Upon information and belief, certain
5 │ Individual Defendants of the gang sell market and use illegal controlled
6 │ substances from the Lunada Bay bluffs and the Rock Fort.  Upon
7 │ information and belief, members of the gang use the gang's name to
8 │ confront, threaten, intimidate, and harass non-local beachgoers (surfers,
9 │ boaters, sunbathers, fisherman, picnickers, kneeboarders, stand-up paddle
10 │ boarders, boogie boarders, bodysurfers, windsurfers, kite surfers, kayakers,
11 │ dog walkers, walkers, hikers, beachcombers, photographers, sightseers,
12 │ etc.), and other individuals who work in, visit and pass through Palos Verdes
13 │ Estates and Lunada Bay.  On top of the 100-foot bluff, LUNADA BAY BOYS,
14 │ its members, and the Individual Defendants intimidate visiting beachgoers
15 │ with threats and taunts, by taking photos and video of beachgoers, and by
16 │ congregating near the entrances to both the Goat Trail and South Trail.
17 │ Upon information and belief, when out-of-town visitors arrive by boat to
18 │ avoid the bluff side attacks, the LUNADA BAY BOYS impede boat traffic
19 │ with threats and by circling the boats on surfboards, kneeboards, boogey
20 │ boards, kayaks, rowboats, and other manual powered vessels.  These
21 │ vessels are operated in a dangerous and negligent manner.  The LUNADA
22 │ BAY BOYS enforce localism by targeting out-of-town beachgoers to prevent
23 │ them from enjoying the local waters.  Upon information and belief, their
24 │ assaults (throwing rocks, running people over with surfboards, shoves,
25 │ slaps, punches, etc.), thefts (wallets, wetsuits, and surfboards), vandalism to
26 │ ──────────────
27 │ [11]  *See*, Exhibit 16.
28 │

1  vehicles and personal property, and threats are for the purpose of
2  establishing a curtain of intimidation to drive out-of-area beachgoers, which
3  they label riffraff, away from the coastal area of Lunada Bay.  Indeed, upon
4  information and belief, since the early 1970s, visiting surfers and other
5  beachgoers have had rocks thrown at them while walking down the 100-foot
6  cliff-side Lunada trails, have been shot by pellet guns, have returned to find
7  their car windows waxed with the word "kook" or windows broken, their tires
8  slashed or air let out, barefoot trails covered in glass, property stolen
9  (wallets, wetsuits, surfboards), and beach towels, backpacks, and bags
10  dumped in the water.  In the water, the LUNADA BAY BOYS dangerously
11  disregard surfing rules when it comes to visitors, threaten visitors with
12  violence,[12] run over visitors with their surfboards, push visitors, hit visitors,
13  slap visitors, harass visitors by circling them, and hold visitors underwater.
14  Upon information and belief, the LUNADA BAY BOYS have posted a
15  discrete municipal-style sign at the top of the bluff that stated "Unlocals Will
16  Be Hassled."  Upon information and belief, members of the LUNADA BAY
17  BOYS coordinate their attacks on visitors by sharing photographs and video
18  that they take of visitors, monitoring police and fire radios to learn if the
19  police may start to enforce the laws or visit the bluff, communicating via
20  walkie talkies, text message group chats, email, mobile phones, and other
21  electronic devices.[13]

22
23  _____

24  [12]  *See, e.g.*, police reports from January 21, 2014, November 15, 2014,
25  July 31, 2015, and August 24, 2015, attached as Exhibit 17, describing non-
    residents' complaints of assault, vandalism, and criminal threats by the
26  LUNADA BAY BOYS.

27  [13]  *See*, Warshaw, Matt, *The Encyclopedia of Surfing* (2003); *Surfer
    Magazines Guide to Southern California Surf Spots*, pp. 92-96 (2006).

28

12074575.1

1   (19)   On or about May 2015, a reporter, Rory Carroll and his friend
2   Noah Smith went to Lunada Bay with a hidden video to document their
3   experience.  The video shows what happened to these to individuals as they
4   approached the beach on this particular day.  One of the LUNADA BAY
5   BOYS, who Plaintiffs contend on information and belief, is Defendant Sang
6   Lee.  Defendant Lee made the following comments to Carrol and Smith:[14]

7      i.   "You shouldn't fucking come down here. Stay away from
8         this area, this bay right here."

9
10     ii.   "The Reason there's a lot of space is because we keep it
          like that. We fucking hassle people."
11

12    iii.   "We'll burn you every single wave."

13
14    iv.   "There's still fights down here. People will just fucking duke
          it out, fucking work your car and get in fights."
15

16   (20)   After receiving the harassment and threats from the LUNADA
17   BAY BOYS, Rory Carrol and his friend reported the incident to the City of
18   Palos Verdes Police Department.[15]  In response to their report, the following
19   comment was made by a Defendant PALOS VERDES ESTATE  officer,
20   transcribed  in the video as follows:[16] Officer: "We know all of them.  They
21   are infamous around here.  They are pretty much grown men in little men's

22

23   [14]  The video can be viewed at http://www.theinertia.com/surf/palos-verdes-
24   police-respond-to-lunada-bay-localism/
25   [15]  http://www.theinertia.com/surf/palos-verdes-police-respond-to-lunada-
26   bay-localism/
    [16]  http://www.theinertia.com/surf/palos-verdes-police-respond-to-lunada-
27   bay-localism/

28

1 mindset. They don't like anyone that's not one of The Bay Boys, surfing
2 down there. It literally is like a game with kids on a school yard to them and
3 they don't want you playing on their swing set, but, you know, it is what it is.
4 If you feel uncomfortable, you know, then don't do it."[17]

5     (21) Plaintiff Spencer has worked as a police officer for the City of
6 Los Angeles Police Department in the South Central Division. Presently, he
7 works as a police officer for the City of El Segundo. For more than 30 years,
8 he has wanted to surf the waves off the coast of the City of Palos Verdes
9 Estates – specifically Lunada Bay. But Spencer – who has worked gang-
10 infested neighborhoods in the toughest parts of Los Angeles – had avoided
11 Palos Verdes Estates' Lunada Bay because of fear, intimidation, vandalism,
12 and Lunada Bay's well-known reputation for violence and beach localism.
13 But in January 2016, Spencer worked up his courage to surf Lunada Bay
14 during a large winter swell. To surf Lunada Bay, even though Palos Verdes
15 Estates is an exclusive community with more than 40 police personnel,
16 Spencer and other surfers had to pay a security guard $100 to watch their
17 vehicles to protect the vehicles from vandalism while they surfed. Upon
18 arrival, members of the Defendant LUNADA BAY BOYS told him "you can't
19 surf here kook."[18] Once in the water, on his second wave at Lunada Bay, a
20 member of Defendant LUNADA BAY BOYS intentionally ran Spencer over
21 with his surfboard and sliced open Spencer's hand. In February, Spencer
22 returned a second time with Jordan Wright and others to observe and watch
23

24 [17] http://www.theinertia.com/surf/palos-verdes-police-respond-to-lunada-
25 bay-localism/

26 [18] The word "kook" is a derogatory surfing term, generally **applied to the**
rank beginners or any surfer thought to be in violation of **surfing's codes.**
27 *See*, Warshaw, Matt, *The Encyclopedia of Surfing* (2003).

28

1   the outsiders' cars parked on the bluff. Spencer observed Defendant
2   LUNADA BAY BOYS threaten and taunt surfers. Spencer has complained
3   to PALOS VERDES ESTATES police officers. Later, on March 4, 2014,
4   Spencer wrote to Defendant Chief of Police Kepley and encouraged an
5   undercover investigation. Upon information and belief, Defendant Chief of
6   Police Kepley did not take the complaint seriously and took no action. He
7   said that they have considered various enforcement strategies. And, he
8   said: "I have been down the patio on several occasions and talked with
9   various surfers in an effort to educate them on the position we are all in, and
10  what needs to change in terms of acceptable behavior on their part." That's
11  it. Defendants' conduct has caused Spencer pain and suffering, loss of
12  sleep, emotional distress, and mental anguish.

13      (22)  On January 29, 2016, Plaintiff Diana Milena Reed, who is an
14  aspiring big wave surfer, wanted to paddle out to experience the large
15  waves found off Lunada Bay. She was accompanied by her friend Jordan
16  Wright. Reed and Wright encountered members of the LUNADA BAY
17  BOYS who screamed profanities at them and said words to the effect "you
18  can't surf here." As Reed and Wright made their way down the trail, they
19  were approached by a short, 45-50-year old man who yelled various
20  profanities and insults at them. Reed was extremely frightened and felt
21  endangered and in fear of assault. Never in her life had she been screamed
22  and yelled at in such a manner. The man called her a whore. A group of
23  men were watching, along with police in the distance. PALOS VERDES
24  ESTATES police witnessed the harassment, but rather than take action,
25  they approached Reed after the incident asked whether Reed and Wright
26  / / /
27  / / /
28  / / /

1 would like to make a "citizen's arrest."[19]  Reed declined to make the arrest
2 and instead chose to file a report, having been assured by the police that the
3 case would be handled by the District Attorney with the same result.  Reed
4 was surprised that the police did not arrest the man, especially because they
5 had witnessed the incident.

6          (23)  On or about February 5, 2016, Reed and Wright returned to
7 Lunada Bay with a photographer and writer from *The Los Angeles Times.*
8 There were no other surfers at Lunada Bay that day.  Subsequently, the *Los*
9 *Angeles Times* printed a newspaper story on February 13, 2016, that
10 contained several photographs of Reed, including one that showed her in
11 "the locals hangout fort" and stated that she was an "outsider" who had filed
12 a police report for harassment against the LUNADA BAY BOYS.  The
13 newspaper reported that LUNADA BAY BOYS "bombard outsiders with dirt
14 clods, slash their car tires, and assault them in the water – sometimes
15 coordinating the attacks with walkie talkies...**Surfers who say they have**
16 **been victimized over the years have accused local authorities of**
17 **complacency, cowardice, and even complicity.**"[20]

18 _____

19 [19] Citizens' arrests are permitted under California Penal Code § 837.  It is a
20 process whereby a person who is not acting as a sworn law-enforcement
official may arrest a person who committed a crime.  The citizen tells the
21 offender that she is making a "citizen's arrest" and that she is holding him
until police have arrived.  Here, PALOS VERDES ESTATES unreasonably
22 asked Reed to detain a known gang member – with other members of the
23 LUNADA BAY BOYS nearby – when police were already on the scene.

24 [20] Garrett Therolf, *'Bay Boys' surfer gang cannot block access to upscale*
*beach, Coastal Commission says,* L.A. Times, Feb. 12, 2016.
25 (http://www.latimes.com/local/california/la-me-surfer-gang-enforcement-
26 20160211-story.html).  Defendants allege based on information and belief
that this story was first published online on February 11, 2016, may have
27 been revised on February 12, 2016, and was printed on February 13, 2016.

28

(24)   Reed and Wright returned to Lunada Bay on February 13, 2016. While walking across Lunada Beach to the fort, LUNADA BAY BOYS called her a "bitch" and told "fuck you" and "you are a liar" – in reference to the *Los Angeles Times* article which had been printed that day.  Reed was also told to "keep walking."  After arriving at the fort, Reed was approached by a brown-haired man in his late 40s or early 50s.  The man started asking her various questions, including why she was there, what was her motivation, and what was her mission objective.  The man told her that the LUNADA BAY BOYS were mad at her.  Reed told the man that she was simply there to take photos of Wright and to watch him surf and enjoy the beach.  The man eventually left the fort.

(25)   About two hours later, certain Individual Defendants approached Reed with a case of beer and feigned celebration of the *Los Angeles Times* article.  But they blamed Reed for unwanted attention the article brought upon the LUNADA BAY BOYS and PALOS VERDES ESTATES.  In an attempt to intimidate Reed, the Individual Defendants, including Brant Blakeman and Jalian Johnston, asked Reed to drink with them. When she declined, Johnston shook up a can of beer and sprayed Reed and her camera with it, and poured beer on Reed's arm.  They filmed the incident.  Reed asked them to stop filming her.  They told her they thought she was "sexy," and filmed her while they told her she "excited them."  Defendant Johnston then made comments about his penis, stating that it was big enough to "get the job done," and he rubbed his torso and belly in a sexually-suggestive manner, telling Reed that she made him "excited" and "hard," which made it easier for him to get into his wetsuit. Defendant Johnston briefly exposed himself to Reed while he was changing into his wetsuit before Reed quickly turned away.  Defendant Charlie Ferrara witnessed the entire event from the roof of the fort.  Reed attempted to

1  contact the police from her cell phone during the incident but was unable to
2  obtain a signal.  Reed had requested a police escort to the beach upon her
3  arrival at Lunada Bay earlier that day because of her previous experiences
4  but the police refused her request.

5  (26)  After walking back up the cliff following this incident, Reed was in
6  tears and visibly upset.  Reed saw a police officer sitting inside a patrol car
7  on the side of the road.  The officer was completely unaware of the events
8  occurring below the cliff in the fort and on the beach.  Reed complained to
9  Defendant PALOS VERDES ESTATES and told the police officer what
10 happened.  The police officer proceeded to take Reed's information. After
11 approximately 30 minutes, the police officer walked down the cliff with Reed
12 but the LUNADA BAY BOY aggressors were gone.  Only Defendant Charlie
13 Ferrara remained, but he refused to cooperate with the police and told them
14 he did not see anything, though he apologized to Reed.

15 (27)  PALOS VERDES ESTATES initially attempted to investigate the
16 incident.  A police officer identified the man who was videoing her as
17 LUNADA BAY BOY Individual Member and Defendant Brant Blakeman, a
18 local resident who owns a home in Palos Verdes Estates.  The PALOS
19 VERDES ESTATES police officer then offered to allow Reed to identify the
20 other men from photos that the police kept on all the members of LUNADA
21 BAY BOYS.  But ultimately, PALOS VERDES ESTATES police showed no
22 interest or ability in following up on Reed's complaint.  They would not
23 commit to a date to identify the other member of the LUNADA BAY BOYS
24 who poured beer on her, and exposed himself to her, or other Individual
25 Defendants who had harassed her.  Indeed, PALOS VERDES ESTATES
26 police detective Venegas said words to the effect, "Why would a woman
27 want to go to that beach and the Rock Fort anyways?  There are only rocks
28 down there."  When PALOS VERDES ESTATES failed to return Reed's calls

to set a time to identify the LUNADA BAY BOY member who poured beer on her and exposed himself to her, as well as identify the other Individual Defendants who had harassed her, she had her lawyer write a letter on March 10, 2016. Defendant PALOS VERDES ESTATES finally agreed to a meeting on March 21, 2016, in which Reed and her lawyer met with Defendant Chief of Police Kepley and Captain Tony Best. Defendant Chief of Police Kepley and Captain Best were friendly and respectful. But it appeared that Chief Kepley and Captain Best knew little about Reed's complaint and the incident; and they claimed that while they had photographs of the LUNADA BAY BOYS members, they would not permit Reed to review their photos so she could identify the man that assaulted her in the Rock Fort, stating only that they would speak to the detective in charge of the investigation. Defendant Kepley said words to the effect that there was "little we can do because we only have 25 full-time POST[21] certified staff," and that PALOS VERDES ESTATES could only afford to send two officers at a time to inspect Lunada Bay. While cell phones do not work well at the Rock Fort, Defendant Chief of Police Kepley and Captain Best encouraged Reed to carry a cell phone and travel in large groups. Captain Best stated that there are judges and lawyers that surf out there" – the implication being that made the situation even more difficult to remedy. Reed asked Defendant Chief Kepley: "Is it safe for me to go down there?" Defendant Chief Kepley responded with the following: "I wish it was safe, but it's not. I wouldn't even tell a man to go down there." Defendant Chief Kepley also said words to the effect, "If I could fix this, I would. I view this as

---

[21] POST is an acronym for "Police Officer Standards and Training." It is a minimum educational requirement for law enforcement officers.

1   a long term problem." The conduct of Defendants has caused Reed pain

2   and suffering, loss of sleep, emotional distress, and mental anguish.

3     (28) With more than 40 police personnel and its own jail, PALOS

4   VERDES ESTATES is aware of the LUNADA BAY BOYS' criminal activity

5   against visiting beachgoers, but has a policy, custom, and practice of taking

6   no action when it involves the LUNADA BAY BOYS and the Individual

7   Defendants.

8     (29) Upon information and belief, over the last 40 years, Plaintiffs

9   estimate that several hundreds of beachgoers have attempted to recreate in

10  and near Lunada Bay, and like Spencer and Reed, all have suffered similar

11  encounters with Defendants. Upon information and belief, these persons

12  have suffered loss of sleep, emotional distress, and mental anguish.

13  Moreover, upon information and belief, many thousands of beachgoers want

14  to visit Lunada Bay to enjoy its beauty and recreational activities but are

15  afraid to do so because of Defendants' conduct.

16         **CLASS ACTION ALLEGATIONS**

17    (30) Plaintiffs seek to maintain this action as a class action under

18  Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure.

19  The class consists of all visiting beachgoers to Lunada Bay who do not live

20  in Palos Verdes Estates, as well as those who have been deterred from

21  visiting Lunada Bay because of the LUNADA BAY BOYS' actions, the

22  Individual Defendants' actions, PALOS VERDES ESTATES' action and

23  inaction, and Defendant Chief of Police Kepley's action and inaction, and

24  subsequently denied during the liability period, or are currently being denied,

25  on the basis of them living outside of Palos Verdes Estates, full and equal

26  enjoyment of rights under the state and federal constitution, to services,

27  facilities, privileges, advantages, or recreational opportunities at Lunada

28  Bay. For purposes of the class, visiting beachgoers includes persons who

do not reside in the City of Palos Verdes Estates, and who are not members
of the LUNADA BAY BOYS, but want lawful, safe, and secure access to
Lunada Bay to engage in recreational activities, including, but not limited to
surfers, boaters, sunbathers, fisherman, picnickers, kneeboarders, stand-up
paddle boarders, boogie boarders, bodysurfers, windsurfers, kite surfers,
kayakers, dog walkers, walkers, hikers, beachcombers, photographers, and
sightseers.

(31) The class identified in paragraph 30 is believed to consist of at
least several thousand members who are dispersed across the State of
California, as well outside California. Joinder of all of such class members in
this lawsuit is impracticable.

(32) The Plaintiffs will fairly and adequately protect the interests of the
class because they have retained counsel with extensive experience in
litigation, including class action litigation, and because Plaintiffs have no
interests that conflict in any way with those of the class.

(33) There are numerous questions of law and fact common to the
class, including without limitation, the following:

a. Whether LUNADA BAY BOYS is a criminal street gang as
defined in Penal Code § 186.22, subdivision (f).

b. Whether LUNADA BAY BOYS was, and at all times
mentioned herein is, also an unincorporated association within the meaning
of Corporations Code § 18035, subdivision (a).

c. Whether the Individual Defendants are members or
associated with LUNADA BAY BOYS.

d. Whether the LUNADA BAY BOYS individually or
collectively, engage in or have engaged in a pattern of criminal gang activity,
and has as one of its primary activities the commission of enumerated
"predicate crimes," including but not limited to assault, battery, vandalism,

1  intimidation, harassment, and extortion, and, on information and belief, the
2  sale and use of illegal controlled substances.

3         e.     Whether the LUNADA BAY BOYS, through unlawful
4  conduct, have claimed the Lunada Bay area as their "turf" and attempt to
5  unlawfully dissuade beachgoers that live outside of Palos Verdes Estates
6  from recreating in the park, bluff, beach, and ocean areas in and around
7  Lunada Bay.

8         f.     Whether the LUNADA BAY BOYS individually or
9  collectively, have been negligent in their operation of surfboards, boats, and
10 other vessels in the navigable waters of Lunada Bay.

11        g.     Whether LUNADA BAY BOYS, and the Individual
12 Defendants, have built and maintain the illegal Rock Fort at the base of the
13 100-foot bluff of Lunada Bay.

14        h.     Whether LUNADA BAY BOYS, and the Individual
15 Defendants, have built and maintain illegal trails down the 100 foot bluff of
16 Lunada Bay.

17        i.     Whether LUNADA BAY BOYS, and the Individual
18 Defendants, have illegal fires, illegally store boats and fishing equipment,
19 and illegally drink alcohol in Lunada Bay.

20        j.     Whether the LUNADA BAY BOYS, and the Individual
21 Defendants, have illegally extorted money from beachgoers who wish to use
22 Lunada Bay for recreational purposes.

23        k.     Whether the LUNADA BAY BOYS, and the Individual
24 Defendants, have civilly conspired in their intimidating threats, and follow
25 through on these threats.

26        l.     Whether the beaches, shoreline, bluff, park, street, and
27 surfing areas in Palos Verdes Estates, specifically Lunada Bay, are open to
28 the public.

-20-

1    m.    Whether the beaches, shoreline, bluff, park, street, and
2 surfing areas along Lunada Bay are owned by PALOS VERDES ESTATES.

3    n.    Whether, acting under color of law, by its policies,
4 customs, and/or longstanding practices, and in deliberate indifference
5 towards Plaintiffs' rights under state and federal law, PALOS VERDES
6 ESTATES has, under the laws of the United States and/or the United States
7 Constitution, unlawfully excluded Plaintiffs, and persons like them, from their
8 right to recreational opportunities at Palos Verdes Estates' parks, beaches,
9 and access to the ocean.

10    o.    Whether Defendant Chief of Police Kepley had final policy-
11 making authority from PALOS VERDES ESTATES concerning
12 investigations and policing activities related non-resident beachgoer
13 complaints against LUNADA BAY BOYS, and the Individual Defendants.

14    p.    Whether in his representative capacity, Defendant Chief of
15 Police Kepley has failed to enforce the State's laws when it comes to crimes
16 committed by Defendant LUNADA BAY BOYS against visiting non-resident
17 beachgoers.

