1   Alison K. Hurley, State Bar No. 234042
    ahurley@bremerwhyte.com
2   Tiffany L. Bacon, State Bar No. 292426
    tbacon@bremerwhyte.com
3   BREMER WHYTE BROWN & O'MEARA LLP
    20320 S.W. Birch Street
4   Second Floor
    Newport Beach, California 92660
5   Telephone:  (949) 221-1000
    Facsimile:  (949) 221-1001
6
    Attorneys for Defendants,
7   FRANK FERRARA and CHARLIE FERRARA

8           **UNITED STATES DISTRICT COURT**

9   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

| | |
|---|---|
| 11  CORY SPENCER, an individual; DIANA MILENA REED, an individual; and | Case No. 2:16-cv-2129 |
| 12  COASTAL PROTECTION RANGERS, INC., a California non-profit public | Judge:   Hon. S. James Otero<br>Dept:    Courtroom 10C |
| 13  benefit corporation, | |
| 14          Plaintiff, | Magistrate Judge:<br>Hon. Rozella A. Oliver |
| 15  vs. | |
| 16  LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CHARLIE FERRARA'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT** |
| 17  LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT | |
| 18  BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE | |
| 19  PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE | *[Filed concurrently with Notice of Motion; Request for Judicial Notice of* |
| 20  FERRARA; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF | *Adjudicative Facts; Declaration of Tiffany Bacon; Notices of Lodging;* |
| 21  KEPLEY, in his representative capacity; and DOES 1-10, | *proposed Statement of Uncontroverted Facts and Conclusions of Law and* |
| 22          Defendants. | *[Proposed] Judgment lodged herewith]* |
| 23 | |
| 24 | Date: August 21, 2017<br>Time: 10:00 a.m.<br>Dept: Courtroom 10C |
| 25 | |
| 26 | Complaint Filed:   March 29, 2016<br>Trial Date:        November 7, 2017 |
| 27 | |
| 28 | |

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

# **TABLE OF CONTENTS**

**Page**

1. INTRODUCTION ...................................................................................2

2. STATEMENT OF FACTS ......................................................................4

   2.1   Factual Background..............................................................................4

      *2.1.1*  *Background Facts Relating to the Ferrara Defendants* ...................................................................4

      *2.1.2*  *Facts Specific to Plaintiff Spencer* ......................5

      *2.1.3*  *Facts Specific to Plaintiff Reed*............................5

      *2.1.4*  *Facts Specific to Plaintiff CPR* ...........................7

      *2.1.5*  *Discovery Demonstrates an Utter Dearth of Evidence Supporting Plaintiffs Claims Against Charlie Ferrara* ..............................................7

   2.2   Procedural Background........................................................................9

3. LEGAL ARGUMENT ...........................................................................10

   3.1   This Court Has Authority to Grant Charlie Ferrara's Motion for Summary Judgment ...........................................................10

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 256-57 (1986) ............................... 11

Ashcroft v. King, 228 Cal.App.3d 604, 611 (1991) ..................................................... 16

Cabesuela v. Browning-Ferris Indus., 68 Cal.App.4th 101, 111 (1998)................. 12

Dayton Hudson Corp. v. Macerich Real Estate Co., 812 F.2d 1319, 1323 (10th Cir. 1987) .......................................................................... 11

Flying Diamond Corp. v. Pennaluna & Co., 586 F.2d 707, 713 (9th Cir. 1978)....................................................................................................... 16

Gifford v. Travelers Protective Ass'n, 153 F.2d 209, 211 (9th Cir. 1946.).............................................................................................................. 11

Helix Land Co., Inc. v. City of San Diego, 82 Cal.App.3d 932 (1978) .................. 14

Jones v. Kmart Corp., 17 Cal.4th 329, 334 (Cal. 1998) ............................................ 12

Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (Cal. 1996)............................ 16

Lowry v. Standard Oil Co., 63 Cal.App.2d 1, 6-7 (1944) ......................................... 15

Sebastian Int'l, Inc. v. Russolillo, 162 F.Supp.2d 1198, 1207 (C.D. Cal 2001).............................................................................................................. 13

Shatford v. L.S. Cnty. Sheriff's Dep't, No. CV 15-1767 BRO (AJW).................. 16

Tomblinson v. Nobile, 103 Cal.App.2d 266 (1951).................................................... 15

United States v. Fernandez, 388 F.3d 1199, 1225 (9th Cir. 2004)........................... 13

**Statutes**

CACI 3025 .......................................................................................................................... 12

California Civil Code section 52.1 ............................................................................... 12

California Civil Code section 52.1(j)....................................................................... 12, 13

California Civil Code section 3479 ............................................................................ 14, 15

California Civil Code section 3480 ............................................................................ 14, 15

California Civil Code section 3493 ............................................................................... 14

Federal Rules of Civil Procedure, Rule 56 ................................................................ 10

ii

1    Defendant CHARLIE FERRARA ("Defendant" or "Charlie Ferrara") hereby

2  submits his Memorandum of Points and Authorities in support of his Motion for

3  Summary Judgment on all of Plaintiffs', CORY SPENCER ("Plaintiff Spencer"),

4  DIANA MILENA REED ("Plaintiff Reed") and COASTAL PROTECTION

5  RANGERS, INC. ("Plaintiff CPR") (collectively, "Plaintiffs"), causes of action

6  asserted against him in this action, including: (1) Bane Act; (2) Public Nuisance; (3)

7  Assault; (4) Battery; and (5) Negligence[1] or, alternatively, partial summary judgment

8  on Plaintiffs' causes of action for Bane Act, Public Nuisance, Assault and Battery

9  only.

