Alison K. Hurley, State Bar No. 234042
ahurley@bremerwhyte.com
Tiffany L. Bacon, State Bar No. 292426
tbacon@bremerwhyte.com
BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, California 92660
Telephone: (949) 221-1000
Facsimile: (949) 221-1001

Attorneys for Defendants,
FRANK FERRARA and CHARLIE FERRARA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Case No. 2:16-cv-2129<br><br>Judge: Hon. S. James Otero<br>Dept: Courtroom 10C<br><br>Magistrate Judge:<br>Hon. Rozella A. Oliver<br><br>**DECLARATION OF TIFFANY BACON IN SUPPORT OF CHARLIE FERRARA'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Notice of Motion; Memorandum of Points and Authorities; Request for Judicial Notice of Adjudicative Facts; Notices of Lodging; proposed Statement of Uncontroverted Facts and Conclusions of Law and [Proposed] Judgment lodged herewith]*<br><br>Date: August 21, 2017<br>Time: 10:00 a.m.<br>Dept: Courtroom 10C<br><br>Complaint Filed: March 29, 2016<br>Trial Date: November 7, 2017 |

I, Tiffany Bacon, declare as follows:

1.     I am an attorney at law duly licensed to practice before the United States District Court for the Central District of California and am an associate with the law firm of Bremer Whyte Brown & O'Meara LLP, counsel of record for Defendant CHARLIE FERRARA (hereinafter "Charlie Ferrara" or "Defendant") in this action. Except for those facts stated upon information and belief, I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify to such facts under oath.

2.     This declaration is made in support of Charlie Ferrara's Motion for Summary Judgment against Plaintiffs, CORY SPENCER ("Spencer"), DIANA MILENA REED ("Reed") and COASTAL PROTECTION RANGERS, INC. ("CPR") (collectively, "Plaintiffs") or, in the alternative partial summary judgment.

3.     On July 12, 2017, pursuant to Local Rule 7-3, I had a telephonic conference with Plaintiffs' counsel, Samantha Wolff, Esq.

4.     A true and correct copy of excerpts from the deposition of Charlie Ferrara is attached hereto as **Exhibit K** and incorporated herein by this reference.

5.     A true and correct copy of excerpts from the deposition of Plaintiff Spencer is attached hereto as **Exhibit L** and incorporated herein by this reference.

6.     A true and correct copy of excerpts from the deposition of Plaintiff Reed is attached hereto as **Exhibit M** and incorporated herein by this reference.

7.     A true and correct copy of the Declaration of Leo Ferrara is attached hereto as **Exhibit N** and incorporated herein by this reference.

8.     A true and correct copy of excerpts from the deposition of N.F. is attached hereto as **Exhibit O** and incorporated herein by this reference.

9.     A true and correct copy of the recording bates labeled PLTF 002027 is attached hereto as **Exhibit P** and incorporated herein by this reference.

10.     A true and correct copy of excerpts from the deposition of Angelo Ferrara is attached hereto as **Exhibit Q** and incorporated herein by this reference.

11.    A true and correct copy of excerpts from the deposition of Frank Ferrara is attached hereto as **Exhibit R** and incorporated herein by this reference.

12.    A true and correct copy of Exhibit 267, which was attached to the deposition of Charlie Ferrara, is attached hereto as **Exhibit S** and incorporated herein by this reference.

13.    A true and correct of Exhibit 274, which was attached to the deposition of Charlie Ferrara, is attached hereto as **Exhibit T** and incorporated herein by this reference.

14.    A true and correct copy of excerpts from the deposition of Ken Claypool is attached hereto as **Exhibit U** and incorporated herein by this reference.

15.    A true and correct copy of the Declaration of Jim Russi is attached hereto as **Exhibit V** and incorporated herein by this reference.

16.    True and correct copies of Plaintiff Spencer's and Plaintiff Reed's responses to Charlie Ferrara's discovery requests, as produced by Plaintiffs, are attached hereto as **Exhibit W** and incorporated herein by this reference.

17.    A true and correct copy of excerpts from the deposition of Sang Lee is attached hereto as **Exhibit X** and incorporated herein by this reference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 24th day of July 2017, at Newport Beach, California.

Tiffany Bacon

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3

# Exhibit K

Case 2:16-cv-02129-SJO-RAO   Document 285-7   Filed 07/24/17   Page 5 of 358   Page ID #:6533
Atkinson-Baker Court Reporters
www.depo.com

```
 1                 UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3                         WESTERN DIVISION

 4                            -  -  -

 5   CORY SPENCER, AN INDIVIDUAL;     )
     DIANA MILENA REED, AN            )
 6   INDIVIDUAL; AND COASTAL          )
     PROTECTION RANGERS, INC.,        )
 7   A CALIFORNIA NON-PROFIT PUBLIC   )
     BENEFIT CORPORATION,             )
 8                                    )
                    Plaintiffs,       )
 9                                    )
         vs.                          ) No.:  2:16-cv-02129-SJO
10                                    )        (RAOx)
                                      )
11   LUNADA BAY BOYS; THE INDIVIDUAL  )
     MEMBERS OF THE LUNADA BAY BOYS,  )
12   INCLUDING BUT NOT LIMITED TO     )
     SANG LEE, BRANT BLAKEMAN, ALAN   )
13   JOHNSTON AKA JALIAN JOHNSTON,    )
     MICHAEL RAE PAPAYANS, ANGELO     )
14   FERRARA, FRANK FERRARA,          )
     CHARLIE FERRARA, ET AL.,         )
15                                    )
                    Defendants.       )
16   - - - - - - - - - - - - - - - -  )

17                 VIDEOTAPED DEPOSITION OF

18                       CHARLES FERRARA

19                      IRVINE, CALIFORNIA

20                        JULY 7, 2017

21   Atkinson-Baker, Inc.
     Court Reporters
22   www.depo.com
     (800) 288-3376
23

24   REPORTED BY:  ANGELIQUE MELODY FERRIO, CSR NO. 6979

25   FILE NO:     AB06A33
```

1

Atkinson-Baker Court Reporters
www.depo.com

```
 1                   UNITED STATES DISTRICT

 2                COURT CENTRAL DISTRICT OF

 3                CALIFORNIA WESTERN DIVISION

 4                         - - -

 5

 6    CORY SPENCER, AN INDIVIDUAL;    )
      DIANA MILENA REED, AN           )
 7    INDIVIDUAL; AND COASTAL         )
      PROTECTION RANGERS, INC.,       )
 8    A CALIFORNIA NON-PROFIT PUBLIC  )
      BENEFIT CORPORATION,            )
 9                                    )
                    Plaintiffs,       )
10                                    )
          vs.                         ) No.:  2:16-cv-02129-SJO
11                                    )        (RAOx)
                                      )
12    LUNADA BAY BOYS; THE INDIVIDUAL )
      MEMBERS OF THE LUNADA BAY BOYS, )
13    INCLUDING BUT NOT LIMITED TO    )
      SANG LEE, BRANT BLAKEMAN, ALAN  )
14    JOHNSTON AKA JALIAN JOHNSTON,   )
      MICHAEL RAE PAPAYANS, ANGELO    )
15    FERRARA, FRANK FERRARA,         )
      CHARLIE FERRARA, ET AL.,        )
16                                    )
                    Defendants.       )
17    _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ )

18

19

20           Videotaped deposition of CHARLES FERRARA, taken

21    on behalf of the Plaintiffs, at Premier Business Center,

22    2600 Michelson Drive, Suite 1700, Irvine, California,

23    92612, commencing at 9:36 a.m., Friday, July 7, 2017,

24    before ANGELIQUE MELODY FERRIO, CSR No. 6979.

25
```

2

Atkinson-Baker Court Reporters
www.depo.com

```
 1                    A P P E A R A N C E S

 2

 3   FOR THE PLAINTIFFS:

 4        HANSON, BRIDGETT, LLP
          BY:  SAMANTHA WOLFF, ESQ.
 5        425 Market Street
          26th Floor
 6        San Francisco, California 94105

 7

 8

 9   FOR DEFENDANTS FRANK FERRARA AND CHARLIE FERRARA:

10        BREMER, WHYTE, BROWN & O'MEARA, LLP
          BY:  ALISON K. HURLEY, ESQ.
11        20320 S.W. Birch Street
          Second Floor
12        Newport Beach, California 92660

13

14

15   FOR THE DEFENDANTS CITY OF PALOS VERDES
     AND CHIEF OF POLICE JEFF KEPLEY:
16
          KUTAK, ROCK, LLP
17        BY:  CHRISTOPHER D. GLOS, ESQ.
          5 Park Plaza
18        Suite 1500
          Irvine, California 92614
19

20

21   FOR DEFENDANT SANG LEE:

22        BOOTH, MITCHEL & STRANGE, LLP
          BY:  JACKIE K. VU, ESQ.
23        707 Wilshire Boulevard
          Suite 3000
24        Los Angeles, California 90017

25
```

3

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
1    APPEARANCES CONTINUED:

2

3    FOR DEFENDANT BRANT BLAKEMAN:

4         VEATCH, CARLSON, LLP
          BY:  RICHARD P. DIEFFENBACH, ESQ.
5         1055 Wilshire Boulevard
          11th Floor
6         Los Angeles, California 90017

7

8

9    FOR THE DEFENDANT SANG LEE:

10        LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
          BY:  KRISTIN A. MCLAUGHLIN, ESQ.
11        633 West 5th Street
          Suite 4000
12        Los Angeles, California 90071

13

14

15   FOR DEFENDANT BRANT BLAKEMAN:

16        (BY TELEPHONE)
          BUCHALTER, NEMER, APC
17        BY:  ROBERT S. COOPER, ESQ.
          1000 Wilshire Boulevard
18        Suite 1500
          Los Angeles, California 90017

19

20

21   FOR DEFENDANT MICHAEL RAY PAPAYANS:

22
          (BY TELEPHONE)
23        HAVEN LAW
          BY:  PETER T. HAVEN, ESQ.
24        1230 Rosecrans Avenue
          Suite 300
25        Manhattan Beach, California 90266
```

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1    APPEARANCES CONTINUED:

 2

 3    FOR THE DEFENDANT N.F.:

 4

 5         (BY TELEPHONE)
           LAW OFFICES OF MARK C. FIELDS, APC
 6         BY:  MARK C. FIELDS, ESQ.
           333 South Hope Street
 7         35th Floor
           Los Angeles, California 90071
 8

 9

10

11    ALSO PRESENT:  GARY BOWDEN, VIDEOGRAPHER

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

5

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1                            INDEX

 2

 3   WITNESS:  CHARLES FERRARA

 4

 5   EXAMINATION BY:                       PAGE

 6       MS. WOLFF                           10

 7

 8   EXAMINATION BY:                       PAGE

 9       MR. GLOS                           190

10

11

12   EXHIBITS

13   NUMBER              DESCRIPTION       PAGE

14    266      Plaintiffs' Notice of Deposition    13
              of Defendant Charlie Ferrara
15            Dated June 15, 2017
              Consisting of six pages
16

17

18    267      Transcription of recording    140
              12823269.1
19            Consisting of seven pages

20

21    268      Xeroxed Colored Photograph    146
              Consisting of one page
22

23

24    269      Xeroxed Colored Photograph    148
              Consisting of one page
25
```

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1              EXHIBITS CONTINUED:

 2

 3    270        Xeroxed Colored Photograph          151
                 Consisting of one page
 4

 5

 6    271        Xeroxed Colored Photograph          153
                 Consisting of one page
 7

 8

 9    272        Xeroxed Colored Photograph          155
                 Consisting of one page
10

11

12    273        Xeroxed Colored Photograph          156
                 Consisting of one page
13

14

15    274        Xeroxed Colored Photograph          178
                 Consisting of one page
16

17

18    275        Xeroxed Colored Photograph          182
                 Consisting of one page
19

20

21    276        Xeroxed Colored Photograph          186
                 Fort Structure in 2016
22               Consisting of one page

23

24    277        Xeroxed Black-And-White             189
                 Photograph
25               Consisting of one page
```

7

Charles Ferrara
July 7, 2017

```
1    INDEX CONTINUED:

2

3    QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER:

4    PAGE      LINE

5

6    16            9

7    77           19

8    175          18

9    176          11

10

11

12   INFORMATION TO BE SUPPLIED:

13   PAGE      LINE

14   (NONE)

15

16

17

18

19

20

21

22

23

24

25
```

8

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
1              IRVINE, CALIFORNIA, FRIDAY, JULY 7, 2017
2                          9:36 A.M.
3                           -OOo-
4                                                    09:35:44
5         THE VIDEOGRAPHER:  Good morning.  I'm      09:35:45
6   Gary Bowden, your videographer.  And I represent 09:35:47
7   Atkinson-Baker, Incorporated, in Glendale,       09:35:50
8   California.                                       09:35:50
9         I'm not financially interested in this action 09:35:53
10  nor am I a relative or employee of any attorney or 09:35:56
11  any of the parties.                              09:36:00
12        The date is July 7, 2017.  And the time is 09:36:02
13  9:36 a.m.  This deposition is taking place at    09:36:07
14  Premiere Business Center, 2600 Michelson Drive,  09:36:12
15  Suite 1700, Irvine, California.                  09:36:15
16        This is case number 2:16-cv-02129-SJO (RAOx) 09:36:19
17  entitled Spencer versus Lunada Bay Boys.  The    09:36:33
18  deponent is Charles Ferrara.  And this deposition is 09:36:38
19  being taken on behalf of the Plaintiffs.         09:36:44
20        Counsel will now please introduce themselves. 09:36:49
21  After all counsel present have introduced themselves, 09:36:52
22  the witness will be sworn in by the court reporter. 09:36:55
23        This is the beginning of D.V.D. one,       09:36:59
24  Volume One.  The D.V.D. is running and we're now on 09:37:00
25  the record.                                      09:37:03
```

9

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | MS. WOLFF:  Good morning.  Samantha Wolff on | 09:37:04 |
| 2 | behalf of the Plaintiffs. | 09:37:06 |
| 3 | MS. HURLEY:  Good morning.  Alison Hurley on | 09:37:07 |
| 4 | behalf of the witness, Charles Ferrara. | 09:37:09 |
| 5 | MS. MCLAUGHLIN:  Kristin McLaughlin for | 09:37:11 |
| 6 | Defendant Sang Lee. | 09:37:11 |
| 7 | MR. GLOS:  Christopher Glos on behalf of the | 09:37:13 |
| 8 | City and Chief Kepley. | 09:37:17 |
| 9 | MR. FIELDS:  On the phone is Mark Fields, | 09:37:23 |
| 10 | attorney for Angelo Ferrara and N.F. | 09:37:26 |
| 11 | MR. COOPER:  Robert Cooper on behalf of the | 09:37:30 |
| 12 | Defendant Brant Blakeman. | 09:37:32 |
| 13 | | |
| 14 | CHARLES FERRARA, | |
| 15 | having first been duly sworn, was | |
| 16 | examined and testified as follows: | |
| 17 | | |
| 18 | EXAMINATION | |
| 19 | | 09:37:44 |
| 20 | BY MS. WOLFF: | 09:37:44 |
| 21 | Q.  Good morning. | 09:37:45 |
| 22 | A.  Good morning. | 09:37:45 |
| 23 | Q.  Are you represented by counsel today? | 09:37:46 |
| 24 | A.  Yes. | 09:37:48 |
| 25 | Q.  And who is your counsel? | 09:37:49 |

10

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1        A.  Ms. Bacon -- sorry.                          09:37:50

 2            MS. HURLEY:  That's okay.  Tiffany Bacon      09:37:56

 3    works in my office.                                   09:37:58

 4    BY MS. WOLFF:                                         09:38:00

 5        Q.  Are there any other attorneys representing    09:38:00

 6    you other than what you just mentioned?               09:38:03

 7        A.  No.                                           09:38:05

 8        Q.  Can you please spell your name for the        09:38:05

 9    record.                                               09:38:06

10        A.  Charles Michael Ferrara, C-h-a-r-l-e-s,       09:38:06

11    M-i-c-h-a-e-l, F-e-r-r-a-r-a.                         09:38:08

12        Q.  Thank you.                                    09:38:16

13            Have you ever had your deposition taken       09:38:17

14    before?                                               09:38:19

15        A.  No.                                           09:38:19

16        Q.  Have you ever signed any written documents    09:38:20

17    like a declaration under penalty of perjury before?   09:38:22

18        A.  No.                                           09:38:25

19        Q.  Have you ever testified in court before?      09:38:26

20        A.  No.                                           09:38:28

21        Q.  So, since you're sort of new to all of this,  09:38:28

22    I'll go over some ground rules.  I'm sure that your   09:38:34

23    attorney probably went over some with you, but just   09:38:37

24    so that you understand how the process works.         09:38:39

25            Now, you're under oath which is the same oath 09:38:42
```

11

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | in Palos Verdes Estates about this lawsuit? | 09:42:07 |
| 2 | A. No. | 09:42:10 |
| 3 | Q. Where do you currently live? | 09:42:10 |
| 4 | A. I live in San Pedro. | 09:42:11 |
| 5 | Q. And your address? | 09:42:13 |
| 6 | MS. HURLEY: I'm going to object on the right | 09:42:15 |
| 7 | to privacy. The witness can be contacted through my | 09:42:15 |
| 8 | office. | 09:42:15 |
| 9 | And I'll instruct him not to answer. | 09:42:17 |
| 10 | MS. WOLFF: That's fine. | 09:42:18 |
| 11 | BY MS. WOLFF: | 09:42:19 |
| 12 | Q. How long have you lived in San Pedro? | 09:42:20 |
| 13 | A. One year. | 09:42:23 |
| 14 | Q. And where did you live before that? | 09:42:26 |
| 15 | A. With my parents, Wildomar. | 09:42:28 |
| 16 | Q. What was that? | 09:42:32 |
| 17 | A. At my parents' house in Wildomar. | 09:42:33 |
| 18 | Q. Where did you grow up? | 09:42:35 |
| 19 | A. Palos Verdes. | 09:42:37 |
| 20 | Q. And how long did you live in Palos Verdes? | 09:42:39 |
| 21 | A. Until I was 17. So, um, from when I was born | 09:42:43 |
| 22 | to when I was 17. And I moved to Hawaii. And then I | 09:42:52 |
| 23 | came back and lived in Palos Verdes for another | 09:42:56 |
| 24 | couple of years. And then I moved to Redondo Beach. | 09:42:59 |
| 25 | Q. And how long did you live in Hawaii? | 09:43:03 |

16

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | A.  For almost two years. | 09:43:06 |
| 2 | Q.  Do you remember the years that you were | 09:43:07 |
| 3 | there? | 09:43:10 |
| 4 | A.  Yeah.  It was, let's see, um, the end of '02, | 09:43:10 |
| 5 | like August of '02 to almost the end of almost '04, | 09:43:15 |
| 6 | like almost '05. | 09:43:21 |
| 7 | Q.  What are your parents' names? | 09:43:23 |
| 8 | A.  Lynn Ferrara and Frank Ferrara. | 09:43:41 |
| 9 | Q.  And does your dad surf? | 09:43:47 |
| 10 | A.  Yes. | 09:43:51 |
| 11 | Q.  And what does he do for a living? | 09:43:52 |
| 12 | A.  He's an auto wholesales man, he buys and | 09:43:54 |
| 13 | sells cars. | 09:43:59 |
| 14 | Q.  Do you have any siblings? | 09:43:59 |
| 15 | A.  Yes. | 09:44:01 |
| 16 | Q.  What are their names? | 09:44:01 |
| 17 | A.  Salvatore Ferrara and Felipa Ferrara. | 09:44:02 |
| 18 | Q.  And where do they live? | 09:44:06 |
| 19 | A.  Felipa lives in Hawaii.  And Salvatore lives | 09:44:10 |
| 20 | in San Francisco. | 09:44:13 |
| 21 | Q.  Do you have any children? | 09:44:14 |
| 22 | A.  Yes. | 09:44:17 |
| 23 | Q.  How many? | 09:44:18 |
| 24 | A.  I have a son.  He's ten months old. | 09:44:18 |
| 25 | Q.  Congratulations. | 09:44:22 |

17

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | A.   Thank you. | 09:44:24 |
| 2 | Q.   Your uncle is Angelo Ferrara and he's a | 09:44:24 |
| 3 | Defendant in this lawsuit; is that correct? | 09:44:27 |
| 4 | A.   Yes, Ma'am. | 09:44:29 |
| 5 | Q.   And what does he do for a living? | 09:44:29 |
| 6 | A.   Auto body and paint, it's a body shop. | 09:44:31 |
| 7 | Q.   Is he also a shaper? | 09:44:35 |
| 8 | A.   Yes, but he's in auto body.  He's an auto | 09:44:38 |
| 9 | body, he fixes cars and paints them. | 09:44:41 |
| 10 | Q.   And your cousin is N.F., and you understand | 09:44:44 |
| 11 | that we're using his initials because when he was | 09:44:49 |
| 12 | first named in this lawsuit, he was a minor at the | 09:44:51 |
| 13 | time? | 09:44:54 |
| 14 | A.   Yes. | 09:44:54 |
| 15 | Q.   And he's also a Defendant in this lawsuit; is | 09:44:55 |
| 16 | that correct? | 09:44:58 |
| 17 | A.   Yes. | 09:44:58 |
| 18 | Q.   And is Leo Ferrara N.F.'s brother? | 09:44:59 |
| 19 | A.   Yes. | 09:45:04 |
| 20 | Q.   So, other than the conversation that you've | 09:45:04 |
| 21 | had with your father in the presence of your | 09:45:14 |
| 22 | attorneys, have you had any other conversations with | 09:45:18 |
| 23 | other family members about this lawsuit? | 09:45:20 |
| 24 | A.   No. | 09:45:22 |
| 25 | Q.   And aside from you and Felipa, have any of | 09:45:22 |

18

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | surfing? | 10:15:16 |
| 2 | A.  No.  So, like I'm computer illiterate.  I can | 10:15:17 |
| 3 | barely open my E-Mail.  It's terrible. | 10:15:21 |
| 4 | Q.  Do you ever get text messages asking you to | 10:15:25 |
| 5 | hangout at Lunada Bay? | 10:15:28 |
| 6 | A.  No. | 10:15:30 |
| 7 | Q.  And these texts, I'm sorry, you said phone | 10:15:31 |
| 8 | calls with your dad about surfing at Lunada Bay, has | 10:15:39 |
| 9 | he called you, would you say, in the past three | 10:15:41 |
| 10 | years? | 10:15:43 |
| 11 | A.  Well, before that I wasn't surfing because I | 10:15:44 |
| 12 | had my injuries, but I would say in the last year | 10:15:48 |
| 13 | since '15, '16, there has been a couple of times | 10:15:53 |
| 14 | where I was at work and he would say, try to go | 10:15:56 |
| 15 | straight after work. | 10:15:59 |
| 16 | It's worth it to come down.  There's surf or | 10:16:00 |
| 17 | I would drive by and say, dad, there are some waves. | 10:16:03 |
| 18 | It looks like fun.  That's basically it. | 10:16:07 |
| 19 | Q.  How long is the drive from San Pedro to | 10:16:10 |
| 20 | Lunada Bay? | 10:16:13 |
| 21 | A.  Oh, it's like a good, it can be, if there's | 10:16:14 |
| 22 | traffic on 25th Street, sometimes it can be like a | 10:16:19 |
| 23 | half hour, you know, 35 minutes, but it's usually | 10:16:23 |
| 24 | like 15 to 20 minutes. | 10:16:29 |
| 25 | Q.  Do you communicate with Sang Lee by cell | 10:16:31 |

Charles Ferrara
July 7, 2017

| | | |
|---|---|---|
| 1 | phone? | 10:16:43 |
| 2 | A.  No. | 10:16:43 |
| 3 | Q.  Have you ever texted or called him? | 10:16:44 |
| 4 | A.  Yes.  I used to work with him like a few | 10:16:47 |
| 5 | years ago.  We would do some -- he's a roofer.  And | 10:16:50 |
| 6 | he had some work for me.  So, I worked with him so. | 10:16:55 |
| 7 | Q.  Do you recall approximately the dates that | 10:16:59 |
| 8 | you worked with him? | 10:17:01 |
| 9 | A.  The years probably, let me think, um, | 10:17:02 |
| 10 | probably 2013 -- well, no, no, it's before that.  So, | 10:17:10 |
| 11 | about 2008.  And then 2014 a couple little side jobs. | 10:17:23 |
| 12 | That's pretty much it. | 10:17:36 |
| 13 | Q.  It's just working with him kind of | 10:17:37 |
| 14 | sporadically? | 10:17:40 |
| 15 | A.  Exactly. | 10:17:41 |
| 16 | Q.  Other than talking about roofing jobs, it | 10:17:42 |
| 17 | sounds like were there any other times that you | 10:17:44 |
| 18 | communicated with Sang Lee? | 10:17:47 |
| 19 | A.  No, no. | 10:17:48 |
| 20 | Q.  And that was by text or phone? | 10:17:49 |
| 21 | A.  Phone, I believe, phone. | 10:17:52 |
| 22 | Q.  And have you communicated with any other | 10:17:55 |
| 23 | Defendant by phone in the past four years? | 10:18:05 |
| 24 | MS. HURLEY:  Objection, lacks foundation, | 10:18:07 |
| 25 | calls for speculation, if you even know who the | 10:18:09 |

48

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | Defendants are. | 10:18:13 |
| 2 | THE WITNESS:  Yes, can I just look? | 10:18:15 |
| 3 | BY MS. WOLFF: | 10:18:16 |
| 4 | Q.  Yes, please. | 10:18:16 |
| 5 | A.  How many years is that? | 10:18:17 |
| 6 | Q.  In the past four years? | 10:18:18 |
| 7 | A.  Four years -- | 10:18:20 |
| 8 | MS. HURLEY:  For the record the witness is | 10:18:20 |
| 9 | referring to only the list of the Defendants on the | 10:18:22 |
| 10 | caption that was part of Exhibit 266. | 10:18:24 |
| 11 | THE WITNESS:  So, that would mean that I have | 10:18:28 |
| 12 | talked with Sang Lee because that was in those four | 10:18:30 |
| 13 | years about working. | 10:18:32 |
| 14 | Um, I don't talk to Brant. | 10:18:35 |
| 15 | I haven't talked to Alan. | 10:18:40 |
| 16 | I don't talk to Michael. | 10:18:42 |
| 17 | I've talked to my Uncle Angelo. | 10:18:44 |
| 18 | BY MS. WOLFF: | 10:18:47 |
| 19 | Q.  You didn't talk to your Uncle Angelo? | 10:18:48 |
| 20 | A.  No.  I've talked to Angelo. | 10:18:51 |
| 21 | And I've talked to my dad. | 10:18:54 |
| 22 | And I've talked to Nick. | 10:18:55 |
| 23 | Q.  And when you've had discussions with your | 10:18:57 |
| 24 | Uncle Angelo was that about surfing at Lunada Bay? | 10:19:08 |
| 25 | MS. HURLEY:  Objection, over broad, vague and | 10:19:12 |

49

| | | |
|---|---|---|
| 1 | ambiguous. | 10:19:14 |
| 2 | THE WITNESS:  No.  It was about work. | 10:19:14 |
| 3 | BY MS. WOLFF: | 10:19:16 |
| 4 | Q.  And the same question with respect to your | 10:19:17 |
| 5 | Cousin Nick, was it ever about surfing? | 10:19:21 |
| 6 | A.  No.  It's about work.  I'm trying to have him | 10:19:25 |
| 7 | work with me a little bit.  I'm trying to get him | 10:19:29 |
| 8 | work. | 10:19:32 |
| 9 | Q.  You're trying to get your Cousin Nick some | 10:19:33 |
| 10 | work? | 10:19:35 |
| 11 | A.  Yeah, a little work, yeah, so. | 10:19:35 |
| 12 | Q.  I apologize if I have asked this before.  I | 10:19:40 |
| 13 | don't think that I have. | 10:19:46 |
| 14 | Have you ever E-Mailed any Defendant in this | 10:19:47 |
| 15 | lawsuit related to surfing at Lunada Bay within the | 10:19:49 |
| 16 | past four years? | 10:19:53 |
| 17 | A.  No. | 10:19:55 |
| 18 | Q.  Have you ever E-Mailed any Defendant in this | 10:19:55 |
| 19 | lawsuit about non-locals accessing Lunada Bay in the | 10:20:01 |
| 20 | last four years? | 10:20:06 |
| 21 | A.  No. | 10:20:07 |
| 22 | Q.  Do you know if there's a day each year when | 10:20:07 |
| 23 | locals come together to pickup trash at Lunada Bay? | 10:20:14 |
| 24 | A.  I've heard, I think, on Earth day.  I don't | 10:20:18 |
| 25 | know the exact date.  We just naturally just try to | 10:20:23 |

50

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | THE VIDEOGRAPHER:  This will mark the start | 11:45:32 |
| 2 | of D.V.D. two, Volume One in the continuing testimony | 11:45:34 |
| 3 | of Charles Ferrara. | 11:45:37 |
| 4 | We're back on the record at 11:45 a.m., | 11:45:39 |
| 5 | Counsel. | 11:45:43 |
| 6 | BY MS. WOLFF: | 11:45:43 |
| 7 | Q.  Have you ever heard of the term "takers" in | 11:45:43 |
| 8 | the context of surfing at Lunada Bay? | 11:45:48 |
| 9 | A.  No. | 11:45:51 |
| 10 | Q.  Have you ever heard of the Palos Verdes | 11:45:51 |
| 11 | Estates police conducting an undercover operation at | 11:45:54 |
| 12 | Lunada Bay? | 11:45:58 |
| 13 | A.  No. | 11:45:59 |
| 14 | Q.  Have you ever heard from any local surfers | 11:45:59 |
| 15 | who were -- have you ever heard from any local | 11:46:09 |
| 16 | surfers that they had heard of a planned undercover | 11:46:14 |
| 17 | operation at Lunada Bay? | 11:46:18 |
| 18 | A.  No. | 11:46:19 |
| 19 | Q.  Do you recall surfing at Lunada Bay on | 11:46:20 |
| 20 | February 13, 2016? | 11:46:27 |
| 21 | A.  Yes. | 11:46:29 |
| 22 | Q.  And you were surfing that day; is that right? | 11:46:30 |
| 23 | A.  Yes, yes. | 11:46:37 |
| 24 | Q.  Was there any reason in particular that you | 11:46:38 |
| 25 | decided to surf that day or the conditions were just | 11:46:40 |

117

| | | |
|---|---|---|
| 1 | good? | 11:46:45 |
| 2 | A.  The conditions were good.  There was swell. | 11:46:45 |
| 3 | Q.  So, did you receive a phone call or a text | 11:46:47 |
| 4 | message from anyone encouraging you to go to Lunada | 11:46:50 |
| 5 | Bay that day -- | 11:46:54 |
| 6 | A.  No. | 11:46:54 |
| 7 | Q.  -- or an E-Mail for that matter? | 11:46:54 |
| 8 | A.  No. | 11:46:56 |
| 9 | Q.  And you hung out on the patio at Lunada Bay | 11:46:56 |
| 10 | on that day; right? | 11:47:00 |
| 11 | MS. HURLEY:  Objection, vague and ambiguous. | 11:47:03 |
| 12 | THE WITNESS:  I was not hanging out.  I went | 11:47:05 |
| 13 | to go surfing. | 11:47:06 |
| 14 | BY MS. WOLFF: | 11:47:07 |
| 15 | Q.  Did you spend any time on the patio at | 11:47:08 |
| 16 | Lunada Bay on that day? | 11:47:13 |
| 17 | A.  That's where I got ready near the patio to go | 11:47:14 |
| 18 | surfing. | 11:47:18 |
| 19 | Q.  And do you recall what time of day that you | 11:47:19 |
| 20 | were there on that day? | 11:47:23 |
| 21 | A.  It was the morning.  It was like maybe 7:30 | 11:47:24 |
| 22 | or 8:00. | 11:47:30 |
| 23 | Q.  And at some point Alan Johnston and Brant | 11:47:32 |
| 24 | Blakeman were at the patio as well; is that right? | 11:47:35 |
| 25 | A.  Yes. | 11:47:38 |

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | Q.  And when they came into the patio where were | 11:47:39 |
| 2 | you? | 11:47:44 |
| 3 | A.  I was on the top side, kind of just getting | 11:47:44 |
| 4 | ready to go out.  I put my wet suit, I had my wet | 11:47:49 |
| 5 | suit already on.  And I was getting ready to go | 11:47:53 |
| 6 | surfing.  I was kind of looking at the ocean seeing | 11:47:56 |
| 7 | where I was going to paddle out exactly. | 11:48:00 |
| 8 | Q.  Was anyone else at the patio at that time? | 11:48:03 |
| 9 | A.  Yes. | 11:48:06 |
| 10 | Q.  The Plaintiff? | 11:48:12 |
| 11 | A.  I saw the Plaintiff there, yeah. | 11:48:12 |
| 12 | Q.  Diana Reed? | 11:48:15 |
| 13 | A.  Yeah, I saw her and one other, another one of | 11:48:16 |
| 14 | her friends. | 11:48:19 |
| 15 | Q.  Was it a female or male? | 11:48:19 |
| 16 | A.  Yeah, a female, yeah.  I was just, I saw them | 11:48:21 |
| 17 | and I said, hi, good morning.  I didn't know who they | 11:48:27 |
| 18 | were, just good morning. | 11:48:31 |
| 19 | And then I was going surfing.  And as I was | 11:48:33 |
| 20 | getting ready to go out, I saw Brant and Alan walking | 11:48:37 |
| 21 | up to the patio. | 11:48:42 |
| 22 | Q.  And do you recall what the other woman looked | 11:48:43 |
| 23 | like who was with Diana Reed? | 11:48:45 |
| 24 | A.  I believe she had darker hair.  That's about | 11:48:48 |
| 25 | it. | 11:48:52 |

Charles Ferrara
July 7, 2017

```
 1        Q.  Do you recall if Alan Johnston was carrying a    11:48:52

 2   case of beer when he was coming into the patio that        11:48:58

 3   day?                                                       11:49:01

 4        A.  I don't recall.                                   11:49:01

 5        Q.  Do you recall if the Defendant Johnston said      11:49:02

 6   anything to Ms. Reed when he came onto the patio that      11:49:07

 7   day?                                                       11:49:10

 8        A.  I don't recall.                                   11:49:10

 9        Q.  Do you recall if he was being loud and            11:49:11

10   aggressive towards Ms. Reed that day?                      11:49:16

11        MS. HURLEY:  Objection, vague and ambiguous,          11:49:18

12   lacks foundation.                                          11:49:20

13        THE WITNESS:  I don't recall.                         11:49:21

14   BY MS. WOLFF:                                              11:49:22

15        Q.  Do you remember if you got any impression         11:49:23

16   that Alan Johnston was trying to intimidate Ms. Reed       11:49:27

17   that day?                                                  11:49:30

18        A.  No.                                               11:49:30

19        Q.  Did you observe Alan Johnston spray Ms. Reed      11:49:31

20   with his beer, either intentionally or                    11:49:38

21   unintentionally?                                           11:49:41

22        A.  No.                                               11:49:42

23        Q.  And what was Brant Blakeman doing during this     11:49:43

24   time?                                                      11:49:49

25        MS. HURLEY:  Objection, vague and ambiguous,          11:49:49
```

120

1    during what time?                                    11:49:51

2    BY MS. WOLFF:                                        11:49:52

3        Q.   During the time that you were on the patio?  11:49:53

4            MS. HURLEY:  Objection, misstates testimony.  11:49:54

5            THE WITNESS:  I don't know.  I was going      11:49:56

6    surfing.  I was concerned about what, how the surf    11:49:57

7    was.  Like I said, where I was going to paddle out    11:50:01

8    for my safety.                                       11:50:06

9            I know that I only had a small time frame to  11:50:07

10   go surfing because I had to get back up to work.  So, 11:50:11

11   I wasn't even concerned with -- I was just concerned  11:50:14

12   with I have got a small window here to surf.  Let me  11:50:17

13   go surfing and that's it.                            11:50:19

14   BY MS. WOLFF:                                        11:50:21

15       Q.   So, do you recall if Brant Blakeman was using 11:50:22

16   a video camera to film while he was on the patio that 11:50:25

17   morning?                                             11:50:29

18       A.   I don't recall.                             11:50:30

19       Q.   Have you ever seen Brant Blakeman with a     11:50:33

20   video camera to film while he's at Lunada Bay?       11:50:40

21       A.   I don't recall that, no.                    11:50:45

22       Q.   Do you remember hearing Ms. Johnston --     11:50:47

23   sorry.                                               11:50:57

24           Do you remember Alan Johnson telling Ms. Reed 11:50:57

25   that she was hot?                                    11:51:02

121

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | A.  I don't recall that. | 11:51:02 |
| 2 | Q.  Do you remember him telling Ms. Reed that she | 11:51:03 |
| 3 | was fucking sexy? | 11:51:07 |
| 4 | A.  I don't recall that.  I heard a couple, I | 11:51:08 |
| 5 | just heard like a conversation, but I was going | 11:51:11 |
| 6 | surfing, like I said.  So, I was on the other side. | 11:51:14 |
| 7 | I wasn't getting involved in that at all.  I | 11:51:17 |
| 8 | just was, I had like I said, I had a small time to go | 11:51:19 |
| 9 | surfing and that was it.  And I was concerned about | 11:51:24 |
| 10 | getting out there, so. | 11:51:27 |
| 11 | Q.  So, from where you were on the patio at the | 11:51:28 |
| 12 | time that Mr. Johnston and Mr. Blakeman came onto the | 11:51:41 |
| 13 | patio, about how far away from them were you seated? | 11:51:45 |
| 14 | MS. HURLEY:  Objection, misstates testimony. | 11:51:48 |
| 15 | THE WITNESS:  Um, pretty far, I mean, | 11:51:52 |
| 16 | probably like 20 feet.  I was going surfing and they | 11:51:57 |
| 17 | were coming onto the patio. | 11:52:02 |
| 18 | And so I wasn't there, you know, maybe | 11:52:03 |
| 19 | 20 feet for a moment of time, you know. | 11:52:08 |
| 20 | BY MS. WOLFF: | 11:52:11 |
| 21 | Q.  So, how long would you say that all three of | 11:52:12 |
| 22 | you were on the patio at the same time? | 11:52:14 |
| 23 | MS. HURLEY:  Objection, misstates testimony. | 11:52:16 |
| 24 | THE WITNESS:  Um, how long would I say, gosh, | 11:52:18 |
| 25 | maybe five minutes. | 11:52:23 |

122

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1   BY MS. WOLFF:                                        11:52:25
 2       Q.  And during that five minutes were you in    11:52:26
 3   approximately the same area of the patio?           11:52:30
 4       A.  No.  I was in the top corner going surfing, 11:52:33
 5   my stuff was above and they were below on the patio. 11:52:36
 6   I wasn't even on the patio.  I was above on the      11:52:40
 7   patio.                                               11:52:42
 8       Q.  Were you sitting on the roof?               11:52:43
 9           MS. HURLEY:  Objection, misstates testimony. 11:52:46
10           THE WITNESS:  No, not really.  There's kind  11:52:47
11   of a roof, I guess.                                 11:52:49
12   BY MS. WOLFF:                                        11:52:51
13       Q.  And is the distance from where you were and 11:52:52
14   where they were you said it's about 20 feet; is that 11:52:55
15   right?                                               11:52:57
16       A.  Yeah, maybe more, maybe like 30 because they 11:52:57
17   were on the corner of the patio.  And I was just    11:53:00
18   above where you go down to go surfing and so, yeah.  11:53:03
19       Q.  Do you recall hearing Alan Johnston          11:53:08
20   mentioning that he saw Ms. Reed on the front of the 11:53:18
21   L.A. Times that morning?                            11:53:20
22       A.  No.                                          11:53:21
23       Q.  And had you seen the L.A. Times that morning 11:53:23
24   before you had gone surfing?                        11:53:29
25       A.  No.                                          11:53:31
```

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | Q.  Do you recall hearing Alan Johnston telling | 11:53:31 |
| 2 | Ms. Reed that he was big enough to get the job done? | 11:53:36 |
| 3 | A.  No. | 11:53:41 |
| 4 | Q.  Do you recall whether or not Mr. Johnston was | 11:53:44 |
| 5 | acting in a sexually suggestive manner at the time? | 11:53:49 |
| 6 | MS. HURLEY:  Objection, calls for | 11:53:52 |
| 7 | speculation, calls for expert opinion testimony, | 11:53:54 |
| 8 | lacks foundation. | 11:53:57 |
| 9 | THE WITNESS:  I'm not aware of that.  I don't | 11:53:57 |
| 10 | know. | 11:53:59 |
| 11 | BY MS. WOLFF: | 11:53:59 |
| 12 | Q.  Do you remember whether or not Alan Johnston | 11:54:00 |
| 13 | changed into his wet suit in front of Ms. Reed? | 11:54:05 |
| 14 | A.  I'm not aware of that.  I was surfing by that | 11:54:09 |
| 15 | time. | 11:54:12 |
| 16 | Q.  Do you recall whether or not you saw any | 11:54:12 |
| 17 | police present at time of this incident? | 11:54:20 |
| 18 | MS. HURLEY:  Objection, vague and ambiguous | 11:54:23 |
| 19 | as to incident, lacks foundation, calls for | 11:54:25 |
| 20 | speculation. | 11:54:28 |
| 21 | THE WITNESS:  Can you rephrase that. | 11:54:28 |
| 22 | BY MS. WOLFF: | 11:54:30 |
| 23 | Q.  Sure. | 11:54:30 |
| 24 | Were there any police down at the beach when | 11:54:30 |
| 25 | you were sitting on the patio that morning? | 11:54:33 |

124

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
1       A.  That morning?                                    11:54:35

2       Q.  Right.                                           11:54:36

3       A.  No, there was not.                               11:54:36

4       Q.  Were there any police at the top of the bluff    11:54:38

5   when you were there when, sorry, when you were first     11:54:41

6   arriving?                                                11:54:45

7       A.  When I first arrived, I didn't see anybody up    11:54:45

8   there, I mean, I don't know.  There could have been.     11:54:49

9       Q.  Do you recall whether or not Ms. Reed            11:54:52

10  appeared frightened by her interaction with              11:55:02

11  Defendants Johnston and Blakeman?                        11:55:07

12          MS. HURLEY:  Objection, calls for                11:55:08

13  speculation, lacks foundation, vague and ambiguous.      11:55:09

14          MR. DIEFFENBACH:  Also, assumes facts.           11:55:13

15          THE WITNESS:  I'm not aware of that.             11:55:16

16  BY MS. WOLFF:                                            11:55:17

17      Q.  And did you say anything to Defendants           11:55:18

18  Johnston or Blakeman or Ms. Reed while you were on       11:55:24

19  the patio?                                               11:55:27

20      A.  No.                                              11:55:28

21      Q.  Okay.                                            11:55:29

22      A.  Besides I said, good morning, when I got         11:55:30

23  there.                                                   11:55:33

24      Q.  Other than that, you didn't speak to any of      11:55:33

25  them?                                                    11:55:36
```

125

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1        A.  No.                                           11:55:36

 2        Q.  Did you say "hi" to Alan Johnston when he      11:55:36

 3   walked onto the patio?                                  11:55:40

 4        A.  Did I say "hi" to them, I don't remember.  I   11:55:41

 5   could have said hi.  That doesn't seem like too         11:55:46

 6   farfetched, but I don't remember it.  I was kind of     11:55:50

 7   in a hurry.                                             11:55:54

 8            I was trying to get ready, get your wet suit   11:55:55

 9   on.  The next thing, you know, trying to get out        11:55:58

10   there, you know, so, I was like.                        11:56:01

11        Q.  And when you left to go surfing, were Alan     11:56:03

12   Johnston and Brant Blakeman and Ms. Reed all still on   11:56:06

13   the patio?                                              11:56:09

14        A.  Yes.                                           11:56:10

15        Q.  And how long would you say that you went       11:56:11

16   surfing that morning?                                   11:56:21

17        A.  Probably an hour and a half, two hours.        11:56:22

18        Q.  And then after you were done surfing, you      11:56:27

19   came back in and did you change out of your wet suit    11:56:30

20   at some point?                                          11:56:34

21        A.  I came back in, yes.  And that's when there    11:56:35

22   were two cops down there.  And where I came in was a    11:56:38

23   different spot from where I paddled out.                11:56:41

24            You can't get in there when the tide gets      11:56:44

25   lower.  So, they said, this girl wanted to, we have a   11:56:47
```

126

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | couple of questions to ask you. | 11:56:52 |
| 2 | She said that you said some things to her. | 11:56:54 |
| 3 | Me and Alan have blonde hair, too. And we look kind | 11:56:56 |
| 4 | of similar, sure, no sweat. | 11:57:00 |
| 5 | And then I walked up to the point with the | 11:57:02 |
| 6 | two police officers and she said, oh, no, that wasn't | 11:57:04 |
| 7 | him. It's a different guy. So, that was basically | 11:57:08 |
| 8 | it. | 11:57:11 |
| 9 | Q. Do you recall the names of either officer? | 11:57:12 |
| 10 | A. I think one -- no, I don't, sorry. | 11:57:14 |
| 11 | Q. Can you describe what he looked like? | 11:57:23 |
| 12 | A. One was a younger guy, a younger officer. | 11:57:25 |
| 13 | And then one was a little older, you know. | 11:57:30 |
| 14 | Q. Do you recall what color hair they had? | 11:57:34 |
| 15 | A. They were both like one maybe was, was | 11:57:36 |
| 16 | Caucasian. And the other one was maybe Hispanic a | 11:57:40 |
| 17 | little bit or something. | 11:57:44 |
| 18 | Q. Was the younger one or the older one | 11:57:45 |
| 19 | Caucasian? | 11:57:49 |
| 20 | A. The younger one. | 11:57:49 |
| 21 | Q. Do you recall if -- excuse me. | 11:57:51 |
| 22 | Do you recall if either officer greeted you | 11:57:54 |
| 23 | by saying, hi, Charlie? | 11:57:58 |
| 24 | A. No, they didn't, no. | 11:57:59 |
| 25 | Q. Sorry, you don't recall or -- | 11:58:00 |

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | A.  They didn't. | 11:58:03 |
| 2 | Q.  They didn't greet you that way? | 11:58:03 |
| 3 | A.  No, they didn't greet me that way. | 11:58:05 |
| 4 | Q.  And did you cooperate with the police and | 11:58:07 |
| 5 | tell them what you saw? | 11:58:12 |
| 6 | A.  Yes. | 11:58:13 |
| 7 | Q.  Did you recall what you told them? | 11:58:14 |
| 8 | A.  I don't, I mean, just that I was going | 11:58:16 |
| 9 | surfing and that I said good morning to her and then, | 11:58:22 |
| 10 | you know, it wasn't me. | 11:58:26 |
| 11 | Alan and Brant, I guess, came on the patio | 11:58:29 |
| 12 | and I guess they had some words or an exchange of | 11:58:32 |
| 13 | words.  And that's pretty much it what I told you | 11:58:35 |
| 14 | guys today so. | 11:58:38 |
| 15 | Q.  Do you recall what the police asked you | 11:58:39 |
| 16 | specifically? | 11:58:41 |
| 17 | A.  No, I don't recall.  I think they, honestly, | 11:58:45 |
| 18 | I think they were just, she said there was some blond | 11:58:49 |
| 19 | hair kid that said something to her. | 11:58:53 |
| 20 | So, they thought, oh, you're the blonde hair | 11:58:55 |
| 21 | kid.  She saw me, no, it's not him.  And that was it. | 11:58:58 |
| 22 | Q.  Do you remember if Alan Johnston was in the | 11:59:04 |
| 23 | water at the same time as you at any point that | 11:59:07 |
| 24 | morning? | 11:59:11 |
| 25 | A.  I mean, I was surfing and then he came out. | 11:59:11 |

128

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | There was a lot of surf.  It was just one of those | 11:59:15 |
| 2 | days that it was a pretty good surf. | 11:59:18 |
| 3 | There was a lot of surf.  So, I didn't | 11:59:20 |
| 4 | physically see him.  If you're coming down to go | 11:59:22 |
| 5 | surfing, there are a few other spots you can surf up | 11:59:25 |
| 6 | the point a little bit.  So, I didn't physically see | 11:59:28 |
| 7 | him. | 11:59:30 |
| 8 | Q.  Do you recall seeing anyone else in the water | 11:59:31 |
| 9 | that morning? | 11:59:33 |
| 10 | A.  There was like, yeah, like probably, you | 11:59:35 |
| 11 | know, 15 guys surfing there. | 11:59:38 |
| 12 | Q.  Do you remember any of their names from that | 11:59:40 |
| 13 | morning? | 11:59:43 |
| 14 | A.  No, I vaguely, I mean, I don't know who was | 11:59:43 |
| 15 | out there exactly, but there were probably like 15 | 11:59:47 |
| 16 | guys. | 11:59:50 |
| 17 | Q.  Do you remember seeing Brant Blakeman in the | 11:59:50 |
| 18 | water that morning? | 11:59:54 |
| 19 | A.  Um, you know what, he might have, yeah, I | 11:59:55 |
| 20 | think that he came out eventually like towards the | 12:00:00 |
| 21 | end, but like I said, there was a lot of surf.  And I | 12:00:03 |
| 22 | didn't cross paths with him too much. | 12:00:05 |
| 23 | But he came down to go surfing.  So, he | 12:00:07 |
| 24 | definitely went surfing, but I don't know exactly the | 12:00:10 |
| 25 | time frame that he went surfing. | 12:00:13 |

129

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

1      Q.  Sure.  So, aside from Brant and Alan who                    12:00:14

2  possibly went surfing that morning, do you remember               12:00:19

3  anyone else who was there?                                        12:00:22

4      A.  Do I remember, um, no, I don't.  I mean,                   12:00:24

5  they're just people surfing.  There are probably,                 12:00:32

6  yeah, not really.                                                 12:00:38

7      Q.  Fair enough.                                              12:00:39

8      And then at some point when the police                        12:00:41

9  finished speaking with you, you told Ms. Reed that                12:00:45

10  you were sorry for what happened to her; is that                 12:00:50

11  correct?                                                         12:00:53

12      MS. HURLEY:  Objection, vague and ambiguous,                 12:00:53

13  lacks foundation.                                                12:00:57

14      THE WITNESS:  I just told, um, the officers                  12:00:58

15  that I apologized for them having to come down the               12:01:02

16  hill, the cliff, and go on the rocks and do all of               12:01:05

17  that.                                                            12:01:09

18      So, maybe she overheard that and she thought                 12:01:09

19  that I was saying I'm sorry to her, but I was kind of            12:01:13

20  apologizing to the cops for having to go through all             12:01:16

21  of that.                                                         12:01:19

22  BY MS. WOLFF:                                                    12:01:19

23      Q.  So, you weren't apologizing to Ms. Reed?                 12:01:19

24      A.  No.  I wasn't apologizing to Ms. Reed.  I                12:01:23

25  don't know what happened.  What would I apologize, so            12:01:26

130

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1    whatever.                                           12:01:31

 2         Q.  Did you receive a group E-Mail about that  12:01:31

 3    interaction with Ms. Reed and Alan Johnston and     12:01:35

 4    Brant Blakeman at any point?                        12:01:38

 5         A.  No.                                         12:01:40

 6         Q.  Did you receive a group text about that    12:01:40

 7    incident at any point?                              12:01:43

 8         A.  No.                                         12:01:44

 9         Q.  And did you communicate with Alan Johnston 12:01:45

10    about that incident after it occurred?              12:01:48

11         A.  No.                                         12:01:50

12         Q.  Did you communicate with Brant Blakeman after 12:01:51

13    it occurred?                                        12:01:55

14         A.  No.                                         12:01:56

15         Q.  And did you communicate with anybody about 12:01:56

16    the incident after it occurred aside from the police 12:01:59

17    officers?                                           12:02:01

18         MS. HURLEY:  And aside from conversations      12:02:02

19    that you had with attorneys.                        12:02:03

20         MS. WOLFF:  Of course.                         12:02:04

21         THE WITNESS:  No.                              12:02:05

22    BY MS. WOLFF:                                        12:02:05

23         Q.  So, I want to play for you a couple of short 12:02:06

24    videos that Brant Blakeman filmed from that morning. 12:02:16

25    And I'm just going to ask you a couple of questions 12:02:22
```

131

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1    about them.                                           12:02:25

 2         A.  All right.                                   12:02:25

 3         Q.  The first one that I'm going to play is bates 12:02:26

 4    number D-F-T point or period BB.000081.               12:02:29

 5              MR. GLOS:  Sorry, could you please just read 12:02:39

 6    that again for me.                                    12:02:41

 7              MS. WOLFF:  Sure.  It's D-F-T point         12:02:42

 8    BB.000081.  Sorry, one second.                        12:03:03

 9              Can you see that okay?                       12:03:22

10              THE WITNESS:  Yeah.                          12:03:23

11              MR. GLOS:  Have you seen this?              12:03:36

12                                                          12:03:38

13              (Discussion held off the record.)           12:03:38

14                                                          12:04:25

15    BY MS. WOLFF:                                         12:04:25

16         Q.  That was the first video.  Sorry, let me ask 12:04:25

17    you some questions about that one first.              12:04:29

18         A.  Okay.                                        12:04:31

19         Q.  Do you recall observing any of that          12:04:32

20    interaction?                                          12:04:35

21         A.  No.  That was obnoxious.                     12:04:36

22         Q.  Do you recall observing any of that?         12:04:38

23         A.  No.                                          12:04:40

24         Q.  So, you weren't present at that time?        12:04:40

25         A.  I mean, I was getting ready to go surfing,   12:04:43
```

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | but I didn't see, like hear any of that.  I heard | 12:04:45 |
| 2 | some things going on and that's, wow, I didn't know | 12:04:49 |
| 3 | exactly what was said, but it looked obnoxious to me. | 12:04:54 |
| 4 | Q.  And is that Alan Johnston in the video? | 12:04:59 |
| 5 | A.  Yeah. | 12:05:01 |
| 6 | Q.  And is that the woman that you recall seeing | 12:05:02 |
| 7 | that day? | 12:05:05 |
| 8 | A.  Yeah, yeah, and the friend with her. | 12:05:05 |
| 9 | Q.  And after watching that video, does that | 12:05:12 |
| 10 | change any of your previous answers; does that | 12:05:16 |
| 11 | refresh your recollection in anyway? | 12:05:18 |
| 12 | A.  No. | 12:05:20 |
| 13 | MS. HURLEY:  Objection, over broad, yeah, | 12:05:20 |
| 14 | fine. | 12:05:22 |
| 15 | BY MS. WOLFF: | 12:05:22 |
| 16 | Q.  No? | 12:05:22 |
| 17 | A.  No. | 12:05:23 |
| 18 | MS. WOLFF:  Okay.  And then, sorry guys, I'll | 12:05:26 |
| 19 | play the other one. | 12:05:28 |
| 20 | | 12:06:29 |
| 21 | (Discussion held off the record.) | 12:06:29 |
| 22 | | 12:06:30 |
| 23 | MS. HURLEY:  Was that a different bates | 12:06:30 |
| 24 | number? | 12:06:32 |
| 25 | MS. WOLFF:  Yeah.  Sorry.  That was bates | 12:06:32 |

133

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | D-F-T point BB.000082. | 12:06:36 |
| 2 | MS. HURLEY:  Okay. | 12:06:44 |
| 3 | BY MS. WOLFF: | 12:06:45 |
| 4 | Q.  Do you recall seeing that interaction that's | 12:06:45 |
| 5 | recorded on that video while you were there that day? | 12:06:48 |
| 6 | A.  No. | 12:06:51 |
| 7 | Q.  Had you gone surfing by then do you think? | 12:06:51 |
| 8 | A.  Yeah, yeah. | 12:06:54 |
| 9 | Q.  Okay.  And again, that was Alan Johnston in | 12:06:54 |
| 10 | the video? | 12:06:59 |
| 11 | A.  Yes. | 12:07:00 |
| 12 | Q.  Did you hear Brant Blakeman's voice as well | 12:07:00 |
| 13 | in that video? | 12:07:03 |
| 14 | A.  Yeah. | 12:07:04 |
| 15 | Q.  And those were the two women that you recall | 12:07:04 |
| 16 | seeing that day as well -- | 12:07:07 |
| 17 | A.  Yes. | 12:07:08 |
| 18 | Q.  -- in the video? | 12:07:08 |
| 19 | A.  Uh-huh. | 12:07:09 |
| 20 | Q.  And you spoke with Ms. Reed on another | 12:07:10 |
| 21 | occasion after that incident; didn't you? | 12:07:17 |
| 22 | A.  No. | 12:07:20 |
| 23 | Q.  That was the only time that you've ever | 12:07:20 |
| 24 | spoken with her? | 12:07:23 |
| 25 | A.  Yeah. | 12:07:25 |

134

Atkinson-Baker Court Reporters
www.depo.com

```
 1        Q.  Have you ever seen her since then?          12:07:25

 2        A.  I saw her one other time, yes.              12:07:28

 3        Q.  Do you remember when that was?              12:07:30

 4        A.  That was -- I don't remember.  It was after 12:07:32

 5   that happened, a couple of months, maybe a month     12:07:40

 6   after.                                               12:07:43

 7        Q.  And what was -- I'm sorry.                  12:07:43

 8            Where did you see her?                      12:07:47

 9        A.  She was just down at the -- she was at the  12:07:48

10   cliff where we surf down at the Bay and just sitting 12:07:52

11   down there.                                          12:07:56

12        Q.  At the patio?                               12:07:56

13        A.  Yeah.                                       12:07:58

14        Q.  And what were you doing that day?           12:07:58

15        A.  I was surfing.                              12:08:00

16        Q.  Were you in the water when you saw her?     12:08:01

17        A.  No.  I came in and I just saw her.  She was 12:08:03

18   sitting at the patio and that's all.                 12:08:05

19        Q.  Did you go to the patio at all?             12:08:08

20        A.  No, but I kind of put my stuff by the patio.12:08:10

21   So, I just saw her there, you know.                  12:08:13

22        Q.  And you didn't say anything to her?         12:08:15

23        A.  No, not one thing.                          12:08:18

24        Q.  Was anyone else there that day on the patio?12:08:19

25   I'm sorry.                                           12:08:23
```

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

1      A.  There were a couple of people.  I don't know          12:08:23

2  exactly who it was, but there were a couple of people         12:08:26

3  there.                                                         12:08:29

4      Q.  On the patio with her?                                12:08:29

5      A.  On the patio, yeah.                                    12:08:30

6      Q.  Do you recall who was there?                           12:08:32

7      A.  I don't recall who was there exactly, but I            12:08:33

8  know that there were a couple of people.                       12:08:36

9      Q.  Do you know if they were people that you knew          12:08:38

10  at the time or were they people that you had never            12:08:40

11  seen before?                                                  12:08:43

12      A.  I don't know exactly.  My stuff wasn't on the         12:08:45

13  patio.  She was, you know, there's not that many,            12:08:49

14  she's pretty noticeable in the area.                          12:08:53

15          I saw her, that was the girl that I saw that          12:08:56

16  came down the other time.  I got my stuff and went up         12:09:00

17  the trail.  That's what I usually do.                         12:09:04

18      Q.  So, you saw her when you were on your way in          12:09:06

19  from surfing?                                                 12:09:10

20      A.  Yeah.                                                 12:09:10

21          MS. WOLFF:  So, Ms. Reed had a conversation           12:09:13

22  with a surfer at Lunada Bay after the February 13th          12:09:15

23  incident.  And she recorded the conversation on her           12:09:20

24  phone.                                                        12:09:22

25          And there's only audio.  There's not video to         12:09:23

136

Charles Ferrara
July 7, 2017

| | | |
|---|---|---|
| 1 | A.   No.   I know that I've never surfed with him. | 12:55:53 |
| 2 | Q.   And you don't think that you've ever seen him | 12:55:56 |
| 3 | at Lunada Bay? | 12:55:59 |
| 4 | A.   No, I've never seen him at Lunada Bay. | 12:56:00 |
| 5 | Q.   Okay.   Do you know who Corey Spencer is, | 12:56:01 |
| 6 | outside of conversations with attorney? | 12:56:04 |
| 7 | A.   I don't know him outside of conversations | 12:56:06 |
| 8 | with my attorney. | 12:56:08 |
| 9 | Q.   Okay.   Do you know who Ken Claypool is? | 12:56:09 |
| 10 | A.   No. | 12:56:13 |
| 11 | Q.   Do you know who Grace Claypool is? | 12:56:13 |
| 12 | A.   No. | 12:56:16 |
| 13 | Q.   Do you know who Jordan Wright is? | 12:56:16 |
| 14 | A.   No. | 12:56:19 |
| 15 | Q.   Have you ever been arrested? | 12:56:19 |
| 16 | MS. HURLEY:   Objection, you can ask him if he | 12:56:23 |
| 17 | has ever had any felony convictions, but as to any | 12:56:26 |
| 18 | arrest, I'll go ahead and instruct him not to answer | 12:56:29 |
| 19 | as to the right of privacy. | 12:56:32 |
| 20 | BY MS. WOLFF: | 12:56:34 |
| 21 | Q.   Have you ever had any convictions? | 12:56:35 |
| 22 | MS. HURLEY:   Felony convictions is the only | 12:56:36 |
| 23 | response that he's giving.   So, only felony | 12:56:39 |
| 24 | convictions you can answer. | 12:56:42 |
| 25 | THE WITNESS:   No. | 12:56:43 |

175

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1              THE REPORTER:  Counsel, do you want a copy
 2    of the deposition?
 3              MR. GLOS:  Yes.
 4              MS. VU:  No.
 5              MR. DIEFFENBACH:  Yes.
 6              MS. MCLAUGHLIN:  Yes.
 7              MS. HURLEY:  Yes.
 8              MR. HAVEN:  Yes.
 9
10
11              (Whereupon, the deposition of
12              CHARLES FERRARA commenced at
13              9:36 a.m. and concluded at
14              1:40 p.m.)
15
16
17
18
19
20
21
22
23
24
25
```

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1   STATE OF CALIFORNIA    )
                            )
 2   COUNTY OF LOS ANGELES )

 3

 4

 5

 6           I, the undersigned, declare under penalty of

 7   perjury that I have read the foregoing transcript, and I

 8   have made any corrections, additions, or deletions that

 9   I was desirous of making; that the foregoing is a true

10   and correct transcript of my testimony contained

11   therein.

12

13           EXECUTED this _____ day of _____,

14   20_____, at _____, _____.

15                         (City)              (State)

16

17

18

19
     _____
20   CHARLES FERRARA

21

22

23

24

25
```

Charles Ferrara
July 7, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
1                    REPORTER'S CERTIFICATE

2

3           I, ANGELIQUE MELODY FERRIO, C.S.R. NO. 6979, a

4    Certified Shorthand Reporter, certify:

5           That the foregoing proceedings were taken

6    before me at the time and place therein set forth, at

7    which time the witness was put under oath by me;

8           That the testimony of the witness and all

9    objections made at the time of the examination were

10   recorded stenographically by me and were thereafter

11   transcribed;

12          That the foregoing is a true and correct

13   transcript of my shorthand notes so taken.

14          I further certify that I am not a relative or

15   employee of any attorney or of any of the parties, nor

16   financially interested in the action.

17          I declare under penalty of perjury under the

18   law of the State of California that the foregoing is

19   true and correct.

20          Dated this 7th day of July, 2017.

21

22

23          _____

24          Angelique Melody Ferrio
            CSR No. 6979
25
```

196

Charles Ferrara
July 7, 2017

```
 1              REPORTER'S CERTIFICATION OF CERTIFIED COPY

 2

 3

 4          I, ANGELIQUE MELODY FERRIO, CSR No. 6979, a

 5   Certified Shorthand Reporter in the State of California,

 6   certify that the foregoing pages are a true and correct

 7   copy of the original deposition of CHARLES FERRARA,

 8   taken on Friday, July 7, 2017.

 9          I declare under penalty of perjury under the

10   laws of the State of California that the foregoing is

11   true and correct.

12          Dated this 7th day of July, 2017.

13

14

15

16

17               _____

18               Angelique Melody Ferrio
                 CSR No. 6979
19

20

21

22

23

24

25
```

# Exhibit L

```
 1                UNITED STATES DISTRICT COURT
 2               CENTRAL DISTRICT OF CALIFORNIA
 3                     WESTERN DIVISION
 4
 5   CORY SPENCER, an individual; ) Case No.
     DIANA MILENA REED, an        ) 2:16-cv-02129-SJO-RAO
 6   individual; and COASTAL      )
     PROTECTION RANGERS, INC., a   )
 7   California non-profit public )
     benefit corporation,         )
 8                                )
                      Plaintiffs, )
 9                                )
           v.                     )
10                                )
     LUNADA BAY BOYS; THE         )
11   INDIVIDUAL MEMBERS OF THE    )
     LUNADA BAY BOYS, including   )
12   but not limited to SANG LEE, )
     BRANT BLAKEMAN, ALAN JOHNSTON )
13   aka JALIAN JOHNSTON, MICHAEL )
     RAE PAPAYANS, ANGELO FERRARA, )
14   FRANK FERRARA, CHARLIE       )
     FERRARA and N.F.; CITY OF    )
15   PALOS VERDES ESTATES;        )
     CHIEF OF POLICE JEFF KEPLEY, )
16   in his representative        )
     capacity; and DOES 1-10,     )
17                                )
                      Defendants. )
18   _____)
19           DEPOSITION OF CORY ELDON SPENCER
20              Los Angeles, California
21              Tuesday, October 11, 2016
22
23   Reported by:
24   Carmen R. Sanchez
25   CSR No. 5060
```

                                                    Page 1

```
 1              UNITED STATES DISTRICT COURT
 2              CENTRAL DISTRICT OF CALIFORNIA
 3                    WESTERN DIVISION
 4
 5    CORY SPENCER, an individual;  ) Case No.
      DIANA MILENA REED, an          ) 2:16-cv-02129-SJO-RAO
 6    individual; and COASTAL        )
      PROTECTION RANGERS, INC., a     )
 7    California non-profit public    )
      benefit corporation,           )
 8                                    )
                      Plaintiffs,     )
 9                                    )
             v.                       )
10                                    )
      LUNADA BAY BOYS; THE           )
11    INDIVIDUAL MEMBERS OF THE      )
      LUNADA BAY BOYS, including      )
12    but not limited to SANG LEE,   )
      BRANT BLAKEMAN, ALAN JOHNSTON )
13    aka JALIAN JOHNSTON, MICHAEL   )
      RAE PAPAYANS, ANGELO FERRARA,  )
14    FRANK FERRARA, CHARLIE         )
      FERRARA and N.F.; CITY OF      )
15    PALOS VERDES ESTATES;          )
      CHIEF OF POLICE JEFF KEPLEY,   )
16    in his representative           )
      capacity; and DOES 1-10,       )
17                                    )
                      Defendants.     )
18    _____)
19
20           Deposition of CORY ELDON SPENCER, taken
21    on behalf of defendants, at 777 South Figueroa Street,
22    Suite 4550, Los Angeles, California, beginning at
23    10:01 a.m. and ending at 6:35 p.m., on Tuesday,
24    October 11, 2016, before Carmen R. Sanchez,
25    Certified Shorthand Reporter No. 5060.
```

Page 2

```
 1     APPEARANCES:
 2     For the Plaintiffs:
 3             HANSON BRIDGETT LLP
               BY:  KURT A. FRANKLIN, ESQ.
 4             425 Market Street
               Twenty-sixth Floor
 5             San Francisco, California  94105
               Telephone:  (415) 777-3200
 6             Facsimile:  (415) 541-9366
               E-mail:  kfranklin@hansonbridgett.com
 7
               HANSON BRIDGETT LLP
 8             BY:  TYSON M. SHOWER, ESQ.
                    LANDON D. BAILEY, ESQ.
 9             500 Capitol Mall
               Suite 1500
10             Sacramento, California  95814
               Telephone:  (916) 442-3333
11             Facsimile:  (916) 442-2348
               E-mail:  tshower@hansonbridgett.com
12                      lbailey@hansonbridgett.com
               (NOT PRESENT)
13
               OTTEN LAW PC
14             BY:  VICTOR OTTEN, ESQ.
               3620 Pacific Coast Highway
15             Suite 100
               Torrance, California  90505
16             Telephone:  (310) 378-8533
               Facsimile:  (310) 347-4225
17             E-mail:  vic@ottenlawpc.com
               (TELEPHONIC APPEARANCE)
18
19
20
21                         Continued ....
22
23
24
25
```

Continued ....

                                                    Page  3

```
 1     APPEARANCES (CONTINUED):
 2     For the Defendants City of Palos Verdes Estates and
       Chief of Police Jeff Kepley:
 3
               KUTAK ROCK LLP
 4             BY:  ANTOINETTE P. HEWITT, ESQ.
               5 Park Plaza
 5             Suite 1500
               Irvine, California  92614-8595
 6             Telephone:  (949) 417-0999
               Facsimile:  (949) 417-5394
 7             E-mail:  Antoinette.Hewitt@KutakRock.com
 8     For the Defendant Brant Blakeman:
 9             VEATCH CARLSON, LLP
               BY:  JOHN P. WORGUL, ESQ.
10             1055 Wilshire Boulevard
               Eleventh Floor
11             Los Angeles, California  90017
               Telephone:  (213) 381-2861
12             Facsimile:  (213) 383-6370
               E-mail:  jworgul@veatchfirm.com
13
       For the Defendant Michael Rae Papayans:
14
               HAVEN LAW
15             BY:  PETER T. HAVEN, ESQ.
               1230 Rosecrans Avenue
16             Suite 300
               Manhattan Beach, California  90266
17             Telephone:  (310) 272-5353
               Facsimile:  (213) 477-2137
18             E-mail:  peter@havenlaw.com
19     For the Defendant Sang Lee:
20             LEWIS BRISBOIS BISGAARD & SMITH LLP
               BY:  TERA A. LUTZ, ESQ.
21             633 West 5th Street
               Suite 4000
22             Los Angeles, California  90071
               Telephone:  (213) 250-1800
23             Facsimile:  (213) 250-7900
               E-mail:  Tera.Lutz@lewisbrisbois.com
24
                          Continued ....
25
```

Page  4

```
1    APPEARANCES (CONTINUED):
2    For the Defendant Sang Lee:
3            BOOTH, MITCHEL & STRANGE
             BY:  DANIEL M. CROWLEY, ESQ.
4            707 Wilshire Boulevard
             Suite 4450
5            Los Angeles, California  90017
             Telephone:  (213) 738-0100
6            Facsimile:  (213) 380-3308
             E-mail:  dmcrowley@boothmitchel.com
7
     For the Defendants Angelo Ferrara; N.F.
8    appearing through [Proposed] Guardian Ad Litem,
     Leonora Ferrara Attorney for Petitioner:
9
             LAW OFFICES OF MARK C. FIELDS, APC
10           BY:  MARK C. FIELDS, ESQ.
             333 South Hope Street
11           Thirty-fifth Floor
             Los Angeles, California  90071
12           Telephone:  (213) 617-5225
             Facsimile:  (213) 629-4520
13           E-mail:  fields@markfieldslaw.com
             (TELEPHONIC APPEARANCE AND PERSONAL APPEARANCE)
14
     For the Defendants Frank Ferrara and Charlie Ferrara:
15
             BREMER WHYTE BROWN & O'MEARA
16           BY:  LAURA L. BELL, ESQ.
             21271 Burbank Boulevard
17           Suite 110
             Woodland Hills, California  91367
18           Telephone:  (818) 712-9800
             Facsimile:  (818) 712-9900
19           E-mail:  lbell@bremerwhyte.com
             (TELEPHONIC APPEARANCE)
20
21
22
23
24                   Continued ....
25
```

                                              Page 5

```
 1      APPEARANCES (CONTINUED):
 2      For the Defendant Brant Blakeman:
 3              BUCHALTER NEMER, APC
                BY:  ROBERT S. COOPER, ESQ.
 4              1000 Wilshire Boulevard
                Suite 1500
 5              Los Angeles, California  90017
                Telephone:  (213) 891-5230
 6              Facsimile:  (213) 896-0400
                E-mail:  rcooper@buchalter.com
 7              (TELEPHONIC APPEARANCE)
 8      For the Defendant Angelo Ferrara:
 9              THE PHILLIPS FIRM
                BY:  MATTHEW E. VOSS, ESQ.
10              800 Wilshire Boulevard
                Suite 1550
11              Los Angeles, California  90017
                Telephone:  (213) 244-9913
12              Facsimile:  (213) 244-9915
                E-mail:  mvoss@thephillipsfirm.com
13              (TELEPHONIC APPEARANCE)
14      For the Defendant Alan Johnston aka Jalian Johnston:
15              LAW OFFICES OF J. PATRICK CAREY
                BY:  J. PATRICK CAREY, ESQ.
16              1230 Rosecrans Avenue
                Suite 300
17              Manhattan Beach, California  90266
                Telephone:  (310) 526-2237
18              Facsimile:  (310) 526-2237
                E-mail:  pat@patcareylaw.com
19              (NOT PRESENT)
20
21
22
23
24
25
```

Page  6

```
 1                     I N D E X
 2     WITNESS
 3     CORY ELDON SPENCER
 4     Examination by:                           Page
 5     MS. HEWITT                     11, 305, 337
 6     MR. FIELDS                              217
 7     MR. WORGUL          222, 306, 326, 343, 345
 8     MS. LUTZ                                306
 9     MR. HAVEN                      321, 336, 343
10     MR. FRANKLIN                            344
11
12                   E X H I B I T S
13     Defendants'                  Page        Page
       Exhibit      Description   Introduced   Marked
14
       Exhibit 40    Copy of a document
15                   entitled, "DEFENDANTS
                     CITY OF PALOS VERDES
16                   ESTATES AND CHIEF
                     OF POLICE JEFF
17                   KEPLEY'S NOTICE OF
                     DEPOSITION TO
18                   PLAINTIFF CORY
                     SPENCER"              21          21
19
       Exhibit 41    Copy of a document
20                   entitled, "CLASS
                     ACTION COMPLAINT
21                   AND JURY DEMAND"      29          29
22
23
24                   Continued ....
25
```

Page 7

```
 1                    I N D E X  (CONTINUED)
 2
 3                    E X H I B I T S
 4    Defendants'                          Page         Page
      Exhibit         Description          Introduced   Marked
 5
      Exhibit 42      Copy of an E-mail
 6                    dated March 05,
                      2016, from
 7                    Jeff Kepley to
                      Mark Velez;
 8                    Bates-stamped
                      CITY1807               158          158
 9
      Exhibit 43      Color copy of a
10                    photograph
                      taken at the
11                    deposition of
                      Cory Eldon
12                    Spencer depicting
                      his hand and scar     306          306
13
      Exhibit 44      Copy of a drawing
14                    made on yellow
                      legal pad paper
15                    by Mr. Worgul
                      during the
16                    deposition of
                      Cory Eldon
17                    Spencer               334          334
18
19
20
21
22
23
24                    Continued ....
25

                                                   Page  8
```

```
 1                    I N D E X (CONTINUED)

 2

 3              (The following exhibit was previously

 4          marked in a prior deposition and is attached

 5          herewith for reference purposes):

 6

 7                    E X H I B I T S

 8   Defendants'                                First Page

     Exhibit        Description                 Referenced

 9

     Exhibit 34     Copy of a document

10                  entitled,

                    "PLAINTIFFS'

11                  SUPPLEMENTAL

                    DISCLOSURES"                     205

12

13

14

15      QUESTIONS THE WITNESS WAS INSTRUCTED NOT TO ANSWER

16                      PAGE:    LINE:

17                        32      25

                          33      20

18                       135      20

                         223      10

19                       273       7

20

21

22

23

24

25

                                               Page  9
```

1                    Los Angeles, California

2           Tuesday, October 11, 2016, 10:01 a.m. - 6:35 p.m.

3

4              THE REPORTER:   Pursuant to the Federal Rules of

5      Civil Procedure, I am required to state the following:

6                    My name is Carmen R. Sanchez, a

7      certified court reporter with Hahn & Bowersock, A

8      Veritext Company, located at 20 Corporate Park,

9      Suite 350, Irvine, California.

10                   This is the deposition of

11     Cory Eldon Spencer, in the matter of Cory Spencer,

12     et al., vs. Lunada Bay Boys, et al., beginning at

13     10:01 a.m., on Tuesday, October 11, 2016.

14                   Counsel, will you please state your

15     appearances for the record.

16             MS. HEWITT:   Antoinette Hewitt for the city.

17             MR. WORGUL:   John Worgul for defendant

18     Brant Blakeman.

19             MR. HAVEN:   Peter Haven for defendant

20     Michael Papayans.

21             MR. CROWLEY:   Daniel Crowley with Booth,

22     Mitchel & Strange on behalf of Sang Lee.

23             MS. LUTZ:   Tera Lutz for defendant Sang Lee.

24             MR. COOPER:   Robert S. Cooper, Buchalter Nemer

25     for defendant Brant Blakeman telephonically.

                                                    Page 10

```
 1              MR. FIELDS:  Mark Fields for Angelo Ferrara and

 2      N.F. telephonically.

 3              MS. BELL:  Laura Bell for Frank Ferrara and

 4      Charlie Ferrara appearing telephonically.

 5              MR. FRANKLIN:  Kurt Franklin on behalf of

 6      Mr. Spencer and the other plaintiffs in this matter.

 7      And if I can, just as a matter of housekeeping, the

 8      plaintiffs would request under FRCP 30, the ability to

 9      review the transcript within 30 days.

10

11                      CORY ELDON SPENCER,

12      called as a witness by and on behalf of the

13      defendants, and having been first duly sworn

14      by the Certified Shorthand Reporter, was examined and

15      testified as follows:

16

17                      EXAMINATION

18      BY MS. HEWITT:

19          Q     Would you please state and spell your

20      name for the record.

21          A     Cory Spencer.

22              This is a microphone?  Cory Spencer, C-o

23      -- Cory Eldon Spencer, C-o-r-y E-l-d-o-n S-p-e-n-c-e-r.

24          Q     Have you ever given a deposition before?

25          A     I have.
```

Page 11

```
 1              A       Correct.

 2              Q       You did not experience any vandalism; is

 3      that correct?

 4              A       Correct.

 5              Q       All right.  And you did not experience

 6      anything that caused you to later to be fearful of

 7      later coming back to Lunada Bay; is that correct?

 8              A       Not on those times; correct.

 9              Q       Okay.

10                      All right.  If we go to the next

11      sentence, it starts at line 13, sir (as read):

12                      "But in January 2016, Spencer

13                      worked up his courage to surf Lunada Bay

14                      during a large winter swell."

15                      Going to a time period before

16      January 2016, is it true that you had never surfed

17      Lunada Bay before that time?

18              A       That's true.

19              Q       Okay.  So when you visited Lunada Bay

20      before you turned 20, you went to Lunada Bay but did

21      not surf; correct?

22              A       That's correct.

23              Q       All right.

24                      When you went during those four to five

25      times, did you go on the beach?
```

Page 62

1          A       That was the last time, and there's been

2     a few of those.

3          Q       Do you know the names of any of those

4     people who gave you those "kudos," for lack of a better

5     word?

6               MR. FRANKLIN:  Asked and answered.

7               THE WITNESS:  I do not.

8     BY MR. FIELDS:

9          Q       Of the people who gave you those kudos

10    and said, "Thank you for doing this.  The Bay Boys are

11    bad," however you want to phrase it, did any of them

12    specifically mention Angelo Ferrara?

13         A       That's a name that keeps coming up as

14    one of the more prominent names who has been involved

15    over the years.  Like I said, I can't identify to you a

16    Ferraro -- Ferrara from the next Ferrara, but that is a

17    very popular name associated with the Bay Boys through

18    casual conversations that I have had from people

19    thanking me in the surfing community for doing what I'm

20    doing.

21         Q       And the people who thanked you, they

22    haven't distinguished one Ferrara from the next to you?

23         A       No.  Just the name.  It's synonymous

24    with that place.

25         Q       With -- take a look at the supplemental

                                                Page  219

1          MS. LUTZ:  Yes.

2          THE REPORTER:  Mr. Franklin, did you want a

3    certified transcript?

4          MR. FRANKLIN:  Yes.

5                (Deposition proceedings concluded at

6    6:35 p.m.  Declaration under penalty of perjury on the

7    following page hereof.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                        Page  347

```
 1

 2

 3

 4                              ***

 5

 6           I do solemnly declare under penalty of

 7      perjury, under the laws of the State of California,

 8      that the foregoing is my deposition under oath; that

 9      these are the questions asked of me and my

10      answers thereto; that I have read same and have made

11      the necessary corrections, additions, or changes to

12      my answers that I deem necessary.

13           In witness thereof, I hereby subscribe my

14      name this _____ day of _____, 20_____.

15

16

17

18

19                       _____

20                            Witness Signature

21

22

23

24

25

                                                Page 348
```

```
 1              Certification of Court Reporter
 2                      Federal Jurat
 3
 4         I, the undersigned, a Certified Shorthand
 5    Reporter of the State of California do hereby certify:
 6         That the foregoing proceedings were taken
 7    before me at the time and place herein set forth;
 8    that any witnesses in the foregoing proceedings, prior
 9    to testifying, were placed under oath; that a verbatim
10    record of the proceedings was made by me using machine
11    shorthand which was thereafter transcribed under my
12    direction; further, that the foregoing is an accurate
13    transcription thereof.
14         That before completion of the deposition, a
15    review of the transcript [X] was [ ] was not requested.
16         I further certify that I am neither
17    financially interested in the action nor a relative or
18    employee of any attorney of any of the parties.
19         IN WITNESS WHEREOF, I have this date
20    subscribed my name.
21    Dated:  October 21, 2016
22
23
24              Carmen R. Sanchez
25              CSR No. 5060
```

Page 349

# Exhibit M

```
 1                   UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3                        WESTERN DIVISION

 4

 5   CORY SPENCER, an individual; DIANA   )
     MILENA REED, an individual; and      )
 6   COASTAL PROTECTION RANGERS, INC., a  )
     California non-profit public benefit )
 7   corporation,                         ) Case No.
                                          ) 2:16-cv-02129-SJO-RAO
 8                   Plaintiffs,          )
                                          )
 9            vs.                         )
                                          )
10   LUNADA BAY BOYS, et al.,             )
                                          )
11                   Defendants.          )
     _____)

12

13

14

15

16

17         VIDEOTAPED DEPOSITION OF DIANA MILENA REED

18                   Santa Monica, California

19                   Monday, October 24, 2016

20

21

22

23

24   REPORTED BY:
     Jimmy S. Rodriguez
25   CSR No. 13464

                                              Page 1
```

```
1                    UNITED STATES DISTRICT COURT

2                    CENTRAL DISTRICT OF CALIFORNIA

3                           WESTERN DIVISION

4

5    CORY SPENCER, an individual; DIANA   )
     MILENA REED, an individual; and      )
6    COASTAL PROTECTION RANGERS, INC., a  )
     California non-profit public benefit )
7    corporation,                         ) Case No.
                                          ) 2:16-cv-02129-SJO-RAO
8                       Plaintiffs,       )
                                          )
9               vs.                       )
                                          )
10   LUNADA BAY BOYS, et al.,             )
                                          )
11                      Defendants.       )
     _____ )

12

13

14

15

16

17

18        Videotaped deposition of DIANA MILENA REED, taken

19     before Jimmy Rodriguez, a Certified Shorthand Reporter for

20     the State of California, with principal office in the

21     County of Orange, commencing at 9:12 a.m., Monday,

22     October 24, 2016 at the Premier Business Centers - Santa

23     Monica, 401 Wilshire Boulevard, 12th Floor, Santa Monica,

24     California.

25

                                                        Page 2
```

```
1      APPEARANCES OF COUNSEL:
2      FOR PLAINTIFFS:
3                  HANSON BRIDGETT, LLP
                   BY:  KURT A. FRANKLIN, Esq.
4                  425 Market Street
                   26th Floor
5                  San Francisco, CA 94105
                   TEL:  (415) 777-3200
6                  FAX:  (415) 541-9366
                   Kfranklin@hansonbridgett.com
7
8      FOR DEFENDANTS, City of Palos Verdes Estates and Chief of
       Police Jeff Kepley:
9
                   KUTAK ROCK, LLP
10                 BY:  ANTOINETTE P. HEWITT, Esq.
                   5 Park Plaza
11                 Suite 1500
                   Irvine, CA 92614
12                 TEL:  (949) 417-0999
                   FAX:  (949) 417-5394
13                 Antoinette.hewitt@kutakrock.com
14
       FOR DEFENDANT, Brant Blakeman:
15
                   VEATCH CARLSON, LLP
16                 BY:  RICHARD P. DIEFFENBACH, Esq.
                   1055 Wilshire Boulevard
17                 11th Floor
                   Los Angeles, CA 90017
18                 TEL:  (213) 381-2861
                   FAX:  (213) 383-6370
19                 Rdieffenbach@veatchfirm.com
20                 BUCHALTER NEMER
                   BY:  ROBERT S. COOPER, Esq.
21                 1000 Wilshire Boulevard
                   Suite 1500
22                 Los Angeles, CA 90017
                   TEL:  (213) 891-0700
23                 FAX:  (213) 630-5609
                   Rcooper@buchalter.com
24
25
```

Page  3

```
 1      APPEARANCES OF COUNSEL (Continued):
 2     FOR DEFENDANT, Alan Johnston aka Jalian Johnston:
 3           LAW OFFICES OF J. PATRICK CAREY
             BY:  J. PATRICK CAREY, Esq.
 4           1230 Rosecrans Avenue
             Suite 300
 5           Manhattan Beach, CA 90266
             TEL:  (310) 526-2237
 6           Pat@patcareylaw.com
 7
       FOR DEFENDANT, Angelo Ferrara and N.F.:
 8
             LAW OFFICES OF MARK C. FIELDS, APC
 9           BY:  MARK C. FIELDS, Esq.
                  (Via Telephone)
10           333 South Hope Street
             35th Floor
11           Los Angeles, CA 90071
             TEL:  (213) 617-5225
12           FAX:  (213) 629-4520
             Fields@markfieldslaw.com
13
14     FOR DEFENDANT, Sang Lee:
15           LEWIS BRISBOIS BISGAARD & SMITH
             BY:  TERA A. LUTZ, Esq.
16           633 West 5th Street
             Suite 4000
17           Los Angeles, CA 90071
             TEL:  (213) 250-1800
18           FAX:  (213) 250-7900
             Tera.lutz@lewisbrisbois.com
19
20     FOR DEFENDANT, Sang Lee:
21           BOOTH MITCHEL & STRANGE, LLP
             BY:  DANIEL M. CROWLEY, Esq.
22           707 Wilshire Boulevard
             Suite 3000
23           Los Angeles, CA 90017
             TEL:  (213) 738-0100
24           FAX:  (213) 380-3308
             Dmcrowley@boothmitchel.com
25
```

Page 4

```
 1        APPEARANCES OF COUNSEL (Continued):
 2       FOR DEFENDANT, Michael Ray Papayans:
 3                HAVEN LAW
                  BY:  PETER T. HAVEN, Esq.
 4                1230 Rosecrans Avenue
                  Suite 300
 5                Manhattan Beach, CA 90266
                  TEL:  (213) 842-4617
 6                FAX:  (213) 477-2137
                  Peter@havenlaw.com
 7
 8       Also Present:
 9                MARNIE LEVY, Videographer
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 5

```
 1                         I N D E X

 2

 3    EXAMINATIONS                                 PAGE

 4    BY MS. HEWITT                                9

 5

 6

 7                       E X H I B I T S

 8

 9    Exhibit       Description                    PAGE

10    Exhibit 50    notice of deposition           41

11

12

13                 PREVIOUSLY MARKED EXHIBITS

14

15    Exhibit       Description                    PAGE

16    Exhibit 41    complaint                      97

17

18

19              WITNESS INSTRUCTED NOT TO ANSWER

20                        (None)

21

22

23                 INFORMATION REQUESTED

24                        (None)

25

                                        Page  6
```

```
 1              Monday, October 24, 2016, 9:12 a.m.

 2               Santa Monica, California

 3                                                09:12

 4         THE VIDEOGRAPHER:  Good morning.  We are   09:12

 5    on the record at 9:12 a.m. on Monday, October 24,  09:12

 6    2016.  This is the video recorded deposition of   09:13

 7    Ms. Diana Milena Reed.  My name is Marnie Levy,   09:13

 8    certified legal video specialist here with our court  09:13

 9    reporter Jim Rodriguez.  We are here from Veritext   09:13

10    Legal Solutions, and we are here representing the   09:13

11    defendants.                                       09:13

12         This deposition is being held at 401        09:13

13    Wilshire Boulevard, 12th floor, in Santa Monica,   09:13

14    California.  The caption of this case is Cory      09:13

15    Spencer, et al., versus Lunada Bay Boys, case number  09:13

16    2:16-cv-02129-SJO-RAO.                            09:13

17         Please note that audio and video recording   09:13

18    will take place unless all parties agree to go off  09:13

19    the record.  I am not related to any party in this  09:13

20    action nor am I financially interested in the      09:13

21    outcome in any way.                               09:14

22         If there are any objections to proceeding,   09:14

23    please state them at the time of your appearance   09:14

24    beginning with the noticing attorney.             09:14

25         Thank you, the witness will be sworn in      09:14
```

Page 7

| | | |
|---|---|---|
| 1 | and counsel may begin the examination. | 09:14 |
| 2 | | 09:14 |
| 3 | DIANA MILENA REED, | |
| 4 | produced as a witness and having been first duly | |
| 5 | sworn by the Certified Shorthand Reporter, was | |
| 6 | examined and testified as follows: | |
| 7 | | |
| 8 | MS. HEWITT:  Before we begin, may I have | 09:14 |
| 9 | all counsel state their appearances on the record | 09:14 |
| 10 | please, and I'll begin with myself. | 09:14 |
| 11 | Antoinette Hewitt from Kutak Rock for the | 09:14 |
| 12 | City of Palos Verdes Estates and Police | 09:14 |
| 13 | Chief Kepley. | 09:14 |
| 14 | MR. HAVEN:  Good morning, Peter Haven for | 09:14 |
| 15 | defendant Michael Papayans. | 09:14 |
| 16 | MS. LUTZ:  Good morning, Tera Lutz for | 09:14 |
| 17 | Defendant Sang Lee. | 09:14 |
| 18 | MR. CAREY:  Good morning, Pat Carey for | 09:14 |
| 19 | defendant Alan Johnston. | 09:14 |
| 20 | MR. DIEFFENBACH:  Richard Dieffenbach for | 09:14 |
| 21 | Brant Blakeman, defendant. | 09:14 |
| 22 | MR. CROWLEY:  Daniel Crowley for Sang Lee. | 09:14 |
| 23 | MR. FRANKLIN:  Kurt Franklin on behalf of | 09:14 |
| 24 | Ms. Diana Milena Reed and the other plaintiffs in | 09:14 |
| 25 | this matter and the putative class. | 09:15 |

Page 8

```
 1              As a quick matter of housekeeping, just so     09:15
 2    I can get it out early, the plaintiffs will be           09:15
 3    requesting under Rule 30 that they have the              09:15
 4    opportunity to review the transcript under the           09:15
 5    federal rules.                                           09:15
 6              MS. HEWITT:   Thank you.                        09:15
 7              On the phone?                                   09:15
 8              MR. FIELDS:   Mark Fields for Angelo            09:15
 9    Ferrara and NF.                                           09:15
10              MS. HEWITT:   Anybody else on the phone?        09:15
11              Thank you.   And would you please mute the     09:15
12    phone?   Thank you.                                       09:15
13                                                              09:15
14                        EXAMINATION                           09:15
15    BY MS. HEWITT:                                            09:15
16        Q    Would you please state and spell your name     09:15
17    for the record?                                          09:15
18        A    My name is Diana Milena Reed.  D-i-a-n-a.      09:15
19    M-i-l-e-n-a.  R-e-e-d.                                   09:15
20        Q    Thank you.  Have you ever had your             09:15
21    deposition taken before?                                09:15
22        A    Yes, I have had a deposition taken before.    09:15
23        Q    How many times?                                 09:15
24        A    One time.                                       09:15
25        Q    And was it in connection with a lawsuit?      09:15
```

Page 9

| | | | |
|---|---|---|---|
| 1 | A | Yes. | 09:23 |
| 2 | Q | Were any other attorneys there? | 09:23 |
| 3 | A | No. | 09:23 |
| 4 | Q | Did you review any documents at the time? | 09:23 |
| 5 | A | Yes, I did. | 09:23 |
| 6 | Q | Did any of them refresh your recollection | 09:23 |
| 7 | | about any of the events in this matter? | 09:23 |
| 8 | A | Yes. | 09:23 |
| 9 | Q | Which documents were those? | 09:23 |
| 10 | A | I reviewed a letter from Mr. Otten to the | 09:23 |
| 11 | | police.  I also reviewed a police report.  And I | 09:23 |
| 12 | | believe those were the only two documents that I | 09:23 |
| 13 | | reviewed. | 09:23 |
| 14 | Q | Okay.  As to the police report, do you | 09:23 |
| 15 | | remember what incident that pertained to? | 09:23 |
| 16 | A | Yes.  It pertained to the incident on | 09:23 |
| 17 | | February 13th. | 09:23 |
| 18 | Q | Okay.  Anything else that you can remember | 09:24 |
| 19 | | that you -- I'm sorry -- that you reviewed, that | 09:24 |
| 20 | | refreshed your recollection? | 09:24 |
| 21 | A | Yes, I did review other material as well. | 09:24 |
| 22 | Q | That refreshed your recollection? | 09:24 |
| 23 | A | Yes. | 09:24 |
| 24 | Q | What were the other materials that you | 09:24 |
| 25 | | reviewed? | 09:24 |

Page 17

| | | |
|---|---|---|
| 1 | A    I also reviewed an audio recording. | 09:24 |
| 2 | Q    Okay.  What else? | 09:24 |
| 3 | A    And I reviewed some photos that were part | 09:24 |
| 4 | of the complaint.  And I also, you know, reviewed | 09:24 |
| 5 | the complaint as well, it's another document. | 09:24 |
| 6 | Q    Anything else? | 09:24 |
| 7 | A    That's all I can remember at this time. | 09:24 |
| 8 | Q    All right.  The audio recording, what did | 09:24 |
| 9 | that pertain to? | 09:24 |
| 10 | A    The audio recording pertained to a | 09:24 |
| 11 | conversation that I had with Charlie Ferrara. | 09:25 |
| 12 | Q    Okay.  Did you actually listen to the | 09:25 |
| 13 | recording? | 09:25 |
| 14 | A    Yes, I did. | 09:25 |
| 15 | Q    Did you review a transcript of it as well? | 09:25 |
| 16 | A    I did not review a transcript of it. | 09:25 |
| 17 | MR. FRANKLIN:  I don't mean to interrupt, | 09:25 |
| 18 | but probably most plaintiff's lawyers maybe don't do | 09:25 |
| 19 | this, but these are the documents she reviewed. | 09:25 |
| 20 | MS. HEWITT:  That's nice. | 09:25 |
| 21 | MR. FRANKLIN:  Including a thumb drive of | 09:25 |
| 22 | the audio and video. | 09:25 |
| 23 | MS. HEWITT:  Thank you, Mr. Franklin. | 09:25 |
| 24 | This is -- Mr. Franklin has provided to us a Sandisk | 09:25 |
| 25 | drive, it's red; as well as a stack of documents | 09:25 |

Page 18

| | | |
|---|---|---|
| 1 | attempt. | 11:50 |
| 2 | Q    I think earlier we decided that we weren't | 11:50 |
| 3 | sure whether or not you'd been to Lunada Bay before | 11:50 |
| 4 | that day. | 11:50 |
| 5 | A    I didn't say that. | 11:50 |
| 6 | Q    My fault. | 11:50 |
| 7 | Had you been to Lunada Bay before | 11:50 |
| 8 | January 29, 2016? | 11:50 |
| 9 | A    I had been to the top of the bluff. | 11:50 |
| 10 | Q    Top of the bluff, okay. | 11:50 |
| 11 | Do you remember -- is it like towards the | 11:50 |
| 12 | beginning of January, middle of January? | 11:50 |
| 13 | A    It was towards the beginning of January. | 11:50 |
| 14 | I think that it was around the 6th of January | 11:50 |
| 15 | approximately. | 11:50 |
| 16 | Q    And before that time on approximately the | 11:50 |
| 17 | 6th of January, had you ever been to the top of the | 11:50 |
| 18 | bluff at Lunada Bay before? | 11:50 |
| 19 | A    I don't think so.  I may have at one point | 11:51 |
| 20 | driven up the coast looking at the coast, but I | 11:51 |
| 21 | don't know if I stopped at Lunada Bay or not.  And | 11:51 |
| 22 | that wasn't for surfing.  It was for scenic reasons. | 11:51 |
| 23 | Q    Okay.  Just to be clear so I don't get it | 11:51 |
| 24 | wrong again:  Before January 6, 2016, had you ever | 11:51 |
| 25 | been down to the beach at Lunada Bay? | 11:51 |

Page 104

```
 1        A     I didn't go down to the beach on          11:51

 2   January 6th.                                          11:51

 3        Q     I understand that, I'm just making sure    11:51

 4   before that date you had never gone to the beach      11:51

 5   there?                                                11:51

 6        A     No.                                        11:51

 7        Q     And had you ever stopped at Lunada Bay at  11:51

 8   all before January 6, 2016?                           11:51

 9             MR. FRANKLIN:  Asked and answered.          11:52

10             THE WITNESS:  Yeah, I may have when I was   11:52

11   looking at the coast, I don't know.                   11:52

12   BY MS. HEWITT:                                        11:52

13        Q     Okay.  So in January 6, 2016, where did    11:52

14   you stop on the bluff?                                11:52

15        A     I went there to watch my friend surf.      11:52

16        Q     Who was that?                              11:52

17        A     It was a big day.  Much too big for me.    11:52

18             So I just went there to watch.              11:52

19        Q     Who was your friend?                       11:52

20        A     Well, my friend Jordan Wright, boyfriend,  11:52

21   and his friends.                                      11:52

22        Q     Who was his friends that you went to       11:52

23   watch?                                                11:52

24        A     One of them was my friend Preston, I don't 11:52

25   remember his last name.  A friend of Jordan's called  11:52
```

Page 105

| | | |
|---|---|---|
| 1 | A    I was too scared to do anything. | 13:57 |
| 2 | Q    Okay.  At some point did you get in touch | 13:57 |
| 3 | with any police that were at the beach or the bluff | 13:57 |
| 4 | in order to get a police escort down to the beach? | 13:57 |
| 5 | MR. FRANKLIN:  Lacks foundation. | 13:57 |
| 6 | THE WITNESS:  At what point?  I'm having | 13:57 |
| 7 | trouble understanding the question. | 13:57 |
| 8 | BY MS. HEWITT: | 13:57 |
| 9 | Q    At any time, on February 13th, did you | 13:57 |
| 10 | talk to the police at all that day about assisting | 13:57 |
| 11 | you with regard to any harassment at Lunada Bay? | 13:57 |
| 12 | MR. FRANKLIN:  Vague and ambiguous. | 13:57 |
| 13 | THE WITNESS:  Can you be more specific | 13:57 |
| 14 | please? | 13:57 |
| 15 | BY MS. HEWITT: | 13:57 |
| 16 | Q    Did you talk to the police at all that | 13:57 |
| 17 | day? | 13:57 |
| 18 | MR. FRANKLIN:  Vague and ambiguous. | 13:57 |
| 19 | THE WITNESS:  I spoke to the police on | 13:57 |
| 20 | February 13th, yes. | 13:57 |
| 21 | BY MS. HEWITT: | 13:57 |
| 22 | Q    So when did you speak to them? | 13:57 |
| 23 | A    I, you know, after I made it up the trail, | 13:57 |
| 24 | I saw a police car parked on the bluff and I | 13:58 |
| 25 | approached them immediately, I was in tears, and I | 13:58 |

Page 181

| | | |
|---|---|---|
| 1 | told them what had happened down there. | 13:58 |
| 2 |     Q    Okay.  And what did the police officer do? | 13:58 |
| 3 |     A    He -- he listened to what I had to say | 13:58 |
| 4 | and, you know, I don't remember the exact sequence | 13:58 |
| 5 | of events.  I know he eventually took a report.  I | 13:58 |
| 6 | don't know if he took the report or if someone else | 13:58 |
| 7 | took a report but I know a report was taken, and I | 13:58 |
| 8 | know that at one point a police officer escorted me | 13:58 |
| 9 | back down the trail to try and see if those | 13:58 |
| 10 | individuals were still down there and try to | 13:58 |
| 11 | identify them. | 13:58 |
| 12 |     Q    Do you remember how many police officers | 13:58 |
| 13 | there were? | 13:58 |
| 14 |     A    I don't, no. | 13:58 |
| 15 |     Q    Do you remember at some point there being | 13:59 |
| 16 | three or four? | 13:59 |
| 17 |     A    I don't remember the amount. | 13:59 |
| 18 |     Q    All right.  Did you ask the police officer | 13:59 |
| 19 | to do anything specific? | 13:59 |
| 20 |     A    What I remember is I remember telling them | 13:59 |
| 21 | what happened and I remember filing the report and I | 13:59 |
| 22 | remember going down there to try and identify the | 13:59 |
| 23 | individual. | 13:59 |
| 24 |     Q    And were you able to -- I'm sorry I | 13:59 |
| 25 | interrupted you? | 13:59 |

Page 182

| | | |
|---|---|---|
| 1 | A    No, no problem. | 13:59 |
| 2 | He wasn't down there when we went down | 13:59 |
| 3 | there; all we found was a broken board that | 13:59 |
| 4 | resembled the board that I had seen him use. | 13:59 |
| 5 | Q    Did you go back down to the fort? | 13:59 |
| 6 | A    I went back down there with the police. | 13:59 |
| 7 | Q    Were there people in the fort still? | 13:59 |
| 8 | A    There were some people in the fort, | 13:59 |
| 9 | Charlie was down there as well. | 13:59 |
| 10 | Q    How do you know that was Charlie? | 13:59 |
| 11 | A    Because the police said, "Hi, Charlie" and | 13:59 |
| 12 | apparently the police said that he knew him. | 14:00 |
| 13 | Q    Okay. | 14:00 |
| 14 | MS. HEWITT:  What time is it?  Where are | 14:00 |
| 15 | we at?  Are we at 3:30? | 14:00 |
| 16 | MR. FRANKLIN:  I have 3:31, but -- | 14:00 |
| 17 | THE VIDEOGRAPHER:  Yes, that's probably | 14:00 |
| 18 | it. | 14:00 |
| 19 | MS. HEWITT:  We're concluding. | 14:00 |
| 20 | THE VIDEOGRAPHER:  Okay.  This concludes | 14:00 |
| 21 | Volume 1 deposition of Ms. Diana Milena Reed, we are | 14:00 |
| 22 | off the record at 2:00 o'clock. | 14:00 |
| 23 | (Whereupon the deposition was concluded at | |
| 24 | 2:00 p.m.) | |
| 25 | | |

Page 183

1                 (DECLARATION UNDER PENALTY OF PERJURY ON

2     THE FOLLOWING PAGE HEREOF.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 184

1                              ***

2

3

4          I, DIANA MILENA REED, do solemnly declare

5     under penalty of perjury that the foregoing is my

6     deposition under oath; that these are the questions

7     asked of me and my answers thereto; that I have read

8     same and have made the necessary corrections,

9     additions, or changes to my answers that I deem

10    necessary.

11         It witness thereof, I hereby subscribe my

12    name this day of _____, 2016.

13

14

15

16

17

18

19                 _____

20                      WITNESS SIGNATURE

21

22

23

24

25

                                        Page 185

```
 1              Certification of Court Reporter

 2                        Federal Jurat

 3

 4        I, the undersigned, a Certified Shorthand

 5   Reporter of the State of California do hereby

 6   certify:

 7            That the foregoing proceedings were taken

 8   before me at the time and place herein set forth;

 9   that any witnesses in the foregoing proceedings,

10   prior to testifying, were placed under oath; that a

11   verbatim record of the proceedings was made by me

12   using machine shorthand which was thereafter

13   transcribed under my direction; further, that the

14   foregoing is an accurate transcription thereof.

15            That before completion of the deposition, a

16   review of the transcript [x] was [ ] was not

17   requested.  I further certify that I am neither

18   financially interested in the action nor a relative

19   or employee of any attorney of any of the parties.

20            IN WITNESS WHEREOF, I have this date

21   subscribed my name.

22   Dated:  November 3, 2016

23

24

                  Jimmy Rodriguez, RPR

25                Certificate Number 13464

                                        Page 186
```

```
 1                UNITED STATES DISTRICT COURT

 2               CENTRAL DISTRICT OF CALIFORNIA

 3                     WESTERN DIVISION

 4

 5   CORY SPENCER, an individual; DIANA   )
     MILENA REED, an individual; and      )
 6   COASTAL PROTECTION RANGERS, INC., a  )
     California non-profit public benefit )
 7   corporation,                         ) Case No.
                                          ) 2:16-cv-02129-SJO-RAO
 8                    Plaintiffs,         )
                                          )
 9              vs.                       )
                                          )
10   LUNADA BAY BOYS, et al.,             )
                                          )
11                    Defendants.         )
     _____ )

12

13

14

15

16

17

18        VIDEOTAPED DEPOSITION OF DIANA MILENA REED

19                       VOLUME II

20                 Santa Monica, California

21                Tuesday, October 25, 2016

22

23

24   REPORTED BY:
     Jimmy S. Rodriguez
25   CSR No. 13464
```

Page 187

```
 1              UNITED STATES DISTRICT COURT

 2              CENTRAL DISTRICT OF CALIFORNIA

 3                    WESTERN DIVISION

 4

 5   CORY SPENCER, an individual; DIANA   )
     MILENA REED, an individual; and      )
 6   COASTAL PROTECTION RANGERS, INC., a  )
     California non-profit public benefit )
 7   corporation,                         ) Case No.
                                          ) 2:16-cv-02129-SJO-RAO
 8                    Plaintiffs,         )
                                          )
 9              vs.                       )
                                          )
10   LUNADA BAY BOYS, et al.,             )
                                          )
11                    Defendants.         )
     _____   )

12

13

14

15

16

17

18        Videotaped deposition of DIANA MILENA REED, Volume II,

19     taken before Jimmy Rodriguez, a Certified Shorthand

20     Reporter for the State of California, with principal

21     office in the County of Orange, commencing at 9:24 a.m.,

22     Tuesday, October 25, 2016 at Premier Business Centers -

23     The Water Garden, 2425 Olympic Boulevard, Suite 4000,

24     Santa Monica, California.

25
```

                                        Page 188

```
 1      APPEARANCES OF COUNSEL:
 2      FOR PLAINTIFFS:
 3              HANSON BRIDGETT, LLP
                BY:  KURT A. FRANKLIN, Esq.
 4              425 Market Street
                26th Floor
 5              San Francisco, CA 94105
                TEL:  (415) 777-3200
 6              FAX:  (415) 541-9366
                Kfranklin@hansonbridgett.com
 7
 8      FOR DEFENDANTS, City of Palos Verdes Estates and Chief of
        Police Jeff Kepley:
 9
                KUTAK ROCK, LLP
10              BY:  ANTOINETTE P. HEWITT, Esq.
                5 Park Plaza
11              Suite 1500
                Irvine, CA 92614
12              TEL:  (949) 417-0999
                FAX:  (949) 417-5394
13              Antoinette.hewitt@kutakrock.com
14
        FOR DEFENDANT, Brant Blakeman:
15
                VEATCH CARLSON, LLP
16              BY:  RICHARD P. DIEFFENBACH, Esq.
                1055 Wilshire Boulevard
17              11th Floor
                Los Angeles, CA 90017
18              TEL:  (213) 381-2861
                FAX:  (213) 383-6370
19              Rdieffenbach@veatchfirm.com
20
21
22
23
24
25
```

                                            Page 189

```
 1      APPEARANCES OF COUNSEL (Continued):
 2      FOR DEFENDANT, Alan Johnston aka Jalian Johnston:
 3              LAW OFFICES OF J. PATRICK CAREY
                BY:  J. PATRICK CAREY, Esq.
 4              1230 Rosecrans Avenue
                Suite 300
 5              Manhattan Beach, CA 90266
                TEL:  (310) 526-2237
 6              Pat@patcareylaw.com
 7
        FOR DEFENDANT, Angelo Ferrara and N.F.:
 8
                LAW OFFICES OF MARK C. FIELDS, APC
 9              BY:  MARK C. FIELDS, Esq.
                333 South Hope Street
10              35th Floor
                Los Angeles, CA 90071
11              TEL:  (213) 617-5225
                FAX:  (213) 629-4520
12              Fields@markfieldslaw.com
13
        FOR DEFENDANT, Sang Lee:
14
                LEWIS BRISBOIS BISGAARD & SMITH
15              BY:  TERA A. LUTZ, Esq.
                633 West 5th Street
16              Suite 4000
                Los Angeles, CA 90071
17              TEL:  (213) 250-1800
                FAX:  (213) 250-7900
18              Tera.lutz@lewisbrisbois.com
19
        FOR DEFENDANT, Sang Lee:
20
                BOOTH MITCHEL & STRANGE, LLP
21              BY:  JACKIE K. VU, Esq.
                707 Wilshire Boulevard
22              Suite 3000
                Los Angeles, CA 90017
23              TEL:  (213) 738-0100
                FAX:  (213) 380-3308
24              Jkvu@boothmitchel.com
25
```

Page 190

```
 1        APPEARANCES OF COUNSEL (Continued):
 2      FOR DEFENDANT, Michael Ray Papayans:
 3               HAVEN LAW
                 BY:  PETER T. HAVEN, Esq.
 4               1230 Rosecrans Avenue
                 Suite 300
 5               Manhattan Beach, CA 90266
                 TEL:  (213) 842-4617
 6               FAX:  (213) 477-2137
                 Peter@havenlaw.com
 7
 8      Also Present:
 9               JAMES KORALEK, Videographer
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 191

```
 1                          I N D E X

 2

 3     EXAMINATIONS                                  PAGE

 4     BY MS. HEWITT                                 194

 5     BY MR. DIEFFENBACH                            294

 6     BY MR. FIELDS                                 343

 7     BY MR. CAREY                                  351

 8     BY MS. LUTZ                                   365

 9     BY MR. HAVEN                                  369

10

11                        E X H I B I T S

12

13     Exhibit       Description                     PAGE

14     Exhibit 51    Proof of Service of Diana Reed  243

15     Exhibit 52    Request For Entry of Default     243

16     Exhibit 53    documents and flash drive        373

17

18                WITNESS INSTRUCTED NOT TO ANSWER

19                          (None)

20

21

22                    INFORMATION REQUESTED

23                      PAGE        LINE

24                       331         7

25

                                          Page 192
```

```
 1                Tuesday, October 25, 2016, 9:24 a.m.

 2                   Santa Monica, California

 3                                                      09:20

 4           THE VIDEOGRAPHER:  Good morning, we are on   09:24

 5      the record at 9:24 a.m. on October 25th, 2016.  This  09:24

 6      is the video recorded deposition of Diana Milena   09:24

 7      Reed, Volume 2.  My name is James Koralek here with   09:24

 8      our court reporter, Jimmy Rodriguez, we are here   09:24

 9      from Veritext Legal Solutions by the request of the   09:24

10      defendant.                                        09:25

11           This deposition is being held at Premier   09:25

12      Business Center, 2425 Olympic Boulevard, Suite 4000,   09:25

13      in Santa Monica, 90404.  The caption of the case is   09:25

14      Spencer, et al., versus Lunada Bay Boys, et al.   09:25

15      Case number 2:16-CV-02129-SJO-RAO.                09:25

16           Please note that audio and video recording   09:25

17      will take place unless all parties agree to go off   09:25

18      the record.                                       09:25

19           Microphones are sensitive and may pick up   09:25

20      whispers and private conversations and cellular   09:25

21      interference.  I'm not authorized to administer an   09:25

22      oath, I'm not related to any party in this action,   09:25

23      nor am I financially interested in the outcome in   09:25

24      any way.                                          09:25

25           If there are any objections to proceeding,   09:25
```

Page 193

| | | |
|---|---|---|
| 1 | please state them at the time of your appearance | 09:26 |
| 2 | beginning with the noticing attorney. | 09:26 |
| 3 | | 09:26 |
| 4 | EXAMINATION | 09:26 |
| 5 | BY MS. HEWITT: | 09:26 |
| 6 | Q    Ms. Reed, do you understand that you're | 09:26 |
| 7 | still under oath today? | 09:26 |
| 8 | A    Yes. | 09:26 |
| 9 | MS. HEWITT:  All right.  Let's get a quick | 09:26 |
| 10 | rundown of who's here today. | 09:26 |
| 11 | Antoinette Hewitt for the City and for | 09:26 |
| 12 | Chief Kepley. | 09:26 |
| 13 | MR. DIEFFENBACH:  Richard Dieffenbach for | 09:26 |
| 14 | Brant Blakeman, defendant. | 09:26 |
| 15 | MS. VU:  Jackie Vu for Defendant Sang Lee. | 09:26 |
| 16 | MS. LUTZ:  Tera Lutz for Defendant | 09:26 |
| 17 | Sang Lee. | 09:26 |
| 18 | MR. FIELDS:  Mark Fields for Angelo | 09:26 |
| 19 | Ferrara and NF. | 09:26 |
| 20 | MR. HAVEN:  Peter Haven for Michael | 09:26 |
| 21 | Papayans. | 09:26 |
| 22 | MR. CAREY:  Pat Carey for Defendant Alan | 09:26 |
| 23 | Johnston. | 09:26 |
| 24 | MR. FRANKLIN:  Kurt Franklin on behalf of | 09:26 |
| 25 | Diana Milena Reed and the other plaintiffs in this | 09:26 |

Page 194

| | | |
|---|---|---|
| 1 | And is Ada, A-d-a? | 09:34 |
| 2 | A    Yes. | 09:34 |
| 3 | Q    And you mentioned social media sites, what | 09:34 |
| 4 | social media sites are you referring to? | 09:34 |
| 5 | A    I haven't been super active on very many | 09:34 |
| 6 | of them since going through the divorce because it's | 09:34 |
| 7 | just been very emotionally tolling on me.  But | 09:34 |
| 8 | Instagram and Facebook mostly is what I use, | 09:34 |
| 9 | sometimes Twitter.  And I don't typically use my | 09:34 |
| 10 | last name on those sites, which is for | 09:35 |
| 11 | confidentiality. | 09:35 |
| 12 | Q    How about MySpace, do you have a MySpace | 09:35 |
| 13 | page or account? | 09:35 |
| 14 | A    I did when I was a kid, I have no idea if | 09:35 |
| 15 | it's still up or not; I didn't know if anyone still | 09:35 |
| 16 | uses it.  But they might. | 09:35 |
| 17 | Q    How about Snapchat? | 09:35 |
| 18 | A    I think I had one at some point.  But I | 09:35 |
| 19 | never really -- I never really liked it so I didn't | 09:35 |
| 20 | keep using it. | 09:35 |
| 21 | Q    Okay.  Let's go back a little bit to a | 09:35 |
| 22 | couple things from yesterday that I needed to | 09:35 |
| 23 | clarify. | 09:35 |
| 24 | Going back to the February 13th event, | 09:35 |
| 25 | Ms. Reed, when you were in the fort and there were | 09:35 |

Page 202

| | | |
|---|---|---|
| 1 | other people in there including Jen, do you recall | 09:35 |
| 2 | Jen? | 09:35 |
| 3 | A    Yes, which date are we referring to? | 09:36 |
| 4 | Q    February 13th. | 09:36 |
| 5 | A    Okay. | 09:36 |
| 6 | Q    All right? | 09:36 |
| 7 | I think you told me yesterday that you | 09:36 |
| 8 | wanted to call the police but that you got no cell | 09:36 |
| 9 | signal; is that correct? | 09:36 |
| 10 | A    Hmm-mm. | 09:36 |
| 11 | Q    Yes? | 09:36 |
| 12 | A    Yes. | 09:36 |
| 13 | Q    Why were you trying to call the police? | 09:36 |
| 14 | A    I wanted to call the police because I was, | 09:36 |
| 15 | you know, I felt threatened and scared and I mean, I | 09:36 |
| 16 | felt like anything could happen.  I was extremely | 09:36 |
| 17 | uncomfortable in the situation. | 09:36 |
| 18 | Q    If you had gotten through to the police, | 09:36 |
| 19 | what did you intend to tell them? | 09:36 |
| 20 | A    I just intended to tell them, you know, | 09:36 |
| 21 | what had happened. | 09:36 |
| 22 | Q    Were you going to ask for help? | 09:36 |
| 23 | A    Yes. | 09:36 |
| 24 | Q    What kind of help would you ask for? | 09:36 |
| 25 | A    For them to -- to come down to the fort | 09:36 |

Page 203

| | | |
|---|---|---|
| 1 | and make sure nothing happens to me, and I was going | 09:36 |
| 2 | to tell them about the incident with the beer being | 09:36 |
| 3 | sprayed on me and, you know, just have them help me. | 09:37 |
| 4 | Q    Did you want them to escort you back up or | 09:37 |
| 5 | did you want them to stay with you down at the fort? | 09:37 |
| 6 | A    I don't think I contemplated that.  I just | 09:37 |
| 7 | wanted someone to help, whatever that means. | 09:37 |
| 8 | Q    Did you want to leave? | 09:37 |
| 9 | A    I'm sure I did.  I don't know. | 09:37 |
| 10 | Q    At the same time, when you were -- this | 09:37 |
| 11 | time when you were in the fort, did you witness any | 09:37 |
| 12 | harassment towards Jen? | 09:37 |
| 13 | A    I did, yes. | 09:37 |
| 14 | Q    What did you witness? | 09:37 |
| 15 | A    I witnessed Mr. Johnston moaning towards | 09:37 |
| 16 | her, oscillating his body in a sexual manner, you | 09:37 |
| 17 | know, other things, but it's hard for me to remember | 09:38 |
| 18 | because I was mostly focused on what was happening | 09:38 |
| 19 | to me and I was so scared that I, you know, I wasn't | 09:38 |
| 20 | thinking very clearly. | 09:38 |
| 21 | Q    What you said right now as to what you | 09:38 |
| 22 | witnessed -- the harassment you witnessed towards | 09:38 |
| 23 | Jen, is that separate and apart from any actions | 09:38 |
| 24 | that Mr. Johnston did towards you if, in fact, he | 09:38 |
| 25 | did any? | 09:38 |

Page 204

| | | |
|---|---|---|
| 1 | was calling, you know, one of the attempts to come | 11:19 |
| 2 | in to identify the photos. | 11:19 |
| 3 | Q    Okay. | 11:19 |
| 4 | A    The suspects. | 11:19 |
| 5 | Q    Did you say that was a female that you | 11:19 |
| 6 | talked to then? | 11:19 |
| 7 | A    No, it was not a female. | 11:19 |
| 8 | Q    Do you recall the name of that person now | 11:19 |
| 9 | who told you that? | 11:19 |
| 10 | A    I don't unfortunately.  I remember it was | 11:19 |
| 11 | a man but I don't remember his name. | 11:19 |
| 12 | Q    Did you ever tape record or record in any | 11:19 |
| 13 | way any conversations you had with anybody at the | 11:19 |
| 14 | City of Palos Verdes Estates? | 11:19 |
| 15 | A    No. | 11:19 |
| 16 | Q    Did anybody who was with you as far as you | 11:19 |
| 17 | know ever tape record or record any conversations | 11:19 |
| 18 | that were had with anybody at the City of | 11:19 |
| 19 | Palos Verdes Estates Police Department? | 11:20 |
| 20 | A    Not that I know of, no. | 11:20 |
| 21 | Q    Who recorded the conversation that you | 11:20 |
| 22 | provided to us today with Ferrara? | 11:20 |
| 23 | A    My phone. | 11:20 |
| 24 | Q    Did you ask Mr. Ferrara if it was okay to | 11:20 |
| 25 | record? | 11:20 |

Page 270

| | | |
|---|---|---|
| 1 | MR. FRANKLIN:  Vague and ambiguous. | 11:20 |
| 2 | THE WITNESS:  I did not ask Mr. Ferrara if | 11:20 |
| 3 | it was okay to record because he was recording me as | 11:20 |
| 4 | well. | 11:20 |
| 5 | BY MS. HEWITT: | 11:20 |
| 6 | Q    Okay.  Okay.  Following the conversation | 11:20 |
| 7 | with Chief Kepley, did you have any expectation of | 11:20 |
| 8 | further action that was going to be taken? | 11:20 |
| 9 | A    Following the conversation? | 11:20 |
| 10 | Q    (Nods head.) | 11:20 |
| 11 | A    Yeah, I assumed that I would be able to | 11:20 |
| 12 | finally try and identify those individuals. | 11:20 |
| 13 | Q    Okay.  And were you able to do that? | 11:20 |
| 14 | A    Eventually, yeah, after calling repeated | 11:20 |
| 15 | times, after meeting with Mr. Kepley, eventually I, | 11:21 |
| 16 | you know -- I don't know how I found out about it if | 11:21 |
| 17 | it was through my attorneys or if someone contacted | 11:21 |
| 18 | me directly, but eventually I came in to identify | 11:21 |
| 19 | the suspects, yes.  Just one of them. | 11:21 |
| 20 | Q    Okay.  So the answer was "yes"? | 11:21 |
| 21 | MR. FRANKLIN:  Vague as to time. | 11:21 |
| 22 | THE WITNESS:  The answer was that | 11:21 |
| 23 | eventually, yes, I was provided with the opportunity | 11:21 |
| 24 | to identify one of the suspects. | 11:21 |
| 25 | /// | |

Page 271

1        Q      What specifically was done or did you see   12:34

2    that caused you to believe that?                       12:34

3        A      The fact that when they entered the fort    12:34

4    it seemed like all of their actions were               12:34

5    orchestrated, they immediately rushed towards me.       12:34

6    Johnston immediately opened the can of beer and, you    12:34

7    know, sprayed it on me and on my camera in what I       12:34

8    believe they intended to appear as an accident but      12:34

9    to me it felt very intentional.                         12:34

10          The way that, you know, he was -- he was        12:34

11   filming Johnston as though it was like a planned        12:34

12   performance it seemed like, you know.  The fact that    12:34

13   he was holding the camera just right, right next to     12:35

14   my face in a way that made me feel threatened or        12:35

15   intimidated.                                            12:35

16       Q      Go ahead.                                    12:35

17       A      A lot of the actions at Lunada Bay between   12:35

18   the locals all appeared to be orchestrated based on     12:35

19   what I've seen and what I've heard in the surf          12:35

20   community.                                              12:35

21       Q      Can you give me any specifics as to why     12:35

22   you thought the February 13th episode was              12:35

23   orchestrated or scripted or somehow created by          12:35

24   Mr. Blakeman or with his direction?                     12:35

25       A      I don't know who planned it.  I don't know   12:35

                                      Page 301

| | | |
|---|---|---|
| 1 | who planned it but it appeared that they were | 12:35 |
| 2 | following a very distinct plan to try to intimidate | 12:35 |
| 3 | me and try to ruin my camera. | 12:35 |
| 4 | Q    Can you give me any specifics as to why | 12:35 |
| 5 | you think that? | 12:35 |
| 6 | A    I think that because of the way that that | 12:35 |
| 7 | the actions unfolded that I just described. | 12:36 |
| 8 | Q    Were you in the fort and they came to the | 12:36 |
| 9 | fort? | 12:36 |
| 10 | A    Yes. | 12:36 |
| 11 | Q    And were you there with anyone else? | 12:36 |
| 12 | A    Jen was there as well. | 12:36 |
| 13 | Q    Anyone else? | 12:36 |
| 14 | A    Charlie may have been there sitting on the | 12:36 |
| 15 | roof. | 12:36 |
| 16 | Q    Charlie Ferrara? | 12:36 |
| 17 | A    Yes. | 12:36 |
| 18 | Q    Anyone else? | 12:36 |
| 19 | A    I think that was it. | 12:36 |
| 20 | Q    And how close were you and Jen together to | 12:36 |
| 21 | each other when Mr. Blakeman came to -- | 12:36 |
| 22 | A    I don't remember specifically, probably | 12:36 |
| 23 | about as close as me and the lady with the red | 12:36 |
| 24 | flowers. | 12:36 |
| 25 | Q    So ten feet maybe, eight feet? | 12:36 |

Page 302

```
 1        A     Maybe.  I mean, it's hard for me to say,   12:36

 2   but I mean, we weren't --                             12:36

 3             MR. FRANKLIN:  Five feet.                    12:36

 4             MR. DIEFFENBACH:  Five feet, okay.           12:36

 5             THE WITNESS:  Maybe five feet.  I mean, I    12:36

 6   remember she wasn't right next to me.                 12:36

 7   BY MR. DIEFFENBACH:                                    12:36

 8        Q     How far was Mr. Charlie Ferrara from       12:36

 9   where you and Jen --                                  12:36

10        A     Charlie was sitting on the roof.           12:37

11        Q     Okay.                                       12:37

12        A     Not of the bluff, but of the fort.         12:37

13        Q     Were you near him?                          12:37

14        A     I wasn't on the roof, no, so I wasn't near 12:37

15   him.                                                   12:37

16        Q     How many feet between you and Charlie?     12:37

17        A     Again, it's hard for me to estimate         12:37

18   because I haven't been to the fort in some time, but  12:37

19   I know our relative locations.  You know, he was on   12:37

20   the fort on the roof, and I was towards the end        12:37

21   where there's like a little carved seating area.      12:37

22        Q     The patio is there, whatever it is?         12:37

23        A     Yeah, kind of near the back table.          12:37

24        Q     Was Charlie closer to you or farther away  12:37

25   from you than you were to Jen?                         12:37
```

                                                    Page 303

| | | |
|---|---|---|
| 1 | A     I don't remember that. | 12:37 |
| 2 | Q     From which direction did Mr. Blakeman | 12:37 |
| 3 | enter the scene? | 12:37 |
| 4 | A     They -- Mr. Blakeman and Mr. Johnston both | 12:37 |
| 5 | entered through the entrance.  There's only one | 12:37 |
| 6 | entrance that I know of to the fort. | 12:37 |
| 7 | Q     Which is on the north end? | 12:37 |
| 8 | A     I don't know which direction it faces. | 12:38 |
| 9 | Q     The end towards Malibu? | 12:38 |
| 10 | A     I would have to look at a map, I don't | 12:38 |
| 11 | have a compass in front of me.  But there's only one | 12:38 |
| 12 | entrance that I know of. | 12:38 |
| 13 | Q     Describe for me what -- how it unfolded, | 12:38 |
| 14 | how your encounter with him, Mr. Blakeman, unfolded | 12:38 |
| 15 | at that time. | 12:38 |
| 16 | A     Again, it's hard for me to remember the | 12:38 |
| 17 | specific details, but I'll do my best to tell you | 12:38 |
| 18 | what I remember. | 12:38 |
| 19 | Q     Okay.  That would be great. | 12:38 |
| 20 | A     I do remember being very startled by them | 12:38 |
| 21 | entering because I didn't see them walking down the | 12:38 |
| 22 | pathway.  I don't know if that means that I was | 12:38 |
| 23 | facing away from them.  There's a possibility I was | 12:38 |
| 24 | and I was facing the ocean.  I don't recall if I was | 12:38 |
| 25 | taking photos at the time because I think my camera | 12:38 |

Page 304

```
 1          video, but I think forgot to just mark what you gave    14:04

 2          to us.                                                  14:04

 3                    Can I just mark it as Exhibit -- whatever     14:04

 4          is next in order, that and the flash drive.             14:04

 5                    (Deposition Exhibit 53, documents and

 6                     flash drive, was marked for

 7                     identification.)

 8

 9                    (Whereupon the deposition was concluded at

10          2:04 p.m.)

11

12                    (DECLARATION UNDER PENALTY OF PERJURY ON

13          THE FOLLOWING PAGE HEREOF.)

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 373

```
 1                            ***

 2

 3

 4          I, DIANA MILENA REED, do solemnly declare

 5    under penalty of perjury that the foregoing is my

 6    deposition under oath; that these are the questions

 7    asked of me and my answers thereto; that I have read

 8    same and have made the necessary corrections,

 9    additions, or changes to my answers that I deem

10    necessary.

11          It witness thereof, I hereby subscribe my

12    name this day of _____, 2016.

13

14

15

16

17

18

19                  _____

20                              WITNESS SIGNATURE

21

22

23

24

25

                                            Page  374
```

```
 1                    Certification of Court Reporter

 2                          Federal Jurat

 3

 4           I, the undersigned, a Certified Shorthand

 5      Reporter of the State of California do hereby

 6      certify:

 7           That the foregoing proceedings were taken

 8      before me at the time and place herein set forth;

 9      that any witnesses in the foregoing proceedings,

10      prior to testifying, were placed under oath; that a

11      verbatim record of the proceedings was made by me

12      using machine shorthand which was thereafter

13      transcribed under my direction; further, that the

14      foregoing is an accurate transcription thereof.

15           That before completion of the deposition, a

16      review of the transcript [x] was [ ] was not

17      requested.  I further certify that I am neither

18      financially interested in the action nor a relative

19      or employee of any attorney of any of the parties.

20           IN WITNESS WHEREOF, I have this date

21      subscribed my name.

22      Dated:  November 7, 2016

23

24

                Jimmy Rodriguez, RPR

                Certificate Number 13464

25
```

Page 375

# Exhibit N

1 | Mark C. Fields (#100668)
Law Offices of Mark C. Fields, APC
2 | 333 So. Hope Street, 35th Floor
Los Angeles, California 90071
3 | Tel: (213) 617-5225
Fax: (213)629-4520
4 | Email: fields@markfieldslaw.com

5 | Attorneys for Defendants
Angelo Ferrara and N.F.

6

7 | UNITED STATES DISTRICT COURT

8 | CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

9

10 | CORY SPENCER, an individual;
DIANA MILENA REED, an

11 | individual; and COASTAL
PROTECTION RANGERS, INC., a

12 | California non-profit public benefit
corporation;

13 |                Plaintiffs,

     v.

14

15 | LUNADA BAY BOYS; THE
INDIVIDUAL MEMBERS OF THE

16 | LUNADA BAY BOYS, including but
not limited to SANG LEE, BRANT

17 | BLAKEMAN, ALAN JOHNSTON aka
JALIAN JOHNSTON, MICHAEL
RAE PAPAYANS, ANGELO

18 | FERRARA, FRANK FERRARA,
CHARLIE FERRARA, and N.F.; CITY

19 | OF PALOS VERDES ESTATES;
CHIEF OF POLICE JEFF KEPLEY, in

20 | his representative capacity; and DOES 1
– 10,

21

22 |                Defendants.

Case No. 2:16-cv-2129-SJO (RAOx)
The Hon. S. James Otero, Ctrm. 10C

**DECLARATION OF LEO FRANK
FERRARA**

Action Commenced:  3/29/2016
Trial Date:           11/7/2017

23

24

25

26

27

28

DECLARATION OF LEO FRANK FERRARA

FERRARA00001

# DECLARATION OF LEO FRANK FERRARA

I, Leo Frank Ferrara, declare:

1.    The facts set forth in this declaration are personally known to me and I have first-hand knowledge of them. I am twenty-one years old, and not a party to this action. If called as a witness to testify, I could and would testify competently to the same.

2.    I have listened to the audio recording of a conversation between Plaintiff Diana Milena Reed and a person who she has mistakenly identified as my cousin, Charlie Ferrara. I am the person whom Ms. Reed is speaking to during that conversation.

3.    Ms. Reed made the audio recording of my conversation with her surreptitiously and without my consent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 16th of April, 2017, at Palos Verdes Estates, California.

_____
LEO FRANK FERRARA

2

FERRARA00002

# Exhibit O

Case 2:16-cv-02129-SJO-RAO  Document 285-7  Filed 07/24/17  Page 109 of 358  Page ID #:6637
Atkinson-Baker Court Reporters
www.depo.com

1             UNITED STATES DISTRICT COURT

2             CENTRAL DISTRICT OF CALIFORNIA

3                   WESTERN DIVISION

4                      - - -

5    CORY SPENCER, AN INDIVIDUAL;    )
     DIANA MILENA REED, AN           )
6    INDIVIDUAL; AND COASTAL         )
     PROTECTION RANGERS, INC.,       )
7    A CALIFORNIA NON-PROFIT PUBLIC  )
     BENEFIT CORPORATION,            )
8                                    )
                  Plaintiffs,        )
9                                    )
         vs.                         ) No.:  2:16-cv-02129-SJO
10                                   )       (RAOx)
                                     )
11   LUNADA BAY BOYS; THE INDIVIDUAL )
     MEMBERS OF THE LUNADA BAY BOYS, )
12   INCLUDING BUT NOT LIMITED TO    )
     SANG LEE, BRANT BLAKEMAN, ALAN  )
13   JOHNSTON AKA JALIAN JOHNSTON,   )
     MICHAEL RAE PAPAYANS, ANGELO    )
14   FERRARA, FRANK FERRARA,         )
     CHARLIE FERRARA, ET AL.,        )
15                                   )
                  Defendants.        )
16   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ )

17              VIDEOTAPED DEPOSITION OF

18                      N.F.

19               IRVINE, CALIFORNIA

20                 JULY 6, 2017

21   Atkinson-Baker, Inc.
     Court Reporters
22   www.depo.com
     (800) 288-3376
23

24   REPORTED BY:  ANGELIQUE MELODY FERRIO, CSR NO. 6979

25   FILE NO:      AB06A32

1

Atkinson-Baker Court Reporters
www.depo.com

```
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3                       WESTERN DIVISION

 4                          -  -  -

 5   CORY SPENCER, AN INDIVIDUAL;    )
     DIANA MILENA REED, AN           )
 6   INDIVIDUAL; AND COASTAL         )
     PROTECTION RANGERS, INC.,       )
 7   A CALIFORNIA NON-PROFIT PUBLIC  )
     BENEFIT CORPORATION,            )
 8                                   )
                    Plaintiffs,      )
 9                                   )
         vs.                         ) No.:  2:16-cv-02129-SJO
10                                   )       (RAOx)
                                     )
11   LUNADA BAY BOYS; THE INDIVIDUAL )
     MEMBERS OF THE LUNADA BAY BOYS, )
12   INCLUDING BUT NOT LIMITED TO    )
     SANG LEE, BRANT BLAKEMAN, ALAN  )
13   JOHNSTON AKA JALIAN JOHNSTON,   )
     MICHAEL RAE PAPAYANS, ANGELO    )
14   FERRARA, FRANK FERRARA,         )
     CHARLIE FERRARA, ET AL.,        )
15                                   )
                    Defendants.      )
16   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ )

17

18

19

20           Videotaped deposition of N.F., taken on

21   behalf of the Plaintiffs, at Premier Business Center,

22   2600 Michelson Drive, Suite 1700, Irvine, California,

23   92612, commencing at 9:53 a.m., Thursday, July 6, 2017,

24   before ANGELIQUE MELODY FERRIO, CSR No. 6979.

25
```

Atkinson-Baker Court Reporters
www.depo.com

```
 1                    A P P E A R A N C E S

 2

 3    FOR THE PLAINTIFFS:

 4         HANSON, BRIDGETT, LLP
           BY:  SAMANTHA WOLFF, ESQ.
 5         425 Market Street
           26th Floor
 6         San Francisco, California 94105

 7

 8         OTTEN LAW, P.C.
           BY:  VICTOR J. OTTEN, ESQ.
 9         3620 Pacific Coast Highway
           Suite 100
10         Torrance, California 90505

11

12

13    FOR THE WITNESS:

14         LAW OFFICES OF MARK C. FIELDS, APC
           BY:  MARK C. FIELDS, ESQ.
15         333 South Hope Street
           35th Floor
16         Los Angeles, California 90071

17

18

19         KUTAK, ROCK, LLP
           BY:  ANTOINETTE P. HEWITT, ESQ.
20         5 Park Plaza
           Suite 1500
21         Irvine, California 92614?

22

23

24

25
```

3

Atkinson-Baker Court Reporters
www.depo.com

```
 1   APPEARANCES CONTINUED:

 2

 3        FOR THE DEFENDANT SANG LEE:

 4        LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
          BY:  EDWARD E. WARD, JR., ESQ.
 5        633 West 5th Street
          Suite 4000
 6        Los Angeles, California 90071

 7

 8

 9        FOR DEFENDANTS FRANK FERRARA AND CHARLIE FERRARA:

10        BREMER, WHYTE, BROWN & O'MEARA, LLP
          BY:  COURTNEY M. SERRATO, ESQ.
11        20320 S.W. Birch Street
          Second Floor
12        Newport Beach, California 92660

13

14

15        FOR DEFENDANT ALAN JOHNSTON:

16        LAW OFFICES OF JOHN PATRICK CAREY
          BY:  JOHN PATRICK CAREY, ESQ.
17        1230 Rosecrans Avenue
          Suite 270
18        Manhattan Beach, California 90266

19

20

21        (BY TELEPHONE)
          FOR DEFENDANT BRANT BLAKEMAN:
22
          VEATCH, CARLSON, LLP
23        BY:  JEFFREY MORRIS, ESQ.
          1055 Wilshire Boulevard
24        11th Floor
          Los Angeles, California 90017
25
```

4

N. F.
July 6, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
1   APPEARANCES CONTINUED:

2

3        (BY TELEPHONE)
         BUCHALTER, NEMER, APC
4        BY:  ROBERT S. COOPER, ESQ.
         1000 Wilshire Boulevard
5        Suite 1500
         Los Angeles, California 90017
6

7

8        (BY TELEPHONE)
         HAVEN LAW
9        BY:  PETER T. HAVEN, ESQ.
         1230 Rosecrans Avenue
10       Suite 300
         Manhattan Beach, California 90266
11

12

13

14       (BY TELEPHONE)
         BOOTH, MITCHEL & STRANGE, LLP
15       BY:  JACKIE VU, ESQ.
         707 Wilshire Boulevard
16       Suite 3000
         Los Angeles, California 90017
17

18

19

20   ALSO PRESENT:

21       Joseph Aldo Bussino, Videographer

22

23

24

25
```

5

Atkinson-Baker Court Reporters
www.depo.com

```
1                      I N D E X

2

3   WITNESS:  N.F.

4

5   EXAMINATION:                              PAGE

6       By MS. WOLFF                            9

7

8

9   EXHIBITS

10                    PLAINTIFF'S
    NUMBER            DESCRIPTION           PAGE

11
    265          Plaintiffs' Notice of Deposition    14

12               of Defendant N.F.
                 Dated June 15, 2017

13               Consisting of six pages

14

15

16  QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER:

17  PAGE      LINE

18   13        10

19

20  INFORMATION TO BE SUPPLIED:

21  PAGE      LINE

22      (NONE)

23

24

25
```

6

N. F.
July 6, 2017

```
 1          IRVINE, CALIFORNIA, THURSDAY, JULY 6, 2017

 2                         9:53 A.M.

 3                          -oOo-

 4                                                    09:52:46

 5          THE VIDEOGRAPHER:  Good morning.  My name is   09:53:05

 6   Joseph Aldo Bussino, your videographer.  And I    09:53:07

 7   represent Atkinson-Baker, Incorporated in Glendale,  09:53:11

 8   California.                                        09:53:13

 9          I'm a Certified Legal Video Specialist and   09:53:14

10   Notary Public.  I'm not financially interested in   09:53:16

11   this action nor am I a relative or an employee of any  09:53:19

12   of the attorneys or any of the parties.           09:53:23

13          Today's date is July 6th, 2017.  And the time  09:53:25

14   on the video monitor is approximately 9:53 a.m.   09:53:31

15          The deposition is taking place at the       09:53:36

16   Premiere Business Center, 2600 Michelson Drive,    09:53:38

17   Suite 1700, Irvine, California, 92612.             09:53:43

18          The case number is 2:16-cv-02129-SJO (RAOx)  09:53:48

19   entitled Corey Spencer, et al., versus Lunada Bay   09:54:01

20   Boys, et al.  The deponent is N.F.                 09:54:06

21          The deposition is taken on behalf of         09:54:11

22   Plaintiffs' counsel.  And your court reporter this   09:54:13

23   morning is Angelique Ferrio, also representing     09:54:16

24   Atkinson-Baker, Incorporated.                      09:54:19

25          Would all counsel present in the room please  09:54:22
```

7

Atkinson-Baker Court Reporters
www.depo.com

```
 1    introduce yourselves for the record and state whom     09:54:25
 2    you represent.                                         09:54:27
 3            MS. WOLFF:  Good morning, Samantha Wolff from   09:54:28
 4    Hanson Bridgett representing the Plaintiffs.           09:54:31
 5            MS. SERRATO:  Courtney Serrato representing    09:54:33
 6    Defendants Charlie Ferrara and Frank Ferrara.         09:54:35
 7            MR. WARD:  Edward Ward, Junior, on behalf of   09:54:37
 8    Sang Lee.                                              09:54:40
 9            MS. HEWITT:  Antoinette Hewitt for the City    09:54:41
10    and for Chief Kepley.                                  09:54:43
11            MR. CAREY:  Pat Carey for Alan Johnston.       09:54:44
12            MR. FIELDS:  Mark Fields for Angela Ferrera    09:54:48
13    and N.F.                                               09:54:51
14            THE VIDEOGRAPHER:  Would counsel on the phone  09:54:52
15    please identify yourselves for the record.            09:54:54
16            MR. COOPER:  Robert Cooper on behalf of        09:54:58
17    Defendant Brant Blakeman.                              09:55:00
18            MR. MORRIS:  Jeff Morris also on behalf of     09:55:02
19    Brant Blakeman.                                        09:55:06
20            MS. VU:  Jackie Vu on behalf of Sang Lee.      09:55:08
21            THE VIDEOGRAPHER:  Would the court reporter    09:55:12
22    please swear in the witness.                           09:55:13
23                        N.F.,                              09:55:13
24            having first been duly sworn, was              09:55:13
25            examined and testified as follows:            09:55:13
```

```
 1                      EXAMINATION                      09:55:13

 2                                                       09:55:25

 3   BY MS. WOLFF:                                       09:55:25

 4        Q.  Good morning.  Are you represented today by  09:55:31

 5   counsel?                                           09:55:34

 6        A.  Yes.                                      09:55:34

 7        Q.  Who is that?                              09:55:34

 8        A.  Mark Fields.                              09:55:35

 9        Q.  Anyone else?                              09:55:35

10        A.  No.                                       09:55:36

11        Q.  Can you state your name for the record,  09:55:36

12   please.                                            09:55:38

13        A.  N.F.                                      09:55:38

14        Q.  And how old are you today?                09:55:39

15        A.  18.                                       09:55:41

16        Q.  When was your birthday?                   09:55:41

17        A.  May 18, 1999.                             09:55:43

18        Q.  When this lawsuit was first filed in March of  09:55:51

19   2016, you were under the age of 18?                09:55:55

20        A.  Yes.                                      09:55:57

21        Q.  You're referred to in this case frequently as  09:55:57

22   N.F.; right?                                       09:56:01

23        A.  Yes.                                      09:56:02

24            MS. WOLFF:  So, I'll ask that the transcript  09:56:02

25   refer to you only as N.F. and omit all references to  09:56:04
```

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | Diana Reed, had a conversation at Lunada Bay with one | 13:40:52 |
| 2 | of the guys who regularly surfs down there. | 13:40:55 |
| 3 | She says it was with Charlie Ferrera, but | 13:40:57 |
| 4 | we've heard that your brother has also taken credit | 13:41:00 |
| 5 | for it.  So, I'm going to play you a short clip and | 13:41:03 |
| 6 | ask you some questions about it. | 13:41:07 |
| 7 | A.   Okay. | 13:41:09 |
| 8 | MR. FIELDS:  And I'll object that I believe | 13:41:09 |
| 9 | that recording was illegally recorded.  We're going | 13:41:15 |
| 10 | to be making a motion in limine. | 13:41:18 |
| 11 | So, subject to that, you can ask the | 13:41:21 |
| 12 | questions that you like. | 13:41:24 |
| 13 | MS. WOLFF:  Actually, I don't need the | 13:41:27 |
| 14 | content of the video.  I don't think that it's | 13:41:29 |
| 15 | necessary. | 13:41:36 |
| 16 | MR. FIELDS:  Is that video or audio? | 13:41:55 |
| 17 | MS. WOLFF:  There's no audio. | 13:41:58 |
| 18 | MR. FIELDS:  This whole line of questioning | 13:42:01 |
| 19 | is subject to objection and that it's illegally | 13:42:02 |
| 20 | recorded. | 13:42:05 |
| 21 | | 13:42:12 |
| 22 | (Discussion held off the record.) | 13:42:12 |
| 23 | | 13:45:06 |
| 24 | MS. WOLFF:  It was produced as bates | 13:45:06 |
| 25 | Plaintiff or it's PLTF 002027. | 13:45:07 |

142

N. F.
July 6, 2017

| 1 | BY MS. WOLFF: | 13:45:13 |
| 2 | Q. Does that voice sound familiar to you? | 13:45:13 |
| 3 | A. Yeah. | 13:45:15 |
| 4 | Q. Who do you think that is? | 13:45:15 |
| 5 | A. My brother. | 13:45:17 |
| 6 | Q. Leo? | 13:45:17 |
| 7 | A. Yeah. | 13:45:18 |
| 8 | Q. You don't think that's Charlie? | 13:45:19 |
| 9 | A. No. | 13:45:20 |

10   Q. And so Leo says, essentially, that everyone   13:45:21
11 gets the wrong vibe because that's the hazing.  It's   13:45:26
12 like a fraternity.   13:45:28
13        Do you agree that the group of surfers at   13:45:29
14 Lunada Bay is like a fraternity?   13:45:32
15   A. I don't think that it's like a fraternity.   13:45:35
16 I've never been to a fraternity.  I don't think that   13:45:38
17 it's like a fraternity.  I've heard how fraternities   13:45:38
18 are.   13:45:45
19   Q. And do you disagree with him that there's   13:45:45
20 hazing?   13:45:48
21   A. I've never had hazing.  I've never seen   13:45:48
22 anybody get hazed.  It's kind of different how   13:45:52
23 people --   13:45:54
24        MR. FIELDS:  You've answered the question.   13:45:55
25        THE WITNESS:  Yeah.   13:45:56

143

Atkinson-Baker Court Reporters
www.depo.com

```
 1              MR. FIELDS:  Copy

 2              MR. MORRIS:  Copy.

 3              MR. CAREY:  Copy.

 4


 5


 6              (Whereupon, the deposition of

 7              N.F. commenced at 9:53 a.m.

 8              and concluded at 2:35 p.m.)

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

170

N. F.
July 6, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1   STATE OF CALIFORNIA    )
                            )
 2   COUNTY OF LOS ANGELES  )

 3

 4

 5

 6         I, the undersigned, declare under penalty of

 7   perjury that I have read the foregoing transcript, and I

 8   have made any corrections, additions, or deletions that

 9   I was desirous of making; that the foregoing is a true

10   and correct transcript of my testimony contained

11   therein.

12

13         EXECUTED this _____ day of _____,

14   20_____, at _____, _____.

15                        (City)            (State)

16

17

18

19
     _____
20   N.F.

21

22

23

24

25
```

171

Atkinson-Baker Court Reporters
www.depo.com

```
 1                   REPORTER'S CERTIFICATE

 2

 3            I, ANGELIQUE MELODY FERRIO, C.S.R. NO. 6979, a

 4  Certified Shorthand Reporter, certify:

 5            That the foregoing proceedings were taken

 6  before me at the time and place therein set forth, at

 7  which time the witness was put under oath by me;

 8            That the testimony of the witness and all

 9  objections made at the time of the examination were

10  recorded stenographically by me and were thereafter

11  transcribed;

12            That the foregoing is a true and correct

13  transcript of my shorthand notes so taken.

14            I further certify that I am not a relative or

15  employee of any attorney or of any of the parties, nor

16  financially interested in the action.

17            I declare under penalty of perjury under the

18  law of the State of California that the foregoing is

19  true and correct.

20            Dated this 6th day of July, 2017.

21

22

23            _____

24            Angelique Melody Ferrio
              CSR No. 6979
25
```

N. F.
July 6, 2017

Atkinson-Baker Court Reporters
www.depo.com

1          REPORTER'S CERTIFICATION OF CERTIFIED COPY

2

3

4          I, ANGELIQUE MELODY FERRIO, CSR No. 6979, a

5   Certified Shorthand Reporter in the State of California,

6   certify that the foregoing pages are a true and correct

7   copy of the original deposition of N.F., taken on

8   Thursday, July 6, 2017.

9              I declare under penalty of perjury under the

10  laws of the State of California that the foregoing is

11  true and correct.

12              Dated this 6th day of July, 2017.

13

14

15

16

17          _____

18          Angelique Melody Ferrio
            CSR No. 6979

19

20

21

22

23

24

25

N. F.
July 6, 2017

# Exhibit P

# VIDEO TO FOLLOW BY MAIL AND LODGED WITH THE COURT

# VIDEO TO FOLLOW BY MAIL AND LODGED WITH THE COURT

# Exhibit Q





# SOUSA
## COURT REPORTERS

800-843-7348 - **SOUSA.COM** - 877-843-8443

## Cory Spencer vs. Lunada Bay Boys

## Transcript Testimony of
## Angelo Ferrara

**Date: 10/28/2016**

**Job #: 601946**

# TRAVEL TRANSCRIPT

Court Reporting – Videoconferencing – Trial Presentation – Nationwide Networking

**Hermosa Beach - Irvine - Riverside - San Diego - Las Vegas**

1

2

3                    UNITED STATES DISTRICT COURT

4        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

5

6    CORY SPENCER, and individual;        )
     DIANA MILENA REED, an individual;    )
7    And COASTAL PROTECTION RANGERS, INC., )
     a California non-profit public       )
8    benefit corporation,                 )
                                          )
9                                         )
                  Plaintiffs,             )
10                                        )
          vs.                             )   No. 2:16-cv-
11   LUNADA BAY BOYS; THE INDIVIDUAL      )   02129-SJO
     MEMBERS OF THE LUNADA BAY BOYS,      )   (RAOx)
12   including but not limited to         )
     SANG LEE, BRANT BLAKEMAN,            )
13   ALAN JOHNSTON AKA JALIAN JOHNSTON,   )
     MICHAEL RAE PAPAYANS, ANGELO FERRARA, )
14   FRANK FERRARA, CHARLIE FERRARA, and  )
     N.F.; CITY OF PALOS VERDES ESTATES,  )
15   CHIEF OF POLICE JEFF KEPLEY in his   )
     representative capacity and DOES     )
16   1-10,                                )
                                          )
17                Defendants.             )
     _____)

18

19

20        DEPOSITION OF ANGELO FERRARA, a witness herein,

21        noticed by OTTEN LAW, PC, at 736 Fourth Street,

22        Hermosa Beach, California, at 9:24 a.m., on Friday,

23        October, 28th, 2016, before Ayu Sasao, CSR 14093.

24

25

```
 1    APPEARANCES OF COUNSEL:

 2

 3    For Plaintiffs, CORY SPENCER, DIANA MILENA REED, and

 4    COASTAL PROTECTION RANGERS, INC.

 5    OTTEN LAW, PC

 6    BY VICTOR OTTEN

 7    3620 Pacific Coast Highway, #100

 8    Torrance, California 90505

 9

10    OTTEN LAW, PC

11    BY KAVITA TEKCHANDANI

12    3620 Pacific Coast Highway, #100

13    Torrance, California 90505

14

15    HANSON BRIDGETT, LLP

16    BY KURT A. FRANKLIN

17    425 Market Street, 26th Floor

18    San Francisco, California 94105

19

20    For Defendants, ANGELO FERRARA, N.F.,

21    LAW OFFICES OF MARK C. FIELDS, APC

22    BY MARK C. FIELDS

23    333 South Hope Street, 35th Floor

24    Los Angeles, California 90071

25
```

```
 1   THE PHILLIPS FIRM

 2   BY MARK RINGSMUTH

 3   800 Wilshire Boulevard, Suite 1550

 4   Los Angeles, California 90071

 5

 6   For Defendant, SANG LEE:

 7   LEWIS BRISBOIS BRISGARD & SMITH LLP

 8   BY TERA LUTZ

 9   633 West 5th Street, Suite 4000

10   Los Angeles, California 90071

11

12   BOOTH, MITCHEL & STRANGE LLP

13   BY JACKIE VU

14   707 Wilshire Boulevard, Suite 3000

15   Los Angeles, California 90071

16

17   For Defendant, BRANT BLAKEMAN:

18   VEATCH CARLSON, LLP

19   BY JOHN P. WORGUL

20   1055 Wilshire Boulevard, 11th Floor

21   Los Angeles, California 90071

22

23   BUCHALTER NEMER, APC

24   BY ROBERT S. COOPER

25   1000 Wilshire Boulevard, Suite 1500
```

1   Los Angeles, California 90071

2

3   For Defendant, MICHAEL RAY PAPAYANS:

4   HAVEN LAW

5   BY PETER T. HAVEN

6   1230 Rosecrans Avenue, Suite 300

7   Manhattan Beach, California 90266

8

9   For Defendants, CITY OF PALOS VERDES and CHIEF OF POLICE

10   JEFF KEPLEY:

11   KUTAK ROCK, LLP

12   BY JACOB SONG

13   601 South Figueroa Street, Suite 4200

14   Los Angeles, California 90071

15

16   For Defendants, CHARLIE FERRARA and FRANK FERRARA:

17   BREMER WHYTE BROWN & O'MEARA, LLP

18   BY LAURA L. BELL

19   21271 Burbank Boulevard, Suite 110

20   Woodland Hills, California 91367

21

22   Also Present:  Randy Baldwin, Videographer

23

24

25

Angelo Ferrara                                               Cory Spencer vs. Lunada Bay Boys

```
 1                      I N D E X

 2    WITNESS:   ANGELO FERRARA

 3    EXAMINATION BY:  MR. OTTEN        PAGE 8

 4

 5

 6                   E X H I B I T S

 7
      PLAINTIFF          DESCRIPTION            PAGE
 8
      EXHIBIT 100    FIRST AMENDED COMPLAINTS
 9                   FOR DAMAGES                 10

10    EXHIBIT 101    LETTER                      24

11    EXHIBIT 102    PHOTOGRAPH                  63

12    EXHIBIT 103    SKETCH                      74

13    EXHIBIT 104    SKETCH                      74

14    EXHIBIT 105    PHOTOGRAPH                  95

15    EXHIBIT 106    DOCUMENTS                  121

16    EXHIBIT 107    PHOTOGRAPH                 130

17    EXHIBIT 108    PHOTOGRAPH                 131

18    EXHIBIT 109    PHOTOGRAPH                 134

19    EXHIBIT 110    PHOTOGRAPH                 138

20    EXHIBIT 111    PHOTOGRAPH                 144

21    EXHIBIT 112    PHOTOGRAPH                 144

22    EXHIBIT 113    PHOTOGRAPH                 144

23    EXHIBIT 114    PHOTOGRAPH                 145

24    EXHIBIT 115    PHOTOGRAPH                 147

25    EXHIBIT 116    PHOTOGRAPH                 149
```

Angelo Ferrara                                      Cory Spencer vs. Lunada Bay Boys

| | | | |
|---|---|---|---|
| 1 | EXHIBIT 117 | DOCUMENT | 162 |
| 2 | EXHIBIT 118 | DOCUMENTS | 164 |
| 3 | EXHIBIT 119 | PHOTOGRAPH | 185 |
| 4 | EXHIBIT 120 | FACSIMILE | 203 |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |

Angelo Ferrara                                                          Cory Spencer vs. Lunada Bay Boys

| | |
|---|---|
| 1 THE VIDEOGRAPHER: Good morning. My name is Randy | 1 Q. What I'm saying is, if I say "the Bay," will you |
| 2 Baldwin. I am a video technician networking with Sousa | 2 understand me to be referring to Lunada Bay? |
| 3 Court Reporters located in Hermosa Beach, California. | 3 A. No. |
| 4 This is the video deposition of Angelo Ferrara | 4 Q. Okay. So then I'll say Lunada Bay every time. |
| 5 beginning at 9:24 a.m., October 28, 2016, in the matter | 5 All right? |
| 6 of the Cory Spencer et al. versus Lunada Bay Boys et al. | 6 A. Say it. |
| 7 This case is in the U.S. District Court for the Central | 7 Q. Okay. So we'll be here a little bit longer. |
| 8 District of California, Western Division. The case | 8 What's your current address? |
| 9 number of which is 2:16-cv-02129-SJO (ROAx). | 9 A.                         Palos Verdes |
| 10 This deposition is taking place at Lunada | 10 Estates, California 90274. |
| 11 Reporters located at 736 Fourth Street, Hermosa Beach, | 11 Q. How long have you lived there? |
| 12 California, and is being taken on behalf of the | 12 A. Ten years, almost. |
| 13 Defendants -- I'm sorry -- the Plaintiffs. | 13 Q. Almost ten years? |
| 14 May we please have introductions beginning with the | 14 A. Eight, nine years. So almost -- so close to |
| 15 witness. | 15 ten. |
| 16 THE WITNESS: Angelo Ferrara. | 16 Q. Have you ever had your deposition taken before? |
| 17 MR. FIELDS: I'm Mark Fields, counselor for Angelo | 17 A. Never. |
| 18 Ferrara and NF. | 18 Q. Have you ever been sued before? |
| 19 MR. HAVEN: Peter Haven for defendant | 19 A. Never. |
| 20 Michael Papayans. | 20 Q. You're not a party to a lawsuit right now other |
| 21 MS. LEE: Jackie Vu for defendant Sang Lee. | 21 than this one? |
| 22 MS. LUTZ: Tera Lutz for defendant Sang Lee. | 22 A. Nope. |
| 23 MR. SONG: David Song representing the City of Palos | 23 Q. Yeah. I'm going to hand you a document that I'm |
| 24 Verdes Estates in this case and Chief Kepley. | 24 going to mark -- |
| 25 MR. WORGUL: John Worgul for defendant | 25 What -- does anyone know what exhibit numbers we're |
| Page 7 | Page 9 |
| 1 Brant Blakeman. | 1 on? |
| 2 MS. TEKCHANDANI: Kavita Tekchandani for Plaintiffs. | 2 MR. WORGUL: That's -- I was just going to ask you |
| 3 MR. OTTEN: Victor Otten for the Plaintiffs. | 3 what we ended on. I think we're trying to do blocks and |
| 4 THE VIDEOGRAPHER: Will the court reporter please | 4 we ended in the 60s -- |
| 5 administer the oath. | 5 MS. LUTZ: -- 50s and I don't think -- |
| 6 ANGELO Ferrara, | 6 MR. OTTEN: Does anyone here try cases because |
| 7 a witness herein, having been sworn, testified as | 7 this -- you know, I do and this is just ridiculous. |
| 8 follows: | 8 We're going to be sitting here doing a trial someday and |
| 9 | 9 have exhibits all over the place. I mean -- |
| 10 -EXAMINATION- | 10 MR. WORGUL: Vic, I do try cases and previously from |
| 11 BY MR. OTTEN: | 11 the depos I was at -- I just wasn't at Reed's -- we had |
| 12 Q. Can you state your full name for the record. | 12 blocked them and gone to a new numeric each time in the |
| 13 A. Angelo Ferrara. | 13 tens. I just wasn't at Reed's so I can't tell you what |
| 14 Q. Angelo, have you ever had any nicknames? | 14 happened this past week. |
| 15 A. No. | 15 BY MR. OTTEN: I'm just going to start at 100 then. |
| 16 Q. And no nicknames that they have referred to you | 16 So I'm going to mark this as Exhibit No. 100. |
| 17 out at the Bay? | 17 (Whereupon the documents referred to are marked by |
| 18 A. No. | 18 the reporter as Plaintiff Exhibits 100 for |
| 19 Q. And you understand when I say "the Bay," I'm | 19 identification.) |
| 20 referring to Lunada Bay? | 20 Mr. Ferrara, can you take a look at that. |
| 21 A. No. | 21 THE WITNESS: Not me. |
| 22 Q. Well, for the purposes of the today's | 22 MR. FIELDS: Do you have a copy for me? |
| 23 deposition, if I say "the Bay," I'm referring to | 23 MR. OTTEN: Sure. I'll just pass them around. |
| 24 Lunada Bay. Okay? | 24 THE WITNESS: Yeah, I know what you're showing me. |
| 25 A. That's where I live. | 25 That's not me. That's my son. You asked if I was ever |
| Page 8 | Page 10 |

Angelo Ferrara                                                                    Cory Spencer vs. Lunada Bay Boys

| | |
|---|---|
| 1   MR. WORGUL: John Worgul on behalf of Brant | 1   I, Ayu Sasao, CSR 14093, do hereby declare: |
| 2   Blakeman. I'm doing the same. Please have a copy sent | 2   That, prior to being examined, the witness named in |
| 3   in a PDF as well as a certified copy. | 3   the foregoing deposition was by me duly sworn pursuant to Section 30(f)(1) of the Federal Rules of Civil Procedure and the deposition is a true record of the testimony |
| 4   MS. LUTZ: Copy, please. | 4   given by the witness. |
| 5   MS. VU: Jackie Vu. I'll take a copy. | 5   That said deposition was taken down by me in |
| 6   MR. HAVEN: No, thank you. | 6   shorthand at the time and place therein named and thereafter reduced to text under my direction. |
| 7   MR. WORGUL: Are we still on the record right now? | 7   That the witness was requested to review the |
| 8   I'd just like to put on the record that request that we | 8   transcript and make any changes to the transcript as a result of that review pursuant to Section 30(e) of the Federal |
| 9   don't have a stipulated protective order on this case | 9   Rules of Civil Procedure. |
| 10   yet, and I ask that all counsel agree that there'll be no | 10   _____ No changes have been provided by the witness during the period allowed. |
| 11   dissemination of the transcript or this video over the | 11 |
| 12   next 30 days while we get a protective order in place. | 12   _____ The changes made by the witness are appended to the transcript. |
| 13   So that should any party desire to mark any portions of | 13   _____ No request was made that the transcript be |
| 14   this transcript including the video, which I do intend to | 14   reviewed pursuant to Section 30(e) of the Federal Rules of Civil Procedure. |
| 15   mark the video as confidential to avoid disclosure to | 15   I further declare that I have no interest in the |
| 16   media organizations, to not disclose the transcript to | 16   event of the action. |
| 17   anybody. If everyone would stipulate to that. | 17   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true |
| 18   MR. OTTEN: Depo's over and I'm not stipulating to | 18   and correct. |
| 19   anything. | 19   WITNESS my hand this _____ day of |
| 20   MR. WORGUL: Okay. I made my record. I'm fine. | 20 |
| 21   THE VIDEOGRAPHER: This concludes today's | 21   _____, _____. |
| 22   proceedings. We are off the record. The time is 4:34 | 22   Ayu Sasao, CSR 14093 |
| 23   p.m. | 23 |
| 24   (The proceedings concluded at 4:34 p.m.) | 24 |
| 25   *** | 25 |
| Page 207 | Page 209 |

| | |
|---|---|
| 1   I declare under penalty of perjury under the laws of | |
| 2   the State of California that the foregoing is true and | |
| 3   correct. | |
| 4 | |
| 5   Executed at _____, California, | |
| 6   on _____. | |
| 7 | |
| 8 | |
| 9   ANGELO FERRARA | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| Page 208 | |

# Exhibit R

Atkinson-Baker Court Reporters
www.depo.com

1                 UNITED STATES DISTRICT COURT

2                CENTRAL DISTRICT OF CALIFORNIA

3                      WESTERN DIVISION

4                          - - -

5    CORY SPENCER, AN INDIVIDUAL;    )
     DIANA MILENA REED, AN           )
6    INDIVIDUAL; AND COASTAL         )
     PROTECTION RANGERS, INC.,       )
7    A CALIFORNIA NON-PROFIT PUBLIC  )
     BENEFIT CORPORATION,            )
8                                    )
                    Plaintiffs,      )
9                                    )
         vs.                         ) No.:  2:16-cv-02129-SJO
10                                   )        (RAOx)
                                     )
11   LUNADA BAY BOYS; THE INDIVIDUAL )
     MEMBERS OF THE LUNADA BAY BOYS, )
12   INCLUDING BUT NOT LIMITED TO    )
     SANG LEE, BRANT BLAKEMAN, ALAN  )
13   JOHNSTON AKA JALIAN JOHNSTON,   )
     MICHAEL RAE PAPAYANS, ANGELO    )
14   FERRARA, FRANK FERRARA,         )
     CHARLIE FERRARA, ET AL.,        )
15                                   )
                    Defendants.      )
16   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ )

17                 VIDEOTAPED DEPOSITION OF

18                      FRANK FERRARA

19                    IRVINE, CALIFORNIA

20                     JULY 10, 2017

21   Atkinson-Baker, Inc.
     Court Reporters
22   www.depo.com
     (800) 288-3376
23

24   REPORTED BY:  ANGELIQUE MELODY FERRIO, CSR NO. 6979

25   FILE NO:      AB06A34

1

Atkinson-Baker Court Reporters
www.depo.com

```
 1              UNITED STATES DISTRICT

 2             COURT CENTRAL DISTRICT OF

 3            CALIFORNIA WESTERN DIVISION

 4                    - - -

 5

 6   CORY SPENCER, AN INDIVIDUAL;    )
     DIANA MILENA REED, AN           )
 7   INDIVIDUAL; AND COASTAL         )
     PROTECTION RANGERS, INC.,       )
 8   A CALIFORNIA NON-PROFIT PUBLIC  )
     BENEFIT CORPORATION,            )
 9                                   )
                  Plaintiffs,        )
10                                   )
         vs.                         ) No.:  2:16-cv-02129-SJO
11                                   )       (RAOx)
                                     )
12   LUNADA BAY BOYS; THE INDIVIDUAL )
     MEMBERS OF THE LUNADA BAY BOYS, )
13   INCLUDING BUT NOT LIMITED TO    )
     SANG LEE, BRANT BLAKEMAN, ALAN  )
14   JOHNSTON AKA JALIAN JOHNSTON,   )
     MICHAEL RAE PAPAYANS, ANGELO    )
15   FERRARA, FRANK FERRARA,         )
     CHARLIE FERRARA, ET AL.,        )
16                                   )
                  Defendants.        )
17   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ )

18

19

20          Videotaped deposition of FRANK FERRARA, taken

21   on behalf of the Plaintiffs, at Premier Business Center,

22   2600 Michelson Drive, Suite 1700, Irvine, California,

23   92612, commencing at 9:46 a.m., Monday, July 10, 2017,

24   before ANGELIQUE MELODY FERRIO, CSR No. 6979.

25
```

2

Atkinson-Baker Court Reporters
www.depo.com

```
1                    A P P E A R A N C E S

2

3    FOR THE PLAINTIFFS:

4         OTTEN LAW, P.C.
          BY:  VICTOR J. OTTEN, ESQ.
5         AND  CHRISTINA KIFLOM, Summer Intern
          3620 Pacific Coast Highway
6         Suite 100
          Torrance, California 90505
7

8

9    FOR DEFENDANTS FRANK FERRARA AND CHARLIE FERRARA:

10        BREMER, WHYTE, BROWN & O'MEARA, LLP
          BY:  TIFFANY BACON, ESQ.
11        20320 S.W. Birch Street
          Second Floor
12        Newport Beach, California 92660

13

14

15   FOR THE DEFENDANT SANG LEE:

16        LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
          BY:  TERA A. LUTZ, ESQ.
17        633 West 5th Street
          Suite 4000
18        Los Angeles, California 90071

19

20

21   FOR THE DEFENDANTS CITY OF PALOS VERDES
     AND CHIEF OF POLICE JEFF KEPLEY:
22
          KUTAK, ROCK, LLP
23        BY:  ANTOINETTE P. HEWITT, ESQ.
          5 Park Plaza
24        Suite 1500
          Irvine, California 92614
25
```

3

Atkinson-Baker Court Reporters
www.depo.com

```
 1   APPEARANCES CONTINUED:

 2        .

 3   FOR DEFENDANT SANG LEE:

 4        (BY TELEPHONE)
          BOOTH, MITCHEL & STRANGE, LLP
 5        BY:  JACKIE K. VU, ESQ.
          707 Wilshire Boulevard
 6        Suite 3000
          Los Angeles, California 90017

 7

 8

 9   FOR DEFENDANT BRANT BLAKEMAN:

10        (BY TELEPHONE)
          BUCHALTER, NEMER, APC
11        BY:  ROBERT S. COOPER, ESQ.
          1000 Wilshire Boulevard
12        Suite 1500
          Los Angeles, California 90017

13

14

15   FOR DEFENDANT MICHAEL RAY PAPAYANS:

16
          (BY TELEPHONE)
17        HAVEN LAW
          BY:  PETER T. HAVEN, ESQ.
18        1230 Avenue
          Suite 300
19        Manhattan Beach, California 90266

20

21   FOR THE DEFENDANT N.F.:

22        (BY TELEPHONE)
          LAW OFFICES OF MARK C. FIELDS, APC
23        BY:  MARK C. FIELDS, ESQ.
          333 South Hope Street
24        35th Floor
          Los Angeles, California 90071
25   VIDEOGRAPHER: ROBERT ADAMS
```

4

Atkinson-Baker Court Reporters
www.depo.com

```
 1                        INDEX

 2

 3    WITNESS:  FRANK FERRARA

 4

 5    EXAMINATION BY:                        PAGE

 6        MR. OTTEN                            12

 7

 8

 9    EXHIBITS

10    NUMBER            DESCRIPTION          PAGE

11     102       Xeroxed Colored Photograph    44
                 Consisting of one page
12

13     108       Xeroxed Colored Photograph   234
                 Consisting of one page
14

15     113       Xeroxed Colored Photograph    76
                 Consisting of one page
16

17     114       Xeroxed Colored Photograph    88
                 Consisting of one page
18

19     116       Xeroxed Colored Photograph   242
                 Consisting of one page
20

21     119       Xeroxed Colored Photograph   232
                 Consisting of one page
22

23     277       Xeroxed Black-And White       72
                 Photograph
24               Consisting of one page

25
```

5

Frank Ferrara
July 10, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1              EXHIBITS CONTINUED:

 2       .

 3    278    Plaintiffs' Notice of Deposition      20
             of Defendant Frank Ferrara
 4           Dated June 15, 2017
             Consisting of three pages
 5

 6

 7    279    Xeroxed Black-And White              68
             Photograph
 8           Consisting of one page

 9

10    280    Xeroxed Black-And White              75
             Photograph
11           Consisting of one page

12

13    281    Xeroxed Colored Photograph           92
             Consisting of one page
14

15    282    Los Angeles Times                   117
             Article Collections
16           Consisting of two pages

17

18    283    Xeroxed Colored Photograph          129
             Consisting of one page
19

20    284    Xeroxed Colored Photograph          149
             Consisting of one page
21

22    285    Surf Magazine Article               149
             Consisting of one page
23

24    286    Teach The Children Well             169
             Don Boller, Long Beach
25           Consisting of one page
```

6

Frank Ferrara
July 10, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1              EXHIBITS CONTINUED:

 2

 3   287   Today's Lesson:  Don't Be A Kook      174
           Frank Ferrara, Lunada Bay, Calif.
 4         Consisting of one page

 5

 6   288   Megan Barnes, Daily Breeze            212
           Posted 4/7/16, 7:50 p.m.
 7         Consisting of two pages

 8

 9   289   Xeroxed Colored Photograph            233
           Consisting of one page
10

11   290   Xeroxed Colored Photograph            237
           Consisting of one page
12

13   291   Xeroxed Colored Photograph            240
           Consisting of one page
14

15   292   Xeroxed Colored Photograph            244
           Consisting of one page
16

17   293   Xeroxed Colored Photograph            245
           Consisting of one page
18

19   294   Xeroxed Colored Photograph            246
           Consisting of one page
20

21   295   Xeroxed Colored Photograph            248
           Consisting of one page
22

23   296   Xeroxed Colored Photograph            249
           Consisting of one page
24

25
```

7

Frank Ferrara
July 10, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1              EXHIBITS CONTINUED:

 2          .

 3    297      Xeroxed Colored Photograph        251
               Consisting of one page
 4

 5    298      Xeroxed Colored Photograph        253
               Consisting of one page
 6

 7    299      Xeroxed Colored Photograph        254
               Consisting of one page
 8

 9    300      Xeroxed Colored Photograph        254
               Consisting of one page
10

11    301      Xeroxed Colored Photograph        255
               Consisting of one page
12

13    302      Xeroxed Colored Photograph        257
               Consisting of one page
14

15    303      Xeroxed Colored Photograph        261
               Consisting of one page
16

17    304      Xeroxed Colored Photograph        262
               Consisting of one page
18

19    305      Xeroxed Colored Photograph        265
               Consisting of one page
20

21    306      Xeroxed Colored Photograph        266
               Consisting of one page
22

23    307      Xeroxed Colored Photograph        267
               Consisting of one page
24

25
```

8

Frank Ferrara
July 10, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1              EXHIBITS CONTINUED:

 2       .

 3    308      Xeroxed Colored Photograph          267
              Consisting of one page
 4

 5    309      Xeroxed Colored Photograph          269
              Consisting of one page
 6

 7    310      Xeroxed Colored Photograph          270
              Consisting of one page
 8

 9    311      Xeroxed Colored Photograph          271
              Consisting of one page
10

11    312      Xeroxed Colored Photograph          273
              Consisting of one page
12

13    313      Xeroxed Colored Photograph          274
              Consisting of one page
14

15

16

17   QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER:

18   PAGE      LINE

19   230          15

20   232           7

21   232          16

22

23

24

25
```

9

Frank Ferrara
July 10, 2017

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | IRVINE, CALIFORNIA, MONDAY, JULY 10, 2017 | |
| 2 | 9:46 A.M. | |
| 3 | -OOO- | |
| 4 | | 09:46:23 |
| 5 | THE VIDEOGRAPHER:  Good morning, everyone. | 09:46:23 |
| 6 | My name is Robert Adams.  I'm your videographer.  And | 09:46:24 |
| 7 | I represent Atkinson-Baker, Incorporated in Glendale, | 09:46:27 |
| 8 | California. | 09:46:31 |
| 9 | I'm not financially interested in this action | 09:46:31 |
| 10 | nor am I a relative or employee of any attorney or | 09:46:33 |
| 11 | any of the parties. | 09:46:36 |
| 12 | Today's date is July 10th, 2017.  And the | 09:46:37 |
| 13 | time is 9:46 a.m. | 09:46:40 |
| 14 | And this deposition is taking place at | 09:46:43 |
| 15 | 2600 Michelson Drive, Suite 1700, Irvine, California, | 09:46:48 |
| 16 | 92612. | 09:46:55 |
| 17 | This is case number 2:16-cv-02129-SJO (RAOx) | 09:46:55 |
| 18 | entitled Spencer versus Lunada Bay Boys.  The | 09:47:05 |
| 19 | deponent is Frank Ferrara. | 09:47:08 |
| 20 | This deposition is being taken on behalf | 09:47:11 |
| 21 | of the Plaintiffs.  And the court reporter is | 09:47:14 |
| 22 | Angelique Ferrio from Atkinson-Baker. | 09:47:16 |
| 23 | Counsel will now please introduce themselves. | 09:47:18 |
| 24 | After all counsel present have introduced themselves, | 09:47:20 |
| 25 | the witness will be sworn in by the court reporter. | 09:47:22 |

10

Frank Ferrara
July 10, 2017

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | This is the beginning of D.V.D. Number One, | 09:47:25 |
| 2 | Volume One.  The D.V.D. is running and we are now on | 09:47:27 |
| 3 | the record. | 09:47:30 |
| 4 | MR. OTTEN:  My name is Vic Otten.  And I | 09:47:30 |
| 5 | represent the Plaintiffs. | 09:47:33 |
| 6 | MS. HEWITT:  Antoinette Hewitt for the City | 09:47:34 |
| 7 | and for the Chief Kepley. | 09:47:38 |
| 8 | MS. LUTZ:  Tera Lutz for the Defendant | 09:47:39 |
| 9 | Sang Lee. | 09:47:41 |
| 10 | MS. BACON:  Tiffany Bacon for Defendants | 09:47:41 |
| 11 | Frank Ferrara and Charlie Ferrara. | 09:47:44 |
| 12 | MR. HAVEN:  Peter Haven for Defendant | 09:47:47 |
| 13 | Michael Papayans. | 09:47:52 |
| 14 | MR. COOPER:  Robert Cooper of Buchalter for | 09:47:55 |
| 15 | Defendant Brant Blakeman. | 09:48:01 |
| 16 | MS. VU:  Jackie Vu for the Defendant | 09:48:03 |
| 17 | Sang Lee. | 09:48:06 |
| 18 | MR. FIELDS:  Mark Fields for Defendant | 09:48:06 |
| 19 | Angelo Ferrara and N.F. | 09:48:08 |
| 20 | | |
| 21 | FRANK FERRARA, | |
| 22 | having first been duly sworn, was | |
| 23 | examined and testified as follows: | |
| 24 | | |
| 25 | | |

11

Frank Ferrara
July 10, 2017

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | EXAMINATION | |
| 2 | . | 09:48:20 |
| 3 | BY MR. OTTEN: | 09:48:20 |
| 4 | Q.  Can you state your full name for the record, | 09:48:21 |
| 5 | please. | 09:48:23 |
| 6 | A.  Frank Ferrara. | 09:48:23 |
| 7 | Q.  Do you have a middle name? | 09:48:25 |
| 8 | A.  I don't use it. | 09:48:26 |
| 9 | Q.  But do you have one? | 09:48:27 |
| 10 | A.  I have one. | 09:48:29 |
| 11 | Q.  What is it? | 09:48:30 |
| 12 | A.  Joseph. | 09:48:31 |
| 13 | Q.  Joseph? | 09:48:31 |
| 14 | A.  Yes. | 09:48:35 |
| 15 | Q.  Mr. Ferrara, have you ever had your | 09:48:35 |
| 16 | deposition taken before? | 09:48:38 |
| 17 | A.  Yes, I have. | 09:48:39 |
| 18 | Q.  On how many occasions? | 09:48:40 |
| 19 | A.  Once. | 09:48:42 |
| 20 | Q.  How long ago was that? | 09:48:42 |
| 21 | A.  Probably about ten years ago. | 09:48:44 |
| 22 | Q.  And just without getting into too much | 09:48:46 |
| 23 | detail, what was the nature of it; was it a civil | 09:48:49 |
| 24 | case? | 09:48:52 |
| 25 | A.  It was an insurance case which they, I guess, | 09:48:52 |

12

Frank Ferrara
July 10, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1        A.   Yes.                                    09:53:42

 2        Q.   And what city do you live in?           09:53:43

 3        A.   Wildomar.                               09:53:45

 4        Q.   But in a typical year it would be about 09:53:48

 5   10 to 40 times that you would surf with your brother? 09:53:58

 6        A.   Probably.                               09:54:01

 7        Q.   Okay.  And when you say probably, by the way, 09:54:02

 8   is that an estimate or are you just guessing?     09:54:08

 9        A.   Well, there are different surfing spots on 09:54:11

10   the Palos Verdes Peninsula.  Maybe I'm surfing one 09:54:14

11   location and he's at another or he's at one location 09:54:14

12   and I'm at another.                               09:54:14

13            So, I'm just using that as 40 some odd years 09:54:20

14   of surfing on the Peninsula.                      09:54:26

15        Q.   Right.  What other spots on the Peninsula do 09:54:29

16   you surf besides Lunada Bay?                      09:54:32

17        A.   Do you want me to list them all?        09:54:35

18        Q.   Let's just talk about last year or last 09:54:38

19   season and that would be --                      09:54:41

20        A.   Okay.  I surfed Indicator, Upper Indicator, 09:54:42

21   Middle Indicator, Lower Indicator, Upper Haggerty, 09:54:47

22   Impossibles, and Lunada Bay.                      09:54:53

23        Q.   And how many times would you estimate that 09:55:04

24   you've surfed Lunada Bay last year?               09:55:07

25            MS. BACON:  I think that you already asked 09:55:10
```

18

Frank Ferrara
July 10, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1    called a combination person where you can do the auto    10:15:33
 2    body and the paint.                                      10:15:37
 3         Q.  Were you ever Vice-President of your dad's      10:15:38
 4    company?                                                 10:15:41
 5         A.  No.                                             10:15:41
 6         Q.  What were your -- at some point did your job    10:15:42
 7    duties there change from --                              10:15:51
 8         MS. BACON:  Vague and ambiguous, over broad.        10:15:54
 9    BY MR. OTTEN:                                            10:15:55
10         Q.  -- from, say, painting to selling cars or      10:15:55
11    buying cars?                                             10:15:59
12         MS. BACON:  Vague and ambiguous, over broad.        10:16:00
13         THE WITNESS:  It changed when after I gotten        10:16:02
14    married and chose to get into the auto wholesale         10:16:05
15    business and away from the paint and body industry.      10:16:08
16    BY MR. OTTEN:                                            10:16:12
17         Q.  Okay.  So, for the 35 years then I'm going to   10:16:12
18    say you've been not employed by your father's           10:16:15
19    business at all?                                         10:16:18
20         A.  Correct.                                        10:16:19
21         Q.  Okay.  And when you got married, you said the   10:16:19
22    auto wholesale business?                                 10:16:27
23         A.  Yes.                                            10:16:28
24         Q.  What does that entail?                          10:16:28
25         A.  You would buy cars from different new car       10:16:32
```

37

Frank Ferrara
July 10, 2017

| | | |
|---|---|---|
| 1 | store franchise dealers or different auto auctions or | 10:16:36 |
| 2 | different lease companies.  And then you would buy | 10:16:41 |
| 3 | them and sell them for a profit. | 10:16:43 |
| 4 | Q.  Okay.  And how did you get into that? | 10:16:45 |
| 5 | A.  Just by my experience in the automotive | 10:16:48 |
| 6 | industry. | 10:16:51 |
| 7 | Q.  Okay. | 10:16:52 |
| 8 | A.  And then I saw that there was an opportunity | 10:16:52 |
| 9 | for me where I was being hired to buy cars for | 10:16:54 |
| 10 | individuals. | 10:16:59 |
| 11 | And then from there it went to dealers that I | 10:17:00 |
| 12 | did business with in the body and paint field.  And | 10:17:04 |
| 13 | then they asked if I would buy them cars because I | 10:17:08 |
| 14 | knew how to examine a car and get them a good car at | 10:17:15 |
| 15 | a good price. | 10:17:16 |
| 16 | Q.  So, you went to work for somebody right after | 10:17:17 |
| 17 | you left your dad's? | 10:17:20 |
| 18 | A.  No.  I setup my own auto wholesale business | 10:17:21 |
| 19 | and got licensed by the State and setup a small | 10:17:26 |
| 20 | wholesale business. | 10:17:30 |
| 21 | MS. BACON:  Can we take a break? | 10:17:30 |
| 22 | MR. OTTEN:  Sure. | 10:17:30 |
| 23 | THE VIDEOGRAPHER:  We are going off the | 10:17:33 |
| 24 | record at 10:17 a.m. | 10:17:34 |
| 25 | (Discussion held off the record.) | 10:17:49 |

38

Frank Ferrara
July 10, 2017

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | THE VIDEOGRAPHER:  We are back on the record | 10:20:52 |
| 2 | at 10:21 a.m. | 10:20:53 |
| 3 | BY MR. OTTEN: | 10:20:55 |
| 4 | Q.  We were talking about just briefly your | 10:20:55 |
| 5 | employment. | 10:20:58 |
| 6 | Currently, you work or are you retired? | 10:20:59 |
| 7 | A.  I work. | 10:21:01 |
| 8 | Q.  And do you have any physical locations where | 10:21:01 |
| 9 | you sell the cars out of or -- | 10:21:05 |
| 10 | A.  No. | 10:21:07 |
| 11 | Q.  Okay.  That's a pretty good gig; right? | 10:21:08 |
| 12 | A.  Yes. | 10:21:12 |
| 13 | Q.  Any other businesses that you have? | 10:21:12 |
| 14 | A.  No. | 10:21:24 |
| 15 | Q.  Did you ever have any other businesses that | 10:21:24 |
| 16 | made surfing-related products? | 10:21:27 |
| 17 | A.  No. | 10:21:31 |
| 18 | Q.  No sunscreen or anything like that? | 10:21:31 |
| 19 | A.  I don't make sunscreen, no. | 10:21:34 |
| 20 | Q.  By the way, do you ride horses? | 10:21:36 |
| 21 | A.  Yes. | 10:21:40 |
| 22 | Q.  How long have you been riding? | 10:21:41 |
| 23 | A.  35 years. | 10:21:45 |
| 24 | Q.  No kidding? | 10:21:46 |
| 25 | A.  Yes. | 10:21:48 |

39

Frank Ferrara
July 10, 2017

```
1

2

3          (Whereupon, the deposition of

4          FRANK FERRARA commenced at

5          9:46 a.m. and concluded at

6          5:16 p.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

283

Atkinson-Baker Court Reporters
www.depo.com

1   STATE OF CALIFORNIA   )
                          )
2   COUNTY OF LOS ANGELES )

3

4

5

6          I, the undersigned, declare under penalty of

7   perjury that I have read the foregoing transcript, and I

8   have made any corrections, additions, or deletions that

9   I was desirous of making; that the foregoing is a true

10  and correct transcript of my testimony contained

11  therein.

12

13          EXECUTED this _____ day of _____,

14  20_____, at _____, _____.

15                        (City)              (State)

16

17

18

19  _____

20  FRANK FERRARA

21

22

23

24

25

Frank Ferrara
July 10, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1                    REPORTER'S CERTIFICATE

 2

 3          I, ANGELIQUE MELODY FERRIO, C.S.R. NO. 6979, a

 4   Certified Shorthand Reporter, certify:

 5          That the foregoing proceedings were taken

 6   before me at the time and place therein set forth, at

 7   which time the witness was put under oath by me;

 8          That the testimony of the witness and all

 9   objections made at the time of the examination were

10   recorded stenographically by me and were thereafter

11   transcribed;

12          That the foregoing is a true and correct

13   transcript of my shorthand notes so taken.

14          I further certify that I am not a relative or

15   employee of any attorney or of any of the parties, nor

16   financially interested in the action.

17          I declare under penalty of perjury under the

18   law of the State of California that the foregoing is

19   true and correct.

20          Dated this 10th day of July, 2017.

21

22

23          _____

24          Angelique Melody Ferrio
            CSR No. 6979

25
```

Frank Ferrara
July 10, 2017

1              REPORTER'S CERTIFICATION OF CERTIFIED COPY

2

3

4          I, ANGELIQUE MELODY FERRIO, CSR No. 6979, a

5    Certified Shorthand Reporter in the State of California,

6    certify that the foregoing pages are a true and correct

7    copy of the original deposition of FRANK FERRARA, taken

8    on Monday, July 10, 2017.

9          I declare under penalty of perjury under the

10   laws of the State of California that the foregoing is

11   true and correct.

12          Dated this 10th day of July, 2017.

13

14

15

16

17                    _____

18                    Angelique Melody Ferrio
                      CSR No. 6979

19

20

21

22

23

24

25

# Exhibit S

| Man | That's why, that's why people want to come back and like, oh, let's get those fuckers. People take him to the extreme because they got shit for the older people.  Like you know, they wanted to prove themselves because they wanted a surfer, so they had to do things, you know, that were uncalled for, to like show they cared about stuff. |
|---|---|
| Woman | Yeah. |
| Man | Back in the day you could…back in the day, you could drink and drive.  Everyone, you know, things were cooler back the day.  You know, I'm just trying to give examples. |
| Woman | Yeah. |
| Man | The thing, you could get into a fight and not have to deal with the cops.  Now you say something to someone, the wrong words and you're getting sued.  That's all, I'm just trying to say, like, I don't know. |
| Woman | Yeah, you're saying it's not good to take photos of the waves and share 'em with people. |
| Man | Yeah, keep 'em.  I have photos all over my house. |
| Woman | Yeah. |
| Man | But it's in my house. |
| Woman | Believe me, I'm so lazy anyway that I'm like -- |
| Man | -- You seem super cool – you seem so cool – |
| Woman | -- I take photos of all kinds of stuff that I don't post. |
| Man | -- No, no, you seem so cool and it just sucks that like, you know, you got the wrong vibe from everybody.  That's what happens.  Everybody deals with that down here. Everybody gets the wrong vibe, because that's the hazing, it's like a fraternity. They're going to be a dick to you because they want to see how bad you want it.  You know what I mean, like a fraternity, they're going to make you drink frickin' piss to see how bad you want to be in this fraternity.  They're gonna make – you get what I'm saying, like? |
| Woman | Yeah. |
| Man | They're going to make you sit down here when it's all sunny or they're gonna make you walk up to a … to the liquor store to go get 'em ice for their beer and you're, you know, tired, but, "oh, you want a slurpy?  You gotta go do that."  You know, just like…it's just respect, and it teaches people respect  and how to be a man and like…they're all, it's all out of love. |
| Woman | But what if you're a girl? |
| Man | The rousting is all out of love. |

1

EXHIBIT
PENGAD 800-631-6989
267
FERRARA

12823269.1

| | |
|---|---|
| Woman | So that you think they're rousting me out of love? |
| Man | No. |
| Woman | Cuz I don't think -- |
| Man | No, they're rousting you because you're a newcomer. |
| Woman | They're not rousting me out of love. |
| Man | They're rousting you because you're a newcomer.  You don't, you didn't know how to approach it. |
| Woman | Yeah. |
| Man | You didn't know how to approach it.  Did you paddle straight out? |
| Woman | I didn't even paddle out. |
| Man | Exactly. |
| Woman | Cuz I mean, I couldn't, like, I was just hassled so much that I just like had to leave.  And that was the day that like the cops were down here and like they saw the whole thing and like they, you know, they went up the hill and like I have to file the report. |
| Man | Well, I'll tell you what it is.  No one here will ever touch you.  They will never touch you.  Ever.  I don't care what they say, what they do, they will never touch you.  They're not like that.  They're family members. I promise you on that.  They're good people.  They just want -- |
| Woman | But I'm just saying it's scary being a girl. |
| Man | Well, sure it is. |
| Woman | I'm dealing with that, okay, like, yeah, if you're a guy. |
| Man | But it's also scary being a guy when you have guys barking at you, too, you know.  It's scary when you're a guy and you have fuckin' ten guys you know like, you know, gettin' gnarly on you. |
| Woman | Yeah. |
| Man | That's life.  It's not just here.  So many spots in this world you cannot even put your frickin' foot in the water.  So many spots.  Go up to Oregon – oh my gosh, they'll like – there are so many localized spots. |
| Woman | But I mean, do you think that's okay?  If it's like a public place, you know?  I mean, I guess I don't get that, you know. |
| Man | Listen, this is completely open to you.  This is completely open to you.  The surfing is different.  The surfing is...the water, you know, whatever, yeah.  I can't tell you you can't be down here.  I can't tell you that, you know.  I can't tell you you can't go |

2

12823269.1

surfing, but what I can do is make sure you don't have fun out there. You know what I mean? And then what's the point of that? You're going to come here when the surf's good everywhere else and get burned and have a bad day? That's, cuz that's, you know, that's what we're gonna keep on doing. They want to come out we're just gonna on burning them and make them have a bad session because we're going to stick together and like attack cuz we are. We're family. We're all family in this, like, it's really uncool what's going on, how we're getting, you know, the wrap. We don't go bother people. They come to us. And maybe, you know, if they came down and showed some respect when the surf's good without the board, and hung out and got to know people who surf here, know the routes, know the background of the people here, that's a start. That's a start. The ladder's way up here because, like I'm trying to say, this is all they have. Some people don't have families. I'm trying to explain that to you. This right here, that's their god.

| | |
|---|---|
| Woman | Wow. |
| Man | Just like how homeless people are homeless. You know, you go wow, that's crazy. This person's homeless and like, wow, isn't it crazy they love this place that much. Yeah, it is crazy, but that's how it is. They love it. It's their getaway. Life's not easy, you know. People go through gnarly things and this is their best outlet. |
| Woman | I thought everyone here though is like really, you know, wealthy and doesn't have any -- |
| Man | No, fuck, people here are...no, these people are, they're not wealthy; they just get by. My dad does pretty good. We live in PV, but we're just getting by. You know, my dad's a surfer. He works on cars. He works his ass off. Hey, and yes, it's a bummer to see waves go like that. It is a bummer. |
| Woman | That are unridden. |
| Man | It is. |
| Woman | Yeah, it's a real bummer. |
| Man | It's a fuckin' bummer. |
| Woman | You should be out there. |
| Man | I know, I just, I just got out. I just got out. And that's why I was calling people get down here. Get the frick out. We need people surfing. |
| Woman | Cuz that's the sad part is like to have such a great wave and then no one is ever -- |
| Man | But that's the thing, that's the thing, one day you see, you know, whoa, it's really good and no one's around, but you guys don't know how many people are tied into this spot. People up north that surfed here for 30 years back in the day that come down and surf, people that live in Torrance that have surfed here there whole life. People from all over, like they, you know and we're...everyone works, you know. So |

3

12823269.1

|  | there's times where people aren't there because of certain things. This place has enough people on it and for how…I mean, I don't know…how do I explain myself. |
|---|---|
| Woman | I get it. I guess my point is like why can't everyone just get along. You know, why can't people --- |
| Man | The reason is, the reason is one person gets along – oh, they're cool – everyone gets along, and then it turns into Rincon and Malibu. Oh, they got the sweet ticket…why didn't I get the golden ticket? Trust me, it's how it goes. |
| Woman | But that's just part of dealing with the big city, isn't it? It's like you have to deal with crowds. |
| Man | City? No, I'm not doing the city or anything. This is -- |
| Woman | Or, you know, LA. |
| Man | I'm not dealing with them. I'm just dealing with…I'm not dealing with anybody. I'm not dealing with anything. I'm surfing. I came down here and me and you are having a talk. |
| Woman | Yeah. |
| Man | I just came up here to look for my friend's phone. That's what I came up here to do. And that's you know, that's another thing. |
| Woman | But see, maybe if people were -- |
| Man | You know, I don't even know that you see, like are you recording? I don't know. |
| Woman | No, I'm not recording. |
| Man | You know, like, see I don't know. I don't know. And like, and that's what, that's what's happened to other people.. They've been recorded and stuff while they're, you know, rousting them and get recorded and they get in trouble, but it's like… |
| Woman | Cuz maybe there's better ways of doing it. I don't know. I'm just saying there could be like more peaceful ways. |
| Man | Well that's why now we're not, you know, doing stuff, and now we're just burning people. Yeah, Joel, yeah, fuck yeah, Joel. He's a very good surfer. |
| Woman | Yeah, he's great. |
| Man | And that guy surfs all year. When the waves aren't good, everywhere else, because he … that guy has gotten so much shit, that guy right there who just got that barrel. |
| Woman | Okay, no one ever surfs there though. No one ever surfs there. |
| Man | It's called truck drivers. There's a reason why. It's not the spot to sit, okay? |

12823269.1

| | |
|---|---|
| Woman | It's good sometimes though. |
| Man | You think you know that, but you know this wave. I know the wave. Very well. |
| Woman | All true. That is true. |
| Man | Okay. You surf that when it's high tide or deep, and there's reef all along here. Trust me, people I go, oh, those guys are pussies. They don't even fucking know. We charge so hard. We surf the pipeline. We surf all the heavy waves. It's just not a good spot. |
| Woman | Have you surfed pipeline? |
| Man | Yes, I have. I've surfed pipeline third reef. Massive. |
| Woman | How was it? |
| Man | As good as it gets. Fucking insane. My cousin, my cousin spent three years there. He taught me a lot about respect. About the lineup. About who to stay away from, who to talk to, who to be cool with. |
| Woman | Yeah. |
| Man | You know. It's all respect, and did you know that this bump was look wise before you came down here? Did you know? Be honest, cuz if you knew, then you knew what you were walking into and that was disrespectful. And that's where you went wrong. It's disrespectful. |
| Woman | To walk into a place? |
| Man | No. To walk, to paddle out to what they worked so hard to keep how it is. That's how they look at it. |
| Woman | Interesting. |
| Man | They cleaned all this shit. The cleaned from here all the way around, all the trash. It's called, I forget what they call it. It's a certain day once a year. They do a whole cleanup. |
| Woman | Yeah. I was thinking of helping with that. |
| Man | People are so rude to, people are so rude to you down here you have no idea. They're so cool. Like I said, penman, their kids are sitting right here and cooking dogs for the kids. We're surfing. It's not...it's just, it is how it is. |
| Woman | Well, yeah, I know what you're saying. It's that everyone is chilled here. I just think. |
| Man | No, I'm not saying that. I'm just saying -- |
| Woman | Well between each other-- |

12823269.1

| Man | What I'm saying is it is how it is for specific reasons. Like Rincon and Malibu. Guaranty you it will be like that. Indicator? There's a cliff there. I still see fifty people out. So did I get rid of your cliff theory? A little bit? A little bit? |
|-----|------|
| Woman | I don't know, I mean, maybe, yeah. |
| Man | A lot of it? I did. Cuz anybody can walk on a cliff. It's not hard. It's really not hard. |
| Woman | I mean, I get your perspective. I just don't know why --- |
| Man | No, it's not, it's not my perspective. It's the way it's been here for-- |
| Woman | Forever here pretty much. |
| Man | --Forever. As long as, as long as my dad was a kid. My dad's 59 years old. For 59 years it's been like that. Who are you to come here and change something? Get me? |
| Woman | Yeah. |
| Man | I'm sorry to say it like that. I don't, I'm not rude, but that's how they're looking at it, you know, some newcomers come and screw up what we have going on here and, ach! You know, you could have gone about it right and you didn't and I don't know why-- |
| Woman | Well, I don't know, but it's not like I did it on purpose, like I didn't really know. |
| Man | I know, but like, now I don't know if people like, now if you come down without your board like you did right now which was super cool and you come down and like you come sit around here and people are here, I don't know if they're gonna want to talk to you. You know what I mean, because they're hurt, and I'll tell you what that wave back there does. It's only good if it's a deep one. If you're a surfer, man, it's only good if it's a deep one, 'kay, cuz there's the west bowl and the west bowl you won't be able to make it if you're back there. You got me? It's only good if it's a deep one. And there's not many, like only a rare deep one comes in. So this is the main local right here. This is the main local. |
| Woman | That's your buddy? |
| Man | Yup. This is the main local. |
| Woman | And he, is he chill or is he mean? |
| Man | He's pitched…Okay, so what I did was I had a kind talk with you guys and, um… |
| Woman | And I really appreciate it, you know, I've -- |
| Man | No, no, no, he's gonna, and now, I'm gonna get yelled at, okay? You see? |
| Woman | Do you want me to talk to him? |
| Man | No, don't worry about it. I'm just saying, I'm gonna get nailed. |

6

12823269.1

| | |
|---|---|
| Woman | Well then you should tell him that you know it's good you explained things to me because it's...my intention here is not to cause trouble, like I just, honestly, my intention is I just want to be able to come here and surf and like want everyone to be chill and have a good time. |
| Man | Yeah, I appreciate that. |
| Woman | And you know hopefully we can just all get along. That's all I want. |
| Man | I agree with you, but I don't know like I just, you know, I don't know how it's gonna work. I'm sorry. I can't do anything. I didn't do it, you know. |
| Woman | Yeah. |
| Man | You seem really cool. I don't know, I'm sorry. |
| Woman | What do they do with all the video that they get? Cuz they've taken a lot of videos of me. |
| Man | Oh, because you video them. [inaudible] |
| Woman | All right, well if you want me to [inaudible] |
| Man | [inaudible] |
| Woman | All right. |
| Man | It really flames the tempers, huh. |
| Woman | What? |
| Man | It really flames the tempers, huh. |
| Woman | Yeah. I know. |
| Man | That's the way to get somebody to [inaudible] |
| Woman | That's a really good one. |
| Man | 'kay, do it. Nice. |

12823269.1

# Exhibit T



# Exhibit U

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

Cory Spencer, et al.,

              Plaintiffs,

        vs.                      Case No.
                                 2:16-CV-02129-SJO
Lunada Bay Boys, et al.,         (RAOx)

              Defendants.
_____

DEPOSITION OF KENNETH CLAYPOOL

June 13, 2017

10:23 a.m.

20320 S.W. Birch Street, 2nd Floor

Newport Beach, California

REPORTED BY:

Angela M. Schubert

CSR No. 12027, CSR

```
 1   APPEARANCES:

 2

 3              For Plaintiffs:

 4                  HANSON & BRIDGETT
                    KURT A. FRANKLIN
 5                  425 Market Street, 26th Floor
                    San Francisco, California  94105
 6                  415.777.3200
                    415.541.9366 fax
 7                  KFranklin@HansonBridgett.com

 8

 9              For Defendant Brant Blakeman:

10                  VEATCH CARLSON
                    RICHARD P. DIEFFENBACH
11                  1055 Wilshire Boulevard, 11th Floor
                    Los Angeles, California  90017
12                  213.381.2861
                    213.383.6370  fax
13                  RDieffenbach@VeatchFirm.com

14                  BUCHALTER & NEMER
                    ROBERT S. COOPER
15                  1000 Wilshire Boulevard, Suite 1500
                    Los Angeles, California  90017
16                  213.891.5230
                    213.630.5609
17                  RCooper@BuchAlter.com

18              For Defendants City of Palos Verdes
                Estates and Chief of Police Jeff Kepley:
19
                    KUTAK ROCK, LLP
20                  CHRISTOPHER D. GLOS
                    5 Park Plaza, Suite 1500
21                  Irvine, California  92614
                    949.417.0999
22                  949.417.0979 fax
                    Christopher.Glos@KutakRock.com
23

24

25
```

Case 2:16-cv-02129-SJO-RAO   Document 287-7   Filed 01/24/17   Page 170 of 358   Page ID
#:6093

Kenner v. Clay, et al.
June 13, 2017

```
 1   APPEARANCES:  (Cont.)

 2

 3              For Defendant Sang Lee:
                (Telephonic appearance)
 4
                     BOOTH, MITCHEL & STRANGE
 5                   JACKIE K. VU
                     707 Wilshire Boulevard, Suite 4450
 6                   Los Angeles, California  90017
                     213.738.0100
 7                   213.380.3308 fax
                     JKVu@BoothMitchel.com
 8
                     LEWIS, BRISBOIS, BISGAARD & SMITH
 9                   EDWARD E. WARD, JR.
                     633 West 5th Street, Suite 4000
10                   Los Angeles, California  90071
                     213.580.3853
11                   213.250.7900
                     Edward.Ward@LewisBrisbois.com
12

13              For Defendants Angelo Ferrara and NF:
                (Telephonic appearance)
14
                     THE PHILLIPS FIRM
15                   MATTHEW E. VOSS
                     800 Wilshire Boulevard, Suite 1550
16                   Los Angeles, California  90017
                     213.244.9913
17                   213.244.9915 fax
                     MVoss@ThePhillipsFirm.com
18

19              For Defendant Michael Ray Papayans:
                (Telephonic appearance)
20
                     HAVEN LAW
21                   PETER T. HAVEN
                     1230 Rosecrans Avenue, Suite 300
22                   Manhattan Beach, California  90266
                     213.842.4617
23                   213.477.2137  fax
                     Peter@HavenLaw.com
24

25
```

Kenneth Chan 07-24
June 13, 2017

APPEARANCES:   (Cont.)

              For Defendants Frank Ferrara and Charlie
              Ferrara:

                    BREMER, WHYTE, BROWN & O'MEARA
                    TIFFANY BACON
                    20320 S.W. Birch Street, 2nd Floor
                    Newport Beach, California  92660
                    949.221.1000
                    949.221.1001 fax
                    TBacon@BremerWhyte.com

Kenneth Claypool
June 13, 2017

```
 1                    INDEX TO EXAMINATION

 2

 3              WITNESS:  KENNETH CLAYPOOL

 4

 5   EXAMINATION                           PAGE

 6   By Ms. Bacon                       7,84,238

 7   By Mr. Glos                        107,246

 8   By Mr. Ward                            180

 9   By Mr. Cooper                          199

10   By Mr. Haven                            75

11   By Mr. Voss                             77

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                   INDEX TO EXHIBITS

 2                   KENNETH CLAYPOOL

 3      Cory Spencer, et al., vs. Lunada Bay Boys, et al.

 4                  Tuesday, June 13, 2017

 5           Angela M. Schubert, CSR No. 12027, CSR

 6

 7  MARKED              DESCRIPTION             PAGE

 8  Exhibit 250   Notice of deposition           10

 9  Exhibit 251   Plaintiff's supplemental       18
                  disclosures
10
    Exhibit 252   Declaration of Kenneth         91
11                Claypool

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    NEWPORT BEACH, CALIFORNIA;

 2              TUESDAY, JUNE 13, 2017, 10:23 A.M.

 3

 4                       KENNETH CLAYPOOL,

 5        having been first duly sworn, was examined and

 6                    testified as follows:

 7

 8                         EXAMINATION

 9

10   BY MS. BACON:

11        Q.  Good morning, Mr. Claypool.  My name is

12   Tiffany Bacon and I represent defendants Franker

13   Ferrara and Charlie Ferrara in this action.  Can you

14   please state and spell your name for the record?

15        A.  Ken Claypool, K-e-n, C-l-a-y-p-o-o-l.

16        Q.  Have you ever gone by any other names besides

17   Ken Claypool?

18        A.  Kenneth.

19        Q.  Does anyone ever refer to you as Kenny?

20        A.  Yes.

21        Q.  Have you ever been deposed before?

22        A.  No.

23        Q.  Do you understand that you're here today to

24   provide us your best testimony?

25        A.  Yes.
```

 1  time?

 2      A.  No.

 3      Q.  I know earlier you mentioned Charlie Ferrara.

 4  Have you met Charlie Ferrara in person?

 5      A.  I don't remember.

 6      Q.  You don't remember meeting him?

 7      A.  I don't remember him.

 8      Q.  I guess it's safe to say that you have not

 9  seen Charlie Ferrara at Lunada Bay?

10          MR. FRANKLIN:  Vague and ambiguous.

11          THE WITNESS:  I have seen him at Lunada Bay.

12          MS. BACON:  You have seen him at Lunada Bay.

13  BY MS. BACON:

14      Q.  When did you see him at Lunada Bay?

15      A.  I think it was Charlie Ferrara that was -- if

16  that's the stepson was verbally harassing me at the

17  bottom of the trail in one of the incidents.

18      Q.  I think you said that's Angelo Ferrara's

19  stepson?

20      A.  Yeah.  That's what I thought.

21      Q.  Can you tell me what Charlie Ferrara looks

22  like?

23      A.  No.  Well, just depends.  I have to see

24  pictures and determine actually who's who.

25      Q.  So if you've never seen Frank Ferrara at

```
 1    Lunada Bay, I guess it's safe to assume that you've
 2    never seen Frank Ferrara harass anyone at Lunada Bay?
 3         MR. FRANKLIN:  Misstates prior testimony.
 4    BY MS. BACON:
 5         Q.  Is that statement correct?
 6         A.  Repeat the question.
 7         Q.  Have you ever seen Frank Ferrara harass anyone
 8    at Lunada Bay?
 9         A.  No.
10         Q.  Have you ever seen Charlie Ferrara harass
11    anyone at Lunada Bay?
12         A.  I think so.  It's hard to determine who's who
13    because I don't know them that well.
14         Q.  When you say you think so, what incident are
15    you referring to that you think you saw Charlie Ferrara
16    harass somebody at Lunada Bay?
17         A.  I thought it was Charlie.  That Charlie
18    Ferrara was the stepson.
19         Q.  So earlier when you referred to Angelo
20    Ferrara's stepson, that's the incident you're talking
21    about?
22         A.  Yeah.
23         Q.  So you don't know that it was Charlie Ferrara?
24         A.  No.
25         Q.  Is that correct?
```

1    A.  Correct.  I just know that for sure it was the

2  person that I thought it was.  It was Angelo Ferrara's

3  stepson.

4    Q.  Do you know who is the father of Charlie

5  Ferrara?

6    A.  Charlie, I would assume it was Angelo Ferrara.

7    Q.  So apart from that one incident earlier when

8  you identified Angelo Ferrara's stepson, are there any

9  other instances, any accidents, that you can recall

10  involving that particular person harassing anyone at

11  Lunada Bay?

12         MR. FRANKLIN:  Vague and ambiguous.

13         THE WITNESS:  No but I've seen them around

14  there a lot.

15  BY MS. BACON:

16    Q.  Are you aware of any behavior of father

17  Ferrara that leads you to believe that he's what you

18  refer to as a Lunada Bay Boy?

19    A.  If you're referring to Frank Ferrara, that I

20  know of, is the father of Angelo Ferrara.

21    Q.  No.

22    A.  There's a Frank senior that I'm speaking of.

23    Q.  I'm not speaking of Frank senior.  So if

24  you're referring to Frank as Angelo Ferrara's father?

25    A.  I don't know Frank then.

1      Q.   So you don't know Frank senior's son?

2      A.   No.

3      Q.   Is the Frank Ferrara that you're referring to

4  as Angelo Ferrara's father still alive?

5      A.   I believe he is.

6      Q.   How old is Angelo Ferrara if you know or can

7  you estimate?

8      A.   Close to 60.

9      Q.   Have you ever met any siblings of Angela

10  Ferrara?

11      A.   No.

12      Q.   So you're not aware of any other son of father

13  Ferrara senior other than Angelo Ferrara; is that

14  correct?

15          MR. FRANKLIN:  Vague and ambiguous.

16          THE WITNESS:  I don't know.

17          MS. BACON:  Okay.

18  BY MS. BACON:

19      Q.   Have you ever witnessed Charlie Ferrara and

20  I'm not referring to Angelo's stepson, Charlie Ferrara

21  threaten or intimidate anyone at Lunada Bay?

22          MR. FRANKLIN:  Vague and ambiguous.

23          THE WITNESS:  I can't say for sure.

24  BY MS. BACON:

25      Q.   So that's a no?

Kenneth Claypool
June 13, 2017

```
 1              MR. FRANKLIN:  Misstates the testimony.
 2              THE WITNESS:  I can't say for sure.
 3  BY MS. BACON:
 4      Q.  Have you ever spoken with Diana Reed about any
 5  actions of Charlie Ferrara at Lunada Bay and I'm not
 6  speaking of Angelo Ferrara's stepson?
 7      A.  No.
 8      Q.  What about Cory Spencer, have you had any
 9  conversations with him about that?
10      A.  Repeat the question.
11      Q.  About any actions taken by Charlie Ferrara,
12  not Angelo Ferrara's stepson at Lunada Bay?
13      A.  I have not spoken with Cory about that.
14      Q.  Have you ever witnessed Frank Ferrara and I'm
15  not speaking of Angelo Ferrara's father threaten or
16  intimidate anyone at Lunada Bay?
17              MR. FRANKLIN:  Vague and ambiguous.
18              THE WITNESS:  No.
19  BY MS. BACON:
20      Q.  Have you ever witnessed Frank Ferrara, not
21  Angelo's father, engage in any wrongful conduct at
22  Lunada Bay?
23              MR. FRANKLIN:  Vague and ambiguous.
24              THE WITNESS:  I don't know for sure.
25  ///
```

Kerrie th Clay 17-21
June 13, 2017

1    BY MS. BACON:

2         Q.   Have you ever witnessed Charlie Ferrara, not

3    Angelo Ferrara's stepson, engage in any wrongful

4    conduct at Lunada Bay?

5              MR. FRANKLIN:  Vague and ambiguous.

6              THE WITNESS:  I don't know for sure.

7              MS. BACON:  Okay.

8    BY MS. BACON:

9         Q.   So going back to Exhibit 251, I believe it was

10   plaintiff's supplemental disclosures.  Can you now

11   state that the Ferrara's that you're speaking of in

12   this statement would not include Frank or Charlie

13   Ferrara?

14             MR. FRANKLIN:  Vague and ambiguous.  Misstates

15   prior testimony.

16             THE WITNESS:  I don't know for sure.

17   BY MS. BACON:

18        Q.   Have you ever met Chris Taloa?

19        A.   Yes.

20        Q.   When did you first meet him?

21        A.   Approximately 2014.

22        Q.   Did you meet him at Lunada Bay?

23        A.   Yes.

24        Q.   And in 2014, did you surf with him at Lunada

25   Bay?

1      A.  I could have if they've been down there but I

2   don't recollect specifically meeting them.

3      Q.  Would you classify Frank Ferrara as one of the

4   Lunada Bay Boys?

5      A.  Not the father or Angelo's dad.

6      Q.  Do you know of any other Frank Ferrara?

7      A.  That's the only Frank Ferrara that I know of.

8      Q.  Would you consider Charlie Ferrara, not Angelo

9   Ferrara's stepson, as one of the Lunada Bay Boys?

10     A.  Yes, as far as I know.

11     Q.  How did you come to know Charlie Ferrara?

12     A.  Just heard it over and over in conversations

13  regarding the Bay Boys.

14     Q.  Who in particular has mentioned Charlie

15  Ferrara's name?

16     A.  I've heard that from -- I think I've heard --

17  it might have been on Facebook.

18     Q.  It might have been on Facebook?

19     A.  Yeah.  It had to have been because I can't

20  remember specific conversations who I heard it from.

21     Q.  Prior to the filing of the entire case, had

22  you heard of the name Charlie Ferrara?

23     A.  Yes.

24     Q.  And was that through Facebook that you're

25  talking about?

```
 1        A.   Yeah, and maybe in conversation with different
 2   people but the name did come up.
 3        Q.   And any of these people who might have
 4   mentioned the name Charlie Ferrara, did they speak
 5   specifically about any actions that Charlie Ferrara
 6   might have been engaged in at Lunada Bay or anywhere
 7   else?
 8        A.   Yeah.  I think it may have been eventually
 9   brought up that he was one of the individuals that
10   harassed Diana.  That he might have been involved in
11   that.
12        Q.   At which time?
13        A.   I don't recall.
14        Q.   Now you said might have been.  I don't want
15   you to guess or speculate.  So if you know for sure, if
16   you heard someone say that he was involved in any
17   actions related to Diana Reed?
18        A.   I have heard.
19             MR. FRANKLIN:  Argumentative.
20   BY MS. BACON:
21        Q.   You just heard?
22        A.   Yes.
23        Q.   And can you remember the specific individual
24   that you heard that from?
25        A.   No.
```

1    Q.  Did Diana Reed ever tell you that Charlie

2  Ferrara harassed her?

3    A.  I don't think so.  Because like I said before,

4  Diana and I have not talked about any of that together.

5    Q.  Did Jordan Wright ever tell you that Charlie

6  Ferrara ever harassed Diana Reed?

7    A.  I don't think so either.

8    Q.  Are you aware that Jordan Wright and Diana

9  Reed are boyfriend and girlfriend?

10   A.  Yes.

11   Q.  Have you ever been harassed or intimidated by

12  Charlie Ferrara, not Angelo Ferrara's stepson?

13       MR. FRANKLIN:  Vague and ambiguous.

14       THE WITNESS:  It could have because I know him

15  as part of the group so it could have been him.  It was

16  always a bunch of them and I can't recognize every one

17  of them, you know, all the time and it's been a lot of

18  years that all that has been happening so it could have

19  been.

20  BY MS. BACON:

21   Q.  Do you know how old Charlie Ferrara might be?

22   A.  30 something.

23   Q.  Would you say early 30s or late 30s?

24   A.  Early.

25   Q.  Can you tell me what he looks like?

1      A.  If I recall correctly, he has dark hair.  He's

2  not short.  He's not tall.  Thin, medium build, dark

3  hair.

4      Q.  Do you know Charlie Ferrara, not Angelo

5  Ferrara's stepson, to ever have been involved in any

6  physical altercation with any person at Lunada Bay or

7  anywhere else?

8          MR. FRANKLIN:  Vague and ambiguous.

9          THE WITNESS:  Probably was involved in?  I

10  don't know directly.  I've never seen him.  But just

11  because of his involvement in knowing that he's part of

12  the group, that he's probably been involved in some

13  altercations.

14  BY MS. BACON:

15      Q.  Well, I asked if you knew but you don't know?

16      A.  No.

17          MR. FRANKLIN:  Argumentative.

18          MS. BACON:  I'm just clarifying.  I'm going to

19  attach this as the next exhibit, Exhibit 252.

20          (Exhibit 252 marked)

21  BY MS. BACON:

22      Q.  Sir, have you seen this document before?

23      A.  Yes.  And.

24      Q.  If you turn to page 14 of this document, is

25  that your signature?

```
 1            MR. FRANKLIN:  You are going to drive home

 2   with traffic.

 3            THE WITNESS:  Thank you.

 4            MS. BACON:  Thank you, sir.  I appreciate your

 5   time.

 6            THE WITNESS:  Leave this here.

 7            MR. FRANKLIN:  Yes.

 8            MR. WARD:  I need a copy of this one please.

 9            MS. REPORTER:  Who would like copies?

10            MR. GLOS:  I do.

11            MR. DIEFFENBACH:  Copy please.

12            (Deposition concluded at 5:24 p.m.)

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1              DECLARATION UNDER PENALTY OF PERJURY

2

3              I, Kenneth Claypool, do hereby certify under

4    penalty of perjury that I have read the foregoing

5    transcript of my deposition taken on June 13, 2017;

6    that I have made such corrections as appear noted

7    herein in ink, initialed by me; that my testimony as

8    contained herein, as corrected, is true and correct.

9

10             Dated this _____ day of _____,

11   2017, at _____,

12   California.

13

14

15

16

17   _____

18   Kenneth Claypool

19

20

21

22

23

24

25
```

```
 1              DEPOSITION ERRATA SHEET

 2    Page No._____ Line No. _____

 3    Change:_____

 4    Reason for change: _____

 5    Page No._____ Line No. _____

 6    Change:_____

 7    Reason for change: _____

 8    Page No._____ Line No. _____

 9    Change:_____

10    Reason for change: _____

11    Page No._____ Line No. _____

12    Change:_____

13    Reason for change: _____

14    Page No._____ Line No. _____

15    Change:_____

16    Reason for change: _____

17    Page No._____ Line No. _____

18    Change:_____

19    Reason for change: _____

20    Page No._____ Line No. _____

21    Change:_____

22    Reason for change: _____

23

24    _____    _____

25    KENNETH CLAYPOOL                Dated
```

```
 1                REPORTER'S CERTIFICATE

 2         I, Angela Schubert, CSR No. 12027, Certified

 3  Shorthand Reporter, certify:

 4         That the foregoing proceedings were taken

 5  before me at the time and place therein set forth, at

 6  which time the witness was put under oath by me;

 7         That the testimony of the witness, the

 8  questions propounded, and all objections and statements

 9  made at the time of the examination were recorded

10  stenographically by me and were thereafter transcribed;

11         That a review of the transcript by the

12  deponent was required;

13         That the foregoing is a true and correct

14  transcript of my shorthand notes so taken.

15         I further certify that I am not a relative or

16  employee of any attorney of the parties, nor

17  financially interested in the action.

18         I declare under penalty of perjury under the

19  laws of California that the foregoing is true and

20  correct.

21

22  Dated this 18th day of June, 2017

23
    _____
24

25  ANGELA SCHUBERT, CSR NO. 12027
```

# Exhibit V

1  Alison K. Hurley, State Bar No. 234042
   ahurley@bremerwhyte.com
2  Tiffany L. Bacon, State Bar No. 292426
   tbacon@bremerwhyte.com
3  BREMER WHYTE BROWN & O'MEARA LLP
   20320 S.W. Birch Street
4  Second Floor
   Newport Beach, California 92660
5  Telephone:  (949) 221-1000
   Facsimile:  (949) 221-1001
6
   Attorneys for Defendants,
7  FRANK FERRARA and CHARLIE FERRARA

8              **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  CORY SPENCER, an individual; DIANA          )  Case No. 2:16-cv-2129
    MILENA REED, an individual; and            )
12  COASTAL PROTECTION RANGERS,                 )  Judge:   Hon. S. James Otero
    INC., a California non-profit public       )  Dept:    Courtroom 10C
13  benefit corporation,                        )
                                                )  Magistrate Judge:
14              Plaintiff,                       )  Hon. Rozella A. Oliver
                                                )
15       vs.                                     )  **DECLARATION OF JAMES
                                                )  RUSSI**
16  LUNADA BAY BOYS; THE                        )
    INDIVIDUAL MEMBERS OF THE                   )  Complaint Filed:   March 29, 2016
17  LUNADA BAY BOYS, including but not          )  Trial Date:        November 7, 2017
    limited to SANG LEE, BRANT                  )
18  BLAKEMAN, ALAN JOHNSTON AKA                 )
    JALIAN JOHNSTON, MICHAEL RAE                )
19  PAPAYANS, ANGELO FERRARA,                   )
    FRANK FERRARA, CHARLIE                      )
20  FERRARA; CITY OF PALOS VERDES               )
    ESTATES; CHIEF OF POLICE JEFF               )
21  KEPLEY, in his representative capacity;     )
    and DOES 1-10,                              )
22                                              )
                Defendants.                     )
23  _____  )

24       I, James Russi, declare as follows:

25       1.    I am not a party to this action.  My legal name is James Russi, but I use

26  the name "Jim."  The matters stated herein are true of my own personal knowledge

27  and, if called upon as a witness, I could and would competently testify thereto under

28  oath.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

DECLARATION OF JAMES RUSSI

2.      I am a resident of Hawaii and have lived in Hawaii since 1979.  I am a photographer, and I photograph images for surfing magazines.

3.      I grew up in Palos Verdes Estates, California and attended Palos Verdes High School, where I graduated from in 1974.

4.      I attended Palos Verdes High School with Frank Ferrara, and he graduated in the same year.  Frank Ferrara and I have remained friends since high school, and we talk approximately 2-3 times per year.

5.      While I lived in Palos Verdes Estates, California, I surfed at Lunada Bay approximately 30 times per year, on average, from the year of 1969.

6.      From 1975 to 1979, I attended college at the University of California, Santa Barbara and occasionally surfed at Lunada Bay.

7.      Since moving to Hawaii in 1979, I have surfed at Lunada Bay approximately 40 times.

8.      While living in Palos Verdes Estates, California, I never heard the use of the terms "Bay Boy" or "Lunada Bay Boy" and was only made aware of these terms by the use of these terms in the media.

9.      I have no knowledge of Frank Ferrara being involved in any surf related incidents at or around Lunada Bay.

10.     I have no knowledge of Frank Ferrara being involved in any incident of vandalism, harassment, intimidation or threatening behavior at or near Lunada Bay, nor any other wrongful behavior.

11.     I have no knowledge of Charlie Ferrara, Frank Ferrara's son, being involved in any surf related incident at or around Lunada Bay.

12.     I have no knowledge of Charlie Ferrara being involved in any incident of vandalism, harassment, intimidation or threatening behavior at or near Lunada Bay, nor any other wrongful behavior.

13.     I have no knowledge of Frank Ferrara or Charlie Ferrara ever being involved in any illegal activity at or near Lunada Bay.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

2

DECLARATION OF JAMES RUSSI

14. I have no knowledge of Frank Ferrara or Charlie Ferrara ever attempting to exclude any person from visiting or surfing at or around the area of Lunada Bay.

15. I have no knowledge of Frank Ferrara or Charlie Ferrara ever being involved in any physical altercation, physical fight, incident of violence, or intent to cause harm to any person at or near the area of Lunada Bay.

16. I have no knowledge of Frank Ferrara or Charlie Ferrara ever having any discussions with any other person about preventing anyone from visiting or surfing at or near Lunada Bay.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 3ʳᵈ day of JULY 2017, at HALEIWA, Hawaii.

James Russi

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3

DECLARATION OF JAMES RUSSI

# Exhibit W

HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
JENNIFER ANIKO FOLDVARY, SBN 292216
jfoldvary@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFF CORY SPENCER'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANT CHARLIE FERRARA** |

Case No. 2:16-cv-02129-SJO (RAOx)

| | |
|---|---|
| 1 | |
| 2 | v. |
| | Complaint Filed:   March 29, 2016 |
| | Trial Date:         November 7, 2017 |

3  LUNADA BAY BOYS; THE
4  INDIVIDUAL MEMBERS OF THE
   LUNADA BAY BOYS, including but
5  not limited to SANG LEE, BRANT
   BLAKEMAN, ALAN JOHNSTON
6  AKA JALIAN JOHNSTON,
7  MICHAEL RAE PAPAYANS,
   ANGELO FERRARA, FRANK
8  FERRARA, CHARLIE FERRARA,
9  and N. F.; CITY OF PALOS
   VERDES ESTATES; CHIEF OF
10 POLICE JEFF KEPLEY, in his
11 representative capacity; and DOES
   1-10,
12
13          Defendants.

14

15 PROPOUNDING PARTY: Defendant Charlie Ferrara

16 RESPONDING PARTY:   Plaintiff Cory Spencer

17 SET NO.:            One

18     Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff

19 Cory Spencer ("Responding Party") hereby submits these objections and

20 responses to the First Set of Requests for Admission propounded by

21 Defendant Charlie Ferrara ("Propounding Party").

22                    **PRELIMINARY STATEMENT**

23     Nothing in this response should be construed as an admission by

24 Responding Party with respect to the admissibility or relevance of any fact or

25 document, or of the truth or accuracy of any characterization or statement of

26 any kind contained in Propounding Party's Requests for Admission.

27 Responding Party has not completed his investigation of the facts relating to

28

1  this case, his discovery or his preparation for trial.  All responses and

2  objections contained herein are based only upon information that is

3  presently available to and specifically known by Responding Party.  It is

4  anticipated that further discovery, independent investigation, legal research

5  and analysis will supply additional facts and add meaning to known facts, as

6  well as establish entirely new factual conclusions and legal contentions, all

7  of which may lead to substantial additions to, changes in and variations from

8  the responses set forth herein.  The following objections and responses are

9  made without prejudice to Responding Party's right to produce at trial, or

10 otherwise, evidence regarding any subsequently discovered information.

11 Responding Party accordingly reserves the right to modify and amend any

12 and all responses herein as research is completed and contentions are

13 made.

14                        **<u>GENERAL OBJECTIONS</u>**

15        Responding Party generally objects to the Requests for Admission as

16 follows:

17        1.       Responding Party objects generally to the Requests for

18 Admission to the extent that they seek to elicit information that is neither

19 relevant to the subject matter of this action, nor reasonably calculated to

20 lead to the discovery of admissible evidence;

21        2.       Responding Party objects generally to the Requests for

22 Admission to the extent that they are unreasonably overbroad in scope, and

23 thus burdensome and oppressive, in that each such request seeks

24 information pertaining to items and matters that are not relevant to the

25 subject matter of this action, or, if relevant, so remote therefrom as to make

26 its disclosure of little or no practical benefit to Propounding Party, while

27 placing a wholly unwarranted burden and expense on Responding Party in

28

13524573.1

1    locating, reviewing and producing the requested information;

2         3.      Responding Party objects generally to the Requests for

3    Admission to the extent that they are burdensome and oppressive, in that

4    ascertaining the information necessary to respond to them would require the

5    review and compilation of information from multiple locations, and

6    voluminous records and files, thereby involving substantial time of

7    employees of Responding Party and great expense to Responding Party,

8    whereas the information sought to be obtained by Propounding Party would

9    be of little use or benefit to Propounding Party;

10        4.      Responding Party objects generally to the Requests for

11   Admission to the extent that they are vague, uncertain and overbroad, being

12   without limitation as to time or specific subject matter;

13        5.      Responding Party objects generally to the Requests for

14   Admission to the extent that they seek information at least some of which is

15   protected by the attorney-client privilege or the attorney work-product

16   doctrine, or both;

17        6.      Responding Party objects generally to the Requests for

18   Admission to the extent that they seek to have Responding Party furnish

19   information that is a matter of the public record, and therefore, is equally

20   available to the propounding party as to Responding Party; and

21        7.      Responding Party objects generally to the Requests for

22   Admission to the extent that they seek to have Responding Party furnish

23   information that is proprietary to Responding Party and contain confidential

24   information.

25        8.      Responding Party expressly incorporates each of the foregoing

26   General Objections into each specific response to the requests set forth

27   below as if set forth in full therein.  An answer to a request is not intended to

28

be a waiver of any applicable specific or general objection to such request.

Without waiver of the foregoing, Responding Party further responds as follows:

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit YOU have no facts that support YOUR First Cause of Action for. Bane Act against Propounding Party as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Without waiving set objections, Plaintiff responds as follows: Denial


**REQUEST FOR ADMISSION NO. 2:**

Admit YOU can IDENTIFY no PERSONS with knowledge to support YOUR First Cause of Action for Bane Act against Propounding Party as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Without waiving set objections, Plaintiff responds as follows: Denial


**REQUEST FOR ADMISSION NO. 3:**

Admit YOU can IDENTIFY no DOCUMENTS to support YOUR First Cause of Action for Bane Act against Propounding Party as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Without waiving set objections, Plaintiff responds as follows: Denial


**REQUEST FOR ADMISSION NO. 4:**

Admit YOU have no facts that support YOUR Second Cause of Action for Public Nuisance against Propounding Party as alleged in YOUR

1  COMPLAINT.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

3  Without waiving set objections, Plaintiff responds as follows: Denial

4

5  **REQUEST FOR ADMISSION NO. 5:**

6      Admit YOU can IDENTIFY no PERSONS with knowledge to support

7  YOUR Second Cause of Action for Public Nuisance against Propounding

8  Party as alleged in YOUR COMPLAINT.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

10  Without waiving set objections, Plaintiff responds as follows: Denial

11

12  **REQUEST FOR ADMISSION NO. 6:**

13      Admit YOU can IDENTIFY no DOCUMENTS to support YOUR

14  Second Cause of Action for Public Nuisance against Propounding Party as

15  alleged in YOUR COMPLAINT.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

17  Without waiving set objections, Plaintiff responds as follows: Denial

18

19  **REQUEST FOR ADMISSION NO. 7:**

20      Admit YOU have no facts that support YOUR Sixth Cause of Action for

21  Assault against Propounding Party as alleged in YOUR COMPLAINT.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

23  Without waiving set objections, Plaintiff responds as follows: Denial

24

25  **REQUEST FOR ADMISSION NO. 8:**

26      Admit YOU can IDENTIFY no PERSONS with knowledge to support

27  YOUR Sixth Cause of Action for Assault against Propounding Party as

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524573.1

1  alleged in YOUR COMPLAINT.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

3  Without waiving set objections, Plaintiff responds as follows: Denial

4

5  **REQUEST FOR ADMISSION NO. 9:**

6      Admit YOU can IDENTIFY no DOCUMENTS to support YOUR Sixth

7  Cause of Action for Assault against Propounding Party as alleged in YOUR

8  COMPLAINT.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

10  Without waiving set objections, Plaintiff responds as follows: Denial

11

12  **REQUEST FOR ADMISSION NO. 10:**

13      Admit YOU have no facts that support YOUR Seventh Cause of Action

14  for Battery against Propounding Party as alleged in YOUR COMPLAINT.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

16  Without waiving set objections, Plaintiff responds as follows: Denial

17

18  **REQUEST FOR ADMISSION NO. 11:**

19      Admit YOU can IDENTIFY no PERSONS with knowledge to support

20  YOUR Seventh Cause of Action for Battery against Propounding Party as

21  alleged in YOUR COMPLAINT.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

23  Without waiving set objections, Plaintiff responds as follows: Denial

24

25  **REQUEST FOR ADMISSION NO. 12:**

26      Admit YOU can IDENTIFY no DOCUMENTS to support YOUR

27  Seventh Cause of Action for Battery against Propounding Party as alleged in

28

-7-                                    Case No. 2:16-cv-02129-SJO (RAOx)

13524573.1

1  YOUR COMPLAINT.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

3  Without waiving set objections, Plaintiff responds as follows: Denial

4

5  **REQUEST FOR ADMISSION NO. 13:**

6  Admit YOU have no facts that support YOUR Eighth Cause of Action

7  for Negligence against Propounding Party as alleged in YOUR

8  COMPLAINT.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

10  Without waiving set objections, Plaintiff responds as follows: Denial

11

12  **REQUEST FOR ADMISSION NO. 14:**

13  Admit YOU. can IDENTIFY no PERSONS with knowledge to support

14  YOUR Eighth Cause of Action for Negligence against Propounding Party as

15  alleged in YOUR COMPLAINT.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

17  Without waiving set objections, Plaintiff responds as follows: Denial

18

19  **REQUEST FOR ADMISSION NO. 15:**

20  Admit YOU can IDENTIFY no DOCUMENTS to support YOUR Eighth

21  Cause of Action for Negligence against Propounding Party as alleged in

22  YOUR COMPLAINT.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

24  Without waiving set objections, Plaintiff responds as follows: Denial

25

26  **REQUEST FOR ADMISSION NO. 16:**

27  Admit YOU have no knowledge, other than that which has been

28

-8-                Case No. 2:16-cv-02129-SJO (RAOx)

13524573.1

testified to by Plaintiff Diana Milena Reed, that the audio recording identified by Plaintiff Diana Milena Reed at Volume One, Page 18 of her deposition taken in this matter on October 24, 2016 contains the voice of Propounding Party. (A true and correct copy of Page 18, Volume One of Plaintiff Diana Milena Reed's deposition is attached hereto as Exhibit A.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Without waiving set objections, Plaintiff responds as follows: Denial

**REQUEST FOR ADMISSION NO. 17:**

Admit YOU have never met Propounding Party in person.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Without waiving set objections, Plaintiff responds as follows: Denial

**REQUEST FOR ADMISSION NO. 18:**

Admit Propounding Party has never harassed YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Without waiving set objections, Plaintiff responds as follows: Denial

**REQUEST FOR ADMISSION NO. 19:**

Admit Propounding Party has never caused YOU any pain or suffering.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Without waiving set objections, Plaintiff responds as follows: Denial

**REQUEST FOR ADMISSION NO. 20:**

Admit YOU have no personal knowledge of Propounding Party ever being involved in any incident of harassment at Lunada Bay at any time.

Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFF CORY SPENCER'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPUNDED BY DEFENDANT CHARLIE FERRARA

13524573.1

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Without waiving set objections, Plaintiff responds as follows: Denial

**REQUEST FOR ADMISSION NO. 21:**

Admit YOU have no personal knowledge of Propounding Party ever being involved in any incident of violence at Lunada Bay at any time.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Without waiving set objections, Plaintiff responds as follows: Denial

**REQUEST FOR ADMISSION NO. 22:**

Admit YOU have no personal knowledge of Propounding Party ever being involved in any incident of vandalism at Lunada Bay at any time.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Without waiving set objections, Plaintiff responds as follows: Denial

**REQUEST FOR ADMISSION NO. 23:**

Admit that, prior to filing this Action, no PERSON ever told YOU that Propounding Party was involved in any incident of harassment at Lunada Bay at any time.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Without waiving set objections, Plaintiff responds as follows: Denial

**REQUEST FOR ADMISSION NO. 24:**

Admit that, prior to filing this Action, no PERSON ever told YOU that Propounding Party was involved in any incident of violence at Lunada Bay at any time.

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524573.1

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Without waiving set objections, Plaintiff responds as follows: Denial

**REQUEST FOR ADMISSION NO. 25:**

Admit that, prior to filing this Action, no PERSON ever told YOU that Propounding Party was involved in any incident of vandalism at Lunada Bay at any time.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Without waiving set objections, Plaintiff responds as follows: Denial

DATED:  May 31, 2017                    OTTEN LAW, PC


                                        By: ___/s/Victor Otten_____
                                            VICTOR OTTEN
                                            KAVITA TEKCHANDANI
                                            Attorneys for Plaintiffs
                                            CORY SPENCER, DIANA MILENA
                                            REED, and COASTAL PROTECTION
                                            RANGERS, INC.

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524573.1

**PROOF OF SERVICE**
*Spencer, et al. v. Lunada Bay Boys, et al.*
U.S.D.C. for the Central District of California
Case No. 2:16-cv-02129-SJO (RAOx)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is: 3620 Pacific Coast Highway, Suite 100, Torrance, CA  90505.

On June 5, 2017, I served the original or a true copy of the following document(s) described as:

**PLAINTIFF CORY SPENCER'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANT CHARLIE FERRARA**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**X BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **June 5, 2017**, at Torrance, California.

*/s/ Victor Otten*

Victor Otten

-12-

Case No. 2:16-cv-02129-SJO (RAOx)

13524573.1

**SERVICE LIST**
***Spencer, et al. v. Lunada Bay Boys, et al.***
**U.S.D.C. for the Central District of California**
**Case No. 2:16-cv-02129-SJO (RAOx)**

Robert T. Mackey, Esq.
Peter H. Crossin, Esq.
Richard P. Dieffenbach, Esq.
John P. Worgul, Esq.
VEATCH CARLSON, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA  90017

*(Attorneys for Defendant BRANT BLAKEMAN)*

(served original)

Robert S. Cooper, Esq.
BUCHALTER NEMER, APC
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA  90017

*(Attorneys for Defendant BRANT BLAKEMAN)*

(served true copy)

J. Patrick Carey, Esq.
LAW OFFICES OF
 J. PATRICK CAREY
1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA  90266

*(Attorney for Defendant ALAN JOHNSTON a/k/a JALIAN JOHNSTON)*

(served true copy)

Peter T. Haven, Esq.
HAVEN LAW
1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA  90266

*(Attorney for Defendant MICHAEL RAY PAPAYANS)*

(served true copy)

Dana Alden Fox, Esq.
Edward E. Ward, Jr., Esq.
Eric Y. Kizirian, Esq.
Tera Lutz, Esq.
LEWIS BRISBOIS
 BISGAARD & SMITH LLP
633 W. 5th Street, Suite 4000
Los Angeles, CA  90071

*(Attorneys for Defendant SANG LEE)*

(served true copy)

PLAINTIFF CORY SPENCER'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524573.1

1  Daniel M. Crowley, Esq.                    *(Attorneys for Defendant SANG LEE)*
   BOOTH, MITCHELL &
2    STRANGE LLP                              (served true copy)
   707 Wilshire Blvd., Suite 4450
3  Los Angeles, CA  90017

4

5  Mark C. Fields, Esq.                       *(Attorney for Defendant ANGELO*
   LAW OFFICES OF                             *FERRARA and Defendant N. F.*
6    MARK C. FIELDS, APC                      *appearing through Guardian Ad*
   333 South Hope Street, 35th Floor          *Litem, Leonora Ferrara)*
7  Los Angeles, CA  90071
8                                             (served true copy)

9
   Thomas M. Phillip, Esq.                    *(Attorneys for Defendant ANGELO*
10 Aaron G. Miller, Esq.                      *FERRARA)*
   THE PHILLIPS FIRM
11 800 Wilshire Blvd., Suite 1550             (served true copy)
   Los Angeles, CA  90017
12

13

14 Patrick Au, Esq.                           *(Attorneys for Defendants FRANK*
   Laura L. Bell, Esq.                        *FERRARA and CHARLIE FERRARA)*
15 BREMER WHYTE
   BROWN & O'MEARA, LLP                       (served true copy)
16 21271 Burbank Blvd., Suite 110
17 Woodland Hills, CA  91367

18

19 Edwin J. Richards, Esq.                    *(Attorneys for Defendants CITY OF*
   Antoinette P. Hewitt, Esq.                 *PALOS VERDES and CHIEF OF*
20 Rebecca L. Wilson, Esq.                    *POLICE JEFF KEPLEY)*
   Jacob Song, Esq.
21 Christopher D. Glos, Esq.                  (served true copy)
   KUTAK ROCK LLP
22 5 Park Plaza, Suite 1500
23 Irvine, CA  92614-8595

24

25

26

27

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524573.1

1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   JENNIFER ANIKO FOLDVARY, SBN 292216
4  jfoldvary@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone: (415) 777-3200
6  Facsimile:  (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone: (916) 442-3333
11 Facsimile:  (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone: (310) 378-8533
16 Facsimile:  (310) 347-4225

17 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
18 REED, and COASTAL PROTECTION
   RANGERS, INC.
19

20            **UNITED STATES DISTRICT COURT**

21   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

22

23 CORY SPENCER, an individual;      CASE NO. 2:16-cv-02129-SJO (RAOx)
24 DIANA MILENA REED, an            **PLAINTIFF CORY SPENCER**
   individual; and COASTAL          **RESPONSE TO SECOND SET OF**
25 PROTECTION RANGERS, INC., a      **INTERROGATORIES PROPOUNDED**
                                    **BY DEFENDANT CHARLIE**
26 California non-profit public benefit **FERRARA**
   corporation,
27
28          Plaintiffs,

                                    Case No. 2:16-cv-02129-SJO (RAOx)

13524251.1

| | |
|---|---|
| 1 | v. |
| 2 | |
| 3 | LUNADA BAY BOYS; THE |
| 4 | INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but |
| 5 | not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON |
| 6 | AKA JALIAN JOHNSTON, |
| 7 | MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK |
| 8 | FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS |
| 9 | VERDES ESTATES; CHIEF OF |
| 10 | POLICE JEFF KEPLEY, in his |
| 11 | representative capacity; and DOES 1-10, |
| 12 | |
| 13 | Defendants. |

Complaint Filed:   March 29, 2016
Trial Date:        November 7, 2017

PROPOUNDING PARTY: Defendant Charlie Ferrara

RESPONDING PARTY:   Plaintiff Cory Spencer

SET NO.:                Two

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff CORY SPENCER ("Responding Party") hereby submits these objections and responses to the Second Set of Interrogatories propounded by Defendant Charlie Ferrara ("Propounding Party").

## **PRELIMINARY STATEMENT**

Nothing in this response should be construed as an admission by Responding Party with respect to the admissibility or relevance of any fact, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's Interrogatories. Responding Party has not completed her investigation of the facts relating to this case, her discovery or

13524251.1

her preparation for trial.  All responses and objections contained herein are based only upon information that is presently available to and specifically known by Responding Party.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts and add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the responses set forth herein.  The following objections and responses are made without prejudice to Responding Party's right to produce at trial, or otherwise, evidence regarding any subsequently discovered information.  Responding Party accordingly reserves the right to modify and amend any and all responses herein as research is completed and contentions are made.

## **GENERAL OBJECTIONS**

Responding Party generally objects to the Interrogatories as follows:

1.     Responding Party objects generally to the Interrogatories to the extent that they seek to elicit information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence;

2.     Responding Party objects generally to the Interrogatories to the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Propounding Party, while placing a wholly unwarranted burden and expense on Responding Party in locating, reviewing and producing the requested information;

3.     Responding Party objects generally to the Interrogatories to the

-3-

Case No. 2:16-cv-02129-SJO (RAOx)

13524251.1

extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time of employees of Responding Party and great expense to Responding Party, whereas the information sought to be obtained by Propounding Party would be of little use or benefit to Propounding Party;

4.      Responding Party objects generally to the Interrogatories to the extent that they are vague, uncertain and overbroad, being without limitation as to time or specific subject matter;

5.      Responding Party objects generally to the Interrogatories to the extent that they seek information at least some of which is protected by the attorney-client privilege or the attorney work-product doctrine, or both;

6.      Responding Party objects generally to the Interrogatories to the extent that they seek to have Responding Party furnish information that is a matter of the public record, and therefore, is equally available to the propounding party as to Responding Party; and

7.      Responding Party objects generally to the Interrogatories to the extent that they seek to have Responding Party furnish information that is proprietary to Responding Party and contain confidential information.

8.      Responding Party objects to the interrogatories, and to any individual interrogatory set forth therein, to the extent that they are compound and constitute an impermissible effort to circumvent the 25 interrogatory limit set by Rule 33 of the Federal Rules of Civil Procedure.

9.      Responding Party expressly incorporates each of the foregoing General Objections into each specific response to the requests set forth below as if set forth in full therein.  An answer to a request is not intended to

1   be a waiver of any applicable specific or general objection to such request.

2       Without waiver of the foregoing, Responding Party further responds as

3   follows:

4                    **RESPONSES TO INTERROGATORIES**

5   **INTERROGATORY NO. 13:**

6       If YOU denied any of the Requests for Admissions served by

7   Propounding Party in this action, then for each Request for Admission

8   denied, state all facts RELATING TO YOUR denial.

9   **RESPONSE TO INTERROGATORY NO. 13:**

10      Responding Party objects to this interrogatory as premature. Because

11  this interrogatory seeks or necessarily relies upon a contention, and

12  because this matter is in its early stages and pretrial discovery has only just

13  begun, Responding Party is unable to provide a complete response at this

14  time, nor is it required to do so.  See *Kmiec v. Powerwave Techs. Inc. et al.*,

15  2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

16  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see

17  also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

18  interrogatory need not be answered until designated discovery is complete,

19  or until a pretrial conference or some other time.").

20      Responding Party further objects to this interrogatory as unduly

21  burdensome, harassing, and duplicative of information disclosed in

22  Responding Party's Rule 26(a) disclosures and supplemental disclosures.

23  Propounding Party may look to Responding Party's Rule 26(a) disclosures

24  and supplemental disclosures for the information sought by this

25  interrogatory.  Moreover, Responding Party had the opportunity to depose

26  Mr. Spencer on this topic.

27      Responding Party further objects to this interrogatory as compound.

28

1  This "interrogatory" contains multiple impermissible subparts, which
2  Propounding Party has propounded in an effort to circumvent the numerical
3  limitations on interrogatories provided by Federal Rule of Civil Procedure
4  33(a)(1).

5      Responding Party further objects to this interrogatory on the grounds
6  that it seeks information that is outside of Responding Party's knowledge.

7      Responding Party further objects to the extent that this interrogatory
8  invades attorney-client privilege and/or violates the work product doctrine by
9  compelling Responding Party to disclose privileged communications and/or
10  litigation strategy.  Responding Party will not provide any such information.

11      Subject to and without waiver of the foregoing objections, Responding
12  Party responds as follows:

13  **Facts Supporting Denial of RFA Nos. 1-25:**

14      The Complaint alleges that Defendant Lunada Bay Boys is an
15  unincorporated association within the meaning of Code of Civil Procedure §
16  369.5 acting by and through its respective members and associates.
17  Defendant Lunada Bay Boys acts by and through its respective members,
18  individually, collectively, and in concert, and conducts its affairs and activities
19  in the City of Palos Verdes Estates, County of Los Angeles, State of California.
20  Defendant Lunada Bay Boys claims gang territory, or "turf" within the City of
21  Palos Verdes Estates' Lunada Bay neighborhood (Lunada Bay). The Lunada
22  Bay Boys have received benefits from holding itself out to the public as an
23  entity. The Lunada Bay Boys functions under circumstances where "fairness
24  requires that the group be recognized as a legal entity."[1]

25

26

27  [1] *Barr v. United Methodist Church*, 90 Cal. App. 3rd 259,267, cert. denied,
28  444 U.S. 973 (1979), quoted and followed with approval in *People v. Colonia* (footnote continued)

-6-

1    The Complaint further alleges that Defendant Lunada Bay Boys are
2  criminal street gang as defined in California Penal Code § 186.22, subdivision
3  (f), in as much as it is a group of three or more individuals with a common
4  name or common symbol and whose members, individually or collectively,
5  engage in or have engaged in a pattern of criminal gang activity, and has as
6  one of its primary activities the commission of enumerated "predicate crimes,"
7  including but not limited to assault, battery, vandalism, intimidation,
8  harassment, upon information and belief, the sale and use of illegal controlled
9  substances.

10    The Complaint alleges that Defendant Lunada Bay Boys use the
11  unpermitted Rock Fort to conduct criminal activity.

12    The Complaint also alleges that Defendant Lunada Bay Boys is also an
13  unincorporated association within the meaning of Corporations Code § 18035,
14  subdivision (a), inasmuch it consists of two or more individuals joined by
15  mutual consent for some common lawful purposes, such a attending social
16  gatherings, and recreational events. However, notwithstanding any common
17  lawful purpose, Defendant Lunada Bay Boys is a criminal gang whose
18  members are primarily engaged in criminal and nuisance activities which
19  constitute Bane Act violations and a public nuisance.

20    Defendant Lunada Bay Boys is comprised of members including, but
21  not limited to Sang Lee, Brant Blakeman, Angelo Ferrara, Frank Ferrara,
22  Nicholas Ferrara, Charlie Ferrara, Michael Rae Papayans, Alan Johnston aka
23  Jalian Johnston, each of whom has been within the Lunada Bay and is
24  responsible in some manner for the Bane Act violations and public nuisance
25  described in this Complaint.

26  _____

27  *Chiques*, 156 Cal. App. 4th 31, 38-39 (2007) (holding the criminal street
28  gang "Colonia Chiques may be sued as an unincorporated association").

Case No. 2:16-cv-02129-SJO (RAOx)

13524251.1

1    Plaintiffs' first Claim is for an injunction and equitable relief under Civil
2    Code § 52.1(b). Some of the facts that support the claim include:

3    Some of the acts committed by the Lunada Bay Boys include:

4    1.    On January 22,1995, a Brazilian surfer was accosted by several
5    Lunada Bay Boys including David Hilton. The Brazilian surfer reported to the
6    police that suspect #1 told him angrily, "If you go out, no more car, no more
7    tires, no more glass, your car will be trash."  He said that the suspect #1 was
8    much taller and bigger than he was and he was afraid of the suspect.  He said
9    he backed away from suspect #l and suspect #2 walked up to him and
10   deliberately knocked his surfboard into his [surfboard].  He said the suspect
11   #2 told him, "If you cross, I will fight you.  I will break your face."  He said he
12   was afraid that suspect would hurt him and backed away from him.  He said
13   the suspect #3 yelled at him, "Fuck Brazil."  The Brazilian surfer told the police
14   that approximately 15 other Lunada Bay Boys were standing around them.
15   He said he was fearful that he and his friends were going to be hurt, went back
16   to their car, drove to a local gas station and called the police.[2]

17   2.    On March13, 1995, Geoff Hagins and five 9 juveniles and another
18   adult were assaulted at Lunada Bay by Peter McCullom. Plaintiffs are
19   informed and believe that David Hilton, Kelly Logan, Sang Lee and others
20   were also part of the incident. Geoff Hagins called Ed Jaakola prior to going
21   to surf and informed him. The police records are redacted but the paper
22   reports: Peter McCollum, David Hilton, Defendant Sang Lee and Kelly
23   Hogan.[3]

24   3.    On February 17, 2014, an unknown individual reports to Officer

25

26   _____

27   [2] DR 95-0062 (CITY 1-6).

28   [3] CITY1969; DR 95-031; P.V.P. News 11-30-96

-8-

Case No. 2:16-cv-02129-SJO (RAOx)

13524251.1

1   Alex Gonzales: that he arrived at the 2300 block of Paseo Del Mar with the

2   intention of surfing. Before he was able to collect his gear and walk down the

3   trail to the beach, he was confronted by two unknown individuals who started

4   to harass him. The subjects told he was not allowed to surf at Lunada Bay,

5   and if he proceeded persisted to do so, they would follow him into the water

6   to block his waves and run their surfboards into him.[4]

7        4.      On November 15, 2014, Sef Krell attempts to surf Lunada Bay.

8   As he walks down the trail, dirt clods and rocks are thrown at him.

9        The Complaint also alleges a civil conspiracy amount the Defendants

10  and other individuals.[5]

11       Diana Reed: believes that members of the Lunada Bay Boys engaged

12  in a concerted effort with other Bay Boys to obstruct the plaintiffs' and the

13  publics' free passage and use in the customary manner of a public space.

14  Reed also believes that members of the Bay Boys harass and assault the

15  plaintiffs and the public when they were visiting Lunada Bay. Reed believes

16  that the conduct directed at the plaintiffs and others trying to surf Lunada Bay

17  is part of an agreement among Defendant Ferrara and the other Bay Boys,

18  which at a minimum, may be implied by the conduct of the parties and other

19  members of the Bay Boys.[6] Reed believes that the Bay Boys concerted efforts

20  to stop the public from accessing the beach are documented in statements

21  made to the media, text messages and emails some of which have been

22  destroyed or are being withheld by the Defendants in this case. For example,

23

24  [4] DR 14-01520.

25

26  [6] "A conspiracy is an agreement by two or more persons to commit a
27  wrongful act. Such an agreement may be made orally or in writing or may be
28  implied by the conduct of the parties." (CivilConspiracy-CACI3600)

PLAINTIFF CORY SPENCER RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED
BY DEFENDANT CHARLIE FERRARA

1  Defendant Frank Ferrara was featured in the article "People Who Surf,"
2  December 1991 edition of Surfer Magazine. Plaintiffs are informed and
3  believe that the article was arranged by Lunada Bay local Jim Russi who was
4  a photographer at the magazine which is quoted in relevant part:

5         Q: There was an article a few months ago in the
6         L.A. Times that called the Palos Verdes surfers a
7         bunch elitist gangsters. As a P.V. guy, what do
8         you think of that?
9         A: I think that Palos Verdes is a beautiful surfing
10        spot and that some of the people who have come
11        up there in the past haven't really respected it.
12        Q: But the complaint from visitors is they're not
13        even given a chance to prove themselves. They're
14        run out or hit with rocks just trying to get to the
15        beach.
16        A: Look at what happened to Malibu, Trestles,
17        Rincon; there's five or six guys on every wave.
18        The guys who surf in Palos Verdes…have seen
19        what happens. One guy comes and surfs it, and
20        then he brings two or three guys, and they bring
21        three or four of their friends and it snowballs and
22        gets out of hand. That is exactly why we want to
23        protect it.
24 Defendant Frank Ferrara followed his interview up with a letter defending
25 localism printed in the March 1992 edition of Surfer Magazine stating; "I am
26 a protector of Palos Verdes. It is also protected by the pirates who surf there."
27 Members of the Bay Boys have worn pirate shirts.
28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

In a May 5, 1995 article published in the Easy Reader entitled "A Bay Boy Explains localism: 'A Great Sense of Community here'," Jim Russi admits to the illegal acts the Bay Boys engage in to exclude outsiders. Russi said the harassment stems from a desire by locals to preserve the beach for their own use, especially during the winter when the surf is exceptional. "We feel a great sense of community here and we need to protect it. I can tell you about places that get overrun by outsiders." Russi even attempts to blame the harassment of Geoff Hagins by Defendant Sang Lee, Bay Boys Peter McCollum and Kelly Logan: "Hagins is a real troublemaker. He's a bully. He came e down with a gang of kids, including a Boogie boarder. There's never been a Boogie boarder at Lunada Bay."

Finally, Defendant Charlie Ferrara, who is the son of Defendant Frank Ferrara, admitted that generations of surfers have used intimidation and even violence to successfully prevent the isolated spot from becoming a crowded destination. In the 13-minute recording of the conversation, Defendant Charlie Ferrara is heard saying:

1. "I can't tell you can't be down here. I can't tell you can't go surfing, but what I can do is I can make sure you don't have fun out there."

2. Echoing the words of his father to Surfer Magazine, he states: "if one person is "cool" and gets along, then "everyone gets along, and then it turns into Rincon and Malibu."

3. "My dad's 59 years old, for 59 years it's been like that; who are you to come here and change something, get me?" he said. "I'm sorry to say it like that, I'm not rude, but that's how they're looking at it, you know?"

There are numerous examples of the members of Lunada Bay Boys conspiring to harass and intimidate visiting surfers which are set forth in

13524251.1

Plaintiffs' Supplemental Disclosures and previous discovery responses including but not limited to:

1. Emails from Defendant Sang Lee and others that describe Bay Boy tactics to keep outsiders and non-locals from surfing Lunada Bay including emails dated 1/7/2011,1/8/2011,1/17/2011.

2. On February 5, 2016, Charles Mowat sent a text message to Defendant Brant Blakeman, Tom Sullivan, David Yoakley, Andy Patch, Defendant Michael Papayans and several others that said "There are 5 kooks standing on the bluff taking pictures...I think that same Taloa guy. Things could get ugly." A Los Angeles Times photographer captured a pictured of Defendant Blakeman of the bluff filming plaintiffs.  Plaintiffs believe that the Bay Boys take photos and/or video tape people as a form of harassment and intimidation. Plaintiffs are also informed and believe that a Lunada Bay local named Joshua Berstein was taking pictures at the MLK 2014 paddle out. Plaintiffs are also informed and believe that Berstein told several people after he photographed them, "Now we know who you are." Plaintiffs believe that the conduct directed at Reed by Blakeman and the individual Bay Boys is because she is a woman. Plaintiff is informed and believes that there are numerous text messages where the Bay Boys refer to Reed as a "bitch" and make sexual comments about her.

3. Emails dated January 16 and 17, 2014 that Charlie Mowatt sent to Defendant Sang Lee and other Lunada Bay locals regarding plans to harass Chris Taloa and visiting surfers at the MLK event in 2014

The specific acts directed against Reed include but are not limited to the following: i) Reed went to Lunada Bay on January 29, 2016 with Jordan

Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFF CORY SPENCER RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

1 | Wright. Reed had intended to surf at Lunada Bay that day because the
2 | conditions were such that she felt comfortable surfing. Immediately after they
3 | parked their car along the bluffs, the harassment began. Several men drove
4 | by and circled around their car. This was the day that she and Wright were
5 | harassed and intimidated by David Melo. Blakeman was recording them on
6 | land with his camera. It was very disturbing to Reed and made her feel very
7 | uncomfortable. Plaintiffs are informed and believe that this was witnessed by
8 | John MacHarg. ii) On or about February 12, 2016, The Los Angeles Times
9 | published an article called "Bay Boys surfer gang cannot block access to
10 | upscale beach, Coastal Commission says." Jordan Wright and Cory Spencer
11 | are quoted in the article. Mr. Wright and a few others had planned to surf
12 | Lunada Bay the following morning. Plaintiffs are informed and believe that
13 | Defendants Johnston and Blakeman learned that Jordan Wright and Diana
14 | Reed were going to Lunada Bay and planned to be there to harass them. On
15 | February 12, 2016, Defendant Alan Johnston sent the following text
16 | messages to an unknown recipient: "No fucking way Taloa is back this year"
17 | and "If u really wanna be a bay boy we might meet help tomm." iii) On
18 | February 13, 2016, Reed returned to Lunada Bay with Jordan Wright to watch
19 | him surf and take photographs. Prior to her arrival, she contacted the Palos
20 | Verdes Estates Police and requested an escort from the bluffs to the beach.
21 | She was concerned about her safety given the January 29, 2016 incident. She
22 | was told that the police were unavailable and no officers were present when
23 | they arrived.

24 | When Reed and Wright reached the beach, they encountered angry
25 | locals who were yelling at them. Reed and Wright ignored the harassment and
26 | Wright got into the water to surf and Reed made her way to the Rock Fort
27 | where she planned to watch Wright and photograph him. Approximately two
28 |

-13-

Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFF CORY SPENCER RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

1   hours after Reed had arrived at Lunada Bay, while she was standing in the
2   Rock Fort taking photos, defendant Blakeman and defendant Alan Johnston
3   rushed into the fort and ran towards her in a hostile and aggressive manner.
4   It seemed that they had coordinated and orchestrated the attack which
5   completely caught Reed off guard. Blakeman was filming Reed again, and at
6   times, held his camera right in her face. It was intimidating and harassing to
7   Reed, and she feared for her safety. Reed asked Blakeman and Johnston
8   why they were filming her, because it made her uncomfortable. Blakeman
9   responded, "because I feel like it." Johnston responded, "Because you're hot.
10  Because you're fucking sexy baby, woooh!"  Johnston then opened a can of
11  beer in a purposeful way so that it sprayed Reed's arm and her camera. Reed,
12  paralyzed with fear, was unable to leave the Rock Fort as Blakeman and
13  Johnston were standing closest to the exit.  iv) Plaintiffs are informed and
14  believe that after the incident Defendant Johnston started calling and/or
15  texting other Lunada Bay locals to check for police to plan a getaway. At
16  around 1:00 pm Brad Travers (Travers Tree Service) texted Johnston: "Don't
17  see any cops at the top." Plaintiffs are informed and believe that later that day
18  Johnston received a text from his mother asking him "What happened at the
19  bay?" Johnston replied "Nothing happened really just couple of trolls they got
20  nothing."

21      Spencer further identifies the following individuals as having knowledge
22  of concerted efforts by the Bay Boys:

23      Cory Spencer: Cory Spencer and Chris Taloa went to surf Lunada Bay.
24  Almost instantly after they arrived at Lunada Bay, they started getting
25  harassed by Bay Boys. They were told that they couldn't surf there, and
26  Spencer was called a "kook," which is a derogatory surfing term. Spencer was
27  also told: "why don't you fucking go home, you fucking kook;" and was asked,

28

Case No. 2:16-cv-02129-SJO (RAOx)

13524251.1

1   "how many other good places did you pass to come here?" These are the

2   same types of statements made by Defendant Sang Lee and others that can

3   be observed on the video published by the Guardian.  These taunts started

4   while Spencer and Taloa were on the bluffs getting ready to surf. One

5   individual continued to heckle Spencer and Taloa on their way down to the

6   beach and into the water. Blakeman was already in the water and began

7   paddling around Spencer and Taloa in a tight circle – staying just a few feet

8   away from them. There was no legitimate reason for this conduct. Spencer

9   believes that this is a tactic used by the Bay Boys to harass people.  Blakeman

10  impeded Spencer's movement in any direction and was intentionally blocking

11  him from catching any waves. It was clear to Spencer that Blakeman was not

12  there to surf that morning. Instead, his mission was to prevent Spencer and

13  Taloa from surfing and to keep them from enjoying their time in the water, the

14  open space, the waves, and nature. This type of concerted effort was

15  described by Charlie Ferrara to Reed as the way the Bay Boys act to keep

16  people from surfing at Lunada Bay. In the approximately 90 minutes that

17  Spencer was in the water that day, Blakeman was focused on Spencer and

18  Taloa and continued to shadow their movements and sit uncomfortably close

19  to them. Spencer had never experienced anything like that before in his life.

20  It was bizarre but also incredibly frightening and disturbing. It appeared to

21  Spencer that Blakeman was coordinating his actions with a group of guys who

22  were standing in the Rock Fort, along with others in the water. They were all

23  talking to each other and it was clear they all knew each other. At one point

24  while Spencer was in the water and was paddling west out to the ocean, he

25  saw a man surfing, coming in east towards the shore. The Bay Boy ran over

26  his hand/wrist that was holding his surfboard and one of the fins on his

27  surfboard sliced open his right wrist. Spencer has about a half-inch scar from

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

1   where this man ran him over. As soon as the Bay Boy ran him over, he started

2   berating Spencer, saying things like "what are you fucking doing out here? I

3   told you to go home. I should have run you over. Why are you paddling in the

4   sun glare where I can't see you?" The Bay Boy was pretending that he didn't

5   see Spencer but it was obvious that he did and intentionally ran him over. With

6   over 30 years of surfing experience, Spencer knew that this collision was

7   intentional on his part. Fearful of being further injured at that point, and not

8   wanting to get into an argument with him, Spencer just paddled away.

9   Spencer and Taloa caught one more wave after that and then decided it was

10  getting too dangerous to surf. More men started showing up at the Rock Fort

11  and Spencer and Taloa were growing increasingly fearful for their safety.

12  Spencer was also bleeding and in pain. These incidents are described in the

13  declarations filed with Plaintiffs' motion for class certification and the

14  deposition of Spencer.

15       Christopher Taloa: As set forth above, Taloa and Spencer went surfing

16  at Lunada Bay and were harassed by Blakeman. Taloa witnessed Blakeman

17  shadowing Spencer's movement in the water. Blakeman was in the water with

18  four or five other Lunada Bay Locals.  At one point, Blakeman paddled toward

19  Taloa, at which point Taloa told him that he was too close.  Blakeman replied,

20  "This is the ocean. We are surfing. I can be wherever."  Taloa kept moving in

21  the water, and Blakeman attempted to keep up with him but was not in good

22  enough shape to do so.

23       Jordan Wright: Wright attempted to surf Lunada Bay in January 2015

24  with Chris Claypool and Kenneth Claypool. He observed Blakeman harassing

25  Chris and Ken. Wright was sitting on the outside waiting his turn for waves.

26  By regular surfing norms, he had priority. He caught a 10- to 12foot-high wave

27  and was up riding for several seconds. Alan Johnston paddled the wrong way

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED
BY DEFENDANT CHARLIE FERRARA

13524251.1

1   on this wave, dropped in on him going the wrong way on the wave, and yelled,

2   "Oh no, you don't!" Dropping in on a surfer while going the wrong way violates

3   normal surf etiquette. Johnston then collided with Wright, and their leashes

4   got tangled. After they surfaced from the collision, Johnston then got close to

5   Wright and yelled, "You had to fucking take that wave, didn't you!" The next

6   wave that came through then broke Wright's leash plug and the board was

7   carried into the rocks, which destroyed a new surfboard. Wright had to swim

8   in over rocks to get his board and cut his hands on the rocks doing so. Wright

9   is confident that Johnston attempted to purposefully injure him. What he did

10  was extremely dangerous.

11       Wright has observed Blakeman on many occasions. Blakeman is easy

12  to identify because he rides a kneeboard and he is regularly filming visitors on

13  land with a camcorder. Wright believes his filming is an effort to intimidate

14  visitors. In the water, Wright has observed what appears to be Blakeman

15  directing other Bay Boys to sit close to visiting surfers. Wright has observed

16  Bay Boys who seem to be assigned to visiting surfers—they'll sit too close to

17  the visitors, impede their movements, block their surfing, kick at them, splash

18  water at them, and dangerously drop in on them. In addition to Blakeman, he

19  has seen Michael Papayans, Sang Lee, Alan Johnston, Charlie Ferrara, and

20  David Melo engage in this activity. These incidents are described in the

21  declarations filed with Plaintiffs' motion for class certification.

22       Ken Claypool: has been harassed and filmed by Blakeman in an attempt

23  to intimidate him at Lunada Bay on multiple occasions. In January 2015,

24  Claypool and his brother Chris Claypool along with Jordan Wright went to surf

25  Lunada Bay.  There were about five Lunada Bay locals in the water, including

26  Blakeman who paddled over and threatened them. Claypool observed

27  Blakeman intentionally drop in on Wright at least twice.  On February 5, 2016,

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

Claypool went to Lunada Bay with Chris Taloa and Jordan Wright. There was a photographer from the Los Angeles Times that was there. Also in attendance was Cory Spencer and Diana Reed. Spencer was there to watch the cars. Blakeman was there filming in an effort to intimidate visitors. Blakeman can be seen in one of the pictures taken by the photographer. Also present was Defendant Papayans.

Plaintiffs are informed and believe that there was a text message sent that day to Papayans, Michael Thiel and 11 other people stating that there were 5 kooks standing on the bluff taking pictures, including Taloa. Plaintiffs are informed that the text states: "Things could get ugly." These incidents are described in the declarations filed with Plaintiffs' motion for class certification. Chris Claypool: he and his brother Ken and Jordan Wright attempted to surf Lunada Bay in January 2015. There were about five locals in the water, including Blakeman who paddled over and was yelling, "Try and catch a wave and see what happens. There is no fucking way you are getting a wave. Just go in. Just go. You better not cut me off." Blakeman looked possessed or possibly on drugs. His behavior got more bizarre throughout the morning. He seemed to be paddling for every wave that he could physically push himself into, perhaps to make a point, but he was wiping out a lot and falling down the face and tumbling across the rock reef. Blakeman looked dangerous to himself. When Blakeman would actually catch a wave in, he would paddle back to where Claypool and his brother were sitting, and continue his insane rant. On one occasion, Blakeman came less than 12 inches from Claypool's ear and was screaming. It was so loud, Claypool had to put his fingers in his ear to protect them from being damaged. Claypool is a sound engineer and to put this in perspective, a rock concert creates about 120 decibels of noise - this was louder; a jet engine creates about 150 decibels. At one point

1  Blakeman caught a wave and drew a line aiming right at Claypool. Another

2  Bay Boy tried the same thing and said "mother fucker" as he narrowly missed

3  Claypool's head. Claypool watched as Blakeman intentionally dropped in on

4  Jordan at least twice. It seemed obvious to Claypool that Blakeman and the

5  other Bay Boy wanted to make sure none of them were having fun. Because

6  of the danger, they decided to leave. When Claypool and his brother got out

7  of water, they saw people gathering on top of the cliff. One person was

8  videotaping them from the top of the cliff; it was clear to Claypool that he was

9  doing this to try and intimidate them. The people were watching them from the

10 cliff. It was obvious that Blakeman engaged in a concerted effort with other

11 Bay Boys to obstruct his free passage and use in the customary manner of a

12 public space. It also seemed clear that Blakeman engaged in a concerted

13 effort with other Bay Boys to try and injure him. These incidents are described

14 in the declarations filed with Plaintiffs' motion for class certification.

15       Jason Gersch: While observing the surf, Gersch was approached by two

16 local Bay Boys named Peter McCollum and Brant Blakeman. These

17 individuals made it known to Gersch that he could not surf there. These

18 incidents are described in the declarations filed with Plaintiffs' motion for class

19 certification. Plaintiffs are informed and believe and on that basis allege that

20 Defendant Blakeman and his attorneys are attempting to intimidate witnesses

21 in this case.

22       The request is premature. Because the defendants are refusing to

23 comply with their obligations to produce documents under the federal rules

24 and are impermissibly withholding evidence and/or possibly spoliating

25 evidence, we are not able to fully respond to discovery requests which

26 necessarily rely on our ability to fully investigate the facts. As discovery is

27 continuing, Spencer reserves the right to update this response.

28

Case No. 2:16-cv-02129-SJO (RAOx)

13524251.1        PLAINTIFF CORY SPENCER RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED
BY DEFENDANT CHARLIE FERRARA

1

2 **INTERROGATORY NO. 14:**

3 If YOU denied any of the Requests for Admissions served by

4 Propounding Party in this action, then for each Request for Admission

5 denied, IDENTIFY all PERSONS with knowledge RELATING TO YOUR

6 denial.

7 **RESPONSE TO INTERROGATORY NO. 14:**

8 Responding Party objects to this interrogatory as premature. Because

9 this interrogatory seeks or necessarily relies upon a contention, and

10 because this matter is in its early stages and pretrial discovery has only just

11 begun, Responding Party is unable to provide a complete response at this

12 time, nor is it required to do so. See *Kmiec v. Powerwave Techs. Inc. et al.*,

13 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

14 *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see

15 also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

16 interrogatory need not be answered until designated discovery is complete,

17 or until a pretrial conference or some other time.").

18 Responding Party further objects to this interrogatory as unduly

19 burdensome, harassing, and duplicative of information disclosed in

20 Responding Party's Rule 26(a) disclosures and supplemental disclosures.

21 Propounding Party may look to Responding Party's Rule 26(a) disclosures

22 and supplemental disclosures for the information sought by this

23 interrogatory. Moreover, Responding Party had the opportunity to depose

24 Mr. Spencer on this topic.

25 Responding Party further objects to this interrogatory as compound.

26 This "interrogatory" contains multiple impermissible subparts, which

27 Propounding Party has propounded in an effort to circumvent the numerical

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

1 | limitations on interrogatories provided by Federal Rule of Civil Procedure
2 | 33(a)(1).

3 |      Responding Party further objects to this interrogatory on the grounds
4 | that it seeks information that is outside of Responding Party's knowledge.

5 |      Responding Party further objects to the extent that this interrogatory
6 | invades attorney-client privilege and/or violates the work product doctrine by
7 | compelling Responding Party to disclose privileged communications and/or
8 | litigation strategy.  Responding Party will not provide any such information.

9 |      <u>Subject to and without waiver of the foregoing objections, Responding</u>
10 | <u>Party responds as follows:</u>

11 |      The following Persons are identified to have knowledge of facts
12 | supporting Plaintiff's denial of the Requests for Admissions, and have
13 | information of the concerted efforts of the Bay Boys, are:

14 | ▪ <u>Diana Reed</u>
15 | ▪ <u>Cory Spencer</u>
16 | • <u>Christopher Taloa</u>:
17 | • <u>Jordan Wright</u>:
18 | • <u>Ken Claypool</u>:
19 | • <u>Andy MacHarg</u>:
20 | • <u>Jason Gersch</u>:

21 | ○ <u>Sef Krell</u>
22 |
23 | ○ <u>Geoff Hagins</u>

24 | ○ <u>Peter McCullom, David Hilton, Kelly Logan, Sang Lee</u>

25 | ○ <u>Officer Alex Gonzales</u>
26 |
27 | ○ <u>Jim Russi</u>

28 |

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED
BY DEFENDANT CHARLIE FERRARA

13524251.1

- o <u>David Hunt</u>

- o <u>Jen Bell</u>

- o <u>Chris Taloa</u>

- o <u>Plaintiffs</u>

- o <u>Michael Papayans,</u>

- o <u>Sang Lee,</u>

- o <u>Alan Johnston,</u>

- o <u>Charlie Ferrara,</u>

- o <u>David Melo</u>

- o <u>Ken Claypool</u>

- o <u>Chris Claypool</u>

- o <u>Jordan Wright</u>

- o <u>Jason Gretch</u>

The request is premature. Because the defendants are refusing to comply with their obligations to produce documents under the federal rules and are impermissibly withholding evidence and/or possibly spoliating evidence, we are not able to fully respond to discovery requests which necessarily rely on our ability to fully investigate the facts. As discovery is continuing, Reed reserves the right to update this response.

## **INTERROGATORY NO. 15:**

If YOU denied any of the Requests for Admissions served by Propounding Party in this action, then for each Request for Admission

-22-

Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFF CORY SPENCER RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

1  denied, IDENTIFY **all DOCUMENTS** RELATING TO YOUR denial.

2  **RESPONSE TO INTERROGATORY NO. 15:**

3      Responding Party objects to this interrogatory as premature. Because

4  this interrogatory seeks or necessarily relies upon a contention, and

5  because this matter is in its early stages and pretrial discovery has only just

6  begun, Responding Party is unable to provide a complete response at this

7  time, nor is it required to do so.  See *Kmiec v. Powerwave Techs. Inc. et al.*,

8  2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

9  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see

10  also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

11  interrogatory need not be answered until designated discovery is complete,

12  or until a pretrial conference or some other time.").

13      Responding Party further objects to this interrogatory as unduly

14  burdensome, harassing, and duplicative of information disclosed in

15  Responding Party's Rule 26(a) disclosures and supplemental disclosures.

16  Propounding Party may look to Responding Party's Rule 26(a) disclosures

17  and supplemental disclosures for the information sought by this

18  interrogatory.  Moreover, Responding Party had the opportunity to depose

19  Ms. Reed on this topic.

20      Responding Party further objects to this interrogatory as compound.

21  This "interrogatory" contains multiple impermissible subparts, which

22  Propounding Party has propounded in an effort to circumvent the numerical

23  limitations on interrogatories provided by Federal Rule of Civil Procedure

24  33(a)(1).

25      Responding Party further objects to this interrogatory on the grounds

26  that it seeks information that is outside of Responding Party's knowledge.

27      Responding Party further objects to the extent that this interrogatory

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

1  invades attorney-client privilege and/or violates the work product doctrine by

2  compelling Responding Party to disclose privileged communications and/or

3  litigation strategy.  Responding Party will not provide any such information.

4      <u>Subject to and without waiver of the foregoing objections, Responding</u>

5  <u>Party responds as follows</u>:

6  **Documents which relate to or support Plaintiff's denial of the Requests**

7  **for Admissions are the following:**

8      ▪   DR- 95-0062,

9      o  DR 95-031, and

10     o  DR- 14-01520,

11     o  "People Who Surf," December 1991 edition of Surfer Magazine,

12        March 1992 edition of Surfer Magazine,

13     o  May 5, 1995 article published in the Easy Reader entitled "A Bay

14        Boy Explains localism: 'A Great Sense of Community here'

15     o  13-minute recording of the conversation, Defendant Charlie

16        Ferrara,

17     o  Emails from Defendant Sang Lee and others that describe Bay

18        Boy tactics to keep outsiders and non-locals from surfing Lunada

19        Bay including emails dated 1/7/2011,1/8/2011,1/17/2011,

20     o  Phone records from Defendant Sang Lee, Phone records from

21        Defendant Alan Johnston, and Declarations produced in support

22        of plaintiff's motion for class certification.

23     The request is premature. Because the defendants are refusing to

24  comply with their obligations to produce documents under the federal rules

25  and are impermissibly withholding evidence and/or possibly spoliating

26  evidence, we are not able to fully respond to discovery requests which

27  necessarily rely on our ability to fully investigate the facts. As discovery is

28

1  continuing, Reed reserves the right to update this response.

2

3  DATED:  June 5, 2017                    OTTEN LAW, PC

4

5

6                                   By:  ___/s/Victor Otten_____

7                                          VICTOR OTTEN
                                           KAVITA TEKCHANDANI
8                                          Attorneys for Plaintiffs
                                           CORY SPENCER, DIANA MILENA
9                                          REED, and COASTAL PROTECTION
                                           RANGERS, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13524251.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

**PROOF OF SERVICE**
***Spencer, et al. v. Lunada Bay Boys, et al.***
**U.S.D.C. for the Central District of California**
**Case No. 2:16-cv-02129-SJO (RAOx)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is: 3620 Pacific Coast Highway, Suite 100, Torrance, CA  90505.

On June 5, 2017, I served the original or a true copy of the following document(s) described as:

**PLAINTIFF CORY SPENCER RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CHARLIE FERRARA**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**X BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **June 5, 2017**, at Torrance, California.


/s/ Victor Otten
_____
Victor Otten

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

1

## SERVICE LIST
### *Spencer, et al. v. Lunada Bay Boys, et al.*
### U.S.D.C. for the Central District of California
### Case No. 2:16-cv-02129-SJO (RAOx)

2

3

4

5   Robert T. Mackey, Esq.                    *(Attorneys for Defendant BRANT*
    Peter H. Crossin, Esq.                    *BLAKEMAN)*

6   Richard P. Dieffenbach, Esq.
    John P. Worgul, Esq.                      (served original)

7   VEATCH CARLSON, LLP
    1055 Wilshire Blvd., 11th Floor

8   Los Angeles, CA  90017

9

10  Robert S. Cooper, Esq.                    *(Attorneys for Defendant BRANT*
    BUCHALTER NEMER, APC                      *BLAKEMAN)*

11  1000 Wilshire Blvd., Suite 1500
    Los Angeles, CA  90017                    (served true copy)

12

13  J. Patrick Carey, Esq.                    *(Attorney for Defendant ALAN*
    LAW OFFICES OF                            *JOHNSTON a/k/a JALIAN*

14   J. PATRICK CAREY                         *JOHNSTON)*

15  1230 Rosecrans Ave., Suite 300
    Manhattan Beach, CA  90266                (served true copy)

16

17  Peter T. Haven, Esq.                      *(Attorney for Defendant MICHAEL*
    HAVEN LAW                                 *RAY PAPAYANS)*

18  1230 Rosecrans Ave., Suite 300
    Manhattan Beach, CA  90266                (served true copy)

19

20

21  Dana Alden Fox, Esq.                      *(Attorneys for Defendant SANG LEE)*
    Edward E. Ward, Jr., Esq.

22  Eric Y. Kizirian, Esq.                    (served true copy)
    Tera Lutz, Esq.

23  LEWIS BRISBOIS
     BISGAARD & SMITH LLP

24  633 W. 5th Street, Suite 4000
    Los Angeles, CA  90071

25

26

27

28

-28-                          Case No. 2:16-cv-02129-SJO (RAOx)

13524251.1

| | | |
|---|---|---|
| 1 | Daniel M. Crowley, Esq. | *(Attorneys for Defendant SANG LEE)* |
| 2 | BOOTH, MITCHEL &<br>  STRANGE LLP | (served true copy) |
| 3 | 707 Wilshire Blvd., Suite 4450<br>Los Angeles, CA  90017 | |
| 4 | | |
| 5 | Mark C. Fields, Esq. | *(Attorney for Defendant ANGELO* |
| 6 | LAW OFFICES OF<br>  MARK C. FIELDS, APC | *FERRARA and Defendant N. F.*<br>*appearing through Guardian Ad* |
| 7 | 333 South Hope Street, 35th Floor<br>Los Angeles, CA  90071 | *Litem, Leonora Ferrara)* |
| 8 | | (served true copy) |
| 9 | | |
| 10 | Thomas M. Phillip, Esq.<br>Aaron G. Miller, Esq. | *(Attorneys for Defendant ANGELO*<br>*FERRARA)* |
| 11 | THE PHILLIPS FIRM<br>800 Wilshire Blvd., Suite 1550 | (served true copy) |
| 12 | Los Angeles, CA  90017 | |
| 13 | | |
| 14 | Patrick Au, Esq. | *(Attorneys for Defendants FRANK* |
| 15 | Laura L. Bell, Esq.<br>BREMER WHYTE | *FERRARA and CHARLIE FERRARA)* |
| 16 |  BROWN & O'MEARA, LLP<br>21271 Burbank Blvd., Suite 110 | (served true copy) |
| 17 | Woodland Hills, CA  91367 | |
| 18 | | |
| 19 | Edwin J. Richards, Esq.<br>Antoinette P. Hewitt, Esq. | *(Attorneys for Defendants CITY OF*<br>*PALOS VERDES and CHIEF OF* |
| 20 | Rebecca L. Wilson, Esq.<br>Jacob Song, Esq. | *POLICE JEFF KEPLEY)* |
| 21 | Christopher D. Glos, Esq.<br>KUTAK ROCK LLP | (served true copy) |
| 22 | 5 Park Plaza, Suite 1500<br>Irvine, CA  92614-8595 | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED
BY DEFENDANT CHARLIE FERRARA

13524251.1

HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
JENNIFER ANIKO FOLDVARY, SBN 292216
jfoldvary@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFF CORY SPENCER'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT CHARLIE FERRARA** |

1

v.

2

3   LUNADA BAY BOYS; THE
    INDIVIDUAL MEMBERS OF THE
4   LUNADA BAY BOYS, including but
    not limited to SANG LEE, BRANT
5   BLAKEMAN, ALAN JOHNSTON
    AKA JALIAN JOHNSTON,
6   MICHAEL RAE PAPAYANS,
    ANGELO FERRARA, FRANK
7   FERRARA, CHARLIE FERRARA,
    and N. F.; CITY OF PALOS
8   VERDES ESTATES; CHIEF OF
    POLICE JEFF KEPLEY, in his
9   representative capacity; and DOES
    1-10,
10
11
12
13            Defendants.

14

15   PROPOUNDING PARTY: Defendant Charlie Ferrara

16   RESPONDING PARTY:   Plaintiff Cory Spencer

17   SET NO.:            Two

18        Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Cory Spencer

19   ("Responding Party") submits these responses and objections to the Second

20   Set of Requests for Production propounded by Defendant Charlie Ferrara

21   ("Propounding Party").

22                        **PRELIMINARY STATEMENT**

23        Nothing in this response should be construed as an admission by

24   Responding Party with respect to the admissibility or relevance of any fact or

25   document, or of the truth or accuracy of any characterization or statement of

26   any kind contained in Propounding Party's Requests for Production.

27   Responding Party has not completed his investigation of the facts relating to

28

Complaint Filed:   March 29, 2016
Trial Date:        November 7, 2017

-2-                              Case No. 2:16-cv-02129-SJO (RAOx)

13524524.1

1   this case, his discovery or his preparation for trial.  All responses and

2   objections contained herein are based only upon such information and such

3   documents that are presently available to and specifically known by

4   Responding Party.  It is anticipated that further discovery, independent

5   investigation, legal research and analysis will supply additional facts and add

6   meaning to known facts, as well as establish entirely new factual

7   conclusions and legal contentions, all of which may lead to substantial

8   additions to, changes in and variations from the responses set forth herein.

9   The following objections and responses are made without prejudice to

10  Responding Party's right to produce at trial, or otherwise, evidence

11  regarding any subsequently discovered documents.  Responding Party

12  accordingly reserves the right to modify and amend any and all responses

13  herein as research is completed and contentions are made.

14  **GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION**

15  Responding Party generally objects to the Requests for Production as

16  follows:

17  A.      Responding Party objects generally to the Requests for

18  Production to the extent that they seek to elicit information that is neither

19  relevant to the subject matter of this action, nor reasonably calculated to

20  lead to the discovery of admissible evidence;

21  B.      Responding Party objects generally to the Requests for

22  Production to the extent that they are unreasonably overbroad in scope, and

23  thus burdensome and oppressive, in that each such request seeks

24  information pertaining to items and matters that are not relevant to the

25  subject matter of this action, or, if relevant, so remote therefrom as to make

26  its disclosure of little or no practical benefit to Propounding Party, while

27  placing a wholly unwarranted burden and expense on Responding Party in

28

-3-                          Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFF CORY SPENCER'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524524.1

1  locating, reviewing and producing the requested information;

2      C.      Responding Party objects generally to the Requests for

3  Production to the extent that they are burdensome and oppressive, in that

4  ascertaining the information necessary to respond to them, and to produce

5  documents in accordance therewith, would require the review and

6  compilation of information from multiple locations, and voluminous records

7  and files, thereby involving substantial time of employees of Responding

8  Party and great expense to Responding Party, whereas the information

9  sought to be obtained by Propounding Party would be of little use or benefit

10 to Propounding Party;

11     D.      Responding Party objects generally to the Requests for

12 Production to the extent that they are vague, uncertain and overbroad, being

13 without limitation as to time or specific subject matter;

14     E.      Responding Party objects generally to the Requests for

15 Production to the extent that they seek information at least some of which is

16 protected by the attorney-client privilege or the attorney work-product

17 doctrine, or both;

18     F.      Responding Party objects generally to the Requests for

19 Production to the extent that they seek to have Plaintiff furnish information

20 and identify documents that are a matter of the public record, and therefore,

21 are equally available to the propounding party as they are to Responding

22 Party; and

23     G.      Responding Party objects generally to the Requests for

24 Production to the extent that they seek to have Responding Party furnish

25 information and identify documents that are proprietary to Responding Party

26 and contain confidential information.

27     Without waiver of the foregoing, Responding Party further responds as

28

Case No. 2:16-cv-02129-SJO (RAOx)

13524524.1

1 | follows:

2 | ## RESPONSES TO REQUESTS FOR PRODUCTION

3 | **REQUEST FOR PRODUCTION NO. 13:**

4 | If YOUR response to Propounding Party's Request for Admission No.

5 | 3 was anything other than an unqualified admission, produce each and

6 | every DOCUMENT RELATING TO said response.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

8 | Responding Party objects to this request for production as premature.

9 | Because this request for production necessarily relies upon a contention,

10 | Responding Party is unable to provide a complete response at this time, nor

11 | is it required to do so.

12 | Responding Party further objects to this request on the grounds that it

13 | violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

14 | with reasonable particularity each item or category of items to be inspected."

15 | Propounding Party's request for production does not describe an item or

16 | category of items with reasonable particularity.

17 | Responding Party further objects to the extent that this request for

18 | production invades attorney-client privilege and/or violates the work product

19 | doctrine by compelling Responding Party to disclose privileged

20 | communications and/or litigation strategy.  Responding Party will not provide

21 | any such privileged information.

22 | Responding Party further objects to this request on the grounds that

23 | this information is equally available to the Requesting Party, and some of the

24 | documents are publically available.

25 | Subject to and without waiver of the foregoing objections, Responding

26 | Party responds as follows:

27 | Responding Party directs the Defendant to Plaintiff's previous

28 |

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524524.1

1   productions. For any responsive documents, not already produced in

2   Plaintiff's prior discovery responses, Plaintiff is producing such documents.

3   (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

4         Additionally, Responding Party notes that discovery is ongoing, and

5   this contention-based interrogatory is poorly defined and premature.  Thus,

6   Responding Party reserves the right to amend this response at the

7   appropriate time in the future if necessary.

8

9   **REQUEST FOR PRODUCTION NO. 14:**

10        If YOUR response to Propounding Party's Request for Admission No.

11  6 was anything other than an unqualified admission, produce each and

12  every DOCUMENT RELATING TO said response.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

14        Responding Party objects to this request for production as premature.

15  Because this request for production necessarily relies upon a contention,

16  Responding Party is unable to provide a complete response at this time, nor

17  is it required to do so.

18        Responding Party further objects to this request on the grounds that it

19  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

20  with reasonable particularity each item or category of items to be inspected."

21  Propounding Party's request for production does not describe an item or

22  category of items with reasonable particularity.

23        Responding Party further objects to the extent that this request for

24  production invades attorney-client privilege and/or violates the work product

25  doctrine by compelling Responding Party to disclose privileged

26  communications and/or litigation strategy.  Responding Party will not provide

27  any such privileged information.

28

13524524.1

PLAINTIFF CORY SPENCER'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

1   Responding Party further objects to this request on the grounds that

2   this information is equally available to the Requesting Party, and some of the

3   documents are publically available.

4   Subject to and without waiver of the foregoing objections, Responding

5   Party responds as follows:

6   Responding Party directs the Defendant to Plaintiff's previous

7   productions. For any responsive documents, not already produced in

8   Plaintiff's prior discovery responses, Plaintiff is producing such documents.

9   (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

10   Additionally, Responding Party notes that discovery is ongoing, and

11   this contention-based interrogatory is poorly defined and premature.  Thus,

12   Responding Party reserves the right to amend this response at the

13   appropriate time in the future if necessary.

14

15

16   **REQUEST FOR PRODUCTION NO. 15:**

17   If YOUR response to Propounding Party's Request for Admission No.

18   9 was anything other than an unqualified admission, produce each and

19   every DOCUMENT RELATING TO said response.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

21   Responding Party objects to this request for production as premature.

22   Because this request for production necessarily relies upon a contention,

23   Responding Party is unable to provide a complete response at this time, nor

24   is it required to do so.

25   Responding Party further objects to this request on the grounds that it

26   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

27   with reasonable particularity each item or category of items to be inspected."

28

-7-

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT CHARLIE FERRARA

1  Propounding Party's request for production does not describe an item or

2  category of items with reasonable particularity.

3         Responding Party further objects to the extent that this request for

4  production invades attorney-client privilege and/or violates the work product

5  doctrine by compelling Responding Party to disclose privileged

6  communications and/or litigation strategy.  Responding Party will not provide

7  any such privileged information.

8         Responding Party further objects to this request on the grounds that

9  this information is equally available to the Requesting Party, and some of the

10  documents are publically available.

11         Subject to and without waiver of the foregoing objections, Responding

12  Party responds as follows:

13         Responding Party directs the Defendant to Plaintiff's previous

14  productions. For any responsive documents, not already produced in

15  Plaintiff's prior discovery responses, Plaintiff is producing such documents.

16  (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

17          Additionally, Responding Party notes that discovery is ongoing, and

18  this contention-based interrogatory is poorly defined and premature.  Thus,

19  Responding Party reserves the right to amend this response at the

20  appropriate time in the future if necessary.

21

22  **REQUEST FOR PRODUCTION NO. 16:**

23         If YOUR response to Propounding Party's Request for Admission No.

24  12 was anything other than an unqualified admission, produce each and

25  every DOCUMENT RELATING TO said response.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

27         Responding Party objects to this request for production as premature.

28

1   Because this request for production necessarily relies upon a contention,

2   Responding Party is unable to provide a complete response at this time, nor

3   is it required to do so.

4       Responding Party further objects to this request on the grounds that it

5   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

6   with reasonable particularity each item or category of items to be inspected."

7   Propounding Party's request for production does not describe an item or

8   category of items with reasonable particularity.

9       Responding Party further objects to the extent that this request for

10  production invades attorney-client privilege and/or violates the work product

11  doctrine by compelling Responding Party to disclose privileged

12  communications and/or litigation strategy.  Responding Party will not provide

13  any such privileged information.

14      Responding Party further objects to this request on the grounds that

15  this information is equally available to the Requesting Party, and some of the

16  documents are publically available.

17      Subject to and without waiver of the foregoing objections, Responding

18  Party responds as follows:

19      Responding Party directs the Defendant to Plaintiff's previous

20  productions. For any responsive documents, not already produced in

21  Plaintiff's prior discovery responses, Plaintiff is producing such documents.

22  (Responsive documents are collectively attached hereto as Exhibit A).

23       Additionally, Responding Party notes that discovery is ongoing, and

24  this contention-based interrogatory is poorly defined and premature.  Thus,

25  Responding Party reserves the right to amend this response at the

26  appropriate time in the future if necessary.

27

28

-9-                 Case No. 2:16-cv-02129-SJO (RAOx)

13524524.1

**REQUEST FOR PRODUCTION NO. 17:**

If YOUR response to Propounding Party's Request for Admission No. 15 was anything other than an unqualified admission, produce each and every DOCUMENT RELATING TO said response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party objects to this request for production as premature. Because this request for production necessarily relies upon a contention, Responding Party is unable to provide a complete response at this time, nor is it required to do so.

Responding Party further objects to this request on the grounds that it violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with reasonable particularity each item or category of items to be inspected." Propounding Party's request for production does not describe an item or category of items with reasonable particularity.

Responding Party further objects to the extent that this request for production invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy.  Responding Party will not provide any such privileged information.

Responding Party further objects to this request on the grounds that this information is equally available to the Requesting Party, and some of the documents are publically available.

Subject to and without waiver of the foregoing objections, Responding Party responds as follows:

Responding Party directs the Defendant to Plaintiff's previous productions. For any responsive documents, not already produced in Plaintiff's prior discovery responses, Plaintiff is producing such documents.

-10-

13524524.1

1   (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

2       Additionally, Responding Party notes that discovery is ongoing, and

3   this contention-based interrogatory is poorly defined and premature.  Thus,

4   Responding Party reserves the right to amend this response at the

5   appropriate time in the future if necessary.

6

7   **REQUEST FOR PRODUCTION NO. 18:**

8       If YOUR response to Propounding Party's Request for Admission No.

9   16 was anything other than an unqualified admission, produce each and

10  every DOCUMENT RELATING TO said response.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

12      Responding Party objects to this request for production as premature.

13  Because this request for production necessarily relies upon a contention,

14  Responding Party is unable to provide a complete response at this time, nor

15  is it required to do so.

16      Responding Party further objects to this request on the grounds that it

17  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

18  with reasonable particularity each item or category of items to be inspected."

19  Propounding Party's request for production does not describe an item or

20  category of items with reasonable particularity.

21      Responding Party further objects to the extent that this request for

22  production invades attorney-client privilege and/or violates the work product

23  doctrine by compelling Responding Party to disclose privileged

24  communications and/or litigation strategy.  Responding Party will not provide

25  any such privileged information.

26      Responding Party further objects to this request on the grounds that

27  this information is equally available to the Requesting Party, and some of the

28

13524524.1

1   documents are publically available.

2        Subject to and without waiver of the foregoing objections, Responding

3   Party responds as follows:

4        Responding Party directs the Defendant to Plaintiff's previous

5   productions. For any responsive documents, not already produced in

6   Plaintiff's prior discovery responses, Plaintiff is producing such documents.

7   (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

8         Additionally, Responding Party notes that discovery is ongoing, and

9   this contention-based interrogatory is poorly defined and premature.  Thus,

10  Responding Party reserves the right to amend this response at the

11  appropriate time in the future if necessary.

12

13  **REQUEST FOR PRODUCTION NO. 19:**

14       If YOUR response to Propounding Party's Request for Admission No.

15  17 was anything other than an unqualified admission, produce each and

16  every DOCUMENT RELATING TO said response.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

18       Responding Party objects to this request for production as premature.

19  Because this request for production necessarily relies upon a contention,

20  Responding Party is unable to provide a complete response at this time, nor

21  is it required to do so.

22       Responding Party further objects to this request on the grounds that it

23  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

24  with reasonable particularity each item or category of items to be inspected."

25  Propounding Party's request for production does not describe an item or

26  category of items with reasonable particularity.

27       Responding Party further objects to the extent that this request for

28

-12-

13524524.1

1  production invades attorney-client privilege and/or violates the work product

2  doctrine by compelling Responding Party to disclose privileged

3  communications and/or litigation strategy.  Responding Party will not provide

4  any such privileged information.

5      Responding Party further objects to this request on the grounds that

6  this information is equally available to the Requesting Party, and some of the

7  documents are publically available.

8      Subject to and without waiver of the foregoing objections, Responding

9  Party responds as follows:

10      Responding Party directs the Defendant to Plaintiff's previous

11  productions. For any responsive documents, not already produced in

12  Plaintiff's prior discovery responses, Plaintiff is producing such documents.

13  (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

14      Additionally, Responding Party notes that discovery is ongoing, and

15  this contention-based interrogatory is poorly defined and premature.  Thus,

16  Responding Party reserves the right to amend this response at the

17  appropriate time in the future if necessary.

18

19  **REQUEST FOR PRODUCTION NO. 20:**

20      If YOUR response to Propounding Party's Request for Admission No.

21  18 was anything other than an unqualified admission, produce each and

22  every DOCUMENT RELATING TO said response.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

24      Responding Party objects to this request for production as premature.

25  Because this request for production necessarily relies upon a contention,

26  Responding Party is unable to provide a complete response at this time, nor

27  is it required to do so.

28

-13-

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

1    Responding Party further objects to this request on the grounds that it

2    violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

3    with reasonable particularity each item or category of items to be inspected."

4    Propounding Party's request for production does not describe an item or

5    category of items with reasonable particularity.

6    Responding Party further objects to the extent that this request for

7    production invades attorney-client privilege and/or violates the work product

8    doctrine by compelling Responding Party to disclose privileged

9    communications and/or litigation strategy.  Responding Party will not provide

10   any such privileged information.

11   Responding Party further objects to this request on the grounds that

12   this information is equally available to the Requesting Party, and some of the

13   documents are publically available.

14   Subject to and without waiver of the foregoing objections, Responding

15   Party responds as follows:

16   Responding Party directs the Defendant to Plaintiff's previous

17   productions. For any responsive documents, not already produced in

18   Plaintiff's prior discovery responses, Plaintiff is producing such documents.

19   (Responsive documents are collectively attached hereto as Exhibit A).

20   Additionally, Responding Party notes that discovery is ongoing, and

21   this contention-based interrogatory is poorly defined and premature.  Thus,

22   Responding Party reserves the right to amend this response at the

23   appropriate time in the future if necessary.

24

25   **REQUEST FOR PRODUCTION NO. 21:**

26   If YOUR response to Propounding Party's Request for Admission No.

27   19 was anything other than an unqualified admission, produce each and

28

1 | every DOCUMENT RELATING TO said response.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

3 | Responding Party objects to this request for production as premature.

4 | Because this request for production necessarily relies upon a contention,

5 | Responding Party is unable to provide a complete response at this time, nor

6 | is it required to do so.

7 | Responding Party further objects to this request on the grounds that it

8 | violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

9 | with reasonable particularity each item or category of items to be inspected."

10 | Propounding Party's request for production does not describe an item or

11 | category of items with reasonable particularity.

12 | Responding Party further objects to the extent that this request for

13 | production invades attorney-client privilege and/or violates the work product

14 | doctrine by compelling Responding Party to disclose privileged

15 | communications and/or litigation strategy.  Responding Party will not provide

16 | any such privileged information.

17 | Responding Party further objects to this request on the grounds that

18 | this information is equally available to the Requesting Party, and some of the

19 | documents are publically available.

20 | Subject to and without waiver of the foregoing objections, Responding

21 | Party responds as follows:

22 | Responding Party directs the Defendant to Plaintiff's previous

23 | productions. For any responsive documents, not already produced in

24 | Plaintiff's prior discovery responses, Plaintiff is producing such documents.

25 | (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

26 | Additionally, Responding Party notes that discovery is ongoing, and

27 | this contention-based interrogatory is poorly defined and premature.  Thus,

28 |

-15-

13524524.1

1  Responding Party reserves the right to amend this response at the
2  appropriate time in the future if necessary.

3

4  **REQUEST FOR PRODUCTION NO. 22:**

5      If YOUR response to Propounding Party's Request for Admission No.
6  20 was anything other than an unqualified admission, produce each and
7  every DOCUMENT RELATING TO said response.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

9      Responding Party objects to this request for production as premature.
10 Because this request for production necessarily relies upon a contention,
11 Responding Party is unable to provide a complete response at this time, nor
12 is it required to do so.

13     Responding Party further objects to this request on the grounds that it
14 violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
15 with reasonable particularity each item or category of items to be inspected."
16 Propounding Party's request for production does not describe an item or
17 category of items with reasonable particularity.

18     Responding Party further objects to the extent that this request for
19 production invades attorney-client privilege and/or violates the work product
20 doctrine by compelling Responding Party to disclose privileged
21 communications and/or litigation strategy.  Responding Party will not provide
22 any such privileged information.

23     Responding Party further objects to this request on the grounds that
24 this information is equally available to the Requesting Party, and some of the
25 documents are publically available.

26     Subject to and without waiver of the foregoing objections, Responding
27 Party responds as follows:

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524524.1

1    Responding Party directs the Defendant to Plaintiff's previous

2  productions. For any responsive documents, not already produced in

3  Plaintiff's prior discovery responses, Plaintiff is producing such documents.

4  (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

5    Additionally, Responding Party notes that discovery is ongoing, and

6  this contention-based interrogatory is poorly defined and premature.  Thus,

7  Responding Party reserves the right to amend this response at the

8  appropriate time in the future if necessary.

9

10

11  **REQUEST FOR PRODUCTION NO. 23:**

12    If YOUR response to Propounding Party's Request for Admission No.

13  21 was anything other than an unqualified admission, produce each and

14  every DOCUMENT RELATING TO said response.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

16    Responding Party objects to this request for production as premature.

17  Because this request for production necessarily relies upon a contention,

18  Responding Party is unable to provide a complete response at this time, nor

19  is it required to do so.

20    Responding Party further objects to this request on the grounds that it

21  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

22  with reasonable particularity each item or category of items to be inspected."

23  Propounding Party's request for production does not describe an item or

24  category of items with reasonable particularity.

25    Responding Party further objects to the extent that this request for

26  production invades attorney-client privilege and/or violates the work product

27  doctrine by compelling Responding Party to disclose privileged

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524524.1

1  communications and/or litigation strategy.  Responding Party will not provide
2  any such privileged information.

3      Responding Party further objects to this request on the grounds that
4  this information is equally available to the Requesting Party, and some of the
5  documents are publically available.

6      Subject to and without waiver of the foregoing objections, Responding
7  Party responds as follows:

8      Responding Party directs the Defendant to Plaintiff's previous
9  productions. For any responsive documents, not already produced in
10 Plaintiff's prior discovery responses, Plaintiff is producing such documents.
11 (Responsive documents are collectively attached hereto as Exhibit A).

12      Additionally, Responding Party notes that discovery is ongoing, and
13 this contention-based interrogatory is poorly defined and premature.  Thus,
14 Responding Party reserves the right to amend this response at the
15 appropriate time in the future if necessary.

16

17 **REQUEST FOR PRODUCTION NO. 24:**

18      If YOUR response to Propounding Party's Request for Admission No.
19 22 was anything other than an unqualified admission, produce each and
20 every DOCUMENT RELATING TO said response.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

22      Responding Party objects to this request for production as premature.
23 Because this request for production necessarily relies upon a contention,
24 Responding Party is unable to provide a complete response at this time, nor
25 is it required to do so.

26      Responding Party further objects to this request on the grounds that it
27 violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

28

-18-

Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFF CORY SPENCER'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524524.1

1   with reasonable particularity each item or category of items to be inspected."
2   Propounding Party's request for production does not describe an item or
3   category of items with reasonable particularity.

4       Responding Party further objects to the extent that this request for
5   production invades attorney-client privilege and/or violates the work product
6   doctrine by compelling Responding Party to disclose privileged
7   communications and/or litigation strategy.  Responding Party will not provide
8   any such privileged information.

9       Responding Party further objects to this request on the grounds that
10  this information is equally available to the Requesting Party, and some of the
11  documents are publically available.

12      Subject to and without waiver of the foregoing objections, Responding
13  Party responds as follows:

14      Responding Party directs the Defendant to Plaintiff's previous
15  productions. For any responsive documents, not already produced in
16  Plaintiff's prior discovery responses, Plaintiff is producing such documents.
17  (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

18       Additionally, Responding Party notes that discovery is ongoing, and
19  this contention-based interrogatory is poorly defined and premature.  Thus,
20  Responding Party reserves the right to amend this response at the
21  appropriate time in the future if necessary.

22

23  **<u>REQUEST FOR PRODUCTION NO. 25</u>:**

24      If YOUR response to Propounding Party's Request for Admission No.
25  23 was anything other than an unqualified admission, produce each and
26  every DOCUMENT RELATING TO said response.

27

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524524.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Responding Party objects to this request for production as premature. Because this request for production necessarily relies upon a contention, Responding Party is unable to provide a complete response at this time, nor is it required to do so.

Responding Party further objects to this request on the grounds that it violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with reasonable particularity each item or category of items to be inspected." Propounding Party's request for production does not describe an item or category of items with reasonable particularity.

Responding Party further objects to the extent that this request for production invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy.  Responding Party will not provide any such privileged information.

Responding Party further objects to this request on the grounds that this information is equally available to the Requesting Party, and some of the documents are publically available.

Subject to and without waiver of the foregoing objections, Responding Party responds as follows:

Responding Party directs the Defendant to Plaintiff's previous productions. For any responsive documents, not already produced in Plaintiff's prior discovery responses, Plaintiff is producing such documents. (Responsive documents are collectively attached hereto as Exhibit A).

Additionally, Responding Party notes that discovery is ongoing, and this contention-based interrogatory is poorly defined and premature.  Thus, Responding Party reserves the right to amend this response at the

13524524.1

1  appropriate time in the future if necessary.

2

3  **REQUEST FOR PRODUCTION NO. 26:**

4      If YOUR response to Propounding Party's Request for Admission No.

5  24 was anything other than an unqualified admission, produce each and

6  every DOCUMENT RELATING TO said response.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

8      Responding Party objects to this request for production as premature.

9  Because this request for production necessarily relies upon a contention,

10  Responding Party is unable to provide a complete response at this time, nor

11  is it required to do so.

12      Responding Party further objects to this request on the grounds that it

13  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

14  with reasonable particularity each item or category of items to be inspected."

15  Propounding Party's request for production does not describe an item or

16  category of items with reasonable particularity.

17      Responding Party further objects to the extent that this request for

18  production invades attorney-client privilege and/or violates the work product

19  doctrine by compelling Responding Party to disclose privileged

20  communications and/or litigation strategy.  Responding Party will not provide

21  any such privileged information.

22      Responding Party further objects to this request on the grounds that

23  this information is equally available to the Requesting Party, and some of the

24  documents are publically available.

25      Subject to and without waiver of the foregoing objections, Responding

26  Party responds as follows:

27      Responding Party directs the Defendant to Plaintiff's previous

28

-21-

PLAINTIFF CORY SPENCER'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524524.1

1   productions. For any responsive documents, not already produced in
2   Plaintiff's prior discovery responses, Plaintiff is producing such documents.
3   (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

4        Additionally, Responding Party notes that discovery is ongoing, and
5   this contention-based interrogatory is poorly defined and premature.  Thus,
6   Responding Party reserves the right to amend this response at the
7   appropriate time in the future if necessary.

8

9   **REQUEST FOR PRODUCTION NO. 27:**

10       If YOUR response to Propounding Party's Request for Admission No.
11  25 was anything other than an unqualified admission, produce each and
12  every DOCUMENT RELATING TO said response.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

14       Responding Party objects to this request for production as premature.
15  Because this request for production necessarily relies upon a contention,
16  Responding Party is unable to provide a complete response at this time, nor
17  is it required to do so.

18       Responding Party further objects to this request on the grounds that it
19  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
20  with reasonable particularity each item or category of items to be inspected."
21  Propounding Party's request for production does not describe an item or
22  category of items with reasonable particularity.

23       Responding Party further objects to the extent that this request for
24  production invades attorney-client privilege and/or violates the work product
25  doctrine by compelling Responding Party to disclose privileged
26  communications and/or litigation strategy.  Responding Party will not provide
27  any such privileged information.

28

-22-

Case No. 2:16-cv-02129-SJO (RAOx)

13524524.1

1    Responding Party further objects to this request on the grounds that

2 this information is equally available to the Requesting Party, and some of the

3 documents are publically available.

4    Subject to and without waiver of the foregoing objections, Responding

5 Party responds as follows:

6    Responding Party directs the Defendant to Plaintiff's previous

7 productions. For any responsive documents, not already produced in

8 Plaintiff's prior discovery responses, Plaintiff is producing such documents.

9 (Responsive documents are collectively attached hereto as Exhibit A).

10    Additionally, Responding Party notes that discovery is ongoing, and

11 this contention-based interrogatory is poorly defined and premature.  Thus,

12 Responding Party reserves the right to amend this response at the

13 appropriate time in the future if necessary.

14

15 DATED:  May 31, 2017                    OTTEN LAW, PC

16

17

18                            By:      /s/Victor Otten
                                  _____
19                                 VICTOR OTTEN
                                  KAVITA TEKCHANDANI
20                                 Attorneys for Plaintiffs
                                  CORY SPENCER, DIANA MILENA
21                                 REED, and COASTAL PROTECTION
                                  RANGERS, INC.
22

23

24

25

26

27

28

13524524.1

1

**PROOF OF SERVICE**
*Spencer, et al. v. Lunada Bay Boys, et al.*
**U.S.D.C. for the Central District of California**
**Case No. 2:16-cv-02129-SJO (RAOx)**

2

3

4

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

5

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California. My business address is: 3620 Pacific Coast Highway, Suite 100, Torrance, CA  90505.

6

7

On June 5, 2017, I served the original or a true copy of the following document(s) described as:

8

9

**PLAINTIFF CORY SPENCER's RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT CHARLIE FERRARA**

10

11

on the interested parties in this action as follows:

12

**SEE ATTACHED SERVICE LIST**

13

14

**X BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

15

16

17

18

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

19

20

Executed on **June 5, 2017**, at Torrance, California.

21

22

23

*/s/Victor Otten*
_____
<span style="color:red">Victor Otten</span>

24

25

26

27

28

-24-

Case No. 2:16-cv-02129-SJO (RAOx)

13524524.1

1

## SERVICE LIST
### *Spencer, et al. v. Lunada Bay Boys, et al.*
### U.S.D.C. for the Central District of California
### Case No. 2:16-cv-02129-SJO (RAOx)

2

3

4

5    Robert T. Mackey, Esq.              *(Attorneys for Defendant BRANT*
     Peter H. Crossin, Esq.             *BLAKEMAN)*
6    Richard P. Dieffenbach, Esq.
     John P. Worgul, Esq.               (served original)
7    VEATCH CARLSON, LLP
     1055 Wilshire Blvd., 11th Floor
8    Los Angeles, CA  90017

9

10   Robert S. Cooper, Esq.             *(Attorneys for Defendant BRANT*
     BUCHALTER NEMER, APC               *BLAKEMAN)*
11   1000 Wilshire Blvd., Suite 1500
     Los Angeles, CA  90017             (served true copy)
12

13   J. Patrick Carey, Esq.             *(Attorney for Defendant ALAN*
14   LAW OFFICES OF                     *JOHNSTON a/k/a JALIAN*
      J. PATRICK CAREY                  *JOHNSTON)*
15   1230 Rosecrans Ave., Suite 300
     Manhattan Beach, CA  90266         (served true copy)
16

17   Peter T. Haven, Esq.               *(Attorney for Defendant MICHAEL*
18   HAVEN LAW                          *RAY PAPAYANS)*
     1230 Rosecrans Ave., Suite 300
19   Manhattan Beach, CA  90266         (served true copy)

20

21   Dana Alden Fox, Esq.               *(Attorneys for Defendant SANG LEE)*
     Edward E. Ward, Jr., Esq.
22   Eric Y. Kizirian, Esq.             (served true copy)
     Tera Lutz, Esq.
23   LEWIS BRISBOIS
      BISGAARD & SMITH LLP
24   633 W. 5th Street, Suite 4000
     Los Angeles, CA  90071
25

26

27

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524524.1

| | | |
|---|---|---|
| 1 | Daniel M. Crowley, Esq. | *(Attorneys for Defendant SANG LEE)* |
| 2 | BOOTH, MITCHEL &  STRANGE LLP | (served true copy) |
| 3 | 707 Wilshire Blvd., Suite 4450 Los Angeles, CA  90017 | |
| 4 | | |
| 5 | Mark C. Fields, Esq. | *(Attorney for Defendant ANGELO* |
| 6 | LAW OFFICES OF  MARK C. FIELDS, APC | *FERRARA and Defendant N. F. appearing through Guardian Ad* |
| 7 | 333 South Hope Street, 35th Floor Los Angeles, CA  90071 | *Litem, Leonora Ferrara)* |
| 8 | | (served true copy) |
| 9 | | |
| 10 | Thomas M. Phillip, Esq. Aaron G. Miller, Esq. | *(Attorneys for Defendant ANGELO FERRARA)* |
| 11 | THE PHILLIPS FIRM 800 Wilshire Blvd., Suite 1550 | (served true copy) |
| 12 | Los Angeles, CA  90017 | |
| 13 | | |
| 14 | Patrick Au, Esq. | *(Attorneys for Defendants FRANK* |
| 15 | Laura L. Bell, Esq. BREMER WHYTE | *FERRARA and CHARLIE FERRARA)* |
| 16 | BROWN & O'MEARA, LLP 21271 Burbank Blvd., Suite 110 | (served true copy) |
| 17 | Woodland Hills, CA  91367 | |
| 18 | | |
| 19 | Edwin J. Richards, Esq. Antoinette P. Hewitt, Esq. | *(Attorneys for Defendants CITY OF PALOS VERDES and CHIEF OF* |
| 20 | Rebecca L. Wilson, Esq. Jacob Song, Esq. | *POLICE JEFF KEPLEY)* |
| 21 | Christopher D. Glos, Esq. | (served true copy) |
| 22 | KUTAK ROCK LLP 5 Park Plaza, Suite 1500 | |
| 23 | Irvine, CA  92614-8595 | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF CORY SPENCER'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524524.1

HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
JENNIFER ANIKO FOLDVARY, SBN 292216
jfoldvary@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANT CHARLIE FERRARA** |

| 1 | | Complaint Filed: March 29, 2016 |
| 2 | v. | Trial Date: November 7, 2017 |

LUNADA BAY BOYS; THE
INDIVIDUAL MEMBERS OF THE
LUNADA BAY BOYS, including but
not limited to SANG LEE, BRANT
BLAKEMAN, ALAN JOHNSTON
AKA JALIAN JOHNSTON,
MICHAEL RAE PAPAYANS,
ANGELO FERRARA, FRANK
FERRARA, CHARLIE FERRARA,
and N. F.; CITY OF PALOS
VERDES ESTATES; CHIEF OF
POLICE JEFF KEPLEY, in his
representative capacity; and DOES
1-10,

                    Defendants.

PROPOUNDING PARTY: Defendant Charlie Ferrara

RESPONDING PARTY:   Plaintiff Diana Milena Reed

SET NO.:              One

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Diana Milena Reed ("Responding Party") hereby submits these objections and responses to the First Set of Requests for Admission propounded by Defendant Charlie Ferrara ("Propounding Party").

## **PRELIMINARY STATEMENT**

Nothing in this response should be construed as an admission by Responding Party with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's Requests for Admission. Responding Party has not completed her investigation of the facts relating to

13524730.1

1  this case, her discovery or her preparation for trial.  All responses and

2  objections contained herein are based only upon information that is

3  presently available to and specifically known by Responding Party.  It is

4  anticipated that further discovery, independent investigation, legal research

5  and analysis will supply additional facts and add meaning to known facts, as

6  well as establish entirely new factual conclusions and legal contentions, all

7  of which may lead to substantial additions to, changes in and variations from

8  the responses set forth herein.  The following objections and responses are

9  made without prejudice to Responding Party's right to produce at trial, or

10  otherwise, evidence regarding any subsequently discovered information.

11  Responding Party accordingly reserves the right to modify and amend any

12  and all responses herein as research is completed and contentions are

13  made.

14  **GENERAL OBJECTIONS**

15    Responding Party generally objects to the Requests for Admission as

16  follows:

17    1. Responding Party objects generally to the Requests for

18  Admission to the extent that they seek to elicit information that is neither

19  relevant to the subject matter of this action, nor reasonably calculated to

20  lead to the discovery of admissible evidence;

21    2. Responding Party objects generally to the Requests for

22  Admission to the extent that they are unreasonably overbroad in scope, and

23  thus burdensome and oppressive, in that each such request seeks

24  information pertaining to items and matters that are not relevant to the

25  subject matter of this action, or, if relevant, so remote therefrom as to make

26  its disclosure of little or no practical benefit to Propounding Party, while

27  placing a wholly unwarranted burden and expense on Responding Party in

28

-3- Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524730.1

1  locating, reviewing and producing the requested information;

2      3.     Responding Party objects generally to the Requests for

3  Admission to the extent that they are burdensome and oppressive, in that

4  ascertaining the information necessary to respond to them would require the

5  review and compilation of information from multiple locations, and

6  voluminous records and files, thereby involving substantial time of

7  employees of Responding Party and great expense to Responding Party,

8  whereas the information sought to be obtained by Propounding Party would

9  be of little use or benefit to Propounding Party;

10     4.     Responding Party objects generally to the Requests for

11 Admission to the extent that they are vague, uncertain and overbroad, being

12 without limitation as to time or specific subject matter;

13     5.     Responding Party objects generally to the Requests for

14 Admission to the extent that they seek information at least some of which is

15 protected by the attorney-client privilege or the attorney work-product

16 doctrine, or both;

17     6.     Responding Party objects generally to the Requests for

18 Admission to the extent that they seek to have Responding Party furnish

19 information that is a matter of the public record, and therefore, is equally

20 available to the propounding party as to Responding Party; and

21     7.     Responding Party objects generally to the Requests for

22 Admission to the extent that they seek to have Responding Party furnish

23 information that is proprietary to Responding Party and contain confidential

24 information.

25     8.     Responding Party expressly incorporates each of the foregoing

26 General Objections into each specific response to the requests set forth

27 below as if set forth in full therein.  An answer to a request is not intended to

28

-4-

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524730.1

be a waiver of any applicable specific or general objection to such request.

Without waiver of the foregoing, Responding Party further responds as follows:

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit YOU have no facts that support YOUR First Cause of Action for Bane Act against Propounding Party as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Without waiving set objections, Plaintiff responds as follows: Denial

**REQUEST FOR ADMISSION NO. 2:**

Admit YOU can IDENTIFY no PERSONS with knowledge to support YOUR First Cause of Action for Bane Act against Propounding Party as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Without waiving set objections, Plaintiff responds as follows: Denial

**REQUEST FOR ADMISSION NO. 3:**

Admit YOU can IDENTIFY no DOCUMENTS to support YOUR First Cause of Action for Bane Act against Propounding Party as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Without waiving set objections, Plaintiff responds as follows: Denial

**REQUEST FOR ADMISSION NO. 4:**

Admit YOU have no facts that support YOUR Second Cause of Action for Public Nuisance against Propounding Party as alleged in YOUR

13524730.1

1   COMPLAINT.

2   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

3   Without waiving set objections, Plaintiff responds as follows: Denial

4

5   **REQUEST FOR ADMISSION NO. 5:**

6   Admit YOU can IDENTIFY no PERSONS with knowledge to support

7   YOUR Second Cause of Action for Public Nuisance against Propounding

8   Party as alleged in YOUR COMPLAINT.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

10   Without waiving set objections, Plaintiff responds as follows: Denial

11

12   **REQUEST FOR ADMISSION NO. 6:**

13   Admit YOU can IDENTIFY no DOCUMENTS to support YOUR

14   Second Cause of Action for Public Nuisance against Propounding Party as

15   alleged in YOUR COMPLAINT.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

17   Without waiving set objections, Plaintiff responds as follows: Denial

18

19   **REQUEST FOR ADMISSION NO. 7:**

20   Admit YOU have no facts that support YOUR Sixth Cause of Action for

21   Assault against Propounding Party as alleged in YOUR COMPLAINT.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

23   Without waiving set objections, Plaintiff responds as follows: Denial

24

25   **REQUEST FOR ADMISSION NO. 8:**

26   Admit YOU can IDENTIFY no PERSONS with knowledge to support

27   YOUR Sixth Cause of Action for Assault against Propounding Party as

28

-6-                    Case No. 2:16-cv-02129-SJO (RAOx)

13524730.1

1 | alleged in YOUR COMPLAINT.

2 | **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

3 | Without waiving set objections, Plaintiff responds as follows: Denial

4 |

5 | **REQUEST FOR ADMISSION NO. 9:**

6 | Admit YOU can IDENTIFY no DOCUMENTS to support YOUR Sixth

7 | Cause of Action for Assault against Propounding Party as alleged in YOUR

8 | COMPLAINT.

9 | **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

10 | Without waiving set objections, Plaintiff responds as follows: Denial

11 |

12 | **REQUEST FOR ADMISSION NO. 10:**

13 | Admit YOU have no facts that support YOUR Seventh Cause of Action

14 | for Battery against Propounding Party as alleged in YOUR COMPLAINT.

15 | **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

16 | Without waiving set objections, Plaintiff responds as follows: Denial

17 |

18 | **REQUEST FOR ADMISSION NO. 11:**

19 | Admit YOU can IDENTIFY no PERSONS with knowledge to support

20 | YOUR Seventh Cause of Action for Battery against Propounding Party as

21 | alleged in YOUR COMPLAINT.

22 | **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

23 | Without waiving set objections, Plaintiff responds as follows: Denial

24 |

25 | **REQUEST FOR ADMISSION NO. 12:**

26 | Admit YOU can IDENTIFY no DOCUMENTS to support YOUR

27 | Seventh Cause of Action for Battery against Propounding Party as alleged in

28 |

13524730.1

1  YOUR COMPLAINT.

2  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

3  Without waiving set objections, Plaintiff responds as follows: Denial

4

5  **REQUEST FOR ADMISSION NO. 13:**

6  Admit YOU have no facts that support YOUR Eighth Cause of Action

7  for Negligence against Propounding Party as alleged in YOUR

8  COMPLAINT.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

10  Without waiving set objections, Plaintiff responds as follows: Denial

11

12  **REQUEST FOR ADMISSION NO. 14:**

13  Admit YOU can IDENTIFY no PERSONS with knowledge to support

14  YOUR Eighth Cause of Action for Negligence against Propounding Party as

15  alleged in YOUR COMPLAINT.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

17  Without waiving set objections, Plaintiff responds as follows: Denial

18

19  **REQUEST FOR ADMISSION NO. 15:**

20  Admit YOU can IDENTIFY no DOCUMENTS to support YOUR Eighth

21  Cause of Action for Negligence against Propounding Party as alleged in

22  YOUR COMPLAINT.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

24  Without waiving set objections, Plaintiff responds as follows: Denial

25

26  **REQUEST FOR ADMISSION NO. 16:**

27  Admit that, prior to filing YOUR COMPLAINT, YOU never met

28

-8-                    Case No. 2:16-cv-02129-SJO (RAOx)

13524730.1

1 Propounding Party.

2 **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

3 Without waiving set objections, Plaintiff responds as follows: Denial

4

5 **REQUEST FOR ADMISSION NO. 17:**

6     Admit Propounding Party has never harassed YOU.

7 **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

8 Without waiving set objections, Plaintiff responds as follows: Denial

9

10 **REQUEST FOR ADMISSION NO. 18:**

11     Admit Propounding Party has never caused YOU any pain or suffering.

12 **RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

13 Without waiving set objections, Plaintiff responds as follows: Denial

14

15 **REQUEST FOR ADMISSION NO. 19:**

16     Admit YOU have no personal knowledge of Propounding Party ever

17 being involved in any incident of harassment at Lunada Bay at any time.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

19 Without waiving set objections, Plaintiff responds as follows: Denial

20

21 **REQUEST FOR ADMISSION NO. 20:**

22     Admit YOU have no personal knowledge of Propounding Party ever

23 being involved in any incident of violence at Lunada Bay at any time.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

25 Without waiving set objections, Plaintiff responds as follows: Denial

26

27

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524730.1

1   **REQUEST FOR ADMISSION NO. 21:**

2   Admit YOU have no personal knowledge of Propounding Party ever

3   being involved in any incident of vandalism at Lunada Bay at any time.

4   **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

5   Without waiving set objections, Plaintiff responds as follows: Denial

6

7   **REQUEST FOR ADMISSION NO. 22:**

8   Admit that Propounding Party, Frank Ferrara, is not the "dad" or

9   "father" referenced and/or mentioned by the male individual in the audio

10   recording YOU identified at Volume One, Page 18 of YOUR deposition

11   taken in this matter on October 24, 2016. (A true and correct copy of Page

12   18, Volume One of YOUR deposition is attached hereto as Exhibit A.)

13   **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

14   Without waiving set objections, Plaintiff responds as follows: Denial

15

16   **REQUEST FOR ADMISSION NO. 23:**

17   Admit YOU have no personal knowledge that Propounding Party,

18   Frank Ferrara, is the "dad" or "father" referenced and/or mentioned by the

19   male individual in the audio recording that YOU identified at Volume One,

20   Page 18 of YOUR deposition taken in this matter on October 24, 2016.

21   **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

22   Without waiving set objections, Plaintiff responds as follows: Denial

23

24   **REQUEST FOR ADMISSION NO. 24:**

25   Admit YOU have never seen Propounding Party at Lunada Bay at any

26   time YOU have visited Lunada Bay at any location of Lunada Bay.

27

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524730.1

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

2  Without waiving set objections, Plaintiff responds as follows: Denial

3

4  **REQUEST FOR ADMISSION NO. 25**

5  Admit YOU have no personal knowledge of Propounding Party ever being involved

6  in any incident of vandalism at Lunada Bay at any time.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

8  Without waiving set objections, Plaintiff responds as follows: Denial

9

10  **REQUEST FOR ADMISSION NO. 26**

11  Admit YOU have no personal knowledge of Defendant Frank Ferrara's occupation

12  in and around the time of the recording that YOU identified at Volume 1 page 18 of

13  YOUR deposition taken in this matter on October 24, 2016

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

15  Without waiving set objections, Plaintiff responds as follows: Denial

16

17  **REQUEST FOR ADMISSION NO. 27**

18  Admit YOU have no personal knowledge of the city where Propounding Party

19  resided in and around the time YOU identified at Volume 1 page 18 of YOUR

20  deposition taken in this matter on October 24, 2016

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

22  Without waiving set objections, Plaintiff responds as follows: Denial

23

24  **REQUEST FOR ADMISSION NO. 28**

25  Admit YOU have no personal knowledge of the city where Defendant Frank Ferrera

26  resided in and around the time of the audio recording that YOU identified at Volume

27  1 page 18 of YOUR deposition taken in this matter on October 24, 2016

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524730.1

1 | **RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

2 | Without waiving set objections, Plaintiff responds as follows: Denial

3 |

4 | **REQUEST FOR ADMISSION NO. 29**

5 | Admit Propounding Party, Charlie Ferrara, is the cousin referenced and/or

6 | mentioned by the male individual in the audio recording that you identified at

7 | Volume 1, page 18 of YOUR deposition taken in this matter on October 24, 2016.

8 | **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

9 | Without waiving set objections, Plaintiff responds as follows: Denial

10 |

11 |

12 | DATED:  May 31, 2017                    OTTEN LAW, PC

13 |

14 |

15 | By:      /s/Victor Otten

16 |          VICTOR OTTEN

17 |          KAVITA TEKCHANDANI
            Attorneys for Plaintiffs

18 |          CORY SPENCER, DIANA MILENA
            REED, and COASTAL PROTECTION

19 |          RANGERS, INC.

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524730.1

1

2

3

4

**PROOF OF SERVICE**
*Spencer, et al. v. Lunada Bay Boys, et al.*
**U.S.D.C. for the Central District of California**

5

**Case No. 2:16-cv-02129-SJO (RAOx)**

6

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

7

8

9

10

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is: 3620 Pacific Coast Highway, Suite 100, Torrance, CA 90505.

On June 5, 2017, I served the original or a true copy of the following document(s) described as:

11

12

**PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANT CHARLIE FERRARA**

13

14

on the interested parties in this action as follows:
**SEE ATTACHED SERVICE LIST**

15

16

17

18

19

**X BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

20

21

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

22

Executed on **June 5, 2017**, at Torrance, California.

23

24

/s/Victor Otten
_____
Victor Otten

25

26

27

28

-13-

PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524730.1

**SERVICE LIST**
*Spencer, et al. v. Lunada Bay Boys, et al.*
**U.S.D.C. for the Central District of California**
**Case No. 2:16-cv-02129-SJO (RAOx)**

Robert T. Mackey, Esq.                    *(Attorneys for Defendant BRANT*
Peter H. Crossin, Esq.                    *BLAKEMAN)*
Richard P. Dieffenbach, Esq.             (served original)
John P. Worgul, Esq.
VEATCH CARLSON, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles. CA  90017

Robert S. Cooper, Esq.                    *(Attorneys for Defendant BRANT*
BUCHALTER NEMER, APC                      *BLAKEMAN)*
1000 Wilshire Blvd., Suite 1500          (served true copy)
Los Angeles. CA  90017

J. Patrick Carey, Esq.                    *(Attorney for Defendant ALAN*
LAW OFFICES OF                            *JOHNSTON a/k/a JALIAN*
 J. PATRICK CAREY                         *JOHNSTON)*
1230 Rosecrans Ave., Suite 300           (served true copy)
Manhattan Beach. CA  90266

Peter T. Haven, Esq.                      *(Attorney for Defendant MICHAEL*
HAVEN LAW                                 *RAY PAPAYANS)*
1230 Rosecrans Ave., Suite 300           (served true copy)
Manhattan Beach. CA  90266

Dana Alden Fox, Esq.                      *(Attorneys for Defendant SANG LEE)*
Edward E. Ward, Jr., Esq.                (served true copy)
Eric Y. Kizirian, Esq.
Tera Lutz, Esq.
LEWIS BRISBOIS
 BISGAARD & SMITH LLP
633 W. 5th Street, Suite 4000
Los Angeles. CA  90071

Daniel M. Crowley, Esq.                   *(Attorneys for Defendant SANG LEE)*
BOOTH, MITCHEL &                          (served true copy)
 STRANGE LLP
707 Wilshire Blvd., Suite 4450
Los Angeles. CA  90017

Mark C. Fields, Esq.                      *(Attorney for Defendant ANGELO*
LAW OFFICES OF                            *FERRARA and Defendant N. F.*
 MARK C. FIELDS, APC                      *appearing through Guardian Ad*
333 South Hope Street, 35th Floor        *Litem, Leonora Ferrara)*
Los Angeles. CA  90071                   (served true copy)

-14-

Case No. 2:16-cv-02129-SJO (RAOx)

13524730.1

1   Thomas M. Phillip, Esq.                    *(Attorneys for Defendant ANGELO*
    Aaron G. Miller, Esq.                      *FERRARA)*
2   THE PHILLIPS FIRM                          (served true copy)
    800 Wilshire Blvd., Suite 1550
3   Los Angeles, CA  90017

4   Patrick Au, Esq.                           *(Attorneys for Defendants FRANK*
    Laura L. Bell, Esq.                        *FERRARA and CHARLIE FERRARA)*
5   BREMER WHYTE                               (served true copy)
      BROWN & O'MEARA, LLP
6   21271 Burbank Blvd., Suite 110
    Woodland Hills, CA  91367
7
    Edwin J. Richards, Esq.                    *(Attorneys for Defendants CITY OF*
8   Antoinette P. Hewitt, Esq.                 *PALOS VERDES and CHIEF OF*
    Rebecca L. Wilson, Esq.                    *POLICE JEFF KEPLEY)*
9   Jacob Song, Esq.                           (served true copy)
    Christopher D. Glos, Esq.
10  KUTAK ROCK LLP
    5 Park Plaza, Suite 1500
11  Irvine, CA  92614-8595

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524730.1

1   HANSON BRIDGETT LLP
    KURT A. FRANKLIN, SBN 172715
2   kfranklin@hansonbridgett.com
    SAMANTHA WOLFF, SBN 240280
3   swolff@hansonbridgett.com
    JENNIFER ANIKO FOLDVARY, SBN 292216
4   jfoldvary@hansonbridgett.com
    425 Market Street, 26th Floor
5   San Francisco, California 94105
    Telephone: (415) 777-3200
6   Facsimile:  (415) 541-9366

7   HANSON BRIDGETT LLP
    TYSON M. SHOWER, SBN 190375
8   tshower@hansonbridgett.com
    LANDON D. BAILEY, SBN 240236
9   lbailey@hansonbridgett.com
    500 Capitol Mall, Suite 1500
10  Sacramento, California 95814
    Telephone: (916) 442-3333
11  Facsimile:  (916) 442-2348

12  OTTEN LAW, PC
    VICTOR OTTEN, SBN 165800
13  vic@ottenlawpc.com
    KAVITA TEKCHANDANI, SBN 234873
14  kavita@ottenlawpc.com
    3620 Pacific Coast Highway, #100
15  Torrance, California 90505
    Telephone: (310) 378-8533
16  Facsimile:  (310) 347-4225

17  Attorneys for Plaintiffs
    CORY SPENCER, DIANA MILENA
18  REED, and COASTAL PROTECTION
    RANGERS, INC.

19

20              UNITED STATES DISTRICT COURT

21      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

22

23  CORY SPENCER, an individual;       CASE NO. 2:16-cv-02129-SJO (RAOx)
    DIANA MILENA REED, an
24  individual; and COASTAL            **PLAINTIFF DIANA MILENA REED'S**
    PROTECTION RANGERS, INC., a        **RESPONSE TO THIRD SET OF**
25  California non-profit public benefit  **INTERROGATORIES PROPOUNDED**
    corporation,                       **BY DEFENDANT CHARLIE**
26                                     **FERRARA**

27              Plaintiffs,

28

Case No. 2:16-cv-02129-SJO (RAOx)

13524251.1

1

2      v.

Complaint Filed:     March 29, 2016
Trial Date:          November 7, 2017

3    LUNADA BAY BOYS; THE
     INDIVIDUAL MEMBERS OF THE
4    LUNADA BAY BOYS, including but
5    not limited to SANG LEE, BRANT
     BLAKEMAN, ALAN JOHNSTON
6    AKA JALIAN JOHNSTON,
7    MICHAEL RAE PAPAYANS,
     ANGELO FERRARA, FRANK
8    FERRARA, CHARLIE FERRARA,
9    and N. F.; CITY OF PALOS
     VERDES ESTATES; CHIEF OF
10   POLICE JEFF KEPLEY, in his
11   representative capacity; and DOES
     1-10,
12

13             Defendants.

14

15   PROPOUNDING PARTY: Defendant Charlie Ferrara

16   RESPONDING PARTY:   Plaintiff Diana Milena Reed

17   SET NO.:            Three (3)

18        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff

19   Diana Milena Reed ("Responding Party") hereby submits these objections

20   and responses to the Second Set of Interrogatories propounded by

21   Defendant Charlie Ferrara ("Propounding Party").

22                      **PRELIMINARY STATEMENT**

23        Nothing in this response should be construed as an admission by

24   Responding Party with respect to the admissibility or relevance of any fact,

25   or of the truth or accuracy of any characterization or statement of any kind

26   contained in Propounding Party's Interrogatories.  Responding Party has not

27   completed her investigation of the facts relating to this case, her discovery or

28

1   her preparation for trial.  All responses and objections contained herein are

2   based only upon information that is presently available to and specifically

3   known by Responding Party.  It is anticipated that further discovery,

4   independent investigation, legal research and analysis will supply additional

5   facts and add meaning to known facts, as well as establish entirely new

6   factual conclusions and legal contentions, all of which may lead to

7   substantial additions to, changes in and variations from the responses set

8   forth herein.  The following objections and responses are made without

9   prejudice to Responding Party's right to produce at trial, or otherwise,

10  evidence regarding any subsequently discovered information.  Responding

11  Party accordingly reserves the right to modify and amend any and all

12  responses herein as research is completed and contentions are made.

13  **GENERAL OBJECTIONS**

14          Responding Party generally objects to the Interrogatories as follows:

15          1.      Responding Party objects generally to the Interrogatories to the

16  extent that they seek to elicit information that is neither relevant to the

17  subject matter of this action, nor reasonably calculated to lead to the

18  discovery of admissible evidence;

19          2.      Responding Party objects generally to the Interrogatories to the

20  extent that they are unreasonably overbroad in scope, and thus burdensome

21  and oppressive, in that each such request seeks information pertaining to

22  items and matters that are not relevant to the subject matter of this action,

23  or, if relevant, so remote therefrom as to make its disclosure of little or no

24  practical benefit to Propounding Party, while placing a wholly unwarranted

25  burden and expense on Responding Party in locating, reviewing and

26  producing the requested information;

27          3.      Responding Party objects generally to the Interrogatories to the

28

-3-                     Case No. 2:16-cv-02129-SJO (RAOx)

13524251.1

1  extent that they are burdensome and oppressive, in that ascertaining the

2  information necessary to respond to them would require the review and

3  compilation of information from multiple locations, and voluminous records

4  and files, thereby involving substantial time of employees of Responding

5  Party and great expense to Responding Party, whereas the information

6  sought to be obtained by Propounding Party would be of little use or benefit

7  to Propounding Party;

8       4.     Responding Party objects generally to the Interrogatories to the

9  extent that they are vague, uncertain and overbroad, being without limitation

10  as to time or specific subject matter;

11      5.     Responding Party objects generally to the Interrogatories to the

12  extent that they seek information at least some of which is protected by the

13  attorney-client privilege or the attorney work-product doctrine, or both;

14      6.     Responding Party objects generally to the Interrogatories to the

15  extent that they seek to have Responding Party furnish information that is a

16  matter of the public record, and therefore, is equally available to the

17  propounding party as to Responding Party; and

18      7.     Responding Party objects generally to the Interrogatories to the

19  extent that they seek to have Responding Party furnish information that is

20  proprietary to Responding Party and contain confidential information.

21      8.     Responding Party objects to the interrogatories, and to any

22  individual interrogatory set forth therein, to the extent that they are

23  compound and constitute an impermissible effort to circumvent the 25

24  interrogatory limit set by Rule 33 of the Federal Rules of Civil Procedure.

25      9.     Responding Party expressly incorporates each of the foregoing

26  General Objections into each specific response to the requests set forth

27  below as if set forth in full therein.  An answer to a request is not intended to

28

Case No. 2:16-cv-02129-SJO (RAOx)

13524251.1

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF INTERROGATORIES
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

1  be a waiver of any applicable specific or general objection to such request.

2      Without waiver of the foregoing, Responding Party further responds as

3  follows:

4              **RESPONSES TO INTERROGATORIES**

5  **INTERROGATORY NO. 13:**

6      If YOU denied any of the Requests for Admissions served by

7  Propounding Party in this action, then for each Request for Admission

8  denied, state all facts RELATING TO YOUR denial.

9  **RESPONSE TO INTERROGATORY NO. 13:**

10     Responding Party objects to this interrogatory as premature. Because

11  this interrogatory seeks or necessarily relies upon a contention, and

12  because this matter is in its early stages and pretrial discovery has only just

13  begun, Responding Party is unable to provide a complete response at this

14  time, nor is it required to do so.  See *Kmiec v. Powerwave Techs. Inc. et al.*,

15  2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific

16  Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see

17  also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

18  interrogatory need not be answered until designated discovery is complete,

19  or until a pretrial conference or some other time.").

20     Responding Party further objects to this interrogatory as unduly

21  burdensome, harassing, and duplicative of information disclosed in

22  Responding Party's Rule 26(a) disclosures and supplemental disclosures.

23  Propounding Party may look to Responding Party's Rule 26(a) disclosures

24  and supplemental disclosures for the information sought by this

25  interrogatory.  Moreover, Responding Party had the opportunity to depose

26  Ms. Reed on this topic.

27     Responding Party further objects to this interrogatory as compound.

28

1  This "interrogatory" contains multiple impermissible subparts, which

2  Propounding Party has propounded in an effort to circumvent the numerical

3  limitations on interrogatories provided by Federal Rule of Civil Procedure

4  33(a)(1).

5    Responding Party further objects to this interrogatory on the grounds

6  that it seeks information that is outside of Responding Party's knowledge.

7    Responding Party further objects to the extent that this interrogatory

8  invades attorney-client privilege and/or violates the work product doctrine by

9  compelling Responding Party to disclose privileged communications and/or

10  litigation strategy.  Responding Party will not provide any such information.

11    Subject to and without waiver of the foregoing objections, Responding

12  Party responds as follows:

13  **Facts Supporting Denial of RFA Nos. 1-29:**

14    The Complaint alleges that Defendant Lunada Bay Boys is an

15  unincorporated association within the meaning of Code of Civil Procedure §

16  369.5 acting by and through its respective members and associates.

17  Defendant Lunada Bay Boys acts by and through its respective members,

18  individually, collectively, and in concert, and conducts its affairs and

19  activities in the City of Palos Verdes Estates, County of Los Angeles, State

20  of California.  Defendant Lunada Bay Boys claims gang territory, or "turf"

21  within the City of Palos Verdes Estates' Lunada Bay neighborhood (Lunada

22  Bay). The Lunada Bay Boys have received benefits from holding itself out to

23  the public as an entity. The Lunada Bay Boys functions under circumstances

24  where "fairness requires that the group be recognized as a legal entity."

25    The Complaint further alleges that Defendant Lunada Bay Boys are

26  criminal street gang as defined in California Penal Code § 186.22,

27  subdivision (f), in as much as it is a group of three or more individuals with a

28

-6-  Case No. 2:16-cv-02129-SJO (RAOx)

13524251.1 PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF INTERROGATORIES
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

1  common name or common symbol and whose members, individually or

2  collectively, engage in or have engaged in a pattern of criminal gang activity,

3  and has as one of its primary activities the commission of enumerated

4  "predicate crimes," including but not limited to assault, battery, vandalism,

5  intimidation, harassment, upon information and belief, the sale and use of

6  illegal controlled substances.

7      The Complaint alleges that Defendant Lunada Bay Boys use the

8  unpermitted Rock Fort to conduct criminal activity.

9      The Complaint also alleges that Defendant Lunada Bay Boys is also

10  an unincorporated association within the meaning of Corporations Code §

11  18035, subdivision (a), inasmuch it consists of two or more individuals joined

12  by mutual consent for some common lawful purposes, such a attending

13  social gatherings, and recreational events. However, notwithstanding any

14  common lawful purpose, Defendant Lunada Bay Boys is a criminal gang

15  whose members are primarily engaged in criminal and nuisance activities

16  which constitute Bane Act violations and a public nuisance.

17      Defendant Lunada Bay Boys is comprised of members including, but

18  not limited to Sang Lee, Brant Blakeman, Angelo Ferrara, Frank Ferrara,

19  Nicholas Ferrara, Charlie Ferrara, Michael Rae Papayans, Alan Johnston

20  aka Jalian Johnston, each of whom has been within the Lunada Bay and is

21  responsible in some manner for the Bane Act violations and public nuisance

22  described in this Complaint.

23      Plaintiffs' first Claim is for an injunction and equitable relief under Civil

24  Code § 52.1(b). Some of the facts that support the claim include:

25      Some of the acts committed by the Lunada Bay Boys include:

26      1.    On January 22, 1995, a Brazilian surfer was accosted by several

27  Lunada Bay Boys including David Hilton. The Brazilian surfer reported to the

28

-7-

13524251.1

1   police that suspect #1 told him angrily, "If you go out, no more car, no more

2   tires, no more glass, your car will be trash."  He said that the suspect #1 was

3   much taller and bigger than he was and he was afraid of the suspect.  He

4   said he backed away from suspect #1 and suspect #2 walked up to him and

5   deliberately knocked his surfboard into his [surfboard].  He said the suspect

6   #2 told him, "If you cross, I will fight you.  I will break your face."  He said he

7   was afraid that suspect would hurt him and backed away from him.  He said

8   the suspect #3 yelled at him, "Fuck Brazil."  The Brazilian surfer told the

9   police that approximately 15 other Lunada Bay Boys were standing around

10  them.  He said he was fearful that he and his friends were going to be hurt,

11  went back to their car, drove to a local gas station and called the police.

12      2.    On March13, 1995, Geoff Hagins and five 9 juveniles and

13  another adult were assaulted at Lunada Bay by Peter McCullom. Plaintiffs

14  are informed and believe that David Hilton, Kelly Logan, Sang Lee and

15  others were also part of the incident. Geoff Hagins called Ed Jaakola prior to

16  going to surf and informed him. The police records are redacted but the

17  paper reports: Peter McCollum, David Hilton, Defendant Sang Lee and Kelly

18  Hogan.

19      3.    On February 17, 2014, an unknown individual reports to Officer

20  Alex Gonzales: that he arrived at the 2300 block of Paseo Del Mar with the

21  intention of surfing. Before he was able to collect his gear and walk down the

22  trail to the beach, he was confronted by two unknown individuals who

23  started to harass him. The subjects told he was not allowed to surf at

24  Lunada Bay, and if he proceeded persisted to do so, they would follow him

25  into the water to block his waves and run their surfboards into him.

26      4.    On November 15, 2014, Sef Krell attempts to surf Lunada Bay.

27  As he walks down the trail, dirt clods and rocks are thrown at him.

28

13524251.1

1   The Complaint also alleges a civil conspiracy amount the Defendants

2   and other individuals.

3   Diana Reed: believes that members of the Lunada Bay Boys engaged

4   in a concerted effort with other Bay Boys to obstruct the plaintiffs' and the

5   publics' free passage and use in the customary manner of a public space.

6   Reed also believes that members of the Bay Boys harass and assault the

7   plaintiffs and the public when they were visiting Lunada Bay. Reed believes

8   that the conduct directed at the plaintiffs and others trying to surf Lunada

9   Bay is part of an agreement among Defendant Ferrara and the other Bay

10  Boys, which at a minimum, may be implied by the conduct of the parties and

11  other members of the Bay Boys.  Reed believes that the Bay Boys

12  concerted efforts to stop the public from accessing the beach are

13  documented in statements made to the media, text messages and emails

14  some of which have been destroyed or are being withheld by the

15  Defendants in this case. For example, Defendant Frank Ferrara was

16  featured in the article "People Who Surf," December 1991 edition of Surfer

17  Magazine. Plaintiffs are informed and believe that the article was arranged

18  by Lunada Bay local Jim Russi who was a photographer at the magazine

19  which is quoted in relevant part:

20  Q: There was an article a few months ago in the L.A. Times that called

21  the Palos Verdes surfers a bunch elitist gangsters. As a P.V. guy, what do

22  you think of that?

23  A: I think that Palos Verdes is a beautiful surfing spot and that some of

24  the people who have come up there in the past haven't really respected it.

25  Q: But the complaint from visitors is they're not even given a chance to

26  prove themselves. They're run out or hit with rocks just trying to get to the

27  beach.

28

13524251.1

1    A: Look at what happened to Malibu, Trestles, Rincon; there's five or

2    six guys on every wave. The guys who surf in Palos Verdes…have seen

3    what happens. One guy comes and surfs it, and then he brings two or three

4    guys, and they bring three or four of their friends and it snowballs and gets

5    out of hand. That is exactly why we want to protect it.

6    Defendant Frank Ferrara followed his interview up with a letter

7    defending localism printed in the March 1992 edition of Surfer Magazine

8    stating; "I am a protector of Palos Verdes. It is also protected by the pirates

9    who surf there."

10    Members of the Bay Boys have worn pirate shirts.

11    In a May 5, 1995 article published in the Easy Reader entitled "A Bay

12    Boy Explains localism: 'A Great Sense of Community here'," Jim Russi

13    admits to the illegal acts the Bay Boys engage in to exclude outsiders. Russi

14    said the harassment stems from a desire by locals to preserve the beach for

15    their own use, especially during the winter when the surf is exceptional. "We

16    feel a great sense of community here and we need to protect it. I can tell you

17    about places that get overrun by outsiders." Russi even attempts to blame

18    the harassment of Geoff Hagins by Defendant Sang Lee, Bay Boys Peter

19    McCollum and Kelly Logan: "Hagins is a real troublemaker. He's a bully. He

20    came e down with a gang of kids, including a Boogie boarder. There's never

21    been a Boogie boarder at Lunada Bay."

22    Finally, Defendant Charlie Ferrara, who is the son of Defendant Frank

23    Ferrara, admitted that generations of surfers have used intimidation and

24    even violence to successfully prevent the isolated spot from becoming a

25    crowded destination. In the 13-minute recording of the conversation,

26    Defendant Charlie Ferrara is heard saying:

27    1.    "I can't tell you can't be down here. I can't tell you can't go

28

13524251.1

1  surfing, but what I can do is I can make sure you don't have fun out there."

2      2.      Echoing the words of his father to Surfer Magazine, he states: "if

3  one person is "cool" and gets along, then "everyone gets along, and then it

4  turns into Rincon and Malibu."

5      3.      "My dad's 59 years old, for 59 years it's been like that; who are

6  you to come here and change something, get me?" he said. "I'm sorry to say

7  it like that, I'm not rude, but that's how they're looking at it, you know?"

8      There are numerous examples of the members of Lunada Bay Boys

9  conspiring to harass and intimidate visiting surfers which are set forth in

10  Plaintiffs' Supplemental Disclosures and previous discovery responses

11  including but not limited to:

12      1.      Emails from Defendant Sang Lee and others that describe Bay

13  Boy tactics to keep outsiders and non-locals from surfing Lunada Bay

14  including emails dated 1/7/2011,1/8/2011,1/17/2011.

15      2.      On February 5, 2016, Charles Mowat sent a text message to

16  Defendant Brant Blakeman, Tom Sullivan, David Yoakley, Andy Patch,

17  Defendant Michael Papayans and several others that said "There are 5

18  kooks standing on the bluff taking pictures...I think that same Taloa guy.

19  Things could get ugly." A Los Angeles Times photographer captured a

20  pictured of Defendant Blakeman of the bluff filming plaintiffs.  Plaintiffs

21  believe that the Bay Boys take photos and/or video tape people as a form of

22  harassment and intimidation. Plaintiffs are also informed and believe that a

23  Lunada Bay local named Joshua Berstein was taking pictures at the MLK

24  2014 paddle out. Plaintiffs are also informed and believe that Berstein told

25  several people after he photographed them, "Now we know who you are."

26  Plaintiffs believe that the conduct directed at Reed by Blakeman and the

27  individual Bay Boys is because she is a woman. Plaintiff is informed and

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF INTERROGATORIES
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

1  believes that there are numerous text messages where the Bay Boys refer

2  to Reed as a "bitch" and make sexual comments about her.

3       3.       Emails dated January 16 and 17, 2014 that Charlie Mowatt sent

4  to Defendant Sang Lee and other Lunada Bay locals regarding plans to

5  harass Chris Taloa and visiting surfers at the MLK event in 2014

6       The specific acts directed against Reed include but are not limited to

7  the following: i) Reed went to Lunada Bay on January 29, 2016 with Jordan

8  Wright.  Reed had intended to surf at Lunada Bay that day because the

9  conditions were such that she felt comfortable surfing. Immediately after

10  they parked their car along the bluffs, the harassment began. Several men

11  drove by and circled around their car. This was the day that she and Wright

12  were harassed and intimidated by David Melo. Blakeman was recording

13  them on land with his camera. It was very disturbing to Reed and made her

14  feel very uncomfortable. Plaintiffs are informed and believe that this was

15  witnessed by John MacHarg. ii) On or about February 12, 2016, The Los

16  Angeles Times published an article called "Bay Boys surfer gang cannot

17  block access to upscale beach, Coastal Commission says." Jordan Wright

18  and Cory Spencer are quoted in the article. Mr. Wright and a few others had

19  planned to surf Lunada Bay the following morning. Plaintiffs are informed

20  and believe that Defendants Johnston and Blakeman learned that Jordan

21  Wright and Diana Reed were going to Lunada Bay and planned to be there

22  to harass them. On February 12, 2016, Defendant Alan Johnston sent the

23  following text messages to an unknown recipient: "No fucking way Taloa is

24  back this year" and "If u really wanna be a bay boy we might meet help

25  tomm." iii) On February 13, 2016, Reed returned to Lunada Bay with Jordan

26  Wright to watch him surf and take photographs. Prior to her arrival, she

27  contacted the Palos Verdes Estates Police and requested an escort from the

28

-12-

13524251.1

1   bluffs to the beach. She was concerned about her safety given the January

2   29, 2016 incident. She was told that the police were unavailable and no

3   officers were present when they arrived.

4           When Reed and Wright reached the beach, they encountered angry

5   locals who were yelling at them. Reed and Wright ignored the harassment

6   and Wright got into the water to surf and Reed made her way to the Rock

7   Fort where she planned to watch Wright and photograph him.

8   Approximately two hours after Reed had arrived at Lunada Bay, while she

9   was standing in the Rock Fort taking photos, defendant Blakeman and

10  defendant Alan Johnston rushed into the fort and ran towards her in a hostile

11  and aggressive manner. It seemed that they had coordinated and

12  orchestrated the attack which completely caught Reed off guard. Blakeman

13  was filming Reed again, and at times, held his camera right in her face. It

14  was intimidating and harassing to Reed, and she feared for her safety. Reed

15  asked Blakeman and Johnston why they were filming her, because it made

16  her uncomfortable. Blakeman responded, "because I feel like it." Johnston

17  responded, "Because you're hot. Because you're fucking sexy baby,

18  woooh!"  Johnston then opened a can of beer in a purposeful way so that it

19  sprayed Reed's arm and her camera. Reed, paralyzed with fear, was unable

20  to leave the Rock Fort as Blakeman and Johnston were standing closest to

21  the exit.  iv) Plaintiffs are informed and believe that after the incident

22  Defendant Johnston started calling and/or texting other Lunada Bay locals to

23  check for police to plan a getaway. At around 1:00 pm Brad Travers (Travers

24  Tree Service) texted Johnston: "Don't see any cops at the top." Plaintiffs are

25  informed and believe that later that day Johnston received a text from his

26  mother asking him "What happened at the bay?" Johnston replied "Nothing

27  happened really just couple of trolls they got nothing."

28

13524251.1

1    Reed further identifies the following individuals as having knowledge of

2 concerted efforts by the Bay Boys:

3    Cory Spencer: Cory Spencer and Chris Taloa went to surf Lunada

4 Bay. Almost instantly after they arrived at Lunada Bay, they started getting

5 harassed by Bay Boys. They were told that they couldn't surf there, and

6 Spencer was called a "kook," which is a derogatory surfing term. Spencer

7 was also told: "why don't you fucking go home, you fucking kook;" and was

8 asked, "how many other good places did you pass to come here?" These

9 are the same types of statements made by Defendant Sang Lee and others

10 that can be observed on the video published by the Guardian.  These taunts

11 started while Spencer and Taloa were on the bluffs getting ready to surf.

12 One individual continued to heckle Spencer and Taloa on their way down to

13 the beach and into the water. Blakeman was already in the water and began

14 paddling around Spencer and Taloa in a tight circle – staying just a few feet

15 away from them. There was no legitimate reason for this conduct. Reed

16 believes that this is a tactic used by the Bay Boys to harass people.

17 Blakeman impeded Spencer's movement in any direction and was

18 intentionally blocking him from catching any waves. It was clear to Spencer

19 that Blakeman was not there to surf that morning. Instead, his mission was

20 to prevent Spencer and Taloa from surfing and to keep them from enjoying

21 their time in the water, the open space, the waves, and nature. This type of

22 concerted effort was described by Charlie Ferrara to Reed as the way the

23 Bay Boys act to keep people from surfing at Lunada Bay. In the

24 approximately 90 minutes that Spencer was in the water that day, Blakeman

25 was focused on Spencer and Taloa and continued to shadow their

26 movements and sit uncomfortably close to them. Spencer had never

27 experienced anything like that before in his life. It was bizarre but also

28

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF INTERROGATORIES
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

1  incredibly frightening and disturbing. It appeared to Spencer that Blakeman

2  was coordinating his actions with a group of guys who were standing in the

3  Rock Fort, along with others in the water. They were all talking to each other

4  and it was clear they all knew each other. At one point while Spencer was in

5  the water and was paddling west out to the ocean, he saw a man surfing,

6  coming in east towards the shore. The Bay Boy ran over his hand/wrist that

7  was holding his surfboard and one of the fins on his surfboard sliced open

8  his right wrist. Spencer has about a half-inch scar from where this man ran

9  him over. As soon as the Bay Boy ran him over, he started berating

10  Spencer, saying things like "what are you fucking doing out here? I told you

11  to go home. I should have run you over. Why are you paddling in the sun

12  glare where I can't see you?" The Bay Boy was pretending that he didn't see

13  Spencer but it was obvious that he did and intentionally ran him over. With

14  over 30 years of surfing experience, Spencer knew that this collision was

15  intentional on his part. Fearful of being further injured at that point, and not

16  wanting to get into an argument with him, Spencer just paddled away.

17  Spencer and Taloa caught one more wave after that and then decided it was

18  getting too dangerous to surf. More men started showing up at the Rock Fort

19  and Spencer and Taloa were growing increasingly fearful for their safety.

20  Spencer was also bleeding and in pain. These incidents are described in the

21  declarations filed with Plaintiffs' motion for class certification and the

22  deposition of Spencer.

23      Christopher Taloa: As set forth above, Taloa and Spencer went surfing

24  at Lunada Bay and were harassed by Blakeman. Taloa witnessed Blakeman

25  shadowing Spencer's movement in the water. Blakeman was in the water

26  with four or five other Lunada Bay Locals.  At one point, Blakeman paddled

27  toward Taloa, at which point Taloa told him that he was too close.

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF INTERROGATORIES
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

1   Blakeman replied, "This is the ocean. We are surfing. I can be wherever."

2   Taloa kept moving in the water, and Blakeman attempted to keep up with

3   him but was not in good enough shape to do so.

4        Jordan Wright: Wright attempted to surf Lunada Bay in January 2015

5   with Chris Claypool and Kenneth Claypool. He observed Blakeman

6   harassing Chris and Ken. Wright was sitting on the outside waiting his turn

7   for waves. By regular surfing norms, he had priority. He caught a 10- to

8   12foot-high wave and was up riding for several seconds. Alan Johnston

9   paddled the wrong way on this wave, dropped in on him going the wrong

10  way on the wave, and yelled, "Oh no, you don't!" Dropping in on a surfer

11  while going the wrong way violates normal surf etiquette. Johnston then

12  collided with Wright, and their leashes got tangled. After they surfaced from

13  the collision, Johnston then got close to Wright and yelled, "You had to

14  fucking take that wave, didn't you!" The next wave that came through then

15  broke Wright's leash plug and the board was carried into the rocks, which

16  destroyed a new surfboard. Wright had to swim in over rocks to get his

17  board and cut his hands on the rocks doing so. Wright is confident that

18  Johnston attempted to purposefully injure him. What he did was extremely

19  dangerous.

20       Wright has observed Blakeman on many occasions. Blakeman is easy

21  to identify because he rides a kneeboard and he is regularly filming visitors

22  on land with a camcorder. Wright believes his filming is an effort to intimidate

23  visitors. In the water, Wright has observed what appears to be Blakeman

24  directing other Bay Boys to sit close to visiting surfers. Wright has observed

25  Bay Boys who seem to be assigned to visiting surfers—they'll sit too close to

26  the visitors, impede their movements, block their surfing, kick at them,

27  splash water at them, and dangerously drop in on them. In addition to

28

-16-

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF INTERROGATORIES
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

1    Blakeman, he has seen Michael Papayans, Sang Lee, Alan Johnston,

2    Charlie Ferrara, and David Melo engage in this activity. These incidents are

3    described in the declarations filed with Plaintiffs' motion for class

4    certification.

5        Ken Claypool: has been harassed and filmed by Blakeman in an

6    attempt to intimidate him at Lunada Bay on multiple occasions. In January

7    2015, Claypool and his brother Chris Claypool along with Jordan Wright

8    went to surf Lunada Bay.  There were about five Lunada Bay locals in the

9    water, including Blakeman who paddled over and threatened them. Claypool

10   observed Blakeman intentionally drop in on Wright at least twice.   On

11   February 5, 2016, Claypool went to Lunada Bay with Chris Taloa and Jordan

12   Wright. There was a photographer from the Los Angeles Times that was

13   there. Also in attendance was Cory Spencer and Diana Reed.  Spencer was

14   there to watch the cars.  Blakeman was there filming in an effort to intimidate

15   visitors. Blakeman can be seen in one of the pictures taken by the

16   photographer. Also present was Defendant Papayans.

17       Plaintiffs are informed and believe that there was a text message sent

18   that day to Papayans, Michael Thiel and 11 other people stating that there

19   were 5 kooks standing on the bluff taking pictures, including Taloa. Plaintiffs

20   are informed that the text states: "Things could get ugly." These incidents

21   are described in the declarations filed with Plaintiffs' motion for class

22   certification.  Chris Claypool: he and his brother Ken and Jordan Wright

23   attempted to surf Lunada Bay in January 2015.  There were about five locals

24   in the water, including Blakeman who paddled over and was yelling, "Try

25   and catch a wave and see what happens. There is no fucking way you are

26   getting a wave. Just go in. Just go. You better not cut me off."  Blakeman

27   looked possessed or possibly on drugs. His behavior got more bizarre

28

13524251.1

1  throughout the morning. He seemed to be paddling for every wave that he

2  could physically push himself into, perhaps to make a point, but he was

3  wiping out a lot and falling down the face and tumbling across the rock reef.

4  Blakeman looked dangerous to himself. When Blakeman would actually

5  catch a wave in, he would paddle back to where Claypool and his brother

6  were sitting, and continue his insane rant. On one occasion, Blakeman came

7  less than 12 inches from Claypool's ear and was screaming. It was so loud,

8  Claypool had to put his fingers in his ear to protect them from being

9  damaged. Claypool is a sound engineer and to put this in perspective, a rock

10 concert creates about 120 decibels of noise - this was louder; a jet engine

11 creates about 150 decibels. At one point Blakeman caught a wave and drew

12 a line aiming right at Claypool. Another Bay Boy tried the same thing and

13 said "mother fucker" as he narrowly missed Claypool's head. Claypool

14 watched as Blakeman intentionally dropped in on Jordan at least twice. It

15 seemed obvious to Claypool that Blakeman and the other Bay Boy wanted

16 to make sure none of them were having fun. Because of the danger, they

17 decided to leave. When Claypool and his brother got out of water, they saw

18 people gathering on top of the cliff. One person was videotaping them from

19 the top of the cliff; it was clear to Claypool that he was doing this to try and

20 intimidate them. The people were watching them from the cliff. It was

21 obvious that Blakeman engaged in a concerted effort with other Bay Boys to

22 obstruct his free passage and use in the customary manner of a public

23 space. It also seemed clear that Blakeman engaged in a concerted effort

24 with other Bay Boys to try and injure him. These incidents are described in

25 the declarations filed with Plaintiffs' motion for class certification.

26    Jason Gersch: While observing the surf, Gersch was approached by

27 two local Bay Boys named Peter McCollum and Brant Blakeman. These

28

13524251.1

1    individuals made it known to Gersch that he could not surf there. These

2    incidents are described in the declarations filed with Plaintiffs' motion for

3    class certification. Plaintiffs are informed and believe and on that basis

4    allege that Defendant Blakeman and his attorneys are attempting to

5    intimidate witnesses in this case.

6    The request is premature. Because the defendants are refusing to comply

7    with their obligations to produce documents under the federal rules and are

8    impermissibly withholding evidence and/or possibly spoilating evidence, we

9    are not able to fully respond to discovery requests which necessarily rely on

10   our ability to fully investigate the facts. As discovery is continuing, Reed

11   reserves the right to update this response.

12   **(Additional Facts) Supporting Denial of RFA No. 16-19 (in addition to**

13   **the facts listed in the foregoing):**

14          The denial of the Request for Admission Nos. 16-19, asking the Plaintiff

15   to admit certain facts regarding the audio recording Plaintiff identified at

16   Volume 1, page 18 of her deposition taken on October 24, 2016 (to admit that

17   this did not include the voice of the Propounding Party (Charlie Ferrara).

18   Plaintiff, Diana Reed, bases the denial on the following facts (in addition to the

19   facts listed in the foraging): she had knowledge of what Charlie Ferrara looks

20   like.   At the 2/23/217 incident at the Lunada Bay Fort, Reed also saw the

21   Palos Verdes police walk up to Charles Ferrara, and called him by the name

22   of "Charlie" indicating their familiarity with him. Further, she also personally

23   taken the audio recording and observed the individual being recorded at the

24   time.

25          Defendant Charlie Ferrara, who is the son of Defendant Frank Ferrara,

26   admitted that generations of surfers have used intimidation and even violence

27   to   successfully   prevent   the   isolated   spot   from   becoming   a   crowded

28

-19-

13524251.1

destination. In the 13-minute recording of the conversation, Defendant Charlie Ferrara is heard saying:

1. "I can't tell you you can't be down here. I can't tell you you can't go surfing, but what I can do is I can make sure you don't have fun out there."

2. Echoing the words of his father to Surfer Magazine, he states: "if one person is "cool" and gets along, then "everyone gets along, and then it turns into Rincon and Malibu."

3. "My dad's 59 years old, for 59 years it's been like that; who are you to come here and change something, get me?" he said. "I'm sorry to say it like that, I'm not rude, but that's how they're looking at it, you know?"

There are numerous examples of the members of Lunada Bay Boys conspiring to harass and intimidate visiting surfers which are set forth in Plaintiffs' Supplemental Disclosures and previous discovery responses.

**INTERROGATORY NO. 14:**

If YOU denied any of the Requests for Admissions served by Propounding Party in this action, then for each Request for Admission denied, IDENTIFY all PERSONS with knowledge RELATING TO YOUR denial.

**RESPONSE TO INTERROGATORY NO. 14:**

Responding Party objects to this interrogatory as premature. Because this interrogatory seeks or necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a complete response at this time, nor is it required to do so.  See *Kmiec v. Powerwave Techs. Inc. et al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

13524251.1

1   *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see

2   also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

3   interrogatory need not be answered until designated discovery is complete,

4   or until a pretrial conference or some other time.").

5          Responding Party further objects to this interrogatory as unduly

6   burdensome, harassing, and duplicative of information disclosed in

7   Responding Party's Rule 26(a) disclosures and supplemental disclosures.

8   Propounding Party may look to Responding Party's Rule 26(a) disclosures

9   and supplemental disclosures for the information sought by this

10  interrogatory.  Moreover, Responding Party had the opportunity to depose

11  Ms. Reed on this topic.

12         Responding Party further objects to this interrogatory as compound.

13  This "interrogatory" contains multiple impermissible subparts, which

14  Propounding Party has propounded in an effort to circumvent the numerical

15  limitations on interrogatories provided by Federal Rule of Civil Procedure

16  33(a)(1).

17         Responding Party further objects to this interrogatory on the grounds

18  that it seeks information that is outside of Responding Party's knowledge.

19         Responding Party further objects to the extent that this interrogatory

20  invades attorney-client privilege and/or violates the work product doctrine by

21  compelling Responding Party to disclose privileged communications and/or

22  litigation strategy.  Responding Party will not provide any such information.

23         <u>Subject to and without waiver of the foregoing objections, Responding</u>

24  <u>Party responds as follows:</u>

25         The following Persons are identified to have knowledge of facts

26  supporting Plaintiff's denial of the Requests for Admissions Nos. 1-29, and

27  have information of the concerted efforts of the Bay Boys, are:

28

13524251.1

1    <u>Diana Reed</u> <u>Cory Spencer</u>:

2    • <u>Christopher Taloa</u>:

3    • <u>Jordan Wright</u>:

4    • <u>Ken Claypool</u>:

5    • <u>Andy MacHarg</u>:

6    • <u>Jason Gersch</u>:

7    Sef Krell

8    Geoff Hagins

9    Peter McCullom, David Hilton, Kelly Logan, Sang Lee

10   Officer Alex Gonzales

11   Jim Russi

12   David Hunt

13   Jen Bell

14   Chris Taloa

15   Plaintiffs

16   Michael Papayans,

17   Sang Lee,

18   Alan Johnston,

19   Charlie Ferrara,

20   David Melo

21   Ken Claypool

22   Chris Claypool

23   Jordan Wright

24   Jason Gretch

25       The request is premature. Because the defendants are refusing to

26   comply with their obligations to produce documents under the federal rules

27   and are impermissibly withholding evidence and/or possibly spoliating

28

13524251.1

1  evidence, we are not able to fully respond to discovery requests which

2  necessarily rely on our ability to fully investigate the facts. As discovery is

3  continuing, Reed reserves the right to update this response

4  **INTERROGATORY NO. 15:**

5     If YOU denied any of the Requests for Admissions served by

6  Propounding Party in this action, then for each Request for Admission

7  denied, IDENTIFY **all DOCUMENTS** RELATING TO YOUR denial.

8  **RESPONSE TO INTERROGATORY NO. 15:**

9     Responding Party objects to this interrogatory as premature. Because

10  this interrogatory seeks or necessarily relies upon a contention, and

11  because this matter is in its early stages and pretrial discovery has only just

12  begun, Responding Party is unable to provide a complete response at this

13  time, nor is it required to do so.  See *Kmiec v. Powerwave Techs. Inc. et al.*,

14  2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

15  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see

16  also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

17  interrogatory need not be answered until designated discovery is complete,

18  or until a pretrial conference or some other time.").

19     Responding Party further objects to this interrogatory as unduly

20  burdensome, harassing, and duplicative of information disclosed in

21  Responding Party's Rule 26(a) disclosures and supplemental disclosures.

22  Propounding Party may look to Responding Party's Rule 26(a) disclosures

23  and supplemental disclosures for the information sought by this

24  interrogatory.  Moreover, Responding Party had the opportunity to depose

25  Ms. Reed on this topic.

26     Responding Party further objects to this interrogatory as compound.

27  This "interrogatory" contains multiple impermissible subparts, which

28

-23-

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF INTERROGATORIES
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

1   Propounding Party has propounded in an effort to circumvent the numerical
2   limitations on interrogatories provided by Federal Rule of Civil Procedure
3   33(a)(1).
4        Responding Party further objects to this interrogatory on the grounds
5   that it seeks information that is outside of Responding Party's knowledge.
6        Responding Party further objects to the extent that this interrogatory
7   invades attorney-client privilege and/or violates the work product doctrine by
8   compelling Responding Party to disclose privileged communications and/or
9   litigation strategy.  Responding Party will not provide any such information.
10       Subject to and without waiver of the foregoing objections, Responding
11  Party responds as follows:
12  **Documents which relate to or support Plaintiff's denial of the Requests**
13  **for Admissions Nos. 1-29 are the following:**
14           ▪ DR- 95-0062,
15       o DR 95-031, and
16       o DR- 14-01520,
17       o "People Who Surf," December 1991 edition of Surfer Magazine,
18          March 1992 edition of Surfer Magazine,
19       o May 5, 1995 article published in the Easy Reader entitled "A Bay
20          Boy Explains localism: 'A Great Sense of Community here'
21       o 13-minute recording of the conversation, Defendant Charlie
22          Ferrara,
23       o Emails from Defendant Sang Lee and others that describe Bay
24          Boy tactics to keep outsiders and non-locals from surfing Lunada
25          Bay including emails dated 1/7/2011,1/8/2011,1/17/2011,
26       o Phone records from Defendant Sang Lee, Phone records from
27          Defendant Alan Johnston, and Declarations produced in support
28

-24-

Case No. 2:16-cv-02129-SJO (RAOx)

13524251.1

1    of plaintiff's motion for class certification.

2    The request is premature. Because the defendants are refusing to

3    comply with their obligations to produce documents under the federal rules

4    and are impermissibly withholding evidence and/or possibly spoilating

5    evidence, we are not able to fully respond to discovery requests which

6    necessarily rely on our ability to fully investigate the facts. As discovery is

7    continuing, Reed reserves the right to update this response.

8    **INTERROGATORY NO. 16:**

9    IDENTIFY the police officers YOU claim stated, "Hi, Charlie," to

10   Propounding Party on February 13, 2016 by the Lunada Bay rock fort.

11   **RESPONSE TO INTERROGATORY NO. 16:**

12   Responding Party objects to this interrogatory as premature. Because

13   this interrogatory seeks or necessarily relies upon a contention, and

14   because this matter is in its early stages and pretrial discovery has only just

15   begun, Responding Party is unable to provide a complete response at this

16   time, nor is it required to do so.  See *Kmiec v. Powerwave Techs. Inc. et al.*,

17   2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

18   *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see

19   also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

20   interrogatory need not be answered until designated discovery is complete,

21   or until a pretrial conference or some other time.").

22   Responding Party further objects to this interrogatory as unduly

23   burdensome, harassing, and duplicative of information disclosed in

24   Responding Party's Rule 26(a) disclosures and supplemental disclosures.

25   Propounding Party may look to Responding Party's Rule 26(a) disclosures

26   and supplemental disclosures for the information sought by this

27   interrogatory.  Moreover, Responding Party had the opportunity to depose

28

-25-

Case No. 2:16-cv-02129-SJO (RAOx)

13524251.1

Ms. Reed on this topic.

Responding Party further objects to this interrogatory on the grounds that it seeks information that is outside of Responding Party's knowledge.

Responding Party further objects to the extent that this interrogatory invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy.  Responding Party will not provide any such information.

<u>Subject to and without waiver of the foregoing objections, Responding Party responds as follows</u>: Not currently recalled, discovery is continuing.

**INTERROGATORY NO. 17:**

IDENTIFY the ELECTRONIC DEVICE YOU used to capture the audio recording YOU identified at Volume One, Page 18 of YOUR deposition taken in this matter on October 24, 2016. (A true and correct copy of Page 18, Volume One of YOUR deposition is attached hereto as Exhibit A.)

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Party objects to this interrogatory as premature. Because this interrogatory seeks or necessarily relies upon a contention, and because this matter is in its early stages and pretrial discovery has only just begun, Responding Party is unable to provide a complete response at this time, nor is it required to do so.  See *Kmiec v. Powerwave Techs. Inc. et al.*, 2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.").

Responding Party further objects to this interrogatory as unduly burdensome, harassing, and duplicative of information disclosed in Responding Party's

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

1  Rule 26(a) disclosures and supplemental disclosures. Propounding Party may

2  look to Responding Party's Rule 26(a) disclosures and supplemental

3  disclosures for the information sought by this interrogatory.   Moreover,

4  Responding Party had the opportunity to depose Ms. Reed on this topic.

5  Responding Party further objects to this interrogatory on the grounds that it

6  seeks information that is outside of Responding Party's knowledge.

7  Responding Party further objects to the extent that this interrogatory invades

8  attorney-client privilege and/or violates the work product doctrine by

9  compelling Responding Party to disclose privileged communications and/or

10 litigation strategy.   Responding Party will not provide any such privileged

11 information.

12      Subject to and without waiver of the foregoing objections, Responding

13 Party responds as follows: The recording at issue was made on Plaintiff's

14 personal cell phone.

15

16 DATED:  June 5, 2017                    OTTEN LAW, PC

17

18

19                              By:      /s/Victor Otten

20                                 VICTOR OTTEN
                                   KAVITA TEKCHANDANI
21                                 Attorneys for Plaintiffs
                                   CORY SPENCER, DIANA MILENA
22                                 REED, and COASTAL PROTECTION
                                   RANGERS, INC.
23

24

25

26

27

28

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF INTERROGATORIES
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

**PROOF OF SERVICE**
*Spencer, et al. v. Lunada Bay Boys, et al.*
**U.S.D.C. for the Central District of California**
**Case No. 2:16-cv-02129-SJO (RAOx)**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is: 3620 Pacific Coast Highway, Suite 100, Torrance, CA  90505.

On June 5, 2017, I served the original or a true copy of the following document(s) described as:

**PLAINTIFF DIANA MILENA REED'S RESPONSE TO THIRD SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CHARLIE FERRARA**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**X BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **June 5, 2017**, at Torrance, California.

/s/ Victor Otten
_____
Victor Otten

Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF INTERROGATORIES PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

1
2
3
4

**SERVICE LIST**
*Spencer, et al. v. Lunada Bay Boys, et al.*
U.S.D.C. for the Central District of California
Case No. 2:16-cv-02129-SJO (RAOx)

5   Robert T. Mackey, Esq.          *(Attorneys for Defendant BRANT*
    Peter H. Crossin, Esq.          *BLAKEMAN)*
6   Richard P. Dieffenbach, Esq.
    John P. Worgul, Esq.            (served original)
7   VEATCH CARLSON, LLP
    1055 Wilshire Blvd., 11th Floor
8   Los Angeles, CA  90017

9

10  Robert S. Cooper, Esq.          *(Attorneys for Defendant BRANT*
    BUCHALTER NEMER, APC            *BLAKEMAN)*
11  1000 Wilshire Blvd., Suite 1500
    Los Angeles, CA  90017          (served true copy)
12

13  J. Patrick Carey, Esq.          *(Attorney for Defendant ALAN*
14  LAW OFFICES OF                  *JOHNSTON a/k/a JALIAN*
     J. PATRICK CAREY               *JOHNSTON)*
15  1230 Rosecrans Ave., Suite 300
    Manhattan Beach, CA  90266      (served true copy)
16

17  Peter T. Haven, Esq.            *(Attorney for Defendant MICHAEL*
18  HAVEN LAW                       *RAY PAPAYANS)*
    1230 Rosecrans Ave., Suite 300
19  Manhattan Beach, CA  90266      (served true copy)

20

21  Dana Alden Fox, Esq.            *(Attorneys for Defendant SANG LEE)*
    Edward E. Ward, Jr., Esq.
22  Eric Y. Kizirian, Esq.          (served true copy)
    Tera Lutz, Esq.
23  LEWIS BRISBOIS
     BISGAARD & SMITH LLP
24  633 W. 5th Street, Suite 4000
    Los Angeles, CA  90071
25

26
27
28

-31-                                Case No. 2:16-cv-02129-SJO (RAOx)

13524251.1

1  Daniel M. Crowley, Esq.                    *(Attorneys for Defendant SANG LEE)*
2  BOOTH, MITCHEL &
     STRANGE LLP                              (served true copy)
3  707 Wilshire Blvd., Suite 4450
   Los Angeles, CA  90017
4

5  Mark C. Fields, Esq.                       *(Attorney for Defendant ANGELO*
   LAW OFFICES OF                             *FERRARA and Defendant N. F.*
6    MARK C. FIELDS, APC                      *appearing through Guardian Ad*
7  333 South Hope Street, 35th Floor          *Litem, Leonora Ferrara)*
   Los Angeles, CA  90071
8                                             (served true copy)

9  Thomas M. Phillip, Esq.                    *(Attorneys for Defendant ANGELO*
10 Aaron G. Miller, Esq.                      *FERRARA)*
   THE PHILLIPS FIRM
11 800 Wilshire Blvd., Suite 1550             (served true copy)
12 Los Angeles, CA  90017

13

14 Patrick Au, Esq.                           *(Attorneys for Defendants FRANK*
15 Laura L. Bell, Esq.                        *FERRARA and CHARLIE FERRARA)*
   BREMER WHYTE
16   BROWN & O'MEARA, LLP                     (served true copy)
17 21271 Burbank Blvd., Suite 110
   Woodland Hills, CA  91367
18

19 Edwin J. Richards, Esq.                    *(Attorneys for Defendants CITY OF*
   Antoinette P. Hewitt, Esq.                 *PALOS VERDES and CHIEF OF*
20 Rebecca L. Wilson, Esq.                    *POLICE JEFF KEPLEY)*
   Jacob Song, Esq.
21 Christopher D. Glos, Esq.                  (served true copy)
   KUTAK ROCK LLP
22 5 Park Plaza, Suite 1500
   Irvine, CA  92614-8595
23

24

25

26

27

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF INTERROGATORIES
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524251.1

1   HANSON BRIDGETT LLP
    KURT A. FRANKLIN, SBN 172715
2   kfranklin@hansonbridgett.com
    SAMANTHA WOLFF, SBN 240280
3   swolff@hansonbridgett.com
    JENNIFER ANIKO FOLDVARY, SBN 292216
4   jfoldvary@hansonbridgett.com
    425 Market Street, 26th Floor
5   San Francisco, California 94105
    Telephone: (415) 777-3200
6   Facsimile:  (415) 541-9366

7   HANSON BRIDGETT LLP
    TYSON M. SHOWER, SBN 190375
8   tshower@hansonbridgett.com
    LANDON D. BAILEY, SBN 240236
9   lbailey@hansonbridgett.com
    500 Capitol Mall, Suite 1500
10  Sacramento, California 95814
    Telephone: (916) 442-3333
11  Facsimile:  (916) 442-2348

12  OTTEN LAW, PC
    VICTOR OTTEN, SBN 165800
13  vic@ottenlawpc.com
    KAVITA TEKCHANDANI, SBN 234873
14  kavita@ottenlawpc.com
    3620 Pacific Coast Highway, #100
15  Torrance, California 90505
    Telephone: (310) 378-8533
16  Facsimile:  (310) 347-4225

17  Attorneys for Plaintiffs
    CORY SPENCER, DIANA MILENA
18  REED, and COASTAL PROTECTION
    RANGERS, INC.

19

20          **UNITED STATES DISTRICT COURT**

21   **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

22

23  CORY SPENCER, an individual;          CASE NO. 2:16-cv-02129-SJO (RAOx)
24  DIANA MILENA REED, an                 **PLAINTIFF DIANA MILENA REED'S**
    individual; and COASTAL               **RESPONSE TO SECOND SET OF**
25  PROTECTION RANGERS, INC., a           **REQUESTS FOR PRODUCTION**
                                          **PROPOUNDED BY DEFENDANT**
26  California non-profit public benefit  **CHARLIE FERRARA**
    corporation,
27
28              Plaintiffs,

Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524552.1

| | | Complaint Filed:   March 29, 2016 |
|---|---|---|
| 1 | v. | Trial Date:         November 7, 2017 |

2

3    LUNADA BAY BOYS; THE
     INDIVIDUAL MEMBERS OF THE
4    LUNADA BAY BOYS, including but
5    not limited to SANG LEE, BRANT
     BLAKEMAN, ALAN JOHNSTON
6    AKA JALIAN JOHNSTON,
7    MICHAEL RAE PAPAYANS,
     ANGELO FERRARA, FRANK
8    FERRARA, CHARLIE FERRARA,
9    and N. F.; CITY OF PALOS
     VERDES ESTATES; CHIEF OF
10   POLICE JEFF KEPLEY, in his
11   representative capacity; and DOES
     1-10,
12

13              Defendants.

14

15   PROPOUNDING PARTY: Defendant Charlie Ferrara

16   RESPONDING PARTY:   Plaintiff Diana Milena Reed

17   SET NO.:            Two

18         Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Diana Milena

19   Reed ("Responding Party") submits these responses and objections to the

20   Second Set of Requests for Production propounded by Defendant Charlie

21   Ferrara ("Propounding Party").

22                      **PRELIMINARY STATEMENT**

23         Nothing in this response should be construed as an admission by

24   Responding Party with respect to the admissibility or relevance of any fact or

25   document, or of the truth or accuracy of any characterization or statement of

26   any kind contained in Propounding Party's Requests for Production.

27   Responding Party has not completed her investigation of the facts relating to

28

13524552.1

1  this case, her discovery or her preparation for trial.  All responses and

2  objections contained herein are based only upon such information and such

3  documents that are presently available to and specifically known by

4  Responding Party.  It is anticipated that further discovery, independent

5  investigation, legal research and analysis will supply additional facts and add

6  meaning to known facts, as well as establish entirely new factual

7  conclusions and legal contentions, all of which may lead to substantial

8  additions to, changes in and variations from the responses set forth herein.

9  The following objections and responses are made without prejudice to

10  Responding Party's right to produce at trial, or otherwise, evidence

11  regarding any subsequently discovered documents.  Responding Party

12  accordingly reserves the right to modify and amend any and all responses

13  herein as research is completed and contentions are made.

14  **GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION**

15  Responding Party generally objects to the Requests for Production as

16  follows:

17  A.  Responding Party objects generally to the Requests for

18  Production to the extent that they seek to elicit information that is neither

19  relevant to the subject matter of this action, nor reasonably calculated to

20  lead to the discovery of admissible evidence;

21  B.  Responding Party objects generally to the Requests for

22  Production to the extent that they are unreasonably overbroad in scope, and

23  thus burdensome and oppressive, in that each such request seeks

24  information pertaining to items and matters that are not relevant to the

25  subject matter of this action, or, if relevant, so remote therefrom as to make

26  its disclosure of little or no practical benefit to Propounding Party, while

27  placing a wholly unwarranted burden and expense on Responding Party in

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524552.1

1  locating, reviewing and producing the requested information;

2      C.      Responding Party objects generally to the Requests for

3  Production to the extent that they are burdensome and oppressive, in that

4  ascertaining the information necessary to respond to them, and to produce

5  documents in accordance therewith, would require the review and

6  compilation of information from multiple locations, and voluminous records

7  and files, thereby involving substantial time of employees of Responding

8  Party and great expense to Responding Party, whereas the information

9  sought to be obtained by Propounding Party would be of little use or benefit

10  to Propounding Party;

11      D.      Responding Party objects generally to the Requests for

12  Production to the extent that they are vague, uncertain and overbroad, being

13  without limitation as to time or specific subject matter;

14      E.      Responding Party objects generally to the Requests for

15  Production to the extent that they seek information at least some of which is

16  protected by the attorney-client privilege or the attorney work-product

17  doctrine, or both;

18      F.      Responding Party objects generally to the Requests for

19  Production to the extent that they seek to have Plaintiff furnish information

20  and identify documents that are a matter of the public record, and therefore,

21  are equally available to the propounding party as they are to Responding

22  Party; and

23      G.      Responding Party objects generally to the Requests for

24  Production to the extent that they seek to have Responding Party furnish

25  information and identify documents that are proprietary to Responding Party

26  and contain confidential information.

27      Without waiver of the foregoing, Responding Party further responds as

28

-4-

13524552.1

1    follows:

2    **RESPONSES TO REQUESTS FOR PRODUCTION**

3    **REQUEST FOR PRODUCTION NO. 13:**

4         If YOUR response to Propounding Party's Request for Admission No.

5    3 was anything other than an unqualified admission, produce each and

6    every DOCUMENT RELATING TO said response.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

8         Responding Party objects to this request for production as premature.

9    Because this request for production necessarily relies upon a contention,

10    Responding Party is unable to provide a complete response at this time, nor

11    is it required to do so.

12         Responding Party further objects to this request on the grounds that it

13    violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

14    with reasonable particularity each item or category of items to be inspected."

15    Propounding Party's request for production does not describe an item or

16    category of items with reasonable particularity.

17         Responding Party further objects to the extent that this request for

18    production invades attorney-client privilege and/or violates the work product

19    doctrine by compelling Responding Party to disclose privileged

20    communications and/or litigation strategy.  Responding Party will not provide

21    any such privileged information.

22         Responding Party further objects to this request on the grounds that

23    this information is equally available to the Requesting Party, and some of the

24    documents are publically available.

25         Subject to and without waiver of the foregoing objections, Responding

26    Party responds as follows:

27         Responding Party directs the Defendant to Plaintiff's previous

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524552.1

productions. For any responsive documents, not already produced in Plaintiff's prior discovery responses, Plaintiff is producing such documents. (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

Additionally, Responding Party notes that discovery is ongoing, and this contention-based interrogatory is poorly defined and premature.  Thus, Responding Party reserves the right to amend this response at the appropriate time in the future if necessary.

**REQUEST FOR PRODUCTION NO. 14:**

If YOUR response to Propounding Party's Request for Admission No. 6 was anything other than an unqualified admission, produce each and every DOCUMENT RELATING TO said response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party objects to this request for production as premature. Because this request for production necessarily relies upon a contention, Responding Party is unable to provide a complete response at this time, nor is it required to do so.

Responding Party further objects to this request on the grounds that it violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with reasonable particularity each item or category of items to be inspected." Propounding Party's request for production does not describe an item or category of items with reasonable particularity.

Responding Party further objects to the extent that this request for production invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy.  Responding Party will not provide any such privileged information.

1    Responding Party further objects to this request on the grounds that

2  this information is equally available to the Requesting Party, and some of the

3  documents are publically available.

4    Subject to and without waiver of the foregoing objections, Responding

5  Party responds as follows:

6    Responding Party directs the Defendant to Plaintiff's previous

7  productions. For any responsive documents, not already produced in

8  Plaintiff's prior discovery responses, Plaintiff is producing such documents.

9  (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

10    Additionally, Responding Party notes that discovery is ongoing, and

11  this contention-based interrogatory is poorly defined and premature.  Thus,

12  Responding Party reserves the right to amend this response at the

13  appropriate time in the future if necessary.

14

15  **REQUEST FOR PRODUCTION NO. 15:**

16    If YOUR response to Propounding Party's Request for Admission No.

17  9 was anything other than an unqualified admission, produce each and

18  every DOCUMENT RELATING TO said response.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

20    Responding Party objects to this request for production as premature.

21  Because this request for production necessarily relies upon a contention,

22  Responding Party is unable to provide a complete response at this time, nor

23  is it required to do so.

24    Responding Party further objects to this request on the grounds that it

25  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

26  with reasonable particularity each item or category of items to be inspected."

27  Propounding Party's request for production does not describe an item or

28

-7-

13524552.1

1  category of items with reasonable particularity.

2  Responding Party further objects to the extent that this request for

3  production invades attorney-client privilege and/or violates the work product

4  doctrine by compelling Responding Party to disclose privileged

5  communications and/or litigation strategy.  Responding Party will not provide

6  any such privileged information.

7  Responding Party further objects to this request on the grounds that

8  this information is equally available to the Requesting Party, and some of the

9  documents are publically available.

10  Subject to and without waiver of the foregoing objections, Responding

11  Party responds as follows:

12  Responding Party directs the Defendant to Plaintiff's previous

13  productions. For any responsive documents, not already produced in

14  Plaintiff's prior discovery responses, Plaintiff is producing such documents.

15  (Responsive documents are collectively attached hereto as Exhibit A).

16  Additionally, Responding Party notes that discovery is ongoing, and

17  this contention-based interrogatory is poorly defined and premature.  Thus,

18  Responding Party reserves the right to amend this response at the

19  appropriate time in the future if necessary.

20

21  **REQUEST FOR PRODUCTION NO. 16:**

22  If YOUR response to Propounding Party's Request for Admission No.

23  12 was anything other than an unqualified admission, produce each and

24  every DOCUMENT RELATING TO said response.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

26  Responding Party objects to this request for production as premature.

27  Because this request for production necessarily relies upon a contention,

28

13524552.1

1  Responding Party is unable to provide a complete response at this time, nor

2  is it required to do so.

3      Responding Party further objects to this request on the grounds that it

4  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

5  with reasonable particularity each item or category of items to be inspected."

6  Propounding Party's request for production does not describe an item or

7  category of items with reasonable particularity.

8      Responding Party further objects to the extent that this request for

9  production invades attorney-client privilege and/or violates the work product

10 doctrine by compelling Responding Party to disclose privileged

11 communications and/or litigation strategy.  Responding Party will not provide

12 any such privileged information.

13     Responding Party further objects to this request on the grounds that

14 this information is equally available to the Requesting Party, and some of the

15 documents are publically available.

16     Subject to and without waiver of the foregoing objections, Responding

17 Party responds as follows:

18     Responding Party directs the Defendant to Plaintiff's previous

19 productions. For any responsive documents, not already produced in

20 Plaintiff's prior discovery responses, Plaintiff is producing such documents.

21 (Responsive documents are collectively attached hereto as Exhibit A).

22      Additionally, Responding Party notes that discovery is ongoing, and

23 this contention-based interrogatory is poorly defined and premature.  Thus,

24 Responding Party reserves the right to amend this response at the

25 appropriate time in the future if necessary.

26

27

28

Case No. 2:16-cv-02129-SJO (RAOx)

13524552.1

**REQUEST FOR PRODUCTION NO. 17:**

If YOUR response to Propounding Party's Request for Admission No. 15 was anything other than an unqualified admission, produce each and every DOCUMENT RELATING TO said response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding Party objects to this request for production as premature. Because this request for production necessarily relies upon a contention, Responding Party is unable to provide a complete response at this time, nor is it required to do so.

Responding Party further objects to this request on the grounds that it violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with reasonable particularity each item or category of items to be inspected." Propounding Party's request for production does not describe an item or category of items with reasonable particularity.

Responding Party further objects to the extent that this request for production invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy.  Responding Party will not provide any such privileged information.

Responding Party further objects to this request on the grounds that this information is equally available to the Requesting Party, and some of the documents are publically available.

Subject to and without waiver of the foregoing objections, Responding Party responds as follows:

Responding Party directs the Defendant to Plaintiff's previous productions. For any responsive documents, not already produced in Plaintiff's prior discovery responses, Plaintiff is producing such documents.

13524552.1

1  (Responsive documents are collectively attached hereto as Exhibit A).

2       Additionally, Responding Party notes that discovery is ongoing, and

3  this contention-based interrogatory is poorly defined and premature.  Thus,

4  Responding Party reserves the right to amend this response at the

5  appropriate time in the future if necessary.

6

7  **REQUEST FOR PRODUCTION NO. 18:**

8       If YOUR response to Propounding Party's Request for Admission No.

9  16 was anything other than an unqualified admission, produce each and

10  every. DOCUMENT RELATING TO said response.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

12      Responding Party objects to this request for production as premature.

13  Because this request for production necessarily relies upon a contention,

14  Responding Party is unable to provide a complete response at this time, nor

15  is it required to do so.

16      Responding Party further objects to this request on the grounds that it

17  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

18  with reasonable particularity each item or category of items to be inspected."

19  Propounding Party's request for production does not describe an item or

20  category of items with reasonable particularity.

21      Responding Party further objects to the extent that this request for

22  production invades attorney-client privilege and/or violates the work product

23  doctrine by compelling Responding Party to disclose privileged

24  communications and/or litigation strategy.  Responding Party will not provide

25  any such privileged information.

26      Responding Party further objects to this request on the grounds that

27  this information is equally available to the Requesting Party, and some of the

28

-11-

13524552.1

1  documents are publically available.

2      Subject to and without waiver of the foregoing objections, Responding

3  Party responds as follows:

4      Responding Party directs the Defendant to Plaintiff's previous

5  productions. For any responsive documents, not already produced in

6  Plaintiff's prior discovery responses, Plaintiff is producing such documents.

7  (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

8      Additionally, Responding Party notes that discovery is ongoing, and

9  this contention-based interrogatory is poorly defined and premature.  Thus,

10  Responding Party reserves the right to amend this response at the

11  appropriate time in the future if necessary.

12

13  **REQUEST FOR PRODUCTION NO. 19:**

14      If YOUR response to Propounding Party's Request for Admission No.

15  17 was anything other than an unqualified admission, produce each and

16  every DOCUMENT RELATING TO said response.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

18      Responding Party objects to this request for production as premature.

19  Because this request for production necessarily relies upon a contention,

20  Responding Party is unable to provide a complete response at this time, nor

21  is it required to do so.

22      Responding Party further objects to this request on the grounds that it

23  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

24  with reasonable particularity each item or category of items to be inspected."

25  Propounding Party's request for production does not describe an item or

26  category of items with reasonable particularity.

27      Responding Party further objects to the extent that this request for

28

13524552.1

1  production invades attorney-client privilege and/or violates the work product

2  doctrine by compelling Responding Party to disclose privileged

3  communications and/or litigation strategy.  Responding Party will not provide

4  any such privileged information.

5        Responding Party further objects to this request on the grounds that

6  this information is equally available to the Requesting Party, and some of the

7  documents are publically available.

8        Subject to and without waiver of the foregoing objections, Responding

9  Party responds as follows:

10        Responding Party directs the Defendant to Plaintiff's previous

11  productions. For any responsive documents, not already produced in

12  Plaintiff's prior discovery responses, Plaintiff is producing such documents.

13  (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

14        Additionally, Responding Party notes that discovery is ongoing, and

15  this contention-based interrogatory is poorly defined and premature.  Thus,

16  Responding Party reserves the right to amend this response at the

17  appropriate time in the future if necessary.

18

19  **REQUEST FOR PRODUCTION NO. 20:**

20        If YOUR response to Propounding Party's Request for Admission No.

21  18 was anything other than an unqualified admission, produce each and

22  every DOCUMENT RELATING TO said response.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

24        Responding Party objects to this request for production as premature.

25  Because this request for production necessarily relies upon a contention,

26  Responding Party is unable to provide a complete response at this time, nor

27  is it required to do so.

28

13524552.1

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

1    Responding Party further objects to this request on the grounds that it

2  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

3  with reasonable particularity each item or category of items to be inspected."

4  Propounding Party's request for production does not describe an item or

5  category of items with reasonable particularity.

6    Responding Party further objects to the extent that this request for

7  production invades attorney-client privilege and/or violates the work product

8  doctrine by compelling Responding Party to disclose privileged

9  communications and/or litigation strategy.  Responding Party will not provide

10  any such privileged information.

11    Responding Party further objects to this request on the grounds that

12  this information is equally available to the Requesting Party, and some of the

13  documents are publically available.

14    Subject to and without waiver of the foregoing objections, Responding

15  Party responds as follows:

16    Responding Party directs the Defendant to Plaintiff's previous

17  productions. For any responsive documents, not already produced in

18  Plaintiff's prior discovery responses, Plaintiff is producing such documents.

19  (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

20    Additionally, Responding Party notes that discovery is ongoing, and

21  this contention-based interrogatory is poorly defined and premature.  Thus,

22  Responding Party reserves the right to amend this response at the

23  appropriate time in the future if necessary.

24

25  **REQUEST FOR PRODUCTION NO. 21:**

26    If YOUR response to Propounding Party's Request for Admission No.

27  19 was anything other than an unqualified admission, produce each and

28

-14-

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

1 | every DOCUMENT RELATING to said response.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

3 |     Responding Party objects to this request for production as premature.

4 | Because this request for production necessarily relies upon a contention,

5 | Responding Party is unable to provide a complete response at this time, nor

6 | is it required to do so.

7 |     Responding Party further objects to this request on the grounds that it

8 | violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

9 | with reasonable particularity each item or category of items to be inspected."

10 | Propounding Party's request for production does not describe an item or

11 | category of items with reasonable particularity.

12 |     Responding Party further objects to the extent that this request for

13 | production invades attorney-client privilege and/or violates the work product

14 | doctrine by compelling Responding Party to disclose privileged

15 | communications and/or litigation strategy.  Responding Party will not provide

16 | any such privileged information.

17 |     Responding Party further objects to this request on the grounds that

18 | this information is equally available to the Requesting Party, and some of the

19 | documents are publically available.

20 |     Subject to and without waiver of the foregoing objections, Responding

21 | Party responds as follows:

22 |     Responding Party directs the Defendant to Plaintiff's previous

23 | productions. For any responsive documents, not already produced in

24 | Plaintiff's prior discovery responses, Plaintiff is producing such documents.

25 | (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

26 |     Additionally, Responding Party notes that discovery is ongoing, and

27 | this contention-based interrogatory is poorly defined and premature.  Thus,

28 |

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524552.1

1 Responding Party reserves the right to amend this response at the

2 appropriate time in the future if necessary.

3

4 **REQUEST FOR PRODUCTION NO. 22:**

5      If YOUR response to Propounding Party's Request for Admission No.

6 20 was anything other than an unqualified admission, produce each and

7 every DOCUMENT RELATING TO said response.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

9      Responding Party objects to this request for production as premature.

10 Because this request for production necessarily relies upon a contention,

11 Responding Party is unable to provide a complete response at this time, nor

12 is it required to do so.

13      Responding Party further objects to this request on the grounds that it

14 violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

15 with reasonable particularity each item or category of items to be inspected."

16 Propounding Party's request for production does not describe an item or

17 category of items with reasonable particularity.

18      Responding Party further objects to the extent that this request for

19 production invades attorney-client privilege and/or violates the work product

20 doctrine by compelling Responding Party to disclose privileged

21 communications and/or litigation strategy.  Responding Party will not provide

22 any such privileged information.

23      Responding Party further objects to this request on the grounds that

24 this information is equally available to the Requesting Party, and some of the

25 documents are publically available.

26      Subject to and without waiver of the foregoing objections, Responding

27 Party responds as follows:

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524552.1

1     Responding Party directs the Defendant to Plaintiff's previous

2 productions. For any responsive documents, not already produced in

3 Plaintiff's prior discovery responses, Plaintiff is producing such documents.

4 (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

5     Additionally, Responding Party notes that discovery is ongoing, and

6 this contention-based interrogatory is poorly defined and premature.  Thus,

7 Responding Party reserves the right to amend this response at the

8 appropriate time in the future if necessary.

9

10 **REQUEST FOR PRODUCTION NO. 23:**

11     If YOUR response to Propounding Party's Request for Admission No.

12 21 was anything other than an unqualified admission, produce each and

13 every DOCUMENT RELATING TO said response.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

15     Responding Party objects to this request for production as premature.

16 Because this request for production necessarily relies upon a contention,

17 Responding Party is unable to provide a complete response at this time, nor

18 is it required to do so.

19     Responding Party further objects to this request on the grounds that it

20 violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

21 with reasonable particularity each item or category of items to be inspected."

22 Propounding Party's request for production does not describe an item or

23 category of items with reasonable particularity.

24     Responding Party further objects to the extent that this request for

25 production invades attorney-client privilege and/or violates the work product

26 doctrine by compelling Responding Party to disclose privileged

27 communications and/or litigation strategy.  Responding Party will not provide

28

1  any such privileged information.

2      Responding Party further objects to this request on the grounds that

3  this information is equally available to the Requesting Party, and some of the

4  documents are publically available.

5      Subject to and without waiver of the foregoing objections, Responding

6  Party responds as follows:

7      Responding Party directs the Defendant to Plaintiff's previous

8  productions. For any responsive documents, not already produced in

9  Plaintiff's prior discovery responses, Plaintiff is producing such documents.

10  (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

11      Additionally, Responding Party notes that discovery is ongoing, and

12  this contention-based interrogatory is poorly defined and premature.  Thus,

13  Responding Party reserves the right to amend this response at the

14  appropriate time in the future if necessary.

15

16  **REQUEST FOR PRODUCTION NO. 24:**

17      If YOUR response to Propounding Party's Request for Admission No.

18  22 was anything other than an unqualified admission, produce each and

19  every DOCUMENT RELATING TO said response.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

21      Responding Party objects to this request for production as premature.

22  Because this request for production necessarily relies upon a contention,

23  Responding Party is unable to provide a complete response at this time, nor

24  is it required to do so.

25      Responding Party further objects to this request on the grounds that it

26  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

27  with reasonable particularity each item or category of items to be inspected."

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524552.1

1    Propounding Party's request for production does not describe an item or

2    category of items with reasonable particularity.

3         Responding Party further objects to the extent that this request for

4    production invades attorney-client privilege and/or violates the work product

5    doctrine by compelling Responding Party to disclose privileged

6    communications and/or litigation strategy.  Responding Party will not provide

7    any such privileged information.

8         Responding Party further objects to this request on the grounds that

9    this information is equally available to the Requesting Party, and some of the

10   documents are publically available.

11        Subject to and without waiver of the foregoing objections, Responding

12   Party responds as follows:

13        Responding Party directs the Defendant to Plaintiff's previous

14   productions. For any responsive documents, not already produced in

15   Plaintiff's prior discovery responses, Plaintiff is producing such documents.

16   (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

17        Additionally, Responding Party notes that discovery is ongoing, and

18   this contention-based interrogatory is poorly defined and premature.  Thus,

19   Responding Party reserves the right to amend this response at the

20   appropriate time in the future if necessary.

21

22   **REQUEST FOR PRODUCTION NO. 25:**

23        If YOUR response to Propounding Party's Request for Admission No.

24   23 was anything other than an unqualified admission, produce each and

25   every DOCUMENT RELATING TO said response.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

27        Responding Party objects to this request for production as premature.

28

-19-                          Case No. 2:16-cv-02129-SJO (RAOx)

13524552.1

1  Because this request for production necessarily relies upon a contention,
2  Responding Party is unable to provide a complete response at this time, nor
3  is it required to do so.

4  Responding Party further objects to this request on the grounds that it
5  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe
6  with reasonable particularity each item or category of items to be inspected."
7  Propounding Party's request for production does not describe an item or
8  category of items with reasonable particularity.

9  Responding Party further objects to the extent that this request for
10  production invades attorney-client privilege and/or violates the work product
11  doctrine by compelling Responding Party to disclose privileged
12  communications and/or litigation strategy.  Responding Party will not provide
13  any such privileged information.

14  Responding Party further objects to this request on the grounds that
15  this information is equally available to the Requesting Party, and some of the
16  documents are publically available.

17  Subject to and without waiver of the foregoing objections, Responding
18  Party responds as follows:

19  Responding Party directs the Defendant to Plaintiff's previous
20  productions. For any responsive documents, not already produced in
21  Plaintiff's prior discovery responses, Plaintiff is producing such documents.
22  (Responsive documents are collectively attached hereto as Exhibit A).

23  Additionally, Responding Party notes that discovery is ongoing, and
24  this contention-based interrogatory is poorly defined and premature.  Thus,
25  Responding Party reserves the right to amend this response at the
26  appropriate time in the future if necessary.

27
28

-20-

13524552.1

**REQUEST FOR PRODUCTION NO. 26:**

If YOUR response to Propounding Party's Request for Admission No. 24 was anything other than an unqualified admission, produce each and every DOCUMENT RELATING TO said response.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Responding Party objects to this request for production as premature. Because this request for production necessarily relies upon a contention, Responding Party is unable to provide a complete response at this time, nor is it required to do so.

Responding Party further objects to this request on the grounds that it violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe with reasonable particularity each item or category of items to be inspected." Propounding Party's request for production does not describe an item or category of items with reasonable particularity.

Responding Party further objects to the extent that this request for production invades attorney-client privilege and/or violates the work product doctrine by compelling Responding Party to disclose privileged communications and/or litigation strategy.  Responding Party will not provide any such privileged information.

Responding Party further objects to this request on the grounds that this information is equally available to the Requesting Party, and some of the documents are publically available.

Subject to and without waiver of the foregoing objections, Responding Party responds as follows:

Responding Party directs the Defendant to Plaintiff's previous productions. For any responsive documents, not already produced in Plaintiff's prior discovery responses, Plaintiff is producing such documents.

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524552.1

1  (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

2        Additionally, Responding Party notes that discovery is ongoing, and

3  this contention-based interrogatory is poorly defined and premature.  Thus,

4  Responding Party reserves the right to amend this response at the

5  appropriate time in the future if necessary.

6

7  **REQUEST FOR PRODUCTION NO. 27:**

8        If YOUR response to Propounding Party's Request for Admission No.

9  25 was anything other than an unqualified admission, produce each and

10  every DOCUMENT RELATING TO said response.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

12        Responding Party objects to this request for production as premature.

13  Because this request for production necessarily relies upon a contention,

14  Responding Party is unable to provide a complete response at this time, nor

15  is it required to do so.

16        Responding Party further objects to this request on the grounds that it

17  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

18  with reasonable particularity each item or category of items to be inspected."

19  Propounding Party's request for production does not describe an item or

20  category of items with reasonable particularity.

21        Responding Party further objects to the extent that this request for

22  production invades attorney-client privilege and/or violates the work product

23  doctrine by compelling Responding Party to disclose privileged

24  communications and/or litigation strategy.  Responding Party will not provide

25  any such privileged information.

26        Responding Party further objects to this request on the grounds that

27  this information is equally available to the Requesting Party, and some of the

28

Case No. 2:16-cv-02129-SJO (RAOx)

13524552.1

1    documents are publically available.

2       Subject to and without waiver of the foregoing objections, Responding

3   Party responds as follows:

4       Responding Party directs the Defendant to Plaintiff's previous

5   productions. For any responsive documents, not already produced in

6   Plaintiff's prior discovery responses, Plaintiff is producing such documents.

7   (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

8       Additionally, Responding Party notes that discovery is ongoing, and

9   this contention-based interrogatory is poorly defined and premature.  Thus,

10   Responding Party reserves the right to amend this response at the

11   appropriate time in the future if necessary.

12

13   **REQUEST FOR PRODUCTION NO. 28:**

14       If YOUR response to Propounding Party's Request for Admission No.

15   26 was anything other than an unqualified admission, produce each and

16   every DOCUMENT RELATING TO said response.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

18       Responding Party objects to this request for production as premature.

19   Because this request for production necessarily relies upon a contention,

20   Responding Party is unable to provide a complete response at this time, nor

21   is it required to do so.

22       Responding Party further objects to this request on the grounds that it

23   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

24   with reasonable particularity each item or category of items to be inspected."

25   Propounding Party's request for production does not describe an item or

26   category of items with reasonable particularity.

27       Responding Party further objects to the extent that this request for

28

-23-

Case No. 2:16-cv-02129-SJO (RAOx)

13524552.1

1 production invades attorney-client privilege and/or violates the work product

2 doctrine by compelling Responding Party to disclose privileged

3 communications and/or litigation strategy.  Responding Party will not provide

4 any such privileged information.

5      Responding Party further objects to this request on the grounds that

6 this information is equally available to the Requesting Party, and some of the

7 documents are publically available.

8      Subject to and without waiver of the foregoing objections, Responding

9 Party responds as follows:

10      Responding Party directs the Defendant to Plaintiff's previous

11 productions. For any responsive documents, not already produced in

12 Plaintiff's prior discovery responses, Plaintiff is producing such documents.

13 (Responsive documents are collectively attached hereto as <u>Exhibit A</u>).

14       Additionally, Responding Party notes that discovery is ongoing, and

15 this contention-based interrogatory is poorly defined and premature.  Thus,

16 Responding Party reserves the right to amend this response at the

17 appropriate time in the future if necessary.

18

19 **<u>REQUEST FOR PRODUCTION NO. 29</u>:**

20      If YOUR response to Propounding Party's Request for Admission No.

21 27 was anything other than an unqualified admission, produce each and

22 every DOCUMENT RELATING TO said response.

23 **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 29</u>:**

24

25      Responding Party objects to this request for production as premature.

26 Because this request for production necessarily relies upon a contention,

27 Responding Party is unable to provide a complete response at this time, nor

28

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524552.1

1   is it required to do so.

2      Responding Party further objects to this request on the grounds that it

3   violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

4   with reasonable particularity each item or category of items to be inspected."

5   Propounding Party's request for production does not describe an item or

6   category of items with reasonable particularity.

7      Responding Party further objects to the extent that this request for

8   production invades attorney-client privilege and/or violates the work product

9   doctrine by compelling Responding Party to disclose privileged

10  communications and/or litigation strategy.  Responding Party will not provide

11  any such privileged information.

12     Responding Party further objects to this request on the grounds that

13  this information is equally available to the Requesting Party, and some of the

14  documents are publically available.

15     Subject to and without waiver of the foregoing objections, Responding

16  Party responds as follows:

17     Responding Party directs the Defendant to Plaintiff's previous

18  productions. For any responsive documents, not already produced in

19  Plaintiff's prior discovery responses, Plaintiff is producing such documents.

20  (Responsive documents are collectively attached hereto as Exhibit A).

21      Additionally, Responding Party notes that discovery is ongoing, and

22  this contention-based interrogatory is poorly defined and premature.  Thus,

23  Responding Party reserves the right to amend this response at the

24  appropriate time in the future if necessary.

25  **REQUEST FOR PRODUCTION NO. 30:**

26     If YOUR response to Propounding Party's Request for Admission No.

27  28 was anything other than an unqualified admission, produce each and

28

-25-

Case No. 2:16-cv-02129-SJO (RAOx)

1 | every DOCUMENT RELATING TO said response.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

3 |     Responding Party objects to this request for production as premature.

4 | Because this request for production necessarily relies upon a contention,

5 | Responding Party is unable to provide a complete response at this time, nor

6 | is it required to do so.

7 |     Responding Party further objects to this request on the grounds that it

8 | violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

9 | with reasonable particularity each item or category of items to be inspected."

10 | Propounding Party's request for production does not describe an item or

11 | category of items with reasonable particularity.

12 |     Responding Party further objects to the extent that this request for

13 | production invades attorney-client privilege and/or violates the work product

14 | doctrine by compelling Responding Party to disclose privileged

15 | communications and/or litigation strategy.  Responding Party will not provide

16 | any such privileged information.

17 |     Responding Party further objects to this request on the grounds that

18 | this information is equally available to the Requesting Party, and some of the

19 | documents are publically available.

20 |     Subject to and without waiver of the foregoing objections, Responding

21 | Party responds as follows:

22 |     Responding Party directs the Defendant to Plaintiff's previous

23 | productions. For any responsive documents, not already produced in

24 | Plaintiff's prior discovery responses, Plaintiff is producing such documents.

25 | (Responsive documents are collectively attached hereto as Exhibit A).

26 |     Additionally, Responding Party notes that discovery is ongoing, and

27 | this contention-based interrogatory is poorly defined and premature.  Thus,

28 |

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524552.1

1  Responding Party reserves the right to amend this response at the

2  appropriate time in the future if necessary.

3  **REQUEST FOR PRODUCTION NO. 31:**

4      If YOUR response to Propounding Party's Request for Admission No.

5  29 was anything other than an unqualified admission, produce each and

6  every DOCUMENT RELATING TO said response.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

8      Responding Party objects to this request for production as premature.

9  Because this request for production necessarily relies upon a contention,

10  Responding Party is unable to provide a complete response at this time, nor

11  is it required to do so.

12      Responding Party further objects to this request on the grounds that it

13  violates Federal Rule of Civil Procedure 34(b)(1)(A) by failing to "describe

14  with reasonable particularity each item or category of items to be inspected."

15  Propounding Party's request for production does not describe an item or

16  category of items with reasonable particularity.

17      Responding Party further objects to the extent that this request for

18  production invades attorney-client privilege and/or violates the work product

19  doctrine by compelling Responding Party to disclose privileged

20  communications and/or litigation strategy.  Responding Party will not provide

21  any such privileged information.

22      Responding Party further objects to this request on the grounds that

23  this information is equally available to the Requesting Party, and some of the

24  documents are publically available.

25      Subject to and without waiver of the foregoing objections, Responding

26  Party responds as follows:

27      Responding Party directs the Defendant to Plaintiff's previous

28

-27-

1 productions. For any responsive documents, not already produced in
2 Plaintiff's prior discovery responses, Plaintiff is producing such documents.
3 (Responsive documents are collectively attached hereto as Exhibit A).

4       Additionally, Responding Party notes that discovery is ongoing, and
5 this contention-based interrogatory is poorly defined and premature.  Thus,
6 Responding Party reserves the right to amend this response at the
7 appropriate time in the future if necessary.

8
9 DATED:  May 31, 2017           OTTEN LAW, PC

10

11

12          By:    */s/Victor Otten*
13          VICTOR OTTEN
14          KAVITA TEKCHANDANI
         Attorneys for Plaintiffs
15          CORY SPENCER, DIANA MILENA
16          REED, and COASTAL PROTECTION
         RANGERS, INC.

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524552.1

1

## PROOF OF SERVICE
### *Spencer, et al. v. Lunada Bay Boys, et al.*
**U.S.D.C. for the Central District of California**
**Case No. 2:16-cv-02129-SJO (RAOx)**

2

3

4

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

5

    At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is: 3620 Pacific Coast Highway, Suite 100, Torrance, CA  90505.

6

7

    On June 5, 2017, I served the original or a true copy of the following document(s) described as:

8

9

**PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT CHARLIE FERRARA**

10

11

on the interested parties in this action as follows:

12

### SEE ATTACHED SERVICE LIST

13

14

    **X BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

15

16

17

18

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

19

20

    Executed on **June 5, 2017**, at Torrance, California.

21

22

23

*/s/ Victor Otten*
_____

Victor Otten

24

25

26

27

28

-29-

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524552.1

1

## SERVICE LIST
*Spencer, et al. v. Lunada Bay Boys, et al.*
U.S.D.C. for the Central District of California
Case No. 2:16-cv-02129-SJO (RAOx)

2

3

4

5   Robert T. Mackey, Esq.            *(Attorneys for Defendant BRANT*
    Peter H. Crossin, Esq.            *BLAKEMAN)*
6   Richard P. Dieffenbach, Esq.
    John P. Worgul, Esq.              (served original)
7   VEATCH CARLSON, LLP
    1055 Wilshire Blvd., 11th Floor
8   Los Angeles, CA  90017

9

10  Robert S. Cooper, Esq.            *(Attorneys for Defendant BRANT*
    BUCHALTER NEMER, APC              *BLAKEMAN)*
11  1000 Wilshire Blvd., Suite 1500
    Los Angeles, CA  90017           (served true copy)
12

13  J. Patrick Carey, Esq.           *(Attorney for Defendant ALAN*
14  LAW OFFICES OF                   *JOHNSTON a/k/a JALIAN*
     J. PATRICK CAREY                *JOHNSTON)*
15  1230 Rosecrans Ave., Suite 300
    Manhattan Beach, CA  90266       (served true copy)
16

17  Peter T. Haven, Esq.             *(Attorney for Defendant MICHAEL*
18  HAVEN LAW                        *RAY PAPAYANS)*
    1230 Rosecrans Ave., Suite 300
19  Manhattan Beach, CA  90266       (served true copy)

20

21  Dana Alden Fox, Esq.             *(Attorneys for Defendant SANG LEE)*
    Edward E. Ward, Jr., Esq.
22  Eric Y. Kizirian, Esq.           (served true copy)
    Tera Lutz, Esq.
23  LEWIS BRISBOIS
     BISGAARD & SMITH LLP
24  633 W. 5th Street, Suite 4000
    Los Angeles, CA  90071
25

26

27

28

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524552.1

1    Daniel M. Crowley, Esq.     *(Attorneys for Defendant SANG LEE)*
      BOOTH, MITCHEL &
2      STRANGE LLP     (served true copy)
      707 Wilshire Blvd., Suite 4450
3     Los Angeles, CA  90017

4

5    Mark C. Fields, Esq.      *(Attorney for Defendant ANGELO*
     LAW OFFICES OF       *FERRARA and Defendant N. F.*
6      MARK C. FIELDS, APC   *appearing through Guardian Ad*
     333 South Hope Street, 35th Floor  *Litem, Leonora Ferrara)*
7    Los Angeles, CA  90071

8                            (served true copy)

9

10   Thomas M. Phillip, Esq.    *(Attorneys for Defendant ANGELO*
     Aaron G. Miller, Esq.      *FERRARA)*
11   THE PHILLIPS FIRM
     800 Wilshire Blvd., Suite 1550   (served true copy)
12   Los Angeles, CA  90017

13

14   Patrick Au, Esq.        *(Attorneys for Defendants FRANK*
     Laura L. Bell, Esq.       *FERRARA and CHARLIE FERRARA)*
15   BREMER WHYTE
     BROWN & O'MEARA, LLP   (served true copy)
16   21271 Burbank Blvd., Suite 110
     Woodland Hills, CA  91367
17

18

19   Edwin J. Richards, Esq.    *(Attorneys for Defendants CITY OF*
     Antoinette P. Hewitt, Esq.    *PALOS VERDES and CHIEF OF*
20   Rebecca L. Wilson, Esq.    *POLICE JEFF KEPLEY)*
     Jacob Song, Esq.
21   Christopher D. Glos, Esq.   (served true copy)
     KUTAK ROCK LLP
22   5 Park Plaza, Suite 1500
     Irvine, CA  92614-8595
23

24

25

26

27

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S RESPONSE TO SECOND SET OF REQUESTS FOR PRODUCTION
PROPOUNDED BY DEFENDANT CHARLIE FERRARA

13524552.1

# Exhibit X

Atkinson-Baker Court Reporters
www.depo.com

1              UNITED STATES DISTRICT COURT

2            CENTRAL DISTRICT OF CALIFORNIA

3                WESTERN DIVISION

4                  - - -

5  CORY SPENCER, AN INDIVIDUAL;   )
    DIANA MILENA REED, AN        )
6  INDIVIDUAL; AND COASTAL      )
    PROTECTION RANGERS, INC.,    )
7  A CALIFORNIA NON-PROFIT PUBLIC )
    BENEFIT CORPORATION,        )
8                       )
            Plaintiffs,    )
9                       )
      vs.               ) No.:  2:16-cv-02129-SJO
10                    )      (RAOx)
    LUNADA BAY BOYS; THE INDIVIDUAL )
11  MEMBERS OF THE LUNADA BAY BOYS, )
    INCLUDING BUT NOT LIMITED TO   )
12  SANG LEE, BRANT BLAKEMAN, ALAN )
    JOHNSTON AKA JALIAN JOHNSTON,  )
13  MICHAEL RAE PAPAYANS, ANGELO   )
    FERRARA, FRANK FERRARA,       )
14  CHARLIE FERRARA, ET AL.,      )
                       )
15            Defendants.    )
    _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ )
16

17              VIDEOTAPED DEPOSITION OF

18                  SANG LEE

19            COSTA MESA, CALIFORNIA

20              MAY 31, 2017

21  Atkinson-Baker, Inc.
    Court Reporters
22  www.depo.com
    (800) 288-3376
23

24  REPORTED BY:  ANGELIQUE MELODY FERRIO, CSR NO. 6979

25  FILE NO:     AB05A10

Atkinson-Baker Court Reporters
www.depo.com

```
 1                UNITED STATES DISTRICT COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3                     WESTERN DIVISION

 4                        -  -  -

 5   CORY SPENCER, AN INDIVIDUAL;    )
     DIANA MILENA REED, AN           )
 6   INDIVIDUAL; AND COASTAL         )
     PROTECTION RANGERS, INC.,       )
 7   A CALIFORNIA NON-PROFIT PUBLIC  )
     BENEFIT CORPORATION,            )
 8                                   )
                     Plaintiffs,     )
 9                                   )
         vs.                         ) No.:  2:16-cv-02129-SJO
10                                   )       (RAOx)
                                     )
11   LUNADA BAY BOYS; THE INDIVIDUAL )
     MEMBERS OF THE LUNADA BAY BOYS, )
12   INCLUDING BUT NOT LIMITED TO    )
     SANG LEE, BRANT BLAKEMAN, ALAN  )
13   JOHNSTON AKA JALIAN JOHNSTON,   )
     MICHAEL RAE PAPAYANS, ANGELO    )
14   FERRARA, FRANK FERRARA,         )
     CHARLIE FERRARA, ET AL.,        )
15                                   )
                     Defendants.     )
16   _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ )

17

18

19

20          Videotaped deposition of SANG LEE, taken on

21   behalf of the Plaintiffs, at 3420 Bristol Street,

22   Sixth Floor, Costa Mesa, California, 92626, commencing

23   at 9:03 a.m., Wednesday, May 31, 2017, before

24   ANGELIQUE MELODY FERRIO, CSR No. 6979.

25
```

2

Sang Lee
May 31, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1                      A P P E A R A N C E S

 2

 3   FOR THE PLAINTIFFS:

 4        HANSON, BRIDGETT, LLP
          BY:  LISA M. POOLEY, ESQ.
 5        AND  VICTOR OTTEN, ESQ.
          425 Market Street
 6        26th Floor
          San Francisco, California 94105
 7

 8

 9   FOR THE DEFENDANTS:

10        BOOTH, MITCHEL & STRANGE, LLP
          BY:  DANIEL M. CROWLEY, ESQ.
11        707 Wilshire Boulevard
          Suite 3000
12        Los Angeles, California 90017

13

14        LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
          BY:  EDWARD E. WARD, JR., ESQ.
15        633 West 5th Street
          Suite 4000
16        Los Angeles, California 90071

17

18        BREMER, WHYTE, BROWN & O'MEARA, LLP
          BY:  TIFFANY L. BACON, ESQ.
19        20320 S.W. Birch Street
          Second Floor
20        Newport Beach, California 92660

21

22        VEATCH, CARLSON, LLP
          BY:  RICHARD P. DIEFFENBACH, ESQ.
23        1055 Wilshire Boulevard
          11th Floor
24        Los Angeles, California 90017

25
```

3

Sang Lee
May 31, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1   APPEARANCES CONTINUED:

 2

 3        KUTAK, ROCK, LLP
          BY:  ANTOINETTE P. HEWITT, ESQ.
 4        5 Park Plaza
          Suite 1500
 5        Irvine, California 92614

 6

 7        (BY TELEPHONE)
          BUCHALTER, NEMER, APC
 8        BY:  ROBERT S. COOPER, ESQ.
          1000 Wilshire Boulevard
 9        Suite 1500
          Los Angeles, California 90017
10        (213) 891-0700

11

12        (BY TELEPHONE)
13        HAVEN LAW
          BY:  PETER T. HAVEN, ESQ.
14        1230 Rosecrans Avenue
          Suite 300
15        Manhattan Beach, California 90266
          (310) 272-5353
16

17

18        (BY TELEPHONE)
          LAW OFFICES OF MARK C. FIELDS, APC
19        BY:  MARK C. FIELDS, ESQ.
          333 South Hope Street
20        35th Floor
          Los Angeles, California 90071
21

22

23   ALSO PRESENT:

24        Barbra Westmore, Videographer

25
```

4

Sang Lee
May 31, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
  1                        INDEX

  2

  3    WITNESS:  SANG LEE

  4

  5    EXAMINATION BY:                        PAGE

  6        MS. POOLEY                           10

  7

  8    EXAMINATION BY:                        PAGE

  9        BY MS. BACON                        293

 10

 11

 12

 13    EXHIBITS

 14

 15

       NUMBER              DESCRIPTION        PAGE

 16

 17    221     Plaintiffs' Notice of Deposition    17
               of Defendant Sang Lee
 18            Dated May 19, 2017
               Consisting of seven pages
 19

 20

 21
       222     Memo From Sang Lee                 88
 22            To John Camplin
               Dated 1/8/2011
 23            Lee 00000001 - Lee 00000003
               Consisting of three pages
 24

 25
```

5

Sang Lee
May 31, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1              EXHIBITS CONTINUED:

 2

 3    223     Memo From Sang Lee                    140
              To Ringer Surfboards
 4            Dated 1/10/2011
              Lee 00000015
 5            Consisting of one page

 6

 7    224     Memo From Sang Lee                    158
              To Zen Del Rio
 8            Dated 1/16/2011
              Lee 00000591
 9            Consisting of one page

10

11    225     Memo From Charlie Mowat               166
              To Sang Lee
12            Dated 1/16/2014
              Lee 00000595
13            Consisting of one page

14

15    226     Memo From Charlie Mowat               172
              To Andy Patch
16            Dated 1/17/2014
              Lee 00000596
17            Consisting of one page

18

19    227     Memo From Sang Lee                    177
              To Yoaks Wagon
20            Dated 1/17/2014
              Lee 00000014
21            Consisting of one page

22

23

24

25
```

6

Atkinson-Baker Court Reporters
www.depo.com

```
 1        COSTA MESA, CALIFORNIA, WEDNESDAY, MAY 31, 2017
 2                      9:03 A.M.
 3                       -OOO-
 4                                                       09:02:39
 5        THE VIDEOGRAPHER:  Good morning.  We're on      09:02:39
 6   the record.  My name is Barbra Westmore, your       09:02:48
 7   videographer.                                        09:02:51
 8        And I represent Atkinson-Baker, Inc., located  09:02:51
 9   in Glendale, California.  The date is May 31, 2017,  09:02:55
10   and the time is 9:03 a.m.                            09:02:59
11        This deposition is taking place at              09:03:02
12   3420 Bristol Street in Costa Mesa, California.  The  09:03:05
13   case number is 2:16-CV-02129-SJO, in the matter      09:03:09
14   entitled Corey Spencer versus Lunada Bay Boys.       09:03:19
15        The witness is Sang Lee.  And this deposition   09:03:24
16   is being taken on behalf of the Plaintiffs.  Your    09:03:26
17   court reporter is Angelique Ferrio.                  09:03:29
18        Would counsel please state their appearances    09:03:32
19   for the record.                                      09:03:34
20        MS. POOLEY:  Lisa Pooley, Hansen Bridgett on    09:03:35
21   behalf of the Plaintiff.                             09:03:38
22        MR. CROWLEY:  Daniel Crowley of Booth,          09:03:39
23   Mitchel & Strange on behalf of Mr. Lee.             09:03:43
24        MR. WARD:  Edward Ward, Junior, of Lewis,       09:03:43
25   Brisbois on behalf of Mr. Lee as well.              09:03:45
```

7

Sang Lee
May 31, 2017

| | | |
|---|---|---|
| 1 | MS. BACON:  Tiffany Bacon with Bremer, Whyte, | 09:03:48 |
| 2 | Brown & O'Meara on behalf of Frank Ferrara and | 09:03:50 |
| 3 | Charlie Ferrara. | 09:03:52 |
| 4 | MR. DIEFFENBACH:  Richard Dieffenbach for | 09:03:52 |
| 5 | Mr. Brant Blakeman, the Defendant. | 09:03:54 |
| 6 | And I'm getting E-Mails from the woman that | 09:03:55 |
| 7 | just came to the door saying that several of the | 09:03:58 |
| 8 | other attorneys are calling in unsuccessfully and | 09:04:00 |
| 9 | can't hook in, Ms. Hewitt, Mr. Fields, and | 09:04:03 |
| 10 | Mr. Cooper. | 09:04:07 |
| 11 | MS. POOLEY:  The phone here indicates that | 09:04:14 |
| 12 | the number is (949) 330-7004. | 09:04:17 |
| 13 | MR. DIEFFENBACH:  It's 330-7004.  Let me text | 09:04:23 |
| 14 | these people to tell them. | 09:04:28 |
| 15 | BY MS. POOLEY: | 09:05:13 |
| 16 | Q.  Mr. Lee, I represent Plaintiffs Corey | 09:05:13 |
| 17 | Spencer, Diana Milena Reed, and the Costal Protection | 09:05:17 |
| 18 | Rangers, Inc., in this lawsuit that they filed | 09:05:21 |
| 19 | against Lunada Bay Boys and the individual members, | 09:05:24 |
| 20 | including you, as well as the City of Palos Verdes | 09:05:27 |
| 21 | Estates and Police Chief Jeff Kepley. | 09:05:30 |
| 22 | Are you represented today by counsel? | 09:05:33 |
| 23 | A.  Yes. | 09:05:36 |
| 24 | Q.  And who is representing you today? | 09:05:38 |
| 25 | A.  Mr. Dan and Ed. | 09:05:39 |

8

Atkinson-Baker Court Reporters
www.depo.com

```
 1        Q.   Have you ever had your deposition taken      09:05:47
 2   before?                                                09:05:50
 3        A.   No, Ma'am.                                   09:05:50
 4        Q.   Have you ever signed any written statements  09:05:51
 5   such as a declaration or affidavit related to any      09:05:56
 6   litigation?                                            09:06:00
 7        A.   What do mean?                                09:06:01
 8        Q.   Have you ever signed any documents under     09:06:02
 9   oath?                                                  09:06:06
10        A.   No, Ma'am.                                   09:06:06
11        Q.   And have you ever testified at a trial?      09:06:07
12        A.   No.                                          09:06:11
13        Q.   Have you ever given sworn testimony in any   09:06:12
14   case?                                                  09:06:17
15        A.   Sworn testimony?                             09:06:17
16        Q.   In any matter, excuse me.                    09:06:18
17        A.   No, Ma'am.                                   09:06:24
18        MS. POOLEY:   Which reminds me, perhaps we
19   should swear in the witness.
20
21                   SANG LEE,
22        having first been duly sworn, was
23        examined and testified as follows:
24
25
```

9

Sang Lee
May 31, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1                        EXAMINATION

 2

 3     BY MS. POOLEY:

 4         Q.   Has the testimony that you've already given    09:06:39

 5     been truthful?                                          09:06:42

 6         A.   Yes, Ma'am.                                    09:06:42

 7         Q.   Okay.  So, you've been placed under oath.      09:06:43

 8     And it's the same oath that you would take if you       09:06:47

 9     were testifying in a courtroom in front of a judge or   09:06:51

10     a jury.                                                 09:06:54

11           And it has the same force or effect -- force      09:06:55

12     and effect as if you were testifying in that setting;   09:06:59

13     do you understand that?                                 09:07:03

14         A.   Yes, Ma'am.                                    09:07:04

15         Q.   Okay.  The court reporter as she explained a   09:07:04

16     little bit before we got started is going to take       09:07:08

17     down everything that is said.  The questions that I     09:07:10

18     ask, your answers, any objections that are made.        09:07:17

19           And it's important that we try to have one        09:07:19

20     person talk at a time so that the record is clear.      09:07:22

21           So, I will ask that you try to wait until I       09:07:26

22     finish the question before you start your answer.       09:07:30

23     And I will try to wait for you to finish your answer    09:07:33

24     before I ask my next question; all right?               09:07:36

25         A.   Okay.                                          09:07:37
```

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | Lunada Bay? | 16:32:38 |
| 2 | A.   Absolutely not. | 16:32:39 |
| 3 | Q.   What about preventing persons from surfing at | 16:32:40 |
| 4 | Lunada Bay? | 16:32:43 |
| 5 | A.   Absolutely not. | 16:32:44 |
| 6 | Q.   Have you ever had any communications with | 16:32:45 |
| 7 | Charlie Ferrara about preventing any person from | 16:32:47 |
| 8 | surfing at Lunada Bay? | 16:32:49 |
| 9 | A.   Absolutely not. | 16:32:50 |
| 10 | Q.   Have you ever had any communications with | 16:32:50 |
| 11 | Charlie Ferrara about preventing any persons from | 16:32:52 |
| 12 | visiting Lunada Bay? | 16:32:54 |
| 13 | A.   Absolutely not. | 16:32:56 |
| 14 | Q.   Have you ever witnessed Charlie Ferrara ever | 16:32:58 |
| 15 | attempt to prevent somebody from visiting Lunada Bay? | 16:33:18 |
| 16 | A.   Absolutely not. | 16:33:22 |
| 17 | Q.   And what about surfing at Lunada Bay? | 16:33:23 |
| 18 | A.   Absolutely not. | 16:33:25 |
| 19 | Q.   The same questions for Frank. | 16:33:27 |
| 20 | Have you ever witnessed Frank ever try to | 16:33:27 |
| 21 | attempt to prevent anybody from surfing at Lunada | 16:33:29 |
| 22 | Bay? | 16:33:30 |
| 23 | A.   Absolutely not. | 16:33:30 |
| 24 | Q.   What about visiting Lunada Bay? | 16:33:32 |
| 25 | A.   Absolutely not. | 16:33:35 |

295

Sang Lee
May 31, 2017

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | MS. BACON:  Those are all of the questions | 16:33:37 |
| 2 | that I have.  Thank you. | 16:33:38 |
| 3 | MR. CROWLEY:  Anybody else in the room? | 16:33:39 |
| 4 | Anybody on the phone? | 16:33:42 |
| 5 | Going once, going twice. | 16:33:46 |
| 6 | MS. POOLEY:  Thank you, Mr. Lee. | 16:33:51 |
| 7 | THE WITNESS:  Thanks. | 16:33:53 |
| 8 | MS. POOLEY:  We may see you again. | 16:33:54 |
| 9 | THE REPORTER:  Did you want a copy of the | 16:33:54 |
| 10 | transcript? | 16:33:54 |
| 11 | MR. CROWLEY:  Yes, please. | 16:34:04 |
| 12 | MR. DIEFFENBACH:  Copy, please. | 16:34:11 |
| 13 | MR. HAVEN:  This is Peter Haven on the phone, | 16:34:12 |
| 14 | I would like a copy of the transcript. | 16:34:19 |
| 15 | MS. BACON:  Copy of the transcript. | 16:34:21 |
| 16 | MS. HEWITT:  Copy of the transcript. | 16:34:24 |
| 17 | THE VIDEOGRAPHER:  This concludes the | 16:34:33 |
| 18 | deposition of Sang Lee.  The time is 4:34 p.m. and | 16:34:34 |
| 19 | we're off the record. | 16:34:38 |
| 20 | MR. DIEFFENBACH:  And I'll take a rough, | 16:35:30 |
| 21 | please. | |
| 22 | (Whereupon, the deposition | |
| 23 | of Sang Lee commenced at | |
| 24 | 9:03 a.m. and concluded at | |
| 25 | 4:34 p.m.) | |

Sang Lee
May 31, 2017

```
 1   STATE OF CALIFORNIA    )
                            )
 2   COUNTY OF LOS ANGELES  )

 3

 4

 5

 6           I, the undersigned, declare under penalty of

 7   perjury that I have read the foregoing transcript, and I

 8   have made any corrections, additions, or deletions that

 9   I was desirous of making; that the foregoing is a true

10   and correct transcript of my testimony contained

11   therein.

12

13           EXECUTED this _____ day of _____,

14   20_____, at _____, _____.

15                       (City)              (State)

16

17

18

19   _____

20   SANG LEE

21

22

23

24

25
```

Atkinson-Baker Court Reporters
www.depo.com

```
 1                    REPORTER'S CERTIFICATE

 2

 3            I, ANGELIQUE MELODY FERRIO, C.S.R. NO. 6979, a

 4    Certified Shorthand Reporter, certify:

 5            That the foregoing proceedings were taken

 6    before me at the time and place therein set forth, at

 7    which time the witness was put under oath by me;

 8            That the testimony of the witness and all

 9    objections made at the time of the examination were

10    recorded stenographically by me and were thereafter

11    transcribed;

12            That the foregoing is a true and correct

13    transcript of my shorthand notes so taken.

14            I further certify that I am not a relative or

15    employee of any attorney or of any of the parties, nor

16    financially interested in the action.

17            I declare under penalty of perjury under the

18    law of the State of California that the foregoing is

19    true and correct.

20            Dated this 1st day of June, 2017.

21

22

23            _____

24            Angelique Melody Ferrio
              CSR No. 6979

25
```

Sang Lee
May 31, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1            REPORTER'S CERTIFICATION OF CERTIFIED COPY

 2

 3

 4            I, ANGELIQUE MELODY FERRIO, CSR No. 6979, a

 5   Certified Shorthand Reporter in the State of California,

 6   certify that the foregoing pages are a true and correct

 7   copy of the original deposition of SANG LEE, taken on

 8   Wednesday, May 31, 2017.

 9            I declare under penalty of perjury under the

10   laws of the State of California that the foregoing is

11   true and correct.

12            Dated this 1st day of June, 2017.

13

14

15

16

17            _____

18            Angelique Melody Ferrio
              CSR No. 6979
19

20

21

22

23

24

25
```

1

## **PROOF OF SERVICE**

2

3    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 20320 S.W. Birch Street, Second Floor,
4    Newport Beach, California 92660.

5    On July 24, 2017, I served the within document(s) described as:

6    DECLARATION OF TIFFANY BACON IN SUPPORT OF CHARLIE FERRARA'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE PARTIAL SUMMARY
7    JUDGMENT

8    on the interested parties in this action as stated on the attached mailing list.

9    ☒    (BY ELECTRONIC SERVICE) Complying with Code of Civil Procedure § 1010, I caused such document(s) to be Electronically Filed and Served through the _for the above-entitled
10   case.  Upon completion of transmission of said document(s), a filing receipt is issued to the filing party acknowledging receipt, filing and service by 's system.  A copy of the [Email
11   receipt System] filing receipt page will be maintained with the original document(s) in our office.

12
     Executed on July 24, 2017, at Newport Beach, California.
13
     I declare under penalty of perjury under the laws of the State of California that the
14   foregoing is true and correct.

15
16   _____          _____
           Hailey Williams                          (Signature)
           (Type or print name)

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

1

H:\1178\176\PROOF OF SERVICE.docx

1

<u>**Cory Spencer v. Lunada Bay Boys et al.,**</u>

2

**Case No. 2:16-cv-2129-SJO**

3

**BWB&O CLIENT:** **Frank and Charlie Ferrara**
**BWB&O FILE NO.:** **1178.176**

4

<u>**SERVICE LIST**</u>

5

| | | |
|---|---|---|
| Samantha Wolff, Esq. **HANSON BRIDGETT** 425 Market Street 26th Floor San Francisco, CA 94105 (415) 777-3200 (415) 541-9366 Fax Attorneys For **PLAINTIFF** swolff@hansonbridgett.com kfranklin@hansonbridgett.com | Tyson M. Shower, Esq. **HANSON BRIDGETT** 500 Capitol Mall Suite 1500 Sacramento, CA 95814 (916) 442-3333 (916) 442-2348 Fax Attorneys For **PLAINTIFFS** tshower@hansonbridgett.com | Victor Otten, Esq. **OTTEN LAW, PC** 3620 Pacific Coast Highway Suite 100 Torrance, CA 90505 (310) 378-8533 (310) 347-4225 Fax Attorneys For **PLAINTIFFS** vic@ottenlawpc.com |
| Jacob Song, Esq. **KUTAK ROCK LLP** 5 Park Plaza Suite 1500 Irvine, CA 92614 (949) 417-0999 (949) 417-5639 Attorney For **CITY OF PALOS VERDES ESTATES and JEFF KEPLEY, in his representative capacity, serves as the Chief of Police Department of Defendant City of Palos Verdes Estates.** jacob.song@kutakrock.com | J. Patrick Carey, Esq. **LAW OFFICE OF PATRICK CAREY** 1230 Rosecrans Avenue Suite 270 Manhattan Beach, CA 90266 (310) 526-2237 (310) 356-3671 Fax Attorney For **ALAN JOHNSTON individual membeer of LUNADA BAY BOYS aka JALIAN JOHNSTON** pat@patcareylaw.com | Aaron G. Miller, Esq. **THE PHILIPS FIRM** 800 Wilshire Boulevard Suite 1550 Los Angeles, CA 90017 (213) 244-9913 (213) 244-9915 Fax Attorneys For **ANGELO FERRARA** amiller@thephillipsfirm.com |
| Mark Fields, Esq. **LAW OFFICES OF MARK C. FIELDS** 333 So. Hope Street Suite 3500 Los Angeles, CA 90071 (213) 617-5225 (213) 629-2420 Fax Attorney For **ANGELO FERRARA an individual member of LUNADA BAY BOYS and N.F. an individual member of LUNADA BAY BOYS** fields@markfieldslaw.com | Peter R. Haven, Esq. **HAVEN LAW** 1230 Rosecrans Avenue Suite 300 Manhattan Beach, CA 90266 (310) 272-5353 (213) 477-2137 Fax Attorneys For **MICHAEL RAY PAPAYANS** peter@havenlaw.com | Dana Alden Fox, Esq. **LEWIS BRISBOIS BISGAARD & SMITH, LLP** 633 W. 5th Street Site 4000 Los Angeles, CA 90071 (213) 580-3858 (213) 250-7900 Fax Attorneys For **SANG LEE** Dana.Fox@lewisbrisbois.com |

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

2

H:\1178\176\PROOF OF SERVICE.docx