Alison K. Hurley, State Bar No. 234042
ahurley@bremerwhyte.com
Tiffany L. Bacon, State Bar No. 292426
tbacon@bremerwhyte.com
BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, California 92660
Telephone: (949) 221-1000
Facsimile: (949) 221-1001

Attorneys for Defendants,
FRANK FERRARA and CHARLIE FERRARA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and NICOLAS FERRARA; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Case No. 2:16-cv-2129<br><br>Judge: Hon. S. James Otero<br>Dept: Courtroom 10C<br><br>Magistrate Judge:<br>Hon. Rozella A. Oliver<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRANK FERRARA'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Notice of Motion; Request for Judicial Notice of Adjudicative Facts; Declaration of Tiffany Bacon; Notices of Lodging; proposed Statement of Uncontroverted Facts and Conclusions of Law and [Proposed] Judgment lodged herewith]*<br><br>Date: August 21, 2017<br>Time: 10:00 a.m.<br>Dept: Courtroom 10C<br><br>Complaint Filed: March 29, 2016<br>Trial Date: November 7. 2017 |

# TABLE OF CONTENTS

| | Page |
|---|---|
| 1. INTRODUCTION | 2 |
| 2. STATEMENT OF FACTS | 4 |
|    2.1 Factual Background | 4 |
|       *2.1.1 Background Facts Relating to the Ferrara Defendants* | 4 |
|       *2.1.2 Facts Specific to Plaintiff Spencer* | 4 |
|       *2.1.3 Facts Specific to Plaintiff Reed* | 5 |
|       *2.1.4 Facts Specific to Plaintiff CPR* | 5 |
|       *2.1.5 Discovery Demonstrates an Utter Dearth of Evidence Supporting Plaintiffs' Claims Against Frank Ferrara* | 5 |
|    2.2 Procedural Background | 8 |
| 3. LEGAL ARGUMENT | 9 |
|    3.1 This Court Has Authority to Grant Frank Ferrara's Motion for Summary Judgment | 9 |
|    3.2 Frank Ferrara Is Entitled to Judgment In His Favor On Plaintiffs' Claims for Bane Act, Public Nuisance, Assault and Battery Because Plaintiffs' Can Proffer No Admissible Evidence To Support These Claims | 10 |
|       *3.2.1 Bane Act* | 10 |
|       *3.2.2 Public Nuisance* | 12 |
|       *3.2.3 Assault* | 13 |
|       *3.2.4 Battery* | 14 |
|    3.3 Frank Ferrara is Entitled to Judgment in His Favor on Plaintiffs' Negligence Claim | 14 |
| 4. CONCLUSION | 16 |

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

i

H:\1178\176\CF\Frank Ferrara MSJ - Against Plaintiffs\Frank Ferrara - MSJ - P&A 7.23.17.docx

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 256-57 (1986) .............................. 10

Ashcroft v. King, 228 Cal.App.3d 604, 611 (1991) ................................................ 14

Cabesuela v. Browning-Ferris Indus., 68 Cal.App.4th 101, 111 (1998) ................ 10

Dayton Hudson Corp. v. Macerich Real Estate Co., 812 F.2d 1319, 1323 (10th Cir. 1987) ........................................................................................................ 9

Flying Diamond Corp. v. Pennaluna & Co., 586 F.2d 707, 713 (9th Cir. 1978) .................................................................................................................... 14

Gifford v. Travelers Protective Ass'n, 153 F.2d 209, 211 (9th Cir. 1946 .................. 9

Helix Land Co., Inc. v. City of San Diego, 82 Cal.App.3d 932 (1978) .................. 12

Jones v. Kmart Corp., 17 Cal.4th 329, 334 (Cal. 1998) ......................................... 10

Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (Cal. 1996) ........................... 15

Lowry v. Standard Oil Co., 63 Cal.App.2d 1, 6-7 (1944) ...................................... 13

Sebastian Int'l, Inc. v. Russolillo, 162 F.Supp.2d 1198, 1207 (C.D. Cal 2001) .................................................................................................................... 11

Shatford v. L.S. Cnty. Sheriff's Dep't, No. CV 15-1767 BRO (AJW) .................... 15

Tomblinson v. Nobile, 103 Cal.App.2d 266 (1951) ............................................... 13

United States v. Fernandez, 388 F.3d 1199, 1225 (9th Cir. 2004) ......................... 11

**Statutes**

Federal Rules of Civil Procedure, Rule 56 ............................................................... 9

California Civil Code section 3479 ................................................................. 12, 13

California Civil Code section 3480 ................................................................. 12, 13

