# EXHIBIT 33

```
 1  EDWIN J. RICHARDS (SBN 43855)
    Email: Ed.Richards@kutakrock.com
 2  ANTOINETTE P. HEWITT (SBN 181099)
    Email: Antoinette.hewitt@kutakrock.com
 3  CHRISTOPHER D. GLOS (SBN 210877)
    Email: Christopher.Glos@kutakrock.com
 4  REBECCA L. WILSON (SBN 257613)
    Email: Rebecca.Wilson@kutakrock.com
 5  KUTAK ROCK LLP
    Suite 1500
 6  5 Park Plaza
    Irvine, CA 92614-8595
 7  Telephone:  (949) 417-0999
    Facsimile:  (949) 417-5394
 8
 9  Attorneys for Defendants
    CITY OF PALOS VERDES ESTATES and
10  CHIEF OF POLICE JEFF KEPLEY
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, | Case No. 2:16-cv-02129-SJO-RAO<br><br>Assigned to<br>District Judge: Hon. S. James Otero<br>Courtroom: 1<br><br>Assigned Discovery:<br>Magistrate Judge: Hon. Rozella A. Oliver<br><br>[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]<br><br>**DEFENDANT CITY OF PALOS VERDES ESTATES' RESPONSES TO INTERROGATORIES SET ONE PROPOUNDED BY PLAINTIFF CORY SPENCER**<br><br>Complaint Filed:  March 29, 2016<br>Trial:  November 7, 2017 |
|---|---|

Defendants.

PROPOUNDING PARTY:     Plaintiff, CORY SPENCER.

RESPONDING PARTY:     Defendant, CITY OF PALOS VERDES

SET NUMBER:     ONE

Defendant CITY OF PALOS VERDES (the "City"), pursuant to Fed. R. Civ. P. 33, hereby responds to Plaintiff CORY SPENCER's Interrogatories (Set One). The City's discovery and investigation efforts in this litigation are ongoing and not complete at this time. These responses are based on information currently available to the City. The City reserves the right to supplement or amend these responses as additional facts are ascertained and as discovery progresses.

Although the information contained in these responses is based upon the facts and information currently known or believed by the City, the City reserves the right to rely upon and to present as evidence at trial any additional information that may be discovered or developed by the City and its attorneys throughout the course of this litigation.

## GENERAL OBJECTIONS

1. Each response provided and any documents identified therein are subject to all objections including, but not limited to, privilege, relevancy, authenticity, and admissibility which would require exclusion of the evidence if were offered in Court, all of which are hereby expressly reserved.

2. The City objects to each of the interrogatories to the extent those interrogatories are overly broad, unduly burdensome, or seek documents or information irrelevant to any issue in this action and/or disproportionate to the needs of this case, to the extent that responding to such interrogatories are not important to resolving issues in this case or unduly consume the City's resources.

3. The City objects to each of the interrogatories to the extent they seek

documents, tangible things, or information that have been prepared in anticipation of litigation or for trial, or are otherwise subject to privilege/protection pursuant to the attorney-client privilege or the attorney work-product doctrine.

4. The City objects to each of the interrogatories to the extent they seek documents or information subject to protection from disclosure under the attorney-client privilege or any other applicable privilege.

5. The City objects to the interrogatories to the extent they seek information or documents not in the possession, custody, or control of the City.

6. The City objects to each of the interrogatories to the extent that the burden or expense of responding to such interrogatories outweighs the benefit to any party, thereby rendering such interrogatories irrelevant.

7. The fact that the City has provided a factual response or identified a document is not an admission that the fact or document is admissible in evidence, and is not to be construed as a waiver of an objection, which may hereafter be interposed to the admissibility of such fact or document as evidence in this case.

8. The City is continuing its investigation and analysis of this matter, and has not yet concluded its investigation, discovery, and preparation for trial. Therefore, these responses are given without prejudice to the City's right to produce or use any subsequently discovered facts or writings or to add to, modify, or otherwise change or amend the responses herein. These responses are based on writings and information currently available to the City. The information is true and correct to the best of the City's knowledge, as of this date, and is subject to correction and supplementation for any inadvertent errors, mistakes or omissions.

9. This preliminary statement and all general objections are hereby incorporated into each of the following responses.

10. These responses and objections will be supplemented to the extent required by Fed. R. Civ. P. 26(e)

.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Do YOU contend that a RATIONAL BASIS exists for YOU to treat RESIDENTS of the CITY differently from NON-RESIDENTS of the CITY with regard to facilitating lawful, safe, and secure access to LUNADA BAY?

