1   HANSON BRIDGETT LLP
    KURT A. FRANKLIN, SBN 172715
2   kfranklin@hansonbridgett.com
    LISA M. POOLEY, SBN 168737
3   lpooley@hansonbridgett.com
    SAMANTHA WOLFF, SBN 240280
4   swolff@hansonbridgett.com
    JENNIFER ANIKO FOLDVARY, SBN 292216
5   jfoldvary@hansonbridgett.com
    425 Market Street, 26th Floor
6   San Francisco, California 94105
    Telephone:  (415) 777-3200
7   Facsimile:   (415) 541-9366

8   HANSON BRIDGETT LLP
    TYSON M. SHOWER, SBN 190375
9   tshower@hansonbridgett.com
    LANDON D. BAILEY, SBN 240236
10  lbailey@hansonbridgett.com
    500 Capitol Mall, Suite 1500
11  Sacramento, California 95814
    Telephone:  (916) 442-3333
12  Facsimile:   (916) 442-2348

13  OTTEN LAW, PC
    VICTOR OTTEN, SBN 165800
14  vic@ottenlawpc.com
    KAVITA TEKCHANDANI, SBN 234873
15  kavita@ottenlawpc.com
    3620 Pacific Coast Highway, #100
16  Torrance, California 90505
    Telephone:  (310) 378-8533
17  Facsimile:   (310) 347-4225

18  Attorneys for Plaintiffs
    CORY SPENCER, DIANA MILENA
19  REED, and COASTAL PROTECTION
    RANGERS, INC.

20

21              UNITED STATES DISTRICT COURT

22      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

23

24  CORY SPENCER, an individual;      CASE NO. 2:16-cv-02129-SJO (RAOx)
    DIANA MILENA REED, an
25  individual; and COASTAL           **DECLARATION OF ANDREW
                                       WILLIS IN SUPPORT OF
26  PROTECTION RANGERS, INC., a       PLAINTIFFS' OPPOSITION TO
    California non-profit public benefit DEFENDANTS CITY OF PALOS
27  corporation,                       VERDES ESTATES AND CHIEF OF
                                       POLICE JEFF KEPLEY'S MOTION
28                                     FOR SUMMARY JUDGMENT OR IN**

                                       Case No. 2:16-cv-02129-SJO (RAOx)

DECL. OF A. WILLIS ISO PLTFS.' OPPOSITION TO DEFTS. CITY OF PALOS VERDES ESTATES AND CHIEF
OF POLICE JEFF KEPLEY'S MOT. FOR SUMM. JUDGMENT OR, IN THE ALT., SUMM. ADJUD.

13644907.2

| | | |
|---|---|---|
| 1 | Plaintiffs, | **THE ALTERNATIVE SUMMARY ADJUDICATION** |
| 2 | v. | |
| 3 | LUNADA BAY BOYS; THE | |
| 4 | INDIVIDUAL MEMBERS OF THE | Judge:   Hon. S. James Otero |
| 5 | LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT | Date:    August 21, 2017<br>Time:    10:00 a.m.<br>Crtrm.:   10C |
| 6 | BLAKEMAN, ALAN JOHNSTON | |
| 7 | AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, | |
| 8 | ANGELO FERRARA, FRANK | Complaint Filed:   March 29, 2016 |
| 9 | FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES | Trial Date:       November 7, 2017 |
| 10 | ESTATES; CHIEF OF POLICE JEFF | |
| 11 | KEPLEY, in his representative capacity; and DOES 1-10, | |
| 12 | | |
| 13 | Defendants. | |

15    I, ANDREW WILLIS, declare as follows:

16    1.    I am the Southern California Enforcement Supervisor for the California

17  Coastal Commission.  As such, I oversee Coastal Act enforcement for the portion of

18  the Coastal Zone, as that phrase is defined in Public Resources Code section 30103,

19  that extends from the northern Santa Barbara County line south to the international

20  border.  I have worked in enforcement for the California Coastal Commission since

21  November 1, 2004.  I have personal knowledge of the facts set forth herein, except

22  as to those stated on information and belief and, as to those, I am informed and

23  believe them to be true.  If called as a witness, I could and would competently testify

24  to the matters stated herein.

25    2.    As background, as noted above, my employer is the California Coastal

26  Commission (the "Commission").  It is my understanding that its predecessor was

27  established by voter initiative in 1972 (Proposition 20), with a sunset provision, and

28  the Commission itself was established and made permanent by the Legislature

DECL. OF A. WILLIS ISO PLTFS.' OPPOSITION TO DEFTS. CITY OF PALOS VERDES ESTATES AND CHIEF
OF POLICE JEFF KEPLEY'S MOT. FOR SUMM. JUDGMENT OR, IN THE ALT., SUMM. ADJUD.

