1    **VEATCH CARLSON, LLP**
     A Partnership Including Professional Corporations
2         1055 Wilshire Blvd., 11th Floor
            Los Angeles, California 90017
3              Telephone (213) 381-2861
               Facsimile (213) 383-6370
4    ROBERT T. MACKEY, State Bar No. 210810
     *rmackey@veatchfirm.com*
5    RICHARD P. DIEFFENBACH, State Bar No. 102663
     *rdieffenbach@veatchfirm.com*
6    JOHN E. STOBART, State Bar No. 248741
     *jstobart@veatchfirm.com*
7
     **BUCHALTER, APC**
8    1000 Wilshire Blvd., Suite 1500
     Los Angeles, CA 90017
9    (213) 891-0700
     ROBERT S. COOPER, State Bar No. 158878
10   *rcooper@buchalter.com*

11   Attorneys for Defendant,
     BRANT BLAKEMAN
12
     Attorneys for Defendant, BRANT BLAKEMAN
13

14             **UNITED STATES DISTRICT COURT**

15   **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

16
     CORY SPENCER, an individual;      ) **CASE NO.: 2:16-CV-02129-SJO-RAO**
17   DIANA MILENA REED, an individual;) **Hon. S. James Otero, Ctrm. 10C**
     and COASTAL PROTECTION           )
18   RANGERS, INC., a California non-prof) **Magistrate Judge:**
     public benefit corporation,       ) **Hon. Rozella A. Oliver**
19                                      )
                      Plaintiffs,       ) **NOTICE OF ERRATA RE**
20        vs.                           ) **DECLARATION OF RICHARD P.**
                                        ) **DIEFFENBACH IN SUPPORT OF**
21   LUNADA BAY BOYS; THE              ) **DEFENDANT BRANT BLAKEMAN'S**
     INDIVIDUAL MEMBERS OF THE         ) **MOTION FOR SUMMARY JUDGMENT**
22   LUNADA BAY BOYS, including but no) **DOCKET NUMBER 284-1**
     limited to SANG LEE, BRANT        )
23   BLAKEMAN, ALAN JOHNSTON AK)
     JALIAN JOHNSTON, MICHAEL RAE)
24   PAPAYANS, ANGELO FERRARA,         ) **Action Commenced:      3/29/2016**
     FRANK FERRARA, CHARLIE            ) **Discovery Cutoff:       8/17/17**
25   FERRARA, and N.F.; CITY OF PALOS) **Pretrial Conf.:        10/23/17**
     VERDES ESTATES; CHIEF OF         ) **Trial Date:            11/7/2017**
26   POLICE JEFF KEPLEY, in his        )
     representative capacity; and DOES 1-10.)
27                                      )
                                        )
28   _____  )
                      Defendants.       )

                                    1
     DEFENDANT'S/ MOTION FOR LEAVE TO FILE CROSS-COMPLAINT

**TO THE COURT AND TO ALL PARTIES:**

**PLEASE TAKE NOTICE** that Docket Number 284-1, Declaration of Richard P. Dieffenbach In Support of Defendant Brant Blakeman's Motion for Summary Judgment, was incomplete. A complete copy of the Declaration is attached hereto as Exhibit A, which now includes the Reporter's Transcript to all excerpts of the deposition transcripts.

Dated: August 3, 2017

**VEATCH CARLSON, LLP**

By: /s/ John E. Stobart
JOHN E. STOBART
Attorneys for Defendant,
BRANT BLAKEMAN

Dated: August 3, 2017

**BUCHALTER NEMER**

By: /s/ Robert S. Cooper
ROBERT S. COOPER
Attorneys for Defendant,
BRANT BLAKEMAN

NOTICE OF ERRATA RE DECLARATION OF RICHARD P. DIEFFENBACH

# EXHIBIT "A"

## VEATCH CARLSON, LLP

A Partnership Including Professional Corporations
1055 Wilshire Boulevard, 11th Floor
Los Angeles, California 90017
Telephone (213) 381-2861
Facsimile (213) 383-6370

ROBERT T. MACKEY, State Bar No. 210810
*rmackey@veatchfirm.com*
RICHARD P. DIEFFENBACH, State Bar No. 102663
*rdieffenbach@veatchfirm.com*
JOHN E. STOBART, State Bar No. 248741
*jstobart@veatchfirm.com*

Attorneys for Defendant, BRANT BLAKEMAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, <br><br> Defendants. | CASE NO.: 2:16-CV-2129-SJO-RAO <br> Hon. S. James Otero, Ctrm. 10C <br><br> **DECLARATION OF RICHARD P. DIEFFENBACH IN SUPPORT OF DEFENDANT BRANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT** <br><br> DATE:  August 21, 2017 <br> TIME:  10:00 a.m. <br> CTRM:  10C <br> 1st Street Courthouse <br><br> [Filed Concurrently with Defendant Brant Blakeman's Motion for Summary Judgment, Separate Statement in Support of Motion For Summary Judgment, Notice of Lodging A Video In Support of Motion for Summary Judgment, <br><br> Action Commenced:  03/29/2016 <br> Discovery Cutoff:  08/17/2017 <br> Pretrial Conf.:  10/23/2017 <br> Trial Date:  11/07/2017 |

///

///

///

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 5 of 81   Page ID
#:10934
Case 2:16-cv-02129-SJO-RAO   Document 285   Filed 07/24/17   Page 2 of 58   Page ID
#:6164

## DECLARATION OF RICHARD P. DIEFFENBACH

I, Richard P. Dieffenbach, declare as follows:

1.      I am an attorney licensed to practice under the laws of the State of California and am duly admitted to practice before this court. I am an associate with the law firm of Veatch Carlson, LLP, attorneys of record for defendant BRANT BLAKEMAN in this matter. As such, I am fully familiar with the facts and circumstances in this case and, if called as a witness, would and could competently testify to the facts set forth below.

2.      Attached hereto as Exhibit "A" is a true and correct copy of video footage taken by Brant Blakeman on February 13, 2016. The same video was previously lodged with this Court as a Exhibits to the Declaration of Diana Milena Reed in Support of Plaintiff's Motion for Class Certification.

3.      Attached hereto as Exhibit "B" are true and correct copies of the relevant portions of plaintiff Corey Spencer's Supplemental Responses to Special Interrogatories, Set One, served to Blakeman on February 24, 2017.

4.      Attached hereto as Exhibit "C" are true and correct copies of the relevant portions of plaintiff Diana Milena Reed's Supplemental Responses to Special Interrogatories, Set One, served to Blakeman on February 24, 2017.

5.      Attached hereto as Exhibit "D" are true and correct copies of the relevant pages from the transcript of the Deposition of Diana Milena Reed, taken on October 24 and 25, 2016.

6.      Attached hereto as Exhibit "E" are true and correct copies of the relevant pages from the transcript of the Deposition of Corey Spencer, taken on October 11, 2016.

///
///
///
///

DECLARATION OF RICHARD P. DIEFFENBACH IN SUPPORT OF DEFENDANT
BRANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT

7.     Attached hereto as Exhibit "F" are true and correct copies of the relevant pages from the transcript of the Deposition of Christopher Taloa, taken on January 5, 2017.

I attest under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 24th day of July, 2017, at Los Angeles, California.


/s/ Richard P. Dieffenbach
Richard P. Dieffenbach, Declarant

DECLARATION OF RICHARD P. DIEFFENBACH IN SUPPORT OF DEFENDANT
BRANT BLAKEMAN'S MOTION FOR SUMMARY JUDGMENT

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 7 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 264-1   Filed 07/24/17   Page 4 of 58   Page ID
#:10936
#:6166

# EXHIBIT "A"

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 8 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 291-2   Filed 07/24/17   Page 5 of 58   Page ID
#:10937
#:6167

**<u>Exhibit A</u>:** Video footage taken on February 13, 2016 by Defendant Brant Blakeman, page number 4 to the Declaration of Richard P. Dieffenbach, Lodged with the Court pursuant to Local Rule 11-5.1. *See* Notice of Lodging filed concurrently herewith.

Case 2:16-cv-02129-SJO-RAO   Document 261   Filed 07/24/17   Page 6 of 58   Page ID
#:6168

# EXHIBIT "B"

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 10 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 10939   Filed 07/24/17   Page 7 of 58   Page ID
#:6169

1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
3  swolff@hansonbridgett.com
   CAROLINE LEE, SBN 293297
4  clee@hansonbridgett.com
   JENNIFER ANIKO FOLDVARY, SBN 292216
5  jfoldvary@hansonbridgett.com
   425 Market Street, 26th Floor
6  San Francisco, California 94105
   Telephone: (415) 777-3200
7  Facsimile:  (415) 541-9366

8  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
9  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
10 lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
11 Sacramento, California 95814
   Telephone: (916) 442-3333
12 Facsimile:  (916) 442-2348

13 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
14 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
15 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
16 Torrance, California 90505
   Telephone: (310) 378-8533
17 Facsimile:  (310) 347-4225

18 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
19 REED, and COASTAL PROTECTION
   RANGERS, INC.

20

21              UNITED STATES DISTRICT COURT

22      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

23

24 CORY SPENCER, an individual;          CASE NO. 2:16-cv-02129-SJO (RAOx)
   DIANA MILENA REED, an
25 individual; and COASTAL              **PLAINTIFF COREY SPENCER
   PROTECTION RANGERS, INC., a          SUPPLEMENTAL RESPONSES TO
26 California non-profit public benefit  INTERROGATORIES, SET ONE
   corporation,                         PROPOUNDED BY DEFENDANT
27                                       BLAKE BLAKEMAN**

28

                                        Case No. 2:16-cv-02129-SJO (RAOx)
   PLAINTIFF COREY SPENCER SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE
                 PROPOUNDED BY DEFENDANT BLAKE BLAKEMAN

13002697.1

                                                                            7

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 11 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 310940   Filed 07/24/17   Page 8 of 58   Page ID
#:6170

1

2              Plaintiffs,                    Complaint Filed:   March 29, 2016
                                              Trial Date:        November 7, 2017
3       v.

4    LUNADA BAY BOYS; THE
     INDIVIDUAL MEMBERS OF THE
5    LUNADA BAY BOYS, including but
6    not limited to SANG LEE, BRANT
     BLAKEMAN, ALAN JOHNSTON
7    AKA JALIAN JOHNSTON,
8    MICHAEL RAE PAPAYANS,
     ANGELO FERRARA, FRANK
9    FERRARA, CHARLIE FERRARA,
10   and N. F.; CITY OF PALOS
     VERDES ESTATES; CHIEF OF
11   POLICE JEFF KEPLEY, in his
12   representative capacity; and DOES
     1-10,
13

14             Defendants.

15

16   PROPOUNDING PARTY:    Defendant BRANT BLAKEMAN

17   RESPONDING PARTY:     Plaintiff CORY SPENCER

18   SET NO.:              SUPPLEMENTAL (FURTHER)

19       Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff

20   CORY SPENCER ("Responding Party") hereby submits these objections

21   and responses to Interrogatories, Set One, propounded by Defendant

22   BRANT BLAKEMAN ("Propounding Party").

23                        **PRELIMINARY STATEMENT**

24       Nothing in this response should be construed as an admission by

25   Responding Party with respect to the admissibility or relevance of any fact,

26   or of the truth or accuracy of any characterization or statement of any kind

27   contained in Propounding Party's Interrogatories. Responding Party has not

28   completed its investigation of the facts relating to this case, its discovery or

8

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 12 of 81   Page ID
#:10941
Case 2:16-cv-02129-SJO-RAO   Document 301   Filed 07/24/17   Page 9 of 58   Page ID
#:6171

1   its preparation for trial. All responses and objections contained herein are

2   based only upon information that is presently available to and specifically

3   known by Responding Party. It is anticipated that further discovery,

4   independent investigation, legal research and analysis will supply additional

5   facts and add meaning to known facts, as well as establish entirely new

6   factual conclusions and legal contentions, all of which may lead to

7   substantial additions to, changes in and variations from the responses set

8   forth herein. The following objections and responses are made without

9   prejudice to Responding Party's right to produce at trial, or otherwise,

10  evidence regarding any subsequently discovered information. Responding

11  Party accordingly reserves the right to modify and amend any and all

12  responses herein as research is completed and contentions are made.

13          **SUPPLEMENTAL RESPONSES TO INTERROGATORIES**

14  **INTERROGATORY NO. 1:**

15          IDENTIFY ALL PERSONS that have knowledge of any facts that

16  support your contention that BRANT BLAKEMAN participated in any way in

17  the "commission of enumerated 'predicate crimes'" as alleged in paragraph

18  5 of the Complaint, and for each such PERSON identified state all facts you

19  contend are within that PERSON's knowledge.

20  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

21          Responding Party objects to this interrogatory as premature. Because

22  this interrogatory seeks or necessarily relies upon a contention, and

23  because this matter is in its early stages and pretrial discovery has only just

24  begun, Responding Party is unable to provide a complete response at this

25  time, nor is it required to do so. See *Kmiec v. Powerwave Techs. Inc. et al.*,

26  2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

27  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see

28  also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 13 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 310942   Filed 07/24/17   Page 10 of 58   Page ID
#:6172

1 | interrogatory need not be answered until designated discovery is complete,

2 | or until a pretrial conference or some other time.").

