| | |
|---|---|
| 1  EDWIN J. RICHARDS (SBN 43855)<br>Email: Ed.Richards@kutakrock.com | [EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103] |
| 2  ANTOINETTE P. HEWITT (SBN 181099)<br>Email: Antoinette.hewitt@kutakrock.com | |
| 3  CHRISTOPHER D. GLOS (SBN 210877)<br>Email: Christopher.Glos@kutakrock.com | |
| 4  KUTAK ROCK LLP | |
| 5  Suite 1500<br>5 Park Plaza | |
| 6  Irvine, CA  92614-8595<br>Telephone:   (949) 417-0999 | |
| 7  Facsimile:   (949) 417-5394 | |

Attorneys for Defendants
CITY OF PALOS VERDES ESTATES and
CHIEF OF POLICE JEFF KEPLEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA; WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>        Defendants. | Case No.  2:16-cv-02129-SJO-RAO<br><br>Assigned to District Judge:<br>Hon. S. James Otero; Courtroom: 10C @ 350 W. First Street, L.A., CA  90012<br><br>Assigned Discovery:<br>Magistrate Judge:  Hon. Rozella A. Oliver<br><br>**[Exempt From Filing Fees Pursuant To Government Code § 6103]**<br><br>**CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>[Filed concurrently with Declaration of Christopher D. Glos; Opposition & Objections to Request for Judicial Notice; Response to Additional Material Facts; Evidentiary Objections]<br><br>[FRCP Rule 56]<br><br>Date:         September 5, 2017<br>Time:         10:00 a.m.<br>Ctrm.:        10C; Hon. S. JAMES OTERO<br><br>Complaint Filed: March 29, 2016<br>Trial:                  November 7, 2017 |

4823-2192-1356.3
11317-242

2:16-cv-02129-SJO-RAO

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

CITY & CHIEF KEPLEY'S REPLY BRIEF ISO SUMMARY JUDGMENT/ADJUDICATION

**TO THE HONORABLE COURT AND ALL PARTIES OF RECORD:**

The City of Palos Verdes Estates and Chief of Police Jeff Kepley (collectively, the "City") hereby reply as follows:

## I. SUMMARY OF ARGUMENT

The single remaining claim against the City alleges that it failed to intervene and protect the Plaintiffs because of the City's historical custom and practice of knowingly turning a blind eye to the Lunada Bay Boys' ("LBBs") criminal conduct in preventing non-residents[1] from surfing Lunada Bay. The Supreme Court, in *DeShaney v. Winnebago County Dept. of Social Serv.* (1989) 489 U.S. 189, rejected a nearly identical argument in another Section 1983 case wherein a governmental social services agency failed to protect a child from his father's known violent abuse. The Court held that the Due Process Clause acts to prevent government abuse of power, not as a guarantee to protect people from each other. *Id.* at 195-96. Here, *DeShaney* is controlling authority and Plaintiffs vague assertion about "affirmative conduct" somehow rendering it inapplicable is misplaced.

Moreover, Plaintiffs' burden is to identify some requisite culpability and causation of an alleged constitutional deprivation for trial. *Monell v. Dep't. of Soc. Servs.* (1978) 436 U.S. 658, 691-694. Not only do they fail to demonstrate any City discrimination against them, they cannot show any evidence that (1) a City employee committed an impermissible act due to a formal policy or longstanding practice or custom, which constitutes the City's standard operating procedure, (2) a City official with final policy-making authority committed a wrongful act that itself constituted an act of official government policy, or (3) a City official with final policy-making authority ratified an employee's wrongful act. *Gable v. City of Chicago* (7th Cir. 2002) 296 F.3d 531, 537. Plaintiffs' indeterminate and anecdotal historical evidence of purported discrimination against protected classes, even if true (which it is not), fails to show any disputed evidence that the City had a policy,

---

[1] Plaintiffs assert they are non-residents, but they do not – because they cannot – claim to be a member of any protected class.

4823-2192-1356.3
11317-242
- 1 -
2:16-cv-02129-SJO-RAO
KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE
CITY & CHIEF KEPLEY'S REPLY BRIEF ISO SUMMARY JUDGMENT/ADJUDICATION

custom or practice of discrimination that harmed them.

## II. *DESHANEY* BARS PLAINTIFFS' CLAIMS AS A MATTER OF LAW

Plaintiffs inexplicably ignore *DeShaney*; arguing the City took affirmative action to discriminate against them. [Opposition, 15:12-15]. However, the pleadings, as well as the opposition evidence shows that the gravamen of Plaintiffs' action[2] is whether the City failed to protect them before, during and after their early 2016 incidents. This is the controlling issue and the due process clause does not impose upon the City an affirmative obligation, absent exceptions admittedly not present, to protect the Plaintiffs from the harmful conduct of the LLBs, even if that conduct itself works a deprivation of life, liberty, or property against them. *Id. See also, Ketchum v. County of Alameda* (9th Cir. 1987 811 F.2d 1243, 1247). There are no disputed genuine material facts showing the City owed a duty to ensure the Plaintiffs' safety and general well-being with respect to the alleged incidents.

