HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:  (916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone:  (310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**DECLARATION OF LISA M. POOLEY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO INDIVIDUAL DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT OR, IN IN THE ALTERNATIVE, SUMMARY ADJUDICATION** |

|  |  |
|---|---|
| v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Judge: Hon. S. James Otero<br>Date: September 5, 2017<br>Time: 10:00 a.m.<br>Crtrm.: 10C<br><br>Complaint Filed: March 29, 2016<br>Trial Date: November 7, 2017 |

I, Lisa M. Pooley, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a partner with Hanson Bridgett LLP, attorneys of record for Plaintiffs CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

**A.    Deposition of Defendant Alan Johnston**

<u>Initial Efforts To Schedule Defendant Johnston's Deposition</u>

2. On June 7, 2017, I contacted Defendant Alan Johnston's attorney, Patrick Carey, and advised him that Plaintiffs wanted to take Mr. Johnston's deposition. I asked for dates that Mr. Johnston and his attorney were available in June. In response, Mr. Carey advised that Mr. Johnston was out of the country, but

he had contacted Mr. Johnston and asked him to schedule a time as soon as possible to come back for his deposition.

3. Later on June 7, 2017, Mr. Carey informed me that Mr. Johnston was "booked for work through July" and "has a flight scheduled for August 17th." Mr. Carey stated that Plaintiffs could choose any date that week for his deposition.

4. On June 8, 2017, I responded to Mr. Carey explaining that waiting over two months to take Mr. Johnston's deposition was not feasible for Plaintiffs. I inquired if Mr. Johnston was working remotely until August 17, where he was flying in from, and whether he could not make himself available on some date in June.

5. Mr. Carey responded that Mr. Johnston "spends most of his time traveling internationally for VAST," that he currently was in Taiwan "working for VAST Life Taiwan," and that he was advised that Mr. Johnston could not make it back until August 17. Mr. Carey proposed an international video deposition.

6. In response to Mr. Carey, I reminded him that discovery closes on August 7. I also advised that Plaintiffs preferred to take Mr. Johnston's deposition in person, as they are entitled to do. I also stated that I was unsure of Mr. Johnston's employment position, but as a party to this lawsuit, he needed to appear for his deposition upon reasonable notice. I stated that if Mr. Johnston did not agree to appear for his deposition in June, then a conference with Magistrate Judge Oliver would be necessary to resolve the issue. Mr. Johnston did not agree.

First Hearing Regarding Mr. Johnston's Deposition

7. On June 15, 2017, Magistrate Judge Oliver held a telephonic hearing. After hearing from each party, the Court indicated that if Mr. Johnston was saying he had no date available for his deposition before the close of discovery, then Plaintiffs should proceed with noticing his deposition and, if Mr. Johnston did not appear as noticed, then Plaintiffs would need to follow procedures to compel his

1  attendance.  During the hearing, Mr. Carey clarified that Mr. Johnston is not an
2  employee of VAST, but rather he is "sponsored" by this surf company.
3       8.     After the hearing, Magistrate Judge Oliver issued an Order directing the
4  parties to meet and confer in good faith and, if unable to reach a resolution, to
5  schedule a telephonic conference with the Court.  (Dkt. 251.)
6  <u>Continued Efforts To Schedule Defendant Johnston's Deposition</u>
7       9.     Later on June 15, 2017, Mr. Carey advised me that he had left a
8  message for Mr. Johnston telling him that he must choose a date to come home as
9  soon as possible or Plaintiffs simply would notice his deposition.  I advised that
10 Plaintiffs intended to notice Mr. Johnston's deposition, given the delay in scheduling
11 thus far, the impending discovery deadline, and counsel's calendar.  But I also stated
12 that Plaintiffs would consider a proposed alternative date on which Mr. Johnston
13 agreed to appear, should he do so.  Plaintiffs noticed Mr. Johnston's deposition for
14 June 30, 2017.  Attached hereto as **Exhibit 1** is a true and correct of Plaintiffs'
15 Notice of Deposition of Defendant Alan Johnston, dated June 15, 2017.
16      10.     On June 19, 2017, I contacted Mr. Carey to inquire if he had
17 communicated further with Mr. Johnston about his return.  Mr. Carey stated that Mr.
18 Johnston "could not make it back for 6/30/17" and he was "still working on it."
19      11.     On June 20, 2017, Mr. Carey informed me again that Mr. Johnston
20 could not make it back for his deposition on June 30.  Mr. Carey stated that the
21 "only break" in Mr. Johnston's schedule is on July 11.  Mr. Carey that he was trying
22 to arrange something around that date and urging Mr. Johnston to arrange a break
23 and book travel home.
24      12.     On June 21, 2017, I informed Mr. Carey that because Mr. Johnston had
25 not agreed to appear for his deposition on a mutually-agreeable date, Plaintiffs were
26 not taking the June 30 deposition off calendar.  I advised that if Mr. Johnston did not
27 appear for his deposition as noticed, then Plaintiffs would move to compel his
28 deposition and seek sanctions for his failure to appear.

