1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   LISA M. POOLEY, SBN 168737
3  lpooley@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
4  swolff@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone:  (415) 777-3200
6  Facsimile:   (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone:  (916) 442-3333
11 Facsimile:   (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone:  (310) 378-8533
16 Facsimile:   (310) 347-4225

17 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
18 REED, and COASTAL PROTECTION
   RANGERS, INC.

19

20                    **UNITED STATES DISTRICT COURT**

21              **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

22

| | |
|---|---|
| 23  CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANT ALAN JOHNSTON'S EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF CLAIMS** |

| | |
|---|---|
| 1  v. | |
| 2 | Judge: Hon. S. James Otero |
| 3  LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, | Date: September 5, 2017 |
|   | Time: 10:00 a.m. |
|   | Crtrm.: 10C |
|   | |
|   | Complaint Filed: March 29, 2016 |
|   | Trial Date: November 7, 2017 |
|   | |
| Defendants. | |

Plaintiffs Cory Spencer, Diana Milena Reed and Coastal Protection Rangers, Inc. (collectively referred to as "Plaintiffs") hereby object to the following evidence presented by Defendant Alan Johnston ("Defendant") in connection with Defendants' Motion for Summary Judgment or, in the Alternative, Summary Adjudication set for hearing on September 5, 2017, before this Court:

**A.   OBJECTIONS TO THE DECLARATION OF J. PATRICK CAREY IN SUPPORT OF DEFENDANT ALAN JOHNSTON'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT.**

| **Evidence:** | **Objections:** |
|---|---|
| 1. "Attached hereto as Exhibit 3 is a true and correct copy of screenshots of the video of the incident that occurred between Plaintiff Reed and Defendant | 1. The evidence is inadmissible because the declarant has not authenticated the evidence in that he has not stated facts to establish that he has personal knowledge |

| Evidence: | Objections: |
|---|---|
| Johnston on February 13, 2016. Declaration of J. Patrick Carey in Support of Defendant Johnston's Notice of Motion and Motion for Summary Judgment, Exh. 3." | of the video that was allegedly taken on February 13, 2016, let alone that the images attached to his declaration are screenshots from that video. FRE 602, 901. Additionally, an original writing, recording or photograph is required to prove its content. FRE 1002. |
| 2. Exhibit 3 to the Declaration of J. Patrick Carey. | 2. This evidence is inadmissible because it has not been properly authenticated. FRE 901. Additionally, an original writing, recording or photograph is required to prove its content. FRE 1002. |

**B.   OBJECTIONS TO DEFENDANT ALAN JOHNSTON'S OVERSTATEMENT OF EVIDENCE IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT.**

| | |
|---|---|
| 3. "On February 13, 2016, Defendant Johnston approached Plaintiff Reed at the patio structure at Lunada Bay. Carrying his surfboard preparing to go surfing, he stated, 'Another day in [expletive] paradise.'" UMF 2. | 3. This statement is inadmissible because there is nothing in the declarant's declaration that establishes this fact. Furthermore, the declarant, Defendant Johnston's attorney, has not stated any facts to establish that he has personal knowledge of what occurred on February 13, 2016, who was present, or what was said. FRE 602. To the extent that this statement is based on what others told him, it is based on |

| | |
|---|---|
| | inadmissible hearsay. FRE 802. |
| 4. "Defendant Johnston reached into his backpack and grabbed a can of beer. He asked Plaintiff Reed and her friend if they were drinking and if they wanted a beer." UMF 3. | 4. This statement is inadmissible because there is nothing in the declarant's declaration that establishes this fact. Furthermore, the declarant, Defendant Johnston's attorney, has not stated any facts to establish that he has personal knowledge of what occurred on February 13, 2016, who was present, or what was said. FRE 602. To the extent that this statement is based on what others told him, it is based on inadmissible hearsay. FRE 802. |
| 5. "Defendant Johnston then opened his can of beer. A small amount of foam from the beer sprayed onto Plaintiff Reed's sweater sleeve and her camera as Defendant Johnston opened the beer." UMF 4 | 5. This statement is inadmissible because there is nothing in the declarant's declaration that establishes this fact. Furthermore, the declarant, Defendant Johnston's attorney, has not stated any facts to establish that he has personal knowledge of what occurred on February 13, 2016, who was present, or what was said. FRE 602. To the extent that this statement is based on what others told him, it is based on inadmissible hearsay. FRE 802. |

| | | |
|---|---|---|
| 1 | DATED: August 7, 2017 | HANSON BRIDGETT LLP |

By: */s/ Samantha Wolff*
KURT A. FRANKLIN
LISA M. POOLEY
SAMANTHA D. WOLFF
TYSON M. SHOWER
LANDON D. BAILEY
Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.

-5-    Case No. 2:16-cv-02129-SJO (RAOx)
PLTFS.' OBJECTIONS TO DEFT. ALAN JOHNSTON'S EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF CLAIMS

13663503.1