1  EDWIN J. RICHARDS (SBN 43855)
   Email: Ed.Richards@kutakrock.com
2  ANTOINETTE P. HEWITT (SBN 181099)
   Email: Antoinette.hewitt@kutakrock.com
3  CHRISTOPHER D. GLOS (SBN 210877)
   Email:  Christopher.glos@kutakrock.com
4  KUTAK ROCK LLP
   Suite 1500
5  5 Park Plaza
   Irvine, CA  92614-8595
6  Telephone:  (949) 417-0999
   Facsimile:   (949) 417-5394
7
8  Attorneys for Defendants
   CITY OF PALOS VERDES ESTATES and
9  CHIEF OF POLICE JEFF KEPLEY

**[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]**

10              **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA; WESTERN DIVISION**

12

13  CORY SPENCER, an individual;
    DIANA MILENA REED, an
    individual; and COASTAL
14  PROTECTION RANGERS, INC., a
    California non-profit public benefit
15  corporation,

16              Plaintiffs,

17       v.

18  LUNADA BAY BOYS; THE
    INDIVIDUAL MEMBERS OF THE
19  LUNADA BAY BOYS, including but
    not limited to SANG LEE, BRANT
20  BLAKEMAN, ALAN JOHNSTON
    aka JALIAN JOHNSTON,
21  MICHAEL RAE PAPAYANS,
    ANGELO FERRARA, FRANK
22  FERRARA, CHARLIE FERRARA
    and N.F.; CITY OF PALOS
23  VERDES ESTATES; CHIEF OF
    POLICE JEFF KEPLEY, in his
24  representative capacity; and DOES 1-
    10,
25
              Defendants.
26

27

28

Case No.  2:16-cv-02129-SJO-RAO
Assigned to: District Judge:
Hon. S. James Otero; Ctrm: 10C
Assigned Discovery:
Magistrate Judge:  Hon. Rozella A. Oliver

**CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

[Filed concurrently with Reply, Declaration of Christopher D. Glos; Opposition & Objections to Request for Judicial Notice; Response to Additional Material Facts]

Date:      September 5, 2017
Time:      10:00 a.m.
Ctrm:   10C; Hon. S. JAMES OTERO

Complaint Filed:      March 29, 2016
Trial:                November 7, 2017

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants City of Palos Verdes Estates and Chief of Police Jeff Kepley ("City") hereby submit the following evidentiary objections to Plaintiffs' Evidence filed in support of the City's Motion for Summary Judgment, or in the alternative, Summary Adjudication.

### OBJECTIONS TO DECLARATIONS FILED BY PLAINTIFFS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO CITY MOTION FOR SUMMARY JUDGMENT

A.      Declaration of Kurt A. Franklin submitted In support of Plaintiffs' Opposition to City Motion for Summary Judgment, or in the alternative, Summary Adjudication dated August 1, 2017.

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1.      Paragraph 17, p. 4:16-19 "Attached hereto as **Exhibit 16** is a true and correct copy of a transcript of selected excerpts from the DVD of Swell Life of Browne and Peter McCollum. The DVD is being lodged separately with the Court. I caused my office to transcribe statements made by Peter McCollum in the documentary." | Objection.  The City objects to this statement to the extent the declarant fails to sufficiently authenticate the documents referenced.  (Fed. R. Evid. 901.)  The City further objects on the basis that this statement constitutes inadmissible hearsay.  (Fed. R. Evid. 801, 802.)  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402). | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP ATTORNEYS AT LAW IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 2.      Paragraph 18, p. 4:20-26 "My co-counsel in this matter, Victor Otten, is lodging a true and correct copy of the documentary The Swell Life (2001), Darren McInerney, Director, which documents surfing localism. A true and correct copy of this video, bates PLTF002249, is Exhibit 34 to this declaration and is lodged with the court. *See* Plaintiffs' Notice of Lodging. In particular, Plaintiffs are lodging excerpts from the Swell Life video showing declarations against interest made by Peter McCollum and Chief Timm Browne as identified more specifically in Paragraphs 19 and 20." | Objection.  The City objects to this statement to the extent the declarant fails to sufficiently authenticate the documents referenced.  (Fed. R. Evid. 901.)  The City further objects on the basis that this statement constitutes inadmissible hearsay.  (Fed. R. Evid. 801, 802.)  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402). | __SUSTAINED  __OVERRULED |
| 3.      Paragraph 19, p. 4:27-5:1-11 "Lunada Bay local Peter McCollum on video shown in | Objection.  The City objects to this statement to the extent the declarant fails to sufficiently authenticate the | __SUSTAINED  __OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| the documentary (5:14 seconds to 5:31, and 15:05 to 15:19) Witness Geoffrey Hagins observed Mr. McCollum on this day, and authenticates the video excerpts accurately portray what happened that day. *See* Hagins Decl. ¶¶ 3, 6, and 7. Further, I caused my office to transcribe what Mr. McCollum says in the video, which is: "He won't surf here again, though, got it? Got it? You got that, son? You got it? Hey, hey, I'm touching nobody. Nothing. But you won't surf here again, boy. You won't surf here again. Fuck that, fuck you guys! I've been here too long to take this shit." (5:14 seconds to 5:31). And, "How many guys are at Malibu right now, huh? How many fucking guys are | documents referenced.  (Fed. R. Evid. 901.)  The City further objects on the basis that this statement constitutes inadmissible hearsay.  (Fed. R. Evid. 801, 802.)  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402). | |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| at Malibu, huh? (I don't know.) Did you ever notice we've done a good thing here, haven't we? It's pretty nice and pretty, huh? (It's beautiful.) It's beautiful! And so when you exploit it, we'll thank you." (15:05 to 15:19)." | | |
| 4.    Paragraph 20, p. 5:12-26<br><br>"Lunada Bay Chief of Police Timm Browne, is also depicted in the documentary. I caused my office to transcribe what Chief Browne says in the video, which is: "In 1995, there were some incidents actually provoked by outsiders who brought news crews with them. Umm, they had it planned and then provoked incidents that are actually captured on local television | Objection.  The City objects to this statement to the extent the declarant fails to sufficiently authenticate the documents referenced.  (Fed. R. Evid. 901.)  The City further objects on the basis that this statement constitutes inadmissible hearsay.  (Fed. R. Evid. 801, 802.)  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402). | __SUSTAINED<br><br>__OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| news spots. People here do not like outsiders in general. Umm, I mean, they pay a price to live here. Umm, they have beautiful views of the ocean from most of the homes in the City. Umm, so, uh, they are protective of their community as a whole, umm, I mean surfers or non-surfers." (13:44 to 14:39) And, "The people that live in and around that area and then surf there do not want pictures taken because it is a gem. They don't want people to know where it specifically it is. If everybody knows where it is, then we'll have all 8 million surfers from Los Angeles in that little tiny cove?" (14:37 to 15:04) During the deposition of Tony Best, I showed him this same video and he was able | | |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| to confirm it was Timm Brown, whom he had worked under. *See* PAMF 163, and Best Depo. 124:22-25, 125:1-25, 126:1-25, 127:1-13." | | |
| 5.    <u>Paragraph 21, p. 5:27-6:1-3</u><br>"From The Los Angeles Times Website, I downloaded the following articles, true and correct copies of which are attached as Exhibits A and B to Plaintiffs' Request for Judicial Notice, as specifically detailed in Paragraphs 22 and 23." | Objection.  The City refers to and incorporates by reference its Opposition and Objection to Plaintiffs' Request for Judicial Notice.  The City further objects on the basis that this statement constitutes inadmissible hearsay.  (Fed. R. Evid. 801, 802.) | __SUSTAINED<br><br>__OVERRULED |
| 6.    <u>Paragraph 22, p. 6:4-9</u><br>"The Los Angeles Times, July 5, 1991, Tim Waters, "The Hazards of Surfing Lunada Bay: Peninsula: Outsiders run the risk of being pelted with rocks or having their vehicles | Objection.  The City refers to and incorporates by reference its Opposition and Objection to Plaintiffs' Request for Judicial Notice.  The City further objects on the basis that this statement constitutes inadmissible hearsay.  (Fed. | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP<br>ATTORNEYS AT LAW<br>IRVINE

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| vandalized. The locals offer no apologies for treating the public area as if it was their own." This article is available online through The Los Angeles Times website at: http://articles.latimes.com/1991-07-05/local/me-1657_1_lunada-bay;" | R. Evid. 801, 802.) | |
| 7.    Paragraph 23, p. 6:10-14 "The Los Angeles Times, May 8, 1995, Tony Perry, Turf Wars Spoil Sanctity of Southland Surf Beaches : Violence: Popularity leads to crowding. Charges that one group attacked outsiders highlight the problem." This article is available online through The Los Angeles Times website at: http://articles.latimes.com/1995-05-08/news/mn-63795_1_lunada-bay. " | Objection.  The City refers to and incorporates by reference its Opposition and Objection to Plaintiffs' Request for Judicial Notice.  The City further objects on the basis that this statement constitutes inadmissible hearsay.  (Fed. R. Evid. 801, 802.) | __SUSTAINED  __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 8.     Paragraph 24, p. 6:15-20 "From Bureau of Justice Statistics, I downloaded a December 29, 2016 report by Todd D. Minton and Zhen Zeng, Ph.D. from the Bureau of Justice Statistics entitled "Jail Inmates In 2015." This report is available online through the Bureau of Justice Statistics website at: https://www.bjs.gov/index.cfm?ty=pbdetail&iid=5872 A true and correct copy of this report is attached as Exhibits C to Plaintiffs' Request for Judicial Notice." | Objection.  The City refers to and incorporates by reference its Opposition and Objection to Plaintiffs' Request for Judicial Notice.  The City further objects on the basis that this statement constitutes inadmissible hearsay.  (Fed. R. Evid. 801, 802.)  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action. | __SUSTAINED  __OVERRULED |
| 9.     Paragraph 28, p. 7:26-8:6 "My co-counsel Victor Otten obtained video of Officer Aaron Belda interacting with an event participant at Coastal Protection Rangers' 2017 Martin Luther King Jr., whom was intending | Objection.  The City objects to this statement to the extent the declarant fails to sufficiently authenticate the documents referenced.  (Fed. R. Evid. 901.) | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

