EDWIN J. RICHARDS (SBN 43855)
Email: Ed.Richards@kutakrock.com
ANTOINETTE P. HEWITT (SBN 181099)
Email: Antoinette.hewitt@kutakrock.com
CHRISTOPHER D. GLOS (SBN 210877)
Email: Christopher.Glos@kutakrock.com
KUTAK ROCK LLP
Suite 1500
5 Park Plaza
Irvine, CA  92614-8595
Telephone:   (949) 417-0999
Facsimile:    (949) 417-5394

Attorneys for Defendants
CITY OF PALOS VERDES ESTATES and
CHIEF OF POLICE JEFF KEPLEY

[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA; WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>    Defendants. | Case No.  2:16-cv-02129-SJO-RAO<br><br>Assigned to District Judge:  Hon. S. James Otero Courtroom: 10C<br><br>Assigned Discovery: Magistrate Judge:  Hon. Rozella A. Oliver<br><br>**[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]**<br><br>**DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION AND OBJECTION TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**<br><br>[Filed concurrently with Reply; Declaration of Christopher D. Glos; Response to Additional Material Facts; Evidentiary Objections]<br><br>Date:         September 5, 2017<br>Time:         10:00 a.m.<br>Ctrm.:         10C; Hon. S. JAMES OTERO<br><br>Complaint Filed:   March 29, 2016<br>Trial:                    November 7, 2017 |

1    Defendants City of Palos Verdes Estates and Chief of Police Jeff Kepley
2    ("City Defendants") oppose and object to Plaintiffs' Request for Judicial Notice
3    ("RJN").  The City Defendants request the right "to be heard on the propriety of
4    taking judicial notice and the nature of the fact[s] to be noticed." Fed. R. Evid.
5    201(e); *1-800-411-Pain Referral Service, LLC v. Otto*, 744 F.3d 1045, 1063 fn.13
6    (8th Cir. 2014).  If the Court declines to conduct a formal hearing, the City
7    Defendants respectfully request that the Court look to Plaintiffs' RJN and this
8    opposition and objection in making its determination regarding judicial notice. *See*
9    *Center for Biological Diversity, Inc. v. BP America Production Co.*, 704 F.3d 413,
10   423 (5th Cir. 2013)—Fed. R. Evid. 201(b) does not require a formal hearing under
11   all circumstances.

12   Plaintiffs' Exhibits A and B are newspaper articles, which generally cannot
13   be judicially noticed as sources to establish facts as indisputable. *See Cofield v.*
14   *Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 517 (11th Cir. 1991).  Plaintiffs
15   attempt to establish additional material facts by reference to these exhibits. *See*
16   Dkt. No. 301, ¶¶ 152-153.  Courts may take judicial notice of newspaper articles for
17   certain limited purposes other than for the truth contained in those articles. *See,*
18   *e.g., Voh Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960
19   (9th Cir. 2010)—judicial notice taken of publications to indicate what was in the
20   public realm at the time, but not to indicate whether contents of the articles were in
21   fact true; *United States ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 fn.4
22   (11th Cir. 2015)—judicial notice taken of statements contained in documents, but
23   not for deciding truth of those statements.

24   Because Plaintiffs fail to provide any information, legal authority, or other
25   support for the RJN, the nature and purpose of the requested judicial notice cannot
26   be ascertained.  Therefore, the City Defendants respectfully request that the Court
27   decline to exercise judicial notice of these newspaper articles in any capacity.
28   ///

With respect to Exhibits C and D, the court should deny Plaintiffs' request for judicial notice, since the matters are not sufficiently related to the issues in question in this litigation. *See Hart v. Parks*, 450 F.3d 1059, 1063 fn.2 (9th Cir. 2006)—denial of judicial notice request regarding commission report on Los Angeles Police Department in case involving whether Teamsters employed a "code of silence" following the theft of Oscar statuettes.  The "code of silence" was "completely unrelated" to any LAPD code; *Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 975-976 (9th Cir. 2006).  Exhibit C relates to Bureau of Justice incarceration statistics, which are not sufficiently related to the three Plaintiffs' claims against the City Defendants.  Plaintiffs' Complaint and allegations are completely unrelated to the incarceration statistics set forth in Exhibit C.  *See* Dkt. No. 1.

Exhibit D is purportedly a copy of the Palos Verdes Homes Association's ("PVHA") Protective Restrictions.  PVHA is a private entity, separate and distinct from the City Defendants.  PVHA is not a party to this litigation, and the document attached as Exhibit D is also completely unrelated to Plaintiffs' claims against the City Defendants.  Exhibit D has also not been sufficiently authenticated.  *See Majeda v. Olympic Packers, LLC*, *supra*, 310 F.3d at 639.  Due to the lack of relevance to this litigation, the City Defendants request that the Court deny Plaintiffs' request with respect to Exhibits C and D.

Based upon the foregoing, the City Defendants oppose and object to Plaintiffs' RJN, and ask the Court to deny the RJN.

Dated: August 7, 2017           KUTAK ROCK LLP

By: /s/ *Christopher D. Glos*
Edwin J. Richards
Antoinette P. Hewitt
Christopher D. Glos
Attorneys for Defendants
CITY OF PALOS VERDES ESTATES
and CHIEF OF POLICE JEFF KEPLEY