HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 777-3200
Facsimile:   (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:  (916) 442-3333
Facsimile:   (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone:  (310) 378-8533
Facsimile:   (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT IN OPPOSITION TO DEFENDANT CHARLIE FERRARA'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION** |

13660190.1

Case No. 2:16-cv-02129-SJO (RAOx)
PLTFS.' STMT. OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFT. CHARLIE FERRARA'S MOT. FOR SUMM. JUDGMENT OR, IN THE ALT., SUMM. ADJUD.

|   | |
|---|---|
| v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Judge: Hon. S. James Otero<br>Date: September 5, 2017<br>Time: 10:00 a.m.<br>Crtrm.: 10C<br><br>Complaint Filed: March 29, 2016<br>Trial Date: November 7, 2017 |

Plaintiffs Cory Spencer, Diana Milena Reed, and Coastal Protection Rangers, Inc. ("Plaintiffs") hereby respectfully submit the following Statement of Genuine Disputes of Material Fact in Opposition to Defendant Charlie Ferrara ("Defendant") in opposition to Defendant's Motion for Summary Judgment or, in the Alternative, Summary Adjudication.

| **Defendant's Statement of Uncontroverted Facts and Evidence in Support** | **Plaintiffs' Response in Opposition** |
|---|---|
| 1. Charlie Ferrara is the son of Defendant Frank Ferrara.<br><br>Declaration of Tiffany Bacon ("Bacon Decl."), Ex. K (hereinafter "C. Ferrara Dep.") at 17:7-17:8. | 1. Undisputed. |

| **Defendant's Statement of Uncontroverted Facts and Evidence in Support** | **Plaintiffs' Response in Opposition** |
|---|---|
| 2.     Charlie Ferrara is the nephew to Defendant Angelo Ferrara and the cousin to Defendant N.F. Defendant Angelo Ferrara is also the father to non-party Leo Ferrara.<br><br>C. Ferrara Dep. at 18:2-18:19. | 2.     Disputed in Part.  N.F. is no longer a party to this lawsuit. |
| 3.     Charlie Ferrara was in the presence of Plaintiff Reed on only two occasions prior to the filing of this action. The first was on February 13, 2016; however, he was not involved in the interactions she had with other individuals on that day. The second time was a couple of months after February 2016, where he saw Plaintiff Reed sitting at the patio at Lunada Bay but did not say anything to her.<br><br>C. Ferrara Dep. at 117:19-131:21; 134:20-136:20. | 3.     Disputed.  Defendant Charlie Ferrara participated in the attack on Plaintiff Reed on February 13, 2016.  He was present and is involved in an ongoing conspiracy.  See Plaintiffs' Statement of Additional Material Facts In Opposition to Individual Defendants' Motions for Summary Judgment.  Further, Plaintiff Reed testified that later the same day, on February 13, 2016, Defendant Charlie Ferrara apologized to her for the attack.  Reed Decl. ISO Pls.' Mot. for Class Cert., ¶ 28 [Docket No. 159-5].  Additionally, Plaintiff Reed testified that she had a conversation with Defendant Charlie Ferrara subsequent to February 13, 2016, at which time he |

| Defendant's Statement of Uncontroverted Facts and Evidence in Support | Plaintiffs' Response in Opposition |
|---|---|
|  | explained how the Bay Boys' conspiracy to exclude outsiders works. Reed Depo. 251:22-256:7. |
| 4. Charlie Ferrara has never met Plaintiff Spencer.<br><br>C. Ferrara Dep. at 175:5-175:8. | 4. Disputed. The evidence cited does not support this UMF. Defendant Charlie Ferrara did not say he never met Cory Spencer. He simply testified that he did not know Cory Spencer outside of conversations with his attorney. C. Ferrara Dep. 175:5-175:8. |
| 5. Prior to January of 2016, Plaintiff Spencer never surfed at Lunada Bay.<br><br>Bacon Decl., Ex. L (hereinafter "Spencer Dep.") at 62:10-62:22. | 5. Undisputed. |
| 6. Plaintiff Spencer is unable to distinguish one member of the Ferrara family from the next.<br><br>Spencer Dep. at 219:9-219:20. | 6. Undisputed. |
| 7. Plaintiff Reed never surfed at Lunada Bay prior to January of 2016.<br><br>Bacon Decl., Ex. M (hereinafter "Reed Dep.") at 104:23-105:6. | 7. Undisputed. |

