1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   LISA M. POOLEY, SBN 168737
3  lpooley@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
4  swolff@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone:   (415) 777-3200
6  Facsimile:   (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone:   (916) 442-3333
11 Facsimile:   (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone:   (310) 378-8533
16 Facsimile:   (310) 347-4225

17 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
18 REED, and COASTAL PROTECTION
   RANGERS, INC.

19

20              **UNITED STATES DISTRICT COURT**

21          **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

22

23 CORY SPENCER, an individual;           CASE NO. 2:16-cv-02129-SJO (RAOx)
   DIANA MILENA REED, an
24 individual; and COASTAL                **DECLARATION OF SAMANTHA**
   PROTECTION RANGERS, INC., a            **WOLFF IN SUPPORT OF**
25 California non-profit public benefit   **PLAINTIFFS' OPPOSITION TO**
   corporation,                           **INDIVIDUAL DEFENDANTS'**
26                                        **MOTIONS FOR SUMMARY**
                                          **JUDGMENT OR, IN IN THE**
27              Plaintiffs,               **ALTERNATIVE, SUMMARY**
                                          **ADJUDICATION**
28

|   |   |
|---|---|
| v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Judge: Hon. S. James Otero<br>Date: September 5, 2017<br>Time: 10:00 a.m.<br>Crtrm.: 10C<br><br>Complaint Filed: March 29, 2016<br>Trial Date: November 7, 2017 |

I, SAMANTHA WOLFF, declare as follows:

1.  I am an attorney duly admitted to practice before this Court. I am a partner with Hanson Bridgett LLP, attorneys of record for Plaintiffs CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2.  Attached hereto as Exhibit 1 is a true and correct copy of select excerpts of the deposition transcript of **Steve Barber** taken in the instant action on June 22, 2017.

3.  Attached hereto as Exhibit 2 is a true and correct copy of select excerpts of the deposition transcript of **Defendant Brant Blakeman** taken in the instant action on November 21, 2016.

4. Attached hereto as Exhibit 3 is a true and correct copy of select excerpts of the deposition transcript of **Defendant Angelo Ferrara** taken in the instant action on October 28, 2016.

5. Attached hereto as Exhibit 4 is a true and correct copy of select excerpts of the deposition transcript of **Defendant Charles Ferrara** taken in the instant action on July 7, 2017.

6. Attached hereto as Exhibit 5 is a true and correct copy of select excerpts of the deposition transcript of **Defendant Frank Ferrara** taken in the instant action on July 10, 2017.

7. Attached hereto as Exhibit 6 is a true and correct copy of select excerpts of the deposition transcript of **Defendant Alan Johnston** taken in the instant action on July 28, 2017.

8. Attached hereto as Exhibit 7 is a true and correct copy of select excerpts of the deposition transcript of **Defendant Jeff Kepley** taken in the instant action on October 10, 2016.

9. Attached hereto as Exhibit 8 is a true and correct copy of select excerpts of the deposition transcript of **Defendant Sang Lee** taken in the instant action on May 31, 2017, including exhibits.

10. Attached hereto as Exhibit 9 is a true and correct copy of select excerpts of the deposition transcript of **N.F.** taken in the instant action on July 6, 2017.

11. Attached hereto as Exhibit 10 is a true and correct copy of select redacted excerpts of the deposition transcript of **Plaintiff Cory Spencer** taken in the instant action on October 11, 2016.

12. Attached hereto as Exhibit 11 is a true and correct copy of select excerpts of the deposition transcript of **Plaintiff Diana Milena Reed** taken in the instant action on October 24 and 25, 2016.

13. Attached hereto as Exhibit 12 is a true and correct copy of the Declaration of Bruce Bacon in Support of Plaintiffs' Motion for Class Certification [Docket No. 168].

14. Attached hereto as Exhibit 13 is a true and correct copy of the Declaration of John Carpenter in Support of Plaintiffs' Motion for Class Certification [Docket No. 161].

15. Attached hereto as Exhibit 14 is a true and correct copy of the Declaration of Chris Claypool in Support of Plaintiffs' Motion for Class Certification [Docket No. 176].

16. Attached hereto as Exhibit 15 is a true and correct copy of the Declaration of Kenneth Claypool in Support of Plaintiffs' Motion for Class Certification [Docket No. 166].

17. Attached hereto as Exhibit 16 is a true and correct copy of the Declaration of James Conn in Support of Plaintiffs' Motion for Class Certification [Docket No. 174].

