1   HANSON BRIDGETT LLP
    KURT A. FRANKLIN, SBN 172715
2   kfranklin@hansonbridgett.com
    LISA M. POOLEY, SBN 168737
3   lpooley@hansonbridgett.com
    SAMANTHA WOLFF, SBN 240280
4   swolff@hansonbridgett.com
    425 Market Street, 26th Floor
5   San Francisco, California 94105
    Telephone:   (415) 777-3200
6   Facsimile:   (415) 541-9366

7   HANSON BRIDGETT LLP
    TYSON M. SHOWER, SBN 190375
8   tshower@hansonbridgett.com
    LANDON D. BAILEY, SBN 240236
9   lbailey@hansonbridgett.com
    500 Capitol Mall, Suite 1500
10  Sacramento, California 95814
    Telephone:   (916) 442-3333
11  Facsimile:   (916) 442-2348

12  OTTEN LAW, PC
    VICTOR OTTEN, SBN 165800
13  vic@ottenlawpc.com
    KAVITA TEKCHANDANI, SBN 234873
14  kavita@ottenlawpc.com
    3620 Pacific Coast Highway, #100
15  Torrance, California 90505
    Telephone:   (310) 378-8533
16  Facsimile:   (310) 347-4225

17  Attorneys for Plaintiffs
    CORY SPENCER, DIANA MILENA
18  REED, and COASTAL PROTECTION
    RANGERS, INC.

19

20          UNITED STATES DISTRICT COURT

21   CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

22

| | |
|---|---|
| 23  CORY SPENCER, et al. | CASE NO. 2:16-cv-02129-SJO (RAOx) |
| 24             Plaintiffs, | **[PROPOSED JOINT STATEMENT REGARDING PLAINTIFFS' MOTION TO COMPEL DEFENDANT, SANG LEE'S PRODUCTION OF DOCUMENTS** |
| 25        v. | |
| 26  LUNADA BAY BOYS, et al. | [Filed Concurrently with: Notice of Motion; Declaration of Victor Otten] |
| 27             Defendants. | |

28

-1-                                    Case No. 2:16-cv-02129-SJO (RAOx)
[PROPOSED JOINT] STATEMENT REGARDING PLAINTIFFS MOTION TO COMPEL PRODUCTION OF
DOCUMENTS

13675145.4

| | |
|---|---|
| | Judge:  Hon. Rozella A. Oliver |
| | Date:   August 6, 2017 |
| | Time:   10:00 am |
| | Crtrm.:  F, 9th Floor____ |
| | |
| | Complaint Filed:      March 29, 2016 |
| | Trial Date:           November 7, 2017 |

As discussed at the July 26, 2016 hearing with the Hon. Rozella A. Oliver, Plaintiffs' submit this Motion to Compel Defendant Sang Lee's Further Responses to Plaintiffs Request for Production of Documents, Set One.

## I.     INTRODUCTION

### A.     Plaintiffs' Introductory Statement

Early in this litigation, Plaintiffs' counsel sent letters to the attorneys for each of the Defendants requesting that they remind their clients not to alter, delete or destroy any evidence relating to this lawsuit. In the few documents that were eventually produced by the Defendants, it soon became obvious that documents were either being unreasonably withheld by defense counsel or had been destroyed by their clients.

Defendants Alan Johnston, Charley Ferrara, Frank Ferrara, Angelo Ferrara and NF all failed to produce a single document in response to Plaintiffs Requests for Production of Documents, Set One. Each of their responses were full of improper objections and/or stated that the defendants were not in possession of responsive documents. It took a Motion to Compel Defendant Johnston and a Court Order to respond to finally discover what appeared obvious- that Johnston had withheld evidence and deleted text messages from his cell phone[1]. When the Plaintiffs finally received the first document from Mr. Johnston, it contained an email from Bay Boy

---

[1] (See, Docket No. 142.)

