HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:   (916) 442-3333
Facsimile:   (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone:   (310) 378-8533
Facsimile:   (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

|  |  |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**DECLARATION OF VICTOR OTTEN IN SUPPORT OF THE MOTION TO COMPEL DEFENDANT, SANG LEE'S PRODUCTION OF DOCUMENTS**<br><br>**[Filed Concurrently with: Statement Regarding Plaintiffs Motion to Compel Production of Documents]** |

-1-

1

2              v.

3    LUNADA BAY BOYS; THE
     INDIVIDUAL MEMBERS OF THE
4    LUNADA BAY BOYS, including but          Judge:  Hon. Rozella A. Oliver
     not limited to SANG LEE, BRANT          Date:   September 6, 2017
5    BLAKEMAN, ALAN JOHNSTON                 Time:   10:00 am
     AKA JALIAN JOHNSTON,                    Crtrm.: _F- 9th Floor___
6
     MICHAEL RAE PAPAYANS,
7    ANGELO FERRARA, FRANK
     FERRARA, CHARLIE FERRARA,              Complaint Filed:   March 29, 2016
8    and N. F.; CITY OF PALOS VERDES         Trial Date:       November 7, 2017
     ESTATES; CHIEF OF POLICE JEFF
9    KEPLEY, in his representative
10   capacity; and DOES 1-10,
11
12             Defendants.
13
14   I, VICTOR OTTEN, declare as follows:

15        1.    I am attorney licensed to practice under the laws of the State of

16   California and am duly admitted to practice before this court.  I am an attorney of

17   record for Plaintiffs Cory Spencer, Diana Milena Reed, and the Coastal Protection

18   Rangers, Inc.  I have personal knowledge of the facts set forth herein, and if called

19   as a witness, I could and would competently testify to the matters stated herein.

20        2.    Defendants Alan Johnston, Charley Ferrara, Frank Ferrara, Angelo

21   Ferrara and NF all failed to produce a single document in response to Plaintiffs

22   Requests for Production of Documents, Set One. Each of their responses were full

23   of improper objections and stated that the defendants were not in possession of

24   responsive documents. It took a Motion to Compel Defendant Johnston and a Court

25   Order to respond to finally discovery what appeared obvious which was that

26   Johnston had withheld evidence and deleted text messages from his cell phone.

27   When the Plaintiffs finally received the first document from Mr. Johnston, it

28

1  contained an email from Bay Boy Charlie Mowat to Defendant Alan Johnston and

2  eight others that states: "My source tells me that a class action lawsuit is in the

3  works against the "bay boys" and the city of PVE Probably that Diana bitch" and

4  cautioned everyone "to be on the ultra down-low."   Mowat admits that he sent the

5  text. Although having never met Plaintiff Diana Reed, stated: "No. I just think she

6  was -- I could tell people's body language and the way people are and she just

7  looked like a bitch to me and a liar." (Mowat Dep. 190:12-14; 187:8-18)  (Attached

8  as **Exhibit 1** to this Declaration is a true and copy of the text; also, attached hereto

9  as **Exhibit 5** is a true and correct copy of the aforementioned excerpts from the

10 deposition of Defendant, Charlie Mowat.)

11        3.      Defendant Sang Lee's Responses to Plaintiffs Requests for Production

12 of Documents, Set One, withheld hundreds of documents and no privilege log was

13 attached.   Finally, when a privilege log was provided, it was unintelligible. This is

14 best observed by the following example:

| BATES NUMBER | DOCUMENT DESCRIPTION | FROM | TO | PRIVILEGE CLAIMED |
|---|---|---|---|---|
| Lee 0000114 | Incoming and outgoing text messages from 1/28/16-2/10/16 | Pete Babros<br><br>Individuals unrelated to this lawsuit. | Sang Lee | Information non-responsive to the request was redacted |

24        4.      There is no reason to lump the texts from a 13-day period, especially

25 when one of the most significant events occurring in this lawsuit was on January 29,

26 2016. Because the Court recently ordered Sang Lee's attorneys to produce an un-

27 redacted extraction report, we now know that the privileges asserted were totally

28 bogus. For example, there were texts messages to the following people that plaintiffs

1  have identified as Bay Boys: Michael S. Papayans, Reno Caldwell. Most
2  importantly on that date, there were at least 18 text messages between Sang Lee and
3  Brant Blakeman which had been deleted. Defendant Blakeman, however, testified in
4  his deposition rarely used his cell phone to text and when he did it was only with his
5  wife.

6         Q.   Do you receive texts on your phone?

7         A.   No. I -- no. I mean -- from my wife and stuff,

8  (Blakeman Depo., 241:5-7) (Attached as **Exhibit 2** to this Declaration are true and
9  correct pages of the excerpts of the transcript from the deposition of Brant
10 Blakeman)

11        5.    When Blakeman was asked in his deposition for the number of his cell
12 phone, he gave Plaintiffs' counsel an incorrect phone number, identifying the last
13 four digits of his cell phone number as "7634"); Defendant Blakeman's Response to
14 Plaintiff Diana Reed's First Set of Interrogatories, Interrogatory No. 1 (identifying
15 the last four digits of his cell phone number as "7934").

16        Q.   Do you text on your flip phone?

17        A.   Yes.

18        Q.   What's the telephone number for that phone?

19        A.   I use it so infrequently I -- 47 -- wait, wait. (424)477-7634, I

20              think or...

21 (Blakeman Depo., 14:19-25) (A true and correct copy of the aforementioned
22 excerpts from the transcript of the deposition of Defendant, Brant Blakeman are
23 attached as **Exhibit 3**)

24        6.    When asked if he ever received a text about the incident at Lunada Bay
25 with Diana Reed, Blakeman stated "No". As it turns out, Blakeman was not being
26 truthful.  In the phone extraction report that the Court ordered Defendant Sang Lee
27 to produce, it shows that there were many text messages involving Blakeman that
28 had been deleted.

7.     In response to a request for production of documents seeking text messages with co-Defendants, Defendants Charlie and Frank Ferrara claimed not to possess any such evidence. But, text messages from those Defendants also appeared in the extraction report of Sang Lees phone and indicate that they were not deleted (see LEE000673 and LEE000081). Despite statements made by this Court at the July 27, 2017 hearing regarding Plaintiffs right to discovery, the Defendants still have refused to turn over discovery.

8.     On information and belief, it is clear that the Defendants and their attorneys have intentionally withheld and continue to withhold evidence. It is also evident that the Defendants have intentionally destroyed evidence. It is my understanding that, the Plaintiffs have been severely prejudiced in the fact that they had to file oppositions to Defendants Motions for Summary Adjudication without evidence in the possession of Defendants and/or their attorneys. Additionally, and even more problematic is that the Defendants have destroyed evidence. Plaintiffs are requesting that Defendant Sang Lee be ordered to produce all the documents that have not been turned over, an order that the objections and/or privileges are not proper, and order that Defendant Sang Lee and his attorneys improperly withheld documents and an order that Defendant Sang Lee destroyed evidence.

9.     Plaintiffs are requesting that Defendant Sang Lee be ordered to produce all the documents that have not been turned over, and a ruling that the objections and/or privileges are not proper.  Plaintiffs are also seeking an order that Defendant Sang Lee and his attorneys improperly withheld documents and an order that Defendant Sang Lee destroyed evidence.

10.     On July 6, 2016, Plaintiffs' counsel sent a litigation hold letter to the attorney for Sang Lee, Edward E. Ward, Jr., requesting that he remind his client not to alter, delete or destroy any evidence relating to the lawsuit. (A true and correct copy of the correspondence to attorney for Sang Lee, dated July 6, 2016 is attached hereto as **Exhibit 4**).

11.     On November 7, 2016, Plaintiff Cory Spencer served Request For Production of Documents (Set One) on Defendant, Sang Lee. Among other things, these requests seek copies of text messages and emails between Defendant Lee and other individuals whom Plaintiffs believe were involved in the incidents described in Plaintiffs' lawsuit. (A true and correct copy of the  Plaintiff's aforementioned Request for Production of Documents is attached hereto as **Exhibit 6**)

12.     Defendant Sang Lee's Responses to Plaintiffs Requests for Production of Documents, Set One, and the accompanying production bearing Bates labels Lee 00000001 through 000000596, were served on December 12, 2016. The response contained 43 documents. The Bates No. of the last document produced is LEE0000592 indicating that 549 documents are being withheld but no privilege log was attached. Document number LEE0000029 is an extraction report for Sang Lee's phone which was created on December 7, 2016. (A true and correct copy of Defendant, Sang Lee's Responses to the Request for Production of Documents is attached hereto as **Exhibit 7)**

13.     On December 20, 2016 Plaintiffs' counsel sent a meet and confer letter to Tera Lutz regarding Sang Lees Responses to Plaintiffs Request for Production of Documents. Set One. The letter raised various issues regarding Mr. Lee's Responses to Plaintiffs Requests for Production of Documents, Set One. In summary, several of Lee's responses to Request for Production of Documents failed to state if he is in possession of responsive documents. Even more of the responses contained unwarranted objections such as "vague, ambiguous, and overbroad." When asserting those objections, Lee did not specify the basis for such objections. In response to Request No. 31, Lee improperly objected to Plaintiffs request for Lee's cell phone bills since January 1, 2013, on the grounds that the Request "seeks information protected by fundamental federal and state privacy principals, privileges, and laws." Yet the parties had entered into a protective order. Yet the parties had entered into a protective order.  (A true and correct copy of Plaintiff's counsel's correspondence

13675145.4

1  regarding Sang Lee's Responses to the Request for Production of Documents, dated

2  December 20, 2016 is attached hereto as **Exhibit 8).**

3       14.    On or about January 24, 2017 Plaintiffs' counsel wrote to Sang Lee's

4  attorneys requesting pursuant to the Federal Rules of Civil Procedure and the Local

5  Rules of the Central District of California to meet and confer in a good faith effort to

6  eliminate or narrow the issues raised in this letter.

7       15.    On Wednesday, February 1, 2017, I, and Tera Lutz of Lewis Brisbois

8  Bisgaard & Smith and Daniel Crowley of Booth Mitchel & Strange on behalf of

9  Defendant Sang Lee met and conferred at Otten Law, PC. While originally, I

10  believed that our meet and confer was conducted in good faith, that belief has been

11  challenged by what appears to be efforts on the part of Lee to withhold relevant

12  evidence.

13       16.    On or about May 25, 2017 Plaintiffs' counsel sent a follow-up meet and

14  confer to Sang Lees attorneys regarding the Responses to Plaintiffs Request for

15  Production of Documents. Set One.  (A true and correct copy of the Plaintiffs'

16  follow up meet and confer letter to Sang Lee's attorneys dated May 25, 2017 is

17  attached hereto as **Exhibit 9**)

18       17.    Sang Lee's attorneys responded by letter dated May 26, 2017. The

19  three-paragraph letter failed to address nearly all of the issues raised in Plaintiffs

20  previous attempts to meet and confer. The letter states: "Redacted messages are

21  between Mr. Lee and family members and friends unrelated to this mater." Because

22  the Court  recently ordered Sang Lee's attorneys to produce an un-redacted

23  extraction report, we now know that this is not true. For example, there were texts

24  messages to Bay Boys Michael S. Papayans and Reno Caldwell. (A true and correct

25  copy of Sang Lee's attorneys' response correspondence dated May 26, 2017 is

26  attached hereto as **Exhibit 10**)

27       18.    Sang Lee's deposition was taken on May 31, 2017. Lee testified

28  regarding the preservation of evidence.

13675145.4

1        Q.    Okay. After you became aware that you had an obligation to preserve

2    evidence related to this case, did you take any steps to preserve evidence?

3        A.    Did I take any steps?

4        Q.    Yes. Did you do anything to make sure that any evidence that you had

5    wasn't lost or destroyed?

6        A.    I just didn't erase it. It's all there. P. 22: 20-25

7        Q.    Did you ever do anything to download or image the E-Mails that had

8    on your phone related to this case?

9        THE WITNESS: Well, no, I don't believe so.

10       (Lee Depo., 23:9-16)  (A true and correct copy of the aforementioned

11   excerpts of the deposition of Sang Lee is attached hereto as **Exhibit 11**).

12       19.    On or about July 4, 2017 Plaintiffs' counsel sent Sang Lees attorneys

13   another meet and confer letter regarding the Responses to Plaintiffs Request for

14   Production of Documents. Set One. (A true and correct copy of the correspondence

15   to Sang Lee's attorney dated July 4, 2017 is attached hereto as **Exhibit 12**).

16

17       I declare under penalty of perjury under the laws of the State of California

18   that the foregoing is true and correct.

19

20   Executed August 7, 2017 in Torrance, California.

21

22                                     */s/ Victor Otten*

23                                       Victor Otten

24

25

26

27

28

13675145.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

13675145.4

PLTFS.' OPP'N TO INDIVIDUAL DEFS.' MOTS. FOR SUMM. J.

# EXHIBIT 1



No Service 🔋 10:20 AM ⚡ 44% 
‹ Messages **Group MMS** Details

To: Jon, Charlie & 8 more...

Wed, Mar 30, 9:08 AM

Charlie Moet

My source tells me
that a that a class
action lawsuit is in the
works against the "bay
boys" and the city of
PVE. Probably that
Diana bitch. Watch out
for subpoenas. Great
time to be on the ultra
down-low.

JON

Text Message    Send

---

No Service 🔋 10:20 AM ⚡ 44% 
‹ Messages **Group MMS** Details

To: Jon, Charlie & 8 more...

down-low.

JON

http://
www.theinertia.com/
surf/surfers-file-a-
federal-class-action-
suit-against-lunada-
bay-surf-gang/

Super gay!! How'd
they get the names?

+1 (310) 291-5981

Total joke of a lawsuit
will fail. Call Dan

Text Message    Send

---

No Service 🔋 10:21 AM ⚡ 44% 
‹ Messages **Group MMS** Details

To: Jon, Charlie & 8 more...

Total joke of a lawsuit
will fail. Call Dan
Dunbar. No "gang"
exists. There is no
group that meets the
definition. There is
hopefully no evidence
that those named
barred the plaintiffs
from going surfing and
no proof of any
physical or economic
damage.

Text Message    Send

---

No Service 🔋 10:21 AM ⚡ 44% 
‹ Messages **Group MMS** Details

To: Jon, Charlie & 8 more...

physical or economic
damage.

Charlie Moet

On a happier note.
Four day Masters Golf
party open house at
my place April 7-10.
Bring food and booze.
Stop by anytime. No
Fred!

Thu, Mar 31, 1:24 AM

+1 (310) 480-3207

Text Message    Send

---

No Service 🔋 10:21 AM ⚡ 44% 
‹ Messages **Group MMS** Details

To: Jon, Charlie & 8 more...

On a happier note.
Four day Masters Golf
party open house at
my place April 7-10.
Bring food and booze.
Stop by anytime. No
Fred!

Thu, Mar 31, 1:24 AM

+1 (310) 480-3207

News van at the
bay...looks like we'll be
on TV again...

