1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   LISA M. POOLEY, SBN 168737
3  lpooley@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
4  swolff@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone:  (415) 777-3200
6  Facsimile:   (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone:  (916) 442-3333
11 Facsimile:   (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone:  (310) 378-8533
16 Facsimile:   (310) 347-4225

17 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
18 REED, and COASTAL PROTECTION
   RANGERS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>　　　　　　　Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**[PROPOSED JOINT] STATEMENT REGARDING PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS DEFENDANT CHIEF KEPLEY**<br><br>[Filed Concurrently with: Notice of Motion; Declaration of Victor Otten] |

-1-

|   |   |
|---|---|
| v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Judge: Hon. Rozella A. Oliver<br>Date: September 6, 2017<br>Time: 10:00 am<br>Crtrm.: F, 9th Floor___<br><br><br>Complaint Filed: March 29, 2016<br>Trial Date: November 7, 2017 |

As discussed at the July 26, 2016 hearing with the Hon. Rozella A. Oliver, Plaintiffs' submit this Motion to Compel Defendant Chief Kepley to provide Further Responses to Plaintiffs Request for Production of Documents, Set One.

## I.  INTRODUCTION

### A.  Plaintiffs' Introductory Statement

Early in this litigation, Plaintiffs' counsel sent letters to the attorneys for each of the Defendants requesting that they remind their clients not to alter, delete or destroy any evidence relating to this lawsuit.

Most of the thousands of documents eventually produced by Defendant Keply came late in the litigation, were duplicative and not responsive to Plaintiffs discovery request. The vast majority of documents were produced during the month July despite Defendant Keply's attorneys knowing that Plaintiffs Opposition to the Defendants City of Palos Verdes Estates and Chief Keplys Motion for Summary Judgement had to be filed on July 31, 2017. More than 11,000 documents were

1 produced during that time frame. Moreover, thousands of documents were images
2 that had to be converted to PDF to make them searchable. To date, there are still
3 documents that have never been produced including phone records of the police
4 officers which are important since deposition testimony has shown that several
5 officers are friends with Bay Boys.

6     **B.**     **Defendants Introductory Statement**
7     [Intentionally left blank for response]
8 **II.**     **PLAINTIFFS STATEMENT OF FACTS**
9     On July 8, 2016, Plaintiffs' counsel sent a litigation hold letter to the attorney
10 for The City of Palos Verdes Estates and Chief Kepley requesting that he remind his
11 client not to alter, delete or destroy any evidence relating to the lawsuit. (Attached to
12 the Decl. Otten as Exhibit 1)
13     On March 20, 2017, Defenant Keply served Responses to Plaintiffs Request
14 For Production of Documents, One. (Decl. Otten, Exhibit 2)
15     There were numerous meet and confers between the Plaintiffs and Defendant
16 regarding the outstanding discovery issues. These included both written and oral
17 communications. (Decl. Otten ¶4; Exhibit 3)
18     To date, Defendant Kepley has not fully complied with Plaintiff's discovery
19 request.
20 **III.**     **DEFENDANTS STATEMENT OF FACTS**
21     [Intentionally left blank for response]
22 **IV.**     **DISPUTED DISCOVERY**
23 REQUEST FOR PRODUCTION NO. 12:
24     Any and all DOCUMENTS REFERRING or RELATED TO any individually-
25 named Defendant.
26 Defendant's Response:
27     Objection. Defendant refers to and incorporates by reference the General
28

1  Response and Objections as though set forth fully herein. Defendant further objects
2  to this request to the extent it fails to set forth any applicable timeframe, thereby
3  violating the proportionality standard set forth in Fed. R. Civ. P. 26(b). Defendant
4  further objects to this request to the extent it seeks information protected by the
5  attorney-client privilege and/or the attorney work-product doctrine. Defendant further
6  objects to this request to the extent it is cumulative with prior document requests
7  propounded in this litigation, rendering the request unduly burdensome and harassing.
8  Defendant further objects to the prefatory definitions utilized in this request as vague,
9  overbroad, and unduly burdensome. Defendant further objects to this request to the
10 extent it calls for the disclosure of information subject to governmental law
11 enforcement protocols prohibiting such disclosures to unauthorized personnel.
12 Defendant further objects to this request as overbroad in view of the Court's denial of
13 class certification; said denial substantially narrows the permissible discovery and
14 proportionality considerations. Plaintiffs' action is now one brought individually by
15 the three named party-plaintiffs, and proportionality considerations mandate that any
16 discovery sought by Plaintiffs be limited to their specific, individualized claims and
17 allegations. Subject to the foregoing objections, Defendant responds as follows.

18   Defendant undertook a diligent search and reasonable inquiry in an effort to
19 locate the items requested. No responsive documents exist. Defendant's investigation
20 and discovery efforts are continuing and have not been completed at this time.
21 Defendant expressly reserves the right to supplement, amend, or otherwise modify
22 this response on that basis.

