HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:   (916) 442-3333
Facsimile:   (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone:   (310) 378-8533
Facsimile:   (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>            Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**DECLARATION OF VICTOR OTTEN IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS DEFENDANT CHIEF KEPLEY**<br><br>[Filed Concurrently with: Statement Regarding Plaintiffs Motion to Compel Production of Documents: Declaration of |

|  |  |
|---|---|
| v. | Victor Otten] |
| LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, | Judge:  Hon. Rozella A. Oliver<br>Date:   September 6 2017<br>Time:   10:00 am<br>Crtrm.: F, 9th Floor ___ |
|  | Complaint Filed:     March 29, 2016<br>Trial Date:            November 7, 2017 |
| Defendants. |  |

I, VICTOR OTTEN, declare as follows:

1.     I am attorney licensed to practice under the laws of the State of California and am duly admitted to practice before this court.  I am an attorney of record for Plaintiffs Cory Spencer, Diana Milena Reed, and the Coastal Protection Rangers, Inc.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify to the matters stated herein.

2.     On July 8, 2016, Plaintiffs' counsel sent a litigation hold letter to the attorney for The City of Palos Verdes Estates and Chief Kepley requesting that he remind his client not to alter, delete or destroy any evidence relating to the lawsuit. (A true and correct copy is attached as Exhibit 1)

3.     On March 20, 2017, Defendant Kepley served Responses to Plaintiffs Request For Production of Documents, One. (A true and correct copy is attached as Exhibit 2)

4.     There were numerous meet and confers between the Plaintiffs and

Defendant regarding the outstanding discovery issues. These included both written and oral communications. (A true and correct copy is attached as Exhibit 3)

5.      Defendant's response to Plaintiff's Request for Production No. 12 states that there are no responsive documents but after being threatened with a Motion to Compel, Defendant turned over Palos Verdes Estates Police Report DR 021007 which involved Defendant Sang Lee. That Incident Report states that the victim took photographs of the people he believed were throwing rocks at him. The Incident Report states that the Palos Verdes Police Department has possession of the photographs which have not been turned over to Plaintiffs.

6.      Defendant's response Plaintiff's Request for Production No. 14 states that there are no responsive documents but after being threatened with a Motion to Compel, Defendant turned over a police Memorandum regarding the Lunada Bay Event-1/20/2014 bates numbers CITY023466- CITY023473. The Memorandum refers to three police video cameras recording the area, many individuals both on land and in the water had personal video recorders. When Plaintiffs requested the video, the City produced video from an event in 2012.

7.      In addition, the Defendant only provided redacted Officer Report for Incident 15-12058 which in  CITY017541- CITY017545. The report states that the incident was video recorded and the Palos Verdes Police Department have the video.

DATED:  August 7, 2017                    OTTEN LAW PC


                                          By:   /s/ Victor Otten
                                                VICTOR OTTEN
                                                Attorneys for Plaintiffs

DECLARATION OF VICTOR OTTEN,

13675145.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF VICTOR OTTEN

Case No. 2:16-cv-02129-SJO (RAOx)

13675145.4



**SAMANTHA D. WOLFF**
SENIOR COUNSEL
DIRECT DIAL (415) 995-5020
DIRECT FAX (415) 995-3547
E-MAIL swolff@hansonbridgett.com

June 8, 2016

VIA ELECTRONIC MAIL ONLY

Edwin J. Richards
Antoinette P. Hewitt
Kutak Rock LLP
Attorneys for Defendants City of Palos Verdes
Estates and Chief of Police Jeff Kepley
Ed.Richards@KutakRock.com
Antoinette.Hewitt@KutakRock.com

Re:     *Spencer, et al. v. Lunada Bay Boys, et al.*, United States District Court for the Central
        District of California, Case No. 2:16-cv-02129-SJO-RAO

Dear Mr. Richards and Ms. Hewitt:

This letter is intended to remind your clients, the City of Palos Verdes Estates and Chief of
Police Jeff Kepley ("City Defendants") not to alter, delete or destroy any evidence relating to the
lawsuit.

