HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:   (916) 442-3333
Facsimile:    (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone:   (310) 378-8533
Facsimile:    (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO FRCP 56(d)** |

|  | |  |
|---|---|---|
| v. | | Judge: Hon. S. James Otero |
| | | Date: September 5, 2017 |
| | | Time: 10:00 a.m. |
| LUNADA BAY BOYS; THE | | Crtrm.: 10C |
| INDIVIDUAL MEMBERS OF THE | | |
| LUNADA BAY BOYS, including but | | |
| not limited to SANG LEE, BRANT | | Complaint Filed: March 29, 2016 |
| BLAKEMAN, ALAN JOHNSTON | | Trial Date: November 7, 2017 |
| AKA JALIAN JOHNSTON, | | |
| MICHAEL RAE PAPAYANS, | | |
| ANGELO FERRARA, FRANK | | |
| FERRARA, CHARLIE FERRARA, | | |
| and N. F.; CITY OF PALOS VERDES | | |
| ESTATES; CHIEF OF POLICE JEFF | | |
| KEPLEY, in his representative | | |
| capacity; and DOES 1-10, | | |
| | | |
| Defendants. | | |

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION ...................................................................................... 1

II.   FACTUAL BACKGROUND ..................................................................... 3

    A.    Plaintiffs' have brought claims against both the Bay Boys and the government officials that either actively or tacitly support their illegal activities. ................................................................ 3

    B.    Plaintiffs' discovery requests seek cell phone text messages between and among the police department and the Bay Boys. ......... 5

    C.    Plaintiffs have been diligently attempting to acquire the necessary discovery ....................................................................... 5

        1.    Plaintiffs have diligently sought the cell phone records of the PVE police, but were required to oppose PVE's motion for summary judgment without this information. ........... 5

        2.    Plaintiffs have diligently sought Defendant Papayans' cell phone records but were required to oppose Papayans' summary-judgment motion without ever receiving this information ...................................................................... 7

        3.    Charlie and Frank Ferrara obstructed the discovery of their cell phone records and only completed production pursuant to a court order on July 26, which was well after the Court-mandated date and after they both filed motions for summary judgment ..................................................... 8

    D.    Defendants' Motions for Summary Judgment are predicated in large part on a purported lack of evidence ............................... 12

III.  ARGUMENT ............................................................................................ 13

    A.    Ninth Circuit precedent requires the grant of motions under Rule 56(d) where discovery is yet to be produced. ........................ 13

    B.    Rule 56(d) relief is necessary because the City has failed to produce cell phone records and text messages of its city officials and police officers. .................................................................. 15

    C.    Rule 56(d) relief is necessary because, despite diligent efforts, Michael Papayans' cell phone data has yet to be produced ............... 16

    D.    Rule 56(d) relief is necessary because Defendants wrongfully withheld documents until after filing for summary judgment. ............ 16

IV.   CONCLUSION ......................................................................................... 17

PLTFS' MEM. P. & A. ISO MOT. FOR ADMIN. RELIEF UNDER FRCP 56(d)

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) .......................................... 14

*Brocade Communications Systems, Inc. v. A10 Networks, Inc.*,
2012 U.S. Dist. LEXIS 2022, Case No. 10-CV-03428-LHK (N.D. Cal. Jan. 6, 2012) ............................................................................... 13

*Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*,
323 F.3d 767 (9th Cir. 2003) ............................................................ 13, 14

*City of San Jose v. Ted Smith*,
2 Cal. 5th 608 (2017) ....................................................................... 7, 15

*Garret v. City & Cnty. of San Francisco*,
818 F.2d 1515 (9th Cir. 1987) ......................................................... 14, 15

*Hart v. Gaione*,
2005 WL 419696 (C.D. Cal. 2005) ...................................................... 14

*Lathrop v. Uber Technologies, Inc.*,
2016 WL 3648596 (N.D.Cal., 2016) .................................................... 15

*Metabolife Intern., Inc. v. Wornick*,
264 F.3d 832 (9th Cir.2001) ............................................................... 14

*Roberts v. McAfee, Inc.*,
660 F.3d 1156 (9th Cir. 2011) ............................................................ 13

*United States v. Real Property and Improvements Located at 2366 San Pablo Avenue, Berkeley, California*,
2014 WL 3704041 (N.D. Cal. 2014) .................................................... 14

**Other Authorities**

Fed. R. Civ. P. 56 ................................................................................*passim*

## I.    INTRODUCTION

Defendants ask the Court to enter summary judgment in their favor while improperly evading Plaintiffs' discovery requests.  The Defendants have acted in concert to preclude Plaintiffs from gathering the very discovery needed for Plaintiffs to fully oppose the pending motions.  Because of this, Plaintiffs are entitled to relief under Federal Rule of Civil Procure 56(d): Plaintiffs have repeatedly and diligently attempted to obtain the discovery necessary to address issues raised in Defendants' motion, only to have Defendants "delete," mishandle, or otherwise withhold this information from Plaintiffs.  This material is the subject of outstanding discovery requests and motions to compel. Plaintiffs request that all of Defendants' motions be denied, or, in the alternative, that Plaintiffs be allowed to resolve their discovery disputes, gather the discovery they seek, and file supplemental oppositions to the motions.

