HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 777-3200
Facsimile:   (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:  (916) 442-3333
Facsimile:   (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone:  (310) 378-8533
Facsimile:   (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, <br><br> Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx) <br><br> **DECLARATION OF SAMANTHA WOLFF IN SUPPORT OF PLAINTIFFS' MOTION AND MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO FRCP 56(d)** |

1

2       v.

Judge:      Hon. S. James Otero
Date:       September 5, 2017
Time:       10:00 a.m.
Crtrm.:     10C

3    LUNADA BAY BOYS; THE
     INDIVIDUAL MEMBERS OF THE
4    LUNADA BAY BOYS, including but
     not limited to SANG LEE, BRANT
5    BLAKEMAN, ALAN JOHNSTON
     AKA JALIAN JOHNSTON,
6    MICHAEL RAE PAPAYANS,
     ANGELO FERRARA, FRANK
7    FERRARA, CHARLIE FERRARA,
     and N. F.; CITY OF PALOS VERDES
8    ESTATES; CHIEF OF POLICE JEFF
     KEPLEY, in his representative
9    capacity; and DOES 1-10,
10
11
12           Defendants.

Complaint Filed:   March 29, 2016
Trial Date:        November 7, 2017

13

14           I, Samantha Wolff, declare as follows:

15           1.      I am a Partner with the law firm Hanson Bridgett LLP, counsel of

16   record in this matter for Plaintiffs Cory Spencer, Diana Milena Reed, and the

17   Coastal Protection Rangers, Inc. ("Plaintiffs").  This declaration describes the

18   discovery that Plaintiffs need to fully oppose Defendants motions for summary

19   judgment and the efforts that Plaintiffs have undertaken to try to secure such

20   discovery.  I have personal knowledge of the matters set forth in this declaration and

21   could and would competently testify to them.  All of the matters stated here are

22   known to me personally, unless stated on information and belief; and with regard to

23   those statements, I am informed and reasonably believe them to be true.  I submit

24   this declaration in support of Plaintiffs' Motion for Administrative Relief Pursuant to

25   FRCP 56(d).

26           2.      Defendants' summary judgment motions claim that they are entitled to

27   summary judgment because Plaintiffs purportedly have not adduced evidence of

28   liability.  Plaintiffs contend that the individual defendants of the Bay Boys' have

violated of the Bane Act and the California Coastal Act.  Plaintiffs further contend that they are liable for public nuisance, assault, battery, and negligence.  Plaintiffs also contend that the City of Palos Verde Estates ("PVE") and the Chief of Police Jeffrey Kepley have violated Section 1983 for violations of the Equal Protection Clause.  Plaintiffs contend that the Defendants operate in a conspiracy to preclude 'outsiders' from enjoying Lunada Bay, and that the conspiracy is conducted through electronic communications such as email and text messages.

3.      To gather evidence, Plaintiffs have requested discovery of Defendants including their cellular phone text messages.  Defendants however, either have not completed their production or completed after required by a court and improperly redacted.  Plaintiffs continue with their diligent efforts to gather the necessary discovery, but Defendants are making every effort to avoid discovery.

4.      Plaintiffs expect to gain facts through additional discovery in this matter that would demonstrate the existence of the conspiracy to preclude outsiders from Lunada Bay.  Such evidence is kept on the Defendants' and City officials' cell phones in the form of text messages between and among the Defendants. Documents made available through discovery in this case demonstrate that there are additional facts likely to exist in documents not yet produced or through deposition testimony of pertinent witnesses.

5.      In particular, Plaintiffs have a dispute with the City of Palos Verde Estates regarding the scope of documents that must be gathered.  Plaintiffs contend that the City must gather and produce documents, including text messages, stored on the personal cell phones of police officers and City officials to the extent that those phones were used in official business.  Plaintiffs are further are awaiting discovery from the cell phone of Michael Papayans, whose cell phone was impounded by the Los Angeles Police Department as part of a criminal investigation.  The cell phone was only recently released, and now the parties are negotiating the search parameters and addressing password-protection problems.  Plaintiffs further have a

WOLFF DECL. ISO PLTFS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO FRCP 56(d)

1   dispute with Charlie and Frank Ferrara who only produced their text messages after
2   a Court order, and well after the date that the Court required, and then improperly
3   redacted the documents before production.  Because the documents were produced
4   during the time that Plaintiffs were preparing eight oppositions to summary
5   judgment, Plaintiffs have not had sufficient time to address the deficiencies of
6   Charlie and Frank Ferrara's production.

7        6.      Each of these discovery sources can implicate either one, a subset, or
8   all of the Defendants in the scheme and agreement to keep the so-called "riffraff"
9   out of Lunada Bay through violence and intimidation, depending on whom is texting
10  and whom is receiving the text.

