EDWIN J. RICHARDS (SBN 43855)
Email: Ed.Richards@kutakrock.com
ANTOINETTE P. HEWITT (SBN 181099)
Email: Antoinette.hewitt@kutakrock.com
CHRISTOPHER D. GLOS (SBN 210877)
Email: Christopher.Glos@kutakrock.com
KUTAK ROCK LLP
Suite 1500
5 Park Plaza
Irvine, CA 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394

**[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]**

Attorneys for Defendants
CITY OF PALOS VERDES ESTATES and
CHIEF OF POLICE JEFF KEPLEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA; WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Case No. 2:16-cv-02129-SJO-RAO<br><br>Assigned to District Judge:<br>Hon. S. James Otero; Courtroom: 10C @ 350 W. First Street, L.A., CA 90012<br><br>Assigned Discovery:<br>Magistrate Judge: Hon. Rozella A. Oliver<br><br>**[Exempt From Filing Fees Pursuant To Government Code § 6103]**<br><br>**CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO FED. RULES OF CIVIL PROCEDURE 56(d)**<br><br>[Filed concurrently with Declarations of Howard Liberman, Christopher D. Glos, and Jacob Song]<br><br>Date: September 5, 2017<br>Time: 10:00 a.m.<br>Ctrm.: 10C; Hon. S. JAMES OTERO<br><br>Complaint Filed: March 29, 2016<br>Trial: November 7, 2017 |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4840-0131-6428.2
11317-242

2:16-cv-02129-SJO-RAO

CITY & CHIEF KEPLEY'S OPPOSITION TO MTN FOR ADMINISTRATIVE RELIEF

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................... 1

II. BACKGROUND ............................................................................................. 2

    1. City Councilmember Personal Cell Phone Data: ................................. 2

    2. City-Owned Cell Phone Data: .............................................................. 3

    3. Police Officer Personal Cell Phone Data: ............................................ 4

    4. Chief Kepley's Cell Phone Data: .......................................................... 5

III. ARGUMENT ................................................................................................... 5

    1. Plaintiffs' Intentional Delay and Failure to be Diligent Requires Denial of the Motion. ............................................... 6

    2. Plaintiffs Offer No Facts of Any Likelihood that Controverting Evidence Exists as to a Material Fact. ......................... 8

    3. Plaintiffs Fail to Identify Any Steps/Procedures to Obtain the Sought Evidence. ................................................................ 9

    4. The Sought Evidence Will Not Defeat Summary Judgment. ............................................................................................ 10

IV. CONCLUSION ............................................................................................. 11

Kutak Rock LLP
Attorneys At Law
Irvine

4840-0131-6428.2
11317-242

- i -

2:16-cv-02129-SJO-RAO

CITY & CHIEF KEPLEY'S OPPOSITION TO MTN FOR ADMINISTRATIVE RELIEF

# **TABLE OF AUTHORITIES**

Page

Cases:

*Ashton-Tate Corp. v. Ross* (9th Cir. 1990)
   916 F.2d 516 .................................................................................................. 9

*Celotex Corp. v. Catrett* (1986)
   477 U.S. 317 .................................................................................................. 6

*Cornwell v. Electra Central Credit Union* (9th Cir. 2006)
   439 F.3d 1018 ................................................................................................ 7

*DeShaney v. Winnebago County Department of Social Services* (1988)
   489 U.S. 189 ................................................................................................ 10

*Everson v. Leis* (6th Cir. 2009)
   556 F.3d 484 .................................................................................................. 8

*Gable v. City of Chicago* (7th Cir. 2002)
   296 F.3d 531 ......................................................................................... 10, 11

*Hicks v. Johnson* (1st Cir. 2014)
   755 F.3d 738 .................................................................................................. 8

*In re PHC, Inc. Shareholder Litig.* (1st Cir. 2014)
   762 F.3d 138 .................................................................................................. 6

*Keebler Co. v. Murray Bakery Products* (Fed. Cir. 1989)
   866 F.2d 1386 ................................................................................................ 8

