EDWIN J. RICHARDS (SBN 43855)
Email: Ed.Richards@kutakrock.com
ANTOINETTE P. HEWITT (SBN 181099)
Email: Antoinette.hewitt@kutakrock.com
CHRISTOPHER D. GLOS (SBN 210877)
Email: Christopher.Glos@kutakrock.com
KUTAK ROCK LLP
Suite 1500
5 Park Plaza
Irvine, CA 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394

[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]

Attorneys for Defendants
CITY OF PALOS VERDES ESTATES and
CHIEF OF POLICE JEFF KEPLEY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA; WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Case No. 2:16-cv-02129-SJO-RAO<br><br>Assigned to District Judge:<br>Hon. S. James Otero; Courtroom: 10C<br>@ 350 W. First Street, L.A., CA 90012<br><br>Assigned Discovery:<br>Magistrate Judge: Hon. Rozella A. Oliver<br><br>**[Exempt From Filing Fees Pursuant To Government Code § 6103]**<br><br>**DECLARATION OF HOWARD A. LIBERMAN IN SUPPORT OF CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO FED. RULES OF CIVIL PROCEDURE 56(d)**<br><br>[Filed concurrently with Opposition and Declarations of Christopher Glos and Jacob Song]<br><br>Date: September 5, 2017<br>Time: 10:00 a.m.<br>Ctrm.: 10C; Hon. S. JAMES OTERO<br><br>Complaint Filed: March 29, 2016<br>Trial: November 7, 2017 |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 1 -  2:16-cv-02129-SJO-RAO

DECL. OF HOWARD LIBERMAN ISO OPPOSITION TO MTN FOR ADMIN. RELIEF
4814-8848-5453.1

# DECLARATION OF HOWARD A. LIBERMAN

I, Howard A. Liberman, declare as follows:

1. I am a Senior Associate attorney with the law firm Mastagni Holstedt, APC, counsel for the Palos Verdes Estates Police Officers' Association ("PVE POA"). I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to such facts under oath.

2. The PVE POA is an incorporated non-profit organization dedicated to approximately 35 sworn police officers and non-sworn police employees serving the City of Palos Verdes Estates. The PVE POA provides benefits to its members, including legal defense. In addition, the PVE POA and its members, along with help from the community, work to provide assistance to many charitable groups within and around the City of Palos Verdes Estates including but not limited to, the Palos Verdes Estates Community Assistance and Resources for the Elderly and Seniors (PVE CARES) and Miracles for Kids.

3. Based upon information and belief, in August 2016, the PVE POA member police officers were requested, by the City of Palos Verdes Estates, Chief of Police Jeff Kepley, to give access and permission to preserve and image their personal electronic devices in connection with the litigation in *Spencer v. Lunada Bay Boys,* United States District Court, Case No. 2:16-cv-02129-SJO-RAO (the "Lawsuit").

4. The Police Officers Research Association of California ("PORAC") Legal Defense Fund approved my law firm to represent the PVE POA members with respect to the requested access and permission to preserve and image data maintained on personal electronic devices.

5. On or about August 28, 2016, the PVE POA objected to Chief Kepley's request and a meeting was held at the City on or about August 30, 2016 between Chief Kepley, counsel representing the City, the PVE POA members, and

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 2 -    2:16-cv-02129-SJO-RAO

DECL. OF HOWARD LIBERMAN ISO OPPOSITION TO MTN FOR ADMIN. RELIEF
4814-8848-5453.1

myself. Following the meeting the PVE POA continued to object to the request to provide access and permission to preserve and image data on any PVE POA member's personal electronic device. For approximately the next 30 days, the City and PVE POA continued to meet and confer over the request. An agreement could not be reached because the PVE POA concluded that the request violated the privacy rights of the PVE POA members in that no member had been named party to the lawsuit and the request an overbroad, unsupported fishing expedition into the private cell phone data on police officer personal electronic devices.

6. On or about December 28, 2016, I caused a letter to be sent to the City's counsel in the Lawsuit by Kenneth E. Bacon of my office stating that the PVE POA's objected to the request. A true and correct copy of the letter sent to the City's counsel in the Lawsuit is attached hereto as Exhibit "A". The December 2016 letter sets forth the objections to the City compelling the police officers to produce their ESI on personal phones.

7. In addition to the grounds explicitly set forth in the December 28, 2016 letter, any effort by the City to compel production of the police officers' personal phone ESI is a breach of the parties' collective bargaining agreement because it would constitute a unilateral change to the working conditions of officers by allowing the City access to private/personal phone ESI without a warrant or court order.

8. Based upon information and belief, no Palos Verdes Estates Police Officer has ever been served with a subpoena duces tecum for any documents, materials, or records in the Lawsuit, much less for the production of their personal cell phone data.

9. Based upon information and belief, the City produced a copy of my law firm's December 28, 2016 letter to the Plaintiffs' counsel in response to written discovery about their request for data on personal electronic devices. I have never received any communication from Plaintiffs' counsel about this matter and, based

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE
- 3 -    2:16-cv-02129-SJO-RAO
DECL. OF HOWARD LIBERMAN ISO OPPOSITION TO MTN FOR ADMIN. RELIEF
4814-8848-5453.1

upon information and belief, no one in my law firm has received any communication from Plaintiffs' counsel about this matter.

10. Based upon information and belief, Kenneth Bacon, a senior associate in my office, telephonically appeared on July 25, 2017 with counsel for the City to address Plaintiffs' last-minute notice to address certain objections at Sergeant Barber's deposition regarding his personal cell phone. The Magistrate, unable to address Plaintiffs' issue, instructed Plaintiff to meet and confer with the PVE POA and City to schedule a call on the issue during the week of July 31 to August 4. Plaintiffs never contacted my office or followed up to schedule a time to address the matter with the Magistrate Judge.

11. It has come to my understanding that Plaintiffs, by way of their Motion for Administrative Relief, are attempting an end run around the PVE POA's objections by seeking to compel the City to force the police officers to produce data on their personal electronic devices.

12. The PVE POA continues to object to the production of any data on any Palos Verdes Estates police officer's personal electronic device. If this Court determines that such data should be produced, the PVE POA requests an opportunity to formally brief the Court on the matter in order to protect the privacy rights of its member.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed this 14th day of August 2017 at Los Angeles, California.

Howard A. Liberman

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

- 4 -    2:16-cv-02129-SJO-RAO
DECL. OF HOWARD LIBERMAN ISO OPPOSITION TO MTN FOR ADMIN. RELIEF
4814-8848-5453.1