# EXHIBIT "A"

DAVID P. MASTAGNI
JOHN R. HOLSTEDT
MICHAEL D. AMICK
CRAIG E. JOHNSEN
BRIAN A. DIXON
STEVEN W. WELTY
STUART C. WOO
DAVID E. MASTAGNI
RICHARD J. ROMANSKI
PHILLIP R.A. MASTAGNI
KATHLEEN N. MASTAGNI STORM
SEAN D. HOWELL
WILLIAM P. CREGER
SEAN D. CURRIN
ISAAC S. STEVENS
PAUL T. DOLBERG
JEFFREY R.A. EDWARDS
DANIEL L. OSIER
JUDITH A. ODBERT
ANDREW R. MILLER
ERIN M. DERVIN
KYLE A. WENDE
EDWARD W. LESTER
KENNETH A. BACON

Sacramento Office
1912 I Street
Sacramento, CA
95811-3151
(916) 446-4692
Fax (916) 447-4614

Tax ID #94-2678460

Ontario Office
3400 Inland Empire Blvd STE 101
Ontario, CA
91764-5577
(909) 476-3560

Chico: (530) 895-3836
San Jose: (408) 292-4802
Stockton: (209) 948-6158

KEVIN A. FLAUTT
GREGORY G. GOMEZ
ACE T. TATE
JOHN H. BAKHIT
GRANT A. WINTER
IAN B. SANGSTER
JOSHUA A. OLANDER
KRISTOFOR K. HELM
CAMERON S. HUEY
DUSTIN C. INGRAHAM
LAURIE E. DANIELS
CAROLYN M. ORR
SHAWN B. COLLINS
TASHAYLA D. BILLINGTON
DAVID L. KRUCKENBERG
MATTHEW S. KANE
ANDREW J. COLLINS
HOWARD A. LIBERMAN
CEZAR J. TORREZ
CARL C. LARSON
DANIEL L. RAINSBURY
JOSEPH E. YALON
JOHN J. BOSTANZOGLOU
GREGORY J. THOMING
PHILLIP J. EBSWORTH



MASTAGNI HOLSTEDT

*A Professional Corporation*

www.mastagni.com
*All Correspondence to Sacramento Office*

December 28, 2016

Christopher D. Glos       *Via E-Mail Christopher.Glos@KutakRock.com*
Kutak Rock, LLP
5 Park Plaza, suite 1500
Irvine, CA 95811

Re:   Spencer v City of Palos Verdes

Dear Mr. Glos:

As we discussed, my firm has been retained to represent the Palos Verdes Police Officers' Association (PVPOA) regarding the "Data Hold" request in connection with the *Spencer v City of Palos Verdes, et al.* case and discovery of personal electronic devices of its members. In this regard, we have been authorized, if necessary, to intervene in the *Spencer* case to protect the privacy rights of the members of the PVPOA.

As you pointed out in your meet and confer letters with plaintiffs' counsel, their June 8, 2016 letter demanding preservation of evidence, including electronically stored information ("ESI") pertaining to the *Spencer, et al. v City of Palos Verdes, et al.* lawsuit is extremely overbroad and disproportionately burdensome on the City and the Police Department. Plaintiff Spencer's Request for Production of Documents is likewise vague and overbroad with respect to the demand for ESI, particularly as that demand may apply to non-defendant officers employed with the City of Palos Verdes Estates Police Department.

Our concern relates to efforts by the plaintiffs, through a request for production of documents served on the City of Palos Verdes Estates, or by Chief Kepley or the City in connection with their efforts to respond to a request for production, to obtain access to personal electronic devices owned/used by officers employed by the City of Palos Verdes Estates Police Department or to impose improper and burdensome restrictions on their ability to manage personal data on such devices.

None of the officers of the City of Palos Verdes Estates Police Department officers are defendants in the *Spencer* case, or even identified in the complaint. While the complaint refers to a couple of instances where reports of incidents were allegedly made to unidentified officers, nothing in the complaint even remotely suggests that any officers of the City of Palos Verdes

Christopher D. Glos
December 28, 2016
Page - 2 -

Estates Police Department ever used a personal electronic device to communicate regarding any of the matters alleged in the complaint, much less that they did so during the course and scope of their employment.

It is our positon that to the extent the request for production of documents or the preservation letter may be directed to personal electronic devices owned or used by officers of the City of Palos Verdes Estates Police Department, the requests are clearly overbroad and violate the privacy rights of the officers with respect to information which may be stored on such devices. Moreover, disclosure of private information on personal electronic devices could potentially expose officers to discipline for matters wholly unrelated to the *Spencer* action simply based on departmental disapproval of the content.

In addition, the demand for preservation of ESI is so broad that when applied to an officer's personal electronic devices it could potentially expose an officer to disciplinary action simply for deleting wholly unrelated and irrelevant personal photos, text messages, e-mails or other data and it also unreasonably would restrict an officer's right and ability to manage their personal electronic devices.

In this regard, efforts by the City, Chief Kepley or the Department to obtain access to personal electronic devices owned/used by officers employed by the City of Palos Verdes Estates Police Department would violate the personal privacy rights of the officers under the State of California and United States Constitutions as well as their statutory protections under Labor Code §980, the California Electronic Communications Privacy Act (Penal Code 1546, et seq,), the Stored Communications Act (18 USC § 2701, et seq.), the California Comprehensive Computer Data Access and Fraud Act (Penal Code §502) and other state or federal privacy, labor or electronic data statutes.

It is also our position that personal electronic devices owned/used by officers employed by the City of Palos Verdes Estates Police Department are not under the care, custody or control of the City of Palos Verdes Estates or the Department and, therefore, are beyond the proper scope of a request for production served by plaintiffs. And, even assuming for the sake of argument that personal electronic are arguably are considered within the care, custody or control of the City or the Department (which they are not), the information on such devices is protected by the officers' rights of privacy and statutory protections as discussed above.

The foregoing is not intended to set forth all potential defenses, privileges, rights and issues regarding attempts to access personal electronic devices and ESI of officers employed at the City of Palos Verdes Estates Police Department and the Association and its member expressly reserve any and all rights, privileges and defenses they may have with respect to discovery regarding their personal information and/or personal electronic devices.

While the PVPOA is open to a solution which does not violate the right of privacy of its members, we object to the attempts to impose overbroad and burdensome restrictions on the rights of officers to use their personal electronic devices and the overboard and invasive attempts to gain access to such devices in violation of the officers' rights of privacy as discussed above. In this

Christopher D. Glos
December 28, 2016
Page - 3 -

regard, we are fully prepared to intervene in the *Spencer* case to protect the privacy rights of the members of the PVPOA.

    If you and/or plaintiffs' counsel would like to discuss the foregoing and possible resolution of this dispute regarding access to personal electronic devices, please let me know as we look forward to the opportunity to resolve this without the necessity of litigation.

                Sincerely,

                MASTAGNI HOLSTEDT
                A Professional Corporation

                KENNETH E. BACON

KEB:ff