# EXHIBIT "A"

EDWIN J. RICHARDS (SBN 43855)
Email: Ed.Richards@kutakrock.com
ANTOINETTE P. HEWITT (SBN 181099)
Email: Antoinette.Hewitt@kutakrock.com
CHRISTOPHER D. GLOS (SBN 210877)
Email: Christopher.Glos@kutakrock.com
JACOB SONG (SBN 265371)
Email: Jacob.Song@kutakrock.com
KUTAK ROCK LLP
Suite 1500
5 Park Plaza
Irvine, CA 92614-8595
Telephone: (949) 417-0999
Facsimile: (949) 417-5394

Attorneys for Defendants
CITY OF PALOS VERDES ESTATES and
CHIEF OF POLICE JEFF KEPLEY

[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA; WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Case No. 2:16-cv-02129-SJO-RAO<br><br>Assigned to<br>District Judge: Hon. S. James Otero<br><br>Assigned Discovery:<br>Magistrate Judge: Hon. Rozella A. Oliver<br><br>**CITY OF PALOS VERDES ESTATES' RESPONSES TO PLAINTIFF CORY SPENCER'S INTERROGATORIES (SET TWO)**<br><br>Complaint Filed: March 29, 2016<br>Trial: November 7, 2017 |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1 - 1 - 2:16-cv-02129-SJO-RAO
RESPONSE TO PLAINTIFF CORY SPENCER'S INTERROGATORIES (SET TWO)
Exhibit A, Page 5

| | | |
|---|---|---|
| PROPOUNDING PARTY: | Plaintiff CORY SPENCER | |
| RESPONDING PARTY: | Defendant CITY OF PALOS VERDES ESTATES | |
| SET NO.: | TWO | |

Pursuant to Fed. R. Civ. P. 33, Defendant CITY OF PALOS VERDES ESTATES (the "City") hereby responds to Plaintiff CORY SPENCER's Interrogatories (Set Two).  The City's discovery, investigation, and preparation in this litigation are ongoing, and have not been completed at this time.  The City's responses herein are based on information currently available to the City; on that basis, the City reserves the right to supplement or amend these responses as additional facts are ascertained and as discovery progresses.  Accordingly, the City further reserves the right to reply upon and to present as evidence at trial any additional information that may be discovered or developed by the City and its counsel throughout the course of this litigation.

## **GENERAL RESPONSE AND OBJECTIONS**

1. Each response given to the interrogatories and any documents identified therein is subject to all objections, including but not limited to, privilege, relevancy, authenticity, and admissibility, which would require exclusion of the evidence if it were offered in Court, all of which are hereby expressly reserved.

2. The City objects to each of the interrogatories to the extent the interrogatories are overly broad or unduly burdensome.

3. The City objects to each of the interrogatories to the extent the interrogatories seek documents, tangible things or information that have been prepared in anticipation of litigation or for trial, or are otherwise subject to protection.

4. The City objects to each of the interrogatories to the extent the interrogatories seek documents or information subject to protection under the attorney client privilege or any other applicable privilege.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1   - 2 -   2:16-cv-02129-SJO-RAO
RESPONSE TO PLAINTIFF CORY SPENCER'S INTERROGATORIES (SET TWO)
Exhibit A, Page 6

5. The City objects to each of the interrogatories to the extent the interrogatories are unreasonably cumulative or duplicative, or that the information or documents requested therein are obtainable from some other source that is more convenient, less burdensome, or less expensive.

6. The City objects to each of the interrogatories to the extent the burden or expense of responding to such interrogatory outweighs the benefit of responding to such interrogatory.

7. The City objects to each of the interrogatories to the extent the interrogatories seek information or documents which would violate the right of privacy of persons employed by or affiliated with the City or nonparty third-persons contained whose information may be contained in said documents.

8. The fact that the City has provided a factual response or identified a document is not an admission that the fact or document is admissible in evidence, and is not to be construed as a waiver of an objection which may hereafter be interposed to the admissibility of such fact or document as evidence in this case.

9. The City is continuing its investigation and analysis of the facts and law related to this case and has not yet concluded its investigation, discovery, and preparation for trial. Therefore, these responses are given without prejudice to the City's right to produce or use any subsequently discovered facts or writings or to add to, modify, or otherwise change or amend the responses herein. These responses are based on writings and information currently available to the City. The information is true and correct to the best of the City's knowledge, belief, and recollection as of this date, and is subject to correction and supplementation for any inadvertent errors, mistakes, or omissions.

