**VEATCH CARLSON, LLP**
1055 Wilshire Boulevard, 11th Floor
Los Angeles, California 90017
Telephone (213) 381-2861
Facsimile (213) 383-6370

ROBERT T. MACKEY, State Bar No. 210810
*rmackey@veatchfirm.com*
RICHARD P. DIEFFENBACH, State Bar No. 102663
*rdieffenbach@veatchfirm.com*
JOHN E. STOBART, State Bar No. 248741
*jstobart@veatchfirm.com*

**BUCHALTER, APC**
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017
(213) 891-0700

ROBERT S. COOPER, State Bar No. 158878
rcooper@buchalter.com

Attorneys for Defendant,
BRANT BLAKEMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | **CASE NO.: 2:16-CV-2129-SJO-RAO**<br>**Hon. S. James Otero, Ctrm. 10C**<br><br>**DEFENDANT BRANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF UNDER RULE 56(d)**<br><br>DATE:  September 5, 2017<br>TIME:  10:00 a.m.<br>CTRM:  10C<br>1st Street Courthouse<br><br>[Filed Concurrently with Declaration of Richard P. Dieffenbach]<br><br>**Action Commenced:** 03/29/2016<br>**Discovery Cutoff:** 08/7/2017<br>**Pretrial Conf.:** 10/23/2017<br>**Trial Date:** 11/07/2017 |

---

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 56(d) MOTION**

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

I.  SUMMARY OF OPPOSITION ................................................................................. 1

II. STANDARD ON RULE 56(D) MOTION ................................................................ 2

III. PLAINTIFFS HAVE COMPLETED DISCOVERY WITH BLAKEMAN .......................................................................................................... 3

IV. PLAINTIFFS HAVE NOT BEEN DILIGENT ........................................................ 5

V. THE INFORMATION SOUGHT IS BASED ON SPECULATION ................. 6

VI. THE DISCOVERY SOUGHT WOULD NOT SUPPORT CONSPIRACY ............................................................................................................ 8

VII. CONCLUSION ............................................................................................................ 9

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 56(d) MOTION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  SUMMARY OF OPPOSITION

Remaining plaintiffs Cory Spencer, Diana Reed and Coastal Protection Rangers are attempting to use Rule 56(d) in a desperate, last-ditch ploy to avoid summary judgment as to *all* defendants, despite the fact that defendant Blakeman has zero discovery outstanding nor any pending discovery dispute with the plaintiffs. Although they attempt to "loop him in," plaintiffs' motion for administrative relief is an admission that they have no evidence of Mr. Blakeman's alleged involvement in the alleged conspiracy to "keep the so-called 'riffraff' out of Lunada Bay." *See*, EFC No. 398, Wolf Decl. ¶6.  Plaintiffs' request for further discovery is limited to telephone records from the City of Palos Verdes ("City") and co-defendants Michael Papayans, Charley Ferrara, and Frank Ferrara. *Id.* at ¶5. Again, No discovery regarding Mr. Blakeman is requested or at issue.

Indeed, Mr. Blakeman has fully complied with each and every discovery request propounded by plaintiffs.  He has spent thousands of dollars on experts to prepare and produce video in response to plaintiffs' demands. *Dieffenbach Decl*. ¶ 3. Mr. Blakeman used a City cell phone, which he identified during his deposition on November 21, 2016, and his records and data from his city-issued phone have been produced. *Id*. at ¶4, Ex. A.  Even with his full phone records, plaintiffs have nothing implicating Mr. Blakeman in any illegal activity, via conspiracy or otherwise.

Plaintiffs have had sufficient time to complete discovery. The complaint was filed March 31, 2016, and discovery began after the Rule 26(f) meeting on August 5, 2016. Plaintiff opposed bifurcating discovery before the motion for class cert. So, plaintiffs have had a full year to conduct discovery before cutoff fell on August 7, 2017. *See*, EFC No. 120. Plaintiffs never sought leave to amend the Scheduling Order. They claim alleged deficiencies against co-defendants but have not brought a motion to compel in a timely manner. *See*, EFC No. 401 [denying last plaintiffs' last-minute motions to compel].  Simply put, plaintiffs have not been diligent seeking discovery.

1

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 56(d) MOTION**

Plaintiffs' highly speculative theory is that the records they are seeking from defendants other than Blakeman "can implicate either one, a subset, or all of the Defendants … depending on whom [sic] is texting and whom [sic] is receiving the text." *Id.* at ¶6. But plaintiffs already have Mr. Blakeman's phone records; logically, there is no need for anybody else's records. It is axiomatic that regardless of "whom [sic] is texting and whom [sic] is receiving the text," the text will appear on both the sender's and receiver's records. Mr. Blakeman's phone records do not support any claim of conspiracy. This alleged conspiracy is the crux of plaintiff's case against Mr. Blakeman, which is meritless. *See*, Motion, EFC No. 328, p. 1:16-17.

