Peter T. Haven (SBN 175048)
HAVEN LAW
1230 Rosecrans Avenue, Suite 300
Manhattan Beach, California 90266
Tel: (213) 842-4617
Fax: (213) 477-2137
Email: peter@havenlaw.com

Attorney for Defendant
MICHAEL R. PAPAYANS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation;<br><br>                Plaintiffs,<br><br>    v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1 – 10,<br><br>                Defendants. | Case No. 2:16-cv-02129-SJO-RAO<br><br>**OPPOSITION BY DEFENDANT MICHAEL PAPAYANS TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Fed. Rules Civ. Proc., Rule 56(d)]<br><br>Date:      September 5, 2017<br>Time:    10:00 a.m.<br>Place:   Courtroom 10C<br>           350 W. 1st Street<br>           Los Angeles, California 90012<br><br>Hon. S. James Otero<br><br>[*Concurrently Filed*: Declaration of Peter T. Haven with Exhibits] |

Defendant Michael R. Papayans ("Papayans") submits this Opposition to the Motion for Administrative Relief filed by Plaintiffs Cory Spencer, Diana Milena Reed, and Coastal Protection Rangers, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF OPPOSITION

In March 2017, Defendant Michael Papayans responded to Plaintiff Corey Spencer's request for production of documents and produced documents.  In April, Plaintiff's counsel and Defendant's counsel met and conferred in person regarding the responses and production.   During the meeting, Defendant's counsel advised Plaintiff's counsel that one of the Defendant's prior cell phones had been taken into evidence by the district attorney and investigators in another, unrelated proceeding. In May, Plaintiff's counsel advised that he had spoken with the district attorney, who indicated the phone could be released pursuant to a stipulated order, and Defendant's counsel agreed.  In June, Plaintiff's counsel forwarded a proposed stipulation and order, and the parties modified and finalized the terms.

On July 12, the Magistrate Judge approved the stipulated order.  The stipulated order provided that the Defendant's cell phone would be submitted to the Defendant's retained forensic consultant for information extraction, the parties would then agree on proposed search parameters, and Defendant's counsel would then have five (5) days after receiving an extraction report to review and produce responsive information or assert appropriate objections.  Exhibit 9, Order.

Plaintiff's counsel handled all communications with the district attorney.

The phone was delivered to Defendant's consultant on August 1, and on Friday, August 4, Plaintiff's counsel submitted proposed search parameters consisting of some 114 alleged names, some 114 telephone numbers, and a "partial" list of some 54 email addresses.  *See*, *infra*, pp. 6-9.

Given these broad proposed search parameters, it would take at least a business day (if not more) to generate any extraction report, and Defendant would then have five (5) days after receipt to review any such report prior to any actual

**DEFENDANT PAPAYANS' OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF**

1   production and/or assert appropriate objections.  Under any scenario, any production

2   would have taken place well after the Monday, August 7 discovery cutoff.

3         Defendant's consultant, however, was unable to access the phone, despite

4   repeated unsuccessful attempts during the week of August 7 through 11.  Defendant

5   cooperated during this process, supplied multiple pin codes, and attempted to access

6   the device by thumb-print recognition.  Defendant's consultant recommended

7   sending the phone to a New Jersey-based provider, but Defendant's counsel was not

8   comfortable sending the device to the east coast for a period of weeks.

9         On August 14, Defendant's counsel contacted a Los Angeles third-party

10  provider requested by Plaintiff, Setec Invetigations ("Setec").  After receiving

11  assurances from Setec that it would comply with the stipulated order calling for

12  Defendant to review any information prior to production, <u>Defendant's counsel</u>

13  <u>retained Setec on August 15 and has now arranged to send the phone to Setec for</u>

14  <u>attempted extraction</u>.  It is not clear when or if Setec will access the phone.  If

15  accessible, Defendant's counsel will still have five (5) days after receipt of any

16  extraction report to review and assert objections prior to any production.

