Peter T. Haven (SBN 175048)
HAVEN LAW
1230 Rosecrans Avenue, Suite 300
Manhattan Beach, California 90266
Tel: (213) 842-4617
Fax: (213) 477-2137
Email: peter@havenlaw.com

Attorney for Defendant
MICHAEL R. PAPAYANS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation;<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1 – 10,<br><br>　　　　　　　Defendants. | Case No. 2:16-cv-02129-SJO-RAO<br><br>**DECLARATION OF PETER T. HAVEN IN SUPPORT OF OPPOSITION BY DEFENDANT MICHAEL PAPAYANS TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF**<br><br>[Fed. Rules Civ. Proc., Rule 56(d)]<br><br>Date:　　September 5, 2017<br>Time:　　10:00 a.m.<br>Place:　　Courtroom 10C<br>　　　　　350 W. 1st Street<br>　　　　　Los Angeles, California 90012<br><br>Hon. S. James Otero |

I, Peter T. Haven, hereby state and declare:

1.　I am an attorney admitted to practice before this District Court and all Courts of the State of California. I am the attorney of record for Defendant Michael

---
**DECL. OF PETER T. HAVEN IN SUPPORT OF OPPOSITION TO MOTION FOR ADMIN. RELIEF**

R. Papayans ("Defendant" or "Papayans"). I have personal knowledge of the matters set forth herein such that if called upon to testify I could and would competently state as follows under oath.

2. I make this Declaration in support of Defendant Papayans' concurrently filed opposition to the motion for administrative relief filed by Plaintiffs Cory Spencer, Diana Milena Reed, and Coastal Protection Rangers, Inc.

3. On March 20, 2017, I served Defendant Papayans' document production responses. On March 24, I also produced, among other things, a telephone extraction report for Defendant Papayans' cell phone for the time period from January 2017 to the production date. A true and correct copy of my email to all counsel regarding the produced documents, which were attached to the email, is attached hereto as Exhibit 1.

4. On April 7, Plaintiff's counsel Victor Otten sent me a meet-and-confer letter requesting an in-person meeting by April 17. A true and correct copy of the letter is attached hereto as Exhibit 2. On April 17, I met with Mr. Otten in-person at Mr. Otten's office. During that meeting, I advised Mr. Otten that the telephone extraction report began in January 2017 (which was one of the issues raised in the meet-and-confer letter), because Defendant Papayans had two prior cell phones, one of which was lost in January 2017, and another which was taken into evidence by the Los Angeles Police Department ("LAPD") and/or District Attorney's ("DA") office in approximately February 2016.

5. On May 4, Mr. Otten emailed me that he had contacted the DA, and the DA would release the phone pursuant to a stipulated order. A true and correct copy of Mr. Otten's May 4 email is attached hereto as Exhibit 3, p. 2.

6. On May 12, I also produced 83 pages of Mr. Papayans' cell phone billing invoices from Oct. 7, 2015, through May 6, 2016 (covering dates of service from around Sep. 9, 2015, through Mar. 13, 2016). A true and correct copy of my

2
DECL. OF PETER T. HAVEN IN SUPPORT OF OPPOSITION TO MOTION FOR ADMIN. RELIEF

email to Plaintiffs' counsel regarding the production is attached hereto as Exhibit 3, p. 1.  The cell phone invoices were attached to the email and labeled MP1 to MP83.

7. On May 15, I sent an email to Plaintiffs' counsel agreeing to stipulate to a cell-phone order, with the phone released to our retained electronic discovery consultant, Meridian Discovery.  A true and correct copy of my May 15 email to Plaintiffs' counsel is attached hereto as Exhibit 3, p. 1.  The purpose of turning the phone over to our consultant was to allow me to review the information prior to any production, and, if necessary screen out and object to any irrelevant, private, privileged, and/or otherwise non-responsive documents.  My May 15 email asked Plaintiffs' counsel to "Please send me a proposed Stipulation."  Exhibit 3, p. 1.

8. Over three weeks later, on June 8, Plaintiff's counsel sent me a proposed Stipulation and Order.  A true and correct copy of Plaintiffs' email is attached hereto as Exhibit 4.  On June 15 and 19, I made some proposed revisions, and on June 23, Plaintiff's counsel made further proposed revisions.  Attached hereto as Exhibit 5 are true and correct copies of our email exchanges, including the June 23 request by Plaintiffs' counsel for further changes.  Exhibit 5, p. 1.

9. On June 27, I *signed* the proposed Stipulation and Order and sent it back to Plaintiff's counsel.  Attached hereto as Exhibit 6 is a true and correct copy of my June 27 email transmittal to Plaintiffs' counsel, which included my attached signed stipulation.  On June 29, Plaintiff's counsel made further changes, and on July 3, I once *again signed* and sent the proposed Stipulation and Order back to Plaintiff's counsel.  Attached hereto as Exhibit 7 are true and correct copies of Plaintiffs' counsel June 29 email with proposed changes, and my July 3 reply email with my signed stipulation attached once again.

10. On July 11, Plaintiffs' counsel copied me on his email reply to a July 10 request from the Magistrate Judge asking for a Word version of the proposed Stipulation.  Plaintiff's counsel's response email stated, "Sorry for the delay."  A

3
**DECL. OF PETER T. HAVEN IN SUPPORT OF OPPOSITION TO MOTION FOR ADMIN. RELIEF**

true and correct copy of this email is attached hereto as Exhibit 8.

11. Attached hereto as Exhibit 9 is a true and correct copy of the stipulated order entered by the Magistrate Judge on July 12. Among other things, the stipulated Order stated that information would be extracted, the parties would then agree on search parameters, and I would have five (5) days to review extracted information and assert any objections, prior to any production. The stipulated order also called for Meridian to return the phone to the LAPD upon completion. Exhibit 9, p. 2, l. 25 – p. 3, l. 3.

12. I did not communicate with or contact the DA or LAPD. Plaintiffs' counsel handled *all* communications with the DA and/or LAPD.

13. On August 1, the phone was delivered to Meridian, but I did not learn of the delivery until August 2. On the afternoon of August 2, Meridian requested pin information to access the phone, which I supplied after requesting information from my client.

14. Expecting that we would get access to the phone, on August 3, I asked Plaintiffs' counsel to consider and send me proposed search paramaters pursuant to the stipulated order. I anticipated that Plaintiffs' counsel would submit a reasonably tailored set of proposed search parameters. On August 4, however, Plaintiffs' counsel, for the first time, sent broad proposed search parameters consisting of an estimated 114 alleged names, an estimated 114 telephone numbers, and a "partial list" of some 54 email addresses. A true and correct copy of Plaintiff's counsel's August 4 email to me is attached hereto as Exhibit 10.

15. After I sent my August 3 email to Plaintiffs' counsel requesting proposed search parameters, Meridian's representative, Arman Gungor, advised me that he could not access the phone. I immediately arranged for Defendant Papayans to meet with the Meridian representative to try to access the phone. I later learned from Plaintiff's counsel that the DA's office apparently had extracted information

4
DECL. OF PETER T. HAVEN IN SUPPORT OF OPPOSITION TO MOTION FOR ADMIN. RELIEF

1  from the phone, which I did not know.  It was unclear to me if the DA extraction
2  process had interfered with our ability to access the phone.

3        16.    Mr. Papayans met with me and Mr. Gungor at my office on Monday,
4  August 7.  Mr. Papayans tried to access the phone by thumb-print recognition,
5  which he stated was his prior method of access.  He also supplied a number of pin
6  codes, which were not successful.

7        17.    I thereafter consulted with Mr. Gungor regarding other ways to access
8  the phone, but he raised concerns that various methods might cause loss of
9  information on the phone.  On August 10, Mr. Papayans again met with me and Mr.
10 Gungor at my office to try additional pin codes and/or to see if there was any other
11 way to access the phone.  The phone could not be accessed, and Meridian
12 recommended sending the phone to Cellebrite, Inc. in Parsippany, New Jersey.  I did
13 not, however, want to send the phone to an east-coast provider, and the stipulated
14 order also indicated that Meridian was to return the phone to the LAPD, which
15 posed chain-of-custody concerns.

16       18.    On August 10, Plaintiff's counsel stated to me in an email, "the vendor
17 who handled Defendant Alan Johnston's phone had no trouble getting the
18 information without a password. Maybe we can send it there."  A true and correct
19 copy of this August 10 email is attached hereto as Exhibit 11, p. 2.  On August 11, I
20 replied and stated, "I do not know the service used on Johnston's phone, …."  A true
21 and correct copy of my August 11 email is attached hereto as Exhibit 11, p. 1.
22 Plaintiff's counsel did not provide the vendor's name.

23       19.    Defendant Johnson's counsel, Patrick Carey, was away on vacation and
24 I tried to reach him.  Late on Friday, August 11, Mr. Carey advised me the vendor
25 they had used was "Setec" and he provided a local number.  I did not receive this
26 information until well after the close of business that Friday.
27 ///
28

20. On Monday morning, August 14, I communicated with a Setec representative and learned that Setec had jointly worked with Plaintiffs' cousnel and Defendant Johnston's counsel. At that time, I also realized and recalled that Plaintiff's counsel had previously mentioned Setec to me, and I believed that Plaintiffs may have previously retained Setec. Therefore, I needed to confirm with Seted that it would be able to be retained by solely by me with respect to the Defendant's phone and comply with the stipulated order requiring my review of all information prior to any production. After receiving assurances, I retained Setec on August 15, and I have now arranged to have them receive and try to access the phone.

21. I do not know when or if Setec will be successful. If they are successful, I do not how long it will take to search Plaintiff's broad proposed parameters. Thereafter, I will still have five (5) days to review any information and assert any appropriate objections prior to any production.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 15, 2017, at Manhattan Beach, California.

                                            /s/ Peter T. Haven
                                            Peter T. Haven