_Cory Spencer, etc., et al. v. Lunada Bay Boys, etc., et al._

Case No. 2:16-cv-02129-SJO-RAO

# Exhibit 1

| | |
|---|---|
| **Subject:** | Re: Lunada - Proposed Protective Order - Document Production |
| **From:** | Peter Haven (peter@havenlaw.com) |
| **To:** | SWolff@hansonbridgett.com; fields@MARKFIELDSLAW.COM; tera.lutz@lewisbrisbois.com; Edward.Ward@lewisbrisbois.com; pat@patcareylaw.com; tphillips@thephillipsfirm.com; mvoss@thephillipsfirm.com; rcooper@buchalter.com; Jworgul@veatchfirm.com; rdieffenbach@veatchfirm.com; pau@bremerwhyte.com; egaisford@bremerwhyte.com; Jacob.Song@KutakRock.com; Ed.Richards@kutakrock.com; Antoinette.Hewitt@KutakRock.com; |
| **Cc:** | vic@ottenlawpc.com; kfranklin@hansonbridgett.com; |
| **Date:** | Friday, March 24, 2017 5:23 PM |

Samantha
Thank you for sending this revised Proposed Protective Order, which I approve.

Also attached are documents that I am producing on behalf of Michael Papayans.
The first item is an Excel spreadsheet which I am designating as **CONFIDENTIAL** pursuant to and in anticipation of the Protective Order.

Thank you.

---

**From:** Samantha Wolff <SWolff@hansonbridgett.com>
**To:** Mark C. Fields <fields@MARKFIELDSLAW.COM>; "'tera.lutz@lewisbrisbois.com'" <tera.lutz@lewisbrisbois.com>; "'Edward.Ward@lewisbrisbois.com'" <Edward.Ward@lewisbrisbois.com>; "'pat@patcareylaw.com'" <pat@patcareylaw.com>; "'peter@havenlaw.com'" <peter@havenlaw.com>; Thomas M. Phillips <tphillips@thephillipsfirm.com>; "'mvoss@thephillipsfirm.com'" <mvoss@thephillipsfirm.com>; "Cooper, Robert S. (rcooper@buchalter.com)" <rcooper@buchalter.com>; "'Jworgul@veatchfirm.com' (Jworgul@veatchfirm.com)" <Jworgul@veatchfirm.com>; "'rdieffenbach@veatchfirm.com'" <rdieffenbach@veatchfirm.com>; "'pau@bremerwhyte.com'" <pau@bremerwhyte.com>; Eileen Gaisford <egaisford@bremerwhyte.com>; "'Song, Jacob (Jacob.Song@KutakRock.com)'" <Jacob.Song@KutakRock.com>; "'Ed.Richards@kutakrock.com'" <Ed.Richards@kutakrock.com>; "'Hewitt, Antoinette P. (Antoinette.Hewitt@KutakRock.com)'" <Antoinette.Hewitt@KutakRock.com>
**Cc:** Victor Otten <vic@ottenlawpc.com>; Kurt A. Franklin <kfranklin@hansonbridgett.com>
**Sent:** Tuesday, March 21, 2017 3:29 PM
**Subject:** RE: Lunada - Proposed Protective Order

All,

Attached is the revised protective order, including a designation for information that is AEO. It wasn't as simple as adding a paragraph since various procedures throughout the order are implicated by the additional designation. We tracked the changes so you could review all new additions. Please let us know if you approve of this revised version.

Sincerely,
Samantha

**From:** Mark C. Fields [mailto:fields@MARKFIELDSLAW.COM]
**Sent:** Tuesday, March 7, 2017 10:46 AM
**To:** Samantha Wolff <SWolff@hansonbridgett.com>; 'tera.lutz@lewisbrisbois.com' <tera.lutz@lewisbrisbois.com>; 'Edward.Ward@lewisbrisbois.com' <Edward.Ward@lewisbrisbois.com>; 'pat@patcareylaw.com' <pat@patcareylaw.com>; 'peter@havenlaw.com' <peter@havenlaw.com>; Thomas M. Phillips <tphillips@thephillipsfirm.com>; 'mvoss@thephillipsfirm.com' <mvoss@thephillipsfirm.com>; Cooper,

Please let me know whether you approve of this order or have any questions or requested edits at your earliest convenience.  Because Plaintiffs must provide witness contact information by Wednesday, we would like to have this protective order in place before then.

Thank you.

Sincerely,
Samantha

---

**Samantha Wolff**
**Partner**
Hanson Bridgett LLP
(415) 995-5020 Direct                    http://remote.hansonbridgett.com/images/email/HB-
(415) 995-3547 Fax                        logo-signature.gif
swolff@hansonbridgett.com

 

---

This communication, including any attachments, is confidential and may be protected by privilege. If you are not the intended recipient, any use, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by telephone or email, and permanently delete all copies, electronic or other, you may have.

The foregoing applies even if this notice is embedded in a message that is forwarded or attached.

---

## Attachments

- Papayans.Doc.Excel.Report.xlsx (27.67KB)
- Papayans.Dsc.Docs.Produced(3.24.17).pdf (12.41MB)

_Cory Spencer, etc., et al. v. Lunada Bay Boys, etc., et al._

Case No. 2:16-cv-02129-SJO-RAO

# Exhibit 2

# OTTEN LAW, PC

## ATTORNEYS

---

April 7, 2017

Email: peter@havenlaw.com and Regular Mail
Peter Haven, Esq.
HAVEN LAW
1230 Rosecrans Avenue, Suite 300
Manhattan Beach, CA 90266

Re:   Cory Spencer, et al. vs. Lunada Bay Boys, et al.
      Case No. 2:16-cv-02129-SJO-RAO

Dear Mr. Haven,

We are in receipt of your client's responses to Plaintiff Cory Spencer's First Request for Production of Documents. This letter is our request pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Central District of California to meet at my office within the next 10-days in a good faith effort to eliminate or narrow the issues raised in this letter. (*See*, L.R. 37-1 and Fed. R. Civ. P. 37(a)(2)(A),(B)).

What follows is a brief overview of the problems that we have with your client's responses. Your client's responses to Requests Nos. 4, 5, 6, 39, 40, 41, 42, 48, 51, 54, 55, and 58-61 simply assert boilerplate and generalized objections that the requests are vague, ambiguous, or overly broad which are insufficient (*Burlington N. & Santa Fe Ry. v. United States Dist. Court* (9th Cir. 2005) 408 F3d 1142, 1149; *EEOC v. Safeway Store, Inc*. (ND Cal 2002) 2002 US Dist LEXIS 25200, at *4–*5). Parties, however, may make specific, fact-based objections in this regard (*see, e.g., Caliper Techs. Corp. v. Molecular Devices Corp*. (ND Cal 2003) 213 FRD 555, 558 (responding party claimed that document request was overbroad)).

Some of your client's responses assert the attorney client and work product privileges, but you have failed to produce a privilege log. Parties withholding documents are required to identify and describe the documents in sufficient detail to enable the demanding party "to assess the applicability of the privilege or protection." (Fed. R. Civ. P. 26(b)(5); *Ramirez v. County of Los Angeles* (CD CA 2005) 231 F.R.D. 407, 410—failure to provide sufficient information may constitute waiver of privilege) The party who withholds discovery materials must provide sufficient information (i.e., a privilege log) to enable the other party to evaluate the applicability of the privilege or protection. Id.; see also *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.1992). Failure to provide sufficient information may constitute a waiver of the privilege. See *Eureka Fin. Corp. v. Hartford Accident & Indem. Co*., 136 F.R.D. 179, 182-83 (E.D.Cal.1991)

---

Peter Haven, Esq.
HAVEN LAW
April 7, 2017
P a g e | **2**

(a "blanket objection" to each document on the ground of attorney-client privilege with no further description is clearly insufficient).

Finally, it seems that your client has invented a new objection that the request "seeks re-production of documents that have already been produced in this action." If you client is withholding documents that are in his possession, custody or control because they have been previously produced in this litigation, you need to state in each response what those documents are, the Bates numbers associated with each document and who produced them.

REQUEST FOR PRODUCTION NO 4:

Any COMMUNICATIONS with PERSONS who are interested in protecting Lunada Bay from use by NON-LOCALS.

Objections: This request is vague, ambiguous, overbroad, not relevant, not likely to lead to the discovery of admissible evidence, and is oppressive and burdensome.

Your client's objections that the request is vague and ambiguous is inappropriate. Fed. R. Civ. P. 34(b)(1)(A) requires a request for production to describe an item "with reasonable particularity." Request No. 4 seeks "any COMMUNICATIONS with PERSONS who are interested in protecting Lunada Bay from use by NON-LOCALS." There is nothing vague or ambiguous about the meaning of this demand. We know that your client was engaged in the exchange of text messages related to protecting Lunada Bay from use by non-locals. If there is something that you feel needs clarification about the wording of this request, that needs to be specifically set forth in the objection.

You have failed to set forth any fact-based objections which makes these objections improper.

REQUEST FOR PRODUCTION NO 5:

Any text messages with surfers who regularly surf, or have regularly surfed, Lunada Bay.

Objections: This request is overbroad, not relevant, not likely to lead to the discovery of admissible evidence, and is oppressive and burdensome.

You have failed to set forth any fact-based objections which makes these objections improper. Regarding your objection that the demand is not relevant; while irrelevance is a ground to object to a request, it should be stated clearly and a bare assertion that the discovery requested is irrelevant is ordinarily insufficient to bar production. The responding party must justify its objection by stating why the information is irrelevant (see, *Collins v. JC Penney Life Ins. Co.* (SD Cal 2003) 2003 US Dist LEXIS 8455, at *6).

Peter Haven, Esq.
HAVEN LAW
April 7, 2017
P a g e | **3**

REQUEST FOR PRODUCTION NO 7:

Any text messages and/or records of phone calls with a co-defendant in this matter.

Response: Responding Party will comply to the extent Responding Party has responsive documents. Discovery and investigation are continuing.

Your client produced a spreadsheet which lists only 11 MMS messages from January 12, 2017 to February 25, 2017 and 34 SMS text messages from January 12, 2017 to March 11, 2017. We, however, know that there was at least one text message on February 5, 2016 from Charley Mowat to several people including your client and defendant Blakeman which you have not included in the response. Furthermore, there is no explanation why your client's response only contains messages from 2017.

REQUEST FOR PRODUCTION NOS 13, 31 and 35:

Any text messages and/or records of a phone call with Charlie Mowat, David Yoakely and Tom Sullivan.

Response: Responding Party will comply to the extent Responding Party has responsive documents. Discovery and investigation are continuing.

Your client failed to produce any text messages with Mr. Mowat and Mr. Yoakely. The records of SMS and MMS that were produced in response to Mr. Sullivan are from the year 2017. We, however, know that there was at least one text message on February 5, 2016 from Charley Mowat to several people including your client which you have not included in the response. Furthermore, there is no explanation why your client's response only contains messages from 2017.

REQUEST FOR PRODUCTION NO. 39:

Any and all DOCUMENTS REFERENCING surfers who regularly surf at Lunada Bay.

Objections: The request is vague, ambiguous, overbroad, not relevant, and not likely to lead to the discovery of admissible evidence; seeks documents protected by the attorney client and work product privileges; is oppressive and burdensome; and seeks re-production of documents that have already been produced in this action.

Your client's objection on the grounds that the request is vague and ambiguous is also inappropriate. Fed. R. Civ. P. 34(b)(1)(A) requires a request for production to describe an item "with reasonable particularity," which all abovementioned RFP does. For example, Request No. 39 seeks "any COMMUNICATIONS with PERSONS who are interested in protecting Lunada Bay from use by NON-LOCALS." There is nothing vague or ambiguous about the meaning of this

Peter Haven, Esq.
HAVEN LAW
April 7, 2017
P a g e | **4**

demand. If there is something that you feel needs clarification about the wording of this request, that needs to be specifically set forth in the objection.

REQUEST FOR PRODUCTION NO. 40:

Any and all DOCUMENTS REFERRING or RELATED TO NON-LOCALS at Lunada Bay.

Objections: The request is vague, ambiguous, overbroad, not relevant, and not likely to lead to the discovery of admissible evidence; seeks documents protected by the attorney client and work product privileges; is oppressive and burdensome; and seeks re-production of documents that have already been produced in this action.

Your client's objection the grounds that the request is vague and ambiguous is also inappropriate. Fed. R. Civ. P. 34(b)(1)(A) requires a request for production to describe an item "with reasonable particularity," which all abovementioned RFPs do. For example, Request No. 40 seeks "any COMMUNICATIONS with PERSONS who are interested in protecting Lunada Bay from use by NON-LOCALS." There is nothing vague or ambiguous about the meaning of this demand. If there is something that you feel needs clarification about the wording of this request, that needs to be specifically set forth in the objection.

You have failed to produce a privilege log. Parties withholding documents are required to identify and describe the documents in sufficient detail to enable the demanding party "to assess the applicability of the privilege or protection." (Fed. R. Civ. P. 26(b)(5); *Ramirez v. County of Los Angeles* (CD CA 2005) 231 F.R.D 407, 410—failure to provide sufficient information may constitute waiver of privilege) The party who withholds discovery materials must provide sufficient information (i.e., a privilege log) to enable the other party to evaluate the applicability of the privilege or protection. Id.; see also *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.1992). Failure to provide sufficient information may constitute a waiver of the privilege. See *Eureka Fin. Corp. v. Hartford Accident & Indem. Co*., 136 F.R.D. 179, 182-83 (E.D.Cal.1991) (a "blanket objection" to each document on the ground of attorney-client privilege with no further description is clearly insufficient).

Regarding your objection that the request is not relevant; while irrelevance is a ground to object to a request, it should be stated clearly and a bare assertion that the discovery requested is irrelevant is ordinarily insufficient to bar production. The responding party must justify its objection by stating why the information is irrelevant (see, *Collins v. JC Penney Life Ins. Co*. (SD Cal 2003) 2003 US Dist LEXIS 8455, at *6).

REQUEST FOR PRODUCTION NO. 41:

Any C0MMUNICATION with PERSONS who regularly surf at Lunada Bay, or who are considered locals at Lunada Bay.

Peter Haven, Esq.
HAVEN LAW
April 7, 2017
P a g e | 5

Objections: The request is vague, ambiguous, overbroad, not relevant, and not likely to lead to the discovery of admissible evidence; and is oppressive and burdensome.

Your client's objection the grounds that the request is vague and ambiguous is also inappropriate. Fed. R. Civ. P. 34(b)(1)(A) requires a request for production to describe an item "with reasonable particularity," which all abovementioned RFPs do. For example, Request No. 41 seeks "any COMMUNICATIONS with PERSONS who are interested in protecting Lunada Bay from use by NON-LOCALS." There is nothing vague or ambiguous about the meaning of this demand. If there is something that you feel needs clarification about the wording of this request, that needs to be specifically set forth in the objection.

Regarding your objection that the request is not relevant; while irrelevance is a ground to object to a request, it should be stated clearly and a bare assertion that the discovery requested is irrelevant is ordinarily insufficient to bar production. The responding party must justify its objection by stating why the information is irrelevant (see, *Collins v. JC Penney Life Ins. Co.* (SD Cal 2003) 2003 US Dist LEXIS 8455, at *6).

REQUEST FOR PRODUCTION NO. 48:

Any and all DOCUMENTS REFERRING or RELATED TO an incident occurring at Lunada Bay on January 20, 2014.

Objections: This request is overbroad, not relevant, and not likely to lead to the discovery of admissible evidence; seeks documents protected by the attorney client and work product privileges; is oppressive and burdensome; and/or seeks re-production of documents that have already been produced in this action.

You have failed to set forth any fact-based objections which makes these objections improper. Regarding your objection that the request is not relevant; while irrelevance is a ground to object to a request, it should be stated clearly and a bare assertion that the discovery requested is irrelevant is ordinarily insufficient to bar production. The responding party must justify its objection by stating why the information is irrelevant (see, *Collins v. JC Penney Life Ins. Co.* (SD Cal 2003) 2003 US Dist LEXIS 8455, at *6).

You have failed to produce a privilege log. Parties withholding documents are required to identify and describe the documents in sufficient detail to enable the demanding party "to assess the applicability of the privilege or protection." (Fed. R. Civ. P. 26(b)(5); *Ramirez v. County of Los Angeles* (CD CA 2005) 231 F.R.D 407, 410—failure to provide sufficient information may constitute waiver of privilege) The party who withholds discovery materials must provide sufficient information (i.e., a privilege log) to enable the other party to evaluate the applicability of the privilege or protection. Id.; see also *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir.1992). Failure to provide sufficient information may constitute a waiver of the privilege. See *Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*, 136 F.R.D. 179, 182-83 (E.D.Cal.1991)

Peter Haven, Esq.
HAVEN LAW
April 7, 2017
P a g e | 6

(a "blanket objection" to each document on the ground of attorney-client privilege with no further description is clearly insufficient).

Finally, it seems that your client has invented a new objection that the request "seeks re-production of documents that have already been produced in this action." If you client is withholding documents that are in his possession based upon the fact that they have been previously produced in this litigation, you need to state in each response what those documents are and who produced them.

REQUEST FOR PRODUCTION NO. 54:

Any text messages or records of phone calls from October 1, 2014 to present referencing NON-LOCALS seeking to surf or surfing at Lunada Bay."

Objections: The request is overbroad, not relevant, and not likely to lead to the discovery of admissible evidence, calls for speculation, and is oppressive and burdensome.

You have failed to set forth any fact-based objections which makes these objections improper. Boilerplate and generalized objections that the requests are vague, ambiguous, or overly broad which are insufficient (*Burlington N. & Santa Fe Ry. v. United States Dist*. Court (9th Cir. 2005) 408 F3d 1142, 1149; *EEOC v. Safeway Store, Inc*. (ND Cal 2002) 2002 US Dist LEXIS 25200, at *4–*5). Parties, however, may make specific, fact-based objections in this regard (see, e.g., *Caliper Techs. Corp. v. Molecular Devices Corp*. (ND Cal 2003) 213 FRD 555, 558 (responding party claimed that document request was overbroad)).

Regarding your objections that the demand is not relevant; while irrelevance is a ground to object to a request, it should be stated clearly and a bare assertion that the discovery requested is irrelevant is ordinarily insufficient to bar production. The responding party must justify its objection by stating why the information is irrelevant (see, *Collins v. JC Penney Life Ins. Co*. (SD Cal 2003) 2003 US Dist LEXIS 8455, at *6). This request is clearly relevant because we know that your client and several other people have communicated through text messaging referencing NON-LOCALS seeking to surf or surfing at Lunada Bay and their intentions to harass those visiting surfers

The request is not speculative because we know that your client either received or sent text messages that were response to the above requests on December 30, 2015, January 12 and 29, 2016, and February 5, 7, 13, 2016.

Peter Haven, Esq.
HAVEN LAW
April 7, 2017
P a g e | 7


As set forth above, this is our request to meet in person within 10-days at my office to discuss
these matters. We look forward to hearing from you soon.

Very truly yours,

OTTEN LAW, PC

Victor Otten, Esq.


Cc:     Kurt Franklin, Esq. (kfranklin@hansonbridgett.com)
        Samantha Wolff (SWolff@hansonbridgett.com)

_Cory Spencer, etc., et al. v. Lunada Bay Boys, etc., et al._

Case No. 2:16-cv-02129-SJO-RAO

# Exhibit 3

| | |
|---|---|
| **Subject:** | Re: discovery - cell phone records |
| **From:** | Peter Haven (peter@havenlaw.com) |
| **To:** | vic@ottenlawpc.com; |
| **Cc:** | kfranklin@hansonbridgett.com; SWolff@hansonbridgett.com; kavita@ottenlawpc.com; |
| **Date:** | Monday, May 15, 2017 10:35 AM |

Hi Vic.  Yes, we  are willing to stipulate to have the phone released to Meridian Discovery (www.meridiandiscovery.com).

Please send me a proposed Stipulation.  Thank you.

---

**From:** Victor Otten <vic@ottenlawpc.com>
**To:** Peter Haven <peter@havenlaw.com>
**Cc:** Kurt A. Franklin <kfranklin@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Kavita Tekchandan <kavita@ottenlawpc.com>
**Sent:** Friday, May 12, 2017 4:25 PM
**Subject:** RE: discovery - cell phone records

Peter,
We appreciate the records but need to resolve the text messages and other information on the phone. As I mentioned below, the police will release the phone to a company we agree on with a court order. Is your client willing to stipulate to that? As we have fast approaching trial date, we cannot wait on this. If your client is not willing to stip, we will set a hearing with the court.

Victor Otten, Esq.

# OTTEN LAW, PC

### ATTORNEYS

3620 Pacific Coast Hwy #100 | Torrance, California 90505
P (310) 378-8533 | F (310) 347-4225 | E  vic@ottenlawpc.com | W  www.ottenlawpc.com
This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Rosa  at 310-378-8533 if you need assistance.
Please consider the environment before printing this e-mail message.

**From:** Peter Haven [mailto:peter@havenlaw.com]
**Sent:** Friday, May 12, 2017 4:17 PM
**To:** Victor Otten <vic@ottenlawpc.com>
**Cc:** Kurt A. Franklin <kfranklin@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Kavita Tekchandan <kavita@ottenlawpc.com>
**Subject:** Re: discovery - cell phone records

Please see the attached Cell Phone records labeled MP1 to MP83

Thank you

**From:** Victor Otten <vic@ottenlawpc.com>
**To:** Peter Haven <peter@havenlaw.com>
**Cc:** Kurt A. Franklin <kfranklin@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Kavita Tekchandan <kavita@ottenlawpc.com>
**Sent:** Thursday, May 4, 2017 12:36 PM
**Subject:** discovery

Peter,

This is in follow-up to our meet and confer on April 17, 2017 regarding your client's responses to plaintiff's request for production of documents pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. (See, L.R. 37-1 and Fed. R. Civ. P. 37(a)(2)(A), (B)).

During our meeting, you represented that we would receive further responses to the discovery by the end of April. To date, we have not received any further responses. Please let me know the status on receiving the further responses.

Regarding the issue of your client's phone that was seized by the police shortly before his arrest last year, I meet with the assistant District Attorney who handled the criminal case last week when I was downtown on another case and explained to her that we needed the contents of the phone for a civil case and inquired how that could be arranged. She said that the police can turn the phone over pursuant to a court order. We briefly discussed the logistics involved.

My suggestion is that we stipulate to a court order where the phone is sent directly to Setec Investigations to have the contents copied. Once copied, Setec can arrange to have the phone returned to the police. We can stipulate to the handling of the data and a protective order like what was done with Mr. Carey. If this is acceptable to you, I can draft a stipulation for your review.

I will be in the office this afternoon should you wish to discuss this.
Vic

## OTTEN LAW, PC

### ATTORNEYS

3620 Pacific Coast Hwy #100 | Torrance, California 90505
P (310) 378-8533 | F (310) 347-4225 | E vic@ottenlawpc.com | W www.ottenlawpc.com

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Rosa at 310-378-8533 if you need assistance.

Please consider the environment before printing this e-mail message.

**Attachments**

_Cory Spencer, etc., et al. v. Lunada Bay Boys, etc., et al._

Case No. 2:16-cv-02129-SJO-RAO

# Exhibit 4

| Subject: | Stipulation re phonw |
|---|---|
| From: | Victor Otten (vic@ottenlawpc.com) |
| To: | peter@havenlaw.com; |
| Cc: | kfranklin@hansonbridgett.com; |
| Date: | Thursday, June 8, 2017 4:24 PM |

Hi Peter,

Attached is a draft stipulation and order related to release of Mr. Papayan's cell phone which is in the possession of the Los Angeles Police Department. Please review it and get back to me with any comments.

Regards,

Vic

# OTTEN LAW, PC
## ATTORNEYS

3620 Pacific Coast Hwy #100 | Torrance, California 90505

P (310) 378-8533 | F (310) 347-4225 | E  vic@ottenlawpc.com | W  www.ottenlawpc.com

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Rosa  at 310-378-8533 if you need assistance.

Please consider the environment before printing this e-mail message.

## Attachments

- Stipulation.docx (42.27KB)
- image001.png (13.42KB)

_Cory Spencer, etc., et al. v. Lunada Bay Boys, etc., et al._

Case No. 2:16-cv-02129-SJO-RAO

# Exhibit 5

**Subject:** RE: Proposed Revised Stipulation re phone

**From:** Victor Otten (vic@ottenlawpc.com)

**To:** peter@havenlaw.com;

**Cc:** kfranklin@hansonbridgett.com; SWolff@hansonbridgett.com; lpooley@hansonbridgett.com;

**Date:** Friday, June 23, 2017 1:30 PM

Peter,

Your revisions are fine. I have added the following to par 2 of the stip: "Within 2 business days of execution of this Stipulation…."

Vic

**From:** Peter Haven [mailto:peter@havenlaw.com]
**Sent:** Monday, June 19, 2017 9:02 AM
**To:** Victor Otten <vic@ottenlawpc.com>
**Cc:** Kurt A. Franklin <kfranklin@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Lisa M. Pooley <lpooley@hansonbridgett.com>
**Subject:** Proposed Revised Stipulation re phone

I put in the Order portion, and also made some small revisions.

Please review attached.  Thank you.

---

**From:** Victor Otten <vic@ottenlawpc.com>
**To:** Peter Haven <peter@havenlaw.com>
**Cc:** Kurt A. Franklin <kfranklin@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Lisa M. Pooley <lpooley@hansonbridgett.com>
**Sent:** Thursday, June 15, 2017 5:09 PM
**Subject:** RE: Stipulation re phonw

I don't see the order?

Victor Otten, Esq.

# OTTEN LAW, PC

### ATTORNEYS

3620 Pacific Coast Hwy #100 | Torrance, California 90505
P (310) 378-8533 | F (310) 347-4225 | E vic@ottenlawpc.com | W www.ottenlawpc.com
This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state

and Federal privacy laws. Thank you for your cooperation. Please contact Rosa  at 310-378-8533 if you need assistance.

Please consider the environment before printing this e-mail message.

**From:** Peter Haven [mailto:peter@havenlaw.com]
**Sent:** Thursday, June 15, 2017 2:22 PM
**To:** Victor Otten <vic@ottenlawpc.com>
**Cc:** Kurt A. Franklin <kfranklin@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Lisa M. Pooley <lpooley@hansonbridgett.com>
**Subject:** Re: Stipulation re phonw

I made some proposed revisions in the attached Draft.
Let me know what you think.  Thank you.

---

**From:** Victor Otten <vic@ottenlawpc.com>
**To:** Peter Haven <peter@havenlaw.com>
**Cc:** Kurt A. Franklin <kfranklin@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Lisa M. Pooley <lpooley@hansonbridgett.com>
**Sent:** Wednesday, June 14, 2017 1:31 PM
**Subject:** FW: Stipulation re phonw

Peter,
Can you let me know when we can expect comments and/or revisions to the Stipulation to receive your clients phone?
Vic

**From:** Victor Otten
**Sent:** Thursday, June 08, 2017 4:25 PM
**To:** 'Peter Haven' <peter@havenlaw.com>
**Cc:** Kurt A. Franklin <kfranklin@hansonbridgett.com>
**Subject:** Stipulation re phonw

Hi Peter,
Attached is a draft stipulation and order related to release of Mr. Papayan's cell phone which is in the possession of the Los Angeles Police Department. Please review it and get back to me with any comments.
Regards,
Vic

# OTTEN LAW, PC

### ATTORNEYS

3620 Pacific Coast Hwy #100 | Torrance, California 90505
P (310) 378-8533 | F (310) 347-4225 | E  vic@ottenlawpc.com | W  www.ottenlawpc.com

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Rosa  at 310-378-8533 if you need assistance.

Please consider the environment before printing this e-mail message.

## Attachments

- Papayans.Dsc.STIP.ORDER.CELL.PHONE(Draft) (002).doc (53.50KB)
- image001.png (13.41KB)
- image002.png (13.42KB)

_Cory Spencer, etc., et al. v. Lunada Bay Boys, etc., et al._

Case No. 2:16-cv-02129-SJO-RAO

# Exhibit 6

| | |
|---|---|
| **Subject:** | Re: Proposed Revised Stipulation re phone |
| **From:** | Peter Haven (peter@havenlaw.com) |
| **To:** | vic@ottenlawpc.com; |
| **Cc:** | kfranklin@hansonbridgett.com; SWolff@hansonbridgett.com; lpooley@hansonbridgett.com; |
| **Date:** | Tuesday, June 27, 2017 2:00 PM |

I made some small and, in my opinion, non-material changes.

Attached is a red-lined showing the changes, and also attached is my signed PDF.

if you want to make any further proposed changes, go ahead.  otherwise, I have signed the attached. thank you.

---

**From:** Victor Otten <vic@ottenlawpc.com>
**To:** Peter Haven <peter@havenlaw.com>
**Cc:** Kurt A. Franklin <kfranklin@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Lisa M. Pooley <lpooley@hansonbridgett.com>
**Sent:** Friday, June 23, 2017 1:30 PM
**Subject:** RE: Proposed Revised Stipulation re phone

Peter,
Your revisions are fine. I have added the following to par 2 of the stip: "Within 2 business days of execution of this Stipulation…."
Vic

**From:** Peter Haven [mailto:peter@havenlaw.com]
**Sent:** Monday, June 19, 2017 9:02 AM
**To:** Victor Otten <vic@ottenlawpc.com>
**Cc:** Kurt A. Franklin <kfranklin@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Lisa M. Pooley <lpooley@hansonbridgett.com>
**Subject:** Proposed Revised Stipulation re phone

I put in the Order portion, and also made some small revisions.
Please review attached.  Thank you.

---

**From:** Victor Otten <vic@ottenlawpc.com>
**To:** Peter Haven <peter@havenlaw.com>
**Cc:** Kurt A. Franklin <kfranklin@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Lisa M. Pooley <lpooley@hansonbridgett.com>
**Sent:** Thursday, June 15, 2017 5:09 PM
**Subject:** RE: Stipulation re phonw

I don't see the order?

Victor Otten, Esq.

# OTTEN LAW, PC
### ATTORNEYS

_Cory Spencer, etc., et al. v. Lunada Bay Boys, etc., et al._

Case No. 2:16-cv-02129-SJO-RAO

# Exhibit 7

| | |
|---|---|
| **Subject:** | Re: Proposed Revised Stipulation re phone |
| **From:** | Peter Haven (peter@havenlaw.com) |
| **To:** | vic@ottenlawpc.com; |
| **Cc:** | kfranklin@hansonbridgett.com; SWolff@hansonbridgett.com; lpooley@hansonbridgett.com; |
| **Date:** | Monday, July 3, 2017 10:26 AM |

attached final clean version in Word
Please let me know if we need any further changes.

if not, also attached is a signed PDF.

thank you.

---

**From:** Victor Otten <vic@ottenlawpc.com>
**To:** Peter Haven <peter@havenlaw.com>
**Cc:** Kurt A. Franklin <kfranklin@hansonbridgett.com>; Samantha Wolff
<SWolff@hansonbridgett.com>; Lisa M. Pooley <lpooley@hansonbridgett.com>
**Sent:** Thursday, June 29, 2017 3:09 PM
**Subject:** RE: Proposed Revised Stipulation re phone

Peter,
I added the following to the recitals:

The cell phone is part of the investigation file DR #15-1100891. The phone is evidence item 16.

I added the following to the order:

The Los Angeles Police Department Release the cell phone of Michael Papayans which is part of the
investigation file DR #15-1100891, evidence item 16, to Meridian Discovery, care of Arman Gungor(hereafter....

If that looks good, please send me the signed stip.
Thanks,
Vic

**From:** Peter Haven [mailto:peter@havenlaw.com]
**Sent:** Tuesday, June 27, 2017 2:00 PM
**To:** Victor Otten <vic@ottenlawpc.com>
**Cc:** Kurt A. Franklin <kfranklin@hansonbridgett.com>; Samantha Wolff <SWolff@hansonbridgett.com>; Lisa M.
Pooley <lpooley@hansonbridgett.com>
**Subject:** Re: Proposed Revised Stipulation re phone

I made some small and, in my opinion, non-material changes.

Attached is a red-lined showing the changes, and also attached is my signed PDF.

if you want to make any further proposed changes, go ahead. otherwise, I have signed the attached.
thank you.

---

_Cory Spencer, etc., et al. v. Lunada Bay Boys, etc., et al._

Case No. 2:16-cv-02129-SJO-RAO

# Exhibit 8

**Subject:**    RE: 2:16-cv-02129-SJO-RAO Cory Spencer et al v. Lunada Bay Boys et al

**From:**    Victor Otten (vic@ottenlawpc.com)

**To:**    Sandra_L_Butler@cacd.uscourts.gov;

**Cc:**    peter@havenlaw.com;

**Date:**    Tuesday, July 11, 2017 3:31 PM

Sorry for the delay.

-----Original Message-----
From: Sandra_L_Butler@cacd.uscourts.gov [mailto:Sandra_L_Butler@cacd.uscourts.gov]
Sent: Monday, July 10, 2017 3:34 PM
To: Victor Otten <vic@ottenlawpc.com>
Subject: 2:16-cv-02129-SJO-RAO Cory Spencer et al v. Lunada Bay Boys et al

Please forward the Word version of the stipulation for order to release cell phone to chambers.

Thank You

Sandra Butler, CRD
Honorable Rozella A. Oliver
213-894-8799

## Attachments

- WD Proposed Order.doc.1 (002).docx (22.40KB)
- WD Papayans.Dsc.STIP.ORDER.CELL.PHONE(Final.Rev.7.3.17).doc (51.00KB)