Alison K. Hurley, State Bar No. 234042
ahurley@bremerwhyte.com
Tiffany L. Bacon, State Bar No. 292426
tbacon@bremerwhyte.com
BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. Birch Street
Second Floor
Newport Beach, California 92660
Telephone: (949) 221-1000
Facsimile: (949) 221-1001

Attorneys for Defendants,
FRANK FERRARA and CHARLIE FERRARA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>        Defendants. | Case No. 2:16-cv-2129<br><br>Judge:  Hon. S. James Otero<br>Dept:    Courtroom 10C<br><br>Magistrate Judge:<br>Hon. Rozella A. Oliver<br><br>**FRANK FERRARA'S AND CHARLIE FERRARA'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO FRCP 56(d)**<br><br>Date: September 5, 2017<br>Time: 10:00 a.m.<br>Dept: Courtroom 10C<br><br>Complaint Filed: March 29, 2016<br>Trial Date:     November 7, 2017 |

///

///

///

///

# **TABLE OF CONTENTS**

**Page**

1. INTRODUCTION ................................................................................................. 2

2. STATEMENT OF FACTS .................................................................................. 3

3. ARGUMENT ........................................................................................................ 5

    3.1    Plaintiffs Have Not Submitted Any Evidence Supporting the Assertion That a Conspiracy Exists, or Could Exist, Between the Ferraras and the Other Defendants .................................. 5

    3.2    Plaintiffs Do Not Contend That the Ferraras Continue to Withhold Responsive Information ........................................................... 7

    3.3    The Ferraras' Motions for Summary Judgment Should Not Be Denied ........................................................................................................ 9

4. CONCLUSION ................................................................................................... 10

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

i

H:\1178\176\CF\MOTION FOR ADMINISTRATIVE RELIEF\OPPOSITION\Ferrara's Opp to Plaintiffs' Mtn for Admin Relief 56(d).FINAL.docx

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of the Fort
    Peck Reservation, 323 F.3d 767 (9th Cir. 2003).............................................. 8, 9

Garret v. San Francisco, 818 F.2d 1515 (9th Cir. 1987) ................................... 8

Hicks v. Johnson, 755 F.3d 738, 743 (1st Cir. 2014) ....................................... 9

**Statutes**

Federal Rules of Civil Procedure 56(d) ............................................................ 8

California Civil Code of Procedure section 52.1(j) ........................................... 6

ii

1   Defendants, FRANK FERRARA and CHARLIE FERRARA (hereinafter, the

2   "Ferraras"), hereby submit the following Opposition to Plaintiffs', CORY

3   SPENCER, DIANA REED and COASTAL PROTECTION RANGERS, INC.

4   (hereinafter "Plaintiffs"), Motion for Administrative Relief ("Motion").

5   **MEMORANDUM OF POINTS AND AUTHORITIES**

6   **1.   INTRODUCTION**

7   Plaintiffs, CORY SPENCER, DIANA REED and COASTAL PROTECTION

8   RANGERS, INC. (hereinafter "Plaintiffs"), have not demonstrated good cause for

9   the denial of Defendants, FRANK FERRARA and CHARLIE FERRARA

10   (hereinafter referred to collectively as the "Ferraras"), Motions for Summary

11   Judgment or, in the alternative, Partial Summary Judgment ("MSJs") under *Federal*

12   *Rule of Civil Procedure* 56(d).  The Ferraras have produced documents responsive to

13   Plaintiffs' discovery requests, and Plaintiffs do not assert the Ferraras continue to

14   wrongfully withhold responsive documents.  Instead, Plaintiffs contend only that

15   they have not had sufficient opportunity to analyze the documents in order to respond

16   to the Ferraras' MSJs.

17   Plaintiffs can point to no evidence or shred of proof that the Ferraras engaged

18   in any activity that would justify any of the relief permitted by Rule 56(d).  Plaintiffs

19   base their motion entirely on speculation that text messages between Defendant Sang

20   Lee and the Ferraras might contain information supporting their opposition.

21   However, these texts have been demonstrated through various testimonies in this

22   matter not to be supportive of Plaintiffs' claims or in any way related to the claims

23   made in this action.[1]  Throughout the duration of this case, Plaintiffs have clung to

24   the repeatedly disproved assumption that Charlie Ferrara was involved in an alleged

25   conspiracy with the "Bay Boys," but unassailable evidence has now demonstrated

26

27   [1] Bacon Decl, Ex. E, Sang Lee Dep. at 294:14-295:25; Ex. F, F. Ferrara Dep. at 275:16-276:23; Ex. G, C. Ferrara Dep. at 47:25-50:21.

28

1 that the subject recorded conversation was between Plaintiff Reed and Leo Ferrara,

2 not Charlie Ferrara.  It is a demonstrative fact provided through the third party

3 admission of Leo Ferrara that he was in fact the person on the recording speaking to

4 Plaintiff Reed and not Charlie Ferrara, supported by the testimony of various

5 witnesses in the action.[2]

6 　　　　Plaintiffs have provided no evidence supporting a reasonable belief that further

7 discovery will lead to evidence supporting Plaintiffs' denial of the Ferraras' MSJs.

8 Plaintiffs have submitted no evidence supporting their assertion that the Ferraras

9 have acted in concert with the other defendants in this action.  Rather, Plaintiffs

10 speculate that a few text messages between parties to this action might assist

11 Plaintiffs in their opposition, with no factual basis whatsoever for the belief.  Based

12 on the foregoing and the reasons set forth in this Opposition, Plaintiffs' Motion for

13 Administrative Relief must be denied.

14 **2.** **STATEMENT OF FACTS**

15 　　　　The Ferraras served their Answers to Plaintiffs' Class Action Complaint on

16 September 2, 2017.  Counsel for the Ferraras, Alison Hurley, Esq. and Tiffany

17 Bacon, Esq., filed Notices of Appearance in this matter on March 29, 2017.  (Docket

18 Nos. 236 and 237.)  On April 14, 2017, counsel for the Ferraras received their first

19 email from Plaintiffs' counsel demanding a call with Magistrate Judge Oliver,

20 without a prior letter or call to informally address Plaintiffs' discovery issues.

21 (Bacon Decl., ¶ 3, Ex. A.)  Counsel for Plaintiffs and the Ferraras met and conferred

22 on April 21, 2017 for the first time regarding Plaintiffs discovery issues.  (Bacon

23 Decl., ¶ 4.)  Plaintiffs' counsel did not respond to the Ferraras' counsel's follow-up

24 correspondence until May 1, 2017.  (Bacon Decl., ¶ 4.)

25

26

27 _____

[2] Bacon Decl, Ex. I, Declaration of Leo Ferrara; Ex. H, N.F. Dep. at 142:24-143:9; Ex. G, C. Ferrara Dep. at 134:20-136:20.  Moreover, there is only one recording produced by Plaintiffs in this action asserted to involve Charlie Ferrara.

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

3

1   In the midst of meeting and conferring on the Ferraras' responses to Plaintiffs'
2   document requests, Plaintiffs served six additional sets of discovery on the Ferraras.
3   (Bacon Decl., ¶ 5.)  Plaintiffs were informed that the Ferraras were making diligent
4   efforts to obtain cellular phone records from their provider.  (Bacon Decl., ¶ 6.)
5   Plaintiffs' counsel sent a letter on June 27, 2017 further demanding a telephonic
6   hearing with Magistrate Judge Oliver.  (Bacon Decl., ¶ 7, Ex. B.)  On or about July 3,
7   2017, Plaintiffs' counsel and counsel for the Ferraras had another informal meet and
8   confer, wherein Plaintiffs' counsel, for the first time, requested the Ferraras conduct
9   a full extraction of cellular phone data, which had not been specifically requested in
10   any discovery request.  (Bacon Decl., ¶ 8.)  Plaintiffs' counsel was informed the
11   Ferraras would make efforts to extract their cellular phone data in order to produce
12   responsive documents to Plaintiffs' requests.  (Bacon Decl., ¶ 9.)  On the date of
13   Frank Ferrara's deposition on July 10, 2017, Plaintiffs' counsel sent an email
14   demanding a telephonic hearing with Magistrate Judge Oliver, which Ferraras'
15   counsel was unable to respond to until the evening after the conclusion of the
16   deposition going forward in this very case.  (Bacon Decl., ¶ 10, Ex. C.)  After a
17   telephonic hearing with Magistrate Judge Oliver on July 13, 2017, the Ferraras were
18   ordered "to produce responsive documents from the cell phone imaging and
19   responsive cell phone bills and records" within only four days, by July 17, 2017.
20   (Bacon Decl, ¶ 11; Wolff Decl., Ex. 14.)

21   The Ferraras were unable to complete the extraction of data from their cellular
22   phones until July 16, 2017, which resulted in approximately 3,200 pages of
23   documents, the majority of which was required to be vetted for actual responsive
24   information to Plaintiffs' document requests.  (Bacon Decl., ¶ 12.)  On July 17, 2017,
25   the Ferraras in good faith produced 1,200 pages of responsive documents, the
26   amount their counsel had been able to review within the exceptionally short time
27   period since extraction was completed.  (Bacon Decl., ¶ 13.)  Following this
28   production, on July 18, 2017, Plaintiffs' counsel sent a letter indicating the

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

4

1 | production was improperly redacted.  Bacon Decl., ¶ 14, Ex. D.)  Counsel for the
2 | Ferraras explained that redactions were made in order to produce only responsive
3 | information to Plaintiffs' requests.  (Bacon Decl., ¶ 14.)  Despite informing
4 | Plaintiffs' counsel of this fact and that the remaining responsive documents would be
5 | produced as expeditiously as possible, Plaintiffs demanded an additional telephonic
6 | hearing with Magistrate Judge Oliver, which was held on July 26, 2017 pursuant to
7 | the Court's availability.  (Bacon Decl., ¶ 15.)  The Court was informed that further
8 | production of responsive information, not otherwise attainable on July 17, 2017
9 | would be produced to Plaintiffs' counsel as quickly as possible, and the Court made
10 | no further order regarding the Ferraras' production, only setting a briefing schedule
11 | on Plaintiffs' request for sanctions.  (See Wolff Decl., Ex. 15.)  As of July 27, 2017,
12 | the Ferraras had produced all responsive documents within their possession
13 | responsive to Plaintiffs' requests.  (Bacon Decl., ¶ 16.)  As such, Plaintiffs had
14 | received all responsive documents in the Ferraras' possession on July 27, 2017, well
15 | in advance of Plaintiffs' deadline to oppose the Ferraras' MSJs on August 7, 2017.

16 | **3.**   **ARGUMENT**

17 | **3.1**   **Plaintiffs Have Not Submitted Any Evidence Supporting the
18 |        Assertion That a Conspiracy Exists, or Could Exist, Between the
       Ferraras and the Other Defendants**

19 | Plaintiffs have been conducting, or should have been conducting, formal
20 | discovery in this action for the last year.  Despite having received a multitude of sets
21 | of discovery responses from the parties in this case, Plaintiffs have not and cannot
22 | submit any evidence that the Ferraras ever engaged in any communications with the
23 | other defendants that amount to conspiracy in support of Plaintiffs' claims in this
24 | matter.  Such is demonstrated by the fact that Plaintiffs only refer to supposedly
25 | missing communications between Defendant Sang Lee and the Ferraras that they
26 | speculate might contain information relevant to this matter.  Both the Ferraras and
27 | Sang Lee have consistently testified that their prior text communications have
28 | nothing to do with Plaintiffs or any information that would support Plaintiffs' claims

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1   in this action.  (*See* Docket Nos. 286-4 and 287, Frank Ferrara's Statement of

2   Uncontroverted Facts Nos. 13-14 and Charlie Ferrara's Statement of Uncontroverted

3   Facts Nos. 31-34.)  The mere existence of a few communications between the

4   Ferraras and Defendant Sang Lee during a period of time not relevant in Plaintiffs'

5   Complaint does not provide a reasonable basis for a request pursuant to Rule 56(d).[3]

6          Moreover, as is addressed in the Ferraras' MSJs, in order for Plaintiffs to

7   prove their conspiracy allegations under Civil Code section 52.1(j), Plaintiffs must

8   demonstrate that, based on speech alone, "the speech itself threatens violence against

9   a specific person or group of persons; and the person or group of persons against

10  whom the threat is directed reasonably fears that, because of the speech, violence

11  will be committed against them or their property and the person threatening the

12  violence had the apparent ability to carry out the threat."  (Civ. Code § 52.1(j).)

13  Plaintiffs literally have no stated basis upon which to even establish any possibility

14  that any communications between the Ferraras and the other defendants threatened

15  violence against the Plaintiffs and that the Plaintiffs, in turn reasonably feared

16  violence would be committed against them.  Plaintiffs have not and cannot produce

17  evidence that any text communication was made directly by the Ferraras to either

18  Plaintiff.  Speculation that the Ferraras may have communicated with other

19  defendants on any topic related to Lunada Bay is simply incapable of supporting the

20  requested relief, as the conspiracy claim must be proven by speech threatening

21  violence against the Plaintiffs that actually caused them to fear violence.  No

22  evidence whatsoever supports the same as to either Frank Ferrara or Charlie Ferrara.

23  Plaintiffs cannot justify their motion by simply lumping all of the defendants

24

25

26  [3] It is perplexing why Plaintiffs did not pursue other formal efforts to obtain the
    cellular phone records of the Ferraras given their apparent critical concern regarding
    communications allegedly supporting a conspiracy between all of the defendants.

27  Despite informing Plaintiffs' counsel of the Ferraras difficulty obtaining cell phone
    records, as of today, Plaintiffs have not subpoenaed the Ferraras' cell phone records.

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

6

together and asserting that communications between the "Bay Boys" result in a
conspiracy thus resulting in liability of the Ferraras, without ever actually
demonstrating that the Ferraras are members of the so-called "Bay Boys." (*See*
Docket Nos. 286-4 and 287, Frank Ferrara's Statement of Uncontroverted Facts and
Conclusions of Law and Charlie Ferrara's Statement of Uncontroverted Facts and
Conclusions of Law.)[4]

### 3.2   Plaintiffs Do Not Contend That the Ferraras Continue to Withhold Responsive Information

Plaintiffs only argument that the Ferraras' MSJs should be denied, or
continued, under Rule 56(d) is that the Ferraras allegedly withheld responsive
information until after filing their motions for summary judgment.  However, the
import of such assertion is Plaintiffs' admission that the Ferraras have in fact
produced the responsive information, and did so in advance of Plaintiffs' deadline to
oppose the Ferraras' MSJs.

Plaintiffs contend that Charlie Ferrara testified that he "ha[s]n't really tried
that hard" to locate prior cell phone bills.  However, Charlie Ferrara's[5] deposition
testimony reveals the good faith efforts he made, and that his mother also made, to
obtain his cell phone records.  (Bacon Decl., Ex. G, C. Ferrara Dep. at 164:13-
166:4.)  Also, once it became apparent that Charlie Ferrara required assistance to
gather information requested, Bremer Whyte Brown & O'Meara immediately
included itself in gathering the requested information, which Plaintiffs agree has
been produced.  Further, Plaintiffs criticize the redactions made to the Ferraras'

---

[4] Furthermore, to the extent Plaintiffs allege spoliation of evidence, Plaintiffs fail to
demonstrate that the Ferraras' actions resulted in any spoliation.  At the very least,
Plaintiffs cannot demonstrate intentional spoliation of evidence on behalf of the
Ferraras.

[5] It is of note that Charlie Ferrara suffered from a serious brain injury in 2012
requiring six months of cognitive physical therapy.  (Bacon Decl., Ex. G, C. Ferrara
Dep. at 26:3-17.)  He, as a layperson, has also admittedly stated he is not good with
computers.  (C. Ferrara Dep. at 46:15-47:3.)

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

7

1  production; however, as was addressed during the July 26, 2017 hearing, the
2  redactions were made in order to produce only responsive information to Plaintiffs'
3  requests rather than a bad faith "document dump" of thousands of irrelevant
4  messages. And given the lack of volume of responsive information remaining after
5  the redactions, Plaintiffs had enough time to review the documents and respond to
6  the Ferraras' MSJs.

7       Plaintiffs cite to <u>Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of</u>
8  <u>the Fort Peck Reservation</u>, 323 F.3d 767 (9th Cir. 2003) as support for their request
9  for the summary denial of the Ferraras' MSJs pursuant to Rule 56(d). However, the
10 facts of <u>Burlington</u> are entirely distinguishable from this matter. In <u>Burlington</u>, the
11 appellate court determined it was "an abuse of discretion for the district court to
12 decide the summary judgment motion before granting the Tribes' Rule 56(f) motion"
13 because the Tribes "had no fair opportunity to develop the record concerning the
14 extent of that threatened harm." (<u>Burlington</u> at 774.) The plaintiff "brought a
15 summary judgment motion less than a month after filing suit" in <u>Burlington</u>. Such is
16 not the case here where Plaintiffs have had nearly a year to conduct discovery, have
17 done so through written requests and depositions and admit the Ferraras made a
18 complete production of documents before Plaintiffs were required to oppose the
19 Ferraras MSJs.

20      <u>Garret v. San Francisco</u>, 818 F.2d 1515 (9th Cir. 1987) is also distinguishable
21 from this matter before the Court. In <u>Garret</u>, the appellate court held "it was error for
22 the trial court to have granted defendants' motion for summary judgment without
23 first having determined the merits of plaintiff's pending [motion to compel
24 production of personnel records]." (<u>Garret</u> at 1518-19.) In this case, Plaintiffs have
25 no pending motion to compel against the Ferraras, and again admit all documents
26 have been produced prior to their opposition deadline.

27      As is referenced in Plaintiffs' Motion, relief under Rule 56(d) is permitted
28 ***only*** when the party responding to a motion for summary judgment demonstrates "it

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA. 92660
(949) 221-1000

8

1  cannot present facts essential to support its opposition" and "where there is some

2  basis for believing the information sought actually exists." (Fed. R. Civ. P. 56(d).)

3  Because Plaintiffs have all documents in the Ferraras' possession responsive to the

4  requests, Plaintiffs cannot demonstrate that they lack facts essential to justify their

5  opposition.  Furthermore, Plaintiffs have submitted no evidence to support a "basis

6  for believing the information sought [relating to a conspiracy between the Ferraras

7  and the other defendants that would support Plaintiffs' claims] actually exists."

8  (Burlington, infra, at 774-75.)  Plaintiffs present no evidence demonstrating a

9  conspiracy relationship between the Ferraras and the other defendants.  (See Docket

10  Nos. 286-4 and 287, Frank Ferrara's Statement of Uncontroverted Facts and

11  Conclusions of Law and Charlie Ferrara's Statement of Uncontroverted Facts and

12  Conclusions of Law.)  Relief under Rule 56(d) is not to be granted as a matter of

13  course, but only upon a showing of good cause. (Hicks v. Johnson, 755 F.3d 738,

14  743 (1st Cir. 2014).)  "Even upon the submission of the required materials, the

15  district court is entitled to refuse a Rule 56(d) motion is it concludes that the party

16  opposing summary judgment is unlikely to garner useful evidence from supplemental

17  discovery." (Id.)  Because Plaintiffs have demonstrated no good cause for the relief

18  sought in their Motion and have proffered no evidence demonstrating the potential

19  that a conspiracy relationship exists between the Ferraras and the other defendants,

20  Plaintiffs' Motion should be denied.  (Because Plaintiffs reference their opposition to

21  Individuals Defendants' Motions for Summary Judgment and Plaintiffs' Statement of

22  Additional Material Facts, the Ferraras herein incorporate by reference their replies

23  to Plaintiffs' Opposition and responses to Plaintiffs' Statement of Additional

24  Material Facts.)

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

9

### 3.3    The Ferraras' Motions for Summary Judgment Should Not Be Denied

If the Court is inclined to grant any portion of Plaintiffs' request for relief, a continuance of the hearing on the Ferraras' MSJs, rather than outright denial, is the only result even potentially justifiable under the applicable law.

## 4.    CONCLUSION

For the reasons set forth herein, Plaintiffs' Motion for Administrative Relief pursuant to FRCP 56(d) must be denied.  Plaintiffs have not demonstrated through their Motion that they cannot present facts essential to justify the Ferraras's MSJs or that there is some basis for believing that communications amounting to conspiracy between the Ferraras and the other defendants actually exist.  Should the Court be inclined not to outright deny Plaintiffs' Motion, the Ferraras alternatively request the hearing on the Ferraras' MSJs be continued to allow Plaintiffs to conduct their desired further discovery before ruling on the Ferraras' MSJs.

Dated:  August 15, 2017

BREMER WHYTE BROWN & O'MEARA LLP

By:  _____
Alison K. Hurley
Tiffany L. Bacon
Attorneys for Defendants
FRANK FERRARA and CHARLIE
FERRARA

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

10

## PROOF OF SERVICE

1

2

3          I am employed in the County of Orange, State of California.  I am over the age of 18 and
not a party to the within action.  My business address is 20320 S.W. Birch Street, Second Floor,
4     Newport Beach, California 92660.

5          On August 15, 2017, I served the within document(s) described as:

6     FRANK FERRARA'S AND CHARLIE FERRARA'S OPPOSITION TO PLAINTIFFS'
MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO FRCP 56(d)

7

          on the interested parties in this action as stated on the attached mailing list.

8

[X]     (BY ELECTRONIC MAIL SERVICE) Based upon CRC Rule 2.251 or an agreement of the
9          parties to accept electronic service I caused such document(s) to be Electronically Mailed
through Bremer, Whyte, Brown & O'Meara electronic mail system for the above entitled
10          case.  Should your office require a hard copy of said document, please contact our office.

11          Executed on August 15, 2017, at Newport Beach, California.

12          I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

13

14     _____          _____
              Hailey Williams
15           (Type or print name)                                   (Signature)

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1

H:\1178\176\PROOF OF SERVICE.docx

<u>Cory Spencer v. Lunada Bay Boys et al.,</u>

Case No. 2:16-cv-2129-SJO

BWB&O CLIENT:   **Frank and Charlie Ferrara**
BWB&O FILE NO.:   **1178.176**

<u>SERVICE LIST</u>

| | | |
|---|---|---|
| Samantha Wolff, Esq.<br>**HANSON BRIDGETT**<br>425 Market Street<br>26th Floor<br>San Francisco, CA 94105<br>(415) 777-3200<br>(415) 541-9366 Fax<br>Attorneys For **PLAINTIFF**<br><br>swolff@hansonbridgett.com<br>kfranklin@hansonbridgett.com | Tyson M. Shower, Esq.<br>**HANSON BRIDGETT**<br>500 Capitol Mall<br>Suite 1500<br>Sacramento, CA 95814<br>(916) 442-3333<br>(916) 442-2348 Fax<br>Attorneys For **PLAINTIFFS**<br><br>tshower@hansonbridgett.com | Victor Otten, Esq.<br>**OTTEN LAW, PC**<br>3620 Pacific Coast Highway<br>Suite 100<br>Torrance, CA 90505<br>(310) 378-8533<br>(310) 347-4225 Fax<br>Attorneys For **PLAINTIFFS**<br><br>vic@ottenlawpc.com |
| Jacob Song, Esq.<br>**KUTAK ROCK LLP**<br>5 Park Plaza<br>Suite 1500<br>Irvine, CA 92614<br>(949) 417-0999<br>(949) 417-5639<br>Attorney For **CITY OF PALOS VERDES ESTATES** and **JEFF KEPLEY, in his representative capacity, serves as the Chief of Police Department of Defendant City of Palos Verdes Estates.**<br><br>jacob.song@kutakrock.com | J. Patrick Carey, Esq.<br>**LAW OFFICE OF PATRICK CAREY**<br>1230 Rosecrans Avenue<br>Suite 270<br>Manhattan Beach, CA 90266<br>(310) 526-2237<br>(310) 356-3671 Fax<br>Attorney For **ALAN JOHNSTON individual membeer of LUNADA BAY BOYS aka JALIAN JOHNSTON**<br><br>pat@patcareylaw.com | Aaron G. Miller, Esq.<br>**THE PHILIPS FIRM**<br>800 Wilshire Boulevard<br>Suite 1550<br>Los Angeles, CA 90017<br>(213) 244-9913<br>(213) 244-9915 Fax<br>Attorneys For **ANGELO FERRARA**<br><br><br>amiller@thephillipsfirm.com |
| Mark Fields, Esq.<br>**LAW OFFICES OF MARK C. FIELDS**<br>333 So. Hope Street<br>Suite 3500<br>Los Angeles, CA 90071<br>(213) 617-5225<br>(213) 629-2420 Fax<br>Attorney For **ANGELO FERRARA**<br>**an individual member of LUNADA BAY BOYS and N.F. an individual member of LUNADA BAY BOYS**<br><br>fields@markfieldslaw.com | Peter R. Haven, Esq.<br>**HAVEN LAW**<br>1230 Rosecrans Avenue<br>Suite 300<br>Manhattan Beach, CA 90266<br>(310) 272-5353<br>(213) 477-2137 Fax<br>Attorneys For **MICHAEL RAY PAPAYANS**<br><br>peter@havenlaw.com | Dana Alden Fox, Esq.<br>**LEWIS BRISBOIS BISGAARD & SMITH, LLP**<br>633 W. 5th Street<br>Site 4000<br>Los Angeles, CA 90071<br>(213) 580-3858<br>(213) 250-7900 Fax<br>Attorneys For **SANG LEE**<br><br>Dana.Fox@lewisbrisbois.com |

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

H:\1178\176\PROOF OF SERVICE.docx