**VEATCH CARLSON, LLP**
A Partnership Including Professional Corporations
1055 Wilshire Boulevard, 11th Floor
Los Angeles, California 90017
Telephone (213) 381-2861
Facsimile (213) 383-6370

ROBERT T. MACKEY, State Bar No. 210810
rmackey@veatchfirm.com
RICHARD P. DIEFFENBACH, State Bar No. 102663
rdieffenbach@veatchfirm.com
JOHN E. STOBART, State Bar No. 248741
jstobart@veatchfirm.com

**BUCHALTER, APC**
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017
(213) 891-0700

ROBERT S. COOPER, State Bar No. 158878
rcooper@buchalter.com

Attorneys for Defendant,
BRANT BLAKEMAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>          Plaintiffs,<br><br>          vs.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>          Defendants. | **CASE NO.: 2:16-CV-2129-SJO-RAO**<br>**Hon. S. James Otero, Ctrm. 10C**<br><br>**DEFENDANT BRANT BLAKEMAN'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>DATE:          September 5, 2017<br>TIME:          10:00 a.m.<br>CTRM:          10C<br>                    1st Street Courthouse<br><br>[Filed Concurrently with ...............]<br><br>**Action Commenced:     03/29/2016**<br>**Discovery Cutoff:          08/17/2017**<br>**Pretrial Conf.:               10/23/2017**<br>**Trial Date:                    11/07/2017** |

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .................................................. 1

I.      INTRODUCTION ............................................................................... 1

II.     BLAKEMAN SHIFTED THE BURDEN ON SUMMARY JUDGMENT ........ 2

III.    THE "EVIDENCE" OFFERED BY PLAINTIFF HAS NO VALUE ................ 3

IV.     PLAINTIFFS HAVE PROVIDED NO EVIDENCE OF CONSPIRACY ......... 5

V.      BLAKEMAN'S ACTIONS DID NOT VIOLATE THE BANE ACT ............... 7

VI.     BLAKEMAN DID NOT CREATE A PUBLIC NUISANCE NOR DID PLAINTIFFS SUFFER AN INDIVIDUALIZED INJURY ................................. 8

VII.    BLAKEMAN DID NOT ASSAULT OR BATTER PLAINTIFFS ................... 9

VIII.   THE COSTAL RANGERS HAVE NO STANDING ..................................... 10

IX.     CONCLUSION .................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

## State and Federal Cases

*Assoc. Gen Contractors of America v. Metropolitan Water Dist. of S. Cal*
159 F.3d 1178 (9th Cir. 1998) ....................................................................... 10

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) ......................................................................................... 2

*Jones v. Kmart Corp.,*
17 Cal.4th 329 (1998) ...................................................................................... 8

*Keenan v. Allan*
91 F.3d 1275 (9th Cir. 1996) ........................................................................... 2

*Lopez v. County of L.A.*
2015 U.S. Dist. LEXIS 82918 (C.D. Cal 2015) .......................................... 11

*Lowry v. Standard Oil Co. of California*
63 Cal.App.2d 1 (1944) ................................................................................... 9

*Lujan v. Defenders of Wildlife*
504 U.S. 555 (1992) ....................................................................................... 10

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*
475 U.S. 574 (1986) ......................................................................................... 2

*Medrano v. Kern County Sheriff's Dept.*
921 F. Supp.2d at 1009 (E.D Cal. 2013) ...................................................... 11

*Murphy v. American General Life Ins. Co.*
74 F.Supp.3d 1267, 1287 (C.D. Cal. 2015) ............................................... 5, 6

*O'Toole v. Superior Court* (2006)
140 Cal.App.4th 488 ........................................................................................ 8

*Property Owner of Whispering Palms, Inc. v. Newport Pac. Inc.*
132 Cal.App.4th 666 (2005) ......................................................................... 10

*Quechan Indian Tribe v. U.S.,*
535 F.Supp.2d 1072 (S.D. Cal. 2008) ............................................................ 9

*Richards v. Combined Ins. Co.*
55 F.3d 247 (7th Cir. 1995) ............................................................................. 2

*Venuto v. Owens-Corning Fiberglass Corp.* (1971)
22 Cal.App.3d 116 ........................................................................................... 9

**DEFENDANT BLAKEMAN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT**

# TABLE OF AUTHORITIES

**Page(s)**

## State and Federal Statutes

Civil Code section 52.1..................................................................7, 8, 11, 12

Civil Code section 3479 ...................................................................11, 12

Civil Code section 3480..........................................................................12

Civil Code section 3493..........................................................................11

Civil Code section 3533............................................................................9

Code of Civil Procedure section 369.5...................................................13

Code of Civil Procedure section 731.......................................................11

Corporation Code section 18035 ............................................................13

Penal Code section 186.20......................................................................13

Federal Rules of Civil Procedure, Rule 11 .........................................9, 56

Federal Rules of Civil Procedure, Rule 56 ...............................................2

Federal Rules of Evidence, Rule 801 .......................................................4

**DEFENDANT BLAKEMAN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On January 29, 2016, plaintiffs Cory Spencer and Diana Reed "had a bad time at Lunada Bay." Opposition, EFC No. 382, p. 7:13-14. Since class certification was denied, the "bad time" they experienced that day is the entire universe of this case. Lacking in any individual facts to establish that defendant Brant Blakeman harmed plaintiffs Cory Spencer or Diana Reed and lacking any evidence that could link him to a conspiracy to harm them, the remaining two plaintiffs do not even direct a separate opposition to Blakeman in response to his motion for summary judgment.  Instead, plaintiffs provide a general opposition to all of the individually-named defendants in yet another attempt to incorporate disjointed events that occurred over the last 50 years into their case, nearly all of which do not involve Blakeman.

The alleged facts involving Blakeman are insufficient to withstand summary judgment. The case against Blakeman can be summed up in one sentence: On January 29, 2016, Blakeman allegedly surfed too close to Spencer, filmed Reed getting sprayed with drops of beer, and then, later that night, missed 61 calls from codefendant Sang Lee. There is no evidence linking Blakeman to any conspiracy without wild and unpermitted speculation. Blakeman's alleged actions on January 29, 2016, do not rise to the level of a Bane Act violation, nuisance, assault or battery.

Again, plaintiffs' attempt to make this case more than it is.[1] Plaintiffs continue to blur the lines defining their individual claims against.  Plaintiffs impermissibly expand their claims to include third-persons such as Chris Taloa, Kenneth Claypool, and Chris Claypool, as if they were parties. Plaintiffs are not class representatives. Plaintiffs do not act on behalf of the citizens of Palos Verdes Estates. They act alone and, as individuals, their claims against Blakeman fail as a matter of law.

---

[1] This Court exercises admiralty jurisdiction due to plaintiffs' allegations that the defendants "impede boat traffic with threats and by circling the boats on surfboards, kneeboards, boogey boards, **kayaks, rowboats,** and **other manual powered vessels**." Order Denying Motion to Dismiss, EFC No. 88, p. 8, emphasis added by the Court. However, there is no evidence that defendants actually used kayaks, rowboats or other manually powered vessels to impede traffic as alleged.

**DEFENDANT BLAKEMAN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT**

## II.     BLAKEMAN SHIFTED THE BURDEN ON SUMMARY JUDGMENT

The moving party's burden on summary judgment has two distinct components: "an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party." *Celotex Corp. v. Catrett,* 477 U.S. 317, 330 (1986). When the burden at trial is on the non-moving party, as it is here, "the party moving for summary judgment may satisfy Rule 56's burden of production in either of two ways." *Id.* "First, the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim. Second, the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.*

Here, Blakeman moved for summary judgment on the basis that plaintiffs had insufficient evidence to continue the charges against him. Blakeman met his burden by producing plaintiffs' discovery responses to contention interrogatories, which demonstrate a complete lack of admissible evidence in support of their claims.

Once the moving party meets its initial burden, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995). Even though plaintiffs have filed an inordinate amount of documents in opposition, most of which are inadmissible or not relevant, it is not the Court's task "to scour the record in search of a genuine issue of triable fact." *Id.*; *See also,* Fed.R.Civ.P. 56(c)(3) ["The court need consider only the cited materials, but it may consider other materials in the record."].

If the non-moving party fails to present evidence sufficient to support a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. Obviously, "the issue of fact must be 'genuine.' Fed.Rules Civ.Proc. 56(c), (e)." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The non-moving party "must do more than simply show that

there is some metaphysical doubt as to the material facts." *Id.* "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' (Citation.)" When the moving party has carried its initial burden, the plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.*

## III.   THE "EVIDENCE" OFFERED BY PLAINTIFF HAS NO VALUE

Lacking in real, admissible evidence, plaintiffs rely on a "greater context, history, motive, or coordination" to create the illusion of tortious conduct and befog the issues before this court. Opposition, EFC No. 382, p. 7:13-14. "Plaintiffs' claims center on the Lunada Bay Boys gang members conspiring to prevent outsiders from accessing and enjoying Lunada Bay through threats, intimidation, and violence." *See*, Rule 56(d) Motion, EFC No. 397-1, p. 1:19-18. To create this illusion, plaintiffs rely on old newspaper articles, accounts from third-parties dating back decades, and any other forms of hearsay on the subject that they could muster together, none of which has any evidentiary value.

At the outset, front and center, and on the very first page, plaintiffs present to this Court inadmissible hearsay in the form of two internet articles from the Los Angeles Times dated July 5, 1991, and a May 8, 1995. Opposition, EFC No. 328, p. 1:19-21; citing EFC No. 303, Ex. A and B. From these articles, plaintiffs quote Peter McCollum, a non-party, who claims to have protected Lunada Bay from people who litter and vandalize. Given the obvious hearsay objections, these articles have no evidentiary value. Yet, this is the evidence that plaintiffs use to support their case.

Later in plaintiffs' opposition, they label Mr. McCollum as a "Bay Boy" and regurgitate, in full, his "Kentucky Fried Chicken" quote found in the 1995 article.[2] Opposition, p. 4:14-19. Regardless of their self-serving classification of McCollum as

---

[2] This brings up another point, although plaintiffs do not know who the Bay Boys are, they like to label everybody as a Bay Boy. They label third-parties Charlie Mowat and David Melo as Bay Boys as well. Opposition, p. 7:25. If McCollum, Mowat and Melo are all Bay Boys, then why have they not been added to the lawsuit? Plaintiffs vowed to amend their complaint once the "true names" of the Bay Boys was ascertained. EFC No. 1, ¶10. However, no such amendment was ever sought.

**DEFENDANT BLAKEMAN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT**

a "Bay Boy," the fact that this 22-year-old statement from a third-party found in a hearsay newspaper article is showcased, in full, twice in the opposition is a clear indication of the lack of evidence possessed by the plaintiffs.

Plaintiffs also offer this Court a 2002 edition of *Surfing Magazine* and a 2010 article posted by LASurfSport.com. Opposition, p. 4:7-13. Although plaintiffs cite to Ex. A of their request for judicial notice, which is presumably EFC No. 330, in support of these articles, Ex. A does not contain either of them. Regardless, pulling double and triple hearsay statements from online articles and labeling the unidentified, third-party declarants therein as "Bay Boy" does not constitute evidence.

Same is true with the LA Weekly online article that plaintiffs use to bolster their argument that the "Bay Boys patrol Paseo Del Mar in their cars or trucks while on their cell phones." Opposition, p. 6:19-26. Plaintiffs exclusively rely on a quote from "one observer"– identified in the article as Jordan Wright – to support this concept of a sophisticated network of surfers binding together against outsiders. According to the article, Mr. Wright visited Lunada Bay on his 27th birthday in 2012 and, therefrom, somehow gathered enough information to speculate on the inner workings of a relatively complex point-to-point communication protocol. Aside from the insurmountable evidentiary objections, how could Mr. Wright's observations and options dated 2012 possibly support a conspiracy to deny Spencer's and Reed's access to Lunada Bay in 2016? Simply put, it cannot.

Plaintiffs also rely on a quote from Police Chief Kepley regarding what he "heard people from the community" say over the past 50 years. Opposition, p. 4:1-4. This is pure hearsay. *Fed.R.Evid.* 801. This quote is a prime example of how plaintiffs are gathering isolated and irrelevant sound bites and stringing them together to create the illusion of a complex operation run by surfers local to Lunada Bay.[3] In actuality, plaintiffs have no evidence linking the defendants together in a common scheme to commit a wrongful act that was actually carried out against them.

---

[3] Indeed, plaintiffs have alleged all but a "grassy knoll" as a part of their conspiracy claim.

**DEFENDANT BLAKEMAN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT**

## IV.   PLAINTIFFS HAVE PROVIDED NO EVIDENCE OF CONSPIRACY

It should first be noted that plaintiffs provided no support for labeling the "Bay Boys" as a criminal street gang or an unincorporated association, as alleged in the complaint and briefed in the moving papers. See, Complaint, EFC No. 1, ¶¶4-6; Blakeman's MSJ, EFC No. 284, p. 11:11-13:6.  As such, plaintiffs now proceed solely as conspiracy theorist.

Plaintiffs' "evidence" of a conspiracy begins with the allegation that the individual defendants are a "close-knit group" with "terms of engagement" (whatever that means). Opposition, p. 4:22-5:3. Plaintiffs claim that there is "hazing and pressure to do things that are 'uncalled for' to prove that they belong." *Id.* at 6:10-18. Plaintiffs offer sound bites from unidentified, unnamed, third-party "Bay Boys" who want to "make sure you don't have fun out there." *Id.* Plaintiffs also include the actions of yet another unidentified "Bay Boy wearing blackface and an afro wig" who allegedly confronted non-party Taloa on Martin Luther King, Jr., Day, in 2014. *Id.,* p. 5:14-6:3. None of this is evidence of a conspiracy.

First, being a "close-knit group" with "terms of engagement" (whatever that might mean) is not a wrongful act. "A claim of conspiracy requires that 'two or more persons agree to perform a wrongful act.'" *Murphy v. American General Life Ins. Co*., 74 F.Supp.3d 1267, 1287 (C.D. Cal. 2015). Furthermore, the wrongful act must be carried out and result in damage to the plaintiffs. *Id.* Defendant submits that damages have to be more than trying to "make sure [others] don't have fun out there." Opposition, p. 5:21-22. Same is true with non-party Mowat's text message saying he is going to be "throwing out heckles and sporting a BBQ." Opposition, p. 7:2-6. Heckling and barbequing are not wrongful acts. None of the sound bites used by plaintiffs support the finding of a conspiracy.

Moreover, it must be remembered that the only wrongful acts at issue in this lawsuit are the events that Spencer and Reed allegedly experienced on January 29, 2016, because that is the only day that plaintiffs claim injury due to the alleged

**DEFENDANT BLAKEMAN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT**

conspiracy. So, Taloa's alleged confrontation with an unidentified person wearing "blackface" on January 20, 2014, even if that person was a "Bay Boy," is not at issue.

In Blakeman's moving papers, he identified "all evidence" that plaintiffs had tying him to this alleged conspiracy. Blakeman's MSJ, EFC No. 284, p. 14:19-26. This included a February 2015 text message from non-party Mowat sent to Blakeman and others saying, "There are 5 kooks standing on the bluff taking pictures … I think that same Taloa guy. Things could get ugly." *Id.* Even if this mere observation was an agreement to do something wrongful, which it was not, no wrongful act that caused plaintiffs damage occurred as a result of this text. Indeed, the text was sent nearly a year before January 29, 2016. "Standing alone, a conspiracy does no harm and engenders no tort liability." *Murphy, supra,* 74 F.Supp.3d at 1287, citing *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510, 511 (1994). The conspiracy must actually be acted out and the wrongful act committed. *Id.*

The other "evidence" plaintiffs offered in response to contention interrogatories to connect Blakeman to the alleged conspiracy is even more irrelevant. See, Motion, p. 14:22-26. The February 7, 2016, text from co-defendant Papayans was not even sent to Blakeman, it was sent to yet another unidentified "Bay Boy." *Id.* Same is true with the email from codefendant Lee; it was not sent to Blakeman. *Id.* Lastly, the fact that a LA Times photographer took a picture of Blakeman filming is not evidence of anything. The inclusion of such material emphasizes plaintiffs' lack of evidence.

In plaintiffs' opposition, they include one additional fact that they claim implicates Blakeman: 62 calls from defendant Lee to him, within a 30-minute span, on the day plaintiffs both visited Lunada Bay. Opposition, page 9:23-28; See, EFC No. 395-3, Ex. 39. However, a close look at Ex. 39 shows that this "30-minute span" was at night, between 21:30 and 22:03 [9:30 p.m. and 10:03 p.m.]. *Id.* at p. 5-6.[4] Obviously, this was after the plaintiffs visited Lunada Bay earlier that day. Evidence of conspiracy must be before the event, not after.

---

[4] Blakeman's phone number ended in 3917. Note that the calls made to this number were made in rapid succession and none were answered.

**DEFENDANT BLAKEMAN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT**

1   Plaintiffs have completely failed to produce any evidence linking Blakeman to

2   any conspiracy to commit any wrongful act. As explained below, without evidence

3   that Blakeman conspired to commit a wrongful act, plaintiffs have no case against

4   Blakeman because his actions alone do not amount to tortious conduct.

5   **V.   BLAKEMAN'S ACTIONS DID NOT VIOLATE THE BANE ACT**

6   Plaintiffs argue that the Bane Act should be construed broadly. This is because

7   Blakeman's actions on January 29, 2016, cannot constitute a violation of plaintiffs'

8   constitutional right to access the beach. First, they did access the beach, both of them,

9   and for several hours. So the question must be whether Blakeman "attempted" to

10  violate their rights. Holding a camera and filming Reed who, by the way, was also

11  filming and taking pictures, cannot be construed as the type of intimidation

12  contemplated by the California Legislature in enacting the Bane Act. Neither can

13  paddling too close to Spencer in the water. Again, these are the only actions plaintiffs

14  allege against Blakeman.

15  Plaintiffs first rely on *Muhammad v. Garrett*, 66 F.Supp. 3d 1287, 1147,

16  wherein the police officers, who were engaging in an unconstitutional arrest, were

17  caught "kicking in the front door, screaming at KC, roughly handling Plaintiff Latoya

18  Norman and using a taser." A surfer surfing and taking video of people surfing is

19  nothing compared to the intimidation of police officers illegally kicking down doors

20  and tasing people.

21  Plaintiffs also rely on a concurring opinion in *Venegas v County of Los Angeles,*

22  32 Cal.4th 820, for the proposition that "threat, intimidation or coercion" has a broad

23  scope. Opposition, p. 16:19-20. However, the concurring opinions actually expressed

24  "concerns about the potential breadth of the statute." *Id.* at 852. The majority opinion

25  did not touch the issue of breadth: "All we decide here is that, in pursuing relief for

26  those constitutional violations under section 52.1, plaintiffs need not allege that

27  defendants acted with discriminatory animus or intent, so long as those acts were

28  accompanied by the requisite threats, intimidation, or coercion." *Id.* at 708.

Plaintiffs' citation to *Jones v. Kmart Corp.*, is equally inapposite; the Court in that case was dealing with an illegal search and seizure and only talked about theoretical attempts to violate the 4th Amendment or the right to vote via coercive action in dicta. *Jones v. Kmart Corp.*, 17 Cal.4th 329, 334 (1998). It has no bearing on the issues presented in this case.

Finally, plaintiffs falsely rely on *O'Toole v. Superior Court* to support the finding of intimidation; however, the Court of Appeals expressly held: "we do not resolve the preliminary issues pertaining to liability under the Bane Act. We assume for purposes of this opinion that the officers' conduct in demanding that plaintiffs leave campus and arresting O'Toole after he refused to discontinue his activities constituted 'coercion' within the meaning of Civil Code section 52.1, subdivision (a)." *O'Toole v. Superior Court* (2006) 140 Cal.App.4th 488, 502. To cite a case that *assumes* liability in support of *finding* liability is a direct misrepresentation of the law.

Plaintiffs have failed to provide any authority that the relatively innocuous act of surfing too close to another surfer or filming somebody standing on public property could possibly be considered intimidation within the meaning of Civil Code section 52.1. The issue is simple: Did Blakeman violate plaintiffs' constitutional right to access the state beach at Lunada Bay by means of unlawful intimidation on January 29, 2016? Even assuming plaintiffs' account as true, the answer is in the negative.

## VI.  BLAKEMAN DID NOT CREATE A PUBLIC NUISANCE NOR DID PLAINTIFFS SUFFER AN INDIVIDUALIZED INJURY

Plaintiffs all but concede that the actions of the individual defendants, such as Blakeman, do not constitute a nuisance. Opposition, p. 14:11-14. However, plaintiffs also try to pin nuisance on Blakeman for interfering with plaintiffs' "use and enjoyment" of "any park or grounds" and by being "disorderly." *Id.* at 21-25. This is a prime example of plaintiffs trying to place liability on Blakeman because they "had a bad time at Lunada Bay." Opposition, p. 7:13-14. The law requires a plaintiff to suffer "substantial actual damage." *Quechan Indian Tribe v. U.S.*, 535 F.Supp.2d 1072, 1123

(S.D. Cal. 2008). "The law disregards trifles." *Cal. Civ. Code* §3533. *See*, Ex. 45, CEF No. 359 [Photograph of Spencer's alleged physical injury.].

Also note, this is a far cry from plaintiffs' complaint wherein they alleged that Blakeman obstructed their "free passage and use of the public park and ocean access" by threats to "kill, assault, vandalize public and private property, extort, loiter, drink alcohol in public areas and bring harm to other persons who work in, visit or pass through the Lunada Bay area." Complaint, Doc. 1, ¶55; See *Fed.R.Civ.P.* 11(c)(3) [A pleading must be based on "knowledge, information, and belief" that "the factual contentions have evidentiary support."].

Either way, plaintiffs did not suffer a specialized injury different in kind from the general public. *Venuto v. Owens-Corning Fiberglass Corp.* (1971) 22 Cal.App.3d 116, 122-125. Plaintiffs allege that they suffered an individual injury because "the general public avoids Lunada Bay given the conditions there." Opposition, p. 15:1-10. This argument completely lacks logic. Basically, plaintiffs are claiming that by visiting Lunada Bay they suffered a different injury than those who never visited Lunada Bay. Conversely, their injury is the exact same as anybody who did visit Lunada Bay. So, once again, there is no individualized injury.[5]

## VII.   BLAKEMAN DID NOT ASSAULT OR BATTER PLAINTIFFS

If a picture is worth a thousand words, then a video must tell all. Given Reed's disposition caught on video during the entire beer spraying episode, it is impossible to give any credence to her claim that she felt any fear of immediate harm, let alone being in fear of rape. See, Opposition, p. 9:5. "Generally speaking, an assault is a demonstration of an unlawful intent by one person to inflict immediate injury on the person of another then present." *Lowry v. Standard Oil Co. of California*, 63 Cal.App.2d 1, 6-7 (1944). Blakeman was holding a camera during the entire

---

[5] To address Fn. 1, stating the Blakeman "sang a different tune" in his opposition to class certification, at that time, the issue was whether the putative plaintiffs were harmed at all. Here the issue is, assuming harm, did plaintiffs suffer a different harm from everybody else? Ironically, plaintiffs' motion for class certification offered declarations from various individuals who actually visited Lunada Bay and suffered the exact same alleged injury as they did.

**DEFENDANT BLAKEMAN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT**

exchange, objectively plaintiffs' fear was unfounded. As a matter of law, Blakeman did not assault Reed on January 29, 2016, or any other day for that matter.

Same is true Spencer's claim of assault. Blakeman simply surfed next to Spencer, who continued to stay in the water for nearly two hours. Blocking another person from getting waves is not the same as putting them in fear of immediate injury.

As for the battery charge, it is undisputed that Blakeman never touched either of the plaintiffs. The fact that plaintiffs even maintain this cause of action against anyone other than co-defendant Johnston is a violation of Rule 11. There was no battery committed by Blakeman on either of the plaintiffs.

## VIII. THE COSTAL RANGERS HAVE NO STANDING

Defendants know very little about the Costal Protection Rangers ("CPR"), other than what appears on their website, because the person most qualified failed to appear for the their scheduled deposition on August 7, 2017. In any event, CPR purports to be a non-profit agency that is interested in protecting the coastline.

The cases CPR cites in its opposition acknowledge that "organizational standing" requires, at a minimum, that "its members would otherwise have standing to sue in their own right."  (See cases cited in Plaintiff's opposition,  *Assoc. Gen Contractors of America v. Metropolitan Water Dist. of S. Cal*, 159 F.3d 1178, (9th Cir. 1998) and P*roperty Owner of Whispering Palms, Inc. v. Newport Pac. Inc.*, 132 Cal.App.4th 666 (2005) [incorrectly cited in Plaintiffs' brief]; See also, *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 563 (1992) [discussing requirement for standing of "injury in fact" or "imminent, not conjectural or hypothetical" injury and concluding that  "affiants profession of an "intent" to return to the places they had visited before where they will presumably, this time, be deprived of the opportunity to observe animals  of the endangered species—is simply not enough.. Such "someday" intentions—without any description of concrete plans…do not support a finding of the "actual or imminent" injury that our cases require."].

///

10

Neither the complaint nor any of the declarations submitted by plaintiffs in opposition to the present motion assert that any individual member of the Coastal Protection Rangers was directly subjected to any harm by Blakeman or any other defendant in the case. In fact, no single "member" of CPR is even referenced in Plaintiffs' argument that CPR has standing. The complaint merely states that the group is "dedicated to enforcing the Coastal Act," although the Coastal Act claim was previously dismissed from this case.

The Bane Act expressly limits standing to sue for hate crimes to "the Attorney General, or any district attorney or city attorney (sect. 52.1(a) or "[a]ny individual whose exercise or enjoyment of rights…has been interfered with, or attempted to be interfered with…" *Cal. Civ.Code* §52.1(b)).  It is well settled under the case law interpreting the Bane Act that "section 52.1 claims can only be asserted by plaintiffs who themselves have been subjected to interference with constitutional rights, violence, or threats."  *Lopez v. County of L.A.*, 2015 U.S. Dist. LEXIS 82918 (C.D. Cal 2015). "Because the Bane Act does not provide a cause of action for persons who were not present and did not witness the violence, threats, or interference…the rational interpretation of the Bane Act is that it is limited to plaintiffs who themselves have been the subject of violence or threats…" *Id.*; *See also, Medrano v. Kern County Sheriff's Dept.*, 921 F. Supp.2d at 1009, 1016 (E.D Cal. 2013).

Likewise, the California statutes relating to public nuisance have their own express standing requirements.  Under *Civil Code* section 3493, "A private person may maintain an action for public nuisance, if it is specially injurious to himself, but not otherwise."  Additionally, Code of Civil Procedure section 731 similarly states that "[a]n action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by a nuisance defined in Section 3479 of the Civil Code…or in the name of the People of the state of California by the district attorney or county counsel of any county in which the nuisance exists."

///

**DEFENDANT BLAKEMAN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT**

Here, no individual CPR member has or can allege that they were present at Lunada Bay and suffered individualized harm at the behest of Blakeman or any other defendant. Obviously, actions for assault, battery and negligence cannot be brought by an organization either.

Since neither the CPR, nor any of its members have or can allege the individualized harm required for standing under the causes of action asserted against Blakeman, CPR lacks standing with respect to all of its claims as against Blakeman, and the entity must be dismissed.

## IX. <u>CONCLUSION</u>

Defendant Brant Blakeman respectfully requests this Court to enter summary judgment against plaintiffs CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC. on all of their claims on the grounds that plaintiffs lack sufficient evidence to support any cause of action against defendant Blakeman, and, therefore, defendant Blakeman is entitled to judgment as a matter of law.

Alternatively, should summary judgment of the entire Complaint be denied, defendant BRANT BLAKEMAN seeks partial summary judgment of the following causes of action ONLY:

1. First Cause of Action for Violations of the Bane Act (California Civil Code section 52.1);

2. Second Cause of Action for Public Nuisance (California Civil Code sections 3479 and 3480);

3. Sixth Cause of Action for Assault; and,

4. Seventh Cause of Action for Battery.

Defendant Blakeman does not seek partial summary judgment on the Eighth Cause of Action for Negligence.

///

///

**DEFENDANT BLAKEMAN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT**

1   Additionally, given the failure to present any evidence in support of their claims
2   that Blakeman was a member of an unincorporated association under Cal. Code of
3   Civil Procedure section 369.5 and Corporation Code section 18035 or a criminal street
4   gang under the California's Street Terrorism Enforcement and Prevention (STEP) Act,
5   codified as Penal Code section 186.20, both of those issues should be summarily
6   adjudicated in Blakeman's favor. Moreover, the conspiracy claim against Blakeman
7   should be dismissed for lack of evidence as well.

8

9   Dated: August 17, 2017                **VEATCH CARLSON, LLP**

10

11                                        By: /s/ John E. Stobart
                                          RICHARD P. DIEFFENBACH
12                                        JOHN E. STOBART
                                          Attorneys for Defendant,
13                                        BRANT BLAKEMAN

14

15  Dated: August 17, 2017                **BUCHALTER NEMER**

16

17                                        By: /s/ Robert S. Cooper
                                          ROBERT S. COOPER
18                                        Attorneys for Defendant,
                                          BRANT BLAKEMAN

19

20

21

22

23

24

25

26

27

28

**DEFENDANT BLAKEMAN'S REPLY ISO MOTION FOR SUMMARY JUDGMENT**