**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DANA ALDEN FOX, SB# 119761
  E-Mail: Dana.Fox@lewisbrisbois.com
EDWARD EARL WARD JR. SB#249006
  E-Mail: Edward.Ward@lewisbrisbois.com
TERA A. LUTZ, SB# 305304
  E-Mail: Tera.Lutz@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant SANG LEE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>          Plaintiffs,<br><br>     vs.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA; and ___N.F.___; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>          Defendants. | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>Assigned District Judge Hon. S. James Otero, Courtroom 10C<br><br>Discovery Assigned to Magistrate Judge Hon. Rozella A. Oliver<br><br>**DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Reply; Opposition & Objections to Request for Judicial Notice; Response to Additional Material Facts]*<br><br>Date:    September 5, 2017<br>Time:   10:00 a.m.<br>Crtrm.: 10C<br><br>Complaint filed:    March 29, 2016<br>Trial Date:           November 7, 2017 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Defendant Sang Lee ("Defendant Lee") hereby submits the following evidentiary objections to Plaintiffs' Evidence filed in support of Defendant Sang Lee's Motion for Summary Judgment.

## I.   OBJECTIONS TO DECLARATIONS FILED BY PLAINTIFFS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT LEE'S MOTION FOR SUMMARY JUDGMENT

**a. Declaration of Samantha Wolff Submitted In Support of Plaintiffs' Opposition to Individual Defendants' Motions for Summary Judgment or, in the Alternative, Summary Adjudication**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 1.  Paragraph 2, p. 2: 23-25 "Attached hereto as Exhibit 1 is a true and correct copy of select excerpts of the deposition transcript of Steve Barber taken in the instant action on June 22, 2017." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |
| 2.  Paragraph 3, p. 2: 26-28 "Attached hereto as Exhibit 2 is a true and correct copy of select excerpts of the deposition transcript of Defendant Brant Blakeman taken in the instant action on November 21, 2016." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |
| 3.  Paragraph 4, p. 3:1-3 "Attached hereto as Exhibit 3 is | Objection. Defendant Lee objects to this statement | SUSTAINED ——————— |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 6 7 | a true and correct copy of select excerpts of the deposition transcript of Defendant Angelo Ferrara taken in the instant action on October 28, 2016." | and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | OVERRULED _____ |
| 8 9 10 11 12 13 14 | 4.  Paragraph 5, p. 3:4-6 "Attached hereto as Exhibit 4 is a true and correct copy of select excerpts of the deposition transcript of Defendant Charles Ferrara taken in the instant action on July 7, 2017." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED _____ OVERRULED _____ |
| 15 16 17 18 19 20 21 | 5.  Paragraph 6, p. 3: 7-9 "Attached hereto as Exhibit 5 is a true and correct copy of select excerpts of the deposition transcript of Defendant Frank Ferrara taken in the instant action on July 10, 2017." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED _____ OVERRULED _____ |
| 22 23 24 25 26 27 | 6.  Paragraph 7, p. 3: 10-12 "Attached hereto as Exhibit 6 is a true and correct copy of select excerpts of the deposition transcript of Defendant Alan Johnston taken in the instant | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. | SUSTAINED _____ OVERRULED _____ |

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| | action on July 28, 2017." | (Fed. R. Evid. 401, 402). | |
| | 7.  Paragraph 8, p. 3: 13-15 "Attached hereto as Exhibit 7 is a true and correct copy of select excerpts of the deposition transcript of Defendant Jeff Kepley taken in the instant action on October 10, 2016." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |
| | 8.  Paragraph 10, p. 3:19-21 "Attached hereto as Exhibit 9 is a true and correct copy of select excerpts of the deposition transcript of N.F. taken in the instant action on July 6, 2017." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |
| | 9.  Paragraph 13, p. 4:1-3 "Attached hereto as Exhibit 12 is a true and correct copy of the Declaration of Bruce Bacon in Support of Plaintiffs' Motion for Class Certification [Docket No. 168]. | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to | SUSTAINED ——————— OVERRULED ——————— |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3 | | inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | |
| 17 | 10. Paragraph 14, p.4: 4-6 "Attached hereto as Exhibit 13 is a true and correct copy of the Declaration of John Carpenter in Support of Plaintiffs' Motion for Class Certification [Docket No. 161]. | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues | SUSTAINED _____ OVERRULED _____ |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3 | | into these summary | |
| 4 | | judgment proceedings. | |
| 5 | | Issues of certification have | |
| 6 | | already been determined, | |
| 7 | | and those issues are | |
| 8 | | unrelated to the motion | |
| 9 | | now before the Court. On | |
| 10 | | that basis, Defendant Lee | |
| 11 | | also objects to this | |
| 12 | | statement as lacking | |
| 13 | | relevance to the instant | |
| 14 | | litigation. (Fed. R. Evid. | |
| 15 | | 401, 402). | |
| 16 | 11. Paragraph 15, p.4: 7-9 | Objection. Defendant Lee | SUSTAINED |
| 17 | "Attached hereto as Exhibit 14 is | objects to this statement | ———————— |
| 18 | a true and correct copy of the | and the referenced | OVERRULED |
| 19 | Declaration of Chris Claypool in | document on the grounds | |
| 20 | Support of Plaintiffs' Motion for | that it relates to Plaintiffs' | ———————— |
| 21 | Class Certification [Docket No. | Motion for Class | |
| 22 | 176]." | Certification, which this | |
| 23 | | Court denied. (*See* Dkt. | |
| 24 | | No. 225.) Plaintiffs are | |
| 25 | | improperly attempting to | |
| 26 | | inject certification issues | |
| 27 | | into these summary | |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3 | | judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | |
| 15 | 12. Paragraph 16, p. 4: 10-12 "Attached hereto as Exhibit 15 is a true and correct copy of the Declaration of Kenneth Claypool in Support of Plaintiffs' Motion for Class Certification [Docket No. 166]." | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. | SUSTAINED _____ OVERRULED _____ |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| | | Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | |
| | 13. Paragraph 17, p. 4: 13-15 "Attached hereto as Exhibit 16 is a true and correct copy of the Declaration of James Conn in Support of Plaintiffs' Motion for Class Certification [Docket No. 174]." | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have | SUSTAINED _____ OVERRULED _____ |

4833-9366-6124.1

2:16-cv-2129

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 6 7 8 9 10 11 12 | | already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | |
| 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | 14.Paragraph 18, p. 4: 16-18 "Attached hereto as Exhibit 17 is a true and correct copy of the Declaration of Michael Alexander Gero in Support of Plaintiffs' Motion for Class Certification [Docket No. 170]. | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, | SUSTAINED _____ OVERRULED _____ |
| 28 | | | |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | and those issues are | |
| 4 | | unrelated to the motion | |
| 5 | | now before the Court. On | |
| 6 | | that basis, Defendant Lee | |
| 7 | | also objects to this | |
| 8 | | statement as lacking | |
| 9 | | relevance to the instant | |
| 10 | | litigation. (Fed. R. Evid. | |
| 11 | | 401, 402). | |
| 12 | 15. Paragraph 19, p. 4: 19-21 | Objection. Defendant Lee | SUSTAINED |
| 13 | "Attached hereto as Exhibit 18 is | objects to this statement | _____ |
| 14 | a true and correct copy of the | and the referenced | OVERRULED |
| 15 | Declaration of Jason Gersch in | document on the grounds | _____ |
| 16 | Support of Plaintiffs' Motion for | that it relates to Plaintiffs' | |
| 17 | Class Certification [Docket No. | Motion for Class | |
| 18 | 170]." | Certification, which this | |
| 19 | | Court denied. (*See* Dkt. | |
| 20 | | No. 225.) Plaintiffs are | |
| 21 | | improperly attempting to | |
| 22 | | inject certification issues | |
| 23 | | into these summary | |
| 24 | | judgment proceedings. | |
| 25 | | Issues of certification have | |
| 26 | | already been determined, | |
| 27 | | and those issues are | |
| 28 | | | |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3 4 5 6 7 8 9 10 | | unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | |
| 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | 16.Paragraph 20, p. 4: 22-24 "Attached hereto as Exhibit 19 is a true and correct copy of the Declaration of John Geoffrey Hagins in Support of Plaintiffs' Motion for Class Certification [Docket No. 178]." | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion | SUSTAINED _____ OVERRULED _____ |

4833-9366-6124.1                                                                 2:16-cv-2129

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3 | | now before the Court. On | |
| 4 | | that basis, Defendant Lee | |
| 5 | | also objects to this | |
| 6 | | statement as lacking | |
| 7 | | relevance to the instant | |
| 8 | | litigation. (Fed. R. Evid. | |
| 9 | | 401, 402). | |
| 10 | 17. Paragraph 21, p. 4:25-27 | Objection. Defendant Lee | SUSTAINED |
| 11 | "Attached hereto as Exhibit 20 is | objects to this statement | _____ |
| 12 | a true and correct copy of the | and the referenced | OVERRULED |
| 13 | Declaration of John Innis in | document on the grounds | _____ |
| 14 | Support of Plaintiffs' Motion for | that it relates to Plaintiffs' | |
| 15 | Class Certification [Docket No. | Motion for Class | |
| 16 | 165]." | Certification, which this | |
| 17 | | Court denied. (*See* Dkt. | |
| 18 | | No. 225.) Plaintiffs are | |
| 19 | | improperly attempting to | |
| 20 | | inject certification issues | |
| 21 | | into these summary | |
| 22 | | judgment proceedings. | |
| 23 | | Issues of certification have | |
| 24 | | already been determined, | |
| 25 | | and those issues are | |
| 26 | | unrelated to the motion | |
| 27 | | now before the Court. On | |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | |
| 18. Paragraph 22, p. 5: 1-3 "Attached hereto as Exhibit 21 is a true and correct copy of the Declaration of Daniel Jongeward in Support of Plaintiff's Motion for Class Certification [Docket No. 177]." | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee | SUSTAINED _____ OVERRULED _____ |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | |
| 19. Paragraph 23, p. 5: 4-6 "Attached hereto as Exhibit 22 is a true and correct copy of the Declaration of Sef Krell in Support of Plaintiffs' Motions for Class Certification [Docket No. 180]." | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this | SUSTAINED _____ OVERRULED _____ |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | |
| 20. Paragraph 24, p. 5: 7-9 "Attached hereto as Exhibit 23 is a true and correct copy of the Declaration of Joseph Lanning in Support of Plaintiffs' Motion for Class Certification [Docket No. 172]." | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking | SUSTAINED ———————— OVERRULED ———————— |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3 4 5 | | relevance to the instant litigation. (Fed. R. Evid. 401, 402). | |
| 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | 21. Paragraph 25, p. 5: 10-12 "Attached hereto as Exhibit 24 is a true and correct copy of the Declaration of John MacHarg in Support of Plaintiff's Motion for Class Certification [Docket No. 160]. | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant | SUSTAINED _____ OVERRULED _____ |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3<br>4 | | litigation. (Fed. R. Evid. 401, 402). | |
| 5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | 22. <u>Paragraph 26, p.5: 13-15</u> "Attached hereto as Exhibit 25 is a true and correct copy of the Declaration of Carl Marsch in Support of Plaintiffs' Motion for Class Certification [Docket No. 179]." | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. | SUSTAINED<br>————————<br>OVERRULED<br>———————— |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
|  | 401, 402). |  |
| 23. Paragraph 27, p. 5: 16-18 "Attached hereto as Exhibit 26 is a true and correct copy of the Declaration of Stephen Neushul in Support of Plaintiffs' Motion for Class Certification [Docket No. 173." | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | SUSTAINED _____ OVERRULED _____ |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 6 7 8 9 | 24. Paragraph 28, p. 5: 19-21 "Attached hereto as Exhibit 27 is a true and correct copy of the Declaration of Peter Neushul in Support of Plaintiffs' Motion for Class Certification [Docket No. 184-1]." | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. | SUSTAINED ———————— OVERRULED ———————— |
| 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 | | No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | |
| 27 | 25. Paragraph 29, p. 5: 22-24 | Objection. Defendant Lee | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 | "Attached hereto as Exhibit 28 is a true and correct copy of the Declaration of Victor Otten in Support of Plaintiffs' Motion for Class Certification [Docket No. 159-3]." | objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | SUSTAINED _____ OVERRULED _____ |
| 26 27 | 26. Paragraph 30, p.5: 25-27 "Attached hereto as Exhibit 29 is | Objection. Defendant Lee objects to this statement | SUSTAINED _____ |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | a true and correct copy of the | and the referenced | OVERRULED |
| 4 | Declaration of Sharlean Perez in | document on the grounds | ———————— |
| 5 | Support of Plaintiffs' Motion for | that it relates to Plaintiffs' | |
| 6 | Class Certification [Docket No. | Motion for Class | |
| 7 | 164]." | Certification, which this | |
| 8 | | Court denied. (*See* Dkt. | |
| 9 | | No. 225.) Plaintiffs are | |
| 10 | | improperly attempting to | |
| 11 | | inject certification issues | |
| 12 | | into these summary | |
| 13 | | judgment proceedings. | |
| 14 | | Issues of certification have | |
| 15 | | already been determined, | |
| 16 | | and those issues are | |
| 17 | | unrelated to the motion | |
| 18 | | now before the Court. On | |
| 19 | | that basis, Defendant Lee | |
| 20 | | also objects to this | |
| 21 | | statement as lacking | |
| 22 | | relevance to the instant | |
| 23 | | litigation. (Fed. R. Evid. | |
| 24 | | 401, 402). | |
| 25 | 27. Paragraph 31, p.6:1-3 | Objection. Defendant Lee | SUSTAINED |
| 26 | "Attached hereto as Exhibit 30 is | objects to this statement | ———————— |
| 27 | a true and correct copy of the | and the referenced | |

28

4833-9366-6124.1

21

2:16-cv-2129

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 | Declaration of Diana Milana Reed in Support of Plaintiffs' Motion for Class Certification [Docket No. 159-5]." | document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | OVERRULED _____ |
| 24 25 26 27 | 28. Paragraph 31, p.6: 4-6 "Attached hereto as Exhibit 31 is a true and correct copy of the Declaration of Benjamin Sionuit | Objection. Defendant Lee objects to this statement and the referenced document on the grounds | SUSTAINED _____ OVERRULED _____ |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

28

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| | in Support of Plaintiffs' Motion for Class Certification [Docket No. 308]." | that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | |
| | 29. Paragraph 33, p.6: 7-9 "Attached hereto as Exhibit 32 is a true and correct copy of the Declaration of Michael Sisson in Support of Plaintiffs' Motion for | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' | SUSTAINED ———————— OVERRULED ———————— |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 | Class Certification [Docket No. 169]." | Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | |
| 22 23 24 25 26 27 | 30. Paragraph 34, p. 6: 10-12 "Attached hereto as Exhibit 33 is a true and correct copy of the Declaration of Slatten in Support of Plaintiffs' Motion for Class Certification [Docket No. 159- | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class | SUSTAINED ———————— OVERRULED ———————— |

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 6].” | Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | |
| 31. Paragraph 35, p. 6: 13-15 “Attached hereto as Exhibit 34 is a true and correct copy of the Declaration of Cory Spencer in Support of Plaintiffs’ Motion for Class Certification [Docket No. 159-4].” | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs’ Motion for Class Certification, which this | SUSTAINED ———————— OVERRULED ———————— |

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 | | Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | |
| 20 21 22 23 24 25 26 27 | 32. Paragraph 36, p. 6: 16-18 "Attached hereto as Exhibit 35 is a true and correct copy of the Declaration of Blake Will in Support of Plaintiffs' Motion for Class Certification [Docket No. 163]." | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. | SUSTAINED _____ OVERRULED _____ |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| | | No. 225.) Plaintiffs are improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | |
| | 33. Paragraph 37, p. 6: 19-21 "Attached hereto as Exhibit 36 is a true and correct copy of the Declaration of Andrew Willis in Support of Plaintiffs' Motion for Class Certification [Docket No. 309]." | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (See Dkt. No. 225.) Plaintiffs are | SUSTAINED ——————— OVERRULED ——————— |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| | | improperly attempting to inject certification issues into these summary judgment proceedings. Issues of certification have already been determined, and those issues are unrelated to the motion now before the Court. On that basis, Defendant Lee also objects to this statement as lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402). | |
| | 34. Paragraph 38, p. 6: 22-24 "Attached hereto as Exhibit 37 is a true and correct copy of the Declaration of Stephen Young in Support of Plaintiffs' Motion for Class Certification [Docket No. 167." | Objection. Defendant Lee objects to this statement and the referenced document on the grounds that it relates to Plaintiffs' Motion for Class Certification, which this Court denied. (*See* Dkt. No. 225.) Plaintiffs are improperly attempting to | SUSTAINED _____ OVERRULED _____ |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3 | | inject certification issues | |
| 4 | | into these summary | |
| 5 | | judgment proceedings. | |
| 6 | | Issues of certification have | |
| 7 | | already been determined, | |
| 8 | | and those issues are | |
| 9 | | unrelated to the motion | |
| 10 | | now before the Court. On | |
| 11 | | that basis, Defendant Lee | |
| 12 | | also objects to this | |
| 13 | | statement as lacking | |
| 14 | | relevance to the instant | |
| 15 | | litigation. (Fed. R. Evid. | |
| 16 | | 401, 402). | |
| 17 | 35. Paragraph 39, p. 6-7 | Objection. Defendant Lee | SUSTAINED |
| 18 | "Defendant Charlie Ferrara is | objects to this statement | _____ |
| 19 | recorded in an audio | and the referenced | OVERRULED |
| 20 | conversation with Plaintiff Diana | document as lacking | _____ |
| 21 | Reed, a copy of which was | relevance in the litigation | |
| 22 | previously produced as bates | against Defendant Lee. | |
| 23 | PLTF002027. A true and correct | (Fed. R. Evid. 401, 402). | |
| 24 | copy of this audio recording, | | |
| 25 | bates PLTF002027, is Exhibit 38 | | |
| 26 | to this declaration and is lodged | | |
| 27 | separately with the court. *See* | | |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3<br>4<br>5<br>6<br>7<br>8<br>9 | Plaintiffs' Notice of Lodging. Additionally, I caused my office to transcribe the conversation between Defendant Charlie Ferrara and Plaintiff Reed. This transcription is attached as Exhibit 43." | | |
| 10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | 36. Paragraph 40: p. 7: 4-9 "Attached hereto as Exhibit 39 is a true and correct copy of Defendant Lee's Cell Phone Records, which were produced in discovery pursuant to a subpoena, at 0007, 0008, 0273-0275, indicating Sang Lee (at phone number 0699) called Defendant Blakeman (at phone numbers 3917 and 7934) 62 times on January 29, 2016, the day Plaintiffs Spencer and Reed were intimidated, harassed, and Plaintiff Spencer was attacked. | Objection. Defendant Lee objects to this statement and the referenced documents on the grounds that it lacks foundation that a call was made to the number assigned at the time to Defendant Blakeman. (Fed. R. Evid. 901). There is no evidence to support that Defendant Blakeman can be reached at phone numbers with the last four digits of "3917" and/or "7934." On that basis, Defendant Lee also objects to this statement as lacking relevance to the | SUSTAINED<br>_____<br>OVERRULED<br>_____ |

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 | | instant litigation. (Fed. R. Evid. 401, 402, 901). | |
| 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | 37. Paragraph 4, p. 7:10-14 "Attached hereto as Exhibit 40 is a true and correct copy of Defendant Lee's Cell Phone Records, which were produced in discovery pursuant to a subpoena, at 0007, 0008, 0267-0269, indicating that on January 29, 2016, Defendant Sang Lee made a significant number of phone calls to Bay Boys, including Charlie Mowat (9561) and David Melo (5858). | Objection. Defendant Lee objects to this statement and the referenced documents on the grounds that it lacks foundation that a call was made to the number assigned at the time to either Charlie Mowat or David Melo (Fed. R. Evid. 901). There is no evidence to support the claim that Charlie Mowat can be reached at a phone number with the last four digits "9561." There is also no evidence to support the claim that David Melo can be reached at the phone number with the last four digits "5858." On that basis, Defendant Lee also objects to this statement as | SUSTAINED ———————— OVERRULED ———————— |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 6 7 8 9 10 11 12 13 | | lacking relevance to the instant litigation. (Fed. R. Evid. 401, 402, 901). Defendant Lee also objects to this statement as lacking relevance because Mr. Mowat and Mr. Melo are not parties to this suit and therefore not identified as "Bay Boys." | |
| 14 15 16 17 18 19 20 21 22 | 38. Paragraph 42, p. 7:15-17 "Attached hereto as Exhibit 41 is a true and correct copy of Alan Johnston's Chat Messages, which were produced in discovery by Defendant Johnston. This document was produced without bates numbers." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |
| 23 24 25 26 27 | 39. Paragraph 44, p. 7-8 "From the Easy Reader New Website, I downloaded the following article, a true and correct copy of which is attached | Objection. Defendant Lee refers to and incorporates by reference its Opposition and Objection to Plaintiffs' Request for Judicial | SUSTAINED ——————— OVERRULED ——————— |

28

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3 | as Exhibit A to Plaintiffs' Request for Judicial Notice: Easy Reader News, February 6, 2014, Rachel Reeves, "Lunada Bay localism faces a new challenge." This article is available online through the Easy Reader News website at: http://www.easyreadernews.com/ lunada-bay-localism-faces-new-challenge/. | Notice. Defendant Lee further objects on the basis that this statement constitutes inadmissible hearsay. (Fed. R. Evid. 801, 802.) Defendant objects to this statement as lacking relevance. (Fed. R. Evid. 401, 402). | |
| 14 | 40. Paragraph 45, p. 8:3-9 "From the Los Angeles Times Website, I downloaded the following article, a true and correct copy of which is attached as Exhibit B to Plaintiffs' Request for Judicial Notice: The Los Angeles Times, May 8, 1995, Tony Perry, "Turf Wars Spoil Sanctity of Southland Surf Beaches: Violence: Popularity leads to crowding. Charges that one group attached outsiders highlight the problem." This | Objection. Defendant Lee refers to and incorporates by reference its Opposition and Objection to Plaintiffs' Request for Judicial Notice. Defendant Lee further objects on the basis that this statement constitutes inadmissible hearsay. (Fed. R. Evid. 801, 802.) Defendant objects to this statement as lacking relevance. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| | article is available online through The Los Angeles Times website at: http://articles.latimes.com/ 1995-05-08/news/mn-63785_1 _lunada-bay. | | |
| | 41. Paragraph 46, p. 8: 10-16 "From the LA Weekly Website, I downloaded the following article, a true and correct copy of which is attached as Exhibit C to Plaintiffs' Request for Judicial Notice: LA Weekly, May 9, 2016, Hillel Aron, "Can a Copy, a Model and Two Lawyers Break a Surf Gang's 45- Year Grip on Lunada Bay?" This article is available online through LA Weekly's website at: http://www.laweekly.com/news/ can-a-cop-a-model-and-two-lawyers-break-a-surf-gang-s-45 -year-grip-on-lunada-bay-6902450." | Objection. Defendant Lee refers to and incorporates by reference its Opposition and Objection to Plaintiffs' Request for Judicial Notice. Defendant Lee further objects on the basis that this statement constitutes inadmissible hearsay. (Fed. R. Evid. 801, 802.) Defendant objects to this statement as lacking relevance. (Fed. R. Evid. 401, 402). | SUSTAINED ———————— OVERRULED ———————— |
| | 42. Paragraph 47: p. 8: 17-27 "On February 5, 2016, a Los | Objection. Defendant Lee refers to and incorporates | SUSTAINED ———————— |

The numbers 1–28 appear down the left margin of the page.

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| Angeles Times photographer took a photo on the bluffs of Lunada Bay of Defenant Brant Blakeman holding a video camera and recording Ken Claypool and Christopher Taloa while they walked down to the shoreline to go surfing. The photograph was included in an article that was published by the Los Angeles Times on February 12, 2016, Garrett Therolf: "Bay Boys' surfer gang cannot block access to upscale beach, Coastal Commission says." During his deposition, Defendant Blakeman admitted that he is the man holding the video camera in the photo. *See* Ex. 2 at 192: 18-5. I downloaded this February 5, 2017 photograph from the Los Angeles Times Website at: http://www.latimes.com/local/ California/la-me-surfer-gang-enforcement-201602110- | by reference its Opposition and Objection to Plaintiffs' Request for Judicial Notice. Defendant Lee further objects on the basis that this statement constitutes inadmissible hearsay. (Fed. R. Evid. 801, 802.) Defendant objects to this statement as lacking relevance. (Fed. R. Evid. 401, 402). | OVERRULED _____ |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| | story.html, a true and correct copy of which is attached as Exhibit 44." | | |
| | 43. Paragraph 48, p. 8-9 "On January 29, 2016, while surfing at Lunada Bay, Plaintiff Cory Spencer was run over in the water by a Bay Boy who was coordinating his attack with Defendant Blakeman and other Bay Boys who were in the water and on the shoreline. As a result of this attack, Plaintiff Spencer sustained a cut to his right wrist, which resulted in an approximately half-inch scar. Attached as Exhibit 45 is a true and correct copy of a photo depicting Plaintiff Spencer's right wrist. He is pointing to the scar with the tip of a pen in the photo. This Exhibit was marked as exhibit 43 during his deposition." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————————— OVERRULED ——————————— |
| | 44. Paragraph 49, p. 9:8-14 | Objection. Defendant Lee | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | "In the course of Plaintiffs' meet and confer discussions with counsel for each of the Individual Defendants, Plaintiffs' counsel offered to stipulate to the dismissal of the negligence cause of action against each Defendant, explaining that discovery has revealed that Defendants' conduct to exclude, harass, intimidate, and attack Plaintiffs was (and is) intentional. Counsel for Defendants Blakeman, Charlie and Frank Ferrara, and Angelo Ferrara refused the proffered stipulation without any explanation." | objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED<br>_____<br>OVERRULED<br>_____ |
| 21<br>22<br>23<br>24<br>25<br>26<br>27 | 45. Paragraph 50, p. 9:15-27 "On November 16, 2016, my office served requests for production of documents on Defendants Charlie and Frank Ferrara. These requests sought, among other items, copies of | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED<br>_____<br>OVERRULED<br>_____ |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3 | each Defendant's cell phone bill | | |
| 4 | from January 1, 2013 to present. | | |
| 5 | (*See*, Request for Production No. | | |
| 6 | 40.) Plaintiffs also requested | | |
| 7 | copies of text messages or | | |
| 8 | records of phone calls with a co- | | |
| 9 | defendant in this matter. | | |
| 10 | (Request For Production No. 7). | | |
| 11 | Both Defendants responded that | | |
| 12 | they did not have any documents | | |
| 13 | in response to the request | | |
| 14 | seeking text messages or phone | | |
| 15 | calls with a co-defendant. A true | | |
| 16 | and correct copy of Defendants' | | |
| 17 | responses to Plaintiff Cory | | |
| 18 | Spencer's document requests are | | |
| 19 | attached as Exhibit 46. Notably, | | |
| 20 | however, Defendants Charlie and | | |
| 21 | Frank Ferrara's co- Defendant, | | |
| 22 | Sang Lee, was served with an | | |
| 23 | identical request and responded | | |
| 24 | the production of a privilege log, | | |
| 25 | deomstrating numerous | | |
| 26 | communications between these | | |
| 27 | three Defendants. A true and | | |

**DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3<br>4<br>5 | correct copy of Defendant Sang Lee's privilege log is attached as Exhibit 47. | | |
| 6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24 | 46. Paragraph 52, p. 9-10 "Additionally, despite being served with document requests for cell phone records in November 2016, I am informed and believe that neither Charlie Ferrara nor Frank Ferrara attempted to obtain these documents until approximately June or July 2017, despite numerous meet and confer discussions with their counsel which commenced in January 2017. Indeed, Defendant Charlie Ferrara testified at his July 7, 2017 deposition that he hasn't "really tried that hard" to locate his cell phone bills. (Ex. 4 at 164:13-165:7). | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED<br>———————<br>OVERRULED<br>——————— |
| 25<br>26<br>27 | 47. Paragraph 52, p. 10: 7-15 "Despite subsequently being ordered by Magistrate Judge | Objection. Defendant Lee objects to this statement and the referenced | SUSTAINED<br>——————— |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| | Oliver to produce all cell phone bills and text messages (Docket No. 267), counsel for Defendants Charlie and Frank Ferrara ignored the Court's order and failed to produced (sic) Defendant Charlie and Frank Ferrara's cell phone data. Again, Magistrate Judge Oliver ordered the production of Charlie Ferrara's cell phone data, observing that his counsel "just chose not to produce all of it." (*See* Transcript of July 26, 2017 Telephonic Hearing, attached as Exhibit 48, at 17:7) Notably, Defendant Charlie Ferrara had already filed his motion for summary judgment, arguing Plaintiffs did not possess sufficient evidence to prove their claims." | document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | OVERRULED _____ |
| | 48. Paragraph 53: p. 10: 16-26 "At the July 26, 2017 telephonic | Objection. Defendant Lee objects to this statement and the referenced | SUSTAINED _____ |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3 | hearing, I advised the Court that | document as lacking | OVERRULED |
| 4 | Defendants Charlie and Frank | relevance in the litigation | ——————— |
| 5 | Ferrara's cell phone records only | against Defendant Lee. | |
| 6 | date back to February 21, 2016, | (Fed. R. Evid. 401, 402). | |
| 7 | and are missing necessary data | | |
| 8 | that is relevant to the dates the | | |
| 9 | Plaintiffs were harassed and | | |
| 10 | attacked- January 29, 2016, | | |
| 11 | February 5, 2016 and February | | |
| 12 | 13, 2016. It appears that because | | |
| 13 | of Defendants' delay in seeking | | |
| 14 | this information from their cell | | |
| 15 | phone carrier, this critical data | | |
| 16 | was lost. Further, Defendant | | |
| 17 | Charlie Ferrara testified at his | | |
| 18 | deposition that he has not done | | |
| 19 | anything to preserve the | | |
| 20 | information that is on his phone, | | |
| 21 | including photographs and text | | |
| 22 | messages. (*See* Ex. 4 at 172:25- | | |
| 23 | 4). As Magistrate Judge Oliver | | |
| 24 | observed at the July 26, 2017 | | |
| 25 | hearing on this topic, "it is | | |
| 26 | baffling" that Defendants | | |
| 27 | ignored their document | | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3<br>4 | preservation obligations altogether. (Ex. 48 at 14:5-25)." | | |
| 5<br>6<br>7<br>8<br>9<br>10<br>11 | 49. Paragraph 54, p. 11:1-3 "Attached hereto as Exhibit 49 is a true and correct copy of select excerpts of the deposition transcript of Plaintiff Tony Best taken in the instant action on July 12, 2017." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED<br>————————<br>OVERRULED<br>———————— |
| 12<br>13<br>14<br>15<br>16<br>17<br>18 | 50. Paragraph 55, p. 11:4-6 "Attached hereto as Exhibit 50 is a true and correct copy of select excerpts of the deposition transcript of Christopher Taloa taken in the instant action on January 5, 2017." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED<br>————————<br>OVERRULED<br>———————— |
| 19<br>20<br>21<br>22<br>23<br>24<br>25 | 51. Paragraph 56, p. 11: 7-9 "Attached hereto as Exhibit 51 is a true and correct copy of select excerpts of the deposition transcript of Charles Thomas Mowat taken in the instant action on July 21, 2017." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED<br>————————<br>OVERRULED<br>———————— |
| 26<br>27 | 52. Paragraph 57, p. 11: 10-12 | Objection. Defendant Lee objects to this statement | SUSTAINED<br>———————— |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| "Attached hereto as Exhibit 52 is a true and correct copy of select excerpts of the deposition transcript of Catherine Placek taken in the instant action on June 23, 2017." | and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | OVERRULED _____ |

**b. Declaration of Lisa M. Pooley In Support of Plaintiffs' Opposition to Individual Defendants' Motions for Summary Judgment or, in the Alternative, Summary Adjudication**

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| 53. Paragraph 2, p. 2-3 "On June 7, 2017, I contacted Defendant Alan Johnston's attorney, Patrick Carey, and advised him that Plaintiffs wanted to take Mr. Johnston's deposition. I asked for dates that Mr. Johnston and his attorney were available in June. In response, Mr. Carey advised that Mr. Johnston was out of the country, but he had contacted Mr. Johnston and asked him to | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED _____ OVERRULED _____ |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 | schedule a time as soon as possible to come back for his deposition." | | |
| 6 7 8 9 10 11 12 13 14 | 54. Paragraph 3, p. 3:3-5 "Later on June 7, 2017, Mr. Carey informed me that Mr. Johnston was "booked for work through July" and "has a flight scheduled for August 17th." Mr. Carey stated that Plaintiffs could choose any date that week for his deposition." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |
| 15 16 17 18 19 20 21 22 23 24 25 26 | 55.Paragraph 4, p. 3: 6-10 "On June 8, 2017, I responded to Mr. Carey explaining that waiting over two months to take Mr. Johnston's deposition was not feasible for Plaintiffs. I inquired if Mr. Johnston was working remotely until August 17, where he was flying in from, and whether he could not make himself available on some date in June." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |
| 27 | 56. Paragraph 5: p. 3:11-14 | Objection. Defendant Lee | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

28

4833-9366-6124.1

44

2:16-cv-2129

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| "Mr. Carey responded that Mr. Johnston "spends most of his time traveling internationally for VAST," that he currently was in Taiwan "working for VAST Life Taiwan," and that he was advised that Mr. Johnston could not make it back until August 17. Mr. Carey proposed an international video deposition." | objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |
| 57. Paragraph 6, p. 3:15-22 "In response to Mr. Carey, I reminded him that discovery closes on August 7. I also advised that Plaintiffs preferred to take Mr. Johnston's deposition in person, as they are entitled to do. I also stated that I was unsure of Mr. Johnston's employment position, but as a party to this lawsuit, he needed to appear for his deposition upon reasonable notice. I stated that if Mr. Johnston did not agree to appear for his deposition in June, then a | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| conference with Magistrate Judge Oliver would be necessary to resolve the issue. Mr. Johnston did not agree." | | |
| 58. Paragraph 7, p. 3-4 "On June 15, 2017, Magistrate Judge Oliver held a telephonic hearing. After hearing from each party, the Court indicated that if Mr. Johnston was saying he had no date available for his deposition before the close of discovery, then Plaintiffs should proceed with noticing his deposition and, if Mr. Johnston did not appear as noticed, then Plaintiffs would need to follow procedures to compel his attendance. During the hearing, Mr. Carey clarified that Mr. Johnston is not an employee of VAST, but rather he is "sponsored" by this surf company." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |
| 59. Paragraph 8, p. 4:3-6 | Objection. Defendant Lee | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| "After the hearing, magistrate Judge Oliver issued an Order directing the parties to meet and confer in good faith and, if unable to reach a resolution, to schedule a telephonic conference with the Court." | objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED _____ OVERRULED _____ |
| 60. Paragraph 9, p. 4:7-15 "Later on June 15, 2017, Mr. Carey advised me that he had left a message for Mr. Johnston telling him that he must choose a date to come home as soon as possible or Plaintiffs simply would notice his deposition. I advised that Plaintiffs intended to notice Mr. Johnston's deposition, given the delay in scheduling thus far, the impending discovery deadline, and counsel's calendar. But I also stated that Plaintiffs would consider a proposed alternative date on which Mr. Johnston agreed to appear, should he do | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED _____ OVERRULED _____ |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| so. Plaintiffs noticed Mr. Johnston's deposition for June 30, 2017. Attached hereto as **Exhibit 1** is a true and correct (sic) of Plaintiffs' Notice of Deposition of Defendant Alan Johnston, dated June 15, 2017." | | |
| 61. Paragraph 10, p. 4:16-18 "On June 19, 2017, I contacted Mr. Carey to inquire if he had communicated further with Mr. Johnston about his return. Mr. Carey stated that Mr. Johnston "could not make it back for 6/30/17" and he was "still working on it." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ———————— OVERRULED ———————— |
| 62. Paragraph 11, p. 4: 19-23 "On June 20, 2017, Mr. Carey informed me again that Mr. Johnston could not make it back for his deposition on June 30. Mr. Carey stated that he "only break" in Mr. Johnston's schedule is on July 11. Mr. Carey (sic) that he was trying to | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ———————— OVERRULED ———————— |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| arrange something around that date and urging Mr. Johnston to arrange a break and book travel home." | | |
| 63. Paragraph 12, p.4:24-28 "On June 21, 2017, I informed Mr. Carey that because Mr. Johnston had not agreed to appear for his deposition on a mutually-agreeable date, Plaintiffs were not taking the June 30 deposition off calendar. I advised that if Mr. Johnston did not appear for his deposition as noticed, then Plaintiffs would move to compel his deposition and seek sanctions for his failure to appear." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |
| 64. Paragraph 13, p. 5:3-6 "On June 26, 2017, I contacted the Court to request a telephonic hearing concerning Mr. Johnston's deposition. The Court issued an Order directing the parties to meet and confer one | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| more time regarding this dispute and, if not resolved, to submit letter briefs to the Court. (Dkt. 255)." | | |
| 65. Paragraph 14, p. 5: 7-11 "Later that day, Mr. Carey advised me that he "may have Mr. Johnston secured for 7/28/17 deposition," but he could not "100% confirm." He said he hoped to hear from Mr. Johnston shortly. (Mr. Carey made no further mention of Mr. Johnston's "break in his schedule" on July 11.)." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED —————————— OVERRULED —————————— |
| 66. Paragraph 15, p. 5:12-13 "On June 27, 2017, I met and conferred with Mr. Carey again as ordered by the Court, but we did not resolve the matter." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED —————————— OVERRULED —————————— |
| 67. Paragraph 16, p. 5:14-16 "Mr. Carey proposed that Mr. Johnston's deposition proceed on | Objection. Defendant Lee objects to this statement and the referenced | SUSTAINED —————————— |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 6 7 | July 28, although he had not received confirmation from Mr. Johnston yet that he would return to the country for his deposition on that date." | document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | OVERRULED ——————— |
| 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | 68. Paragraph 17, p. 5-6 "In response, I explained that waiting until July 28, even assuming that Mr. Johnston agreed to appear on that date, would put Plaintiffs at an unfair disadvantage given that: (1) Mr. Johnston's testimony might be relevant and necessary to oppose two defense summary judgment motions, which Plaintiffs had been advised would be filed against them (and which had to be filed by July 24, at the latest) and (2) Plaintiffs likely would have insufficient time before the close of discovery on August 7, 2017 to compel testimony from Mr. Johnston, should they need to do so based on his responses | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3<br>4<br>5<br>6<br>7<br>8<br>9 | at his deposition. I proposed that Mr. Johnston appear at his deposition on June 30, as noticed, and, if he would not, then he appear for his deposition the following week, the week of July 3." | | |
| 10<br>11<br>12<br>13<br>14<br>15<br>16 | 69. Paragraph 18, p. 6:4-5 "On June 28, 2017, I submitted a letter brief to Magistrate Judge Oliver concerning Mr. Johnston's deposition. (Dkt. 256)." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ————————— OVERRULED ————————— |
| 17<br>18<br>19<br>20<br>21<br>22<br>23 | 70. Paragraph 19, p. 6:6-7 "On June 30, 2017, Mr. Carey submitted a letter brief to Magistrate Judge Oliver concerning Mr. Johnston's deposition. (Dkt. 257)." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ————————— OVERRULED ————————— |
| 24<br>25<br>26<br>27 | 71. Paragraph 20, p. 6:8-10 "On June 30, 2017, Magistrate Judge Oliver issued an Order for Mr. Johnston to appear for his | Objection. Defendant Lee objects to this statement and the referenced document as lacking | SUSTAINED ————————— OVERRULED ————————— |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| | deposition on July 28, 2017. (Dkt. 259)." | relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | |
| | 72. Paragraph 21, p. 6:11-12 "On July 24, 2017, Defendant Johnston filed a motion for summary judgment. (Dkt. 283)." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |
| | 73. Paragraph 22, p. 6:14-15 "On July 28, 2017, I took the deposition of Defendant Johnston in Irvine, California." | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |
| | 74. Paragraph 23, p. 6:17-23 "On July 24, 2017, I received an electronic copy of Defendant Brant Blakeman's Motion for Summary Judgment, which was simultaneously e-filed with the Court. (Dkt 284). On July 25, 2017, I received an electron copy | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ——————— OVERRULED ——————— |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| 3 | of Defendant Brant Blakeman's Notice of Lodging Video in Support of Defendant's Motion for Summary Judgment, in which he represented that certain video footage had been lodged with the Court (referenced as Exhibit A to the Declaration of Richard P. Dieffenback.) (Dkt. 289)." | | |
| 12 | 75. Paragraph 24, p. 6-7 "On July 26, 2017, I confirmed that my office had not been served with the video that Defendant Blakeman lodged with the Court. I sent an email to Mr. Dieffenbach and his co-counsel who represent Mr. Blakeman, asking for them immediately to provide Plaintiffs with a copy of the video apparently submitted to the Court but bot served Plaintiffs. I also asked Mr. Dieffenbach and his co-counsel to identify the video they had submitted to the | Objection. Defendant Lee objects to this statement and the referenced document as lacking relevance in the litigation against Defendant Lee. (Fed. R. Evid. 401, 402). | SUSTAINED ———————— OVERRULED ———————— |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

| | MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|---|
| | Court if had been Bates- labeled or otherwise marked during discovery. Attached hereto as **Exhibit 2** is a true and correct copy of the email that I sent to Mr. Dieffenback and his co-counsel representing Defendant Blakeman on July 26, 2017." | | |
| | 76. Paragraph 25, p. 7:5-9 "To date, I have not received any response from Mr. Dieffenbach, or any of his co-counsel who represent Defendant Blakeman, to my July 26, 2017 email. My office has not been served with the video that Defendant Blakeman apparently lodged with the Court in support of his summary judgment motion, despite his counsel's obligation to do so and my explicit request that they do so." | Objection. Responding Party objects to the extent this interrogatory seeks information protected by the attorney-client privilege and/or attorney work-product doctrine. Further objection is made on the grounds the instructions set forth on the cover page of the form interrogatories expressly states "the interrogatories in section 16.0 should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery or plaintiff's injuries and damages." Without waiver | SUSTAINED _____ OVERRULED _____ |

DEFENDANT SANG LEE'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION(S) | RULING |
|---|---|---|
| | of said objections, Responding Party provides the following response: Responding Party lacks adequate information and the necessary expert analysis at this early stage to determine whether such a contention is warranted. | |

**IT IS SO ORDERED:**

Dated:_____                   _____
                                    Honorable S. JAMES OTERO,
                                    Judge of the United States District Court


RESPECTULLY SUBMITTED,


DATED: August _17__, 2017          LEWIS BRISBOIS BISGAARD & SMITH LLP



                                   By: _____/s/ Tera A. Lutz_____
                                        Dana Alden Fox
                                        Edward E. Ward, Jr.
                                        Tera A. Lutz
                                        Attorneys for Defendant SANG LEE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW