1  Peter T. Haven (SBN 175048)
   HAVEN LAW
2  1230 Rosecrans Avenue, Suite 300
   Manhattan Beach, California 90266
3  Tel: (213) 842-4617
   Fax: (213) 477-2137
4  Email: peter@havenlaw.com

5  Attorney for Defendant
   MICHAEL R. PAPAYANS
6

7

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11 | CORY SPENCER, an individual; | Case No. 2:16-cv-02129-SJO-RAO
   | DIANA MILENA REED, an |
12 | individual; and COASTAL | **REPLY BY DEFENDANT MICHAEL**
   | PROTECTION RANGERS, INC., a | **R. PAPAYANS IN SUPPORT OF**
13 | California non-profit public benefit | **MOTION FOR SUMMARY**
   | corporation; | **JUDGMENT, OR IN THE**
14 |                     Plaintiffs, | **ALTERNATIVE FOR SUMMARY**
   |              v. | **ADJUDICATION OF CLAIMS;**
15 |                              | **MEMORANDUM OF POINTS AND**
   | LUNADA BAY BOYS; THE | **AUTHORITIES IN SUPPORT**
16 | INDIVIDUAL MEMBERS OF THE |
   | LUNADA BAY BOYS, including but |
17 | not limited to SANG LEE, BRANT | [Fed. Rules Civ. Proc., Rule 56]
   | BLAKEMAN, ALAN JOHNSTON aka |
18 | JALIAN JOHNSTON, MICHAEL |
   | RAE PAPAYANS, ANGELO | Date:    September 5, 2017
19 | FERRARA, FRANK FERRARA, | Time:    10:00 a.m.
   | CHARLIE FERRARA, and N.F.; CITY | Place:   Courtroom 10C
20 | OF PALOS VERDES ESTATES; |          350 W. 1st Street
   | CHIEF OF POLICE JEFF KEPLEY, in |          Los Angeles, California 90012
21 | his representative capacity; and DOES 1 |
   | – 10, |
22 |                              | Hon. S. James Otero
   |                     Defendants. |
23

24

25        Defendant Michael R. Papayans ("Papayans") submits this Reply in support

26 of his Motion for Summary Judgment, or in the Alternative Summary Adjudication

27 of Claims.

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION AND SUMMARY OF REPLY

Plaintiffs Cory Spencer, Diana Milena Reed, and Coastal Protection Rangers, Inc. ("CPR"), a California corporation ("Plaintiffs"), take issue with Defendant Papayans' description of their deposition testimony.  Plaintiffs argue that they testified they "did not recall" and "did not remember" seeing Papayans.  Plaintiffs' Statement in Opp. to Papayans' Motion, Nos. 1, 3.  These arguments do not create disputed issues of material fact.  Plaintiffs never met or interacted with Papayans, and they have offered no evidence to the contrary.

Plaintiffs' claims against Papayans rest on their contention that he is an alleged co-conspirator.  But Plaintiffs do not have evidence sufficient to support these conspiracy claims or defeat summary judgment.

Plaintiffs' primary opposition is based on their Motion for Administrative Relief seeking leave to discover additional evidence.  If for any reason the Court is inclined to grant the Plaintiffs' administrative motion, Papayans requests that the summary judgment motion be continued for further briefing.

## II.     FACTS

### A.      Plaintiffs Admit they Did Not Meet or Interact with Papayans

Plaintiffs have not genuinely disputed Papayans' facts.  Plaintiffs argue:

- "Plaintiff Spencer did not testify that he did not see [Papayans] at Lunada Bay.  He testified that he did not recall seeing him."
- "Plaintiff Reed did not testify that she did not see Papayans at Lunada Bay.  She testified that she did not remember personally seeing him."
- "Plaintiff Reed testified that she did not have a personal encounter with Papayans."

2

1 Plaintiffs also admit that "Spencer does not know if Papayans was at Lunada Bay

2 when Spencer was at Lunada Bay."   Plaintiffs' Statement in Opp. to Papayans'

3 Motion, Nos. 1 - 4.

4       Technical arguments as to the characterization of deposition testimony do not

5 create genuine disputed issues of material fact.  Plaintiffs have no evidence that they

6 personally met or interacted with Papayans.  Plaintiffs have not raised a genuine

7 dispute as to Papayans' uncontroverted facts Nos. 1 – 4.

8

9 **III.   ARGUMENT**

10       **A.   <u>Plaintiffs Do Not Have Evidence of Specific Facts Showing a</u>**

11             **<u>Genuine Issue of Material Fact for Trial</u>**

12       "One of the principal purposes of the summary judgment rule is to isolate and

13 dispose of factually unsupported claims ...." *Celotex Corp. v. Catrett* (1986) 477

14 U.S. 317, 324-325.  "[FRCP] Rule 56(e) therefore requires the nonmoving party to

15 go beyond the pleadings and by her own affidavits, or by the '"depositions, answers

16 to interrogatories, and admissions on file,' designate 'specific facts showing that

17 there is a genuine issue for trial.'" *Celotex*, 477 F.3d at 324.

18       Plaintiffs have not offered evidence of specific facts sufficient to show a

19 genuine issue of material fact for trial.

20

21       **B.   <u>Papayans Did Not Meet, Touch, Batter, or Assault the Plaintiffs</u>**

22       Papayans did not meet or interact with the Plaintiffs, much less touch them.

23 Papayans is entitled to judgment on the claims for assault and battery.

24

25       **C.   <u>Plaintiffs Do Not Have Evidence that Papayans Is a Conspirator</u>**

26       All of Plaintiffs' claims against Papayans rest on the assertion that he is part

27 of a civil conspiracy. "To prove a civil conspiracy, the plaintiff must show that the

28

**DEFENDANT PAPAYANS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1  conspiring parties 'reached a unity of purpose or a common design and

2  understanding, or a meeting of the minds in an unlawful arrangement.'" *Gillbrook*

3  *v. City of Westminster*, 177 F.3d 839, 856-57.  As Papayans cited in his motion:

4        They must show that each member of the conspiracy acted in concert

5        and came to a mutual understanding to accomplish a common and

6        unlawful plan, and that one or more of them committed an overt act

7        to further it.  It is not enough that the [alleged conspirators]

8        knew of an intended wrongful act, they had to agree – expressly or

9        tacitly – to achieve it.  Unless there is such a meeting of the minds, 'the

10       independent acts of two or more wrongdoers do not amount to a conspiracy.'

11 *Choate v. County of Orange*, 86 Cal.App.4th 312, 333 (2000) (citations omitted).

12       Plaintiffs separate statement asserts several alleged "facts" as to Papayans, but

13 the actual evidence in support of these alleged facts appears to be as follows:

14     •  Defendant Sang Lee testified that on January 7, 2011 – over 6 years ago –

15       he sent an email to approximately 22 people, one of whom he said was

16       "Michael Papayans."  *See* Plaintiffs' Additional Facts, No. 25, p. 39, l. 20.

17       It is not clear if Lee was referring to Defendant Michael Papayans or to his

18 uncle, who is also named Michael Papayans.

19     •  Non-Party Jordan Wright submitted a Declaration in Support of the

20       Plaintiffs' Motion for Class Certification [Docket 159-9, ¶ 18] stating:

21       "I've seen Brant Blakeman, whom I understand to be a Bay Boy,

22       surfing Lunada Bay on many occasions. I recognize Blakeman

23       because he uses a green kneeboard and he is regularly filming

24       visitors on land with a camcorder. I believe his filming is an effort

25       to intimidate visitors. In the water, he seems to direct other Bay Boys

26       to sit close to visiting surfers. I've observed Bay Boys who seem to be

27       assigned to visiting surfers—they'll sit too close to the visitors, impede

28

**DEFENDANT PAPAYANS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1    their movements, block their surfing, kick at them, splash water at them,

2    and dangerously drop in on them. On one occasion, I saw people whom

3    I believe to be Bay Boys in a boat with surfboards threatening visitors.

4    In addition to Blakeman, I've seen Michael Papayans, Sang Lee, Alan

5    Johnston, Charlie Ferrara, and David Mello engage in this activity."

6    _See_ Plaintiffs' Additional Facts, No. 41, p. 89, l. 20; Wright Decl., ¶ 18.

7    It is not clear precisely what "activity" Wright allegedly saw from Papayans.

8    • Non-Party Christopher Taloa testified that Papayans allegedly said: "We

9    own the cops." _See_ Plaintiffs' Additional Facts, No. 46, p. 96, ll. 22-24;

10   Taloa Depo. 306:21-24.

11   It is not clear precisely what this alleged statement means.

12   • In or about March 2014, Papayans got into a non-physical shouting match

13   with Taloa, who called the Police but did not press charges:

14   Q. And you indicated to them [the Police] that you didn't want to

15   press charges?

16   A. I didn't want to press charges.  * * *

17   Q. And you said he [Papayans] didn't do anything to me?

18   A. He didn't get physical with me.

19   Q. Okay.  That's what you meant?  He didn't get physical with you?

20   A. He didn't get physical with me.

21   Papayans' MSJ, Exhibit 4, Taloa Depo., 345:1-3: 365:17-21.

22   This incident is evidence of a shouting match, not an alleged conspiracy.

23   None of this evidence shows "a mutual understanding to accomplish a common and

24   unlawful plan[.]"  _Choate_, 86 Cal.App.4th at 333.

25

26   ///

27

28

**DEFENDANT PAPAYANS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**D.     There Is No Evidence of Acts of Public Nuisance by Papayans**

Papayans did not meet or interact with the Plaintiffs, and there is no evidence of any substantial, unreasonable interference by Papayans: "To qualify as a public nuisance, the interference must be both substantial and objectively unreasonable." *Citizens for Odor Nuisance Abatement v. San Diego*, 8 Cal.App.5th 350, 358 (2017).

Papayans has not caused the Plaintiffs any harm.   "Causation is an essential element of a public nuisance claim. A plaintiff must establish a 'connecting element' or a 'causative link' between the defendant's conduct and the threatened harm. * * * A plaintiff must show the defendant's conduct was a 'substantial factor' in causing the alleged harm. *Citizens for Odor Nuisance Abatement v. City of San Diego*, 8 Cal.App.5th 350, 359 (2017).

**E.     There Is No Evidence of Constitutional Interference by Papayans**

California's Bane Act provides legal or equitable relief for an "individual whose exercise or enjoyment of [federal or state constitutional] rights … has been interfered with, or attempted to be interfered with …."  California *Civil Code* §52.1(b).  Plaintiffs must prove that Papayans interfered with, or attempted to interfere with, the Plaintiffs' exercise or enjoyment of their constitutional rights.

Papayans did not meet or interact with the Plaintiffs, and he did not interfere with their constitutional rights.

**F.     Plaintiffs Have Conceded the Negligence Claim**

Plaintiffs do not oppose Papayans' motion as to the negligence claim. Papayans is entitled to judgment on that claim.

///

DEFENDANT PAPAYANS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1    **G.    Plaintiff CPR Asserts Previously Denied Class Claims**

2         The Plaintiff CPR entity asserts claims on behalf of an alleged class, namely

3    CPR's alleged "members."  Plaintiffs' Opp. to Individual Defendants MSJs, p. 18,

4    ll. 11-28.  This is an attempt to circumvent the Court's denial of Plaintiffs' class-

5    certification motion.

6         Regardless, there is no evidence sufficient to support any claim by CPR

7    against Papayans.

8

9    **IV.    CONCLUSION**

10        The Plaintiffs have not met or interacted with Papayans, and they have no

11   evidence sufficient to show that he is an alleged co-conspirator, gang, or association

12   member.  There is no issue of material fact, and Papayans is entitled to judgment.

13        Plaintiffs' primary opposition consists of their motion for administrative relief

14   to obtain further discovery.  If for any reason the Court is inclined to grant the

15   Plaintiffs' administrative motion, Papayans requests that the summary judgment

16   hearing be continued for further briefing.

17        Papayans joins in the summary judgment replies of all other Defendants.

18   *Vazquez v. Central States Joint Bd.*, 547 F.Supp.2d 833, 867. (N.D.Ill. 2008).

19

20   DATED: August 17, 2017          HAVEN LAW

21

22                                   By:    /s/ Peter T. Haven
                                            Peter T. Haven
23                                          Attorney for Defendant
                                            MICHAEL R. PAPAYANS
24

25

26

27

28

7

DEFENDANT PAPAYANS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT