J. Patrick Carey (State Bar #253645)
LAW OFFICES OF J. PATRICK CAREY
1230 Rosecrans Avenue, Suite 270
Manhattan Beach, California 90266
Tel:  (310) 526-2237
Fax: (310) 356-3671
Email: pat@patcareylaw.com

Attorney for Defendant
ALAN JOHNSTON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation;<br><br>        Plaintiffs,<br>    v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1 – 10,<br><br>        Defendants. | Case No. 2:16-cv-02129-SJO (RAOx)<br><br>**DEFENDANT JOHNSTON'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION OF CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES (F.R.C.P. 56)**<br><br>Hearing Date: August 21, 2017<br>Hearing Time: 10:00 A.M.<br>Judge: Hon. James Otero<br>Courtroom: 10C |

1
REPLY BY DEFENDANT JOHNSTON TO PLAINTIFF'S OPPOSITION FOR MOTION FOR SUMMARY JUDGMENT

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. EVIDENCE STATED BY THE PLAINTIFF'S IN SUPPORT OF THEIR OPPOSITION DOES NOT AMOUNT TO SUFFICIENT EVIDENCE TO SUPPORT THE CLAIMS ALLEGED IN THE COMPLAINT**

Plaintiffs facts as alleged in their opposition to Defendant Johnston's ("Johnston") motion for summary judgment are insufficient to support the claims alleged in the complaint.

**A. Plaintiff's Evidence as Stated Does Not Support a Claim that Defendant Johnston is Part of a Conspiracy**

The following is the evidence Plaintiffs claim amounts to proof that Johnston is part of a conspiracy:

1. Johnston is one of the top ten people that surf Lunada Bay regularly for big waves. (Opposition, p. 49:18-25).
2. Johnston grew up three blocks from Blakeman. (Opposition, p. 50:14-16).
3. Johnston graduated from Palos Verdes Peninsula High School. (Opposition, p. 50:24-26).
4. Johnston has surfed at Lunada Bay with pretty much everyone on the defendant list. (Opposition, p. 51:13-15).
5. Johnston's statement that there is an understanding of ground rules for surfing Lunada Bay. (Opposition, p. 51:20-22).
6. Johnston's statement that he had locals dropping in on him for 5 to 10 years and was heckled from "sun up to sun down." (Opposition, p. 54:7-15).
7. Johnston's statement that he never brought any friends to Lunada Bay from outside the area because it is disrespectful to those who

have paid dues; that it is something you don't do in the surfing world. (Opposition, p. 61:13-19).

8. Johnston's statement that Lunada Bay is their own little sanctuary. (Opposition, p. 63:25-27).

9. Johnston's statement that Lunada Bay is really crowded and there isn't excess waves for outsiders. (Opposition, p. 64:5-8).

10. Johnston's text messages referring to non-local surfers as trolls. (Opposition, p. 83:14-18).

11. Johnston's text message that someone could be a big help if they could assist with an alleged police setup. (Opposition, p. 84:6-10).

12. Johnston's text message that he is being sued for being a local. (Opposition, p. 97:16-21).

The above evidence can be summarized as follows and is insufficient to prove Defendant Johnston's membership in any alleged conspiracy to *exclude* outsiders: Johnston grew up surfing Lunada Bay. He was hazed for several years by getting heckled by other surfers who wanted him to earn his place to be a regular surfer at Lunada Bay. He grew to become a top tier surfer at the bay. His one communication of any agreement to participate in any activity at Lunada Bay was to someone who was an "outsider." No evidence shows communication or agreement between Defendant Johnston or any other Defendant's to engage in an effort to *exclude outsiders* from Lunada Bay, as alleged. At most, Defendant Johnston has admitted to heckling new surfers at Lunada Bay, just as he was when he first started. While it can be proven that he was rude to outsiders, there is simply no proof he ever entered into any agreement or conspiracy to exclude anyone from Lunada Bay.  path of anyone, or took any other action to *exclude* anyone

from Lunada Bay. In no way does this evidence amount to participation in a conspiracy to engage in the acts alleged by the Plaintiffs.

      B.    <u>Plaintiff's Evidence as Stated Does Not Support a Claim that Defendant Johnston Committed a Battery on Plaintiff Reed</u>

There are two pieces of evidence to support the claim of battery: (1) the statement of Plaintiff Reed ("Reed") and (2) the video of the event. Plaintiffs submit in their opposition the following statement by Plaintiff Reed during her deposition: "I remember Mr. Johnston opening the can of beer in a way that sprayed my arm and my camera." (Opposition, pg. 130:27-131:7).

      i.    *Evidence Lacks Proof of Intent by Johnston*

The elements of battery require that the defendant intentionally do an act directed at the plaintiff. *Garcia v. City of Merced,* 637 F. Supp. 2d 731, 748 (E.D. Cal. 2008). Johnston did intentionally opened the beer can, but there is insufficient evidence that he intended any beer spray or touch Plaintiff Reed. Johnston is seen in the video to be approximately three feet from Reed when he opened the beer. He then offers a beer to Reed and opens one for himself. He never shakes the can or angled it toward Reed. He immediately puts it to his mouth to drink.

      ii.    *Evidence Lacks Proof of Injury, Damage, Loss, or Harm to Reed*

With regards to beer hitting Reed's camera, that fact is irrelevant as to whether or not she was battered. Other than an intentional act, a battery also requires "injury, damage, loss or harm." *Id.* As the small amount of foam from the beer hits the sleeve of Reed's blouse, she can be seen smiling. Further, Plaintiff's have submitted no evidence that her blouse was damaged from the act. Even if the court finds Johnston intentionally sprayed

4
REPLY BY DEFENDANT JOHNSTON TO PLAINTIFF'S OPPOSITION FOR MOTION FOR SUMMARY JUDGMENT

the beer at Reed, there is simply no evidence injury, damage, loss or harm that can support the claim.

### A. Plaintiff's Evidence as Stated Does Not Support a Claim that Defendant Johnston Committed an Assault on Plaintiff Reed

Assault requires the demonstration of unlawful intent by one person to <u>inflict an immediate injury</u> on another. *Lowry v. Standard Oil Co.,* 63 Cal. App. 2d 1, 6-7, 146 P. 2d 57 (1944). Mere words, however threatening, will not amount to an assault. 5 Witkin Summary 10th (2010 Supp.) Torts Section 383, p. 81 (citing Restatement (Second) of Torts Section 31, (2010)).

The following is the evidence Plaintiffs claim amounts to an assault:

*1. From Plaintiff Reed's deposition: "I felt – felt like I could have even been raped. I mean, it was incredibly frightening. I felt helpless." (Opposition, pg. 126:10-12).*

Reed's feelings during the event are irrelevant. What is relevant is Johnston's intent. Further, her actions and appearance in the video contradict this statement.

*2. From Plaintiff Reed's deposition: "Just that whole memory of the event has caused me to be fearful and just really affected my piece of mind." (Opposition, pg. 126:12-14).*

This evidence does not support the claim of assault. Reed's memory is not relevant. Rather, what is relevant is the intent of Johnston at the time of the event as well as his ability to inflict an immediate injury, evidence of which is lacking.

  *3. From Plaintiff Reed's deposition: "I remember there was a moment when he seemed like he purposefully removed his towel in order to expose himself." (Opposition, pg. 126:20-22).*

  Reed states that Johnston exposed himself while he was changing into his wetsuit. There is no evidence that he had any ability whatsoever to inflict an immediate injury on Reed while doing so. Further, "seeming like" Johnston was intending an act is not evidence that Johnston actually intended to do act. Further, the act of changing into a wetsuit itself requires the action of changing. It appears from Reed's own statement that Johnston was using a towel while changing. There is no evidence he forced her to watch him change into his wetsuit. There are no issues which could be decided by a jury to support a claim of assault.

  *4. From a Declaration of Plaintiff's counsel Franklin: Defendants Blakeman and Johnston "rushed" Plaintiff Reed, approached her in a menacing manner, harassed her with sexually aggressive comments, and intentionally sprayed beer on her camera. (Opposition, pg. 127:26-128:9).*

  Defendant Johnston objects to the consideration of statements from counsel as facts upon which the court can base its decision. Mr. Franklin was not a witness to any alleged assault. His declaration is hearsay and irrelevant.

  *5. From the video of the incident: "fucking sexy baby…want to film it?"; "I seen you and I think I touched myself a little bit"; "I can do whatever I want."*

  As stated above, mere words cannot amount to an assault. This statement does not support the Plaintiff's claim.

## II. CONCLUSION

Based on the foregoing, Defendant Johnston respectfully requests this honorable Court to grant his motion for summary judgment.

DATED: August 17, 2017      LAW OFFICES OF J. PATRICK CAREY

By: */s/ J. Patrick Carey*
J. Patrick Carey
Attorney for Defendant
ALAN JOHNSTON