1  Alison K. Hurley, State Bar No. 234042
   ahurley@bremerwhyte.com
2  Tiffany L. Bacon, State Bar No. 292426
   tbacon@bremerwhyte.com
3  BREMER WHYTE BROWN & O'MEARA LLP
   20320 S.W. Birch Street
4  Second Floor
   Newport Beach, California 92660
5  Telephone: (949) 221-1000
   Facsimile: (949) 221-1001
6
   Attorneys for Defendants,
7  FRANK FERRARA and CHARLIE FERRARA

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11  CORY SPENCER, an individual; DIANA          ) Case No. 2:16-cv-2129
    MILENA REED, an individual; and             )
12  COASTAL PROTECTION RANGERS,                  ) Judge:   Hon. S. James Otero
    INC., a California non-profit public         ) Dept:    Courtroom 10C
13  benefit corporation,                         )
                                                 ) Magistrate Judge:
14           Plaintiff,                          ) Hon. Rozella A. Oliver
                                                 )
15  vs.                                          ) **OPPOSITION TO PLAINTIFFS'**
                                                 ) **MOTION FOR MONETARY**
16  LUNADA BAY BOYS; THE                         ) **SANCTIONS AGAINST CHARLIE**
    INDIVIDUAL MEMBERS OF THE                    ) **FERRARA, FRANK FERRARA**
17  LUNADA BAY BOYS, including but not           ) **AND THIER COUNSEL OF**
    limited to SANG LEE, BRANT                   ) **RECORD BREMER WHYTE**
18  BLAKEMAN, ALAN JOHNSTON AKA                  ) **BROWN & O'MEARA**
    JALIAN JOHNSTON, MICHAEL RAE                 )
19  PAPAYANS, ANGELO FERRARA,                    ) Date: August 23, 2017
    FRANK FERRARA, CHARLIE                       ) Time: 10:00 a.m.
20  FERRARA; CITY OF PALOS VERDES                ) Dept: Courtroom F
    ESTATES; CHIEF OF POLICE JEFF                )
21  KEPLEY, in his representative capacity;      ) Complaint Filed:  March 29, 2016
    and DOES 1-10,                               ) Trial Date:       November 7, 2017
22                                               )
             Defendants.                         )
23  _____ )

24

25      Defendants, Frank Ferrara and Charlie Ferrara, and their counsel of record,

26  Bremer Whyte Brown & O'Meara, LLP hereby submit their Memorandum of Points

27  and Authorities in support of their Opposition to Plaintiffs, Cory Spencer, Diana

28  Milena Reed and Coastal Protections Ranger, Inc.'s ("Plaintiffs"), Motion for

1

# **TABLE OF CONTENTS**

2
**Page**

3    1.    INTRODUCTION ................................................................. 2

4    2.    STATEMENT OF FACTS .................................................. 4

5          2.1    Defendants' Counsels' Meet-and-Confer Correspondences
6                 with Plaintiffs' Counsel ............................................ 4

7          2.2    The July 13, 2017 Telephonic Hearing and Counsels'
                  Further Meet and Confer Correspondences ...................... 5

8          2.3    Defendant Sang Lee Testified His Text and Phone
9                 Communications With the Defendants Are Irrelevant to
                  Plaintiffs' Claims .................................................. 7

10         2.4    Defendants, Frank Ferrara and Charlie Ferrara Testified
11                their Communications With Defendant Sang Lee Are
                  Irrelevant to Plaintiffs' Claims .................................. 9

12         2.5    Plaintiffs Misrepresent Charlie Ferrara's Testimony
13                Regarding the Search He Conducted ............................ 10

      3.    ARGUMENT ................................................................. 12
14
           3.1    This Court Has the Authority to Deny Plaintiffs' Motion ......... 12
15
16         3.2    Plaintiffs' Request for Monetary Sanctions in the Form of
                  Attorneys' Fees is Not Reasonable ................................ 13

17         3.3    Plaintiffs' Cannot Demonstrate the Relevance and
18                Prejudice Associated with the Claimed "Destroyed"
                  Evidence .......................................................... 15

19    4.    CONCLUSION .............................................................. 18

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

i

H:\1178\176\CF\PLAINTIFFS' MOTION FOR SANCTIONS\Opposition\Opp to Plaintiffs' Mtn for Sanctions. v4 tables.docx

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Apple, Inc. v. Samsung Elecs. Co., 888 F. Supp. 2d 976, 998 (N.D. Cal. 2012.) ..................................................................................................17

Coletti v. Cudd Pressure Control, 165 F.3d 767, 777 (10th Cir. 1999)....................12

Salovaara v. Eckert, 222 F.3d 19, 27 (2d Cir. 2000) ........................................12

Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 220 (S.D.N.Y. 2003) ................16

**Statutes**

Federal Rule of Civil Procedure 37 ..........................................................12

Federal Rule of Civil Procedure 37(b)(2) ....................................................13

Federal Rule of Civil Procedure 37(b)(2)(C).................................................12

1 Monetary Sanctions Against Charlie Ferrara, Frank Ferrara and Their Counsel of

2 Record Bremer Whyte Brown & O'Meara ("Motion").

3 <center>**MEMORANDUM OF POINTS AND AUTHORITIES**</center>

4 **1.    INTRODUCTION**

5     In their Motion for Monetary Sanctions against Charlie Ferrara, Frank Ferrara

6 (collectively "the Ferraras") and their counsel, Bremer Whyte Brown & O'Meara,

7 LLP ("BWBO"), Plaintiffs appear to make the outlandish claim they expended

8 nearly seventy hours of attorney time drafting a few brief emails and attending three

9 conference calls with Magistrate Judge Oliver in efforts to compel the Ferraras to

10 produce cellular phone records requested in discovery.  In fact, a review of Plaintiffs'

11 billing records demonstrates that Plaintiffs spent only a fraction of the 66.1 hours

12 actually pursuing any production from the Ferraras (21.7 hours), while more than

13 2/3, a full 44.4 hours, of the sanctions requested relate solely to time allegedly spent

14 preparing and drafting the instant motion – although that time is in and of itself

15 grossly excessive.  As set forth further herein, the amount of fees Plaintiffs claim

16 they expended were neither reasonable nor necessary under the circumstances.

17     Notably, at no time prior to submitting their Motion for Sanctions did

18 Plaintiffs' counsel attempt to meet and confer with BWBO to request reimbursement

19 for attorney time spent pursuing discovery from the Ferraras.  Given the discussions

20 on the record during the most recent hearing, BWBO would have been willing and

21 agreeable to discussing this issue with Plaintiffs had they met and conferred before

22 spending more than a week's worth of attorney time drafting a sanctions motion.

23 With regard to the work Plaintiff actually performed in pursuit of discovery from the

24 Ferraras, BWBO has engaged in the very same meet and confer process since April

25 of 2017 and expended only 5.5 hours for the very same work, a fraction of the time

26 incurred by Plaintiffs.

27     From a substantive standpoint, Plaintiffs are forced to admit the voluminous

28 record in this case is devoid of a single document suggesting the Ferraras' cell phone

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

<center>2</center>

1 records contain anything relevant to Plaintiffs' claims. Frank Ferrara has testified to

2 texting with Defendant Sang Lee about a car between March and July of 2016, and

3 Defendant Sang Lee testified he has had no communications with the Ferraras about

4 Lunada Bay that would be supportive of Plaintiffs' claims. (Bacon Decl., Exs. A

5 through C.) Moreover, Charlie Ferrara testified that any communications he had

6 with Defendant Lee prior to March of 2016 would have involved discussions

7 pertaining to available work. (Bacon Decl., Ex. C.) This testimony is literally the

8 only evidence of any telephonic or electronic communication between the Ferraras

9 and Defendant Sang Lee. Plaintiffs are thus forced to admit their suspicion that pre-

10 February 2016 cell phone records *might* contain **relevant** information is pure

11 speculation. Now that Plaintiffs have all of the cell phone records in the Ferraras'

12 possession, custody and control, the absence of incriminating information has been

13 confirmed.

14      Plaintiffs' entire Motion turns on their pursuit of four years' worth of the

15 Ferraras' cell phone records, as well as Electronically Stored Information ("ESI")

16 from the cell phones requested for the first time just last month. The Ferraras turned

17 over what they were able to locate, and BWBO gathered and delivered the cell phone

18 ESI within days of its extraction. As Plaintiffs have never subpoenaed the Ferraras

19 cell phone service providers to obtain archived information the Ferraras are no longer

20 able to access on their own, it is clear Plaintiffs' intent is not to uncover the truth

21 regarding the timing and content of their communications, but rather to muddy the

22 waters and create enough of an issue to keep the Ferraras in the case despite

23 overwhelming evidence they were never involved in any of the alleged tortious

24 activity.

25      To characterize four year old text messages as "critical (and likely

26 incriminating) evidence" supporting Plaintiffs' claims without any evidence of the

27 same is unbelievably reckless of Plaintiffs. The record demonstrates a total absence

28 of any factual support for Plaintiffs' claims against the Ferraras. It has also now

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

3

1  been conclusively demonstrated that Plaintiffs have in their possession evidence

2  exculpating Charlie Ferrara from any liability to Plaintiffs in this case – evidence

3  capable of supporting an abuse of process claim against Plaintiffs and their counsel

4  once judgment is entered in Charlie Ferrara's favor at the conclusion of this case.

5        Simply put, Plaintiffs have not and cannot justify an award of more than

6  $30,000.00 in sanctions for 66 hours of work under the circumstances.  For this, and

7  all of the reasons above and as set forth herein, Plaintiffs' Motion for Monetary

8  Sanctions must be denied.

9  **2.**   **STATEMENT OF FACTS**

10      **2.1**   **Defendants' Counsels' Meet-and-Confer Correspondences with Plaintiffs' Counsel**

11
12        Counsel for the Ferraras, Alison Hurley, Esq. and Tiffany Bacon, Esq., filed

13  Notices of Appearance in this matter on March 29, 2017.  (Docket Nos. 236 and

14  237.)  On April 14, 2017, the Ferraras' counsel received their first email from

15  Plaintiffs' counsel demanding a call with Magistrate Judge Oliver, without a prior

16  letter or call to informally address Plaintiffs' discovery issues.  (Bacon Decl., ¶ 2.)

17  After exchanging brief email communications on April 17, 2017, BWBO met and

18  conferred with Plaintiffs' counsel telephonically on April 21, 2017 for the first time

19  regarding the discovery issues.  (Bacon Decl., ¶ 3.)  On April 26, 2017, BWBO sent

20  an email to Plaintiffs' counsel with a brief summary of the discussion during the

21  telephonic meet and confer, and Plaintiffs' counsel responded on May 1, 2017.

22  (Bacon Decl., ¶ 4.)

23        In the midst of meeting and conferring on the Ferraras' responses to Plaintiffs'

24  document requests, Plaintiffs served six additional sets of discovery on the Ferraras,

25  on June 2, 2017 and June 8, 2017.  (Bacon Decl., ¶ 5.)  Plaintiffs' counsel sent a

26  letter on June 27, 2017 demanding a telephonic hearing with Magistrate Judge

27  Oliver.  (Bacon Decl., ¶ 6.)  Such demand was unreasonable and premature under the

28  circumstances given the Ferraras never indicated their unwillingness to produce

1  responsive information to Plaintiffs' requests and had otherwise indicated efforts

2  made to produce the responsive information.  In fact, the communications exchanged

3  between counsel evidence the fact that efforts were being made to obtain responsive

4  documents.  (Wolff Decl., Exs. 11, 14, 17, and 21.)  On or about July 3, 2017,

5  Plaintiffs' counsel and counsel for the Ferraras had another informal, telephonic meet

6  and confer, wherein Plaintiffs' counsel, for the *first time*, requested the Ferraras

7  conduct a full extraction of cellular phone data, which had not been specifically

8  requested in any of Plaintiffs' discovery requests.  (Bacon Decl., ¶ 7.)  Plaintiffs were

9  informed during this brief meet and confer that the Ferraras were making diligent

10  efforts to obtain cellular phone records from their provider, and that they would

11  make efforts to extract their cellular phone data in order to produce *responsive*

12  *documents* to Plaintiffs' requests.  (Bacon Decl., ¶ 8.)  Knowing BWBO would not

13  be available to further meet and confer regarding written discovery the day it was

14  defending Frank Ferrara's deposition, Plaintiffs' counsel sent an email the same day,

15  July 10, 2017, demanding a telephonic hearing with Magistrate Judge Oliver.  For

16  obvious reasons, BWBO was unable to respond to that email until after Frank

17  Ferrara's deposition concluded, wherein BWBO expressed to Plaintiffs' counsel that

18  the Ferraras never expressed any unwillingness to produce documents but instead

19  have made efforts to obtain the requested records from their cell phone provider with

20  no success.  (Bacon Decl., ¶ 9.)

21      **2.2**   **The July 13, 2017 Telephonic Hearing and Counsels' Further Meet-and Confer Correspondences**

22

23         After the telephonic hearing with Magistrate Judge Oliver on July 13, 2017,

24  the Ferraras were ordered "to produce responsive documents from the cell phone

25  imaging and responsive cell phone bills and records" within four days, by July 17,

26  2017, and only ten days after Plaintiffs' counsel made her first request that the

27  Ferraras conduct a full scale extraction of ESI data from their cell phones.  (Bacon

28  Decl, ¶ 11; see Docket No. 267.)  While the short timeframe rendered compliance

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

5

1  very difficult, the Ferraras made their best efforts at compliance.  On July 17, 2017,

2  in accordance with the Court's order, the Ferraras produced responsive documents

3  from the cell phone imaging and responsive cell phone bills and records.  (Bacon

4  Decl., ¶¶ 12-13.)

5       Of import, however, is the fact the Ferraras could not complete the extraction

6  of data from their cell phones until July 16, 2017, which resulted in approximately

7  3,200 pages of documents, the majority of which had to be vetted for actual

8  responsive information to Plaintiffs' document requests.  (Bacon Decl., ¶ 12.)  While

9  Plaintiffs take the position the entire extraction report should have been turned over

10  immediately, the ESI unquestionably included information totally irrelevant to this

11  matter and not responsive to the subject requests – e.g. inspirational texts and bible

12  verses sent by the Ferraras and personal, intimate conversations between the Ferraras

13  and their close family members, including their spouses.  (Bacon Decl., ¶ 12.)  On

14  July 17, 2017, the Ferraras *in good faith* produced 1,200 pages of vetted, responsive

15  documents from cell phone imaging and responsive cell phone bills as part of a

16  rolling production.  1,200 pages was the total amount of pages BWBO had been able

17  to review as of the production date given that the ESI extraction was completed only

18  the day before.[1]  (Bacon Decl., ¶ 13.)

19       On July 18, 2017, Plaintiffs' counsel sent a short, one-page letter to BWBO

20  indicating the production was improperly redacted.[2]  (Bacon Decl., ¶ 14.)  BWBO

21

22  [1] BWBO made all efforts possible to produce responsive documents to Plaintiffs as
    soon as possible.  Rather than consume time in an effort to seek *ex parte* relief for an
23  extension of time to produce *all* responsive documents, efforts were expended to
    provide as much responsive information as readily available on July 17, 2017in
24  accordance with the Court's July 13, 2017 Order.

25  [2] Plaintiffs complain of the redactions made to the cell phone imaging records
    produced, asserting that no privilege log was provided.  The information contained
26  personal, sometimes intimate, messages between family members (including
    spouses), completely irrelevant to this lawsuit and not responsive to Plaintiffs'
27  subject discovery.  If the Court is not inclined to agree with the Ferraras regarding
    the redactions, the Ferraras are amenable to producing the Court with both extraction
28  reports for the Court's in camera review.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

6

1  responded immediately and explained the redactions were made in order ensure

2  production of *only responsive information* to Plaintiffs' requests, in compliance with

3  the Order of this Court rather than a bad faith "document dump" of hundreds of

4  irrelevant items. (Bacon Decl., ¶ 15.)  Despite BWBO resolving this issue by

5  informing Plaintiffs' counsel of the above, and that the remaining responsive

6  documents would be produced as expeditiously as possible, Plaintiffs demanded an

7  additional telephonic hearing with Magistrate Judge Oliver.  This conference

8  proceeded on July 26, 2017 pursuant to the Court's availability. (Bacon Decl., ¶ 15.)

9  BWBO informed the Court at the July 26, 2017 hearing that all remaining responsive

10  information would be produced to Plaintiffs' counsel as quickly as possible (that

11  Charlie's Ferrara's extraction report would be produced the same day), and the Court

12  made no further order regarding the Ferraras' production, only setting the briefing

13  schedule on this Motion. (See Wolff Decl., Ex. 23.)  By July 27, 2017, the Ferraras

14  had produced all documents within their possession responsive to Plaintiffs'

15  discovery requests in accord with the Court's Order of July 13, 2017.  (Bacon Decl.,

16  ¶ 17.)

17       While the Ferraras readily admit the conclusion of their document production

18  occurred after the July 17, 2017 production date Ordered on July 13, 2017, it is

19  indisputable that the production *was* completed soon thereafter, and Plaintiffs had the

20  vast majority of the information requested from the Ferraras well in advance of the

21  summary judgment opposition filing deadline. (Bacon Decl., ¶ 17.)

22       The Defendants' slight delay in completing their rolling production of ESI in

23  no way justifies an Order requiring them to reimburse Plaintiffs for 44 hours spent

24  drafting the instant sanctions motion, which is clearly a means to an end in and of

25  itself, rather than a good faith effort to recover sums actually spent pursuing

26  discovery from Defendants.  Tellingly, at no time did Plaintiffs' counsel contact

27  BWBO to discuss the potential for reimbursement of the attorneys' fees they

28  incurred in pursuit of the Ferraras' responsive documents.  (Bacon Decl., ¶ 18.)

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

## 2.3 Defendant Sang Lee Testified His Text and Phone Communications With the Defendants Are Irrelevant to Plaintiffs' Claims

No documents produced by the Ferraras in this action provide any information supportive of Plaintiffs' claims. Plaintiffs continue to rely on a speculative assumption that the purportedly "missing" communications between Defendant Sang Lee and the Ferraras, as shown in Defendant Lee's privilege log, are potentially relevant and supportive of Plaintiffs' claims. However, Defendant Sang Lee was deposed in this matter on May 31, 2017. Defendant Lee was directly asked at his deposition if he ever had any communications with the Ferraras regarding Lunada Bay:

> "Q: And you also testified that [Frank Ferrara] has never told you to behave in any certain way when it comes to actions at Lunada Bay?
>
> A: Absolutely not, yeah.
>
> Q: Have you ever had any communications with Frank Ferrara about preventing persons from visiting Lunada Bay?
>
> A: Absolutely not.
>
> Q: What about preventing persons from surfing at Lunada Bay?
>
> A: Absolutely not.
>
> Q: Have you ever had any communications with Charlie Ferrara about preventing any person from surfing at Lunada Bay?
>
> A: Absolutely not.
>
> Q: Have you ever had any communications with Charlie Ferrara about preventing persons from visiting Lunada Bay?
>
> A: Absolutely not.
>
> Q: Have you ever witnesses Charlie Ferrara ever attempt to prevent somebody from visiting Lunada Bay?
>
> A: Absolutely not.
>
> Q: And what about surfing at Lunada Bay?
>
> A: Absolutely not.
>
> . . .
>
> Q: Have you ever witnesses Frank ever try to attempt to prevent anybody from surfing at Lunada Bay?

8

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

1        A: Absolutely not.

2        Q: What about visiting Lunada Bay?

3        A: Absolutely not." (Bacon Decl., Ex. A, Lee Dep. at 294:20-

4                295:25)

5     From the tenor of the papers submitted by Plaintiffs supporting this motion,

6 one would get the impression they have at least some evidence that the Ferraras at

7 one time had some communication with another Defendant potentially supportive of

8 Plaintiffs' claims.  However, Plaintiffs must (and implicitly do) admit ***the record is***

9 ***completely devoid of any support for their contention that the Ferraras ever***

10 ***interacted with any Defendant in a manner supportive of Plaintiffs' claims***.

11 Defendant Sang Lee has not had any communications with the Ferraras that would be

12 supportive of Plaintiffs' claims.   The Ferraras' testimony confirms the same, and no

13 other evidence of any relevant communications with any defendant exists.  The

14 alleged "missing" communications between Defendant Lee and the Ferraras are

15 irrelevant and will not support Plaintiffs' claims.

16    **2.4**   **Defendants, Frank Ferrara and Charlie Ferrara Testified their**

17           **Communications With Defendant Sang Lee Are Irrelevant to Plaintiffs' Claims**

18     Frank Ferrara and Charlie Ferrara were both asked during their depositions

19 about their communications with the co-defendants.  Frank Ferrara was specifically

20 asked about his communications with Defendant Sang Lee:

21        "Q: Let's talk about the first one which I'm going to represent to
you from Sang's phone records that there was a

22            conversation with you and a lot of people, actually, on
March 30th, right around that time frame.  Do you

23            remember what you talked about?

24        A: I think that we just talked a little bit about the case a little bit,
but I don't remember exactly what we said to each other.

25        Q: And have you ever spoken with Sang before that - -

26        A: Yes.

27        Q: - - by telephone?

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

9

1  A: Yeah.  We've talked and texted.  I tried to help his mom out
2     and buy a car for them.  Actually, from them, I was buying
       a car from them.

3  Q: And do you recall having another conversation with him in
       July, just on the phone?

4
5  A: I believe we did because he was asking me if I had been
       served or not.  And I said that I wasn't served.

6  Q: Anything else that you guys?

7  A: No.

8  Q: Other than Sang Lee, what other Defendants have you
       discussed the lawsuit with?

9
10 A: None."  (Bacon Decl., Ex. B, F. Ferrara Dep. at 275:20-
       276:21)

11     Charlie Ferrara also testified about his communications with Defendant Sang

12 Lee, providing the following testimony:

13     "Q: Do you communicated with Sang Lee by cell phone?

14 A: No.

15 Q: Have you ever texted or called him?

16 A: Yes.  I used to work with him like a few years ago.  We would
       do some - - he's a roofer.  And he has some work for me.
17     So, I worked with him so.

18 Q: Do you recall approximately the dates that you worked with
       him?

19
20 A: The years probably, let me think, um, probably 2013 - - well,
       no, no, it's before that.  So about 2008.  And then 2014 a
       couple little side jobs.  That's pretty much it.

21
22 Q: It's just working with him kind of sporadically?

23 A: Exactly."  (Bacon Decl., Ex. C, C. Ferrara Dep. at 47:25-
       48:15)

24     It is apparent from the Ferraras' testimony, and collectively with the testimony

25 of Defendant Sang Lee, that the purported "missing" communications between

26 Defendant Sang Lee and the Ferraras that Plaintiffs claim are critical to their case are

27 actually irrelevant to their claims.

28 ///

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

10

**2.5** **Plaintiffs Misrepresent Charlie Ferrara's Testimony Regarding the Search He Conducted**

While Plaintiffs lead the Court to believe that Charlie Ferrara made no efforts to obtain his cell phone records, his testimony demonstrates this is incorrect. Plaintiffs' counsel, Samantha Wolff, Esq., deposed Charlie Ferrara on July 7, 2017, and Charlie Ferrara testified with the following:

> Q: Can you tell me what efforts you've made to locate prior cell phone bills from January of 2013 to the present time?
>
> A: Um, yeah.
>    . . .
>
> Q: Have you personally reached out to - -
>
> A: Yes. I try tried to reach out to AT&T and Sprint just one time, but I didn't proceed. I think they were just send you like a booklet and you have to go through . . . My mom tried, yeah. I think she tried too, to get something from AT&T because it's on her account. And the Sprint thing I got nowhere with Sprint.
>
> Q: And you said that you think that they sent you a booklet; did you receive anything?
>
> A: Yeah, I'm sorry, I didn't receive anything. I just know from the Sprint because that was my account. It was just kind of getting, they talk to this person, talk to that person, giving me the run around. And AT&T my mom said it was under her name for her account. So, she just said that she couldn't get something. And I did hear somewhere that maybe sending her a booklet or book with every phone call or text, so, but she never got it." (Bacon Decl., Ex. C, C. Ferrara Dep. at 164:13-166:4.)

It is apparent from Charlie Ferrara's testimony that he made efforts, as did his mother, to obtain the requested cell phone bills and records. Despite his efforts, he was unable to secure copies of the requested information from his cell phone providers, and as a result the documents requested were never in Charlie Ferrara's possession, custody or control to produce.[3] The records of cell phone bills prior to

---

[3] It is important to note that Charlie Ferrara also testified that he is not literate with computers. Moreover, he testified at his deposition that he suffered a serious brain injury in 2012, which required him to undergo six months of cognitive therapy. (Bacon Decl., Ex. C, C. Ferrara Dep. at 26:3-17; 46:15-47: 3.)

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

1    February 21, 2016 are maintained by a third party, the Ferraras' cell phone provider.

2    While the Ferraras have requested their cell phone billing records on numerous

3    occasions, the provider has failed to produce the records to the Ferraras for

4    distribution to Plaintiffs.  Even so, there is no destruction of the third party records

5    because the cell phone service provider is the custodian of its records.

6       Plaintiffs' counsel made no such inquiry regarding Frank Ferrara's search for

7    records at his deposition, which is made evident by the fact Plaintiffs have cited to no

8    evidence in support of the same.

9    **3.**     **ARGUMENT**

10       **3.1**     <u>**This Court Has the Authority to Deny Plaintiffs' Motion**</u>

11       *Federal Rule of Civil Procedure* 37 provides that the Court's power to award

12    monetary sanctions is discretionary.  "As a general rule, the imposition of sanctions

13    for abuse of discovery under Fed. R. Civ. P. 37 is a matter within the discretion of

14    the trial court.  A district judge abuses its discretion when it renders an arbitrary,

15    capricious, whimsical, or manifestly unreasonable judgment." (<u>Coletti v. Cudd</u>

16    <u>Pressure Control</u>, 165 F.3d 767, 777 (10th Cir. 1999) (internal citations and

17    quotations omitted).)  Plaintiffs acknowledge the Court's discretion to award

18    sanctions in their Motion.  Furthermore, "the decision to impose sanctions . . . is

19    uniquely within the province of a district court, . . . any such decision [must be] made

20    with restraint and discretion." (<u>Salovaara v. Eckert</u>, 222 F.3d 19, 27 (2d Cir. 2000).)

21       Additionally, monetary sanctions should not be issued when a party's "failure

22    was substantially justified or other circumstances make an award of expenses

23    unjust." (<u>Fed. R. Civ. P.</u> 37(b)(2)(C).)  As is set forth herein, making an award of

24    sanctions in the amount requested by Plaintiffs would be entirely unjust under the

25    circumstances.  Plaintiffs received a full and complete production of all responsive

26    documents within the possession of the Ferraras by July 27, 2017.  Additionally, as

27    further set forth herein in section 3.2, Plaintiffs' counsel's billing entries submitted in

28    support of the instant Motion demonstrate the inflation of time spent and the

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH. CA. 92660
(949) 221-1000

12

existence of duplicative tasks, without any effort of counsel to meet and confer on the subject of reimbursement in advance of spending substantial time (44.4 hours) on the Motion itself.  It is obvious the ends do not justify the means, and Plaintiffs should not be awarded sanctions for the excessive time spent drafting the instant Motion.

### 3.2  Plaintiffs' Request for Monetary Sanctions in the Form of Attorneys' Fees is Not Reasonable

*Federal Rule of Civil Procedure* 37(b)(2) authorizes the Court only to impose reasonable expenses, at its discretion.  Plaintiffs' counsel's billing records, attached to the Wolff Declaration as Exhibit 24, clearly indicate they spent only 21.7 hours in pursuit of the actual production of documents from the Ferraras.  Plaintiffs' confirm in their Motion an entitlement to recover only ***reasonable*** attorneys' fees, but the $32,000.00 requested is anything but reasonable.

The majority of the work memorialized in Exhibit 24 is dedicated to the preparation and filing of the instant Motion, a shocking total of 44.4 hours, twice as much as the efforts made by Plaintiffs' counsel meeting and conferring on the Ferraras' production as reflected in counsel's billing entries.  Plaintiffs' counsel admits they spent more billable time on their Motion to obtain reimbursement for their attorneys' fees than they actually spent pursuing the discovery.

BWBO by contrast, participating in the same meet and confer conferences and hearings with the Magistrate, incurred approximately 5.5 hours conferring with Plaintiffs' counsel and appearing for telephonic hearings with the Court in Plaintiffs' pursuit of the Ferraras' responsive documents, about a quarter of the time Plaintiffs' counsel's purports to have spent for the very same activity.  (Bacon Decl., ¶ 19.) Further detailed review of Plaintiffs' billing entries, as further detailed herein, reveals certain of the entries are duplicative, inflated and/or encompassing communications potentially irrelevant to the meet and confer on the Ferraras' production.

1       For example, on April 14, 2017, Plaintiffs' counsel sent an email to BWBO,

2  which consisted of two short paragraphs, but Plaintiffs' counsel billed .8 hours for

3  this task. (Wolff Decl., Ex. 24, pg. 1; Bacon Decl., ¶ 2.)  On April 21, 2017,

4  Plaintiffs' counsel billed 1.9 hours for a telephonic meet and confer with BWBO.

5  (Wolff Decl., Ex. 24, pg. 1.)  This call was slightly over one half hour, and BWBO

6  billed .6 hours for this same telephonic communication.  (Bacon Decl., ¶ 3.)  On June

7  27, 2017, Plaintiffs' counsel sent a one-page letter to BWBO demanding the

8  Ferraras' production and requesting availability for a telephonic meet and confer.

9  (Wolff Decl., Ex. 15.)  Plaintiffs' counsel billed 2.5 hours for drafting a two

10 paragraph summary of its position on the Ferrara's production and brief request for a

11 telephonic meet and confer. Such required no research or other significant

12 preparation, as no authorities whatsoever are cited therein.  On July 3, 2017,

13 Plaintiffs' counsel billed 1.0 hour for a telephonic meet and confer with BWBO that

14 lasted fewer than 15 minutes.  (Wolff Decl., Ex. 24, p. 1; Bacon Decl., ¶ 7.)

15      Plaintiffs' records contain a July 10, 2017 entry for 1.9 hours indicating

16 counsel "review[ed] discovery responses from Charlie and Frank Ferrara to identify

17 deficiencies in production responses."  (Wolff Decl, Ex. 24, p. 2.)  It is puzzling why

18 counsel would continue to review the same responses they had already been

19 discussing with BWBO for nearly seven months.  On July 12, 2017, BWBO billed

20 only .3 hours for meeting and conferring with Plaintiffs' counsel; however,

21 Plaintiffs' counsel's billing entry states a billing amount of 2.7 hours for the same

22 communication in addition to preparing for the hearing regarding discovery. (Bacon

23 Decl., ¶ 10; Wolff Decl., Ex. 24, p. 2.)  Notably, however, Plaintiffs' counsel again

24 billed 3.4 hours on July 13, 2017 for preparing for and attending the hearing

25 regarding the Ferraras' discovery when the telephonic hearing was a little over one

26 hour.  (Wolff Decl., Ex. 24, pg. 2; Bacon Decl., ¶ 11.)  On July 18, 2017, Plaintiffs'

27 counsel billed 1.5 hours for the preparation of a one-page letter regarding the

28 Ferraras' production of responsive information.

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1        Lastly, on July 25, 2017 and July 26, 2017, Plaintiffs' billing reflects a

2    duplicative entry of 1.1 hours in preparing for and attending the hearing with

3    Magistrate Judge Oliver regarding the Ferraras' discovery responses.  (Wolff Decl.,

4    Ex. 24, p.2.)  These examples of overbilling demonstrate the unreasonableness of

5    attorneys' fees claimed in the instant Motion.

6        The remaining billing entries - from August 2, 2017 and onward - involve

7    preparation of Plaintiffs' Motion for Sanctions.  The 44.4 hours Plaintiffs' claim to

8    have billed preparing this motion is grossly excessive, more than double the amount

9    of time Plaintiffs' counsel billed for its meet and confer efforts regarding the

10   Ferraras' discovery responses and production.  Surprisingly, despite all of the alleged

11   billable time, Plaintiffs' counsel only cites to eight cases and two rules (Fed. R. Civ.

12   P. 37 and Local Rule 83-7) in support of their Motion,[4] when Plaintiffs' counsel's

13   billing entries appear to reflect that Plaintiffs' counsel spent over 13 hours

14   researching in preparation of this Motion.  Based on the foregoing examples of

15   Plaintiffs' overstated time entries, Plaintiffs' claimed fees and sanctions request for

16   the pursuit of the Ferraras' production is exceptionally unreasonable.  Plaintiffs

17   should not be awarded any attorneys' fees in accordance with their inflated billing

18   records.

19       Plaintiffs' Motion should be denied or, at the very least, the Court should

20   significantly reduce the attorneys' fees sought by Plaintiffs to coincide with the time

21   spent by BWBO on the Ferraras' discovery matters.  To award Plaintiffs otherwise

22   would be entirely unjust under the circumstances.

23   ///

24   ///

25   ///

26

27   _____

[4] Further, there are citation errors within Plaintiffs' Motion.

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

15

### 3.3    <u>Plaintiffs' Cannot Demonstrate the Relevance and Prejudice Associated with the Claimed "Destroyed" Evidence</u>

Plaintiffs' motion requests the imposition of a spoliation sanction against the Ferraras despite absolutely no evidence that either Frank Ferrara or Charlie Ferrara destroyed any information relevant to this action.  In support thereof, Plaintiffs cite to a case out of the Southern District of New York, which applied the following three-part test regarding requested sanctions for spoliation of evidence: "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the *records were destroyed with a 'culpable state of mind'* and (3) that the destroyed evidence was 'relevant' to the party's claim or defense *such that a reasonable trier of fact could find that it would support that claim or defense*." (Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 220 (S.D.N.Y. 2003) (emphasis added).)  Setting aside the Ferraras' purported duty to preserve relevant information, Plaintiffs cannot demonstrate any culpable mindset by either Ferrara nor "that the destroyed evidence was relevant to the [Plaintiffs' claims] such that a reasonable trier of fact could find that it would support [those] claims." (Id.)

Plaintiffs are required to "demonstrate not only that [the Ferraras] destroyed relevant evidence as that term is ordinarily understood, but also that the destroyed evidence would have been favorable to [Plaintiffs].  This corroboration requirement is even more necessary where the destruction was merely negligent, since in those cases it cannot be inferred from the conduct of the spoliator that the evidence would even have been harmful to him." (Zubulake, 220 F.R.D. at 221.)  Plaintiffs' Motion complains of missing records for a total of three days, January 29, 2016, February 5, 2016 and February 13, 2016.  However, the communications between Defendant Sang Lee and the Ferraras as provided Defendant Lee's privilege log, which precipitated this entire dispute, do not take place on the foregoing three days, or any time frame near these days.. Defendant Lee's privilege log (Ex. 6 to the Wolff Decl.) and Defendant Lee's entire, unredacted extraction report are on file with the Court as

BREMER WHYTE BROWN & O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA 92660
(949) 221-1000

1  evidence of the foregoing.  This begs the question as to what purported "relevant

2  evidence" Plaintiffs are seeking.  Plaintiffs have not submitted any evidence to this

3  Court of any other communications between the Ferraras and any other defendant,

4  during the relevant time periods, that would be supportive of Plaintiffs' claims.

5  Absent this evidence within the thousands of pages of documents produced in this

6  action to date, no such communications between the Ferraras and any other

7  defendant exist.  Based thereon, a reasonable trier of fact would not find that the

8  purported "missing" communications would support Plaintiffs' claims.

9      Moreover, while Plaintiffs suggest in their motion that the cell phone bills

10  covering the listed dates have been destroyed, no evidence of the same exists.   The

11  Ferraras have testified to their failed efforts to recover the subject bills and the fact

12  that the bills for the time period in question are not available based on requests by the

13  Ferraras alone.  (Bacon Decl., Ex. C, C. Ferrara Dep. at 164:13-166:4)  However,

14  this fact does not reasonably lead to the conclusion that the records have therefore

15  been destroyed.  It is by the mere passage of time that the Ferraras are unable to

16  access the records through their online portal, but the records are still available

17  through their providers by other means.[5]  The only reasonable conclusion available –

18  given that the Ferraras do not control their cell service providers' document retention

19  policies – is that the subject records have not been subpoenaed from the third party

20  providers who hold custody of them.  Despite the purported "critical" nature of these

21  records, Plaintiffs have not yet attempted to subpoena them from the Ferraras'

22  provider.  In an effort to assuage Plaintiffs' accusations of bad faith and intentional

23  destruction, the Ferraras offer to issue subpoenas to their own cellular service

24  providers for the records as Plaintiffs have inexplicably chosen not to do so.

25

26

27  [5] Upon the understanding that the Ferraras did not know how to access their cell
phone billing records online, BWBO obtained permissible access to their online
account resulting in the production of the available cell phone records.

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1100

17

1    If the Court is inclined to conclude that some intentional spoliation occurred at

2  the hands of the Ferraras, Plaintiffs certainly cannot demonstrate any prejudice they

3  suffered, because the evidence is clear through the testimony of defendants that the

4  sought after communications do not pertain to Lunada Bay.  (Apple, Inc. v. Samsung

5  Elecs. Co., 888 F. Supp. 2d 976, 998 (N.D. Cal. 2012.)  The Court should choose

6  "the least onerous sanction corresponding to the willfulness of the destructive act and

7  the prejudice suffered by the victim."  (Id. at 992.)  The lack of relevant information

8  coupled with the lack of prejudice should equate to no award of sanctions.

9  **4.    CONCLUSION**

10    For the reasons set forth herein, Frank Ferrara, Charlie Ferrara and Bremer

11  Whyte Brown & O'Meara respectfully request this Court deny Plaintiffs' Motion for

12  Monetary Sanctions.

13  Dated:  August 21, 2017                    BREMER WHYTE BROWN & O'MEARA
                                             LLP
14

15

16                                          By: _____
                                             Alison K. Hurley
17                                           Tiffany L. Bacon
                                             Attorneys for Defendants
18                                           FRANK FERRARA and CHARLIE
                                             FERRARA

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

18

## PROOF OF SERVICE

1

2

3    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 20320 S.W. Birch Street, Second Floor,

4    Newport Beach, California 92660.

5    On August 21, 2017, I served the within document(s) described as:

6    OPPOSITION TO PLAINTIFFS' MOTION FOR MONETARY SANCTIONS AGAINST CHARLIE FERRARA, FRANK FERRARA AND THIER COUNSEL OF RECORD BREMER

7    WHYTE BROWN & O'MEARA

8    on the interested parties in this action as stated on the attached mailing list.

9    [X] (BY ELECTRONIC SERVICE) Complying with Code of Civil Procedure § 1010, I caused such document(s) to be Electronically Filed and Served through the _for the above-entitled

10    case. Upon completion of transmission of said document(s), a filing receipt is issued to the filing party acknowledging receipt, filing and service by 's system. A copy of the filing

11    receipt page will be maintained with the original document(s) in our office.

12    Executed on August 21, 2017, at Newport Beach, California.

13    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

14

15    _____        _____
          Hailey Williams
          (Type or print name)                                    (Signature)

16

17

18

19

20

21

22

23

24

25

26

27

28

BREMER WHYTE BROWN &
O'MEARA LLP
20320 S.W. BIRCH STREET
SECOND FLOOR
NEWPORT BCH, CA  92660
(949) 221-1000

1

H:\1178\176\PROOF OF SERVICE.docx

<u>Cory Spencer v. Lunada Bay Boys et al.,</u>

Case No. 2:16-cv-2129-SJO

BWB&O CLIENT:   Frank and Charlie Ferrara
BWB&O FILE NO.:   1178.176

## SERVICE LIST

| | | |
|---|---|---|
| Samantha Wolff, Esq.<br>**HANSON BRIDGETT**<br>425 Market Street<br>26th Floor<br>San Francisco, CA 94105<br>(415) 777-3200<br>(415) 541-9366 Fax<br>Attorneys For **PLAINTIFF**<br><br>swolff@hansonbridgett.com<br>kfranklin@hansonbridgett.com | Tyson M. Shower, Esq.<br>**HANSON BRIDGETT**<br>500 Capitol Mall<br>Suite 1500<br>Sacramento, CA 95814<br>(916) 442-3333<br>(916) 442-2348 Fax<br>Attorneys For **PLAINTIFFS**<br><br>tshower@hansonbridgett.com | Victor Otten, Esq.<br>**OTTEN LAW, PC**<br>3620 Pacific Coast Highway<br>Suite 100<br>Torrance, CA 90505<br>(310) 378-8533<br>(310) 347-4225 Fax<br>Attorneys For **PLAINTIFFS**<br><br>vic@ottenlawpc.com |
| Jacob Song, Esq.<br>**KUTAK ROCK LLP**<br>5 Park Plaza<br>Suite 1500<br>Irvine, CA 92614<br>(949) 417-0999<br>(949) 417-5639<br>Attorney For **CITY OF PALOS VERDES ESTATES** and **JEFF KEPLEY, in his representative capacity, serves as the Chief of Police Department of Defendant City of Palos Verdes Estates.**<br><br>jacob.song@kutakrock.com | J. Patrick Carey, Esq.<br>**LAW OFFICE OF PATRICK CAREY**<br>1230 Rosecrans Avenue<br>Suite 270<br>Manhattan Beach, CA 90266<br>(310) 526-2237<br>(310) 356-3671 Fax<br>Attorney For **ALAN JOHNSTON individual membeer of LUNADA BAY BOYS aka JALIAN JOHNSTON**<br><br>pat@patcareylaw.com | Aaron G. Miller, Esq.<br>**THE PHILIPS FIRM**<br>800 Wilshire Boulevard<br>Suite 1550<br>Los Angeles, CA 90017<br>(213) 244-9913<br>(213) 244-9915 Fax<br>Attorneys For **ANGELO FERRARA**<br><br>amiller@thephillipsfirm.com |
| Mark Fields, Esq.<br>**LAW OFFICES OF MARK C. FIELDS**<br>333 So. Hope Street<br>Suite 3500<br>Los Angeles, CA 90071<br>(213) 617-5225<br>(213) 629-2420 Fax<br>Attorney For **ANGELO FERRARA**<br>**an individual member of LUNADA BAY BOYS and N.F. an individual member of LUNADA BAY BOYS**<br><br>fields@markfieldslaw.com | Peter R. Haven, Esq.<br>**HAVEN LAW**<br>1230 Rosecrans Avenue<br>Suite 300<br>Manhattan Beach, CA 90266<br>(310) 272-5353<br>(213) 477-2137 Fax<br>Attorneys For **MICHAEL RAY PAPAYANS**<br><br>peter@havenlaw.com | Dana Alden Fox, Esq.<br>**LEWIS BRISBOIS BISGAARD & SMITH, LLP**<br>633 W. 5th Street<br>Site 4000<br>Los Angeles, CA 90071<br>(213) 580-3858<br>(213) 250-7900 Fax<br>Attorneys For **SANG LEE**<br><br>Dana.Fox@lewisbrisbois.com |