1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   LISA M. POOLEY, SBN 168737
3  lpooley@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
4  swolff@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone:  (415) 777-3200
6  Facsimile:  (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone:  (916) 442-3333
11 Facsimile:  (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone:  (310) 378-8533
16 Facsimile:  (310) 347-4225

17 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
18 REED, and COASTAL PROTECTION
   RANGERS, INC.

19

20                    **UNITED STATES DISTRICT COURT**

21            **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

22

23 | CORY SPENCER, an individual; | CASE NO. 2:16-cv-02129-SJO (RAOx) |
24 | DIANA MILENA REED, an individual; and COASTAL | **PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION FOR ADMINISTRATIVE RELIEF PURSUANT TO FRCP 56(d)** |
25 | PROTECTION RANGERS, INC., a |
26 | California non-profit public benefit corporation, |
27 |
28 |           Plaintiffs, |

| | |
|---|---|
| v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Judge: Hon. S. James Otero<br>Date: September 5, 2017<br>Time: 10:00 a.m.<br>Crtrm.: 10C<br><br>Complaint Filed: March 29, 2016<br>Trial Date: November 7, 2017 |

## I.  INTRODUCTION

Defendants[1] do not dispute they delayed or altogether failed to produce relevant documents, and that they moved for summary judgment while doing so. Defendants should not gain from these untoward tactics, and this Court should deny Defendants' Motions for Summary Judgment while critical discovery remains outstanding.

## II.  ARGUMENT

### A.  Plaintiffs Diligently Sought Relevant Discovery From Defendants.

Defendants' oppositions present a lop-sided view of their discovery abuses and gamesmanship.  Defendants argue that Plaintiffs are to fault for not diligently pursuing discovery.  Not so.  And, their arguments are completely contradicted by the facts and by Magistrate Judge Oliver's recent observation:

> I don't take very well the response that, 'Well,' somehow this is the plaintiffs' fault.  You have obligations to -- as an officer of the court to respond to these discovery requests, to exercise due diligence, and to speak to your client.  So -- and I recognize that the discovery in this case has been complicated and it's involved multiple individuals and we've had multiple telephonic conferences on this, but I guess I just -- I don't -- **arguments somehow pushing back on the plaintiff are not well received** when it looks like there just -- there hasn't been the same -- the thoroughness [by Defendants] that, I think, had it been done in the first place, would have avoided some of the issues.

Wolff Decl., Exh. C at 19:16-24 (emphasis added).

For instance, with respect to the City, Plaintiffs regularly met and conferred in the spring and throughout the summer to address the City's production shortfalls. Wolff Decl., ¶¶ 2, 4-6.  Counsel discussed categories of documents that were missing from productions, including texts and emails from City-issued and personal devices of City employees.  *Id.*  While it is true the City informed Plaintiffs in late

---

[1] Only Defendants Papayans, Blakeman, Charlie Ferrara, Frank Ferrara, and the City of Palos Verdes Estates opposed Plaintiffs' motion under Rule 56(d).

December 2016 that they would not produce work-related communications on police officers' personal devices, it was not until June 22, 2017 that Plaintiffs learned via the deposition of Sergeant Barber that police officers actually use their personal cell phones for work.  Wolff Decl., Exh. B at 85:17-86:9.  But the City refused to produce work-related texts on privacy grounds and never took steps to collect and preserve relevant data on officers' phones.  *Id.*, at 88:22-25, 222:14-22.

Plaintiffs sought assistance from Magistrate Judge Oliver regarding the personal police devices on July 25, though the Court was unable to address this issue due to time constraints.  Wolff Decl., ¶ 10.  Magistrate Judge Oliver suggested the parties select a future date for a hearing.  *See* Wolff Decl., Exh. C, at 5:3-14.  But Defendants filed eight summary judgment motions later that day, and thus any further meeting and conferring over discovery violations was simply not practical.

Similarly, and as is set forth in detail by Defendant Papayans, Plaintiffs have taken exhaustive measures to obtain Papayans' cell phone data, to no avail.  Papayans' argument that his production could not have been completed on time is irrelevant, because he has a duty to supplement under Rule 26(e)(1)(A), which is not relieved by the discovery cut-off.  Further, he took insufficient steps to preserve and obtain relevant evidence at the outset of this litigation.

Charlie and Frank Ferrara, like the City and Defendant Papayans, dragged their feet in an effort to run out the clock on discovery while withholding (and spoliating) critical evidence.  Unlike the City and Papayans, however, the Ferraras make the fanciful claim that they "made a complete production of documents before Plaintiffs were required to oppose the Ferraras' MSJs."  Dkt. No. 407, at 8:17-19.  Nothing could be further from the truth.  The Ferraras had to be ordered by the Court to produce documents, and even then, violated the order with delayed and incomplete productions.  An almost entirely-redacted production, two court days before Plaintiffs' opposition deadline, hardly constitutes "a complete production" in advance of Plaintiffs' opposition deadline.  Wolff Decl., ¶ 12.  Plaintiffs require

additional time to continue their fight to acquire responsive information that the Ferraras were already ordered to produce.[2]

### B. The Withheld Documents Bear Directly On Plaintiffs' Claims And Are Discoverable.

The cell phone records sought by Plaintiffs with respect to this Rule 56(d) motion directly relate to Plaintiffs' claims. As an example, both Charlie Ferrara and Blakeman were involved in the assault on Plaintiff Reed, and Blakeman was involved in the assault on Plaintiff Spencer. Plaintiffs are entitled to review Charlie Ferrara's cell phone records, as properly produced, prior to any ruling on Blakeman's summary-judgment motion, to identify communications Charlie Ferrara and Blakeman may have had regarding the assaults.

Similarly, Officer Barber admitted that he is friendly with the Bay Boys and attends social functions with them. *See, e.g.,* Wolff Decl., Exh. B at 71:12-72:3. Officer Barber also admitted that police officers use their personal cell phones to exchange work-related texts while on duty. *Id.* at 88. Plaintiffs should be permitted additional time to compel and review these relevant messages. These facts are sufficient to meet the requirements under Rule 56(d) that "some basis for believing that the information sought actually exists."

Additionally, these records are discoverable. Despite the City's refusal to produce relevant information from police officers' personal devices, the City stops short of arguing that Plaintiffs are not entitled to this information. The discoverability of this information is indisputable. *See City of San Jose v. Superior*

---

[2] The Ferraras' argument in footnote 3 is indicative of their improper view of their discovery obligations. Ferraras' Opp'n, at 6, n. 3 ("It is perplexing why Plaintiffs did not pursue other formal efforts to obtain the cellular phone records of the Ferraras.") They apparently argue they can shirk their discovery duties so long as other methods of discovery are available. They do not cite any case law for this argument, it is wrong on its face, and is further evidence of discovery misconduct.

*Court*, 2 Cal. 5th 608, 614, 626 (2017). And while the City argues that its production of such information would violate the officers' collective bargaining agreement, a contract that violates the law is null and void. Cal. Civ. Code § 1608.

### C. Plaintiffs' Motion Was Timely And Properly Brought.

Nothing in the Federal Rules supports the City's argument that Plaintiffs should have sought relief under Rule 56(d) while opposing the its summary-judgment motion. Rather, "implication and logic require that a Rule 56(f) motion be made prior to the summary judgment hearing," which Plaintiffs here did. *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990). Further, the City continues to produce documents even after briefing on its summary-judgment motion has closed. Wolff Decl., ¶ 11.

The City's citations to *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) and *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10-11 (1st Cir. 2007) are unavailing. *Cornwell* involved a motion to reopen discovery and did not conduct an analysis under Rule 56(d). And in *Rey-Hernandez*, a First Circuit district court *granted* a request for an extension of time to respond to summary judgment. Only after repeated motions for extensions, totaling nearly a year, did the district court finally deem the motion for summary judgment unopposed. *Id.* These cases shed no light on the situation at hand.

Blakeman, too, relies on irrelevant authority and makes inapplicable arguments. For instance, Blakeman cites to *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996), in support of his opposition, but in *Nidds*, the Court *granted* a continuance to the Plaintiff to allow him time to conduct discovery, but the Plaintiff did not avail himself of discovery during the continuance. *Id*. Blakeman also argues that Plaintiffs should have moved to amend the scheduling order, but there is nothing procedurally improper about Plaintiffs' request under Rule 56(d). Nor was it clear sufficiently in advance of the close of discovery that Defendants would shirk their discovery obligations, given the Court had ordered

certain Defendants to produce documents and others had agreed to do the same.

### D. Defendants Will Not Suffer Prejudice.

Defendant Blakeman argues that he will be prejudiced by the grant of Plaintiffs' Rule 56(d) motion. But there exists a far greater risk of prejudice and miscarriage of justice if this Court were to grant summary judgment to Defendants despite their concealing of relevant evidence.

### E. Defendants' Attempts To Reargue Their Summary Judgment Motions Are Improper and Misplaced.

The Ferraras and Blakeman attempt to rehash their summary-judgment arguments in response to Plaintiffs' Rule 56(d) motion. These arguments are misplaced and, in some instances, bizarre.[3]

## III. CONCLUSION

This Court should grant Plaintiffs' Rule 56(d) motion and deny Defendants' Motions for Summary Judgment. In the alternative, the Court should allow Plaintiffs the time to obtain the improperly-withheld discovery before ruling on Defendant's Motions for Summary Judgment.

DATED: August 22, 2017                HANSON BRIDGETT LLP


By: _____/s/ Kurt A. Franklin_____
KURT A. FRANKLIN
Attorneys for Plaintiffs

---

[3] For instance, Blakeman admits that Defendant Lee called him 62 times the day of Plaintiff Spencer's assault but argues that there was no conspiracy because the communications occurred after the assault. Blakeman Opp'n at 8:19-27. Blakeman cites no case law that communications in furtherance of a conspiracy must occur before an assault. Nor is this argument relevant to a Rule 56(d) analysis.