1  HANSON BRIDGETT LLP
   KURT A. FRANKLIN, SBN 172715
2  kfranklin@hansonbridgett.com
   LISA M. POOLEY, SBN 168737
3  lpooley@hansonbridgett.com
   SAMANTHA WOLFF, SBN 240280
4  swolff@hansonbridgett.com
   425 Market Street, 26th Floor
5  San Francisco, California 94105
   Telephone:  (415) 777-3200
6  Facsimile:   (415) 541-9366

7  HANSON BRIDGETT LLP
   TYSON M. SHOWER, SBN 190375
8  tshower@hansonbridgett.com
   LANDON D. BAILEY, SBN 240236
9  lbailey@hansonbridgett.com
   500 Capitol Mall, Suite 1500
10 Sacramento, California 95814
   Telephone:  (916) 442-3333
11 Facsimile:   (916) 442-2348

12 OTTEN LAW, PC
   VICTOR OTTEN, SBN 165800
13 vic@ottenlawpc.com
   KAVITA TEKCHANDANI, SBN 234873
14 kavita@ottenlawpc.com
   3620 Pacific Coast Highway, #100
15 Torrance, California 90505
   Telephone:  (310) 378-8533
16 Facsimile:   (310) 347-4225

17 Attorneys for Plaintiffs
   CORY SPENCER, DIANA MILENA
18 REED, and COASTAL PROTECTION
   RANGERS, INC.
19

20              UNITED STATES DISTRICT COURT

21      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

22

23 CORY SPENCER, an individual;        CASE NO. 2:16-cv-02129-SJO (RAOx)
   DIANA MILENA REED, an
24 individual; and COASTAL             **PLAINTIFFS' OPPOSITION TO**
   PROTECTION RANGERS, INC., a         **DEFENDANT BLAKEMAN'S**
25 PROTECTION RANGERS, INC., a         **MOTION TO STRIKE**
   California non-profit public benefit
26 corporation,                        Judge:  Hon. S. James Otero
                                        Date:    September 5, 2017
27                                      Time:    10:00 a.m.
                 Plaintiffs,            Crtrm.: 10C
28

                                        Case No. 2:16-cv-02129-SJO (RAOx)

13721845.4
     PLTFS.' OPP'N TO DEF. BLAKEMAN'S MOT. TO STRIKE

1

2          v.

3    LUNADA BAY BOYS; THE
     INDIVIDUAL MEMBERS OF THE
4    LUNADA BAY BOYS, including but
5    not limited to SANG LEE, BRANT
     BLAKEMAN, ALAN JOHNSTON
6    AKA JALIAN JOHNSTON,
7    MICHAEL RAE PAPAYANS,
     ANGELO FERRARA, FRANK
8    FERRARA, CHARLIE FERRARA,
9    and N. F.; CITY OF PALOS VERDES
     ESTATES; CHIEF OF POLICE JEFF
10   KEPLEY, in his representative
11   capacity; and DOES 1-10,

12              Defendants.

13

| Complaint Filed: | March 29, 2016 |
| Trial Date: | November 7, 2017 |

# I.    INTRODUCTION

Defendant Blakeman's motion to strike Plaintiffs' evidence in support of their oppositions to Defendants' summary judgment motions is both substantively flawed and procedurally improper, and should be denied.

As an initial matter, a "motion to strike" is not the proper means of challenging evidence submitted in support of an opposition to a summary judgment motion.[1]  Even if it were, however, Defendant Blakeman failed to meet and confer with Plaintiffs before filing this motion, as required by Local Rule 7-3.  He compounded that failure by failing to give Plaintiffs proper notice of his motion.  Blakeman's deficient motion to strike should be denied for these reasons alone.

Furthermore, even if Blakeman's motion to strike were procedurally proper, it is without merit in any event.  The recording (and related transcript) Blakeman seeks to exclude was obtained lawfully, and consists of non-hearsay statements made by a party in his individual capacity that he believed to be true.  And, contrary to Blakeman's baseless and conclusory assertions, presented without any substantive explanation or argument, all of the evidence Blakeman seeks to strike is, in fact, both relevant and admissible.

Because there is no basis upon which to strike the evidence Blakeman challenges through his improper motion to strike, Plaintiffs respectfully request that Blakeman's motion be denied.

---

[1] Blakeman's use of a "motion to strike" to challenge the contents of a declaration in opposition of a summary judgment motion is based on an outdated and incorrect understanding of the Federal Rules of Civil Procedure.  "Prior to December 1, 2010, the proper method by which to attack an affidavit was by filing a motion to strike … Under the now-applicable Rule 56(c)(2), however, it is no longer necessary for a party to file such a motion; instead, the party may simply object to the material." *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012).  While Blakeman's motion to strike should be denied on this procedural basis alone, Plaintiffs will nonetheless address herein the "merits" – such as they are – of Blakeman's motion.

PLTFS.' OPP'N TO DEF. BLAKEMAN'S MOT. TO STRIKE

## II.     ARGUMENT

**A.     The Evidence Blakeman Seeks to Strike is Admissible and Relevant.**

Blakeman moves to strike two categories of evidence from Plaintiffs' opposition: (1) Evidence of Plaintiff Diana Reed's video-recorded conversation with Defendant Charlie Ferrara, including a transcript of this conversation and the recording itself (Exhibits 43 and 38; Docket Nos. 362 and 385, respectively); and (2) Declarations of percipient witnesses previously filed in support of Plaintiffs' motion for class certification (Exhibits 12, 16-27, 29, 31-33, 35, 37; Docket Nos. 347, 354, 356, 361, 364, 366, 368, 370, 372, 373, 375, 381, 383, 382, 379, 378, 377, 374, and 371, respectively).[2]  All of these exhibits are relevant and admissible, and no basis exists for their being stricken from the record.

### 1.     There Is No Basis To Strike The Video Recording Of Defendant Charlie Ferrara's Conversation With Plaintiff Reed And The Transcript Of The Conversation.

Blakeman asserts, without any analysis or explanation, that Plaintiff Reed's recorded conversation with Defendant Charlie Ferrara, and the transcript of that conversation (wherein he describes the Bay Boys' hierarchy, purpose, and tactics), should be stricken.  Blakeman argues that this illuminating recording lacks foundation, is unauthenticated, and is hearsay, and further contends that the conversation was "illegally recorded."  (Blakeman Mot. to Strike [Dkt. No. 411-2] at 2:2-5.)  Given the content and substance of the recording, which contains critical admissions and is extraordinarily damaging not only to Blakeman's summary judgment motion but to his defenses in this matter generally, it is easy to understand why Blakeman would want to get rid of this highly probative evidence.  However, Blakeman's arguments for exclusion of the recording and transcript have no merit.

/ / /

---

[2] Blakeman's motion to strike provides the incorrect ECF number for Exhibits 31, 35, and 37.  The correct ECF numbers for those three exhibits are 379, 374, and 371, respectively.

Case No. 2:16-cv-02129-SJO (RAOx)

PLTFS.' OPP'N TO DEF. BLAKEMAN'S MOT. TO STRIKE

13721845.4

First, Blakeman states, in conclusory fashion, that the audio recording and transcript "lack foundation" (Blakeman Mot. to Strike [Dkt. No. 411-2] at 2:3), but foundation was provided in the Declarations of Samantha Wolff (Docket No. 346, ¶ 39) and Diana Milena Reed (Docket No. 380, ¶¶ 36-38). These same declarations also authenticate the video recording and transcript. *See id.*

Next, Blakeman asserts that his co-defendant's statements are hearsay. They are not. The statements offered as evidence were made by an opposing party (Defendant Charlie Ferrara) in his individual capacity, and were statements that he believed to be true. Therefore, they are not hearsay. Fed. R. Evid. 801(d)(2). The statements may be offered not only against Defendant Ferrara himself, but also against his co-conspirators, including Blakeman and all other defendants. Fed. R. Evid. 801(d)(2)(e). And, even if Defendant Ferrara's candid statements regarding the Bay Boys' criminal scheme to misappropriate valuable public property were hearsay (which they are not), they would be admissible as admissions against Defendant Ferrara's interest in any event. Fed. R. Evid. 804(b)(3).

Blakeman then complains that the recording was obtained illegally. Blakeman fails to explain the basis of this complaint, but quotes a portion of the conversation between Defendant Ferrara and Plaintiff Reed, taken out of context to suggest that Defendant Ferrara was unaware that he was being recorded. (Blakeman Mot. to Strike [Dkt. No. 411-2] at 2:6-7.) Blakeman's contention is unsupported by either fact or law.

Defendant Ferrara was, in fact, aware that he was being recorded, and Blakeman's misleading quote is belied by the evidence. As Plaintiff Reed explained in her declaration, Chief Kepley and Captain Best had instructed Plaintiff Reed to bring her cell phone with her to the beach as a form of protection. (Reed Decl. [Dkt. No. 380] at 12:17-18.) Defendant Charlie Ferrara "pointed to my Canon camera and asked if I was recording him using that camera. I was not, and I told him as much." (*Id*. at 14:21-22.) But, as Plaintiff Reed explained in her declaration, her cell phone

Case No. 2:16-cv-02129-SJO (RAOx)
PLTFS.' OPP'N TO DEF. BLAKEMAN'S MOT. TO STRIKE

1   "was sitting face-up and in plain view on a table in the Rock Fort."  (*Id*. at ¶ 38.)  At

2   all relevant times, Plaintiff Reed believed that Defendant Charlie Ferrara knew she

3   was recording him and that he was simultaneously recording her, since she saw him

4   holding an audio recording device.  (*Id*.)

5         Further, even if Defendant Ferrara had been unaware that he was being

6   recorded (which he was), this conversation between Defendant Charlie Ferrara and

7   Plaintiff Diana Reed took place in an open area along a public beach.  (Reed Decl.

8   [Dkt. No. 380] at ¶ 38.)  Defendant Ferrara had no reasonable expectation of privacy

9   at this location under these circumstances.  *Wilkins v. National Broadcasting Co.,*

10  *Inc.*, 71 Cal. App. 4th 1066, 1078 (1999) (holding that a conversation that occurred

11  on an outdoor patio at a public restaurant could not reasonably be expected to be

12  confidential).  And, even if Defendant Charlie Ferrara did not consent to the

13  recording or was unaware of it, the recording was nonetheless legally obtained and

14  is admissible under federal law.  Only one party must consent to the recording.  18

15  U.S.C. § 2511(2)(d) (the recording of oral communications is not unlawful "where a

16  party to the conversation is either the one who has intercepted the conversation or

17  who has consented to the interception, and the interception is not for the purpose of

18  committing any criminal or tortious act.").  Thus, even if the recording had violated

19  state law (which it did not), it is nonetheless admissible in this federal proceeding.

20  *See Roberts v. Americable International, Inc.*, 883 F.Supp. 499, 503 (E.D. Cal.

21  1995) (tapes obtained in violation of California law "admissible in federal court

22  proceedings when obtained in conformance with federal law and without regard to

23  state law"); accord *United States v. Adams*, 694 F.2d 200, 201-02 (9th Cir. 1982).

24        Finally, the recording is admissible for impeachment purposes in any event.

25  *Frio v. Superior Court*, 203 Cal. App. 3d 1480, 1497 (1988) ("The truth-finding

26  function of trial, already strained by the exclusion of the writings themselves, should

27  not be burdened further by the presentation of evidence through witnesses who may

28  lie with impunity.").

PLTFS.' OPP'N TO DEF. BLAKEMAN'S MOT. TO STRIKE

1    For all of these reasons, there is no basis to strike either the video recording or

2    the transcript of Defendant Ferrara and Plaintiff Reed's conversation.

3          **2.    The Declarations In Support Of Class Certification Are Relevant
             To Plaintiffs' Opposition To Defendants' Summary Judgment
4            Motions.**

5    Blakeman argues that 18 declarations submitted by Plaintiffs in support of

6    their opposition to Defendants' motions for summary judgment should be stricken

7    because they "do not have 'any conceivable relevance'" to Defendants' motions.

8    (Blakeman Mot. to Strike [Dkt. No. 411-2] at 2:12.)  Blakeman offers no further

9    analysis or explanation.  But, these declarations – which document the Bay Boys'

10   extensive conspiracy to exclude outsiders – are undeniably relevant for content,

11   context, corroboration, and history, and support Plaintiffs' conspiracy allegations.

12   These witnesses explain their encounters with the Bay Boys and the City's

13   complicity, all of which is strikingly similar to the experiences of the named

14   Plaintiffs.  (*See*, *e.g.*, Wolff Decl., Exh. 16 [Dkt. No. 354] [Conn Decl.] (describing

15   harassment and physical assault with a rock by the Bay Boys, which Palos Verdes

16   Estates police failed to investigate or address); Exh. 17 [Dkt. No. 356] [Gero Decl.]

17   (describing physical intimidation, assault, and automobile vandalism by the Bay

18   Boys); Exh. 18 [Dkt. No. 361] [Gersch Decl.] (describing harassment and

19   intimidation by Bay Boys, including Blakeman, as well as assault with projectiles

20   and complicit conduct by police); Exh. 19 [Dkt. No. 364] [Hagins Decl.] (describing

21   assault and death threats by Bay Boys and police refusal to help); Exh. 22 [Dkt. No.

22   370] [Krell Decl.] (describing harassment and property vandalism and theft by Bay

23   Boys and disappointing, ineffective police intervention)).

24   The declarations corroborate Plaintiffs' allegations of assault, battery,

25   intimidation, and exclusion perpetrated by the Bay Boys, and complicit, negligent

26   behavior on the part of the City, and are all highly relevant because, among other

27   reasons, they tend to make Plaintiffs' allegations more probable.  Fed. R. Evid.

28   401(a).  These declarations cannot be stricken on general "relevance" grounds.

**B.     Blakeman's Motion To Strike Is Procedurally Defective.**

Not only is Blakeman's motion meritless, but he also failed to comply with multiple procedural prerequisites prior to filing it.  Blakeman's evidentiary objections are improperly styled as a "motion to strike" (see *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012) (motion to strike not proper means of challenging evidence submitted in connection with summary judgment motion or opposition); but, since Blakeman erroneously chose to file his evidentiary objections in the form of a motion, he was obligated to comply with this Court's local rules pertaining to motions.  He did not do so, and his motion to strike is therefore fatally defective.

Central District Local Rule 7-3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution," and that this discussion must occur at least one week before filing the motion.  Defendant Blakeman is represented by a number of attorneys, yet no one contacted counsel for Plaintiffs to discuss the substance of this motion, in violation of the local rules.  Wolff Declaration in Support of Opposition to Motion to Strike (Wolff Decl.), ¶ 2.

Defendant Blakeman was also required to file this motion at least 28 days before the date set for hearing.  C.D. L.R. 6-1; *see also* Standing Order, Docket No. 9 at ¶ 16 ("Parties must strictly comply with L.R. 601, 7-9, and 7-10.").  Here, however, Defendant Blakeman apparently anticipates his motion will be heard on September 5, 2017, yet filed his motion with only 19 days' notice.  *See* Docket No. 411-2 (filed on Aug. 17, 2017, noticing hearing date of September 5, 2017).  This is not sufficient notice.  C.D. L.R. 6-1.

These procedural deficiencies provide an equally strong basis for denying Blakeman's motion as the substantive deficiencies outlined above.  Blakeman's motion can and should be denied in its entirety for any one of these several reasons.

PLTFS.' OPP'N TO DEF. BLAKEMAN'S MOT. TO STRIKE

Case No. 2:16-cv-02129-SJO (RAOx)

## III.   CONCLUSION

Defendant Blakeman's Motion to Strike is as meritless as it is procedurally flawed.  Plaintiffs therefore request, for all of the foregoing reasons, that this Court deny Blakeman's Motion to Strike.

DATED:  August 24, 2017                    HANSON BRIDGETT LLP


By:      /s/ Landon D. Bailey
         KURT A. FRANKLIN
         LISA M. POOLEY
         SAMANTHA D. WOLFF
         TYSON M. SHOWER
         LANDON D. BAILEY
         Attorneys for Plaintiffs
         CORY SPENCER, DIANA MILENA
         REED, and COASTAL PROTECTION
         RANGERS, INC.

13721845.4

PLTFS.' OPP'N TO DEF. BLAKEMAN'S MOT. TO STRIKE

Case No. 2:16-cv-02129-SJO (RAOx)