UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 16-02129-SJO (RAOx) | Date: | August 23, 2017 |
| Title: | Cory Spencer, et al. v. Lunada Bay Boys, et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Sandra L. Butler | CS8/23/2017 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Samantha Wolff | Alison Hurley |
| | Tiffany Bacon |
| | John Worgul |
| | Tera Lutz |
| | Mark Fields |
| | Jacob Song |

**Proceedings:** MINUTE ORDER RE: TELEPHONIC HEARING AND GRANTING IN PART PLAINTIFFS' MOTION FOR SANCTIONS [403]

The case was called and counsel for the parties entered their appearances. The parties and the Court discussed Plaintiffs' Motion for Monetary Sanctions Against Charlie Ferrara, Frank Ferrara and Their Counsel of Record Bremer Whyte Brown & O'Meara ("Sanctions Motion").[1] *See* Dkt. No. 403.

### I. Request for Sanctions for Spoliation

Plaintiffs request, in part, monetary sanctions against Charlie Ferrara and Frank Ferrara (collectively, "Defendants") and their counsel at Bremer Whyte Brown & O'Meara LLP ("Bremer Whyte") for spoliation of evidence. As noted in this Court's August 9, 2017 order, Plaintiffs have raised the issue of spoliation before the District Judge in their Opposition to Individual Defendants' Motions for Summary Judgment. *See* Dkt. No. 328 at 19-20; Dkt. No. 329 at 132-33; Dkt. No. 346 ¶¶ 51-53. Plaintiffs also base their Rule 56(d) motion, filed on

---

[1] The Sanctions Motion addresses the conduct of Defendants Charlie Ferrara and Frank Ferrara, and their counsel at Bremer Whyte Brown & O'Meara. The motion does not involve any other defendant or counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 16-02129-SJO (RAOx) | Date: | August 23, 2017 |
| Title: | Cory Spencer, et al. v. Lunada Bay Boys, et al. | | |

August 8, 2017, in part on Defendants' delayed production of cellular phone data and bill records. *See* Dkt. No. 397-1 at 8-12. In addition, Plaintiffs recently filed a motion for sanctions against Defendants and Sang Lee ("Non-monetary Sanctions Motion") before the District Judge, noting that Plaintiffs have a similar motion as to Defendants pending before the undersigned. *See* Dkt. No. 425.

As stated on the record, the Court declines to rule on Plaintiffs' Sanctions Motion against Defendants and Bremer Whyte to the extent it is based on alleged spoliation of evidence because the issue of spoliation is intertwined with issues raised in multiple motions pending before the District Judge. Accordingly, Plaintiffs' Sanction Motion is DENIED in part without prejudice to Plaintiffs requesting monetary sanctions for spoliation in connection with their Non-monetary Sanctions Motion before the District Judge.

**II.     Sanctions for Failure to Comply with the Court's July 13 Order**

Plaintiffs also request sanctions for the failure of Defendants to comply with the Court's July 13, 2017 order ("July 13 Order").

A telephonic hearing was held on July 13, 2017 regarding the discovery dispute between Plaintiffs and Defendants. *See* Dkt. No. 267. At the hearing, Defendants were ordered to produce their cellular phone billing records and documents from the imaging of Defendants' phones by 5 p.m. on July 17, 2017. *See id.* On July 26, 2017, another telephonic hearing was held. *See* Dkt. No. 296. Plaintiffs' counsel informed the Court that Defendants had not yet produced all of the documents that were ordered to be produced at the July 13 hearing. Defendants' counsel stated that the remaining documents would be produced shortly. At the request of Plaintiffs, the Court set a briefing schedule for a motion for sanctions.

Federal Rule of Civil Procedure 37(b)(2) provides that if a party fails to obey an order to provide or permit discovery, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(b)(2)(A), (C).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 16-02129-SJO (RAOx) | Date: | August 23, 2017 |
| Title: | Cory Spencer, et al. v. Lunada Bay Boys, et al. | | |

      The Court has considered the parties' briefing (Dkt. Nos. 403, 423) and the parties' arguments at the August 23, 2017 hearing for the Sanctions Motion. The Court finds it appropriate to order counsel for Defendants, Bremer Whyte, to pay the reasonable expenses, including attorney's fees, caused by the failure of Defendants to comply with the Court's July 13 Order.[2]

      It is undisputed that Defendants failed to comply with the July 13 Order. At the July 13 hearing and in the accompanying minute order, the Court ordered Defendants to produce responsive documents by July 17, 2017. *See* Dkt. No. 267. Defendants admit that the completion of their document production occurred after the July 17 production date ordered on July 13, 2017. Opp'n at 7.

      The Court finds that Bremer Whyte's failure to comply with the July 13 Order was not substantially justified and an award of the reasonable expenses incurred by Plaintiffs' counsel caused by the failure to comply would not be unjust. In Defendants' Opposition and at the July 26, 2017 hearing, Bremer Whyte asserted that the initial production did not include Charlie Ferrara's extraction report because Bremer Whyte did not have sufficient time to perform necessary redactions. *See* Opp'n at 6. However, Bremer Whyte did not request relief from this Court before the production deadline and did not provide notice to Plaintiffs' counsel before the production deadline that the initial production would be partial or that Bremer Whyte needed additional time to complete the production. *See* Sanctions Mot. at 6. When Plaintiffs' counsel questioned Bremer Whyte the day after the deadline about the missing cellular phone data for Charlie Ferrara's phone, Bremer Whyte responded that Charlie Ferrara's communications were included in the cell phone bills, but still did not notify Plaintiffs' counsel that further production of Charlie Ferrara's cellular phone data was pending. *See* Declaration of Samantha D. Wolff in support of Sanctions Motion ("Wolff Decl.") ¶¶ 21-22 & Exs. 20-21. It was not until six days later that Bremer Whyte clarified Charlie Ferrara's cellular phone data had not been produced. Wolff Decl. ¶ 24. Defendants completed their production by July 27, 2017, *see* Opp'n at 7, ten days past the ordered deadline and after the second telephonic hearing where the Court agreed to hear a motion for sanctions based on Defendants' failure to comply with the July 13 Order.

---

[2] It is the Court's understanding that Defendants' cellular phones had been turned over for imaging at the time of the July 13 hearing. Bremer Whyte has not contended that the delay in completing the production was caused by its clients. The Court, therefore, finds it appropriate to sanction Bremer Whyte only and not the individual Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 16-02129-SJO (RAOx)      Date: August 23, 2017
Title: Cory Spencer, et al. v. Lunada Bay Boys, et al.

Although the ordered documents have now been produced, "belated compliance with a discovery order does not preclude the imposition of sanctions." *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002) (citation omitted); *Lewis v. Ryan*, 261 F.R.D. 513, 518 (S.D. Cal. 2009).

For the foregoing reasons, the Court GRANTS Plaintiffs' Sanctions Motion as to Bremer Whyte based on the failure to comply with the Court's July 13, 2017 order. However, as set forth below, the Court will order Plaintiffs' counsel to submit a further declaration regarding expenses.

### III. Sanctions Pursuant to the Inherent Authority of the Court

A court also has the inherent authority to sanction a party or counsel who acts in bad faith, vexatiously, wantonly, or for oppressive reasons. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997); *see also Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1061 (S.D. Cal. 2015) (monetary sanctions appropriate under court's inherent authority where evidence demonstrated party's delay, disruption of discovery process and litigation, gamesmanship, and discovery abuses). Before a court awards sanctions under its inherent powers, it must make an express finding that the sanctioned party's behavior constituted or was tantamount to bad faith. *Primus*, 115 F.3d at 648.

Here, the Court declines to impose sanctions pursuant to its inherent authority as the Court cannot conclude that Defendants' or Bremer Whyte's behavior constituted or was tantamount to bad faith.

### IV. Amount of Sanctions

Plaintiffs request $32,137.50 in the form of sanctions against Defendants and their counsel for the hours worked by Plaintiffs' counsel since January 2017 to obtain relevant discovery. As discussed above, the Court grants Plaintiffs' Sanctions Motion only on the ground that Defendants failed to comply with the Court's July 13 Order, pursuant to Rule 37(b)(2). The Court may only order payment of reasonable expenses "caused by the failure" to comply with the Court's discovery order. *See* Fed. R. Civ. P. 37(b)(2)(C). Therefore, the Court directs counsel for Plaintiffs to submit a further declaration for only the expenses caused by the failure of Defendants' to comply with the Court's July 13 Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 16-02129-SJO (RAOx) | Date: | August 23, 2017 |
| Title: | Cory Spencer, et al. v. Lunada Bay Boys, et al. | | |

**V.    Conclusion**

In light of the foregoing, Plaintiffs' Sanctions Motion is GRANTED in part. Bremer Whyte shall be sanctioned pursuant to Rule 37(b)(2)(C) for an amount to be determined by the Court at a later date for the reasonable expenses, including attorney's fees, caused by the failure to comply with the Court's July 13 order. Counsel for Plaintiffs shall submit a further declaration regarding expenses by **September 7, 2017**. After review of the declaration, the Court will issue a further minute order determining the amount of monetary sanctions.

**IT IS SO ORDERED.**

                                                                             1 : 02
Initials of Preparer    slb