HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone: (916) 442-3333
Facsimile: (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone: (310) 378-8533
Facsimile: (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFFS' SUGGESTION UNDER FRCP 25(d) ON RECORD TO SUBSTITUTE OFFICIAL NAMED IN HIS REPRESENTATIVE CAPACITY DUE TO RESIGNATION** |

|  |  |
|---|---|
| v. | Complaint Filed: March 29, 2016 |
|  | Trial Date: November 7, 2017 |

LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,

Defendants.

Attorneys for Plaintiffs in the above-entitled action suggest to the Court a substitution of names for officials serving in in the position of Chief of Police for the City of Palos Verdes Estates, as the persons in the position have changed and are only named in their representative capacities:

1.  On March 29, 2016, Plaintiffs named Jeff Kepley as a defendant in this action in his representative capacity as the Chief of Police for the Defendant City of Palos Verdes Estates. And, on July 25, 2016, Jeff Kepley filed an Answer in his representative capacity as the Chief of Police.

2.  During the City's Rule 30(b)(6) deposition on July 12, 2017, the City identified Captain Tony Best as the person most knowledgeable on certain topics. Captain Best indicated that Chief Jeff Kepley had been on leave much of the year. Further, he stated that he had been appointed "Acting Chief of Police," but that on July 1, 2017, the City Manager appointed Mark Velez "Acting Chief of Police." (*See*, Best Depo., pp. 25-29, a true and correct copy of which is attached hereto as

Exhibit 1.)

3. On information and belief pursuant to the attached City news release and representation by the City Manager of Palos Verdes Estates to the Daily Breeze, printed on August 28, 2017 (a true and correct copy of which is attached hereto as Exhibit 2), and the City's current website as reflected on Friday, September 8, 2017 (a true and correct copy of the "Chief's Welcome" is attached hereto as Exhibit 3), Jeff Kepley has ceased to hold the office of Chief of Police, due to his retirement.

4. On Friday September 8, 2017, I wrote Mr. Kepley's attorneys in this matter (Ed Richards, and the other Kutak Rock attorneys) notifying them of Plaintiffs' anticipated filing of a SUGGESTION UNDER FRCP 25(d) ON RECORD TO SUBSTITUTE OFFICIAL NAMED IN HIS REPRESENTATIVE CAPACITY DUE TO RESIGNATION. More specifically, I wrote "Early next week, we plan to file a request with the Court under FRCP 25(d) substituting Mark Velez as Acting Chief of Police for Jeff Kepley, whom we understand officially retired at the end of last month. We understand this from PMK Best's deposition (on leave), a City press release (indicating formal retirement), the City's website (Chief's message changed), and a Daily Breeze article dated August 28 (indicating formal retirement). Per this information, we understand the City Manager hopes to appoint a new full time chief within 4 months." On that same day, Mr. Richards wrote back confirming that "you are correct that Kepley has now officially retired and Velez continues as the current acting Chief. I will confirm early next week whether we will continue to represent him [Kepley] for trial purposes."

5. On Thursday, September 14, 2017, not having heard from Mr. Richards or anyone else from Kutak Rock on the substitution, I wrote Mr. Richards again: "As follow up, I trust there is no objection by Chief Kepley to our filing the below captioned 'SUGGESTION UNDER FRCP 25(d) ON RECORD TO SUBSTITUTE OFFICIAL NAMED IN HIS REPRESENTATIVE CAPACITY DUE TO

RESIGNATION.'  Not having heard anything, we'll file this tomorrow morning." Mr. Richards wrote back quickly, asking Plaintiffs to delay notifying the Court about Defendant Jeff Kepley's resignation so that he would have additional time to "consider and respond.  Also, I am informed that the appointment of Velez to chief was temporary and he will be replaced at the end of the month.  I can identify his replacement for you tomorrow.  Is all of that acceptable ?"

6. Also on Thursday, September 14, 2017, I wrote Mr. Richards back as follows: "Since you've confirmed Jeff Kepley is retired and no longer the Chief of Police for the City nor is he a City employee, we believe we have an ethical obligation at this point to notify the Court and substitute Chief Kepley out of the case as soon as possible.  Still, we appreciate the notice that Captain Velez will only be holding the Chief of Police position through the end of the month.  This is different than what was publicly messaged by the City Manager."  On September 15, 2017, Mr. Richards asked Plaintiffs to again delay notifying the Court about Jeff Kepley's resignation: "[A]s I indicated and requested, I would appreciate the courtesy of delaying your filing until next Tuesday for the reasons set forth in my prior email.  I appreciate your concern about what you perceive as an ethical obligation to make this substitution but I respectfully submit that this rush to file a substitution may be premature in view of the fact that one of the issues raised in the City's pending Motion for Summary Judgment is a dismissal of the 'Chief' since his inclusion as a defendant is redundant and unnecessary.  To try to substitute in the temporary Chief who did not hold that positon during the times relevant to the allegations in the Complaint seems to me to be both redundant for the reasons set forth in our Motion for Summary Judgment and inappropriate."

7. Pursuant to the attached Exhibits and communication with Ed Richards the attorney of record for Jeff Kepley and the City in this matter, Jeff Kepley is no longer a City employee because he retired, and Mark Velez, whom the City

1 Manager had appointed during Jeff Kepley's absence, continues to lawfully occupy
2 the position of Chief of Police for the City, serving as acting Chief of Police since
3 July 1, 2017, which full-time permanent position was formally held by his
4 predecessor defendant of record in this action (Jeff Kepley) until he retired. On
5 information and belief, Mark Velez is to serve in the capacity of acting Chief of
6 Police until the City Manager names a permanent Chief of Police, which the City
7 has initially estimated to take place in three or four months.

8. In accordance with Fed. R. Civ. P. 25(d)(1), Plaintiffs suggest that given Defendant Jeff Kepley was named in his representative capacity and that he no longer works for the City of Palos Verdes Estates, that the Court issue an order (1) substituting Mark Velez as a defendant in place of Jeff Kepley, who is the current defendant of record, and (2) that the City notify the Court as soon as either a new acting, interim, or permanent Chief of Police is named and assumes the position of Chief of Police for the City.

DATED: September 15, 2017          HANSON BRIDGETT LLP


By:     /s/ Kurt A. Franklin
        KURT A. FRANKLIN
        LISA M. POOLEY
        SAMANTHA D. WOLFF
        TYSON M. SHOWER
        LANDON D. BAILEY
        Attorneys for Plaintiffs
        CORY SPENCER, DIANA MILENA
        REED, and COASTAL PROTECTION
        RANGERS, INC.

# EXHIBIT 1

Atkinson-Baker Court Reporters
www.depo.com

```
                    UNITED STATES DISTRICT COURT
         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION


    CORY SPENCER, an individual; DIANA   )
    MILENA REED, an individual; and      )
    COASTAL PROTECTION RANGERS, INC., a  )
    California non-profit public         )
    benefit corporation,                 )
                                         )
              Plaintiffs,                )
                                         )
         vs.                             ) Case No: 2:16-cv-
                                         ) 02129-SJO (RAOx)
    LUNADA BAY BOYS; THE INDIVIDUAL      )
    MEMBERS OF THE LUNADA BAY BOYS,      )
    including but not limited to SANG    )
    LEE, BRANT BLAKEMAN, ALAN JOHNSTON   )
    AKA JALIAN JOHNSTON, MICHAEL RAE     )
    PAPAYANS, ANGELO FERRARA, FRANK      )
    FERRARA, CHARLIE FERRARA, and N.F.;  )
    CITY OF PALOS VERDES ESTATES; CHIEF  )
    OF POLICE JEFF KEPLEY, in his        )
    representative capacity; and DOES    )
    1-10,                                )
                                         )
              Defendants.                )
    _____)


         DEPOSITION OF THE CITY OF PALOS VERDES ESTATES

                    THROUGH AND BY TONY BEST

                       IRVINE, CALIFORNIA

                    WEDNESDAY, JULY 12, 2017


    ATKINSON-BAKER, INC.
    COURT REPORTERS
    www.depo.com
    (800)288-3376
    REPORTED BY:  GEHANE CASSIS.  CSR No. 13020
    FILE NO: AB06B06
```

1

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | Q | So Arcadia by Pasadena, he was the chief of | 09:35 |
| 2 | police? | 09:35 |
| 3 | A | Yes. | 09:35 |
| 4 | Q | There before he became -- he retired under | 09:35 |
| 5 | PERS and then made his services available for police | 09:35 |
| 6 | departments where he would work presumably -- sometimes | 09:35 |
| 7 | it might be more or less -- 960 hours. Is that a good | 09:35 |
| 8 | idea? | 09:35 |
| 9 | A | Depending on the calendar. | 09:35 |
| 10 | Q | And was he commuting during that time? Was he | 09:35 |
| 11 | working more than half time, in your estimate in terms | 09:35 |
| 12 | of your time with him? | 09:35 |
| 13 | A | No, he was -- he was there full. | 09:35 |
| 14 | Q | Full-time? | 09:35 |
| 15 | A | Yeah. | 09:35 |
| 16 | Q | And then after Chief Hinig, does that bring us | 09:35 |
| 17 | up to Chief Kepley? | 09:36 |
| 18 | A | It does. | 09:36 |
| 19 | Q | And then how long -- when did Chief Kepley | 09:36 |
| 20 | start? | 09:36 |
| 21 | A | I believe, 2013 or '14. '14. Maybe it's | 09:36 |
| 22 | 2014. | 09:36 |
| 23 | Q | And if I have it right, are you currently | 09:36 |
| 24 | serving two roles; you're a captain and you're captain | 09:36 |
| 25 | an acting chief of police? | 09:36 |

PMK: Tony Best
July 12, 2017

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | A    Effective July 1st, Captain Mark Valez and I | 09:36 |
| 2 | switched. So I was acting chief while Chief Kepley was | 09:36 |
| 3 | out on leave for 11 weeks. And July 1st, it was decided | 09:36 |
| 4 | that for the sake of fairness that Mark would have the | 09:36 |
| 5 | opportunity to be acting chief as well. | 09:36 |
| 6 | Q    Fairness goes both ways, I suppose. | 09:37 |
| 7 | A    Yes. So the City manager appointed him as | 09:37 |
| 8 | acting chief until Chief Kepley returns. | 09:37 |
| 9 | Q    So the current acting chief is Captain Mark | 09:37 |
| 10 | Valez as of July 1st, 2017? | 09:37 |
| 11 | A    Yes. | 09:37 |
| 12 | Q    And you were acting chief. And I think you | 09:37 |
| 13 | mentioned the day, but if you can tell me again from -- | 09:37 |
| 14 | was it February? | 09:37 |
| 15 | A    I have it on the calendar. It was 11 weeks. | 09:37 |
| 16 | Q    Eleven weeks? | 09:37 |
| 17 | A    So 11 weeks back from July 1st. | 09:37 |
| 18 | Q    Okay. And was there -- in terms of moving to | 09:37 |
| 19 | the position of acting chief, is that something that the | 09:37 |
| 20 | city manager has the authority to do or does that go to | 09:37 |
| 21 | the board, do you know, or the City Council? | 09:37 |
| 22 | A    No, the city manager has the authority. He's | 09:38 |
| 23 | the appointed authority for the chief of police. | 09:38 |
| 24 | Q    And in terms of organizational structure at | 09:38 |
| 25 | Palos Verdes Estates, the chief of police is not a | 09:38 |

PMK: Tony Best
July 12, 2017

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | direct report to the City Council; is that fair? | 09:38 |
| 2 | A    Yes. | 09:38 |
| 3 | Q    And so the chief of police reports directly to | 09:38 |
| 4 | the city manager in terms of an organizational flow | 09:38 |
| 5 | chart for Palos Verdes Estates? | 09:38 |
| 6 | A    Yes. | 09:38 |
| 7 | Q    And then in terms of within the -- I should | 09:38 |
| 8 | say too, I didn't go over this. If you need to take a | 09:38 |
| 9 | break, I see you drinking water. | 09:38 |
| 10 | A    I'll leave. I'm not going to sit and suffer. | 09:38 |
| 11 | Q    Just let me know. Okay. | 09:38 |
| 12 | In terms of organizational within the police | 09:38 |
| 13 | department, is it fair to say that the chief of police | 09:39 |
| 14 | has -- notwithstanding his reporting to the city | 09:39 |
| 15 | manager -- is the only sworn person, top sworn person, | 09:39 |
| 16 | for the city sworn officer for the city; is that fair? | 09:39 |
| 17 | Let me rephrase that. | 09:39 |
| 18 | Is it fair to say that the chief of police is | 09:39 |
| 19 | the top sworn officer for the City of Palos Verdes | 09:39 |
| 20 | Estates? | 09:39 |
| 21 | A    Yes. | 09:39 |
| 22 | Q    And then if it involves a policing decision, | 09:39 |
| 23 | it's his responsibility? | 09:39 |
| 24 | A    Yes. | 09:39 |
| 25 | Q    And then in terms of making police-related | 09:39 |

Atkinson-Baker Court Reporters
www.depo.com

```
 1  decisions, a chief of police would not defer to the city    09:39
 2  manager?                                                    09:39
 3      A   No, the chief's responsibility is to make           09:39
 4  those decisions.  He may consult with the city manager      09:39
 5  and the management team, but ultimately it's the chief's    09:39
 6  decision.                                                   09:40
 7      Q   And when you were -- when you're designated as      09:40
 8  an acting chief, are you sworn differently?  Is that a      09:40
 9  memo or how did that work?                                  09:40
10      A   No, there was no memo.  There was an e-mail         09:40
11  sent out letting staff know that Chief Kepley is out on     09:40
12  leave and he's absent, and I'll be serving as acting        09:40
13  chief.                                                      09:40
14      Q   And Chief Kepley's leave as, I understand --        09:40
15  do you understand that's Labor Code 4850 leave right        09:40
16  now?                                                        09:40
17      A   I do not know if it's 4850.  It's just leave.       09:40
18      Q   Okay.  You don't know whether it's a medical        09:40
19  leave or some other type of leave?                          09:41
20      A   Do not know.                                        09:41
21      Q   And in terms of organizational structure            09:41
22  within the police department, if I have it right, there     09:41
23  are there -- there is the chief of police at the top,       09:41
24  two captains under the chief of police, and then how        09:41
25  many sergeants under the captains?                          09:41
```

Atkinson-Baker Court Reporters
www.depo.com

| | | |
|---|---|---|
| 1 | A   Six sergeants. | 09:41 |
| 2 | Q   Six sergeants under the captains. And then | 09:41 |
| 3 | how many sworn officers under the sergeants? | 09:41 |
| 4 | A   There is three corporals who act as | 09:41 |
| 5 | supervisors under the sergeants, and then the total | 09:41 |
| 6 | make-up of sworn officers is 25. So I think that is 11 | 09:41 |
| 7 | or 12 officers for a total of 25 sworn from the chief on | 09:41 |
| 8 | down. | 09:42 |
| 9 | Q   And does the total 25 make-up include reserve | 09:42 |
| 10 | officers? | 09:42 |
| 11 | A   No. | 09:42 |
| 12 | Q   So those are 25 full-time or they're -- are | 09:42 |
| 13 | reserve officers paid typically? | 09:42 |
| 14 | A   It depends on their -- the 25 is full-time | 09:42 |
| 15 | sworn police officers that are paid by the city. | 09:42 |
| 16 | Q   And then how many reserve officers? | 09:42 |
| 17 | A   I believe we have seven reserve police | 09:42 |
| 18 | officers at various levels based on their post training | 09:42 |
| 19 | which dictates what they can and can't do out in the | 09:42 |
| 20 | field. | 09:42 |
| 21 | Q   And in terms of scheduling a reserve officer, | 09:42 |
| 22 | how is that done? | 09:42 |
| 23 | A   So the scheduling of reserve officer would be | 09:42 |
| 24 | handled by the reserve coordinator, which is sergeant | 09:42 |
| 25 | Eric Gunt. So if a request came in and there is a | 09:43 |

PMK: Tony Best
July 12, 2017

Atkinson-Baker Court Reporters
www.depo.com

```
 1                                                          05:39
 2
 3
 4          I, the undersigned, a Certified Shorthand
 5   Reporter of the State of California, do hereby certify:
 6          That the foregoing proceedings were taken before
 7   me at the time and place herein set forth; that any
 8   witnesses in the foregoing proceedings, prior to
 9   testifying, were placed under oath; that a verbatim
10   record of the proceedings was made by me using machine
11   shorthand which was thereafter transcribed under my
12   direction; further, that the foregoing is an accurate
13   transcription thereof.
14          I further certify that I am neither financially
15   interested in the action nor a relative or employee or
16   attorney of any of the parties.
17          IN WITNESS WHEREOF, I have this date subscribed
18   my name.
19
20   Dated: 07/13/2017.
21   (Reading and Signing was not requested.)
22
23                              _____
24                              GEHANE CASSIS
                                CSR No. 13020
25
```

256

PMK: Tony Best
July 12, 2017

# EXHIBIT 2

Palos Verdes Estates police chief retires after 4 months on leave

The Daily Breeze (http://www.dailybreeze.com)

Go Back | Print Page

# Palos Verdes Estates police chief retires after 4 months on leave

*By Cynthia Washicko, The Daily Breeze*

*and Larry Altman, Daily Breeze*

Monday, August 28, 2017



Jeff Kepley, the beleaguered Palos Verdes Estates police chief who has been off the job for four months without a public explanation, has decided to resign, city officials announced Monday.

Kepley's departure comes just weeks before a city-commissioned study might suggest the posh community eliminate its police force entirely and contract with the Sheriff's Department for law enforcement, as is done in the other three cities on the Palos Verdes Peninsula.

Capt. Mark Velez, who joined the department in 1989, will take over as acting chief until a permanent leader is named in three to four months, City Manager Tony Dahlerbruch said.

A news release issued Monday afternoon provided no reason for Kepley's departure or an explanation for his recent absence. Kepley went on leave from the city in late April and, despite an initial statement from Dahlerbruch that he would return after five weeks, he never came back.

The release did not contain a customary statement from Kepley, and he did not return a phone message to his cellphone.

In the past, Dahlerbruch has said Kepley gave general indications that he would retire from the city at some point, but added that when the chief went on leave he gave no indication that he didn't intend to return.

"We can't control when somebody wants to retire," Dahlerbruch said in an interview. "We know that all employees are looking to have the opportunity to retire and enjoy it when they're able to."

In his statement, Dahlerbruch thanked Kepley for his "service to our residents" and wished him "the very best retirement."

Kepley beat out five other candidates for the $165,000-a-year post in 2014, when he was serving as a captain in the La Habra Police Department. The Palos Verdes Estates force employs 25 officers.

Dahlerbruch called Kepley "instrumental in the successful implementation of the Palos Verdes Estates 'Volunteers in Patrol' and 'Parkland Rangers' volunteer programs and 'Street Meets' events to maintain and strengthen the community's connections with the city's public safety resources."

**Chief under scrutiny**

Palos Verdes Estates police chief retires after 4 months on leave

Kepley's tenure, however, was marked with controversy. He came under fire in recent years for the department's response to reports of surfing localism at Lunada Bay, which drew national media attention in May 2015 after undercover footage published by The Guardian.

He was simultaneously criticized for not doing enough to crack down on the alleged bullying tactics of the alleged surfer gang, the Bay Boys, and by local surfers who were dissatisfied with his efforts to step up police presence at Lunada Bay.

Kepley was named in a federal lawsuit in March 2016 aiming to order the Police Department to prosecute the surfers' alleged crimes, classify the Bay Boys as a criminal gang and ban them from the beach. Defense attorneys are trying to have the case against Kepley and the city dismissed.

Kepley asserted that the department took localism seriously, ordered more police patrols at the isolated bay, printed two-sided handouts for officers to give to beachgoers encouraging them to report localism and parked a patrol car on the blufftop with an LED sign mounted in the back window displaying a similar message.

At the height of the winter surfing season last year, Kepley put out a call for help at a meeting of regional police chiefs to organize an undercover surfing operation at Lunada Bay. But he called it off one day before it was to take place after Dahlerbruch told him a local resident came to his office and expressed concern that a sting was planned for the next day.

An internal investigation into whether someone tipped off the surfers to the sting was inconclusive, finding that "likely hundreds" of people could have known about it.

**Parcel tax failure**

Kepley's resignation also came just months after the city failed to pass a key parcel tax that funded roughly $5 million of the city's budget. Measure D, which would have continued the 10-year-old tax, received just over 60 percent approval from voters, but required a two-thirds majority to remain in place.

The city, meanwhile, commissioned a study to determine how to scale back the Police Department or whether to eliminate it entirely to contract with the Lomita sheriff's station.

At an Aug. 4 community meeting to gather local comment on the future of the Police Department, Michael McCrary, who is leading the independent study, said he was disappointed that Kepley was off the job for so long.

"If you ever needed leadership in the organization, it's right now ... and he's not here," said McCrary, who will present his findings at a Sept. 26 City Council meeting.

Dahlerbruch said he will move forward to select a new chief in the next three to four months. He said he plans to recruit internally, but it's possible he will look outside the agency.

In the meantime, Velez will direct the force. He took over July 1 from Capt. Tony Best, who served as acting chief after Kepley went on leave in April. Best will remain a captain.

Raised in the South Bay, Velez joined the department as a nonsworn service officer after graduating from Bishop Montgomery High School in Torrance. He rose through the ranks, working as an officer, detective and sergeant. As captain, he directed the operations division, which includes the detective bureau, budgeting and project management.

"The City Council shares my confidence in and support of the outstanding men and women at the police department," Dahlerbruch said. "I look forward to working with Velez, Best and the Police Department to ensure our community remains a safe and wonderful place to live, work and play."

Palos Verdes Estates police chief retires after 4 months on leave

*Staff writer Megan Barnes contributed to this article.*

Back | Print Page

URL: http://www.dailybreeze.com/government-and-politics/20170828/palos-verdes-estates-police-chief-retires-after-4-months-on-leave

© 2017 The Daily Breeze (http://www.dailybreeze.com)

# EXHIBIT 3

Chief's Welcome | Palos Verdes Estates, CA

# Chief's Welcome

Welcome to the Palos Verdes Estates Police Department's website.

*Page under construction.*

**Acting Chief Mark Velez**

mvelez@pvestates.org

**Captain Tony Best**

tbest@pvestates.org