1 | HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
2 | kfranklin@hansonbridgett.com
LISA M. POOLEY, SBN 168737
3 | lpooley@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
4 | swolff@hansonbridgett.com
CANDICE P. SHIH, SBN 294251
5 | cshih@hansonbridgett.com
425 Market Street, 26th Floor
6 | San Francisco, California 94105
Telephone:   (415) 777-3200
7 | Facsimile:    (415) 541-9366

8 | HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
9 | tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
10 | lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
11 | Sacramento, California 95814
Telephone:   (916) 442-3333
12 | Facsimile:    (916) 442-2348

13 | OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
14 | vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
15 | kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
16 | Torrance, California 90505
Telephone:   (310) 378-8533
17 | Facsimile:    (310) 347-4225

18 | Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
19 | REED, and COASTAL PROTECTION
RANGERS, INC.

20 |

21 | **UNITED STATES DISTRICT COURT**

22 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

23 |

24 | CORY SPENCER, an individual; | CASE NO. 2:16-cv-02129-SJO (RAOx)
25 | DIANA MILENA REED, an | **DECLARATION OF SAMANTHA**
individual; and COASTAL | **WOLFF IN SUPPORT OF**
26 | PROTECTION RANGERS, INC., a | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS REQUEST FOR**
27 | California non-profit public benefit | **RECORDS FROM THE PERSONAL DEVICES OF PALOS VERDES**
corporation, | **ESTATES POLICE OFFICERS**
28 |

|  |  |
|---|---|
| Plaintiffs, | Complaint Filed:  March 29, 2016 |
| v. | Trial Date:         December 12, 2017 |
| LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, |  |
| Defendants. |  |

I, SAMANTHA WOLFF, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am a partner with Hanson Bridgett LLP, attorneys of record for Plaintiffs CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.  I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.

2.      On May 5, 2016, the City hired a private investigator from Norman A. Traub Associates, who specializes in police misconduct investigations to evaluate potential City employee misconduct in leaking information that compromised the botched February 13, 2016 undercover operation into the Lunada Bay Boys.  This Investigative Report was issued on June 13, 2016, and (a) identified Bay Boys Charles Mowat and Michael Thiel, (b) identified Captains Tony Best and Mark

Velez as being part of the inner circle of the planned investigation, (c) indicated that Captain Velez briefed the officers scheduled to work on February 12, 2016, (d) identified Sergeant Steve Barber and Officer Ken Ackert as being long-term employees who interface with the Bay Boys, (d) identified that Detective Luke Hellinga may have knowledge about who leaked the information, and (e) stated that a former officer named Rick Delmont had a close relationship with the Bay Boys and was dating Property Clerk Jaylin Albao who may have overheard information on the planned undercover operation.

3.     On June 8, 2016, I sent counsel for the City a litigation hold letter, specifically demanding the preservation of potential evidence, including electronically stored information.

4.     As follow up, on August 5, 2016, during the in-person Rule 26(f) meeting outlining anticipated discovery, Plaintiffs' counsel reiterated to the City and other defendants the importance of preserving cell phone information.

5.     On October 10, 2016, I deposed Defendant Chief Jeff Kepley.   Chief Kepley testified that police rely on "effective relationships" with the surfers to do their work, and even discusses potential "buddies."  A true and correct copy of relevant portions of Chief Jeff Kepley's deposition are attached hereto as **Exhibit 1.**

6.     On October 20, 2016, Plaintiff Cory Spencer propounded document requests on Defendant City of Palos Verdes Estates (the "City"), which included the following demands:

- DEMAND NO. 1: All DOCUMENTS REFERRING or RELATED TO any PLAINTIFF.

- DEMAND NO. 2: All DOCUMENTS REFERRING or RELATED TO any DEFENDANT.

- DEMAND NO. 19: All and all DOCUMENTS REFERRING or RELATED TO a surfing event organized by Christopher Taloa at Lunada Bay for Martin Luther King, Jr. Day that occurred at Lunada Bay on January 20, 2014.

- DEMAND NO. 21: Any DOCUMENTS REFERRING or RELATED TO The Lunada Bay Boys or the Bay Boys.

DECL. WOLFF SUPP. PLTFS.' MEM. SUPP. REQ. FOR RECORDS

- **DEMAND NO. 30:** All DOCUMENTS REFERRING or RELATED TO the independent investigation into the source of the leak that compromised the Palos Verdes Estates Police Department's undercover operation that was planned to occur at Lunada Bay in January 2016.

- **DEMAND NO. 36:** All DOCUMENTS REFERRING or RELATED TO Palos Verdes Estates Police Department Officer Reports for incidents occurring along the 2200, 2300, 2400 and/or 2500 block of Paseo del Mar from March 31, 2016 to present.

- **DEMAND NO. 38:** All COMMUNICATIONS REFERRING or RELATED TO the Palos Verdes Estates Police Department's efforts to address LOCALISM from January 1, 2011 to present.

The term "DOCUMENTS" was defined to include text messages.

7.      On October 21, 2016, counsel for the City, Christopher Glos, wrote to counsel for Plaintiffs, William Kellerman, regarding the scope of the City's collection of electronically stored information ("ESI").  A true and correct copy of this letter is attached hereto as **Exhibit 2**.

8.      On October 24, 2016, Mr. Kellermann sent a letter to Mr. Glos, agreeing to set up a meet-and-confer call to discuss the scope of discovery and reminded the City of its obligation to identify "which of its employees possess the requested information."

9.      On November 4, 2016, I participated in a meet-and-confer call with Mr. Kellermann from my office, and Messrs. Glos and Song for the City.  We disagreed as to whose obligation it was to identify relevant custodians for the City's records search, and discussed the use of personal mobile devices by city employees while acting in the course and scope of their employment.  The City's counsel stated the City was making efforts to address voluntary preservation of those devices.

10.      I received a letter from Mr. Song dated November 7, 2016 in which he discussed discovery standards and stated the City will not produce certain information, without mentioning personal devices of its police officers.

11.      On November 8, 2016, I wrote to Mr. Glos regarding the scope of the City's preservation of documents.

1      12.    I received a letter from Mr. Glos dated November 10, 2016, in which
2   he stated "the City is not in possession, custody, or control of any personal devices
3   of City police officers."

4      13.    On November 18, 2016, the City responded to Plaintiff Spencer's
5   document requests.

6      14.    On November 18, 2016, Plaintiffs deposed Anton Dahlerbruch, City
7   Manager.  I reviewed his deposition transcript, and he testified that the City issued
8   cell phones to only a few City employees.

9      15.    On November 22, 2016, I sent a letter to Mr. Song stating that Plaintiffs
10   do not agree the City was not in possession, custody, or control of employees'
11   personal devices and, to the extent the devices hold relevant information, it should
12   be preserved and produced.  A true and correct copy of this letter is attached as
13   **Exhibit 3.**

14      16.    I received a letter from Mr. Song dated December 29, 2016, which
15   states that the City will not require police officers to produce or preserve personal
16   information.  This letter included a letter dated December 28, 2016 from an attorney
17   for the Palos Verdes Police Officers' Association ("POA") stating that the POA
18   objects to attempts to require officers to turn over data from their personal devices.
19   In the letter, Mr. Song states that "Plaintiffs have failed to show that even if [the
20   officers'] personal electronic devices were used in the course and scope of
21   employment, than any of that data is relevant to this lawsuit."  A true and correct
22   copy of Mr. Song's December 29, 2016 letter is attached as **Exhibit 4.**

23      17.    In light of Mr. Song's December 29, 2016 letter, on February 17, 2017,
24   my office served Plaintiff Spencer's Interrogatories, Set Two on the City, asking
25   (among other things) whether City officers use their personal cell phones while on
26   duty.

27      18.    On February 22, 2017, the City filed a stipulated protective order,
28   which the Court entered on the same day.

13807011.1
DECL. WOLFF SUPP. PLTFS.' MEM. SUPP. REQ. FOR RECORDS

19.     On March 6, 2016, I participated in a meet-and-confer call with Mr. Kellerman, Mr. Glos, and Mr. Song regarding the format of the still-outstanding production and scope of the search.  The City's counsel said the City ran its own search terms for the gathered ESI, and claimed the amount of responsive data was "daunting."  Counsel for the City again asked Plaintiffs to provide the names of City custodians we believed they should be searching.

20.     On March 30, 2017, the City served responses to Plaintiff Spencer's Interrogatories, Set Two.  Interrogatory No. 4 asked the City to "State whether CITY peace officers are permitted to use their personal cell phone while on duty." The City responded, in part:

> There is no policy prohibiting City peace officers from use of a personal cell phone while on duty; however, the City of Palos Verdes Estates Technology Utilization and Electronic Use Policy ("Electronic Use Policy") provides that written electronic communications regarding City business that may constitute a public record shall not be sent on personal cell phones, smart phones, personal digital assistants (PDAs), or via personal e-mail accounts. As such, no Police Officer or Police administrative staff are permitted to use their personal electronic devices to transmit any written communication that may constitute a' public record.

A true and correct copy of the City's responses to Plaintiff Spencer's Interrogatories, Set Two is attached hereto as **Exhibit 5**.

21.     On April 11, 2017, counsel for the City, Ed Richards, reached out to my partner, Kurt Franklin, and indicated that the City indicated it wanted to mediate the state court and federal matters.  Thus, from April 11, 2017 through June 2, 2017, Plaintiffs and the City worked to find a mutually agreeable date, prepared mediation briefs, and attempted to mediate their dispute.  During this time, the parties generally slowed their discovery efforts with the understanding that mediation was underway.

22.     On May 12, 2017, I sent a list of proposed search terms to Mr. Song with the understanding that the City would run Plaintiffs' search terms across all

13807011.1
DECL. WOLFF SUPP. PLTFS.' MEM. SUPP. REQ. FOR RECORDS

1  collected ESI.  I also requested that the City produce the internal investigation report
2  into the botched February 13, 2017 undercover operation.  A true and correct copy
3  of my May 12, 2017 email to Mr. Song is attached as **Exhibit 6.**

4      23.     On May 30, 2017, Mr. Song replied to my May 12, 2017 email and
5  stated that the City was still evaluating privileges that may apply to the internal
6  investigation and was checking in with the POA, stating "we have conferred with
7  the Police Officers' Association, and are awaiting its position on the production of
8  the report."  I replied to Mr. Song the same day and asserted the POA has no
9  standing and the POA or officers whose records are at issue must intervene to stop
10  the release of information.  A true and correct copy of this email string is attached as
11  **Exhibit 7.**

12     24.     On May 31, 2017, the City finally provided a privilege log in this
13  matter, identifying one document – the investigatory report.  A true and correct copy
14  of the City's privilege log is attached as **Exhibit 8.**

15     25.     On June 2, 2017, the City and Plaintiffs attempted to mediate the state
16  court and federal matters before the Hon. John Wagner (ret).

17     26.     On June 5, 2017, Mr. Franklin and I spoke with Mr. Glos and Mr. Song
18  regarding outstanding discovery and the City's intention to file a motion for
19  summary judgment.  I followed up with a letter confirming the same on June 7,
20  2017.  During the call, Mr. Franklin and I informed Mr. Glos that we were surprised
21  by the timing of their motion given that the City withheld information, failed to
22  provide information in native or other electronic format, and failed to timely
23  supplement its responses as required.  A true and correct copy of Plaintiffs' follow
24  up letter on June 7, 2017 is attached hereto as **Exhibit 9**.

25     27.     During the June 5, 2017 call, Mr. Glos informed Plaintiffs' counsel that
26  the City asked Defendant Brant Blakeman to return the cell phone the City issued to
27  him and the status of data on that phone.  The parties also discussed the scope of the
28  City's search of its employees' personal devices and e-mail accounts used for City

13807011.1
DECL. WOLFF SUPP. PLTFS.' MEM. SUPP. REQ. FOR RECORDS

1  business.  Plaintiffs indicated the City was far behind in providing responses to the
2  Plaintiffs' discovery demands.

3      28.    Also during this June 5, 2017 call, the City's counsel refused to agree
4  to produce the investigator's report into the botched February 13, 2016 undercover
5  operation and informed Mr. Franklin and I that we should move to compel its
6  disclosure.

7      29.    Accordingly, I requested a hearing with Magistrate Judge Oliver to
8  discuss the investigator's report and on June 8, 2017, I attended the telephonic
9  hearing.  The Court ordered further briefing, due July 6, 2017.

10     30.    On June 13, 2017, I received an email from Mr. Song stating that the
11 City was persuaded by Plaintiffs' arguments during the June 8, 2017 hearing, and
12 agreed to release the investigative report, which had been issued a year earlier on
13 June 13, 2016.  The report identifies officers who have a close relationship with the
14 Bay Boys, including Sgt. Barber.

15     31.    On June 22, 2017, my partner, Mr. Franklin, deposed Sgt. Steve
16 Barber.  Sergeant Barber's lawyers (both for the POA and the City) instructed him
17 not to answer questions about his cell phone number, data on his phone, and whether
18 he preserved data on his phone.  Sergeant Barber did, however, testify that he
19 communicated with Charles Mowat and Rick Delmont on his cell phone, both of
20 whom are identified in the Investigatory Report.  Further, he stated that it is more
21 common than not for police officers to carry and use their personal cell phones in
22 the field.  This deposition transcript became available on July 10, 2017, but Barber
23 requested review under FRCP 30(e) for potential changes, which he did not sign
24 until August 16, 2017.  A true and correct copy of relevant portions of Sgt. Barber's
25 deposition are attached hereto as **Exhibit 10**.

26     32.    On June 23, 2017, Mr. Franklin deposed City Police Service Officer
27 Catherine Placek, who identified Sgt. Steve Barber as knowing "a lot of the subjects
28 that surf in the area."  A true and correct copy of relevant portions of Officer

1    Placek's deposition are attached hereto as **Exhibit 11**.

2       33.    On July 12, 2017, Mr. Franklin took the deposition of the City's Fed.

3    R. Civ. Proc. 30(b)(6) witness, Captain Tony Best, who testified the City issued 30

4    or 40 cell phones related to its Disaster District Program, and confirmed that

5    Defendant Brant Blakeman had been using one such phone. A true and correct copy

6    of relevant portions of Capt. Best's deposition are attached hereto as **Exhibit 12**.

7       34.    On July 13, 2017, Mr. Franklin deposed the City's Fed. R. Civ. Proc.

8    30(b)(6) witnesses, Anton Dahlerbruch (City Manager) and Sheri Repp Loadsman.

9       35.    On July 20, 2017, my co-counsel, Victor Otten, sent an email to

10   counsel for the City and demanded the City produce certain documents, including a

11   police operations plan relating to a Martin Luther King Day 2014 surfing event and

12   police video and photographs of these events. These documents were discussed

13   during Capt. Best's deposition but not previously produced. A true and correct copy

14   of Mr. Otten's July 20, 2017 email is attached as **Exhibit 13.**

15      36.    On July 24, 2017, I e-mailed Mr. Song to inform him that Plaintiffs

16   intended to raise with the Magistrate Judge at a hearing the following day the issue

17   of Sgt. Barber being instructed not to answer a line of questions relating to his

18   personal cell phone, including the preservation of evidence and his cell phone

19   number. A true and correct copy of my July 24, 2017 email is attached as

20   **Exhibit 14.**

21      37.    During the telephonic hearing with Magistrate Judge Oliver on July 25,

22   2017, Mr. Otten raised the issue of the City's failure to produce certain relevant

23   evidence and the Court instructed Plaintiffs to file a motion.

24      38.    During yet another telephonic discovery hearing the following day, on

25   July 26, 2017, Mr. Otten requested a date to file remaining discovery motions

26   against other individual Defendants because evidence in this case has been

27   destroyed. Following a discussion with counsel and Magistrate Judge Oliver, it was

28   my understanding that any such motion to compel needed to be filed by August 7,

13807011.1
DECL. WOLFF SUPP. PLTFS.' MEM. SUPP. REQ. FOR RECORDS

1   2017.

2    39.    On August 3, 2017, the City finally produced the police department

3   memorandum from Capt. Best to police personnel regarding the 2014 Lunada Bay

4   Martin Luther King Day surfing event, which was identified by Capt. Best during

5   his deposition.  Plaintiffs received this document two weeks after demanding its

6   production following Capt. Best's deposition.  Notably, the document contains

7   numerous words that are responsive to Plaintiffs' search terms, yet this document

8   was never produced.  Also, Plaintiffs had filed their opposition to the City's

9   summary-judgment motion several days prior, on July 31, 2017.

10    40.    On August 4, 2017, the City produced video of the 2014 Martin Luther

11   King Day event.

12    41.    On August 7, 2017, my co-counsel filed motions to compel, which,

13   among other things, sought photographs referenced in an incident report, video from

14   Lunada Bay Events, and police officer cell phone records.

15    42.    On August 9, 2017, the Court issued a minute order denying the

16   motions to compel based on timeliness, but noted that Plaintiffs' Fed. R. Civ. Proc.

17   56(d) motion was pending and, if granted, could allow the Plaintiffs additional time

18   to resolve the discovery disputes and the pending motions to compel.

19    43.    During a September 5, 2017 hearing, Mr. Glos represented to the Court

20   that "the first time the [investigative] report had been identified" was during Capt.

21   Best's deposition.  (Reporter's Transcript, 27:13-23.)  He further represented that

22   the City "used the terms that the Plaintiffs have provided us to do searches

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

13807011.1
DECL. WOLFF SUPP. PLTFS.' MEM. SUPP. REQ. FOR RECORDS

1  electronically." (*Ibid*.)  A true and correct copy of the relevant portion of the court

2  reporter's transcript from this hearing is attached hereto as **Exhibit 15**.

3        I declare under penalty of perjury under the laws of the United States of

4  America that the foregoing is true and correct.

5        Executed September 21, 2017, at Walnut Creek, California.

6

7        */s/ Samantha Wolff*

8        Samantha Wolff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28