# EXHIBIT 5

1  EDWIN J. RICHARDS (SBN 43855)
   Email: Ed.Richards@kutakrock.com
2  ANTOINETTE P. HEWITT (SBN 181099)
   Email: Antoinette.Hewitt@kutakrock.com
3  CHRISTOPHER D. GLOS (SBN 210877)
   Email: Christopher.Glos@kutakrock.com
4  JACOB SONG (SBN 265371)
   Email: Jacob.Song@kutakrock.com
5  KUTAK ROCK LLP
   Suite 1500
6  5 Park Plaza
   Irvine, CA 92614-8595
7  Telephone: (949) 417-0999
   Facsimile: (949) 417-5394
8

[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]

9  Attorneys for Defendants
10 CITY OF PALOS VERDES ESTATES and
   CHIEF OF POLICE JEFF KEPLEY
11

12              UNITED STATES DISTRICT COURT

13      CENTRAL DISTRICT OF CALIFORNIA; WESTERN DIVISION

14 CORY SPENCER, an individual;          Case No. 2:16-cv-02129-SJO-RAO
   DIANA MILENA REED, an
15 individual; and COASTAL              Assigned to
   PROTECTION RANGERS, INC., a          District Judge: Hon. S. James Otero
16 California non-profit public benefit
   corporation,                         Assigned Discovery:
17                                       Magistrate Judge: Hon. Rozella A.
              Plaintiffs,                Oliver
18
         v.                             CITY OF PALOS VERDES
19                                       ESTATES' RESPONSES TO
   LUNADA BAY BOYS; THE                  PLAINTIFF CORY SPENCER'S
20 INDIVIDUAL MEMBERS OF THE            INTERROGATORIES (SET TWO)
   LUNADA BAY BOYS, including
21 but not limited to SANG LEE,          Complaint Filed: March 29, 2016
   BRANT BLAKEMAN, ALAN                  Trial:            November 7, 2017
22 JOHNSTON aka JALIAN
   JOHNSTON, MICHAEL RAE
23 PAPAYANS, ANGELO
   FERRARA, FRANK FERRARA,
24 CHARLIE FERRARA and N.F.;
   CITY OF PALOS VERDES
25 ESTATES; CHIEF OF POLICE
   JEFF KEPLEY, in his representative
26 capacity; and DOES 1-10,
27            Defendants.
28

| | |
|---|---|
| 1 | PROPOUNDING PARTY:     Plaintiff CORY SPENCER |
| 2 | RESPONDING PARTY:      Defendant CITY OF PALOS VERDES ESTATES |
| 3 | SET NO.:                      TWO |

4    Pursuant to Fed. R. Civ. P. 33, Defendant CITY OF PALOS VERDES

5   ESTATES (the "City") hereby responds to Plaintiff CORY SPENCER's

6   Interrogatories (Set Two).  The City's discovery, investigation, and preparation in

7   this litigation are ongoing, and have not been completed at this time.  The City's

8   responses herein are based on information currently available to the City; on that

9   basis, the City reserves the right to supplement or amend these responses as

10  additional facts are ascertained and as discovery progresses.  Accordingly, the City

11  further reserves the right to reply upon and to present as evidence at trial any

12  additional information that may be discovered or developed by the City and its

13  counsel throughout the course of this litigation.

14                    **GENERAL RESPONSE AND OBJECTIONS**

15    1.     Each response given to the interrogatories and any documents

16  identified therein is subject to all objections, including but not limited to, privilege,

17  relevancy, authenticity, and admissibility, which would require exclusion of the

18  evidence if it were offered in Court, all of which are hereby expressly reserved.

19    2.     The City objects to each of the interrogatories to the extent the

20  interrogatories are overly broad or unduly burdensome.

21    3.     The City objects to each of the interrogatories to the extent the

22  interrogatories seek documents, tangible things or information that have been

23  prepared in anticipation of litigation or for trial, or are otherwise subject to

24  protection.

25    4.     The City objects to each of the interrogatories to the extent the

26  interrogatories seek documents or information subject to protection under the

27  attorney client privilege or any other applicable privilege.

28

5.     The City objects to each of the interrogatories to the extent the interrogatories are unreasonably cumulative or duplicative, or that the information or documents requested therein are obtainable from some other source that is more convenient, less burdensome, or less expensive.

6.     The City objects to each of the interrogatories to the extent the burden or expense of responding to such interrogatory outweighs the benefit of responding to such interrogatory.

7.     The City objects to each of the interrogatories to the extent the interrogatories seek information or documents which would violate the right of privacy of persons employed by or affiliated with the City or nonparty third-persons contained whose information may be contained in said documents.

8.     The fact that the City has provided a factual response or identified a document is not an admission that the fact or document is admissible in evidence, and is not to be construed as a waiver of an objection which may hereafter be interposed to the admissibility of such fact or document as evidence in this case.

9.     The City is continuing its investigation and analysis of the facts and law related to this case and has not yet concluded its investigation, discovery, and preparation for trial.  Therefore, these responses are given without prejudice to the City's right to produce or use any subsequently discovered facts or writings or to add to, modify, or otherwise change or amend the responses herein.   These responses are based on writings and information currently available to the City. The information is true and correct to the best of the City's knowledge, belief, and recollection as of this date, and is subject to correction and supplementation for any inadvertent errors, mistakes, or omissions.

10.    This preliminary statement and all general objections are hereby incorporated into each of the following responses.

**RESPONSES**

**INTERROGATORY NO. 3**:

State whether CITY peace officers are provided CITY-issued cell phones.

**RESPONSE TO INTERROGATORY NO. 3**:

The Palos Verdes Estates Police Department issues 11 City-owned cell phones that are used among its Police Officers and Police administrative staff.

**INTERROGATORY NO. 4:**

State whether CITY peace officers are permitted to use their personal cell phone while on duty.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection: The Responding Party objects to this interrogatory to the extent it violates the personal privacy rights of police officers, who are not parties to this action, under the constitutions of the State of California and United States of America. The Responding Party further objects to this interrogatory to the extent it seeks to violate any statutory protections afforded City employees and police officers under the Labor Code, the California Electronic Communications Privacy Act, the Stored Communications Act, the California Comprehensive Computer Data Access and Fraud Act, and other state or federal privacy, labor or electronic data statutes. The Responding Party further objects that disclosure of police officer personal cell phone numbers, even partial disclosure, without submittal of an offer of proof, is also likely to have a deleterious impact on public health and safety, since it will impede law enforcement efforts. The Responding Party further objects that the information sought is irrelevant to any parties' claims or defenses, does not weigh on claims at issue in this action, and will unduly burden defendants in light of the privacy concerns expressed herein, including but not limited to the written objection made by the Palos Verdes Police Officers' Association ("PVPOA") on December 28, 2016 and previously provided to Plaintiffs. A further copy of correspondence from counsel for the PVPOA is attached hereto. The Responding

Party objects to this Interrogatory to the extent it is overbroad and vague as to time and scope and, as such, seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  This Responding Party further objects to the extent the term "permitted" is vague and ambiguous.  Without waiving the foregoing objections:  There is no policy prohibiting City peace officers from use of a personal cell phone while on duty; however, the City of Palos Verdes Estates Technology Utilization and Electronic Use Policy ("Electronic Use Policy") provides that written electronic communications regarding City business that may constitute a public record shall not be sent on personal cell phones, smart phones, personal digital assistants (PDAs), or via personal e-mail accounts.  As such, no Police Officer or Police administrative staff are permitted to use their personal electronic devices to transmit any written communication that may constitute a public record.  The Chief of Police, who is permitted to use his personal cell phone for City business that may constitute a public record, must do so in accord with the Electronic Use Policy.

**INTERROGATORY NO. 5:**

State whether CITY peace officers are reimbursed by CITY for personal cell phone service charges.

**RESPONSE TO INTERROGATORY NO. 5:**

The Chief of Police receives a stipend toward his personal cell phone service charges.

**INTERROGATORY NO. 6:**

Identify all CITY peace officers who use their personal cell phone while on duty.

**RESPONSE TO INTERROGATORY NO. 6:**

Objection:  The Responding Party objects to this interrogatory to the extent it violates the personal privacy rights of police officers, who are not parties to this action, under the constitutions of the State of California and United States of

America.  The Responding Party further objects to this interrogatory to the extent it seeks to violate any statutory protections afforded City employees and police officers under the Labor Code, the California Electronic Communications Privacy Act, the Stored Communications Act, the California Comprehensive Computer Data Access and Fraud Act, and other state or federal privacy, labor or electronic data statutes.  The Responding Party further objects that disclosure of police officer personal cell phone numbers, even partial disclosure, without submittal of an offer of proof, is also likely to have a deleterious impact on public health and safety, since it will impede law enforcement efforts.  The Responding Party further objects that the information sought is irrelevant to any parties' claims or defenses, does not weigh on claims at issue in this action, and will unduly burden defendants in light of the privacy concerns expressed herein, including but not limited to the written objection made by the Palos Verdes Police Officers' Association ("PVPOA") on December 28, 2016 and previously provided to Plaintiffs.  A further copy of correspondence from counsel for the PVPOA is attached hereto.  The Responding Party objects to this Interrogatory to the extent it is overbroad and vague as to time and scope and, as such, seeks information which is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving the foregoing objections: The Chief of Police uses his personal cell phone while on duty.  The City is unable to identify any other peace officer who may use his or her personal cell phone while on duty because there is no policy prohibiting the use of a personal cell phone and no policy to track such usage, if any.  Nonetheless, the City's Electronic Use Policy provides that written electronic communications regarding City business that may constitute a public record shall not be sent on personal cell phones, smart phones, personal digital assistants (PDAs), or via personal e-mail accounts.

**INTERROGATORY NO. 7:**

For all CITY peace officers identified in response to Interrogatory No. 6, provide the last four digits of each personal cell phone number that each CITY

1  peace officer has owned or for which he or she has been the primary user from
2  January 1, 2012 to present.

3  **RESPONSE TO INTERROGATORY NO. 7:**

4      Objection:  The Responding Party objects to this interrogatory to the extent it
5  violates the personal privacy rights of police officers, who are not parties to this
6  action, under the constitutions of the State of California and United States of
7  America.  The Responding Party further objects to this interrogatory to the extent it
8  seeks to violate any statutory protections afforded City employees and police
9  officers under the Labor Code, the California Electronic Communications Privacy
10 Act, the Stored Communications Act, the California Comprehensive Computer
11 Data Access and Fraud Act, and other state or federal privacy, labor or electronic
12 data statutes.  The Responding Party further objects that disclosure of police officer
13 personal cell phone numbers, even partial disclosure, without submittal of an offer
14 of proof, is also likely to have a deleterious impact on public health and safety,
15 since it will impede law enforcement efforts.  The Responding Party further objects
16 that the information sought is irrelevant to any parties' claims or defenses, does not
17 weigh on claims at issue in this action, and will unduly burden defendants in light
18 of the privacy concerns expressed herein, including but not limited to the written
19 objection made by the Palos Verdes Police Officers' Association ("PVPOA") on
20 December 28, 2016 and previously provided to Plaintiffs.  A further copy of
21 correspondence from counsel for the PVPOA is attached hereto.  The Responding
22 Party objects to this Interrogatory to the extent it is overbroad and vague as to time
23 and scope and, as such, seeks information which is not reasonably calculated to lead
24 to the discovery of admissible evidence.

25 **INTERROGATORY NO. 8:**

26     State whether there is any CITY policy that prohibits CITY peace officers
27 from using their personal cell phone while on duty, and if so, identify the any such
28 policy(ies) by name, title, and if included in a broader policy, the section or page of

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4824-3200-0052.1
- 7 -
2:16-cv-02129-SJO-RAO
RESPONSE TO PLAINTIFF CORY SPENCER'S INTERROGATORIES (SET TWO)

that policy that contains the relevant language.

**RESPONSE TO INTERROGATORY NO. 8:**

There is no policy prohibiting City peace officers from use of a personal cell phone while on duty; however, the Electronic Use Policy, including but not limited to the section entitled Electronic Records Management and Retention, provides that written electronic communications regarding City business that may constitute a public record shall not be sent on personal cell phones, smart phones, personal digital assistants (PDAs), or via personal e-mail accounts. As such, no Police Officer or Police administrative staff are permitted to use their personal electronic devices to transmit any written communication that may constitute a public record. The Chief of Police, who is permitted to use his personal cell phone for City business that may constitute a public record, must do so in accord with the Electronic Use Policy.

**INTERROGATORY NO. 9:**

State whether any CITY peace officer has been disciplined for use of a personal cell phone while on duty.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection: The Responding Party objects to this interrogatory to the extent it violates the privacy rights of police officers, who are not parties to this action, under the constitutions of the State of California and United States of America. The Responding Party further objects to this interrogatory to the extent it seeks to violate Penal Code section 832.7. Without waiving the foregoing objections: No.

Dated: March 30, 2017

KUTAK ROCK LLP

By: _____
Edwin J. Richards
Antoinette P. Hewitt
Christopher D. Glos
Jacob Song
Attorneys for Defendants
CITY OF PALOS VERDES ESTATES
and CHIEF OF POLICE JEFF KEPLEY

DAVID P. MASTAGNI
JOHN R. HOLSTEDT
MICHAEL D. AMICK
CRAIG E. JOHNSEN
RIAN A. DIXON
STEVEN W. WELTY
STUART C. WOO
DAVID E. MASTAGNI
RICHARD J. ROMANSKI
PHILLIP R.A. MASTAGNI
KATHLEEN N. MASTAGNI STORM
SEAN D. HOWELL
WILLIAM P. CREGER
SEAN D. CURRIN
ISAAC S. STEVENS
PAUL T. DOLBERG
JEFFREY R.A. EDWARDS
DANIEL L. OSIER
JUDITH A. ODBERT
ANDREW R. MILLER
ERIN M. DERVIN
KYLE A. WENDE
EDWARD W. LESTER
KENNETH A. BACON



Sacramento Office
1912 I Street
Sacramento, CA
95811-3151
(916) 446-4692
Fax (916) 447-4614

Tax ID #94-2678460

A Professional Corporation

Ontario Office
3400 Inland Empire Blvd STE 101
Ontario, CA
91764-5577
(909) 476-3560

Chico: (530) 895-3836
San Jose: (408) 292-4802
Stockton: (209) 948-6158

KEVIN A. FLAUTT
GREGORY G. GOMEZ
ACE T. TATE
JOHN H. BAKHIT
GRANT A. WINTER
IAN B. SANGSTER
JOSHUA A. OLANDER
KRISTOFOR K. HELM
CAMERON S. HUEY
DUSTIN C. INGRAHAM
LAURIE E. DANIELS
CAROLYN M. ORR
SHAWN B. COLLINS
TASHAYLA D. BILLINGTON
DAVID L. KRUCKENBERG
MATTHEW S. KANE
ANDREW J. COLLINS
HOWARD A. LIBERMAN
CEZAR J. TORREZ
CARL C. LARSON
DANIEL L. RAINSBURY
JOSEPH E. YALON
JOHN J. BOSTANZOGLOU
GREGORY J. THOMING
PHILLIP J. EBSWORTH

www.mastagni.com
All Correspondence to Sacramento Office

December 28, 2016

Christopher D. Glos
Kutak Rock, LLP
5 Park Plaza, suite 1500
Irvine, CA  95811

*Via E-Mail Christopher.Glos@KutakRock.com*

     Re:    Spencer v City of Palos Verdes

Dear Mr. Glos:

     As we discussed, my firm has been retained to represent the Palos Verdes Police Officers' Association (PVPOA) regarding the "Data Hold" request in connection with the *Spencer v City of Palos Verdes, et al.* case and discovery of personal electronic devices of its members. In this regard, we have been authorized, if necessary, to intervene in the *Spencer* case to protect the privacy rights of the members of the PVPOA.

     As you pointed out in your meet and confer letters with plaintiffs' counsel, their June 8, 2016 letter demanding preservation of evidence, including electronically stored information ("ESI") pertaining to the *Spencer, et al. v City of Palos Verdes, et al.* lawsuit is extremely overbroad and disproportionately burdensome on the City and the Police Department. Plaintiff Spencer's Request for Production of Documents is likewise vague and overbroad with respect to the demand for ESI, particularly as that demand may apply to non-defendant officers employed with the City of Palos Verdes Estates Police Department.

     Our concern relates to efforts by the plaintiffs, through a request for production of documents served on the City of Palos Verdes Estates, or by Chief Kepley or the City in connection with their efforts to respond to a request for production, to obtain access to personal electronic devices owned/used by officers employed by the City of Palos Verdes Estates Police Department or to impose improper and burdensome restrictions on their ability to manage personal data on such devices.

     None of the officers of the City of Palos Verdes Estates Police Department officers are defendants in the *Spencer* case, or even identified in the complaint. While the complaint refers to a couple of instances where reports of incidents were allegedly made to unidentified officers, nothing in the complaint even remotely suggests that any officers of the City of Palos Verdes

Christopher D. Glos
December 28, 2016
Page - 2 -

Estates Police Department ever used a personal electronic device to communicate regarding any of the matters alleged in the complaint, much less that they did so during the course and scope of their employment.

It is our positon that to the extent the request for production of documents or the preservation letter may be directed to personal electronic devices owned or used by officers of the City of Palos Verdes Estates Police Department, the requests are clearly overbroad and violate the privacy rights of the officers with respect to information which may be stored on such devices. Moreover, disclosure of private information on personal electronic devices could potentially expose officers to discipline for matters wholly unrelated to the *Spencer* action simply based on departmental disapproval of the content.

In addition, the demand for preservation of ESI is so broad that when applied to an officer's personal electronic devices it could potentially expose an officer to disciplinary action simply for deleting wholly unrelated and irrelevant personal photos, text messages, e-mails or other data and it also unreasonably would restrict an officer's right and ability to manage their personal electronic devices.

In this regard, efforts by the City, Chief Kepley or the Department to obtain access to personal electronic devices owned/used by officers employed by the City of Palos Verdes Estates Police Department would violate the personal privacy rights of the officers under the State of California and United States Constitutions as well as their statutory protections under Labor Code §980, the California Electronic Communications Privacy Act (Penal Code 1546, et seq,), the Stored Communications Act (18 USC § 2701, et seq.), the California Comprehensive Computer Data Access and Fraud Act (Penal Code §502) and other state or federal privacy, labor or electronic data statutes.

It is also our position that personal electronic devices owned/used by officers employed by the City of Palos Verdes Estates Police Department are not under the care, custody or control of the City of Palos Verdes Estates or the Department and, therefore, are beyond the proper scope of a request for production served by plaintiffs. And, even assuming for the sake of argument that personal electronic are arguably are considered within the care, custody or control of the City or the Department (which they are not), the information on such devices is protected by the officers' rights of privacy and statutory protections as discussed above.

The foregoing is not intended to set forth all potential defenses, privileges, rights and issues regarding attempts to access personal electronic devices and ESI of officers employed at the City of Palos Verdes Estates Police Department and the Association and its member expressly reserve any and all rights, privileges and defenses they may have with respect to discovery regarding their personal information and/or personal electronic devices.

While the PVPOA is open to a solution which does not violate the right of privacy of its members, we object to the attempts to impose overbroad and burdensome restrictions on the rights of officers to use their personal electronic devices and the overboard and invasive attempts to gain access to such devices in violation of the officers' rights of privacy as discussed above. In this

Christopher D. Glos
December 28, 2016
Page - 3 -

regard, we are fully prepared to intervene in the *Spencer* case to protect the privacy rights of the members of the PVPOA.

      If you and/or plaintiffs' counsel would like to discuss the foregoing and possible resolution of this dispute regarding access to personal electronic devices, please let me know as we look forward to the opportunity to resolve this without the necessity of litigation.

        Sincerely,

        MASTAGNI HOLSTEDT
        A Professional Corporation

        KENNETH E. BACON

KEB:ff

## PROOF OF SERVICE

*Cory Spencer, et al v. Lunada Bay Boys, et al.*

USDC, Central District, Western Division Case No.: 2:16-cv-02129-SJO (RAOx)

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the City of Irvine in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5 Park Plaza, Suite 1500, Irvine, California 92614.

    On **March 30, 2017**, I served on all interested parties as identified on the below mailing list the following document(s) described as:

**CITY OF PALOS VERDES ESTATES' RESPONSES TO PLAINTIFF CORY SPENCER'S INTERROGATORIES (SET TWO)**

[X]  **(BY MAIL, 1013a, 2015.5 C.C.P.)** I deposited such envelope in the mail at Irvine, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this(these) document(s) will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **(BY ELECTRONIC MAIL)** The above document was served electronically on the parties appearing on the service list associated with this case. A copy of the electronic mail transmission[s] will be maintained with the proof of service document.

### SEE ATTACHED SERVICE LIST

[X]  **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **March 30, 2017**, at Irvine, California.

_____
Margo Reyes

**SERVICE LIST**

*Cory Spencer, et al v. Lunada Bay Boys, et al.*

| | |
|---|---|
| Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>Caroline Lee, Esq.<br>Jennifer A. Foldvary, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Attorneys for Plaintiffs, CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.<br><br>Telephone: (415) 442-3200<br>Facsimile: (415) 541-9366<br><br>kfranklin@hansonbridgett.com<br>swolff@hansonbridgett.com<br>clee@hansonbridgett.com<br>jfoldvary@hansonbridgett.com |
| Tyson M. Shower, Esq.<br>Landon D. Bailey, Esq.<br>HANSON BRIDGETT LLP<br>500 Capitol Mall, Suite 1500<br>Sacramento, CA 95814 | Attorneys for Plaintiffs, CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.<br><br>Telephone: (916) 442-3333<br>Facsimile: (916) 442-2348<br><br>tshower@hansonbridgett.com<br>lbailey@hansonbridgett.com |
| Victor Otten, Esq.<br>Kavita Tekchandani, Esq.<br>OTTEN LAW PC<br>3620 Pacific Coast Highway, #100<br>Torrance, CA 90505 | Attorneys for Plaintiffs, CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.<br><br>Telephone: (310) 378-8533<br>Facsimile: (310) 347-4225<br><br>vic@ottenlawpc.com<br>kavita@ottenlawpc.com |

| | |
|---|---|
| Robert T. Mackey, Esq.<br>Peter H. Crossin, Esq.<br>Richard P. Dieffenbach, Esq.<br>John P. Worgul, Esq.<br>John E. Stobart, Esq.<br>VEATCH CARLSON, LLP<br>1055 Wilshire Boulevard, 11th Floor<br>Los Angeles, CA 90017 | Attorneys for Defendant BRANT BLAKEMAN<br><br>Telephone: (213) 381-2861<br>Facsimile: (213) 383-6370<br><br>rmackey@veatchfirm.com<br>pcrossin@veatchfirm.com<br>rdieffenbach@veatchfirm.com<br>jworgul@veatchfirm.com<br>jstobart@veatchfirm.com |
| Robert S. Cooper, Esq.<br>Audrey S. Olson, Esq.<br>BUCHALTER NEMER, APC<br>1000 Wilshire Blvd., Ste. 1500<br>Los Angeles, CA 90017 | Attorney for Defendant BRANT BLAKEMAN<br><br>Telephone: (213) 891-5230<br>Facsimile: (213) 896-0400<br><br>rcooper@buchalter.com<br>aolson@buchalter.com |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant ALAN JOHNSTON aka JALIAN JOHNSTON<br><br>Telephone: (310) 526-2237<br>Facsimile: (310) 526-2237<br><br>pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |
| Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant MICHAEL RAY PAPAYANS<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br><br>peter@hblwfirm.us<br>peter@havenlaw.com |

| 1<br>2<br>3<br>4<br>5<br>6<br>7 | Mark C. Fields<br>LAW OFFICES OF MARK C. FIELDS,<br>APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants ANGELO<br>FERRARA; N.F. appearing through<br>[Proposed] Guardian Ad Litem,<br>Leonora Ferrara Attorney for<br>Petitioner<br><br>Telephone: (213) 948-2349<br><br>fields@markfieldslaw.com |
|---|---|---|
| 8<br>9<br>10<br>11<br>12<br>13<br>14 | Thomas M. Phillips, Esq.<br>Aaron G. Miller, Esq.<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant ANGELO<br>FERRARA<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br><br>tphillips@thephillipsfirm.com<br>amiller@thephillipsfirm.com |
| 15<br>16<br>17<br>18<br>19<br>20 | Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tera Lutz, Esq.<br>LEWIS BRISBOIS BISGAARD &<br>SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Attorney for Defendant SANG LEE<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900<br><br>Dana.Fox@lewisbrisbois.com<br>Edward.Ward@lewisbrisbois.com<br>Eric.Kizirian@lewisbrisbois.com<br>Tera.Lutz@lewisbrisbois.com |
| 21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | Daniel M. Crowley, Esq.<br>BOOTH, MITCHEL & STRANGE<br>707 Wilshire Boulevard, Suite 4450<br>Los Angeles, CA 90017 | Co-Counsel for Defendant SANG<br>LEE<br><br>Telephone: (213) 738-0100<br>Facsimile: (213) 380-3308<br><br>dmcrowley@boothmitchel.com |

| | |
|---|---|
| Patrick Au, Esq.<br>Laura L. Bell, Esq.<br>Tiffany L. Bacon, Esq.<br>BREMER WHYTE BROWN &<br>O'MEARA<br>21215 Burbank Boulevard, Suite 500<br>Woodland Hills, CA 91367 | Attorneys for Defendants FRANK<br>FERRARA and CHARLIE<br>FERRARA<br><br>Telephone: (818) 712-9800<br>Facsimile: (818) 712-9900<br><br>pau@bremerwhyte.com<br>lbell@bremerwhyte.com<br>tbacon@bremerwhyte.com |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 6

| | |
|---|---|
| **From:** | Samantha Wolff |
| **Sent:** | Friday, May 12, 2017 2:41 PM |
| **To:** | 'Song, Jacob (Jacob.Song@KutakRock.com)' |
| **Cc:** | Kurt A. Franklin; 'Victor Otten (vic@ottenlawpc.com)' |
| **Subject:** | Lunada - Discovery Follow Up |
| **Attachments:** | City Discovery - search terms.DOCX |

Hi Jacob,

I realize it's been a while since we've spoken and I wanted to touch base with you on some outstanding discovery issues. First, attached is a list of search terms that we propose for the City's electronic search of its files and systems. We'd appreciate receiving a list of hits from these terms so we can see if we're on the right track.

Second, the City's March 10, 2017 production did not contain any bates numbers and consisted of a single 445-page PDF. As we've discussed before, such a production does not comply with the federal rules (or the instructions included in our document request). Please reproduce these documents as requested, including with metadata intact.

Third, Plaintiff Spencer's first set of requests for production of documents to Chief Kepley requested documents referring or related to the planned undercover operation in January/February 2016 as well as an investigation into the source of the leak that disclosed that operation (requests 5 and 6). In his responses, Chief Kepley indicated that he would produce all relevant documents but to date, none of the City's productions have contained this information. Please let me know when we can expect to receive this information.

Finally, we would like to take the depositions of Detective Sergeant Barber and PVEPD dispatcher Kathryn Placik. Please advise as to their availability for deposition in June.

Thanks,

Samantha

Date range: 1/1/13 to present

Search terms:

Blakeman
"Aloha Point"
Ferrara
"Sang Lee"
Papayans
"Diana Reed"
"Jalian Johnston"
"Alan Johnston"
"Frank Ponce"
"Cory Spencer"
Taloa
"Rock Fort"
Fort /5 Lunada or Bay
Patio /5 Lunada, Bay, gang, or police
"Bay Boys"
LBB
Thiel
Camplin
Mowat
Pirates
surf* /3 gang
surf* /5 Lunada
Lunada or "Lunada Bay" /5 of: visitor, violence, outsider, kook, attack, prevent, gang, "Bay Boys", access, undercover, UC
Kook
Undercover /5 surf*
blackface
Localism
Surfrider
"Heal the Bay"
Wolcott
"surf out"
Peter McCollum
MLK /5 surf or Bay

# EXHIBIT 7

| From: | Samantha Wolff |
| Sent: | Tuesday, May 30, 2017 5:00 PM |
| To: | 'Song, Jacob'; Kurt A. Franklin; vic@ottenlawpc.com |
| Cc: | Richards, Edwin J.; Hewitt, Antoinette P.; Glos, Christopher D. |
| Subject: | RE: Spencer, et al. v. Lunada Bay Boys, et al. |

Jacob,

Thank you for the email on deposition dates for City employees Barber and Placek. We will let you know shortly whether June 22 and 23 are good on our end.

Regarding Blakeman's cell phone and the records on it, the City and Blakeman appear to be placing responsibility for production with the other while disavowing their own obligations. But under federal discovery rules, it was the City's duty to let us know it had taken possession of Blakeman's cell phone. And, without our asking, the City was required to supplement its disclosures and its responses to discovery under FRCP 26(e).

At this stage of the litigation, no valid reason exists to withhold production of the requested information as these are public records under California law, are relevant to this case, are responsive to discovery requests that were served in September, and must otherwise be produced. Also, the City did not assert any privacy concerns in response to the relevant document requests. But even if the City's concerns had merit, which they don't, the parties' protective orders already cover such concerns.

With respect to the internal investigation report, the POA is not a party here and has no standing to withhold production. They (or the officers whose records may be at issue) would need to intervene and have not done so. Further, in federal cases where the Court is adjudicating federal rights (such as a case brought under 42 U.S.C. section 1983), the state law privileges that apply to peace officer personnel records are not recognized. Even so, the protective orders would cover any concern. Finally, we specifically requested this document in discovery several months ago. When the City responded, no privilege log was included. To the extent the City is now refusing production on the basis of privilege, these privileges were waived.

Please produce these documents no later than Friday, June 2. If the City does not intend to produce these documents by Friday, let us know immediately so that we can schedule a time to speak with the Magistrate this week and sort this out as soon as possible.

Thank you,

Samantha

**From:** Song, Jacob [mailto:Jacob.Song@KutakRock.com]
**Sent:** Tuesday, May 30, 2017 3:28 PM
**To:** Kurt A. Franklin; vic@ottenlawpc.com; Samantha Wolff
**Cc:** Richards, Edwin J.; Hewitt, Antoinette P.; Glos, Christopher D.
**Subject:** Spencer, et al. v. Lunada Bay Boys, et al.

Dear Counsel:

Please be advised that City-employees Barber and Placek are available for depositions on the following dates: June 22, 2017 (Barber); June 23, 2017 (Placek). If those dates work, please send deposition notices accordingly. If not, let us know and we will obtain further dates.

Regarding the Blakeman cell phone information, please be advised that the City is prepared to produce said information pending the outcome of your discussions with Mr. Blakeman's counsel. Mr. Blakeman's counsel previously indicated that he had right of privacy concerns related to that information.

Regarding production of the internal investigation report, we are required, among others, to assert the attorney work-product and attorney-client privileges, and are preparing a privilege log to that effect. In addition, we have conferred with the Police Officers' Association, and are awaiting its position on the production of the report.

Sincerely,

**Jacob Song** | Associate | **Kutak Rock LLP**
5 Park Plaza, Suite 1500, Irvine, CA 92614-8595
**D** (949) 417-0979 | **O** (949) 417-0999
jacob.song@kutakrock.com | www.KutakRock.com

---

This E-mail message is confidential, is intended only for the named recipients above and may contain information
that is privileged, attorney work product or otherwise protected by applicable law. If you have received this message in error, please notify the sender at 402-346-6000 and delete this E-mail message.
Thank you.

# EXHIBIT 8

| | |
|---|---|
| **From:** | Song, Jacob <Jacob.Song@KutakRock.com> |
| **Sent:** | Wednesday, May 31, 2017 4:23 PM |
| **To:** | Samantha Wolff; Kurt A. Franklin; vic@ottenlawpc.com |
| **Cc:** | Richards, Edwin J.; Hewitt, Antoinette P.; Glos, Christopher D. |
| **Subject:** | RE: Spencer, et al. v. Lunada Bay Boys, et al. |
| **Attachments:** | Spencer - City's Privilege Log.pdf |

Samantha,

Please allow us to respond to your correspondence from 5/30/2017.

Regarding Mr. Blakeman's cell phone information, based on your request, we intend to produce such information tomorrow afternoon (6/1). Regarding the investigation report, we reassert our position that the report is protected by the attorney-client and work-product privileges, and we are not authorized to waive those privileges. Attached please find a privilege log.

Sincerely,

**Jacob Song** | Associate | **Kutak Rock LLP**
5 Park Plaza, Suite 1500, Irvine, CA 92614-8595
**D** (949) 417-0979 | **O** (949) 417-0999
jacob.song@kutakrock.com | www.KutakRock.com

**From:** Samantha Wolff [mailto:SWolff@hansonbridgett.com]
**Sent:** Tuesday, May 30, 2017 5:00 PM
**To:** Song, Jacob; Kurt A. Franklin; vic@ottenlawpc.com
**Cc:** Richards, Edwin J.; Hewitt, Antoinette P.; Glos, Christopher D.
**Subject:** RE: Spencer, et al. v. Lunada Bay Boys, et al.

Jacob,

Thank you for the email on deposition dates for City employees Barber and Placek. We will let you know shortly whether June 22 and 23 are good on our end.

Regarding Blakeman's cell phone and the records on it, the City and Blakeman appear to be placing responsibility for production with the other while disavowing their own obligations. But under federal discovery rules, it was the City's duty to let us know it had taken possession of Blakeman's cell phone. And, without our asking, the City was required to supplement its disclosures and its responses to discovery under FRCP 26(e).

At this stage of the litigation, no valid reason exists to withhold production of the requested information as these are public records under California law, are relevant to this case, are responsive to discovery requests that were served in September, and must otherwise be produced. Also, the City did not assert any privacy concerns in response to the relevant document requests. But even if the City's concerns had merit, which they don't, the parties' protective orders already cover such concerns.

With respect to the internal investigation report, the POA is not a party here and has no standing to withhold production. They (or the officers whose records may be at issue) would need to intervene and have not done so.

Further, in federal cases where the Court is adjudicating federal rights (such as a case brought under 42 U.S.C. section 1983), the state law privileges that apply to peace officer personnel records are not recognized. Even so, the protective orders would cover any concern. Finally, we specifically requested this document in discovery several months ago. When the City responded, no privilege log was included. To the extent the City is now refusing production on the basis of privilege, these privileges were waived.

Please produce these documents no later than Friday, June 2. If the City does not intend to produce these documents by Friday, let us know immediately so that we can schedule a time to speak with the Magistrate this week and sort this out as soon as possible.

Thank you,

Samantha

---

**From:** Song, Jacob [mailto:Jacob.Song@KutakRock.com]
**Sent:** Tuesday, May 30, 2017 3:28 PM
**To:** Kurt A. Franklin; vic@ottenlawpc.com; Samantha Wolff
**Cc:** Richards, Edwin J.; Hewitt, Antoinette P.; Glos, Christopher D.
**Subject:** Spencer, et al. v. Lunada Bay Boys, et al.

Dear Counsel:

Please be advised that City-employees Barber and Placek are available for depositions on the following dates: June 22, 2017 (Barber); June 23, 2017 (Placek). If those dates work, please send deposition notices accordingly. If not, let us know and we will obtain further dates.

Regarding the Blakeman cell phone information, please be advised that the City is prepared to produce said information pending the outcome of your discussions with Mr. Blakeman's counsel. Mr. Blakeman's counsel previously indicated that he had right of privacy concerns related to that information.

Regarding production of the internal investigation report, we are required, among others, to assert the attorney work-product and attorney-client privileges, and are preparing a privilege log to that effect. In addition, we have conferred with the Police Officers' Association, and are awaiting its position on the production of the report.

Sincerely,

**Jacob Song** | Associate | **Kutak Rock LLP**
5 Park Plaza, Suite 1500, Irvine, CA 92614-8595
**D** (949) 417-0979 | **O** (949) 417-0999
jacob.song@kutakrock.com | www.KutakRock.com

---

This E-mail message is confidential, is intended only for the named recipients above and may contain information that is privileged, attorney work product or otherwise protected by applicable law. If you have received this message in error, please notify the sender at 402-346-6000 and delete this E-mail message.
Thank you.

**City of Palos Verdes Estates and Chief of Police Jeff Kepley's Privilege Log**
U.S. District Court—Central District of California, Western Division
*Spencer, et al. v. Lunada Bay Boys, et al.*, Case No. 2:16-cv-2129

| Definitions |
| --- |
| Scott Tiedemann, City Attorney, Liebert Cassidy Whitmore ("Tiedemann") |
| Christi Hogin, City Attorney, Jenkins & Hogin ("Hogin") |
| Ed McErlain, Associate/Investigator and agent of the City Attorneys, Norman A. Traub Associates ("McErlain") |

| Privilege | Abbreviation |
| --- | --- |
| Attorney Client | AC |
| Work Product | WP |

| Doc. No. | Date | Author | Recipient | Other Recipients | Description | Withheld (W) or Redacted (R) | Reason for Privilege |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 1 | 6/13/2016 | McErlain | Tiedemann Hogin | | Tiedemann initiated an internal investigation in an effort to identify the source of a leak that caused the undercover operation to be aborted. Tiedemann hired a private investigator to act as their agent, and the private investigator carried out the investigation at the Tiedemann's direction. The report is a summary of findings and recommendations of the investigation communicated to Tiedemann, including confidential interviews with City officers and City employees. | W | AC/WP |

# EXHIBIT 9

**SAMANTHA D. WOLFF**
PARTNER
DIRECT DIAL (415) 995-5020
DIRECT FAX (415) 995-3547
E-MAIL swolff@hansonbridgett.com

 HansonBridgett

June 7, 2017

**VIA EMAIL ONLY**

Christopher Glos
Jacob Song
Kutak Rock, LLP
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595

Re:    *Spencer v. Lunada Bay Boys, et al.*, USDC Case No. 2:16-cv-02129-SJO-RAO

Dear Counsel:

This letter follows our conversation on June 5, 2017 regarding outstanding discovery and the City's intention to file a motion for summary judgment.  Below is a summary of our conversation and the issues that require further attention.

**Summary Judgment**

During the call, Mr. Glos stated that the City intended to file a summary-judgment motion on the following primary grounds: (1) the City is under no duty to protect from third-party criminal acts that Plaintiffs may have suffered; and (2) under *Monell*, there is no evidence of any City policy, custom or practice.  Secondarily, Mr. Glos asserted two additional arguments: (1) there is no basis for injunctive relief because there is no immediate threat of harm; and (2) Chief Kepley is duplicative of the City and should be dismissed.

We expressed surprise as to the timing, given the City has withheld information, has not provide information in native or other electronic format, and has not timely supplemented its responses as required.  As part of the mandatory pre-motion meet-and-confer process, I inquired what the City proposed in terms of an alternative to the motion, and whether this included a dismissal without prejudice.  As I indicated, Plaintiffs cannot meaningfully engage in a pre-motion discussion and  cannot currently consider resolution unless and until we are provided with all outstanding discovery so that we can determine whether a dismissal is appropriate.  Both sides indicated we would consider the possibility of resolution, however, the Plaintiffs' current position is that its consideration is dependent upon information needed to evaluate the facts as applied to the City's planned motion.

Mr. Glos also stated that the City intended to file its motion in seven days.  Mr. Franklin and I reiterated that there is a significant amount of discovery that remains outstanding (as discussed further below and during the call), including the depositions of two City employees scheduled for June 22 and 23, 2017 (which are the first available dates that Plaintiffs were provided).  Mr. Franklin and I also reiterated that we need this outstanding discovery in order to meaningfully

**Hanson Bridgett LLP**
425 Market Street, 26th Floor, San Francisco, CA 94105      hansonbridgett.com

13547068.1

June 7, 2017
Page 2

engage in the mandatory meet-and-confer process and ultimately[1]  to oppose a motion, and that we are entitled to this information and additional time to review it under Federal Rule of Civil Procedure 56(d).  We requested that the City refrain from filing its motion until after Ms. Placek's deposition (and assuming the City produces the relevant information that we previously requested) so that Plaintiffs have the necessary information to oppose the City's motion.  **Please advise immediately whether the City intends to file its summary-judgment motion before or after Ms. Placek's deposition, and before or after production of outstanding discovery, so that we may address the timing of the City's overdue discovery with Magistrate Judge Oliver immediately, if necessary.  In the event the City intends to proceed with its motion, Plaintiffs will request that the Magistrate hear argument pertaining to the discovery issues discussed below during the parties' call on Thursday.**

<u>Discovery</u>

We addressed the following discovery topics during the call:

(1) <u>Defendant Blakeman's Cell Phone</u>

Mr. Gloss stated that the Police Department had been looking at their cell phone bills in January 2017 and realized that Mr. Blakeman had been using a City cell phone that was intended for use in association with its disaster preparedness program only.  The City asked Mr. Blakeman to return the phone to the City sometime thereafter, and the City had the phone forensically imaged.  We requested that the City provide the following information so that we may better assess the data that was recovered on the phone:

- Cell phone brand and model; data volume; and wireless carrier;
- Whether the City's cell phone billing records indicate the phone numbers that were called and received; and
- The name of the "lead" of Blakeman's disaster preparedness group, to whom the cell phone was initially issued by the City.

Mr. Glos also requested the dates of Mr. Blakeman's cell phone activity so that the City can narrow the search of the City's billing records.  To that end, we reviewed his co-defendants' cell phone records and determined that Mr. Blakeman was using the City-issued cell phone as early as October 1, 2014, through at least April 2016:

- <u>October 1, 2014 to December 7, 2014:</u> Brant Blakeman texted Sang Lee, and others.
- <u>January 29, 2016:</u> Sang Lee called and texted Brant Blakeman numerous times on this date (the same day Ms. Reed and Mr. Wright allege they were harassed at Lunada Bay by a group of Bay Boys while trying to surf).

---

[1] It is not clear why the City is late in providing discovery, and that discovery it is providing is days before its planned motion for summary judgment.  "A party who has …responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response…in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  FRCP Rule 26(e), and 37(c) and (e).

13547068.1

June 7, 2017
Page 3

- <u>February 5, 2016:</u> Charlie Mowat texted Brant Blakeman, Sang Lee, Michael Papayans, and a number of other suspected Bay Boys; he referenced Christopher Taloa and said "things could get ugly."
- <u>March 21, 2016:</u> Brant Blakeman texted Sang Lee and others.
- <u>March 30, 2016 – April 12, 2016:</u> Brant Blakeman texted Sang Lee, Frank Ferrara, and others.

(2) <u>City Emails and Cell Phone Text Messages</u>

Mr. Song explained that only Chief Kepley's emails were searched for information responsive to Plaintiffs' document requests. Mr. Song stated that he would complete another search that would be run across all Police Department email in an effort to capture all potentially responsive information. You both indicated that there could be problems with FBI Criminal Justice Information Services (CJIS) compliance but agreed to commence the search.

You also reported that the search terms I provided on May 12, 2017 yielded 15,000 hits, and agreed to provide a copy of this report. You indicated the search terms were run against the City's entire email server and all folders that were suspected to potentially contain relevant word documents, but did not believe the terms were run against department drives. I indicated that we would at least need to run the search terms against the Police Department and City Manager's departmental drives to ensure that we are capturing all potentially relevant information.

Additionally, Mr. Franklin inquired whether the City's search included imaging and review of City Council and City Treasurer (elected positions) and City employee personal devices and email accounts that are used for City business. Mr. Glos agreed to confirm whether the elected officials and City employees have used their personal devices and/or email accounts to conduct any City business. The Plaintiffs position is that police officer personal phones used while on the job fall with this production. As to the City's police officers, the City took the position that Plaintiffs must take this up with the Palos Verdes Estates Police Officer Association.

We also learned that City phones are issued to the Police Department (including cell phones for detectives and 1-2 phones that stay in each squad car), City Clerk, and City Manager. While it's unclear why we've yet to receive this and other information identified in our call, and similarly unclear why the City has not produced information in its electronic native format, you indicate that these phones have been preserved and searched. You stated that you would produce all relevant information from these devices by Wednesday, June 7.

(3) <u>Prior Production</u>

We requested that the City reproduce its most recent production to include Bates numbers, and you agreed to do so.

(4) <u>Depositions</u>

We confirmed the depositions of Sergeant Barber and Catherine Placek to occur on June 22 and June 23, respectively. We will send deposition notices.

June 7, 2017
Page 4


(5) <u>Investigation Report</u>

I stated that Plaintiffs do not believe either the work product privilege or attorney client privilege applies to the third-party investigator's report regarding his investigation in the source of the leak of the Police Department's January 2016 undercover operation.  I also stated that regardless, these privileges were waived by the City's belated privilege log and by the Chief's answers to a number of questions pertaining to the contents of the reports at his deposition.  We were unable to resolve this dispute and agreed to bring it to the Magistrate Judge's attention.



Very truly yours,


Samantha Wolff

cc:    Kurt Franklin
       Victor Otten