HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:   (916) 442-3333
Facsimile:    (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone:   (310) 378-8533
Facsimile:    (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS CHARLIE AND FRANK FERRARA'S OBJECTIONS TO MAGISTRATE JUDGE OLIVER'S REPORT AND RECOMMENDATION** |

| | |
|---|---|
| v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Complaint Filed: March 29, 2016<br>Trial Date: December 12, 2017 |

## I.  INTRODUCTION

In their challenge to Judge Oliver's Report and Recommendation, the Ferrara Defendants do not dispute the Court's findings that they failed to take reasonable steps to preserve electronically stored information (ESI) that should have been preserved, that evidence was lost as a result, and that it cannot be restored or replaced through additional discovery.  Nor do the Ferraras dispute Judge Oliver's finding that Plaintiffs have suffered and will continue to suffer prejudice from the loss of the electronic evidence.

Instead, the Ferraras argue this Court may not issue monetary sanctions to cure the undisputed prejudice.  But neither the fact that they already paid some monetary sanctions for violating a Court Order, nor the fact that Plaintiffs did not specifically seek monetary sanctions through their Motion for Evidentiary Sanctions, divests the Court of its broad discretion in selecting an appropriate sanction to remedy Plaintiffs' prejudice.  Moreover, Defendants' assertion that they have been deprived of notice and an opportunity to be heard with respect to the appropriate sanction is belied by the hearing transcript on this motion, as well as the Report and Recommendation.  Because this Court is authorized to award additional monetary sanctions for prejudice caused by the Ferraras' spoliation of evidence, the Report and Recommendation should be adopted in full.

## II.  RELEVANT PROCEDURAL HISTORY

In November 2016, Plaintiffs served Defendants Charlie and Frank Ferrara with document requests. (Pltfs.' Mem. P. & A. Supp. Mot. for Monetary Sanctions (Pltfs.' Monetary Motion), Dock. No. 403-1 at 3.)  After receiving inadequate and untruthful responses, Plaintiffs engaged in an extensive meet-and-confer effort lasting over seven months. (*Id.* at 3-4.)  Ultimately, on July 13, 2017, the Court ordered the Ferraras to produce documents. (Dock. No. 267.)  The Ferraras failed to comply with the July 13, 2017 Order, however, forcing Plaintiffs, on August 14, 2017, to file a motion for monetary sanctions. (Dock. No. 403.)  On August 22,

2017, Plaintiffs also filed a motion for evidentiary sanctions against the Ferraras and Sang Lee, setting the matter to be heard before Judge Otero. (Dock. No. 425.)

On August 23, 2017, Judge Oliver granted Plaintiffs' monetary sanctions motion with respect to Defendants' failure to comply with the Court's July 13, 2017 Order. (Dock. No. 432.) Judge Oliver directed Plaintiffs to submit a declaration detailing their expenses incurred as a result of the Ferrara Defendants' failure to comply with the Court's July 13, 2017 Order. (*Id*.)

Plaintiffs and the Ferraras then resolved the amount of monetary sanctions to be paid and, on September 5, 2017, Plaintiffs filed the Declaration of Samantha Wolff describing the resolution. (Dock. No. 444.) Per the agreement, counsel for the Ferraras paid Plaintiffs' counsel $32,137.50. Plaintiffs advised the Court that they "no longer seek the Court's assistance in determining the amount to be awarded for Defendants' failure to comply with this Court's July 13, 2017 Order" and stated they would "not seek any further monetary sanctions from the Court for the alleged spoliation of evidence raised in Plaintiffs' Monetary Sanctions Motion." (*Id.* at ¶ 5.)

On August 28, 2017, Judge Otero referred Plaintiffs' evidentiary sanctions motion (Dock. No. 425) and other pending matters to Judge Oliver for a Report and Recommendation. (Dock. No. 435.) On September 19, 2017, Judge Oliver issued an Order setting a briefing and hearing schedule. (Dock. No. 461.)

On October 12, 2017, after the matter was fully briefed, Judge Oliver held a hearing. (*See* Dock. Nos. 468, 472, 473, 477, 478, 489.) At the hearing, Judge Oliver asked counsel for the Ferraras, Alison Hurley, what would be an appropriate sanction if the Court did not find intent to deprive Plaintiffs of electronic evidence, but found that Defendants' actions prejudiced Plaintiffs. (Wolff Decl., Ex. 1 at 70:2-9.) Ms. Hurley responded that a monetary sanction could be sufficient, but because Defendants already paid a monetary sanction, the sanction should be permitting Plaintiffs to argue Defendants' evidence spoliation at trial. (*Id*. at 70:10 - 71:5.) Judge Oliver then observed that the prior sanctions order was directed at

"compensating [Plaintiffs] for costs incurred and associated with having to bring [the Ferrara Defendants] in to compliance with the Court's order" and that spoliation was a different issue. (*Id.* at 70:18-71:12.) Judge Oliver also noted that Plaintiffs already would be entitled to argue evidence spoliation at trial. (*Id.*) Ultimately, Ms. Hurley argued that the sanction for her clients' violation of Rule 37(e)(1) should be "no sanction" or the denial of their summary judgment motions. (*Id*. at 72:17-20.)

On October 20, 2017, Judge Oliver issued her Report and Recommendation, concluding as follows:

> (1) both Ferrara Defendants failed to take reasonable steps to preserve ESI, which should have been preserved in the anticipation or conduct of litigation, and the ESI was lost as a result and cannot be restored or replaced through additional discovery;
>
> (2) without additional evidence of intent (which Plaintiffs had not been able to obtain due to Defendants' conduct), severe sanctions under Rule 37(e)(2) were not warranted[1];
>
> (3) Plaintiffs have suffered prejudice in having to oppose summary judgment motions without this potentially relevant evidence;
>
> (4) Plaintiffs will be prejudiced at trial by not being able to present or rely on the contents of the missing text messages and by being without any records of phone calls or text messages exchanged during a "highly relevant period of time surrounding the alleged incidents of harassment of the named Plaintiffs."

(Dock No. 496, pp. 25-28.)

---

[1] Because Charlie and Frank Ferrara were deposed before Plaintiffs learned of their unrecoverable text messages, the Court determined that "[i]t would be unfair to expect Plaintiffs to have been able to fully probe spoliation and the intent behind the destruction or failure to preserve evidence when Plaintiffs were unaware that any evidence previously in possession or under control of the Ferrara Defendants was unrecoverable." (*Id*. at p. 27:6-10.)

1    To cure Plaintiffs' prejudice caused by the Ferraras' spoliation, Judge Oliver
2 recommended they pay monetary sanctions and Plaintiffs' expenses associated with
3 deposing Frank and Charlie Ferrara a second time, which will allow Plaintiffs "to
4 fully explore the spoliation issues and the level of culpability or intent behind the
5 failure to preserve text messages and cellular phone bill records." (*Id*. at 30.) Judge
6 Oliver also recommended further submissions by the parties to determine the
7 amount of monetary sanctions, including Plaintiffs' costs and fees to re-depose
8 Frank and Charlie Ferrara. (*Id*. at pp. 30-31.) Judge Oliver also recommended that,
9 after further depositions, Plaintiffs "be permitted to submit evidence concerning
10 what evidence was destroyed, when the Ferrara Defendants had notice of the
11 litigation, and the Ferrara Defendants' intent with regard to the destruction of
12 evidence." (*Id*. at p. 31.)

**III.   ARGUMENT**

**A.   The Court Has Broad Discretion To Award Sanctions.**

Where prejudice results from a party's spoliation of ESI, a Court "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). A sanctions award "'can range from minor sanctions, such as the awarding of attorneys' fees, to more serious sanctions, such as dismissal of claims or instructing the jury that it may draw an adverse inference.'" *Blumenthal Distr., Inc. v. Herman Miller, Inc.*, 2016 WL 6609208, *2 (C.D. Cal. July 12, 2016) (quoting *Apple Inc. v. Samsung Electronics Co., Ltd.*, 881 F. Supp. 2d 1132, 1135 (N.D. Cal. 2012)). Further, "'[a]ny sanction must be the least drastic available to adequately mitigate the prejudice suffered.'" *Id.* (quoting *Apple Inc.*, 881 F. Supp. 2d at 1150).

Here, based upon the Court's determination that the Ferraras violated Rule 37(e)(1) and prejudiced Plaintiffs, Judge Oliver appropriately recommended a sanction designed to mitigate the prejudice. Because more information is needed to infer Defendants' intent (given that Plaintiffs were not made aware of the Ferrara's spoliation until after both Defendants were deposed), Judge Oliver recommended

that Plaintiffs have the opportunity to conduct further depositions of Defendants. (Dock. No. 496, p. 30.) Judge Oliver also recommended that the expenses associated with these depositions be borne by the Ferraras as a sanction. (*Id.*)

As another consequence of the Ferraras' conduct, Judge Oliver recommended additional monetary sanctions "in order to cure, in part, the prejudice to Plaintiffs from the spoliation." (*Id.*) Judge Oliver observed that the parties' prior agreement with respect to fees did not preclude this award. (*Id.*)

The fact that Plaintiffs did not specifically request reimbursement for fees incurred since resolution of their monetary sanctions motion is irrelevant. Plaintiffs sought relief for spoliation and "the court's discretion regarding the form of a spoliation sanction is broad." *Blumenthal Distr.*, 2016 WL 6609208 at *22. Moreover, the Ferraras were notified and provided an opportunity to specifically address the monetary sanctions as a "lesser remedy." (Wolff Decl., Ex. 1 at 70-72.) Further, the Report and Recommendation, if adopted by this Court, anticipates "further submissions by the Parties" regarding the amount of the award. (Dock. No. 496, 30-31.) Thus, the Report and Recommendation should be adopted in full.

## IV.   CONCLUSION

Having determined that Plaintiffs have been and will continue to be prejudiced by the Ferraras' spoliation of evidence, Judge Oliver properly considered and awarded "measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Plaintiffs never agreed to limit the Court's authority in this regard (nor could they). Accordingly, the Ferraras' objections should be overruled, and the Report and Recommendation should be adopted in full.

DATED: November 14, 2017              HANSON BRIDGETT LLP

By:       */s/ Samantha Wolff*
          SAMANTHA D. WOLFF
          Attorneys for Plaintiffs