**VEATCH CARLSON, LLP**
A Partnership Including Professional Corporations
1055 Wilshire Boulevard, 11th Floor
Los Angeles, California 90017
Telephone (213) 381-2861
Facsimile (213) 383-6370

ROBERT T. MACKEY, State Bar No. 210810
*rmackey@veatchfirm.com*
RICHARD P. DIEFFENBACH, State Bar No. 102663
*rdieffenbach@veatchfirm.com*
JOHN E. STOBART, State Bar No. 248741
*jstobart@veatchfirm.com*

**BUCHALTER, APC**
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017
(213) 891-0700
ROBERT S. COOPER, State Bar No. 158878
*rcooper@buchalter.com*

Attorneys for Defendant,
BRANT BLAKEMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

CORY SPENCER, an individual;
DIANA MILENA REED, an individual;
and COASTAL PROTECTION
RANGERS, INC., a California non-
profit public benefit corporation,

                    Plaintiffs,

          vs.

LUNADA BAY BOYS; THE
INDIVIDUAL MEMBERS OF THE
LUNADA BAY BOYS, including but
not limited to SANG LEE, BRANT
BLAKEMAN, ALAN JOHNSTON
AKA JALIAN JOHNSTON, MICHAEL
RAE PAPAYANS, ANGELO
FERRARA, FRANK FERRARA,
CHARLIE FERRARA, and N.F.; CITY
OF PALOS VERDES ESTATES;
CHIEF OF POLICE JEFF KEPLEY, in
his representative capacity; and DOES
1-10,

                    Defendants.

**CASE NO.: 2:16-CV-2129-SJO-RAO**
**Hon. S. James Otero, Ctrm. 10C**

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' MOTION FOR RULE 37(e) SANCTIONS**

CTRM:      10C
                    1st Street Courthouse

**Action Commenced:      03/29/2016**
**Discovery Cutoff:      08/17/2017**
**Trial Date:      02/06/2018**

---

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 37(e) MOTION**

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

I.      INTRODUCTION ..................................................................................... 1

II.     LEGAL STANDARD ............................................................................... 2

III.    RULE 37(E) IS LIMITED TO ESI THAT CANNOT BE RESTORED ............ 2

IV.     THERE WAS NO DUTY TO PRESERVE PRE-SERVICE TEXTS ................ 3

V.      THERE IS NO EVIDENCE OF AN INTENT TO DEPRIVE ........................... 7

VI.     PLAINTIFFS HAVE FAILED TO REQUEST APPROPRIATE RELIEF ........ 8

VII.    CONCLUSION ....................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Compass Bank v. Morris Cerullo World Evangelism,*
    104 F. Supp. 3d 1040, 1051-52 (S.D. Cal. 2015) ........................................................ 2, 4, 8

*Gonzalez-Bermudez v. Abbott Laboratories PR Inc.*
    214 F.Supp.3d 130, 162 (D.P.R. 2016).................................................................................. 2

*ILWU-PMA Welfare Plan Board of Trustees v. Connecticut General Life Insurance Co.,*
    No. C 15-02965 WHA, 2017 WL 345988, at *4 (N.D. Cal. Jan. 24, 2017)........................... 4

*Ramos v. Swatzell,*
    Case No. ED CV 12-1089-BRO (SPx), 2017 WL 2857253, at *5 (C.D. Cal. June 5, 2017)... 8

*Security Alarm Financing Enterprises, L.P. v. Alarm Protection Technology,*
    Case No. 3:13-cv-00102-SLG, 2016 WL 7115911, at *3 (D. Alaska Dec. 6, 2016................ 4

*Straughter v. Raymond,*
    2011 WL 1789987, at *3 (C.D. Cal., 2011.) ......................................................................... 6

*Universal Athletic Sales Co. v. Am. Gym, Recreational & Athletic Equip. Corp.,*
    546 F.2d 530, 539 (3d Cir.1976)........................................................................................... 6

## STATUTES

Fed. R. Civ. P. Rule 11(b)(3) ................................................................................................ 8
Fed. R. Civ. P. Rule 36(e) ..................................................................................................... 3
Fed. R. Civ. P. Rule 37(e) ............................................................................................. passim
Fed. R. Civ. P. Rule 37(e), Committee Notes on Rules – 2015 Amendment ................... 2, 8
Fed. R. Civ. P. Rule 37(e)(1) ................................................................................................ 8
Fed. R. Civ. P. Rule 37(e)(2) .......................................................................................... 2, 7-9
Fed. R. Evid., Rule Rule 702 ............................................................................................. 6, 7
Fed. R. Evid., Rule 702(a) ..................................................................................................... 6
Fed. R. Evid., Rule 702(d) ..................................................................................................... 6
Fed.R. Evid., Rule 901......................................................................................................... 3, fn. 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs bring this motion for sanctions under Federal Rules of Civil Procedure section 37(e) accusing defendant Brant Blakeman of the destruction of Electronically Stored Information ("ESI"). The only ESI at issue are four text messages dated March 25, 2016, and April 12, 2016, that appeared on co-defendant Sang Lee's cell phone records. Although plaintiffs discuss at great lengths text messages retrieved from co-defendant Michael Papayans' phone dated February 5, 2016, those messages cannot form a basis for Rule 37(e) sanctions because they were "restored or replaced through additional discovery." The mention of these text messages is mere surplusage.

Plaintiffs claim the "absence of four text messages that Blakeman exchanged with Defendant Lee" will cause them prejudice at trial. Plaintiffs are seeking three types of relief: 1) a negative inference that the contents of the text messages were unfavorable to Mr. Blakeman, 2) the denial of Mr. Blakeman's meritorious motion for summary judgment, and 3) monetary sanctions to cover the cost of this motion.

The evidentiary and issue sanctions requested are vital to the plaintiffs because, other than gratuitously referring to the co-defendants as "co-conspirators," they have nothing to support their conspiracy theory. Plaintiffs are unable to present witnesses, documents, or ESI to support the finding of a conspiracy because a conspiracy never existed. Just as the Lunada Bay Boys are not a criminal street gang, the co-defendants are not "co-conspirators." The relief requested reflects plaintiffs' belated attempt to overcome summary judgment without presenting any actual evidence of a conspiracy.

Plaintiffs claim that defendant Brant Blakeman "failed to take reasonable steps to preserve" text messages on his phone. Mr. Blakeman contends that he had no duty to preserve text messages sent prior to being served with this lawsuit and the steps plaintiffs claim he failed to take, such as submitting his phone to a forensic expert for the "most expensive extraction" available upon being served, are unreasonable. Thus, plaintiffs cannot meet the threshold requirements of Rule 37(e).

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 37(e) MOTION**

Moreover, plaintiffs are requesting Rule 37(e)(2) sanctions that require an "intent to deprive" without making any evidentiary showing whatsoever of such an intent. Plaintiffs fail to even argue that Mr. Blakeman had an "intent to deprive," let alone justify the application "harsh" issue-related remedies with actual evidence. Their requests for subsection (e)(2) sanctions are without merit.

Overall, plaintiffs have failed to request any appropriate relief that would cure their alleged prejudice, if any, from the four "lost" text messages. As such, Mr. Blakeman respectfully requests this court deny plaintiffs' motion in its entirety.

## II.   LEGAL STANDARD

Spoliation is the destruction, significant alteration of evidence, or the failure to preserve evidence in pending or reasonably foreseeable litigation. *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051-52 (S.D. Cal. 2015) (citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)). Federal Rule of Civil Procedure 37(e) governs the loss of electronically stored information and applies "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." The advisory committee notes to the 2015 Amendment provide that the amended rule "forecloses reliance on inherent authority or state law to determine when certain measures should be used" for failure to preserve electronically stored information. Fed. R. Civ. P. 37(e), Committee Notes on Rules – 2015 Amendment (hereinafter referred to as "Committee Notes").

## III.   RULE 37(E) IS LIMITED TO ESI THAT CANNOT BE RESTORED

Certain threshold issues must be satisfied before Rule 37(e) is applicable. First, the evidence must be ESI and there is no dispute that text messages are ESI.  Next, since Rule 37(e) only applies when the ESI "cannot be restored or replaced through additional discovery," the issue is whether the ESI "is lost." See, *Gonzalez-Bermudez v. Abbott Laboratories PR Inc.* 214 F.Supp.3d 130, 162 (D.P.R. 2016).

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 37(e) MOTION**

Thus, if ESI is available from another source, Rule 37(e) sanctions are not appropriate. Here, plaintiffs identify two groups of ESI at issue: text messages found on co-defendant Papayans' phone that were transmitted on February 5, 2016, and text messages referenced in Mr. Lee's cell phone records dated March 25, 2016, and April 12, 2016. Dkt. 508-3, Sections C and D.

Regarding the February 5, 2016, text messages, plaintiffs admit that they have "received over 500 pages of incriminating text messages that Papayans exchanged with co-defendants," including the so-called "incriminating" February 5, 2016, text messages that are provided, word-for-word, in the moving papers. Dkt. No. 508-3, p. 12-13.[1] As such, even if Mr. Blakeman "failed to preserve and/or produce these texts in the course of discovery," such alleged failure cannot form the basis for a Rule 36(e) motion. *Id.* The mention of these messages is mere surplusage.

That means the only ESI at issue in this motion are the four text messages that appeared in Defendant Lee's billing records. Dkt. No. 508-3, p. 7. Plaintiffs represent that the texts are unrecoverable from Mr. Lee's phone. Dtk. No. 508-3, p. 14:6-7. Defendant Blakeman does not have them in his possession, custody or control. So, to the extent that the text messages did, in fact, actually exist, they are now "lost" for the purposes of Rule 37(e).[2]

## IV.    THERE WAS NO DUTY TO PRESERVE PRE-SERVICE TEXTS

The next issue is whether the ESI was lost because Mr. Blakeman "failed to take reasonable steps to preserve them." *Fed. R. Civ. P.,* 37(e). The first inquiry under this analysis is when the duty to preserve attaches. "A party must preserve evidence it

---

[1] Since plaintiffs' motion, found at Dkt. 508-3, is not consecutively numbered, the page citations are in reference to the page number interposed by the electronic filing system at the top of the page.

[2] In failing to authenticate the records allegedly derived from Mr. Lee's phone, plaintiffs not only avoid Fed.R.Evid., Rule 901 but also avoid the standing order that stresses the necessity that documentary evidence be supported by testimony of a witness that can establish authenticity. Dtk. No. 9, ¶21(d). There is a significant chain of custody and hearsay issues with evidence that is not accompanied by a custodian's affidavit or testimony of its creation or transmission. The data from Mr. Lee's phone is in stark contrast to other defendants whose cellular devices have been examined by expert technicians who forensically extracted data.

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 37(e) MOTION**

knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence*." Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051 (S.D. Cal. 2015). This is an objective standard that asks not whether the party in fact reasonably foresaw litigation, but whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation. *ILWU-PMA Welfare Plan Board of Trustees v. Connecticut General Life Insurance Co*., No. C 15-02965 WHA, 2017 WL 345988, at *4 (N.D. Cal. Jan. 24, 2017). "When litigation is 'reasonably foreseeable' is a flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry." *Security Alarm Financing Enterprises, L.P. v. Alarm Protection Technolog*y, Case No. 3:13-cv-00102-SLG, 2016 WL 7115911, at *3 (D. Alaska Dec. 6, 2016) (quoting *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011)).

Here, Mr. Blakeman was served with the complaint on April 14, 2016. Dkt. No. 15, 18. In plaintiffs' (nearly identical) motion for sanctions against Mr. Lee, the date of service was adopted as the date the duty to preserve attached. Dkt. No. 496, p. 17:4-5. Unlike co-defendant Frank Ferrara, who became aware of the lawsuit when he interviewed with the Daily Breeze prior to being served (*Id.* at 21:19-22:2), there is no evidence here to suggest any earlier date that Mr. Blakeman was aware of the lawsuit.

Accordingly, Mr. Blakeman's duty to preserve began on April 14, 2016. Plaintiffs agree with this date. Dkt. No. 508-3, p. 15:28-16:1. Thus, the four text messages at issue in plaintiffs motion all occurred prior to service and, therefore, before the duty to preserve attached. Mr. Blakeman contends that this is where the analysis ends.

Nevertheless, plaintiffs advance the following argument to circumvent the date that the duty to preserve attached: "To the extent Defendant Blakeman deleted the relevant text messages before his duty to preserve arose in early April 2016, his messages with co-Defendants and co-conspirators from one or two months prior (or,

4

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 37(e) MOTION**

as in the case of two texts he exchanged with Defendant Lee – just two days prior) would nonetheless have been recoverable so long as they were not overwritten." Dkt. No. 508-3, pgs. 21:17-21. Plaintiffs infer that Mr. Blakeman had a duty to obtain a "bit-by-bit copy" of his phone, which is the "most comprehensive and most expensive extraction" available, upon service of this lawsuit. Dkt. No. 458, p. 3:4-6.  Plaintiffs' argument fails for a handful of reasons.

First, Rule 37(e) only requires a party to take "reasonable" steps to preserve ESI. It is completely unreasonable to expect a litigant to immediately retain a forensic expert to conduct the "most comprehensive and most expensive extraction" of his phone upon being served with a lawsuit. Moreover, it is completely unreasonable to expect a defendant to perform evidence preservation measures that were never requested by the plaintiffs. Although Plaintiffs sought the production of several other co-defendants' cell phones, they never expressly demanded or sought to compel production of Mr. Blakeman's phone.[3] If a "bit for bit" copy of Mr. Blakeman's phone was truly as integral to this case as plaintiffs claim, then their failure to timely demand production of the phone so that it could be professionally extracted is their own negligent marshaling of the evidence and not Mr. Blakeman's fault.[4]

Second, plaintiffs' entire theory relies on a declaration from their attorney William T. Kellermann, who also claims to be an expert on smartphones. Just to be clear, Mr. Kellermann is not a forensic expert on phone data recovery; he is just one of plaintiffs' many attorneys who claims to "regularly write and speak on e-discovery topics." Dkt. No. 468-2, ¶4.

---

[3] Plaintiffs admit to knowing about text messages allegedly sent to Mr. Blakeman's phone when Mr. Lee's phone records were produced in May 2017. Dkt. 508-3, p. 16:4-5. However, they filed a Rule 56(d) motion on August 8, 2017. Dkt. 397. As pointed out by Judge Oliver, "Plaintiffs' Rule 56(d) Motion does not request relief based on any outstanding discovery from Defendant Blakeman..." Dkt. 471, p. 12. Also notable, Judge Oliver found the plaintiffs "have not been diligent in pursuing [] discovery" regarding city cell phones. *Id.* p. 11.

[4] Plaintiffs set forth their discovery demands, word-for-word, in the moving papers. Dtk. 508-3, p. 10-11. Not one single demand sought production of the actual phone, the existence of which was revealed during Blakeman's November 2016 deposition.

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 37(e) MOTION**

Mr. Blakeman recognizes that Mr. Kellermann's testimony cannot be stricken solely because he is plaintiffs' attorney and becoming a witness in this case, expert or otherwise, is arguably a violation of his professional responsibility. As this district stated, "although rules of professional responsibility 'inveighs against' attorney testifying as expert witness for client of his law firm, 'it does not necessarily follow that any alleged professional misconduct on his part would in itself render his testimony, once it was adduced, a nullity.'  *Universal Athletic Sales Co. v. Am. Gym, Recreational & Athletic Equip. Corp*., 546 F.2d 530, 539 (3d Cir.1976)." *Straughter v. Raymond*, 2011 WL 1789987, at *3 (C.D. Cal., 2011.)

However, Mr. Kellermann's representation raises other reasons to exclude his declaration. "[T]he better course of action is to exclude the testimony of expert witnesses in civil cases whose compensation is contingent on the outcome of the case." *Straughter*, *supra*, at *3. Here, plaintiffs are requesting that the defendants pay their attorney's fees, which allegedly total over $4,000,000. Mr. Kellermann and his firm have an absolute interest akin to that of a contingency fee agreement in that they must find somebody to pay their exorbitant attorney's fees.

Moreover, the declaration does not meet the requirements of Rule 702 of the Federal Rules of Evidence. First, previously being "designated as an expert in matters related to e-discovery" does not qualify Mr. Kellermann to render opinions as a forensic cell phone technician. *Fed. R. Evid*., 702(a). Second, the declaration is devoid of any "sufficient facts or data" or "principles and methods" used by Mr. Kellermann to arrive at his opinions. *Id*. at subsections (b) or (c).

Most importantly, none of Mr. Kellermann's opinions are actually applied to the phone used by Mr. Blakeman. *Fed. R. Evid*., 702(d). The declaration was submitted on September 28, 2017, in support of a *different* motion against a *different* defendant that concerned a *different* type of phone. Dkt. No. 508-3, p. 12-14, citing Dkt. No. 468-2.  His declaration generally proclaims: "Text messages that have been deleted may nonetheless be recoverable so long as the underlying data has not been

6

DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 37(e) MOTION

overwritten by new messages sent or received by the user." Dkt. No. 508-3, p. 12-14, citing Dkt. 468-2. Nowhere are these opinions applied to Mr. Blakeman's phone. In fact, the entire declaration "concerns discovery of text messages from smartphones used by defendants." Dkt. 468-2, ¶5. Mr. Blakeman does not have a smartphone, he has a flip-phone. Accordingly, Mr. Kellermann's declaration woefully fails to meet any of Rule 702's requirements and should be completely disregarded.

Third, the Committee Notes advise that courts "should be sensitive to the party's sophistication with regard to litigation in evaluating preservation efforts," and the resources available to a party. Here, Mr. Blakeman has never owned a computer and he used a city provided flip-phone that does not even have a QWERTY keyboard for texting.[5] This is indicative of his lack of digital knowledge and capability.[6]

Because the text messages were sent prior to the date that the duty to preserve attached and because the measures that plaintiffs claim Mr. Blakeman failed to take were unreasonable, the threshold requirement that the party "failed to take reasonable steps to preserve" the ESI has not been met and the motion should be denied.

## V.   THERE IS NO EVIDENCE OF AN INTENT TO DEPRIVE

Even if the threshold requirements for Rule 37(e) were met, in order to justify the "harsh" remedies under Rule 37(e)(2) there must be finding of an intent to deprive the other party of the ESI. Indeed, the rule "authorizes courts to use specified and very severe measures to address or deter failures to preserve electronically stored information, but only on finding that the party acted with the intent to deprive another party of the information's use in the litigation." Committee Notes.

---

[5] That means, to text words, Mr. Blakeman had to hit the No. 2 button on his phone once for "A," twice for "B," three times for "C," then the No. 3 button once for "D," twice for "E," *etc.*

[6] Mr. Blakeman testified that he has never owned nor logged into a computer and the cell phone at issue was a somewhat archaic flip phone issued by the City of Palos Verdes Estates to disaster response volunteers, which he used very infrequently and did not own.  See, Dieffenbach Decl., Ex. A, pgs. 14:8-15:22; 64:19-22.  Despite being aware of the city-issued phone since Blakeman's deposition in November 2016, plaintiffs have never to this date requested production of the phone for forensic analysis.

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 37(e) MOTION**

Although plaintiffs are seeking "harsh" remedies such as the denial of Mr. Blakeman's motion for summary judgment *and* an adverse inference at trial, plaintiffs do not even offer argument, let alone evidence, that Mr. Blakeman had an intent to deprive them of the ESI. Instead, plaintiffs apparently expect a finding of intent *sua sponte*: "If the Court finds that the spoliation was intentional…" Dkt. 508-3, p. 23:25.

Given plaintiffs' prior Rule 37(e) motions, they are well aware that the standard of proof for spoliation in the Ninth Circuit "appears to be by a preponderance of the evidence." *Ramos v. Swatzell*, Case No. ED CV 12-1089-BRO (SPx), 2017 WL 2857253, at *5 (C.D. Cal. June 5, 2017); see also *Compass Bank*, 104 F.Supp.3d at 1052-53. Yet, they persist by filing this Rule 37(e) motion seeking "harsh" remedies without any evidence that Mr. Blakeman had an intent to deprive. Their request is a blatant violation of Rule 11(b)(3), which requires that "factual contentions have evidentiary support."

Without evidence of an "intent to deprive," plaintiffs' requests for "harsh" sanctions under Rule 37(e)(2) against Mr. Blakeman must be denied.

## VI.   PLAINTIFFS HAVE FAILED TO REQUEST APPROPRIATE RELIEF

Given that plaintiffs' request for "harsh" remedies under Rule 37(e)(2) is completely without evidentiary support, the only remedies available are under Rule 37(e)(1), under which, upon a finding of prejudice to another party from loss of the information, a court may employ measures "no greater than necessary to cure the prejudice." As stated in the Committee Notes, these remedies cannot include those authorized under subsection (e)(2):

> Care must be taken, however, to ensure that curative measures under subdivision (e)(1) do not have the effect of measures that are permitted under subdivision (e)(2) only on a finding of intent to deprive another party of the lost information's use in the litigation. An example of an inappropriate (e)(1) measure might be an order striking pleadings related to, or precluding a party from offering any evidence in support of, the central or only claim or defense in the case. On the other hand, it may be appropriate to exclude a specific item of evidence to offset prejudice caused by failure to preserve other evidence that might contradict the excluded item of evidence.

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 37(e) MOTION**

The only relief requested by plaintiffs other than the "harsh" subsection (e)(2) remedies is to "order Defendants Blakeman and the City to reimburse Plaintiffs for their reasonable attorneys' fees incurred in bringing this motion." Dkt. 508-3, p. 26:19-27:2. No other remedies are requested. In other words, plaintiffs wrote and filed this motion just to ask the court to make Mr. Blakeman to pay for it.

Although their pleadings and testimony admit no "harassment" happened on that date, plaintiffs nevertheless claim prejudice in the form of not having the opportunity to depose Blakeman regarding the February 5, 2016, text messages. Dtk. 508-3, p. 24:3-6. Curiously, at Mr. Blakeman's deposition, plaintiffs never asked him anything about "February 5, 2016," a date that, according to the complaint and Ms. Reed's own testimony, she freely visited Lunada Bay with a Los Angeles Times photographer without any issue from the alleged Lunada Bay Boys.

Indeed, plaintiffs' complaint alleges: "On or about February 5, 2016, Reed and [Jordan] Wright returned to Lunada Bay with a photographer and writer from The Los Angeles Times. There were no other surfers at Lunada Bay that day." Dkt. 1, ¶23. At Ms. Reed's deposition, she testified about February 5, 2016, as follows:

```
8    Q    Did Jordan [Wright] surf without incident as far as
9    you know?
10   A    Jordan did surf without incident because
11   he was the only person out there surfing.
12   Q    And is it correct that neither you or
13   Jordan were intimidated that day?
14   MR. FRANKLIN: Vague and ambiguous.
15   THE WITNESS: I don't know. I don't
16   remember if we encountered anyone on top of the
17   bluff or not. I just remember that there was no one
18   in the water.
19   BY MS. HEWITT:
20   Q    Do you have a recollection of encountering
21   anybody on the bluff that intimidated you?
22   A    At this time, I just -- I don't remember
23   what we did on top of the bluff, and if there was
24   anyone there or not.
25   Q    Okay.
1    A    So I can't say one way or the other.
2    Q    I'm not asking you to say one way or the
3    other. I'm asking you to state if right now you
4    have a memory of being intimidated by someone on top
5    of the bluff.
```

9

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 37(e) MOTION**

6    MR. FRANKLIN: Vague and ambiguous.
7    THE WITNESS: I would have to think about
8    it more, I just don't know.

(Dieffenbach Decl., Ex. A.)

Now, plaintiffs "untruthfully" claim Ms. Reed was "harassed" on February 5, 2016, in an attempt to give credence to the "incriminating" text messages the defendants allegedly exchanged that day.[7] The plaintiffs' complaint and testimony are clear judicial admissions: Ms. Reed was *not* "harassed" by anybody, let alone any of the defendants, on February 5, 2017.

As a side point, plaintiffs' repeated claims that Mr. Blakeman "untruthfully" responded to discovery lack merit and are not germane to any issue before this court. See, Dtk. 508-3, p. 9:3, 12:6, 15:3, 16:5, 25:8. First, regarding Mr. Blakeman's deposition testimony, he was interrupted after he was asked if he received texts on his phone, to which he responded: "No. I -- no. I mean -- from my wife and stuff, yes. But - -". See, Dieffenbach Decl., Ex. A, p. 241. Obviously, the dash (" - - ") is plaintiffs' counsel interrupting Mr. Blakeman mid-sentence. Plaintiffs' counsel never followed up and asked what "and stuff" means. Now, plaintiffs present this incomplete testimony and ignore the "and stuff" clarification, thus repeatedly mischaracterizing his testimony as "untruthfully" saying he only received texts from his wife. Yet, plaintiffs engage in an "untruthful" summarization of his testimony.

Second, plaintiffs misrepresent Mr. Blakeman's responses to document demands by saying, "[Mr.] Blakeman denied their existence," when he actually responded that he was "not in possession of any documents responsive to this request."[8]   There is a clear and substantive distinction between "denying existence"

---

[7] Although plaintiffs continuously refer to the February 5, 2016, text messages as being "incriminating," the texts do not implicate any illegal activity. Moreover, Mr. Blakeman neither author nor responded to any of the so-called "incriminating" text messages in plaintiffs' motion. Dtk. 508-3, p. 13-14.

[8] See Mr. Blakeman's responses to Demands Nos. 1, 9, 10, 14, and 32, at Dkt. No. 508-3, pgs. 10-11. He never "denied their existence" as argued by plaintiffs. Dkt. No. 508-3, p. 13:16-17.

10
**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 37(e) MOTION**

and "denying possession." It would be "untrue" to say they are the same; yet, plaintiffs do so while simultaneously accusing Mr. Blakeman of being "untruthful."

Moreover, plaintiffs' claims that defendant "untruthfully" responded to discovery has no relevance on this motion: Rule 37(e) does not permit sanctions for untruthful responses to discovery. Plaintiffs' entire briefing on "untruthful" responses can be classified as an ad homonym attack on a superfluous issue.

## VII.   CONCLUSION

The purpose of this motion is transparent: although plaintiffs have "scores" of text messages between the defendants in their possession, they still lack evidence to support their claims of conspiracy and belatedly seek an adverse inference in lieu of actual evidence to overcome summary judgment. However, plaintiffs cannot demonstrate entitlement to the drastic relief sought, nor to any relief, and such relief is clearly unwarranted under Rule 37(e).

Accordingly, it is respectfully requested the Court deny plaintiffs' motion for Rule 37(e) sanctions against Mr. Blakeman in its entirety.

Dated: November 27, 2017          **VEATCH CARLSON, LLP**


By:  /s/ John E. Stobart
     RICHARD P. DIEFFENBACH
     JOHN E. STOBART
     Attorneys for Defendant,
     BRANT BLAKEMAN

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 37(e) MOTION**