| | |
|---|---|
| 1 | HANSON BRIDGETT LLP |
| | KURT A. FRANKLIN, SBN 172715 |
| 2 | kfranklin@hansonbridgett.com |
| | LISA M. POOLEY, SBN 168737 |
| 3 | lpooley@hansonbridgett.com |
| | SAMANTHA WOLFF, SBN 240280 |
| 4 | swolff@hansonbridgett.com |
| | RUSSELL C. PETERSEN, SBN 264245 |
| 5 | russ.petersen@hansonbridgett.com |
| | CANDICE P. SHIH, SBN 294251 |
| 6 | cshih@hansonbridgett.com |
| | 425 Market Street, 26th Floor |
| 7 | San Francisco, California 94105 |
| | Telephone:  (415) 777-3200 |
| 8 | Facsimile:   (415) 541-9366 |
| 9 | HANSON BRIDGETT LLP |
| | TYSON M. SHOWER, SBN 190375 |
| 10 | tshower@hansonbridgett.com |
| | LANDON D. BAILEY, SBN 240236 |
| 11 | lbailey@hansonbridgett.com |
| | 500 Capitol Mall, Suite 1500 |
| 12 | Sacramento, California 95814 |
| | Telephone:  (916) 442-3333 |
| 13 | Facsimile:   (916) 442-2348 |
| 14 | OTTEN LAW, PC |
| | VICTOR OTTEN, SBN 165800 |
| 15 | vic@ottenlawpc.com |
| | KAVITA TEKCHANDANI, SBN 234873 |
| 16 | kavita@ottenlawpc.com |
| | 3620 Pacific Coast Highway, #100 |
| 17 | Torrance, California 90505 |
| | Telephone:  (310) 378-8533 |
| 18 | Facsimile:   (310) 347-4225 |
| 19 | Attorneys for Plaintiffs |
| | CORY SPENCER, DIANA MILENA |
| 20 | REED, and COASTAL PROTECTION |
| | RANGERS, INC. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, | CASE NO. 2:16-cv-02129-SJO (RAOx) <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION FOR SANCTIONS AGAINST THE CITY OF PALOS VERDES ESTATES** |

|  |  |
|---|---|
| Plaintiffs, | |
| v. | Judge: Hon. Rozella A. Oliver<br>Date: December 6, 2017<br>Time: 1:30 p.m.<br>Crtrm.: F |
| LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, | |
| Defendants. | Complaint Filed: March 29, 2016<br>Trial Date: December 12. 2017 |

13973350.1

Case No. 2:16-cv-02129-SJO (RAOx)
PLTFS' REPLY ISO ITS MOTION FOR SANCTIONS AGAINST THE CITY OF PALOS VERDES ESTATES

## I. INTRODUCTION

Under Rule 37(e), if ESI is lost because a party "failed to take reasonable steps to preserve it," the Court may issue an order to "cure the prejudice." The City admits that evidence was lost and cannot be restored from its DPP Phone. Moreover, the City failed to take reasonable steps to preserve the DDP Phone because it took *no steps* to preserve the DDP Phone at the outset of this case. Finally, the admitted loss of texts between Blakeman and other Bay Boys has prejudiced Plaintiffs in their claim against the City—Plaintiffs must prove the Bay Boys' illegal localism in addition to the City's custom and practice of complicity in the Bay Boys' conduct.

## II. THE CITY FAILED TO TAKE REASONABLE STEPS TO PRESERVE THE DDP PHONE.

### A. The City had possession, custody, or control of its DDP phone throughout this litigation.

The City first argues that it did not have possession of its DPP Phone. *See* Opposition, at p. 9, n. 4. But under *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999), possession, custody, or control is satisfied where the party has the "legal right to obtain documents upon demand." Here, the City owns the DDP Phone and pays for its service. Further, the City testified that when it "learned" of the DDP Phone's use, it was able to recover the phone promptly, further demonstrating its "possession, custody, or control." *See* Opposition at 3:19, 4:13-15. Notwithstanding the City's claimed negligence, it had the legal right (and obligation) to obtain and preserve its DDP Phone at the outset of this litigation.

### B. The City and its attorneys made no effort to preserve any of its DDP Phones upon the filing of the lawsuit.

The City argues that it had no knowledge that Blakeman possessed the DDP phone at the time this lawsuit was filed, and therefore it was absolved of preserving data on the phone. But the City must preserve both evidence that it knows of and *should have known of* that is relevant to a claim or defense. *See Compass Bank v.*

13973350.1

-1-   Case No. 2:16-cv-02129-SJO (RAOx)
PLTFS' REPLY ISO ITS MOTION FOR SANCTIONS AGAINST THE CITY OF PALOS VERDES ESTATES

*Morris Cerullo World Evangelism*, 104 F.Supp.3d 1040, 1051 (S.D. Cal. 2015). It must make a reasonable inquiry into identifying sources of relevant ESI. The City provides no evidence of the steps it took to identify any sources of ESI, and it fails to explain whether it considered the DDP Phones and, if not, why it didn't.

The City should have identified the DDP Phone that Blakeman possessed. First, the City disperses the DDP Phones among its citizens to protect the community. Given the pervasive community-supported localism, it is reasonable that a DDP phone may contain relevant evidence. Second, the DDP Phones are to be used only in emergency situations, and none occurred during the relevant time. *See* Dkt No. 508-13, at 4:3-8, 5:11-17. Had the City reviewed the DDP Phones' usage at the outset of this case, as it did in January 2017 when it performed an "audit of its phone bills," it would have noticed that a single phone had "excessive activity." *See* Opposition, at p. 3:19-20. The City's failure to conduct ***any inquiry*** into the DDP Phones, much less a reasonable inquiry, allowed Blakeman to possess the DDP Phone—and delete relevant texts—during the first eight months of this case.[1]

### C. Counsel for the City learned that Blakeman possessed a DDP Phone at his deposition but failed to preserve it.

Counsel for the City admits it learned that Blakeman possessed a DDP Phone during his deposition on November 21, 2016. City defense counsel also learned that Blakeman texted and received texts on the DDP Phone. But City counsel apparently ***never*** informed the City of these facts. "Counsel bear responsibility for coordinating their client's discovery production." *Knickerbocker v. Corinthian Colleges*, 298 F.R.D. 670, 678 (W.D. Wash. 2014). "Counsel must take affirmative steps to

---

[1] The City claims that through its insurance pool CalJPIA it paid its ESI vendor $250,000. Spending money is not probative of competence in ESI management, and here, may be due to the City hiding the ball, failing to collaborate with Plaintiffs in identifying custodians, or mismanaging its ESI vendor.

monitor compliance so that all sources of discoverable information are identified and searched." *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D. N.Y. 2004); *see also R & R Sails Inc. v. Ins. Co. of State of Pa.*, 251 F.R.D. 520, 528 (S.D. Cal. 2008) (sanctions for "failure to search for and timely produce" ESI). City counsel failed to take any action after learning of the DDP Phone in Blakeman's possession and allowed him nearly two additional months to delete relevant texts.

The City argues that because Blakeman testified that there were no responsive texts, it had no duty to preserve evidence on the DDP Phone. *See, e.g.*, Opposition at p. 4, n. 2. No authority, however, allows an attorney to rely on the word of a witness asserting that his device possesses no discoverable information and make no further inquiry. Indeed, this is the antithesis of "affirmative steps" required by *Zubulake*.

### III. PLAINTIFFS HAVE BEEN PREJUDICED BY THE LOSS OF DATA.

#### A. The City concedes it failed to preserve ESI on the DPP phone.

The City admits that responsive data from the DDP Phone was lost, but it attempts to minimize this by noting some lost texts were recovered from Papayans' phone, and only four known texts were lost. But the Court can presume that further relevant texts between Blakeman and other Bay Boys were sent and later deleted:

> OS argues an adverse jury instruction is not warranted, in part because 'HM merely speculates that there would be documents relevant to the alleged trade dress.' The court disagrees, given the relevant documents that were eventually recovered from a later period and other sources. *See In re Napster, Inc.*, 462 F. Supp. 2d at 1077 n.5 (the content of emails recovered from other sources is probative of the contents of lost emails)

*Blumenthal Distributing, Inc. v. Herman Miller, Inc.*, 2016 WL 6609208, at *24 (C.D. Cal. 2016). Accordingly, the recovery of some texts from Papayans' phone is probative of further lost relevant texts from the DDP Phone that will never be recovered. Plaintiffs' prejudice is not limited to those four lost texts.

#### B. Plaintiffs were prejudiced in their claim against the City.

Plaintiffs contend that the City's custom and practice of excluding non-locals

works by allowing the Bay Boys to intimidate, threaten, and attack non-locals with impunity. Plaintiffs are prejudiced in their case *against the City* by the loss of evidence of the Bay Boys coordinating their illegal localism, and *the City benefits* by the loss of such evidence. In sum, a loss of evidence of the Bay Boys practicing localism is also a loss of evidence of the City's custom, practice, and complicity in allowing the Bay Boys' conduct.

### C. Plaintiffs diligently pursued discovery, and the destruction of evidence likely occurred before Plaintiffs even knew of the texts on the DDP Phone.

The City argues that Plaintiffs lacked diligence in discovering the lost texts and caused their own prejudice. The relevant texts had been lost, however, before Plaintiffs even knew of them. The City argues that the evidence had been deleted before it took possession of the phone in January 2017. The first hint that Plaintiffs had of Blakeman's untruths was on May 5, 2017, when they received Sang Lee's cell phone invoice (though Blakeman still had not provided his correct cell phone number to Plaintiffs at this time). *See* Wolff Decl., Dkt. No. 508-4, at ¶13. Further, the City's expert testified that deleted texts on the DDP Phone are unrecoverable. *See* Wong Decl., Dkt. No. 524-5, at ¶ 6.[2] Blakeman's texts were lost more than five months before Plaintiffs learned of his texts to other Bay Boys, and so Plaintiffs could have done *nothing* to mitigate Blakeman's spoliation of evidence.

In any event, the City grossly misstates the record in an attempt to impart early knowledge of Blakeman's spoliation to Plaintiffs. The City argues that Plaintiffs knew of the DDP Phone based on Blakeman's deposition testimony, but "made no effort to request data from it until May 25, 2017." *See* Opposition, at 5:18-19. Not so. Plaintiffs served RFPs on Defendants in Fall 2016, and Defendants were

---

[2] Upon further analysis, Plaintiffs understand that in the particular model of the DPP Phone, deleted texts are likely lost forever immediately. Mr. Kellerman's testimony remains accurate for the large majority of computer memory devices.

obligated to produce responsive information from the DDP Phone—not spoliate evidence and provide the untruthful responses upon which Plaintiffs relied.[3]

At the June 5, 2017 meet and confer between the City and Plaintiffs [*see* Opposition, at 5:25-6:12], the City contends that Plaintiffs failed to request further information off the DDP Phone. But the City represented during that call that they had produced all relevant documents, that there were no responsive texts, and that they did not believe Blakeman had deleted any texts. Again Plaintiffs relied on the City's representations. The City next contends that Plaintiffs should have been aware of deleted texts based on billing records produced on June 22, 2017. *See* Opposition, at 6:23-7:7. But those records only show *telephone calls*, not *text messages*. The City obfuscates by using the word "communications," and the City had previously represented that they believed no deletions occurred.

**IV.  THE CITY IS NOT ENTITLED TO ITS ATTORNEY FEES.**

The City wrongly contends it is entitled to its fees under Rule 37(a)(5)(B). Rule 37(a) is directed to a motion to compel, not a sanctions motion under Rule 37(e). Rule 37(a)(5)(B) does not apply. Further, Judge Otero held that there was "good cause" to bring this motion. *See* Order, Dkt. No. 520 (Nov. 13, 2017).

**V.  CONCLUSION**

The Court should grant this Motion and deny summary judgment for the City.

DATED:  December 4, 2017            HANSON BRIDGETT LLP

By: ___*/s/ Russell C. Petersen*___
RUSSELL C. PETERSEN
Attorneys for Plaintiffs

---

[3] The City argues that it was entitled to rely on Blakeman's deposition testimony, but that Plaintiffs lacked diligence for doing same. To the contrary, the party controlling the evidence must preserve and produce it, but a party cannot challenge potentially untruthful evidence when it has no basis for doing so.

13973350.1

-5-                                                Case No. 2:16-cv-02129-SJO (RAOx)
PLTFS' REPLY ISO ITS MOTION FOR SANCTIONS AGAINST THE CITY OF PALOS VERDES ESTATES