1

2

3

4

5

6

7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, | Case No. CV 16-02129-SJO (RAOx) |
| Plaintiffs, | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANTS BRANT BLAKEMAN AND CITY OF PALOS VERDES ESTATES |
| v. | |
| LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, | |
| Defendants. | |

This Report and Recommendation ("Report") is submitted to the Honorable

S. James Otero, United States District Judge, pursuant to 28 U.S.C. § 636 and

General Order 05-07 of the United States District Court for the Central District of California, and pursuant to the District Court's referral order in this matter dated November 13, 2017.

## I.    <u>INTRODUCTION</u>

On October 30, 2017, Plaintiffs Coastal Protection Rangers, Inc., Diana Milena Reed, and Cory Spencer (collectively, "Plaintiffs") filed an *Ex Parte* Application for an Order Setting Hearing on Plaintiffs' Motion for Sanctions against Defendants Brant Blakeman and the City of Palos Verdes Estates ("*Ex Parte* Application"). Dkt. No. 508. On November 13, 2017, the District Court evaluated Plaintiffs' *Ex Parte* Application as a request for leave to file the *Ex Parte* Application, and granted the *Ex Parte* Application on that basis. Dkt. No. 520. The District Court referred the *Ex Parte* Application to the undersigned for a Report and Recommendation and authorized the undersigned to set a briefing schedule for Plaintiffs' Motion for Sanctions and conduct further proceedings as necessary. *Id.*

Attached to the *Ex Parte* Application are Plaintiffs' Notice of Motion and Motion for Sanctions against Defendants Brant Blakeman and the City of Palos Verdes Estates ("Motion," Dkt. No. 508-2), Memorandum of Points and Authorities in Support of Motion ("Memorandum," Dkt. No. 508-3), Declaration of Samantha D. Wolff in Support of Plaintiffs' Motion ("Wolff Declaration," Dkt. No. 508-4) and Declaration of Kurt A. Franklin in Support of Plaintiffs' Motion ("Franklin Declaration," Dkt. No. 508-40). The Motion is based on the alleged failure to preserve or destruction of evidence on a cellular phone that was owned by the City of Palos Verdes Estates (the "City") and in the possession of Defendant Blakeman during the time period of the alleged events in Plaintiffs' Complaint.

Defendant Blakeman filed his Opposition to the Motion on November 27, 2017 ("Blakeman Opposition"). Dkt. No. 523. The Blakeman Opposition is supported by the Declaration of Richard P. Dieffenbach ("Dieffenbach

Declaration"). Dkt. No. 523-1. Defendant Blakeman argues that Plaintiffs cannot meet their burden for sanctions under Federal Rule of Civil Procedure 37.

The City filed its Opposition to the Motion on November 27, 2017 ("City Opposition"). Dkt. No. 524. The City Opposition is supported by the Declaration of Tony Best ("Best Declaration," Dkt. No. 524-1), the Declaration of Marcelle Herrera ("Herrera Declaration," Dkt. No. 524-2), the Declaration of Linda Williams ("Williams Declaration," Dkt. No. 524-3), the Declaration of Gregory Robinson ("Robinson Declaration," Dkt. No. 524-4), the Declaration of Wesley Wong ("Wong Declaration," Dkt. No. 524-5), the Declaration of Jacob Song ("Song Declaration," Dkt. No. 524-6), and the Declaration of Christopher D. Glos ("Glos Declaration," Dkt. No. 524-7). The City argues that it took reasonable steps to preserve data from the cellular phone upon learning that Defendant Blakeman had possession of the phone.

Plaintiffs filed their Reply to the Blakeman Opposition ("Blakeman Reply") and their Reply to the City Opposition ("City Reply") on December 4, 2017. Dkt. Nos. 527-528.

The Court held a hearing for the Motion on December 6, 2017 ("December 6 hearing") and took the matter under submission. Dkt. No. 529.

Having considered the parties' moving and opposing papers and other records in this case, as well as the statements and arguments made during the December 6 hearing, for the reasons set forth below, the Court recommends that Plaintiffs' Motion be granted in part and denied in part as to Defendant Blakeman and denied as to the City.

## II.   BACKGROUND

### A.   Procedural Background

Plaintiffs filed their Complaint on March 29, 2016, against the Lunada Bay Boys, Sang Lee, Brant Blakeman, Alan Johnston, Michael Papayans, Angelo Ferrara, Frank Ferrara, Charlie Ferrara, N.F., City of Palos Verdes Estates, and

Chief of Police Jeff Kepley (collectively, "Defendants").[1]  Dkt. No. 1.  Plaintiffs assert the following causes of action against Defendants: (1) violation of the Bane Act, California Civil Code § 52.1(b), against the Lunada Bay Boys and Individual Defendants; (2) public nuisance pursuant to California Civil Code §§ 3479 and 3480 against the Lunada Bay Boys and Individual Defendants; (3) violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, pursuant to 42 U.S.C. § 1983, against City Defendants; (4) violation of the Privileges and Immunities Clause of Article IV of the United States Constitution, pursuant to § 1983, against City Defendants; (5) violation of various provisions of the California Coast Act against Defendants; (6) assault against the Lunada Bay Boys and Individual Defendants; (7) battery against the Lunada Bay Boys and Individual Defendants; and (8) negligence against the Lunada Bay Boys and Individual Defendants.  *See id.* ¶¶ 43-106.

Plaintiffs allege that the Individual Defendants and other members of the Lunada Bay Boys have unlawfully interfered with Plaintiffs' usage and enjoyment of Lunada Bay, located in the Palos Verdes Estates area.  *See* Compl. ¶¶ 15-26. Plaintiffs allege that Lunada Bay is well-known in the surfing world for localism, a practice whereby resident surfers attempt to exclude outsiders through threats, intimidation, and violence.  *See id.* ¶ 17.  Plaintiffs allege that Plaintiff Spencer visited Lunada Bay on two occasions in January and February 2016, and was verbally harassed, threatened, and physically injured by members of the Lunada Bay Boys.  *Id.* ¶ 21.  Plaintiff Reed visited Lunada Bay on January 29, 2016, February 5, 2016, and February 13, 2016, and was allegedly harassed by the Lunada Bay Boys.  *Id.* ¶¶ 22-26.  Plaintiffs allege that members of the Lunada Bay

---

[1]  Defendant N.F. was dismissed from this action without prejudice on July 27, 2017.  Dkt. No. 297.  The Court will refer to Defendants Lee, Blakeman, Johnston, Papayans, Angelo Ferrara, Frank Ferrara and Charlie Ferrara collectively as the "Individual Defendants."

1    Boys coordinate their attacks on visitors by, among other actions, communicating
2    via text message group chats, email, mobile phones, and other electronic devices.
3    *See id.* ¶¶ 18, 47, 59.  Plaintiffs additionally allege that the City knowingly allows
4    the Lunada Bay Boys to exclude non-residents from Lunada Bay.  *Id.* ¶ 62.

5            On July 11, 2016, Plaintiffs' claims pursuant to the Privileges and Immunities
6    Clause and the California Coast Act were dismissed with prejudice by the District
7    Judge.    *See* Dkt. No. 84.   On February 21, 2017, the District Judge denied
8    Plaintiffs' motion for class certification.  *See* Dkt. No. 225.

9            The parties have been involved in a number of discovery disputes before the
10   undersigned, starting in November 2016.  *See, e.g.,* Dkt. Nos. 141, 151, 212, 217.
11   The Court has permitted the parties to contact the Court for discovery disputes so
12   that, when possible, disputes can be resolved informally without extensive briefing.
13   *See, e.g.*, Dkt. No. 212 (directing the parties to contact the Court's Courtroom
14   Deputy Clerk to schedule a telephonic conference if the parties are unable to reach
15   a resolution through meet and confer efforts).

16   **B.    Factual Background**

17          i.    <u>The City's Disaster District Program Phones</u>

18          The City has a community based disaster preparedness and response program
19   known as the Palos Verdes Estates Disaster District Program ("DDP").   Herrera
20   Decl. ¶ 3.   The City is divided into six Disaster Districts, each equipped with a
21   cache of equipment and supplies to support volunteer community responders.
22   Herrera Decl. ¶ 4.   The equipment includes 55 Samsung flip-phones.  *Id.*  The
23   Disaster District Program is run by resident volunteers under the guidance of the
24   City's Emergency Services Coordinator.  Herrera Decl. ¶¶ 2-3.  Each district is led
25   by a resident volunteer, who is issued several of the 55 flip-phones to either
26   distribute among the district's volunteers or to be collectively maintained with other
27   emergency supplies.  Herrera Decl. ¶ 6.  Each lead volunteer is provided a bag with
28   immediate emergency supplies, including a flip-phone.  Herrera Decl. ¶ 7.  The

DDP phones are to be used only in the event of an emergency. *Id.* The lead volunteer is requested to provide the City with a roster identifying the assignment of any of the DDP flip-phones to volunteer members. *Id.*

       ii.      <u>Service of the Complaint, Rule 26(f) Meeting, and Discovery Requested from the City and Defendant Blakeman</u>

      Both Defendant Blakeman and the City were served with the Complaint on April 14, 2016. *See* Dkt. Nos. 15, 18. On June 8, 2016, Plaintiffs sent document preservation letters to both Defendant Blakeman and the City. Wolff Decl. ¶¶ 2, 3 & Exs. 1, 2.

      The parties held a Rule 26(f) meeting on August 5, 2016. Franklin Decl. ¶ 2; Joint Rule 26(f) Statement, Dkt. No. 106, at 2. Counsel for Defendant Blakeman and the City were present at the meeting. Franklin Decl. ¶ 2; Joint Rule 26(f) Statement at 3. During this meeting, counsel for Plaintiffs warned that e-discovery, including texts stored on phones, would be relevant and critical to Plaintiffs' claims. Franklin Decl. ¶ 3. Plaintiffs' counsel also cautioned counsel for the Defendants that their clients may be inclined to destroy evidence. *Id.*

      On September 12, 2016, Plaintiff Reed served her First Set of Requests for the Production of Documents on Defendant Blakeman. Wolff Decl. Ex. 3. The requests sought, among other things, any text messages amongst anyone who surfs, or has surfed, Lunada Bay referring or related to Lunada Bay, any documents referring or relating to any Plaintiff, and any texts or records of phone calls with Charles Mowatt. Wolff Decl. Ex. 3. Defendant Blakeman served his responses on October 4, 2016. Wolff Decl. Ex. 4. Defendant Blakeman responded to these requests that, with the exception of certain videos, he was not in possession of any responsive documents after a reasonable search and diligent inquiry. *Id.*

      On October 20, 2016, Plaintiffs served the City with Requests for the Production of Documents. Wolff Decl. Ex. 11. The requests sought, among other things, documents referring or related to any Plaintiff, any Defendant, Christopher

Taloa, the Bay Boys, and the Rock Fort.  *Id.*  The City served its responses on November 21, 2016, and indicated that it would produce responsive documents to these requests.  Wolff Decl. Ex. 12.

On November 21, 2016, Plaintiffs deposed Defendant Blakeman.  Wolff Decl. ¶ 5 & Ex. 5.  At his deposition, Defendant Blakeman testified that he uses a "flip phone" that was provided by the City.  Wolff Decl. Ex. 5 at 7-8.  In response to a question regarding whether he receives texts on his phone, Defendant Blakeman responded, "from my wife and stuff, yes."  *Id.* at 9.  Counsel for the City were present at the deposition and learned at that time that a City-owned phone was in Defendant Blakeman's possession as part of the Disaster District Program. Wolff Decl. Ex. 5 at 5-6; City Opp'n at 4 n.2; Glos Decl. ¶ 10.

### iii.   Recovery of the DDP Phone from Defendant Blakeman

In early 2017, the City conducted an audit of its phone bills.  Best Decl. ¶ 3; Robinson Decl. ¶ 3.  The audit revealed that one of the DDP phones had excessive billing charges.  *Id.*  The DDP phone roster did not identify the user of that phone. Best Decl. ¶ 4; Robinson Decl. ¶ 3.  A further investigation was undertaken and it was determined that Defendant Blakeman had possession of that DDP phone (hereinafter, "the DDP Phone").  Best Decl. ¶ 4; Robinson Decl. ¶ 5.  The City had not issued the DDP Phone to Defendant Blakeman, and the lead volunteer had not informed the City that the DDP Phone had been assigned to Defendant Blakeman. Herrera Decl. ¶¶ 8-9.  The City thus had no record that Defendant Blakeman had the DDP Phone until January 2017.  Herrera Decl. ¶ 9.

On or about January 12, 2017, the City contacted Defendant Blakeman and recovered the DDP Phone.  Herrera Decl. ¶ 10; Best Decl. ¶ 5; Robinson Decl. ¶¶ 6-7.  The DDP Phone was imaged by the City's digital forensic consultant on February 7, 2017.  Wong. Decl. ¶¶ 3-4.  Except for when the DDP Phone was retrieved for imaging, the City of Palos Verdes Police Department's Custodian of ///

Records has maintained the DDP Phone since its recovery.  Wong Decl. ¶¶ 3, 7-8; Williams Decl. ¶¶ 2-6; Best Decl. ¶¶ 7-9.

A copy of the available data on the DDP Phone was sent to the City's lawyers on February 13, 2017.  Wong Decl. ¶ 9.  The City's lawyers reviewed the data sometime prior to April 12, 2017, and there was no information responsive to Plaintiffs' written discovery.  Glos Decl. ¶ 2.

iv.     Plaintiffs' Requests for Defendant Blakeman's DDP Phone Records

Plaintiffs received the billing records for Defendant Lee's cellular phone on May 5, 2017.  Wolff Decl. ¶ 13.  The records revealed at least four text messages exchanged between Defendant Lee and Defendant Blakeman: two on March 25, 2016 and two on April 12, 2016.  Wolff Decl. ¶ 13 & Ex. 15.

On May 25, 2017, Plaintiffs sent a letter to counsel for the City and Defendant Blakeman regarding text messages and phone bills for the DDP Phone. Wolff Decl. ¶ 16 & Ex. 17.

Defendant Blakeman's counsel raised privacy objections to the City producing the DDP Phone data to Plaintiffs.  Glos Decl. ¶ 3.  The City arranged for Defendant Blakeman's counsel to review the data, after which Defendant Blakeman withdrew his objections.  *Id.*  On June 1, 2017, the City produced data from the DDP Phone.  Wolff Decl. ¶ 18; Glos Decl. ¶ 3.

On June 23, 2017, Plaintiffs received the billing records for the DDP Phone. Wolff Decl. ¶ 19 & Ex. 19.  Although the billing records provide the total number of texts sent and received for the billing period, they do not provide details for individual text message communications as they do for voice calls.  *Id.*  The billing records show 24 voice calls between the DDP Phone and Defendant Lee's phone, as well as 47 voice calls between the DDP Phone and purported Lunada Bay Boy Charles Mowatt's phone, that were not identified in the DDP Phone data.  City Opp'n at 6-7; Glos Decl. ¶ 7 & Ex. 1.  Plaintiffs requested that the City make the physical DDP phone available for examination and the City agreed to do so upon

1    reasonable request.  Glos Decl. ¶ 5.  Plaintiffs have not followed up on this request.

2    Glos Decl. ¶ 6.

3          v.      Defendant Papayans' Phone Records

4          On August 8, 2017, Plaintiffs filed their Motion for Administrative Relief

5    Pursuant to FRCP 56(d) ("Rule 56(d) Motion").  Dkt. No. 397.  The Rule 56(d)

6    Motion was based in part on Defendant Papayans' refusal to produce his cellular

7    phone data.  *See id.*  On September 12, 2017, the Court ordered Defendant

8    Papayans to produce responsive cellular records that were produced to his criminal

9    defense attorney by the prosecution in his pending criminal matter.  Dkt. No. 452.

10         Plaintiffs received over 500 pages of records from Defendant Papayans on

11   October 2, 2017.  Wolff Decl. ¶ 20.  These records included a number of previously

12   unproduced text messages received by Defendant Blakeman on the DDP Phone,

13   including messages that were exchanged on February 5 and 7, 2016 that appear to

14   relate to Plaintiffs' allegations.  *Ex Parte* Application at 3; Wolff Decl. Ex. 9 at MP

15   00188-189, MP 00212, MP 00219-222, MP 00224-00226.   For example, one

16   message is from the City Manager about the "local surfing situation," sent to Mr.

17   Mowat, Defendant Blakeman and Defendant Papayans.  Wolff Decl. Ex. 9 at MP

18   00188-189.  Plaintiffs initiated their meet-and-confer efforts for the instant Motion

19   upon receiving Defendant Papayans' production.  *Ex Parte* Application at 3.

20                        **III.   LEGAL STANDARD**

21         Spoliation is the destruction or significant alteration of evidence, or the

22   failure to preserve evidence, in pending or reasonably foreseeable litigation.

23   *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051-

24   52 (S.D. Cal. 2015) (citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995,

25   1001 (9th Cir. 2002)).  The standard of proof for spoliation in the Ninth Circuit

26   "appears to be by a preponderance of the evidence."  *Ramos v. Swatzell*, Case No.

27   ED CV 12-1089-BRO (SPx), 2017 WL 2857253, at *5 (C.D. Cal. June 5, 2017);

28   *see also* Compass Bank, 104 F. Supp. 3d at 1052-53.

Federal Rule of Civil Procedure 37(e) governs the loss of electronically stored information.  Rule 37(e) applies "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery."  The advisory committee notes to the 2015 Amendment provide that the amended rule "forecloses reliance on inherent authority or state law to determine when certain measures should be used" for failure to preserve electronically stored information.  Fed. R. Civ. P. 37(e), Committee Notes on Rules—2015 Amendment ("Committee Notes").

The common-law duty to preserve continues to apply even under Rule 37(e). *See* Committee Notes.  "A party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence." *Compass Bank*, 104 F. Supp. 3d at 1051.  This is an objective standard that asks not whether the party in fact reasonably foresaw litigation, but whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation. *ILWU-PMA Welfare Plan Board of Trustees v. Connecticut General Life Insurance Co.*, No. C 15-02965 WHA, 2017 WL 345988, at *4 (N.D. Cal. Jan. 24, 2017).  "When litigation is 'reasonably foreseeable' is a flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry." *Security Alarm Financing Enterprises, L.P. v. Alarm Protection Technology*, Case No. 3:13-cv-00102-SLG, 2016 WL 7115911, at *3 (D. Alaska Dec. 6, 2016) (quoting *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011)).

To satisfy Rule 37(e), the electronically stored information must have been lost "because a party failed to take reasonable steps to preserve it."  The Committee Notes advise that courts "should be sensitive to the party's sophistication with regard to litigation in evaluating preservation efforts," and party resources.

Rule 37(e) authorizes two tiers of sanctions for spoliation, both of which apply only if information should have been preserved in the anticipation or conduct of litigation, a party failed to take reasonable steps to preserve the information, information was lost as a result, and the information could not be restored or replaced by additional discovery.  *See* Committee Notes.

Under Rule 37(e)(1), upon a finding of prejudice to another party from loss of the information, a court may employ measures "no greater than necessary to cure the prejudice."  Rule 37(e)(1) does not place a burden of proving or disproving prejudice on one party or the other.  *See* Committee Notes.  Curative measures under subdivision (e)(1) must not have the effect of measures permitted under subdivision (e)(2).  *Id.*

If a court finds that the spoliating party "acted with the intent to deprive another party of the information's use in the litigation," Rule 37(e)(2) permits a court to impose harsh sanctions, including presuming that the lost information was unfavorable to that party, instructing the jury that it may or must presume the information was unfavorable to that party, dismissing the action, or entering a default judgment.  However, finding an intent to deprive does not require a court to adopt any of the measures listed in subdivision (e)(2).  *Id.*  "Rule 37(e) intentionally leaves to the court's discretion exactly what measures are necessary." *Matthew Enter., Inc. v. Chrysler Grp. LLC*, 2016 WL 2957133, at *3 (N.D. Cal. May 23, 2016).

Rule 37(e)(2) does not prohibit a court from allowing the parties, as a measure under subdivision (e)(1), to present evidence to the jury concerning the loss and likely relevance of information and instructing the jury that it may consider that evidence, along with all the other evidence in the case, in making its decision. *See* Committee Notes.

///

///

11

# IV.   DISCUSSION

## A.   Evidence at Issue and Applicability of Rule 37(e)

Plaintiffs and Defendant Blakeman do not dispute that the four text messages exchanged between Defendant Blakeman and Defendant Lee on March 25, 2016 and April 12, 2016 have not been produced.  Mem. at 7; Blakeman Opp'n at 3. These parties also do not dispute that these four text messages are now "lost" for the purposes of Rule 37(e).  Mem. at 7; Blakeman Opp'n at 3.

The contents of the four unrecoverable text messages were electronically stored on cellular phones.  As such, the Court will apply Rule 37(e) to the loss of this evidence.

The Court finds that Rule 37(e)'s requirement that the electronically stored information "cannot be restored or replaced through additional discovery" is satisfied for the four text messages exchanged between Defendant Lee and Defendant Blakeman.  Defendant Lee has confirmed that the content of the text messages are unrecoverable, *see* Dkt. No. 458, and the text messages were not recovered by the City's imaging of the phone. *See* City Opp'n at 5, 14-15.

Although there were additional text messages exchanged between Defendant Blakeman and Defendant Papayans that were not recovered from the DDP Phone, because Plaintiffs have been able to replace these text messages through additional discovery, sanctions are not warranted under Rule 37(e) in relation to these text messages.  *See* Committee Notes ("If the information is restored or replaced, no further measures should be taken.").

The parties dispute the relevance of the four unrecoverable text messages. Plaintiffs assert that text message communications between and among Defendants are critical to Plaintiffs' allegations that Defendants conspired to exclude Plaintiffs and others from accessing and enjoying a public space, and the conspiracy is executed via phone calls, text message, email, and other forms of communication. Mem. at 16.   The City asserts that Defendant Blakeman's testimony at his

1  deposition that he only received text messages from his wife indicate that the DDP

2  Phone was irrelevant.  City Opp'n at 10.

3       The Court finds that the text messages at issue constitute evidence that

4  should have been preserved under Rule 37(e).  The text messages were exchanged

5  between codefendants.  Plaintiffs' Complaint alleges that the Individual Defendants

6  coordinate their attacks on visitors by, among other actions, communicating via text

7  messages on their mobile phones.  *See* Compl. ¶¶ 18, 47, 59.  Text messages

8  exchanged between codefendants that Plaintiffs recovered from other sources

9  contain communications that appear to be relevant to the action, supporting

10  Plaintiffs' position that these four text messages exchanged between codefendants

11  would also likely be relevant.  *See* Dkt. 468-6; Wolff Decl. Ex. 9 at MP 00188-189,

12  MP 00212, MP 00219-222, MP 00224-00226.  Plaintiffs have sufficiently

13  established the potential relevance of the lost text messages.

**B.  The City**

     i.  <u>Duty to Preserve</u>

16       Plaintiffs assert that, at the latest, the City's duty to preserve responsive

17  information attached on April 14, 2016, when the City was served.  Mem. at 14.

18  Plaintiffs contend that from that date, the City had an obligation to preserve

19  potentially relevant evidence under its control, including the DDP Phone.  Mem. at

20  15-16.

21       The City contends that it was not aware that the DDP Phone was in

22  Defendant Blakeman's possession until his deposition, and no duty to preserve

23  attached even as a result of Defendant Blakeman's deposition because his testimony

24  indicated that the DDP Phone was irrelevant.  City Opp'n at 10.  At the December 6

25  hearing, the City asserted that its duty to preserve attached in April or May 2017

26  when Defendant Lee's billing records revealed that communications between

27  Defendant Blakeman and Lee were not captured by the DDP Phone data.

28  ///

The Court finds that the City's duty to preserve any responsive information on the DDP Phone attached on the day of Defendant Blakeman's deposition, that is, November 21, 2016.  The City has presented sufficient evidence to support that it did not know that Defendant Blakeman was in possession of a City-owned phone until Defendant Blakeman's deposition.  The lead volunteer that assigned or gave the DDP Phone to Defendant Blakeman did not report the assignment to the City, and the City did not have a record that one of its DDP phones was in Defendant Blakeman's possession.  Herrera Decl. ¶¶ 8-9.  Therefore, a reasonable and diligent search for responsive information prior to November 21, 2016 would not have revealed that Defendant Blakeman was in possession of the DDP Phone.

The Court is not persuaded by the City's argument that its duty to preserve responsive content on the DDP Phone did not attach until April or May 2017, when Defendant Lee produced his billing records.  Once the City was aware that Defendant Blakeman was in possession of a City-owned phone, it had a duty to preserve any responsive or relevant information on that phone.  The City places great weight on the fact that Defendant Blakeman stated at his deposition that he only texted with his wife.  Defendant Blakeman stated, however, that he received texts on his phone "from my wife and stuff."  Wolff Decl. Ex. 5 at 9.  Defendant Blakeman points to this ambiguity in arguing that he did not testify that he only received texts from his wife.  Blakeman Opp'n at 10.  It would not be reasonable for the City to rely on Defendant Blakeman's ambiguous response to conclude that there would be no responsive or relevant information on that phone for the City to preserve, especially given the allegations in this case regarding Defendants' use of phones to communicate with each other and Plaintiffs' counsel's emphasis on the importance of preserving electronically stored evidence.

For the foregoing reasons, the City's duty to preserve relevant information on the DDP Phone began on November 21, 2016.

///

14

ii.     Reasonable Steps to Preserve

Plaintiffs contend that the City failed to take reasonable steps to preserve the content of the DDP Phone because the City did not make any effort to preserve relevant evidence until the City's production of its contents in June 2017.  Mem. at 14.  Had the City timely complied with its obligation to preserve, Plaintiffs argue the data on the DDP Phone likely would not have been lost.  *Id.* at 16.

The City contends that it took reasonable steps to preserve the electronically stored information when it learned that the DDP Phone was in Defendant Blakeman's possession and potentially relevant to the litigation.  City Opp'n at 11.  At the December 6 hearing, the City argued that even if the duty to preserve attached on November 21, 2016, the City took reasonable steps to preserve data on the DDP Phone given the Court's previous finding that preservation in two months was "relatively quick."  *See also* City Opp'n at 11.  The City asserted that it imaged the phone on February 7, 2017, which is approximately two months after the deposition date, taking into consideration the multiple holidays in between.

The Court concludes that regardless of whether the City took reasonable steps to preserve data on the DDP Phone after the deposition, the four text messages at issue were not lost *because* the City failed to take reasonable steps to preserve them.  *See* Fed. R. Civ. P. 37(e).  At the December 6 hearing, counsel for Defendant Blakeman stated that he reviewed Defendant Blakeman's phone when he drafted responses to Plaintiffs' discovery requests and that there was nothing responsive on the phone at that time.  The responses to the first set of requests were served on October 4, 2016, well before Defendant Blakeman's deposition on November 21, 2016.  Plaintiffs have not presented any argument or evidence that the text messages were lost after November 21, 2016.  Thus the evidence suggests that the text messages at issue were lost before the date of the deposition, that is, before the City's duty to preserve attached.  In addition, the Court cannot conclude that the City's recovery of the DDP Phone on January 12, 2017 and imaging of the

1  DDP Phone on February 7, 2017 constituted a failure to take reasonable steps under
2  Rule 37(e), even if the steps were taken for an unrelated audit.  Plaintiffs have
3  failed to establish the Rule 37(e) threshold requirement that electronically stored
4  information that should have been preserved in the anticipation or conduct of
5  litigation is lost because the City failed to take reasonable steps to preserve it.

6  Because Plaintiffs have not established that the City spoliated evidence, the
7  Court need not consider the parties' arguments as to prejudice and intent to deprive.
8  *See* Committee Notes.  The Court recommends that no sanctions be imposed
9  against the City.[2]

10  **C.    Defendant Blakeman**

11  i.    Duty to Preserve

12  Plaintiffs assert that Defendant Blakeman's duty to preserve arose at the
13  latest by April 14, 2016.  Mem. at 14.  At the December 6 hearing, Plaintiffs
14  asserted that the duty to preserve attached earlier, on April 1, 2016, when
15  Defendant Blakeman had a telephone conversation with Defendant Frank Ferrara.

16  Defendant Blakeman contends that his duty to preserve began on April 14,
17  2016, the date of service, because there is no evidence to suggest that he was aware
18  of the lawsuit before he was served.  Blakeman Opp'n at 4.

19  _____

20  [2] The City requests attorneys' fees pursuant to Federal Rule of Civil Procedure
21  37(a)(5)(B).  City Opp'n at 16.  Plaintiffs' motion was not brought as a motion to
   compel under Rule 37(a), and the City does not offer any support or argument as to
22  the applicability of Rule 37(a)(5)(B) to the denial of a Rule 37(e) motion.
23  However, even under Rule 37(a)(5)(B), the Court finds that Plaintiffs' motion was
   substantially justified.  It appears that certain facts were not available to Plaintiffs
24  until the briefing for this motion.  For example, it appears that Plaintiffs were not
25  aware of when the City recovered the DDP Phone from Defendant Blakeman and
   when the City imaged the DDP Phone until the City provided this information in its
26  opposition.  Plaintiffs were substantially justified in requesting the Court to make
27  findings regarding the allocation of responsibility for the lost text messages where
   the facts behind the lost text messages were unclear and Plaintiffs did not have the
28  opportunity to probe these facts during discovery.

16

The Court finds that Defendant Blakeman's duty to preserve arose, at the latest, on April 14, 2016, when he was served with the Complaint.[3]  After service, Defendant Blakeman should have been aware of the pending litigation against him and the allegations involving the use of cellular phones, such that he had a duty to preserve relevant information on his cellular phone.

ii.     Reasonable Steps to Preserve

Plaintiffs argue that Defendant Blakeman failed to take any steps to preserve the data on his phone after his duty to preserve attached.  Mem. at 14; Blakeman Reply at 1.  To the extent Defendant Blakeman deleted the text messages before his duty to preserve arose, Plaintiffs contend that the text messages would have been recoverable as long as they were not overwritten, and the sooner one acts to recover deleted data, the more likely it is such an effort will be successful.  Mem. at 14.  Plaintiffs assert that Defendant Blakeman does not argue or submit evidence showing that he routinely deleted text messages upon receipt, supporting their position that the text messages existed at the time he became aware of this litigation.  Blakeman Reply at 2.

Defendant Blakeman contends that because the four text messages at issue all occurred prior to when his duty to preserve attached, the analysis ends there.[4]

---

[3] The Court does not intend for this finding to preclude Plaintiffs from presenting evidence and arguing at trial that Defendant Blakeman was aware of the litigation at an earlier time.

[4] At the December 6 hearing, counsel for Defendant Blakeman stated that there was no evidence Defendant Blakeman even saw these text messages.  However, two of these messages were sent by Defendant Blakeman to Defendant Lee, one each on March 25, 2016 and April 12, 2016.  *See* Wolff Decl. at Ex. 15; *see also* Dkt. No. 470-1 at 14.  On both dates, Defendant Lee sent Defendant Blakeman the first text message, and within minutes, Defendant Blakeman sent Defendant Lee a text message.  *See* Dkt. No. 470-1 at 14.  The Court thus does not find persuasive counsel's argument that Defendant Blakeman may never have seen two text messages that he himself sent to Defendant Lee or two text messages received from Defendant Lee minutes before Defendant Blakeman sent his text messages to Defendant Lee.

1    Blakeman Opp'n at 4.   Additionally, Defendant Blakeman argues that it is

2    completely unreasonable to expect him to immediately retain a forensic expert to

3    conduct a comprehensive and expensive extraction of his phone upon being served

4    with a lawsuit, or to perform evidence preservation measures that were never

5    requested by Plaintiffs.  Blakeman Opp'n at 5.  At the December 6 hearing, counsel

6    for Defendant Blakeman stated that Defendant Blakeman kept the DDP Phone in

7    working order and did nothing to attempt to dispose of the DDP Phone.  Defendant

8    Blakeman also cites to the Committee Notes' advisement that courts should be

9    sensitive to a party's sophistication with regard to litigation in evaluating

10   preservation efforts.  *Id.* at 7.

11          The Court is not persuaded by Defendant Blakeman's argument that he had

12   "no duty to preserve text messages sent prior to being served with this lawsuit."

13   Blakeman Opp'n at 1.  Plaintiffs allege that Defendants communicated with each

14   other to coordinate efforts to exclude outsiders, including on various dates prior to

15   the filing of the lawsuit.  Beginning on April 14, 2016, Defendant Blakeman had a

16   duty to preserve any such communications that were stored on the DDP Phone,

17   regardless of when they may have been created.

18          Although the Court cannot conclude that Defendant Blakeman took

19   affirmative steps to destroy the text messages at issue, Plaintiffs have established

20   that Defendant Blakeman did not take any steps to preserve the contents of the text

21   messages other than keeping the DDP Phone in working order.  The text messages

22   at issue were exchanged less than a month before the duty to preserve attached, and

23   two were exchanged only two days before Defendant Blakeman was served with

24   the Complaint.  Defendant Blakeman then did nothing to preserve text messages

25   with codefendants or other potentially relevant data on his phone until the DDP

26   Phone was recovered by the City in January 2017.  Given this sequence of events,

27   the Court concludes that the contents of the text messages at issue were lost because

28   Defendant Blakeman failed to take reasonable steps to preserve them.

With respect to Defendant Blakeman's argument that he should not be reasonably expected to perform an expensive extraction of his phone upon service of the Complaint, there are other less expensive measures to preserve relevant evidence that Defendant Blakeman could have taken to fulfill his duty to preserve. For example, he could have taken a photograph of the text messages. He could have locked the text messages so that they would not be deleted or overwritten. Or, he could have written down what he recalled about the text messages. Here, Defendant Blakeman did not take any steps to preserve the text messages. The only preservation of data on the DDP Phone occurred after he turned the phone over to the City. The failure to take any steps to preserve the text messages was not reasonable.

The Court thus finds that Plaintiffs have established the threshold requirement of Rule 37(e) that electronically stored information that should have been preserved in the anticipation or conduct of litigation has been lost because Defendant Blakeman failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery.

iii.   Sanctions

The spoliation analysis next turns to whether sanctions are warranted, and, if so, the severity of the measures. The harsh sanctions pursuant to Rule 37(e)(2) are available only upon a finding that Defendant Blakeman acted with the intent to deprive Plaintiffs of their use of the information in the litigation, while only a finding of prejudice to Plaintiffs from loss of the information is required for the Court to order measures "no greater than necessary to cure the prejudice" under Rule 37(e)(1).

a.   *Intent to Deprive*

Plaintiffs argue that Defendant Blakeman failed to preserve evidence after he knew he was a party to the litigation and should have known that Plaintiffs alleged that Individual Defendants and the Bay Boys coordinated the exclusion and

1    harassment of outsiders via cell phone.   Mem. at 17-18.   Plaintiffs assert that

2    Defendant Blakeman's intent to deprive Plaintiffs of the use of relevant evidence

3    can be inferred by his consistent obstruction of the discovery process, including

4    providing misleading discovery responses, untruthful deposition answers, and

5    mischaracterizing evidence in his motion for summary judgment.   Blakeman Reply

6    at 3-4.   Plaintiffs state that Defendant Blakeman has not provided any reason for

7    why the text messages at issue are lost.   *Id.* at 4.

8        Defendant Blakeman argues that Plaintiffs have not offered any argument or

9    evidence that he had the intent to deprive Plaintiffs of the electronically stored

10   information.   Blakeman Opp'n at 8.

11       The Court finds that there is insufficient evidence at this time to find that

12   Defendant Blakeman had the requisite intent to deprive.   There is no evidence that

13   Defendant Blakeman affirmatively deleted the text messages at issue after his duty

14   to preserve arose, or that he failed to preserve the text messages at issue with the

15   intent to deprive Plaintiffs of the use of these text messages.   At this time, the Court

16   finds that Plaintiffs have not offered sufficient evidence to warrant the severe

17   sanctions that may be imposed under Rule 37(e)(2).

18       It would be unfair to expect Plaintiffs to have been able to fully probe

19   spoliation and the intent behind the destruction or failure to preserve evidence when

20   Plaintiffs were unaware that these text messages were unrecoverable at the time of

21   Defendant Blakeman's deposition or that there were other text messages that would

22   be produced by Defendant Papayans that had not been recovered from the DDP

23   Phone.   Plaintiffs should not be precluded from presenting evidence at trial as to

24   whether Defendant Blakeman acted with the intent to deprive Plaintiffs of the use

25   of the evidence at issue.

26           b.   *Prejudice*

27       Because the Court declines to find that the harsh sanctions under Rule

28   37(e)(2) are warranted at this time, the Court turns to whether less severe measures

1    under Rule 37(e)(1) are necessary to cure any prejudice to Plaintiffs from the loss
2    of the evidence at issue.

3         Plaintiffs argue that they did not have the opportunity to inquire into text
4    messages Defendant Blakeman exchanged with Defendants Papayans and Lee at
5    any of their depositions because Plaintiffs only became aware of the existence of
6    these text messages after the depositions.  Mem. at 17.  In addition, Plaintiffs were
7    forced to oppose motions for summary judgment brought by Defendants without
8    this evidence and had to endure additional expense and effort to prepare
9    supplemental oppositions after some of the evidence became available to them.  *Id.*
10   Plaintiffs argue that they will be prejudiced at trial in having to establish their
11   claims without the use of the contents of the four unrecoverable text messages, and
12   without having had the opportunity to depose these Defendants regarding their text
13   conversations.  *Id.*  Finally, Plaintiffs contend that they will be prejudiced at trial
14   because Defendant Blakeman has stated that he intends to question the authenticity
15   of the Papayans production.  Blakeman Reply at 5.

16        Defendant Blakeman contends that Plaintiffs suffered no prejudice.
17   Blakeman Opp'n at 9.  Defendant Blakeman points to the fact that Plaintiffs never
18   asked Defendant Blakeman at his deposition about the February 5, 2016 incident.
19   *Id.*  Defendant Blakeman also asserts that Plaintiffs' contentions regarding his
20   deposition answer and discovery responses are inaccurate and irrelevant to the
21   inquiry for a Rule 37(e) sanctions motion.  *Id.* at 10-11.  Moreover, Defendant
22   Blakeman contends that Plaintiffs never sought production of the DDP Phone itself.
23   *Id.* at 5.

24        The Court finds that Plaintiffs have suffered and will continue to suffer
25   prejudice from the loss of these text messages.  The text messages at issue were
26   exchanged between codefendants in a lawsuit alleging codefendants communicated
27   with each other in furthering their allegedly wrongful acts via text messages on
28   their phones.  The Court finds that Plaintiffs have already been prejudiced in having

21

had to conduct depositions and other discovery and oppose motions for summary judgment without this potentially relevant evidence.  In addition, Plaintiffs will be prejudiced at trial by not being able to present or rely on the contents of these text messages.

Plaintiffs have not inflicted this prejudice on themselves.  Plaintiffs do not dispute that they have not examined the physical DDP Phone.  By the time Plaintiffs became aware that Defendant Blakeman communicated with Defendant Lee on the DDP Phone, the City had possession of the phone and had already imaged it.  The City's forensic analyst states that he used Cellebrite UFED 4PC, one of the leading software tools to extract and preserve mobile device data, to analyze the DDP Phone.  Wong Decl. ¶ 5.  The Cellebrite software is used by most government agencies and considered an industry standard data extraction tool.  *Id.* Mr. Wong states that deleted content from basic flip-phones is commonly not recoverable using standard collection methods.  Wong Decl. ¶ 6.  It thus does not appear that a further examination of the DDP Phone by Plaintiffs using standard methods would have recovered further text messages from the DDP Phone. Therefore, Plaintiffs could not have mitigated or lessened the prejudice by examining the physical DDP Phone themselves.

c.    *Appropriate Sanctions to Cure the Prejudice*

Plaintiffs request as sanctions that the jury be instructed that the spoliated evidence was unfavorable to Defendant Blakeman.  Mem. at 18. Plaintiffs also request that the Court deny Defendant Blakeman's motion for summary judgment. *Id.*    Finally, Plaintiffs request monetary sanctions in the form of Plaintiffs' reasonable attorneys' fees which have been incurred as a direct result of Defendant Blakeman's sanctionable conduct.  *Id.* at 18-19.

Defendant Blakeman contends that no sanctions are warranted.  Blakeman Opp'n at 11.

///

1   With respect to Plaintiffs' requests for denial of Defendant Blakeman's
2   summary judgment motion and an adverse inference instruction, the Court finds
3   that these severe sanctions are not warranted because the Court has not found that
4   Defendant Blakeman acted with the intent to deprive Plaintiffs of the use of the lost
5   evidence in the litigation.

6   In assessing other less severe sanctions, the Court has carefully considered
7   the prejudice to Plaintiffs from loss of the text messages at issue and recommends
8   that monetary sanctions be imposed.

9   The Court recommends that Defendant Blakeman be ordered to pay
10  monetary sanctions in the form of reasonable attorneys' fees incurred by Plaintiffs
11  in bringing their Motion against Defendant Blakeman.

12  Plaintiffs also have not been able to sufficiently explore and develop the
13  record regarding spoliation.   Defendant Blakeman's deposition took place in
14  November 2016, before Plaintiffs were aware of any issues regarding lost
15  communications between codefendants.  It would not be fair to expect Plaintiffs to
16  have been able to question Defendant Blakeman in depth at his deposition on topics
17  relevant to spoliation, such as when he became aware of the litigation, whether he
18  took reasonable steps after he became aware of the litigation, whether he deleted
19  any of the text messages at issue, and whether there was ever an intent to deprive
20  Plaintiffs of their use of the content of text messages in the litigation.   The Court
21  recommends that Plaintiffs be permitted to depose Defendant Blakeman for a
22  second time, with fees and costs incurred by Plaintiffs in taking the deposition to be
23  shifted to Defendant Blakeman and included in the monetary sanctions award.  It is
24  recommended that Plaintiffs be ordered to submit a declaration and records in
25  support of reasonable attorneys' fees and costs within thirty days of any Order

26

27

28

23

accepting this Report,[5] and Defendant Blakeman be ordered to file any response within fourteen days of that submission.

Finally, the Court recommends that Plaintiffs be permitted to present evidence and argument at trial concerning what evidence was destroyed, when Defendant Blakeman had notice of the litigation, and Defendant Blakeman's intent with regard to the destruction of the evidence. Although the Court declines to recommend as a sanction at this time that an adverse inference jury instruction be given at trial, the Court notes that, depending on the sufficiency of Plaintiffs' evidence at trial regarding intent, the District Court may decide at trial whether to give an adverse inference instruction. *See* Committee Notes. Alternatively, if the intent finding is left for the jury, the District Court may instruct the jury that it may infer from the loss of the information that it was unfavorable to the party that lost it only if the jury first finds that the party acted with the intent to deprive another party of the information's use in litigation. *See id.*

## V.   **RECOMMENDATION**

For the reasons discussed above, **IT IS RECOMMENDED** that the District Court issue an Order approving and accepting this Report and Recommendation, and ordering that Plaintiffs' Motion for Sanctions against Defendants Brant Blakeman and the City of Palos Verdes Estates be granted in part and denied in part as follows:

(1) Plaintiffs be granted monetary sanctions against Defendant Blakeman, in an amount to be determined at a later date by the Magistrate Judge after further submissions by the parties;

///

///

---

[5] The Court recommends that the declaration be due thirty days from any Order adopting the Report to allow Plaintiffs to schedule and take the additional deposition and include those fees and costs in their declaration.

(2) Plaintiffs be permitted to depose Defendant Blakeman regarding issues relevant to spoliation, with costs and fees incurred by Plaintiffs to be included in the award of monetary sanctions;

(3) At trial, Plaintiffs and Defendant Blakeman be permitted to present evidence and argument related to the unrecoverable text messages exchanged between Defendant Blakeman and Defendant Lee; and

(4) No sanctions be granted against the City.


DATED:  December 13, 2017

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE


## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in Local Civil Rule 72 and review by the District Judge whose initials appear in the docket number.  No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.