**VEATCH CARLSON, LLP**
A Partnership Including Professional Corporations
1055 Wilshire Boulevard, 11th Floor
Los Angeles, California 90017
Telephone (213) 381-2861
Facsimile (213) 383-6370

ROBERT T. MACKEY, State Bar No. 210810
*rmackey@veatchfirm.com*
RICHARD P. DIEFFENBACH, State Bar No. 102663
*rdieffenbach@veatchfirm.com*
JOHN E. STOBART, State Bar No. 248741
*jstobart@veatchfirm.com*

**BUCHALTER, APC**
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017
(213) 891-0700
ROBERT S. COOPER, State Bar No. 158878
*rcooper@buchalter.com*

Attorneys for Defendant,
BRANT BLAKEMAN

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | **CASE NO.: 2:16-CV-2129-SJO-RAO**<br>**Hon. S. James Otero, Ctrm. 10C**<br><br>**DEFENDANT BLAKEMAN'S OBJECTION TO THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON PLAINTIFFS' MOTION FOR SANCTIONS AGAINST DEFENDANT BRANT BLAKEMAN**<br><br>CTRM:    10C<br>           1st Street Courthouse<br><br>**Action Commenced:**    03/29/2016<br>**Discovery Cutoff:**       08/17/2017<br>**Trial Date:**                    Vacated |

---

**DEFENDANT BLAKEMAN'S OPPOSITION TO PLAINTIFFS' RULE 37(e) MOTION**

## I. SUMMARY OF OBJECTION

Plaintiffs brought this motion against Brant Blakeman under Rule 37(e) seeking two substantive sanctions regarding "lost" text messages: (1) the denial of his motion for summary judgment and (2) an adverse inference regarding the contents of the text messages at trial. EFC No. 508-3, Page ID 18035. Plaintiffs also requested attorney's fees for bringing the motion. *Id.*

Under subsection (e)(2), the substantive sanctions plaintiffs requested required an evidentiary showing that Mr. Blakeman had an "intent to deprive" them of the "lost" text messages. Since the moving papers failed to advance any argument or evidence that Mr. Blakeman had such intent, the request for "harsh" sanctions under subsection (e)(2) had no evidentiary support and was frivolous under Rule 11(b)(3).[1]

Plaintiffs were completely unsuccessful in obtaining any of the substantive relief they sought.[2] The Magistrate Judge agreed that there was "no evidence" to support the "harsh" sanctions they expressly requested. Nevertheless, there was a finding of prejudice and a recommendation that other unrequested "measures" be granted to cure the prejudice, *i.e.* a second, all expenses paid deposition of Mr. Blakeman and the right to inquire about the missing texts messages at trial.[3] It is also recommended that Mr. Blakeman pays the attorney's fees related to plaintiffs' otherwise unsuccessful motion. The result, whether intended or unintended, is that the plaintiffs brought this motion just to make Mr. Blakeman pay for it.

---

[1] "The word 'frivolous' does not appear anywhere in the text of the Rule [11]; rather, it is a shorthand that this court has used to denote a filing that is both baseless and made without a reasonable and competent inquiry. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990).

[2] During the hearing, plaintiffs only requested relief in the form of an adverse inference regarding Blakeman's pending summary judgment motion—they sought none of the other measures recommended by the Magistrate Judge.

[3] Defendant contends that the recommendation to "award" these "measures" is both gratuitous and illusory. The granting of a second deposition is gratuitous because it was not requested and the granting of the ability to inquire at trial was illusory because plaintiffs already have right to inquire at trial about any relevant issues, subject to motions in limine. No permission is required.

1
**DEFENDANT BLAKEMAN'S OBJECTION TO JUDGE OLIVER'S RECOMMENDATION**

Mr. Blakeman objects to the recommendation for monetary sanctions, including the cost of his second deposition, if plaintiffs even want to take it. First, plaintiffs should not be rewarded for bringing a motion seeking Rule 37(e)(2) sanctions without any evidentiary support. Second, the motion violated Rule 11. Third, since Rule 37(e)(1) "measures" draw from the court's inherent powers, a finding of "bad faith" is a prerequisite to awarding monetary sanctions. The finding that defendant "failed to preserve" the text messages is not tantamount to a finding of "bad faith" and, therefore, the recommendation that Mr. Blakeman pay monetary sanctions for the motion or his second deposition, if any, is outside of the court's broad, but not unlimited, discretionary powers.

**II. THE MOTION LACKED EVIDENTIARY SUPPORT**

There is no ambiguity regarding what is required to justify the "harsh" sanctions sought by the plaintiffs in filing this motion: they are only available under Rule 37(e)(2), they require a finding of an "intent to deprive," and plaintiffs bear the burden of producing evidence of that intent. Plaintiffs were fully aware of these requirements before filing the motion; all of these requirements were included in the October 20, 2017, report and recommendation denying identical requests for "harsh" sanctions against other defendants. EFC No. 496.

This motion was filed as an ex parte application on October 30, 2017. EFC No. 508. Despite being fully aware of what is required to get the "harsh" subsection (e)(2) sanctions, plaintiffs filed this motion without any argument or evidence supporting the threshold requirement that Mr. Blakeman had the requisite intent to deprive plaintiffs of the four text messages at issue. Pattern and practice show that filing motions (and lawsuits) without evidentiary support is a strategy the plaintiffs are unafraid to deploy. Same is true with plaintiffs' factual arguments.[4]

---

[4] Plaintiffs argue that the intent to deprive could be inferred by plaintiffs' mischaracterization of prior discovery disputes, including the false statement that defendant Blakeman "lied about the existence of relevant texts" and "denied their existence" by responding that he was not in "possession of any documents responsive to this request." See, EFC No. 508-3, Page ID 18022:16-17, EFC No. 527, Fn. 2 and Page ID 19085:13-15. There is no evidence to support these aspersions.

In opposition to the motion, Mr. Blakeman pointed out plaintiffs' fundamental failure to argue and present evidence on the requisite element of intent. No. 538, p. 20:8-10, citing Blakeman Oppo. at 8. The Magistrate Judge agreed that there was "no evidence that Defendant Blakeman affirmatively deleted the text messages at issue after his duty to preserve arose, or that he failed to preserve the text messages at issue with the intent to deprive Plaintiffs of the use of these text messages." ECF No. 538, p. 20:11-15. Considering that plaintiffs' requested "measures" all required this type of evidence, the Magistrate Judge's finding confirms that the motion was brought without evidentiary support.

### III. PLAINTIFFS' MOTION VIOLATED RULE 11(b)(3)

Rule 11(3)(b) requires that "factual contentions have evidentiary support." Given that the motion was void of any evidentiary support for the "harsh" sanctions requested, defendant argued the motion was frivolous under Rule 11. ECF No. 523, Page ID 18793:11-13. However, the Magistrate Judge's report was silent on how seeking "harsh" subsection (e)(2) measures, which requires a preponderance of the evidence, could be brought with a total lack of evidence and not run afoul of Rule 11.

Rule 11 sanctions are "designed to deter dilatory or abusive pretrial tactics" and are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation ..." *Burnette v. Godshall*, 828 F.Supp. 1439, 1447 (N.D. Cal. 1993), citing *Operating Engineers Pension Trust v. A–C Co.*, 859 F.2d 1336, 1344 (9th Cir.1988). Although Rule 11 sanctions can be brought by noticed motion (after a safe-harbor period), the court, on its own initiative, "may order a party to show cause why conduct specifically described in the order has not violated rule 11(b)." *Fed. R. Civ. Proc.*, Rule 11(c)(3). In *Burnette*, the court considered (and granted) Rule 11 sanctions requested in opposition to a frivolous motion. Here, Mr. Blakeman raised the same issue in the same fashion.

Whenever "a Rule 11 violation is found, the court has no discretion to refuse sanctions but only to determine the nature and amount of sanctions imposed."

3
**DEFENDANT BLAKEMAN'S OBJECTION TO JUDGE OLIVER'S RECOMMENDATION**

*Burnette, supra*, at 1447. Here, at the very least, there is a prima facie case for Rule 11 sanctions in that plaintiffs brought a motion under Rule 37(e)(2) without any evidentiary support of the requisite "intent to deprive" element. At the very least, this "part" of the motion was frivolous. "Sanctions shall be imposed whether the pleading or motion is frivolous in whole or in part." *Burnette, supra*, at 1447-48.

## IV. MONETARY SANCTIONS AGAINST BLAKEMAN ARE UNFOUNDED

Although there was no evidence of an intent to deprive, the Magistrate Judge found that Defendant Blakeman "failed to take reasonable steps to preserve" the text messages and that the lost text messages have prejudiced the plaintiffs. ECF No. 538, p. 18:26-28. Accordingly, only subsection (e)(1) remedies were available, which are defined as "measures no greater than necessary to cure the prejudice."

As a threshold issue, it should be noted that Rule 37 expressly allows for monetary sanctions under every subsection except subsection (e). Subsection (e) only allows for "measures" to cure prejudice; there is no mention of "sanctions" in the subsection text. The 2015 Committee Notes never mention monetary sanctions either. Thus, the district court's ability to award monetary sanction must pull from its inherent authority, as recognized in the 2015 Committee Notes:

> New Rule 37(e) replaces the 2006 rule. It authorizes and specifies measures a court may employ if information that should have been preserved is lost, and specifies the findings necessary to justify these measures. It therefore forecloses reliance on inherent authority or state law to determine when certain measures should be used.

It is widely recognized that the district court's "inherent authority" includes sanctions in the form of attorney's fees; however, "[b]efore awarding such sanctions, the court must make an express finding that the sanctioned party's behavior 'constituted or was tantamount to bad faith.'" *Leon v. IDX Systems Corp*., 464 F.3d 951, 961 (9th Cir. 2006), citing *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir.1997). Awarding sanctions under the district court's inherent authority requires a demonstration that the party acted in "bad faith, vexatiously, wantonly, or for oppressive reasons" by "disrupting the litigation or hampering

4
**DEFENDANT BLAKEMAN'S OBJECTION TO JUDGE OLIVER'S RECOMMENDATION**

enforcement of a court order." *Id.* "The bad faith requirement ensures that the district court's exercise of its broad power is properly restrained, and 'preserves a balance between protecting the court's integrity and encouraging meritorious arguments.'" *Id.*

Here, just as there is no evidence that Mr. Blakeman operated with an "intent to deprive," there is no evidence he acted in "bad faith" either. The findings that "Blakeman could have locked the text messages from being deleted or overwritten" on his archaic flip-phone is speculation because no such technical evidence was before the district court. Nobody knows whether the four texts at issue still existed when Mr. Blakeman's duty to preserve arose on April 14, 2016. The fact that two of the text messages at issue were sent two-days prior has no inferential value because the only "evidence" before the court regarding cell phone memory is that it can be automatically overwritten without direction from the user. There is no "evidence" about how Mr. Blakeman's phone operates because the plaintiffs never requested production of the phone nor had it forensically analyzed, despite knowing the phone existed since his deposition on November 21, 2016, and that the text messages at issue existed as early as May 2017. Given Mr. Blakeman's complete lack of tech savvy, there would be no reason for him to write down "what he recalled about the text messages" immediately after being served with the lawsuit.[5]  It would be a mischarge of justice to find Mr. Blakeman in bad faith for not taking the hypothetical steps to preserve the text messages that were developed by the Magistrate Judge in hindsight.

If it is "unfair" to expect plaintiff to have the evidence they need to support a Rule 37(e) motion, it is equally as "unfair" to expect Mr. Blakeman to pay for it. If it is "unfair" to expect plaintiffs to ask relevant questions at deposition on issues raised in their complaint, such as the use of cell phones to coordinate attacks, it would be "unfair" to expect Mr. Blakeman to pay for a redo of his deposition.

---

[5] There is no evidence that Mr. Blakeman knew that cell phones automatically overwrite older text messages, which would give rise to the steps recommended by the Magistrate Judge. Thus, "keeping the DDP Phone in working order" was his effort in preserving the data on the phone. The phone was not destroyed, traded-in, or otherwise made unavailable when production by the city was requested.

Mr. Blakeman submits there is no evidence he acted in "bad faith" regarding the loss of the text messages and, therefore, monetary sanctions in the form of attorney's fees for the motion or costs regarding his second deposition are not warranted.

## V. CONCLUSION

The purpose of plaintiffs' motion was transparent: to seek an adverse inference in lieu of actual evidence to overcome summary judgment. Plaintiffs were unsuccessful in obtaining the express relief they sought and should not be rewarded for their frivolous attempt at obtaining "harsh" measures by ordering Mr. Blakeman to pay for their motion or his subsequent deposition. If sanctions are warranted, they should be assessed against plaintiffs for their violation of Rule 11 in filing a factually unsupported Rule 37(e) motion.

Dated: December 27, 2017        **VEATCH CARLSON, LLP**

By: /s/ John E. Stobart
RICHARD P. DIEFFENBACH
JOHN E. STOBART
Attorneys for Defendant,
BRANT BLAKEMAN