HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
RUSSELL C. PETERSEN, SBN 264245
russ.petersen@hansonbridgett.com
CANDICE P. SHIH, SBN 294251
cshih@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:    (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
LANDON D. BAILEY, SBN 240236
lbailey@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:   (916) 442-3333
Facsimile:    (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone:   (310) 378-8533
Facsimile:    (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT BLAKEMAN'S OBJECTIONS TO MAGISTRATE JUDGE OLIVER'S REPORT AND RECOMMENDATION** |

| | |
|---|---|
| corporation,<br><br>        Plaintiffs,<br><br>  v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>        Defendants. | Complaint Filed: March 29, 2016<br>Trial Date: February 6, 2018 |

## I. INTRODUCTION

In his Objection to Magistrate Judge Oliver's Report and Recommendation (the "Report"), Defendant Blakeman concedes, as he must, that he violated Rule 37(e) by failing to preserve evidence (text messages exchanged between co-defendants) that is now lost and cannot be restored or replaced through additional discovery. Despite his spoliation of evidence and the resulting prejudice to Plaintiffs, he asserts he should not be sanctioned and there should be no consequences. This Court should reject his unfounded "objections" to the Report.

## II. ARGUMENT

### A. Plaintiffs Supported Their Motion With Evidence.

Contrary to Defendant Blakeman's assertion, Plaintiffs submitted evidence with their motion proving that relevant electronically stored information was lost because Blakeman failed to take *any* steps to preserve it. (Dkt. No. 508-1.) Plaintiffs also submitted evidence that Blakeman acted with an intent to deprive Plaintiffs of this evidence. (*Id.*) Ignoring this evidence, Blakeman claims no sanctions are warranted. Blakeman fails to set forth a logical basis for this argument, and in any event, his attempt to reargue his opposition to Plaintiffs' motion do not constitute an "objection." *See Rosado-Gonzalez v. Alejandro Otero Lopez Hosp.*, 836 F.Supp. 2d 48, 51 (D. P.R. 2011) (objections are not a second opportunity to present arguments previously raised).

As to Defendant Blakeman's intent to deprive in particular, Plaintiffs submitted evidence of Blakeman's conduct throughout the discovery process from which an intent to deprive could be inferred. (Dkt. No. 508-1.) Plaintiffs also cited two cases in which courts inferred an intent to deprive based on discovery misconduct. (*See* Dkt. No. 508-1, pp. 13, 15 (citing *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1058 (court found that the party's "obstructionist behavior" amounted to the "willful destruction or loss of evidence") and *Consumer Financial Protection Bureau v. Morgan Drexen, Inc.*, 101 F.Supp. 3d

856, 871 (defendants' intent "strongly suggest[ed]" by discovery conduct).)  Thus, although Judge Oliver ultimately found Plaintiffs' evidence of the requisite intent to deprive "insufficient at this time" (Dkt. No. 538, p. 20), Plaintiffs unquestionably submitted evidence in support of their sanctions motion.  The Court's finding recognized that "[i]t would be unfair to expect Plaintiffs to have been able to fully probe spoliation and the intent behind the destruction or failure to preserve evidence" in light of Defendants' discovery misconduct to date, which is why Judge Oliver recommend giving Plaintiffs the opportunity to further explore the issue of intent and to present such evidence at trial.  (Dkt. No. 538, p. 20.)

Additionally, Blakeman's general assertion that Plaintiffs' motion lacked evidentiary support is not a proper objection.  *See* Fed. R. Civ. P. 72(b)(2); *McCullock v. Tharratt*, 2017 WL 6398611, *1 (S.D. Cal. Dec. 15, 2017) ("[t]he federal rules require specific written objections; generalized or blanket objections do not trigger the *de novo* review requirement"); *Johnson v. Gains*, 2011 WL 765851, *1 (S.D. Cal. Feb. 24, 2011) ("[o]bjections to a report in its entirety do not satisfy" Rule 72(b)(2)'s specificity requirement).  Blakeman's misplaced and general objections should therefore be overruled.

**B.   Blakeman's Rule 11 Sanction Request Is Improper and Meritless.**

The Court should reject Blakeman's request for Rule 11 sanctions against Plaintiffs.  To start, Blakeman bases this request on his unfounded assertion that Plaintiffs failed to provide any evidentiary support for their motion.  As explained above, Plaintiffs submitted evidence in support of their motion.

Moreover, Blakeman's request is procedurally improper.  Where a party seeks sanctions under Rule 11, it must follow the safe harbor process, including service of the motion 21 days before it is filed to enable the other party to withdraw or correct the alleged violation.  Fed. R. Civ. P. 11(c)(2).  And where a party fails to adhere to the mandatory procedure, the motion must be denied.  *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 788-79 (9th Cir. 2001); *Kinney v. Bridge*, 2017 WL 130240, *2

(N.D. Cal. Jan. 13, 2017).  Blakeman did not comply with this process.

Further, to the extent a court enters sanctions on its own initiative under Rule 11(c)(3), "*sua sponte* sanctions should 'be imposed only in situations that are akin to a contempt of court.'"  *Kinney*, 2017 WL 130240 at *2, *citing Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998).  A party requesting an order from the court, by definition, is not a court acting on its own initiative.  Additionally, this Court previously found that "good cause" existed to permit Plaintiffs' motion to be heard and the Magistrate recommended that Plaintiffs' motion be granted in part.  (Dkt. Nos. 520, 538.)  Blakeman has not offered any explanation as to how Plaintiffs' actions are "akin to contempt of court" under these circumstances, nor could he.

Finally, Blakeman's reliance on *Burnette v. Godshall*, 828 F.Supp. 1439 (N.D. Cal. 1993) is misplaced.  The Court in *Burnette* issued Rule 11 sanctions after the plaintiff amended her complaint to add a frivolous RICO claim, noting that "an attorney's responsibility to conduct a reasonable prefiling investigation is particularly important in RICO claims."  *Id.* at 1448.  *Burnette* is inapplicable here.  Whereas in *Burnette*, the plaintiff's frivolous RICO claim was almost immediately dismissed (and required a "particularly important" prefiling investigation), Plaintiffs' motion was factually supported and *granted in part*.

Accordingly, because there is no basis to award Rule 11 sanctions against Plaintiffs, Defendant Blakeman's request should be denied.

### C. The Court Has The Authority To Order Monetary Sanctions Under Rule 37(e)(1).

Defendant Blakeman erroneously contends that the Court cannot award monetary sanctions under Rule 37(e) absent a finding of bad faith.  Federal Rule of Civil Procedure 37(e) was recently amended to specify the "measures a court may employ if [electronically stored] information that should have been preserved is lost."  Fed. R. Civ. P. 37(e), Advisory Committee Note to 2015 Amendment; *see Oppenheimer v. City of La Habra*, 2017 WL 1807596 at *4 (C.D. Cal. Feb. 17,

2017). The Advisory Committee Note explains that, because of these changes, a court may no longer rely on its inherent authority for the imposition of sanctions under this Rule. *Oppenheimer*, 2017 WL 1807596 at *4.

Blakeman acknowledges this change but misunderstands its application, and cites to stale legal authority predating the Rule change. *See* Opp'n at 4:24-26. He surmises that "this district court's ability to award monetary sanctions must pull from its inherent authority," Opp'n at 4:16-17, and that such an award requires a finding of bad faith. *Id*. at 4:22-24. He claims there is no evidence he acted in bad faith, and thus the award of monetary sanctions was in error. But the Rule itself – and not the Court's inherent authority – provides the basis for the Magistrate's ruling, as the Report acknowledges. (Dkt. No. 538 at 10:2-9.)

Under Rule 37(e)(1), courts are not required to make a finding of bad faith or intent before imposing monetary sanctions. *See Matthew Enterprise, Inc. v. Chrysler Group LLC*, 2016 WL 2957133, *3 (N.D. Cal. May 23, 2016). The spoliator's intent to deprive the other party of the use of the information (i.e., bad faith) is only relevant when a court considers sanctions under subdivision (e)(2). *Matthew Enterprise, Inc.*, 2016 WL 2957133 at *3. In other words, sanctions under (e)(1) are appropriate when the court finds prejudice, but not intent. *Id.; see also First Financial Security, Inc. v. Freedom Equity Group, LLC*, 2016 WL 5870218, *2 (N.D. Cal. Oct. 7, 2016).

Moreover, courts may order a "broad" range "of curative measures" under subdivision (e)(1) that are 'entrusted to the court's decision" when evidence that should have been preserved is lost or destroyed. *Oppenheimer*, 2017 WL 1807596 at *11 (internal citations omitted); *see also Matthew Enterprise, Inc.*, 2016 WL 2957133 at *3 ("Rule 37(e) intentionally leaves to the court's discretion exactly what measures are necessary."); Fed. R. Civ. P. 37(e)(1). The only limit upon the "curative measures" a court may impose under Rule 37(e)(1) is that such measures must not have the same effect as those permitted under subdivision (e)(2). Advisory

-4-   Case No. 2:16-cv-02129-SJO (RAOx)
14056581.2   PLTFS.' RESP. TO DEF. BLAKEMAN'S OBJ. TO REPORT AND RECOMMENDATION

Committee Note.  The corrective measures set forth in subdivision (e)(2) do *not* include the imposition of monetary sanctions.  *See* Fed. R. Civ. P. 37(e)(2).  Courts may therefore impose monetary sanctions as a remedy under Rule 37(e)(1), and regularly do so.  *See*, *e.g.*, *Blumenthal Distributing, Inc. v. Herman Miller, Inc.*, 2016 WL 6609208, *26 (C.D. Cal. July 12, 2016 (awarding monetary sanctions in the form of attorney's fees and expenses under Rule 37(e)); *Matthew Enterprise, Inc.*, 2016 WL 2957133 at *5 (awarding sanctions under Rule 37(e)(1) including "reasonable attorney's fees [ ] incurred in bringing this motion.").

Accordingly, after finding that Defendant Blakeman violated Rule 37(e)(1) by his prejudicial spoliation of evidence, Magistrate Judge Oliver properly recommended monetary sanctions against Blakeman as a curative measure.

### III.   CONCLUSION

Blakeman fails to assert a single, valid objection.  His argument that Plaintiffs' request for sanctions under Rule 37(e)(2) lacked evidence is undermined by the docket itself and Judge's Oliver's Report.  Further, his Rule 11 sanctions request is procedurally flawed and unwarranted here, where Plaintiffs' motion was not frivolous and was adequately supported.  Finally, monetary sanctions were properly awarded under Rule 37(e)(1), which does not require a finding of bad faith.  Plaintiffs therefore ask this Court to adopt the Report and Recommendation in full.

DATED:  January 9, 2018                HANSON BRIDGETT LLP

By:   */s/ Samantha D. Wolff*
SAMANTHA D. WOLFF
Attorneys for Plaintiffs