UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>Defendants. | Case No. CV 16-02129-SJO (RAOx)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Plaintiffs' Motion for Sanctions Against Defendants Brant Blakeman and the City of Palos Verdes Estates ("Motion"), the objecting and replying papers, all of the other records and files

herein, and the Report and Recommendation of United States Magistrate Judge filed on December 13, 2017 ("Report").  Further, the Court engaged in a *de novo* review of those portions of the Report to which Defendant Blakeman objected.  The Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

Defendant Blakeman objects to the Report's recommendation that monetary sanctions be awarded to Plaintiffs in the form of attorneys' fees associated with Plaintiffs filing their Motion for Sanctions and for any attorneys' fees and costs that may arise from a second deposition of Defendant Blakeman.  Dkt. No. 541 ("Blakeman Objections") at 2.  Defendant Blakeman argues that because Federal Rule of Civil Procedure 37(e) and the 2015 Committee Notes do not mention sanctions or monetary sanctions, the district court's ability to award monetary sanctions must pull from its inherent authority.  *Id.* at 4.  Defendant Blakeman contends that monetary sanctions pursuant to a district court's inherent authority can only be awarded after an express finding of bad faith, and Defendant Blakeman here did not act in bad faith.  *Id.* at 4-5.

Plaintiffs respond that a court may no longer rely on its inherent authority for the imposition of sanctions under Rule 37(e) pursuant to the Committee Notes to Rule 37(e), and courts are not required to make a finding of bad faith before imposing monetary sanctions. Dkt. No. 543 ("Plaintiffs' Response") at 3-4.  Plaintiffs argue that under Rule 37(e)(1), sanctions are appropriate upon a finding of prejudice, and courts may and regularly impose monetary sanctions under Rule 37(e)(1).  *Id.* at 4-5.

The Court overrules Defendant Blakeman's objection to the Magistrate Judge's imposition of monetary sanctions.  The Advisory Committee Notes to the 2015 Amendment to Federal Rule of Civil Procedure 37(e) provide that the new Rule 37(e) "forecloses reliance on inherent authority or state law to determine when certain measures should be used."  Fed. R. Civ. P. 37(e), Committee Notes on Rules—2015 Amendment ("Committee Notes").  The Committee Notes expressly contradict

Defendant Blakeman's argument that the Court must look to its inherent authority to impose monetary sanctions for Rule 37(e) spoliation.

Additionally, Defendant Blakeman does not object to the Report's finding that Plaintiffs have been prejudiced by the loss of the text messages at issue. Defendant Blakeman only objects to the Report's imposition of monetary sanctions without a finding of bad faith. Under Rule 37(e), upon a finding of prejudice, a court is authorized to employ measures "no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). "The range of measures is quite broad if they are necessary for this purpose," and "[m]uch is entrusted to the court's discretion." Committee Notes. The only express limitation to curative measures under Rule 37(e)(1) is that they "do not have the effect of measures that are permitted under subdivision (e)(2)." *Id.* There is no requirement in Rule 37(e) or the Committee Notes that a court must make a finding of bad faith before imposing monetary sanctions, and district courts have imposed monetary sanctions pursuant to Rule 37(e)(1). *See, e.g., Blumenthal Distributing, Inc. v. Herman Miller*, Case No. ED CV 14-1926-JAK (SPx), 2016 WL 6609208, at *26 (C.D. Cal. July 12, 2016), *adopted in part by* 2016 WL 6901696 (C.D. Cal. Sept. 2, 2016); *Matthew Enterprise, Inc. v. Chrysler Group LLC*, Case No. 13-cv-04236-BLF, 2016 WL 2957133, at *5 (N.D. Cal. May 23, 2016). The Court finds that monetary sanctions and the additional deposition of Defendant Blakeman are appropriate here given the Report's finding of prejudice, to which Defendant Blakeman does not object, and the absence of other measures that could cure the prejudice to Plaintiffs.

Defendant Blakeman also argues that Plaintiffs' request for sanctions under Rule 37(e)(2) has no evidentiary support and is frivolous under Rule 11(b)(3). Blakeman Objections at 2-3. Defendant Blakeman relies on the Report's finding that there is insufficient evidence to establish the intent to deprive. *Id.* at 3.

Plaintiffs respond that they did submit evidence with their motion in support of their argument that Defendant Blakeman acted with the intent to deprive.

3

1 Plaintiffs' Response at 1. Plaintiffs also argue that Defendant Blakeman's assertion
2 that the Motion lacked evidentiary support is not a proper objection. *Id.* at 2.
3 Furthermore, Plaintiffs contend that Defendant Blakeman has not complied with the
4 safe harbor process to properly request sanctions under Rule 11. *Id.* at 2-3.

5       The Court finds that Defendant Blakeman's argument for Rule 11 sanctions is
6 not a proper objection to the Report. Defendant Blakeman does not object to a
7 finding or conclusion of the Report, but rather uses a sentence from the Report in
8 support of his request for Rule 11 sanctions. Moreover, there is no Rule 11 motion
9 before this Court or the Magistrate Judge as Defendant Blakeman has not brought a
10 separate motion or provided time for Plaintiffs to withdraw or correct their motion
11 pursuant to Rule 11(c)(2). Accordingly, there is no part of the Motion or the Report
12 for this Court to review *de novo* in response to this purported objection.

13       The Court also finds that Defendant Blakeman's request for Rule 11 sanctions
14 is without merit. The Court previously found that Plaintiffs "sufficiently alleged
15 issues of spoliation and other behaviors by Defendant that demonstrate good cause
16 for the opportunity to brief these issues in full." Dkt. No. 520. Judge Oliver has now
17 found, and the Court agrees, that Plaintiffs are entitled to monetary sanctions and
18 further discovery as a result of Defendant Blakeman's failure to meet his obligations
19 to preserve relevant evidence. Plaintiffs did not bring their Motion for an improper
20 purpose, and the Motion is neither factually nor legally frivolous. *See* Fed. R. Civ.
21 P. 11(b).

22       For the foregoing reasons, the Court concurs with and ADOPTS the Magistrate
23 Judge's Report and Recommendation. Plaintiff's Motion for Sanctions is
24 GRANTED-IN-PART and DENIED-IN-PART. It is HEREBY ORDERED that
25 Plaintiffs are granted monetary sanctions against Defendant Blakeman, in the form
26 of reasonable attorneys' fees incurred by Plaintiffs in bringing their Motion against
27 Defendant Blakeman. Additionally, Plaintiffs are permitted to depose Defendant
28 Blakeman regarding issues relevant to spoliation, with costs and fees incurred by

Plaintiffs to be included in the award of monetary sanctions. Plaintiffs shall submit a declaration in support of reasonable attorneys' fees and costs within thirty days of the date of this Order, and Defendant Blakeman shall file any response to the declaration within fourteen days of service of Plaintiffs' declaration. The amount of monetary sanctions shall be determined by the Magistrate Judge upon the further submissions by the parties. At trial, Plaintiffs and Defendant Blakeman will be permitted to present evidence and argument related to the unrecoverable text messages. No sanctions are granted against the City of Palos Verdes Estates.

IT IS SO ORDERED.

DATED: February 12, 2018

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE