HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
RUSSELL C. PETERSEN, SBN 264245
russ.petersen@hansonbridgett.com
CANDICE P. SHIH, SBN 294251
cshih@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:  (415) 777-3200
Facsimile:  (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:  (916) 442-3333
Facsimile:  (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone:  (310) 378-8533
Facsimile:  (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**COURT-ORDERED DECLARATION OF SAMANTHA WOLFF IN SUPPORT OF MONETARY SANCTIONS AGAINST DEFENDANT BRANT BLAKEMAN** |

-1-

Case No. 2:16-cv-02129-SJO (RAOx)

14174961.1   DECL. WOLFF SUPP. AWARD OF MONETARY SANCTIONS AGAINST DEF. BLAKEMAN

|   |   |
|---|---|
| | Plaintiffs, |
| | v. |
| | LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, |
| | Defendants. |

I, Samantha Wolff, declare as follows:

1.      I am a Partner with the law firm Hanson Bridgett LLP, counsel of record in this matter for Plaintiffs Cory Spencer, Diana Milena Reed, and the Coastal Protection Rangers, Inc. ("Plaintiffs"). This declaration describes factual circumstances that support Plaintiffs' Motion for Monetary Sanctions against Defendant Brant Blakeman and is submitted in accordance with this Court's December 13, 2017 Report and Recommendation of United States Magistrate Judge on Plaintiffs' Motion for Sanctions Against Defendants Brant Blakeman and City of Palos Verdes Estates (Dock. No. 538), this Court's February 12, 2018 Order Accepting Report and Recommendations (Dock. No. 544), and this Court's February 15, 2018 Minute Order (Dock. No. 546). I have personal knowledge of the matters set forth in this declaration and could and would competently testify to them. All of the matters stated here are known to me personally, unless stated on information and belief; and with regard to those statements, I am informed and

reasonably believe them to be true.

2. My firm and our co-counsel at Otten Law, PC, represent Plaintiffs in this matter on a *pro bono* basis. Since October 1, 2017, attorneys at Hanson Bridgett have expended a total of 159.9 hours in representing Plaintiffs in relation to their motion for sanctions against Defendant Blakeman, which included meeting and conferring with opposing counsel in advance of the motion, drafting the opening and reply briefs for the motion, preparing an ex parte application to have the motion heard and replying to Defendant Blakeman's opposition to same, arguing the sanctions motion in Court, and responding to Defendant Blakeman's Objection to the Report and Recommendation of Magistrate Judge Oliver. I further estimate that my firm would have expended an additional 28 hours preparing for and taking the second deposition of Defendant Blakeman related to issues of spoliation. My firm's fees and costs to date are set forth in detail in **Exhibit 1**, as well as our estimated fees and costs for the anticipated deposition of Defendant Blakeman. Exhibit 1 contains a true and correct chart reflecting all fees and costs related to Plaintiffs' counsel's pursuit of sanctions against Defendant Brant Blakeman. In total, Hanson Bridgett has incurred $82,866.18 to date in fees and costs with respect to Plaintiffs' motion for sanctions against Defendant Blakeman. *See* Ex. 1. Plaintiffs anticipate that their counsel at Hanson Bridgett would have incurred an additional $20,304.60 in fees and costs to depose Defendant Blakeman regarding issues of spoliation. *See id.* Hanson Bridgett's total request for fees and costs related to Plaintiffs' motion for sanctions against Defendant Blakeman is $103,170.78.

3. Hanson Bridgett's co-counsel in this matter, Victor Otten, expended 9.2 hours related to Plaintiffs' motion for sanctions against Defendant Blakeman, amounting to $5,922.50 in fees. Mr. Otten estimates that he would have expended an additional 3 hours assisting in the preparation for Defendant Blakeman's second

1  deposition, amounting to an additional $2,420 in fees.  Otten Law PC's total request
2  for fees[1] related to Plaintiffs' motion for sanctions against Defendant Blakeman is
3  $8,342.50.  A detailed chart setting forth the fees incurred by Otten Law PC, as well
4  as a further explanation of Mr. Otten's efforts related to Plaintiffs' motion and his
5  hourly rate, are set forth in the accompanying Declaration of Victor Otten in Support
6  of Monetary Sanctions Against Defendant Brant Blakeman and Exhibit 1 thereto.

7      4.    In sum, Plaintiffs' counsel's total request for fees and costs related to
8  their motion for sanctions against Defendant Blakeman is $111,513.28.

9      5.    As is reflected in Exhibit 1, my billing rate in 2017 was $525/hour and
10 increased to $555/hour in 2018.  Additionally, as set forth in Exhibit 1 and further
11 detailed below, I was assisted in preparing the sanctions motion by Lisa Pooley and
12 Kurt Franklin, both of whom are partners at Hanson Bridgett.  Both Ms. Pooley and
13 Mr. Franklin's hourly billing rate in 2017 was $575 per hour; their billing rates
14 increased to $605 per hour in 2018.  I was also assisted in the preparation of the
15 sanctions motion by Russell Petersen (Senior Counsel at Hanson Bridgett), Candice
16 Shih (Associate at Hanson Bridgett), Monette Villavicencio and Samantha Hubley
17 (both of whom are Paralegals at Hanson Bridgett).  Mr. Petersen's hourly rate in
18 2018 is $530 per hour (Mr. Petersen did not perform work related to Plaintiffs'
19 sanctions motion in 2017).  Ms. Shih's hourly rate in 2017 was $350 per hour (Ms.
20 Shih did not perform work related to Plaintiffs' sanctions motion in 2018).  Ms.
21 Villavicencio and Ms. Hubley's hourly rate in 2017 was $275 per hour (neither Ms.
22 Villavicencio nor Ms. Hubley performed work related to Plaintiffs' sanctions
23 motion in 2018).

24     6.    Efforts pertaining to recovering sanctions from Defendant Blakeman

---

[1] Otten Law, PC did not incur any costs related to Plaintiffs' motion for sanctions against Defendant Blakeman.

were appropriately staffed by my firm.  I performed much of the work pertaining to drafting the briefs and arguing Plaintiffs' motion, but was assisted by Ms. Pooley and Mr. Franklin, who consulted with respect to strategy and preparation of arguments, and also provided edits, oversight, and assistance as needed.  Ms. Pooley also conducted much of the meet and confer discussions with counsel for Mr. Blakeman.  Mr. Petersen assisted in the preparation of Plaintiffs' response to Mr. Blakeman's objection to Magistrate Judge Oliver's Report and Recommendation.  Ms. Shih conducted research in support of Plaintiffs' motion.  Ms. Villavicencio and Ms. Hubley provided support pertaining to compiling, organizing, and filing the voluminous exhibits in support of Plaintiffs' motion.

7. I have been a litigator practicing in the Bay Area for 12 years; Ms. Pooley has practiced law for 24 years, Mr. Franklin has practiced law for 23 years, Mr. Petersen has practiced law for 16 years, and Ms. Shih has practiced law for 4 years.  Copies of each attorney's biographical information, as published on Hanson Bridgett's website, is attached as **Exhibit 2.**

8. The hourly rates that were charged for the legal services provided are the standard rates.  As a partner of Hanson Bridgett, I am familiar with the way in which our firm sets its standard billable rates.  Hanson Bridgett operates in a highly competitive legal environment.  It reviews and sets attorney billing rates on an annual basis, based on the market information available to it, with an effort to set rates that are equal to or less expensive than other similarly situated and similarly experienced law firms operating in the San Francisco Bay Area.  Those rates are, in turn, tested by market forces, where clients choose lawyers based on their competence, experience and cost-effectiveness.  Hourly rates vary from attorney to attorney based on their level of experience or particular expertise.  Based on my understanding of the market, the rates charged in this matter are reflective of the market value for litigation attorneys and staff with similar skill and experience in the San Francisco Bay Area.

**Background Pertaining to Plaintiffs' Extensive Meet-and-Confer Efforts with Counsel for Defendant Blakeman**

9. On October 2, 2017, Mr. Otten sent a meet and confer letter to counsel for Defendants Papayans, Blakeman, Johnston, Angelo Ferrara, and the City, requesting their participation in a telephonic meet and confer discussion and advised that Plaintiffs intended to file a motion for sanctions under Federal Rule of Civil Procedure 37 as a result of their discovery abuses. A true and correct copy of Mr. Otten's October 2, 2017 letter to counsel for Defendant Blakeman, which I received via email, is attached as **Exhibit 3**.

10. Plaintiffs' counsel subsequently held a telephonic meet-and-confer discussion on October 5, 2017 with counsel for all defendants, with the exception of counsel for Defendant Blakeman. During that call, I explained the basis for Plaintiffs' anticipated sanctions motion.

11. On October 9, 2017, my partner, Kurt Franklin, received a letter from Richard Dieffenbach, counsel for Defendant Blakeman, responding for the first time to Mr. Otten's October 2, 2017 letter. In his letter, Mr. Dieffenbach stated that he was "confused" by Mr. Otten's October 2, 2017 letter. Mr. Dieffenbach further requested a detailed recitation of the basis for Plaintiffs' motion, in writing. A true and correct copy of Mr. Dieffenbach's October 9, 2017 letter, which I received a copy of, is attached as **Exhibit 4.**

12. I responded to Mr. Dieffenbach's letter on October 13, 2017. I explained that "[i]t would have been instructive for [Blakeman's counsel to] participate in the meet-and-confer telephone call on October 5, 2017 . . . [during which time] we discussed the specifics of Plaintiffs' anticipated motion, as well as the evidence that was destroyed by Defendant Blakeman and/or the City of Palos Verdes Estates." I went on to explain the basis for Plaintiffs' anticipated motion and provided specific references to the evidence which Mr. Blakeman failed to produce in the course of discovery. Finally, I invited Defendant Blakeman's counsel to

1  further meet and confer via telephone on October 16, 2017. A true and correct copy
2  of my October 13, 2017 letter is attached as **Exhibit 5.**

3       13.    On Monday, October 16, 2017, Mr. Dieffenbach responded with an
4  eight-page letter demanding that Plaintiffs meet and confer in person. Mr.
5  Dieffenbach also argued that Plaintiffs failed to comply with Local Rule 7-3 and
6  claimed that Plaintiffs' October 13, 2017 letter was a "'half-hearted attempt'" to
7  meet and confer. Mr. Dieffenbach also requested that Plaintiffs provide a significant
8  amount of information before counsel for Defendant Blakeman would agree to an
9  in-person meet and confer. A true and correct copy of Mr. Dieffenbach's October
10 16, 2017 letter is attached as **Exhibit 6.**

11      14.    My partner, Lisa Pooley, responded to Mr. Dieffenbach on October 17,
12 2017 via email. She again invited Mr. Dieffenbach and his co-counsel to meet and
13 confer telephonically, and explained that although an in-person discussion was
14 preferable, it was not required. Ms. Pooley also reminded Mr. Dieffenbach that our
15 office is located in San Francisco, and that numerous pre-motion meet-and-confer
16 discussions in this case had previously occurred telephonically without any
17 objection from counsel for Defendant Blakeman. Ms. Pooley again asked Mr.
18 Dieffenbach to let us know whether he was unwilling to discuss the motion
19 telephonically or when he was available to do so that week. Ms. Pooley also
20 explained the Local Rule under which Plaintiffs' motion would be brought, and sent
21 a clarifying email in that regard approximately one hour later. True and correct
22 copies of Ms. Pooley's October 17, 2017 emails, which I was copied on, are
23 attached as **Exhibit 7.**

24      15.    On October 19, 2017, Mr. Dieffenbach wrote a letter to Plaintiffs
25 stating that Plaintiffs' meet-and-confer correspondence had not explained why
26 sanctions were warranted against his client and threatened to seek monetary
27 sanctions against Plaintiffs and their counsel "for payment of all fees from the time
28 of October 2, 2017 until the time of hearing of any motion caused by plaintiffs and

their counsel actions [sic] as outlined above." A true and correct copy of Mr. Dieffenbach's October 19, 2017 letter is attached as **Exhibit 8.**

16. Ms. Pooley responded via email to Mr. Dieffenbach on October 19, 2017. A true and correct copy of Ms. Pooley's October 19, 2017 email is attached as **Exhibit 9.**

17. Plaintiffs subsequently requested ex parte relief from this Court to file their motion for sanctions, which was granted over Defendant Blakeman's objection. (*See* Dock. Nos. 508, 513, 519, 520.)

### Plaintiffs' Sanctions Motion

18. Plaintiffs' motion for sanctions against Defendants the City of Palos Verdes Estates and Brant Blakeman was fully briefed by the parties and an in-person hearing, per Court order, was held on December 6, 2017. (Dock. Nos. 508, 523, 524, 529.) On December 13, 2017, Magistrate Judge Oliver issued a Report and Recommendation on Plaintiffs' Motion for Sanctions, recommending an Order approving sanctions against Defendant Blakeman and denying sanctions against the City. (Dock. No. 538.)

19. On December 27, 2017, Defendant Blakeman filed objections to Magistrate Judge Oliver's Report and Recommendation, to which Plaintiffs timely responded on January 9, 2018. (Dock. Nos. 541, 543.)

20. Judge Otero accepted Magistrate Judge Oliver's Report and Recommendation on February 12, 2018 and awarded monetary sanctions against Defendant Blakeman in the form of reasonable attorneys' fees incurred by Plaintiffs in bringing their motion against Defendant Blakeman. (Dock. No. 544.)

21. On February 15, 2018, Magistrate Judge Oliver ordered that because Plaintiffs will not be taking further discovery in this action, "Plaintiffs may include in their application for monetary award a reasonable amount that approximates the costs and fees that would have been incurred had Defendant Blakeman's further deposition taken place." (Feb. 15, 2018 Civil Minute Order Re Further Depositions,

Dock. No. 546.)

**Plaintiffs' Estimated Fees and Costs for**

**Defendant Blakeman's Anticipated Deposition**

22. For purposes of estimating costs that Plaintiffs would have likely incurred with respect to the second deposition of Defendant Blakeman, Plaintiffs anticipated that Ms. Pooley would depose Mr. Blakeman in early March, that she would fly from San Francisco International Airport to Burbank Airport, and that she would depart San Francisco the evening before Mr. Blakeman's deposition and return the evening following his deposition (as Ms. Pooley had done when she took the depositions of Messrs. Johnston and Lee). Plaintiffs estimate these costs as follows:

- Airfare: **$454.60**. I calculated this amount by searching United Airlines' website on February 21, 2018 for a roundtrip flight on March 6-7, 2018. This amount is reflective of an Economy-class ticket at the "flexible fare" rate in order to accommodate for unanticipated travel changes in the event of a last-minute cancellation (as was the case with Mr. Blakeman's first deposition) or if Mr. Blakeman's deposition took longer than expected. Attached as **Exhibit 10** is a true and correct copy of a screen shot I printed on February 21, 2018 from United Airlines' website, by way of example, demonstrating the estimated cost of a flight
- Hotel: **$200**
- Ground Transportation: **$90**
- Meals: **$45**
- Deposition Transcript with videographer: **$2,800**

These costs were estimated based upon costs previously incurred by Plaintiffs' counsel for similar deposition travel in this matter. Additionally, Mr. Blakeman's initial deposition cost $3,339.64. Plaintiffs estimated his second

deposition would not last as long as his first deposition and adjusted the estimated cost accordingly (noting, however, that certain costs with respect to depositions are "fixed," including a 2-hour video deposition minimum, per diem charge, and fee per page of exhibits).  A true and correct copy of the invoice for Mr. Blakeman's first deposition is attached as **Exhibit 11.**

23. With respect to Plaintiffs' fees estimate for Defendant Blakeman's second deposition, Plaintiffs had anticipated that Ms. Pooley would conduct the deposition, and would be aided in her preparation by Mr. Petersen.  Plaintiffs further anticipated that Messrs. Franklin and Otten would provide strategic advice and consultation in preparation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 22, 2017, at Walnut Creek, California.

*/s/ Samantha D. Wolff*
Samantha D. Wolff