HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
RUSSELL C. PETERSEN, SBN 264245
russ.petersen@hansonbridgett.com
CANDICE P. SHIH, SBN 294251
cshih@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:  (916) 442-3333
Facsimile:   (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone:   (310) 378-8533
Facsimile:   (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, | CASE NO. 2:16-cv-02129-SJO (RAOx) **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT BLAKEMAN'S MOTION FOR COSTS** |

| | |
|---|---|
| 1 | |
| 2 | Plaintiffs, |
| 3 | v. |
| 4 | LUNADA BAY BOYS; THE |
| 5 | INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but |
| 6 | not limited to SANG LEE, BRANT |
| 7 | BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, |
| 8 | MICHAEL RAE PAPAYANS, |
| 9 | ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, |
| 10 | and N. F.; CITY OF PALOS VERDES |
| 11 | ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative |
| 12 | capacity; and DOES 1-10, |
| 13 | Defendants. |
| 14 | |

**Date**:   April 9, 2018
**Time**:   10:00 a.m.
**Ctrm**.: 10C

Complaint Filed:    March 29, 2016

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT BLAKEMAN'S MOTION FOR COSTS

14211020.1

# **TABLE OF CONTENTS**

Page

I.      INTRODUCTION ....................................................................................... 1

II.     RELEVANT PROCEDURAL HISTORY .................................................. 1

    A.    The Court Found That It Had Subject Matter Jurisdiction Over All Of Plaintiffs' Claims, But Abstained From Hearing The Coastal Act Claim ................................................................................. 1

    B.    Plaintiffs Initiated A State Court Action To Address Their Coastal Act Claims And The State Court Stayed The Case Pending Resolution Of The Federal Case ............................................ 2

    C.    This Court Granted Summary Judgment To The City Defendants, Determined It No Longer Had Admiralty Jurisdiction Over Plaintiffs' State Law Claims, And Declined To Exercise Supplemental Jurisdiction ....................................... 3

    D.    The State Court Lifted The Stay To Allow Plaintiffs To Amend Their State Court Complaint To Allege The Claims That This Court Declined To Hear ....................................................... 3

    E.    Defendant Blakeman Filed An Improper Application To Tax Costs And A Motion For Costs .............................................. 4

III.    RELEVANT FACTS .................................................................................. 4

    A.    Plaintiffs Filed This Civil Rights Case In Federal Court To Overcome The Systemic Localism And Exclusion At Lunada Bay ............................................................................................. 4

    B.    Defendant Blakeman Is A Lunada Bay Boy Who Perpetuates The Localism At Lunada Bay ........................................................ 6

    C.    After Defendant Blakeman Obstructed Basic Discovery, The Court Granted Plaintiffs' Motion To Compel And Their Subsequent Motion For Sanctions ............................................... 6

        1.    The Court Granted Plaintiffs' Motion To Compel Defendant Blakeman To Produce His Videos And Photographs Taken At Lunada Bay ................................... 6

        2.    The Court Sanctioned Defendant Blakeman After Finding That He Violated Rule 37(e) By Losing Or Destroying Evidence .............................................................. 7

IV.     ARGUMENT .............................................................................................. 9

    A.    The Court Should Deny Defendant Blakeman's Untimely Motion Due To His Failure To Follow Court's Rules ............................ 9

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT BLAKEMAN'S MOTION FOR COSTS

14211020.1

B.   Even If The Court Considers His Motion, It Would Be Unfair And Inequitable To Award Costs To Defendant Blakeman ............... 10

    1.   The Court Should Not Award Costs To Defendant Blakeman Because He Is Not A Prevailing Party ..................... 11

    2.   The Exigent Circumstances Of This Case Weigh Against Awarding Defendant Blakeman Costs ....................................... 12

        a.   A Cost Award To Defendant Blakeman Is Not Warranted In This Important Civil Rights Action .......... 12

        b.   Defendant Blakeman's Culpable Behavior Makes An Award Of Costs To Him Unjust ............................... 13

    3.   Plaintiffs' Proper Invocation Of Federal Jurisdiction Militates Against An Award Of Costs To Defendant Blakeman .............................................................................. 14

    4.   Costs Can And Should Be Awarded At The Conclusion Of The Pending State Court Action ...................................... 15

C.   In Any Event, The Court Should Not Award Defendant Blakeman Expenses That Are Not Recoverable As "Costs" ............... 16

    1.   $1,435.00 for filing fees (Dkt. 555, p. 1.)........................... 16

    2.   $8,584.99 for forensics work (Dkt. 555, pp. 27-29.)................. 17

    3.   $755.04 for reporter's transcripts ................................. 17

        a.   $312.18 (Dkt. 555, p. 49.) ................................. 17

        b.   $422.86 (Dkt. 555, p. 50.) ................................. 17

    4.   $1,283.75 for videotapes of depositions ....................... 18

        a.   $258.75 Diana Milena Reed (Dkt. 555, p. 33.)............... 18

        b.   $252.50 Diana Milena Reed (Dkt. 555, p. 36.)............... 18

        c.   $772.50 Brant Blakeman  (Dkt. 555, p. 37.) ................. 18

    5.   $288.42 for expedited deposition transcript of Angelo Ferrara (Dkt.  555, p. 31.) ........................................ 18

V.   CONCLUSION ...................................................... 19

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT BLAKEMAN'S MOTION FOR COSTS

14211020.1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Association of Mexican-American Educators v. State of California*,
231 F.3d 572 (9th Cir. 2000) ................................................................ 12

*Brown v. Board of Educ.*,
347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954) ............................... 13

*Buchanan Bd. and Care Homes v. West Virginia Dept. of Health and
    Human Services*,
532 U.S. 598 (2001) ...................................................................... 11, 12

*Burford v. Sun Oil Company*,
319 U.S. 315 (1943) ............................................................................. 2

*Callicrate v. Farmland Indus., Inc.*,
139 F.3d 1336 (10th Cir. 1998) ..................................................... 15, 16

*Hygienics Direct Co. v. Medline Industries, Inc.*,
33 F. App'x. 621 (3d Cir. 2002) ................................................... 10, 15

*Otay Land Co. v. United Enterprises Ltd.*,
672 F.3d 1152 (9th Cir. 2012) ........................................ 10, 11, 12, 15

*Stanley v. Univ. of S. California*,
178 F.3d 1069 (9th Cir. 1999) ...................................................... 12, 13

**Statutes**

28 U.S.C. § 1333 ....................................................................................... 2

28 U.S.C. § 1367 ....................................................................................... 2

28 U.S.C. § 1919 ............................................................................. *passim*

28 U.S.C. § 1920 ................................................................................. 10, 16

42 U.S.C. § 1983 ....................................................................................... 1

Cal. Civil Code § 52.1(b) .......................................................................... 1

Cal. Civil Code § 3479 ............................................................................................ 1

Cal. Civil Code § 3480 ............................................................................................ 1

F.R.C.P. 11 ............................................................................................................... 8

F.R.C.P. 26(f) ........................................................................................................... 7

F.R.C.P. 37(e) .................................................................................................. 7, 8, 14

F.R.C.P. 45(d) ......................................................................................................... 10

F.R.C.P. 54 ............................................................................................................. 17

F.R.C.P. 54(d) .................................................................................................... 4, 11

F.R.E. 801 .............................................................................................................. 13

**Other Authorities**

L.R. 7-3 .................................................................................................................... 9

L.R. 45-3.5 ............................................................................................................. 18

L.R. 54 ................................................................................................................... 17

L.R. 54-1 ........................................................................................................... 4, 11

L.R. 54-2.3 .............................................................................................................. 4

L.R. 54-3.4 ............................................................................................................ 17

L.R. 54-3.12 .......................................................................................................... 17

L.R. 54-11 ............................................................................................................... 9

U.S.D.C., Central District *Bill of Costs Handbook* (2017) ..................... 11, 16, 17, 18

# I.     INTRODUCTION

This Court should deny Defendant Blakeman's Motion for Costs for several reasons.  As a preliminary matter, the motion is untimely and procedurally improper and should be dismissed on that basis alone.  Even if considered, however, the Court should not award costs to Defendant Blakeman because he is not a prevailing party and the circumstances of this case would make an award of costs to him unfair and inequitable.  Finally, even if the Court decides to award costs to Defendant Blakeman, the amount should be significantly reduced from what he requests because he seeks costs that are not recoverable even by a prevailing party.

# II.     RELEVANT PROCEDURAL HISTORY

**A.     The Court Found That It Had Subject Matter Jurisdiction Over All Of Plaintiffs' Claims, But Abstained From Hearing The Coastal Act Claim**

On March 29, 2016, Plaintiffs Cory Spencer, Diana Milena Reed, and the Coastal Protection Rangers, Inc. ("Plaintiffs") filed this action against the Lunada Bay Boys ("LBB"); the individual members of the Lunada Bay Boys, including Sang Lee, Brant Blakeman, Alan Johnston, Michael Rae Papayans, Angelo Ferrara, Frank Ferrara, Charlie Ferrara, and N.F. (the "Individual Defendants"), the City of Palos Verdes Estates (the "City"), and Chief of Police Jeff Kepley.  (Dkt. 1.)  Plaintiffs asserted eight causes of action:  (1) violation of the Bane Act, California Civil Code section 52.1(b) against LBB and Individual Defendants ("Bane Act Claim"); (2) public nuisance pursuant to California Civil Code sections 3479 and 3480 against LBB and Individual Defendants ("Nuisance Claim"); (3) violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, pursuant to 42 U.S.C. section 1983, against the City and Chief Kepley (together "City Defendants") ("Equal Protection Claim"); (4) violation of the Privileges and Immunities Clause of Article IV of the United States Constitution, pursuant to Section 1983, against City Defendants ("P&I Claim"); (5) violations of various provisions of the California Coastal Act against all Defendants ("Coastal

-1-

Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT BLAKEMAN'S MOTION FOR COSTS

14211020.1

1   Act Claim"); (6) assault against LBB and Individual Defendants ("Assault Claim");

2   (7) battery against LBB and Individual Defendants ("Battery Claim"); and (8)

3   negligence against LBB and the Individual Defendants ("Negligence Claim").

4   (Dkt. 39-2, ¶¶ 43-106.)  Plaintiffs asserted that the Court had subject matter

5   jurisdiction over Individual Defendants under 28 U.S.C. section 1333 (admiralty or

6   maritime jurisdiction), Article III, section 2 of the United States Constitution, and 28

7   U.S.C. section 1367 (supplemental jurisdiction).  ( *Id*. at ¶¶ 11-12.)

8          On June 3, 2016, City Defendants filed a Motion to Dismiss ("City Motion"),

9   asking the Court to dismiss the three causes of action brought against them:  (1) the

10  Equal Protection Claim; (2) the P&I Claim; and (3) the Coastal Act Claim.

11  (Dkt. 30.)  On July 11, 2016, the Court denied the City Motion as to the Equal

12  Protection Claim.  (Dkt. 84.)  The Court granted the City Motion with respect to the

13  P&I Claim.  (*Id*.)  Lastly, based on *Burford v. Sun Oil Company*, 319 U.S. 315

14  (1943), the Court declined supplemental jurisdiction as to City Defendants and

15  abstained from hearing the Coastal Act Claim, stating it raised complex or

16  controversial matters of State law.  (*Id*.)

17         Also in June 2016, Individual Defendants Johnston, Blakeman, Papayans,

18  Angelo Ferrara, and N.F. filed motions to dismiss for lack of subject matter

19  jurisdiction.  (Dkts. 41-43, 72.)  The Court denied the motions, finding that it had

20  admiralty jurisdiction over Plaintiffs' tort claims against Individual Defendants.

21  (Dkt. 88, pp. 5-8.)  The Court also ruled that, even if it lacked admiralty jurisdiction,

22  it nevertheless had supplemental jurisdiction over Plaintiffs' state law claims.  (*Id*. at

23  pp. 8-9.)

24  **B.    Plaintiffs Initiated A State Court Action To Address Their Coastal Act
        Claims And The State Court Stayed The Case Pending Resolution Of**

25  **    The Federal Case**

26         On August 4, 2016, after this Court declined to hear Plaintiffs' Coastal Act

27  Claims, Plaintiffs filed a state court lawsuit against all Defendants on the Coastal

28  Act Claims.  (Pooley Dec., ¶ 4.)  On September 7, 2018, the state court stayed the

-2-

14211020.1

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT BLAKEMAN'S MOTION FOR COSTS

1   state court action, pending the outcome of this case.  (*Id*. at ¶ 5.)

2   **C.      This Court Granted Summary Judgment To The City Defendants,
            Determined It No Longer Had Admiralty Jurisdiction Over Plaintiffs'
3           State Law Claims, And Declined To Exercise Supplemental Jurisdiction**

4           In July 2017, City Defendants and Individual Defendants filed motions for

5   summary judgment.  (Dkt. 268, 274, 278, 279, 283-286.)  On February 12, 2018, the

6   Court granted the City Defendants' Motion for Summary Judgment.  (Dkt. 545.)  At

7   the same time, the Court revisited the issue of its jurisdiction over Individual

8   Defendants.  The Court recognized the evolution of the case, including the denial of

9   class certification and a narrowing of issues and evidence presented, and concluded

10  that it no longer had admiralty jurisdiction over Plaintiffs' state law claims.

11  (Dkt. 545, p. 18.)  The Court found it a "more difficult question" as to whether it

12  should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims

13  against Individual Defendants.  (*Id*. at pp. 18-19.)  Among other factors, the Court

14  observed that Plaintiffs' claims "consider matters that have been deemed of great

15  concern to local governments and media outlets" and recognized that "there is

16  already a co-pending action in state court." (*Id*. at p. 19.)  Ultimately, the Court

17  declined supplemental jurisdiction in favor of resolution of the state law claims in

18  state court.  (*Id*.)

19          On February 20, 2018, the Court entered Judgment in favor of City

20  Defendants.  (Dkt. 548.)  The Court did *not* award costs to Individual Defendants,

21  including Defendant Blakeman.  (*Id*.)

22  **D.      The State Court Lifted The Stay To Allow Plaintiffs To Amend Their
            State Court Complaint To Allege The Claims That This Court Declined
23          To Hear**

24          On March 12, 2018, at Plaintiffs' request, the state court lifted the stay of the

25  state court action to allow Plaintiffs to amend their complaint.  (Pooley Dec., ¶ 5.)

26  Plaintiffs intend to file an amended complaint in the state court action to add the

27  state claims against the individual defendants over which the federal court declined

28  to exercise supplemental jurisdiction.  (*Id*.)

**E.    Defendant Blakeman Filed An Improper Application To Tax Costs And A Motion For Costs**

On March 6, 2018, Defendant Blakeman filed the instant motion, requesting that the Court award him costs pursuant to 28 U.S.C. section 1919.  (Dkt. 554.)  In his motion, Defendant Blakeman did not claim to be a prevailing party entitled to costs under Rule 54(d) of the Federal Rules of Civil Procedure.  Nor did he request that the Court determine that he is a prevailing party, as allowed by Local Rule 54-1, which provides that:  "When a case is dismissed or otherwise terminated voluntarily, the Court may, upon request, determine the prevailing party."[1]

Also on March 6, 2018, Defendant Blakeman filed an Application to the Clerk to Tax Costs.  (Dkt. 555.)  On March 9, 2018, Plaintiffs timely filed Objections to Defendant's Costs Application.  (Dkt. 558.)  Disregarding Court Rules, Defendant Blakeman did not file a timely response.  *See* L.R. 54-2.3 (providing that party applying for costs has three days to respond to filed objections).  Rather, on March 16, 2018, without offering any excuse or explanation, he filed his Response to Plaintiffs' Objections – four (4) days after the deadline.  (Dkt. 560.)

## III.    RELEVANT FACTS

**A.    Plaintiffs Filed This Civil Rights Case In Federal Court To Overcome The Systemic Localism And Exclusion At Lunada Bay**

Plaintiffs brought this civil rights action to secure lawful, safe, and secure access to Lunada Bay for all visitors to the City of Palos Verdes Estates.  (Dkt. 545, p. 3.)  They did so in the face of systemic localism and exclusion.  (*Id*. at p. 6.)  For example, a City Community Services Officer admitted that the Lunada Bay Boys

---

[1]  Defendant Blakeman's filing of his costs motion under Section 1919 and not under Rule 54(d) is consistent with his counsel's repeated statements, during the parties' meet-and-confer discussion before he filed the motion, that he was not claiming to be entitled to costs as a prevailing party.  (*See* Pooley Dec., ¶ 6.)

1  did not want outsiders using Lunada Bay and that if an outsider is "uncomfortable,

2  you know, then don't do it." (*Id*. at p. 7.)  As further example, a City resident stated

3  that many residents "like it segregated" and "do not want people coming to our

4  neighborhood." (*Id*. at p. 6.)

5       Plaintiff Cory Spencer grew up in southeast Los Angeles County – more than

6  20 miles to the nearest surfing beach – and has surfed for over 30 years.  Plaintiff

7  Spencer has been employed by the City of El Segundo as a police officer for 18

8  years. (Dkt. 159-4, ¶¶ 1, 2.)  He drove past Lunada Bay approximately 8-10 times

9  over the course of several decades but was always too fearful of becoming a victim

10  of localism to surf there. (*Id*. at ¶ 5.)  He finally mustered the courage in January

11  2016 to surf at Lunada Bay, only to be harassed and attacked by Bay Boys,

12  including Defendant Blakeman. (*See, e.g., id*. at ¶¶ 8, 12-16.)  He brought this case

13  to "gain public access and to stop the culture of bullying." (Pooley Dec., ¶ 8, Ex. F,

14  33:13-18.)  To him, this case is about:

15       public access and not being unwelcome or not being harassed when you
        go [to Lunada Bay] to enjoy the earth, you know, the ocean.  It's about
16      anybody who wants to use that part of the coastline to be able to go use
        it without being bullied and have their stuff destroyed and be injured.
17      That's what it's about. (*Id*. at 37:3-11.)

18       Plaintiff Diana Reed is an avid beachgoer and first learned to surf in 2014.

19  (Dkt. 159-5, ¶¶ 1, 5.)  Being a relative newcomer to surfing, Ms. Reed did not know

20  what to expect in terms of experiencing localism at Lunada Bay. (*Id*.)  Ms. Reed

21  visited Lunada Bay on several occasions in January and February 2016, and was

22  harassed by Bay Boys, called names, assaulted and battered. (*Id.* at ¶¶ 8-27.)  In

23  bringing this lawsuit, she was "seeking first and foremost public access to Lunada

24  Bay for all beachgoers." (Pooley Dec., ¶ 7, Ex. E, 89:14-16.)  She hoped that:

25       anyone from any race, any ethnicity, any, you know – any level of
        income, just anyone should be able to go there without being harassed,
26      without being scared, without feeling that they're being intimidated,
        without being videotaped by everyone, being told that you're not
27      welcome. (*Id*. at 90:10-18.)

28

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT BLAKEMAN'S MOTION FOR COSTS

14211020.1

Plaintiff Coastal Protection Rangers, Inc., (CPR) is a non-profit public benefit corporation whose mission is dedicated to ensuring public access to the California coast.  (Dkt. 329, at No. 3.)  Beach access is central to CPR's mission.  (*Id.* at No. 7.) CPR has diverted resources to achieve open access for all at Lunada Bay, and if it were not for the illegal exclusivity by the Bay Boys, these resources could be used for other important CPR projects related to coastal access.  (*Id.* at No. 11.)

**B.     Defendant Blakeman Is A Lunada Bay Boy Who Perpetuates The Localism At Lunada Bay**

Defendant Blakeman participated in the harassment of Plaintiff Reed and filmed his and Defendant Johnston's interactions with Ms. Reed at close range. (Dkt. 329, at No. 73 [referencing Reed Dep. at 170:12-171:5].)  Defendant Blakeman also used his camera to harass and intimidate Plaintiff Spencer and his group of visitors while on the bluffs at Lunada Bay.  (*Id.* at No. 67 [referencing Spencer Dep. at 144:21-25], No. 70 [referencing Spencer Dep. at 259:24-260:24].)

**C.     After Defendant Blakeman Obstructed Basic Discovery, The Court Granted Plaintiffs' Motion To Compel And Their Subsequent Motion For Sanctions**

**1.     The Court Granted Plaintiffs' Motion To Compel Defendant Blakeman To Produce His Videos And Photographs Taken At Lunada Bay**

Early during discovery in this matter, Plaintiffs served Defendant Blakeman with a request for the production of videos and photographs taken at Lunada Bay. (Dkt. 183, at 2:1-2 & Ex. 1-c.)  Defendant Blakeman refused to produce these items before his November 2016 deposition, but confirmed during his deposition that he possessed approximately 10 memory cards containing video footage of Lunada Bay. (*Id.* at 2:3-10 & Exs. 1-d and 1-f [Blakeman Dep. at 17:12-24; 18:7-23; 26:10-11; 25:3-10, 25; 26:1-2].)

After his deposition, Defendant Blakeman maintained his refusal to produce his memory cards with videos and photographs of Lunada Bay.  On January 4, 2017, after extensive (and costly) meet-and-confer efforts by Plaintiffs' counsel, the parties

Case No. 2:16-cv-02129-SJO (RAOx)

14211020.1

submitted a Joint Statement regarding Plaintiffs' motion to compel Blakeman's production of these materials.  (Dkt. 183.)

On January 25, 2017, the Court ordered Defendant Blakeman to produce all of his photos and videos of Lunada Bay and people surfing Lunada Bay from December 2013 to the present.  (Dkt. 212, at 3.)  The Order required the parties to meet and confer regarding:  (1) selection of a third-party forensic examiner or expert, (2) a protocol to describe the procedure for the forensic examiner to follow, and (3) a timeline for the work to occur.  (*Id.*)  Contrary to Defendant Blakeman's assertion (*see* Dkt. 554 at 7:15-16), he selected the third-party forensic examiner.  (Dkt. 231 at 2:11-12 ("Defendant Blakeman has selected San Diego Digital Forensics as the third-party forensic expert"); *see also* Dkt. 228 at 2:17-18 (Defendant Blakeman's Proposed Order Regarding Plaintiffs' Motion to Compel Production, indicating that "Defendant Blakeman has selected San Diego Digital Forensics as the third-party forensic expert.").  The Court also ordered that "**<u>Defendant Blakeman</u>** shall bear the cost of the third party vendor."[2]  (Dkt. 231 at 4:9-10, emphasis in original.)

### 2. The Court Sanctioned Defendant Blakeman After Finding That He Violated Rule 37(e) By Losing Or Destroying Evidence

On April 14, 2016, Defendant Blakeman was served with the Complaint.  (Dkt. 15.)  In June 2016, he received a document preservation letter and, at the parties' Rule 26(f) meeting on August 5,  2016, he was warned (through counsel) that e-discovery, including texts stored in phones, would be relevant and critical to Plaintiffs' claims.  (Dkt. 538, at 6:6-15.)  Plaintiffs also cautioned Defendants' attorneys that their clients may be inclined to destroy evidence.  (*Id.*)

In September 2016, Plaintiffs served Defendant Blakeman with a Request for

---

[2]  Although Plaintiff testified that he had approximately 10 memory cards containing Lunada Bay images, when ordered to produce them, he actually turned over 30 memory cards to the forensics vendor.  (Pooley Dec., ¶ 3, Ex. A.)

Production of Documents.  (*Id*.)  Simultaneously, Plaintiffs served similar document requests on the other Individual Defendants.  Review of Defendant Lee's cellular phone records indicated Defendant Blakeman had exchanged at least four text messages with Defendant Lee, but neither of them had produced those texts in discovery (despite a request for production seeking this information).  (*See id*. at 8:8-11, 12:8-10.)  Plaintiffs also received Defendant Papayans' cellular phone records, which included a number of previously unproduced text messages received by Defendant Blakeman that were related to Plaintiffs' allegations.  (*Id*. at 9:10-14.)

Upon discovering that Defendant Blakeman had failed to produce a number of relevant text messages, Plaintiffs filed a motion for sanctions under Rule 37(e) of the Federal Rules of Civil Procedure. The Court granted the motion, having determined that "the text messages at issue constitute evidence that should have been preserved under Rule 37(e)." (Dkt. 538, at 13:3-11.)  The Court found that the missing messages were likely to contain relevant messages because other text messages exchanged between codefendants and recovered from other sources contained relevant communications.  (*Id*.)  The Court further determined that "the contents of the text messages at issue were lost because Defendant Blakeman failed to take reasonable steps to preserve them." (*Id*. at 18:26-28.)  Indeed, the Court found that Blakeman failed to take *any* steps to preserve his text messages.  (*Id*. at 19:10-11.)  Accordingly, the Court imposed monetary sanctions on Defendant Blakeman, permitted further discovery on the subject of spoliation, and held that Plaintiffs would be permitted to present evidence and argument at trial on the subject of his spoliation.[3]  (*Id*. at 23-24; *see also* Dkt. 544, at 4-5.)

/ / /

/ / /

---

[3]  In granting the motion, the Court rejected Defendant Blakeman's spurious argument that Plaintiffs should be sanctioned under Rule 11 for filing their motion. (Dkt. 538, 544.)

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT BLAKEMAN'S MOTION FOR COSTS

14211020.1

## IV.   ARGUMENT

**A.   The Court Should Deny Defendant Blakeman's Untimely Motion Due To His Failure To Follow Court's Rules**

Even as Defendant Blakeman seeks an award of costs on an *equitable* basis, he flouts this Court's rules.  To start, his motion is untimely.  Pursuant to Local Rule 54-11, Defendant Blakeman had 14 days from the date Judgment was entered in which to file a motion for costs under 28 U.S.C. section 1919.  This Court entered Judgment in this matter on February 20, 2018.  (Dkt. 548.)  Thus, Defendant Blakeman had until March 6, 2018 to file his costs motion.

Defendant Blakeman failed timely to file his motion.  This Court's Standing Order provides:  "The deadline to e-file a document is 4:00 p.m.; any document e-filed after 4:00 p.m. will be deemed filed on the next court day."  (Dkt. 9, p. 2; January 11, 2017, Revised CV Standing Order for Judge S. James Otero, Ex. A, p. A-2.)  Defendant Blakeman e-filed the instant motion on March 6, 2018, at 4:20 p.m.  (Dkt. 554.)  Because Defendant Blakeman e-filed his motion after 4:00 p.m. on March 6, 2018, it is deemed filed on March 7, 2018.  Thus, his costs motion is untimely under Local Rule 54-11.

Additionally, Defendant Blakeman failed to comply with Local Rule 7-3, which requires parties to meet and confer about contemplated motions at least seven (7) days prior to the filing of the motion.  (L.R. 7-3.)  This Court's Standing Order provides:  "Filings not in compliance with L.R. 7-3 will be denied."  (Dkt. 9, p. 10; January 11, 2017, Revised CV Standing Order for Judge S. James Otero, Ex. A, p. A-11.)

On Friday afternoon, March 2, 2018, at 2:47 p.m., Defendant Blakeman's counsel requested a meet and confer discussion about a contemplated motion for costs.  (Pooley Dec., ¶ 6, Ex. C.)  On Tuesday, March 6, 2018, counsel for Defendant Blakeman and Plaintiffs discussed the contemplated motion   (Pooley Dec., ¶ 6.)  Later that same afternoon, Defendant Blakeman e-filed his motion for

-9-

1  costs.  (Dkt. 554.)  Thus, Defendant Blakeman did not meet and confer with

2  Plaintiffs about his contemplated motion seven (7) days in advance of filing his

3  costs motion.  Indeed, he did not even *request* a meet-and confer discussion with

4  Plaintiffs seven (7) days prior to filing his motion.

5       Given Defendant Blakeman's failures to file a timely motion and to comply

6  with the Local Rules, the Court should deny his motion.

7  **B.    Even If The Court Considers His Motion, It Would Be Unfair And
        Inequitable To Award Costs To Defendant Blakeman**

8

9       The Court should exercise its discretion not to award costs to Defendant

10  Blakeman following its declination to exercise supplemental jurisdiction over

11  Plaintiffs' state law claims.  Pursuant to 28 U.S.C. section 1919:  "Whenever any

12  action or suit is dismissed in any district court, the Court of International Trade, or

13  the Court of Federal Claims for want of jurisdiction, such court *may* order the

14  payment of just costs."  28 U.S.C. section 1919 (emphasis added).  Unlike an award

15  of costs under Rule 45(d) of the Federal Rules of Civil Procedure and 28 U.S.C.

16  section 1920, there is no presumption that costs will be awarded under 28 U.S.C.

17  section 1919.  *See Otay Land Co. v. United Enterprises Ltd*., 672 F.3d 1152, 1157

18  (9th Cir. 2012) (stating that under Section 1919, costs should not be presumed solely

19  because they were incurred); *Hygienics Direct Co. v. Medline Industries, Inc*., 33 F.

20  App'x. 621 (3d Cir. 2002) (recognizing that there is no presumption that costs will

21  be awarded under Section 1919).  Thus, district courts have discretion whether or

22  not to award costs when an action is dismissed for lack of jurisdiction.

23       Determining whether to award costs under Section 1919 involves a two-step

24  analysis:  (1) whether an award of costs is just and equitable and (2) if so, the

25  appropriate amount of costs.  *Otay Land Co.*, 672 F.3d at 1157.  In deciding whether

26  to make an award of costs under Section 1919, a district court "should consider what

27  is most fair and equitable under the totality of the circumstances."  *Id*.  District

28  courts may consider a number of factors.  *Id*.

-10-

14211020.1

As the Ninth Circuit instructs, the "most important" consideration is that Section 1919 "stands in stark contrast to costs under Rule 54(d)," which carries a presumption that costs will be awarded. *Id.* The mere fact that courts have the authority to award costs when a case is dismissed for lack of jurisdiction "does not mean that costs are mandated." *Id.* at 1158. District courts also may consider: (a) the role played by exigent circumstances, such as hardship or culpable behavior by the parties; (b) the strength of the plaintiff's jurisdictional claim; and (c) the significance of pending parallel litigation in state court. *Id.* at 1158-59.

Under the totality of circumstances in this case, it would be unfair and inequitable to award costs to Defendant Blakeman.

**1.      The Court Should Not Award Costs To Defendant Blakeman Because He Is Not A Prevailing Party**

Most significantly, Defendant Blakeman did not contend in his motion that he is a prevailing party, nor did he request that the Court determine that he is a prevailing party pursuant to Local Rule 54-1. (Dkt. 554.) Presumably Defendant Blakeman did not request that the Court determine that he is the prevailing party because he has not prevailed in any sense. He has not received a decision in his favor on the merits or any relief from the Court. *See Buchanan Bd. and Care Homes v. West Virginia Dept. of Health and Human Services*, 532 U.S. 598, 603-04 (2001) (defining a prevailing party as one who has been awarded some relief from the court, such as an enforceable judgment on the merits or a court-ordered consent decree, which creates a "material alteration of the legal relationship of the parties").

Moreover, Local Rule 54-1 provides:

The prevailing party is entitled to reasonable costs incurred during the proceedings. **No costs are allowed unless a party qualifies as, or is determined by the Court to be, the prevailing party.** (Local Rule 54-1.)

(Central District *Bill of Costs Handbook* (2017), p. 1, emphasis added.)

Because Defendant Blakeman is not a prevailing party, the Court should

1  exercise its discretion to not award him costs.[4]  *Otay Land Co.*, 672 F.3d at 1157.

2  **2.    The Exigent Circumstances Of This Case Weigh Against Awarding Defendant Blakeman Costs**

3

4        **a.    A Cost Award To Defendant Blakeman Is Not Warranted In This Important Civil Rights Action**

5        As this Court recognized, Plaintiffs brought this civil rights action to secure

6  lawful, safe, and secure access to Lunada Bay for all visitors to the City of Palos

7  Verdes Estates (the "City").  (Dkt. 545, p. 3.)  They did so in the face of systemic

8  localism and exclusion.  (*Id.* at p. 6.)  For example, a City Community Services

9  Officer admitted that the Lunada Bay Boys did not want outsiders using Lunada Bay

10 and that if an outsider is "uncomfortable, you know, then don't do it."  (*Id.* at p. 7.)

11 As further example, a City resident stated that many residents "like it segregated"

12 and "do not want people coming to our neighborhood."  (*Id.* at p. 6.)  This Court

13 further recognized that Plaintiffs' claims in this case "consider matters that have

14 been deemed of great concern to local governments and media outlets."  (*Id.* at

15 p. 19.)

16        In important civil rights cases, such as this, the Ninth Circuit has found cost

17 awards not warranted - even where the defendant was a prevailing party.  *See*

18 *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079 (9th Cir. 1999) (finding that

19 district court abused its discretion when failing to re-tax costs of $46,710.97

20 awarded to defendants, in part, because of the "chilling effect of imposing such high

21 costs on future civil rights litigants"); *Association of Mexican-American*

---

22 [4]  In his Response to Plaintiffs' Objections to his Application to the Clerk to Tax

23 Costs, Defendant Blakeman belatedly requested that the Court determine that he is a

24 prevailing party.  (Dkt. 560.)  Such a request was not made in this motion and

25 cannot be raised for the first time on reply.  Even if Defendant Blakeman attempts to

26 change the basis of his motion on reply and the Court considers it, however, such a

27 request should be denied because he has not obtained an enforceable judgment on

28 the merits or a court-ordered consent decree such that there has been a material

alteration of the legal relationship of the parties.  *See Buchanan*, *supra*, 532 U.S. at

603-04.

Case No. 2:16-cv-02129-SJO (RAOx)

14211020.1

1   *Educators v. State of California*, 231 F.3d 572 (9th Cir. 2000) (finding district court

2   did not abuse its discretion in refusing to award costs to prevailing defendant in civil

3   rights action).  An award of costs especially is not warranted where, as here,

4   Plaintiffs (two individuals and a non-profit organization) have limited financial

5   resources.[5]  *Stanley*, 178 F.3d at 1079 (stating that district courts "should consider

6   the financial resources of the plaintiff and the amount of costs in civil rights cases").

7        There is no question that Plaintiffs' action against Defendant Blakeman raised

8   important questions and that these questions have not been answered yet.  As the

9   Ninth Circuit appreciates:  "Without civil rights litigants who are willing to test the

10  boundaries of our laws, we would not have made much of the progress that has

11  occurred in this nation since *Brown v. Board of Educ.*, 347 U.S. 483, 74 S.Ct. 686,

12  98 L.Ed. 873 (1954)."  *Id.* at 1080.  To avoid a chilling effect on future civil rights

13  litigants and especially given that Plaintiffs' claims have not been decided on the

14  merits yet, the Court should exercise its discretion to deny a costs award to

15  Defendant Blakeman.

16        **b.    Defendant Blakeman's Culpable Behavior Makes An Award Of Costs To Him Unjust**

17

18        Moreover, notwithstanding Defendant Blakeman's unwarranted attacks on

19  Plaintiffs and their counsel,[6] he ignores his own behavior that led to this lawsuit, as

20  well as his behavior during the course of this litigation.  As discussed above,

21  Defendant Blakeman contributes to the localism and the harassment of visitors to

22

23  [5]  Ms. Reed is unemployed.  (Pooley Dec., ¶ 7, Ex. E at 23:12-13.)

24  [6]  During her deposition in this matter, Ms. Reed learned that she had been sued for
    fraud in connection with her ex-husband's business dealings and was unaware of any
25  judgment entered against her for fraud.  (Dkt. 214, Ex. 2, pp. 198:25-200:23.)  See
    also Pooley Dec., ¶ 1 (declaring that Plaintiffs' counsel are handling this matter on a
26  pro bono basis).  Plaintiffs' also object to the alleged statement of Plaintiffs' counsel
    Victor Otten, provided in Richard Dieffenbach's Declaration at page 9, lines 19-20,
27  on the grounds that it is inadmissible hearsay.  (Dkt., 554; F.R.E. 801.)

28

-13-

Case No. 2:16-cv-02129-SJO (RAOx)
PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT BLAKEMAN'S MOTION FOR COSTS

14211020.1

Lunada Bay.  (Dkt. 329, at No. 73 [referencing Reed Dep. at 170:12-171:5]; No. 67 [referencing Spencer Dep. at 144:21-25] No. 70 [referencing Spencer Dep. at 259:24-260:24].)  Further, Defendant Blakeman required a Court Order to compel his compliance with basic discovery requests and attendance at his own deposition.  (Dkts. 141, 183, 212, 231.)  Thereafter, the Court sanctioned Defendant Blakeman for violating Rule 37(e) of the Federal Rules of Civil Procedure, after he lost or destroyed relevant discovery in the form of text messages between the individual defendants.  (Dkt. 538, 544.)  Thus, Defendant Blakeman's culpable and obstructionist behavior makes an award of costs to him unjust.

Given the challenges to Plaintiffs in bringing this important civil rights action and Defendant Blakeman's wrongful behavior, the Court should not award him costs.

### 3.  Plaintiffs' Proper Invocation Of Federal Jurisdiction Militates Against An Award Of Costs To Defendant Blakeman

Plaintiffs properly invoked federal jurisdiction over their state law claims at the outset of this case.  In their initial complaint, Plaintiffs alleged the Equal Protection Claim, the P&I Claim, and the Coastal Act Claim against City Defendants.  (Dkt. 39-2.)  Plaintiffs also alleged the Bane Act Claim, Nuisance Claim, Coastal Act Claim, Assault Claim, Battery Claim, and Negligence Claim against Individual Defendants.  (*Id*.)  The Court agreed that admiralty jurisdiction was proper over Plaintiffs' state law tort claims against Individual Defendants and that supplemental jurisdiction also existed over these state law claims.  (Dkt. 88, pp. 5-9.)

Only recently when granting summary judgment to the City, which was after the denial of class certification and a narrowing of issues and evidence presented, the Court concluded that it did not have admiralty jurisdiction over Plaintiffs' state law claims.  (Dkt. 545, p. 18.)  At the same time, the Court found it a "more difficult question" whether it should exercise supplemental jurisdiction over Plaintiffs' state

law claims against the individual defendants.  (*Id*. at 18-19.)  Ultimately, the Court declined supplemental jurisdiction in favor of resolution of the claims in state court.  (*Id*.)  Thus, the Court never found that it *lacked* federal jurisdiction over Plaintiffs' state law claims.  Rather, after dismissing the federal claim it made a discretionary decision not to exercise the supplemental jurisdiction it unquestionably had.

Accordingly, Plaintiffs properly invoked federal jurisdiction over their claims and Defendant Blakeman should not be awarded costs.  *See Otay Land Co.*, 672 F.3d at 1158 (stating "the driving motivation behind § 1919 is to balance the need to deter improper or wrongful invocations of federal jurisdiction against the importance of providing a federal forum for actions that fulfill the 'statutory criteria' for jurisdiction."); *Hygienics Direct Co.*, 33 F. App'x. 621 (affirming denial of costs to defendants because the plaintiff had "plausible grounds for asserting the existence of federal jurisdiction" and had not acted in a "vexatious or frivolous" manner).

### 4. Costs Can And Should Be Awarded At The Conclusion Of The Pending State Court Action

As the Court recognized when dismissing the state law claims against Defendant Blakeman, there is a "co-pending action in state court" that will resolve Plaintiffs' claims against Defendants.  (Dkt. 545, p. 19.)  Thus, it would be premature and speculative to award costs to Defendant Blakeman under Section 1919.  *See Callicrate v. Farmland Indus., Inc.,* 139 F.3d 1336 (10th Cir. 1998).

In *Callicrate,* cited by Defendant Blakeman, the district court dismissed the action due to lack of diversity between the parties and the plaintiff refiled the same claims in state court against two of the three defendants.  *Id*. at 1342.  The Court of Appeals vacated the award of costs, concluding that because the merits of the case remained in active litigation between the parties in state court, an award of costs under Section 1919 was "speculative and premature."  *Id*.  The appellate court noted that such an award would prove improper if plaintiff prevailed against defendants on the merits of the claims.  *Id*.

14211020.1

As in *Callicrate*, the Court should not make a cost award to Defendant Blakeman because the merits of the controversy between Plaintiffs and Defendant Blakeman will be decided in the pending state court action.  Costs will be awarded to the prevailing party in the state court.

**C.    In Any Event, The Court Should Not Award Defendant Blakeman Expenses That Are Not Recoverable As "Costs"**

Should the Court decide to award Defendant Blakeman any costs, Plaintiffs respectfully request that the amount awarded be significantly reduced from what Defendant seeks.

At a minimum, Plaintiffs request that the Court not award $12,347.20 of the costs sought by Defendant Blakeman in his improper Application to the Clerk to Tax Costs (Dkt. 555), because they are not recoverable under 28 U.S.C. section 1920.  (*See* Dkt. 558.)  As Defendant Blakeman observes at page 5 of his Opening Memorandum, most courts look to 28 U.S.C. section 1920 to determine what costs are "just" under Section 1919.  *See, e.g., Callicrate,* 139 F.3d at 1339 (stating that the standards applied under Section 1920 are helpful when determining what costs are "just" under Section 1919).  Specifically, Plaintiffs object to the following costs:

**1.    $1,435.00 for filing fees (Dkt. 555, p. 1.)**

Defendant Blakeman failed to attach any documentation supporting this requested cost, as required, and admits he has no documentation of this cost.  *See* Central District's *Bill of Costs Handbook* (2017), p. 1; Dieffenbach Dec., Dkt. 554 at ¶ 2 ("A first filing fee was incurred by Mr. Cooper's office in the amount of $1435.00 in this matter; I do not have the invoice for that payment.").  Notably, this Court's Schedule of Fees does not list *any* filing fees to file an Answer or a Motion.  *See* www.cacd.uscourts.gov.

It appears that Defendant Blakeman is not providing the invoice because he improperly is attempting to recover his filing fees from the state court action between the parties.  (*See* Pooley Dec., ¶ 4.)  The state court charges a $435.00 fee

1    for responsive pleadings and a $1,000 fee for cases deemed complex.  *See*

2    www.lacourt.org/forms/fees.  The state court has designated the pending case

3    between the parties as complex.  (*See* Pooley Dec., ¶ 4, Ex. B.)

4         **2.    $8,584.99 for forensics work (Dkt. 555, pp. 27-29.)**

5         This expense is not recoverable under Local Rule 54 or Rule 54 of the Federal

6    Rules of Civil Procedure.  Defendant Blakeman seeks to rely on Local Rule 54-3.12

7    (Dkt. 555, p. 1), but forensic work is not listed as a taxable cost under this Rule.  *See*

8    L.R. 54-3.12 (listing the following as items that may be taxed as costs if ordered by

9    the Court:  (i) various visual aids reasonably necessary to assist the jury or the Court

10   in understanding the issues at trial; (ii) photographs, if admitted in evidence or

11   attached to documents necessarily filed and served upon the opposing party; and

12   (iii) the cost of models).

13        Moreover, Defendant Blakeman incurred this expense after he lost a motion

14   to compel discovery and the Court expressly ordered that Defendant Blakeman

15   "shall bear the cost of the third party vendor."  (Dkt. 212, p. 3; Dkt. 231, p. 4.)  Had

16   Defendant Blakeman properly complied with the initial discovery requests, the

17   Court would not have needed to direct his compliance.

18        **3.    $755.04 for reporter's transcripts**

19             **a.    $312.18    (Dkt. 555, p. 49.)**

20             **b.    $422.86    (Dkt. 555, p. 50.)**

21        Defendant Blakeman has not specified this cost such that the nature of the

22   claim can be readily understood, as required by the Central District's *Bill of Costs*

23   *Handbook* (2017) at page 1.  He has not indicated the types of hearings from which

24   the transcripts were prepared.  Most significantly, he has not established, and cannot

25   establish, that these transcripts were either requested by the Court or prepared

26   pursuant to a stipulation among the parties.  As such, this expense cannot be taxed.

27   L.R. 54-3.4; Central District's *Bill of Costs Handbook* (2017), p. 1.

28   / / /

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANT BLAKEMAN'S MOTION FOR COSTS

**4.    $1,283.75 for videotapes of depositions**

    **a.    $258.75    Diana Milena Reed        (Dkt. 555, p. 33.)**

    **b.    $252.50    Diana Milena Reed        (Dkt. 555, p. 36.)**

    **c.    $772.50    Brant Blakeman        (Dkt. 555, p. 37.)**

Defendant Blakeman has not shown, and cannot show, that the Court ordered these depositions to be videotaped.  Thus, these expenses are not recoverable.  *See* Central District's *Bill of Costs Handbook* (2017) at page 1 (stating that:  "The costs of the original deposition and one copy used for any purpose in the case are recoverable as taxable costs, but not the cost of videotaped or recorded depositions unless ordered by the Court." (emphasis in original)).

**5.    $288.42 for expedited deposition transcript of Angelo Ferrara (Dkt. 555, p. 31.)**

Defendant Blakeman has not shown, and cannot show, that the Court ordered him to obtain an expedited transcript of Angelo Ferrara's deposition.  Thus, this expense is not recoverable.  *See* Central District's *Bill of Costs Handbook* (2017), p. 2 (stating: "Expedited rates are not allowable unless ordered by the Court"); L.R. 45-3.5 (listing non-expedited transcripts as recoverable costs).[7]

Accordingly, if the Court decides to award costs to Defendant Blakeman, at least $12,347.20 of the expenses he seeks should not be awarded.  Even a prevailing party would not be entitled to have these costs taxed.

/ / /

/ / /

---

[7] In his untimely Response to Plaintiffs' Objections to his Application to the Clerk to Tax Costs, Defendant Blakeman admits that certain of the costs he sought "should *not* have been included."  (Dkt. 560, p. 4.)  His attorney vaguely explains that the error occurred due to "mis-communication [*sic*]" (*id*.), a fairly cavalier statement given that he swore under penalty of perjury that the costs listed on the application were "correct."  (Dkt. 555, p. 1.)  Moreover, Defendant Blakeman failed to amend his costs motion to withdraw the improper costs.

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT BLAKEMAN'S MOTION FOR COSTS

14211020.1

1

## V.    CONCLUSION

2       For all of the foregoing reasons, Plaintiffs respectfully request that the Court

3   deny Defendant Blakeman's costs motion.  If the Court determines to award costs to

4   Defendant Blakeman, Plaintiffs request that the Court award significantly less than

5   what Defendant Blakeman seeks.

6

7   DATED:  March 19, 2018                    HANSON BRIDGETT LLP

8                                      By:    _____/s/ Lisa M. Pooley_____

9                                             KURT A. FRANKLIN
                                              LISA M. POOLEY
10                                            SAMANTHA D. WOLFF
                                              Attorneys for Plaintiffs
11                                            CORY SPENCER, DIANA MILENA
                                              REED, and COASTAL PROTECTION
12                                            RANGERS, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14211020.1