HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
RUSSELL C. PETERSEN, SBN 264245
russ.petersen@hansonbridgett.com
CANDICE P. SHIH, SBN 294251
cshih@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:  (916) 442-3333
Facsimile:   (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone:  (310) 378-8533
Facsimile:   (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA
REED, and COASTAL PROTECTION
RANGERS, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT BRANT BLAKEMAN'S OBJECTION TO MAGISTRATE JUDGE OLIVER'S MINUTE ORDER OF MARCH 29, 2018** |

Case No. 2:16-cv-02129-SJO (RAOx)

14310438.1

1             Plaintiffs,

2

3        v.

4  LUNADA BAY BOYS; THE
INDIVIDUAL MEMBERS OF THE
5  LUNADA BAY BOYS, including but
6  not limited to SANG LEE, BRANT
BLAKEMAN, ALAN JOHNSTON
7  AKA JALIAN JOHNSTON,
8  MICHAEL RAE PAPAYANS,
ANGELO FERRARA, FRANK
9  FERRARA, CHARLIE FERRARA,
10  and N. F.; CITY OF PALOS VERDES
ESTATES; CHIEF OF POLICE JEFF
11  KEPLEY, in his representative
12  capacity; and DOES 1-10,

13            Defendants.         Complaint Filed:   March 29, 2016

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:16-cv-02129-SJO (RAOx)

PLAINTIFFS' RESPONSE TO DEFENDANT BRANT BLAKEMAN'S OBJECTION TO
MAGISTRATE JUDGE OLIVER'S MINUTE ORDER OF MARCH 29, 2018

14310438.1

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION .................................................................................. 1

II.   RELEVANT FACTS ............................................................................ 1

III.  ARGUMENT ...................................................................................... 2

    A.    This Court Should Not Consider Defendant Blakeman's
        Objection Because It Is Procedurally Improper ......................... 2

    B.    Even If Defendant Blakeman Had Filed The Required Motion,
        This Court Should Not Consider His Objection Because It Is
        Untimely .................................................................................... 3

IV.   CONCLUSION ................................................................................... 4

PLAINTIFFS' RESPONSE TO DEFENDANT BRANT BLAKEMAN'S OBJECTION TO
MAGISTRATE JUDGE OLIVER'S MINUTE ORDER OF MARCH 29, 2018

14310438.1

# I.    INTRODUCTION

This Court should reject Defendant Blakeman's Objection to Magistrate Judge Oliver's March 29, 2018 Order.  To start, it is procedurally improper in that he failed to file a motion for review, as required by Local Rule 72-2.1.  Additionally, his "Objection" is untimely under both Rule 72 of the Federal Rules of Civil Procedure and Local Rule 72-2.1.  Given Defendant Blakeman's failure to comply with the Court's rules and the Federal Rules of Civil Procedure, this Court need not and should not consider his Objection.

# II.    RELEVANT FACTS

On October 30, 2017, Plaintiffs filed an *Ex Parte* Application for an Order Setting Hearing on Plaintiffs' Motion for Sanctions against Defendants Brant Blakeman and the City of Palos Verdes Estates.  (Dkt. No. 508.)  The *Ex Parte* Application included Plaintiffs' Motion for Sanctions against Defendants Blakeman and the City of Palos Verdes Estates.  (Dkt. Nos. 508-2, 508-3.)

On December 13, 2017, Magistrate Judge Oliver issued a Report and Recommendation ("Report"), in part recommending that Plaintiffs be granted monetary sanctions in the form of reasonable attorneys' fees and costs incurred by Plaintiffs in bringing their Motion for Sanctions against Defendant Blakeman.  (Dkt. No. 538.)

On December 27, 2017, Defendant Blakeman filed an Objection to Magistrate Judge Oliver's Report.  (Dkt. No.  541.)  On January 9, 2018, Plaintiffs filed their Response to Defendant Blakeman's Objection to the Report.  (Dkt. No. 543.)

On February 12, 2018, this Court concurred with and adopted Magistrate Judge Oliver's Report.  (Dkt. No. 544.)  The Court directed Plaintiffs to submit a declaration in support of reasonable attorneys' fees and costs.  (*Id*. at p. 5.)  The Court further directed that "[t]he amount of monetary sanctions shall be determined by the Magistrate Judge upon the further submissions of the parties."  (*Id*.)

14310438.1

1   After the Court granted summary judgment to the City of Palos Verdes

2   Estates and Chief Kepley, and declined jurisdiction over the state law claims, on

3   February 15, 2018, Magistrate Judge Oliver issued an Order advancing the deadlines

4   for the parties' submissions regarding attorneys' fees and costs.  (Dkt. No. 546.)

5   On February 22, 2018, Plaintiffs' counsel filed their declarations in support of

6   a monetary award.  (Dkt. Nos. 550, 551.)  On March 1, 2018, Defendant Blakeman

7   filed a brief in response.  (Dkt. No. 552.)

8   On March 29, 2018, Magistrate Judge Oliver issued an Order regarding the

9   Monetary Sanctions against Defendant Blakeman.  (Dkt. No. 568.)

10   ### III.   ARGUMENT

11   **A.   This Court Should Not Consider Defendant Blakeman's Objection
     Because It Is Procedurally Improper**

12

13   This Court should reject Defendant Blakeman's Objection to Magistrate

14   Judge Oliver's Order because he failed to file a noticed motion as required.  Local

15   Rule 72-2.1 provides in relevant part:

16   Any party objecting under F.R.Civ.P 72(a) to a Magistrate
     Judge's ruling on a pretrial matter not dispositive of a

17   claim or defense *must file a motion for review* by the
     assigned District Judge, designating the specific portions

18   of the ruling objected to and stating the grounds for the
     objection.

19

20   L.R. 72-2.1 (emphasis added).

21   Defendant Blakeman did not file a motion for review as required by Local

22   Rule 72-2.1.  And connected with that failure, he did not meet and confer with

23   Plaintiffs as would be required before filing the motion.  *See* L.R. 7-3.

24   Plaintiffs are entitled to statutory notice and the requisite amount of time to

25   file an opposition on the merits to a proper motion for review, after Defendant

26   Blakeman complies with his obligation to meet and confer.  Plaintiffs have been

27   deprived of that opportunity and the Court should not consider his Objection.

28

14310438.1

**B.   Even If Defendant Blakeman Had Filed The Required Motion, This Court Should Not Consider His Objection Because It Is Untimely**

Plaintiffs' Objection to Magistrate Judge Oliver's Order is untimely and should not be considered by the Court.  Rule 72 of the Federal Rules of Civil Procedure provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. *A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.*  The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a) (emphasis added).

Similarly, Local Rule 72-2.1 provides that a motion for review of a Magistrate Judge's ruling on a nondispositive matter "shall be filed … within fourteen (14) days of service of a written ruling." L. R. 72-2.1.

After this Court concurred with and accepted Magistrate Judge Oliver's Report and Recommendation, it referred the matter of determining the amount of monetary sanctions to Magistrate Judge Oliver.  (Dkt. No.544.)  Magistrate Judge Oliver issued the Order to which Defendant Blakeman now objects on March 29, 2018.  (Dkt. No. 568.)  Defendant Blakeman was simultaneously served (by electronic means) with the Order on March 29, 2018.  (*Id*.)  Thus, pursuant to FRCP 72(a) and Local Rule 72-2.1, Defendant Blakeman had 14 days from March 29, 2018, or until April 12, 2018, to file his Objection.  He did not do so.  Rather, on April 13, 2018, without offering any explanation or excuse for missing the deadline, Defendant Blakeman filed his Objection.  (Dkt. No. 571.)

Because his Objection is untimely, Defendant Blakeman is precluded from challenging any alleged error in Magistrate Judge Oliver's Order.  Fed. R. Civ. P

14310438.1

72(a).  Further, because Defendant Blakeman's Objection is untimely, this Court should not consider it.

## IV.   CONCLUSION

This Court need not, and should not, consider Defendant Blakeman's improper and untimely Objection.  If the Court decides to consider it, however, then Plaintiffs respectfully request that they be given the statutory amount of time to oppose it on the merits, which they would have had if Defendant had filed a proper motion.

DATED:  April 17, 2018                    HANSON BRIDGETT LLP


By:      */s/ Lisa M. Pooley*
         KURT A. FRANKLIN
         LISA M. POOLEY
         SAMANTHA D. WOLFF
         Attorneys for Plaintiffs
         CORY SPENCER, DIANA MILENA
         REED, and COASTAL PROTECTION
         RANGERS, INC.

14310438.1