1

**VEATCH CARLSON, LLP**
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

(SPACE BELOW FOR FILING STAMP ONLY)

2

3

4 **ROBERT T. MACKEY, State Bar No. 210810**
rmackey@veatchfirm.com
5 **PETER H. CROSSIN, State Bar No. 163189**
pcrossin@veatchfirm.com
6 **RICHARD P. DIEFFENBACH, State Bar No. 102663**
rdieffenbach@veatchfirm.com
7

8 **BUCHALTER, A Professional Corporation**
**ROBERT S. COOPER, State Bar No. 158878**
**1000 Wilshire Boulevard, Suite 1500**
9 **Los Angeles, CA 90017-1730**
**Telephone:(213) 891-0700**
10 rcooper@buchalter.com

11

Attorneys for Defendant, **BRANT BLAKEMAN**

12

13                      **UNITED STATES DISTRICT COURT**

14          **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

15

16 | CORY SPENCER, an individual; | ) | **CASE NO.: 2:16-CV-2129-SJO-RAO**
17 | DIANA MILENA REED, an individual; and | ) | Assigned to Courtroom: 1
   | COASTAL PROTECTION RANGERS, INC., a | ) | The Hon. S. James Otero
18 | California non-profit public benefit corporation, | ) |
19 |                    Plaintiffs, | ) | **DEFENDANT BRANT BLAKEMAN'S**
   |                                | ) | *AMENDED* **NOTICE OF CROSS-APPEAL**
20 |        vs. | ) | [9th Circuit Case No.: 18-55383]
21 | LUNADA BAY BOYS; THE INDIVIDUAL | ) |
   | MEMBERS OF THE LUNADA BAY BOYS, | ) |
22 | including but not limited to SANG LEE, | ) |
   | BRANT BLAKEMAN, ALAN JOHNSTON | ) |
23 | AKA JALIAN JOHNSTON, MICHAEL RAE | ) | **Action Commenced:  March 29, 2016**
   |  PAPAYANS, ANGELO FERRARA, FRANK | ) |
24 | FERRARA, CHARLIE FERRARA, and N.F.; | ) |
   | CITY OF PALOS VERDES ESTATES; CHIEF | ) |
25 | OF POLICE JEFF KEPLEY, in his | ) |
   | representative capacity; and DOES | ) |
26 | 1-10, | ) |
   |                    Defendants. | ) |
27 | | ) |
28 | _____ | ) |

- 1 -
DEFENDANT BLAKEMAN'S *AMENDED* NOTICE OF CROSS APPEAL

1

2      NOTICE IS HEREBY GIVEN that BRANT BLAKEMAN, Defendant in this

3   action [OR, "BLAKEMAN"] hereby AMENDS his Notice of Cross Appeal to the

4   United States Court of Appeals for the Ninth Circuit from that portion of the Order

5   Accepting Report and Recommendations of United States Magistrate Judge, granting

6   in part and denying in part Plaintiffs' Motion for Sanctions Against Defendants Brant

7   Blakeman and City of Palos Verdes Estates (Dkt. 544) filed February 12, 2018 (copy

8   attached hereto), and any subsequent Order rendered relating thereto (final

9   determination still pending).

10      Additionally, pursuant to FRAP Rule 4(B)(ii), BRANT BLAKEMAN hereby

11   amends his Notice of Cross Appeal and identifies the subsequent orders appealed

12   from to include the March 29, 2018 Minute Order Re Monetary Sanctions Against

13   Defendant Blakeman (Dkt. 568) (attached) and the April 17, 2018 Order Denying

14   Defendant Blakeman's Motion for Costs (Dkt. 572) (attached).  The Plaintiffs' Notice

15   of Appeal was filed March 19, 2018; the most recent order appealed from was filed

16   April 17, 2018 and this *Amended* Notice of Cross-Appeal is timely pursuant to FRAP

17   4(a)(3) and (4).

18

19

20   DATED:      April 20, 2018          **VEATCH CARLSON, LLP**
                                  By:   /s/ Richard P. Dieffenbach
21                                       **ROBERT T. MACKEY**
                                        **RICHARD P. DIEFFENBACH**
22
                                        **BUCHALTER**
23                                       **A Professional Corporation**
                                        **ROBERT S. COOPER**
24
                                        Attorneys for **BRANT BLAKEMAN**
25

26

27

28

Case 2:16-cv-02129-SJO-RAO   Document 578   Filed 04/20/18   Page 3 of 21   Page ID
#:13697
Case 2:16-cv-02129-SJO-RAO   Document 568   Filed 03/29/18   Page 3 of 14   Page ID
#:19659

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 16-02129-SJO (RAOx) | Date: | March 29, 2018 |
| Title: | Cory Spencer, et al. v. Lunada Bay Boys, et al. | | |

lodestar amount may be adjusted by a multiplier only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings that the lodestar amount is unreasonably low or high. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (citations omitted).

A sanction imposed pursuant to civil procedures "must be compensatory rather than punitive in nature." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (citation omitted). The "but-for causation standard" requires a court to determine whether a given legal fee "would or would not have been incurred in the absence of the sanctioned conduct." *Id.* at 1187.

III.   **DISCUSSION**

    A.   **Attorneys' Fees**

        1.   Reasonable Hourly Rates

Plaintiffs request fees at the following hourly billing rates: (1) $525 for work performed by Samantha Wolff, a partner at Hanson Bridgett with 12 years of experience, in 2017, and $555 for work performed in 2018; (2) $575 for work performed by Lisa Pooley, a partner at Hanson Bridgett with 24 years of experience, in 2017, and $605 for work performed in 2018; (3) $575 for work performed by Kurt Franklin, a partner at Hanson Bridgett with 23 years of experience, in 2017, and $605 for work performed in 2018; (4) $530 for work performed by Russell Petersen, senior counsel at Hanson Bridgett with 16 years of experience; (5) $350 for work performed by Candice Shih, an associate at Hanson Bridgett with 4 years of experience; (6) $275 for work performed by Monette Villavicencio and Samantha Hubley, paralegals at Hanson Bridgett; and (7) $575 for work performed by Victor Otten, an attorney with 22 years of experience, in 2017, and $605 for work performed in 2018. Court-Ordered Declaration of Samantha Wolff in Support of Monetary Sanctions Against Defendant Brant Blakeman ("Wolff Declaration"), Dkt. No. 550, ¶¶ 5-6; Declaration of Victor Otten in Support of Monetary Sanctions Against Defendant Brant Blakeman ("Otten Decl."), Dkt. No. 551, ¶¶ 3-4.

Ms. Wolff declares that the rates charged for Hanson Bridgett attorneys and staff in the matter are reflective of the market value for litigation attorneys and staff with similar skill and

Case 2:16-cv-02129-SJO-RAO   Document 578   Filed 04/20/18   Page 4 of 21   Page ID
#:13698
Case 2:16-cv-02129-SJO-RAO   Document 566   Filed 03/29/18   Page 4 of 14   Page ID
#:19660

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No.: | CV 16-02129-SJO (RAOx) | Date: | March 29, 2018 |
|---|---|---|---|
| Title: | Cory Spencer, et al. v. Lunada Bay Boys, et al. | | |

experience in the San Francisco Bay Area.  Wolff Decl. ¶ 8.  Because the relevant community in
this litigation is the Los Angeles area and not the San Francisco Bay area, Plaintiffs' evidence in
support of Hanson Bridgett's reasonable hourly rates is not sufficient.  Although Defendant
Blakeman justifiably argues that Plaintiffs have failed to meet their burden, he does not offer any
evidence to support specific lower rates.  *See* Response at 5-6.  The Court thus exercises its
discretion in determining reasonable hourly rates for Hanson Bridgett attorneys and staff based
on its own familiarity with the local legal market.  *See Ingram v. Oroudjian*, 647 F.3d 925, 928
(9th Cir. 2011).

Here, the rates requested for attorneys Wolff, Franklin, Pooley, Peterson, and Shih are
reasonable based on the Court's knowledge of the prevailing rates of similarly-experienced
attorneys in the Los Angeles area for the type of work performed in this case.  The rates are also
in line with rates approved in recent years in this district for attorneys of similar experience.  *See
Flo & Eddie*, 2017 WL 4685536, at *8 (approving associate rates ranging from $350-$375, and
partner rates ranging to $700); *J.N. v. Hendrickson*, Case No. 2-14-cv-02428-DDP (PLAx), 2017
WL 3498608, at *2-3 (C.D. Cal. Aug. 15, 2017) (setting as reasonable rates in a civil rights case
$650 for a solo practitioner with 29 years of experience, $380 for an attorney with six years of
experience, and $290 for an attorney with six months of experience); *In re Toys R Us-Delaware,
Inc. – Fair and Accurate Credit Transactions Act (FACTA) Litigation*, 295 F.R.D. 438, 462-64
(C.D. Cal. 2014) (approving various hourly rates, including a $600 hourly rate for partner with
19 years of experience, $550 hourly rate for an attorney with more than ten years of experience,
and $410 hourly rate for attorney with seven years of experience).  The Court therefore adopts
the hourly attorney rates for Hanson Bridgett attorneys as proposed by Plaintiffs' counsel.

With respect to Mr. Otten's hourly rate, Mr. Otten states that his rates are standard for an
attorney with his experience in Los Angeles.  Otten Decl. ¶ 4.  Although this evidence in support
of the proposed reasonable hourly rates is thin, the Court finds Mr. Otten's proposed rates are
reasonable based on the Court's knowledge of the prevailing rates of similarly-experienced
attorneys in the Los Angeles area for the type of work performed in this case.

With respect to the requested rates for paralegal work, the Court finds that Plaintiffs have
not submitted sufficient evidence to support the requested $275 hourly rate.  Plaintiffs have not
submitted evidence that this is a reasonable hourly rate for paralegal work in the Los Angeles
area, nor have they included the number of years of relevant experience of Ms. Villavicencio and

Case 2:16-cv-02129-SJO-RAO   Document 568   Filed 03/29/18   Page 5 of 14   Page ID
#:19661

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 16-02129-SJO (RAOx)                              Date:   March 29, 2018
Title:      Cory Spencer, et al. v. Lunada Bay Boys, et al.

Ms. Hubley.  The Court finds that based on its knowledge of the prevailing rates of paralegals in
the Los Angeles area, a $200 hourly rate would be reasonable given the lack of evidence of the
relevant experience of the two individual paralegals.  *See, e.g., Flo & Eddie*, 2017 WL 4685536,
at *8 (approving paralegal hourly rates of $250); *Hirsch v. Compton Unified School Dist.*, No.
CV 12-01269 RSWL (MRWx), 2013 WL 1898553, at *3-4 (C.D. Cal. May 3, 2013) (approving
$200 hourly rate for paralegal services); *In re Toys R Us*, 295 F.R.D. at 462-64 (approving
hourly rates for paralegals from $95-$195).

        In sum, the Court will use the hourly rates set forth in the chart below for its lodestar
calculation.

| Attorney | Hourly Rate |
|---|---|
| Samantha Wolff (2017) | $525 |
| Samantha Wolff (2018) | $555 |
| Lisa Pooley, Kurt Franklin, and Victor Otten (2017) | $575 |
| Lisa Pooley, Kurt Franklin, and Victor Otten (2018) | $605 |
| Russell Petersen | $530 |
| Candice Shih | $350 |
| Monette Villavicencio and Samantha Hubley (paralegals) | $200 |

        2.      Defendant Blakeman's General Objections to Hours Billed

        Defendant Blakeman raises several general objections to the number of hours billed by
Plaintiffs' counsel.

        Defendant Blakeman argues that all hours expended jointly for Plaintiffs' Motion for
Sanctions against both Defendant Blakeman and the City should be deducted according to
*Goodyear*.  Response at 2-3.  The Court disagrees.  Plaintiffs' Motion for Sanctions against the
City was highly intertwined factually with their Motion for Sanctions against Defendant
Blakeman, as both motions were based on the loss of the same text messages from the same
cellular phone.  As the Court noted in its Report, Plaintiffs cannot be blamed for bringing a joint
motion against both the City and Defendant Blakeman where it was unclear from the facts how

Case 2:16-cv-02129-SJO-RAO   Document 566   Filed 03/29/18   Page 6 of 14   Page ID
#:19662
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No.: | CV 16-02129-SJO (RAOx) | Date: | March 29, 2018 |
|---|---|---|---|
| Title: | Cory Spencer, et al. v. Lunada Bay Boys, et al. | | |

responsibility should be allocated. *See* Report at 16 n.2. Although the Court ultimately found
that only Defendant Blakeman was responsible for spoliation, Plaintiffs would not have had to
bring their Motion for Sanctions against the City had Defendant Blakeman properly preserved
evidence from his phone. *See Goodyear*, 137 S. Ct. at 1186 (test is whether fee would have been
incurred in the absence of the sanctioned conduct).   In addition, Plaintiffs have already reduced
their request by the amount of time dedicated to portions of the Motion for Sanctions that pertain
only to the City.  The Court finds that no further reductions are necessary for this reason.

Defendant Blakeman contends that Plaintiffs' request for fees is fraught with unnecessary
duplication of effort. *See* Response at 4-5; Declaration of Richard P. Dieffenbach Re: Plaintiffs'
Declarations for Attorneys' Fees ("Dieffenbach Decl."), Dkt. No. 552-1, Exs. 1, 2.  "[A]n award
for time spent on the same task by two or more attorneys is proper as long as it reflects the
distinct contribution of each attorney to the case and the customary practice of multiple-lawyer
litigation." *Bobrick Washroom Equipment, Inc. v. American Specialties, Inc.*, CV 10-6938 SVW
(PLA), 2013 WL 12129368, at *8 (C.D. Cal. Feb. 20, 2013) (citation omitted).  Ms. Wolff is the
attorney primarily responsible for bringing the spoliation motion against Defendant Blakeman.
Wolff Decl. ¶ 6.  Mr. Franklin and Ms. Pooley of Hanson Bridgett and Mr. Otten of Otten Law,
PC assisted in the spoliation motion. *Id.*; Otten Decl. ¶ 2.  Plaintiffs have not established the
need to have three additional attorneys with over 20 years of experience each consult and review
the work performed by a partner with 12 years of experience.  Plaintiffs' counsel have not
represented that they have made a good faith effort to exclude duplicative or redundant hours
billed by Mr. Franklin, Ms. Pooley and Mr. Otten.  The Court has also considered that Defendant
Blakeman's counsel billed a total of 61.4 hours in opposing the Motion for Sanctions, in
comparison to 159.9 hours billed by Plaintiffs' counsel for bringing the Motion. *See*
Dieffenbach Decl. ¶ 2; Declaration of Robert S. Cooper, Esq. in Support of Opposition to
Plaintiffs' Declarations in Support of Motion for Sanctions ("Cooper Decl."), Dkt. No. 552-2, ¶
3.  The Court will make appropriate adjustments for time expended that is duplicative or
excessive in its discussion below of specific categories of work.

Defendant Blakeman also argues that Plaintiffs provide insufficient data to establish
whether their claimed numbers of hours are real.  Response at 3.  The Court finds that the time
entry reports attached to Ms. Wolff and Mr. Otten's declarations generally constitute adequate
documentation to support their fees request.  The reports identify the attorney or paralegal
performing the work, the date on which work was performed, a description of the work

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 16-02129-SJO (RAOx)                    Date:   March 29, 2018
Title:       Cory Spencer, et al. v. Lunada Bay Boys, et al.

performed on that day, and the billable time.  *See* Wolff Decl., Ex. 1; Otten Decl., Ex. 1.
Because the work was performed on a *pro bono* basis, there are no actual billing records for
Plaintiffs to produce for Defendant Blakeman's review.  To the extent the Court agrees with
Defendant Blakeman that there are shortcomings in the descriptions of specific tasks, the Court
addresses the appropriate reductions below.

3.       Hours Reasonably Expended by Hanson Bridgett

The Court adopts the categories of tasks provided by Plaintiffs with respect to fees
incurred by Hanson Bridgett.

a.       *Plaintiffs' Meet and Confer Efforts*

Plaintiffs request compensation for 5.4 hours of work in relation to the meet and confer
efforts with Defendant Blakeman's counsel.  Wolff Decl., Ex. 1 at 1-2.

Defendant Blakeman argues that fees incurred for two meet and confer letters should be
denied because they were erroneous and therefore wasteful or inefficient.  Response at 6-7.  The
Court agrees in part.  The first meet and confer letter was sent by Mr. Otten and Hanson Bridgett
does not request fees for that letter.  *See* Wolff Decl., Exs. 1, 3.  With respect to the second meet
and confer letter, the Court finds that half of the time spent drafting the letter should be excluded
as the legal basis for the Motion for Sanctions had to be clarified in follow-up emails.  *See* Wolff
Decl., Exs. 5-9.  The Court reduces the 2.4 hours of time spent by Ms. Wolff and Ms. Pooley on
the second meet and confer letter to 1.2 hours.

The Court finds that 2.0 hours were reasonably expended by Ms. Wolff and 2.2 hours
were reasonably expended by Ms. Pooley and Mr. Franklin collectively for this category.

b.       *Time Drafting Sanctions Motion and Ex Parte Application*

Plaintiffs request fees for 37.5 hours of attorney time (29.5 hours by Ms. Wolff and 8.0
hours by Ms. Pooley and Mr. Franklin collectively) and 14.9 hours of paralegal time associated
with drafting the Motion for Sanctions and the *Ex Parte* Application.  Wolff Decl., Ex. 1 at 2-4.
This excludes the number of hours spent by Ms. Wolff solely on arguments against the City.  *Id.*

Case 2:16-cv-02129-SJO-RAO   Document 568   Filed 03/29/18   Page 8 of 14   Page ID #:19664

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 16-02129-SJO (RAOx)                               Date:   March 29, 2018
Title:        Cory Spencer, et al. v. Lunada Bay Boys, et al.

The Court finds that 37.5 hours of attorney time to draft the Motion for Sanctions is excessive given the overlap of the legal issues with Plaintiffs' previous motion for sanctions against the Ferrara Defendants and Defendant Lee, and the level of experience of the attorneys. A reduction in time is also warranted considering the duplicative efforts of multiple partner-level attorneys and the total time billed by Defendant Blakeman's counsel in opposing the Motion for Sanctions.  The Court finds that a 10% reduction in the number of attorney hours is warranted.

Accordingly, 26.55 hours were reasonably expended by Ms. Wolff and 7.2 hours were reasonably expended by Ms. Pooley and Mr. Franklin collectively for this category.

With respect to the 14.9 hours of paralegal time, the Court finds that the work performed is case-substantive work typically performed by paralegals and is not purely secretarial or clerical.  The Court also notes that the exhibits to the Ex Parte Application and motion for sanctions were voluminous.  For that reason, no reduction is warranted.

>           c.       *Time Responding to Defendant Blakeman's Ex Parte Opposition*
>                    *and Reviewing Ensuing Court Orders*

Plaintiffs request fees for 7.6 hours of work (5.9 hours by Ms. Wolff and 1.7 hours by Mr. Franklin and Ms. Pooley collectively) for responding to Defendant Blakeman's Opposition to the *Ex Parte* Application and reviewing Court orders.  Wolff Decl., Ex. 1 at 5.  The Court finds that this is a reasonable amount of time spent by these attorneys for these tasks.

>           d.       *Time Replying to Defendant Blakeman's Opposition to Sanctions*
>                    *Motion*

Plaintiffs request fees for 31.8 hours of work performed on their Reply, consisting of 21.2 hours of work by Ms. Wolff, 5.4 hours of work by Ms. Pooley and Mr. Franklin collectively, and 5.2 hours of work by Ms. Shih.  Wolff Decl., Ex. 1 at 5-7.  The Court finds that this amount of time is excessive given the length and substance of the Opposition, the length and substance of the Reply, and the level of experience of the attorneys.  A reduction in time is also warranted considering the duplicative efforts of multiple partner-level attorneys and the total time billed by Defendant Blakeman's counsel in opposing the Motion for Sanctions.  The Court finds that a

---

Case 2:16-cv-02129-SJO-RAO   Document 568   Filed 03/29/18   Page 9 of 14   Page ID
#:19665
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 16-02129-SJO (RAOx)                        Date:   March 29, 2018
Title:      Cory Spencer, et al. v. Lunada Bay Boys, et al.

reasonable amount of time spent on the Reply is 10 hours by Ms. Wolff, 2.5 hours by Ms. Pooley
and Mr. Franklin collectively, and 2.5 hours by Ms. Shih.

>           e.      *Time for Court Hearing and Review of Court Order*

    Plaintiffs request fees for 24.6 hours of time spent preparing for the December 6, 2017
hearing and reviewing the Court's December 13 Report.  Wolff Decl., Ex. 1 at 7-8.  The request
consists of 14.2 hours by Ms. Wolff and 10.4 hours by Ms. Pooley and Mr. Franklin collectively.

    The Court finds that it was reasonable to have Ms. Wolff attend the hearing.  The Court
sustains Defendant Blakeman's objection to Mr. Franklin's attendance at the hearing, *see*
Response at 5, and finds that Plaintiffs have not met their burden to establish that Mr. Franklin's
attendance at the December 6, 2017 hearing was necessary.  *See Zest IP Holdings, LLC v.
Implant Direct Mfg., LLC*, No. 10-cv-0541-GPC (WVG), 2014 WL 6851612, at *8 (S.D. Cal.
Dec. 3, 2014) (reducing as duplicative fees for a second attorney's preparation for and attendance
at a hearing).  Plaintiffs have not explained the necessity of Mr. Franklin's attendance where Ms.
Wolff performed much of the work on the briefing and is herself a partner at Hanson Bridgett.
Because it would not be reasonable to bill for 8.0 hours of time spent by Mr. Franklin traveling
to and attending the hearing, the Court excludes this time from the fees award.[1]  The Court finds
the remaining time to be reasonably expended and thus awards fees for 14.2 hours of work by
Ms. Wolff and 2.4 hours of work by Ms. Pooley and Mr. Franklin collectively.

>           f.      *Time Responding to Defendant Blakeman's Objections to Report*

    Plaintiffs request fees for 32.8 hours of work performed on their response to Defendant
Blakeman's Objections to the Report, consisting of 19.8 hours by Ms. Wolff, 6.0 hours by Ms.
Pooley and Mr. Franklin collectively, and 7.0 hours by Mr. Petersen.  Wolff Decl., Ex. 1 at 8-9.
The Court finds that this amount of time is excessive given the length and substance of the
Objections, the length and substance of Plaintiffs' response, and the level of experience of the
attorneys.  A reduction in time is also warranted considering the duplicative efforts of multiple
partner-level attorneys and the total time billed by Defendant Blakeman's counsel in opposing

---

[1] Although some of this time may have reasonably been spent strategizing with Ms. Wolff, it is
not possible for the Court to extract any time reasonably spent because of the block billing form
of the time entry.  The Court thus excludes the entire 8.0 hour block of time.

Case 2:16-cv-02129-SJO-RAO   Document 578   Filed 04/20/18   Page 10 of 21   Page ID
#:19704
Case 2:16-cv-02129-SJO-RAO   Document 568   Filed 03/29/18   Page 10 of 14   Page ID
#:19666

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 16-02129-SJO (RAOx)                          Date:   March 29, 2018
Title:         Cory Spencer, et al. v. Lunada Bay Boys, et al.

the Motion for Sanctions.  The Court finds that a reasonable amount of time for Plaintiffs'
response is 8.0 hours by Ms. Wolff, 2.0 hours by Ms. Pooley and Mr. Franklin collectively,[2] and
4.0 hours by Mr. Petersen.

> g.   *Time Preparing Fee Award Declaration and Filing*

Plaintiffs request fees for 4.3 hours of work by Ms. Wolff and 1.0 hour of work by Ms.
Pooley and Mr. Franklin collectively for preparing the fee award declaration.  Wolff Decl., Ex. 1
at 9-10.  The Court finds this to be a reasonable amount of time spent for this task.

> h.   *Fees Estimate for Anticipated Court-Ordered Additional*
>       *Deposition of Defendant Blakeman*

Defendant Blakeman argues that sanctions for the cost of taking his deposition in the
state court action would not meet the *Goodyear* standard.  The District Judge has ordered that the
amount of monetary sanctions should include the costs and fees incurred by Plaintiffs in
deposing Defendant Blakeman regarding spoliation.  Dkt. No. 544.  This order was issued on the
same day as the District Judge's order granting the City's motion for summary judgment and
dismissing the state law claims. *See* Dkt. No. 545.  In addition, the Court has clarified that the
approximate costs and fees that would have been incurred had Defendant Blakeman's further
deposition taken place could be included in Plaintiffs' application for a monetary award.  Dkt.
No. 546.  The Court therefore overrules Defendant Blakeman's objection.

Plaintiffs request fees for 28 hours of work they anticipate would be spent for the
additional deposition of Defendant Blakeman, consisting of 21 hours of work by Ms. Pooley, 3.0
hours of work performed by Mr. Peterson, and 4.0 hours of work performed by Mr. Franklin.
Wolff Decl., Ex. 1 at 10.  This is based on an estimated six hour deposition of Defendant
Blakeman.  The Court finds that a deposition of Defendant Blakeman on the spoliation issue
would not take more than two hours.  The Court therefore reduces by 66.6% all estimated times
in relation to Defendant Blakeman's deposition, with the exception of Ms. Pooley's time for
travel.  The Court awards fees for 11.67 hours of anticipated work by Ms. Pooley, 1.0 hour of
work performed by Mr. Peterson, and 1.33 hours of work by Mr. Franklin.

---

[2] The Court finds that the 0.4 hours spent by Ms. Pooley in 2017 was not excessive.  Therefore,
the reduction in hours will be applied to Ms. Pooley's time spent in 2018 for this category.

Case 2:16-cv-02129-SJO-RAO   Document 578   Filed 04/20/18   Page 11 of 21   Page ID
#:19705
Case 2:16-cv-02129-SJO-RAO   Document 568   Filed 03/29/18   Page 11 of 14   Page ID
#:19667

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No.: | CV 16-02129-SJO (RAOx) | Date: | March 29, 2018 |
|---|---|---|---|
| Title: | Cory Spencer, et al. v. Lunada Bay Boys, et al. | | |

*i.    Total Hours for Hanson Bridgett*

In sum, the Court will award fees for 70.95 hours of work by Ms. Wolff (58.65 hours in 2017 and 12.3 hours in 2018), 32 hours of work by Ms. Pooley and Mr. Franklin collectively (16.4 hours in 2017 and 15.6 hours in 2018), 5.0 hours of work by Mr. Peterson, 2.5 hours of work by Ms. Shih, and 14.9 hours of work by Ms. Villavicencio and Ms. Hubley collectively.

4.    <u>Hours Reasonably Expended by Otten Law, PC</u>

Mr. Otten requests fees for 9.2 hours of work to date and 3.0 hours of estimated work for the anticipated deposition of Defendant Blakeman. Otten Decl., Ex. 1.

With respect to Mr. Otten's time to date, the Court reduces the amount of time by 5.0 hours. First, the Court deducts the 3.5 hours incurred on October 2, 2017. That time is block-billed for numerous tasks, including reviewing documents produced by a co-defendant and drafting a meet and confer letter. The time reviewing documents would have been incurred regardless of Defendant Blakeman's spoliation of evidence. In addition, the Court finds that it would be unreasonable to bill time for the first meet and confer letter because the letter was addressed to multiple defendants and did not adequately specify the basis for the Motion for Sanctions. To the extent any of the 3.5 hours was spent on time that was necessarily incurred for the spoliation motion against Defendant Blakeman, the Court cannot determine how much time was involved because of the block-billed time entry description. The Court also deducts the 0.3 hours of time billed for reviewing Mr. Dieffenbach's response to the first meet and confer letter and reviewing the second meet and confer letter as these tasks were necessitated by the deficient first meet and confer letter. Finally, the Court deducts 1.2 hours spent researching the adverse inference instruction. Plaintiffs previously requested an adverse inference against the Ferrara Defendants and Defendant Lee. *See* Dkt. No. 468-1. The Court finds that it would be unreasonable to bill for this time as it is duplicative of work done for the prior motion for sanctions. The Court finds that the remaining five hours of work by Mr. Otten were reasonably expended.

With respect to estimated fees for the anticipated deposition of Defendant Blakeman, the Court will reduce the time by 66.6% as explained above in Section III.A.3.h, resulting in 1.0 hour of work by Mr. Otten.

---

Case 2:16-cv-02129-SJO-RAO   Document 578   Filed 04/20/18   Page 12 of 21   Page ID
#:19706
Case 2:16-cv-02129-SJO-RAO   Document 568   Filed 03/29/18   Page 12 of 14   Page ID
#:19668

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 16-02129-SJO (RAOx) | Date: | March 29, 2018 |
| Title: | Cory Spencer, et al. v. Lunada Bay Boys, et al. | | |

In total, the Court awards fees for six hours of time reasonably expended by Mr. Otten (five hours in 2017 and one hour in 2018).

        5.      Adjustment of Lodestar

The Court provides a summary of the lodestar amount in the chart below.

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| Ms. Wolff (2017) | $525 | 58.65 | $30,791.25 |
| Ms. Wolff (2018) | $555 | 12.3 | $6,826.5 |
| Ms. Pooley and Mr. Franklin (2017) | $575 | 16.4 | $9,200 |
| Ms. Pooley and Mr. Franklin (2018) | $605 | 15.6 | $9,680 |
| Mr. Peterson | $530 | 5 | $2,650 |
| Ms. Shih | $350 | 2.5 | $875 |
| Ms. Villavicencio and Ms. Hubley (paralegals) | $200 | 14.9 | $2,980 |
| | Hanson Bridgett Total | 125.35 | $62,990.75 |
| Mr. Otten (2017) | $575 | 5 | $2,875 |
| Mr. Otten (2018) | $605 | 1 | $605 |
| | Otten Law, PC Total | 6 | $3,020 |
| | | Total Fees Award | $66,010.75 |

Defendant Blakeman argues that this figure should be adjusted downward by 50-75% for the limited success of Plaintiffs on their Motion for Sanctions against the City and Defendant Blakeman. Response at 3-4. Defendant Blakeman argues that Plaintiffs were only successful in their requested relief for monetary sanctions, and not on their requests for an adverse inference or denial of Defendant Blakeman's summary judgment motion. *Id.* In addition, Plaintiffs were not successful against the City. *Id.* at 4.

---

Case 2:16-cv-02129-SJO-RAO   Document 578   Filed 04/20/18   Page 13 of 21   Page ID
#:19707
Case 2:16-cv-02129-SJO-RAO   Document 568   Filed 03/29/18   Page 13 of 14   Page ID
#:19669

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:   CV 16-02129-SJO (RAOx)                    Date:   March 29, 2018
Title:      Cory Spencer, et al. v. Lunada Bay Boys, et al.

     If a fee applicant is only partially successful, time expended on unrelated and unsuccessful claims cannot be compensated. *Hensley*, 461 U.S. at 434. The key question is whether the claims were related, that is, involved a common core of facts or were based on related legal theories. *See Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986). Here, the basis for all of the requested sanctions against Defendant Blakeman involved a common core of facts relating to Defendant Blakeman's spoliation of relevant evidence. A reduction for this reason is thus not warranted. *See Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. C 06-03359 JF (RS), 2009 WL 3617786, at *3 (N.D. Cal. Oct. 29, 2009) (rejecting argument that fee award should be reduced because moving party did not receive 100% of the relief it requested in a motion for sanctions for spoliation); *May v. F/V Lorena Marie*, No. 3:09-cv-00114-SLG-JDR, 2012 WL 395286, at *13 (D. Alaska Feb. 7, 2012) (finding implementation of sanctions for spoliation at a lesser penalty than requested not sufficient to warrant a downward adjustment). In addition, an adjustment based on limited success of the Motion for Sanctions against the City is not proper for the reasons described in Section III.A.2.

     The Court finds that there is no other basis for a further downward adjustment. Plaintiffs' counsel do not propose an upward adjustment and the Court finds none is warranted. Accordingly, the Court will award fees at the lodestar amount set forth in the chart above.

### B.    Costs

#### 1.    Costs to Date

     Plaintiffs request $842.68 in costs incurred to date by Ms. Wolff and Mr. Franklin for travel expenses to attend the December 6, 2017 hearing. Wolff Decl., Ex. 1 at 10-11.

     Defendant Blakeman argues that travel was not necessary for two attorneys for the hearing. Response at 5. For the same reasons as stated above in relation to fees regarding the hearing, the Court finds that Plaintiffs have not established the need for a second partner-level attorney to attend the hearing. The costs requested for Mr. Franklin's travel will be deducted. *See Zest IP*, 2014 WL 6851612 at *10 (reducing costs to the amount spent to send one attorney to attend hearing). The Court will award $622.78 in costs incurred to date.

---

Case 2:16-cv-02129-SJO-RAO   Document 568   Filed 03/29/18   Page 14 of 14   Page ID
#:19670

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 16-02129-SJO (RAOx) | Date: | March 29, 2018 |
| Title: | Cory Spencer, et al. v. Lunada Bay Boys, et al. | | |

2.      Costs for Anticipated Deposition

Plaintiffs also request $3,589.60 in estimated costs to be incurred by Hanson Bridgett for the anticipated deposition of Defendant Blakeman.  Wolff Decl., Ex. 1 at 11.  With respect to travel expenses, the Court finds that because the deposition with respect to spoliation should take no more than two hours, it would be possible for Ms. Pooley to travel between San Francisco and Los Angeles by plane on the same day as the deposition.  The Court will therefore deduct $200 for the hotel expense.  Other estimated costs for the deposition will also be reduced to account for the reduced estimated deposition time.  The Court finds that only $1,000 for costs of the deposition in addition to $589.60 for travel expenses should be included in the sanctions award, resulting in a total of $1,589.60.

In sum, the Court will award $2,212.38 in costs to Hanson Bridgett.

**IV.      CONCLUSION**

Based on the foregoing, the Court imposes monetary sanctions on Defendant Blakeman in the amount of $66,010.75 in fees and $2,212.38 in costs.  Defendant Blakeman shall complete payment within 60 days of the date of entry of this order.  $65,203.13 shall be paid to Hanson Bridgett and $3,020 shall be paid to Otten Law, PC.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____ dl _____

Case 2:16-cv-02129-SJO-RAO   Document 577   Filed 04/17/18   Page 1 of 1   Page ID #:19679

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Priority | ____ |
| Send | ____ |
| Enter | ____ |
| Closed | ____ |
| JS-5/JS-6 | ____ |
| Scan Only | ____ |

CASE NO.:  <u>CV 16-02129 SJO (RAOx)</u>       DATE:  <u>April 17, 2018</u>

TITLE:   <u>Spencer et al. v. Lunada Bay Boys et al.</u>

========================================================================
PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

COUNSEL PRESENT FOR PLAINTIFFS:               COUNSEL PRESENT FOR DEFENDANTS:

Not Present                                   Not Present

========================================================================
PROCEEDINGS (in chambers): ORDER DENYING DEFENDANT BRANT BLAKEMAN'S
MOTION FOR AWARD OF COSTS [Docket No. 554]

This matter is before the Court on Defendant Brant Blakeman's ("Defendant" or "Blakeman")
Motion for Award of Costs ("Motion"), filed March 6, 2018.  Plaintiffs Cory Spencer ("Spencer"),
Diana Milena Reed ("Reed"), and Coastal Protection Rangers, Inc. ("CPRI") (together, "Plaintiffs")
opposed the Motion ("Opposition") on March 19, 2018.  The Court found this matter suitable for
disposition without oral argument and vacated the hearing set for April 2, 2018.  *See* Fed. R. Civ.
P. 78(b).

Under 28 U.S.C.A. § 1919, the Court has the discretion to "order the payment of just costs" when
a suit is dismissed in any district court for want of jurisdiction.  28 U.S.C.A. § 1919.  On February
12, 2018, the Court issued an order declining supplemental jurisdiction over Plaintiffs' state law
claims against Defendant.  (ECF No. 545.)  Having read and considered the parties' arguments,
the Court declines to award the payment of costs to Defendant.  The Motion is accordingly
**DENIED**.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:   CV 16-02129-SJO (RAOx)                           Date:   March 29, 2018

Title:     Cory Spencer, et al. v. Lunada Bay Boys, et al.

---

Present:        The Honorable   **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**        (In Chambers) **MINUTE ORDER RE MONETARY SANCTIONS AGAINST DEFENDANT BLAKEMAN**

## I.     **INTRODUCTION**

On October 30, 2017, Plaintiffs Cory Spencer, Diana Milena Reed, and Coastal Protection Rangers, Inc. ("Plaintiffs") filed an *Ex Parte* Application for an Order Setting Hearing on Plaintiffs' Motion for Sanctions against Defendants Brant Blakeman and the City of Palos Verdes Estates ("*Ex Parte* Application"). Dkt. No. 508. The *Ex Parte* Application included Plaintiffs' Motion for Sanctions against Defendants Blakeman and the City of Palos Verdes Estates (the "City"). Dkt. Nos. 508-2, 508-3. On December 13, 2017, the undersigned issued a Report and Recommendation ("Report") recommending that Plaintiffs be granted monetary sanctions against Defendant Blakeman in the form of reasonable attorneys' fees and costs incurred by Plaintiffs in bringing their Motion for Sanctions against Defendant Blakeman. Dkt. No. 538. On February 12, 2018, the District Court adopted the Report. Dkt. No. 544.

Plaintiffs' counsel filed their declarations in support of a monetary fee award on February 22, 2018. Dkt. Nos. 550-551. Defendant Blakeman filed his brief in response ("Response") on March 1, 2018. Dkt. No. 552.

For the reasons set forth below, the Court determines that a reasonable amount of the monetary fee award is **$65,203.13 for work performed by Hanson Bridgett and $3,020 for work performed by Otten Law, PC.**

///

---

Case 2:16-cv-02129-SJO-RAO   Document 566-1   Filed 03/29/18   Page 2 of 14   Page ID
#:19658

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:   CV 16-02129-SJO (RAOx)                    Date:   March 29, 2018

Title:      Cory Spencer, et al. v. Lunada Bay Boys, et al.

## II.   LEGAL STANDARDS

      In the Ninth Circuit, "[d]istrict courts must calculate awards for attorneys' fees using the
lodestar method." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)
(citation and quotation marks omitted). This determination is made by multiplying the number
of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckhart*, 461 U.S. 424,
433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). It is important for the district court to provide a
concise but clear explanation of its reasons for a fee award. *Id.* at 438.

      The established standard to determine a reasonable hourly rate is the "rate prevailing in
the community for similar work performed by attorneys of comparable skill, experience, and
reputation." *Camacho*, 523 F.3d at 979 (citation omitted). The relevant community is the forum
in which the district court sits. *Id.* The proper scope of comparison "extends to all attorneys in
the relevant community engaged in equally complex Federal litigation, no matter the subject
matter." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (internal
quotations omitted). The burden is on the party moving for fees to produce satisfactory
evidence, in addition to the attorneys' own affidavits, that the requested rates are in line with the
prevailing rates in the relevant community. *Camacho*, 523 F.3d at 980. Affidavits of the moving
party's attorneys and other attorneys regarding prevailing rates and rate determinations in other
cases are satisfactory evidence. *Id.* The party opposing the fee application then has a burden of
rebuttal to submit evidence challenging the accuracy and reasonableness of the facts in the
submitted affidavits. *Id.* "If an applicant fails to meet its burden, the court may exercise its
discretion to determine reasonable hourly rates based on its experience and knowledge of
prevailing rates in the community." *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, CV13-5693 PSG
(GJSx), 2017 WL 4685536, at *8 (C.D. Cal. May 8, 2017).

      The district court should exclude hours that were not "reasonably expended." *Hensley*,
461 U.S. at 434. Hours that are excessive, redundant, or otherwise unnecessary may be
excluded. *See id.* "[O]pposing counsel's billing records may be relevant to determining whether
the prevailing party spent a reasonable number of hours," although these records are not
dispositive. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

      The lodestar figure is "presumptively a reasonable fee award," but the district court may
adjust it to account for other factors if circumstances warrant. *Camacho*, 523 F.3d at 978. The

---

# CERTIFICATE OF SERVICE

### *Spencer, et al. v. Lunada Bay Boys, et al.*
### United States Court of Appeal, Ninth Circuit Case No. 17-80033
### [U.S.D.C. Central District of CA, Case No. 2:16-cv-02129-SJO (RAO)

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, 11th Floor, Los Angeles, California 90017.

       On April 20, 2018, I served the foregoing document(s) described as:

### DEFENDANT BRANT BLAKEMAN'S *AMENDED* NOTICE OF CROSS-APPEAL [9th Circuit Case No.: 18-55383]

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

☒   **BY MAIL** (C.C.P. §§ 1013a, et seq.): I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   **ELECTRONIC MAIL SERVICE:** I served the above documents by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorneys of record for the parties herein at the email address(es) of said attorney(s) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as complete and without error. I am readily familiar with Veatch Carlson, LLP business practices for electronic service.

☒   **FEDERAL :** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

       Executed on April 20, 2018, at Los Angeles, California.

LAURA A. MORALES_____      /s/_____
Type or Print Name                            Signature

*Spencer, et al. v. Lunada Bay Boys, et al.*
**United States Court of Appeal, Ninth Circuit Case No. 17-80033**
**[U.S.D.C. Central District of CA, Case No. 2:16-cv-02129-SJO (RAO)**

**SERVICE LIST**

| | |
|---|---|
| Gary Watt, Esq.<br>Kurt A. Franklin, Esq.<br>Samantha Wolff, Esq.<br>HANSON BRIDGETT LLP<br>425 Market Street, 26th Floor<br>San Francisco, CA 94105 | Attorneys for Plaintiffs/Appellants<br><br>Telephone: (415) 442-3200<br>Facsimile: (415) 541-9366<br>Email: gwatt@hansonbridgett.com<br>Email: kfranklin@hansonbridgett.com<br>Email: swolff@hansonbridgett.com |
| Victor Otten, Esq.<br>Kavita Tekchandani, Esq.<br>OTTEN LAW PC<br>3620 Pacific Coast Highway, #100<br>Torrance, CA 90505 | Attorneys for Plaintiffs/Appellants<br><br>Telephone: (310) 378-8533<br>Facsimile: (310) 347-4225<br>Email: vic@ottenlawpc.com<br>Email: kavita@ottenlawpc.com |
| Edwin J. Richards, Esq.<br>Antoinette P. Hewitt, Esq.<br>Rebecca L. Wilson, Esq/<br>Jacob Song, Esq.<br>KUTAK ROCK LLP<br>5 Park Plaza, Suite 1500<br>Irvine, CA 992614-8595 | Attorneys for Defendants/Respondents<br>**CITY OF PALOS VERDES ESTATES and CHIEF OF POLICE JEFF KEPLEY**<br><br>Telephone: (949) 417-0999<br>Facsimile: (949) 417-5394<br>Email: ed.richards@kutakrock.com<br>Email: antoinette.hewitt@kutakrock.com<br>Email: rebecca.wilson@kutakrock.com<br>Email: jacob.song@kutakrock.com |
| J. Patrick Carey, Esq.<br>LAW OFFICES OF<br>  J. PATRICK CAREY<br>1230 Rosecrans Avenue, Suite 270<br>Manhattan Beach, CA 90266 | Attorney for Defendant/Respondent<br>**ALAN JOHNSTON aka JALIAN JOHNSTON**<br><br>Telephone: (310) 526-2237<br>Facsimile: (424) 456-3131<br>Email: pat@patcareylaw.com<br>Email Used by ECF:<br>pat@southbaydefenselawyer.com |

| SERVICE LIST | |
|---|---|
| Peter R. Haven, Esq.<br>HAVEN LAW<br>1230 Rosecrans Avenue, Suite 300<br>Manhattan Beach, CA 90266 | Attorney for Defendant/Respondent<br>**MICHAEL RAY PAPAYANS**<br><br>Telephone: (310) 272-5353<br>Facsimile: (213) 477-2137<br>Email: peter@hblwfirm.us<br>Email: peter@havenlaw.com |
| Mark C. Fields, Esq.<br>LAW OFFICES OF MARK C. FIELDS, APC<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 | Attorney for Defendants/Respondents<br>**ANGELO FERRARA; N.F. appearing through Guardian Ad Litem, Leonora Ferrara**<br><br>Telephone: (213) 948-2349<br>Facsimile:  (213) 629-4520<br>Email:  fields@markfieldslaw.com |
| Thomas M. Phillips, Esq.<br>THE PHILLIPS FIRM<br>800 Wilshire Boulevard, Suite 1550<br>Los Angeles, CA 90017 | Attorney for Defendant/Respondent<br>**ANGELO FERRARA**<br><br>Telephone: (213) 244-9913<br>Facsimile: (213) 244-9915<br>Email: tphillips@thephillipsfirm.com |
| Patrick Au, Esq.<br>BREMER WHYTE BROWN<br>  & O'MEARA, LLP<br>21271 Burbank Blvd., Suite 110<br>Woodland Hills, CA 91367 | Attorney for Defendants/Respondents<br>**FRANK FERRARA and CHARLIE FERRARA**<br><br>Telephone: (818) 712-9800<br>Facsimile:  (818) 712-9900<br>Email:  pau@bremerwhyte.com<br>Email: lbell@bremerwhyte.com |
| Dana Alden Fox, Esq.<br>Edward E. Ward, Jr., Esq.<br>Eric Y. Kizirian, Esq.<br>Tera Lutz, Esq.<br>LEWIS BRISBOIS BISGAARD<br>  & SMITH LLP<br>633 W. 5th Street, Suite 4000<br>Los Angeles, CA 90071 | Attorneys for Defendant/Respondent<br>**SANG LEE**<br><br>Telephone: (213) 580-3858<br>Facsimile: (213) 250-7900<br>Email: Dana.Fox@lewisbrisbois.com<br>Email:Edward.Wrd@lewisbrisbois.com<br>Email Eric.Kizirian@lewisbrisbois.com<br>Email:Tera.Lutz@lewisbrisbois.com |

| **SERVICE LIST** | |
| --- | --- |
| Daniel M. Crowley, Esq.<br>BOOTH, MITCHEL<br>  & STRANGE LLP<br>707 Wilshire Blvd., Suite 4450<br>Los Angeles, CA  90017 | Attorneys for Defendant/Respondent<br>  **SANG LEE**<br>Telephone:  (213) 738-0100<br>Facsimile:  (213) 380-3308<br>Email: dmcrowley@boothmitchel.com |