| | |
|---|---|
| EDWIN J. RICHARDS (SBN 43855)<br>Email: Ed.Richards@kutakrock.com<br>ANTOINETTE P. HEWITT (SBN 181099)<br>Email: Antoinette.hewitt@kutakrock.com<br>CHRISTOPHER D. GLOS (SBN 210877)<br>Email: Christopher.Glos@kutakrock.com<br>JACOB SONG (SBN 265371)<br>Email: Jacob.Song@kutakrock.com<br>KUTAK ROCK LLP<br>Suite 1500<br>5 Park Plaza<br>Irvine, CA  92614-8595<br>Telephone:   (949) 417-0999<br>Facsimile:    (949) 417-5394<br><br>Attorneys for Defendants<br>CITY OF PALOS VERDES ESTATES and<br>CHIEF OF POLICE JEFF KEPLEY | **[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]** |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA; WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>                    Plaintiffs,<br><br>          v.<br><br>LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON aka JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA and N.F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10,<br><br>                    Defendants. | Case No.  2:16-cv-02129-SJO-RAO<br><br>Assigned to<br>District Judge:  Hon. S. James Otero<br>Courtroom: 10C @ 350 W. First Street, Los Angeles, CA  90012<br><br>Assigned Discovery:<br>Magistrate Judge:  Hon. Rozella A. Oliver<br><br>**[EXEMPT FROM FILING FEES PURSUANT TO GOVERNMENT CODE § 6103]**<br><br>**DEFENDANTS CITY OF PALOS VERDES ESTATES AND CHIEF OF POLICE JEFF KEPLEY'S OPPOSITION TO PLAINTIFFS' MOTION TO RETAX COSTS**<br><br>[Filed concurrently with the Declaration of Antoinette P. Hewitt]<br>Complaint Filed:      March 29, 2016<br>Hearing:                     June 4, 2018<br>Time:                         10:00 a.m.<br>Courtroom:               10C |

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................................................................... 1

II.  PLAINTIFFS' MOTION SHOULD BE DENIED DUE TO IMPROPER RELIANCE ON EVIDENCE AND ARGUMENT THEY FAILED TO PRESENT IN THEIR OBJECTIONS PURSUANT TO L.R. 54-8 ................................................................................................................ 1

III. PLAINTIFFS' NEW ARGUMENTS AND EVIDENCE CANNOT OVERCOME THE PRESUMPTION IN FAVOR OF AWARDING COSTS AS A MATTER OF LAW ................................................................ 3

   A. The City Defendants Are the "Prevailing Party" For All Purposes in this Action ........................................................................ 4

      1. Plaintiffs' request to "defer" the award of costs lacks merit ............................................................................................ 5

   B. Factors Considered in the Ninth Circuit Support an Award of Costs, Warranting Denial of Plaintiffs' Motion ................................... 5

      1. The issues were not close or difficult in this case; the Court's orders on class certification and summary judgment demonstrate that Plaintiffs' were plainly not entitled to the relief requested ..................................................... 6

      2. The fact that an action happens to involve civil rights does not preclude an award of costs ..................................................... 9

      3. Plaintiffs fail to demonstrate indigence or that the award of costs will chill future litigation ............................................... 11

      4. Plaintiffs' "positive change" contentions are irrelevant in deciding whether to award costs, and were absent from the record before the Clerk in violation of L.R. 54-8 ............... 13

IV.  PLAINTIFFS DID NOT SUBSTANTIVELY COMPLY WITH L.R. 7-3 ............................................................................................................... 14

V.   CONCLUSION ................................................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Association of Mexican-American Educators v. State of California*,
231 F.3d 572 (9th Cir. 2000) ................................................................. 6, 9, 10, 12

*Berkla v. Corel Corp.*,
302 F.3d 909 (9th Cir. 2002) ................................................................................ 5

*Draper v. Rosario*,
836 F.3d 1072 (9th Cir. 2016) ............................................................................ 11

*Escriba v. Foster Poultry Farms, Inc.*,
743 F.3d 1236 (9th Cir. 2014) ..................................................................... *passim*

*Golden Eagle Distributing Corp. v. Burroughs Corp.*,
801 F.2d 1531 (9th Cir. 1986) ............................................................................ 13

*Hashimoto v. Dalton*,
118 F.3d 671 (9th Cir. 1997) ................................................................................ 4

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*,
76 F.3d 1178 (Fed. Cir. 1996) .............................................................................. 4

*Marx v. General Revenue Corp.*,
133 S.Ct. 1166 (2013) ........................................................................................... 5

*Memory Lane, Inc. v. Classmates International, Inc.*,
2014 WL 12617383 (C.D. Cal. July 25, 2014) .................................................... 2

*Mformation Technologies, Inc. v. Research in Motion Ltd.*,
2012 WL 6025746 (N.D. Cal. 2012) .................................................................. 12

*Mulligan v. Yang*,
2017 WL 826909 (C.D. Cal. Mar. 2, 2017) ....................................................... 15

*Save Our Valley v. Sound Transit*,
335 F.3d 932 (9th Cir. 2003) ............................................................................ 3, 5

*Stanley v. University of Southern California*,
178, F.3d 1069, 1079-1080 (9th Cir. 1999) ....................................................... 11

*Vape Society Supply Corp v. Zeiadeh*,
2017 WL 2919080 (C.D. Cal. Feb. 6, 2017) ...................................................... 15

*Walker v. State of Calif.*,
200 F.3d 624 (9th Cir. 1999) ................................................................................ 5

## I. INTRODUCTION

Defendants City of Palos Verdes Estates and Chief of Police Jeff Kepley (collectively, the "City Defendants") hereby oppose Plaintiffs Cory Spencer, Diana Milena Reed, and Coastal Protection Rangers, Inc.'s (collectively, "Plaintiffs") Motion to Retax Costs ("Motion"). *See* Dkt. No. 581. Plaintiffs' Motion is procedurally improper and should be denied on that basis; their Motion relies on evidence and arguments that were not part of the record presented to the Clerk as part of their Objections to the City Defendants' Application to Tax Costs. *See* Dkt. No. 557 (Plaintiffs filed no exhibits in support thereof). Since a motion to retax costs under L.R. 54-8 is limited to the record before the Clerk as part of L.R. 54-2.2 objections, Plaintiffs' Motion must be denied to the extent it relies on evidence and argument outside of the record before the Clerk.

Moreover, Plaintiffs fail to meet their burden with respect to the presumption in favor of awarding costs to the prevailing party, which further justifies denial of their Motion. The relevant factors previously discussed by the City Defendants (Dkt. No. 559) plainly demonstrate that Plaintiffs fall short of rebutting the presumption in favor of awarding costs. Additional pertinent case law and evidence cited herein demonstrates why Plaintiffs' Motion should be denied, and why the City Defendants should recover their awarded costs.

## II. PLAINTIFFS' MOTION SHOULD BE DENIED DUE TO IMPROPER RELIANCE ON EVIDENCE AND ARGUMENT THEY FAILED TO PRESENT IN THEIR OBJECTIONS PURSUANT TO L.R. 54-8

Following the Court's entry of judgment in favor of the City Defendants (Dkt. No. 548), the City Defendants submitted their Application to Tax Costs (Dkt. No. 553). Thereafter, Plaintiffs filed objections (Dkt. No. 557), and the City Defendants responded (Dkt. No. 559). After considering the aforementioned filings, the Clerk taxed costs in the amount of $23,119.11 in favor of the City

Defendants. *See* Dkt. No. 580.

Plaintiffs now challenge the costs award in favor of the City Defendants. L.R. 54-8 states the following:

> Review of the Clerk's taxation of costs may be obtained by a motion to retax costs filed and served within seven (7) days of the Clerk's decision. *That review will be limited to the record made before the Clerk*, and encompass only those items specifically identified in the motion.

Emphasis added. Based on the plain language of the local rules, consideration of a motion to retax costs is expressly limited to the record made before the Clerk. Evidence and argument not presented to the Clerk in Objections under L.R. 54-2.2 fall outside the "record" within the meaning of L.R. 54-8, and cannot be considered in a motion to retax costs. *See Memory Lane, Inc. v. Classmates International, Inc.*, 2014 WL 12617383, *3 (C.D. Cal. July 25, 2014) (observing that evidence newly presented in a motion to retax costs "was not before the Clerk").

As part of this Court's Standing Order "…counsel are ordered to familiarize themselves with … the Local Rules ("L.R.") of the Central District of California." Standing Order for Civil Cases Assigned to Judge S. James Otero, A-2:13-14. Having litigated this case for over two years, it must be presumed that counsel for all parties—including Plaintiffs' counsel—have familiarized themselves with the local rules of this district. It must further be presumed that Plaintiffs' counsel were aware that the record for a motion under L.R. 54-8 would be limited in scope to that which was presented to the Clerk in Objections filed pursuant to L.R. 54-2.2. Plaintiffs' Objections to the City Defendants' Application to Tax Costs cite to the City Defendants' Application to Tax Costs (Dkt. No. 553), the Court's Order Granting Summary Judgment (Dkt. No. 545), and the Court's Order Granting in Part and Denying in Part the City Defendants' Motion to Dismiss (Dkt. No. 84). No other filings are referenced. Plaintiffs also chose not to submit any evidence, declarations, exhibits, or other documents in creating the record before the Clerk.

*See* Dkt. No. 557.

In violation of L.R. 54-8, Plaintiffs improperly attempt to create a new record that they failed to present to the Clerk. Plaintiffs attach to the Declaration of Russell C. Peterson ("Peterson Decl."; Dkt. No. 581-2) a total of seven exhibits comprising 85-pages of documents that were not part of the record before the Clerk. Such conduct stands as a clear violation of the local rules of this district and of the Standing Order of this Court. Consideration of Plaintiffs' Motion is limited to the record before the Clerk, which they attempt to circumvent by submitting the new exhibits to the Peterson Decl. This violates L.R. 54-8. Such conduct also demonstrates that Plaintiffs' counsel either knowingly violated this Court's Standing Order, or failed to apprise themselves thereof. Plaintiffs' Motion should be denied on these grounds alone. In the alternative, the Court should strike or otherwise disregard the entirety of the Peterson Decl., as Plaintiffs omitted all such evidence from the record before the Clerk by failing to present such evidence in their Objections under L.R. 54-2.2.

### III. PLAINTIFFS' NEW ARGUMENTS AND EVIDENCE CANNOT OVERCOME THE PRESUMPTION IN FAVOR OF AWARDING COSTS AS A MATTER OF LAW

The City Defendants refer to and incorporate by reference the previously filed Response to Plaintiffs' Objections to the City's Application to Tax Costs. *See* Dkt. No. 559. Ultimately, the Clerk awarded the City Defendants 87% of the costs requested—a decidedly reasonable cost award that contradicts Plaintiffs attempt to mischaracterize as "overreaching and improper." As the losing party, Plaintiffs bear the burden of overcoming the presumption in favor of awarding costs by affirmatively showing that the City Defendants—as the prevailing party—are not entitled to costs. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-945 (9th Cir. 2003). Because Plaintiffs fail to overcome this presumption, their Motion should be denied.

### A. The City Defendants Are the "Prevailing Party" For All Purposes in this Action

At the outset, Plaintiffs do not cite any authority regarding their erroneous contention that the City Defendants are not the "prevailing party" in this action. The Ninth Circuit provides for the following when determining whether a party is a "prevailing party" for the purposes of awarding costs:

> A litigant need not prevail on every issue, or even on the "central issue" in the case, to be considered the prevailing party. It is enough that she succeeds "on any significant claim affording some of the relief sought." If the [party] is only partially successful in seeking the relief, and achieves only some of the benefit sought by the litigation, she is still considered the prevailing party. <u>"The degree of success is irrelevant to the question whether the [party] is the prevailing party."</u>

*Hashimoto v. Dalton*, 118 F.3d 671, 677 (9th Cir. 1997) (emphasis added). It is beyond dispute that the Court granted in full the City Defendants' Motion for Summary Judgment. *See* Dkt. No. 545 ("the Court **GRANTS** Defendants City of Palos Verdes Estates and Chief of Police Jeff Kepley's Motion for Summary Judgment" (emphasis in original)). Under *Hashimoto*, the City Defendants succeeded on the sole claim brought against them in *this action*, and are the prevailing party for the purposes of awarding costs. The outcome of the state-court action has no bearing on an award of costs in this action; no authority is cited regarding this incorrect proposition by Plaintiffs. As one court stated, when one party wins on every claim at issue, "determining which party has prevailed is a straightforward task." *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996). Here, the City Defendants prevailed on every claim at issue, and should be awarded costs as the prevailing party. There is no evidence to the contrary.

### 1. Plaintiffs' request to "defer" the award of costs lacks merit

Like the contentions regarding who is a "prevailing party," Plaintiffs similarly err in seeking to defer the award of costs to the City Defendants. There is simply no authority for the "wait and see" approach to awarding costs that Plaintiffs mistakenly advocate; the City Defendants prevailed in this action, and now appropriately seek a narrowly-tailored award of costs. The outcome of the state-court action has no bearing on the fact that the City Defendants prevailed in *this* action. If Plaintiffs disagree, then they may file a separate appeal, as an award of costs is separately appealable. *See Walker v. State of Calif.*, 200 F.3d 624, 626 (9th Cir. 1999). There is no basis to "defer" an award of costs, and Plaintiffs' arguments on this issue should be disregarded.

### B. Factors Considered in the Ninth Circuit Support an Award of Costs, Warranting Denial of Plaintiffs' Motion

The Supreme Court notes that Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party. *See Marx v. General Revenue Corp.*, 133 S.Ct. 1166, 1172-1173 (2013). Thus, any analysis of whether to award costs begins with the presumption that the prevailing party should recover allowable costs. Then, the losing party (here, Plaintiffs) must affirmatively rebut that presumption and demonstrate that the prevailing party is not entitled to recover its costs. *See Save Our Valley*, *supra*, 335 F.3d at 944-945. The City Defendants recognize that courts retain discretion to decide whether to award costs; however, deviating from this presumption requires a "valid reason," which Plaintiffs fail to identify in their Motion. *See Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002) (district court exercising discretion to deny costs must be based on specified reasons); *see Save Our Valley*, *supra* (declining to award costs to prevailing party must be supported by a "valid reason"). Moreover, the fact that an action happens to involve civil rights does not affect application of the presumption in favor of

awarding costs to the prevailing party. *See Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000) ("We do not mean to suggest that the presumption in favor of awarding costs to prevailing parties does not apply to defendants in civil rights actions"). Among the factors considered are "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014).

        1.        The issues were not close or difficult in this case; the Court's orders on class certification and summary judgment demonstrate that Plaintiffs' were plainly not entitled to the relief requested

Plaintiffs avoid discussing the closeness and difficult of the issues in this case. Plaintiffs likely avoid such a discussion, because this Court found that there were no close or difficult issues in denying class certification and in granting the City Defendants' Motion for Summary Judgment. For example, in denying class certification, this Court set forth the following clear reasons:

- "…Plaintiffs have <u>no admissible evidence</u> that 'this beach-going class is minimally more than 20,000.'" Dkt. No. 225, p. 16 (emphasis added).
- "Plaintiffs' allege City Defendants have 'unlawfully excluded Plaintiffs, and persons like them, from their right to recreational opportunities at Palos Verdes Estates…" Yet <u>Plaintiffs offer no explanation as to how this contention can be resolved on a class-wide basis</u>." *Id*., at p. 18 (emphasis added).
- "Thus, Plaintiffs' own evidence indicates no 'common answer' can be elicited from the putative class members regarding their Equal Protection Claim." *Id*.

By way of further example, in granting the City Defendants' Motion for

Summary Judgment, the Court articulated the following clear reasons:

- "Moreover, while investigating and prosecuting instances of harassment could certainly have a deterrent effect on the practice, it is a *paradigmatic logical fallacy* to equate lack of prevention with causation." Dkt. No. 545, p. 13 (emphasis added).

- "Plaintiffs offer no support for a finding that the requested relief would redress, or indeed have any effect, on these types of discrimination. As such, CPRI does not have standing to allege claims based on racial or gender discrimination." *Id*., p. 14.

- "CPRI does not include or identify a single member that is representative of its claims, and thus the Court cannot determine whether or not its members would otherwise have standing to sue in their own right. Alleging facts general to the organization, as CPRI does here, is insufficient to meet this requirement. Even assuming it satisfies the other requirements, CPRI's claim of associational standing must fail." *Id*.

- "Moreover, it is far from clear that the record suggests a true failure to investigate actually occurred; Reed was discouraged from conducting a citizen's arrest, but was asked and obliged when she wanted to file a police report. *More tellingly, Reed's complaint did eventually result in an investigation and arrest, even if both occurred later than Reed would have liked*." *Id*., p. 16 (emphasis added, citations omitted).

- "*Spencer's claim of discriminatory conduct based on failure to investigate is even less convincing*. Spencer admits that the PVEPD was responsive to his requests to provide extra patrols, and that he did not ask to file a police report or follow up on the incident that occurred when he was surfing…Without evidence that shows the officers observed and ignored clear criminal conduct, or rejected Spencer's

express intent to instigate an investigation into the matter, *it cannot be said that a failure to investigate occurred*." *Id*. (emphasis added, citations omitted).

- "A City's failure to effective address certain crimes does not mean it is complicit in those crimes, and *any evidence that would support the latter is either extremely weak or nonexistent*." *Id*., p. 17 (emphasis added).

- Most importantly, *the record is notoriously* absent of any examples that would demonstrate that a PVEPD officer or representative of the city had actual knowledge of a specific incident or crime and failed to investigate or follow up on this crime. *Without showing that a failure to investigate has happened repeatedly, Plaintiffs' cannot even begin to argue that such failure is a 'custom, policy, or practice' of the City. On this ground alone, Plaintiffs' Equal Protection Claim must fail*." *Id*. (emphasis added).

The conclusion from the Order granting the City Defendants' Motion for Summary Judgment supports the award of costs:

> Plaintiffs' Equal Protection Claim has a number of deficiencies, including: 1) CPRI's lack of standing to bring claims of racial and gender discrimination; 2) lack of a causal nexus between the claims of discriminatory traffic enforcement and the alleged injuries; 3) lack of evidence that would demonstrate that a discriminatory failure to investigate occurred against Plaintiffs; and 4) lack of evidence that would demonstrate that such discriminatory failure to investigate is a custom, policy, or practice of the City. As no reasonable jury could find that Plaintiffs' equal protection rights were violated, Plaintiffs' Equal Protection Claim must be wiped out. Accordingly, the Court **GRANTS** City Defendants' Motion.

Dkt. No. 545, p. 17 (emphasis in original). Here, the issues were not close; the Court found at both the class certification phase and the summary judgment phase

that there were no close issues in ruling in favor of the City Defendants, identifying numerous grounds upon which to deny certification and upon which to grant summary judgment. Based on the lack of merit in Plaintiffs' claims reflected in the Court's Orders (Dkt. Nos. 225, 545), the City Defendants should be awarded costs as the prevailing party.

        2.        The fact that an action happens to involve civil rights does not preclude an award of costs

Plaintiffs contend that costs should not be awarded because they brought a civil rights lawsuit. This is an incorrect statement of the law. This circuit notes, "[w]e do not mean to suggest that the presumption in favor of awarding costs to prevailing parties does not apply to defendants in civil rights actions." *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 593 (9th Cir. 2000). Moreover, it is clear that Plaintiffs' action was not and never has been based on race or gender discrimination, as they dubiously claim. *See* Dkt. No. 581-1, p. 6-7. By their own admission, Plaintiffs described their proposed class as follows:

> <u>All visiting beachgoers to Lunada Bay who do not live in Palos Verdes Estates</u>, as well as those who have been **deterred** from visiting Lunada Bay because of the Bay Boys' actions, the Individual Defendants' actions, the City of PVE's actions and inaction, and Defendant Chief of Police Kepley's action and inaction, and **subsequently denied during the Liability Period**, and/or are **currently being denied**, on the basis of them living outside of the City of PVE, full and equal enjoyment of rights under the state and federal constitution, to services, facilities, privileges, advantages, and/or recreational opportunities at Lunada Bay. For purposes of this class, "visiting beachgoers" includes all persons who do not reside in the City of PVE, and who are not members of the Bay Boys, but want lawful, safe, and secure access to Lunada Bay to engage in recreational activities, including, but not limited to, surfers, boaters, sunbathers, fisherman, picnickers, kneeboarders, stand-up paddle boarders, boogie boarders, bodysurfers, windsurfers, kite surfers, kayakers, walkers, dog

walkers, hikers, beachcombers, photographers, and sightseers.

Dkt. No. 225, p. 4 (bold in original, underlined added).  Nothing about Plaintiffs' putative class action involved gender or race discrimination.  Once the Court denied certification, the action was reduced to two individual claims of violations of Equal Protection and a non-profit's similar claim.  Plaintiffs themselves framed this action in terms of treatment of residents versus non-residents visiting Lunada Bay; again, race and gender discrimination were never been implicated in this action *until* Plaintiffs made such arguments for the first time in their opposition to the City Defendants' Motion for Summary Judgment.  The Court disregarded these unsupported contentions, noting the following:

> Aside from violating the long-standing rule against raising new legal theories in an opposition to summary judgment, *see Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000), Plaintiffs offer no support for a finding that the requested relief would redress, or indeed have any effect, on these types of discrimination. As such, CPRI does not have standing to allege claims based on racial or gender discrimination.

Dkt. No. 545, p. 14.  Plaintiffs delve into race and gender discrimination in support of their "beach access" contentions, while ignoring the fact that such discrimination was never a concern of Plaintiffs until the City Defendants moved for summary judgment.  *Id*.

Importantly, Plaintiffs omit the fact that they sought $50 million in damages in connection with their lawsuit.  *See* Dkt. No. 225, p. 9-10, 22-23 (Court noting Plaintiffs' expert "…not only fails to offer any support as to how he arrived at these figures [$50 million damage claim calculated at $50 to $80 per person per visit], but also fails to tie these numbers to the claims of the putative class members").  Thus, the idea that Plaintiffs brought this lawsuit solely for the purposes of providing beach access is contradicted by Plaintiffs' own filings in this action.  Finally, Plaintiffs omitted their cited evidence from the record before the Clerk, and their

reliance on such evidence violates L.R. 54-8.  In sum, Plaintiffs fail to demonstrate that their action was of "substantial public importance."

        3.      Plaintiffs fail to demonstrate indigence or that the award of costs will chill future litigation

Plaintiffs also contend that costs should not be awarded because Plaintiffs have limited financial resources, which they allege will "chill the protection of civil rights."  Plaintiffs assert that they did not bring this case out of self-interest, yet fail to acknowledge their $50 million damage claim that accompanied their lawsuit, which this Court ultimately denied.  *See* Dkt. No. 225, p. 9-10, 22-23.  Notwithstanding that damage claim, Plaintiffs fail to substantiate their allegation that awarding costs of less than $24,000 will have a chilling effect.  Pointedly, no evidence exists to support or substantiate their argument.  They merely point to the fact that Plaintiffs consist of two individuals and a non-profit organization, and provide no further explanation, justification, analysis, or legal authority to support their Motion.  A losing plaintiff must articulate specific reasons to deviate from the presumption in favor of costs; absent such reasons, costs should be awarded to the prevailing party.  For example, in Plaintiffs' cited case *Stanley v. University of Southern California*, 178, F.3d 1069, 1079-1080 (9th Cir. 1999), the losing plaintiff presented arguments and <u>evidence</u> that requiring her to pay costs would render her indigent, since indigency is a factor considered by courts in deciding whether to award costs.  In *Escriba*, the losing plaintiff presented argument and <u>evidence</u> of indigency if forced to pay costs, disclosing to the court that the proposed costs award would exceed her earned average of $11,622 per year.  743 F.3d at 1248.  The Ninth Circuit has also recognized that indigency alone does not exempt a losing plaintiff from paying costs.  *See Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (proceeding in forma pauperis does not alone exempt a losing plaintiff from paying costs to the prevailing party).

Stating Plaintiffs' hopes or goals with this lawsuit falls short of the required

evidence to overcome the presumption in favor of awarding costs. Plaintiffs effectively offer only the bare assertion that the award of costs will have a chilling effect. In evaluating whether an award of costs will actually have a chilling effect on future litigation, courts look to both the amount of the costs award and an analysis of said costs award with the losing plaintiff's financial condition. *See Escriba*, *supra*, 743 F.3d at 1248 (Only by comparing the costs award versus the losing plaintiff's <u>specific</u> financial condition was the court able to analyze any chilling effect); *see Association of Mexican-American Educators*, *supra*, 31 F.3d at 593 (Court denied $216,443.67 in costs award). Because Plaintiffs fail to furnish any specific information regarding their respective financial conditions, their arguments regarding any purported chilling effect are rendered purely speculative. Moreover, comparing the amount of costs presently at issue (i.e., $23,119.11) against amounts deemed chilling (e.g., in excess of $200,000) provides an objective metric that supports the award of costs to the City Defendants. Plaintiffs' Motion should be denied, since Plaintiffs do not articulate a valid reason to deviate from the presumption under Rule 54, nor do Plaintiffs provide the necessary evidence to support such unsupported arguments.

Finally, the City Defendants have simply availed themselves of legal remedies as the prevailing party in this action[1]. It is unsettling that Plaintiffs would allege—and that their counsel would approve of—the statement that "[t]he City Defendants are attempting to silence critics by seeking costs against victims of civil

---

[1] Plaintiffs allude to disparity in wealth between the City Defendants and Plaintiffs, and the City Defendants ability to pay their own costs in the introduction to the Motion as a basis for denying costs. *See* Dkt. No. 581-1, 2:5-9. Plaintiffs do not provide any further analysis on these issues. However, it bears noting that these arguments fails as a matter of law. "It is improper to deny costs based on the prevailing party's ability to pay its own costs…; the losing party's 'good faith'…; [or] disparity in wealth between the parties…" *Mformation Technologies, Inc. v. Research in Motion Ltd.*, 2012 WL 6025746, *2 (N.D. Cal. 2012).

1  rights violations." Dkt. No. 581-1, 9:14-15. Foremost, the Court determined that there were no civil rights violations that occurred in this case, as evidenced by the Order granting the City Defendants' Motion for Summary Judgment. *See* Dkt. No. 545. Thus, Plaintiffs' statement is factually incorrect. More importantly, to levy such a serious allegation without any supporting evidence borders on abusive litigation tactics that should not be tolerated by the Court. *See Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir. 1986) ("A lawyer should not be able to proceed with impunity in real or feigned ignorance of authorities which render his argument meritless"). Even in view of these unfounded allegations, the result is the same—no good cause or evidence supports this Motion, and it should be denied.

As with the entirety of their Motion, Plaintiffs once again rely on evidence that was not placed in the record before the Clerk, which provides further basis for denying their Motion.

    4. Plaintiffs' "positive change" contentions are irrelevant in deciding whether to award costs, and were absent from the record before the Clerk in violation of L.R. 54-8

Plaintiffs remain consistent throughout their Motion with respect to their violations of L.R. 54-8, particularly regarding their "positive change" contentions. None of the arguments or evidence presented were made part of the record before the Clerk, in violation of L.R. 54-8. Accordingly, such improper evidence and argument should be disregarded by the Court in ruling on this Motion. Furthermore, Plaintiffs offer no legal authority for the proposition that alleged "positive change" can overcome the presumption in favor of costs.

Notably, much of the credit for "positive change" that Plaintiffs attempt to garner for themselves occurred in connection with enhanced police action to address localism that *predated* incidents involving Plaintiffs and the filing of their lawsuit. The following, as noted in the Court's Order on the City Defendants' Motion for Summary Judgment (Dkt. No. 545), are exemplary:

- The City of Palos Verdes Estates passed two written ordinances to address localism. *Id*., p. 8.
- In May 2015, Chief Kepley assigned extra patrols to Lunada Bay at least through October 10, 2016, and resulted in 400-500 police patrols of the bluff and surf at Lunada Bay. *Id*.
- Chief Kepley identified measures to combat localism after educating himself on the subject, and on May 15, 2015, and issued a written memorandum to the City Council and the Mayor. *Id*.
- Chief Kepley explicitly directed police captains to active engage surfers and advise that the City would not tolerate harassment. *Id*.
- Chief Kepley engage the community to address localism, and also reached out to other law enforcement agencies to obtain insight/advice on the issue. *Id*., p. 9.
- The City Defendants distributed hundreds of cardboard fliers to combat localism and parked a patrol car at Lunada Bay with LED display that called for anyone to report harassment/incidents, despite the limited budget and staffing allocated to the police department. *Id*.

Thus, efforts to combat localism were well underway prior to the filing of Plaintiffs' lawsuit. There is no causal relationship between the filing of Plaintiffs' lawsuit and the *continued* efforts by the City Defendants to combat localism that were enhanced at least by May 2015—nearly one year prior to the filing of the instant action. Plaintiffs' arguments on this subject do not overcome the presumption in favor of awarding costs, and their Motion should be denied on this further basis.

## IV. PLAINTIFFS DID NOT SUBSTANTIVELY COMPLY WITH L.R. 7-3

The City Defendants acknowledge that some courts in this district deem the L.R. 7-3 conference of counsel requirement inapplicable to motions to retax costs

under L.R. 54-8. *See Mulligan v. Yang*, 2017 WL 826909, *1 (C.D. Cal. Mar. 2, 2017). Nevertheless, Plaintiffs' counsel elected to engage counsel for the City Defendants' in meet and confer efforts regarding their Motion. *See* Declaration of Antoinette P. Hewitt ("Hewitt Decl.") ¶ 2. However, Plaintiffs' counsel failed to actually meet and confer, as "…Local Rule 7-3 requires a moving party to (1) affirmatively reach out to opposing counsel about an impending motion, (2) thoroughly discuss the substantive issues raised by the contemplated motion, and (3) make a good faith, fully-informed effort to reach a resolution." *Vape Society Supply Corp v. Zeiadeh*, 2017 WL 2919080, *2 (C.D. Cal. Feb. 6, 2017) (emphasis added). Plaintiffs' Notice (Dkt. No. 581) incorrectly complains about a two-business day delay in conducting the conference of counsel. Plaintiffs misstate the facts. Plaintiffs' counsel sent their first request to meet and confer on Friday, April 27, 2018 at 3:41 p.m.—effectively the close of the business day. *See* Exhibit 1, Hewitt Decl. ¶ 2. By the *next* business day, Monday, April 30, 2018, counsel for the City Defendants participated in the conference of counsel. *Id*., ¶¶ 2-3. Plaintiffs' counsel never voiced any complaints until the filing of their Motion, likely because the conference of counsel occurred within a reasonable time period.

During the first conference of counsel, Plaintiffs' counsel, Lisa Pooley, stated that the motion to retax costs would be based on their assertion that (1) the City Defendants were not a prevailing party and (2) this action was an important civil rights case that Ms. Pooley believed would be overturned on appeal. *See* Hewitt Decl. ¶ 3. Ms. Pooley also appeared to imply that it was unfair to seek costs from a non-profit organization and two individuals. *Id*. No further information was disclosed from Ms. Pooley regarding the substantive issues to be raised by the contemplated motion. *Id*. Based on that limited information, counsel for the City Defendants communicated the intention to oppose such a motion. *Id*., ¶ 4.

Due to the dearth of information disclosed, counsel for the City Defendants requested a subsequent conference of counsel to determine whether Plaintiffs

intended to argue indigency in their Motion. *See* Hewitt Decl. ¶ 5. However, the the subsequent conference of counsel provided little to no detail regarding substantive details sought by counsel for the City Defendants. *See., e.g., Id.*, ¶¶ 6-10.

Because Plaintiffs' counsel could not provide specifics on the substantive issues that would be raised in the motion to retax costs, the basis for opposition remained to be determined, as opposition necessarily depends on the substantive basis for Plaintiffs' Motion. *See* Hewitt Decl. ¶ 11. At that point, Plaintiffs' counsel terminated the telephone conference. *Id.*, ¶ 12. Plaintiffs' counsel also never advised the City Defendants that they intended to file *new* evidence in support of their Motion. *Id.*, ¶ 13. The inability of Plaintiffs' counsel to substantively meet and confer days prior to filing serves to highlight the lack of good cause in said Motion. The conduct of Plaintiffs' counsel underscores the shortcomings of their Motion, and supports denial thereof.

## V. CONCLUSION

For the foregoing reasons, the City Defendants request that the Court deny Plaintiffs' Motion, and allow the City Defendants to recover costs awarded by the Clerk.

Dated: May 11, 2018                KUTAK ROCK LLP


By: /s/ *Jacob Song*
Edwin J. Richards
Antoinette P. Hewitt
Christopher D. Glos
Jacob Song
Attorneys for Defendants
CITY OF PALOS VERDES ESTATES
and CHIEF OF POLICE JEFF KEPLEY