HANSON BRIDGETT LLP
KURT A. FRANKLIN, SBN 172715
kfranklin@hansonbridgett.com
LISA M. POOLEY, SBN 168737
lpooley@hansonbridgett.com
SAMANTHA WOLFF, SBN 240280
swolff@hansonbridgett.com
RUSSELL C. PETERSEN, SBN 264245
russ.petersen@hansonbridgett.com
CANDICE P. SHIH, SBN 294251
cshih@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

HANSON BRIDGETT LLP
TYSON M. SHOWER, SBN 190375
tshower@hansonbridgett.com
500 Capitol Mall, Suite 1500
Sacramento, California 95814
Telephone:   (916) 442-3333
Facsimile:   (916) 442-2348

OTTEN LAW, PC
VICTOR OTTEN, SBN 165800
vic@ottenlawpc.com
KAVITA TEKCHANDANI, SBN 234873
kavita@ottenlawpc.com
3620 Pacific Coast Highway, #100
Torrance, California 90505
Telephone:   (310) 378-8533
Facsimile:   (310) 347-4225

Attorneys for Plaintiffs
CORY SPENCER, DIANA MILENA REED, and COASTAL PROTECTION RANGERS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CORY SPENCER, an individual; DIANA MILENA REED, an individual; and COASTAL PROTECTION RANGERS, INC., a California non-profit public benefit corporation,<br><br>Plaintiffs, | CASE NO. 2:16-cv-02129-SJO (RAOx)<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO RE-TAX COSTS** |

| | | |
|---|---|---|
| 1 | v. | Judge: Honorable S. James Otero |
| 2 | LUNADA BAY BOYS; THE INDIVIDUAL MEMBERS OF THE LUNADA BAY BOYS, including but not limited to SANG LEE, BRANT BLAKEMAN, ALAN JOHNSTON AKA JALIAN JOHNSTON, MICHAEL RAE PAPAYANS, ANGELO FERRARA, FRANK FERRARA, CHARLIE FERRARA, and N. F.; CITY OF PALOS VERDES ESTATES; CHIEF OF POLICE JEFF KEPLEY, in his representative capacity; and DOES 1-10, | Date: June 4, 2018<br>Time: 10:00 a.m.<br>Ctrm.: 10C<br><br>Complaint Filed: March 29, 2016 |
| | Defendants. | |

## I. INTRODUCTION

Like many civil rights proponents in our country's history, Plaintiffs have faced significant opposition by way of threats and belittlement. But, like other civil rights advocates before them, Plaintiffs press forward with their legal theories in this same tradition and in the quest for equality.

Here, Los Angeles County has approximately 75 miles of coastline and Palos Verdes Estates' ("the City") coastline – in particular Lunada Bay – is among the most beautiful. (Dkt. No. 301, PAMF 107.) The record is replete with evidence demonstrating pervasive intimidation and violence at Lunada Bay designed to keep outsiders away. (Dkt. No. 545, at 15 ["Plaintiffs have submitted tomes of evidence regarding the history of localism in Lunada Bay, various incidents that have been reported and publicized over the decades, and the response or lack of response from The City to these incidents."].) And it cannot be disputed that, of Los Angeles County's 88 incorporated cities, the City with a population of about 14,000, is by a large margin among the least densely populated and wealthiest, but also among the least ethnically diverse.[1] Thus, the non-resident visitors (outsiders) for whom Plaintiffs continue to seek coastal access in State Court are people of color, women, and people of lower economic means.

Plaintiffs ask this Court to exercise its discretion to decline taxation of more than $23,000 in costs against them as a non-prevailing party. Without any expectation of great personal gain,[2] Plaintiffs push to make a public beach available

---

[1] http://www.lacounty.gov/government/geography-statistics/statistics/#1481134819146-99b6b31e-ee24; http://ceo.lacounty.gov/forms/09-10%20Cities%20Alpha.pdf; http://maps.latimes.com/neighborhoods/neighborhood/palos-verdes-estates/

[2] The City's reference to class wide damages calculations is wildly misleading, when Plaintiffs' expert valued beach trips at $50 to $80 per person per visit. This is the same amount Plaintiffs would have received.

1  to non-resident visitors.  The Court's use of its discretion to decline taxation of costs
2  is justified because: (1) Plaintiffs assert important civil rights claims; (2) the right to
3  access public beaches is of great importance and concern to the State, the media, and
4  the greater Los Angeles community; (3) this dispute is not over[3]; (4) Plaintiffs'
5  lawsuit has served as a catalyst to change; and (5) the City's motion to pay costs in
6  an ongoing civil rights dispute is intended to quiet Plaintiffs and will scare others
7  from coming forward.

8        Finally, the City's procedural arguments should be disregarded.  The local
9  rules do not restrict the arguments that can be made in a Motion to Retax Costs and
10 Plaintiffs met and conferred with the City, even though it was not required.

11 **II.   ARGUMENT**

12     **A.   Coastal access is an important civil right, which Plaintiffs partially
13           vindicated.**

14       The City misunderstands or misconstrues Plaintiffs' arguments regarding the
15 importance of this civil rights litigation.  In this motion, Plaintiffs have described the
16 historical racial discrimination in coastal access, and contend that Defendants'
17 actions in this case are a continuation of that type of discrimination—that the City's
18 public beaches belong to privileged locals only.  Plaintiffs filed this case to open an
19 entire beach, not just to vindicate a personal right.  Defendants have not rebutted the
20 authority that coastal access for non-locals is an important civil right.

21       Moreover, as a result of this civil rights lawsuit, Plaintiffs effected positive
22 change at Lunada Bay.  By filing their lawsuit, Plaintiffs sought injunctive relief at
23 Lunada Bay that included removal of the illegal Rock Fort.  (*See* Dkt. No. 39-2.)  As
24 explained in Plaintiffs' opening memorandum, this litigation forced the City to

---

[3] The Coastal Act Claim against the City remains to be decided in state court because the City requested, and this Court ordered, that this claim be heard in state court.

remove the Rock Fort. (Dkt. No. 581-1, at 9-10.) Moreover, after the lawsuit was filed, the City took other actions to address localism at Lunada Bay. (*Id.*, at 10-11.)[4]

### B. A cost award to the City is premature because the Coastal Act Claim remains to be decided.

The City wrongly argues that "[t]he outcome of the state-court action has no bearing on an award of costs in this action" and that there "is no authority for the 'wait and see' approach to awarding costs that Plaintiff mistakenly advocate." (Dkt. No. 582, at 4:20-22, 5:3-5). But in *Callicrate v. Farmland Industries, Inc.*, the appellate court reversed the district court and held that the cost award should be vacated because the controversy was still "in active litigation in the state court." 139 F.3d 1336, 1342 (10th Cir. 1998). It further held that "[s]ince the merits of the controversy between Callicrate and Co–Op (Grinnell) is undecided, the determination below that Co–Op should recover costs incurred respecting the merits of the feed supplement controversy is speculative and premature." *Id.*

Although *Callicrate* was decided under 28 U.S.C. § 1919, which addresses "just costs" after a dismissal for lack of jurisdiction, it is instructive for this case where the merits of the dispute are similarly "undecided." As noted, Plaintiffs' Coastal Act Claim (initiated by Plaintiffs in this Court) remains to be litigated in State Court after this Court abstained from hearing it under *Burford v. Sun Oil Comp.*, 319 U.S. 315 (1943). Dismissal for lack of jurisdiction is similar to an abstention under *Burford* insofar as both involve dismissal without disposition on the merits to allow resolution in state court. Therefore, as in *Callicrate*, an award of

---

[4] The City' numerous voluntary actions belie their contention that they easily defeated Plaintiffs' claims. Indeed, their actions suggest they are concerned with potential liability on the Coastal Act Claim. In some cases, a defendant's voluntary actions to moot a dispute can result in taxes being assessed **against the defendant**. *See, e.g.*, *Black Hills Alliance v. Regional Forester*, 526 F.Supp. 257 (D. S.D. 1981).

costs to the City at this juncture would be speculative and premature.  *See also Otay Land Co. v. United Enterprises Ltd.*, 672 F.3d 1152, 1160 (9th Cir. 2012) ("the existence of parallel state litigation may factor into a district court's determination of just costs" under § 1919); *Plata v. Darbun Enterprises, Inc.*, 2010 WL 3184298, at *5 (S.D. Cal. August 11, 2010) ("the Court finds these costs should be determined at the end of the new action.").

Although the City prevailed on the Equal Protection Claim, it is likely to lose on the Coastal Act claim, in which case Plaintiffs should be deemed the prevailing party overall.  This Court should follow *Callicrate* and its progeny and defer taxing of costs to the State Court.

### C. Defendants' procedural arguments fail as a matter of law.

#### 1. *The local rules do not restrict the arguments that can be made in a Motion to Retax Costs.*

The City incorrectly posits that Plaintiffs' arguments and evidence in its Motion to Retax must have been previously raised in their Objections to the Application to Tax Costs.  But this suggestion was recently rejected by this Court in *PSM Holding Corp. v. National Farm Financial Corp.*, where the district court held: "the Local Rules do not preclude the court from considering arguments raised by the parties [in a Motion to Retax] regarding the record."  2015 WL 11251950, at *3, n. 21 (C.D. Cal. July 14, 2015) (vacated on other grounds at *PSM Holding Corp. v. National Farm Financial Corp.*, 884 F.3d 812 (9th Cir. 2018)).  The Court in *PSM Holding Corp.* explained that, "while the court limits its review of the clerk's determination to defendants' application to tax costs… it will consider the arguments raised in the parties' briefs on the motion to retax costs."  (*Id.*)  Moreover, it makes little sense to require litigants to present all legal arguments and supporting facts (particularly as to equitable legal arguments) to the Clerk, who has no authority to rule on such arguments.

1    The City' sole authority is not to the contrary.  In *Memory Lane, Inc. v. Classmates International, Inc.*, a prevailing defendant attempted to support the costs identified in its Application to Tax Costs with new evidence in its opposition to the Motion to Retax.  2014 WL 12617383, at *3 (C.D. Cal. July 25, 2014).  Although the Court referenced the limitation of the review under L.R. 54-8, it then proceeded to substantively analyze the purported new evidence.  *Id.*

Regardless, Plaintiffs' arguments in this Motion to Retax were presented in Plaintiffs' Objection to Defendants' Application to the Clerk to Tax Costs ("Objections").  (Dkt. No. 557, at 1:23-24,  2:3-4, and 2:18-19.)

### 2. *Meeting and conferring is not necessary in a Motion to Retax, but Plaintiffs did so in good faith regardless.*

Oddly, the City both concedes that Plaintiffs met and conferred regarding the substance of this motion and also argues that Plaintiffs failed to meet and confer.  In any event, the meet-and-confer requirement "seems inapplicable where, as here, a party only has seven days file the motion in the first place[]." *Mulligan v. Yang*, 2017 WL 826909, at *1 (C.D. Cal. March 2, 2017).  And in any event, the parties discussed the substance of this motion on two separate occasions.  (Dkt. No. 582, at 14:27-15:2; Dkt. No. 582-1, at ¶ 3.)

## III. CONCLUSION

Plaintiffs ask this Court to exercise its discretion and decline the City's cost award in light of the important – and unresolved – civil rights issues here.

DATED:  May 21, 2018                    HANSON BRIDGETT LLP

                                        By:    */s/ Russell C. Petersen*
                                        RUSSELL C. PETERSEN
                                        Attorney for Plaintiffs