18    (34)  The Plaintiffs' claims are typical of the claims of the members of
19 the class.  Like all other members of the class, Plaintiffs are beachgoers who
20 do not reside in Palos Verdes Estates who want to safely visit the Lunada
21 Bay area.  Plaintiffs desire to lawfully use the Lunada Bay Area for
22 recreational purposes, free from the assault, battery, vandalism, intimidation,
23 harassment, and extortion by LUNADA BAY BOYS and the Individual
24 Defendants.

25    (35)  The Plaintiffs' claims are typical of the claims of the members of
26 the class.  Like all other members of the class, Plaintiffs are beachgoers who
27 desire requisite permitting of the Rock Fort and bluff trails to Lunada Bay by
28 the California Coastal Commission, in addition to any other equitable relief

12074575.1                              -21-                    CASE NO. 2:16-cv-2129
                        CLASS ACTION COMPLAINT AND JURY DEMAND

1 appropriate to ensure access to Lunada Bay, which may include improved
2 trails, restrooms, parking, lighting, and the installation of 24-hour video
3 cameras.

4     (36) The Plaintiffs' claims are typical of the claims of the members of
5 the class. Like all other members of the class, Plaintiffs are beachgoers who
6 desire PALOS VERDES ESTATES and Chief of Police Kepley to investigate
7 and prosecute crimes committed by the LUNADA BAY BOYS and/or the
8 Individual Defendants against non-resident beachgoers.

9     (37) This action may be maintained as a class action pursuant to
10 Rule 23(b)(2) because Defendants' unlawful activity is applicable to all
11 members of the class. Therefore, an injunction requiring compliance with
12 state and federal law is appropriate – namely access to Lunada Bay for
13 recreational purposes – and the primary relief sought is injunctive relief.

14     (38) This action may be maintained as a class action pursuant to
15 Rule 23(b)(3) because the many questions of law and fact that are common
16 to class members clearly predominate over individual questions affecting
17 members of the class. The common issues of law and fact relate to issues
18 central to the case, such as whether LUNADA BAY BOYS and PALOS
19 VERDES ESTATES have unlawfully denied members of the class full and
20 equal access to the coast, and to recreate in Lunada Bay, as well as
21 whether Defendants maintain longstanding customs, policies and practices
22 and other measures intended to deny non-resident beachgoers full and
23 equal access to Lunada Bay and the surrounding areas, as provided by the
24 state and federal constitutions and laws.

25     (39) Judicial economy will be served by maintenance of this lawsuit
26 as a class action in that it is likely to avoid the burden that would be
27 otherwise placed upon the judicial system by the filing of numerous similar
28 suits by beachgoers who have been denied full and equal access to Lunada

1  Bay.

2      (40)   Maintaining this lawsuit as a class action will also avoid the risk
3  of inconsistent outcomes if class members were forced to bring individual
4  actions in various forums.

5      (41)   There are no obstacles to effective and efficient management of
6  this lawsuit as a class action by this Court.

7      (42)   Plaintiffs contemplate notice to the class by news media
8  publication, including (1) social networking sites, such as Facebook and
9  Twitter, (2) ocean-oriented Internet sites such as Surfline.com,
10  Magicseaweed.com, Surfingmagazine.com, Surfermagazine.com,
11  Worldsurfleague.com, Surfertoday.com, and Sufersjournal.com; (3) a
12  California newspaper such as *The Los Angeles Times*; and (4) a
13  coordinated email campaign with a non-profit ocean advocacy group such
14  as Surfrider Foundation, and Surfrider Southbay.

## FIRST CAUSE OF ACTION

### (Bane Act – Against LUNADA BAY BOYS and the Individual Defendants)

18      (43)   Plaintiffs repeat, re-allege and incorporate herein by this
19  reference each and every allegation contained in Paragraphs 1 through 42,
20  inclusive.

21      (44)   In addition to being personally victimized by Defendants' crimes
22  and other gang-related activities, Plaintiffs, and the class members, have
23  observed violent crimes committed against others.  Throughout the Lunada
24  Bay area, Defendants' members not only confront and attack other beach-
25  going class members, but also confront, threaten to kill, assault, vandalize
26  property, extort, and bring harm to other persons who live in, work in, or
27  pass through the Lunada Bay area.  Defendants' criminal and other gang-
28  related activities against visiting beachgoers to Lunada Bay violates the

1  Bane Act.  Defendants' activities create a threatening and intimidating
2  atmosphere for visiting beachgoers, and therefore, infringe upon their
3  constitutional right to recreate on California's public beaches.

4        (45)   Defendants' activities attempt to interfere with and do interfere
5  with Plaintiffs' and class members' constitutional rights by creating a
6  dangerous, threatening, and intimidating environment in the Lunada Bay
7  area.  Their conduct brings potential and actual harm to the Lunada Bay
8  area, and to the visiting beachgoers that would like to visit.

9        (46)   Throughout the Lunada Bay area, Defendants, individually,
10 collectively, and in concert, also vandalize public and private property, sell
11 and use narcotics, loiter, and drink alcohol on the beach and bluff.  These
12 activities occur throughout the day and evening.  Such activities create and
13 foster an atmosphere of fear and intimidation.  Out of fear for their safety
14 and lives, Plaintiffs and many other visiting beachgoers travel to and from
15 Lunada Bay in groups, rather than alone, in an effort to decrease the
16 likelihood of becoming a victim of a gang attack.  Defendants by their
17 threatening, intimidating and coercive actions have attempted to interfere
18 with, and do interfere with the constitutional rights of Plaintiffs and class
19 members.

20       (47)   To perpetuate their desire to unlawfully intimidate Plaintiffs and
21 members of the class from lawfully using Lunada Bay, Defendants
22 coordinate their efforts using lookouts, by yelling, signaling, whistling, and
23 use of cell phones.  Moreover, Defendants monitor police and fire radios, in
24 addition to the lookouts, to warn each other of approaching law enforcement.

25       (48)   Under the Bane Act (Cal. Civ. Code § 52.1(b)), any person
26 whose exercise or enjoyment of the rights secured by the California
27 Constitution, or the United States Constitution, has been interfered with, or
28 attempted to be interfered with, may institute a civil action for damages,

1 injunctive relief, and other appropriate equitable relief to protect the
2 peaceable exercise and enjoyment of rights.

3     (49)  Plaintiffs and the class members have no plain, speedy, or
4 adequate remedy at law.  Many victims and witness to criminal activities
5 committed by LUNADA BAY BOYS feel the gang's constant, pervasive, and
6 menacing presence in Lunada Bay, and thus refuse to cooperate with law
7 enforcement.  Defendants threaten basic public order with their oppressive
8 and widespread witness intimidation.  Traditional law enforcement methods
9 and criminal prosecution has not deterred Defendants from pursuing their
10 criminal activities, and Plaintiffs and other visiting beachgoers to Lunada Bay
11 are at continued risk to their safety, lives and property.

12     (50)  Unless restrained by this Court, Defendant LUNADA BAY BOYS
13 acting through their respective membership, will continue to violate the rights
14 of Plaintiffs and members of the class, as protected by the Bane Act.  Unless
15 restrained by this Court, Defendant LUNADA BAY BOYS will continue to
16 harass, attack, injure, and threaten visiting beachgoers to Lunada Bay.
17 Unless restrained by this Court, Defendant LUNADA BAY BOYS will
18 continue to intimidate visiting beachgoers from reporting and prosecuting
19 criminal activities committed by LUNADA BAY BOYS.  Unless restrained by
20 this Court, Defendants will continue to build and maintain illegal structures in
21 Lunada Bay, and vandalize visiting beachgoer property.  Unless restrained
22 by this Court, LUNADA BAY BOYS gang members will continue to engage
23 in violent activities in Lunada Bay area.  Unless restrained by this Court,
24 Defendant LUNADA BAY BOYS gang members will continue to drink in
25 public. Unless restrained by this Court, members of Defendant LUNADA
26 BAY BOYS gang will continue to loiter in the Lunada Bay area, blocking
27 Plaintiffs and the class of beachgoers from using the trails to gain ocean
28 access to Lunada Bay.  Unless restrained by this Court, Defendant LUNADA

1 BAY BOYS will continue to threaten, intimidate, and coerce Plaintiffs and the
2 visiting beach-going class so that they will not exercise their state and
3 federal rights to recreate in Lunada Bay, in a peaceful, safe, and secure
4 environment.

5      WHEREFORE, Plaintiffs pray for relief as set forth below.

6 **CIVIL CONSPIRACY ALLEGATIONS**

7      (51)  Plaintiffs repeat, re-allege and incorporate herein by this
8 reference each and every allegation contained in Paragraphs 1 through 50,
9 inclusive.

10      (52)  Defendant LUNADA BAY BOYS is a criminal gang whose
11 members are primarily engaged in criminal and nuisance activities which
12 constitute Bane Act violations and a public nuisance. Defendants' members
13 regularly confront, attack, harass and assault people attempting to access
14 the beach, but also confront, threaten to kill, assault, vandalize property,
15 extort, and bring harm to other persons who live in, work in, or pass through
16 the Lunada Bay area for the primary purpose of preventing those people
17 from accessing the beach area and for the purpose of committing torts and
18 other wrongs on them. Defendants' criminal and other gang-related
19 activities against visiting beachgoers to Lunada Bay violates the Bane Act
20 and other laws. Defendants' activities create a threatening and intimidating
21 atmosphere for visiting beachgoers, and therefore, infringe upon their rights
22 constitutional right to recreate on California's public beaches.

23      (53)  Each Individual Member of LUNADA BAY BOYS is aware that
24 people attempting to access the beach at Lunada Bay will be confronted,
25 attacked, harassed, assaulted by other LUNADA BAY BOY Individual
26 Members.

27 / / /

28 / / /

## SECOND CAUSE OF ACTION

### (Public Nuisance - LUNADA BAY BOYS and the Individual Defendants)

(54)   Plaintiffs repeat, re-allege and incorporate herein by this reference each and every allegation contained in Paragraphs 1 through 53, inclusive.

(55)   The activities of Defendants the LUNADA BAY BOYS, acting through their respective members, and the Individual Defendants, constitute a public nuisance pursuant to Civil Code sections 3479 and 3480. Defendants, individually, collectively, and in concert, confront, threaten to kill, assault, vandalize public and private property, extort, loiter, drink alcohol in public areas and bring harm to other persons who work in, visit or pass through the Lunada Bay area.  In addition, Defendants' activities obstruct the free passage and use of the public park and ocean access.

(56)   Many of the acts committed by Defendants, individually, collectively, and in concert, constitute a nuisance per se.  The City of Palos Verdes Estates Municipal Code ("PVE Code") section 8.48.015 provides that any violation of Title 8, Health and Safety, Title 12, Streets, Sidewalks and Public Places, Title 15, Building and Construction, and Title 19, Coastal Regulations, is declared a public nuisance per se and may be abated as such.  Defendants, individually, collectively, and in concert, have committed numerous PVE Code violations including, but not limited to, the following: smoking in undeveloped public place (PVE Code section 8.56.020); erecting, placing, constructing, establishing, or maintaining any structure or object on public property without a permit (PVE Code section 12.04.020); making or causing to be made any excavation, cut, or fill in any public place in the city without a permit (PVE Code section 12.12.020); violating city rules and regulations governing use and enjoyment by the public of any park or grounds (PVE Code section 12.24.020); disorderly conduct in parkland,

1 including but not limited to disrobing, urinating, displaying any lewd act, and
2 throwing stones, in any park or grounds (PVE Code section 12.24.100);
3 violating of building codes (PVE Code section 15.08.130); and failing to
4 obtain a coastal development permit (PVE Code section 19.020.030).

5     (57)  In addition to these PVE Code violations, Defendants,
6 individually, collectively, and in concert, obstruct the free passage and use,
7 in the customary manner, of a navigable bay and public park, which is
8 deemed a public nuisance per se under Civil Code section 3479.

9     (58)  Defendants, individually, collectively, and in concert, annoy,
10 harass, and confront individuals who live in, work in, and pass through
11 Lunada Bay area, causing victims to fear for their safety and the safety of
12 their families and friends.  Because of Defendants' criminal and nuisance
13 activities, law-abiding people are forced to avoid the Lunada Bay area and
14 parklands, to avoid being confronted, harassed, or assaulted.
15 Consequently, Defendants' behavior is injurious to the health, is indecent
16 and is offensive to the sense and interferes with the free use and
17 comfortable enjoyment of life and property by the people in the Lunada Bay
18 area.

19     (59)  Defendants, individually, collectively, and in concert, proclaim
20 their ownership of the Lunada Bay area by coordinating their efforts to
21 prevent public access by using lookouts, yelling, signaling, whistling, and cell
22 phones.  Defendants' activity intimidates and dissuades people from
23 speaking out and is offensive to the senses and interferes with the
24 comfortable enjoyment of public property for those who work in, visit and
25 travel through the Lunada Bay Area.

26     (60)  Unless restrained by this Court, Defendants will continue to
27 cause great and irreparable damage, injury, and harm the individuals who
28 work in, visit and pass through Lunada Bay area.  Unless restrained by this

12074575.1

-28-
        CASE NO. 2:16-cv-2129
CLASS ACTION COMPLAINT AND JURY DEMAND

1  Court, Defendants will continue to maintain the public nuisance in the
2  Lunada Bay area, by participating in and promoting the above-described
3  activities, including but not limited to assault, harass, threaten, intimidate,
4  and prevent individuals who work in, visit, and pass through Lunada Bay
5  area. Each activity has been, and will continue to be, without the consent,
6  against the will, and in violation of the rights of the community in the Lunada
7  Bay area. The peace, safety, and comfortable enjoyment of the life and
8  property by the community members in the Lunada Bay area are being, and
9  will continue to be, disturbed and threatened, unless equitable relief in the
10  form of an injunction as prayed for against Defendants LUNADA BAY
11  BOYS, acting through their respective members, and the Individual
12  Defendants is granted.

13       WHEREFORE, Plaintiffs pray for relief as set forth below.

14       **THIRD CAUSE OF ACTION**

15  **(42 U.S.C. § 1983 – Equal Protection – PALOS VERDES ESTATES and**
16  **Defendant Chief of Police Kepley)**

17       (61)   Plaintiffs repeat, re-allege and incorporate herein by this
18  reference each and every allegation contained in Paragraphs 1 through 60,
19  inclusive.

20       (62)   By knowingly allowing the LUNADA BAY BOYS to exclude non-
21  residents from Lunada Bay, a public beach, through violence, harassment,
22  vandalism, threats, and intimidation, and by ignoring non-residents' and
23  Plaintiffs' complaints of such exclusion and violence, PALOS VERDES
24  ESTATES, as a municipality acting under color of law, has created an
25  unlawful and irrational policy, custom, or practice of exclusion of others on
26  the basis of their status as non-residents.

27       (63)   Defendant Chief of Police Kepley, acting under color of law,
28  enforces this fundamentally unfair policy, custom, or practice of exclusion of

-29-                                    CASE NO. 2:16-cv-2129
CLASS ACTION COMPLAINT AND JURY DEMAND

1 | non-residents by irrationally and arbitrarily discriminating against Plaintiffs
2 | and in favor of PALOS VERDES ESTATES and the LUNADA BAY BOYS in
3 | violation of Plaintiffs' right to equal protection of the laws.

4 | (64) Defendants PALOS VERDES ESTATES and Chief of Police
5 | Kepley's acts of allowing the LUNADA BAY BOYS to threaten, intimidate,
6 | harass, and exclude non-residents from Lunada Bay bears no rational
7 | connection to public health, safety, or welfare.

8 | (65) An actual controversy exists between the parties, and Plaintiffs
9 | are suffering an ongoing and irreparable harm, including loss of sleep,
10 | emotional distress, and mental anguish as a direct and proximate result of
11 | PALOS VERDES ESTATES and Defendant Chief of Police Kepley's
12 | deliberate indifference to Plaintiffs' rights under the Fourteenth Amendment.
13 | The harm will continue unless the custom, policy, or practice of exclusion is
14 | declared unlawful and enjoined by this Court.

15 | WHEREFORE, Plaintiffs pray for relief as set forth below.

16 | **FOURTH CAUSE OF ACTION**

17 | **(42 U.S.C. § 1983 – Privileges and Immunities – PALOS VERDES**
18 | **ESTATES and Defendant Chief of Police Kepley)**

19 | (66) Plaintiffs repeat, re-allege and incorporate herein by this
20 | reference each and every allegation contained in Paragraphs 1 through 65,
21 | inclusive.

22 | (67) By implementing and carrying out a policy, custom or practice of
23 | prohibiting non-residents from accessing Lunada Bay, Defendants PALOS
24 | VERDES ESTATES and Chief of Police Kepley, acting under color of state
25 | law, arbitrarily and unreasonably interfere with Plaintiffs' constitutional right
26 | to enter public lands in violation of the Privileges and Immunities Clause of
27 | Article IV of the U.S. Constitution.

28 | (68) Defendants PALOS VERDES ESTATES and Chief of Police

1 Kepley's policy, custom or practice of allowing the LUNADA BAY BOYS to
2 deny non-residents access to Lunada Bay, which is public land, bears no
3 rational connection to public health, safety, or welfare.

4     (69)  An actual controversy exists between the parties, and Plaintiffs
5 are suffering ongoing and irreparable harm, including loss of sleep,
6 emotional distress, and mental anguish as a direct and proximate result of
7 PALOS VERDES ESTATES and Defendant Chief of Police Kepley's
8 deliberate indifference to Plaintiffs' rights under the Privileges and
9 Immunities Clause of the U.S. Constitution.  The harm will continue unless
10 Defendants' policy, custom or practice of preferential treatment of residents
11 and exclusion of non-residents is declared unlawful and enjoined by this
12 Court.

13     WHEREFORE, Plaintiffs pray for relief as set forth below.

14 **FIFTH CAUSE OF ACTION**

15 **(Violation of California Coastal Act – All Defendants)**

16     (70)  Plaintiffs repeat, re-allege and incorporate herein by this
17 reference each and every allegation contained in Paragraphs 1 through 69,
18 inclusive.

19 CALIFORNIA COASTAL ACT

20     (71)  The California legislature adopted the Coastal Act in 1976 to
21 protect and enhance California's natural and scenic coastal resources. The
22 California Coastal Act created the California Coastal Commission (hereafter,
23 "the Commission") in addition to an elaborate planning process to ensure
24 that development in the "coastal zone" is consistent with and reflects the
25 findings and declarations made by the Legislature as stated clearly in Public
26 Resources Code Section 30001:

27         (a)  That the California coastal zone is a distinct
        and valuable natural resource of vital and enduring
28

interest to all the people and exists as a delicately
balanced ecosystem.

(b) That the permanent protection of the state's
natural and scenic resources is a paramount concern
to present and future residents of the state and
nation.

(c) That to promote the public safety, health, and
welfare, and to protect public and private property,
wildlife marine fisheries, and other ocean resources,
and the natural environment, it is necessary to
protect the ecological balance of the coastal zone
and prevent its deterioration and destruction.

(d) That existing developed uses, and future
developments that are carefully planned and
developed consistent with the policies of [the Coastal
Act], are essential to the economic and social well-
being of the people of this state and especially to
working persons employed within the coastal zone.

(72) The Coastal Act provides that the Act "shall be liberally
construed to accomplish its purposes and objectives." Cal. Pub. Resources
Code §30009.

(73) The "Coastal Zone" is that land specified on maps identified and
set forth in section 17 of Chapter 1330 of the Statutes of 1975-1976 Regular
Session enacting Division 20 of the Public Resources Code and subsequent
amendments. In significant coastal estuarine, habitat, and recreational areas
it extends inland to the first major ridgeline paralleling the sea of five miles
from the mean high tide line of the sea, whichever is less, and in developed
urban areas the zone generally extends inland less than 1,000 yards. Cal.
Pub. Resources Code § 30103(a). The section of Ocean Beach which is the
subject of these proceedings is located within the Coastal Zone.

(74) The Coastal Act requires that "any person…wishing to perform
or undertake any development in the coastal zone… shall obtain a coastal
development permit." Cal. Pub. Resources Code § 30600(a).

1    (75)   The California Coastal Act defines "person" as "any person, firm,
2  association, organization, partnership, business, trust, corporation, limited
3  liability company, company, district, county, city and county, city, town, the
4  state, and any of the agencies and political subdivisions of those entities,
5  and, to the extent permitted by federal law, the United States, or any of its
6  agencies or political subdivisions."  Cal. Pub. Resources Code § 30111.
7  Defendants are persons under the California Coastal Act.

8    (76)   The Coastal Act defines "development" as:

9         [O]n land, in or under water, the placement or
10        erection of any solid material or structure; discharge
          or disposal or any dredged material or any gaseous,
11        liquid, solid, or thermal waste; grading, removing,
          dredging, mining, or extraction of any materials;
12        change in the density or intensity of use of land,
13        including, but not limited to, subdivision pursuant to
          the Subdivision Map Act... and any other division of
14        land, including lot splits, except where the land
15        division is brought about in the connection with the
          purchase of such land by a public agency for public
16        recreational use; change in the intensity use of water,
17        or of access thereto; construction, reconstruction,
          demolition, or alteration of the size of any structure,
18        including any facility of any private, public, or
19        municipal utility; and the removal or harvesting of
          major vegetation other than for agricultural purposes,
20        kelp harvesting, and timber operations which are in
21        accordance with a timber harvesting plan... As used
          in section, 'structure' includes, but is not limited to,
22        any building, road, pipe, flume, conduit, siphon,
23        aqueduct, telephone line, and electrical power
          transmission and distribution line.
24
25  Cal. Pub. Resources Code § 30106.

26    (77)   The Municipal Code for Palos Verdes Estates defines
27  "development" as:

28

Whether lying on land outside of the water, or in or under water, each of the following shall be a 'development' for purposes of this chapter:

A. The placement or erecting of any solid material or structure;

B. The discharge or disposal of any dredged material or any gaseous, liquid, solid or thermal waste;

C. Grading, removing, dredging, mining or extraction of any materials;

D. A change in density or intensity of the use of any land, including but not limited to (1) any subdivision created pursuant to the Subdivision Map Act commencing with Cal. Gov. Code § 66410, (2) any other division of land, including lot splits; provided, however, that where a land division is brought in connection with the purchase of said land by a public agency for public recreational use, such division shall not constitute a development for purposes of this chapter.

## UNPERMITTED DEVELOPMENTS

(78)   On the north side of Lunada Bay nearest Palos Verdes Point, the LUNADA BAY BOYS, its members, and the Individual Defendants have built and maintain an illegal rock-masonry-and-wood fort structure at the base of the 100-foot bluff. Plaintiffs are informed and believe and thereon alleged that this structure is on property owned by PALOS VERDES ESTATES.

(79)   In the middle of Lunada Bay, LUNADA BAY BOYS and the Individual Defendants have built and maintain a steep trail down the 100-foot bluff called the Goat Trail. Plaintiffs are informed and believe and thereon alleged that this trial is on property owned by PALOS VERDES ESTATES.

(80)   Defendant LUNADA BAY BOYS and Individual Defendants have built a campfire ring with seating in the middle of Lunada Bay, near the base of the Goat Trail. Plaintiffs are informed and believe and thereon alleged that this trail is on property owned by PALOS VERDES ESTATES.

(81)   On the south side of Lunada Bay, there is another trail down to

1 Lunada Bay ("South Trail"). Plaintiffs are informed and believe and thereon
2 alleged that this trail is on property owned by PALOS VERDES ESTATES.

BLOCKING FULL PUBLIC ACCESS TO COAST

4     (82) Defendants' members regularly confront, attack, harass and
5 assault people attempting to access the beach, but also confront, threaten to
6 kill, assault, vandalize property, extort, and bring harm to other persons who
7 work in, visit or pass through the Lunada Bay area for the primary purpose
8 of preventing those people from accessing the beach area and for the
9 purpose of committing torts and other wrongs on them. Defendants' criminal
10 and other gang-related activities against visiting beachgoers to Lunada Bay
11 violates the Bane Act and other laws. Defendants' activities create a
12 threatening and intimidating atmosphere for visiting beachgoers, and
13 therefore, infringe upon their rights constitutional right to recreate on
14 California's public beaches.

15     (83) By letter dated January 21, 2016, enforcement analyst Jordan
16 Sanchez of the California Coastal Commission notified Chief Jeff Kepley of
17 the Palos Verdes Police Department that, among other things:

> Precluding full public use of the coastline at Palos
> Verdes Estates, including the waters of Lunada Bay,
> whether through physical devices, such as
> construction of a fence, or nonphysical impediments,
> such as threatening behavior intended to discourage
> public use of the coastline, represents a change of
> access to water, and, thus, constitutes development
> under the Coastal Act and the Palos Verdes Estates
> LPC [Local Coastal Program]. No coastal
> development permit has been issued to authorize
> this activity, therefore, it is a violation of the LCP. . .
> We have also received reports of unpermitted
> structures, including stone forts, constructed on the
> shoreline of Lunada Bay . . . the construction of a
> structure is also development that is within the power
> of the City to address . . .

1 (Attached and incorporated herein as Exhibit 18.)

2 (Declaratory Relief)

3 (84) Pursuant to California Public Resources Code Section 30803(a),
4 the California Coastal Act provides, in relevant part that, "any person may
5 maintain an action for declaratory and equitable relief to restrain any
6 violation of this division…"

7 (85) An actual controversy exists between the Plaintiffs and the
8 Defendants in that these Defendants have violated and are violating the
9 California Coastal Act but refuse to admit the illegal nature of their activities.

10 (86) Because of the controversy that exists among the parties, a
11 declaration of the rights and responsibilities of the parties with respect to the
12 California Coastal Act is necessary. Specifically, Plaintiffs seek a
13 declaration from this Court that the Defendants' acts as alleged herein are
14 separate and continuing violations of the California Coastal Act.

15 (Injunctive Relief)

16 (87) Plaintiffs have no adequate remedy at law to require the
17 Defendants to obtain a coastal development permit as alleged in this
18 Complaint and, therefore, civil fines alone will not remedy the wrongs about
19 which Plaintiffs complain.

20 (88) Unless this Court grants the equitable relief sought by Plaintiffs
21 and the public generally, they will be irreparably harmed in that it will be
22 deprived of both the aesthetic enjoyment and environmental protection of
23 the natural resources in this part of the California Coastal Zone.

24 (89) Pursuant to California Public Resources Code Section 30803(a),
25 the Coastal Act provides in relevant part: "…On a prima facie showing of a
26 violation of this division, preliminary equitable relief shall be issued to
27 restrain any further violation of the division. No bond shall be required for an
28 action under this section."

1    (90)  As a consequence of the Defendants' activities, Plaintiffs are

2  entitled to a temporary restraining order to prevent any further development

3  in the affected area while the Court considers any application by Plaintiffs for

4  preliminary and permanent injunctive relief.

5                  (Civil Fines)

6    (91)  Pursuant to California Public Resources Code section 30820(a),

7  the California Coastal Act provides in relevant part for civil fines as follows:

> Any person who violates any provision of this division may be civilly liable in accordance with this subdivision as follows:
>
> Civil liability may be imposed by the superior court in accordance with this article on any person who performs or undertakes development that is in violation of this division … in an amount that shall not exceed thirty thousand dollars ($30,000) and shall not be less than five hundred dollars ($500) . . . Civil liability may be imposed for any violation of this division other than that specified in paragraph (1) in an amount that shall not exceed thirty thousand dollars ($30,000).

16    (92)  Plaintiffs are informed and believe and on such information and

17  belief allege that the Defendants are liable for civil fines by virtue of the fact

18  that they have failed to obtain and comply with the terms and conditions of a

19  Coastal Development Permit as alleged herein.

20                  (Daily Fines)

21    (93)  Pursuant to California Public Resources Code section 30820(b),

22  the California Coastal Act provides in relevant part for additional civil fines as

23  follows:

> Any persons who performs or undertakes development that is in violation of this division … when that person intentionally and knowingly performs or undertakes the development in violation of this division … may, in addition to any other penalties, be civilly liable in accordance with this subdivision. Civil liability may be imposed by the superior court in accordance with this article for a violation as specified in this subdivision in an amount

which shall not be less than one thousand dollars ($1,000.00), nor more than fifteen thousand dollars ($15,000.00), per day for each day in which the violation persists.

4      (94)  Plaintiffs are informed and believe and on such information and

5  belief allege that the Defendants, by virtue of their knowing, intentional, and

6  continuing violation(s) of the California Coastal Act, are liable for daily fines

7  of up to $15,000.00 for each day in which the alleged violations(s) have

8  occurred and continue without abatement.

9      WHEREFORE, Plaintiffs pray for relief as set forth below

10                 **SIXTH CAUSE OF ACTION**

11      **(Assault - LUNADA BAY BOYS and the Individual Defendants)**

12      (95)  Plaintiffs repeat, re-allege and incorporate herein by this

13  reference each and every allegation contained in Paragraphs 1 through 94,

14  inclusive.

15      (96)  At all relevant times the LUNADA BAY BOYS and the Individual

16  Defendants acted with the intent to cause harmful and/or offensive contact

17  to Plaintiffs and the class members.

18      (97)  Plaintiffs reasonably believed that they were about to be touched

19  in a harmful offensive manner.  It reasonably appeared to Plaintiffs that the

20  LUNADA BAY BOYS and the Individual Defendants were about to carry out

21  the threat.

22      (98)  Plaintiffs did not consent to the LUNADA BAY BOYS and the

23  Individual Defendants' conduct.

24      WHEREFORE, Plaintiffs pray for relief as set forth below.

25                **SEVENTH CAUSE OF ACTION**

26      **(Battery - LUNADA BAY BOYS and the Individual Defendants)**

27      (99)  Plaintiffs repeat, re-allege and incorporate herein by this

28  reference each and every allegation contained in Paragraphs 1 through 98,

1  inclusive.

2      (100) As set forth previously, the LUNADA BAY BOYS and the

3  Individual Defendants at various different times touched Plaintiffs and

4  various class members with the intent to harm or offend.

5      (101) Plaintiffs and various class members did not consent to the

6  touching and were harmed and/or offended by the LUNADA BAY BOYS and

7  its Individual Defendants' conduct.  A reasonable person in Plaintiff's'

8  situation would have been offended by the touching.

9  **EIGHTH CAUSE OF ACTION**

10  **(Negligence - LUNADA BAY BOYS and the Individual Defendants)**

11      (102) Plaintiffs repeat, re-allege and incorporate herein by this

12  reference each and every allegation contained in Paragraphs 1 through 101,

13  inclusive.

14      (103) Defendants LUNADA BAY BOYS and the Individual Defendants

15  breached their legal duty by acting as heretofore alleged.  As described

16  herein and alleged above, Defendants failed to exercise ordinary and

17  reasonable care in complying with the aforementioned statutorily imposed

18  duties, and, therefore, breached the same, proximately resulting in general

19  and special damages to Plaintiffs according to proof.

20      (104) It was reasonably foreseeable that Defendants' conduct, as

21  herein alleged, would give rise to Plaintiffs' severe emotional distress

22  because Defendants had actual knowledge of the conditions and the

23  consequences to Plaintiffs but nevertheless disregarded the rights, health

24  and safety of Plaintiffs.

25      (105) At the time Defendants acted as heretofore alleged, Defendants

26  knew, or reasonably should have known, that Plaintiffs would suffer extreme

27  mental distress, embarrassment, frustration, annoyance, inconvenience,

28  anger, shame, physical pain and discomfort, and grief.  Plaintiffs suffered

1 extreme emotional distress, anger, frustration, fear and inconvenience all
2 based on Defendants' negligent conduct.

3 (106) As a direct and proximate result of Defendants' negligent
4 conduct, Plaintiffs suffered actual, general, and special damages including
5 extreme emotional distress as set forth herein.

6 WHEREFORE, Plaintiffs pray for relief as set forth below.

7 **RELIEF**

8 WHEREFORE, Plaintiffs respectfully request:

9 1. That this Court assume jurisdiction.

10 2. That this Court certify the class identified in paragraph 30.

11 3. That this Court certify that Plaintiffs Spencer and Reed are
12 representative of this class.

13 4. That this Court declare LUNADA BAY BOYS to be a criminal
14 street gang as defined in California Penal Code § 186.22(f), and an
15 unincorporated association within the meaning of California Corporations
16 Code § 18035(a). Further, that this Court declare the Individual Defendants
17 are members or associated with LUNADA BAY BOYS. And, that this Court
18 declare LUNADA BAY BOYS and the Individual Defendants have engaged
19 in predicate crimes under California Civil Code § 52.1.

20 5. That this Court issue an injunction under California Civil Code
21 § 52.1, ordering LUNADA BAY BOYS and the Individual Defendants to
22 refrain from the unlawful conduct and activities described in this action,
23 further enjoining LUNADA BAY BOYS and the Individual Defendants from
24 congregating, recreating (including but not limited to any beachgoer activity)
25 or otherwise using the Lunada Bay area between Resort Point to the south
26 and Palos Verdes Point to the north, including the Rock Fort, the ocean,
27 beach, bluff, and street areas surrounding Lunada Bay.

28 6. That this Court award minimum statutory damages, defined as

$4,000 per incident of under California Civil Code §§ 52.1(b), and 52(a) to each Plaintiff and member of the proposed class for violations of their rights under state law, as well as any other damages that may be appropriate.

7. That this Court declare PALOS VERDES ESTATES, and Chief of Police Kepley in his representative capacity, to have has engaged in unlawful municipal exclusion under 42 U.S.C. § 1983 by their policies, customs, and/or longstanding practices, and in deliberate indifference towards Plaintiffs' rights under the laws of the United States and/or the United States Constitution unlawfully excluded Plaintiffs, and persons like them, from their right to recreational opportunities at Palos Verdes Estates' parks, beaches, and access to the ocean on the basis of their status as non-residents.

8. That this Court issue an injunction requiring PALOS VERDES ESTATES and Chief of Police Kepley to investigate complaints against the LUNADA BAY BOYS and the Individual Defendants, and prosecute these complaints as appropriate, if the LUNADA BAY BOYS and/or the Individual Defendants harass, attack, injure, threaten, intimidate, extort, or coerce visiting beachgoers to Lunada Bay.

9. For an award of general damages against the LUNADA BAY BOYS and the Individual Defendants.

10. For an award of special damages against the LUNADA BAY BOYS and the Individual Defendants.

11. For an award of exemplary damages against the LUNADA BAY BOYS and the Individual Defendants.

12. With respect to the Fifth Cause of Action, for a declaration of the rights and responsibilities of the parties with respect to the California Coastal Act. Specifically, Plaintiffs seek a declaration from the Court that the Defendants' actions as set forth in this Complaint are separate and

1    continuing violations of the California Coastal Act.

2         13.   With respect to the Fifth Cause of Action, for preliminary and
3    permanent injunctive relief mandating the Defendants to refrain from any
4    further activities in the affected area without first complying with the
5    provisions of the Coastal Act and for a permanent injunction requiring the
6    Defendants to obtain a lawfully issued Coastal Development Permit.

7         14.   With respect to the Fifth Cause of Action, for a civil fine of up to
8    $30,000.00 against each Defendant for each act authorizing or engaging in
9    or performing activities in violation of the California Coastal Act.

10        15.   With respect to the Fifth Cause of Action, for a civil fine of up to
11   $15,000.00 per day against each Defendant for each day from the
12   commencement of the violation(s) of the California Coastal Act to the date
13   each Defendant complies with the requirements of the California Coastal
14   Act.

15        16.   For costs and attorney's fees incurred by Plaintiffs in prosecuting
16   the instant action as allowed by Code of Civil Procedure section 1021.5
17   and/or any other applicable provision(s) of law.

18        17.   That this Court award Plaintiffs' reasonable attorneys' fees and
19   costs pursuant to federal and California law.

20        18.   That this Court award such additional or alternative relief as may
21   be just, proper and equitable.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury on all issues which can be heard by a jury.

DATED:  March 29. 2016          HANSON BRIDGETT LLP


By:_____*/s/ Kurt A. Franklin*_____
        KURT A. FRANKLIN


DATED:  March 29. 2016          OTTEN LAW. PC


By:_____*/s/ Victor Otten*_____
        VICTOR OTTEN

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

12074575.1

CASE NO. 2:16-cv-2129

# L.R. 5-4.3.4(A)(2) ATTESTATION

I, Kurt A. Franklin, am the ECF User whose ID and password are being used to file the following: **Class Action Complaint and Jury Demand**. In compliance with Civil L.R. 5-4.3.4(a)(2), I hereby attest that I have obtained concurrence in this filing and authorization to file from co-counsel, Victor Otten.

DATED: March 29. 2016          HANSON BRIDGETT LLP


By:_____/s/ Kurt A. Franklin_____
    KURT A. FRANKLIN

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

# Exhibit B

Patrick Au, State Bar No. 174327
pau@bremerwhyte.com
Laura L. Bell, State Bar No. 134276
lbell@bremerwhyte.com
BREMER WHYTE BROWN & O'MEARA LLP
21271 Burbank Boulevard
Suite 110
Woodland Hills, California 91367
Telephone: (818) 712-9800
Facsimile: (818) 712-9900

Attorneys for Defendants,
FRANK FERRARA and CHARLIE FERRARA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DISTRICT

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; COASTAL PROTECTION RANGERS, INC. et al, <br><br> Plaintiff, <br><br> vs. <br><br> LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, et al, <br><br> Defendants. | Case No. 2:16-cv-2129 <br><br> Judge: Hon. S. James Ontero <br> Dept: 1 <br><br> **DEFENDANT, CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT** |

## ANSWER TO CLASS ACTION COMPLAINT

Pursuant to Rule 8 of the Federal Rules of Civil Procedures, Defendant, CHARLIE FERRARA, by and through his attorneys, hereby answers the unverified Class Action Complaint (hereinafter "Complaint") filed by Plaintiffs, CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC. et al. (herein collectively known as "Plaintiffs") as follows:

///

BREMER WHYTE BROWN &
O'MEARA LLP
21271 Burbank Blvd,
Suite 110
Woodland Hills, CA 91367
(818) 712-9800

CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

**THE PARTIES**

1.      Answering paragraph 1, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

2.      Answering paragraph 2, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

3.      Answering paragraph 3, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

4.      Answering paragraph 4, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

5.      Answering paragraph 5, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

6.      Answering paragraph 6, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

7.      Answering paragraph 7, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

8.      Answering paragraph 8, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

9.      Answering paragraph 9, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

BREMER WHYTE BROWN &
O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA 91367
(818) 712-9800

CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

10.     Answering paragraph 10, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

## JURISDICTION AND VENUE

11.     Answering paragraph 11, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

12.     Answering paragraph 12, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

13.     Answering paragraph 13, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

14.     Answering paragraph 14, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

## STATEMENT OF FACTS

15.     Answering paragraph 15, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

16.     Answering paragraph 16, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

17.     Answering paragraph 17, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

BREMER WHYTE BROWN &
O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA 91367
(818) 712-9800

3

CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

18. Answering paragraph 18, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

19. Answering paragraph 19, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

20. Answering paragraph 20, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

21. Answering paragraph 21, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

22. Answering paragraph 22, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

23. Answering paragraph 23, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

24. Answering paragraph 24, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

25. Answering paragraph 25, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

26. Answering paragraph 26, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

BREMER WHYTE BROWN & O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA 91367
(818) 712-9800

CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

27.     Answering paragraph 27, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

28.     Answering paragraph 28, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

29.     Answering paragraph 29, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

## CLASS ACTION ALLEGATIONS

30.     Answering paragraph 30, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

31.     Answering paragraph 31, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

32.     Answering paragraph 32, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

33.     Answering paragraph 33, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

34.     Answering paragraph 34, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

35.     Answering paragraph 35, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

BREMER WHYTE BROWN & O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA 91367
(818) 712-9800

CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

36. Answering paragraph 36, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

37. Answering paragraph 37, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

38. Answering paragraph 38, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

39. Answering paragraph 39, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

40. Answering paragraph 40, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

41. Answering paragraph 41, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

42. Answering paragraph 42, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

## **FIRST CAUSE OF ACTION**

### **(Bane Act - Against LUNADA BAY BOYS and the Individual Defendants**

43. Answering paragraph 43, CHARLIE FERRARA admits that Plaintiffs repeat, re-allege and incorporate herein by this reference each and every allegation contained in Paragraphs 1 through 42, inclusive.

CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

BREMER WHYTE BROWN & O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA 91367
(818) 712-9800

H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

44. Answering paragraph 44, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

45. Answering paragraph 45, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

46. Answering paragraph 46, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

47. Answering paragraph 47, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

48. Answering paragraph 48, CHARLIE FERRERA admits the allegations contained therein.

49. Answering paragraph 49, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

50. Answering paragraph 50, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

**CIVIL CONSPIRACY ALLEGATIONS**

51. Answering paragraph 51, CHARLIE FERRARA admits that Plaintiffs repeat, re-allege and incorporate herein by this reference each and every allegation contained in Paragraphs 1 through 50, inclusive.

52. Answering paragraph 52, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

BREMER WHYTE BROWN &
O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA 91367
(818) 712-9800

7

CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

1    53.    Answering paragraph 53, CHARLIE FERRARA is without sufficient
2 information and knowledge to admit or deny the allegations in the paragraph, and on
3 that basis denies each and every allegation contained therein.

4                    **SECOND CAUSE OF ACTION**

5    **(Public Nuisance- LUNADA BAY BOYS and the Individual Defendants)**

6    54.    Answering paragraph 54, CHARLIE FERRARA admits that Plaintiffs
7 repeat, re-allege and incorporate herein by this reference each and every allegation
8 contained in Paragraphs 1 through 53, inclusive.

9    55.    Answering paragraph 55, CHARLIE FERRARA is without sufficient
10 information and knowledge to admit or deny the allegations in the paragraph, and on
11 that basis denies each and every allegation contained therein.

12   56.    Answering paragraph 56, CHARLIE FERRARA is without sufficient
13 information and knowledge to admit or deny the allegations in the paragraph, and on
14 that basis denies each and every allegation contained therein.

15   57.    Answering paragraph 57, CHARLIE FERRARA is without sufficient
16 information and knowledge to admit or deny the allegations in the paragraph, and on
17 that basis denies each and every allegation contained therein.

18   58.    Answering paragraph 58, CHARLIE FERRARA is without sufficient
19 information and knowledge to admit or deny the allegations in the paragraph, and on
20 that basis denies each and every allegation contained therein.

21   59.    Answering paragraph 59, CHARLIE FERRARA is without sufficient
22 information and knowledge to admit or deny the allegations in the paragraph, and on
23 that basis denies each and every allegation contained therein.

24   60.    Answering paragraph 60, CHARLIE FERRARA is without sufficient
25 information and knowledge to admit or deny the allegations in the paragraph, and on
26 that basis denies each and every allegation contained therein.

27
28

BREMER WHYTE BROWN &
O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA 91367
(818) 712-9800

8
CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

1 | **THIRD CAUSE OF ACTION**

2 | **(42 U.S.C. § 1983 - Equal Protection - PALOS VERDES ESTATES and**

3 | **Defendant, Chief of Police Kepley)**

4      61.    Answering paragraph 61, CHARLIE FERRARA admits that Plaintiffs

5 repeat, re-allege and incorporate herein by this reference each and every allegation

6 contained in Paragraphs 1 through 60, inclusive.

7      62.    Answering paragraph 62, CHARLIE FERRARA responds that the

8 paragraph is part of a claim that is not asserted against CHARLIE FERRERA, and

9 therefore, no response is required.

10      63.    Answering paragraph 63, CHARLIE FERRARA responds that the

11 paragraph is part of a claim that is not asserted against CHARLIE FERRERA, and

12 therefore, no response is required.

13      64.    Answering paragraph 64, CHARLIE FERRARA responds that the

14 paragraph is part of a claim that is not asserted against CHARLIE FERRERA, and

15 therefore, no response is required.

16      65.    Answering paragraph 65, CHARLIE FERRARA responds that the

17 paragraph is part of a claim that is not asserted against CHARLIE FERRERA, and

18 therefore, no response is required.

19 | **FOURTH CAUSE OF ACTION**

20 | **(42 U.S.C. § 1983 - Privileges and Immunities - PALOS VERDES ESTATES**

21 | **and Defendant, Chief of Police Kepley)**

22      66.    Answering paragraph 66, CHARLIE FERRARA admits that Plaintiffs

23 repeat, re-allege and incorporate herein by this reference each and every allegation

24 contained in Paragraphs 1 through 65, inclusive.

25      67.    Answering paragraph 67, CHARLIE FERRARA responds that the

26 paragraph is part of a claim that is not asserted against CHARLIE FERRERA, and

27 therefore, no response is required.

28

BREMER WHYTE BROWN &
O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA 91367
(818) 712-9800

9
CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT
H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

68. Answering paragraph 68, CHARLIE FERRARA responds that the paragraph is part of a claim that is not asserted against CHARLIE FERRERA, and therefore, no response is required.

69. Answering paragraph 69, CHARLIE FERRARA responds that the paragraph is part of a claim that is not asserted against CHARLIE FERRERA, and therefore, no response is required.

## FIFTH CAUSE OF ACTION

## (Violation of California Coastal Act- All Defendants)

70. Answering paragraph 70, CHARLIE FERRARA admits that Plaintiffs repeat, re-allege and incorporate herein by this reference each and every allegation contained in Paragraphs 1 through 69, inclusive.

## CALIFORNIA COASTAL ACT

71. Answering paragraph 71, CHARLIE FERRERA admits the allegations contained therein.

72. Answering paragraph 72, CHARLIE FERRERA admits the allegations contained therein.

73. Answering paragraph 73, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

74. Answering paragraph 74, CHARLIE FERRARA admits the allegations contained therein.

75. Answering paragraph 75, CHARLIE FERRARA denies the allegations contained therein. California Public Resources Code, Section 30111 defines "Person" as "any individual, organization, partnership, limited liability company, or other business association or corporation, including any utility, and any federal, state, local government, or special district or an agency thereof".

76. Answering paragraph 76, CHARLIE FERRARA admits the allegations contained therein.

CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

BREMER WHYTE BROWN &
O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA 91367
(818) 712-9800

H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

1    77.    Answering paragraph 77, CHARLIE FERRARA is without sufficient

2    information and knowledge to admit or deny the allegations in the paragraph, and on

3    that basis denies each and every allegation contained therein.

4                          **UNPERMITTED DEVELOPMENTS**

5    78.    Answering paragraph 78, CHARLIE FERRARA is without sufficient

6    information and knowledge to admit or deny the allegations in the paragraph, and on

7    that basis denies each and every allegation contained therein.

8    79.    Answering paragraph 79, CHARLIE FERRARA is without sufficient

9    information and knowledge to admit or deny the allegations in the paragraph, and on

10   that basis denies each and every allegation contained therein.

11   80.    Answering paragraph 80, CHARLIE FERRARA is without sufficient

12   information and knowledge to admit or deny the allegations in the paragraph, and on

13   that basis denies each and every allegation contained therein.

14   81.    Answering paragraph 81, CHARLIE FERRARA is without sufficient

15   information and knowledge to admit or deny the allegations in the paragraph, and on

16   that basis denies each and every allegation contained therein.

17                  **BLOCKING FULL PUBLIC ACCESS TO COAST**

18   82.    Answering paragraph 82, CHARLIE FERRARA is without sufficient

19   information and knowledge to admit or deny the allegations in the paragraph, and on

20   that basis denies each and every allegation contained therein.

21   83.    Answering paragraph 83, CHARLIE FERRARA is without sufficient

22   information and knowledge to admit or deny the allegations in the paragraph, and on

23   that basis denies each and every allegation contained therein.

24                          **(Declaratory Relief)**

25   84.    Answering paragraph 84, CHARLIE FERRARA admits the allegations

26   contained therein.

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA 91367
(818) 712-9800

11

CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

85.     Answering paragraph 85, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

86.     Answering paragraph 86, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

**(Injunctive Relief)**

87.     Answering paragraph 87, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

88.     Answering paragraph 88, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

89.     Answering paragraph 89, CHARLIE FERRARA admits the allegations contained therein.

90.     Answering paragraph 90, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

**(Civil Fines)**

91.     Answering paragraph 91, CHARLIE FERRARA admits the allegations contained therein.

92.     Answering paragraph 92, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

**(Daily Fines)**

93.     Answering paragraph 93, CHARLIE FERRARA admits the allegations contained therein.

BREMER WHYTE BROWN & O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA 91367
(818) 712-9800

12

CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

1    94.    Answering paragraph 94, CHARLIE FERRARA is without sufficient
2 information and knowledge to admit or deny the allegations in the paragraph, and on
3 that basis denies each and every allegation contained therein.

4                          **SIXTH CAUSE OF ACTION**

5          **Assault - LUNADA BAY BOYS and the Individual Defendants**

6    95.    Answering paragraph 95, CHARLIE FERRARA admits that Plaintiffs
7 repeat, re-allege and incorporate herein by this reference each and every allegation
8 contained in Paragraphs 1 through 94, inclusive.

9    96.    Answering paragraph 96, CHARLIE FERRARA is without sufficient
10 information and knowledge to admit or deny the allegations in the paragraph, and on
11 that basis denies each and every allegation contained therein.

12    97.    Answering paragraph 97, CHARLIE FERRARA is without sufficient
13 information and knowledge to admit or deny the allegations in the paragraph, and on
14 that basis denies each and every allegation contained therein.

15    98.    Answering paragraph 98, CHARLIE FERRARA is without sufficient
16 information and knowledge to admit or deny the allegations in the paragraph, and on
17 that basis denies each and every allegation contained therein.

18                        **SEVENTH CAUSE OF ACTION**

19          **Battery- LUNADA BAY BOYS and the Individual Defendants**

20    99.    Answering paragraph 99, CHARLIE FERRARA admits that Plaintiffs
21 repeat, re-allege and incorporate herein by this reference each and every allegation
22 contained in Paragraphs 1 through 98, inclusive.

23    100.   Answering paragraph 100, CHARLIE FERRARA is without sufficient
24 information and knowledge to admit or deny the allegations in the paragraph, and on
25 that basis denies each and every allegation contained therein.

26    101.   Answering paragraph 101, CHARLIE FERRARA is without sufficient
27 information and knowledge to admit or deny the allegations in the paragraph, and on
28 that basis denies each and every allegation contained therein.

BREMER WHYTE BROWN &
O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA 91367
(818) 712-9800

13

CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

# EIGHTH CAUSE OF ACTION

## Negligence- LUNADA BAY BOYS and the Individual Defendants

102.   Answering paragraph 102, CHARLIE FERRARA admits that Plaintiffs repeat, re-allege and incorporate herein by this reference each and every allegation contained in Paragraphs 1 through 101, inclusive.

103.   Answering paragraph 103, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

104.   Answering paragraph 104, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

105.   Answering paragraph 105, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

106.   Answering paragraph 106, CHARLIE FERRARA is without sufficient information and knowledge to admit or deny the allegations in the paragraph, and on that basis denies each and every allegation contained therein.

## PRAYER FOR RELIEF

107.   Answering the Prayer for Relief, CHARLIE FERRARA denies that Plaintiffs are entitled to any reliefs sought in its Prayer for Relief, and denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

108.   CHARLIE FERRARA pleads the following affirmative defenses and expressly reserves the right to assert additional affirmative defense as the case progresses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

109.   The Complaint fails to state a claim upon which relief can be granted.

BREMER WHYTE BROWN &
O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA 91367
(818) 712-9800

CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

110.   The Complaint and each Claim for Relief therein, is barred, in whole or in part, by Plaintiffs' failure to mitigate any alleged damages.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

111.   The Complaint and each Claim for Relief therein, is barred, in whole or in part, by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

112.   The Complaint and each Claim for Relief therein, is barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

113.   The Complaint and each Claim for Relief therein, is barred, in whole or in part by, the Doctrine of Estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

114.   The Complaint and each Claim for Relief therein, is barred, in whole or in part by, the Doctrine of Waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Compromise of Claims)

115.   CHARLIE FERRARA alleges that if it should be found that it is in any manner legally responsible for the damages, if any, sustained by Plaintiffs, which CHARLIE FERRARA specifically denies, then said damages must be reduced by virtue of Plaintiffs' compromise of its purported claims against others.

///

///

BREMER WHYTE BROWN &
O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA 91367
(818) 712-9800

15

CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

# EIGHTH AFFIRMATIVE DEFENSE

## (Liability of Others)

116.   CHARLIE FERRARA alleges that if it is determined that Plaintiffs sustained any damages as alleged in the Complaint, such damage was legally caused or contributed to by persons and/or entities other than CHARLIE FERRARA.  The liability of CHARLIE FERRARA and other responsible parties, named or unnamed, must be apportioned according to the relative degree of fault between them, if any, and the liability of CHARLIE FERRARA reduced accordingly.

# NINTH AFFIRMATIVE DEFENSE

## (Intervening/Superseding Cause)

117.   CHARLIE FERRARA alleges that the damages sustained by Plaintiffs, if any were proximately caused by the intervening and superseding acts of Plaintiffs, its agent/employee and/or others, which acts bar and/or diminish Plaintiffs' recovery, if any, against CHARLIE FERRARA.

# TENTH AFFIRMATIVE DEFENSE

## (Reasonableness of Conduct)

118.   CHARLIE FERRARA alleges that its conduct was, at all times relevant herein, reasonable and in good faith based on the material facts and circumstances known to CHARLIE FERRARA.

# ELEVENTH AFFIRMATIVE DEFENSE

## (No Damages Proximately Caused)

119.   CHARLIE FERRARA alleges that Plaintiffs have not sustained any damages which have been proximately caused by any purported act, omission or breach of any duty on the part of CHARLIE FERRARA.

///
///
///
///

CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

BREMER WHYTE BROWN & O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA  91367
(818) 712-9800

H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

**TWELFTH AFFIRMATIVE DEFENSE**

(Indemnity)

120.   CHARLIE FERRARA alleges that Plaintiffs have not sustained any damages which have been proximately caused by any purported act, omission or breach of any duty on the part of CHARLIE FERRARA

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Indemnity)

121.   CHARLIE FERRARA alleges that if Plaintiffs sustained any damages, which CHARLIE FERRARA specifically denies, CHARLIE FERRARA is entitled to indemnity from other parties to the extent that such parties contributed to Plaintiffs' damages, if any.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Reservation of Right to Amend)

122.   CHARLIE FERRARA alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, Affirmative Defense available. Accordingly, CHARLIE FERRARA reserves herein the right to assert additional defenses in the event that discovery indicates they would be appropriate.

///
///
///
///
///
///
///
///
///
///

CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

BREMER WHYTE BROWN & O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA 91367
(818) 712-9800

H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

## **REQUEST FOR RELIEF**

WHEREFORE, the Defendant requests:

1. Dismissal of Plaintiffs' action with prejudice;

2. An order that Plaintiffs shall take no relief from the Complaint;

3. The costs of suit incurred, including attorneys' fees, if authorized by law; and

4. Such further relief the Court deems fair and just.

Dated: September 1, 2016

BREMER WHYTE BROWN & O'MEARA

By: _____
Patrick Au, Esq.
Laura L. Bell, Esq.
Attorneys for Defendants,
FRANK FERRARA and CHARLIE
FERRARA

BREMER WHYTE BROWN &
O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA  91367
(818) 712-9800

18
CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT

H:\1178\176\PLD\Charlie Ferrara Answer to Complaint.docx

1   **PROOF OF SERVICE**

2

3          I am employed in the County of Los Angeles, State of California.  I am over the age of 18
    and not a party to the within action.  My business address is 21271 Burbank Boulevard, Suite 110,
4   Woodland Hills, California 91367.

5          On September 1, 2016, I served the within document(s) described as:  **DEFENDANT,
    CHARLIE FERRARA'S ANSWER TO THE CLASS ACTION COMPLAINT** on the
6   interested parties in this action as stated on the attached mailing list.

7   [X]    (BY ELECTRONIC SERVICE) Complying with Code of Civil Procedure § 1010, I caused
           such document(s) to be Electronically Filed and Served through the United States District
8          Court for the above-entitled case.  Upon completion of transmission of said document(s), a
           filing receipt is issued to the filing party acknowledging receipt, filing and service by 's
9          system.  A copy of the filing receipt page will be maintained with the original document(s)
           in our office.
10
           Executed on September 1, 2016, at Woodland Hills, California.
11
           I declare under penalty of perjury under the laws of the State of California that the
12  foregoing is true and correct.

13
    _____          _____
14          Shawn Reutter                              (Signature)
            (Type or print name)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
21271 Burbank Blvd.
Suite 110
Woodland Hills, CA  91367
(818) 712-9800

1

H:\1178\176\PROOF OF SERVICE.docx

| | | |
|---|---|---|
| **Cory Spencer v. Lunada Bay Boys et al.,** | | |
| Case No. 2:16-cv-2129-SJO | | |
| BWB&O CLIENT:   Frank and Charlie Ferrara | | |
| BWB&O FILE NO.:   1178.176 | | |
| **SERVICE LIST** | | |
| Samantha Wolff, Esq.<br>**HANSON BRIDGETT**<br>425 Market Street<br>26th Floor<br>San Francisco, CA 94105<br>(415) 777-3200<br>(415) 541-9366 Fax<br>Attorneys For **PLAINTIFF**<br><br>swolff@hansonbridgett.com | Tyson M. Shower, Esq.<br>**HANSON BRIDGETT**<br>500 Capitol Mall<br>Suite 1500<br>Sacramento, CA 95814<br>(916) 442-3333<br>(916) 442-2348 Fax<br>Attorneys For **PLAINTIFFS**<br><br>tshower@hansonbridgett.com | Victor Otten, Esq.<br>**OTTEN LAW, PC**<br>3620 Pacific Coast Highway<br>Suite 100<br>Torrance, CA 90505<br>(310) 378-8533<br>(310) 347-4225 Fax<br>Attorneys For **PLAINTIFFS**<br><br>vic@ottenlawpc.com |
| Jacob Song, Esq.<br>**KUTAK ROCK LLP**<br>5 Park Plaza<br>Suite 1500<br>Irvine, CA 92614<br>(949) 417-0999<br>(949) 417-5639<br>Attorney For **CITY OF PALOS VERDES ESTATES and JEFF KEPLEY, in his representative capacity, serves as the Chief of Police Department of Defendant City of Palos Verdes Estates.**<br><br>jacob.song@kutakrock.com | J. Patrick Carey, Esq.<br>**LAW OFFICE OF PATRICK CAREY**<br>1230 Rosecrans Avenue<br>Suite 300<br>Manhattan Beach, CA 90266<br>(310) 526-2237<br>(310) 526-2237 Fax<br>Attorney For **ALAN JOHNSTON individual membeer of LUNADA BAY BOYS aka JALIAN JOHNSTON** | Aaron G. Miller, Esq.<br>**THE PHILIPS FIRM**<br>800 Wilshire Boulevard<br>Suite 1550<br>Los Angeles, CA 90017<br>(213) 244-9913<br>(213) 244-9915 Fax<br>Attorneys For **ANGELO FERRARA**<br><br>amiller@thephillipsfirm.com |
| Mark Fields, Esq.<br>**LAW OFFICES OF MARK C. FIELDS**<br>333 So. Hope Street<br>Suite 3500<br>Los Angeles, CA 90071<br>(213) 617-5225<br>(213) 629-2420 Fax<br>Attorney For **ANGELO FERRARA**<br>**an individual member of LUNADA BAY BOYS and N.F. an individual member of LUNADA BAY BOYS**<br><br>fields:markfieldslaw.com | Peter R. Haven, Esq.<br>**HAVEN LAW**<br>1230 Rosecrans Avenue<br>Suite 300<br>Manhattan Beach, CA 90266<br>(310) 272-5353<br>(213) 477-2137 Fax<br>Attorneys For **MICHAEL RAY PAPAYANS**<br><br>peter@havenlaw.com | Dana Alden Fox, Esq.<br>**LEWIS BRISBOIS BISGAARD & SMITH, LLP**<br>633 W. 5th Street<br>Site 4000<br>Los Angeles, CA 90071<br>(213) 580-3858<br>(213) 250-7900 Fax<br>Attorneys For **SANG LEE**<br><br>Dana.Fox@lewisbrisbois.com |

BREMER WHYTE BROWN &<br>O'MEARA LLP<br>21271 Burbank Blvd.<br>Suite 110<br>Woodland Hills, CA  91367<br>(818) 712-9800

2

H:\1178\176\PROOF OF SERVICE.docx

# Exhibit C

Case 2:16-cv-02129-SJO-RAO   Document 84   Filed 07/11/16   Page 1 of 13   Page ID #:1236

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** CV 16-02129 SJO (RAOx)      **DATE:** July 11, 2016

**TITLE:**      Spencer et al. v. Lunada Bad Boys et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:**      **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOTION TO DISMISS COMPLAINT** [Docket No. 30]

This matter is before the Court on Defendants City of Palos Verdes Estates ("City") and Chief of Police Jeff Kepley's ("Chief Kepley") (together, "City Defendants") Motion to Dismiss Complaint ("Motion"), filed June 3, 2016. Plaintiffs Cory Spencer ("Spencer"), Diana Milena Reed ("Reed"), and Coastal Protection Rangers, Inc. ("CPRI") (together, "Plaintiffs") opposed the Motion ("Opposition") on June 20, 2016, and City Defendants replied ("Reply") on June 27, 2016. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for July 11, 2016. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the City Defendants' Motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege the following in their Class Action Complaint ("Complaint"), filed March 29, 2016. California residents Spencer and Reed are, among other things, experienced surfers and avid beachgoers who have been unlawfully excluded from recreational opportunities at Palos Verdes Estates parks, beaches, and access to the ocean. (*See* Compl. ¶¶ 1-2, ECF No. 1.) CPRI is a California non-profit entity "dedicated to enforcing the California Coastal Act and protecting California's beaches and ensuring that they are safe and accessible to all visitors." (Compl. ¶ 3; Request for Judicial Notice ("RJN"), Ex. A, ECF No. 31.[1])

---

[1] City Defendants filed a Request for Judicial Notice in tandem with their Motion, asking the Court to take judicial notice of the California Secretary of State's Business Entity Detail report for CPRI, among other materials. (*See* RJN.) Plaintiffs do not challenge the RJN, and the Court finds that judicial notice of this publicly available document to be proper pursuant to Federal Rule of Evidence 201(b).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:**  CV 16-02129 SJO (RAOx)          **DATE:** July 11, 2016

The City, renowned for its natural beauty, is home to approximately 13,500 residents and more than 40 police personnel.  (Compl. ¶ 15.)  The City owns Lunada Bay, a public beach that constitutes Southern California's "premier big-wave break."  (Compl. ¶¶ 16-17.)  Lunada Bay is also, however, one of the surfing world's "best-known area[s] for localism," a territorial practice whereby resident surfers attempt to exclude nonresident beachgoers and surfers through threats, intimidation, and violence.  (Compl. ¶ 17.)

Defendant Lunada Bay Boys ("LBB") is a criminal street gang that has practiced a particularly "severe" form of localism since the early 1970s.  (Compl. ¶¶ 3-5, 17-18.)  LBB "knowingly built and maintains an unpermitted masonry-rock-and-wood fort and seating area ('Rock Fort') in violation of the California Coastal Act," where it conducts criminal activity.  (Compl. ¶¶ 3-5.)  Moreover, LBB has built and maintains a steep trail from a 100-foot bluff called the "Goat Trail," and stores recreational items and maintains a campfire ring with seating near the base of this trail.  (Compl. ¶ 18.)  LBB sells, markets, and uses illegal controlled substances from the Lunada Bay bluffs and the Rock Fort, and uses the gang's name to confront, threaten, intimidate, and harass non-local beachgoers through a variety of tactics.  (Compl. ¶ 18.)  Some of the more egregious tactics include (1) throwing rocks; (2) running people over with surfboards; (3) punching non-locals; (4) shooting surfers and beachgoers with pellet guns; (5) stealing wallets, wetsuits and surfboards; (6) vandalizing vehicles and personal property, including by slashing tires and waxing ethnic slurs onto windows; (7) levying threats against non-locals; and (8) sharing photographs and videos that they take of visitors.  (Compl. ¶ 18.)

LBB is not unfamiliar to the City's Police Department, but "[f]or many decades" complaints made by victims of LBB have gone unanswered.  (Compl. ¶ 15.)  For example, several of the aforementioned tactics were caught on camera and shown to officers of the City's Police Department.  (Compl. ¶¶ 19-20.)  In response to this report, one officer stated the following:

> We know all of them.  They are infamous around here.  They are pretty much grown men in little men's mindset.  They don't like anyone that's not one of The Bay Boys, surfing down there.  It literally is like a game with kids on a school yard to them and they don't want you playing on their swing set, but, you know, **it is what it is.  If you feel uncomfortable, you know, then don't do it.**

(Compl. ¶ 20 (emphasis added).)  Spencer and Reed have also been victimized by LBB, but their reports to the police department fell on deaf ears.  (Compl. ¶¶ 21-27.)  When Spencer complained to Chief Kepley and encouraged an undercover investigation after he was verbally and physically assaulted by members of the LBB, Chief Kepley responded merely by noting that the City's police department had considered various enforcement strategies, and "had talked with various surfers in an effort to educate them on the position we are in, and what needs to change in terms of acceptable behavior on their part."  (Compl. ¶ 21.)  Similarly, after Reed was verbally assaulted by members of LBB in the presence of a police officer, the officer asked her if she wanted to make a "citizen's arrest," which is permitted under California Penal Code section 837, notwithstanding that police were already on the scene and that other members of LBB were nearby.  (Compl. ¶ 22,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 16-02129 SJO (RAOx)</u>          **DATE:** <u>July 11, 2016</u>

n. 19.) Chief Kepley has described LBB as "a long term problem," and stated that "[i]f I could fix this, I would." (Compl. ¶ 27.)

Plaintiffs seek to represent a class of at least several thousand members who reside outside the City and who desire "lawful, safe, and secure access to Lunada Bay to engage in recreational activities." (Compl. ¶ 30.) Plaintiffs assert the following eight causes of action against defendants: (1) violation of the Bane Act, California Civil Code § 52.1(b), against LBB and ceratin members of the group ("Individual Defendants");[2] (2) public nuisance pursuant to California Civil Code §§ 3479 and 3480 against LBB and Individual Defendants; (3) violation of the Equal Protection Clause of the Fourteen Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983 ("§ 1983") against City Defendants ("Equal Protection Claim"); (4) violation of the Privileges and Immunities Clause of Article IV of the United States Constitution pursuant to § 1983 against City Defendants ("P&I Claim"); (5) violation of various provisions of the California Coast Act against all defendants ("Coastal Act Claim"); (6) assault against LBB and Individual Defendants; (7) battery against LBB and Individual Defendants; and (8) negligence against LBB and Individual Defendants. (*See generally* Compl. ¶¶ 43-106.) Plaintiffs allege this Court has subject-matter jurisdiction over Individual Defendants under 28 U.S.C. § 1333 (admiralty or maritime jurisdiction), Article III, § 2 of the United States Constitution, and 28 U.S.C. § 1367 (supplemental jurisdiction). (Compl. ¶¶ 11-12.)

II.     <u>DISCUSSION</u>

City Defendants ask the Court to dismiss Plaintiffs' Equal Protection, P&I, and Coastal Act Claims—the sole claims asserted against the them—for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). (*See generally* Mot., ECF No. 30.) With respect to both the **Equal Protection** and **P&I Claims**, City Defendants argue (1) that liability does not attach to a city official or to the city based on a theory of respondeat superior; (2) that events that occurred more than two years prior to the filing of the Complaint are time-barred; and (3) that CPRI, which is not an individual, lacks standing to pursue these claims. (*See generally* Mot.) With respect to the **Equal Protection Claim**, City Defendants further argue that Plaintiffs allege no facts to establish an equal protection claim because they have not alleged (1) that they are members of a protected class; (2) that either the City or Chief Kepley acted with discriminatory intent; (3) that a governmental action cause any violation; (4) that any specific federal or constitutional right has been violated; (5) that they were treated differently from other similarly situated individuals to establish a "class of one" equal protection claim; or (6) that the City or Chief Kepley acted with malice, which is required to satisfy a "class of one" equal protection claim. (*See generally* Mot.) With respect to the **P&I Claim**, City Defendants contend that Plaintiffs fail to state a claim because (1) they are not out-of-state residents; (2) they have failed to identify a protectable right; and (3) no duty to protect applies because there is no allegation that the City or

---

[2]  The Individual Members identified in the Complaint are Alan Johnston, Sang Lee, Brant Blakeman, Angelo Ferrara, Frank Ferrara, Charlie Ferrara, N. F., and Michael Rae Papayans.  (Compl. ¶ 7.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:**   <u>CV 16-02129 SJO (RAOx)</u>        **DATE:**   <u>July 11, 2016</u>

Chief Kepley affirmatively created a dangerous environment that would not otherwise have existed. (*See generally* Mot.)  Finally, with respect to the **Coastal Act Claim**, City Defendants argue dismissal is warranted (1) because *Burford* abstention applies; (2) the claim is not ripe because Plaintiffs have failed to exhaust their administrative remedies; (3) no basis for injunctive relief has been sufficiently pled; (4) there is no basis for fines and penalties for any violation occurring more than three years before Plaintiffs knew of the alleged violation; and (5) any administrative fines under the California Coastal Act would not be payable to Plaintiffs. (*See generally* Mot.)

Plaintiffs respond by arguing that courts should not apply a heightened pleading standard to civil rights complaints against municipalities, and that the bulk of City Defendants' cases concerned the summary judgment stage. (Opp'n 2, ECF No. 48.)   Plaintiffs further contend that City Defendants fail to address Plaintiffs' § 1983 claims which are based on (1) a policy, practice, or custom of the City that distinguishes one group of persons (residents) from another (non-residents) without any rational basis; and (2) that such policy, practice or custom arbitrarily and unreasonably interferes with Plaintiffs' right to enter public lands. (Opp'n 2.)  Plaintiffs additionally argue that the City's arguments concerning statutes of limitations ignore the continuing violations doctrine. (Opp'n 2.)  Finally, Plaintiffs argue that (1) the Coastal Act invites citizens' lawsuits like this one; (2) the City has failed to obtain coastal development permits for structures in the coastal zone; and (3) the City's response has encouraged the Bay Boys to block access to the beach. (Opp'n 2.)

    A.   <u>Legal Standards</u>

        1.   <u>Rule 12(b)(6)</u>

"Rule 12(b)(6), which tests the legal sufficiency of the claims asserted in the complaint, must be read in conjunction with Rule 8, which requires a 'short and plain statement showing that the pleader is entitled to relief . . .'" *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Although the pleader is not required to plead "detailed factual allegations" under Rule 8, this standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Pleadings that contain nothing more than legal conclusions or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.* (citation and quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Where a complaint pleads sufficient facts "to raise a right to relief above the speculative level," a court may not dismiss the complaint under Rule 12(b)(6).  *See Twombly*, 550 U.S. at 545.  In reviewing a motion to dismiss under Rule 12, a court may only consider the complaint, documents incorporated by reference in the complaint, and matters of judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Federal courts may not apply a standard "more stringent than the usual pleading requirements of Rule 8(a)" in "civil

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** <u>CV 16-02129 SJO (RAOx)</u>　　　**DATE:** <u>July 11, 2016</u>

rights cases alleging municipal liability." *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993).

> 2.　　§ 1983 and Municipal Liability

42 U.S.C. § 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). Moreover, local governments "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 691. That said, "a municipality cannot be held liable **solely** because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a **respondeat superior** theory." *Id.* (emphasis in original).

> 3.　　The Equal Protection Clause of the Fourteenth Amendment

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting U.S. Const. amend. XIV, § 1). "Section 5 of the Amendment empowers Congress to enforce this mandate, but absent controlling congressional direction, the courts have themselves devised standards for determining the validity of state legislation or other official action that is challenged as denying equal protection." *Id.* at 439-40. "The general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *Id.* (citations omitted). "When social or economic legislation is at issue, the Equal Protection Clause allows the States wide latitude . . . and the Constitution presumes that even improvident decisions will eventually be rectified by the democratic process." *Id.* (citations omitted). Where, however, a statute classifies by race, alienage, national origin, gender, or other "suspect statuses," a heightened standard of review is applied. *Id.* at 440-42 (noting that laws classifying by race, alienage, and national origin "are subjected to strict scrutiny and will be sustained only if they are suitably tailored to serve a compelling state interest," while those classifying based on gender "will survive equal protection scrutiny to the extent they are substantially related to a legitimate state interest").

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** <u>CV 16-02129 SJO (RAOx)</u>        **DATE:** <u>July 11, 2016</u>

"Although *City of Cleburne* involved a challenge to legislation, the rational basis test is equally applicable to an unwritten policy or practice." *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1111-12 (E.D. Cal. 2012). For example, in *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580 (9th Cir. 2008), the Ninth Circuit Court of Appeals applied a rational basis analysis to an applicant's challenge to an Idaho land management agency's unwritten practice of requiring more specific grazing management plans from permit applicants associated with conservation interests than from those without such associations. California district courts adhere to this principle. *See O'Haire v. Napa State Hosp.*, No. C 07-00002 RMW (PR), 2009 WL 2447752 (N.D. Cal. Aug. 7, 2009) (challenge to unwritten policy intentionally discriminating against homosexuals without rational basis stated valid equal protection claim).

An equal protection claim can lie where plaintiff can establish that he is a "class of one" in that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000).

> 4.   <u>The Privileges and Immunities Clause of the Fourteenth Amendment</u>

The Privileges and Immunities Clause of Article IV of the United States Constitution provides that "[t]he citizens of each State shall be entitled to all the Privileges and Immunities of Citizens in the several States." U.S. Const. art. IV, § 2, cl. 1. "Application of the Privileges and Immunities Clause to a particular instance of discrimination against out-of-state residents entails a two-step inquiry." *United Bldg. & Constr. Trades Council of Camden County and Vicinity v. Mayor & Council of City of Camden* ("*Camden*"), 465 U.S. 208, 218 (1984). "As an initial matter, the court must decide whether the ordinance burdens one of those privileges and immunities protected by the Clause." *Id.* (citing *Baldwin v. Montana Fish and Game Comm'n*, 436 U.S. 371, 383 (1978)). If the court finds that the contested restriction falls within the Clause's ambit, the court will deem the restriction unconstitutional if the state cannot show that it is "'closely related to the advancement of a substantial state interest.'" *Council of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925, 936 (9th Cir. 2008) (quoting *Supreme Court of Va. v. Friedman*, 487 U.S. 59, 64 (1988)).

> B.   <u>Analysis</u>

> 1.   <u>Plaintiffs Have Adequately Alleged an Equal Protection Claim</u>

In their Motion, City Defendants first argue that Plaintiffs' Equal Protection Claim must be dismissed because Plaintiffs fail to allege (1) that they are members of a protected class; (2) that any of their fundamental rights have been violated; or (3) that they are a "class of one." (*See* Mot. 3-9.) City Defendants also contend that Plaintiffs' Equal Protection Claim is time-barred as to events occurring prior to March 29, 2014. (Mot. 12.)

In response, Plaintiffs admit that their Equal Protection Claim, as currently pled, "is not borne out of their membership in a protected class, a fundamental right, or a 'class of one' theory." (Opp'n 7.) Rather, they contend that their claim arises from the premise "when a policy [practice, or

Case 2:16-cv-02129-SJO-RAO   Document 84   Filed 07/11/16   Page 7 of 13   Page ID #:1242

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** <u>CV 16-02129 SJO (RAOx)</u>          **DATE:** <u>July 11, 2016</u>

custom] distinguishes one group of persons from another, that distinction must be rationally related to a legitimate governmental purpose," citing *Sanchez v. City of Fresno*. (Opp'n 7.)

The Court agrees with Plaintiffs that the only the "rational basis" test is being invoked in the Complaint, and concludes that Plaintiffs have succeeded in alleging their Equal Protection Claim to the satisfaction of Rule 8(a), *Twombly*, and *Iqbal*. "The first step in equal protection analysis is to identify the [defendants'] classification of groups." *Country Classic Dairies, Inc. v. State of Montana, Dep't of Commerce Milk Control Bureau*, 847 F.2d 593, 596 (9th Cir. 1988). "To accomplish this, a plaintiff can show that the law is applied in a discriminatory manner or imposes different burdens on different classes of people." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995).

The Ninth Circuit has held that "in an equal protection claim based on selective enforcement of the law, a plaintiff can show that a defendant's alleged rational basis for his acts is a pretext for an impermissible motive." *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 993 (9th Cir. 2007) (citing *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004)). Moreover, in *Romer v. Evans*, 517 U.S. 620 (1996), the United States Supreme Court found that an amendment to the Colorado Constitution prohibiting all legislative, executive, or judicial action designed to protect homosexual individuals from discrimination violated the Equal Protection Clause of the Fourteenth Amendment. The Court held that such a law "raise[d] the inevitable inference that the disadvantage imposed is born of animosity toward the class of persons affected." *Id.* at 634. The Court went on to note that "if the constitutional conception of 'equal protection of the laws' means anything, it must at the very least mean that a bare . . . desire to harm a politically unpopular group cannot constitute a legitimate governmental interest." *Id.*

In this case, Plaintiffs allege that the City Defendants treat one group—residents of the City—differently than they treat another group—nonresidents visiting the City's beaches, including Lunada Bay. In particular, Plaintiffs allege that the City has a "long history of deliberate indifference of not investigating or otherwise policing acts of violence and vandalism against visiting beachgoers." (Compl. ¶ 15.) Plaintiffs also allege that the City "tolerates the unlawful activity of the LUNADA BAY BOYS against nonlocal beachgoers because the 40-member police force is designed to keep [the City] for locals only." (Compl. ¶ 15.) Other allegations in the Complaint detail with some particularity the police departments' refusals to respond to attacks by members of the LBB upon nonresident beachgoers. (*See* Compl. ¶¶ 19-22, 24-27.) Indeed, Plaintiffs allege that one officer, after admitting that the police department "know[s] all" of the "infamous" LBB members, who famously "don't like anyone that's not one of The Bay Boys," stated that "it is what it is," and "[i]f you feel uncomfortable, you know, then don't do it." (Compl. ¶ 20.) Plaintiffs additionally allege that a group officers, after witnessing Plaintiff Reed being assaulted by members of the LBB, (1) declined to arrest the assailant; (2) asked her if she would like to make a "citizen's arrest;" and (3) mistakenly assured her that her case "would be handled by the District Attorney with the same result." (Compl. ¶ 22.) When Reed returned to Lunada Bay to document the LBB's activities, an officer asked her "[w]hy would a woman want to go to that beach and the Rock Fort anyways," and the police thereafter failed to return her calls to set a time to identify the LBB members who had harassed her. (Compl. ¶ 27.) When Reed was finally

Case 2:16-cv-02129-SJO-RAO   Document 84   Filed 07/11/16   Page 8 of 13   Page ID #:1243

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:** <u>CV 16-02129 SJO (RAOx)</u>        **DATE:** <u>July 11, 2016</u>

granted an audience with the police department, Chief Kepley stated that he "wish[ed] it was safe [at Lunada Bay], but it's not," and another officer stated that "there are judges and lawyers that surf out there." (Compl. ¶ 27.)

Even after removing the conclusory language from these allegations, the factual content contained therein is sufficient to provide City Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although City Defendants bemoan the absence of allegations regarding how members of the LBB and residents of the City are treated by City Defendants, in light of the nature of the charges in this case, such allegations are not required. Plaintiffs allege that members of the LBB are dedicated to keeping nonresidents away from Lunada Bay, and that the City tolerates this behavior with the like-minded intent "to keep [the City] for locals only." (Compl. ¶ 15.)

Plaintiffs have thus plausibly alleged an Equal Protection Claim against City Defendants, and the Court **DENIES** City Defendants' Motion on this basis.[3, 4]

///
///
///
///
///
///

---

[3] City Defendants argue that Plaintiffs' Equal Protection and Privileges and Immunities Claims "are time-barred for any claimed violation occurring two years before March 4, 2016." (Mot. 12.) City Defendants do not, however, dispute that the vast majority of the allegations in Plaintiffs' Complaint occurred within the past two years, and thus do not contend that Plaintiffs cannot seek declaratory and injunctive relief based upon such alleged conduct. (*See generally* Mot. 12; Reply 3-4, ECF No. 74.) Rather, they appear to request summary adjudication that Plaintiffs cannot recover against City Defendants for events occurring prior to this critical date. (*See* Reply 4.) Plaintiffs, however, do not seek monetary relief from City Defendants for their alleged violations of the Equal Protection and Privileges and Immunities Clauses. (*See* Compl. pp. 40-42.) Accordingly, the Court **DENIES** City Defendants' Motion as to this issue.

[4] The Court also rejects City Defendants' Article III standing argument, (*see* Mot. 12-13), both because Article III standing is not among the bases on which City Defendants moved for dismissal, (*see* Mot. 2-3), and because the cases they cite are inapposite to this case, in which Plaintiffs allege that they have been and will continue to be directly harmed by City Defendants' selective enforcement of their laws vis-a-vis residents and nonresidents, (*see* Compl. ¶¶ 1-2, 18-28, 61-69). To the extent City Defendants' challenge is predicated on a belief that Plaintiffs have not suffered an "actual injury," such an argument concerns the merits of Plaintiffs' claims. The Court thus **DENIES** City Defendants' Motion on this basis.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**CASE NO.:** <u>CV 16-02129 SJO (RAOx)</u>       **DATE:** <u>July 11, 2016</u>

     2.   <u>Plaintiffs' Privileges and Immunities Claim Fails for Two Reasons</u>

City Defendants next challenge Plaintiffs' Privileges and Immunities Claim, arguing (1) that Plaintiffs Spencer and Reed lack standing because they are residents of California; (2) that the right to recreate is not a protected right; and (3) that the City Defendants have no duty to protect Plaintiffs. (*See* Mot. 9.) Plaintiffs respond by arguing (1) that "the fact that Plaintiffs are in-state residents nonetheless entitles them to the protection of the Privileges and Immunities Clause of Article IV of the U.S. Constitution just the same as if they were out-of-state residents;" (2) that their right to enter public lands is a protectable interest; and (3) that City Defendants' "duty to protect" argument is misplaced.

Plaintiffs misunderstand the purpose and scope of the Privileges and Immunities Clause. *Camden*, a case cited by both Plaintiffs and City Defendants, concerned an ordinance adopted by the city of Camden, New Jersey, that required at least 40% of the employees of contractors and subcontractors working on city construction projects be Camden residents. The United States Supreme Court began by "quickly reject[ing]" the respondents' argument that the "Clause only applies to laws passed by a *State*." 465 U.S. 208, 214 (1984) (emphasis in original). The Court held that "[t]he fact that the ordinance in question is a municipal, rather than a state, law does not somehow place it outside the scope of the Privileges and Immunities Clause." *Id.*

The Court also rejected respondents' effort to have the "Clause only appl[y] to laws that discriminate on the basis of **state** citizenship." *Id.* (emphasis in original). In rejecting such a literal interpretation, the Court noted that "the terms 'citizen' and 'resident' are 'essentially interchangeable' . . . for purposes of analysis of most cases under the Privileges and Immunities Clause." *Id.* at 216. The Court noted, however, that although "New Jersey citizens not residing in Camden will be affected by the ordinance as well as out-of-state citizens," such "**disadvantaged New Jersey residents have no claim under the Privileges and Immunities Clause.**" *Id.* at 217 (emphasis added) (citing *The Slaughter-House Cases*, 16 Wall. 36, 77, 21 L.Ed. 394 (1872)). This is because such residents "at least have a chance to remedy at the polls any discrimination against them," while "[o]ut-of-state citizens have no similar opportunity." *Id.* Thus, the Court "conclude[d] that Camden's ordinance is not immune from constitutional review **at the behest of out-of-state residents** merely because some in-state residents are similarly disadvantaged." *Id.* (emphasis added).

Plaintiffs allege that Spencer and Reed are residents of California. (Compl. ¶¶ 1-2.) As such, they are not capable of challenging a California municipality's policy or practice under the Privileges and Immunities Clause. Moreover, because CPRI is a corporation, (RJN, Ex. A), it is not considered a "citizen" within the meaning of the Privileges and Immunities Clause, and therefore is not entitled "to all privileges and immunities . . . in the several states." *Blake v. McClung*, 172 U.S. 239, 19 S. Ct. 165 (1898); *see also Pelican Chapter, Associated Builders & Contractors, Inc. v. Edwards*, 901 F. Supp. 1125, 1133 (M.D. La. 1995).

Moreover, Plaintiffs assert in their Opposition that "the right to enter public lands, including tidal lands, is a well-established protectable right in California." (Opp'n 12 (citing Cal. Const., art. X § 4;

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:**  **CV 16-02129 SJO (RAOx)**        **DATE:** **July 11, 2016**

Cal. Gov't Code § 66478.3; *Gion v. Santa Cruz*, 2 Cal.3d 29, 42 (1970)).) Section 1983, however, "safeguards certain rights conferred by federal statutes," and "in order to seek redress through § 1983 . . ., a plaintiff must assert the violation of a federal **right**, not merely a violation of federal **law**." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (emphasis in original). Plaintiffs have not identified a federal right that is protectable under the Privileges and Immunities Clause

The Court therefore **GRANTS IN PART** the City Defendants' Motion and **DISMISSES** Plaintiffs' Privileges and Immunities Claim **without leave to amend**.

   3. <u>The Court Abstains from Hearing Plaintiffs' California Coastal Act Claim</u>

City Defendants raise five arguments in support of their Motion as to why Plaintiffs' California Coastal Act Claim should be dismissed. First, City Defendants contend that the Court should apply the *Burford* abstention doctrine and abstain from exercising jurisdiction as to this cause of action. (Mot. 13-15.) City Defendants next argue that this cause of action is not ripe and that there is no definite and concrete controversy to adjudicate. (Mot. 16-18.) They further contend that Plaintiffs have not demonstrated a basis for injunctive relief, both because they have not alleged facts regarding how they would be irreparably injured by the continued existence of the structures on the beach at Lunada Bay and because they have an adequate remedy at law that has not been exhausted. (Mot. 18.) Fourth and fifth, City Defendants argue that Plaintiffs' request for civil fines or penalties are time-barred, and in any event, any administrative fines would not be payable to Plaintiffs. (Mot. 18-19.) Plaintiffs respond in kind. (Opp'n 16-20.) Because the Court concludes that abstention under *Burford* is appropriate in this case, it need not consider City Defendants' subsidiary arguments.

   a. <u>*Burford* Abstention</u>

The *Burford* abstention doctrine stems from *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), a case in which the United States Supreme Court held that "[a]lthough a federal equity court does have jurisdiction over a particular proceeding, it may, in its sound discretion . . . refuse to enforce or protect legal rights, the exercise of which may be prejudicial interest; for it is in the public interest that federal courts of equity should exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic policy." 319 U.S. 315, 317-18 (1943) (internal citations and quotation marks omitted). In *New Orleans Public Service, Inc. v. Council of City of New Orleans* ("*NOPSI*"), the Supreme Court summarized the requirements of the *Burford* abstention doctrine as follows:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:**  **CV 16-02129 SJO (RAOx)**        **DATE:** July 11, 2016

491 U.S. 350, 361 (1989) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976)).  The Court of Appeals for the Ninth Circuit takes a slightly more restrictive approach, requiring showings "(1) that the state has concentrated suits involving the local issue in a particular court; (2) that the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) that federal review might disrupt state efforts to establish a coherent policy."  *Tucker v. First Md. Savings & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir. 1991).  Application of these factors "only rarely favors abstention, and the power to dismiss recognized in *Burford* represents an 'extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it.'"  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996) (quoting *Colorado River*, 424 U.S. at 813).

The parties dispute the applicability of *Beck v. State of California*, 479 F. Supp. 392 (C.D. Cal. 1980), to the instant case.  In *Beck*, the plaintiff, an individual desiring to construct a single-family residence on his Malibu real property, brought a challenge to the then-recently enacted California Coastal Act of 1976 after his applications to construct the residence were denied by both the Regional and State Commissions.  Plaintiff argued that various defendants (1) deprived him of all use and enjoyment of his property in violation of the Fourteenth Amendment's Due Process Clause; (2) deprived him under § 1983 of a valuable civil right; and (3) acting in concert, conspired under 42 U.S.C. section 1985 to deprive him of his civil rights.  *Id.* at 395.  The district court in *Beck* found that abstention under the *Burford* doctrine was appropriate in light of the following:

> The California coastline is a unique and valuable resource of that state.  In order to protect that resource, the people of that state enacted extensive legislation providing for a complex system of regulation with state controls ultimately yielding to local control with state supervision through the local adoption and state approval of local coastal plans.  The legislation provides for an interim permit procedure until those local plans are adopted and approved.  The coastal acts specifically provide a system of recourse for the permit applicant and a particularized system of review.  Furthermore, the California Supreme Court in *Agins v. City of Tiburon*, 23 Cal.3d 605, 157 Cal. Rptr. 372, 598 P.2d 25 (1979), in holding that a plaintiff may not recover damages on the theory of inverse condemnation, has established a policy in the state which dictates that "taking" actions must be handled in a particularized fashion.

*Id.* at 400.  Plaintiffs attempt to distinguish *Beck* by noting that the district court in that case (1) considered a pending parallel state court action; (2) was dealing with a then-new California regulatory scheme; (3) was evaluating California land use issues; and (4) noted that the dispute was primarily about money, and that an action seeking prospective injunctive relief if the state proceedings were stayed would be appropriate.  (Opp'n 17.)

The Court does not find any of these arguments to be persuasive.  First, the district court in *Beck* did not rely on either the first or fourth point in reaching its conclusion as to the appropriateness of abstaining on *Burford* grounds.  Accordingly, that Plaintiffs seek only injunctive, rather than monetary, relief is inapposite to the *Burford* abstention inquiry.  Nor did the Court in *Beck* suggest

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:**  <u>CV 16-02129 SJO (RAOx)</u>        **DATE:** <u>July 11, 2016</u>

that the "newness" of the California Coastal Act bore any relation to its decision whether to abstain; indeed, the notion that California "enacted **extensive legislation** providing for a **complex system of regulation** with state controls ultimately yielding to local control with state supervision through the local adoption and state approval of local coastal plans" has not changed since the enactment of the California Coastal Act. *Beck*, 479 F. Supp. at 400 (emphasis added). Plaintiffs' unsupported assertion that "these Coastal Act claims are not complex or controversial" in light of allegations contained in a letter sent by one California Coastal Commission employee thus misses the mark. (*See* Opp'n 17.)

Moreover, Plaintiffs ask the Court in this case to "evaluat[e] California land use issues," including (1) whether the City should have required members of the LBB to obtain a coastal development permit before constructing the Rock Fort; (2) whether the Rock Fort is exempt from these permitting requirements as an "excluded development;" (3) whether the LBB's conduct toward non-residents constitutes "development" under the Coastal Act and the Palos Verdes Estates' Local Coastal Program; and (4) whether the Rock Fort should be demolished. Plaintiffs allege that on January 21, 2016, an enforcement analyst for the California Coastal Commission sent Chief Kepley a letter noting that "[p]recluding full public use of the coastline . . . whether through physical devices . . . or nonphysical impediments, such as threatening behavior intended to discourage public use of the coastline, . . . constitutes development under the Coastal Act and the Palos Verdes Estates LCP." (Compl., Ex. 18.) The letter also states that the Commission has received reports of unpermitted structures, including stone forts, constructed on the shoreline of Lunada Bay, and invites Chief Kepley to "meet to discuss this matter and collaborate with the City in their efforts to ensure enjoyment of the coastline by all Californians and visitors alike." (Compl. Ex. 18.) The possibility that the City, Chief Kepley, and the Commission might come together to address access issues and Lunada Bay and determine which permits are or are not required under the Act and the City's LCP—as part of the Commission's administrative process or otherwise—underscores both the importance of the administrative process to the City's efforts to "establish a coherent policy" and the intricate relationship between the federal and state issues presented in this case—namely, providing nonresidents access to public waters. *Tucker*, 942 F.2d at 1405. Notably, although Plaintiffs correctly state that California Public Resources Code section 30803 authorizes "[a]ny person [to] maintain an action for declaratory and equitable relief to restrain any violation of this division," Cal. Pub. Res. Code § 30803, they cite no authority indicating that an individual or group may challenge a municipality's failure to require others' obtaining a coastal development permit prior to constructing a "development" in a coastal zone.

Here, as in *Beck*, the Court concludes that *Burford* abstention is appropriate given the Court's reticence "to interfere with the local administration of local laws." *Beck*, 479 F. Supp. at 400. Unlike in *Beck*, however, the Court concludes that dismissal of Plaintiffs' Coastal Act Claim—the typical remedy in *Burford* abstention cases—is appropriate, particularly given the uncertainty surrounding enforcement efforts that might be taken by the Commission and/or the City itself vis-a-vis the Rock Fort and the actions of the LBB. The Court accordingly **DISMISSES** Plaintiffs' fifth cause of action for violation of the California Coastal Act as to the City Defendants **without leave to amend**.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**CASE NO.:** <u>CV 16-02129 SJO (RAOx)</u>          **DATE:** <u>July 11, 2016</u>

III.   <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants City of Palos Verdes Estates and Chief of Police Jeff Kepley's Motion to Dismiss Complaint.  Plaintiffs' fourth cause of action for violation of the Privileges and Immunities Clause pursuant to 42 U.S.C. § 1983 and fifth cause of action for violation of the California Coastal Act are **DISMISSED without leave to amend** as to Defendants City of Palos Verdes Estates and Chief of Police Jeff Kepley, in his representative capacity.  Defendants City of Palos Verdes Estates and Chief of Police Jeff Kepley have fourteen (14) days from the issuance of this Order to respond to the remainder of Plaintiffs' Complaint.

IT IS SO ORDERED.

# Exhibit D

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*previously Filed*
*& served initial*
*disclosures.*

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-02129 SJO (RAOx) | Date | August 29, 2016 |

| | |
|---|---|
| Title | Cory Spencer et al v. Lunada Bay Boys et al |

| | |
|---|---|
| Present: The Honorable | S. JAMES OTERO |

| Victor Paul Cruz | Carol Zurborg | |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Kurt A. Franklin<br>Victor J. Otten | Tera A. Lutz<br>John P. Worgul<br>Richard P. Dieffenbach<br>Peter T. Haven<br>Mark Fields<br>Edwin J. Richards, Jr.<br>L. William Locke |

**Proceedings:**       SCHEDULING CONFERENCE

Matter called.

Counsel for Defendant Alan Johnston is not present.

Attorney William Locke advises the Court that his firm will represent defendants Frank Ferrara and Charlie Ferrara.  The Court Orders that two said defendants will file an answer to the complaint by Friday, September 2, 2016.

The parties stipulate that the Court's order of 7/11/16 shall apply to all defendants.

The Court sets the following schedule:

The filing of a Motion for Class Certification shall be Friday, December 30, 2016; Opposition shall be due by January 13, 2017; Reply due Friday, January 20, 2017; Hearing on motion shall be set for Tuesday, February 21, 2017 @ 10:00 a.m.

| | |
|---|---|
| Jury Trial: | Tuesday, November 7, 2017  @ 9:00 a.m. |

| | |
|---|---|
| Pretrial Conference: | Monday, October 23, 2017 @ 9:00 a.m. |

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 87 of 120   Page ID
#:6324
Case 2:16-cv-02129-SJO-RAO   Document 120   Filed 08/29/16   Page 2 of 2   Page ID #:1637

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-02129 SJO (RAOx) | Date | August 29, 2016 |

| | |
|---|---|
| Title | Cory Spencer et al v. Lunada Bay Boys et al |

Motion Cutoff:          Monday, August 21, 2017 @ 10:00 a.m.

Discovery Cutoff:       Monday, August 7, 2017

Last Date to Amend:     Not provided

Reference of the above case to the Alternative Dispute Resolution Program is vacated.
Settlement is referred to Private Mediation for all further proceedings.

All discovery disputes are to be brought before the Magistrate Judge assigned to the case.
The parties are reminded of their obligations under Fed. R. Civ. P. 26-1(a) to disclose
information without a discovery request.
        Court advises counsel that all Pretrial documents must be filed in compliance with
the Court's standing order, including but not limited to:
1.      All Jury Instructions, agreed and opposed;
2.      Verdict Forms;
3.      Proposed Voir Dire Questions;
4.      Agreed-To Statement of Case;
5.      Witness List, listing each witness and time estimates to conduct direct, cross,
redirect and recross;
6.      Trial Brief and Memorandum of Contentions;
7.      Joint Rule 26(f) Report;
8.      If Court Trial, file Findings of Fact and Conclusions of Law and summaries of
direct testimony at Pretrial Conference;
9.      Motions in Limine are to be filed according to Local Rule 7 and will be heard at
9:00 a.m. the first day of trial;
10.     Exhibits properly labeled, tagged, and in binders.

cc:     ADR Coordinator

|  | : | 0/23 |
|---|---|---|
| Initials of Preparer | | vpc |

# Exhibit E

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 89 of 120   Page ID
#:6326
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 17 of 87   Page ID
#:1789

1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   CAROLINE LEE, SBN 293297
4  clee@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone: (415) 777-3200
6  Facsimile:  (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone: (916) 442-3333
11 Facsimile:  (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone: (310) 378-8533
16 Facsimile:  (310) 347-4225

17 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
18 REED, and COASTAL PROTECTION
   RANGERS, INC.

19

20            UNITED STATES DISTRICT COURT

21     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

22

23 CORY SPENCER, an individual;        CASE NO. 2:16-cv-02129-SJO (RAOx)
   DIANA MILENA REED, an
24 individual; and COASTAL            **PLAINTIFFS' SUPPLEMENTAL**
                                      **DISCLOSURES**
25 PROTECTION RANGERS, INC., a
   California non-profit public benefit
26 corporation,
27
28            Plaintiffs,

Case 2:16-cv-02129-SJO-RAO  Document 285-1  Filed 07/24/17  Page 90 of 120  Page ID
#:6327
Case 2:16-cv-02129-SJO-RAO  Document 138-1  Filed 11/09/16  Page 18 of 87  Page ID
#:1790

1    v.

2

3  LUNADA BAY BOYS; THE
   INDIVIDUAL MEMBERS OF THE
4  LUNADA BAY BOYS, including but
5  not limited to SANG LEE, BRANT
   BLAKEMAN, ALAN JOHNSTON
6  AKA JALIAN JOHNSTON,
7  MICHAEL RAE PAPAYANS,
   ANGELO FERRARA, FRANK
8  FERRARA, CHARLIE FERRARA,
9  and N.F.; CITY OF PALOS
   VERDES ESTATES; CHIEF OF
10 POLICE JEFF KEPLEY, in his
11 representative capacity; and DOES
   1-10,
12

13       Defendants.

14

15      Plaintiffs CORY SPENCER, DIANA MILENA REED, and COASTAL

16 PROTECTION RANGERS, INC. (collectively, "Plaintiffs") make the following

17 supplemental initial disclosures pursuant to F.R.C.P. 26(a)(1). As permitted

18 under Rule 26(e)(1), Plaintiffs reserve the right to clarify, amend, modify or

19 furthrt supplement the information contained in these Supplemental

20 Disclosures if and when they obtain additional supplemental information. In

21 addition, Plaintiffs may rely on any persons or documents identified by any

22 party as part of their disclosures or during discovery.

23      Plaintiffs' Initial Disclosures are made without waiver of, or prejudice

24 to, any objections Plaintiffs may assert or have previously asserted.

25 Plaintiffs expressly reserve all objections, including, but not limited to:

26 (a) attorney-client privilege; (b) work-product doctrine; and (c) any other

27 applicable privilege or protection under federal or state law. Plaintiffs

28 reserve the right to retract any inadvertent disclosures of information or

Case 2:16-cv-02129-SJO-RAO  Document 285-1  Filed 07/24/17  Page 91 of 120  Page ID
#:6328
Case 2:16-cv-02129-SJO-RAO  Document 138-1  Filed 11/09/16  Page 19 of 87  Page ID
#:1791

1  documents that are protected by the attorney-client privilege, the work
2  product doctrine, or any other applicable protection.

3      Without waiving any objections, Plaintiffs make the following
4  disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil
5  Procedure:

6  **A.  Witnesses**

7      Plaintiffs are in the process of identifying witnesses who are likely to
8  have discoverable information. However, at this early stage, Plaintiffs
9  identify the following person(s) they may use to support their claims:

10      1)  Plaintiff class representative, Cory Spencer, who may be
11      reached via counsel for Plaintiffs, on the subjects set forth in
12      the Complaint, to which he was a percipient witness.

13      2)  Plaintiff class representative, Diana Milena Reed, who may be
14      reached via counsel for Plaintiffs, on the subjects of set forth
15      in the Complaint, to which she was a percipient witness.

16      3)  Defendant, Sang Lee, on the allegations set forth in the
17      Complaint related to Defendant Lunada Bay Boys and the
18      Individual Members of the Lunada Bay Boys.

19      4)  Defendant, Brant Blakeman, on the allegations set forth in the
20      Complaint related to Defendant Lunada Bay Boys and the
21      Individual Members of the Lunada Bay Boys.

22      5)  Defendant, Michael Rae Papayans, on the allegations set
23      forth in the Complaint related to Defendant Lunada Bay Boys
24      and the Individual Members of the Lunada Bay Boys.

25      6)  Defendant, Angelo Ferrara, on the allegations set forth in the
26      Complaint related to Defendant Lunada Bay Boys and the
27      Individual Members of the Lunada Bay Boys.

28      7)  Defendant, Charlie Ferrara, on the allegations set forth in the

Case 2:16-cv-02129-SJO-RAO  Document 285-1  Filed 07/24/17  Page 92 of 120  Page ID
#:6329
Case 2:16-cv-02129-SJO-RAO  Document 138-1  Filed 11/09/16  Page 20 of 87  Page ID
#:1792

1      Complaint related to Defendant Lunada Bay Boys and

2      Individual Members of the Lunada Bay Boys.

3    8)   Defendant, N.F., on the allegations set forth in the Complaint

4      related to Defendant Lunada Bay Boys and Individual

5      Members of the Lunada Bay Boys.

6    9)   Defendant Frank Ferrara, on the allegations set forth in the

7      Complaint related to Defendant Lunada Bay Boys and

8      Individual Members of the Lunada Bay Boys.

9   10)   Defendant, Chief of Police, Jeff Kepley, on the allegations set

10      forth in the Complaint related to Defendant City of Palos

11      Verdes Estates, Defendant Lunada Bay Boys and Individual

12      Members of the Lunada Bay Boys.

13   11)   Tim Browne, address unknown, on the allegations set forth in

14      the Complaint related to Defendant City of Palos Verdes

15      Estates, Defendant Lunada Bay Boys and Individual

16      Members of the Lunada Bay Boys.

17   12)   Daniel Dreiling, contact information unknown, on the

18      allegations set forth in the Complaint related to Defendant

19      City of Palos Verdes Estates, Defendant Lunada Bay Boys

20      and Individual Members of the Lunada Bay Boys.

21   13)   Defendant in the state court action, Los Angeles Superior

22      Court Case No. BC629596, David Melo, on the allegations set

23      forth in the Complaint related to Defendant Lunada Bay Boys

24      and Individual Members of the Lunada Bay Boys.

25   14)   Defendant in the state court action, Los Angeles Superior

26      Court Case No. BC629596, Mark Griep, on the allegations set

27      forth in the Complaint related to Defendant Lunada Bay Boys

28      and Individual Members of the Lunada Bay Boys.

1  15) Peter Babros, 316 Via Pasqual, Redondo Beach, CA 90277,

2     on the allegations set forth in the Complaint related to

3     Defendant Lunada Bay Boys and Individual Members of the

4     Lunada Bay Boys. Plaintiffs are informed and believe that Mr.

5     Babros is a former resident of the City of Palos Verdes

6     Estates having graduated PV High School in 1988 and

7     maintains strong connections to the community. Plaintiffs

8     believe that Mr. Babros is a Lunada Bay Local and is being

9     listed as a potential percipient witness.

10  16) Cassidy Beukema, 2817 Palos Verdes Drive West, Palos

11     Verdes Estates, CA, on the allegations set forth in the

12     Complaint related to Defendant Lunada Bay Boys and

13     Individual Members of the Lunada Bay Boys. Plaintiffs are

14     informed and believe that Ms. Beukema is the step daughter

15     to Defendant Angelo Ferraro and step sister to defendant N.F.

16     Plaintiffs anticipate that this witness has information related to

17     (a) the inner workings of the Lunada Bay Boys and the

18     methods to keep non-locals from the beach, (b) illegal

19     activities at Lunada Bay, (c) the January 20, 2014 incident, at

20     a public surfing event at Lunada on Martin Luther King, Jr.

21     Day,  where a Lunada Bay Boy  had his face painted in black

22     makeup and wore a black Afro wig.  Plaintiffs' list this witness

23     as a percipient witness.

24  17) Ron Bornstein, contact information unknown. Plaintiffs are

25     informed and believe that Mr. Bornstein is a longtime resident

26     of the City of Palos Verdes Estates. Plaintiffs are informed

27     and believe that Mr. Bornstein or "Borno" is a resident of the

28     City of Palos Verdes Estates having graduated PV High

Case 2:16-cv-02129-SJO-RAO Document 285-1 Filed 07/24/17 Page 94 of 120 Page ID
#:6331
Case 2:16-cv-02129-SJO-RAO Document 138-1 Filed 11/09/16 Page 22 of 87 Page ID
#:1794

1    School and maintains strong connections to the community.
2    Plaintiffs believe that Mr. Bornstein is a Lunada Bay Local and
3    is being listed as a potential percipient witness and possible
4    defendant.

5   18) Joel Milam, 30571 Rue De La Pzerre, Rancho Palos Verdes,
6    CA 90275, on the allegations set forth in the Complaint
7    related to Defendant Lunada Bay Boys and Individual
8    Members of the Lunada Bay Boys. Plaintiffs are informed and
9    believe that Mr. Milam was a former resident of the City of
10    Palos Verdes Estates having graduated PV High School and
11    maintains strong connections to the community. Plaintiffs
12    believe that Mr. Milam is a Lunada Bay Local and is being
13    listed as a potential percipient witness.

14   19) Charles Thomas Mowatt, ▮▮▮▮ Palos Verdes
15    Peninsula, CA 90274-2725; ▮▮▮6600, on the
16    allegations set forth in the Complaint related to Defendant
17    Lunada Bay Boys, Individual Members of the Lunada Bay
18    Boys and communications with Defendant City of Palos
19    Verdes Estates. Plaintiffs believe that Mr. Mowatt is a Lunada
20    Bay Local and is being listed as a potential percipient witness
21    and possible defendant.

22   20) James Reinhardt, contact information unknown. Plaintiffs are
23    informed and believe that Mr. Reinhardt is a longtime resident
24    of the City of Palos Verdes Estates having graduated from
25    Palos Verdes High School in 1978. Plaintiffs believe that Mr.
26    Reinhardt is a Lunada Bay Local and is being listed as a
27    potential percipient witness. Plaintiffs believe that Mr.
28    Reinhardt is a Lunada Bay Local and is being listed as a

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 95 of 120   Page ID
#:6332
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 23 of 87   Page ID
#:1795

1          potential percipient witness and possible defendant.

2    21)   Fred Strater, contact information unknown, on the allegations

3          set forth in the Complaint related to Defendant Lunada Bay

4          Boys and the Individual Members of the Lunada Bay Boys.

5          Mr. Strater is a former resident of the City of Palos Verdes

6          Estates and maintains strong connections to the community.

7          Plaintiffs believe that Mr. Strater is a Lunada Bay Local.

8          Specifically, it is anticipated that Mr. Strater's testimony will

9          include but not be limited to the following: (a) information

10         regarding his former roommate, Charles Mowatt, as an

11         enforcer and one of the worst Lunada Bay Locals, (b)

12         information regarding the relationship between Michael S.

13         Papayans, Charles Mowatt and the people "running the bay,"

14         (c) tactics used to keep non-locals from coming to Lunada

15         Bay, and (d) other illegal activities.

16   22)   Mark Bonney, contact information unknown, on the

17         allegations set forth in the Complaint related to Defendant

18         Lunada Bay Boys and the Individual Members of the Lunada

19         Bay Boys. Plaintiffs are informed and believe that Mr. Bonney

20         is a former resident of the City of Palos Verdes Estates and

21         graduate of PV High School and maintains strong

22         connections to the community. Plaintiffs are informed and

23         believe that Mr. Bonney has information regarding the

24         activities of the Lunada Bay Boys by comments made in

25         social media defending the actions of the Lunada Bay Locals.

26         Mr. Bonney is being listed as a potential percipient witness

27         and possible defendant.

28   23)   David Hilton, a longtime resident of Palos Verdes Estates, on

Case 2:16-cv-02129-SJO-RAO  Document 285-1  Filed 07/24/17  Page 96 of 120  Page ID
#:6333
Case 2:16-cv-02129-SJO-RAO  Document 138-1  Filed 11/09/16  Page 24 of 87  Page ID
#:1796

1    the allegations set forth in the Complaint related to Defendant
2    Lunada Bay Boys, the Individual Members of the Lunada Bay
3    Boys and communications with Defendant City of Palos
4    Verdes Estates. Plaintiffs are informed and believe that this
5    witness is a long time surfer of Lunada Bay. It is anticipated
6    that this percipient witness has information regarding: (a)
7    January 22, 1995 incident where a surfer from Brazil
8    (documented in Incident Report 95-0062) went to Lunada Bay
9    to surf and was confronted by David Hilton and several other
10    Bay Boys who made threats of violence against him causing
11    him to reasonably believe that if he exercised his right surf at
12    a public beach, Hilton and/or the Lunada Bay Boys would
13    commit violence against him or his car and that Hilton and/or
14    the Lunada Bay Boys with him had the apparent ability to
15    carry out the threats, (b) the inner workings of the Lunada Bay
16    Boys and the methods to keep non-locals from the beach, (c)
17    illegal activities at Lunada Bay. Mr. Hilton is being listed as a
18    potential percipient witness and possible defendant.
19    24)    Eric Hilton, a longtime resident of Palos Verdes Estates, on
20    the allegations set forth in the Complaint related to Defendant
21    Lunada Bay Boys, the Individual Members of the Lunada Bay
22    Boys and communications with Defendant City of Palos
23    Verdes Estates. Plaintiffs are informed and believe that this
24    witness is a long time surfer of Lunada Bay. It is anticipated
25    that this percipient witness has information regarding: (a) the
26    inner workings of the Lunada Bay Boys and the methods to
27    keep non-locals from the beach, (b) Illegal activities at Lunada
28    Bay. Mr. Hilton is being listed as a potential percipient witness

Case 2:16-cv-02129-SJO-RAO  Document 285-1  Filed 07/24/17  Page 97 of 120  Page ID
#:6334
Case 2:16-cv-02129-SJO-RAO  Document 138-1  Filed 11/09/16  Page 25 of 87  Page ID
#:1797

1            and possible defendant.

2    25)     Kelly Logan,                    , Venus, CA 90291-4919, on the
3            allegations set forth in the Complaint related to Defendant
4            Lunada Bay Boys and the Individual Members of the Lunada
5            Bay Boys. Plaintiffs are informed and believe that Mr. Logan
6            is a former resident of the City of Palos Verdes Estates but
7            maintains strong connections to the community. Plaintiffs are
8            informed and believe that Mr. Logan was involved in the
9            assault by Peter McCollum against Geoff Hagins and several
10           others reflected in Incident Report 95-0381. Plaintiffs believe
11           that Mr. Logan is a Lunada Bay Local and is being listed as a
12           potential percipient witness and possible defendant.

13   26)     John Rall, contact information unknown, on the allegations set
14           forth in the Complaint related to Defendant Lunada Bay Boys
15           and the Individual Members of the Lunada Bay Boys.
16           Plaintiffs are informed and believe that Mr. Rall graduated PV
17           High School 1991 and maintains strong connections to the
18           community. Plaintiffs believe that Mr. Rall is a Lunada Bay
19           Local and is being listed as a potential percipient witness and
20           possible defendant.

21   27)     Michael S. Papayans, aka "Paps," a longtime resident of
22           Palos Verdes Estates, on the allegations set forth in the
23           Complaint related to Defendant Lunada Bay Boys, the
24           Individual Members of the Lunada Bay Boys and
25           communications with Defendant City of Palos Verdes Estates.
26           Plaintiffs are informed and believe that he is the uncle of
27           Defendant Michael Rae Papayans. This witness surfs Lunada
28           Bay on a regular basis. It is anticipated that this witness has

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 98 of 120   Page ID
#:6335
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 26 of 87   Page ID
#:1798

1   information regarding: (a) a meeting that he had with Chris
2   Taloa in 2014, (b) the inner workings of the Lunada Bay Boys
3   and the methods to keep non-locals from the beach, (c) illegal
4   activities at Lunada Bay. Plaintiffs believe that Mr. Papayans
5   is a Lunada Bay Local and is being listed as a potential
6   percipient witness and possible defendant.

7   28) Jim Russi, contact information unknown, on the allegations
8   set forth in the Complaint related to Defendant Lunada Bay
9   Boys and the Individual Members of the Lunada Bay Boys.
10   Plaintiffs are informed and believe that Mr. Russi is a former
11   resident of the City of Palos Verdes Estates and maintains
12   strong connections to the community – possibly still owning a
13   home on the cliff above the bay. Plaintiffs are informed and
14   believe and on that basis allege that this witness has
15   information regarding the illegal activities of the Lunada Bay
16   Boys including the Ferraras. While this witness claims to have
17   moved from the area years ago, he has publicly defended the
18   actions of the Lunada Bay Boys. Plaintiffs believe that Mr.
19   Russi is a Lunada Bay Local and is being listed as a potential
20   percipient witness.

21   29) Carlos Anorga,                                Torrance, CA
22   90503;          7762, on the allegations set forth in the
23   Complaint related to Defendant Lunada Bay Boys and the
24   Individual Members of the Lunada Bay Boys. Plaintiffs
25   consider this person a longtime Lunda Bay local surfer and
26   potentially and is listed as a possible percipient witness.

27   30) Zen Del Rio, contact information unknown, on the allegations
28   set forth in the Complaint related to Defendant Lunada Bay

Case 2:16-cv-02129-SJO-RAO  Document 285-1  Filed 07/24/17  Page 99 of 120  Page ID
#:6336
Case 2:16-cv-02129-SJO-RAO  Document 138-1  Filed 11/09/16  Page 27 of 87  Page ID
#:1799

1  Boys and the Individual Members of the Lunada Bay Boys.
2  Plaintiffs consider this person a longtime Lunda Bay local and
3  potentially and is listed as a possible percipient witness.

4  31)  Mark Koehler, address unknown, ▇▇▇▇-1668, on the
5  allegations set forth in the Complaint related to Defendant
6  Lunada Bay Boys and the Individual Members of the Lunada
7  Bay Boys. Plaintiffs believe that Mr. Koehler is a Lunada Bay
8  Local and is being listed as a potential percipient witness

9  32)  Chad Beatty, ▇▇▇▇▇▇▇▇▇, Redondo Beach, CA
10  90277, on the allegations set forth in the Complaint related to
11  Defendant Lunada Bay Boys and the Individual Members of
12  the Lunada Bay Boys. This person has been surfing Lunada
13  Bay for years and is listed as a possible percipient witness. At
14  this time, Plaintiffs do not have any specific information
15  regarding this witness.

16  33)  Joe Bark, address unknown; ▇▇▇▇2463, on the
17  allegations set forth in the Complaint related to Defendant
18  Lunada Bay Boys and the Individual Members of the Lunada
19  Bay Boys. Plaintiffs believe that Mr. Bark is a Lunada Bay
20  Local and is being listed as a potential percipient witness.
21  Specifically, Plaintiffs believe and anticipate that Mr. Bark will
22  be able to testify to the following: (a) having surfed Lunada
23  Bay since at least 1980, the surfing ability of each named
24  Defendant, (b) as a world known waterman and surfboard and
25  paddleboard maker, the specific dangers related to surfing
26  Lunada Bay, (c) the types of equipment needed to safely surf
27  Lunada Bay during different types of surfing conditions, (d)
28  illegal activities of the Lunada Bay Boys.

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 100 of 120   Page ID
#:6337
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 28 of 87   Page ID
#:1800

34)  Jason Buck, contact information unknown, on the allegations
set forth in the Complaint related to Defendant Lunada Bay
Boys and the Individual Members of the Lunada Bay Boys.
This person has been surfing Lunada Bay for years and is
listed as a possible percipient witness. At this time, Plaintiffs
do not have any specific information regarding this witness.
Plaintiffs believe that Mr. Buck is a Lunada Bay Local and is
being listed as a potential percipient witness.

35)  Tony Pazanowski, contact information unknown. Plaintiffs are
informed and believe that Mr. Pazanowski was a former
resident of the City of Palos Verdes Estates having graduated
PV High School and maintains strong connections to the
community. Several people have reported that this witness
surfs the Bay and has posted comments in social media
supporting Lunada Bay localism. Plaintiffs are listing Mr.
Pazanowski as a potential percipient witness.

36)  Derek Daigneault, contact information unknown, on the
allegations set forth in the Complaint related to Defendant
Lunada Bay Boys and the Individual Members of the Lunada
Bay Boys. Plaintiffs are listing Mr. Daigneault as a potential
percipient witness.

37)  Daniel Dreiling Jr., contact information unknown, on the
allegations set forth in the Complaint related to Defendant
Lunada Bay Boys and the Individual Members of the Lunada
Bay Boys. Plaintiffs are informed and believe that this witness
is the son of the former Chief of Police for Palos Verdes
Estates and because of his father's job was permitted to surf
Lunada Bay. Plaintiffs are informed and believe that Mr.

Case 2:16-cv-02129-SJO-RAO  Document 285-1  Filed 07/24/17  Page 101 of 120  Page ID
#:6338
Case 2:16-cv-02129-SJO-RAO  Document 138-1  Filed 11/09/16  Page 29 of 87  Page ID
#:1801

1     Dreiling built at least one knee board for Defendant Brant

2     Blakeman. Mr. Dreiling is being listed as a potential percipient

3     witness.

4  38)  Danny Ecker, contact information unknown, on the allegations

5     set forth in the Complaint related to Defendant Lunada Bay

6     Boys and the Individual Members of the Lunada Bay Boys.

7     Plaintiffs are informed and believe that this person grew up in

8     Palos Verdes Estates and surfed Lunada Bay for years and is

9     listed as a possible percipient witness. At this time, Plaintiffs

10    do not have any specific information regarding this witness.

11    Plaintiffs believe that Mr. Ecker is being listed as a potential

12    percipient witness.

13  39)  Pat Ecker, contact information unknown, on the allegations

14    set forth in the Complaint related to Defendant Lunada Bay

15    Boys and the Individual Members of the Lunada Bay Boys.

16    This person has been surfing Lunada Bay for years and is

17    listed as a possible percipient witness. At this time, Plaintiffs

18    do not have any specific information regarding this witness.

19    Plaintiffs believe that Mr. Ecker is being listed as a potential

20    percipient witness.

21  40)  Greg Cahill, contact information unknown, on the allegations

22    set forth in the Complaint related to Defendant Lunada Bay

23    Boys and the Individual Members of the Lunada Bay Boys.

24    Plaintiffs were contacted by a witness that stated that Mr.

25    Cahill was one of a group of Bay Boys that approached him

26    on top of the bluff while he was attempting to surf Lunada Bay

27    and threatened him with violence and damage to his car when

28    if he went down the trail. Mr. Cahill is being listed as a

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 102 of 120   Page ID
#:6339
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 30 of 87   Page ID
#:1802

1  percipient witness and possible defendant.

2  41)  Alex Hooks, contact information unknown, on the allegations

3  set forth in the Complaint related to Defendant Lunada Bay

4  Boys and the Individual Members of the Lunada Bay Boys. At

5  this time, Plaintiffs do not have any specific information

6  regarding this witness. Plaintiffs believe that Mr. Hooks may

7  surf the bay and is being listed as a potential percipient

8  witness.

9  42)  Alex Gray, contact information unknown, on the allegations

10  set forth in the Complaint related to Defendant Lunada Bay

11  Boys and the Individual Members of the Lunada Bay Boys.

12  43)  Leonora Beukema, ███████████████, Palos Verdes

13  Estates, CA 90274, on the allegations set forth in the

14  Complaint related to Defendant Lunada Bay Boys and the

15  Individual Members of the Lunada Bay Boys. Plaintiffs are

16  informed and believe that Ms. Beukema is married to

17  Defendant Angelo Ferrara and anticipate that she will testify

18  related to the following: (a) the inner workings of the Lunada

19  Bay Boys and the methods to keep non-locals from the

20  beach; (b) her son, Anthony Beukema's, activities in the

21  Lunada Bay Boys, (c) illegal activities at Lunada Bay, (d)

22  statements she made to the Daily Breeze regarding the

23  January 20, 2014 incident, at a public surfing event at Lunada

24  on Martin Luther King, Jr. Day, where a Lunada Bay Boy that

25  had his face painted in black makeup and wore a black Afro

26  wig left her house to go to the event.  Plaintiffs' list this

27  witness as a percipient witness.

28  44)  Jordan Wright, can be contacted through Plaintiffs' counsel,

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 103 of 120   Page ID
#:6340
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 31 of 87   Page ID
#:1803

1   on the subjects set forth in the Complaint, to which he was a
2   percipient witness. Specifically, Mr. Wright is expected to
3   testify regarding several incidents that he has had with
4   Individual members of the Lunada Bay Boys over the 2 – 3
5   years that he has attempted surf the break, including but not
6   limited to the following: (a) being assaulted on January 29,
7   2016 by David Melo, (b) February 13, 2016 incident with
8   Plaintiff Diana Reed, (c) other incidents when he attempted to
9   surf Lunada Bay.

10   45)   Gavin Heaney, can be contacted through Plaintiffs' counsel,
11   on the allegations set forth in the Complaint related to
12   Defendant Lunada Bay Boys and the Individual Members of
13   the Lunada Bay Boys. It is anticipated that Mr. Heaney will
14   testify that he was denied entrance to Lunada Bay on top of
15   the bluff while attempting to surf there by six or more Bay
16   Boys who threatened him with violence and damage to his
17   property if he went down the trail. Fearing for his safety, he
18   quickly left the area. It is further anticipated this witness will
19   testify that Greg Cahill was one of the people who threatened
20   him.

21   46)   Tyler Canali, can be contacted through Plaintiffs' counsel, on
22   the allegations set forth in the Complaint related to Defendant
23   Lunada Bay Boys and the Individual Members of the Lunada
24   Bay Boys. Canali will testify that he is not from Palos Verdes
25   Estates. It is anticipated that he will testify that was hassled
26   the whole way out by the Lunada Bay Boys. They kept telling
27   him "Don't bother going out, you're not going to get a wave."
28   He will state that the Individual Bay Boys cut him off on every

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 104 of 120   Page ID
#:6341
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 32 of 87   Page ID
#:1804

1        wave. He will further testify that Individual Bay Boys
2        surrounded him in the water in an effort to intimidate him.
3        They were as close as they could be, no one saying a word,
4        just staring him down. Eventually Canali made his way to
5        shore, where more hecklers awaited. They called him a "kook"
6        told him to leave.
7    47)    Jimmy Conn, can be contacted through Plaintiffs' counsel, on
8        the allegations set forth in the Complaint related to Defendant
9        Lunada Bay Boys and the Individual Members of the Lunada
10        Bay Boys. Specifically, it is anticipated that this witness will
11        testify that he started surfing Lunada Bay around 1976 on
12        really big swells. Because most of the locals are not good
13        surfers, they would not be in the water when he surfed but
14        would still threaten, harass and throw rocks at him. On one
15        occasion, he was hit by a rock and needed 17 stiches in his
16        lip. He still has the scar.
17    48)    Daniel Dorn, can be contacted through Plaintiffs' counsel, on
18        the allegations set forth in the Complaint related to Defendant
19        Lunada Bay Boys and the Individual Members of the Lunada
20        Bay Boys. It is anticipated that Mr. Dorn will testify that he is a
21        semiprofessional body boarder from Redondo Beach and that
22        he had never surfed Lunada Bay for fear of violence. He
23        attended one of Taloa's surfing events at Lunada Bay
24        because he felt it would be safe. It is anticipated that he will
25        testify even though the police where present they would not
26        tell him if it was safe. Upon greeting the pack with a hello, he
27        was assailed by profanities and threats. He will testify that a
28        Bay Boy in a kayak told him to leave and threatened him. It is

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 105 of 120   Page ID
#:6342
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 33 of 87   Page ID
#:1805

1   anticipated that Dorn will testify that Individual Bay **Boys**

2   dropped in on him and tried to run him over with their

3   surfboards until he left.

4  49) Derek Ellis, can be contacted through counsel, on the

5   allegations set forth in the Complaint related to Defendant

6   Lunada Bay Boys and the Individual Members of the Lunada

7   Bay Boys.

8  50) Geoff Hagins, can be contacted through Plaintiffs' counsel, on

9   the allegations set forth in the Complaint related to Defendant

10   Lunada Bay Boys and the Individual Members of the Lunada

11   Bay Boys. Geoff Hagins, John Hagin, Mike Bernard, Mike

12   Bernard, Jr, Charlie Rigano and Doug Disanti were accosted

13   by Peter McCollum and several other Bay Boys as reflected in

14   Incident Report 95-0381.

15  51) John Hagins, contact information unknown, on the allegations

16   set forth in the Complaint related to Defendant Lunada Bay

17   Boys and the Individual Members of the Lunada Bay Boys.

18   Geoff Hagins, John Hagin, Mike Bernard, Mike Bernard, Jr,

19   Charlie Rigano and Doug Disanti were accosted by Peter

20   McCollum and several other Bay Boys as reflected in Incident

21   Report 95-0381.

22  52) Mike Bernard, contact information unknown, on the

23   allegations set forth in the Complaint related to Defendant

24   Lunada Bay Boys and the Individual Members of the Lunada

25   Bay Boys. Geoff Hagins, John Hagin, Mike Bernard, Mike

26   Bernard, Jr, Charlie Rigano and Doug Disanti were accosted

27   by Peter McCollum and several other Bay Boys as reflected in

28   Incident Report 95-0381.

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 106 of 120   Page ID
#:6343
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 34 of 87   Page ID
#:1806

| | | |
|---|---|---|
| 1 | 53) | Mike Bernard, Jr. contact information unknown, on the |
| 2 | | allegations set forth in the Complaint related to Defendant |
| 3 | | Lunada Bay Boys and the Individual Members of the Lunada |
| 4 | | Bay Boys. Geoff Hagins, John Hagin, Mike Bernard, Mike |
| 5 | | Bernard, Jr, Charlie Rigano and Doug Disanti were accosted |
| 6 | | by Peter McCollum and several other Bay Boys as reflected in |
| 7 | | Incident Report 95-0381. |
| 8 | 54) | Charlie Rigano, contact information unknown, on the |
| 9 | | allegations set forth in the Complaint related to Defendant |
| 10 | | Lunada Bay Boys and the Individual Members of the Lunada |
| 11 | | Bay Boys. Geoff Hagins, John Hagin, Mike Bernard, Mike |
| 12 | | Bernard, Jr, Charlie Rigano and Doug Disanti were accosted |
| 13 | | by Peter McCollum and several other Bay Boys as reflected in |
| 14 | | Incident Report 95-0381. |
| 15 | 55) | Doug Disanti, contact information unknown, on the allegations |
| 16 | | set forth in the Complaint related to Defendant Lunada Bay |
| 17 | | Boys and the Individual Members of the Lunada Bay Boys. |
| 18 | | Geoff Hagins, John Hagin, Mike Bernard, Mike Bernard, Jr, |
| 19 | | Charlie Rigano and Doug Disanti were accosted by Peter |
| 20 | | McCollum and several other Bay Boys as reflected in Incident |
| 21 | | Report 95-0381. |
| 22 | 56) | Kurt Stanphenhorst, contact information unknown, on the |
| 23 | | allegations set forth in the Complaint related to Defendant |
| 24 | | Lunada Bay Boys and the Individual Members of the Lunada |
| 25 | | Bay Boys. It is anticipated that this witness will testify that Got |
| 26 | | shot at with a pellet gun by an Individual Bay Boy. |
| 27 | 57) | Randy Clark, contact information unknown, on the allegations |
| 28 | | set forth in the Complaint related to Defendant Lunada Bay |

1          Boys and the Individual Members of the Lunada Bay Boys.

2    58)   John Innis, can be contracted throught Plaintiffs' counsel, on

3          the allegations set forth in the Complaint related to Defendant

4          Lunada Bay Boys and the Individual Members of the Lunada

5          Bay Boys. This witness will testify that he was while trying to

6          take photographs. He made a police report but nothing came

7          of it.

8    59)   Trish Laurie, contact information unknown, on the allegations

9          set forth in the Complaint related to Defendant Lunada Bay

10        Boys and the Individual Members of the Lunada Bay Boys. It

11        is anticipated that Ms. Laurie will testify that she was sexually

12        harassed/assaulted at Lunada Bay. It is anticipated that she

13        will say that certain individuals dropped "dropped their towels

14        and jerked off to her." Ms. Laurie is being listed as a possible

15        percipient witness.

16    60)  Ken Claypool, can be contacted through Plaintiffs' counsel, on

17        the allegations set forth in the Complaint related to Defendant

18        Lunada Bay Boys and the Individual Members of the Lunada

19        Bay Boys. This witness will testify about several incidents of

20        harassment at Lunada Bay involving Individuals such as

21        Brant Blakeman and possibly one or more of the Ferraras.

22    61)  Tom Wilson, contact information unknown, on the allegations

23        set forth in the Complaint related to Defendant Lunada Bay

24        Boys and the Individual Members of the Lunada Bay Boys.

25    62)  Martin Tueling, contact information unknown, on the

26        allegations set forth in the Complaint related to Defendant

27        Lunada Bay Boys and the Individual Members of the Lunada

28        Bay Boys.

Case 2:16-cv-02129-SJO-RAO  Document 285-1  Filed 07/24/17  Page 108 of 120  Page ID
#:6345
Case 2:16-cv-02129-SJO-RAO  Document 138-1  Filed 11/09/16  Page 36 of 87  Page ID
#:1808

| | | |
|---|---|---|
| 1 | 63) | Bernie Mann, contact information unknown, on the allegations |
| 2 | | set forth in the Complaint related to Defendant Lunada Bay |
| 3 | | Boys and the Individual Members of the Lunada Bay Boys. |
| 4 | 64) | Dr. Stephen Young, can be contacted through Plaintiffs' |
| 5 | | counsel, on the allegations set forth in the Complaint related |
| 6 | | to Defendant Lunada Bay Boys and the Individual Members |
| 7 | | of the Lunada Bay Boys. It is anticipated that Dr. Stephen |
| 8 | | Young will testify that while attending Medical school he tried |
| 9 | | many times to enjoy the break at Lunada Bay and on every |
| 10 | | occasion I was bullied to leave the area. He will tesify that his |
| 11 | | vehicle was damaged many times which included slashed |
| 12 | | tires, scratches on the painted surfaces and broken windows. |
| 13 | | He will testify that there was a few occasions that he feared |
| 14 | | for my life. He will state that he filed a police report but |
| 15 | | nothing was done. |
| 16 | 65) | Hagan Kelly, contact information unknown, on the allegations |
| 17 | | set forth in the Complaint related to Defendant Lunada Bay |
| 18 | | Boys and the Individual Members of the Lunada Bay Boys. |
| 19 | 66) | Sef Krell, may be contacted through Plaintiffs' counsel, on the |
| 20 | | allegations set forth in the Complaint related to Defendant |
| 21 | | Lunada Bay Boys and the Individual Members of the Lunada |
| 22 | | Bay Boys. Specifically, related to the incident that occurred on |
| 23 | | or around November 15, 2014. |
| 24 | 67) | Alan Haven, can be contacted through Plaintiffs' counsel, on |
| 25 | | the allegations set forth in the Complaint related to Defendant |
| 26 | | Lunada Bay Boys and the Individual Members of the Lunada |
| 27 | | Bay Boys. Mr. Haven is a resident of Palos Verdes Estates |
| 28 | | and will testify regarding the video of an assault that he took |

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 109 of 120   Page ID
#:6346
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 37 of 87   Page ID
#:1809

1           on October 10, 2015.

2    68)    Daniel R. Jongeward, can be contacted through Plaintiffs'

3           counsel, on the allegations set forth in the Complaint related

4           to Defendant Lunada Bay Boys and the Individual Members

5           of the Lunada Bay Boys. Specifically, it is anticipated that Mr.

6           Jongeward will testify that: (a) he is not a resident of Palos

7           Verdes Estates, (b) he was a big surfer but rides longboards

8           and guns, (c) he has attempted to surf Lunada Bay on several

9           occasions. Because of the reputation, he went alone and

10         early in the morning. He has had dirt clogs and rocks thrown

11         at him. He has been physically threatened. People threatened

12         to vandalize his car. Because he believes that the Lunada

13         Bay Boys have the ability to physically harm him and his

14         property he made the decision not to return.

15    69)    Patrick Landon, contact information unknown, on the

16         allegations set forth in the Complaint related to Defendant

17         Lunada Bay Boys and the Individual Members of the Lunada

18         Bay Boys.

19    70)    Frank Netto, can be contacted through Plaintiffs' counsel, on

20         the allegations set forth in the Complaint related to Defendant

21         Lunada Bay Boys and the Individual Members of the Lunada

22         Bay Boys.

23    71)    Randy Miestrell, contact information unknown, on the

24         allegations set forth in the Complaint related to Defendant

25         Lunada Bay Boys and the Individual Members of the Lunada

26         Bay Boys. This witness has been quoted in numerus articles

27         over the years and is listed as a possible percipient witness.

28    72)    Sharlean Perez, can be contacted through Plaintiffs' counsel,

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 110 of 120   Page ID
#:6347
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 38 of 87   Page ID
#:1810

1    on the allegations set forth in the Complaint related to
2    Defendant Lunada Bay Boys and the Individual Members of
3    the Lunada Bay Boys. It is anticipated that this witness will
4    testify that she and her boyfriend tried to hike down the trail to
5    Lunada Bay and people started throwing glass bottles "near"
6    and "around" them.  She and her boyfriend at the time were
7    not from PVE.

8   73)   Charles Michael Pinkerton, can be contacted through
9    Plaintiffs' counsel, on the allegations set forth in the
10    Complaint related to Defendant Lunada Bay Boys and the
11    Individual Members of the Lunada Bay Boys. It is anticipated
12    that Mr. Pinkerton will testify that he is an aerospace engineer
13    with a Masters Degree that he has made several attempts to
14    surf Lunada Bay. He will state that he has been harassed
15    (verbal harassments, threats of violence, to throw things in the
16    water). He has had all four tires flattened, his windows waxed;
17    his backpack thrown in the water while he was out surfing.

18   74)   Mike Purpus, contact information unknown, on the allegations
19    set forth in the Complaint related to Defendant Lunada Bay
20    Boys and the Individual Members of The Lunada Bay Boys.
21    This witness is a former professional surfer who has written
22    articles about localism at Lunada Bay and is listed as a
23    possible percipient witness.

24   75)   Mike Stevens, Los Angeles County District Attorney's Office,
25    Los Angeles, CA 90012, on the
26    allegations set forth in the Complaint related to Defendant
27    Lunada Bay Boys and the Individual Members of the Lunada
28    Bay Boys. Plaintiffs have been informed that Mr. Stevens is

1      an investigator with the Los Angeles District Attorney's Office

2      and that he was hassled by the Bay Boys when attempting to

3      surf Lunada Bay. Neither Plaintiffs nor their attorneys have

4      spoken directly with Mr. Stevens. He is listed as a possible

5      percipient witness.

6    76)  Christopher Taloa, can be contacted through Plaintiffs'

7      counsel, on the allegations set forth in the Complaint related

8      to Defendant Lunada Bay Boys and the Individual Members

9      of the Lunada Bay Boys. Specifically, it is anticipated that Mr.

10     Taloa will testify regarding several incidents.

11   77)  John MacHarg, can be contacted through Plaintiffs' counsel.

12     Plaintiffs anticipate that Mr. MacHard will testify that while

13     visiting Lunada Bay on Feburary 1, 2016 he was standing just

14     under the patio on the rocks and Defendant Sang Lee (local

15     surfer/enforcer) who was standing on top of the patio poured

16     out a portion of the beer he was holding on to his head.  This

17     happened right in front two officers that were standing 6 feet

18     to his right.

19   78)  Tim Tindall, can be contacted through Plaintiffs' counsel, on

20     the allegations set forth in the Complaint related to Defendant

21     Lunada Bay Boys and the Individual Members of the Lunada

22     Bay Boys. It is anticipated that Mr. Tindell will testify about

23     being harassed while attempting to body board Wally's.

24   79)  Rory Carroll, contact information unknown, on the allegations

25     set forth in the Complaint related to Defendant Lunada Bay

26     Boys and the Individual Members of the Lunada Bay Boys.

27     Specifically, Mr. Carroll is expected to testify regarding the

28     contents of the

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 112 of 120   Page ID
#:6349
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 40 of 87   Page ID
#:1812

1    video:https://www.theguardian.com/travel/video/2015/may/18/

2    california-surf-wars-lunada-bay-localism-video

3    80)   Noah Smith, contact information unknown, on the allegations

4          set forth in the Complaint related to Defendant Lunada Bay

5          Boys and the Individual Members of the Lunada Bay Boys.

6          Specifically, Mr. Carroll is expected to testify regarding the

7          contents of the video:

8          https://www.theguardian.com/travel/video/2015/may/18/califor

9          nia-surf-wars-lunada-bay-localism-video

10   81)   Josh Berstein, contact information unknown, on the subject of

11         the declaration submitted to the California Coastal

12         Commission regarding trail access.

13   82)   Karl R. Bingemann, contact information unknown, on the

14         subject of the declaration submitted to the California Coastal

15         Commission regarding trail access.

16   83)   William C. Brand, contact information unknown, on the subject

17         of the declaration submitted to the California Coastal

18         Commission regarding trail access.

19   84)   Kurt Buettgenbach, contact information unknown, on the

20         subject of the declaration submitted to the California Coastal

21         Commission regarding trail access.

22   85)   Sean Criss, contact information unknown, on the subject of

23         the declaration submitted to the California Coastal

24         Commission regarding trail access.

25   86)   Douglas Leach, contact information unknown, on the subject

26         of the declaration submitted to the California Coastal

27         Commission regarding trail access.

28   87)   Ian McDonald, contact information unknown, on the subject of

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 113 of 120   Page ID
#:6350
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 41 of 87   Page ID
#:1813

| 1 | | the declaration submitted to the California Coastal |
| 2 | | Commission regarding trail access. |
| 3 | 88) | John R. McGrath, Jr., contact information unknown, on the |
| 4 | | subject of the declaration submitted to the California Coastal |
| 5 | | Commission regarding trail access. |
| 6 | 89) | Colin McNany, contact information unknown, on the subject of |
| 7 | | the declaration submitted to the California Coastal |
| 8 | | Commission regarding trail access. |
| 9 | 90) | Bruce V. Rorty, contact information unknown, on the subject |
| 10 | | of the declaration submitted to the California Coastal |
| 11 | | Commission regarding trail access. |
| 12 | 91) | Officers R. Castro / C. Simon, presumably can be contacted |
| 13 | | through counsel for the City, on the subject regarding Officer |
| 14 | | Report for Incident 12-11606. |
| 15 | 92) | Officers Helinga / Wulf, presumably can be contacted through |
| 16 | | counsel for the City, on the subject regarding Officer Report |
| 17 | | for Incident 11-10919. |
| 18 | 93) | Officer Shinowsky, presumably can be contacted through |
| 19 | | counsel for the City, on the subject regarding Officer Report |
| 20 | | for Incident 95-0297. |
| 21 | 94) | Officer Belcher, presumably can be contacted through |
| 22 | | counsel for the City, on the subject regarding Officer Report |
| 23 | | for Incidents 95-0281, 95-0381. |
| 24 | 95) | Officers Velez / John C. Eberhard / Denise L. Allen, |
| 25 | | presumably can be contacted counsel for the City, on the |
| 26 | | subject regarding Officer Report(s) for Incidents 95-0418 and |
| 27 | | 97-0042. |
| 28 | 96) | Officers Denice L. Allen / John C. Eberhard / Steven N. |

Case 2:16-cv-02129-SJO-RAO  Document 138-1  Filed 11/09/16  Page 42 of 87  Page ID
#:1814

| 1 | | Barber, presumably can be contacted through counsel for the |
|---|---|---|
| 2 | | City, on the subject regarding Officer Report for Incident 97- |
| 3 | | 0047. |
| 4 | 97) | Officers Richard J. Delmont / Patrick L. Hite, can presumably |
| 5 | | be contacted through counsel for the City, on the subject |
| 6 | | regarding Officer Report for Incident 98-0301. |
| 7 | 98) | Officers Cecilia T. Nguyen / Mark A. Velez / Valerie S. Hite, |
| 8 | | can presumably be contacted through counsel for the City, on |
| 9 | | the subject regarding Officer Report for Incident 99-0042. |
| 10 | 99) | Officers E. Gaunt / C. Reed, presumably can be contacted |
| 11 | | through counsel for the City, on the subject regarding Officer |
| 12 | | Report for Incident 09-00575. |
| 13 | 100) | Officers E. Gaunt / C. Reed, presumably can be contacted |
| 14 | | through counsel for the City, on the subject regarding Officer |
| 15 | | Report for Incident 09-00562. |
| 16 | 101) | Officers B. Hernandez / R. Venegas, presumably can be |
| 17 | | contacted through counsel for the City, on the subject |
| 18 | | regarding Officer Report for Incident 09-00693. |
| 19 | 102) | Officer B. Hernandez, presumably can be contacted through |
| 20 | | counsel for the City, on the subject regarding Officer |
| 21 | | Report for Incident 09-10183. |
| 22 | 103) | Officers L. Tejada / R. Delmont, presumably can be contacted |
| 23 | | through counsel for the City, on the subject regarding Officer |
| 24 | | Report for Incident 09-08872. |
| 25 | 104) | Officers C. Eberhard / S. Tomlins, presumably can be |
| 26 | | contacted through counsel for the City, on the subject |
| 27 | | regarding Officer Report for Incident 10-00265. |
| 28 | 105) | Officers B. Hernandez / C. Reed, presumably can be |

Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 43 of 87   Page ID
#:1815

1        contacted through counsel for the City, on the subject

2        regarding Officer Report for Incident 10-02408.

3   **B.    Documents**

4        In accordance with F.R.C.P. 26(a)(1)(A)(ii), Plaintiffs identify the

5   following categories of documents in their possession, custody or control:

6        Police Reports:

7   1.   Palos Verdes Estates Police Department, Officer Report for

8        Incident 16-01360, dated 1/22/95.

9   2.   Palos Verdes Estates Police Department, Officer Report for

10       Incident 95-0219/0381, dated 3/13/95.

11  3.   Palos Verdes Estates Police Department, Officer Report for

12       Incident 95-0297, dated 4/5/95.

13  4.   Palos Verdes Estates Police Department, Officer Report for

14       Incident 95-0381, dated 4/26/95.

15  5.   Palos Verdes Estates Police Department, Officer Report for

16       Incident 95-0381, dated 3/14/95.

17  6.   Palos Verdes Estates Police Department, Officer Report for

18       Incident 95-0418, dated 5/7/95.

19  7.   Palos Verdes Estates Police Department, Officer Report for

20       Incident 96-1037, dated 12/18/96.

21  8.   Palos Verdes Estates Police Department, Officer Report for

22       Incident 97-0002, dated 1/1/97.

23  9.   Palos Verdes Estates Police Department, Officer Report for

24       Incident 97-0042, dated 1/18/97.

25  10.  Palos Verdes Estates Police Department, Officer Report for

26       Incident 97-0047, dated 1/19/97.

27  11.  Palos Verdes Estates Police Department, Officer Report for

28       Incident 98-0301, dated 5/02/98.

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 116 of 120   Page ID
#:6353
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 44 of 87   Page ID
#:1816

1    12.    Palos Verdes Estates Police Department, Officer Report for
2           Incident 99-0042, dated 1/16/99.
3    13.    Palos Verdes Estates Police Department, Officer Report for
4           Incident 99-0077, dated 1/24/99.
5    14.    Palos Verdes Estates Police Department, Officer Report for
6           Incident 09-00562, dated 1/19/09.
7    15.    Palos Verdes Estates Police Department, Officer Report for
8           Incident 09-00693, dated 1/24/09.
9    16.    Palos Verdes Estates Police Department, Officer Report for
10          Incident 09-08872, dated 10/15/09.
11   17.    Palos Verdes Estates Police Department, Officer Report for
12          Incident 09-10183, dated 11/28/09. – Sang Lee
13   18.    Palos Verdes Estates Police Department, Officer Report for
14          Incident 10-00265, dated 1/10/10.
15   19.    Palos Verdes Estates Police Department, Officer Report for
16          Incident 10-02408, dated 3/23/10.
17   20.    Palos Verdes Estates Police Department, Officer Report for
18          Incident 11-10919, dated 12/25/11.
19   21.    Palos Verdes Estates Police Department, Officer Report for
20          Incident 12-11606, dated 11/03/12.
21   22.    Palos Verdes Estates Police Department, Officer Report for
22          Incident 16-0136, dated 1/29/16.
23   Photos:
24   23.    All photos attached as exhibits to the Complaint.
25   24.    All photos attached as exhibits to the State Action BC629596.
26   25.    Photographs of Lunada Bay taken in August 2015 and provided
27          to Plaintiffs by City of Palos Verdes Estates in response to Public
28          Records Act Request, Bates Nos. 1128-1151, 1267-1300.

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 117 of 120   Page ID
#:6354
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 45 of 87   Page ID
#:1817

Correspondence:

26. Letter undated from Jim Russi to Ed Jaakola.

27. Letter dated January 21, 2016, from Jordan Sanchez of the California Coastal Commission to Jeff Kepley of the Palos Verdes Police Department.

28. Letter dated June 6, 2016, from Mr. Sanchez of the California Coastal Commission to City Manager Anton Dahlerbruch.

29. Letter dated June 7, 2016, from City Manager Dahlerbruch to Mr. Sanchez.

30. July 12, 2016 Sheri Repp-Loadsmann, Deputy City Manager/Planning and Building Director issued a Memorandum to the City's Mayor and City Council.

31. Email chain dated April 4, 2016 between John MacHarg and Mark Velez.

32. Memo dated 12/31/15 from Chief Jeff Kepley' re PVE Surfing Localism in The Media This Week.

33. Memorandum from Anton Dahlerbruch to Honorable Mayor and City Council dated January 22, 2016, Subject City Managers Report for January 18- January 22, 2016.

34. Memorandum from Anton Dahlerbruch to Honorable Mayor and City Council dated January 29, 2016, Subject City Managers Report for January 25- January 29, 2016.

35. Memorandum from Anton Dahlerbruch to Honorable Mayor and City Council dated March 25, 2016, Subject City Managers Report for March 21 - March 25, 2016.

36. Letter dated January 12, 2016 from Resident to Jeff Kepley.

37. Letter to Surfer Magazine from Frank Ferarra entitled "Today's Lesson Don't Be A Kook.

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 118 of 120   Page ID
#:6355
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 46 of 87   Page ID
#:1818

Videos:

38.  Defendant Sang Lee and other Bay Boys caught on video.
     https://www.theguardian.com/travel/video/2015/may/18/california
     -surf-wars-lunada-bay-localism-video

39.  Peter McCollum assaults Jeff Hagins, John Hagins, Vietnam
     combat vet Mike Bernard and his son for surfing the public beach
     telling them, among other things, "you won't come back here
     again boy".
     https://www.youtube.com/watch?v=J1Ms0ktOaZs

40.  Defendant Michael Papayans - blocking access to the public
     beach: https://vimeo.com/88394493

41.  MLK harassment - https://vimeo.com/85025465

42.  Video of David Melo harassing Diana Milena Reed and Jordan
     Wright and attempting to block their access to public beach
     taken on 1/29/16.

43.  Video of Hank Harper attempting to intimidate Diana Milena
     Reed and her attorney while being interviewed by the media.

44.  The Swell Life, (2001), interview of former Chief of Police Tim
     Browne.

45.  Video taken by Alan Haven on 10-10-16 of six males on the cliffs
     edge that overlooks Lunada Bay.

**C.   Damages**

A Computation of Damages Claimed by Plaintiff Under Fed. R. Civ. P.
26(a)(1)(A)(iii)

This case is primarily about broad, class-wide injunctive and
declaratory relief necessary to redress group-wide injury to visiting
beachgoers whom Defendants are denying access to Lunada Bay, whereby
a single injunction or declaratory judgment will provide relief to each member

Case 2:16-cv-02129-SJO-RAO Document 285-1 Filed 07/24/17 Page 119 of 120 Page ID
#:6356
Case 2:16-cv-02129-SJO-RAO Document 138-1 Filed 11/09/16 Page 47 of 87 Page ID
#:1819

1 | of the class. In addition to equitable relief, on behalf of themselves and the

2 | putative class, Plaintiffs Cory Spencer and Diana Milena Read seek uniform

3 | and formulaic damages that are incidental to the requested equitable relief.

4 | This includes damages under Civil Code section 52 and 52.1(b). Plaintiffs do

5 | not have sufficient information at this time to provide an accurate estimate of

6 | the incidental damages, however, such amount is to be determined at trial.

7 | Plaintiffs also seek attorneys' fees, costs, and interest pursuant to Cal.

8 | Civ. Code §§ 52.1 and 1021.5, 42 U.S.C. § 1983, and any other statute or

9 | rule of law authorizing such an award.

10 | At this early stage of discovery, however, Plaintiffs are unable to

11 | provide a full computation of damages they will be seeking.

12 | **D.    Insurance**

13 | Not applicable.

14 | **E.    Certification**

15 | To the best of my knowledge, information, and belief, formed after an

16 | inquiry that is reasonable under the circumstances, this disclosure is

17 | complete and correct as of the time it is made.

18 |

19 | DATED: October 2, 2016          HANSON BRIDGETT LLP

20 |

21 |                    By:*/s/ Kurt A. Franklin*
                       KURT A. FRANKLIN
22 |                    SAMANTHA D. WOLFF
                       CAROLINE ELIZABETH LEE
23 |                    TYSON M. SHOWER
                       LANDON D. BAILEY
24 |                    Attorneys for Plaintiffs
                       CORY SPENCER, DIANA MILENA
25 |                    REED, and COASTAL PROTECTION
                       RANGERS, INC.
26 |

27 |

28 |

12644064.1

Case 2:16-cv-02129-SJO-RAO   Document 285-1   Filed 07/24/17   Page 120 of 120   Page ID
#:6357
Case 2:16-cv-02129-SJO-RAO   Document 138-1   Filed 11/09/16   Page 48 of 87   Page ID
#:1820

1                                        OTTEN LAW, PC

2    DATED:  October 2, 2016

3

4
                                  By: /s/Victor Otten
5                                     VICTOR OTTEN
                                      KAVITA TEKCHANDANI
6                                     Attorneys for Plaintiffs
                                      CORY SPENCER, DIANA MILENA
7                                     REED, and COASTAL PROTECTION
                                      RANGERS, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28