10    **MEMORANDUM OF POINTS AND AUTHORITIES**

11  **1.    INTRODUCTION**

12    This lawsuit stems from allegations of various intentional and negligent bad

13  acts by a purported "surf gang," referred to by Plaintiffs as the "Lunada Bay Boys."

14  Plaintiffs', CORY SPENCER ("Plaintiff Spencer"), DIANA MILENA REED

15  ("Plaintiff Reed") and COASTAL PROTECTION RANGERS, INC. ("Plaintiff

16  CPR") (collectively, "Plaintiffs") assert that the defendants in this action, including

17  defendant and moving party CHARLIE FERRARA ("Defendant" or "Charlie

18  Ferrara"), qualify as members of this so-called "gang," and that Charlie Ferrara

19  himself has violated the Bane Act, caused a public nuisance and committed acts of

20  assault, battery and negligence.  The evidence reveals a complete dearth of any facts

21  demonstrating that Charlie Ferrara engaged in even *one single act or omission*

22  capable of supporting any of Plaintiffs' claims.  As a result, there is no genuine

23  dispute of material fact that Plaintiffs' claims against Charlie Ferrara are groundless.

24

25

26  _____

27  [1] On or about July 22, 2016, the Court declined to exercise supplemental jurisdiction over Plaintiffs' Fifth Cause of Action for Violation of California Coastal Act.

28

1   As a result, judgment must be entered in favor of Charlie Ferrara on Plaintiffs'

2   Complaint as a matter of law.[2]

3          Plaintiffs can proffer no admissible evidence that Charlie Ferrara was involved

4   in any action and/or inaction undertaken by the purported "surf gang," or any other

5   act or omission capable of supporting judgment in favor of any Plaintiff.  After this

6   Court's resounding rejection of Plaintiffs' purported Class Action claims, Plaintiffs

7   much each prove all of their claims against Charlie Ferrara to prevail.  Plaintiffs have

8   throughout this case clung to the misguided belief that Plaintiff Reed captured an

9   audio recording of Charlie Ferrara making distasteful statements potentially capable

10  of supporting their Claims.  Not only has Charlie Ferrara consistently asserted the

11  voice on the recording was not his, indeed the person whose voice *was* captured by

12  Plaintiff Reed admits he, and not Charlie Ferrara, made such statements.  The

13  debunked recording was the last thread of evidence connecting Plaintiffs' claimed

14  damages to Charlie Ferrara.  With the indisputable severance of that thread, all of the

15  claims against Charlie Ferrara are devoid of any factual support.

16         Plaintiffs' other purported "facts" establishing Charlie Ferrara as part of the

17  "surf gang" engaged in harassing activity fail to establish a causal connection

18  between Charlie Ferrara and Plaintiffs' claimed harm.  Surfing at Lunada Bay on a

19  regular basis during the surf season does not equate to liability, or even knowledge of

20  the tortious behavior of others that serves as the basis of Plaintiffs' claims.  Given the

21  lack of any admissible evidence connecting Charlie Ferrara's actions to Plaintiffs'

22  claimed harm, there is no genuine dispute of material fact as to Plaintiffs' claims

23  against him, and Charlie Ferrara is entitled to judgment in his favor as a matter of

24  law on all of Plaintiffs' claims as a matter of law.

25

26  _____

27  [2] If the Court is not inclined to grant summary judgment on all of Plaintiffs' causes of action against Charlie Ferrara; the moving party alternatively requests partial summary judgment on Plaintiffs' claims for Bane Act, Public Nuisance, Assault and Battery only.

28

1    For all of the reasons set forth herein and the evidence submitted in support of

2    this Motion, the uncontroverted facts demonstrate that all of Plaintiffs' claims against

3    Charlie Ferrara lack merit, and Charlie Ferrara is entitled to judgment in his favor as

4    a matter of law.

5    ## 2.    STATEMENT OF FACTS

6    ### 2.1    Factual Background

7    Plaintiffs assert causes of action against Charlie Ferrara including the

8    following: (1) Bane Act; (2) Public Nuisance; (3) Assault; (4) Battery; and (5)

9    Negligence.  None of these claims are supported by the evidence in this case.

10   Charlie Ferrara was in the presence of Plaintiff Reed on only two occasions prior to

11   the filing of this action.  The first was on February 13, 2016; however, at that time he

12   was not involved in the interactions she had with other individuals on that day, he

13   was merely sitting nearby preparing to go out surfing.  (Statement of Uncontroverted

14   Facts and Conclusions of Law ("SUF") ¶ 3, 9, 12-13.)  The second interaction

15   occurred a few months later, when Charlie Ferrara observed Plaintiff Reed sitting at

16   the patio at Lunada Bay but did not engage in any conversation or other interaction

17   with her.  (SUF ¶ 3.)  Charlie Ferrara has never met or interacted with Plaintiff

18   Spencer.  (SUF ¶ 4.)  Plaintiffs cannot demonstrate a genuine dispute as to any

19   material fact supporting any of their Clams against Charlie Ferrara because this case

20   is devoid of any evidence that Charlie Ferrara participated in any activity capable of

21   supporting Plaintiffs' claims.

22   #### 2.1.1  Background Facts Relating to the Ferrara Defendants

23   There are four members of the Ferrara family being sued in this action.

24   Charlie Ferrara, the moving party, is the son of Defendant Frank Ferrara.  (SUF ¶ 1.)

25   Charlie Ferrara is also the nephew to Defendant Angelo Ferrara and the cousin to

26   Defendant N.F.  (SUF ¶ 2.)  Defendant Angelo Ferrara is also the father to non-party

27   Leo Ferrara, whose spoke the words Plaintiff Reed recorded and mistakenly believed

28   was Charlie Ferrara (SUF ¶ 2).

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

4

### 2.1.2  Facts Specific to Plaintiff Spencer

Plaintiff Spencer was deposed on October 11, 2016.  Prior to January of 2016, Plaintiff Spencer never surfed at Lunada Bay.  (SUF ¶ 5.)  Plaintiff Spencer has never had any interactions with Charlie Ferrara, and he did not testify about any actions attributable to Charlie Ferrara.  (SUF ¶¶ 4-6; Request for Judicial Notice of Adjudicative Facts ("RJN"), Ex. H.)  When asked about Defendant Angelo Ferrara (Charlie Ferrara's uncle), Plaintiff Spencer admitted he had no specific knowledge of Charlie Ferrara's actions relative to the allegations in this case, testifying under oath "…I can't identify to you a . . . Ferrara from the next Ferrara . . . ."  (SUF ¶ 6.) Plaintiff Spencer thus admits his knowledge of supposed actions by the Ferrara family members is based on gossip, nothing but speculation and conjecture.  Put simply, Plaintiff Spencer can proffer no evidence capable of supporting his claims against Charlie Ferrara and, despite making inflammatory allegations of violent and harassing acts against him, Spencer could not even identify Charlie Ferrara if he saw him.  (SUF ¶¶ 4-6.)

### 2.1.3  Facts Specific to Plaintiff Reed

Plaintiff Reed was deposed on October 24, 2016.  Just as Plaintiff Spencer, Plaintiff Reed never surfed at Lunada Bay prior to January of 2016.  (SUF ¶ 7.)

On February 13, 2016, Plaintiff Reed visited the patio at Lunada Bay.  (SUF ¶ 8.)  Charlie Ferrara was by the corner of the patio that day, in the morning, getting ready to go surfing.  (SUF ¶ 9.)  Charlie Ferrara observed a person he later learned was Plaintiff Reed, a second woman, Defendant Brant Blakeman and Defendant Alan Johnston on the patio that morning.  (SUF ¶ 10.)  Charlie Ferrara did not participate in the interaction that took place between Reed, Blakeman, Johnston and the other person and did not hear the words that were exchanged among the group. (SUF ¶ 11.)  When Charlie Ferrara returned to the beach from surfing, two police officers were present.  (SUF ¶ 12.)

1    Plaintiff Reed was apparently operating under the mistaken belief when she

2   filed her lawsuit that she had recorded Charlie Ferrara making distasteful comments

3   to her, potentially supportive of her claim.  However, indisputable facts demonstrate

4   that the man speaking in the recording was not Charlie Ferrara, but rather was

5   Charlie Ferrara's cousin, Leo Ferrara.  (SUF ¶ 15.)  Not only has Leo Ferrara signed

6   a declaration admitting to this fact, but his brother Defendant N.F. also identified Leo

7   Ferrara's voice in the recording previously alleged to be Charlie's.  (SUF ¶ 16.)

8   Moreover, the speaker in the subject recording advised Plaintiff Reed that he lived on

9   the Palos Verdes peninsula and that his father worked on cars.  (SUF ¶ 17.)

10   Defendant Angelo Ferrara, Leo Ferrara's father, lived in Palos Verdes Estates at the

11   time of the recording while Charlie Ferrara's father (Defendant Frank Ferrara), lived

12   in Wildomar at the time the recording was made.  (SUF ¶¶ 18- 19.)  Charlie Ferrara

13   lives in San Pedro, and previously lived with his parents in Wildomar – not on the

14   Palos Verdes peninsula.  (SUF ¶ 20.)  It is undisputed that Defendant Frank Ferrara

15   does not work on cars, rather he is in car sales, while Defendant Angelo Ferrara owns

16   an auto paint and body shop.  (SUF ¶ 21-22.)  The indisputable evidence establishes

17   that Charlie Ferrara was not the person who had a conversation with Plaintiff Reed in

18   2016, and therefore none of the statements by the speaker in that recording can be

19   attributed to Charlie Ferrara.

20    There is no evidence that Charlie Ferrara was actively or passively involved in

21   any bad acts nebulously asserted against the Defendants in this case.  Undisputable

22   facts demonstrate Charlie Ferrara was not party to the interaction between Plaintiff

23   Reed, Blakeman and Johnston on February 13, 2016 on the patio at Lunada Bay.

24   (SUF ¶¶ 9-13.)  No evidence connects Charlie Ferrara to any bad acts (or any

25   interaction whatsoever with Plaintiff) on that date.  (SUF ¶¶ 8-13.)  In sum, Charlie

26   Ferrara has demonstrated a complete lack of factual support for any of Plaintiff

27   Reed's Claims against him.

28   ///

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

6

### 2.1.4  Facts Specific to Plaintiff CPR

Plaintiff CPR makes no specific allegations against Charlie Ferrara nor has discovery revealed any facts to support any of CPR's claims against Charlie Ferrara. Plaintiff CPR does not have standing, as an entity, to assert the majority of the claims being made against Charlie Ferrara in this action.  Moreover, the President of Plaintiff CPR submitted a declaration in support of Plaintiffs' denied Motion for Class Certification; however, the declaration did not assert any harm suffered by declarant, Mark Slatten, or any harm suffered by the entity, CPR.  (RJN, Ex. K.) More specifically, the declarant made no mention of Charlie Ferrara as a person responsible for its alleged damages due to the fact that Plaintiff CPR can proffer no evidence capable of demonstrating that Charlie Ferrara was ever involved in any wrongful actions at Lunada Bay.

### 2.1.5  Discovery Demonstrates an Utter Dearth of Evidence Supporting Plaintiffs Claims Against Charlie Ferrara

Plaintiffs' supplemental disclosures purport to identify two witnesses as having information pertaining to their claims against members of the Ferrara family, but the disclosures are vague to the point of meaninglessness, and fail even to identify to which member of the Ferrara family the disclosures refer.  (RJN, Ex. E at10:7-10:20 and 19:16-19:21.)  As mentioned above, apart from Charlie Ferrara, there are three other members of the Ferrara family by Plaintiffs named as defendants in this action.  Ken Claypool and Jim Russi were identified as having information relating to "one or more of the Ferraras."   However, in discovery, neither of these witnesses ended up testifying to any facts supporting Plaintiffs' claims against Charlie Ferrara in this action.

Ken Claypool was deposed on June 13, 2017 and could not identify Charlie Ferrara, stating he would "have to see pictures and determine actually who's who" among the Defendants in this case.  (SUF ¶ 23.)  Later in his deposition, Mr. Claypool misidentified Charlie Ferrara as having dark hair, when in fact Charlie

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

7

1  Ferrara has (and has always had) blonde hair. (SUF ¶ 24.) Ken Claypool did not

2  testify to ever seeing Charlie Ferrara threaten or intimidate anyone at Lunada Bay,

3  engage in any wrongful behavior at Lunada Bay, or become involved in any

4  altercation with anyone at Lunada Bay. (SUF ¶ 25.) Mr. Claypool never had any

5  conversations with Plaintiff Reed or Plaintiff Spencer about any actions of Charlie

6  Ferrara relating to the claims in this case. (SUF ¶ 26.) Mr. Claypool's purported

7  knowledge of Charlie Ferrara comes not from any personal experiences with him, but

8  rather from Facebook posts and gossip --in sum, nothing but speculation and

9  conjecture. (SUF ¶ 27.) Mr. Claypool testified he only *heard secondhand* Charlie

10  Ferrara was one of the individuals that harassed Plaintiff Reed, not that he had any

11  personal knowledge of relevant facts. (SUF ¶¶ 28.) Mr. Claypool's testimony is not

12  admissible evidence capable of supporting Plaintiffs' claims against Charlie Ferrara.

13      Plaintiffs also identified Jim Russi in their supplemental disclosures as a

14  witness with information relating to their claims against "one or more of the

15  Ferraras." However, Jim Russi confessed he has no knowledge of Charlie Ferrara

16  participating in any wrongful conduct at or near Lunada Bay or Charlie Ferrara being

17  involved in any illegal activity at or near Lunada Bay. (SUF ¶ 29.) Thus, Mr.

18  Russi's testimony too is devoid of admissible evidence supporting Plaintiffs' claims

19  against Charlie Ferrara.

20      Further still, Plaintiffs can proffer no admissible evidence demonstrating a

21  causal connection between any act or omission of Charlie Ferrara and their claimed

22  damages in this case. Plaintiff Spencer and Plaintiff Reed were served with

23  Interrogatories, Requests for Admission and Requests for Production of Documents

24  on behalf of Charlie Ferrara. Despite Charlie Ferrara's requests that Plaintiffs

25  identify all facts, witnesses and documents in support of Plaintiffs' claims against

26  Charlie Ferrara, no admissible evidence of the same was produced. (SUF ¶ 30.) The

27  single piece of evidence Plaintiffs ever had even tangentially supporting their claims

28  against Charlie Ferrara was the 13-minute recording of Plaintiff Reed speaking with

1  Leo Ferrara, now indisputably proven not to depict the voice of Charlie Ferrara.

2  (SUF ¶¶ 30; 14-22.)  Plaintiffs' discovery responses provide no other specific facts in

3  any way supporting any claim against Charlie Ferrara.  (SUF ¶ 30, Ex. W.)

4         Lastly, while Plaintiffs speculate (without any factual support) that

5  communications between Defendant Sang Lee and Charlie Ferrara *may* be supportive

6  of their claims against Charlie Ferrara, the production of the entirety of Sang Lee's

7  phone records demonstrates no communications supportive of Plaintiffs' claims

8  actually exist.  Further, Defendant Sang Lee testified that Charlie Ferrara never had

9  any communications with him about the Plaintiffs or about preventing anyone from

10  visiting or surfing at Lunada Bay.  (SUF ¶ 34.)  Charlie Ferrara admits that he has

11  communicated with Defendant Sang Lee on several occasions, but that those

12  communications were unrelated to the claims alleged in this case.  (SUF ¶ 35.)

13  Plaintiffs have no evidence to the contrary.  Defendant Sang Lee has never witnessed

14  Charlie Ferrara attempting to prevent persons from visiting or surfing Lunada Bay.

15  (SUF ¶ 36.)

16     **2.2**   **Procedural Background**

17         On March 29, 2016, Plaintiffs filed a Class Action Complaint against the

18  following defendants: Lunada Bay Boys; the Individual Members of the Lunada Bay

19  Boys, including but not limited to Sang Lee, Brant Blakeman, Alan Johnston aka

20  Jalian Johnston, Michael Rae Papayans, Angelo Ferrara, Frank Ferrara, Charlie

21  Ferrara and N.F.; City of Palos Verdes Estates; Chief of Police Jeff Kepley, in his

22  representative capacity; and DOES 1-10.  (RJN, Ex. A.)  Plaintiffs asserted causes of

23  action against Charlie Ferrara including the following: (1) Bane Act; (2) Public

24  Nuisance; (3) Violation of California Coastal Act; (4) Assault; (5) Battery; and (6)

25  Negligence.  Charlie Ferrara filed his Answer to Plaintiffs' Complaint on September

26  2, 2016.  (RJN, Ex. B.)

27         Prior to Charlie Ferrara's appearance in this matter, on June 3, 2016,

28  Defendants, City of Palos Verdes Estates and Chief of Police Jeff Kepley, filed a

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

9

motion to dismiss Plaintiffs' Complaint.  On July 11, 2017, the Court dismissed Plaintiffs' third cause of action for violation of the California Coastal Act.  (RJN, Ex. C at 10-13.)  On August 29, 2016, the Court held a Scheduling Conference, wherein the parties stipulated that the Court's order of July 11, 2017 shall apply to all defendants.  (RJN, Ex. D at 1.)

Plaintiffs filed their Motion for Class Certification on December 29, 2016. The Court denied Plaintiffs' Motion on February 21, 2017.  (RJN, Ex. F.) Plaintiffs filed a Petition for Permission to Appeal this Court's order denying Plaintiffs' Motion for Class Action Certification, which Petition was denied by the United States Court of Appeals for the Ninth Circuit on May 18, 2017.  (RJN, Ex. G.) Based on the foregoing, the only claims remaining to be adjudicated in favor of Charlie Ferrara in this action are those specifically impacting the individual Plaintiffs.  Thus, the claims alleged against Charlie Ferrara and subject of this motion are: (1) Bane Act; (2) Public Nuisance; (3) Assault; (4) Battery; and (5) Negligence.

Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel which took place on July 12, 2017.  (Declaration of Tiffany Bacon, ¶ 3.)

Charlie Ferrara now herein submits his Motion for Summary Judgment on the aforementioned claims, and he is entitled to summary judgment in his favor.

## 3.   LEGAL ARGUMENT

### 3.1   This Court Has Authority to Grant Charlie Ferrara's Motion for Summary Judgment

The right to move for summary judgment is established by *Federal Rules of Civil Procedure*, Rule 56.  "A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  (Fed. R. Civ. P. 56(a).)

"Summary judgment is a marvelous instrument in expediting the administration of justice.  It is the means by which causes or defenses with no real merit are weeded out without the hazard of a decision on an

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

1     artificial situation described by artful pleadings, or without the cost in
2     precious judicial time of a long protracted trial which ends with a
      determination that, on the facts viewed most favorably to the party, the
3     claim or defense is not good as a matter of law." (Bros v. Grace Mfg.
      Co., 261 F.2d 428, 432 (5th Cir. 1958).)

4     "Where a defendant thinks that he is entitled to a judgment either on pleadings or on

5     basis of extrinsic facts established by affidavits, depositions, or stipulations, he may

6     at any time move with or without supporting affidavits for a summary judgment in

7     his favor under the Rules." (Gifford v. Travelers Protective Ass'n, 153 F.2d 209,

8     211 (9th Cir. 1946.) "The moving party need not disprove plaintiff's claim; it need

9     only establish that the factual allegations have no legal significance." (Dayton

10    Hudson Corp. v. Macerich Real Estate Co., 812 F.2d 1319, 1323 (10th Cir. 1987).)

11         Furthermore, "a party opposing a properly supported motion for summary

12    judgment may not rest upon mere allegation or denials of his pleading, but must set

13    forth specific facts showing that there is a genuine issue for trial . . . [T]he plaintiff

14    must present affirmative evidence in order to defeat" a motion for summary

15    judgment. (Anderson v. Liberty Lobby, Inc., 477 U.S. 242 256-57 (1986).)

16         Charlie Ferrara's motion is made under the aforementioned statutory authority

17    and case law.  As is demonstrated by this motion, all of Plaintiffs' claims against

18    Charlie Ferrara are without merit.  Plaintiffs have no admissible evidence whatsoever

19    to support their causes of action for (1) Bane Act, (2) Public Nuisance, (3) Assault,

20    (4) Battery, or (5) Negligence against Charlie Ferrara.  For this reason, Charlie

21    Ferrara is entitled to summary judgment in his favor on all of Plaintiffs' claims

22    asserted against him in this action.[3]

23    ///

24    ///

25

26    _____
      [3] If the Court is not inclined to grant summary judgment on all of Plaintiffs' causes of action
27    against Charlie Ferrara; the moving party alternatively requests partial summary judgment on
      Plaintiffs' claims for Bane Act, Public Nuisance, Assault and Battery only.
28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

11

**3.2     Charlie Ferrara Is Entitled to Judgment In His Favor On Plaintiffs'
Claims for Bane Act, Public Nuisance, Assault and Battery Because
Plaintiffs' Can Proffer No Admissible Evidence To Support These
Claims**

### 3.2.1  Bane Act

In order demonstrate Charlie Ferrara is liable to Plaintiffs under the Bane Act,

Plaintiffs must prove that (1) Charlie Ferrara interfered with [or attempted to

interfere with] Plaintiffs' constitutional rights or statutory right by threatening or

committing violent acts and that (2) Plaintiffs reasonably believed that if [they]

exercised [their] [constitutional or statutory] rights Charlie Ferrara would commit

violence against [them] or [their] property.  (CACI 3025; Cal. Civ. Code § 52.1.)

"Section 52.1 *does require an attempted or completed act of interference* with a

legal right, accompanied by a form of coercion."  (Jones v. Kmart Corp., 17 Cal.4th

329, 334 (Cal. 1998) [emphasis added].)  Further, "it is clear that to state a cause of

action under section 52.1 there must first be violence or intimidation by threat of

violence."  (Cabesuela v. Browning-Ferris Indus., 68 Cal.App.4th 101, 111 (1998).)

The record is devoid of any evidence demonstrating that Charlie Ferrara committed

any act of violence, intimidation or interference capable of supporting Plaintiffs'

Bane Act claims.

The Bane Act claim also alleges conspiracy among the defendants.  However,

even assuming, *arguendo*, this Court determines a disputed issue of fact as to the

statements of Charlie Ferrara, Civil Code section 52.1(j) provides,

> "[s]peech alone is not sufficient to support an action brought pursuant to
> subdivision (a) or (b), except upon a showing that the speech itself
> threatens violence against a specific person or group of persons; and the
> person or group of persons against whom the threat is directed
> reasonably fears that, because of the speech, violence will be committed
> against them or their property and that the persona threatening violence
> had the apparent ability to carry out the threat."

Further, "[u]nder California law, '[a] conspiracy is an agreement entered into

between two or more person with the specific intent to agree to commit' a specified

crime, 'with the further specific intent to commit that crime…, followed by an overt

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1   act committed in this state by one (or more) of the parties for the purposes of

2   accomplishing the object of the agreement." (United States v. Fernandez, 388 F.3d

3   1199, 1225 (9th Cir. 2004).) "Knowledge alone of tortious conduct is insufficient to

4   prove a conspiracy agreement. Actual knowledge of the planned tort, without more,

5   is insufficient to serve as the basis for a conspiracy claim. Knowledge of the planned

6   tort must be combined with intent to aid in its commission." (Sebastian Int'l, Inc. v.

7   Russolillo, 162 F.Supp.2d 1198, 1207 (C.D. Cal 2001).)

8           As is demonstrated by the indisputable evidence, Plaintiffs have no admissible

9   evidence demonstrating either has ever even had a conversation with Charlie Ferrara,

10  to say nothing of being intimidated by Charlie Ferrara. (SUF ¶¶ 3-34) Nor is there

11  any admissible evidence demonstrating that Charlie Ferrara ever attempted to

12  interfere with or actually interfered with any of Plaintiffs' constitutional or statutory

13  rights. (SUF ¶¶ 3-30; 34) Charlie Ferrara has proven with admissible evidence the

14  absence of any factual support for Plaintiffs' Bane Act claims. Thus the burden

15  shifts to Plaintiffs to demonstrate that any communications exchanged or expressed

16  by Charlie Ferrara led them to reasonably fear that violence would be committed

17  against them, or that Charlie Ferrara entered into an agreement with the co-

18  defendants with the specific intent of committing a crime against any of the Plaintiffs

19  followed by an overt act. (Civ. Code § 52.1(j).) Plaintiffs cannot carry this burden,

20  and Charlie Ferrara is therefore entitled to Judgment as a matter of law. (SUF ¶¶ 3-

21  34.) While Plaintiffs will argue a disputed issue of fact *may* exist because they have

22  yet to review certain, irrelevant text messages between the defendants, their

23  argument is based on pure speculation. Charlie Ferrara has denied communicating

24  with any other Defendant regarding the subject matter of this case. (SUF ¶ 33.) No

25  Defendant has testified that he communicated with Charlie Ferrara on the subject

26  matter of this case. With no evidence to demonstrate that Charlie Ferrara ever

27  interfered with Plaintiffs' rights or threatened violence against Plaintiffs, Charlie

28

1   Ferrara is entitled to Judgment as a matter of law on Plaintiffs' cause of action for

2   Bane Act, including the purported conspiracy allegations.

3               *3.2.2  Public Nuisance*

4       Plaintiffs assert a claim for Public Nuisance against Charlie Ferrara pursuant

5   to California Civil Code sections 3479 and 3480.  Section 3479 provides:

6       "Anything which is injurious to health, including, but not limited to, the
        illegal sale of controlled substances, or is indecent or offensive to the
7       senses, or an obstruction to the free use of property, so as to interfere
        with the comfortable enjoyment of life or property, or unlawfully
8       obstructs the free passages or use, in the customary manner, of any
        navigable lake, or river, bay, stream, canal, or basin, or any public park,
9       square, street, or highway, is a nuisance."

10  Further, Section 3480 states that "[a] public nuisance is one which affects at the same

11  time an entire community or neighborhood, or any considerable number of person,

12  although the extent of the annoyance or damage inflicted upon individuals may be

13  unequal."

14  California Civil Code section 3493 provides that "[a] private person may

15  maintain an action for a public nuisance, *if it specifically injurious to himself*, but

16  not otherwise."  "An essential element of a cause of action for nuisance is damage or

17  injury.  (Helix Land Co., Inc. v. City of San Diego, 82 Cal.App.3d 932 (1978).)  Not

18  only do Plaintiff Spencer and Plaintiff Reed lack any factual support for their claim

19  for public nuisance against Charlie Ferrara, but they also lack standing to bring this

20  claim because they have not demonstrated damages suffered by them, if any, that

21  were caused by Charlie Ferrara.

22      The same evidence detailed above demonstrates Charlie Ferrara has not

23  engaged in any behavior injurious or obstructive to Plaintiffs, any community or

24  neighborhood.  Plaintiffs have not and cannot present any evidence that any actions

25  by Charlie Ferrara interfered with Plaintiffs' comfortable enjoyment of life or

26  property.  There is no evidence in this case that Charlie Ferrara ever attempted to

27  prevent others' use and enjoyment of Lunada Bay, including Plaintiffs, who have had

28  ample opportunity to provide such evidence but failed to do so.  (*See* SUF ¶¶ 3-34.)

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

14

1    Plaintiffs can proffer no admissible evidence that Charlie Ferrara ever took a

2    single action in violation of <u>California Civil Code</u> sections 3479 and 3480, as is

3    demonstrated by the indisputable evidence.  The record is devoid of facts

4    demonstrating that Charlie Ferrara interfered with any person's or community's

5    enjoyment of life, property or access to Lunada Bay or surrounding areas.  As such,

6    Charlie Ferrara is entitled to judgment in his favor on Plaintiffs' claim for public

7    nuisance because Plaintiffs cannot demonstrate a genuine dispute as to any material

8    fact relating to this claim.

9         ***3.2.3  Assault***

10    "[A]n assault is a demonstration of an unlawful intent by one person to inflict

11    immediate injury on the person of another then present."  (<u>Lowry v. Standard Oil</u>

12    <u>Co.</u>, 63 Cal.App.2d 1, 6-7 (1944).)  "Mere words however threatening or profane will

13    not amount to assault."  (<u>Tomblinson v. Nobile</u>, 103 Cal.App.2d 266 (1951).)

14    The evidence in this case does not support that Charlie Ferrara ever even came

15    into contact with either Plaintiff, much less that he intended to or did inflict

16    immediate injury to either of the Plaintiffs.  Plaintiffs have not testified to that fact

17    nor have they provided any evidence in support of this claim.  Plaintiffs have not

18    identified and cannot identify any interaction either have had with Charlie Ferrara

19    that would amount to assault.  Moreover, while there is no evidence in this case of

20    any communications between Charlie Ferrara and any of the other co-defendants, or

21    any other person, relating to the Plaintiffs, even assuming, *arguendo*, such

22    communications existed, written or spoken words alone would not be supportive of

23    Plaintiffs' assault claim as words do not form a factual basis for assault.

24    There is absolutely no evidence whatsoever that Charlie Ferrara ever intended

25    to inflict harm on Plaintiff Spencer and Plaintiff Reed.  Plaintiffs' cause of action for

26    assault indisputably lacks any factual basis, and should be summarily adjudicated in

27    favor of Charlie Ferrara.

28    ///

### 3.2.4 Battery

"A battery is any intentional, unlawful and harmful contact by one person with the person of another . . . A contact is 'unlawful' if it is unconsented to." (Ashcroft v. King, 228 Cal.App.3d 604, 611 (1991).)  It is more than clear based on the evidence presented in support of this Motion that Charlie Ferrara has never come into any physical contact with the Plaintiffs, most certainly not unlawful and harmful contact that was not consented to by Plaintiffs. (See SUF ¶¶ 3-34.)  Without being able to identify any physical interaction either has had with Charlie Ferrara, Plaintiffs can present absolutely no admissible evidence to support their claim for battery against Charlie Ferrara.  Plaintiffs' cause of action for battery is frivolous, without merit and must be summarily adjudicated in favor of Charlie Ferrara.

### 3.3   Charlie Ferrara is Entitled to Judgment in His Favor on Plaintiffs' Negligence Claim

"Although questions of negligence are usually reserved for the factfinder, summary judgment is proper where the facts are undisputed and only one conclusion may reasonably be drawn from them.  Negligence then becomes a matter of law." (Flying Diamond Corp. v. Pennaluna & Co., 586 F.2d 707, 713 (9th Cir. 1978).) "The elements of a cause of action for negligence are well established.  They are (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." (Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (Cal. 1996); see also Shatford v. L.S. Cnty. Sheriff's Dep't, No. CV 15-1767 BRO (AJW), 2016 U.S. Dist. LEXIS 52473 (C.D. Cal Mar. 29, 2016).)

Assuming Charlie Ferrara owed a duty of care to the Plaintiffs in this action, which is not supported by the evidence in this case as they appear to have never come into meaningful contact with each other, Plaintiffs lack evidence demonstrating that Charlie Ferrara ever breached a duty of care owed to the Plaintiffs.  Without being able to prove this element of their claim, Plaintiffs cannot maintain a cause of action for negligence against Charlie Ferrara.  Under oath, Plaintiff Spencer and

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

16

1    Plaintiff Reed provided no testimony regarding any interaction with Charlie Ferrara

2    or any action or inaction undertaken by Charlie Ferrara that would amount to Charlie

3    Ferrara's liability in this case under a cause of action for negligence.  Moreover,

4    Plaintiffs have no evidence that they suffered any damage and/or injury as a result of

5    any action or inaction undertaken by Charlie Ferrara.  (SUF ¶¶ 3-30.)

6         It is undisputed that Plaintiffs have no evidence to support their claim for

7    negligence against Charlie Ferrara.  Plaintiffs have no evidence Charlie Ferrara has

8    ever engaged in any wrongful act that has caused them injury.  (*See* SUF ¶¶ 3-34.)

9    The only reasonable conclusion to draw from the lack of Plaintiffs' evidence is that

10   Charlie Ferrara is not liable for negligence against the Plaintiffs.  Based thereon,

11   judgment should be entered in favor of Charlie Ferrara on Plaintiffs' cause of action

12   for negligence.

13   **4.    CONCLUSION**

14        Put simply, there is no evidence Charlie Ferrara is liable to Plaintiffs under the

15   causes of action being asserted in this case.  Plaintiffs have no evidence that Charlie

16   Ferrara caused them any damages.

17        For the reasons set forth herein, Charlie Ferrara is entitled to summary

18   judgment in his favor.

19   Dated: July ___, 2017                 BREMER WHYTE BROWN & O'MEARA
                                           LLP
20

21

22                                         By
                                              Alison K. Hurley
23                                            Tiffany L. Bacon
                                              Attorneys for Defendants
24                                            FRANK FERRARA and CHARLIE
                                              FERRARA
25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

                                    17

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 20320 S.W. Birch Street, Second Floor, Newport Beach, California 92660.

On July 24, 2017, I served the within document(s) described as:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CHARLIE FERRARA'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

on the interested parties in this action as stated on the attached mailing list.

[X]    (BY ELECTRONIC SERVICE) Complying with Code of Civil Procedure § 1010, I caused such document(s) to be Electronically Filed and Served through the _for the above-entitled case.  Upon completion of transmission of said document(s), a filing receipt is issued to the filing party acknowledging receipt, filing and service by 's system.  A copy of the [Email receipt System] filing receipt page will be maintained with the original document(s) in our office.

Executed on July 24, 2017, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Hailey Williams
(Type or print name)

_____
(Signature)

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1

H:\1178\176\PROOF OF SERVICE.docx

<u>**Cory Spencer v. Lunada Bay Boys et al.,**</u>

**Case No. 2:16-cv-2129-SJO**

**BWB&O CLIENT:    Frank and Charlie Ferrara**
**BWB&O FILE NO.:   1178.176**

<u>**SERVICE LIST**</u>

| | | |
|---|---|---|
| Samantha Wolff, Esq. **HANSON BRIDGETT** 425 Market Street 26th Floor San Francisco, CA 94105 (415) 777-3200 (415) 541-9366 Fax Attorneys For **PLAINTIFF** swolff@hansonbridgett.com kfranklin@hansonbridgett.com | Tyson M. Shower, Esq. **HANSON BRIDGETT** 500 Capitol Mall Suite 1500 Sacramento, CA 95814 (916) 442-3333 (916) 442-2348 Fax Attorneys For **PLAINTIFFS** tshower@hansonbridgett.com | Victor Otten, Esq. **OTTEN LAW, PC** 3620 Pacific Coast Highway Suite 100 Torrance, CA 90505 (310) 378-8533 (310) 347-4225 Fax Attorneys For **PLAINTIFFS** vic@ottenlawpc.com |
| Jacob Song, Esq. **KUTAK ROCK LLP** 5 Park Plaza Suite 1500 Irvine, CA 92614 (949) 417-0999 (949) 417-5639 Attorney For **CITY OF PALOS VERDES ESTATES and JEFF KEPLEY, in his representative capacity, serves as the Chief of Police Department of Defendant City of Palos Verdes Estates.** jacob.song@kutakrock.com | J. Patrick Carey, Esq. **LAW OFFICE OF PATRICK CAREY** 1230 Rosecrans Avenue Suite 270 Manhattan Beach, CA 90266 (310) 526-2237 (310) 356-3671 Fax Attorney For **ALAN JOHNSTON individual membeer of LUNADA BAY BOYS aka JALIAN JOHNSTON** pat@patcareylaw.com | Aaron G. Miller, Esq. **THE PHILIPS FIRM** 800 Wilshire Boulevard Suite 1550 Los Angeles, CA 90017 (213) 244-9913 (213) 244-9915 Fax Attorneys For **ANGELO FERRARA** amiller@thephillipsfirm.com |
| Mark Fields, Esq. **LAW OFFICES OF MARK C. FIELDS** 333 So. Hope Street Suite 3500 Los Angeles, CA 90071 (213) 617-5225 (213) 629-2420 Fax Attorney For **ANGELO FERRARA an individual member of LUNADA BAY BOYS and N.F. an individual member of LUNADA BAY BOYS** fields@markfieldslaw.com | Peter R. Haven, Esq. **HAVEN LAW** 1230 Rosecrans Avenue Suite 300 Manhattan Beach, CA 90266 (310) 272-5353 (213) 477-2137 Fax Attorneys For **MICHAEL RAY PAPAYANS** peter@havenlaw.com | Dana Alden Fox, Esq. **LEWIS BRISBOIS BISGAARD & SMITH, LLP** 633 W. 5th Street Site 4000 Los Angeles, CA 90071 (213) 580-3858 (213) 250-7900 Fax Attorneys For **SANG LEE** Dana.Fox@lewisbrisbois.com |