California Civil Code section 3493 ........................................................................ 12

California Civil Code section 52.1 ......................................................................... 10

California Civil Code section 52.1(j) ..................................................................... 12

Defendant FRANK FERRARA ("Defendant" or "Frank Ferrara") hereby submits his Memorandum of Points and Authorities in support of his Motion for Summary Judgment on all of Plaintiffs', CORY SPENCER ("Plaintiff Spencer"), DIANA MILENA REED ("Plaintiff Reed") and COASTAL PROTECTION RANGERS, INC. ("Plaintiff CPR") (collectively, "Plaintiffs"), causes of action asserted against him in this action, including: (1) Bane Act; (2) Public Nuisance; (3) Assault; (4) Battery; and (5) Negligence[1] or, alternatively, partial summary judgment on Plaintiffs' causes of action for Bane Act, Public Nuisance, Assault and Battery Only.

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

This lawsuit stems from allegations of various intentional and negligent bad acts by a purported "surf gang" referred to by Plaintiffs as the "Lunada Bay Boys." Plaintiffs', CORY SPENCER ("Plaintiff Spencer"), DIANA MILENA REED ("Plaintiff Reed") and COASTAL PROTECTION RANGERS, INC. ("Plaintiff CPR") (collectively, "Plaintiffs") assert that the defendants in this action, including defendant and moving party FRANK FERRARA ("Defendant" or "Frank Ferrara"), qualify as members of this so-called "gang," and that Frank Ferrara himself has violated the Bane Act, caused a public nuisance and committed acts of assault, battery and negligence. The evidence reveals a complete dearth of any facts demonstrating that Frank Ferrara engaged in even *one single act or omission* capable of supporting any of Plaintiffs' claims. As a result, there is no genuine dispute of material fact that Plaintiffs' claims against Frank Ferrara are groundless. As a result,

---

[1] On or about July 22, 2016, the Court declined to exercise supplemental jurisdiction over Plaintiffs' Fifth Cause of Action for Violation of California Coastal Act.

judgment must be entered in favor of Frank Ferrara on Plaintiffs' Complaint as a matter of law.[2]

Plaintiffs can proffer no admissible evidence that Frank Ferrara was involved in any action and/or inaction undertaken by the purported "surf gang," or any other act or omission capable of supporting judgment in favor of any Plaintiff. After this Court's resounding rejection of Plaintiffs' purported Class claims, Plaintiffs much each prove all of their claims against Frank Ferrara to prevail. However, Plaintiffs simply have no factual basis to proceed with any claim against Frank Ferrara. Indeed, Plaintiffs' position appears to be that, by virtue solely of the fact Frank Ferrara admits to surfing at and around Lunada Bay for 40 years, he is therefore definitively liable for damages caused by the wrongful acts of others at Lunada Bay. Being a surfer at Lunada Bay does not equate to liability, or even knowledge of the tortious behavior that serves as the basis of Plaintiffs' claims against the Defendants in this action. Given the lack of any admissible evidence connecting Frank Ferrara to Plaintiffs' claimed harm, there is no genuine dispute of material fact that Frank Ferrara is entitled to Judgment in his favor as a matter of law on all of Plaintiffs' claims.

For all of the reasons set forth herein and the evidence submitted in support of this Motion, the uncontroverted facts demonstrate that all of Plaintiffs' claims against Frank Ferrara lack merit, and Frank Ferrara is entitled to judgment in his favor as a matter of law.

///
///
///

---

[2] If the Court is not inclined to grant summary judgment on all of Plaintiffs' causes of action against Frank Ferrara; the moving party alternatively requests partial summary judgment on Plaintiffs' claims for Bane Act, Public Nuisance, Assault and Battery only.

## 2. **STATEMENT OF FACTS**

### 2.1 **Factual Background**

Plaintiffs assert causes of action against Frank Ferrara including the following: (1) Bane Act; (2) Public Nuisance; (3) Assault; (4) Battery; and (5) Negligence. None of these claims are supported by the evidence in this case. Frank Ferrara has never met or come into contact with Plaintiff Spencer or Plaintiff Reed. (Statement of Uncontroverted Facts and Conclusions of Law ("SUF") ¶ 3.) Plaintiffs cannot demonstrate a genuine dispute as to any material fact relating to Frank Ferrara because this case is devoid of any evidence that Frank Ferrara participated in any activity capable of supporting Plaintiffs' claims.

#### *2.1.1 Background Facts Relating to the Ferrara Defendants*

There are four members of the Ferrara family being sued in this action. Frank Ferrara, the moving party, is the father of Defendant Charlie Ferrara. (SUF ¶ 1.) Frank Ferrara is also the brother of Defendant Angelo Ferrara and the uncle to Defendant N.F. (SUF ¶ 2.) Defendant Angelo Ferrara is also the father to non-party Leo Ferrara. (SUF ¶ 2.)

#### *2.1.2 Facts Specific to Plaintiff Spencer*

Plaintiff Spencer was deposed on October 11, 2016. Prior to January of 2016, Plaintiff Spencer never surfed at Lunada Bay. (SUF ¶ 4) Plaintiff Spencer has never had any interactions with Frank Ferrara, and he did not testify about any actions attributable to Frank Ferrara. (SUF ¶ 5-6.) When asked about Defendant Angelo Ferrara (Frank Ferrara's brother), Plaintiff Spencer admitted he had no specific knowledge of Frank Ferrara's actions relative to the allegations in this case, testifying under oath "…I can't identify to you a . . . Ferrara from the next Ferrara . . . ." (SUF ¶ 5.) Plaintiff Spencer thus admits his knowledge of supposed actions by the Ferrara family members is based on gossip, nothing but speculation and conjecture. Put simply, Plaintiff Spencer can proffer no evidence capable of supporting his claims against Frank Ferrara and, despite making inflammatory

allegations of violent and harassing acts against him, Spencer could not even identify Frank Ferrara if he saw him. (SUF ¶ 5.)

### 2.1.3 Facts Specific to Plaintiff Reed

Plaintiff Reed was deposed on October 24, 2016. Just as Plaintiff Spencer, Plaintiff Reed never surfed at Lunada Bay prior to January 2016. (SUF ¶ 7.) Plaintiff Reed's testimony is devoid of any mention of even a single interaction between Plaintiff Reed and Frank Ferrara. (SUF ¶ 8.) There is no evidence that Frank Ferrara was actively or passively involved in any bad acts nebulously asserted against the Defendants in this case. In sum, Frank Ferrara has demonstrated a complete lack of factual support for any of Plaintiff Reed's Claims against him.

### 2.1.4 Facts Specific to Plaintiff CPR

Plaintiff CPR makes no specific allegations against Frank Ferrara nor has discovery revealed any facts to support any of CPR's claims against Frank Ferrara. Plaintiff CPR does not have standing to assert the majority of the claims being made against Frank Ferrara in this action. Moreover, the President of Plaintiff CPR submitted a declaration in support of Plaintiffs' denied Motion for Class Certification; however, the declaration did not assert any harm suffered by declarant, Mark Slatten, or any harm suffered by the entity, CPR. (RJN, Ex. J.) More specifically, the declarant made no mention of Frank Ferrara as a person responsible for its alleged damages due to the fact that Plaintiff CPR can proffer no evidence capable of demonstrating that Frank Ferrara was ever involved in any wrongful actions at Lunada Bay.

### 2.1.5 Discovery Demonstrates an Utter Dearth of Evidence Supporting Plaintiffs' Claims Against Frank Ferrara

Plaintiffs' supplemental disclosures identify only two witnesses as having information pertaining to their claims against members of the Ferrara family, but the disclosures are vague to the point of meaninglessness, and fail even to identify to which member of the Ferrara family the disclosures refer. (RJN, Ex. E at 10:7-10:20

and 19:16-19:21.) As mentioned above, apart from Frank Ferrara, there are other members of the Ferrara family by Plaintiffs are named as defendants in this action. Ken Claypool and Jim Russi were identified as having information relating to "one or more of the Ferraras." However, in discovery, neither of these witnesses ended up testifying to any facts supporting Plaintiffs' claims against Frank Ferrara in this action.

Ken Claypool was deposed on June 13, 2017. The only Frank Ferrara that Ken Claypool has met is Frank Ferrara Senior, the father of Frank Ferrara and Defendant Angelo Ferrara. (SUF ¶ 9.) This is, of course, not the same Frank Ferrara that is being sued and bringing the instant motion. As referenced herein, Frank Ferrara is the brother of Defendant Angelo Ferrara; however, Ken Claypool confirms he has never met any siblings of Angelo Ferrara's. (SUF ¶ 9.) Mr. Claypool was asked if he considered Frank Ferrara to be one of the "Lunada Bay Boys," and the following dialogue was exchanged:

> Q: "Would you classify Frank Ferrara as one of the Lunada Bay Boys?
> A: "Not the father or Angelo's dad."
> Q: "Do you know of any other Frank Ferrara?
> A: "That's the only Frank Ferrara that I know of."

(SUF ¶ 10.)
As evidenced by Mr. Claypool's testimony, he has no knowledge of any facts supportive of Plaintiffs' claims against Frank Ferrara.

Plaintiffs also identified Jim Russi in their supplemental disclosures as a witness with information relating to "one or more of the Ferraras." However, Jim Russi has no knowledge of Frank Ferrara engaging in any wrongful conduct at or near Lunada Bay nor Frank Ferrara being involved in any illegal activity at or near Lunada Bay. (SUF ¶ 11.) Thus, Mr. Russi's testimony too is devoid of admissible evidence supporting Plaintiffs' claims against Frank Ferrara.

Further still, Plaintiffs can proffer no admissible evidence demonstrating a causal connection between any act or omission of Frank Ferrara and their claimed

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

damages in this case. Plaintiff Spencer and Plaintiff Reed were served with Interrogatories, Requests for Admission and Requests for Production of Documents on behalf of Frank Ferrara. Despite Frank Ferrara's requests that Plaintiffs identify all facts, witnesses and documents in support of Plaintiffs' claims against Frank Ferrara, no admissible evidence of the same was produced. (SUF ¶ 12.) Instead, Plaintiffs reiterate the allegations set forth in their Complaint, which are not proven by the evidence in this matter as it relates to Frank Ferrara and are otherwise irrelevant to Frank Ferrara. Plaintiffs reference a December 1991 article in Surfer Magazine titled "People Who Surf" and a March 1992 letter in Surfer Magazine as their only support for claims against Frank Ferrara. However, on their faces, these 25 year old documents provide no factual support for Plaintiffs' claims for violations of the Bane Act, Public Nuisance, Assault, Battery or Negligence within the statutorily allowable time period and are, therefore, unsupportive of Plaintiffs' individual claims. (RJN, Ex. I, pg. 3.) While Frank Ferrara freely admits to surfing at Lunada Bay, this is not evidence of any fact establishing an element of any of Plaintiffs' claims against Frank Ferrara.

Lastly, while Plaintiffs speculate (without any factual support) that communications between Defendant Sang Lee and Frank Ferrara may be supportive of their claims against Frank Ferrara, the production of the entirety of Sang Lee's phone records demonstrates no communications supportive of Plaintiffs' claims actually exist. Further, Defendant Sang Lee testified that Frank Ferrara has never had any communications with him about how to behave at Lunada Bay, or any communications about preventing persons from visiting Lunada Bay, or any communications about preventing persons from surfing at Lunada Bay. (SUF ¶ 13.) Frank Ferrara testified that the only phone communications he has had with Defendant Sang Lee was about being served with process in this action and about purchasing a car from Defendant Sang Lee's mother. (SUF ¶ 13.) Defendant Sang

Lee has never witnessed Frank Ferrara attempting to prevent persons from visiting or surfing Lunada Bay. (SUF ¶ 14.)

### 2.2 Procedural Background

On March 29, 2016, Plaintiffs filed a Class Action Complaint against the following defendants: Lunada Bay Boys; the Individual Members of the Lunada Bay Boys, including but not limited to Sang Lee, Brant Blakeman, Alan Johnston aka Jalian Johnston, Michael Rae Papayans, Angelo Ferrara, Frank Ferrara, Charlie Ferrara and N.F.; City of Palos Verdes Estates; Chief of Police Jeff Kepley, in his representative capacity; and DOES 1-10. (RJN, Ex. A.) Plaintiffs asserted causes of action against Frank Ferrara including the following: (1) Bane Act; (2) Public Nuisance; (3) Violation of California Coastal Act; (4) Assault; (5) Battery; and (6) Negligence. Frank Ferrara filed his Answer to Plaintiffs' Complaint on September 2, 2016. (RJN, Ex. B.)

Prior to Frank Ferrara's appearance in this matter, on June 3, 2016, Defendants, City of Palos Verdes Estates and Chief of Police Jeff Kepley, filed a motion to dismiss Plaintiffs' Complaint. On July 11, 2017, the Court dismissed Plaintiffs' third cause of action for violation of the California Coastal Act. (RJN, Ex. C, pgs. 10-13.) On August 29, 2016, the Court held a Scheduling Conference, wherein the parties stipulated that the Court's order of July 11, 2017 shall apply to all defendants. (RJN, Ex. D, pg. 1.)

Plaintiffs filed their Motion for Class Action Certification on December 29, 2016. The Court denied Plaintiffs' Motion on February 21, 2017. (RJN, Ex. F.) While Plaintiffs filed a Petition for Permission to Appeal this Court's order denying Plaintiffs' Motion for Class Action Certification, the United States Court of Appeals for the Ninth Circuit denied Plaintiffs' petition on May 18, 2017. (RJN, Ex. G.) Based on the foregoing, the only claims remaining to be adjudicated against Frank Ferrara in this action are those specifically impacting the individual Plaintiffs. Thus,

the claims alleged against Frank Ferrara and subject of this motion are: (1) Bane Act; (2) Public Nuisance; (3) Assault; (4) Battery; and (5) Negligence.

Pursuant to Local Rule 7-3, this Motion is made following the conference of counsel which took place on July 12, 2017. (Declaration of Tiffany Bacon, ¶ 3.)

Frank Ferrara now herein submits his Motion for Summary Judgment on the aforementioned claims, and he is entitled to summary judgment in his favor.

## 3. LEGAL ARGUMENT

### 3.1 This Court Has Authority to Grant Frank Ferrara's Motion for Summary Judgment

The right to move for summary judgment is established by *Federal Rules of Civil Procedure*, Rule 56. "A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (Fed. R. Civ. P. 56(a).)

> "Summary judgment is a marvelous instrument in expediting the administration of justice. It is the means by which causes or defenses with no real merit are weeded out without the hazard of a decision on an artificial situation described by artful pleadings, or without the cost in precious judicial time of a long protracted trial which ends with a determination that, on the facts viewed most favorably to the party, the claim or defense is not good as a matter of law." (Bros v. Grace Mfg. Co., 261 F.2d 428, 432 (5th Cir. 1958).)

"Where a defendant thinks that he is entitled to a judgment either on pleadings or on basis of extrinsic facts established by affidavits, depositions, or stipulations, he may at any time move with or without supporting affidavits for a summary judgment in his favor under the Rules." (Gifford v. Travelers Protective Ass'n, 153 F.2d 209, 211 (9th Cir. 1946.) "The moving party need not disprove plaintiff's claim; it need only establish that the factual allegations have no legal significance." (Dayton Hudson Corp. v. Macerich Real Estate Co., 812 F.2d 1319, 1323 (10th Cir. 1987).)

Furthermore, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set

forth specific facts showing that there is a genuine issue for trial . . . [T]he plaintiff must present affirmative evidence in order to defeat" a motion for summary judgment. (Anderson v. Liberty Lobby, Inc., 477 U.S. 242 256-57 (1986).)

Frank Ferrara's motion is made under the aforementioned statutory authority and case law. As is demonstrated by this motion, all of Plaintiffs' claims made against Frank Ferrara are without merit. Plaintiffs have no evidence whatsoever to support their causes of action for (1) Bane Act, (2) Public Nuisance, (3) Assault, (4) Battery, or (5) Negligence against Frank Ferrara. For this reason, Frank Ferrara is entitled to summary judgment in his favor on all of Plaintiffs' claims asserted against him in this action.[3]

### 3.2 Frank Ferrara Is Entitled to Judgment In His Favor On Plaintiffs' Claims for Bane Act, Public Nuisance, Assault and Battery Because Plaintiffs' Can Proffer No Admissible Evidence To Support These Claims

#### 3.2.1 Bane Act

In order demonstrate Frank Ferrara is liable to Plaintiffs under the Bane Act, Plaintiffs must prove that (1) Frank Ferrara interfered with [or attempted to interfere with] Plaintiffs' constitutional rights or statutory right by threatening or committing violent acts and that (2) Plaintiffs reasonably believed that if [they] exercised [their] [constitutional or statutory] rights Frank Ferrara would commit violence against [them] or [their] property. (CACI 3025; Cal. Civ. Code § 52.1.) "Section 52.1 *does require an attempted or completed act of interference* with a legal right, accompanied by a form of coercion." (Jones v. Kmart Corp., 17 Cal.4th 329, 334 (Cal. 1998) [emphasis added].) Further, "it is clear that to state a cause of action under section 52.1 there must first be violence or intimidation by threat of violence." (Cabesuela v. Browning-Ferris Indus., 68 Cal.App.4th 101, 111 (1998).) The record

---

[3] If the Court is not inclined to grant summary judgment on all of Plaintiffs' causes of action against Frank Ferrara; the moving party alternatively requests partial summary judgment on Plaintiffs' claims for Bane Act, Public Nuisance, Assault and Battery only.

is devoid of any evidence demonstrating that Frank Ferrara committed any act of violence, intimidation or interference capable of supporting Plaintiffs' Bane Act claims.

The Bane Act claim also alleges conspiracy among the defendants. However, even assuming, *arguendo*, this Court determines a disputed issue of fact relating to Plaintiffs' conspiracy allegations, Civil Code section 52.1(j) provides,

> "[s]peech alone is not sufficient to support an action brought pursuant to subdivision (a) or (b), except upon a showing that the speech itself threatens violence against a specific person or group of persons; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the persona threatening violence had the apparent ability to carry out the threat."

Further, "[u]nder California law, '[a] conspiracy is an agreement entered into between two or more person with the specific intent to agree to commit' a specified crime, 'with the further specific intent to commit that crime..., followed by an overt act committed in this state by one (or more) of the parties for the purposes of accomplishing the object of the agreement." (United States v. Fernandez, 388 F.3d 1199, 1225 (9th Cir. 2004).) "Knowledge alone of tortious conduct is insufficient to prove a conspiracy agreement. Actual knowledge of the planned tort, without more, is insufficient to serve as the basis for a conspiracy claim. Knowledge of the planned tort must be combined with intent to aid in its commission." (Sebastian Int'l, Inc. v. Russolillo, 162 F.Supp.2d 1198, 1207 (C.D. Cal 2001).)

As is demonstrated by the indisputable evidence, Plaintiffs have never met or encountered Frank Ferrara in person. (SUF ¶¶ 3-14.) Plaintiffs have no admissible evidence demonstrating either has intimated by Frank Ferrara, nor has Frank Ferrara ever attempted to interfere with or actually interfered with any of Plaintiffs' constitutional or statutory rights. Frank Ferrara has proven with admissible evidence the absence of any factual support for Plaintiffs' Bane Act claims. Thus, against them, the burden shifts to Plaintiffs to demonstrate that any communications exchanged or expressed by Frank Ferrara led them to reasonably fear that violence

would be committed against them, or that Frank Ferrara entered into an agreement with the co-defendants with the specific intent of committing a crime against any of the Plaintiffs followed by an overt act. (Civ. Code § 52.1(j).) Plaintiffs cannot carry this burden, and Frank Ferrara is therefore entitled to Judgment as a matter of law. While Plaintiffs will argue a disputed issue of fact *may* exist because they have yet to review certain, irrelevant text messages between the defendants, their argument is based on pure speculation. With no evidence to demonstrate that Frank Ferrara ever interfered with Plaintiffs' rights or threatened violence against Plaintiffs, Frank Ferrara is entitled to Judgment as a matter of law on Plaintiffs' cause of action for Bane Act, including the purported conspiracy allegations.

### 3.2.2 Public Nuisance

Plaintiffs assert a claim for Public Nuisance against Frank Ferrara pursuant to California Civil Code sections 3479 and 3480. Section 3479 provides the following:

> "Anything which is injurious to health, including, but not limited to, the illegal sale of controlled substances, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passages or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a nuisance."

Further, Section 3480 states that "[a] public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of person, although the extent of the annoyance or damage inflicted upon individuals may be unequal."

California Civil Code section 3493 provides that "[a] private person may maintain an action for a public nuisance, *if it specifically injurious to himself*, but not otherwise." "An essential element of a cause of action for nuisance is damage or injury. (Helix Land Co., Inc. v. City of San Diego, 82 Cal.App.3d 932 (1978).) Not only do Plaintiff Spencer and Plaintiff Reed lack any factual support for their claim for public nuisance against Frank Ferrara, but they also lack standing to bring this

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

12

claim because they have not demonstrated damages suffered by them, if any, were caused by Frank Ferrara.

The same evidence detailed above demonstrates Frank Ferrara has not engaged in any behavior injurious or obstructive to Plaintiffs, any community or neighborhood. Plaintiffs have not and cannot present any evidence that any actions by Frank Ferrara interfered with Plaintiffs' comfortable enjoyment of life or property. There is no evidence in this case that Frank Ferrara ever attempted to prevent others' use and enjoyment of Lunada Bay, including Plaintiffs, who have had ample opportunity to provide such evidence but failed to do so. (*See* SUF ¶¶ 3-14.)

Plaintiffs can proffer no admissible evidence that Frank Ferrara took a single action in violation of California Civil Code sections 3479 and 3480, as is demonstrated by the indisputable evidence. The record is devoid of facts demonstrating that Frank Ferrara interfered with any person's or community's enjoyment of life, property or access to Lunada Bay or surrounding areas. . As such, Frank Ferrara is entitled to judgment in his favor on Plaintiffs' claim for public nuisance because Plaintiffs cannot demonstrate a genuine dispute as to any material fact relating to this claim.

### 3.2.3 Assault

"[A]n assault is a demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present." (Lowry v. Standard Oil Co., 63 Cal.App.2d 1, 6-7 (1944).) "Mere words however threatening or profane will not amount to assault." (Tomblinson v. Nobile, 103 Cal.App.2d 266 (1951).)

The evidence in this case does not support that Frank Ferrara ever even came into contact with either Plaintiff, much less that he intended to or did inflict immediate injury to either one of the Plaintiffs. Plaintiffs have not testified to that fact and have not provided any evidence in support of this claim. Plaintiffs have never met Frank Ferrara and cannot identify any interaction either have had with Frank Ferrara that would amount to assault. (SUF ¶ 3-14.) Moreover, while there is

no evidence in this case of any communications between Frank Ferrara and any of the other co-defendants, or any other person, relating to the Plaintiffs, even assuming, *arguendo*, such communications existed, written or spoken words alone would not be supportive of Plaintiffs' assault claim because words do not form a factual basis for assault.

There is absolutely no evidence whatsoever that Frank Ferrara ever intended to inflict harm on Plaintiff Spencer and Plaintiff Reed. Plaintiffs' cause of action for assault indisputably lacks any factual basis, and should be summarily adjudicated in favor of Frank Ferrara.

### 3.2.4 Battery

"A battery is any intentional, unlawful and harmful contact by one person with the person of another . . . A contact is 'unlawful' if it is unconsented to." (Ashcroft v. King, 228 Cal.App.3d 604, 611 (1991).) It is more than clear based on the evidence presented in support of this Motion that Frank Ferrara has never come into any contact with the Plaintiffs, most certainly not unlawful and harmful contact that was not consented to by Plaintiffs. (SUF ¶¶ 3-12, 14.) Without being able to identify any physical interaction either has had with Frank Ferrara, Plaintiffs can present absolutely no admissible evidence to support their claim for battery against Frank Ferrara. Plaintiffs' cause of action for battery is frivolous, without merit and should be summarily adjudicated in favor of Frank Ferrara.

### 3.3 Frank Ferrara is Entitled to Judgment in His Favor on Plaintiffs' Negligence Claim

"Although questions of negligence are usually reserved for the factfinder, summary judgment is proper where the facts are undisputed and only one conclusion may reasonably be drawn from them. Negligence then becomes a matter of law." (Flying Diamond Corp. v. Pennaluna & Co., 586 F.2d 707, 713 (9th Cir. 1978).) "The elements of a cause of action for negligence are well established. They are (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as

the proximate or legal cause of the resulting injury." (Ladd v. County of San Mateo, 12 Cal. 4th 913, 917 (Cal. 1996); see also Shatford v. L.S. Cnty. Sheriff's Dep't, No. CV 15-1767 BRO (AJW), 2016 U.S. Dist. LEXIS 52473 (C.D. Cal Mar. 29, 2016).)

Assuming Frank Ferrara owed a duty of care to the Plaintiffs in this action, which is not supported by the evidence in this case as they appear to have never come into contact with each other, Plaintiffs' lack evidence demonstrating that Frank Ferrara ever breached a duty of care owed to the Plaintiffs. Without being able to prove this element of their claim, Plaintiffs cannot maintain a cause of action for negligence against Frank Ferrara. Under oath, Plaintiff Spencer and Plaintiff Reed provided no testimony regarding any interaction with Frank Ferrara or any action or inaction undertaken by Frank Ferrara that would amount to Frank Ferrara's liability in this case under a cause of action for negligence. Moreover, Plaintiffs have no evidence that they suffered any damage and/or injury as a result of any action or inaction undertaken by Frank Ferrara.

It is undisputed that Plaintiffs have no evidence to support their claim for negligence against Frank Ferrara. Plaintiffs have no evidence Frank Ferrara has ever engaged in any wrongful act that has caused them injury. (SUF ¶¶ 3-14.) The only reasonable conclusion to draw from the lack of Plaintiffs' evidence is that Frank Ferrara is not liable for negligence against the Plaintiffs. Based thereon, judgment should be entered in favor of Frank Ferrara on Plaintiffs' cause of action for negligence.

///
///
///
///
///
///
///

## 4. CONCLUSION

Put simply, there is no evidence Frank Ferrara is liable to Plaintiffs under the causes of action being asserted in this case. Plaintiffs have no evidence that Frank Ferrara caused them any damages.

For the reasons set forth herein, Frank Ferrara is entitled to summary judgment in his favor.

Dated: July 24, 2017

BREMER WHYTE BROWN & O'MEARA LLP

By: _____
Alison K. Hurley
Tiffany L. Bacon
Attorneys for Defendants
FRANK FERRARA and CHARLIE FERRARA

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

16

# **PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 20320 S.W. Birch Street, Second Floor, Newport Beach, California 92660.

On July 24, 2017, I served the within document(s) described as:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FRANK FERRARA'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT

on the interested parties in this action as stated on the attached mailing list.

[X] (BY ELECTRONIC SERVICE) Complying with Code of Civil Procedure § 1010, I caused such document(s) to be Electronically Filed and Served through the _for the above-entitled case. Upon completion of transmission of said document(s), a filing receipt is issued to the filing party acknowledging receipt, filing and service by 's system. A copy of the [Email receipt System] filing receipt page will be maintained with the original document(s) in our office.

Executed on July 24, 2017, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Hailey Williams             *Hailey Williams*
  (Type or print name)                (Signature)

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

1

H:\1178\176\PROOF OF SERVICE.docx

**Cory Spencer v. Lunada Bay Boys et al.,**

**Case No. 2:16-cv-2129-SJO**

BWB&O CLIENT:    Frank and Charlie Ferrara
BWB&O FILE NO.:   1178.176

**SERVICE LIST**

| Samantha Wolff, Esq.<br>**HANSON BRIDGETT**<br>425 Market Street<br>26th Floor<br>San Francisco, CA 94105<br>(415) 777-3200<br>(415) 541-9366 Fax<br>Attorneys For **PLAINTIFF**<br><br>swolff@hansonbridgett.com<br>kfranklin@hansonbridgett.com | Tyson M. Shower, Esq.<br>**HANSON BRIDGETT**<br>500 Capitol Mall<br>Suite 1500<br>Sacramento, CA 95814<br>(916) 442-3333<br>(916) 442-2348 Fax<br>Attorneys For **PLAINTIFFS**<br><br>tshower@hansonbridgett.com | Victor Otten, Esq.<br>**OTTEN LAW, PC**<br>3620 Pacific Coast Highway<br>Suite 100<br>Torrance, CA 90505<br>(310) 378-8533<br>(310) 347-4225 Fax<br>Attorneys For **PLAINTIFFS**<br><br>vic@ottenlawpc.com |
|---|---|---|
| Jacob Song, Esq.<br>**KUTAK ROCK LLP**<br>5 Park Plaza<br>Suite 1500<br>Irvine, CA 92614<br>(949) 417-0999<br>(949) 417-5639<br>Attorney For **CITY OF PALOS VERDES ESTATES and JEFF KEPLEY, in his representative capacity, serves as the Chief of Police Department of Defendant City of Palos Verdes Estates.**<br><br>jacob.song@kutakrock.com | J. Patrick Carey, Esq.<br>**LAW OFFICE OF PATRICK CAREY**<br>1230 Rosecrans Avenue<br>Suite 270<br>Manhattan Beach, CA 90266<br>(310) 526-2237<br>(310) 356-3671 Fax<br>Attorney For **ALAN JOHNSTON individual membeer of LUNADA BAY BOYS aka JALIAN JOHNSTON**<br><br>pat@patcareylaw.com | Aaron G. Miller, Esq.<br>**THE PHILIPS FIRM**<br>800 Wilshire Boulevard<br>Suite 1550<br>Los Angeles, CA 90017<br>(213) 244-9913<br>(213) 244-9915 Fax<br>Attorneys For **ANGELO FERRARA**<br><br>amiller@thephillipsfirm.com |
| Mark Fields, Esq.<br>**LAW OFFICES OF MARK C. FIELDS**<br>333 So. Hope Street<br>Suite 3500<br>Los Angeles, CA 90071<br>(213) 617-5225<br>(213) 629-2420 Fax<br>Attorney For **ANGELO FERRARA an individual member of LUNADA BAY BOYS and N.F. an individual member of LUNADA BAY BOYS**<br><br>fields@markfieldslaw.com | Peter R. Haven, Esq.<br>**HAVEN LAW**<br>1230 Rosecrans Avenue<br>Suite 300<br>Manhattan Beach, CA 90266<br>(310) 272-5353<br>(213) 477-2137 Fax<br>Attorneys For **MICHAEL RAY PAPAYANS**<br><br>peter@havenlaw.com | Dana Alden Fox, Esq.<br>**LEWIS BRISBOIS BISGAARD & SMITH, LLP**<br>633 W. 5th Street<br>Site 4000<br>Los Angeles, CA 90071<br>(213) 580-3858<br>(213) 250-7900 Fax<br>Attorneys For **SANG LEE**<br><br>Dana.Fox@lewisbrisbois.com |

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

2

H:\1178\176\PROOF OF SERVICE.docx