**RESPONSE TO INTERROGATORY NO. 1:**

Objection. The City incorporates by reference its General Objections as though set forth fully herein. The City objects to this interrogatory to the extent it is overbroad and vague as to definition provided for the term "CITY"; Plaintiffs' definition as stated encompasses the City's departments of Building & Safety; Code Enforcement; Fire and Paramedic Planning; Public Works; Police Department, Recreation; City Council; City Manager; City Clerk; Finance; and Human Resources, among other commissions and committees. It is unclear which of these City departments this interrogatory references. The City further objects to this interrogatory as irrelevant in view of the numerous departments encompassed by this request, insofar as the interrogatory lacks proportionality as defined by Fed. R. Civ. P. 26(b)(1), unduly consumes the City's resources, does not have any bearing on the issues of this litigation, and to the extent that the burden and/or expense of responding to this interrogatory outweighs any negligible benefit. The City further objects to this interrogatory to the extent that its factual premise is faulty and assumes that the City (as overbroadly/vaguely defined) treats residents differently from non-residents regarding access to the geographic area referenced. The faulty premise of the interrogatory precludes a response in the affirmative or negative. The City further objects to this interrogatory as directed to issues of pure law in violation of Fed. R. Civ. P. 33. The City further objects to this interrogatory as overbroad, insofar as it fails to indicate a timeframe. The City further objects to the terms "treat" and "differently" as vague as stated, and also vague and overbroad in view of the definition of "City" as used by Plaintiffs; the City provides the below-

response understanding the terms used in this interrogatory to refer to how the various City departments, employees, and personnel interact with residents and non-residents in accessing the geographic area of Lunada Bay, if at all.

Subject to the foregoing objections, and understanding this interrogatory as referring to all City departments, employees, and personnel, the City responds as follows: No. The City does not treat residents differently from non-residents with regard to facilitating lawful, safe, and secure access to LUNADA BAY.

**INTERROGATORY NO. 2:**

If your responses to Interrogatory No. 1 is anything other than an unqualified "no," explain the nature of the RATIONAL BASIS YOU contend exists to treat RESIDENTS of the CITY differently from NON-RESIDENTS of the CITY with regard to facilitating lawful, safe, and secure access to LUNADA BAY, including an explanation of YOUR position, ALL facts YOU contend support YOUR position, and ALL authorities YOU contend support YOUR position.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. The City incorporates by reference its General Objections as though set forth fully herein. The City objects to this interrogatory to the extent it is overbroad and vague as to definition provided for the term "CITY"; Plaintiffs' definition as stated encompasses the City's departments of Building & Safety; Code Enforcement; Fire and Paramedic Planning; Public Works; Police Department, Recreation; City Council; City Manager; City Clerk; Finance; and Human Resources, among other commissions and committees. It is unclear which of these City departments this interrogatory references. The City further objects to this interrogatory as irrelevant in view of the numerous departments encompassed by this request, insofar as the interrogatory lacks proportionality as defined by Fed. R. Civ. P. 26(b)(1), unduly consumes the City's resources, does not have any bearing on the issues of this litigation, and to the extent that the burden and/or expense of responding to this interrogatory outweighs any negligible benefit. The City further

objects to this interrogatory to the extent that its factual premise is faulty and assumes that the City (as overbroadly/vaguely defined) treats residents differently from non-residents regarding access to the geographic area referenced. The faulty premise of the interrogatory precludes a response in the affirmative or negative. The City further objects to this interrogatory as directed to issues of pure law in violation of Fed. R. Civ. P. 33. The City further objects to this interrogatory as overbroad, insofar as it fails to indicate a timeframe. The City further objects to the terms "treat" and "differently" as vague as stated, and also vague and overbroad in view of the definition of "City" as used by Plaintiffs; the City provides the below-response understanding the terms used in this interrogatory to refer to how the various City departments, employees, and personnel interact with residents and non-residents in accessing the geographic area of Lunada Bay, if at all.

Subject to the foregoing objections, and understanding this interrogatory as referring to all City departments, employees, and personnel, the City responds as follows: Not applicable.

Dated: November 3, 2016                KUTAK ROCK LLP


By: /s/ *Edwin J. Richards*
Edwin J. Richards
Antoinette P. Hewitt
Christopher D. Glos
Rebecca L. Wilson
Attorneys for Defendants
CITY OF PALOS VERDES ESTATES
and CHIEF OF POLICE JEFF KEPLEY

# VERIFICATION

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT

*Cory Spencer, et al v. Lunada Bay Boys, et al.*

CASE NO.: 2:16-cv-02129-SJO-RAO

    I have read **CITY OF PALOS VERDES ESTATES' RESPONSES TO INTERROGATORIES, SET ONE, PROPOUNDED BY PLAINTIFF CORY SPENCER,** and am familiar with its contents.

    I am a representative of the City of Palos Verdes Estates, California, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing response and am familiar with its contents. Based upon information presently known, I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

    I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

    Executed on November 2, 2016, at Palos Verdes Estates, California.

_____
ANTON DAHLERBRUCH

Kutak Rock LLP
Attorneys At Law
Irvine

4821-5319-1739.1
11317-242

VERIFICATION

# PROOF OF SERVICE

*Cory Spencer, et al v. Lunada Bay Boys, et al.*

USDC, Central District, Western Division Case No.: 2:16-cv-02129-SJO (RAOx)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1500, Irvine, California 92614.

On **November 3, 2016**, I served on all interested parties as identified on the below mailing list the following document(s) described as:

**DEFENDANTS CITY OF PALOS VERDES ESTATES' RESPONSES TO INTERROGATORIES SET ONE PROPOUNDED BY PLAINTIFF CORY SPENCER**

[X] **(BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this(these) document(s) will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(BY ELECTRONIC MAIL)** The above document was served electronically on the parties appearing on the service list associated with this case. A copy of the electronic mail transmission[s] will be maintained with the proof of service document. .

**SEE ATTACHED SERVICE LIST**

[X] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **November 3, 2016,** at Irvine, California.

_____
Danielle Weber

| | SERVICE LIST | |
|---|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Attorneys for Plaintiffs<br><br>Telephone: (415) 442-3200<br>Facsimile: (415) 541-9366<br><br>kfranklin@hansonbridgett.com<br>swolff@hansonbridgett.com<br>clee@hansonbridgett.com | |
| Tyson M. Shower, Esq.<br>Landon D. Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | Attorneys for Plaintiffs<br><br>Telephone: (916) 442-3333<br>Facsimile: (916) 442-2348<br><br>tshower@hansonbridgett.com<br>lbailey@hansonbridgett.com | |
| Victor Otten, Esq.<br>Kavita Tekchandani, Esq.<br>OTTEN LAW PC<br>3620 Pacific Coast Highway, #100<br>Torrance, CA 90505 | Attorneys for Plaintiffs<br><br>Telephone: (310) 378-8533<br>Facsimile: (310) 347-4225<br><br>vic@ottenlawpc.com<br>kavita@ottenlawpc.com | |
| Robert T. Mackey, Esq.<br>Peter H. Crossin, Esq.<br>Richard P. Dieffenbach, Esq.<br>John P. Worgul, Esq.<br>VEATCH CARLSON, LLP<br>1055 Wilshire Boulevard, 11th Floor<br>Los Angeles, CA 90017 | Attorneys for Defendant BRANT BLAKEMAN<br><br>Telephone: (213) 381-2861<br>Facsimile: (213) 383-6370<br><br>rmackey@veatchfirm.com<br>pcrossin@veatchfirm.com<br>rdieffenbach@veatchfirm.com<br>jworgul@veatchfirm.com | |
| Robert S. Cooper, Esq.<br>BUCHALTER NEMER, APC<br>1000 Wilshire Blvd., Ste. 1500<br>Los Angeles, CA 90017 | Attorney for Defendant BRANT BLAKEMAN<br><br>Telephone: (213) 891-5230<br>Facsimile: (213) 896-0400 | |

| | |
|---|---|
| | rcooper@buchalter.com |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant ALAN JOHNSTON aka JALIAN JOHNSTON<br><br>Telephone: (310) 526-2237<br>Facsimile: (310) 526-2237<br><br>pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |
| Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant MICHAEL RAY PAPAYANS<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br><br>peter@hblwfirm.us<br>peter@havenlaw.com |
| Mark C. Fields<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants ANGELO FERRARA; N.F. appearing through [Proposed] Guardian Ad Litem, Leonora Ferrara Attorney for Petitioner<br><br>Telephone: (213) 948-2349<br><br>fields@markfieldslaw.com |
| Thomas M. Phillips, Esq.<br>Aaron G. Miller<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant ANGELO FERRARA<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br>tphillips@thephillipsfirm.com |
| Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tera Lutz, Esq. | Attorney for Defendant SANG LEE<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900 |

Kutak Rock LLP
Attorneys At Law
Irvine

4824-3200-0052.1 - 2 - 2:16-cv-02129-SJO-RAO
PROOF OF SERVICE

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Dana.Fox@lewisbrisbois.com<br>Edward.Ward@lewisbrisbois.com<br>Eric.Kizirian@lewisbrisbois.com<br>Tera.Lutz@lewisbrisbois.com |
| 5<br>6<br>7<br>8<br>9 | Daniel M. Crowley, Esq.<br>BOOTH, MITCHEL & STRANGE<br>707 Wilshire Boulevard, Suite 4450<br>Los Angeles, CA 90017 | Co-Counsel for Defendant SANG LEE<br><br>Telephone: (213) 738-0100<br>Facsimile: (213) 380-3308<br><br>dmcrowley@boothmitchel.com |
| 10<br>11<br>12<br>13<br>14<br>15 | Patrick Au, Esq.<br>Laura L. Bell, Esq.<br>BREMER WHYTE BROWN & O'MEARA<br>21271 Burbank Boulevard, Suite 110<br>Woodland Hills, CA 91367 | Attorneys for Defendants FRANK FERRARA and CHARLIE FERRARA<br><br>Telephone: (818) 712-9800<br>Facsimile: (818) 712-9900<br><br>pau@bremerwhyte.com<br>lbell@bremerwhyte.com |

16
17
18
19
20
21
22
23
24
25
26
27
28

**KUTAK ROCK LLP**
SUITE 1500
5 PARK PLAZA
IRVINE, CA 92614-8595

KURT A. FRANKLIN, ESQ.
SAMANTHA WOLFF, ESQ.
CAROLINE LEE, ESQ.
HANSON BRIDGETT LLP
425 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CA 94105

9410E3E5401 C005

HASLER
$0.705

US POSTAGE

for
Celorna
HANSON BRIDGETT
RECEIVED
NOV 07 2016
CALENDAR DEPARTMENT