1    through adoption of the California Coastal Act of 1976, Cal. Pub. Res. Code
2    §§ 30000 *et seq.*.  The Commission's express mission is to protect and enhance
3    California's coast and ocean for present and future generations. [1]  It does so through
4    careful planning and regulation of development, rigorous use of science, facilitation
5    of strong public participation, education, effective intergovernmental coordination,
6    and enforcement efforts.
7        3.      While Commission enforcement staff like me endeavor to actively
8    monitor activities within California's coastal zone insofar as possible, we have
9    limited staffing, a limited budget, and very limited resources.  In fact, to cover more
10    than 1,250 shoreline miles, investigate and pursue violations administratively, and
11    support enforcement pursued in litigation, there are just 14 enforcement personnel
12    statewide.  The enforcement team is supported by a single in-house lawyer who also
13    represents other divisions of the Commission and is represented in litigation by the
14    California Attorney General's Office.  Thus, given our limited resources that must
15    be used to cover the Coastal Zone of the entire State of California, cooperating
16    coastal access organizations and private citizen lawsuits that seek to enforce coastal
17    access laws, or that otherwise support open access to the state's beaches, can also
18    play an important role in coastal protection in California.  Here, while counsel in the
19    *Spencer* matter do not represent the Commission, as the Commission's Southern
20    California Enforcement Supervisor, I continue to monitor the litigation, and I am
21    supportive of Plaintiffs' efforts, because of the value assigned to public coastal
22    access by the State, including Plaintiffs' effort to make Palos Verdes Estates beaches
23    more accessible to all people, regardless of where they live or their income level.  I
24    am also supportive of Plaintiffs' efforts because my office has limited resources to

[1] See the Coastal Commission's mission statement at
https://www.coastal.ca.gov/whoweare.html.

Case No. 2:16-cv-02129-SJO (RAOx)
DECL. OF A. WILLIS ISO PLTFS.' OPPOSITION TO DEFTS. CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOT. FOR SUMM. JUDGMENT OR, IN THE ALT., SUMM. ADJUD.

13644907.2

1  quickly resolve every violation of law related to access to the coast, and the

2  Commission enforcement staff is generally limited to enforcement of the Coastal

3  Act, while Plaintiffs' causes of action are more diverse, and these other ways to

4  protect and ensure access to the States' coastal resources can provide an important

5  complement to my role that furthers the Commission's objectives.  Here, the overall

6  situation in the City of Palos Verdes Estates ("City") still requires change and

7  improvements to ensure public access to Lunada Bay is available to all.  More

8  specifically, I am not satisfied that the City's efforts to address the illegal

9  exclusionary activity on a publicly owned beach has fully remedied the situation,

10  and steps remain that the City should take to improve access to Lunada Bay.

11       4.     My office has been in communication with counsel in the *Spencer*

12  matter.  As the Southern California Enforcement Supervisor for the Commission,

13  given the potential for ongoing preclusion of coastal access at Lunada Bay, I believe

14  the *Spencer* litigation presents important issues under the law.  Moreover, Plaintiffs'

15  efforts may continue to work as a catalyst to encourage the City to survey its options

16  to ensure compliance with respect to laws that support access to California's coast.

17  Without judicial assistance, I am of the opinion that the potential remains that

18  beachgoers are being denied access to Lunada Bay in violation of the law, and, thus,

19  are continuing to suffer irreparable harm.

20       5.     The Coastal Commission supports equal justice requirements that

21  promote equal access to the beach and coastal zones regardless of where a person

22  lives, and that prohibit discrimination based on income, wealth, race, color, national

23  origin, and other protected categories.[2]  My staff have received complaints about

24  localism at Lunada Bay, and that beachgoers are deterred from visiting out of fear

25

26

27  [2]  See for instance section 30013 (Environmental Justice) of the California Public Resources Code.

28

DECL. OF A. WILLIS ISO PLTFS.' OPPOSITION TO DEFTS. CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S MOT. FOR SUMM. JUDGMENT OR, IN THE ALT., SUMM. ADJUD.

13644907.2

1   for safety to themselves, their families and friends, and their personal property.

2   These complaints cause the Commission grave concern.

3         6.    In my job as the Southern California Enforcement Supervisor for the

4   Commission, I support efforts that (a) provide coastal experiences to lower-income

5   or other underserved populations, (b) increase the number of people visiting the

6   coast, including people from inland and poor communities, (c) improve barrier-free

7   access to persons with disabilities, (d) provide valuable recreational, environmental,

8   cultural or historical learning experiences, (e) mitigate discriminatory impact to

9   beachgoers, and ensure access to the coast without discrimination based on income,

10  wealth, race, ethnicity, sexual orientation, culture, or other protected categories;

11  (f) increase stewardship of coastal resources, and (g) enhance the public's coastal

12  experience in a way that does not currently exist.  In this effort, in addition to

13  working with non-profit and other coastal advocacy groups, the Coastal

14  Commission occasionally teams up with the California State Coastal Conservancy,

15  and the State Lands Commission.

16        7.    In my work as Southern California Enforcement Supervisor for the

17  Commission, I understand that the State Coastal Conservancy commissioned

18  Probolsky Research on Public Policy early this year to conduct a survey of 1,200

19  California residents, which survey was conducted between March 23 and March 29,

20  2017.  This research is valuable to my work for the Coastal Commission.  This

21  survey found that 71.1% of Californians from inland areas state they wish they

22  could visit the coast more often.  Attached here to as Exhibit 1 is a true and correct

23  copy of what I understand to be the California State Coastal Conservancy Statewide

24  Survey.

25        8.    In my job as the Southern California Enforcement Supervisor for the

26  California Coastal Commission, I have reviewed State Lands Commission and

27  Coastal Commission records, and I understand from those records that Lunada Bay

28  is public trust land legislatively granted from the State of California to the City of

DECL. OF A. WILLIS ISO PLTFS.' OPPOSITION TO DEFTS. CITY OF PALOS VERDES ESTATES AND CHIEF
OF POLICE JEFF KEPLEY'S MOT. FOR SUMM. JUDGMENT OR, IN THE ALT., SUMM. ADJUD.

13644907.2

1   Palos Verdes Estates.  More specifically, the State of California granted the City of

2   Palos Verdes Estates a sovereign tide and submerged lands trust in 1963, which was

3   amended in 1968.  This grant requires and was conditioned upon the granted land to

4   be used for statewide interests, including for "preservation of areas…for activities

5   such as surfing and other water sports, and the natural beauty and biological

6   resources and activities related thereto…" (Chap. 1975, Stats. 1963; Chap. 316,

7   Stats. 1968)  Further, the City cannot at any time grant, convey, give or alienate

8   such lands, or any part thereof, to any individual, firm or corporation for any

9   purposes whatever….." And, "[i]n the management, conduct, operation and control

10  of said lands or any improvements, betterments, or structures thereon, the city or its

11  successors shall make no discrimination in rates, tolls or charges for any use or

12  service in connection therewith."  And, the State "reserve[s] to the people of

13  California the right to fish in the waters on said lands with the right of convenient

14  access to said water over said lands for said purpose."  Attached hereto as Exhibits 2

15  and 3 are true and correct copies of Statutes of 1963 relating to tide and submerged

16  lands granted in trust to the City of Palos Verdes Estates, and the 1968 amendment.

17        9.      Upon information and belief, the "Master Plan for Palos Verdes Estates

18  Shoreline Preserve" was adopted by the City on March 10, 1970.  The Master Plan

19  recognizes certain recreational opportunities on the Palos Verdes Estates coastline,

20  including surfing, scuba diving, swimming, and boating.  Further, it recommended

21  delineation and improvement of access trails to encourage the activities while

22  promoting public safety – and identified Lunada Bay as being an area where

23  reasonably safe trails should be improved and provided.  And Lunada Bay was to be

24  considered as an improved viewing site.  Attached hereto as Exhibit 4 is a true and

25  correct cope of the City of Palos Verdes Estates Shoreline Preserve Master Plan.

26        10.     Upon information and belief, after the State's substantial-compliance

27  investigation, the State confirmed that the grant to the City including Lunada Bay

28  was to be used "…for purposes in which there is a general statewide interest."

DECL. OF A. WILLIS ISO PLTFS.' OPPOSITION TO DEFTS. CITY OF PALOS VERDES ESTATES AND CHIEF
OF POLICE JEFF KEPLEY'S MOT. FOR SUMM. JUDGMENT OR, IN THE ALT., SUMM. ADJUD.

13644907.2

1   Attached hereto as Exhibit 5 is a Staff Report from the State Lands Commission

2   dated 8/20/1981.  Also, according to a 1991 Coastal Commission Staff Report,

3   "[t]he city has provided the general location of 16 accessways in the Shoreline

4   Preserve Master Plan (Exhibits 3-4)".  But the City was to "adopt a policy that

5   supports appropriate public action to retain and improve….the City's accessways

6   including the erection of signs to inform the public of the existence and nature of the

7   Shoreline Preserve and locations of improved public accessways to the shore…"

8   Attached hereto as Exhibit 6 is a July 1, 1991 Staff report to the California Coastal

9   Commission on the Palos Verdes Estates' Local Coastal Program (LCP), which

10  includes a Land Use Plan (LUP) and Local Implementation Program (LIP).

11       11.    In addition to the Coastal Act, the California Constitution provides that

12  no individual, partnership or corporation possessing frontage or tidal lands of any

13  navigable water in the State shall be permitted to exclude the right of way to such

14  waterway whenever it is required for any public purpose and that the State shall

15  enact laws that give the "most liberal construction" to this provision so that "access

16  to navigable waters of this State shall be always attainable for the people thereof."

17  Attached here to as Exhibit 7 is a true and correct copy of "Article X Water," Sec. 4,

18  of the California Constitution.

19       12.    As noted above, my office and staff have received complaints that

20  locals at Lunada Bay are deterring visitors to this area of the California coast, which

21  causes the Coastal Commission substantial concern.  Moreover, along with my staff,

22  I have come to the conclusion that Lunada Bay is underutilized by surfers and other

23  beachgoers compared to similar prized areas of the California coastal zone.

24       13.    The Coastal Commission has relied on reports prepared by Dr. Philip

25  King at various times related to issues of beach valuation and beach counts.  Further,

26  I have reviewed Dr. Philip King's declarations (Doc. Nos. 182-4 and 216-1) in

27  support of the Plaintiffs' motion to support class certification.  In terms of Dr. King

28  using the Trestles coastal area in his comparator analysis, Trestles is within my

DECL. OF A. WILLIS ISO PLTFS.' OPPOSITION TO DEFTS. CITY OF PALOS VERDES ESTATES AND CHIEF
OF POLICE JEFF KEPLEY'S MOT. FOR SUMM. JUDGMENT OR, IN THE ALT., SUMM. ADJUD.

13644907.2

1   jurisdiction.  I know the Trestles area coastal zone well, including from in-person

2   visits: Trestles is located at the northern end of Camp Pendleton Marine Base in San

3   Diego County abutting the City of San Clemente at the Orange County border, and

4   is a long beach with several distinct areas/breaks – from north to south these are

5   Cottons, Upper Trestles, Barbwires, Lower Trestles, Middles and Church.  It is

6   common for surfers to report that they have driven long distances, or even flown

7   from other countries, to surf and visit Trestles areas/breaks.

8        14.    The Trestles areas/breaks regularly have a large number of surfers

9   using them, and Cottons, Upper Trestles, and Lower Trestles are typically the most

10  heavily used.  In reviewing Dr. King's declarations, in my experience I concur that

11  the Trestles areas/breaks may receive up to about 330,000 surf trip visits annually.  I

12  understand this number comes from a study that Dr. Chad Nelson conducted, who

13  cites to annual attendance records generated by State Park lifeguards for this

14  number.  https://www.surfrider.org/coastal-blog/entry/the-economics-of-surfing

15  ftp://reef.csc.noaa.gov/pub/socioeconomic/NSMS/California/Literature/Nelsen_200

16  7.pdf.  In addition to travel, to use the Trestles areas/breaks, a surfer or other

17  beachgoer is required to make a long walk or bike ride from the parking area – a

18  majority of which requires an annual $195 State Park's parking pass or payment of

19  $15 a day to use.

20       15.    While Lunada Bay is a world class wave like Trestles, unlike Trestles,

21  Lunada Bay has ample free nearby public parking.  And unlike Trestles, Lunada

22  Bay is not bordered by a military base, but is fully surrounded by a more densely

23  populated area.  Thus, in consultation with my staff, we concur with Dr. King that

24  absent the issue of localism, Lunada Bay should have on average between 60-75

25  surfers per day using it during periods of good waves and a commensurate number

26  of surfers using it annually.  Our experience is that Lunada Bay has far fewer

27  visitors than this, and because of localism, far fewer than we would otherwise

28  expect.

DECL. OF A. WILLIS ISO PLTFS.' OPPOSITION TO DEFTS. CITY OF PALOS VERDES ESTATES AND CHIEF
OF POLICE JEFF KEPLEY'S MOT. FOR SUMM. JUDGMENT OR, IN THE ALT., SUMM. ADJUD.

13644907.2

1      I declare under penalty of perjury under the laws of the United States of

2  America that the foregoing is true and correct.

3      Executed on this 25th day of July, 2017, at Long Beach,

4  California.

6                       ANDREW WILLIS

Case No. 2:16-cv-02129-SJO (RAOx)

DECL. OF A. WILLIS ISO PLTFS.' OPPOSITION TO DEFTS. CITY OF PALOS VERDES ESTATES AND CHIEF
OF POLICE JEFF KEPLEY'S MOT. FOR SUMM. JUDGMENT OR, IN THE ALT., SUMM. ADJUD.

13644907.2