3 |      Responding Party further objects to this interrogatory as unduly

4 | burdensome, harassing, and duplicative of information disclosed in

5 | Responding Party's Rule 26(a) disclosures and supplemental disclosures.

6 | Propounding Party may look to Responding Party's Rule 26(a) disclosures

7 | and supplemental disclosures for the information sought by this

8 | interrogatory.  Moreover, Responding Party had the opportunity to depose

9 | Mr. Spencer on this topic.

10 |      Responding Party further objects to this interrogatory as compound.

11 | This "interrogatory" contains multiple impermissible subparts, which

12 | Propounding Party has propounded to circumvent the numerical limitations

13 | on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

14 |      Responding Party further objects to this interrogatory on the grounds

15 | that it seeks information that is outside of Responding Party's knowledge.

16 |      Responding Party further objects to the extent that this interrogatory

17 | invades attorney-client privilege and/or violates the work product doctrine by

18 | compelling Responding Party to disclose privileged communications and/or

19 | litigation strategy.

20 |      Subject to and without waiver of the foregoing objections, Responding

21 | Party responds as follows:

22 |      In addition to each defendant named in his individual capacity and

23 | other persons identified in Plaintiffs' Initial and Supplemental Disclosures,

24 | and the evidence submitted in support of Plaintiffs motion for class

25 | certification, Responding Party identifies the following individuals:

26 |      Cory Spencer: Spencer believes that Blakeman engaged in a

27 | concerted effort with other Bay Boys to obstruct his free passage and use in

28 | the customary manner of a public space.  Spencer also believes that

-4-

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 14 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 310943   Filed 07/24/17   Page 11 of 58   Page ID
#:6173

1   Blakeman coordinated with other Bay Boys to assault him while he was
2   surfing. Spencer believes that the conduct directed at him and others trying
3   to surf Lunada Bay is part of an agreement among Blakeman and the other
4   Bay Boys, which at a minimum, may be implied by the conduct of the parties
5   and other members of the Bay Boys. Spencer believes that the Bay Boys
6   concerted efforts to stop the public from accessing the beach are
7   documented in text messages and emails some of which have been
8   destroyed or are being withheld by the Defendants in this case. For
9   example, on February 5, 2016, plaintiffs are informed and believe that
10  Charles Mowat sent a text message to Defendant Brant Blakeman, Tom
11  Sullivan, David Yoakley, Andy Patch, Defendant Michael Papayans and
12  several others that said "There are 5 kooks standing on the bluff taking
13  pictures...I think that same Taloa guy. Things could get ugly." A Los
14  Angeles Times photographer captured a pictured of Defendant Blakeman of
15  the bluff filming plaintiffs.  Plaintiffs believe that the Bay Boys take photos
16  and/or video tape people as a form of harassment and intimidation. For
17  example, plaintiffs are also informed and believe that a Lunada Bay local
18  named Joshua Berstein was taking pictures at the MLK 2014 paddle out.
19  Plaintiffs are also informed and believe that Berstein told several people
20  after he photographed them "know we know who you are."
21         The specific acts directed against Spencer include but are not limited
22  to the following:
23         Spencer and Chris Taloa went to surf Lunada Bay. Almost instantly
24  after they arrived at Lunada Bay, they started getting harassed by Bay Boys.
25  They were told that they couldn't surf there, and Spencer was called a
26  "kook," which is a derogatory surfing term. Spencer was also told: "why don't
27  you fucking go home, you fucking kook" and asked "how many other good
28  places did you pass to come here?" These are the same types of statements

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 15 of 81   Page ID
#:10944
Case 2:16-cv-02129-SJO-RAO   Document 216   Filed 07/24/17   Page 12 of 58   Page ID
#:6174

1  made by Defendant Sang Lee and others that can be observed on the video

2  published by the Guardian.[1] These taunts started while Spencer and Taloa

3  were on the bluffs getting ready to surf. One individual continued to heckle

4  Spencer and Taloa on their way down to the beach and into the water.

5        Blakeman was already in the water and began paddling around

6  Spencer and Taloa in a tight circle – staying just a few feet away from them.

7  There was no legitimate reason for this conduct. Spencer believes that this

8  is a tactic used by the Bay Boys to harass people.[2] Blakeman impeded

9  Spencer's movement in any direction and was intentionally blocking him

10  from catching any waves. It was clear to Spencer that Blakeman was not

11  there to surf that morning. Instead, his mission was to prevent Spencer and

12  Taloa from surfing and to keep them from enjoying their time in the water,

13  the open space, the waves, and nature. This the type of concerted effort was

14  described by Charlie Ferrara to Reed as the way the Bay Boys act to keep

15  people from surfing at Lunada Bay. In the approximately 90 minutes that

16  Spencer was in the water that day, Blakeman was focused on Spencer and

17  Taloa and continued to shadow their movements, and sit uncomfortably

18  close to them. Spencer had never experienced anything like that before in

19  his life. It was bizarre but also incredibly frightening and disturbing. It

20  appeared to Spencer that Blakeman was coordinating his actions with a

21  group of guys who were standing in the Rock Fort, along with others in the

22  water. They were all talking to each other and it was clear they all knew

23

24  _____

25  [1] https://www.theguardian.com/travel/video/2015/may/18/california-surf-wars-lunada-bay-localism-video.

26

27  [2] Plaintiffs are informed and believe that Defendant Papayans sent a text message describing similar conduct: "We just had a kook out in the water

28  and me and Jack just sat on his ass."

-6-                    Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF COREY SPENCER (FURTHER) SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE PROPOUNDED BY
DEFENDANT BLAKE BLAKEMAN

13002697.1

12

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 16 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document #:30945   Filed 07/24/17   Page 13 of 58   Page ID
#:6175

1    each other.

2           At one point while Spencer was in the water and was paddling west

3    out to the ocean, he saw a man surfing, coming in east towards the shore.

4    The Bay Boy ran over his hand/wrist that was holding his surfboard and one

5    of the fins on his surfboard sliced open his right wrist. Spencer has about a

6    half-inch scar from where this man ran him over. As soon as the Bay Boy

7    ran him over, he started berating Spencer, saying things like "what are you

8    fucking doing out here? I told you to go home. I should have run you over.

9    Why are you paddling in the sun glare where I can't see you?" The Bay Boy

10   was pretending that he didn't see Spencer but it was obvious that he did and

11   intentionally ran him over. With over 30 years of surfing experience, Spencer

12   knew that this collision was intentional on his part. Fearful of being further

13   injured at that point, and not wanting to get into an argument with him,

14   Spencer just paddled away. Spencer and Taloa caught one more wave after

15   that and then decided it was getting too dangerous to surf. More men started

16   showing up at the Rock Fort and Spencer and Taloa were growing

17   increasingly fearful for their safety. Spencer was also bleeding and in pain.

18   These incidents are described in the declarations filed with Plaintiffs motion

19   for class certification and the deposition of Spencer.

20          Spencer further identifies the following individuals as having

21   knowledge of concerted efforts by the Bay Boys, including Blakeman:

22          Christopher Taloa.[3] As set forth above, Taloa and Spencer went

23   surfing at Lunada Bay and were harassed by Blakeman. Taloa witnessed

24   Blakeman shadowing Spencer's movement in the water. Blakeman was in

25   the water with four or five other Lunada Bay Locals. At one point, Blakeman

26

27   _____

28   [3] Mr. Talo is represented by Hanson Bridgett LLP and Otten Law PC.

13002697.1     PLAINTIFF COREY SPENCER (FURTHER) SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE PROPOUNDED BY
DEFENDANT BLAKE BLAKEMAN

13

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 17 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 10946   Filed 07/24/17   Page 14 of 58   Page ID
#:6176
#:10946

1       When Claypool and his brother got out of water, they saw people

2  gathering on top of the cliff. One person was videotaping them from the top

3  of the cliff; it was clear to Claypool that he was doing this to try and

4  intimidate them. The people were watching them from the cliff. It was

5  obvious that Blakeman engaged in a concerted effort with other Bay Boys to

6  obstruct his free passage and use in the customary manner of a public

7  space. It also seemed clear that Blakeman engaged in a concerted effort

8  with other Bay Boys to try and injure him. These incidents are described in

9  the declarations filed with Plaintiffs motion for class certification.

10       Plaintiffs are informed and believe and on that basis allege that

11  Defendant Blakeman and his attorneys are attempting to intimidate

12  witnesses in this case. On at least two occasions, an investigator hired by

13  Blakeman's attorneys contacted witnesses represented by Plaintiffs'

14  attorneys. The investigator also showed up at the home of a reporter that

15  has not been listed as a witness.

16       The request is premature. Because Blakeman and the other

17  defendants are refusing to comply with their obligations to produce

18  documents under the federal rules and are impermissibly withholding

19  evidence and/or possibly spoliating evidence, we are not able to fully

20  respond to discovery requests which necessarily rely on our ability to fully

21  investigate the facts. As discovery is continuing, Spencer reserves the right

22  to update this response.

23  **INTERROGATORY NO. 6:**

24       IDENTIFY ALL PERSONS that have knowledge of any facts that

25  support your contention that BRANT BLAKEMAN has illegally extorted

26  money from beachgoers who wish to use Lunada Bay for recreational

27  purposes (See paragraph 33 j. of the Complaint), and for each such

28  PERSON identified state all facts you contend are within that PERSON's

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 18 of 81   Page ID
#:10947
Case 2:16-cv-02129-SJO-RAO   Document 214-1   Filed 07/24/17   Page 15 of 58   Page ID
#:6177

1  knowledge.

2  <u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6</u>:

3        Responding Party objects to this interrogatory as premature. Because

4  this interrogatory seeks or necessarily relies upon a contention, and

5  because this matter is in its early stages and pretrial discovery has only just

6  begun, Responding Party is unable to provide a complete response at this

7  time, nor is it required to do so.  See *Kmiec v. Powerwave Techs. Inc. et al.*,

8  2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

9  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see

10  also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

11  interrogatory need not be answered until designated discovery is complete,

12  or until a pretrial conference or some other time.").

13        Responding Party further objects to this interrogatory as unduly

14  burdensome, harassing, and duplicative of information disclosed in

15  Responding Party's Rule 26(a) disclosures and supplemental disclosures.

16  Propounding Party may look to Responding Party's Rule 26(a) disclosures

17  and supplemental disclosures for the information sought by this

18  interrogatory.  Moreover, Responding Party had the opportunity to depose

19  Mr. Spencer on this topic.

20        Responding Party further objects to this interrogatory as compound.

21  This "interrogatory" contains multiple impermissible subparts, which

22  Propounding Party has propounded to circumvent the numerical limitations

23  on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

24        Responding Party further objects to this interrogatory on the grounds

25  that it seeks information that is outside of Responding Party's knowledge.

26        Responding Party further objects to the extent that this interrogatory

27  invades attorney-client privilege and/or violates the work product doctrine by

28  compelling Responding Party to disclose privileged communications and/or

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 19 of 81   Page ID
#:10948
Case 2:16-cv-02129-SJO-RAO   Document 310948 Filed 07/24/17   Page 16 of 58   Page ID
#:6178

1  litigation strategy.  Responding Party will not provide any such information.

2       The request is premature. Because Blakeman and the other

3  defendants are refusing to comply with their obligations to produce

4  documents under the federal rules and are impermissibly withholding

5  evidence and/or possibly spoliating evidence, we are not able to fully

6  respond to discovery requests which necessarily rely on our ability to fully

7  investigate the facts. As discovery is continuing, Spencer reserves the right

8  to update this response.

9  **INTERROGATORY NO. 7:**

10      IDENTIFY ALL PERSONS that have knowledge of any facts that

11  support your contention that BRANT BLAKEMAN was a part of a Civil

12  Conspiracy as identified in your complaint in paragraphs 51 through 53, and

13  for each such PERSON identified state all facts you contend are within that

14  PERSON's knowledge.

15  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

16      Responding Party objects to this interrogatory as premature. Because

17  this interrogatory seeks or necessarily relies upon a contention, and

18  because this matter is in its early stages and pretrial discovery has only just

19  begun, Responding Party is unable to provide a complete response at this

20  time, nor is it required to do so.  See *Kmiec v. Powerwave Techs. Inc. et al.*,

21  2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

22  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see

23  also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

24  interrogatory need not be answered until designated discovery is complete,

25  or until a pretrial conference or some other time.").

26      Responding Party further objects to this interrogatory as unduly

27  burdensome, harassing, and duplicative of information disclosed in

28  Responding Party's Rule 26(a) disclosures and supplemental disclosures.

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 20 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 310949 Filed 07/24/17   Page 17 of 58   Page ID
#:6179



DATED:  February 24, 2017        OTTEN LAW, PC

By: /s/ Victor Otten
    VICTOR OTTEN
    KAVITA TEKCHANDANI
    Attorneys for Plaintiffs
    CORY SPENCER, DIANA MILENA
    REED, and COASTAL PROTECTION
    RANGERS, INC.

PLAINTIFF COREY SPENCER (FURTHER) SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE PROPOUNDED BY
DEFENDANT BLAKE BLAKEMAN

13002697.1

17

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 21 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document #:10950   Filed 07/24/17   Page 18 of 58   Page ID
#:6180

**PROOF OF SERVICE**
*Spencer, et al. v. Lunada Bay Boys, et al.*
U.S.D.C. for the Central District of California
Case No. 2:16-cv-02129-SJO (RAOx)
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is: 3620 Pacific Coast Highway, Suite 100, Torrance, CA 90505.

On February 24, 2017, I served the original or a true copy of the following document(s) described as:

**PLAINTIFF COREY SPENCER (FURTHER) SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE PROPOUNDED BY DEFENDANT BLAKE BLAKEMAN**

on the interested parties in this action as follows:

SEE ATTACHED SERVICE LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **February 24, 2017**, at Torrance, California.

/s/Victor Otten
Victor Otten

PLAINTIFF COREY SPENCER (FURTHER) SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE PROPOUNDED BY
DEFENDANT BLAKE BLAKEMAN

13002697.1

18


Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 22 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 309-1   Filed 07/24/17   Page 19 of 58   Page ID
#:6181

<u>SERVICE LIST</u>
*Spencer, et al. v. Lunada Bay Boys, et al.*
U.S.D.C. for the Central District of California
<u>Case No. 2:16-cv-02129-SJO (RAOx)</u>

Robert T. Mackey, Esq.                    *(Attorneys for Defendant BRANT*
Peter H. Crossin, Esq.                    *BLAKEMAN)*
Richard P. Dieffenbach, Esq.              *(served original)*
John P. Worgul, Esq.
VEATCH CARLSON, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles. CA  90017

Robert S. Cooper, Esq.                    *(Attorneys for Defendant BRANT*
BUCHALTER NEMER, APC                      *BLAKEMAN)*
1000 Wilshire Blvd., Suite 1500           *(served true copy)*
Los Angeles. CA  90017

J. Patrick Carey, Esq.                    *(Attorney for Defendant ALAN*
LAW OFFICES OF                            *JOHNSTON a/k/a JALIAN*
 J. PATRICK CAREY                         *JOHNSTON)*
1230 Rosecrans Ave., Suite 300            *(served true copy)*
Manhattan Beach. CA  90266

Peter T. Haven, Esq.                      *(Attorney for Defendant MICHAEL*
HAVEN LAW                                 *RAY PAPAYANS)*
1230 Rosecrans Ave., Suite 300            *(served true copy)*
Manhattan Beach. CA  90266

Dana Alden Fox, Esq.                      *(Attorneys for Defendant SANG LEE)*
Edward E. Ward, Jr., Esq.                 *(served true copy)*
Eric Y. Kizirian, Esq.
Tera Lutz, Esq.
LEWIS BRISBOIS
 BISGAARD & SMITH LLP
633 W. 5th Street, Suite 4000
Los Angeles. CA  90071

Daniel M. Crowley, Esq.                   *(Attorneys for Defendant SANG LEE)*
BOOTH, MITCHEL &                          *(served true copy)*
 STRANGE LLP
707 Wilshire Blvd., Suite 4450
Los Angeles. CA  90017

Mark C. Fields, Esq.                      *(Attorney for Defendant ANGELO*
LAW OFFICES OF                            *FERRARA and Defendant N. F.*
 MARK C. FIELDS, APC                      *appearing through Guardian Ad*
333 South Hope Street, 35th Floor         *Litem, Leonora Ferrara)*
Los Angeles. CA  90071                    *(served true copy)*

13002697.1
PLAINTIFF COREY SPENCER (FURTHER) SUPPLEMENTAL RESPONSES TO INTERROGATORIES, SET ONE PROPOUNDED BY
DEFENDANT BLAKE BLAKEMAN

19

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 23 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 310952 Filed 07/24/17   Page 20 of 58   Page ID
#:6182

| 1 | Thomas M. Phillip, Esq. | *(Attorneys for Defendant ANGELO* |
|   | Aaron G. Miller, Esq. | *FERRARA)* |
| 2 | THE PHILLIPS FIRM | (served true copy) |
|   | 800 Wilshire Blvd., Suite 1550 | |
| 3 | Los Angeles. CA  90017 | |
| 4 | Patrick Au, Esq. | *(Attorneys for Defendants FRANK* |
|   | Laura L. Bell, Esq. | *FERRARA and CHARLIE FERRARA)* |
| 5 | BREMER WHYTE | (served true copy) |
|   |   BROWN & O'MEARA, LLP | |
| 6 | 21271 Burbank Blvd., Suite 110 | |
|   | Woodland Hills. CA  91367 | |
| 7 | | |
|   | Edwin J. Richards, Esq. | *(Attorneys for Defendants CITY OF* |
| 8 | Antoinette P. Hewitt, Esq. | *PALOS VERDES and CHIEF OF* |
|   | Rebecca L. Wilson, Esq. | *POLICE JEFF KEPLEY)* |
| 9 | Jacob Song, Esq. | (served true copy) |
|   | Christopher D. Glos, Esq. | |
| 10 | KUTAK ROCK LLP | |
|   | 5 Park Plaza, Suite 1500 | |
| 11 | Irvine. CA  92614-8595 | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

13002697.1

20

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 24 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 210953 Filed 07/24/17   Page 21 of 58   Page ID
#:6183

## VERIFICATION

I, Cory Spencer, have read PLAINTIFF CORY SPENCER'S RESPONSE TO INTERROGATORIES, SET ONE, PROPOUNDED BY DEFENDANT BRANT BLAKEMAN and know its contents.

I am a party to this action and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 24, 2017, in _TORRANCE_ , California.

_____
CORY SPENCER

12755241.1

# EXHIBIT "C"

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 26 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document #:10955 Filed 07/24/17   Page 23 of 58   Page ID
#:6185

1
HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
2
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
3
swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
4
clee@hansonbridgett.com
JENNIFER ANIKO FOLDVARY, SBN 292216
5
jfoldvary@hansonbridgett.com
425 Market Street, 26th Floor
6
San Francisco, California 94105
Telephone: (415) 777-3200
7
Facsimile:  (415) 541-9366

8
HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
9
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
10
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
11
Sacramento, California 95814
Telephone: (916) 442-3333
12
Facsimile:  (916) 442-2348

13
OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
14
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
15
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
16
Torrance, California 90505
Telephone: (310) 378-8533
17
Facsimile:  (310) 347-4225

18
Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
19
REED, and COASTAL PROTECTION
RANGERS, INC.
20

21
UNITED STATES DISTRICT COURT

22
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

23

| | |
|---|---|
| 24 CORY SPENCER, an individual; DIANA MILENA REED, an 25 individual; and COASTAL PROTECTION RANGERS, INC., a 26 California non-profit public benefit 27 corporation, 28 | CASE NO. 2:16-cv-02129-SJO (RAOx) **PLAINTIFF DIANA MILENA REED'S SUPPLEMENTAL RESPONSE TO INTERROGATORIES, SET ONE PROPOUNDED BY DEFENDANT BRANT BLAKEMAN** |

Case No. 2:16-cv-02129-SJO (RAOx)

13002592.1

22

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 27 of 81   Page ID
#:10956
Case 2:16-cv-02129-SJO-RAO   Document 306   Filed 07/24/17   Page 24 of 58   Page ID
#:6186

1

2                     Plaintiffs,

3            v.                                    Complaint Filed:    March 29, 2016
                                                   Trial Date:         November 7, 2017
4    LUNADA BAY BOYS; THE

5    INDIVIDUAL MEMBERS OF THE
     LUNADA BAY BOYS, including but
6    not limited to SANG LEE, BRANT

7    BLAKEMAN, ALAN JOHNSTON
     AKA JALIAN JOHNSTON,
8    MICHAEL RAE PAPAYANS,
     ANGELO FERRARA, FRANK
9    FERRARA, CHARLIE FERRARA,
10   and N. F.; CITY OF PALOS

11   VERDES ESTATES; CHIEF OF
     POLICE JEFF KEPLEY, in his
12   representative capacity; and DOES

13   1-10,

14                    Defendants.

15

16   PROPOUNDING PARTY:      Defendant BRANT BLAKEMAN

17   RESPONDING PARTY:       Plaintiff DIANA MILENA REED

18   SET NO.:                SUPPLEMENTAL

19        Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff

20   DIANA MILENA REED ("Responding Party") hereby submits these

21   supplemental objections and responses to Interrogatories, Set One,

22   propounded by Defendant BRANT BLAKEMAN ("Propounding Party").

23                        **PRELIMINARY STATEMENT**

24        Nothing in this response should be construed as an admission by

25   Responding Party with respect to the admissibility or relevance of any fact,

26   or of the truth or accuracy of any characterization or statement of any kind

27   contained in Propounding Party's Interrogatories. Responding Party has not

28

                                        -2-         Case No. 2:16-cv-02129-SJO (RAOx)
13002592.1
     PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL RESPONSE TO INTERROGATORIES,
              SET ONE PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

                                                                              23

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 28 of 81   Page ID
#:10957
Case 2:16-cv-02129-SJO-RAO   Document 270-7   Filed 07/24/17   Page 25 of 58   Page ID
#:6187

1  completed its investigation of the facts relating to this case, its discovery or

2  its preparation for trial. All responses and objections contained herein are

3  based only upon information that is presently available to and specifically

4  known by Responding Party. It is anticipated that further discovery,

5  independent investigation, legal research and analysis will supply additional

6  facts and add meaning to known facts, as well as establish entirely new

7  factual conclusions and legal contentions, all of which may lead to

8  substantial additions to, changes in and variations from the responses set

9  forth herein. The following objections and responses are made without

10  prejudice to Responding Party's right to produce at trial, or otherwise,

11  evidence regarding any subsequently discovered information. Responding

12  Party accordingly reserves the right to modify and amend any and all

13  responses herein as research is completed and contentions are made.

14  <u>SUPPLEMENTAL RESPONSES TO INTERROGATORIES</u>

15  <u>INTERROGATORY NO. 1:</u>

16  IDENTIFY ALL PERSONS that have knowledge of any facts that

17  support your contention that BRANT BLAKEMAN participated in any way in

18  the "commission of enumerated 'predicate crimes'" as alleged in paragraph

19  5 of the Complaint, and for each such PERSON identified state all facts you

20  contend are within that PERSON's knowledge.

21  <u>**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**</u>

22  Responding Party objects to this interrogatory as premature. Because

23  this interrogatory seeks or necessarily relies upon a contention, and

24  because this matter is in its early stages and pretrial discovery has only just

25  begun, Responding Party is unable to provide a complete response at this

26  time, nor is it required to do so. See *Kmiec v. Powerwave Techs. Inc. et al.*,

27  2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

28

-3-        Case No. 2:16-cv-02129-SJO (RAOx)

13002592.1

24

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 29 of 81   Page ID
#:10958
Case 2:16-cv-02129-SJO-RAO   Document 270-1   Filed 07/24/17   Page 26 of 58   Page ID
#:6188

1      The specific acts directed against Reed include but are not limited to

2  the following:

3      i)    Reed went to Lunada Bay on January 29, 2016 with Jordan

4  Wright.[1]  Reed had intended to surf at Lunada Bay that day because the

5  conditions were such that she felt comfortable surfing. Immediately after

6  they parked their car along the bluffs, the harassment began. Several men

7  drove by and circled around their car. This was the day that she and Wright

8  were harassed and intimidated by David Melo. Blakeman was recording

9  them on land with his camera. It was very disturbing to Reed and made her

10  feel very uncomfortable. Plaintiffs are informed and believe that this was

11  witnessed by John MacHarg.[2]

12      ii)    On or about February 12, 2016, The Los Angeles Times

13  published an article called "Bay Boys surfer gang cannot block access to

14  upscale beach, Coastal Commission says." Jordan Wright and Cory

15  Spencer are quoted in the article. Mr. Wright and a few others had planned

16  to surf Lunada Bay the following morning. Plaintiffs are informed and believe

17  that Defendants Johnston and Blakeman learned that Jordan Wright and

18  Diana Reed were going to Lunada Bay and planned to be there to harass

19  them. On February 12, 2016, Defendant Alan Johnston sent the following

20  text messages to an unknown recipient: "No fucking way Taloa is back this

21  year" and "If u really wanna be a bay boy we might meet help tomm."

22      iii)    On February 13, 2016, Reed returned to Lunada Bay with

23  Jordan Wright to watch him surf and take photographs. Prior to her arrival,

24  she contacted the Palos Verdes Estates Police and requested an escort

25

26

---

27  [1] Jordan Wright is represented by Hanson Bridgett LLP and Otten Law PC.

28  [2] John McHarg is represented by Hanson Bridgett LLP and Otten Law PC.

13002592.1

25

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 30 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document #:10959   Filed 07/24/17   Page 27 of 58   Page ID
#:6189

1   from the bluffs to the beach. She was concerned about her safety given the

2   January 29, 2016 incident. She was told that the police were unavailable

3   and no officers were present when they arrived.

4        When Reed and Wright reached the beach, they encountered angry

5   locals who were yelling at them. Reed and Wright ignored the harassment

6   and Wright got into the water to surf and Reed made her way to the Rock

7   Fort where she planned to watch Wright and photograph him.

8        Approximately two hours after Reed had arrived at Lunada Bay, while

9   she was standing in the Rock Fort taking photos, Blakeman and defendant

10  Alan Johnston rushed into the fort and ran towards her in a hostile and

11  aggressive manner. It seemed that they had coordinated and orchestrated

12  the attack which completely caught Reed off guard. Blakeman was filming

13  Reed again, and at times, held his camera right in her face. It was

14  intimidating and harassing to Reed, and she feared for her safety.

15       Reed asked Blakeman and Johnston why they were filming her,

16  because it made her uncomfortable. Blakeman responded, "because I feel

17  like it." Johnston responded, "Because you're hot. Because you're fucking

18  sexy baby, woooh!" Johnston then opened a can of beer in a purposeful

19  way so that it sprayed Reed's arm and her camera. Reed, paralyzed with

20  fear, was unable to leave the Rock Fort as Blakeman and Johnston were

21  standing closest to the exit.

22       iv)   Plaintiffs are informed and believe that after the incident

23  Defendant Johnston started calling and/or texting other Lunada Bay locals to

24  check for police to plan a getaway. At around 1:00 pm Brad Travers (Travers

25  Tree Service) texted Johnston: "Don't see any cops at the top." Plaintiffs are

26  informed and believe that later that day Johnston received a text from his

27

28

13002592.1

26

1  mother asking him "What happened at the bay?" Johnston replied "Nothing

2  happened really just couple of trolls they got nothing."

3       Reed further identifies the following individuals as having knowledge of

4  concerted efforts by the Bay Boys, including Blakeman:

5       Cory Spencer: Cory Spencer and Chris Taloa went to surf Lunada

6  Bay. Almost instantly after they arrived at Lunada Bay, they started getting

7  harassed by Bay Boys. They were told that they couldn't surf there, and

8  Spencer was called a "kook," which is a derogatory surfing term. Spencer

9  was also told: "why don't you fucking go home, you fucking kook;" and was

10  asked, "how many other good places did you pass to come here?" These

11  are the same types of statements made by Defendant Sang Lee and others

12  that can be observed on the video published by the Guardian.[3]  These

13  taunts started while Spencer and Taloa were on the bluffs getting ready to

14  surf. One individual continued to heckle Spencer and Taloa on their way

15  down to the beach and into the water.

16       Blakeman was already in the water and began paddling around

17  Spencer and Taloa in a tight circle – staying just a few feet away from them.

18  There was no legitimate reason for this conduct. Reed believes that this is a

19  tactic used by the Bay Boys to harass people.[4]  Blakeman impeded

20  Spencer's movement in any direction and was intentionally blocking him

21  from catching any waves. It was clear to Spencer that Blakeman was not

22  there to surf that morning. Instead, his mission was to prevent Spencer and

23

24  _____

25  [3] https://www.theguardian.com/travel/video/2015/may/18/california-surf-wars-lunada-bay-localism-video.

26

27  [4] Plaintiffs are informed and believe that Defendant Papayans sent a text message describing similar conduct: "We just had a kook out in the water and me and Jack just sat on his ass."

28

-8-          Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL RESPONSE TO INTERROGATORIES,
SET ONE PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13002592.1

27

Case 2:16-cv-02129-SJO-RAO  Document 327  Filed 08/03/17  Page 32 of 81  Page ID
Case 2:16-cv-02129-SJO-RAO  Document 106-1  Filed 07/24/17  Page 29 of 58  Page ID
#:6191
#:6191

1  evidence and/or possibly spoliating evidence, we are not able to fully

2  respond to discovery requests which necessarily rely on our ability to fully

3  investigate the facts. As discovery is continuing, Reed reserves the right to

4  update this response.

5  **INTERROGATORY NO. 7:**

6      IDENTIFY ALL PERSONS that have knowledge of any facts that

7  support your contention that BRANT BLAKEMAN was a part of a Civil

8  Conspiracy as identified in your complaint in paragraphs 51 through 53, and

9  for each such PERSON identified state all facts you contend are within that

10  PERSON's knowledge.

11  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7:**

12      Responding Party objects to this interrogatory as premature. Because

13  this interrogatory seeks or necessarily relies upon a contention, and

14  because this matter is in its early stages and pretrial discovery has only just

15  begun, Responding Party is unable to provide a complete response at this

16  time, nor is it required to do so.  See *Kmiec v. Powerwave Techs. Inc. et al.*,

17  2014 WL 11512195 (C.D. Cal. Dec. 2, 2014) at *1; *Folz v. Union Pacific*

18  *Railroad Company*, 2014 WL 357929 (S.D. Cal. Jan. 31, 2014) at *1-2.; see

19  also Fed. R. Civ. P. 33(a)(2) ("the court may order that [a contention]

20  interrogatory need not be answered until designated discovery is complete,

21  or until a pretrial conference or some other time.").

22      Responding Party further objects to this interrogatory as unduly

23  burdensome, harassing, and duplicative of information disclosed in

24  Responding Party's Rule 26(a) disclosures and supplemental disclosures.

25  Propounding Party may look to Responding Party's Rule 26(a) disclosures

26  and supplemental disclosures for the information sought by this

27

28

PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL RESPONSE TO INTERROGATORIES,
SET ONE PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13002592.1

28

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 33 of 81   Page ID
#:10962
Case 2:16-cv-02129-SJO-RAO   Document 306-2   Filed 07/24/17   Page 30 of 58   Page ID
#:6192

1  interrogatory.  Moreover, Responding Party had the opportunity to depose

2  Ms. Reed on this topic.

3        Responding Party further objects to this interrogatory as compound.

4  This "interrogatory" contains multiple impermissible subparts, which

5  Propounding Party has propounded to circumvent the numerical limitations

6  on interrogatories provided by Federal Rule of Civil Procedure 33(a)(1).

7        Responding Party further objects to this interrogatory on the grounds

8  that it seeks information that is outside of Responding Party's knowledge.

9        Responding Party further objects to the extent that this interrogatory

10 invades attorney-client privilege and/or violates the work product doctrine by

11 compelling Responding Party to disclose privileged communications and/or

12 litigation strategy.

13        Subject to and without waiver of the foregoing objections, Responding

14 Party responds as follows:

15        In addition to each defendant named in his individual capacity and

16 other persons identified in Plaintiffs' initial and Supplemental Disclosures,

17 and the evidence submitted in support of Plaintiffs motion for class

18 certification, Responding Party identifies the following individuals:

19        Diana Reed: believes that Blakeman engaged in a concerted effort

20 with other Bay Boys to obstruct the plaintiffs' and the publics' free passage

21 and use in the customary manner of a public space.  Reed also believes that

22 Blakeman coordinated with other Bay Boys to harass and assault the

23 plaintiffs and the public when they were visiting Lunada Bay. Reed believes

24 that the conduct directed at the plaintiffs and others trying to surf Lunada

25 Bay is part of an agreement among Blakeman and the other Bay Boys,

26 which at a minimum, may be implied by the conduct of the parties and other

27 members of the Bay Boys. Reed believes that the Bay Boys concerted

28

-43-                    Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL RESPONSE TO INTERROGATORIES,
SET ONE PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13002592.1

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 34 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 310963   Filed 07/24/17   Page 31 of 58   Page ID
#:6193

1   efforts to stop the public from accessing the beach are documented in text

2   messages and emails some of which have been destroyed or are being

3   withheld by the Defendants in this case. For example, on February 5, 2016,

4   Charles Mowat sent a text message to Defendant Brant Blakeman, Tom

5   Sullivan, David Yoakley, Andy Patch, Defendant Michael Papayans and

6   several others that said "There are 5 kooks standing on the bluff taking

7   pictures...I think that same Taloa guy. Things could get ugly. " A Los

8   Angeles Times photographer captured a pictured of Defendant Blakeman of

9   the bluff filming plaintiffs.  Plaintiffs believe that the Bay Boys take photos

10  and/or video tape people as a form of harassment and intimidation. For

11  example, plaintiffs are also informed and believe that a Lunada Bay local

12  named Joshua Berstein was taking pictures at the MLK 2014 paddle out.

13  Plaintiffs are also informed and believe that Berstein told several people

14  after he photographed them, "Now we know who you are." Plaintiffs believe

15  that the conducted directed at Reed by Blakeman and the individual Bay

16  Boys is because she is a woman. Plaintiff is informed and believes that there

17  are numerous text messages where the Bay Boys refer to Reed as a "bitch"

18  and make sexual comments about her.

19         The specific acts directed against Reed include but are not limited to

20  the following:

21         i)      Reed went to Lunada Bay on January 29, 2016 with Jordan

22  Wright.  Reed had intended to surf at Lunada Bay that day because the

23  conditions were such that she felt comfortable surfing.[13] Immediately after

24

25  _____

26  [13] Plaintiffs are informed and believe that there were text message sent on
    January 29, 2016 asking Defendant Papayans "Where are you? Kooks
27  trying to get to the Bay." Plaintiffs are informed and believe that Papayans
    responded with a "LOL" and said he would be there.
28

                                    -44-            Case No. 2:16-cv-02129-SJO (RAOx)

13002592.1

                                                                                    30

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 35 of 81   Page ID
#:10964
Case 2:16-cv-02129-SJO-RAO   Document 286-1   Filed 07/24/17   Page 32 of 58   Page ID
#:6194

1   they parked their car along the bluffs, the harassment began. Several men
2   drove by and circled around their car. This was the day that she and Wright
3   were harassed and intimidated by David Melo. Blakeman was recording
4   them on land with his camera. It was very disturbing to Reed and made her
5   feel very uncomfortable. Plaintiffs are informed and believe that this was
6   witnessed by John MacHarg.

7        ii)    On or about February 12, 2016, The Los Angeles Times
8   published an article called "Bay Boys surfer gang cannot block access to
9   upscale beach, Coastal Commission says." Jordan Wright and Cory
10   Spencer are quoted in the article. Mr. Wright and a few others had planned
11   to surf Lunada Bay the following morning. Plaintiffs are informed and believe
12   that Defendants Johnston and Blakeman learned that Jordan Wright and
13   Diana Reed were going to Lunada Bay and planned to be there to harass
14   them. On February 12, 2016, Defendant Alan Johnston sent the following
15   text messages to an unknown recipient: "No fucking way Taloa is back this
16   year" and "If u really wanna be a bay boy we might meet help tomm."

17        iii)   On February 13, 2016, Reed returned to Lunada Bay with
18   Jordan Wright to watch him surf and take photographs. Prior to her arrival,
19   she contacted the Palos Verdes Estates Police and requested an escort
20   from the bluffs to the beach. She was concerned about her safety given the
21   January 29, 2016 incident. She was told that the police were unavailable
22   and no officers were present when they arrived. When Reed and Wright
23   reached the beach, they encountered angry locals who were yelling at them.
24   Reed and Wright ignored the harassment and Wright got into the water to
25   surf and Reed made her way to the Rock Fort where she planned to watch
26   Wright and photograph him.

27

28

PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL RESPONSE TO INTERROGATORIES,
SET ONE PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13002592.1

31

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 36 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 310-5   Filed 07/24/17   Page 33 of 58   Page ID
#:10965
#:6195

1  investigate the facts. As discovery is continuing, Reed reserves the right to
2  update this response.
3
4
5  DATED: Febuaryd 24, 2017          OTTEN LAW, PC
6
7
8
9
10          By:   /s/Victor Otten
11                VICTOR OTTEN
                  KAVITA TEKCHANDANI
12                Attorneys for Plaintiffs
13                CORY SPENCER, DIANA MILENA
                  REED, and COASTAL PROTECTION
14                RANGERS, INC.
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13002592.1

32

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 37 of 81   Page ID
#:6966
Case 2:16-cv-02129-SJO-RAO   Document 270   Filed 07/24/17   Page 34 of 58   Page ID
#:6196

1  PROOF OF SERVICE
2  *Spencer, et al. v. Lunada Bay Boys, et al.*
   U.S.D.C. for the Central District of California
3  Case No. 2:16-cv-02129-SJO (RAOx)
4  **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

5         At the time of service, I was over 18 years of age and not a party to
   this action.  I am employed in the County of Los Angeles, State of California.
6  My business address is: 3620 Pacific Coast Highway, Suite 100, Torrance,
   CA  90505.

7         On February 24, 2017, I served the original or a true copy of the
8  following document(s) described as:

9  **PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL
   RESPONSE TO INTERROGATORIES, SET ONE PROPOUNDED BY
   DEFENDANT BRANT BLAKEMAN**
10

11  on the interested parties in this action as follows:

12                    **SEE ATTACHED SERVICE LIST**

13         **BY MAIL:**  I enclosed the document(s) in a sealed envelope or
   package addressed to the persons at the addresses listed in the Service List
14  and placed the envelope for collection and mailing, following our ordinary
   business practices.  I am readily familiar with Hanson Bridgett LLP's practice
15  for collecting and processing correspondence for mailing.  On the same day
   that correspondence is placed for collection and mailing, it is deposited in
16  the ordinary course of business with the United States Postal Service, in a
   sealed envelope with postage fully prepaid.
17

18         I declare under penalty of perjury under the laws of the United States
   of America that the foregoing is true and correct and that I am employed in
19  the office of a member of the bar of this Court at whose direction the service
   was made.

20         Executed on **February 24, 2017**, at Torrance, California.

21

22                                          /s/ Victor Otten

23                                          Victor Otten

24

25

26

27

28

PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL RESPONSE TO INTERROGATORIES,
SET ONE PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13002592.1

33

### SERVICE LIST
*Spencer, et al. v. Lunada Bay Boys, et al.*
U.S.D.C. for the Central District of California
<u>Case No. 2:16-cv-02129-SJO (RAOx)</u>

Robert T. Mackey, Esq.                 *(Attorneys for Defendant BRANT*
Peter H. Crossin, Esq.                 *BLAKEMAN)*
Richard P. Dieffenbach, Esq.
John P. Worgul, Esq.                   (served original)
VEATCH CARLSON, LLP
1055 Wilshire Blvd., 11th Floor
Los Angeles, CA  90017

Robert S. Cooper, Esq.                 *(Attorneys for Defendant BRANT*
BUCHALTER NEMER, APC                   *BLAKEMAN)*
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA  90017                 (served true copy)

J. Patrick Carey, Esq.                 *(Attorney for Defendant ALAN*
LAW OFFICES OF                         *JOHNSTON a/k/a JALIAN*
  J. PATRICK CAREY                     *JOHNSTON)*
1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA  90266             (served true copy)

Peter T. Haven, Esq.                   *(Attorney for Defendant MICHAEL*
HAVEN LAW                              *RAY PAPAYANS)*
1230 Rosecrans Ave., Suite 300
Manhattan Beach, CA  90266             (served true copy)

Dana Alden Fox, Esq.                   *(Attorneys for Defendant SANG LEE)*
Edward E. Ward, Jr., Esq.
Eric Y. Kizirian, Esq.                 (served true copy)
Tera Lutz, Esq.
LEWIS BRISBOIS
  BISGAARD & SMITH LLP
633 W. 5th Street, Suite 4000
Los Angeles, CA  90071

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL RESPONSE TO INTERROGATORIES,
SET ONE PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

13002592.1

34

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 39 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 310968   Filed 07/24/17   Page 36 of 58   Page ID
#:6198

| | | |
|---|---|---|
| 1 | Daniel M. Crowley, Esq. | *(Attorneys for Defendant SANG LEE)* |
| 2 | BOOTH, MITCHEL & STRANGE LLP | *(served true copy)* |
| 3 | 707 Wilshire Blvd., Suite 4450 | |
| 4 | Los Angeles, CA 90017 | |
| 5 | Mark C. Fields, Esq. | *(Attorney for Defendant ANGELO* |
| 6 | LAW OFFICES OF MARK C. FIELDS, APC | *FERRARA and Defendant N. F. appearing through Guardian Ad* |
| 7 | 333 South Hope Street, 35th Floor | *Litem, Leonora Ferrara)* |
| 8 | Los Angeles, CA 90071 | *(served true copy)* |
| 9 | | |
| 10 | Thomas M. Phillip, Esq. Aaron G. Miller, Esq. | *(Attorneys for Defendant ANGELO FERRARA)* |
| 11 | THE PHILLIPS FIRM 800 Wilshire Blvd., Suite 1550 | *(served true copy)* |
| 12 | Los Angeles, CA 90017 | |
| 13 | | |
| 14 | Patrick Au, Esq. | *(Attorneys for Defendants FRANK* |
| 15 | Laura L. Bell, Esq. BREMER WHYTE | *FERRARA and CHARLIE FERRARA)* |
| 16 | BROWN & O'MEARA, LLP | *(served true copy)* |
| 17 | 21271 Burbank Blvd., Suite 110 Woodland Hills, CA 91367 | |
| 18 | | |
| 19 | Edwin J. Richards, Esq. | *(Attorneys for Defendants CITY OF* |
| 20 | Antoinette P. Hewitt, Esq. Rebecca L. Wilson, Esq. | *PALOS VERDES and CHIEF OF POLICE JEFF KEPLEY)* |
| 21 | Jacob Song, Esq. Christopher D. Glos, Esq. | *(served true copy)* |
| 22 | KUTAK ROCK LLP 5 Park Plaza, Suite 1500 | |
| 23 | Irvine, CA 92614-8595 | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

13002592.1

PLAINTIFF DIANA MILENA REED'S (FURTHER) SUPPLEMENTAL RESPONSE TO INTERROGATORIES,
SET ONE PROPOUNDED BY DEFENDANT BRANT BLAKEMAN

35

# EXHIBIT "D"

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 41 of 81   Page ID
#:6200
Case 2:16-cv-02129-SJO-RAO   Document 304   Filed 07/24/17   Page 38 of 58   Page ID
#:6200

```
1                    UNITED STATES DISTRICT COURT

2                   CENTRAL DISTRICT OF CALIFORNIA

3                         WESTERN DIVISION

4

5    CORY SPENCER, an individual; DIANA   )
     MILENA REED, an individual; and      )
6    COASTAL PROTECTION RANGERS, INC., a  )
     California non-profit public benefit )
7    corporation,                         ) Case No.
                                          ) 2:16-cv-02129-SJO-RAO
8               Plaintiffs,               )
                                          )
9         vs.                             )
                                          )
10   LUNADA BAY BOYS, et al.,             )
                                          )
11              Defendants.               )
     _____)

12

13

14

15

16

17        VIDEOTAPED DEPOSITION OF DIANA MILENA REED

18               Santa Monica, California

19               Monday, October 24, 2016

20

21

22

23

24   REPORTED BY:

     Jimmy S. Rodriguez

25   CSR No. 13464


                                               Page 1
```

```
 1                   UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3                        WESTERN DIVISION

 4

 5    CORY SPENCER, an individual; DIANA  )
      MILENA REED, an individual; and     )
 6    COASTAL PROTECTION RANGERS, INC., a )
      California non-profit public benefit)
 7    corporation,                        ) Case No.
                                          ) 2:16-cv-02129-SJO-RAO
 8                    Plaintiffs,         )
                                          )
 9              vs.                       )
                                          )
10    LUNADA BAY BOYS, et al.,            )
                                          )
11                    Defendants.         )
      _____)

12

13

14

15

16

17

18        Videotaped deposition of DIANA MILENA REED, taken

19    before Jimmy Rodriguez, a Certified Shorthand Reporter for

20    the State of California, with principal office in the

21    County of Orange, commencing at 9:12 a.m., Monday,

22    October 24, 2016 at the Premier Business Centers - Santa

23    Monica, 401 Wilshire Boulevard, 12th Floor, Santa Monica,

24    California.

25
```

                                                    Page 2

```
 1     APPEARANCES OF COUNSEL:
 2     FOR PLAINTIFFS:
 3             HANSON BRIDGETT, LLP
               BY:  KURT A. FRANKLIN, Esq.
 4             425 Market Street
               26th Floor
 5             San Francisco, CA 94105
               TEL:  (415) 777-3200
 6             FAX:  (415) 541-9366
               Kfranklin@hansonbridgett.com
 7
 8     FOR DEFENDANTS, City of Palos Verdes Estates and Chief of
       Police Jeff Kepley:
 9
               KUTAK ROCK, LLP
10             BY:  ANTOINETTE P. HEWITT, Esq.
               5 Park Plaza
11             Suite 1500
               Irvine, CA 92614
12             TEL:  (949) 417-0999
               FAX:  (949) 417-5394
13             Antoinette.hewitt@kutakrock.com
14
       FOR DEFENDANT, Brant Blakeman:
15
               VEATCH CARLSON, LLP
16             BY:  RICHARD P. DIEFFENBACH, Esq.
               1055 Wilshire Boulevard
17             11th Floor
               Los Angeles, CA 90017
18             TEL:  (213) 381-2861
               FAX:  (213) 383-6370
19             Rdieffenbach@veatchfirm.com
20             BUCHALTER NEMER
               BY:  ROBERT S. COOPER, Esq.
21             1000 Wilshire Boulevard
               Suite 1500
22             Los Angeles, CA 90017
               TEL:  (213) 891-0700
23             FAX:  (213) 630-5609
               Rcooper@buchalter.com
24
25
```

Page 3

```
 1        APPEARANCES OF COUNSEL (Continued):
 2        FOR DEFENDANT, Alan Johnston aka Jalian Johnston:
 3                LAW OFFICES OF J. PATRICK CAREY
                  BY:   J. PATRICK CAREY, Esq.
 4                1230 Rosecrans Avenue
                  Suite 300
 5                Manhattan Beach, CA 90266
                  TEL:  (310) 526-2237
 6                Pat@patcareylaw.com
 7
          FOR DEFENDANT, Angelo Ferrara and N.F.:
 8
                  LAW OFFICES OF MARK C. FIELDS, APC
 9                BY:  MARK C. FIELDS, Esq.
                     (Via Telephone)
10                333 South Hope Street
                  35th Floor
11                Los Angeles, CA 90071
                  TEL:  (213) 617-5225
12                FAX:  (213) 629-4520
                  Fields@markfieldslaw.com
13
14        FOR DEFENDANT, Sang Lee:
15                LEWIS BRISBOIS BISGAARD & SMITH
                  BY:  TERA A. LUTZ, Esq.
16                633 West 5th Street
                  Suite 4000
17                Los Angeles, CA 90071
                  TEL:  (213) 250-1800
18                FAX:  (213) 250-7900
                  Tera.lutz@lewisbrisbois.com
19
20        FOR DEFENDANT, Sang Lee:
21                BOOTH MITCHEL & STRANGE, LLP
                  BY:  DANIEL M. CROWLEY, Esq.
22                707 Wilshire Boulevard
                  Suite 3000
23                Los Angeles, CA 90017
                  TEL:  (213) 738-0100
24                FAX:  (213) 380-3308
                  Dmcrowley@boothmitchel.com
25
```

Page 4

```
 1      APPEARANCES OF COUNSEL (Continued):
 2      FOR DEFENDANT, Michael Ray Papayans:
 3              HAVEN LAW
                BY:  PETER T. HAVEN, Esq.
 4              1230 Rosecrans Avenue
                Suite 300
 5              Manhattan Beach, CA 90266
                TEL:  (213) 842-4617
 6              FAX:  (213) 477-2137
                Peter@havenlaw.com
 7
 8      Also Present:
 9              MARNIE LEVY, Videographer
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 5

```
 1            THE WITNESS:  I don't know if I knew that   13:41

 2     at the time, I think that's when I first met him.   13:41

 3     BY MS. HEWITT:                                      13:41

 4        Q     Okay.  Do you know that Cory Spencer was   13:41

 5     communicating with Police Chief Kepley around the   13:41

 6     time of the visits?                                 13:41

 7        A     I know that I found out that he had asked  13:41

 8     for the police at a later date.  Whether or not I   13:41

 9     knew that on February 13th or January 29th, I don't 13:41

10     remember if I knew that.  I don't think I knew that 13:41

11     on January 29th because I didn't know him.          13:41

12        Q     Okay.  Fair enough.                        13:41

13            The complaint indicates at some point you    13:41

14     were -- let's see -- you had spent about two hours  13:41

15     at Lunada Bay and then certain individual defendants 13:41

16     approached you with a case of beer.                 13:41

17            Do you recall that?                          13:42

18        A     I do, but again, that event was very       13:42

19     traumatic to me so I do remember what happened but I 13:42

20     have blocked out certain small details of it and,   13:42

21     you know, with my pregnancy, my memory right now,   13:42

22     certain things are hard to remember but I'm doing my 13:42

23     best to remember.                                   13:42

24        Q     Tell me what you remember -- and I         13:42

25     appreciate that.                                    13:42
```

Page 169

| | | |
|---|---|---|
| 1 | MR. FRANKLIN:  Vague and ambiguous. | 13:42 |
| 2 | THE WITNESS:  Specifically, what would you | 13:42 |
| 3 | like to know? | 13:42 |
| 4 | BY MS. HEWITT: | 13:42 |
| 5 | Q     Specifically, my question is about:  Do | 13:42 |
| 6 | you remember being approached by individual | 13:42 |
| 7 | defendants with a case of beer? | 13:42 |
| 8 | A     Yes. | 13:42 |
| 9 | Q     What do you remember about being | 13:42 |
| 10 | approached by individual defendants with a case of | 13:42 |
| 11 | beer? | 13:42 |
| 12 | A     I remember that they approached me very | 13:42 |
| 13 | rapidly and I was caught by surprise.  I remember | 13:42 |
| 14 | that they rushed towards me in a hostile manner.  I | 13:42 |
| 15 | remember, you know, declining that I wanted to drink | 13:43 |
| 16 | beer.  I remember being videotaped by | 13:43 |
| 17 | Brant Blakeman.  I remember there were times when I | 13:43 |
| 18 | was being videotaped very close to my face and it | 13:43 |
| 19 | felt very intimidating and definitely felt like I | 13:43 |
| 20 | was being harassed.  And I think that I asked them, | 13:43 |
| 21 | you know, why they're videotaping me because it made | 13:43 |
| 22 | me very uncomfortable. | 13:43 |
| 23 | I remember Mr. Johnston opening the can of | 13:43 |
| 24 | beer in a way that sprayed my arm and my camera.  I | 13:43 |
| 25 | remember him chucking beer and throwing beer cans on | 13:44 |

Page 170

Case 2:16-cv-02129-SJO-RAO   Document 264-21   Filed 07/24/17   Page 41 of 58   Page ID #:6203

| | | |
|---|---|---|
| 1 | the floor.  I remember him being very loud and very | 13:44 |
| 2 | scary, very intimidating, and acting in a sexual | 13:44 |
| 3 | manner. | 13:44 |
| 4 | Q     Where did this take place? | 13:44 |
| 5 | A     These events took place in the fort. | 13:44 |
| 6 | Q     Okay.  When -- why did you go to the fort | 13:44 |
| 7 | initially? | 13:44 |
| 8 | A     I initially went to the fort to take | 13:44 |
| 9 | photographs of Jordan, as he was surfing. | 13:44 |
| 10 | Q     Okay.  When you went to the fort, were | 13:44 |
| 11 | there already people in the fort? | 13:44 |
| 12 | A     I don't remember if there was already | 13:44 |
| 13 | someone in the fort or not when I first went into | 13:44 |
| 14 | the fort. | 13:44 |
| 15 | Q     Do you have any recollection of there | 13:44 |
| 16 | being anybody in the -- in the fort area when you | 13:45 |
| 17 | went to the fort? | 13:45 |
| 18 | MR. FRANKLIN:  Vague, ambiguous. | 13:45 |
| 19 | THE WITNESS:  I don't remember if there | 13:45 |
| 20 | was someone as I was walking into the fort.  I do | 13:45 |
| 21 | remember having conversations with a certain man in | 13:45 |
| 22 | the fort prior to these two individuals, but whether | 13:45 |
| 23 | he was there as I was walking up the steps I don't | 13:45 |
| 24 | remember that detail. | 13:45 |
| 25 | /// | |

Page 171

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 49 of 81   Page ID
#:10978
Case 2:16-cv-02129-SJO-RAO   Document 316   Filed 07/24/17   Page 42 of 58   Page ID
#:6204

| | | |
|---|---|---|
| 1 | filming me with his camera. | 13:52 |
| 2 | Q    Okay.  Okay.  At any point, did you walk | 13:52 |
| 3 | away when they were making the, I think you said, | 13:52 |
| 4 | sexual references to you; were you able to walk away | 13:52 |
| 5 | at that point and exit the fort? | 13:52 |
| 6 | MR. FRANKLIN:  Vague and ambiguous. | 13:52 |
| 7 | THE WITNESS:  I was not able to exit the | 13:52 |
| 8 | fort, I was frozen in fear. | 13:52 |
| 9 | BY MS. HEWITT: | 13:52 |
| 10 | Q    All right.  At some point, were you able | 13:52 |
| 11 | to leave the fort? | 13:53 |
| 12 | A    I was able to leave the fort at some | 13:53 |
| 13 | point, yes. | 13:53 |
| 14 | Q    Can you tell me what the sexual comments | 13:53 |
| 15 | were that were made to you that you referenced | 13:53 |
| 16 | earlier? | 13:53 |
| 17 | A    I don't remember all of them. | 13:53 |
| 18 | Q    I understand. | 13:53 |
| 19 | A    I do remember asking, you know, why I was | 13:53 |
| 20 | being filmed and, you know, being told that they're | 13:53 |
| 21 | filming me because I'm sexy.  I remember | 13:53 |
| 22 | Mr. Johnston saying that he's big enough to get the | 13:53 |
| 23 | job done while, you know, also, you know, he was | 13:53 |
| 24 | also grunting and making -- making moans and noises | 13:53 |
| 25 | resembling, you know, an orgasm.  He was, you know, | 13:54 |

Page 177

```
 1              Certification of Court Reporter
 2                     Federal Jurat
 3
 4         I, the undersigned, a Certified Shorthand
 5    Reporter of the State of California do hereby
 6    certify:
 7         That the foregoing proceedings were taken
 8    before me at the time and place herein set forth;
 9    that any witnesses in the foregoing proceedings,
10    prior to testifying, were placed under oath; that a
11    verbatim record of the proceedings was made by me
12    using machine shorthand which was thereafter
13    transcribed under my direction; further, that the
14    foregoing is an accurate transcription thereof.
15         That before completion of the deposition, a
16    review of the transcript [x] was [ ] was not
17    requested.  I further certify that I am neither
18    financially interested in the action nor a relative
19    or employee of any attorney of any of the parties.
20         IN WITNESS WHEREOF, I have this date
21    subscribed my name.
22    Dated:  November 7, 2016
23
24
                   Jimmy Rodriguez, RPR
25                 Certificate Number 13464

                                          Page 375
```

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 51 of 81   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 310980   Filed 07/24/17   Page 43 of 58   Page ID
#:6205

```
 1                 UNITED STATES DISTRICT COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3                      WESTERN DIVISION

 4

 5    CORY SPENCER, an individual; DIANA   )
      MILENA REED, an individual; and      )
 6    COASTAL PROTECTION RANGERS, INC., a  )
      California non-profit public benefit )
 7    corporation,                         )  Case No.
                                           )  2:16-cv-02129-SJO-RAO
 8                   Plaintiffs,           )
                                           )
 9             vs.                         )
                                           )
10    LUNADA BAY BOYS, et al.,             )
                                           )
11                   Defendants.           )
      _____)

12

13

14

15

16

17

18        VIDEOTAPED DEPOSITION OF DIANA MILENA REED

19                      VOLUME II

20               Santa Monica, California

21              Tuesday, October 25, 2016

22

23

24    REPORTED BY:

      Jimmy S. Rodriguez

25    CSR No. 13464


                                            Page 187
```

```
 1                  UNITED STATES DISTRICT COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3                      WESTERN DIVISION

 4

 5   CORY SPENCER, an individual; DIANA   )

     MILENA REED, an individual; and      )

 6   COASTAL PROTECTION RANGERS, INC., a  )

     California non-profit public benefit )

 7   corporation,                         )  Case No.

                                          )  2:16-cv-02129-SJO-RAO

 8                    Plaintiffs,         )

                                          )

 9            vs.                         )

                                          )

10   LUNADA BAY BOYS, et al.,             )

                                          )

11                    Defendants.         )

     ─────────────────────────────────────)

12

13

14

15

16

17

18        Videotaped deposition of DIANA MILENA REED, Volume II,

19    taken before Jimmy Rodriguez, a Certified Shorthand

20    Reporter for the State of California, with principal

21    office in the County of Orange, commencing at 9:24 a.m.,

22    Tuesday, October 25, 2016 at Premier Business Centers -

23    The Water Garden, 2425 Olympic Boulevard, Suite 4000,

24    Santa Monica, California.

25
```

Page 188

47

```
 1      APPEARANCES OF COUNSEL:
 2      FOR PLAINTIFFS:
 3              HANSON BRIDGETT, LLP
                BY:  KURT A. FRANKLIN, Esq.
 4              425 Market Street
                26th Floor
 5              San Francisco, CA 94105
                TEL:  (415) 777-3200
 6              FAX:  (415) 541-9366
                Kfranklin@hansonbridgett.com
 7
 8      FOR DEFENDANTS, City of Palos Verdes Estates and Chief of
        Police Jeff Kepley:
 9
                KUTAK ROCK, LLP
10              BY:  ANTOINETTE P. HEWITT, Esq.
                5 Park Plaza
11              Suite 1500
                Irvine, CA 92614
12              TEL:  (949) 417-0999
                FAX:  (949) 417-5394
13              Antoinette.hewitt@kutakrock.com
14
        FOR DEFENDANT, Brant Blakeman:
15
                VEATCH CARLSON, LLP
16              BY:  RICHARD P. DIEFFENBACH, Esq.
                1055 Wilshire Boulevard
17              11th Floor
                Los Angeles, CA 90017
18              TEL:  (213) 381-2861
                FAX:  (213) 383-6370
19              Rdieffenbach@veatchfirm.com
20
21
22
23
24
25

                                           Page 189
```

```
 1        APPEARANCES OF COUNSEL (Continued):
 2        FOR DEFENDANT, Alan Johnston aka Jalian Johnston:
 3                LAW OFFICES OF J. PATRICK CAREY
                  BY:  J. PATRICK CAREY, Esq.
 4                1230 Rosecrans Avenue
                  Suite 300
 5                Manhattan Beach, CA 90266
                  TEL:  (310) 526-2237
 6                Pat@patcareylaw.com
 7
          FOR DEFENDANT, Angelo Ferrara and N.F.:
 8
                  LAW OFFICES OF MARK C. FIELDS, APC
 9                BY:  MARK C. FIELDS, Esq.
                  333 South Hope Street
10                35th Floor
                  Los Angeles, CA 90071
11                TEL:  (213) 617-5225
                  FAX:  (213) 629-4520
12                Fields@markfieldslaw.com
13
          FOR DEFENDANT, Sang Lee:
14
                  LEWIS BRISBOIS BISGAARD & SMITH
15                BY:  TERA A. LUTZ, Esq.
                  633 West 5th Street
16                Suite 4000
                  Los Angeles, CA 90071
17                TEL:  (213) 250-1800
                  FAX:  (213) 250-7900
18                Tera.lutz@lewisbrisbois.com
19
          FOR DEFENDANT, Sang Lee:
20
                  BOOTH MITCHEL & STRANGE, LLP
21                BY:  JACKIE K. VU, Esq.
                  707 Wilshire Boulevard
22                Suite 3000
                  Los Angeles, CA 90017
23                TEL:  (213) 738-0100
                  FAX:  (213) 380-3308
24                Jkvu@boothmitchel.com
25
```

Page 190

```
 1        APPEARANCES OF COUNSEL (Continued):
 2     FOR DEFENDANT, Michael Ray Papayans:
 3             HAVEN LAW
               BY:  PETER T. HAVEN, Esq.
 4             1230 Rosecrans Avenue
               Suite 300
 5             Manhattan Beach, CA 90266
               TEL:  (213) 842-4617
 6             FAX:  (213) 477-2137
               Peter@havenlaw.com
 7
 8     Also Present:
 9             JAMES KORALEK, Videographer
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 191

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 56 of 81   Page ID
#:10985
Case 2:16-cv-02129-SJO-RAO   Document 326-1   Filed 07/24/17   Page 44 of 58   Page ID
#:6208

```
 1        after the complaint was filed, so I take that back.    12:32

 2            Q      Okay.  How did you know that was his name?   12:32

 3            A      I knew his name from Jen, was the first      12:32

 4        person that knew his name.  And then I knew it based    12:32

 5        on the investigation and my attorneys.                  12:32

 6            Q      This was --                                  12:32

 7            A      And I believe the police identified him to   12:33

 8        me as well at that point.  But yes, this was before     12:33

 9        the complaint was filed.                                12:33

10            Q      And Jen knew him?                            12:33

11            A      She never told me that she knew him.  All    12:33

12        she told me is what is in those text messages that      12:33

13        were attached to the police report, that's all that     12:33

14        I knew.                                                 12:33

15            Q      Did you ever see Brant Blakeman do           12:33

16        anything besides filming or speaking to you as you      12:33

17        told us at the bay area?                                12:33

18            A      Well, during the incident that occurred on   12:33

19        February 13th, it appeared as though he had             12:33

20        orchestrated that event with Mr. Jalian Johnston.       12:33

21            Q      What specifically did he do that made you    12:33

22        think that he had orchestrated that?                    12:33

23            A      It appeared as though they had planned the   12:33

24        event out in an attempt to try to ruin my camera and   12:34

25        in an attempt to try to intimidate me.                  12:34
```

                                                      Page 300

Case 2:16-cv-02129-SJO-RAO   Document 316-4   Filed 07/24/17   Page 45 of 58   Page ID #:6207

```
 1          Q     What specifically was done or did you see    12:34

 2     that caused you to believe that?                        12:34

 3          A     The fact that when they entered the fort      12:34

 4     it seemed like all of their actions were                12:34

 5     orchestrated, they immediately rushed towards me.        12:34

 6     Johnston immediately opened the can of beer and, you     12:34

 7     know, sprayed it on me and on my camera in what I        12:34

 8     believe they intended to appear as an accident but       12:34

 9     to me it felt very intentional.                          12:34

10          The way that, you know, he was -- he was            12:34

11     filming Johnston as though it was like a planned         12:34

12     performance it seemed like, you know.  The fact that     12:34

13     he was holding the camera just right, right next to      12:35

14     my face in a way that made me feel threatened or         12:35

15     intimidated.                                             12:35

16          Q     Go ahead.                                     12:35

17          A     A lot of the actions at Lunada Bay between    12:35

18     the locals all appeared to be orchestrated based on      12:35

19     what I've seen and what I've heard in the surf           12:35

20     community.                                               12:35

21          Q     Can you give me any specifics as to why       12:35

22     you thought the February 13th episode was                12:35

23     orchestrated or scripted or somehow created by           12:35

24     Mr. Blakeman or with his direction?                      12:35

25          A     I don't know who planned it.  I don't know    12:35
```

                                                    Page 301

```
1               Certification of Court Reporter
2                       Federal Jurat
3
4          I, the undersigned, a Certified Shorthand
5     Reporter of the State of California do hereby
6     certify:
7          That the foregoing proceedings were taken
8     before me at the time and place herein set forth;
9     that any witnesses in the foregoing proceedings,
10    prior to testifying, were placed under oath; that a
11    verbatim record of the proceedings was made by me
12    using machine shorthand which was thereafter
13    transcribed under my direction; further, that the
14    foregoing is an accurate transcription thereof.
15         That before completion of the deposition, a
16    review of the transcript [x] was [ ] was not
17    requested.  I further certify that I am neither
18    financially interested in the action nor a relative
19    or employee of any attorney of any of the parties.
20         IN WITNESS WHEREOF, I have this date
21    subscribed my name.
22    Dated:  November 3, 2016
23
24
                  Jimmy Rodriguez, RPR
25                Certificate Number 13464
```

Page 186

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 59 of 81   Page ID
#:10988
Case 2:16-cv-02129-SJO-RAO   Document 292-1   Filed 07/24/17   Page 46 of 58   Page ID
#:6208

# EXHIBIT "E"

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 60 of 81   Page ID
#:10989
Case 2:16-cv-02129-SJO-RAO   Document 284   Filed 07/24/17   Page 47 of 58   Page ID
#:6209

```
 1                UNITED STATES DISTRICT COURT
 2               CENTRAL DISTRICT OF CALIFORNIA
 3                     WESTERN DIVISION
 4
 5   CORY SPENCER, an individual;  ) Case No.
     DIANA MILENA REED, an         ) 2:16-cv-02129-SJO-RAO
 6   individual; and COASTAL       )
     PROTECTION RANGERS, INC., a    )
 7   California non-profit public   )
     benefit corporation,           )
 8                                   )
                     Plaintiffs,     )
 9                                   )
             v.                      )
10                                   )
     LUNADA BAY BOYS; THE            )
11   INDIVIDUAL MEMBERS OF THE       )
     LUNADA BAY BOYS, including      )
12   but not limited to SANG LEE,    )
     BRANT BLAKEMAN, ALAN JOHNSTON   )
13   aka JALIAN JOHNSTON, MICHAEL    )
     RAE PAPAYANS, ANGELO FERRARA,   )
14   FRANK FERRARA, CHARLIE          )
     FERRARA and N.F.; CITY OF       )
15   PALOS VERDES ESTATES;           )
     CHIEF OF POLICE JEFF KEPLEY,    )
16   in his representative           )
     capacity; and DOES 1-10,        )
17                                   )
                     Defendants.     )
18   _____ )
19         DEPOSITION OF CORY ELDON SPENCER
20              Los Angeles, California
21             Tuesday, October 11, 2016
22
23   Reported by:
24   Carmen R. Sanchez
25   CSR No. 5060
```

                                                    Page 1

```
 1              UNITED STATES DISTRICT COURT
 2              CENTRAL DISTRICT OF CALIFORNIA
 3                    WESTERN DIVISION
 4
 5   CORY SPENCER, an individual; ) Case No.
     DIANA MILENA REED, an        ) 2:16-cv-02129-SJO-RAO
 6   individual; and COASTAL      )
     PROTECTION RANGERS, INC., a   )
 7   California non-profit public )
     benefit corporation,         )
 8                                )
                   Plaintiffs,    )
 9                                )
           v.                     )
10                                )
     LUNADA BAY BOYS; THE         )
11   INDIVIDUAL MEMBERS OF THE    )
     LUNADA BAY BOYS, including   )
12   but not limited to SANG LEE, )
     BRANT BLAKEMAN, ALAN JOHNSTON )
13   aka JALIAN JOHNSTON, MICHAEL )
     RAE PAPAYANS, ANGELO FERRARA, )
14   FRANK FERRARA, CHARLIE       )
     FERRARA and N.F.; CITY OF    )
15   PALOS VERDES ESTATES;        )
     CHIEF OF POLICE JEFF KEPLEY, )
16   in his representative        )
     capacity; and DOES 1-10,     )
17                                )
                   Defendants.    )
18   _____)
19
20        Deposition of CORY ELDON SPENCER, taken
21   on behalf of defendants, at 777 South Figueroa Street,
22   Suite 4550, Los Angeles, California, beginning at
23   10:01 a.m. and ending at 6:35 p.m., on Tuesday,
24   October 11, 2016, before Carmen R. Sanchez,
25   Certified Shorthand Reporter No. 5060.
```

Page 2

```
 1      APPEARANCES:
 2      For the Plaintiffs:
 3              HANSON BRIDGETT LLP
                BY:  KURT A. FRANKLIN, ESQ.
 4              425 Market Street
                Twenty-sixth Floor
 5              San Francisco, California  94105
                Telephone:  (415) 777-3200
 6              Facsimile:  (415) 541-9366
                E-mail:  kfranklin@hansonbridgett.com
 7
                HANSON BRIDGETT LLP
 8              BY:  TYSON M. SHOWER, ESQ.
                     LANDON D. BAILEY, ESQ.
 9              500 Capitol Mall
                Suite 1500
10              Sacramento, California  95814
                Telephone:  (916) 442-3333
11              Facsimile:  (916) 442-2348
                E-mail:  tshower@hansonbridgett.com
12                       lbailey@hansonbridgett.com
                (NOT PRESENT)
13
                OTTEN LAW PC
14              BY:  VICTOR OTTEN, ESQ.
                3620 Pacific Coast Highway
15              Suite 100
                Torrance, California  90505
16              Telephone:  (310) 378-8533
                Facsimile:  (310) 347-4225
17              E-mail:  vic@ottenlawpc.com
                (TELEPHONIC APPEARANCE)
18
19
20
21                          Continued ....
22
23
24
25


                                          Page 3
```

```
 1    APPEARANCES (CONTINUED):
 2    For the Defendants City of Palos Verdes Estates and
      Chief of Police Jeff Kepley:
 3
           KUTAK ROCK LLP
 4         BY:  ANTOINETTE P. HEWITT, ESQ.
           5 Park Plaza
 5         Suite 1500
           Irvine, California  92614-8595
 6         Telephone:  (949) 417-0999
           Facsimile:  (949) 417-5394
 7         E-mail:  Antoinette.Hewitt@KutakRock.com
 8    For the Defendant Brant Blakeman:
 9         VEATCH CARLSON, LLP
           BY:  JOHN P. WORGUL, ESQ.
10         1055 Wilshire Boulevard
           Eleventh Floor
11         Los Angeles, California  90017
           Telephone:  (213) 381-2861
12         Facsimile:  (213) 383-6370
           E-mail:  jworgul@veatchfirm.com
13
      For the Defendant Michael Rae Papayans:
14
           HAVEN LAW
15         BY:  PETER T. HAVEN, ESQ.
           1230 Rosecrans Avenue
16         Suite 300
           Manhattan Beach, California  90266
17         Telephone:  (310) 272-5353
           Facsimile:  (213) 477-2137
18         E-mail:  peter@havenlaw.com
19    For the Defendant Sang Lee:
20         LEWIS BRISBOIS BISGAARD & SMITH LLP
           BY:  TERA A. LUTZ, ESQ.
21         633 West 5th Street
           Suite 4000
22         Los Angeles, California  90071
           Telephone:  (213) 250-1800
23         Facsimile:  (213) 250-7900
           E-mail:  Tera.Lutz@lewisbrisbois.com
24
                     Continued ....
25
```

Hahn & Bowersock, A Veritext Company
800.660.3187

```
 1    APPEARANCES (CONTINUED):
 2    For the Defendant Sang Lee:
 3           BOOTH, MITCHEL & STRANGE
              BY:  DANIEL M. CROWLEY, ESQ.
 4           707 Wilshire Boulevard
              Suite 4450
 5           Los Angeles, California  90017
              Telephone:  (213) 738-0100
 6           Facsimile:  (213) 380-3308
              E-mail:  dmcrowley@boothmitchel.com
 7
       For the Defendants Angelo Ferrara; N.F.
 8     appearing through [Proposed] Guardian Ad Litem,
       Leonora Ferrara Attorney for Petitioner:
 9
              LAW OFFICES OF MARK C. FIELDS, APC
10           BY:  MARK C. FIELDS, ESQ.
              333 South Hope Street
11           Thirty-fifth Floor
              Los Angeles, California  90071
12           Telephone:  (213) 617-5225
              Facsimile:  (213) 629-4520
13           E-mail:  fields@markfieldslaw.com
              (TELEPHONIC APPEARANCE AND PERSONAL APPEARANCE)
14
       For the Defendants Frank Ferrara and Charlie Ferrara:
15
              BREMER WHYTE BROWN & O'MEARA
16           BY:  LAURA L. BELL, ESQ.
              21271 Burbank Boulevard
17           Suite 110
              Woodland Hills, California  91367
18           Telephone:  (818) 712-9800
              Facsimile:  (818) 712-9900
19           E-mail:  lbell@bremerwhyte.com
              (TELEPHONIC APPEARANCE)
20
21
22
23
24                         Continued ....
25
```

Page 5

```
1     APPEARANCES (CONTINUED):
2     For the Defendant Brant Blakeman:
3           BUCHALTER NEMER, APC
            BY:  ROBERT S. COOPER, ESQ.
4           1000 Wilshire Boulevard
            Suite 1500
5           Los Angeles, California  90017
            Telephone:  (213) 891-5230
6           Facsimile:  (213) 896-0400
            E-mail:  rcooper@buchalter.com
7           (TELEPHONIC APPEARANCE)
8     For the Defendant Angelo Ferrara:
9           THE PHILLIPS FIRM
            BY:  MATTHEW E. VOSS, ESQ.
10          800 Wilshire Boulevard
            Suite 1550
11          Los Angeles, California  90017
            Telephone:  (213) 244-9913
12          Facsimile:  (213) 244-9915
            E-mail:  mvoss@thephillipsfirm.com
13          (TELEPHONIC APPEARANCE)
14    For the Defendant Alan Johnston aka Jalian Johnston:
15          LAW OFFICES OF J. PATRICK CAREY
            BY:  J. PATRICK CAREY, ESQ.
16          1230 Rosecrans Avenue
            Suite 300
17          Manhattan Beach, California  90266
            Telephone:  (310) 526-2237
18          Facsimile:  (310) 526-2237
            E-mail:  pat@patcareylaw.com
19          (NOT PRESENT)
20
21
22
23
24
25
                                          Page 6
```

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 66 of 81   Page ID
#:10995
Case 2:16-cv-02129-SJO-RAO   Document 280   Filed 07/24/17   Page 48 of 58   Page ID
#:6210

1            A      Correct.

2            Q      You did not experience any vandalism; is

3      that correct?

4            A      Correct.

5            Q      All right.  And you did not experience

6      anything that caused you to later to be fearful of

7      later coming back to Lunada Bay; is that correct?

8            A      Not on those times; correct.

9            Q      Okay.

10                  All right.  If we go to the next

11     sentence, it starts at line 13, sir (as read):

12                  "But in January 2016, Spencer

13              worked up his courage to surf Lunada Bay

14              during a large winter swell."

15                  Going to a time period before

16     January 2016, is it true that you had never surfed

17     Lunada Bay before that time?

18            A      That's true.

19            Q      Okay.  So when you visited Lunada Bay

20     before you turned 20, you went to Lunada Bay but did

21     not surf; correct?

22            A      That's correct.

23            Q      All right.

24                  When you went during those four to five

25     times, did you go on the beach?

                                             Page 62

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 67 of 81   Page ID
#:10996
Case 2:16-cv-02129-SJO-RAO   Document 307   Filed 07/24/17   Page 49 of 58   Page ID
#:6211

```
 1    sure; but, as far as on the phone, I don't recall.

 2    BY MS. HEWITT:

 3          Q       All right.  And I think you said that

 4    you requested extra patrols; correct?

 5          A       Yes.

 6          Q       All right.

 7                  Did any -- were any extra patrols

 8    provided?

 9          MR. FRANKLIN:  Vague and ambiguous; lacks

10    foundation.

11    BY MS. HEWITT:

12          Q       Well, let me ask you this.  Okay.  So,

13    you requested extra patrols for your visit in January

14    of 2016; is that correct?

15          A       Correct.

16          Q       Okay.

17                  Do you know if your request was granted?

18          MR. FRANKLIN:  Lacks foundation.

19          THE WITNESS:  I can only tell you what I

20    experienced, that there was a group of officers that

21    was there after I was out of the water.

22    BY MS. HEWITT:

23          Q       On January 2016?

24          A       January 29th, 2016.

25          Q       I'm sorry.  Thank you.
```

Page 85

Case 2:16-cv-02129-SJO-RAO  Document 327  Filed 08/03/17  Page 68 of 81  Page ID
#:10997
Case 2:16-cv-02129-SJO-RAO  Document 308  Filed 07/24/17  Page 50 of 58  Page ID
#:8212

```
 1                  Anything else occur in those first 20

 2      minutes that caused you fear?

 3          A      No.  That was -- that was it.  The name

 4      calling and the telling us to get out of there, and

 5      that was all that I can recall now.

 6          Q      Okay.

 7                  Between the end of that first 20 minutes

 8      and the time when you were on your second wave of

 9      Lunada Bay, did anything else occur to cause you fear?

10          A      Yes.

11          Q      Okay.  What was that?

12          A      A very uncomfortable feeling when the --

13      who I now know -- did not know at the time -- was

14      Defendant Blakeman paddling around myself and Chris

15      and, more specifically, Chris in a very tight circle;

16      blocking Chris from getting any waves; never saying a

17      word; just looking -- staring at both he and I.  That

18      was a little weird; fearful.  I've never experienced

19      that before in my life in the water like -- kind of

20      like a circling you like a shark.  You know, it was

21      weird -- just weird.

22          Q      Okay.  And was that during while you're

23      getting ready to catch a first wave?

24          A      Yeah -- yes, from --

25          Q      Okay.
```

                                              Page 105

```
 1              Certification of Court Reporter
 2                      Federal Jurat
 3

 4          I, the undersigned, a Certified Shorthand
 5      Reporter of the State of California do hereby certify:
 6          That the foregoing proceedings were taken
 7      before me at the time and place herein set forth;
 8      that any witnesses in the foregoing proceedings, prior
 9      to testifying, were placed under oath; that a verbatim
10      record of the proceedings was made by me using machine
11      shorthand which was thereafter transcribed under my
12      direction; further, that the foregoing is an accurate
13      transcription thereof.
14          That before completion of the deposition, a
15      review of the transcript [X] was [ ] was not requested.
16          I further certify that I am neither
17      financially interested in the action nor a relative or
18      employee of any attorney of any of the parties.
19          IN WITNESS WHEREOF, I have this date
20      subscribed my name.
21      Dated:  October 21, 2016
22

23

24              Carmen R. Sanchez
25              CSR No. 5060

                                        Page 349
```

# EXHIBIT "F"

Case 2:16-cv-02129-SJO-RAO   Document 261000   Filed 07/24/17   Page 52 of 58   Page ID
#:8214

Christopher Taloa
January 05, 2017

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

Cory Spencer, et al.,

            Plaintiffs,

        vs.                          Case No.
                                     2:16-CV-02129-SJO
Lunada Bay Boys, et al.,             (RAOx)

            Defendants.

_____


VIDEOTAPED DEPOSITION OF CHRISTOPHER TALOA


January 5, 2017

10:03 a.m.


1055 Wilshire Boulevard, 11th Floor

Los Angeles, California


REPORTED BY:

Angela M. Schubert

CSR No. 12027, CSR

Christopher Taloa
January 05, 2017

```
 1   APPEARANCES:

 2

 3               For Plaintiffs:

 4                   LAW OFFICE OF VICTOR OTTEN
                     VICTOR OTTEN
 5                   3620 Pacific Coast Highway
                     Suite 100
 6                   Torrance, California  90505
                     310.378.8533
 7                   310.347.4225  fax
                     Vic@OttenLawPC.com
 8

 9               For Defendant Brant Blakeman:

10                   VEATCH CARLSON
                     JOHN P. WORGUL
11                   1055 Wilshire Boulevard, 11th Floor
                     Los Angeles, California  90017
12                   213.381.2861
                     213.383.6370  fax
13                   JWorgul@VeatchFirm.com

14

15               For Defendant Sang Lee:

16                   BOOTH, MITCHEL & STRANGE
                     JACKIE K. VU
17                   707 Wilshire Boulevard, Suite 3000
                     Los Angeles, California  90017
18                   213.738.0100
                     213.380.3308 fax
19                   JKVu@BoothMitchel.com

20               For Defendant Angelo Ferrara and NF:

21                   LAW OFFICE OF MARK C. FIELDS
                     MARK C. FIELDS
22                   333 South Hope Street, 35th Floor
                     Los Angeles, California  90071
23                   213.617.5225
                     213.629.4520 fax
24                   Fields@MarkFieldsLaw.com

25
```

Christopher Taloa
January 05, 2017

```
 1   APPEARANCES: (Cont.)

 2
              For Defendant Sang Lee:
 3
                  LEWIS, BRISBOIS, BISGAARD & SMITH
 4                TERA A. LUTZ
                  633 West 5th Street, Suite 4000
 5                Los Angeles, California  90071
                  213.680.5004
 6                213.250.7900 fax
                  Tera.Lutz@LewisBrisbois.com
 7

 8            For Defendants Alan Johnston aka Jalian
              Johnston:
 9
                  LAW OFFICE OF J. PATRICK CAREY
10                J. PATRICK CAREY
                  1230 Rosecrans Avenue, Suite 300
11                Manhattan Beach, California  90266
                  310.526.2237
12                310.526.2237 fax
                  Pat@PatCareyLaw.com
13

14            For Defendants City of Palos Verdes
              Estates and Chief of Police Jeff Kepley:
15
                  KUTAK ROCK, LLP
16                JACOB SONG
                  5 Park Plaza, Suite 1500
17                Irvine, California  92614
                  949.417.0999
18                949.417.0979 fax
                  Jacob.Song@KutakRock.com
19

20            For Defendant Michael Ray Papayans:

21                HAVEN LAW
                  PETER T. HAVEN
22                1230 Rosecrans Avenue, Suite 300
                  Manhattan Beach, California  90266
23                213.842.4617
                  213.477.2137  fax
24                Peter@HavenLaw.com

25
```

Christopher Taloa
January 05, 2017

```
 1   APPEARANCES:   (Cont.)

 2

             For Defendants Frank Ferrara and Charlie
 3           Ferrara:

 4                BREMER, WHYTE, BROWN & O'MEARA
                  LAURA L. BELL
 5                21271 Burbank Boulevard, Suite 100
                  Woodland Hills, California  91367
 6                818.712.9800
                  818.712.9900  fax
 7                LBell@BremerWhyte.com

 8

             For Defendant Brant Blakeman: (Telephonic
 9           appearance)

10                BUCHALTER NEMER
                  ROBERT S. COOPER
11                1000 Wilshire Boulevard, Suite 1500
                  Los Angeles, California  90017
12                213.891.5230
                  213.630.5609  fax
13                RCooper@Buchalter.com

14
             Also Present:
15
                  STAN BEVERLY, Videographer
16

17

18

19

20

21

22

23

24

25
```

Case 2:16-cv-02129-SJO-RAO   Document 291   Filed 07/24/17   Page 53 of 58   Page ID

Christopher Taloa
January 05, 2017

```
 1   this paper sent in.  I read it the best that I could.
 2   I was just doing my thing and I signed the thing.
 3       Q.  Do you understand what perjury is?
 4       A.  Perjury is lying.
 5       Q.  Okay.
 6       A.  Yeah.
 7       Q.  Do you understand that?
 8           MR. OTTEN:  Objection.  It's argumentative.
 9   I'm going to instruct him not to answer that kind of
10   question.  Just did you sign it.
11           MR. WORGUL:  On what basis?  Please let me
12   know what your legal basis is.
13           MR. OTTEN:  That it's argumentative.  I don't
14   care if he answers whether he signed it under penalty
15   of perjury but you don't get to sit here and badger him
16   over nonsense like this.
17           MR. WORGUL:  I'm just asking if he knows what
18   perjury is?
19           MR. OTTEN:  Fine but not in this context.  You
20   could have asked him that earlier.
21           MR. WORGUL:  He signed a document.
22           MR. OTTEN:  Just ask him.  He signed it under
23   penalty of perjury.
24           MR. WORGUL:  I already asked him that
25   question.
```

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 07/24/17   Page 54 of 58   Page ID #:11005

Christopher Taloa
January 05, 2017

```
1              MR. OTTEN:  And that's what he can answer.

2              MR. WORGUL:  Okay.  So you're refusing to

3    allow the witness to answer whether he understands what

4    perjury is?

5              MR. OTTEN:  You're badgering him.

6              MR. WORGUL:  Are you refusing to allow the

7    witness to answer my question of whether he understands

8    what perjury is or not?

9              MR. OTTEN:  Under this context, I am.

10             MR. WORGUL:  Okay.

11             MR. OTTEN:  You could have asked him in the

12   beginning.

13   BY MR. WORGUL:

14        Q.  Mr. Taloa, are you going to follow your

15   attorney's instruction and not answer my question?

16        A.  I'm going to do everything he tells me to do.

17        Q.  And as you sit here today, that statement that

18   you made under penalty of perjury, you're telling me it

19   may not be true; correct?

20        A.  Yeah.

21        Q.  Okay.  And is the gist of what you're telling

22   me here today while you're under oath again is that you

23   just believed that there was a possibility of a

24   confrontation and so you told your friend to go to some

25   other area to avoid a confrontation?
```

Case 2:16-cv-02129-SJO-RAO   Document 321   Filed 07/24/17   Page 55 of 58   Page ID
#:11006

Christopher Taloa
January 05, 2017

1       A.  At that moment in time?  During that time?

2       Q.  Yes.

3       A.  I didn't know people.  I don't know people

4    over there.

5       Q.  How about today?

6       A.  Today, right now?

7       Q.  Is there anyone from Palos Verdes that you

8    understand surfs Hawaii, anywhere in Hawaii, and you

9    think it's hypocritical that they're allowed to go surf

10   in Hawaii?

11      A.  Not anymore.

12      Q.  Are you saying not anymore?

13      A.  Because I can surf there too.

14      Q.  So surf where?

15      A.  Lunada Bay now.

16      Q.  So as long as you can surf in Lunada Bay,

17   you're okay with people from Lunada Bay surfing in

18   Hawaii?

19      A.  I believe everybody should be able to surf

20   wherever they want.

21      Q.  At some point in 2012 or 2013, you made

22   contact with a man named Jim.  I think it's Russi.  Am

23   I pronouncing that correctly?

24      A.  Yeah.

25      Q.  Do you know who he is?

Case 2:16-cv-02129-SJO-RAO   Document 321-4   Filed 07/24/17   Page 56 of 58   Page ID
#:11007

Christopher Taloa
January 05, 2017

```
 1   yelling obscenities at you?

 2        A.  Not on the beach.  We try not to look at them

 3   in the face.  We don't want to create the eye contact

 4   and create the challenge.

 5        Q.  Then were you able to get in the water?

 6        A.  We were able to get in the water.

 7        Q.  How was the surf that day?

 8        A.  We had some good ones that day.  Not too big.

 9   Maybe four foot on the sets Hawaiian style so eight

10   foot faces.

11        Q.  Eight foot faces?

12        A.  Yes, sir.

13        Q.  Okay.  And did you have any problems paddling

14   out?

15        A.  Nope.

16        Q.  Did you have any problems while you were in

17   the water?

18        A.  Oh, yeah.

19        Q.  What problems did you have?

20        A.  Severe shadowing.

21        Q.  By who?

22        A.  Mr. Blakeman.

23        Q.  How do you know it was Mr. Blakeman?

24        A.  Because I know the face and I videotaped him

25   in my face as he was doing it.
```

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 79 of 81   Page ID
#:11008
Case 2:16-cv-02129-SJO-RAO   Document 321   Filed 07/24/17   Page 57 of 58   Page ID
#:11008

Christopher Taloa
January 05, 2017

```
 1   green knee board.

 2       Q.   Okay.

 3       A.   Other than that, it's a speculation.

 4       Q.   Okay.  Was Mr. Blakeman wearing a hood?

 5       A.   The day of the protest he was.

 6       Q.   What's the day of the protest?

 7       A.   The first one in 2014, MLK Day.

 8       Q.   Well, you told me previously you didn't know

 9   whether he was there or not?

10       A.   Right.  My bad.  My bad.  My bad.  I don't

11   want -- like I said, I don't want to make that -- I

12   don't want to confuse.  Maybe it wasn't him.  It was a

13   guy with a green knee board and I don't want -- you're

14   definitely right there and I don't want to do that.

15       Q.   Okay.  So on January 29th, 2016, when you go

16   there with Cory Spencer --

17       A.   Yeah.  That's a guarantee that I know of.

18       Q.   -- was Mr. Blakeman wearing a hood?

19       A.   No.  He wasn't.  He wasn't.  They weren't

20   expecting us.

21       Q.   Okay.  So he was not wearing a hood.  Other

22   than what you've told me so far, was there anything

23   else that he did to bother you?

24       A.   I got it out of the way like a smart man

25   would.
```

Case 2:16-cv-02129-SJO-RAO   Document 327   Filed 08/03/17   Page 80 of 81   Page ID
#:11009
Case 2:16-cv-02129-SJO-RAO   Document 324   Filed 07/24/17   Page 58 of 58   Page ID
Christopher Taloa
January 05, 2017

```
 1        Q.  Did you see him do anything to Mr. Spencer?

 2        A.  I saw him paddle over towards Spencer.  We

 3   were sitting deep.  It was Cory our police officer man.

 4   I saw him paddle over next to him and I saw Cory look

 5   at him and keep himself calm through the position.  And

 6   instead of like -- Cory didn't have my water expertise

 7   moving around with the current, just stuff like that,

 8   as I do, and you know, he works a lot.  He doesn't get

 9   to surf as much as he would want to.  Being a police

10   officer, you don't get the skill sets so he wasn't as

11   strong as I was to get away from this guy so he just

12   kind of sat right there with him.

13        Q.  Okay.  Did you see Mr. Blakeman do anything in

14   particular to Mr. Spencer?

15        A.  I know what you're asking, and no, I did not.

16        Q.  You didn't see him actually touch Mr. Spencer

17   at all?

18        A.  Noway.  Too close but that's about it that I

19   can say.

20        Q.  You didn't hear him speak to Mr. Spencer?

21        A.  None of that.

22        Q.  Are you aware of anybody else that was part of

23   the Aloha Point group that came that day?

24        A.  No.  Who was on -- I'm trying to think if

25   there was any -- oh, I brought -- I paid a guy who does
```

Christopher Taloa
January 05, 2017

```
 1                    REPORTER'S CERTIFICATE

 2            I, Angela Schubert, CSR No. 12027, Certified

 3    Shorthand Reporter, certify:

 4            That the foregoing proceedings were taken

 5    before me at the time and place therein set forth, at

 6    which time the witness was put under oath by me;

 7            That the testimony of the witness, the

 8    questions propounded, and all objections and statements

 9    made at the time of the examination were recorded

10    stenographically by me and were thereafter transcribed;

11            That a review of the transcript by the

12    deponent was required;

13            That the foregoing is a true and correct

14    transcript of my shorthand notes so taken.

15            I further certify that I am not a relative or

16    employee of any attorney of the parties, nor

17    financially interested in the action.

18            I declare under penalty of perjury under the

19    laws of California that the foregoing is true and

20    correct.

21

22    Dated this 9th day of 2017

23    Angela Schubert

24    _____

25    ANGELA SCHUBERT, CSR NO. 12027
```