## III. THE CITY DID NOT DISCRIMINATE AGAINST PLAINTIFFS

An equal protection claim is framed by the complaint, which only alleges that the City treated non-resident Plaintiffs differently from residents with respect to beach access. [Dkt. 1]. The "materiality" of particular facts is determined by the pleadings and substantive law. *Anderson v. Liberty Lobby, Inc.* (1986) 477 U.S. 242, 248. Nonetheless, Plaintiffs improperly attempt to resurrect their class action by claiming the entity Coastal Protection Rangers ("CPR")[3] is a representative of "all potential visitors to coastal areas". [Opposition, 17:20]. Yet, CPR lacks

---

[2] Plaintiffs' Privileges and Immunities and California Coastal Act claims, including the declaratory and injunctive relief thereunder, were dismissed and Plaintiffs' writ on the Class Action Certification Motion was denied. [Dkt. 84, 270-8]. Thus, the majority of the opposition "evidence" is irrelevant.

[3] Even assuming CPR (its Board, members, or those it seeks to assist) suffered a cognizable injury, which it did not, such injury fails to constitute a violation under Section 1983. As this Court stated "…persons who have never sought the protection of the Palos Verdes Police Department vis-à-vis the LBB do not have viable Equal Protection Claims against City Defendants, for they have not been denied 'equal protection of the laws' by the City, its police department or Kepley." [Dkt. 225, p. 13].

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4823-2192-1356.3
11317-242
- 2 -
2:16-cv-02129-SJO-RAO
CITY & CHIEF KEPLEY'S REPLY BRIEF ISO SUMMARY JUDGMENT/ADJUDICATION

associational standing because it fails to identify with specificity the member/s who have suffered, or will suffer harm, and would be entitled to sue in their own right. *Associated Gen. Contractors of America, San Diego Chapter, Inc. v. Calif. Dept. of Transp.* (9th Cir. 2013) 713 F.3d 1187, 1194-1195 (no associational standing where plaintiff fails to identify affected members by name or submit declarations by members attesting to their harm). CPR also lacks organizational standing because it fails to identify an "injury in fact"[4], which is a component of standing.[5] *Spokeo, Inc. v. Robins* (2016) 136 S.Ct. 1540, 1547. Separately, CPR lacks both associational and organizational standing because in failing to identify an "injury in fact" suffered by any member it cannot establish a causal connection between a purported injury and a municipal policy, custom or practice. *Lujan v. Defenders of Wildlife* (1992) 504 U.S. 555, 559-560. Moreover, CPR admits successfully sponsoring an event at Lunada Bay without any City discrimination. [Dkt. 304, ¶ 12]. And, there is no evidence that CPR, a member or an assisted individual (whether non-resident or otherwise) was excluded access to Lunada Bay by the City for any reason, much less because of that individual's protected-class status. [Response to PAMF, 114-115, 161].

Turning to Plaintiff Reed, she now argues the City discriminated against her based on gender because no police escorted her to the beach; the police did not timely investigate her complaint; Detective Venegas allegedly asked her why a woman would want to go to Lunada Bay; Chief Kepley did not show her pictures on demand; and the City cancelled an undercover operation the day before it even learned Plaintiff was planning to go to Lunada Bay. [Response to PAMF, 119-125,

---

[4] CPR claims two vague forms of injury: fear of historical localism and a lack of seriousness to 1/16/17 complaints about "dropping in". [Response to PAMF, 114]. Fear of historical localism is not an injury in fact and a vague allegation of "dropping in" not on CPR, but its "volunteers and guests" and not by LBBs, but "associates" of LBBs, 10 months <u>after</u> the lawsuit filing does not create standing. [Dkt. 304, ¶12].

[5] Plaintiffs incompletely cite *Smith v. Pacific Prop. and Dev. Corp.* (9th Cir. 2004) 358 F.3d 1097, 1105, that provides "an organization may satisfy the Article III requirement of *injury in fact* [not standing] if it can demonstrate [certain requirements]." Emphasis added.

185]. Plaintiff Spencer's claims discrimination because he is a non-resident and the City did not pursue an investigation into his purported incident. [Response to PAMF, 126, 129]. None of these allegations do not arise to actionable discrimination.

## IV. PLAINTIFFS CANNOT ESTABLISH A *MONELL* CLAIM

Even if Plaintiffs identify instances of discrimination (which they cannot), such discrimination is not attributable to the City. Governmental entities are not liable under Section 1983 unless action pursuant to official municipal policy, custom or practice caused a constitutional tort. *Monell, supra,* 436 U.S. at 691. They cannot be held liable on a *respondeat superior* theory. *Id.* The governmental entity itself must cause the harm. *Gillette v. Delmore* (9th Cir. 1992) 979 F.2d 1342.

Moreover, the undisputed facts show that prior to Plaintiffs' incidents there was a robust policy, custom and practice of combating localism. Chief Kepley became the new Chief of Police in June 2014. [SSUF 63]. Starting on/around May 20, 2015, immediately after learning that several Guardian reporters had been harassed at Lunada Bay, Chief Kepley instituted additional policies, customs and practices to further address localism, by among other things, assigning extra police patrols to Lunada Bay. [SSUF 64-99, 103]. There have been more than 4-500 patrols in the months before and after Plaintiffs' incidents. [SSUF 66-67]. There is no dispute that police were on the beach on some of those occasions. [SSUF 68]. There is also no dispute that Chief Kepley educated himself on localism and began addressing the issue before Plaintiffs' incidents. [SSUF 69-99, 103]. Chief Kepley's intent was to alter perceptions about non-action with action. [SSUF 64-99, 103]. The fact that the action had to be balanced does not negate the fact that significant actions were taken. [SSUF 76-77, 79, 82, 100-106]. Moreover, while Plaintiffs contest the exact timing of the City's efforts to understand and address localism, they do not dispute that the City took additional steps against localism before Plaintiffs' incidents. [SSUF 66-99, 103].

Unable to assail the City and Chief Kepley's policies, customs, and practices

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4823-2192-1356.3
11317-242
- 4 -
2:16-cv-02129-SJO-RAO
CITY & CHIEF KEPLEY'S REPLY BRIEF ISO SUMMARY JUDGMENT/ADJUDICATION

at the time of Plaintiffs' incidents, they parade unrelated, vague, and misconstrued accounts of purported historical discrimination of all types in an effort to smear the City. For example, the majority of alleged surfer harassment occurred years, if not decades, before Plaintiffs' incidents.[6] Only four declarants even identify surfer harassment after the May 2015 Guardian reporter incident resulted in further policies, customs and practices to combat localism, and those incidents either occurred on the same date as Plaintiffs' or were never reported to the City[7] (or both). The City addresses Plaintiffs' irrelevant historical evidence in Response to PAMF; but in short, even if all these allegations were true (which they are not), they are not causally connected to Plaintiffs' alleged harm much less arise to an actionable policy, custom and practice of discrimination. *Burns v. City of Concord* (2015) 99 F.Supp.3d 1007, 1020 (Section 1983 claim requires both causation-in-fact and legal causation).

## V.   CONCLUSION

For the foregoing reasons, and those set forth in the Motion, the City respectfully requests the Court grant summary judgment or, in the alternative, summary adjudication against Plaintiffs and award City its costs.

Dated: August 7, 2017          KUTAK ROCK LLP

By: /s/ *Christopher D. Glos*
Edwin J. Richards
Christopher D. Glos
Attorneys for Defendants
CITY OF PALOS VERDES ESTATES
and CHIEF OF POLICE JEFF KEPLEY

---

[6] The following declarations precede the City Kepley's policies, customs, and practices re localism: Siounit decl. (conduct between '07-'12)[Dkt. 308]; Hagins' decl. (conduct in '69, 90s)[Dkt. 178]; C. Claypool decl. (conduct in 1/15)[Dkt. 176]; Gero (conduct in '92, '94, '97, '99)[Dkt. 170]; Conn (conduct in the 80s)[Dkt. 174]; Gersch (conduct in '93, '96)[Dkt. 162]; Carpenter (conduct in '83/'84)[Dkt. 161]; Neushul (conduct in '08/'09)[Dkt. 173]; Krell (conduct in '14)[Dkt. 180]; Young (conduct in '70s)[Dkt. 167]; Bacon (conduct in '70s/'80s, '97, '99, '10)[Dkt. 168]; Marsch (conduct in '95)[Dkt. 179]; Will (conduct in 80s, 00s)[Dkt. 163]; Pastor (conduct in '82/'83, '89/'90)[Dkt. 175]; Olinger (conduct in '15) [Dkt. 307]; Akhavan (conduct in '15)[Dkt. 171].

[7] Wright, Macharq, Taloa, and K. Claypool claim harassment after May 2015. [Dkt. 159-9, 159-10, 160, 166]. No indication they reported these incidents to the City.

4823-2192-1356.3
11317-242
- 5 -
2:16-cv-02129-SJO-RAO
CITY & CHIEF KEPLEY'S REPLY BRIEF ISO SUMMARY JUDGMENT/ADJUDICATION

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4823-2192-1356.3
11317-242

- 6 -

2:16-cv-02129-SJO-RAO

CITY & CHIEF KEPLEY'S REPLY BRIEF ISO SUMMARY JUDGMENT/ADJUDICATION