### After Plaintiffs Requested A Second Hearing With The Court, The Parties Continued To Meet And Confer As Ordered

13. On June 26, 2017, I contacted the Court to request a telephonic hearing concerning Mr. Johnston's deposition. The Court issued an Order directing the parties to meet and confer one more time regarding this dispute and, if not resolved, to submit letter briefs to the Court. (Dkt. 255.)

14. Later that day, Mr. Carey advised me that he "may have Mr. Johnston secured for 7/28/27 deposition," but he could not "100% confirm." He said he hoped to hear from Mr. Johnston shortly. (Mr. Carey made no further mention of Mr. Johnson's "break in his schedule" on July 11.)

### Final Meet And Confer Proposals

15. On June 27, 2017, I met and conferred with Mr. Carey again as ordered by the Court, but we did not resolve the matter.

16. Mr. Carey proposed that Mr. Johnston's deposition proceed on July 28, although he had not received confirmation from Mr. Johnston yet that he would return to the country for his deposition on that date.

17. In response, I explained that waiting until July 28, even assuming that Mr. Johnston agreed to appear on that date, would put Plaintiffs at an unfair disadvantage given that: (1) Mr. Johnston's testimony might be relevant and necessary to oppose the two defense summary judgment motions, which Plaintiffs had been advised would be filed against them (and which had to be filed by July 24, at the latest)[1] and (2) Plaintiffs likely would have insufficient time before the close of discovery on August 7, 2017 to compel testimony from Mr. Johnston, should they need to do so based on his responses at his deposition. I proposed that Mr. Johnston

---

[1] Since then, all Defendants have filed summary judgment motions.

-5-   Case No. 2:16-cv-02129-SJO (RAOx)
DECL. OF LISA M. POOLEY IN SUPP. OF OPP. TO INDIVIDUAL DEFTS. MOT. FOR SUMM. JUDGMENT OR, IN THE ALT., SUMM. ADJUDICATION

13671860.2

1 appear at his deposition on June 30, as noticed, and, if he would not, then he appear
2 for his deposition the following week, the week of July 3.

<u>The Court's Order Following Letter Briefs From The Parties</u>

4      18.    On June 28, 2017, I submitted a letter brief to Magistrate Judge Oliver
5 concerning Mr. Johnston's deposition.  (Dkt. 256.)

6      19.    On June 30, 2017, Mr. Carey submitted a letter brief to Magistrate
7 Judge Oliver concerning Mr. Johnston's deposition.  (Dkt. 257.)

8      20.    On June 30, 2017, Magistrate Judge Oliver issued an Order for Mr.
9 Johnston to appear for his deposition on July 28, 2017.  (Dkt. 258.)

<u>Defendant Johnston's Motion For Summary Judgment</u>

11     21.    On July 24, 2017, Defendant Johnston filed a motion for summary
12 judgment.  (Dkt. 283.)

<u>Defendant Johnston's Deposition</u>

14     22.    On July 28, 2017, I took the deposition of Defendant Johnston in
15 Irvine, California.

**B.    Defendant Blakeman's Summary Judgment Motion**

17     23.    On July 24, 2017, I received an electronic copy of Defendant Brant
18 Blakeman's Motion for Summary Judgment, which was simultaneously e-filed with
19 the Court.  (Dkt. 284.)  On July 25, 2017, I received an electronic copy of Defendant
20 Brant Blakeman's Notice of Lodging Video in Support of Defendant's Motion for
21 Summary Judgment, in which he represented that certain video footage had been
22 lodged with the Court (referenced as Exhibit A to the Declaration of Richard P.
23 Dieffenbach).  (Dkt. 289.)

24     24.    On July 26, 2017, I confirmed that my office had not been served with
25 the video that Defendant Blakeman lodged with the Court.  I sent an email to Mr.
26 Dieffenbach and his co-counsel who represent Mr. Blakeman, asking for them
27 immediately to provide Plaintiffs with a copy of the video apparently submitted to
28 the Court but not served Plaintiffs.  I also asked Mr. Dieffenbach and his co-counsel

-6-   Case No. 2:16-cv-02129-SJO (RAOx)
DECL. OF LISA M. POOLEY IN SUPP. OF OPP. TO INDIVIDUAL DEFTS. MOT. FOR SUMM. JUDGMENT OR, IN THE ALT., SUMM. ADJUDICATION

13671860.2

1 to identify the video they had submitted to the Court if had been Bates-labeled or
2 otherwse marked during discovery. Attached hereto as **Exhibit 2** is a true and
3 correct copy of the email that I sent to Mr. Dieffenbach and his co-counsel
4 representing Defendant Blakeman on July 26, 2017.

5     25.    To date, I have not received any response from Mr. Dieffenbach, or any
6 of his co-counsel who represent Defendant Blakeman, to my July 26, 2017 email.
7 My office has not been served with the video that Defendant Blakeman apparently
8 lodged with the Court in support of his summary judgment motion, despite his
9 counsel's obligation to do so and my explicit request that they do so.

10     I declare under penalty of perjury under the laws of the United States of
11 America that the foregoing is true and correct.

12     Executed on this 7th day of August, 2017, at San Francisco, California.

*/s/ Lisa M. Pooley*
Lisa M. Pooley