2:16-cv-02129-SJO-RAO
EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| to file a complaint about violation of the local surfing ordinance. In it, Officer Belda tells the event participant: "I'm not a surfer, so I don't understand surfing etiquette. And I don't even know what dropping in is." A true and correct copy of this video, bates PLTF002250, is Exhibit 36 to this declaration and is lodged with the Court. *See* PAMF 187, Best Depo. 130:23-25, 131:1-3, 131:18-24; *see also* Plaintiffs' Notice of Lodging." | | |
| 10.   Paragraph 33, p. 9:6-9 "Attached hereto as Exhibit 22 is a true and correct copy of the City of Palos Verdes Estates and Chief of Police Jeff Kepley's Responses in Opposition to the Separate Statement of Undisuted [sic] Facts In Support of Plaintiffs' Motion for Class Certification | Objection.  The City objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied.  (*See* Dkt. No. 225.)  Plaintiffs are improperly attempting to inject certification issues into | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE
EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| [Docket No. 189]." | these summary judgment proceedings.  Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court.  On that basis, the City also objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402). | |
| 11.    Paragraph 34, p. 10-12<br><br>" Attached hereto as Exhibit 23 is a true and correct copy of the Declaration of Mark Slatten in Support of Plaintiffs' Motion for Class Certification [Docket No. 159-6]." | Objection.  The City objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied.  (*See* Dkt. No. 225.)  Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings.  Issues of certification have already been determined, and those | __SUSTAINED<br><br>__OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | issues are unrelated to the motion now before the Court. On that basis, the City also objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).   To the extent the Court considers Plaintiffs' class certification documents, the City refers to and incorporates its Evidentiary Objections, filed at Dkt. No 188. | |
| 12.      Paragraph 35, p. 9"13-15 "Attached hereto as Exhibit 24 is a true and correct copy of the Declaration of Diana Milena Reed in Support of Plaintiffs' Motion for Class Certification [Docket No. 159-5]." | Objection.  The City objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied.  (*See* Dkt. No. 225.)  Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings.  Issues of | __SUSTAINED  __OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, the City also objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  To the extent the Court considers Plaintiffs' class certification documents, the City refers to and incorporates its Evidentiary Objections, filed at Dkt. No 188. | |
| 13.      Paragraph 36, p. 9:16-18 "Attached hereto as Exhibit 25 is a true and correct copy of the Declaration of Cory Spencer in Support of Plaintiffs' Motion for Class Certification [Docket No. 159-4]." | Objection.  The City objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied.  (*See* Dkt. No. 225.)  Plaintiffs are improperly attempting to inject certification issues into | __SUSTAINED  __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | these summary judgment proceedings.  Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court.  On that basis, the City also objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  To the extent the Court considers Plaintiffs' class certification documents, the City refers to and incorporates its Evidentiary Objections, filed at Dkt. No 188. | |
| 14.   Paragraph 37, p. 9:19-21 "Attached hereto as Exhibit 26 is a true and correct copy of the Expert Declaration of Peter Neushul in Support of Plaintiffs' Motion for Class Certification [Docket No. 184-1]." | Objection.  The City objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied.  (*See* Dkt. No. 225.)  Plaintiffs are | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE
EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | improperly attempting to inject certification issues into these summary judgment proceedings.  Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court.  On that basis, the City also objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  To the extent the Court considers Plaintiffs' class certification documents, the City refers to and incorporates its Evidentiary Objections, filed at Dkt. No 188. | |
| 15.    Paragraph 38, p. 9:22-24 "Attached hereto as Exhibit 27 is a true and correct copy of the Declaration of Amin Akhavan in Support of Plaintiffs' Motion for Class Certification [Docket | Objection.  The City objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this | __SUSTAINED __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| No. 171]." | Court denied.  (*See* Dkt. No. 225.)  Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings.  Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court.  On that basis, the City also objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  To the extent the Court considers Plaintiffs' class certification documents, the City refers to and incorporates its Evidentiary Objections, filed at Dkt. No 188. | |
| 16.     Paragraph 39, p. 9:25-27 "Attached hereto as Exhibit 28 is a true and correct copy of the Declaration of Christopher | Objection.  The City objects to this statement and the referenced document on the grounds that it relates to | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| Taloa in Support of Plaintiffs' Motion for Class Certification [Docket No. 159-10]." | Plaintiffs' Motion for Class Certification, which this Court denied.  (*See* Dkt. No. 225.)  Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings.  Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court.  On that basis, the City also objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  To the extent the Court considers Plaintiffs' class certification documents, the City refers to and incorporates its Evidentiary Objections, filed at Dkt. No 188. | |
| 17.   Paragraph 40 p. 10:1-3 "Attached hereto as Exhibit 29 | Objection.  The City objects to this statement and the | __SUSTAINED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| is a true and correct copy of the Declaration of Jordan Wright Spencer [sic] in Support of Plaintiffs' Motion for Class Certification [Docket No. 159-9]." | referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied.  (*See* Dkt. No. 225.)  Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings.  Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, the City also objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  To the extent the Court considers Plaintiffs' class certification documents, the City refers to and incorporates its Evidentiary Objections, filed at Dkt. No 188. | __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 18.     Paragraph 41, p. 10:4-6 "Attached hereto as Exhibit 30 is a true and correct copy of the Declaration of Ricardo G. Pastor in Support of Plaintiff's Motion for Class Certification [Docket No. 175]." | Objection.  The City objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied.  (*See* Dkt. No. 225.)  Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings.  Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, the City also objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  To the extent the Court considers Plaintiffs' class certification documents, the City refers to and incorporates its | __SUSTAINED   __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | Evidentiary Objections, filed at Dkt. No 188. | |
| 19. <u>Paragraph 42, p. 10:7-10</u> "Attached hereto as Exhibit 31 is a true and correct copy of the Declaration of Philip King in Support of Plaintiffs' Motion for Class Certification [Docket No. 184-2]. | Objection. The City objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) The Court granted the City's Motion to Strike portions of the King Declaration, which should remain excluded for the purposes of evaluating the City's motion. Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, the City also | __SUSTAINED __OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  To the extent the Court considers Plaintiffs' class certification documents, the City refers to and incorporates its Evidentiary Objections, filed at Dkt. No 188. | |
| 20.    Paragraph 43, p. 10:10-13<br>"Attached hereto as Exhibit 32 is a true and correct copy of the Declaration of Philip King in Support of Plaintiffs' Opposition to Defendants City of Palos Verdes Estates and Chief of Police Jeff Kepley's Motion to Strike the Declaration of Philip King [Docket No. 216-1]." | Objection.  The City objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied.  (*See* Dkt. No. 225.)  The Court granted the City's Motion to Strike portions of the King Declaration, which should remain excluded for the purposes of evaluating the City's motion.  Plaintiffs are improperly attempting to | __SUSTAINED<br><br>__OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | inject certification issues into these summary judgment proceedings.  Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court.  On that basis, the City also objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  To the extent the Court considers Plaintiffs' class certification documents, the City refers to and incorporates its Evidentiary Objections, filed at Dkt. No 188. | |
| 21.    Paragraph 45, p. 10:17-11:7<br>"Two reporters from The Guardian recorded their interactions with local surfers at Lunada Bay, including Defendant Sang Lee, and Palos | Objection.  The City objects to this statement and the referenced document, since it was not included in the declarant's original declaration.  (*Compare* Dkt. Nos. 305, 324.)  This | __SUSTAINED<br><br>__OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| Verdes Estates Police Department Service Officer Catherine Placek. This video was reported by The Guardian, R. Carroll and N. Smith, on Monday, May 18, 2015, titled "Surfer turf wars in California: 'We'll burn you every single wave'" and was also produced in discovery by Plaintiffs at Bates PLTF002054. In the video, at 1:08 to 1:35 secs., Service Officer Placek states: "We know all of them. They are infamous around here. They are pretty much grown men in little mens' mindset. They don't like anyone that's not one of the Bay Boys surfing down there. It literally is like a game with kids on a schoolyard to them. And they don't want you playing on their swing set. But, you know, it is what it is. If you feel uncomfortable, you know, then | constitutes new matter that was not timely submitted to the Court in advance of Plaintiffs' opposition deadline.  (*See* Standing Order for Civil Cases Assigned to Judge S. James Otero, p. A-16, ¶ 29.)  The City further objects on the basis that this statement constitutes inadmissible hearsay.  (Fed. R. Evid. 801, 802.) | |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| don't do it." *See* PAMF 166. Placek's statements were authenticated by her in terms of substance, meaning, and intent. *See* PAMF 166, 171, 177 and 195. A true and correct copy of The Guardian, R. Carroll and N. Smith, Monday, May 18, 2015, "Surfer turf wars in California: 'We'll burn you every single wave'" is attached as Exhibit 37 and can also be found on The Guardian website at https://www.theguardian.com/travel/video/2015/may/18/california-surf-wars-lunada-bay-localism-video." | | |

///

///

///

///

///

///

///

**B.**   **Declaration of Alicia Apostol submitted In support of Plaintiffs' Opposition to City's Motion for Summary Judgment, or in the alternative, Summary Adjudication dated July 31, 2017:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 22.    Paragraph 3, p. 3:1-17 "CPR's mission is simple: We are advocates of coastal access for all, with an emphasis on inclusion and diversity. We are passionate about protecting, preserving and enhancing the coastline, beaches and coastal zones of California for access and use by all members of the public. And, given the underfunding of State agencies and potential for money-backed interests intent on harming coastal access, we believe it is up to CPR, other coastal advocacy groups, and grassroots volunteers to take the lead in preserving and protecting our coast for the benefit of all for the | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  This statement lacks relevance, insofar as it fails to demonstrate a material fact or injury pertinent to Plaintiffs' violation of equal protection claim, and shows that CPR lacks standing in this action for violation of equal protection.  "[P]ersons who have never sought the protection of the Palos | __SUSTAINED  __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| generations to come. We are purposefully broadening the coastal advocacy movement by focused outreach and engagement. Environmental justice and civil rights organizations are top of mind in our efforts. We believe a diverse population should use and have equal access to the California Coast, and believe that historical discrimination and its remnants keep diverse communities from using our beaches. And, we are committed to the proposition that California's coast belongs to all and that no one should be excluded as an "outsider" because of (i) the persons race, color, or ethnicity, (ii) the persons gender, (iii) the persons sexual orientation, (iv) the persons financial means or income, and (v) where a person | Verdes Police Department vis-à-vis the LBB do not have viable Equal Protection Claims against the City Defendants, for they have not been denied 'equal protection of the laws' by the City, its police department, or Kepley." (*See* Dkt. No. 225, p. 13.) | |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| grew up, or currently lives." | | |
| 23.    Paragraph 4, p. 3:18-4:4 "CPR's board members and/or volunteers of the organization are surfers and/or enjoy the beach and grew up in areas near Palos Verdes Estates such as Redondo Beach, Rancho Palos Verdes, Hermosa Beach and Torrance. They would have liked to have surfed, dived, taken photographs, hiked, or even just enjoyed nature and the beach at Lunada Bay but were afraid to because of the reputation that it had for localism. For example, board member Dave Leuck grew up in Redondo Beach. Having surfed since the age of 8, lived in Hawaii for two years, and having spent six months surfing Mainland Mexico, he has the skill to surf Lunada Bay on good days. Yet, until the CPR | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  This statement lacks relevance, insofar as it fails to demonstrate a material fact or injury pertinent to Plaintiffs' violation of equal protection claim, and shows that CPR lacks standing in this action for violation of equal protection.  "[P]ersons who have never sought the protection of the Palos Verdes Police Department vis-à-vis the LBB do not have viable Equal Protection | __SUSTAINED

__OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| sponsored its Martin Luther King Day event on January 16, 2017, he had never been able to surf there because of the problem with localism. The same is true for Ian Stenehjem who grew up in Rancho Palos Verdes (a different city than Palos Verdes Estates) just 2 miles from Lunada Bay and has surfed his entire life. Ian is a pilot for a major airline and has surfed the best breaks in the world for the last 20 years but had never been able to surf the break closest to where he grew up because of the locals." | Claims against the City Defendants, for they have not been denied 'equal protection of the laws' by the City, its police department, or Kepley." (*See* Dkt. No. 225, p. 13.)  The City objects to this statement as inadmissible speculation.  (*See Visser v. Packer Engineering Assocs, Inc.*, 924 F.2d 655, 659-660 (7th Cir. 1991).) | |
| 24.    Paragraph 5, p. 4:5-17 "Upon information and belief, around December 2015, CPR President Mark Slattan read an article in *The Los Angeles Times* about a dispute the Coastal Commission was having with the City of Palos | Objection.  The City objects to this statement as inadmissible speculation. (*See Visser v. Packer Engineering Assocs, Inc.*, 924 F.2d 655, 659-660 (7th Cir. 1991.)  The City objects to this statement on the grounds | __SUSTAINED<br><br>__OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| Verdes Estates regarding an illegal structure at Lunada Bay and the issue of localism. Mr. Slattan was surprised that about the fact that the City seemed to be challenging the authority of the Coastal Commission. CPR's attorney and Mr. Slattan researched bringing a private enforcement action, looking at various things including past efforts to stop localism at Lunada Bay and other surfing spots in Palos Verdes Estates. Throughout the years, the South Bay Chapter of the Surfrider Foundation seemed dedicated to stopping localism. There are numerous articles showing the efforts made by their volunteers. Yet, the Surfrider Foundation had not been able to solve the problem. Because beach access is central to CPR's mission, the board | that it constitutes inadmissible hearsay. (Fed. R. Evid. 801, 802.)   This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation. (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).) | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| voted to become a plaintiff in this case." | | |
| 25.  Paragraph 6, p. 4:18-6:7 "As part of the investigation in this matter, CPR has learned how the City of Palos Verdes Estates police rely on "officer discretion" and have not enforced laws against locals, such as the law prohibiting drinking alcohol on public beaches, laws against open fires, leash laws, and its laws that regulate surf-riding and that prohibit people from blocking access to the beach. And, CPR has learned about historic discrimination in Palos Verdes Estates, including: (a) the Palos Verdes Homes Association and Art Jury designed a community to "protect this utopian landscape and future property values" that was established in 1923 as a | Objection.  This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation.  (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).)  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining | __SUSTAINED  __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| "high-class residential suburb" limiting 90% of the property to single-family homes; (b) restrictive covenants forbade an owner to sell or rent a house to anyone not of white or Caucasian race and to not permit African-Americans on their property with the exception of chauffeurs, gardeners and domestic servants; (c) the Palos Verdes Estates Homes Association did not repeal this illegal covenant until 2000, and when it did so it used "white out" rather than print new materials, (d) in 1960, Palos Verdes Peninsula voters voted to form a unified school district of their own, and not remain under the more diverse Los Angeles Unified School District's rule (this avoided desegregation and bussing, which came in later in the | this action. The timeframe referenced by this declarant for the majority of this statement is too remote to have any bearing on the specific claims and allegations at issue. The City further objects on the basis that this statement constitutes inadmissible hearsay. (Fed. R. Evid. 801, 802.) | |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1960's and 1970's); (e) in the 1980's, disproportionately white and affluent communities persuaded the Southern California Rapid Transit District (RTD) to end direct bus service between South Central Los Angeles and beach-front communities to the west, increasing the amount of time it took to reach the beach and effectively deterring people of color from going to the beach at all because of the amount of time and hassle it took to get there, and that RTD granted the request of Palos Verdes Peninsula cities that buses from the inner city not climb the Palos Verdes Hill; (f) in 1991, the cities of Palos Verdes Estates, Rancho Palos Verdes, and Rolling Hills Estates formed their own small transit district called the Palos Verdes | | |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| Peninsula Transit Authority (PVPTA) that operates Monday to Friday, and does not stop at Palos Verdes Estates beaches like Lunada Bay; (g) in 1995, an adult Bay Boy Peter McCollum threatened a 14-year old boy named Hagins Kelley in front of local television cameras for daring to surf Lunada Bay, and explained to the Los Angeles Times that "It's not just a barbaric thing, it is done for a purpose... The crowds are so intense these days, you can't have your own little sanctuary. But we do." "We protected this beach for years. This is why. So we can have driftwood on the beach rather than Kentucky Fried Chicken boxes. If the beach opened up it would be packed with low riders....the rocks would be marked with graffiti."; (h) when coastal | | |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| access advocates held a Martin Luther King, Jr. Day paddle out rally in 2014, several Bay Boys paddled out in blackface in front of police and told the visitors, "you don't pay enough taxes to be here"; (i) that when Plaintiff Diana Milena Reed complained about being sexually harassed at the Rock Fort, that police officers responded with words to the effect, "why would a woman want to visit a beach that only has rocks?" and that the Bay Boy's called her "that Diana bitch" in their texts; and (j) that numerous beachgoers have had the word "faggot" screamed at them by locals as they attempt to visit Lunada Bay. These protected category overtones cause CPR grave concern, as all beachgoers, no matter their income level, race, color, religion, gender, sexual | | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| orientation or other protected category are entitled to coastal access. This discrimination deters a diverse and inclusive beach, and denies people access." | | |
| 26.    Paragraph 7, p. 6:8-20 "Attached hereto as Exhibit 1 and Exhibit 2, are a true and correct copies of the unlawful covenant CPR obtained in person from the Palos Verdes Home Association (http://pvha.org/). Exhibit 1 shows the covenant with white out, as received from the Homes Association. Exhibit 2 shows the covenant with the white out removed. Attached hereto as Exhibit 3, is a trued and correct copy of a resolution from 2000 where the Palos Verdes Homes Association finally eliminated the illegal covenant. The Palos Verdes | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements and documents referenced do not make relevant facts more or less probable, and are of no consequence in determining this action.  The City further incorporates by reference its Opposition and Objection to Plaintiffs' Request for Judicial Notice.   The City objects to this statement to the extent the declarant fails to sufficiently authenticate the documents referenced. | __SUSTAINED<br><br>__OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| Homes Association is located 320 Palos Verdes Dr W, Palos Verdes Estates, CA, adjacent to City Hall and the Police Department for the City of Palos Verdes Estates City which are located at 340 Palos Verdes Dr. W. Attached hereto as Exhibit 4, is a true and correct copy of a Google Map printout of the Palos Verdes Estates civic center area showing the proximity of City Hall, the Police Department, and the Palos Verdes Homes Association. They're in an adjoining facility." | (Fed. R. Evid. 901.) | |
| 27.    Paragraph 8, p. 6:21-7:5 "In September 2016, Gov. Jerry Brown signed legislation amending the Coastal Act which compliments CPRs core mission of open access to the coast for everyone by incorporating the concept of | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| environmental justice into the law. The Coastal Act now explicitly refers to the statutory definition of environmental justice. "Environmental justice" means the fair treatment of people of all races, cultures, and incomes with respect to environmental laws, regulations, and policies under Government Code section 65040.12. The governor is now required to appoint a Commissioner experienced in and dedicated to environmental justice. Every Commissioner is required to comply with and enforce the cross-cutting equal justice laws. Finally, the Act explicitly refers to state civil rights law that guarantees equal access to publicly funded resources and prohibits discrimination based on race, color, national origin, income, | consequence in determining this action.  The City objects to this statement to the extent it offers legal conclusions regarding the statutes referenced. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| and other factors, Government Code section 11135. Section 11135 applies to all state agencies and recipients of state funding." | | |
| 28.    Paragraph 9, p. 7:6-23 "CPR believes the beaches, tide pools and surf on the Palos Verdes Peninsula and at Lunada Bay are truly unique and everyone should be able to enjoy them. On a low tide, upon information and belief, there are octopi, limpets, crabs, sea urchins and other aquatic life living in the tide pools. There are marine mammals, such as seals that patrol the shores; occasionally, a whale can be spotted on the horizon. Standing on the bluff the kelp beds are visible - something totally unique to California. And if you grab a mask and snorkel, you will discover one | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  This statement lacks relevance, insofar as it fails to demonstrate a material fact or injury pertinent to Plaintiffs' violation of equal protection claim, and shows that CPR lacks standing in this action for violation of equal protection.  "[P]ersons who have never sought the | __SUSTAINED<br><br>__OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| of the most biologically diverse and productive zones on the planet. Both the sunsets and waves are world class. CPR believes that exposing people to these ecological areas give life meaning and put things into perspective; everyone, especially the economically challenged and people who live in poorer communities, should be able to have access to this area of the coast without fearing for his or her safety. Specifically, CPR believes that if Lunada Bay were free from illegal exclusivity, school children from poorer inland communities would take field trips to Lunada Bay for educational purposes and to share these experiences with their parents, families, and friends. CPR believes | protection of the Palos Verdes Police Department vis-à-vis the LBB do not have viable Equal Protection Claims against the City Defendants, for they have not been denied 'equal protection of the laws' by the City, its police department, or Kepley." (*See* Dkt. No. 225, p. 13.)  The City objects to this statement to the extent it offers an inadmissible legal conclusion regarding the statement "illegal exclusivity." | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| everyone should be able to learn, exercise, enjoy the outdoors and otherwise express themselves in their chosen activities at Lunada Bay." | | |
| 29.    Paragraph 10, p. 7:24-8:8 "CPR wants the public to be able to visit Lunada Bay to recreate there without fear of physical and verbal attack or the hassle of dealing with bullying Bay Boys and other locals. CPR wants the public to be able to visit the Lunada Bay bluff, shoreline, and water to explore and surf without fear of having their car vandalized. CPR wants the Bay Boys and other bullying locals to be barred from using this beach for sufficient time to change attitudes and to give access to the beach back to the public. CPR believes all Californians | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  This statement lacks relevance, insofar as it fails to demonstrate a material fact or injury pertinent to Plaintiffs' violation of equal protection claim, and shows that CPR lacks standing in this action for violation of equal protection.  "[P]ersons who | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| including those from lower income, inland and racially diverse communities, should be able to freely travel to and visit Lunada Bay and other Palos Verdes Estates beaches. CPR believes no person should be required to undergo a hazing process as a prerequisite to use a California beach. Further, CPR believes as surf communities are primarily white and middle-class, exclusion from surf breaks on the basis of where a person lives or grew up emerges as a method of racial segregation." | have never sought the protection of the Palos Verdes Police Department vis-à-vis the LBB do not have viable Equal Protection Claims against the City Defendants, for they have not been denied 'equal protection of the laws' by the City, its police department, or Kepley." (*See* Dkt. No. 225, p. 13.) | |
| 30.  Paragraph 11, p. 8:9-24 "On January 16, 2017, in celebration of Martin Luther King Day, CPR sponsored an event at Lunada Bay to encourage people who may benefit from the environmental justice movement, as well as | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP<br>ATTORNEYS AT LAW<br>IRVINE
EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| others who have been deterred from accessing Lunada Bay, to enjoy a day at the beach. The intent was (a) to honor Martin Luther King, (b) to encourage diverse beachgoers to explore and visit Palos Verdes Estates beaches, (c) to allow people to visit Lunada Bay in a planned event where CPR anticipated there should be improved safety given media attention and numbers, (d) to celebrate efforts to end localism, (e) to celebrate removal of the illegal rock fort that was a symbol of illegal bullying and alcohol use at Lunada Bay, (f) to re-dedicate Lunada Bay as a welcoming spot with aloha spirit, and (g) to celebrate CPR's success in bringing attention to illegal exclusivity at Lunada Bay. While the Martin Luther King Day event | consequence in determining this action.  This statement lacks relevance, insofar as it fails to demonstrate a material fact or injury pertinent to Plaintiffs' violation of equal protection claim, and shows that CPR lacks standing in this action for violation of equal protection.  "[P]ersons who have never sought the protection of the Palos Verdes Police Department vis-à-vis the LBB do not have viable Equal Protection Claims against the City Defendants, for they have not been denied 'equal protection of the laws' by the City, its police department, or Kepley."  (*See* Dkt. No. 225, p. 13.) | |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| officially started at 9:00 a.m., with early morning surfers this event lasted from sunrise to sunset. The event concluded with Hawaiian-style hula and ukulele as the sun was setting. I planned and worked the entire event, helping coordinate other volunteers and communication with the media." | | |
| 31.   Paragraph 12, p. 8:25-9:11<br>"During the Martin Luther King Day event, we were successful in bringing diverse beachgoers to Lunada Bay, and bringing attention to our cause of open beach access free from localism and discrimination. Attached hereto as Exhibit 5, are true and correct copies of photos of the event printed in the Los Angeles Times. While many of the Bay Boys stayed | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  This statement lacks relevance, insofar as it fails to demonstrate a material fact or injury pertinent to Plaintiffs' | __SUSTAINED<br><br>__OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| away from Lunada Bay on January 16 (they moved a few blocks away to a neighboring beach), unfortunately, we received complaints that two associates of the Bay Boys (a step daughter of one defendant, and girlfriend of another defendant) were intentionally attempting to harm CPR volunteers and guests by dropping in on them in waves – violating the City's surf-riding ordinance. Volunteers and participants stated that they complained about this dangerous activity to the police indicated, but that the police were not well trained on their own surf-riding ordinance and did not take the complaints seriously. Indeed, some felt the police were protective of the locals. Attached as Exhibit 6, is a true and correct copy of a | violation of equal protection claim, and shows that CPR lacks standing in this action for violation of equal protection.  "[P]ersons who have never sought the protection of the Palos Verdes Police Department vis-à-vis the LBB do not have viable Equal Protection Claims against the City Defendants, for they have not been denied 'equal protection of the laws' by the City, its police department, or Kepley."  (See Dkt. No. 225, p. 13.) | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| video explaining the January 16, 2017 Martin Luther King Day event." | | |
| 32.  Paragraph 13, p. 9:12-26 "During the event, I was also approached by a young male, he parked his car and walked straight up to me at the table and said "What is this?" I informed him that CPR was a non-profit that helps with protecting the coastlines and providing beach access. He said "Yeah but what are you doing here?" I explained it was a peaceful gathering to promote safe beach access for all at Lunada Bay without the fear of violence. He laughed, put his phone about 12" from my face and took photos of me and then said "Yeah good luck with that" and walked off snapping a few more photos as he walked back to his car. As I have been told | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  This statement lacks relevance, insofar as it fails to demonstrate a material fact or injury pertinent to Plaintiffs' violation of equal protection claim, and shows that CPR lacks standing in this action for violation of equal protection.  "[P]ersons who have never sought the protection of the Palos Verdes Police Department | __SUSTAINED<br><br>__OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| that at a prior event in 2014 celebrating Martin Luther King and public access to Lunada Bay there was an individual taking pictures of visiting surfers and making statements like "Now we know who you are," I was intimidated. I reported this incident to one of the officers as I was frightened and concerned. One officer pointed out one of the older Bay Boys to me to make me aware that they were watching him. The Bay Boy did not approach me directly but did come to the tent and was talking to people and making his presence known." | vis-à-vis the LBB do not have viable Equal Protection Claims against the City Defendants, for they have not been denied 'equal protection of the laws' by the City, its police department, or Kepley."  (*See* Dkt. No. 225, p. 13.)  The City further objects on the basis that this statement constitutes inadmissible hearsay.  (Fed. R. Evid. 801, 802.) | |
| 33.   Paragraph 14, p. 9:27-11:9 "CPR has received complaints from its members, volunteers and event participants of unlawful discrimination. CPR | The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make | __SUSTAINED __OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| wants non-resident visitors to be able to visit Lunada Bay without needing to announce themselves in advance to the police so as to ensure their safety from the bullying locals. CPR wants women to be able to use the beach at Lunada Bay without being questioned about their desire to engage in recreational activities, without fear of being sexually harassed, and without feeling like they are in a men's locker room. CPR wants people of diverse backgrounds to be able to travel to Lunada Bay and other Palos Verdes Estates beaches freely, without fear of being unlawfully pulled over by the City of Palos Verdes Estates police, without being asked their "purpose" for being in the City and their travel plans, without fear of being treated | relevant facts more or less probable, and are of no consequence in determining this action.  This statement lacks relevance, insofar as it fails to demonstrate a material fact or injury pertinent to Plaintiffs' violation of equal protection claim, and shows that CPR lacks standing in this action for violation of equal protection.  "[P]ersons who have never sought the protection of the Palos Verdes Police Department vis-à-vis the LBB do not have viable Equal Protection Claims against the City Defendants, for they have not been denied 'equal protection of the laws' by the City, its police department, or Kepley."  (*See* Dkt. No. 225, p. 13.)  The City objects to | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| differently when it comes to traffic citations and parking tickets, without fear of having their vehicle being unlawfully towed, and without fear of being treated differently when it comes to enforcement of the law and/or detainment. CPR wants Palos Verdes Estates to provide its employees adequate training on coastal access laws, the local surf-riding ordinance, surfing etiquette and safety, and on non-discrimination laws. CPR wants Palos Verdes Estates to enforce its ordinances fairly and for it to provide signage and maps so people will know Lunada Bay is a public beach. CPR wants the City of Palos Verdes Estates to improve amenities in a fashion that makes it safer, provides improved access to all beachgoers, and is both | this statement to the extent it offers an inadmissible legal conclusion regarding "unlawful discrimination" and people being "unlawfully excluded."  The City objects to this statement as inadmissible speculation. (*See Visser v. Packer Engineering Assocs, Inc.*, 924 F.2d 655, 659-660 (7th Cir. 1991).) | |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| consistent with this rural spot, the California Coastal Act, and state and federal law. For example, access trails to the shoreline should be clearly marked for the safety of visitors so the visitors do not head down a false trail. And no person should be allowed to block the access trails or to intimidate visitors on the bluff top, on the shoreline, or in the water. CPR wants Palos Verdes Estates police to be trained to help when people are unlawfully excluded. In short, CPR wants all to be able to visit Lunada Bay without being harassed. And if someone is harassed, we want the City of Palos Verdes Estates police to take the complaints seriously. Finally, we would like to see public transportation that makes it easy for people of all | | |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| walks of life to be able to head down a false trail. And no person should be allowed to block the access trails or to intimidate visitors on the bluff top, on the shoreline, or in the water. CPR wants Palos Verdes Estates police to be trained to help when people are unlawfully excluded. In short, CPR wants all to be able to visit Lunada Bay without being harassed. And if someone is harassed, we want the City of Palos Verdes Estates police to take the complaints seriously. Finally, we would like to see public transportation that makes it easy for people of all walks of life to be able to experience Lunada Bay. CPR does not seek damages in their lawsuit against the City, and instead seeks declaratory and injunctive relief." | | |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 34.   Paragraph 15, p. 11:10-14<br>"CPR has diverted its resources and volunteer time to achieve open access for all at Lunada Bay, including extensive research, educational efforts, promotional efforts, media outreach, and the Martin Luther King Day event. Had these resources not been diverted to achieve open access at Lunada Bay, they could have been used for coastal education, and other coastal access projects." | Objection.  The City objects to this statement as inadmissible speculation. (*See Visser v. Packer Engineering Assocs, Inc.*, 924 F.2d 655, 659-660 (7th Cir. 1991).)  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402)  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  This statement lacks relevance, insofar as it fails to demonstrate a material fact or injury pertinent to Plaintiffs' violation of equal protection claim, and shows that CPR lacks standing in this action for violation of equal protection.  "[P]ersons who | __SUSTAINED<br><br>__OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

KUTAK ROCK LLP<br>ATTORNEYS AT LAW<br>IRVINE

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | have never sought the protection of the Palos Verdes Police Department vis-à-vis the LBB do not have viable Equal Protection Claims against the City Defendants, for they have not been denied 'equal protection of the laws' by the City, its police department, or Kepley."  (*See* Dkt. No. 225, p. 13.) | |
| 35.     Paragraph 16, p. 11:15-21<br>"Because there is a long custom and practice of discrimination that starts at the City of Palos Verdes Estate's border, beachgoers of diverse backgrounds, poor beachgoers, and women beachgoers are deterred. The illegal exclusion at Lunada Bay, and related police efforts that keep outsiders away from Palos | Objection.  The City objects to this statement to the extent it offers an inadmissible legal conclusion regarding "long custom and practice of discrimination" and "illegal exclusion."  This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." | __SUSTAINED<br><br>__OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| Verdes Estates streets and beaches, has turned a public beach into the exclusive club for a privileged few. This frustrates the purpose of CPR, which is open access to the California coast for all." | (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation.  (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).)  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  This statement lacks relevance, insofar as it fails to demonstrate a material fact or injury pertinent to Plaintiffs' violation of equal protection claim, and shows that CPR lacks standing in this action for violation of equal | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | protection.  "[P]ersons who have never sought the protection of the Palos Verdes Police Department vis-à-vis the LBB do not have viable Equal Protection Claims against the City Defendants, for they have not been denied 'equal protection of the laws' by the City, its police department, or Kepley."  (*See* Dkt. No. 225, p. 13.) | |

**C.**     **Objections to Declaration of GEOFF HAGIN submitted In support of Plaintiffs' Opposition to City's Motion for Summary Judgment, or in the alternative, Summary Adjudication dated July 31, 2017:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 36.    Paragraph 2, p. 2:25-26 "On December 29, 2016, I signed a declaration supporting Plaintiffs' Motion for Class | Objection.   The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, | __SUSTAINED  __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| Certification in the matter." | 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  This Court previously denied certification of Plaintiff's class action.  (*See* Dkt. No. 225). | |
| 37.     Paragraph 3, p. 3:1-7 "This new declaration is to authenticate video footage of an incident where my nephew and I were assaulted by a Bay Boy back in 1995. While it has been just more than 22 years, I remember this day well. And, unfortunately, little has changed in the way the Bay Boys operate. And little has changed in how the City of Palos Verdes Estates treats outsiders —meaning outsiders are not welcomed in the City, being deterred by both the Bay | Objection.  This statement also lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation.  (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).) | __SUSTAINED __OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| Boys and the City itself." | | |
| 38.   Paragraph 3, p. 3:8-12 "On March 13, 1995, a news crew accompanied myself and six other individuals to Lunada Bay and filmed the events that transpired. When we arrived, one of the people that I was with, Mike Bernard, recognized a Bay Boy who was on the bluff named Kelly Logan, who said we got a "pass" that day because they knew each other. | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402)  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The declarant describes the acts of third-parties, which cannot serve as a basis to bring constitutional claims against a public entity. (*See De Shaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196; *Ketchum v. County of Alameda*, 811 F.2d 1243, 1247 (9th Cir. 1987).) | __SUSTAINED __OVERRULED |
| 39.   Paragraph 5, p. 3:13-18 "As we were coming back up the trail, Bay Boy Peter | Objection.  The City objects to this statement as lacking relevance to the instant | __SUSTAINED __OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| McCollum approached me, screaming, "Don't surf on the hill." He was pounding his fists very close to my face as he told me, "This is what will happen to you if I see you again." He continued to yell numerous things, including, "Come back and you will be killed." He then assaulted me, all of which was caught on camera. He also threatened by nephew Hagan Kelly." | litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The declarant describes the acts of third-parties, which cannot serve as a basis to bring constitutional claims against a public entity.  (*See De Shaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196; *Ketchum v. County of Alameda*, 811 F.2d 1243, 1247 (9th Cir. 1987).) | |
| 40.    Paragraph 6, p. 3:19-4:2 "I have watched the documentary The Swell Life, and it appears that the director obtained some of the footage from March 13, 1995. When I compare it to the footage from Channel 13 it appears identical; | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| also the Channel 13 logo appears in sections of the video. This documentary accurately depicts Peter McCollum threatening my nephew and Mike Bernard, where McCollum screams: "He won't surf here again, though, got it? Got it? You got that, son? You got it? Hey, hey, I'm touching nobody. Nothing. But you won't surf here again, boy. You won't surf here again. Fuck that, fuck you guys! I've been here too long to take this shit." (5:14 seconds to 5:31)." | consequence in determining this action.  The declarant describes the acts of third-parties, which cannot serve as a basis to bring constitutional claims against a public entity.  (*See De Shaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196; *Ketchum v. County of Alameda*, 811 F.2d 1243, 1247 (9th Cir. 1987).) | |
| 41.   Paragraph 7, p. 4:3-9 "Later in the documentary the Swell Life, there is more film footage from the same day, where McCollum screams: "How many guys are at Malibu right now, huh? How many fucking guys are at Malibu, huh? (I don't know.) Did you | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining | |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| ever notice we've done a good thing here, haven't we? It's pretty nice and pretty, huh? (It's beautiful.) It's beautiful! And so when you exploit it, we'll thank you." (15:05 to 15:19). This, too, is an accurate depiction of Peter McCollum on the day he threatened my nephew and me." | this action.  The declarant describes the acts of third-parties, which cannot serve as a basis to bring constitutional claims against a public entity. (*See De Shaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196; *Ketchum v. County of Alameda*, 811 F.2d 1243, 1247 (9th Cir. 1987).) | |
| 42.    Paragraph 8, p. 4:10-12 "We did nothing to provoke Peter McCollum or any other resident, other than we were not from Palos Verdes Estates, and we showed up at a public beach from out of town." | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The declarant describes the acts of third-parties, which cannot serve as a basis to bring constitutional claims against a public entity. | |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | (*See De Shaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196; *Ketchum v. County of Alameda*, 811 F.2d 1243, 1247 (9th Cir. 1987).) | |

**D.      Objections to Declaration of John Olinger submitted In support of Plaintiffs' Opposition to City's Motion for Summary Judgment, or in the alternative, Summary Adjudication dated July 31, 2017:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 43.      <u>Paragraph 2, p. 2:18-3:1</u> "I was raised in Ranch Palos Verdes and started surfing around the 5th grade. I learned to surf primarily at the beaches in Torrance, California. Being from Rancho Palos Verdes, I knew about different beaches and surfing locations on the Palos Verdes Peninsula and how good they were. Lunada Bay, | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402)  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  This statement also lacks foundation. "A | __SUSTAINED  __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| located in the nearby City of Palos Verdes Estates, was said to be a great big wave spot, and I wanted to surf there but given its reputation of localism in the City, along with the City's reputation and support for keeping its prized beaches available for locals only, I stayed away. On occasion, my friends and I would surf using a longboard in Bluff Cove in Palos Verdes Estates. Notably, Bluff Cove is more of a beginners' beach in terms of surfing, generally has smaller surf, and is the rare beach in Palos Verdes Estates where it is not typically hostile for an outsider to visit." | witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness (i.e., reputation) of the subject matter of testimony fails to establish sufficient foundation. (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).) | |
| 44.   Paragraph 6, p. 3:13-26 "Having grown up on the Palos Verdes Peninsula in a city close to Palos Verdes Estates, I knew about two claimed "local rules" | Objection.  This statement also lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding | __SUSTAINED __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| when surfing the area: (a) come alone; and (b) don't walk down the trail in your wetsuit. I went by myself. And, I walked down the trail to the beach at Lunada Bay in my clothes and shoes, with my wetsuit and towel draped over my surfboard. When I got to the bottom of the trail, I started walking towards the point. I was approached by a man that appeared to be in his late 40s. This man was aggressive, and immediately got in my face and started telling me that I could not surf there and to "just go somewhere else." He also said, "Well you are not going to catch any waves. I'm going to make sure of that." There was a another man on the patio, who was wearing a hat, who was affirming and otherwise backing up the intimidation directed at me, although he looked to be getting | that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation. (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).)  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402)  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The declarant describes the acts of third-parties, which cannot serve as a basis to bring constitutional claims against a public entity. (*See De Shaney v. Winnebago County Department of Social* | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| ready to leave. I did my best to ignore the aggressive man, changed into my wetsuit, and paddled out to the surf Lunada Bay." | *Services*, 489 U.S. 189, 196; *Ketchum v. County of Alameda*, 811 F.2d 1243, 1247 (9th Cir. 1987).)  This statement does not relate to the City in any manner. | |
| 45.   Paragraph 7, p. 3:27-4:5 "There was one other surfer in the water when I paddled out at Lunada Bay. While the waves were barely shoulder high, it was better at Lunada Bay than the other areas I'd driven by. The aggressive man that was harassing me on shore put his wetsuit back on, and paddled out to continue to yell and intimidate me. He did not even attempt to catch a wave, and just paddle around following me and blocking me as I tried to surf. Finally, as the sun was setting, the aggressive man paddled to shore while I was still in the water." | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The declarant describes the acts of third-parties, which cannot serve as a basis to bring constitutional claims against a public entity. (*See De Shaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196; *Ketchum v. County of Alameda*, 811 F.2d 1243, 1247 | __SUSTAINED __OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | (9th Cir. 1987).)  This statement does not relate to the City in any manner. | |
| 46.    Paragraph 8, p. 4:6-13 "When I returned to shore, my shoes were stolen and belongings (towel and dry clothes) drenched in sea water. In the dark, I had to walk wet across the rocks and up the steep cliff barefoot; my feet were cut and sore by the time I made it to the top of the trail. Because it was dark, I never saw who threw my stuff in the water. And because the police have a longstanding reputation of being "friendly" with and supporting the local surfers, and being indifferent to complaints by outsiders regarding access to Lunada Bay and the related deterrent efforts by the locals, I did not report what happened to me." | The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The declarant describes the acts of third-parties, which cannot serve as a basis to bring constitutional claims against a public entity. (*See De Shaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196; *Ketchum v. County of Alameda*, 811 F.2d 1243, 1247 (9th Cir. 1987).)  This statement does not relate to the City in any manner; the declarant did not report this | __SUSTAINED __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | event to the City.  The City objects to this statement as inadmissible speculation.  (*See Visser v. Packer Engineering Assocs, Inc.*, 924 F.2d 655, 659-660 (7th Cir. 1991).) This statement lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation.  (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).) | |
| 47.    Paragraph 10, p. 4:18-23 "I attempted to follow the rules that day when Mr. Lee harassed me. I arrived alone, was willing | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| to wait longer for waves, let the locals have the best ones and was respectful. Yet, the Lunada Bay Boys think that they own the public beach and use intimidation and the excuse of "making it safe" to justify their behavior and exclusivity. I was never given the chance to surf Lunada Bay which is why I believe this lawsuit it necessary. | 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The declarant describes the acts of third-parties, which cannot serve as a basis to bring constitutional claims against a public entity. (*See De Shaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 196; *Ketchum v. County of Alameda*, 811 F.2d 1243, 1247 (9th Cir. 1987).) | |
| 48.      Paragraph 11, p. 4:24-5:1 "I want the City of Palos Verdes Estates to take measures to stop localism at Lunada Bay and other surf spots in Palos Verdes Estates. I would like to be able to surf at Lunada Bay without the fear of being harassed by the locals. I should not be required | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining | __SUSTAINED  __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| to "take a cell phone" with me to the beach, nor should I be required travel in a group or notify the police in advance when I want to visit Lunada Bay or other City beaches." | this action. | |

E.     Declaration of BENJAMIN SIOUNIT submitted In support of Plaintiffs' Opposition to City's Motion for Summary Judgment, or in the alternative, Summary Adjudication dated July 31, 2017:

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 49.    Paragraph 3, p. 2:-27-3:12<br>I first became aware of the problem of "localism" in Palos Verdes Estates from then Chief Daniel Dreiling. During a meeting with the Chief, and in the months that followed, I learned that surfers and others from out of the area were not welcomed by the residents of | Objection.  The City objects to this statement on the grounds that it constitutes inadmissible hearsay.  (Fed. R. Evid. 801, 802.)   The City further objects to the extent this statement lacks relevance.  (Fed. R. Evid. 401, 402.)  For example, whether or not "surfers and others from out of the area | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| Palos Verdes Estates. Moreover, I learned that surfers and other beachgoers who are not from Palos Verdes Estates stayed away from the City because they were afraid of assaults and harassment from the local surfers. For example, while working for Palos Verdes Estates, I learned that some Lunada Bay local surfers had terrorized and assaulted non-residents and vandalized their cars and other property brought to the beach. If a non-local tried to surf Lunada Bay, the local surfers known as the "Bay Boys" would make an example out of them. Even people walking along the bluffs and looking at the surf would get harassed. I observed cars that had been vandalized. While I worked for the City, it did little to | were not welcomed by the *residents*" has no bearing on the issues in this litigation. The timeframe referenced by this declarant is too remote to have any bearing on the specific claims and allegations at issue.  The vague, ambiguous nature of this statement lacks requisite specificity, also rendering it irrelevant. This statement also lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation.  (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. | |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| address the problem. | 1999).)  The City objects to this statement as inadmissible speculation.  (*See Visser v. Packer Engineering Assocs, Inc.*, 924 F.2d 655, 659-660 (7th Cir. 1991).) | |
| 50.      Paragraph 4, p. 3:13-4:2 During the five years I worked for the City, I did not observe the police department take the issue of localism seriously and doubt that they do today. For example, I cannot recall any fulltime police officers walking down any of the cliffs to the local beaches to address localism issues. Instead, occasionally the fulltime officers would simply view beaches with their binoculars from the bluff top. But viewing the beach and surf break from the cliff was not an effective way to police the area because you cannot hear or see | Objection.  The City objects to this statement as inadmissible speculation. (*See Visser v. Packer Engineering Assocs, Inc.*, 924 F.2d 655, 659-660 (7th Cir. 1991).)  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  This statement also lacks foundation. "A witness may testify to a matter only if evidence is | ____SUSTAINED ___OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| everything. This is especially true if you do not understand and have no training in surf etiquette. While I am not a surfer, I understand that one technique the locals use to harass visiting surfers is to drop in front of them when they are surfing a wave. They sometimes refer to this practice as "burning" the visiting surfer on a wave. I recently watched a video clip of an event held on Martin Luther King Day 2017 where you can see two women surfers burning visiting surfers on waves. The clip shows a couple officers on the cliff with binoculars. One Officer states: "I'm not a surfer so I don't understand surf etiquette, and I don't even know what dropping in is." I observed officers call the local surfers | introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation.  (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).)  The City further objects on the basis that this statement constitutes inadmissible hearsay regarding the video referenced.  (Fed. R. Evid. 801, 802.) | |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| by name, and engage in lengthy, non-work-related conversations. | | |
| 51.  Paragraph 5, p. 4:3-16 While I worked for the City, the police department provided no trainings on localism, how the practice violated local ordinances and state law, or how it could be addressed. In my entire time with the Department, it only mentioned what it called a "surf issue" a couple of times, but never suggested how officers could or should address it. Moreover, while the City's police department had access to a boat, I did not see it being used to address the issue of local surfers deterring outsiders from visiting Lunada Bay or other City beaches. The former chief did ask the reserve officers to take the quads | This statement also lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation.  (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).)  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no | __SUSTAINED  __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| down to the beach to show a police presence; however, the quads only had very limited access to the beach and didn't have access to the portion of the beach where the Lunda Bay Boys were surfing at. The only quad access was in the 400 block of Paso Del Mar close to the "Neighborhood Church" that actually covers more of the Rat Beach which is part of City of Torrance than City of Palos Verdes Estates. | consequence in determining this action.  The timeframe referenced by this declarant is too remote to have any bearing on the specific claims and allegations at issue.  The vague, ambiguous nature of this statement lacks requisite specificity, also rendering it irrelevant. | |
| 52.   Paragraph 6, p. 4:17-5:5 Beyond Lunada Bay, I observed unfair treatment against other visitors to the City by police officers, which started upon entry into the City. Most of the patrol time was devoted to the main drives (Palos Verdes Drive West and North) as the officers were profiling the individuals | Objection.  The City objects to this statement as inadmissible speculation. (*See Visser v. Packer Engineering Assocs, Inc.*, 924 F.2d 655, 659-660 (7th Cir. 1991).)  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| driving through the City coming from San Pedro or Torrance. I believe this was an effort to discourage people from coming to the City. Specifically, while I worked for the City, the Palos Verdes Police Department treated residents and those who grew up in Palos Verdes Estates differently from non-residents. This was particularly true for people of low economic status and people of color. For example, when a police officer would pull a resident over for a traffic violation, the officer was more likely to use his "discretion" to issue a verbal warning for a "minor traffic violation." In contrast, for nonresidents, especially people of color or people driving older or beat-up cars, I observed that they were | statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The timeframe referenced by this declarant is too remote to have any bearing on the specific claims and allegations at issue.  The vague, ambiguous nature of this statement lacks requisite specificity, also rendering it irrelevant. This statement also lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation.  (*See Ward v. First Fed'l Savings Bank*, 173 | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| more likely to be issued an expensive traffic ticket. Officers would ask the non-residents where they were coming from, and their purpose for being in the City. This double standard existed my entire time with the City. | F.3d 611, 617-618 (7th Cir. 1999).)  The City further objects on the basis that this statement constitutes inadmissible hearsay.  (Fed. R. Evid. 801, 802.) | |
| 53.   Paragraph 7, p. 4:6-15 While working for the City, I frequently patrolled with different Officers. On one occasion around 2010 or 2011, the Officer that I was on patrol with observed a Hispanic man driving a pickup truck that appeared to be used for gardening. The Officer said to me, "I guarantee that guy has no license and is an illegal from Mexico." This was enough for the Officer to pull this man over. It turned out that the man did not have a driver's license. Because of this, the | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402.)  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The timeframe referenced by this declarant is too remote to have any bearing on the specific claims and allegations at issue.  The vague, ambiguous nature of this statement lacks requisite specificity, also rendering it | ____SUSTAINED<br><br>__OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| Officer used his "discretion" to have the man's work truck towed. The Officer made it clear to me that he did not like Hispanic or African American people in the City, and that he liked to profile people. And, the Officer laughed about impounding the work truck. | irrelevant. The City further objects on the basis that this statement constitutes inadmissible hearsay.  (Fed. R. Evid. 801, 802.)  This statement also lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation.  (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).) | |
| 54.    Paragraph 8, p. 5:16-27 While I worked with the City, there was a reserve Officer that frequently worked traffic. In addition to working as a | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's | __SUSTAINED

__OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| reserve officer, his family privately owned Van Lingen Towing. And, in Palos Verdes Estates, all impounded vehicles went to his family's towing company, including any vehicles for which the reserve Officer had issued a citation. Upon information and belief, before a towed vehicle could be released, the owner had to pay: (a) an administrative fee to the City, (b) a "hook up fee" to the towing company, and (c) a storage fees to the towing company. Further, before the towing company would release a vehicle, the owner of the vehicle had to show: (d) ID, (e) current vehicle registration, (f) proof of insurance, and (g) physically return to Palos Verdes Police Department to obtain a police department | statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The timeframe referenced by this declarant is too remote to have any bearing on the specific claims and allegations at issue.  The vague, ambiguous nature of this statement lacks requisite specificity, also rendering it irrelevant.  This statement also lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation.  (*See Ward v.* | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| "release." | *First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).) | |
| 55.    Paragraph 9, p. 6:28-6:6 When I worked for the City, I also observed a different Officer search for non-resident cars that were parked illegally so he could have them towed. On one occasion, I recall that Officer spotted a car parked with a political campaign sticker supporting President Obama with the words "YES WE CAN." The Officer believed the car was parked illegally, looked at me and said "Yes we can!" The Officer high fived me and called Van Lingen Towing. | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The timeframe referenced by this declarant is too remote to have any bearing on the specific claims and allegations at issue.  The vague, ambiguous nature of this statement lacks requisite specificity, also rendering it irrelevant.  This statement also lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to | __SUSTAINED  __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation. (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).) | |
| 56.   Paragraph 10, p. 6:7-12 On another occasion, I recall an Officer who came across a stranded motorist from out of town who had run out of gas. Although there was a gas station in Palos Verdes Estates, it did not take cash after hours. When the stranded motorist sought help, the Officer told the man: "You should have thought about that before you left your town" and left the person stranded. | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The timeframe referenced by this declarant is too remote to have any bearing on the specific claims and allegations at issue.  The | ___SUSTAINED<br><br>___OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | vague, ambiguous nature of this statement lacks requisite specificity, also rendering it irrelevant.  This statement also lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation.  (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).) | |
| 57.    Paragraph 11, p. 6:13-19 Similarly, as a reserve officer working for the City, when a car was towed and the owner was a non-resident I was told that "you are not a taxi service | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make | __SUSTAINED  __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| and you better not give anyone a ride back to the station or anywhere else for that matter." Palos Verdes Estates has few street lights, and few services. And cell phone service in Palos Verdes Estates can be spotty. Still, we were instructed to leave people on the side of the road after towing their vehicle. | relevant facts more or less probable, and are of no consequence in determining this action.  The timeframe referenced by this declarant is too remote to have any bearing on the specific claims and allegations at issue.  The vague, ambiguous nature of this statement lacks requisite specificity, also rendering it irrelevant.  This statement also lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation.  (*See Ward v. First Fed'l Savings Bank*, 173 | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | F.3d 611, 617-618 (7th Cir. 1999).) | |
| 58.  Paragraph 12, p. 6:20-23 During my time working for the City, I understood many of the residents of Palos Verdes Estates had deep-seated prejudice to people of color. In discussions with some of my fellow officers **I** learned that some residents did not want an African American police officer patrolling their city. | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The fact that the declarant believed "many of the *residents*" held certain views has no bearing on this litigation.  The timeframe referenced by this declarant is too remote to have any bearing on the specific claims and allegations at issue.  The vague, ambiguous nature of this statement lacks requisite specificity, also rendering it irrelevant.  This statement also lacks foundation. "A | __SUSTAINED __OVERRULED |

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| | | witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation.  (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).) | |
| | 59.   Paragraph 13, p. 6:24-7:9<br>Captain Kevin Scroggins, who is African American, was hired by the City's police department around March 2008. Captain Scroggins and I, along with several other officers, were working a Halloween Party at the home of a wealthy couple located along lower Paseo La | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The resident's alleged complaint has no | ____SUSTAINED<br><br>__OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| Cresta. I am informed and believe that Officer Scroggins was accused of acting inappropriately. After the event, the former chief (Dan Dreiling) asked me if I saw Captain Scroggins do anything inappropriate during the time we were conducting traffic control for this party. I told him "absolutely not." Captain Scroggins was fired shorty after this event. Before this, Captain Scroggins had complained about illegal discrimination within the Palos Verdes Estates Police Department. I was informed by a fellow officer that a resident that was pulled over by Captain Scroggins (who was driving in an unmarked detective vehicle and in plainclothes) had complained about black officers patrolling | bearing on the issues in this litigation.  The timeframe referenced by this declarant is too remote to have any bearing on the specific claims and allegations at issue.  The vague, ambiguous nature of this statement lacks requisite specificity, also rendering it irrelevant.  This statement also lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation.  (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).) | |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| the city. | | |
| 60.    Paragraph 14, p. 7:10-16 I am a Jewish Iranian American citizen. I try to adhere strictly to my religious beliefs and maintain great pride in my Iranian heritage. I immigrated to the United States as a teenager after being granted "refugee asylum" status by the federal government due to the severely hostile and targeted anti-Semitic policies in Iran. During the time that I worked for the department, I was subjected to illegal harassment from fellow officers related to my race and religious beliefs. | The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The timeframe referenced by this declarant is too remote to have any bearing on the specific claims and allegations at issue.  This statement also lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony | __SUSTAINED<br><br>__OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | fails to establish sufficient foundation.  (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).)  The City objects to this statement to the extent the declarant offers a legal conclusion regarding "illegal harassment." | |
| 61.    Paragraph 15, p. 7:17-8:8<br>During a meeting on or about February 6, 2012, with three superiors, I made a formal complaint about the illegal discrimination that was directed at me. One of my superiors replied, "let's not go there," making it clear that neither he nor the Department had any concern about the treatment I received, and did not intend to do anything about it. Several days later, I was asked by two of my | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The timeframe referenced by this declarant is too remote to have any bearing on the specific claims and allegations at issue.  The City further objects on the basis that this statement | \_\_SUSTAINED<br><br>\_\_OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| superiors to participate in a meeting that allegedly related to an internal affairs investigation the Department was initiating related to my complaints. Instead of discussing my complaints, they told me that I was being terminated and that the order to fire me had come down from the chief himself which I later learned was not true. I was handed two documents by my supervising Sergeant — a resignation letter and a termination letter — and told to choose between the two. After I informed him that I was not able to make a decision that very moment, he said the "offer" of resignation was only good for the night. Because I did not resign that night, I was fired with no explanation provided. | constitutes inadmissible hearsay.  (Fed. R. Evid. 801, 802.) | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | | |
| 62.    Paragraph 16, p. 8:4-10 In 2016, the former Chief of Police reached out to me on an unrelated matter. We went to lunch, and 1 asked him why I had been fired. The Chief stated that he did not know that I had been terminated until after he saw a lawsuit that I filed against the Department because he was told that I had resigned. I learned that one of my supervising officers had told the former chief that I had come in acting all disgruntled, used profanity, and left the department on my own free will which was a total lie. | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The timeframe referenced by this declarant is too remote to have any bearing on the specific claims and allegations at issue.  The City further objects on the basis that this statement constitutes inadmissible hearsay.  (Fed. R. Evid. 801, 802.) | ____SUSTAINED __OVERRULED |
| 63.    Paragraph 17, p. 8:11-16 In my almost five years working as a reserve police officer for Palos Verdes | Objection.  This statement also lacks foundation. "A witness may testify to a matter only if evidence is | __SUSTAINED __OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| Estates, I came to believe that certain officers make every effort to discourage non-residents from visiting the City, including by looking the other way when residents like the local surfers break the law. As in my case, I also believe that there are several rogue officers that seem to act with impunity. | introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) Unspecified awareness of the subject matter of testimony fails to establish sufficient foundation.  (*See Ward v. First Fed'l Savings Bank*, 173 F.3d 611, 617-618 (7th Cir. 1999).)  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The timeframe referenced by this declarant is too remote to have any bearing on the specific claims and allegations at issue.  The | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | City objects to this statement to the extent the declarant offers a legal conclusion regarding "break[ing] the law." | |

**F.    Declaration of ANDREW WILLIS:**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 64.    <u>Paragraph 3, p. 3:7-4:10</u> While Commission enforcement staff like me endeavor to actively monitor activities within California's coastal zone insofar as possible, we have limited staffing, a limited budget, and very limited resources. In fact, to cover more than 1,250 shoreline miles, investigate and pursue violations administratively, and support enforcement pursued in | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The Court dismissed Plaintiffs' California Coastal Act claim early in this litigation (*See* Dkt. No. 84), and the declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action. | __SUSTAINED<br><br>__OVERRULED |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| litigation, there are just 14 enforcement personnel statewide. The enforcement team is supported by a single in-house lawyer who also represents other divisions of the Commission and is represented in litigation by the California Attorney General's Office. Thus, given our limited resources that must be used to cover the Coastal Zone of the entire State of California, cooperating coastal access organizations and private citizen lawsuits that seek to enforce coastal access laws, or that otherwise support open access to the state's beaches, can also play an important role in coastal protection in California. Here, while counsel in the *Spencer* matter do not represent the Commission, as the Commission's Southern | | |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| California Enforcement Supervisor, I continue to monitor the litigation, and I am supportive of Plaintiffs' efforts, because of the value assigned to public coastal access by the State, including Plaintiffs' effort to make Palos Verdes Estates beaches more accessible to all people, regardless of where they live or their income level. I am also supportive of Plaintiffs' efforts because my office has limited resources to quickly resolve every violation of law related to access to the coast, and the Commission enforcement staff is generally limited to enforcement of the Coastal Act, while Plaintiffs' causes of action are more diverse, and these other ways to protect and ensure access to the States' coastal resources can provide | | |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| an important complement to my role that furthers the Commission's objectives. Here, the overall situation in the City of Palos Verdes Estates ("City") still requires change and improvements to ensure public access to Lunada Bay is available to all. More specifically, I am not satisfied that the City's efforts to address the illegal exclusionary activity on a publicly owned beach has fully remedied the situation, and steps remain that the City should take to improve access to Lunada Bay. | | |
| 65.    Paragraph 4, p. 4:11-19 My office has been in communication with counsel in the *Spencer* matter. As the Southern California Enforcement Supervisor for the Commission, given the potential for ongoing | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The Court dismissed Plaintiffs' California Coastal Act claim early in this litigation (*See* Dkt. No. 84), | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| preclusion of coastal access at Lunada Bay, I believe the *Spencer* litigation presents important issues under the law. Moreover, Plaintiffs' efforts may continue to work as a catalyst to encourage the City to survey its options to ensure compliance with respect to laws that support access to California's coast. Without judicial assistance, I am of the opinion that the potential remains that beachgoers are being denied access to Lunada Bay in violation of the law, and, thus, are continuing to suffer irreparable harm. | and the declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The City also objects to this statement on the grounds that the declarant is not qualified to provide expert opinions. (Fed. Rules Evid. 104(a), 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579-591.) | |
| 66.    Paragraph 5, p. 4:20-5:2 The Coastal Commission supports equal justice requirements that promote equal access to the beach and coastal zones regardless of where a person lives, and that | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The Court dismissed Plaintiffs' California Coastal Act claim early in this | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| prohibit discrimination based on income, wealth, race, color, national origin, and other protected categories.' My staff have received complaints about localism at Lunada Bay, and that beachgoers are deterred from visiting out of fear | litigation (*See* Dkt. No. 84), and the declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action. | |
| 67.    Paragraph 6, p. 5:3-15 In my job as the Southern California Enforcement Supervisor for the Commission, I support efforts that (a) provide coastal experiences to lower-income or other underserved populations, (b) increase the number of people visiting the coast, including people from inland and poor communities, (c) improve barrier-free access to persons with disabilities, (d) provide valuable recreational, environmental, cultural or historical learning experiences, | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The Court dismissed Plaintiffs' California Coastal Act claim early in this litigation (*See* Dkt. No. 84), and the declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action. | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| (e) mitigate discriminatory impact to beachgoers, and ensure access to the coast without discrimination based on income, wealth, race, ethnicity, sexual orientation, culture, or other protected categories; (f) increase stewardship of coastal resources, and (g) enhance the public's coastal experience in a way that does not currently exist. In this effort, in addition to working with non-profit and other coastal advocacy groups, the Coastal Commission occasionally teams up with the California State Coastal Conservancy, and the State Lands Commission. | | |
| 68.   Paragraph 7, p. 5:16-24 In my work as Southern California Enforcement Supervisor for the Commission, I understand that the State | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The Court dismissed | __SUSTAINED __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| Coastal Conservancy commissioned Probolsky Research on Public Policy early this year to conduct a survey of 1,200 California residents, which survey was conducted between March 23 and March 29, 2017. This research is valuable to my work for the Coastal Commission. This survey found that 71,1% of Californians from inland areas state they wish they could visit the coast more often. Attached here to as Exhibit 1 is a true and correct copy of what I understand to be the California State Coastal Conservancy Statewide Survey. | Plaintiffs' California Coastal Act claim early in this litigation (*See* Dkt. No. 84), and the declarant's statements do not make a fact more or less probable, and is of no consequence in determining this action.  This statement also lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) | |
| 69.   Paragraph 8, p. 5:25-6:16 In my job as the Southern California Enforcement Supervisor for the California Coastal Commission, I have reviewed State Lands | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The Court dismissed Plaintiffs' California Coastal | __SUSTAINED __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| Commission and Coastal Commission records, and I understand from those records that Lunada Bay is public trust land legislatively granted from the State of California to the City of Palos Verdes Estates. More specifically, the State of California granted the City of Palos Verdes Estates a sovereign tide and submerged lands trust in 1963, which was amended in 1968. This grant requires and was conditioned upon the granted land to be used for statewide interests, including for "preservation of areas... for activities such as surfing and other water sports, and the natural beauty and biological resources and activities related thereto..." (Chap. 1975, Stats. 1963; Chap. 316, Stats. 1968) Further, the City cannot at any time grant, | Act claim early in this litigation (*See* Dkt. No. 84), and the declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action. The City also objects to the extent that the declarant is attempting to improperly summarize or characterize the documentary evidence offered. | |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| convey, give or alienate such lands, or any part thereof, to any individual, firm or corporation for any purposes whatever....." And, "[i]n the management, conduct, operation and control of said lands or any improvements, betterments, or structures thereon, the city or its successors shall make no discrimination in rates, tolls or charges for any use or service in connection therewith." And, the State "reserve[s] to the people of California the right to fish in the waters on said lands with the right of convenient access to said water over said lands for said purpose." Attached hereto as Exhibits 2 and 3 are true and correct copies of Statutes of 1963 relating to tide and submerged lands granted in trust to the | | |

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| City of Palos Verdes Estates, and the 1968 amendment. | | |
| 70.    Paragraph 9, p. 6:17-25 Upon information and belief, the "Master Plan for Palos Verdes Estates Shoreline Preserve" was adopted by the City on March 10, 1970. The Master Plan recognizes certain recreational opportunities on the Palos Verdes Estates coastline, including surfing, scuba diving, swimming, and boating. Further, it recommended delineation and improvement of access trails to encourage the activities while promoting public safety — and identified Lunada Bay as being an area where reasonably safe trails should be improved and provided. And Lunada Bay was to be considered as an improved viewing site. Attached hereto as Exhibit 4 is | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The Court dismissed Plaintiffs' California Coastal Act claim early in this litigation (*See* Dkt. No. 84), and the declarant's statements do not make relevant facts more or less probable, and is of no consequence in determining this action. | __SUSTAINED<br><br>__OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| a true and correct cope of the City of Palos Verdes Estates Shoreline Preserve Master Plan. | | |
| 71.    Paragraph 10, p. 6:26-7:10<br>Upon information and belief, after the State's substantial-compliance investigation, the State confirmed that the grant to the City including Lunada Bay was to be used "...for purposes in which there is a general statewide interest." Attached hereto as Exhibit 5 is a Staff Report from the State Lands Commission dated 8/20/1981. Also, according to a 1991 Coastal Commission Staff Report, "[t]he city has provided the general location of 16 accessways in the Shoreline Preserve Master Plan (Exhibits 3-4)". But the City was to "adopt a policy that supports | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The Court dismissed Plaintiffs' California Coastal Act claim early in this litigation (*See* Dkt. No. 84), and the declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action. | __SUSTAINED<br><br>__OVERRULED |

KUTAK ROCK LLP<br>ATTORNEYS AT LAW<br>IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| appropriate public action to retain and improve....the City's accessways including the erection of signs to inform the public of the existence and nature of the Shoreline Preserve and locations of improved public accessways to the shore..." Attached hereto as Exhibit 6 is a July 1, 1991 Staff report to the California Coastal Commission on the Palos Verdes Estates' Local Coastal Program (LCP), which includes a Land Use Plan (LUP) and Local Implementation Program (LIP). | | |
| 72.    Paragraph 11, p.74:11-18 In addition to the Coastal Act, the California Constitution provides that no individual, partnership or corporation possessing frontage or tidal lands of any navigable water in the State shall be permitted to | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The Court dismissed Plaintiffs' California Coastal Act claim early in this litigation (*See* Dkt. No. 84), | __SUSTAINED  __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| exclude the right of way to such waterway whenever it is required for any public purpose and that the State shall enact laws that give the "most liberal construction" to this provision so that "access to navigable waters of this State shall be always attainable for the people thereof." Attached here to as Exhibit 7 is a true and correct copy of "Article X Water," Sec. 4, of the California Constitution. | and the declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action. | |
| 73.  Paragraph 12, p. 7:19-23 As noted above, my office and staff have received complaints that locals at Lunada Bay are deterring visitors to this area of the California coast, which causes the Coastal Commission substantial concern. Moreover, along with my staff, I have come to the conclusion that Lunada Bay is underutilized by | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402)  The Court dismissed Plaintiffs' California Coastal Act claim early in this litigation (*See* Dkt. No. 84), and the declarant's statements do not make relevant facts more or less probable, and are | __SUSTAINED  __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| surfers and other beachgoers compared to similar prized areas of the California coastal zone. | of no consequence in determining this action.  The City further objects to this statement as inadmissible in view of the Court's order denying certification (*See* Dkt. No. 225) and striking significant portions of the King Declaration restated by this declarant. | |
| 74.    Paragraph 13, p. 7:23-8:7 The Coastal Commission has relied on reports prepared by Dr. Philip King at various times related to issues of beach valuation and beach counts. Further, I have reviewed Dr. Philip King's declarations (Doc. Nos. 182-4 and 216-1) in support of the Plaintiffs' motion to support class certification. In terms of Dr. King using the Trestles coastal area in his comparator analysis, Trestles is within my jurisdiction. I know | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The Court dismissed Plaintiffs' California Coastal Act claim early in this litigation (*See* Dkt. No. 84), and the declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The City further objects on the basis that this statement | __SUSTAINED __OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE
- 103 -
2:16-cv-02129-SJO-RAO
EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| the Trestles area coastal zone well, including from in-person visits: Trestles is located at the northern end of Camp Pendleton Marine Base in San Diego County abutting the City of San Clemente at the Orange County border, and is a long beach with several distinct areas/breaks — from north to south these are Cottons, Upper Trestles, Barbwires, Lower Trestles, Middles and Church. It is common for surfers to report that they have driven long distances, or even flown from other countries, to surf and visit Trestles areas/breaks. | constitutes inadmissible hearsay.  (Fed. R. Evid. 801, 802.)  The City further objects to this statement as inadmissible in view of the Court's order denying certification (*See* Dkt. No. 225) and striking significant portions of the King Declaration restated by this declarant. | |
| 75.    Paragraph 14, p. 8:8-19  The Trestles areas/breaks regularly have a large number of surfers using them, and Cottons, Upper Trestles, and Lower Trestles are typically the most heavily used. In | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The Court dismissed Plaintiffs' California Coastal Act claim early in this | __SUSTAINED  __OVERRULED |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| reviewing Dr. King's declarations, in my experience I concur that the Trestles areas/breaks may receive up to about 330,000 surf trip visits annually. I understand this number comes from a study that Dr. Chad Nelson conducted, who cites to annual attendance records generated by State Park lifeguards for this number. https://www.surfrider.org/coastal-blog/entry/the-economics-of-surfing ftp://reef.csc.noaa.gov/pub/socioeconomic/NSMS/Califomia/Literature/Nelsen_200 7.pdf. In addition to travel, to use the Trestles areas/breaks, a surfer or other beachgoer is required to make a long walk or bike ride from the parking area — a majority of which requires an | litigation (*See* Dkt. No. 84), and the declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The City further objects on the basis that this statement constitutes inadmissible hearsay.  (Fed. R. Evid. 801, 802.)  This statement also lacks foundation. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." (Fed. R. Evid. 602.) | |

Kutak Rock LLP
Attorneys At Law
Irvine

2:16-cv-02129-SJO-RAO

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| annual $195 State Park's parking pass or payment of $15 a day to use. | | |
| 76.    Paragraph 15, p. 8:20-28 While Lunada Bay is a world class wave like Trestles, unlike Trestles, Lunada Bay has ample free nearby public parking. And unlike Trestles, Lunada Bay is not bordered by a military base, but is fully surrounded by a more densely populated area. Thus, in consultation with my staff, we concur with Dr. King that absent the issue of localism, Lunada Bay should have on average between 60-75 surfers per day using it during periods of good waves and a commensurate number of surfers using it annually. Our experience is that Lunada Bay has far fewer visitors than this, and because of localism, far | Objection.  The City objects to this statement as lacking relevance to the instant litigation.  (Fed. R. Evid. 401, 402).  The Court dismissed Plaintiffs' California Coastal Act claim early in this litigation (*See* Dkt. No. 84), and the declarant's statements do not make relevant facts more or less probable, and are of no consequence in determining this action.  The City also objects to this statement on the grounds that the declarant is not qualified to provide expert opinions. (Fed. Rules Evid. 104(a), 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993) 509 U.S. 579-591.)  The City further objects to this | __SUSTAINED

__OVERRULED |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| fewer than we would otherwise expect. | statement as inadmissible in view of the Court's order denying certification (*See* Dkt. No. 225) and striking significant portions of the King Declaration restated by this declarant. | |

**IT IS SO ORDERED:**

Dated: _____                 _____
                                            Honorable S. JAMES OTERO,
                                            Judge of the United States District Court

RESPECTFULLY SUBMITTED,

Dated: August 7, 2017              KUTAK ROCK LLP


                                   By: /s/ *Christopher D. Glos*
                                   _____
                                   Edwin J. Richards
                                   Antoinette P. Hewitt
                                   Jacob Song
                                   Rebecca L. Wilson
                                   Attorneys for Defendants
                                   CITY OF PALOS VERDES ESTATES
                                   and CHIEF OF POLICE JEFF KEPLEY

EVIDENTIARY OBJECTIONS TO EVIDENCE ISO MOTION FOR SUMMARY JUDGMENT