| | Defendant's Statement of Uncontroverted Facts and Evidence in Support | Plaintiffs' Response in Opposition |
|---|---|---|
| 8. | On February 13, 2016, Plaintiff Reed visited the patio down at Lunada Bay.<br><br>Reed Dep. at 181:9-183:9; 202:24-204:9; 301:21-304:1; C. Ferrara Dep. at 117:19¬131:21. | 8. Undisputed. |
| 9. | Charlie Ferrara was near the corner of the patio at Lunada Bay on February 13, 2016, in the morning, getting ready to go surfing.<br><br>C. Ferrara Dep. at 117:19-131:21. | 9. Disputed. Plaintiff Reed testified that Charlie Ferrara was sitting on the roof of the fort. Reed Dep. at 303:8-12. |
| 10. | Charlie Ferrara observed Plaintiff Reed, a second woman, Defendant Brant Blakeman and Defendant Alan Johnston on the patio that morning of February 13, 2016 at Lunada Bay.<br><br>C. Ferrara Dep. at 117:19-131:21. | 10. Undisputed. |
| 11. | Charlie Ferrara did not participate in the interaction that took place between Plaintiff Reed, Defendant Brant Blakeman, Defendant Alan Johnston and the other person and did not hear | 11. Disputed. Charlie Ferrara was present and observed the interaction between Defendant Brant Blakeman, Defendant Alan Johnston, and Plaintiff Reed. Defendant Charlie Ferrara also |

| Defendant's Statement of Uncontroverted Facts and Evidence in Support | Plaintiffs' Response in Opposition |
|---|---|
| the words that were exchanged among the group.<br><br>C. Ferrara Dep. at 120:5-134:8. | participated in the attack against Plaintiff Reed as he is a member of the Lunada Bay Boys and is involved in the conspiracy. Reed Decl. ISO Pls.' Mot. for Class Cert., ¶¶ 26-28 [Docket No. 159-5]. Charlie Ferrara testified that he knew both Defendants and has seen them or surfed with them at Lunada Bay. Charles Ferrara Depo. 42:8-21, 110:24-111:24. |
| 12.   On February 13, 2016, Charlie Ferrara was only concerned about getting in the water to surf because he had a short amount of time to do so before he had to go to work.<br><br>C. Ferrara Dep. at 117:19-123:18. | 12.   Disputed. Plaintiff Reed believes Defendant Charlie Ferrara was present on February 13, 2016 as part of the conspiracy to exclude outsiders. See Plaintiffs' Statement of Additional Material Facts in Opposition to Individual Defendants' Motions for Summary Judgment, 12, 13, 15, 16, 22, 24-48. |
| 13.   When Charlie Ferrara returned to the beach from surfing, there were two police officers present.<br><br>C. Ferrara Dep. at 124:24-128.21. | 13.   Undisputed. |
| 14.   Plaintiff Reed recorded a | 14.   Undisputed. |

-6-   Case No. 2:16-cv-02129-SJO (RAOx)
PLTFS.' STMT. OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFT. CHARLIE FERRARA FOR SUMM. JUDGMENT OR, IN THE ALT., SUMM. ADJUD.

13660190.1

| Defendant's Statement of Uncontroverted Facts and Evidence in Support | Plaintiffs' Response in Opposition |
|---|---|
| conversation she claims was between her and Charlie Ferrara. Reed Dep. at 270:21-271:4. | |
| 15. The man speaking in the recording is actually Charlie Ferrara's cousin, Leo Ferrara. Bacon Decl., Ex. N (hereinafter "Leo Decl."). | 15. Disputed. Plaintiff Reed testified that the recording was a conversation between herself and Charlie Ferrara. Reed Dep. 270:21-271:4. Nothing in Leo Ferrara's declaration establishes that the recording he is speaking of is the same recording Plaintiff Reed testified about at her deposition. |
| 16. Defendant N.F., Leo Ferrara's brother, identified Leo Ferrara's voice in the recording. Bacon Decl., Ex. O (hereinafter N.F. Dep.") at 142:24 — 143:9. | 16. Disputed in Part. Plaintiff Reed testified that the recording was a conversation between herself and Charlie Ferrara. Reed Dep. 270:21-271:4. Plaintiffs do not dispute that N.F. testified that the recording sounded like his brother, Leo. |
| 17. Leo Ferrara states in the recording that he lives on the Palos Verdes peninsula and that his father works on cars. | 17. Disputed in Part. The recording is of Charlie Ferrara, not Leo Ferrara. Reed Dep. 270:21-271:4. However, Charlie Ferrara states in the recording that he lives on the Palos Verdes |

| Defendant's Statement of Uncontroverted Facts and Evidence in Support | Plaintiffs' Response in Opposition |
|---|---|
| Bacon Decl., Ex. P (hereinafter "Reed Recording"); Bacon Decl., Ex. S (hereinafter "Recording Transcript") at 3. | peninsula and that his father works on cars. |
| 18.    Defendant Angelo Ferrara, Leo Ferrara's father, lived in Palos Verdes Estates at the time of the recording.<br><br>Bacon Decl., Ex. Q (hereinafter "Angelo Dep.") at 9:8-9:15. | 18.    Disputed.  The recording is of Charlie Ferrara, not Leo Ferrara.  Reed Dep. 270:21-271:4.  Further, the precise date of the recording is unknown and Angelo Ferrara did not testify that he knew when the recording was made or that he lived in Palos Verdes Estates at that time. |
| 19.    Defendant Frank Ferrara, Charlie Ferrara's father, lives in Wildomar.<br><br>Bacon Decl., Ex. R (hereinafter "F. Ferrara Dep.") at 18:2-18:3. | 19.    Disputed in Part.  Defendant Frank Ferrara testified that he currently lives in Wildomar, but that he previously lived in Rancho Palos Verdes and frequently returns to Lunada Bay to surf.  Frank Ferrara Depo. 17:24-18:3. |
| 20.    Charlie Ferrara lives in San Pedro, and previously lived with his parents in Wildomar.<br><br>C. Ferrara Dep. at 16:3-16:17. | 20.    Disputed in Part.  Plaintiffs do not dispute that Charlie Ferrara currently lives in San Pedro and previously lived in Wildomar. However, Charlie Ferrara testified that he grew up in lived in Palos Verdes |

| Defendant's Statement of Uncontroverted Facts and Evidence in Support | Plaintiffs' Response in Opposition |
|---|---|
| | Estates and lived there until he was 17. Charlie Ferrara Depo. 16:18-21. |
| 21. Defendant Frank Ferrara does not work on cars; he is in car sales.<br><br>F. Ferrara Dep. at 37:3 — 39:14; C. Ferrara Dep. at 17:7-17:13. | 21. Disputed, but immaterial. The cited evidence does not support the UMF. The testimony establishes that Defendant Frank Ferrara works in the wholesale auto industry, but did not establish that he does not work on cars. F. Ferrara Dep. 37:3-39:14 |
| 22. Defendant Angelo Ferrara owns an auto paint and body shop.<br><br>C. Ferrara Dep. at 18:2-18:6. | 22. Undisputed. |
| 23. Ken Claypool could not identify Charlie Ferrara, stating he would "have to see pictures and determine actually who's who" of the defendants.<br><br>Bacon Decl., Ex. U (hereinafter "Claypool Dep.") at 48:3-48:24, 49:10-50:6. | 23. Disputed. This UMF is argument, not fact. The cited evidence also does not support the UMF. Nothing in the cited evidence suggests that Mr. Claypool could not identify Charlie Ferrara. In response to being asked what he looked like, Mr. Claypool simply stated he'd have to see pictures to decipher who is who. Claypool Dep. 48:3-48:24. |
| 24. Mr. Claypool misidentified Charlie Ferrara as having dark hair, | 24. Disputed. The cited evidence simply establishes that Mr. Claypool |

| Defendant's Statement of Uncontroverted Facts and Evidence in Support | Plaintiffs' Response in Opposition |
|---|---|
| when in fact Charlie Ferrara has blonde hair.<br><br>Claypool Dep. at 90:25-91:3; Bacon Decl., Ex. T (hereinafter "Charlie Photo"). | identified Defendant Charlie Ferrara as having dark hair and thin with medium build. Nothing in the cited evidence establishes that Charlie Ferrara has blonde hair. |
| 25. Ken Claypool did not testify to ever witnessing Charlie Ferrara threaten or intimidate anyone at Lunada Bay, engage in any wrongful behavior at Lunada Bay, or be involved in any physical altercation with anyone at Lunada Bay.<br><br>Claypool Dep. at 51:19-53:6; 91:4-91:16. | 25. Disputed. Mr. Claypool testified that Charlie Ferrara verbally harassed him at the bottom of the trail at Lunada Bay. Claypool Dep. 48:8-17. He also testified that he believed Charlie Ferrara was likely involved in the altercations at Lunada Bay by virtue of being a member of the Lunada Bay Boys. Claypool Dep. 91:4-13. |
| 26. Mr. Claypool never had any conversations with Plaintiff Reed or Plaintiff Spencer about any actions of Charlie Ferrara at Lunada Bay.<br><br>Claypool Dep. at 52:4-52:13. | 26. Undisputed. |
| 27. Mr. Claypool's knowledge of Charlie Ferrara comes not from personal experiences with him, but rather from | 27. Disputed. This UMF is argument, not fact. The evidence cited does not support the UMF. Mr. |

-10-   Case No. 2:16-cv-02129-SJO (RAOx)
PLTFS.' STMT. OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFT. CHARLIE FERRARA FOR SUMM. JUDGMENT OR, IN THE ALT., SUMM. ADJUD.

13660190.1

| Defendant's Statement of Uncontroverted Facts and Evidence in Support | Plaintiffs' Response in Opposition |
|---|---|
| Facebook posts and gossip.<br><br>Claypool Dep. at 88:8-89:25. | Claypool testified that he came to know Charlie Ferrara from several conversations regarding the Bay Boys and through Facebook.<br>Claypool Dep. at 88:8-89:25. |
| 28.   Mr. Claypool testified he only heard secondhand Charlie Ferrara was one of the individuals that harassed Plaintiff Reed, not that he had any personal knowledge of relevant facts.<br><br>Claypool Dep. at 89:3-89:25. | 28.   Disputed. This UMF is argument, not fact. The cited evidence does not support the UMF. Mr. Claypool testified that he had conversations with various individuals about Charlie Ferrara. At no point did he testify that this was the only way he heard about Charlie Ferrara. Nor did Mr. Claypool testify that he had no personal knowledge of relevant facts. Claypool Dep. at 89:3-89:25. |
| 29.   Jim Russi has no knowledge of Charlie Ferrara engaging in any wrongful conduct at or near Lunada Bay nor Charlie Ferrara being involved in any illegal activity at or near Lunada Bay.<br><br>Bacon Decl., Ex. V (hereinafter "Russi Decl."). | 29.   Undisputed, but immaterial. |

| Defendant's Statement of Uncontroverted Facts and Evidence in Support | Plaintiffs' Response in Opposition |
|---|---|
| 30. Plaintiffs have not provided a single discovery response tying any action or inaction of Charlie Ferrara to Plaintiffs' claimed damages in this case. Plaintiffs rely on the 13-minute recording between Plaintiff Reed and Leo Ferrara, which does not contain the voice of Charlie Ferrara.<br><br>Bacon Decl., Ex. W; Leo Decl.; N.F. Dep. at 142:25 — 143:9. | 30. Disputed. Further, this statement is argument, not fact and the cited evidence does not support the statement. For example, in response to Interrogatory 13, Plaintiffs identified a plethora of actions tied to Defendants. With respect to Defendant Charlie Ferrara, Plaintiffs provided examples of his harassment and intimidation including, but not limited to Mr. Ferrara saying: "I can't tell you can't be down here. I can't tell you can't go surfing, but what I can do is I can make sure you don't have fun out there," "if one person is 'cool' and gets along, then 'everyone gets along, and then it turns into Rincon and Malibu," and "My dad's 59 years old, for 59 years its been like that; who are you to come here and change something, get me?" Plaintiffs' Response to Interrogatory 13; see also Plaintiffs' Statement of Additional Material Facts in Opposition to Individual Defendants' Motions for Summary Judgment 12, 13, 15, 16, 22, |

| Defendant's Statement of Uncontroverted Facts and Evidence in Support | Plaintiffs' Response in Opposition |
|---|---|
|  | 24-48. |
| 31.  Defendant Sang Lee testified that Charlie Ferrara has never had any communications with him about preventing persons from visiting Lunada Bay, or any communications about preventing persons from surfing at Lunada Bay.<br><br>Bacon Decl., Ex. X (hereinafter "Lee Dep.") at 295:6-295:25. | 31.  Disputed.  Plaintiffs propounded requests for production of documents to Defendant Sang Lee, seeking, among other items, relevant communications with other defendants in this matter.  In response, Defendant Lee produced a privilege log demonstrating a number of text messages between himself and Charlie Ferrara.  Wolff Decl., Ex. 47 (Privilege Log). |
| 32.  Charlie Ferrara testified that he has communicated with Defendant Sang Lee, by telephone, regarding some work that Defendant Sang Lee provided for him for roofing in 2014.<br><br>C. Ferrara Dep. at 47:25-48:21, | 32.  Undisputed. |
| 33.  Charlie Ferrara has not communicated with any other defendant in any manner to support Plaintiffs' claims in this case.<br><br>C. Ferrara Dep. at 47:25-50:21. | 33.  Disputed.  Defendant Charlie Ferrara has communicated with Sang Lee on multiple occasions.  Wolff Decl., Ex. 47 (Privilege Log).  N.F. also testified that he has texted Defendant Charlie Ferrara to go surfing |

| Defendant's Statement of Uncontroverted Facts and Evidence in Support | Plaintiffs' Response in Opposition |
|---|---|
| | at Lunada Bay.  N.F. Depo. 43:6-43:15 ("Q. What about text messages asking if you wanted to meet up down by the Bay to surf – A.  Yeah.  Q. – from friends and family?  A.  Yeah.  Q. Who would text you?  A.  Probably my cousin, my friend Sean, my dad, my brother.  Q.  When you said your cousin, Charlie?  A. Yeah.") |
| 34.     Defendant Sang Lee has never witnessed Charlie Ferrara attempting to prevent persons from visiting or surfing Lunada Bay. Lee Dep. at 295:6-295:25. | 34.     Disputed.  Defendant Charlie Ferrara is a member of the Bay Boys' conspiracy, as is Defendant Sang Lee, whose purpose is to exclude outsiders from Lunada Bay.  See Plaintiffs' Statement of Additional Material Facts In Opposition to Individual Defendants' Motions for Summary Judgment 12, 13, 15, 16, 22, 24-48. |

| Defendant's Statement of Uncontroverted Facts and Evidence in Support | Plaintiffs' Response in Opposition |
|---|---|

DATED:  August 7, 2017               HANSON BRIDGETT LLP


By: ___*/s/ Samantha Wolff*___
KURT A. FRANKLIN
LISA M. POOLEY
SAMANTHA D. WOLFF
JENNIFER ANIKO FOLDVARY
TYSON M. SHOWER
LANDON D. BAILEY
Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.

13660190.1

-15-   Case No. 2:16-cv-02129-SJO (RAOx)
PLTFS.' STMT. OF GENUINE DISPUTES OF MATERIAL FACT IN OPP. TO DEFT. CHARLIE FERRARA FOR SUMM. JUDGMENT OR, IN THE ALT., SUMM. ADJUD.