18. Attached hereto as Exhibit 17 is a true and correct copy of the Declaration of Michael Alexander Gero in Support of Plaintiffs' Motion for Class Certification [Docket No. 170].

19. Attached hereto as Exhibit 18 is a true and correct copy of the Declaration of Jason Gersch in Support of Plaintiffs' Motion for Class Certification [Docket No. 170].

20. Attached hereto as Exhibit 19 is a true and correct copy of the Declaration of John Geoffrey Hagins in Support of Plaintiffs' Motion for Class Certification [Docket No. 178].

21. Attached hereto as Exhibit 20 is a true and correct copy of the Declaration of John Innis in Support of Plaintiffs' Motion for Class Certification [Docket No. 165].

22. Attached hereto as Exhibit 21 is a true and correct copy of the Declaration of Daniel Jongeward in Support of Plaintiffs' Motion for Class Certification [Docket No. 177].

23. Attached hereto as Exhibit 22 is a true and correct copy of the Declaration of Sef Krell in Support of Plaintiffs' Motion for Class Certification [Docket No 180].

24. Attached hereto as Exhibit 23 is a true and correct copy of the Declaration of Joseph Lanning in Support of Plaintiffs' Motion for Class Certification [Docket No. 172].

25. Attached hereto as Exhibit 24 is a true and correct copy of the Declaration of John MacHarg in Support of Plaintiffs' Motion for Class Certification [Docket No. 160].

26. Attached hereto as Exhibit 25 is a true and correct copy of the Declaration of Carl Marsch in Support of Plaintiffs' Motion for Class Certification [Docket No. 179].

27. Attached hereto as Exhibit 26 is a true and correct copy of the Declaration of Stephen Neushul in Support of Plaintiffs' Motion for Class Certification [Docket No. 173].

28. Attached hereto as Exhibit 27 is a true and correct copy of the Declaration of Peter Neushul in Support of Plaintiffs' Motion for Class Certification [Docket No. 184-1].

29. Attached hereto as Exhibit 28 is a true and correct copy of the Declaration of Victor Otten in Support of Plaintiffs' Motion for Class Certification [Docket No. 159-3].

30. Attached hereto as Exhibit 29 is a true and correct copy of the Declaration of Sharlean Perez in Support of Plaintiffs' Motion for Class Certification [Docket No. 164].

31. Attached hereto as Exhibit 30 is a true and correct copy of the Declaration of Diana Milana Reed in Support of Plaintiffs' Motion for Class Certification [Docket No. 159-5].

32. Attached hereto as Exhibit 31 is a true and correct copy of the Declaration of Benjamin Sionuit in Support of Plaintiffs' Motion for Class Certification [Docket No. 308].

33. Attached hereto as Exhibit 32 is a true and correct copy of the Declaration of Michael Sisson in Support of Plaintiffs' Motion for Class Certification [Docket No. 169].

34. Attached hereto as Exhibit 33 is a true and correct copy of the Declaration of Slatten in Support of Plaintiffs' Motion for Class Certification [Docket No. 159-6].

35. Attached hereto as Exhibit 34 is a true and correct copy of the Declaration of Cory Spencer in Support of Plaintiffs' Motion for Class Certification [Docket No. 159-4].

36. Attached hereto as Exhibit 35 is a true and correct copy of the Declaration of Blake Will in Support of Plaintiffs' Motion for Class Certification [Docket No. 163].

37. Attached hereto as Exhibit 36 is a true and correct copy of the Declaration of Andrew Willis in Support of Plaintiffs' Motion for Class Certification [Docket No. 309].

38. Attached hereto as Exhibit 37 is a true and correct copy of the Declaration of Stephen Young in Support of Plaintiffs' Motion for Class Certification [Docket No. 167].

39. Defendant Charlie Ferrara is recorded in an audio conversation with Plaintiff Diana Reed, a copy of which was previously produced as bates PLTF002027. A true and correct copy of this audio recording, bates PLTF002027, is Exhibit 38 to this declaration and is lodged separately with the court. *See*

13683752.1

-6-   Case No. 2:16-cv-02129-SJO (RAOx)
DECL. WOLFF SUPP. PLTFS.' OPP. TO INDIVIDUAL DEFS.' MOTS. SUMM. J.

Plaintiffs' Notice of Lodging. Additionally, I caused my office to transcribe the conversation between Defendant Charlie Ferrara and Plaintiff Reed. This transcription is attached as Exhibit 43.

40. Attached hereto as Exhibit 39 is a true and correct copy of Defendant Lee's Cell Phone Records, which were produced in discovery pursuant to a subpoena, at 0007, 0008, 0273-0275, indicating Sang Lee (at phone number 0699) called Defendant Blakeman (at phone numbers 3917 and 7934) 62 times on January 29, 2016, the day Plaintiffs Spencer and Reed were intimidated, harassed, and Plaintiff Spencer was attacked.

41. Attached hereto as Exhibit 40 is a true and correct copy of Defendant Lee's Cell Phone Records, which were produced in discovery pursuant to a subpoena, at 0007, 0008, 0267-0269, indicating that on January 29, 2016, Defendant Sang Lee made a significant number of phone calls to Bay Boys, including Charlie Mowat (9561) and David Melo (5878).

42. Attached hereto as Exhibit 41 is a true and correct copy of Alan Johnston's Chat Messages, which were produced in discovery by Defendant Johnston. This document was produced without bates numbers.

43. Attached hereto as Exhibit 42 is a true and correct copy of Defendant Blakeman's Response to Plaintiff Diana Reed's First Set of Interrogatories, Interrogatory No. 1 (identifying the last four digits of his cell phone number as "7934") in response to an interrogatory requesting his cell phone number. At his deposition, however, he testified under oath that the last four digits of his cell phone were "7634." *See* Ex. 2 at 14:24-25.

44. From the Easy Reader News Website, I downloaded the following article, a true and correct copy of which is attached as Exhibit A to Plaintiffs' Request for Judicial Notice: Easy Reader News, February 6, 2014, Rachel Reeves, "Lunada Bay localism faces a new challenge." This article is available online

1  through the Easy Reader News website at:

2  https://www.easyreadernews.com/lunada-bay-localism-faces-new-challenge/.

3      45.    From The Los Angeles Times Website, I downloaded the following article, a true and correct copy of which is attached as Exhibit B to Plaintiffs' Request for Judicial Notice: The Los Angeles Times, May 8, 1995, Tony Perry, "Turf Wars Spoil Sanctity of Southland Surf Beaches : Violence: Popularity leads to crowding.  Charges that one group attacked outsiders highlight the problem." This article is available online through The Los Angeles Times website at:

http://articles.latimes.com/1995-05-08/news/mn-63795_1_lunada-bay.

    46.    From the LA Weekly Website, I downloaded the following article, a true and correct copy of which is attached as Exhibit C to Plaintiffs' Request for Judicial Notice: LA Weekly, May 9, 2016, Hillel Aron, "Can a Cop, a Model and Two Lawyers Break a Surf Gang's 45-Year Grip on Lunada Bay?"  This article is available online through LA Weekly's website at:

http://www.laweekly.com/news/can-a-cop-a-model-and-two-lawyers-break-a-surf-gang-s-45-year-grip-on-lunada-bay-6902450.

    47.    On February 5, 2016, a Los Angeles Times photographer took a photo on the bluffs of Lunada Bay of Defendant Brant Blakeman holding a video camera and recording Ken Claypool and Christopher Taloa while they walked down to the shoreline to go surfing.  The photograph was included in an article that was published by the Los Angeles Times on February 12, 2016, Garrett Therolf: "'Bay Boys' surfer gang cannot block access to upscale beach, Coastal Commission says." During his deposition, Defendant Blakeman admitted that he is the man holding the video camera in the photo.  *See* Ex. 2 at 192:18-5.  I downloaded this February 5, 2017 photograph from the Los Angeles Times Website at:

http://www.latimes.com/local/california/la-me-surfer-gang-enforcement-20160211-story.html, a true and correct copy of which is attached as Exhibit 44.

    48.    On January 29, 2016, while surfing at Lunada Bay, Plaintiff Cory

Spencer was run over in the water by a Bay Boy who was coordinating his attack with Defendant Blakeman and other Bay Boys who were in the water and on the shoreline.  As a result of this attack, Plaintiff Spencer sustained a cut to his right wrist, which resulted in an approximately half-inch scar.  Attached as Exhibit 45 is a true and correct copy of a photo depicting Plaintiff Spencer's right wrist.  He is pointing to the scar with the tip of a pen in the photo.  This Exhibit was marked as exhibit 43 during his deposition.

49.   In the course of Plaintiffs' meet and confer discussions with counsel for each of the Individual Defendants, Plaintiffs' counsel offered to stipulate to the dismissal of the negligence cause of action against each Defendant, explaining that discovery has revealed that Defendants' conduct to exclude, harass, intimidate, and attack Plaintiffs was (and is) intentional.  Counsel for Defendants Blakeman, Charlie and Frank Ferrara, and Angelo Ferrara refused the proffered stipulation without any explanation.

50.   On November 16, 2016, my office served requests for production of documents on Defendants Charlie and Frank Ferrara.  These requests sought, among other items, copies of each Defendant's cell phone bill from January 1, 2013 to present.  (*See*, Request For Production No. 40.)  Plaintiffs also requested copies of text messages or records of phone calls with a co-defendant in this matter.  (Request For Production No. 7.)  Both Defendants responded that they did not have any documents in response to the request seeking text messages or phone calls with a co-defendant.  A true and correct copy of Defendants' responses to Plaintiff Cory Spencer's document requests are attached as Exhibit 46.  Notably, however, Defendants Charlie and Frank Ferrara's co-Defendant, Sang Lee, was served with an identical request and responded with the production of a privilege log, demonstrating numerous communications between these three Defendants.  A true and correct copy of Defendant Sang Lee's privilege log is attached as Exhibit 47.

51.   Additionally, despite being served with document requests for cell

13683752.1

-9-   Case No. 2:16-cv-02129-SJO (RAOx)
DECL. WOLFF SUPP. PLTFS.' OPP. TO INDIVIDUAL DEFS.' MOTS. SUMM. J.

1  phone records in November 2016, I am informed and believe that neither Charlie
2  Ferrara nor Frank Ferrara attempted to obtain these documents until approximately
3  June or July 2017, despite numerous meet and confer discussions with their counsel
4  which commenced in January 2017.  Indeed, Defendant Charlie Ferrara testified at
5  his July 7, 2017 deposition that he hasn't "really tried that hard" to locate his cell
6  phone bills.  (Ex. 4 at 164:13-165:7.)

7  52.  Despite subsequently being ordered by Magistrate Judge Oliver to
8  produce all cell phone bills and text messages (Docket No. 267), counsel for
9  Defendants Charlie and Frank Ferrara ignored the Court's order and failed to
10 produced Defendant Charlie Ferrara's cell phone data.  Again, Magistrate Judge
11 Oliver ordered the production of Charlie Ferrara's cell phone data, observing that his
12 counsel "just chose not to produce all of it."  (*See* Transcript of July 26, 2017
13 Telephonic Hearing, attached as Exhibit 48, at 17:7.)  Notably, Defendant Charlie
14 Ferrara had already filed his motion for summary judgment, arguing Plaintiffs did
15 not possess sufficient evidence to prove their claims.

16 53.  At the July 26, 2017 telephonic hearing, I advised the Court that
17 Defendants Charlie and Frank Ferrara's cell phone records only date back to
18 February 21, 2016, and are missing necessary data that is relevant to the dates the
19 Plaintiffs were harassed and attacked – January 29, 2016, February 5, 2016 and
20 February 13, 2016.  It appears that because of Defendants' delay in seeking this
21 information from their cell phone carrier, this critical data was lost.  Further,
22 Defendant Charlie Ferrara testified at his deposition that he has not done anything to
23 preserve the information that is on his phone, including photographs and text
24 messages.  (*See* Ex. 4 at 172:25-4.)  As Magistrate Judge Oliver observed at the July
25 26, 2017 hearing on this topic, "it is baffling" that Defendants ignored their
26 document preservation obligations altogether.  (Ex. 48 at 14:5-25.)

13683752.1

-10-    Case No. 2:16-cv-02129-SJO (RAOx)
DECL. WOLFF SUPP. PLTFS.' OPP. TO INDIVIDUAL DEFS.' MOTS. SUMM. J.

54. Attached hereto as Exhibit 49 is a true and correct copy of select excerpts of the deposition transcript of **Plaintiff Tony Best** taken in the instant action on July 12, 2017.

55. Attached hereto as Exhibit 50 is a true and correct copy of select excerpts of the deposition transcript of **Christopher Taloa** taken in the instant action on January 5, 2017.

56. Attached hereto as Exhibit 51 is a true and correct copy of select excerpts of the deposition transcript of **Charles Thomas Mowat** taken in the instant action on July 21, 2017.

57. Attached hereto as Exhibit 52 is a true and correct copy of select excerpts of the deposition transcript of **Catherine Placek** taken in the instant action on June 23, 2017.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 7th day of August, 2017, at San Francisco, California.

*/s/ Samantha Wolff*
Samantha Wolff

13683752.1

-11-   Case No. 2:16-cv-02129-SJO (RAOx)
DECL. WOLFF SUPP. PLTFS.' OPP. TO INDIVIDUAL DEFS.' MOTS. SUMM. J.