[PROPOSED JOINT] STATEMENT REGARDING PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Charlie Mowat to Defendant Alan Johnston and eight others that states: "My source tells me that a class action lawsuit is in the works against the "bay boys" and the city of PVE probably that Diana bitch" and cautioned everyone "to be on the ultra down-low."[2]  (Otten Decl., ¶2; Exhibit 1)

Defendant Sang Lee's Responses to Plaintiffs Requests for Production of Documents, Set One, withheld hundreds of documents and no privilege log was attached.   Finally, when a privilege log was provided, it was unintelligible. This is best observed by the following example:

| BATES NUMBER | DOCUMENT DESCRIPTION | FROM | TO | PRIVILEGE CLAIMED |
|---|---|---|---|---|
| Lee 0000114 | Incoming and outgoing text messages from 1/28/16-2/10/16 | Pete Babros<br><br>Individuals unrelated to this lawsuit. | Sang Lee | Information non-responsive to the request was redacted. |

There is no reason to lump the texts from a 13-day period into a single entry of a privilege log unless you are trying to hide something; this is especially true when one of the most significant events occurring in this lawsuit was on January 29, 2016. Because the Court recently ordered Sang Lee's attorneys to produce an unredacted extraction report, we now know that the privileges asserted were totally bogus. For example, there were texts messages to Michael S. Papayans and Reno

---

[2] Mowat admits that he sent the text. Although having never met Plaintiff Diana Reed, stated: "No. I just think she was -- I could tell people's body language and the way people are and she just looked like a bitch to me and a liar." (Mowat Dep. 190:12-14; 187:8-18; Decl. Otten; Exhibit 5 )

[PROPOSED JOINT] STATEMENT REGARDING PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

13675145.4

1  Caldwell who are Bay Boys. Most importantly, on January 29, 2016, there were at
2  least 18 text messages between Sang Lee and Brant Blakeman which have been
3  deleted. Defendant Blakeman, however, testified in his deposition that he rarely
4  used his cell phone to text and when he did it was only with his wife.

5      Q.    Do you receive texts on your phone?

6      A.    No. I -- no. I mean -- from my wife and stuff,

7  (Blakeman Depo., 241:5-7; Decl. Otten, Exhibit 2);

8      When Blakeman was asked in his deposition for the number of his cell phone,
9  he gave Plaintiffs' counsel an incorrect phone number, identifying the last four digits
10 of his cell phone number as "7634"); Defendant Blakeman's Response to Plaintiff
11 Diana Reed's First Set of Interrogatories, Interrogatory No. 1 (identifying the last
12 four digits of his cell phone number as "7934").

13     Q.    Do you text on your flip phone?

14     A.    Yes.

15     Q.    What's the telephone number for that phone?

16     A.    I use it so infrequently I -- 47 -- wait, wait. (424)477-7634, I think or...

17 (Blakeman Depo., 14:19-25; Decl. Otten, Exhibit 3)

18     When asked if he ever received a text about the incident at Lunada Bay with
19 Diana Reed, Blakeman stated "No". As it turns out, Blakeman was not being
20 truthful.  In the phone extraction report that the Court ordered Defendant Sang Lee
21 to produce, it shows that there were many text messages involving Blakeman that
22 had been deleted. (Otten Decl., ¶6)

23     In response to a request for production of documents seeking text messages
24 with co-Defendants, Defendants Charlie and Frank Ferrara claimed not to possess
25 any such evidence. But, text messages from those Defendants also appeared in the
26 extraction report of Sang Lees phone and indicate that they were not deleted (see
27 LEE000673 and LEE000081). Despite statements made by this Court at the July 27,

28

[PROPOSED JOINT] STATEMENT REGARDING PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1   2017 hearing regarding Plaintiffs right to discovery, the Defendants still have
2   refused to turn over discovery. (Otten Decl., ¶7)

3       The Defendants and their attorneys have intentionally withheld and continue
4   to withhold evidence. It is also evident that the Defendants have intentionally
5   destroyed evidence. The Plaintiffs have been severely prejudiced in the fact that
6   they had to file oppositions to Defendants Motions for Summary Adjudication
7   without evidence in the possession of Defendants and/or their attorneys.
8   Additionally, and even more problematic is that the Defendants have destroyed
9   evidence and are defending this action on the basis on the lack of evidence. (Otten
10  Decl., ¶8)

11      Plaintiffs are requesting that Defendant Sang Lee be ordered to produce all
12  the documents that have not been turned over, and a ruling that the objections and/or
13  privileges are not proper.  Plaintiffs are also seeking an order that Defendant Sang
14  Lee and his attorneys improperly withheld documents and an order that Defendant
15  Sang Lee destroyed evidence. (Otten Decl., ¶9)

16      **B. <u>Defendant's Introductory Statement</u>**

17      [Intentionally left blank for response]

18  **II.  PLAINTIFFS' STATEMENT OF FACTS**

19      On July 6, 2016, Plaintiffs' counsel sent a litigation hold letter to the attorney
20  for Sang Lee, Edward E. Ward, Jr., requesting that he remind his client not to alter,
21  delete or destroy any evidence relating to the lawsuit. ((Otten Decl., ¶9; <u>Exhibit 4</u>))

22      On November 7, 2016, Plaintiff Cory Spencer served Request For Production
23  of Documents (Set One) on Defendant, Sang Lee. Among other things, these
24  requests seek copies of text messages and emails between Defendant Lee and other
25  individuals whom Plaintiffs believe were involved in the incidents described in
26  Plaintiffs' lawsuit (Otten Decl., ¶11; <u>Exhibit 6</u>)

27      Defendant Sang Lee's Responses to Plaintiffs' Requests for Production of

28

Case No. 2:16-cv-02129-SJO (RAOx)

[PROPOSED JOINT] STATEMENT REGARDING PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

13675145.4

1   Documents, Set One, and the accompanying production bearing Bates labels Lee

2   00000001 through 000000596, were served on December 12, 2016. The response

3   contained 43 documents. The Bates No. of the last document produced is

4   Lee0000592 indicating that 549 documents are being withheld but no privilege log

5   was attached. Document number Lee0000029 is an extraction report for Sang Lee's

6   phone which was created on December 7, 2016. (Otten Decl., ¶12; <u>Exhibit 7</u>)

7       On December 20, 2016 Plaintiffs' counsel sent a meet and confer letter to

8   Tera Lutz regarding Sang Lees Responses to Plaintiffs Request for Production of

9   Documents. Set One. The letter raised various issues regarding Mr. Lee's Responses

10  to Plaintiffs Requests for Production of Documents, Set One. In summary, several of

11  Lee's responses to Request for Production of Documents failed to state if he is in

12  possession of responsive documents. Even more of the responses contained

13  unwarranted objections such as "vague, ambiguous, and overbroad." When asserting

14  those objections, Lee did not specify the basis for such objections. In response to

15  Request No. 31, Lee improperly objected to Plaintiffs request for Lee's cell phone

16  bills since January 1, 2013, on the grounds that the Request "seeks information

17  protected by fundamental federal and state privacy principals, privileges, and laws."

18  Yet the parties had entered into a protective order. (Otten Decl., ¶13; <u>Exhibit 8</u>)

19      On or about January 24, 2017 Plaintiffs' counsel wrote to Sang Lee's

20  attorneys requesting pursuant to the Federal Rules of Civil Procedure and the Local

21  Rules of the Central District of California to meet and confer in a good faith effort to

22  eliminate or narrow the issues raised in this letter. (Otten Decl., ¶14).

23      On Wednesday, February 1, 2017, Vic Otten co-counsel to Plaintiffs, and

24  Tera Lutz of Lewis Brisbois Bisgaard & Smith and Daniel Crowley of Booth

25  Mitchel & Strange on behalf of Defendant Sang Lee met and conferred at Otten

26  Law, PC. While originally, the Plaintiffs believed that our meet and confer was

27  conducted in good faith, that belief has been challenged by what appears to be

28

-6-                         Case No. 2:16-cv-02129-SJO (RAOx)

[PROPOSED JOINT] STATEMENT REGARDING PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

efforts on the part of Lee to withhold relevant evidence. (Otten Decl., ¶15).

On or about May 25, 2017 Plaintiffs' counsel sent a follow-up meet and confer to Sang Lee's attorneys regarding the Responses to Plaintiffs Request for Production of Documents. Set One. (Otten Decl., ¶16; Exhibit 9)

Sang Lee's attorneys responded by letter dated May 26, 2017. The three-paragraph letter failed to address nearly all of the issues raised in Plaintiffs previous attempts to meet and confer. The letter states: "Redacted messages are between Mr. Lee and family members and friends unrelated to this mater." Because the Court recently ordered Sang Lee's attorneys to produce an unredacted extraction report, we now know that this is not true. For example, there were texts messages to Bay Boys Michael S. Papayans and Reno Caldwell. (Otten Decl., ¶17; Exhibit 10)

Sang Lee's deposition was taken on May 31, 2017. Lee testified regarding the preservation of evidence.

> Q.   Okay. After you became aware that you had an obligation to preserve evidence related to this case, did you take any steps to preserve evidence?
>
> A.   Did I take any steps?
>
> Q.   Yes. Did you do anything to make sure that any evidence that you had wasn't lost or destroyed?
>
> A.   I just didn't erase it. It's all there. P. 22: 20-25
>
> Q.   Did you ever do anything to download or image the E-Mails that had on your phone related to this case?
>
> THE WITNESS: Well, no, I don't believe so.
>
> (Lee Depo., 23:9-16; Otten Decl., ¶18, Exhibit 11)

On or about July 4, 2017 Plaintiffs' counsel sent Sang Lees attorneys another meet and confer letter regarding the Responses to Plaintiffs Request for Production of Documents. Set One.  (Otten Decl., ¶19; Exhibit 12)

[PROPOSED JOINT] STATEMENT REGARDING PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

13675145.4

1 | **III. DEFENDANTS STATEMENT OF FACTS**

2 |     [Intentionally left blank for response]

3 | **IV.   DISPUTED DISCOVERY**

4 | REQUEST FOR PRODUCTION NO. 1:

5 |     Any and all DOCUMENTS, REFERRING or RELATED TO any

6 | PLAINTIFF.

7 |     Defendant's Response:

8 |     After a diligent search and reasonable inquiry, responding party 1s not in

9 | possession, custody or control of any documents responsive to this request.

10 | Discovery and investigation are continuing and responding party reserves the right

11 | to amend this response at a later date.

12 |     Plaintiffs' Argument:

13 |     Defendant needs to state if there are any responsive documents in his

14 | possession, custody or control and, if so, immediately turn them over.

15 |     Defendants Argument:

16 |     [Intentionally left blank for response]

17 | REQUEST FOR PRODUCTION NO. 2:

18 |     Any and all DOCUMENTS, REFERRING or RELATED TO the incident

19 | that occurred at Lunada Bay involving YOU and John MacHarg on February 1,

20 | 2016.

21 |     Defendant's Response:

22 |     After a diligent search and reasonable inquiry, responding party is not in

23 | possession, custody or control of any documents responsive to this request.

24 |     Discovery and investigation are continuing and responding party reserves the

25 | right to amend this response at a later date.

26 |     Plaintiffs' Argument:

27 |     Defendant needs to state if there are any responsive documents in his

28 |

-8-    Case No. 2:16-cv-02129-SJO (RAOx)

[PROPOSED JOINT] STATEMENT REGARDING PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1  possession, custody or control and, if so, immediately turn them over.

2      Defendants Argument:

3      [Intentionally left blank for response]

4      REQUEST FOR PRODUCTION NO. 4:

5      Any and all DOCUMENTS, REFERRING or RELATED TO a surfing event

6  organized by Christ Taloa at Lunada Bay for Martin Luther King, Jr. Day that

7  occurred at Lunada Bay on January 20, 2014.

8      Defendant's Response:

9      Objection. Vague, ambiguous, overbroad. However, without waiving said

10 objections: Defendant agrees to produce all non- privileged responsive documents in

11 its possession, custody, or control.

12     Plaintiffs' Argument:

13     Defendant needs to state if there are any responsive documents in his

14 possession, custody or control and, if so, immediately turn them over. Defendants

15 objections should be ruled as not applicable.

16     It is a common principle that the rules of discovery are to be broadly and

17 liberally construed so as to permit the discovery of any information which is

18 relevant and is reasonably calculated to lead to the discovery of admissible

19 evidence. (See, Fed. R. Civ. P.  26(b)(2); *Hickman v. Taylor*, 329 U.S. 495,

20 507(1947). Rule 26 has been broadly construed to "encompass any matter that bears

21 on, or that reasonably could lead to other matter that could bear on, any issue that is

22 or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351

23 (citing *Hickman*, 329 U.S. 495). Fed. R. Civ. P. 34(b)(1)(A), requires a request for

24 production to describe an item "with reasonable particularity," which this RFP does.

25 Moreover, Defendant fails to specify why the request is "vague, ambiguous,

26 overbroad."

27     Defendants Argument:

28

    Case No. 2:16-cv-02129-SJO (RAOx)

[PROPOSED JOINT] STATEMENT REGARDING PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

13675145.4

1    [Intentionally left blank for response]

2    REQUEST FOR PRODUCTION NO. 9:

3    Any COMMUNICATION with PERSONS who are interested in protecting

4    Lunada Bay from use by NON-LOCALS.

5    Defendants Response:

6    Objection. Vague, ambiguous, overbroad. However, without waiving said

7    objections: Defendant agrees to produce all non- privileged responsive documents in

8    its possession, custody, or control.

9    Plaintiffs' Argument:

10   The request adequately describes the item sought with reasonable

11   particularity.  Fed. R. Civ. P. 34(b)(1)(A).  Moreover, Defendant fails to specify

12   why the request is "vague, ambiguous, overbroad."

13   Defendant's Argument:

14   [Intentionally left blank for response]

15   REQUEST FOR PRODUCTION NO. 10:

16   Any text messages with surfers who regularly surf, or have regularly surfed,

17   Lunada Bay.

18   Defendant's Response:

19   Objection. Vague, ambiguous, overbroad. Calls for legal conclusion.

20   Premature as to facts of the case have yet to be presented. Unintelligible and

21   nonsensical inasmuch as it seeks communications "with surfers who regularly surf."

22   Plaintiffs' Argument:

23   Defendant needs to state if there are any responsive documents in his

24   possession, custody or control and, if so, immediately turn them over. Defendants

25   objections should be ruled as not applicable.

26   It is a common principle that the rules of discovery are to be broadly and

27   liberally construed so as to permit the discovery of any information which is

28

Case No. 2:16-cv-02129-SJO (RAOx)

[PROPOSED JOINT] STATEMENT REGARDING PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

13675145.4

1    relevant and is reasonably calculated to lead to the discovery of admissible

2    evidence. (See, Fed. R. Civ. P.  26(b)(2); *Hickman v. Taylor*, 329 U.S. 495,

3    507(1947). Rule 26 has been broadly construed to "encompass any matter that bears

4    on, or that reasonably could lead to other matter that could bear on, any issue that is

5    or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351

6    (citing Hickman, 329 U.S. 495). Fed. R. Civ. P. 34(b)(1)(A), requires a request for

7    production to describe an item "with reasonable particularity," which this RFP does.

8    Moreover, Defendant fails to specify why the request is "vague, ambiguous,

9    overbroad."

10           Defendant's Argument:

11           [Intentionally left blank for response]

12    REQUEST FOR PRODUCTION NO. 11:

13           Any emails with surfers who regularly surf, or have regularly surfed, Lunada

14    Bay.

15           Defendant's Response:

16           Objection. Vague, ambiguous, overbroad. Calls for legal conclusion.

17    Premature as to facts of the case have yet to be presented. Unintelligible and

18    nonsensical inasmuch as it seeks communications "with surfers who regularly surf."

19           Plaintiffs' Argument:

20           Defendant needs to state if there are any responsive documents in his

21    possession, custody or control and, if so, immediately turn them over. Defendants

22    objections should be ruled as not applicable. All objections should be ordered

23    inapplicable.

24           It is a common principle that the rules of discovery are to be broadly and

25    liberally construed so as to permit the discovery of any information which is

26    relevant and is reasonably calculated to lead to the discovery of admissible

27    evidence. (See, Fed. R. Civ. P.  26(b)(2); *Hickman v. Taylor*, 329 U.S. 495,

28

[PROPOSED JOINT] STATEMENT REGARDING PLAINTIFFS MOTION TO COMPEL PRODUCTION OF
DOCUMENTS

13675145.4

507(1947). Rule 26 has been broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (citing Hickman, 329 U.S. 495). Fed. R. Civ. P. 34(b)(1)(A), requires a request for production to describe an item "with reasonable particularity," which this RFP does. Moreover, Defendant fails to specify why the request is "vague, ambiguous, overbroad."

Defendant's Argument:

[Intentionally left blank for response]

REQUEST FOR PRODUCTION NO. 12:

Any text messages or records of phone calls with a co-defendant in this matter.

Defendants Response:

Objection. Vague, ambiguous, overbroad. However, without waiving said objections: Defendant agrees to produce all non- privileged responsive documents in its possession, custody, or control.

Plaintiffs' Argument:

Defendant needs to state if there are any responsive documents in his possession, custody or control and, if so, immediately turn them over. Defendants objections should be ruled as not applicable. All objections should be ordered inapplicable.

It is a common principle that the rules of discovery are to be broadly and liberally construed so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence. (See, Fed. R. Civ. P.  26(b)(2); *Hickman v. Taylor*, 329 U.S. 495, 507(1947). Rule 26 has been broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is

Case No. 2:16-cv-02129-SJO (RAOx)

[PROPOSED JOINT] STATEMENT REGARDING PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

13675145.4

1  or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351

2  (citing Hickman, 329 U.S. 495). Fed. R. Civ. P. 34(b)(1)(A), requires a request for

3  production to describe an item "with reasonable particularity," which this RFP does.

4  Moreover, Defendant fails to specify why the request is "vague, ambiguous,

5  overbroad."

6       Defendant's Argument:

7       [Intentionally left blank for response]

8  REQUEST FOR PRODUCTION NO. 13:

9       Any emails to or from a co-defendant in this matter.

10      Defendant's Response:

11      Objection. Vague, ambiguous, overbroad. However, without waiving said

12  objections: Defendant agrees to produce all non- privileged responsive documents in

13  its possession, custody, or control.

14      Plaintiffs' Argument:

15      Defendant needs to state if there are any responsive documents in his

16  possession, custody or control and, if so, immediately turn them over. Defendants

17  objections should be ruled as not applicable. All objections should be ordered

18  inapplicable.

19      It is a common principle that the rules of discovery are to be broadly and

20  liberally construed so as to permit the discovery of any information which is

21  relevant and is reasonably calculated to lead to the discovery of admissible

22  evidence. (See, Fed. R. Civ. P.  26(b)(2); *Hickman v. Taylor*, 329 U.S. 495,

23  507(1947). Rule 26 has been broadly construed to "encompass any matter that bears

24  on, or that reasonably could lead to other matter that could bear on, any issue that is

25  or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351

26  (citing Hickman, 329 U.S. 495). Fed. R. Civ. P. 34(b)(1)(A), requires a request for

27  production to describe an item "with reasonable particularity," which this RFP does.

28

-13-                    Case No. 2:16-cv-02129-SJO (RAOx)

1   Moreover, Defendant fails to specify why the request is "vague, ambiguous,

2   overbroad."

3        Defendant's Argument:

4        [Intentionally left blank for response]

5   REQUEST FOR PRODUCTION NOS. 18, 19, 21, 39, 40, 41, 42, 43, 44, 45, 46, 49,

6   50, 53 and 54:

7        These Requests for Production all seek text messages and emails related to

8   the following people: David Melo, Peter Babros, Joe Bark,  Charles Mowat, Michael

9   S. Papayans, David Hilton, Jon Lund.

10        Defendants Response:

11        Objection. Vague, ambiguous, overbroad. However, without waiving said

12   objections: Defendant agrees to produce all non- privileged responsive documents in

13   its possession, custody, or control.

14        Plaintiffs' Argument:

15        Defendant needs to state if there are any responsive documents in his

16   possession, custody or control and, if so, immediately turn them over. Defendants

17   objections should be ruled as not applicable. All objections should be ordered

18   inapplicable.

19        It should be further noted that communications with these individuals are

20   noted in the Redacted Phone Extraction Report and the emails produced.

21        It is a common principle that the rules of discovery are to be broadly and

22   liberally construed so as to permit the discovery of any information which is

23   relevant and is reasonably calculated to lead to the discovery of admissible

24   evidence. (See, Fed. R. Civ. P.  26(b)(2); *Hickman v. Taylor*, 329 U.S. 495,

25   507(1947). Rule 26 has been broadly construed to "encompass any matter that bears

26   on, or that reasonably could lead to other matter that could bear on, any issue that is

27   or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351

28

[PROPOSED JOINT] STATEMENT REGARDING PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

13675145.4

(citing <u>Hickman</u>, 329 U.S. 495). Fed. R. Civ. P. 34(b)(1)(A), requires a request for production to describe an item "with reasonable particularity," which this RFP does. Moreover, Defendant fails to specify why the request is "vague, ambiguous, overbroad."

<u>Defendant's Argument</u>:

[Intentionally left blank for response]

## V.    PLAINTIFFS' REQUESTS

Plaintiffs are requesting that Defendant Sang Lee be ordered to produce all the documents that have not been turned over and any objections and/or privileges are not applicable.

Plaintiffs are also requesting a determination by this Court that Defendant Sang Lee and his attorneys improperly withheld documents.

Plaintiffs are further requesting a determination by this Court and that Defendant Sang Lee destroyed evidence.

Finally, Plaintiffs are requesting monetary sanctions against Sang Lee and his attorneys.


DATED:  August 7, 2017                    OTTEN LAW PC

                                          By:    /s/ Victor Otten
                                                 VICTOR OTTEN
                                                 Attorneys for Plaintiffs

-15-                         Case No. 2:16-cv-02129-SJO (RAOx)

13675145.4