Text Message    Send

**EXHIBIT 2**

1

2

3               UNITED STATES DISTRICT COURT

4       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

5

6    CORY SPENCER, and individual;          )
     DIANA MILENA REED, an individual;      )
7    And COASTAL PROTECTION RANGERS, INC.,  )
     a California non-profit public         )
8    benefit corporation,                   )
                                            )
9                                           )
                Plaintiffs,                 )
10                                          )
           vs.                              )  No. 2:16-cv-
11                                          )
     LUNADA BAY BOYS; THE INDIVIDUAL        )  02129-SJO
12   MEMBERS OF THE LUNADA BAY BOYS,        )  (RAOx)
     including but not limited to           )
13   SANG LEE, BRANT BLAKEMAN,              )
     ALAN JOHNSTON AKA JALIAN JOHNSTON,     )
14   MICHAEL RAE PAPAYANS, ANGELO FERRARA,  )
     FRANK FERRARA, CHARLIE FERRARA, and    )
15   N.F.; CITY OF PALOS VERDES ESTATES,    )
     CHIEF OF POLICE JEFF KEPLEY in his     )
16   representative capacity and DOES       )
     1-10,                                  )
17                                          )
                Defendants.                 )
18   _____)

19

20

21       VIDEO DEPOSITION OF BRANT BLAKEMAN, a witness

22       herein, noticed by HANSON BRIDGETT, LLP, at

23       736 Fourth Street, Hermosa Beach, California, at

24       9:31 a.m., on Monday, November 21, 2016, before

25       Ayu Sasao, CSR 14093.

1      You can respond.

2          THE WITNESS:  I only saw him get one wave.  I

3   paddled in pretty quick so --

4          BY MR. FRANKLIN:

5      Q.   Did you -- do you know Christopher Taloa is, or

6   Chris Taloa?

7      A.   Yes, I do.

8      Q.   How do you know Christopher Taloa?

9      A.   Oh, he's Mr. Aloha Point.   And he's been

10  cruising around that same area or time and you know, and

11  was riding around on top of the cliffs acting like --

12  acting different.

13     Q.   When you say acting different, what do you mean?

14     A.   Just -- just being weird.

15     Q.   Is there --

16     A.   He tried to say somebody had a machete in the

17  trash can over by some area, and some police officers

18  came over and asked us about it.  And we're like, what.

19  We saw him over by the Point trail.  And then just had a

20  little crew or whatever.

21     Q.   When you say, we saw him, who else saw him?

22     A.   A couple friend of mine.  I don't remember who

23  the friends were.

24     Q.   You don't remember who you were with on that

25  day?

# EXHIBIT 3

1

2

3               UNITED STATES DISTRICT COURT

4        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

5

6    CORY SPENCER, and individual;      )
     DIANA MILENA REED, an individual;  )
7    And COASTAL PROTECTION RANGERS, INC.,  )
     a California non-profit public     )
8    benefit corporation,               )
                                        )
9                                       )
                                        )
              Plaintiffs,               )
10                                      )
          vs.                           )   No. 2:16-cv-
11                                      )
     LUNADA BAY BOYS; THE INDIVIDUAL    )   02129-SJO
12   MEMBERS OF THE LUNADA BAY BOYS,    )   (RAOx)
     including but not limited to       )
13   SANG LEE, BRANT BLAKEMAN,          )
     ALAN JOHNSTON AKA JALIAN JOHNSTON, )
14   MICHAEL RAE PAPAYANS, ANGELO FERRARA, )
     FRANK FERRARA, CHARLIE FERRARA, and )
15   N.F.; CITY OF PALOS VERDES ESTATES, )
     CHIEF OF POLICE JEFF KEPLEY in his )
16   representative capacity and DOES   )
     1-10,                              )
17                                      )
              Defendants.               )
18   _____)

19

20

21        VIDEO DEPOSITION OF BRANT BLAKEMAN, a witness

22        herein, noticed by HANSON BRIDGETT, LLP, at

23        736 Fourth Street, Hermosa Beach, California, at

24        9:31 a.m., on Monday, November 21, 2016, before

25        Ayu Sasao, CSR 14093.

1       A.  Yes.

2       Q.  How long have you owned the Panasonic

3   videocamera?

4       A.  Approximately, four years.

5       Q.  Do you own any, besides video, other types of

6   camera?

7       A.  No.

8       Q.  Do you have a cell phone?

9       A.  I have a flip phone.  I guess it's a flip phone.

10      Q.  How long have you had your flip phone?

11      A.  Approximately, five years.

12      Q.  How long have you had that phone?

13      MR. COOPER:  Asked and answered.  What?

14      BY MR. FRANKLIN:

15      Q.  You've had that phone five years?

16      A.  Approximately --

17      Q.  Do you have any other type of cell phone?

18      A.  No.

19      Q.  Can you text on your flip phone?

20      A.  Yes.

21      Q.  Do you text on your flip phone?

22      A.  Yes.

23      Q.  What's the telephone number for that phone?

24      A.  I use it so infrequently I -- 47 -- wait, wait.

25  (424)477-7634, I think or...

**EXHIBIT 4**



SAMANTHA D. WOLFF
SENIOR COUNSEL
DIRECT DIAL (415) 995-5020
DIRECT FAX (415) 995-3547
E-MAIL swolff@hansonbridgett.com


July 6, 2016


VIA ELECTRONIC MAIL ONLY

Edward E. Ward, Jr.
Attorney for Defendant Sang Lee
Lewis Brisbois Bisgaard & Smith LLP
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071
Edward.Ward@lewisbrisbois.com

Re:   *Spencer, et al. v. Lunada Bay Boys, et al.*, United States District Court for the Central
      District of California, Case No. 2:16-cv-02129-SJO-RAO

Dear Mr. Ward:

This letter is intended to remind your client, Sang Lee, not to alter, delete or destroy any
evidence relating to the lawsuit.

As you are aware, the lawsuit includes claims for violations of the Bane Act, California Coastal
Act, 42 USC § 1983, and Public Nuisance.  Evidence germane to the lawsuit is anything having
to do with this lawsuit, including communication related to non-locals surfing or using the
beach/ocean/park at Lunada Bay, any reference to this lawsuit, any reference to Cory Spencer,
any reference to Diana Milena Read, any reference to media interest in Lunada Bay, any
reference to "Aloha Point," any reference to Rory Carroll, any reference to Noah Smith, any
reference to Christopher Taloa, any reference to Jordan Wright, any reference to Seth Krel, any
reference to the Bay Boys or "Lunada Pirates," communication with Lunada Bay "locals,"
communication with the City of Palos Verdes Estates including any member of its police
department, communication with co-defendants, communication with D.J. Dreiling,
communication with retired Chief of Police Dan Dreiling, communication with David Melo,
communication with Luke Millican, communication with Aaron Rourke, communication with
David Dickey, communication with Robert Johnston, communication with Paul Hamilton,
communication with Nicholas Sinclair, communication with Nicholas Modisette, communication
with Hank Harper, communication with Mark Griep, communication with Adam Dia,
communication with Peter McCullom, communication with Brooke Bennett, communication with
Kelly Logan, communication with Dave Jessup, communication with Paul Higaboom,
communication with Cole Fiers, communication with Zen Del Rio, communication with Alex
Gray, communication with Joe Bark, communication with Frank Ponce, communication with
Amanda Calhoun, communication related to construction or maintenance of the "patio" or rock
fort at Lunada Bay, communication related to the trails for ingress and egress to Lunada Bay,
communication related to complaints about beach access for non-residents, including incidents
involving alleged intimidation, violence, assault, battery, verbal disagreements, and/or
harassment occurring at Lunada Bay or other Palos Verdes Estates beaches; the rock fort
structure at Lunada Bay; vandalism to private property (including, but not limited to,

**Hanson Bridgett LLP**
425 Market Street, 26th Floor, San Francisco, CA 94105   hansonbridgett.com

12503840.1

Litigation Hold – Sang Lee
July 6, 2016
Page 2

automobiles) occurring at or near Lunada Bay; and any coordinated actions among the individually-named Defendants intended to dissuade non-locals from visiting, exploring and/or enjoying Lunada Bay and the surrounding areas.  The foregoing shall be collectively referred to as "Potential Evidence" hereinafter in this letter.

I.      Demand For Preservation Of Evidence

Mr. Lee is hereby given notice to immediately take all steps necessary to prevent the destruction, loss, concealment, or alteration of any paper, document, or electronically stored information ("ESI") related to Potential Evidence.  Because ESI is an important and irreplaceable source of discovery and/or evidence in connection with the lawsuit described above, Plaintiffs may seek information from computer systems, removable electronic media and other locations controlled by Mr. Lee, as well as from anyone who is involved in the with matters relevant to the lawsuit described above.  ESI should be afforded the broadest possible definition and includes, but is not limited to, the following: all e-mail, instant messaging, text messages, voice mail messages, image files (including PDF, TIFF, JPG, and GIF images), other electronic communications of the persons or entities identified above, word processing documents, spreadsheets, databases, calendars, telephone logs, video or audio files, and all other data or information generated by and/or stored on your existing or prior computers and storage media, or hosted on online storage systems, or existing on an Internet-based application, as well as any other media (e.g., hard disks, flash drives, backup tapes, etc.), as well as any social media posts or comments (e.g., Facebook, Instagram, Snapchat).

This directive extends to all ESI within Mr. Lee's possession and/or control. Because paper copies do not preserve electronic searchability or metadata, they are not an adequate substitute for ESI.  If information exists in both electronic and paper form, Mr. Lee should preserve them both.

II.     Instituting a "Litigation Hold"

Adequate preservation of ESI related to Potential Evidence requires more than simply refraining from efforts to destroy or dispose of such evidence.  Mr. Lee must also intervene to prevent loss due to routine operations, whether automated or not, and employ proper techniques to safeguard all such evidence.  Examples of such routine operations include, but are not limited to, purging the contents of e-mail repositories by age, capacity, or other criteria; using data or media wiping, disposal, erasure, or encryption utilities or devices; overwriting, erasing, destroying, or discarding backup media; reassigning, re-imaging or disposing of systems, servers, devices, or media; running antivirus or other programs that alter metadata; using metadata stripper utilities; and destroying documents or any ESI by age or other criteria.  Mr. Lee should not pack, compress, purge, or dispose of any file or any part thereof.

Accordingly, Mr. Lee is requested to immediately institute a litigation hold for potentially relevant ESI, documents, and tangible things related to Potential Evidence, and to act diligently and in good faith to secure and audit compliance with that litigation hold.  Because documents and ESI relevant to this lawsuit may stretch back a number of years, it is possible that relevant documents and ESI may only be preserved on ESI backup systems (e.g., backup tapes) or other media, or in other locations.  Thus, backup data should be preserved until this determination can be made.

Litigation Hold – Sang Lee
July 6, 2016
Page 3

Mr. Lee is also requested to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files), network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view, and (if necessary) reconstruct any ESI related to Potential Evidence.

It is also imperative that any and all persons who have access to relevant documents and ESI be informed of the obligation to preserve those documents and ESI related to Potential Evidence and that sufficient steps are taken to ensure compliance now, and as this matter progresses.

   III.    <u>Types of Data Preserved</u>

       A.    Native Form

Mr. Lee should anticipate that certain ESI, including but not limited to photos, videos, and e-mails, will be sought in the form or forms in which they are ordinarily maintained (i.e., native form). Accordingly, Mr. Lee should preserve ESI of Potential Evidence in such native forms, and should not employ methods to preserve ESI that remove or degrade the ability to search the ESI by electronic means or that make it difficult or burdensome to access or use the information.

Mr. Lee should additionally refrain from actions that shift ESI from reasonably accessible media and forms to less accessible media and forms if the effect of such actions is to make such ESI not reasonably accessible.

       B.    Metadata

Mr. Lee should further anticipate the need to disclose and produce system and application metadata and act to preserve it.  System metadata is information describing the history and characteristics of other ESI.  This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location and dates of creation and last modification or access.  Application metadata is information automatically included or embedded in electronic files, but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and printing.  For e-mail, metadata includes all header routing data and encoded attachment data, in addition to the To, From, Subject, Received Date, CC, and BCC fields. Metadata may be overwritten or corrupted by careless handling or improper preservation, including by moving, copying or examining the contents of files.

   IV.    <u>Servers</u>

With respect to servers like those used to manage e-mail (e.g., Microsoft Exchange) and network storage, the entire contents of each network share and Mr. Lee's e-mail accounts should be preserved and not modified.

   V.    <u>Storage</u>

With respect to on-line storage and/or direct access storage devices attached to Mr. Lee's mainframe computers, in addition to the above, he is not to modify or delete any ESI, "deleted"

Litigation Hold – Sang Lee
July 6, 2016
Page 4

files, and/or file fragments existing on the date of this letter's delivery that contain Potential Evidence.

With regard to all electronic media used for off-line storage, including magnetic tapes and cartridges, optical media, electronic media, and other media or combinations of media containing Potential Evidence, Mr. Lee is requested to stop any activity which may result in the loss of any ESI, including rotation, destruction, overwriting and erasure in whole or in part.  This request is intended to cover all media used for data or information storage in connection with Mr. Lee's computer systems, including magnetic tapes and cartridges, magneto-optical disks, and all other media, whether used with personal computers, mainframes or other computers, and whether containing backup and/or archival ESI.

VI.    Computers

Mr. Lee should take immediate steps to preserve all ESI related to Potential Evidence on all computers used by him that in any way relate to the lawsuit.  As to fixed devices:  (1) a true and correct copy is to be made of all such ESI, including all active files and completely restored versions of all deleted electronic files and file fragments; (2) full directory listings (including hidden files) for all directories and subdirectories (including hidden directories) on such fixed devices should be written; and (3) all such copies and listings are to be preserved until all litigation is ended.

With respect to local hard drives, one way to protect existing data is by the creation and authentication of forensically sound images of the drives.  Be advised that a conventional back up of a hard drive is not a forensically sound image.  "Forensically sound ESI preservation" means duplication of all data stored on the evidence media while employing a proper chain of custody and using tools and methods that make no changes to the evidence and support authentication of the duplicate as a true and complete image of the original.  A forensically sound preservation method guards against changes to metadata evidence and preserves all parts of the electronic evidence.

Mr. Lee should similarly take steps to preserve ESI on any and all portable systems.  To the extent that he has sent or received potentially relevant e-mails or created or reviewed potentially relevant documents on portable systems, he must preserve the contents of systems, devices, and media used for these purposes (including not only potentially relevant data from portable and home computers, but also from portable thumb drives, CDs, DVDs, PDAs, smartphones, voice mailboxes, or any other forms of ESI storage) using Forensically sound ESI preservation. Additionally, if Mr. Lee used online or browser-based e-mail accounts (Gmail, etc.) or services to send or receive potentially relevant messages and attachments, including social media accounts (Facebook, Twitter, etc.), the contents of these account mailboxes must be preserved using Forensically sound ESI preservation.

VII.    Evidence Created Or Acquired In The Future

With regard to documents, tangible things, and ESI that are created or come into Mr. Lee's custody, possession, or control subsequent to the date of delivery of this letter, he must preserve all Potential Evidence and take all appropriate action to avoid its destruction.

Litigation Hold – Sang Lee
July 6, 2016
Page 5

VII.    <u>Do Not Delay Preservation</u>

Mr. Lee should not defer preservation steps.  Should his failure to preserve Potential Evidence
result in the corruption, loss or delay in production of evidence to which Plaintiffs are entitled,
such failure would constitute spoliation of evidence, for which sanctions may be available.

Please contact me if you have any questions regarding this letter.

Sincerely,

*/s/ Samantha Wolff*

Samantha Wolff

cc:    Kurt Franklin, Esq.
        Victor Otten, Esq.
        Tyson Shower, Esq.
        Landon Bailey, Esq.
        Caroline Lee, Esq.

**EXHIBIT 5**

Atkinson-Baker Court Reporters
www.depo.com

```
 1                (Plaintiff's Exhibit X* was

 2                marked for identification and

 3                is attached hereto.)

 4   BY MR. OTTEN:

 5      Q.   I'll represent to you that this is a string of

 6   text messages that were given to us by Alan Johnston's

 7   attorneys.

 8           And if you look at -- it says at the top left,

 9   Wednesday, March 30 th.   From Charlie Mowat and this is

10   a group text so I'm going to ask you some questions

11   about who might be on this.   But it attributes to you

12   the following, my source tells me that a class action

13   lawsuit is in the works against the quote, bay boys,

14   and the city of PVE.   Probably that Diana bitch.   Watch

15   out for subpoenas, great time to be on the ultra down

16   low.

17           Do you recall sending that text?

18      A.   Yes.

19      Q.   And who is your source?

20      A.   I don't recall at the time.

21      Q.   Well, your source was it Steve barber?

22      A.   I don't think so.

23      Q.   Who would know about the lawsuit?

24      A.   I don't know.

25      MS. HEWITT:   Calls for speculation.
```

Charles Thomas Mowat - ROUGH
July 21, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1        THE WITNESS:  I probably shouldn't have said that.

 2   BY MR. OTTEN:

 3        Q.   And why are you concerned at all?  You weren't

 4   a defendant.

 5        MS. KARAPETYAN:  Same objection.

 6        THE WITNESS:  I don't know.

 7   BY MR. OTTEN:

 8        Q.   Because she's exposing Lunada Bay and bringing

 9   outsiders there perhaps?  Is that why she was a bitch?

10        MS. LUTZ:  Objection; argumentative.

11        MS. KARAPETYAN:  Calls for speculation vague.

12        THE WITNESS:  No.  I just think she was -- I could

13   tell people's body language and the way people are and

14   she just looked like a bitch to me and a liar.

15   BY MR. OTTEN:

16        Q.   But you never met her?

17        A.   I've seen her.

18        Q.   Okay.  So now you've seen her.  Where did you

19   see her?

20        A.   On the media.  I've never seen her in person,

21   but I saw her on the news or videos or something.

22        Q.   So prior to you writing this text the only

23   place you could have seen her was in a newspaper

24   article, correct?

25        A.   I don't recall.
```

190

Charles Thomas Mowat - ROUGH
July 21, 2017

# EXHIBIT 6

HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
CAROLINE LEE, SBN 293297
clee@hansonbridgett.com
JENNIFER ANIKO FOLDVARY, SBN 292216
jfoldvary@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, | CASE NO. 2:16-cv-02129-SJO (RAOx) <br><br> **PLAINTIFF CORY SPENCER'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT SANG LEE** <br><br> Date:  December 12, 2016 <br> Time:  10:00 a.m. |

12806613.2

| | |
|---|---|
| 1 | Plaintiffs, | Place: Hanson Bridgett LLP, 425 Market Street, 26th Floor, San Francisco, CA 94105 |
| 2 | v. | |

3  LUNADA BAY BOYS; THE
4  INDIVIDUAL MEMBERS OF THE
5  LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT
6  BLAKEMAN, ALAN JOHNSTON
7  AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS,
8  ANGELO FERRARA, FRANK
9  FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS
10  VERDES ESTATES; CHIEF OF
11  POLICE JEFF KEPLEY, in his representative capacity; and DOES
12  1-10,

13            Defendants.
14

15  PROPOUNDING PARTY: Plaintiff Cory Spencer

16  RESPONDING PARTY:    Defendant Sang Lee

17  SET NO.:                    One

18        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff

19  Cory Spencer requests that Defendant Sang Lee produce and permit

20  Plaintiff Cory Spencer to inspect, copy, test, or sample the following items in

21  Defendant's possession, custody, or control.

22        The production and inspection shall take place at Hanson Bridgett

23  LLP, 425 Market Street, 26th Floor, San Francisco, CA 94105, on December

24  12, 2016, at 10:00 a.m., unless other mutually agreeable arrangements are

25  made between counsel of record, and shall continue for so long as may be

26  reasonably required.

27                              **DEFINITIONS**

28        As used in these interrogatories, the terms listed below are defined as

12806613.2

1  follows:

2      1.      "YOU," and "YOUR" includes yourself, your agents, your

3  employees, your attorneys, your accountants, your investigators, and

4  anyone else acting on your behalf.

5      2.      "PLAINTIFF" or "PLAINTIFFS" shall mean Cory Spencer, Diana

6  Milena Reed, and/orthe Coastal Protection Rangers, Inc.

7      3.      "DOCUMENT" or "DOCUMENTS" means any writing of any kind,

8  including originals and all no identical copies (whether different from the

9  originals by reason of any notation made on such copies or otherwise),

10  including without limitation correspondence, text messages, electronic  mail

11  (e-mail), Facebook messages, posts or comments on Facebook or other

12  social media (e.g, Nextdoor, Patch, Instagram, Snapchat, Vine, and

13  YouTube), photographs, videos, memoranda, notes, calendars, diaries, logs,

14  statistics, letters, telegrams, minutes, contracts, reports, studies, checks,

15  invoices, statements, receipts, returns, warranties, guaranties, summaries,

16  pamphlets, books, prospectuses, interoffice and intraoffice communications,

17  offers, notations of any sort of conversation, telephone calls, meetings or

18  other communications, bulletins, magazines, publications, printed matter,

19  photographs, computer printouts, teletypes, telefaxes, invoices, worksheets

20  and all drafts, alterations, modifications, changes and amendments of any of

21  the foregoing, tapes, tape recordings, transcripts, graphic or aural records or

22  representations of any kind, and electronic, mechanical or electric records or

23  representations of any kind, or which you have knowledge or which are now

24  or were formally in your actual or constructive possession, custody or

25  control.  Each draft, annotated, or otherwise non-identical copy is a separate

26  DOCUMENT within the meaning of this term.  DOCUMENTS shall also

27  include any removable sticky notes, flags, or other attachments affixed to

28  any of the foregoing, as well as the files, folder tabs, and labels appended to

1 | or containing any documents.  DOCUMENTS expressly include all
2 | ELECTRONICALLY STORED INFORMATION.

3 |     4.    "ELECTRONICALLY STORED INFORMATION" shall mean the
4 | original (or identical duplicate when the original is not available) and any
5 | non-identical copies (whether non-identical because of notes made on
6 | copies or attached comments, annotations, marks, transmission notations,
7 | or highlighting of any kind) of writings of every kind and description inscribed
8 | by mechanical, facsimile, electronic, magnetic, digital, or other means.
9 | ELECTRONICALLY STORED INFORMATION includes, by way of example
10 | and not by limitation, computer programs (whether private, commercial, or
11 | work-in-progress), programming notes and instructions, activity listings of
12 | email transmittals and receipts, output resulting from the use of any software
13 | program (including word processing documents, spreadsheets, database
14 | files, charts, graphs and outlines), electronic mail, and any and all
15 | miscellaneous files and file fragments, regardless of the media on which
16 | they reside and regardless of whether said ELECTRONICALLY STORED
17 | INFORMATION exists in an active file, deleted file, or file fragment.
18 | ELECTRONICALLY STORED INFORMATION includes without limitation
19 | any and all items stored on computer memories, hard disks, diskettes and
20 | cartridges, network drives, network memory storage, archived tapes and
21 | cartridges, backup tapes, floppy disks, CD-ROMs, removable media,
22 | magnetic tapes of all types, microfiche, and any other media used for digital
23 | data storage or transmittal.  ELECTRONICALLY STORED INFORMATION
24 | also includes the file, folder tabs, and containers and labels appended to or
25 | associated with each original and non-identical copy.

26 |     5.    "POSSESSION, CUSTODY or CONTROL" includes the joint or
27 | several possession, custody or control not only by the person to whom these
28 | interrogatories are addressed, but also the joint or several possession,

12806613.2

-4-

1  custody or control by each or any other person acting or purporting to act on
2  behalf of the person, whether as employee, attorney, accountant, agent,
3  sponsor, spokesman, or otherwise.

4      6.    "RELATING TO," "RELATED TO," "RELATES TO,"
5  or "REFERRING OR RELATING TO" means supports, evidences,
6  describes, mentions, refers to, comprises, constituting, containing,
7  concerning, stating, mentioning, discussing, or in any other way being
8  relevant to that given subject matter.

9      7.    "PERSON" means any natural or juridical person, firm,
10  association, corporation, partnership, proprietorship, joint venture,
11  organization, governmental or public entity, group of natural persons or other
12  association separately identifiable, whether or not such association has a
13  separate juristic existence in its own right.

14      8.    "COMMUNICATION(S)" means any oral, written or electronic
15  transmission of information, including but not limited to DOCUMENTS,
16  ELECTRONIC RECORDS, e-mails, texts, social media posting, meetings,
17  discussions, conversations, telephone calls, telegrams, memoranda, letters,
18  telecopies, telexes, conferences, messages, notes or seminars.

19      9.    "ROCK FORT" means the unpermitted masonry-rock-and-wood
20  structure and seating area on the  northern end of Lunada Bay.

21      10.    "NON-LOCALS" means PERSONS who do not reside within
22  Palos Verdes Estates, PERSONS  who do not regularly surf Lunada Bay, or
23  PERSONS who are not BAY BOYS.

24      11.    For purposes of this Demand for Production of Documents, "BAY
25  BOYS" means any PERSON who has regularly surfed Lunada Bay at any
26  time, and has tried to exclude NON-LOCALS or nonresident beachgoers
27  from using Lunada Bay through intimidation, vandalism, violence, blocking
28  access to the beach (see, e.g., Palos Verdes Estates Municipal Code

-5-

9.16.030), or failing to follow BASIC SURFER ETIQUETTE. It also includes PERSONS who have regularly surfed Lunada Bay, and residents of Palos Verdes Estates, who have supported such efforts to exclude NON-LOCALS.

12.     For purposes of this Demand for Production of Documents, "BASIC SURFER ETIQUETTE" means (a) first surfer up or on the wave closest to the peak has the right away, (b) not dropping in on a surfer already on a wave, (b) paddling wide around the break to get out to the waves, (c) keeping your board under control, hanging on to it, and looking out for other surfers, (d) helping other surfers in trouble.  See, e.g., Palos Verdes Estates Municipal Code 9.16.010.

## INSTRUCTIONS

1.     Please produce all of the specified DOCUMENTS and ELECTRONIC RECORDS which are in YOUR possession, or available to YOU, or to which YOU may gain access through reasonable effort, including information in the possession of YOUR past and present attorneys, accountants, investigators, consultants, or other persons directly or indirectly employed or retained by YOU, or connection with YOU, or anyone else otherwise subject to YOUR control who maintains records on YOUR behalf, in YOUR name or otherwise under YOUR control.

2.     Pursuant to Fed. R. Civ. P. 26(e), you are under a duty to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

3.     All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than one paragraph

1  or are identical except for the person to whom it is addressed if you indicate

2  the persons or group of persons to whom such documents were distributed.

3  Documents that in their original condition were stapled, clipped, or otherwise

4  fastened together shall be produced in such form.  Please place the

5  documents called for by each paragraph in a separate file folder or other

6  enclosure marked with Defendant's name and the paragraph to which such

7  documents respond, and if any document is responsive to more than one

8  request, indicate each request to which it responds.

9      4.    With respect to DOCUMENTS that can be described as

10  ELECTRONIC RECORDS, those DOCUMENTS shall be produced in the

11  particular format identified below as determined by the type of

12  ELECTRONIC RECORDS at issue, unless otherwise agreed to by the

13  parties prior to the response deadline.

14      &bull; Electronic mail ("email" and text messages) shall be produced in

15        TIFF format embedded with Bates numbers along with load files

16        for Concordance Software containing the email text and

17        metadata.

18      &bull; Word processing documents, including but not limited to

19        PowerPoint presentations, shall be produced in TIFF format

20        embedded with Bates numbers along with load files for

21        Concordance Software containing the text and metadata.

22      &bull; Excel Spreadsheets shall be produced in Native format with a

23        branded placeholder TIFF image, text, metadata and a link to the

24        Native file named by the Bates number.

25      &bull; Structured data, such as data populating a digital flat-file,

26        relational, or enterprise database, shall be produced in the form

27        of summary reports or CSV files and, upon request, YOU shall

28        make this data available in native format for Plaintiffs' review.

12806613.2

-7-

1         •   Scanned paper shall be produced in its electronic form

2             embedded with Bates numbers along with all existing

3             bibliographic coding and Optical Character Recognition ("OCR").

4      By providing the above list of the more common forms of

5  ELECTRONIC RECORDS, PLAINTIFFS do not intend to waive their rights

6  to specify the form(s) in which any other type of ELECTRONIC RECORDS

7  are produced.  If the type of ELECTRONIC RECORDS to be produced is not

8  identified above, PLAINTIFFS request that YOU meet and confer regarding

9  the format in which that ELECTRONIC RECORDS shall be produced prior to

10  the response deadline.

11      5.    For any document withheld under a claim of privilege, submit a

12  sworn or certified statement from your counsel or one of your employees in

13  which you identify the document by author, addressee, date, number of

14  pages, and subject matter; specify the nature and basis of the claimed

15  privilege and the paragraph of this demand for documents to which the

16  document is responsive; and identify each person to whom the document or

17  its contents, or any part thereof, has been disclosed.

18      6.    For any document responsive to these document requests which

19  is known to have been destroyed or lost, or is otherwise unavailable, identify

20  each such document by author, addressee, date, number of pages, and

21  subject matter; and explain in detail the events leading to the destruction or

22  loss, or the reason for the unavailability of such document, including the

23  location of such document when last in your possession, custody, or control,

24  and the date and manner of its disposition.

25      7.    In responding to any document request that calls for documents

26  relating to "any person," or "each person," include information or documents

27  relating to your company, if applicable.

28      8.    Each document that is written in whole or in part in any language

PLAINTIFF CORY SPENCER'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT
SANG LEE

1  other than English or that contains any marginal notations in such a
2  language must be accompanied by a certified verbatim English language
3  translation, and all existing English language versions, of all such writings
4  and notations.

5  **REQUESTS FOR PRODUCTION**

6  **REQUEST FOR PRODUCTION NO. 1:**

7      Any and all DOCUMENTS, REFERRING or RELATED TO any
8  PLAINTIFF.

9  **REQUEST FOR PRODUCTION NO. 2:**

10      Any and all DOCUMENTS, REFERRING or RELATED TO the
11  incident that occurred at Lunada Bay involving YOU and John MacHarg on
12  February 1, 2016.

13  **REQUEST FOR PRODUCTION NO. 3:**

14      Any and all DOCUMENTS, REFERRING or RELATED TO the
15  incident that occurred at Lunada Bay involving Sef Krell on or around
16  November 15, 2014.

17  **REQUEST FOR PRODUCTION NO. 4:**

18      Any and all DOCUMENTS REFERRING or RELATED TO  a surfing
19  event organized by Chris Taloa at Lunada Bay for Martin Luther King, Jr.
20  Day that occurred at Lunada Bay on January 20, 2014.

21  **REQUEST FOR PRODUCTION NO. 5:**

22      Any and all DOCUMENTS, REFERRING or RELATED TO the incident
23  that occurred at Lunada Bay involving Michael Rae Papayans and Chris
24  Taloa on or around March 6, 2014.

25  **REQUEST FOR PRODUCTION NO. 6:**

26      Any and all DOCUMENTS, REFERRING or RELATED TO
27  Christopher Taloa.

28

**REQUEST FOR PRODUCTION NO. 7:**

Any and all DOCUMENTS, REFERRING or RELATED TO the Aloha Point Facebook page.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all DOCUMENTS, REFERRING or RELATED TO the ROCK FORT.

**REQUEST FOR PRODUCTION NO. 9:**

Any COMMUNICATION with PERSONS who are interested in protecting Lunada Bay from use by NON-LOCALS.

**REQUEST FOR PRODUCTION NO. 10:**

Any texts messages with surfers who regularly surf, or have regularly surfed, Lunada Bay.

**REQUEST FOR PRODUCTION NO. 11:**

Any emails with surfers who regularly surf, or have regularly surfed, Lunada Bay.

**REQUEST FOR PRODUCTION NO. 12:**

Any text messages or records of phone calls with a co-defendant in this matter.

**REQUEST FOR PRODUCTION NO. 13:**

Any emails to or from a co-defendant in this matter.

**REQUEST FOR PRODUCTION NO. 14:**

Any text messages or records of a phone call with Hank Harper.

**REQUEST FOR PRODUCTION NO. 15:**

Any emails to or from Hank Harper.

**REQUEST FOR PRODUCTION NO. 16:**

Any text messages or records of a phone call with Frank Ponce.

**REQUEST FOR PRODUCTION NO. 17:**

Any emails to or from Frank Ponce.

12806613.2

PLAINTIFF CORY SPENCER'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT SANG LEE

**REQUEST FOR PRODUCTION NO. 18:**

Any text messages or records of a phone call with David Melo.

**REQUEST FOR PRODUCTION NO. 19:**

Any emails to or from David Melo.

**REQUEST FOR PRODUCTION NO. 20:**

Any text messages or records of a phone call with Mark Griep.

**REQUEST FOR PRODUCTION NO. 21:**

Any emails to or from Mark Griep.

**REQUEST FOR PRODUCTION NO. 22:**

Any text messages or records of a phone call with Kelly Logan.

**REQUEST FOR PRODUCTION NO. 23:**

Any emails to or from Kelly Logan.

**REQUEST FOR PRODUCTION NO. 24:**

Any text messages or records of a phone call with Daniel Dreiling, Jr.

**REQUEST FOR PRODUCTION NO. 25:**

Any emails to or from Daniel Dreiling, Jr.

**REQUEST FOR PRODUCTION NO. 26:**

Any text messages or records of a phone call with Adam Dia.

**REQUEST FOR PRODUCTION NO. 27:**

Any emails to or from Adam Dia.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all DOCUMENTS REFERENCING surfers who regularly surf at Lunada Bay.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all DOCUMENTS REFERRING or RELATED TO NON-LOCALS at Lunada Bay.

**REQUEST FOR PRODUCTION NO. 30:**

Any COMMUNICATION with PERSONS who regularly surf at Lunada

12806613.2

-11-

1    Bay, or who are considered locals at Lunada Bay.

2    **REQUEST FOR PRODUCTION NO. 31:**

3    YOUR cell phone bills since January 1, 2013.

4    **REQUEST FOR PRODUCTION NO. 32:**

5    Any and all DOCUMENTS REFERRING or RELATED TO the Palos

6    Verdes Estates Police Department.

7    **REQUEST FOR PRODUCTION NO. 33:**

8    Any and all DOCUMENTS REFERRING or RELATED TO the City of

9    Palos Verdes Estates, including but not limited to, its current or former City

10   Manager, current or former Mayor, current or former City Council, or current

11   or former individual members of the City Council.

12   **REQUEST FOR PRODUCTION NO. 34:**

13   Any and all DOCUMENTS REFERRING or RELATED TO the City of

14   Palos Verdes Estates Neighborhood Watch.

15   **REQUEST FOR PRODUCTION NO. 35:**

16   Any and all DOCUMENTS REFERRING or RELATED TO the Palos

17   Verdes Homes Association.

18   **REQUEST FOR PRODUCTION NO. 36:**

19   YOUR Homeowners Insurance Policy for all policy years from 2012 to

20   present.

21   **REQUEST FOR PRODUCTION NO. 37:**

22   Any and all DOCUMENTS REFERRING or RELATED TO an incident

23   occurring at Lunada Bay on November 28, 2009 involving the Palos Verdes

24   Estates Police Department.

25   **REQUEST FOR PRODUCTION NO. 38:**

26   Any and all DOCUMENTS or COMMUNICATIONS REFERRING or

27   RELATED TO an undercover video recorded by reporters from The

28   Guardian at Lunada Bay in or around May 2015.

1 | **REQUEST FOR PRODUCTION NO. 39**:

2 | Any text messages to or from Peter Babros.

3 | **REQUEST FOR PRODUCTION NO. 40**:

4 | Any emails to or from Peter Babros.

5 | **REQUEST FOR PRODUCTION NO. 41**:

6 | Any text messages to or from Joel Milam.

7 | **REQUEST FOR PRODUCTION NO. 42**:

8 | Any emails to or from Joel Milam.

9 | **REQUEST FOR PRODUCTION NO. 43**:

10 | Any text messages to or from Joe Bark.

11 | **REQUEST FOR PRODUCTION NO. 44**:

12 | Any emails to or from Joe Bark.

13 | **REQUEST FOR PRODUCTION NO. 45**:

14 | Any text messages to or from Charles Thomas Mowatt.

15 | **REQUEST FOR PRODUCTION NO. 46**:

16 | Any emails to or from Charles Thomas Mowatt.

17 | **REQUEST FOR PRODUCTION NO. 47**:

18 | Any text messages to or from Fred Strater.

19 | **REQUEST FOR PRODUCTION NO. 48**:

20 | Any emails to or from Fred Strater.

21 | **REQUEST FOR PRODUCTION NO. 49**:

22 | Any text messages to or from Michael S. Papayans.

23 | **REQUEST FOR PRODUCTION NO. 50**:

24 | Any emails to or from Michael S. Papayans.

25 | **REQUEST FOR PRODUCTION NO. 51**:

26 | Any text messages to or from Jon Lund.

27 | **REQUEST FOR PRODUCTION NO. 52**:

28 | Any emails to or from Jon Lund.

PLAINTIFF CORY SPENCER'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT SANG LEE

1    **REQUEST FOR PRODUCTION NO. 53**:

2        Any text messages to or from David Hilton.

3    **REQUEST FOR PRODUCTION NO. 54**:

4        Any emails to or from David Hilton.

5

6    DATED: November 7. 2016            HANSON BRIDGETT LLP

7

8                                    By:_____

9                                       KURT A. FRANKLIN
                                        SAMANTHA D. WOLFF
                                        CAROLINE ELIZABETH LEE
10                                      JENNIFER ANIKO FOLDVARY
                                        TYSON M. SHOWER
11                                      LANDON D. BAILEY
                                        Attorneys for Plaintiffs
12                                      CORY SPENCER, DIANA MILENA
                                        REED, and COASTAL PROTECTION
13                                      RANGERS. INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12806613.2                              -14-
            PLAINTIFF CORY SPENCER'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT
            SANG LEE

**PROOF OF SERVICE**

*Spencer, et al. v. Lunada Bay Boys, et al.; USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)*

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 425 Market Street, 26th Floor, San Francisco, CA 94105.

On November 7, 2016, I served true copies of the following document(s) described as **PLAINTIFF CORY SPENCER'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT SANG LEE** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Hanson Bridgett LLP's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 7, 2016, at San Francisco, California.

Ambra S. Jackson

12806613.2

PLAINTIFF CORY SPENCER'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT SANG LEE

## SERVICE LIST

***Spencer, et al. v. Lunada Bay Boys, et al.;*** **USDC, Central District of California, Case No. 2:16-cv-02129-SJO (RAOx)**

| | |
|---|---|
| Robert T. Mackey<br>Peter H. Crossin<br>Richard P. Dieffenbach<br>John P. Worgul<br>VEATCH CARLSON, LLP<br>1055 Wilshire Blvd., 11th Floor<br>Los Angeles CA 90017 | *(Attorneys for Defendant BRANT BLAKEMAN)*<br><br>Tel:   213.381.2861<br>Fax:  213.383.6370<br>E-Mail: rmackey@veatchfirm.com<br>            pcrossin@veatchfirm.com<br>            rdieffenbach@veatchfirm.com<br>            jworgul@veatchfirm.com |
| Robert S. Cooper<br>BUCHALTER NEMER, APC<br>1000 Wilshire Blvd., Suite 1500<br>Los Angeles CA 90017 | *(Attorneys for Defendant BRANT BLAKEMAN)*<br><br>Tel:   213.891.0700<br>Fax:  213.896.0400<br>E-Mail: rcooper@buchalter.com |
| J. Patrick Carey<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Ave., Suite 300<br>Manhattan Beach CA 90266 | *(Attorney for Defendant ALAN JOHNSTON a/k/a JALIAN JOHNSTON)*<br><br>Tel:   310.526.2237<br>Fax:  424.456.3131<br>E-Mail: pat@patcareylaw.com |
| Peter T. Haven<br>HAVEN LAW<br>1230 Rosecrans Ave., Suite 300<br>Manhattan Beach, CA 90266 | *(Attorney for Defendant MICHAEL RAY PAPAYANS)*<br><br>Tel:   310.272.5353<br>Fax:  213.477.2137<br>E-Mail: peter@hblwfirm.us<br>            peter@havenlaw.com |
| Edwin J. Richards<br>Antoinette P. Hewitt<br>Rebecca L. Wilson<br>Jacob Song<br>Christopher D. Glos<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine CA 92614-8595 | *(Attorneys for Defendants CITY OF PALOS VERDES and CHIEF OF POLICE JEFF KEPLEY)*<br><br>Tel:   949.417.0999<br>Fax:  949.417.5394<br>E-Mail: ed.richards@kutakrock.com<br>            jacob.song@kutakrock.com<br>            antoinette.hewitt@kutakrock.com<br>            rebecca.wilson@kutakrock.com |

12806613.2

PLAINTIFF CORY SPENCER'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT SANG LEE

1   Dana Alden Fox
    Edward E. Ward, Jr.
2   Eric Y. Kizirian
    Tera Lutz
3   LEWIS BRISBOIS BISGAARD &
    SMITH LLP
4   633 W. 5th Street, Suite 4000
    Los Angeles CA 90071
5
    Daniel M. Crowley
6   BOOTH, MITCHEL & STRANGE
    LLP
7   707 Wilshire Blvd., Suite 4450
    Los Angeles CA 90017
8
    Mark C. Fields
9   LAW OFFICES OF MARK C.
    FIELDS, APC
10  333 South Hope Street, 35th Floor
    Los Angeles CA 90071
11
12
13  Thomas M. Phillip
    Aaron G. Miller
14  THE PHILLIPS FIRM
    800 Wilshire Blvd., Suite 1550
15  Los Angeles CA 90017
16
    Patrick Au
17  Laura L. Bell
    BREMER WHYTE BROWN &
18  O'MEARA, LLP
    21271 Burbank Blvd., Suite 110
19  Woodland Hills CA 91367
20
21
22
23
24
25
26
27
28

*(Attorneys for Defendant SANG LEE)*

Tel:   213.580.3858
Fax:  213.250.7900
E-Mail: dana.fox@lewisbrisbois.com
        edward.ward@lewisbrisbois.com
        eric.kizirian@lewisbrisbois.com
        tera.lutz@lewisbrisbois.com

*(Attorneys for Defendant SANG LEE)*

Tel:   213.738.0100
Fax:  213.380.3308
E-Mail: dmcrowley@boothmitchel.com

*(Attorney for Defendant ANGELO
FERRARA and Defendant N. F.
appearing through Guardian Ad Litem,
Leonora Ferrara)*

Tel:   213.948.2349
Fax:  213.629.4520
E-Mail: fields@markfieldslaw.com

*(Attorneys for Defendant ANGELO
FERRARA)*

Tel:   213.244.9913
Fax:  213.250.7900
E-Mail: tphillips@thephillipsfirm.com

*(Attorneys for Defendants FRANK
FERRARA and CHARLIE FERRARA)*

Tel:   818.712.9800
Fax:  818.712.9900
E-Mail: pau@bremerwhyte.com
        lbell@bremerwhyte.com

12806613.2

PLAINTIFF CORY SPENCER'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT
SANG LEE

# EXHIBIT 7

**LEWIS BRISBOIS BISGAARD & SMITH** LLP
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
EDWARD EARL WARD JR. SB#249006
  E-Mail: Edward.Ward@lewisbrisbois.com
ERIC Y. KIZIRIAN, SB# 210584
  E-Mail: Eric.Kizirian@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant SANG LEE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA; and    N.F.   ; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>        Defendants. | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>Assigned District Judge Hon. S. James Otero, Courtroom 10C<br><br>Discovery Assigned to Magistrate Judge Hon. Rozella A. Oliver<br><br>**RESPONSES OF DEFENDANT SANG LEE TO CORY SPENCER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>Date:  December 12, 2016<br><br>Complaint filed:   March 29, 2016<br>Trial Date:        November 7, 2017 |

RESPONSES OF DEFENDANT SANG LEE TO CORY SPENCER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  PROPOUNDING PARTY:            Plaintiff CORY SPENCER

2  RESPONDING PARTY:             Defendant SANG LEE

3  SET NO.:                      One

4      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant,

5  SANG LEE (hereinafter "Defendant" or "Responding Party"), hereby responds to

6  Plaintiff, CORY SPENCER's Request for Production, of Documents, Set One,

7  served November 7, 2016, via mail service.

8                          **GENERAL RESPONSE**

9      Discovery in this action is continuing, and responding party has not yet had a

10 reasonable opportunity to complete its investigation.  The following responses and

11 objections state responding party's knowledge, information and belief as of the date

12 of such responses and responding party expressly reserves its right to rely upon

13 and/or introduce into evidence at trial such additional information or facts as it may

14 discover hereafter.

15                         **GENERAL OBJECTIONS**

16     Defendant objects generally to any request to the extent that it calls for

17 the disclosure of classified or confidential information, the disclosure of which

18 might competitively injure Defendant or which might violate Defendant's right to

19 privacy as guaranteed under both the United States and the California Constitutions.

20     B.    Defendant objects generally to any request to the extent that it calls for

21 information which is subject to the claim of privilege, including, without limitation,

22 attorney-client privilege and attorney work-product privilege, which counsel and its

23 client hereby assert.

24     C.    Defendant will make reasonable efforts to respond to every request to

25 the extent that it has not been objected to and to the extent that Defendant

26 understands the request.  If plaintiff subsequently asserts an interpretation of a

27 request which differs from that given to it by Defendant, then Defendant reserves

28 the right to supplement its objections.

4829-6323-2573.1
2
2:16-cv-2129

RESPONSES OF DEFENDANT SANG LEE TO CORY SPENCER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## RESPONSES TO REQUEST FOR PRODUCTION, SET ONE

**REQUEST FOR PRODUCTION NO. 1:**

Any and all DOCUMENTS, REFERRING or RELATED TO any PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

After a diligent search and reasonable inquiry, responding party is not in possession, custody or control of any documents responsive to this request. Discovery and investigation are continuing and responding party reserves the right to amend this response at a later date.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS, REFERRING or RELATED TO the incident that occurred at Lunada Bay involving YOU and John MacHarg on February 1, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

After a diligent search and reasonable inquiry, responding party is not in possession, custody or control of any documents responsive to this request. Discovery and investigation are continuing and responding party reserves the right to amend this response at a later date.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all DOCUMENTS, REFERRING or RELATED TO the incident that occurred at Lunada Bay involving Sef Krell on or around November 15, 2014.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

After a diligent search and reasonable inquiry, responding party is not in possession, custody or control of any documents responsive to this request. Discovery and investigation are continuing and responding party reserves the right to amend this response at a later date.

/ / /

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6323-2573.1                                3                                2:16-cv-2129
RESPONSES OF DEFENDANT SANG LEE TO CORY SPENCER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  **REQUEST FOR PRODUCTION NO. 4:**

2      Any and all DOCUMENTS, REFERRING or RELATED TO a surfing event

3  organized by Christ Taloa at Lunada Bay for Martin Luther King, Jr. Day that

4  occurred at Lunada Bay on January 20, 2014.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

6      Objection. Vague, ambiguous, overbroad. However, without waiving said

7  objections: Defendant agrees to produce all non- privileged responsive documents in

8  its possession, custody, or control.

9  **REQUEST FOR PRODUCTION NO. 5:**

10      Any and all DOCUMENTS, REFERRING or RELATED TO the incident that

11  occurred at Lunada Bay involving Michel Rae Papayans and Christ Taloa on or

12  around March 6, 2014.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

14      After a diligent search and reasonable inquiry, responding party is not in

15  possession, custody or control of any documents responsive to this request.

16  Discovery and investigation are continuing and responding party reserves the right

17  to amend this response at a later date.

18  **REQUEST FOR PRODUCTION NO. 6:**

19      Any and all DOCUMENTS, REFERRING or RELATED TO Christopher

20  Taloa.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

22      After a diligent search and reasonable inquiry, responding party is not in

23  possession, custody or control of any documents responsive to this request.

24  Discovery and investigation are continuing and responding party reserves the right

25  to amend this response at a later date.

26  **REQUEST FOR PRODUCTION NO. 7:**

27      Any and all DOCUMENTS, REFERRING or RELATED TO the Aloha Point

28  Facebook page.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6323-2573.1                                   4                          2:16-cv-2129
RESPONSES OF DEFENDANT SANG LEE TO CORY SPENCER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

2      After a diligent search and reasonable inquiry, responding party is not in

3  possession, custody or control of any documents responsive to this request.

4  Discovery and investigation are continuing and responding party reserves the right

5  to amend this response at a later date.

6  **REQUEST FOR PRODUCTION NO. 8:**

7      Any and all DOCUMENTS, REFERRING or RELATED TO the ROCK

8  FORT.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

10     Objection.  Vague, ambiguous, overbroad.  However, without waiving said

11  objections: Defendant agrees to produce all non- privileged responsive documents in

12  its possession, custody, or control.

13  **REQUEST FOR PRODUCTION NO. 9:**

14     Any COMMUNICATION with PERSONS who are interested in protecting

15  Lunada Bay from use by NON-LOCALS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

17     Objection.  Vague, ambiguous, overbroad.  However, without waiving said

18  objections: Defendant agrees to produce all non- privileged responsive documents in

19  its possession, custody, or control.

20  **REQUEST FOR PRODUCTION NO. 10:**

21     Any text messages with surfers who regularly surf, or have regularly surfed,

22  Lunada Bay.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

24     Objection.  Vague, ambiguous, overbroad.  Calls for legal conclusion.

25  Premature as to facts of the case have yet to be presented. Unintelligible and

26  nonsensical inasmuch as it seeks communications "with surfers who regularly surf."

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  **REQUEST FOR PRODUCTION NO. 11:**

2      Any emails with surfers who regularly surf, or have regularly surfed, Lunada

3  Bay.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

5      Objection.  Vague, ambiguous, overbroad.  Calls for legal conclusion.

6  Premature as to facts of the case have yet to be presented. Unintelligible and

7  nonsensical inasmuch as it seeks communications "with surfers who regularly surf."

8  **REQUEST FOR PRODUCTION NO. 12:**

9      Any text messages or records of phone calls with a co-defendant in this

10  matter.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

12      Objection.  Vague, ambiguous, overbroad.  However, without waiving said

13  objections: Defendant agrees to produce all non- privileged responsive documents in

14  its possession, custody, or control.

15  **REQUEST FOR PRODUCTION NO. 13:**

16      Any emails to or from a co-defendant in this matter.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

18      Objection.  Vague, ambiguous, overbroad.  However, without waiving said

19  objections: Defendant agrees to produce all non- privileged responsive documents in

20  its possession, custody, or control.

21  **REQUEST FOR PRODUCTION NO. 14:**

22      Any text messages or records of a phone call with Hank Harper.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

24      After a diligent search and reasonable inquiry, responding party is not in

25  possession, custody or control of any documents responsive to this request.

26  Discovery and investigation are continuing and responding party reserves the right

27  to amend this response at a later date.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6323-2573.1                                6                                2:16-cv-2129
RESPONSES OF DEFENDANT SANG LEE TO CORY SPENCER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  **REQUEST FOR PRODUCTION NO. 15:**

2      Any emails to or from Hank Harper.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

4      After a diligent search and reasonable inquiry, responding party is not in

5  possession, custody or control of any documents responsive to this request.

6  Discovery and investigation are continuing and responding party reserves the right

7  to amend this response at a later date.

8  **REQUEST FOR PRODUCTION NO. 16:**

9      Any text messages or records of a phone call with Frank Ponce.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

11     After a diligent search and reasonable inquiry, responding party is not in

12 possession, custody or control of any documents responsive to this request.

13 Discovery and investigation are continuing and responding party reserves the right

14 to amend this response at a later date.

15 **REQUEST FOR PRODUCTION NO. 17:**

16     Any emails to or from Frank Ponce.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

18     After a diligent search and reasonable inquiry, responding party is not in

19 possession, custody or control of any documents responsive to this request.

20 Discovery and investigation are continuing and responding party reserves the right

21 to amend this response at a later date.

22 **REQUEST FOR PRODUCTION NO. 18:**

23     Any text messages or records of a phone call with David Melo.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

25     Objection. Vague, ambiguous, overbroad.  However, without waiving said

26 objections: Defendant agrees to produce all non- privileged responsive documents in

27 its possession, custody, or control.

28 / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6323-2573.1                                7                              2:16-cv-2129
RESPONSES OF DEFENDANT SANG LEE TO CORY SPENCER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1 **REQUEST FOR PRODUCTION NO. 19:**

2    Any emails to or from David Melo.

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

4    Objection.  Vague, ambiguous, overbroad.  However, without waiving said

5 objections: Defendant agrees to produce all non- privileged responsive documents in

6 its possession, custody, or control.

7 **REQUEST FOR PRODUCTION NO. 20:**

8    Any text messages or records of a phone call with Mark Griep.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

10    After a diligent search and reasonable inquiry, responding party is not in

11 possession, custody or control of any documents responsive to this request.

12 Discovery and investigation are continuing and responding party reserves the right

13 to amend this response at a later date.

14 **REQUEST FOR PRODUCTION NO. 21:**

15    Any emails to or from Mark Griep.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

17    Objection.  Vague, ambiguous, overbroad.  However, without waiving said

18 objections: Defendant agrees to produce all non- privileged responsive documents in

19 its possession, custody, or control.

20 **REQUEST FOR PRODUCTION NO. 22:**

21    Any text messages or records of a phone call with Kelly Logan.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

23    After a diligent search and reasonable inquiry, responding party is not in

24 possession, custody or control of any documents responsive to this request.

25 Discovery and investigation are continuing and responding party reserves the right

26 to amend this response at a later date.

27 **REQUEST FOR PRODUCTION NO. 23:**

28    Any emails to or from Kelly Logan.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6323-2573.1                                                8                                          2:16-cv-2129

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

2    After a diligent search and reasonable inquiry, responding party is not in

3 possession, custody or control of any documents responsive to this request.

4 Discovery and investigation are continuing and responding party reserves the right

5 to amend this response at a later date.

6 **REQUEST FOR PRODUCTION NO. 24:**

7    Any text messages or records of a phone call with Daniel Dreiling, Jr.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

9    After a diligent search and reasonable inquiry, responding party is not in

10 possession, custody or control of any documents responsive to this request.

11 Discovery and investigation are continuing and responding party reserves the right

12 to amend this response at a later date.

13 **REQUEST FOR PRODUCTION NO. 25:**

14    Any emails to or from Daniel Dreiling, Jr.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

16    After a diligent search and reasonable inquiry, responding party is not in

17 possession, custody or control of any documents responsive to this request.

18 Discovery and investigation are continuing and responding party reserves the right

19 to amend this response at a later date.

20 **REQUEST FOR PRODUCTION NO. 26:**

21    Any text messages or records of a phone call with Adam Dia.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

23    After a diligent search and reasonable inquiry, responding party is not in

24 possession, custody or control of any documents responsive to this request.

25 Discovery and investigation are continuing and responding party reserves the right

26 to amend this response at a later date.

27 **REQUEST FOR PRODUCTION NO. 27:**

28    Any emails to or from Adam Dia.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

RESPONSES OF DEFENDANT SANG LEE TO CORY SPENCER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

After a diligent search and reasonable inquiry, responding party is not in possession, custody or control of any documents responsive to this request. Discovery and investigation are continuing and responding party reserves the right to amend this response at a later date.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all DOCUMENTS REFERENCING surfers who regularly surf at Lunada Bay.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection. Vague, ambiguous, overbroad. Calls for legal conclusion. Premature as to facts of the case have yet to be presented. Unintelligible and nonsensical inasmuch as it seeks communications "with surfers who regularly surf."

**REQUEST FOR PRODUCTION NO. 29:**

Any and all DOCUMENTS REFERRING or RELATED TO NON-LOCALS at Lunada Bay.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection. Vague, ambiguous, overbroad. However, without waiving said objections: Defendant agrees to produce all non- privileged responsive documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30:**

Any COMMUNICATION with PERSONS who regularly surf at Lunada Bay, or who are considered locals at Lunada Bay.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection. Vague, ambiguous, overbroad. Calls for legal conclusion. Premature as to facts of the case have yet to be presented. Unintelligible and nonsensical inasmuch as it seeks communication with persons "who regularly surf at Lunada Bay."

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6323-2573.1

10

2:16-cv-2129

RESPONSES OF DEFENDANT SANG LEE TO CORY SPENCER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  **REQUEST FOR PRODUCTION NO. 31:**

2      Your cell phone bills since January 1, 2013.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

4      Defendant objects to this request to the extent it seeks information protected

5  by fundamental federal and state and privacy principals, privileges, and laws.

6  Defendant objects to the extent such documents are not reasonably calculated to lead

7  to the discovery of admissible evidence.

8  **REQUEST FOR PRODUCTION NO. 32:**

9      Any and all DOCUMENTS, REFERRING or RELATED TO the Palos

10 Verdes Estates Police Department.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

12     After a diligent search and reasonable inquiry, responding party is not in

13 possession, custody or control of any documents responsive to this request.

14 Discovery and investigation are continuing and responding party reserves the right

15 to amend this response at a later date.

16 **REQUEST FOR PRODUCTION NO. 33:**

17     Any and all DOCUMENTS REFERRING TO or RELATED TO the City of

18 Palos Verdes Estates, including but not limited to, its current or former City

19 Manager, current or former Mayor, current or former City Council, or current or

20 former individual members of the City Council.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

22     After a diligent search and reasonable inquiry, responding party is not in

23 possession, custody or control of any documents responsive to this request.

24 Discovery and investigation are continuing and responding party reserves the right

25 to amend this response at a later date.

26 **REQUEST FOR PRODUCTION NO. 34:**

27     Any and all DOCUMENTS REFERRING or RELATED TO the City of Palos

28 Verdes Estates Neighborhood Watch.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6323-2573.1                                    11                                    2:16-cv-2129
RESPONSES OF DEFENDANT SANG LEE TO CORY SPENCER'S REQUESTS FOR PRODUCTION OF
DOCUMENTS, SET ONE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

2        After a diligent search and reasonable inquiry, responding party is not in

3  possession, custody or control of any documents responsive to this request.

4  Discovery and investigation are continuing and responding party reserves the right

5  to amend this response at a later date.

6  **REQUEST FOR PRODUCTION NO. 35:**

7        Any and all DOCUMENTS REFERRING or RELATED TO the Palos

8  Verdes Homes Association.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

10        After a diligent search and reasonable inquiry, responding party is not in

11  possession, custody or control of any documents responsive to this request.

12  Discovery and investigation are continuing and responding party reserves the right

13  to amend this response at a later date.

14  **REQUEST FOR PRODUCTION NO. 36:**

15        YOUR Homeowners Insurance Policy for all policy years from 2012 to

16  present.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

18        After a diligent search and reasonable inquiry, responding party is not in

19  possession, custody or control of any documents responsive to this request as he is

20  not a homeowner. Discovery and investigation are continuing and responding party

21  reserves the right to amend this response at a later date.

22  **REQUEST FOR PRODUCTION NO. 37:**

23        Any and all DOCUMENTS REFERRING or RELATED TO an incident

24  occurring at Lunada By on November 28, 2009 involving the Palos Verdes Estates

25  Police Department.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

27        After a diligent search and reasonable inquiry, responding party is not in

28  possession, custody or control of any documents responsive to this request.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6323-2573.1                                                               2:16-cv-2129
12
RESPONSES OF DEFENDANT SANG LEE TO CORY SPENCER'S REQUESTS FOR PRODUCTION OF
DOCUMENTS, SET ONE

1 | Discovery and investigation are continuing and responding party reserves the right

2 | to amend this response at a later date.

3 | **REQUEST FOR PRODUCTION NO. 38:**

4 | Any and all DOCUMENS or COMMUNCIATIONS REFERRING or

5 | RELATED TO an undercover video recorded by reporters from The Guardian at

6 | Lunada Bay in or around May 2015.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

8 | After a diligent search and reasonable inquiry, responding party is not in

9 | possession, custody or control of any documents responsive to this request.

10 | Discovery and investigation are continuing and responding party reserves the right

11 | to amend this response at a later date.

12 | **REQUEST FOR PRODUCTION NO. 39:**

13 | Any text messages to or from Peter Babros.

14 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

15 | Objection.  Vague, ambiguous, overbroad.  However, without waiving said

16 | objections: Defendant agrees to produce all non- privileged responsive documents in

17 | its possession, custody, or control.

18 | **REQUEST FOR PRODUCTION NO. 40:**

19 | Any emails to or from Peter Babros.

20 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

21 | Objection.  Vague, ambiguous, overbroad.  However, without waiving said

22 | objections: Defendant agrees to produce all non- privileged responsive documents in

23 | its possession, custody, or control.

24 | **REQUEST FOR PRODUCTION NO. 41:**

25 | Any text messages to or from Joel Milam.

26 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

27 | After a diligent search and reasonable inquiry, responding party is not in

28 | possession, custody or control of any documents responsive to this request.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6323-2573.1                                                  13                                            2:16-cv-2129

RESPONSES OF DEFENDANT SANG LEE TO CORY SPENCER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1 | Discovery and investigation are continuing and responding party reserves the right
2 | to amend this response at a later date.

3 | **REQUEST FOR PRODUCTION NO. 42:**

4 |       Any emails to or from Joel Milam.

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

6 |       After a diligent search and reasonable inquiry, responding party is not in
7 | possession, custody or control of any documents responsive to this request.
8 | Discovery and investigation are continuing and responding party reserves the right
9 | to amend this response at a later date.

10 | **REQUEST FOR PRODUCTION NO. 43:**

11 |       Any text messages to or from Joe Bark.

12 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

13 |       After a diligent search and reasonable inquiry, responding party is not in
14 | possession, custody or control of any documents responsive to this request.
15 | Discovery and investigation are continuing and responding party reserves the right
16 | to amend this response at a later date.

17 | **REQUEST FOR PRODUCTION NO. 44:**

18 |       Any emails to or from Joe Bark.

19 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

20 |       After a diligent search and reasonable inquiry, responding party is not in
21 | possession, custody or control of any documents responsive to this request.
22 | Discovery and investigation are continuing and responding party reserves the right
23 | to amend this response at a later date.

24 | **REQUEST FOR PRODUCTION NO. 45:**

25 |       Any text messages to or from Charles Thomas Mowatt.

26 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

27 |       Objection.  Vague, ambiguous, overbroad.  However, without waiving said
28 | objections: Defendant agrees to produce all non- privileged responsive documents in

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   its possession, custody, or control.

2   **REQUEST FOR PRODUCTION NO. 46:**

3       Any emails to or from Charles Thomas Mowatt.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

5       Objection.  Vague, ambiguous, overbroad.  However, without waiving said

6   objections: Defendant agrees to produce all non- privileged responsive documents in

7   its possession, custody, or control.

8   **REQUEST FOR PRODUCTION NO. 47:**

9       Any text messages to or from Fred Strater.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

11       After a diligent search and reasonable inquiry, responding party is not in

12   possession, custody or control of any documents responsive to this request.

13   Discovery and investigation are continuing and responding party reserves the right

14   to amend this response at a later date.

15   **REQUEST FOR PRODUCTION NO. 48:**

16       Any emails to or from Fred Strater.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

18       After a diligent search and reasonable inquiry, responding party is not in

19   possession, custody or control of any documents responsive to this request.

20   Discovery and investigation are continuing and responding party reserves the right

21   to amend this response at a later date.

22   **REQUEST FOR PRODUCTION NO. 49:**

23       Any text messages to or from Michael S. Papayans.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

25       After a diligent search and reasonable inquiry, responding party is not in

26   possession, custody or control of any documents responsive to this request.

27   Discovery and investigation are continuing and responding party reserves the right

28   to amend this response at a later date.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | **REQUEST FOR PRODUCTION NO. 50:**

2 |      Any emails to or from Michael S. Papayans.

3 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

4 |      After a diligent search and reasonable inquiry, responding party is not in

5 | possession, custody or control of any documents responsive to this request.

6 | Discovery and investigation are continuing and responding party reserves the right

7 | to amend this response at a later date.

8 | **REQUEST FOR PRODUCTION NO. 51:**

9 |      Any text messages to or from Jon Lund.

10 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

11 |      After a diligent search and reasonable inquiry, responding party is not in

12 | possession, custody or control of any documents responsive to this request.

13 | Discovery and investigation are continuing and responding party reserves the right

14 | to amend this response at a later date.

15 | **REQUEST FOR PRODUCTION NO. 52:**

16 |      Any emails to or from Jon Lund.

17 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

18 |      After a diligent search and reasonable inquiry, responding party is not in

19 | possession, custody or control of any documents responsive to this request.

20 | Discovery and investigation are continuing and responding party reserves the right

21 | to amend this response at a later date.

22 | **REQUEST FOR PRODUCTION NO. 53:**

23 |      Any text messages to or from David Hilton.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

25 |      After a diligent search and reasonable inquiry, responding party is not in

26 | possession, custody or control of any documents responsive to this request.

27 | Discovery and investigation are continuing and responding party reserves the right

28 | to amend this response at a later date.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4829-6323-2573.1

16

2:16-cv-2129

1 | **REQUEST FOR PRODUCTION NO. 54:**

2 | Any emails to or from David Hilton.

3 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

4 | After a diligent search and reasonable inquiry, responding party is not in

5 | possession, custody or control of any documents responsive to this request.

6 | Discovery and investigation are continuing and responding party reserves the right

7 | to amend this response at a later date.

8 |

9 | DATED: December 13, 2016            Respectfully submitted,

10 |

11 |                               DANA ALDEN FOX
                                    EDWARD EARL WARD JR.

12 |                               ERIC Y. KIZIRIAN
                                    LEWIS BRISBOIS BISGAARD & SMITH LLP

13 |

14 |

15 |                               By:        /s/ Edward E. Ward, Jr.

16 |                                       Edward E. Ward, Jr.
                                         Attorneys for Defendant SANG LEE

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

RESPONSES OF DEFENDANT SANG LEE TO CORY SPENCER'S REQUESTS FOR PRODUCTION OF
DOCUMENTS, SET ONE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## VERIFICATION

I, Sang Lee, declare:

       I am a party to this action. The information necessary to prepare the responses to

**PLAINTIFF CORY SPENCER'S FIRST SET OF REQUESTS FOR PRODUCTION TO**

**DEFENDANT SANG LEE** includes facts personally known to me and matters which I believe

to be true, and the responses were prepared with advice and assistance of legal counsel.

Accordingly, I rely on my own knowledge, and upon my attorneys and their agents for the

accuracy of some of the information stated in the responses, and on that basis, I am informed and

believe that the matters stated herein are true and correct.

       I declare under penalty of perjury under the laws of California that the foregoing are true

and correct.

Executed on December _9_, 2016, in Rancho Palos Verdes California,


Sang Lee
_____
Print Name

_____
Signature

## CALIFORNIA STATE COURT PROOF OF SERVICE

CORY SPENCER v LUNADA BAY BOYS - Case No. 24659-869  (Updated 11/15/16)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.

On December 12, 2016, I served the following document(s):  RESPONSES OF DEFENDANT SANG LEE TO CORY SPENCER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

### SEE ATTACHED SERVICE LIST

The documents were served by the following means:

☒ (BY OVERNIGHT DELIVERY)  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address tammi.jones@lewisbrisbois.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 12, 2016, at Los Angeles, California.

TAMMI L. JONES



4829-6323-2573.1

1

2:16-cv-2129

**SERVICE LIST**
**CORY SPENCER v LUNADA BAY BOYS**
**24659-869  (Updated 11/15/16)**

| | |
|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>Jennifer A. Foldvary<br>Hanson Bridgett, LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA  94105<br>Tel: (415) 777-3200<br>Fax: (415) 541-9366<br>*Attorneys for Plaintiffs, CORY*<br>*SPENCER, DIANA MILENA REED*<br>*and COASTAL PROTECTION*<br>*RANGERS* | Tyson M. Shower, Esq.<br>Landon D. Bailey, Esq.<br>Hanson Bridgett, LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA  95814<br>Tel: (916) 442-3333<br>Fax: (916) 442-2348<br>*Attorneys for Plaintiffs, CORY*<br>*SPENCER, DIANA MILENA REED*<br>*and COASTAL PROTECTION*<br>*RANGERS* |
| Victor Otten, Esq.<br>Kavita Tekchandani, Esq.<br>Otten Law, PC<br>3620 Pacific Coast Highway, #100<br>Torrance, CA  90505<br>Tel: (310) 378-8533<br>Fax: (310) 347-4225<br>*Attorneys for Plaintiffs, CORY*<br>*SPENCER, DIANA MILENA REED*<br>*and COASTAL PROTCTION*<br>*RANGERS* | Robert T. Mackey, Esq.<br>Peter H. Crossin, Esq.<br>Richard Paul Dieffenbach, Esq.<br>Veatch Carlson, LLP<br>1055 Wilshire Blvd., 11th Floor<br>Los Angeles, CA  90017<br>*Attorneys for Defendant, BRANT*<br>*BLAKEMAN* |
| J. Patrick Carey, Esq.<br>Law Offices of J. Patrick Carey<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA  90266<br>Tel: (310) 526-2237<br>Fax: (424) 456-3131<br>*Attorneys for Defendant, ALAN*<br>*JOHNSTON a/k/a JALIAN*<br>*JOHNSTON* | Robert S. Cooper, Esq.<br>Buchalter Nemer, APC<br>1000 Wilshire Blvd., Suite 1500<br>Los Angeles, CA  90017<br>Tel: (213) 891-5230<br>Fax: (213) 896-0400<br>Email: rcooper@buchalter.com<br>*Attorneys for Defendant, BRANT*<br>*BLAKEMAN* |
| Mark C. Fields, Esq.<br>Law Offices of Mark C. Fields, APC<br>333 South Hope Street, Thirty-Fifth Floor<br>Los Angeles, CA  90071<br>Tel: (213) 617-5225<br>Fax: (213) 620-4520<br>*Attorneys for Defendant, ANGELO*<br>*FERRARA* | Thomas M. Phillips, Esq.<br>Aaron G. Miller, Esq.<br>The Phillips Firms<br>800 Wilshire Blvd., Suite 1550<br>Los Angeles, CA  90017<br>Tel: (213) 244-9913<br>Fax: (213) 244-9915<br>*Associated Counsel for Defendant,*<br>*ANGELO FERRARA and N.F.* |

RESPONSES OF DEFENDANT SANG LEE TO CORY SPENCER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Edwin J. Richards, Esq.                    Patrick Au, Esq.
    Antoinette P. Hewitt, Esq.                 Laura L. Bell, Esq.
2   Rebecca L. Wilson, Esq.                    Bremer Whyte Brown & O'Meara, LLP
    Christopher D. Glos, Esq.                  21271 Burbank Blvd., Suite 110
3   Jacob Song, Esq.                           Woodland Hills, CA 91367
    Kutak Rock, LLP                            Tel: (818) 712-9800
4   5 Park Plaza, Suite 1500                   Fax: (818) 712-9900
    Irvine, CA 92614-8595                      **Attorneys for Defendants, FRANK**
5   Tel: (949) 417-0999                        **FERRARA and CHARLIE FERRARA**
    Fax: (949) 417-5394
6   **Attorneys for Defendants, CITY OF**
    **PALOS VERDES and CHIEF OF**
7   **POLICE JEFF KEPLEY**

8   Peter T. Haven, Esq.                       Daniel M. Crowley, Esq.
    Haven Law                                  Booth, Mitchel & Strange, LLP
9   1230 Rosecrans Avenue, Suite 300          707 Wilshire Blvd., Sutie 4450
    Manhattan Beach, CA 90266                  Los Angeles, CA 90017
10  Tel: (213) 842-4617                        Tel: (213) 738-0100
    Fax: (213) 477-2137                        Fax: (213) 380-3308
11  **Attorneys for Defendant, MICHAEL**       **Attorneys for Defendant, SANG LEE**
    **RAY PAPAYANS**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSES OF DEFENDANT SANG LEE TO CORY SPENCER'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# EXHIBIT 8

Case 2:16-cv-02129-SJO-RAO   Document 392-2   Filed 08/07/17   Page 68 of 96   Page ID
#:13257
Case 2:16-cv-02129-SJO-RAO   Document 132-7   Filed 07/18/17   Page 2 of 5   Page ID
#:5865



JENNIFER ANIKO FOLDVARY
ASSOCIATE
DIRECT DIAL (415) 995-5814
DIRECT FAX (415) 995-3413
E-MAIL jfoldvary@hansonbridgett.com

December 20, 2016

VIA E-MAIL AND U.S. MAIL

Tera Lutz
Lewis Brisbois Bisgaard & Smith LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071
tera.lutz@lewisbrisbois.com

Re:   *Spencer, et al. v. Lunada Bay Boys, et al.*

Dear Ms. Lutz:

Plaintiff Cory Spencer ("Plaintiff") is in receipt of Defendant Sang Lee's Responses to Plaintiff's
Requests for Production of Documents, Set One, and the accompanying production bearing
Bates labels Lee 00000001 through 000000596, served on December 12, 2016.  I write to meet
and confer regarding the deficiency of the responses and production, and to demand
supplemental responses and production of responsive documents.

**Deficient Responses**

 Failure to State Whether Mr. Lee Is In Possession of Documents

Mr. Lee's responses to Request Nos. 10, 11, 28, 30, and 31 fail to state whether inspection of
responsive documents will be permitted, as required by Fed. R. Civ. P. 34(b)(2)(B).  Please
supplement Mr. Lee's responses to these Requests to reflect whether he is in possession of
responsive documents.

 "Surfers Who Regularly" Surf Lunada Bay

Mr. Lee objects to Request Nos. 10, 11, 28, and 30 on the grounds that the phrase "surfers who
regularly surf" at Lunada Bay is unintelligible.  Taken in context, and with a basic understanding
of grammar conventions, it is clear that these requests seek documents regarding surfers who surf
*at Lunada Bay* on a regular basis, not merely surfers who surf anywhere on a regular basis.
Please supplement Mr. Lee's responses and production to reflect this understanding.

 Calls for Legal Conclusion

In response to Request Nos. 10, 11, 28, and 30, Mr. Lee further objects on the grounds that these
Requests "call for a legal conclusion."  Plaintiff is unclear which portions of these requests seek a
legal conclusion, and refuses to speculate as to the basis of Mr. Lee's objection.  Please

Case 2:16-cv-02129-SJO-RAO   Document 392-2   Filed 08/07/17   Page 69 of 96   Page ID
#:5866
Case 2:16-cv-02129-SJO-RAO   Document 132-8   Filed 07/18/17   Page 3 of 5   Page ID
#:5866

Tera Lutz
December 20, 2016
Page 2

supplement Mr. Lee's responses to identify the legal conclusion he believes is contained within these Requests.

### Premature

Mr. Lee further objects to Request Nos. 10, 11, 28, and 30 on the grounds that these Requests are "premature as to [*sic*] facts of the case have yet to be presented." This objection is baseless. Parties may seek any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(2); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Rule 26 has been broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (citing *Hickman*, 329 U.S. at 501). These requests seek documents that are relevant to Plaintiff's claims and are reasonably calculated to lead to the discovery of admissible evidence because they relate to Lunada Bay surfers. Thus, Mr. Lee cannot withhold responsive documents based on this improper objection.

### Privacy and Privilege

In response to Request No. 31, Mr. Lee improperly objected to Plaintiff's request for Mr. Lee's cell phone bills since January 1, 2013, on the grounds that the Request "seeks information protected by fundamental federal and state privacy principals, privileges, and laws." Mr. Lee cannot claim a generalized privacy interest in his phone records. He is a named Defendant in this lawsuit and his correspondence with other Defendants is germane to Plaintiff's claims of their unlawful exclusion and intimidation at Lunada Bay. Further, any attorney-client privileged communications Mr. Lee had with his counsel would not be reflected on his cell phone bills, since the bills would, at most, reflect that calls occurred and would not reveal the content of such calls. Please cite legal authority for these privacy objections or produce the records.

### Vague, Ambiguous, Overbroad

Mr. Lee further objects to Request Nos. 4, 8, 9, 10, 11, 12, 13, 18, 19, 21, 28, 29, 30, 39, 40, 45, and 46 on the grounds that these Requests are "vague, ambiguous, and overbroad." However, Mr. Lee did not specify the basis for such objections. Please identify which terms you believe are vague and ambiguous and how these Requests are overbroad so that we may consider amending these Requests.

### **Deficient Production**

#### Improper Format

The format of Mr. Lee's production violates Fed. R. Civ. P. 34(b)(2)(E). Mr. Lee's production was comprised of only PDFs despite the fact that it contained electronic records. Parties must produce documents in the format that the requesting party specifies. *Id.*; *see also U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 244 (S.D. Cal. 2015) ("[i]t is only if the requesting party declines to specify a form that the producing party is offered a choice between

Case 2:16-cv-02129-SJO-RAO   Document 392-2   Filed 08/07/17   Page 70 of 96   Page ID
#:5867
Case 2:16-cv-02129-SJO-RAO   Document 13259   Filed 07/18/17   Page 4 of 5   Page ID
#:5867

Tera Lutz
December 20, 2016
Page 3

producing in the form in which it is ordinary maintained—native format—or in a reasonably useful form or form").

Here, the instructions to the Requests specify that "[e]lectronic mail ("email" and text messages) shall be produced in TIFF format embedded with Bates numbers along with load files for Concordance Software containing the email text and metadata." Accordingly, please produce Lee 00000001 through 000000596 in TIFF format with Concordance load files containing both text and metadata.

> Missing Documents

Plaintiff has reason to believe that Mr. Lee has in his possession text messages, email exchanges, and voicemails with and from several of the Lunada Bay Boys and other named Defendants that would be responsive to Plaintiff's Requests. Mr. Lee must produce all documents – including but not limited to text messages, emails, and voicemails – that are responsive to Plaintiff's Requests. If Mr. Lee does not provide all such documents, Plaintiff is entitled to search his phone for this data.

**Privilege Log**

The production contains several redactions throughout the Extraction Report of Mr. Lee's iPhone (Lee 00000029 – 590), as well as in emails Bates labeled Lee 0000005 and 0000007. However, Mr. Lee did not provide a privilege log. As you are aware, parties withholding documents as privileged should identify and describe the documents in sufficient detail to enable the demanding party to assess the applicability of the privilege or protection. Fed. R. Civ. P. 26(b)(5). Please provide a privilege log or produce non-redacted versions of the above-referenced documents.

*****

The Federal Rules impose an obligation to supplement or correct prior disclosures or discovery "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). We anticipate that additional documents and responses will be forthcoming in light of the issues raised in this letter.

We also expect that Mr. Lee was informed of his obligation to preserve evidence at the outset of this litigation and therefore is in possession of the above-referenced responsive information. To the extent he was not informed of his preservation obligations, or he has failed to preserve relevant evidence, we will seek redress from the court in the form of sanctions, including but not limited to adverse inferences, the exclusion of evidence, and costs.

We demand that Mr. Lee produce responsive documents and provide supplemental responses on or before **Friday, December 30, 2016**. If he fails to produce any further responsive documents

12909426.1

Case 2:16-cv-02129-SJO-RAO   Document 392-2   Filed 08/07/17   Page 71 of 96   Page ID
Case 2:16-cv-02129-SJO-RAO   Document 13260   Filed 07/18/17   Page 5 of 5   Page ID
#:5868

Tera Lutz
December 20, 2016
Page 4


by this date, please be available to meet and confer the week of January 5, 2017, in advance of
Plaintiff's anticipated motion to compel.

Very truly yours,

Jennifer A. Foldvary

cc:      Kurt Franklin
         Victor Otten
         Samantha Wolff

**EXHIBIT 9**

# OTTEN LAW, PC

## ATTORNEYS

_____

May 25, 2017

<u>Via Regular Mail and Electronic Mail</u>
Dana Alden Fox, Dana.Fox@lewisbrisbois.com
Edward Earl Ward Jr., Edward.Ward@lewisbrisbois.com
Tera A. Lutz, Tera.Lutz@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071

Daniel M. Crowley, dmcrowley@boothmitchel.com
BOOTH MITCHEL & STRANGE
707 Wilshire Boulevard, Suite 4450
Los Angeles, CA 90017

    Re: <u>Cory Spencer, et al. vs. Lunada Bay Boys, et al.</u>
       Case No. 2:16-cv-02129-SJO-RAO

Dear Counsel:

This is in follow-up to the meeting on Wednesday, February 1, 2017 at the offices of Otten Law, PC between myself on behalf of the Plaintiffs, and Tera Lutz of Lewis Brisbois Bisgaard & Smith and Daniel Crowley of Booth Mitchel & Strange on behalf of Defendant Sang Lee. While originally, I believed that our meet and confer was conducted in good faith, my belief has been challenged by what appears to be efforts on the part of Mr. Lee to withhold relevant evidence. As Mr. Lee's deposition is scheduled for May 31, 2017, this is extremely troubling and problematic.

On December 12, 2016, Defendant Sang Lee served responses to Plaintiff's first set of document requests and the accompanying production bearing Bates labels Lee 00000001 through 00000596. On December 20, 2016, co-counsel for Plaintiffs sent a meet and confer letter demanding supplemental responses and production of responsive documents, as well as a privilege log. On December 29, 2016, defense counsel provided a privilege log. On January 24, 2017, I followed up with a letter detailing the deficiencies of Mr. Lee's responses and requested that we meet and confer in person.

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
May 25, 2017
P a g e | **2**

At the February 1, 2017 meeting, I conveyed our concerns with Mr. Lee's discovery responses. Specifically, we reviewed and discussed the Extraction Report created by Precision Discovery (Lee 00000029) This report shows the redactions for documents bearing Bates labels Lee 000001 – Lee 00000590. Information from the Extraction Report reveals:

1. Calendar Entries found in documents Lee 00000030 to Lee 00000033 are redacted with no explanation.
2. Regarding the Call Logs:
   a. Lee 0000036 to Lee 0000039 – are almost entirely redacted.
   b. Lee 0000041 to Lee 0000131 – are almost entirely redacted.
3. Regarding the User Directory:
   a. Lee 00000132 to Lee 00000216 are completely redacted.
   b. Lee 00000217 to Lee 00000239 contain only one entry.
4. Regarding SMS Data:
   a. Lee 0000245 items 2212 to 2215 indicate SMS messages to Alan Johnston and Charlie Ferrara on June 30, 2016 but the text messages have not been provided.
   b. Lee 00000246 items 2252 to 2252 indicted SMS messages to Charlie Ferrara on July 20, 2016 but the text messages have not been provided.
   c. Lee 00000246 to Lee 00000499 are totally redacted.
   d. Lee 0000500 to Lee 0000590 contain virtually nothing usable.

We objected to the privilege log primarily on two grounds. First, there was not enough information available to determine if there was a legal basis to withhold or redact the documents. Second, the privacy rights claimed on redacted documents are not recognizable grounds for claiming a privilege.  You asserted that calls made to and received from individuals <u>unrelated</u> to this lawsuit are not required to be produced in the discovery process, but agreed to provide Defendant Sang Lee's phone bills for the last three years. You also agreed to update the privilege log.

While the Plaintiffs were eventually provided with copies of Me. Lee's phone bills, they were never provided an updated privilege log or revised Extraction Report. The phone records, however, reveal enough information to confirm what we always suspected- that Mr. Lee's objections, claims of privilege and withholding of documents are without merit.

The Call and Text logs describe incoming and outgoing communications that cover various date ranges rather than specific dates. At the same time, the privilege log is not specific regarding the people involved or the nature of the communications. Many of the log entries simply state they

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
May 25, 2017
P a g e | **3**

are from "Individuals unrelated to this lawsuit" to Sang Lee. The following chart contains a small sample of the log entries and a brief response as to why they are improper:

| BATES NO. | DOCUMENT DESCRIPTION | FROM | TO | PRIVILEGE CLAIMED | RESPONSE |
|---|---|---|---|---|---|
| Lee 0000005 & Lee 0000007 | 02/24/2014- Personal Communication with Friend | Bruce Turner | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | Bruce Turner has surfed Lunada Bay for many years. He is seen in the Danny Day videos turned over by Plaintiffs. |
| Lee 0000031- Lee 0000035 | Sang Lee's iPhone calendar- personal dates including birthdays and religious holidays | N/A | N/A | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. |
| Lee 0000036, Lee 0000038 | Call Log-incoming and outgoing calls on 8/18/16 and 8/17/16 4/27/16; 4/15/16; 3/24/16; 2/22/16; | Unidentified Caller | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. |
| Lee 0000039 | Call Log-incoming and outgoing calls on 2/21/16; 2/20/26; 2/12/16; 1/29/16 | Unidentified Caller | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. The fact that 1/29/16 is the day that Mr. Lee was involved in an altercation with John McHarg and Ms. Reed was accosted by David Melo and several others, the objections are highly questionable. |
| Lee 0000040 | Call Log-incoming and outgoing calls on 1/29/16. | Brant B.

Individuals unrelated to this suit. | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | To claim calls are from individuals unrelated to this lawsuit is outrageous. We |

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
May 25, 2017
P a g e | 4

| | | | | | know there were calls with Joe Bark, Charlie Beukema, Charlie Mowat, Sean Van Dine, Evan Levy, David Melo, Paul Hugoboom, and Brad Ring. These are all Lunada Bay locals. |
|---|---|---|---|---|---|
| Lee 0000109 | Text Message Log- incoming and outgoing text messages from 3/30/16-26 4/12/16 | Brant B.<br><br>Franky Ferrara<br><br>Individuals unrelated to this suit. | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. We know there were texts with Douglas Kinion, Michael Erik Lamers, Carlos Anora. These are all Lunada Bay locals. |
| Lee 0000114 | Text Message Log- incoming and outgoing text messages from 1/28/16-2/10/16 | Peter Babros.<br><br>Individuals unrelated to this suit. | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. On 1/29/16- the day Sang Lee poured a beer on John McHarg and the day Ms. Reed was accosted by David Melo, there were over 50 text messages which |

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
May 25, 2017
P a g e | **5**

| | | | | | you have redacted. We know there were texts with Charlie Beukema, David Melo, Brad Ring. |
|---|---|---|---|---|---|
| | | | | | |

The purpose of a privilege log is to provide enough information to make a determination if the information being sought is related, which means you have to provide the names of the people calling/texting/emailing. "The requisite detail for inclusion in a privilege log consist of [1] a description of responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the material's present location, [6] and specific reasons for its being withheld, including the privilege invoked and the grounds thereof." (*Friends of Hope Valley v. Frederick Co.* (ED CA 2010) 268 FRD 643, 650-651). In short, Mr. Lee's privilege log fails to comply with the Federal Rules.

2.      Privacy.

Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. (*Johnson by Johnson v. Thompson* (10th Cir. 1992) 971 F2d 1487, 1497; *DeMasi v. Weiss* (3rd Cir. 1982) 669 F2d 114, 119-120). Unlike a privilege, the right of privacy is not an absolute bar to discovery. Rather, courts balance the need for the information against the claimed privacy right. (*Stallworth v. Brollini* (ND CA 2012) 288 FRD 439, 444 (federal right of privacy); West Bay One, Inc. v. Does 1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v. Experian Information Solutions, Inc.* (SD CA 2015) 306 FRD 293, 301). Courts consider various factors in performing the balancing analysis, including "(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access." (See *Seaton v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn. 47).

Any purported concerns with respect to infringing an individual's right to privacy in this matter are particularly diminished by the Court's issuance of a protective order.  Any information that Mr. Lee contends would implicate an individual's privacy right could be appropriately identified and protected pursuant to the terms of the protective order, to which all parties to this lawsuit agreed to be bound.  (*See* Dkt. No. 241.)

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
May 25, 2017
P a g e | **6**


As Mr. Lee's deposition is scheduled for May 31, 2017, we need confirmation that you will provide further responses to Plaintiffs discovery request by close of business today and that you provide copies of the text messages Bates Lee 0000102 to Lee 0000132 set forth in the Privilege Log and any other responsive documents by close of business on May 26, 2017. If we do not receive confirmation that you agree to this, we will set a hearing on a motion to compel.

I look forward to hearing from you soon.



                        Very truly yours,

                        OTTEN LAW, PC



                        Victor Otten, Esq.



Cc:    Kurt Franklin, Esq. (kfranklin@hansonbridgett.com)
       Samantha Wolff (SWolff@hansonbridgett.com)

# EXHIBIT 10



LEWIS BRISBOIS BISGAARD & SMITH LLP

MAY 3 0 2017

Tera A. Lutz
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Tera.Lutz@lewisbrisbois.com
Direct: 213.680.5004

May 26, 2017

24659.869

**VIA E-MAIL AND U.S. MAIL**

Victor Otten
3620 Pacific Coast Highway
Suite 100
Torrance, CA 90505
vic@ottenlawpc.com

Re:   Spencer, et al. v. Lunada Bay Boys, et al.

Dear Mr. Otten:

I attempted to reach you via phone today but was informed by your assistant that you were out of the office for the day, I would like to address several issues as outlined in your meet and confer letter dated May 25, 2017.

Plaintiffs allege Lee0000245 items 2212 to 2215 indicate SMS messages to Alan Johnston and Charlie Ferrara on June 30, 2016 "but the text messages have not been provided." Plaintiffs also allege that Lee 00000246 items 2252 to 2252 indicate SMS messages to Charlie Ferrara on July 20, 2016 "but the text messages have not been provided." As discussed during our in person meet and confer on February 1, 2017, nearly four months ago, none of the very limited number of text messages from or to the named defendants were recoverable from Mr. Lee's cell phone. Our forensic team was only able to determine whether a text message was sent or received from these individuals and could not recover the substance of the message itself because the texts were either too old and/or the data on the phone was outdated.

Plaintiffs also seek to be provided a copy of text messages on bates Lee 0000102 to Lee 0000132. Again, substantive text messages from named defendants and named parties requested by plaintiffs were unable to be recovered by the forensic team because the texts were either too old and/or the data on the phone was outdated.  A significant portion of the documents are redacted because there are very limited text messages exchanged between Mr. Lee and named defendants. Redacted messages are between Mr. Lee and family members and friends unrelated to this mater.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY
LOUISIANA • MARYLAND • MASSACHUSETTS • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK
NORTH CAROLINA • OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • WASHINGTON • WEST VIRGINIA
4816-0333-1401.1

Victor Otten
May 25, 2017
Page 2

Further, the privilege log cannot be more specific without identifying the names and phone numbers of family members and friends of Sang Lee that are irrelevant to this action.

Very truly yours,

*Tera A. Lutz*

Tera A. Lutz for
LEWIS BRISBOIS BISGAARD & SMITH LLP

TAL

Cc:   Kurt Franklin (kfranklin@hansonbridgett.com)
Samantha Wolff (SWolff@hansonbridgett.com)
Edward Ward (Edward.Ward@lewisbrisbois.com)
Daniel Crowley (dmcrowley@boothmitchel.com)

# EXHIBIT 11

Atkinson-Baker Court Reporters
www.depo.com

```
 1                  UNITED STATES DISTRICT COURT

 2                CENTRAL DISTRICT OF CALIFORNIA

 3                      WESTERN DIVISION

 4                          -  -  -

 5    CORY SPENCER, AN INDIVIDUAL;    )
      DIANA MILENA REED, AN           )
 6    INDIVIDUAL; AND COASTAL         )
      PROTECTION RANGERS, INC.,       )
 7    A CALIFORNIA NON-PROFIT PUBLIC  )
      BENEFIT CORPORATION,            )
 8                                    )
                    Plaintiffs,       )
 9                                    )
           vs.                        ) No.:  2:16-cv-02129-SJO
10                                    )       (RAOx)
      LUNADA BAY BOYS; THE INDIVIDUAL )
11    MEMBERS OF THE LUNADA BAY BOYS, )
      INCLUDING BUT NOT LIMITED TO    )
12    SANG LEE, BRANT BLAKEMAN, ALAN  )
      JOHNSTON AKA JALIAN JOHNSTON,   )
13    MICHAEL RAE PAPAYANS, ANGELO    )
      FERRARA, FRANK FERRARA,         )
14    CHARLIE FERRARA, ET AL.,        )
                                      )
15                  Defendants.       )
      - - - - - - - - - - - - - - - -)
16

17                 VIDEOTAPED DEPOSITION OF

18                         SANG LEE

19                  COSTA MESA, CALIFORNIA

20                       MAY 31, 2017

21    Atkinson-Baker, Inc.
      Court Reporters
22    www.depo.com
      (800) 288-3376
23

24    REPORTED BY:  ANGELIQUE MELODY FERRIO, CSR NO. 6979

25    FILE NO:     AB05A10
```

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | A.  I just didn't erase it.  It's all there, so. | 09:21:44 |
| 2 | Q.  When you say it's all there, where do you | 09:21:48 |
| 3 | mean? | 09:21:52 |
| 4 | A.  It's in my E-Mail and my phones.  I never | 09:21:52 |
| 5 | tried to, you know. | 09:21:55 |
| 6 | Q.  Okay.  And so do you have the same phone that | 09:21:57 |
| 7 | you had when you first got served? | 09:22:02 |
| 8 | A.  Yes. | 09:22:05 |
| 9 | Q.  Did you ever do anything to download or image | 09:22:06 |
| 10 | the E-Mails that had on your phone related to this | 09:22:24 |
| 11 | case? | 09:22:27 |
| 12 | MR. CROWLEY:  Objection, that it's vague and | 09:22:27 |
| 13 | ambiguous.  You can answer to the extent that you | 09:22:28 |
| 14 | know. | 09:22:31 |
| 15 | THE WITNESS:  Well, no, I don't believe so, | 09:22:31 |
| 16 | no. | 09:22:33 |
| 17 | BY MS. POOLEY: | 09:22:33 |
| 18 | Q.  You did not? | 09:22:34 |
| 19 | A.  Download any E-Mails? | 09:22:34 |
| 20 | Q.  Did you do anything to download or image any | 09:22:37 |
| 21 | E-Mails or other information on your phone that might | 09:22:44 |
| 22 | be related to this case? | 09:22:47 |
| 23 | MR. CROWLEY:  Are you asking did he | 09:22:48 |
| 24 | personally because that's the issue that I think is | 09:22:50 |
| 25 | vague and ambiguous about the question. | 09:22:52 |

23

Sang Lee
May 31, 2017

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | A.  I just didn't erase it.  It's all there, so. | 09:21:44 |
| 2 | Q.  When you say it's all there, where do you | 09:21:48 |
| 3 | mean? | 09:21:52 |
| 4 | A.  It's in my E-Mail and my phones.  I never | 09:21:52 |
| 5 | tried to, you know. | 09:21:55 |
| 6 | Q.  Okay.  And so do you have the same phone that | 09:21:57 |
| 7 | you had when you first got served? | 09:22:02 |
| 8 | A.  Yes. | 09:22:05 |
| 9 | Q.  Did you ever do anything to download or image | 09:22:06 |
| 10 | the E-Mails that had on your phone related to this | 09:22:24 |
| 11 | case? | 09:22:27 |
| 12 | MR. CROWLEY:  Objection, that it's vague and | 09:22:27 |
| 13 | ambiguous.  You can answer to the extent that you | 09:22:28 |
| 14 | know. | 09:22:31 |
| 15 | THE WITNESS:  Well, no, I don't believe so, | 09:22:31 |
| 16 | no. | 09:22:33 |
| 17 | BY MS. POOLEY: | 09:22:33 |
| 18 | Q.  You did not? | 09:22:34 |
| 19 | A.  Download any E-Mails? | 09:22:34 |
| 20 | Q.  Did you do anything to download or image any | 09:22:37 |
| 21 | E-Mails or other information on your phone that might | 09:22:44 |
| 22 | be related to this case? | 09:22:47 |
| 23 | MR. CROWLEY:  Are you asking did he | 09:22:48 |
| 24 | personally because that's the issue that I think is | 09:22:50 |
| 25 | vague and ambiguous about the question. | 09:22:52 |

23

Sang Lee
May 31, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1    BY MS. POOLEY:                                    09:20:23

 2        Q.  That's fine.                              09:20:24

 3            When did you retain your lawyer?          09:20:26

 4        A.  I don't even know.  It was probably within a  09:20:28

 5    month after I got served.                         09:20:35

 6        Q.  So, and is that then, within a month of when  09:20:37

 7    you got served, when you came to the understanding  09:20:42

 8    that you had an obligation to preserve evidence   09:20:46

 9    related to this matter?                           09:20:49

10        A.  What was it?                              09:20:52

11        Q.  Was it within a month of when you got served  09:20:52

12    that you first came to an understanding that you  09:20:55

13    needed to preserve evidence related to this matter?  09:20:58

14        A.  I don't know if it was a month.  It was just  09:21:01

15    after when I met with my lawyers they told me so.  09:21:04

16        Q.  Again, I'm not interested in communications  09:21:09

17    between you and your lawyer.                       09:21:11

18        A.  But I don't know the time exactly, so, that's  09:21:13

19    why I'm telling you.                               09:21:16

20        Q.  Okay.  After you became aware that you had an  09:21:17

21    obligation to preserve evidence related to this case,  09:21:24

22    did you take any steps to preserve evidence?       09:21:26

23        A.  Did I take any steps?                      09:21:32

24        Q.  Yes.  Did you do anything to make sure that  09:21:34

25    any evidence that you had wasn't lost or destroyed?  09:21:39
```

22

Sang Lee
May 31, 2017

**EXHIBIT 12**

# OTTEN LAW, PC

## ATTORNEYS

_____

July 4, 2017

Via Regular Mail and Electronic Mail
Dana Alden Fox, Dana.Fox@lewisbrisbois.com
Edward Earl Ward Jr., Edward.Ward@lewisbrisbois.com
Tera A. Lutz, Tera.Lutz@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
633 West 5th Street, Suite 4000
Los Angeles, California 90071

Daniel M. Crowley, dmcrowley@boothmitchel.com
BOOTH MITCHEL & STRANGE
707 Wilshire Boulevard, Suite 4450
Los Angeles, CA 90017


      Re:    Cory Spencer, et al. vs. Lunada Bay Boys, et al.
              Case No. 2:16-cv-02129-SJO-RAO

Dear Counsel:

This is in follow-up to the letter dated May 26, 2017 from Tara Lutz regarding our continuing discovery dispute. As you have stated an intention to file a motion for summary judgement, this will be our last attempt to resolve this matter informally. Moreover, should you file a motion for summary judgement without providing adequate discovery responses, that will be a basis to oppose the motion.

Your letter states:

> Plaintiffs allege Lee0000245 items 2212 to 2215 indicate SMS messages to Alan Johnston and Charlie Ferrara on June 30, 2016 "but the text messages have not been provided." Plaintiffs also allege that Lee 00000246 items 2252 to 2252 indicate SMS messages to Charlie Ferrara on July 20, 2016 "but the text messages have not been provided." As discussed during our in person meet and confer on February 1, 2017, nearly four months ago, none of the very limited number of text messages from or to the named defendants were recoverable from Mr. Lee's cell phone. Our forensic team was only able to determine whether a text message was sent or received from these individuals and could not recover the substance of the message

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
July 4, 2017
P a g e | 2

itself because the texts were either too old and/or the data on the phone was outdated.

If the text messages do not exist, why are they included on a privilege log? Your privilege log states:

| BATES NO. | DOCUMENT DESCRIPTION | FROM | TO | PRIVILEGE CLAIMED | EXTRACTION REPORT |
|---|---|---|---|---|---|
| Lee 0000245 | Call Log- incoming and outgoing phone calls and text messages 6/20/16- 7/6/16 | Sang Lee<br><br>Individuals unrelated to this suit | Alan Johnston<br><br>Charley Ferrara<br><br>Individuals unrelated to this suit | Privacy. Information nonresponsive | Shows that these were not deleted. |
| Lee 0000246 | Call Log- incoming and outgoing phone calls and text messages 7/6/16 – 7/20/16 | Sang Lee<br><br>Individuals unrelated to this suit | Charley Ferrara<br><br>Individuals unrelated to this suit | Privacy. Information nonresponsive | Show that these were not deleted. |
| | | | | | |

Your privilege fails in the document description. You cannot lump text messages spanning time (6/20/16- 7/6/16), you need to set forth which date each communication took place. You also fail to describe the nature of the communication.

Your correspondence also states:

Plaintiffs also seek to be provided a copy of text messages on bates Lee 0000102 to Lee 0000132. Again, substantive text messages from named defendants and named parties requested by plaintiffs were unable to be recovered by the forensic team because the texts were either too old and/or the data on the phone was outdated. A significant portion of the documents are redacted because there are very limited text messages exchanged

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
July 4, 2017
P a g e | **3**

> between Mr. Lee and named defendants. Redacted messages are between
> Mr. Lee and family members and friends unrelated to this mater.
>
> Further, the privilege log cannot be more specific without identifying the
> names and phone numbers of family members and friends of Sang Lee that
> are irrelevant to this action.

Again, if the text messages do not exist, why are they included on a privilege log? Moreover, it is not clear what you mean by "substantive text messages." Finally, relevancy is not a privilege or a basis to withhold a document. Also, the names of family members and friends is not privileged.

We stand by the positions set forth in previous meet and confers:

On December 12, 2016, Defendant Sang Lee served responses to Plaintiff's first set of document requests and the accompanying production bearing Bates labels Lee 00000001 through 00000596. On December 20, 2016, co-counsel for Plaintiffs sent a meet and confer letter demanding supplemental responses and production of responsive documents, as well as a privilege log. On December 29, 2016, defense counsel provided a privilege log. On January 24, 2017, I followed up with a letter detailing the deficiencies of Mr. Lee's responses and requested that we meet and confer in person.

At the February 1, 2017 meeting, I conveyed our concerns with Mr. Lee's discovery responses. Specifically, we reviewed and discussed the Extraction Report created by Precision Discovery (Lee 00000029) This report shows the redactions for documents bearing Bates labels Lee 000001 – Lee 00000590. Information from the Extraction Report reveals:

1. Calendar Entries found in documents Lee 00000030 to Lee 00000033 are redacted with no explanation.
2. Regarding the Call Logs:
   a. Lee 0000036 to Lee 0000039 – are almost entirely redacted.
   b. Lee 0000041 to Lee 0000131 – are almost entirely redacted.
3. Regarding the User Directory:
   a. Lee 00000132 to Lee 00000216 are completely redacted.
   b. Lee 00000217 to Lee 00000239 contain only one entry.
4. Regarding SMS Data:
   a. Lee 0000245 items 2212 to 2215 indicate SMS messages to Alan Johnston and Charlie Ferrara on June 30, 2016 but the text messages have not been provided.

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
July 4, 2017
P a g e | **4**

        b.     Lee 00000246 items 2252 to 2252 indicted SMS messages to Charlie Ferrara on July 20, 2016 but the text messages have not been provided.

        c.     Lee 00000246 to Lee 00000499 are totally redacted.

        d.     Lee 0000500 to Lee 0000590 contain virtually nothing usable.

We objected to the privilege log primarily on two grounds. First, there was not enough information available to determine if there was a legal basis to withhold or redact the documents. Second, the privacy rights claimed on redacted documents are not recognizable grounds for claiming a privilege.  You asserted that calls made to and received from individuals <u>unrelated</u> to this lawsuit are not required to be produced in the discovery process, but agreed to provide Defendant Sang Lee's phone bills for the last three years. You also agreed to update the privilege log.

While the Plaintiffs were eventually provided with copies of Me. Lee's phone bills, they were never provided an updated privilege log or revised Extraction Report. The phone records, however, reveal enough information to confirm what we always suspected- that Mr. Lee's objections, claims of privilege and withholding of documents are without merit.

The Call and Text logs describe incoming and outgoing communications that cover various date ranges rather than specific dates. At the same time, the privilege log is not specific regarding the people involved or the nature of the communications. Many of the log entries simply state they are from "Individuals unrelated to this lawsuit" to Sang Lee. The following chart contains a small sample of the log entries and a brief response as to why they are improper:

| BATES NO. | DOCUMENT DESCRIPTION | FROM | TO | PRIVILEGE CLAIMED | RESPONSE |
|---|---|---|---|---|---|
| Lee 0000005 & Lee 0000007 | 02/24/2014- Personal Communication with Friend | Bruce Turner | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | Bruce Turner has surfed Lunada Bay for many years. He is seen in the Danny Day videos turned over by Plaintiffs. |
| Lee 0000031- Lee 0000035 | Sang Lee's iPhone calendar- personal dates including birthdays and religious holidays | N/A | N/A | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. |
| Lee 0000036, Lee 0000038 | Call Log-incoming and outgoing calls on 8/18/16 and 8/17/16 4/27/16; | Unidentified Caller | Sang Lee | Privacy. Information nonresponsive | You have not provided enough information to substantiate a |

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
July 4, 2017
P a g e | 5

| | | | | | |
|---|---|---|---|---|---|
| | 4/15/16; 3/24/16; 2/22/16; | | | to the request was redacted. | privacy objection or determine responsiveness. |
| Lee 0000039 | Call Log-incoming and outgoing calls on 2/21/16; 2/20/26; 2/12/16; 1/29/16 | Unidentified Caller | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. The fact that 1/29/16 is the day that Mr. Lee was involved in an altercation with John McHarg and Ms. Reed was accosted by David Melo and several others, the objections are highly questionable. |
| Lee 0000040 | Call Log-incoming and outgoing calls on 1/29/16. | Brant B.<br><br>Individuals unrelated to this suit. | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | To claim calls are from individuals unrelated to this lawsuit is outrageous. We know there were calls with Joe Bark, Charlie Beukema, Charlie Mowat, Sean Van Dine, Evan Levy, David Melo, Paul Hugoboom, and Brad Ring. These are all Lunada Bay locals. |
| Lee 0000109 | Text Message Log- incoming and outgoing text messages from 3/30/16- 26 4/12/16 | Brant B.<br><br>Franky Ferrara<br><br>Individuals unrelated to this suit. | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. We know there were texts with |

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
July 4, 2017
P a g e | 6

| | | | | | Douglas Kinion, Michael Erik Lamers, Carlos Anora. These are all Lunada Bay locals. |
|---|---|---|---|---|---|
| Lee 0000114 | Text Message Log- incoming and outgoing text messages from 1/28/16-2/10/16 | Peter Babros.<br><br>Individuals unrelated to this suit. | Sang Lee | Privacy. Information nonresponsive to the request was redacted. | You have not provided enough information to substantiate a privacy objection or determine responsiveness. On 1/29/16- the day Sang Lee poured a beer on John McHarg and the day Ms. Reed was accosted by David Melo, there were over 50 text messages which you have redacted. We know there were texts with Charlie Beukema, David Melo, Brad Ring. |

The purpose of a privilege log is to provide enough information to make a determination if the information being sought is related, which means you have to provide the names of the people calling/texting/emailing. "The requisite detail for inclusion in a privilege log consist of [1] a description of responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the material's present location, [6] and specific reasons for its being withheld, including the privilege invoked and the grounds thereof." (*Friends of Hope Valley v. Frederick Co*. (ED CA 2010) 268 FRD 643, 650-651). In short, Mr. Lee's privilege log fails to comply with the Federal Rules.

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
July 4, 2017
P a g e | **7**

2.      Privacy.

Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. (*Johnson by Johnson v. Thompson* (10th Cir. 1992) 971 F2d 1487, 1497; *DeMasi v. Weiss* (3rd Cir. 1982) 669 F2d 114, 119-120). Unlike a privilege, the right of privacy is not an absolute bar to discovery. Rather, courts balance the need for the information against the claimed privacy right. (*Stallworth v. Brollini* (ND CA 2012) 288 FRD 439, 444 (federal right of privacy); West Bay One, Inc. v. Does 1-1,653 (D DC 2010) 270 FRD 13, 15-16; *Shaw v. Experian Information Solutions, Inc*. (SD CA 2015) 306 FRD 293, 301). Courts consider various factors in performing the balancing analysis, including "(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access." (See *Seaton v. Mayberg* (9th Cir. 2010) 610 F3d 530, 539, 541, fn. 47).

Any purported concerns with respect to infringing an individual's right to privacy in this matter are particularly diminished by the Court's issuance of a protective order.  Any information that Mr. Lee contends would implicate an individual's privacy right could be appropriately identified and protected pursuant to the terms of the protective order, to which all parties to this lawsuit agreed to be bound.  (*See* Dkt. No. 241.)

As you have stated that Mr. Lee will be filing a summary judgment in the coming weeks, we are entitled to complete responses immediately. To that extent, unless we receive supplemental responses consistant with this letter by close of business on Friday July 7, 2017, we will proceed with a motion to compel.

I look forward to hearing from you soon.


Very truly yours,

OTTEN LAW, PC


Victor Otten, Esq.

Dana Alden Fox
Edward Earl Ward Jr.
Eric Y. Kizirian
Tera A. Lutz
LEWIS BRISBOIS BISGAARD & SMITH
Daniel M. Crowley
BOOTH MITCHEL & STRANGE
July 4, 2017
P a g e | **8**


Cc:     Kurt Franklin, Esq. (kfranklin@hansonbridgett.com)
        Samantha Wolff (SWolff@hansonbridgett.com)
        Lisa Pooley (lpooley@hansonbridgett.com)