23   <u>Plaintiffs' Argument</u>:

24   Defendant's response states that there are no responsive documents but after
25 being threatened with a Motion to Compel, Defendant turned over Palos Verdes
26 Estates Police Report DR 021007 which involved Defendant Sang Lee. That Incident
27 Report states that the victim took photographs of the people he believed were
28

13675145.4

-4-   Case No. 2:16-cv-02129-SJO (RAOx)
[PROPOSED JOINT] STATEMENT REGARDING PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1  throwing rocks at him. The Incident Report states that the Palos Verdes Police
2  Department has possession of the photographs which have not been turned over to
3  Plaintiffs.
4       There are likely other documents that have not been produced.
5       Defendants objections should be ruled as not applicable and Defendant should
6  be ordered to produce the photographs associated with the Incident Report.
7       It is a common principle that the rules of discovery are to be broadly and
8  liberally construed so as to permit the discovery of any information which is relevant
9  and is reasonably calculated to lead to the discovery of admissible evidence. (See,
10 Fed. R. Civ. P. 26(b)(2); <u>Hickman v. Taylor</u>, 329 U.S. 495, 507(1947). Rule 26 has
11 been broadly construed to "encompass any matter that bears on, or that reasonably
12 could lead to other matter that could bear on, any issue that is or may be in the case."
13 <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (citing <u>Hickman</u>, 329 U.S.
14 495). Fed. R. Civ. P. 34(b)(1)(A), requires a request for production to describe an item
15 "with reasonable particularity," which this RFP does.  Moreover, Defendant fails to
16 specify why the request is "vague, ambiguous, overbroad."  Also, there is a protective
17 order in place.
18      Defendants Argument:
19      [Intentionally left blank for response]
20 REQUEST FOR PRODUCTION NO. 14:
21      Any and all DOCUMENTS REFERENCING surfers who regularly surf at
22 Lunada Bay.
23 Defendant's Response:
24       Objection. Defendant refers to and incorporates by reference the General
25 Response and Objections as though set forth fully herein. Defendant further objects
26 to this request to the extent it fails to set forth any applicable timeframe, thereby
27 violating the proportionality standard set forth in Fed. R. Civ. P. 26(b). Defendant
28

13675145.4

-5-     Case No. 2:16-cv-02129-SJO (RAOx)
[PROPOSED JOINT] STATEMENT REGARDING PLAINTIFFS MOTION TO COMPEL PRODUCTION OF DOCUMENTS

1  further objects to this request to the extent it seeks information protected by the
2  attorney-client privilege and/or the attorney work-product doctrine. Defendant further
3  objects to the prefatory definitions utilized in this request as vague, overbroad, and
4  unduly burdensome. Defendant further objects to the use of the term "regularly surf"
5  as vague, ambiguous, and overbroad. Defendant further objects to this request as
6  overbroad in view of the Court's denial of class certification; said denial substantially
7  narrows the permissible discovery and proportionality considerations. Plaintiffs'
8  action is now one brought individually by the three named party-plaintiffs, and
9  proportionality considerations mandate that any discovery sought by Plaintiffs be
10 limited to their specific, individualized claims and allegations. Subject to the
11 foregoing. objections, Defendant responds as follows. Defendant undertook a diligent
12 search and reasonable inquiry in an effort to locate the items requested. No responsive
13 documents exist. Defendant's investigation and discovery efforts are continuing and
14 have not been completed at this time. Defendant expressly reserves the right to
15 supplement, amend, or otherwise modify this response on that basis.

16 <u>Plaintiffs' Argument</u>:

17     Defendant's response states that there are no responsive documents but after
18 being threatened with a Motion to Compel, Defendant turned over a police
19 Memorandum regarding the Lunada Bay Event-1/20/2014 bates numbers
20 CITY023466- CITY023473. The Memorandum refers to three police video cameras
21 recording the area, many individuals both on land and in the water had personal video
22 recorders. When Plaintiffs requested the video, the City produced video from an event
23 in 2012.

24     In addition, the Defendant only provided redacted Officer Report for Incident
25 15-12058 which in   CITY017541- CITY017545. The report states that the incident
26 was video recorded and the Palos Verdes Police Department have the video.

27     Defendants objections should be ruled as not applicable and Defendant should
28

be ordered to produce the photographs associated with the Incident Report

It is a common principle that the rules of discovery are to be broadly and liberally construed so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence. (See, Fed. R. Civ. P. 26(b)(2); Hickman v. Taylor, 329 U.S. 495, 507(1947). Rule 26 has been broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (citing Hickman, 329 U.S. 495). Fed. R. Civ. P. 34(b)(1)(A), requires a request for production to describe an item "with reasonable particularity," which this RFP does.  Moreover, Defendant fails to specify why the request is "vague, ambiguous, overbroad."

Defendants Argument:

[Intentionally left blank for response]

## V. PLAINTIFFS REQUESTS

Plaintiffs are requesting that Defendant Chief Kepley be ordered to produce all the documents that have not been turned over and any objections and/or privileges are not applicable.

DATED:  August 7, 2017                OTTEN LAW PC

By: _/s/ Victor Otten_
VICTOR OTTEN
Attorneys for Plaintiffs