As you are aware, the lawsuit includes claims for violations of the Bane Act, California Coastal
Act, 42 USC § 1983, and Public Nuisance.  Evidence germane to the lawsuit is anything having
to do with this lawsuit, complaints about beach access for non-residents, including incidents
involving alleged intimidation, violence, assault, battery, verbal disagreements, and/or
harassment occurring at Lunada Bay; complaints to the Palos Verdes Police Department
regarding access to Lunada Bay or other Palos Verdes Estates beaches; requests for
assistance and/or investigation by the Palos Verdes Police Department regarding incidents at
Lunada Bay or other Palos Verdes Estates beaches; any incidents occurring at or near the rock
fort structure at Lunada Bay, as well as the construction, permitting or removal of structures or
other improvements in the Lunada Bay park area; as well as allegations of vandalism to private
property (including, but not limited to, automobiles) occurring at or near Lunada Bay.  Evidence
also includes information related to the Bay Boys and/or its members, as well as evidence
related to surfer territorialism, The foregoing shall be collectively referred to as "Potential
Evidence" hereinafter in this letter.

I.      Demand For Preservation Of Evidence

City Defendants are hereby given notice to immediately take all steps necessary to prevent the
destruction, loss, concealment, or alteration of any paper, document, or electronically stored
information ("ESI") related to Potential Evidence.  Because ESI is an important and irreplaceable
source of discovery and/or evidence in connection with the lawsuit described above, Plaintiffs
may seek information from computer systems, removable electronic media and other locations
controlled by you, as well as from anyone who is involved in the with matters relevant to the

**Hanson Bridgett LLP**
425 Market Street, 26th Floor, San Francisco, CA 94105      hansonbridgett.com

12427241.1

Ed Richards & Antoinette Hewitt
June 8, 2016
Page 2

lawsuit described above.  ESI should be afforded the broadest possible definition and includes, but is not limited to, the following: all e-mail, instant messaging, text messages, voice mail messages, image files (including PDF, TIFF, JPG, and GIF images), other electronic communications of the persons or entities identified above, word processing documents, spreadsheets, databases, calendars, telephone logs, video or audio files, and all other data or information generated by and/or stored on your existing or prior computers and storage media, or hosted on online storage systems, or existing on an Internet-based application, as well as any other media (e.g., hard disks, flash drives, backup tapes, etc.), as well as any social media posts or comments (e.g., Facebook, Instagram, Snapchat).

This directive extends to all ESI within City Defendants' possession (including city council members, city commissioners, employees, assistants, agents, secretaries, etc.) as well as all that is under City Defendants' control. Because paper copies do not preserve electronic searchability or metadata, they are not an adequate substitute for ESI.  If information exists in both electronic and paper form, City Defendants should preserve them both.

II.        Instituting a "Litigation Hold"

Adequate preservation of ESI related to Potential Evidence requires more than simply refraining from efforts to destroy or dispose of such evidence.  City Defendants must also intervene to prevent loss due to routine operations, whether automated or not, and employ proper techniques to safeguard all such evidence.  Examples of such routine operations include, but are not limited to, purging the contents of e-mail repositories by age, capacity, or other criteria; using data or media wiping, disposal, erasure, or encryption utilities or devices; overwriting, erasing, destroying, or discarding backup media; reassigning, re-imaging or disposing of systems, servers, devices, or media; running antivirus or other programs that alter metadata; using metadata stripper utilities; and destroying documents or any ESI by age or other criteria.  City Defendants should not pack, compress, purge, or dispose of any file or any part thereof.

Accordingly, City Defendants are requested to immediately institute a litigation hold for potentially relevant ESI, documents, and tangible things related to Potential Evidence, and to act diligently and in good faith to secure and audit compliance with that litigation hold.  Because documents and ESI relevant to this lawsuit may stretch back a number of years, it is possible that relevant documents and ESI may only be preserved on ESI backup systems (e.g., backup tapes) or other media, or in other locations.  Thus, backup data should be preserved until this determination can be made.

City Defendants are also requested to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files), network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view, and (if necessary) reconstruct any ESI related to Potential Evidence.

It is also imperative that any and all persons who have access to relevant documents and ESI (including employees and agents) be informed of the obligation to preserve those documents and ESI related to Potential Evidence and that sufficient steps are taken to ensure compliance now, and as this matter progresses.

Ed Richards & Antoinette Hewitt
June 8, 2016
Page 3

III.   <u>Types of Data Preserved</u>

    A.   Native Form

City Defendants should anticipate that certain ESI, including but not limited to photos, videos, texts, and e-mails, will be sought in the form or forms in which they are ordinarily maintained (i.e., native form). Accordingly, City Defendants should preserve ESI of Potential Evidence in such native forms, and City Defendants should not employ methods to preserve ESI that remove or degrade the ability to search the ESI by electronic means or that make it difficult or burdensome to access or use the information.  City Defendants should additionally refrain from actions that shift ESI from reasonably accessible media and forms to less accessible media and forms if the effect of such actions is to make such ESI not reasonably accessible.

    B.   Metadata

City Defendants should further anticipate the need to disclose and produce system and application metadata and act to preserve it.  System metadata is information describing the history and characteristics of other ESI.  This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location and dates of creation and last modification or access.  Application metadata is information automatically included or embedded in electronic files, but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and printing.  For e-mail, metadata includes all header routing data and encoded attachment data, in addition to the To, From, Subject, Received Date, CC, and BCC fields. Metadata may be overwritten or corrupted by careless handling or improper preservation, including by moving, copying or examining the contents of files.

IV.   <u>Servers</u>

With respect to servers like those used to manage e-mail (e.g., Microsoft Exchange) and network storage, the entire contents of each network share and e-mail account of the persons listed above should be preserved and not modified.

V.   <u>Storage</u>

With respect to on-line storage and/or direct access storage devices attached to the City Defendants' mainframe computers, in addition to the above, City Defendants are not to modify or delete any ESI, "deleted" files, and/or file fragments existing on the date of this letter's delivery that contain Potential Evidence.

With regard to all electronic media used for off-line storage, including magnetic tapes and cartridges, optical media, electronic media, and other media or combinations of media containing Potential Evidence, you are requested to stop any activity which may result in the loss of any ESI, including rotation, destruction, overwriting and erasure in whole or in part.  This request is intended to cover all media used for data or information storage in connection with your computer systems, including magnetic tapes and cartridges, magneto-optical disks, and all other media, whether used with personal computers, mainframes or other computers, and whether containing backup and/or archival ESI.

12427241.1

Ed Richards & Antoinette Hewitt
June 8, 2016
Page 4

VI.    <u>Computers</u>

City Defendants should take immediate steps to preserve all ESI related to Potential Evidence on all computers used by City Defendants, including their employees, secretaries, assistants, agents, etc., that in any way relate to the lawsuit.  As to fixed devices:  (1) a true and correct copy is to be made of all such ESI, including all active files and completely restored versions of all deleted electronic files and file fragments; (2) full directory listings (including hidden files) for all directories and subdirectories (including hidden directories) on such fixed devices should be written; and (3) all such copies and listings are to be preserved until all litigation is ended.

With respect to local hard drives, one way to protect existing data is by the creation and authentication of forensically sound images of the drives.  Be advised that a conventional back up of a hard drive is not a forensically sound image.  "Forensically sound ESI preservation" means duplication of all data stored on the evidence media while employing a proper chain of custody and using tools and methods that make no changes to the evidence and support authentication of the duplicate as a true and complete image of the original.  A forensically sound preservation method guards against changes to metadata evidence and preserves all parts of the electronic evidence.

VII.    <u>Portable Systems</u>

In addition to the City Defendants' immediate preservation of ESI, documents and tangible items on servers and workstations, City Defendants should also determine if any home or portable systems may contain Potential Evidence.  To the extent that City Defendants, including employees, secretaries, agents, assistants, etc., have sent or received potentially relevant e-mails or created or reviewed potentially relevant documents away from the office, City Defendants must preserve the contents of systems, devices, and media used for these purposes (including not only potentially relevant data from portable and home computers, but also from portable thumb drives, CDs, DVDs, PDAs, smartphones, voice mailboxes, or any other forms of ESI storage) using Forensically sound ESI preservation.  Additionally, if City Defendants (including any employees, secretaries, agents, assistants, etc.) used online or browser-based e-mail accounts (Gmail, etc.) or services to send or receive potentially relevant messages and attachments, including social media accounts (Facebook, Twitter, etc.), the contents of these account mailboxes must be preserved using Forensically sound ESI preservation.

VIII.    <u>Evidence Created Or Acquired In The Future</u>

With regard to documents, tangible things, and ESI that are created or come into City Defendants' custody, possession, or control subsequent to the date of delivery of this letter, City Defendants must preserve all Potential Evidence and take all appropriate action to avoid its destruction.

IX.    <u>Do Not Delay Preservation</u>

City Defendants should not defer preservation steps.  Should City Defendants' failure to preserve Potential Evidence result in the corruption, loss or delay in production of evidence to which we are entitled, such failure would constitute spoliation of evidence, for which sanctions may be available.

Ed Richards & Antoinette Hewitt
June 8, 2016
Page 5

Please contact me if you have any questions regarding this letter.

Sincerely,

*/s/ Samantha Wolff*

Samantha Wolff

cc:    Kurt Franklin, Esq.
        Victor Otten, Esq.
        Tyson Shower, Esq.
        Landon Bailey, Esq.
        Caroline Lee, Esq.

EDWIN J. RICHARDS (SBN 43855)
Email: Ed.Richards@kutakrock.com
ANTOINETTE P. HEWITT (SBN 181099)
Email: Antoinette.hewitt@kutakrock.com
CHRISTOPHER D. GLOS (SBN 210877)
Email: Christopher.Glos@kutakrock.com
REBECCA L. WILSON (SBN 257613)
Email: Rebecca.Wilson@kutakrock.com
KUTAK ROCK LLP
Suite 1500
5 Park Plaza
Irvine, CA 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394

Attorneys for Defendants
CITY OF PALOS VERDES ESTATES and
CHIEF OF POLICE JEFF KEPLEY

RECEIVED
JUL 1 4 2017
BY: ....................

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Case No. 2:16-cv-02129-SJO-RAO<br><br>Assigned to<br>District Judge: Hon. S. James Otero<br>Courtroom: 1<br><br>Assigned Discovery:<br>Magistrate Judge: Hon. Rozella A. Oliver<br><br>[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]<br><br>**DEFENDANT CHIEF OF POLICE JEFF KEPLEY'S RESPONSE TO REQUEST FOR PRODUCTION SET ONE PROPOUNDED BY PLAINTIFF DIANA MILENA REED**<br><br>Complaint Filed: March 29, 2016<br>Trial: November 7, 2017 |

PROPOUNDING PARTY:    Plaintiff, DIANA MILENA REED

RESPONDING PARTY:    Defendant, CHIEF OF POLICE JEFF KEPLEY

SET NUMBER:    ONE

Pursuant to Fed, R. Civ. P. 34, Defendant CHIEF OF POLICE JEFF KEPLEY ("Defendant") hereby responds to Plaintiff DIANA MILENA REED's Request for Production (Set One). Defendant's discovery, investigation, and preparation in this litigation are ongoing, and have not been completed at this time. The responses herein are based on information currently available to Defendant; on that basis, Defendant reserves the right to supplement or amend these responses as additional facts are ascertained and as discovery progresses. Accordingly, Defendant further reserves the right to reply upon and to present as evidence at trial any additional information that may be discovered or developed by Defendant and his counsel throughout the course of this litigation.

## GENERAL OBJECTIONS

1.    Each response provided and any documents identified therein are subject to all objections including, but not limited to, privilege, relevancy, authenticity, and admissibility which would require exclusion of the evidence if were offered in Court, all of which are hereby expressly reserved.

2.    Defendant objects to each of the requests to the extent those requests are overly broad, unduly burdensome, or seek documents or information irrelevant to any issue in this action and/or disproportionate to the needs of this case, to the extent that responding to such requests are not important to resolving issues in this case or unduly consume Defendant's resources.

3.    Defendant objects to each of the requests to the extent they seek documents, tangible things, or information that have been prepared in anticipation of litigation or for trial, or are otherwise subject to privilege/protection pursuant to the attorney-client privilege or the attorney work-product doctrine.

4.    Defendant objects to each of the requests to the extent they seek

1   documents or information subject to protection from disclosure under the attorney-
2   client privilege or any other applicable privilege.

3        5.     Defendant objects to the requests to the extent they seek information or
4   documents not in the possession, custody, or control of Defendant.

5        6.     Defendant objects to each of the requests to the extent that the burden
6   or expense of responding to such requests outweighs the benefit to any party,
7   thereby rendering such requests irrelevant.

8        7.     The fact that Defendant has provided a factual response or identified a
9   document is not an admission that the fact or document is admissible in evidence,
10  and is not to be construed as a waiver of an objection, which may hereafter be
11  interposed to the admissibility of such fact or document as evidence in this case.

12       8.     Defendant is continuing its investigation and analysis of this matter,
13  and has not yet concluded its investigation, discovery, and preparation for trial.
14  Therefore, these responses are given without prejudice to Defendant's right to
15  produce or use any subsequently discovered facts or writings or to add to, modify,
16  or otherwise change or amend the responses herein.  These responses are based on
17  writings and information currently available to Defendant.  The information is true
18  and correct to the best of Defendant's knowledge, as of this date, and is subject to
19  correction and supplementation for any inadvertent errors, mistakes or omissions.

20       9.     This preliminary statement and all general objections are hereby
21  incorporated into each of the following responses.

22       10.     These responses and objections will be supplemented to the extent
23  required by Fed. R. Civ. P. 26(e)

24       **RESPONSES TO REQUESTS FOR PRODUCTION**
25  **REQUSET FOR PRODUCTION NO. 1**:

26       Any and all DOCUMENTS that YOU identified in YOUR responses to
27  Plaintiff Diana Milena Reed's First Set of Interrogatories to Chief of Police Jeff
28  Kepley.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Objection.  Defendant incorporates by reference the General Objections as though set forth fully herein.  Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant further objects to this request to the extent it is cumulative with prior document requests propounded in this litigation, rendering the request unduly burdensome and harassing.  Defendant further objects to the prefatory definitions utilized in this request as vague, overbroad, and unduly burdensome.  Defendant further objects to this request to the extent it calls for the disclosure of information subject to governmental law enforcement protocols prohibiting such disclosures to unauthorized personnel.  Defendant further objects to this request as overbroad in view of the Court's denial of class certification; said denial substantially narrows the permissible discovery and proportionality considerations.  Plaintiffs' action is now one brought individually by the three named party-plaintiffs, and proportionality considerations mandate that any discovery sought by Plaintiffs be limited to their specific, individualized claims and allegations.

Subject to the foregoing objections, Defendant responds as follows. Defendant has already produced the non-privileged, responsive documents within its possession, custody, or control identified in responses to the discovery requests referenced.  Defendant's investigation and discovery efforts are continuing, and have not been completed at this time.  Defendant expressly reserves the right to supplement, amend, or otherwise modify this response and any related document production on that basis.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS that YOU identified in YOUR responses to Plaintiff Cory Spencer's Second Set of Interrogatories to Chief of Police Jeff Kepley.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**:

Objection.  Defendant incorporates by reference its General Objections as though set forth fully herein.  Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Defendant further objects to this request to the extent it is cumulative with prior document requests propounded in this litigation, rendering the request unduly burdensome and harassing.  Defendant further objects to the prefatory definitions utilized in this request as vague, overbroad, and unduly burdensome.  Defendant further objects to this request to the extent it calls for the disclosure of information subject to governmental law enforcement protocols prohibiting such disclosures to unauthorized personnel.  Defendant further objects to this request as overbroad in view of the Court's denial of class certification; said denial substantially narrows the permissible discovery and proportionality considerations.  Plaintiffs' action is now one brought individually by the three named party-plaintiffs, and proportionality considerations mandate that any discovery sought by Plaintiffs be limited to their specific, individualized claims and allegations.

Subject to the foregoing objections, Defendant responds as follows.  Defendant has already produced the non-privileged, responsive documents within its possession, custody, or control identified in responses to the discovery requests referenced.  Defendant's investigation and discovery efforts are continuing, and have not been completed at this time.  Defendant expressly reserves the right to supplement, amend, or otherwise modify this response and any related document production on that basis.

Dated:  July 13, 2017                    KUTAK ROCK LLP


                                         By: /s/ *Edwin J. Richards*
                                             Edwin J. Richards
                                             Antoinette P. Hewitt
                                             Christopher D. Glos
                                             Rebecca L. Wilson
                                             Attorneys for Defendants
                                             CITY OF PALOS VERDES ESTATES
                                             and CHIEF OF POLICE JEFF KEPLEY

# PROOF OF SERVICE

*Cory Spencer, et al v. Lunada Bay Boys, et al.*

USDC, Central District, Western Division Case No.: 2:16-cv-02129-SJO (RAOx)

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the City of Irvine in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1500, Irvine, California 92614.

    On **July 13, 2017**, I served on all interested parties as identified on the below mailing list the following document(s) described as:

**DEFENDANT CHIEF OF POLICE JEFF KEPLEY'S RESPONSE TO REQUEST FOR PRODUCTION SET ONE PROPOUNDED BY PLAINTIFF DIANA MILENA REED**

[X] **(BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this(these) document(s) will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(BY ELECTRONIC MAIL)** The above document was served electronically on the parties appearing on the service list associated with this case. A copy of the electronic mail transmission[s] will be maintained with the proof of service document.

**SEE ATTACHED SERVICE LIST**

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

Executed on **July 13, 2017**, at Irvine, California.

_____
Mary Clark

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1

- 1 -

2:16-cv-02129-SJO-RAO

PROOF OF SERVICE

# SERVICE LIST

*Cory Spencer, et al v. Lunada Bay Boys, et al.*

| | |
|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>Jennifer A. Foldvary, Esq.<br>Lisa M. Pooley, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Attorneys for Plaintiffs, CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.<br><br>Telephone: (415) 442-3200<br>Facsimile: (415) 541-9366<br><br>kfranklin@hansonbridgett.com<br>swolff@hansonbridgett.com<br>clee@hansonbridgett.com<br>jfoldvary@hansonbridgett.com<br>lpooley@hansonbridgett.com |
| Tyson M. Shower, Esq.<br>Landon D. Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | Attorneys for Plaintiffs, CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.<br><br>Telephone: (916) 442-3333<br>Facsimile: (916) 442-2348<br><br>tshower@hansonbridgett.com<br>lbailey@hansonbridgett.com |
| Victor Otten, Esq.<br>Kavita Tekchandani, Esq.<br>OTTEN LAW PC<br>3620 Pacific Coast Highway, #100<br>Torrance, CA 90505 | Attorneys for Plaintiffs, CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.<br><br>Telephone: (310) 378-8533<br>Facsimile: (310) 347-4225<br><br>vic@ottenlawpc.com<br>kavita@ottenlawpc.com |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1                           - 2 -                    2:16-cv-02129-SJO-RAO

PROOF OF SERVICE

| | |
|---|---|
| Robert T. Mackey, Esq.<br>Peter H. Crossin, Esq.<br>Richard P. Dieffenbach, Esq.<br>John P. Worgul, Esq.<br>John E. Stobart, Esq.<br>VEATCH CARLSON, LLP<br>1055 Wilshire Boulevard, 11th Floor<br>Los Angeles, CA 90017 | Attorneys for Defendant BRANT BLAKEMAN<br><br>Telephone: (213) 381-2861<br>Facsimile: (213) 383-6370<br><br>rmackey@veatchfirm.com<br>pcrossin@veatchfirm.com<br>rdieffenbach@veatchfirm.com<br>jworgul@veatchfirm.com<br>jstobart@veatchfirm.com |
| Robert S. Cooper, Esq.<br>Audrey S. Olson, Esq.<br>BUCHALTER NEMER, APC<br>1000 Wilshire Blvd., Ste. 1500<br>Los Angeles, CA 90017 | Attorney for Defendant BRANT BLAKEMAN<br><br>Telephone: (213) 891-5230<br>Facsimile: (213) 896-0400<br><br>rcooper@buchalter.com<br>aolson@buchalter.com |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant ALAN JOHNSTON aka JALIAN JOHNSTON<br><br>Telephone: (310) 526-2237<br>Facsimile: (310) 526-2237<br><br>pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |
| Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant MICHAEL RAY PAPAYANS<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br><br>peter@hblwfirm.us<br>peter@havenlaw.com |

| | |
|---|---|
| Mark C. Fields<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants ANGELO FERRARA; N.F. appearing through [Proposed] Guardian Ad Litem, Leonora Ferrara Attorney for Petitioner<br><br>Telephone: (213) 948-2349<br><br>fields@markfieldslaw.com |
| Thomas M. Phillips, Esq.<br>Aaron G. Miller, Esq.<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant ANGELO FERRARA<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br><br>tphillips@thephillipsfirm.com<br>amiller@thephillipsfirm.com |
| Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tera Lutz, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Attorney for Defendant SANG LEE<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900<br><br>Dana.Fox@lewisbrisbois.com<br>Edward.Ward@lewisbrisbois.com<br>Eric.Kizirian@lewisbrisbois.com<br>Tera.Lutz@lewisbrisbois.com |
| Daniel M. Crowley, Esq.<br>BOOTH, MITCHEL & STRANGE<br>707 Wilshire Boulevard, Suite 4450<br>Los Angeles, CA 90017 | Co-Counsel for Defendant SANG LEE<br><br>Telephone: (213) 738-0100<br>Facsimile: (213) 380-3308<br><br>dmcrowley@boothmitchel.com |

| | |
|---|---|
| Patrick Au, Esq.<br>Alison Kathleen Hurley, Esq.<br>Tiffany L. Bacon, Esq.<br>BREMER WHYTE BROWN &<br>O'MEARA<br>21215 Burbank Boulevard, Suite 500<br>Woodland Hills, CA 91367 | Attorneys for Defendants FRANK<br>FERRARA and CHARLIE<br>FERRARA<br><br>Telephone: (818) 712-9800<br>Facsimile: (818) 712-9900<br><br>pau@bremerwhyte.com<br>ahurley@bremerwhyte.com<br>tbacon@bremerwhyte.com |

## Victor Otten

| | |
|---|---|
| **From:** | Song, Jacob <Jacob.Song@KutakRock.com> |
| **Sent:** | Tuesday, May 16, 2017 5:18 PM |
| **To:** | Samantha Wolff |
| **Cc:** | Kurt A. Franklin; Victor Otten; Glos, Christopher D.; Hewitt, Antoinette P.; Richards, Edwin J. |
| **Subject:** | RE: Lunada - Discovery Follow Up |

Hi Samantha,

Thanks for following up.  Please allow us to address your correspondence:

1.  Confirming receipt of your initial list of search terms/phrases.  We will run for hits and provide an update on the resulting hits.
2.  The 3/10 production consisted of unredacted police reports per your request for such unredacted reports.  Recall that the reports were previously produced in redacted form prior to entry of the Stipulated Protective Order.  Please also recall that our ability to produce electronic versions of law enforcement records is subject to CLETS/CJIS clearance.
3.  Regarding the document requests directed to Chief Kepley, it is our understanding that responsive documents were produced as part of the electronic documents made available via FTP.  We searched for documents specifically in Chief Kepley's custody, control, and possession, and produced documents responsive to your requests.
4.  We will check with the proposed deponents on their June 2017 availability for deposition.

Sincerely,

Jacob

-----Original Message-----
From: Samantha Wolff [mailto:SWolff@hansonbridgett.com]
Sent: Friday, May 12, 2017 2:41 PM
To: Song, Jacob
Cc: Kurt A. Franklin; 'Victor Otten (vic@ottenlawpc.com)'
Subject: Lunada - Discovery Follow Up

Hi Jacob,
I realize it's been a while since we've spoken and I wanted to touch base with you on some outstanding discovery issues.
First, attached is a list of search terms that we propose for the City's electronic search of its files and systems. We'd appreciate receiving a list of hits from these terms so we can see if we're on the right track.
Second, the City's March 10, 2017 production did not contain any bates numbers and consisted of a single 445-page PDF. As we've discussed before, such a production does not comply with the federal rules (or the instructions included in our document request). Please reproduce these documents as requested, including with metadata intact.
Third, Plaintiff Spencer's first set of requests for production of documents to Chief Kepley requested documents referring or related to the planned undercover operation in January/February 2016 as well as an investigation into the source of the leak that disclosed that operation (requests 5 and 6). In his responses, Chief Kepley indicated that he would produce all relevant documents but to date, none of the City's productions have contained this information. Please let me know when we can expect to receive this information.
Finally, we would like to take the depositions of Detective Sergeant Barber and PVEPD dispatcher Kathryn Placik. Please advise as to their availability for deposition in June.
Thanks,
Samantha

--------------------------------------------------------------------
This E-mail message is confidential, is intended only for the named recipients above and may contain information that is privileged, attorney work product or otherwise protected by applicable law. If you have received this message in error, please notify the sender at 402-346-6000 and delete this E-mail message.
Thank you.