Plaintiffs' claims center on the Lunada Bay Boys gang members conspiring to prevent outsiders from accessing and enjoying Lunada Bay through threats, intimidation, and violence.  Plaintiffs further claim that the City of Palos Verdes Estates has a practice of actively or tacitly supporting this behavior.  Plaintiffs have demanded specific discovery that will show direct evidence of both actual violence and the conspiracy in support.  While partial evidence has been provided by a few of the Defendants, Defendants have evaded discovery demands and refused to produce documents.  The discovery demands include the following:

- Defendant City of Palos Verdes Estates cellular telephone data from its police officers and city officials used in their duties; and
- Defendant Michael Papayans' cellular telephone data.

PLTFS' MEM. P. & A. ISO MOT. FOR ADMIN. RELIEF UNDER FRCP 56(d)

1    The sought-after discovery goes to the heart of Plaintiffs' claims

2  and will show the communications between and among the Bay Boys and

3  the City coordinating violence to and intimidation of outsiders.

4  Defendants' arguments on summary judgment center on allegations that

5  Plaintiffs lack sufficient evidence.  At the same time, Plaintiffs have been

6  forced to file a motion to compel the City's cell phone records, following

7  extensive meet and confer efforts.  Moreover, Defendant Michael

8  Papayans' cell phone was impounded as evidence by the Los Angeles

9  Police Department (LAPD) after he was involved in a criminal incident

10  at Dodger Stadium.  The parties have been diligently working for the

11  release of Defendant Papayans' cell phone from the LAPD's custody to a

12  digital forensics firm in order to copy and review his cell phone data.

13    Furthermore, Plaintiffs only received the cellular telephone data

14  from Defendant Charlie Ferrara less than two weeks ago (notably, after

15  his summary-judgment motion was filed), and from Defendant Frank

16  Ferrara the week before that, despite having propounded the relevant

17  discovery requests in November 2016 and after meeting and conferring

18  with their counsel since January.  These documents were only finally

19  produced following Court order (and was produced late in violation of the

20  Court order), and they are heavily redacted.  At a time when Plaintiffs

21  are responding to eight motions for summary judgment, it is impossible

22  to analyze and synthesize the new document productions (which total

23  over 4,100 pages), and meet and confer over the improper redactions,

24  that clearly should have been produced earlier.  This is in addition to the

25  numerous documents that have been lost due to Defendants' spoliation of

26  evidence.  *See* Plaintiffs' Opposition to Individual Defendants' Motions

27  for Summary Judgment, at p. 19 [ECF No. 328]; *see also* Plaintiffs'

28  Statement of Additional Material Facts, at p. 132-133.

PLTFS' MEM. P. & A. ISO MOT. FOR ADMIN. RELIEF UNDER FRCP 56(d)

The Court should not tolerate this gamesmanship, and should deny Defendants' motions for summary judgment in their entirety. The discovery that has been withheld and/or belatedly produced is relevant to each Defendants' summary-judgment motion in that Plaintiffs have alleged a conspiracy exists between and among the Defendants, along with support from the City. Numerous texts and emails have already proven this relationship, however, Defendants are entitled to *all* relevant information that may exist in this regard from *each Defendant*.[1] Each and every cell phone text is likely to implicate one or more Defendants in the conspiracy. Thus, the data currently sought by Plaintiffs is critical to opposing each Defendants' motion. In the alternative, this Court should allow time for Plaintiffs to acquire and review the documents they seek, and have the opportunity to file supplemental oppositions to all motions for summary judgment.

## II.     FACTUAL BACKGROUND

### A.     Plaintiffs' have brought claims against both the Bay Boys and the government officials that either actively or tacitly support their illegal activities.

Plaintiffs filed their Complaint on March 29, 2016, bringing claims against individual members of the Lunada Bay Boys gang, the city of Palos Verdes Estates ("PVE" or "the City"), and PVE's Chief of Police Jeff Kepley in his representative capacity. *See* Complaint, ECF No. 1. PVE is a city of approximately 13,500 residents, having a median household income of more than $170,000. *Id.*, at ¶ 5. Its "natural beauty is a

---

[1] For instance, while Defendants Charlie and Frank Ferrara claimed that no correspondence existed between them and any co-Defendant, Defendant Sang Lee produced a privilege log documenting numerous communications between Defendants Lee, Charlie Ferrara, and Frank Ferrara.

1   unique respite" from neighboring Long Beach, Los Angeles, and the other

2   nearby industrialized and flatland communities.  *Id.*

3       Plaintiffs contend the Bay Boys of PVE engage in numerous illegal

4   activities in an effort to "protect" these lands from "undesirable"

5   outsiders.  The Bay Boys "confront, threaten, intimidate, and harass non-

6   local beachgoers."  *Id.*  "[T]heir assaults... thefts... vandalism to vehicles

7   and personal property, and threats are for the purpose of establishing a

8   curtain of intimation to drive out-of-area beachgoers, which they label

9   riffraff, away from the coastal area of Lunada bay."  *Id.*  These actions

10  constitute the Bay Boys' violation of the Bane Act, California Coastal

11  Act, public nuisance, assault, and battery.  *See id*, at p. 23, 27, 31, 38,

12  and 39.

13      Plaintiffs further contend that PVE, its city officials, and its police

14  force either discriminate directly, are indifferent, or otherwise actively

15  support the Bay Boys gang via the friendship and otherwise close

16  relationship between PVE officers, city officials and Bay Boys.  "With

17  more than 40 police personnel and its own jail, PALOS VERDES

18  ESTATES is aware of the LUNADA BAY BOYS' criminal activity

19  against visiting beachgoers, but has a policy, customer, and practice of

20  taking no action [and directly discriminating against, as uncovered in

21  discovery] when it involves the LUNADA BAY BOYS and the individual

22  Defendants."  *Id.*, at ¶ 28.  For purposes of what is still before this Court,

23  against PVE, Plaintiffs contend violations of Section 1983 under the

24  Equal Protection Clause due to PVE's custom and practice of exclusion,

25  thus necessitating three levels of Section 1983 Equal Protection analysis:

26  (1) strict scrutiny; (2) intermediate scrutiny; and (3) rational basis

27  review.  *See id*, at p. 29, 30, and 31.

28

13679465.1
PLTFS' MEM. P. & A. ISO MOT. FOR ADMIN. RELIEF UNDER FRCP 56(d)

**B.     Plaintiffs' discovery requests seek cell phone text messages between and among the police department and the Bay Boys.**

Plaintiffs contend that the conspiracy between and among the Bay Boys, the PVE city officials, and police department was conducted mainly via electronic communications such as email and text messages. Accordingly, Plaintiff Spencer served comprehensive document requests on all Defendants encompassing text messages sent on cellular telephones. For example, Plaintiff served a First Set of Requests for Production on PVE requesting, "All DOCUMENTS REFERRING or RELATED TO any DEFENDANT," and "Any DOCUMENTS REFERRING or RELATED TO The Lunada Bay Boys or the Bay Boys." *See* Declaration of Samantha Wolff, Exh. 1, at 9, 12. The definition of "Documents" explicitly includes text messages. *See id.*, Exh. 1, at 3.

Plaintiff also served comprehensive documents requests on Michael Papayans, Charlie Ferrara, and Frank Ferrara. Each set of requests for production included, for example, an RFP No. 7 requesting, "Any text messages or records of phone calls with a co-defendant in this matter." *See* Wolff Decl., Exhs. 2, 3, and 4. The Requests to Charlie and Frank Ferrara were both served on November 16, 2016; the Requests to Michael Papayans was served on February 1, 2017. *See id*.

**C.     Plaintiffs have been diligently attempting to acquire the necessary discovery.**

**1.     Plaintiffs have diligently sought the cell phone records of the PVE police, but were required to oppose PVE's motion for summary judgment without this information.**

Plaintiffs and the City have been in a dispute over the scope of the documents that the City must preserve, collect, and produce. Plaintiffs contend that the City must produce responsive material from the police officers' personal cellular telephones to the extent that the police offers

1   were using such telephones for official city business.  As early as

2   November 22, 2016, counsel for plaintiffs indicated that:

> We also discussed the use of personal mobile devices by city
> employees while acting in the course and scope of their employment.
> You indicated you were making efforts to address voluntary
> preservation of those devices. However, we certainly did not agree that
> the City was not in possession, custody or control of those devices. To
> the extent the City allows such use to occur by policy (or lack thereof),
> allows users to connect those devices to city systems or systems under
> the city's control (such as email, Nextdoor or Nixle, among others) and
> those devices hold relevant information, the City has sufficient control
> over those devices such that the relevant information they hold should
> be preserved and produced in discovery.

9   *See* Wolff Decl., Exh. 5, at p. 3.  Counsel for the City responded on

10  December 29, 2016, arguing that, "We informed you that the City could

11  not compel the officers to do so, because those personal devices are not

12  within the City's control, possession, or custody."  *See* Wolff Decl., Exh. 6.

13      To bring the issue to a head, counsel engaged in telephonic meet

14  and confers on June 13, 2017 and June 23, 2017.  *See* Wolff Decl., ¶ 13.

15  During both of those discussions, the City agreed to initiate an inquiry

16  into whether City employees have used personal devices for City

17  business.  *Id.*  It was clear from these conversations that the City had not

18  previously asked City officials whether they possessed relevant

19  information, despite discovery requests seeking this information which

20  had been propounded (and responded to) months prior.  *Id.*  Despite the

21  City's promise to provide this information in short order, Plaintiffs never

22  received anything further.  *Id.*  Instead, the City filed its motion for

23  summary judgment, which Plaintiffs opposed on July 31, 2017.

24      After being unable to resolve the issue informally, Plaintiffs filed a

25  motion to compel production on August 7, 2017.  *See* ECF No. 393.  In

26  the motion, the Plaintiffs seek the City's production of documents that

27  refer or relate to individually-named Defendants.  This includes the cell

28  phone data (text messages, voicemails, and emails) of City employees

1 and police officers, even if it is stored on a personal device. *City of San*
2 *Jose v. Ted Smith*, 2 Cal. 5th 608 (2017). Accordingly, Plaintiffs expect
3 that the grant of their motion to compel will result in a rich source of
4 documents tending to prove that the police force supports and
5 coordinates with the Bay Boys to ensure the exclusion of outsiders.

6 **2. Plaintiffs have diligently sought Defendant Papayans' cell phone records but were required to oppose Papayans' summary-judgment motion without ever receiving this information.**

9    Plaintiffs have also been diligently seeking the cellular telephone
10 records of Defendant Michael Papayans. Papayans served his responses
11 to Plaintiffs' documents requests on March 20, 2017, but he did not
12 indicate that his cell phone had been seized as a part of a criminal
13 investigation. *See* Wolff Decl., Exh. 7. To the contrary, Papayans'
14 response to RFP No. 7 was merely that "Responding Party will comply to
15 the extent Responding Party has responsive documents. Discovery and
16 investigation are continuing." *Id.*, at p. 3.

17    It was only during a meet and confer on April 17, 2017, when
18 Plaintiffs first learned that Defendant Papayans' cell phone was in the
19 LAPD's custody due to an ongoing criminal investigation. *See* Wolff
20 Decl., Exh. 8 at 4-5. Counsel for Plaintiffs then met with the District
21 Attorney who prosecuted Defendant Papayans' criminal case, who
22 informed Plaintiffs' counsel that he needed a court order to turn over the
23 telephone. *See* Wolff Decl., ¶ 16. In an email dated May 4, 2017,
24 counsel for Plaintiffs requested that Defendant Papayans enter into a
25 stipulation releasing the phone to an eDiscovery vendor. *See id.*, Exh. 8,
26 at 4-5. Defendant Papayan's counsel responded on May 15, agreeing to
27 enter into such a stipulation. *See id.*, at 3.

28    After negotiation, the parties agreed to the stipulation and filed it

1  on July 7, 2017. *See* ECF No. 263. The Court issued the Order on July

2  12, 2017. *See* ECF No. 265. The eDiscovery vendor received the phone

3  on August 1, 2017, but counsel for Papayans did not inform Plaintiffs

4  until August 3. *See* Wolff Decl., Exh. 8, at p. 1-2. Since that time, the

5  eDiscovery vendor has not been able to access the phone data. *See id.*, at

6  p. 1. Plaintiffs continue to demand production of responsive documents.

7  *See* Wolff Decl., ¶ 15.

8       Again, Plaintiffs have been diligently seeking the release of the

9  Papayans' cell telephone, but have been blocked. Plaintiffs were forced

10  to oppose Papayans' summary-judgment motion in the interim, and

11  respond to Papayans' arguments that Plaintiffs lack evidence to support

12  their claims against him. Defendant Papayans must not be permitted to

13  benefit from an improper withholding of evidence.

14           **3.  *Charlie and Frank Ferrara obstructed the discovery of their
15               cell phone records and only completed production pursuant to
               a court order on July 26, which was well after the Court-
16               mandated date and after they both filed motions for summary
               judgment.***

17       Finally, Plaintiffs only recently received the cell phone text records

18  from Charlie Ferrara and Frank Ferrara. The production can only be

19  described as massively redacted, and Plaintiffs have not had adequate

20  time to review the records or meet and confer regarding the redactions

21  prior to responding to summary judgment. Though most of the

22  Defendants' text messages were either redacted or deleted, Defendants

23  did produce unredacted cell phone bills (albeit for a limited time frame

24  due to their improper spoliation of relevant bills). Wolff Decl. ¶ 22. Nor

25  have Plaintiffs had sufficient time to cross-reference Defendants'

26  unredacted cell phone bills with those of the other Defendants – a time-

27  consuming process. *Id.* ¶ 23.

28       Charlie and Frank Ferrara served responses to the document

13679465.1

PLTFS' MEM. P. & A. ISO MOT. FOR ADMIN. RELIEF UNDER FRCP 56(d)

1    requests on December 19, 2016.  *See* Wolff Decl., Exhs. 9, 10.  In their
2    responses, they indicated that they had no responsive text messages.  *See*
3    Wolff Decl., Exh. 9 at p. 6-7; Exh. 10 at p. 6 (both responding to RFP No.
4    7).  It was only through the privilege log of co-defendant Sang Lee that
5    Plaintiffs realized that Charlie and Frank's earlier responses were
6    untruthful.  Sang Lee's privilege log indicates that Frank and Charlie
7    did indeed send or receive text messages that were responsive to the
8    RFPs.  *See* Wolff Decl., Exh. 11, at 0000105, 106, 108, and 109
9    (referencing incoming and outgoing text messages between Sang Lee,
10   Charlie Ferrara, and "Frankie" Ferrera, among others.)  And, through
11   telephonic hearings with counsel for Charlie and Frank Ferrara with
12   Magistrate Judge Oliver, Plaintiffs learned that Defendants Charlie and
13   Frank Ferrara responded to the document requests without ever
14   conducting a search of their cell phones to confirm the existence of
15   responsive information.  Wolff Decl., ¶ 20.
16          Accordingly, the parties began engaging in meet and confer efforts.
17   Beginning in January 2017, counsel for Plaintiffs met and conferred
18   several times with counsel for defendants to discuss this issue.  See Wolff
19   Decl. ¶ 21.  Plaintiffs' counsel conversed with counsel for Charlie and
20   Frank Ferrara on no less than one half-dozen occasions over seven
21   months to determine whether Charlie and Frank Ferrara would produce
22   their cell phone bills and text messages without a court order compelling
23   them to do so.  Wolff Decl. ¶ 21 & Exh. 12.   When it became clear that a
24   court order would be necessary given Defendants Charlie and Frank
25   Ferrara's intransigence, on June 27, counsel for Plaintiffs set in motion
26   the process for compelling the production of these documents by sending
27   a letter to counsel for Defendants demanding a telephonic meet and
28   confer.  *See* Wolff Decl., Exh. 13.

A telephonic hearing was held on July 13, 2017, at which time Magistrate Judge Oliver issued an Order requiring both Charlie and Frank Ferrara to "produce responsive documents from the cell phone imaging and responsive cell phone bills and records by 5 p.m. on Monday, July 17, 2017." *See* Wolff Decl. ¶ 22 & Exh. 14, at p. 1.  In violation of the Court's Order, Defendants made only a partial production on July 17 (after 5:00 p.m.), and then another partial production after the close of business on July 21. *Id.*, at ¶ 22. Defendants had ***still*** not produced any of Charlie Ferrara's text messages. *Id.*  Moreover, several of the earlier – and most critical – cell phone invoices had been lost because neither defendant took steps to preserve this evidence. *Id.*  The cell phone bills conveniently only date back to February 21, 2016, while the events that gave rise to this lawsuit occurred on January 29, February 5, and February 13, 2016.  Indeed, Charlie Ferrara admitted at his deposition that he has not done anything to preserve information that is on his cell phone since this lawsuit was filed and he "ha[s]n't really tried that hard" to locate prior cell phone bills.  Wolff Decl., Exh. 16 [Charlie Ferrara Dep.] at 164:13-7, 172:25-173:4.  And as the months passed, Defendants' telephone company sequentially deleted the older invoices.  Wolff Decl. ¶ 25.

So on July 26, the parties had another telephonic hearing before Magistrate Judge Oliver.  At the hearing, the Magistrate was flummoxed by Charlie Ferrara's failure to produce the cell phone records by the Court-ordered date:

> But my recollection is that there was an order to produce this information on Monday, July17th… So -- you know, I just -- I don't t -- help me understand this.  When I litigated, if I had an order after a conference directing me to produce something, and I could not comply with that order, I would race to file something with the court saying I am not able to comply with your order, your court order… You just chose not to produce all of it.

1  *See* Wolff Decl., Exh. 15, at 16:3-5, 18-23, and 17:7.  Magistrate Judge

2  Oliver was equally flummoxed by Charlie Ferrara's admission that he

3  had failed to retain his cell phone invoices:

4     I'm still on the second point about the cell phone bills. It sounds like
       after they were served [with the Complaint], after they answered,
5     discovery was propounded asking for these cell phone records, which
       can evaporate, right? The only -- there's a retention policy that the
6     phone companies have. And I still haven't heard a great answer. And I
       just don't think it's satisfactory to say, I'm sorry, that predates my
7     involvement in the case… So, I guess when I said frustrating, I think
       there are a lot of other words that can be used… But it is baffling.

8

9  *Id.*, at p. 14:5-12, 19-20, 25.  Finally, Magistrate Judge Oliver recognized

10 the prejudicial effect to Plaintiffs in responding to summary judgment by

11 Defendants' failure to timely produce the cell phone records :

12    I thought it was pretty clear that -- from Ms. Wolff and Mr. Otten that
       part of why they were becoming increasingly concerned was the filing
13    or the anticipated filings of the summary judgment motions. And I just
       don't understand how not filing some -- or, excuse me, not producing
14    some information and then -- you know, I didn't write down everything,
       but it sounds like Ms. Wolff is characterizing the summary judgment
15    motion that you filed is saying there's no evidence…

16 *Id.*, at p. 18:1-9.

17    Defendant Charlie Ferrara finally produced the remainder of his

18 cell phone extraction report after that hearing on July 26 – notably two

19 days after filing his motion for summary judgment.  *Id.*, at ¶ 23.  In total,

20 Frank Ferrara produced 3,054 pages of documents on July 17 and 21,

21 and Charlie produced 1,142 pages of documents on July 26 and 27.  *Id.*,

22 at ¶ 24.

23    The productions of Charlie and Frank Ferrara, however, are

24 heavily redacted.  For example, the totality of the first 50 pages of

25 Charlie Ferrara's productions are nine (9) texts, and these are simply

26 texts of bible verses.  Wolff Decl. ¶ 23.  And because Plaintiffs have been

27 preparing oppositions to eight summary judgment motions over that

28 timeframe, Plaintiffs have not had sufficient time to analyze the scope or

1    completeness of the production or meet and confer on the extent of the

2    improper redactions.  *See id.*, at ¶ 23.

3         **D.    Defendants' Motions for Summary Judgment are predicated in large part on a purported lack of evidence.**

4

5         All of the Defendants have moved for summary judgment, in large

6    part on a purported lack of evidence.  The City cites to case law and

7    argues that "the moving party does not need to produce any evidence or

8    prove the absence of a genuine issue of material fact when the

9    nonmoving party bears the burden of proving the claim or defense."  *See*

10   ECF No. 268, at 8:3-5.  It further argues that there is "no evidence of a

11   custom or practice to deny beach access or permit harassment."  *Id.*, at

12   14:22-24.  Finally, it argues that "there is no evidence that any City

13   official with final policy-making authority ratified any subordinate's

14   unconstitutional decision or action."  *Id.*, at 18:18-19.  Michael Papayans,

15   whose cell phone was only recently acquired from LAPD but has not yet

16   been imaged, similarly argues a lack of evidence in support of summary

17   judgment.  *See* ECF No. 278, at 4:11-2 ("they have no evidence sufficient

18   to show that he is involved in a civil conspiracy, association, or gang.").

19   Charlie Ferrara also argues a lack of evidence: "The evidence reveals a

20   complete dearth of any facts demonstrating that Charlie Ferrara

21   engaged in even *one single act or omission* capable of supporting any of

22   Plaintiffs' claims."  *See* ECF No. 285-5, at 2:20-21, emphasis in original.

23   *See also* ECF No. 286-1, at 20-22 (same re Frank Ferrara).

24        The evidence that Plaintiffs seek and are entitled to, including the

25   text messages between and among the conspirators, bears directly on the

26   purported absence of evidence.

27   / / /

28   / / /

PLTFS' MEM. P. & A. ISO MOT. FOR ADMIN. RELIEF UNDER FRCP 56(d)

1    **III.    ARGUMENT**

2         **A.    Ninth Circuit precedent requires the grant of motions under Rule**
         **56(d) where discovery is yet to be produced.**

3

4         Rule 56(d) of the Federal Rules of Civil Procedure provides that, in

5    response to a motion for summary judgment, "If a nonmovant shows by

6    affidavit or declaration that, for specified reasons, it cannot present facts

7    essential to justify its opposition, the court may:

8         (1) defer considering the motion or deny it;

9         (2) allow time to obtain affidavits or declarations or to take

10   discovery; or

11        (3) issue any other appropriate order."

12   Fed.R.Civ.P. 56(d).

13        The "denial of a Rule 56(f) application is generally disfavored where

14   the party opposing summary judgment makes (a) a timely application

15   which (b) specifically identifies (c) relevant information, (d) where there

16   is some basis for believing that the information sought actually exists."

17   *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of*

18   *Fort Peck Reservation*, 323 F.3d 767, 774–75 (9th Cir. 2003).[2]

19        Rule 56(d) requires, rather than merely permits, discovery where

20   the nonmoving party has not had the opportunity to discover information

21

22   [2] Federal Rule of Civil Procedure 56(d) was formerly Rule 56(f). The rule was
23   amended on December 1, 2010, and carries forward without substantial change the
     provisions of former subdivision (f). Committee Notes on Rules – 2010
24   Amendment, Fed. R. Civ. P. 56. Courts in the Ninth Circuit apply existing precedent
     under Rule 56(f) to current motions under the revised Rule 56(d). *See Brocade*
25   *Communications Systems, Inc. v. A10 Networks, Inc.*, 2012 U.S. Dist. LEXIS 2022,
26   Case No. 10-CV-03428-LHK (N.D. Cal. Jan. 6, 2012); *Roberts v. McAfee, Inc.*, 660
     F.3d 1156, 1169 (9th Cir. 2011) (noting that 56(f) was relocated to 56(d)).
27

28

PLTFS' MEM. P. & A. ISO MOT. FOR ADMIN. RELIEF UNDER FRCP 56(d)

13679465.1

that is essential to its opposition.  *See Metabolife Intern., Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir.2001) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "Summary denial of relief is especially inappropriate where… the material sought is also the subject of outstanding discovery requests." *Burlington Northern Santa Fe R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation*, 323 F.3d at 775.  In other words, "[s]ummary judgment should not be granted while [an] opposing party timely seeks discovery of potentially favorable information." *Garret v. City & Cnty. of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987) (citation omitted).

This rule requiring the denial of Rule 56(d) motions while discovery is pending is particularly relevant in situations where the movant has withheld discovery; a defendant should not be allowed to withhold discovery, then profit from its malfeasance by being granted summary judgment for plaintiff's lack of evidence.  As the Northern District recently held:

> There is an unconvincing, have-one's-cake-and-eat-it-too quality to this argument: on the one hand, the United States has refused to produce the information Claimants say they need to defend the case, and on the other it criticizes Claimants for not having enough information. That Magistrate Judge James originally determined that Claimants were entitled to the disputed information—a determination that stands, at least as of now—is a sufficient basis for the Court to conclude that the United States' motion should be denied until Claimants have had a fair opportunity to develop the record.

*United States v. Real Property and Improvements Located at 2366 San Pablo Avenue, Berkeley, California*, 2014 WL 3704041, at *3 (N.D. Cal. 2014).  *See also Hart v. Gaione*, 2005 WL 419696, at *1 (C.D. Cal. 2005) ("It would be inappropriate at this time to rule on Defendant's motion for summary judgment on his qualified immunity defense because Plaintiff

1   is still awaiting a ruling from Magistrate Judge Nagle on his March 10,

2   2003 request to compel documents which may be relevant to the issue of

3   qualified immunity.) *and Lathrop v. Uber Technologies, Inc.*, 2016 WL

4   3648596, at *3 (N.D.Cal., 2016) ("Fifth, Plaintiffs have diligently pursued

5   discovery. Parties have vigorously disputed the scope of discovery

6   requested by Plaintiffs, which has been the source of no less than five

7   discovery letter briefs to date.").

8      **B.**     **Rule 56(d) relief is necessary because the City has failed to produce cell phone records and text messages of its city officials and police officers.**

10   Plaintiffs require the cell phone records of the police officers'

11   personal phones to the extent that they were used in their duties as

12   police officers.  This information will show communications between and

13   among the police officers, city officials, and the Bay Boys, and it will

14   show how PVE and its police force tacitly, or even actively, support the

15   Bay Boys in their efforts to keep the "riffraff" out of Lunada Bay.

16   Plaintiffs have been diligently seeking this information since November

17   of last year, and Defendants have refused to produce responsive

18   documents, without any basis.  *See City of San Jose*, 2 Cal. 5th 608.  City

19   Defendants have now moved for summary judgment largely on the basis

20   of a purported lack of evidence, and Plaintiffs currently have pending a

21   motion to compel these documents.  Case law uniformly holds that it is

22   inappropriate to rule on the summary judgment motions for defendants

23   while a plaintiffs have pending a motion to compel production that seeks

24   the very evidence that Defendants claim is missing.  *See, e.g., Garrett v.*

25   *City and County of San Francisco*, 818 F.2d 1515, 1519 (C.A.9

26   (Cal.),1987) ("It was error for the trial court to have granted defendants'

27   motion for summary judgment without first having determined the

28   merits of plaintiff's pending discovery motion.")

-15-

**C.      Rule 56(d) relief is necessary because, despite diligent efforts, Michael Papayans' cell phone data has yet to be produced.**

Plaintiffs also require the cell phone records of Michael Papayans. In his response to the request for production of documents, Papayans made no indication that he was not in possession of his cell phone that included data during the relevant timeframe.  Only in a subsequent meet and confer did counsel for Papayans indicate that his cell phone had been impounded as part of a criminal investigation.  Plaintiffs have worked cooperatively with counsel for Papayans to acquire an image of the cell phone, and they were required to file a stipulation and receive a court order regarding same.  The cell phone was only recently received by the eDiscovery vendor, and the parties are still working through issues related to accessing the password-protected phone, search terms and the producing of documents.  Plaintiffs require Papayans' cell phone records to further demonstrate his involvement with the Bay Boys, their attempts to restrict access to Lunada Bay, and the scope of the conspiracy between and among the Bay Boys and the City.

**D.      Rule 56(d) relief is necessary because Defendants wrongfully withheld documents until after filing for summary judgment.**

Finally, Plaintiffs only recently received the text messages of Charlie and Frank Ferrara, and only after ferreting out the Ferraras' deceptive responses to the requests for production and moving to compel production.  Even after the Order was issued, Charlie and Frank Ferrara failed to produce documents within the time frame required by the Court, leading to many incredulous statements by the Magistrate Judge. They finally finished their production, and now Plaintiffs must deal with production documents that have been redacted to a ridiculous degree.

Under these facts, Plaintiffs are not able to "present facts essential

1  to justify [their] opposition to summary judgment."  Fed. R. Civ. P. 56(d).

2  While Plaintiffs were preparing and filing responses to eight summary

3  judgment motions, and after the time required by the Court, Defendants

4  Frank and Charlie Ferrara finally produced thousands of pages of

5  documents, and those pages were improperly redacted.  Plaintiffs simply

6  did not have time to address the deficiencies in the document production

7  while at the same time preparing oppositions to the numerous motions

8  prior to the time the oppositions were due.  Defendants should not be

9  rewarded for the discovery malfeasance by being granted summary

10 judgment without first having complied with their discovery obligations.

11 **IV.   CONCLUSION**

12      Aggregately, Defendants have filed eight motions for summary

13 judgment largely based on an argument that Plaintiffs lack evidence.  At

14 the same time, discovery is not complete, and Plaintiffs are either

15 awaiting discovery or contesting discovery disputes that are directly

16 related to the very basis for summary judgment sought by Defendants.

17 Case law is uniform that under these facts, summary judgment should

18 **not** be granted.  Plaintiffs request that this Court simply deny

19 Defendants' motions for summary judgment and allow this case to trial

20 due to Defendants' malfeasance.  Otherwise, this Court should allow

21 Plaintiffs enough time to resolve all of the discovery disputes, gather the

22 required information, and file supplemental oppositions to the motions

23 for summary judgment.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

1   DATED:  August 8, 2017                    HANSON BRIDGETT LLP

2

3

4                                  By:   _/s/ Samantha Wolff_
                                        KURT A. FRANKLIN
5                                       LISA M. POOLEY
                                        SAMANTHA D. WOLFF
6                                       TYSON M. SHOWER
                                        LANDON D. BAILEY
7                                       Attorneys for Plaintiffs
8                                       CORY SPENCER, DIANA MILENA
                                        REED, and COASTAL PROTECTION
9                                       RANGERS, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13679465.1
PLTFS' MEM. P. & A. ISO MOT. FOR ADMIN. RELIEF UNDER FRCP 56(d)