11       7.      Attached as **Exhibit 1** is a true and correct copy of Plaintiff Cory
12  Spencer's Request for Production of Documents Propounded to Defendant City of
13  Palos Verdes Estates (Set One).

14       8.      Attached as **Exhibit 2** is a true and correct copy of Plaintiff Cory
15  Spencer's Request for Production of Documents Propounded to Defendant Michael
16  Papayans (Set One).

17       9.      Attached as **Exhibit 3** is a true and correct copy of Plaintiff Cory
18  Spencer's Request for Production of Documents Propounded to Defendant Charlie
19  Ferrara (Set One).

20       10.     Attached as **Exhibit 4** is a true and correct copy of Plaintiff Cory
21  Spencer's Request for Production of Documents Propounded to Defendant Frank
22  Ferrara (Set One).

23       11.     Attached as **Exhibit 5** is a true and correct copy of a letter I sent to
24  Jacob Song, counsel for PVE, on November 22, 2016.

25       12.      Attached as **Exhibit 6** is a true and correct copy of a letter I received
26  from Jacob Song, counsel for the City, on December 29, 2016.

27       13.     On June 13, 2017, I engaged in a telephonic meet and confer discussion
28  with counsel for the City, Jacob Song.  During that call, I requested information

regarding whether City employees have used personal devices for City business, and advised that if so, Plaintiffs would be entitled to such information.  Mr. Song indicated that he would conduct an inquiry and advise Plaintiffs.  The following week, on June 23, 2017, I had a further phone call with Mr. Glos, also counsel for the City.  Mr. Glos indicated that he did not yet know whether City employees have used personal devices for City business, but stated that he would follow up.  It was clear from these conversations that the City had not previously asked City officials whether they possessed relevant information, despite discovery requests seeking this information which had been propounded (and responded to) months prior.

14.  Attached as **Exhibit 7** is a true and correct copy of Michael Papayans Responses to Spencer's First Set of Request's for Production, served on March 20, 2017.

15.  Attached as **Exhibit 8** is a true and correct copy of an email chain between and among Peter Haven, counsel for Michael Papayans, Vic Otten, counsel for Plaintiffs, and myself.  Plaintiffs continue to demand production of responsive documents and work with Mr. Haven to obtain access to Defendant Papayans' phone.

16.  On information and belief, Vic Otten met with the District Attorney handling Michael Papayans' criminal case, and she informed him that he was required to get a court order to get Papayans' cellular telephone released.

17.  Attached as **Exhibit 9** is a true and correct copy of Defendant Charlie Ferrara's Responses to Plaintiff Cory Spencer's Request for Production of Documents, served on December 19, 2016.

18.  Attached as **Exhibit 10** is a true and correct copy of Defendant Frank Ferrara's Responses to Plaintiff Cory Spencer's Request for Production of Documents, served on December 19, 2016.

19.  Attached as **Exhibit 11** is a true and correct copy of Defendant Sang Lee's privilege log, served on December 29, 2016.

20.     Charlie and Frank Ferrara served responses to the document requests on December 19, 2016, indicating that they had no responsive text messages.  It was only through the privilege log of co-defendant Sang Lee that Plaintiffs realized that Charlie and Frank's earlier responses were untruthful.  Sang Lee's privilege log indicates that Frank and Charlie did indeed send or receive text messages that were responsive to the RFPs.  Through telephonic hearings with counsel for Charlie and Frank Ferrara with Magistrate Judge Oliver, it became clear that Defendants Charlie and Frank Ferrara responded to the document requests without ever conducting a search of their cell phones to confirm the existence of responsive information.  Indeed, Charlie and Frank Ferrara's cell phones were not imaged until July 2017, though they responded to the discovery in December 2016.

21.     Beginning in January 2017, I conversed with counsel for Charlie and Frank Ferrara on at least a half-dozen occasions to determine whether Charlie and Frank Ferrara would agree to produce their cell phone bills and text messages without a court order compelling them to do so.  Attached as **Exhibit 12** is a true and correct copy of an email exchange between myself and counsel for Defendants Charlie and Frank Ferrara, dating from March 21, 2017 to April 17, 2017, summarizing several of my meet and confer efforts.  (The exhibits to this email string are omitted because they are unnecessary and contain confidential information implicating third-party privacy rights.)  In or around June 2017, it became clear that a court order would be necessary to compel the production of Defendants Charlie and Frank Ferrara's information, given their intransigence.  So on June 27, 2017, I sent to Alison Hurley and Tiffany Bacon, counsel for Frank and Charlie Ferrara, requesting that they make themselves available for a telephonic meet and confer.  A true and correct copy of this letter is attached as **Exhibit 13**.

22.     Magistrate Judge Oliver held telephonic hearings to discuss Defendants Charlie and Frank Ferrara's discovery on July 13, 2017 and July 26, 2017.  During the hearing on July 13, 2017, Magistrate Judge Oliver ordered both defendants to

produce responsive documents – including cell phone bills and text messages – by 5:00 p.m. on July 17, 2017.  In violation of the Court's Order, Defendants made only a partial production on July 17 (after 5:00 p.m.), and then another partial production after the close of business on July 21.  As of Monday, July 24, 2017, Defendant Charlie Ferrara still had not produced any data from his cell phone, including his text messages.  Further, upon review of the cell phone bills produced by Frank Ferrara, it was clear that several of the earlier – and most critical – cell phone invoices had been lost because neither defendant took steps to preserve this evidence.  The cell phone bills conveniently only date back to February 21, 2016, while the events that gave rise to this lawsuit occurred on January 29, February 5, and February 13, 2016.

23.     Magistrate Judge Oliver held another telephonic hearing on July 26, 2017, during which time she again ordered the production of Charlie Ferrara's cell phone data that same day.  Defendant Charlie Ferrara finally produced the remainder of his cell phone extraction report after that hearing on July 26 – notably two days after filing his motion for summary judgment.  The productions of Charlie and Frank Ferrara, however, are heavily redacted.  For example, the totality of the first 50 pages of Charlie Ferrara's productions are nine (9) texts, and these are simply texts of bible verses.  Because Plaintiffs have been preparing oppositions to eight summary judgment motions over that timeframe, Plaintiffs have not had sufficient time to analyze the scope or completeness of the production or meet and confer on the extent of the improper redactions.  Nor have Plaintiffs had sufficient time to cross-reference Defendants' unredacted cell phone bills with those of the other Defendants – a time-consuming process.  Attached as **Exhibit 14** is a true and correct copy of an Order issued by Magistrate Judge Oliver requiring that Frank Ferrara and Charlie Ferrara "produce responsive documents from the cell phone imaging and responsive cell phone bills and records by 5 p.m. on Monday, July 17, 2017."  Attached as **Exhibit 15** is a true and correct copy of the transcript of the

1    telephonic hearing before Magistrate Judge Oliver on July 26, 2017.

2        24.    In total, Frank Ferrara produced 3,054 pages of documents on July 17

3    and 21, and Charlie produced 1,142 pages of documents on July 26 and 27.

4        25.    On July 7, 2017, I deposed Defendant Charlie Ferrara.  At his

5    deposition, I asked him if he has taken any steps to preserve evidence in this case

6    since the lawsuit was filed over a year ago.  He responded that he has not taken any

7    steps to ensure the preservation of data.  Charlie Ferrara Dep. 172:25-173:4.  I

8    further asked him what efforts he has made to obtain his cell phone bills, to which

9    he responded: "I haven't really tried that hard, honestly."  *Id.* at 164:13-7.  Attached

10   as **Exhibit 16** is a true and correct copy of relevant portions of Charlie Ferrara's

11   deposition transcript.  The fact that Charlie Ferrara has made no effort to preserve

12   evidence or obtain his cell phone bills is all the more egregious because, as I am

13   informed by his counsel Tiffany Bacon, his telephone company sequentially deletes

14   older invoices and only retains the most recent 18 months' worth of invoices.

15       26.    In advance of the Defendants' summary-judgment motions, counsel for

16   Plaintiffs met and conferred with counsel for each party in June and July.  I am

17   informed and believe that at each of these meetings, counsel for Plaintiffs stated

18   that, to the extent Defendants intended to file motions for summary judgment,

19   Plaintiffs were still not in possession of certain discovery which was relevant to

20   Plaintiffs' defense to the motions.  Indeed, during a call with counsel for Defendants

21   Blakeman, Johnston, Papayans, Charlie Ferrara, Frank Ferrara, and Angelo Ferrara,

22   I advised the Defendants that Plaintiffs would seek relief under Rule 56(d) if they

23   moved forward with motions for summary judgment.

24       I declare under penalty of perjury under the laws of the United States of

25   America that the foregoing is true and correct.  Executed in Walnut Creek,

26   California on August 8, 2017

27

28                                   ___/s/ Samantha D. Wolff___

13679683.1
WOLFF DECL. ISO PLTFS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO FRCP 56(d)

1    SAMANTHA D. WOLFF

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:16-cv-02129-SJO (RAOx)

13679683.1

WOLFF DECL. ISO PLTFS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO FRCP 56(d)