*Monell v. Dep't. of Soc. Services* (1978)
   436 U.S. 658 ................................................................................................ 10

*Rivera-Torres v. Rey-Hernandez* (1st Cir. 2007)
   502 F.3d 7 ...................................................................................................... 6

*Summers v. Leis* (6th Cir. 2004)
   368 F.3d 881 .................................................................................................. 8

*Tatum v. City & County of San Francisco* (9th Cir. 2006)
   441 F.3d 1090 ................................................................................................ 6

4840-0131-6428.2
11317-242
- ii -
2:16-cv-02129-SJO-RAO

Kutak Rock LLP
Attorneys At Law
Irvine

CITY & CHIEF KEPLEY'S OPPOSITION TO MTN FOR ADMINISTRATIVE RELIEF

*United States v. Kitsap Physicians Service* (9th Cir. 2002)
    314 F.3d 995 ............................................................................................................... 9

Federal Statutes:

42 U.S.C. § 1983 ..................................................................................................... 1, 10

Fed. Rules Civ. Proc. 56(d) ........................................................... 1, 5, 6, 7, 8, 9, 11

4840-0131-6428.2
11317-242
- iii -
2:16-cv-02129-SJO-RAO

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

CITY & CHIEF KEPLEY'S OPPOSITION TO MTN FOR ADMINISTRATIVE RELIEF

## I. INTRODUCTION[1]

Plaintiffs Cory Spencer, Diana Milena Reed, and Coastal Protection Rangers, Inc. (collectively, "Plaintiffs") sole remaining claim against Defendant City of Palos Verdes Estates and Chief of Police Jeff Kepley (collectively, the "City") is based on residency discrimination in violation of 42 U.S.C. § 1983. The City filed a Motion for Summary Judgment on the grounds that the City had no duty to protect Plaintiffs from the alleged criminal conduct of the Lunada Bay Boys and, in addition, the City cannot be held liable under a *respondeat superior* theory. Unable to show that the City caused any harm, Plaintiffs hope to call into question the City's summary judgment motion by wrongfully claiming the City failed to produce cell phone records and text messages of its city officials and police officers.

The City produced all non-privileged, relevant Electronically Stored Information ("ESI") required from all City-owned cell phones, as well as those personal cell phones it was not prohibited from accessing. Plaintiffs were informed as early as November 4, 2016 that the City was prohibited from compelling any police officer, including Sergeant Barber, from producing ESI from his or her <u>personal</u> electronic device. On multiple occasions, the Plaintiffs were told that the Palos Verdes Estates Police Officers' Association ("PVE POA") refused to make the police officers' personal electronic devices available for imaging and production and, as such, the City did not have possession, custody or control of the requested information. For more than eight months, after Plaintiffs brought numerous discovery hearings against other defendants, Plaintiffs did nothing.

On July 25, 2017, for the first time, Plaintiffs raised an issue only with respect to Sergeant Barber's cell phone with Magistrate Judge Oliver during a

---

[1] This Court's Civil Standing Order p. A-18:4-6 requires 35-days' notice before the hearing date for any noticed motion in cases with a stipulated protective order. Plaintiffs failed to comply with the Court Standing Order and served their FRCP 56(d) motion with only 28 days' notice.

4840-0131-6428.2
11317-242
- 1 -
2:16-cv-02129-SJO-RAO
KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE
CITY & CHIEF KEPLEY'S OPPOSITION TO MTN FOR ADMINISTRATIVE RELIEF

telephonic discovery dispute involving another defendant. Plaintiffs did not advise the City that it would be addressing any other cell phone data. Unable to address the late noticed request, Magistrate Judge Oliver directed Plaintiffs to meet and confer with the City and PVE POA and to schedule a hearing the following week. Plaintiffs did nothing.

Then, without conferring with the City, Plaintiffs filed an incomplete and untimely discovery motion. The discovery motion was denied.

Simultaneously, and again without meet and conferring with the City, Plaintiffs filed this motion. Plaintiffs' intentional delay and lack of diligence demonstrates a strategic effort to use this issue to attempt to force the Court into denying the City's motion for summary judgment. Plaintiffs should not be awarded for their intentional lack of diligence and delay. Moreover, as set forth in this Opposition, Plaintiffs' motion fails to show how the purported additional discovery will increase the likelihood that controverting facts exist, the efforts they intend to pursue to obtain this evidence, and, more importantly, that any new evidence can defeat the City's summary judgment motion.

## II.   BACKGROUND

### 1.   City Councilmember Personal Cell Phone Data:

The June 13, 2017 and June 23, 2017 meet-and-confer discussions referenced in the Wolff Declaration [Dkt. 398, ¶ 13] were limited to whether City Councilmember's used their personal electronic devices for City business and, to the extent the devices were used for business purposes, whether the City was obligated to produce that ESI based on Plaintiffs' overly broad discovery requests. [Declaration of Christopher D. Glos ("Glos Decl."), ¶ 2 and Declaration of Jacob Song ("Song Decl."), ¶ 2].

In response to those meet-and-confer discussions, the City imaged and searched, pursuant to the search terms provided by Plaintiffs on May 12, 2017, the personal cell phones of Mayor Jim Vanderver, Councilmembers Jennifer King and

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4840-0131-6428.2
11317-242
- 2 -
2:16-cv-02129-SJO-RAO

CITY & CHIEF KEPLEY'S OPPOSITION TO MTN FOR ADMINISTRATIVE RELIEF

Betty Peterson, and former Councilmember John Rea. [Glos Decl., ¶ 3]. No responsive ESI was identified. [Glos Decl., ¶ 3].

### 2. City-Owned Cell Phone Data:

The City preserved and imaged all 13 cell phones owned by the City and used by the Palos Verdes Estates Police Department. [Glos Decl., ¶ 4]. These City-owned cell phones are issued as follows: Captain Tony Best; Officer Celia Williford; Detective Russel Venegas (2 phones); Watch Commander; Patrol 1; Patrol 2; Detective Charles Reed (2 phones); Corporal Greg Robinson; Administrator Linda Williams; Detective Sergeant Luke Hellinga; and Captain Mark Velez. [Glos Decl., ¶ 4]. All non-privileged, relevant ESI from these City-owned devices were produced in or about June 2017, as Bates stamp nos. CITY6924 to CITY7086. [Song Decl., ¶ 3].

In addition, the City also preserved and imaged ESI from the following City-owned cell phones used by City administration officials and employees: City Manager Tony Dahlerbruch; Deputy City Manager and Planning and Building Manager Sheri Repp Loadsman; Public Works Director Ken Rukavina; City Clerk Vickie Kroneberger; and Public Works staff members Joe Mendoza, Steve Beard, Alec Abrego, John Strum, and Pete Tepus. [Glos Decl., ¶ 5]. All non-privileged, relevant ESI from these City-owned devices was produced in or about June 2017, as Bates stamp numbers CITY6924-7086. [Song Decl., ¶ 3].

Further, the ESI from the City-owned cell phone[2] inappropriately used by Defendant Blakeman was requested by Plaintiffs on or about May 25, 2017. [Song Decl., ¶ 4]. Blakeman's counsel initially asserted an objection to the production of ESI on this device until he had an opportunity to review it for privilege and privacy concerns. Blakeman's counsel reviewed the phone on June 1, 2017, and he made

---

[2] This is the cell phone used in the City's Disaster Preparedness Program as further discussed in Response to Plaintiffs' Additional Material Facts in Opposition to the City's Motion for Summary Judgment. [Dkt. 338, ¶ 183].

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4840-0131-6428.2
11317-242

- 3 -

2:16-cv-02129-SJO-RAO

CITY & CHIEF KEPLEY'S OPPOSITION TO MTN FOR ADMINISTRATIVE RELIEF

no request to withhold any ESI. [Glos Decl., ¶ 6]. The City produced the ESI to Plaintiffs on June 1, 2017 as Bates stamp numbers CITY004844-CITY005025. [Song Decl., ¶ 4].

### 3. Police Officer Personal Cell Phone Data:

On or about August 28, 2017, the PVE POA objected to Chief Kepley's request that each police officer permit the City to access, preserve and image their personal cell phone devices. [Declaration of Howard Liberman ("Liberman Decl.") Decl., ¶ 5]. The City and PVE POA met on or about August 30, 2016 to resolve the issue. [Liberman Decl., ¶ 5]. It could not be resolved. [Liberman Decl., ¶ 5].

On November 4, 2016, Plaintiffs were advised that the City was prohibited from providing the police officers' personal cell phone ESI because of the PVE POA objections. [Dkt. 398-5]. On December 29, 2016, the City sent Plaintiffs a letter further advising Plaintiffs that the City did not have control, possession, or custody of the police officers' personal devices. [Dkt. 398-6]. In addition, the City attached a copy of the PVE POA written objections and invited Plaintiffs to contact counsel for the PVE POA in an attempt to resolve the issue. [Dkt. 398-6]. Plaintiffs never contacted counsel for PVE POA. [Liberman Decl., ¶¶ 8-10].

On March 30, 2017, the City responded to Plaintiffs' Second Set of Interrogatories. [Song Decl., ¶ 5]. In response to Interrogatory No. 4, the City again addressed the PVE POA objections and again attached a copy of the PVE POA's December 28, 2016 correspondence. [Song Decl., Ex. A]. Plaintiffs never contacted counsel for PVE POA. [Liberman Decl., ¶¶ 8-10].

The issue resurfaced in a limited fashion on July 25, 2017. Plaintiffs had scheduled a July 25, 2017 telephonic hearing with Magistrate Judge Oliver to discuss a discovery matter unrelated to the City. [Glos Decl., ¶ 7]. On July 24, 2017, Plaintiffs advised that they intended to informally ask Judge Oliver to address objections made during the June 22, 2017 deposition of Sergeant Barber. [Glos Decl., Ex. 1]. Sergeant Barber was represented by PVE POA counsel at his

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4840-0131-6428.2
11317-242
- 4 -
2:16-cv-02129-SJO-RAO
CITY & CHIEF KEPLEY'S OPPOSITION TO MTN FOR ADMINISTRATIVE RELIEF

deposition. Plaintiffs intended to raise the issue of Sergeant Barber being instructed not to answer a line of questions related to his personal cell phone, including the preservation of the cell phone data and his cell phone number. [Glos Decl., Ex. 1].

On July 25, 2017, Judge Oliver declined to hear Plaintiffs' additional matter due to time constraints.[3] [Song Decl., ¶ 6]. She instructed the parties to meet and confer on potential hearing dates for the following week – July 31 to August 4. [Song Decl., ¶ 6]. Plaintiffs never contacted the City or the PVE POA to schedule a follow up hearing. [Song Decl., ¶ 6]. Instead, on August 7, 2017, Plaintiffs filed an incomplete Motion to Compel Defendant Chief Kepley to Produce Documents. [Dkt. 393]. Plaintiffs never met-and-conferred with the City in follow up to the July 25, 2017 hearing and never met-and-conferred with the City prior to filing the August 7 motion. [Song Decl., ¶ 7]. On August 9, 2017, the Magistrate summarily denied the Plaintiffs' motion. [Dkt. 401].

### 4. Chief Kepley's Cell Phone Data:

Chief Kepley is not a member of the PVE POA. [Glos Decl., Ex. 1]. His personal cell phone, which he used for business purposes, was imaged and non-privileged, responsive data was produced in March 2017 in response to Plaintiffs' Second and Third Sets of Requests for Production of Documents. [Song Decl., ¶ 8]. The data was produced to Plaintiffs Bates stamped numbers CITY2316-CITY4843. [Song Decl., ¶ 8].

### III. ARGUMENT

Plaintiffs' motion seeks relief pursuant to Federal Rules of Civil Procedure 56(d). Rule 56(d) provides:

> (d) <u>When Facts are Unavailable to the Nonmovant</u>. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot

---

[3] The same PVE POA attorney who represented Sergeant Barber at his deposition [Dkt. 338, ¶ 189] telephonically appeared for this hearing scheduled last minute by Plaintiffs.

4840-0131-6428.2
11317-242
- 5 -
2:16-cv-02129-SJO-RAO
KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE
CITY & CHIEF KEPLEY'S OPPOSITION TO MTN FOR ADMINISTRATIVE RELIEF

> present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declaration or to take discovery; or
>
> (3) issue any other appropriate order.

FED. RULES CIV. PROC. 56(d).

To obtain postponement of summary judgment to engage in further discovery, Plaintiffs are required to present declaratory evidence that shows (1) facts indicating a likelihood that controverting evidence exists as to a material fact; (2) specific reasons why such evidence was not discovered or obtained earlier in the proceedings (i.e., "good cause"); (3) the steps or procedures by which the opposing party proposes to obtain such evidence within a reasonable time; and (4) an explanation of how those facts will suffice to defeat the pending summary judgment motion (i.e., to rebut the movant's allegations of no genuine issue of material fact). *See Tatum v. City & County of San Francisco* (9th Cir. 2006) 441 F.3d 1090, 1101; *In re PHC, Inc. Shareholder Litig.* (1st Cir. 2014) 762 F.3d 138, 143-144 (Rule 56(d) requirements can be summarized as "authoritativeness, timeliness, good cause, utility, and materiality").

### 1. **Plaintiffs' Intentional Delay and Failure to be Diligent Requires Denial of the Motion.**

Rule 56(d) is designed to prevent the opposing party from being "railroaded" by a premature motion for summary judgment. *Celotex Corp. v. Catrett* (1986) 477 U.S. 317. It is "not designed to give relief to those who sleep on their rights." *Rivera-Torres v. Rey-Hernandez* (1st Cir. 2007) 502 F.3d 7, 10-11. Consequently, a party seeking the benefit of the rule must demonstrate due diligence, both in conducting discovery before the summary judgment motion was made and in pursuing a Rule 56(d) extension of time thereafter. *Id.* If the opposing party already had ample opportunity to conduct discovery or if the evidence is already

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4840-0131-6428.2
11317-242

- 6 -

2:16-cv-02129-SJO-RAO

CITY & CHIEF KEPLEY'S OPPOSITION TO MTN FOR ADMINISTRATIVE RELIEF

within his or her control, a Rule 56(d) request for discovery should be denied. *Cornwell v. Electra Central Credit Union* (9th Cir. 2006) 439 F.3d 1018, 1027 (continuance properly denied where counsel made strategic decision not to conduct discovery before cut-off date).

In this case, Plaintiffs made a strategic decision to not pursue ESI from the personal electronic devices of the City's police officers. On November 4, 2016, the City informed Plaintiffs that they were prohibited from producing ESI from non-City owned electronic devices because they were the private property of City police officers and not in the City's possession, control or custody. [Dkt. 398-5]. Plaintiffs did nothing. On March 30, 2017, the City responded to Plaintiffs' written discovery regarding police officers' personal cell phones and provided them a copy of the PVE POA objection letter. [Dkt. 331-3]. The City invited Plaintiffs to contact the PVE POA's counsel to resolve the dispute. *Id.* Plaintiffs did nothing.

Sergeant Barber was deposed on June 22, 2017. His PVE POA counsel instructed him not to answer questions about his personal cell phone. Plaintiffs did nothing. However, on July 24, 2017, the day prior to a discovery proceeding on another matter, Plaintiffs demanded an opportunity to address Sergeant Barber's private cell phone ESI. [Glos Decl., ¶ 7]. On July 25, 2017, Judge Oliver directed Plaintiffs to meet and confer with the parties and to reschedule an informal telephonic hearing the following week. [Song Decl., ¶ 6]. Plaintiffs did nothing. [Song Decl., ¶ 6].

On August 7, 2017, Plaintiffs filed an untimely and incomplete motion to compel that was denied on August 9. [Dkt. 401].

Plaintiffs knew that the City was prohibited from producing the ESI on police officers' <u>personal</u> cell phones due to objections from the PVE POA. [Song Decl., ¶ 5; Dkt. 398-5; Dkt. 398-6]. The City could not compel the police officers to produce the requested ESI for fear that it would breach the parties' collective bargaining agreement. [Liberman Decl., ¶ 7]. Rather than contact the PVE POA or

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4840-0131-6428.2
11317-242
- 7 -
2:16-cv-02129-SJO-RAO
CITY & CHIEF KEPLEY'S OPPOSITION TO MTN FOR ADMINISTRATIVE RELIEF

issue subpoenas on the individual officers, Plaintiffs did nothing. [Liberman Decl., ¶¶ 8-10]. Plaintiffs only raise the issue now in the hope that the Court will deny the City's meritorious summary judgment motion. This intentional delay and lack of diligence should not be rewarded and the motion should be dismissed.

### 2. **Plaintiffs Offer No Facts of Any Likelihood that Controverting Evidence Exists as to a Material Fact.**

Plaintiffs' declaration is deficient in showing how the requested additional discovery will increase the likelihood that controverting issues exist as to a material fact. Bare allegations or vague assertions of the need for discovery are not sufficient. *Everson v. Leis* (6th Cir. 2009) 556 F.3d 484, 493. The opposing party must explain its inability to provide opposing declarations at present; state what facts are sought; and show how these are reasonably expected to create a triable issue. Facts, not conclusions, are required. *Keebler Co. v. Murray Bakery Products* (Fed. Cir. 1989) 866 F.2d 1386, 1389 (generalized statement that "certain information necessary to prepare a response is solely in the possession of (moving party)" insufficient (parenthesis added)); *Summers v. Leis* (6th Cir. 2004) 368 F.3d 881, 887 (party must identify with some precision materials party hopes to obtain and state exactly how those materials will help in opposing motion). Even when the required materials are submitted, the district court may deny a Rule 56(d) motion "if it concludes that the party opposing summary judgment is unlikely to garner useful evidence from supplemental discovery." *Hicks v. Johnson* (1st Cir. 2014) 755 F.3d 738, 743.

In this case, Plaintiffs assert that the City alleged in its motion for summary judgment that no evidence exists to prove the absence of a genuine issue of material fact. [Motion, 12:6-14]. From this, Plaintiffs conclude they are entitled to yet additional discovery in the hope that they can uncover some material fact in dispute. Moreover, Plaintiffs' vaguely claim that they expect to gain facts through additional discovery to demonstrate a conspiracy to preclude outsiders from Lunada

4840-0131-6428.2
11317-242
- 8 -
2:16-cv-02129-SJO-RAO
KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE
CITY & CHIEF KEPLEY'S OPPOSITION TO MTN FOR ADMINISTRATIVE RELIEF

Bay. [Dkt. 398, ¶ 4]. There is no conspiracy claim against the City. [Dkt. 1]. In addition, Plaintiffs claim that "[d]ocuments made available through discovery in this case demonstrates that there are additional facts likely to exist in documents not yet produced or through deposition testimony of pertinent witnesses". [Dkt. 398, ¶ 4]. However, Plaintiffs fail to identify one such document that makes the case for this purported link to as-yet produced evidence. Plaintiffs vague motion is are nothing but a fishing expedition in the misguided hope that after production of thousands of documents, they can conjure up some fact to support a meritless claim against the City.

### 3. **Plaintiffs Fail to Identify Any Steps/Procedures to Obtain the Sought Evidence.**

Plaintiffs fail to identify any procedures that will timely permit them to conduct the purported discovery they claim is needed to address all the defendants' motions for summary judgment because they have no intention of trying to obtain such discovery. Plaintiffs' motion makes clear that they hope the Court will merely deny all the summary judgment motions. [Motion, 17:12-23]. Only if the Court will not, do the Plaintiffs then ask for an opportunity to "resolve all the discovery disputes". [Motion, 17:20-23].

Ordinarily, a party seeking the protection of Rule 56(d) files the motion, along with the requisite declaration, at the time he or she responds to the summary judgment motion. *Ashton-Tate Corp. v. Ross* (9th Cir. 1990) 916 F.2d 516, 520; *United States v. Kitsap Physicians Service* (9th Cir. 2002) 314 F.3d 995, 997. In this case, Plaintiffs waited until after the City filed its Reply Brief in support of its Motion for Summary Judgment. Again, Plaintiffs recognize the additional discovery will not help them. They merely hoped that after learning of the City's position in reply to their opposition the Court will summarily deny the motion and let them use that learned information at trial.

///

4840-0131-6428.2
11317-242
- 9 -
2:16-cv-02129-SJO-RAO
CITY & CHIEF KEPLEY'S OPPOSITION TO MTN FOR ADMINISTRATIVE RELIEF

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

### 4. The Sought Evidence Will Not Defeat Summary Judgment.

The single remaining claim against the City is for violation of 42 U.S.C. § 1983 based on alleged discriminating in Plaintiffs' none residency. [Dkt. 1]. In response, the City moved for summary judgment under *DeShaney v. Winnebago County Department of Social Services* (1988) 489 U.S. 189 and *Monell v. Dep't. of Soc. Services* (1978) 436 U.S. 658.

*DeShaney* holds that the due process clause does not impose upon a governmental entity an affirmative obligation to protect an individual from the harmful conduct of another, even if that conduct itself works a deprivation of life, liberty or property. *See DeShaney, supra,* 489 U.S. at 196. Plaintiffs do not even oppose this argument, but claim, without support, that it does not apply to them. Moreover, Plaintiffs fail to argue any exception to *DeShaney* applies to them.

*Monell* holds that a government entity cannot be held liable solely because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. *See Monell, supra,* 436 U.S. at 691. To maintain a Section 1983 claim against a local governmental entity, a plaintiff must establish the requisite culpability (a policy or custom attributable to municipal policymakers) and the requisite causation (the policy or custom as the "moving force" behind the constitutional deprivation). *Id.* at 691-694. There are three ways to meet the policy, practice, or custom requirement for municipal liability under Section 1983: (1) the plaintiff may prove that a public entity employee committed the alleged constitutional violation pursuant to a formal policy or a longstanding practice or custom, which constitutes the standard operating procedure of the local government entity, (2) the plaintiff may establish that the individual who committed the constitutional tort was an official with final policy-making authority and that the challenged action itself thus constituted an act of official government policy, or (3) the plaintiff may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action. *Gable v. City of Chicago* (7th

4840-0131-6428.2
11317-242
- 10 -
2:16-cv-02129-SJO-RAO

Kutak Rock LLP
Attorneys At Law
Irvine

CITY & CHIEF KEPLEY'S OPPOSITION TO MTN FOR ADMINISTRATIVE RELIEF

Cir. 2002) 296 F.3d 531, 537.

Plaintiffs were required to provide an explanation in support of the 56(d) Motion as to how the facts they seek will suffice to defeat the City's pending summary judgment motion. They provide none because there is no reasonable scenario under which an ESI text or chat message on Sergeant Barber's personal cell phone (or any other phone) is going to defeat the City's motion for summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, the City respectfully requests the Court deny Plaintiffs' Motion for Administrative Relief Pursuant to Federal Rules of Civil Procedure 56(d).

Dated: August 15, 2017        KUTAK ROCK LLP

By: /s/ *Christopher D. Glos*
Edwin J. Richards
Christopher D. Glos
Attorneys for Defendants
CITY OF PALOS VERDES ESTATES
and CHIEF OF POLICE JEFF KEPLEY

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4840-0131-6428.2
11317-242

- 11 -

2:16-cv-02129-SJO-RAO

CITY & CHIEF KEPLEY'S OPPOSITION TO MTN FOR ADMINISTRATIVE RELIEF