10. This preliminary statement and all general objections are hereby incorporated into each of the following responses.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1                         - 3 -                        2:16-cv-02129-SJO-RAO
RESPONSE TO PLAINTIFF CORY SPENCER'S INTERROGATORIES (SET TWO)
Exhibit A, Page 7

## RESPONSES

**INTERROGATORY NO. 3**:

State whether CITY peace officers are provided CITY-issued cell phones.

**RESPONSE TO INTERROGATORY NO. 3**:

The Palos Verdes Estates Police Department issues 11 City-owned cell phones that are used among its Police Officers and Police administrative staff.

**INTERROGATORY NO. 4:**

State whether CITY peace officers are permitted to use their personal cell phone while on duty.

**RESPONSE TO INTERROGATORY NO. 4**:

Objection: The Responding Party objects to this interrogatory to the extent it violates the personal privacy rights of police officers, who are not parties to this action, under the constitutions of the State of California and United States of America. The Responding Party further objects to this interrogatory to the extent it seeks to violate any statutory protections afforded City employees and police officers under the Labor Code, the California Electronic Communications Privacy Act, the Stored Communications Act, the California Comprehensive Computer Data Access and Fraud Act, and other state or federal privacy, labor or electronic data statutes. The Responding Party further objects that disclosure of police officer personal cell phone numbers, even partial disclosure, without submittal of an offer of proof, is also likely to have a deleterious impact on public health and safety, since it will impede law enforcement efforts. The Responding Party further objects that the information sought is irrelevant to any parties' claims or defenses, does not weigh on claims at issue in this action, and will unduly burden defendants in light of the privacy concerns expressed herein, including but not limited to the written objection made by the Palos Verdes Police Officers' Association ("PVPOA") on December 28, 2016 and previously provided to Plaintiffs. A further copy of correspondence from counsel for the PVPOA is attached hereto. The Responding

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1               - 4 -                2:16-cv-02129-SJO-RAO
RESPONSE TO PLAINTIFF CORY SPENCER'S INTERROGATORIES (SET TWO)

Exhibit A, Page 8

Party objects to this Interrogatory to the extent it is overbroad and vague as to time and scope and, as such, seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. This Responding Party further objects to the extent the term "permitted" is vague and ambiguous. Without waiving the foregoing objections: There is no policy prohibiting City peace officers from use of a personal cell phone while on duty; however, the City of Palos Verdes Estates Technology Utilization and Electronic Use Policy ("Electronic Use Policy") provides that written electronic communications regarding City business that may constitute a public record shall not be sent on personal cell phones, smart phones, personal digital assistants (PDAs), or via personal e-mail accounts. As such, no Police Officer or Police administrative staff are permitted to use their personal electronic devices to transmit any written communication that may constitute a public record. The Chief of Police, who is permitted to use his personal cell phone for City business that may constitute a public record, must do so in accord with the Electronic Use Policy.

**INTERROGATORY NO. 5:**

State whether CITY peace officers are reimbursed by CITY for personal cell phone service charges.

**RESPONSE TO INTERROGATORY NO. 5**:

The Chief of Police receives a stipend toward his personal cell phone service charges.

**INTERROGATORY NO. 6:**

Identify all CITY peace officers who use their personal cell phone while on duty.

**RESPONSE TO INTERROGATORY NO. 6**:

Objection: The Responding Party objects to this interrogatory to the extent it violates the personal privacy rights of police officers, who are not parties to this action, under the constitutions of the State of California and United States of

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1 - 5 - 2:16-cv-02129-SJO-RAO
RESPONSE TO PLAINTIFF CORY SPENCER'S INTERROGATORIES (SET TWO)

Exhibit A, Page 9

America. The Responding Party further objects to this interrogatory to the extent it seeks to violate any statutory protections afforded City employees and police officers under the Labor Code, the California Electronic Communications Privacy Act, the Stored Communications Act, the California Comprehensive Computer Data Access and Fraud Act, and other state or federal privacy, labor or electronic data statutes. The Responding Party further objects that disclosure of police officer personal cell phone numbers, even partial disclosure, without submittal of an offer of proof, is also likely to have a deleterious impact on public health and safety, since it will impede law enforcement efforts. The Responding Party further objects that the information sought is irrelevant to any parties' claims or defenses, does not weigh on claims at issue in this action, and will unduly burden defendants in light of the privacy concerns expressed herein, including but not limited to the written objection made by the Palos Verdes Police Officers' Association ("PVPOA") on December 28, 2016 and previously provided to Plaintiffs. A further copy of correspondence from counsel for the PVPOA is attached hereto. The Responding Party objects to this Interrogatory to the extent it is overbroad and vague as to time and scope and, as such, seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objections: The Chief of Police uses his personal cell phone while on duty. The City is unable to identify any other peace officer who may use his or her personal cell phone while on duty because there is no policy prohibiting the use of a personal cell phone and no policy to track such usage, if any. Nonetheless, the City's Electronic Use Policy provides that written electronic communications regarding City business that may constitute a public record shall not be sent on personal cell phones, smart phones, personal digital assistants (PDAs), or via personal e-mail accounts.

**INTERROGATORY NO. 7:**

For all CITY peace officers identified in response to Interrogatory No. 6, provide the last four digits of each personal cell phone number that each CITY

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1 - 6 - 2:16-cv-02129-SJO-RAO
RESPONSE TO PLAINTIFF CORY SPENCER'S INTERROGATORIES (SET TWO)

Exhibit A, Page 10

peace officer has owned or for which he or she has been the primary user from January 1, 2012 to present.

**RESPONSE TO INTERROGATORY NO. 7**:

Objection: The Responding Party objects to this interrogatory to the extent it violates the personal privacy rights of police officers, who are not parties to this action, under the constitutions of the State of California and United States of America. The Responding Party further objects to this interrogatory to the extent it seeks to violate any statutory protections afforded City employees and police officers under the Labor Code, the California Electronic Communications Privacy Act, the Stored Communications Act, the California Comprehensive Computer Data Access and Fraud Act, and other state or federal privacy, labor or electronic data statutes. The Responding Party further objects that disclosure of police officer personal cell phone numbers, even partial disclosure, without submittal of an offer of proof, is also likely to have a deleterious impact on public health and safety, since it will impede law enforcement efforts. The Responding Party further objects that the information sought is irrelevant to any parties' claims or defenses, does not weigh on claims at issue in this action, and will unduly burden defendants in light of the privacy concerns expressed herein, including but not limited to the written objection made by the Palos Verdes Police Officers' Association ("PVPOA") on December 28, 2016 and previously provided to Plaintiffs. A further copy of correspondence from counsel for the PVPOA is attached hereto. The Responding Party objects to this Interrogatory to the extent it is overbroad and vague as to time and scope and, as such, seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 8:**

State whether there is any CITY policy that prohibits CITY peace officers from using their personal cell phone while on duty, and if so, identify the any such policy(ies) by name, title, and if included in a broader policy, the section or page of

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1 - 7 - 2:16-cv-02129-SJO-RAO
RESPONSE TO PLAINTIFF CORY SPENCER'S INTERROGATORIES (SET TWO)
Exhibit A, Page 11

that policy that contains the relevant language.

**RESPONSE TO INTERROGATORY NO. 8**:

There is no policy prohibiting City peace officers from use of a personal cell phone while on duty; however, the Electronic Use Policy, including but not limited to the section entitled Electronic Records Management and Retention, provides that written electronic communications regarding City business that may constitute a public record shall not be sent on personal cell phones, smart phones, personal digital assistants (PDAs), or via personal e-mail accounts. As such, no Police Officer or Police administrative staff are permitted to use their personal electronic devices to transmit any written communication that may constitute a public record. The Chief of Police, who is permitted to use his personal cell phone for City business that may constitute a public record, must do so in accord with the Electronic Use Policy.

**INTERROGATORY NO. 9:**

State whether any CITY peace officer has been disciplined for use of a personal cell phone while on duty.

**RESPONSE TO INTERROGATORY NO. 9**:

Objection: The Responding Party objects to this interrogatory to the extent it violates the privacy rights of police officers, who are not parties to this action, under the constitutions of the State of California and United States of America. The Responding Party further objects to this interrogatory to the extent it seeks to violate Penal Code section 832.7. Without waiving the foregoing objections: No.

Dated: March 30, 2017

KUTAK ROCK LLP

By: /s/
Edwin J. Richards
Antoinette P. Hewitt
Christopher D. Glos
Jacob Song
Attorneys for Defendants
CITY OF PALOS VERDES ESTATES
and CHIEF OF POLICE JEFF KEPLEY

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1 - 8 - 2:16-cv-02129-SJO-RAO
RESPONSE TO PLAINTIFF CORY SPENCER'S INTERROGATORIES (SET TWO)
Exhibit A, Page 12

DAVID P. MASTAGNI
JOHN R. HOLSTEDT
MICHAEL D. AMICK
CRAIG E. JOHNSEN
BRIAN A. DIXON
STEVEN W. WELTY
STUART C. WOO
DAVID E. MASTAGNI
RICHARD J. ROMANSKI
PHILLIP R.A. MASTAGNI
KATHLEEN N. MASTAGNI STORM
SEAN D. HOWELL
WILLIAM P. CREGER
SEAN D. CURRIN
ISAAC S. STEVENS
PAUL T. DOLBERG
JEFFREY R.A. EDWARDS
DANIEL L. OSIER
JUDITH A. ODBERT
ANDREW R. MILLER
ERIN M. DERVIN
KYLE A. WENDE
EDWARD W. LESTER
KENNETH A. BACON

Sacramento Office
1912 I Street
Sacramento, CA
95811-3151
(916) 446-4692
Fax (916) 447-4614

Tax ID #94-2678460

Ontario Office
3400 Inland Empire Blvd STE 101
Ontario, CA
91764-5577
(909) 476-3560

Chico: (530) 895-3836
San Jose: (408) 292-4802
Stockton: (209) 948-6158

KEVIN A. FLAUTT
GREGORY G. GOMEZ
ACE T. TATE
JOHN H. BAKHIT
GRANT A. WINTER
IAN B. SANGSTER
JOSHUA A. OLANDER
KRISTOFOR K. HELM
CAMERON S. HUEY
DUSTIN C. INGRAHAM
LAURIE E. DANIELS
CAROLYN M. ORR
SHAWN B. COLLINS
TASHAYLA D. BILLINGTON
DAVID L. KRUCKENBERG
MATTHEW S. KANE
ANDREW J. COLLINS
HOWARD A. LIBERMAN
CEZAR J. TORREZ
CARL C. LARSON
DANIEL L. RAINSBURY
JOSEPH E. YALON
JOHN J. BOSTANZOGLOU
GREGORY J. THOMING
PHILLIP J. EBSWORTH



MASTAGNI | HOLSTEDT

*A Professional Corporation*

www.mastagni.com
*All Correspondence to Sacramento Office*

December 28, 2016

Christopher D. Glos            *Via E-Mail Christopher.Glos@KutakRock.com*
Kutak Rock, LLP
5 Park Plaza, suite 1500
Irvine, CA 95811

Re:   Spencer v City of Palos Verdes

Dear Mr. Glos:

As we discussed, my firm has been retained to represent the Palos Verdes Police Officers' Association (PVPOA) regarding the "Data Hold" request in connection with the *Spencer v City of Palos Verdes, et al.* case and discovery of personal electronic devices of its members. In this regard, we have been authorized, if necessary, to intervene in the *Spencer* case to protect the privacy rights of the members of the PVPOA.

As you pointed out in your meet and confer letters with plaintiffs' counsel, their June 8, 2016 letter demanding preservation of evidence, including electronically stored information ("ESI") pertaining to the *Spencer, et al. v City of Palos Verdes, et al.* lawsuit is extremely overbroad and disproportionately burdensome on the City and the Police Department. Plaintiff Spencer's Request for Production of Documents is likewise vague and overbroad with respect to the demand for ESI, particularly as that demand may apply to non-defendant officers employed with the City of Palos Verdes Estates Police Department.

Our concern relates to efforts by the plaintiffs, through a request for production of documents served on the City of Palos Verdes Estates, or by Chief Kepley or the City in connection with their efforts to respond to a request for production, to obtain access to personal electronic devices owned/used by officers employed by the City of Palos Verdes Estates Police Department or to impose improper and burdensome restrictions on their ability to manage personal data on such devices.

None of the officers of the City of Palos Verdes Estates Police Department officers are defendants in the *Spencer* case, or even identified in the complaint. While the complaint refers to a couple of instances where reports of incidents were allegedly made to unidentified officers, nothing in the complaint even remotely suggests that any officers of the City of Palos Verdes

Christopher D. Glos
December 28, 2016
Page - 2 -

Estates Police Department ever used a personal electronic device to communicate regarding any of the matters alleged in the complaint, much less that they did so during the course and scope of their employment.

It is our positon that to the extent the request for production of documents or the preservation letter may be directed to personal electronic devices owned or used by officers of the City of Palos Verdes Estates Police Department, the requests are clearly overbroad and violate the privacy rights of the officers with respect to information which may be stored on such devices. Moreover, disclosure of private information on personal electronic devices could potentially expose officers to discipline for matters wholly unrelated to the *Spencer* action simply based on departmental disapproval of the content.

In addition, the demand for preservation of ESI is so broad that when applied to an officer's personal electronic devices it could potentially expose an officer to disciplinary action simply for deleting wholly unrelated and irrelevant personal photos, text messages, e-mails or other data and it also unreasonably would restrict an officer's right and ability to manage their personal electronic devices.

In this regard, efforts by the City, Chief Kepley or the Department to obtain access to personal electronic devices owned/used by officers employed by the City of Palos Verdes Estates Police Department would violate the personal privacy rights of the officers under the State of California and United States Constitutions as well as their statutory protections under Labor Code §980, the California Electronic Communications Privacy Act (Penal Code 1546, et seq,), the Stored Communications Act (18 USC § 2701, et seq.), the California Comprehensive Computer Data Access and Fraud Act (Penal Code §502) and other state or federal privacy, labor or electronic data statutes.

It is also our position that personal electronic devices owned/used by officers employed by the City of Palos Verdes Estates Police Department are not under the care, custody or control of the City of Palos Verdes Estates or the Department and, therefore, are beyond the proper scope of a request for production served by plaintiffs. And, even assuming for the sake of argument that personal electronic are arguably are considered within the care, custody or control of the City or the Department (which they are not), the information on such devices is protected by the officers' rights of privacy and statutory protections as discussed above.

The foregoing is not intended to set forth all potential defenses, privileges, rights and issues regarding attempts to access personal electronic devices and ESI of officers employed at the City of Palos Verdes Estates Police Department and the Association and its member expressly reserve any and all rights, privileges and defenses they may have with respect to discovery regarding their personal information and/or personal electronic devices.

While the PVPOA is open to a solution which does not violate the right of privacy of its members, we object to the attempts to impose overbroad and burdensome restrictions on the rights of officers to use their personal electronic devices and the overboard and invasive attempts to gain access to such devices in violation of the officers' rights of privacy as discussed above. In this

Christopher D. Glos
December 28, 2016
Page - 3 -

regard, we are fully prepared to intervene in the *Spencer* case to protect the privacy rights of the members of the PVPOA.

    If you and/or plaintiffs' counsel would like to discuss the foregoing and possible resolution of this dispute regarding access to personal electronic devices, please let me know as we look forward to the opportunity to resolve this without the necessity of litigation.

                      Sincerely,

                        MASTAGNI HOLSTEDT
                        A Professional Corporation

                        KENNETH E. BACON

KEB:ff

# PROOF OF SERVICE

*Cory Spencer, et al v. Lunada Bay Boys, et al.*

USDC, Central District, Western Division Case No.: 2:16-cv-02129-SJO (RAOx)

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the City of Irvine in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1500, Irvine, California 92614.

On **March 30, 2017**, I served on all interested parties as identified on the below mailing list the following document(s) described as:

**CITY OF PALOS VERDES ESTATES' RESPONSES TO PLAINTIFF CORY SPENCER'S INTERROGATORIES (SET TWO)**

[X]  **(BY MAIL, 1013a, 2015.5 C.C.P.)**  I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this(these) document(s) will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **(BY ELECTRONIC MAIL)** The above document was served electronically on the parties appearing on the service list associated with this case. A copy of the electronic mail transmission[s] will be maintained with the proof of service document.

**SEE ATTACHED SERVICE LIST**

[X]  **(STATE)**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 30, 2017**, at Irvine, California.

*/s/ Margo Reyes*
_____
Margo Reyes

ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1                                      - 1 -                                    2:16-cv-02129-SJO-RAO
PROOF OF SERVICE
Exhibit A, Page 16

# SERVICE LIST

*Cory Spencer, et al v. Lunada Bay Boys, et al.*

| | |
|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>Jennifer A. Foldvary, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Attorneys for Plaintiffs, CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.<br><br>Telephone: (415) 442-3200<br>Facsimile: (415) 541-9366<br><br>kfranklin@hansonbridgett.com<br>swolff@hansonbridgett.com<br>clee@hansonbridgett.com<br>jfoldvary@hansonbridgett.com |
| Tyson M. Shower, Esq.<br>Landon D. Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | Attorneys for Plaintiffs, CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.<br><br>Telephone: (916) 442-3333<br>Facsimile: (916) 442-2348<br><br>tshower@hansonbridgett.com<br>lbailey@hansonbridgett.com |
| Victor Otten, Esq.<br>Kavita Tekchandani, Esq.<br>OTTEN LAW PC<br>3620 Pacific Coast Highway, #100<br>Torrance, CA 90505 | Attorneys for Plaintiffs, CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.<br><br>Telephone: (310) 378-8533<br>Facsimile: (310) 347-4225<br><br>vic@ottenlawpc.com<br>kavita@ottenlawpc.com |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | Robert T. Mackey, Esq.<br>Peter H. Crossin, Esq.<br>Richard P. Dieffenbach, Esq.<br>John P. Worgul, Esq.<br>John E. Stobart, Esq.<br>VEATCH CARLSON, LLP<br>1055 Wilshire Boulevard, 11th Floor<br>Los Angeles, CA 90017 | Attorneys for Defendant BRANT BLAKEMAN<br><br>Telephone: (213) 381-2861<br>Facsimile: (213) 383-6370<br><br>rmackey@veatchfirm.com<br>pcrossin@veatchfirm.com<br>rdieffenbach@veatchfirm.com<br>jworgul@veatchfirm.com<br>jstobart@veatchfirm.com |
| 9<br>10<br>11<br>12<br>13<br>14 | Robert S. Cooper, Esq.<br>Audrey S. Olson, Esq.<br>BUCHALTER NEMER, APC<br>1000 Wilshire Blvd., Ste. 1500<br>Los Angeles, CA 90017 | Attorney for Defendant BRANT BLAKEMAN<br><br>Telephone: (213) 891-5230<br>Facsimile: (213) 896-0400<br><br>rcooper@buchalter.com<br>aolson@buchalter.com |
| 15<br>16<br>17<br>18<br>19<br>20<br>21<br>22 | J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant ALAN JOHNSTON aka JALIAN JOHNSTON<br><br>Telephone: (310) 526-2237<br>Facsimile: (310) 526-2237<br><br>pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |
| 23<br>24<br>25<br>26<br>27 | Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant MICHAEL RAY PAPAYANS<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br><br>peter@hblwfirm.us<br>peter@havenlaw.com |

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1 — - 3 - — 2:16-cv-02129-SJO-RAO
PROOF OF SERVICE         Exhibit A, Page 18

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | Mark C. Fields<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants ANGELO FERRARA; N.F. appearing through [Proposed] Guardian Ad Litem, Leonora Ferrara Attorney for Petitioner<br><br>Telephone: (213) 948-2349<br><br>fields@markfieldslaw.com |
| 8<br>9<br>10<br>11<br>12<br>13<br>14 | Thomas M. Phillips, Esq.<br>Aaron G. Miller, Esq.<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant ANGELO FERRARA<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br><br>tphillips@thephillipsfirm.com<br>amiller@thephillipsfirm.com |
| 15<br>16<br>17<br>18<br>19<br>20 | Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tera Lutz, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Attorney for Defendant SANG LEE<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900<br><br>Dana.Fox@lewisbrisbois.com<br>Edward.Ward@lewisbrisbois.com<br>Eric.Kizirian@lewisbrisbois.com<br>Tera.Lutz@lewisbrisbois.com |
| 21<br>22<br>23<br>24<br>25<br>26<br>27 | Daniel M. Crowley, Esq.<br>BOOTH, MITCHEL & STRANGE<br>707 Wilshire Boulevard, Suite 4450<br>Los Angeles, CA 90017 | Co-Counsel for Defendant SANG LEE<br><br>Telephone: (213) 738-0100<br>Facsimile: (213) 380-3308<br><br>dmcrowley@boothmitchel.com |
| 28 | | |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1     - 4 -     2:16-cv-02129-SJO-RAO
PROOF OF SERVICE

| | |
|---|---|
| Patrick Au, Esq.<br>Laura L. Bell, Esq.<br>Tiffany L. Bacon, Esq.<br>BREMER WHYTE BROWN & O'MEARA<br>21215 Burbank Boulevard, Suite 500<br>Woodland Hills, CA 91367 | Attorneys for Defendants FRANK FERRARA and CHARLIE FERRARA<br><br>Telephone: (818) 712-9800<br>Facsimile: (818) 712-9900<br><br>pau@bremerwhyte.com<br>lbell@bremerwhyte.com<br>tbacon@bremerwhyte.com |