Even if there were text messages between Mr. Blakeman and the other co-defendants, that alone would not establish a conspiracy. "Because civil conspiracy is so easy to allege, plaintiffs have a weighty burden to prove it." *Choate v. County of Orange*, 86 Cal.App.4th 312, 333 (2000). Plaintiffs have not provided an explanation as to how the outstanding production of phone records from the City and from the few co-defendants named in the motion would provide the evidence needed to meet their weighty burden. Again, the City already produced Mr. Blakeman's telephone records.

Because plaintiffs have had a sufficient opportunity to conduct discovery, because they were not diligent in seeking more time, because the significance of their outstanding discovery is based upon pure speculation, and because the information sought would not support a conspiracy anyway, this motion should be denied.

## II.    <u>STANDARD ON RULE 56(d) MOTION</u>

In *Martinez v. Columbia Sportswear USA Corp.*, 553 Fed.Appx. 760, 761 (9th Cir. 2014), the factors to be considered by the district court while ruling on a Rule 56(d) motion were summarized:

- Whether the movant had sufficient opportunity to conduct discovery. See *Qualls By and Through Qualls v. Blue Cross of Calif., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994);

- Whether the movant was diligent. See *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002); see also *Bank of Am. v. Pengwin*, 175 F.3d 1109, 1118 (9th Cir. 1999);

- Whether the information sought is based on mere speculation. See *Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1436–37 (9th Cir.1995); see also *State of Cal., ex. rel. Cal. Dep't of Toxic Substances Control v. Campbell*, 138 F.3d 772, 779–80 (9th Cir. 1998); and

- Whether allowing additional discovery would preclude summary judgment. See *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 892 (9th Cir. 2012).

Here, plaintiffs have failed to make a colorable showing on any of the factors. For the foregoing reasons, the motion should be denied.

## III. <u>PLAINTIFFS HAVE COMPLETED DISCOVERY WITH BLAKEMAN</u>

The first inquiry is whether "the movant had sufficient opportunity to conduct discovery." *Martinez, supra*, 553 Fed.Appx. at 761. The discovery timeline between plaintiffs and Mr. Blakeman is as follows.

- **August 5, 2016** - The Rule 26(f) meeting took place. At that time plaintiffs opposed any bifurcation of discovery related to their allegations for class certification. Discovery began on this date. *Mr. Blakeman informed plaintiffs' counsel of his intention to seek summary judgment*.

- **August 29, 2016** – The scheduling conference was held. EFC No. 120. Plaintiffs again opposed bifurcating discovery. The Court set a discovery cut off and motion cut off of August 7, 2017.

- **November 21, 2016** - The deposition of Mr. Blakeman was taken.

- **December 7, 2017**. After months of meeting and conferring, Mr. Blakeman was forced to file motions to compel further responses to interrogatories and production of documents. EFC No. 150.

- **January 19, 2017** - Plaintiffs supplemented their response to Interrogatories. Plaintiffs responded to Interrogatory 7, which was directed to allegations supporting civil conspiracy. Plaintiffs responses to Interrogatory 7 included the following statements:

  - Plaintiff "believes that the Bay Boys concerted efforts to stop the public from accessing the beach are documented in text messages and emails being withheld by Defendants in this case." EFC No. 208-3 p. 36:23-26; *See also,* EFC No. 208, Fn. 4.

  - "The request is premature. Because Mr. Blakeman and the other defendants are refusing to comply with their obligations to produce documents under the federal rules and are impermissible withholding evidence and/or possibly spoliating evidence, we are not able to fully respond to discovery requests which necessarily rely on our ability to fully investigate the facts."

  NOTE: *Plaintiffs clearly acknowledge the challenges they have in obtaining evidence to support their claims for conspiracy nearly **8 months before the discovery cut-off**.*

3
**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 56(d) MOTION**

- **January 25, 2017** – Cross motions to compel were heard. EFC No. 212. Both plaintiffs' and Mr. Blakeman's motions were granted in part and denied in part.

- **February 1, 2017** - A discovery hearing occurred related to the number of depositions sought per side. Mr. Blakeman sought the expansion of the number of depositions in this matter and the Court agreed. EFC No. 217.

- **February 21, 2017** - The Court denied plaintiffs' motion for Class Certification. EFC No. 225.

- **February 27, 2017** - Plaintiffs emailed further responses to Interrogatories dated February 24, 2017. These responses were used in support of Mr. Blakeman's motion for summary judgment. EFC No. 284, Ex. C and D. At this time, the only evidence of a conspiracy involving Mr. Blakeman was the following. *See*, EFC No. 284, p. 14.:

  - "On February 5, 2015, Charles Mowat [a non-party] sent a text message to Defendant Brant Blakeman, Tom Sullivan [a non-party], David Yoakley [a non-party], Andy Patch [a non-party], Defendant Michael Papayans and several others that said 'There are 5 kooks standing on the bluff taking pictures … I think that same Taloa guy. Things could get ugly.'"
  - "[A] text message was sent to Defendant Papayans on February 7, 2016, by a Bay Boy inquiring "How was all that Taloa shit? Charley called me and my dad said why weren't you down there?""
  - "[T]here are emails from Sang Lee discussing the Bay Boys concerted efforts to stop the public from accessing the beach."
  - "A Los Angeles Times photographer captured a picture of Defendant Blakeman of [sic] the bluff filming plaintiffs."

- **February 27, 2017** - The Court ordered Mr. Blakeman to produce videos to an expert for review and ultimate production to plaintiffs. Doc. 231.

- **March 8, 2017 -** Another hearing related to plaintiffs' failure to respond to discovery and violation of the Court's January 25, 2017 order was heard. EFC No. 235. Plaintiffs were ordered to provide a list of witnesses.

- **June 13, 2017** - Another telephonic hearing was before the magistrate and plaintiffs were ordered to supplement their responses. EFC No. 248.

- **July 14, 2017** – Mr. Blakeman and the other individual defendants met and conferred with plaintiffs about seeking summary judgment.

- **July 24, 2017** - Plaintiffs sought an extension of time to respond to the Summary Judgment Motions. EFC No. 282. Plaintiffs' bases for seeking an extension was that there was allot of summary judgment motions being filed and there was also some other discovery they anticipated to receive.

- **July 24, 2017** - Defendant Blakeman filed his motion for summary judgment. EFC No. 284.

- **July 26, 2017** - The Court granted Plaintiff's request for an extension of time to respond to the Motions for Summary Judgment to August 7, 2017, the same day discovery was to close. EFC No. 295.

- **August 7, 2017** - Discovery closed.

- **August 8, 2017** - Plaintiffs filed this motion.

Here, plaintiff had over a year to complete discovery or bring a motion to amend the scheduling order, but presumably were either not diligent or lacked good cause. Plaintiff did not seek any relief, whether ex parte or by way of motion, to address any discovery delays, discovery disputes, continuances of any hearings or even a modification of the scheduling order.  Plaintiffs have had ample time to either complete discovery or request more time to do so.

Furthermore, plaintiffs have completed their discovery with Mr. Blakeman. All of the documents demanded by plaintiffs have been produced, including cell phone records, photos and videos. See, *Dieffenbach Decl*. Mr. Blakeman's only cell phone was issued by the city because he was a volunteer. *Dieffenbach Decl*. ¶ 4.  The records were produced through the city. Dieffenbach Decl. ¶ 4, Ex. A. His videos were produced at great expense given that defendant had to hire an expert had to compile, review and produce the videos. EFC No. 231; *See*, *Dieffenbach Decl*. ¶¶ 2-3; *See also*, *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921(9th Cir. 1996) [Noting, "A problem might exist had the district court denied Nidds' motion for a continuance where Nidds had outstanding discovery requests..."]

Here, there are no discovery requests regarding Mr. Blakeman outstanding. Plaintiffs have no ongoing discovery disputes with Mr. Blakeman. Discovery concerning Mr. Blakeman is not even mentioned in the motion. Discovery in their case against him has been completed and plaintiffs have had a sufficient opportunity to substantiate their claims against Mr. Blakeman, but have failed.

## IV.     PLAINTIFFS HAVE NOT BEEN DILIGENT

As aptly stated by the First Circuit, under Rule 56(d), "[a] party who legitimately requires more time to oppose a motion for summary judgment has a corollary responsibility to make the court aware of its plight." *Velez v. Awning Windows, Inc.* 375 F.3d 35, 39 (1st Cir. 2004).  Diligence is required "both in pursuing discovery before the summary judgment initiative surfaces and in pursuing an extension of time thereafter." *Id*. "The burden is on the party seeking additional

5
**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 56(d) MOTION**

discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921(9th Cir. 1996) . "This lack of diligence precludes a finding that the district court abused its discretion [in denying the request.]."

To the extent any discovery is not completed, the failure to timely ask for additional time shows lack of diligence on the part of the plaintiffs. If the plaintiffs need more time to compete discovery, they should have moved to amend the scheduling order. In such a motion, the court considers: "(1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification." *Galdamez v. Potter,* 415 F.3d 1015, 1020 (9th Cir. 2005).

Here, the degree of prejudice to Mr. Blakeman is great. He has already expended a great deal of time and money defending himself against plaintiffs' meritless claims and discovery demands.  To continue (or even worse deny) Mr. Blakeman's summary judgment motion so plaintiff can subject him to more discovery, more motions, and spending more money without an adequate offer of proof would be a miscarriage of justice. The time is ripe for the Court to decide whether there is sufficient evidence for this case to continue against Mr. Blakeman.

## V.     THE INFORMATION SOUGHT IS BASED ON SPECULATION

"Plaintiffs request that all of Defendants' motions be denied," but do not provide any reason other than their hunch that the "specific discovery … will show direct evidence of both actual violence and the conspiracy in support." See, Motion, EFC No. 397, p. 1:12-22. This statement is based on pure speculation.

First, this is no longer a class action lawsuit; certification was denied. See, EFC No. 225. So, it is unclear what "violence" plaintiffs believe they will discover. The only events that are relevant are those that happened to themselves (none of which, by the way, were violent). Surely, they would have personal knowledge of any violence

6
**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 56(d) MOTION**

the defendants committed against them. Plaintiffs are not acting on behalf of anybody else. They are not class representatives. So, even if the records uncovered violence committed on another, it is not relevant to this case. The records would have to point directly to a conspiracy that was acted out against Mr. Spencer, Ms. Reed or the Costal Rangers *and* resulted in a wrongful act. Plaintiffs have made no showing that the discovery requested would support such a finding.

Second, plaintiffs' case against Mr. Blakeman consists solely of Mr. Spencer's claim that Mr. Blakeman surfed too close to him on one occasion and Ms. Reed's claim that Mr. Blakeman videotaped her at the patio structure at Lunada Bay when defendant Alan Johnston opened a can of beer that sprayed some drops on her arm. See, Blakeman's MSJ, EFC No. 284, at p. 4. Both of these instances occurred on January 29, 2016. Plaintiffs has not provided any evidence that the cell phone records from co-defendants or from city officials would support a finding that Mr. Blakeman did or conspired to do anything wrongful.

Third, plaintiffs overreaching speculation is best displayed with the following statement: "Each and every cell phone text is *likely* to implicate one or more Defendants in the conspiracy." See, Motion, p. 3:8-9. "The meaning of the word 'speculative' depends on the context, and the concept of speculative-ness naturally involves a matter of degree." *Green v. Secretary of Corrections*, 2015 WL 5544831, at *2 [C.D. Cal. 2015]. To say that telephone records that plaintiffs have never seen are "likely" to implicate "one or more" defendants is a high degree of speculation and an even higher degree of vagueness.

Moreover, plaintiffs'' statement is untrue. Mr. Blakeman's cell phone records were produced by the City and there were no records that implicated him in a conspiracy or any wrong doing whatsoever. Some of the other co-defendants' records were produced and, still, there is no evidence implicating Mr. Blakeman. Again, to argue "each and every" text is "likely" to implicate "one or more" defendants is the pinnacle of speculation and is not sufficient to delay or deny the pending MSJs.

7
**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 56(d) MOTION**

the defendants committed against them. Plaintiffs are not acting on behalf of anybody else. They are not class representatives. So, even if the records uncovered violence committed on another, it is not relevant to this case. The records would have to point directly to a conspiracy that was acted out against Mr. Spencer, Ms. Reed or the Costal Rangers *and* resulted in a wrongful act. Plaintiffs have made no showing that the discovery requested would support such a finding.

Second, plaintiffs' case against Mr. Blakeman consists solely of Mr. Spencer's claim that Mr. Blakeman surfed too close to him on one occasion and Ms. Reed's claim that Mr. Blakeman videotaped her at the patio structure at Lunada Bay when defendant Alan Johnston opened a can of beer that sprayed some drops on her arm. See, Blakeman's MSJ, EFC No. 284, at p. 4. Both of these instances occurred on January 29, 2016. Plaintiffs has not provided any evidence that the cell phone records from co-defendants or from city officials would support a finding that Mr. Blakeman did or conspired to do anything wrongful.

Third, plaintiffs overreaching speculation is best displayed with the following statement: "Each and every cell phone text is *likely* to implicate one or more Defendants in the conspiracy." See, Motion, p. 3:8-9. "The meaning of the word 'speculative' depends on the context, and the concept of speculative-ness naturally involves a matter of degree." *Green v. Secretary of Corrections*, 2015 WL 5544831, at *2 [C.D. Cal. 2015]. To say that telephone records that plaintiffs have never seen are "likely" to implicate "one or more" defendants is a high degree of speculation and an even higher degree of vagueness.

Moreover, plaintiffs'' statement is untrue. Mr. Blakeman's cell phone records were produced by the City and there were no records that implicated him in a conspiracy or any wrong doing whatsoever. Some of the other co-defendants' records were produced and, still, there is no evidence implicating Mr. Blakeman. Again, to argue "each and every" text is "likely" to implicate "one or more" defendants is the pinnacle of speculation and is not sufficient to delay or deny the pending MSJs.

7

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 56(d) MOTION**

## VI. THE DISCOVERY SOUGHT WOULD NOT SUPPORT CONSPIRACY

Under California law, "civil conspiracy is so easy to allege, plaintiffs have a weighty burden to prove it." *Choate , supra,* 86 Cal.App.4th at 333 (2000). "They must show that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it." *Id*. It is not enough that the alleged conspirators knew of an alleged wrongful or even were there when it happened, "they must agree-expressly or tacitly-to achieve it." *Id.*

It must be noted that plaintiffs are only seeking cell phone records from other parties. Plaintiffs fail to explain how other parties' records would implicate Mr. Blakeman in a "meeting of the minds" when there is no such evidence of receiving or sending any texts or messages supporting a conspiracy on his own phone. Plaintiffs' theory is that these records "can implicate either one, a subset, or all of the Defendants … depending on whom [sic] is texting and whom [sic] is receiving the text." See, EFC No. 398, Wolf Decl. ¶6. Given this logic, which is the only explanation provided, plaintiffs should already have the desired evidence on Mr. Blakeman's phone, if it existed. The problem plaintiffs are having is that no conspiracy existed and, if there was one, Mr. Blakeman was certainly not a part of it.

For example, in opposition to defendants' summary judgment motion, plaintiffs introduce Ex. 39 – cell phone records from co-defendant Mr. Lee. EFC No. 395-3. Plaintiffs claim that a conspiracy exists because there were "62 calls from Defendant Lee to [Mr. Blakeman], within a 30-minute span, on the day [January 29, 2016] Plaintiffs both visited Lunada Bay." However, a close look at Ex. 39 shows that this "30-minute span" was at night, between 21:30 and 22:03 [9:30 p.m. and 10:03 p.m.]. *Id.* at p. 5-6 [Blakeman's cell number ended in 3917.] Obviously, this was *after* the plaintiffs visited Lunada Bay earlier that day. Evidence of conspiracy must be *before* the event, not after. Plaintiffs have no evidence linking Mr. Blakeman to any conspiracy to commit any illegal act.

8

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 56(d) MOTION**

"The courts which have denied a Rule 56(f) [predecessor to 56(d)] application for lack of sufficient showing to support further discovery appear to have done so where it was clear that the evidence sought was almost certainly nonexistent or was the object of pure speculation." *VISA Intern. Service Ass'n v. Bankcard Holders of America*, 784 F.2d 1472, 1475–76 (9th Cir. 1986). Just like plaintiffs falsely claim the "62 calls" made from Mr. Lee to Mr. Blakeman *after* both plaintiffs visited the Lunada Bay support a conspiracy, plaintiffs speculatively claim the remaining phone records will support a conspiracy. This offer of proof fails to justify a delay in the Court's hearing and presumably granting Mr. Blakeman's motion for summary judgment for failure to provide evidence he engaged in any illegal act, either in furtherance of a conspiracy or on his own.

## VII.  CONCLUSION

For all the foregoing reasons, defendant Brant Blakeman respectfully requests this court deny plaintiffs' request for administrative relief under Rule 56(d).

Dated: August 15, 2017          **VEATCH CARLSON, LLP**

                                By: /s/ John E. Stobart
                                    JOHN E. STOBART
                                    Attorneys for Defendant,
                                    BRANT BLAKEMAN

Dated: August 15, 2017          **BUCHALTER NEMER**

                                By: /s/ Robert S. Cooper
                                    ROBERT S. COOPER
                                    Attorneys for Defendant,
                                    BRANT BLAKEMAN

9
**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 56(d) MOTION**