17        Even if the phone was immediately accessible, no production would have

18  been possible prior to the August 7 discovery cutoff, due to, among other things,

19  Plaintiff's broad search parameters submitted on Friday, August 4.  Plaintiff has not

20  met the burden of showing an entitlement to administrative relief.  If the Court,

21  however, is inclined to grant Plaintiffs' motion for administrative relief, Defendant

22  requests that Defendant's summary judgment motion be continued.

23

24  **II.    FACTS**

25        **A.    <u>The Agreement for the Stipulated Production of the Cell Phone</u>**

26        On March 20, 2017, Defendant Papayans served document production

27  responses which complied with Rule 34 of the Federal Rules of Civil Procedure.

28

**DEFENDANT PAPAYANS' OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF**

1  *See* Rule 34(a)(1) (documents under the party's "possession, custody, or control.");

2  Rule 34(b)(2)(B) ("the response must either state that inspection and related

3  activities will be permitted as requested or state with specificity the grounds for

4  objecting to the request, including the reasons.").  On March 24, Defendant's

5  counsel also produced, among other things, a telephone extraction report for the

6  time period from January 2017 to the production date.  *See* concurrently filed

7  Declaration of Peter T. Haven ("Haven Decl."), Exhibit 1.

8      On April 7, Plaintiff's counsel Victor Otten sent a meet-and-confer letter

9  requesting an in-person meeting by April 17.  Haven Decl., Exhibit 2.  On April 17,

10  Defendant Papayans' counsel met with Mr. Otten in-person at Mr. Otten's office.

11  During that meeting, Defendant Papayans' counsel advised Mr. Otten that the

12  telephone extraction report began in January 2017, because Defendant Papayans had

13  two prior cell phones, one of which was lost in January 2017, and another which

14  was taken into evidence by the Los Angeles Police Department ("LAPD") and/or

15  District Attorney's ("DA") office in approximately February 2016.

16      On May 4, Mr. Otten emailed that he had contacted the DA, and the DA

17  would release the phone pursuant to a stipulated order.  *Id.*, Exhibit 3, p. 2.

18      On May 12, Defendant's counsel also produced 83 pages of Mr. Papayans'

19  cell phone billing invoices from Oct. 7, 2015, through May 6, 2016 (covering dates

20  of service from around Sep. 9, 2015, through Mar. 13, 2016).  *Id.*, Exhibit 3, p. 1.

21      On May 15, Defendant's counsel agreed to stipulate to a cell-phone order,

22  with the phone released to the Defendant's retained consultant, Meridian Discovery.

23  *Id.*, Exhibit 3, p. 1.   The purpose of turning the phone over to the Defendant's

24  consultant was to allow Defendant to review the information prior to any

25  production, and, if necessary screen and object to any irrelevant, private, and/or

26  otherwise non-responsive documents.  On May 15, Defendant's counsel asked

27  Plaintiffs' counsel to "Please send me a proposed Stipulation."  *Id.*, Exhibit 3, p. 1.

28

**DEFENDANT PAPAYANS' OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF**

1    Over three weeks later, on June 8, Plaintiff's counsel sent a proposed

2  Stipulation and Order.  *Id*., Exhibit 4.  On June 15 and 19, Defendant's counsel

3  made proposed revisions, and on June 23, Plaintiff's counsel made further proposed

4  revisions.  *Id*., Exhibit 5.

5    On June 27, Defendant's counsel *signed* the proposed Stipulation and Order

6  and sent it back to Plaintiff's counsel.  *Id*., Exhibit 6.   On June 29, Plaintiff's

7  counsel made further changes, and on July 3 Defendant's counsel *again signed* and

8  sent the proposed Stipulation and Order back to Plaintiff.  *Id*., Exhibit 7.

9    On July 10, the Magistrate Judge requested Plaintiffs' counsel to email to the

10 Magistrate a Word version of the proposed Stipulation.  *Id*., Exhibit 8.  Plaintiff's

11 counsel's response email stated, "Sorry for the delay."  *Id*.

12

13    **B.    The Stipulated Order**

14    On July 12, the Magistrate signed the proposed Order.  *Id*., Exhibit 9.

15 Among other things, the stipulated Order stated that information would be extracted,

16 and then the parties would agree on search parameters:

17    Once preservation is complete, using parameters and instructions

18    agreed upon by the parties and provided to Meridian by Papayans'

19    counsel, Peter Haven, Meridian will perform search and filtering to

20    locate potentially responsive documents in the extracted data. These

21    documents will be provided to Mr. Haven for review.

22    Upon receipt of the information from Meridian, Mr. Haven

23    and his client shall have 5 days to review the information, assert

24    any appropriate objections and/or any appropriate "CONFIDENTIAL"

25    designation under the Protective Order, and produce non-objectionable

26    data or documents that are responsive to the Request for Production of

27    Documents.

28

**DEFENDANT PAPAYANS' OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF**

1  *Id*., Exhibit 9, p. 2, l. 25 – p. 3, l. 1 (emphases added). Thus, the parties would have

2  to agree on search parameters and Defendant's counsel would have five (5) days

3  after receipt of an extraction report to review for objections prior to any production.

4  The stipulated order also called for Meridian to return the phone to the LAPD upon

5  completion.  *Id*., p. 3, ll. 2-3.

6

7  ### C.      Plaintiffs' August 4th Proposed Search Parameters

8  Defendant's counsel did not communicate with or contact the DA or LAPD.

9  Plaintiffs' counsel handled *all* communications with the DA and/or LAPD.

10  On August 1, the phone was delivered to Meridian, but Defendant's counsel

11  did not learn of the delivery until August 2.  On the afternoon of August 2, Meridian

12  requested pin information to access the phone, which was supplied.

13  On August 3, Defendant's counsel asked Plaintiffs' counsel to consider

14  proposed search paramaters pursuant to the Stipulated Order.  Defendant's counsel

15  anticipated that Plaintiffs' counsel would submit a reasonably tailored set of

16  proposed search parameters.

17  On August 4, however, Plaintiffs' counsel, for the first time, sent broad

18  proposed search parameters consisting of an estimated 114 alleged names, an

19  estimated 114 telephone numbers, and a "partial list" of some 54 email addresses:

20

21  "In an effort to make your job of reviewing the material prior to

22  production easier here is a list of names:"

23

24  ADAMS, BO          ROCCA                      KENT, MIKE
     ANT                SANDOVAL, MATIAS (DENIM)   KINION, DOUG
25  ANTHONY BEUKEMA    Skelton, Keenan            KURT ZIMMERMAN
     ARICO, MARK        SNIPS                      LEVY, EVAN
26  B MAN              STAFFORD, ZACK             LOGAN,
     BACON, ROBERT      STRONG                     LOSI CELL
27  BARK, JOE          SULLY, JAMES               MASON, MARSHALL

28

6

| | | | |
|---|---|---|---|
| 1 | BEATTY, CHAD | SULY, JAMES | MEEK, BEN |
| 2 | BEAUKEMA, CHARLEY | THIEL, MICHAEL | MILLER, ADAM |
| | BENNETT, BROOKS | VAN DINE, SEAN | PAPAYANS, |
| 3 | BINGMAN | WEEKLEY, JAN | MICHAEL(HOME) |
| | BINGMAN HOME | (ADRIENNE) | PAPAYANS, MICHELLE |
| 4 | Brian Whitten | ANDY CROFT | PATCH, ANDY |
| | Bruce Vail Rorty | ANORGA, CARLOS | RAY WERNER? |
| 5 | CAMPLIN, JESSE | APAYANS, MICHAEL S | RIGGLER |
| | CAMPLIN, JOHN | BABROS, PETER | RING, BRAD |
| 6 | CHILES, CHAD | BEAUKEMA, CHARLEY | SANDOVAL, NIC |
| | CHRI MOSS | BERNSTEIN, JOSH | SNELL |
| 7 | D BOY | BLAKEMAN, BRANT | STAFFORD, JASON |
| | DELMONT, RICK | BLAKEMAN, | STEPHEN CALDWELL |
| 8 | DORYON, ELYAH | BRANT(HOME) | STONER, JEFF |
| | DUTSON, JAY | BRENDAN | STRAETER, FRED |
| 9 | FAIRBROTHER, CHARLIE | BUCK, JASON | TOPS |
| 10 | FAIRBROTHER, STEVE | CALDWELL, MATT | Travers, Brad |
| | FELDY | CALDWELL, STEPHEN | URCHIN |
| 11 | FERRARA, FRANK | CAPPER, CHRISTIAN | WHITTEN, BRIAN |
| | FRIA | CHAIRMAN, Dan | Yoakley, David |
| 12 | GAVIN, TIM | CHIMMER | |
| 13 | GHALLAGER, COLM | Cobb, Austin | |
| | HILTON, DAVID | COHEN, IAN | |
| 14 | JESSUP | DEMARIA, DEVON | |
| | KAEMERLE, BILL | DUTSON, JAY | |
| 15 | KIP ROZZI | FERRARA, ANGELO | |
| | LAMERS, ERIC M | FERRARA, CHARLEY | |
| 16 | LEE, SANG | FERRARA, CHARLIE | |
| 17 | Logan | GODSYE, MICHAEL | |
| | LOVASZ, GYORGY | GOPHER, JEFF | |
| 18 | LUCAS? (JALIEN RECORDS) | Gray, Alex | |
| | MELO, DAVID | HILTON, DAVID | |
| 19 | MOWAT, CHARLIE | HUGOBOOM, PAUL | |
| 20 | PAPAYANS, | JACK BARK | |
| | MICHAEL(HOME) OR | JACK BARK | |
| 21 | ZIMMERMAN | JESSE CAMPLIN | |
| | PAPS | JOHNSTON, ALAN | |
| 22 | PEREALT, JEAN | KAEMRLE, BILL? | |
| 23 | | | |

*Id.*, Exhibit 10, pp. 1-5.

  Plaintiff's proposed August 4th search parameters also included the following estimated 114 telephone numbers:

  "Here is a list of numbers:"

7

| | | |
|---|---|---|
| 310 755-8947 | 310 483-5143 | 310 291-7276 |
| 310 533-7717 | 310 953-5878 | 310 948-4273 |
| 310 213-1229 | 310 980-9561 | 310 405-1817 |
| 310 947-2918 | 310 593-1103 | 929 842-7208 |
| 310 877-6932 | 310 980-2059 | 310 462-9656 |
| 310 755-8947 | 213 447-7607 | 310 291-5981 |
| 310 293-9621 | 310 428-7571 | 310-383-2724 |
| 310 429-2463 | 310 809-9561 | 310-429-9028 |
| 310 612-2644 | 310 -418-6829 | 310 429-9028 |
| 310-291-1726 | 310 714-2621 | 310 346-0569 |
| 310 625-1457 | 310 647-6080 | 310 418-3303 |
| 310 951-4314 | 310 918-1212 | 310-377-3887 |
| 310 540-3812 | 310 947-0087 | 310 803-7317 |
| 310 -200-6122 | 310 722-7879 | 760 807-4855 |
| 310- 375-0776 | 310-480-3207 | 310 991-6703 |
| 310-346-0569 | 310 945-7222 | 310 951-9111 |
| 714 240-5102 | 310 251-2329 | 310 937-1833 |
| 310 903-2484 | 310 926-3906 | 310 467-3362 |
| 310 892-6376 | 310 463-8210 | 310 722-3422 |
| 310-421-7590 | 310-371-7763 | 310 903-3766 |
| 310 922-0503 | 310 541-5724 P | 808 268-0547 |
| 213 842-4935 | 310 -292-1179 | 310 -378-7978 |
| 805 534-8825 | 310-386-6790 | 310 792-9319 |
| 865 335-1527 | 310-351-8004 | 310-213-1505 |
| 310-489-5549 | 424 477-7934 | 310-259-4162 |
| 310 613-9593 | 310-377-3917 | 310 567-1767 |
| 310 753-1957 | 310 984-0907 | 310 503-3281 |
| 310 863-1958 | 310-383-2578 | 310 869-8418 |
| 424 241-0846 | 310 541-4588 | 310 874-6726 |
| 310 951-2110 | 310-316-1104 | 310 944-5005 |
| 310-291-5981 | 310 947-4772 | 310 619-4513 |
| 949 295-0111 | 310 408-0609 | 310 863-6442 |
| 949 493-3101 | 310 445-3365 | 310 498-2818 |
| 310 594-2460 | 310 847-0661 | 808 329-3972 |
| 310 985-4537 | 650 339-1711 | 310 704-7393 |
| 310 951-0699 | 310 753-5658 | 310 405-1817 |
| 808 937-1833 | 805 704-5452 | 310-200-6122 |
| 310 544-0737 | 310 947-2760 | 310- 963-6889 |

*Id*., Exhibit 10, pp. 5-9.

Plaintiff's proposed August 4 search parameters also included the following "partial" list of some 57 emails:

"Here is a partial list of emails:"

DEFENDANT PAPAYANS' OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF

1

2  ringersurfboards@hotmail.com      zendelrio@earthlink.net

3  roxygwen@charter.net             dj90274@yahoo.com
   cmowat@gmail.com                 joe@joebark.com

4  colm31136@earthlink.net          cstrong@bcws.com
   lbcontrolagency@gmail.com        olsusana@aol.com

5  davemelo2002@yahoo.com           jcbeukema@charter.net
   yoakswagon@yahoo.com             gwatts67@yahoo.com

6  derek.debraal@sbcglobal.net      michael.dempsey@abc.com

7  ericbinz@cox.net                 lademan@gmail.com
   geoff.dsena@turelk.com           brianwhitten1965@msn.com

8  gjehelkas@wisherservice.com      specificprod@earthlink.net
   jayduston@sbcglobal.net          gjahelka@swisherservices.com

9  joe@barkocean.com                croftconstruction@hotmail.com
   patchman@socal.rr.com            rwfriedman@yahoo.com

10 arthurrozzi@yahoo.com            jason.stafford@cox.net

11 me.griep@cox.net                 christian.capper@turelk.com
   mpaps@cox.net                    lunadabayhilton@gmail.com

12 woodyris@yahoo.com               davefisk@rocketmail.com
   peterb@remed.com                 pvsurf@pvsurfcamp.com

13 credondobeach@yahoo.com          darrylstolz@gmail.com
   ssfairbro@gmail.com              irwin5haps@cox.net

14 sullymusic@cox.net               dbabros@roadrunner.com
   sangdangdoodle@yahoo.com         ylee64@hotmail.com

15 bruce@turnerbuilt.com            artrozzi@dreambrands.net

16 jc2332@aol.com                   roxygwen@charter.net
   artrozzi@dreambrands.net         colm31136@earthlink.net

17 feeogle@yahoo.com                jc2332@aol.com
   mkent@farmersagent.com           joe@joebark.com

18 4bacons@cox.net

19 *Id*., Exhibit 10, pp. 9-11.

20

21      **D.    Unsuccessful Attempts to Access the Phone**

22      After Defendant's counsel sent an August 3 email to Plaintiffs' counsel

23 requesting search parameters, Meridian advised Defendant's counsel that it could

24 not access the phone.  Plaintiff's counsel later advised Defendant's counsel that the

25 DA's office had extracted information from the phone.  It was unclear to

26 Defendant's counsel if the DA extraction process had interfered with Defendant's

27 ability to access the phone.

28
                                          9

1    Defendant's counsel arranged for Defendant Papayans to meet with the
2    Meridian representative to try to access the phone.
3        That meeting took place at Defendant's counsel's office on Monday, August
4    7.  Defendant tried to access the phone by thumb-print recognition, which was his
5    prior method of access.  Defendant also supplied a number of pin codes, which were
6    not successful.  Defendant's counsel consulted with Meridian regarding other ways
7    to access the phone, but Meridian was concerned that other methods might cause
8    loss of information on the phone.  On August 10, Defendant again met with
9    Defendant's counsel and the Meridian representative to try additional pin codes
10   and/or to see if there was any other way to access the phone.  The phone could not
11   be accessed, and Meridian recommended sending the phone to Cellebrite, Inc. in
12   Parsippany, New Jersey.  Defendant's counsel did not want to send the phone to an
13   east-coast provider, and the stipulated order also indicated that Meridian was to
14   return the phone to the LAPD, which posed chain-of-custody concerns.
15       On August 10, Plaintiff's counsel stated, "the vendor who handled Defendant
16   Alan Johnston's phone had no trouble getting the information without a password.
17   Maybe we can send it there."  *Id*., Exhibit 11, p. 2.  On August 11, Defendant's
18   counsel replied and stated, "I do not know the service used on Johnston's phone,
19   …."  *Id*., p.1.  Plaintiff's counsel did not provide the vendor's name.
20        Defendant Johnson's counsel was away on vacation.  Late on Friday, August
21   11, Defendant Johnson's counsel advised that the vendor was "Setec" and he
22   provided a local number.  Defendant's counsel did not receive this information until
23   well after the close of business.
24       On Monday morning, August 14, Defendant's counsel communicated with a
25   Setec representative and learned that Setec had jointly worked with Plaintiffs and
26   Defendant Johnston.  Defendant's counsel needed to confirm that Setec would be
27   able to be retained by solely by Defendant's counsel and comply with the stipulated
28

**DEFENDANT PAPAYANS' OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF**

1 order requiring Defendant to review all information prior to any production.  After

2 receiving assurances, Defendant retained Setec on August 15 and has arranged for

3 Setec to access the phone for attempted extraction.

4

5 **III.    ARGUMENT**

6        A.    <u>**Plaintiffs Seek Broad Discovery after the Discovery Cutoff**</u>

7        Rule 56(d) of the Federal Rules of Civil Procedure provides:

8        If a nonmovant shows by affidavit or declaration that, for specified reasons, it

9        cannot present facts essential to justify its opposition, the court may:

10       (1) defer considering the motion or deny it;

11       (2) allow time to obtain affidavits or declarations or to take discovery; or

12       (3) issue any other appropriate order.

13       As shown by their August 4 broad proposed parameters, Plaintiffs are casting

14 a broad discovery net, not looking for specific "essential" facts.  Such a broad

15 discovery request could not have been completed prior to the August 7 discovery

16 cutoff, even if the phone was immediately accessible.  Plaintiff has not met the

17 burden of showing an entitlement to administrative relief.  If the Court, however, is

18 inclined to grant Plaintiffs' motion for administrative relief, then Defendant requests

19 that Defendant's summary judgment motion be continued.

20       Papayans also joins in the oppositions of all other Defendants.  *Vazquez v.*

21 *Central States Joint Bd.*, 547 F.Supp.2d 833, 867. (N.D.Ill. 2008).

22

23 DATED: August 15, 2017            HAVEN LAW

24

25                                   By:     /s/ Peter T. Haven
                                            Peter T. Haven
26                                          Attorney for Defendant
                                            MICHAEL R. PAPAYANS
27

28
**DEFENDANT PAPAYANS' OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF**